QUINN EMANUEL URQUHART & SULLIVAN, LLP

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Thao Thai (CA Bar No. 324672)
thaothai@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

William A. Burck (admitted *pro hac vice*)
williamburck@quinnemanuel.com
Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Attorneys for Defendant Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, and WILLIAM BYATT, individually and on behalf of all similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC and ALPHABET, INC.,<br><br>    Defendants. | Case No. 5:20-cv-03664-LHK<br><br>**DEFENDANT GOOGLE'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY**<br><br>The Honorable Lucy H. Koh<br>Courtroom 8 – 4th Floor<br>Date:    December 4, 2020<br>Time:    1:30 p.m. |

**NOTICE OF MOTION AND MOTION TO STAY DISCOVERY**

To all parties and their attorney(s) of record: Please take notice that, on December 4, 2020 at 1:30 p.m. the undersigned will appear before the Honorable Lucy H. Koh of the United States District Court for the Northern District of California at the San Jose Courthouse, Courtroom 8, 4th Floor, 280 South 1st Street, San Jose, CA 95113, and shall then and there present Defendant Google's Motion to Stay Discovery Pending Ruling on Motion to Dismiss. Google makes this motion pursuant to the Court's inherent authority to control discovery, as well as *Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988), *Jarvis v. Regan*, 833 F.2d 149 (9th Cir. 1987), *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369 (N.D. Cal. Apr. 10, 2020), and associated case law.

Google's motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, the pleadings and other papers on file in this action, and such further evidence and argument as may be presented at or before a hearing on the motion.

DATED: August 20, 2020          Respectfully submitted,

                                QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                By      */s/ Andrew H. Schapiro*
                                    Andrew H. Schapiro
                                    Attorneys for Defendant Google

**TABLE OF CONTENTS**

<u>Page</u>

I.   BACKGROUND ............................................................................................................. 1

II.  ARGUMENT ................................................................................................................. 2

    A.   The Court Has Authority to Stay Discovery Pending Resolution of Google's Motion to Dismiss ............................................................................................. 2

    B.   A Stay of Discovery Is Warranted ................................................................... 3

        1.   Google's Motion to Dismiss Is Potentially Dispositive of Plaintiffs' Case ....................................................................................................... 4

        2.   Google's Motion to Dismiss Can Be Decided Without Any Discovery ............................................................................................. 6

III. CONCLUSION ............................................................................................................. 7

# TABLE OF AUTHORITIES

**Page**

### Cases

*In re Nexus 6p Prod. Liab. Litig.*,
  2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) .................................................................. 4, 6, 7

*Al Otro Lado, Inc. v. Nielsen*,
  2018 WL 679483 (S.D. Cal. Jan. 31, 2018) ..................................................................... 4, 5, 7

*Camacho v. United States*,
  2014 WL 12026059 (S.D. Cal. Aug. 15, 2014) ...................................................................... 4

*Cellwitch, Inc. v. Tile, Inc.*,
  2019 WL 5394848 (N.D. Cal. Oct. 22, 2019) ................................................................. 4, 6, 7

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
  192 F.R.D. 284 (S.D. Cal. 2000) ........................................................................................ 4, 5

*Hall v. Tilton*,
  2010 WL 539679 (N.D. Cal. Feb. 9, 2010) ............................................................................ 4

*Holder v. Holder*,
  305 F.3d 854 (9th Cir. 2002) .................................................................................................. 2

*In re Netflix Antitrust Litig.*,
  506 F. Supp. 2d 308 (N.D. Cal. 2007) .................................................................................... 3

*Jarvis v. Regan*,
  833 F.2d 149 (9th Cir. 1987) .............................................................................................. 3, 7

*Little v. City of Seattle*,
  863 F.2d 681 (9th Cir. 1988) .................................................................................................. 3

*Micron Tech., Inc. v. United Microelectronics Corp.*,
  2018 WL 7288018 (N.D. Cal. Mar. 16, 2018) ....................................................................... 4

*Quezambra v. United Domestic Workers of Am. AFSCME Local 3930*,
  2019 WL 8108745 (C.D. Cal. Nov. 14, 2019) .................................................................... 3, 4

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
  2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) ................................................................ *passim*

*Suarez v. Beard*,
  2016 WL 10674069 (N.D. Cal. Nov. 21, 2016) ..................................................................... 4

*Yiren Huang v. Futurewei Techs., Inc.*,
  2018 WL 1993503 (N.D. Cal. Apr. 27, 2018) ................................................................ 3, 4, 7

### Statutes

Cal. Civ. Code §§ 1770, *et seq.* ....................................................................................................... 2

Cal Bus. & Prof. Code §§ 17200, *et seq.* ........................................................................................ 2

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 3, 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

Concurrent with this motion, Google has filed a motion to dismiss Plaintiffs' complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). Dkt. 53. Google respectfully requests that the Court stay discovery until it has ruled on the Motion. As explained below, Ninth Circuit and District Court authority makes clear that good cause for a stay of discovery exists where, as here, the Motion is potentially dispositive of Plaintiffs' case and can be decided as a matter of law without the need for discovery.

## I.  BACKGROUND

Plaintiffs are Google account holders and have been users of Google's Chrome web browser since at least June 2016. Compl. ¶ 8. On June 2, 2020, Plaintiffs filed a class action complaint alleging that Google used code installed on third-party websites for the purposes of providing Google's Analytics and Ad Manager services to "intercept" various forms of data generated by Plaintiffs' activity on those sites (such as IP addresses and the URLs of the pages that they viewed) while they used Chrome in "private browsing" (a.k.a. "Incognito") mode. *Id.* ¶ 4. Although Google's Privacy Policy—to which Plaintiffs consented when they signed up for their Google accounts—clearly disclosed that Google ordinarily receives such data from services like Analytics and Ad Manager, Plaintiffs claim that other sections of Google's Privacy Policy regarding private browsing, and similar pages to which the Privacy Policy linked, somehow led Plaintiffs to believe that turning on Incognito mode would prevent Google from receiving the data. All of Plaintiffs' claims—for violation of the federal Wiretap Act, 18 U.S.C. §§ 2510 *et seq.* (Count I), California's Invasion of Privacy Act ("CIPA"), California Penal Code §§ 630, *et seq.* (Count II), the California Constitutional right to privacy (Count III), and the common law tort of intrusion upon seclusion (Count IV)—depend on the Court adopting Plaintiffs' interpretation of Google's private browsing disclosures.

On August 20, 2020, Google filed a motion to dismiss *all* of Plaintiffs' claims pursuant to Rule 12(b)(6). Dkt. 53. The Motion is based on the fact that Google's private browsing disclosures—including the pop-up screen shown to Chrome users *each time* they turn on Incognito mode—make clear that private browsing serves a far more limited purpose than Plaintiffs allegedly believed. Specifically, Google's disclosures explain that private browsing prevents "other people who use this

device [from] see[ing] your activity," and although "Chrome won't save … [y]our browsing history [or] [c]ookies and site data" after the user closes a private browsing/Incognito session, the user's activity "might still be visible to," among others, "Websites you visit." Dkt. 53, at 7, 8, 9. Google's private browsing disclosures do *not* say or suggest that turning on private browsing will prevent Google from receiving any of the basic data that Google receives in order to provide its Analytics and Ad Manager services to third-party websites. The Motion argues that all four of Plaintiffs' claims may be dismissed on this basis alone, or, alternatively, on the basis of one or more of the numerous other pleading defects identified in the Motion, including that all of Plaintiffs' claims are barred by the applicable one- to two-year statutes of limitations.

## II.    ARGUMENT

Discovery is premature until the Court has decided the pending motion to dismiss. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R.Civ.P.12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557-60 (2007) (plaintiff with "largely groundless claim" should not "be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value") (citation and internal quotations omitted). Google's Motion identifies numerous pleading defects that require dismissal of all claims asserted in Plaintiffs' Complaint, and can be decided as a matter of law without any discovery. There is no prejudice to Plaintiffs if discovery does not proceed until after the Court determines whether or not Plaintiffs can state a claim. Accordingly, the Court should stay discovery while Google's Motion is pending.

### A.    The Court Has Authority to Stay Discovery Pending Resolution of Google's Motion to Dismiss

District courts have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), which includes the discretion "to stay discovery pending the resolution of a potentially dispositive motion, including a motion to dismiss." *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007). A stay is appropriate where discovery is "not required to address the issues raised by defendants' motions to dismiss." *Jarvis v. Regan*, 833 F.2d 149, 155 (9th

Cir. 1987). "Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion." *Id.* When a motion to dismiss does "not raise factual issues that require[] discovery for their resolution, [a] district court [does] not abuse its discretion in staying discovery pending a hearing on the motion to dismiss." *Id.* "The purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery." *Quezambra v. United Domestic Workers of Am. AFSCME Local 3930*, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019) (citation and quotation omitted) (staying discovery pending motion to dismiss).

Courts in this district routinely stay discovery pending motions to dismiss. *See, e.g.*, *Brodsky v. Apple Inc.*, No. 19-cv-00712-LHK, ECF No. 36 (N.D. Cal. May 16, 2019) (Koh, J.) ("Order Continuing Case Management Conference And Staying Discovery" pending ruling on Rule 12(b)(6) motion to dismiss); *see also Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *4 (N.D. Cal. Apr. 10, 2020); *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019); *Yiren Huang v. Futurewei Techs., Inc.*, 2018 WL 1993503, at *4 (N.D. Cal. Apr. 27, 2018); *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017); *Suarez v. Beard*, 2016 WL 10674069, at *2 (N.D. Cal. Nov. 21, 2016).

### B.  A Stay of Discovery Is Warranted

Federal courts in California apply a two-pronged test to determine whether good cause exists to stay discovery pending resolution of a motion to dismiss: (1) the pending motion must be "*potentially* dispositive of the entire case, or at least dispositive on the issue at which discovery is directed," and (2) the court must be able to decide the pending motion "absent additional discovery." *Reveal Chat Holdco*, 2020 WL 2843369 at *2 (collecting cases, emphasis added) (staying discovery pending motion to dismiss).

In applying this two-factor test, the court "must take a 'preliminary peek' at the merits of the pending motion [to dismiss] to assess whether a stay is warranted." *Id.* (citation omitted). In conducting this "preliminary peek," the court does not "conduct[] a detailed evaluation of the merits [of the motion to dismiss]," but rather, simply checks to "see if on its face there appears to be an immediate and clear *possibility* that [the motion] will be granted." *Al Otro Lado, Inc. v. Nielsen*, 2018

WL 679483 at *2 (S.D. Cal. Jan. 31, 2018) (emphasis added).  A defendant's motion to dismiss has a "clear possibility" of being granted when it "is nearly below but does not necessarily exceed a fifty percent chance of success."  *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 287 (S.D. Cal. 2000) (staying discovery pending dispositive motion).

Where these two prongs are met, a stay of discovery is appropriate because it "furthers the goal of efficiency for the court and the litigants" and does not prejudice the plaintiff.  *Yiren Huang*, 2018 WL 1993503 at *4; *see also Cellwitch*, 2019 WL 5394848 at *2 (finding stay of discovery pending motion to dismiss "[i]n the interest of judicial efficiency" and appropriate to "conserv[e] the Court's resources").  This is because a stay of discovery pending a motion to dismiss "allows all parties to commence discovery with a better understanding of which claims, if any, they must answer."  *Reveal Chat Holdco*, 2020 WL 2843369 at *4.

A stay of discovery is appropriate here because both prongs are met.

### 1. Google's Motion to Dismiss Is Potentially Dispositive of Plaintiffs' Case

The first prong of the discovery-stay test is satisfied because Google's Motion sets forth arguments in support of dismissal of *all* of Plaintiffs' claims.  Dkt. 53; *Reveal Chat Holdco*, 2020 WL 2843369 at *3 (staying discovery pending motion to dismiss where motion was "*potentially dispositive of the entire [case]*") (emphasis added).  To obtain a stay of discovery, Google need only show that there is a "clear *possibility*" that its motion to dismiss "*might* be granted."  *Al Otro Lado*, 2018 WL 679483 at *3 (emphases added); *GTE Wireless*, 192 F.R.D. at 287 ("clear possibility" is below "fifty percent chance of success").  The required "preliminary peek" at Google's motion demonstrates the multiple grounds for dismissal of Plaintiffs' Complaint.

*First*, Plaintiffs' wiretapping claims under the federal Wiretap Act, 18 U.S.C. §§ 2511, *et seq.* (Count I), and California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 630, *et seq.* (Count II), and their invasion of privacy claims under the California Constitution (Count III) and the common law doctrine of intrusion upon seclusion (Count IV), should <u>all</u> be dismissed because the parties to the "communications" that Google allegedly "intercepted"—*i.e.*, the Websites and Plaintiffs—consented to Google's receipt of the Data.  The Websites clearly consented:  Plaintiffs allege that the Websites "embedded" Google's Analytics and Ad Manager code for the *purpose* of allowing Google to receive

the Data to provide website analytics and to serve ads.  Compl. ¶¶ 22, 26.  Because only one party's consent is necessary to defeat Plaintiffs' Wiretap Act claim, that claim should be dismissed based on the Websites' consent alone.  Plaintiffs' remaining claims should be dismissed because they too consented to Google's receipt of the Data by consenting to Google's Privacy Policy, which disclosed that Google would receive the Data.  There is no plausible argument that Google's private browsing disclosures negated that consent.  To the contrary, Google's full-page pop-up window reminded users *every time they went Incognito* that private browsing meant simply that their activity would be concealed from other users of that device but would still be visible to a host of third parties.

*Second*, Plaintiffs' Wiretap Act claim should be dismissed because Google received the Data in the ordinary course of business.  The Wiretap Act prohibits only the interception of electronic communications by a "device," 18 U.S.C. § 2511(1), and exempts from the definition of "device" one that is "being used by a provider of wire or electronic communication service in the ordinary course of its business," *id.* § 2510(5)(a)(ii).  The "device" here is the Analytics and Ad Manager "code" that, Plaintiffs allege, the Websites "embed[ed] … into their existing webpage code" in order to transmit the Data to Google so that the Websites could receive Google's Analytics and Ad Manager services.  Compl. ¶¶ 22, 26.  Because Google's code was serving its intended business purpose, it does not constitute an intercepting "device."

*Third*, Plaintiffs' CIPA § 632 claim should be dismissed because, as courts in this district have held, "Internet-based communications are not 'confidential' within the meaning of section 632" given that they are typically recorded and "can easily be shared by … the recipient(s) of the communications." *Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014).

*Fourth*, Plaintiffs' invasion of privacy claims under the California Constitution and the common law should be dismissed because Plaintiffs have alleged neither a reasonable expectation of privacy in the Data nor conduct by Google that even remotely amounts to an egregious breach of social norms, particularly given Plaintiffs failure to allege that Google links the Data with them when they are in private browsing mode.

*Fifth*, all of Plaintiffs' claims should be dismissed because they are barred by the applicable one- or two-year statutes of limitations.  Plaintiffs allege that they signed up for Google accounts more

than four years ago and that Google has engaged in the alleged misconduct ever since. Compl. ¶ 8. Accordingly, their claims are time-barred unless an exception applies. But Plaintiffs' bare assertion that Google misled them and "[t]hey only learned of the truth in the weeks leading up to the filing of this Complaint" (*id.* ¶ 78), is insufficient to warrant application of the discovery rule, equitable tolling, or any similar doctrine. Plaintiffs could not possibly establish that such a doctrine applies given that (1) they consented to Google's receipt of the Data, and (2) they were shown a full-page pop-up screen that explained what private browsing means in Chrome *every time* they went Incognito. Accordingly, all of Plaintiffs' claims are time-barred and should be dismissed with prejudice.

### 2. Google's Motion to Dismiss Can Be Decided Without Any Discovery

The second prong of the discovery-stay test is satisfied because Google's Motion is "based solely on the allegations in the Complaint," as well as documents incorporated by reference and judicially noticeable documents, and "can be decided without additional discovery." *Reveal Chat Holdco*, 2020 WL 2843369 at *3; *Cellwitch*, 2019 WL 5394848 at *2 ("the second prong is met because the Court only needs to look at the pleadings in order to issue a decision about its motion to dismiss"). This weighs heavily in favor of a stay. *See Jarvis*, 833 F.2d at 155 (affirming stay of discovery because "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12(b) motion"); *Al Otro Lado*, 2018 WL 679483 at *3 (staying discovery where the motion to dismiss "turn[ed] entirely on questions of law, the answers to which do not depend on discovery"); *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188 at *2 (staying discovery where "the pending motions to dismiss are fully briefed, and can be decided without additional discovery").

Because discovery is unnecessary to rule on Google's Motion, a stay of discovery would "further[] the goal of efficiency for the court and the litigants" and would not prejudice Plaintiff. *Yiren Huang*, 2018 WL 1993503 at *4. The stay and eventual ruling on Google's Motion would allow Google and Plaintiffs "to commence discovery with a better understanding of which claims, if any, they must answer." *Reveal Chat Holdco*, 2020 WL 2843369 at *4.

Accordingly, the stay should be granted.

## III. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court stay discovery in its entirety until it has ruled on Google's Motion.

DATED: August 20, 2020

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Andrew H. Schapiro*
    Andrew H. Schapiro (admitted *pro hac vice*)
    andrewschapiro@quinnemanuel.com
    191 N. Wacker Drive, Suite 2700
    Chicago, IL 60606
    Telephone: (312) 705-7400
    Facsimile: (312) 705-7401

    Stephen A. Broome (CA Bar No. 314605)
    sb@quinnemanuel.com
    Viola Trebicka (CA Bar No. 269526)
    violatrebicka@quinnemanuel.com
    865 S. Figueroa Street, 10th Floor
    Los Angeles, CA 90017
    Telephone: (213) 443-3000
    Facsimile: (213) 443-3100

    Diane M. Doolittle (CA Bar No. 142046)
    dianedoolittle@quinnemanuel.com
    Thao Thai (CA Bar No. 324672)
    thaothai@quinnemanuel.com
    555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065
    Telephone: (650) 801-5000
    Facsimile: (650) 801-5100

    William A. Burck (admitted *pro hac vice*)
    williamburck@quinnemanuel.com
    Josef Ansorge (admitted *pro hac vice*)
    josefansorge@quinnemanuel.com
    1300 I. Street, N.W., Suite 900
    Washington, D.C. 20005
    Telephone: 202-538-8000
    Facsimile: 202-538-8100

    Jonathan Tse (CA Bar No. 305468)
    jonathantse@quinnemanuel.com
    50 California Street, 22nd Floor
    San Francisco, CA 94111
    Telephone: (415) 875-6600
    Facsimile: (415) 875-6700

1
2   *Attorneys for Defendant* Google LLC
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28