QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant; additional counsel
listed in signature blocks below*

BOIES SCHILLER FLEXNER LLP
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin  (*pro hac vice*)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel
listed in signature blocks below*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, and WILLIAM BYATT, individually and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br> Defendant. | Case No. 5:20-cv-03664-LHK <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Judge: Hon. Lucy H. Koh |

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Federal Rule of Civil Procedure 16, Civil Local Rules 16-9 and 16-10, the Standing Order for All Judges of the Northern District of California, the Court's Order of June 2, 2020 (Dkt. No. 4), and in advance of the Case Management Conference set by the Court for Wednesday, September 9, 2020, at 2:30 p.m., Plaintiffs and Defendant, Google LLC ("Google"), have met and conferred and hereby submit this Joint Case Management Statement and Federal Rule 26(f) Report.  This Joint Case Management Statement follows the parties' Rule 26(f) conference on August 19, 2020.

## I.    JURISDICTION AND SERVICE

The parties agree that this Court has subject matter jurisdiction pursuant to the Federal Wiretap Act, 18 U.S.C. § 2511, and under 28 U.S.C. §§ 1331 and 1367.  There are no issues pending regarding personal jurisdiction.  Google does not plan to contest venue in this district.  Google has been served.

## II.    FACTS

Plaintiffs' Statement:  Plaintiffs allege that, by tracking and collecting consumer browsing history and other web activity data regardless of any safeguards consumers undertake to protect their data privacy (including by using "private browsing mode" and/or Google Incognito), Google has unlawfully and intentionally intercepted and collected individuals' confidential communications, even when those individuals expressly follow Google's recommendations and options specifically presented to prevent the tracking or collection of their personal information and communications. While Google contends that its private browsing disclosures explain that user activity may be visible to the websites users visit, these disclosures do not notify users that Google simultaneously tracks user activity for its own purposes.  Google's actions constitute violations of the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*; the California Invasion of Privacy Act, California Penal Code §§ 631 & 632; California's constitutional right to privacy; intrusion upon seclusion, and potentially other claims.

Google's Statement:  Plaintiffs are Google account holders and have been users of Google's Chrome web browser since at least June 2016.  Compl. ¶ 8.  Plaintiffs allege that proprietary code that third-party websites installed for the purposes of using Google's Analytics and Ad Manager

**JOINT CASE MANAGEMENT STATEMENT**

services was used by Google to "intercept" various forms of data generated by Plaintiffs' activity on those sites (such as IP addresses and the URLs of the pages that they viewed) while they used Chrome in "private browsing" (a.k.a. "Incognito") mode. *Id.* ¶ 4. However, as Google explains in its motion to dismiss filed August 20, 2020, Google's private browsing disclosures—including the pop-up screen shown to Chrome users *each time* they turn on Incognito mode—make clear that private browsing serves a far more limited purpose than Plaintiffs allegedly believed. Specifically, Google's disclosures explain that private browsing prevents "other people who use this device [from] see[ing] your activity," and although "Chrome won't save … [y]our browsing history [or] [c]ookies and site data" after the user closes a private browsing/Incognito session, the user's activity "might still be visible to," among others, "Websites you visit." Dkt. 53, at 7, 8, 9. Contrary to Plaintiffs' allegations, Google's private browsing disclosures do *not* say or suggest that turning on private browsing will prevent Google from receiving any of the basic data that Google receives in order to provide its Analytics and Ad Manager services to third-party websites.

## III.   LEGAL ISSUES

Plaintiffs' Statement:

- Whether Google has unlawfully intercepted Plaintiffs' communications in violation of the Federal Wiretap Act, 18 U.S.C. § 2520(a), by intentionally and without consent tracking and collecting consumer browsing history and other web activity data.

- Whether Google's non-consensual tracking and collecting of consumer browsing history and other web activity data violated sections 631 and 632 of the California Invasion of Privacy Act.

- Whether Google's non-consensual tracking and collecting of consumer browsing history and other web activity data violated Plaintiffs' right to privacy under the California Constitution, Art. 1, § 1.

- Whether Google's non-consensual tracking and collecting of consumer browsing history and other web activity data constitutes an intrusion upon seclusion.

- Whether a class should be certified under Federal Rule of Civil Procedure 23.

Google's Statement:

**JOINT CASE MANAGEMENT STATEMENT**
01980-00174/12316556.2

All of Plaintiffs' claims—for violation of the federal Wiretap Act, 18 U.S.C. §§ 2510 *et seq.* (Count I), California's Invasion of Privacy Act ("CIPA"), California Penal Code §§ 630, *et seq.* (Count II), the California Constitutional right to privacy (Count III), and the common law tort of intrusion upon seclusion (Count IV)—depend on the Court adopting Plaintiffs' unsustainable interpretation of Google's private browsing disclosures.  Therefore, as Google explains in more detail in its motion to dismiss, all four of Plaintiffs' claims may be dismissed on this basis alone. Dkt. 53.  The claims may also be dismissed based on the numerous other pleading defects and defenses identified in the motion to dismiss, including that Plaintiffs have failed to allege the elements of their claims, and that their Complaint makes clear that all of the claims are barred by the applicable one- to two-year statutes of limitations.  *Id.*

## IV.    MOTIONS

### Pending Motions

The parties filed a stipulation of voluntary dismissal of Defendant Alphabet, Inc. without prejudice on August 20, 2020, *see* Dkt. No. 51, which the Court granted on August 24, 2020, *see* Dkt. No. 57.

Google filed a Motion to Dismiss on August 20, 2020.  Per the Court's July 2, 2020 Order Continuing Deadlines, Plaintiffs' response is due on or before September 21, 2020, and Google's reply is due on or before October 13, 2020.

Google also filed a Motion to Stay Discovery on August 20, 2020.  Per the Court's Local rules, Plaintiffs' response is due on or before September 3, 2020, and Google's reply is due on or before September 10, 2020.

### Anticipated Motions

Plaintiffs have indicated that they intend to file an Amended Complaint rather than oppose Google's pending Motion to Dismiss.  Accordingly, Google anticipates it will file a Motion to Dismiss the Amended Complaint.  To the extent any claims survive the Motion to Dismiss, Google anticipates moving for summary judgment, opposing plaintiffs' motion for class certification, and/or filing a motion to deny class certification.

-4-

CASE NO. 5:20-cv-03664-LHK

**JOINT CASE MANAGEMENT STATEMENT**

## V.   AMENDMENT OF PLEADINGS

On August 20, 2020, Google filed its Motion to Dismiss.  Plaintiffs believe the Motion to Dismiss is meritless, but intend to amend their complaint to add additional class representatives, allegations and claims.

## VI.   EVIDENCE PRESERVATION

The parties have agreed to preserve all evidence that may be relevant to this action.  The parties have also reviewed and familiarized themselves with the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), as well as the Northern District of California's Checklist for ESI Meet and Confer.  Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties have discussed generally the preservation of evidence relevant to reasonably evident issues.  The parties anticipate that electronically-stored information ("ESI") will be subject to discovery, and they are actively meeting and conferring for the purposes of developing a joint protocol for the production of ESI.  The parties reasonably anticipate stipulating to a protocol governing ESI discovery in this matter substantially in the form of this Court's Model Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation.

## VII.   DISCLOSURES

The parties conferred pursuant to Rule 26(f) on August 19, 2020, and they have agreed to serve the information required by Fed. R. Civ. P. 26(a)(1) by no later than September 8, 2020.

## VIII.   DISCOVERY

### A.   Discovery Propounded to Date

No discovery has been propounded as part of this litigation to date.

### B.   Timing of Discovery Commencement

Plaintiffs' Statement:  Consistent with other litigations before this Court, Plaintiffs do not believe a complete stay is warranted in this case. Within this district, "a pending motion to dismiss does not typically stay discovery." *Mandel v. Bd. of Trustees of California State Univ.*, No. 17-CV-03511, 2018 WL 1242067, at *24, n. 19 (N.D. Cal. Mar. 9, 2018) (Orrick, J.). As detailed below, discovery should not be stayed at least as to information Google has already collected and produced in other litigations and investigations relevant to this case. Such information has already been

**JOINT CASE MANAGEMENT STATEMENT**

1   collected, reviewed, and processed for production, and thus may be produced easily in this litigation

2   with no marginal burden to Google. Although Plaintiffs are willing to consider staying other

3   discovery pending the Court's resolution of Google's Motion to Dismiss, such a stay will necessarily

4   delay the litigation, further underscoring the impropriety of Google's proposal to bifurcate discovery

5   (*see infra* Section VIII.H).

6          Plaintiffs believe Google should produce to Plaintiffs any documents that Google previously

7   produced to investigating government agencies and regulators concerning the persistent tracking

8   and collection of user data, and Google's presentation of user controls to allegedly limit such

9   collection.   Plaintiffs have requested that Google immediately produce the documents (and

10  associated privilege logs) they provided to and correspondence with government agencies—

11  including domestic and international governmental agencies—in connection with their

12  investigations of Google's data-persistent collection practices involving the technology at issue in

13  this case, and Google's presentation of user controls to allegedly limit such collection.   Such

14  production will be neither burdensome nor costly, as it requires little more than making a copy of

15  the discs or storage devices on which such productions are already contained.   Producing these

16  documents now will avoid unnecessary delay in conducting and may assist Plaintiffs in tailoring

17  their follow-on discovery efforts.   Plaintiffs request that the documents described above—with the

18  exception of any third-party documents the production of which requires notice to such third

19  parties—be provided to Plaintiffs by Google no later than two days after service of its Amended

20  Complaint and the entry of the Protective Order.   Any third-party documents covered by Google's

21  confidentiality obligations to such third parties should be produced promptly following the

22  completion of the notice and objection process that will be outlined in the Protective Order.

23         Plaintiffs have requested and believe Google should produce unsealed versions of the State

24  of Arizona's complaint against Google in *State of Arizona ex rel. Mark Brnovich, Attorney General*

25  *v. Google LLC*, No. CV 2020-006219 (Ariz. Superior Ct. 2020), within two days following  service

26  of its Amended Complaint and the entry of the Protective Order.   To the extent any third-party

27  information in these pleadings is covered by Google's confidentiality obligations to such third-

28

-6-

**JOINT CASE MANAGEMENT STATEMENT**

1   parties, this information should be provided promptly following the completion of a notice and

2   objection process that will be outlined in the Protective Order.

3       Google's sentences beginning "Focusing initial discovery on class certification issues…"

4   and "As Google explained to Plaintiffs in the parties first meet and confer" were added at 9:40 pm

5   and 11:25 pm, respectively, the day of the filing. Plaintiffs disagree factually and legally with

6   Google's statements and reserve the right to address those issues at the appropriate time.

7       <u>Google's Statement:</u>  Plaintiffs have indicated that, rather than oppose Google's August 20,

8   2020 Motion to Dismiss the original Complaint, they intend to file an Amended Complaint "to add

9   additional class representatives, allegations and claims."  But despite that (1) Plaintiffs' allegations

10  and claims are about to be superseded, and (2) Google has filed a Motion to Stay Discovery until

11  the Court decides which (if any) of the claims Plaintiffs eventually assert states a claim for relief,

12  Plaintiffs have indicated that they intend to soon serve Google with far-reaching discovery requests,

13  including, *inter alia*, a request for "any documents that Google previously produced to investigating

14  government agencies and regulators [both "domestic and international"] concerning the persistent

15  tracking and collection of user data, and Google's presentation of user controls to allegedly limit

16  such collection."

17      Although Google will consider a narrower and more targeted request for documents

18  produced in response to investigations or litigations that may be relevant to the issues in this case at

19  the appropriate time, this request is premature now.  "At the pre-certification stage, discovery in a

20  putative class action is generally limited to certification issues: e.g. the number of class members,

21  the existence of common questions, the typicality of claims, and the representative's ability to

22  represent the class." *Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625, 628 (C.D. Cal. 2011) (citing

23  *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978));

24  *Vallabharapurapu v. Burger King Corp.*, 276 F.R.D. 611, 615 (N.D. Cal. 2011) ("Although pre-

25  certification discovery is discretionary, courts generally permit such discovery if it would

26  substantiate the class allegations or if plaintiff makes a prima facie showing that the requirements

27  of Rule 23 are satisfied."); *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006) ("Prior to

28  certification of a class action, discovery is generally limited and in the discretion of the court.").  As

-7-

**JOINT CASE MANAGEMENT STATEMENT**

CASE NO. 5:20-cv-03664-LHK

1  Google explained to Plaintiffs in the parties first meet and confer, there are significant hurdles to

2  certifying the putative class in this action.  Focusing initial discovery on class certification issues is

3  particularly appropriate here, where it is unclear how Plaintiffs could ascertain the members of the

4  proposed class, and there are likely substantial hurdles to establishing typicality and commonality,

5  including that many users likely did not misinterpret Google's private browsing disclosures in the

6  manner Plaintiffs allege they did.

7          Moreover, as currently phrased, Plaintiffs request purports to cover Google's interactions

8  with government agencies around the world and is therefore too broad because it goes well beyond

9  the disclosures, practices, and technologies at issue on the merits of the case.  The only specific

10 example of such documents that Plaintiffs cite proves this point:  Plaintiffs seek the unsealed version

11 of the Arizona Attorney General's complaint against Google in *State of Arizona ex rel. Mark*

12 *Brnovich, Attorney General v. Google LLC*, No. CV 2020-006219 (Ariz. Superior Ct. 2020), which

13 has nothing to do with the claims that Plaintiffs have asserted so far.  Unlike this case, in which

14 Plaintiffs' assert wiretapping and invasion of privacy claims based on Google's alleged receipt of

15 "browsing history" and other data generated while users interact with its services on third-party

16 websites while using the Chrome browser's private browsing (or "Incognito") mode, the Arizona

17 Attorney General's lawsuit concerns Google's disclosures and practices relating to the collection

18 and use of geolocation data for advertising.  Plaintiffs do not base any of their claims on allegations

19 about Google's disclosures regarding geolocation data.  Plaintiffs' demand for far-reaching and

20 irrelevant discovery before the Court has even decided if their Complaint will survive a motion to

21 dismiss demonstrates why discovery should be stayed in the interim.  *See Irving Firemen's Relief &*

22 *Ret. Fund v. Uber Techs.*, 2018 WL 4181954, at *9 (N.D. Cal. Aug. 31, 2018) ("Allowing further

23 discovery in the absence of a well-pleaded complaint also risks unnecessarily expending the

24 resources of the Court and the parties.").

25          Plaintiffs' assertion that it is "neither burdensome nor costly" for Google to provide Plaintiffs

26 productions from various litigations and investigations "concerning the persistent tracking and

27 collection of user data" is unsupported.  Plaintiffs seek *all* documents Google has *ever* produced in

28 response to an unidentified number of investigations and litigations related to alleged collection of

**JOINT CASE MANAGEMENT STATEMENT**

1  user data *anywhere* in the globe.  Google's current counsel would have to review this voluminous

2  collection of documents and determine whether there are any additional privilege or confidentiality

3  issues in producing them to private plaintiffs (as opposed to government agencies).  Given that

4  Plaintiffs' sweeping request is not tethered to their allegations and claims, such a request is

5  burdensome on its face and premature at this point.

6      **C.**       **Scope of Anticipated Discovery**

7      <u>Plaintiffs' Statement:</u>  Plaintiffs will seek documentary and testimonial discovery from

8  Google regarding, among other things, how Google intercepts, tracks, collects, stores, and uses

9  consumer browsing history and other web activity data, including Google source code; Google's

10  monetization of user data, including through aggregation and analysis of consumer browsing and

11  other web activity data; the websites that implement and use Google products such as Google

12  Analytics, Google Ad Manager, and various other application and website plug-ins, such as Google

13  applications on mobile devices and the "Google Sign-In button"; and Google's revenues, profits,

14  and other benefits from the alleged conduct.

15      Plaintiffs also intend to seek documentary and testimonial discovery from non-parties,

16  including Google's current and former customers and users of Google products including Analytics,

17  Google Ad Manager, and various other application and website plug-ins, such as Google

18  applications on mobile devices and the "Google Sign-In button" for websites.

19      <u>Google's Statement:</u>  The subject of Google's discovery may include Plaintiffs' alleged use

20  of Chrome in Incognito mode, Plaintiffs' consent to any alleged tracking of information by Google,

21  Plaintiffs' consent to any alleged use of that information by Google, Plaintiffs' sharing of the type

22  of data at issue in this case with other online services or applications, the nature of any damages or

23  harm alleged by Plaintiffs, and issues related to class certification, among other things.

24      **D.**       **Protective Order**

25      On September 1, 2020, Google sent Plaintiffs a draft proposed Protective Order.  The parties

26  are discussing Google's draft and anticipate providing an update to the Court at the September 9,

27  2020 conference.

28

    CASE NO. 5:20-cv-03664-LHK

**JOINT CASE MANAGEMENT STATEMENT**

**E.      Proposed Limitations or Modifications to the Discovery Rules**

*Depositions.*

Plaintiffs' Statement:  Given the complexity of the case, Plaintiffs believe it is possible that more than 10 depositions may be necessary.  Plaintiffs will review discovery, focus their deposition practice, and should they anticipate a need to depart from the 10 deposition presumption limit, they will confer with Google in good faith.

Google's Statement:   Google believes that this case does not justify departing from the limitation on the number of depositions set forth in Rule 30(a)(2), and Plaintiffs have articulated no reason or ground to the contrary.

*Document Subpoenas to Non-Parties.*  The parties agree as follows with respect to non-parties producing materials in response to Fed. R. Civ. P. 45 document subpoenas in this action: The issuing party shall request that non-parties simultaneously produce materials to both Plaintiffs and Google.  If, notwithstanding such request, the non-party does not produce the materials to both sides, the issuing party shall provide a copy of all materials to the other side within three business days after receipt of the materials from the non-party, subject to any limitations in the Protective Order.  If a party modifies or extends the time to respond to a Fed. R. Civ. P. 45 document subpoena (whether orally or in writing), it shall simultaneously notify the other party of that that extension, modification, or explanation, including providing copies of any written agreements regarding modification or extension.

*Authenticity Presumptions.*  Documents produced by the parties in response to document requests in this action shall be presumed to be authentic within the meaning of Fed. R. Evid. 901.  If a party serves a specific good-faith written objection to the authenticity of a document that it did not produce from its files, the presumption of authenticity will no longer apply to that document.  Any objection to a document's authenticity must be provided with (or prior to) the exchange of objections to trial exhibits.  The parties will promptly meet and confer to attempt to resolve any objections.  The Court will resolve any objections that are not resolved through this means or through the discovery process.

**JOINT CASE MANAGEMENT STATEMENT**

*Expert Discovery*.  The parties agree that expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein.  Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials: (i) any form of communication or work product shared between any of the parties' outside litigation counsel and such party's expert(s) or consultant(s), or between any of such party's experts or consultants themselves; (ii) any form of communication or work product shared between an expert and persons assisting the expert; (iii) expert's notes, unless they are expressly relied upon and/or cited in support of an opinion or fact; or (iv) drafts of expert reports, analyses, or other work product.  The parties shall disclose the following materials in connection with all expert reports: (a) a list by Bates number of all documents relied upon by the testifying expert(s); (b) copies of any materials relied upon by the expert not previously produced or otherwise generally available; (c) for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files; and (d) information regarding all compensation to be paid for the study and testimony in the case.

*Service*.  Service of any documents not filed via ECF, including pleadings, discovery requests, subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by email to all attorneys for the receiving party; the parties will provide each with "service lists" that can be used to serve documents.  Service by email will be treated as service by U.S. mail.  Where voluminous documents are not practicably transmitted by email, the Parties further agree to accept service by other reasonable and mutually agreed electronic means so long as the sender provides sufficient instructions on how to access the documents, and confidential information is secure.  The Parties further agree that a document is deemed served on a particular day if it (or an email providing access to it) is received by 11:59 p.m. Pacific Time on that calendar day.

01980-00174/12316556.2

**JOINT CASE MANAGEMENT STATEMENT**

**F.      Report on Planned Stipulated E-Discovery Order**

On September 1, 2020, Google sent Plaintiffs a draft proposed Stipulated Electronically Store Information (ESI) Protocol.  The parties are discussing Google's draft and anticipate providing an update to the Court at the September 9, 2020 conference.

**G.      Proposed Discovery Plan**

The parties' respective proposals regarding the timing of discovery are set forth in Section XVII (Proposed Case Schedule) below.

**H.      Current Discovery Disputes**

<u>Plaintiffs' Statement</u>:   Google filed its Motion to Stay Discovery pending this Court's decision on its Motion to Dismiss.  Plaintiffs strongly oppose this request as explained above in Section VII.A *supra*.

Google also contends discovery in this case should be bifurcated into phases, first focusing on class discovery, then turning to merits discovery. Plaintiffs strongly oppose this request and believe the case should proceed as typical class action litigation proceeds in this Court: with merits and class certification discovery proceeding in tandem. Moreover, Google has provided neither legal nor practical justifications for phased discovery, nor has it identified discrete issues, divorced from the underlying merits, that it contends are the only issues necessary to resolve any dispute it may have concerning the certifiability of Plaintiffs' proposed classes. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33–34 (2013) (class certification inquiry "will frequently entail overlap with the merits of the plaintiff's underlying claim"); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (class certification analysis frequently "entail[s] some overlap with the merits of the plaintiff's underlying claim" because the "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action"); *Ho v. Ernst & Young, LLP*, No. C05-04867 JF (HRL), 2007 WL 1394007, at *2 (N.D. Cal. May 9, 2007) (discovery sought is "relevant to both the merits and class certification"); *Goldman, Sachs & Co.*, 285 F.R.D. 294, 299-300 (S.D.N.Y. 2012) (collecting cases and noting that courts "are reluctant to bifurcate class-related discovery from discovery on the merits"). Google also has not offered a meaningful proposal for

**JOINT CASE MANAGEMENT STATEMENT**

1  phasing discovery in such a way that will not substantially delay resolution of Plaintiffs' claims at

2  trial.

3       Google's Statement:  Google believes that discovery should be stayed through the motion to

4  dismiss stage and until the Court has resolved whether Plaintiffs can state a claim for relief, given

5  that their core theory of liability is rebutted by Google's disclosures, and for the other reasons

6  explained in Google's Motion to Stay.  *See* Dkt. No. 56.

7       Although Google has not formally moved for or proposed bifurcation of discovery, "[a]t the

8  pre-certification stage, discovery in a putative class action is generally limited to certification issues:

9  e.g. the number of class members, the existence of common questions, the typicality of claims, and

10  the representative's ability to represent the class."  *Dysthe v. Basic Research, L.L .C.*, 273 F.R.D.

11  625, 628 (C.D. Cal. 2011) (citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 98 S.Ct. 2380,

12  57 L.Ed.2d 253 (1978)); *Vallabharpurapu v. Burger King Corp.*, 276 F.R.D. 611, 615 (N.D. Cal.

13  2011) ("Although pre-certification discovery is discretionary, courts generally permit such

14  discovery if it would substantiate the class allegations or if plaintiff makes a prima facie showing

15  that the requirements of Rule 23 are satisfied."); *see also Vinole v. Countrywide Home Loans, Inc.,*

16  571 F.3d 935, 942 (9th Cir. 2009) (pre-certification discovery lies within the trial court's discretion);

17  *Tracy v. Dean Witter Reynolds,* 185 F.R.D. 303, 304 (D.Co. 1998) (although some discovery is

18  necessary prior to determination of class certification, such discovery may be subject to limitations

19  within the sound discretion of the court).  The presumption, therefore, is that, before the Court

20  certifies a class, discovery is generally confined to issues related to class certification to the extent

21  possible.  The exact contours of such discovery can be ascertained once the discovery period starts.

22  **IX.    CLASS ACTIONS**

23       The parties have reviewed the Procedural Guidance for Class Action Settlements.

24       Plaintiffs' Statement:  Plaintiffs propose that a class be certified pursuant to Federal Rules

25  of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and/or 23(c)(4), and intend to file a motion for class

26  certification on a schedule to be set by the Court for the following classes:

27       • Class 1 – All Android device owners who viewed a website page containing Google
            Analytics or Ad Manager using such a device, and who were (a) in "private browsing
28          mode" on that device's browser, and (b) did not log into their Google account on that

-13-

device's browser during that session, but whose communications, including identifying information and online browsing history, Defendant Google nevertheless intercepted, received, or collected from June 1, 2016 through the present (the "Class Period").

- Class 2 – All individuals with a Google account who accessed a website page containing Google Analytics or Ad Manager using any non-android device, and who were (a) in "private browsing mode" in that device's browser, and (b) did not log into their Google account on that device's web browser during that session, but whose communications, including identifying information and online browsing history, Defendant Google nevertheless intercepted, received, or collected from June 1, 2016 through the present (the "Class Period")

Excluded from the classes are: (1) the Court (including any Judge or Magistrate presiding over this action and any members of their families); (2) Google, its subsidiaries, parents, predecessors, successors and assigns, including any entity in which any of them have a controlling interest and its officers, directors, employees, affiliates, legal representatives; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel, Class counsel and Google's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

Plaintiffs contend the classes meet all of the requirements set forth in Rule 23. Plaintiffs' claims are typical of the claims of all other members of the proposed classes because they were uniformly affected by Google's wrongful conduct in violation of federal and state law. Plaintiffs will fairly and adequately protect the interests of the members of the proposed classes, as they have retained counsel who are competent and experienced in class litigation, including nationwide class actions and privacy violations. Plaintiffs and their counsel have no interests that conflict with, or are otherwise antagonistic to the interests of the members of the proposed classes, they are committed and have the resources to vigorously prosecute this action on behalf of the members of the proposed classes. Plaintiffs also contend a class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the proposed classes is impracticable. The proposed class action presents fewer management difficulties than individual litigation, and provides the benefits of a single adjudication, economies of scales, and

**JOINT CASE MANAGEMENT STATEMENT**

comprehensive supervision by this qualified Court. Furthermore, as the damages individual members of the proposed classes have suffered may be relatively small, the expense and burden of individual litigation make it impossible for members of the proposed classes to individually redress the wrongs done to them through Google's conduct.

Google's Terms of Service also compel application of California law, which states "California law will govern all disputes arising out of or relating to the[] terms, service specific additional terms, or any related services, regardless of conflict of laws rules. These disputes will be resolved exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in those courts."  By choosing California law for the resolution of disputes covered by its Terms of Service, Google concedes that it is appropriate for this Court to apply California law to the instant dispute.

Further, California's substantive laws may be constitutionally applied to the claims of Plaintiffs and the proposed classes under the Due Process Clause, *see* U.S. CONST. amend. XIV, § 1, and the Full Faith and Credit Clause, *see* U.S. CONST. art. IV, § 1, of the U.S. Constitution. California has significant contact, or significant aggregation of contacts, to the claims asserted by Plaintiffs and all members of the proposed classes, thereby creating state interests that ensure that the choice of California state law is not arbitrary or unfair.  Google's decision to reside in California and avail itself of California's laws, and to engage in the challenged conduct from and emanating out of California, renders the application of California law to the claims herein constitutionally permissible.  The application of California laws to the proposed classes is also appropriate under California's choice of law rules because California has significant contacts to the claims of Plaintiffs and the proposed classes, and California has a greatest interest in applying its laws here.

Google's Statement:  Google does not believe that this action is suitable for class treatment and will oppose Plaintiffs' motion for class certification and/or move to deny class certification because Plaintiffs cannot satisfy the requirements of Rule 23.

## X.   RELATED CASES

On August 4, 2020, the Honorable Beth Labson Freeman, United States District Judge for the Northern District of California, San Jose Division, ordered that *Calhoun v. Google LLC*, No.

-15-

5:20-cv-05146-BLF (N.D. Cal.) ("*Calhoun*"), be referred to this Court to determine whether it is related to this litigation.  ECF No. 45.  On August 5, 2020, this Court found *Calhoun* related to this litigation and directed the Clerk of Court to reassign the matter to this Court.  ECF No. 46.

Counsel for Plaintiffs, Google, and *Calhoun* have met and conferred and respectfully submit that while this matter and *Calhoun* are related, the respective cases should not be consolidated at this time. Counsel for Plaintiffs, Google, and *Calhoun* will work cooperatively to achieve efficiencies and judicial economies, including avoiding duplicative discovery, and will advise the Court of any agreements for the joint protection of evidence potentially shared between this litigation and *Calhoun*.

## XI.    RELIEF

Plaintiffs' Statement:

Plaintiffs, on behalf of themselves and all others similarly situated, seek damages to the maximum extent authorized by applicable federal and state law, including punitive damages, disgorgement of profits, and restitution. Plaintiffs also seek injunctive and declaratory relief, as well as attorneys' fees and costs.

Google's Statement:

Google denies that Plaintiffs are entitled to any relief.

## XII.    SETTLEMENT AND ADR

No settlement discussions have taken place. Pursuant to ADR Local Rule 3-5 and Civil Local Rule 16-8, on August 19, 2020, the parties met and conferred regarding the available dispute resolution options and filed their respective ADR Certifications. The parties do not believe that ADR is appropriate at this time.

## XIII.    CONSENT TO MAGISTRATE FOR ALL PURPOSES

The parties respectfully declined to proceed before a Magistrate Judge.

## XIV.    OTHER REFERENCES

As noted in Section 10 above, this case has been related to *Calhoun, et al. v. Google* LLC, 5:20-cv-05146-LHK.  At this time, the parties do not believe this case is suitable for reference to

**JOINT CASE MANAGEMENT STATEMENT**

binding arbitration or a special master.  It is premature to know whether referral to a special master is appropriate.

**XV.   NARROWING OF ISSUES**

The parties will consider issues that can be narrowed by agreement or by motion, as well as potential means to expedite the presentation of evidence at trial.

**XVI.   EXPEDITED TRIAL PROCEDURE**

The parties agree that this case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64.

**XVII.  PROPOSED CASE SCHEDULE**

Plaintiffs' proposal regarding the case schedule are set forth in <u>Exhibit A</u>, attached hereto.

<u>Google's Statement</u>:   Plaintiffs have stated that they will amend their Complaint on September 21, 2020 to add new claims, allegations, and plaintiffs.  Google believes that Plaintiffs' core theory of liability is fundamentally flawed and therefore even the Amended Complaint will likely be susceptible to a motion to dismiss.  There is no briefing schedule or hearing date for Google's anticipated motion to dismiss the soon-to-be-filed Amended Complaint.  Further, Google has moved to stay discovery pending a final resolution of its challenges to the pleadings.  Despite these uncertainties, Google has made a good faith effort to provide dates keyed off of a final decision on the pleadings for the Court's review and comment in Exhibit B.

**XVIII. TRIAL**

This case will be decided by a jury trial.

<u>Plaintiffs' Statement:</u>  Plaintiffs currently estimate the trial in this case to last approximately 15 days.

<u>Google's Statement:</u>  It is premature to estimate trial length at this time and Google proposes to revisit the issue at a later CMC.  It is likewise premature to determine whether the claims that will be asserted and will survive a motion to dismiss are to be resolved by a jury.

**XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

<u>Google's Statement</u>:  Google has filed its Certificate of Interested Entities.  Dkt. No. 52.

01980-00174/12316556.2
**JOINT CASE MANAGEMENT STATEMENT**

## XX.   PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.   OTHER ISSUES

The parties believe that the following procedures will facilitate the expeditious, economical, and just resolution of this action:

### A.   Quarterly Status Conferences

Plaintiffs' Statement:

A complex privacy class action presents special case management issues, in particular the efficient and timely completion of discovery.  Given the issues likely to arise in the course of litigating this matter, Plaintiffs believe that these actions would benefit from quarterly status conferences in person or by telephone on dates and at times convenient for the Court.  *See* Manual for Complex Litigation, Fourth §11.22 (2004).  To the extent such status conferences are held, the parties would propose jointly filing a Status Conference Report seven days in advance of a scheduled Status Conference setting forth what issues, if any, there are for discussion with or resolution by the Court.

Google's Statement:

Google does not believe quarterly status conferences are necessary at this time.

DATED: September 2, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   /s/ *Andrew H. Schapiro [with permission]*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com

**JOINT CASE MANAGEMENT STATEMENT**

865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Thao Thai (CA Bar No. 324672)
thaothai@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5000
Fax: (650) 801-5100

*Attorneys for Defendant*
Google LLC

01980-00174/12316556.2   **JOINT CASE MANAGEMENT STATEMENT**

1 | DATED: September 2, 2020

BOIES SCHILLER FLEXNER LLP

By   /s/ *Amanda Bonn*
Amanda Bonn

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Sean Phillips Rodriguez (CA Bar No. 262437)
srodriguez@bsfllp.com
Alexander Justin Konik (CA Bar No. 299291)
akonik@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza
rbaeza@bsfllp.com
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

CASE NO. 5:20-cv-03664-LHK
01980-00174/12316556.2
**JOINT CASE MANAGEMENT STATEMENT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorney for Plaintiffs*

01980-00174/12316556.2

**JOINT CASE MANAGEMENT STATEMENT**

**EXHIBIT A**

| Scheduled Event | Plaintiffs' Proposal |
|---|---|
| Google Produces materials provided to State of Arizona and other state/federal investigations | Within two days of the entry of a Case Management Order |
| Google's Motion to Dismiss | August 20, 2020 |
| Plaintiffs' Response to Google Motion to Dismiss | September 21, 2020 |
| Google's Reply in Support of Motion to Dismiss | October 13, 2020 |
| Hearing on Motion to Dismiss | December 3, 2020 |
| Close of Fact Discovery | August 2, 2021 |
| Plaintiffs' Opening Expert Reports | September 6, 2021 |
| Plaintiffs' Motion for Class Certification | October 4, 2021 |
| Google's Expert Reports | October 25, 2021 |
| Google's Opposition to Motion for Class Certification | November 15, 2021 |
| Plaintiff's Rebuttal Expert Reports | December 6, 2021 |
| Plaintiffs' Reply in support of Motion for Class Certification | December 20, 2021 |
| Hearing on Motion for Class Certification | TBD |
| Close of Expert Discovery | December 21, 2021 |
| Last Day to File Dispositive Motions and *Daubert* Motions | January 31, 2022 |
| Summary Judgment and *Daubert* Oppositions | February 28, 2022 |
| Summary Judgment and *Daubert* Replies | March 28, 2022 |
| Hearing on Dispositive Motions | TBD |
| Final Pretrial Conference | TBD |
| Trial | TBD |

**JOINT CASE MANAGEMENT STATEMENT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

| Scheduled Event | Google's Proposal |
|---|---|
| Google's Motion to Dismiss and Motion to Stay | August 20, 2020 |
| Plaintiffs' Opposition to Motion to Stay | September 3, 2020 |
| Google's Reply in support of Motion to Stay | September 10, 2020 |
| Plaintiffs' Amended Complaint | September 21, 2020 |
| Briefing and Hearing on Google's Motion to Dismiss | TBD |
| Close of Discovery on Issues Relevant to Class Certification | Four months after resolution of Google's motion to dismiss. |
| Opening Expert Reports (for all parties) on Issues Relevant to Class Certification | One month after close of class certification discovery. |
| Rebuttal expert reports (for all parties) in issues relevant to class certification | One month after Opening Expert Reports. |
| Class certification motion | One month after close of expert depositions on class cert issues |
| Class certification opposition | Six weeks after opening brief. |
| Class certification reply | Three weeks after opposition. |
| Post-Class Certification Discovery & Merits Dispositive Motion Briefing | TBD |

01980-00174/12316556.2   **JOINT CASE MANAGEMENT STATEMENT**