QUINN EMANUEL URQUHART & SULLIVAN, LLP

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Thao Thai (CA Bar No. 324672)
thaothai@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

William A. Burck (admitted *pro hac vice*)
williamburck@quinnemanuel.com
Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Defendant Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, and WILLIAM BYATT, individually and on behalf of all similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>   Defendants. | Case No. 5:20-cv-03664-LHK<br><br>**DEFENDANT GOOGLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>The Honorable Lucy H. Koh<br>Courtroom 8 – 4th Floor<br>Date:   February 25, 2021<br>Time:   1:30 p.m. |

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Evidence 201, Defendant Google LLC ("Google") respectfully requests that the Court take judicial notice of the following documents for purposes of ruling on Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint ("AC"), filed concurrently herewith:

1. Google's Privacy Policy in effect between March 25, 2016 and June 28, 2016, which is available online at https://policies.google.com/privacy/archive/20160325 and is attached to the Schapiro Declaration as **Exhibit 1**.

2. Google's Privacy Policy in effect between June 28, 2016 and August 29, 2016, which is available online at https://policies.google.com/privacy/archive/20160628 and is attached to the Schapiro Declaration as **Exhibit 2**.

3. Google's Privacy Policy in effect between August 29, 2016 and March 1, 2017, which is available online at https://policies.google.com/privacy/archive/20160829 and is attached to the Schapiro Declaration as **Exhibit 3**.

4. Google's Privacy Policy in effect between March 1, 2017 and April 17, 2017, which is available online at https://policies.google.com/privacy/archive/20170301 and is attached to the Schapiro Declaration as **Exhibit 4**.

5. Google's Privacy Policy in effect between April 17, 2017 and October 2, 2017, which is available online at https://policies.google.com/privacy/archive/20170417 and is attached to the Schapiro Declaration as **Exhibit 5**.

6. Google's Privacy Policy in effect between October 2, 2017 and December 18, 2017, which is available online at https://policies.google.com/privacy/archive/20171002 and is attached to the Declaration as **Exhibit 6**.

7. Google's Privacy Policy in effect between December 18, 2017 and May 25, 2018, which is available online at https://policies.google.com/privacy/archive/20171218 and is attached to the Schapiro Declaration as **Exhibit 7**.

1        8.      Google's Privacy Policy in effect between May 25, 2018 and January 22, 2019, which is available online at https://policies.google.com/privacy/archive/20180525 and is attached to the Schapiro Declaration as **Exhibit 8**.

      9.      Google's Privacy Policy in effect between January 22, 2019 and October 15, 2019, which is available online at https://policies.google.com/privacy/archive/20190122 and is attached to the Schapiro Declaration as **Exhibit 9**.

      10.     Google's Privacy Policy in effect between October 15, 2019 and December 19, 2019, which is available online at https://policies.google.com/privacy/archive/20191015 and is attached to the Schapiro Declaration as **Exhibit 10**.

      11.     Google's Privacy Policy in effect between December 19, 2019 and March 31, 2020, which is available online at https://policies.google.com/privacy/archive/20191219 and is attached to the Schapiro Declaration as **Exhibit 11**.

      12.     Google's Privacy Policy in effect between March 31, 2020 and July 1, 2020, which is available online at https://policies.google.com/privacy/archive/20200331 and is attached to the Schapiro Declaration as **Exhibit 12**.

      13.     Google's Privacy Policy in effect between July 1, 2020 and August 28, 2020, which is available online at https://policies.google.com/privacy/archive/20200701 and is attached to the Schapiro Declaration as **Exhibit 13**.

      14.     Google's Privacy Policy in effect between August 28, 2020 and September 30, 2020, which is available online at https://policies.google.com/privacy/archive/20200828 and is attached to the Schapiro Declaration as **Exhibit 14**.

      15.     Google's current Privacy Policy in effect since September 30, 2020, which is available online at https://policies.google.com/privacy and is attached to the Schapiro Declaration as **Exhibit 15**.

      16.     Google's Terms of Service in effect between April 14, 2014 and October 25, 2017, which is available online at https://policies.google.com/terms/archive/20140414 and is attached to the Schapiro Declaration as **Exhibit 16**.

17. Google's Chrome Privacy Notice archived on June 21, 2016, which is available online at https://www.google.com/chrome/privacy/archive/20160621/ and is attached to the Schapiro Declaration as **Exhibit 17**.

18. "Search & browse privately" page from Google Help Center for computer devices, which is available online at https://support.google.com/websearch/answer/4540094?co=GENIE.Platform%3DDesktop and is attached to the Schapiro Declaration as **Exhibit 18**.

19. "How private browsing works in Chrome" page from Google Chrome Help Center for computer devices, which is available online at https://support.google.com/chrome/answer/7440301?co=GENIE.Platform%3DDesktop and is attached to the Schapiro Declaration as **Exhibit 19**.

20. "Browse in private" page from Google Chrome Help Center for computer devices, which is available online at https://support.google.com/chrome/answer/95464?co=GENIE.Platform%3DDesktop&hl=en and is attached to the Schapiro Declaration as **Exhibit 20**.

21. "Safeguarding your data" page from Google Analytics Help Center, which is available online at https://support.google.com/analytics/answer/6004245 and is attached to the Schapiro Declaration as **Exhibit 21**.

22. "Policy requirements for Google Analytics Advertising Features" page from Google Analytics Help Center, which is available online at https://support.google.com/analytics/answer/2700409 and is attached to the Schapiro Declaration as **Exhibit 22**.

23. "Measurement Protocol, SDK, and User ID Feature Policy" page from Google Analytics Measurement Protocol Guides, which is available online at https://developers.google.com/analytics/devguides/collection/protocol/policy and is attached to the Schapiro Declaration as **Exhibit 23**.

24. "Required Content" page from Google AdSense Help Center, which is available online at https://support.google.com/adsense/answer/1348695 and is attached to the Schapiro Declaration as **Exhibit 24**.

25. "Platforms program policies" page from Google's Platforms Policies Help Center, which is available online at https://support.google.com/platformspolicy/answer/3013851 and is attached to the Schapiro Declaration as **Exhibit 25**.

26. "About the User-ID feature" page from Google Analytics Help Center, which is available online at https://support.google.com/analytics/answer/3123662 and is attached to the Schapiro Declaration as **Exhibit 26**.

27. Google's Chrome Privacy Notice archived on September 1, 2015, which is available online at https://www.google.com/intl/en/chrome/privacy/archive/20150901/ and is attached to the Schapiro Declaration as **Exhibit 27**.

## MEMORANDUM OF POINTS AND AUTHORITIES

The documents listed above are properly the subject of judicial notice and the Court should consider them when ruling on Google's Motion to Dismiss.

**I.   LEGAL STANDARD**

The Supreme Court has directed that upon a motion to dismiss, a court "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Courts may take judicial notice of facts that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

In ruling on a motion to dismiss, a court may take judicial notice of a document explicitly mentioned in the complaint or even a document "not explicitly refer[red] to" in a complaint but which "the complaint necessarily relies upon." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). "Under the 'incorporation by reference' doctrine in this Circuit, a court may look beyond the

pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal quotation marks and citations omitted). The doctrine aims to "[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (alteration in original) (internal quotation marks omitted). "The rationale of the 'incorporation by reference' doctrine applies with equal force to internet pages as it does to printed material." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporating web pages submitted with a motion to dismiss); *see also Davis*, 691 F.3d at 1160–61 (affirming decision to incorporate web pages referenced by complaint). Publically accessible websites are "[p]roper subjects of judicial notice when ruling on a motion to dismiss." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (Koh, J.) (taking judicial notice of web pages).

## II.     THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS

Google seeks judicial notice of the following documents: Google's Privacy Policy (Exs. 1–15), Google's Terms of Service (Ex. 16), Google's Chrome Privacy Notice (Exs. 17, 27), Google disclosures about "private browsing" (Exs. 18–20), and Google policies relating to analytics and advertising services (Exs. 21–26). All Exhibits but four Google policies relating to analytics and advertising services (Exs. 22–25) are incorporated by reference in the AC, and all are subject to judicial notice as they appear on publicly available websites and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts routinely take judicial notice of these materials. *E.g.*, *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813-14 (N.D. Cal. 2020) (taking judicial notice of Google's Terms of Service, Privacy Policy, and a Google blog post for purposes of motion to dismiss); *Matera v. Google Inc.*, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (Koh, J.) (taking judicial notice of Google's Terms of Service, "various versions of Google's Privacy Policy," and Google's website entitled "Updates: Privacy Policy" for purposes of motion to dismiss).

### A.     Exhibits 1 through 21 and 26 through 27 Are Incorporated by Reference

Exhibits 1 through 21 and 26 through 27 are properly considered on a motion to dismiss because they are incorporated by reference in the AC.

The AC directly cites to Google's Privacy Policy (Exs. 1–15), s*ee*, *e.g.*, AC ¶ 45 ("Google's Privacy Policy starts by stating . . ."); Google's Terms of Service (Ex. 16), AC ¶ 200 ("Defendants' own Terms of Service explicitly state . . ."); the "Search & browse privately" page (Ex. 18), AC ¶ 48 ("On the 'Search & Browse Privately' page, Google once again . . ."); the "Safeguarding your data" page (Ex. 21), AC ¶ 76 ("Google represents to consumers and Websites alike . . ."); and the "About the User-ID feature" page (Ex. 26), AC ¶ 69 ("The User-ID feature allows Websites to 'generate [their] own unique IDs . . ."). Because these documents are expressly referenced and quoted in the AC, they are all properly considered under the incorporation by reference doctrine and the Court should take judicial notice of their contents. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (judicially noticing the full text of a document, including portions not mentioned in the complaint). Although it is unclear which versions of the Privacy Policy are being referenced, because Plaintiffs allege a Class Period from June 2016 to the present, the Court should take judicial notice of each version of the Privacy Policy (Exs. 1–15) in effect during that period.

A court may also take judicial notice of a document "not explicitly refer[red] to" in a complaint but which "the complaint necessarily relies upon." *Coto*, 593 F.3d at 1038 (judicially noticing a billing agreement where the complaint necessarily relied upon its terms). This rule exists "in order to '[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based . . . .'" *Swartz*, 476 F.3d at 763 (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (judicially noticing insurance terms of service and administrative documents because the claim necessarily relied on plaintiff having been a member of the insurance plan)) (alteration in original). Exhibits 17, and 19 through 27 are not explicitly referenced in the AC but should be judicially noticed because Plaintiffs' AC necessarily relies on them, for the reasons below.

Google's Chrome Privacy Notice (Exs. 17, 27) is necessarily relied upon because Plaintiffs allege that their invasion of privacy claim is based on "policies referenced" in Google's Privacy Policy and "other public promises [Google] made not to track or intercept the Plaintiffs' communications . . . while browsing in 'private browsing mode.'" AC ¶ 245. Google's Chrome Privacy Notice is a policy referenced and linked to in Google's Privacy Policy and a public disclosure related to "private

browsing mode." Therefore, the Court should take judicial notice of the Chrome Privacy Notice (Exs. 17, 27).

Likewise, the page "How private browsing works in Chrome" (Ex. 19) and the page "Browse in private" (Ex. 20) are public disclosures related to "private browsing mode" that are linked to the "Search & browse privately" page that is referenced in the AC (Ex. 18). Similarly, Google's Privacy Policy referenced in the AC also links to the "Safeguarding your data" page (Ex. 21).

That Plaintiffs deliberately omit mention of these disclosures—despite their centrality to Plaintiffs' claims—is not dispositive. Plaintiffs cannot "surviv[e] a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based . . . ." *Swartz*, 476 F.3d at 763 (internal quotations omitted). Here, these disclosures are central to Plaintiffs' allegations about private browsing and the Websites' consent. Because the AC "necessarily relies upon" Google's disclosures to users and the Websites, these documents should be judicially noticed. *Coto*, 593 F.3d at 1038. These pages are public disclosures related to Plaintiffs' core allegations regarding what Google said—and did not say—about "private browsing mode" and are linked to by pages referenced in the AC. For these reasons, these Exhibits are likewise properly subject to judicial notice.

### B. All Exhibits Are Properly Subject to Judicial Notice as Publicly Available Websites

Exhibits 1 through 27 are also the proper subject of judicial notice as publicly available websites. Google's current and all prior versions of its Privacy Policy (Exs. 1–15), Terms of Service (Ex. 16), and Chrome Privacy Notice (Exs. 17, 27) are publicly available at https://www.google.com/policies/terms/, https://www.google.com/policies/privacy/, and https://www.google.com/chrome/privacy/. Google disclosures about "private browsing" (Exs. 18–20) and policies related to analytics and Advertising services (Exs. 21–26) are publicly available at https://support.google.com and https://developers.google.com.

The content of these publicly available web pages is "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. Rule 201(b) & (b)(2). Therefore, these documents are subject to judicial notice as they appear on publicly accessible websites and their authenticity cannot reasonably be

1  questioned. *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (Koh, J.) (taking
2  judicial notice, *sua sponte*, of various publicly accessible websites); *Perkins,* 53 F. Supp. 3d at 1204
3  (Koh, J.) (publicly accessible websites are proper subjects of judicial notice when ruling on a motion
4  to dismiss); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983–84 (N.D. Cal. 2010)
5  (taking judicial notice of limited warranty that is publicly available online).

6        Google is not offering these documents for the truth of their contents, but only to show that
7  they exist. Courts frequently take judicial notice of similar documents for this reason. *In re Google*
8  *Assistant Privacy Litig.*, 457 F. Supp. 3d at 813 (taking judicial notice of blog post "for the fact that
9  Google made the statements it contains, but not for the truth of those statements"); *Datel*, 712 F. Supp.
10 2d at 983-84 (taking judicial notice of an Xbox software license and terms of use and noting that these
11 documents were "judicially noticeable for the fact that they exist, not whether, for example, the
12 documents are valid or binding contracts"); *City and County of San Francisco v. HomeAway.com,*
13 *Inc*., 21 Cal. App. 5th 1116, 1123 & n.2 (2018) (taking judicial notice of privacy policy not for its
14 truth but because "the fact that this policy exists is evidence that HomeAway subscribers and
15 customers were on notice of certain company policies when they shared personal information with
16 HomeAway").

17 **III.   CONCLUSION**

18       For the foregoing reasons, Google respectfully requests that the Court take judicial notice of
19 Exhibits 1 through 27 attached to the Schapiro Declaration.

20

21 DATED: October 21, 2020          QUINN EMANUEL URQUHART &
22                                                SULLIVAN, LLP

23

24                                   By   */s/ Andrew H. Schapiro*
25                                      Andrew H. Schapiro (admitted *pro hac vice*)
                                     andrewschapiro@quinnemanuel.com
26                                    191 N. Wacker Drive, Suite 2700
                                   Chicago, IL 60606
27                                    Telephone: (312) 705-7400
                                   Facsimile: (312) 705-7401
28
                                   Stephen A. Broome (CA Bar No. 314605)

sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Thao Thai (CA Bar No. 324672)
thaothai@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William A. Burck (admitted *pro hac vice*)
williamburck@quinnemanuel.com
Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant* Google LLC