QUINN EMANUEL URQUHART & SULLIVAN, LLP

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Thao Thai (CA Bar No. 324672)
thaothai@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

William A. Burck (admitted *pro hac vice*)
williamburck@quinnemanuel.com
Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK<br><br>**GOOGLE'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE**<br><br>The Honorable Lucy H. Koh<br>Courtroom 8 – 4th Floor<br>Date:   February 25, 2021<br>Time:   1:30 p.m.<br><br>Amended Complaint Filed: Sept. 21, 2020 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

"Plaintiffs agree that all of Google's exhibits are judicially noticeable." Dkt. No. 88 (Plaintiffs' Response to Google's Request for Judicial Notice ("RJN Response")), at 2. Plaintiffs contend, however, that there are "important deficiencies that limit the extent to which certain exhibits can be judicially noticed," including Exhibits 19-20, and Exhibits 22-25. *Id.* Plaintiffs' arguments are incorrect for the reasons explained below.

## II. EXHIBITS 19-20

Plaintiffs' First Amended Complaint ("AC") alleges that Google misleads users through its statements about private browsing in its Privacy Policy and certain support pages to which the Privacy Policy links. One of the cited support pages in the AC is a "Search & browse privately" page (Ex. 18) that Plaintiffs allege is linked to Google's Privacy Policy. AC ¶¶ 47-48. Plaintiffs quote a snippet of that page to claim Google misleads users about the practical effects of private browsing. Plaintiffs ignore the fact that, immediately below the language they quote, the same page contains bullets rebutting their case. Plaintiffs also ignore that the Search & browse privately page is a Google Search support page—speaking to web searching and private browsing *generally* (*i.e.*, in Chrome and non-Chrome browsers)—and links to two additional *Chrome* support pages (Exs. 19-20) providing more detailed information about private browsing in Chrome (*i.e.*, the browser that all Plaintiffs allege they used). Accordingly, Google requested that the Court take judicial notice of these exhibits. *See* Dkt. No. 84 (Google's Request for Judicial Notice ("RJN")), at 7.

All of these support pages (Ex. 19-20) are accessible by following links beginning at Google's Privacy Policy, Chrome Privacy Notice, and other locations and can easily be found by conducting web searches for "private browsing" and "Chrome." The accessibility of these support pages is one way in which Google strives to make relevant product- or service-specific privacy information available to users. In Plaintiffs' RJN Response, they contend that "Google incorrectly states that Exhibit 19 is 'linked to the "Search & Browse privately' page that is referenced in the' [AC]…. Instead, a user would have to maneuver away from the Search & Browse Privately page to access Exhibit 19." RJN Resp. at 2. Tellingly, Plaintiffs do not explain why or how this purported

-1-  Case No. 5:20-cv-03664-LHK
GOOGLE'S REPLY ISO REQUEST FOR JUDICIAL NOTICE

"deficiency" "limit[s] the extent to which [these] exhibits can be judicially noticed." It does not. However, to the extent Plaintiffs contend that the "Search & browse privately" support page (Ex. 18) should be considered in isolation from Exhibits 19 and 20, they are incorrect.

Plaintiffs allege that they landed on the "Search & browse privately" support page from the Privacy Policy by clicking on embedded links in various other support pages. AC ¶ 47. The flow Plaintiffs allegedly followed is:

> Privacy Policy > Go to My Activity > Learn More > View & control activity in your account > Search & browse privately.

Plaintiffs allege the "Search & browse privately" page contains misleading statements. But, the "Search & browse privately" page contains links for users interested in understanding "how to search privately on … Chrome" and other browsers.[1] Selecting the "Chrome" link takes users to the "Browse in private page" (Ex. 20).[2] The "Browse in private page" can also be reached by clicking on the "incognito mode or guest mode" link in the Chrome Privacy Notice (Ex. 17). The "Browse in private" page, in turn, contains a link titled "How private browsing works," which takes users to a page titled "How private browsing works in Chrome" (Ex. 19).[3]

If a Chrome user were to pick up where Plaintiffs allege they stopped, the flow would be:

> Search & browse privately (Ex. 18) > Browse in private (Ex. 20) >
> How private browsing works in Chrome (Ex. 19).

A user needs to "maneuver away" from the "Search & browse privately" page to get to Exhibits 19 and 20 no more than Plaintiffs "maneuvere[d] away" from the Privacy Policy to land on the "Search & browse privately" page in the first place and it is disingenuous to argue otherwise.

Plaintiffs also argue that "this Court may take judicial notice of the[] existence [of Exhibits 19 and 20] only as of the date when they were last accessed" by Google's counsel on October 21, 2020. RJN Resp. at 2. That is incorrect. "[D]istrict courts in this circuit have routinely taken judicial

---

[1] https://support.google.com/websearch/answer/4540094.
[2] https://support.google.com/chrome/answer/95464.
[3] https://support.google.com/chrome/answer/7440301.

notice of content from the Internet Archive's Wayback machine." *Parziale v. HP, Inc*, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020) (citation omitted). "Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Erickson v. Nebraska Mach. Co.*, 2015 WL 4089849, at *1, n. 1 (N.D. Cal. July 6, 2015) ("Plaintiffs provided copies of current versions of these websites, [] but the Internet Archive's Wayback Machine shows that the websites were substantively identical during the relevant timeframe.").

The Wayback Machine shows that Exhibit 19 has been publicly available in a substantively identical form since at least April 18, 2018,[4] and Exhibit 20 has been publicly available in a substantively identical form starting even earlier.[5] To be sure, the fact that the Wayback Machine reflects that these pages were publicly available at least as early as the foregoing dates does not mean that is when they *first* became publicly available—it means only that the Wayback Machine first *captured* that Uniform Resource Locator ("URL") on those dates. This is sufficient for present purposes, however, because the Wayback Machine demonstrates that Exhibits 19 and 20 were publicly available when Plaintiffs allegedly accessed the Search & Browse Privately page on May 29, 2020.[6] *See* AC ¶ 47 n. 10.

Accordingly, to the extent the Court considers the Search & browse privately page in resolving Google's Motion to Dismiss, it should consider Exhibits 19 and 20, as well.

### III.    EXHIBITS 22-25

Google's RJN also requested that the Court take judicial notice of certain Google policies related to its analytics and advertising services, which are publicly available on Google's website. Dkt. No. 84, at 7. Contrary to Plaintiffs' assertion that "the dates when these [pages] became

---

[4]  Available at https://bit.ly/Exhibit_19 (https://web.archive.org/web/20180418112527/ https://support.google.com/chrome/answer/7440301.)

[5]  Available at https://bit.ly/Exhibit_20 (https://web.archive.org/web/20171118114045/ https://support.google.com/chrome/answer/95464.)

[6]  Plaintiffs allege that they "last visited" the Search & browse privately page on May 29, 2020. They do not allege whether any individual Plaintiff actually reviewed this page, and if so, when the Plaintiff first reviewed it.

1  available" were not identified, RJN Resp. at 2, Exhibits 22, 23, and 25 have "last updated" dates
2  printed on them. *See* Ex. 22 at 1 ("This policy was last updated December 9, 2019."); Ex. 23 at 2
3  ("Last updated 2018-10-15 UTC."); Ex. 25 at 2 ("Last updated January 6, 2020.").

4        In addition, all of these pages have been publicly available in a format that contains language
5  substantively identical to that which Google relies on in the Motion since at least the following
6  dates: Ex. 22 (March 25, 2015),[7] Ex. 23 (June 13, 2014),[8] Ex. 24 (November 12, 2012),[9] Ex. 25
7  (January 28, 2015).[10] Accordingly, the Court may take judicial notice of the existence of these
8  documents as of these dates. *See Erickson*, 2015 WL 4089849, at *1, n. 1).

**IV.    CONCLUSION**

      For the foregoing reasons, Google's RJN should be granted and Plaintiffs' proposed limitations should be rejected.

DATED: December 7, 2020              QUINN EMANUEL URQUHART & SULLIVAN, LLP

By    */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)

---

[7] Available at https://bit.ly/Exhibit_22 (https://web.archive.org/web/20150326132819/ https://support.google.com/analytics/answer/2700409).

[8] Available at https://bit.ly/Exhibit_23 (https://web.archive.org/web/20140701212107/ https://developers.google.com/analytics/devguides/collection/protocol/policy).

[9] Available at https://bit.ly/Exhibit_24 (https://web.archive.org/web/20130625112141if_/ https:/support.google.com/adsense/answer/1348695#).

[10] Available at https://bit.ly/Exhibit_25 (https://web.archive.org/web/20150320154028/ https:/support.google.com/platformspolicy/answer/3013851).

dianedoolittle@quinnemanuel.com
Thao Thai (CA Bar No. 324672)
thaothai@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William A. Burck (admitted *pro hac vice*)
williamburck@quinnemanuel.com
Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*