QUINN EMANUEL URQUHART & SULLIVAN, LLP
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant; additional counsel listed in signature blocks below*

BOIES SCHILLER FLEXNER LLP
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel listed in signature blocks below*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Lucy H. Koh<br>Courtroom 8 – 4th Floor<br>Date: January 13, 2021<br>Time: 2:00 p.m. |

CASE NO. 5:20-cv-03664-LHK

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Federal Rule of Civil Procedure 16, Civil Local Rules 16-9 and 16-10, the Standing Order for All Judges of the Northern District of California, the Court's Order of September 3, 2020 (Dkt. No. 61), and in advance of the Further Case Management Conference set by the Court for Wednesday, January 13, 2021, at 2:00 p.m., Plaintiffs and Defendant, Google LLC ("Google"), submit this Joint Case Management Statement to report the parties' progress since the Initial Joint Case Management Statement was filed on September 2, 2020 (Dkt. No. 59).

## I. JURISDICTION AND SERVICE

The parties agree that Google has been served and that the Court has jurisdiction over this matter.

## II. FACTS

The parties have no new facts to add at this time.

## III. LEGAL ISSUES

The parties have no new legal issues to present at this time.

## IV. MOTIONS

<u>Motions Decided Since the Last Joint CMC Statement</u>

On September 3, 2020, the Court denied Google's Motion to Stay Discovery (Dkt. No. 60). After Plaintiffs filed their First Amended Complaint on September 21, 2020 (Dkt. No. 68), the Court denied Google's Motion to Dismiss the Complaint (Dkt. No. 53) and Motion to Stay Discovery (Dkt. No. 56) as moot on October 6, 2020. Dkt. No. 74. Plaintiffs filed an Unopposed Motion for Leave to Propose Revised Motion to Dismiss Briefing Schedule (Dkt. No. 62), which the Court granted on September 8, 2020 (Dkt. No. 63). The parties met and conferred on September 30, 2020, and stipulated to a revised motion to dismiss briefing schedule (Dkt. No. 71). The Court granted the stipulation on October 5, 2020 (Dkt. No. 73). The Court also granted the parties' Joint Stipulation Extending Time for Submitting Proposed Protective Order and ESI Order (Dkt. No. 72). Several motions for admission *pro hac vice* have been filed (Dkt. Nos. 64, 69, 75, 85), all of which have been granted (Dkt. Nos. 65, 78, 79, 86).

Pending Motions

Plaintiffs filed their First Amended Complaint on September 21, 2020 (Dkt. No. 68). Google filed a motion to dismiss the First Amended Complaint on October 21, 2020 (Dkt. No. 82). Plaintiffs filed their opposition to Google's motion to dismiss on November 18, 2020 (Dkt. No. 87), and Google filed its reply brief in support of the motion to dismiss on December 7, 2020 (Dkt. No. 92). The hearing on Google's motion to dismiss has been scheduled for February 25, 2021 at 1:30 p.m. (Dkt. No. 82).

Anticipated Motions

*Plaintiffs' Statement:*

Plaintiffs anticipate moving for class certification and may also seek summary judgment and/or adjudication on certain claims or issues.

*Google's Statement:*

To the extent any claims survive the Motion to Dismiss, Google anticipates moving for summary judgment, opposing plaintiffs' motion for class certification, and/or filing a motion to deny class certification.

**V.   AMENDMENT OF PLEADINGS**

On September 21, 2020, Plaintiffs filed their First Amended Complaint (Dkt. No. 68). Plaintiffs do not anticipate amending the First Amended Complaint prior to the Court's ruling on Google's MTD.

**VI.   EVIDENCE PRESERVATION**

The parties represent that they have taken steps to preserve evidence relevant to this litigation. The parties similarly have reviewed the Northern District of California Guidelines Relating to the Discovery of ESI and, pursuant to Fed. R. Civ. P. 26(f), have discussed generally the preservation of relevant evidence. The status of an ESI protocol is discussed in the Discovery section below.

**VII.   DISCLOSURES**

The parties exchanged initial disclosures on September 8, 2020.

## VII. DISCOVERY

### A. Case Schedule

The parties held their initial Rule 26(f) discovery planning conference by video on August 19, 2020 and have conferred on discovery topics several times since then. The Court adopted an initial discovery plan in its September 3, 2020 Case Management Order (Dkt. No. 61).

### B. Written Discovery

Plaintiffs served two sets of requests for admissions ("RFAs") on October 7, 2020 and December 23, 2020, respectively. Google served its responses and objections to the first set of RFAs on November 6, 2020; the deadline to serve objections and responses to the second set of RFAs is January 22, 2020. Plaintiffs served two sets of document requests on September 30, 2020 and October 19, 2020, respectively. Google served objections and responses to the first set on October 30, 2020 and to the second set on December 2, 2020. Plaintiffs also served interrogatories on December 23, 2020. The deadline to serve objections and responses is January 22, 2020.

Google served document requests, interrogatories and RFAs on the five named plaintiffs on November 20, 2020 and agreed to extend the deadline to serve objections and responses to January 11, 2021.

### C. Protective Order

The parties were able to agree on all terms of a protective order, which Magistrate Judge Susan van Keulen approved on October 15, 2020 with one revision to the provision related to the right to further relief (Dkt. No. 81).

### D. ESI Protocol

The parties stipulated to an order related to ESI discovery, which Judge van Keulen approved on October 15, 2020 (Dkt. No. 80). On November 20, 2020, the parties submitted a joint letter brief to Judge van Keulen identifying one disputed point regarding the ESI order, related to timing of preservation duties. On November 30, 2020, Judge van Keulen resolved the dispute in an order and issued a First Modified Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation (Dkt No. 91).

E. <u>Document Discovery Updates</u>

***Plaintiffs' Statement:***

Since the Court denied Google's motion to stay discovery (Dkt. No. 60), and set an August 2021 deadline for completing fact discovery (Dkt. No. 61), Plaintiffs have sought to move forward with discovery. Plaintiffs have so far served Google with two sets of document requests (including 149 requests), two sets of requests for admission (including 14 requests), and one set of interrogatories (including three interrogatories).

Plaintiffs' primary concern at this point is Google's continuing refusal to produce documents responsive to Plaintiffs' requests. Plaintiffs have been meeting and conferring with Google for months, but Google has continued to drag its feet, stand on meritless objections, and delay production of relevant documents. It has been over four months since the Court denied Google's motion to stay discovery, and Google has in that time only produced 11,947 documents, all of which are otherwise publicly available.

Plaintiffs have raised discovery issues with Magistrate Judge van Keulen in the first instance,[1] consistent with the Court's orders, and will continue to do so, but Plaintiffs want to nonetheless flag three discrete issues here for the Court's reference. These issues stem from Plaintiffs' First Set of Document Requests, served on September 30, 2020, and have been discussed during multiple meet and confers.

<u>Google's regulator productions</u>: In September 2020, Plaintiffs asked Google to produce all documents "Google produced, provided, or otherwise disclosed to Regulators in connection with any request, investigation, or action concerning Google's data collection practices and disclosures." Ex. A at 8 (Request No. 1). Plaintiffs flagged their request for these documents in the prior Joint Case Management Conference Statement (Dkt. No. 59 at 6), and they then served this request. In

---

[1] Plaintiffs and Google filed a joint letter brief with Magistrate Judge van Keulen to resolve a dispute concerning the parties' ESI preservation cutoff date (Dkt No. 90). Plaintiffs contended that the cutoff date should be June 1, 2008 (shortly before Google launched "Incognito" private browsing mode), but Google requested a June 1, 2014 cutoff date. Magistrate Judge van Keulen ordered Google to preserve ESI created or received after June 1, 2008 for designated custodians (Dkt No. 91). Plaintiffs are seeking information to identify designated custodians.

response, Google initially refused to produce any documents.  Ex. B at 6-7 (Google's response).  After multiple meet and confers, Google has proposed to substantially narrow this request in ways that Plaintiffs believe will yield minimal or no documents.[2]  Plaintiffs wanted Google to produce these regulator documents at the outset, to help focus and streamline discovery in this action, and avoid unnecessary discovery duplication.  Documents disclosed to Regulators regarding Google's data collection practices and privacy disclosures would be immensely helpful in untangling how Google collects and stores user data as well what Google itself may have thought about its various privacy disclosures.

Plaintiffs also seek these documents to determine the extent to which Google has taken inconsistent positions regarding its privacy policy and disclosures, such as by representing to regulators that consumers have control over Google's data collection practices, and that Google honors its representations on privacy.  On its Incognito pop-up splash screen, Google promises that: (a) it will not save "[y]our browsing history," (b) it will not save "[c]ookies and site data," and (c) users can "[b]lock third-party cookies."  (Dkt. No. 68 ¶¶ 52, 139.)  Plaintiffs allege that these Google representations are false, and none of these controls work.  Google responds in its motion to dismiss that it is authorized to collect all of this data regardless.  Plaintiffs are entitled to know whether Google has taken inconsistent positions, including with regulators on matters such as Google's compliance with privacy consent decrees it entered into in 2011 and 2012 with the Federal Trade Commission.  Moreover, these are documents Google already produced, which Google can search and produce in this action.  Plaintiffs seek regulator documents that bear on the issues in this case, and this is not (as Google claims below) improper "cloned discovery."  *See, e.g.*, *Jones v. Deutsche Bank AG*, No. 5:04-CV-5357 JW (RS), 2005 WL 8177848, at *4 (N.D. Cal. Nov. 17, 2005)

---

[2] On December 14, 2020, Google proposed limiting this request to "(i) US regulator inquiries; (ii) during the purported class period; (iii) related to privacy; (iv) in the context of browsing; and (v) relating to logged-out activity."  This is insufficient.  Google has neither stated whether any documents even exist with this proposed narrowing (Plaintiffs suspect there are none) nor has Google identified what documents might otherwise exist that are responsive to the request.  Google's proposal would exclude the two foreign proceedings identified in the FAC (limiting production to "US regulator inquiries"), exclude two of the three FTC actions identified in the FAC (which predated the class period but resulted in the 2011 Consent Decree), and potentially result in the production of zero documents with the proposed "relating to logged-out activity" limitation.

(ordering defendant to produce documents previously produced "to any government agency" that relate to the illegal conduct); *Google, Inc. v. Am. Blind & Wallpaper Factory, Inc.*, No. 03-CV-5340 JF (RS), 2006 WL 5349265, at *1 (N.D. Cal. Feb. 8, 2006) (Google willingly produced documents from other litigation "since it posed no burden to Google to provide copies of the Geico documents to American").

Plaintiffs are willing to continue meeting and conferring with Google, and to raise these issues with Magistrate Judge van Keulen, but any guidance from the Court may be useful in terms of moving this forward to a resolution.

Google documents from Arizona action:  In September 2020, Plaintiffs also asked Google to produce "[u]nredacted versions of the filings (including exhibits and attachments) and all discovery from *State of Arizona ex rel. Mark Brnovich, Attorney General v. Google LLC*, No. CV 2020-006219 (Ariz. Superior Ct. 2020).  Ex. A at 9 (Request No. 2).  Plaintiffs sought those documents in part because one filing from the Arizona action included multiple redacted documents produced by Google, some of which are plainly relevant in this action.  For example, one of those documents includes a February 2, 2017 email from one Google employee (name redacted by Google) referencing "work in progress" at Google "trying to rein in ***the overall mess that we have with regards to data collection, consent, and storage***."  Ex. C at 2 (emphasis added).  This was in response to a Google employee (name redacted by Google) asking whether "users with significant privacy concerns understand what data we are saving?"  *Id*.  Another Google employee (name redacted by Google) stated this was "super messy" and users needed to "make sense out of this mess."  *Id.* at 1-2.  Such documents are especially relevant given Google's assertion of a consent defense in its pending motion to dismiss (Dkt. No. 82), but Google has refused to produce any unredacted version of this email exchange, or any other documents from the Arizona action.  Plaintiffs proposed that Google at least initially produce unredacted versions of the documents from the Arizona action that were cited in their First Amended Complaint (*see* Dkt. No. 68 ¶¶ 34-37), but Google has refused to produce any responsive documents.  Instead, Google asks Plaintiffs to take it at its word that these documents involve issues unrelated to Plaintiffs' claims notwithstanding the fact that these documents plainly concern "data collection, consent, and storage" as well as Google

employee's concerns over users' "privacy concerns."  This is not how discovery works – Google cannot unilaterally decide to withhold documents, which it has already collected, that are not only relevant to Plaintiffs' core allegations but also demonstrate its sweeping, uniform strategy to collect user data without proper consent across its multiple platforms and functionalities.

Google custodial documents:  Plaintiffs have also sought to engage in a meaningful meet and confer with Google regarding custodians, so that the parties can negotiate a reasonable set of document custodians, search terms, and production criteria.  To proceed efficiently, Plaintiffs first sought information through the ESI Order meet and confer process (Dkt. No. 80) and production of documents needed to identify custodians (Ex. A at 10 (Request Nos. 11 & 12)).  Google, however, refused to identify any Google custodian by name during the ESI meet and confers, and Google has still not produced the documents responsive to Request Nos. 11 & 12.  Plaintiffs are increasingly concerned that Google's delays will undermine their ability to negotiate a set of custodians and search terms and obtain those documents in a timely fashion.  Deadlines may assist the parties in moving this forward with Google's production of custodial documents.  Google states below that it intends to make a proposal regarding custodians, but Plaintiffs also need documents from Google to evaluate the sufficiency of any such proposal (documents Google still has not produced, even though Plaintiffs requested them in September 2020) and a proposal regarding search terms.

***Google's Statement:***

Plaintiffs mischaracterize the Parties' ongoing discovery negotiations and, in any event, the disputes presented are not ripe for this Court's review. The parties are not presently at an impasse on any of the issues Plaintiffs identify, nor have Plaintiffs raised the issues with Magistrate Judge van Keulen in the first instance. Indeed, the parties have not even met and conferred on the 130 Requests in Plaintiffs' Second Set of Requests for Production. This Statement is not the forum for inchoate discovery disputes on which the parties have not yet met and conferred.  Accordingly, Google responds to Plaintiffs' arguments only briefly, below.

Google is complying with its discovery obligations by diligently investigating ESI sources, producing documents, and responding to the avalanche of discovery requests that Plaintiffs have propounded. This case centers on three individuals who allege that a handful of public Google

disclosures led them to believe that when they used private browsing Google would not receive data about their browsing session from third party publishers using certain Google services. Despite the narrow scope of this dispute, Plaintiffs have thus far served 149 RFPs, as well as numerous RFAs and Interrogatories. Google timely responded and has met and conferred with Plaintiffs to resolve the parties' disputes. Given the substantial number of requests Plaintiffs served, many of which are facially overbroad (among other defects), the parties' negotiations are ongoing. Nevertheless, as Plaintiffs admit, Google has already produced nearly 12,000 documents in response to Plaintiffs' requests, including documents central to Plaintiffs' claims that Google's disclosures about private browsing were misleading or insufficient.

In stark contrast to Google's responses and significant production, Plaintiffs have provided no discovery responses and produced nothing. On November 20, 2020, Google served 18 RFPs, 6 Interrogatories, and 1 RFA. Plaintiffs requested an extension, and have not yet responded or produced a single document.

<u>Google's regulator productions</u>: It is undisputed that Google's Privacy Policy—to which Plaintiffs consented when they signed up for their Google accounts—discloses that Google receives the types of data at issue in this case when users visit websites that use Google's advertising and analytics services. Yet Plaintiffs allege that, in the same Privacy Policy (and other disclosures, including the Incognito splash screen), Google represented that using a browser's "private browsing" mode would prevent Google from receiving such data. For instance, Plaintiffs claim above that Google made "false" "promises" to users that their browsing history, cookies, and site data would not be saved, and that users can "[b]lock third-party cookies." But Google's Motion to Dismiss demonstrates the shortcomings in Plaintiffs' argument, which are evident on the face of each at-issue disclosure. The case thus turns on a relatively straightforward interpretation of Google's disclosures regarding private browsing, and in particular private browsing in Google Chrome's "Incognito" mode. In discovery, however, Plaintiffs broadly seek all documents Google provided to any regulators world-wide in connection with any request concerning Google's data collection practices and disclosures generally, regardless of which Google product or service is at issue. It is well-established that the kind of sweeping cloned discovery Plaintiffs seek is improper,

not proportional, and violates Federal Rule of Civil Procedure 34(b)(1)(A). *See, e.g., In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017) (collecting cases); *see also Goro v. Flowers Foods, Inc.*, 2019 WL 6252499, at *18 (S.D. Cal. Nov. 22, 2019) (seeking "all documents produced in another matter is not generally proper. The propounding party cannot meet its burden to establish relevance [as they are] not in a position to even know what they are actually asking for."). The cloned discovery is particularly unnecessary here where Plaintiffs have propounded 149 RFPs seeking far-reaching discovery from Google.  To satisfy Plaintiffs' request, the parties are currently negotiating a more targeted scope of production for documents provided to regulators.

<u>Google documents from Arizona action:</u> For similar reasons, Plaintiffs' request that Google produce here all discovery it produced to the Arizona Attorney General is baseless. Unlike this case, which concerns web browsing data that Google received while users were in private browsing mode, the Arizona AG's case concerns Google's collection of geolocation data. One case has nothing to do with the other, and the fact that both cases relate to data privacy generally does not justify cloned discovery.

<u>Google custodial documents:</u> Plaintiffs' accusation that Google has delayed custodial productions falls flat. On September 30, 2020, Plaintiffs requested in writing that Google "hold off on the collection, review, and production of custodial documents." After meeting and conferring on Plaintiffs' requests for production, Google informed Plaintiffs that it is willing to engage in custodian and search term negotiations. Only recently, on December 23, 2020, did Plaintiffs inform Google that they would now like to begin those negotiations.

Plaintiffs have sought the names of the hold custodians.  Pursuant to the Court's Checklist for Rule 26(f) Meet and Confer Regarding ESI ("ESI Checklist"), Google has already provided "general job titles" of hold custodians. Google is also preparing and will disclose to Plaintiffs an initial list of proposed ESI custodians.

**IX.   CLASS ACTIONS**

The parties respectfully refer the Court to their respective positions concerning this topic in the Initial Joint Case Management Statement (Dkt. No. 59).

**JOINT CASE MANAGEMENT STATEMENT**

## X. RELATED CASES

The parties respectfully refer the Court to their joint position concerning this topic in the Initial Joint Case Management Statement (Dkt. No. 59).

## XI. RELIEF

The parties respectfully refer the Court to their respective positions concerning this topic in the Initial Joint Case Management Statement (Dkt. No. 59).

## XII. SETTLEMENT AND ADR

No settlement discussions have taken place. Pursuant to ADR Local Rule 3-5 and Civil Local Rule 16-8, on August 19, 2020, the parties met and conferred regarding the available dispute resolution options and filed their respective ADR Certifications. The parties do not believe that ADR is appropriate at this time.

## XIII. CONSENT TO MAGISTRATE FOR ALL PURPOSES

As stated in the Initial Joint Case Management Statement (Dkt. No. 59), the parties respectfully declined to proceed before a Magistrate Judge.

## XIV. OTHER REFERENCES

As stated in the Initial Joint Case Management Statement (Dkt. No. 59), the parties do not believe this case is suitable for reference to binding arbitration or a special master, and it is premature to know whether referral to a special master is appropriate.

## XV. NARROWING OF ISSUES

The parties will continue to consider issues that can be narrowed by agreement or by motion, as well as potential means to expedite the presentation of evidence at trial.

## XVI. EXPEDITED TRIAL PROCEDURE

As stated in the Initial Joint Case Management Statement (Dkt. No. 59), the parties agree that this case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64.

## XVII. PROPOSED CASE SCHEDULE

The Court adopted a case schedule in its September 3, 2020 Case Management Order, Dkt. No. 61, and approved the parties proposed revised MTD briefing schedule (Dkt. No. 73).

## XVIII. TRIAL

The parties respectfully refer the Court to their respective positions concerning this topic in the Initial Joint Case Management Statement (Dkt. No. 59).

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

As stated in the Initial Joint Case Management Statement (Dkt. No. 59), Google filed its Certificate of Interested Entities (Dkt. No. 52).

## XX. PROFESSIONAL CONDUCT

As stated in the Initial Joint Case Management Statement (Dkt. No. 59), all attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER ISSUES

The parties have no other issues which require the Court's attention.

DATED: January 6, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   /s/ *Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com

| | |
|---|---|
| 1 | Thao Thai (CA Bar No. 324672) |
| | thaothai@quinnemanuel.com |
| 2 | 555 Twin Dolphin Drive, 5th Floor |
| | Redwood Shores, CA 94065 |
| 3 | Telephone: (650) 801-5000 |
| 4 | Facsimile: (650) 801-5100 |
| 5 | |
| | William A. Burck (admitted *pro hac vice*) |
| | williamburck@quinnemanuel.com |
| 6 | Josef Ansorge (admitted *pro hac vice*) |
| | josefansorge@quinnemanuel.com |
| 7 | 1300 I. Street, N.W., Suite 900 |
| | Washington, D.C. 20005 |
| 8 | Telephone: 202-538-8000 |
| | Facsimile: 202-538-8100 |
| 9 | |
| 10 | Jomaire A. Crawford (admitted *pro hac vice*) |
| | jomairecrawford@quinnemanuel.com |
| 11 | 51 Madison Avenue, 22nd Floor |
| | New York, NY 10010 |
| 12 | Telephone: (212) 849-7000 |
| | Facsimile: (212) 849-7100 |
| 13 | |
| 14 | Jonathan Tse (CA Bar No. 305468) |
| | jonathantse@quinnemanuel.com |
| 15 | 50 California Street, 22nd Floor |
| | San Francisco, CA 94111 |
| 16 | Telephone: (415) 875-6600 |
| | Facsimile: (415) 875-6700 |
| 17 | |
| 18 | *Attorneys for Defendant* |
| | Google LLC |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

-13-         CASE NO. 5:20-cv-03664-LHK

**JOINT CASE MANAGEMENT STATEMENT**

| | | |
|---|---|---|
| 1 | DATED: January 6, 2021 | SUSMAN GODFREY L.L.P. |
| 2 | | |
| 3 | | By   /s/ *Amanda Bonn* |
| 4 | | Mark C. Mao (CA Bar No. 236165) |
| | | mmao@bsfllp.com |
| 5 | | Sean Phillips Rodriguez (CA Bar No. 262437) |
| | | srodriguez@bsfllp.com |
| 6 | | Beko Rebitz-Richardson (CA Bar No. 238027) |
| 7 | | brichardson@bsfllp.com |
| | | Alexander Justin Konik (CA Bar No. 299291) |
| 8 | | akonik@bsfllp.com |
| | | BOIES SCHILLER FLEXNER LLP |
| 9 | | 44 Montgomery Street, 41st Floor |
| 10 | | San Francisco, CA 94104 |
| | | Telephone: (415) 293 6858 |
| 11 | | Facsimile (415) 999 9695 |
| 12 | | James W. Lee (*pro hac vice*) |
| | | jlee@bsfllp.com |
| 13 | | Rossana Baeza |
| | | rbaeza@bsfllp.com |
| 14 | | BOIES SCHILLER FLEXNER LLP |
| | | 100 SE 2nd Street, Suite 2800 |
| 15 | | Miami, FL 33130 |
| | | Telephone: (305) 539-8400 |
| 16 | | Facsimile: (305) 539-1304 |
| 17 | | William Christopher Carmody (*pro hac vice*) |
| | | bcarmody@susmangodfrey.com |
| 18 | | Shawn J. Rabin (*pro hac vice*) |
| | | srabin@susmangodfrey.com |
| 19 | | Steven Shepard (*pro hac vice*) |
| 20 | | sshepard@susmangodfrey.com |
| | | SUSMAN GODFREY L.L.P. |
| 21 | | 1301 Avenue of the Americas, 32nd Floor |
| | | New York, NY  10019 |
| 22 | | Telephone: (212) 336-8330 |
| 23 | | Amanda Bonn (CA Bar No. 270891) |
| | | abonn@susmangodfrey.com |
| 24 | | SUSMAN GODFREY L.L.P. |
| 25 | | 1900 Avenue of the Stars, Suite 1400 |
| | | Los Angeles, CA 90067 |
| 26 | | Telephone: (310) 789-3100 |
| 27 | | |
| 28 | | |

-14-     CASE NO. 5:20-cv-03664-LHK

**JOINT CASE MANAGEMENT STATEMENT**

01980-00174/12495599.5

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (pro hac vice)
mram@forthepeople.com
Ra O. Amen (pro hac vice)
ramen@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*

## ATTESTATION

I, Amanda Bonn, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: January 6, 2021                    By:   */s/ Amanda Bonn*
                                                 Amanda Bonn