# EXHIBIT B

**CONFIDENTIAL**

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP

2  Diane M. Doolittle (CA Bar No. 142046)          Andrew H. Schapiro (admitted *pro hac vice*)
   dianedoolittle@quinnemanuel.com                 andrewschapiro@quinnemanuel.com
3  Thao Thai (CA Bar No. 324672)                   191 N. Wacker Drive, Suite 2700
   thaothai@quinnemanuel.com                       Chicago, IL 60606
4  555 Twin Dolphin Drive, 5th Floor               Telephone: (312) 705-7400
   Redwood Shores, CA 94065                        Facsimile: (312) 705-7401
5  Telephone: (650) 801-5000
6  Facsimile: (650) 801-5100

7  Stephen A. Broome (CA Bar No. 314605)           William A. Burck (admitted *pro hac vice*)
   sb@quinnemanuel.com                             williamburck@quinnemanuel.com
8  Viola Trebicka (CA Bar No. 269526)              Josef Ansorge (admitted *pro hac vice*)
   violatrebicka@quinnemanuel.com                  josefansorge@quinnemanuel.com
9  865 S. Figueroa Street, 10th Floor              1300 I. Street, N.W., Suite 900
   Los Angeles, CA 90017                           Washington, D.C. 20005
10 Telephone: (213) 443-3000                       Telephone: 202-538-8000
11 Facsimile: (213) 443-3100                       Facsimile: 202-538-8100

12
13 Jonathan Tse (CA Bar No. 305468)
   jonathantse@quinnemanuel.com
14 50 California Street, 22nd Floor
   San Francisco, CA 94111
15 Telephone: (415) 875-6600
   Facsimile: (415) 875-6700

16
17 Attorneys for Defendant Google LLC

18                    UNITED STATES DISTRICT COURT

19          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

20

21  CHASOM BROWN, MARIA NGUYEN,          Case No. 5:20-cv-03664-LHK
    and WILLIAM BYATT, individually and on
22  behalf of all similarly situated,           **DEFENDANT'S RESPONSES AND**
                                                **OBJECTIONS TO PLAINTIFFS' FIRST**
23           Plaintiffs,                        **SET OF REQUESTS FOR PRODUCTION**
                                                **(NOS. 1-19)**
24              v.

25  GOOGLE LLC,

26           Defendant.

27

28

CONFIDENTIAL

1    Pursuant to the Federal Rules of Civil Procedure 26 and 34, Defendant Google LLC
2  ("Google") hereby responds and objects to Plaintiffs' First Set of Requests For Production of
3  Documents (Nos. 1-19). These objections and responses are made solely for the purpose of and in
4  relation to this action, and any production in response will be subject to the Protective Order
5  governing this case. In addition, the objections and responses set forth in this document are based
6  on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may
7  become aware of additional facts or evidence and its analysis of the case may change. Google
8  reserves all rights to supplement and amend its objections and responses accordingly.

9                                    **GENERAL OBJECTIONS**

10   The following objections apply to each and every request for production propounded by
11  Plaintiffs and are incorporated into each of the specific objections by reference as if set forth fully
12  therein:

13   1.    Google objects to Plaintiffs' Definition Nos. 1-7, 9-11 and Instruction Nos. 1-7 to
14  the extent that they seek or purport to require the identification of "any," "all," "each," or "every"
15  document, communication, product, person, circumstance, company, entity, fact, or other thing
16  regarding or relating to a particular subject, as unduly burdensome, overbroad, and not proportional
17  to the needs of the case.

18   2.    Google objects to Plaintiffs' definitions of GOOGLE, YOU, and YOUR and
19  Instruction No. 6 to the extent that they seek to require Google to produce or otherwise analyze any
20  document or other information that is not within the possession, custody, or control of Google.
21  Google further objects to these definitions and instructions to the extent that they purport to impute
22  knowledge of unspecified or unknown parties or persons to Google. Google further objects to these
23  definitions as overly broad, vague, and ambiguous to the extent they purport to include entities other
24  than Google, which is the only named defendant in the present action.  Google further objects to
25  these definitions and instructions to the extent that they include Google's attorneys and, therefore,
26  cause requests using "Google," "Google LLC," "You," and "Your" to improperly seek information
27  protected by the attorney-client privilege, the work product doctrine, the common interest privilege
28  and/or any other applicable privileges or immunities.

RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-19)

**CONFIDENTIAL**

3.      Google objects to Plaintiffs' definitions of COMMUNICATION, DOCUMENT, and DOCUMENTS and Instruction No. 4 to the extent they conflict with the provisions of the ESI Order (ECF No. 80) pertaining to the search and production of documents. Google further objects to each Request to the extent it requires Google to search for electronically stored information in a manner that is inconsistent with the agreements reached in the parties' ESI negotiations.

4.      Google objects to Plaintiffs' definition of PERSONS as overly broad and unduly burdensome in that it purports to include non-human entities, such as "firm, association, organization, partnership, business, trust, corporation, or public entity," and including a business entity's "predecessors, if any (INCLUDING any pre-existing PERSON that at any time became part of that entity after merger or acquisition), successors, parents divisions, subsidiaries, affiliates, franchisors and franchisees, and any other PERSON acting for or on behalf of them."

5.      Google objects to Plaintiffs' definition of IDENTIFY and IDENTITY to the extent that it calls for information protected from discovery by any evidentiary privilege, including without limitation the attorney-client privilege, the work product doctrine, the common interest privilege, or other applicable privileges or immunities recognized by law.  Inadvertent disclosure of any such information shall not be deemed a waiver of any privilege or immunity.  Google also objects to Plaintiffs' definition of "Identify" and Instruction No. 5 to the extent that they seek to require Google to identify privileged communications or documents in a manner more detailed than required by the Federal Rules of Civil Procedure.  Google further objects to Plaintiffs' definition of "Identify" as unduly burdensome in that it lists onerous requirements in identifying a person, document, communication, agreement, or matter.

6.      Google objects to Plaintiffs' definition of REGULATORS as overly broad and unduly burdensome in that it purports to include "all government agencies and regulators that have requested documents or information from Google and/or initiated any investigation or action concerning Google's data collection practices and disclosures," "any written responses," and "privilege logs submitted by Google."

7.      Google objects to Plaintiffs' definitions of INCLUDE, INCLUDING, CONCERNING, RELATE, and RELATING TO to the extent that they propose to alter the plain

RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-19)

CONFIDENTIAL

1   meaning or scope of any specific request and to the extent that such alteration renders the request

2   vague, ambiguous, and overbroad.

3       8.      Google objects to Plaintiffs' Definitions, Instructions, and Requests to the extent that

4   they seek information and/or records that are not reasonably accessible and whose inclusion is not

5   proportional to the needs of the case.

6       9.      Google objects to Plaintiffs' Definitions, Instructions, and Requests to the extent that

7   they conflict with or encompass information and/or records falling outside the scope of discovery

8   under the Federal Rules of Civil Procedure, the local rules of the Northern District of California (the

9   "Civil Local Rules"), or any discovery orders governing this case.

10      10.     Google objects to the undefined use of the term "data" to the extent that it is

11  inaccurate and subject to multiple interpretations; renders the Requests vague, ambiguous, overly

12  broad and unduly burdensome; calls for information not within Google's possession, custody or

13  control; and seeks, or may be construed to seek, to impose obligations inconsistent with the Federal

14  Rules of Civil Procedure, the Civil Local Rules, and/or other applicable law. For purposes of these

15  Responses and Objections, Google shall construe the term "data" to refer to information processed

16  or stored by a computer.

17      11.     Google's responses to these requests are made without waiving or intending to

18  waive, but rather, to the contrary, by preserving and intending to preserve:

19          a.      All questions as to the competence, relevance, materiality, and admissibility

20                  as evidence for any purpose of the information or documents, or the subject

21                  matter thereof, in any aspect of this action or any other court action or judicial

22                  or administrative proceeding or investigation;

23          b.      The right to object on any ground to the use of any such information or

24                  documents, or the subject matter thereof, in any aspect of this action or any

25                  other court action or judicial or administrative proceeding or investigation;

26          c.      The right to object at any time in connection with any further response to this

27                  or any other request for information or production of documents; and

28          d.      The right at any time to supplement its responses.

CONFIDENTIAL

12.     In offering to produce various types of documents, information, or things, Google makes no representation that any such documents, information, or things exist or are actually known (or not known) to exist.

13.     Plaintiffs do not specify the temporal scope of their requests. In agreeing to produce documents, Google will produce documents within the purported Class Period (i.e., June 1, 2016 to the present).

14.     Google has not completed its investigation or discovery in this litigation. Google's Responses and Objections to Plaintiffs' First Set of Requests For Production of Documents (Nos. 1-19) are based upon the information presently known to Google. Google anticipates that future discovery, independent investigation, or analysis will supply additional facts and add meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses set forth herein. Google reserves the right to modify, supplement, withdraw, or otherwise alter its responses to these requests in accordance with the Federal Rules of Civil Procedure, the Civil Local Rules, or any discovery orders governing this case.

15.     For each request where Google states that it will produce documents or information, the production will occur on a rolling basis until the close of fact discovery. Google is unable to produce documents on October 30, 2020 because, among other things, the parties have not yet resolved all outstanding disputes concerning the ESI Protocol.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

Subject to the foregoing objections, Google objects and responds to Plaintiffs' requests as follows:

**REQUEST FOR PRODUCTION NO. 1:**

Documents Google produced, provided, or otherwise disclosed to Regulators in connection with any request, investigation, or action concerning Google's data collection practices and disclosures.

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "concerning Google's data collection practices and disclosures," which is neither self-evident nor defined. Google further objects because Plaintiffs' definition of "Regulators" is overbroad, as it encompasses "all government agencies and regulators that have requested documents or information from Google and/or initiated any investigation or action concerning Google's data collection practices and disclosures," including the Department of Justice, the Federal Trade Commission, the Arizona Attorney General, the Texas Attorney General, the California Attorney General, the Australian Competition & Consumer Commission, and the Commission Nationale de l'Informatique et des Libertés, and therefore makes this request unduly burdensome. Google further objects to this request as overly broad and unduly burdensome because the request seeks documents "in connection with any request, investigation, or action concerning," broadly, "Google's data collection practices and disclosures."  Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and encompasses matters that have no relation to Plaintiffs' central allegations regarding private browsing mode. The fact that Google produced certain documents in other cases does not necessarily make them discoverable in this case. As worded, this request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires that the propounding party "describe with reasonable particularity each item or category of items to be inspected."  Plaintiffs' request for cloned discovery is highly likely to encompass documents that are both irrelevant and immaterial to the claims and defenses in this case. Google would have to review the cloned discovery and determine whether there are any additional privilege or confidentiality issues in producing them to plaintiffs (as opposed to government agencies). Google further objects to this request because Plaintiffs define "Documents" to include "any written responses and privilege logs submitted by Google to the Regulators," which are not relevant to any party's claim or defense in this case.  As such, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this request because it would allow Plaintiffs to bypass the limitations on the scope of discovery

CONFIDENTIAL

1  established by the Federal Rules. For these reasons, Google will not produce documents in response

2  to this request.

3  **REQUEST FOR PRODUCTION NO. 2:**

4       Unredacted versions of the filings (including exhibits and attachments) and all discovery

5  from *State of Arizona ex rel. Mark Brnovich, Attorney General v. Google LLC*, No. CV 2020-

6  006219 (Ariz. Superior Ct. 2020).

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

8       Google incorporates its General Objections as if set forth fully herein. Google further objects

9  to this request as vague and ambiguous as to the meaning of the phrase "all discovery," to the extent

10  it can be interpreted to include documents that may be eventually produced by the Arizona Attorney

11  General. At the time of these responses, there has been no discovery in the matter *State of Arizona*

12  *ex rel. Mark Brnovich, Attorney General v. Google LLC*, No. CV 2020-006219 (Ariz. Superior Ct.

13  2020). However, to the extent there will be discovery in the matter, Google further objects to this

14  request as overly broad and unduly burdensome because the request is not limited in scope and

15  encompasses matters that have no relation to Plaintiffs' central allegations regarding private

16  browsing mode. As worded, this request is improper and in violation of Federal Rule of Civil

17  Procedure 34(b)(1)(A), which requires that the propounding party "describe with reasonable

18  particularity each item or category of items to be inspected." Plaintiffs' request for cloned discovery

19  is highly likely to encompass documents that are both irrelevant and immaterial to the claims and

20  defenses in this case. Google would have to review any cloned discovery and determine whether

21  there are any additional privilege or confidentiality issues in producing them to private plaintiffs (as

22  opposed to government agencies). The request is not proportional to the needs of the case, and the

23  burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not

24  produce documents in response to this request.

25  **REQUEST FOR PRODUCTION NO. 3:**

26       Documents concerning the purpose and function of Incognito mode.

27

28

**CONFIDENTIAL**

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2        Google incorporates its General Objections as if set forth fully herein. Google further objects

3    to this request as vague and ambiguous as to the meaning of the phrase "function of Incognito

4    mode," which is neither self-evident nor defined. For purposes of responding to this request, Google

5    assumes that "Incognito mode" means Google Chrome's Incognito private browsing mode and that

6    the "function" of Incognito mode is synonymous with the purpose of Incognito mode.  Google

7    further objects to this request as overly broad and unduly burdensome because the request is not

8    limited in scope. Incognito mode has many different aspects that have nothing to do with the central

9    allegation in this case—namely, the purportedly unauthorized collection of certain browsing activity

10   data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in

11   private browsing mode while signed out of their Google Account. Further, Google discloses

12   information about Chrome's Incognito mode, including its purpose, in various publicly-available

13   sources, such as within Chrome itself upon opening Incognito mode, the Google Chrome Help

14   Center, and the Google Chrome Privacy Notice.  Therefore, Plaintiffs can obtain certain responsive

15   information from publicly-available sources. For these reasons, the request is not proportional to the

16   needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

17       Subject to and without waiving the foregoing objections, Google responds as follows:

18   Google will produce non-privileged, non-work product, responsive documents sufficient to show

19   the purpose of Chrome's Incognito mode, to the extent that such documents exist, are within

20   Google's possession, custody, or control, and can be located following a reasonable search.

21   **REQUEST FOR PRODUCTION NO. 4:**

22       Documents concerning Google's disclosures and statements regarding Incognito mode.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

24       Google incorporates its General Objections as if set forth fully herein. Google further objects

25   to this request as vague and ambiguous as to the meaning of the phrase "disclosures and statements

26   regarding Incognito mode," which is neither self-evident nor defined. For example, Plaintiffs do not

27   specify whether this request seeks public disclosures and statements or otherwise. For purposes of

28   responding to this request, Google assumes that "Incognito mode" means Google Chrome's

CONFIDENTIAL

1   Incognito private browsing mode and that "disclosures and statements" means public-facing

2   statements by Google. Google further objects to this request as overly broad and unduly burdensome

3   because the request is not limited in scope, and seeks all documents "regarding" Incognito mode.

4   Incognito mode has many different aspects that have nothing to do with the central allegation in this

5   case—namely, the purportedly unauthorized collection of certain browsing activity data by Google

6   Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private

7   browsing mode and signed out of their Google Account. Further, Google's disclosures and

8   statements regarding Chrome's Incognito mode can be found in various publicly-available sources,

9   such as within Chrome itself upon opening Incognito mode, the Google Chrome Help Center, and

10  the Google Chrome Privacy Notice. Therefore, Plaintiffs can obtain certain responsive information

11  from publicly-available sources. For these reasons, the request is not proportional to the needs of

12  the case, and the burden of the proposed discovery outweighs any likely benefit.

13          Subject to and without waiving the foregoing objections, Google responds as follows:

14  Google will produce public disclosures or statements made by Google regarding Chrome's

15  Incognito mode from June 1, 2016 to the present, to the extent that such documents exist, are within

16  Google's possession, custody, or control, and can be located following a reasonable search.

17  **REQUEST FOR PRODUCTION NO. 5:**

18          Documents concerning any Google disclosures and statements regarding Google's receipt

19  of data while users are in a private browsing mode, including Incognito mode.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

21          Google incorporates its General Objections as if set forth fully herein. Google further objects

22  to this request as vague and ambiguous as to the meaning of the phrase "disclosures and statements."

23  For example, Plaintiffs do not specify whether this request seeks public disclosures and statements

24  or otherwise. For purposes of responding to this request, Google assumes that "disclosures and

25  statements" means public-facing statements by Google. Google further objects to the phrase

26  "Google's receipt of data" because Plaintiffs do not clarify what kind of "data" and which "Google"

27  product this request concerns. Therefore, Google assumes that this request seeks documents related

28  to the public disclosures related to Plaintiffs' central allegation in this case—the collection of certain

CONFIDENTIAL

1  browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting

2  certain websites in private browsing mode while signed out of their Google Account. Google's

3  disclosures and statements regarding Google's receipt of data can be found in various publicly-

4  available sources, such as Google's Privacy Policy and Google Analytics Help Center, and for

5  Chrome Incognito, the Google Chrome Privacy Notice. Archived versions of past Privacy Policies

6  and Chrome Privacy Notices are also public. Therefore, Plaintiffs can obtain responsive information

7  from publicly-available sources. For these reasons, the request is not proportional to the needs of

8  the case, and the burden of the proposed discovery outweighs any likely benefit.

9       Subject to and without waiving the foregoing objections, Google responds as follows:

10  Google will produce public disclosures or statements made by Google regarding Google Analytics'

11  and Google Ad Manager's receipt of data while users are in a private browsing mode from June 1,

12  2016 to the present, to the extent that such documents exist, are within Google's possession, custody,

13  or control, and can be located following a reasonable search.

14  **REQUEST FOR PRODUCTION NO. 6:**

15       Documents Google contends evidence or indicate consent to the Google conduct at issue.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

17       Google incorporates its General Objections as if set forth fully herein. Google further objects

18  to this request as vague and ambiguous as to the meaning of "Google conduct at issue," which is

19  neither self-evident nor defined. For purposes of responding to this request, Google assumes that

20  the "conduct at issue" refers to the allegation in the First Amended Complaint that Google Analytics

21  and Google Ad Manager purportedly collected, without authorization, certain browsing activity data

22  while Plaintiffs were browsing certain websites in private browsing mode while signed out of their

23  Google Account. Google clearly discloses to users, including Plaintiffs, its data collection practices

24  in its past and current Privacy Policies as well as in other public disclosures.  Therefore, Plaintiffs

25  can obtain certain responsive information from publicly-available sources.  Google further objects

26  insofar as this request seeks documents related to Plaintiffs' consent, many of which are in Plaintiffs'

27  possession, custody, or control. For these reasons, the request is not proportional to the needs of the

28  case, and the burden of the proposed discovery outweighs any likely benefit. Likewise, Google

CONFIDENTIAL

1  objects to the request as premature to the extent that it seeks documents supporting Google's

2  "conten[tions]" before Google has had the opportunity to conduct full discovery.

3        Subject to and without waiving the foregoing objections, Google responds as follows:

4  Google will produce non-privileged, non-work product, responsive documents showing that users

5  accepted, acknowledged, agreed to, or consented to Google Analytics' and Google Ad Manager's

6  purported collection of certain data while Plaintiffs were browsing certain websites in private

7  browsing mode while signed out of their Google Account, to the extent that such documents exist,

8  are within Google's possession, custody, or control, and can be located following a reasonable

9  search.

10  **REQUEST FOR PRODUCTION NO. 7:**

11        Documents sufficient to show all the ways in which Google collects data while users are in

12  a private browsing mode, including Incognito mode.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

14        Google incorporates its General Objections as if set forth fully herein. Google further objects

15  to this request as vague and ambiguous as to the meaning of the phrase "all the ways in which

16  Google collects data," which is neither self-evident nor defined. For purposes of responding to this

17  request, Google assumes that "all the ways in which Google collects data" means the ways by which

18  Google Analytics and Google Ad Manager purportedly collect certain browsing activity data while

19  Plaintiffs visit certain websites in private browsing mode. Google clearly discloses to users,

20  including Plaintiffs, its data collection practices in its Privacy Policies (both past and current) as

21  well as in other public disclosures. Further, Google Analytics and Google Ad Manager also disclose

22  to websites that use those services the ways in which user browsing information is collected.  To the

23  extent that this request seeks the privacy policies of the websites that use Google Analytics and

24  Google Ad Manager, those policies are public and readily available to Plaintiffs. Therefore,

25  Plaintiffs can obtain certain responsive information from publicly-available sources.  For these

26  reasons, the request is not proportional to the needs of the case, and the burden of the proposed

27  discovery outweighs any likely benefit.

28

**CONFIDENTIAL**

1    Subject to and without waiving the foregoing objections, Google responds as follows:

2  Google will produce non-privileged, non-work product, responsive documents sufficient to show

3  the ways in which Google Analytics and Google Ad Manager collect browsing information while

4  users are using a private browsing mode from June 1, 2016 to the present, to the extent that such

5  documents exist, are within Google's possession, custody, or control, and can be located following

6  a reasonable search.

7  **REQUEST FOR PRODUCTION NO. 8:**

8    Documents sufficient to identify all data Google collects while users are in a private

9  browsing mode, including Incognito mode.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11    Google incorporates its General Objections as if set forth fully herein. Google further objects

12  to this request as vague and ambiguous as to the meaning of the phrase "identify all data Google

13  collects," which is neither self-evident nor defined. For purposes of responding to this request,

14  Google assumes that "identify all data Google collects" means the category or type of browsing

15  activity data that Google Analytics and Google Ad Manager purportedly collect while users browse

16  in private browsing mode. Google assumes that Plaintiffs are not requesting individual user-level

17  data. Google clearly discloses to users, including Plaintiffs, its data collection practices, including

18  the category or type of data Google collects, in its past and current Privacy Policies as well as in

19  other public disclosures. Therefore, Plaintiffs can obtain certain responsive information from

20  publicly-available sources. For these reasons, the request is not proportional to the needs of the case,

21  and the burden of the proposed discovery outweighs any likely benefit.

22    Subject to and without waiving the foregoing objections, Google responds as follows:

23  Google will produce non-privileged, non-work product, responsive documents sufficient to identify

24  the types of data Google Analytics and Google Ad Manager collected while users were using a

25  private browsing mode from June 1, 2016 to the present, to the extent that such documents exist, are

26  within Google's possession, custody, or control, and can be located following a reasonable search.

27

28

RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-19)

CONFIDENTIAL

1   **REQUEST FOR PRODUCTION NO. 9:**

2   Documents sufficient to show all the ways in which Google uses data collected while users

3   are in a private browsing mode, including Incognito mode.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

5   Google incorporates its General Objections as if set forth fully herein. Google further objects

6   to this request as vague and ambiguous as to the meaning of the phrases "ways in which Google

7   uses" and "data collected while users are in a private browsing mode," which are neither self-evident

8   nor defined. For purposes of responding to this request, Google assumes that Plaintiffs seek

9   documents sufficient to show whether and how Google Analytics and Google Ad Manager use the

10  browsing activity data purportedly obtained without Plaintiffs' agreement while Plaintiffs were

11  visiting certain websites in private browsing mode. Google clearly discloses to users, including

12  Plaintiffs, its data collection and use practices in its past and current Privacy Policies as well as in

13  other public disclosures. Therefore, Plaintiffs can obtain responsive information from publicly-

14  available sources. For these reasons, the request is not proportional to the needs of the case, and the

15  burden of the proposed discovery outweighs any likely benefit.

16  Subject to and without waiving the foregoing objections, Google responds as follows:

17  Google will produce non-privileged, non-work product, responsive documents sufficient to show

18  how Google Analytics and Google Ad Manager may use data those services collect while users are

19  using a private browsing mode from June 1, 2016 to the present, to the extent that such documents

20  exist, are within Google's possession, custody, or control, and can be located following a reasonable

21  search.

22  **REQUEST FOR PRODUCTION NO. 10:**

23  Documents sufficient to identify all alleged class members, including all electronic or

24  physical address information associated with alleged class members.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

26  Google incorporates its General Objections as if set forth fully herein. Google further objects

27  to this request because it seeks the identity of "alleged class members," which, as described in the

28  First Amended Complaint, is not ascertainable. With certain limited exclusions, the Amended

RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-19)

CONFIDENTIAL

Complaint defines the class members (at ¶192) as consisting of "[a]ll individuals with either a Google account who accessed a website containing Google Analytics or Google Ad Manager using any non-Android device" or "Android device owners who "accessed a website containing Google Analytics or Google Ad Manager using such device," "who were (a) in 'private browsing mode' in that device's browser, and (b) were not logged into their Google account on that device's browser." However, Google does not associate Google Account holders' electronic or physical address information with their logged-out browsing activities. Neither Google Analytics nor Google Ad Manager differentiates between data collected while a user was using private browsing mode or not. As such, Google does not maintain documents or data in the ordinary course of business that would allow it to "identify all alleged class members," which are limited to users in private browsing mode who were not logged into their Google Account. Google further objects to this request because it seeks highly sensitive and personal information not relevant to establishing any party's claim or defense. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539-40 (9th Cir. 2020) (holding that pursuant to the Supreme Court's decision in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–53, 98 S. Ct. 2380, 2389–90 (1978), "seeking discovery of the name of a class member… is not relevant within the meaning of [Rule 26(b)(1)], and it is even less relevant where no class has been certified"). Class certification has not been granted in this case, and seeking this information now is premature. For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify Google's current and former officers, directors, managers, employees and consultants with knowledge of the alleged Google conduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "knowledge of the alleged Google conduct," which is neither self-evident nor defined. First, Google denies that the impropriety alleged in the First Amended Complaint—unauthorized collection of private data —occurred at all. Second, to the extent that this request refers instead to knowledge of certain basic facts alleged in the First Amended Complaint, it is unclear whether Plaintiffs seek identification of any individual

RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-19)

with any level of "knowledge," however small. This exercise would be burdensome and not proportional to the needs of the case. Third, if this request refers to all alleged Google conduct in the First Amended Complaint, which is 69 pages long and describes and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy, Google objects to this request as overly broad and unduly burdensome. That a set of individuals may have "knowledge," however that is defined, of a matter alleged in the First Amended Complaint is not sufficient ground to impose such a burden on Google. Google further objects because Plaintiffs' definition of "identify" (encompassing address, phone number, etc.) makes this request unduly burdensome and overly broad. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, responsive documents sufficient to identify current Google personnel with responsibility for the relevant conduct relating to Google Chrome, Google Analytics, and Google Ad Manager, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

## REQUEST FOR PRODUCTION NO. 12:

Documents sufficient to show the roles and responsibilities of and supervisory relationship between Google's current and former officers, directors, managers, employees and consultants with knowledge of the alleged Google conduct.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "knowledge of the alleged Google conduct," which is neither self-evident nor defined. First, Google denies that the impropriety alleged in the First Amended Complaint—unauthorized collection of private data—occurred at all. Second, to the extent that this request refers instead to knowledge of certain basic facts alleged in the First Amended Complaint, it is unclear whether Plaintiffs seek identification of any individual with any level of "knowledge," however small. This exercise would be burdensome and not proportional to the needs of the case. Third, if this request refers to all alleged Google conduct in

CONFIDENTIAL

1   the First Amended Complaint, which is 69 pages long and describes and alleges a myriad of facts

2   that have no relationship to the purported violations Plaintiffs seek to remedy, Google objects to this

3   request as overly broad and unduly burdensome. That a set of individuals may have "knowledge,"

4   however that is defined, of a matter alleged in the First Amended Complaint is not sufficient ground

5   to impose such a burden on Google. For these reasons, the request is not proportional to the needs

6   of the case, and the burden of the proposed discovery outweighs any likely benefit.

7       Subject to and without waiving the foregoing objections, Google responds as follows:

8   Google will produce non-privileged, non-work product, responsive documents sufficient to show

9   the roles of current Google personnel with responsibility for the relevant conduct relating to Google

10   Chrome, Google Analytics, and Google Ad Manager, to the extent that such documents exist, are

11   within Google's possession, custody, or control, and can be located following a reasonable search.

12   **REQUEST FOR PRODUCTION NO. 13:**

13       Handouts and presentations to or from any Google C-level executive or board member and

14   committee or board meeting minutes discussing any private browsing mode, including Incognito

15   mode.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

17       Google incorporates its General Objections as if set forth fully herein. Google further objects

18   to this request as vague and ambiguous as to the meaning of the phrase "Google C-level executive,"

19   which is neither self-evident nor defined. Google further objects to this request as overly broad and

20   unduly burdensome because the request is not limited in scope. Private browsing modes have many

21   different aspects that have nothing to do with the central allegations in this case—namely, Google

22   Analytics' and Google Ad Manager's purportedly unauthorized collection of certain browsing

23   activity data while Plaintiffs were browsing certain websites in private browsing mode while signed

24   out of their Google Account. Google further objects to this request to the extent it seeks information

25   protected from discovery by the attorney-client privilege, work-product doctrine, the common-

26   interest privilege, or any other privilege or immunity. Google further objects to this request as

27   overbroad because it seeks information regarding "any private browsing mode" for any browser,

28   even those which no Plaintiff has alleged he or she used to browse privately. Thus, the request is

CONFIDENTIAL

1  not proportional to the needs of the case, and the burden of the proposed discovery outweighs any

2  likely benefit. For these reasons, Google will not produce documents in response to this request.

3  **REQUEST FOR PRODUCTION NO. 14:**

4      Documents concerning Google's December 2008 launch of Incognito mode, including

5  Google's reasons for launching Incognito mode, Google's anticipated benefits from Incognito

6  mode, Google's disclosures in connection with the launch of Incognito mode, and Google's data

7  collection practices in connection with launching Incognito mode.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

9      Google incorporates its General Objections as if set forth fully herein. Google further objects

10  to this request as vague and ambiguous as to the meaning of the phrases "anticipated benefits from

11  Incognito mode," "disclosures in connection with the launch of Incognito mode," and "data

12  collection practices in connection with launching Incognito mode," which are neither self-evident

13  nor defined. For purposes of responding to this request, Google assumes that "Incognito mode"

14  means Google Chrome's Incognito private browsing mode. Google further objects to this request as

15  overly broad and unduly burdensome because the request is not limited in scope, and seeks all

16  documents "concerning" Incognito mode. Incognito mode has many different aspects that have

17  nothing to do with the central allegations in this case—namely, the purportedly unauthorized

18  collection of certain browsing activity data by Google Analytics and Google Ad Manager while

19  Plaintiffs were visiting certain websites in private browsing mode and signed out of their Google

20  Account. Google also objects to this request to the extent it is designed to seek information protected

21  from discovery by the attorney-client privilege, work-product doctrine, the common-interest

22  privilege, or any other privilege or immunity. Google further objects to this request because seeking

23  documents related to the "December 2008 launch," almost 8 years before the Class Period (i.e., June

24  1, 2016), is not proportional to the needs of the case. Plaintiffs' allegations of purportedly

25  unauthorized collection are limited (at best) to June 1, 2016 to the present. The data collection

26  practices of 2008 are irrelevant to the claims and defenses in this action; therefore, the likelihood of

27  obtaining responsive information from the 2008 period, if any, outweighs the burden of providing

28  it.

**CONFIDENTIAL**

1    Subject to and without waiving the foregoing objections, Google responds as follows:

2  Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and

3  to appropriately narrow the scope of this request.

4  **REQUEST FOR PRODUCTION NO. 15:**

5    Documents concerning the launch of private browsing modes for Safari (2005), Internet

6  Explorer (2009), Mozilla Firefox (2009), Opera (2010), Amazon Silk (2014), Microsoft Edge

7  (2015), and Brave (2019), including any changes to Google's disclosures and data collection

8  practices in connection with those private browsing modes.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

10    Google incorporates its General Objections as if set forth fully herein. Google objects to this

11  request as vague and ambiguous as to the meaning of the phrase "Google's disclosures and data

12  collection practices," which is neither self-evident nor defined. Google further objects to this request

13  as overly broad and unduly burdensome because the request is not limited in scope, and seeks all

14  documents "concerning" the "launch of [various] private browsing modes" related to browsers

15  owned by third parties and that Google does not control. To the extent documents about the launch

16  of third party browsers are relevant (they are not), these documents are unlikely to be in Google's

17  possession, custody, or control. Google objects to this request to the extent it seeks information

18  protected from discovery by the attorney-client privilege, work-product doctrine, the common-

19  interest privilege, or any other privilege or immunity. Google further objects to this request as overly

20  broad and unduly burdensome in seeking documents concerning events that occurred as early as

21  2005, eleven years before the June 1, 2016 start of the Class Period. Moreover, this request seeks

22  information regarding web browsers that no plaintiff has alleged he or she has used (including

23  Internet Explorer, Mozilla Firefox, Opera, Amazon Silk, and Brave). Google further objects to this

24  request as overly broad and unduly burden in seeking *any* changes "to Google's disclosures and data

25  collection practices in connection with those private browsing modes" since changes to Google's

26  disclosures or practices years before the start of the Class Period have no relevance to Plaintiffs'

27  claims that Google made certain promises during the relevant time period and breached those

28  promises. Thus, the request is not proportional to the needs of the case, and the burden of the

**CONFIDENTIAL**

1  proposed discovery outweighs any likely benefit.  For these reasons, Google will not produce

2  documents in response to this request.

3  **REQUEST FOR PRODUCTION NO. 16:**

4      Documents concerning each change Google has made, is making, has considered or is

5  considering with respect to its privacy and data-collection disclosures and practices in connection

6  with any private browsing mode, including Incognito mode, and Google's reason(s) for each change.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

8      Google incorporates its General Objections as if set forth fully herein. Google further objects

9  to this request as vague and ambiguous as to the meaning of the phrase "has considered or is

10  considering," which doesn't clarify whether it is limited to formal consideration given to policy

11  changes or whether it would encompass even informal discussions about changes considered, which

12  would be impossible to capture and would increase the burden. Google also objects to the phrase

13  "privacy and data-collection disclosures and practices" as vague and ambiguous, as it could refer to

14  documents other than formal policies related to privacy. For purposes of responding to this request,

15  Google will assume that by "privacy and data-collection disclosures and practices" Plaintiffs mean

16  to refer to Google's Privacy Policy and the Google Chrome Privacy Notice. Even this clarification

17  does not lessen the burden in responding to this request, since the request appears to be designed to

18  seek information protected from discovery by the attorney-client privilege, work-product doctrine,

19  the common-interest privilege, or any other privilege or immunity. Google's past and present

20  Privacy Policies and Chrome Privacy Notices are publicly available, including clear comparisons

21  among the Privacy Policies that reflect changes made. Therefore, Plaintiffs can obtain the

22  information they seek from publicly-available sources. For these reasons, the request is not

23  proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely

24  benefit.

25      Subject to and without waiving the foregoing objections, Google responds as follows:

26  Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and

27  to appropriately narrow the scope of this request.

28

CONFIDENTIAL

1  **REQUEST FOR PRODUCTION NO. 17:**

2      Documents discussing, analyzing, or evaluating any of the rights and claims asserted in this

3  lawsuit.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

5      Google incorporates its General Objections as if set forth fully herein. Google further objects

6  to this request as vague and ambiguous as to the meaning of the phrase "rights and claims asserted

7  in this lawsuit," which is neither self-evident nor defined. For purposes of responding to this request,

8  Google assumes that "rights and claims asserted in this lawsuit" means the claims asserted in the

9  First Amended Complaint arising from Google Analytics' and Google Ad Manager's purported

10  collection, without authorization, of certain data while Plaintiffs were browsing certain websites in

11  private browsing mode, for which Plaintiffs seek relief. Google further objects to this request

12  because it appears to be designed to seek information protected from discovery by the attorney-

13  client privilege, work-product doctrine, the common-interest privilege, or any other privilege or

14  immunity. The request is not proportional to the needs of the case, and the burden of the proposed

15  discovery outweighs any likely benefit. For these reasons, Google will not produce documents in

16  response to this request.

17  **REQUEST FOR PRODUCTION NO. 18:**

18      Documents concerning Plaintiffs, including Plaintiffs' use of Google services, all data

19  collected by Google from and regarding Plaintiffs, and Google's use of all data collected by Google

20  from and regarding Plaintiffs.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

22      Google incorporates its General Objections as if set forth fully herein. Google further objects

23  to this request as vague and ambiguous, and potentially overbroad, as to the meaning of the phrases

24  "Plaintiffs' use of Google services," without defining which services, and "all data collected by

25  Google from and regarding Plaintiffs," without defining the type of data or the Google service

26  allegedly collecting the data. To the extent Plaintiffs seek all data related to their browsing activity,

27  however attenuated the relationship to the Google services at issue in this case, the request is not

28  proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely

**CONFIDENTIAL**

benefit. In any event, Google is unable to identify, preserve, or collect the relevant data for the Plaintiffs in the absence of Google Account IDs (e.g. Gmail address), which Plaintiffs have not provided.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to preserve and collect data associated with Plaintiffs' Google Accounts and Google Account IDs. Google agrees to produce such data, subject to Plaintiffs identifying what relevant information they are seeking. Google is prepared to meet and confer with Plaintiffs on any related information sought to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show Google's past and present policy(ies) or practice(s) concerning the retention or destruction of Documents, including Documents concerning Google's collection of data while users are in a private browsing mode, use of such data, and identification of class members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Google incorporates its General Objections as if set forth fully herein. Google objects to this request as vague and ambiguous as to the meaning of the phrase "concerning Google's collection of data," which is neither self-evident nor defined. For purposes of responding to this request, Google assumes that "Google's collection of data" means the category or type of browsing activity data that Google Analytics and Google Ad Manager purportedly collected while users browse in private browsing mode. Google further objects to this request because Google's document retention and destruction policies and/or practices are not relevant to Plaintiffs' central allegation that Google collects data while users are using private browsing mode from June 1, 2016 to the present. Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce documents in response to this request.

**CONFIDENTIAL**

DATED:  October 30, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  _____/s/ Andrew H. Schapiro_____

Andrew H. Schapiro (*pro hac vice* pending)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant* Google LLC

RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-19)

CONFIDENTIAL

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

3      At the time of service, I was over 18 years of age and not a party to this action.  I am

4  employed in the County of San Francisco, State of California.  My business address is 50 California

5  St., 22nd Floor, San Francisco, CA 94111.

6      On October 30, 2020, I served true copies of the following document(s) described as

7  **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF**

8  **REQUESTS FOR PRODUCTION (NOS. 1-19)** on the interested parties in this action as follows:

9      **SEE ATTACHED LIST**

10      **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I transmitted PDF format copies of

11  the document(s) described above to the e-mail addresses on the attached Service List pursuant to

12  the agreement between the parties to serve discovery, in lieu of other service methods, by email

13  under Fed. R. Civ. P. 5(b)(2)(E) (*see* Joint Case Management Statement § 8.b, Docket No. 44).

14  The documents were transmitted by electronic transmission and such transmission was reported as

15  complete and without error.

16      I declare under penalty of perjury under the laws of the United States of America that the

17  foregoing is true and correct and that I am employed in the office of a member of the bar of this

18  Court at whose direction the service was made.

19      Executed on October 30, 2020 at San Francisco, California.

20

21

22      /s/ *Jonathan Tse*
        Jonathan Tse

23

24

25

26

27

28

**CONFIDENTIAL**

1   **SERVICE LIST**

2   *Brown v. Google LLC*

3   *Case No. 5:20-cv-03664-LHK*

4   *Attorneys for Plaintiffs Chasom Brown et al.*   BOIES SCHILLER FLEXNER LLP

5

6   Mark C. Mao, CA Bar No. 236165
    Sean P. Rodriguez, CA Bar No. 262437

7   Beko Richardson, CA Bar No. 238027
    Antonio Lavalle Ingram, II

8   Alexander Justin Konik
    **BOIES SCHILLER FLEXNER LLP**

9   44 Montgomery St., 41st Floor
    San Francisco, CA 94104

10  Tel.: (415) 293-6800
    Fax: (415) 293-6899

11  mmao@bsfllp.com
    srodriguez@bsfllp.com

12  brichardson@bsfllp.com
    aingram@bsfllp.com

13  akonik@bsfllp.com
    mmao@bsfllp.com

14

15  James Lee (admitted pro hac vice)
    Rossana Baeza (admitted pro hac vice)

16  **BOIES SCHILLER FLEXNER LLP**
    100 SE 2nd St., 28th Floor

17  Miami, FL 33131

18  Tel.: (305) 539-8400
    Fax: (303) 539-1307

19  jlee@bsfllp.com
    rbaeza@bsfllp.com

20

21  Amanda K. Bonn, CA Bar No. 270891
    **SUSMAN GODFREY L.L.P**

22  1900 Avenue of the Stars, Suite 1400
    Los Angeles, CA. 90067

23  Tel: (310) 789-3100
    Fax: (310) 789-3150

24  abonn@susmangodfrey.com

25

26  William S. Carmody (admitted pro hac vice)
    Shawn Rabin (admitted pro hac vice)

27  Steven M. Shepard (admitted pro hac vice)
    **SUSMAN GODFREY L.L.P.**

28  1301 Avenue of the Americas, 32nd Floor

-24-   Case No. 5:20-cv-03664-LHK

**CONFIDENTIAL**

New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Ra Olusegun Amen (admitted pro hac vice)
Jean Sutton Martin (admitted pro hac vice)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
ramen@forthepeople.com

*Attorneys for Plaintiffs*