# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 5:20-cv-03664-LHK<br><br>**DECLARATION OF JESSE ADKINS IN RESPONSE TO COURT'S REQUEST**<br><br>Judge:   Honorable Lucy H. Koh |

I, Jesse Adkins, declare as follows:

1. I am a Product Manager at Google and lead the Search Ads Syndication team. My responsibilities include product management for Google's Programmable Search Engine and AdSense for Search. I submit this declaration in response to the Court's request at the February 25, 2021 hearing on Google's motion to dismiss in the above-captioned matter. The facts below are based on my personal knowledge and/or discussions with my colleagues at Google.

2. I understand that, at the hearing, the Court asked questions about the Court's use of Google advertising services, and asked Google to clarify the information that Google receives as a result of the Court's use of certain scripts on its website (https://cand.uscourts.gov/) that call Google services, and Google's use of such information.

**The Court's Programmable Search Engine**

3. The Court has installed scripts on its website that can be viewed by using the publicly-available "Developer Tools" function within the Chrome browser, which allows any user to see the third-party scripts installed on a website.

4. Two scripts on the Court's website relate to the Court's use of a Google product called Programmable Search Engine ("ProSE").[1] ProSE allows website owners to include a Google-powered search engine on their website to help visitors find the information they're looking for. Website owners set certain parameters for ProSE. For example, they can choose to limit the search results that Google displays to only the website's content.

5. Websites may choose to use a free, ad-supported version of ProSE ("Standard version"), or various paid versions of ProSE.[2] In addition, a free version of ProSE without any ads is available to nonprofits, including government entities ("Nonprofit version").[3] Government entities may register for

---

[1] More information of ProSE is available online at https://programmablesearchengine.google.com/about/.

[2] *See* https://support.google.com/programmable-search/answer/9069107?hl=en&ref_topic=4513742.

[3] *See* https://support.google.com/programmable-search/answer/4542102#zippy=%2Cto-register-as-a-nonprofit.

the Nonprofit version of ProSE through a Google webform.[4] The Nonprofit version of ProSE does not display advertisements with search results.  All customers using a version of ProSE must agree to its Terms of Service.[5]

6. For all versions of ProSE, websites install JavaScript or similar programming scripts onto their website which renders a Google search box. This is the search box on the top right-hand corner of the Court's website:



7. The Court has two active ProSE engines configured for its website. In 2015, the Court installed the Standard version of ProSE on its website. The two ProSE scripts on the Court's website reside in an AdSense directory because the Standard version of ProSE relies on the AdSense for Search service to provide ads functionality for customers that choose to run the free, ad-supported version of ProSE.

8. In May 2019, an individual who presented themselves to Google as the Director of IT for the Court completed a Google web form to request approval to convert the Court's Standard version of ProSE to the Nonprofit version. Google approved that request.

9. However, also in May 2019, the Court configured a second Standard version of ProSE for its website. It does show ads with search results and appears to be in active use on the Court's website.

**The Data Google Receives from the Court's Programmable Search Engine**

10. When a user runs a query in the Court's ProSE search box, a GET request is sent directly to Google servers so that Google can return the search results. This is similar to the technological process that would occur if the user was running a search on Google.com, with the exception that the Court's

---

[4] *See* https://docs.google.com/forms/d/e/1FAIpQLSfLQlCbm7DwxawuFMup22uFfIbT1ZznWpYeCIN4fKI6bnCsvQ/viewform.

[5] *See* https://support.google.com/programmable-search/answer/1714300.

chosen ProSE parameters are applied against the search (*e.g.*, limiting the search results to only the Court's website's content).

11. All queries sent to Google from the search box are processed using Google's search engine and the results are displayed on the search result page. With the Standard version of ProSE, ad requests are also sent to Google as part of the request and advertisements also appear on the search results page.

12. Thus, when a user runs a search query in the Court's ProSE, Google receives information similar to that which it would receive if the search were run on Google.com. The exact categories of information Google receives depend on the user's browser, mode, and settings, but may include the categories of information described in Google's Privacy Policy, such as the user's search query, query or URL parameters, user cookies, IP address, referring page (if available), and HTTP headers.

13. Google uses and protects the information sent from the Court's ProSE Engine consistent with the ProSE Terms of Service and its Privacy Policy. For example, Google uses the information to return relevant search results to the Court's website, to serve relevant advertising, and maintain and improve Google services.

14. If the Court were to configure only the Nonprofit version of ProSE for its website, as opposed to the Standard version of ProSE that is currently configured on its website, Google would not use this information for advertising.

15. The Court does not have Google Analytics or Google Ad Manager installed on its website.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in Pittsburgh, Pennsylvania on March 1, 2021.

_____
Jesse Adkins