| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165<br>Sean P. Rodriguez, CA Bar No. 262437<br>Beko Richardson, CA Bar No. 238027<br>**BOIES SCHILLER FLEXNER LLP**<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>Fax: (415) 293-6899<br>mmao@bsfllp.com<br>srodriguez@bsfllp.com<br>brichardson@bsfllp.com | William S. Carmody (admitted *pro hac vice*)<br>Shawn Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>Alexander Frawley (admitted *pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019-6023<br>Tel.: (212) 336-8330<br>Fax: (212) 336-8340<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com |
| James Lee (admitted *pro hac vice*)<br>Rossana Baeza (admitted *pro hac vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>Fax: (303) 539-1307<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com | John A. Yanchunis (admitted *pro hac vice*)<br>Michael F. Ram CA Bar No. 104805<br>Ryan J. McGee (admitted *pro hac vice*)<br>**MORGAN & MORGAN**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>mram@forthepeople.com<br>rmcgee@forthepeople.com |
| Amanda K. Bonn, CA Bar No. 270891<br>**SUSMAN GODFREY L.L.P**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA. 90067<br>Tel: (310) 789-3100<br>Fax: (310) 789-3150<br>abonn@susmangodfrey.com | |

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all other similarly situated,<br><br>         Plaintiffs,<br>   v.<br><br>GOOGLE LLC,<br><br>         Defendant. | Case No.  5:20-cv-03664-LHK<br><br>**PLAINTIFFS' RESPONSE TO GOOGLE'S FEBRUARY 26 AND MARCH 1 DECLARATIONS** |

Pursuant to the Court's Orders (Dkts. 109 & 110), Plaintiffs respectfully submit this brief response to the two declarations filed by Google (Dkt. 106 & 107).

Google's filings are remarkable both for what they admit and omit. Google admits that it uses traffic to this Court's website "to serve relevant advertising, and maintain and improve Google services"—whatever that means. Dkt. 107 ¶ 13. Yet Google's filings provide no support for Google's motion to dismiss and in fact raise more questions than they answer. Google did not meaningfully answer the Court's questions, nor did Google answer questions that Plaintiffs sent to Google via email. *See* Ex. A at app. B. To obtain those answers, Plaintiffs have served Google with a Rule 30(b)(6) deposition notice. Ex. A. Plaintiffs' counsel hope that Google will cooperate in scheduling this deposition promptly and without the need for motion practice.

**First**, Google failed to meaningfully respond to the Court's requests. The Court requested a declaration regarding "exactly what the company [Google] is doing with users' information" from the Court's website. Hearing Tr. at 54:8-9; *see also id.* at 56:25-57:2 ("I would like a declaration about exactly what Google does … with users' information who visit the Court's website"); *id.* at 58:13-16 ("I would like a declaration from Google about what information they are collecting about users who visit the Court's website and what that is used for in any way in enhancing user profile data or in targeted advertising").

In response, Google identified certain Google code (or "scripts") embedded in the Court's website (the "Google scripts for Maps and Fonts" referenced in Dkt. 106 ¶ 6) but failed to provide any details regarding what information Google collects with those Google scripts, how those Google scripts function, and what Google does with that information. Google's counsel's declaration includes a screenshot with five categories of Google scripts (cse.google.com, fonts.googleapis.com, fonts.gstatic.com, maps.googleapis.com, and www.google.com) (Dkt. 106 ¶ 6) but no details about how those function. In Google's product manager's declaration, Google identified its search technology on the Court's website, confirming that Google collects detailed user information by way of that technology, but Google only generically described its use of that information: "***For example***, Google uses the information to return relevant search results to the Court's website, to serve relevant advertising, and maintain and improve Google services." Dkt.

107 ¶ 13 (emphasis added). This tells the Court (and the public) nothing. What are the other examples? Neither Google filing explains, as the Court requested, exactly what Google is doing with the information it collects when people visit the Court's website, both for the third-party services (*i.e.*, services Google provides to the Court) and Google's own separate purposes.

**Second**, Google failed to provide the information Plaintiffs requested, which Plaintiffs believe would be helpful to the public. During the hearing, the Court asked Plaintiffs' counsel to specify information they wanted from Google. Tr. at 54:7-19. Plaintiffs identified specific topics, including "what information is Google collecting" and "what does Google then do with that information" and "does Google associate it with user – other user profile data." *Id.* at 55:23-56:6. On February 27, Plaintiffs' counsel also sent Google's counsel a list of specific questions concerning the issues raised at the hearing. Ex. A at app. B.

Google's filings do not address Plaintiffs' questions. As one example, Google's counsel's declaration confirms that Google embedded its GStatic script in the Court's website Dkt. 106 ¶ 6. Plaintiffs' allegations focus in part on GStatic (FAC ¶¶ 93, 101), and Plaintiffs asked about GStatic (Ex. A at app. B No. 8). But Google's filings provide no details about what Google collects with GStatic and how Google uses that information, both for any services Google provides to the Court and for Google's own separate purposes, including with respect to targeted advertising—such as after a visitor leaves the website. Google's representation to the Court in *Calhoun* that the Court's website "does not use the third-party services at issue" in this case (Case 5:20-cv-5146-LHK Dkt. 130 at 3:8) is false.

**Third**, Google's filings confirm Google's disregard for people's efforts to browse privately, including on the Court's website and thereafter. Google's filings identify Google scripts and Google search technology embedded in the Court's website, which cause peoples' browsers to send information to Google's servers, including with GStatic. Importantly, with its filings, Google does not identify any way in which Google limits its collection and use of information when people visit the Court's website in private browsing mode. Instead, Google remains intentionally vague about whether changes in unspecified user "modes" or "settings" make a difference to Google's collection practices. *See* Dkt. 107 ¶ 12 (suggesting that "[t]he

exact categories of information Google receives depend on the user's browser, mode, and settings"). This is consistent with Plaintiffs' allegations that, through uniform and intentionally vague disclosures, Google leads users to believe they can control Google's collection and use of their information by browsing privately, but Google then uses its scripts to collect their information and track users on and off of websites without consent, leveraging and sharing knowledge about the users' most sensitive moments.

**Fourth**, Google's filings confirm the inadequacy of Google's disclosures and Google's failure to obtain consent from those whose data it captures. In his filing with the Court, Google's counsel identified Google scripts using developer tools, which were not the scripts he identified for the Court at the hearing. At the hearing, Google's attorney claimed that the Court's website uses Google Analytics, and his declaration acknowledges that he was wrong because he and his team misunderstood the results of the developer tools. Dkt. 106 ¶¶ 5-6, 8-9. This is troubling. Google's defense in this litigation is that users were aware of Google's specific collection practices and that users consented to those practices. It defies reason for Google to expect users to identify and understand scripts and technologies used by Google to collect their private browsing information when even Google's own attorneys, armed with sophisticated developer tools and unlimited resources, are unable to accurately do so for this Court, both at the hearing and in its subsequent filings. Still, Google's counsel's statements confirm Plaintiffs' allegations.

**Fifth**, Google's filings provide no support for Google's motion to dismiss, and they instead demonstrate that these are complicated factual issues ill-suited for any resolution on the pleadings. In addition to the confusion by Google's counsel, and Google's failure to answer questions posed by the Court and Plaintiffs, the filings in the *Calhoun* matter detail how these different Google scripts in fact cause peoples' browsers to send detailed personal information to Google. *See* 5:20-cv-5146-LHK Dkt. 127. It appears that Google is also doing that when people visit the Court's website in a private browsing mode. That is something Plaintiffs will cover during the noticed 30(b)(6) deposition. *See* Ex. A. Google's filings warrant further discovery, not dismissal of any claim. Plaintiffs will, if the Court so requests, submit a copy of the 30(b)(6) deposition transcript to the Court as soon as it becomes available.

| | |
|---|---|
| 1  Dated: March 8, 2021 | **SUSMAN GODFREY LLP** |
| 2 | |
| 3 | By:  */s/ Amanda K. Bonn* |
|   |       Amanda K. Bonn |

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander P. Frawley (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

PLAINTIFFS' RESPONSE TO GOOGLE'S DECLARATIONS NO. 5:20-CV-03664-LHK

afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Michael F. Ram CA Bar No. 104805
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
mram@forthepeople.com
rmcgee@forthepeople.com

*Attorneys for Plaintiffs*