# EXHIBIT A

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK<br><br>**PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6)** |

1   PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil
2   Procedure, on a date to be agreed upon by the Parties, counsel for Plaintiffs will take the videotaped
3   deposition(s) of the designated representative(s) of Google LLC ("Google") best able to testify as
4   to the Topics set forth in Appendix A.  Google has a duty to designate one or more officers,
5   directors, managing agents, or other persons with sufficient knowledge to testify fully regarding the
6   Topics listed in Appendix A.  No later than ten business days prior to the deposition, Google shall
7   identify the person(s) who will testify on its behalf pursuant to this notice and the matter(s) about
8   which each person will testify.  Google shall also produce to Plaintiffs any documents that Google
9   used or plans to use to prepare the person(s) testifying.

10   The deposition(s) shall be taken through a mutually agreed upon videoconference program
11  (e.g., Zoom), and before a Notary Public or some other officer authorized by law to administer
12  oaths for use at trial.  The deposition(s) will be videotaped and will continue from day to day until
13  completed.

15  Dated:  March 5, 2021                            **SUSMAN GODFREY LLP**

17                                                  By: */s/ Amanda Bonn*
                                                        Amanda Bonn

19                                                  Amanda K. Bonn, CA Bar No. 270891
                                                    **SUSMAN GODFREY L.L.P**
                                                    1900 Avenue of the Stars, Suite 1400
20                                                  Los Angeles, CA. 90067
                                                    Tel: (310) 789-3100
21                                                  Fax: (310) 789-3150
22                                                  abonn@susmangodfrey.com

23                                                  Mark C. Mao, CA Bar No. 236165
                                                    Sean P. Rodriguez, CA Bar No. 262437
24                                                  Beko Richardson, CA Bar No. 238027
                                                    **BOIES SCHILLER FLEXNER LLP**
25                                                  44 Montgomery St., 41st Floor
26                                                  San Francisco, CA 94104
                                                    Tel.: (415) 293-6800
27                                                  Fax: (415) 293-6899
                                                    mmao@bsfllp.com
28                                                  srodriguez@bsfllp.com

| | |
|---|---|
| 1 | brichardson@bsfllp.com |
| 2 | James Lee (admitted *pro hac vice*) |
| 3 | Rossana Baeza (admitted *pro hac vice*) |
| | **BOIES SCHILLER FLEXNER LLP** |
| 4 | 100 SE 2nd St., 28th Floor |
| | Miami, FL 33131 |
| 5 | Tel.: (305) 539-8400 |
| | Fax: (303) 539-1307 |
| 6 | jlee@bsfllp.com |
| 7 | rbaeza@bsfllp.com |
| 8 | William S. Carmody (admitted *pro hac vice*) |
| | Shawn Rabin (admitted *pro hac vice*) |
| 9 | Steven M. Shepard (admitted *pro hac vice*) |
| | **SUSMAN GODFREY L.L.P.** |
| 10 | 1301 Avenue of the Americas, 32nd Floor |
| | New York, NY 10019-6023 |
| 11 | Tel.: (212) 336-8330 |
| 12 | Fax: (212) 336-8340 |
| | bcarmody@susmangodfrey.com |
| 13 | srabin@susmangodfrey.com |
| | sshepard@susmangodfrey.com |
| 14 | |
| 15 | John A. Yanchunis (admitted *pro hac vice*) |
| | Ryan J. McGee (admitted *pro hac vice*) |
| 16 | **MORGAN & MORGAN** |
| | 201 N. Franklin Street, 7th Floor |
| 17 | Tampa, FL 33602 |
| | Tel.: (813) 223-5505 |
| 18 | jyanchunis@forthepeople.com |
| 19 | rmcgee@forthepeople.com |
| 20 | *Attorneys for Plaintiffs* |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# APPENDIX A

DEFINITIONS

1. The term "ALL" includes the word "ANY," and vice versa.

2. The terms "CONCERNING" or "RELATING TO" include addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

3. The term "COURT'S WEBSITE" refers to the website for the United States District Court for the Northern District of California (https://cand.uscourts.gov/).

4. The term "DOCUMENT" and "DOCUMENTS" shall be synonymous in meaning and equal to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure INCLUDING, without limitation, original and any non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced, including all correspondence, letters, telegrams, telexes, messages, memoranda, instructions, emails, handwritten or recorded notes, and all records, schedules, reports, surveys, calculations, transcripts, notes, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, charts, communications, database, data compilation, diary, draft drawing, electronically stored information, emails, fax, floppy disk, graph, hard drive, image, index, instant message, letter, log, magnetic tape, memorandum, note, optical disk, photograph, report, sound recording, spreadsheet, storage device, text message, version, voicemail or writing. This term shall apply to any DOCUMENT, whether in hard copy or electronic form, on any computers or other system.

5. The term "EMBEDDED TECHNOLOGIES AND/OR CODE" includes the "code (or 'scripts') supplied by [Google]," Broome Decl. Dkt. No. 106, and "JavaScript or similar programming scripts," Adkins Decl. Dkt. No. 107, that Google embeds in the Court's website.

6. The term "GOOGLE" means GOOGLE LLC and any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees,

employees, attorneys and any other persons acting on GOOGLE LLC'S behalf, including contractors.

7. The term "INCLUDE" or "INCLUDING" means "include, but not limited to" or "including, but not limited to."

8. The term "INFORMATION" means information concerning a user or a user's device(s), including a user's browsing activity, such as GET requests (or copies thereof) sent from a user's browser to a website, any referrer page or search queries, any "fingerprint" data (as described in paragraphs 100-104) of the First Amended Complaint), and a user's IP address.

## GENERAL INSTRUCTIONS

For purposes of reading, interpreting, or construing the scope of the DEFINITIONS, GENERAL INSTRUCTIONS, and TOPICS, all of the terms shall be given their most expansive and inclusive interpretation. This INCLUDES the following:

(a) The singular form of a word shall be interpreted as plural, and vice versa.

(b) "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Topic anything that might otherwise be construed to be outside the scope of the Topic.

(c) "All," "each" and "any" shall be construed as "all, each, and any."

(d) The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Topic any document that might otherwise be construed to be outside the scope of the Topic.

## TOPICS

1. Google's use of embedded technologies and/or code to collect information from users who visit the Court's Website, including while in a private browsing mode, for time periods both before and after this litigation was filed.

2. The information that Google collects from users who visit the Court's website through the embedded technologies and/or code described in Topic 1.

3. Google's storage of the information referred to in Topic 2. This topic includes the mechanisms of storage, the names of those mechanisms, and the Google employees with the most knowledge about those mechanisms.

4. Google's preservation of the information referred to in Topic 2 for purposes of this litigation.

5. Google's use of the information referred to in Topic 2 "to serve relevant advertising" to users in any browsing mode, including a private browsing mode. Adkins Decl. Dkt. No. 107. This Topic includes efforts to retarget a user (and/or the user's devices) on a different website at any point after the user visits the Court's website, including while in a private browsing mode, for time periods both before and after this litigation was filed.

6. Google's use of the information referred to in Topic 2 "to return relevant search results to the Court's website." Adkins Decl. Dkt. No. 107.

7. Google's use of the information referred to in Topic 2 "to maintain and improve Google services," both on and off of the Court's website. Adkins Decl. Dkt. No. 107.

8. Google's use of the information referred to in Topic 2 for any purposes other than those described in Topics 5, 6, and 7. *See* Dkt. No. 107 at 3 ("**For example**, Google uses the information to return relevant search results to the Court's website, to serve relevant advertising, and maintain and improve Google services." (emphasis added)).

9. Google's assertion in the Adkins Declaration (Dkt. No. 107) that "[t]he exact categories of information Google receives depend on the user's browser, mode, and settings."

10. The "information" "Google receives" "when a user runs a search query" on the Court's website, including how that information is "similar to [and different from] that which [Google] would receive if the search were run on Google.com." Adkins Decl., Dkt. No. 107.

11. The factual basis for the assertions contained in the declarations submitted by Google on February 26 and March 1, 2021. Dkt. Nos. 106-07.

12. The topics contained in the email sent by Mark Mao on February 27, 2021, attached hereto as Appendix B.

# Appendix B

| | |
|---|---|
| **From:** | Stephen Broome |
| **To:** | Mark C. Mao |
| **Subject:** | RE: Brown v. Google - re Broome Decl. |
| **Date:** | Sunday, February 28, 2021 11:55:23 AM |

Mark:

It was good to finally meet you by zoom as well.  Thanks for your email and suggestions.  Enjoy the rest of your weekend.

Best,
Steve

---

**From:** Mark C. Mao [mailto:mmao@BSFLLP.com]
**Sent:** Saturday, February 27, 2021 2:01 AM
**To:** Stephen Broome <stephenbroome@quinnemanuel.com>
**Subject:** Brown v. Google - re Broome Decl.

**[EXTERNAL EMAIL]**

---

Dear Mr. Broome:

Thank you for filing the declaration a few hours ago.  I took a look at what you described therein, and thought that it might be helpful for the Court to have a number of technical questions answered in whatever you have forthcoming:

1. Identify and describe each Google technology, code, and/or script on the Court's website (the "Google Technology"), and how they each work.

2. For each Google Technology, describe what data Google receives, on behalf of itself or a Google commercial customer, when someone visits the Court's website not in private browsing mode.

3. For each Google Technology, describe what data Google receives, on behalf of itself or a Google commercial customer, when someone visits the Court's website in private browsing mode.

4. Describe where any data referred to in Topic 3 is stored by Google, on behalf of itself or a Google commercial customer, and for how long Google stores such data, specifying any Google preservation of that data for purposes of this litigation.

5. Describe any and all use by Google of any data described in Topic 3, including for example for any Google services (such as targeted advertising), changes/improvements to Google algorithms, or enrichment of any profiles on website visitors.

6. Describe any Google collection and use of the X-Client-Data Header when people visit the Court's website, including any difference in terms of when people visit the Court's website in Incognito mode.

7. Describe each and every data measurement and way that Google uses the X-Client-Data Header to assess its products and services (whether for Google or for Google customers such as websites), such as the Court's website.

8. Describe any Google collection and use of data using Google's GStatic technology when people visit the Court's website, including when someone visits the Court's website in private browsing mode.

9. Describe any Google collection and use of geolocation data when people visit the Court's website, including when someone visits the Court's website in private browsing mode.

10. Describe the extent to which any Google Technology causes browsers to send duplicate GET requests to Google when people visit the Court's website, including when someone visits the Court's website in private browsing mode.

11. Describe how Google targets or retargets visitors of the Court's website, based on the data Google or any Google commercial customer has on the visitor.

12. Describe how Google targets or retargets visitors of the Court's website, both on the website and once off of the website, based on the data it collected during or after the browser session that included the visit.

I suggest answering these questions because I do not see from the Court website setup how any targeted or retargeting advertisement would have been intended. The questions would definitely help explain what is happening, and why such is happening.

It was good to finally meet you, even if it was by Zoom only. Please have a good weekend.

Sincerely Yours,

**Mark C. Mao**
Partner

BOIES SCHILLER FLEXNER LLP

44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(t) 415 293 6858
(c) 415 999 9695
mmao@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]