# EXHIBIT 1

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Thao Thai (CA Bar No. 324672)
thaothai@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all similarly situated, | Case No. 5:20-cv-03664-LHK |
| Plaintiffs, | **DEFENDANT GOOGLE LLC'S [PROPOSED] REPLY TO PLAINTIFFS' RESPONSE TO GOOGLE'S FEBRUARY 26 AND MARCH 1 COURT-ORDERED DECLARATIONS** |
| v. | |
| GOOGLE LLC, | Judge:   Honorable Lucy H. Koh |
| Defendant. | |

1  Pursuant to Civil Local Rules 7-11 and 7-3(d), Defendant Google LLC ("Google") respectfully

2  submits this reply to Plaintiffs' Response to Google's February 26 and March 1 declarations submitted

3  in response to the Court's instruction at the February 25, 2021 hearing on Google's Motion to Dismiss

4  (the "Declarations").

5  *First*, Plaintiffs argue that "Google's filings provide no support for Google's motion to

6  dismiss." Dkt. No. 111, at 1. Google submitted the Declarations solely at the Court's instruction and to

7  answer the question posed by the Court, not to support its motion to dismiss.

8  *Second*, Plaintiffs argue that Google "failed to meaningfully respond to the Court's requests"

9  because the Adkins declaration purportedly only "generically described" Google's use of the data sent

10 to Google via the Programmable Search Engine ("ProSE") on the Court's website. *Id.* at 1-2. That is

11 incorrect. The Adkins declaration satisfies the Court's request because it describes all uses of the data:

12 (1) to return relevant search results; (2) to serve relevant advertising; and (3) to maintain and improve

13 Google's services. Dkt. No. 107 (Adkins Decl.), at ¶ 13. The Court's inquiry appeared focused on

14 whether the data is being used for advertising purposes. Dkt. No. 114 (Hr'ing Tr.), at 58:13-16.

15 Google directly responded to that question, explaining that the data is used to display relevant

16 advertising consistent with the ProSE Terms of Service and Google's Privacy Policy. Dkt. No. 107

17 (Adkins Decl.), at ¶ 13.

18 *Third*, Plaintiffs argue that Google "failed to provide the information *Plaintiffs* requested" at

19 the hearing, and in their email following the hearing. Dkt. No. 111, at 2 (emphasis added). That is true.

20 Google provided the information that was requested by the Court, not by Plaintiffs. Plaintiffs' requests

21 seek broad discovery, which is inappropriate in this context and which in any event has no relevance

22 to their claims, as ProSE is not a service at issue in the case.

23 *Fourth*, Plaintiffs argue that Google's declarations "provide no details about what Google

24 collects with GStatic and how Google uses that information, both for any services Google provides to

25 the Court and for Google's own separate purposes, including with respect to targeted advertising—

26 such as after a visitor leaves the website." Dkt. No. 111, at 2. Gstatic.com is a Google domain used to

27 host "static" content—like images, styles, and fonts. As explained in the accompanying declaration of

28 Google's David Crossland, the Gstatic server hosts the fonts that the Court is using on its website. *See*

GOOGLE'S [PROPOSED] REPLY TO PLAINTIFFS' RESPONSE TO GOOGLE'S DECLARATIONS

Exhibit A (Crossland Declaration), at ¶ 5. When a user visits the Court's website, the fonts the Court has chosen for its website are pulled from fonts.gstatic.com and rendered within the user's browser through the Fonts API hosted at fonts.googleapis.com. *Id.* None of the data sent to either of the Fonts domains to render the fonts—*i.e.*, IP address, user-agent, and referer headers[1]—is shared with other Google services. *Id.* ¶ 9. Nor is the data used to create or enhance profiles on users; to "fingerprint" or identify users; or for Google's advertising services. *Id.*

Plaintiffs also argue that "Google's representations to the Court in *Calhoun* that the Court's website 'does not use the third-party services at issue' in this case [] is false" because, Plaintiffs contend, their "allegations focus in part on GStatic." Dkt. No. 111, at 2 (citing FAC ¶¶ 93, 101). Plaintiffs' FAC is based on Google's alleged collection of browsing data through Google's Analytics and Ad Manager services. *See* FAC ¶¶ 63-88. Indeed, Plaintiffs recently asserted in discovery responses that their claims are even narrower, contending that "Plaintiff[s' ] claims are about Google Analytics." *See, e.g.*, Ex. C (Plaintiff Brown's Response to RFAs), at Response to RFA 21. Plaintiffs' only allegations related to Gstatic consist of unfounded speculation on "inform[ation] and belie[f]" that Google uses Gstatic to "fingerprint" users (*i.e.*, to identify them and create profiles). *See* FAC ¶¶ 100-101; *see also id.* ¶ 93(c). As the Crossland declaration explains, the user data sent to servers involved in providing the Fonts service for the Court's website is not used in the manner Plaintiffs allege.[2] *See* Ex. A (Crossland Declaration), at ¶ 7.

---

[1]  If a user visits the Court's website using Google's Chrome browser, the X-Client-Data header is also sent to the Fonts domains. As explained in the accompanying Declaration of Alexei Svitkine, the header is sent to allow Google to know which Chrome variation is being used. *See* Ex. B (Svitkine Decl.), at ¶ 2. The header is not uniquely identifying. *Id.* at ¶ 4. To the contrary, many Chrome users share the same X-Client-Data header. *Id.* ¶ 4. The header is not designed to identify users, to create profiles, or to enable Google to serve ads. *Id.* ¶ 6. And the header is not relevant in this case because it is not sent in Chrome's Incognito mode—i.e., the mode that Plaintiffs here allege they used. *Id.* ¶ 7.

[2]  Plaintiffs point out that Google's counsel's declaration noted that the Court has also installed scripts for Google Maps on its website. None of the information sent to maps.googleapis.com is shared with other Google services. Nor is the information used to create profiles on users, or for advertising. Although the Google Maps API is not at issue in this lawsuit, Google is willing to confirm these facts, and address any questions the Court may pose about the Maps API, in a declaration if the Court requests that Google do so.

*Fifth*, contrary to Plaintiffs' assertion, Google's counsel did not use "sophisticated developer tools and unlimited resources" to identify the scripts the Court installed on its website. *See* Dkt. No. 111, at 2. As counsel explained, we used the "Developer Tools" in the Chrome browser. Dkt. No. 106 (Broome Decl.), ¶¶ 9-10. These are the same tools that Plaintiffs' counsel used to draft their complaint. Dkt. No. 68 (FAC), ¶¶ 86, 95-96. The tools are available to anyone using Chrome, and similar tools are available in other browsers.[3] At the February 25 hearing, counsel mistakenly asserted that the Court was using Analytics due to a miscommunication among counsel's colleagues while the hearing was ongoing, not because the Developer Tools are confusing or inaccurate.[4]

## CONCLUSION

Google respectfully requests that the Court deem the questions pertaining to the Court's website adequately answered, and affirm that this inquiry is concluded.

DATED: March 11, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Andrew H. Schapiro

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

---

[3] For example, using the "Develop" tab in the Safari browser, users can select the "Web Inspector" tool to display the same information.

[4] Plaintiffs also argue that "Google's filings confirm Google's disregard for people's efforts to browse privately, including on the Court's website and thereafter." This is false. Google explained the purpose and functionality of Chrome's private browsing mode—Incognito—in its motion to dismiss briefs and the publicly available disclosures attached as exhibits thereto. Google will not belabor those explanations here.

1

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

2

3

4

5

6

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Thao Thai (CA Bar No. 324672)
thaothai@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

7

8

9

10

11

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

12

13

14

15

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

16

17

18

19

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

20

21

22

23

*Attorneys for Defendant Google LLC*

24

25

26

27

28