# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK-SVK |

**PLAINTIFF CHASOM BROWN'S OBJECTIONS AND RESPONSES**
**TO DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rule of Civil Procedure Rule 36, Plaintiff Chasom Brown ("Brown") hereby objects and responds to Defendant's, Google LLC ("Google"), Second Set of Requests for Admission (Nos. 2–21). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Brown's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Brown may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Brown reserves all rights to supplement and amend his objections and responses accordingly.

**REQUEST FOR ADMISSION NO. 2:**

Admit that, when YOU signed up for YOUR GOOGLE ACCOUNT, YOU indicated to Google that YOU agreed to Google's then-current TERMS OF SERVICE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff Brown objects to this Request as vague and overly broad to the extent Google relies on the undefined, capitalized term "TERMS OF SERVICE," as Plaintiff Brown cannot be expected to guess or speculate as to which "TERMS OF SERVICE" Google might be referring to in this Request. Plaintiff Brown further objects to this Request to the extent it purports to suggest

that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Brown's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Brown's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Brown admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google's representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint, which made clear that he was in "control" of what information Google collects. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. To the extent Google's defined "Google Privacy Policy" is applicable, it did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU reviewed the GOOGLE PRIVACY POLICY before you first used INCOGNITO MODE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff Brown objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Brown further

objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Brown's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Brown's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Brown admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. To the extent Google's defined "Google Privacy Policy" is applicable, it did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU have never indicated to Google that YOU did not agree to the GOOGLE PRIVACY POLICY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff Brown objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Brown further objects to this Request to the extent it purports to suggest that review of and consent to Google's

Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Brown's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Brown's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Brown admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. To the extent Google's defined "Google Privacy Policy" is applicable, it did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the GOOGLE PRIVACY POLICY discloses that Google collects through its SERVICES the categories of Data that YOUR FAC alleges Google illegally "intercepted." *See, e.g.*, FAC ¶¶ 202-17.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that each GOOGLE PRIVACY POLICY YOU reviewed disclosed that Google collects information about users' visits to websites that use Google's services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the GOOGLE PRIVACY POLICY does not represent that using private browsing mode will prevent Google from receiving information through its SERVICES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that, during the CLASS PERIOD, YOU were aware that "Google collects information about the web-browsing activity of users who are not in 'private browsing mode.'" *See* FAC ¶ 163.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff Brown admits that he was aware that Google was online collecting data sometimes, when he was not browsing in private mode, but did not understand exactly how. Otherwise denied.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that the websites may record data associated with your visit (for example, on the websites' servers), including the webpages YOU viewed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that your alleged COMMUNICATIONS with the websites might be recorded by the websites (for example, on the websites' servers).

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that your alleged COMMUNICATIONS with the websites might be visible to YOUR internet service provider.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, during the CLASS PERIOD, you understood the terms "private browsing" and "browse privately" in the Google disclosures that YOU allege YOU reviewed did not mean that your internet browsing activity would be completely private from everyone.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiff Brown admits that, when he visited websites using Chrome in Incognito mode, his activity might still be visible to those websites, his employer or school, and/or his internet service provider. Plaintiff Brown did not, however, consent to Google's interception of that activity. Otherwise denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that when YOU browsed the web in Incognito mode, YOU understood that cookies could still be placed on YOUR browser and would be deleted when YOU closed YOUR Incognito window or tab.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, when YOU browsed the web in Incognito mode, YOU understood that YOUR activity might still be visible to the websites YOU visited and YOUR internet service provider.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Plaintiff Brown admits that, when he visited websites using Chrome in Incognito mode, his activity might still be visible to those websites. Plaintiff Brown further admits that, when he

visited websites using Chrome in Incognito mode, his activity might still be visible to his internet service provider. Plaintiff Brown did not, however, consent to Google's interception of that activity. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the INCOGNITO NOTICE does not represent that Incognito mode prevents Google from collecting the information that you allege Google illegally "intercepted."

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU became "aware that [YOU are] able to sell [YOUR] own personal data, via other websites such as Killi," *see* FAC ¶¶ 170,175, 180, 185, 190, only after YOU retained YOUR counsel in this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Google's alleged conduct has not affected YOUR alleged ability "to sell [YOUR] own personal data, via other websites such as Killi." *See* FAC ¶¶ 170, 175, 180, 185, 190.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU did not download and install Google's Analytics Opt-Out Browser Add-on available at https://tools.google.com/dlpage/gaoptout.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Plaintiff Brown objects to this Request to the extent it purports to suggest that either downloading and/or installing Google's Analytics Opt-Out Browser Add-on is a necessary predicate for any claim in this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff

Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Brown's (and class members') private browsing information would not be collected by Google. Users did not need to download and/or install Google's Analytics Opt-Out Browser to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Brown admits that he did not download or install Google's Analytics Opt-Out Browser Add-on, but this did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU did not change the default cookie settings on your browser.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Plaintiff Brown objects to this Request to the extent it purports to suggest that review of changing the "default cookie settings" on the browser is a necessary predicate for any claim in this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Brown's (and class members') private browsing information would not be collected by Google. Users did not need to change the "default cookie settings" on their browser to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Brown admits that he did not change the "default cookie settings" on his browser, but this did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU did not opt out of ad personalization at https://adssettings.google.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Plaintiff Brown objects to this Request to the extent it purports to suggest that opting out of ad personalization at https://adssettings.google.com is a necessary predicate for any claim in this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Brown's (and class members') private browsing information would not be collected by Google. Users did not need to opt out of ad personalization at https://adssettings.google.com to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Brown admits that he did not opt out of ad personalization at https://adssettings.google.com, but this did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU did not retain any information identifying the cookies Google allegedly set on your browser while YOU were private browsing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

While browsing privately, Plaintiff Brown admits that he was not aware that Google was placing cookies on his browser, therefore Plaintiff Brown could not have retained any information identifying the cookies Google placed. Plaintiff Brown's claims are about Google Analytics. Any cookie data that is collected by Google would be in Google's possession, and not on Plaintiff Brown's devices. Regardless, Google has yet to disclose to Plaintiff Brown how exactly it is collecting and using Plaintiff Brown's data in private browsing. Otherwise denied.

Dated: February 16, 2021  **MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I, Jennifer Cabezas, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On February 16, 2021, I served the following document described as:

**Plaintiff's Objections and Responses to Defendant's Second Set of Requests for Admission**

By electronic mail transmission from jcabezas@forthepeople.com on February 16, 2021, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor

Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorneys for Defendant*

Executed on February 16, 2021, at Tampa, Florida.

*/s/ Jennifer Cabezas*
Jennifer Cabezas