| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Andrew H. Schapiro (*pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Diane M. Doolittle (CA Bar No. 142046)<br>dianedoolittle@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>*Attorneys for Defendant; additional counsel listed in signature blocks below* | BOIES SCHILLER FLEXNER LLP<br>Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293 6858<br>Facsimile: (415) 999 9695<br><br>SUSMAN GODFREY L.L.P.<br>William Christopher Carmody (*pro hac vice*)<br>bcarmody@susmangodfrey.com<br>Shawn J. Rabin (*pro hac vice*)<br>srabin@susmangodfrey.com<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY  10019<br>Telephone: (212) 336-8330<br><br>MORGAN & MORGAN<br>John A. Yanchunis (*pro hac vice*)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (*pro hac vice*)<br>rmcgee@forthepeople.com<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br><br>*Attorneys for Plaintiffs; additional counsel listed in signature blocks below* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Lucy H. Koh<br>Courtroom 8 – 4th Floor<br>Date: March 24, 2021<br>Time: 2:00 p.m. |

Pursuant to Federal Rule of Civil Procedure 16, Civil Local Rules 16-9 and 16-10, the Standing Order for All Judges of the Northern District of California, the Court's Order of January 7, 2021 (Dkt. No. 95), and in advance of the Further Case Management Conference set by the Court for Wednesday, March 24, 2021, at 2:00 p.m., Plaintiffs and Defendant, Google LLC ("Google"), submit this Joint Case Management Statement to report the parties' progress since the previous Joint Case Management Statement was filed on January 6, 2021 (Dkt. No. 94).

## I.   JURISDICTION AND SERVICE

The parties agree that Google has been served and that the Court has jurisdiction over this matter.

## II.   FACTS

The parties have no new facts to add at this time.

## III.   LEGAL ISSUES

The parties have no new legal issues to present at this time.

## IV.   MOTIONS

<u>Motions Decided Since the Last Joint CMC Statement</u>

The hearing on Google's motion to dismiss took place on February 25, 2021 at 1:30 p.m. Dkt. No. 103.  In accordance with the Court's instructions, Google submitted two declarations (Dkt. Nos. 106, 107) and Plaintiffs submitted a response to those declarations on March 8, 2021 (Dkt. No. 111).  On March 11, 2021, Google moved for leave to file a reply to Plaintiffs' Response to Google's Court-ordered declarations concerning the Court's website.  Dkt. No. 112.

On March 12, 2021, the Court denied Google's motion to dismiss.  Dkt. No. 113.  In the same Order, the Court denied Google's motion to file a reply to Plaintiffs' Response to Google's Court-ordered declarations concerning the Court's website but granted the parties' respective requests for judicial notice (Dkt. Nos. 84, 88, 89, 93).

One motion for admission *pro hac vice* has been filed and granted.  Dkt. Nos. 96-97.

<u>Pending Motions</u>

There are no pending motions.

<u>Anticipated Motions</u>

*Plaintiffs' Statement:*

Plaintiffs anticipate moving for class certification and may also seek summary judgment and/or adjudication on certain claims or issues. Plaintiffs also anticipate filing additional discovery disputes with Magistrate Judge van Keulen, and may seek leave to amend their complaint.

*Google's Statement:*

Google anticipates opposing class certification and moving for summary judgment. Google also anticipates briefing additional discovery disputes with Magistrate Judge van Keulen.

**V. AMENDMENT OF PLEADINGS**

*Plaintiffs' Statement:*

On September 21, 2020, Plaintiffs filed their First Amended Complaint. Dkt. No. 68. In light of the positions Google took in its motion to dismiss and also the Court's ruling denying Google's motion to dismiss (Dkt. No. 113), Plaintiffs are considering seeking leave to amend their complaint to include claims for breach of contract and under the California Business & Professions Code § 17200. Plaintiffs are also considering seeking leave to amend their class definitions, including by adding a third class that exclusively seeks injunctive relief, in addition to the existing two classes seeking all available relief, including damages.

*Google's Statement:*

Plaintiffs raised the possibility of further amending their complaint in this statement. They have yet to discuss the issue with Google. Google reserves all rights with respect to any amendment, including the right to move to dismiss any newly-added claims.

**VI. EVIDENCE PRESERVATION**

The parties represent they have taken steps to preserve evidence relevant to this litigation. The parties similarly have reviewed the Northern District of California Guidelines Relating to the Discovery of ESI and, pursuant to Fed. R. Civ. P. 26(f), have discussed the preservation of relevant evidence. As discussed below, the parties have reached an impasse regarding Google's log preservation.

-3-     CASE NO. 5:20-cv-03664-LHK
JOINT CASE MANAGEMENT STATEMENT

**VII.   DISCLOSURES**

The parties exchanged initial disclosures on September 8, 2020.  Plaintiffs served amended disclosures on March 16, 2021.

**VIII.   DISCOVERY**

   A.   Case Schedule

The parties held their initial Rule 26(f) discovery planning conference by video on August 19, 2020 and have conferred on discovery topics several times since then.  The Court adopted an initial discovery plan in its September 3, 2020 Case Management Order.  Dkt. No. 61.

   B.   Written Discovery Since the Last Joint CMC Statement

Plaintiffs served their second set of requests for admissions ("RFAs") on December 23, 2020, and Google served its responses and objections to the second set of RFAs on February 5, 2021.  Plaintiffs served two sets of interrogatories on December 23, 2020 and February 26, 2021, respectively.  Google served its responses and objections to the first set of interrogatories on February 5, 2021, and the deadline for Google to respond to the second set of interrogatories is March 29, 2021.  Plaintiffs served their third set of Requests for Production ("RFPs") and third set of interrogatories on March 17, 2021, and the deadline for Google to respond is April 16, 2021.

Google served document requests, interrogatories, and RFAs on the five named plaintiffs on November 20, 2020, and the five named plaintiffs served objections and responses to the document requests, interrogatories, and RFAs on January 11, 2021.  Google served its Second Set of Interrogatories and Second Set of RFAs on the five named plaintiffs on January 15, 2021.  Plaintiffs served their responses and objections to the Second Set of Interrogatories and Second Set of RFAs on February 16, 2021.

The parties have exchanged deficiency letters concerning these requests and are continuing to meet and confer, and will seek assistance from Magistrate Judge van Keulen if needed.

   C.   Depositions

Plaintiffs served a Notice of Deposition Pursuant to Rule 30(b)(6) (the "Rule 30(b)(6) Notice") on March 5, 2021.  *See* Dkt. No. 111-1 (Ex. A to Plaintiffs' Response to Google's February 26 and March 1 Declarations).

D. Protective Order

The parties were able to agree on all terms of a protective order, which Magistrate Judge Susan van Keulen approved on October 15, 2020 with one revision to the provision related to the right to further relief. Dkt. No. 81.

E. ESI Protocol

The parties stipulated to an order related to ESI discovery, which Judge van Keulen approved on October 15, 2020. Dkt. No. 80. On November 20, 2020, the parties submitted a joint letter brief to Judge van Keulen identifying one disputed point regarding the ESI order, related to timing of preservation duties. On November 30, 2020, Judge van Keulen resolved the dispute in an order and issued a First Modified Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation. Dkt. No. 91. As discussed below, the parties have reached an impasse regarding Google's log preservation.

F. Discovery Updates

*Plaintiffs' Statement:*

Preservation:

Plaintiffs are especially concerned about the position Google is taking with respect to preservation. Google claims that it need not preserve records of Google's collection and use of private browsing data. Google's argument is that Plaintiffs somehow agreed to destruction of this information based on the reference to "systems, server and network logs" in paragraph 4(b)(2) of the parties' ESI Order, approved in October 2020. *See* Dkt. No. 80. To be clear, Plaintiffs did not agree to allow Google to delete records of Google's collection or use of private browsing data.

When Plaintiffs filed this lawsuit, Google had a choice: (1) Google could have stopped intercepting these private browsing communications, at which point there would be no additional data for Google to preserve; or (2) Google could continue to intercept these private browsing communications, but of course preserve records of those Google interceptions and assume the risk of additional liability in this lawsuit. There was no permissible third option, where Google continues its interceptions (which it still does to date) without preserving evidence of that interception.

Plaintiffs look forward to raising this issue with Magistrate Judge van Keulen. On February 23, Plaintiffs sent Google their portion of a joint letter brief. Google's initial response was that the "identical issue" was pending before Magistrate Judge van Keulen in *Calhoun v. Google* (Case No. 20-CV-05146, Dkt. No. 109), so Plaintiffs agreed to wait for Judge van Keulen to rule on that dispute. But on March 10, 2021, Google indicated that it may stand firm on its position in this case even if Magistrate Judge van Keulen denies Google's motion for a protective order in *Calhoun*. Plaintiffs have therefore asked Google to draft their portion of the joint letter brief so that the parties can raise this important issue with Magistrate Judge van Keulen.

Document Discovery:

Plaintiffs are growing increasingly concerned with Google's approach to discovery. Since the last Joint Case Management Statement was filed on January 6, 2021, Google has produced just 983 documents, and all but one of those documents are publicly-available. The close of fact discovery is less than five months away: August 2. Yet Google is dragging its feet through custodian and search term negotiations. For example, Plaintiffs proposed search terms to Google on January 29, 2021. Google responded on February 25, rejecting Plaintiffs' proposal but without offering any counterproposal. Google appears to be testing a different and undisclosed set of search terms. Plaintiffs have asked Google to share those search terms, but Google has not responded to that request. Google has also taken the unreasonable position that class members are "not identifiable" even if they can be identified by their devices and other electronic identifiers.

Plaintiffs' 30(b)(6) Deposition

Google has not responded to Plaintiffs' 30(b)(6) deposition notice, not even to provide dates for this deposition. Dkt. No. 111-1. Plaintiffs seek this discovery to answer the important questions raised by the Court and Plaintiffs' counsel during and after the February 25 hearing on Google's motion to dismiss. Google's declarations did not meaningfully answer these questions, and in fact raised new questions. Google's subsequent request to file two more declarations (*see* Dkt. No. 112) underscores the inadequacy of the first two Google declarations and the importance of deposition testimony. The most efficient course to answer these questions is Plaintiffs' proposed corporate deposition. The topics are narrow, tracking the assertions in Google's

February 26 and March 1 Declarations (Dkt. Nos. 106-07), and focusing on the information that Google collects from users who visit the Court's website, including in a private browsing mode, and how Google uses that information.

*Google's Statement:*

The alleged disputes that Plaintiffs have raised are premature and not ripe for Court intervention, as the parties are not at an impasse and/or have not briefed any such issues for the Court. Indeed, for both offensive *and* defensive discovery, the parties are actively meeting and conferring to crystallize the potential issues in dispute, and will seek assistance from Magistrate Judge van Keulen in resolving such issues at the appropriate time. At this juncture, neither the parties' nor the Court's resources should be burdened by superfluous briefing and discussion of premature issues. Thus, Google does not detail herein the numerous deficiencies in Plaintiffs' discovery responses. Google provides only its high-level position concerning the purported issues Plaintiffs prematurely raise. The parties are under an obligation to brief such disputes for Magistrate Judge van Keulen and Google intends to abide by the rules and standing orders of this Court and Magistrate Judge van Keulen by proceeding in that fashion.

Preservation:

The parties are briefing the purported preservation dispute before Magistrate Judge van Keulen. Contrary to Plaintiff's assertions, Google has not agreed to suspend the normal retention periods for the disputed logs, as this would require extraordinary burden (calculated by virtue of the time, resources, and costs associated with any such suspension) and the limited relevance, if any, is far outweighed by the enormous burden. A similar preservation dispute was also briefed in the related case *Calhoun et al. v. Google*, where Magistrate Judge van Keulen ordered additional briefing, a hearing, and as a result of the hearing, some additional, narrow discovery related to Google's burden associated with the logs. Case No. 5:20-cv-05146-LHK-SVK, Dkt. No. 125. Google's position is that the eventual order in *Calhoun* will be informative in *Brown* and there is little sense in taking up judicial resources with an almost identical preservation dispute here.

Document Discovery:

As with the other purported disputes that Plaintiffs have attempted to raise, their "concern[s]" regarding document discovery are likewise premature. This case is about the sufficiency of Google's disclosures to users who were privately browsing and Plaintiffs' reasonable expectation when faced with those disclosures. "Plaintiffs allege that they 'reasonably believed that their data would not be collected by Google and that Google would not intercept their communications when they were in 'private browsing mode'' because of Google's representations regarding private browsing mode. Dkt. No. 113 (Order on Motion to Dismiss). Although Plaintiffs' claims turn on a narrow dispute on the interpretation of Google's disclosures, Plaintiffs have served wide-ranging discovery requests: 157 RFPs, 7 Interrogatories,[1] and 14 RFAs. Google is actively meeting and conferring in good faith with Plaintiffs on custodians, search terms, and the temporal scope of discovery. The parties have made substantial progress towards crystallizing their respective positions concerning the document production. Google is preparing a counter-proposal to Plaintiffs' requested search terms because many are overbroad on their face. For example, Plaintiffs have asked that Google search its documents using one-word search terms like "privacy" and "URL," which, not surprisingly, generate hundreds of thousands of documents alone. Clearly not every document that mentions "privacy" or "URL" needs to be reviewed for purposes of this case. Indeed, several of Plaintiffs' proposed search terms generate over a quarter million documents *each*. On February 25, 2021, Google asked Plaintiffs to identify the RFPs that correspond to each search string so that Google can better narrow Plaintiffs' search strings. Plaintiffs provided this information on March 12, 2021 (which Google is reviewing and responding to). Likewise, Google has been diligently collecting and reviewing documents for production and will continue to make rolling document productions.

Plaintiffs' 30(b)(6) Deposition:

As explained in Section VIII.C *supra*, less than two weeks ago, Plaintiffs served Google with a Rule 30(b)(6) Notice without a noticed date. Although Plaintiffs complain above that

---

[1] Based on Plaintiffs' improper use of sub-parts in their interrogatories, Plaintiffs have actually served 40 interrogatories, exceeding the 25-interrogatory limit under Rule 33(a)(1).

Google has not provided a date, Plaintiffs have not contacted Google about scheduling a date for the deposition.  In any event, given that the Court ultimately declined to consider Google's arguments raised at the February 25 hearing to which the deposition notice pertains, Dkt. No. 113 at 11-12, Google's position is that the deposition Plaintiffs have noticed is improper.  Google is preparing its objection to Plaintiffs' notice.  If and when the issue of discovery pertaining to the Google services the Court uses on its website needs to be briefed, the parties can brief that issue before Magistrate Judge van Keulen.

### IX.   CLASS ACTIONS

The parties respectfully refer the Court to their respective positions concerning this topic in the Initial Joint Case Management Statement.  Dkt. No. 59.

### X.   RELATED CASES

The parties respectfully refer the Court to their joint position concerning this topic in the Initial Joint Case Management Statement.  Dkt. No. 59.

### XI.   RELIEF

The parties respectfully refer the Court to their respective positions concerning this topic in the Initial Joint Case Management Statement.  Dkt. No. 59.

### XII.   SETTLEMENT AND ADR

No settlement discussions have taken place.  Pursuant to ADR Local Rule 3-5 and Civil Local Rule 16-8, on August 19, 2020, the parties met and conferred regarding the available dispute resolution options and filed their respective ADR Certifications.  The parties do not believe that ADR is appropriate at this time.

### XIII.   CONSENT TO MAGISTRATE FOR ALL PURPOSES

As stated in the Initial Joint Case Management Statement (Dkt. No. 59), the parties respectfully declined to proceed before a Magistrate Judge.

### XIV.   OTHER REFERENCES

As stated in the Initial Joint Case Management Statement (Dkt. No. 59), the parties do not believe this case is suitable for reference to binding arbitration or a special master, and it is premature to know whether referral to a special master is appropriate.

## XV. NARROWING OF ISSUES

The parties will continue to consider issues that can be narrowed by agreement or by motion, as well as potential means to expedite the presentation of evidence at trial.

## XVI. EXPEDITED TRIAL PROCEDURE

As stated in the Initial Joint Case Management Statement (Dkt. No. 59), the parties agree that this case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64.

## XVII. PROPOSED CASE SCHEDULE

The Court adopted a case schedule in its September 3, 2020 Case Management Order, Dkt. No. 61.

## XVIII. TRIAL

The parties respectfully refer the Court to their respective positions concerning this topic in the Initial Joint Case Management Statement.  Dkt. No. 59.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

As stated in the Initial Joint Case Management Statement (Dkt. No. 59), Google filed its Certificate of Interested Entities (Dkt. No. 52).

## XX. PROFESSIONAL CONDUCT

As stated in the Initial Joint Case Management Statement (Dkt. No. 59), all attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER ISSUES

The parties have no other issues which require the Court's attention.

| | | |
|---|---|---|
| 1 | DATED: March 17, 2021 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By  /s/ *Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Thao Thai (CA Bar No. 324672)
thaothai@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William A. Burck (admitted *pro hac vice*)
williamburck@quinnemanuel.com
Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor

-11-  CASE NO. 5:20-cv-03664-LHK

**JOINT CASE MANAGEMENT STATEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant*
Google LLC

| | | | |
|---|---|---|---|
| 1 | DATED: March 17, 2021 | | SUSMAN GODFREY L.L.P. |
| 2 | | | |
| 3 | | By | /s/ *Amanda Bonn* |
| 4 | | | Amanda Bonn (CA Bar No. 270891) |
| | | | abonn@susmangodfrey.com |
| 5 | | | SUSMAN GODFREY L.L.P. |
| | | | 1900 Avenue of the Stars, Suite 1400 |
| 6 | | | Los Angeles, CA 90067 |
| 7 | | | Telephone: (310) 789-3100 |
| 8 | | | Mark C. Mao (CA Bar No. 236165) |
| | | | mmao@bsfllp.com |
| 9 | | | Sean Phillips Rodriguez (CA Bar No. 262437) |
| | | | srodriguez@bsfllp.com |
| 10 | | | Beko Rebitz-Richardson (CA Bar No. 238027) |
| | | | brichardson@bsfllp.com |
| 11 | | | Alexander Justin Konik (CA Bar No. 299291) |
| 12 | | | akonik@bsfllp.com |
| | | | BOIES SCHILLER FLEXNER LLP |
| 13 | | | 44 Montgomery Street, 41st Floor |
| 14 | | | San Francisco, CA 94104 |
| | | | Telephone: (415) 293 6858 |
| 15 | | | Facsimile (415) 999 9695 |
| 16 | | | James W. Lee (*pro hac vice*) |
| | | | jlee@bsfllp.com |
| 17 | | | Rossana Baeza |
| | | | rbaeza@bsfllp.com |
| 18 | | | BOIES SCHILLER FLEXNER LLP |
| | | | 100 SE 2nd Street, Suite 2800 |
| 19 | | | Miami, FL 33130 |
| | | | Telephone: (305) 539-8400 |
| 20 | | | Facsimile: (305) 539-1304 |
| 21 | | | William Christopher Carmody (*pro hac vice*) |
| | | | bcarmody@susmangodfrey.com |
| 22 | | | Shawn J. Rabin (*pro hac vice*) |
| | | | srabin@susmangodfrey.com |
| 23 | | | Steven Shepard (*pro hac vice*) |
| | | | sshepard@susmangodfrey.com |
| 24 | | | Alexander P. Frawley (*pro hac vice*) |
| 25 | | | afrawley@susmangodfrey.com |
| | | | SUSMAN GODFREY L.L.P. |
| 26 | | | 1301 Avenue of the Americas, 32nd Floor |
| | | | New York, NY 10019 |
| 27 | | | Telephone: (212) 336-8330 |
| 28 | | | |

**JOINT CASE MANAGEMENT STATEMENT**  -13-  CASE NO. 5:20-cv-03664-LHK

| | |
|---|---|
| 1 | |
| 2 | John A. Yanchunis (*pro hac vice*) |
| 3 | jyanchunis@forthepeople.com<br>Ryan J. McGee (*pro hac vice*) |
| 4 | rmcgee@forthepeople.com<br>Michael F. Ram (pro hac vice) |
| 5 | mram@forthepeople.com<br>Ra O. Amen (pro hac vice) |
| 6 | ramen@forthepeople.com<br>MORGAN & MORGAN, P.A. |
| 7 | 201 N Franklin Street, 7th Floor |
| 8 | Tampa, FL 33602<br>Telephone: (813) 223-5505 |
| 9 | Facsimile: (813) 222-4736 |
| 10 | *Attorneys for Plaintiffs* |

**JOINT CASE MANAGEMENT STATEMENT**

-14-                                    CASE NO. 5:20-cv-03664-LHK

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(I)(3)**

I, Andrew H. Schapiro, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of March, 2021, at Chicago, Illinois.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro