# Exhibit A

Redacted Version
of Document Sought To Be Sealed

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293 6858<br>Facsimile: (415) 999 9695<br><br>SUSMAN GODFREY L.L.P.<br>William Christopher Carmody (pro hac vice)<br>bcarmody@susmangodfrey.com<br>Shawn J. Rabin (pro hac vice)<br>srabin@susmangodfrey.com<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY  10019<br>Telephone: (212) 336-8330<br><br>MORGAN & MORGAN<br>John A. Yanchunis (pro hac vice)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (pro hac vice)<br>rmcgee@forthepeople.com<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br><br>*Attorneys for Plaintiffs; additional counsel listed in signature blocks below* | QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>Andrew H. Schapiro (*pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Diane M. Doolittle (CA Bar No. 142046)<br>dianedoolittle@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>*Attorneys for Defendant; additional counsel listed in signature blocks below* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**JOINT LETTER BRIEF RE: LOG PRESERVATION**<br><br>Referral: Hon. Susan van Keulen, USMJ |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

March 23, 2021

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

    Re:    Joint Letter Brief re Log Preservation
             *Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

      Pursuant to Your Honor's June 2020 Civil Scheduling and Discovery Referral Matters Standing Order, Plaintiffs and Google LLC ("Google") submit this joint statement regarding Plaintiffs' request to strike paragraph 4(c)(2) from the First Modified Stipulated Order Re: Discovery of Electronically Stored Information for Standard Litigation ("ESI Order") (Dkt. 91). Counsel for the parties met and conferred and reached an impasse on this request. There are 132 days until the close of fact discovery. Dkt. 116. A trial date has not yet been set. Exhibit A contains each party's respective proposed order, and Exhibit B contains Plaintiffs' proposed ESI Order.

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**PLAINTIFFS' STATEMENT**

Plaintiffs respectfully request that the Court issue an order striking paragraph 4(c)(2) from the ESI Order (Dkt. 91). The Court may modify the ESI Order for good cause, and good cause exists here. Google improperly seeks to justify its decision to not preserve relevant evidence regarding its collection and use of people's private browsing communications based on paragraph 4(c)(2) of the ESI Order. That is contrary to and in violation of the parties' prior discussions, as discussed below. Any ruling by this Court in *Calhoun* regarding Google's preservation obligations should apply equally here, and striking paragraph 4(c)(2) ensures that outcome while avoiding duplicative briefing and meritless objections by Google.

As detailed in Judge Koh's order denying Google's motion to dismiss, this case concerns Google's collection and use of data from people's private browsing communications. *See* Dkt. 113 at 2–4; First Amended Complaint ("FAC"), Dkt. 68, ¶¶ 1–10. "Google did not notify users that Google engages in the alleged data collection while the user is in private browsing mode." *Id.* at 20. Rather, "Google's representations regarding private browsing present private browsing as a way that users can manage their privacy and omit Google as an entity that can view users' activity while in private browsing mode." *Id.* at 16. Google tells people (Google's "users") that they are "in control of what information [they] share with Google" and can browse privately using "Incognito" or other private browsing modes. FAC ¶¶ 2–3. For example, Google said: "When you have incognito mode turned on in your settings, your search and browsing history will not be saved." FAC ¶ 42. Google's promises were false. FAC ¶ 4. When people browse privately, Google in fact collects their search and browsing history and other personal data. FAC ¶¶ 4–8.

Google does not dispute that it collects and uses this private browsing data, including data regarding people's browsing history and other personal information. In response to Plaintiffs' requests for admission, Google admits that it collects—and apparently continues to collect—users' browsing histories, IP addresses, and other user data. The data that Google collects from users' private browsing is of course central to Plaintiffs' claims. FAC ¶¶ 2, 75, 81, 108, 109, 114, 223. And so is Google's use of that private browsing data for Google's profits and benefit. FAC ¶ 115.

In June 2020, when Plaintiffs filed their lawsuit, Google had a choice: (1) Google could have stopped collecting and using private browsing data, at which point there would be no additional data for Google to preserve; or (2) Google could continue to collect and use that private browsing data, but (of course) preserve records of that Google collection and use (and risk additional liability in this lawsuit for that continuing collection and use of private browsing data). This is an affirmative obligation, requiring affirmative steps to ensure preservation. *National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 557–58 (N.D. Cal. 1987).

In fall 2020, during the parties' ESI discussions, Plaintiffs repeatedly informed Google that Google has a duty to preserve records of its collection and use of private browsing data. Plaintiffs reiterated how that preservation obligation arose when Plaintiffs filed their lawsuit and was ongoing. *See, e.g.*, *Bright Solutions for Dyslexia, Inc. v. Doe 1*, No. 15-CV-01618-JSC, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015) ("Once a complaint is filed, parties to a lawsuit are under a duty to preserve evidence that is relevant or could reasonably lead to the discovery of admissible evidence." (internal quotations omitted)); *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006) ("As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action."). Here, how and

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

what Google preserves by way of logs is knowledge that was solely within the custody and control of Google.

Before the parties filed the proposed ESI Order on October 12, 2020 (Dkt. 71), Plaintiffs' counsel modified certain language proposed by Google's counsel to ensure Google's preservation of that data. In one draft of the ESI Order, Google's counsel sought permission to destroy "on-line access data such as temporary internet files, history, cache, cookies, and the like." Plaintiffs' counsel rejected that provision, noting that it could be read to include private browsing data. Plaintiffs' counsel modified that provision to only include "temporary internet files, history, and cache." Google's counsel agreed to that modification, and that is what was included in the proposed ESI Order. *See* Dkt. 71. Google did not raise then any alleged burdens that would be imposed if it were to preserve relevant data, and Plaintiffs would never agree to the destruction of relevant data had Google actually discussed what logs it possessed regarding private browsing activity.

On February 5, 2021, the same day that the parties in *Calhoun* filed their joint dispute letter regarding Google's preservation obligations (Dkt. 102 in that action), Google's counsel in this action sent a letter disclosing that records of Google's collection and use of the private browsing data are contained in certain "Identity logs, Analytics logs, and Display Ad logs" (the "Google Logs"), the same logs at issue in *Calhoun*. On February 18, 2021, Google's counsel asserted that Google may delete the Google Logs pursuant to paragraph 4(c)(2) of the ESI Order, arguing that Plaintiffs somehow agreed that Google need not preserve those Google Logs based on the reference to "systems, server and network logs" in paragraph 4(c)(2) of the ESI Order.

Plaintiffs never agreed to Google's destruction of any records of Google's collection or use of any private browsing data, in the Google Logs or otherwise, and Plaintiffs therefore seek relief from the Court regarding the ESI Order. Plaintiffs are not with this submission requesting that the Court order production of any such data or logs. Plaintiffs simply ask that the Court strike paragraph 4(c)(2) from the ESI Order because Google improperly seeks to invoke that paragraph as justifying its unilateral decision regarding preservation of these Google Logs. The ESI Order was negotiated by the parties' counsel long before Google ever identified the Google Logs, or explained how and what Google stores and preserved, and Google's interpretation of paragraph 4(c)(2) is directly contrary to what the parties discussed and agreed to during their negotiations in connection with the ESI Order.

Plaintiffs sought to avoid burdening this Court with this joint dispute letter. Given that the parties in *Calhoun* were briefing preservation with respect to these same Google Logs, Plaintiffs asked Google to confirm that any preservation ruling in *Calhoun* would apply equally in this case. Google refused. In its response below, Google's counsel seems to suggest that may be true, stating that any *Calhoun* ruling will be "instructive." But Google at the same time continues to oppose any modification of the ESI Order, requiring this joint letter. Google is implying that it intends to pick and choose depending on what the Court orders in *Calhoun*, and such cherry picking should be prohibited. Instead, the Court should interpret Google's tactics as concession that the Google Logs at issue are and were relevant, and Google knew their importance at the onset.

Regardless, the relief requested by Plaintiffs is appropriate and helpful in terms of avoiding duplicative briefing. This letter solely focuses on the terms of the ESI Order, with the parties separately negotiating production. If helpful for the Court, Plaintiffs can more thoroughly brief preservation in response to Google's arguments below. In terms of production, Google proposed

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

the possibility of "sampling" or some "substitute source" of private browsing data.  Plaintiffs have already told Google that they are willing to consider sampling or substitute information, and those discussions are ongoing.  Plaintiffs are also willing to review any production Google makes.  In the meantime, Plaintiffs simply wish to ensure that Google is not improperly using the Court's ESI Order to justify any unilateral decision by Google (not agreed to by Plaintiffs) to not preserve relevant data.  However Google decides to meet its obligations to preserve relevant data and discovery, it is Google's choice to continue its business practices at issue.  Google's alleged "burdens" are the byproduct of its own making.

## GOOGLE'S STATEMENT

There is no good cause here to modify the ESI Protocol. The parties spent weeks negotiating in good faith the protocol, discussing each provision against the backdrop of what is reasonable and proportional under the Rules, including Google's concern about the burden related to preserving outside of the regular course of business the categories in Section 4(c) of the ESI Protocol. There is no good cause to strike one of those categories, Section 4(c)(2), now, months after the parties stipulated to it.[1] *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, 2017 WL 11535871, at *2, *3 (E.D. La. Apr. 6, 2017) ("As to the nature of the order, if it was stipulated to by the Parties, this will weigh against its modification[.]").

Plaintiffs contend the dispute is merely about striking Section 4(c)(2) of the ESI Protocol. That is wrong. Plaintiffs acknowledge what they really seek is the same relief sought by the Plaintiffs in *Calhoun*—*i.e.*, to obligate Google to preserve the Disputed Logs. The Court is well aware of the dispute here, because it has already been briefed and argued in *Calhoun et al. v. Google*, 5:20-cv-05146-LHK (SVK). As in that case, Plaintiffs here also argue that Google should suspend its regular retention policies on the data stored in logs that record information received when a user visits a website that employs Google Ad Manager or Google Analytics services. Google's position is the same in both cases: Plaintiffs' preservation demand is extraordinarily burdensome, not feasible, and would result in Google spending ▬▬▬▬▬ to preserve information that the parties know will never be used in litigation. For the reasons below, the Court should deny Plaintiffs' request and adopt Google's compromise.

***The Preservation Plaintiffs Demand is Disproportionate and Unreasonable.*** The Disputed Logs record ▬▬▬ of entries a day. Google estimates that suspending preservation of these logs—even if possible to do safely, without jeopardizing the data or Google's systems—would require storing over a thousand additional ▬▬▬ of data ▬▬▬▬. Even if it were feasible, suspending the regular retention periods for the Disputed Logs and safely hosting the ever-increasing data would take ▬▬▬ of engineering effort and ▬▬▬▬ to accomplish. Plaintiffs' allegation that Google's extraordinary burden are "the byproduct of its own making" ignores the complexity of Google's obligations to comply with its legal obligations, public commitment to user privacy, and its contractual obligations while balancing the already enormous time and costs associated with preserving the Disputed Logs even in the ordinary course of business.

---

[1] The authority that Plaintiffs cite, *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 557–58 (N.D. Cal. 1987), does not support the proposition that all discoverable materials must be preserved regardless of the burden or proportionality to the needs of the case. Plaintiffs' other cases are also inapposite for the same reasons. See, e.g., *Bright Solutions for Dyslexia, Inc. v. Doe 1*, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015); *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006).

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

And their argument that Google should simply have "[dis]continue[d] its business practices at issue in this case" to alleviate the preservation burden they seek to impose ignores that Plaintiffs have not established that Google's practices are in fact unlawful. Plaintiffs have only survived a motion to dismiss; they have not proven their claims yet.

Moreover, the data Plaintiffs are asking Google to preserve is neither necessary for—or proportional to—Plaintiffs' claims. Plaintiffs allege that Google misled users into believing that data associated with their private browsing would not be collected by Google Ad Manager and Google Analytics when those services were employed by the websites the users visited. Even taking Plaintiffs' allegations at face value, their claims turn on whether Google's private browsing disclosures would mislead the reasonable user. The fact that certain data is transmitted to Google from websites, even in private browsing mode, is hardly disputed. As Plaintiffs recognize above (p.1), Google has already admitted to receiving certain data related to users in response to Plaintiffs' RFAs.

Nor would the underlying data elucidate any claim in this litigation and Plaintiffs do not contend otherwise above. Plaintiffs narrowly allege that Google identifies and tracks users when they are logged *out* of their Google Accounts and in private browsing mode. FAC ¶ 192 (limiting class to users who browsed in private mode while "not logged into their Google account on that device's browser"). Google's systems are designed such that data generated by users who are logged out is not linked—or reasonably linkable—to those individuals. The data in the logs is therefore not reasonably linkable to the Plaintiffs. As a compromise, Google offered to produce information sufficient to show that the data at issue is not linked, and not reasonably linkable, to individual users. Plaintiffs have yet to accept. Plaintiffs do not require—and are not entitled to—all the data that Google receives through the services at issue that may be associated with U.S.-based users simply to test this proposition. *See Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1073 (C.D. Cal. 2009) (refusing to issue a preservation order where movant failed to show that a preservation of "all information" relevant to the complaint would not be unduly burdensome); *see also Pettit v. Smith*, 45 F. Supp. 3d 1099, 1107 (D. Ariz. 2014) ("Whether preservation or discovery conduct is acceptable in a case depends on what is *reasonable,* and that in turn depends on whether what was done—or not done—was *proportional* to that case and consistent with clearly established applicable standards.") (emphases in original). The requested preservation here would do nothing to advance any claim in this case and would unduly burden Google with millions of dollars in engineering and storage costs.

***Any Ruling in Calhoun Will be Instructive Here.*** Despite the differences in the allegations and putative class, the preservation dispute Plaintiffs ask the Court to resolve is identical to the dispute that has been briefed, argued, and is being resolved in the related *Calhoun* case. However, given the differences between this case and Calhoun, the parties must meet and confer after the Calhoun ruling to determine the practical effect it will have in this case. For example, the putative class in Brown is limited to those private browsing users who were not logged into their Google account on that device's browser; therefore, the relevant logs here are those ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ By contrast, *Calhoun* implicates both ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Plaintiffs' discovery responses have further specified that their "claims are about Google Analytics." Dkt. 112-3 at p.4; Dkt. 112. Therefore, the Disputed Logs here are ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Analytics logs, which are a subset of those at issue in *Calhoun*.

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

***Google's Proposal.***  To resolve the preservation dispute, Google proposes the following compromise:

**Production.**  In meet and confers and written correspondence, Plaintiffs have requested production of relevant data associated with Plaintiffs' Google Accounts. Google is prepared to produce such data upon entry of an appropriate consent order.

**Further Steps.**  Once the Court has resolved the preservation dispute in *Calhoun*, the parties should meet and confer to determine how the Court's order should apply to the Disputed Logs in this case.

Respectfully,

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BOIES SCHILLER FLEXNER LLP |
| */s/ Andrew H. Schapiro* | */s/ Mark C. Mao* |
| Andrew H. Schapiro (admitted *pro hac vice*) | Mark C. Mao (CA Bar No. 236165) |
| andrewschapiro@quinnemanuel.com | mmao@bsfllp.com |
| 191 N. Wacker Drive, Suite 2700 | Sean Phillips Rodriguez (CA Bar No. 262437) |
| Chicago, IL 60606 | srodriguez@bsfllp.com |
| Tel: (312) 705-7400 | Beko Reblitz-Richardson (CA Bar No. 238027) |
| Fax: (312) 705-7401 | brichardson@bsfllp.com |
| Stephen A. Broome (CA Bar No. 314605) | 44 Montgomery Street, 41st Floor |
| sb@quinnemanuel.com | San Francisco, CA 94104 |
| Viola Trebicka (CA Bar No. 269526) | Tel: (415) 293 6858 |
| violatrebicka@quinnemanuel.com | Fax: (415) 999 9695 |
| 865 S. Figueroa Street, 10th Floor | |
| Los Angeles, CA 90017 | James W. Lee (*pro hac vice*) |
| Tel: (213) 443-3000 | jlee@bsfllp.com |
| Fax: (213) 443-3100 | Rossana Baeza (*pro hac vice*) |
| | rbaeza@bsfllp.com |
| Josef Ansorge (admitted *pro hac vice*) | 100 SE 2nd Street, Suite 2800 |
| josefansorge@quinnemanuel.com | Miami, FL 33130 |
| 1300 I Street NW, Suite 900 | Tel: (305) 539-8400 |
| Washington D.C., 20005 | Fax: (305) 539-1304 |
| Tel: (202) 538-8000 | |
| Fax: (202) 538-8100 | William Christopher Carmody (*pro hac vice*) |
| Jonathan Tse (CA Bar No. 305468) | bcarmody@susmangodfrey.com |
| jonathantse@quinnemanuel.com | Shawn J. Rabin (*pro hac vice*) |
| 50 California Street, 22nd Floor | srabin@susmangodfrey.com |
| San Francisco, CA 94111 | Steven Shepard (*pro hac vice*) |
| Tel: (415) 875-6600 | sshepard@susmangodfrey.com |
| Fax: (415) 875-6700 | Alexander P. Frawley (*pro hac vice*) |
| | afrawley@susmangodfrey.com |
| Thao Thai (CA Bar No. 324672) | |
| thaothai@quinnemanuel.com | |
| 555 Twin Dolphin Drive, 5th Floor | |
| Redwood Shores, CA 94065 | |
| Tel: (650) 801-5000 | |
| Fax: (650) 801-5100 | |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

*Attorneys for Defendant Google LLC*

SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Tel: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
Fax: (813) 222-4736

Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Letter Brief Re; Log Preservation.  Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: March 23, 2021         By      */s/ Andrew H. Schapiro*
                                    Andrew H. Schapiro
                                    *Counsel on behalf of Google*