| | |
|---|---|
| Lesley Weaver (Cal. Bar No.191305) | Mitchell M. Breit (*pro hac vice* to be sought) |
| Matthew S. Melamed (Cal. Bar No. 260272) | Jason 'Jay' Barnes (*pro hac vice* to be sought) |
| Anne K. Davis (Cal. Bar No. 267909) | An Truong (*pro hac vice* to be sought) |
| Angelica M. Ornelas (Cal. Bar No. 285929) | Eric Johnson (*pro hac vice* to be sought) |
| Joshua D. Samra (Cal. Bar No. 313050) | **SIMMONS HANLY CONROY LLC** |
| **BLEICHMAR FONTI & AULD LLP** | 112 Madison Avenue, 7th Floor |
| 555 12th Street, Suite 1600 | New York, NY 10016 |
| Oakland, CA 94607 | Tel.: (212) 784-6400 |
| Tel.: (415) 445-4003 | Fax: (212) 213-5949 |
| Fax: (415) 445-4020 | *mbreit@simmonsfirm.com* |
| *lweaver@bfalaw.com* | *jaybarnes@simmonsfirm.com* |
| *mmelamed@bfalaw.com* | *atruong@simmonsfirm.com* |
| *adavis@bfalaw.com* | *ejohnson@simmonsfirm.com* |
| *aornelas@bfalaw.com* | |
| *jsamra@bfalaw.com* | |

Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal Bar No. 220289)
Caroline C. Corbitt (Cal Bar No. 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, et al., | Case No. 5:20-cv-03664-LHK |
| Plaintiffs, | |
| v. | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| GOOGLE LLC, | |
| Defendant. | Civil L.R. 3-12, 7-11 |

## I. INTRODUCTION

Pursuant to Civil Local Rules 3-12 and 7-11, plaintiffs in *Hewitt, et al. v. Google LLC*, No. 5:21-cv-02155 (N.D. Cal. Mar. 29, 2021) ("*Hewitt*") move the Court to relate, but not consolidate, the case to the above-captioned action, *Brown, et al. v. Google LLC*, No. 5:20-cv-03664-LHK (N.D. Cal. June 2, 2020) ("*Brown*"), and *Calhoun, et al. v. Google LLC*, No. 5:20-cv-05146-LHK (N.D. Cal. July 27, 2020) ("*Calhoun*").

*Hewitt* is currently pending before Judge Labson Freeman. *Brown* and *Calhoun* were related under similar circumstances. After *Calhoun's* initial assignment to Judge Freeman, Judge Freeman *sua sponte* referred *Calhoun* to this Court to consider whether *Calhoun* is related to *Brown*. This Court related those actions. Dkt. 46. While some legal theories differ between *Hewitt*, *Brown* and *Calhoun*, the Court may find similar efficiencies in litigating *Hewitt* before the same tribunal, given that the same operative Terms of Service and policies apply; that this Court has developed proficiency in analyzing their application to causes of action also pled in *Hewitt*; that there may be some risk of different conclusions of law; and coordination of the cases may be more efficient if they are pending before one Judge.

## II. STATEMENT OF FACTS

Civil Local Rule 3-12(b) provides that "[w]henever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District . . . , the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related." Here, *Brown* is the lowest-numbered case, and both *Brown* and *Calhoun* concern similar events and legal claims to those asserted in *Hewitt*. Declaration of Lesley E. Weaver ("Weaver Decl.") ¶¶ 3-5.

**Brown**: Plaintiffs in *Brown* filed their class action complaint on June 2, 2020, and their First Amended Complaint on September 21, 2020. *Brown* asserts claims on behalf of a subset of Google account holders against Google LLC ("Google") over Google's collection of data while they are in private browsing mode. Weaver Decl., Ex. 1 ¶ 8. Plaintiffs allege Google collects the following information when plaintiffs are in "private browsing mode": (1) GET

requests, (2) IP addresses, (3) "fingerprint" data, (4) user IDs, (5) geolocation, and (6) the information contained in Google cookies. *Id.* ¶ 63. Plaintiffs also allege that Google associates this information with profiles it maintains on users. *Id.* ¶ 93.

Plaintiffs in *Brown* seek to represent a class comprising "[a]ll individuals with a Google account who accessed a website containing Google Analytics or Ad Manager using any non-Android device and who were (a) in 'private browsing mode' in that device's browser, and (b) were not logged into their Google account on that device's browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016 through the present." *Id.* ¶¶ 192. Plaintiffs in *Brown* bring claims for violations statutory and common law, and seek damages, disgorgement, injunctive relief, and all other relief the Court deems appropriate. *Id.* ¶¶ 202-266.

**Calhoun**: Plaintiffs in *Calhoun* filed their class action complaint on July 27, 2020, asserting claims against Google for its unauthorized collection of the personal information of users of Google's Chrome when they had not enabled the browser's "Sync" function. Weaver Decl., Ex. 2 ¶¶ 1, 13. *Calhoun* alleges that Google collects the following information regardless of whether Sync has been enabled: (1) "unique, persistent cookie identifiers", (2) "browsing history in the form of the contents of the users' GET requests and information relating to the substance, purport, or meaning of the website's portion of the communication with the user", (3) "the contents of the users' POST communications"; (4) "[t]he user's IP address and User-Agent information about their device", and (5) the user's X-Client Data Header. *Id.* ¶ 134. Plaintiffs also allege that the collected information "is reasonably capable … and … does link such information with individual consumers and their devices." *Id.* ¶ 46.

Plaintiffs in *Calhoun* seek to represent a class of all persons in the United States who used Google's Chrome browser on or after July 27, 2016 without choosing to "Sync" with any Google account and whose personal information was collected by Google. *Id.* ¶ 259. Plaintiffs bring claims for breach of contract, statutory, common law and equitable claims seeking damages, restitutions, disgorgement, punitive damages and injunctive relief. *Id.* ¶ 13.

On August 5, 2020, the Court ordered *Calhoun* related to *Brown*. Dkt. 46. However, the Court did not consolidate the cases. This was the appropriate decision, given that the cases differ in certain significant aspects.

**Hewitt**: Plaintiffs in *Hewitt* filed their class action complaint on March 26, 2021, and assert claims against Google alleging that "Google sells and discloses to thousands of Google [real-time bidding] participants" the personal information of Google account holders ("Account Holders") without authorization. Weaver Decl., Ex. 3 ¶ 12. Plaintiffs allege "Google associates . . . unique identifiers – cookies, IP addresses, User-Agent information, advertising ids, other unique device identifiers, and browsing history information – with individual accounts that include names, email addresses, geolocation, and all other information Google maintains on individual account holders." *Id.* ¶ 58. Plaintiffs also allege that Google discloses the following data: (1) "A Google ID for each account holder"; (2) "The account holder's IP address"; (3) "A Cookie-matching service that helps the recipient match the account holder's personal information up with other personal information that the recipient has on the account holder"; (4) "The account holder's User-Agent information"; (5) "The Publisher ID of the website in question"; (6) "The content of the URL for the webpage where the ad will be placed"; (7) "The account holder's unique device identifier"; and (8) "'vertical' interests associated with the bid that include interests relating to race, religion, health, and sexual orientation." *Id.* ¶ 14.

Plaintiffs in *Hewitt* seek to represent a class comprising "all persons residing in the United States with a Google Account who used the Internet on or after Google began using [real-time bidding] in a manner that disclosed Account Holders' personal information." *Id.* ¶ 233. Plaintiffs have also brought statutory claims on behalf of an alleged subclass of "All Google Account Holders Who Use the Google Chrome Browser." *Id.* ¶¶ 367, 385, 405. Plaintiffs in *Hewitt* bring claims for breach of contract, violations of statutory and common law, and equitable claims, and seek damages, unjust enrichment, punitive damages, injunctive relief, and all other remedies permitted by law. *Id.* ¶ 27. At a high level, the core *Brown* and *Calhoun* claims arise out of the collection of certain Chrome users' personal information in

violation of promises not to do so under certain circumstances. *Hewitt* alleges a broader practice of improper collection but also widespread disclosure and sale of all Google account holders' personal information, including but not limited to Chrome users. In short, while the legal claims require separate analysis, some core set of facts overlap, and the Court may find it efficient to deem them related. Because relation is within the discretion of the court, a stipulation does not accompany this administrative motion.

### III.  ARGUMENT

Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Here, both criteria are satisfied.

The actions concern substantially the same parties. All three proposed class actions are brought against the same defendant—Google—and the actions seek to represent overlapping classes of plaintiffs. *Hewitt* seeks to represent all United States Google account holders, as well as subclasses including all United States Google Chrome users (Weaver Decl. Ex 3 ¶¶ 233, 367, 385, 405), which overlap with the *Brown* and *Calhoun* classes. (Weaver Decl., Ex. 1 ¶ 192, Ex. 2 ¶¶ 1, 13, 259).

The actions also concern similar property, transactions, or events. All three actions allege similar types of users' personal information was collected or disseminated by Google, although the methods of allegedly improper collection and use vary. *See e.g.* Weaver Decl., Exs. 1 ¶ 93 ("By tracking, collecting and intercepting users' (including Plaintiffs' and Class members') personal communications indiscriminately—regardless of whether users attempted to avoid such tracking pursuant to Google's instructions—Google has gained a complete, cradle-to-grave profile of users[.]"); 2 ¶ 46 ("Google is reasonably capable of linking IP addresses (including those linked to user agent), persistent cookie identifiers, X-client-data headers, and web browsing history and information regarding a consumer's interaction with an Internet website, and, in fact, does link such information with individual consumers and their

devices."); 3 ¶ 58 ("Google associates these unique identifiers – cookies, IP addresses, User-Agent information, advertising ids, other unique device identifiers, and browsing history information – with individual accounts that include names, email addresses, geolocation, and all other information Google maintains on individual account holders."). Also, the personal information allegedly disclosed by Google to real-time bidding participants in *Hewitt* overlaps with the personal information allegedly collected by Google in *Brown* and *Calhoun*.

Further, the three actions assert similar legal claims and seek similar remedies. Each action asserts causes of action for invasion of privacy, equitable claims, and some overlapping violations of statutory and common law, and both *Calhoun* and *Hewitt* assert breach of contract claims. In resolving the motions to dismiss in *Brown* and *Calhoun,* the Court extensively analyzed Google's operative Terms of Service and related policies, resolving complicated issues relating to consent, disclosure, incorporation of policies and certain technical aspects of common claims, like the Wiretap Act and the Stored Communications Act. To resolve the claims presented in *Hewitt,* similar analysis is required. For these reasons, the Court could reasonably conclude that adjudication of these actions would create "unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(2). Plaintiffs do not believe consolidation under Federal Rule of Civil Procedure 42 is necessary or appropriate at this time considering that *Hewitt* alleges that "Google shares and sells users' personal information with Google [real-time bidding] participants," and these factual and legal claims that are not represented in *Calhoun* or *Brown*. Weaver Decl., Ex. 3 ¶ 79 (emphasis added). Plaintiffs believe consolidation is also not appropriate given that the *Hewitt* is in an early stage, whereas, the Court has already issued orders on Google's motions to dismiss the *Calhoun* and *Brown* complaints. *Calhoun*, Dkt. 147; *Brown*, Dkt. 113.

### IV.   CONCLUSION

Because the law and facts giving rise to the claims in *Hewitt* substantially overlap with those alleged in *Brown* and *Calhoun*, undersigned counsel respectfully request that the Court order the actions related but not consolidated.

Dated: April 1, 2021

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP** | **SIMMONS HANLY CONROY LLC** |
| By: */s/ Lesley E. Weaver* | By:     */s/ Jay Barnes* |
| Lesley E. Weaver (Cal. Bar No. 191305) | Mitchell M. Breit (*pro hac vice* to be sought) |
| Matthew S. Melamed (Cal. Bar No. 260272) | Jason 'Jay' Barnes (*pro hac vice* to be sought) |
| Anne K. Davis (Cal. Bar No. 267909) | An Truong (*pro hac vice* to be sought) |
| Angelica M. Ornelas (Cal. Bar No. 285929) | Eric Johnson (*pro hac vice* to be sought) |
| Joshua D. Samra (Cal. Bar No. 313050) | 112 Madison Avenue, 7th Floor |
| 555 12th Street, Suite 1600 | New York, NY 10016 |
| Oakland, CA 94607 | Tel.: (212) 784-6400 |
| Tel.: (415) 445-4003 | Fax: (212) 213-5949 |
| Fax: (415) 445-4020 | *mbreit@simmonsfirm.com* |
| *lweaver@bfalaw.com* | *jaybarnes@simmonsfirm.com* |
| *mmelamed@bfalaw.com* | *atruong@simmonsfirm.com* |
| *adavis@bfalaw.com* | *ejohnson@simmonsfirm.com* |
| *aornelas@bfalaw.com* | |
| *jsamra@bfalaw.com* | |

**PRITZKER LEVINE LLP**

By:     */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal Bar No. 220289)
Caroline C. Corbitt (Cal Bar No. 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Attorneys for Plaintiffs*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of April, 2021, at Oakland, California.

*/s/ Lesley E. Weaver*
Lesley E. Weaver

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2021, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system. I have also caused the foregoing document to be served on counsel of record for *Brown* and *Calhoun* via electronic and U.S. mail. I have also caused a copy foregoing document to be served on Google LLC via U.S. mail at the following address: Google LLC, C/O Corporation Service Company d/b/a CSC -Lawyers Incorporating Service (C1592199), 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

Executed this 1st day of April, 2021, at Oakland, California.

*/s/ Lesley E. Weaver*
Lesley E. Weaver