QUINN EMANUEL URQUHART & SULLIVAN, LLP

| | |
|---|---|
| Diane M. Doolittle (CA Bar No. 142046) | Andrew H. Schapiro (admitted *pro hac vice*) |
| dianedoolittle@quinnemanuel.com | andrewschapiro@quinnemanuel.com |
| Thao Thai (CA Bar No. 324672) | 191 N. Wacker Drive, Suite 2700 |
| thaothai@quinnemanuel.com | Chicago, IL 60606 |
| 555 Twin Dolphin Drive, 5th Floor | Telephone: (312) 705-7400 |
| Redwood Shores, CA 94065 | Facsimile: (312) 705-7401 |
| Telephone: (650) 801-5000 | |
| Facsimile: (650) 801-5100 | |
| | |
| Stephen A. Broome (CA Bar No. 314605) | Josef Ansorge (admitted *pro hac vice*) |
| stephenbroome@quinnemanuel.com | josefansorge@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | 1300 I. Street, N.W., Suite 900 |
| violatrebicka@quinnemanuel.com | Washington, D.C. 20005 |
| 865 S. Figueroa Street, 10th Floor | Telephone: 202-538-8000 |
| Los Angeles, CA 90017 | Facsimile: 202-538-8100 |
| Telephone: (213) 443-3000 | |
| Facsimile: (213) 443-3100 | |
| | |
| Jonathan Tse (CA Bar No. 305468) | Jomaire A. Crawford (admitted *pro hac vice*) |
| jonathantse@quinnemanuel.com | jomairecrawford@quinnemanuel.com |
| 50 California Street, 22nd Floor | 51 Madison Avenue, 22nd Floor |
| San Francisco, CA 94111 | New York, NY 10010 |
| Telephone: (415) 875-6600 | Telephone: (212) 849-7000 |
| Facsimile: (415) 875-6700 | Facsimile: (212) 849-7100 |

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | CASE NO. 5:20-cv-03664-LHK<br><br>**DEFENDANT GOOGLE LLC'S OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: Honorable Lucy H. Koh |

The Plaintiffs in *Hewitt v. Google LLC*, filed their case earlier this week. *Hewitt v. Google LLC*, No. 5:21-cv-02155-BLF (N.D. Cal. Mar. 29, 2021) (Freeman, J.). They have not served their complaint, and Google has not yet retained counsel for that action. Yet Plaintiffs immediately moved to have their new case related to this one, without any outreach to Google as the local rules require. *See* L.R. 7-11(a).

*Hewitt* does not come close to meeting the standard for relatedness under Local Rule 3-12. Plaintiffs' Motion in fact concedes that the lawsuits are fundamentally different, explaining that "*Hewitt* alleges that 'Google shares and sells users' personal information with Google [real-time bidding] participants,' and these factual and legal claims [] are not represented in *Calhoun* or *Brown*." Mot. at 6 (first alteration in original). In that, they are right. These cases involve different conduct, different technologies, and will involve different witnesses and documents. Relating them would thus yield nothing in terms of efficiency for the parties or the Court. Accordingly, the motion to relate should be denied.

## **ARGUMENT**

A two-part test must be satisfied for actions to be deemed related to one another. The actions must (1) "concern substantially the same parties, property, transaction or event," and (2) it must "appear[] likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(a). Neither element is met here.

*First*, *Hewitt* does not "concern substantially the same parties, property, transaction or event" as those at issue here or in *Calhoun v. Google LLC*, No. 5:20-cv-05146-LHK (N.D. Cal. July 27, 2020) ("*Calhoun*"). *See* L.R. 3-12(a)(1). The *Hewitt* plaintiffs' claims are based on Google's alleged role in "Real Time Bidding" auctions, which they claim take place on a proprietary auction platform on which Google allegedly discloses user information to advertisers and publishers that participate in the auctions. *See* Mot. Ex. 3, ¶ 4. As the Court knows, none of that is remotely at issue in this case or *Calhoun*; not Google's ad auction platform, not the bidding and matchmaking process, and not any information disclosures allegedly made during that process.

The *Brown* plaintiffs challenge Google's receipt of alleged personal information from users of Android or non-Android devices who claim they were in a private browsing mode on an Internet browser. *See* Dkt. 68 ¶¶ 1–8. They claim they expected their private browsing feature, on whatever browser, would block receipt by Google of data shared between users and websites that use certain of Google's web-services. *Id.* The *Brown* plaintiffs challenge Google's collection of information and the nature of private browsing generally. The case has nothing to do with information disclosures allegedly made in the process of matching advertisers with ad space on publishers' websites.

The *Calhoun* plaintiffs claim that Google improperly collected their alleged personal information when they had not enabled a specific feature, "Sync," on a specific browser, Google Chrome. Mot. Ex. 2 ¶¶ 1-3. At its core, *Calhoun* concerns the purpose and effect of not enabling Chrome's Sync feature. It too does not implicate Google's advertising auction, bidding, and matching operations.

The *Hewitt* plaintiffs do not challenge Google's collection of their information at all. Instead, they allege that Google impermissibly shared their information when matching advertisers with publishers willing to host their ads. *See, e.g.*, Mot. Ex. 3, ¶¶ 150-53. *Hewitt* has nothing to do with private browsing, nor does it have anything to do with the implications of enabling or not enabling Sync in Chrome. *Hewitt* does contain a few conclusory allegations about Chrome, but those that attempt to show a connection between the browser and plaintiffs' theory of harm focus on "Google's divulgence of the contents of Plaintiffs' and Class Members' communications on the Chrome browser" to advertisers and publishers that use its ad auction platform without plaintiffs' consent. *See id.* ¶¶ 379, 381, 394, 399-402. Nor does *Hewitt*'s inclusion of a *subclass* consisting of "Google Account Holders Who Use the Google Chrome Browser" to allege two particular instances of allegedly improper disclosure by Google, *see id.* ¶¶ 367, 385, 405, render the case similar to *Brown* or *Calhoun*. *Ortiz v. CVS Caremark Corp.*, 2013 WL 12175002, at *1 (N.D. Cal. Oct. 15, 2013) ("[T]he limited overlap of some class members is not enough to reach the 'substantial similarity' threshold."); *cf.* Mot. Ex. 3 ¶ 233 (defining class as all Google Account Holders in the U.S. who use the Internet).

At most these cases share a defendant and certain privacy claims (albeit based on very different facts). That is not enough to satisfy Rule 3-12(a). *See Tecson v. Lyft*, 2019 WL1903263, *3 (N.D. Cal. Apr. 29, 2019) (although cases were brought against the same defendant under the same statute and posed "common questions of law and fact," "th[o]se parallels d[id] not suffice to meet the substantial similarity threshold"); *see also Hill v. Goodfellow Top Grade*, 2019 WL 2716487, at *1 (N.D. Cal. June 28, 2019) (denying relation of cases bringing similar claims, against the same defendant, involving "overlapping events and witness," because the cases "concern[ed] largely different events").

*Second*, the *Hewitt* Plaintiffs fail to demonstrate that it is "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(a)(2). Indeed, the *Hewitt* plaintiffs concede that the cases are at meaningfully different procedural stages. Mot. at 6 ("*Hewitt* is in an early stage, whereas, the Court has already issued orders on Google's motions to dismiss the *Calhoun* and *Brown* complaints."). In such circumstances, the second prong of L.R. 3-12(a) is not met. *See, e.g.*, *Hynix Semiconductor Inc. v. Rambus, Inc.*, 2008 WL 3916304, at *2 (N.D. Cal. Aug. 24, 2008) (second prong of L.R. 3-12(a) was not met where one case had not begun discovery and the other had nearly completed it); *Hodges v. Akeena Solar, Inc.*, 2010 WL 2756536, at *1 (N.D. Cal. Jul. 9, 2010) (cases were in meaningfully different "procedural posture[s]" for purposes of L.R. 3-12(a)'s second prong where one had "already survived a Motion to Dismiss and [was] moving toward class certification" and the other had only recently been filed).

All Plaintiffs argue is that if the cases proceed separately, two different judges will need to analyze Google's "Terms of Service and related policies." Mot. at 6. Even if that were true (and it is not at all clear that the same contracts, policies, and time periods are implicated here), that would not justify upending this District's use of the "proportionate," "random[]," and "blind[]" system for selecting Judges set out in General Order No. 44. There are many currently pending actions assigned throughout the District that implicate Google's Terms of Service and related policies. Under the reading of Rule 3-12 that the *Hewitt* plaintiffs propose, all of these, including numerous

| | |
|---|---|
| 1 | privacy class actions, could be related and assigned to a single judge. That is not what the related |
| 2 | case rule envisions, nor how the judges in this District have applied it to date. |

## **CONCLUSION**

For these reasons, Google respectfully requests the Court deny the Motion.

DATED: April 2, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Andrew H. Schapiro*

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Thao Thai (CA Bar No. 324672)
thaothai@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted pro hac vice)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)

jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*