| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293 6858<br>Facsimile: (415) 999 9695<br><br>SUSMAN GODFREY L.L.P.<br>William Christopher Carmody (pro hac vice)<br>bcarmody@susmangodfrey.com<br>Shawn J. Rabin (pro hac vice)<br>srabin@susmangodfrey.com<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 336-8330<br><br>MORGAN & MORGAN<br>John A. Yanchunis (pro hac vice)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (pro hac vice)<br>rmcgee@forthepeople.com<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br><br>*Attorneys for Plaintiffs; additional counsel listed in signature blocks below* | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Andrew H. Schapiro (*pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Diane M. Doolittle (CA Bar No. 142046)<br>dianedoolittle@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>*Attorneys for Defendant; additional counsel listed in signature blocks below* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**JOINT LETTER BRIEF RE: PLAINTIFFS' PROPOSED ADDITIONS TO GOOGLE'S PRODUCTION CUSTODIANS**<br><br>Referral: Hon. Susan van Keulen, USMJ |

April 5, 2021

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

>  Re:   Joint Letter Brief re Plaintiffs' Proposed Additions to Google's Production Custodians
>  *Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

Pursuant to Your Honor's June 2020 Civil Scheduling and Discovery Referral Matters Standing Order, Plaintiffs and Google LLC ("Google") submit this joint statement regarding Plaintiffs' request for additional custodians to Google's proposed custodians. Counsel for the parties met and conferred and reached an impasse on this request. There are 119 days until the close of fact discovery. Dkt. 116. A trial date has not yet been set. Exhibit A contains each party's respective proposed order.

**PLAINTIFFS' STATEMENT**

Plaintiffs respectfully request an order compelling Google to include seven additional Google employees as custodians: Sundar Pichai, Unni Narayana, Jan Hannemann, Eric Miraglia, Rahul Roy-Chowdhury, Keith Enright, and Stephan Micklitz.

Adding these custodians will yield highly relevant, non-duplicative discovery. Google has unilaterally selected ten other document custodians, and Google has refused to add <u>any</u> custodians identified by Plaintiffs.[1] As explained below, there are clear information gaps with Google's designated custodians, and it is therefore important to add these seven custodians. *See, e.g.*, *Vasudevan Software, Inc. v. Microstrategy Inc.*, No. 11-CV-06637-RS-PSG, 2012 WL 5637611, at *6 (N.D. Cal. Nov. 15, 2012) (granting motion to add custodians whose documents did not appear "duplicative or unreasonable"); *Mt. Hawley Ins. Co. v. Felman Prod., Inc.*, 269 F.R.D. 609, 620 (S.D.W. Va. 2010) (granting motion to add custodians because "it is reasonable to believe that they will have additional, highly relevant" documents).

Plaintiffs seek this relief consistent with the Court's recent order, affirming the August 2, 2021 cutoff for fact discovery. Dkt. 116. Plaintiffs need custodial documents now, to prepare for depositions and seek relief on the merits of their claims. To expedite production and limit the burden on Google, Plaintiffs include a proposed compromise below for these custodians.

**Sundar Pichai**: Mr. Pichai played a central role in Google's 2008 development and launch of Google's Chrome browser, including Incognito mode. One article describes how Mr. Pichai (at Larry Page's direction) oversaw the 2008 launch of Chrome (which included Incognito mode), when Mr. Pichai pushed his team "to its limits" to create the "next generation web browser that could house third-party web applications."[2] Since then, Mr. Pichai has made numerous misleading public statements regarding Incognito mode and user privacy, *see* Dkt. 68, FAC ¶ 146, including a statement cited by Judge Koh in her ruling denying Google's motion to dismiss and rejecting Google's statute of limitations defense. Dkt. 113 at 19–20 (quoting Mr. Pichai's statement that Incognito mode "lets you browse the web <u>without linking</u> any activity to you" and finding that this and other Google statements falsely suggested that a "user's activity in private browsing mode is not saved or linked to the user" (emphasis added)).

Mr. Pichai offers unique, highly relevant, and non-duplicative discovery. Plaintiffs seek Mr. Pichai's documents to show that Google intentionally built and then continued to use Incognito mode in a way that violates users' privacy rights. Mr. Pichai was the leader of the team that designed Incognito in 2008, and he was CEO when this lawsuit was filed (and Google chose to continue intercepting and collecting private browsing communications despite this lawsuit). Mr. Pichai's documents are non-duplicative not only because of his key roles but also because Google has refused to designate any custodian involved with the 2008 development and launch of Incognito mode or any custodial documents from before June 1, 2016. Adding Mr. Pichai as a custodian will help fill

---

[1] Google has also refused to provide information needed to identify relevant custodians. Plaintiffs are currently evaluating a list of Google employee names produced by Google, with limited information regarding those employees, and Plaintiffs have requested more information by way of an interrogatory. Plaintiffs seek relief now without prejudice to subsequently requesting that additional custodians be added.

[2] https://www.businessinsider.com/larry-page-google-chrome-sundar-pichai-goals-2018-6.

that gap, with relevant documents back to June 1, 2008 (the date from the Court's ESI Order, Dkt. 91). Mr. Pichai also offers unique discovery relevant to Google's defenses, including Google's consent defense and statute of limitations defense.

Mr. Pichai's current CEO position provides no basis for Google to withhold these unique and highly relevant documents. *See Shenwick v. Twitter, Inc.*, No. 16-CV-05314-JST (SK), 2018 WL 833085, at *1 (N.D. Cal. Feb. 7, 2018) (ordering Twitter "to include [CEO, Jack] Dorsey's files in the group of records that will be searched from individual custodians"); *Vasudevan Software, Inc. v. Microstrategy Inc.*, No. 11-CV-06637-RS-PSG, 2012 WL 5637611, at *6 (N.D. Cal. Nov. 15, 2012) (granting motion to compel the production of CEO custodial documents where production did not "appear duplicative or unreasonable"); *In re Google Litig.*, No. C 08-03172 RMW PSG, 2011 WL 4985279, at *1–2 (N.D. Cal. Oct. 19, 2011) (compelling deposition of Google's then-CEO Larry Page in a patent infringement suit where he "created and developed" a version of the algorithm at issue).

**Unni Narayana, Jan Hannemann, Eric Miraglia, Rahul Roy-Chowdhury**: Identified by name in the FAC (¶ 146), these four Google employees made representations on behalf of Google concerning user privacy. In her opinion denying Google's motion to dismiss, Judge Koh cited Mr. Narayana's statement that "your search and browsing history will not be saved" when "you have incognito mode turned on." Dkt. 113 at 9 (quoting FAC ¶ 146) (emphasis added). Such misrepresentations undermine Google's defenses. The unique information these individuals possess in making these representations makes their documents highly relevant and non-duplicative, including for depositions. Mr. Narayana is a Senior Director with analytics expertise;[3] Mr. Hannemann for many years had a "leading role on topics relating to only security and data privacy;"[4] Mr. Miraglia is a Senior Director of Product Management who has "co-founded and led Google's Privacy & Data Protection Office";[5] and Mr. Roy-Chowdhury serves as the "[p]roduct & UX lead for user trust, safety and privacy at Google."[6]

**Keith Enright, Stephan Micklitz**: Mr. Enright is Google's Chief Privacy Officer, based in California, and Mr. Micklitz is the "head" of Google's "privacy hub" in Germany focusing on user controls and Incognito mode.[7] They likely have highly relevant and non-duplicative information about Google's privacy efforts, including private browsing. Mr. Enright interacts with regulators, leading a "team of privacy specialists in support of Google's worldwide privacy effort" and representing Google "in connection with issues relating to privacy and data protection."[8] Google has not designated any custodians who are responsible for dealing with regulators or from Google's "privacy hub" in Germany, and Plaintiffs therefore seek to add these two custodians.

**Proposed Compromise:** To limit the burden on Google and expedite Google's production of documents for these custodians, Plaintiffs are willing to apply search and time period limits. For Mr. Pichai, for documents from June 1, 2008 through the present, Plaintiffs are willing to limit collection to a set of no more than ten search terms or search combinations (including for example

---

[3] Unni Narayanan, LINKEDIN, https://www.linkedin.com/in/unni-narayanan-20976/.
[4] https://about.google/stories/micklitz-hannemann/.
[5] Eric Mirgalia, LINKEDIN, https://www.linkedin.com/in/ericmiraglia/.
[6] Rahul Roy-Chowdhury, LINKEDIN, https://www.linkedin.com/in/rahulrc/.
[7] Stephan Micklitz, LINKEDIN, https://www.linkedin.com/in/stephan-micklitz-b141732b/.
[8] Keith Enright, LINKEDIN, https://www.linkedin.com/in/keithenright/.

"Incognito" and "private browsing"). For the other six custodians, Plaintiffs are willing to limit collection to documents from June 1, 2014 (two years before the start of the class period) through the present, with all agreed-upon or Court-ordered searches.

## GOOGLE'S STATEMENT

Plaintiffs baldly assert that their proposed seven custodians would have "highly relevant, non-duplicative discovery"--but fail to identify any of the purported "clear information gaps" in the ten custodian Google proposed on January 25, 2021. Plaintiffs' arguments fail as to each additional custodian they seek and Google respectfully asks that the Court order Google's compromise.

**Sundar Pichai.** Plaintiffs' proposal to designate as a custodian **Sundar Pichai**, Alphabet's CEO, is improper and unduly burdensome. First, Plaintiffs' argument that they need 14 years of documents related to Chrome Incognito's launch in 2008 is unpersuasive. How Incognito was built in 2008 has little bearing on how it operated during the Class Period of June 1, 2016 to the present. In fact, the Chrome browser publishes new updates *every six weeks*. The discovery from 2008 will yield little, if any, information relevant to Plaintiffs' claim that the way Chrome Incognito worked from 2016 to the present was counter to Google's disclosures to its users during the Class Period.

Second, even if discovery into the development and launch of Chrome Incognito were appropriate, Mr. Pichai is not the right custodian. During the 2008 time period, Mr. Pichai was already serving as the Vice President of Product Development and was not involved in the day-to-day development and decisions of Chrome and Incognito. As a compromise, Google has proposed a custodian for the 2008 time period who *was* involved in the day-to-day development and decisions of Chrome and Incognito mode (discussed further below).

Finally, Mr. Pichai had already assumed the role of Google's CEO at the start of the Class Period; he later became Alphabet's CEO.[9] Where, as here, less burdensome and more suitable substitutes are available, the apex doctrine militates against Mr. Pichai's discovery. *See In re Apple Iphone Antitrust Litig.*, 2021 WL 485709, at *4 (N.D. Cal. Jan. 26, 2021) ("[T]he apex doctrine is . . . is really just an application of Rule 26's requirements of relevance and proportionality and protecting a person from abuse or harassment."). In determining whether to allow apex discovery, "courts consider (1) whether the [apex custodian] has unique first-hand, non-repetitive knowledge of facts at issue in the case and (2) whether the party seeking [apex discovery] has exhausted other less intrusive discovery methods." *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011). "On the proverbial sliding scale, the closer that a proposed witness is to the apex of some particular peak in the corporate mountain range, and the less directly relevant that person is to the evidence proffered in support of his deposition, the more appropriate the protections of the apex doctrine become." *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). None of Plaintiffs' cases support compelling a party to include its CEO as the only custodian for a certain time period when non-apex custodians are available.

---

[9] Plaintiffs wrongly claim above that the Court purportedly found Mr. Pichai "falsely suggested that a 'user's activity in private browsing mode is not saved or linked to the user.'" The Court made no determination that the statement was in fact false—finding only that Plaintiffs' allegations, accepted as true, had cleared the pleading hurdle. Dkt. 113 at 19-20.

None of Plaintiffs' cases support their ask.  Unlike in *Shenwick v. Twitter, Inc.*, Mr. Pichai was not part of the Board of Directors during the Class Period nor do Plaintiffs allege that Mr. Pichai "came clean" about any relevant issues in this litigation. 2018 WL 833085, at *1 (N.D. Cal. Feb. 7, 2018). *Vasudevan Software, Inc. v. Microstrategy Inc.* is inapplicable, as Mr. Pichai is not a named inventor of any asserted patents and more importantly, Google has proposed other custodians who are "sufficient and [] more convenient substitute[s]" for the 2008 time period and Class Period. 2012 WL 5637611, at *6 (N.D. Cal. Nov. 15, 2012). Similarly, none of the factors that the Court in *In re Google Litig.* relied on to find Mr. Page had unique knowledge are found here: Mr. Pichai is not the named inventor on any relevant patents, was not involved in any related negotiations, and was not identified in Googles' discovery responses as having unique knowledge of the algorithm at issue, .  2011 WL 4985279, at *1–2 (N.D. Cal. Oct. 19, 2011). And in contrast to *Mt. Hawley Ins. Co. v. Felman Prod., Inc.*, Plaintiffs have not shown what "additional, highly relevant materials" Mr. Pichai would have that "were not shared" with Google's production custodians, especially with Google's proposed custodian for the 2008 time period, as discussed below. 269 F.R.D. 609, 620 (S.D.W. Va. 2010).

**Google's compromise**: Although Chrome's launch has little relevance to the issues in this lawsuit, Google is prepared to designate Brian Rakowski as the appropriate custodian for the period of June 1, 2008 to May 31, 2009. Google appreciates Plaintiffs' compromise in their Joint Letter Brief to limit the collection to ten search terms.  Previously-proposed terms such as "Incognito" and "private browsing" are likely to generate inordinate volumes of documents for custodians whose role is specific to Chrome's Incognito, but Google is willing to work with Plaintiffs on appropriate limitations.

**Unni Narayanan, Jan Hannemann, Eric Miraglia, Rahul Roy-Chowdhury.** The *only* bases Plaintiffs identify for searching the documents of these individuals is that they were identified by name in Plaintiffs' Complaint and made representations on behalf of Google concerning "user privacy." That is insufficient to justify inclusion, especially here, where Plaintiffs have no basis for arguing that they have non-duplicative, relevant information above and beyond Google's production custodians in the same subject matters. *Mr. Narayanan* is identified as a "Senior Director with analytics expertise;" he has been leading a different product - Google Assistant - for the past two years. Further, Google has already identified Dan Stone, the Product Manager for Google Analytics managing publisher websites' use of Google Analytics, as the appropriate custodian for Google Analytics.  As to *Mr. Hannemann*, the article Plaintiffs reference above makes clear his role is related to the privacy of Google Account, an offering that is not at issue. *Mr. Miraglia* is on the same team as Mr. Greg Fair, a Google custodian. Finally, Plaintiffs seek *Mr. Roy-Chowdhury* purportedly because he is "[p]roduct & UX lead for user trust, safety and privacy at Google," but Google has already identified Mr. Schuh, the Director leading Chrome Trust & Safety and Privacy Sandbox; Mr. Mardini, Group Product Manager of Chrome Trust & Safety Team; and Ms. Harris, Research Manager for Chrome UX (User Experience) Research as document custodians.

**Google's compromise**: Google is willing to collect the emails of Messrs. Narayanan, Hannemann, and Miraglia for a period of 45 days before and 45 days after the public statement each made, run limited targeted search terms relating to the public statement over that collection, and produce responsive, non-privileged documents.

**Keith Enright, Stephan Micklitz**:  Likewise, Plaintiffs merely recite these individuals' job titles and broad job responsibilities but fail to justify their inclusion as production custodians. *Mr.*

*Enright* is an attorney serving as Google's Chief Privacy Officer who leads Google's worldwide privacy efforts. He also directs the ***same team*** that Mr. Fair is part of. It would be overly expansive for the purposes of this lawsuit to collect of all Mr. Enright's documents, especially given the burden surrounding redacting and privilege-logging his documents. Plaintiffs fail to identify any gaps in Google's productions or what unique, relevant documents Mr. Enright would have to fill those unidentified gaps. Nor have Plaintiffs shown how Mr. Micklitz's role at the "Google Safety Engineering Center" in Germany is relevant to the specific allegations in this case or why he would have unique, relevant documents Google's ten production custodians do not have.

Respectfully,

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BOIES SCHILLER FLEXNER LLP |
|---|---|
| */s/ Andrew H. Schapiro* | */s/ Mark C. Mao* |
| Andrew H. Schapiro (admitted *pro hac vice*) | Mark C. Mao (CA Bar No. 236165) |
| andrewschapiro@quinnemanuel.com | mmao@bsfllp.com |
| 191 N. Wacker Drive, Suite 2700 | Sean Phillips Rodriguez (CA Bar No. 262437) |
| Chicago, IL 60606 | srodriguez@bsfllp.com |
| Tel: (312) 705-7400 | Beko Reblitz-Richardson (CA Bar No. 238027) |
| Fax: (312) 705-7401 | brichardson@bsfllp.com |
| Stephen A. Broome (CA Bar No. 314605) | 44 Montgomery Street, 41st Floor |
| sb@quinnemanuel.com | San Francisco, CA 94104 |
| Viola Trebicka (CA Bar No. 269526) | Tel: (415) 293 6858 |
| violatrebicka@quinnemanuel.com | Fax: (415) 999 9695 |
| 865 S. Figueroa Street, 10th Floor | |
| Los Angeles, CA 90017 | James W. Lee (*pro hac vice*) |
| Tel: (213) 443-3000 | jlee@bsfllp.com |
| Fax: (213) 443-3100 | Rossana Baeza (*pro hac vice*) |
| | rbaeza@bsfllp.com |
| Josef Ansorge (admitted *pro hac vice*) | 100 SE 2nd Street, Suite 2800 |
| josefansorge@quinnemanuel.com | Miami, FL 33130 |
| 1300 I Street NW, Suite 900 | Tel: (305) 539-8400 |
| Washington D.C., 20005 | Fax: (305) 539-1304 |
| Tel: (202) 538-8000 | |
| Fax: (202) 538-8100 | William Christopher Carmody (*pro hac vice*) |
| Jonathan Tse (CA Bar No. 305468) | bcarmody@susmangodfrey.com |
| jonathantse@quinnemanuel.com | Shawn J. Rabin (*pro hac vice*) |
| 50 California Street, 22nd Floor | srabin@susmangodfrey.com |
| San Francisco, CA 94111 | Steven Shepard (*pro hac vice*) |
| Tel: (415) 875-6600 | sshepard@susmangodfrey.com |
| Fax: (415) 875-6700 | Alexander P. Frawley (*pro hac vice*) |
| | afrawley@susmangodfrey.com |
| Thao Thai (CA Bar No. 324672) | SUSMAN GODFREY L.L.P. |
| thaothai@quinnemanuel.com | 1301 Avenue of the Americas, 32nd Floor |
| 555 Twin Dolphin Drive, 5th Floor | New York, NY 10019 |
| Redwood Shores, CA 94065 | Tel: (212) 336-8330 |
| Tel: (650) 801-5000 | |
| Fax: (650) 801-5100 | Amanda Bonn (CA Bar No. 270891) |

| | |
|---|---|
| *Attorneys for Defendant Google LLC* | abonn@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel: (310) 789-3100<br><br>John A. Yanchunis (*pro hac vice*)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (*pro hac vice*)<br>rmcgee@forthepeople.com<br>MORGAN & MORGAN, P.A.<br>201 N Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel: (813) 223-5505<br>Fax: (813) 222-4736<br><br>Michael F. Ram (CA Bar No. 104805)<br>mram@forthepeople.com<br>MORGAN & MORGAN, P.A.<br>711 Van Ness Avenue, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br><br>*Attorneys for Plaintiffs* |

6   Case No. 5:20-cv-03664-LHK-SVK
JOINT LETTER BRIEF RE: PLAINTIFFS' PROPOSED ADDITIONS TO
GOOGLE'S PRODUCTION CUSTODIANS

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Letter Brief Re; Log Preservation.  Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: April 5, 2021                          By    */s/ Mark C. Mao*
                                                                Mark C. Mao
                                                                *Counsel on behalf of Plaintiffs*