| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293 6858<br>Facsimile: (415) 999 9695<br><br>SUSMAN GODFREY L.L.P.<br>William Christopher Carmody (pro hac vice)<br>bcarmody@susmangodfrey.com<br>Shawn J. Rabin (pro hac vice)<br>srabin@susmangodfrey.com<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 336-8330<br><br>MORGAN & MORGAN<br>John A. Yanchunis (pro hac vice)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (pro hac vice)<br>rmcgee@forthepeople.com<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br><br>*Attorneys for Plaintiffs; additional counsel listed in signature blocks below* | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Andrew H. Schapiro (*pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Diane M. Doolittle (CA Bar No. 142046)<br>dianedoolittle@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>*Attorneys for Defendant; additional counsel listed in signature blocks below* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**JOINT LETTER BRIEF IN RESPONSE TO DKT. 125 RE: ADDITIONAL DISCOVERY DISPUTES**<br><br>Referral: Hon. Susan van Keulen, USMJ |

April 7, 2021

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

  Re: Joint Letter Brief In Response To Dkt. 125 re: Additional Discovery Disputes
    *Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

  Pursuant to Your Honor's April 5 Order (Dkt. 125), Plaintiffs and Google LLC ("Google") jointly submit this statement containing a three-page table identifying current discovery disputes.

| Current Disputes Identified by Plaintiffs ||
|---|---|
| **Dispute** | **Status of Disputes Identified by Plaintiffs** |
| **Selection of Google custodians**: The parties have a dispute regarding which Google employees to include as document custodians. | On April 5, the parties filed a joint submission regarding Plaintiffs' request to add seven additional custodians and Google's proposed compromises. Dkt. 127. Plaintiffs are continuing to assess the extent to which there should be other custodians based on additional discovery from Google. |
| **Google's search terms**: The parties have a dispute regarding which search terms Google should apply to identify potentially responsive documents. | Plaintiffs' Position: Plaintiffs made a search term proposal on January 29. Google responded on February 25, without any counterproposal. Plaintiffs sent follow ups on March 1, 4, and 12. Google made a counterproposal on April 6. Plaintiffs requested additional information. Plaintiffs will make a counterproposal and propose that the parties make a joint submission on or before April 23 regarding any dispute.<br><br>Google's Position: Plaintiffs' proposal included facially overbroad and burdensome terms like "URL," "illegal, "control!" and "priva*," untethered to any of the specific 150 RFPs that they propounded and that resulted in over 5 million hits when tested. Plaintiffs refused to revise any of their overbroad and burdensome search terms. Google drafted a counterproposal that paired reasonable and proportionate search terms with Plaintiffs' RFPs, which it provided on April 6. The parties are continuing to meet and confer. |
| **Google's production of Plaintiffs' data**: The parties have a dispute regarding Plaintiffs' RFP No. 18: "Documents concerning Plaintiffs, including Plaintiffs' use of Google services, all data collected by Google from and regarding Plaintiffs, and Google's use of all data collected by Google from and regarding Plaintiffs." | Plaintiffs' Position: The parties are submitting a proposed order that will result in Google producing a subset of documents responsive to this request. Plaintiffs anticipate that Google's production will be incomplete, as Google takes the position that data from Plaintiffs' devices are not data concerning Plaintiffs. Google also proposed to limit production to some but not all of the data collected by Google from and concerning Plaintiffs. For example, although Google admits it collects data while Plaintiffs browse privately, and that Google has continued to do that even after Plaintiffs filed this lawsuit, Google has refused to retain or produce that data.<br><br>Google's Position: Google stands ready to produce documents associated with Plaintiffs' Google Accounts. Plaintiffs have provided ***no*** information Google could use to facilitate further productions by identifying any of the purported private browsing sessions at issue. This dispute is related to RFP 10 and should be briefed together. |
| **Google server logs**: The parties have a dispute regarding preservation and | Plaintiffs' Position: On March 23, the parties filed a joint submission regarding this dispute. Dkt. 119. The Court is addressing certain "preservation and production obligations" tied to server logs in *Calhoun* and stated that "determinations made in that case are likely to impact this |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | production of Google server logs regarding Google's collection and use of private browsing information. | case." Dkt. 125 at 1. These logs include the information that Google collects while Plaintiffs and Class Members are in private browsing mode.<br>Google's Position: The issue is briefed, and the Court already stated that it "will address this issue with the Parties at the hearing on April 13." Dkt. 125 at 1-2. |
| 5<br>6<br>7<br>8<br>9<br>10<br>11<br>12 | **Google's preservation of custodial ESI:** The parties have a dispute regarding the extent to which the Court's ESI Order (Dkt. 91) requires Google to preserve custodial ESI back to June 1, 2008. | Plaintiffs' Position: Paragraph 4(a) of the First Modified Stipulated ESI Order requires the parties to preserve ESI created on or received after June 1, 2008 "for designated custodians or descriptions of custodians." Google appears to read this narrowly to only cover specifically identified custodians. This issue is not yet ready for a joint submission, but Plaintiffs are willing to discuss this at the April 13, 2021 hearing.<br>Google's Position: Google has performed its due diligence and preserved the documents of the appropriate hold custodians it identified as well as the seven custodians Plaintiffs identified in the parties' Joint Letter Brief (Dkt. 127) back to June 1, 2008. Google objects to Plaintiffs' attempt to request information on how Google is complying with its discovery obligations, as it is improper discovery on discovery. Moreover, Plaintiffs have not identified any deficiencies in Google's preservation efforts. Thus, the parties are not at an impasse at this time. |
| 13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22 | **Class member identification:** The parties have a dispute regarding Plaintiffs' RFP No. 10: "Documents sufficient to identify all alleged class members, including all electronic or physical address information associated with alleged class members." | Plaintiffs' Position: Plaintiffs have sought this discovery for purposes of ascertaining the putative classes. The parties have been meeting and conferring, yet Google has evaded this request on the basis distinctions between consumers and their devices and what Google collects versus stores. Plaintiffs are entitled to discovery on how Google collects and accesses private browsing data even if not stored with individual names. Plaintiffs will be prepared to discuss this issue at the April 13, 2021 hearing, if the Court wishes, and to otherwise file a joint submission.<br>Google's Position: Plaintiffs' putative class is limited to Google Account holders who were private browsing while logged out of their account. Google does not link logged out private browsing activity with an individual's Google Account and does not store electronic or physical address information for logged-out users who are privately browsing. Google has offered to produce documents to show the logged-out private browsing activity of users is not linked, and is not reasonably linkable, to a user's Google Account. Since Plaintiffs refuse to accept this compromise, the parties are at an impasse. |
| 23<br>24<br>25<br>26<br>27<br>28 | **Logged in and logged out:** The parties have a dispute regarding what constitutes logged in and logged out behavior. | Plaintiffs' Position: Google improperly interprets "logged out" within Plaintiffs' class definitions to exclude a user who browsed privately while logged out of her Google account on her browser but while concurrently logged in to a Google account or process on another device, such as her phone. Google takes the position that its tracking users by their devices and other identifiers, as opposed to by name, is not tracking the user. Google made no production. Plaintiffs will be prepared to discuss this issue at the April 13, 2021 hearing, if the Court wishes, and to otherwise file a joint submission. |

| | | |
|---|---|---|
| | | Google's Position: Google has explained, including in writing, that it interprets "logged out" consistently with Plaintiffs' class definition: including a user who browsed privately while logged out of her Google account on her browser but while concurrently logged in to a Google account or process on another device, such as her phone. There is no dispute ripe for the Court until Plaintiffs actually identify one. |
| | **Plaintiffs' Consulting Experts:** The parties may have a dispute regarding Plaintiffs' ability to show protective order materials to their retained experts. | Plaintiffs' Position: Plaintiffs disclosed four consulting experts, seeking permission to share discovery with them. Plaintiffs provided to Google information consistent with the requirements of the Protective Order (a section Google authored). Google has asked for more than what is required by the Protective Order. Google also objected to one expert, Mr. Shinde, because he resides in India. Plaintiffs have asked Google to reconsider its objection to Mr. Shinde, who is currently providing consulting services to Quinn Emmanuel. This issue is not yet ripe. |
| | | Google's Position: The Protective Order provides a party the right to seek certain information before agreeing to share AEO material with a particular expert. Plaintiffs' initial disclosures were insufficient. Google sought additional information designed to evaluate the potential harm with sharing its most sensitive documents with these third parties. Plaintiffs have now disclosed that one of their proposed experts performs work for Apple, a Google competitor. Google is still evaluating the newly provided information. This causes no prejudice to Plaintiffs because no AEO materials have yet been produced in this litigation. |

| Dispute | Status of Disputes Identified By Google |
|---|---|
| Plaintiffs' Responses to Google's Requests for Admissions Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 14, 15, 16, 17. | Plaintiffs' responses to Google's Requests for Admissions are inadequate and evasive, avoiding straightforward answers on such things as whether Plaintiffs reviewed and consented to the Google's Privacy Policy. Google has requested Plaintiffs amend them accordingly. Google does not believe this issue is ripe and hopes to resolve it without Court intervention. |
| Plaintiffs' Responses to Google's Interrogatories Nos. 1, 2, 4, 5, 7, 9, 10. | Plaintiffs' responses to Google's Interrogatory requests are inadequate and seek to shield from production basic information requested by Google, such as whether Plaintiffs reviewed Google's Privacy Policy and terms of service. Google has requested Plaintiffs review their responses. Google does not believe this issue is ripe and hopes to resolve it without Court intervention. |
| Plaintiffs' Response to Google's Requests for Production Nos. 2, 3, 6, 7, 9. | Plaintiffs again provided inadequate responses and refused to produce relevant and discoverable information requested by Google, documents and communications related to Chrome and Chrome Incognito Mode. Google has asked Plaintiffs to amend their responses. Google does not believe this issue is ripe and hopes to resolve it without Court intervention. |

| | |
|---|---|
| | Respectfully, |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BOIES SCHILLER FLEXNER LLP |
| */s/ Andrew H. Schapiro* | */s/ Mark C. Mao* |
| Andrew H. Schapiro (admitted *pro hac vice*) | Mark C. Mao (CA Bar No. 236165) |
| andrewschapiro@quinnemanuel.com | mmao@bsfllp.com |
| 191 N. Wacker Drive, Suite 2700 | Sean Phillips Rodriguez (CA Bar No. 262437) |
| Chicago, IL 60606 | srodriguez@bsfllp.com |
| Tel: (312) 705-7400 | Beko Reblitz-Richardson (CA Bar No. 238027) |
| Fax: (312) 705-7401 | brichardson@bsfllp.com |
| Stephen A. Broome (CA Bar No. 314605) | 44 Montgomery Street, 41st Floor |
| sb@quinnemanuel.com | San Francisco, CA 94104 |
| Viola Trebicka (CA Bar No. 269526) | Tel: (415) 293 6858 |
| violatrebicka@quinnemanuel.com | Fax: (415) 999 9695 |
| 865 S. Figueroa Street, 10th Floor | |
| Los Angeles, CA 90017 | James W. Lee (*pro hac vice*) |
| Tel: (213) 443-3000 | jlee@bsfllp.com |
| Fax: (213) 443-3100 | Rossana Baeza (*pro hac vice*) |
| | rbaeza@bsfllp.com |
| Josef Ansorge (admitted *pro hac vice*) | 100 SE 2nd Street, Suite 2800 |
| josefansorge@quinnemanuel.com | Miami, FL 33130 |
| 1300 I Street NW, Suite 900 | Tel: (305) 539-8400 |
| Washington D.C., 20005 | Fax: (305) 539-1304 |
| Tel: (202) 538-8000 | |
| Fax: (202) 538-8100 | William Christopher Carmody (*pro hac vice*) |
| Jonathan Tse (CA Bar No. 305468) | bcarmody@susmangodfrey.com |
| jonathantse@quinnemanuel.com | Shawn J. Rabin (*pro hac vice*) |
| 50 California Street, 22nd Floor | srabin@susmangodfrey.com |
| San Francisco, CA 94111 | Steven Shepard (*pro hac vice*) |
| Tel: (415) 875-6600 | sshepard@susmangodfrey.com |
| Fax: (415) 875-6700 | Alexander P. Frawley (*pro hac vice*) |
| | afrawley@susmangodfrey.com |
| Thao Thai (CA Bar No. 324672) | SUSMAN GODFREY L.L.P. |
| thaothai@quinnemanuel.com | 1301 Avenue of the Americas, 32nd Floor |
| 555 Twin Dolphin Drive, 5th Floor | New York, NY 10019 |
| Redwood Shores, CA 94065 | Tel: (212) 336-8330 |
| Tel: (650) 801-5000 | |
| Fax: (650) 801-5100 | Amanda Bonn (CA Bar No. 270891) |
| | abonn@susmangodfrey.com |
| *Attorneys for Defendant Google LLC* | SUSMAN GODFREY L.L.P. |
| | 1900 Avenue of the Stars, Suite 1400 |
| | Los Angeles, CA 90067 |
| | Tel: (310) 789-3100 |
| | |
| | John A. Yanchunis (*pro hac vice*) |
| | jyanchunis@forthepeople.com |
| | Ryan J. McGee (*pro hac vice*) |
| | rmcgee@forthepeople.com |
| | MORGAN & MORGAN, P.A. |
| | 201 N Franklin Street, 7th Floor |

01980-00174/12635791.1

Tampa, FL 33602
Tel: (813) 223-5505
Fax: (813) 222-4736

Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Letter Brief In Response to Docket No. 125. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: April 7, 2021                            By  */s/ Andrew H. Schapiro*
                                                    Andrew H. Schapiro
                                                    *Counsel on behalf of Google*