**EXHIBIT A**
Brown, et al., v. Google LLC (20-cv-03664-LHK)

| Dispute No. | Dispute | Status of Disputes Identified by Plaintiffs (as of 4/7/21 Joint Submission – Dkt. 129) | Status as of 4/13/21 Hearing |
|---|---|---|---|
| 1<br>4/13/21 | **Selection of Google custodians**: The parties have a dispute regarding which Google employees to include as document custodians | On April 5, the parties filed a joint submission regarding Plaintiffs' request to add seven additional custodians and Google's proposed compromises. Dkt. 127. Plaintiffs are continuing to assess the extent to which there should be other custodians based on additional discovery from Google. | **RESOLVED**<br><br>This dispute regarding additional custodians is set forth in Dkt. 127.<br><br>For each of the following custodians, there will be 10 identical search terms, to be negotiated by the parties by 4/23/21. If parties are unable to agree, proposed terms may be submitted to the Court for selection.<br><br>**Sundar Pichai** is a custodian for the period June 1, 2008-Dec. 31, 2010,<br><br>**Brian Rakowski** is a custodian for the period June 1, 2008-Dec. 31, 2010, without prejudice to Plaintiffs seeking additional years upon a showing of good cause.<br><br>**Narayanan, Hannemann, Miraglia, Roy-Chowdhury, Micklitz** (more fully identified @ Dkt. 127) are custodians for |

1

**EXHIBIT A**
Brown, et al., v. Google LLC (20-cv-03664-LHK)

| | | | the period June 1, 2014- present. **Keith Enright** is not a custodian, without prejudice to Plaintiffs seeking a change in status upon a showing of good cause. |
|---|---|---|---|
| 2<br>4/13/21 | **Google's search terms**: The parties have a dispute regarding which search terms Google should apply to identify potentially responsive documents. | Plaintiffs' Position: Plaintiffs made a search term proposal on January 29. Google responded on February 25, without any counterproposal. Plaintiffs sent follow ups on March 1, 4, and 12. Google made a counterproposal on April 6. Plaintiffs requested additional information. Plaintiffs will make a counterproposal and propose that the parties make a joint submission on or before April 23 regarding any dispute.<br><br>Google's Position: Plaintiffs' proposal included facially overbroad and burdensome terms like "URL," "illegal, "control!" and "priva*," untethered to any of the specific 150 RFPs that they propounded and that resulted in over 5 million hits when tested. Plaintiffs refused to revise any of their overbroad and burdensome search terms. Google drafted a counterproposal that paired reasonable and proportionate search terms with Plaintiffs' RFPs, which it provided on April 6. The parties are continuing to meet and confer. | Parties are to continue their robust meet and confer efforts. If a resolution is not reached, the Parties may address this issue jointly in not more than two pages to be included in the Parties' joint submission on April 23, 2021. |

**EXHIBIT A**
Brown, et al., v. Google LLC (20-cv-03664-LHK)

| | | | |
|---|---|---|---|
| 3<br>4/13/21 | **Google's production of Plaintiffs' data**: The parties have a dispute regarding Plaintiffs' RFP No. 18: "Documents concerning Plaintiffs, including Plaintiffs' use of Google services, all data collected by Google from and regarding Plaintiffs, and Google's use of all data collected by Google from and regarding Plaintiffs." | Plaintiffs' Position: The parties are submitting a proposed order that will result in Google producing a subset of documents responsive to this request. Plaintiffs anticipate that Google's production will be incomplete, as Google takes the position that data from Plaintiffs' devices are not data concerning Plaintiffs. Google also proposed to limit production to some but not all of the data collected by Google from and concerning Plaintiffs. For example, although Google admits it collects data while Plaintiffs browse privately, and that Google has continued to do that even after Plaintiffs filed this lawsuit, Google has refused to retain or produce that data.<br>Google's Position: Google stands ready to produce documents associated with Plaintiffs' Google Accounts. Plaintiffs have provided *no* information Google could use to facilitate further productions by identifying any of the purported private browsing sessions at issue. This dispute is related to RFP 10 and should be briefed together. | **RESOLVED**<br><br>This dispute is over the form of consent to be received from Plaintiffs for release of their data. Given the Court's ruling on this very issue in the related *Calhoun* matter, the Parties should have been able to resolve without Court intervention. **The form of consent approved in *Calhoun* is sufficient for this case. Consents to be emailed by Plaintiffs from their subject Google accounts as directed by Google.**<br><br>Google production of Plaintiffs' data to be completed by **Friday, April 16, 2021.** |
| 4<br>4/13/21 | **Google server logs**: The parties have a dispute regarding preservation and production of Google server logs regarding Google's collection and use of private browsing information. | Plaintiffs' Position: On March 23, the parties filed a joint submission regarding this dispute. Dkt. 119. The Court is addressing certain "preservation and production obligations" tied to server logs in | This issue has been the subject of motion practice and prior orders by this Court in the related *Calhoun* matter. Accordingly, the Court orders as follows: |

**EXHIBIT A**
Brown, et al., v. Google LLC (20-cv-03664-LHK)

| | | | |
|---|---|---|---|
| | | *Calhoun* and stated that "determinations made in that case are likely to impact this case." Dkt. 125 at 1. These logs include the information that Google collects while Plaintiffs and Class Members are in private browsing mode.<br><br>Google's Position: The issue is briefed, and the Court already stated that it "will address this issue with the Parties at the hearing on April 13." Dkt. 125 at 1-2. | Google to produce the *Calhoun* deposition transcript to Plaintiffs **within 2 business days of it being made available to counsel**.<br><br>Google to produce all documents produced in *Calhoun* regarding this issue which do not implicate Calhoun plaintiffs' privacy issues by **Friday, April 16, 2021**.<br><br>All Parties in the three related actions to meet and confer regarding cross-use of produced documents as between the actions.<br><br>Any open issues regarding cross-use will be addressed at the April 29, 2021 hearing. |
| 5<br>4/13/21 | **Google's preservation of custodial ESI:** The parties have a dispute regarding the extent to which the Court's ESI Order (Dkt. 91) requires Google to preserve custodial ESI back to June 1, 2008. | Plaintiffs' Position: Paragraph 4(a) of the First Modified Stipulated ESI Order requires the parties to preserve ESI created on or received after June 1, 2008 "for designated custodians or descriptions of custodians." Google appears to read this narrowly to only cover specifically identified | **RESOLVED**<br><br>This "dispute" was a need for clarification, which was addressed at the hearing. As represented by Google on the record, Google has been preserving documents of its |

**EXHIBIT A**
Brown, et al., v. Google LLC (20-cv-03664-LHK)

| | | | |
|---|---|---|---|
| | | custodians. This issue is not yet ready for a joint submission, but Plaintiffs are willing to discuss this at the April 13, 2021 hearing.<br><br>Google's Position: Google has performed its due diligence and preserved the documents of the appropriate hold custodians it identified as well as the seven custodians Plaintiffs identified in the parties' Joint Letter Brief (Dkt. 127) back to June 1, 2008. Google objects to Plaintiffs' attempt to request information on how Google is complying with its discovery obligations, as it is improper discovery on discovery. Moreover, Plaintiffs have not identified any deficiencies in Google's preservation efforts. Thus, the parties are not at an impasse at this time. | anticipated custodians since the start of litigation. Google's hold period is from June 1, 2008, to present. As additional potential custodians are identified by Plaintiffs, including the seven custodians identified by Plaintiffs in Dkt. 127, Google is instituting a litigation hold as for documents from June 1, 2008 to present. The Court notes that it is possible that Plaintiff's additional custodians were already anticipated by Google and thus the hold was already in place. |
| 6<br>4/13/21 | **Class member identification:** The parties have a dispute regarding Plaintiffs' RFP No. 10: "Documents sufficient to identify all alleged class members, including all electronic or physical address information associated with alleged class members." | Plaintiffs' Position: Plaintiffs have sought this discovery for purposes of ascertaining the putative classes. The parties have been meeting and conferring, yet Google has evaded this request on the basis distinctions between consumers and their devices and what Google collects versus stores. Plaintiffs are entitled to discovery on how Google collects and accesses private browsing data | The Parties are to brief this issue further in a joint submission not to exceed two pages by noon on April 23, 2021 to be addressed at the April 29 hearing. |

**EXHIBIT A**
Brown, et al., v. Google LLC (20-cv-03664-LHK)

| | | | |
|---|---|---|---|
| | | even if not stored with individual names. Plaintiffs will be prepared to discuss this issue at the April 13, 2021 hearing, if the Court wishes, and to otherwise file a joint submission.<br><br>Google's Position: Plaintiffs' putative class is limited to Google Account holders who were private browsing while logged out of their account. Google does not link logged out private browsing activity with an individual's Google Account and does not store electronic or physical address information for logged-out users who are privately browsing. Google has offered to produce documents to show the logged-out private browsing activity of users is not linked, and is not reasonably linkable, to a user's Google Account. Since Plaintiffs refuse to accept this compromise, the parties are at an impasse. | |
| 7<br>4/13/21 | **Logged in and logged out:** The parties have a dispute regarding what constitutes logged in and logged out behavior. | Plaintiffs' Position: Google improperly interprets "logged out" within Plaintiffs' class definitions to exclude a user who browsed privately while logged out of her Google account on her browser but while concurrently logged in to a Google account or process on another device, such as her phone. Google takes the position that its tracking users by their | Plaintiffs are to review Google's production to date. Parties are to meet and confer and provide an update regarding status of Google production on 4/23. |

6

**EXHIBIT A**
Brown, et al., v. Google LLC (20-cv-03664-LHK)

| | | | | |
|---|---|---|---|---|
| | | | devices and other identifiers, as opposed to by name, is not tracking the user. Google made no production. Plaintiffs will be prepared to discuss this issue at the April 13, 2021 hearing, if the Court wishes, and to otherwise file a joint submission.  Google's Position: Google has explained, including in writing, that it interprets "logged out" consistently with Plaintiffs' class definition: including a user who browsed privately while logged out of her Google account on her browser but while concurrently logged in to a Google account or process on another device, such as her phone. There is no dispute ripe for the Court until Plaintiffs actually identify one. | |
| 8 4/13/21 | | **Plaintiffs' Consulting Experts:** The parties may have a dispute regarding Plaintiffs' ability to show protective order materials to their retained experts. | Plaintiffs' Position: Plaintiffs disclosed four consulting experts, seeking permission to share discovery with them. Plaintiffs provided to Google information consistent with the requirements of the Protective Order (a section Google authored). Google has asked for more than what is required by the Protective Order. Google also | The Court expects experienced counsel to be able to resolve any issues regarding retention of experts.  Parties to provide an update on this issue in the 4/23 submission.  If this issue is unresolved, it must be presented at that time in a joint 2 page statement. |

7

|  |  | objected to one expert, Mr. Shinde, because he resides in India. Plaintiffs have asked Google to reconsider its objection to Mr. Shinde, who is currently providing consulting services to Quinn Emmanuel. This issue is not yet ripe. |  |
|---|---|---|---|
|  |  | Google's Position: The Protective Order provides a party the right to seek certain information before agreeing to share AEO material with a particular expert. Plaintiffs' initial disclosures were insufficient. Google sought additional information designed to evaluate the potential harm with sharing its most sensitive documents with these third parties. Plaintiffs have now disclosed that one of their proposed experts performs work for Apple, a Google competitor. Google is still evaluating the newly provided information. This causes no prejudice to Plaintiffs because no AEO materials have yet been produced in this litigation. |  |

**EXHIBIT A**

Brown, et al., v. Google LLC (20-cv-03664-LHK)

| | | **Current Disputes Identified by Google** | |
|---|---|---|---|
| **Dispute No.** | **Dispute** | **Status of Disputes Identified by Google (as of 4/7/21 Joint Submission – Dkt. 129** | **Status as of 4/13/21 Hearing** |
| 9 4/13/21 | Plaintiffs' Responses to Google's Requests for Admissions Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 14, 15, 16, 17. | Plaintiffs' responses to Google's Requests for Admissions are inadequate and evasive, avoiding straightforward answers on such things as whether Plaintiffs reviewed and consented to the Google's Privacy Policy. Google has requested Plaintiffs amend them accordingly. Google does not believe this issue is ripe and hopes to resolve it without Court intervention. | Parties are to continue their meet and confer efforts. For specific requests unresolved by 4/23, **Parties are to submit the dispute as required by this Court's standing order on discovery.** Parties will be prepared to meet and confer further as necessary at the hearing on 4/29/21. |
| 10 4/13/21 | Plaintiffs' Responses to Google's Interrogatories Nos. 1, 2, 4, 5, 7, 9, 10. | Plaintiffs' responses to Google's Interrogatory requests are inadequate and seek to shield from production basic information requested by Google, such as whether Plaintiffs reviewed Google's Privacy Policy and terms of service. Google has requested Plaintiffs review their responses. Google does not believe this issue is ripe and hopes to resolve it without Court intervention. | Parties are to continue their meet and confer efforts. For specific requests unresolved by 4/23, **Parties are to submit the dispute as required by this Court's standing order on discovery.** Parties will be prepared to meet and confer further as necessary at the hearing on 4/29/21. |
| 11 4/13/21 | Plaintiffs' Response to Google's Requests for Production Nos. 2, 3, 6, 7, 9. | Plaintiffs again provided inadequate responses and refused to produce relevant and discoverable information | Parties are to continue their meet and confer efforts. For specific requests unresolved by 4/23, **Parties are to submit** |

**EXHIBIT A**
Brown, et al., v. Google LLC (20-cv-03664-LHK)

| | | requested by Google, documents and communications related to Chrome and Chrome Incognito Mode. Google has asked Plaintiffs to amend their responses. Google does not believe this issue is ripe and hopes to resolve it without Court intervention. | **the dispute as required by this Court's standing order on discovery.** Parties will be prepared to meet and confer further as necessary at the hearing on 4/29/21. |
|---|---|---|---|