1               IN THE UNITED STATES DISTRICT COURT

2           FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                   SAN JOSE DIVISION

4

     BROWN, ET AL,               )   CV-20-3664-LHK

5                            )

               PLAINTIFF,    )   SAN JOSE, CALIFORNIA

6                            )

           VS.             )   APRIL 13, 2021

7                            )

     GOOGLE, LLC, ET AL,     )   PAGES 1-58

8                            )

              DEFENDANT.    )

9                            )

     _____ )

10               TRANSCRIPT OF PROCEEDINGS

11     BEFORE THE HONORABLE SUSAN VAN KEULEN

          UNITED STATES MAGISTRATE JUDGE

12

13            A P P E A R A N C E S

14     FOR THE PLAINTIFF:    **BY:  AMANDA K. BONN**

                        SUSMAN GODFREY L.L.P.

15                     1900 AVENUE OF THE STARS

                     SUITE 1400

16                     LOS ANGELES, CA 90067

17

18     FOR THE DEFENDANT:    **BY:  VIOLA TREBICKA**

                     QUINN EMANUEL URQUHART AND

19                     SULLIVAN, LLP

                     865 SOUTH FIGUEROA STREET

20                     10TH FLOOR

                     LOS ANGELES, CA 90017

21

22        APPEARANCES CONTINUED ON THE NEXT PAGE

23     OFFICIAL COURT REPORTER:   SUMMER FISHER, CSR, CRR

                             CERTIFICATE NUMBER 13185

24

25     PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY

        TRANSCRIPT PRODUCED WITH COMPUTER

```
 1          APPEARANCES CONTINUED:

 2          FOR THE PLAINTIFF:      BY:  MARK MAO
                                         BEKO REBLITZ-RICHARDSON
 3                                  BOIES SCHILLER FLEXNER LLP
                                    44 MONTGOMERY STREET, 41ST FLOOR
 4                                  SAN FRANCISCO, CA 94104

 5          FOR THE PLAINTIFF:      BY:  RYAN MCGEE
                                    MORGAN AND MORGAN
 6                                  COMPLEX LITIGATION GROUP
                                    201 N. FRANKLIN STREET, 7TH FLOOR
 7                                  TAMPA, FL 33602

 8          FOR THE DEFENDANT:      BY:  ANDREW H. SCHAPIRO
                                    QUINN EMANUEL URQUHART
 9                                  AND SULLIVAN, LLP
                                    191 N. UPPER WACKER DRIVE
10                                  SUITE 2700
                                    CHICAGO, IL 60606
11
            FOR THE DEFENDANT:      BY:  JOSEF TEBOHO ANSORGE
12                                       JOMAIRE ALICIA CRAWFORD
                                    QUINN EMANUEL URQUHART AND
13                                  SULLIVAN LLP
                                    51 MADISON AVENUE, 22ND FLOOR
14                                  NEW YORK, NY 10010

15

16

17

18

19

20

21

22

23

24

25
```

```
1              SAN JOSE, CALIFORNIA              APRIL 13, 2021

2                        P R O C E E D I N G S

3         (COURT CONVENED AT 11:00 A.M.)

4              THE COURT:  GOOD MORNING, EVERYONE.

5         THIS IS OUR TUESDAY LAW AND MOTION -- CASE MANAGEMENT, LAW

6    AND MOTION DAY.  YOU'VE GOT THE 11:00 SLOT.

7         SO I'M LOOKING FORWARD TO A FUTURE ITERATION OF ZOOM THAT

8    ALLOWS FOLKS, OR ALLOWS ME TO ORGANIZE THE SCREEN SO I HAVE THE

9    PLAINTIFFS ON ONE SIDE AND THE DEFENDANTS ON THE OTHER.  THAT'S

10   THE ONLY THING I HAVEN'T YET GOTTEN USED TO.

11        SO MS. FANTHORPE, IF YOU WILL CALL THE CASE AND WE WILL

12   GET UNDER WAY.

13        THANK YOU.

14             THE CLERK:  CERTAINLY.

15        CALLING CASE 20-CV-3664.  BROWN, ET AL. VERSUS GOOGLE LLC,

16   ET AL.

17             COUNSEL, PLEASE IDENTIFY YOURSELVES FOR THE RECORD,

18   BEGINNING WITH THE PLAINTIFF.

19             MS. BONN:  GOOD MORNING, YOUR HONOR.

20        MY NAME IS AMANDA BONN WITH SUSMAN GODFREY REPRESENTING

21   THE PLAINTIFFS.

22        AND I HAVE SOME COLLEAGUES FROM OUR CO-COUNSEL FIRM AS

23   WELL, AND I WILL LET THEM INTRODUCE THEMSELVES.

24             THE COURT:  THANK YOU, MS. BONN.

25             MR. MAO:  GOOD MORNING.
```

1          MARK MAO, BOIES SCHILLER FLEXNER, FOR PLAINTIFFS.

2              THE COURT:  MR. MAO, GOOD MORNING.

3              MR. REBLITZ-RICHARDSON:  GOOD MORNING, YOUR HONOR.

4          BEKO REBLITZ-RICHARDSON, BOIES SCHILLER FLEXNER, ON BEHALF

5      OF THE PLAINTIFFS.

6              THE COURT:  MR. REBLITZ-RICHARDSON, GOOD MORNING.

7      THANK YOU FOR BEING HERE.

8              MR. MCGEE:  AND GOOD MORNING, YOUR HONOR.

9          RYAN MCGEE FROM THE LAW FIRM OF MORGAN AND MORGAN, ALSO ON

10     BEHALF OF PLAINTIFFS.

11             THE COURT:  THANK YOU, MR. MCGEE.  GOOD MORNING.

12         AND FOR THE DEFENDANTS.

13             MS. TREBICKA:  YES.

14     GOOD MORNING, YOUR HONOR.  MY NAME IS VIOLA TREBICKA.  I'M

15     WITH QUINN EMANUEL AND REPRESENTING GOOGLE.

16         AND I'M JOINED BY MY COLLEAGUES, AND I WILL LET THEM

17     INTRODUCE THEMSELVES AS WELL.

18             THE COURT:  THANK YOU, MS. TREBICKA, GOOD MORNING.

19             MS. CRAWFORD:  GOOD MORNING, YOUR HONOR.

20         JOMAIRE CRAWFORD FROM QUINN EMANUEL URQUHART AND SULLIVAN,

21     REPRESENTING THE DEFENDANT GOOGLE, LLC.

22             THE COURT:  MS. CRAWFORD, GOOD MORNING.

23             MR. ANSORGE:  GOOD MORNING, YOUR HONOR.

24         MY NAME IS JOSEF ANSORGE.  I'M ALSO WITH QUINN EMANUEL

25     URQUHART AND SULLIVAN, AND ALSO FOR DEFENDANT GOOGLE.

1          THE COURT:  MR. ANSORGE, GOOD MORNING.

2          MR. SCHAPIRO:  GOOD MORNING, YOUR HONOR.

3      ANDREW SCHAPIRO, ALSO FROM QUINN EMANUEL FOR THE

4  DEFENDANT.

5          THE COURT:  MR. SCHAPIRO, GOOD MORNING.

6      ALL RIGHT.  I THINK THAT'S EVERYONE.

7      MS. TREBICKA, DID I OVERLOOK SOMEBODY?

8          MS. TREBICKA:  NO, YOUR HONOR.

9      I DID HAVE A PRELIMINARY HOUSEKEEPING ISSUE, IF I MAY,

10  BEFORE WE JUMP ON TO THE MERITS.

11          THE COURT:  ALL RIGHT.

12          MS. TREBICKA:  SO UNDER THE PROTECTIVE ORDER, IF A

13  PARTY INTENDS TO DISCLOSE MATERIAL THAT HAS BEEN DESIGNATED

14  CONFIDENTIAL BY THE PRODUCING PARTY, IT MUST PROVIDE TWO

15  BUSINESS DAYS NOTICE.

16      WE MADE A ROUTINE PRODUCTION ON FRIDAY, AND YESTERDAY

17  COUNSEL INFORMED US THAT THEY MADE REFERENCE DURING THE

18  HEARING, A 78-PAGE CONFIDENTIAL DOCUMENT THAT WAS FOUND IN THAT

19  FRIDAY PRODUCTION AND THAT AGAIN, LAST NIGHT, COUNSEL INFORMED

20  US THAT THEY MADE REFERENCE TO THREE ADDITIONAL DOCUMENTS, MORE

21  THAN 300 PAGES IN TOTAL.

22      NOW WE WOULD HAVE LIKED TO CONFER WITH THE RELEVANT PEOPLE

23  AT OUR CLIENT TO UNDERSTAND THESE DOCUMENTS BETTER AND WHETHER

24  GOOGLE WOULD ASK YOUR HONOR TO SEAL THE PROCEEDINGS IF THEY

25  WERE TO BE REFERENCED OR QUOTED, BUT WE WERE LEFT WITH

1    INSUFFICIENT TIME TO DO SO, UNFORTUNATELY.

2         AND WE WOULDN'T ASK FOR A SEALING LIGHTLY, THAT'S NOT A

3    DECISION THAT WE MAKE OVERNIGHT.  SO RESPECTFULLY, I ASK THAT

4    THE COURT ORDER COUNSEL TO REFRAIN FROM QUOTING THE DOCUMENTS

5    ON TO THE RECORD OR DISPLAYING THEM FOR THE PUBLIC.

6         WE BELIEVE THAT THE POINTS COUNSEL INTENDS TO MAKE CAN BE

7    MADE WITHOUT COMPROMISING THE CONFIDENTIALITY OF THE MATERIAL;

8    FOR EXAMPLE, SPEAKING ABOUT THE DOCUMENTS IN GENERAL TERMS, BUT

9    WE ARE UNWILLING TO WEIGH THE CONFIDENTIALITY WITHOUT HAVING

10   HAD THE SUFFICIENT TIME TO REVIEW THESE WITH OUR CLIENTS.

11             THE COURT:  ALL RIGHT.

12        WELL, WE HAVE A NUMBER OF ISSUES TO ADDRESS TODAY.  SO

13   OBVIOUSLY I DON'T KNOW IF WE WILL EVEN GET TO TALKING ABOUT ANY

14   SPECIFIC DOCUMENTS.  BUT MS. BONN, ARE YOU AWARE OF WHAT

15   DOCUMENTS MS. TREBICKA IS REFERRING TO?

16             MS. BONN:  I AM, YOUR HONOR.

17        THERE ARE FOUR DOCUMENTS WE IDENTIFIED IN FRIDAY'S

18   PRODUCTION THAT MAY BE RELEVANT.  I DO THINK THAT TO THE EXTENT

19   WE NEED TO DISCUSS THEM BASED ON MS. TREBICKA'S COMMENT, I

20   THINK WE CAN DO IT IN ENOUGH OF A LEVEL OF ABSTRACTION THAT

21   IT'S NOT GOING TO RAISE THE SAME CONCERNS THAT MS. TREBICKA WAS

22   SHOWING THE DOCUMENTS ON THE SCREEN OR QUOTING THEM.

23             THE COURT:  ALL RIGHT.

24        I WOULD EXPECT THAT TO BE THE CASE, BUT I JUST WANTED TO

25   BE SURE THAT YOU KNOW WHAT THE DOCUMENTS ARE, BECAUSE IF I ASK

1      A QUESTION THAT CALLS FOR A RESPONSE IMPLICATING THE DOCUMENTS,

2      OR IF THEY ARE IMPLICATED IN ANY ARGUMENT OR PRESENTATION, I

3      WANT YOU TO BE AWARE AND PLEASE ALERT THE COURT BEFORE YOU

4      IDENTIFY THEM WITH ANY SPECIFICITY.  AND AT THAT POINT, WE CAN

5      MAKE A DECISION HOW BEST TO PROCEED.

6           MS. BONN:  ABSOLUTELY, YOUR HONOR.  THANK YOU.

7           THE COURT:  ALL RIGHT.  GOOD.

8      OKAY.  I HAVE THE JOINT STATEMENT ENCOMPASSING A DISCOVERY

9      DISPUTE, THAT'S DOCKET 127, AND THAT WAS FILED ON APRIL 5TH.

10     AND THAT IS SPECIFICALLY DIRECTED TO CERTAIN CUSTODIANS,

11     PLAINTIFFS WANTING TO ADD CERTAIN DEFENDANT CUSTODIANS TO THE

12     SEARCH PROTOCOL.

13          AND THEN I HAVE THE DOCUMENT THAT I REQUESTED, WHICH IS

14     DOCUMENT 129, WHICH IS A CHART OF ADDITIONAL DISPUTES, SOME

15     RIPE, SOME NOT, BUT DISPUTES THAT THE PARTIES HAVE BEEN

16     ADDRESSING.

17          SO WHAT WE ARE GOING TO DO IS WE ARE GOING TO ADDRESS

18     DOCUMENT 129 FIRST, AND THEN WE WILL COME BACK TO THE SPECIFIC

19     DISPUTE THAT'S SET FORTH IN DOCUMENT 127.

20          I ANTICIPATE THAT WE ARE GOING TO CONTINUE TO MOVE FORWARD

21     IN THIS FORMAT, THAT IS, I WILL BE SEEING ALL OF YOU ON A

22     RELATIVELY FREQUENT BASIS, CERTAINLY AS FREQUENTLY AS NEEDED,

23     AND MAYBE THAT'S EVERY COUPLE OF WEEKS, MAYBE IT'S 30 DAYS, AND

24     IT APPLIES NOT JUST TO THIS CASE, BUT TO THE OTHER TWO RELATED

25     CASES, ONE OF WHICH I APPRECIATE HAS JUST BEEN RELATED TO THIS

1    CASE.

2         AND I'VE GOT CALHOUN ALREADY ON MY CALENDAR A LITTLE BIT

3    LATER THIS MONTH, AND I'M GOING TO GET YOU COORDINATED ON THEIR

4    SCHEDULE, AND THEN I WILL BRING IN THE HEWITT CASE AS WELL, AT

5    LEAST FOR STATUS.  SO THAT IS VERY MUCH HOW I INTEND TO

6    PROCEED.

7         THE PARTIES WILL KEEP ME APPRISED OF DISPUTES AND THEIR

8    PROGRESS IN GETTING THOSE RESOLVED, AND YOU ARE GOING TO HAVE A

9    PRETTY SHORT TIME FRAME TO GET THOSE RIPE AND TO ME.  THAT DOES

10   NOT MEAN THAT YOU SKIMP ON MEET AND CONFER AND COMPROMISE

11   EFFORTS.  LET ME BE VERY CLEAR.  THE SHORTENED TIMELINE TO GET

12   YOUR DISCOVERY DISPUTES TO THE COURT DOES NOT MEAN THAT YOU

13   FOREGO MEET AND CONFER OR COMPROMISE EFFORTS.

14        AND IF THE PARTIES AREN'T DOING IT, I WILL DO IT, AND I

15   THINK YOU WILL MUCH PREFER YOUR OWN NEGOTIATED RESOLUTIONS, BUT

16   I ALSO APPRECIATE SOMETIMES DISPUTES, YOU REACH AN IMPASSE AND

17   YOU NEED THE COURT TO MAKE A CALL, WHICH IS EXACTLY WHAT I WILL

18   DO.  BUT WE ARE GOING TO GET THESE DISPUTES TO ME IN A SHORT

19   AND CLEAR FASHION.  I WILL READ THEM.  WE WILL GET TOGETHER

20   JUST LIKE THIS, I WILL ASK ADDITIONAL QUESTIONS, AND WE WILL

21   GET THEM RESOLVED SO EVERYONE CAN KEEP MOVING FORWARD.  THERE'S

22   A LOT OF PERTINENT DEADLINES, SOME MORE IMMEDIATE IN SOME OF

23   THE CASES THAN OTHERS, BUT I'M GOING TO KEEP THEM ALL MOVING,

24   OKAY?

25        SO WITH THAT SAID, LET ME JUST CALL YOUR ATTENTION TO THE

1    CHART IN DOCUMENT 129, WHICH I APPRECIATE, A COUPLE ADDITIONAL

2    COLUMNS WHICH WILL MOVE IT INTO LANDSCAPE FORMAT, THAT WILL BE

3    HELPFUL TO THE COURT.

4         FIRST I DO WANT YOU TO NUMBER THE DISPUTES IN A SMALL

5    LEFT-HAND COLUMN ON THE FAR LEFT-HAND SIDE, AND RIGHT NOW THEY

6    NUMBER, BY MY COUNT, 1 TO 11.  THEN I WOULD LIKE THAT COLUMN

7    IMMEDIATELY TO THE RIGHT, TO BE FOLLOWED BY, AGAIN, A SMALL

8    COLUMN FOR THE DATE SUBMITTED.

9         AND ALL OF THAT IS GOING TO BE -- THAT WILL BE THE DATES,

10   WHENEVER I ASK FOR THE CHART, THE 1 THROUGH 11 THAT ARE BEFORE

11   ME NOW WERE SUBMITTED ON APRIL 7TH.  THAT HELPS ME TO KEEP AN

12   EYE ON THE AGE.

13        AND I DO APPRECIATE THE PARTY'S EFFORT.  I KNOW -- I CAN

14   TELL IT WAS HARD.  A SHORT SENTENCE, BUT SETTING OUT THE

15   DISPUTE.  IT'S HELPFUL.  IT TELLS ME -- IT AT LEAST TELLS ME

16   WHAT THE ISSUE IS.  I KNOW YOU CAN'T HELP BUT ARGUE, BUT

17   CERTAINLY NOT ANY MORE LENGTHY THAN WHAT IS IN DOCUMENT 129.

18        AND THEN TO THE RIGHT OF YOUR, WHAT CURRENTLY SETS OUT

19   YOUR DISPUTE, YOU KNOW, STATUS, AS OF WHATEVER THE COURT

20   HEARING DATE IS.  SO TODAY IT WILL BE STATUS OF APRIL 13, '21

21   HEARING.  BECAUSE SOME I WILL RESOLVE, SOME I WILL SET OTHER

22   DEADLINES.

23        THIS WILL BE A LIVE DOCUMENT, A RUNNING DOC, AND IF STUFF

24   GETS RESOLVED, WE CAN DRAW A LINE THROUGH IT, BUT WE WILL KEEP

25   MOVING AND WE WILL KEEP THEM NUMBERED SEQUENTIALLY SO WE ALL

1      KNOW WHAT DISPUTES WE ARE TALKING ABOUT.

2           AND WHEN I ASK FOR THESE, YOU WILL FILE IT, BUT YOU WILL

3      ALSO SEND ME A WORD DOC VERSION SO I CAN WORK WITH IT AS WELL.

4      I RESERVE ALL RIGHTS TO TWEAK THAT FORMAT A LITTLE BIT FURTHER,

5      BUT I THINK THAT THAT WILL HELP ME TO KEEP TRACK OF THE ISSUES.

6           OKAY.  SO LET'S TURN TO 129.  AND THE FIRST DISPUTE IS THE

7      CUSTODIAN DISPUTE THAT IS SET OUT IN DOCUMENT 127.  SO WE WILL

8      PASS THAT FOR THE MOMENT.

9           THE NEXT DISPUTE IS OVER GOOGLE SEARCH TERMS, AND IT LOOKS

10     LIKE THE PARTIES -- THAT THE STATUS OF THAT IS THE PARTIES ARE

11     STILL MEETING AND CONFERRING.

12          SO WHAT I'M GOING TO SUGGEST IS THAT WE GET A -- I GET

13     A -- IF YOU ARE UNABLE TO RESOLVE, YOU ENGAGE IN TEN DAYS OF

14     ROBUST MEET AND CONFER.  IF YOU ARE UNABLE TO RESOLVE, YOU CAN

15     SUBMIT TO ME WITH A -- ON THE 23RD, BY NOON ON THE 23RD, A

16     TWO-PAGE, TWO-PAGE SUBMISSION, A LITTLE BIT MORE ELABORATE THAN

17     WHAT YOU GET HERE IN THE CHART, BUT NOT MUCH, TO IDENTIFY THE

18     ISSUE, AND WE WILL TAKE IT UP ON THE 29TH, APRIL 29TH, AT 1:30.

19     THAT'S THE DATE I'VE GOT THE CALHOUN CASE, SO WE WILL GET YOU

20     IN HERE.

21          AND ANY OF THESE ON THIS CHART THAT WE EITHER DON'T

22     RESOLVED TODAY, TO THE EXTENT THEY ARE RIPE, WE WILL GET THEM

23     RIPE IN TEN DAYS AND THEN WE WILL DEAL WITH THEM BY THE 29TH.

24          MS. TREBICKA:  YOUR HONOR, A QUESTION ON THE

25      SUBMISSION.

1      IS THE SUBMISSION SINGLE-SPACED OR DOUBLE-SPACED?  HOW

2  WOULD YOU PREFER IT?

3          THE COURT:  YOU CAN HAVE SINGLE SPACE, BUT IT'S A

4  PAGE.  IT'S A JOINT SUBMISSION, TWO PAGES.  EACH SIDE GETS A

5  PAGE.

6      ALL RIGHT.  NUMBER THREE, WHICH RELATES TO GOOGLE'S

7  PRODUCTION OF PLAINTIFF'S DATA.  THERE WAS A REFERENCE THERE TO

8  A PROPOSED ORDER.  THE PARTIES ARE SUBMITTING A PROPOSED ORDER

9  THAT WOULD RESULT IN GOOGLE PRODUCING AT LEAST SOME OF THE

10  DOCUMENTS, AND IT LOOKS LIKE PLAINTIFFS WERE STILL ANTICIPATING

11  A DISPUTE.

12      I DIDN'T SEE A PROPOSED ORDER, SO WHAT'S THE STATUS ON

13  THAT?

14      LET ME START WITH YOU, MS. BONN, AND THEN I WILL COME TO

15  DEFENDANTS.

16          MS. BONN:  THANK YOU, YOUR HONOR.

17      I THINK MR. MAO IS PREPARED TO ADDRESS THIS ISSUE.

18          THE COURT:  OKAY.  MR. MAO.

19          MR. MAO:  GOOD AFTERNOON, YOUR HONOR.

20      OUR UNDERSTANDING IS THAT GOOGLE IS REQUIRING THAT WE

21  AGREE TO A CERTAIN FORM IN WHICH WE WOULD BE CONCEDING THAT

22  GOOGLE HAS PRODUCED ALL THE DATA ON THE PLAINTIFFS.

23      WE TAKE ISSUE WITH THAT TYPE OF REQUEST, AND INSTEAD,

24  YOUR HONOR, WE BELIEVE THAT GOOGLE IS JUST REQUIRED TO PRODUCE

25  ALL DATA REQUIRING PLAINTIFFS, IN WHICH THEY HAVE.  WE THINK

1      THAT ANY REASONABLE FORM SHOULD DO, BECAUSE AFTER ALL, IT IS

2      THE CLASS MEMBER OR THE CLASS'S DATA.

3          SO THAT IS OUR POSITION, YOUR HONOR.

4          THE COURT:  WHEN YOU SAY THEY ARE REQUESTING A FORM,

5      ARE YOU TALKING ABOUT A FORM OF ORDER?  OR -- I'M CONFUSED.

6          MR. MAO:  THERE IS -- WE DON'T QUITE KNOW WHERE THAT

7      FORM CAME FROM.  THERE IS A FORM FROM GOOGLE'S SIDE WHICH THEY

8      PROPOSED WHICH THEY PUT ON TO A FORM OF A PLEADING.  THAT'S MY

9      UNDERSTANDING, BUT I DON'T WANT TO -- I CERTAINLY DON'T WANT TO

10     MISCHARACTERIZE MY COLLEAGUES, AND I THINK THEY MAY HAVE A

11     BETTER ATTRIBUTION THAN WHAT I'M ABLE TO DO.

12         THE COURT:  ALL RIGHT.

13     WHO HAS THIS FOR GOOGLE?

14     MR. ANSORGE:  I GET TO HAVE THIS ONE.

15         THE COURT:  MR. ANSORGE.

16         MR. ANSORGE:  GOOD MORNING, YOUR HONOR.

17     YES, WE PROVIDED PLAINTIFFS IN THIS CASE WITH A DRAFT

18     ORDER WHICH YOU HAVE ALSO SEEN IN THE CALHOUN CASE.

19         THE COURT:  THAT'S THE PROPOSED ORDER THE PARTIES ARE

20     REFERRING TO?

21         MR. ANSORGE:  THAT'S RIGHT, YOUR HONOR.

22     AND AS I LOOK OVER IT, I CAN'T SEE ANY CHARACTERIZATION

23     WITHIN IT THAT SAYS THAT THIS WOULD EXTEND OR EXHAUST ALL OF

24     OUR PRODUCTION RESPONSIBILITIES OR REQUIREMENTS IN THIS CASE,

25     SO I'M NOT QUITE SURE WHAT THE POTENTIAL DISPUTE MIGHT BE

1    AROUND, BUT THIS IS THE ORDER THAT YOU ARE ALREADY FAMILIAR

2    WITH, YOUR HONOR.

3            THE COURT:  OKAY.

4        SO IN CALHOUN, I REVISED THAT ORDER OR ORDERED A USE OF A

5    MODIFIED FORM, AND THAT'S THE SAME FORM THAT WE WILL ADOPT IN

6    THIS CASE, AND THAT MODIFIED FORM FROM THE CALHOUN CASE WILL BE

7    SUFFICIENT CONSENT.

8        NOW IN THE CALHOUN CASE, IT SEEMED TO BE HELPFUL TO HAVE

9    THAT FORM E-MAILED FROM THE RELEVANT GOOGLE ACCOUNT.  AND

10   FRANKLY, I CAN'T QUITE TELL FROM THE CLASS DEFINITION YET, AND

11   I HAVEN'T SPENT ENOUGH TIME WITH THE PAPERS IN THIS CASE TO

12   KNOW IF THAT SAME REQUEST WOULD BE MADE BY GOOGLE OR HOW IT

13   WOULD BE MET BY PLAINTIFF.

14       SO MR. ANSORGE, I WILL START WITH YOU, AND THEN I WILL

15   RETURN TO MR. MAO.

16           MR. ANSORGE:  YES, YOUR HONOR.

17       WE WOULD MAKE THE SAME REQUEST IN THIS CASE, AND THAT'S

18   BECAUSE THE CLASS IS DEFINED AS GOOGLE ACCOUNT HOLDERS.  AND

19   THE WAY GOOGLE WOULD AUTHENTICATE WHETHER INFORMATION BELONGS

20   TO THAT PARTICULAR PERSON UNDER THE SCA IS ALSO THROUGH THE

21   ACCOUNT, SO WE WOULD ASK THEY BE SENT FROM THE ACCOUNTS AS IN

22   THE CALHOUN MATTER.

23           THE COURT:  OKAY.

24       I ALSO NOTED THAT THE FORM THAT I HAD IN CALHOUN, THE FORM

25   I APPROVED, DID NOT IDENTIFY A SPECIFIC ACCOUNT, IT HAD A NAME,

```
1        WHICH IS ALSO WHY I THOUGHT IT WAS -- MADE SENSE TO HAVE IT

2        SENT FROM THE GOOGLE ACCOUNT.

3            MR. MAO, ANY CONCERN ABOUT THAT?  WE WILL USE MY MODIFIED,

4        LESS ONEROUS, I GUESS TO THE EXTENT THE ORIGINAL ONE WAS

5        ONEROUS, BUT MORE SIMPLIFIED CONSENT ORDER, AND THE PLAINTIFFS

6        WILL SEND THAT FROM THEIR ACCOUNTS.

7            MR. MAO:  YEAH.

8            JUST A POINT OF CLARIFICATION, YOUR HONOR, AND YOU WILL

9        SEE THIS IN THE REST OF THE LIST, WHICH IS THAT WE BELIEVE

10       GOOGLE'S OWN DOCUMENTATION, FOR EXAMPLE WITH REGARD TO THEIR

11       OWN CORPORATE CUSTOMERS, SHOWS THAT GOOGLE IDENTIFIES

12       CONSUMERS, INCLUDING CLASS MEMBERS HERE AT ISSUE, BY THEIR

13       DEVICES AND OTHER ELECTRONIC ADDRESSES.

14           SO WE JUST WANT TO MAKE SURE THAT WHEN WE SAY "CLASS

15       MEMBERS," WE ARE REFERRING TO ANY AND ALL DATA IN WHICH GOOGLE

16       HAS ON OUR CLASS MEMBERS, WHETHER IT BE BY ACCOUNT, BY DEVICE,

17       OR BY ANY TYPE OF ELECTRIC ADDRESSES, YOUR HONOR.

18           THE COURT:  ALL RIGHT.  NOT JUST BY NAME, BUT BY

19       DEVICE, OR ELECTRONIC ADDRESS.

20           MR. MAO:  YEAH.

21           AND YOU SEE -- I JUST WANT TO MAKE SURE I HAVE THE NUMBERS

22       RIGHT, BECAUSE WE HAVE NOT NUMBERED IT, BUT I THINK YOU CAN SEE

23       THAT IT'S --

24           THE COURT:  I THINK IT'S NUMBER SIX.

25           MR. MAO:  IT'S ON THE SECOND HALF OF PAGE 3.
```

1          THE COURT:  YEAH.  YEAH.  SECOND FROM THE BOTTOM.

2     YES.

3          MR. MAO:  THAT'S RIGHT, YOUR HONOR.

4          THE COURT:  YES.  THIS IS WHY WE WILL BE NUMBERING

5     THE DISPUTES FROM NOW ON.

6          MR. MAO:  WILL DO.

7          THE COURT:  MR. ANSORGE.

8          MR. ANSORGE:  YES, YOUR HONOR.

9          AND THIS IS AN ISSUE WHERE WE BELIEVE THERE WILL PROBABLY

10     HAVE TO BE SOME BRIEFING AT SOME STAGE, BECAUSE FOR US,

11     FUNDAMENTALLY, PLAINTIFFS ARE -- BROUGHT A CLAIM, AND THEY ARE

12     BRINGING A CLASS ACTION FOR LOGGED OUT USERS WHO ARE IN PRIVATE

13     BROWSING MODE.  AND GOOGLE MAKES A VERY SIGNIFICANT DISTINCTION

14     BETWEEN LOGGED IN AND LOGGED OUT ACTIVITY.  AND IT'S SOMETHING

15     WE HAVE COMMUNICATED WITH PLAINTIFFS ABOUT CONTINUOUSLY.

16          AND TO ABBREVIATE IT VERY SWIFTLY FOR YOU, THERE'S CERTAIN

17     TYPES OF IDENTIFIERS.  FOR INSTANCE, WE MIGHT HAVE INFORMATION

18     THAT MIGHT BE AN IP ADDRESS, BUT THAT WOULD NOT BE AN

19     AUTHENTICATED IDENTIFIER, AS IN IT'S NOT TIED TO A SPECIFIC

20     PERSON UNDER ALL CONDITIONS.

21          AND GOOGLE, HERE, WOULD NOT BE COMFORTABLE WITH HAVING

22     BRIEFING AND A LOT OF DISCUSSION ON THE TOPIC, SIMPLY GOING OUT

23     AND PRODUCING ALL INFORMATION THAT MIGHT BE ASSOCIATED WITH

24     SOME UNAUTHENTICATED IDENTIFIER, BECAUSE WE PICK UP A LOT OF

25     DATA OF PEOPLE OUTSIDE THE SPECIFIC GOOGLE ACCOUNT HOLDERS THAT

1    ARE BRINGING THE CLAIM.

2              THE COURT:  ALL RIGHT.

3         WELL, TO THE EXTENT WE ARE TALKING ABOUT CATEGORY 6, I HAD

4    THAT DOWN -- THE PARTIES HAD MADE IT CLEAR YOU HAD REACHED AN

5    IMPASSE, AND I HAD THAT DOWN FOR YOU NEED TO COMPLETE YOUR MEET

6    AND CONFER, OR SHALL I SAY REVISIT YOUR MEET AND CONFER AND GET

7    A SUBMISSION.

8         THAT WILL BE PART OF YOUR 4/23 SUBMISSION.  EACH DISPUTE

9    GETS ITS OWN TWO PAGES, BUT WE CAN DO ONE SUBMISSION, SO I

10   DON'T HAVE TO HAVE FIFTEEN DIFFERENT DOCKET NUMBERS.  AND WE

11   WILL GO OVER THAT AGAIN BEFORE WE WRAP UP TODAY, BUT NUMBER

12   SIX, I HAVE AS A TWO-PAGE SUBMISSION ON THE 23RD.

13        THERE'S NOT GOING TO BE A LOT OF BRIEFING, MR. ANSORGE,

14   THAT'S GOING TO BE THE BRIEFING, AND WE WILL TALK THROUGH IT.

15             BUT RETURNING TO ITEM NUMBER --

16             MR. MAO:  SORRY, YOUR HONOR, A POINT OF

17   CLARIFICATION.

18             THE COURT:  NO, LET ME FINISH, MR. MAO.  THANK YOU.

19             BACK ON ITEM NUMBER 3.  TO THE EXTENT WE ARE TALKING ABOUT

20   THE NEED FOR A CONSENT ORDER TO RELEASE INFORMATION, THAT ISSUE

21   HAS BEEN RESOLVED.

22        WE ARE GOING TO USE THE COURT'S MODIFIED ORDER FROM

23   CALHOUN.  THE PLAINTIFFS WILL SEND IT IN FROM THEIR ACCOUNTS,

24   GOOGLE WILL MAKE ITS PRODUCTION, AND THAT PRODUCTION WILL TAKE

25   PLACE THIS WEEK AND BE COMPLETED BY FRIDAY.

1        THEN THAT SHOULD TEE UP WHATEVER OTHER ISSUES THE PARTIES

2    NEED TO MEET AND CONFER ABOUT NEXT WEEK, AND GET ANYTHING

3    FURTHER TO ME ON THE 23RD.

4        I WILL JUST MAKE A NOTE HERE SO I DON'T LOSE MY OWN -- SO

5    BY FRIDAY THE 16TH.

6        OKAY.  MR. MAO, I INTERRUPTED YOU.  WAS THERE SOMETHING

7    ELSE?

8            MR. MAO:  YEAH.  I JUST WANTED TO MAKE SURE YOU SAID

9     4/23 FOR THE CLASS CERTIFICATION BRIEFING SCHEDULE.

10            THE COURT:  YES.  FRIDAY THE 23RD BY NOON.

11            MR. MAO:  OKAY.  THANK YOU, YOUR HONOR.

12            THE COURT:  UH-HUH.

13        LET ME -- ALL RIGHT.  ITEM NUMBER 4, WHICH IS AT THE

14    BOTTOM OF PAGE 2 OF DOCKET 129, THIS IS THE PRESERVATION ISSUE.

15    I BELIEVE THIS IS THE CALHOUN SERVER ISSUE.  IF I'M

16    MISUNDERSTANDING THAT, THIS IS THE CHANCE FOR YOU TO SET ME

17    STRAIGHT.

18        AND SO MY QUESTION IS, I WOULD LIKE A STATUS ON CALHOUN.

19    I KNOW THERE'S A DEPO COMING UP, THERE HAS BEEN SOME

20    PRODUCTION, THERE'S A DEPO, IT'S EITHER OCCURRED OR IT'S COMING

21    UP, AND IS THERE SOME CROSS-USE PROVISIONS FOR THAT MATERIAL IN

22    THIS CASE?

23        WHO IS GOING TO START FROM THE PLAINTIFFS?

24            MS. BONN:  YOUR HONOR, IT MAY MAKE SENSE FOR GOOGLE

25     TO ADDRESS THAT, BECAUSE WE HAVE HAD LIMITED VISIBILITY INTO

1       THE SOME OF THE BACKGROUND ISSUES IN CALHOUN.

2             THE COURT:  ALL RIGHT.  THANK YOU.  FAIR ENOUGH.

3       THANK YOU.

4             WHO HAS IT FOR GOOGLE?

5             MS. TREBICKA:  I CAN START US OFF, YOUR HONOR.

6       SO WE DID HAVE THE DEPOSITION IN CALHOUN.  IT WAS

7       COMPLETED THIS PAST FRIDAY, AND WE DO BELIEVE THAT IT SUPPORTS

8       OUR MOTION FOR A PROTECTIVE ORDER.

9             IF YOU WILL RECALL, IT AROSE IN THE CONTEXT OF GOOGLE'S

10      MOTION FOR A PROTECTIVE ORDER WITH RESPECT TO THE NETWORK LOGS.

11      SO THAT'S WHERE WE ARE RIGHT NOW.

12            SO WE COMPLETED THE DEPOSITION, WE MADE SOME DOCUMENT

13      PRODUCTIONS, AND WE BELIEVE THAT THE INFORMATION SO FAR, THE

14      MATERIAL AND THE EVIDENCE SO FAR, SUPPORTS OUR MOTION FOR

15      PROTECTIVE ORDER.

16            THE COURT:  OKAY.

17            THEN WE WILL BE TAKING THAT UP ON THE 29TH AT 1:30.

18            HAS THERE BEEN ANY DISCUSSION OF CROSS USE AMONG THE THREE

19      CASES, MS. TREBICKA?

20            MS. TREBICKA:  NO, YOUR HONOR, THERE HAS NOT.

21            OUR EXPECTATION IS THAT, AS YOUR HONOR NOTES, THE ORDER IN

22      CALHOUN WILL ALSO APPLY TO WHATEVER DISAGREEMENT WE MAY HAVE IN

23      BROWN.  IT WILL NEED SOME SORT OF DETERMINATION OF THE

24      PRACTICAL EFFECT THAT THE ORDER WILL HAVE, BECAUSE THE LOGS AT

25      ISSUE IN CALHOUN ARE NOT NECESSARILY A ONE-TO-ONE MATCH TO THE

```
1      LOGS IN BROWN.  BUT I SUSPECT THAT WITH THE ORDER AT HAND, THE

2      PARTIES WILL BE ABLE TO NEGOTIATE SOMETHING.

3              MS. BONN:  AND YOUR HONOR, IF I MAY, WE WOULD REQUEST

4      THAT GOOGLE PRODUCE THE TRANSCRIPT FROM THAT DEPOSITION TO US

5      UNDER THE TERMS OF OUR PROTECTIVE ORDER, ALONG WITH ANY

6      DOCUMENTS THEY PRODUCED IN CONNECTION WITH THAT DEPOSITION.

7              OBVIOUSLY WE CAN TREAT IT APPROPRIATELY UNDER OUR

8      PROTECTIVE ORDER, BUT I THINK IT WILL GIVE US INSIGHT AND HELP

9      US UNDERSTAND WHERE CALHOUN IS SHAKING OUT SO THAT WE CAN TRY

10     TO REACH A PRACTICAL SOLUTION HERE.

11             THE COURT:  I AGREE.

12      I THINK THAT THE TRANSCRIPT AND DOCUMENTS SHOULD BE

13     PRODUCED IN ALL OF THE ACTIONS, ALL OF THESE THREE RELATED

14     ACTIONS, WITH THE PROTECTIVE ORDER.

15             MS. TREBICKA:  WE UNDERSTAND, YOUR HONOR.

16      THERE IS ONE CONCERN I WOULD LIKE TO RAISE, WHICH IS THAT

17     IN CALHOUN, WE HAVE PRODUCED USER DATA PURSUANT TO THE CONSENT

18     FORM, SO WE MAY HAVE TO CAREFULLY THINK ABOUT LIMITING AT LEAST

19     SOME OF THE INFORMATION THAT IS SHARED ACROSS THE CASES SO THAT

20     WE CAN PROTECT THE PRIVACY OF THE PLAINTIFFS IN EACH INDIVIDUAL

21     CASE.  SO THAT'S ONE CONCERN THAT WE WOULD LIKE TO RAISE NOW.

22             FRANKLY, WE MAY HAVE TO DISCUSS THIS ISSUE IN A LITTLE BIT

23     MORE DETAIL BEFORE WE MAKE OUR PRESENTATION TO THE COURT.

24             THE COURT:  I APPRECIATE THAT.

25             THERE'S A LOT OF -- WELL, THERE SHOULD HAVE BEEN SOME
```

1       PRODUCTION OF TECHNICAL DOCUMENTS THAT IS NOT SPECIFIC TO

2       PLAINTIFFS.

3           THERE IS ALSO THE SAMPLING DATA WHICH IS SPECIFIC TO

4       PLAINTIFFS.  BUT AGAIN, I WOULD EXPECT THE PARTIES -- AND WE

5       CAN TAKE THIS UP FURTHER ON THE 29TH, BUT I EXPECT ALL THE

6       PARTIES TO BE MEETING AND CONFERRING ON CROSS USE SO THAT THIS

7       IS RUN EFFICIENTLY, AS EFFICIENTLY AS POSSIBLE.

8           MS. TREBICKA:  WE UNDERSTAND, YOUR HONOR.

9           MS. BONN:  AND YOUR HONOR, I WAS GOING TO MENTION WE

10      ARE HAPPY TO REACH OUT TO THE CALHOUN PLAINTIFF'S COUNSEL, AND

11      MY ASSUMPTION IS THAT WE WILL BE ABLE, AMONGST COUNSEL, TO WORK

12      OUT SOME SORT OF PROTOCOL BY WHICH USER DATA CAN BE SHARED

13      ACROSS THE CASES SO THAT WE DON'T RUN INTO THIS ISSUE AGAIN IN

14      THE FUTURE.  AND I THINK THAT WOULD GO BOTH WAYS.

15          THE COURT:  RIGHT.  BECAUSE IT'S LIKELY TO CONTINUE

16      TO COME UP.

17          SO I THINK THAT THAT WOULD MAKE SENSE AND DOING IT IN

18      ADVANCE OF US ALL CONVENING ON THE 29TH, WOULD BE VERY

19      PRODUCTIVE.  AND IF FOR SOME REASON THE PARTIES CAN'T SEE THEIR

20      WAY TO DO THAT, THEN I WILL PUT YOU IN A BREAKOUT ROOM AND.

21          MS. TREBICKA:  NO, YOUR HONOR, WE ARE COMMITTED TO

22      MAKING SOMETHING WORK, WE WOULD JUST LIKE TO THINK A LITTLE BIT

23      MORE ABOUT THE IMPLICATIONS THAT IT MAY HAVE.  BUT MEETING AND

24      CONFERRING ABOUT IT SOUNDS RIGHT TO ME, UNLESS ONE OF MY

25      PARTNERS JUMPS UP AND SAYS OTHERWISE.

```
1              THE COURT:  I DON'T THINK THEY ARE LIKELY TO DO THAT
2       AT THIS POINT.
3              ALL RIGHT.  SO AS TO ITEM 4, PARTIES HAVE TO -- ALL
4       PARTIES ACROSS THE CASES HAVE TO MEET AND CONFER WITH REGARDS
5       TO SHARING ANY PERSONAL DATA, THAT IS ANY DATA THAT IMPLICATES
6       THE PRIVACY RIGHTS OF ANY PLAINTIFFS IN A SPECIFIC ACTION.  I
7       EXPECT THAT ISSUE TO BE ADDRESSED AND RESOLVED BEFORE THE 29TH,
8       OR WE WILL RESOLVE IT ON THE 29TH.
9              MS. TREBICKA:  UNDERSTOOD, YOUR HONOR.
10             ONE OTHER CONCERN I WOULD LIKE TO RAISE SINCE WE ARE HERE
11      WITH YOU TODAY, WHICH IS THE FACT THAT THESE CASES ARE RELATED,
12      THEY BOTH DEAL WITH PRIVACY, BUT THEIR ALLEGATIONS ARE QUITE
13      DISTINCT FROM EACH OTHER, SO NOT ALL DOCUMENTS PRODUCED IN ONE
14      CASE, EVEN FOR A LIMITED ISSUE THAT MAY HAVE RELEVANCE TO BOTH
15      CASES, WILL BE RELEVANT TO BOTH.  SO I WOULD LIKE TO PUT THAT
16      AS A PLACEHOLDER AS WE ARE TRYING TO THINK THROUGH THESE
17      ISSUES.
18             THE COURT:  I UNDERSTAND.
19             BUT IT MAY BE A SITUATION WHERE A BROAD CROSS-USE STILL
20      MAKES THE MOST SENSE.  IT'S JUST THE MOST EFFICIENT, AND IT
21      ACTUALLY TAKES LESS TIME, BUT I'M GOING TO LET THE PLAINTIFF'S
22      COUNSEL CONFER AND SEE IF THAT MAKES SENSE.
23             BUT WE ARE NOT GOING TO HAVE ADDITIONAL DELAYS WHILE A
24      GOOGLE PRODUCTION IS RE-SORTED AND RE-SHIFTED FOR THIS CASE,
25      THIS CASE, AND THIS CASE, WHERE THE LARGER ISSUES ARE
```

1        OVERLAPPING.  WE ARE GOING TO -- AGAIN, WE ARE GOING TO BE

2     MOVING EXPEDITIOUSLY.

3           OKAY.  IN THE MEANTIME, I DO WANT -- GOOGLE WILL PRODUCE

4     THE TRANSCRIPT AND PRODUCE ANY DOCUMENTS THAT DO NOT IMPLICATE

5     THE PRIVACY ISSUES TO THE BROWN PLAINTIFFS, AND THAT WILL BE

6     PRODUCED BY FRIDAY THE 16TH.

7           ALL RIGHT.  LET'S TURN TO ISSUE NUMBER 5, RELATING TO

8     PRESERVATION OF CUSTODIAL DATA.

9           I'M GOING TO CIRCLE BACK TO THAT WHEN WE ARE TALKING ABOUT

10    ISSUE 1, I KNOW THEY ARE DIFFERENT, BUT WE WILL TALK ABOUT

11    CUSTODIAN PROTOCOLS AT THAT TIME.

12          AND ISSUE NUMBER 6, WE ALREADY TOUCHED ON, THIS IS THE

13    MEMBER IDENTIFICATION ISSUE, WHERE I UNDERSTAND THERE ARE SOME

14    SHARPLY DRAWN DISPUTES, AND THE PARTIES WILL GET A VERY MODEST

15    AMOUNT OF BRIEFING ON THAT, A PAGE EACH FOR A SUBMISSION BY

16    NOON ON THE 23RD, AND WE WILL PICK THAT UP ON THE 29TH.

17          ISSUE NUMBER 7, WHICH IS AT THE BOTTOM OF PAGE 3, THIS IS

18    THE LOGGED IN AND LOGGED OUT ISSUE.

19          IT'S DIFFICULT FOR ME TO TELL -- WELL, MY FIRST QUESTION

20    IS, IS THERE A SPECIFIC DISPUTE OR DOES THIS REFLECT

21    PLAINTIFF'S CONCERNS THAT THERE MAY BE LIMITATIONS EITHER

22    LURKING OR UPCOMING?  BECAUSE AS I READ PLAINTIFF'S SENTENCE

23    AND THEN GOOGLE'S, IT DOESN'T LOOK LIKE THERE'S A DISPUTE AT

24    THIS TIME.  BUT IF I'VE MISSED IT, I WILL LET YOU ELABORATE.

25          SO LET ME START WITH THE PLAINTIFFS.  WHO HAS ISSUE 7?

1          MR. MAO, PLEASE.

2               MR. MAO:  THANK YOU, YOUR HONOR.

3          YES.  SO YOU ARE RIGHT, YOUR HONOR, IN THAT IT MAY NOT BE

4    TOTALLY RIPE BECAUSE OF SOME OF THE RESOLUTIONS OF THE OTHER

5    ISSUES YOUR HONOR HAS HELPED RESOLVE.

6          SOME OF THE THINGS -- FOR EXAMPLE, WE REALLY DON'T KNOW

7    WHAT THEY MEAN BY "LOGGED OUT," AND THEREFORE IT IS NOT -- IT

8    IS NOT THEREFORE INCLUDED WITHIN THE CLASS OR OUTSIDE THE

9    CLASS, BECAUSE FOR EXAMPLE, YOUR HONOR, THEY ARE LIMITING ANY

10   DATA THAT RELATES TO HOW GOOGLE IS TRACKING YOU BY YOUR

11   DEVICES, FOR EXAMPLE, BY YOUR PHONE.

12         SO IT'S VERY DIFFICULT FOR US TO ASCERTAIN WHAT EXACTLY

13   THEY ARE EXCLUDING UNTIL WE ACTUALLY SEE THE PRODUCTIONS, BUT

14   SOME OF THE PROGRESS HAS BEEN MADE ON THE LOGS, FOR EXAMPLE,

15   AND PERHAPS ADDITIONAL BRIEFING, YOUR HONOR, I THINK WILL MAKE

16   THIS RIPE.

17              THE COURT:  OKAY.  IT SOUNDS LIKE YOU NEED TO GET

18   SOME DOCUMENTS AND TAKE A LOOK, AND THEN YOU CAN CONFER; AM I

19   UNDERSTANDING THAT CORRECTLY?

20              MR. MAO:  THAT'S CORRECT, YOUR HONOR.

21              THE COURT:  OKAY.  WHY DON'T YOU GIVE ME A STATUS ON

22   THAT -- ARE YOU WAITING ON A PRODUCTION?  IS THERE A TIMING FOR

23   PRODUCTION?  WHERE ARE YOU ON THAT?

24              MR. MAO:  RIGHT.

25         SO YOUR HONOR, WE CAN SEE WHAT IS BEING SENT OUT FROM THE

1    BROWSERS AND COLLECTED BY GOOGLE OFF THE GOOGLE BROWSERS, BUT

2    WE DON'T KNOW WHAT THEY ARE ACTUALLY DOING WITH THAT DATA,

3    WHICH IS ONE OF THE REASONS WHY THOSE SERVER LOGS ARE SO

4    IMPORTANT.

5        AND I THINK ONCE WE ACTUALLY GET TO SEE THAT, FOR EXAMPLE

6    THROUGH COLLABORATION WITH THE BROWN CASE, THE BROWN CASE AND

7    THE OTHER CASES, IT WILL BE MUCH EASIER FOR US TO UNDERSTAND

8    WHAT EXACTLY IS BEING DONE THERE, AND THEN WE CAN EXPLAIN

9    EXACTLY WHY TYING IT TO DEVICES IS AN IMPORTANT ISSUE IN THIS

10   CASE, YOUR HONOR.

11           THE COURT:  SO THERE IS NOT A SPECIFIC PRODUCTION

12   THAT YOU ARE WAITING ON AT THIS TIME?

13           MR. MAO:  WE ONLY RECEIVED SUBSTANTIVE, NON-PUBLIC

14   DOCUMENTS FOR THE FIRST TIME LAST WEEK, YOUR HONOR.  AND WE

15   UNDERSTAND THAT THERE'S SUPPOSED TO BE ONGOING PRODUCTIONS.  SO

16   UNTIL WE ACTUALLY SEE WHAT THEY ARE PRODUCING, WE ACTUALLY

17   DON'T KNOW WHAT THEY ARE WITHHOLDING, YOUR HONOR.

18           THE COURT:  OKAY.  ALL RIGHT.

19       ON THE 23RD, I WANT A STATUS ON PRODUCTION AND REVIEW OF

20   PRODUCTION.

21           MR. MAO:  WILL DO, YOUR HONOR.

22       THANK YOU.

23           THE COURT:  ALL RIGHT.

24       AND ITEM NUMBER 8, THIS IS THE LAST OF THE PLAINTIFF'S

25   DISPUTES, SOME OF THEM ARE ON PAGE 4 OF DOCUMENT 129.  IT LOOKS

1    LIKE PERHAPS THE PARTIES ARE ANTICIPATING SOME ISSUE AROUND

2    EXPERTS, BUT IT LOOKS TO ME MORE LIKE IT'S BEEN FLAGGED AND

3    HASN'T YET COME TO FRUITION ONE WAY OR THE OTHER.

4         AM I UNDERSTANDING THAT CORRECTLY FROM THE PLAINTIFFS?

5              MS. BONN:  YOUR HONOR, I THINK OUR VIEW, YOUR HONOR,

6    IS WE WOULD JUST LIKE TO HAVE THIS ISSUE TEED UP ONE WAY OR

7    ANOTHER.

8         GOOGLE HAS MADE SOME REQUESTS FOR ADDITIONAL INFORMATION

9    ABOUT THE FOUR EXPERTS WE DISCLOSED.  WE HAVE PROVIDED IT.  AS

10   OF YESTERDAY, THEY SAID THEY WANTED SOME MORE TIME.

11        AND I THINK OUR VIEW IS WE DISCLOSED INFORMATION REQUIRED

12   UNDER THE PROTECTIVE ORDER ON MARCH 22ND, WE HAVE PRODUCED THE

13   ADDITIONAL INFORMATION THEY NEED AND THEY OUGHT TO BE ABLE TO

14   HAVE A DISCUSSION WITH US BY THIS FRIDAY, AND IF THEY DO OBJECT

15   TO ANY OF THE EXPERTS, WE JUST NEED IT TEED UP PRETTY PROMPTLY.

16             THE COURT:  YEAH.  OKAY.

17        IS THAT A FAIR ASSESSMENT OF WHERE IT IS?  WHO HAS GOT

18   THIS ISSUE FOR GOOGLE?

19             MS. CRAWFORD:  I DO, YOUR HONOR.

20        THAT'S A PRETTY FAIR ASSESSMENT OF THE ISSUES.  I THINK

21   THE PARTIES HAVE A SLIGHT DISAGREEMENT AS TO THE INFORMATION

22   REQUIRED UNDER SECTION 7.4(A)(2) OF PROTECTIVE ORDER THAT WAS

23   PROVIDED TO GOOGLE.  BUT NONETHELESS, WE RECEIVED ADDITIONAL

24   INFORMATION FROM PLAINTIFFS ON APRIL 5TH AND APRIL 9TH, AND WE

25   ASKED JUST YESTERDAY THAT WE BE GIVEN UNTIL THIS FRIDAY TO

1    COMPLETE OUR EVALUATION OF THAT INFORMATION.

2         MS. BONN REACHED OUT TO US THIS MORNING ASKING THAT WE

3    MEET AND CONFER ON FRIDAY, AND SO MY HOPE IS THAT FRIDAY'S

4    DISCUSSION WILL ALLOW THE PARTIES TO SUBSTANTIALLY NARROW THE

5    SCOPE OF THE ISSUES THAT ARE IN DISPUTE, AND IF ANY REMAIN, WE

6    ARE CERTAINLY HAPPY TO TEE THIS UP WITH THE COURT ON THE 23RD.

7         THE COURT:  OKAY.  SOUNDS GOOD.  THANK YOU,

8    MS. CRAWFORD.

9         THEN WHAT I WANT ON THE 23RD IS YOU ARE EITHER, AGAIN IN

10   YOUR TWO PAGES, OUTLINING A SPECIFIC DISPUTE AS IT RELATES TO

11   THE EXPERTS, OR INFORMATION TO SATISFY THE PROTECTIVE ORDER

12   REGARDING THE EXPERTS, OR IT'S BEEN RESOLVED, OR IT COMES BACK

13   TO ME AS RESOLVED.

14        ALL RIGHT.  LOOKING QUICKLY, OR BRIEFLY I SHOULD SAY, AT

15   THE DISPUTES IDENTIFIED BY GOOGLE.  THESE ALL RELATE TO WRITTEN

16   DISCOVERY RESPONSES.  AND IT LOOKS LIKE MEET AND CONFER IS

17   UNDER WAY, AT LEAST I WOULD CERTAINLY EXPECT IT TO BE UNDER

18   WAY.  SO I WANT THE PARTIES TO ROLL UP THEIR SLEEVES AND

19   ADDRESS THESE ISSUES IN THE NEXT TEN DAYS, LET'S GET THIS DONE.

20        AND ON THE 23RD, YOU'VE EITHER RESOLVED THESE OR YOU HAVE

21   SPECIFIC DISPUTES STILL, SPECIFIC REQUESTS STILL AT ISSUE WHICH

22   YOU WILL SUBMIT TO ME, IDENTIFY FOR ME.  ONE PAGE EACH ON THE

23   23RD, AND WE WILL HAMMER THEM OUT ON THE 29TH.

24        AND LET ME BE VERY CLEAR, IF I GET DISPUTES WHERE THERE'S

25   CLEARLY A RUNWAY AND ROOM FOR COMPROMISE, OR THERE IS -- OR

1    THEY REALLY APPEAR ON THEIR FACE TO BE A FIGHT FOR THE SAKE OF

2    FIGHTING, I WILL MAKE LIBERAL USE OF THE BREAKOUT ROOMS AT THE

3    HEARING ON THE 29TH.  BUT YOU ALL WILL BE -- YOU WILL GET THIS

4    DONE, OKAY.  THESE ISSUES WILL GET RESOLVED.

5        I REALLY EXPECT YOU TO COME TO ME WITH AN ISSUE WHERE YOU

6    CANNOT AGREE, YOU CANNOT GET THERE.  AND I KNOW THAT ARISES IN

7    DISCOVERY, SO I APPRECIATE THAT, I WILL CONSIDER IT, I WILL

8    HEAR ARGUMENT, I WILL MAKE A DECISION.  BUT IF I THINK THAT THE

9    PARTIES HAVE NOT GIVEN THIS THE EFFORT THAT IS REQUIRED, OR THE

10   RESULT IS SOMEWHAT OBVIOUS, YOU ARE GOING TO GO IN A BREAKOUT

11   ROOM AND YOU ARE GOING TO DO IT, OKAY?

12       ALL RIGHT.  I AM PREPARED TO TURN TO DOCUMENT 127 AND THE

13   DISPUTES OVER CUSTODIANS, ADDING CUSTODIANS.

14       WAS THERE ANYTHING ELSE ON THE LIST AT DOCUMENT 129 FROM

15   PLAINTIFFS?  FOR DEFENDANTS FOR TODAY?  ALL RIGHT.  I'M SEEING

16   HEADS SHAKE, SO I APPRECIATE THAT.

17       OKAY.  DOCUMENT 127, THIS IS THE DISPUTE ABOUT EXPANDING

18   THE CUSTODIANS, AND PLAINTIFFS HAVE IDENTIFIED MR. PICHAI, I

19   NEVER SAY THE NAME RIGHT, MS. TREBICKA?

20           MS. TREBICKA:  MR. PICHAI.

21           THE COURT:  PICHAI.  THANK YOU.

22       FIRST AND FOREMOST IS A DISPUTE WHETHER MR. PICHAI'S

23   DOCUMENTS BACK FROM 2008 SHOULD BE SUBJECT TO SEARCH WITH,

24   OBVIOUSLY WITH SEARCH TERMS, AND PLAINTIFFS HAVE PROPOSED IT

25   WOULD BE NO MORE THAN TEN SEARCH TERMS, BUT THAT HE WAS AN

1    INTEGRAL PART OF THE DEVELOPMENT THAT HAS GIVEN RISE TO THE

2    ALLEGATIONS IN THIS CASE.

3            AND THEN THERE ARE THE ADDITIONAL SIX CUSTODIANS, I GUESS

4    THEY BREAK INTO TWO GROUPS, ONE GROUP HAVING BEEN IDENTIFIED IN

5    THE AMENDED COMPLAINT, AND THE SECOND GROUP BEING IDENTIFIED BY

6    THEIR TITLES AND ROLES.  THOSE HAVE A MORE LIMITED REQUEST FROM

7    PLAINTIFFS THAT THEIR DOCUMENTS BE SEARCHED FROM 2014 TO

8    PRESENT.  AGAIN, NO MORE THAN TEN SEARCH TERMS.

9            AND AS I UNDERSTAND IT, GOOGLE, FIRST WITH REGARDS TO

10   MR. PICHAI, MAKES THE ARGUMENTS AROUND ARISING OUT OF THE APEX

11   THEORY, ALSO SUGGESTS THAT HE IS NOT THE RIGHT PERSON, AND THEY

12   IDENTIFY MR. RAKOWSKI NOT BY TITLE, JUST SIMPLY BY NAME AND

13   GIVE A LIMITED PRODUCTION PERIOD, 2008 TO 2009.  SO

14   MR. RAKOWSKI, FOR A ONE-YEAR PERIOD, IS THE PROPOSED RESPONSE

15   TO MR. PICHAI.

16           AND THEN WE CAN TALK ABOUT THE OTHERS.  I THINK GOOGLE --

17   IT'S FAIR TO SAY GOOGLE GENERALLY OBJECTS AS TO FOLKS IN THESE

18   POSITIONS, AND SEARCH TERMS ARE ALREADY COVERED.

19           SO WHY DON'T WE START WITH REGARDS TO THE PICHAI ISSUE.

20   MY QUESTION TO GOOGLE IS, WHO IS MR. RAKOWSKI?  WHAT IS HIS

21   TITLE?  WHY WOULD HE BE A MEANINGFUL PERSON, AND WHY THE

22   LIMITATION OF ONE HERE?

23               MS. TREBICKA:  YES, YOUR HONOR.

24       MR. RAKOWSKI IS CURRENTLY THE VICE PRESIDENT OF PRODUCT

25   MANAGEMENT AND HAS BEEN FOR THE PAST NINE YEARS.  HE'S BEEN

1    WITH GOOGLE SINCE AT LEAST 2002.  PREVIOUSLY HE WAS THE

2    DIRECTOR OF PRODUCT MANAGEMENT.

3              THE COURT:  I'M SORRY, WHAT'S HIS CURRENT TITLE,

4    MS. TREBICKA?

5              MS. TREBICKA:  VICE PRESIDENT OF PRODUCT MANAGEMENT.

6    SO VICE PRESIDENT IS ONE NOTCH HIGHER THAN DIRECTOR.

7              THE COURT:  UH-HUH.

8              MS. TREBICKA:  AND HE IS COMMONLY, OR GENERALLY KNOWN

9    WITHIN GOOGLE, AS THE FATHER OF INCOGNITO MODE.  HE WAS PART OF

10   THE DEVELOPMENT TEAM IN THE 2008 TIME PERIOD, WHEREAS

11   MR. PICHAI WAS, AT THE TIME, THE VICE PRESIDENT OF PRODUCT

12   DEVELOPMENT AND WAS NOT NECESSARILY INVOLVED IN THE DAY-TO-DAY

13   DEVELOPMENT OF CHROME.  IN FACT, HE HAD ADDITIONAL PRODUCTS,

14   EVEN DURING THAT TIME FRAME IN 2008, ADDITIONAL PRODUCTS UNDER

15   HIS BELT, GOOGLE DRIVE, GMAIL, GOOGLE SEARCH, ANDROID.  SO

16   MR. PICHAI IS NOT THE ONE WITH THE MOST DIRECT AND RELEVANT

17   KNOWLEDGE.

18        BUT IN TERMS OF MR. RAKOWSKI, HE IS VERY MUCH THE FACE OF

19   INCOGNITO, AND WE THINK THAT HIS DOCUMENTS DURING THAT TIME

20   PERIOD WOULD BE THE MOST RELEVANT.

21        NOW, YOUR HONOR ALSO ASKED ABOUT THE TIME FRAME.  I DON'T

22   KNOW IF YOU HAVE ANY OTHER QUESTIONS ABOUT MR. RAKOWSKI,

23   SPECIFICALLY, AS THE INDIVIDUAL.

24              THE COURT:  I'M SURE I WILL, BUT WHY DON'T YOU GO

25   AHEAD AND TELL ME ABOUT THE TIME PERIOD.

1              MS. TREBICKA:  SURE.

2         SO THIS CASE IS ABOUT GOOGLE'S DISCLOSURES IN 2016 TO THE

3    PRESENT, THAT'S THE RELEVANT TIME PERIOD, AND WHETHER A

4    REASONABLE USER WOULD HAVE LOOKED AT THOSE DISCLOSURES AND

5    THOUGHT ONE WAY OR THE OTHER ABOUT WHAT INFORMATION OR DATA

6    WOULD BE COLLECTED WHEN THEY WERE PRIVATELY BROWSING.  THIS IS

7    NOT ABOUT WHAT GOOGLE CHROME INCOGNITO WAS TEN YEARS BEFORE THE

8    RELEVANT TIME PERIOD.

9         SO REALLY, THE DEVELOPMENT AND LAUNCH OF INCOGNITO, WE

10   THINK HAS VERY LITTLE, IF ANY, RELEVANCE TO THIS CASE.  BUT IF

11   IT DOES, WE THINK IT'S THE YEAR THAT IT WAS DEVELOPED, THE 2008

12   TO THE 2009 PERIOD, THAT WILL SATISFY PLAINTIFF'S DEMAND.

13         NOW THE PROBLEM WITH HAVING A TIME FRAME OF 14 YEARS IS

14   THAT IT SWEEPS IN A WHOLE LOT OF DOCUMENTS THAT RELATE TO A

15   PRODUCT WHICH HAS A SIX-WEEK UPDATE CYCLE.

16         THERE'S ESSENTIALLY A NEW CHROME BROWSER EVERY SIX WEEKS.

17   AND THE WAY THAT THE CHROME BROWSER, OR EVEN INCOGNITO MODE

18   WORKED IN 2012, FOR EXAMPLE, HAS VERY LITTLE RELEVANCE TO HOW

19   IT WORKED OR WHAT USERS SAW AND THE DISCLOSURES THAT WENT ALONG

20   WITH IT IN 2016.  WE THINK THAT A 14-YEAR PERIOD IS REALLY

21   UNTENABLE HERE.

22              THE COURT:  14 YEARS IS A LONG PERIOD, BUT I THINK

23    IT'S A -- IT'S DIFFICULT TO STAND ON THE POSITION THAT

24    DEVELOPMENT OF CHROME OR INCOGNITO IS NOT, OR IS UNLIKELY TO BE

25    RELEVANT, NOTWITHSTANDING THAT IT UPDATES AND EVOLVES OVER

```
 1        TIME.

 2              ON THE OTHER HAND, 14 YEARS IS AN EXTREMELY BROAD PERIOD

 3        OF TIME, SO LET'S -- LET ME HEAR FROM PLAINTIFFS.

 4              ONE, HAVE YOU -- WHAT CONSIDERATION DID YOU GIVE TO

 5        MR. RAKOWSKI?  DID YOU HAVE THE INFORMATION THAT I NOW HAVE AS

 6        PROVIDED BY GOOGLE?  AND IF SO, WHY NOT MR. RAKOWSKI, AND WHAT

 7        WOULD BE, PERHAPS, A REASONABLE TIME FRAME BE, IF NOT 14 YEARS?

 8              AND WHO HAS THE MIC ON THIS ONE?

 9              MR. REBLITZ-RICHARDSON:  I DO, YOUR HONOR.

10        THIS IS BEKO RICHARDSON.  THANK YOU.

11              WE DID GIVE SOME CONSIDERATION TO MR. RAKOWSKI.  HE'S ONE

12        OF ELEVEN INDIVIDUALS THAT WE IDENTIFIED IN JANUARY.  THIS IS

13        THE FIRST TIME WE'VE HEARD THAT HE'S BEEN REFERRED TO AS THE

14        FATHER OF INCOGNITO.

15              SINCE JANUARY, UP UNTIL WE FILED THIS, WE PREPARED THIS

16        JOINT SUBMISSION.  GOOGLE WAS REFUSING TO PRODUCE

17        MR. RAKOWSKI'S DOCUMENTS, AND IT WAS ONLY WHEN WE PREPARED THIS

18        JOINT FILING THAT THEY PROPOSED THAT HE WOULD BE A SUBSTITUTE

19        FOR MR. PICHAI.

20              AND WE DON'T THINK THAT HE IS A GOOD SUBSTITUTE.  HE IS AN

21        ENGINEER, WHERE MR. PICHAI OPERATED AS THE LEADER OF THE TEAM

22        BUILDING AND LAUNCHING CHROME WITH INCOGNITO MODE.  PICKED BY

23        LARRY PAGE, HE WAS THAT PERSON BETWEEN THE EXECUTIVE TEAM AT

24        GOOGLE AND THE ENGINEERING TEAM THAT WAS BUILDING INCOGNITO

25        MODE.
```

1        SO WE THINK THAT FROM THAT EARLY PERIOD, MR. PICHAI,

2    GRANTED WHILE HE'S INVOLVED WITH THIS TEAM, WOULD HAVE RELEVANT

3    DOCUMENTS.  AND ONE OF THE THINGS IS BY USING A LIMITED SET OF

4    SEARCH TERMS LIKE "INCOGNITO," WE ARE LIKELY TO GET RELEVANT

5    DOCUMENTS AND NOT GET INTO OTHER PRODUCTS THAT HE MIGHT BE

6    WORKING ON.

7        SO WE THINK THAT EVEN THOUGH IT'S A LONG PERIOD OF TIME,

8    IT'S GOING TO BE A LIMITED SET OF DOCUMENTS, ESPECIALLY WITH

9    MR. PICHAI'S ROLE DURING THAT TIME PERIOD.

10        SO WE ARE NOT OPPOSED TO ADDING MR. RAKOWSKI, CERTAINLY IF

11    HE WAS REFERRED TO AS THE FATHER OF INCOGNITO, THAT SOUNDS LIKE

12    SOMEONE WHOSE DOCUMENTS SHOULD BE INCLUDED AND PRODUCED, BUT WE

13    DON'T SEE HIM AS A SUBSTITUTE FOR MR. PICHAI.

14        AND IN TERMS OF THE LONG TIME PERIOD, YOU KNOW, IF THERE

15    IS A COMPROMISE POSITION WHERE, FOR EXAMPLE, MR. PICHAI, FOR

16    SOME NUMBER OF YEARS LEAD THE CHROME TEAM AND THEN MOVED OFF TO

17    OTHER RESPONSIBILITIES, WE MAY NOT NEED THAT INTERIM TIME

18    PERIOD.  BUT WHEN HE BECAME THE CEO IN 2015 AND BECAME THE FACE

19    OF GOOGLE, WITH ITS PROMISES OF USER PRIVACY AND USER CONTROLS,

20    INCLUDING THE PUBLIC REPRESENTATIONS, INCLUDING THE ONE THAT

21    JUDGE KOH CITED IN THE MOTIONS TO DISMISS RULING, WE THINK IT'S

22    REALLY CRITICAL THAT HE'S A CUSTODIAN FOR THAT TIME PERIOD AS

23    WELL.

24        AND I WON'T GO INTO ANY OF THE DOCUMENTS THAT GOOGLE

25    PRODUCED ON FRIDAY SPECIFICALLY, BUT I THINK THAT THOSE, IT'S A

1    SMALL SET, BUT THAT ALSO SUPPORTS THE FACT THAT MR. PICHAI

2    SHOULD BE A CUSTODIAN FOR THAT LATER PERIOD.

3         THE COURT:  ISN'T MR. PICHAI, AS CEO, I APPRECIATE

4    THERE ARE PUBLIC STATEMENTS, MANY OF WHICH THE PLAINTIFFS HAVE,

5    THEY CERTAINLY HAVE ACCESS TO, AND OF COURSE THEY HAVE SOME OF

6    THEM APPEAR IN THE COMPLAINT, BUT DOESN'T THAT GET US SQUARELY

7    INTO THE APEX ISSUES OF ANY PRODUCTION WHILE HE'S CEO.

8         IT SEEMS -- IT WOULD SEEM, PERHAPS UNLIKELY, THAT HE WOULD

9    HAVE SPECIFIC INFORMATION AS TO WHAT'S GOING ON WITH CHROME AND

10   INCOGNITO AT THAT TIME, BUT -- AND HE WOULD HAVE SO MUCH OTHER

11   INFORMATION THAT WOULD NOT TEND TO BE RELEVANT.

12        MR. REBLITZ-RICHARDSON:  I APPRECIATE THAT,

13   YOUR HONOR.

14        AND THAT'S EXACTLY WHY WE PROPOSED A SET OF NO MORE THAN

15   TEN SEARCH TERMS.

16        AND SO FOR EXAMPLE, DURING THAT LATER TIME PERIOD,

17   INCOGNITO IS LIKELY THE SINGLE MOST IMPORTANT TERM FOR HIS

18   DOCUMENTS.  AND I WILL FLAG RIGHT NOW FOR THAT LATER TIME

19   PERIOD, I WOULD LIKE TO REFER TO ONE DOCUMENT ENDING 27102,

20   WHICH IS ONE OF THE FOUR DOCUMENTS WE DISCLOSED, I'M NOT GOING

21   TO QUOTE IT, I'M NOT GOING TO GET INTO THE SUBSTANCE OF IT, BUT

22   I WOULD JUST LIKE TO SUMMARIZE WHAT THAT MEANS IN TERMS OF THIS

23   DISPUTE.

24        SO I WILL LEAVE IT TO GOOGLE'S COUNSEL TO STATE WHETHER OR

25   NOT I CAN MAKE THAT SUMMARY.

1          THE COURT:  ARE YOU IDENTIFYING WHAT THE DOCUMENT IS?

2          MR. REBLITZ-RICHARDSON:  YES.  JUST IDENTIFYING WHAT

3     IT IS WITH THE TITLE AND WHAT IT MEANS FOR MR. PICHAI.

4          MS. TREBICKA:  I'M AWARE OF HOW MUCH DETAIL COUNSEL

5     INTENDS TO INCLUDE.  IT'S REALLY DIFFICULT FOR ME TO SAY.  WE

6     CAN SKIP THE TITLE AND PERHAPS SUMMARIZE AT VERY GENERAL

7     LEVELS.

8          I AM STARTING TO FEEL A LITTLE UNCOMFORTABLE.  I FEEL LIKE

9     I'M ARGUING WITH ONE HAND TIED BEHIND MY BACK HERE, BUT

10    PERHAPS -- I TRUST MR. RICHARDSON TO SUMMARIZE IT

11    APPROPRIATELY.

12         MR. REBLITZ-RICHARDSON:  CAN I JUST STATE THE TITLE?

13    IS THAT ACCEPTABLE?

14         THE COURT:  MR. RICHARDSON, WHAT IS IT ABOUT THE

15    DOCUMENT THAT INFORMS WHETHER OR NOT MR. PICHAI SHOULD BE A

16    CUSTODIAN IN THIS CASE?

17         MR. REBLITZ-RICHARDSON:  THE EXTENT TO WHICH

18    MR. PICHAI, IN HIS ROLE AS CEO, CONTINUED TO HAVE INVOLVEMENT

19    WITH DECISIONS RELATED TO INCOGNITO MODE.

20         THE COURT:  ALL RIGHT.

21         AND WITH REGARDS TO -- WITH REGARDS TO MR. RAKOWSKI, SO

22    NOW THAT HE IS AN IDENTIFIED -- HE'S ALREADY AN EXISTING

23    CUSTODIAN, IS THAT RIGHT?

24         MR. REBLITZ-RICHARDSON:  NO, YOUR HONOR.

25         GOOGLE HAS ONLY PROPOSED PRODUCING HIS DOCUMENTS AS A

1   SUBSTITUTE FOR MR. PICHAI.  GOOGLE HAS NOT OTHERWISE OFFERED TO

2   PRODUCE HIS DOCUMENTS AS A CUSTODIAN.

3           THE COURT:  I THOUGHT YOU SAID HE WAS IDENTIFIED IN

4   JANUARY AS A CUSTODIAN, OR POTENTIAL CUSTODIAN.

5           MR. REBLITZ-RICHARDSON:  YES, YOUR HONOR.

6       IN JANUARY, WE IDENTIFIED ELEVEN POTENTIAL CUSTODIANS, AND

7   THIS LETTER BRIEF WE SUBMITTED WAS ON SEVEN CUSTODIANS.

8           THE COURT:  SEVEN ADDITIONAL CUSTODIANS?

9           MR. REBLITZ-RICHARDSON:  SEVEN OF THE ELEVEN, WE

10  SOUGHT THE COURT'S ASSISTANCE ADDING THOSE AS CUSTODIANS.  SO

11  MR. RAKOWSKI WAS ONE OF THE FOUR THAT WAS NOT INCLUDED IN OUR

12  REQUEST.

13          THE COURT:  OKAY.

14      SO WHY DON'T YOU GET ME BACK TO THE UPPER LEFT-HAND CORNER

15  WITH REGARDS TO CUSTODIANS.

16      WHAT'S THE STATUS IN TERMS OF THEY WERE IDENTIFIED?

17  WHAT'S BEEN THE BACK AND FORTH AND HOW MANY ARE WE AT, TO THE

18  EXTENT YOU KNOW.  AND I'M GOING TO TURN TO GOOGLE IN A MOMENT.

19          MR. REBLITZ-RICHARDSON:  YES, YOUR HONOR.

20      SO GOOGLE UNILATERALLY IDENTIFIED TEN DOCUMENT CUSTODIANS.

21  MR. RICHARDSON, WE, IN RESPONSE IN JANUARY, IDENTIFIED ELEVEN

22  MORE FOR CONSIDERATION.

23      GOOGLE HAS NOT AGREED TO INCLUDE ANY OF THOSE ELEVEN AS

24  CUSTODIANS.  AND WHEN WE WERE NEGOTIATING THE SCOPE OF THIS

25  JOINT SUBMISSION, WE SOUGHT THE COURT'S ASSISTANCE TO ADD SEVEN

1        OF THOSE ADDITIONAL ELEVEN CUSTODIANS.

2            SEPARATELY, I WILL JUST NOTE THAT GOOGLE GAVE US A

3        DOCUMENT, GOOGLE SAYS IT HAS NO ORG CHARTS, AND SO WHEN WE ASK

4        THEM TO IDENTIFY INDIVIDUALS WHO MAY HAVE RELEVANT ESI, THEY

5        GIVE US A LIST OF OVER TWO HUNDRED PEOPLE THAT WE HAVE BEEN

6        LOOKING AT.  THAT CAME LATER.  OUR DISPUTE HAS REALLY FOCUSED

7        ON THE ELEVEN, NOW DOWN TO SEVEN.

8            THE COURT:  OKAY.

9            AND WERE THE TEN CUSTODIANS THAT GOOGLE IDENTIFIED, WERE

10       THEY IDENTIFIED BY NAME?

11           MR. REBLITZ-RICHARDSON:  YES, YOUR HONOR.

12           THE COURT:  GOT IT.

13       SO NOW YOU ARE DOWN TO SEVEN.  BUT MR. RAKOWSKI WAS ON

14       YOUR LIST OF ELEVEN?

15           MR. REBLITZ-RICHARDSON:  YES.

16       AND BASED ON THE REFERENCE TO HIM AS THE FATHER OF

17       INCOGNITO, I THINK WE NEED TO EXPAND THIS FROM SEVEN TO EIGHT,

18       IN TERMS OF THE INDIVIDUALS WE ARE SEEKING TO ADD RIGHT NOW.

19           THE COURT:  FAIR ENOUGH.  OKAY.  ALL RIGHT.

20       AND FROM GOOGLE, IS THAT THE WAY THE CUSTODIAN ISSUE HAS

21       EVOLVED?  THAT IS, GOOGLE IDENTIFIED TEN, PLAINTIFFS IDENTIFIED

22       ANOTHER ELEVEN, NOW DOWN TO EIGHT OR SEVEN.

23           MS. TREBICKA:  YES, YOUR HONOR.

24       IN JANUARY, YOUR HONOR, WE IDENTIFIED THOSE TEN.  IN

25       JANUARY WE ALSO PRODUCED A LIST OF 220 INDIVIDUALS PURSUANT TO

1   ONE OF THE RFP'S THAT PLAINTIFFS HAD PROPOUNDED ON US.

2       AND CORRECT, PLAINTIFFS IDENTIFIED ELEVEN.  THERE WAS SOME

3   FLIP-FLOPPING BACK AND FORTH BETWEEN WHETHER THOSE CUSTODIANS

4   ARE ACTUAL PROPOSED CUSTODIANS OR JUST INDIVIDUALS OF INTEREST,

5   BUT FINALLY WE HAVE A RIGHT TO THIS -- AT THIS LIST OF SEVEN OR

6   EIGHT.

7       IF POSSIBLE, I WOULD LIKE TO ADDRESS A COUPLE OF THE

8   POINTS THAT MR. RICHARDSON MADE.

9           THE COURT:  WELL, WHAT I WOULD LIKE YOU TO ADDRESS

10  FIRST -- THANK YOU.  I HAVE A COUPLE MORE QUESTIONS.  HOLD ON

11  JUST A SECOND, LET ME FIND MY NOTES.

12          MS. TREBICKA:  SURE.

13          THE COURT:  OKAY.

14      SO HAS -- WITH REGARDS TO THE TEN CUSTODIANS THAT GOOGLE

15  IDENTIFIED, HAVE YOU RUN SEARCH TERMS AND THOSE DOCUMENTS HAVE

16  BEEN PRODUCED?

17          MS. TREBICKA:  WE ARE SLOWLY NEGOTIATING SEARCH

18  TERMS.

19      THERE'S SOME SEARCH TERMS, AND MY PARTNER, MS. CRAWFORD,

20  IS CLOSER TO THE SEARCH TERMS.  IF YOUR HONOR IS INTERESTED IN

21  THAT HISTORY, I WILL ASK HER TO HELP OUT WITH THAT.  BUT WHAT'S

22  HAPPENED IS THAT WE WERE GIVEN SEARCH TERMS, LIKE "URL" OR

23  "PRIVACY," SO WE HAVE TO TRY TO GUESS AT WHAT EXACTLY THE

24  SEARCH TERMS SHOULD BE.  SO WE HAD A LOT OF BACK AND FORTH WITH

25  RESPECT TO THE SEARCH TERMS.

 1          WHAT WE HAVE SETTLED ON RIGHT NOW, AT LEAST GOOGLE,

 2     BECAUSE WE HAD IDENTIFIED CUSTODIANS SINCE JANUARY, COLLECTED

 3     THEIR DOCUMENTS, WE HAD RUN A SET OF OUR OWN SEARCH TERMS WE

 4     THINK ARE REASONABLE AND HAVE STARTED TO REVIEW THOSE DOCUMENTS

 5     AND WILL BE PRODUCING THEM ON A ROLLING BASIS.  AND OUR

 6     INTERNAL PLAN IS TO MAKE THOSE PRODUCTIONS AS SOON AS POSSIBLE

 7     AND ON A TWO-WEEK CADENCE, IF THERE ARE DOCUMENTS TO PRODUCE.

 8          THE COURT:  WHAT'S THE START DATE FOR THAT

 9     PRODUCTION, MS. TREBICKA?

10          MS. TREBICKA:  SO WE STARTED WITH INTERNAL DOCUMENTS

11     LAST WEEK, AND UNLESS -- MS. CRAWFORD MAY KNOW MORE, BUT I

12     BELIEVE THAT IN THE NEXT -- IN TWO WEEKS FROM NOW, SO EVERY TWO

13     WEEKS WE WILL BE MAKING A PRODUCTION.  AND I BELIEVE THAT IN

14     TWO WEEKS FROM NOW WE WILL BE STARTING WITH CUSTODIAL

15     PRODUCTIONS.

16          THE COURT:  OKAY.

17          IS THAT RIGHT, MS. CRAWFORD?  CUSTODIAL PRODUCTIONS START

18     IN TWO WEEKS?

19          MS. CRAWFORD:  YES, YOUR HONOR.

20          THE COURT:  YOUR PRODUCTION WAS LAST FRIDAY?

21          MS. CRAWFORD:  YES, YOUR HONOR.

22          THE COURT:  OKAY.  ALL RIGHT.

23          MS. TREBICKA:  AND YOUR HONOR, WE HAVE BEEN PRODUCING

24     DOCUMENTS.  THE PRODUCTION LAST FRIDAY WAS OUR FIFTH

25     PRODUCTION.

1     WE HAVE PRODUCED MORE THAN, I BELIEVE 30,000 PAGES, OR

2     AROUND 30,000 PAGES.  THIS CASE IS ABOUT PUBLIC DISCLOSURE.  SO

3     YES, A FAIR AMOUNT OF THOSE DOCUMENTS, THE EASY ONES TO PRODUCE

4     HAVE BEEN PUBLICLY AVAILABLE DOCUMENTS, BUT WE HAVE BEEN

5     PRODUCING DOCUMENTS IN THE MEANTIME AND HAVE BEEN REVIEWING

6     THEM, AND THERE'S A FAIR AMOUNT OF WORK THAT'S INVOLVED WITH

7     THAT TOO.

8          THE COURT:  ALL RIGHT.

9     OKAY.  THAT'S HELPFUL.

10    YOU WANTED TO ADDRESS A COUPLE OTHER POINTS, MS. TREBICKA?

11         MS. TREBICKA:  YES, PLEASE.

12    IN TERMS OF THE 2015 TIME FRAME THAT PLAINTIFFS ARE

13    SEEKING FOR MR. PICHAI'S DOCUMENTS IN PARTICULAR, THE ONLY

14    BASIS THAT I'M HEARING IS THAT HE IS GOOGLE'S CEO.  AND

15    THAT'S -- I THINK, THAT FALLS SQUARELY WITHIN THE APEX

16    DOCTRINE.  JUST BECAUSE HE IS THE CEO, DOESN'T MEAN THAT HIS

17    DOCUMENTS ARE RELEVANT TO THIS PARTICULAR CASE AND SHOULD BE

18    PRODUCED.

19    AND WITH RESPECT TO THAT ONE DOCUMENT THAT MR. RICHARDSON

20    IS REFERENCING, I HAVE IT, I'VE SEEN IT, I'VE REVIEWED IT, AND

21    REALLY, IT RELATES TO THE INCOGNITO MODE BEING EXPANDED TO

22    OTHER PRODUCTS, NOT THE PRODUCTS THAT ARE AT ISSUE IN THIS

23    CASE; AND THEREFORE, IT DOESN'T PROVE THE POINT THAT MR. PICHAI

24    WILL HAVE RELEVANT, NON-DUPLICATIVE KNOWLEDGE THAT'S

25    APPROPRIATE IN THIS CASE.  IT IS ACTUALLY QUITE FAR AFIELD.

1        AND FINALLY, YOUR HONOR, IN TERMS OF MR. RAKOWSKI, WE HAD

2    RESISTED THE IDEA THAT THE LAUNCH AND DEVELOPMENT OF INCOGNITO

3    BACK IN 2008, EIGHT YEARS BEFORE THE RELEVANT TIME PERIOD, WAS

4    RELEVANT, WHICH IS WHY WE HAD NOT IDENTIFIED MR. RAKOWSKI AS A

5    RELEVANT CUSTODIAN.

6        TO THE EXTENT THAT YOUR HONOR BELIEVES THERE SHOULD BE

7    DOCUMENTS PRODUCED FROM THAT TIME PERIOD, MR. RAKOWSKI IS OUR

8    COMPROMISE BECAUSE WE DO THINK HE WOULD HAVE THE MORE RELEVANT

9    DOCUMENTS HERE.  AND IT WOULD BE BURDENSOME, FRANKLY, TO HAVE

10   THE APEX WITNESS PRODUCE OR BE SEARCHED AND HAVE DOCUMENTS

11   PRODUCED FOR A TOPIC THAT SOMEONE ELSE IS MUCH MORE APPROPRIATE

12   FOR.

13            THE COURT:  ALL RIGHT.

14        OKAY.  THAT'S VERY HELPFUL.  THANK YOU.

15            MR. REBLITZ-RICHARDSON:  YOUR HONOR, MAY I RESPOND

16    BRIEFLY?

17            THE COURT:  JUST A MINUTE, MR. RICHARDSON.

18        LET ME ADDRESS FIRST AT OUR PREVIOUS HEARING, WHICH I

19   APPRECIATE WAS CALHOUN, AND IN THIS CASE AND IN THE PAPERS, I

20   HEAR AND I APPRECIATE GOOGLE'S CHARACTERIZATION ABOUT THE CASE

21   THAT THIS IS ABOUT DISCLOSURES, BUT IT'S NOT ONLY ABOUT

22   DISCLOSURES.  THAT IS CERTAINLY GOOGLE'S DEFENSE, OR A

23   SIGNIFICANT DEFENSE, BUT IT'S ALSO RELEVANT TO WHAT THE BROWSER

24   WAS CAPABLE OF OR HOW IT OPERATED, WHICH GETS US TO

25   DEVELOPMENT, AND PERHAPS HOW IT EVOLVES OVER TIME.

1       SO I HEAR IT, BUT THAT'S -- THE CASE IS NOT AS LIMITED AS

2    GOOGLE WOULD LIKE IT TO BE, WHICH IS USUALLY THE WAY THESE

3    CASES SHAKE OUT IN TERMS OF THE DEFENDANT'S PERSPECTIVE.

4    SIMILARLY, IT'S PROBABLY NOT AS BROAD AS THE PLAINTIFFS WOULD

5    LIKE IT TO BE.

6       SO HERE'S WHAT WE ARE GOING TO DO ON THIS DISPUTE WITH

7    REGARDS TO THE CUSTODIANS.  WITH REGARDS TO MR. PICHAI, HE WILL

8    BE A CUSTODIAN FOR THE PERIOD 2008 THROUGH 2010.  I AM NOT, AT

9    THIS TIME, GOING TO ORDER THAT HIS DOCUMENTS FROM HIS TIME AS

10   CEO, 2014 TO PRESENT, IS SEARCHED, BUT I'M DENYING THAT REQUEST

11   WITHOUT PREJUDICE.

12      AND IF THE PLAINTIFFS, THROUGH THESE OTHER PRODUCTIONS,

13   ARE ABLE TO HAVE ADDITIONAL DOCUMENTS THAT POINT TO HIS

14   CONTINUED INVOLVEMENT THAT IS NOT DUPLICATIVE OF OTHERS'

15   INVOLVEMENT, YOU MAY COME BACK TO ME FOR THAT REQUEST.  BUT AT

16   THIS TIME, A SEARCH OF MR. PICHAI'S DOCUMENTS WILL BE LIMITED

17   TO 2008 TO 2010, AND I WILL USE THE PLAINTIFF'S PROPOSED

18   COMPROMISE OF LIMITING IT TO TEN SEARCH TERMS.

19      AS FOR THE REMAINING CUSTODIANS THAT WE WERE AT SEVEN

20   AND -- YES, FOR THE REMAINING SEVEN, AND I WILL COME BACK TO

21   MR. RAKOWSKI, FOR THE REMAINING SEVEN IDENTIFIED BY PLAINTIFFS,

22   I WILL ALLOW THOSE AS CUSTODIANS.  THEIR COLLECTION WILL BE

23   FROM 2014 TO PRESENT, WITH THE SAME LIMITATION ON SEARCH TERMS.

24      WITH REGARDS TO MR. RAKOWSKI, HIS DOCUMENTS WILL ALSO BE

25   SEARCHED FROM 2008 TO 2010, WITH THE SAME TEN SEARCH TERMS.  SO

1    HE'S ADDED IN.  AND THAT'S FOR THE EARLY TIME PERIOD, AND

2    WITHOUT PREJUDICE TO A LATER TIME PERIOD.  PLAINTIFFS CAN COME

3    BACK LATER IF THEY HAVE SOME BASIS FOR MR. RAKOWSKI AT A LATER

4    TIME PERIOD.

5        ALL RIGHT.  ANY QUESTIONS ON THE SPECIFIC CUSTODIAN ISSUES

6    FROM PLAINTIFFS?

7           MR. REBLITZ-RICHARDSON:  THANK YOU, YOUR HONOR.

8        JUST ONE POINT OF CLARIFICATION.  WHEN YOU SAY 2008

9    THROUGH 2010, CAN WE ASSUME THAT IS JUNE 1ST, 2008 --

10          THE COURT:  HOW ABOUT JANUARY 1ST?  NOT JUNE, BUT

11    JANUARY 1ST.

12          MR. REBLITZ-RICHARDSON:  THE LAUNCH DATE, MY

13    UNDERSTANDING, WAS IN OCTOBER, SO WE DID WANT SOME PERIOD PRIOR

14    TO THE LAUNCH DATE, BECAUSE OBVIOUSLY THERE IS A RAMP-UP PERIOD

15    WHERE PEOPLE ARE TALKING ABOUT THE DEVELOPMENT, SO I THINK THAT

16    JANUARY 1ST WOULD WORK.

17          THE COURT:  WELL, IT'S OCTOBER, YOU HAD SUGGESTED

18    JUNE.

19          MR. REBLITZ-RICHARDSON:  YES.

20          THE COURT:  WAS THAT IT?  BECAUSE ISN'T THAT THE --

21    GO AHEAD.

22          MR. REBLITZ-RICHARDSON:  SO WE HAD SOME BRIEFING ON

23    THIS LAST YEAR IN CONNECTION WITH THE ESI ORDER.  AND SO THE

24    MODIFIED ESI ORDER WENT BACK TO JUNE 1ST, 2008, WITH THE

25    OCTOBER LAUNCH DATE.

1          THE COURT:  OKAY.  THEN WE WILL STAY CONSISTENT WITH

2     THE ESI ORDER.

3          I KNEW AS SOON AS I WAS TELLING YOU NO, THAT YOU MISSPOKE,

4     I SAID, NO, NO, THERE'S SOME LOGIC BEHIND THE JUNE DATE.  SO

5     THE PRODUCTION DATES WILL BE FROM JUNE, JUNE 2008 THROUGH

6     DECEMBER 31ST OF THE OUTSIDE YEAR.

7          MR. REBLITZ-RICHARDSON:  THANK YOU, YOUR HONOR.

8          AND WITH RESPECT TO THE OTHER CUSTODIANS WHERE YOU

9     REFERRED TO THE 2014 PERIOD FORWARD, WOULD THAT BE JUNE 1ST,

10    2014?  AGAIN, CONSISTENT WITH THE MODIFIED ESI ORDER?

11         THE COURT:  YES.  JUNE 1ST.  THANK YOU FOR THAT

12    CLARIFICATION.

13         MS. TREBICKA, DID YOU HAVE FURTHER COMMENT ON THE DATES?

14         MS. TREBICKA:  YES, YOUR HONOR.

15         SO JUNE 2014 IS WHAT PLAINTIFFS HAD SUGGESTED, THE CLASS

16    PERIOD STARTS IN JUNE 2016.

17         SO WE WERE -- WE HADN'T REALLY HEARD A JUSTIFICATION FOR

18    GOING TWO YEARS PRIOR TO THE START OF THE CLASS PERIOD.  WE

19    WOULD BE WILLING TO A COMPROMISE, SOMETHING LIKE JUNE OF 2015,

20    ONE YEAR BEFORE THE RELEVANT TIME PERIOD, BUT TWO YEARS STRIKES

21    US AS A LITTLE TOO MUCH.  AND THE JUNE 2014 PERIOD, I DON'T

22    THINK HAS BEEN ORDERED BY YOUR HONOR IN ANY CONTEXT YET.

23         THE COURT:  THANK YOU.

24         MR. REBLITZ-RICHARDSON:  YOUR HONOR, IT WAS ORDERED.

25    THAT WAS JUNE 1ST, 2014 WAS IN THE MODIFIED ESI ORDER AS

1      THE START DATE FOR PRESERVATION.  SO WE BRIEFED THIS, THAT'S

2      WHY 2014 WAS SELECTED THERE, AND THAT'S WHY WE SELECTED

3      JUNE 1ST, 2014 AS THE START.

4           ALSO GOING TO YOUR HONOR'S POINT, OBVIOUSLY THE ANALYSIS

5      OF INCOGNITO MODE OVER TIME, AND THE CHANGES THAT GOOGLE IS

6      MAKING TO ITS PRACTICES AND REPRESENTATIONS, THAT'S RELEVANT AS

7      YOU LEAD UP TO THAT 2016 PERIOD.

8           THE COURT:  OKAY.  ALL RIGHT.

9           I'M GOING TO STAY WITH THE 2014 PERIOD, THAT WILL BE

10     JUNE 1, 2014.  AND I ENCOURAGE THE PARTIES AGAIN, TO THE EXTENT

11     THAT THEY THINK THAT THERE ARE REASONABLE COMPROMISE POSITIONS,

12     THOSE SHOULD BE DISCUSSED IN MEET AND CONFER BEFORE WE TEE IT

13     UP FOR THE COURT.

14          LET ME JUST TURN TO ITEM NUMBER 5, BACK ON DOCUMENT 129,

15     RELATED TO CUSTODIANS, BECAUSE I WANT TO BE SURE THAT WE

16     HAVEN'T LEFT ANY ISSUES UNTOUCHED, AT LEAST WITH SOME FOLLOW-ON

17     DATES.

18          AND I APPRECIATE THIS IS A DIFFERENT CUSTODIAN ISSUE, BUT

19     AGAIN, IT DOESN'T LOOK TO ME THAT THE PARTIES ARE YET AT A --

20     HAVE A DISPUTE, BUT MAYBE I'M MISSING SOMETHING HERE.

21          SO LET ME START WITH THE PLAINTIFFS.

22          MR. REBLITZ-RICHARDSON:  THANK YOU, YOUR HONOR.

23          THIS IS AN ISSUE THAT CAME UP JUST RECENTLY, AND I THINK

24     WE JUST HAD SOME CONFUSION IN TERMS OF HOW GOOGLE WAS

25     INTERPRETING THE COURT'S MODIFIED ESI ORDER WHICH REQUIRES

1      PRESERVATION BACK TO JUNE 21ST, 2008, FOR TWO CATEGORIES.

2          ONE IS DESIGNATED CUSTODIANS.  SO UP UNTIL TODAY, THAT

3      WOULD HAVE BEEN THE TEN.  AND THEN ALSO DESCRIPTIONS OF

4      CUSTODIANS PURSUANT TO PARAGRAPH 4(B) OF THE COURT'S ORDER.

5          SO WHEN WE WERE HAVING THESE NEGOTIATIONS REGARDING THE

6      ELEVEN ADDITIONAL INDIVIDUALS, NOW CHANGED TO EIGHT, YOU KNOW,

7      OUR EXPECTATION IS THAT GOOGLE WOULD BE PRESERVING THOSE

8      DOCUMENTS BACK TO JUNE 1ST, 2008, PURSUANT TO THE COURT'S

9      ORDER.

10         ON MARCH 30TH, WE RECEIVED A LETTER SUGGESTING THAT WE HAD

11     NOT MET OUR BURDEN, THAT WE SOMEHOW HAD A BURDEN TO JUSTIFY A

12     PRESERVATION BACK TO 2008 FOR THOSE INDIVIDUALS AND SUGGESTING

13     THAT GOOGLE HAD NOT BEEN PRESERVING DOCUMENTS BACK TO 2008 FOR

14     ANY OF THE INDIVIDUALS WE IDENTIFIED IN JANUARY.  SO THAT'S WHY

15     WE RAISED THE ISSUE WITH YOUR HONOR.

16         IN RESPONSE, IT SEEMED TO ME THAT GOOGLE IS STATING THAT

17     IT IS NOW PRESERVING DOCUMENTS BACK TO 2008, AT LEAST FOR THOSE

18     SEVEN INDIVIDUALS AT ISSUE IN THE JOINT SUBMISSION.

19         I DON'T KNOW WHEN GOOGLE TOOK THOSE STEPS, BUT IN GENERAL,

20     I THINK WE HAVE SOME CONCERNS AND SOME LACK OF CLARITY IN TERMS

21     OF WHAT GOOGLE IS DOING TO ENSURE PRESERVATION OF CUSTODIAL

22     ESI.

23             THE COURT:  THESE SEVEN WERE JUST IDENTIFIED THROUGH

24     THIS MEET AND CONFER PROCESS?

25             MR. REBLITZ-RICHARDSON:  SO THESE SEVEN WERE

1    IDENTIFIED FOR GOOGLE IN JANUARY.

2        THE COURT:  OKAY.  ALL RIGHT.

3        WHAT'S THE ISSUE?  WHERE ARE WE IN TERMS OF -- I MEAN,

4    EVERYBODY KNOWS WHO THE CUSTODIANS ARE, IT'S BEEN A LITTLE BIT

5    OF A MOVING TARGET.

6        WHO HAS THE MIC FOR GOOGLE ON THIS ONE?

7        MS. TREBICKA:  I DO, YOUR HONOR, YES.

8        I WOULD LIKE TO RESERVE SOME TIME TO GO BACK TO THE

9    CUSTODIAN DISPUTE BECAUSE I THINK THERE ARE SOME LINGERING

10   ISSUES THAT AT LEAST I'M UNCLEAR ABOUT.

11       BUT ON THE PRESERVATION, WE HAVE A WHOLE LIST THAT WE --

12   IT'S A WHOLE PRESERVATION LIST THAT WE HAVE PUT CUSTODIANS, OR

13   POTENTIAL CUSTODIANS ON HOLD SINCE THE START OF THE LITIGATION.

14       THAT PRESERVATION -- THOSE PRESERVATION OBLIGATIONS,

15   PURSUANT TO YOUR HONOR'S ORDER, GO BACK TO JUNE 2008.  THERE'S

16   NO DISPUTE THERE.

17       FOR CUSTODIANS, SIMILARLY WHO ARE ALSO ON HOLD, CLEARLY,

18   THE PRESERVATION ALSO GOES BACK TO 2008.

19       I THINK THE ONLY DISPUTE, PERHAPS IS WITH RESPECT TO

20   INDIVIDUALS WHO PLAINTIFFS HAVE BEEN IDENTIFYING AS INDIVIDUALS

21   OF INTEREST, NOT EVEN POTENTIAL PROPOSED CUSTODIANS.  AND WE

22   JUST DON'T UNDERSTAND YOUR HONOR'S ORDER TO GO AS FAR AS TO

23   OBLIGATE GOOGLE TO PUT ON A PRESERVATION HOLD, ANY INDIVIDUAL

24   WHO PLAINTIFFS MAY THINK OF AND MAY WANT TO DISCUSS WITH

25   GOOGLE.

1          IF THAT'S THE CASE, THEN WE WOULD LIKE SOME CLARITY ON

2     THAT.  BUT WE HAVE THE HOLD CUSTODIANS, WE HAVE THE PRODUCTION

3     CUSTODIANS, THEY HAVE BEEN ON HOLD, AND THAT HOLD GOES BACK TO

4     2008.

5          THE COURT:  SO YOUR HOLD CUSTODIANS, YOU DEVELOPED

6     SOME LIST OF KIND OF, HERE'S WHO WE THINK MIGHT BE THE UNIVERSE

7     OF CUSTODIANS, THAT HAS NOT BEEN SHARED WITH PLAINTIFFS, THAT'S

8     YOUR LIST, AND WE'VE SENT OUT A HOLD AND NOTIFIED THAT THESE

9     DOCUMENTS NEED TO BE ON HOLD; IS THAT RIGHT?

10         MS. TREBICKA:  EXACTLY, YOUR HONOR.  AND IT'S A VERY

11    OVER BROAD LIST.

12         THE COURT:  NO, I GET IT, I GET IT.  I JUST WANTED TO

13    BE CLEAR AS TO WHAT A HOLD CUSTODIAN IS.

14         MS. TREBICKA:  CORRECT.

15         THE COURT:  AND THEN YOU HAVE, FOR THE CUSTODIANS

16    THAT GOOGLE IDENTIFIED, THE TEN CUSTODIANS THAT GOOGLE

17    IDENTIFIED, THOSE ARE OFF OF THAT HOLD LIST?

18         MS. TREBICKA:  CORRECT.  THEY ARE PART OF THE HOLD

19    LIST.

20         THE COURT:  OKAY.

21         AND AGAIN, TO BE CLEAR, FOR YOUR HOLD LIST, ALL OF THOSE

22    HAVE BEEN ON HOLD SINCE THE START OF THE LITIGATION, AND THE

23    HOLD PERIOD GOES BACK TO JUNE 1, 2008.

24         MS. TREBICKA:  CORRECT.  THE HOLD PERIOD GOES BACK TO

25    JUNE 1, 2008.

1          THE COURT:  OKAY.

2          AND THEN FOR THE ADDITIONAL CUSTODIANS, THE ELEVEN, NOW

3     EIGHT, SOME OF THOSE, THEY MAY OR MAY NOT HAVE BEEN ON YOUR

4     ORIGINAL HOLD LIST; IS THAT FAIR?

5               MS. TREBICKA:  CORRECT.  THEY ARE NOW.

6               THE COURT:  RIGHT.  OKAY.

7          SO ONCE THEY WERE IDENTIFIED BY THE PLAINTIFFS AS THESE

8     ARE POTENTIAL CUSTODIANS, WE ARE NOT GOING TO GET INTO THE BACK

9     AND FORTH AS TO WHEN SOMEONE WAS A PERSON OF INTEREST AND WHEN

10    SOMEONE USED THE WORD "CUSTODIAN," BUT WHEN -- AT SOME POINT,

11    GOOGLE RECOGNIZED THEM AS POTENTIAL CUSTODIANS AND MOVED THEM

12    INTO THE HOLD CATEGORY AS WELL.  AND FROM THAT DATE, THEIR

13    DOCUMENTS FROM JUNE 1, 2008 WERE PRESERVED.

14              MS. TREBICKA:  CORRECT.

15              THE COURT:  OKAY.

16         AND FOR THE -- SO FOR THE SEVEN IDENTIFIED IN TODAY'S

17    PAPERS, ALONG WITH MR. RAKOWSKI, FOR THOSE EIGHT PEOPLE, THEIR

18    DOCUMENTS HAVE BEEN, THERE'S NOW A LITIGATION HOLD IN PLACE, IT

19    MIGHT HAVE BEEN IN HOLD BEFORE, IT CERTAINLY IS IN PLACE NOW,

20    AND THAT HOLD GOES BACK TO JUNE 1, 2008.

21              MS. TREBICKA:  CORRECT.

22              THE COURT:  OKAY.  ALL RIGHT.  THANK YOU.

23         MR. RICHARDSON, DOES THAT GIVE YOU THE CLARIFICATION YOU

24    NEED?

25              MR. REBLITZ-RICHARDSON:  IT DOES, YOUR HONOR.

1        THANK YOU VERY MUCH.

2            THE COURT:  I THOUGHT SO.

3        OKAY.  THEN I THINK THAT NUMBER FIVE CAN BE IDENTIFIED ON

4    OUR FUTURE CHARTS AS RESOLVED.  NOT TO SAY YOU WON'T HAVE

5    DISPUTES ABOUT CUSTODIANS GOING FORWARD, BUT WE HAVE CLEARED

6    THAT UP FOR TODAY.

7        MS. TREBICKA, YOU WANTED BRIEFLY TO GO BACK.  I HAVE RULED

8    ON THE SPECIFIC CUSTODIANS ISSUE, BUT WHAT WAS YOUR CONCERN?

9            MS. TREBICKA:  YES, YOUR HONOR.

10        TWO CONCERNS.  FIRST OFF, I WOULD LIKE TO CLARIFY THAT WE

11    VIEW THE PRESERVATION PERIOD AS DISTINCT FROM THE PRODUCTION

12    PERIOD.  WE WERE AWARE THAT THE PRESERVATION PERIOD WAS GOING

13    BACK TO 2014.  WE WERE HOPING THAT THE PRODUCTION PERIOD WAS

14    NOT.  I WOULD JUST LIKE TO CLARIFY THAT, BUT I UNDERSTAND

15    YOUR HONOR HAS NOW RULED.

16        THERE WERE --

17            THE COURT:  WAIT, WAIT, PRESERVATION PERIOD?  BY --

18            MS. TREBICKA:  I APOLOGIZE.  I MADE A COMMENT -- LET

19    ME CLARIFY, BECAUSE I DON'T WANT THE RECORD TO BE UNCLEAR.

20        I MADE A COMMENT EARLIER ABOUT 2014 NOT HAVING BEEN RULED

21    ON BY YOUR HONOR AS THE PRODUCTION PERIOD.  AND IF I DIDN'T SAY

22    PRODUCTION PERIOD, THAT'S WHAT I MEANT.  I REALIZE THAT IT MAY

23    HAVE BEEN A PRESERVATION PERIOD THAT WAS RULED ON, BUT

24    YOUR HONOR, UP TO TODAY, HAD NOT MADE THAT RULING AS FAR AS

25    PRODUCTION PERIODS GO.

1          THE COURT:  OKAY.

2          MS. TREBICKA:  ALSO, YOUR HONOR, THERE IS ONE

3    CUSTODIAN WHO WE DISCUSSED, MR. PICHAI, THERE'S AN ADDITIONAL

4    FOUR CUSTODIANS WHO WE DID NOT DISCUSS INDIVIDUALLY.  AND THOSE

5    ARE MR. NARAYANA, MR. HANNEMANN, MR. MIRAGLIA AND

6    MR. ROY-CHOWDHURY.  THERE'S TWO ADDITIONAL CUSTODIANS,

7    MR. KEITH ENRIGHT AND MR. STEPHAN MICKLITZ, WHO WE ALSO DIDN'T

8    DISCUSS INDIVIDUALLY.

9          THE COURT:  CORRECT.

10          MS. TREBICKA:  AND IF POSSIBLE, I WOULD LIKE TO

11    REVISIT MR. ENRIGHT IN CASE HE WAS INCLUDED IN YOUR HONOR'S

12    RULING JUST NOW, BECAUSE WE REALLY BELIEVE THAT HE'S NOT AN

13    APPROPRIATE CUSTODIAN HERE, HE'S AN ATTORNEY.

14          THE COURT:  OKAY.  STOP.  STOP RIGHT THERE.

15      LET ME BE VERY CLEAR.  WE DIDN'T ADDRESS HIM INDIVIDUALLY

16    BECAUSE WE ARE NOT GOING TO BE ADDRESSING INDIVIDUALS EVERY

17    TIME.

18      AS I SAY, WE ARE MOVING EXPEDITIOUSLY, AND MY RULING

19    APPLIED TO EVERYONE.  I MADE IT CLEAR IT WAS TO ALL OF THE

20    NAMES IN THE JOINT SUBMISSION, DOCUMENT 127.

21      AND I DID REVIEW THOSE CONCERNS AND I WAS FOCUSED

22    SPECIFICALLY, I THINK MR. MICKLITZ IS AN APPROPRIATE CUSTODIAN.

23    I DID SEE THE REFERENCE AND THE CONCERN TO MR. ENRIGHT AS

24    COUNSEL, SO WE CAN TURN TO HIM BRIEFLY NOW.

25          MS. TREBICKA:  THANK YOU, YOUR HONOR.

1          HE IS THE CHIEF PRIVACY OFFICER, LEADS GOOGLE'S WORLDWIDE

2     PRIVACY EFFORTS.  HE'S NOT AN ATTORNEY TURNED BUSINESS PERSON,

3     HE ACTUALLY ADVISES ON LEGAL ISSUES AND MAKES LEGAL

4     DETERMINATIONS FOR GOOGLE ON WORLDWIDE MATTERS.  AND THEREFORE,

5     MOST OF HIS DOCUMENTS, ESPECIALLY THE RELEVANT ONES HERE, IF

6     THERE ARE ANY, WOULD BE PRIVILEGED.

7          ALL THIS WOULD DO IS CREATE AN OVERSIZED PRIVILEGE LOG, A

8     LOT OF REDACTION CALLS, AND PROBABLY A LOT OF PRIVILEGE

9     DISPUTES FOR YOUR HONOR TO RESOLVE.  IT WOULD BE AN OVERLY

10    EXPANSIVE DOCUMENT CUSTODIAN AND PRODUCTION FOR THE PURPOSES OF

11    THIS LAWSUIT.

12         AS FAR AS WE KNOW, MR. ENRIGHT HAS NEVER BEEN COMPELLED TO

13    BE A DOCUMENT CUSTODIAN BECAUSE OF PRECISELY THESE CONCERNS,

14    AND WE ALSO KNOW THAT HE HAS NEVER BEEN DEPOSED OR CALLED AS A

15    WITNESS AT TRIAL.

16              THE COURT:  YOU MADE A COMMENT IN THE JOINT

17     SUBMISSION THAT HE DIRECTS THE SAME TEAM THAT MR. FAIR IS PART

18     OF AND I WAS TRYING TO TRACE THAT BACK.  I SEE I DID HAVE A

19     QUESTION IN MY NOTES, SO EXPLAIN THAT TO ME, PLEASE.

20              MS. TREBICKA:  YES, YOUR HONOR.

21          GREG FAIR IS A CUSTODIAN WHO GOOGLE HAS PROPOSED.  WE ARE

22     SEARCHING HIS DOCUMENTS AND WE WILL BE PRODUCING THEM.  HE IS A

23     PRODUCT MANAGER IN THE PRIVACY DATA PROTECTION OFFICE OF

24     GOOGLE, AND MR. ENRIGHT SITS AT THE TOP OF THAT ORGANIZATION.

25              AND FURTHER, YOUR HONOR, MR. ERIC MIRAGLIA WHO WAS

1    DISCUSSED, OR WAS NOT DISCUSSED BY NAME, BUT IS INCLUDED IN

2    THIS SUBMISSION, AND YOUR HONOR ORDERED HIM TO BE A CUSTODIAN,

3    HE'S ALSO ON THE SAME TEAM AS MR. GREG FAIR, IS ABOVE HIM IN

4    TERMS OF SENIORITY, HE'S A PDPO DIRECTOR.

5         SO BETWEEN GREG FAIR AND MR. MIRAGLIA, MR. ENRIGHT IS VERY

6    LIKELY NOT NECESSARY AS DUPLICATIVE.  AND THIS IS THE SECOND

7    REASON, ON TOP OF THE CONCERNS WITH HIM BEING AN ATTORNEY.

8         THE COURT:  ALL RIGHT.  THANK YOU, MS. TREBICKA.

9         MR. RICHARDSON, MR. ENRIGHT, WHY WOULDN'T ANY PRODUCTION

10   FROM HIM BE DUPLICATIVE, REGARDING AT LEAST TWO PEOPLE, I

11   APPRECIATE HIS TITLE IS ENTICING TO THE PLAINTIFFS, BUT GIVEN

12   THE PRIVILEGE ISSUES AND GIVEN THE OTHER FOLKS OUT OF THAT

13   GROUP, WHAT'S THE JUSTIFICATION FOR INCLUDING HIM AT THIS TIME?

14        MR. REBLITZ-RICHARDSON:  THANK YOU, YOUR HONOR.

15        IN HIS LINKEDIN, PROFILE MR. ENRIGHT PUTS HIMSELF OUT

16   THERE AS THE PERSON WHO IS A PUBLIC FACE FOR GOOGLE,

17   INTERACTING WITH REGULATORS AND OTHERS REGARDING GOOGLE'S DATA

18   PRACTICES AND PRIVACY PRACTICES.

19        THIS IS A CASE ABOUT USERS' CONTROLS AND WHETHER THEY CAN

20   STOP GOOGLE'S DATA COLLECTION PRACTICES WHEN THEY ARE IN

21   PRIVATE BROWSING.  GOOGLE ASSERTS IN THIS LITIGATION THAT USERS

22   ARE POWERLESS TO DO THAT AND THAT GOOGLE IS ENTITLED TO COLLECT

23   AND USE PEOPLE'S PRIVATE BROWSING INFORMATION.  AND WE THINK

24   THAT MR. ENRIGHT IS UNIQUELY POSITIONED TO PROVIDE DOCUMENTS

25   THAT BARES ON THAT ISSUE, AND, YOU KNOW, WHAT GOOGLE HAS

1    OTHERWISE CONCLUDED AND SAID REGARDING THAT REALLY CENTRAL

2    ISSUE.

3            IN TERMS OF DUPLICATION, WE JUST DON'T SHARE THE CONCERN,

4    TO THE EXTENT THERE'S DUPLICATE DOCUMENTS FROM MR. FAIR AND

5    MR. MIRAGLIA, THOSE WILL BE FILTERED OUT THROUGH DE-DUPLICATING

6    SOFTWARE, SO IT'S NOT LIKE THEY ARE GOING TO NEED TO REVIEW THE

7    DOCUMENT THREE TIMES.

8            WE ARE ALSO HAPPY TO USE A MORE LIMITED SET OF SEARCH

9    TERMS FOR MR. ENRIGHT, IF THAT IS USEFUL AND ADDRESSES SOME OF

10   THE CONCERNS.  BUT HE'S PUT HIMSELF OUT THERE NOT AS GOOGLE'S

11   GENERAL COUNSEL OR LAWYER, BUT AS THE KEY POINT PERSON WHO IS

12   EVALUATING AND MAKING REPRESENTATIONS PUBLICLY ABOUT USER

13   PRIVACY, AND THAT GOES TO THE HEART OF THIS CASE.  THAT'S WHY

14   WE SELECTED HIM AS A CUSTODIAN.

15           THE COURT:  NOW I'M NOT AS PERSUADED AS I WAS BEFORE

16   BY THE PUBLIC STATEMENTS WITH REGARDS TO THE ISSUES IN THIS

17   CASE.  SO I AM GOING TO DENY THE REQUEST THAT MR. ENRIGHT BE A

18   CUSTODIAN WITHOUT PREJUDICE AT THIS TIME.  WITH THE SAME

19   ALLOWANCE THAT I ALLOWED MR. PICHAI, WHICH IS AS DOCUMENTS ARE

20   PRODUCED, IF THE PLAINTIFFS BELIEVE THERE IS FURTHER FACTUAL

21   BASIS TO SUPPORT PRODUCTION FOR MR. ENRIGHT, OUTSIDE OF WHAT IS

22   LIKELY TO BE PRIVILEGED IN HIS ROLE AS COUNSEL, YOU CAN RAISE

23   THAT.  SO I'M GOING TO DENY IT AT THIS TIME WITHOUT PREJUDICE.

24           MR. REBLITZ-RICHARDSON:  THANK YOU, YOUR HONOR.

25           THE COURT:  ALL RIGHT.

1          SO WE ARE BACK TO SEVEN CUSTODIANS.

2              MS. TREBICKA:  AND YOUR HONOR, WITH RESPECT TO THE

3     TEN SEARCH TERMS YOUR HONOR ORDERED, I EXPECT WE WILL BE

4     MEETING AND CONFERRING IN GOOD FAITH TO ARRIVE AT THOSE TERMS.

5              THE COURT:  I EXPECT THAT IS EXACTLY WHAT WILL

6     HAPPEN.

7          AND IF YOU NEED ME TO PICK MY FAVORITE TEN SEARCH TERMS,

8     WITH CAUTIONS TO BOTH SIDES, YOU WILL PUT THAT IN YOUR

9     SUBMISSION FOR THE 23RD.  BECAUSE WE ARE KEEPING OUR FOOT ON

10    THE GAS ON THIS.  THIS IS GOING TO GET DONE AND IT'S GOING TO

11    GET DONE PROMPTLY AND EXPEDITIOUSLY.

12         ALL RIGHT.  OKAY.  I THINK THAT COVERS EVERYTHING.  AND I

13    WILL ENDEAVOR TO ISSUE A SHORT ORDER, IT'S NOT GOING TO

14    CAPTURE -- LET ME PUT IT THIS WAY, IT'S NOT GOING TO BE IN THE

15    ANALYTICAL WORK ON THE DISCOVERY PROTOCOLS, BUT I WILL TRY TO

16    ADDRESS EACH OF THE ISSUES THAT HAVE BEEN IDENTIFIED IN THESE

17    TWO DOCUMENTS SO THAT IT'S VERY CLEAR AS TO WHAT I GET NEXT ON

18    THE 23RD, AND OUR ISSUES WILL THEN BE TEED UP FOR THE 29TH.

19         MR. RICHARDSON, I THINK DID YOU HAVE YOUR HAND UP FIRST.

20    I WILL START WITH YOU.

21         MR. SCHAPIRO, I SEE YOU.

22              MR. REBLITZ-RICHARDSON:  THANK YOU, YOUR HONOR.

23         JUST CIRCLING BACK ON ONE ISSUE.  WITH RESPECT TO THE TEN

24    AGREED TO CUSTODIANS WHERE GOOGLE IS GOING TO BEGIN PRODUCTION

25    IN TWO WEEKS, WE, AT VARIOUS TIMES, HAVE HEARD THAT IT WILL

1   TAKE GOOGLE BETWEEN ONE AND TWO MONTHS TO PRODUCE THOSE

2   DOCUMENTS.  AND THEN ON FRIDAY, WE HEARD THAT IT'S GOING TO

3   TAKE A FEW MONTHS.  AND I JUST WANTED TO FLAG FOR YOUR HONOR

4   THAT SOME ADDITIONAL GUIDANCE AND DEADLINES IN TERMS OF GETTING

5   THROUGH THESE CUSTODIAL DOCUMENTS MIGHT BE VERY USEFUL FOR THE

6   PARTIES.

7            THE COURT:  OKAY.  WELL, WE ARE NOT GOING TO DO THAT

8   TODAY, BUT WE CAN DO THAT ON THE 29TH.

9        AND I WILL SET A SCHEDULE IF I HAVE TO, EVERY TWO WEEKS,

10  IT SOUNDS REASONABLE, BUT THEN YOU'VE GOT TO TAKE INTO ACCOUNT

11  THE DEADLINES THAT ARE COMING UP.

12       AND THIS NEEDS TO BE MOVED ALONG EXPEDITIOUSLY.  THERE'S

13  BEEN AN AWFUL LOT OF TIME ON MEET AND CONFER ON THIS CASE ON

14  BOTH SIDES SINCE I FIRST SAW YOU BACK -- WITH REGARDS TO THE

15  ESI ORDER, AND NOW WE ARE JUST GETTING PRODUCTIONS UNDER WAY.

16       SO WE WILL CONTINUE TO VISIT THAT ISSUE.

17       MR. SCHAPIRO, DID YOU HAVE A FINAL REQUEST?

18            MR. SCHAPIRO:  YES, YOUR HONOR, A TRULY MINOR POINT.

19       EARLIER IN THE HEARING, YOU DIRECTED US TO PRODUCE THE

20  TRANSCRIPT FROM THE DEPOSITION THAT OCCURRED IN CALHOUN BY

21  FRIDAY.  WE DON'T YET HAVE THE TRANSCRIPT FROM -- IN ANYTHING

22  OTHER THAN THE ROUGH FORM.  SO COULD WE KEY IT AS TWO DAYS

23  AFTER WE RECEIVE THE FINAL TRANSCRIPT?  WE ARE ALSO GOING TO

24  NEED TO MAKE WHATEVER RESERVATIONS THAT WE DO, SOMETHING LIKE

25  THAT.

1        THE COURT:  YEAH, YOU CAN BE TWO DAYS AFTER YOUR

2   RECEIPT OF THE TRANSCRIPT OF IT.

3        MR. SCHAPIRO:  TWO BUSINESS DAYS?

4        THE COURT:  TWO BUSINESS DAYS, THAT'S FINE.  BUT I

5   DON'T WANT TO BE HERE ON THE 29TH AND IT HASN'T BEEN PRODUCED

6   OR REVIEWED YET.

7        MR. SCHAPIRO:  THANK YOU, YOUR HONOR.

8        THE COURT:  ALL RIGHT.

9      ANYTHING ELSE FROM THE PLAINTIFFS FOR TODAY?  MS. BONN?

10        MS. BONN:  YES, YOUR HONOR.

11      AS I THINK THE ISSUES WE WILL BE CONFERRING ABOUT OVER THE

12   NEXT COUPLE OF WEEKS ARE SEARCH TERMS, AND I THINK IT WOULD BE

13   ESPECIALLY HELPFUL TO HAVE GUIDANCE ON WHETHER GOOGLE SHOULD BE

14   TELLING US WHAT HIT COUNTS THEY ARE SEEING ON SEARCH TERMS.  I

15   THINK THAT REALLY TENDS TO MOVE THE BALL FORWARD IN TERMS OF

16   HAVING A PRODUCTIVE CONFERENCE.  SO IF THE COURT HAS ANY

17   GUIDANCE ON THAT, IT MAY BE HELPFUL.

18        THE COURT:  WELL, AGAIN, IF THE PARTIES REALLY CAN'T

19   WORK THIS OUT, WITH REGARDS TO IDENTIFICATION OF SEARCH TERMS,

20   THAT'S GOING TO BE -- THAT IS IDENTIFICATION OF HIT COUNTS,

21   THAT'S GOING TO BE VERY UNFORTUNATE.

22      BUT I'M NOT SURE THE NUMBER OF SEARCH TERMS AND THE NUMBER

23   OF CUSTODIANS, IT WOULD SEEM THAT HIT COUNTS WOULD NOT BE

24   UNREASONABLE, BUT I EXPECT THE PARTIES TO ADDRESS THAT

25   APPROPRIATELY.  IT'S A HELPFUL DATA POINT IN TRYING TO DECIDE

1      CLEARLY SOMETHING IS NOT RELEVANT OR IT'S TOO BROAD BECAUSE THE

2      HIT COUNT IS SEVERAL MILLION PAGES, BUT THE INFORMATION HAS TO

3      BE SHARED TO BE HELPFUL.

4           MS. BONN:  THANK YOU, YOUR HONOR.

5           THE COURT:  AGAIN, THE PARTIES NEED TO -- EVERYBODY

6      HAS TO ENGAGE IN DISCOVERY, IT'S HAPPENING, IT'S HERE, AND IT'S

7      GOT TO BE COMPLETED BY THE DEADLINE.  SO I'M GOING TO EXPECT

8      SLEEVES TO ROLL UP AND EXPECT THAT TO HAPPEN.

9           MS. BONN:  THANK YOU, YOUR HONOR.  UNDERSTOOD.

10          THE COURT:  ALL RIGHT.

11     OKAY.  THANK YOU ALL FOR YOUR PREPARATION AND YOUR TIME.

12     I APPRECIATE THE SUBMISSION.  I WILL REMIND THE PARTIES AS TO

13     HOW ANY LOG OF ADDITIONAL DISPUTES SHOULD BE AND WHICH ONES YOU

14     CAN ALSO INCLUDE YOUR TWO-PAGE -- YOUR TWO-PAGE ADDITIONAL

15     SUBMISSIONS.

16          AND I WILL SEE YOU ALL ON THE 29TH.  AND WE WILL KEEP IT

17     MOVING FORWARD, ALL RIGHT?

18          OKAY.  THANK YOU VERY MUCH.  WE ARE ADJOURNED.

19          (THE PROCEEDINGS WERE CONCLUDED AT 12:35 P.M.)

20

21

22

23

24

25

1

2

3

4                    **CERTIFICATE OF REPORTER**

5

6

7

8           I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13           THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22

23

24   _____

25   SUMMER A. FISHER, CSR, CRR
     CERTIFICATE NUMBER 13185          DATED: 4/15/21