QUINN EMANUEL URQUHART & SULLIVAN, LLP

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM FOR HEARING ON JOINT DISCOVERY STATEMENT (DKT. 140)**<br><br>Referral: Hon. Susan van Keulen, USMJ<br>Hearing Date: April 29, 2021<br>Hearing Time: 1:30 P.M. |

## I. INTRODUCTION

On April 29, 2021, this Court will hear the issues raised in the parties' Joint Discovery Statement (Dkt. 140). The Court previously ordered the parties to submit a Joint Discovery Statement by April 7, 20201 and to appear for a joint discovery status hearing on April 13, 2021 (Dkt. 125), to which the parties complied. Subsequent to the April 13, 2021 hearing, the Court ordered the parties to: continue to meet and confer; submit another Joint Discovery Statement by April 23, 2021 reflecting the status of the parties' discovery disputes; and, appear at a further discovery hearing on April 29, 2021 (Dkt. 133). The parties' Joint Discovery Statement (Dkt. 140) contains Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly and will be discussed at the April 29, 2021 hearing, including (1) Google's retention of certain logs at issue, and (2) the various types of unauthenticated identifiers/cookies Google uses internally and their corresponding proprietary functions. The Court previously sealed the hearing related to the former category in *Calhoun v. Google LLC*, No. 5:20-cv-05146-LHK-SVK, Dkt. 124 (N.D. Cal. Mar. 3, 2021) pursuant to Google's request and Google has moved to seal the information in the latter category (Dkt. 139), which is still pending.

In light of the highly confidential material to be discussed at the April 29, 2021 hearing, Google asked Plaintiffs to stipulate to sealing the hearing pursuant to Civil Local Rules 7-11 and 79-5 and Federal Rule of Civil Procedure 26(c). Tse Decl., ¶ 3. Plaintiffs stated they do not oppose Google's request. *Id.* Therefore, Google now moves the Court to seal the courtroom for the April 29, 2021 hearing on the Joint Discovery Statement (Dkt. 140).

## II. LEGAL STANDARD

While there is a common law right of public access to judicial proceedings, that right is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Crowe v. Cty. of San Diego*, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002) ("[T]here is no right of access which attaches to all judicial proceedings." (internal citations omitted)). The right is weakest where, as here, the proceedings concern a non-dispositive discovery motion; rather than satisfy the more stringent "compelling reasons" standard, a party seeking to seal materials in these

1  circumstances must make only a "particularized showing" of "good cause." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Such sealing at trial is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information"); *Standard & Poor's Corp. Inc. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1275 (S.D.N.Y. 1982) ("[T]he overriding interest to be found in business confidences . . . require[s] . . . temporary reasonably restricted access to the Courtroom of members of the public.").

### III. THE HEARING SHOULD BE SEALED BECAUSE PARTIES' ARGUMENTS WILL NECESSARILY INVOLVE DISCLOSURE OF GOOGLE'S HIGHLY SENSITIVE MATERIAL

All facts militate in favor of sealing the April 29, 2021 hearing. The "good cause" standard that governs the sealing determination in non-dispositive motions is easily met. The parties' Joint Discovery Statement contains detailed discussions on Google's confidential information, including the highly sensitive features of Google's systems and operations. *See* Dkts. 139, 140. As explained in Google's pending Administrative Motion to Seal Joint Discovery Statement, the information sought to be sealed in this briefing reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with its legal and privacy obligations. Dkt. 139 at 3. Such information is protectable and must be kept confidential in order to prevent harm to Google's competitive standing. *Id.* at 3. Moreover, public disclosure of Google's confidential information may put Google at an increased risk of cybersecurity threats. *Id.* at 3-4.

First, the Joint Discovery Statement identifies the parties' "dispute regarding preservation and production of Google server logs regarding Google's collection and use of private browsing information." Dkt. 139-4 at 7 (Dispute P4). To show that the burden Plaintiffs seek to impose for preserving the logs at issue is immense at the April 29, 2021 hearing, Google will need to rely on

confidential information regarding highly sensitive features of Google's operations. Specifically, this information provides details related to the various types of data logs maintained by Google, information contained in those logs, the size of those logs, the logs' retention policies, and the cost in money and man-hours for suspending retention periods for those logs. Such information reveals Google's internal strategies, proprietary system designs, business practices, and system capacities for operating and maintaining many of its important services while complying with its legal and privacy obligations. This Court has previously granted Google's motion to seal the courtroom on this precise issue in *Calhoun*, Dkt. 124. Since then, Google has produced in this case many additional confidential documents and the deposition transcript related to this issue from *Calhoun*. *See* Dkt. 133-1 at 3-4. As a result, there is now even more confidential information related to Google's retention and production of the relevant logs that may be referenced at the April 29, 2021 hearing, which Google must also be able to address freely. If the hearing is not sealed, Google would have to pick between two evils: revealing its highly confidential information that may harm Google and put it at a competitive disadvantage, or vigorously arguing—without supporting facts—that Plaintiffs' blunderbuss preservation demand is burdensome and disproportional.

Second, both parties also rely on Google's confidential information regarding highly sensitive features of Google's internal systems and operations for their positions in the Joint Statement Regarding Class Member Identification (Chart A # P6). Specifically, this information provides details related to, among other things, whether Google maintains any system or process for identifying logged-out users while they are in private browsing mode for purposes of identifying putative class members, and thus, whether Google can produce certain documents in response to Plaintiffs' RFP No. 10, which will necessarily require discussion of the various types of Google's internal identifiers/cookies and their proprietary functions. Dkt. 139 at 3; *see also* Dkt. 139-4. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with its legal and privacy obligations. Indeed, in their portion of the Joint Statement Regarding Class Member Identification and in the Chart of Disputes Regarding Plaintiffs' Written Discovery (Chart B), Plaintiffs repeatedly refer to protected materials Google produced and discuss what they learned from those confidential

1  materials, including Google's unauthenticated identifies/cookies and their proprietary functions. *See*
2  Dkt. 139-4 at 4, 15-23 (Chart B). Google must be able to freely refer to this information to fully
3  explain to the Court how, contrary to Plaintiffs' fanciful tales, its internal identifiers/cookies work
4  in the real world—without fear of public disclosure of sensitive Google business information. It
5  would be unfair and prejudicial to force Google's counsel to choose between providing facts to the
6  Court by relying on this confidential information and retaining the confidentiality of these highly
7  sensitive facts.

8  Given the importance and highly sensitive nature of the aforementioned information related
9  to the parties' discovery disputes, Google believes that sealing the courtroom is the correct and most
10 effective approach. Indeed, this Court has recently sealed the hearing where the issue of Google's
11 undue burden for preserving the logs at issue was discussed in *Calhoun*, Dkt. 124. The virtual
12 proceedings in this case permit the attendance of hundreds of interested members of the public,
13 including legal experts and journalists, and allowing confidential material to be discussed in open
14 court in these circumstances is tantamount to having it filed publicly on the docket. Google proposes
15 that the Court seal the April 29, 2021 hearing and that Google will file a motion to seal the April 29,
16 2021 transcript after the hearing to redact any confidential information.

17 Google defers to the Court as to the best method for sealing the April 29, 2021 hearing in
18 light of the virtual proceedings but proposes that the Court may consider directing the parties to dial
19 into a private Zoom meeting, instead of a Zoom webinar.

20 **IV.   CONCLUSION**

21 For the foregoing reasons, Google respectfully requests that the Court seal the April 29, 2021
22 hearing on the parties' Joint Discovery Statement (Dkt. 140).

23 DATED:  April 27, 2021                QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
24
25                                       By  */s/ Andrew H. Schapiro*
                                             Andrew H. Schapiro (admitted *pro hac vice*)
26                                           andrewschapiro@quinnemanuel.com
                                             191 N. Wacker Drive, Suite 2700
27                                           Chicago, IL 60606
                                             Telephone: (312) 705-7400
28                                           Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*