1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BOIES SCHILLER FLEXNER LLP
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
William Christopher Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Plaintiffs; additional counsel
listed in signature blocks below*

*Attorneys for Defendant; additional counsel
listed in signature blocks below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

CHASOM BROWN, WILLIAM BYATT,
JEREMY DAVIS, CHRISTOPHER
CASTILLO, and MONIQUE TRUJILLO,
individually and on behalf of all similarly
situated,

     Plaintiffs,

     v.

GOOGLE LLC,

     Defendant.

Case No. 5:20-cv-03664-LHK-SVK

**JOINT SUBMISSION IN RESPONSE TO
DKT. 147, 147-1 RE: STATUS OF
DISCOVERY DISPUTES**

Referral: Hon. Susan van Keulen, USMJ

1  May 6, 2021

2  Submitted via ECF

3  Magistrate Judge Susan van Keulen
   San Jose Courthouse
4  Courtroom 6 - 4th Floor
   280 South 1st Street
5  San Jose, CA 95113

6          Re:     Joint Submission in Response To Dkt. 147, 147-1 re: Status of Discovery Disputes
                   *Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)
7
   Dear Magistrate Judge van Keulen:
8
           Pursuant to Your Honor's April 30 Order (Dkt. 147, 147-1), Plaintiffs and Google LLC
9
   ("Google") jointly submit this statement containing a table identifying the status of the following
10
   discovery disputes: P2, P3, P9, P10, P12, D1, D2, D3, D4, D5.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Dispute No. | Dispute | Status as of 5/6 Joint Submission | Status as of 5/26/21 Hearing |
|---|---|---|---|
| | | **Disputes Identified by Plaintiffs** | |
| P2 <br> 4/7/21 | **Google's search terms**: The parties have a dispute regarding which search terms Google should apply to identify potentially responsive documents. | <u>Joint Submission</u>: The parties met and conferred but have not yet resolved this dispute. The parties are hopeful that they will resolve this dispute before the next submission to the Court. | |
| P3 <br> 4/7/21 | **Google's production of Plaintiffs' data**: The parties have a dispute regarding Plaintiffs' RFP No. 18: "Documents concerning Plaintiffs, including Plaintiffs' use of Google services, all data collected by Google from and regarding Plaintiffs, and Google's use of all data collected by Google from and regarding Plaintiffs." | <u>Plaintiffs' Position</u>: The parties met and conferred, and Google stated that it will only agree to produce authenticated data linked to Plaintiffs' Google Accounts without other identifiers and data belonging to and identifying Plaintiffs, which include the "unauthenticated data" within the scope of the Court's April 27 order (Dkt. 147-1). Yet internal documents from Google confirm that identifiers, such as Plaintiffs' GAIA IDs which Google confirmed it can locate, can be matched with other identifiers, such as ███████ ████████████████████████████. *See* GOOG-BRWN-00029446. Nevertheless, Google took the position during the meet and confer that (1) Plaintiffs should be seeking information through formal discovery instead of questions posed during the meet and confer, (2) Google will not explain or help Plaintiff locate the "unauthenticated data" in Google's own logs and databases, and (3) any further investigation and production should be done with input from the parties' experts. It is also not clear whether Google will be producing (or is preserving) Plaintiffs' and Class Members' "raw" logs, which identify the Plaintiffs and their private sessions. *See* GOOG-BRWN-00029447. <br><br> To move this dispute forward to a resolution, Plaintiffs have two specific proposals, which Google has not yet agreed to: (1) Plaintiffs served a 30(b)(6) deposition notice on April 27, and Plaintiffs hope to conduct that deposition in the next two weeks (this is the "formal" discovery that Google insisted that Plaintiffs seek to obtain information tied to this dispute); and (2) Plaintiffs seek to obtain clean room access for their attorneys and experts within the next three weeks, with a proposed Court order that would grant such access (Ex. A). Plaintiffs seek access to a specific Google search tool that will allow them to view all of the authenticated and "unauthenticated" data | |

| Dispute No. | Dispute | Status as of 5/6 Joint Submission | Status as of 5/26/21 Hearing |
|---|---|---|---|
| | | that Google has collected about the named plaintiffs and their devices and browsers, including the "raw" data.  *See* GOOG-BRWN-00028920.  Plaintiffs also seek access to any logs, databases, or other data structures containing data and information concerning the named plaintiffs, their devices, and/or their browsers, whether authenticated or unauthenticated.  Plaintiffs will also need access to any additional tools or data necessary for purposes of identifying the authenticated and unauthenticated identifiers tied to the named plaintiffs, their devices, and/or their browsers.<br><br>Such clean room access is consistent with what other courts have ordered.  *See Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS PSG, 2011 WL 2293224, at *3 (N.D. Cal. June 8, 2011) (requiring Apple to allow plaintiff's expert to inspect an internal tool); *S. Peninsula Hosp., Inc. v. Xerox State Healthcare, LLC*, No. 3:15-CV-000177-TMB, 2019 WL 1873297, at *6 (D. Alaska Feb. 5, 2019) (compelling defendant to provide plaintiff's expert with onsite access to a database for purposes of "demonstrat[ing] the existence of the class"). Clean room access for Plaintiffs' experts is likewise consistent with Google's position during the meet and confer that further investigation on this dispute should be driven "by the experts."<br><br>This dispute is not premature.  As demonstrated above, Google's own internal tool can search using combinations with at least 21 variables (GOOG-BRWN-00028920), including device IDs, IP addresses, and Google's ▮▮▮▮▮▮▮▮▮▮▮.  And Google's own contentions tacitly concede that it can either locate or again derive these values.  During the meet and confer, counsel for Plaintiffs repeatedly asked Google's counsel how to determine any unauthenticated identifiers for the named plaintiffs and their devices.  But Google's counsel refused to answer, requiring Plaintiffs to provide them first and yet refusing to tell Plaintiffs how to determine them.<br><br>Plaintiffs intended to submit as an exhibit the Google search tool shown at GOOG-BRWN-00028920, which both parties discuss in this | |

JOINT SUBMISSION IN RESPONSE TO DKT. 147, 147-1 RE: STATUS OF DISCOVERY DISPUTES

| Dispute No. | Dispute | Status as of 5/6 Joint Submission | Status as of 5/26/21 Hearing |
|---|---|---|---|
| | | submission. But Google objected to Plaintiffs submitting that document. Google also objected to Plaintiffs including as an exhibit a copy of the April 27 30(b)(6) deposition notice. Plaintiffs can provide these documents to the Court upon request.<br><br>Google's Position:  This dispute is premature. The Court ordered Google to produce data related to Plaintiffs by May 12, and Google will comply. Instead of reviewing that production in a few days and seeking clarifications with the material at hand, Plaintiffs jump to the conclusion they need clean room access to Google's internal systems, and raw data, *and* a deposition. Plaintiffs' premature demands are entirely unjustified.<br><br>*First*, the document Plaintiffs cite (GOOG-BRWN-00029446) does not state that Google Accounts are matched with unauthenticated identifiers. Instead, it describes how different access permissions are required to query unauthenticated identifiers than are required to query *authenticated* identifiers. The tool Plaintiffs request access to via a clean room (GOOG-BRWN-00028920) requires identifiers, whether authenticated or unauthenticated, to return data. Plaintiffs have provided Google with their Google Account information; Google has searched for data associated with those authenticated identifiers. Google can use the tool Plaintiffs reference (GOOG-BRWN-00028920) to pull data associated with them and their devices, and is preparing to produce such data by May 12. However, Plaintiffs have confirmed they have not preserved any of the relevant *unauthenticated* identifiers. If Plaintiffs had preserved cookie values from their logged-out private browsing sessions, Google could use those values to query that same tool Plaintiffs reference (GOOG-BRWN-00028920). But because Plaintiffs have not done so, Google does not have any unauthenticated identifiers with which to query its internal tools.<br><br>Recognizing this problem, Plaintiffs now claim that Google must somehow determine unauthenticated identifiers that <u>may</u> describe a browser they <u>may</u> have used at some unidentified point in time. That is unduly burdensome and unreasonable. Even attempting to re-identify | |

JOINT SUBMISSION IN RESPONSE TO DKT. 147, 147-1 RE: STATUS OF DISCOVERY DISPUTES

| Dispute No. | Dispute | Status as of 5/6 Joint Submission | Status as of 5/26/21 Hearing |
|---|---|---|---|
| | | such data entails violating multiple Google policies and procedures against fingerprinting. The request is also unreasonable because of the simple and non-prejudicial alternative: Plaintiffs can obtain the unauthenticated identifiers by opening up a new private browsing session and recording the cookie values from that session. *See* FRCP 26(b)(2)(C)(i). Plaintiffs inexplicably refuse to do so.<br><br>None of Plaintiffs' authorities support their claim for access to a clean room. *Elan Microelectronics Corp. v. Apple, Inc.*, 2011 WL 2293224, at \*3 (N.D. Cal. June 8, 2011) (concerning inspection of a working tool Apple designed to analyze the functionalities of the accused products in a patent infringement case); *Peninsula Hosp., Inc. v. Xerox State Healthcare, LLC*, 2019 WL 1873297 (D. Alaska Feb. 5, 2019) (concerning production of a database and not access to defendant's systems). Google will provide data associated with the authenticated identifiers it has received—there is no cause for Plaintiffs to look over Google's shoulders. If Plaintiffs provide Google with their unauthenticated identifiers, Google will provide data associated with those identifiers as well, to the extent any exists. Should Plaintiffs continue to insist on clean room access, Google respectfully requests a briefing schedule for a protective order.<br><br>*Second*, the deposition topics plaintiffs have identified are not likely to move this discussion or the production of data forward. Instead, they focus on Google's preservation efforts, the "origin" of logs, and various other topics that are tangential, at best, to the dispute at hand.<br><br>The Court should order Plaintiffs to review Google's production and, if unsatisfied, provide Google with unauthenticated identifiers to pull and produce additional data. Google objected to Plaintiffs attaching their April 27 Rule 30(b)(6) deposition notice and GOOG-BRWN-00028920 only because the Court's Standing Order does not permit them to be attached. | |

| Dispute No. | Dispute | Status as of 5/6 Joint Submission | Status as of 5/26/21 Hearing |
|---|---|---|---|
| P9 4/23/21 | **Google production of custodial documents responsive to particular requests**: The parties have a dispute regarding whether Google will produce custodial documents responsive to certain document requests. | <u>Joint Submission</u>: The parties met and conferred but have not yet resolved this dispute. The parties are hopeful that they can resolve this dispute before the next submission to the Court. | |
| P10 4/23/21 | **Google timeline for producing custodial documents**: The parties have a dispute regarding the timeline for Google's production of custodial documents. | <u>Plaintiffs' Position</u>: Plaintiffs appreciate the Court's April 30 order (Dkt. 147-1) requiring Google to complete production of custodial documents by June 18. Before the Court issued its April 30 order, on April 27, Plaintiffs sent Google a letter regarding certain additional custodians. On May 4, Google's counsel said they were working on a response to that letter and expressed some concern about meeting the June 18 deadline for any additional custodians. Plaintiffs trust that Google will in good faith try to meet that June 18 deadline for all custodians, and Plaintiffs propose that the parties continue to meet and confer regarding this issue and provide another update with the next submission. <br><br> <u>Google's Position</u>: To date, Google has produced more than 16,000 documents from custodial and non-custodial sources. Google is working expeditiously to complete by June 18 its review and production of custodial documents for the seventeen custodians applying the terms ordered by the Court during the April 30 hearing and those Google unilaterally accepted in connection with the May 6 status report. Google anticipates completing its production of those documents by June 18. However, Plaintiffs have recently inquired about at least *thirty* more potential custodians, including the eighteen *Calhoun* custodians. Google is evaluating Plaintiffs' request, but notes that Plaintiffs have not justified the need for additional custodians. The parties will need to work in good faith to identify any gaps in the existing production before rushing into imposing further burdens without a clear justification for the need. Google understands that | |

JOINT SUBMISSION IN RESPONSE TO DKT. 147, 147-1 RE: STATUS OF DISCOVERY DISPUTES

| Dispute No. | Dispute | Status as of 5/6 Joint Submission | Status as of 5/26/21 Hearing |
|---|---|---|---|
| | | additional custodial productions, if any, will fall outside of the June 18 deadline. | |
| P12 4/23/21 | **Google production of other non-custodial documents**: The parties have a dispute regarding whether Google will produce non-custodial documents responsive to certain document requests. | Joint Submission: The parties are continuing to meet and confer regarding this dispute, with another meet and confer scheduled for May 7. The parties are hopeful that they can resolve many of the outstanding disputes before the next submission. | |
| | **Disputes Identified by Google** | | |
| D1 4/7/21 | Plaintiffs' Responses to Google's Requests for Admissions No. 1 | Joint Submission:  The parties have met and conferred and Plaintiffs are providing a date certain by which they will provide amended responses. | |
| D2 4/7/21 | Plaintiffs' Responses to Google's Interrogatories Nos. 1, 2, 4, 5. | Joint Submission:  Plaintiffs will provide amended responses to Interrogatory No. 2 by May 6, and verified individualized responses to Interrogatories Nos. 1 and 5 by May 12, as ordered by the Court. Plaintiffs have also agreed to provide the information identified by the Court as responsive to Interrogatory 4 by May 12. | |
| D3 4/7/21 | Plaintiffs' Response to Google's Requests for Production Nos. 2, 3, 6, 7. | Joint Submission:  The parties have met and conferred and submit the following update: <br><br> • RFP No. 2:  Google has proposed to Plaintiffs that they provide their Chrome Device Settings information in response to this request, and the Plaintiffs are considering the proposal. <br> • RFP No. 3:  Plaintiffs indicate they have conducted searches and found no information responsive to this request. <br> • RFP 6:  Plaintiffs will amend their responses by May 6, as ordered by the Court. <br> • RFP 7:  Plaintiffs have identified May 12 as the date certain by which they will provide the responsive information identified by the Court. | |
| D4 4/7/21 | Plaintiffs' Responses to Google's Requests for Admissions Nos. 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 14, 15, 16, 17. | Joint Submission:  The parties met and conferred and submit the following information: | |

| Dispute No. | Dispute | Status as of 5/6 Joint Submission | Status as of 5/26/21 Hearing |
|---|---|---|---|
| | | • RFA Nos. 2, 3, 4: Plaintiffs will amend their responses and provide the date by which they will do so through Email to Google's counsel.<br>• RFA Nos. 12, 14: Plaintiffs are considering whether to amend their responses in light of the parties' meet and confer discussions.<br>• Remaining RFAs in D4: The parties disagree on the sufficiency of Plaintiffs' responses, but do not seek guidance from the Court at this time. | |
| D5<br><br>4/7/21 | Plaintiffs' Responses to Google's Interrogatories Nos. 7, 9, 10. | <u>Joint Submission:</u>  The parties met and conferred and Plaintiffs are considering whether to amend their responses. | |

Case No. 5:20-cv-03664-LHK-SVK
JOINT SUBMISSION IN RESPONSE TO DKT. 147, 147-1 RE: STATUS OF DISCOVERY DISPUTES

1                                 Respectfully,

2 QUINN EMANUEL URQUHART                  BOIES SCHILLER FLEXNER LLP
   SULLIVAN, LLP

3

4 */s/ Andrew H. Schapiro*                           */s/ Mark C. Mao*
   Andrew H. Schapiro (admitted *pro hac vice*)     Mark C. Mao (CA Bar No. 236165)
   andrewschapiro@quinnemanuel.com            mmao@bsfllp.com

5 191 N. Wacker Drive, Suite 2700           Sean Phillips Rodriguez (CA Bar No.
   Chicago, IL 60606                        262437)

6 Tel: (312) 705-7400                    srodriguez@bsfllp.com
   Fax: (312) 705-7401                  Beko Reblitz-Richardson (CA Bar No.

7                                   238027)
   Stephen A. Broome (CA Bar No. 314605)      brichardson@bsfllp.com

8 sb@quinnemanuel.com                 44 Montgomery Street, 41st Floor
   Viola Trebicka (CA Bar No. 269526)       San Francisco, CA 94104

9 violatrebicka@quinnemanuel.com          Tel: (415) 293 6858
   865 S. Figueroa Street, 10th Floor       Fax: (415) 999 9695

10 Los Angeles, CA 90017
   Tel: (213) 443-3000                  James W. Lee (*pro hac vice*)

11 Fax: (213) 443-3100                  jlee@bsfllp.com
                                    Rossana Baeza (*pro hac vice*)

12 Diane M. Doolittle (CA Bar No. 142046)    rbaeza@bsfllp.com
   dianedoolittle@quinnemanuel.com         100 SE 2nd Street, Suite 2800

13 555 Twin Dolphin Drive, 5th Floor       Miami, FL 33130
   Redwood Shores, CA 94065           Tel: (305) 539-8400

14 Telephone: (650) 801-5000          Fax: (305) 539-1304
   Facsimile: (650) 801-5100

15                                     William Christopher Carmody (*pro hac vice*)

16 Jomaire A. Crawford (admitted *pro hac vice*)    bcarmody@susmangodfrey.com
   jomairecrawford@quinnemanuel.com       Shawn J. Rabin (*pro hac vice*)

17 51 Madison Avenue, 22nd Floor         srabin@susmangodfrey.com
   New York, NY 10010                Steven Shepard (*pro hac vice*)

18 Telephone: (212) 849-7000          sshepard@susmangodfrey.com
   Facsimile: (212) 849-7100           Alexander P. Frawley (*pro hac vice*)

19                                     afrawley@susmangodfrey.com
   Josef Ansorge (admitted *pro hac vice*)      SUSMAN GODFREY L.L.P.

20 josefansorge@quinnemanuel.com          1301 Avenue of the Americas, 32nd Floor
   1300 I Street NW, Suite 900          New York, NY 10019

21 Washington D.C., 20005            Tel: (212) 336-8330
   Tel: (202) 538-8000

22 Fax: (202) 538-8100                  Amanda Bonn (CA Bar No. 270891)
                                    abonn@susmangodfrey.com

23 Jonathan Tse (CA Bar No. 305468)      SUSMAN GODFREY L.L.P.
   jonathantse@quinnemanuel.com           1900 Avenue of the Stars, Suite 1400

24 50 California Street, 22nd Floor        Los Angeles, CA 90067
   San Francisco, CA 94111           Tel: (310) 789-3100
   Tel: (415) 875-6600

25 Fax: (415) 875-6700
                                    John A. Yanchunis (*pro hac vice*)

26 *Attorneys for Defendant Google LLC*      jyanchunis@forthepeople.com
                                    Ryan J. McGee (*pro hac vice*)

27                                     rmcgee@forthepeople.com
                                    MORGAN & MORGAN, P.A.

28                                     201 N Franklin Street, 7th Floor

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Tampa, FL 33602
Tel: (813) 223-5505
Fax: (813) 222-4736

Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Discovery Statement. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: May 6, 2021                                By  */s/ Andrew H. Schapiro*
                                                        Andrew H. Schapiro