1  QUINN EMANUEL URQUHART & SULLIVAN, LLP

2  Diane M. Doolittle (CA Bar No. 142046)
   dianedoolittle@quinnemanuel.com
3  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, CA 94065
4  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
5

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

6  Stephen A. Broome (CA Bar No. 314605)
   stephenbroome@quinnemanuel.com
7  Viola Trebicka (CA Bar No. 269526)
   violatrebicka@quinnemanuel.com
8  865 S. Figueroa Street, 10th Floor
   Los Angeles, CA 90017
9  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
10

Josef Ansorge (admitted pro hac vice)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

11  Jonathan Tse (CA Bar No. 305468)
    jonathantse@quinnemanuel.com
12  50 California Street, 22nd Floor
    San Francisco, CA 94111
13  Telephone: (415) 875-6600
    Facsimile: (415) 875-6700
14

Jomaire A. Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

15  *Attorneys for Defendant Google LLC*

16

17                    UNITED STATES DISTRICT COURT

18        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19  CHASOM BROWN, WILLIAM BYATT,
    JEREMY DAVIS, CHRISTOPHER
20  CASTILLO, and MONIQUE TRUJILLO,
    individually and on behalf of all similarly
21  situated,

22          Plaintiffs,

23          v.

24  GOOGLE LLC,

25          Defendant.

26

Case No. 5:20-cv-03664-LHK

**DEFENDANT GOOGLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COUNTS SIX AND SEVEN OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

The Honorable Lucy H. Koh
Courtroom 8 – 4th Floor
Date:    September 30, 2021
Time:    1:30 p.m.

27

28

## DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Evidence 201, Defendant Google LLC ("Google") respectfully requests that the Court take judicial notice of the following documents for purposes of ruling on Google's Motion to Dismiss Counts Six and Seven of Plaintiffs' Second Amended Complaint ("SAC"), filed concurrently herewith:

1.      Google's Privacy Policy in effect between March 25, 2016 and June 28, 2016, which is available online at https://policies.google.com/privacy/archive/20160325 and is attached to the Schapiro Declaration as **Exhibit 1**.

2.      Google's Privacy Policy in effect between June 28, 2016 and August 29, 2016, which is available online at https://policies.google.com/privacy/archive/20160628 and is attached to the Schapiro Declaration as **Exhibit 2**.

3.      Google's Privacy Policy in effect between August 29, 2016 and March 1, 2017, which is available online at https://policies.google.com/privacy/archive/20160829 and is attached to the Schapiro Declaration as **Exhibit 3**.

4.      Google's Privacy Policy in effect between March 1, 2017 and April 17, 2017, which is available online at https://policies.google.com/privacy/archive/20170301 and is attached to the Schapiro Declaration as **Exhibit 4**.

5.      Google's Privacy Policy in effect between April 17, 2017 and October 2, 2017, which is available online at https://policies.google.com/privacy/archive/20170417 and is attached to the Schapiro Declaration as **Exhibit 5**.

6.      Google's Privacy Policy in effect between October 2, 2017 and December 18, 2017, which is available online at https://policies.google.com/privacy/archive/20171002 and is attached to the Declaration as **Exhibit 6**.

7.      Google's Privacy Policy in effect between December 18, 2017 and May 25, 2018, which is available online at https://policies.google.com/privacy/archive/20171218 and is attached to the Schapiro Declaration as **Exhibit 7**.

8.      Google's Privacy Policy in effect between May 25, 2018 and January 22, 2019, which is available online at https://policies.google.com/privacy/archive/20180525 and is attached to the Schapiro Declaration as **Exhibit 8**.

9.      Google's Privacy Policy in effect between January 22, 2019 and October 15, 2019, which is available online at https://policies.google.com/privacy/archive/20190122 and is attached to the Schapiro Declaration as **Exhibit 9**.

10.      Google's Privacy Policy in effect between October 15, 2019 and December 19, 2019, which is available online at https://policies.google.com/privacy/archive/20191015 and is attached to the Schapiro Declaration as **Exhibit 10**.

11.      Google's Privacy Policy in effect between December 19, 2019 and March 31, 2020, which is available online at https://policies.google.com/privacy/archive/20191219 and is attached to the Schapiro Declaration as **Exhibit 11**.

12.      Google's Privacy Policy in effect between March 31, 2020 and July 1, 2020, which is available online at https://policies.google.com/privacy/archive/20200331 and is attached to the Schapiro Declaration as **Exhibit 12**.

13.      Google's Privacy Policy in effect between July 1, 2020 and August 28, 2020, which is available online at https://policies.google.com/privacy/archive/20200701 and is attached to the Schapiro Declaration as **Exhibit 13**.

14.      Google's Privacy Policy in effect between August 28, 2020 and September 30, 2020, which is available online at https://policies.google.com/privacy/archive/20200828 and is attached to the Schapiro Declaration as **Exhibit 14**.

15.      Google's Privacy Policy in effect between September 30, 2020 and February 4, 2021, which is available online at https://policies.google.com/privacy/archive/20200930 and is attached to the Schapiro Declaration as **Exhibit 15**.

16.      Google's current Privacy Policy in effect since February 4, 2021, which is available online at https://policies.google.com/privacy and is attached to the Schapiro Declaration as **Exhibit 16**.

17.     Google's Terms of Service in effect between April 14, 2014 and October 25, 2017, which is available online at https://policies.google.com/terms/archive/20140414 and is attached to the Schapiro Declaration as **Exhibit 17**.

18.     Google's Terms of Service in effect between October 25, 2017 and March 31, 2020, which is available online at https://policies.google.com/terms/archive/20171025?hl=en-US and is attached to the Schapiro Declaration as **Exhibit 18**.

19.     Google's current Terms of Service in effect since March 31, 2020, which is available online at https://policies.google.com/terms?hl=en-US and is attached to the Schapiro Declaration as **Exhibit 19**.

20.     Google's Chrome Privacy Notice archived on September 1, 2015, which is available online at https://www.google.com/intl/en/chrome/privacy/archive/20150901/ and is attached to the Schapiro Declaration as **Exhibit 20**.

21.     Google's Chrome Privacy Notice archived on June 21, 2016, which is available online at https://www.google.com/chrome/privacy/archive/20160621/ and is attached to the Schapiro Declaration as **Exhibit 21**.

22.     Google's Chrome Privacy Notice archived on May 20, 2020, which is available online at https://www.google.com/chrome/privacy/archive/20200520/ and is attached to the Schapiro Declaration as **Exhibit 22**.

23.     "Search & browse privately" page from Google Help Center for computer devices, which is available online at https://support.google.com/websearch/answer/4540094?co=GENIE.Platform%3DDesktop and is attached to the Schapiro Declaration as **Exhibit 23**.

24.     "How private browsing works in Chrome" page from Google Chrome Help Center for computer devices, which is available online at https://support.google.com/chrome/answer/7440301?co=GENIE.Platform%3DDesktop and is attached to the Schapiro Declaration as **Exhibit 24**.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      The documents listed above are properly the subject of judicial notice and the Court should

3   consider them when ruling on Google's Motion to Dismiss.

4   **I.    LEGAL STANDARD**

5      The Supreme Court has directed that upon a motion to dismiss, a court "must consider the

6   complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and

7   matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551

8   U.S. 308, 322 (2007). Courts may take judicial notice of facts that are "not subject to reasonable

9   dispute because [they] . . . can be accurately and readily determined from sources whose accuracy

10  cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts "must take judicial notice if a party

11  requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

12     In ruling on a motion to dismiss, a court may take judicial notice of a document explicitly

13  mentioned in the complaint or even a document "not explicitly refer[red] to" in a complaint but which

14  "the complaint necessarily relies upon." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir.

15  2010). "Under the 'incorporation by reference' doctrine in this Circuit, a court may look beyond the

16  pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Davis v.*

17  *HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal quotation marks and citations

18  omitted). The doctrine aims to "[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by

19  deliberately omitting . . . documents upon which their claims are based." *Swartz v. KPMG LLP*, 476

20  F.3d 756, 763 (9th Cir. 2007) (alteration in original) (internal quotation marks omitted). "The rationale

21  of the 'incorporation by reference' doctrine applies with equal force to internet pages as it does to

22  printed material." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporating web pages

23  submitted with a motion to dismiss); *see also Davis*, 691 F.3d at 1160–61 (affirming decision to

24  incorporate web pages referenced by complaint). Publically accessible websites are "[p]roper subjects

25  of judicial notice when ruling on a motion to dismiss." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d

26  1190, 1204 (N.D. Cal. 2014) (Koh, J.) (taking judicial notice of web pages).

27

28

## II.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS

Google seeks judicial notice of the following documents: Google's Privacy Policy (Exs. 1–16), Google's Terms of Service (Exs. 17-19), Google's Chrome Privacy Notice (Exs. 20-22), and certain Google disclosures about "private browsing" (Exs. 23-24).  All Exhibits are incorporated by reference in the SAC, and all are subject to judicial notice as they appear on publicly available websites and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts routinely take judicial notice of these materials. *E.g.*, *In re Zoom Video Commc'ns Inc. Priv. Litig.*, 2021 WL 930623, at *4 n.2 (N.D. Cal. Mar. 11, 2021) (Koh, J.) (holding that "[p]ublic terms  of service and privacy policies are proper subjects of judicial notice"); *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813-14 (N.D. Cal. 2020) (taking judicial notice of Google's Terms of Service, Privacy Policy, and a Google blog post for purposes of motion to dismiss); *Matera v. Google Inc.*, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (Koh, J.) (taking judicial notice of Google's Terms of Service, "various versions of Google's Privacy Policy," and Google's website entitled "Updates: Privacy Policy" for purposes of motion to dismiss). Indeed, this Court took judicial notice of these very same documents in ruling on Google's prior motion to dismiss. ECF No. 113 at 10-11 (taking judicial notice of, among other things, Exhibits 1-15, 17, 20-21, and 23-24 described above).  Judicial notice of the added exhibits (16, 18-19, and 22), which are simply different versions of the documents in Google's prior request, should be taken for the same reasons.

### A.   All Exhibits Are Incorporated by Reference

Exhibits 1 through 24 are properly considered on a motion to dismiss because they are incorporated by reference in the SAC.

The SAC directly cites to Google's Privacy Policy (Exs. 1–16), s*ee, e.g.*, SAC ¶ 45 ("Google's Privacy Policy starts by stating . . ."); Google's Terms of Service (Exs. 17-19), *see, e.g.*, SAC ¶ 200 ("Defendant's own Terms of Service explicitly states . . ."); the Chrome Privacy Notice (Exs. 20-22), SAC ¶ 268 ("Google's relationship with its users is governed by . . . the Chrome Privacy Notice); and the "Search & browse privately" page  (Ex. 23), *see, e.g.*, SAC ¶ 48 ("On the 'Search & Browse Privately' page, Google once again . . ."); *see also* SAC ¶ 268 ("Google's relationship with its users is

governed by the Google Terms of Service, the Google Chrome and Chrome OS Additional Terms of Service, and the Chrome Privacy Notice, which incorporate and/or should be construed consistent with the Privacy Policy, the 'Search & Browse Privately' page, and the Incognito Screen."). Because these documents are expressly referenced and quoted in the SAC, they are all properly considered under the incorporation by reference doctrine and the Court should take judicial notice of their contents. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (judicially noticing the full text of a document, including portions not mentioned in the complaint). Although it is unclear which versions of the Privacy Policy are being referenced, because Plaintiffs allege a Class Period from June 2016 to the present, the Court should take judicial notice of each version of the Privacy Policy (Exs. 1–16) in effect during that period.

A court may also take judicial notice of a document "not explicitly refer[red] to" in a complaint but which "the complaint necessarily relies upon." *Coto*, 593 F.3d at 1038 (judicially noticing a billing agreement where the complaint necessarily relied upon its terms). This rule exists "in order to '[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based . . . .'" *Swartz*, 476 F.3d at 763 (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (judicially noticing insurance terms of service and administrative documents because the claim necessarily relied on plaintiff having been a member of the insurance plan)) (alteration in original). Exhibit 24 is not explicitly referenced in the SAC but should be judicially noticed because Plaintiffs' SAC necessarily relies on it for the reasons below.

The page "How private browsing works in Chrome" (Ex. 24) is a public disclosure related to "private browsing mode" that is linked to the "Search & browse privately" page that is referenced in the SAC (Ex. 23). That Plaintiffs omit mention of this webpage is not dispositive. Plaintiffs cannot "surviv[e] a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based . . . ." *Swartz*, 476 F.3d at 763 (internal quotations omitted). Here, Plaintiffs' breach of contract theory relies on the fact that the "Search & browse privately" page is incorporated into the other documents forming the alleged contract between Google and its users. *See* SAC ¶268. Under Plaintiffs' theory that documents linked to the Privacy Policy—such as the "Search & Browse privately" page—are "incorporated" into their contract, all documents linked to the Privacy Policy,

1   including Exhibit 24, are incorporated.  Because the SAC "necessarily relies upon" all documents that

2   are part of Google's alleged contracts with its users, Exhibit 24 should be judicially noticed.  *Coto*,

3   593 F.3d at 1038.

4   **B.     All Exhibits Are Properly Subject to Judicial Notice as Publicly Available**

5          **Websites**

6          Exhibits 1 through 24 are also the proper subject of judicial notice as publicly available

7   websites. Google's current and all prior versions of its Privacy Policy (Exs. 1–16), Terms of Service

8   (Exs. 17-19), and Chrome Privacy Notice (Exs. 20-22) are publicly available at

9   https://www.google.com/policies/terms/, https://www.google.com/policies/privacy/, and

10  https://www.google.com/chrome/privacy/. Google disclosures about "private browsing" (Exs. 23-24)

11  are publicly available at https://support.google.com.

12         The content of these publicly available web pages is "not subject to reasonable dispute" and

13  "can be accurately and readily determined from sources whose accuracy cannot reasonably be

14  questioned." Fed. R. Evid. Rule 201(b) & (b)(2). Therefore, these documents are subject to judicial

15  notice as they appear on publicly accessible websites and their authenticity cannot reasonably be

16  questioned. *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (Koh, J.) (taking

17  judicial notice, *sua sponte*, of various publicly accessible websites); *Perkins,* 53 F. Supp. 3d at 1204

18  (Koh, J.) (publicly accessible websites are proper subjects of judicial notice when ruling on a motion

19  to dismiss); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983–84 (N.D. Cal. 2010)

20  (taking judicial notice of limited warranty that is publicly available online).

21  **III.    CONCLUSION**

22         For the foregoing reasons, Google respectfully requests that the Court take judicial notice of

23  Exhibits 1 through 24 attached to the Schapiro Declaration.

24

25

26

27

28

1    DATED: May 17, 2021                         QUINN EMANUEL URQUHART &
                                                 SULLIVAN, LLP
2

3                                                By  */s/ Andrew H. Schapiro*
                                                    Andrew H. Schapiro (admitted *pro hac vice*)
4                                                   andrewschapiro@quinnemanuel.com
                                                    191 N. Wacker Drive, Suite 2700
5                                                   Chicago, IL 60606
                                                    Telephone: (312) 705-7400
6                                                   Facsimile: (312) 705-7401
7
                                                    Stephen A. Broome (CA Bar No. 314605)
8                                                   stephenbroome@quinnemanuel.com
                                                    Viola Trebicka (CA Bar No. 269526)
9                                                   violatrebicka@quinnemanuel.com
                                                    865 S. Figueroa Street, 10th Floor
10                                                  Los Angeles, CA 90017
                                                    Telephone: (213) 443-3000
11                                                  Facsimile: (213) 443-3100
12

13                                                  Diane M. Doolittle (CA Bar No. 142046)
                                                    dianedoolittle@quinnemanuel.com
14                                                  555 Twin Dolphin Drive, 5th Floor
                                                    Redwood Shores, CA 94065
15                                                  Telephone: (650) 801-5000
                                                    Facsimile: (650) 801-5100
16

17                                                  Josef Ansorge (admitted *pro hac vice*)
                                                    josefansorge@quinnemanuel.com
18                                                  1300 I. Street, N.W., Suite 900
                                                    Washington, D.C. 20005
19                                                  Telephone: 202-538-8000
                                                    Facsimile: 202-538-8100
20

21                                                  Jomaire A. Crawford (admitted pro hac vice)
                                                    jomairecrawford@quinnemanuel.com
22                                                  51 Madison Avenue, 22nd Floor
                                                    New York, NY 10010
23                                                  Telephone: (212) 849-7000
                                                    Facsimile: (212) 849-7100
24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant* Google LLC