# EXHIBIT A
# Redacted Version of Document Sought to be Sealed

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant; additional counsel
listed in signature blocks below*

BOIES SCHILLER FLEXNER LLP
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel
listed in signature blocks below*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>GOOGLE LLC,<br><br>     Defendant. | Case No. 5:20-cv-03664-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Lucy H. Koh<br>Courtroom 8 – 4th Floor<br>Date: May 26, 2021<br>Time: 2:00 p.m. |

JOINT CASE MANAGEMENT STATEMENT

Pursuant to Federal Rule of Civil Procedure 16, Civil Local Rules 16-9 and 16-10, the Standing Order for All Judges of the Northern District of California, the Court's Case Management Order of March 18, 2021 (Dkt. No. 116), and in advance of the Further Case Management Conference set by the Court for Wednesday, May 26, 2021, at 2:00 p.m., Plaintiffs and Defendant, Google LLC ("Google"), submit this Joint Case Management Statement to report the parties' progress since the previous Joint Case Management Statement filed on March 17 (Dkt. No. 115).

## I.   JURISDICTION AND SERVICE

Google has been served and the Court has jurisdiction over this matter.

## II.   FACTS

The parties have no new facts to add at this time, although discovery is ongoing.

## III.   LEGAL ISSUES

The parties have no new legal issues to present at this time.

## IV.   MOTIONS

<u>Motions Decided Since the Last Joint CMC Statement</u>

The Court granted Google's administrative motion to seal portions of the parties' joint dispute letter regarding log preservation. Dkt. No. 126. The Court granted Benjamin Hewitt and Kimberly Woodruff's motion to relate the *Hewitt v. Google* case to this case. Dkt No. 130. The Court granted Google's motion to seal the courtroom for the parties' April 29, 2021 discovery hearing before Magistrate Judge van Keulen. Dkt. No. 143. The Court issued an order related to the search terms to be applied to Google's custodians. Dkt. No. 148. The Court granted Google's motion to seal portions of the parties' April 23, 2021 joint discovery submission for Magistrate Judge van Keulen. Dkt. No. 152. And the Court granted Google's motion to seal portions of the parties' May 6, 2021 joint discovery submission for Magistrate Judge van Keulen. Dkt. No. 160. One motion for admission *pro hac vice* has been filed and granted. Dkt. Nos. 158, 161.

<u>Pending Motions</u>

Pursuant to the Court's Order (Dkt No. 138) granting the Stipulation re Leave to File Second Amended Complaint and Deadline to Respond to Second Amended Complaint (Dkt No. 136), Google filed a motion to dismiss Counts Six and Seven of the Second Amended Complaint on May

**JOINT CASE MANAGEMENT STATEMENT**

17, 2021 (Dkt No. 164).  Google did not file any Answer.  The hearing on Google's motion to dismiss has been scheduled for September 30, 2021 at 1:30 PM.

Anticipated Motions

**Plaintiffs' Statement:**

Plaintiffs anticipate moving for class certification and may also seek summary judgment and/or adjudication on certain claims or issues.  Plaintiffs also anticipate filing additional discovery disputes with Magistrate Judge van Keulen.

**Google's Statement:**

Google anticipates opposing class certification and moving for summary judgment.  Google also anticipates briefing additional discovery disputes for Magistrate Judge van Keulen.

## V.    AMENDMENT OF PLEADINGS

On April 15, 2021, the Court, pursuant to stipulation of the parties, granted Plaintiffs' request for leave to file their Second Amended Complaint.  Dkt No. 138; Dkt No. 136-1 (SAC).

## VI.    EVIDENCE PRESERVATION

**Plaintiffs' Statement:**  As discussed below, Plaintiffs have prepared a submission for Magistrate Judge van Keulen regarding Google's refusal to preserve relevant data logs.

**Google's Statement:**  Google is preserving evidence in compliance with its discovery obligations.  As to the data logs, Magistrate Judge van Keulen has already ruled that "Google need not suspend its standard retention periods applicable to data logs that reflect event-level data." *Calhoun et al. v. Google LLC*, No. 5:20-cv-5146, Dkt. 174. Because the logs at issue in *Brown* are subsumed within the logs at issue in *Calhoun*, the Magistrate Judge already held that the ruling in *Calhoun* would apply equally in *Brown*. Dkt. 147-1 at 1 (in response to Plaintiffs raising this precise issue, Judge van Keulen wrote: "See Order filed in related case, *Calhoun, et al., v. Google* (20-5146)"). Therefore, the issue Plaintiffs intend to raise with Magistrate Judge van Keulen is moot.

## VII.    DISCLOSURES

The parties exchanged initial disclosures on September 8, 2020.  Plaintiffs served amended disclosures on March 16, 2021.

**JOINT CASE MANAGEMENT STATEMENT**

**VIII.   DISCOVERY**

A.  Case Schedule

The Court adopted an initial discovery plan in its September 3, 2020 Case Management Order.  Dkt. No. 61.  The parties believe a modification to the schedule is necessary, which is discussed below in Section X.

B.  Written Discovery Since the Last Joint CMC Statement

Google responded to Plaintiffs' second set of interrogatories on March 29, 2021.  Google responded to Plaintiffs' third set of RFPs on April 16, 2021.  Google responded to Plaintiffs' third set of interrogatories on April 16, 2021 and provided amended responses on May 12.  Plaintiffs served their fourth set of RFPs, fourth set of interrogatories, and third set of RFAs on April 15.  Plaintiffs granted Google a two-week extension to respond to the interrogatories and RFAs, which are now due on May 31, 2021, and a one-week extension to respond to the RFPs, which are now due on May 24, 2021.

Google served its third set of interrogatories to Plaintiffs on April 21, 2021.  Google granted Plaintiffs a two-week extension to respond to the interrogatories, which are now due on June 4, 2021.  On April 30, 2021, Google served its first and second set of RFAs; first and second set of interrogatories; and first and second set of RFPs to Plaintiff Monique Trujillo.  Plaintiff's deadline to respond is May 31, 2021.  Plaintiffs served revised responses to interrogatory no. 2 on May 6, 2021 and verified amended responses to interrogatory nos. 1, 4, and 5 on May 12, 2021. Plaintiffs also served their revised responses to RFP No. 6 on May 6, 2021.

C.  Depositions

***Plaintiffs' Statement:***

On April 14, 2021, Plaintiffs deposed a Google representative regarding Google's collection of data from users who visit the Court's website.  Google's representative confirmed that Google scripts embedded within the Court's website collect information from users when they are in a private browsing mode.  Google's representative also confirmed that Google does not collect what is called the "X-Client-Data header" when people browse in Incognito mode.  Tr. 129:5-10.  The upshot is that records of Google's collection of that data from private browsing (if preserved and

**JOINT CASE MANAGEMENT STATEMENT**

produced by Google) can be used to identify putative class members.  Google's response below shows that, at a minimum, the X-Client-Data header is sent to Google Ad Manager, Google's service which serves ads.

On April 27, 2021, Plaintiffs served a second Notice of Deposition Pursuant to Rule 30(b)(6) seeking information regarding Google's logs, databases, and storage systems containing users' private browsing data, as well as Google's ability to correlate private browsing data with users and their devices, such as by using "twice-baked" cookie identifiers only visible to Google and undisclosed to websites and consumers.  Plaintiffs believe a 30(b)(6) deposition on these issues is appropriate, particularly in light of Google's efforts to stonewall Plaintiffs' discovery into these topics.  Google finally proposed dates for this deposition on May 19, but Google has not yet provided any formal response or objections.

*Google's Statement:*  Google made its Product Manager, Jesse Adkins, available to testify regarding the data that Google receives to provide the services requested by the Court's website developer. In that deposition, Mr. Adkins confirmed the facts stated in his March 1, 2021 declaration submitted to the Court—namely, that Google receives certain information from the Court's website so that it can provide services the Court's web developer has requested, and that, depending on the user's brand of browser and settings, Google generally receives such information regardless of whether the user is in private browsing mode.

Mr. Adkins also testified that the x-client data header is not sent in Incognito mode. That fact was not a revelation; it is publicly available information. Plaintiffs' assertion that this means Google can use the absence of the x-client data header "to identify putative class members" is specious. The absence of the x-client data header does not mean the user is in private browsing mode.  For example, the x-client data header is not sent to Google Analytics, regardless of which browser mode is being used and the x-client data header is never sent from any non-Chrome browser.

Plaintiffs' theories about "twice-baked" cookies are similarly meritless. Nonetheless, Google has offered to make a Rule 30(b)(6) witness available on June 16 to testify on this topic in response to Plaintiffs' Rule 30(b)(6) notice.

CASE NO. 5:20-cv-03664-LHK

**JOINT CASE MANAGEMENT STATEMENT**

D.  Protective Order

The parties were able to agree on all terms of a protective order, which Magistrate Judge Susan van Keulen approved on October 15, 2020 with one revision to the provision related to the right to further relief.  Dkt. No. 81.

E.  ESI Protocol

The parties stipulated to an order related to ESI discovery, which Judge van Keulen approved on October 15, 2020.  Dkt. No. 80.

F.  Discovery Updates

**_Plaintiffs' Statement re:_** Discovery for Purposes of Seeking Class Certification:

Google continues to stonewall Plaintiffs' efforts to obtain discovery that will enable the them to identify class members and the data that Google collects from those class members.  Discovery so far shows that Google uses ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████  In addition, Google has something called the X-Client-Data header, which internal Google documents show is ███ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████

As a first step for class-focused discovery, Magistrate Judge van Keulen ordered Google to by May 12 produce all data tied to the named plaintiffs and their devices, including the secret cookie identifiers that Google characterizes as "unauthenticated."  Dkt. No. 147-1 at 2.  Google has so far evaded this Order.  Google's counsel later stated that Google would on May 12 only be producing authenticated data tied to the named plaintiffs' Google accounts (meaning, none of Plaintiffs' private

**JOINT CASE MANAGEMENT STATEMENT**

browsing information).  Plaintiffs asked Google how to locate any unauthenticated identifiers for the named plaintiffs, but Google refused to answer.

In the parties' May 6 joint submission to Magistrate Judge van Keulen, Plaintiffs therefore requested that their experts be permitted clean room access to an internal Google search tool to search for information relating to the named plaintiffs' and their devices using both authenticated and unauthenticated identifiers.  Dkt No. 155; GOOG-BRWN-00028920.  Google then for the first time represented that "Plaintiffs can obtain the unauthenticated identifiers by opening up a new private browsing session and recording the cookie values from that session."  Dkt. No. 155. Plaintiffs followed up with Google on May 7 to ask how to do this, but Google did not respond until May 12, the deadline for its production.

Google responds below that the data at issue is "not linked to identifying information, such as names or electronic or physical addresses."  Google tellingly says nothing about devices or device-identifiers.

***Google's Statement re:*** Discovery for Purposes of Seeking Class Certification: There is no evidence that Google has "stonewalled" Plaintiffs or evaded Magistrate Judge van Keulen's order to "produce identification data for the named Plaintiffs." Dkt. 147-1 at 2. On the contrary, Google has produced what it has been ordered to produce.  Plaintiffs cannot use Google's data systems to identify individual class members because Google's systems and practices are designed to ensure that browsing data from users' private browsing, while logged out of their Google Account, are not linked to identifying information, such as names or electronic or physical addresses.

Judge van Keulen ordered Google to produce information "***provided*** Plaintiffs have provided the necessary device information." (*Id.*) (emphasis added). Google produced data associated with the Google account information Plaintiffs provided to Google. However, because Plaintiffs have failed to provide any cookie values which Google could use to query its systems for activity not tied to a Google account, Google cannot produce such data. Google even provided Plaintiffs with specific steps describing how to obtain unauthenticated identifiers from their browsers. In any event, Plaintiffs have yet to provide that information to Google. Once Plaintiffs provide the cookie values to Google, Google will be able to produce data associated with those cookie values.

**JOINT CASE MANAGEMENT STATEMENT**

1   ***Plaintiffs' Statement re***: Google's Preservation of Relevant Logs:

2       Internal Google documents show that ████████████████████████████

3   ████████████████████████████████████████████████████████  As such,

4   the data in these logs can be used to identify class members.  It appears, however, that Google is not

5   preserving those logs.  Plaintiffs are concerned that Google is interpreting the Court's preservation

6   Order in the *Calhoun* matter to somehow permit destruction of those raw logs.  No. 5:20-cv-5146,

7   Dkt. 173-1.  The *Calhoun* Order did not address these raw logs, and Magistrate Judge van Keulen

8   invited further briefing, which the parties are in the process of completing.  Moreover, after the

9   parties in this case initially briefed log preservation on March 23 (Dkt No. 119), Google admitted

10  that logged-out users can be identified and are actually tracked by the secret Google identifiers

11  described above.  *E.g.*, Dkt No. 155 at 4-5.  By contrast, in the March 23 submission, Google told

12  the Court that "Google's systems are designed such that data generated by users who are logged out

13  is not linked—or reasonably linkable—to [] individuals."  Dkt No. 119 at 4.

14      Google's response below shows that these raw logs were not at issue in the *Calhoun* Order.

15  This is a new issue.  Plaintiffs have prepared a submission for consideration by Magistrate Judge

16  van Keulen, and hope that Google will timely complete its portion so the parties can raise this dispute

17  with the Court.

18      ***Google's Statement re***: Preservation of Relevant Logs:  After extensive briefing, two

19  hearings, and a Rule 30(b)(6) deposition on this same issue, Magistrate Judge van Keulen ordered

20  that Google "need not suspend its standard retention periods applicable to data logs that reflect

21  event-level data of Chrome users in the United States." *Calhoun v. Google*, Dkt. 174. The Magistrate

22  Judge's order relates to data that subsumes the so-called "raw" logs to which Plaintiffs refer. Judge

23  van Keulen stated that the ruling in Calhoun also applies to Brown.  Dkt. 147-1 at 1 ("See Order

24  filed in related case, *Calhoun, et al., v. Google* (20-5146)").  Therefore, the issue Plaintiffs now seek

25  to brief anew is already decided: Google is not required to preserve the "raw" logs.

26      ***Plaintiffs' Statement re***: Cross-Use of Documents with *Calhoun*:

27      Following the parties' April 13, 2021 discovery hearing, Magistrate Judge van Keulen

28  ordered Google to produce the transcript and exhibits from the 30(b)(6) deposition in the *Calhoun*

**JOINT CASE MANAGEMENT STATEMENT**

matter regarding certain Google server logs.  Dkt No. 133-1 at 4.  Magistrate Judge van Keulen also ordered the parties to meet and confer regarding cross-use of documents between the actions. Plaintiffs believe that cross-use is appropriate and useful.  The limited *Calhoun* documents produced so far strongly support Plaintiffs' view.  For example, through the *Calhoun* deposition transcript, Plaintiffs learned for the first time about Google's secret, "twice-baked cookie" identifiers that Google uses to track users' logged-out browsing activity, including private browsing activity.

**_Google's Statement re_**: Cross-Use of Documents with *Calhoun*:

In accordance with Magistrate Judge Van Keulen's April 30, 2021 order in *Calhoun* (Dkt. No. 173-1), Google is committed to meeting and conferring with Plaintiffs in both *Brown* and *Calhoun* to arrive at a tailored cross-use of certain documents that will further the twin goals of efficiency and fairness. The Magistrate Judge has ordered the parties to work out a reasonable plan, and has discouraged indiscriminate cross-use, stating that cross-use "doesn't mean full on without limitations." (4/29/2020 Hearing Tr. at 60.) Of course, unlimited cross-use is both inefficient and prejudicial because it will lead to the production of irrelevant documents and broaden the scope of discovery beyond what is reasonable and proportional in each case. Although Google will continue to meet and confer with Plaintiffs on a preferred approach, it has proposed to produce in both *Brown* and *Calhoun* responsive documents of overlapping custodians in both cases that have been or will be produced in each of those cases.

**_Google's Statement re_**: Plaintiffs' Responses to Google's First and Second Sets of Discovery Requests:

Plaintiffs have treated discovery as if it were a one-way street and have been slow in responding and amending their responses to Google's discovery requests that were memorialized in the parties' joint status update to the Court on May 6, 2021 (Dkt. 147-1), which has prejudiced Google's ability to learn highly relevant information related to the Named Plaintiffs and the parties' claims and defenses.

*Requests for Admission Nos 1, 2, 4; Interrogatory Nos. 7, 9, 10; Requests for Production No. 2*: Until the May 18, 2021 meet and confer, Plaintiffs refused to provide a date certain by which they would commit to amending their responses to RFA Nos. 1, 2, and 4, including for RFA No. 1

CASE NO. 5:20-cv-03664-LHK

**JOINT CASE MANAGEMENT STATEMENT**

1   where the Court ordered Plaintiffs to provide a date certain by May 6, 2021 (Dkt. 147-1), which

2   they failed to do.  Only on the parties' May 18, 2021 meet and confer did Plaintiffs state that they

3   intend to serve amended responses to RFA No. 1, 2, and 4 by May 24, 2021. For Interrogatory Nos.

4   7, 9, and 10, Plaintiffs committed for the first time on the May 18, 2021 meet and confer to provide

5   amended responses by June 1, 2021. For RFP No. 2, Plaintiffs indicated for the first time on the

6   May 18, 2021 meet and confer that they would provide their position on whether to produce Chrome

7   Device Settings in response to this RFP by June 1, 2021.

8      ***Plaintiffs' Statement re***: Plaintiffs' Responses to Google's First and Second Sets of

9   Discovery Requests:

10     Plaintiffs disagree with Google's characterization of Plaintiffs' discovery efforts.   The

11  parties have held productive meet and confers regarding these issues, and Plaintiffs look forward to

12  continuing them.

13  **IX. SETTLEMENT AND ADR**

14     No settlement discussions have taken place.  Pursuant to ADR Local Rule 3-5 and Civil

15  Local Rule 16-8, on August 19, 2020, the parties met and conferred regarding the available dispute

16  resolution options and filed their respective ADR Certifications.  The parties do not believe that

17  ADR is appropriate at this time.

18  **X. PROPOSED CASE SCHEDULE**

19     The parties agree that additional time is necessary to complete fact discovery and jointly

20  propose extending the current deadlines by approximately 3 months.  The parties respectfully

21  request that the Court enter the Amended Case Management Order filed concurrently with this CMC

22  statement.  The parties agree to work together in good faith to resolve any discovery dispute that

23  arises in connection with briefing class certification, including through additional fact discovery if

24  necessary, and to raise any dispute with the Court.

25

26

27

28

**JOINT CASE MANAGEMENT STATEMENT**

1   DATED: May 19, 2021                     QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
2

3
                                   By   /s/ *Andrew H. Schapiro*
4                                       Andrew H. Schapiro (admitted *pro hac vice*)
                                        andrewschapiro@quinnemanuel.com
5                                       191 N. Wacker Drive, Suite 2700
                                        Chicago, IL 60606
6                                       Tel: (312) 705-7400
                                        Fax: (312) 705-7401
7

8                                       Stephen A. Broome (CA Bar No. 314605)
                                        stephenbroome@quinnemanuel.com
9                                       Viola Trebicka (CA Bar No. 269526)
                                        violatrebicka@quinnemanuel.com
10                                      865 S. Figueroa Street, 10th Floor
                                        Los Angeles, CA 90017
11                                      Telephone: (213) 443-3000
                                        Facsimile: (213) 443-3100
12

13                                      Diane M. Doolittle (CA Bar No. 142046)
                                        dianedoolittle@quinnemanuel.com
14                                      Thao Thai (CA Bar No. 324672)
                                        thaothai@quinnemanuel.com
15                                      555 Twin Dolphin Drive, 5th Floor
                                        Redwood Shores, CA 94065
16                                      Telephone: (650) 801-5000
                                        Facsimile: (650) 801-5100
17

18                                      William A. Burck (admitted *pro hac vice*)
19                                      williamburck@quinnemanuel.com
                                        Josef Ansorge (admitted *pro hac vice*)
20                                      josefansorge@quinnemanuel.com
                                        1300 I. Street, N.W., Suite 900
21                                      Washington, D.C. 20005
                                        Telephone: 202-538-8000
22                                      Facsimile: 202-538-8100

23                                      Jomaire A. Crawford (admitted *pro hac vice*)
                                        jomairecrawford@quinnemanuel.com
24                                      51 Madison Avenue, 22nd Floor
                                        New York, NY 10010
25                                      Telephone: (212) 849-7000
                                        Facsimile: (212) 849-7100
26

27                                      Jonathan Tse (CA Bar No. 305468)
                                        jonathantse@quinnemanuel.com
28                                      50 California Street, 22nd Floor

                                            -11-                  CASE NO. 5:20-cv-03664-LHK
**JOINT CASE MANAGEMENT STATEMENT**

1

2

San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

3

4

*Attorneys for Defendant*
Google LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-

**JOINT CASE MANAGEMENT STATEMENT**

DATED: May 19, 2021

SUSMAN GODFREY L.L.P.

By   /s/ *Mark C. Mao*
_____

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Sean Phillips Rodriguez (CA Bar No. 262437)
srodriguez@bsfllp.com
Beko Rebitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Alexander Justin Konik (CA Bar No. 299291)
akonik@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

-13-

CASE NO. 5:20-cv-03664-LHK

**JOINT CASE MANAGEMENT STATEMENT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (pro hac vice)
mram@forthepeople.com
Ra O. Amen (pro hac vice)
ramen@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*

CASE NO. 5:20-cv-03664-LHK

JOINT CASE MANAGEMENT STATEMENT

**ATTESTATION**

I, Andrew H. Schapiro, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


DATED:   May 19, 2021                          By:     */s/ Andrew H. Schapiro*
                                                        Andrew H. Schapiro

**JOINT CASE MANAGEMENT STATEMENT**