QUINN EMANUEL URQUHART & SULLIVAN, LLP

BOIES SCHILLER FLEXNER LLP
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
William Christopher Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel listed in signature blocks below*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant; additional counsel listed in signature blocks below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**JOINT SUBMISSION IN RESPONSE TO DKT. 143, 163 RE: SEALING PORTIONS OF APRIL 29, 2021 HEARING TRANSCRIPT**<br><br>Referral: Hon. Susan van Keulen, USMJ |

1  May 19, 2021

2  Submitted via ECF

3  Magistrate Judge Susan van Keulen
   San Jose Courthouse
4  Courtroom 6 - 4th Floor
   280 South 1st Street
5  San Jose, CA 95113

6      Re:    Joint Submission in Response to Dkt. 143, 163 re: Sealing Portions of April 29, 2021 Hearing Transcript
7            *Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

8  Dear Magistrate Judge van Keulen:

9      Pursuant to Your Honor's April 28, 2021 Order on Google's Administrative Motion to

10 Seal Courtroom for April 29, 2021 Discovery Hearing (Dkt. 143), and May 13, 2021 Order

11 Extending Time for Submitting Proposed Redactions to Transcript of April 29, 2021 Hearing

12 (Dkt. 163), Plaintiffs and Google LLC ("Google") jointly submit this statement regarding sealing

13 portions of the April 29, 2021 hearing transcript.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Google respectfully seeks to seal 29 partial lines (less than one page) of the 42-page April 29, 2021 Hearing Transcript ("Transcript"), because those lines contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly, including: (1) the various types of data logs maintained by Google; and (2) the various types of Google's internal identifiers/cookies and their proprietary functions.  The Court previously granted Google's motions to seal the same information it seeks to seal now, including in Dkt. Nos. 124, 152, and 160 and in *Calhoun v. Google LLC*, No. 5:20-cv-05146-LHK-SVK, Dkt Nos. 124, 154 (N.D. Cal. Mar. 3, 2021).  On the same bases, the Court also sealed the April 29, 2021 hearing. (Dkt. 143). This information is highly confidential and should be protected.

This Administrative Motion pertains to the following information contained in the Transcript:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| April 29, 2021 Hearing Transcript | Portions Highlighted in Yellow at 6:17, 6:19, 7:6, 7:7, 7:10, 9:22, 12:3, 12:6-9, 12:11-12, 13:23, 15:10, 17:20-21, 18:8-9, 22:14-15, 22:16-20, 26:9, 26:18, 26:19 | Google |

The parties conferred on the proposed redactions to the Transcript.  Plaintiffs believe there is no basis for any redactions, but they nonetheless do not oppose Google's motion to seal.

**I.   LEGAL STANDARD**

The common law right of public access to judicial records in a civil case is not a constitutional right and it is "not absolute." *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have refused to permit their files to serve as reservoirs of . . . sources of business information that might harm a litigant's competitive standing").  The right to access is further diminished where, as here, a party seeks to prevent the disclosure of information discussed during a hearing on a non-dispositive discovery motion; rather than the more stringent "compelling reasons" standard, a party seeking to seal materials in these circumstances must make only a "particularized showing" of "good cause."  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).  A "strong

presumption of access" does **not** apply to sealed discovery documents attached to non-dispositive motions; a "party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Even at trial, sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

## II. THE ABOVE IDENTIFIED MATERIALS EASILY MEET THE "GOOD CAUSE" STANDARD AND SHOULD ALL BE SEALED

Although the materials that Google seeks to seal here easily meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard. Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99. Good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g. Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).

Here, the Transcript comprises confidential information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. Specifically, this information provides details related to the various types of Google's internal identifiers/cookies and their proprietary functions and the various types of event-level data logs maintained by Google. Such

information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with legal and privacy obligations.

Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, designs, and practices to Google's competitors. That alone is a proper basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publically available").

Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's data log systems and/or internal identifier systems. Google would be placed at an increased risk of cyber security threats, and data related to browsing of users could similarly be at risk. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). The security threat is an additional reason for this Court to seal the identified information. The information Google seeks to redact, including the functionalities of its data logs, internal identifiers/cookies and their functionalities, and internal data structures, is the minimal amount of information needed to protect its internal systems and operations from being exposed to not only its competitors but also to nefarious actors who may improperly seek access to and disrupt these systems and operations. The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

## III.   CONCLUSION

1   For the foregoing reasons, Google respectfully requests that the Court seal the identified
2   portions of the Transcript.

Respectfully,

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BOIES SCHILLER FLEXNER LLP |
|---|---|
| */s/ Andrew H. Schapiro* | */s/ Mark C. Mao* |
| Andrew H. Schapiro (admitted *pro hac vice*) | Mark C. Mao (CA Bar No. 236165) |
| andrewschapiro@quinnemanuel.com | mmao@bsfllp.com |
| 191 N. Wacker Drive, Suite 2700 | Sean Phillips Rodriguez (CA Bar No. 262437) |
| Chicago, IL 60606 | srodriguez@bsfllp.com |
| Tel: (312) 705-7400 | Beko Reblitz-Richardson (CA Bar No. 238027) |
| Fax: (312) 705-7401 | brichardson@bsfllp.com |
| Stephen A. Broome (CA Bar No. 314605) | 44 Montgomery Street, 41st Floor |
| sb@quinnemanuel.com | San Francisco, CA 94104 |
| Viola Trebicka (CA Bar No. 269526) | Tel: (415) 293 6858 |
| violatrebicka@quinnemanuel.com | Fax: (415) 999 9695 |
| 865 S. Figueroa Street, 10th Floor | |
| Los Angeles, CA 90017 | James W. Lee (*pro hac vice*) |
| Tel: (213) 443-3000 | jlee@bsfllp.com |
| Fax: (213) 443-3100 | Rossana Baeza (*pro hac vice*) |
| | rbaeza@bsfllp.com |
| Diane M. Doolittle (CA Bar No. 142046) | 100 SE 2nd Street, Suite 2800 |
| dianedoolittle@quinnemanuel.com | Miami, FL 33130 |
| 555 Twin Dolphin Drive, 5th Floor | Tel: (305) 539-8400 |
| Redwood Shores, CA 94065 | Fax: (305) 539-1304 |
| Telephone: (650) 801-5000 | |
| Facsimile: (650) 801-5100 | William Christopher Carmody (*pro hac vice*) |
| Jomaire A. Crawford (admitted *pro hac vice*) | bcarmody@susmangodfrey.com |
| jomairecrawford@quinnemanuel.com | Shawn J. Rabin (*pro hac vice*) |
| 51 Madison Avenue, 22nd Floor | srabin@susmangodfrey.com |
| New York, NY 10010 | Steven Shepard (*pro hac vice*) |
| Telephone: (212) 849-7000 | sshepard@susmangodfrey.com |
| Facsimile: (212) 849-7100 | Alexander P. Frawley (*pro hac vice*) |
| | afrawley@susmangodfrey.com |
| Josef Ansorge (admitted *pro hac vice*) | SUSMAN GODFREY L.L.P. |
| josefansorge@quinnemanuel.com | 1301 Avenue of the Americas, 32nd Floor |
| Carl Spilly (admitted *pro hac vice*) | New York, NY 10019 |
| carlspilly@quinnemanuel.com | Tel: (212) 336-8330 |
| 1300 I Street NW, Suite 900 | |
| Washington D.C., 20005 | Amanda Bonn (CA Bar No. 270891) |
| Tel: (202) 538-8000 | abonn@susmangodfrey.com |
| Fax: (202) 538-8100 | SUSMAN GODFREY L.L.P. |
| Jonathan Tse (CA Bar No. 305468) | 1900 Avenue of the Stars, Suite 1400 |
| jonathantse@quinnemanuel.com | Los Angeles, CA 90067 |
| 50 California Street, 22nd Floor | Tel: (310) 789-3100 |
| San Francisco, CA 94111 | |
| Tel: (415) 875-6600 | John A. Yanchunis (*pro hac vice*) |
| Fax: (415) 875-6700 | jyanchunis@forthepeople.com |
| | Ryan J. McGee (*pro hac vice*) |

1 | *Attorneys for Defendant Google LLC*

rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
Fax: (813) 222-4736

Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Submission. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: May 19, 2021                           By        */s/ Andrew H. Schapiro*
                                                                Andrew H. Schapiro
                                                                *Counsel on behalf of Google LLC*