# EXHIBIT A
# Redacted Version of Document Sought to be Sealed

1          UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3              SAN JOSE DIVISION      COPY

4

5   CHASOM BROWN, MARIA NGUYEN, AND    )   C-20-03664 LHK
    WILLIAM BYATT, INDIVIDUALLY AND    )
6   ON BEHALF OF ALL SIMILARLY         )   SAN JOSE, CALIFORNIA
    SITUATED,                          )
7                                      )   APRIL 29, 2021
                                       )
                PLAINTIFF,             )
8                                      )   PAGES 1-44
            VS.                        )
9                                      )   **SEALED PROCEEDINGS**
    GOOGLE LLC AND ALPHABET INC.,      )
10                                     )
                DEFENDANTS.            )
11   _____  )

12

13          TRANSCRIPT OF ZOOM PROCEEDINGS
         BEFORE THE HONORABLE LUCY H. KOH
14          UNITED STATES DISTRICT JUDGE

15

16   A P P E A R A N C E S:

17   FOR THE PLAINTIFFS:    SUSMAN GODFREY LLP
                            BY:  AMANDA K. BONN
18                          1900 AVENUE OF THE STARS, SUITE 1400
                            LOS ANGELES, CALIFORNIA  90067
19
                            BY:  ALEXANDER P. FRAWLEY
20                          1301 AVENUE OF THE AMERICAS, 32ND FLOOR
                            NEW YORK, NEW YORK  10019
21

22          APPEARANCES CONTINUED ON NEXT PAGE

23   OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                 CERTIFICATE NUMBER 9595
24

25       PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
            TRANSCRIPT PRODUCED WITH COMPUTER



SEALED PROCEEDINGS

APPEARANCES (CONTINUED)


FOR THE PLAINTIFFS:     BOIES SCHILLER FLEXNER LLP
                        BY:  MARK C. MAO
                             BEKO REBLITZ-RICHARDSON
                        44 MONTGOMERY STREET, 41ST FLOOR
                        SAN FRANCISCO, CALIFORNIA  94104

                        BY:  JAMES LEE
                        100 SE 2ND STREET, 28TH FLOOR
                        MIAMI, FLORIDA  33131

                        MORGAN & MORGAN
                        COMPLEX LITIGATION GROUP
                        BY:  RYAN MCGEE
                        201 N. FRANKLIN STREET, 7TH FLOOR
                        TAMPA, FLORIDA  33602

FOR THE DEFENDANT:      QUINN EMANUEL URQUHART & SULLIVAN
                        BY:  ANDREW H. SCHAPIRO
                        191 N. WACKER DRIVE, SUITE 2700
                        CHICAGO, ILLINOIS  60606

                        BY:  STEPHEN A. BROOME
                             VIOLA TREBICKA
                        865 S. FIGUEROA STREET, 10TH FLOOR
                        LOS ANGELES, CALIFORNIA  90017

                        BY:  JOMARIE A. CRAWFORD
                             JOSEF ANSORGE
                        51 MADISON AVENUE
                        NEW YORK, NEW YORK  10010

                        BY:  JONATHAN TSE
                        50 CALIFORNIA STREET, FLOOR 22
                        SAN FRANCISCO, CALIFORNIA  94111

```
 1    SAN JOSE, CALIFORNIA                    APRIL 29, 2021

 2                  P R O C E E D I N G S

 3        (SEALED ZOOM PROCEEDINGS CONVENED AT 3:28 P.M.)

 4            THE COURT:  ALL RIGHT.  WE'RE BACK.

 5        MS. FANTHORPE, IF YOU'LL CALL US TO ORDER, WE WILL GET

 6    UNDERWAY, PLEASE.

 7            THE CLERK:  CALLING CASE 20-CV-3664, BROWN, ET AL,

 8    VERSUS GOOGLE, LLC, ET AL.

 9        COUNSEL, PLEASE IDENTIFY YOURSELVES FOR THE RECORD,

10    BEGINNING WITH THE PLAINTIFFS.

11            MS. BONN:  GOOD AFTERNOON, YOUR HONOR.

12        AMANDA BONN WITH SUSMAN GODFREY ON BEHALF OF THE

13    PLAINTIFFS.  AND I'LL ALLOW MY COLLEAGUES TO INTRODUCE

14    THEMSELVES AS WELL.

15            MR. MAO:  GOOD AFTERNOON, YOUR HONOR.

16        MARK MAO, BOIES SCHILLER, FOR THE PLAINTIFFS.

17            MR. RICHARDSON:  BEKO RICHARDSON, BOIES SCHILLER

18    FLEXNER, ON BEHALF OF THE PLAINTIFFS.  GOOD AFTERNOON.

19            MR. LEE:  JAMES LEE, BOIES SCHILLER FLEXNER.

20            MR. MCGEE:  GOOD AFTERNOON.

21        RYAN MCGEE, MORGAN & MORGAN, FOR THE PLAINTIFFS.

22            MR. FRAWLEY:  AND ALEXANDER FRAWLEY FROM

23    SUSMAN GODFREY FOR THE PLAINTIFFS.

24            MR. SCHAPIRO:  I THINK THAT COVERS ALL THE

25    PLAINTIFFS, YOUR HONOR.
```

1          WE'RE BACK FOR GOOGLE.  ANDREW SCHAPIRO, STEVE BROOME,

2     JOSEPH ANSORGE, VIOLA TREBICKA, JOMARIE CRAWFORD, AND

3     JONATHAN TSE.

4          THE COURT:  THANK YOU, MR. SCHAPIRO.

5          ALL RIGHT.  WE HAVE A NUMBER OF DISCOVERY DISPUTES ON IN

6     THIS MATTER AS WELL.  WE WILL NOT GO TOO QUICKLY SO THAT WE CAN

7     HAVE A RECORD, AND WE WILL START, I THINK, WITH THE PERHAPS

8     MOST MEATY OF THE ISSUES, AND I THINK THAT'S DISPUTE NUMBER 2

9     REGARDING -- NO, NO, I GOT THAT WRONG -- DISPUTE NUMBER 6

10    REGARDING CLASS MEMBER IDENTIFICATION FOR WHICH THE PARTIES

11    SUBMITTED A BRIEF ADDITIONAL STATEMENT, IF I'M SEEING THAT

12    CORRECTLY.  SO THAT'S WHERE WE'LL START.

13         AS I IDENTIFIED -- AS I UNDERSTAND RFP NUMBER 10, THE

14    PLAINTIFFS ARE -- HAVE REQUESTED DOCUMENTS SUFFICIENT TO

15    IDENTIFY ALL OF THE ALLEGED CLASS MEMBERS, INCLUDING ALL

16    ELECTRONIC AND PHYSICAL ADDRESS INFORMATION ASSOCIATED WITH THE

17    ALLEGED CLASS MEMBERS.

18         AND FOR FRAME OF REFERENCE, THE CLASS IN THIS CASE HAS

19    THE -- CLASSES, PROPOSED CLASSES HAVE THE ELEMENTS OF THE

20    MEMBERS BEING NOT LOGGED INTO THEIR GOOGLE ACCOUNTS AND BEING

21    IN PRIVATE BROWSING MODE.

22         SO WHO'S GOT THE MIC FOR PLAINTIFFS?

23         AND I THINK I UNDERSTAND REALLY WHAT THE ISSUES ARE.  I

24    GET VERY QUICKLY TO, WHAT IS IT YOU WANT, AND WITHIN WHAT

25    PERIOD OF TIME?

 1          I ALSO NOTE THE PROPOSAL THAT, AT LEAST FOR STARTERS, WE

 2     START WITH THE PLAINTIFFS', THAT IS, THE NAMED PLAINTIFFS',

 3     DATA.

 4          SO WHO'S GOT THE MIC FOR PLAINTIFFS?

 5              MS. BONN:  THANK YOU, YOUR HONOR.  THIS IS

 6     AMANDA BONN WITH SUSMAN GODFREY.

 7          MARK MAO IS GOING TO ADDRESS ANY, YOU KNOW, NITTY-GRITTY

 8     QUESTIONS.  I DID WANT TO KIND OF MAKE A COUPLE OF HIGH LEVEL

 9     POINTS, ESPECIALLY HEARING THE BENEFIT OF THE CALHOUN ARGUMENT,

10     WHICH WAS RELATED.

11          WHAT DO WE WANT?  YES, NUMBER ONE, WE WANT THE DATA FOR

12     THE NAMED PLAINTIFFS.  WE THINK THAT'S A GOOD PLACE TO START.

13          AND I THINK THAT THE ISSUE THAT PERCOLATED UP DURING THE

14     CALHOUN HEARING IS DATA THAT GOOGLE DEEMS, QUOTE, AUTHENTICATED

15     BECAUSE THEY TIE IT TO AN INDIVIDUAL'S NAME, NAMED ACCOUNT,

16     VERSUS INFORMATION THAT'S TIED TO A DEVICE.

17          AND GOOGLE MADE SOME ARGUMENTS ABOUT THEIR INTERNAL

18     POLICIES AND HOW THEY SEGREGATE DATA AND, AS A MATTER OF THEIR

19     PRACTICE, THEY DON'T DO CERTAIN THINGS WITH CERTAIN POOLS OF

20     DATA.

21          BUT WE REALLY VIEW THAT AS A MERITS ARGUMENT.  THAT MAY BE

22     ONE OF GOOGLE'S DEFENSES THAT WE DISAGREE WITH, BUT WE BELIEVE

23     WE'RE ENTITLED TO ANY DATA THAT GOOGLE HAS COLLECTED THAT WE

24     CAN MAKE AN ARGUMENT IS TIED TO OUR PLAINTIFFS, WHETHER BY NAME

25     OR BY DEVICE OR BY SOME OTHER IDENTIFIER.

1    AND SO I THINK THAT'S REALLY THE CORE ISSUE AND THE CORE

2    DISPUTE.

3    AND WITH THAT, I'LL KIND OF TURN IT OVER TO MR. MAO WHO,

4    YOU KNOW, I THINK IS PREPARED TO KIND OF GIVE A LITTLE MORE

5    DETAIL ON TECHNICALLY WHAT WE'RE ASKING FOR.

6    THE COURT:  ALL RIGHT.  MR. MAO?

7    MR. MAO:  YEAH.  GOOD AFTERNOON, YOUR HONOR.

8    SO IN THE PRIOR HEARING, YOUR HONOR, YOU HEARD A LOT

9    ABOUT, YOU KNOW, DISCUSSION ON LOGS.  BUT WE BELIEVE THAT

10    DISCOVERY AND DOCUMENTS THAT HAVE BEEN PRODUCED THUS FAR REALLY

11    SHOW THAT GOOGLE ACTUALLY HAS TWO DIFFERENT TYPES OF RECORDS IN

12    TERMS OF ELECTRONIC, QUOTE-UNQUOTE, LOGS.

13    THERE ARE THINGS THAT ARE MORE STRUCTURED, WHICH IS, YOU

14    KNOW, THE CHROME LOGS, GOOGLE ANALYTICS LOGS IN OUR CASE,

15    GOOGLE AD MANAGER LOGS; BUT THEN THERE'S ALSO SOMETHING LESS

16    STRUCTURED IN WHICH YOU DID HEAR THE OTHER TEAM TALK ABOUT,

17    WHICH IS THIS IDEA OF

18    THE COURT:  THE IDEA OF WHAT?

19    MR. MAO:

20    THERE ARE ALSO REFERENCES TO FOOTPRINTS, WHICH IS REALLY

21    AROUND THE SAME TYPE OF PRODUCT, AND WHAT THESE ARE IS THAT

22    THESE ARE DISTRIBUTED DATABASES, SOMETIMES CALLED DATA LAKES,

23    AND WHAT YOU REALLY HAVE THERE IS YOU BASICALLY HAVE ALL THE

24    LOGS SWIMMING TOGETHER IN A MUCH LESS STRUCTURED WAY.  OKAY?

25    SO ALTHOUGH WE ARE HEARING A LOT OF DISCUSSIONS ON THE

1    PROCESSED LOGS, AS YOUR HONOR HAD NOTED, BECAUSE GOOGLE

2    ADMITTEDLY CAN KEY AND DOES KEY THEIR RECORDS TO DEVICES AS

3    MR. -- AS JOSEF OVER AT QUINN, EMANUEL HAD ADMITTED IN THE LAST

4    ARGUMENT, WE BELIEVE WE ARE ABSOLUTELY ENTITLED TO BOTH THE

5    STRUCTURED AND THE LESS STRUCTURED RECORDS FROM GOOGLE STRAIGHT

6    OUT OF

7         THE REASON WHY WE MENTION         YOUR HONOR, IS BECAUSE

8    DESPITE WHATEVER MERITS ARGUMENTS THEY HAVE, IT IS GOING TO BE

9    UNDISPUTED FROM THEIR OWN RECORDS, WE BELIEVE, THAT SHOWS THAT

10   BASICALLY         IS INTERMINGLING ALL OF THIS DATA IN ORDER TO

11   BEST MANIPULATE AND LEVERAGE THE DATA.

12        AND THE REASON WHY THAT'S IMPORTANT, YOUR HONOR, AND

13   RELEVANT TO THE DISCUSSION THAT YOU JUST HEARD IS THAT THIS

14   IDEA OF AUTHENTICATED VERSUS UNAUTHENTICATED RECORDS IS REALLY

15   JUST TWO DIFFERENT METHODS BY WHICH YOU WOULD KEY, OKAY, OR YOU

16   WOULD LINK THE VARIOUS TYPE OF DATA.

17        WHEN GOOGLE IS SAYING AUTHENTICATED, WE KNOW -- WE DON'T

18   KNOW ALL THE WAYS BY WHICH THEY'RE TALKING ABOUT

19   AUTHENTICATION, BUT WE DO KNOW THEY'RE TALKING ABOUT LOGGING IN

20   IN SOME INSTANCES.

21        WHETHER OR NOT THEY ALSO COUNT LOGGING IN WHEN, FOR

22   EXAMPLE, A CUSTOMER'S CUSTOMER HAS LOGGED IN, A USER HAS LOGGED

23   IN USING, YOU KNOW, LIKE SOMEBODY ON WALL STREET JOURNAL, FOR

24   EXAMPLE, LOGS IN, WHETHER OR NOT THAT'S UNAUTHENTICATED OR

25   AUTHENTICATED IS SOMETHING WHICH WE'RE TRYING TO UNDERSTAND.

```
 1              BUT YOU ALSO, YOUR HONOR, YOU HEARD THE CONCEPT OF TWICE

 2     BAKED CRACKERS.  WE ACTUALLY BELIEVE THAT THAT'S ACTUALLY A

 3     CODE WORD FOR THIS IDEA OF TWICE BAKED BEING THAT GOOGLE WOULD

 4     ESSENTIALLY TAKE PARAMETERS, SUCH AS I.P. ADDRESSES AND/OR USER

 5     AGENTS, SOMEHOW CODE THAT INTO THE COOKIE WHICH IS BEING

 6     DISTRIBUTED, AND THAT BECOMES A WAY IN WHICH YOU WOULD UNIFY

 7     THE DIFFERENT RECORDS FROM DIFFERENT PLACES.  OKAY?

 8              THIS IDEA OF A TWICE BAKED COOKIE IS THE IDEA THAT THERE'S

 9     EITHER A COOKIE WITHIN THE COOKIE, OR THIS COOKIE IS SOMEHOW A

10     PERMUTATION OF THE COOKIES THAT HAVE BEEN DISTRIBUTED OUT

11     THERE.

12              WE BELIEVE THAT WE'RE ENTITLED TO EXPLORE THAT, AND WE

13     BELIEVE THAT THE EVIDENCE AND DOCUMENTS WHICH HAVE BEEN

14     PRODUCED THUS FAR CERTAINLY DEMONSTRATES THAT AS WELL.

15              AND AS YOU JUST HEARD, YOUR HONOR, FROM OPPOSING COUNSEL,

16     THESE THINGS ARE KEYED TO THE DEVICES.

17              TO ARGUE THAT GOOGLE IS NOT REQUIRED TO PRODUCE OVER

18     DEVICE -- ON THE BASIS OF DEVICE IDENTIFICATION WOULD BE

19     EQUIVALENT OF A PRODUCT LIABILITY CASE IN WHICH THE CAR

20     MANUFACTURERS SAYS BECAUSE SOMEBODY, YOU KNOW, MAY HAVE LENT

21     THE CAR IN WHICH SOMEBODY BOUGHT TO THE SPOUSE OR TO HIS OR HER

22     KIDS, THERE IS SOME TYPE OF RELEVANCE OR MERITS-BASED ARGUMENT

23     TO NOT ALLOW THE PLAINTIFFS TO BE ABLE TO CONDUCT DISCOVERY ON

24     THE RECORDS.

25              WE THINK THAT'S JUST ABSOLUTELY UNMERITED.  SO ON THAT
```

1    BASIS IN TERMS OF WHAT WE'RE ASKING FOR, YOUR HONOR, IS THAT

2    WE'RE ASKING FOR DISCOVERY INTO BOTH THE STRUCTURED AND

3    UNSTRUCTURED DATA.  WE BELIEVE THAT WE'RE ENTITLED TO THAT ON

4    BEHALF OF THE CLASS, AND WE ALSO BELIEVE THAT WE'RE ABSOLUTELY

5    ENTITLED TO THAT AS A MATTER OF RIGHT FOR THE SPECIFICALLY

6    NAMED PLAINTIFFS.

7        AND THEN I JUST WANT TO TOUCH -- I BELIEVE THIS ADDRESSES

8    BOTH P6 AND P3, YOUR HONOR.

9        BUT I ALSO WANT TO JUST OFFER UP THIS IDEA THAT AS THE

10   CALHOUN TEAM HAD MENTIONED, THIS IS -- ACTUALLY BOTH THE

11   STRUCTURED AND UNSTRUCTURED DATA ARE ALL ACTUALLY SEARCHABLE

12   USING GOOGLE'S ALREADY BUILT TOOLS INTERNAL AND ACCESSIBLE TO

13   THEIR EMPLOYEES.

14       I BELIEVE THAT THE CODE WORD FOR THIS TOOL IS CALLED

15   DREMEL -- THAT'S D-R-E-M-E-L -- DREMEL.  I THINK IT'S -- I

16   THINK IT'S A ROUNDED SAW, YOUR HONOR.  I THINK IT'S A PUN FOR

17   BASICALLY PRUNING DATA, YOU KNOW, BY DOING SEARCHES AND DOING

18   QUERIES.

19       SO I THINK ONE OF THE CONCEPTS IN WHICH WE'RE THINKING --

20   WHICH WE ARE NOT ASKING YOUR HONOR TO BASICALLY RULE TODAY --

21   IS THAT WE DO BELIEVE THAT OUR EXPERTS SHOULD BE ENTITLED TO

22   USE DREMEL AND ALSO TO SEE HOW          CTUALLY STRUCTURES THE

23   DATA BECAUSE THAT WOULD BE VERY INSIGHTFUL IN TERMS OF HOW

24   GOOGLE ACTUALLY STORES AND USES THE DATA.

25       AND IF GOOGLE IS GOING TO MAKE THE ARGUMENT THAT DATA IS

```
 1    CERTAINLY -- IS ACTUALLY SEGREGATED, WE'RE NOT REQUIRED, YOUR
 2    HONOR, AS A MATTER OF LAW TO JUST SIMPLY TAKE THEM AT THEIR
 3    WORD.  WE'RE ACTUALLY ENTITLED TO TEST THAT.  THEY CAN'T USE
 4    THAT BOTH AS A SWORD AND AS A SHIELD.  YOU KNOW, I THINK
 5    WE'RE -- WE HAVE EXHIBITS TO SHOW YOU BASICALLY THIS DREMEL
 6    TOOL IF YOUR HONOR WANTS TO SEE IT.
 7         WE ALSO UNDERSTAND THE NEED FOR EFFICIENCY AND EFFICACY,
 8    SO, YOU KNOW, I THINK OUR PROPOSAL IS PROBABLY GOING TO BE THAT
 9    WE SET THIS ON FOR A SET OF BRIEFING, YOUR HONOR.
10         THE COURT:  WELL, WE HAVE -- WE DID HAVE BRIEF
11    SEPARATE BRIEFING ON IT.  THAT'S WHAT BROUGHT US HERE.  AND AS
12    I UNDERSTOOD FROM -- AS I UNDERSTAND FROM PLAINTIFFS'
13    SUBMISSION IS THAT THE -- AT LEAST THE EXAMPLE SET FORTH IN THE
14    SUBMISSION IS TO THE EXTENT YOU'RE LOOKING FOR CLASS
15    IDENTIFICATION INFORMATION THAT WOULD IDENTIFY USERS WHO ARE IN
16    INCOGNITO MODE OR IN PRIVATE BROWSING AND ARE NOT LOGGED INTO
17    THE ACCOUNT, INTO THEIR GOOGLE ACCOUNT, THAT PLAINTIFFS HAVE
18    REPRESENTED THAT, WELL, WHEN YOU'RE IN INCOGNITO MODE, THE
19    X-CLIENT-DATA HEADER DOESN'T, DOESN'T TRANSFER, THAT FIELD IS
20    BLANK; AND THAT THERE ARE HEADER LOGS, AND THAT IF YOU LOOK AT
21    THE HEADER LOGS -- AND I ASSUME THAT THAT'S ONE OF YOUR
22    UNSTRUCTURED LOGS THAT YOU WERE REFERRING TO -- THAT THEN THE
23    FIELD FOR X-CLIENT-DATA WOULD BE EMPTY, SO THAT WOULD TELL YOU
24    WHO WAS ENGAGED IN PRIVATE BROWSING.
25         AND THEN WITH REGARDS TO WHO IS -- WHETHER OR NOT -- WELL,
```

```
 1    SEPARATELY, WHETHER OR NOT A USER IS LOGGED IN, THAT THAT'S

 2    WHERE THE SPECIAL COOKIES OR SPECIAL IDENTIFIERS COME INTO PLAY

 3    IN THAT THERE ARE SPECIFIC COOKIES THAT ARE USED TO IDENTIFY

 4    USERS WHEN THEY'RE NOT LOGGED INTO THEIR ACCOUNT.  AND I THINK

 5    YOU CITED ONE OF THE USER -- ONE OF THE GOOGLE DOCUMENTS THAT

 6    DESCRIBES THAT FUNCTION.

 7         SO -- AND I APPRECIATE THAT GOOGLE TAKES ISSUE

 8    PARTICULARLY WITH REGARDS TO WHAT AN EMPTY X-DATA FIELD DOES OR

 9    DOES NOT SHOW.

10         BUT FOR PURPOSES, MR. MAO, OF MY QUESTION TO YOU IS THAT,

11    ALL RIGHT, WELL, ASSUMING THAT'S TRUE, THAT THERE ARE THOSE

12    UNSTRUCTURED LOGS, WHAT IS IT THAT YOU'RE ASKING FOR FOR THE

13    NAMED PLAINTIFFS FOR A CERTAIN PERIOD OF TIME?  WHAT THEIR --

14    HEADER LOGS SO YOU CAN IDENTIFY WHEN THEY'RE NOT -- EXCUSE

15    ME -- IDENTIFY WHEN THEY'RE IN PRIVATE BROWSING MODE?

16         AND THEN FOR THEIR COOKIES, WHAT, HISTORY OR SOMETHING

17    THAT WOULD SHOW THAT THEY WERE -- THEY WERE NOT LOGGED IN AT

18    THE TIME?

19         AND, AGAIN, I HEAR -- WE'LL GET TO GOOGLE'S ARGUMENT THAT

20    THE COOKIES DISAPPEAR IN A MINUTE, BUT WHAT IS IT THAT YOU'RE

21    ASKING FOR?

22         MR. MAO:  THANK YOU, YOUR HONOR.  THAT WAS HELPFUL IN

23    TERMS OF GUIDING HOW I RESPOND TO THE QUESTION.

24         SO I ACTUALLY BELIEVE THAT GOOGLE'S LOGGING BOTH FOR

25    STRUCTURE AND LESS STRUCTURED TABLES IS ACTUALLY IN PARALLEL.
```

```
 1          SO WHAT THAT ACTUALLY MEANS, YOUR HONOR, IS THAT THEY ARE

 2    BOTH THROWING THIS INTO -- SORRY FOR THE PUN -- THE ALPHABET

 3    SOUP, RIGHT, THAT IS            AND THEN ON THE OTHER HAND,

 4    THEY'RE ALSO PUTTING IT INTO SPECIFIC LOGS, AND THIS -- WE

 5    BELIEVE THAT IS FIRST GOING TO THE GOOGLE AD MANAGER LOG.

 6          SO WHAT DOES THIS MEAN?  THIS MEANS THAT

 7

 8

 9           OKAY?

10          AND THEN ON THE OTHER HAND WHAT YOU'RE GOING TO SEE IS

11    THAT

12                         AND WE BELIEVE THAT THAT'S GOING TO BE

13    CORRELATED WITH I.D.'S OVER AT GOOGLE ANALYTICS, ON THE GOOGLE

14    ANALYTICS SIDE.

15               THE COURT:  OKAY.

16               MR. MAO:  SO WE WANT --

17               THE COURT:  OKAY.  SO FOR A NAMED PLAINTIFF, WHAT ARE

18    YOU ASKING FOR, OR WHAT ARE YOU LOOKING FOR IN RESPONSE TO

19    RFP 10?

20               MR. MAO:  RIGHT.  SO, YOUR HONOR, SPECIFICALLY IF

21    WE'RE TALKING REALLY MORE ABOUT P3 AS OPPOSED TO WHAT P6 MAY

22    EVENTUALLY LOOK LIKE -- SO P3 BEING PLAINTIFFS' DATA, RIGHT, P6

23    IS IDENTIFICATION OF THE CLASS MEMBERS IN RESPONSE TO RFP 10 --

24    SO IF WE'RE REALLY PRIMARILY TALKING ABOUT P3, WHAT WE'RE

25    LOOKING FOR, YOUR HONOR, IS SIMILAR TO CALHOUN, WHICH IS ALL OF
```

1    OUR -- ALL OF OUR PLAINTIFFS' STRUCTURED AND UNSTRUCTURED RAW

2    DATA, OKAY, IN ADDITION TO, TO SOME TYPE OF -- SOME TYPE OF

3    UNDERSTANDING AND EXPLANATION AS TO WHERE THAT DATA IS GOING

4    THEREAFTER.

5         THIS IS SPECIFICALLY FOR P3, YOUR HONOR.

6              THE COURT:  UM-HUM.

7              MR. MAO:  FOR P6, I BELIEVE THAT WE ARE AT LEAST

8    ENTITLED TO NOT ONLY THE RAW DATA, RIGHT, IN BOTH THE

9    STRUCTURED AND ALSO THE UNSTRUCTURED TABLES --

10             THE COURT:  WAIT, LET'S NOT GET THERE YET.

11             MR. MAO:  SORRY, YOUR HONOR.

12             THE COURT:  LET'S STAY ON THIS, BECAUSE I UNDERSTOOD

13   THAT AS A COMPROMISE, OR AT LEAST AS A STARTING POINT PROPOSAL

14   FROM PLAINTIFFS WAS, IN RESPONSE TO RFP 10, WE'LL START WITH

15   THE NAMED PLAINTIFFS' INFORMATION.

16             MR. MAO:  YES.  SO IF YOU'RE SIMPLY TALKING ABOUT THE

17   STARTING POINT, YOUR HONOR, YES, THAT WOULD BE INCLUDED AS PART

18   OF THAT, AND WE WOULD LIKE PROBABLY FURTHER BRIEFING BECAUSE

19   WE -- NOT BECAUSE WE ARE -- WE WOULD NOT WANT YOUR HONOR TO

20   ORDER IT NOW -- I MEAN, IF YOUR HONOR WOULD ORDER IT NOW WE

21   WOULD PROBABLY WELCOME IT -- BUT WE DO BELIEVE THAT OUR EXPERTS

22   ARE ENTITLED TO LOOK AT HOW DATABASE STORES AND COLLECTS THIS

23   DATA BOTH █████████████████ AND ALSO AT THE STRUCTURED

24   DATABASES LEVEL.

25             THE COURT:  OKAY.

SEALED PROCEEDINGS

1          MR. MAO:  BUT THERE'S NO REASON WHY --

2          THE COURT:  OKAY.  BUT MY QUESTION IS, WHAT ARE YOU

3    ASKING FOR NOW WITH REGARDS TO THAT FROM THE NAMED PLAINTIFFS,

4    FOR THE NAMED PLAINTIFFS IN RESPONSE TO RFP 10?

5          MR. MAO:  RIGHT.  SO BOTH THEIR STRUCTURED AND

6    UNSTRUCTURED DATA, AND I THINK WHEN YOU'RE TALKING ABOUT THE

7    UNSTRUCTURED, GOOGLE REFERS TO IT SOMETIMES AS THE

8    UNAUTHENTICATED DATA.  I BELIEVE THAT'S WHAT OPPOSING COUNSEL

9    SAID IN THE PRIOR HEARING.

10        AND THEN WE WOULD LIKE TO UNDERSTAND SPECIFICALLY HOW THAT

11   DATA FLOWS WITHIN THE DIFFERENT PARTS OF GOOGLE.

12         THE COURT:  SO WHAT DO YOU -- WHAT ARE YOU ASKING

13   FOR?  WHEN YOU SAY HOW DOES IT FLOW, WHAT'S THE REQUEST

14   DIRECTED AT?  WHAT ARE YOU EXPECTING TO GET?

15         MR. MAO:  RIGHT.  SO THAT IS SPECIFICALLY TIED TO

16   BROWSING ACTIVITY, YOUR HONOR, FOR EXAMPLE, RIGHT?  SO, LIKE,

17   GOOGLE AD MANAGER, RIGHT, WHICH IS WHAT -- THE GOOGLE UNIT THAT

18   SERVICES AND SERVES ADS, WE BELIEVE THAT THERE IS GOING TO BE A

19   PAIRING OF THE ENTRY, RIGHT, FROM THE RAW -- FROM THE RAW

20   REFERRER HEADER WHERE IT SAYS, OH, MARK MAO IS AUTHENTICATED OR

21   UNAUTHENTICATED, RIGHT, THIS PERSON USING THIS DEVICE IS

22   VISITING AND BROWSING THIS WEBSITE, LET'S HIT HIM OR HER WITH A

23   SPECIFIC AD.

24        WE BELIEVE AT LEAST FOR THE PLAINTIFFS WE'RE ABSOLUTELY

25   ENTITLED TO SEE THAT AND WE'RE ENTITLED TO SEE HOW THAT FLOWS.

```
 1              MS. BONN:  AND IF I MAY, YOUR HONOR, FROM A PRACTICAL
 2     PERSPECTIVE, I THINK WHAT WOULD HELP US GET TO THAT POINT
 3     MR. MAO IS TALKING ABOUT IS THAT BECAUSE WE'RE ASKING FOR BOTH
 4     THE STRUCTURED OR AUTHENTICATED DATA, AS WELL AS WHAT GOOGLE
 5     CALLS UNAUTHENTICATED DATA THAT MAY JUST BE KEYED TO A DEVICE
 6     IDENTIFIER, WHEN THEY PRODUCE THAT DATA TO US, WE WANT TO BE
 7     ABLE TO TELL FROM THEIR PRODUCTION, WHAT SOURCES DID YOU PULL
 8     EACH SET OF DATA FROM?
 9         SO WE WANT TO BE ABLE TO KNOW, OKAY, WHAT LOG DID THIS SET
10     OF DATA COME FROM?  WAS THIS SET OF DATA PULLED FROM        ?
11         SO IF WE JUST GET SORT OF A DUMP OF ALL THE DATA INTO A
12     SINGLE SPREADSHEET, EVEN THOUGH WE MAY HAVE ALL THE DATA, IT
13     WON'T GIVE US THE INSIGHT INTO WHAT SOURCES GOOGLE PULLED IT
14     FROM.
15              THE COURT:  OKAY.  ALL RIGHT.  THAT'S HELPFUL.  THANK
16     YOU.
17         ALL RIGHT.  SO FROM -- WHO HAS THIS FOR GOOGLE?
18              MR. ANSORGE:  I GET TO SPEAK TO IT, YOUR HONOR.
19              THE COURT:  MR. ANSORGE.
20         OKAY.  SO WE CAN START WITH THE AS -- AND I APPRECIATE
21     GOOGLE'S ARGUMENT, WHICH I LOOKED AT CAREFULLY AS SET FORTH IN
22     THE ADDITIONAL PAGE OF BRIEFING, AS TO -- YOU KNOW, JUST TO SUM
23     IT UP, THAT THESE DON'T -- THAT THESE DON'T LINK UP, JUST TO
24     NOT GIVE FULL CREDIT, BUT THAT'S -- THAT'S HOW I -- THAT'S MY
25     TAKE AWAY FROM THE ARGUMENT.
```

1        AND THAT WHEN YOU'RE LOOKING AT THESE VARIOUS COMPONENTS

2   LIKE THE X-CLIENT DATA FIELD IN A HEADER LOG, JUST BECAUSE

3   THAT'S EMPTY DOESN'T MEAN THAT THEY WERE IN INCOGNITO MODE

4   BECAUSE SOMETIMES THAT INFORMATION IS TRANSFERRED AND SOMETIMES

5   IT'S NOT.

6        I ALSO UNDERSTAND THAT -- THE ARGUMENT THAT WITH REGARDS

7   TO THE SPECIAL COOKIES OR IDENTIFIERS FOR -- THAT GOOGLE USES

8   WHEN SOMEONE IS BROWSING, BUT NOT LOGGED INTO THEIR ACCOUNT,

9   THAT THEN WHEN THAT BROWSING SESSION COMES TO AN END, GOOGLE

10  SAYS, WELL, THAT -- THEN THOSE COOKIES DISAPPEAR.

11       SO MY FIRST QUESTION IS -- I APPRECIATE THE STATEMENTS.

12  HAS THAT -- IS THAT GOOGLE'S POSITION?  IS THERE ANY EVIDENCE

13  THAT SUPPORTS THOSE CONCLUSIONS YET IN THE RECORD, EITHER

14  THROUGH DEPOSITION OR RESPONSES?

15            MR. ANSORGE:  YES, YOUR HONOR.

16       WE CAN POINT TO THE MONSEES DEPOSITION IN PARTICULAR

17  BECAUSE I THINK THE MOST IMPORTANT ISSUE HERE IS THE ONE THAT I

18  PHRASED EARLIER WHEN WE WERE TALKING AT THE CALHOUN HEARING, IS

19  THAT THE LOGS ARE INTERNALLY SEGREGATED BY WHETHER YOU'RE

20  LOGGED INTO A GOOGLE ACCOUNT OR AREN'T.  SO GOOGLE GOES TO

21  GREAT EFFORTS TO MAKE SURE THAT THERE'S NO JOINS FROM ONE TO

22  THE OTHER.

23       NOW, FOR THE SEARCHING SITUATION THAT WE ARE IN, I THINK

24  IT MIGHT EVEN BE WORSE THAN WHAT YOU JUST DESCRIBED, BECAUSE IF

25  WE ARE NOW FOCUSSED ON JUST THE NAMED PLAINTIFFS, THE NAMED

1    PLAINTIFFS HAVE TO DATE ONLY PROVIDED US WITH THEIR GOOGLE

2    ACCOUNT INFORMATION IN TERMS OF USEFUL IDENTIFIERS THAT WE

3    COULD ACTUALLY USE TO QUERY THE DATA WITH.

4         THEY'VE TOLD US IN SWORN STATEMENTS THAT THEY DID NOT LOG

5    INTO THEIR ACCOUNTS IN PRIVATE BROWSING MODE.

6         SO JUST UNDER THE LOGIC THAT HAS BEEN PRESENTED TO US, TO

7    THE EXTENT I UNDERSTAND IT -- AND FRANKLY, I THINK THERE WAS A

8    LOT OF RAMPANT SPECULATION AND IT WAS NOT CLEAR TO ME ENTIRELY

9    WHAT MR. MAO WAS COMMUNICATING AT TIMES -- TO THE EXTENT I

10   UNDERSTAND IT, THERE WOULD BE NO PART OF THESE LOGS WHERE THERE

11   WOULD BE SOME PRIVATE BROWSING DATA FOR THESE PARTICULAR USERS

12   BECAUSE ALL WE HAVE ARE THE GOOGLE ACCOUNTS.  THEY HAVEN'T

13   PRESERVED THE DEVICE IDENTIFIERS THAT CALHOUN HAS PRESERVED.

14        MOREOVER, THE DEVICE IDENTIFIERS --

15             THE COURT:  LET ME JUST INTERJECT THERE, BECAUSE YOU

16   SAID TO IDENTIFY THE USERS -- AND MAYBE YOU WERE ANTICIPATING

17   MY QUESTION -- BUT CAN'T -- BUT YOU COULD IDENTIFY IT BY

18   DEVICE, IF NOT BY USER, BY DEVICE?

19             MR. ANSORGE:  YES, YOUR HONOR.

20        AND HERE EARLIER WHEN WE WERE TALKING ABOUT THE

21                             THOSE ARE COOKIES THAT ARE SET ON THE

22   BROWSER AND THAT'S WHAT WE'RE REFERRING TO WHEN WE'RE SAYING BY

23   THE DEVICE.

24        NOW, PLAINTIFFS HAVE PROVIDED IMEI NUMBERS TO US, WHICH

25   ARE BASICALLY HARDWARE IDENTIFIERS, AND IF YOU'LL PERMIT ME THE

```
 1    ANALOGY, WHEN WE'RE TALKING ABOUT CARS, WHICH MR. MAO

 2    REFERENCED EARLIER, THAT'S KIND OF LIKE A VIN NUMBER.  THAT'S

 3    SOMETHING THAT'S IN YOUR CAR.  IF YOU SEE A CAR DRIVING BY,

 4    YOU'RE NOT GOING TO KNOW WHAT THE VIN NUMBER IS.

 5         THE SAME WITH THIS BROWSER INFORMATION.  WHEN THIS

 6    INFORMATION COMES INTO GOOGLE SERVICE, THEY'RE NOT GOING TO

 7    HAVE THOSE HARDWARE IDENTIFIERS.

 8         WHAT THEY DO HAVE ARE THE

 9         , BUT THOSE ARE LIKE TEMPORARY REGISTRATIONS OR LICENSE

10    PLATES THAT ARE RESET, TAKEN OFF, DELETED WITH EACH PRIVATE

11    BROWSING SESSION.

12         SO PLAINTIFFS ARE FINDING THEMSELVES IN A POSITION WHERE

13    THEY'RE QUITE DIFFERENTLY SITUATED FROM CALHOUN IN THIS ACTION

14    WHERE THERE'S NO ALLEGATIONS ABOUT LOGGED IN ACTIVITY.  THAT IS

15    SOMETHING WE COULD QUERY AND WE COULD PRODUCE INFORMATION TO

16    THEM.

17         THEY HAVE NOT MAINTAINED OR PRESERVED ANY OF THE

18    IDENTIFIERS THAT WOULD BE REQUIRED TO ACTUALLY FIND ANY OF THE

19    PRIVATE BROWSING SESSIONS WHICH THEY ENGAGED IN, AND IT LEAVES

20    US IN A POSITION, WHEN WE'RE LOOKING BACK AT RFP 10 -- WHICH

21    I'M NOW RELIEVED THAT PLAINTIFFS ARE MOVING AWAY FROM A LITTLE

22    BIT -- WE SIMPLY DO NOT HAVE DOCUMENTS THAT WILL IDENTIFY

23    LOGGED OUT PRIVATE BROWSING ACTIVITY BY USERS WITH EITHER

24    ELECTRONIC OR PHYSICAL ADDRESSES.  THAT'S NOT SOMETHING THAT

25    EXISTS AND WE DON'T THINK THAT WE SHOULD BE FORCED TO PRODUCE
```

1        IT IN RESPONSE TO THEIR THEORIES, YOUR HONOR.

2              THE COURT:  WELL, BUT WHAT THE PLAINTIFFS ARE ASKING

3        FOR IS PIECES OF INFORMATION FROM DIFFERENT PLACES BECAUSE THEY

4        WANT TO SEE IF THEY CAN PIECE TOGETHER, BY COMBINATION OF THAT

5        INFORMATION, CLASS MEMBERS.  AND THAT'S WHY -- I MEAN, IT SEEMS

6        TO ME THAT THEY HAVE A RIGHT TO TRY TO DO THAT WITH WHATEVER

7        INFORMATION YOU HAVE.

8              MR. ANSORGE:  YES, AND I WOULDN'T WANT TO SPEAK

9        AGAINST THAT RIGHT.

10             I WAS JUST REFRAMING IT IN TERMS OF RFP 10 AND WHAT WE'VE

11       BEEN ASKED TO PRODUCE, WHICH WHAT WE'RE FOCUSSED ON HERE IS

12       INFORMATION THAT WILL ACTUALLY IDENTIFY THE CLASS MEMBERS, HAVE

13       THEIR ELECTRONIC ADDRESSES OR THEIR PHYSICAL ADDRESSES, AND

14       THAT'S NOT INFORMATION THAT WE MAINTAIN.

15             MOREOVER, IF PLAINTIFFS ARE CORRECT THAT THEY NEVER LOGGED

16       INTO THEIR GOOGLE ACCOUNTS WHILE THEY WERE IN PRIVATE BROWSING

17       MODE, ALL THEY'VE PRESERVED AND PROVIDED TO US ARE THEIR GOOGLE

18       ACCOUNTS, WHEN WE QUERY AND PULL THAT INFORMATION, WE WON'T BE

19       ABLE TO PULL ANY PRIVATE BROWSING DATA OR INFORMATION BECAUSE

20       THERE'S NOT AN OVERLAP.  GOOGLE GOES TO GREAT LENGTHS TO MAKE

21       SURE THAT THE UNAUTHENTICATED DATA, AS IN E-LOG DATA, IS KEPT

22       SEPARATE FROM THE AUTHENTICATED DATA.

23             SO IT'S SOMETHING -- WE'RE HAPPY TO SIT DOWN AND QUERY,

24       AND THEY'VE RECENTLY COME TO US WITH ADDITIONAL REQUESTS AND WE

25       CAN SIT DOWN AND LOOK AT THOSE.

1          BUT JUST OVERALL IN TERMS OF THEORY IN THE BACKGROUND, WE

2     FELT LIKE THERE'S QUITE A LOT OF SPECULATION ON BEHALF OF

3     MR. MAO AND WE WANTED TO EXPLAIN TO YOU THAT THIS IS ACTUALLY

4     NOT SOMETHING THAT WE JUST HAVE OR CAN QUICKLY QUERY, NOR DO WE

5     THINK THEIR PROPOSED PATH IS ONE THAT WILL LEAD TO THAT

6     OUTCOME.

7          THE COURT:  BUT THEY CAN TEST IT.  THEY CAN TEST IT

8     AND THEY CAN MAKE OF THE DATA WHAT THEY WILL.

9          SO BACK TO YOU, MS. BONN OR MR. MAO, WHICH IS, SO WHAT IS

10    IT THAT YOU, THAT YOU -- WHAT IS THE REQUEST?

11          MS. BONN:  HERE'S WHAT I'D LIKE TO START WITH, YOUR

12    HONOR, AND THEN I'LL TURN IT OVER TO MR. MAO IF HE WANTS TO ADD

13    ANYTHING.

14          BUT I THINK OUR POINT IS, LOOK, YOU CAN START WITH OUR

15    PLAINTIFFS' NAMED ACCOUNTS, BUT WHEN GOOGLE QUERIES THOSE

16    ACCOUNTS, I THINK THEY WILL SEE THAT THEY MAINTAIN DATA ACROSS

17    A NUMBER OF IDENTIFIERS, INCLUDING DEVICE IDENTIFIERS, AND THEN

18    GOOGLE HAS THE ABILITY TO GO INTO THEIR OTHER TOOLS AND THEIR

19    OTHER DATA SOURCES AND SEE WHAT OTHER DATA KEYS TO THE SAME

20    DEVICE IDENTIFIERS, WHETHER OR NOT IT WAS, QUOTE-UNQUOTE,

21    AUTHENTICATED OR SYNCED TO OUR CLIENTS' ACCOUNTS.

22          SO WHATEVER GOOGLE NEEDS TO DO TO FIGURE OUT THE

23    IDENTIFIERS ASSOCIATED WITH OUR NAMED PLAINTIFFS AND THEN PULL

24    DATA RELATED TO THEM IN WHATEVER SOURCE, WHETHER KEYED TO THEIR

25    GOOGLE ACCOUNT OR NOT, THAT'S REALLY WHAT OUR REQUEST IS, AND

SEALED PROCEEDINGS

1    THAT THE DATA BE PRODUCED TO US IN A FORMAT WHERE WE CAN TELL

2    WHAT SOURCE THEY PULLED THE DATA FROM.

3         AND I THINK, YOU KNOW, THAT'S GOING TO BE A STARTING PLACE

4    TO GET TO WHERE WE NEED TO ON THE CLASS-WIDE DATA.  I THINK

5    WE'RE GOING TO WIND UP COMING BACK TO YOUR HONOR ASKING FOR US

6    TO BE ABLE TO INSPECT THEIR ACTUAL TOOLS BECAUSE I -- YOU KNOW,

7    WE'VE HEARD THE WORD SPECULATION BEING THROWN OUT, AND FRANKLY,

8    PART OF WHY THERE MAY BE SOME SPECULATION IS THEY HAVE ACCESS

9    TO THE TOOLS AND WE DON'T.

10        BUT THAT'S REALLY OUR REQUEST TO START WITH IS THEY SHOULD

11   START BY SEARCHING THE AUTHENTICATED DATA, THEY SHOULD IDENTIFY

12   ANY IDENTIFIERS THAT ARE ASSOCIATED WITH OUR NAMED PLAINTIFFS

13   THAT COULD BE USED TO SEARCH THEIR OTHER POOLS OF DATA THAT

14   THEY DEEM, QUOTE, UNAUTHENTICATED, AND WHETHER THAT'S A DEVICE

15   IDENTIFIER OR SOME OTHER IDENTIFIER, EVEN THOUGH GOOGLE MAY

16   HAVE INTERNAL POLICIES ABOUT WHAT THEY DO OR DON'T SEARCH, THAT

17   REALLY SHOULDN'T GOVERN WHAT'S DISCOVERABLE IN THE LITIGATION.

18        MR. BROOME:  YOUR HONOR, IF I MAY BE HEARD BRIEFLY?

19        OH, SORRY, MARK.

20        MR. MAO:  YEAH, IF I MAY JUST CLARIFY REAL QUICKLY,

21   YOUR HONOR.

22        YOUR HONOR, I DO THINK IT'S REALLY IMPORTANT TO LISTEN TO

23   THE CAREFULLY CHOSEN WORDS OF OPPOSING COUNSEL.  THERE'S A LOT

24   OF TALK ABOUT NOT BEING ABLE TO IDENTIFY TO USERS AND NOT BEING

25   ABLE TO IDENTIFY TO PHYSICAL AND ELECTRONIC ADDRESSES, YOUR

1    HONOR.

2        BUT YOU ALSO HEARD THE CONCESSION THAT THIS IS TIED TO

3    DEVICES.  SO IN OTHER WORDS, THEY'RE SAYING IT'S NOT

4    INDIVIDUALS AND IT'S NOT NECESSARILY AN I.P. OR A PHYSICAL

5    MAILING ADDRESS, BUT NOBODY IS TELLING YOU THAT IT'S NOT KEYED

6    TO THE DEVICES.

7        WHAT THEY'RE ACTUALLY, IN FACT, SAYING IS THAT THEY DON'T

8    HAVE RECORDS OF WHAT OUR SPECIFIC DEVICES ARE FROM US.

9        GOOGLE IS NOT SAYING THAT FROM THEIR OWN RECORDS THEY

10   CAN'T DERIVE WHO OUR PLAINTIFFS ARE.  THEY'RE SAYING THAT THE

11   FIRST STEP NEEDS TO BE WE NEED TO IDENTIFY WHO THEY ARE.

12       BUT, YOUR HONOR, IF YOU TAKE A MOMENT BACK, A STEP BACK,

13   YOU CAN LOOK ANYWHERE ON THE PUBLIC RECORDS AND NOBODY TALKS

14   ABOUT █████████████████████████████████████

15   ███████████████  AND IF WE DO FURTHER BRIEFING ON THIS, YOUR

16   HONOR, YOU WILL ABSOLUTELY SEE THAT ████████████████████

17   ████████████████████████████████████████████████████

18   ████████████████████████████████████████████

19   ████████████████████████████████████████████

20   ████████

21       IN OTHER WORDS, IN TERMS OF GOOGLE MAKING MONEY OFF OF

22   THESE CONSUMERS, BEING ABLE TO SELL ADS AND AD SERVICES TO THE

23   CUSTOMERS, THEY'RE REPRESENTING TO THE CUSTOMERS THAT THEY HAVE

24   GREAT CERTAINTY THAT THESE UNAUTHENTICATED, RIGHT, SEGMENTS,

25   USERS, AND CONSUMERS ARE, IN FACT, WHO GOOGLE TELLS THEM THAT

1    THEY ARE.

2        SO, YOUR HONOR, I THINK YOU'RE CERTAINLY RIGHT TO SAY THAT

3    WE ARE NOT ONLY -- I MEAN, NOT ONLY SHOULD WE BE ENTITLED TO

4    START DISCOVERY ON THIS, WE THINK, YOUR HONOR, THAT YOUR ORDER

5    SHOULD JUST SAY THAT GOOGLE IS REQUIRED TO PROVIDE PLAINTIFFS

6    ALL THE DATA REGARDING THEIR DEVICES, AUTHENTICATED OR

7    UNAUTHENTICATED.

8        THE WORD "DEVICES" IS SOMETHING IN WHICH GOOGLE'S

9    ATTORNEYS HAVE ALREADY ADMITTED THAT THEIR RECORDS ARE KEYED

10   TO, AND WHETHER THAT INCLUDES USERS AND/OR PHYSICAL AND

11   ELECTRONIC ADDRESSES IN SOME WAYS IS, IS JUST ANOTHER PART OF

12   THE DATA THAT'S APPENDED AND KEYED TO DEVICE DATA AND WHICH

13   THEY DO NOT ADMIT -- SORRY -- THEY DO NOT DENY THAT THEY

14   ACTUALLY HAVE.

15       AND HERE'S THE MOST IMPORTANT THING, YOUR HONOR:  NOWHERE

16   IN THEIR LAST TWO OR THREE HOURS OF DISCUSSION HAVE THEY

17   ACTUALLY SAID THAT THEY WERE NOT TRACKING PEOPLE IN PRIVATE

18   MODE.  THEY CONCEDE THEY'RE TRACKING PEOPLE IN PRIVATE MODE,

19   THEY'RE JUST BENDING OVER BACKWARDS TO MAKE SURE THAT WE CANNOT

20   GET OUR OWN PLAINTIFFS' DATA IN TERMS OF WHAT THEY WERE DOING

21   AND HOW GOOGLE WAS TRACKING THEM IN THEIR MOST PRIVATE MOMENTS.

22       THAT'S JUST SIMPLY NOT THE TEST FOR DISCOVERY, YOUR HONOR.

23           THE COURT:  ALL RIGHT.

24           MR. BROOME:  MAY I BE HEARD BRIEFLY, YOUR HONOR?

25           THE COURT:  BRIEFLY.

1          MR. BROOME:  YEAH.  WE HAVE NO PROBLEM WITH DISCOVERY

2     ON THESE ISSUES AND WE'VE HAD A LOT OF BACK AND FORTH WITH THEM

3     AND WE'VE EXPLAINED OUR POSITION.  BUT WE CAN'T PRODUCE WHAT WE

4     DON'T HAVE.

5          AND YOUR HONOR ASKED A QUESTION, CAN GOOGLE TIE THESE

6     PRIVATE BROWSING SESSIONS TO PLAINTIFFS' DEVICES?  AND THE

7     ANSWER TO THAT IS NO.  WE DON'T -- THE COOKIES THAT ARE USED TO

8     TIE THAT DATA TOGETHER -- AND MR. ANSORGE WILL CORRECT ME IF

9     I'M WRONG -- THEY'RE DELETED AT THE END OF THE SESSION, THEY'RE

10    DELETED FROM THE PLAINTIFFS' BROWSER, AND WE DO NOT HAVE THE

11    INFORMATION TO IDENTIFY THE PLAINTIFFS' PRIVATE BROWSING

12    SESSIONS.

13         I KNOW MR. MAO DOESN'T LIKE THAT, BUT THAT IS THE REALITY.

14         AND WE'RE HAPPY TO HAVE DISCOVERY ON THIS ISSUE.  THAT'S

15    WHAT WE PROPOSED IN OUR COMPROMISE.

16         THE COURT:  OKAY.  THEN HERE'S WHAT WE'RE GOING TO DO

17    WITH REGARDS TO REQUEST -- I GUESS IT'S RFP 18 AND RFP 10,

18    WHICH IS PRODUCTION OF PLAINTIFFS' DATA, AS WELL AS PRODUCTION

19    OF DATA TO IDENTIFY CLASS MEMBERS:  WE'RE TAKING THESE

20    TOGETHER, AND AS A FIRST STEP IN RESPONDING TO THAT, WE WILL BE

21    FOCUSSED ON NAMED PLAINTIFFS, ON THE NAMED PLAINTIFFS.

22         AND ANY PRODUCTION THAT GOOGLE HAS MADE SO FAR WILL BE

23    SUPPLEMENTED TO BE SURE THAT, FOR THE NAMED PLAINTIFFS, THAT

24    ANY AUTHENTICATED DATA THAT GOOGLE HAS IS PRODUCED, AS WELL AS

25    ANY -- AUTHENTICATED DATA, ANY IDENTIFIERS -- THAT IS, WHAT ARE

```
 1    THE IDENTIFIERS FOR THAT DATA?  IS IT USER?  IS IT DEVICE? --

 2    AS WELL AS ANY UNAUTHENTICATED DATA TO THE EXTENT THERE IS ANY.

 3         SO GOOGLE WILL PRODUCE THAT INFORMATION AND THEN THE

 4    PLAINTIFFS CAN REVIEW THAT AND IF YOU -- WHAT IS AND ISN'T

 5    THERE, AND THEN IF YOU -- I WILL ENTERTAIN A REQUEST FOR A

 6    FOCUSSED 30(B)(6) DEPOSITION ON THE IDENTIFICATION, ON THE USER

 7    IDENTIFICATION ISSUE.

 8              MS. BONN:  THANK YOU, YOUR HONOR.

 9              THE COURT:  ALL RIGHT.  SO I WANT THAT INFORMATION --

10    IT'S A PRETTY LIMITED NUMBER OF PEOPLE, SO LET'S GET THAT

11    PRODUCTION UNDERWAY AND TO BE COMPLETED BY -- LET'S DO THAT BY

12    MAY 12, AND THEN THE PARTIES WILL MEET AND CONFER -- PLAINTIFFS

13    CAN REVIEW THAT, THE PARTIES CAN MEET AND CONFER FOR A

14    SUBMISSION BACK TO ME ON THE 20TH IN ANTICIPATION OF

15    RECONVENING IN FRONT OF ME ON THE 26TH.

16              MR. SCHAPIRO:  AND, YOUR HONOR, THAT MAKES PERFECT

17    SENSE.

18         CAN I JUST RESPOND TO ONE THING THAT MR. MAO SAID?  AND I

19    WILL TAKE 90 SECONDS AND THEN MOVE ON.

20         HE SAID HE HAS NOT HEARD GOOGLE SAY DURING THESE THREE

21    HOURS THAT WE DO NOT TRACK PEOPLE IN PRIVATE BROWSING MODE.

22         I'M GOING TO SAY, WE DON'T TRACK PEOPLE IN PRIVATE

23    BROWSING MODE.

24         NOW, AS EVERYONE KNOWS AND AS WE'VE EXPLAINED MANY TIMES

25    IN THIS CASE, IF YOU'RE IN PRIVATE BROWSING MODE AND YOU HOP ON
```

```
 1    AND YOU DO A SEARCH AND YOU GO TO THREE WEBSITES, GOOGLE WILL

 2    KNOW THAT SOME USER OR DEVICE WENT TO THOSE THREE WEBSITES AND

 3    THEN YOU ENDED THE SESSION AND THEN IT'S GONE.  SO SOMETHING

 4    WENT TO THESE THREE WEBSITES.

 5         SO, A, WE DON'T DO THAT.

 6         B, WE HAVE A BIT OF A HAND TIED BEHIND OUR BACK HERE

 7    BECAUSE MR. MAO HAS BEEN SAYING HE BELIEVES THIS, HE BELIEVES

 8    THAT, THAT THERE'S SOMETHING SINISTER ABOUT THE WORDS TWICE --

 9    A            IS BAKED TWICE OR THAT          IS A REPOSITORY OF ALL

10    KINDS OF THINGS.

11         ONE OF THE CHALLENGES WE FACE HERE IS THAT THIS STUFF

12    IS -- OUR TEXT CHAIN GOING ON HERE IS, LIKE, WHAT IS HE TALKING

13    ABOUT?  AND WE'RE ALL TRYING TO GUESS.  WE HAVE NO IDEA HERE.

14         SO I WOULD INVITE PLAINTIFFS IN PARTICULAR, BEFORE WE END

15    UP WITH WHERE WE WERE IN CALHOUN, WHICH IS AN ILL-BOUNDED

16    30(B)(6) WHERE PEOPLE ARE TALKING PAST EACH OTHER, TO SERVE

17    SOME WRITTEN DISCOVERY, AND THEY CAN ASK US, IS THERE SOMETHING

18    SPECIAL ABOUT THE FACT THAT A          IS BAKED TWICE, OR

19    WHAT'S KEPT IN          ?

20         WE'LL ANSWER THAT, AND I THINK IT WILL BE MORE EFFICIENT

21    FOR EVERYONE THAN SPINNING IN WHAT ARE, FRANKLY,

22    CONSPIRACY-MINDED, UNFOUNDED THEORIES BASED ON SPECULATION OR

23    NAMES OF COOKIES.

24         THAT'S ALL I'VE GOT.

25              THE COURT:  ALL RIGHT.  PLAINTIFFS WILL -- EXCUSE
```

```
 1    ME -- DEFENDANTS WILL MAKE THE PRODUCTION AND THEN THE PARTIES
 2    WILL MEET AND CONFER, GET YOUR SUBMISSION TO ME FOR FURTHER --
 3    IF THERE'S NEED, WHICH I CERTAINLY ANTICIPATE THERE WILL BE --
 4    FOR FURTHER DISCOVERY ON THIS ISSUE.
 5         BUT I DO EXPECT THE PARTIES, AS I SAY, TO MEET AND CONFER
 6    TO TRY TO ADDRESS THAT IN A CONSTRUCTIVE WAY.
 7         ALL RIGHT.  LET'S TURN TO THE OTHER DISPUTE -- THE NEXT
 8    DISPUTE THAT WAS -- THAT HAD SUBSEQUENT BRIEFING -- LET ME GET
 9    MY NOTES HERE IN FRONT OF ME -- AND THIS WAS ON THE SEARCH
10    TERMS FOR THE CUSTODIANS, AND I'LL GIVE YOU MY RULINGS ON THIS.
11         I DID REVIEW IT.  I REVIEWED THE PREVIOUS ESI ORDERS WITH
12    REGARDS TO BOTH CUSTODIANS AND DOCUMENTS.
13         WITH REGARDS TO THE SEARCH TERMS FOR THE GOOGLE SELECTED
14    CUSTODIANS, THE NUMBERS FROM THE PARTIES ARE KIND OF ALL OVER,
15    SO IT WASN'T QUITE CLEAR TO ME HOW MANY TERMS HAVE BEEN RUN OR
16    THAT GOOGLE HAS IDENTIFIED THAT IT IS WILLING TO RUN.  AT ONE
17    POINT IT APPEARED THAT IT HAD IDENTIFIED 92 TERMS, OR HAD
18    PRODUCED -- OR SEARCHES, I SHOULD SAY -- HAD PROPOSED 100.
19         SO I'M -- IT'S NOT QUITE CLEAR TO ME WHAT IS THE STATUS
20    WITH REGARDS TO CUSTODIAN SEARCHES FOR THE CUSTODIAN -- EXCUSE
21    ME -- FOR THE GOOGLE SELECTED CUSTODIAN.
22         SO LET ME HEAR FROM GOOGLE FIRST.  WHO HAS THIS ONE?
23             MS. CRAWFORD:  I HAVE THIS ONE, YOUR HONOR.  THANK
24    YOU FOR THE QUESTION.
25         TO DATE, GOOGLE HAS AGREED TO RUN OVER 135 SEARCH TERMS
```

SEALED PROCEEDINGS

1       FOR THE GOOGLE SELECTED CUSTODIANS, AND IT'S AGREED -- ALTHOUGH

2       YOU HAVEN'T ASKED -- GOOGLE HAS AGREED TO RUN SIX OR SEVEN

3       SEARCHES FOR THE ADDITIONAL CUSTODIANS ORDERED AT THE LAST

4       HEARING.

5               THE COURT:  OKAY.

6               MS. CRAWFORD:  WE ARE CONTINUING TO RECEIVE REQUESTS

7       FOR ADDITIONAL SEARCH TERMS.

8               THE COURT:  QUESTION -- QUESTION, MS. CRAWFORD.  THE

9       135, THOSE ARE TERMS, LIKE SOME OF THEM HAVE MULTIPLE

10      WORDS/LINKS/SYNTAX, ET CETERA?

11              MS. CRAWFORD:  ABSOLUTELY, YOUR HONOR.

12          THESE ARE COMPLEX TERMS, BOOLEAN SEARCHES, YES.

13          SO IF YOU ADDED EACH PERMUTATION, THAT NUMBER WOULD

14      CERTAINLY BALLOON.

15              THE COURT:  OKAY.  SO YOU HAVE RUN 135, IS THAT

16      RIGHT?  OR YOU ARE RUNNING USING 135?

17              MS. CRAWFORD:  SLIGHTLY NORTH OF THAT.  I THINK THE

18      NUMBER IS CLOSER TO 140, 141.

19              THE COURT:  OKAY.  AND THEN SEPARATE -- AND I

20      APPRECIATE YOU PULLED OUT THE SMALLER, UNIQUE SEARCHES FOR THE

21      ADDITIONAL CUSTODIANS THAT I HAD PREVIOUSLY ADDED.

22              MS. CRAWFORD:  YES, YOUR HONOR.

23              THE COURT:  SO WHO HAS THIS FOR PLAINTIFFS, PLEASE?

24              MR. RICHARDSON:  I DO, YOUR HONOR.  THIS IS

25      BEKO RICHARDSON FROM BOIES SCHILLER.

```
 1              THE COURT:  ALL RIGHT.  AND, MR. RICHARDSON, IS THAT

 2      CORRECT?  BECAUSE THE PLAINTIFFS SEEM TO SUGGEST THAT IT WAS

 3      SOME OTHER NUMBER, SO I'M CONFUSED.

 4              MR. RICHARDSON:  YEAH, AND I APOLOGIZE FOR THE

 5      CONFUSION.

 6          HOW THIS PLAYED OUT IS BACK IN JANUARY, WE PROPOSED A SET

 7      OF SEARCH TERMS WHICH GOOGLE REJECTED OUT OF HAND.  GOOGLE

 8      PROPOSED A MUCH MORE RESTRICTIVE SET OF SEARCHES THAT WERE A

 9      COMBINATION OF PROXIMITY SEARCHES.

10          WE TOOK GOOGLE'S PROPOSAL AND TRIED TO MODIFY THAT SO THAT

11      WE CAN WORK WITHIN THE CONFINES OF WHAT GOOGLE WAS PROPOSING.

12          GOOGLE CONTINUED TO REJECT WHAT WE THOUGHT WERE SOME KEY

13      TERMS, SUCH AS INCOGNITO.  THAT OBVIOUSLY COVERS A NUMBER OF

14      THE LONGER, MORE COMPLEX TERMS.

15          BUT I DO THINK THAT WE HAVE REACHED AGREEMENT ON SOME

16      SUBSTANTIAL NUMBER OF SEARCHES, WHICH WERE THE ONES THAT GOOGLE

17      PROPOSED, AND THEN GOOGLE'S COMPROMISED ON SOME OF THE ONES

18      THAT WE PROPOSED.

19          SO WHERE WE'VE ENDED UP IS HAVING MET AND CONFERRED MANY

20      TIMES OVER MANY MONTHS HERE, WE HAVE 25 SEARCHES IN DISPUTE ON

21      THE TEN GOOGLE CUSTODIANS, AND THE SIX DISPUTED SEARCHES FOR

22      THE COURT ORDERED CUSTODIANS.

23              THE COURT:  OKAY.  ALL RIGHT.  AND THOSE ARE THE

24      TERMS THAT ARE SET FORTH IN THE PROPOSED ORDER?

25              MR. RICHARDSON:  THAT'S CORRECT, YOUR HONOR.
```

1          THE COURT:  YOU CAN IMAGINE HOW HAPPY I WAS TO SEE MY

2     PREVIOUS ORDER WHERE I REMINDED MYSELF THAT I TOLD YOU IF YOU

3     WERE DISPUTING SEARCH TERMS, YOU COULD BRING THEM BACK TO ME

4     AND I WOULD LOOK AT THEM.  SO -- AND SO I HAVE.

5          AND I HAVE THE FOLLOWING ADJUSTMENTS, AND I'M READING OFF

6     OF THE PLAINTIFFS' PROPOSED ORDER AS FOLLOWS:  INCOGNITO, I

7     APPRECIATE THAT'S SOMEWHAT OF A UNIQUE WORD.  IT'S OBVIOUSLY

8     USED IN MANY -- IN MANY TERMS WITH LIMITATIONS, LIKE TERM 5, 9,

9     10, IT GOES ON.  AND IT -- I AM GOING TO ALLOW INCOGNITO TO BE

10    RUN.

11         THE SECOND TERM, BROWSE ASTERISK WITHIN TWO OF PRIVATE,

12    THAT NEEDS FURTHER LIMITATION.

13         THE THIRD TERM, WHICH BEGINS WITH PRIVACY POLICY AND THEN

14    HAS A SERIES OF ORS, MY QUESTION IS -- AND IT'S BEEN A WHILE

15    SINCE I'VE ACTUALLY CONSTRUCTED A SEARCH TERM -- BUT IS THAT --

16    WOULD THAT -- I WAS THINKING, OH, THAT SHOULD BE "AND" AS YOU

17    WANT PRIVACY POLICY AND THEN SOME COMBINATION OF THESE OTHER

18    PHRASES, BUT MAYBE I'M JUST NOT UNDERSTANDING WHAT THAT SEARCH

19    TERM WOULD ACCOMPLISH.

20         MR. RICHARDSON, I'LL HEAR FROM YOU.

21          MR. RICHARDSON:  YES, YOUR HONOR, THIS IS

22    BEKO RICHARDSON.

23         SO THAT SEARCH 3 WAS MEANT TO ADDRESS A NUMBER OF CORE

24    TERMS AND PHRASES THAT APPEAR IN GOOGLE'S POLICY.  SO TO

25    INCLUDE IT AS AN "AND" WOULD PERHAPS YIELD ALL OF THE COPIES OF

1    GOOGLE'S POLICY, GOOGLE'S PRIVACY POLICY, BUT IT WOULD NOT

2    YIELD THE E-MAILS WHERE PEOPLE ARE COMMENTING ON GOOGLE'S

3    PRIVACY POLICY AND WHETHER OR NOT GOOGLE ACTUALLY HAS OBTAINED

4    CONSENT, WHETHER GOOGLE HAS ACTUALLY DISCLOSED ANY OF THE

5    PRACTICES AT ISSUE IN THIS CASE.  WE DON'T THINK GOOGLE HAS.

6         GOOGLE HAS ASSERTED A CONSENT DEFENSE, AND SO THIS SEARCH

7    NUMBER 3 IS SUPPOSED TO OBTAIN E-MAILS AND OTHER DOCUMENTS THAT

8    CONCERN GOOGLE'S RELIANCE ON ITS PRIVACY POLICY FOR PURPOSES OF

9    THAT DEFENSE.

10        THE COURT:  PRIVACY POLICY ON ITS OWN LIKE THAT AS AN

11   IDENTIFYING TERM, THAT JUST CAUSES CONCERN.  I THINK THAT

12   NUMBER 3 WILL BENEFIT FROM SOME FURTHER LIMITATION.

13        MS. CRAWFORD:  YOUR HONOR, IF I MAY BRIEFLY?

14        THE COURT:  YES, MS. CRAWFORD.

15        MS. CRAWFORD:  IF THE PARTIES ARE TO MEET AND CONFER

16   ON THESE ISSUES, WHICH WE'RE OBVIOUSLY HAPPY TO PARTICIPATE IN,

17   I WOULD JUST WANT TO NOTE FOR PLAINTIFFS' COUNSEL THAT THERE

18   ARE ALREADY A NUMBER OF SEARCHES THAT GOOGLE IS RUNNING THAT

19   CONTAIN THE PRECISE VERBIAGE FROM GOOGLE'S PRIVACY POLICY THAT

20   PLAINTIFFS CLAIM ARE AT ISSUE IN THIS CASE.

21        AND SO A NUMBER OF SEARCH STRINGS CONTAIN THE VERY SAME

22   LANGUAGE THAT PLAINTIFFS ARE SEEKING TO GET AT THROUGH THE USE

23   OF THIS TERM.

24        SIMILAR WITH -- AND I KNOW THE COURT'S ORDERED THAT

25   INCOGNITO BE RUN, BUT FOR THE SEARCHES GOOGLE HAS AGREED TO

1    RUN, INCOGNITO APPEARS 50 TIMES WITHIN THE CONTEXT OF OTHER

2    SEARCH TERMS.

3         PRIVATE WITHIN TWO OF BROWSE APPEARS 46 TIMES WITHIN THE

4    LONGER LIST OF 140-SOME ODD TERMS.

5         SO THERE'S SUBSTANTIAL OVERLAP BETWEEN WHAT PLAINTIFFS ARE

6    SEEKING FROM YOUR HONOR NOW AND THE 140 TERMS THAT GOOGLE HAS

7    ALREADY AGREED TO RUN AS THE RESULT OF MANY OTHER TERMS.

8         THE COURT:  I APPRECIATE THAT, MS. CRAWFORD, AND I

9    APOLOGIZE FOR INTERJECTING, BUT I WANT TO GET THROUGH A LITTLE

10   BIT MORE OF THIS TODAY.

11        I -- WHICH IS WHY I'M REQUIRING THAT THEY BE FURTHER

12   LIMITED WITH THE EXCEPTION OF INCOGNITO.

13        AND IT MAY BE THAT PLAINTIFFS, WHEN YOU TURN TO ADDRESS

14   FURTHER LIMITATIONS ON THE TERMS AT 2, 3, AND SOON TO BE 4,

15   THAT YOU FIND THAT THEY ARE, IN FACT, ALREADY COVERED, THAT

16   THERE'S REALLY NOWHERE ELSE TO GO, THAT'S WHY YOU HAVE THEM ON

17   HERE AS SOLOS, IN WHICH CASE THEY CAN COME OFF BECAUSE THEY'RE

18   TOO BROAD AS IS.

19        AND THAT LEADS ME TO THE SIN RASTRO -- I'M PROBABLY NOT

20   SAYING THAT RIGHT, SIN RASTRO? -- TERM WHICH, AGAIN, NEEDS

21   FURTHER LIMITATION.  I APPRECIATE THAT'S A -- THAT WAS AN

22   INITIATIVE, YOU GOT TO PULL THAT IN.

23        THOSE ARE MY ADJUSTMENTS TO THE SEARCH TERMS.  THE OTHERS

24   ARE, AGAIN, MORE COMPLEX THAT FOLLOW AND I'LL ALLOW THEM.

25        ALL RIGHT.  WITH REGARDS TO THE ADDITIONAL CUSTODIANS,

1    I --

2              MS. CRAWFORD:  OH, YOUR HONOR, IF I MAY BRIEFLY?

3              THE COURT:  NO, MS. CRAWFORD.  I'M SORRY.  I NEED TO

4    MOVE ON.  LET'S JUST GO TO THE CUSTODIANS.  OKAY?  I WILL BE

5    BACK.  I'LL BE BACK.

6         BUT WITH REGARDS TO THE ADDITIONAL CUSTODIANS THAT I HAD

7    IDENTIFIED IN THE PREVIOUS ORDER, I HAD ALLOWED THE PARTIES --

8    I HAD ALLOWED TEN SEARCH TERMS.  IT LOOKS LIKE THE PARTIES HAVE

9    AGREED ON SIX, AND A COUPLE OF THESE NEED FURTHER LIMITATION AS

10   WELL.

11        AND THE -- WE GOT TO ADDING THESE FOLKS WITH GOOD CAUSE

12   BECAUSE WE LIMITED TIMEFRAMES AND WE LIMITED SEARCH TERMS.  SO

13   THESE -- THE ADDITIONAL FOLKS THAT I ADDED WILL NOT BE PART OF

14   THE LARGER SEARCHES.  THEY WILL HAVE THIS LIMITED SEARCH.

15        AND, AGAIN, I WILL, FOR THEM, ALLOW INCOGNITO, BUT THE

16   SECOND TERM, PRIVATE BROWSE, AND THE FOURTH TERM, PRIVACY

17   POLICY, NEED FURTHER LIMITATIONS.

18        ALL RIGHT.  THOSE ARE MY RULINGS ON THE CUSTODIANS UNLESS

19   I OVERLOOKED AN OPEN ISSUE.

20        MS. CRAWFORD, I'M SORRY TO RUSH YOU, BUT WE'RE IN A RUSH.

21              MS. CRAWFORD:  THAT'S OKAY, YOUR HONOR.

22        I THINK THAT THERE'S ONE CLARIFICATION THAT WOULD BE

23   USEFUL AS IT RELATES TO SEARCH TERMS, PARTICULARLY BECAUSE

24   GOOGLE'S PROPOSED ORDER POINTED OUT THAT THERE WERE CERTAIN

25   TERMS IN PLAINTIFFS' PROPOSED ORDER, I.E., NUMBERS 18 THROUGH

```
 1    25, WHERE THERE IS A DISPUTE AS TO THE PROPRIETY OF THE

 2    UNDERLYING RFP'S AND, THUS, SEARCHES 18 THROUGH 25 ARE NOT

 3    PROPERLY BEFORE THE COURT GIVEN GOOGLE'S OUTSTANDING RELEVANCE

 4    AND BURDEN OBJECTIONS.

 5         AND SO WHAT WE'VE ASKED THAT THE COURT DO, AND IT SEEMS AS

 6    THOUGH AS RECENTLY AS A FEW DAYS AGO, PLAINTIFFS WERE AMENABLE

 7    TO STRIKING THESE TERMS FROM THEIR PROPOSED ORDER SO THAT THE

 8    PARTIES CAN EXHAUST THE MEET AND CONFER PROCESS, AGAIN, ON THE

 9    ISSUES THAT UNDERLIE THESE PARTICULAR SEARCH TERMS.

10         THE COURT:  ALL RIGHT.  YOU COMPLETE YOUR MEET AND

11    CONFER ON TERMS 18 THROUGH 25 WITHIN THE NEXT WEEK AND GIVE ME

12    A STATUS ON MAY 6TH.

13         MS. CRAWFORD:  THANK YOU, YOUR HONOR.

14         MR. RICHARDSON:  YOUR HONOR, BEKO RICHARDSON.

15    JUST ONE QUICK REQUEST.  WE HAVE BEEN NEGOTIATING WITHOUT

16    HIT COUNTS.  GOOGLE HAS REFUSED TO PROVIDE US ANY HIT COUNTS

17    TIED TO ANY OF THESE SEARCHES DESPITE OUR REPEATED REQUESTS,

18    AND WE WOULD JUST ASK THAT GOOGLE BE ORDERED TO PROVIDE THOSE.

19         THE COURT:  PROVIDE THE HIT COUNTS.

20         MS. CRAWFORD:  HAPPY TO PROVIDE THOSE.  THANK YOU,

21    YOUR HONOR.

22         THE COURT:  GREAT.

23    OKAY.  SO NOW WE'RE BACK INTO THE CHART.  LET'S JUST SEE

24    WHERE WE ARE.  I'M ON CHART A OF YOUR SUBMISSION, AND A NUMBER

25    OF THESE WERE NOT YET READY FOR RESOLUTION.
```

1        AS FOR P3, THE PARTIES ARE TO MEET AND CONFER, GIVE ME A

2    STATUS BY MAY 6TH.

3        AS TO P4, THE SERVER LOGS, I THINK THAT'S TIED BACK WITH

4    CALHOUN AND THE ISSUE THERE, AND WE WILL PROCEED IN THE SAME

5    WAY AS I FIGURE OUT WHAT THAT IS.

6        WITH REGARDS TO P7, WHICH IS WHETHER PEOPLE ARE LOGGED IN

7    OR LOGGED OUT, AGAIN, IT SOUNDS LIKE THE PARTIES ARE CONTINUING

8    THEIR DISCUSSIONS.  THERE MAY OR MAY NOT BE A DISPUTE.  YOU ALL

9    NEED TO GET -- NEED SEVERAL MEET AND CONFER SESSIONS IN THE

10   COMING DAYS, AND I WANT A STATUS REPORT ON MAY 6TH.

11       BUT I DO EXPECT EACH AND EVERY ONE OF THESE ISSUES THAT

12   I'VE IDENTIFIED FOR STATUS ON THE 6TH TO HAVE BEEN PRECEDED BY

13   SERIOUS SLEEVES-ROLLED-UP MEET AND CONFER EFFORT.

14       WITH REGARDS TO P9, AGAIN, A LITTLE BIT FURTHER DISPUTE.

15       I DO SEE THE INFORMATION ON CHART B.  THE PARTIES ARE TO

16   MEET AND CONFER AND GIVE ME A STATUS ON MAY 6TH.

17       AND WITH REGARDS TO P10, GOOGLE'S TIMELINE FOR PRODUCING

18   CUSTODIAL DOCUMENTS, I WANT, ESPECIALLY IN THIS CASE WHERE

19   WE'RE RUNNING UP AGAINST THE CLOSE OF FACT DISCOVERY, I WANT A

20   DETAILED PRODUCTION TIMELINE BY MAY 6TH.  ALL RIGHT?  THAT'S A

21   COMMITMENT TO COMPLETE THE PRODUCTION.

22       THE ROLLING PRODUCTIONS ON TWO WEEKS CADENCE, I'M VERY

23   CONCERNED THAT THAT WILL NOT GET US THERE.  AND I AM LOOKING AT

24   AN ULTIMATE DEADLINE ON PRODUCTION OF NO LATER THAN JUNE 18, NO

25   LATER THAN JUNE 18, AND I WANT GOOGLE TO LOOK AT THAT AND GET

1     ME, GET ME THAT TIMELINE ON MAY 6TH.

2          FOR P11, THIS IS PRODUCTION OF -- EXCUSE ME -- PRODUCTION

3     OF GOOGLE'S BOARD DOCUMENTS, AND HERE'S WHAT -- YES, I'M GOING

4     TO ALLOW THE TWO AND A HALF YEAR PERIOD AND THE PARTIES ARE TO

5     IDENTIFY APPROPRIATE SEARCH TERMS AND A DATE CERTAIN FOR

6     PRODUCTION THAT WILL BE NO LATER THAN MAY 28TH, NO LATER THAN

7     MAY 28TH FOR A DATE CERTAIN FOR PRODUCTION.

8          P12 IS NOT YET RIPE, BUT IT'S BEEN HANGING AROUND THERE

9     AND THE PARTIES ARE GOING TO MEET AND CONFER AND GIVE ME STATUS

10    ON MAY 6TH.

11         AND ON EACH OF THESE, WHEN I'M ASKING FOR STATUS, I WANT

12    TO KNOW WHAT PROGRESS HAS BEEN MADE.  I REALLY WANT THE

13    ISSUES -- THEY'RE EITHER CLOSED OR YOU'RE GOING TO NEED TO GET

14    THEM TO ME FOR BRIEFING, IN WHICH CASE THEY'LL BE ON THE

15    MAY CYCLE FOR BRIEFS AND HEARING ON MAY 26TH.

16         OKAY.  WITH REGARDS TO P13, INTERROGATORIES 5 THROUGH 7,

17    COMPOUND INTERROGATORIES ARE A CURSE ON BOTH YOUR HOUSES.  SO

18    GOOGLE, LET'S ANSWER THEM.  ALL RIGHT?  JUST ANSWER THE

19    INTERROGATORIES 5 THROUGH 7.

20         I WILL OFTEN SUSTAIN OBJECTIONS ON COMPOUND, BUT HERE

21    THERE'S ENOUGH ON BOTH SIDES THAT THESE WILL GET ANSWERED.

22         WITH REGARDS TO THE DISPUTES IDENTIFIED BY GOOGLE, AND

23    TURNING TO CHART C, IF I CAN MAKE THE TRANSLATION -- LET'S SEE.

24    WHERE ARE YOU ON THE SECOND AMENDED COMPLAINT IN THIS CASE?

25         FOR PLAINTIFFS, PLEASE?

```
1              MS. BONN:  I THINK RYAN MCGEE IS GOING TO ADDRESS

2       THESE ISSUES.

3              MR. MCGEE:  GOOD AFTERNOON, JUDGE.

4          THE SECOND AMENDED COMPLAINT WAS FILED BY STIPULATION

5       EARLIER THIS MONTH, AND I BELIEVE JUDGE KOH RULED THAT IT WOULD

6       BE SO ENTERED.

7              THE COURT:  OKAY.  I SAW THE STIPULATION.  I DON'T

8       THINK I APPRECIATED THAT THAT WAS THE OPERATIVE, THE OPERATIVE

9       ENTRY.  THAT'S FINE THEN.

10         WITH REGARDS TO ANY FURTHER -- OKAY.  THAT'S RIGHT.

11         SO IN RESPONSE TO THIS, PLAINTIFFS HAVE ACKNOWLEDGED

12      FURTHER AMENDMENTS.  YOU WERE WAITING ON THE -- IT SOUNDED LIKE

13      THE SECOND AMENDED COMPLAINT MIGHT HELP INFORM THAT PROCESS.

14      SO I WANT, AGAIN, THE PARTIES TO MEET AND CONFER AND HAVE A

15      DATE CERTAIN FOR THOSE AMENDED RESPONSES, A DATE CERTAIN.

16      SUPPLY THAT TO ME ON THE 6TH.

17             MR. MCGEE:  YES, JUDGE.

18             THE COURT:  WHAT ELSE DO WE HAVE?

19         WE HAVE GOOGLE INTERROGATORIES 1, 2, 4, AND 5, AND THE

20      PLAINTIFFS' RESPONSES.  ARE THE -- HAVE THE RESPONSES BEEN

21      VERIFIED?  DO YOU HAVE VERIFIED RESPONSES FROM THE PLAINTIFFS?

22         WHO'S GOT THIS ONE?

23             MR. MCGEE:  SORRY, JUDGE.  THAT'S RYAN MCGEE.

24         I KNOW THAT WE SERVED VERIFIED RESPONSES TO THE SECOND

25      INTERROGATORIES.  I'M NOT SURE THEY'VE BEEN DONE FOR THIS ONE.
```

1   THERE'S BEEN A LOT OF COMPLICATIONS WITH CORONA, BUT I CAN

2   CERTAINLY GET THOSE CERTIFIED, OR VERIFIED.  EXCUSE ME.

3           THE COURT:  IF THE -- I LOOKED AT THIS.  IF THE

4   PLAINTIFFS, ANY PLAINTIFF OR PLAINTIFFS, DO NOT KNOW WHICH

5   VERSIONS THEY REVIEWED OR THE DATES THAT THEY REVIEWED THEM,

6   THEY NEED TO STATE THAT CLEARLY.  THAT NEEDS TO BE CLEARLY

7   STATED FOR THE RECORD, AND THE RESPONSES NEED TO BE VERIFIED.

8           MR. BROOME:  YOUR HONOR, MAY I BE HEARD BRIEFLY ON

9   THIS ISSUE?

10           THE COURT:  YES.

11           MR. BROOME:  I THINK THERE'S A LARGER CONCERN HERE,

12   WHICH IS THAT WE SERVED INDIVIDUALIZED -- WELL, WE SERVED RFA'S

13   AND ROGS ON PLAINTIFFS AND EXPECTED INDIVIDUALIZED RESPONSES.

14       AND I WILL GIVE THE CALHOUN PLAINTIFFS CREDIT IN THIS

15   REGARD IN THAT WHEN WE SERVED SIMILAR ROGS ON THEM, THEY DID

16   PROVIDE -- THEY DID DO THE WORK.  THEY SAT DOWN WITH THEIR

17   PLAINTIFFS AND SAID, WHAT DID YOU REVIEW?  AND WE GOT BACK

18   DIFFERENT ANSWERS AND THAT'S WHAT WE WOULD EXPECT.

19       AND HERE WE'RE NOT GETTING ANSWERS FROM THE PLAINTIFFS.  I

20   FEAR WHAT WE'RE GETTING IS THE ANSWERS THE LAWYERS HAVE

21   DRAFTED.  I MEAN, THEY'RE ALL IDENTICAL IN TERMS OF WHICH

22   STATEMENTS THEY REVIEWED.

23       AND I THINK THAT IT'S NOT JUST A CREDIBILITY ISSUE, IT'S

24   ACTUALLY A DISCOVERY DEFICIENCY BECAUSE I THINK THEY ARE UNDER

25   AN OBLIGATION TO DO WHAT THE CALHOUN PLAINTIFFS DID.

SEALED PROCEEDINGS

1         THE COURT:  I AGREE, MR. BROOME.

2          BUT THE ANSWERS ARE WHAT THEY ARE AND THAT'S WHAT -- THAT

3     WAS -- THAT'S PLAINTIFFS' REPRESENTATION.  AND THAT'S WHY I'M

4     GOING TO REQUIRE THAT THE RESPONSES BE VERIFIED, AND THEY DO

5     NEED TO BE CLARIFIED AS TO WHAT THEY -- IF THEY DON'T KNOW OR

6     CAN'T REMEMBER WHAT THEY LOOKED AT AND WHEN THEY LOOKED AT IT,

7     IT NEEDS TO CLEARLY STATE THAT.

8          THAT MAY LEAD TO FURTHER INDIVIDUALIZATION, BUT IT MAY

9     NOT, AND THAT'S -- BUT YOU WILL HAVE VERIFIED RESPONSES AS TO

10    WHAT THEY DID AND WHAT THEY DID NOT DO.

11         MR. BROOME:  THANK YOU, YOUR HONOR.

12         THE COURT:  ALL RIGHT.  FOR INTERROGATORY NUMBER 2,

13    THERE IS AN AMENDMENT.  PLAINTIFFS SAY THAT THEY WILL AMEND

14    THEIR RESPONSES AND THAT'LL BE DONE BY MAY 6TH.

15         WITH REGARDS TO INTERROGATORY NUMBER 4, THAT'S COVERED BY

16    MY PREVIOUS -- OR WAS ADDRESSED IN MY CALHOUN RULING WITH

17    REGARDS TO PROVIDING A LIST OF THE TEN APPLICATIONS WHICH CAN

18    BE REDACTED, BUT THE CATEGORY OF THE APPLICATION IDENTIFIED.

19         MR. MCGEE:  AND, YOUR HONOR --

20         THE COURT:  THAT'LL START THAT PROCESS.

21         MR. MCGEE:  JUST FOR CLARIFICATION, I UNDERSTAND THAT

22    WAS CALHOUN.

23          BUT I THINK THE INTERROGATORY NUMBER 4 CONCERNED WEBSITES.

24         THE COURT:  AH, YES, IT DID.  WELL, IT SAID WEBSITES

25    AND APPLICATIONS.

```
 1            SO IT CAN INCLUDE A LIST OF THEIR MOST FREQUENT -- TO THE

 2    EXTENT THE PLAINTIFFS CAN ENUMERATE OR IDENTIFY FOR THEMSELVES

 3    THE TEN APPLICATIONS AND TEN WEBSITES THAT THEY IDENTIFY --

 4    THAT THEY VISIT MOST OFTEN, THEY CAN DO THAT.  THEY CAN REDACT

 5    IT IF IT'S PERSONAL INFORMATION.

 6            AND THEN GOOGLE CAN TAKE THAT INFORMATION AND FOLLOW UP

 7    WITH SPECIFIC INQUIRIES OR RAISE ANY OTHER CONCERNS.

 8            AND I THINK THAT GETS US UP TO INTERROGATORY NUMBER 5,

 9    WHICH IS SIMILARLY A REQUEST FOR EVERY TIME PRIVATE BROWSING

10    MODE IS USED, AND I APPRECIATE IT'S, IT'S FRUSTRATING, BUT

11    THAT'S WHAT THE ANSWER IS.  IT SOUNDS LIKE -- WAIT, MAYBE I'M

12    NOT READING MY NOTE CORRECTLY.  EXCUSE ME JUST A MINUTE.

13            MR. BROOME, IS THIS YOURS FOR GOOGLE?  IS THIS THE SAME

14    ISSUE, THAT IT'S THE SAME RESPONSES?  I SEEM TO HAVE DROPPED A

15    PAGE.

16              MR. BROOME:  YEAH, I THINK IT'S SIMILAR, YOUR HONOR.

17          I THINK WE WERE AT -- WE RECOGNIZE THAT THEY'RE NOT GOING

18    TO BE ABLE TO RECALL AND RECREATE EVERY PRIVATE BROWSING

19    SESSION.  BUT, YOU KNOW, WE DON'T HAVE THAT INFORMATION, AS

20    WE'VE DISCUSSED, AND I THINK WE'RE GOING TO GET SOME MORE

21    DISCOVERY AND PROBABLY SOME ARGUMENT ON THAT.

22            BUT WHAT WE'VE ASKED IS FOR THEM TO, YOU KNOW, AT LEAST

23    SIT DOWN WITH THEIR CLIENTS AND SAY, HEY, CAN YOU RECALL

24    ANYTHING ABOUT ANY PRIVATE BROWSING SESSIONS AND AT LEAST

25    PROVIDE US THAT DATA.
```

1          BUT I THINK THAT YOUR PRIOR ORDER ABOUT IDENTIFYING THE

2     TOP TEN APPLICATIONS AND TOP TEN WEBSITES THAT THEY VISITED IN

3     PRIVATE BROWSING WILL PROBABLY GET US THERE.

4          THE COURT:  OKAY.

5          MR. MCGEE:  YOUR HONOR, JUST TO CLARIFY, I KNOW YOU

6     APPRECIATE BREVITY.

7          WE DID PROVIDE INDIVIDUALIZED ANSWERS FOR THIS, AND THAT'S

8     WHY THE REDACTING ON THE PUBLIC VERSION LOOKS DIFFERENT.  WE

9     PROVIDED VERY SPECIFIC WEBSITES THEY WENT TO, AND ALSO GENERAL

10    CATEGORIES.

11         SO I TAKE ISSUE WITH ANY ACCUSATION OF VERBATIM OR, YOU

12    KNOW, LAWYER --

13         THE COURT:  ALL RIGHT.  I'M NOT GOING TO RULE ON

14    ANYTHING ON THAT, SO THANK YOU, MR. MCGEE.

15         LET'S BE SURE THAT GOOGLE GETS VERIFIED RESPONSES.  I WANT

16    THOSE RESPONSES TO BE VERIFIED.

17         MR. MCGEE:  YES, JUDGE.

18         MR. BROOME:  I BELIEVE I CAN ONLY SEE ONE WEBSITE

19    ACTUALLY IDENTIFIED, BUT IT SOUNDS LIKE WE'RE GOING TO GET SOME

20    MORE, SO WE'RE FINE WITH THAT.

21         THE COURT:  OKAY.  FOR RFP NUMBER 2 -- WHICH DISPUTE

22    AM I ON HERE, 2 -- THIS IS RFP NUMBER 2, THE PARTIES NEED TO

23    COMPLETE YOUR MEET AND CONFER BY MAY 6TH.

24         AND THAT APPLIES TO RFP 3 AS WELL.

25         WITH REGARDS TO RFP NUMBER 6, THE RESPONSES -- LET'S SEE,

```
 1    WHERE'S MY NOTE HERE?

 2         THE PLAINTIFFS, AS I UNDERSTAND IT, SAY THAT THEY DO

 3    IDENTIFY THE DOCUMENTS, OR THEY REFERENCE THE DISCLOSURES THAT

 4    THEY REVIEWED, AND MY COMMENT IS THAT THE RESPONSES NEED TO BE

 5    SURE TO IDENTIFY THE DOCUMENTS.  AND WHETHER THAT'S USING

 6    EXHIBITS TO THE COMPLAINT OR SOME OTHER DOCUMENTS, BUT THERE

 7    NEEDS TO BE NOT JUST A GENERAL STATEMENT, BUT DOCUMENTS, TO THE

 8    EXTENT THAT THEY CAN RECALL, THAT THEY REVIEWED, AND THEN THOSE

 9    RESPONSES NEED TO BE VERIFIED.

10         MR. BROOME:  THAT WORKS FOR US, YOUR HONOR.

11         COULD I MAKE ONE GLOBAL COMMENT?  WE HAVE DEFINED CERTAIN

12    DOCUMENTS IN OUR REQUESTS AND WE THINK THEY'RE PRETTY

13    STRAIGHTFORWARD BECAUSE WE PROVIDED LINKS TO THEM.

14         SO, FOR EXAMPLE, THE PRIVACY POLICY WE DEFINED AND WE

15    PROVIDED A LINK TO THE PRIVACY POLICY, AND OF COURSE IF YOU GO

16    TO GOOGLE'S PRIVACY POLICY, ALL OF THE ARCHIVED VERSIONS ARE

17    THERE FOR THE USER.

18         THEY HAVE REDEFINED PRIVACY POLICY AS INCLUDING THE

19    INCOGNITO SCREEN AND, IN FACT, IT'S NOT EVEN CLEAR TO ME IF

20    THEY ARE INCLUDING THE ACTUAL PRIVACY POLICY.

21         THEY REFER TO CERTAIN GOOGLE STATEMENTS -- REPRESENTATIONS

22    ABOUT USERS BEING IN CONTROL, STATEMENTS THAT ARE OUTLINED IN

23    PARAGRAPHS 2 AND 42 OF THE COMPLAINT, AND THE INCOGNITO NOTICE,

24    AND THEY'VE ALL STATED THAT THEY BELIEVE THAT IS THE PRIVACY

25    POLICY AND THAT'S JUST -- YOU KNOW, THAT'S JUST NOT WHAT IT IS.
```

```
 1              WE HAVE A SIMILAR ISSUE WITH OTHER DOCUMENTS, LIKE THE

 2      TERMS OF SERVICE, THE PRIVACY NOTICE, ET CETERA, AND IT WOULD

 3      BE HELPFUL IF THEY COULD ACTUALLY RESPOND BY IDENTIFYING --

 4      WITH RESPECT TO THE ACTUAL DOCUMENTS AND NOT THEIR, YOU KNOW,

 5      THEIR UNDERSTANDING OF THOSE DOCUMENTS.

 6              THE COURT:  TO THE EXTENT THE PLAINTIFFS CAN IDENTIFY

 7      SPECIFIC DOCUMENTS, THOSE IDENTIFICATIONS NEED TO BE PROVIDED.

 8      THAT'S WHAT I -- THAT'S WHAT I INTENDED TO COMMUNICATE.

 9              MR. BROOME:  THANK YOU, YOUR HONOR.

10              THE COURT:  AND THEY MAY HAVE LOOKED AT OTHER

11      DOCUMENTS, AND THAT'S FINE, OR THE INCOGNITO SCREEN, AND THEY

12      CAN IDENTIFY THAT AS WELL.

13              BUT THEY DO HAVE TO ANSWER THE QUESTION THAT'S BEEN

14      ASKED --

15              MR. BROOME:  THANK YOU.

16              THE COURT:  -- WITH A VERIFIED RESPONSE.

17              FOR RFP NUMBER 7, I THINK THAT WE HAVE COVERED THAT WITH

18      OUR IDENTIFICATION OF THE TEN WEBSITES OR -- EXCUSE ME -- WITH

19      THE TEN WEBSITES AS WE DID FOR INTERROGATORY NUMBER 4.

20              AND I THINK THAT ALL OF THE OTHER REQUESTS WERE NOT YET

21      RIPE WHERE THE PARTIES OR THE COURT -- UNLESS I'M MISSING

22      ONE -- FOR D4, THE DISPUTE AT D4 FOR THE LONG SET OF RFA'S, I

23      WANT A STATUS ON THAT BY MAY 6TH.

24              AND SIMILARLY FOR D5, THE RESPONSES TO INTERROGATORIES 7,

25      9, AND 10, I WANT A STATUS REPORT ON MAY 6TH.
```

1          ALL RIGHT.   AND THAT IS WHAT I HAVE IN FRONT OF ME FOR

2     BROWN.

3          ANYTHING ELSE FROM PLAINTIFFS IN BROWN?

4               MS. BONN:   I DON'T THINK SO, YOUR HONOR.   THANK YOU.

5               THE COURT:   ANYTHING ELSE FROM DEFENDANTS IN BROWN?

6               MR. SCHAPIRO:   NO, YOUR HONOR.

7               THE COURT:   OKAY.   THANK YOU.

8          ALL RIGHT.

9          (THE PROCEEDINGS WERE CONCLUDED AT 4:34 P.M.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                        CERTIFICATE OF REPORTER

4

5

6

7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10   CERTIFY:

11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF ZOOM PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14

15

16                    _____
                      LEE-ANNE SHORTRIDGE, CSR, CRR
17                    CERTIFICATE NUMBER 9595

18                    DATED:  MAY 3, 2021

19

20

21

22

23

24

25