QUINN EMANUEL URQUHART & SULLIVAN, LLP

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM FOR HEARING ON JOINT SUBMISSION (DKT. 177)**<br><br>Referral: Hon. Susan van Keulen, USMJ<br>Hearing Date: June 2, 2021<br>Hearing Time: 1:30 P.M. |

## I. INTRODUCTION

Plaintiffs have confirmed that they will reference or discuss Google protected materials at the June 2, 2021 hearing related to the parties' Joint Submission In Response to Dkt. 147, 147-1, 159, 159-1 Re: Status of Discovery Disputes ("Joint Submission") (Dkt. 177). The parties submitted their Joint Submission (Dkt. 177) on May 26, 2021, which Google filed under seal and is still pending before the Court (Dkt. 176). The next day, the Court ordered the parties to identify by noon of May 28, 2021 "no more than 4 issues it deems most critical to address at the 6/2/2021 discovery hearing." Dkt. 179. The parties complied: Plaintiffs identified Disputes P3, P4, P15, and P16 and Google identified Disputes P4, P10, P15, and D3 to be discussed at the June 2, 2021 hearing. Dkts. 180, 181.

In accordance with Section 5.2(b) of the Protective Order (Dkt. 81), Plaintiffs informed Google that they intend to discuss at the June 2, 2021 hearing two of Google's documents that were designated Confidential, i.e., GOOG-BRWN-00028920 and GOOG-BRWN-00029445. These discussions will contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly and will be discussed at the June 2, 2021 hearing, including (1) Google's internal logs at issue and access thereof, and (2) the various types of unauthenticated identifiers/cookies Google uses internally and their corresponding proprietary functions. The Court previously sealed the April 29, 2021 hearing (Dkt. 143) and transcript (Dkt. 174) in this case related to the same or substantively similar information pursuant to Google's request. At the time of this filing, Google does not anticipate that protected information will be discussed in the June 2, 2021 hearing in *Calhoun v. Google LLC*, No. 5:20-cv-5164 (N.D. Cal.) and therefore will not move to seal the courtroom for that hearing.

In light of the highly confidential material to be discussed at the June 2, 2021 hearing, Google asked Plaintiffs to stipulate to sealing the hearing pursuant to Civil Local Rules 7-11 and 79-5 and Federal Rule of Civil Procedure 26(c). Tse Decl., ¶ 3. Plaintiffs stated they do not oppose Google's request. *Id*. Therefore, Google now moves the Court to seal the courtroom for the June 2, 2021 hearing on the Joint Submission (Dkt. 177).

## II. LEGAL STANDARD

The common law right of public access to judicial proceedings is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Crowe v. Cty. of San Diego*, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002) ("[T]here is no right of access which attaches to all judicial proceedings." (internal citations omitted)). The right is weakest where, as here, the proceedings concern a non-dispositive discovery motion; rather than satisfy the more stringent "compelling reasons" standard, a party seeking to seal materials in these circumstances must make only a "particularized showing" of "good cause." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Such sealing at trial is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information"); *Standard & Poor's Corp. Inc. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1275 (S.D.N.Y. 1982) ("[T]he overriding interest to be found in business confidences . . . require[s] . . . temporary reasonably restricted access to the Courtroom of members of the public.").

## III. THE HEARING SHOULD BE SEALED BECAUSE PARTIES' ARGUMENTS WILL NECESSARILY INVOLVE DISCLOSURE OF GOOGLE'S HIGHLY SENSITIVE MATERIAL

All facts militate in favor of sealing the June 2, 2021 hearing. The "good cause" standard that governs the sealing determination in non-dispositive motions is easily met. The parties' Joint Submission contains detailed discussions on Google's confidential information, including the highly sensitive features of Google's systems and operations. *See* Dkts. 176, 177. As explained in Google's pending Administrative Motion to Seal Joint Submission (Dkt. 176), the information sought to be sealed for this hearing reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with its legal and privacy obligations. Dkt. 176 at 3. Such information is protectable and must be kept confidential in

order to prevent harm to Google's competitive standing. *Id.* at 3. Moreover, public disclosure of Google's confidential information may put Google at an increased risk of cybersecurity threats. *Id.* at 3-4.

First, Plaintiffs provided notice that they intend to discuss GOOG-BRWN-00029445, which Google has designated as Confidential. This document is related to Dispute P4 "regarding preservation and production of Google server logs regarding Google's collection and use of private browsing information." Dkt. 176-4 at 12-13. To address the issues Plaintiffs raised with respect to Dispute P4, Google will need to rely on confidential information regarding highly sensitive features of Google's operations. Specifically, this information provides details related to the various types of data logs maintained by Google, information contained in those logs, the size of those logs, the logs' retention policies, and the cost in money and man-hours for suspending retention periods for those logs. Such information reveals Google's internal strategies, proprietary system designs, business practices, and system capacities for operating and maintaining many of its important services while complying with its legal and privacy obligations. This Court has previously granted Google's motion to seal the courtroom on this issue in this case, Dkt. 143, and in *Calhoun*, Dkt. 124. If the hearing is not sealed, Google would have to pick between two evils: revealing its highly confidential information that may harm Google and put it at a competitive disadvantage, or vigorously arguing—without supporting facts—that Plaintiffs' blunderbuss preservation demand is burdensome and disproportional.

Second, Plaintiffs also rely on Google's confidential information regarding highly sensitive features of Google's internal systems and operations for their positions in the Joint Submission (Dispute P3). Specifically, this dispute relates to Google's production of Plaintiffs' data (P3), which will necessarily require discussion of the various types of Google's internal identifiers/cookies and their proprietary functions. Dkt. 176-4 at 10. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with its legal and privacy obligations. Indeed, in their portion of the Joint Submission, Plaintiffs refer to the same protected document Google produced that they intend to discuss at the June 2, 2021 hearing, including Google's unauthenticated identifies/cookies and their

3    Case No. 5:20-cv-03664-LHK-SVK
GOOGLE'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM
FOR HEARING ON JOINT SUBMISSION (DKT. 177)

proprietary functions. *See* Dkt. 176-4 at 10. This Court has previously granted Google's motion to seal the courtroom on this precise issue in this case. Dkt. 143. Google must be able to freely refer to this information to fully explain to the Court how its internal identifiers/cookies work, in order to contradict Plaintiffs' unsupported speculation—without fear of public disclosure of sensitive Google business information. It would be unfair and prejudicial to force Google's counsel to choose between providing facts to the Court by relying on this confidential information and retaining the confidentiality of these highly sensitive facts.

Given the importance and highly sensitive nature of the aforementioned information related to the parties' discovery disputes, Google believes that sealing the courtroom is the correct and most effective approach. Indeed, this Court has recently sealed the April 29, 2021 hearing and transcript where the same or substantively similar information was discussed. The virtual proceedings in this case permit the attendance of hundreds of interested members of the public, including legal experts and journalists, and allowing confidential material to be discussed in open court in these circumstances is tantamount to having it filed publicly on the docket. Google proposes that the Court seal the June 2, 2021 hearing and that Google will file a motion to seal the June 2, 2021 transcript 7 business days after the hearing to redact any confidential information.

Google defers to the Court as to the best method for sealing the June 2, 2021 hearing in light of the virtual proceedings but proposes that the Court may consider directing the parties to dial into a private Zoom meeting, instead of a Zoom webinar.

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the June 2, 2021 hearing on the parties' Joint Submission (Dkt. 177).

DATED: June 1, 2021    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ *Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle  (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*