| Dispute No. | Dispute | Court Order (6/8/21) |
|---|---|---|
| P1 4/7/21 | **Selection of Google custodians**: The parties have a dispute regarding which Google employees to include as document custodians. | As discovery proceeds, it is inevitable, as we have already seen this case, that there will be a need to add custodians and/or search terms for all or some of the custodians. It appears the parties need further direction from the Court, beyond what is provided in the ESI order and relevant subsequent orders of this Court.<br><br>Accordingly, the parties are to provide: (1) a joint summary of the evolution of ESI search terms and custodians in this case, including agreed upon protocol for adding custodians and terms thus far; (2) Plaintiffs'/<br>Defendant's proposals as to how to manage the addition of custodians and terms going forward, including proposed end-dates and caps for additional custodians or terms. The parties must meet and confer and make a good faith effort to reach agreement on a protocol.<br><br>**The foregoing is to be included in a joint letter submission not to exceed 5 pages by June 25, 2021.**<br><br>Finally, as discussed at the June 2 hearing, and clarified herein, productions from specific custodians must identify the custodian. Productions made pursuant to non-custodial searches need not be tied to specific RFPs. |
| P2 4/7/21 | **Google's search terms**: The parties have a dispute regarding which search terms Google should apply to identify potentially responsive documents. | With regards to the custodians added in the April 13, 2021 order, not more than ten search terms shall apply.<br>Whether the number of terms has been further reduced from 10 by agreement of the parties or by court order is unclear from the parties' submission, may not yet be ripe, and may be addressed in process set forth above in P1 and therefore is not addressed by the Court at this time.<br>Finally, although the search term limitations in the April 13 order may be appropriate for other custodians, the order did not, either expressly or impliedly, cover all additional custodians for all time. |

| Dispute No. | Dispute | Court Order (6/8/21) |
|---|---|---|
| P3 4/7/21 | **Google's production of Plaintiffs' data**: The parties have a dispute regarding Plaintiffs' RFP No. 18: "Documents concerning Plaintiffs, including Plaintiffs' use of Google services, all data collected by Google from and regarding Plaintiffs, and Google's use of all data collected by Google from and regarding Plaintiffs." | The Court continues to weigh how discovery may be completed efficiently and in a timely manner into the related issues of (1) what information Defendant has regarding Plaintiffs; and (2) what information Defendants have regarding identification of putative class members.<br><br>First, the Court requests additional briefing on issues P3 & P6 following the 30(b)6 depositions scheduled in these cases on June 11 and June 16, respectively. **Plaintiffs' brief in support of its motion to compel will be due Wednesday, June 23, 2021; Defendant's opposition will be due June 30, 2021.** Briefs are not to exceed 10 pages. The parties may submit no more than 8 exhibits with a supporting declaration providing foundation and/or a brief explanation of the attachments; declarations are not to contain argument.<br><br>Second, the Court is considering the appointment of a special master under Rule 53 with sufficient technical expertise to assist the Court in evaluating the parties' arguments and responses on the foregoing issues in particular and, if necessary, on future discovery disputes. Neutrality of the special master would be required (Rule 53(a)(2)), and he/she would be selected following 2 nominations by each side, the parties meeting and conferring (as this may be an area where the proper candidate is obvious) and, if necessary, the Court making the selection. **The Court will hear from the parties as to this approach, including any concerns set forth in Rule 53(a)(3), in a joint letter not to exceed 7 pages by June 18, 2021.** . |
| P4 4/7/21 | **Google server logs**: The parties have a dispute regarding preservation and production of Google server logs regarding Google's collection and use of private browsing information. | With regards to the issue of document retention, Plaintiffs can inquire as to Google's general practices and protocols with respect to databases, as well as what it would take to make adjustments to or suspend those practices and protocols. If new facts arise concerning logs or Google's ability to deviate from retention practices, the Court may consider them in the future. |

| Dispute No. | Dispute | Court Order (6/8/21) |
|---|---|---|
| P5 4/7/21 | **Google's preservation of custodial ESI:** The parties have a dispute regarding the extent to which the Court's ESI Order (Dkt. 91) requires Google to preserve custodial ESI back to June 1, 2008. | |
| P6 4/7/21 | **Class member identification:** The parties have a dispute regarding Plaintiffs' RFP No. 10: "Documents sufficient to identify all alleged class members, including all electronic or physical address information associated with alleged class members." | See P3 above. |
| P7 4/7/21 | **Logged in and logged out:** The parties have a dispute regarding what constitutes logged in and logged out behavior. | This issue is at least tangentially related to P3 and may be resolved by rulings on those issues. Accordingly, at this time the court defers this issue. |
| P8 4/7/21 | **Plaintiffs' Consulting Experts:** The parties may have a dispute regarding Plaintiffs' ability to show protective order materials to their retained experts. | |
| P9 4/23/21 | **Google production of custodial documents** | |

| Dispute No. | Dispute | Court Order (6/8/21) |
|---|---|---|
| | **responsive to particular requests**: The parties have a dispute regarding whether Google will produce custodial documents responsive to certain document requests. | |
| P10 4/23/21 | **Google timeline for producing custodial documents**: The parties have a dispute regarding the timeline for Google's production of custodial documents. | The June 18 deadline holds for the original custodians (those identified or addressed in the April 30 order – original 10 + 7 custodians) and terms (101 terms for original 10 + 10 terms for additional 7). .<br>**The deadline for custodian productions for custodians and searches agreed upon as of the date of this order is extended to July 31, 2021.** |
| P11 4/23/21 | **Google's production of Board documents**: The parties have a dispute regarding Google's production of documents responsive to RFP No. 13: "Handouts and presentations to or from any Google C-level executive or board member and committee or board meeting minutes discussing any private browsing mode, including Incognito mode." | |
| P12 4/23/21 | **Google production of other non-custodial documents**: The parties have a dispute regarding whether Google will | |

| Dispute No. | Dispute | Court Order (6/8/21) |
|---|---|---|
| | produce non-custodial documents responsive to certain document requests. | |
| P13 4/23/21 | **Google's responses to Interrogatory Nos. 5-7**: The parties have a dispute regarding Google's responses to these interrogatories. | The Parties are to continue their meet and confer efforts on these issues. By way of guidance, the Court notes that an interrogatory asking for identification of personnel with responsibility for a reasonable set of clearly defined tasks or events may be an efficient means of identifying relevant persons. |
| P14 5/26/21 | **Access to non-public Google source code**: The parties have a dispute regarding Plaintiffs' requests for access to non-public Google source code. | This issue is not yet ripe. |
| P15 5/26/21 | **Cross-use**: The parties have a dispute regarding cross-use of discovery between *Brown* and *Calhoun*. | The parties are to continue their meet and confer efforts, with both sides compromising from their proposed positions as directed on the record at the June 2 hearing. |
| P16 5/26/21 | **X-Client Data**: The parties have a dispute regarding Plaintiffs' RFP 120: "Documents sufficient to identify, during the Class Period, Chrome web browser communications that did not contain any X-Client Data Header." | The Court has considered the parties' previous submissions and argument on this issue and requests supplemental briefing on the following specific question: What is Plaintiffs' factual basis to dispute Google's position that there are multiple reasons why the X-Client Data field may be empty and therefore the empty field does not necessarily identify class members? Google is to respond to Plaintiff's position. **The submission is to be a joint letter brief not to exceed 7 pages. The parties are to negotiate the exchange of their respective sections and submit the brief to the Court by July 9, 2021.** |
| D1 | Google's Requests for Admission Nos. 1, 2, 3, 4 | |

| Dispute No. | Dispute | Court Order (6/8/21) |
|---|---|---|
| D2 | Google's Interrogatories Nos. 7, 9, 10 | |
| D3 | Google's Requests for Production No. 2, 7 | |
| D4 | Google's Requests for Admission Nos. 12 and 14 | The parties' submission on this issue is not helpful to the Court.  The Court will set a date in the future for submission of disputes regarding written discovery. |

| Chart A Dispute No. | Request | Court Order (6/8/21) |
|---|---|---|
| P6 4/23/21 | Plaintiffs RFP 10: Documents sufficient to identify all alleged class members, including all electronic or physical address information associated with alleged class members. | |
| P13 4/23/21 | Plaintiffs Interrogatory No. 5: Please IDENTIFY one copy of each version of each and every PUBLIC DISCLOSURE in which a WEBSITE that uses a GOOGLE THIRD-PARTY SERVICE informs USERS that USERS' INFORMATION will be collected (by the WEBSITE or by GOOGLE) notwithstanding the USERS' BROWSER SETTINGS. | |
| P15 5/26/21 | Plaintiffs' RFP 120: Documents sufficient to identify, during the Class Period, Chrome web browser communications that did not contain any X-Client Data Header | |