1  QUINN EMANUEL URQUHART & SULLIVAN, LLP

2  BOIES SCHILLER FLEXNER LLP
   Mark C. Mao (CA Bar No. 236165)
3  mmao@bsfllp.com
   44 Montgomery Street, 41st Floor
4  San Francisco, CA 94104
   Telephone: (415) 293 6858
5  Facsimile: (415) 999 9695

6  SUSMAN GODFREY L.L.P.
   William Christopher Carmody (pro hac vice)
7  bcarmody@susmangodfrey.com
   Shawn J. Rabin (pro hac vice)
8  srabin@susmangodfrey.com
   1301 Avenue of the Americas, 32nd Floor
9  New York, NY 10019
   Telephone: (212) 336-8330
10
   MORGAN & MORGAN
11 John A. Yanchunis (pro hac vice)
   jyanchunis@forthepeople.com
12 Ryan J. McGee (pro hac vice)
   rmcgee@forthepeople.com
13 201 N. Franklin Street, 7th Floor
   Tampa, FL 33602
14 Telephone: (813) 223-5505

15 *Attorneys for Plaintiffs; additional counsel
   listed in signature blocks below*
16

   QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
   Andrew H. Schapiro (*pro hac vice*)
   andrewschapiro@quinnemanuel.com
   191 N. Wacker Drive, Suite 2700
   Chicago, IL 60606
   Telephone: (312) 705-7400
   Facsimile: (312) 705-7401

   Stephen A. Broome (CA Bar No. 314605)
   stephenbroome@quinnemanuel.com
   Viola Trebicka (CA Bar No. 269526)
   violatrebicka@quinnemanuel.com
   865 S. Figueroa Street, 10th Floor
   Los Angeles, CA 90017
   Telephone: (213) 443-3000
   Facsimile: (213) 443-3100

   Diane M. Doolittle (CA Bar No. 142046)
   dianedoolittle@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, CA 94065
   Telephone: (650) 801-5000
   Facsimile: (650) 801-5100

   *Attorneys for Defendant; additional counsel
   listed in signature blocks below*

17
                    UNITED STATES DISTRICT COURT
18
          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
19

20 CHASOM BROWN, WILLIAM BYATT,
   JEREMY DAVIS, CHRISTOPHER
21 CASTILLO, and MONIQUE TRUJILLO,
   individually and on behalf of all similarly
22 situated,

23            Plaintiffs,

24       v.

25 GOOGLE LLC,

26            Defendant.

27

28

   Case No. 5:20-cv-03664-LHK-SVK

   **JOINT SUBMISSION RE: SEALING
   PORTIONS OF JUNE 2, 2021 HEARING
   TRANSCRIPT**

   Referral: Hon. Susan van Keulen, USMJ

1    June 16, 2021

2    Submitted via ECF

3    Magistrate Judge Susan van Keulen
     San Jose Courthouse
4    Courtroom 6 - 4th Floor
     280 South 1st Street
5    San Jose, CA 95113

6           Re:     Joint Submission re: Sealing Portions of June 2, 2021 Hearing Transcript
                    *Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)
7
     Dear Magistrate Judge van Keulen:
8
            Pursuant to Your Honor's June 1, 2021 Order on Motion to Seal Courtroom for June 2
9
10   Discovery Hearing (Dkt. 183), Plaintiffs and Google LLC ("Google") jointly submit this statement

11   regarding sealing portions of the June 2, 2021 hearing transcript.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Google respectfully seeks to seal the following portions of the June 2, 2021 Hearing Transcript ("Transcript"), which contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly, including the various types of Google's internal identifiers/cookies and their proprietary functions. The Court sealed the June 2, 2021 hearing based on the discussion of this information pursuant to Google's request.  Dkt. 182.  This Administrative Motion pertains to the following information contained in the Transcript:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| June 2, 2021 Hearing Transcript | Portions Highlighted in Yellow at 13:2, 13:8-11, 32:18-20, 36:23-37:3, 37:8-11, 37:15-20, 37:22-24, 38:2-5, 46:3-11, 46:17. | Google |

The parties conferred on the proposed redactions to the Transcript.  Plaintiffs believe there is no basis for any redactions, but they nonetheless do not oppose Google's motion to seal.

## I. LEGAL STANDARD

The common law right of public access to judicial records in a civil case is not a constitutional right and it is "not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have refused to permit their files to serve as reservoirs of . . . sources of business information that might harm a litigant's competitive standing").  The right to access is further diminished where, as here, a party seeks to prevent the disclosure of information discussed during a hearing on a non-dispositive discovery motion; rather than the more stringent "compelling reasons" standard, a party seeking to seal materials in these circumstances must make only a "particularized showing" of "good cause." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).  A "strong presumption of access" does ***not*** apply to sealed discovery documents attached to non-dispositive motions; a "party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).  Even at trial, sealing is appropriate when the information at issue

constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

## II.   THE ABOVE IDENTIFIED MATERIALS EASILY MEET THE "GOOD CAUSE" STANDARD AND SHOULD ALL BE SEALED

Although the materials that Google seeks to seal here easily meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard.  Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 589-99.  Good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information."  *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014).  Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard.  *See e.g. Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).

Here, the Transcript comprises confidential information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly.  Specifically, this information provides details related to the various types of Google's internal identifiers/cookies and their proprietary functions.  Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with legal and privacy obligations.

Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of

1    Google's proprietary systems, strategies, designs, and practices to Google's competitors.  That alone is

2    a proper basis to seal such information.  *See, e.g.*, *Free Range Content, Inc. v. Google Inc*., No. 14-cv-

3    02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain

4    sensitive business information related to Google's processes and policies to ensure the integrity and

5    security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co*., No. 3:16-cv-

6    02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because

7    "disclosure would harm their competitive standing by giving competitors insight they do not have");

8    *Trotsky v. Travelers Indem. Co*., 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting

9    motion to seal as to "internal research results that disclose statistical coding that is not publically

10   available").

11          Moreover, if publicly disclosed, malicious actors may use such information to seek to

12   compromise Google's internal identifier systems.  Google would be placed at an increased risk of

13   cyber security threats, and data related to browsing of users could similarly be at risk.  *See, e.g.*, *In re*

14   *Google Inc. Gmail Litig*., 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material

15   concern[ing] how users' interactions with the Gmail system affects how messages are transmitted"

16   because if made public, it "could lead to a breach in the security of the Gmail system").  The security

17   threat is an additional reason for this Court to seal the identified information. The information Google

18   seeks to redact, including the functionalities of its internal identifiers/cookies and their functionalities,

19   is the minimal amount of information needed to protect its internal systems and operations from being

20   exposed to not only its competitors but also to nefarious actors who may improperly seek access to

21   and disrupt these systems and operations. The "good cause" rather than the "compelling reasons"

22   standard should apply but under either standard, Google's sealing request is warranted.

23   **III.    CONCLUSION**

24          For the foregoing reasons, Google respectfully requests that the Court seal the identified

25   portions of the Transcript.

26

27

28

1                                  Respectfully,

2

QUINN EMANUEL URQUHART &amp;          BOIES SCHILLER FLEXNER LLP
3 SULLIVAN, LLP

4 */s/ Andrew H. Schapiro*                    */s/ Mark C. Mao*

Andrew H. Schapiro (admitted *pro hac vice*)    Mark C. Mao (CA Bar No. 236165)
5 andrewschapiro@quinnemanuel.com          mmao@bsfllp.com
191 N. Wacker Drive, Suite 2700           Sean Phillips Rodriguez (CA Bar No.
6 Chicago, IL 60606                         262437)
Tel: (312) 705-7400                      srodriguez@bsfllp.com
7 Fax: (312) 705-7401                      Beko Reblitz-Richardson (CA Bar No.
                                           238027)
8 Stephen A. Broome (CA Bar No. 314605)    brichardson@bsfllp.com
sb@quinnemanuel.com                   44 Montgomery Street, 41st Floor
9 Viola Trebicka (CA Bar No. 269526)      San Francisco, CA 94104
violatrebicka@quinnemanuel.com          Tel: (415) 293 6858
10 865 S. Figueroa Street, 10th Floor       Fax: (415) 999 9695
Los Angeles, CA 90017
11 Tel: (213) 443-3000
Fax: (213) 443-3100                     James W. Lee (*pro hac vice*)
12                                        jlee@bsfllp.com
Diane M. Doolittle (CA Bar No. 142046)    Rossana Baeza (*pro hac vice*)
13 dianedoolittle@quinnemanuel.com         rbaeza@bsfllp.com
555 Twin Dolphin Drive, 5th Floor       100 SE 2nd Street, Suite 2800
14 Redwood Shores, CA 94065           Miami, FL 33130
Telephone: (650) 801-5000           Tel: (305) 539-8400
15 Facsimile: (650) 801-5100           Fax: (305) 539-1304

16 Jomaire A. Crawford (admitted *pro hac vice*)   William Christopher Carmody (*pro hac
jomairecrawford@quinnemanuel.com      vice*)
17 51 Madison Avenue, 22nd Floor         bcarmody@susmangodfrey.com
New York, NY 10010                    Shawn J. Rabin (*pro hac vice*)
18 Telephone: (212) 849-7000           srabin@susmangodfrey.com
Facsimile: (212) 849-7100           Steven Shepard (*pro hac vice*)
19                                        sshepard@susmangodfrey.com
Josef Ansorge (admitted *pro hac vice*)     Alexander P. Frawley (*pro hac vice*)
20 josefansorge@quinnemanuel.com         afrawley@susmangodfrey.com
Carl Spilly (admitted *pro hac vice*)      SUSMAN GODFREY L.L.P.
21 carlspilly@quinnemanuel.com          1301 Avenue of the Americas, 32nd Floor
1300 I Street NW, Suite 900          New York, NY 10019
22 Washington D.C., 20005            Tel: (212) 336-8330
Tel: (202) 538-8000
23 Fax: (202) 538-8100                Amanda Bonn (CA Bar No. 270891)
                                       abonn@susmangodfrey.com
24 Jonathan Tse (CA Bar No. 305468)       SUSMAN GODFREY L.L.P.
jonathantse@quinnemanuel.com           1900 Avenue of the Stars, Suite 1400
25 50 California Street, 22nd Floor        Los Angeles, CA 90067
San Francisco, CA 94111            Tel: (310) 789-3100
26 Tel: (415) 875-6600
Fax: (415) 875-6700               John A. Yanchunis (*pro hac vice*)
27                                        jyanchunis@forthepeople.com
*Attorneys for Defendant Google LLC*     Ryan J. McGee (*pro hac vice*)
28                                        rmcgee@forthepeople.com
                                       MORGAN &amp; MORGAN, P.A.
                                       201 N Franklin Street, 7th Floor

1
2

Tampa, FL 33602
Tel: (813) 223-5505
Fax: (813) 222-4736

3
4

Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

5
6
7

*Attorneys for Plaintiffs*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION OF CONCURRENCE

I am the ECF user whose ID and password are being used to file this Joint Submission.

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has

concurred in the filing of this document.


Dated: June 16, 2021                          By _____ */s/ Andrew H. Schapiro* _____
                                                  Andrew H. Schapiro
                                                  *Counsel on behalf of Google LLC*