Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No.  5:20-cv-03664-LHK-SVK <br><br> **PLAINTIFFS' MOTION TO COMPEL REGARDING DISPUTE P3** |

**INTRODUCTION**

Since September 2020, Plaintiffs have sought relevant discovery concerning Plaintiffs' data (Dispute P3, RFP 18). Unfortunately, Google has persistently opposed this discovery, made limited and obscured productions,[1] and withheld relevant data that should have been produced pursuant to the Court orders.

Testimony by Google's 30(b)(6) representative, Dr. Glenn Berntson, on June 16 confirmed that Google is ██████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████r. Berntson testified that Google ███████████████████████████████████████████ ████████████████████████ and that Google ████████████████████████████ ████████████████.

Based on that testimony and other recent discovery, Plaintiffs now request an order from the Court requiring Google to: (1) produce all data linked or mapped to any identifier associated with Plaintiffs or their devices, including without limitation (including all data associated or mapped with authenticated, unauthenticated, device-based, pseudonymous, and any other identifiers, such as ████████████████████████████████████████████████ ███); (2) produce an adequately prepared corporate representative to testify about all of Google's mapping and tracking across all of Google's technologies; and (3) provide Plaintiffs' attorneys and experts, with the assistance of the Special Master, onsite access to a clean room in which Plaintiffs' attorneys and experts will be permitted to access and use internal Google tools, logs, and data for purposes of identifying the authenticated and unauthenticated data concerning the named Plaintiffs and their devices, including ███████████████ reflected in Exhibit 1. Plaintiffs respectfully request the Court grant and compel this relief by July 16, 2021.

---

[1] Since briefing on these disputes was ordered, Google has very recently made voluminous productions: on the evening of June 14, Google produced approximately 59,280 pages of documents, and on the evening of June 18, Google made three productions to Plaintiffs totaling approximately 91,750 pages of documents. All previous productions totaled approximately 78,542 pages, chiefly consisting of Google's publicly-available policies. Plaintiffs have been reviewing and continue to review these documents.

## **BACKGROUND**

On September 30, 2020, Plaintiffs served RFP No. 18 (Dispute P3). RFP 18 requests "Documents concerning Plaintiffs, including Plaintiffs' use of Google services, all data collected by Google from and regarding Plaintiffs, and Google's use of all data collected by Google from and regarding Plaintiffs." *See* Dkt. 140 at 6–7. The parties met and conferred regarding this request, with Google demanding and Plaintiffs providing certain consent forms. Dkt. 133-1, at 3. Google never denied that Plaintiffs' data is mapped and stored at Google; instead, Google has claimed that internal Google policies prevented it from accessing and producing Plaintiffs' data. Plaintiffs at all times sought all data that Google has on Plaintiffs and their activity, as well as identifiers and other mechanisms by which Google maps and tracks Plaintiffs (whether by their accounts, devices, electronic addresses, or otherwise).

In late May and early June 2021, pursuant to Google's request and the Court's guidance, Plaintiffs provided Google with what Google deems "unauthenticated cookies' values" in the form of ███████████████ contained in cookies placed on Plaintiffs' devices while they were browsing privately in Chrome's Incognito mode. On June 2, this Court ordered Google to use those values to produce "all of the unauthenticated data that is associated from this search by th[o]se identifiers." Dkt. 194-3, at 30:24–25. On June 9, Google produced what it alleged were "data associated with the ██████ IDs in the Display Ad Log that has X-Client-Data Header information." Ex. 3. Despite Plaintiffs repeatedly framing the scope of the request to include all data (*e.g.*, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████), Google produced limited information based on those particular "unauthenticated cookies' values," without more. *See* Ex. 2. The values included ████████████████ values, but Google did not provide any other data (*e.g.*, ████████████████████████████████████ ████████████████████████████ or explanation of this production. Ex. 3.

At the June 16 Rule 30(b)(6) deposition, Google produced Dr. Glenn Berntson, a Google engineering director focused on Google Ad Manager authorized buyers and open bidding. Dr. Berntson had limited knowledge of Google Analytics, was not familiar with technologies outside

of Google Ad Manager, and could not adequately explain technologies involved with mapping and tracking Plaintiffs and their relevant activity. Ex. 5, at 17:24–19:18, 195:5–195:5; *see* Ex. 6 (████████████████████████████). Dr. Berntson was not prepared to testify about Google's ██████████████████████

Even though the parties repeatedly met and conferred about ████████████, an image of which was included in a prior submission to the Court, Dkt. 177, at 11, Dr. Berntson was not familiar with and unable to explain ██████████████████████████ ██████. Ex. 5, at 48:16–51:16, 76:19–23, 149:17–150:20, 182:1–182:24, 184:16–185:9. For example, ████████████████████████████████████ ████████████████████████ and Dr. Berntson was not prepared to testify on ██████████. Ex. 5 at 51:1–17, 150:15–20, 182:1–24. Plaintiffs had asked Google to produce Plaintiffs' authenticated and unauthenticated data associated with their device identifiers and IP addresses as far back as May 21. Ex. 7. Although Google had refused to produce this data, Google was on notice of Plaintiffs' interest in these identifiers, and yet Google produced a Rule 30(b)(6) witness unprepared to answer any questions about those identifiers and potential searches.

Dr. Berntson's testimony at the same time confirmed that there are other identifiers that can and should be used to produce data responsive to Plaintiffs' requests. For example, Dr. Berntson testified that, ████████████████████████████████ ████████████████████████████████████. Ex. 5, at 78:15–81:20, 126:1–131:1. This is ██████████████████████████████ ████████████████████ Ex. 5, at 294:20–302:8. This data is then ████████████ ████████████████████████████████████████████ ██████████████████████████ by Google. Ex. 5, at 122:10–123:7, 301:7–302:8]]; Ex. 8, at '78436, '78439. None of this data ██████████████████████ ████████████████ has been produced by Google, including for the Plaintiffs.

Dr. Berntson also explained that such device data is ████████████████ ████████████████████████████████, but he could not identify where

because he was not prepared. Ex. 5, at 322:8–325:1. He did testify, however, that a ███████████ ████████████████████████████████████████████████████████████ ███████████ Ex. 5, at 52:1–53:7, 150:15–153:18, 266:4–271:20. Google has produced none of these ███████████████████████████████████████ r the Plaintiffs. Dr. Berntson's testimony demonstrates that Google could obtain such data from Google's data storage for the Plaintiffs.

Dr. Berntson also conceded that ███████████████████████████████████ ███████████████████████████████████████████. Ex. 5, at 52:1–53:7, 150:15–152:4, 171:22–172:8, 246:10–252:19, 270:15–271:20. The data associated with Plaintiffs' Google Analytics IDs also has not been produced by Google, and counsel for Google avoided questions regarding the Google Analytics cookies or cookie values that Google would need from Plaintiffs, if any, to obtain their Google Analytics IDs and associated data. Ex. 7. Indeed, Dr. Berntson testified that Google collects ████████████████████████████████████████████████ ████████████████████████ Ex. 5, at 266:18–267:9, 309:19–310:18. Again, Google has not produced any of this data ████████████████████████, including for the Plaintiffs.

## LEGAL STANDARDS

A motion to compel is ripe when a party has failed to respond adequately to a discovery request. Fed. R. Civ. P. 37(a)(3). A party "may obtain discovery regarding any nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). "The relevance standard is commonly recognized as one that is necessarily broad in scope in order to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Doherty v. Comentiy Capital Bank & Comentiy Bank*, 2017 WL 1885677, *2 (S.D. Cal. May 9, 2017) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Wide

access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995).

The purpose of Rule 30(b)(6) is to streamline the discovery process. *Great Am. Ins. Co. of N.Y. v. Vegas Const. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008). Rule 30(b)(6) "requires a corporation to designate a deponent sufficiently knowledgeable to testify on the corporation's behalf about information know or reasonably available to the corporation." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 289 (N.D. Cal. 2015) (citing Fed. R. Civ. P. 30). Corporations must not only produce sufficient persons to satisfy the request, "but more importantly, prepare them so that they may give complete, knowledge, and binding answers on behalf of the corporation." *Id.* (quoting *Guifu Li v. A Perfect Day Franchise, Inc.*, No. 10-cv-01189-LHK, 2011 WL 3895118, *2 (N.D. Cal. Aug. 29, 2011)).

When technologies fall within relevant discovery, courts have ordered production of those technologies for inspection and testing by a party's attorneys and experts. *See, e.g.*, *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2011 WL 2293224, *3 (N.D. Cal. June 8, 2011) (requiring Apple to allow plaintiffs' expert to inspect an internal tool); *S. Peninsula Hosp., Inc. v. Xerox State Healthcare, LLC*, No. 3:15-cv-000177-TMB, 2019 WL 1873297, *6 (D. Alaska Feb. 5, 2019) (compelling defendant to provide plaintiff's expert with onsite access to a database for purposes of "demonstrat[ing] the existence of the class").

## **ARGUMENT**

For nearly nine months, Plaintiffs have sought access to data Google collected from and associated with their browsing activity, including the identifiers Google has used to track Plaintiffs through their devices and other means. Google has made incomplete productions consisting of partial data, then designated a witness with limited knowledge on these technologies for Plaintiffs' June 16 30(b)(6) deposition, thus obstructing Plaintiffs' basic discovery. Plaintiffs' attorneys and experts are entitled to production of all of Plaintiffs' data, the deposition of an adequately prepared corporate designee, and should be permitted clean room access to Google's tools and data to explore and gather Plaintiffs' data, including without limitation to ascertain the identifiers that

Google has used to map and track Plaintiffs and test first-hand how Google's mapping and tracking technologies work between Google's products, such as ███████████████████████.

### A. The Court Should Compel Google to Produce All Data Regarding Plaintiffs

Plaintiffs have sought and are entitled to their data, including all authenticated and unauthenticated identifiers Google uses to map and track Plaintiffs, and the data so associated with them. These include the ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ identifiers, ███████████ identifiers, as well as any identifiers Google keys or maps to those identifiers, such as ██████████████████████████████ ██████████. Ex. 1; Ex. 5, at 52:1–53:7, 197:3–198:11. These identifiers, and the data so associated with them, are at the heart of this case.

The Court should order production of this data no later than July 16, 2021.

### 1. Plaintiffs' Data is Highly Relevant

At the core of this litigation, Plaintiffs allege Google, without consent, surreptitiously intercepts and collects Plaintiffs' and Class Members' activity while in private browsing mode, including Chrome's Incognito mode. *See*, *e.g.*, Dkt. 136-1 ¶¶ 11, 63, 168, 173, 178, 183, 188, 192. This data collection includes the website information, as well as Plaintiffs' and Class Members' respective IP addresses, browser and device information, user IDs, geolocation data, and cookie data, which Google uses to fingerprint individuals across the internet for Google's benefit, deriving revenue from marketing and improving its products. *Id*, ¶¶ 63, 100.

Discovery has revealed that Google maps and tracks Plaintiffs' and Class Members' private browsing activity even when they are not logged into any accounts (Google or otherwise). Dkt. 140 at 4. Although Google argues private browsing activity is not associated with "specific users," Dkt. 140, at 5, Google does not deny that ███████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Ex. 5, at 153:22–155:18. Indeed, Dr. Berntson testified that ████

████████████████████████████████████████████████████████

██████████████████████████████████████████ Ex. 5, at 52:1–53:7, 114:21–

118:19, 120:1–123:7, 150:15–152:4, 171:22–172:8, 180:5–181:12, 246:10–252:19, 270:15–

271:20.

Instead, Google opposes locating this data because it might violate Google policies and

procedures. Dkt. 155, at 5. This opposition is disingenuous: Google systems ██████████████

████████████████████████████████████████████████. Ex. 8, at '78435, '78436,

'78438. And Plaintiffs provided their consent (for purposes of discovery) to access and produce

this data in April. Dkt. 133-1, at 3. Plaintiffs are entitled to the data Google stores and maps to

their accounts, devices and hardware, and other identifiers that Google uses to map and track

Plaintiffs. The content, format, and volume of this information is paramount.

### 2.   Google Faces No Undue Burden to Produce Plaintiffs' Data

Google has demonstrated it can readily access Plaintiffs' data ████████ and other internal

technologies. Google has purportedly used some of Plaintiffs' data to produce some of this data

based on the use of these technologies. Google can and should fulfill this discovery obligation

without any further delay. *See, e.g.*, *In re Google Litig.*, No. C 08-03172 RMW, 2011 WL 286173

(N.D. Cal. Jan. 27, 2011) (compelling discovery where party failed to demonstrate the burdensome

nature of the discovery request).

### B.   The Court Should Compel Google to Produce an Adequately Prepared Rule 30(b)(6) Deponent

Plaintiffs' Rule 30(b)(6) deposition notice contained 12 topics. Ex. 4. Google refused to

provide any testimony concerning its preservation of logs, databases, storage systems, and data

structures containing Plaintiffs' data for purposes of this litigation, including any changes during

the class period (Topic 5). Ex. 5, at 13:1–16, 358:10–16. Dr. Berntson was not prepared to testify

about any aspect of logs, databases, storage systems, and data structures containing Plaintiffs' data

██████████████████████████████████████ whether it be identification of

them (Topic 1), Google's ability to search them (Topic 2), the origins of them (Topic 3), and the

respective retention policies (Topic 4). Ex. 5, at 312:2–313:18, 366:16–367:13. Dr. Berntson was

1  not prepared to testify about ████████████████████████████████████████

2  ██████████████████████████████████████████████████████████████Topic

3  6). Ex. 5, at 47:18–48:14, 48:16–51:16, 76:19–23, 149:17–150:20, 182:1–182:24, 184:16–185:9.

4       Google's refusal to permit Dr. Berntson to testify about Topic 5, and failure to adequately

5  prepare Dr. Berntson on Topics 1, 2, 3, 4, and 6, is tantamount to a failure to appear. *Lofton*, 308

6  F.R.D. at 289 (citing *JSR Micro, Inc. v. QBE Ins. Corp.*, No. C-09-03044 PJH (EDL), 2010 WL

7  1957465, *2 (N.D. Cal. May 14, 2010)).

8       The Court should order Google to produce an adequately prepared and knowledgeable

9  witness or witnesses for testimony on Topics 1 through 6 no later than July 16, 2021.

10  **C.  The Court Should Compel Google to Provide Plaintiffs' Attorneys and Experts**
    **With Clean Room Access, With the Special Master.**

11       Google has represented that it can use ████████████to pull data associated with Plaintiffs

12  and their devices. Dkt. 155, at 4. Instead of doing a search by Plaintiffs' device identifiers, Google

13  tried to lead Plaintiffs off the trail with new cookie values that Google wants Plaintiffs to generate

14  from new private browsing sessions, while refusing to explain how Google tracks or stored

15  Plaintiffs' data, including with Google Analytics. Ex. 7. When Google produced the data, it was

16  clear that these searches were not done with the data that Google had available, including device

17  identifiers and IP addresses. *See* Ex. 2. Plaintiffs inquired to determine how the data was derived,

18  and Google admitted it only conducted a limited search ██████████████████████████

19  ████, but not the other data on the Plaintiffs that it already held. Ex. 3.

20       Google did not produce any "unauthenticated data" associated with any of Plaintiffs'

21  various devices or IP addresses (information that Plaintiffs provided in February) and only

22  produced data strictly keyed "to Plaintiffs' [new] raw cookie values," without any data derived

23  ██████████████ or other technologies Google uses ████████████████████████

24  ████████████████████ Ex. 5, at 153:22–155:18. Plaintiffs

25  specifically inquired what ██████████████████and unauthenticated identifiers are associated

26  with Plaintiffs, their devices, or browsers, and how those identifiers are derived, to which Google

27  refused to respond. Further, in Google's production ████████████████████████

28

PLAINTIFFS' MOTION TO COMPEL RE: P3                CASE NO. 5:20-CV-03664-LHK

1  ███████████████████████████████ Ex. 3, was listed as ██████████████████

2  *See*, *e.g.*, Ex. 2, at '78399.

3      In addition, Google tracks ████████████████████████████████████

4  ███████████████████████████████████████. Ex. 5, at 266:18–267:9, 269:18–271:10.

5  None of Plaintiffs' ██████████████████████ was produced. All of this is the same

6  limited production Google proposed in the May 6 Joint Submission. Dkt. 155, at 4. Google has

7  thus refused to produce "identification data for the named Plaintiffs . . . [including] authenticated

8  data identifiers as to both the individuals and their devices provided Plaintiffs have provided the

9  necessary device information, as well as unauthenticated data." Dkt. 147-1, at 2.

10      Google has refused to be cooperative, and has been trying to burn the limited time that

11  Plaintiffs have to complete discovery. The Court should order Google, by July 16, 2021, to permit

12  Plaintiffs' attorneys and experts with clean room access, with the Special Master, including access

13  to and use of the following tools and data: 1) the search tool shown in Goog-Brwn-000028920; 2)

14  any logs, databases, or other data structures containing data and information concerning the named

15  plaintiffs, their devices, and/or their browsers, whether authenticated or unauthenticated; and 3)

16  any additional tools or data necessary for purposes of identifying the authenticated and

17  unauthenticated identifiers tied to the named plaintiffs, their devices, and/or their browsers. In

18  advance of this access, the Court should also order Google to provide Plaintiffs' attorneys and

19  experts with documents sufficient to guide their use of the tools and data, including documents

20  that describe the data format and fields.

21      **1.  Plaintiffs' Data is Highly Relevant.**

22      Plaintiffs incorporate by reference the arguments from Section (A)(1) above. Google stores

23  Plaintiffs' data in various logs, databases, and other data structures accessible only by Google.

24      **2.  The Proposed Clean Room is Proportional to the Litigation.**

25      Plaintiffs' request for clean room access is *less* burdensome than alternatives and provides

26  Google with safeguards against dissemination; neither technical nor confidentiality issues prevent

27  this request. Plaintiffs have retained and disclosed their consulting experts to Google, and Google

28  approved those experts to receive and review all information designated under the Protective

Order—from confidential documents to source code. Dkt. 81. Google's initial opposition to Plaintiffs' clean room request was based on the "simple, non-prejudicial alternative" of Plaintiffs providing cookie values from their private browsing sessions to Google so that Google can produce the data Plaintiffs requested. Dkt. 155, at 5; Dkt. 177, at 12–13. Plaintiffs provided those values, and Google limited the production to cryptic, incomplete data, well short of the data Plaintiffs have repeatedly sought. Google has taken a paradoxical position, acknowledging that its internal tools are "confidential" under the protective order, but Plaintiffs' attorneys' and experts' testing any of those tools would be unduly burdensome and not proportional to the litigation. Dkt. 177, at 12–13. Plaintiffs have identified the existence of mapping and tracking technologies, confirmed at least basic functionality of those mapping and tracking technologies (*e.g.*, ██████████████ ████████████████████████████████████████████████████████████ ██), and now seek unencumbered access to those technologies and other tools and data to obtain all data associated with Plaintiffs and their devices and understand how Google uses it. Plaintiffs' attempts to obtain this discovery through less-drastic means have been met with opposition and incomplete responses, and Google has no basis to complain that Plaintiffs' request for a clean room is too difficult or burdensome. *See*, *e.g.*, *In re Google Litig.*, 2011 WL 286173 (compelling discovery where party failed to demonstrate the burdensome nature of the discovery request).

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request the Court enter the order submitted with this motion.

Dated: June 23, 2021                    Respectfully submitted,


                                        By: /s/ Michael F. Ram
                                            Michael F. Ram

                                        Michael F. Ram (SBN 104805)
                                        mram@forthepeople.com
                                        MORGAN & MORGAN
                                        COMPLEX LITIGATION GROUP
                                        711 Van Ness Avenue, Suite 500
                                        San Francisco, CA 94102
                                        Telephone: (415) 358-6913

John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
Ra O. Amen (pro hac vice)
ramen@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

Jesse Panuccio (admitted pro hac vice)
jpanuccio@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Tel.: (202) 237-2727
Fax: (202) 237-6131

James Lee (admitted pro hac vice)
jlee@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

William Christopher Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
Steven Shepard (pro hac vice)
sshepard@susmangodfrey.com

11

Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION TO COMPEL RE: P3                    CASE NO. 5:20-CV-03664-LHK

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>             Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>             Defendant. | Case No.  5:20-cv-03664-LHK-SVK<br><br>**DECLARATION OF JOHN A. YANCHUNIS IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RE: P3** |

## <u>DECLARATION OF JOHN A. YANCHUNIS</u>

I, John A. Yanchunis, declare as follows:

1.      I am a partner with the law firm of Morgan & Morgan, P.A., counsel for Plaintiffs in this matter.

2.      Pursuant to the Court's June 8, 2021 Order on May 26, 2021 Joint Discovery Submission, Dkt. 191, 191-1, I submit this Declaration providing foundation and a brief explanation of the attachments.

3.      Exhibit 1: Google produced this document on April 14, 2021, Bates Labeled GOOG-BRWN-00028920. Google designated this document as Confidential. ████████████ ████████████████████████████████████████████████████████████ ████████████████████████████

4.      Exhibit 2: Google produced this document on June 9, 2021, Bates Labeled GOOG-BRWN-00078395–99. Google designated this document as Highly Confidential – Attorneys' Eyes Only. ████████████████████████████████████████████████████████████ ████████████████

5.      Exhibit 3: This is Google's correspondence responding to Plaintiffs' questions concerning the production reflected in Exhibit 2, above. On June 9, 2021, Google produced what it purports to be ████████████████████████████████████████████████ ████████████ On June 10, 2021, Plaintiffs met and conferred with Google to discuss the production. At Google's request, Plaintiffs put their inquiry in writing to Google on June 10, 2021. Google responded with this correspondence on June 15, 2021.

6.      Exhibit 4: This is Plaintiffs' April 27, 2021, Notice of Deposition pursuant to Rule 30(b)(6).

7.      Exhibit 5: This is the June 16, 2021, deposition transcript from Google's Rule 30(b)(6) designated corporate representative Dr. Glenn Berntson. Google designated this transcript as Confidential, and it contains documents that Google has designated as Confidential and Highly Confidential – Attorneys' Eyes Only.

1

8.      Exhibit 6: Google produced this document on April 9, 2021, Bates Labeled GOOG-BRWN-00026161. Google designated this document as Confidential. ████████████████████

████████████████████████ At the Rule 30(b)(6) deposition, Dr. Berntson had never seen this document before and could not provide any testimony concerning the contents of this document.

9.      Exhibit 7: This is an email exchange between the Parties' counsel concerning Plaintiffs' attempts to locate ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

10.     Exhibit 8: Google produced this document on June 10, 2021, Bates Labeled GOOG-BRWN-00078435–38. Google designated this document as Highly Confidential – Attorneys' Eyes Only. ████████████████████████████████

████████████████████ At the Rule 30(b)(6) deposition, Dr. Berntson could not provide any testimony concerning these logs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 23d day of June, at Tampa, Florida.

/s/ *John A. Yanchunis*
John A. Yanchunis

2

# THESE DOCUMENTS ARE REDACTED IN THEIR ENTIRETY

## EXHIBITS 1 – 3

# Exhibit 4

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Reblitz-Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (*admitted pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL. 33131
Tel.: (305) 539-8400
Fax: (305) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
**MORGAN & MORGAN**
711 Van Ness Ave., Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Fax: (415) 358-6923
mram@forthepeople.com

*Attorneys for Plaintiffs;*
*Additional counsel listed in signature blocks below*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHR CASTILLO and MONIQUE TRUJILLO, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK<br><br>**PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)** |

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, on a date to be agreed upon by the Parties, counsel for Plaintiffs will take the videotaped deposition(s) of the designated representative(s) of Google LLC ("Google") best able to testify as to the Topics set forth in Appendix A. Google has a duty to designate one or more officers, directors, managing agents, or other persons with sufficient knowledge to testify fully regarding the Topics listed in Appendix A. No later than ten business days prior to the deposition, Google shall identify the person(s) who will testify on its behalf pursuant to this notice and the matter(s) about which each person will testify. Google shall also produce to Plaintiffs any documents that Google used or plans to use to prepare the person(s) testifying.

The deposition(s) shall be taken through a mutually agreed upon videoconference program and before a Notary Public or some other officer authorized by law to administer oaths for use at trial. The deposition(s) will be videotaped and will continue from day to day until completed.

Dated:  April 27, 2021

**BOIES SCHILLER FLEXNER LLP**

By: _____
          Mark C.  Mao

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Reblitz-Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (305) 539-1307
jlee@bsfllp.com

2

1   rbaeza@bsfllp.com

2   William S. Carmody (admitted *pro hac vice*)
    Shawn Rabin (admitted *pro hac vice*)
3   Steven M. Shepard (admitted *pro hac vice*)
    Alexander P. Frawley (admitted *pro hac vice*)
4   **SUSMAN GODFREY L.L.P.**
5   1301 Avenue of the Americas, 32nd Floor
    New York, NY 10019-6023
6   Tel.: (212) 336-8330
    Fax: (212) 336-8340
7   bcarmody@susmangodfrey.com
8   srabin@susmangodfrey.com
    sshepard@susmangodfrey.com
9   afrawley@susmangodfrey.com

10  Amanda K. Bonn, CA Bar No. 270891
11  **SUSMAN GODFREY L.L.P**
    1900 Avenue of the Stars, Suite 1400
12  Los Angeles, CA 90067
    Tel: (310) 789-3100
13  Fax: (310) 789-3150
    abonn@susmangodfrey.com
14
15  John A. Yanchunis (admitted *pro hac vice*)
    Ryan J. McGee (admitted *pro hac vice*)
16  **MORGAN & MORGAN**
    201 N. Franklin Street, 7th Floor
17  Tampa, FL 33602
    Tel.: (813) 223-5505
18  jyanchunis@forthepeople.com
    rmcgee@forthepeople.com
19
20  Michael F. Ram, CA Bar No. 104805
    **MORGAN & MORGAN**
21  711 Van Ness Ave., Suite 500
    San Francisco, CA 94102
22  Telephone: (415) 358-6913
    Fax: (415) 358-6923
23  mram@forthepeople.com

24
    *Attorneys for Plaintiffs*
25

26

27

28

PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)
CASE NO.: 5:20-CV-03664-LK

## **APPENDIX A**

<u>DEFINITIONS</u>

1.      The term "ALL" includes the word "ANY," and vice versa.

2.      The term "CLASS PERIOD" means the time period from June 1, 2016 through the present and ongoing.

3.      The terms "CONCERNING" or "RELATING TO" include addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

4.      The term "DOCUMENT" and "DOCUMENTS" shall be synonymous in meaning and equal to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure INCLUDING, without limitation, original and any non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced, including all correspondence, letters, telegrams, telexes, messages, memoranda, instructions, emails, handwritten or recorded notes, and all records, schedules, reports, surveys, calculations, transcripts, notes, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, charts, COMMUNICATIONS, database, data compilation, diary, draft, drawing, electronically stored information, emails, fax, floppy disk, graph, hard drive, image, index, instant message, letter, log, magnetic tape, memorandum, note, optical disk, photograph, report, sound recording, spreadsheet, storage device, text message, version, voicemail or writing. This term shall apply to any DOCUMENT, whether in hard copy or electronic form, on any computers or other system. Any copy of a DOCUMENT that differs in any respect.

5.      The term "GOOGLE" means GOOGLE LLC and any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees, employees, attorneys and any other persons acting on GOOGLE LLC'S behalf, including contractors.

6.     The term "INCLUDE" or "INCLUDING" means "include, but not limited to" or "including, but not limited to."

7.     The term "INFORMATION" or "USER'S INFORMATION" means information concerning a USER or a USER'S device(s), including a USER'S browsing activity, such as GET requests (or copies thereof) sent from a USER'S browser to a WEBSITE; any referrer page or search queries; any "fingerprint" data (as described in paragraphs 100–04 of the Second Amended Complaint); a USER'S IP address; any geolocation data; and any X-Client Data Header.

8.     The term "USER" includes the word "CONSUMERS," and vice versa

9.     The term "YOU" or "YOUR" means or refers to DEFENDANT GOOGLE LLC, and any of his or their attorneys, agents, representatives, predecessors, successors, assigns, and any PERSONs acting or purporting to act on his or their behalf.

## GENERAL INSTRUCTIONS

For purposes of reading, interpreting, or construing the scope of the DEFINITIONS, INSTRUCTIONS, and TOPICS, all of the terms shall be given their most expansive and inclusive interpretation. This INCLUDES the following:

(a)     The singular form of a word shall be interpreted as plural and vice versa.

(b)     "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Topic anything that might otherwise be construed to be outside the scope of the Topic.

(c)     "All," "each" and "any" shall be construed as "all, each, and any."

(d)     The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Interrogatory that might otherwise be construed to be outside the scope of the Interrogatory.

## TOPICS

1.     ████████████████████████████████████████████
████████████████████████████████████████████



PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)
CASE NO.: 5:20-CV-03664-LK



PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)
CASE NO.: 5:20-CV-03664-LK

## PROOF OF SERVICE

I, Vicky L. Ayala, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, CA.  I am over the age of 18 and not a party to the within action; my business address is 44 Montgomery St., 41st Floor, San Francisco, CA  94104.

On April 27, 2021, I served the following document(s) described as:

**PLAINTIFFS' NOTICE OF DEPOSITION PURSURANT TO RULE 30(b)(6)**

☐      **BY FACSIMILE TRANSMISSION**: As follows: The papers have been transmitted to a facsimile machine by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document which he or she has filed in the cause and served on the party making the service. The copy of the notice or other paper served by facsimile transmission shall bear a notation of the date and place of transmission and the facsimile telephone number to which transmitted or be accompanied by an unsigned copy of the affidavit or certificate of transmission which shall contain the facsimile telephone number to which the notice of other paper was transmitted to the addressee(s).

☐      **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐      **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at San Francisco, CA in the ordinary course of business.

☒      **BY ELECTRONIC MAIL TRANSMISSION**:  By electronic mail transmission from vayala@bsfllp.com on April 27, 2021, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address(es) listed below their address(es).  The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

Case No. 5:20-cv-03664-LHK

| | |
|---|---|
| Andrew H. Schapiro (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel: 312-705-7400<br>Fax: 312-705-7401<br>andrewschapiro@quinnemanuel.com | *Attorney for Defendant* |
| Stephen A. Broome<br>Viola Trebicka<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: 213-443-3000<br>Fax: 213-443-3100<br>stephenbroome@quinnemanuel.com<br>violatrebicka@quinnemanuel.com | *Attorneys for Defendant* |
| Diane M. Doolittle<br>Thao Thai<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Tel: 650-801-5000<br>Fax: 650-8015100<br>dianedoolittle@quinnemanuel.com<br>thaothai@quinnemanuel.com | *Attorneys for Defendant* |
| William Burck (*pro hac vice*)<br>Josef Ansorge (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>1300 I Street NW, Suite 900<br>Washington, D.C., 20005<br>Tel: 202-538-8000<br>Fax: 202-538-8100<br>williamburck@quinnemanuel.com<br>josefansorge@quinnemanuel.com | *Attorneys for Defendant* |
| Jonathan Tse<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: 415-875-6600<br>Fax: 415-875-6700<br>jonathantse@quinnemanuel.com | *Attorney for Defendant* |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Case No. 5:20-cv-03664-LHK

Executed on April 27, 2021, at San Francisco, CA.

_____
Vicky L. Ayala

# THESE DOCUMENTS ARE REDACTED IN THEIR ENTIRETY

# EXHIBITS 5 – 8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

Plaintiffs,

vs.

GOOGLE LLC,

Defendant.

Case No.:  5:20-cv-03664-LHK-SVK

**[PROPOSED] ORDER GRANTING PLAINTIFFS MOTION TO COMPEL REGARDING DISPUTE P3**

**[PROPOSED] ORDER**

Before the Court is Plaintiffs' Motion to Compel Regarding Dispute P3.

Having considered Plaintiffs' Motion, and good cause having been shown, the Court **ORDERS** as follows:

Plaintiffs' Data:

By July 16, 2021, Google shall produce to Plaintiffs all of Plaintiffs' data. This shall include all authenticated and unauthenticated identifiers Google uses to map and track Plaintiffs, and the data so associated with them, including ███████████ listed in GOOG-BRWN-00028920, ██████ identifiers, ████████████ identifiers, and any identifiers that Google keys or maps to those identifiers.

Rule 30(b)(6) Deposition(s):

By July 16, 2021, Google shall produce for testimony an adequately prepared and knowledgeable witness or witnesses designated for Topics 1 through 6 of Plaintiffs' April 27, 2021 Rule 30(b)(6) Deposition Notice. The testimony shall not be limited to Google Analytics or Google Ad Manager; the witness or witnesses shall be prepared to testify about all aspects of Google's logs, databases, storage systems, and data structures containing Plaintiffs' and Class Members' data. The witness or witnesses shall also be prepared to testify about the search tool shown in

GOOG-BRWN-00028920. The witness or witnesses shall also be prepared to testify about Topic 5 (Google's preservation of the logs, databases, storage systems, and data structures containing Plaintiffs' and Class Members' data).

<u>Onsite Access to Internal Google Tools and Data</u>:

By July 16, 2021, Google shall permit Plaintiffs' attorneys and experts onsite access to a clean room in which Plaintiffs' attorneys and experts will be permitted to access and use internal Google tools, logs, and data for purposes of identifying the authenticated and unauthenticated data concerning the named plaintiffs and their devices.  Plaintiffs' attorneys and experts will be granted access to and use of the following tools and data:

1.  The search tool shown in GOOG-BRWN-00028920;

2.  Any logs, databases, or other data structures containing data and information concerning the named plaintiffs, their devices, and/or their browsers, whether authenticated or unauthenticated;

3.  Any additional tools or data necessary for purposes of identifying the authenticated and unauthenticated identifiers tied to the named plaintiffs, their devices, and/or their browsers.

Google will make these tools and data available at a location of Google's choosing.  Google may supervise Plaintiffs' attorneys and experts' access to and use of these tools and data.

Google will also in advance provide Plaintiffs' attorneys and experts with documents sufficient to guide their use of the tools and data, including documents that describe the data format and fields.

Any access to Google tools and data and any information derived therefrom will be subject to the terms of the parties' Stipulated Protective Order (Dkt. No. 81).

This relief will not prevent or otherwise exclude Plaintiffs from seeking further relief related to Request for Production Nos. 10 and 18 (Disputes P6 and P3) upon a showing of good cause.

1

**IT IS SO ORDERED.**

2

3

DATED: _____          _____

4

5

Honorable Susan van Keulen
United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28