| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293 6858<br>Facsimile: (415) 999 9695<br><br>SUSMAN GODFREY L.L.P.<br>William Christopher Carmody (pro hac vice)<br>bcarmody@susmangodfrey.com<br>Shawn J. Rabin (pro hac vice)<br>srabin@susmangodfrey.com<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 336-8330<br><br>MORGAN & MORGAN<br>John A. Yanchunis (pro hac vice)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (pro hac vice)<br>rmcgee@forthepeople.com<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br><br>*Attorneys for Plaintiffs; additional counsel listed in signature blocks below* | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Andrew H. Schapiro (*pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Diane M. Doolittle (CA Bar No. 142046)<br>dianedoolittle@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>*Attorneys for Defendant; additional counsel listed in signature blocks below* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**JOINT SUBMISSION PURSUANT TO DKT. 191-1 RE: P1, ESI SEARCH TERMS AND CUSTODIANS**<br><br>Referral: Hon. Susan van Keulen, USMJ |

June 25, 2021

**Submitted via ECF**

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

      Re:    Joint Submission Pursuant to Dkt. 191, 191-1 re: ESI Custodians and Search Terms; *Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

      Pursuant to Your Honor's June 8, 2021 Discovery Order (Dkt. 191 & 191-1), and after further meeting and conferring, Plaintiffs and Google LLC ("Google") provide this joint submission containing (1) a joint summary of the evolution of ESI search terms and custodians in this case, including agreed upon protocol for adding custodians and terms so far, and (2) Plaintiffs' and Defendant's proposals on how to manage the addition of custodians and terms going forward, including proposed end-dates and caps for additional custodians and terms.

# JOINT STATEMENT

## I. EVOLUTION OF ESI CUSTODIANS AND SEARCH TERMS

Custodians:  There are currently twenty-one (21) agreed upon or Court-ordered Google custodians in this case.  On January 25, 2021, Google selected ten custodians—Glenn Bernston, Deepti Bhatnagar, Sabine Borsay, Greg Fair, Helen Harris, Abdelkarim Mardini, Justin Schuh, Dan Stone, Alexei Svitkine, and Keith Wright.  On April 13, the Court ordered the addition of seven custodians—Unni Narayanan, Jan Hannemann, Eric Miraglia, Rahul Roy-Chowdhury, Stephan Micklitz, Sundar Pichai, and Brian Rakowski.  Dkt. 133, 133-1.  Since then, the parties have been continuing to meet and confer regarding additional custodians, and Google has so far agreed to add four additional custodians based on those negotiations—Adrienne Porter Felt, Sam Heft-Luthy, Russ Ketchum, and Chris Liao.  Plaintiffs have identified for Google other individuals that they believe should be added as custodians. The parties are continuing to meet and confer regarding additional custodians.

Search Terms:  Google is currently using two separate sets of searches to identify potentially responsive custodial documents.  For the ten Google-selected custodians, Google is using 152 searches based on an agreement between the parties following the Court's prior order.  Dkt. 148.  For the seven Court-order custodians, Google is using six searches based on an agreement between the parties following the Court's prior order.  *Id*.  The parties are continuing to negotiate a set of searches in connection with Dispute P9, which would apply to the searches for the Google-selected custodians.  The parties are also currently negotiating the searches that Google will use for the four additional custodians, and they anticipate continuing those discussions for any other custodians.

## I. PROTOCOL FOR ADDING CUSTODIANS AND SEARCH TERMS

Custodians: The parties acknowledge that the Court in *Calhoun* stated that the total number of Google custodians in that case should be within the range of 30 to 50 custodians.  Google believes that the number should be closer to 30 in this case; Plaintiffs believe the number should be closer to 50.  However, the parties are hopeful that they can resolve any disputes regarding additional custodians without further guidance from the Court, as the parties continue discussing the addition of each additional custodian.  The parties are discussing additional custodians, in part based on Google's June 18 production and they anticipate presenting any disputes to the Court on August 2.  The parties hope that all or substantially all of their remaining disputes regarding custodians can be presented on August 2.

Search Terms:  The parties are hopeful that they can resolve any disputes regarding additional search terms without further guidance from the Court.  The parties are meeting and conferring regarding the search terms that should be used for any additional custodians and also for the existing custodians, in part based on Google's June 18 production and other discovery.  The parties anticipate presenting any disputes to the Court on August 2.  The parties hope that all or substantially all of their remaining disputes regarding search terms can be presented on August 2.

**PLAINTIFFS' STATEMENT**

Since last year, to obtain relevant documents, Plaintiffs have diligently sought to identify Google custodians and search terms. Plaintiffs served discovery in September 2020 seeking documents sufficient to identify relevant custodians, and Plaintiffs sent a letter in January 2021 identifying custodians and proposing specific search terms. Plaintiffs then sent Google many letters regarding custodians and search terms, including on March 4, March 12, April 8, April 20, April 26, April 27, May 21, and June 22, and conducted many meet and confers with Google.

Deadline to Request Custodians and Search Terms:  Plaintiffs hope to present all remaining disputes by August 2, but there are a number of outstanding issues that make it difficult at this time to commit to an end date for adding custodians and search terms. Plaintiffs therefore ask that the Court not at this time set a deadline and that the parties instead provide an update on August 2.

The outstanding issues include, for example, follow up from recent Google 30(b)(6) depositions, including the one from last week, during which Google's representatives identified eight other Google employees with relevant information and issues that may require additional search terms. For example, during the deposition, Dr. Glenn Bernston identified Sree Pothana, Michael Ortega-Binderberger, Curt Harting, and Benjamin Kornacki as people he spoke with to prepare for the deposition. And a "Reference Sheet" that Google produced during Jesse Adkins' deposition also identified four additional employees—Ryan Cassidy, David Crossland, Florian Uunk, and Martin Sramek—who were interviewed in preparation for the deposition. None of those eight Google employees were identified in the list Google produced identifying more than 200 employees with potentially relevant information.

As another example, Plaintiffs only recently learned about a Google team called the Privacy Working Group (PWG) that appears to play an important role in making decisions relating to privacy and data collection. Plaintiffs asked Google to identify employees from that group during the relevant period and to provide other relevant information. Google has identified three individuals to date, and it has yet to provide other information Plaintiffs requested, including providing information about the three individuals' PWG-related responsibilities and identifying other members of Google's PWG likely to have relevant information. Without Google's assistance, the only way Plaintiffs can obtain the remaining missing information is through document review or through forthcoming depositions.

Because Google made a large production of 11,466 custodial documents only last week, Plaintiffs also need a meaningful opportunity to analyze these documents, which may reveal new key players and also key issues requiring additional search terms. Google's proposed July 12 deadline—about 3 weeks after that large production—is insufficient time for Plaintiffs to complete their review of those documents and other recent discovery. Google has also stated that there will be additional productions for the first 17 custodians in the coming weeks, and Plaintiffs will also need an opportunity to review those documents.

Cap on the Number of Custodians:  To the extent the Court wishes to set a limit on the number of custodians, Plaintiffs ask that the Court set the cap at 50 custodians. Google's proposal to limit this case to 30 custodians is unworkable. There are currently 21 agreed-to and Court-ordered custodians in this case, and there are dozens more under consideration. Plaintiffs need an opportunity to assess Google's recent productions and other recent discovery to identify additional

custodians, and to meet and confer about these issues to realistically determine how many additional custodians and search terms are needed in this case. Plaintiffs, however, expect that the parties can work through those issues without the need for any court intervention.

Next Steps: In terms of concrete next steps, Plaintiffs envision three rounds of additional negotiations regarding Google custodians and search terms: (1) negotiations based on the letter Plaintiffs sent on April 27, where the parties have already made some progress and also exchanged letters on May 19, May 21, June 21, and June 22; (2) negotiations based on Plaintiffs' review of Google's productions for the first 17 custodians, where Plaintiffs are currently reviewing Google's June 18 production and awaiting Google's completion of that production; and (3) negotiations based on additional information that may be provided in connection with future depositions and discovery, such as the identification of relevant individuals and search terms from the 30(b)(6) deposition that Plaintiffs took on June 16. Plaintiffs wish to complete each of these negotiations and resolve these custodian and search term issues as quickly as possible, with the goal of presenting any remaining disputes to the Court on August 2.

## GOOGLE'S STATEMENT

As the Joint Statement makes clear, the parties have had much success negotiating custodians and search terms over the course of discovery. To date, Google has produced over 60,000 documents (spanning 229,612 pages), including roughly 122,000 pages for the 17 original custodians. The parties are also negotiating an appropriate universe of terms that will apply to the recently-added and any later-added custodians.

The Court invited the parties to submit "proposals as to how to manage the addition of custodians and terms going forward, including proposed end-dates and caps." Dkt. No. 220-1. In light of the current stage of this litigation and, specifically, the November 2, 2021 fact discovery deadline, Google believes that a reasonable cap is needed on the number of custodians that should be added going forward, and that a hard deadline is needed for Plaintiffs to make any additional search term and/or custodian requests. This approach is wholly consistent with the Court's June 8 order and would ensure that both parties are able to comply with the existing schedule.

Accordingly, Google sets forth below its proposed end-dates and caps for (i) the total number of custodians whose ESI will be searched in this action; (ii) the deadline for Plaintiffs to request any additional search terms; and (iii) the deadline for Plaintiffs to request any additional custodians. These caps and deadlines are in addition to the August 2, 2021 deadline identified in the parties' Joint Statement for raising any search term and/or custodian disputes with the Court.

Cap on the Number of Custodians: In order to adhere with the current schedule while ensuring that additional discovery is proportional to the needs of this case, Google proposes that the number of custodians in this case be capped at 30. Although the Court has advised that 30 to 50 custodians may be an appropriate range for custodians in the *Calhoun* matter, the current set of 21 custodians is sufficiently comprehensive in scope for this case. *See* Case No. 5:20-cv-5146 at Dkt. 173-1 ("The Court may be inclined to allow as few as 30 and as many as 50 custodians."). In any event, Google does not believe that a number larger than 30 is necessary—as this reasonable limitation still affords Plaintiffs plenty of room to identify custodians based on their review of Google's substantial completion productions and recent Rule 30(b)(6) deposition testimony. .

In light of the considerable resources that Google expended to comply with the June 18, 2021 substantial completion deadline, Google proposes that any future custodian requests, and the total number of custodians in this case, account for the current time remaining in the fact discovery schedule. An upper limit of 30 custodians strikes a reasonable and appropriate balance between the parties' competing proposals and allows sufficient time for the parties to complete discovery by November 2, 2021.

Deadline to Request Custodians and Search Terms:  For reasons identified *supra*, the current discovery schedule requires a reasonable deadline for Plaintiffs to propose any additional search terms and/or custodians. As the parties' joint statement explains, the parties have already agreed to raise any future disputes concerning these issues by August 2, 2021. Although it is as yet unclear whether Plaintiffs will seek any additional terms or custodians on the basis of Google's June 18, 2021 production, Google proposes that any such requests be made by July 12, 2021.

This interim deadline is important for both sides, as it will both permit (i) Google sufficient time to evaluate and respond to Plaintiffs' good cause arguments for each additional custodian they seek (which typically requires hours of targeted research per custodian, in the context of custodian requests, and at least one to two business days to test search each round of search terms and revised search terms, and render hit reports where necessary); (ii) the parties to exhaust the meet and confer process with this information in hand, which often involves multiple rounds of letters and telephonic discussions (and often the identification of replacement or other custodians); and (iii) the parties to raise any remaining disputes with the Court by August 2, 2021.

Having a final resolution of these issues in August will serve both parties' interests, as it will ensure that Google has the time necessary to collect the ESI for any additional custodian, apply the agreed-upon search terms, and review the resulting documents for production. It will also permit Plaintiffs sufficient time to review those rolling document productions, and take any additional depositions of Google witnesses before the November 2, 2021 cutoff.

Plaintiffs state as an example of an "outstanding issue" that would counsel against a set deadline to propose new custodians, the parties' discussion of Google's Privacy Working Group. But, if anything, that example demonstrates that the current set of Google custodians is comprehensive and covers a wide-range of topics, including Google's Privacy Working Group. Plaintiffs asked Google to identify members of that group that are likely to have documents responsive to Plaintiffs' document requests, and Google responded by pointing them to two current Google custodians that are a part of the group and would possess relevant documents.

During the course of briefing, Plaintiffs also identified eight Google employees whom they believe may have relevant information to their claims (based on depositions they took in April and June). Should Plaintiffs believe good cause exists for their addition, either now or following their review of Google's recent productions, Google will evaluate such requests as Google has consistently done and continue to meet and confer in good faith with Plaintiffs on these issues. Google believes that these negotiations can be completed by the August 2, 2021 deadline that Google proposes.

Good Cause Standard for Additional Custodians:  Google also requests that the parties continue to follow the Court's orders and their own past practices in relation to the good cause standard that must be met for any new custodians. That standard is consistent with this Court's well-

settled rulings in both the *Brown* and *Calhoun* matters. *See, e.g., Brown,* Dkt. No. 133-1 (declining to add custodian "without prejudice … upon a showing of good cause"); *Calhoun*, Case No. 5:20-cv-5146-LHK-SVK, Dkt. No. 192-1 (recognizing that "[t]he Court balances Plaintiffs' arguments for good cause with the directives of Fed. R. Civ. P. 1, 26 and 34, and in some instances, Defendant's counter-arguments and identification of alternative custodians."); *see also Handloser v. HCL Am., Inc.*, 2020 WL 7405686, at *2 (N.D. Cal. Dec. 17, 2020) (declining requests for discovery from additional ESI custodians where Plaintiffs failed to show good cause).

Adherence to the good cause requirement is also consistent with the parties' negotiation history, where Plaintiffs have offered good cause arguments for the custodians currently being negotiated (and Google has either accepted those arguments, provided counter-arguments, or identified alternative custodians, where appropriate). There is no need for the parties to disturb this well-settled practice, as it has proved effective at resolving custodian requests and disputes thus far.

Respectfully,

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BOIES SCHILLER FLEXNER LLP |
|---|---|
| */s/ Andrew H. Schapiro* | */s/ Beko Reblitz-Richardson* |
| Andrew H. Schapiro (admitted *pro hac vice*) | Beko Reblitz-Richardson (CA Bar No. 238027) |
| andrewschapiro@quinnemanuel.com | brichardson@bsfllp.com |
| 191 N. Wacker Drive, Suite 2700 | Mark C. Mao (CA Bar No. 236165) |
| Chicago, IL 60606 | mmao@bsfllp.com |
| Tel: (312) 705-7400 | Sean Phillips Rodriguez (CA Bar No. 262437) |
| Fax: (312) 705-7401 | srodriguez@bsfllp.com |
| Stephen A. Broome (CA Bar No. 314605) | 44 Montgomery Street, 41st Floor |
| sb@quinnemanuel.com | San Francisco, CA 94104 |
| Viola Trebicka (CA Bar No. 269526) | Tel: (415) 293 6858 |
| violatrebicka@quinnemanuel.com | Fax: (415) 999 9695 |
| 865 S. Figueroa Street, 10th Floor | |
| Los Angeles, CA 90017 | James W. Lee (*pro hac vice*) |
| Tel: (213) 443-3000 | jlee@bsfllp.com |
| Fax: (213) 443-3100 | Rossana Baeza (*pro hac vice*) |
| | rbaeza@bsfllp.com |
| Diane M. Doolittle (CA Bar No. 142046) | 100 SE 2nd Street, Suite 2800 |
| dianedoolittle@quinnemanuel.com | Miami, FL 33130 |
| 555 Twin Dolphin Drive, 5th Floor | Tel: (305) 539-8400 |
| Redwood Shores, CA 94065 | Fax: (305) 539-1304 |
| Telephone: (650) 801-5000 | |
| Facsimile: (650) 801-5100 | William Christopher Carmody (*pro hac vice*) |
| Jomaire A. Crawford (admitted *pro hac vice*) | bcarmody@susmangodfrey.com |
| jomairecrawford@quinnemanuel.com | Shawn J. Rabin (*pro hac vice*) |
| 51 Madison Avenue, 22nd Floor | srabin@susmangodfrey.com |
| New York, NY 10010 | Steven Shepard (*pro hac vice*) |
| Telephone: (212) 849-7000 | sshepard@susmangodfrey.com |
| Facsimile: (212) 849-7100 | Alexander P. Frawley (*pro hac vice*) |
| Josef Ansorge (admitted *pro hac vice*) | afrawley@susmangodfrey.com |
| josefansorge@quinnemanuel.com | SUSMAN GODFREY L.L.P. |
| 1300 I Street NW, Suite 900 | 1301 Avenue of the Americas, 32nd Floor |

| | | |
|---|---|---|
| 1 | Washington D.C., 20005<br>Tel: (202) 538-8000 | New York, NY 10019<br>Tel: (212) 336-8330 |
| 2 | Fax: (202) 538-8100 | |
| 3 | Jonathan Tse (CA Bar No. 305468) | Amanda Bonn (CA Bar No. 270891)<br>abonn@susmangodfrey.com |
| 4 | jonathantse@quinnemanuel.com<br>50 California Street, 22nd Floor | SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400 |
| 5 | San Francisco, CA 94111<br>Tel: (415) 875-6600 | Los Angeles, CA 90067<br>Tel: (310) 789-3100 |
| 6 | Fax: (415) 875-6700 | John A. Yanchunis (*pro hac vice*) |
| 7 | *Attorneys for Defendant Google LLC* | jyanchunis@forthepeople.com<br>Ryan J. McGee (*pro hac vice*) |
| 8 | | rmcgee@forthepeople.com<br>MORGAN & MORGAN, P.A. |
| 9 | | 201 N Franklin Street, 7th Floor<br>Tampa, FL 33602 |
| 10 | | Tel: (813) 223-5505<br>Fax: (813) 222-4736 |
| 11 | | Michael F. Ram (CA Bar No. 104805) |
| 12 | | mram@forthepeople.com<br>MORGAN & MORGAN, P.A. |
| 13 | | 711 Van Ness Avenue, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913 |
| 14 | | |
| 15 | | *Attorneys for Plaintiffs* |

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Discovery Statement. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: June 25, 2021                         By  *Andrew H. Schapiro*
                                                 Andrew H. Schapiro
                                                 *Counsel on behalf of Defendant Google LLC*