# TREBICKA EX. E

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# Exhibit 3

**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8267**

WRITER'S EMAIL ADDRESS
josefansorge@quinnemanuel.com

June 15, 2021

**VIA E-MAIL**
RMCGEE@FORTHEPEOPLE.COM

Ryan J. McGee, Esq.
Morgan & Morgan
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

Re:     *Chasom Brown, et al., v. Google LLC*, Case No. 5:20-cv-03664-LHK

Dear Counsel:

I write on behalf of Google Inc. ("Google") in response to your June 10, 2021 letter concerning Google's production of unauthenticated data associated with the Named Plaintiffs ("Production Volume 20").

*First*, at the threshold, the Court ordered Google to produce "all of the *unauthenticated* data that is associated from [a] search of [Plaintiffs' unauthenticated] identifiers [i.e., the raw cookie values provided to Google] … no later than … June 9th."  6/2/21 Omnibus Hrg. Tr. at 30:24-31:1 (emphasis added).  Your letter inquires into "*all data* associated with the[ir] cookie values," and thus goes beyond the scope of what the Court ordered Google to produce.  Pls' 6/10/21 Ltr. to Google at 2 (emphasis added).  Google's June 9, 2021 production of unauthenticated data keyed to Plaintiffs' raw cookie values complies with the Court's order.

*Second*, your letter poses nearly a dozen questions and requests, including sub-parts, many of which are more suitable and appropriate for the upcoming Rule 30(b)(6) deposition that Plaintiffs will take on June 16, 2021.  *See, e.g.*, Pls' Rule 30(b)(6) Deposition Notice (covering same).  Among other topics, the Court recognized that the deposition may cover "information about the databases and what is and isn't tracked, and is and isn't able to link up."  *Id.* 35:8-10.

*Third*, as explained during the parties' June 10, 2021 meet and confer, Google has agreed to answer a limited number of questions concerning Production Volume 20 on the condition that Plaintiffs pose them in writing (and not in piecemeal fashion during a meet and confer).  Consistent with our

quinn emanuel urquhart & sullivan, llp

AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

Google's June 15, 2021 Ltr. to Plaintiffs' Counsel

discussion, Google addresses each question in turn. However, should Plaintiffs have further questions, including upon further review of Production Volume 20, Google invites Plaintiffs to explore them on June 16, 2021. Google reserves all rights.

1. What is the source of the data included in Production Volume 20? What logs, repositories, and other sources did Google search to obtain this data? Plaintiffs were asked to provide cookie values, but it is unclear what Google did with those cookie values to generate the data in Production Volume 20. For example, did Google search Kansas? Did Google utilize the Dremel tool? Please explain.

Google's Response: Google decrypted the raw cookie values that Plaintiffs provided into ▇. Those IDs appear in the "UID" or "User ID" field of GOOG-BRWN-00078395. With respect to the ▇ Google used Dremel to query all Display Ads logs for Plaintiffs' ▇ but did not find any data keyed to those IDs. With respect to the ▇ Google used Dremel and wrote a script to query the Display Ads log that would contain the X-Client Data Header for Plaintiffs' ▇ and produced the selected data fields keyed to those IDs at GOOG-BRWN-00078394.

2. Does Product Volume 20 include all data associated with the cookie values provided by Plaintiffs, or does it only include some of that data? If it is only some of the data, how did you decide what data to include in this production and what to omit? We understand that ▇ identifiers are keyed to devices, browsers, and other values, but are also arranged in ▇ by logical users. Did Google search for, locate, and produce these ▇, and/or data tied to other identifiers in those ▇?

Google's Response: Production Volume 20 includes data associated with the ▇ in the Display Ad Log that has X-Client-Data Header information. With respect to ▇, Google did not query ▇ because it contains data related to users who were logged in to their Google Account when browsing in private browsing mode. The allegations in this litigation are on behalf of users who were logged out of their Google Account.

3. How did Google create these documents? Please provide a description of that process.

Google's Response: Demanding an answer to this question in a discovery letter is inappropriate discovery on discovery. In any event, Google performed the steps described in its response to Question #1. To the extent Plaintiffs have additional appropriate questions on the process, they may explore those at the June 16, 2021 deposition.

4. For Goog-Brwn-00078395–99, the "Decrypted Cookie" information contains a number of fields without any explanation. Does Google have any data dictionaries explaining what the fields and the values included in Production Volume 20 represent, which Google can provide to us? For example, please explain what the following fields mean: ▇ ▇

2

Google's June 15, 2021 Ltr. to Plaintiffs' Counsel

<u>Google's Response</u>:  Google is investigating whether any such data dictionaries exist that may explain what the so-called "fields" in the "Decrypted Cookie" column of GOOG-BRWN-00078395 represent.

5.   What ▮▮▮▮▮▮▮▮, and other unauthenticated identifiers are associated (in any way) with Plaintiffs, their devices, or browsers, and how are they derived? Are those identifiers included in Production Volume 20?

<u>Google's Response</u>:  Google refers Plaintiffs to Google's response to Question #1. To the extent Plaintiffs have additional appropriate questions on the process, they may explore those at the June 16, 2021 deposition.  Moreover, the Court was clear that unauthenticated identifiers are at issue in this action, not data associated with Plaintiffs' Google Accounts. *See, e.g.*, 6/2/21 Omnibus Hrg. Tr. at 30:24-31:1 (ordering Google to produce "unauthenticated data … from [a] search of these identifiers [i.e., the raw cookie values that Plaintiffs disclosed to Google]").

6.   It appears that Google redacted the "userkey" for each decrypted cookie value. Is that correct? If so, that violates Paragraph 8(d) of the Court's ESI order. Please re-produce these documents without redaction by close of business tomorrow, June 11, 2021.

<u>Google's Response</u>:  Google did not redact the "userkey" that appears in GOOG-BRWN-00078395.  The information contained in the "Decrypted Cookie" column of this document was produced consistent with how that information is kept and maintained in the ordinary course.  Contrary to your assertion, Google has not "violate[d] Paragraph 8(d) of the Court's ESI order."  Pls' 6/10/21 Ltr. to Google at 2.  Plaintiffs' data is not maintained in this "userkey" column, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. As stated in response to Question #4, Google is investigating whether any such data dictionaries exist that may explain what the so-called "fields" in the "Decrypted Cookie" column of GOOG-BRWN-00078395 represent, including the "userkey" field.

Sincerely,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Josef Ansorge*
Josef Ansorge
JA

cc (via email):

Beko Reblitz-Richardson, Esq.
Mark C. Mao, Esq.
Sean P. Rodriguez, Esq.
James Lee, Esq.
Rossana Baeza, Esq.

Google's June 15, 2021 Ltr. to Plaintiffs' Counsel

William S. Carmody, Esq.
Shawn Rabin, Esq.
Steven M. Shepard, Esq.
John A. Yanchunis, Esq.