TREBICKA EX. F

REDACTED VERSION
OF DOCUMENT SOUGHT
TO BE SEALED

# Exhibit 4

| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165<br>Sean P. Rodriguez, CA Bar No. 262437<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>**BOIES SCHILLER FLEXNER LLP**<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>Fax: (415) 293-6899<br>mmao@bsfllp.com<br>brichardson@bsfllp.com | William S. Carmody (admitted *pro hac vice*)<br>Shawn Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019-6023<br>Tel.: (212) 336-8330<br>Fax: (212) 336-8340<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com |
| James Lee (admitted *pro hac vice*)<br>Rossana Baeza (*admitted pro hac vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>100 SE 2nd St., 28th Floor<br>Miami, FL. 33131<br>Tel.: (305) 539-8400<br>Fax: (305) 539-1307<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com | John A. Yanchunis (admitted *pro hac vice*)<br>Ryan J. McGee (admitted *pro hac vice*)<br>**MORGAN & MORGAN**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com |
| Amanda K. Bonn, CA Bar No. 270891<br>**SUSMAN GODFREY L.L.P**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel: (310) 789-3100<br>Fax: (310) 789-3150<br>abonn@susmangodfrey.com | Michael F. Ram, CA Bar No. 104805<br>**MORGAN & MORGAN**<br>711 Van Ness Ave., Suite 500<br>San Francisco, CA 94102<br>Telephone: (415) 358-6913<br>Fax: (415) 358-6923<br>mram@forthepeople.com |

*Attorneys for Plaintiffs;*
*Additional counsel listed in signature blocks below*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHR CASTILLO and MONIQUE TRUJILLO, individually and on behalf of all other similarly situated,<br><br>          Plaintiffs,<br>   v.<br><br>GOOGLE LLC,<br><br>          Defendant. | Case No. 5:20-cv-03664-LHK<br><br>**PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)** |

|    |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                 |
|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 1  | PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, on a date to be agreed upon by the Parties, counsel for Plaintiffs will take the videotaped deposition(s) of the designated representative(s) of Google LLC ("Google") best able to testify as to the Topics set forth in Appendix A. Google has a duty to designate one or more officers, directors, managing agents, or other persons with sufficient knowledge to testify fully regarding the Topics listed in Appendix A. No later than ten business days prior to the deposition, Google shall identify the person(s) who will testify on its behalf pursuant to this notice and the matter(s) about which each person will testify. Google shall also produce to Plaintiffs any documents that Google used or plans to use to prepare the person(s) testifying. |

The deposition(s) shall be taken through a mutually agreed upon videoconference program and before a Notary Public or some other officer authorized by law to administer oaths for use at trial. The deposition(s) will be videotaped and will continue from day to day until completed.

Dated:  April 27, 2021                                BOIES SCHILLER FLEXNER LLP

                                                      By: /s/ Mark C. Mao
                                                           Mark C. Mao

                                                      Mark C. Mao, CA Bar No. 236165
                                                      Sean P. Rodriguez, CA Bar No. 262437
                                                      Beko Reblitz-Richardson, CA Bar No. 238027
                                                      **BOIES SCHILLER FLEXNER LLP**
                                                      44 Montgomery Street, 41st Floor
                                                      San Francisco, CA 94104
                                                      Tel.: (415) 293-6800
                                                      Fax: (415) 293-6899
                                                      mmao@bsfllp.com
                                                      srodriguez@bsfllp.com
                                                      brichardson@bsfllp.com

                                                      James Lee (admitted *pro hac vice*)
                                                      Rossana Baeza (admitted *pro hac vice*)
                                                      **BOIES SCHILLER FLEXNER LLP**
                                                      100 SE 2nd Street, 28th Floor
                                                      Miami, FL 33131
                                                      Tel.: (305) 539-8400
                                                      Fax: (305) 539-1307
                                                      jlee@bsfllp.com

---

PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)
CASE NO.: 5:20-CV-03664-LK

rbaeza@bsfllp.com

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander P. Frawley (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
**MORGAN & MORGAN**
711 Van Ness Ave., Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Fax: (415) 358-6923
mram@forthepeople.com

*Attorneys for Plaintiffs*

# APPENDIX A
## DEFINITIONS

1. The term "ALL" includes the word "ANY," and vice versa.

2. The term "CLASS PERIOD" means the time period from June 1, 2016 through the present and ongoing.

3. The terms "CONCERNING" or "RELATING TO" include addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

4. The term "DOCUMENT" and "DOCUMENTS" shall be synonymous in meaning and equal to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure INCLUDING, without limitation, original and any non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced, including all correspondence, letters, telegrams, telexes, messages, memoranda, instructions, emails, handwritten or recorded notes, and all records, schedules, reports, surveys, calculations, transcripts, notes, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, charts, COMMUNICATIONS, database, data compilation, diary, draft, drawing, electronically stored information, emails, fax, floppy disk, graph, hard drive, image, index, instant message, letter, log, magnetic tape, memorandum, note, optical disk, photograph, report, sound recording, spreadsheet, storage device, text message, version, voicemail or writing. This term shall apply to any DOCUMENT, whether in hard copy or electronic form, on any computers or other system. Any copy of a DOCUMENT that differs in any respect.

5. The term "GOOGLE" means GOOGLE LLC and any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees, employees, attorneys and any other persons acting on GOOGLE LLC'S behalf, including contractors.

6. The term "INCLUDE" or "INCLUDING" means "include, but not limited to" or "including, but not limited to."

7. The term "INFORMATION" or "USER'S INFORMATION" means information concerning a USER or a USER'S device(s), including a USER'S browsing activity, such as GET requests (or copies thereof) sent from a USER'S browser to a WEBSITE; any referrer page or search queries; any "fingerprint" data (as described in paragraphs 100–04 of the Second Amended Complaint); a USER'S IP address; any geolocation data; and any X-Client Data Header.

8. The term "USER" includes the word "CONSUMERS," and vice versa

9. The term "YOU" or "YOUR" means or refers to DEFENDANT GOOGLE LLC, and any of his or their attorneys, agents, representatives, predecessors, successors, assigns, and any PERSONs acting or purporting to act on his or their behalf.

## GENERAL INSTRUCTIONS

For purposes of reading, interpreting, or construing the scope of the DEFINITIONS, INSTRUCTIONS, and TOPICS, all of the terms shall be given their most expansive and inclusive interpretation. This INCLUDES the following:

(a) The singular form of a word shall be interpreted as plural and vice versa.

(b) "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Topic anything that might otherwise be construed to be outside the scope of the Topic.

(c) "All," "each" and "any" shall be construed as "all, each, and any."

(d) The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Interrogatory that might otherwise be construed to be outside the scope of the Interrogatory.

## TOPICS

1. Identification of logs, database, storage systems, and data structures containing private browsing information and data derived from private browsing, including "raw logs"

1 ██████████████████████████

2. Google's ability (regardless of Google's policies) to search for and collect private browsing information from the logs, databases, storage systems, and data structures identified in Topic 1, including through the use of Google internal databases and tools both by individuals at Google and by automated mechanisms.

3. The origins of the logs, databases, storage systems, and data structures identified in Topic 1, including how the tools, applications, systems, devices, and products and services that generate the logs, databases, storage systems, and data structures have functioned during the class period.

4. Google's retention policies and practices for the logs, databases, storage systems, and data structures identified in Topic 1, including any changes during the class period.

5. Google's preservation for purposes of this litigation of the logs, databases, storage systems, and data structures identified in Topic 1, including any changes during the class period.

6. As referenced and shown in logs, databases, storage systems, and data structures, Google's identification and correlation of users, devices, electronic addresses, and any other identifiers in connection with web browsing activities, including by the use of identifiers decipherable only to Google (e.g., Google's X-Client-Data header, GAIA, ████ ████████████████████████████ (and similar "twice baked" cookies or crackers)) and Google processes running on the device and any third party identifiers hosted by Google.

7. How identifiers decipherable only to Google of Topic 6, (e.g., Google's X-Client-Data header, GAIA, and ████████████████████████████ (and similar "twice baked" cookies or crackers)), are created, determined, and derived.

8. As referenced and shown in logs, databases, storage systems, and data structures, how and when concurrent Google processes on a device, outside of the user's browser, may interact or capture private browsing data, whether directly or indirectly.

9. As referenced and shown in logs, databases, storage systems, and data structures, how and when Google processes attempt to link, correlate, associate, or otherwise join either

6

probabilistically or deterministically data collected from concurrent processes on a device, including in connection with private browsing data.

10. How and when concurrent Google processes on a device, outside of the user's browser, may generate logs, database, storage system, and data structure entries that include private browsing data or data derived from private browsing information.

11. How data generated by Google's provision of its products and services is logged, stored, and structured by Google, including private browsing data.

12. Identification of Google employees with responsibilities tied to Topics 1-11.

# PROOF OF SERVICE

I, Vicky L. Ayala, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, CA. I am over the age of 18 and not a party to the within action; my business address is 44 Montgomery St., 41st Floor, San Francisco, CA 94104.

On April 27, 2021, I served the following document(s) described as:

**PLAINTIFFS' NOTICE OF DEPOSITION PURSURANT TO RULE 30(b)(6)**

☐ **BY FACSIMILE TRANSMISSION**: As follows: The papers have been transmitted to a facsimile machine by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document which he or she has filed in the cause and served on the party making the service. The copy of the notice or other paper served by facsimile transmission shall bear a notation of the date and place of transmission and the facsimile telephone number to which transmitted or be accompanied by an unsigned copy of the affidavit or certificate of transmission which shall contain the facsimile telephone number to which the notice of other paper was transmitted to the addressee(s).

☐ **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at San Francisco, CA in the ordinary course of business.

☒ **BY ELECTRONIC MAIL TRANSMISSION**: By electronic mail transmission from vayala@bsfllp.com on April 27, 2021, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address(es) listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

Case No. 5:20-cv-03664-LHK

PROOF OF SERVICE

| | |
|---|---|
| Andrew H. Schapiro (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel: 312-705-7400<br>Fax: 312-705-7401<br>andrewschapiro@quinnemanuel.com | *Attorney for Defendant* |
| Stephen A. Broome<br>Viola Trebicka<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: 213-443-3000<br>Fax: 213-443-3100<br>stephenbroome@quinnemanuel.com<br>violatrebicka@quinnemanuel.com | *Attorneys for Defendant* |
| Diane M. Doolittle<br>Thao Thai<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Tel: 650-801-5000<br>Fax: 650-8015100<br>dianedoolittle@quinnemanuel.com<br>thaothai@quinnemanuel.com | *Attorneys for Defendant* |
| William Burck (*pro hac vice*)<br>Josef Ansorge (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>1300 I Street NW, Suite 900<br>Washington, D.C., 20005<br>Tel: 202-538-8000<br>Fax: 202-538-8100<br>williamburck@quinnemanuel.com<br>josefansorge@quinnemanuel.com | *Attorneys for Defendant* |
| Jonathan Tse<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: 415-875-6600<br>Fax: 415-875-6700<br>jonathantse@quinnemanuel.com | *Attorney for Defendant* |

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Case No. 5:20-cv-03664-LHK

PROOF OF SERVICE

1   Executed on April 27, 2021, at San Francisco, CA.

_____
Vicky L. Ayala

Case No. 5:20-cv-03664-LHK

PROOF OF SERVICE