| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP**<br>Lesley Weaver (Cal. Bar No. 191305)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>lweaver@bfalaw.com | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Andrew H. Schapiro (admitted *pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel: (312) 705-7400 |
| **DICELLO LEVITT GUTZLER LLC**<br>David A. Straite (admitted *pro hac vice*)<br>One Grand Central Place<br>60 East 42nd Street, Suite 2400<br>New York, New York 10165<br>Tel.: (646) 933-1000<br>dstraite@dicellolevitt.com | *Counsel for Defendant; additional listed below*<br><br>**BOIES SCHILLER FLEXNER LLP**<br>Mark C. Mao (Cal. Bar No. 238027)<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel: (415) 293-6800<br>mmao@bsfllp.com |
| **SIMMONS HANLY CONROY LLC**<br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>jaybarnes@simmonsfirm.com | **SUSMAN GODFREY LLP**<br>William Christopher Carmody (*pro hac vice*)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 336-8330<br>bcarmody@susmangodfrey.com |
| *Counsel for Calhoun Plaintiffs; additional counsel listed in signature blocks below* | **MORGAN & MORGAN**<br>John A. Yanchunis (admitted *pro hac vice*)<br>201 N. Franklin St., 7th Floor<br>Tampa, FL 33602<br>Tel: (813) 223-5505<br>jyanchunis@forthepeople.com |
| | *Counsel for Brown Plaintiffs; additional listed below* |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br>    Defendant. | Case No. 5:20-cv-5146-LHK-SVK<br><br>**EXHIBIT B-5 TO JOINT SUBMISSION RE: NOMINATIONS FOR A SPECIAL MASTER AND PROPOSED ORDERS**<br><br>Referral: Hon. Susan van Keulen, USMJ |
| CHASOM BROWN, *et al*., on behalf of themselves and all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br>    Defendant. | Case No. 5:20-cv-3664-LHK-SVK |

# EXHIBIT B-5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br>Case No. 5:20-cv-05146-LHK-SVK<br><br>**[GOOGLE PROPOSED] ORDER APPOINTING SPECIAL MASTER**<br><br>Referral: Hon. Susan van Keulen, USMJ |
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | |

Pursuant to Rule 53(b)(1), all Parties have notice of the Court's intent to appoint a Special Master to review and advise regarding the Parties' discovery disputes related to technical issues in this litigation and have had an opportunity to be heard with respect to such appointment. Accordingly, the Court **ORDERS** as follows:

1. The Court appoints [name] (hereinafter "Special Master") to serve as Special Master for the purpose of assisting this Court in resolving disputes on technical discovery in this litigation, and any additional dispute that would require a sophisticated understanding of the technology at issue. After reviewing [name]'s declaration (Dkt. __), the Court finds that the Special Master does not have a relationship with the parties, attorneys, action, or this Court that would require disqualification under 28 U.S.C. § 455.

I.   **SCOPE OF DUTIES OF THE SPECIAL MASTER**

2. The Special Master shall assist the Court, through advisory reports and recommendations, on the disputes the Court is currently deciding, including (1) what information Defendant has regarding Plaintiffs; and (2) what information Defendant has regarding identification of putative class members (the "Disputes"), as well as any future dispute that may arise related to technical issues with which the Court may need assistance.

3. The Special Master shall proceed with all reasonable diligence, in accordance with the protocol described in this order.

II.   **PROTOCOL**

4. Upon the Special Master's appointment, the Parties shall provide the Special Master with copies of the Parties' submissions regarding such Disputes, this Court's prior orders, the transcripts of the discovery hearings discussing these Disputes, the relevant discovery requests and responses, and the relevant deposition transcripts and declarations of Google witnesses produced in this litigation.

5. Upon receiving the materials indicated in paragraph 4 above, the Special Master may require additional briefing on specific questions related to these Disputes or a hearing.

6. The briefing requested by the Special Master shall be filed by the parties on the case docket and shall be no more than five pages double-spaced in length, with the movant's opening

brief to be made on or before a date to be identified by the Special Master, and responding party's opposition brief to be made within seven days of the opening brief. The movant will not have an opportunity to submit a reply brief absent leave.

7. As explained further below in Section III, the Special Master may submit reports and recommendations to the Court on the Disputes. The Special Master may not issue any order on the Disputes or an order for additional discovery.

### III.  REPORTS AND RECOMMENDATIONS

8. The Special Master shall report to the Court his recommended resolution of the Parties' Disputes and any objections or exceptions within ten days of receiving the responding party's briefing, unless, in the Special Master's discretion, there is a need for a hearing or additional briefing pursuant to paragraph 5 above.

9. The Special Master shall file other reports as the Court may direct.

10. Should the Special Master's report or recommendation seek to disclose confidential documents or information that belong to the Plaintiffs or Google within the report or recommendation, the Special Master shall notify the Parties and the Parties will promptly meet and confer as to the appropriate designation of such information, i.e., as subject to the Protective Order in the underlying matter.

11. Pursuant to Rule 53(e), the Special Master shall file any reports or recommendations with the Court under seal by e-filing the document as such, as required by Civil Local Rule 79-5(a). In addition, the Special Master shall acknowledge that he has reviewed the operative Protective Order and shall treat any Confidential or Highly Confidential - Attorneys' Eyes Only information consistent with the protections outlined in the operative Protective Order. To the extent the disputes before the Special Master overlap in *Brown* and *Calhoun*, the Special Master shall file substantively identical reports or recommendations with the court under seal in both case dockets. In addition, the Special Master shall email copies of his reports or recommendations to the Parties and the Court.

12. Pursuant to Rule 53(b)(2)(D) and 53(f), any party wishing to file objections to or a motion to adopt or modify the Special Master's report or recommendation must file such objection or motion with the Court within seven days of receiving the report or recommendation. The party

filing the objection or motion shall submit with such objection or motion any record necessary for the Court to review the Special Master's report or recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's report or recommendation. Such briefing shall not exceed five double-spaced pages. If both parties plan to file objections or a motion to adopt or modify the report or recommendation, the briefing shall take the form of a joint filing.

13. Pursuant to Rule 53(f)(3), the Court reviews the report or recommendation of the Special Master de novo. Pursuant to Rule 53(f)(1), the Court shall afford each party an opportunity to be heard, which can be satisfied by taking written submissions when the Court acts on the report without taking live testimony and, at its discretion, may receive evidence and may adopt or affirm, modify, wholly or partly reject or reverse, resubmit to the Special Master with instructions, or make any further orders it deems appropriate. The Court will set a hearing date as appropriate.

### IV.  OTHER MATTERS

14. Pursuant to Rule 53(b)(2)(B), the Special Master may communicate *ex parte* with the Court at any time. The Special Master shall not communicate *ex parte* with any party, third-party witness, or counsel for any party or third-party.

15. Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and any of his reports and recommendations.

16. Pursuant to Rules 53(b)(2)(E) and 53(g), the Special Master shall be compensated at an hourly rate of $\_\_ for his services pursuant to this order. The Special Master shall prepare an invoice for his services, which he shall provide to the Parties. The Special Master's fees shall be split equally among the Parties and shall be paid promptly and in full. The Court will review this allocation no later than at the conclusion of these proceedings and will adjust the allocation, as appropriate, after affording the Parties an opportunity to be heard.

### V.  FUTURE DISPUTES

17. To the extent the Court identifies future disputes that are related to either the Disputes or additional technical issues regarding which the Court needs the Special Master's assistance, paragraphs 4 through 15 shall apply.

**IT IS SO ORDERED.**

DATED: _____

THE HONORABLE SUSAN VAN KEULEN
United States Magistrate Judge