# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
**NOTICE OF RULE 30(b)(6) DEPOSITION**

Pursuant to Rules 26, 30, and 34 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google") hereby responds and objects to Plaintiffs' April 27, 2021 Notice of Rule 30(b)(6) Deposition (the "Notice"). These objections and responses are made solely for the purpose of and in relation to this action, and any production in response will be subject to the Protective Order governing this case (Dkt. 81). In addition, the objections and responses set forth in this document are based on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change. Google reserves all rights to supplement and amend its objections and responses accordingly.

**GENERAL OBJECTIONS**

The following General Objections apply to each and every deposition topic propounded by Plaintiffs and are incorporated into each of Google's responses by reference as if set forth fully therein. A specific response may repeat a General Objection for emphasis or some other reason. The failure to include any General Objection in any specific response shall not constitute a waiver of any General Objection to that deposition topic.

1      1.      Google objects to each topic in the Notice to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, or other privilege, immunity, or protection afforded by law ("Privileged Information"). Google will not disclose Privileged Information in response to the Notice, and any undertaking by Google to respond to the Notice, including the designation of persons for deposition testimony to be taken, should be understood to exclude Privileged Information.

2.      Google objects to each topic in the Notice to the extent that it seeks to impose obligations and demands on Google greater or more extensive than those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, this Court's orders and instructions, or any other applicable authority.

3.      Google objects to the Notice to the extent that the "Definitions" purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific topic where such enlargement, expansion, or alteration renders said topic vague, ambiguous, overbroad, unduly burdensome, harassing, incomprehensible, or calling for information that is neither relevant nor proportional to the needs of the case. Where a term is vague and ambiguous, Google will respond based on its understanding of the term.

4.      Google's responses to each topic in the Notice shall not be construed in any way as an admission that any definition provided by Plaintiffs is either factually correct or legally binding on Google.

5.      Google objects to each topic in the Notice to the extent that it prematurely seeks disclosure of information before Google is required to disclose such information in accordance with any applicable law or rule, such as the Northern District of California Local Rules and any order in this action.

6.      Google objects to each topic in the Notice to the extent that it is vague, ambiguous, unintelligible, overbroad, unduly burdensome, or seeks information that is not relevant to the subject matter of this action or not proportional to the needs of the case. Google notes that many of the topics in the Notice are so broad and general, and unlimited as to time period, that it would be practically impossible to educate any one person to testify at a granular level on the topics. Indeed, most of the topics cover multiple Google services or technologies. Accordingly, where Google has agreed to produce a witness to testify on a particular topic, the witness will be prepared to provide a reasonable level of detail on the topic. *See United States v. HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *9–11 (C.D. Cal. Oct. 26, 2016) (explaining that "[i]t is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything" and holding that the broad scope of the topics in deposition notice "would make witness preparation a nearly impossible task").

7.      Google objects to each topic in the Notice to the extent that it calls for legal conclusions or information that is more properly the subject of expert discovery.

8.      Google objects to each topic in the Notice to the extent that it seeks information in a format or at a level of detail other than that which is ordinarily kept and maintained by Google in its regular course of business.

9.      Google objects to each topic in the Notice to the extent that it requests Google to provide "all" or "any" information or documents about a particular subject, on the grounds that such requests are overbroad and unduly burdensome, seeking information, documents, and/or things that are neither relevant nor proportional to the needs of the case.

10.     Google objects to Plaintiffs' definition of "document(s)" in the "Definitions" section of the Notice as vague, ambiguous, overly broad, and unduly burdensome to the extent that the definition exceeds the scope of documents set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or this Court's orders and instructions.

11.     Google objects to each topic in the Notice that is unlimited as to time and/or location as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

12.     Google reserves the right to supplement, amend, modify, or correct its responses to the topics in the Notice as additional pertinent evidence becomes available. The disclosure of any irrelevant information is not to be construed as a waiver of any claim of irrelevance.

13.     Any objection by Google does not constitute a representation or admission that such information does in fact exist or is known to Google.

14.     Google's responses to each topic in the Notice or agreement to designate a witness with respect to these deposition topics shall not be construed in any way as an admission that any statement by Plaintiffs set forth in the topics is either factually correct or legally binding upon Google.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS

Subject to the foregoing General Objections, Google objects and responds to Plaintiffs' deposition topics as follows:

**TOPIC NO. 1:**

Identification of logs, database, storage systems, and data structures containing private browsing information and data derived from private browsing, including "raw logs" ████████ ████████████████████████

**RESPONSE TO TOPIC NO. 1:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the terms "logs," "database," "storage systems," "data structures," and "████████████████████████" which are neither self-evident nor defined. Google further objects to this request as vague and ambiguous as to the quoted term "raw logs,"

which Plaintiffs have not explained or defined. Google further objects to this request as overly broad and unduly burdensome to the extent it seeks information concerning "logs, database, storage systems, and data structures containing private browsing information and data derived from private browsing" that pertain to data Google received from services other than those at issue in this case (*i.e.*, Google Ad Manager and Google Analytics). Subject to the foregoing objections, Google will produce a witness to testify on this topic for data received through Google Analytics or Google Ad Manager.

**TOPIC NO. 2:**

Google's ability (regardless of Google's policies) to search for and collect private browsing information from the logs, databases, storage systems, and data structures identified in Topic 1, including through the use of Google internal databases and tools both by individuals at Google and by automated mechanisms.

**RESPONSE TO TOPIC NO. 2:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the terms "logs," "databases," "storage systems," and "data structures," which are neither self-evident nor defined. Google further objects to this request as overly broad and unduly burdensome to the extent it seeks information concerning "logs, database, storage systems, and data structures" that pertain to data Google received from services other than those at issue in this case (*i.e.*, Google Ad Manager and Google Analytics). Subject to the foregoing objections, Google will produce a witness to testify on this topic for data received through Google Analytics or Google Ad Manager.

**TOPIC NO. 3:**

The origins of the logs, databases, storage systems, and data structures identified in Topic 1, including how the tools, applications, systems, devices, and products and services that generate the logs, databases, storage systems, and data structures have functioned during the class period.

**RESPONSE TO TOPIC NO. 3:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the terms "logs," "databases," "storage systems," "data structures," "tools," "applications," "systems," "devices," "products," "services: and "generate," which are neither self-evident nor defined. Google further objects to this request as overly broad and unduly burdensome to the extent it seeks information concerning "logs, database, storage systems, and data structures" that pertain to data Google received from services other than those at issue in this case (*i.e.*, Google Ad Manager and Google Analytics). Subject to the foregoing objections, Google will produce a witness to testify on this topic for data received through Google Analytics or Google Ad Manager.

**TOPIC NO. 4:**

Google's retention policies and practices for the logs, databases, storage systems, and data structures identified in Topic 1, including any changes during the class period.

**RESPONSE TO TOPIC NO. 4:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the terms "logs," "databases," "storage systems," and "data structures," which are neither self-evident nor defined. Google further objects to this request as seeking irrelevant information because any dispute regarding Google's log retention policies is moot in light of the protective order issued in *Calhoun, et al v. Google LLC*, Case No. 20-cv-05146-LHK (SVK), Dkt. 174 (N.D. Cal.), and the deposition testimony that Google provided in the

*Calhoun* litigation, which is available to Plaintiffs. Google further objects to this request as overly broad and unduly burdensome to the extent it seeks information concerning "logs, database, storage systems, and data structures" that pertain to data Google received from services other than those at issue in this case (*i.e.*, Google Ad Manager and Google Analytics). Subject to the foregoing objections, Google will produce a witness to testify on this topic for data received through Google Analytics or Google Ad Manager.

**TOPIC NO. 5:**

Google's preservation for purposes of this litigation of the logs, databases, storage systems, and data structures identified in Topic 1, including any changes during the class period.

**RESPONSE TO TOPIC NO. 5:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the terms "logs," "databases," "storage systems," and "data structures," which are neither self-evident nor defined. Google further objects to this request to the extent it seeks information covered by the attorney client privilege, attorney work product doctrine, or other applicable privileges. Google further objects to this request as seeking irrelevant information because any dispute regarding Google's log retention policies is moot in light of the protective order issued in *Calhoun, et al v. Google LLC*, Case No. 20-cv-05146-LHK (SVK) (N.D. Cal.), Dkt. No. 173-1 ("Based upon the facts currently before this Court, Google need not suspend its standard retention periods applicable to data logs that reflect event-level data of Chrome users in the United States."); Dkt. No. 174 (granting motion for protective order), and the deposition testimony that Google provided in the *Calhoun* litigation, which is available to Plaintiffs. Google further objects to this request to the extent it seeks information regarding Google's preservation of potential class members' data, which the court determined is "not relevant in light of the Court's

ruling in Dkt. 173-1." *Calhoun*, Case No. 20-cv-05146-LHK (SVK) (N.D. Cal.), Dkt. No. 192-1 at 1. Thus, this topic is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce a witness to testify on this topic.

**TOPIC NO. 6:**

As referenced and shown in logs, databases, storage systems, and data structures, Google's identification and correlation of users, devices, electronic addresses, and any other identifiers in connection with web browsing activities, including by the use of identifiers decipherable only to Google (e.g., Google's X-Client-Data header, GAIA, ███████████████ ██████ (and similar "twice baked" cookies or crackers)) and Google processes running on the device and any third party identifiers hosted by Google.

**RESPONSE TO TOPIC NO. 6:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the terms "logs," "databases," "storage systems," "data structures," "identifiers," "'twice baked' cookies" and "crackers" which are neither self-evident nor defined.Google objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding Google processes that are irrelevant to the collection, use, or storage of browsing data from users who are not logged into a Google account. Plaintiffs' purported classes are composed solely of users who were not signed into Google accounts, and thus they are not entitled to discovery that relates solely to signed-in users. *See, e.g.*, *Ali v. Gilead Sci., Inc.*, 2018 WL 3491905, at *3 (N.D. Cal. July 20, 2018) ("The Court denies RFP No. 11 [seeking documents regarding non-U.S. citizen employees] as irrelevant. Ali's complaint states he is a U.S. citizen. As a result, the production of data regarding employees who are not U.S. citizens or H1-B visa holders is neither relevant nor proportional to the needs of the case."). Google further objects to this request

as overly broad and unduly burdensome to the extent it seeks information concerning "logs, database, storage systems, and data structures" that pertain to data Google received from services other than those at issue in this case (*i.e.*, Google Ad Manager and Google Analytics). Subject to the foregoing objections, Google will produce a witness to testify on this topic for data received through Google Analytics or Google Ad Manager.

**TOPIC NO. 7:**

How identifiers decipherable only to Google of Topic 6, (e.g., Google's X-Client-Data header, GAIA, and ███████████████████████ (and similar "twice baked" cookies or crackers)), are created, determined, and derived.

**RESPONSE TO TOPIC NO. 7:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the terms "identifiers," "'twice baked' cookies" and "crackers" which are neither self-evident nor defined. Google objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding Google processes that are irrelevant to the collection, use, or storage of browsing data from users who are not logged into a Google account. Plaintiffs' purported classes are composed solely of users who were not signed into Google accounts, and thus they are not entitled to discovery that relates solely to signed-in users. *See, e.g.*, *Ali v. Gilead Sci., Inc.*, 2018 WL 3491905, at *3 (N.D. Cal. July 20, 2018) ("The Court denies RFP No. 11 [seeking documents regarding non-U.S. citizen employees] as irrelevant. Ali's complaint states he is a U.S. citizen. As a result, the production of data regarding employees who are not U.S. citizens or H1-B visa holders is neither relevant nor proportional to the needs of the case."). Google further objects to this request as overly broad and unduly burdensome to the extent it seeks information concerning "identifiers" that pertain to data Google received from services other than those at issue in this case (*i.e.*, Google Ad Manager and Google Analytics). Subject to the

foreging objections, Google will produce a witness to testify on this topic for data received through Google Analytics or Google Ad Manager.

**TOPIC NO. 8:**

As referenced and shown in logs, databases, storage systems, and data structures, how and when concurrent Google processes on a device, outside of the user's browser, may interact or capture private browsing data, whether directly or indirectly.

**RESPONSE TO TOPIC NO. 8:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the terms "logs," "databases," "storage systems," "data structures," and "indirectly" which are neither self-evident nor defined. Google objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding Google processes that are irrelevant to the collection, use, or storage of browsing data from users who are not logged into a Google account. Plaintiffs' purported classes are composed solely of users who were not signed into Google accounts, and thus they are not entitled to discovery that relates solely to signed-in users. *See, e.g.*, *Ali v. Gilead Sci., Inc.*, 2018 WL 3491905, at *3 (N.D. Cal. July 20, 2018) ("The Court denies RFP No. 11 [seeking documents regarding non-U.S. citizen employees] as irrelevant. Ali's complaint states he is a U.S. citizen. As a result, the production of data regarding employees who are not U.S. citizens or H1-B visa holders is neither relevant nor proportional to the needs of the case."). Subject to the foregoing objections, Google will produce a witness to testify on this topic.

**TOPIC NO. 9:**

As referenced and shown in logs, databases, storage systems, and data structures, how and when Google processes attempt to link, correlate, associate, or otherwise join either probabilistically

1   or deterministically data collected from concurrent processes on a device, including in connection

2   with private browsing data.

3   **RESPONSE TO TOPIC NO. 9:**

4          Google incorporates its General Objections as if set forth fully herein. Google further objects

5   to this request as vague and ambiguous as to the terms "logs," "databases," "storage systems," "data

6   structures," and "join either probabilistically or deterministically data collected from concurrent

7

8   processes on a device," which are neither self-evident nor defined. Google objects to this topic as

9   overly broad and unduly burdensome to the extent it seeks information regarding Google processes

10  that are irrelevant to the collection, use, or storage of browsing data from users who are not logged

11  into a Google account. Plaintiffs' purported classes are composed solely of users who were not

12  signed into Google accounts, and thus they are not entitled to discovery that relates solely to signed-

13  in users. *See, e.g.*, *Ali v. Gilead Sci., Inc.*, 2018 WL 3491905, at *3 (N.D. Cal. July 20, 2018) ("The

14  Court denies RFP No. 11 [seeking documents regarding non-U.S. citizen employees] as irrelevant.

15  Ali's complaint states he is a U.S. citizen. As a result, the production of data regarding employees

16  who are not U.S. citizens or H1-B visa holders is neither relevant nor proportional to the needs of

17  the case."). Subject to the foregoing objections, Google will produce a witness to testify on this

18  topic.

19  **TOPIC NO. 10:**

20          How and when concurrent Google processes on a device, outside of the user's browser, may

21

22  generate logs, database, storage system, and data structure entries that include private browsing data

23  or data derived from private browsing information.

24  **RESPONSE TO TOPIC NO. 10:**

25          Google incorporates its General Objections as if set forth fully herein. Google further objects

26  to this request as vague and ambiguous as to the terms "logs," "database, storage system, and data

27

28

structures entries," and "data derived from private browsing information," which are neither self-evident nor defined. Google objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding Google processes that are irrelevant to the collection, use, or storage of browsing data from users who are not logged into a Google account. Plaintiffs' purported classes are composed solely of users who were not signed into Google accounts, and thus they are not entitled to discovery that relates solely to signed-in users. *See, e.g.*, *Ali v. Gilead Sci., Inc.*, 2018 WL 3491905, at *3 (N.D. Cal. July 20, 2018) ("The Court denies RFP No. 11 [seeking documents regarding non-U.S. citizen employees] as irrelevant. Ali's complaint states he is a U.S. citizen. As a result, the production of data regarding employees who are not U.S. citizens or H1-B visa holders is neither relevant nor proportional to the needs of the case."). Subject to the foregoing objections, Google will produce a witness to testify on this topic.

**TOPIC NO. 11:**

How data generated by Google's provision of its products and services is logged, stored, and structured by Google, including private browsing data.

**RESPONSE TO TOPIC NO. 11:**

Google incorporates its General Objections as if set forth fully herein. Google objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding Google processes that are irrelevant to the collection, use, or storage of browsing data from users who are not logged into a Google account. Google further objects to this request as vague and ambiguous as to the term "structured," which is neither self-evident nor defined. Plaintiffs' purported classes are composed solely of users who were not signed into Google accounts, and thus they are not entitled to discovery that relates solely to signed-in users. *See, e.g.*, *Ali v. Gilead Sci., Inc.*, 2018 WL 3491905, at *3 (N.D. Cal. July 20, 2018) ("The Court denies RFP No. 11 [seeking documents regarding non-U.S. citizen employees] as irrelevant. Ali's complaint states he is a U.S. citizen. As

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION

a result, the production of data regarding employees who are not U.S. citizens or H1-B visa holders is neither relevant nor proportional to the needs of the case."). Subject to the foregoing objections, Google will produce a witness to testify on how Google logs and stores data generated by providing Google Ad Manager and Google Analytics..

**TOPIC NO. 12:**

Identification of Google employees with responsibilities tied to Topics 1-11.

**RESPONSE TO TOPIC NO. 12:**

Google incorporates its General Objections as if set forth fully herein. Google objects to this topic as overly broad and unduly burdensome because (i) Topics 1-11 are overly broad and unduly burdensome for the reasons stated in Google's objections thereto; and (ii) preparing a witness to identify all employees "with responsibilities tied to" each of those topics would be unduly burdensome. Google further objects to this request as seeking information that is better suited to an Interrogatory. Thus, this topic is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Subject to and without waiving the foregoing objections, Google will produce a witness to identify Google employees with primary responsibilities for the products at issue in Topics 1-11, subject to Google's objections to each of those topics.

1    DATED:  May 26, 2021                QUINN EMANUEL URQUHART & SULLIVAN, LLP

2                                    By    /s/ Andrew H. Schapiro
                                          Andrew H. Schapiro (admitted *pro hac vice*)
3                                         andrewschapiro@quinnemanuel.com
                                          191 N. Wacker Drive, Suite 2700
4                                         Chicago, IL 60606
                                          Telephone: (312) 705-7400
5                                         Fax: (312) 705-7401

6                                         Stephen A. Broome (CA Bar No. 314605)
                                          stephenbroome@quinnemanuel.com
7                                         Viola Trebicka (CA Bar No. 269526)
                                          violatrebicka@quinnemanuel.com
8                                         865 S. Figueroa Street, 10th Floor
                                          Los Angeles, CA 90017
9                                         Telephone: (213) 443-3000
                                          Fax: (213) 443-3100
10
                                          Jomaire Crawford (admitted *pro hac vice*)
11                                        jomairecrawford@quinnemanuel.com
                                          51 Madison Avenue, 22nd Floor
12                                        New York, NY 10010
                                          Telephone: (212) 849-7000
13                                        Fax: (212) 849-7100

14                                        Josef Ansorge (admitted *pro hac vice*)
                                          josefansorge@quinnemanuel.com
15                                        Carl Spilly (admitted *pro hac vice*)
                                          carlspilly@quinnemanuel.com
16                                        1300 I. Street, N.W., Suite 900
                                          Washington, D.C. 20005
17                                        Telephone: 202-538-8000
                                          Fax: 202-538-8100
18
                                          Jonathan Tse (CA Bar No. 305468)
19                                        jonathantse@quinnemanuel.com
                                          50 California Street, 22nd Floor
20                                        San Francisco, CA 94111
                                          Telephone: (415) 875-6600
21                                        Fax: (415) 875-6700

22                                        *Attorneys for Defendant Google LLC*

23

24

25

26

27

28

                                          14                    Case No. 5:20-cv-5146-LHK
                                          GOOGLE'S RESPONSES AND OBJECTIONS TO
                                          PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION

## **PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in Washington, D.C. My business address is 1300 I Street NW, Suite 900, Washington, D.C. 20005.

On May 26, 2021, I served true copies of the following document(s) described as **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION** on the interested parties in this action as follows:

### **SEE ATTACHED LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I transmitted PDF format copies of the document(s) described above to the e-mail addresses on the attached Service List pursuant to the agreement between the parties to serve discovery, in lieu of other service methods, by email under Fed. R. Civ. P. 5(b)(2)(E) (*see* Joint Case Management Statement VIII(E), Docket No. 59). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 26, 2021 at Washington, D.C.


  /s/ *Carl Spilly*
Carl Spilly

## SERVICE LIST

*Brown v. Google LLC*

*Case No. 5:20-cv-03664-LHK-SVK*

*Attorneys for Plaintiffs Chasom Brown et al.*

**BOIES SCHILLER FLEXNER LLP**

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
Antonio Lavalle Ingram, II, CA Bar No. 300528
Alexander Justin Konik, CA Bar No. 299291
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com
aingram@bsfllp.com
akonik@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William S. Carmody (admitted pro hac vice)
Shawn Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

Case No. 5:20-cv-5146-LHK
GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Ra Olusegun Amen (admitted pro hac vice)
Jean Sutton Martin (admitted pro hac vice)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
ramen@forthepeople.com
jean@jsmlawoffice.com

*Attorneys for Plaintiffs*

GOOGLE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION