QUINN EMANUEL URQUHART & SULLIVAN, LLP

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant Google LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>GOOGLE LLC,<br><br>     Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**ADMINISTRATIVE MOTION TO SEAL JOINT LETTER BRIEF RE: DISPUTE P16**<br><br>Referral: Hon. Susan van Keulen, USMJ |

## I.   INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully seeks to seal certain portions of the parties' Joint Letter Brief re: Dispute P16 ("Joint Letter Brief"), which contains non-public, sensitive confidential and proprietary business information that could affect Google's competitive standing and may expose Google to increased security risks if publicly disclosed.  This information is highly confidential and should be protected.

This Administrative Motion pertains for the following information contained in the Joint Letter Brief:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Joint Letter Brief | Portions Highlighted in Yellow at page 4 at lines 19, 21, 25-26, 27-28; page 5 at lines 4-5, 9-14, 22-23; page 7 at lines 23-25, 26-28; page 8 at lines 27-28; page 9 at lines 1-2, 3, 5-7, 8, 9, 10, 11, 12, 13-14, 22-23, 25; and page 10 at line 1. | Google |

## II.   LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civ. L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*

In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information.  *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).  However, a party seeking to seal information in a non-dispositive motion must show only "good cause."  *Id.* at 1179-80.  The rationale for the lower standard with respect to non-dispositive motions is that "the public has less of a need for access to court records attached only to non-dispositive motions because these documents are often unrelated, or only tangentially related, to the underlying cause of action" and that as a result "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials."  *Kamakana*, 447 F.3d at 1179; *see also TVIIM, LLC v.*

*McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to non-dispositive motions are not subject to the strong presumption of access.") (citation omitted).  Under the "good cause" standard, courts will seal statements reporting on a company's users, sales, investments, or other information that is ordinarily kept secret for competitive purposes.  *See Hanginout, Inc. v. Google, Inc.*, 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014); *Nitride Semiconductors Co. v. RayVio Corp.*, 2018 WL 10701873, at *1 (N.D. Cal. Aug. 1, 2018) (granting motion to seal "[c]onfidential and proprietary information regarding [Defendant]'s products" under "good cause" standard) (Van Keulen, J.).

A discovery letter brief is non-dispositive, and thus the good cause standard applies.  *See e.g. Pieterson v. Wells Fargo Bank, N.A.*, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("The parties have filed two separate motions to seal portions of the discovery letter briefs that are pending before the Court.  Because the sealing requests were made in conjunction with a non-dispositive discovery motion, a showing under the good cause standard will suffice.").  Although the materials that Google seeks to seal here easily meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard.

## III.   THE ABOVE IDENTIFIED MATERIALS SHOULD ALL BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589-99 (1978).  Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014).  Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard.  *See e.g. Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).  Courts in this district have also determined that motions to seal may be granted as to potential trade secrets.  *See, e.g. United Tactical Sys., LLC v. Real Action Paintball, Inc.*,2015 WL

1    295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing "that [the party] ha[s] not

2    shown that the substance of the information . . . amounts to a trade secret").

3         Here the Joint Letter Brief comprises confidential and proprietary information regarding highly

4    sensitive features of Google's internal systems and operations that Google does not share

5    publicly.  Specifically, this information provides details related to internal identifiers and various data

6    logs maintained by Google, as well as Google's internal practices with regard to the X-Client-Data

7    Header and its proprietary functions.  Such information reveals Google's internal strategies, system

8    designs, and business practices for operating and maintaining many of its important services while

9    complying with its legal and privacy obligations.

10        Public disclosure of the above-listed information would harm Google's competitive standing it

11   has earned through years of innovation and careful deliberation, by revealing sensitive aspects of

12   Google's proprietary systems, strategies, and designs to Google's competitors.  That alone is a proper

13   basis to seal such information.  *See, e.g.*, *Free Range Content, Inc. v. Google Inc*., No. 14-cv-02329-

14   BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive

15   business information related to Google's processes and policies to ensure the integrity and security of

16   a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co*., No. 3:16-cv-02787-WHO,

17   Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure

18   would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v.*

19   *Travelers Indem. Co*., 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal

20   as to "internal research results that disclose statistical coding that is not publically available").

21        Moreover, if publicly disclosed, malicious actors may use such information to seek to

22   compromise Google's internal data log and identifier systems.  Google would be placed at an

23   increased risk of cyber security threats.  *See, e.g.*, *In re Google Inc. Gmail Litig*., 2013 WL 5366963,

24   at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the

25   Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach

26   in the security of the Gmail system").  The security threat is an additional reason for this Court to seal

27   the identified information.

28

1        The information Google seeks to redact, including internal identifiers and various data logs

2   maintained by Google, as well as Google's internal practices with regard to the X-Client-Data Header

3   and its proprietary functions, is the minimal amount of information needed to protect its internal

4   systems and operations from being exposed to not only its competitors but also to nefarious actors

5   who may improperly seek access to and disrupt these systems and operations.  The "good cause"

6   rather than the "compelling reasons" standard should apply but under either standard, Google's

7   sealing request is warranted.

8   **IV.    CONCLUSION**

9        For the foregoing reasons, the Court should seal the identified portions of the Joint Letter

10  Brief.

11

12  DATED: July 9, 2021             QUINN EMANUEL URQUHART & SULLIVAN, LLP

13                        By    /s/ Andrew H. Schapiro

14                        Andrew H. Schapiro (admitted *pro hac vice*)
    andrewschapiro@quinnemanuel.com

15                        191 N. Wacker Drive, Suite 2700
    Chicago, IL 60606

16                        Telephone: (312) 705-7400
    Facsimile: (312) 705-7401

17

18                        Stephen A. Broome (CA Bar No. 314605)
    stephenbroome@quinnemanuel.com

19                        Viola Trebicka (CA Bar No. 269526)
    violatrebicka@quinnemanuel.com

20                        865 S. Figueroa Street, 10th Floor
    Los Angeles, CA 90017

21                        Telephone: (213) 443-3000
    Facsimile: (213) 443-3100

22

23                        Diane M. Doolittle (CA Bar No. 142046)
    dianedoolittle@quinnemanuel.com

24                        555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065

25                        Telephone: (650) 801-5000
    Facsimile: (650) 801-5100

26

27                        Josef Ansorge (admitted *pro hac vice*)
    josefansorge@quinnemanuel.com

28                        Carl Spilly (admitted *pro hac vice*)
    carlspilly@quinnemanuel.com

1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*