UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br>Case No. 5:20-cv-05146-LHK-SVK<br><br>**ORDER APPOINTING SPECIAL MASTER**<br><br>Referral:  Hon. Susan van Keulen<br>United States Magistrate Judge |
| PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | |

Pursuant to Rule 53(b)(1), all Parties have notice of the Court's intent to appoint a Special Master to review and advise regarding the Parties' discovery disputes related to technical issues in this litigation and have had an opportunity to be heard with respect to such appointment. Accordingly, the Court **ORDERS** as follows:

1. The Court appoints Douglas Brush (Douglas.Brush@accelconsulting.llc, (917) 470-9140) (hereinafter "Special Master") to serve as Special Master for the purpose of assisting this Court in resolving disputes of a technical nature in this litigation. After reviewing Mr. Brush's declaration (Dkt. 212-5), the Court finds that the Special Master does not have a relationship with the Parties, attorneys, action, or this Court that would require disqualification under 28 U.S.C. § 455. The scope, protocols and procedures relating to the Special Master are as set forth in this Order, which may be amended by the Court as provided in Rule 53(b)(4).

## I. SCOPE OF DUTIES OF THE SPECIAL MASTER

2. The Special Master shall assist the Court, through advisory reports and recommendations, on the disputes the Court is currently deciding, including (1) what information Defendant has regarding Plaintiffs; and (2) what information Defendant has regarding identification of putative class members, as well as any future dispute that may arise related to technical issues with which the Court may need assistance (collectively the "Disputes").

3. The Special Master shall proceed with all reasonable diligence, in accordance with the protocol described in this order.

## II. PROTOCOL

4. Upon the Special Master's appointment, the Parties shall provide the Special Master with copies of the Parties' submissions regarding the two specific Disputes identified above in paragraph 2, this Court's prior orders, the transcripts of the discovery hearings discussing these Disputes, the relevant discovery requests and responses, and the relevant deposition transcripts and declarations of Google witnesses produced in this litigation.

5. Upon receiving the materials indicated in paragraph 4 above, the Special Master may require additional briefing on specific factual or legal questions related to the Disputes, an informal conference or a formal hearing.

6. The briefing requested by the Special Master shall be filed by the Parties on the case docket and shall be of the length and format prescribed by the Special Master.

7. The Special Master may hold informal conferences with the Parties at his discretion. All formal hearings will be recorded by a means to be agreed upon and provided by the Parties.

8. As explained further below in Section III, the Special Master shall submit to the Court reports and recommendations regarding the Disputes, which may include requests for additional discovery or access to materials of either Party.

### III.   REPORTS AND RECOMMENDATIONS

9. The Special Master shall report to the Court his recommended resolution of the Parties' Disputes or requests for additional discovery or access within ten days of briefing being completed, unless, in the Special Master's discretion, there is a need for additional information or a hearing pursuant to paragraph 5 above or if the Special Master needs additional time. Such reports and recommendations shall be filed on the docket in compliance with the provisions of paragraph 11 below.

10. The Special Master shall file other reports as the Court may direct.

11. Should the Special Master's report or recommendation seek to disclose confidential documents or information that belong to the Plaintiffs or Google within the report or recommendation, the Special Master shall file it provisionally under seal. The Parties will promptly meet and confer as to the appropriate designation of such information, i.e., as subject to the Protective Order in the underlying matter. To the extent the disputes before the Special Master overlap in *Brown* and *Calhoun*, the Special Master shall file substantively identical reports or recommendations with the Court provisionally under seal in both case dockets. In addition, the Special Master shall email copies of his reports or recommendations to the Parties and the Court.

12. Any Party wishing to file objections to or a motion to adopt or modify the Special Master's report or recommendation pursuant to Rule 53(f)(2) must file such objection or motion with the Court within four days of receiving the report or recommendation. The party filing the objection or motion may submit with such objection or motion any record necessary for the Court

to review the Special Master's report or recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the Parties in connection with the Special Master's report or recommendation.  Such submissions shall be in electronic form only unless requested otherwise by the Court.  Briefing shall not exceed five double-spaced pages. If both sides plan to file objections or a motion to adopt or modify the report or recommendation, the briefing shall take the form of a joint filing not to exceed ten double-spaced pages.

13. Pursuant to Rule 53(f)(3) and 53(f)(4), the Court reviews de novo the factual findings and legal conclusions in the report or recommendation of the Special Master. Pursuant to Rule 53(f)(5), the Court reviews procedural matters only for an abuse of discretion.  Pursuant to Rule 53(f)(1), the Court shall afford each party an opportunity to be heard, which can be satisfied by taking written submissions when the Court acts on the report without taking live testimony and, at its discretion, may receive evidence and may adopt or affirm, modify, wholly or partly reject or reverse, resubmit to the Special Master with instructions, or make any further orders it deems appropriate. The Court will set a hearing date if and when the Court deems appropriate.

## IV.    OTHER MATTERS

14. Pursuant to Rule 53(b)(2)(B), the Special Master may communicate *ex parte* with the Court at any time.  The Special Master shall not communicate *ex parte* with any party, third-party witness, or counsel for any party or third-party.

15. Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to him by the Parties and any of his reports and recommendations.

16. Pursuant to Rules 53(b)(2)(E) and 53(g), the Special Master shall be compensated at an hourly rate of $525/hour for his services, $400/hour for technical support staff, and reasonable expenses should the need arise, pursuant to this order.  The Special Master shall prepare an invoice for his services, which he shall provide to the Parties at a frequency to be determined by the Special Master with a copy emailed to the Court.  Plaintiffs in both the *Brown* and *Calhoun* matters shall collectively be responsible for 50% of the Special Master fees; Defendant Google shall be responsible for the remaining 50%.  The Special Master's fees shall be

1  paid promptly and in full.  The Court will review this allocation no later than at the conclusion of
2  these proceedings and may adjust the allocation, as appropriate, after affording the Parties an
3  opportunity to be heard.
4      **SO ORDERED.**
5  DATED:  July 13, 2021

_____
THE HONORABLE SUSAN VAN KEULEN
United States Magistrate Judge