1  QUINN EMANUEL URQUHART & SULLIVAN, LLP

2  Diane M. Doolittle (CA Bar No. 142046)
   dianedoolittle@quinnemanuel.com
3  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, CA 94065
4  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
5

6  Stephen A. Broome (CA Bar No. 314605)
   stephenbroome@quinnemanuel.com
7  Viola Trebicka (CA Bar No. 269526)
   violatrebicka@quinnemanuel.com
8  865 S. Figueroa Street, 10th Floor
   Los Angeles, CA 90017
9  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
10

11 Jonathan Tse (CA Bar No. 305468)
   jonathantse@quinnemanuel.com
12 50 California Street, 22nd Floor
   San Francisco, CA 94111
13 Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
14

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

15 *Attorneys for Defendant Google LLC*

16              UNITED STATES DISTRICT COURT

17     NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18
19 CHASOM BROWN, WILLIAM BYATT,
   JEREMY DAVIS, CHRISTOPHER
20 CASTILLO, and MONIQUE TRUJILLO,
   individually and on behalf of all similarly
21 situated,

22       Plaintiffs,

23          v.

24 GOOGLE LLC,

25       Defendant.

26
27
28

Case No. 5:20-cv-03664-LHK-SVK

**GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PLAINTIFFS' PROPOSED ORDERS TO AUGUST 2, 2021 JOINT SUBMISSION IN RESPONSE TO DKT. 191, 191-1 RE: STATUS OF DISCOVERY DISPUTES**

Referral: Hon. Susan van Keulen, USMJ

## I.  INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully seeks to seal certain portions of Plaintiffs' Proposed Order re Custodian and Search Terms and Plaintiffs' Proposed Order re Sundar Pichai Production that are filed with the corresponding August 2, 2021 Joint Submission In Response to Dkt. 191, 191-1 Re: Status of Discovery Disputes ("Joint Submission"), which contains non-public, sensitive confidential and proprietary business information that could affect Google's competitive standing and may expose Google to increased security risks if publicly disclosed. This information is highly confidential and should be protected.  This Court has previously sealed the same or substantively similar information, including in Dkt. Nos. 143, 152, 160, 172, 174, 183, 190, 197, 226.

This Administrative Motion pertains for the following information contained in the Plaintiffs' Proposed Order re Custodian and Search Terms and Plaintiffs' Proposed Order re Sundar Pichai Production:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Plaintiffs' Proposed Order re Custodian and Search Terms | Portions Highlighted in Yellow at: Page 2, lines 12, 14-22; Page 3, lines 2, 4, 5-6, 9, 11-13, 17-19, 21-23, 27; Page 4, lines 1, 5-7, 11-13, 18-19, 23-25; Page 5, lines 1, 3, 7, 9-10, 13-15, 21, 24-28; Page 6, lines 5-7, 11, 13, 15, 19-22, 25-26; Page 7, lines 4-7, 11-12, 16, 18-19, 23-24, 27; Page 8, lines 2-3, 7-10, 13-15, 18-20, 24, 26; Page 9, lines 3-5, 10, 14-15, 19-20, 23, 25-26; Page 10, lines 2-4, 7-9, 12-13 | Google |
| Plaintiffs' Proposed Order re Sundar Pichai Production | Portions Highlighted in Yellow at: Page 2, lines 9-15 | Google |

GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PLAINTIFFS' PROPOSED ORDERS TO AUGUST 2, 2021 JOINT SUBMISSION

## II.   LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civ. L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*

In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information.  *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).  However, a party seeking to seal information in a non-dispositive motion must show only "good cause."  *Id.* at 1179-80.  The rationale for the lower standard with respect to non-dispositive motions is that "the public has less of a need for access to court records attached only to non-dispositive motions because these documents are often unrelated, or only tangentially related, to the underlying cause of action" and that as a result "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials."  *Kamakana*, 447 F.3d at 1179; *see also TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to non-dispositive motions are not subject to the strong presumption of access.") (citation omitted).  Under the "good cause" standard, courts will seal statements reporting on a company's users, sales, investments, or other information that is ordinarily kept secret for competitive purposes.  *See Hanginout, Inc. v. Google, Inc.*, 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014); *Nitride Semiconductors Co. v. RayVio Corp.*, 2018 WL 10701873, at *1 (N.D. Cal. Aug. 1, 2018) (granting motion to seal "[c]onfidential and proprietary information regarding [Defendant]'s products" under "good cause" standard) (Van Keulen, J.).  Although the materials that Google seeks to seal here easily meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard.

## III.   THE ABOVE IDENTIFIED MATERIALS SHOULD ALL BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589-99 (1978).  Good cause to seal is shown when a party seeks to seal materials that

1   "contain[] confidential information about the operation of [the party's] products and that public

2   disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg of*

3   *Texas, LLC v. Adobe Sys., Inc*., 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014).  Materials that

4   could harm a litigant's competitive standing may be sealed even under the "compelling reasons"

5   standard.  *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc*., 2015 WL 984121, at *2

6   (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons'

7   standard where that information could be used to the company's competitive disadvantage") (citation

8   omitted).  Courts in this district have also determined that motions to seal may be granted as to

9   potential trade secrets.  *See, e.g. United Tactical Sys., LLC v. Real Action Paintball, Inc*.,2015 WL

10  295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing "that [the party] ha[s] not

11  shown that the substance of the information . . . amounts to a trade secret").

12      Here, Plaintiffs' Proposed Order re Custodian and Search Terms and Plaintiffs' Proposed

13  Order re Sundar Pichai Production comprise confidential and proprietary information regarding highly

14  sensitive features of Google's internal systems and operations that Google does not share

15  publicly.  Specifically, this information provides details related to cookies, internal identifiers and

16  projects, and various data logs maintained by Google. Such information reveals Google's internal

17  strategies, system designs, and business practices for operating and maintaining many of its important

18  services while complying with its legal and privacy obligations.

19      Public disclosure of the above-listed information would harm Google's competitive standing it

20  has earned through years of innovation and careful deliberation, by revealing sensitive aspects of

21  Google's proprietary systems, strategies, and designs to Google's competitors.  That alone is a proper

22  basis to seal such information.  *See, e.g.*, *Free Range Content, Inc. v. Google Inc*., No. 14-cv-02329-

23  BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive

24  business information related to Google's processes and policies to ensure the integrity and security of

25  a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co*., No. 3:16-cv-02787-WHO,

26  Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure

27  would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v.*

28

1    *Travelers Indem. Co*., 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal

2    as to "internal research results that disclose statistical coding that is not publically available").

3         Moreover, if publicly disclosed, malicious actors may use such information to seek to

4    compromise Google's internal data logs, identifier systems, projects, and practices.  Google would be

5    placed at an increased risk of cyber security threats.  *See, e.g.*, *In re Google Inc. Gmail Litig*., 2013

6    WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions

7    with the Gmail system affects how messages are transmitted" because if made public, it "could lead to

8    a breach in the security of the Gmail system").  The security threat is an additional reason for this

9    Court to seal the identified information.

10        The information Google seeks to redact, including cookies, internal identifiers and projects,

11   and various data logs maintained by Google, is the minimal amount of information needed to protect

12   its internal systems and operations from being exposed to not only its competitors but also to nefarious

13   actors who may improperly seek access to and disrupt these systems and operations.  The "good

14   cause" rather than the "compelling reasons" standard should apply but under either standard, Google's

15   sealing request is warranted.

16   **IV.    CONCLUSION**

17        For the foregoing reasons, the Court should seal the identified portions of Plaintiffs' Proposed

18   Order re Custodian and Search Terms and Plaintiffs' Proposed Order re Sundar Pichai Production.

19

20   DATED: August 2, 2021          QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP

21                                   By  _____*/s/ Andrew H. Schapiro*_____

22                                        Andrew H. Schapiro (admitted *pro hac vice*)
                                          andrewschapiro@quinnemanuel.com

23                                        191 N. Wacker Drive, Suite 2700
                                          Chicago, IL 60606

24                                        Telephone: (312) 705-7400
                                          Facsimile: (312) 705-7401

25
                                          Stephen A. Broome (CA Bar No. 314605)

26                                        stephenbroome@quinnemanuel.com
                                          Viola Trebicka (CA Bar No. 269526)

27                                        violatrebicka@quinnemanuel.com
                                          865 S. Figueroa Street, 10th Floor

28                                        Los Angeles, CA 90017

Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*

GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PLAINTIFFS' PROPOSED ORDERS TO
AUGUST 2, 2021 JOINT SUBMISSION