1  QUINN EMANUEL URQUHART & SULLIVAN, LLP

2  Diane M. Doolittle (CA Bar No. 142046)          Andrew H. Schapiro (admitted *pro hac vice*)
   dianedoolittle@quinnemanuel.com                  andrewschapiro@quinnemanuel.com
3  555 Twin Dolphin Drive, 5th Floor                191 N. Wacker Drive, Suite 2700
   Redwood Shores, CA 94065                         Chicago, IL 60606
4  Telephone: (650) 801-5000                        Telephone: (312) 705-7400
   Facsimile: (650) 801-5100                        Facsimile: (312) 705-7401
5

6  Stephen A. Broome (CA Bar No. 314605)            Josef Ansorge (admitted *pro hac vice*)
   stephenbroome@quinnemanuel.com                   josefansorge@quinnemanuel.com
7  Viola Trebicka (CA Bar No. 269526)               1300 I. Street, N.W., Suite 900
   violatrebicka@quinnemanuel.com                   Washington, D.C. 20005
8  865 S. Figueroa Street, 10th Floor               Telephone: 202-538-8000
   Los Angeles, CA 90017                            Facsimile: 202-538-8100
9  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
10

11 Jonathan Tse (CA Bar No. 305468)                 Jomaire A. Crawford (admitted *pro hac vice*)
   jonathantse@quinnemanuel.com                     jomairecrawford@quinnemanuel.com
12 50 California Street, 22nd Floor                  51 Madison Avenue, 22nd Floor
   San Francisco, CA 94111                           New York, NY 10010
13 Telephone: (415) 875-6600                         Telephone: (212) 849-7000
   Facsimile: (415) 875-6700                         Facsimile: (212) 849-7100
14

15 *Attorneys for Defendant Google LLC*

16                  UNITED STATES DISTRICT COURT

17       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19 CHASOM BROWN, WILLIAM BYATT,          Case No. 5:20-cv-03664-LHK-SVK
   JEREMY DAVIS, CHRISTOPHER
20 CASTILLO, and MONIQUE TRUJILLO,       **DEFENDANT    GOOGLE       LLC'S**
   individually and on behalf of all similarly  **ADMINISTRATIVE MOTION TO SEAL**
21 situated,                                     **THE COURTROOM FOR HEARING ON**
                                                 **JOINT SUBMISSION (DKT. 230)**
22      Plaintiffs,
                                         Referral:  Hon. Susan van Keulen, USMJ
23      v.                               Hearing Date:  August 12, 2021
                                         Hearing Time:  9:30 A.M.
24 GOOGLE LLC,

25      Defendant.

26

27

28

## I.   INTRODUCTION

Plaintiffs have confirmed that they will reference or discuss Google protected materials at the August 12, 2021 hearing related to the parties' Joint Submission In Response to Dkt. 191, 191-1 Re: Status of Discovery Disputes ("Joint Submission") (Dkt. 230). The parties submitted their Joint Submission (Dkt. 230) on August 2, 2021, which Google filed under seal and is still pending before the Court (Dkt. 228, 229). On July 30, 2021, the Court ordered the parties to "identify two disputes as 'priority,' which the Court will take up first." Dkt. 227. The parties complied: Plaintiffs identified Disputes P1 (custodial documents) and P14 (source code); and Google identified Disputes P10 (timeline for producing Google custodial documents) and P17 (timing and number of Google depositions) as their priority issues to be discussed at the August 12, 2021 hearing. Dkt. 230.

In accordance with Section 5.2(b) of the Protective Order (Dkt. 81), Plaintiffs informed Google that they intend to discuss at the August 12, 2021 hearing four of Google's documents that were designated Confidential, i.e., GOOG-BRWN-00027227,  GOOG-BRWN-00164056, GOOG-BROWN-00067720, and GOOG-BRWN-00183909. Plaintiffs have further advised they intend to discuss the information Google sought to seal at pages 7, 8, 11, 12, 24, 31, 59, and 60 of the Joint Submission (Dkt. 230). These discussions will contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly and may be discussed at the August 12, 2021 hearing, including (1) various data logs maintained by Google, (2) Google's internal communications and practices with regard to Incognito, X-Client-Data Header, and their corresponding proprietary functions, and (3) the various types of cookies, internal identifiers and projects Google uses internally.

Plaintiffs also informed Google that they may rely on additional documents cited in the parties' July 21, 2021 Joint Case Management Statement ("Joint Statement") (Dkt. 224) at the August 12, 2021 hearing but refused to identify the specific documents. Google previously filed the Joint Statement under seal (Dkt. 223), which the Court granted (Dkt. 226).

The Court previously sealed the April 29, 2021 hearing (Dkt. 143) and portions of the transcript (Dkt. 174) as well as the June 2, 2021 hearing (Dkt. 183) and portions of the transcript (Dkt. 197) in this case related to the same or substantively similar information pursuant to Google's

1  request. At the time of this filing, Google does not anticipate that protected information will be

2  discussed in the August 12, 2021 hearing in *Calhoun v. Google LLC*, No. 5:20-cv-5164 (N.D. Cal.)

3  and therefore will not move to seal the courtroom for that hearing.

4       In light of the highly confidential material to be discussed at the August 12, 2021 hearing,

5  Google asked Plaintiffs to stipulate to sealing the hearing pursuant to Civil Local Rules 7-11 and

6  79-5 and Federal Rule of Civil Procedure 26(c). Tse Decl., ¶ 3. Plaintiffs stated they do not oppose

7  Google's request. *Id.* Therefore, Google now moves the Court to seal the courtroom for the August

8  12, 2021 hearing on the Joint Submission (Dkt. 230).

9  **II.     LEGAL STANDARD**

10      The common law right of public access to judicial proceedings is not a constitutional right

11 and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Crowe v. Cty.*

12 *of San Diego*, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002) ("[T]here is no right of access which

13 attaches to all judicial proceedings." (internal citations omitted)). The right is weakest where, as

14 here, the proceedings concern a non-dispositive discovery motion; rather than satisfy the more

15 stringent "compelling reasons" standard, a party seeking to seal materials in these circumstances

16 must make only a "particularized showing" of "good cause." *Kamakana v. City & County of*

17 *Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Such sealing is appropriate when the information

18 at issue constitutes "competitively sensitive information," such as "confidential research,

19 development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*,

20 2014 WL 4965995, at \*4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d

21 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of

22 materials for many types of information, including, but not limited to, trade secrets or other

23 confidential research, development, or commercial information"); *Standard & Poor's Corp. Inc. v.*

24 *Commodity Exch., Inc.*, 541 F. Supp. 1273, 1275 (S.D.N.Y. 1982) ("[T]he overriding interest to be

25 found in business confidences . . . require[s] . . . temporary reasonably restricted access to the

26 Courtroom of members of the public.").

27

28

### III. THE HEARING SHOULD BE SEALED BECAUSE PARTIES' ARGUMENTS WILL NECESSARILY INVOLVE DISCLOSURE OF GOOGLE'S HIGHLY SENSITIVE MATERIAL

All facts militate in favor of sealing the August 12, 2021 hearing. The "good cause" standard that governs the sealing determination in non-dispositive motions is easily met. The parties' Joint Submission contains detailed discussions on Google's confidential information, including the highly sensitive features of Google's systems and operations. *See* Dkts. 224, 228, 229, 230. As explained in Google's pending Administrative Motion to Seal Joint Submission and Plaintiffs' Proposed Orders (Dkts. 228, 229), the information sought to be sealed for this hearing reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with its legal and privacy obligations. Dkt. 228 at 3; Dkt. 229 at 3. Such information is protectable and must be kept confidential in order to prevent harm to Google's competitive standing. Dkt. 228 at 3; Dkt. 229 at 3. Moreover, public disclosure of Google's confidential information may put Google at an increased risk of cybersecurity threats. *Id.* at 3.

First, out of the four priority issues, only Plaintiffs' two priority issues, i.e., Disputes P1 (custodial documents) and P14 (source code), contain information that Google filed under seal and is still pending before the Court (Dkt. 228, 229). Plaintiffs filed a Proposed Order in connection with Dispute P1 and P2 (custodial documents and searches), which Google filed under seal on the basis that the proposed redactions are narrowly tailored to protect highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including details related to cookies, internal identifiers and projects, and various data logs maintained by Google, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Dkts. 229, 229-4. Similarly, Dispute P14 (source code) includes information that Google filed under seal on the basis that the request is narrowly tailored to protect highly confidential and proprietary information regarding highly sensitive features of Google's internal identifiers and projects. Dkts. 228-4 at 24.

Second, Plaintiffs have further provided notice that they intend to discuss confidential information related to P2 (search terms), P4 (server logs), P12 (RFP Nos. 163 and 166), and P18 (hyperlinked documents) (*see* Dkt. 228-4 at 7, 8, 11, 12, 31, 59, 60), including GOOG-BRWN-

3

Case No. 5:20-cv-03664-LHK-SVK
GOOGLE'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM
FOR HEARING ON JOINT SUBMISSION (DKT. 230)

00027227 (discussed in P4), and GOOG-BRWN-00164056, GOOG-BROWN-00067720, and GOOG-BRWN-00183909 (discussed in P12), which Google has designated as Confidential and filed under seal. *See* Dkts. 228, 229.  To address the issues Plaintiffs raised with respect to these four disputes and the associated documents, Google will need to rely on confidential information regarding highly sensitive features of Google's operations. Specifically, this information provides details related to the various types of data logs maintained by Google, information contained in those logs, the logs' retention policies, various types of Google's internal identifiers, cookies, and projects, as well as Google's internal communications and practices with regard to Incognito, X-Client-Data Header, and their proprietary functions. Such information reveals Google's internal strategies, proprietary system designs, business practices, and system capacities for operating and maintaining many of its important services while complying with its legal and privacy obligations. This Court has previously granted Google's motion to seal the courtroom on this issue in this case, Dkts. 143, 183, and in *Calhoun*, Dkt. 124. Google must be able to freely refer to this information to fully explain to the Court how its internal logs, identifiers, cookies, and projects work as well as Incognito and X-Client-Data Header, in order to contradict Plaintiffs' unsupported positions— without fear of public disclosure of sensitive Google business information. It would be unfair and prejudicial to force Google's counsel to choose between providing facts to the Court by relying on this confidential information and retaining the confidentiality of these highly sensitive facts.

Third, Plaintiffs also informed Google that they may rely on additional documents cited in the parties' July 21, 2021 Joint Case Management Statement (Dkt. 224) at the August 12, 2021 hearing. Google filed the Joint Statement under seal (Dkt. 223) and the Court ordered portions of the Joint Statement sealed (Dkt. 226).[1] If the hearing is not sealed, Google would have to pick

---

[1]  The Court previously granted Google's Administrative Motion to Seal as to redacted portions of the July 21, 2021 Joint Statement at 4: 26-27; 5:3-10, 20-23; 7:17-28; 8:1-2; 9:26-28; 10:1-5, 10-11, 13-18; 11:5, 7-10, 13-15; 12:19-22, 13:13; 16:2-3, 5-11, 13-14 on the basis that the request was narrowly tailored to protect highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including details related to cookies, internal identifiers and various data logs maintained by Google, as well as Google's internal communications and practices with regard to Incognito, X-Client-Data Header and their proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Dkt. 226.

Case No. 5:20-cv-03664-LHK-SVK

1  between two evils: revealing its highly confidential information that may harm Google and put it at

2  a competitive disadvantage, or vigorously arguing—without supporting facts—that Plaintiffs'

3  blunderbuss discovery demands are burdensome and disproportional.

4      Given the importance and highly sensitive nature of the aforementioned information related

5  to the parties' discovery disputes, Google believes that sealing the courtroom is the correct and most

6  effective approach. Indeed, this Court has recently sealed the April 29, 2021 and June 2, 2021

7  hearing and transcript where the same or substantively similar information was discussed. The

8  virtual proceedings in this case permit the attendance of hundreds of interested members of the

9  public, including legal experts and journalists, and allowing confidential material to be discussed in

10 open court in these circumstances is tantamount to having it filed publicly on the docket. Google

11 proposes that the Court seal the August 12, 2021 hearing and that Google will file a motion to seal

12 the August 12, 2021 transcript 7 business days after the hearing to redact any confidential

13 information.

14     Google defers to the Court as to the best method for sealing the August 12, 2021 hearing in

15 light of the virtual proceedings but proposes that the Court may consider directing the parties to dial

16 into a private Zoom meeting, instead of a Zoom webinar.

17 **IV.    CONCLUSION**

18     For the foregoing reasons, Google respectfully requests that the Court seal the August 12,

19 2021 hearing on the parties' Joint Submission (Dkt. 230).

20

21 DATED:  August 11, 2021                 QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP
22

23                                         By   */s/ Andrew H. Schapiro*
                                                Andrew H. Schapiro (admitted *pro hac vice*)
24                                              andrewschapiro@quinnemanuel.com
                                                191 N. Wacker Drive, Suite 2700
25                                              Chicago, IL 60606
                                                Telephone: (312) 705-7400
26                                              Facsimile: (312) 705-7401

27                                              Stephen A. Broome (CA Bar No. 314605)
                                                stephenbroome@quinnemanuel.com
28

5

1
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com

2
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

3
Telephone: (213) 443-3000

4
Facsimile: (213) 443-3100

5
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com

6
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

7
Telephone: (650) 801-5000

8
Facsimile: (650) 801-5100

9
Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com

10
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005

11
Telephone: 202-538-8000
Facsimile: 202-538-8100

12

13
Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com

14
51 Madison Avenue, 22nd Floor
New York, NY 10010

15
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

16
Jonathan Tse (CA Bar No. 305468)

17
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor

18
San Francisco, CA 94111
Telephone: (415) 875-6600

19
Facsimile: (415) 875-6700

20
*Attorneys for Defendant Google LLC*

21

22

23

24

25

26

27

28

6
Case No. 5:20-cv-03664-LHK-SVK

GOOGLE'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM
FOR HEARING ON JOINT SUBMISSION (DKT. 230)