UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  5:20-cv-03664-LHK-SVK<br><br>**CROSS-USE AND DISCOVERY COORDINATION ORDER** |
| PATRICK CALHOUN, ELAINE CRESPO, HADIYAH JACKSON and CLAUDIA KINDLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  5:20-cv-05146-LHK-SVK<br><br>**CROSS-USE AND DISCOVERY COORDINATION ORDER** |

## ORDER REGARDING CROSS-USE OF CERTAIN DOCUMENTS AND PARTIAL COORDINATION OF DISCOVERY

Before the Court is a request by Google LLC in the *Brown* Matter (5:20-cv-03664-LHK-SVK) and the *Calhoun* Matter (5:20-cv-05146-LHK-SVK) for an Order directing the cross-use of certain documents and partial coordination of discovery among the two Matters for the purpose of minimizing the burden and expense of duplicative discovery (the "Request").

Having considered the Request, and good cause having been shown, the Court **ORDERS** as follows:

1. For the purpose of this Order:

    a. The "*Brown* Matter" refers to *Brown et al. v. Google, LLC* (No. 5:20-cv-03664-LHK-SVK).

    b. The "*Brown* Matter Protective Order" refers to the Stipulated Protective Order, as Modified by the Court, in the *Brown* Matter (Dkt. 81).

    c. The "*Calhoun* Matter" refers to *Calhoun et al. v. Google, LLC* (5:20-cv-05146-LHK-SVK).

    d. The "*Calhoun* Matter Protective Order" refers to the First Modified Stipulated Protective Order Governing Exchange of Confidential Discovery as Modified by the Court, in the Calhoun Matter (Dkt. 61).

    e. "Consent Forms" refers to the forms Plaintiffs have provided to Google to allow for the release of Plaintiffs' data or data associated with Plaintiffs in each Matter.

    f. "Contact Attorneys" refers to counsel designated by each party and identified on Schedule A.

    g. "Documents" shall include all documents or electronically stored information within the scope of Fed. R. Civ. P. 34(a)(1)(A).

    h. "Google" refers to Google LLC, the defendant in each of the Matters.

    i. "Joint Deposition" refers to a deposition of any deponent in his/her

individual capacity taken simultaneously by counsel for Plaintiffs in both Matters. It shall exclude depositions taken pursuant to Fed. R. Civil Proc. 30(b)(6).

j. The "Matters" refers to both the *Brown* Matter and the *Calhoun* Matter.

k. "Matter" refers to either the *Brown* Matter or the *Calhoun* Matter.

l. "Non-custodial Documents" refers to all documents, including Plaintiffs' data or data associated with Plaintiffs, that Google has collected in each case that were not collected from a specific custodian.

m. "Overlapping Custodians" refers to individuals who are document custodians in both Matters and whose documents are being collected during a substantially overlapping time period.

n. "Parties" refers collectively to Plaintiffs and Google.

o. "Protective Orders" refers collectively to the "*Brown* Matter Protective Order" and the "*Calhoun* Matter Protective Order," as each may be supplemented and amended from time to time.

p. "Inadvertently Disclosed Information" refers to inadvertently disclosed privileged or work product information.

**CROSS-USE OF DOCUMENTS AND RFPs**

2. Google shall produce across both Matters all documents of Overlapping Custodians that are produced in either action. Subject to Paragraph 4, Google shall produce all Non-custodial Documents across both Matters, to the extent the documents are relevant to both Matters. If Google withholds Documents from production in either Matter on the basis of relevance, Google shall provide notice to Plaintiffs and generally identify the withheld documents when a production is delivered.

3. For productions made after the date this Order is entered, Google shall simultaneously release to the vendor for production across both matters all documents of Overlapping Custodians, and Non-custodial Documents as described in Paragraph 3. For

productions made prior to the date this Order is entered, Google shall identify and release to the vendor for production to the other Matter all previously-produced documents of Overlapping Custodians, and Non-custodial Documents as described in Paragraph 3, within ten (10) business days of the entry of this Order.

4. With respect to Plaintiffs' data or data associated with Plaintiffs produced by Google in one matter, such data will only be produced in the other Matters if the corresponding Consent Form is first modified.

5. The parties shall assign a Bates stamp prefix not previously associated with either Matter on every document produced as part of the cross-use process.

6. Plaintiffs in both Matters that serve or have served a written discovery request or a response to a discovery request propounded under Rules 31, 33, 34, or 36 on Google in either of the Matters shall produce a copy of the request or the response to the Contact Attorneys in each Matter or Google; provided, however, that Plaintiffs' personal information shall be redacted when produced in the other Matter to which that Plaintiff is not a party.

7. Google shall serve any request or responses to written discovery requests propounded in either Matter, including requests or responses previously served, to the Contact Attorneys in each of the Matters, except insofar as such requests or responses relate solely to one or two of the Matters, in which case Google may redact those portions from the version produced in the other Matter. Plaintiffs shall have the right to challenge those redactions.  Plaintiffs' personal information shall be redacted when produced in the other Matter to which that Plaintiff is not a party

8. If a disclosing party identifies Inadvertently Disclosed Information for clawback in one Matter, the party will advise the other parties that Inadvertently Disclosed Information is subject to clawback in both Matters.

## DEPOSITION COORDINATION

9. Whenever the attorneys for Plaintiffs in one Matter serves a deposition notice for any Google witness, they shall simultaneously serve that deposition notice on the attorneys for

Plaintiffs in the other Matter.  To the extent that a deposition notice involves any Overlapping Custodians, Plaintiffs in the other Matter will either join the notice within ten (10) days of service of the notice or will be foreclosed from deposing that individual at a later time.

10. The parties in both Matters may attend depositions in either Matter, however a party that is neither taking nor defending the deposition shall be limited to one attorney representative.

11.  Plaintiffs in both Matters shall be permitted to attend the Joint Depositions in their entirety.  All such documents shall be treated as Protected Material subject to the protective order in each such Matter and to be used solely for purposes of prosecuting, defending, or attempting to settle the Matter. Absent agreement by the Parties, Joint Depositions shall preclude a second deposition in either matter.

12.  The seven-hour deposition time limit set by Federal Rule of Civil Procedure 30(d)(1) shall be extended to up to ten (10) hours of on-the-record time in total for any Joint Depositions.  At the sole option of the witness, the deposition may be taken over two consecutive days.

13.  Joint Depositions count toward the deposition limit set by this Court in both Matters.

**DISCOVERY COORDINATION AMONG PLAINTIFFS' COUNSEL**

15. Counsel for the plaintiffs in the Matters shall be allowed to review and discuss any documents produced in either Matter in connection with good faith consideration of or preparation for any joint deposition. Communications between and among plaintiffs' counsel in the Matters shall be deemed privileged joint Work Product and not discoverable.  The Protective Orders in each matter shall be modified to permit this coordination.

**SO ORDERED.**
DATED: August 12, 2021

_____
Honorable Susan van Keulen
United States Magistrate Judge