QUINN EMANUEL URQUHART & SULLIVAN, LLP

BOIES SCHILLER FLEXNER LLP
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
William Christopher Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel listed in signature blocks below*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant; additional counsel listed in signature blocks below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**JOINT SUBMISSION IN RESPONSE TO DKT. 183, 246 RE: SEALING PORTIONS OF JUNE 2, 2021 HEARING TRANSCRIPT**<br><br>Referral: Hon. Susan van Keulen, USMJ |

August 19, 2021

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

    Re:    Joint Submission in Response to Dkt. 183, 246 re: Sealing Portions of June 2, 2021 Hearing Transcript
*Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

    Pursuant to Your Honor's June 1, 2021 Order on Google's Administrative Motion to Seal Courtroom for June 2, 2021 Discovery Hearing (Dkt. 182, 183), and August 13, 2021 Order Extending Time for Submitting Proposed Redactions to Transcript of June 2, 2021 Hearing (Dkt. 246), Plaintiffs and Google LLC ("Google") jointly submit this statement regarding sealing portions of the June 2, 2021 hearing transcript.

Google respectfully seeks to seal the following portions of the June 2, 2021 Hearing Transcript ("Transcript"), which contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly, including: the various types of Google's internal policies, internal data structures, identifiers/cookies and their proprietary functions.  This Court has previously sealed the same or substantively similar information, including in Dkt. Nos. 143, 152, 160, 172, 174, 183, 190, 197, 226. This information is highly confidential and should be protected.

This Administrative Motion pertains to the following information contained in the Transcript:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| June 2, 2021 Hearing Transcript | Portions Highlighted in Yellow at 13:2, 13:8, 13:11, 32:18-20, 34:10, 34:23-25, 36:23-37:3, 37:8-11, 37:15-16, 37:19-20, 37:22-24, 38:3-5, 46:3-11, 46:14-15, 46:17-23, 46:25, 47:1, 70:20, 70:24, 71:2. | Google |

The parties conferred on the proposed redactions to the Transcript.  Plaintiffs believe there is no basis for any redactions, but they nonetheless do not oppose Google's motion to seal.

I.   **LEGAL STANDARD**

The common law right of public access to judicial records in a civil case is not a constitutional right and it is "not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have refused to permit their files to serve as reservoirs of . . . sources of business information that might harm a litigant's competitive standing").  The right to access is further diminished where, as here, a party seeks to prevent the disclosure of information discussed during a hearing on a non-dispositive discovery motion; rather than the more stringent "compelling reasons" standard, a party seeking to seal materials in these circumstances must make only a "particularized showing" of "good cause." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).  A "strong presumption of access" does *not* apply to sealed discovery documents attached to non-dispositive motions; a "party seeking disclosure must present sufficiently compelling reasons why the sealed

discovery document should be released." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

## II. THE ABOVE IDENTIFIED MATERIALS EASILY MEET THE "GOOD CAUSE" STANDARD AND SHOULD ALL BE SEALED

Although the materials that Google seeks to seal here easily meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard. Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99. Good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).

Here, the Transcript comprises confidential information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. Specifically, this information provides details related to the various types of Google's internal policies, internal data structures, internal identifiers/cookies and their proprietary functions. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with legal and privacy obligations.

Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, designs, and practices to Google's competitors.  That alone is a proper basis to seal such information.  *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publically available").

Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's internal data structures and  internal identifier systems.  Google would be placed at an increased risk of cyber security threats, and data related to browsing of users could similarly be at risk.  *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). The security threat is an additional reason for this Court to seal the identified information. The information Google seeks to redact, including internal policies, internal data structures,  internal identifiers/cookies and their functionalities, is the minimal amount of information needed to protect its internal systems  and operations from being exposed to not only its competitors but also to nefarious actors who may improperly seek access to and disrupt these systems and operations. The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

### III.  CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the identified portions of the Transcript.

Respectfully,

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BOIES SCHILLER FLEXNER LLP |
|---|---|
| /s/ Andrew H. Schapiro | /s/ Amanda Bonn |
| Andrew H. Schapiro (admitted *pro hac vice*) | Mark C. Mao (CA Bar No. 236165) |
| andrewschapiro@quinnemanuel.com | mmao@bsfllp.com |
| 191 N. Wacker Drive, Suite 2700 | Sean Phillips Rodriguez (CA Bar No. 262437) |
| Chicago, IL 60606 | srodriguez@bsfllp.com |
| Tel: (312) 705-7400 | Beko Reblitz-Richardson (CA Bar No. 238027) |
| Fax: (312) 705-7401 | brichardson@bsfllp.com |
| Stephen A. Broome (CA Bar No. 314605) | 44 Montgomery Street, 41st Floor |
| sb@quinnemanuel.com | San Francisco, CA 94104 |
| Viola Trebicka (CA Bar No. 269526) | Tel: (415) 293 6858 |
| violatrebicka@quinnemanuel.com | Fax: (415) 999 9695 |
| 865 S. Figueroa Street, 10th Floor | |
| Los Angeles, CA 90017 | James W. Lee (*pro hac vice*) |
| Tel: (213) 443-3000 | jlee@bsfllp.com |
| Fax: (213) 443-3100 | Rossana Baeza (*pro hac vice*) |
| | rbaeza@bsfllp.com |
| Diane M. Doolittle (CA Bar No. 142046) | 100 SE 2nd Street, Suite 2800 |
| dianedoolittle@quinnemanuel.com | Miami, FL 33130 |
| 555 Twin Dolphin Drive, 5th Floor | Tel: (305) 539-8400 |
| Redwood Shores, CA 94065 | Fax: (305) 539-1304 |
| Telephone: (650) 801-5000 | |
| Facsimile: (650) 801-5100 | William Christopher Carmody (*pro hac vice*) |
| Jomaire A. Crawford (admitted *pro hac vice*) | bcarmody@susmangodfrey.com |
| jomairecrawford@quinnemanuel.com | Shawn J. Rabin (*pro hac vice*) |
| 51 Madison Avenue, 22nd Floor | srabin@susmangodfrey.com |
| New York, NY 10010 | Steven Shepard (*pro hac vice*) |
| Telephone: (212) 849-7000 | sshepard@susmangodfrey.com |
| Facsimile: (212) 849-7100 | Alexander P. Frawley (*pro hac vice*) |
| | afrawley@susmangodfrey.com |
| Josef Ansorge (admitted *pro hac vice*) | SUSMAN GODFREY L.L.P. |
| josefansorge@quinnemanuel.com | 1301 Avenue of the Americas, 32nd Floor |
| Carl Spilly (admitted *pro hac vice*) | New York, NY 10019 |
| carlspilly@quinnemanuel.com | Tel: (212) 336-8330 |
| 1300 I Street NW, Suite 900 | |
| Washington D.C., 20005 | Amanda Bonn (CA Bar No. 270891) |
| Tel: (202) 538-8000 | abonn@susmangodfrey.com |
| Fax: (202) 538-8100 | SUSMAN GODFREY L.L.P. |
| | 1900 Avenue of the Stars, Suite 1400 |
| Jonathan Tse (CA Bar No. 305468) | Los Angeles, CA 90067 |
| jonathantse@quinnemanuel.com | Tel: (310) 789-3100 |
| 50 California Street, 22nd Floor | |
| San Francisco, CA 94111 | John A. Yanchunis (*pro hac vice*) |
| Tel: (415) 875-6600 | jyanchunis@forthepeople.com |
| Fax: (415) 875-6700 | Ryan J. McGee (*pro hac vice*) |

| | | |
|---|---|---|
| 1 | *Attorneys for Defendant Google LLC* | rmcgee@forthepeople.com |
| 2 | | MORGAN & MORGAN, P.A. |
| | | 201 N Franklin Street, 7th Floor |
| 3 | | Tampa, FL 33602 |
| | | Tel: (813) 223-5505 |
| 4 | | Fax: (813) 222-4736 |
| 5 | | Michael F. Ram (CA Bar No. 104805) |
| | | mram@forthepeople.com |
| 6 | | MORGAN & MORGAN, P.A. |
| | | 711 Van Ness Avenue, Suite 500 |
| 7 | | San Francisco, CA 94102 |
| | | Tel: (415) 358-6913 |
| 8 | | *Attorneys for Plaintiffs* |

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Submission. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: August 19, 2021          By      /s/ Andrew H. Schapiro
                                        Andrew H. Schapiro
                                        *Counsel on behalf of Google LLC*