BOIES SCHILLER FLEXNER LLP
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
William Christopher Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel listed in signature blocks below*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant; additional counsel listed in signature blocks below*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>GOOGLE LLC,<br><br>  Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**JOINT SUBMISSION IN RESPONSE TO DKT. 242, 242-1 RE: CUSTODIANS AND SEARCH TERMS**<br><br>Referral: Hon. Susan van Keulen, USMJ<br><br>APPROVED<br>Susan van Keulen<br>Judge Susan van Keulen |

August 24, 2021

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

      Re:    Joint Submission in Response to Dkt. 242, 242-1 re: Custodians and Search Terms
*Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

      Pursuant to Your Honor's August 12, 2021 Discovery Orders (Dkts. 242, 242-1), Plaintiffs and Google LLC ("Google") jointly submit this statement containing a table identifying the sole disputed custodian (Chart A).

      The parties were able to reach agreement on search terms for the following recently-added custodians: Alex Ainslie, Florian Uunk, Hyewon Jun, Othar Hansson, Ramin Halavati, Srilakshmi (Sree) Pothana, Steve Hamilton, Sammit Adhya, Brad Townsend, Chetna Bindra, Deepak Ravichandran, Michael Kleber, Benj Azose, Burton Rast, and Chris Palmer.

      Despite best efforts, Google anticipates that its collection of ESI for five other newly-accepted custodians (i.e., Lorraine Twohill, Arne de Booij, Allan Zhang, Martin Shelton, Rory McClelland) and the one disputed custodian (i.e., David Monsees) will not be available for testing until Friday, August 27, 2021, and thus the parties propose filing a supplemental statement on Monday, August 30, 2021 if a similar resolution is not reached by that time.

| Chart A: Disputes re Google Custodians (Dispute P1) |||
|---|---|---|
| **Custodian** | **Plaintiffs' Position** | **Google's Position** |
| David Monsees | The parties have only one custodian in dispute, and Plaintiffs now respectfully request that the Court order Google to include David Monsees as a custodian. Including Mr. Monsees will result in a total of 42 Google custodians, as permitted by the Court.<br><br>Already a custodian in *Calhoun*, Mr. Monsees' role and the documents produced by Google from the files of other Google employees establish that Mr. Monsees should also be a custodian in this case. In his LinkedIn profile, Mr. Monsees states that his work at Google is "focused on privacy controls." That has included work focused on the privacy controls, data collection, data logging, and data usage at issue not only in *Calhoun* but also in this case.<br><br>As the Court will recall, Google designated Mr. Monsees as Google's 30(b)(6) representative in *Calhoun* on certain Google data logging practices. Not only did Google identify Mr. Monsees as its corporate representative, with many key documents tied to him regarding Google's data logging practices, but he has also been involved with various aspects of Incognito.<br><br>Plaintiffs expect that Mr. Monsees has highly relevant and unique documents concerning the issues in this case, including the overlap between Google's logging practices | To streamline the issues in dispute and mindful of the parties' October 6, 2021 deadline, Google accepted all but one of the 13 new custodians that Plaintiffs proposed; however, their request for Mr. Monsees reflects an overreach for custodial documents of an employee who is not relevant to this case and the relevant documents he would have, if any, would be duplicative of the existing custodians.<br><br>Plaintiffs do not dispute that Mr. Monsees is the Product Manager for Footprints—not an expert on logs or Google's purported "logging practices." *See, e.g.*, *Calhoun* Monsees 4/9/21 Dep. Tr. at 25:19-26:6. In this role, Mr. Monsees is responsible for My Activity in Google Accounts. As such, Mr. Monsees has responsibilities over privacy controls for signed-in users because he has responsibilities over logged-in user-initiated deletion requests (*i.e.*, authenticated data). That area of responsibility, however, excludes the putative class members in this case and Incognito mode generally.[1] *See, e.g., id.* at 71:4-12. Plaintiffs cite to Mr. Monsees' LinkedIn profile but omit that his "privacy"-related work was in connection with GDPR, and they fail to point to any specific responsibilities that are relevant to their allegations. |

---

[1] Indeed, the Court has already stated that discovery "will continue to tie back to the proper *definitions of the class*." June 2, 2021 Hrg. Tr. at 35:15–16 (emphasis added). In any event, the Court has referred the logged-in vs. logged-out distinction to the Special Master, and as such, Plaintiffs' position that Mr. Monsees is relevant to these issues is at best premature until the Special Master rules on the parties' briefing. This Court is not required to accept Plaintiffs' relevance arguments ipse dixit where this threshold issue is a point of contention.

| | Chart A: Disputes re Google Custodians (Dispute P1) | |
|---|---|---|
| **Custodian** | **Plaintiffs' Position** | **Google's Position** |
| | and Google's related privacy efforts, including with Incognito mode. For example, during his 30(b)(6) deposition, Mr. Monsees testified about certain Google ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See, e.g.*, Monsees Tr. at 598:13–598:14, 607:17–607:25.<br><br>Google's "logged-in" characterization provides no basis to withhold these documents. As the Court knows, there is an ongoing dispute in this case regarding this "logged-in" distinction, drawn by Google. Regardless, this case concerns Google's collection while people are not logged in on the device *browser*, where there are clearly occasions where those class members log into accounts on *websites* while logged out on the browser, and where Google maps logged-out and logged-in data. Mr. Monsees is uniquely situated to provide documents and information regarding Google's logging practices and use of private browsing information collected from class members.<br><br>In addition, Mr. Monsees' name appears in many emails concerning meetings and discussions *about* Incognito mode. *See, e.g.*, GOOG-BRWN-00176982. For example, when a Google employee sent an email ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (a key issue in this case), ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ GOOG-BRWN-00189931. Google employees also ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | Lacking a direct nexus to the core allegations of this case, Plaintiffs maintain that they are entitled to Mr. Monsees' ESI because (i) he is "[a]lready" a custodian in *Calhoun*, and they have already coordinated with Calhoun on an anticipated "joint deposition" of Mr. Monsees; (ii) he was Google's Rule 30(b)(6) designee in *Calhoun* on logs-related issue;, and (iii) certain documents identify him as an "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" or reference Incognito mode but in products that are squarely outside the scope of this case (*e.g.*, Google Search). Each argument rests on conjectures and mischaracterizations, and is insufficient to support their request to compel his ESI.<br><br>*First*, Mr. Monsees is a custodian in *Calhoun* precisely because of his responsibilities related to logged-in users. There can be no dispute that *Brown*'s class definition excludes logged-in users. *See* SAC ¶ 192 (defining the putative class to exclude users who "*were not logged into their Google account* on that device's browser") (emphasis added). Google is learning for the first time through this submission that the *Brown* and *Calhoun* Plaintiffs intend to "jointly" depose Mr. Monsees. Google has not been served with a notice for any such deposition. In any event, although the request merits objection in both actions, the two cases are not similarly situated in this regard. That there is a cross-use agreement does not give Plaintiffs *carte blanche* to piggyback on any requested deposition of (and receive custodial documents from) any custodian, no matter how irrelevant in this case. If that were the case, we would end up with complete overlap in custodians and |

| Chart A: Disputes re Google Custodians (Dispute P1) |||
|---|---|---|
| **Custodian** | **Plaintiffs' Position** | **Google's Position** |
| | ███████████████████████████████ ████████████████████ GOOG-BRWN-00246045. Mr. Monsees was also included in an email regarding an "████████ ████████ ████████." GOOG-BRWN-00177764. Mr. Monsees also appears in a document called "██████████████████████████████ ██████████████████████████████ ██████████████████████████████ ██████████████████████" GOOG-BRWN-00432333. Additionally, Mr. Monsees was identified as the product manager "█████████████████████████ █████████████████████████████" GOOG-BRWN-00165700.<br><br>Given that Mr. Monsees is already a custodian in *Calhoun*, Plaintiffs also seek production of his documents in part so they can prepare for any joint deposition with the *Calhoun* action. By refusing to add Mr. Monsees as a custodian in this case, Google seeks to undermine the cross-use order entered by the Court. The Court ordered production of custodial documents for all joint custodians. Without Mr. Monsees as a custodian in this case, Google seeks not only to withhold documents that are clearly relevant in this case (such as those dealing with Incognito mode) but also all of the documents produced from Mr. Monsees' files in *Calhoun*.<br><br>Plaintiffs reasonably requested that Google include Mr. Monsees as one of the 42 custodians, and Plaintiffs now respectfully request that the Court order Google to produce | depositions between these two cases, which makes little sense and is surely not Plaintiffs' intention.<br><br>*Second*, Mr. Monsees testified in *Calhoun* (for close to 14 hours) on logs in a corporate capacity—not in his personal capacity. Plaintiffs have the full transcripts with exhibits from both of his depositions (conducted on April 9 and June 11). Producing him as a corporate representative on log-related issues in Calhoun does not entitle the *Brown* Plaintiffs to his custodial ESI for a role that has no direct bearing on their claims. Nor does it permit Plaintiffs to speculate that he has ESI concerning "the overlap between Google's logging practices and Google's Incognito mode related privacy efforts." In fact, the transcript excerpts Plaintiffs cite refer to testimony on a document that relates to the responsibilities of another custodian (Chris Liao) and cannot serve as a basis to argue Mr. Monsees must be added as a custodian.<br><br>*Third*, the six cited documents are not specific to Chrome's Incognito function, do not address any purported "logging practices," and therefore do not compel a different outcome. Indeed, GOOG-BRWN-00246045 refers to 11 Google employees as "████████████████," including two current custodians: AbdelKarim Mardini (Chrome and Incognito) and Sabine Borsay (Chrome and Incognito). Moreover, the "Sin Rastro" project referred to in this document relates to █████████████████████ ██████████████████████████████ ██████, and GOOG-BRWN-00432333 discusses Incognito as a brand and not specifically related to Chrome. These |

| Chart A: Disputes re Google Custodians (Dispute P1) |||
|---|---|---|
| **Custodian** | **Plaintiffs' Position** | **Google's Position** |
| | his ESI in this action in addition to the *Calhoun* action. Should the Court rule otherwise, Plaintiffs request to propose an alternative custodian. | documents are not specific to the Chrome Incognito function at issue here. Mr. Monsees did not have a formal role on the Chrome browser's Incognito mode; receiving an invitation to attend a meeting to discuss Incognito for an out-of-scope Google product hardly warrants his addition as a custodian.<br><br>Plaintiffs' so-called "expectations" of what lies in Mr. Monsees' ESI does not meet their burden of demonstrating that he would have unique documents relevant to this case. For its part, Google has identified appropriate custodians on Sin Rastro, privacy, and Incognito for Chrome—a point confirmed by virtually every document Plaintiffs marshaled in recent months to establish good cause. Those documents either refers to or includes at least one *Brown* custodian, including Greg Fair (PDPO), Florian Uunk (Chrome), AbdelKarim Mardini (Chrome), Sabine Borsay (Chrome), Rahul Roy-Chowdhury (Chrome), Alex Ainslie (Chrome), Justin Schuh (Chrome), and Sam Heft-Luthy (PDPO).  *See, e.g.*, GOOG-BRWN-00177764, GOOG-BRWN-00176982, GOOG-BRWN-00189933, GOOG-BRWN-00246045, GOOG-BRWN-00165700; GOOG-BRWN-00432333.  Plaintiffs have not shown any likelihood that Mr. Monsees possesses relevant and responsive ESI not already captured by these individuals. For these reasons, Plaintiffs' request to compel Mr. Monsees as a custodian in this action should be denied. |

|   |   |
|---|---|
| | Respectfully, |

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BOIES SCHILLER FLEXNER LLP |
| | |
| /s/ Andrew H. Schapiro | /s/ Mark C. Mao |
| Andrew H. Schapiro (admitted *pro hac vice*) | Mark C. Mao (CA Bar No. 236165) |
| andrewschapiro@quinnemanuel.com | mmao@bsfllp.com |
| 191 N. Wacker Drive, Suite 2700 | Sean Phillips Rodriguez (CA Bar No. 262437) |
| Chicago, IL 60606 | |
| Tel: (312) 705-7400 | srodriguez@bsfllp.com |
| Fax: (312) 705-7401 | Beko Reblitz-Richardson (CA Bar No. 238027) |
| | brichardson@bsfllp.com |
| Stephen A. Broome (CA Bar No. 314605) | 44 Montgomery Street, 41st Floor |
| sb@quinnemanuel.com | San Francisco, CA 94104 |
| Viola Trebicka (CA Bar No. 269526) | Tel: (415) 293 6858 |
| violatrebicka@quinnemanuel.com | Fax: (415) 999 9695 |
| 865 S. Figueroa Street, 10th Floor | |
| Los Angeles, CA 90017 | James W. Lee (*pro hac vice*) |
| Tel: (213) 443-3000 | jlee@bsfllp.com |
| Fax: (213) 443-3100 | Rossana Baeza (*pro hac vice*) |
| | rbaeza@bsfllp.com |
| Diane M. Doolittle (CA Bar No. 142046) | 100 SE 2nd Street, Suite 2800 |
| dianedoolittle@quinnemanuel.com | Miami, FL 33130 |
| 555 Twin Dolphin Drive, 5th Floor | Tel: (305) 539-8400 |
| Redwood Shores, CA 94065 | Fax: (305) 539-1304 |
| Telephone: (650) 801-5000 | |
| Facsimile: (650) 801-5100 | William Christopher Carmody (*pro hac vice*) |
| | bcarmody@susmangodfrey.com |
| Jomaire A. Crawford (admitted *pro hac vice*) | Shawn J. Rabin (*pro hac vice*) |
| jomairecrawford@quinnemanuel.com | srabin@susmangodfrey.com |
| 51 Madison Avenue, 22nd Floor | Steven Shepard (*pro hac vice*) |
| New York, NY 10010 | sshepard@susmangodfrey.com |
| Telephone: (212) 849-7000 | Alexander P. Frawley (*pro hac vice*) |
| Facsimile: (212) 849-7100 | afrawley@susmangodfrey.com |
| | SUSMAN GODFREY L.L.P. |
| Josef Ansorge (admitted *pro hac vice*) | 1301 Avenue of the Americas, 32nd Floor |
| josefansorge@quinnemanuel.com | New York, NY 10019 |
| 1300 I Street NW, Suite 900 | Tel: (212) 336-8330 |
| Washington D.C., 20005 | |
| Tel: (202) 538-8000 | Amanda Bonn (CA Bar No. 270891) |
| Fax: (202) 538-8100 | abonn@susmangodfrey.com |
| | SUSMAN GODFREY L.L.P. |
| Jonathan Tse (CA Bar No. 305468) | 1900 Avenue of the Stars, Suite 1400 |
| jonathantse@quinnemanuel.com | Los Angeles, CA 90067 |
| 50 California Street, 22nd Floor | Tel: (310) 789-3100 |
| San Francisco, CA 94111 | |
| Tel: (415) 875-6600 | John A. Yanchunis (*pro hac vice*) |
| Fax: (415) 875-6700 | jyanchunis@forthepeople.com |
| | Ryan J. McGee (*pro hac vice*) |
| *Attorneys for Defendant Google LLC* | rmcgee@forthepeople.com |
| | MORGAN & MORGAN, P.A. |
| | 201 N Franklin Street, 7th Floor |

|   |   |
|---|---|
| 1 | Tampa, FL 33602 |
| 2 | Tel: (813) 223-5505<br>Fax: (813) 222-4736 |
| 3 | Michael F. Ram (CA Bar No. 104805) |
| 4 | mram@forthepeople.com<br>MORGAN & MORGAN, P.A. |
| 5 | 711 Van Ness Avenue, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913 |
| 6 |   |
| 7 | *Attorneys for Plaintiffs* |

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Discovery Statement. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: August 24, 2021

By  */s/ Andrew H. Schapiro*
Andrew H. Schapiro
*Counsel on behalf of Google LLC*