QUINN EMANUEL URQUHART & SULLIVAN, LLP
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant; additional counsel listed in signature blocks below*

BOIES SCHILLER FLEXNER LLP
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel listed in signature blocks below*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK<br><br>**JOINT CASE SUBMISSION RE CLAWBACK DISPUTE**<br><br>Referral: Hon. Susan van Keulen, USMJ |

October 8, 2021

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

      Re:    Joint Submission in Response to Dkt. 288 re: Clawback Dispute
                *Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

      Pursuant to Your Honor's October 1, 2021 Discovery Order (Dkt. 288), Plaintiffs and Google LLC ("Google") submit this joint statement regarding their dispute about Google's decision to claw back and redact the document labeled GOOG-BRWN-00048967.C. The unredacted document is submitted with this joint statement for your *in camera* review. Google has boxed in red the portions that Google redacted. Plaintiffs complied with Google's clawback request, so Plaintiffs briefed this submission without an unredacted copy of the document.

**Plaintiffs' Statement**

Google has improperly clawed back and redacted a talking points document prepared for CEO Sundar Pichai containing factual admissions about Incognito mode's shortcomings. The document was prepared for Mr. Pichai in preparation for Google's May 2019 I/O (Input/Output) Conference, where he announced Google's plan to expand Incognito mode to Google Maps. *See* GOOG-BRWN-00048967.C at -67. The document warns Mr. Pichai:

- "not use the words *private, confidential, anonymous, off-the-record* when describing benefits of Incognito mode" because "[t]hese words run the risk of exacerbating known protections Incognito mode provides (see misconceptions here)." *Id.* at -68 (emphasis in original) (underline signifies hyperlink).

- "When talking about how Incognito mode works, we have to qualify statements about data treatment. IE we can't say the data 'is deleted', 'not saved' 'removed from history' 'history free' in absolute terms. This is b/c Google sometimes does still store the data . . . ." *Id.*

Google has redacted comments to the document in which employees discuss Google's collection, storage, and use of private browsing data, including whether: Incognito data "won't be tied to you" (*id.* at -70), Incognito is a "private mode" (*id.* at -72) or provides "some basic privacy" (*id.* at -76), "data is tied to you personally" (*id.* at -86), "your activity is deleted" (*id.* at -90), and Incognito is "off-the-record" (*id.* at -91). As the Court can appreciate from discovery so far, these statements implicate highly technical facts and data, and employees' communications regarding the factual accuracy of these statements are relevant. Google acknowledges below that the redactions include not only comments from in-house lawyers but also comments from non-lawyers.

Google's privilege assertions are baseless, notwithstanding that the redactions include comments by in-house Google lawyers Leslie Liu and Jessica Gan Lee. "An in-house counsel's advice regarding business matters is not protected by attorney client privilege." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 873 (N.D. Cal. 2019). Ms. Liu's and Ms. Gan Lee's "role as in-house counsel warrants heightened scrutiny" because "[i]n-house counsel may act as integral players in a company's business decisions or activities, as well as its legal matters." *Oracle Am., Inc. v. Google, Inc.*, 2011 WL 3794892, at *4 (N.D. Cal. Aug. 26, 2011). "When a communication may relate to both legal and business advice, the proponent of the privilege must make a 'clear showing' that the 'primary purpose' of the communication was securing legal advice." *Dolby*, 402 F. Supp. 3d at 873 (citation omitted).

Google cannot meet its burden. Both Ms. Liu and Ms. Gan Lee serve in a business capacity for Google, as shown through other documents. *See, e.g.*, GOOG-BRWN-00441018 (Ms. Gan Lee received and forwarded email regarding "consent prompt" in connection with "'signed-out users' first visit to a Google property"). Ms. Liu was even copied on other (unredacted) communications relating to the I/O conference for which the document at issue was prepared. *See, e.g.*, GOOG-BRWN-00220965 at -65 (email regarding "[c]hanges to Sundar's I/O privacy demo).

Ms. Liu and Ms. Gan Lee were likely commenting on the document in their business capacities, not a legal one. Other documents show that the purpose of this document was to provide

*factual* information for Mr. Pichai. For example, an April 2019 email linked to the document at issue here and noted that this "doc is owned by the brand studio and Sundar's speech writing team." GOOG-BRWN-00388293 at -93. The email "emphasized the need to double check with Chrome PM/Eng [i.e., Chrome Product Manager / Engineering] the accuracy of the information mentioned" in the document. *Id.* The email also explained that "comms around I/O are very closely guarded and it's challenging to get a full picture for what will be said exactly." *Id.* Whatever Mr. Pichai's team was doing to "guard" the document then, Google may not now withhold statements regarding the "accuracy of the information" by mislabeling them as privileged.

Ms. Liu's and Ms. Gan Lee's knowledge of key facts regarding Incognito is not privileged. *See Jo Ann Howard & Assocs., P.C. v. Cassity*, 2014 WL 6845854, at *1 (E.D. Mo. Dec. 3, 2014) (document "[n]ot privileged because the communication concerned only underlying facts"); *QinetiQ Ltd. v. Samsung Telecomms. Am. L.P.*, 2004 WL 7330941, at *6 (E.D. Tex. Aug. 12, 2004) ("the remaining two sentences of paragraph 23 are not privileged because they do not reflect communications with patent attorneys/agents, but rather merely reflect in-house counsel's awareness of particular facts").

Other comments in the document reinforce its fact-focused purpose. *See* GOOG-BRWN-00048967 at -83 (correcting one of the talking points by explaining that "Functionally this might not be entirely true"). Google cannot withhold similar factual corrections about issues such as whether Incognito data "won't be tied to you" (*id.* at -70).

At a minimum, Google has no basis to redact the comments from non-lawyers. This would not be the first time that Google employees include in-house lawyers on communications and mislabel the communications as privileged. *See, e.g.*, *In re Google Inc.*, 462 F. App'x 975 (Fed. Cir. 2012). Similarly, Google (appropriately) in this case produced an unredacted email forwarded by Ms. Gan Lee that was labeled by the non-attorney drafter as "Attorney Client Privileged – Seeking Advice of Counsel." GOOG-BRWN-00441018.

Google's privilege assertion here is also belated. Plaintiffs quoted from this document three times over the course of three weeks before Google finally clawed it back, including within two *joint* court filings (*see* Dkts. 224 at 8, 230 at 31). Google thus waived any privilege by failing to "promptly t[ake] reasonable steps to rectify the [purported] error." Fed. R. Evid. 502; *see AdTrader, Inc. v. Google LLC*, 405 F. Supp. 3d 862, 864 (N.D. Cal. 2019) (holding that Google waived privilege by failing to take action after plaintiff quoted from the document in various court filings because the filings "should have put Google on notice to at least inquire promptly about whether such a reference, in fact, reflected advice of counsel"); *Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*, 2010 WL 275083, at *6 (S.D. Cal. Jan. 13, 2010) ("Dorsey used the 2003 Memo in both of its summary judgment motions without objection on the basis of privilege. This also waived the privilege."). In any event, the delay undermines Google's privilege assertion.

Finally, as noted below by Google, Plaintiffs' first draft of this submission inadvertently cited a different document that Google clawed back. When notified, Plaintiffs immediately revised their draft and followed-up with their vendor. The vendor confirmed that (i) Plaintiffs had asked the vendor to sequester the document and (ii) the vendor inadvertently failed to do so. Plaintiffs have audited all clawback requests and can confirm that this was the sole document for which this error occurred. Plaintiffs will comply with their obligations and the Court's instructions.

**Google's Statement**

As soon as Google became aware that GOOG-BRWN-00048967.C contained privileged material, Google clawed the document back, applied narrow redactions, and promptly produced a redacted version. By contrast, Google remains concerned that Plaintiffs may not be following their obligations under FRCP 26(b)(5)(B) or heeding this Court's orders. Plaintiffs' first draft of this letter brief provided to Google on October 5, 2021 contained citations to a **different** privileged Google document (GOOG-BRWN-00433327), that Google had also clawed back on September 10, 2021.

The material Google redacted in GOOG-BRWN-00048967.C is textbook privileged information relating to legal advice by two Google in-house counsel, Leslie Liu and Jessica Lee. Their job responsibilities are firmly legal in nature. Liu Decl. ¶¶ 1-2; Lee Decl. ¶¶ 1-2. That is not surprising; Google is a large company and employees' roles are very specialized. Mmes. Liu and Lee did ***not*** provide business advice in the redacted comments; that is the province of other individuals within Google (including the "Chrome PM[s]" and "Eng[ineers]" that Plaintiffs acknowledge *supra* at 3). As explained in the Declarations, the roles of these attorneys involve reviewing documents from a legal perspective, including to vet Google's public disclosures within the context of its existing disclosures and statements, to mitigate the risk of private litigation, and to ensure compliance with the myriad privacy regulations to which Google is subject. *See* Liu Decl. ¶ 3; Lee Decl. ¶ 3. In particular, Google is subject to a 2011 FTC Consent Order and numerous foreign regulations, with which Google's public disclosures related to privacy and confidentiality of user data must comply. Mmes. Liu and Lee regularly review disclosures to ensure compliance with the Consent Order and other regulations. Liu Decl. ¶¶ 2-3; Lee Decl. ¶¶ 2-3. They also have responsibility for mitigating the risk of liability from private litigants with respect to public communications that it makes regarding privacy. Liu Decl. ¶¶ 2-3; Lee Decl. ¶¶ 2-3.

As Mmes. Liu and Lee explain in their declarations, the redacted portions of GOOG-BRWN-00048967.C—a small fraction of the document, identified by red boxes in the *in camera* copy—reflect exchanges with these in-house attorneys analyzing the proposed public statements regarding Incognito mode and discussing how to most accurately and appropriately phrase the statements to (1) ensure compliance with Google's legal obligations under the 2011 FTC Consent Order; (2) mitigate the risk of litigation by private litigants; and (3) ensure that Google complies with foreign regulations and/or that its statements align with foreign regulations governing the use and treatment of user data, and the types of data that are protected/covered by those regulations. *See* Liu Decl. ¶¶ 4-14; Lee Decl. ¶¶ 4-11.[1]

Plaintiffs' assertion that "fact-focused" discussions are categorically outside of the scope of the attorney-client privilege misapprehends the law and the nature of the advice sought from Mmes. Liu and Lee. "The attorney-client privilege protects communications between attorneys and their clients even when the facts being conveyed may themselves be unprivileged." *In re Lidoderm Antitrust Litig.*, 2015 WL 7566741, at *4 (N.D. Cal. Nov. 25, 2015) (*citing*, *inter alia*, *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981) ("A fact is one thing and a communication concerning that fact is an entirely different thing.")). It is well-established that when an attorney reviews a document that contains facts, and the attorney provides legal advice related to those facts, those communications are privileged, including where the contents of the document will ultimately be made public, such as in public disclosures. For example, "[w]hen a client sends a draft disclosure document to an attorney for comment or input, the attorney-client privilege attaches to the draft and

---

[1] Plaintiffs cite *In re Google Inc.*, 462 F. App'x 975 (Fed. Cir. 2012) an inapposite case Plaintiffs cite solely for the proposition that "[t]his would not be the first time that Google employees include in-house lawyers on communications and mislabel the communications as privileged." But Google is not redacting information merely because an attorney was included on a communication.

remains intact even after the final document is disclosed." *In re Banc of California Sec. Litig.*, 2018 WL 6167907, at *2 (C.D. Cal. Nov. 26, 2018); *see also In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 665 (D. Or. 2019) (holding that "draft narratives . . . to respond to regulatory inquiry requests, draft notices to customers generated by in-house counsel" and "draft news articles," are privileged if they contain edits or redlines from counsel). Even "[t]echnical information 'primarily concerned with giving legal guidance' remains privileged." *AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614, at *4 (N.D. Cal. Apr. 18, 2003). Of course, "[t]he privilege extends to versions of electronic communications and preliminary drafts of communicated documents." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1950381, at *2 (N.D. Cal. May 1, 2019).[2]

Likewise, the comments from non-attorneys that Plaintiffs challenge are privileged because they (i) are directed to Mmes. Liu and Lee in order to seek their legal advice and approval; or (ii) show non-attorneys discussing legal advice previously provided by counsel. Liu Decl. ¶¶ 5-9, 11-12; Lee Decl. ¶¶ 5-6, 9-10. *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002) (attorney-client privilege applies to "communication[s] between nonlegal employees in which the employees discuss or transmit legal advice given by counsel . . . [because] [s]uch communications obviously reveal privileged communications").

That Google did not redact or withhold two *other* documents involving these two attorneys (GOOG-BRWN-00220965 and GOOG-BRWN-00441018) only confirms that Google's privilege calls are narrow and proper. It does not undermine Google's position here because those documents did not reflect the attorneys' analysis and legal opinion, in contrast to GOOG-BRWN-00048967.C. Further, that the same I/O conference was also discussed among non-lawyers in a non-privileged document (GOOG-BRWN-00388293) does not mean that the privilege redactions here are improper.

Finally, Plaintiffs' claim that any privilege as to GOOG-BRWN-00048967.C has been waived is baseless. None of the privileged text that Google has now redacted was quoted in the Joint Case Management Statement (the "Statement") or in the letter Plaintiffs reference. Dkts. 224 at 8, 230 at 31. Nonetheless, Google subsequently examined the contents of GOOG-BRWN-00048967.C and issued a clawback notification upon completing this examination mere weeks after the Statement was filed. This stands in sharp contrast to the cases that Plaintiffs cite. *See AdTrader, Inc. v. Google LLC*, 405 F. Supp. 3d 862, 864 (N.D. Cal. 2019) ("Google took no action with respect to the [document at issue] at that time or during the following five months" following Plaintiffs' citation of the document in court filings); *Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*, 2010 WL 275083, at *1 (S.D. Cal. Jan. 13, 2010) (Plaintiff failed to object to the use of privileged document during multiple depositions conducted over the course of several months).

Plaintiffs have made a habit of citing dozens of documents in Joint Case Management statements filed with the Court. As the Court has noted, "litigat[ing] the merits of discovery disputes" in Joint Case Management statements is improper. Dkt. 277 at 1. The Court should not incentivize Plaintiffs to continue their wanton conduct by allowing them to claim waiver of the attorney-client privilege when—against their ethical obligations—they cite to privileged documents

---

[2] The two unreported district court cases from other circuits Plaintiffs' cite are readily distinguishable. *Jo Ann Howard & Assocs., P.C. v. Cassity*, 2014 WL 6845854, at *1 (E.D. Mo. Dec. 3, 2014) (communications were "not privileged because the[y]concerned only underlying facts, *and the communication was not shared in order to solicit legal advice*.") (emphasis added); *QinetiQ Ltd. v. Samsung Telecommunications Am. L.P.*, 2004 WL 7330941, at *6 (E.D. Tex. Aug. 12, 2004) (challenged material not privileged "because the purpose of the communication was not for the giving or obtaining of legal advice.").

in Joint Case Management statements (without ever notifying Google of the inadvertent production of privileged communications in the first instance).

DATED: October 8, 2021          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Andrew Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemauel.com
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com

51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant*
Google LLC

| | | |
|---|---|---|
| DATED: October 8, 2021 | | SUSMAN GODFREY L.L.P. |
| | By | /s/Amanda Bonn |

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Sean Phillips Rodriguez (CA Bar No. 262437)
srodriguez@bsfllp.com
Beko Rebitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Alexander Justin Konik (CA Bar No. 299291)
akonik@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com

        SUSMAN GODFREY L.L.P.
        1301 Avenue of the Americas, 32nd Floor
        New York, NY  10019
        Telephone: (212) 336-8330

        John A. Yanchunis (*pro hac vice*)
        jyanchunis@forthepeople.com
        Ryan J. McGee (*pro hac vice*)
        rmcgee@forthepeople.com
        Michael F. Ram (pro hac vice)
        mram@forthepeople.com
        Ra  O. Amen (pro hac vice)
        ramen@forthepeople.com
        MORGAN & MORGAN, P.A.
        201 N Franklin Street, 7th Floor
        Tampa, FL 33602
        Telephone: (813) 223-5505
        Facsimile: (813) 222-4736

        *Attorneys for Plaintiffs*

## ATTESTATION

I, Andrew H. Schapiro, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED:   October 8, 2021                              By:   */s/ Andrew Schapiro*