QUINN EMANUEL URQUHART & SULLIVAN, LLP

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**DECLARATION OF JESSICA GAN LEE IN SUPPORT OF GOOGLE'S ASSERTION OF PRIVILEGE**<br><br>Referral: Hon. Susan van Keulen, USMJ |

GOOGLE LLC,

    Defendant.

I, Jessica Gan Lee, declare as follows:

1. I am Registered In-House Counsel with the State Bar of California, a member of the Bar of the State of Massachusetts, and Senior Privacy Counsel for Google LLC ("Google"). I have been employed at Google as an in-house attorney since 2013. I do not hold any other titles at or perform other duties for Google outside of the scope of my employment as Senior Privacy Counsel. Prior to my employment at Google, I was an associate at the law firm of Choate Hall & Stewart LLP from 2007 to 2013. I make this declaration of my own personal, firsthand knowledge, and if called as a witness, I could and would testify competently thereto.

2. In my role as Google in-house Privacy Counsel, I am responsible for providing legal advice to non-attorneys regarding, *inter alia*, Google's public disclosures related to collection and use of user data.

3. As part of these responsibilities, I and other in-house attorneys in the Google Legal Department are responsible for reviewing and analyzing proposed public statements and disclosures in order to provide legal advice to (i) ensure compliance with a 2011 consent decree entered into between Google and the FTC; (2) mitigate the risk of any future litigation by private litigants under consumer protection statutes; and (3) to ensure Google complies with foreign regulations and/or that its statements align with foreign regulations governing the use and treatment of user data, and the types of data that are protected/covered by those regulations. A consent decree is a legal obligation, so aiding Google's compliance with the consent decree

requires certain attorneys to give legal advice related to Google's compliance with its legal obligations. I am often asked to provide legal advice in this capacity.

4. I am familiar with and was directly involved in reviewing and proposing revisions to the document at issue (GOOG-BRWN-00048967.C). The purpose of this document was ***not*** to provide factual information for Mr. Pichai; on the contrary, this is an internal, work-in-progress collection of draft disclosures and public statements messaging relating to Incognito mode functionality in various Google applications. I was asked to review certain of these statements in order to provide legal advice to ensure compliance with the aforementioned FTC consent decree and mitigate the risk of private litigation associated with these statements under consumer protection statutes and other laws. Further, I provided my legal opinion to ensure clarity in Google's public disclosures within the context of Google's existing disclosures and statements, the myriad privacy regulations to which Google is subject, and to mitigate the risk of regulatory enforcement actions relating thereto.

5. GOOG-BRWN-00048967.C contains limited redactions of material that consists of requests for legal advice, my and other attorneys' responses to such requests, and non-attorneys' discussions of the legal advice we provided. Several of the redacted comments refer to me directly by name in conjunction with the legal advice I was providing at the time (Comments 10 and 27), while other redactions have been applied to discussions between myself, Google in-house counsel Leslie Liu, and non-lawyers discussing my legal advice. These communications took the form of comments added to GOOG-BRWN-00048967.C in late April and early May of 2019, with the earliest in time comments located at the end of the document.

6. This document is a "Google Docs"-formatted file. Google Docs is a web-based document program that allows multiple people to work in a document at the same time: edits can

be seen as they are made, conversations can take place via comments directed to particular individuals and responses thereto. As such, it is common for discussions between Google in-house counsel like myself and non-attorneys to take place in the comments in a given Google document. These comments appear on the right-hand side of the document and are preceded by the word "Commented" and then a number in brackets. I understand that the imaging process for Google documents with comments can result in the comments appearing out of chronological order, and thus, as discussed *infra* at ¶ 9, Comment 25 was inserted before Comments 23-24 and Comments 27-28.

7. In Comment 32 (-991) regarding Google's proposed public statements concerning Incognito mode, I provided my legal opinion that, as we had previously discussed in a prior meeting on the same topic (where I also provided legal advice), certain revisions would be necessary. I provided this legal advice in order to ensure compliance with the aforementioned FTC consent order and mitigate the risk of private litigation against Google. Further, I provided my legal opinion to ensure clarity in Google's public disclosures within the context of Google's existing disclosures and statements, the myriad privacy regulations to which Google is subject, and to mitigate the risk of regulatory enforcement actions relating thereto.

8. In Comment 30 (-986), I provided legal advice regarding how the phrasing in certain draft statements would be interpreted under a specific foreign regulation. I provided legal advice and my legal opinion regarding this foreign regulation to ensure clarity in Google's public disclosures within the context of Google's other existing disclosures and statements and the myriad privacy regulations to which Google is subject, to mitigate the risk of regulatory enforcement actions relating thereto, and to mitigate the risk of private litigation to Google.

9. In Comment 25, non-attorney Rikke Agersnap described the reasoning for changes between version 3 and version 4 of proposed disclosures regarding Incognito mode's functionality, which informed the legal advice I provided. In Comment 23, I provided legal advice recommending revisions of certain descriptions of Incognito mode's functionality. In Comment 24, non-attorney Mediha Abdulhay responded to Comment 23 and requested clarification of my legal advice. In Comment 26 on the same page, I provided additional legal advice by recommending revisions of certain descriptions of Incognito mode's functionality. In Comment 27 (-986), non-attorney Mediha Abdulhay responded to Comment 26 and asked me to review her proposed revision. I provided this legal advice in order to ensure Google's compliance with the aforementioned FTC consent order and mitigate the risk of private litigation. In Comment 29, I referenced Comment 23 to reiterate the same legal advice regarding additional proposed statements regarding the functionality of Incognito mode. Further, I provided my legal opinion to ensure clarity in Google's public disclosures within the context of Google's existing disclosures and statements, the myriad privacy regulations to which Google is subject, and to mitigate the risk of regulatory enforcement actions relating thereto.

10. In Comment 10 (-972), Google employee Sammit Adhya asked my legal opinion regarding the wording of a proposed statement, which I provided in Comment 12 on the same page. I provided this legal opinion to ensure compliance with the aforementioned FTC consent order and mitigate the risk of private litigation. Further, I provided my legal opinion to ensure clarity in Google's public disclosures within the context of Google's existing disclosures and statements, the myriad privacy regulations to which Google is subject, and to mitigate the risk of regulatory enforcement actions relating thereto.

11. It was and is my understanding that the redacted communications noted above were confidential, privileged within Google, and were transmitted for the purposes of obtaining and providing legal advice.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed in Mountain View, California on October 8, 2021.

DATED: October 8, 2021

By _____
Jessica Gan Lee