QUINN EMANUEL URQUHART & SULLIVAN, LLP

| | |
|---|---|
| Andrew H. Schapiro (admitted *pro hac vice*) | Diane M. Doolittle (CA Bar No. 142046) |
| andrewschapiro@quinnemanuel.com | dianedoolittle@quinnemanuel.com |
| 191 N. Wacker Drive, Suite 2700 | 555 Twin Dolphin Drive, 5th Floor |
| Chicago, IL 60606 | Redwood Shores, CA 94065 |
| Telephone: (312) 705-7400 | Telephone: (650) 801-5000 |
| Facsimile: (312) 705-7401 | Facsimile: (650) 801-5100 |
| | |
| Stephen A. Broome (CA Bar No. 314605) | Josef Ansorge (admitted *pro hac vice*) |
| stephenbroome@quinnemanuel.com | josefansorge@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | Carl Spilly (admitted *pro hac vice*) |
| violatrebicka@quinnemanuel.com | carlspilly@quinnemanuel.com |
| 865 S. Figueroa Street, 10th Floor | 1300 I. Street, N.W., Suite 900 |
| Los Angeles, CA 90017 | Washington, D.C. 20005 |
| Telephone: (213) 443-3000 | Telephone: 202-538-8000 |
| Facsimile: (213) 443-3100 | Facsimile: 202-538-8100 |
| | |
| Jonathan Tse (CA Bar No. 305468) | Jomaire A. Crawford (admitted *pro hac vice*) |
| jonathantse@quinnemanuel.com | jomairecrawford@quinnemanuel.com |
| 50 California Street, 22nd Floor | 51 Madison Avenue, 22nd Floor |
| San Francisco, CA 94111 | New York, NY 10010 |
| Telephone: (415) 875-6600 | Telephone: (212) 849-7000 |
| Facsimile: (415) 875-6700 | Facsimile: (212) 849-7100 |

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>    Plaintiffs,<br><br>    v. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**DECLARATION OF LESLIE LIU IN SUPPORT OF GOOGLE'S ASSERTION OF PRIVILEGE**<br><br>Referral: Hon. Susan van Keulen, USMJ |

GOOGLE LLC,

    Defendant.

I, Leslie Liu, declare as follows:

1. I am a member of the Bar of the State of California and in-house counsel for Google LLC ("Google"). I have been employed as in-house counsel at Google since 2010. My current job title is Director, Legal. Prior to my employment at Google, I was an associate at the law firms of Greenberg Traurig LLP in 2010 and Weil, Gotshal & Manges LLP from 2006 to 2010. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. In my role as Google in-house counsel, I manage a team of Google in-house attorneys made up of product and commercial counsel supporting products and technical systems that enable Google services, including services related to identity, abuse, data, and privacy infrastructure. I am myself a product counsel responsible for providing legal advice to non-attorneys regarding, *inter alia*, Google's public disclosures related to collection and use of user data.

3. As part of my responsibilities, I and other in-house attorneys at Google are often tasked with reviewing and analyzing proposed public statements and disclosures in order to (i) ensure compliance with a 2011 consent decree entered into between Google and the FTC; (2) mitigate the risk of any future litigation by private litigants under consumer protection statutes; and (3) to ensure Google complies with foreign regulations and/or that its statements align with foreign regulations governing the use and treatment of user data, and the types of data that are

protected/covered by those regulations. A consent decree is a legal obligation, so aiding Google's compliance with the consent decree requires that certain attorneys give legal advice related to Google's compliance with its legal obligations. I am often asked to provide legal advice in this capacity.

4. I am familiar with and was directly involved in reviewing and proposing revisions to the document at issue (GOOG‑BRWN‑00048967.C). The purpose of this document was not to provide factual information for Mr. Pichai; on the contrary, this is an internal, work-in-progress collection of draft disclosures and public statements relating to Incognito mode functionality in various Google applications. I was asked to review certain of these statements in order to provide legal advice to ensure compliance with the aforementioned FTC consent decree and mitigate the risk of private litigation associated with these statements under consumer protection statutes and other laws. Further, I provided my legal opinion to ensure clarity in Google's public disclosures within the context of Google's existing disclosures and statements, the myriad privacy regulations to which Google is subject, and to mitigate the risk of private litigation to Google.

5. GOOG‑BRWN‑00048967.C contains limited redactions of material that consists of requests for legal advice, my and other attorneys' responses to such requests, and non-attorneys' discussions of the legal advice we provided. Several of the redacted comments refer to me directly by name in conjunction with the legal advice I was providing at the time (Comments 3, 8, 9, and 33), while other redactions have been applied to discussions between myself, Google Senior Privacy Counsel Jessica Gan Lee, and non-lawyers discussing my legal advice. These communications took the form of comments added to the document in late April and early May of 2019, with the earliest in time comments located at the end of the document.

6. This document is in the Google Docs file format. Google Docs is a web-based word processing program that allows multiple people to work in a document at the same time: edits can be seen as they are made, conversations can take place via comments directed to particular individuals and responses thereto. As such, it is not uncommon for discussions between Google in-house counsel like myself and non-attorneys to take place in the comments inserted in a given Google Doc. These comments appear on the right-hand side of the document and are preceded by the word "Commented" and then a number in brackets.

7. When such documents are processed for production, I understand that the comment numbers may not be in chronological order, and thus, as explained below, some of my responses to certain comments may appear to be out of order.

8. Comments 36 (-992) and 31 (-990) contain my legal opinion regarding potential legal problems associated with proposed language describing Google's retention of data collected while users are using Incognito mode. In Comment 33 (-991), Google employee Mediha Abdulhay directed a note to my attention concerning the proposed statements regarding the same topic. In Comment 28 (-996), I explained the reasons for my proposed revision of statements regarding Incognito mode's functionality. I provided this legal advice to ensure Google's compliance with the aforementioned FTC consent order and mitigate the risk of private litigation. Further, I provided my legal opinion to ensure clarity in Google's public disclosures within the context of Google's existing disclosures and statements, the myriad privacy regulations to which Google is subject, and to mitigate the risk of regulatory enforcement actions relating thereto.

9. Comments 17 and 18 (-976) reflect a discussion between non-lawyers Mediha Abdulhay and Rikke Agersnap regarding legal advice previously provided by Google in-house attorneys including myself and Ms. Jessica Gan Lee concerning Google's public statements

regarding Incognito mode's functionality. I provided this legal advice to ensure Google's compliance with the aforementioned FTC consent order and mitigate the risk of private litigation. Further, I provided my legal opinion to ensure clarity in Google's public disclosures within the context of Google's existing disclosures and statements, the myriad privacy regulations to which Google is subject, and to mitigate the risk of regulatory enforcement actions relating thereto.

10. In Comment 14 (-973), I advised that certain language referring to various Google applications should be revised to make the representations more clear and consistent with Google's public statements and policies regarding the classification of Google applications. I provided this legal advice to ensure Google's compliance with the aforementioned FTC consent order and mitigate the risk of private litigation. Further, I provided my legal opinion to ensure clarity in Google's public disclosures within the context of Google's existing disclosures and statements, the myriad privacy regulations to which Google is subject, and to mitigate the risk of private litigation to Google.

11. In Comment 9 (-972), Ms. Abdulhay referenced previous discussions with myself and other in-house Google attorneys and specifically asked me to review her proposed revisions of language included in the draft statements. I responded in Comment 11 on the same page to explain that I could not provide legal approval of the use of this language and to provide the reasons. I provided this legal advice in order to ensure Google's compliance with the aforementioned FTC consent order and mitigate the risk of private litigation. Further, I provided my legal opinion to ensure clarity in Google's public disclosures within the context of Google's existing disclosures and statements, the myriad privacy regulations to which Google is subject, and to mitigate the risk of regulatory enforcement actions relating thereto.

12.     Comments 2-8 (-970) concern certain proposed disclosures about Incognito mode. I first directed Comment 2 to the attention of Google employee Sammit Adhya and provided my legal opinion as to proposed factual assertions. At the end of the same comment, I asked Google in-house attorney Troy Sauro to provide his legal opinion as well. Mr. Adhya replied to me in Comment 3 to request clarification of my advice regarding the need for Google to clarify the proposed language to account for differences between Incognito mode's functionality on different Google products (which is a representation concerning "the extent to which consumers may exercise control over the collection, use, or disclosure of covered information" pursuant to the FTC consent decree). I responded to Mr. Adhya's question in Comment 4 to confirm the need to distinguish between certain use cases and explain why additional revisions were necessary. In Comments 5-8, Ms. Abdulhay and Mr. Adhya proposed additional revisions to the Safety Center text and asked me to review and provide my legal opinion regarding their proposed changes. I provided this legal advice to make the factual representation more clear and consistent with Google's other public statements, and thereby ensure Google's compliance with the aforementioned FTC consent order and mitigate the risk of private litigation. Further, I provided my legal opinion to ensure clarity in Google's public disclosures within the context of Google's existing disclosures and statements, the myriad privacy regulations to which Google is subject, and to mitigate the risk of regulatory enforcement actions relating thereto

13.     Finally, in Comment 1 (-970), I responded to a question posed in the body of the document about the functionality of Incognito mode in Google Maps (a product that is not at-issue in this litigation). I understood this question to be seeking legal advice as to what language would be legally permissible, as I had been asked to review this document and provide legal advice with respect to its contents, and I provided legal advice that included legally permissible language. I

provided this legal advice in order to ensure compliance with the aforementioned FTC consent order and expose Google to the risk of private litigation. Further, I provided my legal opinion to ensure clarity in Google's public disclosures within the context of Google's existing disclosures and statements, the myriad privacy regulations to which Google is subject, and to mitigate the risk of regulatory enforcement actions relating thereto.

14. It was and is my understanding that the redacted communications noted above were confidential, privileged within Google, and were transmitted for the purposes of obtaining and providing legal advice.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed in San Francisco, California, on October 7, 2021.

DATED: October 7, 2021

By _____*Leslie Liu*_____
Leslie Liu