# EXHIBIT D

**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S EMAIL ADDRESS
josefansorge@quinnemanuel.com

February 18, 2021

**VIA E-MAIL**
MMAO@BSFLLP.COM

Mark C. Mao, Esq.
Boies Schiller Flexner LLP
44 Montgomery St.
41st Floor
San Francisco, CA 94104
Phone 415 293 6804

Re: *Chasom Brown, et al., v. Google LLC*, Case No. 5:20-cv-03664-LHK
Parties' Dispute re: RFP 10

Dear Counsel:

I write on behalf of Google Inc. ("Google") in response to your letter dated February 11, 2021, which you sent to us via email on February 12, 2021.

*First*, Google remains willing to resolve the parties' dispute regarding RFP 10 without briefing this issue to Magistrate Judge van Keulen. To that end, could you please confirm whether Plaintiffs are rejecting the offer we made in our January 21, 2021 letter, and restated in our February 5, 2021 letter? If Plaintiffs are rejecting Google's offer, please let us know whether Plaintiffs have any counter offer or proposal.

In your letter, you claim that "all privacy legislation—including the CCPA—recognizes data collected by cookies as "identifiable."" Please specify to what passage of the California Consumer Privacy Act ("CCPA") you are referring. Plaintiffs' have not brought any claims under the CCPA, and the CCPA explicitly states that "[n]othing in this title shall be interpreted to serve as the basis for a private right of action under any other law." Cal. Civ. Code § 1798.150(c). Moreover, the CCPA applies to "personal information," which is defined as "information that identifies, relates to, describes, is reasonably capable of being associated with, or ***could reasonably be linked***, directly or indirectly, ***with a particular consumer*** or household." Cal. Civ. Code § 1798.140(v)(1) (emphasis added). Google has explained, repeatedly, that logged-out private browsing data is not linked or reasonably linkable to a specific consumer and therefore it does not

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

Google's February 18, 2021 Ltr. to Plaintiffs' Counsel

maintain—and cannot produce—"[d]ocuments sufficient to identify all alleged class members, including all electronic or physical address information associated with alleged class members." (RFP 10.) Google will produce documents to show that the logged-out private browsing activity of users is not linked—and is not reasonably linkable—to specific consumers.

If Plaintiffs still wish to brief this issue to Magistrate Judge van Keulen, please send us your portion of the letter brief.

*Second*, your statement that we "refuse to give actual definitions of you [sic] actually mean by 'logged in' and 'logged out'" is contrary to the written record. Plf's Ltr. at 1. We stated in our February 5, 2021 letter that "Google understands 'logged-out' (or 'signed-out') to refer to a user who is not logged in to a Google Account on their browser." Def's Ltr. at 1. We explained further that this definition is consistent with Plaintiffs' First Amended Complaint and discovery responses. Google has provided responses to Plaintiffs in good faith.

*Third*, with regard to the preservation issues you briefly raise, we sent a substantial letter discussing log preservation to Plaintiffs on February 5, 2021. As you know, Plaintiffs agreed that ESI from "systems, server and network logs" would "be preserved pursuant to normal business retention, but not searched, reviewed, or produced." (ECF No. 91, ¶4(c).). We remain ready to meet and confer with you if there is a need.

Sincerely,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Josef Ansorge*

Josef Ansorge

JA

cc (via email):

Beko Reblitz-Richardson, Esq.
Sean P. Rodriguez, Esq.
James Lee, Esq.
Rossana Baeza, Esq.
William S. Carmody, Esq.
Shawn Rabin, Esq.
Steven M. Shepard, Esq.
John A. Yanchunis
Ryan J. McGee