# EXHIBIT G

quinn emanuel trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S EMAIL ADDRESS
josefansorge@quinnemanuel.com

May 12, 2021

**VIA E-MAIL**
MMAO@BSFLLP.COM

Mark C. Mao, Esq.
Boies Schiller Flexner LLP
44 Montgomery St.
41st Floor
San Francisco, CA 94104
Phone 415 293 6804

Re:   *Chasom Brown, et al., v. Google LLC*, Case No. 5:20-cv-03664-LHK

Dear Counsel:

I write in response to your April 30 letter regarding Google's preservation and production of records to identify class members and May 11 letter regarding identifiers associated with Plaintiffs' data. We disagree with the letters in their entirety, including, specifically, your letters' characterization of Google's discovery and preservation obligations in this case.

On the issue of preservation, the Court has already ruled that "Google need not suspend its standard retention periods applicable to data logs that reflect event-level data." Dkt. 147-1 at 1; *Calhoun et al. v. Google LLC*, No. 5:20-cv-5146, Dkt. 173-1 at 1. As to the issue of production, the Court has ordered that it "will address this issue on the timetable provided in Dkt. 147, as modified by the Court on May 7, 2021." Dkt. 159-1 at 1. The timetable provided in Dkt. 147 specifies that "Google's supplemental production is due by 5/12/21; parties to meet and confer and submit any further dispute to the Court by 5/20/21; to be heard on 5/26/21 at 1:30 p.m." On May 7, the Court issued a notice continuing the May 26 hearing to June 2. Google will supplement its production of Plaintiffs' data in accordance with the Court's orders. We will also make ourselves available for meet and confer if Plaintiffs see any issue with the supplemental production.

Further, as we explained in the May 6 Joint Discovery Submission (Dkt. 155), if Plaintiffs provide Google with their unauthenticated identifiers, Google will provide data associated with those identifiers as well, to the extent any exists. We recommend Plaintiffs obtain unauthenticated identifiers by opening up a new private browsing session on the devices that they have preserved,

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

Google's May 12, 2021 Ltr. to Plaintiffs' Counsel

visiting the specific websites described in the Second Amended Complaint, clicking on the publicly available "Developer Tools" function within the browser, taking a screenshot of all the cookie values, and sending Google those screenshots within three (3) days of having taken them.

To the extent that Plaintiffs have additional questions regarding Google's technology and data systems relating to the issues in this case, please serve written discovery requests and we will respond as contemplated by the Federal Rules.

Sincerely,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Josef Ansorge*

Josef Ansorge

JA

cc (via email):

Beko Reblitz-Richardson, Esq.
Sean P. Rodriguez, Esq.
James Lee, Esq.
Rossana Baeza, Esq.
William S. Carmody, Esq.
Shawn Rabin, Esq.
Steven M. Shepard, Esq.
John A. Yanchunis
Ryan J. McGee