# EXHIBIT A
# Redacted Version of Document Sought to be Sealed

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Andrew H. Schapiro (*pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Diane M. Doolittle (CA Bar No. 142046)<br>dianedoolittle@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>*Attorneys for Defendant; additional counsel listed in signature blocks below* | BOIES SCHILLER FLEXNER LLP<br>Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293 6858<br>Facsimile: (415) 999 9695<br><br>SUSMAN GODFREY L.L.P.<br>William Christopher Carmody (*pro hac vice*)<br>bcarmody@susmangodfrey.com<br>Shawn J. Rabin (*pro hac vice*)<br>srabin@susmangodfrey.com<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY  10019<br>Telephone: (212) 336-8330<br><br>MORGAN & MORGAN<br>John A. Yanchunis (*pro hac vice*)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (*pro hac vice*)<br>rmcgee@forthepeople.com<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br><br>*Attorneys for Plaintiffs; additional counsel listed in signature blocks below* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**GOOGLE LLC,**<br><br>    **Defendant.** | Case No. 5:20-cv-03664-LHK<br><br>**JOINT SUBMISSION RE: GOOGLE PRIVILEGE LOG DISPUTE**<br><br>Referral: Hon. Susan van Keulen, USMJ |

CASE NO. 5:20-cv-03664-LHK-SVK
**JOINT SUBMISSION RE: GOOGLE PRIVILEGE LOG DISPUTE**

October 18, 2021

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

    Re:    Joint Submission in Response to Dkt. 288 re: Privilege Log Issues
             *Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

Pursuant to Your Honor's October 1, 2021, Discovery Order (Dkt. 288), Plaintiffs and Google LLC ("Google") submit this joint statement regarding their dispute about Google's July 23, 2021, and August 13, 2021, Privilege Logs. Exhibit A contains Plaintiffs' Proposed Order and Exhibit B contains Google's Proposed Order.

**Plaintiffs' Statement**

Google has systematically overdesignated hundreds of documents as privileged. Over the past few months, Plaintiffs have promptly challenged these over-designations in Google's July 23 and August 13 privilege logs, sending letters that categorized recurring issues, identified numerous documents that fell within these categorical issues, and provided illustrative examples. Just days ago, Google finally responded, addressing only a *small fraction* of the challenged entries. Indeed, during the parties' meet and confer, Google admitted it had not addressed all the challenged log entries, and then immediately offered the "compromise" of responding to each challenge, even though Google was already ordered to do so. Dkt. 288. To avoid burdening this Court with the numerous privilege challenges Google failed to address, Plaintiffs advanced a proposal that included (1) extending Google's time to respond to Plaintiffs' challenges, including upcoming challenges to Google's next privilege log, (2) extending the briefing schedule to accommodate this additional time, and (3) consolidating any remaining issues into a single joint submission instead of two. Google said no. Google's privilege assertions lack justification. Below are remaining categorical issues with illustrative examples, 12 of which Plaintiffs sought to provide to the Court as a sample for *in-camera* review. Google refused.

*First,* Google appears to improperly withhold numerous ordinary business communications between Google employees that do not involve *any* attorneys. For example, Google asserted privilege over documents with titles like "Incognito Summary" (Log Entry #1688) and "Sin Rastro for Android Ecosystem PMs [Product Managers]" (Log Entry #1667), where the "E-Mail From / Author / Custodian" is non-attorney Sammit Adhya (Product Manager) or Gretchen Gelke (UX Manager). Google logged these entirely withheld documents as "[p]resentation[s] reflecting legal advice of counsel regarding privacy issues," even though they appear to be business documents merely summarizing Incognito mode or providing Sin Rastro information for Product Managers. When pressed for more information on how these documents, which do not appear to involve attorneys, are privileged, Google offered the empty assertion that "the absence of an attorney on a communication does not vitiate privilege"—the idea being that these communications *could* be privileged *if* they relay legal advice. That is not enough to fix Google's inadequate descriptions. Because these emails are to and from non-attorneys, with no credible indicia that they contain legal advice, Plaintiffs believe that at least part of the communications must be nonprivileged.

*Second*, there are many "Comms" documents Google seems to have improperly withheld in their entirety. For example, a document called "Copy of Comms doc: Summer Privacy Moment" (Log Entry #2702) likely contains Google's planned communications for this event. Google logged the document as having "[n]otes reflecting legal advice" and entirely withheld it. Even assuming certain notes are privileged, that's no basis to withhold the entire document. As another example, emails called "Issue Comms Doc" (Log Entry ##3934, 3935, 3936, 3937) are logged as "seeking and reflecting legal advice of Chelsea Tanaka," but Chelsea Tanaka does not appear in either the "E-Mail From / Author / Custodian" or the "Recipient(s)" columns. And assuming Ms. Tanaka was linked to the email, and provided some legal advice, that provides no basis for Google to withhold the entire document. Google should, at a minimum, produce redacted versions of these documents.

*Third,* Google's boilerplate descriptions of various documents as "memorandum reflecting legal advice of counsel regarding privacy issues" are insufficient. Google's logs fail to even identify the attorney whose legal advice is supposedly reflected, if any. None of the documents Plaintiffs identified in this category list an attorney in the "E-Mail From / Author / Custodian" column or the

"Recipient(s)" column. What's more, in addition to the absence of any visible attorney involvement, many of these redacted documents also appear to involve strictly business issues. *See, e.g.*, GOOG-BRWN-00467539 (Log Entry #2974) (document redacting definitions for terms like "User Data" and Google data "maps"); GOOG-BRWN-00465129 (Log Entry #2720) (similarly redacting definitions for terms like "data," "information," and "interest-based ads"). Other documents appear to involve only technical issues. *See* GOOG-BRWN-00427068 (Log Entry #3474) (technical document describing Google's technical process of "Hashing"); GOOG-BRWN-00431318 (Log Entry #3512) (technical document involving ads personalization); GOOG-BRWN-00431910 (Log Entry #3578) (technical document involving consent functionalities)' GOOG-BRWN-00427673 (Log Entry #3631) (technical document involving 3p tracking). For some of these technical documents, Google redacts sections on "privacy considerations," a section found in technical design documents that can include engineer musings or questions for the Privacy Working Group (which are mainly engineers). These types of documents should not be privileged. *See, e.g.*, GOOG-BRWN-00430106 (Log Entry #2323) (technical document titled "Incognito support for FileSystem API").

**Fourth,** Google broadly asserts privilege over communications involving Chelsea Tanaka—Google's in-house counsel—that appear to involve business, not legal, advice. "An in-house counsel's advice regarding business matters is not protected by attorney client privilege." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 873 (N.D. Cal. 2019). As in-house counsel, Ms. Tanaka "may act as [an] integral player" in Google's "business decisions or activities, as well as its legal matters," therefore warranting "heightened scrutiny" over privilege assertions. *Oracle Am., Inc. v. Google, Inc.*, 2011 WL 3794892, at *4 (N.D. Cal. Aug. 26, 2011). If "a communication may relate to both legal and business advice," as may be the case here, the burden is on Google to make "a 'clear showing' that the 'primary purpose' of the communication was securing legal advice." *Dolby*, 402 F. Supp. 3d at 873 (citation omitted). Google has failed to carry that burden. In its August 13 log, for example, Google withheld *76 documents and* redacted 8 more that likely contain Ms. Tanaka's business advice. Tellingly, Google agreed to remove redactions for almost half of these documents that Plaintiffs identified, confirming that Ms. Tanaka routinely provides non-legal business advice. Google, however, refused to remove redactions for the remaining documents that also appear business related. For example, Google redacted an email (Log Entry #2618) called "Proposed update for ▇▇▇▇▇" because it purportedly "seeks legal advice." But this email is made up of mostly non-attorneys, and they appear to discuss whether Google should create a toggle functionality. Equally problematic, Google failed to adequately justify withholding all the 76 documents that appear business-related. For example, Log Entry #**1714** is titled "Chrome M83 - Friendly controls - Keyword blog draft," which Google described as a "Memorandum seeking and reflecting advice." Google's Keyword blog is a public blog that provides consumers with updates on Google's business, including of its products and services. Yet Google failed to explain how this Keyword blog document's "primary purpose" was to obtain legal advice, as opposed to merely reflecting business decisions or activities. Notably, many of these withheld documents were authored by non-attorneys, so even assuming they contained *some* legal advice, they should, at a minimum, be redacted, not withheld entirely.

**Fifth,** Google withheld many documents where in-house counsel is identified in the "Recipient(s)" column—as just one of *many* recipients—without any specification of whether the attorney was merely copied on the email and did not provide any input, much less any actual legal advice. For example, an email (Log Entry #1943) called "Re: Search Incognito UXR from 2019" with over forty recipients was apparently "seeking legal advice of counsel regarding privacy issues,"

an email (Log Entry #1902) called "Re: MOC blocking issue: Multiple login + Footprints + DSID" with 22 recipients was supposedly "seeking and containing legal advice of counsel regarding privacy issues," an email (Log Entry #4051) called "Re: URGENT: logs practices for Chrome" with 25 recipients was purportedly "seeking legal advice of counsel regarding privacy issues," and an email (Log Entry #1410) called "Re: Incognito detection - scaling to 15%" with 15 recipients, including the listserv "chrome trust & safety quartet," purportedly contained and reflected legal advice. Google did not address any of these challenges and continues to withhold these documents entirely.

**Sixth**, Google's logs contain a number of entries for withheld documents that, even if they reflect some legal advice of counsel, should be produced at least in part with redactions. For example, presentations called "Incognito Kickoff Slides" (Log Entry #1639), "PDPO Eng Overview April 2019" (Log Entry #2747), "Personalization & Privacy - Media Lab" (Log Entry #2750), and "Sin Rastro Product Overview Deck (go/sinrastro-product-deck)" (Log Entry #2940), and "███████████████████████████████████████" (Log Entry #2960) were withheld entirely, although they likely contain slides that are not privileged. When a communication contains both privileged and nonprivileged materials, withholding the document is appropriate only if the "privileged portions are so inextricably intertwined with the rest of the text that they cannot be separated." *United States v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015) (citation omitted). Otherwise, the privileged communication should be only redacted, *id.* at 803–04, as these documents should be here.

Additionally, Google's suggestion that it resolved *all* issues concerning Google's first log because Plaintiffs asked for *in-camera* review of "one particular" document is disingenuous, considering that involved a request for the immediate review of only a clawbacked document (Dkt. 281). Lastly, during the parties' meet and confer, Plaintiffs' indicated one helpful way to better understand Google's privilege assertions is if there were better separations of designations amongst those that were pure legal communications, those that contained both business and legal communications, those that were purely "at the behest of attorneys," and those that were deemed "privileged" because they related to just the topic of privacy. Plaintiffs also offered a stipulation to further work out the issues, with a joint request to the Court for further updates and briefing. Google declined. It is unfortunate that even after the Court's clear guidance on these issues at the last hearing, Google persists in maintaining what appear to be baseless privilege assertions. Plaintiffs request that the Court issue further guidance on the above categories of concerns and order what it believes to be an appropriate remedy. Plaintiffs submit a proposed order in connection with this request.

### Google's Statement

There are zero indicia that Google's privilege review is anything but reasonable and robust. Plaintiffs' challenges are without merit, rife with half-baked disputes ill-suited for court intervention. Plaintiffs now make detailed challenges to 25 of Google's privilege log entries, each of which were sprung on Google one business day before this brief was filed. On the night of this filing, Plaintiffs demanded for the first time that Google submit 12 documents for *in camera* review. Plaintiffs have failed to justify this unreasonable request. First, Google has not had an opportunity to re-review these 12 documents for which Plaintiffs provided no details supporting a privilege challenge until late Friday evening. Further, this is in contravention of the Court's clear guidance at the hearing on September 30 that Plaintiffs may not shortcut meet and confer efforts and simply submit samples of categories of documents *for in camera* review. Allowing for additional meet and confers is precisely what Google's proposal accomplishes.

At the threshold, each document that Google has withheld for privilege is examined by ***at least*** two different attorneys extensively trained on privilege review guidelines. But, no process is perfect. As the Court previously recognized, any review of the volume of documents at issue here, conducted at the pace the Court has ordered, will inevitably result in some error. Google has undertaken extensive efforts to correct those errors. Plaintiffs challenged 145 log entries on August 9, which Google promptly reviewed, explained the basis for its underlying determinations, and corrected any errors that it found. Ultimately, Plaintiffs sought *in camera* review of a single clawed back document, which is now under consideration. *See* Dkt. 290.

Plaintiffs are abusing Google's good-faith efforts to resolve the parties' privilege disputes and the Court's prior willingness to perform limited *in camera* review. On September 8, Plaintiffs challenged 30 privilege log entries with a level of detail that permitted Google to assess these individual challenges. Google responded to Plaintiffs' letter on October 11, fully complying with this Court's order by (i) describing the results of its re-review of those 30 properly-challenged documents; and (ii) addressing Plaintiffs' blanket and "categorical" assertions covering hundreds of documents that were not substantiated on a document-by-document basis. Remarkably, Plaintiffs demanded that Google re-review these nearly 300 entries (challenged via mere string cites), without *any* explanation as to why these specific examples are not privileged. But a few sweeping statements and 30 examples are insufficient to trigger Google's duty to perform a wholesale re-review and provide detailed responses to **hundreds** of improper challenges.

After delaying any meet and confer on these issues until October 15, Plaintiffs claimed they would ask the Court to review more than 300 documents *in camera*. In an effort to reach a compromise, Google offered the following: (i) a re-review of all 300 documents identified in Plaintiffs' September 8 letter that had not already undergone re-review; (ii) agreement that Google will re-review up to 300 documents of Plaintiffs' choosing in its forthcoming October 27 privilege log (within one week of their identification); and (iii) agreement that Plaintiffs may seek intervention as to any remaining disputes one week after Google confirms that its re-review is complete. Plaintiffs rejected that compromise—instead seeking to micromanage Google's re-review of these documents. (*See* Pls' Proposed Order). Plaintiffs should not be permitted to dictate the manner or personnel for Google's privilege review. Each of Plaintiffs' categorical challenges also fails, as detailed below.

***First***, it is a well-established principle that privilege is not vitiated by the absence of an attorney on a communication. *See Miller v. Arizona Pub. Serv. Co.*, 2020 WL 5880143, at *2 (D. Ariz. Oct. 2, 2020) ("[It is] well established within this Circuit . . . that the privilege protects from disclosure communications among corporate employees that reflect advice rendered by counsel to the corporation. A privileged communication should not lose its protection if [one] relays legal advice to another who shares responsibility for the subject matter underlying the consultation."); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002) (attorney-client privilege extends to "communication[s] between nonlegal employees in which the employees discuss or transmit legal advice given by counsel"). Plaintiffs' contention that parts of these communications "must be nonprivileged" is incorrect.

***Second,*** Plaintiffs provide no legal or factual basis for claiming Google improperly withheld "Comms" documents. The document associated with Entry #2702, for example, was properly

withheld as privileged because it reflects the legal advice of Senior Privacy Counsel at Google regarding regulatory requirements and enforcement actions. Similarly, each document associated with Log Entries ##3934, 3935, 3936, 3937 was properly withheld as privileged. Those documents are notifications of comments between Ms. Tanaka and various Google employees, which seek and provide legal advice, from the underlying Google Document titled "Issue Comms Doc - Chrome Data Lawsuit."

**Third,** Google attributes certain privileged information to "counsel" where a document contains privileged information that is clearly attributable to legal personnel, but does not identify an attorney by name. That is entirely proper. *See, e.g.*, Log Entry #4230 (GOOG-BRWN-00153850.C, at -854.C-855.C) (redacting section of document labeled "Feedback from Legal"). Google employs hundreds of in-house attorneys, and there is nothing unusual about Google's assertion of privilege over (i) notes in a technical document conveying advice from Google legal personnel without identifying a particular attorney by name, Log Entry # 3474 (GOOG-BRWN-00427068); (ii) technical information provided by non-attorneys at the request of Google in-house privacy counsel required for the provision of legal advice, Log Entry ## 3512 (GOOG-BRWN-00431318), 3578 (GOOG-BRWN-00431910); or (iii) comments from a non-attorney conveying the advice of counsel, Log Entry # 2974 (GOOG-BRWN-00467539).[1]

**Fourth**, Plaintiffs broadly challenge every entry involving Ms. Tanaka, a member of the State Bar of California, a Director of Chrome Legal, and a former associate at Covington & Burling LLP. Her LinkedIn profile likewise reflects a work history ***solely*** consisting of legal positions for the last 16 years. That Google withheld only 76 documents that involve Ms. Tanaka (compared to the 784 documents it *has* produced that hit on the search term <ctanaka*>) demonstrates that Google has judged each document on its substance. Plaintiffs state that, since these documents are authored by non-attorneys, they should not be withheld. Wrong. "An entire document . .. may be privileged when it contains privileged portions that are so inextricably intertwined with the rest of the text that they cannot be separated." *United States v. Christensen*, 828 F.3d 763, 803-04 (9th Cir. 2015). Ms. Tanaka's legal advice is reflected in the withheld documents, and is "so inextricably intertwined with the rest of the text that they cannot be separated." *Id.* The examples Plaintiffs cite do not support a different conclusion. GOOG-BRWN-00458149 is a notification showing comments to an underlying Google Document. One of those comments requests legal advice from Ms. Tanaka and is thus redacted. *See* Log Entry #2618. The document described by Log Entry #1714 is a draft blog post concerning disclosure to the public of certain privacy and security controls, which both Ms. Tanaka and Noelle Luiten, Corporate Counsel for Chrome, reviewed and edited to provide legal advice. *See, e.g.*, *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 665 (D. Or. 2019) (holding that "draft news articles," are privileged if they contain edits or redlines from counsel); *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1950381, at *2 (N.D. Cal. May 1, 2019) ("The privilege extends to...preliminary drafts of communicated documents.").

---

1 Plaintiffs' reference to the "Privacy Working Group" is an irrelevant non-sequitur. As Google has repeatedly explained, it is not withholding any documents merely because they were transmitted to an attorney or a particular group at Google (or applying any "categorical" withholding at all). Google has only redacted the "privacy considerations" sections of technical documents where the information included therein consists of either (i) requests from Google's in-house privacy counsel and product counsel required for the provision of legal advice; or (ii) information provided in response to these requests by non-attorneys.

*Fifth*, that in-house counsel were one of "many recipients" of communications seeking legal advice does not somehow vitiate privilege. *See, e.g.*, *In re Banc of California Sec. Litig.*, 2018 WL 6167907, at *2 ("[The fact that] non-legal personnel appear on an otherwise privileged communication does not itself destroy the attorney-client privilege."); *Planned Parenthood Fed'n of Am., Inc.*, 2019 WL 1950377 at *6 ("[T]he attorney-client privilege is not limited to communications in which an attorney participates") (citations omitted).[2] Plaintiffs also complain that Google's Log fails to specify whether these are communications where the attorney was simply copied without providing any input or legal advice. That is specious. If an attorney was merely copied on a communication that does not contain or reflect a request or provision of legal advice, Google would not withhold the communication and therefore not log it. There is no basis to force Google to re-review all documents it withheld where its in-house counsel was copied.

*Sixth*, Plaintiffs conclusorily state that a "number of entries" should be produced at least in part with redactions even if they reflect some legal advice of counsel, on the basis of nothing more than a hunch that the five examples they list "likely contain slides that are not privileged." Plaintiffs fail to demonstrate that these documents may contain "distinct and severable" nonprivileged portions. *Christensen*, 828 F.3d at 803. Indeed, it is only "if the nonprivileged portions of a communication are distinct and severable, and their disclosure would not effectively reveal the substance of the privileged legal portions, [that] the court must designate which portions of the communication are protected and therefore may be excised or redacted...." *Id.* (internal quotation marks and citations omitted). Plaintiffs have not made that threshold showing.

| DATED: October 18, 2021 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| | By   */s/ Andrew H. Schapiro* |
| | Andrew H. Schapiro (admitted *pro hac vice*) <br> andrewschapiro@quinnemanuel.com <br> 191 N. Wacker Drive, Suite 2700 <br> Chicago, IL 60606 <br> Tel: (312) 705-7400 <br> Fax: (312) 705-7401 <br><br> Stephen A. Broome (CA Bar No. 314605) <br> stephenbroome@quinnemanuel.com <br> Viola Trebicka (CA Bar No. 269526) <br> violatrebicka@quinnemanuel.com <br> 865 S. Figueroa Street, 10th Floor <br> Los Angeles, CA 90017 <br> Telephone: (213) 443-3000 |

---

2 Moreover, because of how Gmail's "Reply all" feature works, an attorney who appears to be "merely copied" in a last-in-time email may have been in the "from" or "to" line in an earlier-in-time email (as Google reiterated to Plaintiffs during the parties' meet and confer).

|  | Facsimile: (213) 443-3100<br><br>Diane M. Doolittle (CA Bar No. 142046)<br>dianedoolittle@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br><br>Josef Ansorge (admitted *pro hac vice*)<br>josefansorge@quinnemanuel.com<br>Carl Spilly (admitted *pro hac vice*)<br>carlspilly@quinnemauel.com<br>carlspilly@quinnemanuel.com<br>1300 I. Street, N.W., Suite 900<br>Washington, D.C. 20005<br>Telephone: 202-538-8000<br>Facsimile: 202-538-8100<br><br>Jomaire A. Crawford (admitted *pro hac vice*)<br>jomairecrawford@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Jonathan Tse (CA Bar No. 305468)<br>jonathantse@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>*Attorneys for Defendant*<br>Google LLC |

| | | |
|---|---|---|
| DATED: October 18, 2021 | | SUSMAN GODFREY L.L.P. |
| | By | /s/ Amanda Bonn |

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Rebitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (admitted *pro hac vice*)
Enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019

01980-00174/13013359.1

Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (pro hac vice)
mram@forthepeople.com
Ra O. Amen (pro hac vice)
ramen@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*

## ATTESTATION

I, Andrew H. Schapiro, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

| DATED: October 18, 2021 | By: | */s/ Andrew H. Schapiro* |