1  QUINN EMANUEL URQUHART & SULLIVAN, LLP

2  Diane M. Doolittle (CA Bar No. 142046)
   dianedoolittle@quinnemanuel.com
3  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, CA 94065
4  Telephone: (650) 801-5000
5  Facsimile: (650) 801-5100

   Andrew H. Schapiro (admitted *pro hac vice*)
   andrewschapiro@quinnemanuel.com
   191 N. Wacker Drive, Suite 2700
   Chicago, IL 60606
   Telephone: (312) 705-7400
   Facsimile: (312) 705-7401

6  Stephen A. Broome (CA Bar No. 314605)
   stephenbroome@quinnemanuel.com
7  Viola Trebicka (CA Bar No. 269526)
   violatrebicka@quinnemanuel.com
8  865 S. Figueroa Street, 10th Floor
9  Los Angeles, CA 90017
   Telephone: (213) 443-3000
10 Facsimile: (213) 443-3100

   Josef Ansorge (admitted *pro hac vice*)
   josefansorge@quinnemanuel.com
   1300 I. Street, N.W., Suite 900
   Washington, D.C. 20005
   Telephone: 202-538-8000
   Facsimile: 202-538-8100

11
   Jonathan Tse (CA Bar No. 305468)
12 jonathantse@quinnemanuel.com
   50 California Street, 22nd Floor
13 San Francisco, CA 94111
   Telephone: (415) 875-6600
14 Facsimile: (415) 875-6700

   Jomaire A. Crawford (admitted *pro hac vice*)
   jomairecrawford@quinnemanuel.com
   51 Madison Avenue, 22nd Floor
   New York, NY 10010
   Telephone: (212) 849-7000
   Facsimile: (212) 849-7100

15 *Attorneys for Defendant Google LLC*

16                     UNITED STATES DISTRICT COURT

17         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19 CHASOM BROWN, WILLIAM BYATT,
   JEREMY DAVIS, CHRISTOPHER
20 CASTILLO, and MONIQUE TRUJILLO,
   individually and on behalf of all similarly
21 situated,

22        Plaintiffs,

23        v.

24 GOOGLE LLC,

25        Defendant.

26

27

28

Case No. 5:20-cv-03664-LHK-SVK

**DECLARATION OF JONATHAN TSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION SEEKING RELIEF FOR GOOGLE'S FAILURE TO OBEY DISCOVERY ORDER**

Referral: Hon. Susan van Keulen, USMJ

1     I, Jonathan Tse, declare as follows:

2        1.      I am a member of the bar of the State of California and an attorney with Quinn

3   Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I

4   make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness,

5   I could and would testify competently thereto.

6        2.      I am making this declaration pursuant to Civil Local Rule 79-5(e) as an attorney for

7   the "Designating Party," as that term is used in that rule.

8        3.      On October 14, Plaintiffs filed an administrative motion to file under seal portions of

9   Plaintiffs' Motion Seeking Relief For Google's Failure To Obey Discovery Order ("Motion Seeking

10  Relief") and Exhibits A, E, F, H, I, J, K and L to the Declaration of Erika Nyborg-Burch in support of

11  the Motion Seeking Relief. On the same day, I received an unredacted service copy of these

12  documents.

13       4.      On October 18, the Court granted the parties' joint stipulation extending time for

14  Google to submit its declaration in support of Plaintiffs' motion to seal to October 25 (Dkt. 294).

15       5.      I have reviewed the documents that Plaintiffs seek to file under seal pursuant to Civil

16  Local Rule 79-5, unredacted copies of which have been filed at Docket Entry 291. Based on my

17  review, there is good cause to seal the following information.

| Document | Basis for Sealing |
|---|---|
| Motion Seeking Relief (Dkt. 291-2):<br><br>Page 1 Lines 6-11<br><br>Page 2 Lines 25-27<br><br>Page 3 Lines 1-4, 21-22<br><br>Page 5 Lines 17, 23<br><br>Page 8 Lines 3-5<br><br>Page 9 Lines 11, 16<br><br>Page 10 Lines 9-11<br><br>Page 11 Lines 14-17 | The redacted portions contain Google's confidential technical information regarding the operation of Google's products and systems, including the various types of Google's internal identifiers/cookies and their proprietary functions, the various types of logs maintained by Google, and information contained in those logs, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such highly confidential information reveals Google's internal strategy, system design, and system capacity regarding various important products, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such highly confidential information could affect Google's |

| | |
|---|---|
| Page 12 Lines 1, 11, 13<br><br>Page 14 Lines 17, 19, 22-27<br><br>Page 15 Lines 1-10 | competitive standing as competitors may alter their log data/ identifier system designs and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's log data and/or internal identifier system. Google respectfully requests that the Court order the redacted portions in the attached version of the Motion Seeking Relief to be filed under seal. |
| Exhibit E to the Declaration of Erika Nyborg-Burch in support of the Motion Seeking Relief (Dkt. 291-7):<br><br>Pages 1-2 | The redacted portions of this correspondence contain Google's confidential technical information regarding the operation of Google's products and systems, including the various types of Google's internal identifiers/cookies and their proprietary functions that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such highly confidential information reveals Google's internal strategy and system design regarding various important products, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such highly confidential information could affect Google's competitive standing as competitors may alter their identifier system designs and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal identifier system. Google respectfully requests that the Court order the redacted portions in the attached version of Exhibit E to the Declaration of Erika Nyborg-Burch in support of the Motion Seeking Relief to be filed under seal. |
| Exhibit F to the Declaration of Erika Nyborg-Burch in support of the Motion Seeking Relief (Dkt. 291-8):<br><br>Redacted in its entirety | These are screenshots of a Google internal service that allows for direct querying of individual cells in a Google internal storage infrastructure, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such highly confidential information reveals Google's internal strategy and system design regarding its data storage system, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such highly confidential information could affect |

Case No. 5:20-cv-03664-LHK-SVK

DECLARATION OF JONATHAN TSE

| | |
|---|---|
| | Google's competitive standing as competitors may alter their data storage system designs and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's data storage system. Google respectfully requests that the Court order this document to be filed under seal. |
| Exhibit H to the Declaration of Erika Nyborg-Burch in support of the Motion Seeking Relief (Dkt. 291-9):<br><br>Pages 2, 4 | Exhibit H is a joint submission by the parties to Special Discovery Master Douglas Brush. The redacted portions contain Google's confidential technical information regarding the operation of Google's products and systems, including the various types of Google's internal identifiers/cookies and their proprietary functions, the various types of logs maintained by Google, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such highly confidential information reveals Google's internal strategy, system design, and system capacity regarding various important products, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such highly confidential information could affect Google's competitive standing as competitors may alter their log data/ identifier system designs and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's log data and/or internal identifier system. Google respectfully requests that the Court order the redacted portions in the attached version of Exhibit H to the Declaration of Erika Nyborg-Burch in support of the Motion Seeking Relief to be filed under seal. |
| Exhibit I to the Declaration of Erika Nyborg-Burch in support of the Motion Seeking Relief (Dkt. 291-10):<br><br>Page 2 | Exhibit I is Google's submission to Special Discovery Master Douglas Brush. The redacted portions contain Google's confidential technical information regarding the operation of Google's products and systems, including the various types of Google's internal identifiers/cookies and their proprietary functions, the various types of logs maintained by Google, that Google maintains as confidential in the ordinary course of its business |

DECLARATION OF JONATHAN TSE

| | |
|---|---|
| | and is not generally known to the public or Google's competitors. Such highly confidential information reveals Google's internal strategy, system design, and system capacity regarding various important products, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such highly confidential information could affect Google's competitive standing as competitors may alter their log data/ identifier system designs and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's log data and/or internal identifier system. Google respectfully requests that the Court order the redacted portions in the attached version of Exhibit I to the Declaration of Erika Nyborg-Burch in support of the Motion Seeking Relief to be filed under seal. |
| Exhibit J to the Declaration of Erika Nyborg-Burch in support of the Motion Seeking Relief (Dkt. 291-11):<br><br>Redacted in its entirety | The redacted portions of this correspondence contain Google's confidential technical information regarding the operation of Google's products and systems, including the various types of Google's internal identifiers/cookies and their proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such highly confidential information reveals Google's internal strategy and system design regarding various important products, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such highly confidential information could affect Google's competitive standing as competitors may alter their identifier system designs and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal identifier system. Google respectfully requests that the Court order this document to be filed under seal. |
| Exhibit K to the Declaration of Erika Nyborg-Burch in support of the Motion Seeking Relief (Dkt. 291-12): | Exhibit K is Plaintiffs' submission to Special Discovery Master Douglas Brush. The redacted portions contain Google's confidential technical information regarding the operation of Google's |

Case No. 5:20-cv-03664-LHK-SVK

DECLARATION OF JONATHAN TSE

| Pages 1-3, 5-12 | products and systems, including the various types of Google's internal identifiers/cookies and their proprietary functions, the various types of databases maintained by Google, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such highly confidential information reveals Google's internal strategy, system design, and system capacity regarding various important products, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such highly confidential information could affect Google's competitive standing as competitors may alter their databases/ identifier system designs and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's databases and/or internal identifier system. Page 6 of this document also contains Plaintiffs' sensitive information. Google respectfully requests that the Court order the redacted portions in the attached version of Exhibit K to the Declaration of Erika Nyborg-Burch in support of the Motion Seeking Relief to be filed under seal. |
|---|---|
| Exhibit L to the Declaration of Erika Nyborg-Burch in support of the Motion Seeking Relief (Dkt. 291-13):<br><br>Pages 2-9 | Exhibit L is Google's submission to Special Discovery Master Douglas Brush. The redacted portions contain Google's confidential technical information regarding the operation of Google's products and systems, including the various types of Google's internal identifiers/cookies and their proprietary functions, the various types of databases maintained by Google, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such highly confidential information reveals Google's internal strategy, system design, and system capacity regarding various important products, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such highly confidential information could affect Google's competitive standing as competitors may alter their databases/ identifier system designs and practices relating to competing products. It may also place Google at |

Case No. 5:20-cv-03664-LHK-SVK

DECLARATION OF JONATHAN TSE

|   | an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's databases and/or internal identifier system. Pages 2-4 of this document also contain Plaintiffs' sensitive information. Google respectfully requests that the Court order the redacted portions in the attached version of Exhibit L to the Declaration of Erika Nyborg-Burch in support of the Motion Seeking Relief to be filed under seal. |
|---|---|

6.      Google's request is narrowly tailored in order to protect its confidential information. These redactions are limited in scope and volume. Because the proposed redactions are narrowly tailored and limited to portions containing Google's highly-confidential or confidential information and the highly confidential sensitive information of Plaintiffs, Google requests that the portions of the aforementioned documents be redacted from any public version of those documents.

7.      Google understands that Exhibit K, page 6 (Dkt. 291-12), and Exhibit L, pages 2 and 3-4 (Dkt. 291-13) to the Declaration of Erika Nyborg-Burch in support of the Motion Seeking Relief may contain Plaintiffs' confidential information, which Plaintiffs have requested Google to keep under seal.

8.      Google does not seek to redact or file under seal any of the remaining portions of Plaintiffs' Motion Seeking Relief and accompanying declarations and exhibits not indicated in the table above.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in San Francisco, California on October 25, 2021.

DATED:  October 25, 2021          QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                                  By    */s/ Jonathan Tse*
                                        Jonathan Tse

                                  *Attorney for Defendant*