# EXHIBIT H

# Redacted Version of Document Sought to be Sealed

# Erika Nyborg-Burch

| | |
|---|---|
| **From:** | Tracy Gao <tracygao@quinnemanuel.com> |
| **Sent:** | Tuesday, September 14, 2021 8:59 AM |
| **To:** | Timothy Schmidt; QE Brown; Alex Frawley; Beko Richardson; James Lee; Mark C. Mao; mcgee@forthepeople.com |
| **Cc:** | Douglas Brush |
| **Subject:** | RE: [Brown] Check in on M&C issues - Confidential - (5:20-cv-03664) – P3, P6, P7, P14, P16 |
| **Attachments:** | 2021-09-14 Brown - Special Master Requests re Discovery Disputes.pdf |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

EXTERNAL Email

Dear Special Master Brush, Mr. Schmidt,

Attached please find responses to the questions below regarding discovery disputes P3, P6, P7, P14, and P16. Thank you.

Best,
Tracy

**Tracy Gao**
**Quinn Emanuel Urquhart & Sullivan, LLP**

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8327 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
tracygao@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Timothy Schmidt <timothy.schmidt@accelconsulting.llc>
**Sent:** Friday, September 10, 2021 6:23 PM
**To:** QE Brown <qebrown@quinnemanuel.com>; afrawley@susmangodfrey.com; brichardson@bsfllp.com; jlee@bsfllp.com; mmao@bsfllp.com; mcgee@forthepeople.com
**Cc:** Douglas Brush <douglas.brush@accelconsulting.llc>
**Subject:** [Brown] Check in on M&C issues - Confidential - (5:20-cv-03664) – P3, P6, P7, P14, P16

**[EXTERNAL EMAIL from timothy.schmidt@accelconsulting.llc]**

All,

We have reviewed your responses to our requests from last week. We need further clarification on the ongoing discovery disputes so that we have better context over the Plaintiff requests and Google's responses.

1

After discussions with Special Master Brush, we have assembled the questions below to clarify our understanding the discovery matters in dispute that have been referred to the Special Master by Magistrate Judge van Keulen.

For the ongoing disputes listed below, please provide answers to the numbered items below each.  Should you have any questions or need clarification, please submit those requests to Special Master Brush and myself no later than 5:00 p.m. EDT Sunday, September 12, 2021.

**Special Master Brush requires your final responses to the items below by no later than 12:00 p.m. EDT on Tuesday, September 14, 2021.**

Where Citation begins the numbered question, please cite document(s) and relevant page numbers where requested.  Where cited documents have not been provided to Special Master Brush, provide extracts from relevant pages from the referenced documents.

Where Response begins the numbered question, please provide a written response. Limit your responses for each dispute to no more than one page per dispute.

For each numbered item, either Plaintiffs, or Google, or Plaintiffs and Google is provided in parentheses indicating which party or parties should provide a response.

**P3 (RFP 18) - Documents concerning Plaintiffs, including Plaintiffs' use of Google services, all data collected by Google from and regarding Plaintiffs, and Google's use of all data collected by Google from and regarding Plaintiffs**
1. Citation- Original wording of initial request (if different than the bolded text above) for production **(Plaintiffs)**
2. Response - Summary of production provided (Plaintiffs and Google) by Google for initial request; if no production was provided, provide the objection(s) raised by Google **(Google)**
3. Citation - Original wording of each subsequent request for production for this RFP (if different from the initial request) **(Plaintiffs)**
    i. Response - For each subsequent request for production for this RFP (if not provided in the subsequent RFP), please provide identifiers for each of the named Plaintiffs that were provided to Google for production sets (e.g., Name, GoogleID, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, etc.); these identifiers may also contain multiple fields that would allow for unique identification of a particular named Plaintiff's records (**Plaintiff**)
    ii. Citation - For each subsequent request for production by Plaintiffs, Google's response (**Google**)
    iii. Response - Summary of each subsequent production made to Plaintiffs (**Plaintiffs and Google**)

**P6 (RFP10) - Documents sufficient to identify all alleged class members, including all electronic or physical address information associated with alleged class members**
1. Citation - Original wording of Initial request (if different than the bolded text above) for production **(Plaintiffs)**
2. Response - Summary of production provided **(Plaintiffs and Google)** by Google for initial request
    i. Citation - If no production was provided, provide the objection(s) raised by Google **(Google)**
3. Citation - Original wording of each subsequent request for production for this RFP (if different from the initial request) **(Plaintiffs)**
    i. Citation - For each subsequent request for production by Plaintiffs, Google's response **(Google)**
    ii. Response - Summary of production made to Plaintiffs **(Plaintiffs and Google)**

**P7 (Please provide RFP number for this dispute) – Logged in and logged out**
1. Citation - Original wording of initial request (if different than the bolded text above) for production **(Plaintiffs)**

2

2. Response - Summary of production provided (**Plaintiffs and Google**) by Google for initial request
    i. Citation - If no production was provided, provide the objection(s) raised by Google **(Google)**
3. Citation - Original wording of each subsequent request for production for this RFP (if different from the initial request) **(Plaintiffs)**
    i. Summary - For each subsequent request for production by Plaintiffs, Google's response **(Google)**
    ii. Response - Summary of production made to Plaintiffs **(Plaintiffs and Google)**

**P14 (Please provide RFP numbers for this dispute) – Access to non-public Google source code**
1. Citation - Provide data points identified by Plaintiffs which warrant the review of source code data and logging data. This would include information garnered from named Plaintiff's computers and other devices, productions, interrogatories, depositions, and investigations **(Plaintiffs)**

**P16 (RFP 120) - Documents sufficient to identify, during the Class Period, Chrome web browser communications that did not contain any X-Client Data Header**
1. Citation - Unique identifier fields identified by Plaintiffs for records lacking X-Client-Data Headers which will be utilized to identify a user or device **(Plaintiffs)**
2. Citation - Original wording of initial request (if different than the bolded text above) for production **(Plaintiffs)**
3. Response - Summary of production provided (Plaintiffs and Google) Summary of production provided **(Plaintiffs and Google)**
    i. Citation - If no production was provided, provide the objection(s) raised by Google **(Google)**
4. Citation - Original wording of each subsequent request for production for this RFP (if different from the initial request) **(Plaintiffs)**
    i. Citation - For each subsequent request for production by Plaintiffs, Google's response **(Google)**
    ii. Response - Summary of production made to Plaintiffs **(Plaintiffs and Google)**

*Timothy Schmidt*
Consultant
**M** 202.577.5302
**E** timothy.schmidt@accelconsulting.llc

**Accel Consulting LLC**
BOULDER, CO 80301

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to other contractual or confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this message in error, please notify the sender by reply email and delete this message.

### Brown: P3 (RFP 18): Google Response / Citation

Google responded to RFP 18 by stating that "Google is willing to preserve and collect data associated with Plaintiffs' Google Accounts and Google Account IDs." The Court ordered Plaintiffs to submit consent notifications from their email accounts for Google to produce information associated with Plaintiffs' Google Accounts. Dkt. 133-1 at 3. However, because Plaintiffs failed to preserve the relevant identifiers associated with their logged-out private browsing data (unauthenticated data), the Court also ordered Plaintiffs to provide identifiers set during their private browsing sessions. Dkt. 147-1 at 2.

Plaintiffs have since submitted consent notifications for eight accounts allegedly associated with Plaintiffs William Byatt, Jeremy Davis, Christopher Castillo, and Chasom Brown. One named Plaintiff, Monique Trullijo, has provided no consent notification for any account. Google has produced data associated with each named Plaintiff (including non-content data for Trullijo) in nine rolling productions consisting of more than 2,000 pages.

Google produced data related to named Plaintiffs' Google Accounts (authenticated data) and data related to pseudonymous identifiers allegedly set on named Plaintiffs' browsers (unauthenticated data).

**The authenticated data Google produced includes**:

- Plaintiffs' Google Account Subscriber Information (showing when the account was activated, what name and birthdate the user entered, and what services they used);
- Plaintiffs' Web and App Activity ("WAA") and supplemental Web and App Activity ("sWAA") settings on their Google Accounts;
    - For Plaintiffs who had enabled WAA and sWAA in the Google Account, their MyActivity Ads, Analytics, News, Maps, Video Search, Image Search, and Search data (site activity data stored in a user's Google Account);
- ███████████████████████████████
- ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**The unauthenticated data Google produced includes**:

- X-Client-Data header information associated with ████████████████████████████████████████████

Google has not produced data keyed to the following information Plaintiffs provided:

- User-agent. Google does not use user-agents as identifiers and user-agents are not sufficiently unique to identify individual users;
- X-Client-Data header. Google does not use X-Client-Data header as an identifier and the header is not sufficiently unique to identify any individual user;
- IP Address. Google does not use IP address as an identifier and IP addresses are not a reliable means to identify individual users;
- IMEI and other hardware identifiers (Googles does not use IMEI and similar hardware identifiers related to the data at issue); and
- ████████████████████████ This is a cookie Google does not use for display ads but rather uses to optimize Google.com search results, which is out of scope.

## Brown: P6 (RFP 10): Google Response / Citation

Google objected to RFP 10 by stating that the identity of "alleged class members," which, as described in the First Amended Complaint, is not ascertainable. With certain limited exclusions, the Amended Complaint defines the class members (at ¶192) as consisting of "[a]ll individuals with either a Google account who accessed a website containing Google Analytics or Google Ad Manager using any non-Android device" or "Android device owners who accessed a website containing Google Analytics or Google Ad Manager using such device," "who were (a) in "private browsing mode' in that device's browser, and (b) were not logged into their Google account on that device's browser." However, Google does not associate Google Account holders' electronic or physical address information with their logged-out browsing activities. Neither Google Analytics nor Google Ad Manager differentiates between data collected while a user was using private browsing mode or not. As such, Google does not maintain documents or data in the ordinary course of business allowing it to "identify all alleged class members," which are limited by Plaintiff's class definition to users in private browsing mode who were not logged into their Google Account. Google further objects to this request because it seeks highly sensitive and personal information not relevant to establishing any party's claim or defense. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539-40 (9th Cir. 2020) (holding that pursuant to the Supreme Court's decision in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350– 53, 98 S. Ct. 2380, 2389–90 (1978), "seeking discovery of the name of a class member… is not relevant within the meaning of [Rule 26(b)(1)], and it is even less relevant where no class has been certified"). Class certification has not been granted in this case, and seeking this sensitive information now is premature. For these reasons, Google will not produce documents in response to this request.

The Court ordered Google to produce data for the named Plaintiffs in response to Plaintiffs' RFP No. 10. *See* Dkt. 147-1 at 2 ("For RFP Nos. 10 (class identification) … Google will produce identification data for the named Plaintiffs.").

Google has now produced the requested data, including X-Client-Data header information associated with identifiers provided by Plaintiffs. As explained in more detail in Google's submission regarding dispute P3, that production confirmed Google's position that the presence and absence of the x-client-data header is an unreliable proxy to identify class members. *See* Dkt. 218 at 7.

### Brown: P7 (No RFP): Google Response / Citation

Dispute P7 does not relate to any individual RFP, but rather is a philosophical dispute as to whether Plaintiffs should obtain expansive discovery outside of the scope of their allegations. Plaintiffs have defined their class as consisting of users from whom Google collected data while they were *logged out* of their Google Accounts *and* in private browsing mode. Dkt. 136-1, ¶192. Therefore, Google's systems, practices, and policies related to data Google receives while users are *logged in* to their Google accounts are irrelevant and outside the scope of this case. Nonetheless, as Google's response to P3 makes clear Google has already produced data it received while Plaintiffs were *logged in* to their Google accounts.

CONFIDENTIAL

## Brown: P16 (RFP120): Google Response / Citation

Google responded to RFP 120 as follows:

> "Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous, and potentially overbroad, as to the meaning of the phrase "Chrome web browser communications that did not contain any X-Client Data Header," without defining which types of communications are at issue. To the extent Plaintiffs seek all Chrome web browser communications—including to Google domains that do not receive the X-Client Data Header—the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this request as overly broad and unduly burdensome to the extent the request seeks user-level data for all Chrome users with no meaningful limitation. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.
>
> Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs are seeking and to appropriately narrow the scope of this request."

However, as described in Google's submission regarding P3 and P6, Google has produced browser communications with and without X-Client Data Header information related to the named Plaintiffs' identifiers.