# EXHIBIT I

# Redacted Version of Document Sought to be Sealed

**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8267**

WRITER'S EMAIL ADDRESS
**josefansorge@quinnemanuel.com**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

September 17, 2021

<u>VIA E-MAIL AND SECURE FILE SHARE</u>

Special Master Douglas Brush (douglas.brush@accelconsulting.llc)
Accel Consulting, LLC

Mark Mao (mmao@bsfllp.com)
Boies Schiller Flexner LLP

James Lee (jlee@bsfllp.com)
Boies Schiller Flexner LLP

Amanda Bonn (abonn@susmangodfrey.com)
Susman Godfrey LLP

John Yanchunis (jyanchunis@forthepeople.com)
Morgan & Morgan, PA

> Re:    Google's Submission in Response to Dkt. 309, Order Revising September 13,
> 2021 Scheduling Order
> *Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

Dear Special Master Brush:

Pursuant to Magistrate Judge Susan van Keulen's September 16, 2021 Order, Google is hereby providing the information requested regarding potentially relevant sources of electronically stored information (ESI). To assist you and Plaintiffs during our forthcoming meet and confer, we provide some additional context.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

- Google followed your guidance from the September 15, 2021 hearing to be over-inclusive in its identification of potentially relevant sources of ESI.

- To compile the requested information, Google supplemented information previously produced in this litigation, including ███████████████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████

- Because Plaintiffs' allegations are limited to specific unauthenticated data (data Google receives when a user is in a private browsing mode and logged out of their Google Account), Google has not identified those potential sources of ESI that contain only authenticated data (data Google receives when a user is logged in to their Google Account).

- There are significant differences among the listed data sources with regard to the ease with which they can be queried. ███████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ████████████████████████████████████

- The categories of information Plaintiffs allege Google improperly collected exist in duplicate form across a number of different data sources. For example, the same cookie and URL information from one interaction with a website may be stored in a number of different logs and key-value databases.

- However, some categories of information exist only in a few data sources. For example, x-client-data headers are not collected by Google Analytics and ██████████████████████ ████████████████████████████

- Because data at issue in this litigation is subject to user and Analytics customer-initiated deletion requests, it is possible for specific user data to no longer exist in Google's data systems even though it would still fall within the established retention period.

- Because the retention period for Google Analytics data stored in tables can be set between 2 months and 50 months by the Google Analytics customer (*i.e.* web properties like www.nytimes.com) on whose behalf Google is storing and processing the data, it is not possible to list retention periods for each Google Analytics table.

- Individual fields in a log may have shorter retention periods than the log they are stored in, and different columns in the same key-value database may have different retention periods.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Respectfully,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Josef Ansorge