**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**GOOGLE LLC'S RESPONSES AND OBJECTIONS TO SPECIAL MASTER'S REPORT AND ORDERS ON REFERRED DISCOVERY ISSUES (DKT. 299)**<br><br>Referral: Hon. Susan van Keulen, USMJ |

**INTRODUCTION**

Pursuant to the Court's October 19 Order (Dkt. 297), Google hereby provides its objections to the Special Master's Report and Orders on Referred Discovery Issues. Dkt. 299.

As detailed in paragraphs 1 through 56 of the Special Master's Report, the parties have met and conferred frequently and extensively throughout the Special Master process established by the Court. Google has also fully complied with the Court's various discovery orders, including the April 30, June 8, June 21, July 13, September 13, and September 16 orders. Plaintiffs have been taking discovery for more than a year; they have served 235 requests for production in response to which Google has produced 5.4 million pages. The evidence adduced in discovery has unequivocally belied Plaintiffs' allegations that "Google creates a user profile on each individual," "Google Analytics Profiles are supplemented by the 'X-Client-Data Header'," "Google identifies you with 'fingerprinting techniques'," and "Google identifies you with your system data and geolocation data" Dkt. 136-1(SAC) at 28–33. Nevertheless, Plaintiffs continue to push for additional burdensome discovery regarding information sources that have no relevance to the class definition (which is limited to logged-out users) or data flows at issue in Plaintiffs' complaint. *See* June 2, 2021 Hr. Tr. 14:10–12 ("Incognito and private states are by definition logged out states, your honor."), 35:13–16 ("So we're trying to navigate this in a fair and reasonable way, and ***it's tied back, and will continue to tie back to the proper definitions of the class***.") (emphasis added); *see* also Ex. 4.

Below, Google objects to aspects of the Special Master's Order to the extent that they would require Google to: (i) generate new descriptions of fields or data sources, where those descriptions do not currently exist at Google; (ii) undertake unduly burdensome searches of data sources that have no relevance to this litigation; or (iii) generate new, non-preexisting combinations of information such as IP addresses with other information, where those combinations would constitute "fingerprinting" in violation of Google's policies and promises to its users, and where creating such information would require extensive engineering resources to circumvent Google's privacy safeguards.

**RESPONSES AND OBJECTIONS TO DKT. 299**

Google has no objections to paragraphs 1 through 56 of the Special Master's Report (Dkt. 299 at 1–9), and thanks the Special Master for facilitating the parties' cooperation.

**RESPONSES AND OBJECTIONS TO DKT. 299-1**

| Special Master Order | Google's Response & Objections |
|---|---|
| **P3: Google's Production of Plaintiffs' data** ||
| 1. Within two days of the effective date of this Special Master's Report and Recommendations Google is to provide a full list of all data sources which have been searched during the overall discovery process. | No objection. |
| 2. Within two days of the effective date of the Special Master's Report and Recommendation Google is to provide, for each search performed, full criteria (including code/script and, where code/script is not easily understood, an explanation of the code/script) used as well as the name of the tool(s) used. | No objection. |
| 3. As a reasonable person with experience working in the IT field would expect that live production systems are fully documented with the information requested. Within two days of the effective date of this Special Master's Report and Recommendations Google is to provide full schemas, a list of ALL fields with their descriptions, a list of tools used to search, and instruction sets and manuals for all tools identified as being used by "Googlers" to search each data source identified by plaintiffs for searching: | Google agrees to provide reasonably available schemas, fields, and field descriptions for previously selected sources. Google agrees to provide instruction sets and manuals for tools used to search relevant data sources. Google objects to this order to the extent that it is based on the mistaken assumption that fields and field descriptions for all sources are readily available or can easily be generated and compiled. In fact, producing a list of fields and field descriptions for many logs in Google's logs infrastructure is extremely burdensome. *See* Ex. 1 at 2–4. Google does not believe this order calls for the production of source code, but to the extent it does, Google objects on that basis and will not produce source code. Google objects to the extent this order requires Google to create field descriptions beyond the seven sources selected for searches. |
| ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ | No objection. |
| ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ | No objection. |

| | |
|---|---|
| ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | No objection. |
| ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | No objection. |
| ▇▇▇▇▇ | No objection. |
| ▇▇▇▇▇▇▇▇▇▇▇▇▇ | No objection. |
| ▇▇▇▇▇▇ | No objection. |
| * any data sources searched in addition to the above 7 | Google objects to providing schemas, fields, and field descriptions for additional data sources. Google has already provided ▇▇ fields and field descriptions at great burden. Those data sources were selected by Plaintiffs, presumably based on their evaluation of sources they consider to be relevant and the extensive written and document discovery Google has provided, and it took multiple Google engineers working multiple days to compile, create, and verify the information Google has already provided. *See* Ex. 1 at 2–4. |
| * any other of the ▇ data sources Plaintiffs choose for identification | Google objects to providing schemas, fields, and field descriptions for additional data sources. Google objects to the extent this order permits Plaintiffs to select data sources with thousands of fields. Google further objects to the extent this order permits Plaintiffs to request ▇ more sources for identification. Providing additional information for so many data sources at this stage of the litigation is unduly burdensome, not proportional to the needs of the case, and prejudicial to Google. |
| 4. Google is to, run iterations of each search of the above data sources as described below: | Google agrees to run iterations of searches across the seven sources Plaintiffs selected. |
| * If not already done, within two days of the effective date of this Special Master's Report and Recommendations, provide to Plaintiffs full records of each responsive and relevant search term hit as well as the criteria used for the search. | Google agrees to provide Plaintiffs responsive and relevant records for the seven data sources Plaintiffs selected for searching and that are identified above. Google objects to the extent that Plaintiffs request searches of additional data sources beyond the seven previously selected. |

| | |
|---|---|
| * Upon receipt of responsive and relevant search term hits and relevant search term criteria, Plaintiff may update search criteria and have Google run searches iteratively (no more than three additional iterations not inclusive of the initial search) at Plaintiffs request. Plaintiff updates to search criteria will be provided to Google for searching within 2 days of receipt of productions; Google will complete iterative searches and related productions within 3 days of being provided with updated search criteria by Plaintiffs. | Google agrees to work with Plaintiffs to conduct iterative searches. However, Google objects to the extent that Plaintiffs request searches for data and identifiers that are not relevant to this litigation. See Ex. 4 at 2. Google further objects to the extent that Plaintiffs request searches that can not be completed in three days. Google further objects to the extent that Plaintiffs request searches of historic log data sources that are burdensome to query and not proportional to the needs of the litigation. See Ex. 1 at 4. |
| * IP address search hits will not identify a unique user in most/many cases. IP address can, however, be used along with another "identifier" or "identifiers" to form criteria for a search. Plaintiffs must specify additional criteria to search on when using an IP address as a search term. If additional search terms are identified in previous searches of a data source, those terms may also be combined with IP addresses to form iterative searches up to the number identified in the bullet directly above this one. | Google agrees to run searches for the identifiers at issue in this case (█████) and produce IP addresses associated with those relevant identifiers. Google objects to running searches for IP addresses, or combining IP addresses with any other data to make it more personally identifying. Google objects to running searches for IP addresses because Google does not use IP addresses to identify individuals.[1] Google objects to combining IP addresses with other data to make it more personally identifying because that would be a violation of Google's long-standing Log Data Usage Rules (see Ex. 2 at 3) and Device/App/Browser Fingerprinting and Immutable Identifiers Policy (see Ex. 3 at 1). Google further objects to combining IP addresses with other data to make it more personally identifying because Google's systems are designed to prevent—not facilitate—such fingerprinting[2] activities. Plaintiffs alleged Google engages in "fingerprinting." See Dkt. 136-1 (SAC) at 28–33. The evidence has established that Google does not. This Court should not order Google to "fingerprint" users for litigation discovery purposes. |

---

[1] See Dkt. 198-3 (Berntson 30(b)(6) *Brown v. Google*, 6/16/2021, Dep. Tr. 294 15–19) ("███████████████████████████").

[2] See *Calhoun v. Google*, Dkt. 189-2 (Monsees 30(b)(6) *Calhoun v. Google*, 4/9/2021, Dep. Tr. 314 20-315:3) ("███████████████████████████").

| | |
|---|---|
| * Within two days of the effective date of this Special Master's Report and Recommendations Google and Plaintiffs will provide to the Special Master, the proposed search criteria for two data source searches that Google has not yet run. If the criteria are adjudged to likely have over-broad response rates, Special Master will deny the search of data sources with these criteria. If the criteria are adjudged by the Special Master to likely not have over-broad response rates, Special Master will allow the search of data sources with these search criteria and order Google to carry out the search and provide relevant responsive records to the Plaintiffs (subject to the clawback provisions in place). | Google has no objection to conducting two additional searches of relevant sources for relevant data and identifiers. However, only specific identifiers—▇▇▇—in specific sources are relevant to the data and data-flow at issue in this case. *See* Ex. 4 at 3. Google objects to the extent that Plaintiffs propose search criteria that uses or captures irrelevant data and identifiers. Google further objects to the extent that Plaintiffs seek burdensome searches (*see* Ex. 1 at 4) that are not proportional to the needs of the litigation. |
| **P6: Class Member Identification** ||
| See ruling re P3, above. | See objections and responses re P3, above. |
| **P7: Logged in and logged out** ||
| See ruling re P3, above. | See objections and responses re P3, above. |
| **P14: Access to non-public Google Source Code** ||
| DENIED. Overbroad. | No objection. |
| **P16: X-Client Data** ||
| DENIED. Overbroad. | No objection. |

**CONCLUSION**

For these reasons, Google respectfully requests the Special Master's Report be adopted and approved in full for disputes P14 and P16, and adopted in part for P3 and P6 in accordance with Google's objections listed above.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: October 27, 2021 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | By  /s/ Andrew H. Schapiro |
| | | Andrew H. Schapiro (admitted pro hac vice) |
| 5 | | andrewschapiro@quinnemanuel.com |
| | | 191 N. Wacker Drive, Suite 2700 |
| 6 | | Chicago, IL 60606 |
| | | Telephone: (312) 705-7400 |
| 7 | | Facsimile: (312) 705-7401 |
| 8 | | |
| | | Stephen A. Broome (CA Bar No. 314605) |
| 9 | | sb@quinnemanuel.com |
| | | Viola Trebicka (CA Bar No. 269526) |
| 10 | | violatrebicka@quinnemanuel.com |
| | | 865 S. Figueroa Street, 10th Floor |
| 11 | | Los Angeles, CA 90017 |
| | | Telephone: (213) 443-3000 |
| 12 | | Facsimile: (213) 443-3100 |
| 13 | | |
| | | Jomaire Crawford (admitted pro hac vice) |
| 14 | | jomairecrawford@quinnemanuel.com |
| | | 51 Madison Avenue, 22nd Floor |
| 15 | | New York, NY 10010 |
| | | Telephone: (212) 849-7000 |
| 16 | | Facsimile: (212) 849-7100 |
| 17 | | |
| | | Josef Ansorge (admitted pro hac vice) |
| 18 | | josefansorge@quinnemanuel.com |
| | | 1300 I Street NW, Suite 900 |
| 19 | | Washington D.C., 20005 |
| | | Telephone: (202) 538-8000 |
| 20 | | Facsimile: (202) 538-8100 |
| 21 | | |
| | | Jonathan Tse (CA Bar No. 305468) |
| 22 | | jonathantse@quinnemanuel.com |
| | | 50 California Street, 22nd Floor |
| 23 | | San Francisco, CA 94111 |
| | | Telephone: (415) 875-6600 |
| 24 | | Facsimile: (415) 875-6700 |
| 25 | | |
| | | *Attorneys for Defendant Google LLC* |
| 26 | | |
| 27 | | |
| 28 | | |