| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293 6858<br>Facsimile: (415) 999 9695<br><br>SUSMAN GODFREY L.L.P.<br>William Christopher Carmody (pro hac vice)<br>bcarmody@susmangodfrey.com<br>Shawn J. Rabin (pro hac vice)<br>srabin@susmangodfrey.com<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 336-8330<br><br>MORGAN & MORGAN<br>John A. Yanchunis (pro hac vice)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (pro hac vice)<br>rmcgee@forthepeople.com<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br><br>*Attorneys for Plaintiffs; additional counsel listed in signature blocks below* | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Andrew H. Schapiro (*pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Diane M. Doolittle (CA Bar No. 142046)<br>dianedoolittle@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>*Attorneys for Defendant; additional counsel listed in signature blocks below* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**JOINT SUBMISSION RE: GOOGLE'S MOTION FOR PROTECTIVE ORDER AGAINST PLAINTIFFS' NON-PARTY SUBPOENAS ON ERNST & YOUNG LLP, PRICEWATERHOUSECOOPERS LLC, AND PROMONTORY FINANCIAL GROUP**<br><br>Referral: Hon. Susan van Keulen, USMJ |

October 28, 2021

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

    Re:    Joint Submission re:  Google's Motion for Protective Order Against Plaintiffs' Non-Party Subpoenas on Ernst & Young LLP, PricewaterhouseCoopers LLC, and Promontory Financial Group
*Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

Pursuant to Your Honor's October 22, 2021 Discovery Order (Dkt. 301), Plaintiffs and Google LLC ("Google") jointly submit this statement regarding Google's Motion for Protective Order Against Plaintiffs' Non-Party Subpoenas on Ernst & Young LLP, PricewaterhouseCoopers LLC, and Promontory Financial Group.  Exhibit 1 is Google's Proposed Order.  Exhibits A, B, C, and D include the subpoenas and responses at issue and Plaintiffs' Proposed Order.

**GOOGLE'S STATEMENT**

The non-party subpoenas Plaintiffs have served on Ernst & Young LLP (E&Y), PricewaterhouseCoopers LLC (PwC), and Promontory Financial Group (Promontory) are an attempt to circumvent the recent Court-ordered discovery limits as well as the parties' prior compromises reached after extensive negotiations. On October 20, 2021, after finding that Plaintiffs' service of hundreds of RFPs (235 to be exact) is not indicative of a thoughtful process, the Court issued an order limiting certain discovery. Dkt. 298. Undeterred, Plaintiffs have continued to seek additional documents, beyond the **5.3 million pages** Google has already produced in discovery. Each non-party has already objected to Plaintiffs' respective subpoenas based on, among other things, relevance, overbreadth, and burden. Further, as a party in this case, Google is in the best position to determine the relevance and privilege or protection implicated by those documents. The non-parties should not be forced to produce documents in response to Plaintiffs' respective subpoenas.

*Google Has Standing To Bring This Motion*: Google has standing to move for a protective order, and Plaintiffs do not dispute that conclusion. Plaintiffs' requests target non-parties' roles as independent assessors in a regulatory matter concerning Google; E&Y is also Google's financial auditor. The requests seek highly sensitive, confidential, and potentially privileged Google information that is in the possession of these third parties by virtue of their work for Google. "[A] party may seek to protect these interests through a protective order pursuant to Rule 26(c) regarding a subpoena issued to a nonparty if it believes its own interest is jeopardized by the discovery sought from that nonparty." *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 WL 2499710, at *5 (N.D. Cal. June 17, 2019). That there is a Protective Order in place does not alter this conclusion, especially since potentially privileged information is also implicated. *See S.E.C. v. Schroeder*, 2009 WL 1125579, at *7 (N.D. Cal. Apr. 27, 2009) (finding that "an underlying privilege attaching to drafts of the final product is not destroyed" (citation omitted)), *obj. overruled*, 2009 WL 1635202 (N.D. Cal. June 10, 2009).

*Google's Motion Easily Meets the "Good Cause" Standard*: The good cause Rule 26 requires for a protective order is readily satisfied here. *Fed. Trade Comm'n v. DIRECTV, Inc.*, 2015 WL 8302932, at *4 (N.D. Cal. Dec. 9, 2015) (granting a party's motion for protective order against

non-party subpoena, including because some of the requested documents are in the party's possession); *see also O'Boyle v. Sweetapple*, 2016 WL 492655, at *5 (S.D. Fla. Feb. 8, 2016) (granting a party's motion for protective order on the basis of relevance).

*First*, Plaintiffs' RFPs on the three non-parties are overly broad—limited neither geographically nor by time period—wholly untethered to Plaintiffs' allegations or products and features at issue in this case. Significantly, each of the seven RFPs propounded on each of the three non-parties request information and documents related to "*any* Google privacy program" and are not limited to the 2011 FTC Consent Decree. For example, the non-party subpoenas seek "ALL DOCUMENTS RELATING TO notes or summaries of interviews of Google employees CONCERNING any Google privacy program," (RFP No. 2) and "ALL DOCUMENTS RELATING TO notes or summaries of reviewing any Google DOCUMENTS, data, or processes CONCERNING any Google privacy program" (RFP No. 3). The subpoenas purport to sweep in documents concerning privacy programs with no relationship to the allegations in this case (private browsing) or products at issue (Google Ad Manager and Google Analytics). This Court already rejected the same types of overbroad requests. June 2, 2021 Hrg. Tr. at 35:13-16 (determining that Plaintiffs are not entitled to *carte blanche* discovery and that discovery must "continue to tie back to the proper definitions of the class"). Plaintiffs omit the important detail that in contrast to Plaintiffs' accusation, all the independent assessors agree that Google complied with the 2011 FTC Consent Decree. Plaintiffs' attempt to limit the production to documents not in Google's possession is insufficient. There is no question that these documents still implicate Google's confidential and sensitive information. Further, the default time frame of production here is June 2014 to the present; that Google produced two documents outside of that period as a compromise to resolve Plaintiffs' overbroad request for all documents produced to regulators all over the world does not bring documents from 2011 within the scope.

*Second*, these requests are an improper end run around the limits on party discovery in this case. Plaintiffs have already propounded requests on Google seeking some of the same information as they seek now from non-parties. *See, e.g.*, Google RFP No. 231 ("All communications with [E&Y] in connection with the assessments referenced in and the preparation of the biennial

1  reports."). Plaintiffs have now de-prioritized these RFPs in accordance with the Court's Discovery
2  Order and limited their non-party RFPs to only documents not in Google's possession. But allowing
3  Plaintiffs to negotiate responsive discovery directly with non-parties would prevent Google, which
4  is best positioned to make relevance determinations, from objecting to the relevance of the
5  information sought in the first place. *Cf. Robert Half Int'l Inc. v. Ainsworth*, 2015 WL 4662429, at
6  *4 (S.D. Cal. Aug. 6, 2015) (the Ninth Circuit "does not favor unnecessarily burdening nonparties
7  with discovery requests"); *Dart Indus. Co. v. Westwood Chemical Co.*, 649 F.2d 646, 649-50 (9th
8  Cir. 1980) ("[T]he word 'non-party' serves as a constant reminder of the reasons for the limitations
9  that characterize 'third-party' discovery." (citations omitted)).

10  *Finally*, these broad RFPs likely sweep in documents that may contain Google's privileged
11  or otherwise protected information. Google, rather than the three non-parties, must make the
12  privilege determinations prior to any production. *S.E.C. v. Roberts*, 254 F.R.D. 371, 381-82 (N.D.
13  Cal. Dec. 9, 2016) (finding no waiver based on disclosure to auditor); *see also Schroeder*, 2009 WL
14  1125579, at *8-9 (relying on *Roberts*). Google respectfully asks that its Motion be granted in full.

### Plaintiffs' Statement

16  Plaintiffs respectfully request that the Court reject Google's arguments regarding Plaintiffs'
17  subpoenas. Those subpoenas seek highly relevant and proportional document discovery from three
18  third parties who, pursuant to the 2011 consent decree entered into between Google and the FTC
19  described in the Complaint, evaluated Google's privacy programs – with specific mention of
20  Incognito – and prepared the required biennial reports submitted to the FTC.  Google's violation of
21  the Consent Decree is clearly alleged in the SAC, and there is no basis for any of Google's objections
22  to production of these documents.  In September, Plaintiffs subpoenaed the three firms that prepared
23  those FTC-required biennial reports:  Ernst & Young ("EY"), PricewaterhouseCoopers ("PWC"),
24  and Promontory Group ("Promontory") (collectively, the "Third-Party Auditors"). *See* Exs. A, B,
25  C. Those subpoenas seek highly relevant documents regarding the preparation of those biennial
26  reports, which relate to core issues concerning Google's promises of control, Google's data
27  collection and privacy practices, and Incognito in particular.

28

The FTC Consent Decree ordered, in part, that Google "not misrepresent in any manner, expressly or by implication . . . the extent to which consumers may exercise control over the collection, use, or disclosure of covered information." Documents, analyses, and information in the Third-Party Auditors' possession related to Google's compliance therewith is relevant to show whether Google made any such misrepresentations concerning the collection, use, or disclosure of covered information collected while users were in Incognito mode, relevant to interception claims and Google's consent defense. The Third-Party Auditors analyzed Incognito mode, noting that Google audits code which is reviewed by stakeholders. *E.g.*, GOOG-BRWN-00041854, -41788, -468577, -526811. Understanding how these analyses were performed is relevant and proportional to this case, Google's arguments preventing this discrete discovery are unsupported.

*First*, these requests are not overbroad or burdensome. Apart from the reports and a scope of work, Google has not produced documents related to these reports. Further, as limited only to documents not in Google's possession, the subpoenas are not overbroad. The documents are "relevant to [Plaintiffs'] claim[s] . . . and proportional to the needs of the case" under Fed. R. Civ. P. 26(b)(1) and there is no alternative source. Google also has not demonstrated undue burden. *See Cawley v. Eastman Outdoors, Inc.*, No. 1:14-cv-00310, 2014 WL 4656381, at *4 (N.D. Ohio Sept. 16, 2014) (ordering defendant to produce documents itself or authorize auditor to do so). Google's financial information and trade secrets objections are meritless. A protective order is in place for any documents that contain sensitive information, Dkt. 81, including the reports Google has already produced.  Any production by these third parties will also be subject to the protective order. *See Wells Fargo & Co. v. ABD Ins.*, No. C 12-03856 PJH DMR, 2012 WL 6115612, at *3 (N.D. Cal. Dec. 10, 2012) (finding defendants lacked standing as they could not show their sensitive information was put "at risk").  Plaintiffs limited the temporal scope of the subpoenas to documents from January 1, 2011 through the present.  Google produced a PwC Initial Assessment Report from 2011 (GOOG-BRWN-00469415), acknowledging that Plaintiffs are entitled to information from at least 2011 (Incognito was launched in 2008). The subpoenas are not overbroad in time. If the Court is inclined to limit these requests in any way, Plaintiffs propose that the Court limit this discovery to June 1, 2014, two years before the start of the class period.

*Second*, this is not duplicative discovery. Plaintiffs did not de-prioritize the information sought, and are preparing a separate letter brief on RFPs. The subpoenas also are not duplicative of Plaintiffs' RFP Nos. 231 and 232. These requests seek, *inter alia*, communications and documents exchanged between Google and the Third-Party Auditors in preparation of the reports and reviews of Google's privacy practices. If Google produces those documents, then there is no need for the third parties to reproduce those documents. The third parties would then only need to produce any documents they have that Google does not produce. Any duplication can be readily addressed through negotiation with all parties. The preparation of the biennial reports is separate and required by the consent decree. Google's agreement to provide Plaintiffs with copies of the biennial reports in no way precluded further production or barred third party discovery. Google has not produced the requested documents, and certainly not communications with these auditors, thus Google cannot claim that the subpoenas are an end-run around the agreement. Although Google touts its millions of pages of discovery, Google only produced hundreds of pages related to the audits. And Google's assertion that no additional production is required because it has already produced the reports is meritless. The reports themselves consist mostly of representations regarding the documents that were collected and reviewed, and the interviews conducted with Google employees, without supporting documents or notes from those interviews. Plaintiffs are entitled to relevant information on their claims and are not limited to the information in the reports. Indeed, Google produced one draft report that it was sent by EY, and Plaintiffs are entitled to discovery regarding similar drafts, the underlying foundation for those drafts, and any communications related to the drafts, including for purposes of impeachment and credibility.

*Third*, there is no broad privilege assertion that applies to these documents. The FTC consent decree required preparation of these reports by independent third-parties, and these reports state that they were from "a qualified, objective, independent third-party professional, who uses procedures and standards generally accepted in the profession." *See, e.g.*, GOOG-BRWN-00041778 (EY); GOOG-BRWN-00469417 (PwC); GOOG-BRWN-00468697 (Promontory). These are third-party documents. If there is any claim of privilege, that can be addressed in a privilege log. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 644 (N.D. Cal. 2007).

Respectfully,

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BOIES SCHILLER FLEXNER LLP |
|---|---|
| */s/ Andrew H. Schapiro* | */s/ Ryan J. McGee* |
| Andrew H. Schapiro (admitted *pro hac vice*) | Mark C. Mao (CA Bar No. 236165) |
| andrewschapiro@quinnemanuel.com | mmao@bsfllp.com |
| 191 N. Wacker Drive, Suite 2700 | Sean Phillips Rodriguez (CA Bar No. 262437) |
| Chicago, IL 60606 | srodriguez@bsfllp.com |
| Tel: (312) 705-7400 | Beko Reblitz-Richardson (CA Bar No. 238027) |
| Fax: (312) 705-7401 | brichardson@bsfllp.com |
| Stephen A. Broome (CA Bar No. 314605) | 44 Montgomery Street, 41st Floor |
| sb@quinnemanuel.com | San Francisco, CA 94104 |
| Viola Trebicka (CA Bar No. 269526) | Tel: (415) 293 6858 |
| violatrebicka@quinnemanuel.com | Fax: (415) 999 9695 |
| 865 S. Figueroa Street, 10th Floor | |
| Los Angeles, CA 90017 | James W. Lee (*pro hac vice*) |
| Tel: (213) 443-3000 | jlee@bsfllp.com |
| Fax: (213) 443-3100 | Rossana Baeza (*pro hac vice*) |
| | rbaeza@bsfllp.com |
| Diane M. Doolittle (CA Bar No. 142046) | 100 SE 2nd Street, Suite 2800 |
| dianedoolittle@quinnemanuel.com | Miami, FL 33130 |
| 555 Twin Dolphin Drive, 5th Floor | Tel: (305) 539-8400 |
| Redwood Shores, CA 94065 | Fax: (305) 539-1304 |
| Telephone: (650) 801-5000 | |
| Facsimile: (650) 801-5100 | William Christopher Carmody (*pro hac vice*) |
| Jomaire A. Crawford (admitted *pro hac vice*) | bcarmody@susmangodfrey.com |
| jomairecrawford@quinnemanuel.com | Shawn J. Rabin (*pro hac vice*) |
| 51 Madison Avenue, 22nd Floor | srabin@susmangodfrey.com |
| New York, NY 10010 | Steven Shepard (*pro hac vice*) |
| Telephone: (212) 849-7000 | sshepard@susmangodfrey.com |
| Facsimile: (212) 849-7100 | Alexander P. Frawley (*pro hac vice*) |
| | afrawley@susmangodfrey.com |
| Josef Ansorge (admitted *pro hac vice*) | SUSMAN GODFREY L.L.P. |
| josefansorge@quinnemanuel.com | 1301 Avenue of the Americas, 32nd Floor |
| 1300 I Street NW, Suite 900 | New York, NY 10019 |
| Washington D.C., 20005 | Tel: (212) 336-8330 |
| Tel: (202) 538-8000 | |
| Fax: (202) 538-8100 | Amanda Bonn (CA Bar No. 270891) |
| | abonn@susmangodfrey.com |
| Jonathan Tse (CA Bar No. 305468) | SUSMAN GODFREY L.L.P. |
| jonathantse@quinnemanuel.com | 1900 Avenue of the Stars, Suite 1400 |
| 50 California Street, 22nd Floor | Los Angeles, CA 90067 |
| San Francisco, CA 94111 | Tel: (310) 789-3100 |
| Tel: (415) 875-6600 | |
| Fax: (415) 875-6700 | John A. Yanchunis (*pro hac vice*) |
| | jyanchunis@forthepeople.com |
| *Attorneys for Defendant Google LLC* | Ryan J. McGee (*pro hac vice*) |
| | rmcgee@forthepeople.com |
| | MORGAN & MORGAN, P.A. |
| | 201 N Franklin Street, 7th Floor |

|   |   |
|---|---|
| 1 | Tampa, FL 33602 |
| 2 | Tel: (813) 223-5505<br>Fax: (813) 222-4736 |

Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*

## ATTESTATION OF CONCURRENCE

I am the ECF user whose ID and password are being used to file this Joint Discovery Statement. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: October 28, 2021

By    */s/ Andrew H. Schapiro*
Andrew H. Schapiro
*Counsel on behalf of Google LLC*