EXHIBIT B

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
**MORGAN & MORGAN**
711 Van Ness Ave., Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Fax: (415) 358-6923
mram@forthepeople.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.  5:20-cv-03664-LHK<br><br>**NOTICE OF SUBPOENA TO PRICEWATERHOUSECOOPERS LLC TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to FRCP Rule 45(a)(4), notice is hereby provided that Plaintiffs CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO are issuing a subpoena for document production to PRICEWATERHOUSECOOPERS LLC and intend on serving their registered agent. Attached hereto is a true and correct copy of said subpoena.

Dated: September 14, 2021            MORGAN & MORGAN

                                    */s/ Ryan J. McGhee*

                                    John A. Yanchunis (*pro hac vice*)
                                    Ryan J. McGee (*pro hac vice*)
                                    **MORGAN & MORGAN**
                                    201 N. Franklin Street, 7th Floor
                                    Tampa, FL 33602
                                    Tel.: (813) 223-5505
                                    Fax: (813) 222-4736
                                    jyanchunis@forthepeople.com
                                    rmcgee@forthepeople.com

                                    Michael F. Ram, CA Bar No. 104805
                                    **MORGAN & MORGAN**
                                    711 Van Ness Ave., Suite 500
                                    San Francisco, CA 94102
                                    Telephone: (415) 358-6913
                                    Fax: (415) 358-6923
                                    mram@forthepeople.com

                                    Mark C. Mao, CA Bar No. 236165
                                    Sean P. Rodriguez, CA Bar No. 262437
                                    Beko Richardson, CA Bar No. 238027
                                    **BOIES SCHILLER FLEXNER LLP**
                                    44 Montgomery St., 41st Floor
                                    San Francisco, CA 94104
                                    Tel.: (415) 293-6800
                                    Fax: (415) 293-6899
                                    mmao@bsfllp.com
                                    srodriguez@bsfllp.com
                                    brichardson@bsfllp.com

                                    James Lee (admitted *pro hac vice*)
                                    Rossana Baeza (admitted *pro hac vice*)
                                    **BOIES SCHILLER FLEXNER LLP**
                                    100 SE 2nd St., 28th Floor

2

Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

3

1

**PROOF OF SERVICE**

2

I, Jennifer Miller, declare:

3

I am a citizen of the United States and employed in the County of San Francisco, California.

4

I am over the age of 18 and not a party to the within action; my business address is 711 Van Ness

5

Avenue, Suite 500, San Francisco, California 94102.

6

On September 14, 2021, I served the following document described as:

7

**NOTICE OF SUBPOENA TO PRICEWATERHOUSECOOPERS LLC TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS**

8

By electronic mail transmission from jbmiller@forthepeople.com on September 14, 2021,

9

by transmitting a PDF format copy of such document to each person at the e-mail addresses listed

10

below. The document was transmitted by electronic transmission and such transmission was

11

reported as complete and without error:

12

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP

13

191 N. Wacker Drive, Suite 2700
Chicago, IL 60606

14

Tel: 312-705-7400
Fax: 312-705-7401

15

andrewschapiro@quinnemanuel.com

16

Stephen A. Broome
Viola Trebicka

17

Quinn Emanuel Urquhart & Sullivan, LLP

18

865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

19

Tel: 213-443-3000
Fax: 213-443-3100

20

stephenbroome@quinnemanuel.com

21

violatrebicka@quinnemanuel.com

22

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP

23

50 California Street, 22nd Floor
San Francisco, CA 94111

24

Tel: 415-875-6600
Fax: 415-875-6700

25

jonathantse@quinnemanuel.com

26

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Executed on September 14, 2021, at Memphis, Tennessee.

27

28

*/s/ Jennifer Miller*
Jennifer Miller

4

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | | |
|---|---|---|
| CHASOM BROWN, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  5:20-CV-03664 |
| GOOGLE, LLC | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    PricewaterhouseCoopers, Registered Agent: CT Corporation, 300 Madison Avenue, New York, NY 10017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Morgan & Morgan, 1177 Avenue of the Americas, 5th Floor, New York NY 10036 | Date and Time: 10/22/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/14/2021

*CLERK OF COURT*

OR

_____          /s/ Ryan J. McGee
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Chasom Brown, Maria Nguyen, William Byatt, Jeremy Davis, and Christopher Castillo          , who issues or requests this subpoena, are:
Ryan J. McGee, MORGAN & MORGAN, 201 N. Franklin Street, 7th Floor, Tampa, FL 33602, Tel. (813) 223-5505

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:20-CV-03664

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                          *Server's signature*

                                                  _____
                                                          *Printed name and title*

                                                  _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SUBPOENA DUCES TECUM: ATTACHMENT A**

*Chasom Brown, et al. v. Google, LLC*, Case No. 5:20-CV-03664 (N.D. California)

**DEFINITIONS**

A.      The term "ALL" includes the word "ANY," and vice versa.

B.      The terms "CONCERNING," "RELATE," or "RELATING TO" mean and include addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible

C.      The terms "COMMUNICATION" or "COMMUNICATIONS" are to be construed in the broadest possible sense, and include, but are not limited to, any transmission of information in any form and of any kind, including electronic, oral, or written transmission, whether such was by chance, prearranged, formal or informal, including conversations in person, notes of conversations, letters, electronic mail, telephone conversations, facsimile transmissions, correspondence or memoranda, formal statements, press releases or newspaper articles.

D.      The term "DOCUMENT" and "DOCUMENTS" shall be synonymous in meaning and equal to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure INCLUDING, without limitation, original and any non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced, including all correspondence, letters, telegrams, telexes, messages, memoranda, instructions, emails, handwritten or recorded notes, and all records, schedules, reports, surveys, calculations, transcripts, notes, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, charts, COMMUNICATIONS, database, data compilation, diary, draft, drawing, electronically stored information, emails, fax, floppy disk, graph, hard drive, image, index, instant message, letter, log, magnetic tape, memorandum, note, optical disk, photograph, report, sound recording, spreadsheet, storage device, text message, version, voicemail or writing. This term shall apply to any DOCUMENT, whether in hard copy or electronic form, on any computers or other system.

E.    The term "INCLUDE" or "INCLUDING" means "include, but not limited to" or "including, but not limited to."

F.    The term "YOU" or "YOUR" means or refers to PRICEWATERHOUSECOOPERS LLC, and any of its employees, independent contractors, attorneys, agents, representatives, predecessors, successors, assigns, and anyone acting or purporting to act on its behalf.

**GENERAL INSTRUCTIONS**

1.    For purposes of reading, interpreting, or construing the scope of the DEFINITIONS, INSTRUCTIONS, and REQUESTS, all of the terms shall be given their most expansive and inclusive interpretation. This INCLUDES the following:

(a)    The singular form of a word shall be interpreted as plural, and vice versa.

(b)    "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Topic anything that might otherwise be construed to be outside the scope of the Topic.

(c)    "All," "each" and "any" shall be construed as "all, each, and any."

(d)    The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Topic any document that might otherwise be construed to be outside the scope of the Topic.

2.    The Person or Party to whom these Requests are addressed shall respond pursuant to the Federal Rules of Civil Procedure, by producing the following designated Documents (see below), including Electronically Stored Information (ESI) in the possession, custody or control of the respondent.

3.    The specified place of the production is:

**1177 Avenue of the Americas, 5th Floor, New York NY 10036**

4.    The date of the production is within 30 days of the date of service of this Subpoena.

5.    This subpoena is issued by the United States District Court for the Northern District of California, regarding the lawsuit: *Chasom Brown, et al. v. Google, LLC*, Case No. 5:20-CV-03664 (N.D. California).

6.    If for any reason, the Party to whom these Requests are addressed shall withhold or

2

refuse to answer and/or provide any of the requested Documents, the Party shall state the date of such Document, the substance and nature of such Document, and from and to whom the Document is directed. The Party should also clearly explain the reason and/or privilege claimed for the refusal to answer any Request and/or produce any of the Documents requested.

7.      If any Document or information requested about a Document is withheld on the ground of privilege or other legal doctrine, then please submit a statement in writing, setting forth: (1) the type of Document; (2) the date of the Document; (3) the author and recipient(s) of the Document; (4) the general subject matter of the Document; (5) identified attachments to the Document; and (6) the legal ground for withholding the Document.

8.      The Party to whom these Requests are addressed shall produce the requested Documents as they are kept in the usual course of business, or shall organize and label them to correspond with the categories in each individual Request.

9.      If a Document requested herein was but no longer is in the possession, custody, or control of the Party to whom these Requests are addressed, state whether it: (1) is missing or lost, (2) has been destroyed, (3) has been transferred to others, identifying such others, or (4) has otherwise been disposed of. In each such instance, fully explain the circumstances surrounding the authorization of such disposition, and state the date or approximate date thereof.

10.     If a Document requested herein is not in the possession, custody, or control of the party to whom these Requests are addressed but such Party knows or may know how the Document might be obtained, the Party shall set forth such secondary knowledge in full with sufficient detail to permit procurement of the requested Document through the most reliable, efficacious, and expedient means possible.

11.     If a Document requested herein is not in the possession, custody, or control of the party to whom this Request is addressed, identify by name, position, home address, work address, and phone number of each individual who has or may have possessed the Document, had access to it, viewed it, or known of its contents, in whole or in part.

12.     The Party to whom these Requests are addressed is hereby put on notice that the propounding party will treat a failure to fully respond to these Requests as grounds for a motion

3

1    pursuant to Fed R. Civ. P. 45(g).

2    **REQUESTS**

3        1.      ALL DOCUMENTS RELATING TO any assessment or report CONCERNING

4    any Google privacy program, INCLUDING pursuant to Section IV of the Federal Trade

5    Commission Agreement Containing Consent Order entered into with Google in or about 2011.

6        2.      ALL DOCUMENTS RELATING TO notes or summaries of interviews of Google

7    employees CONCERNING any Google privacy program, INCLUDING with respect to Google's

8    promised privacy controls and Google's conduct in connection with Incognito and any other

9    private browsing mode.

10        3.      ALL DOCUMENTS RELATING TO notes or summaries of reviewing any

11    Google DOCUMENTS, data, or processes CONCERNING any Google privacy program,

12    INCLUDING with respect to Google's promised privacy controls and Google's conduct in

13    connection with Incognito and any other private browsing mode.

14        4.      ALL DOCUMENTS RELATING TO any of YOUR internal work papers or

15    assessments CONCERNING any Google privacy program, INCLUDING with respect to

16    Google's promised privacy controls and Google's conduct in connection with Incognito and any

17    other private browsing mode.

18        5.      ALL drafts of any report CONCERNING any Google privacy program,

19    INCLUDING with respect to Google's promised privacy controls and Google's conduct in

20    connection with Incognito and any other private browsing mode.

21        6.      ALL COMMUNICATIONS with Google and DOCUMENTS provided to YOU

22    by Google CONCERNING any Google privacy program, INCLUDING with respect to Google's

23    promised privacy controls and Google's conduct in connection with Incognito and any other

24    private browsing mode.

25        7.      ALL COMMUNICATIONS with anyone other than Google (including for

26    example any federal regulators) CONCERNING any Google privacy program, INCLUDING

27    with respect to Google's promised privacy controls and Google's conduct in connection with

28    Incognito and any other private browsing mode.

4



**Richard J. DeMarco, Jr.**
**Office of the General Counsel**

<u>VIA E-MAIL</u>

October 20, 2021

Ryan J. McGee, Esq.
Morgan & Morgan
201 North Franklin Street
7th Floor
Tampa, Florida 33602

> Re:  Chasom Brown, et al. v. Google, LLC;
>       U.S.D.C., N.D. Cal. – C.A. No. 5:20-CV-03664
>       <u>Subpoena to PricewaterhouseCoopers LLP</u>

Dear Mr. McGee:

PricewaterhouseCoopers LLP ("PwC") has received the subpoena dated September 14, 2021 and served on October 7, 2021 (the "Subpoena") in connection with the above-referenced proceeding (the "Proceeding"). The Subpoena requests that PwC, a non-party, produce documents on October 22, 2021.

PwC provides the following response, including objections, to the Subpoena pursuant to the Federal Rules of Civil Procedure (the "Rules"). By making this response, PwC does not represent that it is in possession, custody or control of documents responsive to the Subpoena.

<u>Objections</u>

The following Objections apply to each of the Requests included in the Subpoena, regardless of whether they are repeated in the Objections To Specific Document Requests set out below.

1. PwC objects to the extent that the Subpoena purports to:  (i) impose on PwC obligations or duties beyond those provided for by the Rules and/or any other applicable rules in connection with responding to the Subpoena; or (ii) alter or modify the rights granted to PwC by the Rules and/or any other applicable rules in connection with responding to the Subpoena. By way of example, and without limitation, PwC objects to the definition of "You" and "Your" set out in Definition F to the extent the Subpoena seeks documents from anyone other than PricewaterhouseCoopers LLP, and to Definition B and to General Instruction Nos. 4, 6, and 9-11.



Ryan J. McGee, Esq.                                                                    October 20, 2021

2.  PwC objects to the Subpoena because, by seeking all documents and communications relating to the requests set out in the Subpoena, the Subpoena is overbroad and seeks documents and communications that are not relevant to any party's claim or defense and proportional to the needs of the case.  Further, given the broad definitions of "Document" and "Communication" set out in the Subpoena and PwC's status as a non-party, requiring PwC to search for and produce all documents and communications sought by the Subpoena would impose an impermissible burden on PwC.

3.  The Subpoena seeks the production of documents on October 22, 2021, only 15 days after service.  PwC thus objects to the Subpoena because it fails to provide reasonable time for compliance.

4.  The Subpoena is burdensome and oppressive to the extent that it seeks information or documents that could be obtained from the parties to the Proceeding, from others who possess the requested information and/or from publicly-available sources.

5.  PwC objects to the extent that the Subpoena seeks production of materials that are exempt from discovery by the accountant-client privilege, the attorney-client privilege, the work product doctrine or any other applicable privilege, exemption, immunity or doctrine.

6.  Any inadvertent production of privileged materials, or of any other materials otherwise protected from disclosure, would not constitute a waiver of any claim of privilege or exemption from production.

7.  PwC objects to the Subpoena to the extent it seeks the production of documents that are protected from discovery by statute.

8.  PwC objects to the Subpoena to the extent that it seeks the production of documents constituting trade secrets or containing or reflecting confidential, proprietary or private information without a showing of substantial need for non-party PwC to produce such information.  Further, absent an appropriate confidentiality stipulation and/or order, PwC would not produce such information.  Please provide me with a copy of any such stipulation or order that has been entered in the Proceeding, or, if none, please provide a draft for our review.

9.  PwC objects to producing information in response to the Subpoena absent an agreement from you that your firm or your client will reimburse PwC for its reasonable costs and expenses incurred in responding to the Subpoena, including internal and/or third party vendor costs relating to the processing and/or production of electronic materials, photocopying or other reproduction charges and reasonable compensation for professional and administrative time (including outside counsel fees and expenses) spent gathering, reviewing and/or producing information in response to the Subpoena.

10.  For the reasons stated herein, the Subpoena is defective because it fails to take reasonable steps to avoid imposing undue burden and/or expense on PwC.  By way of example, and



Ryan J. McGee, Esq.                                                                October 20, 2021

without limitation, PwC objects to the extent the Subpoena purports to require it to search for, review and produce all documents and communications relating to the requests set out in the Subpoena (including but not limited to paper files wherever maintained, e-mail communications and other electronic materials).

<u>Objections To Specific Document Requests</u>

1. For the reasons set out in Objection Nos. 2 and 10, PwC objects to Request No. 1 as being overly broad, unduly burdensome, and because it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case or that are not otherwise within the scope of Rule 26(b)(1). PwC further objects because the phrases "assessment" and "privacy program" are vague and ambiguous. PwC further objects because this Request seeks documents relating to an indeterminate time period and thus it is impermissibly overbroad and burdensome. PwC further objects to this Request because the requested documents more appropriately should be sought from others.

2. For the reasons set out in Objection Nos. 2 and 10, PwC objects to Request No. 2 as being overly broad, unduly burdensome, and because it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case or that are not otherwise within the scope of Rule 26(b)(1). PwC further objects because the phrases "privacy program," "promised," and "Google's conduct" are vague and ambiguous. PwC further objects because this Request seeks documents relating to an indeterminate time period and thus it is impermissibly overbroad and burdensome.

3. For the reasons set out in Objection Nos. 2 and 10, PwC objects to Request No. 3 as being overly broad, unduly burdensome, and because it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case or that are not otherwise within the scope of Rule 26(b)(1). PwC further objects because the phrases "processes," "privacy program," "promised," and "Google's conduct" are vague and ambiguous. PwC further objects because this Request seeks documents relating to an indeterminate time period and thus it is impermissibly overbroad and burdensome.

4. For the reasons set out in Objection Nos. 2 and 10, PwC objects to Request No. 4 as being overly broad, unduly burdensome, and because it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case or that are not otherwise within the scope of Rule 26(b)(1). PwC further objects because the phrases "assessment," "privacy program," "promised," and "Google's conduct" are vague and ambiguous. PwC further objects because this Request seeks documents relating to an indeterminate time period and thus it is impermissibly overbroad and burdensome.

5. For the reasons set out in Objection Nos. 2 and 10, PwC objects to Request No. 5 as being overly broad, unduly burdensome, and because it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case or that are not otherwise within the scope of Rule 26(b)(1). PwC further objects because the phrases "privacy program," "promised," and "Google's



Ryan J. McGee, Esq.                                                                         October 20, 2021

conduct" are vague and ambiguous. PwC further objects because this Request seeks documents relating to an indeterminate time period and thus it is impermissibly overbroad and burdensome.

6. For the reasons set out in Objection Nos. 2 and 10, PwC objects to Request No. 6 as being overly broad, unduly burdensome, and because it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case or that are not otherwise within the scope of Rule 26(b)(1). PwC further objects because the phrases "privacy program," "promised," and "Google's conduct" are vague and ambiguous. PwC further objects because this Request seeks documents relating to an indeterminate time period and thus it is impermissibly overbroad and burdensome. PwC further objects to this Request because the requested documents more appropriately should be sought from Google.

7. For the reasons set out in Objection Nos. 2 and 10, PwC objects to Request No. 7 as being overly broad, unduly burdensome, and because it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case or that are not otherwise within the scope of Rule 26(b)(1). PwC further objects because the phrases "privacy program," "promised," and "Google's conduct" are vague and ambiguous. PwC further objects because this Request seeks documents relating to an indeterminate number of unnamed entities or individuals. PwC further objects because this Request seeks documents relating to an indeterminate time period and thus it is impermissibly overbroad and burdensome. PwC further objects to this Request because the requested documents more appropriately should be sought from others.

PwC reserves the right to amend or modify its objections to the Subpoena. In addition, nothing contained herein shall constitute a waiver of PwC's rights to seek to quash or modify the Subpoena or to obtain any other relief to which it is entitled. Please telephone me to discuss this matter.

Sincerely,

Richard J. DeMarco, Jr.