1  QUINN EMANUEL URQUHART & SULLIVAN, LLP

2  Diane M. Doolittle (CA Bar No. 142046)      Andrew H. Schapiro (admitted *pro hac vice*)
   dianedoolittle@quinnemanuel.com             andrewschapiro@quinnemanuel.com
3  555 Twin Dolphin Drive, 5th Floor           191 N. Wacker Drive, Suite 2700
   Redwood Shores, CA 94065                     Chicago, IL 60606
4  Telephone: (650) 801-5000                    Telephone: (312) 705-7400
   Facsimile: (650) 801-5100                     Facsimile: (312) 705-7401
5

6  Stephen A. Broome (CA Bar No. 314605)        Josef Ansorge (admitted *pro hac vice*)
   stephenbroome@quinnemanuel.com               josefansorge@quinnemanuel.com
7  Viola Trebicka (CA Bar No. 269526)           1300 I. Street, N.W., Suite 900
   violatrebicka@quinnemanuel.com               Washington, D.C. 20005
8  865 S. Figueroa Street, 10th Floor           Telephone: 202-538-8000
   Los Angeles, CA 90017                        Facsimile: 202-538-8100
9  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
10

11
   Jonathan Tse (CA Bar No. 305468)             Jomaire A. Crawford (admitted *pro hac vice*)
12 jonathantse@quinnemanuel.com                 jomairecrawford@quinnemanuel.com
   50 California Street, 22nd Floor             51 Madison Avenue, 22nd Floor
13 San Francisco, CA 94111                      New York, NY 10010
   Telephone: (415) 875-6600                     Telephone: (212) 849-7000
14 Facsimile: (415) 875-6700                     Facsimile: (212) 849-7100

15 *Attorneys for Defendant Google LLC*

16                  UNITED STATES DISTRICT COURT

17      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19                                          | Case No. 5:20-cv-03664-LHK-SVK
   CHASOM BROWN, WILLIAM BYATT,            |
20 JEREMY DAVIS, CHRISTOPHER               | **DEFENDANT GOOGLE LLC'S
   CASTILLO, and MONIQUE TRUJILLO,         | ADMINISTRATIVE MOTION TO SEAL
21 individually and on behalf of all similarly | THE COURTROOM FOR HEARING ON
   situated,                                | SPECIAL MASTER'S SEALED
22                                          | RECOMMENDATIONS AND ORDER
          Plaintiffs,                        | DATED OCTOBER 20, 2021 (DKT NO.
23                                          | 299)**
             v.                             |
24                                          | Referral:  Hon. Susan van Keulen, USMJ
   GOOGLE LLC,                              | Hearing Date:  November 4, 2021
25                                          | Hearing Time:  10:00 A.M.
          Defendant.                         |
26

27

28

GOOGLE'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM FOR HEARING ON SPECIAL
MASTER'S SEALED RECOMMENDATIONS AND ORDER DATED OCTOBER 20, 2021 (DKT NO. 299)

## I.   INTRODUCTION

Both parties expect to reference or discuss Google protected materials at the November 4, 2021 hearing related to the parties' Responses and Objections filed In Response to the Special Master's Report and Orders on Referred Discovery Issues ("Special Master Report")  (Dkt. 299). The parties submitted their respective Responses and Objections (Dkts. 311, 312) on October 28, 2021, which both parties also filed under seal and are still pending before the Court (Dkts. 309, 310).

In accordance with Section 5.2(b) of the Protective Order (Dkt. 81), Plaintiffs informed Google that they intend to discuss at the November 4, 2021 hearing several filings that would involve revealing discovery material designated Confidential or Highly Confidential-Attorney Eye's Only by both Plaintiffs and Google, including Plaintiffs' Submission in Response to Dkt. 297 re: Special Master Brush Report (Dkt. 311) and Google LLC's Responses And Objections To Special Master's Report And Orders On Referred Discovery Issues (Dkt. 312), Plaintiffs' Notice Of Motion And Motion Seeking Relief For Google's Failure To Obey Discovery Order (Dkt. 292), all of which have been filed under seal and are pending before this Court (Dkts. 291, 303, 309, 310). These discussions will contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly and will be discussed at the November 4, 2021 hearing, including details related to Google's internal systems, practices, projects, identifiers, and cookies and their proprietary functions, the various types of logs maintained by Google, information contained in those logs, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors.

The Court previously sealed the April 29, 2021 hearing (Dkt. 143) and portions of the transcript (Dkt. 174), the June 2, 2021 hearing (Dkt. 183) and portions of the transcript (Dkt. 197); the August 12, 2021 hearing (Dkt. 238) and portions of the transcript (Dkt. 286); as well as the September 30, 2021 hearing (Dkt. 285) in this case related to the same or substantively similar information pursuant to Google's request. At the time of this filing, Google also anticipates that the same or similar protected information will be discussed in the November 4, 2021 hearing in *Calhoun*

1

1  *v. Google LLC*, No. 5:20-cv-05146 (N.D. Cal.) and therefore will also move to seal the courtroom

2  for that hearing.

3           In light of the highly confidential material to be discussed at the November 4, 2021 hearing,

4  Google asked Plaintiffs whether they oppose sealing the hearing pursuant to Civil Local Rules 7-11

5  and 79-5 and Federal Rule of Civil Procedure 26(c). Tse Decl., ¶ 3. Plaintiffs stated they do not

6  oppose Google's request. *Id.* Therefore, Google now moves the Court to seal the courtroom for the

7  November 4, 2021 hearing related to the parties' Responses and Objections filed In Response to the

8  Special Master Report.

9  **II.      LEGAL STANDARD**

10          The common law right of public access to judicial proceedings is not a constitutional right

11  and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Crowe v. Cty.*

12  *of San Diego*, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002) ("[T]here is no right of access which

13  attaches to all judicial proceedings." (internal citations omitted)). The right is weakest where, as

14  here, the proceedings concern a non-dispositive discovery motion; rather than satisfy the more

15  stringent "compelling reasons" standard, a party seeking to seal materials in these circumstances

16  must make only a "particularized showing" of "good cause." *Kamakana v. City & County of*

17  *Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Such sealing is appropriate when the information

18  at issue constitutes "competitively sensitive information," such as "confidential research,

19  development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*,

20  2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d

21  1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of

22  materials for many types of information, including, but not limited to, trade secrets or other

23  confidential research, development, or commercial information"); *Standard & Poor's Corp. Inc. v.*

24  *Commodity Exch., Inc.*, 541 F. Supp. 1273, 1275 (S.D.N.Y. 1982) ("[T]he overriding interest to be

25  found in business confidences . . . require[s] . . . temporary reasonably restricted access to the

26  Courtroom of members of the public.").

27

28

III.     **THE HEARING SHOULD BE SEALED BECAUSE PARTIES' ARGUMENTS WILL NECESSARILY INVOLVE DISCLOSURE OF GOOGLE'S HIGHLY SENSITIVE MATERIAL**

All facts militate in favor of sealing the November 4, 2021 hearing. The "good cause" standard that governs the sealing determination in non-dispositive motions is easily met. The parties' Responses and Objections to the Special Master Report as well as Plaintiffs' Notice Of Motion And Motion Seeking Relief For Google's Failure To Obey Discovery Order contain detailed discussions on Google's confidential information, including the highly sensitive features of Google's systems and operations. *See* Dkts. 292, 311, 312. As explained in Google's declaration in support of Plaintiffs' pending Administrative Motion to Seal their Motion Seeking Relief (Dkt. 303) and Google's pending Administrative Motion to Seal Responses and Objections (Dkt. 310), the information sought to be sealed for this hearing reveals Google's internal systems, practices, projects, identifiers, and cookies and their proprietary functions, the various types of logs maintained by Google, information contained in those logs, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such information is protectable and must be kept confidential in order to prevent harm to Google's competitive standing. Moreover, public disclosure of Google's confidential information may put Google at an increased risk of cybersecurity threats. *Id.*

In particular, Plaintiffs' Submission in Response to Dkt. 297 re: Special Master Brush Report (Dkt. 311) and Google LLC's Responses And Objections To Special Master's Report And Orders On Referred Discovery Issues (Dkt. 312), Plaintiffs' Notice Of Motion And Motion Seeking Relief For Google's Failure To Obey Discovery Order (Dkt. 292), contain information that Google filed under seal and is still pending before the Court (Dkts. 291, 303, 309, 310). To address the issues Plaintiffs raised with respect to these filings and the associated documents, including motions, declarations, and exhibits, Google will need to rely on confidential information regarding highly sensitive features of Google's operations. Specifically, this information provides details related to Google's internal cookies, identifiers, projects, practices, and logs, including internal operations related to internal identifiers, which Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such highly confidential

3

1    information reveals Google's internal systems regarding various important products and internal

2    studies.

3           Google must be able to freely refer to this information to fully explain to the Court how its

4    Google's internal cookies, identifiers, projects, practices, and logs, including internal operations

5    related to internal identifiers work, in order to contradict Plaintiffs' unsupported positions—without

6    fear of public disclosure of sensitive Google business information. It would be unfair and prejudicial

7    to force Google's counsel to choose between providing facts to the Court by relying on this

8    confidential information and retaining the confidentiality of these highly sensitive facts. If the

9    hearing is not sealed, Google would have to pick between two evils: revealing its highly confidential

10   information that may harm Google and put it at a competitive disadvantage, or vigorously arguing—

11   without supporting facts—that Plaintiffs' blunderbuss discovery demands are burdensome and

12   disproportional.

13          Given the importance and highly sensitive nature of the aforementioned information related

14   to the parties' discovery disputes, Google believes that sealing the courtroom is the correct and most

15   effective approach. Indeed, this Court has recently sealed the April 29, 2021, June 2, 2021, and

16   August 12, 2021, September 30, 2021 hearings as well as the April 29, 2021, June 2, 2021, and

17   August 12, 2021 transcripts where the same or substantively similar information was discussed. The

18   virtual proceedings in this case permit the attendance of hundreds of interested members of the

19   public, including legal experts and journalists, and allowing confidential material to be discussed in

20   open court in these circumstances is tantamount to having it filed publicly on the docket. Google

21   proposes that the Court seal the November 4, 2021 hearing and that Google will file a motion to seal

22   the November 4, 2021 transcript 7 business days after the hearing to redact any confidential

23   information.

24          Google defers to the Court as to the best method for sealing the November 4, 2021 hearing

25   in light of the virtual proceedings but proposes that the Court may consider directing the parties to

26   dial into a private Zoom meeting, instead of a Zoom webinar.

27

28

GOOGLE'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM FOR HEARING ON SPECIAL
MASTER'S SEALED RECOMMENDATIONS AND ORDER DATED OCTOBER 20, 2021 (DKT NO. 299)

## IV.  CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the November 4, 2021 hearing related to the parties' Responses and Objections filed In Response to the Special Master Report.

DATED:  November 3, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Andrew H. Schapiro
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*

Case No. 5:20-cv-03664-LHK-SVK

GOOGLE'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM FOR HEARING ON SPECIAL
MASTER'S SEALED RECOMMENDATIONS AND ORDER DATED OCTOBER 20, 2021 (DKT NO. 299)