1    QUINN EMANUEL URQUHART & SULLIVAN, LLP

2    BOIES SCHILLER FLEXNER LLP                QUINN EMANUEL URQUHART &
     Mark C. Mao (CA Bar No. 236165)           SULLIVAN, LLP
3    mmao@bsfllp.com                           Andrew H. Schapiro (*pro hac vice*)
     44 Montgomery Street, 41st Floor          andrewschapiro@quinnemanuel.com
4    San Francisco, CA 94104                   191 N. Wacker Drive, Suite 2700
     Telephone: (415) 293 6858                 Chicago, IL 60606
5    Facsimile: (415) 999 9695                 Telephone: (312) 705-7400
                                               Facsimile: (312) 705-7401
6    SUSMAN GODFREY L.L.P.
     William Christopher Carmody (pro hac vice) Stephen A. Broome (CA Bar No. 314605)
7    bcarmody@susmangodfrey.com                stephenbroome@quinnemanuel.com
     Shawn J. Rabin (pro hac vice)             Viola Trebicka (CA Bar No. 269526)
8    srabin@susmangodfrey.com                  violatrebicka@quinnemanuel.com
     1301 Avenue of the Americas, 32nd Floor   865 S. Figueroa Street, 10th Floor
9    New York, NY 10019                        Los Angeles, CA 90017
     Telephone: (212) 336-8330                 Telephone: (213) 443-3000
10                                             Facsimile: (213) 443-3100

11   MORGAN & MORGAN
     John A. Yanchunis (pro hac vice)          Diane M. Doolittle (CA Bar No. 142046)
     jyanchunis@forthepeople.com               dianedoolittle@quinnemanuel.com
12   Ryan J. McGee (pro hac vice)              555 Twin Dolphin Drive, 5th Floor
     rmcgee@forthepeople.com                   Redwood Shores, CA 94065
13   201 N. Franklin Street, 7th Floor         Telephone: (650) 801-5000
     Tampa, FL 33602                           Facsimile: (650) 801-5100
14   Telephone: (813) 223-5505

15   *Attorneys for Plaintiffs; additional counsel*    *Attorneys for Defendant; additional counsel*
     *listed in signature blocks below*                *listed in signature blocks below*
16

17

18                       UNITED STATES DISTRICT COURT

19          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

20   CHASOM BROWN, WILLIAM BYATT,            Case No. 5:20-cv-03664-LHK-SVK
     JEREMY DAVIS, CHRISTOPHER
21   CASTILLO, and MONIQUE TRUJILLO,         **JOINT SUBMISSION IN RESPONSE TO**
     individually and on behalf of all similarly   **DKT. 285 RE: SEALING PORTIONS OF**
22   situated,                              **SEPTEMBER 30, 2021 HEARING**
                                            **TRANSCRIPT**
23          Plaintiffs,

24          v.                              Referral: Hon. Susan van Keulen, USMJ

25   GOOGLE LLC,

26          Defendant.

27

28

1   November 12, 2021

2   Submitted via ECF

3   Magistrate Judge Susan van Keulen
    San Jose Courthouse
4   Courtroom 6 - 4th Floor
    280 South 1st Street
5   San Jose, CA 95113

6          Re:     Joint Submission in Response to Dkt. 285 re: Sealing Portions of September 30,
                   2021 Hearing Transcript
7                  *Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

8   Dear Magistrate Judge van Keulen:

9          Pursuant to Your Honor's September 29, 2021 Order to Seal the Courtroom (Dkt. 285),

10  Plaintiffs and Google LLC ("Google") jointly submit this statement regarding sealing portions of the

11  September 30, 2021 hearing transcript.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Google respectfully seeks to seal the following portions of the September 30, 2021 Hearing

2  Transcript ("Transcript"), which contain Google's confidential and proprietary information regarding

3  highly sensitive features of Google's internal systems and operations that Google does not share

4  publicly, including: Google's internal identifiers/cookies and their proprietary functions, as well as

5  plaintiffs' personally identifiable information. This Court has previously sealed the same or

6  substantively similar information,  including in Dkt. Nos. 143, 152, 160, 172, 174, 183, 190, 197, 226,

7  238, 240, 276, 285, 286, 306, 320. This information is highly confidential and should be protected.

8    This Administrative Motion pertains to the following information contained in the Transcript:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| September 30, 2021 Hearing Transcript | Portions Highlighted in Yellow at 59:17; 68:13-14; 69:1-2, 9-10, 14 | Plaintiffs |
| September 30, 2021 Hearing Transcript | Portions Highlighted in Yellow at 65:4-6 | Google |

14    The parties conferred on the proposed redactions to the Transcript.  Plaintiffs move for sealing

15  of the proposed redactions at Tr. 59:17; 68:13-14; 69:1-2, 9-10, 14 and Google does not oppose.

16  Google moves for sealing of the proposed redactions at Tr. 65:4-6 and Plaintiffs do not oppose.

17  **I.    LEGAL STANDARD**

18    The common law right of public access to judicial records in a civil case is not a constitutional

19  right and it is "not absolute." *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 598 (1978)

20  (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have

21  refused to permit their files to serve as reservoirs of . . . sources of business information that might

22  harm a litigant's competitive standing").  The right to access is further diminished where, as here, a

23  party seeks to prevent the disclosure of information discussed during a hearing on a non-dispositive

24  discovery motion; rather than the more stringent "compelling reasons" standard, a party seeking to

25  seal materials in these circumstances must make only a "particularized showing" of "good

26  cause." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).  A "strong

27  presumption of access" does ***not*** apply to sealed discovery documents attached to non-dispositive

28  motions; a "party seeking disclosure must present sufficiently compelling reasons why the sealed

discovery document should be released." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).  Sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information."  *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

## II.   THE ABOVE IDENTIFIED MATERIALS EASILY MEET THE "GOOD CAUSE" STANDARD AND SHOULD ALL BE SEALED

Although the materials that Google seeks to seal here easily meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard. Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 589-99.  Good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information."  *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014).  Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard.  *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).

Here, the Transcript comprises confidential information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. Specifically, this information provides details related to Google's internal identifiers/cookies and their proprietary functions, as well as plaintiffs' personally identifiable information. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with legal and privacy obligations.

1     Public disclosure of the above-listed information would harm Google's competitive standing it

2  has earned through years of innovation and careful deliberation, by revealing sensitive aspects of

3  Google's proprietary systems, strategies, designs, and practices to Google's competitors.  That alone is

4  a proper basis to seal such information.  *See, e.g., Free Range Content, Inc. v. Google Inc.*, No. 14-cv-

5  02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain

6  sensitive business information related to Google's processes and policies to ensure the integrity and

7  security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-

8  02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because

9  "disclosure would harm their competitive standing by giving competitors insight they do not have");

10  *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting

11  motion to seal as to "internal research results that disclose statistical coding that is not publically

12  available").

13     Moreover, if publicly disclosed, malicious actors may use such information to seek to

14  compromise Google's internal identifier/cookie systems.  Google would be placed at an increased risk

15  of cyber security threats, and data related to browsing of users could similarly be at risk.  *See, e.g., In

16  re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material

17  concern[ing] how users' interactions with the Gmail system affects how messages are transmitted"

18  because if made public, it "could lead to a breach in the security of the Gmail system"). The security

19  threat is an additional reason for this Court to seal the identified information. The information Google

20  seeks to redact, including internal identifiers/cookies and their functionalities, is the minimal amount

21  of information needed to protect its internal systems and operations from being exposed to not only its

22  competitors but also to nefarious actors who may improperly seek access to and disrupt these systems

23  and operations. The information also includes plaintiffs' personally identifiable information that

24  should remain private and confidential. The "good cause" rather than the "compelling reasons"

25  standard should apply but under either standard, Google's sealing request is warranted.

26  **III.     CONCLUSION**

27     For the foregoing reasons, Google respectfully requests that the Court seal the identified portions

28  of the Transcript.

1

2                                                          Respectfully,

3

4    QUINN EMANUEL URQUHART &                    BOIES SCHILLER FLEXNER LLP
     SULLIVAN, LLP

5    */s/ Andrew H. Schapiro*                    */s/ Alexander P. Frawley*
     Andrew H. Schapiro (admitted *pro hac vice*)   Mark C. Mao (CA Bar No. 236165)
6    andrewschapiro@quinnemanuel.com             mmao@bsfllp.com
     191 N. Wacker Drive, Suite 2700             Sean Phillips Rodriguez (CA Bar No.
7    Chicago, IL 60606                           262437)
     Tel: (312) 705-7400                         srodriguez@bsfllp.com
8    Fax: (312) 705-7401                         Beko Reblitz-Richardson (CA Bar No.
                                                 238027)
9    Stephen A. Broome (CA Bar No. 314605)       brichardson@bsfllp.com
     sb@quinnemanuel.com                         44 Montgomery Street, 41st Floor
10   Viola Trebicka (CA Bar No. 269526)          San Francisco, CA 94104
     violatrebicka@quinnemanuel.com              Tel: (415) 293 6858
11   865 S. Figueroa Street, 10th Floor          Fax: (415) 999 9695
     Los Angeles, CA 90017
12   Tel: (213) 443-3000                         James W. Lee (*pro hac vice*)
     Fax: (213) 443-3100                         jlee@bsfllp.com
13                                               Rossana Baeza (*pro hac vice*)
     Diane M. Doolittle (CA Bar No. 142046)      rbaeza@bsfllp.com
14   dianedoolittle@quinnemanuel.com             100 SE 2nd Street, Suite 2800
     555 Twin Dolphin Drive, 5th Floor           Miami, FL 33130
15   Redwood Shores, CA 94065                    Tel: (305) 539-8400
     Telephone: (650) 801-5000                   Fax: (305) 539-1304
16   Facsimile: (650) 801-5100
                                                 William Christopher Carmody (*pro hac
17   Jomaire A. Crawford (admitted *pro hac vice*)   vice*)
     jomairecrawford@quinnemanuel.com            bcarmody@susmangodfrey.com
18   51 Madison Avenue, 22nd Floor               Shawn J. Rabin (*pro hac vice*)
     New York, NY 10010                          srabin@susmangodfrey.com
19   Telephone: (212) 849-7000                   Steven Shepard (*pro hac vice*)
     Facsimile: (212) 849-7100                   sshepard@susmangodfrey.com
20                                               Alexander P. Frawley (*pro hac vice*)
     Josef Ansorge (admitted *pro hac vice*)     afrawley@susmangodfrey.com
21   josefansorge@quinnemanuel.com               SUSMAN GODFREY L.L.P.
     Carl Spilly (admitted *pro hac vice*)       1301 Avenue of the Americas, 32nd Floor
22   carlspilly@quinnemanuel.com                 New York, NY 10019
     1300 I Street NW, Suite 900                 Tel: (212) 336-8330
23   Washington D.C., 20005
     Tel: (202) 538-8000                         Amanda Bonn (CA Bar No. 270891)
24   Fax: (202) 538-8100                         abonn@susmangodfrey.com
                                                 SUSMAN GODFREY L.L.P.
25   Jonathan Tse (CA Bar No. 305468)            1900 Avenue of the Stars, Suite 1400
     jonathantse@quinnemanuel.com                Los Angeles, CA 90067
26   50 California Street, 22nd Floor            Tel: (310) 789-3100
     San Francisco, CA 94111
27   Tel: (415) 875-6600                         John A. Yanchunis (*pro hac vice*)
     Fax: (415) 875-6700                         jyanchunis@forthepeople.com
28                                               Ryan J. McGee (*pro hac vice*)

-5-                                    Case No. 5:20-cv-03664-LHK-SVK

1   *Attorneys for Defendant Google LLC*                rmcgee@forthepeople.com
                                                        MORGAN & MORGAN, P.A.
2                                                       201 N Franklin Street, 7th Floor
                                                        Tampa, FL 33602
3                                                       Tel: (813) 223-5505
                                                        Fax: (813) 222-4736
4
                                                        Michael F. Ram (CA Bar No. 104805)
5                                                       mram@forthepeople.com
                                                        MORGAN & MORGAN, P.A.
6                                                       711 Van Ness Avenue, Suite 500
                                                        San Francisco, CA 94102
7                                                       Tel: (415) 358-6913

8                                                       *Attorneys for Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## ATTESTATION OF CONCURRENCE

2

    I am the ECF user whose ID and password are being used to file this Joint Submission.

3

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has

4

concurred in the filing of this document.

5

6

Dated: November 12, 2021                    By_____*/s/ Andrew H. Schapiro*_____

7
                                                Andrew H. Schapiro
                                                *Counsel on behalf of Google LLC*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28