QUINN EMANUEL URQUHART & SULLIVAN, LLP

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**DECLARATION OF JONATHAN TSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL NOVEMBER 4 HEARING DEMONSTRATIVES (DKT. 321)**<br><br>Referral: Hon. Susan van Keulen, USMJ |

I, Jonathan Tse, declare as follows:

1. I am a member of the bar of the State of California and an attorney with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I am making this declaration pursuant to Civil Local Rule 79-5(e)-(f) as an attorney for Google as the Designating Party, pursuant to Civil Local Rule 79-5(f)(3), as amended on November 1, 2021, and in response to Dkt. 330.

3. On November 4, 2021, Plaintiffs filed an administrative motion to file under seal their November 4 hearing demonstratives. On the same day, I received an unredacted service copy of these documents.

4. I have reviewed the documents that Plaintiffs seek to file under seal pursuant to Civil Local Rule 79-5, an unredacted copy of which has been filed at Docket Entry 321-4. Based on my review, there is good cause to seal the following information. This Court has previously sealed the same or substantively similar information, including in Dkt. Nos. 143, 152, 160, 172, 174, 183, 190, 197, 226, 238, 240, 276, 285, 286, 306, 320, 330.

| Document | Basis for Sealing |
|---|---|
| Plaintiffs' Demonstratives (Dkt. 321-4)<br><br>Pages 3-6, 11-14, 16, 18-19, 26, 28-33, 42-51 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including details related to project names, cookies, internal identifiers, as well as Google's internal communications and practices with regard to Incognito and its proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices |

|  | relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's identifier system and practices relating to competing products. |
|---|---|

5. Google's request is narrowly tailored in order to protect its confidential information. These redactions are limited in scope and volume. Because the proposed redactions are narrowly tailored and limited to portions containing Google's highly-confidential or confidential information and the highly confidential sensitive information of Plaintiffs, Google requests that the portions of the aforementioned documents be redacted from any public version of those documents.

6. Google has pared back Plaintiffs' proposed redactions and does not seek to redact or file under seal any of the remaining portions of Plaintiffs' Motion and Proposed Order not indicated in the table above.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in San Francisco, California on November 12, 2021.

DATED: November 12, 2021              QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Jonathan Tse*
     Jonathan Tse

*Attorney for Defendant*