# EXHIBIT A
# Redacted Version of Document Sought to be Sealed

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 20-cv-03664-LHK (SVK)<br>Case No. 20-cv-05146-LHK (SVK)<br><br>**ORDER ADOPTING IN PART AND MODIFYING IN PART THE SPECIAL MASTER'S REPORT AND ORDERS ON REFERRED DISCOVERY ISSUES** |
| PATRICK CALHOUN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | |

The Court has reviewed the Special Master's Report and Orders on Referred Discovery Issues ("Report") (*Brown* Dkt. 299; *Calhoun* Dkt. 351) and the Parties' objections thereto (*Brown* Dkts. 310-312; *Calhoun* Dkts. 360-363), as well as previous briefing on the subject issues submitted to the Court and to the Special Master. In addition, on November 4, 2021 Court held a hearing on the Parties' objections.

I. **Relevant Background**

Because it informs this Court's rulings below, the Court briefly summarizes the history of the discovery disputes that are the subject of the Report. In the *Brown* action, the disputes addressed by the Report are P3, P6, P7, P14, and P16.[1] In general terms, disputes P3, P6, P7, and P16 concern identification of data regarding the Plaintiffs and putative class members collected by

---

[1] The dispute numbers refer to the Parties' numbering of their discovery disputes in earlier Court filings. *See, e.g., Brown* Dkt. 140; *Calhoun* Dkt. 164.

Google.[2] Dispute P14 addresses Plaintiffs' request for clean-room access to Google systems and nonpublic source code. Disputes P3, P6, and P7 were first addressed to this Court in briefing in April 2021. Dkt. 139. Disputes P14 and P16 were first addressed in briefing in May 2021. Dkt. 176-4. The Court took supplemental briefing on various aspects of the disputes and held hearings on these and other disputes on April 29, June 2, and August 12, 2021. The disputes were referred to the Special Master in July and August. Dkts. 221, 242.

In *Calhoun*, dispute 1.3, which generally addresses the collection of Plaintiffs' identifying data, was first briefed and argued to this Court in April 2021. Dkt. 173. It was the subject of further discovery briefing and hearings through June. Dkts. 178, 206, 220. This matter was referred to the Special Master in July 2021. Dkt. 247. Dispute 1.13, which seeks clean-room access to Google systems, was first briefed on August 3, 2021 and referred to the Special Master on August 12, 2021. Dkt. 253, 262.

In sum, the discovery disputes at hand have been briefed and argued extensively before this Court, before the Special Master, and most recently again before this Court at the hearing on November 4, 2021.

**II.    De Novo Review and Findings**

As required by Federal Rule of Civil Procedure 53, the Court has reviewed de novo all conclusions of the Special Master reflected in the Report and has taken great care to reconsider the steps outlined in Exhibit A to the Report. In so doing, Court has kept in sharp focus the requirements of Rule 26(b)(1) as it relates to the allegations, the proposed class definitions, and the defenses in these actions.

- Pursuant to its de novo review, the Court finds that the Special Master's factual conclusions regarding the overbreadth of the Plaintiffs' requests for access to nonpublic source code and access to Google's systems via a clean-room are well taken and adopts those findings. In sum, Plaintiffs have not demonstrated the requisite factual basis of necessity for either one of these extraordinary processes, particularly in light of the detailed

---

[2] The *Brown* Plaintiffs' objection to the collective treatment of disputes P3, P6, P7, P16 in the Report is addressed below.

process set forth in Exhibit A to the Report, now modified herein and attached as Exhibit 1.

- Pursuant to its de novo review, the Court finds that the Special Master's factual conclusions regarding the deficiencies in Google's production of information about searches conducted to date as well production of Plaintiffs and putative class data (*Brown*) and data associated with Plaintiffs or their personal information (*Calhoun*) are well founded and adopts those findings. As previously noted by this Court, Google knows what data it has collected regarding Plaintiffs and putative class members and where that data may be found, therefore Google must produce the information and data as directed herein.

- Pursuant to its de novo review, the Court finds that the Special Master's factual conclusions regarding the relationship between disputes designated as P3, P6 and P16, which mirror this Court's handling of these issues prior to engagement of the Special Master, are well taken and adopts those findings.

- Plaintiffs in *Brown* request a further 30(b)6 deposition of Google on the subject of identification of Plaintiffs' data, which is the subject of dispute P3. Plaintiffs' request was briefed to this Court in late June/early July of this year, prior to referral of dispute P3 to the Special Master. Dkt. 199, 211. Although this motion was not specifically identified in the referral order, it is but one component of dispute P3. Exhibit 1 now provides a detailed process for resolution of dispute P3. Accordingly, Plaintiffs' request for a further deposition is denied. However, the Special Master is authorized to order a further deposition on the subject matter set forth in the Plaintiffs' motion if he deems it necessary after evaluating the information provided by Google.

- Pursuant to its de novo review and as addressed at the hearing, the Court finds that the process for the remaining productions of relevant data by Google as outlined in Exhibit A

3

to the Report will benefit from amendment and clarification. Accordingly, the Court's revision to Exhibit A to the Report is attached hereto as Exhibit 1.

- All of the Parties' objections and responses to opponents' objections raised in the briefs and at the hearing were carefully considered in modifying the process by which Google will now provide critical information on searches for data and by which the remaining productions will be conducted as provided in Exhibit 1 hereto. For example, the *Brown* Plaintiffs' objection that Exhibit A to the Report adopted the ▮ data sources identified by Google is addressed in large part by additional requirements in the first step of Exhibit 1 requiring attestation by Google as to the identified data sources as well as by the scope of the iterative searches allowed later in the process. As a further example, the *Calhoun* plaintiffs focused on the production of data related to ▮▮▮.[3] That data was not excluded in Exhibit A to the Report and its production, where appropriate, is specified in Exhibit 1 hereto. Google argued that ▮▮▮ data will not provide the information Plaintiffs are seeking. If that argument has merit, it will be supported by the search result information required of Google in Exhibit 1. In sum, as argued for at the hearing, the steps for remaining productions in Exhibit 1 provide the *Brown* and the *Calhoun* Plaintiffs the tools to identify class members using Google's data, to quantify interceptions of certain private browsing data, as well as to formulate damages models.

- Google's objections largely sounded in overbreadth and burden. To the extent Exhibit 1 hereto requires the significant commitment of time, effort, and resources across groups of engineers at Google on very short timelines, that burden is in proportion to the demands of these class litigations and arises, at least in part, as a

---

[3] Although Google requested an opportunity to respond to the declaration of Professor Zubair Shafiq submitted by the *Calhoun* Plaintiffs, for the reasons noted above, a response is not necessary.

4

result of Google's reticence thus far to provide critical data source information in these actions. That is not to say that relevant information has not been produced; Google has produced millions of pages of documents. Further, as found by the Special Master, where the Parties could reach agreement, good results followed. However, more is required of Google, as provided in Exhibit 1.

- Finally, as the Court has noted in recent months and again at the hearing on November 4, discovery is bounded both by the Federal Rules and by case management deadlines. The requests for production from Google must and will come to an end as provided for in Exhibit 1.

Accordingly, the Court adopts the Special Master's Report as indicated herein and **ORDERS** the Parties to proceed as set forth in Exhibit 1. The Special Master is to be an intermediary throughout each step of the process. Specifically, Google will provide all results to the Special Master for approval prior to production to Plaintiffs. The Special Master will evaluate the results for content and compliance with this Order and is authorized to order Google to provide additional information. Plaintiffs will provide all input for Google search and other activities to the Special Master who will review Plaintiffs' requests for relevancy and proportionality. The Special Master is authorized to order Plaintiffs to modify and resubmit any input request.

The Court calls to the Parties' attention the timelines in Exhibit 1, which the Court intentionally left largely undisturbed from the Special Master's Report in light of the discovery history in these cases and the impending case management deadlines. The Special Master is authorized to adjust any deadlines in his discretion. Unless otherwise ordered by the Special Master, "days" refers to business days, Monday-Friday, excluding court holidays.

Pursuant to Rule 53(c)(1)(B), the Special Master is authorized to take all appropriate measures to perform his duties fairly and efficiently and to enforce this Order as he deems

////

////

5

appropriate including modifying this Order, issuing further orders, convening conferences of the Parties, and recommending sanctions or otherwise seeking the assistance of this Court.

**SO ORDERED.**

Dated: November 12, 2021

*Susan van Keulen*
SUSAN VAN KEULEN
United States Magistrate Judge

6

# EXHIBIT 1
# TO
# ORDER ADOPTING IN PART AND MODIFYING IN PART THE SPECIAL MASTER'S REPORT AND ORDERS ON REFERRED DISCOVERY ISSUES

**Chasom Brown, et. al., v. Google LLC (Case No. 5:20-cv-03664-LHK-SVK) – P3**

1. Within four days of the date of this Order Google is to provide the Special Master a full list of all data sources which have been searched during the overall discovery process. The full list will include the name of the data source, the date(s) on which the searches to date were carried out and a list of all bates ranges in the production(s) associated with each searched data source identified specifically by data source. Additionally, Google shall provide a declaration, under penalty of perjury from Google, not counsel, that 1. To the best of its knowledge, Google has provided a complete list of data sources that contain information relevant to Plaintiffs' claims; and 2. All responsive data related to the Named Plaintiffs have been produced from all searched data sources in the respective prior searches.

2. Within four days of the date of this Order Google is to provide the Special Master, for each search previously performed, full criteria (including code/script and, where code/script is not easily understood, an explanation of the code/script, and a list of all identifiers that were used to search each data source) used as well as the name of the tool(s) used. This should be provided in a form that can be easily reviewed, validated, and reconciled to productions.

3. A reasonable person with experience working in the IT field would expect that live production systems are fully documented. Accordingly, within four days of the of the date of this Order Google is to provide to the Special Master full schemas, a list of ALL fields with their descriptions, a list of tools used to search the respective data sources, and instruction sets and manuals for all tools identified as being used by "Googlers" to search each of the following data sources:

    1. ███████████████████████████████████ 
       (searched with Dremel)
    2. ████████████ (searched with Dremel)
    3. ███████████████████ (searched with Dremel)
    4. ████████████ (searched with Dremel)
    5. ██████████
    6. ███████████████████
    7. ████████████
    8. Any data sources searched in addition to the 7 listed above
    9. Any other of the data sources Plaintiffs specify from the list of potentially relevant data sources provided by Google on September 17, 2021, named, "AEO 2021-09-17 Brown v. Google -Google Submission.xlsx". Plaintiffs must identify to the Special Master the data sources for which they want Google to provide this information for within two days of the date of this Order.

Once the Special Master has reviewed the Plaintiff selected data sources and provided those to Google, Google will have an additional two days to provide the information described above to the Special Master.

4. Within two days of Google's compliance with *Section 3* above, Plaintiffs are to propose search terms to the Special Master to search for Plaintiff data in no more than ten (10) of the data sources disclosed above in *Numbers 8 and 9* above in addition to all of the first seven (7) items above, and once Google receives the search terms from the Special Master, Google is to run the searches (and future iterations of each search) as described below:
    1. If not already done, for the data sources disclosed in the first seven (7) listed data sources in *Section 3* above, within three days of the date of this Order (these processes were to be completed and productions made by October 15, 2021, as noted in the Special Master Update dated October 16, 2021), Google is to provide to the Special Master full records of each responsive and relevant search term hit as well as the criteria used for the searches already carried out.
    2. For the data sources disclosed in *Numbers 8 and 9* above in *Section 3* and chosen for searching by the Plaintiffs, within three days Google is to provide to the Special Master full records of each responsive and relevant search term hit as well as the criteria used for the searches carried out.
    3. Upon receipt of the records described in the *Section 4, Numbers 1 and 2* above, Plaintiffs may update search criteria for the searches already performed and have Google run searches iteratively (no more than three additional iterations not inclusive of the initial search) at Plaintiffs request. Plaintiff updates to search criteria will be provided to the Special Master for review within two days of receipt of productions. Google will complete iterative searches and related productions within three days of being provided with updated search criteria by the Special Master.
    4. IP address search hits will not identify a unique user in most/many cases. An IP address can, however, be used along with another "identifier" or "identifiers" to form criteria for a search. Plaintiffs must specify additional criteria to search on when using an IP address as a search term. If additional search terms are identified in previous searches of a data source, those terms may also be combined with IP addresses to form iterative searches up to the number identified in *Section 4, Number 3* above.
    5. If additional data sources are identified during the search process and deemed as potentially relevant by the Special Master, the Special Master may allow Plaintiffs' searches of these data sources following the protocol described above in *Section 4*. For any data sources identified in this circumstance, Google will provide Plaintiffs with the information about these data sources as described in *Section 3* above.
    6. The Special Master is authorized to reject any additional searches at any time for good cause. Good cause is in the discretion of the Special Master.

**Patrick Calhoun, et. al., v. Google LLC (Case No. 5:20-cv-05146-LHK-SVK) – 1.3**
1. Within four days of the date of this Order Google is to provide the Special Master a full list of all data sources which have been searched during the overall discovery process. The full list will include the name of the data source, the date(s) on which the searches to date were carried out, a list of all bates ranges in the production(s) associated with each searched data source identified specifically by data source. Additionally, Google shall provide a declaration, under penalty of perjury from Google, not counsel, that 1. To the best of its knowledge, Google has provided a complete list of data sources that contain information relevant to Plaintiffs' claims; and 2. All responsive data related to the Named Plaintiffs have been produced from all searched data sources in the respective prior searches.

2. Within four days of the date of this Order Google is to provide to the Special Master, for each search performed, full criteria (including code/script and, where code/script is not easily understood, an explanation of the code/script, and a list of all identifiers that were used to search each data source) used as well as the name of the tool(s) used. This should be provided in a form that can be easily reviewed, validated, and reconciled to productions.

3. A reasonable person with experience working in the IT field would expect that live production systems are fully documented. Accordingly, within four days of the date of this Order Google is to provide to the Special Master full schemas, a list of ALL fields with their descriptions, a list of tools used to search the respective data sources, and instruction sets and manuals for all tools identified as being used by "Googlers" to search each of the following:
    1. Any data sources identified by plaintiffs for searching in the past.
    2. Any data source previously searched by Google for this case.
    3. Any potentially relevant data source (from the list provided by Google on September 17, 2021, named, "AEO 2021-09-17 Calhoun v. Google -Google Submission.docx") where information about sync-state signals are stored, where sync-state is expressly stated or can be inferred or from which signals include:
        - 
        - 
        - 
        - 
        - 
        - 
    4. Any "back-end logs" (i.e. those logs which include any logs or data sources where Google stores information about Plaintiffs after data has been received by ▬, ▬, or any other Google front-end) where at least three of the following data parameters are found: (1) user or device identifiers including ▬ identifiers; (2) URL or content of a user communication; (3) profile information; (4) ad information that includes pricing or revenue information; (5) X-client data; or (6) user-agent.

    5. Any potentially relevant data source (from the list provided by Google on September 17, 2021, named, "AEO 2021-09-17 Calhoun v. Google -Google Submission.docx") where ▉-keyed data resides.

    6. Any other of the data sources Plaintiffs choose from the list of potentially relevant data sources provided by Google on September 17, 2021, named, "AEO 2021-09-17 Calhoun v. Google -Google Submission.docx". Plaintiffs must identify to the Special Master the data sources for which they want Google to provide this information for within two days of the date of this Order. Once the Special Master has reviewed the Plaintiff selected data sources and provided that to Google, Google will have an additional two days to provide the information described above for each Plaintiff selected data source from this numbered item.

4. Within two days of Google's compliance with *Section 3* above, Plaintiffs are to propose search terms to the Special Master to search for Plaintiff data in no more than fifteen (15) of the data sources disclosed in *Section 3* above, and once Google receives the search terms from the Special Master, Google is to run the searches (and future iterations of each search) as described below:

    1. Within three days of the Plaintiffs' search terms being provided by the Special Master, Google is to provide to the Special Master full records of each responsive and relevant search term hit as well as the criteria used for the searches.

    2. Upon receipt the records described in the *Section 4, Number 1* above, Plaintiff may update search criteria and have Google run searches iteratively (no more than three additional iterations not inclusive of the initial search) at Plaintiffs request. Plaintiff updates to search criteria will be provided to the Special Master for review within two days of receipt of productions. Google will complete iterative searches and related productions within three days of being provided with updated search criteria by the Special Master.

    3. IP address search hits will not identify a unique user in most/many cases. IP addresses can, however, be used along with another "identifier" or "identifiers" to form criteria for a search. Plaintiffs must specify additional criteria to search on when using an IP address as a search term. If additional search terms are identified in previous searches of a data source, those terms may also be combined with IP addresses to form iterative searches up to the number identified in *Section 4, Number 2* above.

    4. If additional data sources are identified during the search process and deemed as potentially relevant by the Special Master, the Special Master may allow Plaintiffs' searches of these data sources following the protocol described above in *Section 4*. For any data sources identified in this circumstance, Google will provide Plaintiffs with the information about these data sources as described in *Section 3* above.

    5. The Special Master is authorized to reject any additional searches at any time for good cause. Good cause is in the discretion of the Special Master.

5. Google is to complete and provide to the Special Master, within two days of the date of this Order the following tasks subject to iterative follow up searches (these data source searches are in addition to the 15 data source limit; the initial searches were to have been

completed and productions made by October 15, 2021, as noted in the Special Master Update dated October 16, 2021) described in *Section 4* above:
  1. ▮ data searches and production of full records of each responsive and relevant search term hit as well as the criteria used for the search.
  2. ▮ searches and production of full records of each responsive and relevant search term hit as well as the criteria used for the search.
  3. ▮ searches and production of full records of each responsive and relevant search term hit as well as the criteria used for the search.

6. ▮-keyed data will be provided for review to the Special Master by Plaintiffs within three days of the date of this Order. Google will complete these searches and related productions and provide these productions for review to the Special Master within three days of being provided ▮-keyed data by the Special Master. Google will search for data associated with the new ▮ identifiers on all data sources where such data may reside, even if not previously disclosed by Google. Google will identify the data sources and provide the information to the Special Master for review as described in *Section 3* above about each data source from which any ▮-keyed data is found.