# Joint Submission Redacted Version of Document Sought to be Sealed

| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293 6858<br>Facsimile: (415) 999 9695<br><br>SUSMAN GODFREY L.L.P.<br>William Christopher Carmody (pro hac vice)<br>bcarmody@susmangodfrey.com<br>Shawn J. Rabin (pro hac vice)<br>srabin@susmangodfrey.com<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 336-8330<br><br>MORGAN & MORGAN<br>John A. Yanchunis (pro hac vice)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (pro hac vice)<br>rmcgee@forthepeople.com<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br><br>*Attorneys for Plaintiffs; additional counsel listed in signature blocks below* | QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>Andrew H. Schapiro (*pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Jomaire A. Crawford (admitted *pro hac vice*)<br>jomairecrawford@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>*Attorneys for Defendant; additional counsel listed in signature blocks below* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**JOINT SUBMISSION RE: DEPOSITION OF GOOGLE OFFICER LORRAINE TWOHILL**<br><br>**FILED UNDER SEAL**<br><br>Referral: Hon. Susan van Keulen, USMJ |

December 16, 2021

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

Re: Joint Submission re: Deposition of Google Officer Lorraine Twohill
*Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

Pursuant to Your Honor's November 2021 Civil and Discovery Referral Matters Standing Order and the Court's recent order (Dkt. 353), Plaintiffs and Google LLC ("Google") jointly submit this statement regarding their dispute over Plaintiffs' request to depose Google employee Lorraine Twohill. Counsel for the parties met and conferred and reached an impasse on this request. There are 37 days until the close of fact discovery. Dkt. 277. A trial date has not yet been set. Exhibit A contains each party's respective proposed order.

**PLAINTIFFS' STATEMENT**

Plaintiffs respectfully seek a Court order permitting them to depose Google Chief Marketing Officer Lorraine Twohill regarding her work related to Incognito mode, certain key admissions she made that relate to the claims in this case, and other relevant issues. Google has not met its burden to establish good cause to block Ms. Twohill's deposition. Google agreed to include Ms. Twohill as a document custodian, and the documents produced by Google and testimony by other Google employees confirm that Ms. Twohill should be deposed.

A protective order limiting discovery may only issue upon a showing of "good cause" (Fed. R. Civ. P. 26(c)), and the "burden is upon the party seeking the order to 'show [such] cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (citations omitted). Where a party seeks to prevent depositions, this burden is a "heavy" one. *Apple v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). Absent extraordinary circumstances, "it is very unusual for a court to prohibit the taking of a deposition altogether." *Id.* The burden for barring the deposition of apex deponents "is supplied by the general rule applicable to a party that seeks to avoid discovery in general" and can only be "selectively employed on a case by case basis when deemed appropriate." *In Re Nat'l W. Life Ins. Deferred Annuities Litig.*, No. 05-CV-1018-AJB WVG, 2011 WL 1304587, at *4 n.2 (S.D. Cal. Apr. 6, 2011). The court considers "(1) whether the deponent has unique first-hand, non-repetitive knowledge of facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Apple*, 282 F.R.D. at 263.

**1. Ms. Twohill's unique first-hand, non-repetitive knowledge of crucial information.**

The evidence in this case easily satisfies the first element. For example:

- On January 29, 2021, Ms. Twohill sent an email to four top Google executives (including Mr. Pichai) identifying issues she thought Google needed to address, including to "[m]ake Incognito mode *truly private*" by "turning cookie blocking on by default" and "adding cautionary language" where Google was otherwise "limited in how strongly we can market Incognito because ***it's not truly private,*** *thus requiring really fuzzy, hedging language that is almost more damaging*." GOOG-BRWN-00406065 (emphasis added).

- In response, one Google executive wrote that Ms. Twohill was "the most indispensable voice in privacy council" (GOOG-BRWN-00223141). Google has not produced any written response from Mr. Pichai, but a subsequent email from Ms. Twohill indicates that she "spoke with SP [Sundar Pichai] on other stuff on Friday and I asked him to keep pushing the PAs to help." GOOG-BRWN-00696977. Plaintiffs seek to depose Ms. Twohill concerning those relevant admissions and also relevant, undocumented conversations regarding her concerns over marketing Incognito as private.

- While Google's main defense is that users somehow consented to Google collecting their data even while in Incognito mode, Ms. Twohill's custodial files include a June 2021 internal presentation noting ████████ GOOG-BRWN-00686207 (emphasis added) (presenting data from multiple markets including the U.S.). Google has not identified any other employees as custodians for this presentation, showing that Ms. Twohill has unique knowledge regarding ████████

- Ms. Twohill has participated in conversations about Incognito since before the start of the class period (June 2016). For example, ████████

GOOG-BRWN-00683878 (emphasis added).  That document is solely from Ms. Twohill's files, and Plaintiffs seek to question Ms. Twohill regarding those proposals.

- Ms. Twohill also took part in critical conversations regarding Google's branding of Incognito, based on years of Google research documenting user misconceptions with Incognito mode.  *See, e.g.*, GOOG-BRWN-00696654, GOOG-BRWN-00220453.  In 2019, Ms. Twohill raised with Google's privacy steering committee the need for "rebranding" Incognito. GOOG-BRWN-00183088.  Other deponents were not present at those meetings, did not know of any recorded minutes of those meetings, and did not know the basis for Ms. Twohill's position on rebranding.  *See e.g.*, Mardini Tr. at 334:17–338:14.

- Ms. Twohill is also a custodian on a presentation from 2021 directing that Google employees not ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (GOOG-BRWN-00686435). Ms. Twohill leads Google's marketing team in implementing privacy-related strategies with Google's branding (GOOG-CABR-04267955 and GOOG-CABR-04267955), and assessing the value of Google's privacy brand in Chrome (GOOG-BRWN-00684451 and GOOG-BRWN-00684943), and her testimony will also provide important information regarding Google's decision to market to the public privacy-related features to users while Google ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and using "fuzzy, hedging language."

Plaintiffs seek to depose Ms. Twohill because she has "first-hand knowledge of relevant facts."  *In re Apple iPhone Antitrust Litig.*, No. 11-cv-06714-YGR (TSH), 2021 WL 485709, at *5 (N.D. Cal. Jan. 26, 2021) (citations omitted).  The fact that lower-level Google employees agree with Ms. Twohill that Incognito is "not truly private" (as Google notes below) provides no basis to oppose this deposition. She discussed that view with other high-level Google executives during conversations not memorialized in writing.  Ms. Twohill's first-hand knowledge, including as a key member of Google's Privacy Council with ownership over multiple privacy-related projects (GOOG-CABR-05151499 and GOOG-BRWN-00177845), and as a decision-maker implementing privacy-related marketing strategies, show that she is an appropriate deponent.  *See In re Apple iPhone Antitrust Litig.*, 2021 WL 485709, at *5 (compelling deposition); *Hardin v. Wal-Mart Stores, Inc.*, No. 08-CV-0617 AWI BAM, 2011 WL 6758857, at *2 (E.D. Cal. Dec. 22, 2011) (same); *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. at 265 (same).

**2. Plaintiffs cannot obtain the discoverable information Ms. Twohill possesses through alternative methods.**

Google produced key documents from Ms. Twohill's files that she authored and that are not linked to any other custodian.  Other documents reference meetings with Ms. Twohill where Google employees discussed relevant issues but they either did not memorialize those discussions or Google has not produced meeting notes.  *See* GOOG-BRWN-00696650 (Ms. Twohill presented with information in a room with content covering the walls); GOOG-BRWN-00696751 (early 2019 email from Ms. Twohill with concerns regarding the Incognito icon for which no other documents have been identified describing the issues raised or the resulting decisions); Mardini Tr. at 334:17–338:14.  Moreover, Ms. Twohill would have received relevant information, including regarding Google's tracking of users and collection of users' private browsing information, and Ms. Twohill would have been responsible for using this information to develop strategies for Google's user-facing marketing.  As recently as 2021, Ms. Twohill's work included determining how to discuss Incognito with the public, including class members.  *See* GOOG-BRWN-00686435.

Plaintiffs have been diligent, and no further steps should be required before scheduling this important deposition.  Plaintiffs have identified for Google 16 of the 20 depositions they have been

permitted to take, and they have completed five of those depositions. Google has over 100,000 employees, and Plaintiffs cannot depose everyone reporting to Ms. Twohill, all meeting participants, or even all of the Google employees who admitted that Incognito is "not truly private." While Google would apparently prefer Plaintiffs to use all their 20 depositions on employees with less knowledge, there are no other individuals who would or could provide the information that Plaintiffs seek by deposing Ms. Twohill. *Finisar Corp. v. Nistica, Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *2 (N.D. Cal. June 30, 2015) (formal exhaustion is a consideration, and "not an absolute requirement" (internal quotation marks omitted)); *see also In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. C-07-05634 CRB (DMR), 2014 WL 939287, at *5 (N.D. Cal. Mar. 6, 2014) ("Requiring that a party exhaust other discovery sources before taking an apex deposition creates a burden-shifting analysis not mandated by the Federal Rules of Civil Procedure or the relevant case law."); *Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015 WL 1518067, at *3 (N.D. Cal. Apr. 3, 2015) (ordering CEO's deposition because other executives were not involved in or could not recall some of the "communications and decisions allegedly made" by the CEO).

## GOOGLE'S STATEMENT

As Plaintiffs concede, any deposition of Google's Chief Marketing Officer is subject to the apex doctrine, which requires that "parties seeking to depose a high ranking corporate officer must first establish that the executive (1) has unique, non-repetitive, firsthand knowledge of the facts at issue in the case, and (2) that other less intrusive means of discovery, such as … depositions of other employees, have been exhausted without success." *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (denying apex deposition); *Schneider v. Chipotle Mex. Grill, Inc.*, 2017 WL 4127992, at *3 (N.D. Cal. Sept. 19, 2017) (denying deposition of Chief Marketing Officer where the noticing party did not show unique personal knowledge).

Plaintiffs have failed to show either. *First*, their own document citations demonstrate that Ms. Twohill does not have unique knowledge not possessed by other Google employees, including the very Chrome engineers, product managers, researchers, and team leads whose direct insights and technical know-how Ms. Twohill routinely solicits and relies upon. *Second*, Plaintiffs have only taken five of the twenty depositions allotted to them, with several more scheduled in the coming weeks. They have not yet deposed relevant lower-level individuals as required by the apex doctrine. *Id.* That Ms. Twohill is a custodian (whom Google added at Plaintiffs' request) does not dispense with the requirement to show that the apex deposition of this senior Google executive is appropriate.

**1. Plaintiffs fail to show that Ms. Twohill has unique first-hand, non-repetitive knowledge**. Tellingly, Plaintiffs fail to point to a single public-facing, marketing-related statement or concrete decision that Ms. Twohill made concerning Incognito mode for Chrome. Instead, they speculate that Ms. Twohill was a "decision-maker implementing privacy-related marketing strategies" who "would have" received information, including about "Google's tracking of users and collection of … private browsing information." **_Not one deponent has testified to this effect, nor could they,_** as this fundamentally misconstrues Ms. Twohill's responsibilities, which would not involve unique knowledge of product-specific decisions (which often that require collaboration amongst various Googlers) or the technical nuances of any alleged data collection (given Ms. Twohill's role as a marketing executive—not an engineer). Plaintiffs' request ignores that the very documents they cite came from those **with the first-hand knowledge they seek**, namely: (i) existing ESI custodians whom Plaintiffs can and may soon depose, or (ii) other Google employees they elected to forego by leap-frogging to the apex of Google's corporate hierarchy. Plaintiffs' cherry-picked soundbites omit key facts from the documents they cite and otherwise inflate Ms. Twohill's supposed role, underscoring why it would be improper to grant their request for her deposition:

● A close review of their brief reveals that several of Plaintiffs' citations involve a January 2021 email from Ms. Twohill presenting "random thoughts" on privacy themes for various products and services in connection with Google's "International Data Privacy Day." *E.g.*, GOOG-BRWN-

00406065.  But many of these statements **_do not_** originate with Ms. Twohill.  In fact, part of the sole quote Plaintiffs cite about Incognito appears verbatim in an uncited email from a lower-level member of the marketing team who shared "ideas" with Ms. Twohill that "a few of [them] … pulled together."  GOOG-BRWN-00696955.  While Plaintiffs characterize this as lower-level employees "agree[ing] with Ms. Twohill" on a point about Incognito, the team member's email predates Ms. Twohill's by two weeks.  That Ms. Twohill passed along a view from her team confirms that she lacks unique knowledge about the opinions of another. Fatal to their request, Plaintiffs made no attempt to seek discovery from those whose "ideas" they now misattribute to Ms. Twohill.

In fact, the generic buzzwords Plaintiffs seize on—i.e., that Incognito is "not truly private" and requires "fuzzy, hedging language"—appears in **_dozens_** of produced documents (as well as public articles), and reflects views not unique to Ms. Twohill.  *See, e.g.*, GOOG-BRWN-00028052 (email describing Incognito as "not truly private"); GOOG-CABR-04984230 (custodians/deponents Chris Palmer, Ramin Halavati, and Adrienne Porter Felt discussing if Google can "have an incognito mode that is more truly private browsing").  Courts in this district could not be clearer: the apex doctrine precludes Plaintiffs from treating Google's CMO as the starting point for this inquiry.

- Plaintiffs also cite a June 2020 meeting invite claiming that "Ms. Twohill leads the marketing team in implementing privacy-related strategies with Google's branding."  Yet, Plaintiffs fail to point to what Ms. Twohill actually implemented, its relevance, and her first-hand knowledge of branding considerations (despite receiving thousands of pages of her ESI).  They also omit that this meeting was called to solicit input from Chetna Bindra (Product Manager), a custodian whom Plaintiffs have not sought to depose.  *See, e.g.*, GOOG-CABR-04267955.  Plaintiffs must attempt to obtain discovery from lower-level employees before pursuing these inquiries from Ms. Twohill.

- Plaintiffs also seek an apex deposition from Ms. Twohill because her ESI included a June 2021 ▮▮▮▮▮▮ presentation noting ▮▮▮▮▮▮ ▮▮▮▮▮▮ citing GOOG-BRWN-00686207 and Google's consent defense.  This single bullet appears in a 71-page slide deck that describes ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮  Plaintiffs' parenthetical that the presentation "present[s] data from multiple markets including the U.S." ignores the substance of this slide.  Google's metadata does not list Ms. Twohill as an author of this deck and she cannot have unique knowledge about public views or "opinion research" that she did not personally conduct.  Moreover, Google's consent defense is predicated on its actual disclosures and scientific surveys designed to test user understanding—not on random smatterings of foreign user sentiments.

- Plaintiffs cite GOOG-BRWN-00686435 claiming that Ms. Twohill is "the sole custodian" of a playbook on a "Safer With Google" brand project, which is not Incognito-specific.  Not so.  Google produced this from Florian Uunk's custodial file, *see* GOOG-CABR-04479895, whom Plaintiffs have not sought to depose either.  In any event, the presentation (which Ms. Twohill did not draft) says that any questions should be directed to another Googler—yet another employee Plaintiffs have not sought to depose.  Plaintiffs also cherry pick a single sentence from a 278-page deck about what to call Incognito mode. Google produced GOOG-BRWN-00801030, which identifies the Googlers working on this project, including custodian Rahul Roy-Chowdhury.

- Plaintiffs rely heavily on the fact that Ms. Twohill is "a member of Google's Privacy Council" but fail to explain the unique information she possesses as it relates to Incognito for Chrome.  In reality, the Privacy Council is not product-specific and the documents Plaintiffs cite in order to show that Ms. Twohill has "ownership over multiple privacy-related projects" actually list other Googlers (not Ms. Twohill) for the project specifically relating to Incognito.  *See, e.g.*, GOOG-BRWN-00177845 (Ms. Twohill not listed as an "owner" for "[l]aunch[ing] incognito mode and/or other significant privacy features across Search, YouTube, Chrome, [and] Maps").  Further, produced documents show that custodian Rahul Roy-Chowdhury (Product Management, Chrome) was a member of the Council, yet Plaintiffs have made no attempt to seek his deposition either.

**2. Plaintiffs fail to satisfy exhaustion by leap-frogging lower-level employees.** The foregoing documents and the lack of any deposition testimony pointing to Ms. Twohill in any capacity shows that she does not have unique knowledge, and moreover, that Plaintiffs have not tried to obtain the discovery they seek through less-intrusive means. *Mehmet v. PayPal, Inc.*, 2009 WL 921637, at *2 (N.D. Cal. Apr. 3, 2009) ("Courts generally refuse … the immediate deposition of … executives … before the depositions of lower level employees with more intimate knowledge[.]"). This is precisely the harassment the apex doctrine was designed to curtail. *Celerity, Inc. v. Ultra Clean Holding, Inc*., 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007) ("Virtually every court [to] address[] deposition notices [to] an official at the … 'apex' of … management has [noted] such discovery creates a tremendous potential for abuse or harassment.").

That Ms. Twohill "leads the marketing team" on certain product-agnostic, "privacy-related strategies" and "features," does not discharge Plaintiffs' duty to seek discovery from those with first-hand knowledge, including the very engineers, team leads, and PDPO members who analyzed and worked on privacy issues pertaining to Chrome's Incognito mode. Simply citing, for example, her "thoughts" from 2014 about how various Google products might be better marketed (i) is insufficient to satisfy the apex doctrine; and (ii) says nothing of what could be gained from the Chrome engineers, team leads, and others who work on these issues day-to-day. Likewise, an email from Ms. Twohill suggesting Incognito "***might*** need rebranding" shows that any inquiry into rebranding is appropriately directed at the teams that actually evaluated the merits of this decision (and ultimately made the resulting decisions that Plaintiffs deem relevant). Citations to Mr. Mardini's deposition transcript are unavailing. Mr. Mardini is a Product Manager for Chrome whose work is unrelated to Chrome's marketing function. In fact, one transcript page after the testimony that Plaintiffs cite, Mr. Mardini provided two names from the Chrome marketing team of individuals with whom he might have spoken about certain statements, and Plaintiffs have not pursued discovery from either of those individuals. *See* Mardini Tr. 339:7-340:9.

Plaintiffs' citation to *In re Transpacific Passenger Air Transportation Antitrust Litig.* is inapposite. There, the Court did not do away with the exhaustion requirement, instead noting that exhaustion is "an important consideration" and that "[t]he history of [a] party's efforts to obtain … other discovery, or lack of such efforts, can shed considerable light on whether the party is seeking the apex deposition for appropriate purposes." 2014 WL 939287, at *5 (N.D. Cal. Mar. 6, 2014). There, the *Transpacific* court found that "Plaintiffs did make an attempt" to gather discovery in other ways before seeking it via the deposition of an apex custodian; but the same cannot be said of Plaintiffs' efforts here. *Id*. Moreover, Google is not arguing, as Plaintiffs incorrectly suggest, that they must "depose everyone reporting to Ms. Twohill," but rather that the law requires that they pursue at least some discovery from other relevant sources because a deposition of Ms. Twohill is not the appropriate starting point for the information they seek. Given Ms. Twohill's seniority, and Plaintiffs' failure to satisfy the apex doctrine's requirements, Plaintiffs' request should be denied.

Respectfully,

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BOIES SCHILLER FLEXNER LLP |
| */s/ Andrew H. Schapiro* | */s/ Mark C. Mao* |
| Andrew H. Schapiro (admitted *pro hac vice*) | Mark C. Mao (CA Bar No. 236165) |
| andrewschapiro@quinnemanuel.com | mmao@bsfllp.com |
| 191 N. Wacker Drive, Suite 2700 | Beko Reblitz-Richardson (CA Bar No. 238027) |
| Chicago, IL 60606 | brichardson@bsfllp.com |
| Tel: (312) 705-7400 | Erika Nyborg-Burch |
| Fax: (312) 705-7401 | enyborg-burch@bsfllp.com |
| | 44 Montgomery Street, 41st Floor |
| Stephen A. Broome (CA Bar No. 314605) | San Francisco, CA 94104 |
| sb@quinnemanuel.com | Tel: (415) 293 6858 |
| Viola Trebicka (CA Bar No. 269526) | Fax: (415) 999 9695 |
| violatrebicka@quinnemanuel.com | |
| 865 S. Figueroa Street, 10th Floor | James W. Lee (*pro hac vice*) |
| Los Angeles, CA 90017 | jlee@bsfllp.com |
| Tel: (213) 443-3000 | Rossana Baeza (*pro hac vice*) |
| Fax: (213) 443-3100 | rbaeza@bsfllp.com |
| | 100 SE 2nd Street, Suite 2800 |
| Jomaire A. Crawford (admitted *pro hac vice*) | Miami, FL 33130 |
| jomairecrawford@quinnemanuel.com | Tel: (305) 539-8400 |
| 51 Madison Avenue, 22nd Floor | Fax: (305) 539-1304 |
| New York, NY 10010 | |
| Telephone: (212) 849-7000 | William Christopher Carmody (*pro hac vice*) |
| Facsimile: (212) 849-7100 | bcarmody@susmangodfrey.com |
| Josef Ansorge (admitted *pro hac vice*) | Shawn J. Rabin (*pro hac vice*) |
| josefansorge@quinnemanuel.com | srabin@susmangodfrey.com |
| Carl Spilly (admitted *pro hac vice*) | Steven Shepard (*pro hac vice*) |
| carlspilly@quinnemanuel.com | sshepard@susmangodfrey.com |
| 1300 I Street NW, Suite 900 | Alexander P. Frawley (*pro hac vice*) |
| Washington D.C., 20005 | afrawley@susmangodfrey.com |
| Tel: (202) 538-8000 | SUSMAN GODFREY L.L.P. |
| Fax: (202) 538-8100 | 1301 Avenue of the Americas, 32nd Floor |
| | New York, NY 10019 |
| Jonathan Tse (CA Bar No. 305468) | Tel: (212) 336-8330 |
| jonathantse@quinnemanuel.com | |
| 50 California Street, 22nd Floor | Amanda Bonn (CA Bar No. 270891) |
| San Francisco, CA 94111 | abonn@susmangodfrey.com |
| Tel: (415) 875-6600 | SUSMAN GODFREY L.L.P. |
| Fax: (415) 875-6700 | 1900 Avenue of the Stars, Suite 1400 |
| | Los Angeles, CA 90067 |
| *Attorneys for Defendant Google LLC* | Tel: (310) 789-3100 |
| | |
| | John A. Yanchunis (*pro hac vice*) |
| | jyanchunis@forthepeople.com |
| | Ryan J. McGee (*pro hac vice*) |
| | rmcgee@forthepeople.com |
| | MORGAN & MORGAN, P.A. |
| | 201 N Franklin Street, 7th Floor |
| | Tampa, FL 33602 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Tel: (813) 223-5505
Fax: (813) 222-4736

Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Submission. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: December 16, 2021                    By *Andrew H. Schapiro*
                                               Andrew H. Schapiro
                                               *Counsel on behalf of Google*