# PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

*Attorneys for Plaintiffs*

William Christopher Carmody
(admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas,
32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
mram@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
**MORGAN & MORGAN**
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  5:20-cv-03664-LHK-SVK<br><br>**PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**<br><br>**(CIVIL LOCAL RULE 16-2)**<br><br>The Honorable Susan van Keulen<br>Courtroom 6 - 4th Floor<br>Date: February 8, 2022<br>Time: 10:00 a.m. |

**NOTICE OF MOTION AND**

**MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**

PLEASE TAKE NOTICE that on February 8, 2022, at 10:00 a.m., or as soon as the matter may be heard before then,[1] the undersigned will appear before the Honorable Magistrate Judge Susan van Keulen of the United States District Court for the Northern District of California at the San Jose Courthouse, Courtroom 6, 4th Floor, 280 South 1st Street, San Jose, CA 95113, to move for an Order modifying the current Case Management Order (Dkt. 261), pursuant to Federal Rule of Civil Procedure 16 and Northern District of California Civil Local Rules 16-2 and 7.[2] This Motion is based upon this Notice and Motion, the following Memorandum of Points and Authorities, the Declaration of Mark Mao, other materials in the record, argument of counsel, and such other matters as the Court may consider.

**ISSUE PRESENTED**

Whether Plaintiffs have diligently pursued discovery and are therefore entitled to a modest extension of the current deadlines for the close of fact discovery and expert reports?

**RELIEF REQUESTED**

Plaintiffs respectfully request that the Court enter their proposed order modifying the Case Management Order to extend the close of fact discovery from January 21, 2022 to March 4, 2022, the deadline for opening expert reports from February 11, 2022 to March 18, 2022, and the deadline for rebuttal expert reports from March 24, 2022 to April 15, 2022.

Dated: December 31, 2021                    SUSMAN GODFREY L.L.P.

                                            By: */s/ Amanda Bonn*
                                            Amanda Bonn (CA Bar No. 270891)

---

[1] Due to the coming January 21 close of fact discovery, Plaintiffs have asked Google to stipulate to an expedited briefing schedule for this motion. Plaintiffs will file a stipulation memorializing any agreement or, if necessary, move to expedite the hearing for this motion.

[2] Because of the Court's Order notifying the parties of possible reassignment to a new judge, Dkt. 364, Plaintiffs have noticed this motion for Magistrate Judge van Keulen. If necessary, Plaintiffs can re-file this motion for a different judge.

2

1

## **TABLE OF CONTENTS**

2

INTRODUCTION ..........................................................................................................5

3

    I.       Google's Initial Data Production Delay and Obstruction........................6

4

    II.     Contrary To Google's Representations, The Special Master and the Court Find that Google Has Not Produced Plaintiffs' Data ...................8

5

6

    III.    Google's Continued Data Production Delay and Obstruction ............................10

7

    IV.    Google Belatedly Produces Very Important Documents That Are Relevant to The Special Master Process and Class Member Identification..............................................................................................12

8

9

    V.    Plaintiffs Have Been Diligent And Are Being Diligent .......................15

10

ARGUMENT ...............................................................................................................16

11

    I.       Legal Standard........................................................................................16

12

    II.     Plaintiffs Have Diligently Pursued Discovery ......................................17

13

    III.    There Is Good Cause for a Modest Extension..........................................18

14

        A.     The Special Master Process....................................................18

15

        B.     Google's ███████████████████...................................20

16

        C.     Depositions ..............................................................................21

17

        D.     Discovery Related to Google's Not-Yet-Filed Answer...........................23

18

CONCLUSION ............................................................................................................25

19

20

21

22

23

24

25

26

27

28

3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
2012 WL 1595784 (N.D. Cal. May 4, 2012)..........................................................................13

*Applied Med. Res. Corp. v. Tyco Healthcare Grp. LP*,
2013 WL 12472050 (C.D. Cal. Jan. 14, 2013).......................................................................17

*Guifu Li v. A Perfect Day Franchise, Inc*,
281 F.R.D. 373 (N.D. Cal. 2012) (Koh, J.) ............................................................................13

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
2014 WL 5462496 (N.D. Cal. Oct. 23, 2014) .......................................................................10

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
2011 WL 2837405 (N.D. Cal. July 18, 2011) .......................................................................18

*Lanier v. San Joaquin Valley Offs. Ass'n*,
2016 WL 4764669 (E.D. Cal. Sept. 12, 2016) ......................................................................13

*Lujan v. Nat'l Wildlife Fed.*,
497 U.S. 871 (1990) ...............................................................................................................10

*Oracle USA, Inc. v. SAP AG*,
264 F.R.D. 541 (N.D. Cal. 2009) ..........................................................................................13

**Rules**

Local Civil Rule 16 .......................................................................................................................10

Federal Rule of Civil Procedure 30(b)(6)....................................................................................15

4

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Throughout this case, Plaintiffs have diligently sought relevant discovery from Google, including discovery that would enable Plaintiffs to identify class members and the data Google collected from their private browsing. Google is still withholding relevant discovery based on Google's own say-so about the data's usefulness and relevance. Because of Google's delay and obstruction, there is no hope for the parties to complete fact discovery by the current January 21, 2022 deadline, nor expert reports by February 11. Numerous loose ends must be tied up:

- Plaintiffs have requested dates for all 20 of their depositions, but through no fault of their own, at least 5 fact witnesses will likely need to be deposed after January 21. Google is also slow-rolling response to Plaintiffs' 30(b)(6) deposition notices, served on December 3. Google has not provided dates, designees, or formal objections. Yet Google has suggested that it will be refusing to produce a witness on numerous important topics, including a topic about Incognito detection.

- Within the Special Master process, Google has taken three weeks to complete a ***partial*** production for ***the first of four searches*** that Google is required to run pursuant to the Court's November 12 Order. More time is needed to complete that process while, in addition, providing Plaintiffs with sufficient time to evaluate the resulting data in advance of the discovery cutoff and expert report deadlines.

- In addition to delaying the Special Master process, Google is obstructing it by withholding information ███████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████ Google is now refusing to clarify whether there are additional missing logs.

- Google has not yet produced all documents ███████████████████ ██████ Google did not respond to Plaintiffs' multiple emails about this issue until the day of this filing, and Google is sitting on a draft joint letter brief.

- Google has not yet filed an Answer to the Complaint.

Plaintiffs now seek a modest six-week extension of the fact discovery cutoff to tie up these loose ends, as well as corresponding extensions of the expert report deadlines. These deadlines can be extended without impacting the current schedule for briefing class certification.

5

## I.    Google's Initial Data Production Delay and Obstruction

Plaintiffs diligently served document requests on Google early on in this case, serving 19 requests on September 30, 2020, and another 130 requests on October 19, 2020. Mao Decl. ¶ 3. Plaintiffs' first set of document requests included RFP 18, seeking "Documents concerning Plaintiffs, including Plaintiffs' use of Google services, all data collected by Google from and regarding Plaintiffs, and Google's use of all data collected by Google from and regarding Plaintiffs." *Id.* With RFP 10, Plaintiffs also sought "Documents sufficient to identify all alleged class members." *Id.*

Plaintiffs explained in prior filings that they seek data relating to the named Plaintiffs and their devices to "meaningfully assess the identification of class members." Dkt. 140 at 4. As a compromise, and to focus the parties' efforts to identify class members, Plaintiffs in April 2021 offered to "begin with data for the named Plaintiffs." *Id.* at 4. Google declined, arguing that it should not be required to produce *any* data that *Google itself* does not consider to be indisputably attributable to a specific person (so-called "unauthenticated" data).  *Id.* at 5. Similarly, during an April 29, 2021 discovery hearing, addressing similar issues in the related *Calhoun v. Google* case (5:20-cv-05146-LHK-SVK) (N.D. Cal.), Google explained that "what we would like to do is focus the requests for data that are associated with Plaintiffs to data that we can authenticate as being associated with those plaintiffs, and that's the Google account data, the GAIA information." *Calhoun* Apr. 29 Tr. at 44:6-10.

This Court rejected Google's argument, holding that Google's say-so about the data is not a valid basis to deny discovery.

> ***I think that the request is appropriate for Google to turn over the information it has on the named plaintiffs***, the profile data, and if there is more robust profile data that is created for Google employees and that – that would seem to be the appropriate level of production, ***along with the device data, whether or not it's – whether or not it can authenticate it's only used by this plaintiff***, but any device data associated with the plaintiffs and the more robust profile data.

*Calhoun* April 29 Tr. at 46:16-24 (emphases added).

6

During the *Brown* portion of the same hearing, the Court reiterated its holding that Google

cannot withhold discovery based on its own say-so about the data.

> Well, but what the ***Plaintiffs are asking for is pieces of information from different places because they want to see if they can piece together, by combination of that information, class members.  And that's why – I mean, it seems to me that they have a right to try to do that with whatever information you have***. . . . They can test it and they can make of the data what they will.

*Brown* Apr. 29 Tr. at 19:2-7, 20:7-8 (emphasis added). The Court subsequently issued an

Order requiring Google to produce all "authenticated" and "unauthenticated" data for the

named Plaintiffs:

> For RFP Nos. 10 (class identification) and 18 (individuals' data), as an initial step, ***Google will produce identification data for the named Plaintiffs***. Google will promptly supplement any production made to date with ***authenticated data identifiers*** as to both the individuals and their devices provided Plaintiffs have provided the necessary device information, ***as well as unauthenticated data***.

Dkt. 147-1 at 2 (emphases added).

Google still did not comply, leading to further briefing and another hearing, on June 2,

2021. During that hearing, the Court again explained that Plaintiffs are entitled to their data for

purposes of challenging Google's arguments about the data's usefulness and relevance:

> I think it is appropriate for Plaintiffs to be able to test statement and that position in some fashion, whether it is flat out the clean room proposal or something else, some other form of access, but there needs to be some way for the Plaintiffs to understand and to test or challenge [Google's assertions].

June 2 Tr. at 33:1-7. The Court then ordered additional briefing regarding Plaintiffs' request for

class member data (Dispute P3). Dkt. 191-1 at 2. In its brief, Google represented to the Court that

it had "already produced authenticated data and ***relevant*** unauthenticated data." Dkt. 211 at 1

(emphasis added). The keyword in Google's sentence was "relevant." Google was again taking the

position that Google alone is entitled to decide relevance, without giving Plaintiffs any opportunity

to assess the data and Google's relevance determination. This dispute was subsequently referred

to Special Master Douglas Brush. *See* Dkt. 220 at 2.

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**II.    Contrary To Google's Representations, The Special Master and the Court Find that Google Has Not Produced Plaintiffs' Data**

With the Special Master's assistance, in late 2021, Plaintiffs learned that Google was withholding responsive data that it should have produced pursuant to the Court's prior orders. In response to Special Master Brush's request for Google to summarize its data production to date, Google admitted that it withheld data linked to numerous identifiers. *See* Dkt. 303-5 at 6 (admitting that Google did "not produce[] data keyed to the following information Plaintiffs provided," including User-agent, X-Client Data header, IP Address, and ██████████████████ Google tried to justify its refusal to produce that data based on its own asserted views about the data, including whether the data was "sufficiently unique" and a "reliable means to identify individual users." *Id.*

Shortly thereafter, on September 16, 2021, the Court issued an Order setting forth a three-step process "to address issues of production of documents regarding Plaintiffs and potential class members." Dkt. 273 at 1. First, Google would identify responsive databases and data logs that contain private browsing data. *Id.* Second, Google would provide additional information about those databases and data logs. *Id.* at 2. Third, Google would search those databases and logs using search strings. *Id.*

The Court crafted this process with the current discovery schedule in mind. Just a few weeks earlier, the Court had set the current schedule, including the January 21, 2022 close of fact discovery. Dkt. 261. Within its September 16 Order, the Court noted: "It [was] the expectation of the Special Master and the Court that the productions that will result from this process will be completed by the October 6, 2021 deadline previously ordered by this Court." *Id.* at 2. The October 6 deadline left plenty of time for Plaintiffs to evaluate the data in advance of the January 21 discovery cutoff—for purposes of preparing for depositions and preparing expert reports.

But Google's obstruction made that deadline unworkable as Google continued to hold back relevant and responsive data. For example, in a September 29 letter, Google refused to search with IP addresses and other so-called "unauthenticated" identifiers:

8

- Google does not agree to search for or produce ▮▮▮▮▮▮▮ identifiers associated with [Plaintiffs'] IP addresses ***because such a production would include information associated with users who are not Plaintiffs*** and who have not consented.

- Google does not agree to search for or produce ▮▮▮▮▮▮▮ associated with [specific device identifiers] ***because such a production would include information associated with users who are not Plaintiffs*** and who have not consented.

Dkt. 292-7 (Ex. F to Rule 37(b) Motion) (emphasis added).

The October 6 deadline came and went, so Plaintiffs filed a Rule 37(b) Motion seeking immediate production of the named Plaintiffs' data or an Order prohibiting Google from making arguments about any data it had refused to produce. *See* Dkt. 292. Special Master Brush then informed the Court of his plan to issue a Report and Recommendation regarding the disputes that had been referred to him, and the Court set a briefing schedule for objections to that Report while staying further briefing on Plaintiffs' Rule 37(b) motion "pending resolution of the issues set forth in the forthcoming Report and Recommendations." Dkt. 297.

Special Master Brush's Report validated Plaintiffs' repeated objections. He found as "fact" that the named Plaintiffs' data has "not yet been fully produced." Dkt. 299 ¶ 53. To remedy that problem, Special Master Brush recommended restarting the process outlined in the Court's September 16 Order, with specific requirements. Notably, Google would be ordered to conduct four rounds of "iterative" searches, with Plaintiffs permitted to update their search criteria following each search, and with Plaintiffs permitted to use IP addresses as a search term. *Id.*

On November 12, 2021, after reviewing the parties' objections (Dkts. 311, 312), the Court adopted most aspects of the Special Master's Report. *See* Dkt. 331. The Court agreed with the Special Master's factual finding that Google had not yet produced all of the named Plaintiffs' data: "the Court finds that the Special Master's factual conclusions regarding the deficiencies in Google's production of information about searches conducted to date as well as production of Plaintiffs and putative class data . . . are well founded and adopts those findings." *Id.* at 3. The Court also adopted the Special Master's recommendation that Google restart the process and

9

1    conduct four rounds of "iterative" searches, including with IP addressees as a search term. *Id.* Ex.

2    1.

3         The Court also took care to craft production deadlines based on the current January 21

4    close of fact discovery. The Order "call[ed] to the Parties' attentions the timelines" as critical "in

5    light of the discovery history in these cases and the impending case management deadlines." *Id.* at

6    5. Those timelines contemplated Google producing all data for the first of the four iterative

7    searches by November 26, 2021 (nine business days after November 12). *Id.* Ex. 1. All four

8    searches and productions would be complete by December 17 (fifteen days after the completion

9    of Search 1)—leaving just over a month before the close of fact discovery. The Court also made

10   clear that it had considered and was not persuaded by Google's overbreadth and burden objections:

11   "To the extent Exhibit 1 hereto requires the significant commitment of time, effort, and resources

12   across groups of engineers at Google on very short timelines, that burden is in proportion to the

13   demands of these class litigations and arises, at least in part, as a result of Google's reticence thus

14   far to provide critical data source information in these actions." *Id.* at 4-5.

15   **III.    Google's Continued Data Production Delay and Obstruction**

16        The timeline was tight, but Plaintiffs diligently sought to move forward quickly, to obtain

17   data in advance of depositions and expert report deadlines. Plaintiffs were committed to meeting

18   the Court's deadlines. Google in turn resorted to its old delay and obstructionist tactics.

19        With just three weeks remaining before the close of fact discovery, Google has still not

20   completed the first of the four required iterative searches – which was supposed to be completed

21   by November 26, 2021. At this pace, Google will not complete all four searches until long after

22   discovery is set to close, and after Plaintiffs' opening expert reports are due.

23        Google did not even come close to meeting the Court's first deadline. The November 12

24   Order required Google to provide, within four business days, among other information, "full

25   schemas," "descriptions," and "a list of tools used to search" for the data sources that Google

26   identified on September 17. Dkt. 331 Ex. 1. That information should have been produced by

27                                                10

28

1    November 18, thus starting Plaintiffs' two-day clock to propose search terms and data sources for

2    the first of the four iterative searches. *Id.* But Google did not even purport to complete that first

3    step until December 9, three weeks after its deadline. Mao Decl. ¶ 18. Plaintiffs quickly reviewed

4    Google's (vastly incomplete) production, and just *one day later* (on December 10) provided their

5    proposal for the first iterative search. *Id.*  Special Master Brush shortly thereafter provided a

6    modified version of Plaintiffs' proposal to Google and directed Google to complete its production

7    within the three-day timeframe set by the November 12 Order. *Id.* ¶ 19.

8            Google did not meet that deadline, either. Instead, Google provided what it called a

9    "partial" production on December 21, and asked for an extension until January 3, 2022 to produce

10   other data responsive to Plaintiffs' first iterative search. *Id.* Plaintiffs cannot make a proposal for

11   the second iterative search until after reviewing the full results from the first search. It is therefore

12   doubtful that Google can complete even two of the four iterative searches before the January 21

13   close of fact discovery.

14           In addition to delaying the process, Google is again obstructing this process. On December

15   24, Google stated that it is running searches only ███████████████████████████████████████

16   ███████     *Id.* ¶ 21 (emphasis added). According to Google, ████████████████████████████

17   ███████████████████████████████████████████████████████████████████████████████████

18   ████████████████████████████████     *Id.* (emphasis added). Once again,

19   Google is withholding data on the basis of its own say-so about the data's usefulness and relevance,

20   in violation of numerous instructions by the Court, as well as the Special Master's direction that

21   Google run a modified version of Plaintiffs' initial search proposal (including the search terms that

22   Google is seemingly refusing to run as "less relevant"). Google also suggested that it is only using

23   the ████████ tool to complete the searches, notwithstanding that the Court's November 12 Order

24   listed ████████ as just one tool that Google must use. *Id.* ¶ 23; Dkt. 331 Ex. 1. That is a problem

25   because Google has represented to Plaintiffs that ████████ searches ██████████████████████

26   ████████████████████████     *Id.* ¶ 23. The upshot is that in a case about Google's impermissible

27                                                                11

28

collection of private browsing data since June 1, 2016, ████████████████████████████

██████████

**IV.    Google Belatedly Produces Very Important Documents That Are Relevant to The Special Master Process and Class Member Identification**

One of the main purposes of the parties' work with the Special Master has been to facilitate the production of data and information for Plaintiffs to use to identify Incognito users and traffic and quantify damages. In the Court's own words, "the steps for remaining productions in Exhibit 1 [of the November 12 Order] provide the *Brown* . . . Plaintiffs the tools to identify class members using Google's data, to quantity interceptions of certain private browsing data, as well as to formulate damages models." Dkt. 331 at 4.

As it turns out, ██████████████████████████████████████████████████ ███████████████ but Google delayed production of key documents regarding ████████ producing many shortly before (and also after) the Court's prior production deadlines. As part of Google's efforts to ██████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ █████████████████████████:



GOOG-CABR-04795996.

12

1  GOOG-CABR-03662990.

2  　　　On November 24, 2021, the day before Thanksgiving, Google for the first time produced

3  an email identifying the ███████████████████████████████████████████████████████

4  ███████████████████████████████████████████

5

6

7

8

9

10

11

12

13  GOOG-CABR-05280756.

14  　　　The identification of this particular log was significant because Google had never before

15  identified this log to Plaintiffs or the Special Master. Mao Decl. ¶ 25. Prior to reviewing this

16  document, Plaintiffs had reasonably expected that Google identified to the Special Master all of

17  the logs ██████████████████████████████. Plaintiffs promptly brought

18  this missing log to the Special Master and Google's attention during a December 15 status hearing,

19  where ████████████████████████████████████████████████████████████

20  ██████████████████████████ *Id.* Consistent with their prior arguments,[3]██████████

21

22  _____
   [3] █████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████

24  ███████████████████████ GOOG-BRWN-00386511; *see also* GOOG-BRWN-
   00613801 ████████████████████████████████████████████████

25  ████████████████████████████████████████████████ GOOG-
   CABR-00891789. ██████████████████████████████████████

26  █████████████████████████ GOOG-BRWN-00433503 at -03.

27  　　　　　　　　　　　　　　　　　　　　13

28



1    █████████████████████████████████████████████████████████

2    █████████████████████████████████████████████████████████

3    ████████████████████████████████████████ *Id.* ¶ 26.████

4    ████████████████████████ a private browsing session before or after visiting a third-

5    party website that uses Google Analytics or Ad Manager, that data would be relevant to identifying

6    the class member and relevant Google data collections.

7           The Special Master agreed with Plaintiffs and directed Google to produce the log schema

8    for the ██████████████ and to run searches of that log. ████████████████████

9    ███████████████████████████████████████████ *Id.* ¶ 26.[4]

10          Google is nevertheless refusing to tell Plaintiffs ██████████████████

11    ██████ Plaintiffs followed up with Google on December 15 to ask that Google identify all other

12    log sources that ████████████████████████████████████████████

13    █████████████████████████████████████████ *Id.* ¶ 27. Google did

14    not respond. *Id.* Plaintiffs again followed up on December 21. *Id.* Google has not responded. *Id.* It

15    is likely that Google is withholding other logs, data sources, and fields ████████████████

16    ████████████████████████████████ were the only missing source, then

17    Google would surely confirm as much. Google has instead refused to respond to Plaintiffs'

18    requests, hiding the ball from Plaintiffs, the Special Master, and the Court.

19          Google has similarly refused to respond to emails from Plaintiffs regarding Google's

20    deficient document productions relating to Google's ████████████████████████

21    Plaintiffs on December 14 propounded Interrogatories and Requests for Admissions relating to

22

23

---

24    But until reviewing the email regarding the █████████████ Plaintiffs did not know of any

specific logs that Google omitted from its list of relevant data sources produced to the Special

25    Master.

26    [4] ████████████████████████████████████████████████████████

27    ███████████████████

28

████████████ and, on the same day, informed Google that its productions regarding ████████

were incomplete:

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
████████████████████████████

Mao Decl. ¶ 29. These documents should have been produced in response to numerous RFPs, including RFP 122: "Documents concerning any usage analytics regarding any Chrome browser features, including any analysis and findings regarding consumers' use of Incognito mode." Google has likewise refused to produce relevant hyperlinks from emails relating to ████████ on the basis that they contain source code. *Id.* ¶ 30. Plaintiffs followed up with Google on December 16; again, Google did not respond. *Id.* ¶ 31.

Google during the December 15 status conference with the Special Master took the position ███████████████████████████████████████████████████████ ████████████████████. *Id.* ¶ 32. But it is improper for Google to make that argument without making ████████████████ available to Plaintiffs, at which point the parties and their experts can litigate its reliability. Plaintiffs ultimately sent Google a draft letter brief on this issue. *Id.* ¶ 33. Google has not yet provided its portion of the letter brief. *Id.*

## V. Plaintiffs Have Been Diligent And Are Being Diligent

Unlike Google, Plaintiffs have consistently sought to move the case forward, particularly in discovery. Plaintiffs began serving discovery requests in September 2020, and have now served a total of 235 RFPs, 40 interrogatories, and 75 RFAs—meeting the limits imposed by the Court. Mao Decl. ¶ 5; Dkt. 298. Plaintiffs have also diligently followed up on all of their requests and, when necessary, raised disputes with the Court. The parties have filed 17 joint letter briefs, addressing numerous disputes. Dkts. 90, 119, 127, 129, 140, 155, 177, 202, 218, 230, 258, 281, 290, 296, 314, 355, 357. With the Court's assistance, Plaintiffs have overcome Google's dawdling approach to teeing up these disputes. Most recently, for example, Google took over *three* weeks

15

1  to prepare its inserts for the parties' joint letter briefs regarding Ms. Twohill's and Mr. Pichai's

2  depositions. Mao Decl. ¶ 6.

3          Google is similarly slow-rolling responses to Plaintiffs' 30(b)(6) deposition notices, served

4  on December 3. Google has still not provided any dates or designees, nor formal objections, but

5  Google indicated during a meet-and-confer that it will not prepare a witness to testify about

6  numerous topics. *Id.* ¶ 12. Despite not having Google's formal objections, Plaintiffs are preparing

7  a joint letter brief for the Court regarding disputed topics, and hope that Google will cooperate in

8  getting that brief on file in a timely manner.

9          Google has also not yet filed any Answer to Plaintiffs' Complaint. Anticipating that the

10  pleadings might not be settled until near the close of discovery, Plaintiffs over the summer asked

11  Google to identify any affirmative defenses that Google plans to assert, so that Plaintiffs could

12  take discovery on those defenses. Mao Decl. ¶ 36. Google refused. *Id.*

13          Google has also refused to stipulate to a reasonable schedule extension. The parties met

14  and conferred on December 24, during which Google would not commit to a reasonable extension.

15  *Id.* ¶ 37. Plaintiffs followed up by email the day before filing this motion. Google responded the

16  next day (the day of this filing), declining Plaintiffs' proposal but offering a more limited and

17  unrealistic extension. *Id.*

18                                              **<u>ARGUMENT</u>**

19  **I.      Legal Standard**

20          The Court has "extensive flexibility to modify the fixed time periods found throughout the

21  rules, whether the enlargement is sought before or after the actual termination of the allotted time."

22  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 906 n.7 (1990) (quotation marks and citation omitted).

23  Under the Local Rule 16-2(d) factors applicable here, the movant must: (1) describe the

24  circumstances which support the request; (2) affirm that counsel for the moving party has

25  conferred with all other counsel in an effort to reach agreement about the matter and, for each other

26  party, report whether that party supports or opposes the request for relief; (3) be accompanied by

27

28

                                              16

1  a proposed revised case management schedule; and (4) indicate any changes required in the

2  schedule in the case. N.D. Cal. LR 16-2(d).

3       To obtain an extension, Plaintiffs need only show that they have diligently pursued

4  discovery and that good cause exists to extend the discovery deadlines. *See In re Cathode Ray*

5  *Tube (CRT) Antitrust Litig*., No. C-07-5944-SC, 2014 WL 5462496, at \*9 (N.D. Cal. Oct. 23,

6  2014) (noting that the purpose of this requirement is to "prevent[] parties from profiting from

7  carelessness, unreasonability, or gamesmanship, while also not punishing parties for

8  circumstances outside their control" (citing *Orozco v. Midland Credit Mgmt. Inc.,* No. 2:12-cv-

9  02585-KJM-CKD, 2013 WL 3941318, at \*3 (E.D. Cal. July 30, 2013))). Plaintiffs meet both

10  elements. They have diligently pursued discovery, and there is good cause for the modest extension

11  they seek.

12  **II.      Plaintiffs Have Diligently Pursued Discovery**

13       There can be no dispute that Plaintiffs have diligently pursued discovery in this case.

14  Plaintiffs' 235 RFPs and persistent requests for additional custodians and search terms have led to

15  their diligent review of millions of pages of Google documents. Mao Decl. ¶ 5. Plaintiffs have also

16  met the Court-imposed limits for interrogatories (40) and requests for admissions (75), and have

17  consistently demanded adequate responses from Google, including by raising disputes with the

18  Court when necessary. The parties have now filed 17 joint letter briefs, addressing numerous

19  disputes. Dkts. 90, 119, 127, 129, 140, 155, 177, 202, 218, 230, 258, 281, 290, 296, 314, 355, 357.

20  Plaintiffs have also selected and requested dates from Google for all 20 of the depositions they are

21  permitted to take, noticing each well-in-advance of the current January 21 deadline. Mao Decl. ¶

22  13. Unlike Google, Plaintiffs have also met all of their deadlines within the Special Master process

23  without once seeking an extension. Mao Decl. ¶ 35.

24       Plaintiffs do not need extra time to serve new requests or conduct brand new discovery.

25  Plaintiffs need extra time to complete ongoing discovery that Google has delayed and obstructed,

26  including relevant data and document production and the remaining depositions.

27

28

17

1    Plaintiffs have been particularly diligent in responding to Google's efforts to stonewall

2    them from taking important discovery. Plaintiffs filed a Rule 37(b) Motion in October based on

3    Google's refusal to comply with the April 30 Order, which requires Google to produce all of the

4    Plaintiffs' so-called "authenticated" and "unauthenticated" data. Dkt. 292. More recently,

5    Plaintiffs brought to the Special Master's attention belatedly produced documents showing that

6    ████████████████████████████████████████████████████████████████████████████████

7    ████████████████. Mao Decl. ¶ 25. Google had not previously identified that log to Plaintiffs. *Id.*

8    After reviewing the documents, the Special Master ordered Google to search this log as well. *Id.*

9    ¶ 26. Plaintiffs have repeatedly followed up with Google to seek more information about any other

10   missing logs and potentially redacted fields and to ask why Google has not produced all documents

11   ████████████████████████████████████████████████████████████████████ *Id.* ¶¶ 27-28.

12   Plaintiffs are now seeking Google's cooperation to brief this issue for the Court, but Google is

13   delaying that process as well. *Id.* ¶ 33.

14   **III.    There Is Good Cause for a Modest Extension.**

15    A modest six-week extension of the fact discovery cutoff will give the parties sufficient

16   time to tie up numerous and important loose ends in discovery, including (1) the Special Master

17   process, (2) production of all documents relating to ██████████████████████████████████

18   ████████ and certain other outstanding disputes, (3) depositions, and (4) discovery relating to

19   Google's soon-to-be-filed Answer and Affirmative Defenses. Six weeks is also reasonable and

20   warranted because it will not impact the current class certification briefing and hearing schedule.

21   **A.    The Special Master Process**

22    *First*, Google's delay and obstruction has made it impossible for the parties to complete

23   the four iterative searches with the Special Master before the January 21, 2022 close of fact

24   discovery. *See* Background, III *supra*. Google has taken months, and its delays make it impossible

25   for Plaintiffs to have sufficient time to analyze and assess the results before asking for additional

26   iterative searches. Even if Google could somehow pick up the pace and meet that deadline (calling

27

28

18

1    into question why Google has not already done so), Plaintiffs would be left with no time to ask

2    about the data during upcoming depositions and hardly any time to assess the data in advance of

3    their February 11 deadline for opening expert reports.

4           In the Court's words, this process is supposed to "provide the *Brown* . . . Plaintiffs the tools

5    to identify class members using Google's data, to quantity interceptions of certain private browsing

6    data, as well as to formulate damages models." Dkt. 331 at 4. Plaintiffs flagged this problem in

7    their October 14 Rule 37(b) motion, explaining that because of Google's obstruction "Plaintiffs

8    may need additional time to complete fact discovery and prepare opening expert reports" since

9    "Google's noncompliance has deprived Plaintiffs and their experts of five months that could have

10   been spent evaluating the data." Dkt. 292 at 16-17. And the Court specifically considered these

11   timing concerns when crafting the production schedule in the November 12 Order, describing the

12   timeline as very important "in light of the discovery history in these cases and the impending case

13   management deadlines." Dkt. 331 at 5. Yet Google came nowhere close to meeting the deadlines.

14          In circumstances like these, courts often preclude the withholding party from making

15   arguments about the withheld evidence. "Court intervention to protect Plaintiffs' ability to prove

16   the[ir] allegations is necessary" when, as here, "[t]he withheld evidence is uniquely within the

17   possession of the Defendants" and "there was no way for Plaintiffs to test their theory" as a result

18   of the "documents withheld." *Guifu Li v. A Perfect Day Franchise, Inc*, 281 F.R.D. 373, 393 (N.D.

19   Cal. 2012) (Koh, J.). "Discovery is first and foremost a way for one party to determine the evidence

20   supporting another party's allegations, so it can properly investigate that evidence prior to trial."

21   *Lanier v. San Joaquin Valley Offs. Ass'n*, 2016 WL 4764669, at *8 (E.D. Cal. Sept. 12, 2016).

22   Here, Google "has thwarted [Plaintiffs'] efforts to understand the basis of" Google's defenses, so

23   it is "appropriate, based on these failures, to preclude [Google] from introducing further facts or

24   evidence in response to these issues." *Id.*

25          Court intervention is particularly warranted when the delay impacts expert work. *See*

26   *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 557 (N.D. Cal. 2009) (Oracle's delay in providing

27                                              19

28

1   discovery jeopardized SAP's experts' ability to "conduct the required analysis within the time

2   limits set [by the Court]"); *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 1595784, at *3 (N.D. Cal.

3   May 4, 2012) (preclusion warranted for belated production of relevant source code because

4   "Apple's experts were left with no meaningful opportunity to comprehend this code, even as they

5   face criticism from Samsung in deposition (and assuredly at trial) that their code analysis was

6   deficient"). It is unfair for Google to delay and obstruct this process when Google will almost

7   certainly make arguments about what the data can and cannot do. Indeed, in their recently filed

8   opposition to class certification in the related *Calhoun v. Google* case, Google argued that its so-

9   called pseudonymous data is not linkable to users. Case No. 5:20-cv-05146-LHK-SVK (N.D. Cal.)

10  Dkt. 429 at 23-24.

11      Here, Plaintiffs merely seek a modest extension of time to mitigate the unfair prejudice that

12  Google's delay and obstruction will otherwise cause.

13      **B.    Google's** ████████████████████████████

14      *Second*, an extension will provide Plaintiffs with time to receive and analyze additional

15  documents related to Google's ████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████████████████████████

18  *See* Background, IV *supra*.

19  ████████████████████████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████████████████████████████

24  ████████████████████████████

25      Plaintiffs have prepared and sent to Google a draft letter brief concerning this dispute. Mao

26  Decl. ¶ 34. Plaintiffs seek (1) the production of all documents relating to ████████████████████

27                                        20

28

1  ██████████████████████████████████████████████████████████████

2  ██████████████████████████████████████████████████████████████

3  ████████████████ *Id.* ███████████████████████████████████ Google

4  never even identified him as a person with relevant information in this case. *Id.* Plaintiffs have also

5  requested his deposition and are waiting for Google to provide dates. *Id.*

6        More time will be needed to sort out this dispute and for Plaintiffs to assess the resulting

7  productions.

8        **C.    Depositions**

9        *Third*, a modest extension will also allow the parties sufficient time to complete

10  depositions, including 30(b)(6) and fact witness depositions. Google has slow-rolled its responses

11  to Plaintiffs' 30(b)(6) deposition notices. Plaintiffs sent Google three 30(b)(6) notices on

12  December 3, 2021, covering (1) damages topics, (2) ads and analytics topics, and (3) technical

13  topics related to Google's collection and storage of private browsing data. Mao Decl. ¶ 7. Plaintiffs

14  followed up on December 16, asking Google for dates and designees and for a meet-and-confer to

15  discuss any objections, pointing out that the revised Rule 30(b)(6) requires "the serving party and

16  the organization [to] confer in good faith about the matters for examination" "before or promptly

17  after the notice . . . is served." *Id.* ¶ 8. Google did not respond until December 22, offering a meet-

18  and-confer that day. *Id.* ¶ 9. During the meet-and-confer, Google would not commit to when it

19  would provide dates and designees, nor when it would serve formal objections. *Id.* ¶¶ 9-11.

20        Google also appears set on obstructing Plaintiffs from taking important 30(b)(6) testimony.

21  During the meet-and-confer, Google took the position that it will not prepare a witness to testify

22  about many of the topics. *Id.* For example, Google will not prepare a witness to testify about

23  "Google's ability to identify users or devices based on their Google searches within a private

24  browsing mode." *Id.* It is incredulous for Google to, on the one hand, argue that private browsing

25  users cannot be identified while, on the other hand, refuse to answer questions ████████████

26  ████████████████████████████████████████████████ Plaintiffs also reminded

27

28

1   Google of the Special Master's recent ruling that Google must search the ████████████

2   notwithstanding Google's objection ████████████████ *Id.* Google would not budge. Nor

3   will Google commit to preparing a witness to testify about Google's generation of revenue from

4   Search ads, ██████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████

6   ████████████████ *Id.*; *see also* GOOG-CABR-04455208 ████████████ financial analysis

7   document).

8          Google's argument appears to be that anything Search-related is out of scope, but that

9   argument did not apply to ██████████████████████████████████

10  ████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████

16  ████████████████████████████████

17         Plaintiffs have still not received Google's formal 30(b)(6) objections, nor any dates or

18  designees. But Plaintiffs are doing their best to prepare a draft letter brief to raise any topic-related

19  disputes with the Court despite not having Google's actual objections. Mao Decl. ¶ 12. Google's

20  delay requires an extension of time for the parties to resolve or, if necessary, raise any 30(b)(6)

21  disputes with the Court. Plaintiffs might otherwise be forced to take these depositions twice, once

22  for the topics for which Google has agreed to prepare a witness, and again after the Court rules on

23  a likely joint letter brief regarding disputed topics.

24         Timing is also a concern for fact witness depositions. Through no fault of Plaintiffs, at least

25  five fact witness depositions will likely need to take place after January 21. Plaintiffs' experts will

26  not have enough time to consider and address that deposition testimony in their expert reports,

27                                              22

28  _____

1   currently due on February 11. Some depositions will probably still not have happened by then.

2   Here is why. Google has said that at least one witness will not be available until February. *Id.* ¶

3   14. Another will require the Hague Convention process, which might not be completed by January

4   21, as Google admitted in a recent email to the Court. *Id.* Plaintiffs are also trying to schedule the

5   deposition of a former Google employee in Berlin, whom Google's counsel is not representing for

6   purposes of his deposition. *Id.*

7         The parties may also need more time to schedule the depositions of Mr. Pichai and Ms.

8   Twohill. The Court's Order on these depositions provides that if the plaintiffs in the related

9   *Calhoun* case intend to depose either of these Google officers, "the date for the deposition must be

10  coordinated such that the witness sits for deposition only once, unless the witness chooses separate

11  dates." Dkts. 359, 365. Any briefing in *Calhoun* regarding these witnesses may drag out into

12  January, jeopardizing the *Brown* Plaintiffs' ability to secure deposition dates prior to January 21.

13  Given the time limits for those two depositions, Plaintiffs also wish to schedule those depositions

14  for dates after completing the other Google depositions, including the 30(b)(6) depositions.

15         **D.     Discovery Related to Google's Not-Yet-Filed Answer**

16         *Fourth*, a modest extension will enable Plaintiffs to conduct discovery tied to Google's

17  Answer and Affirmative Defenses. Although discovery is just three weeks from closing, Google

18  has not yet filed an Answer to the Complaint. Based on the Court's December 22, 2021 denial of

19  Google's partial motion to dismiss the Second Amended Complaint, Dkt. 363, Google's Answer

20  will be due on January 5, 2022. Plaintiffs anticipated this issue last summer, so they asked Google

21  to send a list of any affirmative defenses that Google anticipates raising. Mao Decl. ¶ 36. Google

22  refused. *Id.* Plaintiffs will now be left with just two weeks to digest Google's Answer to a 284-

23  paragraph Complaint, as well as any Affirmative Defenses that Google raises, and to adjust

24  deposition outlines accordingly. A modest extension will provide Plaintiffs more time to do that

25  important work. Indeed, it is axiomatic that where the pleadings are unsettled, good cause generally

26  exists for a modification of the scheduling order. *See, e.g.*, *Applied Med. Res. Corp. v. Tyco*

27                                           23

28

*Healthcare Grp. LP*, No. SACV111406JVSANX, 2013 WL 12472050, at *5 (C.D. Cal. Jan. 14, 2013) (allowing a party to amend the pleadings to add facts revealed during the end of discovery even though the deadline to amend the pleadings had passed).

\* \* \*

Finally, Plaintiffs' request for a modest six-week extension is particularly warranted since it will not impact the current schedule for briefing class certification:

| Action | Current Deadline (Dkt. 261) | Plaintiffs' Proposed Deadline |
|---|---|---|
| Fact Discovery | January 21, 2022 | March 4, 2022 |
| Opening Expert Reports | February 11, 2022 | March 18, 2022 |
| Rebuttal Expert Reports | March 24, 2022 | April 15, 2022 |
| Close of Expert Discovery | May 19, 2022 | May 19, 2022 |
| Class Certification Motion | Motion: May 26, 2022 Opp'n: July 14, 2022 Reply: August 11, 2022 | Motion: May 26, 2022 Opp'n: July 14, 2022 Reply: August 11, 2022 |
| Class Certification Hearing | September 22, 2022 | September 22, 2022 |

Plaintiffs' requested extension is also far smaller than extensions permitted in similarly complex cases that were equally far along in discovery. *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 09-5840 SI, 2011 WL 2837405, at *2 (N.D. Cal. July 18, 2011) (noting that the court extended "fact- and expert-discovery deadlines in this case by three to four months" although "discovery in this case has been voluminous" and "more than 28 million pages of discovery have been produced").

Google will not suffer any prejudice from this extension. Plaintiffs have already requested all twenty of their deponents, and have requested dates from Google. Mao Decl. ¶ 13. Plaintiffs have also propounded all 40 of their interrogatories and all 75 of their Requests for Admissions. *Id.* ¶ 5. Plaintiffs will use the extra time to simply complete discovery that would have already been completed but for Google's delay and obstruction.

24

1

<u>**CONCLUSION**</u>

2       Google's ongoing delay and obstruction makes it impossible for Plaintiffs to complete fact

3  discovery by January 21, 2022 and prepare their opening expert reports by the current February

4  11, 2022 deadline. Plaintiffs respectfully request a modest extension of each deadline, as set forth

5  in Plaintiffs' proposed order.

6

7  Dated: December 31, 2021                    SUSMAN GODFREY L.L.P.

8

9                                              By */s/ Amanda Bonn*

10                                             Amanda Bonn (CA Bar No. 270891)
                                               abonn@susmangodfrey.com
11                                             SUSMAN GODFREY L.L.P.
                                               1900 Avenue of the Stars, Suite 1400
12                                             Los Angeles, CA 90067
                                               Telephone: (310) 789-3100
13

14                                             Mark C. Mao (CA Bar No. 236165)
                                               mmao@bsfllp.com
15                                             Beko Rebitz-Richardson (CA Bar No. 238027)
                                               brichardson@bsfllp.com
16                                             Erika Nyborg-Burch (*pro hac vice*)
                                               enyborg-burch@bsfllp.com
17                                             BOIES SCHILLER FLEXNER LLP
                                               44 Montgomery Street, 41st Floor
18                                             San Francisco, CA 94104
                                               Telephone: (415) 293 6858
19                                             Facsimile (415) 999 9695

20
                                               James W. Lee (*pro hac vice*)
21                                             jlee@bsfllp.com
                                               Rossana Baeza (*pro hac vice*)
22                                             rbaeza@bsfllp.com
                                               BOIES SCHILLER FLEXNER LLP
23                                             100 SE 2nd Street, Suite 2800
                                               Miami, FL 33130
24                                             Telephone: (305) 539-8400
                                               Facsimile: (305) 539-1304
25

26                                             William Christopher Carmody (*pro hac vice*)
                                               bcarmody@susmangodfrey.com
27
25
28

Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

26