# DECLARATION OF MARK C. MAO IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165 | William Christopher Carmody |
| Beko Reblitz-Richardson, CA Bar No. 238027 | (admitted *pro hac vice*) |
| Erika Nyborg-Burch (admitted *pro hac vice*) | Shawn J. Rabin (admitted *pro hac vice*) |
| **BOIES SCHILLER FLEXNER LLP** | Steven M. Shepard (admitted *pro hac vice*) |
| 44 Montgomery St., 41st Floor | Alexander Frawley (admitted *pro hac vice*) |
| San Francisco, CA 94104 | **SUSMAN GODFREY L.L.P.** |
| Tel.: (415) 293-6800 | 1301 Avenue of the Americas, |
| mmao@bsfllp.com | 32nd Floor |
| brichardson@bsfllp.com | New York, NY  10019 |
| enyborg-burch@bsfllp.com | Tel.: (212) 336-8330 |
| | bcarmody@susmangodfrey.com |
| James Lee (admitted *pro hac vice*) | srabin@susmangodfrey.com |
| Rossana Baeza (admitted *pro hac vice*) | sshepard@susmangodfrey.com |
| **BOIES SCHILLER FLEXNER LLP** | afrawley@susmangodfrey.com |
| 100 SE 2nd St., 28th Floor | |
| Miami, FL 33131 | John A. Yanchunis (admitted *pro hac vice*) |
| Tel.: (305) 539-8400 | Ryan J. McGee (admitted *pro hac vice*) |
| jlee@bsfllp.com | **MORGAN & MORGAN** |
| rbaeza@bsfllp.com | 201 N. Franklin Street, 7th Floor |
| | Tampa, FL 33602 |
| Amanda K. Bonn, CA Bar No. 270891 | Tel.: (813) 223-5505 |
| **SUSMAN GODFREY L.L.P** | jyanchunis@forthepeople.com |
| 1900 Avenue of the Stars, Suite 1400 | mram@forthepeople.com |
| Los Angeles, CA 90067 | rmcgee@forthepeople.com |
| Tel: (310) 789-3100 | |
| Fax: (310) 789-3150 | Michael F. Ram, CA Bar No. 104805 |
| abonn@susmangodfrey.com | **MORGAN & MORGAN** |
| | 711 Van Ness Ave, Suite 500 |
| | San Francisco, CA 94102 |
| | Tel: (415) 358-6913 |
| *Attorneys for Plaintiffs* | mram@forthepeople.com |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  5:20-cv-03664-LHK-SVK<br><br>**DECLARATION OF MARK C. MAO IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**<br><br>**(CIVIL LOCAL RULE 16-2)**<br><br>The Honorable Susan van Keulen<br>Courtroom 6 - 4th Floor<br>Date: February 8, 2022 |

## DECLARATION OF MARK C. MAO

I, Mark C. Mao, declare as follows.

1. I am a partner with the law firm of Boies Schiller Flexner LLP, counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of California. I have personal knowledge of the matters set forth herein and am competent to testify.

2. This case was first filed on June 2, 2020 and the Case Management Scheduling Order first provided a deadline for the close of fact discovery on August 2, 2021. Dkt. 116. The deadline for the close of fact discovery has since been modified twice, with the current deadline landing on January 21, 2021. Dkts. 256, 277.

3. On September 30, 2020, Plaintiffs served 19 Requests for Production ("RFP") on Google. Particularly, RFP 10 sought "Documents sufficient to identify all alleged class members." Also, RFP 18 sought "Documents concerning Plaintiffs, including Plaintiffs' use of Google services, all data collected by Google from and regarding Plaintiffs, and Google's use of all data collected by Google from and regarding Plaintiffs."

4. On October 19, 2020, Plaintiffs served an additional 130 RFPs on Google. Particularly, RFP 122 sought "Documents concerning any usage analytics regarding any Chrome browser features, including any analysis and findings regarding consumers' use of Incognito mode."

5. Since September 2020, Plaintiffs have now served a total of 235 RFPs, 40 interrogatories, and 75 RFAs. Over the course of this litigation, Plaintiffs have been diligent in their pursuit of the information requested and seeking to overcome Google's often refusal to provide any responsive information without intervention of the Court. The parties have filed 17 joint letter briefs, addressing numerous disputes. Dkts. 90, 119, 127, 129, 140, 155, 177, 202, 218, 230, 258, 281, 290, 296, 314, 355, 357. This has resulted in Google producing more than 5 million pages of documents.

6. With the Court's assistance, Plaintiffs have overcome Google's dawdling approach to teeing up these disputes. Most recently, for example, Google took over *three* weeks to prepare its inserts for the parties' joint letter briefs regarding Ms. Twohill's and Mr. Pichai's depositions.

7. On December 3, 2021, Plaintiffs served three 30(b)(6) deposition notices covering (1) damages topics, (2) ads and analytics topics, and (3) technical topics related to Google's collection and storage of private browsing data.

8. Plaintiffs followed up on December 16, asking Google for dates and designees and for a meet-and-confer to discuss any objections, pointing out that the revised Rule 30(b)(6) requires "the serving party and the organization [to] confer in good faith about the matters for examination" "before or promptly after the notice . . . is served." Google did not respond until December 22, offering a meet-and-confer that day. During the meet-and-confer, Google would not commit to when it would provide dates and designees, nor when it would serve formal objections.

9. During the December 22 meet-and-confer, Google also represented that it will not prepare a witness to testify about numerous topics. For example, Google will not prepare a witness to testify about "Google's ability to identify users or devices based on their Google searches within a private browsing mode." Nor will Google commit to preparing a witness to testify about Google's generation of revenue from Search ads, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. GOOG-CABR-04455208 (▓▓▓ financial analysis document).

10. Plaintiffs reminded Google of the Special Master's recent ruling that Google must search the ▓▓▓▓▓▓▓▓▓, notwithstanding Google's objection ▓▓▓▓▓▓▓▓▓▓▓▓. Google would not budge.

11. Google ultimately would not commit to a definitive list of topics for which it would designate and present a witness for deposition.

2

MAO DECL. ISO PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No. 5:20-cv-03664-LHK-SVK

Case No. 5:20-cv-03664-LHK-SVK

12. As of this filing, Google has not provided any 30(b)(6) dates or designees, nor formal written objections. Despite not having Google's formal written objections and positions, Plaintiffs are preparing a joint letter brief for the Court regarding any disputed topics, but remain hopeful that Google will cooperate in getting that brief on file in a timely manner.

13. Also, Google has not been able to schedule all of the remaining depositions that Plaintiffs have requested. Plaintiffs requested the 20 permitted depositions (sometimes coordinating with the *Calhoun* plaintiffs), well-in-advance of the current January 21 deadline, mindful of the Court's previous order requiring Google to promptly respond to the requests and provide available dates in a timely manner.

14. Google has informed Plaintiffs that at least one witness will not be available until February. Another will require the Hague Convention process, which might not be completed by January 21, as Google admitted in a recent email to the Court. Plaintiffs are also trying to schedule the deposition of a former Google employee in Berlin, whom Google's counsel is not representing for purposes of his deposition.

15. Google also has not provided dates for the recently-ordered depositions of Mr. Pichai and Ms. Twohill, and the parties may need more time to schedule those depositions depending on whether the plaintiffs in *Calhoun* will seek those depositions. Dkts. 359, 365.

16. Plaintiffs' experts will not have enough time to consider and address this deposition testimony in their expert reports, currently due on February 11. Some depositions will probably still not have happened by then.

17. I have also been thoroughly involved in the discovery process being overseen by Special Master Brush. After receiving this Court's November 12, 2021 Order adopting in part Special Master Brush's Report, Dkt. 331, I continued working diligently with my co-counsel and disclosed consultants to ensure that Plaintiffs would be ready for all upcoming deadlines, including some that would fall during the week of Thanksgiving.

18. November 18, 2021 was Google's deadline for providing, *inter alia*, "full schemas," "descriptions," and "a list of tools used to search" for the data sources that Google identified to the Court on September 17, 2021. Dkt. 331, Ex. 1. Google delayed even purporting to comply until December 9, 2021. Although Google did not actually comply, Plaintiffs (subject to their objection to Google's failure to comply) provided their proposed first iterative search on December 10, 2021.

19. Special Master Brush shortly thereafter provided a modified version of Plaintiffs' proposal to Google and directed Google to complete its production by December 20, 2021, consistent with the three-day timeframe set by the Court's November 12 Order. But Google did not meet that deadline, instead providing what Google called a "partial" production on December 21, 2021, and requesting an extension until January 3, 2022 to produce additional data responsive to Plaintiffs' first iterative search.

20. Plaintiffs cannot make a proposal for the second iterative search until after reviewing the full and complete results for the first iterative search. Given Google's pace, it is doubtful that the four iterative searches will be completed before the close of fact discovery on January 21, 2022.

21. On December 24, Google wrote to Special Master Brush to represent ███████████████████████████████████████████. According to Google, ████████████████████████████████████████████████████████████████████████████████ ██ (emphasis added). Plaintiffs received that correspondence on December 26, 2021, and have continued to pursue clarification with the oversight of Special Master Brush, but as of this filing Google has not elaborated.

22. The searches Google has represented that it has run are a fraction of those directed by Special Master Brush on December 15, 2021, and Google continues to improperly narrow the

4

productions based on its own say-so about the data's usefulness and relevance, in violation of numerous orders from the Court and instructions from Special Master Brush.

23. Google also has not provided the full list of tools used to complete the searches, instead only suggesting that it is using the "███" tool, without any more detail. This is not in compliance with the Court's orders and Special Master Brush's instructions, and it is problematic because Google has represented to Plaintiffs that ███ searches ███████████ ██████████████████.

24. Google has also delayed in producing key documents regarding ███████ ████████████████████████████████████████████████████████████ █████████████████.

25. On November 24, 2021, the day before Thanksgiving, Google for the first time produced an email identifying the █████████████████████████████████████ ████████████████████ GOOG-CABR-05280756. Google never before identified this particular log to Plaintiffs or the Special Master. When Plaintiffs brought this missing log to the Special Master and Google's attention during a December 15 status hearing, ██████ ███████████████████████████████████.

26. Consistent with their prior arguments, ███████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ █████████████ Following these discussions, Special Master Brush agreed with Plaintiffs and directed Google to produce the log schema for the ███████████ and to run searches of that log. ██████████████████████████████████████████████████████ ████████████████████████████████████.

5

27. In addition, Google is refusing to tell Plaintiffs ███████ ███████████████████████████████████████ Plaintiffs followed up with Google on December 15 to ask that Google identify all other log sources and fields that ████████████ ████████████████████████████████████████████████████████████ ██████████████ Google did not respond. Plaintiffs again followed up on December 21. Google has not responded.

28. It is likely that Google is withholding logs, data sources, and fields ██████ ████████████████████████████████████████████ were the only missing source, then Google would surely confirm as much. Google has instead refused to respond to Plaintiffs' requests, hiding the ball from Plaintiffs, the Special Master, and the Court.

29. Google has similarly refused to respond to emails from Plaintiffs regarding Google's deficient document productions relating to Google's ████████████████████ █████████ Plaintiffs on December 14 propounded Interrogatories and Requests for Admissions relating to ██████████ and, on the same day, informed Google that its productions regarding ██ █████████ were incomplete:

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

30. These documents should have been produced in response to numerous RFPs, including RFP 122 (served on October 19, 2020): "Documents concerning any usage analytics regarding any Chrome browser features, including any analysis and findings regarding consumers' use of Incognito mode." Google has likewise refused to produce relevant hyperlinks from emails relating to ██████████ on the basis that they contain source code.

31. Plaintiffs followed up with Google on December 16; again, Google did not respond.

1  32. During the December 15 status conference with the Special Master, Google took the position ███████████████████████████████████████████████ ███████████████████████████████████. But it is improper for Google to make that argument without making ███████ available to Plaintiffs, at which point the parties and their experts can litigate its reliability.

33. Plaintiffs have repeatedly followed up with Google to seek more information about any other missing logs and fields and to ask why Google has not produced all documents ████████████████████████████████████████████████████████████████████. Plaintiffs ultimately sent Google a draft letter brief on this issue, to which Google has not yet provided a response.

34. Through that letter brief, Plaintiffs seek (1) the production of all documents relating to ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ ███████████ Google never even identified him as a person with relevant information in this case. Plaintiffs have also requested his deposition and are still waiting for Google to provide dates.

35. Plaintiffs have never asked for an extension with the Special Master. Plaintiffs have met all deadlines (including shortened deadlines due to Google's delay), and promptly addressed any issues Google has raised during the process, including obtaining additional SCA Consent forms from the named Plaintiffs on weekends despite Google not previously requiring them for prior productions of Plaintiffs' data or identifying those concerns earlier in the Special Master process.

36. Additionally, Google has not yet filed any Answer to Plaintiffs' Complaint. Anticipating that the pleadings might not be settled until near the close of discovery, Plaintiffs

7

MAO DECL. ISO PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No. 5:20-cv-03664-LHK-SVK

Case No. 5:20-cv-03664-LHK-SVK

over the summer asked Google to identify any affirmative defenses that Google planned to assert, so that Plaintiffs could take discovery on those defenses. Google refused Plaintiffs' request.

37. Despite Plaintiffs' diligence, the current January 21, 2022 fact-discovery deadline is unworkable and would result in prejudice to Plaintiffs. More time is required. Google has nevertheless refused to stipulate to a reasonable schedule extension. The parties met and conferred on December 24, 2021, during which Google would not commit to a reasonable extension. Plaintiffs followed up by email on December 30, 2021, and Google responded on December 31, 2021, declining Plaintiffs' proposal but offering a more limited and unrealistic extension.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 31st day of December, 2021, at San Francisco, California.

/s/ Mark C. Mao