QUINN EMANUEL URQUHART & SULLIVAN, LLP

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO ENLARGE TIME TO FILE ANSWER TO SECOND AMENDED COMPLAINT (DKT. 136-1)**<br><br>Judge: Hon. Lucy H. Koh |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 6(b) and Civil Local Rule 6-3, Defendant Google LLC ("Google") respectfully requests a 10-day extension to file its Answer to Plaintiffs' Second Amended Complaint (the "Complaint") (Dkt. 136-1). The Court issued its Order denying Google's Motion to Dismiss on December 22, 2021 (the "Order") (Dkt. 363), thereby making the Answer to the 284-paragraph Complaint due January 5, 2022. Because that Order came down immediately prior to the year-end holidays, Google's in-house and outside counsel's availability to prepare the Answer has been limited. Google therefore respectfully requests a modest extension of the deadline, to January 15, 2022. The parties have met and conferred, and Plaintiffs oppose Google's request.

## II. STATEMENT OF RELEVANT FACTS

The relevant facts are set forth in the Declaration of Jonathan Tse accompanying this Motion ("Tse Declaration" or "Tse Decl.").

## III. LEGAL STANDARD

Local Rule 6-3 provides that in support of a Motion to Change Time, the moving party must: (1) set forth with particularity the reasons for the requested enlargement of time; (2) describe efforts to obtain a stipulation to the time change; (3) identify the substantial harm or prejudice that would occur if the Court did not change the time; (4) disclose all previous time modifications in the case; and (5) describe the effect of the requested time modification on the schedule for the case. Google sets forth with particularity the reasons for the requested extension of time and the harm that will occur if the request is not granted below--*see infra,* Section IV. Google's efforts to obtain a stipulation to the requested time change are described in the Tse Declaration and were unsuccessful. *See* Tse Decl. ¶ 8, 9. The Tse Declaration further discloses all previous time modifications in this case and explains that the requested 10-day extension will not affect the schedule in this case. *Id.* ¶¶ 11, 12.

## IV. REASONS FOR THE ENLARGEMENT OF TIME AND HARM THAT WILL OCCUR

"When an act may or must be done within a specified time, the court may, for good cause, extend the time ... with or without motion or notice if the court acts, or if a request is made, before the

original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Where good cause is shown, a request for an extension generally should be granted in the absence of bad faith by the moving party or prejudice to the adverse party. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Id.* at 1259.

Because the Order was issued immediately before the holidays, Google's counsel has had limited opportunity to prepare an Answer to the extensive Complaint, much less verify an Answer while many of Google's employees have pre-scheduled time off work for the holidays. *See* Tse Decl. ¶ 7. As a result, Google faces difficulty in meeting the January 5, 2022 deadline to file its Answer. If the deadline is not extended, Google will therefore be harmed. This is sufficient to meet the "non-rigorous" good cause standard for a timely filed motion to enlarge the time to file. *Ahanchian*, 624 F.3d at 1258-59 (reversing denial of motion to extend time as abuse of discretion where moving party and its counsel were "out of town over Labor Day weekend").

Google diligently requested a stipulation for an extension to file the Answer. *See* Tse Decl. ¶ 8. On December 31, 2021, Plaintiffs stated they would not agree to Google's request or to a further meet and confer. *Id.* ¶ 9. Plaintiffs did not articulate any prejudice they would face should Google obtain additional time to file its Answer. *Id.* ¶ 10. Indeed, the record is devoid of any indication either that an extension of time would prejudice Plaintiffs or that Google's counsel acted in bad faith in making this request. To the contrary, Google's request for a 10-day extension is timely, modest, and will not affect the schedule in this case. *See id*. ¶ 12.

**CONCLUSION**

For the foregoing reasons, the Court should grant Google's Motion to Enlarge the Time to File its Answer to the Complaint.

| | |
|---|---|
| DATED: December 31, 2021 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  */s/ Andrew H. Schapiro* |
| | Andrew H. Schapiro (admitted *pro hac vice*) |
| | andrewschapiro@quinnemanuel.com |
| | 191 N. Wacker Drive, Suite 2700 |
| | Chicago, IL 60606 |
| | Telephone: (312) 705-7400 |
| | Facsimile: (312) 705-7401 |
| | |
| | Stephen A. Broome (CA Bar No. 314605) |
| | stephenbroome@quinnemanuel.com |
| | Viola Trebicka (CA Bar No. 269526) |
| | violatrebicka@quinnemanuel.com |
| | 865 S. Figueroa Street, 10th Floor |
| | Los Angeles, CA 90017 |
| | Telephone: (213) 443-3000 |
| | Facsimile: (213) 443-3100 |
| | |
| | Diane M. Doolittle (CA Bar No. 142046) |
| | dianedoolittle@quinnemanuel.com |
| | 555 Twin Dolphin Drive, 5th Floor |
| | Redwood Shores, CA 94065 |
| | Telephone: (650) 801-5000 |
| | Facsimile: (650) 801-5100 |
| | |
| | Josef Ansorge (admitted *pro hac vice*) |
| | josefansorge@quinnemanuel.com |
| | 1300 I. Street, N.W., Suite 900 |
| | Washington, D.C. 20005 |
| | Telephone: 202-538-8000 |
| | Facsimile: 202-538-8100 |
| | |
| | Jomaire A. Crawford (admitted *pro hac vice*) |
| | jomairecrawford@quinnemanuel.com |
| | 51 Madison Avenue, 22nd Floor |
| | New York, NY 10010 |
| | Telephone: (212) 849-7000 |
| | Facsimile: (212) 849-7100 |
| | |
| | Jonathan Tse (CA Bar No. 305468) |
| | jonathantse@quinnemanuel.com |
| | 50 California Street, 22nd Floor |
| | San Francisco, CA 94111 |
| | Telephone: (415) 875-6600 |
| | Facsimile: (415) 875-6700 |
| | |
| | *Attorneys for Defendant Google LLC* |