Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William Christopher Carmody
(admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas,
32nd Floor
New York, NY  10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
mram@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
**MORGAN & MORGAN**
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  5:20-cv-03664-LHK-SVK<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE LLC'S ADMINISTRATIVE MOTION TO ENLARGE TIME TO FILE ANSWER TO SECOND AMENDED COMPLAINT** |

## INTRODUCTION

Plaintiffs would normally agree to this sort of extension, but Google's current request for an extension is unnecessary and highly prejudicial to Plaintiffs. It is unnecessary because Plaintiffs filed their Second Amended Complaint ("SAC") in April of last year, following the Court's denial of Google's Motion to Dismiss the First Amended Complaint. Google therefore had almost ten months to prepare an answer that it knew would need to be filed. It is prejudicial because fact discovery is currently set to close on January 21, and Google has not yet filed any answer or otherwise identified any affirmative defense Google intends to assert. Any extension now, at this late stage, will unfairly benefit Google and prejudice Plaintiffs. This prejudice to Plaintiffs exists because Google previously refused to identify any affirmative defense it intends to assert and also because, on the same day that Google filed this motion, Google's counsel rejected Plaintiffs' request to extend certain case deadlines—necessitating Plaintiffs' Motion for Relief from Case Management Schedule. *See* Dkt. 371. Google's efforts to create deadlines that benefit Google and prejudice Plaintiffs should not be rewarded, and Plaintiffs respectfully request that the Court deny Google's administrative motion.

## STATEMENT OF RELEVANT FACTS

The January 5 deadline applies to Plaintiffs' Second Amended Complaint ("SAC"), which Plaintiffs filed over eight months ago—on April 14, 2021. Dkt. 136. Plaintiffs' SAC included many of the same allegations as Plaintiffs' First Amended Complaint ("FAC"), filed on September 21, 2020. Dkt. 68. On March 12, 2021, the Court denied Google's motion to dismiss the FAC (Dkt. 113), and Google has therefore had many months to identify any affirmative defenses and prepare its answer.

Google has not yet filed any answer or identified any affirmative defense that it intends to assert. Mindful of the January 21, 2022 discovery cutoff, in the summer of 2021, Plaintiffs asked Google to identify any affirmative defenses that Google planned to assert based on the claims that already proceeded past a motion to dismiss, so that Plaintiffs could take appropriate discovery. Dkt. 371-1 ¶ 36. Google refused to do that. Dkt. 371-1 ¶ 36. Google has also refused to stipulate

2

to Plaintiffs' proposed extension of other deadlines in this case that would permit Plaintiffs additional time to complete discovery, requiring Plaintiffs to file their own motion to extend those deadlines. Dkt. 371.

## ARGUMENT

### I. Legal Standard

To obtain an extension of the January 5 deadline to file an answer, Google has the burden to: (1) set forth with particularity the reasons for the requested enlargement of time; (2) describe efforts to obtain a stipulation to the time change; (3) identify the substantial harm or prejudice that would occur if the Court did not change the time; (4) disclose all previous time modifications in the case; and (5) describe the effect of the requested time modification on the schedule for the case. Civ. L.R. 6-3.

### II. Plaintiffs, Not Google, Will Suffer Substantial Harm or Prejudice

#### A. Google Had Since March 2021 to Draft its Answer

The factual allegations supporting Plaintiffs' case have remained the same since September 2020, and Google has known since at least March 12, 2021 that it would need to respond to those factual allegations and at least five causes of action. Dkt. 113. The only change between the FAC and SAC that could impact Google's answer or affirmative defenses is the additional two causes of action, which the Court declined to dismiss. Dkt. 363. Google's motion and the supporting declaration are devoid of explaining Google's diligence over the past 9.5 months to draft an answer and affirmative defenses to the SAC. Instead, Google summarily represents that "[b]ecause the Court's Order (Dkt. 363) came down prior to the year-end holidays, Google's in-house and outside counsel's availability to prepare the Answer has been limited." Dkt. 372-1 ¶ 7. But Google has almost 10 months to draft the answer, not just the holidays.

#### B. An Extension Prejudices Plaintiffs

Contrary to Google's declaration, Dkt. 372-1 ¶ 10, an extension of Google's time to file the answer will very clearly prejudice Plaintiffs, where Plaintiffs told Google: "with discovery deadlines approaching we will need Google to answer promptly so that we can proceed with any

3

necessary discovery that may result." Declaration of James W. Lee ("Lee Decl.") ¶¶ 4–8. Plaintiffs anticipated this issue last summer, so they asked Google to send a list of any affirmative defenses that Google anticipates raising, but Google refused. Dkt. 371-1 ¶ 36. Although discovery is just 18 days from closing, Google still has not provided any information regarding its answer or any affirmative defenses Google intends to assert in this action.

With Google's proposed extension, Plaintiffs would be left with just over a week to digest Google's answer and any affirmative defenses, adjust any remaining deposition outlines accordingly, and take any discovery. This will further prejudice Plaintiffs. Plaintiffs have already defended the deposition of one of the named class representatives without the benefit of Google's answer and affirmative defenses, and the depositions of at least two more class representatives would occur between when Google's answer and affirmative defenses would be due (January 5) and when Google requests an extension (January 15, which falls on a Saturday). Lee Decl. ¶ 9. Another named plaintiff is scheduled for deposition on January 17 (the following Monday). Lee Decl. ¶ 9. Additional depositions of current and former Google employees are currently scheduled before Google's answer would be due if the extension was granted. Lee Decl. ¶ 10. Google's proposed extension of time only serves to disadvantage Plaintiffs, and is solely attributed to Google's inaction.

## CONCLUSION

Google's failure to act diligently and prepare its answer and affirmative defenses is solely attributable to Google, and Plaintiffs should not be further prejudiced by Google's request for further delay. Plaintiffs respectfully request the Court deny Google's motion.

Dated: January 3, 2022	MORGAN & MORGAN

By /s/ Ryan J. McGee

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.

4

201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Rebitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (*pro hac vice*)
enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

SUSMAN GODFREY L.L.P.
William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)

5

| | |
|---|---|
| 1 | abonn@susmangodfrey.com |
| 2 | SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400 |
| 3 | Los Angeles, CA 90067<br>Telephone: (310) 789-3100 |
| 4 | *Attorneys for Plaintiffs* |

6