1  QUINN EMANUEL URQUHART & SULLIVAN, LLP

2  Diane M. Doolittle (CA Bar No. 142046)   Andrew H. Schapiro (admitted *pro hac vice*)
   dianedoolittle@quinnemanuel.com          andrewschapiro@quinnemanuel.com
3  555 Twin Dolphin Drive, 5th Floor        191 N. Wacker Drive, Suite 2700
   Redwood Shores, CA 94065                 Chicago, IL 60606
4  Telephone: (650) 801-5000                Telephone: (312) 705-7400
5  Facsimile: (650) 801-5100                Facsimile: (312) 705-7401

6  Stephen A. Broome (CA Bar No. 314605)    Josef Ansorge (admitted *pro hac vice*)
   stephenbroome@quinnemanuel.com           josefansorge@quinnemanuel.com
7  Viola Trebicka (CA Bar No. 269526)       1300 I. Street, N.W., Suite 900
   violatrebicka@quinnemanuel.com           Washington, D.C. 20005
8  865 S. Figueroa Street, 10th Floor       Telephone: 202-538-8000
9  Los Angeles, CA 90017                    Facsimile: 202-538-8100
   Telephone: (213) 443-3000
10 Facsimile: (213) 443-3100

11
   Jonathan Tse (CA Bar No. 305468)         Jomaire A. Crawford (admitted *pro hac vice*)
12 jonathantse@quinnemanuel.com             jomairecrawford@quinnemanuel.com
   50 California Street, 22nd Floor         51 Madison Avenue, 22nd Floor
13 San Francisco, CA 94111                  New York, NY 10010
   Telephone: (415) 875-6600                Telephone: (212) 849-7000
14 Facsimile: (415) 875-6700                Facsimile: (212) 849-7100

15 *Attorneys for Defendant Google LLC*
16

17                    UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19 | CHASOM BROWN, *et al.*, individually and on behalf of all similarly situated, | Case No. 5:20-cv-03664-LHK-SVK

**GOOGLE LLC'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE RE: APEX DEPOSITION OF LORRAINE TWOHILL**

CIVIL L.R. 72-2

Judge: Hon. Lucy H. Koh

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

## I. INTRODUCTION

Plaintiffs prematurely moved to compel the apex deposition of Google's Chief Marketing Officer, Lorraine Twohill, after taking just five of their allotted 20 depositions. Dkt. 355. On December 20, 2021, Magistrate Judge van Keulen entered an order (the "Order") granting their request, allowing Plaintiffs four hours of on-the-record testimony from Ms. Twohill. Dkt. 359. Google respectfully seeks review of that Order as it is contrary to law and clearly erroneous.

Ms. Twohill is one of Google's most senior executives. In compelling her deposition, the Order failed to properly apply the "apex doctrine" adopted by California and federal law, which is a *per se* abuse of discretion: "It amounts to an abuse of discretion to withhold a protective order when a plaintiff seeks to depose a[n] … officer at the apex of the corporate hierarchy, absent a reasonable indication of the[ir] personal knowledge … and absent exhaustion of less intrusive discovery methods." *Liberty Mutual v. Superior Court of San Mateo*, 10 Cal. App. 4th 1282, 1286 (1992).

The apex doctrine arises from the recognition that a request for discovery from a top executive "creates a tremendous potential for abuse or harassment." Courts therefore will preclude such discovery where, as here, "the discovery sought 'can be obtained from [a] source that is more convenient, less burdensome, or less expensive.'" *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). For that reason, a party seeking to depose a high-level executive must first show (i) she has "unique first-hand," relevant knowledge and (ii) less intrusive discovery methods were exhausted. *Id.* Plaintiffs do not dispute that this two-prong test applies to their request to depose Google's Chief Marketing Officer. Dkt. 355 at 3.

Google respectfully submits that the Order is clearly erroneous, contrary to law, and should be set aside. The Court should have denied Plaintiffs' request without prejudice; if Plaintiffs' ongoing discovery efforts (including 15 depositions between now and January 21, 2022) demonstrate that Ms. Twohill has the requisite knowledge that would justify her deposition, the deposition could be ordered at that time. But to compel it now—when Plaintiffs have made no persuasive showing that Ms. Twohill has unique first-hand knowledge and their own briefing concedes a failure to exhaust other sources (e.g., Ms. Twohill's direct reports in the Marketing Department)—would be legally erroneous.

## II. STANDARD OF REVIEW

Magistrate Judges' rulings on non-dispositive motions may be set aside or modified by the district court if found to be "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The 'contrary to law' standard governs a district judge's review of a magistrate judge's determinations that are purely legal in nature" and "[t]he 'clearly erroneous' standard governs a district court's review of a magistrate judge's factual determinations." *Monster Energy Co. v. Vital Pharms., Inc.*, 2021 WL 4895216, at *2 (C.D. Cal. Oct. 12, 2021). "A ruling is clearly erroneous if the reviewing court, after considering the evidence, is left with the 'definite and firm conviction that a mistake has been committed'" and "[a] decision is contrary to law if the magistrate judge fails to apply or misapplies relevant case law, statutes, or rules of procedure." *Kelley v. AW Distrib., Inc.*, 2021 WL 5414322, at *1 (N.D. Cal. Sept. 3, 2021). "A decision is [also] 'contrary to law' if it … fails to consider an element of the applicable standard." *Forouhar v. Asa*, 2011 WL 4080862, at *1 (N.D. Cal. Sept. 13, 2011).

## III. ARGUMENT

The Court's six-sentence Order fails to properly apply the well-established standard courts use to assess the propriety of deposing "apex" executives of corporate litigants, and ignores controlling authorities. Dkt. 359. Under that standard, courts regularly restrict efforts to depose senior executives where the seeking party has not established the executive has unique knowledge not obtainable via written discovery or other witnesses. *Apple*, 282 F.R.D. at 263. Given Plaintiffs' failure to show that Ms. Twohill has unique first-hand knowledge not possessed by others (e.g., within the Marketing Department or the custodians identified in Google's briefing, Dkt. 355 at 5), the Court should have denied their request.

1. <u>Plaintiffs Admitted Their Failure to Show They Have Exhausted Efforts to Obtain This Discovery Through Less Intrusive Methods, Which Alone Is Fatal to Their Request</u>

The Court's Order misapplied the law by failing to properly consider the second prong of the two-part showing required before permitting this apex deposition—namely, the extent to which "other less intrusive means of discovery ... had been exhausted without success." *Groupion, LLC v. Groupon,*

*Inc.*, 2012 WL 359699, at *4 (N.D. Cal. Feb. 2, 2012) (denying the seeking party's request citing their failure to satisfy the test's second prong). Indeed, Plaintiffs conceded (Dkt. 355 at 3-4) that they elected to <u>forego</u> obtaining this discovery from other key sources, including Ms. Twohill's direct reports, or any individuals on the cited emails that referenced Ms. Twohill or her involvement. *See, e.g.*, GOOG-BRWN-00696650 and GOOG-BRWN-00696955 (identifying employees in the Marketing Department). But the apex doctrine is clear: Plaintiffs' strategic litigation choices—including to prioritize deponents outside of the Marketing Department on the one hand, and leapfrog the non-apex employees within the Marketing Department on the other—do not (and cannot) excuse their failure to first exhaust these (and other) less intrusive methods of discovery. The record could not be clearer on this point and Plaintiffs' choice proves fatal to their application.

Against this backdrop, the Court should have denied Plaintiffs' request to depose Google's Chief Marketing Officer as premature, concluding—in accordance with other courts in this district—that the Court "need not determine at this time whether [the apex witness] possesses unique, nonrepetitive, first-hand knowledge ... because [the seeking party] has failed to meet the second prong of this <u>conjunctive test</u>," including through "interrogatories and depositions of lower-level employees." *Icon-IP Pty Ltd v. Specialized Bicycle Components, Inc.*, 2014 WL 5387936, at *2 (N.D. Cal. Oct. 21, 2014) (emphasis added). The Court's decision to permit this apex deposition, despite Plaintiffs' failure to exhaust, was contrary to law and should be set aside.

Plaintiffs' assertion that they should not be required to "depose everyone reporting to Ms. Twohill, all meeting participants, or even all … Google employees who admitted that Incognito is 'not truly private'" (Dkt. 355 at 4) rings hollow because they have not attempted to depose <u>any</u> of her direct reports or others at the cited meetings, *see, e.g.*, *id.* at 5. And during the depositions they have taken, Plaintiffs did not seek to discover whether the sitting deponent even had such knowledge. For example, Plaintiffs identified a 2019 "steering committee" meeting of the Privacy and Data Protection Office ("PDPO"), claiming "[o]ther deponents were not present," citing a single deposition of an employee who was not part of the PDPO. *Id.* at 3. But when Plaintiffs deposed PDPO members Sammit Adhya and Gregory Fair, they did not bother to ask <u>any</u> questions about that meeting.

Plaintiffs have noticed over a dozen depositions for the coming weeks which can provide insights as to whether and to what extent Ms. Twohill truly has unique knowledge. If there are facts as to which she arguably has such knowledge, this should become apparent during those depositions and Plaintiffs—at that time—would be free to renew their request. *Accord Cannavan v. Cty. of Ventura*, 2021 WL 4945186, at *7 (C.D. Cal. July 16, 2021) (denying apex deposition without prejudice, noting that "courts generally refuse to allow the immediate deposition of a high level executive … before the testimony of lower level employees with more intimate knowledge"); *Mehmet v. PayPal, Inc.*, 2009 WL 921637, at *2 (N.D. Cal. Apr. 3, 2009) (same).

2. <u>Plaintiffs Also Failed to Show That Ms. Twohill Has "Unique First-Hand, Non-Repetitive Knowledge" of Facts Relevant to This Litigation</u>

An alternative ground upon which to set aside the Order is Plaintiffs' failure to show that Ms. Twohill's deposition is necessary to obtain unique first-hand knowledge. Plaintiffs offer no evidence that Ms. Twohill has such knowledge concerning Chrome's Incognito mode, the relevant disclosures about private browsing, or the data collection implicated by the allegations in their Complaint—that, again, could not be supplied by ESI custodians or lower-level personnel in the Marketing Department.

Although it is not clear what documents, if any, the Order relies upon to establish such knowledge—as none are specifically cited—Plaintiffs invoked a handful of presentations in Ms. Twohill's custodial file (that she did not author) and informal emails she wrote (based on information provided by subordinates) to support sweeping, *ipse dixit* assertions that she has unique knowledge about "marketing Incognito as private" and the "branding of Incognito." Dkt. 355 at 2-3. But the same could be said for hundreds of Google employees at all levels of the company. Indeed, Plaintiffs are now deposing many of them—rendering their request premature, at best.

In fact, the few documents that Plaintiffs cited establish that Ms. Twohill <u>does not</u> have such knowledge. The cited documents feature lower-level Google employees, including Google custodians, and Ms. Twohill's direct reports (who are significantly closer to the day-to-day marketing and branding of Chrome, and are credited within the emails produced from Ms. Twohill's custodial files as being responsible for the very perspectives that Plaintiffs attribute to Ms. Twohill). Her direct reports, and the custodians in these cited documents, as well as others (*e.g.*, Florian Unk, Eric Miraglia, Alex

Ainslie, Jan Hannemann) are available to Plaintiffs and they must be pursued in order to satisfy the exhaustion requirement. Because Plaintiffs have not met their burden under either prong of this conjunctive test, the Order compelling her deposition should be set aside.

### 3. Ordering Ms. Twohill's Deposition to Proceed Against This Factual and Legal Backdrop Was Contrary to Controlling Law and Clearly Erroneous

Neither Plaintiffs nor the Court's Order explains how—with over a dozen depositions left—Plaintiffs have exhausted less intrusive discovery methods such that it is now necessary to require Google's Chief Marketing Officer to take time from her schedule to prepare and sit for a deposition. Had the Court correctly applied the governing standard, the scant factual showing from Plaintiffs (replete with speculation) would have resulted in a denial of their premature efforts to take this deposition. *Accord Icon-IP Pt.*, 2014 WL 5387936, at *2 (denying request for apex deposition "without prejudice to … seeking t[he] depos[ition] … at a later time should less intrusive discovery methods prove unsuccessful"); *Groupion*, 2012 WL 359699, at *4 (denying request for apex deposition noting the seeking party "has not shown that it even attempted less intrusive means of discovery, such as interrogatories or depositions of lower-ranking employees"); *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3-5 (N.D. Cal. Jan. 25, 2007) (denying apex deposition request, and ordering the seeking party to "make a good faith effort to extract the information it seeks from interrogatories and depositions of lower-level … employees"). Until Plaintiffs have explored the myriad discovery methods available to them in lieu of this deposition (*e.g.*, the 15 remaining depositions of the 20 granted by the Court), a protective order is appropriate and should be entered.

### IV. CONCLUSION

For the reasons set forth above, Google respectfully requests that this Court set aside the Court's December 20, 2021 Order (Dkt. 359) granting Plaintiffs' request to depose Ms. Twohill, and grant Google's request to prevent the deposition of Google's Chief Marketing Officer.

1  DATED: January 3, 2022         QUINN EMANUEL URQUHART &
2                                 SULLIVAN, LLP

3                                 By  */s/ Andrew H. Schapiro*
                                     Andrew H. Schapiro (admitted pro hac vice)
4                                    andrewschapiro@quinnemanuel.com
                                     191 N. Wacker Drive, Suite 2700
5                                    Chicago, IL 60606
                                     Telephone: (312) 705-7400
6                                    Facsimile: (312) 705-7401

7
                                     Stephen A. Broome (CA Bar No. 314605)
8                                    sb@quinnemanuel.com
                                     Viola Trebicka (CA Bar No. 269526)
9                                    violatrebicka@quinnemanuel.com
                                     865 S. Figueroa Street, 10th Floor
10                                   Los Angeles, CA 90017
                                     Telephone: (213) 443-3000
11                                   Facsimile: (213) 443-3100

12
                                     Diane M. Doolittle (CA Bar No. 142046)
13                                   dianedoolittle@quinnemanuel.com
                                     555 Twin Dolphin Drive, 5th Floor
14                                   Redwood Shores, CA 94065
                                     Telephone: (650) 801-5000
15                                   Facsimile: (650) 801-5100

16
                                     Jomaire Crawford (admitted pro hac vice)
17                                   jomairecrawford@quinnemanuel.com
                                     51 Madison Avenue, 22nd Floor
18                                   New York, NY 10010
                                     Telephone: (212) 849-7000
19                                   Facsimile: (212) 849-7100

20
                                     Josef Ansorge (admitted pro hac vice)
21                                   josefansorge@quinnemanuel.com
                                     1300 I Street NW, Suite 900
22                                   Washington D.C., 20005
                                     Telephone: (202) 538-8000
23                                   Facsimile: (202) 538-8100

24
                                     Jonathan Tse (CA Bar No. 305468)
25                                   jonathantse@quinnemanuel.com
                                     50 California Street, 22nd Floor
26                                   San Francisco, CA 94111
                                     Telephone: (415) 875-6600
27                                   Facsimile: (415) 875-6700

28

*Attorneys for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

I, Andrew H. Schapiro, hereby certify that on January 3, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record.

Dated: January 3, 2022     By  */s/ Andrew H. Schapiro*
                               Andrew H. Schapiro