1   **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2   Diane M. Doolittle (CA Bar No. 142046)          Andrew H. Schapiro (admitted *pro hac vice*)
    dianedoolittle@quinnemanuel.com                 andrewschapiro@quinnemanuel.com
3   555 Twin Dolphin Drive, 5th Floor               191 N. Wacker Drive, Suite 2700
    Redwood Shores, CA 94065                        Chicago, IL 60606
4   Telephone: (650) 801-5000                       Telephone: (312) 705-7400
    Facsimile: (650) 801-5100                       Facsimile: (312) 705-7401
5

6   Stephen A. Broome (CA Bar No. 314605)           Josef Ansorge (admitted *pro hac vice*)
    stephenbroome@quinnemanuel.com                  josefansorge@quinnemanuel.com
7   Viola Trebicka (CA Bar No. 269526)              1300 I. Street, N.W., Suite 900
    violatrebicka@quinnemanuel.com                  Washington, D.C. 20005
8   865 S. Figueroa Street, 10th Floor              Telephone: 202-538-8000
    Los Angeles, CA 90017                           Facsimile: 202-538-8100
9   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
10

11
    Jonathan Tse (CA Bar No. 305468)                Jomaire A. Crawford (admitted *pro hac vice*)
12  jonathantse@quinnemanuel.com                    jomairecrawford@quinnemanuel.com
    50 California Street, 22nd Floor                51 Madison Avenue, 22nd Floor
13  San Francisco, CA 94111                         New York, NY 10010
    Telephone: (415) 875-6600                       Telephone: (212) 849-7000
14  Facsimile: (415) 875-6700                       Facsimile: (212) 849-7100

15  *Counsel for Defendant Google LLC*

16

17                          UNITED STATES DISTRICT COURT

18          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19
    CHASOM BROWN, WILLIAM BYATT,              Case No. 5:20-cv-03664-LHK-SVK
20  JEREMY DAVIS, CHRISTOPHER
    CASTILLO, and MONIQUE TRUJILLO,           **DECLARATION OF JONATHAN TSE IN**
21  individually and on behalf of all similarly   **SUPPORT OF PLAINTIFFS'**
    situated,                                 **ADMINISTRATIVE MOTION TO SEAL**
22                                            **DOCUMENTS ( DKT. 370)**
23        Plaintiffs,
                                              Referral:  Hon. Susan van Keulen, USMJ
24        v.

25  GOOGLE LLC,

26        Defendant.

27

28

                                                              Case No. 5:20-cv-03664-LHK-SVK
─────────────────────────────────────────────────────────────────

1    I, Jonathan Tse, declare as follows:

2    1.    I am a member of the bar of the State of California and an attorney at Quinn Emanuel

3  Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I make

4  this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I

5  could and would testify competently thereto.

6    2.    I am making this declaration pursuant to Civil Local Rule 79-5(e)-(f) as an attorney

7  for Google as the Designating Party, pursuant to Civil Local Rule 79-5(f)(3) in response to Dkt.

8  370.

9    3.    On December 31, 2021, Plaintiffs filed an Administrative Motion to File Under Seal

10  portions of its Motion for Relief from Case Management Schedule (Dkt. 370).  On December 31,

11  2021, I received an unredacted service copy of these documents.  .

12    4.    I have reviewed the documents that Plaintiffs seek to file under seal pursuant to Civil

13  Local Rule 79-5, unredacted versions of which have been filed at Docket Entry 370.  Based on my

14  review, there is good cause to seal the following information:

| Document | Basis for Sealing |
|---|---|
| Plaintiffs' Motion for Relief from Case Management Schedule (Dkt. 370-1)<br><br>Pages 3:16, 5:16-18, 5:20-21, 8:7, 9:1, 9:3, 11:26, 12:13-18, 12:20-21, 12:23-26, 13:3-11, 13:17, 13:23-26, 14:8-9, 14:12-13, 14:16, 14:20, 14:24, 14:26, 15:13, 18:6-7, 18:11, 18:17-18, 20:13, 20:15, 20:26, 21:1, 21:26, 22:1, 22:4-6, 22:9-14 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including details related to internal identifiers, cookies, projects, logs, and analyses, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Declaration of Mark Mao in Support of Plaintiffs' Motion for Relief from Case | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including details related to internal identifiers, |

TSE DECLARATION ISO OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL

| Management Schedule. (Dkt. 370-3)<br><br>Pages 2:17-19, 2:22, 5:7, 5:8-10, 5:12-13, 5:22-23, 6:4-5, 6:8, 6:12-13, 7:2, 7:8, 7:12 | cookies, projects, logs, and analyses, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
|---|---|

5.      Google's request is narrowly tailored in order to protect its confidential information. These redactions are limited in scope and volume.  Because the proposed redactions are narrowly tailored and limited to portions containing Google's highly-confidential or confidential information, Google requests that the portions of the aforementioned documents be redacted from any public version of those documents.

6.      Google has pared back Plaintiffs' proposed redactions and does not seek to redact or file under seal any of the remaining portions of Plaintiffs' Motion and Proposed Order not indicated in the table above.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in San Francisco, California on January 7, 2022.

DATED:  January 7, 2022                    QUINN EMANUEL URQUHART &
                                                            SULLIVAN, LLP


                                                  By _____/s/ Jonathan Tse_____
                                                         Jonathan Tse

                                                         *Attorney for Defendant*

TSE DECLARATION ISO OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL