QUINN EMANUEL URQUHART & SULLIVAN, LLP

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, *et al.*, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**GOOGLE LLC'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE RE: APEX DEPOSITION OF SUNDAR PICHAI**<br><br>CIVIL L.R. 72-2<br><br>Judge: Hon. Lucy H. Koh |

## I. INTRODUCTION

Sundar Pichai is Google's top executive officer and CEO of its parent company, Alphabet, Inc., which employs over 150,000 people across all of its subsidiaries. Plaintiffs prematurely seek to depose Mr. Pichai despite having completed only eight of their allotted 20 depositions. In a single-sentence Order that fails to acknowledge the apex doctrine's exacting standard or explain whether Plaintiffs have complied with it, the Magistrate Judge granted Plaintiffs' request. The Magistrate Judge acknowledged that "[m]any of [Plaintiffs'] cited documents … do not appear to bear any connection to Mr. Pichai," but nevertheless ordered a deposition because, "[a] few documents establish that specific relevant information was communicated to, and possibly from, Mr. Pichai." Dkt. 365 at 2. Respectfully, that is not the test for an apex deposition. The Order should be reversed.

A party seeking to depose a high-level executive must show that the potential deponent has "unique first-hand" relevant knowledge. *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (quotation omitted). Courts preclude such discovery where it "can be obtained from [a] source that is more convenient, less burdensome, or less expensive," and "the closer that a proposed witness is to the apex of some particular peak in the corporate mountain range … the more appropriate the protections of the apex doctrine become." *Id*. (quotation omitted). Simply showing that lower-level employees "communicated to" Google's top executive (even about potentially relevant information) does not establish he has "unique" knowledge. By their very nature, lower-level employees' communications with Mr. Pichai are not uniquely within Mr. Pichai's knowledge. Nor have Plaintiffs exhausted other, less intrusive means of seeking this discovery. There is no rush to leap-frog other potential deponents, as Plaintiffs have a majority of their depositions still to take, and the Court recently extended the close of fact discovery until March 4, 2022. Dkt. 377.

The apex discovery doctrine is designed to keep in check depositions that "create[] a tremendous potential for abuse or harassment." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007). Plaintiffs should be required to satisfy the governing legal standard by showing Mr. Pichai has unique, first-hand knowledge, after they have exhausted

depositions of lower-level employees–including, at minimum, depositions of the employees who were parties to the communications in the "few documents" underpinning the Order.

## II. STANDARD OF REVIEW

Magistrate Judges' rulings on non-dispositive motions may be set aside or modified by the district court if found to be "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "A ruling is clearly erroneous if the reviewing court, after considering the evidence, is left with the 'definite and firm conviction that a mistake has been committed'" and "[a] decision is contrary to law if the magistrate judge fails to apply or misapplies relevant case law, statutes, or rules of procedure." *Kelley v. AW Distrib., Inc.*, 2021 WL 5414322, at *1 (N.D. Cal. Sept. 3, 2021). "A decision is [also] 'contrary to law' if it … fails to consider an element of the applicable standard." *Forouhar v. Asa*, 2011 WL 4080862, at *1 (N.D. Cal. Sept. 13, 2011).

## III. ARGUMENT

The Court's single-sentence rationale fails to properly apply the well-established standard for assessing the propriety of deposing "apex" executives, and ignores controlling authorities. Dkt. 365. Under that standard, courts deny efforts to depose senior executives where the seeking party has not established the executive has unique knowledge that is not obtainable via written discovery or other witnesses. *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011). The court should have denied Plaintiffs' request here.

> 1. <u>Plaintiffs Failed to Show That Mr. Pichai Has "Unique First-Hand, Non-Repetitive Knowledge" of Facts Relevant to This Litigation</u>

Although Google has produced more than six million pages of documents in this action, including ESI from Mr. Pichai's own custodial files, Plaintiffs have been able to point to only a handful of documents in support of their deposition request. Even within this small universe of cherry-picked documents, many "do not appear to bear any connection to Mr. Pichai," as the Court acknowledged. Dkt. 365 at 2.

What remains is insufficient to find that Mr. Pichai has "unique first-hand, non-repetitive knowledge" as required to order his deposition. *Affinity Labs*, 2011 WL 1753982, at *15. The court stated that "[a] few documents establish that specific relevant information was ***communicated to, and***

*possibly from*, Mr. Pichai. *See, e.g.*, GOOG-BRWN-00048967.C; GOOG-CABR-05269678." Dkt. 365 at 2 (emphasis added). But such communications do not satisfy the apex doctrine. By their very nature, communications between Mr. Pichai and others are not uniquely within Mr. Pichai's knowledge. Moreover, the Court's Order does not actually identify any communications *from* Mr. Pichai–stating only that Plaintiffs' documents show this was "possibl[e]." Dkt. 365 at 2. Plaintiffs' speculation alone regarding Mr. Pichai's knowledge cannot justify the deposition of Google's highest executive officer. *See, e.g.*, *Celerity, Inc.*, 2007 WL 205067, at *1 (granting protective order because "the Court determines that there is no indication that either [apex deponent] possess[es] the requisite firsthand and nonrepetitive knowledge to justify their depositions").

       Although the Court's Order states that its "citation to certain documents is for exemplary purposes only and is not exhaustive," *see* Dkt. 365 n.2, the two documents cited in the Order are exemplary only of information being provided to Mr. Pichai from lower-level employees. That demonstrates Mr. Pichai's *lack* of unique knowledge. The first document, GOOG-BRWN-00048967.C, is a "Comms" document provided to Mr. Pichai with talking points concerning the development of Incognito mode for the Maps application (an application not at issue in this lawsuit). The document contains only high-level information regarding the desired messaging strategy and there is no indication Mr. Pichai drafted or provided input. The second document, GOOG-CABR-05269678, is a 2019 slide deck in which lower-level employees updated Mr. Pichai regarding ongoing projects with the Chrome Browser. Indeed, the very first page explains: "Sundar wanted to get an update about what Chrome Browser was doing, planning, and thinking about related to privacy and user trust. This is the deck that Anil, Darin, Margret, Alex, and Parisa used to present."

       Simply put, Plaintiffs' best evidence to meet their apex burden consists of one-way communications in which Mr. Pichai was updated by lower-level employees about issues relevant to Chrome and privacy. But this demonstrates Mr. Pichai's knowledge is *not* unique, and shows the unsurprising fact that, as CEO, he was kept generally abreast of his company's products and services. *See, e.g.*, *Celerity, Inc.*, 2007 WL 205067, at *3 (apex discovery improper "[w]here a high-

level decision maker [is] removed from the daily subjects of the litigation [and] has no unique personal knowledge of the facts at issue." (quotation omitted)).

### 2. Plaintiffs Also Failed To Show They Have Exhausted Efforts to Obtain This Discovery Through Less Intrusive Methods

An alternative but equally sufficient grounds for reversal is the Order's failure to consider whether Plaintiffs exhausted less intrusive methods of obtaining the information they seek, which is a prerequisite to an apex deposition. *Mehmet v. PayPal, Inc.*, 2009 WL 921637, at *2 (N.D. Cal. Apr. 3, 2009) ("Courts generally refuse to allow the immediate deposition of high-level executives, the so-called 'apex deponents,' before the depositions of lower level employees with more intimate knowledge"); *Icon-IP Pty Ltd v. Specialized Bicycle Components, Inc.*, 2014 WL 5387936, at *2 (N.D. Cal. Oct. 21, 2014) (denying apex deposition "because [the seeking party] has failed to meet the second prong of this conjunctive test," including through "interrogatories and depositions of lower-level employees.").

Even assuming communications occurred between Mr. Pichai and lower-level employees regarding issues relevant to this lawsuit, the Order's citation shows that Plaintiffs have not even attempted to exhaust discovery surrounding any such communications. The presentation in GOOG-CABR-05269678, for instance, explains that it was drafted with input from at least five lower-level employees, some of whom Plaintiffs have designated as document custodians but not one of whom Plaintiffs have deposed. Quite the opposite: Plaintiffs rushed to seek Mr. Pichai's deposition after taking only eight of their allotted 20 depositions, and just last month, served Google with three notices for Rule 30(b)(6) depositions that have not yet occurred. Courts routinely grant protective orders barring depositions of senior executives prior to Rule 30(b)(6) depositions. *See, e.g., Anderson v. Cty. of Contra Costa*, 2017 WL 930315, at *4 (N.D. Cal. Mar. 9, 2017) (denying apex deposition and ordering plaintiffs to first "depose a Rule 30(b)(6) witness" on the relevant topics then "meet and confer . . . about the necessity and scope of [the apex] deposition"); *Stelor Prods., Inc. v. Google, Inc.*, 2008 WL 4218107, at *4 (S.D. Fla. Sept. 15, 2008) (denying depositions of Google founders Sergey Brin and Larry Page since the same information may be "obtainable through [the deposition] of a designated spokesperson" (citation omitted)). Here, the Order's single-sentence reasoning did not

consider whether Plaintiffs' exhausted **any** less intrusive discovery method, which is a required element of the doctrine. *Icon-IP Pt.*, 2014 WL 5387936, at *2.

### 3. Ordering Mr. Pichai's Deposition to Proceed Against This Factual and Legal Backdrop Was Contrary to Controlling Law and Clearly Erroneous

The Order failed to properly apply the apex discovery doctrine adopted by California and federal law, which is a *per se* abuse of discretion: "It amounts to an abuse of discretion to withhold a protective order when a plaintiff seeks to depose a[n] … officer at the apex of the corporate hierarchy, absent a reasonable indication of the[ir] personal knowledge … and absent exhaustion of less intrusive discovery methods." *Liberty Mutual v. Superior Court of San Mateo*, 10 Cal. App. 4th 1282, 1286 (1992).  The Order is based solely on information "communicated" between lower-level employees and Mr. Pichai.  That, of course, cannot be information unique to Mr. Pichai, and the Order fails to consider whether Plaintiffs exhausted other methods for obtaining the discovery they seek, such as depositions of employees party to those communications.  At minimum, a protective order is appropriate until Plaintiffs have explored the myriad discovery methods available to them in lieu of deposing Mr. Pichai, such as the double-digit number of depositions that have already been granted by the Court but have not yet been taken.  *Accord Icon-IP Pt.*, 2014 WL 5387936, at *2 (denying request for apex deposition "without prejudice to … seeking t[he] depos[ition] … at a later time should less intrusive discovery methods prove unsuccessful"); *Groupion, LLC v. Groupon, Inc.*, 2012 WL 359699, at *4 (N.D. Cal. Feb. 2, 2012) (denying request for apex deposition noting the seeking party "has not shown that it even attempted less intrusive means of discovery, such as interrogatories or depositions of lower-ranking employees"); *Celerity*, 2007 WL 205067, at *3-5 (denying apex deposition request, and ordering the seeking party to "make a good faith effort to extract the information it seeks from interrogatories and depositions of lower-level … employees").

### IV. CONCLUSION

For the reasons set forth above, Google respectfully requests that this Court set aside the Court's December 27, 2021 Order (Dkt. 365) granting Plaintiffs' request to depose Mr. Pichai, and grant Google's request to prevent the deposition of Google's Chief Executive Officer.

| | |
|---|---|
| DATED: January 10, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By  /s/ Andrew H. Schapiro
Andrew H. Schapiro (admitted pro hac vice)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted pro hac vice)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

I, Andrew H. Schapiro, hereby certify that on January 10, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record.

Dated: January 10, 2022      By      */s/ Andrew H. Schapiro*
                                   Andrew H. Schapiro