BOIES SCHILLER FLEXNER LLP
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
William Christopher Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel listed in signature blocks below*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant; additional counsel listed in signature blocks below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 5:20-cv-03664-LHK-SVK<br><br>**JOINT LETTER BRIEF RE: GOOGLE'S RESPONSES TO PLAINTIFFS' INTERROGATORIES**<br><br>Referral: Hon. Susan van Keulen, USMJ |

January 19, 2022

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

    Re:    Joint Submission re Google's Interrogatory Responses
            *Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

      Pursuant to Your Honor's November 2021 Civil and Discovery Referral Matters Standing Order, Plaintiffs and Google LLC ("Google") submit this joint statement regarding their dispute over Google's objections and responses to Interrogatories 14-16. Counsel for the parties met and conferred and reached an impasse on this dispute. There are 44 days until the close of fact discovery. A trial date has not yet been set. Exhibit A includes a chart with each Interrogatory and Google's objections and responses thereto. Exhibit B contains each party's respective proposed order.

**PLAINTIFFS' STATEMENT**

Plaintiffs respectfully ask that the Court order Google to answer in full Plaintiffs' Interrogatories 14, 15, and 16. Google initially refused to respond to these (and other) interrogatories on the ground that Plaintiffs had exceeded the 25-interrogatory limit. The Court resolved that counting dispute in Plaintiffs' favor, ordering Google to respond. Dkt. 298. Yet Google continues to improperly evade them, this time by raising meritless objections. Plaintiffs again seek the Court's assistance in obtaining this relevant information.

**Interrogatory No. 14**: This Interrogatory asked Google to explain "the extent to which Google can provide a notification to any or all putative class members . . . such as a notification of this lawsuit or a notification whenever Google collects private browsing information." Google refused to provide any response, claiming that the Interrogatory is "premature" insofar as "Plaintiffs have not yet moved for class certification." Below, Google also objects that this interrogatory somehow circumvents the Special Master process.

This is not a data request, and Plaintiffs properly seek this relevant information for purposes of preparing their class certification motion. Google has throughout this case taken the position that the proposed class is not ascertainable, but Google can in fact readily identify class members when they start an Incognito session (with Google's Incognito splash screen) and/or when Google collects information about a user's visit to a website (including with Google's ads and analytics services). Google tracks when users start an Incognito session, and Google can readily provide notification to such users.

This discovery is relevant in terms of demonstrating an ability to identify class members, where Plaintiffs "are entitled to discovery which may prove that the potential class members are identifiable and they meet the numerosity requirements." *McDonald v. Cotton States Mut. Ins. Co*., 2015 WL 1138026, at *4 (M.D. Ala. Mar. 13, 2015); *see also Maximiliano v. Simm Assocs., Inc.*, No. 17-CV-80341, 2017 WL 11477354, at *2 (S.D. Fla. Nov. 8, 2017) (granting motion to compel pre-certification interrogatory response that Plaintiffs deemed "relevant to questions of ascertainability of the putative class"). "When a plaintiff seeks [information] on a pre-certification basis [regarding] ascertainability and numerosity, such information is discoverable." *Maximiliano*, 2017 WL 11477354, at *2; *see also In re Hulu Priv. Litig.*, No. C 11-03764 LB, 2014 WL 3421036, at *2 (N.D. Cal. July 14, 2014) (ordering discovery that "might establish the objective criteria to ascertain a class").

Google below incorrectly claims that this Interrogatory "constitutes an improper attempt to circumvent the Special Master process." Not so. This is not a data request; this just concerns the ability to notify and identify class members. The Special Master Process has nothing to do with Google's ability to notify users just before or as their private browsing data is being collected.

The *Calhoun* dispute cited by Google below is entirely inapposite. The *Calhoun* plaintiffs stated in their motion that they "served interrogatories asking Google to identify users whose data was collected while not synced." Case No. 20-cv-05146, Dkt. 400 at 2. Google objected, including by arguing that providing the information would require "an orderly determination of . . . logs issues" presently before the Special Master. *Id.* at 4. That argument does not apply here, and so Google does not actually make it here. The *Calhoun* dispute is further distinguishable insofar as the Court issued an Order noting that "Plaintiffs' submission lacks a specific request directed to this

Court." *Id.* Dkt. 404. Here, by contrast, Plaintiffs specifically ask Google to respond to Interrogatory No. 14, which seeks information relevant to class certification.

**Interrogatory No. 15**: This Interrogatory asked Google whether (and if so, why) it would be burdensome or infeasible for Google to implement any "any injunctive relief ordering Google to modify its processes relating to the collection, storage, and use of private browsing information . . . such as deleting all previously collected private browsing information, stopping all future collection of private browsing information, and/or adding pop-ups or other functionalities providing notice that Google will collect information from that browsing." Google refused to respond, claiming that "Plaintiffs' request is a premature contention interrogatory related to potential injunctive relief that Plaintiffs have not yet sought." But Plaintiffs seek injunctive relief in their Complaint. Dkt. 136-1 ¶¶ 196, 217, 229, 236, 256, 276.

Below, Google faults Plaintiffs for failing to "specify[] what that [injunctive] relief would actually look like in practice." Not so. In Google's own words, the Interrogatory itself "alludes to potential relief," such as deleting all previously collected private browsing information and also stopping all future collection of private browsing information. This is not new, nor should this come as a surprise to Google. Internally, Google's own employees have repeatedly discussed ways for Google to stop collection of private browsing information, or to have Google purge logs with private browsing information. Plaintiffs seek discovery on that core issue. At a minimum, Google's Response can and should address these specific forms of proposed injunctive relief.

Google's argument illustrates why Plaintiffs propounded this Interrogatory, and how this is appropriate. Plaintiffs seek to know whether and how Google could modify its processes relating to the collection, storage, and use of private browsing information. Google's response will provide a baseline that will help Plaintiffs craft a specific demand for injunctive relief. And to the extent Plaintiffs disagree with any aspect of Google's response, Plaintiffs will explore that disagreement through upcoming depositions, including upcoming 30(b)(6) testimony. Google's response to this Interrogatory will thus streamline preparation for those depositions, as well as the depositions themselves. And to the extent Google has stored private browsing information collected from class members in a way that it can no longer be identified and deleted, and Google is continuing to collect and store information in that way, then that is something Plaintiffs are entitled to know for purposes of depositions, class certification, and trial.

Google's cases are distinguishable. The disputed interrogatories in *Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989), "ask[ed] the plaintiffs to express their legal positions on what are, in essence, hypotheticals." Plaintiffs here do not ask for Google to express any legal position; Plaintiffs instead ask whether Google can as a factual matter take concrete actions such as deleting all previously collected private browsing information. And *Haggarty v. Wells Fargo Bank, N.A.*, No. 10-2416 CRB JSC, 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012), involved an interrogatory that sought information about issues "none of which necessarily have any bearing on the actual event" in dispute.

Finally, if Google insists that this discovery is premature or otherwise refuses to respond, Google should be prohibited from raising arguments about its ability to modify its processes relating to the collection, storage, and use of private browsing information. *See* Dkt. 288-1 at 2 (holding that "before Google can argue or assert that any specific website did not use Google Ad Manager, Google

must respond to this interrogatory as to that website at least 30 days in advance of making any such assertion or argument.").

**Interrogatory No. 16**: This Interrogatory asked Google to explain its "position in terms of whether and if so how the Consent Order entered into between Google and the United States Federal Trade Commission in or about 2011 applies with respect to Google's conduct in connection with private browsing." In 2010, the FTC and Google entered into a consent decree which ordered Google to obtain "express affirmative consent" from each user "prior to any new or additional sharing" of that user's information that is "a change from stated sharing practices in effect at the time [Google] collected such information." SAC ¶¶ 25-26, 158 (the "Consent Order"). This Consent Order is relevant to, without limitation, the Court's application of the criminal-or-tortious act exception to the Wiretap Act's consent defense. *See* Dkt. 113 at 23. The Court credited Plaintiffs' argument that when Google collected data from users in private browsing mode, Google intended to (and later did) share that data with third parties, including advertising customers, in a manner that violated the FTC's Consent Order. Dkt. 87 at 13. Plaintiffs now reasonably ask Google to explain how the Consent Order applies to Google's collection and use of private browsing information. The biennial reports submitted to the FTC pursuant to the Consent Order reference Incognito, and Plaintiffs reasonably seek to understand Google's position on how the Consent Order applies. It cannot be that Google's position on this basic issue – whether and how the Consent Order applies to private browsing – is privileged, with Google providing no substantive response.

## GOOGLE'S STATEMENT

Plaintiffs' motion to compel further responses is meritless and should be denied. Google addresses each of the three interrogatories below.

**Interrogatory No. 14:** Plaintiffs ask Google to "explain in detail the extent to which Google can provide a notification to any or all putative class members" and also asks for Google to describe any hypothetical burden that it may incur should it be able to provide such notification. Plaintiffs claim the purpose of this interrogatory is to inquire about the "ability to notify and identify class members." For the reasons below, both justifications are inappropriate.

First, if Plaintiffs seek this information to ascertain Google's "ability to identify class members," they have not explained *how* information responsive to this Interrogatory will accomplish that. In any event, this constitutes an improper attempt to circumvent the Special Master process, which the Court instituted to, among other things, resolve disputes regarding "what information [Google] has regarding identification of putative class members." Dkt. 220, ¶ 2. On that basis, this Court already denied a motion to compel an interrogatory in *Calhoun, et al. v. Google*, Case No. 5:20-cv-05146-LHK-SVK.[1] The same result is appropriate here.

Second, to the extent Plaintiffs seek a response to this Interrogatory so that they can assess their proposed protocol to "notify" class members, that purpose is equally inappropriate. No class has been certified in this case, and thus there is no need for Google to provide discovery regarding Plaintiffs' proposed notice protocol at this stage. The two out-of-circuit and unreported cases

---

[1] The *Calhoun* plaintiffs recently asked this Court to compel Google to respond to a variety of similarly overly broad and premature interrogatories "seeking the identification of Chrome users who are not Synced." Dkt. 400 at 2. The Court denied Plaintiffs' request because "[u]pon receipt of the Administrative Motion, the Court conferred with the Special Master, who confirmed the Court's view that the process currently before the Special Master will address this issue in due course."

Plaintiffs cite in support of their assertion do not change this result. *See* Pls. Brief at 2 (citing *McDonald v. Cotton States Mut. Ins. Co.*, 2015 WL 1138026, at *4 (M.D. Ala. Mar. 13, 2015); *Maximiliano v. Simm Assocs., Inc.*, No. 17-CV-80341, 2017 WL 11477354, at *2 (S.D. Fla. Nov. 8, 2017)).

In *McDonald*, Plaintiffs' interrogatory (i) sought a list of customers that fit within the proposed class definition, rather than a written description of the feasibility of class member notification; and (ii) the decision turned on the fact that the plaintiffs were not seeking the information for the purposes of formulating a procedure for "notify[ing] the potential class members." 2015 WL 1138026, at *4. Unlike the interrogatory at issue in *McDonald*, Plaintiffs cannot reasonably claim this interrogatory is not related to "notify[ing] the potential class members," *id.*, where it expressly asks Google to "[e]xplain in detail the extent to which Google can provide a notification to any or all putative class members." In *Maximiliano*, the plaintiff sought a response to an interrogatory seeking a customer list "for the purpose of surveying a sample of the class to determine [if] he can ascertain the percentage of consumer debt letters … and, in turn, estimate the numerosity of the class." 2017 WL 11477354, at *2. Unlike in *Maximiliano*, Plaintiffs do not propose any such surveying or sampling. There is no support for the claim that Plaintiffs are entitled to an immediate response to this request before any class has been certified.

**Interrogatory No. 15:** This interrogatory asks Google to provide information on its ability to comply with an injunction that Plaintiffs have not even yet articulated or requested. It is therefore premature and improperly seeks information regarding an incomplete hypothetical. Plaintiffs claim such requests are contained in their complaint. This is incorrect. The paragraphs Plaintiffs cite merely seek "injunctive relief" without specifying what that relief would actually look like in practice. *See, e.g.*, Dkt. 136-1 ¶¶ 196 (asserting that "[c]ommon questions of law and fact exist as to . . . [w]hether Plaintiffs … are entitled to declaratory and/or injunctive relief to enjoin the unlawful conduct alleged herein"); 217 ("[T]he Court may assess [sic] … injunctive and declaratory relief.").[2] Seeking "injunctive relief" without a description of what that relief would be provides no particularity whatsoever.

Therefore, Plaintiffs' request amounts to an improper and incomplete hypothetical. *Haggarty v. Wells Fargo Bank, N.A.*, 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012) ("When an interrogatory calls for an opinion, it 'must be phrased with particularity' to avoid being an improper hypothetical.") (citation omitted); *see also Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989) (denying motion to compel responses to hypothetical interrogatories because contention interrogatories must "relate to, or be applied to, a *fact*.") The text of the request does not resolve this defect, as it (i) alludes to potential relief in vague, undefined terms (*e.g.*, "deleting all previously collected private browsing information"); and (ii) plainly states its vague descriptions are non-exhaustive examples (*e.g.*, "***such as*** deleting all previously collected private browsing information, stopping all future collection of private browsing information, ***and/or*** adding pop-ups ***or other functionalities*** providing notice that Google will collect information from that browsing ***and/or*** seeking consent each time Google collects [such] information.") (emphases added).

Plaintiffs' unsupported claim that "[i]nternally, Google's own employees have repeatedly discussed ways for Google to stop collection of private browsing information, or to have Google purge logs with private browsing information" is both incorrect and irrelevant. For Google to respond, *Plaintiffs* must specify what injunctive relief they actually plan to seek. Plaintiffs continue to use phrases like "deleting all private browsing information" without explaining or defining the

---

[2] *See also* Dkt. 136-1 ¶¶ 229 (alleging "Plaintiffs … have been injured by the violations of California Penal Code §§ 631 and 632, and each seek damages … as well as injunctive relief."); 236 ("Plaintiffs … seek compensatory damages and/or disgorgement … and declarative, injunctive, or other equitable relief."); 256 ("Plaintiffs … have been damaged by Google's invasion of their privacy and are entitled to … injunctive relief."); 276 ("Plaintiffs … seek compensatory damages, consequential damages, and/or non-restitutionary disgorgement in an amount to be proven at trial, and declarative, injunctive, or other equitable relief.").

scope of the term "information." "[H]av[ing] Google purge logs with private browsing information" is hopelessly vague for the same reason. Plaintiffs have had many opportunities to define the scope of injunctive relief that they plan to seek. In an apparent effort to keep their options open while forcing Google to shoot at a moving target, they have failed to do so. Their request for Google to provide an immediate response to this interrogatory should be denied.

**Interrogatory No. 16:** This interrogatory demands that Google "explain in detail Google's position in terms of" the abstract application of a 2011 FTC consent order to its "conduct" vis-a-vis "private browsing" with no further explanation. To the extent Plaintiffs mean to inquire into how Google understands the FTC consent order to apply to Google's services surrounding private browsing, Google has provided a full response that states: "Google's positions, as sought by this Interrogatory are protected by the attorney-client privilege, the work product doctrine, or the common interest doctrine, or otherwise privileged or protected from discovery." Google does not have any additional, non-privileged information to provide. As such, Plaintiffs' request should be denied.

The request is otherwise unintelligible, as there is no way for Google to "explain its position in terms of" some undefined non-privileged "position." Courts have consistently recognized that it is not the responding party's responsibility to translate interrogatories (or other written discovery) into intelligible requests. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 323 (N.D. Ill. 2005) ("In reviewing a claim that an answer to an interrogatory is not responsive or is incomplete, the initial focus is on the question, not the answer, for on the question you ask depends the answer you get.") (citing *Vanston Bondholders Prot. Comm. v. Green*, 329 U.S. 156, 170, 67 S.Ct. 237, 91 L.Ed. 162 (1946) (Frankfurter, J., concurring) ("Putting the wrong question is not likely to beget right answers even in law.")).

Plaintiffs simply assert that "[i]t cannot be that Google's position on this basic issue . . . is privileged," but fail to explain what non-privileged information this interrogatory seeks. For that reason, Plaintiffs' assertion that, by denying Google's motion to dismiss, "[t]he Court thus credited Plaintiffs' argument . . . " from its opposition brief is beside the point where, as here, Plaintiffs' interrogatory on this topic is incomprehensible. Pls. Brief at 3. It is also incorrect, as the Court's order on Google's motion to dismiss does not address the consent decree at all.

Similarly, Plaintiffs' assertion that "[t]he biennial reports submitted to the FTC pursuant to the Consent Order reference Incognito" is irrelevant. A "reference" by Google's third-party auditors to the word "Incognito" in the auditors' biennial reports does not render Google's legal analysis regarding its understanding of the application of law to Incognito mode non-privileged. Notably, Plaintiffs do not claim that Google has somehow waived privilege (and it has not), nor do they explain how the "references" to which they allude somehow render attorney-client privilege inapplicable. As such, Plaintiffs' request should be denied.

Respectfully,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

BOIES SCHILLER FLEXNER LLP

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606

*/s/ Amanda Bonn*
Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400

| | |
|---|---|
| Tel: (312) 705-7400<br>Fax: (312) 705-7401 | Los Angeles, CA 90067<br>Tel: (310) 789-3100 |
| Stephen A. Broome (CA Bar No. 314605)<br>sb@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 443-3000<br>Fax: (213) 443-3100 | Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>Sean Phillips Rodriguez (CA Bar No. 262437)<br>srodriguez@bsfllp.com<br>Beko Reblitz-Richardson (CA Bar No. 238027)<br>brichardson@bsfllp.com<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Tel: (415) 293 6858<br>Fax: (415) 999 9695 |
| Josef Ansorge (admitted *pro hac vice*)<br>josefansorge@quinnemanuel.com<br>1300 I Street NW, Suite 900<br>Washington D.C., 20005<br>Tel: (202) 538-8000<br>Fax: (202) 538-8100 | James W. Lee (*pro hac vice*)<br>jlee@bsfllp.com<br>Rossana Baeza (*pro hac vice*)<br>rbaeza@bsfllp.com<br>100 SE 2nd Street, Suite 2800<br>Miami, FL 33130<br>Tel: (305) 539-8400<br>Fax: (305) 539-1304 |
| Jonathan Tse (CA Bar No. 305468)<br>jonathantse@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: (415) 875-6600<br>Fax: (415) 875-6700 | |
| Thao Thai (CA Bar No. 324672)<br>thaothai@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Tel: (650) 801-5000<br>Fax: (650) 801-5100 | William Christopher Carmody (*pro hac vice*)<br>bcarmody@susmangodfrey.com<br>Shawn J. Rabin (*pro hac vice*)<br>srabin@susmangodfrey.com<br>Steven Shepard (*pro hac vice*)<br>sshepard@susmangodfrey.com<br>Alexander P. Frawley (*pro hac vice*)<br>afrawley@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel: (212) 336-8330 |
| *Attorneys for Defendant Google LLC* | |
| | John A. Yanchunis (*pro hac vice*)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (*pro hac vice*)<br>rmcgee@forthepeople.com<br>MORGAN & MORGAN, P.A.<br>201 N Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel: (813) 223-5505<br>Fax: (813) 222-4736 |
| | Michael F. Ram (CA Bar No. 104805)<br>mram@forthepeople.com<br>MORGAN & MORGAN, P.A.<br>711 Van Ness Avenue, Suite 500<br>San Francisco, CA 94102 |

Tel: (415) 358-6913

*Attorneys for Plaintiffs*

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Letter Brief. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: January 19, 2022                                    By  */s/ Amanda Bonn*