| **Plaintiffs' Request** | **Google's Response** | **Ruling by the Court** |
|---|---|---|
| **Interrogatory 14:**<br><br>Explain in detail the extent to which Google can provide a notification to any or all putative class members, based on existing records or processes or for example through a pop-up notification, such as a notification of this lawsuit or a notification whenever Google collects private browsing information. If you contend that it would be burdensome or infeasible for Google to provide such a notification, state all facts, identify all documents, and identify all persons with knowledge supporting your contention that any such notification would be burdensome or infeasible. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as premature because Plaintiffs' Motion for Class Certification will not be heard until September 2022 under the operative case management order. Further, months of fact and expert discovery remain that will inform the answer to this interrogatory, and Google is unable to give its answer at this early stage of the litigation. Google further objects to this interrogatory and its subparts as vague and ambiguous as to the meaning of the terms "the extent to which," "can provide a notification," "existing records or processes," and "such as a notification of this lawsuit." Google further objects to this request as compound, overly broad, and unduly burdensome because the request is not limited in scope and seeks explanation "in detail the extent to which Google can provide a notification to any or all putative class members, based on existing records or processes or for example through a pop-up notification, such as a notification of this lawsuit or a notification whenever Google collects private browsing information." Further adding to the unduly burdensome and overbroad | Google's objections are **OVERRULED.** Discovery in this case is sufficiently advanced that Google can answer the question posed and, if applicable, describe any burden associated with providing notification to putative class members. |

| Plaintiffs' Request | Google's Response | Ruling by the Court |
|---|---|---|
| | nature of the request, Plaintiffs' interrogatory asks that if Google "contend[s] that it would be burdensome or infeasible for Google to provide such a notification, state all facts, identify all documents, and identify all persons with knowledge supporting your contention that any such notification would be burdensome or infeasible." As worded, this request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows:<br><br>Plaintiffs' request for information regarding notification of class members is premature, as Plaintiffs have not yet moved for class certification, no class has been certified, and Plaintiffs' motion for class certification will not be heard until September 2022. As such, Google will not provide a response at this time. | |
| **Interrogatory 15:**<br>If you contend that any injunctive relief ordering Google to modify its processes relating to the collection, storage, and use of private browsing information (including information from Incognito browsing), such as deleting all | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as premature as months of fact and expert discovery remain that will inform the answer to this interrogatory, and Google is unable to give | Google's objections are **SUSTAINED.** At this stage of the litigation this interrogatory is too vague and ambiguous such that any response would be speculative. This ruling is without prejudice to Plaintiffs' pursuing this |

| **Plaintiffs' Request** | **Google's Response** | **Ruling by the Court** |
|---|---|---|
| previously collected private browsing information, stopping all future collection of private browsing information, and/or adding pop-ups or other functionalities providing notice that Google will collect information from that browsing and/or seeking consent each time Google collects private browsing information should be denied because of the burdens imposed on Google or because compliance would be infeasible, state all facts, identify all documents, and identify all persons with knowledge supporting your contention that any such order would be burdensome or infeasible. | its answer at this early stage of the litigation. Google further objects to this interrogatory as an improper hypothetical because Plaintiffs have not articulated the injunctive relief they believe they are entitled to. Google further objects to this interrogatory and its subparts as vague and ambiguous as to the meaning of the terms "modify its processes," "collection, storage, and use of private browsing information," and "deleting…stopping…adding pop-ups or other functionalities." Google further objects to this request as unintelligible, compound, overly broad, and unduly burdensome because the request is not limited in scope and seeks information to the extent Google contends "that any injunctive relief ordering Google to modify its processes relating to the collection, storage, and use of private browsing information (including information from Incognito browsing), such as deleting all previously collected private browsing information, stopping all future collection of private browsing information, and/or adding pop-ups or other functionalities providing notice that Google will collect information from that browsing and/or seeking consent each time Google collects private browsing information should be | line of questioning at a future date. |

| Plaintiffs' Request | Google's Response | Ruling by the Court |
|---|---|---|
| | denied" based on "the burdens imposed on Google or because compliance would be infeasible," and requests Google "state all facts, identify all documents, and identify all persons with knowledge supporting your contention that any such order would be burdensome or infeasible." As worded, this request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows:<br><br>Plaintiffs' request is a premature contention interrogatory related to potential injunctive relief that Plaintiffs have not yet sought. As such, Google will not provide a response at this time. | |
| **Interrogatory 16:**<br>Explain in detail Google's position in terms of whether and if so how the Consent Order entered into between Google and the United States Federal Trade Commission in or about 2011 applies with respect to Google's conduct in connection with private browsing, including Google's representations and its collection and use of private browsing information. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this interrogatory and its subparts as vague and ambiguous as to the meaning of the terms "in detail," "whether and if so how," "applies," and "conduct in connection with private browsing." Google further objects to this request as unintelligible, compound, overly broad, and unduly burdensome because the | Google's objections are **SUSTAINED.** Interrogatories are to discern facts that go to relevant issues or that support contentions or opinions. This interrogatory is directed to Defendant's legal position and as posited is vague and overbroad in that it does not seek relevant, unprivileged information. |

| Plaintiffs' Request | Google's Response | Ruling by the Court |
|---|---|---|
| | request is not limited in scope and seeks explanation "in detail [regarding] Google's position in terms of whether and if so how the Consent Order entered into between Google and the United States Federal Trade Commission in or about 2011 applies with respect to Google's conduct in connection with private browsing" and "including Google's representations and its collection and use of private browsing information." As worded, this request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google objects that this interrogatory seeks a legal conclusion. Google further objects that the Consent Order is a public document which is accessible to Plaintiffs. Google's positions, as sought by this Interrogatory are protected by the attorney-client privilege, the work product doctrine, or the common interest doctrine, or otherwise privileged or protected from discovery. | |