# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1    BOIES SCHILLER FLEXNER LLP
     Mark C. Mao (CA Bar No. 236165)
2    mmao@bsfllp.com
     44 Montgomery Street, 41st Floor
3    San Francisco, CA 94104
     Telephone: (415) 293 6858
4    Facsimile: (415) 999 9695

5    SUSMAN GODFREY L.L.P.
     William Christopher Carmody (*pro hac vice*)
6    bcarmody@susmangodfrey.com
     1301 Avenue of the Americas, 32nd Floor
7    New York, NY  10019
     Telephone: (212) 336-8330
8
     MORGAN & MORGAN
9    John A. Yanchunis (*pro hac vice*)
     jyanchunis@forthepeople.com
10   201 N. Franklin Street, 7th Floor
     Tampa, FL 33602
11   Telephone: (813) 223-5505

12   Michael F. Ram, CA Bar No. 104805
     mram@forthepeople.com
13   711 Van Ness Ave, Suite 500
     San Francisco, CA 94102
14   Telephone: (415) 358-6913

15

16   *Attorneys for Plaintiffs; additional counsel*
     *listed in signature blocks below*

     QUINN EMANUEL URQUHART &
     SULLIVAN, LLP
     Diane M. Doolittle (CA Bar No. 142046)
     dianedoolittle@quinnemanuel.com
     555 Twin Dolphin Drive, 5th Floor
     Redwood Shores, CA 94065
     Telephone: (650) 801-5000
     Facsimile: (650) 801-5100

     Andrew H. Schapiro (*pro hac vice*)
     andrewschapiro@quinnemanuel.com
     191 N. Wacker Drive, Suite 2700
     Chicago, IL 60606
     Telephone: (312) 705-7400
     Facsimile: (312) 705-7401

     Stephen A. Broome (CA Bar No. 314605)
     stephenbroome@quinnemanuel.com
     Viola Trebicka (CA Bar No. 269526)
     violatrebicka@quinnemanuel.com
     865 S. Figueroa Street, 10th Floor
     Los Angeles, CA 90017
     Telephone: (213) 443-3000
     Facsimile: (213) 443-3100

     *Attorneys for Defendant; additional counsel*
     *listed in signature blocks below*

17                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
18                       OAKLAND DIVISION

19

20   CHASOM BROWN, WILLIAM BYATT,        Case No. 5:20-cv-03664-YGR-SVK
     JEREMY DAVIS, CHRISTOPHER
21   CASTILLO, and MONIQUE TRUJILLO      **JOINT CASE MANAGEMENT**
     individually and on behalf of all other   **STATEMENT**
22   similarly situated,

23        Plaintiffs,                     Judge: Hon. Yvonne Gonzalez Rogers
                                          Courtroom 1 – 4th Floor
24        v.                              Date: February 11, 2022
                                          Time: 12:00 p.m.
25   GOOGLE LLC,

26        Defendant.

27

28
                                          CASE NO. 5:20-cv-03664-YGR-SVK

     **JOINT CASE MANAGEMENT STATEMENT**

1    Pursuant to the Clerk's Notice Setting Case Management Conference (Dkt. 392), and in

2  advance of the Case Management Conference set for Friday, February 11, at 12:00 p.m., Plaintiffs

3  and Defendant Google LLC submit this Joint Case Management Statement. The previous Joint Case

4  Management Statement is Dkt. 275.

5  **1.    JURISDICTION AND SERVICE**

6    Google has been served and the Court has jurisdiction over this matter.

7  **2.    FACTS**

8    On June 2, 2020, Plaintiffs filed a nationwide putative class action lawsuit against Google,

9  alleging violations of privacy on behalf of users who utilize private browsing modes, including

10  Incognito mode in Google's Chrome browser. Dkt. 1. Plaintiffs asserted four causes of

11  action. *Id.* On September 21, 2020, Plaintiffs filed their Amended Complaint. Dkt. 68. On October

12  21, 2020, Google moved to dismiss Plaintiffs' Amended Complaint. Dkt. 82. On March 12, 2021,

13  Judge Koh denied Google's motion to dismiss. Dkt. 113. Pursuant to a stipulated agreement with

14  Google, Plaintiffs sought leave to file their Second Amended Complaint on April 14, 2021 to include

15  two new causes of action, i.e., breach of contract and Unfair Competition Law claims, (Dkt. 136-2),

16  which was granted the next day. Dkt. 138. On May 17, 2021, Google filed its motion to dismiss

17  the two new claims. Dkt. 164. On December 22, 2021, Judge Koh denied Google's motion to

18  dismiss. Dkt. 363. Google filed its answer to the Second Amended Complaint on January 14,

19  2022. Dkt. 387. The case has proceeded through fact discovery for the past 18 months. Fact

20  discovery is set to close on March 4, 2022; merits expert discovery is set to close on May 19, 2022;

21  and class certification briefing will commence on May 26, 2022. Dkt. 377.

22    *Plaintiffs' Statement:*

23    This case concerns Google's collection and use of private browsing information, while

24  people visit non-Google websites using Google's private browsing mode (called "Incognito" with

25  Google's Chrome browser) or other private browsing modes. *See* Dkt. 136-1 (operative complaint).

26  Google assured users that they were "in control of what information [they] share with Google" and

27  that they could adjust their privacy settings "across [Google's] services" to "control what [Google]

28  collect[s] and how [their] information is used." SAC ¶¶ 2, 42. To exercise this "control," Google

**JOINT CASE MANAGEMENT STATEMENT**

1  invited users to "browse the web privately," including through Google's Incognito mode.  SAC ¶

2  42. But Google in fact – without disclosure or consent – collects, tracks, and stores private browsing

3  histories, regardless of the user's choice of browsing mode.  "Choice" is thus an illusion.  Google

4  collects and uses people's private browsing information for Google's own enrichment.  Google does

5  not dispute this collection, and Judge Koh already rejected many of Google's contentions in her

6  motion to dismiss rulings.  Dkts. 113, 363.

7         Discovery supports Plaintiffs' claims, where Google employees described Google's

8  Incognito mode (internally, not publicly) as "effectively a lie" (GOOG-BRWN-00630517),

9  "broken" (GOOG-BRWN-00441285), "misleading" (GOOG-BRWN-00475063), a "confusing

10 mess" (GOOG-CABR-03827263), and "not truly private" (GOOG-BRWN-00406065), with

11 concerns about "collecting data without consent in Incognito mode" (GOOG-BRWN-00686207)

12 and "people operating under a false sense of privacy" (GOOG-BRWN-00457255).  Google knew

13 there were "common misconceptions about private mode" (GOOG-BRWN-00042388), with

14 Google "over-promising and under-delivering" (GOOG-BRWN-00140297).

15        Google has collected private browsing information from tens of millions of Americans, and

16 from billions of visits to non-Google websites.  One set of internal Google calculations shows that,

17 over just a 28-day period through November 15, 2018, over ▮▮▮▮▮ "unique users" browsed over

18 ▮▮▮▮▮ webpages using Google's Incognito mode (GOOG-BRWN-00750077).   Google

19 calculations limited to the United States, for just Android and Apple iOS devices (not including any

20 computers), and just a 28-day period in 2020, calculates over ▮▮▮▮▮ "unique users of incognito

21 mode" (GOOG-BRWN-00601022); *see also* GOOG-BRWN-00406075 ("Incognito mode is used

22 by ▮▮ of Chrome users"); GOOG-BRWN-00529122 ("Incognito mode is used by ▮▮ of Chrome

23 users, and ▮▮ use it at least once per week"); GOOG-BRWN-00047631 ("▮▮ of weekly Chrome

24 users browse in Incognito mode at least once a day").

25        ***Google's Statement:***

26        Plaintiffs complain that private browsing modes, including Chrome's Incognito mode, do

27 not provide *complete* privacy from Google and other entities that provide services to websites when

28 browsing the Internet.  But Google did not present private browsing or Incognito mode in that

**JOINT CASE MANAGEMENT STATEMENT**

1    manner.  In fact, Incognito mode works exactly as described in Google's disclosures.  Each and

2    every time a user initiates a private browsing session on Google's Chrome browser ("Incognito"

3    mode), Google displays a page that says that, in Incognito, "you can browse privately, and *other*

4    *people who use this device* won't see your activity."  Google similarly explains in the Chrome

5    Privacy Notice and elsewhere that Incognito "limit[s] the information Chrome stores *on your*

6    *system*," including "basic browsing history information."  This is true and undisputed:  In Incognito,

7    Chrome browser's "History" does not record the websites visited during the Incognito session so

8    that "other people who use this device won't see your activity."

9         Incognito also provides privacy in other ways.  For example, when a user starts a new

10   Incognito session, she is automatically logged out of her Google Account (and thus session activity

11   is not saved to her Account).  Incognito also creates a "fresh cookie jar," so cookies set on the

12   browser *before* the session are not shared with the websites visited (or the web-services on the

13   site).  Thus, the device appears as a first-time visitor to websites and any services on those

14   sites.  Google's disclosures teach new cookies may be placed on the browser *during* an Incognito

15   session and "are remembered while you're browsing, but deleted when you exit Incognito

16   mode."[1]  Accordingly, Google does not associate the data received during an Incognito session with

17   the user or her device after the Incognito session ends.

18        Plaintiffs offer a litany of soundbites from Google's productions to color the Court's view

19   on the merits, but all are taken out of context and ignore key testimony from Google witnesses—

20   including those who authored the very documents Plaintiffs tout.  Far from bolstering Plaintiffs'

21   claims, Google witnesses consistently testified that the company's disclosures regarding Incognito

22   mode are "clear and accurate."  *See, e.g.*, Palmer Dep. Tr. 41:12.  These out-of-context snippets

23   designed to inflame and not inform cannot change the fact that Plaintiffs' legal claims are meritless.

24   **3.     LEGAL ISSUES**

25        The parties' first Joint Case Management Statement includes a summary of the legal issues.

26   Given Judge Koh's recent motion to dismiss ruling upholding Plaintiffs' breach of contract and UCL

27

28

---

[1] https://support.google.com/chrome/answer/7440301#

**JOINT CASE MANAGEMENT STATEMENT**

1  claims (Dkt. 363), the following two causes of action will also need to be adjudicated: Plaintiffs'

2  Sixth Cause of Action (Breach of Contract) and Plaintiffs' Seventh Cause of Action (Cal. Bus. &

3  Prof. Code § 17200).

4  **4.      MOTIONS**

5      Motions Decided Since the Last Joint Case Management Conference Statement (Dkt. 275)

6      The Court denied Google's motion to dismiss Plaintiffs' Second Amended Complaint (Dkt.

7  363) and granted Plaintiffs' motion for an extension of the discovery deadlines and Google's motion

8  for an extension of its time to file an Answer (Dkt. 377).  The parties briefed numerous discovery

9  disputes before Magistrate Judge van Keulen, some of which have been resolved. Dkts. 288, 298,

10 307, 335, 353, 358, 359, 365, 385, 393.  The Court also issued orders related to the ongoing Special

11 Master discovery proceedings. Dkts. 297, 318, 336.  The Court granted various motions to seal

12 (Dkts. 276, 285, 286, 306, 320, 341, 350, 380), granted in part and denied in part one motion to seal

13 (Dkt. 330), granted one motion for admission *pro hac vice* (Dkt. 346) and issued an order appointing

14 commissioners pursuant to the Hague Convention (Dkt. 369).

15      Plaintiffs' Additional Position: The Court has denied Google's motions for relief from

16 Magistrate Judge van Keulen's orders (Dkts. 359, 365), permitting Plaintiffs to depose Google

17 officers Lorraine Twohill and Sundar Pichai.  Google's motions were filed on January 3 and January

18 10 (Dkts. 375, 382).  The two-week time period for the Court to rule on them expired on January 17

19 and 24, respectively.  Because Judge Koh retained this case until January 24 (14 days after Google's

20 second motion), and did not rule Google's motions, they are "deemed denied."  L. Civ. R. 72-2(d).

21 Below, Google incorrectly implies that Judge Koh stopped working on this case following Chief

22 Judge Seeborg's December 23 Notice regarding potential reassignment (Dkt. 364).  In fact, Judge

23 Koh continued ruling on motions, including by issuing a January 4 order resolving two motions.

24 Dkt. 377 (after Google filed its appeal of the Ms. Twohill deposition order).  Judge Koh could have,

25 but chose not to, rule on Google's appeals before this case was assigned to Your Honor, and

26 Plaintiffs respectfully submit that they should be permitted to proceed with those depositions.

27      Google's Additional Position: Google disagrees that its motions for relief regarding the

28 depositions of its Chief Executive Officer (Dkt. 382) and Chief Marketing Officer (Dkt. 375) have

**JOINT CASE MANAGEMENT STATEMENT**

1  been "deemed denied" under Local Rule 72-2(d), which states "[t]he Clerk shall notify parties when

2  a motion has been deemed denied."  The parties have not received any such notice.  The motions

3  for relief were filed after Chief Judge Seeborg indicated this case would be transferred to a new

4  presiding Judge due to Judge Koh's confirmation to the Ninth Circuit.  *See* Dkt. 364.  The case was

5  reassigned to Your Honor before the 14-day period expired.  Dkt. 391.  Given these procedural

6  circumstances, and that the motions have not been deemed denied under the language of Local Rule

7  72-2(d), Google asks that this Court adjudicate them.  They are the first and only discovery

8  objections that Google has taken up to the District Court, and they raise important, meritorious

9  objections to the Apex discovery sought by Plaintiffs.

10        Pending Motions

11        Plaintiffs have moved for leave to file a Third Amended Complaint (Dkt. 395) to revise their

12  class definitions, which Google opposes. Plaintiffs' Rule 37(b) motion for evidentiary sanctions

13  (Dkt. 292) has been stayed pending resolution of the issues before Special Master Brush (Dkt. 297).

14  One motion to seal remains outstanding. Dkt. 370.

15        Anticipated Motions

16        *Plaintiffs' Statement:*  Plaintiffs anticipate submitting additional discovery disputes to

17  Magistrate Judge van Keulen, will move for class certification, and may also seek summary

18  judgment and/or adjudication on certain claims or issues.

19        *Google's Statement:*  Google anticipates opposing class certification and moving for

20  summary judgment on all or some of the defenses and claims.

21  **5.    AMENDMENT OF PLEADINGS**

22        Pursuant to stipulation of the parties, Judge Koh previously granted Plaintiffs' request for

23  leave to file their Second Amended Complaint.  Dkt 138; Dkt 136-1 ("SAC"). Plaintiffs have moved

24  for leave to file a Third Amended Complaint. Dkt. 395. Google opposes Plaintiffs' attempt to amend

25  their Complaint again.

26  **6.    EVIDENCE PRESERVATION**

27        The parties reviewed the ESI Guidelines and conferred regarding evidence preservation.

28        *Plaintiffs' Statement:*

1    Plaintiffs remain concerned that Google is not preserving relevant records of Google's
2  collection and use of private browsing data.  Plaintiffs raised some of these concerns in their Rule
3  37(b) motion for evidentiary sanctions.  Dkt. 292.  On December 3, 2021, Plaintiffs sent Google a
4  draft letter brief identifying particular preservation deficiencies, including by pointing out that the
5  April 2021 order which Google cites below was "without prejudice to Plaintiffs' ability to raise a
6  challenge based upon new evidence not currently before the Court." *Calhoun* Dkt. 174.  That order
7  was issued before the Special Master process began, through which Google has been required to
8  identify the particular logs, data sources, and fields that contain data which should be preserved.
9  Google has preserved class identification data in other privacy cases, and it has no excuse for why
10 it did not preserve such a small subset of relevant information for this case. Plaintiffs plan to raise
11 these issues with Magistrate Judge van Keulen.

12    ***Google's Statement:***

13    There is no deficiency in Google's preservation efforts.  Magistrate Judge van Keulen has
14 already ordered that "Google need not suspend its standard retention periods applicable to data logs
15 that reflect event-level data of Chrome users in the United States." *Calhoun*, Dkt. 174; *see also* Dkt.
16 147-1 at 1 (referring to *Calhoun* order).  Further, Plaintiffs filed their Rule 37(b) motion over three
17 and a half months ago (Dkt. 292), and Magistrate Judge van Keulen stayed briefing *sua sponte* five
18 days later (Dkt. 297 at 2) and vacated the hearing on November 8, 2021.  Dkt. 324.  Plaintiffs' draft
19 letter brief merely restates the baseless arguments in the Rule 37(b) motion.

20 **7.    DISCLOSURES**

21    The parties exchanged initial disclosures on September 8, 2020.  Plaintiffs served amended
22 disclosures on March 16, 2021.

23 **8.    DISCOVERY**

24    The parties have engaged in substantial discovery, including document production,
25 depositions, written discovery, and an ongoing Special Master process.  To date, Google has
26 produced more than 6.6 million pages of documents from 42 custodians and the Named Plaintiffs
27 have produced over 1,000 pages.  As for depositions, Google has deposed three of the Named
28 Plaintiffs and Plaintiffs have deposed twelve Google witnesses, including two Rule 30(b)(6)

**JOINT CASE MANAGEMENT STATEMENT**

1   witnesses.  The Court recently extended the close of fact discovery to March 4, 2022 (Dkt. 377),

2   and the parties are working hard to meet that deadline.  The parties previously agreed to and the

3   Court entered a protective order (Dkt. 81) and an ESI order (Dkt. 80), and the ESI order was

4   subsequently modified by the Court (Dkt. 91).

5   *Plaintiffs' Statement:*

6   Unless the parties can resolve their disputes, Plaintiffs currently anticipate filing the

7   following with Magistrate Judge van Keulen: (i) a joint letter brief regarding disputed 30(b)(6)

8   deposition topics; (ii) a joint letter brief regarding Google's refusal to answer certain Requests for

9   Admissions and Interrogatories; (iii) a joint letter brief regarding Google's refusal to produce

10  custodial documents from the employee who led the company's 2020 efforts to quantity and identify

11  Incognito traffic within Google's logs; and (iv) Google's failure to preserve relevant evidence.

12  Plaintiffs have sent Google draft letter briefs covering all four of these disputes.  Google's claim

13  below that these disputes are "unripe" is belied by the fact that Google has already provided drafts

14  of the letter briefs for disputes (i) and (iii) and has agreed to brief (ii).  Plaintiffs continue to seek

15  Google's response for item (iv).

16  In addition, Plaintiffs are growingly increasingly concerned with Google's failure to abide

17  by Court-ordered deadlines for the data production process being overseen by Special Master Brush.

18  *See* Dkt. 331 (Court order setting deadlines). The Court-ordered process calls for Google to

19  complete four separate iterative searches and productions.  Google was supposed to complete

20  production for the first of those four searches by November 26, 2021, but Google only this week

21  even purported to complete that production.  With three iterative searches left, Plaintiffs are

22  concerned there will not be enough time for their experts to evaluate the data in advance of the

23  March 18 deadline for expert reports. In the Court's own words, this data production process is

24  intended to provide "Plaintiffs the tools to identify class members using Google's data, to quantity

25  interceptions of certain private browsing data, as well as to formulate damages models." Dkt. 331

26  at 4. Plaintiffs are raising these issues with Google and the Special Master and, if necessary,

27  Magistrate Judge van Keulen.

28

**JOINT CASE MANAGEMENT STATEMENT**

1    *Google's Statement:*

2        The parties are briefing the first, second, and third disputes that Plaintiffs identify above.

3    With respect to the fourth dispute, the Court has already granted a Protective Order for Google

4    regarding the preservation of evidence (Dkt. 147-1), and Magistrate Judge van Keulen ruled that

5    Google need not respond to Plaintiffs' motion relating to the same issues.  Dkt. 297 at 2.  Plaintiffs'

6    unilateral approach of sending draft letter briefs for certain disputes before any meet and confer has

7    been conducted, violates the letter and spirit of the meet and confer process under the Local Rules

8    of the Northern District of California and Magistrate Judge van Keulen's Civil and Discovery

9    Referral Matters Standing Order.  It has resulted in unproductive meet and confers that diminish any

10   meaningful opportunity to resolve disputes without burdening the Court.

11       Plaintiffs "concern" with the technical process of producing event-level data is no fault of

12   Google, which has been faithfully following the expert guidance of Special Master Douglas Brush

13   and the clarifying orders of Magistrate Judge van Keulen. Google has completed the searches and

14   productions ordered by the Special Master; Plaintiffs have not yet provided the search terms and

15   parameters for any further searches.

16   **9.      CLASS ACTIONS**

17       Plaintiffs will file a motion for class certification, due on May 26, 2022. Dkt. 377. Counsel

18   for the parties have reviewed the Procedural Guidance for Class Action Settlements.

19       *Plaintiffs' Statement:*

20       Plaintiffs' claims involve uniform Google contracts, representations, and practices during

21   the class period (back to June 1, 2016), with Plaintiffs seeking monetary and injunctive relief for a

22   nationwide class.  As confirmed by Google's internal documents, this case involves "common"

23   misconceptions (GOOG-BRWN-00042388) based on uniform Google disclosures and practices,

24   with Google presenting the Incognito Splash Screen (at issue in Judge Koh's rulings) every time a

25   user started using Incognito. Plaintiffs' claims are well suited for class treatment. *E.g.*, *In re*

26   *Facebook, Inc.  Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020) (noting intrusion on

27   seclusion and invasion of privacy claims turn on "reasonable expectation of privacy" and

28   "reasonable person" standard); *Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2016 WL 3844326,

**JOINT CASE MANAGEMENT STATEMENT**

1   at *11 (N.D. Cal. July 15, 2016) (certifying intrusion upon seclusion claims because "elements can

2   be proven on a common basis"); *Ewert v. eBay, Inc.*, No. C-07-02198 RMW, 2010 WL 4269259, at

3   *7 (N.D. Cal. Oct. 25, 2010) (with "standardized agreement" the "court need not delve into the

4   actual knowledge of individual class members"); *Ellsworth v. U.S. Bank*, N.A., No. C 12-02506 LB,

5   2014 WL 2734953, at *20 (N.D. Cal. June 13, 2014) ("courts routinely certify class actions

6   regarding breaches of form contracts").  In her most recent motion to dismiss ruling, Judge Koh

7   explained that "the contract must be interpreted objectively" and that "the objective meaning of a

8   contract is determined by reading the contract 'from the perspective of a reasonable [Google] user.'"

9   Dkt. 363 at 23 (quoting *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d

10  767, 789 (N.D. Cal. 2019)) (alteration in original).  "By offering an interpretation about what

11  Plaintiffs 'reasonably expected,' Plaintiffs provide that perspective." *Id.*  Google's argument that it

12  does not violate the Chrome promise to not save "(private) browsing histories," by having Chrome

13  instead route the data onto remote Google servers, is disingenuous and a uniform breach of contract.

14          This case involves Google's systematic and uniform collection of private browsing

15  information from millions of Americans (*see* Section 2, supra), but Plaintiffs are also still awaiting

16  certain discovery relevant for purposes of seeking class certification.

17          ***Google's Statement:***

18          Dozens of Google and third-party disclosures, including countless public articles, explain

19  exactly how Incognito mode works – (1) Chrome does not save the users' browsing history or

20  information entered in forms (unless the user signs into their Google Account) and (2) cookies and

21  site data are deleted after the user closes all Incognito windows and tabs.  This is also consistent

22  with how other browsers disclose private browsing modes.  Simply put, the fact that private

23  browsing modes are not intended to block ***all*** data transmissions to third party web-service providers

24  is not a secret.  *See, e.g.*,  https://www.w3.org/2001/tag/doc/private-browsing-modes/ (stating that

25  "[t]he Web should be accessible in private and normal browsing modes" and recommending that

26  "browser vendors should work towards achieving private browsing mode [that] work in a way

27  indistinguishable . . . from the normal mode, to respect the user's . . . privacy in choosing it").  And

28  to the extent proposed class members did read one or more of these disclosures, Judge Koh held that

**JOINT CASE MANAGEMENT STATEMENT**

1    "the fact that a contract is 'reasonably susceptible' to one interpretation does not mean that the

2    contract is not 'reasonably susceptible' to a competing interpretation."  Dkt. 363 at 19.  Thus issues

3    of express and implied consent, consumers' actual expectations with respect to private browsing

4    modes, and the inability to actually identify class members given how private browsing functions,

5    among myriad other issues, prevent the certification of the proposed class.

6    **10.    RELATED CASES**

7        The parties are not aware of any related cases or proceedings pending before another judge,

8    court, or administrative body.

9    **11.    RELIEF**

10        *Plaintiffs' Statement:*

11        As stated in their Second Amended Complaint (Dkt. 136-1), and without any changes in

12    their proposed Third Amended Complaint (Dkt. 395-2), Plaintiffs seek the following relief:

13        ● compensatory damages, including statutory damages where available;

14        ● nominal damages;

15        ● non-restitutionary disgorgement of all of Google's profits that were derived, in whole

16            or in part, from its collection and use of private browsing information;

17        ● restitution of the value of the private browsing information that Google improperly

18            collected, including any diminution in value as a result of Google's conduct;

19        ● injunctive relief (including deletion of all private information collected by Google);

20            and

21        ● any other relief the Court deems appropriate.

22        Plaintiffs are still in the process of calculating damages, in part based on Google documents

23    quantifying the financial impact of limiting Google's collection of private browsing information.  In

24    2020, shortly before this lawsuit was filed, Google employees calculated that one change (blocking

25    third-party cookies by default) to one private browsing mode (Incognito mode for Chrome) resulted

26    in ████████████████████████████████████ (GOOG-CABR-04455208).  That is one

27    basis upon which Plaintiffs are calculating damages. Plaintiffs are entitled to these damages under

28    many of their claims, including their breach of contract claim. "The Ninth Circuit has said that

-11-                                CASE NO. 5:20-cv-03664- YGR-SVK

**JOINT CASE MANAGEMENT STATEMENT**

'under California law, a defendant's unjust enrichment can satisfy the "damages" element of a breach of contract claim, such that disgorgement is a proper remedy.'" *In re Google Assistant Priv. Litig.,* No. 19-CV-04286-BLF, 2021 WL 2711747, at *14 (N.D. Cal. July 1, 2021) (quoting *Foster Poultry Farms, Inc. v. SunTrust Bank*, 377 Fed. App'x 665, 669 (9th Cir. 2010)).

***Google Statement*:**

Google objects to Plaintiffs' attempt (again) to litigate the merits of their damages theories in this Joint CMC Statement (*see* Dkt. 275 at 2-3, 21), which is premature and inappropriate. Google will address Plaintiffs' damages theories at the appropriate time.

**12.    SETTLEMENT AND ADR**

No settlement discussions have taken place. Pursuant to ADR Local Rule 3-5 and Civil Local Rule 16-8, on August 19, 2020, the parties met and conferred regarding the available dispute resolution options and filed their respective ADR Certifications.  The parties do not believe that ADR is appropriate at this time.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have not consented to have a magistrate judge conduct all further proceedings.

**14.    OTHER REFERENCES**

Apart from the current Special Master process, the parties do not believe the case is suitable for reference to binding arbitration, a special master, or the JPML.

**15.    NARROWING OF ISSUES**

The parties are working together to see if there are issues that can be narrowed by agreement or otherwise to expedite the presentation of evidence at trial.

**16.    EXPEDITED TRIAL PROCEDURE**

The parties believe this case should not be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.    SCHEDULING**

On January 4, 2022, the Court granted Plaintiffs' Motion for Relief from Case Management Schedule, extending the case deadlines. Dkt. 377. Here is the current case schedule:

-12-                          CASE NO. 5:20-cv-03664- YGR-SVK

**JOINT CASE MANAGEMENT STATEMENT**

| Action | Deadline |
|---|---|
| Fact Discovery | March 4, 2022 |
| Opening Expert Reports | March 18, 2022 |
| Rebuttal Expert Reports | April 15, 2022 |
| Close of Expert Discovery | May 19, 2022 |
| Class Certification Motion | Motion: May 26, 2022<br>Opp'n: July 14, 2022<br>Reply: August 11, 2022 |
| Class Certification Hearing | September 22, 2022 |

**18.    TRIAL**

*Plaintiffs' Statement***:** Plaintiffs currently estimate the trial in this case to last approximately 15 days.

*Google's Statement:*  It is premature to estimate trial length at this time and Google proposes to revisit the issue at a later CMC.  It is likewise premature to determine whether any claims will survive summary judgment and will be resolved by a jury.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties previously filed their certificates of interested entities (Dkt. 14, 52) and have no updates.

**20.    PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct of the Northern District of California.

**21.    OTHER MATTERS**

None.

**JOINT CASE MANAGEMENT STATEMENT**

1   DATED: February 4, 2022

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By   */s/ Diane M. Doolittle*
   Diane M. Doolittle (CA Bar No. 142046)
   dianedoolittle@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, CA 94065
   Telephone: (650) 801-5000
   Facsimile: (650) 801-5100

   Andrew H. Schapiro (admitted *pro hac vice*)
   andrewschapiro@quinnemanuel.com
   191 N. Wacker Drive, Suite 2700
   Chicago, IL 60606
   Tel: (312) 705-7400
   Fax: (312) 705-7401

   Stephen A. Broome (CA Bar No. 314605)
   stephenbroome@quinnemanuel.com
   Viola Trebicka (CA Bar No. 269526)
   violatrebicka@quinnemanuel.com
   865 S. Figueroa Street, 10th Floor
   Los Angeles, CA 90017
   Telephone: (213) 443-3000
   Facsimile: (213) 443-3100

   Josef Ansorge (admitted *pro hac vice*)
   josefansorge@quinnemanuel.com
   Carl Spilly (admitted *pro hac vice*)
   carlspilly@quinnemauel.com
   carlspilly@quinnemanuel.com
   1300 I. Street, N.W., Suite 900
   Washington, D.C. 20005
   Telephone: 202-538-8000
   Facsimile: 202-538-8100

   Jomaire A. Crawford (admitted *pro hac vice*)
   jomairecrawford@quinnemanuel.com
   51 Madison Avenue, 22nd Floor
   New York, NY 10010
   Telephone: (212) 849-7000
   Facsimile: (212) 849-7100

   Jonathan Tse (CA Bar No. 305468)
   jonathantse@quinnemanuel.com
   50 California Street, 22nd Floor
   San Francisco, CA 94111
   Telephone: (415) 875-6600
   Facsimile: (415) 875-6700

   *Attorneys for Defendant*
   Google LLC

-14-       CASE NO. 5:20-cv-03664- YGR-SVK

**JOINT CASE MANAGEMENT STATEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-15-

CASE NO. 5:20-cv-03664- YGR-SVK

**JOINT CASE MANAGEMENT STATEMENT**

1   DATED: February 4, 2022         SUSMAN GODFREY L.L.P.

2

3                           By     /s/ *Amanda Bonn*
                                                                                                          

4

5                                      Amanda Bonn (CA Bar No. 270891)
                                     abonn@susmangodfrey.com
                                     SUSMAN GODFREY L.L.P.

6                                      1900 Avenue of the Stars, Suite 1400
                                     Los Angeles, CA 90067

7                                      Telephone: (310) 789-3100

8                                      Mark C. Mao (CA Bar No. 236165)
                                     mmao@bsfllp.com

9                                      Beko Rebitz-Richardson (CA Bar No. 238027)
                                     brichardson@bsfllp.com

10                                   BOIES SCHILLER FLEXNER LLP
                                  44 Montgomery Street, 41st Floor

11                                   San Francisco, CA 94104

12                                   Telephone: (415) 293 6858
                                  Facsimile (415) 999 9695

13                                   James W. Lee (*pro hac vice*)

14                                   jlee@bsfllp.com
                                  Rossana Baeza

15                                   rbaeza@bsfllp.com
                                  BOIES SCHILLER FLEXNER LLP

16                                   100 SE 2nd Street, Suite 2800
                                  Miami, FL 33130

17                                   Telephone: (305) 539-8400
                                  Facsimile: (305) 539-1304

18

19                                   William Christopher Carmody (*pro hac vice*)
                                  bcarmody@susmangodfrey.com

20                                   Shawn J. Rabin (*pro hac vice*)
                                  srabin@susmangodfrey.com

21                                   Steven Shepard (*pro hac vice*)
                                  sshepard@susmangodfrey.com

22                                   Alexander P. Frawley (*pro hac vice*)
                                  afrawley@susmangodfrey.com

23                                   SUSMAN GODFREY L.L.P.
                                  1301 Avenue of the Americas, 32nd Floor

24                                   New York, NY  10019
                                  Telephone: (212) 336-8330

25

26

27

28

                                                                              CASE NO. 5:20-cv-03664-LHK

01980-00174/13183386.1   **JOINT CASE MANAGEMENT STATEMENT**
                      **Error! Unknown document property name.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Ra  O. Amen (*pro hac vice*)
ramen@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

CASE NO. 5:20-cv-03664- YGR-SVK

**JOINT CASE MANAGEMENT STATEMENT**

1

**ATTESTATION**

2          I, Amanda Bonn, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence

3    to the filing of this document has been obtained from each signatory hereto.

4

5

6      DATED:   February 4, 2022                    By:    _/s/ Amanda Bonn_

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT CASE MANAGEMENT STATEMENT**