| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293 6858<br>Facsimile: (415) 999 9695<br><br>SUSMAN GODFREY L.L.P.<br>William Christopher Carmody (*pro hac vice*)<br>bcarmody@susmangodfrey.com<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 336-8330<br><br>MORGAN & MORGAN<br>John A. Yanchunis (*pro hac vice*)<br>jyanchunis@forthepeople.com<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br><br>Michael F. Ram, CA Bar No. 104805<br>mram@forthepeople.com<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Telephone: (415) 358-6913<br><br>*Attorneys for Plaintiffs; additional counsel listed in signature blocks below* | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Diane M. Doolittle (CA Bar No. 142046)<br>dianedoolittle@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>Andrew H. Schapiro (*pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br><br>*Attorneys for Defendant; additional counsel listed in signature blocks below* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-YGR-SVK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Courtroom 1 – 4th Floor<br>Date: February 11, 2022<br>Time: 12:00 p.m. |

CASE NO. 5:20-cv-03664-YGR-SVK

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to the Clerk's Notice Setting Case Management Conference (Dkt. 392), and in advance of the Case Management Conference set for Friday, February 11, at 12:00 p.m., Plaintiffs and Defendant Google LLC submit this Joint Case Management Statement. The previous Joint Case Management Statement is Dkt. 275.

## 1. JURISDICTION AND SERVICE

Google has been served and the Court has jurisdiction over this matter.

## 2. FACTS

On June 2, 2020, Plaintiffs filed a nationwide putative class action lawsuit against Google, alleging violations of privacy on behalf of users who utilize private browsing modes, including Incognito mode in Google's Chrome browser. Dkt. 1. Plaintiffs asserted four causes of action. *Id.* On September 21, 2020, Plaintiffs filed their Amended Complaint. Dkt. 68. On October 21, 2020, Google moved to dismiss Plaintiffs' Amended Complaint. Dkt. 82. On March 12, 2021, Judge Koh denied Google's motion to dismiss. Dkt. 113. Pursuant to a stipulated agreement with Google, Plaintiffs sought leave to file their Second Amended Complaint on April 14, 2021 to include two new causes of action, i.e., breach of contract and Unfair Competition Law claims, (Dkt. 136-2), which was granted the next day. Dkt. 138. On May 17, 2021, Google filed its motion to dismiss the two new claims. Dkt. 164. On December 22, 2021, Judge Koh denied Google's motion to dismiss. Dkt. 363. Google filed its answer to the Second Amended Complaint on January 14, 2022. Dkt. 387. The case has proceeded through fact discovery for the past 18 months. Fact discovery is set to close on March 4, 2022; merits expert discovery is set to close on May 19, 2022; and class certification briefing will commence on May 26, 2022. Dkt. 377.

*Plaintiffs' Statement:*

This case concerns Google's collection and use of private browsing information, while people visit non-Google websites using Google's private browsing mode (called "Incognito" with Google's Chrome browser) or other private browsing modes. *See* Dkt. 136-1 (operative complaint). Google assured users that they were "in control of what information [they] share with Google" and that they could adjust their privacy settings "across [Google's] services" to "control what [Google] collect[s] and how [their] information is used." SAC ¶¶ 2, 42. To exercise this "control," Google

invited users to "browse the web privately," including through Google's Incognito mode. SAC ¶ 42. But Google in fact – without disclosure or consent – collects, tracks, and stores private browsing histories, regardless of the user's choice of browsing mode. "Choice" is thus an illusion. Google collects and uses people's private browsing information for Google's own enrichment. Google does not dispute this collection, and Judge Koh already rejected many of Google's contentions in her motion to dismiss rulings. Dkts. 113, 363.

Discovery supports Plaintiffs' claims, where Google employees described Google's Incognito mode (internally, not publicly) as "effectively a lie" (GOOG-BRWN-00630517), "broken" (GOOG-BRWN-00441285), "misleading" (GOOG-BRWN-00475063), a "confusing mess" (GOOG-CABR-03827263), and "not truly private" (GOOG-BRWN-00406065), with concerns about "collecting data without consent in Incognito mode" (GOOG-BRWN-00686207) and "people operating under a false sense of privacy" (GOOG-BRWN-00457255). Google knew there were "common misconceptions about private mode" (GOOG-BRWN-00042388), with Google "over-promising and under-delivering" (GOOG-BRWN-00140297).

Google has collected private browsing information from tens of millions of Americans, and from billions of visits to non-Google websites. One set of internal Google calculations shows that, over just a 28-day period through November 15, 2018, over ▬▬▬ "unique users" browsed over ▬▬▬ webpages using Google's Incognito mode (GOOG-BRWN-00750077). Google calculations limited to the United States, for just Android and Apple iOS devices (not including any computers), and just a 28-day period in 2020, calculates over ▬▬▬ "unique users of incognito mode" (GOOG-BRWN-00601022); *see also* GOOG-BRWN-00406075 ("Incognito mode is used by ▬ of Chrome users"); GOOG-BRWN-00529122 ("Incognito mode is used by ▬ of Chrome users, and ▬ use it at least once per week"); GOOG-BRWN-00047631 ("▬ of weekly Chrome users browse in Incognito mode at least once a day").

***Google's Statement:***

Plaintiffs complain that private browsing modes, including Chrome's Incognito mode, do not provide *complete* privacy from Google and other entities that provide services to websites when browsing the Internet. But Google did not present private browsing or Incognito mode in that

-3- CASE NO. 5:20-cv-03664- YGR-SVK

**JOINT CASE MANAGEMENT STATEMENT**

manner. In fact, Incognito mode works exactly as described in Google's disclosures. Each and every time a user initiates a private browsing session on Google's Chrome browser ("Incognito" mode), Google displays a page that says that, in Incognito, "you can browse privately, and *other people who use this device* won't see your activity." Google similarly explains in the Chrome Privacy Notice and elsewhere that Incognito "limit[s] the information Chrome stores *on your system*," including "basic browsing history information." This is true and undisputed: In Incognito, Chrome browser's "History" does not record the websites visited during the Incognito session so that "other people who use this device won't see your activity."

Incognito also provides privacy in other ways. For example, when a user starts a new Incognito session, she is automatically logged out of her Google Account (and thus session activity is not saved to her Account). Incognito also creates a "fresh cookie jar," so cookies set on the browser *before* the session are not shared with the websites visited (or the web-services on the site). Thus, the device appears as a first-time visitor to websites and any services on those sites. Google's disclosures teach new cookies may be placed on the browser *during* an Incognito session and "are remembered while you're browsing, but deleted when you exit Incognito mode."[1] Accordingly, Google does not associate the data received during an Incognito session with the user or her device after the Incognito session ends.

Plaintiffs offer a litany of soundbites from Google's productions to color the Court's view on the merits, but all are taken out of context and ignore key testimony from Google witnesses—including those who authored the very documents Plaintiffs tout. Far from bolstering Plaintiffs' claims, Google witnesses consistently testified that the company's disclosures regarding Incognito mode are "clear and accurate." *See, e.g.*, Palmer Dep. Tr. 41:12. These out-of-context snippets designed to inflame and not inform cannot change the fact that Plaintiffs' legal claims are meritless.

**3. LEGAL ISSUES**

The parties' first Joint Case Management Statement includes a summary of the legal issues. Given Judge Koh's recent motion to dismiss ruling upholding Plaintiffs' breach of contract and UCL

---

[1] https://support.google.com/chrome/answer/7440301#

**JOINT CASE MANAGEMENT STATEMENT**

claims (Dkt. 363), the following two causes of action will also need to be adjudicated: Plaintiffs' Sixth Cause of Action (Breach of Contract) and Plaintiffs' Seventh Cause of Action (Cal. Bus. & Prof. Code § 17200).

**4.    MOTIONS**

<u>Motions Decided Since the Last Joint Case Management Conference Statement (Dkt. 275)</u>

The Court denied Google's motion to dismiss Plaintiffs' Second Amended Complaint (Dkt. 363) and granted Plaintiffs' motion for an extension of the discovery deadlines and Google's motion for an extension of its time to file an Answer (Dkt. 377). The parties briefed numerous discovery disputes before Magistrate Judge van Keulen, some of which have been resolved. Dkts. 288, 298, 307, 335, 353, 358, 359, 365, 385, 393. The Court also issued orders related to the ongoing Special Master discovery proceedings. Dkts. 297, 318, 336. The Court granted various motions to seal (Dkts. 276, 285, 286, 306, 320, 341, 350, 380), granted in part and denied in part one motion to seal (Dkt. 330), granted one motion for admission *pro hac vice* (Dkt. 346) and issued an order appointing commissioners pursuant to the Hague Convention (Dkt. 369).

<u>Plaintiffs' Additional Position</u>: The Court has denied Google's motions for relief from Magistrate Judge van Keulen's orders (Dkts. 359, 365), permitting Plaintiffs to depose Google officers Lorraine Twohill and Sundar Pichai. Google's motions were filed on January 3 and January 10 (Dkts. 375, 382). The two-week time period for the Court to rule on them expired on January 17 and 24, respectively. Because Judge Koh retained this case until January 24 (14 days after Google's second motion), and did not rule Google's motions, they are "deemed denied." L. Civ. R. 72-2(d). Below, Google incorrectly implies that Judge Koh stopped working on this case following Chief Judge Seeborg's December 23 Notice regarding potential reassignment (Dkt. 364). In fact, Judge Koh continued ruling on motions, including by issuing a January 4 order resolving two motions. Dkt. 377 (after Google filed its appeal of the Ms. Twohill deposition order). Judge Koh could have, but chose not to, rule on Google's appeals before this case was assigned to Your Honor, and Plaintiffs respectfully submit that they should be permitted to proceed with those depositions.

<u>Google's Additional Position</u>: Google disagrees that its motions for relief regarding the depositions of its Chief Executive Officer (Dkt. 382) and Chief Marketing Officer (Dkt. 375) have

**JOINT CASE MANAGEMENT STATEMENT**

been "deemed denied" under Local Rule 72-2(d), which states "[t]he Clerk shall notify parties when a motion has been deemed denied." The parties have not received any such notice. The motions for relief were filed after Chief Judge Seeborg indicated this case would be transferred to a new presiding Judge due to Judge Koh's confirmation to the Ninth Circuit. *See* Dkt. 364. The case was reassigned to Your Honor before the 14-day period expired. Dkt. 391. Given these procedural circumstances, and that the motions have not been deemed denied under the language of Local Rule 72-2(d), Google asks that this Court adjudicate them. They are the first and only discovery objections that Google has taken up to the District Court, and they raise important, meritorious objections to the Apex discovery sought by Plaintiffs.

Pending Motions

Plaintiffs have moved for leave to file a Third Amended Complaint (Dkt. 395) to revise their class definitions, which Google opposes. Plaintiffs' Rule 37(b) motion for evidentiary sanctions (Dkt. 292) has been stayed pending resolution of the issues before Special Master Brush (Dkt. 297). One motion to seal remains outstanding. Dkt. 370.

Anticipated Motions

*Plaintiffs' Statement:* Plaintiffs anticipate submitting additional discovery disputes to Magistrate Judge van Keulen, will move for class certification, and may also seek summary judgment and/or adjudication on certain claims or issues.

*Google's Statement:* Google anticipates opposing class certification and moving for summary judgment on all or some of the defenses and claims.

**5. AMENDMENT OF PLEADINGS**

Pursuant to stipulation of the parties, Judge Koh previously granted Plaintiffs' request for leave to file their Second Amended Complaint. Dkt 138; Dkt 136-1 ("SAC"). Plaintiffs have moved for leave to file a Third Amended Complaint. Dkt. 395. Google opposes Plaintiffs' attempt to amend their Complaint again.

**6. EVIDENCE PRESERVATION**

The parties reviewed the ESI Guidelines and conferred regarding evidence preservation.

*Plaintiffs' Statement:*

Plaintiffs remain concerned that Google is not preserving relevant records of Google's collection and use of private browsing data. Plaintiffs raised some of these concerns in their Rule 37(b) motion for evidentiary sanctions. Dkt. 292. On December 3, 2021, Plaintiffs sent Google a draft letter brief identifying particular preservation deficiencies, including by pointing out that the April 2021 order which Google cites below was "without prejudice to Plaintiffs' ability to raise a challenge based upon new evidence not currently before the Court." *Calhoun* Dkt. 174. That order was issued before the Special Master process began, through which Google has been required to identify the particular logs, data sources, and fields that contain data which should be preserved. Google has preserved class identification data in other privacy cases, and it has no excuse for why it did not preserve such a small subset of relevant information for this case. Plaintiffs plan to raise these issues with Magistrate Judge van Keulen.

*Google's Statement:*

There is no deficiency in Google's preservation efforts. Magistrate Judge van Keulen has already ordered that "Google need not suspend its standard retention periods applicable to data logs that reflect event-level data of Chrome users in the United States." *Calhoun*, Dkt. 174; *see also* Dkt. 147-1 at 1 (referring to *Calhoun* order). Further, Plaintiffs filed their Rule 37(b) motion over three and a half months ago (Dkt. 292), and Magistrate Judge van Keulen stayed briefing *sua sponte* five days later (Dkt. 297 at 2) and vacated the hearing on November 8, 2021. Dkt. 324. Plaintiffs' draft letter brief merely restates the baseless arguments in the Rule 37(b) motion.

## 7. DISCLOSURES

The parties exchanged initial disclosures on September 8, 2020. Plaintiffs served amended disclosures on March 16, 2021.

## 8. DISCOVERY

The parties have engaged in substantial discovery, including document production, depositions, written discovery, and an ongoing Special Master process. To date, Google has produced more than 6.6 million pages of documents from 42 custodians and the Named Plaintiffs have produced over 1,000 pages. As for depositions, Google has deposed three of the Named Plaintiffs and Plaintiffs have deposed twelve Google witnesses, including two Rule 30(b)(6)

witnesses. The Court recently extended the close of fact discovery to March 4, 2022 (Dkt. 377), and the parties are working hard to meet that deadline. The parties previously agreed to and the Court entered a protective order (Dkt. 81) and an ESI order (Dkt. 80), and the ESI order was subsequently modified by the Court (Dkt. 91).

*Plaintiffs' Statement:*

Unless the parties can resolve their disputes, Plaintiffs currently anticipate filing the following with Magistrate Judge van Keulen: (i) a joint letter brief regarding disputed 30(b)(6) deposition topics; (ii) a joint letter brief regarding Google's refusal to answer certain Requests for Admissions and Interrogatories; (iii) a joint letter brief regarding Google's refusal to produce custodial documents from the employee who led the company's 2020 efforts to quantity and identify Incognito traffic within Google's logs; and (iv) Google's failure to preserve relevant evidence. Plaintiffs have sent Google draft letter briefs covering all four of these disputes. Google's claim below that these disputes are "unripe" is belied by the fact that Google has already provided drafts of the letter briefs for disputes (i) and (iii) and has agreed to brief (ii). Plaintiffs continue to seek Google's response for item (iv).

In addition, Plaintiffs are growingly increasingly concerned with Google's failure to abide by Court-ordered deadlines for the data production process being overseen by Special Master Brush. *See* Dkt. 331 (Court order setting deadlines). The Court-ordered process calls for Google to complete four separate iterative searches and productions. Google was supposed to complete production for the first of those four searches by November 26, 2021, but Google only this week even purported to complete that production. With three iterative searches left, Plaintiffs are concerned there will not be enough time for their experts to evaluate the data in advance of the March 18 deadline for expert reports. In the Court's own words, this data production process is intended to provide "Plaintiffs the tools to identify class members using Google's data, to quantity interceptions of certain private browsing data, as well as to formulate damages models." Dkt. 331 at 4. Plaintiffs are raising these issues with Google and the Special Master and, if necessary, Magistrate Judge van Keulen.

*Google's Statement:*

The parties are briefing the first, second, and third disputes that Plaintiffs identify above. With respect to the fourth dispute, the Court has already granted a Protective Order for Google regarding the preservation of evidence (Dkt. 147-1), and Magistrate Judge van Keulen ruled that Google need not respond to Plaintiffs' motion relating to the same issues. Dkt. 297 at 2. Plaintiffs' unilateral approach of sending draft letter briefs for certain disputes before any meet and confer has been conducted, violates the letter and spirit of the meet and confer process under the Local Rules of the Northern District of California and Magistrate Judge van Keulen's Civil and Discovery Referral Matters Standing Order. It has resulted in unproductive meet and confers that diminish any meaningful opportunity to resolve disputes without burdening the Court.

Plaintiffs "concern" with the technical process of producing event-level data is no fault of Google, which has been faithfully following the expert guidance of Special Master Douglas Brush and the clarifying orders of Magistrate Judge van Keulen. Google has completed the searches and productions ordered by the Special Master; Plaintiffs have not yet provided the search terms and parameters for any further searches.

## 9. CLASS ACTIONS

Plaintiffs will file a motion for class certification, due on May 26, 2022. Dkt. 377. Counsel for the parties have reviewed the Procedural Guidance for Class Action Settlements.

*Plaintiffs' Statement:*

Plaintiffs' claims involve uniform Google contracts, representations, and practices during the class period (back to June 1, 2016), with Plaintiffs seeking monetary and injunctive relief for a nationwide class. As confirmed by Google's internal documents, this case involves "common" misconceptions (GOOG-BRWN-00042388) based on uniform Google disclosures and practices, with Google presenting the Incognito Splash Screen (at issue in Judge Koh's rulings) every time a user started using Incognito. Plaintiffs' claims are well suited for class treatment. *E.g.*, *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020) (noting intrusion on seclusion and invasion of privacy claims turn on "reasonable expectation of privacy" and "reasonable person" standard); *Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2016 WL 3844326,

-9- CASE NO. 5:20-cv-03664- YGR-SVK

JOINT CASE MANAGEMENT STATEMENT

at *11 (N.D. Cal. July 15, 2016) (certifying intrusion upon seclusion claims because "elements can be proven on a common basis"); *Ewert v. eBay, Inc.*, No. C-07-02198 RMW, 2010 WL 4269259, at *7 (N.D. Cal. Oct. 25, 2010) (with "standardized agreement" the "court need not delve into the actual knowledge of individual class members"); *Ellsworth v. U.S. Bank*, N.A., No. C 12-02506 LB, 2014 WL 2734953, at *20 (N.D. Cal. June 13, 2014) ("courts routinely certify class actions regarding breaches of form contracts"). In her most recent motion to dismiss ruling, Judge Koh explained that "the contract must be interpreted objectively" and that "the objective meaning of a contract is determined by reading the contract 'from the perspective of a reasonable [Google] user.'" Dkt. 363 at 23 (quoting *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 789 (N.D. Cal. 2019)) (alteration in original). "By offering an interpretation about what Plaintiffs 'reasonably expected,' Plaintiffs provide that perspective." *Id.* Google's argument that it does not violate the Chrome promise to not save "(private) browsing histories," by having Chrome instead route the data onto remote Google servers, is disingenuous and a uniform breach of contract.

This case involves Google's systematic and uniform collection of private browsing information from millions of Americans (*see* Section 2, supra), but Plaintiffs are also still awaiting certain discovery relevant for purposes of seeking class certification.

***Google's Statement:***

Dozens of Google and third-party disclosures, including countless public articles, explain exactly how Incognito mode works – (1) Chrome does not save the users' browsing history or information entered in forms (unless the user signs into their Google Account) and (2) cookies and site data are deleted after the user closes all Incognito windows and tabs. This is also consistent with how other browsers disclose private browsing modes. Simply put, the fact that private browsing modes are not intended to block ***all*** data transmissions to third party web-service providers is not a secret. *See, e.g.*, https://www.w3.org/2001/tag/doc/private-browsing-modes/ (stating that "[t]he Web should be accessible in private and normal browsing modes" and recommending that "browser vendors should work towards achieving private browsing mode [that] work in a way indistinguishable . . . from the normal mode, to respect the user's . . . privacy in choosing it"). And to the extent proposed class members did read one or more of these disclosures, Judge Koh held that

-10- CASE NO. 5:20-cv-03664- YGR-SVK
JOINT CASE MANAGEMENT STATEMENT

"the fact that a contract is 'reasonably susceptible' to one interpretation does not mean that the contract is not 'reasonably susceptible' to a competing interpretation." Dkt. 363 at 19. Thus issues of express and implied consent, consumers' actual expectations with respect to private browsing modes, and the inability to actually identify class members given how private browsing functions, among myriad other issues, prevent the certification of the proposed class.

## 10. RELATED CASES

The parties are not aware of any related cases or proceedings pending before another judge, court, or administrative body.

## 11. RELIEF

*Plaintiffs' Statement:*

As stated in their Second Amended Complaint (Dkt. 136-1), and without any changes in their proposed Third Amended Complaint (Dkt. 395-2), Plaintiffs seek the following relief:

- compensatory damages, including statutory damages where available;
- nominal damages;
- non-restitutionary disgorgement of all of Google's profits that were derived, in whole or in part, from its collection and use of private browsing information;
- restitution of the value of the private browsing information that Google improperly collected, including any diminution in value as a result of Google's conduct;
- injunctive relief (including deletion of all private information collected by Google); and
- any other relief the Court deems appropriate.

Plaintiffs are still in the process of calculating damages, in part based on Google documents quantifying the financial impact of limiting Google's collection of private browsing information. In 2020, shortly before this lawsuit was filed, Google employees calculated that one change (blocking third-party cookies by default) to one private browsing mode (Incognito mode for Chrome) resulted in ████████████████████████████████████████ (GOOG-CABR-04455208). That is one basis upon which Plaintiffs are calculating damages. Plaintiffs are entitled to these damages under many of their claims, including their breach of contract claim. "The Ninth Circuit has said that

-11-    CASE NO. 5:20-cv-03664- YGR-SVK
JOINT CASE MANAGEMENT STATEMENT

'under California law, a defendant's unjust enrichment can satisfy the "damages" element of a breach of contract claim, such that disgorgement is a proper remedy.'" *In re Google Assistant Priv. Litig.*, No. 19-CV-04286-BLF, 2021 WL 2711747, at *14 (N.D. Cal. July 1, 2021) (quoting *Foster Poultry Farms, Inc. v. SunTrust Bank*, 377 Fed. App'x 665, 669 (9th Cir. 2010)).

*Google Statement*:

Google objects to Plaintiffs' attempt (again) to litigate the merits of their damages theories in this Joint CMC Statement (*see* Dkt. 275 at 2-3, 21), which is premature and inappropriate. Google will address Plaintiffs' damages theories at the appropriate time.

## 12. SETTLEMENT AND ADR

No settlement discussions have taken place. Pursuant to ADR Local Rule 3-5 and Civil Local Rule 16-8, on August 19, 2020, the parties met and conferred regarding the available dispute resolution options and filed their respective ADR Certifications. The parties do not believe that ADR is appropriate at this time.

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have not consented to have a magistrate judge conduct all further proceedings.

## 14. OTHER REFERENCES

Apart from the current Special Master process, the parties do not believe the case is suitable for reference to binding arbitration, a special master, or the JPML.

## 15. NARROWING OF ISSUES

The parties are working together to see if there are issues that can be narrowed by agreement or otherwise to expedite the presentation of evidence at trial.

## 16. EXPEDITED TRIAL PROCEDURE

The parties believe this case should not be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## 17. SCHEDULING

On January 4, 2022, the Court granted Plaintiffs' Motion for Relief from Case Management Schedule, extending the case deadlines. Dkt. 377. Here is the current case schedule:

| Action | Deadline |
|---|---|
| Fact Discovery | March 4, 2022 |
| Opening Expert Reports | March 18, 2022 |
| Rebuttal Expert Reports | April 15, 2022 |
| Close of Expert Discovery | May 19, 2022 |
| Class Certification Motion | Motion: May 26, 2022<br>Opp'n: July 14, 2022<br>Reply: August 11, 2022 |
| Class Certification Hearing | September 22, 2022 |

18. **TRIAL**

*Plaintiffs' Statement*: Plaintiffs currently estimate the trial in this case to last approximately 15 days.

*Google's Statement:* It is premature to estimate trial length at this time and Google proposes to revisit the issue at a later CMC. It is likewise premature to determine whether any claims will survive summary judgment and will be resolved by a jury.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties previously filed their certificates of interested entities (Dkt. 14, 52) and have no updates.

20. **PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct of the Northern District of California.

21. **OTHER MATTERS**

None.

| | | |
|---|---|---|
| 1 | DATED: February 4, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | By  */s/ Diane M. Doolittle* |
| 4 | | Diane M. Doolittle (CA Bar No. 142046) |
| | | dianedoolittle@quinnemanuel.com |
| 5 | | 555 Twin Dolphin Drive, 5th Floor |
| | | Redwood Shores, CA 94065 |
| 6 | | Telephone: (650) 801-5000 |
| | | Facsimile: (650) 801-5100 |
| 7 | | |
| | | Andrew H. Schapiro (admitted *pro hac vice*) |
| 8 | | andrewschapiro@quinnemanuel.com |
| | | 191 N. Wacker Drive, Suite 2700 |
| 9 | | Chicago, IL 60606 |
| | | Tel: (312) 705-7400 |
| 10 | | Fax: (312) 705-7401 |
| 11 | | Stephen A. Broome (CA Bar No. 314605) |
| | | stephenbroome@quinnemanuel.com |
| 12 | | Viola Trebicka (CA Bar No. 269526) |
| | | violatrebicka@quinnemanuel.com |
| 13 | | 865 S. Figueroa Street, 10th Floor |
| | | Los Angeles, CA 90017 |
| 14 | | Telephone: (213) 443-3000 |
| | | Facsimile: (213) 443-3100 |
| 15 | | |
| | | Josef Ansorge (admitted *pro hac vice*) |
| 16 | | josefansorge@quinnemanuel.com |
| | | Carl Spilly (admitted *pro hac vice*) |
| 17 | | carlspilly@quinnemauel.com |
| | | carlspilly@quinnemanuel.com |
| 18 | | 1300 I. Street, N.W., Suite 900 |
| | | Washington, D.C. 20005 |
| 19 | | Telephone: 202-538-8000 |
| | | Facsimile: 202-538-8100 |
| 20 | | |
| | | Jomaire A. Crawford (admitted *pro hac vice*) |
| 21 | | jomairecrawford@quinnemanuel.com |
| | | 51 Madison Avenue, 22nd Floor |
| 22 | | New York, NY 10010 |
| | | Telephone: (212) 849-7000 |
| 23 | | Facsimile: (212) 849-7100 |
| 24 | | Jonathan Tse (CA Bar No. 305468) |
| | | jonathantse@quinnemanuel.com |
| 25 | | 50 California Street, 22nd Floor |
| | | San Francisco, CA 94111 |
| 26 | | Telephone: (415) 875-6600 |
| | | Facsimile: (415) 875-6700 |
| 27 | | |
| | | *Attorneys for Defendant* |
| 28 | | Google LLC |

-14-   CASE NO. 5:20-cv-03664- YGR-SVK

**JOINT CASE MANAGEMENT STATEMENT**

| | | |
|---|---|---|
| 1 | DATED: February 4, 2022 | SUSMAN GODFREY L.L.P. |
| 2 | | |
| 3 | | By /s/ *Amanda Bonn* |
| 4 | | Amanda Bonn (CA Bar No. 270891) |
| 5 | | abonn@susmangodfrey.com |
| | | SUSMAN GODFREY L.L.P. |
| 6 | | 1900 Avenue of the Stars, Suite 1400 |
| | | Los Angeles, CA 90067 |
| 7 | | Telephone: (310) 789-3100 |
| 8 | | Mark C. Mao (CA Bar No. 236165) |
| | | mmao@bsfllp.com |
| 9 | | Beko Rebitz-Richardson (CA Bar No. 238027) |
| 10 | | brichardson@bsfllp.com |
| | | BOIES SCHILLER FLEXNER LLP |
| 11 | | 44 Montgomery Street, 41st Floor |
| | | San Francisco, CA 94104 |
| 12 | | Telephone: (415) 293 6858 |
| | | Facsimile (415) 999 9695 |
| 13 | | |
| 14 | | James W. Lee (*pro hac vice*) |
| | | jlee@bsfllp.com |
| 15 | | Rossana Baeza |
| | | rbaeza@bsfllp.com |
| 16 | | BOIES SCHILLER FLEXNER LLP |
| | | 100 SE 2nd Street, Suite 2800 |
| 17 | | Miami, FL 33130 |
| | | Telephone: (305) 539-8400 |
| 18 | | Facsimile: (305) 539-1304 |
| 19 | | William Christopher Carmody (*pro hac vice*) |
| | | bcarmody@susmangodfrey.com |
| 20 | | Shawn J. Rabin (*pro hac vice*) |
| | | srabin@susmangodfrey.com |
| 21 | | Steven Shepard (*pro hac vice*) |
| | | sshepard@susmangodfrey.com |
| 22 | | Alexander P. Frawley (*pro hac vice*) |
| | | afrawley@susmangodfrey.com |
| 23 | | SUSMAN GODFREY L.L.P. |
| | | 1301 Avenue of the Americas, 32nd Floor |
| 24 | | New York, NY 10019 |
| | | Telephone: (212) 336-8330 |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

-16- CASE NO. 5:20-cv-03664-LHK

01980-00174/13183386.1 **JOINT CASE MANAGEMENT STATEMENT**
Error! Unknown document property name.

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Ra O. Amen (*pro hac vice*)
ramen@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

## ATTESTATION

I, Amanda Bonn, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: February 4, 2022     By:     /s/ Amanda Bonn