**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF JONATHAN TSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS (DKT. 394)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

I, Jonathan Tse, declare as follows:

1. I am a member of the bar of the State of California and an attorney at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I am making this declaration pursuant to Civil Local Rule 79-5(e)-(f) as an attorney for Google as the Designating Party, pursuant to Civil Local Rule 79-5(f)(3) in response to Dkt. 394.

3. On February 3, 2022, Plaintiffs filed an administrative motion to file under seal portions of the Joint Case Management Statement (Dkt. 394). On February 3, 2022, I received an unredacted service copy of these documents. On February 17, 2022, the Court granted the Parties' Joint Stipulation and Proposed Order extending time for Google to submit its declaration in support of Plaintiffs' Motion to Seal (Dkt. 394) to February 17, 2022. (Dkt. 408).

4. I have reviewed the documents that Plaintiffs seek to file under seal pursuant to Civil Local Rule 79-5, unredacted versions of which have been filed at Docket Entry 394. Based on my review, Google has both good cause and compelling reasons to seal the following confidential information:

| Document | Basis for Sealing |
|---|---|
| Plaintiffs' Rule 15(a) Motion for Leave to File their Third Amended Complaint (Dkt. 394-1)<br><br>Pages 5:20, 5:22-23 6:1-2, 8:12, 11:15-16, 12:2, 12:20-27, 13:1-2, 13:4, 13:6-12, 13:14, 14:7-12, 14:17-19, 16:6, 16:18, 17:1-13, 18:3-4, 18:8-16, 19:3-8, 20:21, 22:2<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, cookies, internal identifiers, Google's internal communications and practices with regard to Incognito and its proprietary functions, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of |

| | | |
|---|---|---|
| 1 2 | | cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| 3 4 5 6 7 8 9 10 11 12 | Declaration of Mark C. Mao in Support of Plaintiffs' Motion for Leave to File their Third Amended Complaint<br><br>Pages 3:9. 3:18, 3:22<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, internal identifiers, as well as practices with regard to Incognito and its proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| 13 14 15 16 17 18 19 20 21 22 23 | Exhibit 1 to Mao Decl. (GOOG-BRWN-00630517)<br><br>Page 1<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to potential implementation considered by Google with regard to Incognito and its proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| 24 25 26 27 28 | Exhibit 3 to Mao Decl. (GOOG BRWN-00475063)<br><br>Pages 1, 2, 4<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, cookies, internal identifiers, as well as Google's internal communications and practices with regard to Incognito and its proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices |

| | | |
|---|---|---|
| 1 2 3 4 5 6 | | for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| 7 8 9 10 11 12 13 14 15 16 | Exhibit 4 to Mao Decl. (GOOG-CABR-03827263)<br><br>Page 1<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names and internal identifiers, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| 17 18 19 20 21 22 23 24 25 26 27 | Exhibit 5 to Mao Decl. (GOOG-BRWN-00406065)<br><br>Pages 1-6<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, cookies, internal identifiers, Google's internal communications and practices with regard to Incognito and its proprietary functions, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| 28 | Exhibit 6 to Mao Decl. (GOOG-BRWN-00686207) | The information requested to be sealed contains Google's highly confidential and proprietary information, including |

| | | |
|---|---|---|
| | Pages 3-7<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | details related to project names, internal identifiers, Google's internal communications and practices with regard to Incognito and its proprietary functions, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Exhibit 8 to Mao Decl. (GOOG-BRWN-00042388)<br><br>Pages 4-5, 7-10, 12, 14, 17, 21, 23, 26, 28, 31<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, cookies, internal identifiers, Google's internal communications and practices with regard to Incognito and its proprietary functions, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Exhibit 9 to Mao Decl. (GOOG-BRWN-00140297)<br><br>Pages 15-17, 19-23, 27, 29, 31-33<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, cookies, internal identifiers, Google's internal communications and practices with regard to Incognito and its proprietary functions, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public |

| | |
|---|---|
| | disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 10 to Mao Decl. (GOOG-CABR-04324934)<br><br>Entirety<br><br>Google joins Plaintiffs' motion to seal in whole with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, cookies, internal identifiers, Google's internal communications and practices with regard to Incognito and its proprietary functions, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 12 to Mao Decl. (GOOG-CABR-03750737)<br><br>Pages 8-10, 16-18, 21<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, cookies, internal identifiers, as well as Google's internal communications and practices with regard to Incognito and its proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 13 to Mao Decl. (GOOG-CABR-04981563) | The information requested to be sealed contains Google's highly confidential and proprietary information, including |

| | | |
|---|---|---|
| | Page 4<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | details related to internal metrics and features related to Incognito and its proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Exhibit 14 to Mao Decl. (GOOG-BRWN-00806426)<br><br>Page 1<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to potential implementation considered by Google with regard to Incognito and its proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Exhibit 16 to Mao Decl. (GOOG-CABR-03923580)<br><br>Pages 1-2<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, cookies, internal identifiers, Google's internal communications and practices with regard to Incognito and its proprietary functions, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information |

| | | |
|---|---|---|
| | | could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Exhibit 20 to Mao Decl. (GOOG-CABR-04739841)<br><br>Entirety<br><br>Google joins Plaintiffs' motion to seal in whole with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, cookies, internal identifiers, Google's internal communications and practices with regard to Incognito and its proprietary functions, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Exhibit 22 to Mao Decl. (GOOG-BRWN-00477510)<br><br>Entirety<br><br>Google joins Plaintiffs' motion to seal in whole with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, cookies, internal identifiers, Google's internal communications and practices with regard to Incognito and its proprietary functions, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Exhibit 23 to Mao Decl. (GOOG-BRWN-00388293)<br><br>Page 3 | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to internal dial-in or meeting information, that Google maintains as confidential in the ordinary course of its |

| | | |
|---|---|---|
| 1 2 3 4 5 6 7 8 | Google joins Plaintiffs' motion to seal in part with respect to this document. | business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| 9 10 11 12 13 14 15 16 17 | Exhibit 24 to Mao Decl. (GOOG-CABR-05126022)<br><br>Page 2<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to internal project name, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| 18 19 20 21 22 23 24 25 26 27 | Exhibit 25 to Mao Decl. (GOOG-CABR-05269357.R)<br><br>Entirety<br><br>Google joins Plaintiffs' motion to seal in whole with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, cookies, internal identifiers, as well as Google's internal communications and practices with regard to Incognito and its proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to |

| | | |
|---|---|---|
| 1 | | compromise Google's internal practices relating to competing products. |
| 2 | Exhibit 26 to Mao Decl. (GOOG-CABR-05756666)

Page 18

Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including internal metrics related to Incognito, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Exhibit 28 to Mao Decl. (GOOG-CABR-04967959)

Entirety

Google joins Plaintiffs' motion to seal in whole with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, cookies, internal identifiers, Google's internal communications and practices with regard to Incognito and its proprietary functions, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Exhibit 29 to Mao Decl. (GOOG-BRWN-00750077)

Entirety

Google joins Plaintiffs' motion to seal in whole with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, internal identifiers, Google's internal communications and practices with regard to Incognito and its proprietary functions, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business |

| | |
|---|---|
| | practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 30 to Mao Decl. (GOOG-BRWN-00601022)<br><br>Page 1<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, cookies, internal identifiers, Google's internal communications and practices with regard to Incognito and its proprietary functions, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 31 to Mao Decl. (GOOG-BRWN-00529122)<br><br>Pages 1-3<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to cookies, internal identifiers, Google's internal communications and practices with regard to Incognito and its proprietary functions, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | Exhibit 32 to Mao Decl. (Kleber Tr.)<br><br>Pages 4:14, 172:10<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, internal identifiers, as well as internal metrics that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| 11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21 | Exhibit 34 to Mao Decl. (GOOG-BRWN-00397243)<br><br>Pages 2<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to cookies and internal discussions for potential features to be implemented related to Incognito and its proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| 22<br>23<br>24<br>25<br>26<br>27<br>28 | Exhibit 36 to Mao Decl. (GOOG-BRWN-00490767)<br><br>Pages 6-7<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect |

| | | |
|---|---|---|
| 1-4 | | Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| 5-15 | Exhibit 37 to Mao Decl. (GOOG-CABR-04787255)<br><br>Entirety<br><br>Google joins Plaintiffs' motion to seal in whole with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, cookies, internal identifiers, Google's internal communications and practices with regard to Incognito and its proprietary functions, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| 16-27 | Exhibit 38 to Mao Decl. (GOOG-CABR-03738741)<br><br>Entirety<br><br>Google joins Plaintiffs' motion to seal in whole with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, cookies, internal identifiers, Google's internal communications and practices with regard to Incognito and its proprietary functions, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| 28 | Exhibit 39 to Mao Decl. (GOOG-CABR-00903677) | The information requested to be sealed contains Google's highly confidential and proprietary information, including |

| | |
|---|---|
| Entirety<br><br>Google joins Plaintiffs' motion to seal in whole with respect to this document. | details related to internal analyses and metrics for certain Google products and their proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 40 to Mao Decl. (GOOG-CABR-00547295)<br><br>Entirety<br><br>Google joins Plaintiffs' motion to seal in whole with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to project names, cookies, internal identifiers, Google's internal communications and practices with regard to Incognito and its proprietary functions, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 41 to Mao Decl. (GOOG-CABR-04076770)<br><br>Entirety<br><br>Google joins Plaintiffs' motion to seal in whole with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to internal analyses and metrics for certain Google products and their proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their |

| | |
|---|---|
| | systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 42 to Mao Decl. (GOOG-CABR-00543864)<br><br>Entirety<br><br>Google joins Plaintiffs' motion to seal in whole with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to internal project names, cookies, internal identifiers, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 43 to Mao Decl. (Google's Responses and Objections to Plaintiffs' 8th Set ROGs [Nos. 30-33])<br><br>Pages 8<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, including details related to internal analyses and metrics for certain Google products and their proprietary functions as well as Google's internal practices with regard to Incognito and its proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

5. Google has significantly pared back Plaintiffs' proposed redactions to 22 of the documents and exhibits Plaintiffs' originally filed under seal. Furthermore, Google does not seek to

redact or file under seal any of the remaining portions of Plaintiffs' Opposition not indicated in the table above. Specifically, Google is not seeking to seal 11 of the exhibits Plaintiffs' originally filed under seal (Exhibits 2, 7, 11, 15, 17, 18, 19, 21, 27, 33, 35).

6. A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civ. L.R. 79-5(b).

7. The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.* "The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome the strong presumption" in favor of public access. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). The Ninth Circuit has confirmed that "ordinarily a party must show 'compelling reasons' to keep a court document under seal." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1095 (9th Cir. 2016). Quoting the Supreme Court's decision in *Nixon v. Warner Communications*, however, the Court has noted that examples of what might constitute a compelling reason include "'sources of business information that might harm a litigant's competitive standing.'" *Id.* at 1097 (quoting 435 U.S. 589, 598-99 (1978)).

8. Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589-99 (1978). Materials that could harm a litigant's competitive standing may be sealed under the "compelling reasons" standard. *See, e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted). Courts in this district have also determined that motions to seal may be granted as to potential trade secrets. *See, e.g.*, *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing "that [the party] ha[s] not shown that the substance of the information . . . amounts to a trade secret").

9. Although the materials that Google seeks to seal here easily meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard. Pursuant to Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order...requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). A party seeking to seal information in a non-dispositive motion must show only "good cause." *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). "While recognizing that there is little clarity as to what, exactly, constitutes a 'dispositive' motion, and that our circuit has not articulated the difference between a dispositive and nondispositive motion the district court decided to read dispositive to mean that unless the motion could literally lead to the final determination on some issue, a party need show only good cause to keep attached documents under seal." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1095–96 (9th Cir. 2016) (internal quotation marks omitted). A "motion for leave to file a amend a complaint is generally considered a nondispositive matter." *Au v. Funding Grp., Inc.*, No. CIV. 11-00541 SOM, 2012 WL 3686893, at *1 (D. Haw. Aug. 24, 2012), *aff'd*, 588 F. App'x 707 (9th Cir. 2014).

10. Under the "good cause" standard, courts will seal statements reporting on a company's users, sales, investments, or other information that is ordinarily kept secret for competitive purposes. *See Hanginout, Inc. v. Google, Inc.,* 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014); *Nitride Semiconductors Co. v. RayVio Corp.*, 2018 WL 10701873, at *1 (N.D. Cal. Aug. 1, 2018) (granting motion to seal "[c]onfidential and proprietary information regarding [Defendant]'s products" under "good cause" standard) (Van Keulen, J.). The select information Google seeks to seal is the type that the Ninth Circuit has held to properly be kept under seal. *See Sun Microsystems Inc. v. Network Appliance*, No. C–08–01641–EDL, 2009 WL 5125817, at *9 (N.D. Cal Dec. 21, 2009) (sealing confidential business information, which if disclosed could cause harm to the parties). This information retains independent economic value from not being generally known to, and not being readily ascertainable through proper means to the general public. 18 U.S.C. § 1839(3)(B).

11. The information Google is seeking to seal all comprise confidential and proprietary information as the materials involve highly sensitive features of Google's internal systems and operations that Google does not share publicly. Specifically, this information provides details related to project names, cookies, internal identifiers, Google's internal communications and practices with regard to Incognito and its proprietary functions, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with legal and privacy obligations.

12. Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, and designs to Google's competitors, allowing them to alter their own plans for product development and/or commercialization, time strategic litigation, focus their patent prosecution strategies, or otherwise unfairly compete with Google. That alone is a proper basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc*., No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co*., No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (sealing "highly sensitive information regarding Delphix's product architecture and development").

13. Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's internal servers and components thereof. Google would be placed at an increased risk of cyber security threats. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the

1  Gmail system affects how messages are transmitted" because if made public, it "could lead to a
2  breach in the security of the Gmail system").  The security threat is an additional reason for this
3  Court to seal the identified information. Thus, the confidential information at issue satisfies both the
4  compelling reason and good cause standards.

5       14.     Google's request is narrowly tailored in order to protect its confidential information.
6  These redactions are limited in scope and volume.  Because the proposed redactions are narrowly
7  tailored and limited to portions containing Google's highly-confidential or confidential information,
8  Google requests that the portions of the aforementioned documents be redacted from any public
9  version of those documents.

10      I declare under penalty of perjury of the laws of the United States that the foregoing is true
11 and correct. Executed in San Francisco, California on February 17, 2022.

13 DATED:  February 17, 2022          QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP

16                                    By     /s/ Jonathan Tse
                                             Jonathan Tse

                                      *Attorney for Defendant*