| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>Erika Nyborg-Burch, CA Bar No. 342125<br>**BOIES SCHILLER FLEXNER LLP**<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br>enyborg-burch@bsfllp.com<br><br>James Lee (admitted *pro hac vice*)<br>Rossana Baeza (admitted *pro hac vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>**SUSMAN GODFREY L.L.P**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel: (310) 789-3100<br>Fax: (310) 789-3150<br>abonn@susmangodfrey.com<br><br>*Attorneys for Plaintiffs* | William Christopher Carmody<br>(admitted *pro hac vice*)<br>Shawn J. Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>Alexander Frawley (admitted *pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1301 Avenue of the Americas,<br>32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>John A. Yanchunis (admitted *pro hac vice*)<br>Ryan J. McGee (admitted *pro hac vice*)<br>**MORGAN & MORGAN**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>mram@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>**MORGAN & MORGAN**<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 5:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' RESPONSE TO GOOGLE LLC'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE RE: APEX DEPOSITION OF LORRAINE TWOHILL** |

## I.  INTRODUCTION

Google has failed to establish any error in Magistrate Judge van Keulen's order (Dkt. 359) granting Plaintiffs a four-hour deposition of Google Chief Marketing Officer Lorraine Twohill. Plaintiffs' claims concern Google's collection of users' private browsing information without consent, including from Google's "Incognito" mode. As explained in the joint submission to Judge van Keulen (Dkt. 355), Ms. Twohill is the author and custodian of documents that go to the heart of this case—including her email admitting that Incognito is "not truly private." That is why Judge van Keulen permitted this deposition. Google's motion to reverse that decision and block Ms. Twohill's deposition (Dkt. 375) is both meritless and unprecedented.

## II.  LEGAL STANDARD

"A district court will not modify or set aside a magistrate judge's order unless it is 'found to be clearly erroneous or contrary to law.'" *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citing FED. R. CIV. P. 72(a)). Under this "highly deferential" standard, "the district judge may not simply substitute his or her judgment for that of the magistrate judge." *Finjan, Inc. v. Cisco Sys. Inc.*, 17-cv-00072-BLF, 2019 WL 4674338, at *1 (N.D. Cal. July 17, 2019) (citation omitted). "A finding of fact may be set aside as clearly erroneous only if the court has 'a definite and firm conviction that a mistake has been committed.'" *Amy v. Curtis*, 19-cv-02184-PJH, 2021 WL 1904668, at *1 (N.D. Cal. Mar. 8, 2021) (citation omitted).

## III.  ARGUMENT

Google has failed to meet this "highly deferential" standard. Google cannot prove that Judge van Keulen's order permitting a four-hour deposition of Ms. Twohill was in "clear error" or "contrary to law." Plaintiffs established that Ms. Twohill has relevant first-hand, non-repetitive knowledge and that Plaintiffs exhausted less-intrusive means of discovery, and there was no error in Judge van Keulen's ruling. Google cites no case where a District Court overturned such a decision by a magistrate judge, and there is no basis to issue such a decision here.

### A. Judge van Keulen Correctly Found That Ms. Twohill Has Unique First-Hand, Non-Repetitive Knowledge of Relevant Facts.

Ms. Twohill has unique first-hand, non-repetitive knowledge. For example, in January 2021, Ms. Twohill sent an email to four top Google executives (including Google CEO Sundar Pichai) admitting that Incognito is "***not truly private***, thus requiring really fuzzy, hedging language that is almost more damaging." Dkt. 355 (citing production numbers) (emphasis added). Ms. Twohill's documents reference her follow up discussion with Mr. Pichai, but Google has not produced any records of their conversation. *Id.* Ms. Twohill's files also include a June 2021 internal presentation noting ███████████████████████████████████████████ ████ *Id.* (emphasis added). Ms. Twohill's documents confirm Plaintiffs' core allegations: that Incognito mode is "not truly private," that Google knew its disclosures regarding Incognito mode were misleading, and that ██████████████████████████ The parties' joint submission cited these documents and others containing relevant admissions by Ms. Twohill.

In addition, during the class period, Ms. Twohill ████████████████████ ████████████████████████████████████████████ *See* GOOG-BRWN-00707048 ████████████████████████████████████████████ ████████████████████████████████████████████ *Id.*; GOOG-BRWN-00140297 ████████████████████████████████; GOOG-CABR-05269357.R ████████████████████████ It was also Ms. Twohill who, in 2019, pushed for "rebranding" Incognito mode. *See* GOOG-BRWN-00183088.

Based on her extensive experience with this case, Judge van Keulen determined Ms. Twohill had the requisite unique first-hand knowledge for Ms. Twohill's deposition to be appropriate. Dkt. 359; *see e.g.*, *In re Apple iPhone Antitrust Litig.*, No. 11-cv-06714-YGR (TSH), 2021 WL 485709, at *5 (N.D. Cal. Jan. 26, 2021) (compelling deposition); *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 265 (N.D. Cal. 2012) (same); *see also Hardin v. Wal-Mart Stores, Inc.*, No. 08-CV-0617 AWI BAM, 2011 WL 6758857, at *2 (E.D. Cal. Dec. 22, 2011) (same);

1  *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, Case No. 12-cv-03844-JST (MEJ), 2014
2  WL 5387936, at *1 (N.D. Cal. Oct. 21, 2014) (cited by Google and recognizing that a party carries
3  a "heavy burden" to show deponent "has no first hand knowledge of the facts").

4        Google has not shown any "mistake" requiring reversal. *See Sherwin-Williams Co. v. JB*
5  *Collision Servs., Inc.*, No. 13cv1946-LAB (WVG), 2015 WL 6759919, at *2 (S.D. Cal. Nov. 4,
6  2015) (citing *Wi–Lan, Inc. v. LG Electronics, Inc.,* No. C 10-80254-JF (PSG) 2011 WL 841271,
7  *1 (N.D. Cal. Mar. 8, 2011)) (noting "standard is extremely deferential"). Google has not cited a
8  single case in which an Article III judge reversed an order by a magistrate judge permitting such a
9  deposition. Instead, Google's motion rehashes the meritless argument that Judge van Keulen
10 already rejected: that Ms. Twohill's knowledge cannot be unique because some of the emails
11 Plaintiffs cited include other employees who could have been or were deposed. In doing so, Google
12 once again fails to acknowledge that some of the most critical documents cited above were
13 authored or sent by Ms. Twohill herself, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The individuals Google
15 identifies as equally knowledgeable are not ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Dkt. 375
16 at 4–5 (naming employees). Nor did any other Google marketing employees supervise marketing
17 strategy across the projects that marketed Incognito or collected information from its users. No
18 single person shares Ms. Twohill's unique first-hand knowledge about these relevant topics.

19       **B.**    **Judge van Keulen Correctly Found That Plaintiffs Exhausted Efforts to
20             Obtain This Discovery Through Less Intrusive Means.**

21       Judge van Keulen also properly considered and rejected Google's argument that Plaintiffs
22 were attempting to "leapfrog" lower-level Google employees. *Compare* Dkt. 355 at 6 (brief) *with*
23 Dkt. 359 (order noting Plaintiffs' argument that they exhausted less intrusive means to no avail).
24 Judge van Keulen considered documents demonstrating that Ms. Twohill has first-hand knowledge
25 of relevant facts, that the basis for that knowledge is unique to Ms. Twohill and not memorialized
26 in writing, and that Plaintiffs have not been able to uncover details of these relevant facts through
27 other discovery. Judge van Keulen thus committed no error of law.

28

1   Her decision was correct. Limited to just 20 depositions, Plaintiffs have deposed 14 current
2   and former Google employees, none of whom has been able to testify regarding the documents
3   and subjects that Plaintiffs plan to cover with Ms. Twohill. Nor could they: Plaintiffs seek
4   information about what led Ms. Twohill to email that Incognito mode is "not truly private" among
5   other key facts. Plaintiffs could ask this question of every Google employee, and Google would
6   object that no other deponent can speculate as to the basis for Ms. Twohill's opinions.

7   Not one of the decisions Google cites requires that Plaintiffs depose every marketing
8   employee who reported to Ms. Twohill, or everyone involved in any relevant correspondence with
9   leadership and everyone present at all relevant meetings Ms. Twohill attended in order to satisfy
10  the exhaustion prong. *Cf Groupion, LLC v. Groupon, Inc.*, No. 11-0870 MEJ, 2012 WL 359699,
11  at *2–3 (N.D. Cal. Feb. 2, 2012) (denying request to depose six senior executives where plaintiff
12  deposed *only* Senior Vice President/founder who had "intimate knowledge"); *Celerity, Inc. v.
13  Ultra Clean Holding, Inc.*, No. C 05-4374 MMC (JL), 2007 WL 205067, at *5 (N.D. Cal. Jan. 25,
14  2007) (noting "confusion" in inventor deponent's testimony about chain of title may "well be
15  cleared up by another employee" and there was "no specific evidence" he was the only deponent
16  who could clarify); *Icon-IP Pty Ltd.*, 2014 WL 5387936, at *1–2 (party offered additional
17  interrogatories without prejudice to later requests for deposition "should the responses not yield
18  the information" sought). Judge van Keulen did not err in permitting a deposition after extensive
19  discovery, including multiple depositions and interrogatories. *See Finisar Corp. v. Nistica, Inc.*,
20  Case No. 13-CV-03345-BLF (JSC), 2015 WL 3988132, at *3 (N.D. Cal. June 30, 2015) ("As there
21  is no strict requirement that a party exhaust *every type of discovery request* before seeking to
22  compel a deposition, Nistica's efforts to date do not defeat its request") (emphasis added).

23  Raising an argument never made before Judge van Keulen, Google now attacks Plaintiffs
24  for not questioning two non-marketing Google employees about one privacy meeting also attended
25  by Ms. Twohill. *See* Dkt. 375 at 2. Google fails to disclose to this Court that neither of those
26  individuals shared Ms. Twohill's responsibilities for marketing multiple relevant products ███
27  █████████████████. Neither deponent's testimony suggests that Ms. Twohill's testimony
28

4

would be repetitive or that those deponents would have been able to answer questions covering all the marketing issues related to Incognito that Ms. Twohill handled across multiple departments. Google's belated argument provides no basis to find that Judge van Keulen committed any error.

### C. Google's Proposed Substitution

As a last ditch attempt to avoid Ms. Twohill's deposition, Google proposed last week that the parties substitute James Croom for Ms. Twohill. Google's proposed substitution provides no basis to overturn Judge van Keulen's order. Mr. Croom is not a document custodian, so his documents have not been collected or produced. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and he does not have knowledge of how Incognito mode is marketed across multiple Google departments and products beyond Chrome. Perhaps most importantly, Mr. Croom is not copied on emails Ms. Twohill sent to Google executives raising concerns that Incognito is "not truly private," he did not participate in private conversations about that admission, and he does not appear to be a custodian for other key documents from Ms. Twohill's files. Mr. Croom's substitution for Ms. Twohill is plainly insufficient.

### D. Google Rejected Plaintiffs' Proposed Compromise

Seeking to avoid burdening this Court unnecessarily, and in response to Google's offer of Mr. Croom as a deponent, Plaintiffs last week proposed to Google a stipulation regarding admissibility of Ms. Twohill's documents and treatment of the statements therein as party admissions in exchange for not deposing Ms. Twohill. Google refused. Google's refusal confirms that Google intends to put its own spin on Ms. Twohill's documents while simultaneously shielding her from sitting for a deposition to testify about them under oath. If that were not Google's real intention, it would have agreed to this proposed stipulation.

## IV. CONCLUSION

Because Google has failed to overcome the "highly deferential" standard to prove Judge van Keulen's order committed "clear error" or was "contrary to law," Plaintiffs respectfully request that the Court deny Google's motion.

Dated: February 21, 2022

SUSMAN GODFREY L.L.P.

By */s/ Amanda Bonn*

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (CA Bar No. 342125)
enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

| | |
|---|---|
| 1 | |
| 2 | John A. Yanchunis (*pro hac vice*) |
|   | jyanchunis@forthepeople.com |
| 3 | Ryan J. McGee (*pro hac vice*) |
|   | rmcgee@forthepeople.com |
| 4 | MORGAN & MORGAN, P.A. |
|   | 201 N Franklin Street, 7th Floor |
| 5 | Tampa, FL 33602 |
|   | Telephone: (813) 223-5505 |
| 6 | Facsimile: (813) 222-4736 |

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*