| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165 | William Christopher Carmody |
| Beko Reblitz-Richardson, CA Bar No. 238027 | (admitted *pro hac vice*) |
| Erika Nyborg-Burch, CA Bar No. 342125 | Shawn J. Rabin (admitted *pro hac vice*) |
| **BOIES SCHILLER FLEXNER LLP** | Steven M. Shepard (admitted *pro hac vice*) |
| 44 Montgomery St., 41st Floor | Alexander Frawley (admitted *pro hac vice*) |
| San Francisco, CA 94104 | **SUSMAN GODFREY L.L.P.** |
| Tel.: (415) 293-6800 | 1301 Avenue of the Americas, |
| mmao@bsfllp.com | 32nd Floor |
| brichardson@bsfllp.com | New York, NY  10019 |
| enyborg-burch@bsfllp.com | Tel.: (212) 336-8330 |
| | bcarmody@susmangodfrey.com |
| James Lee (admitted *pro hac vice*) | srabin@susmangodfrey.com |
| Rossana Baeza (admitted *pro hac vice*) | sshepard@susmangodfrey.com |
| **BOIES SCHILLER FLEXNER LLP** | afrawley@susmangodfrey.com |
| 100 SE 2nd St., 28th Floor | |
| Miami, FL 33131 | John A. Yanchunis (admitted *pro hac vice*) |
| Tel.: (305) 539-8400 | Ryan J. McGee (admitted *pro hac vice*) |
| jlee@bsfllp.com | **MORGAN & MORGAN** |
| rbaeza@bsfllp.com | 201 N. Franklin Street, 7th Floor |
| | Tampa, FL 33602 |
| Amanda K. Bonn, CA Bar No. 270891 | Tel.: (813) 223-5505 |
| **SUSMAN GODFREY L.L.P** | jyanchunis@forthepeople.com |
| 1900 Avenue of the Stars, Suite 1400 | mram@forthepeople.com |
| Los Angeles, CA 90067 | rmcgee@forthepeople.com |
| Tel: (310) 789-3100 | |
| Fax: (310) 789-3150 | Michael F. Ram, CA Bar No. 104805 |
| abonn@susmangodfrey.com | **MORGAN & MORGAN** |
| | 711 Van Ness Ave, Suite 500 |
| | San Francisco, CA 94102 |
| | Tel: (415) 358-6913 |
| *Attorneys for Plaintiffs* | mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  5:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' RESPONSE TO GOOGLE LLC'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE RE: APEX DEPOSITION OF SUNDAR PICHAI** |

## I. INTRODUCTION

Google's motion (Dkt. 382) establishes no basis to overturn Magistrate Judge van Keulen's order (Dkt. 365) permitting a two-hour deposition of Google CEO Sundar Pichai. This case concerns Google's unlawful collection of users' private browsing information, including through Google's Chrome "Incognito" mode. Before he became CEO, Mr. Pichai led the Google team that developed Incognito mode, and he has continued as CEO to play a key role in decisions regarding Google's collection of private browsing information and in the perpetuation misconceptions around Incognito mode. After the parties submitted their joint dispute letter (Dkt. 357), Judge van Keulen requested for her review the relevant documents and deposition excerpts (Dkt. 358). Judge van Keulen thoughtfully and properly considered these materials, based on her experience in this case, and her order granting a two-hour deposition (Dkt. 365) was free from any error.

## II. LEGAL STANDARD

"A district court will not modify or set aside a magistrate judge's order unless it is 'found to be clearly erroneous or contrary to law.'" *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citing FED. R. CIV. P. 72(a)). Under this "highly deferential" standard, "the district judge may not simply substitute his or her judgment for that of the magistrate judge." *Finjan, Inc. v. Cisco Sys. Inc.*, 17-cv-00072-BLF, 2019 WL 4674338, at *1 (N.D. Cal. July 17, 2019) (citations omitted). "A finding of fact may be set aside as clearly erroneous only if the court has 'a definite and firm conviction that a mistake has been committed.'" *Amy v. Curtis*, 19-cv-02184-PJH, 2021 WL 1904668, at *1 (N.D. Cal. Mar. 8, 2021) (citation omitted).

## III. ARGUMENT

Google has failed to meet this "highly deferential" standard. Google cannot prove that Judge van Keulen's order permitting a two-hour deposition of Mr. Pichai was in "clear error" or "contrary to law." Plaintiffs established that Mr. Pichai has relevant first-hand, non-repetitive knowledge about the development of Incognito mode's functionality and the perpetuation of Incognito mode misconceptions and that Plaintiffs exhausted less-intrusive means of discovery.

### A. Judge Van Keulen Correctly Found that Mr. Pichai Has Unique First-Hand, Non-Repetitive Knowledge of Relevant Facts.

Mr. Pichai was a key decision-maker on Incognito and other private browsing issues, and yet he and others apparently made deliberate efforts to avoid documenting Mr. Pichai's involvement and thought process. *See, e.g.*, GOOG-BRWN-00225677 (Mr. Pichai instructing, "pls don't discuss more in this thread" regarding private browsing issues); GOOG-CABR-04803103 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. The combination of these two factors makes deposing Mr. Pichai the only way that Plaintiffs can truly obtain discovery into the reasoning behind the key decisions that were made—reasoning that Mr. Pichai apparently intended to keep out of written records.

Judge van Keulen's ruling was supported by numerous documents detailing how Mr. Pichai (before he became CEO) led the Google team that built and launched Incognito mode. Dkt. 357 at 1. One internal Google presentation from early 2015 admitted to ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉ and ▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉—before he became Google's CEO. *See* GOOG-BRWN-00477510 (cited at Dkt. 357 at 1). As CEO, Mr. Pichai remained personally involved with key decisions involving Incognito mode. For example, he considered changes to Incognito mode (▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Dkt. 357 at 2 (citing GOOG-CABR-05269357)), but he ultimately told others he ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* (citing GOOG-BRWN-00388293). Even though he ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉ Mr. Pichai never fixed those problems. *Id.* (citing GOOG-BRWN-00048967.C). Instead, he made things worse, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ other Google employees wrote ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉ *Id.* at 1 (citing GOOG-BRWN-00393423).

Google's characterization of these documents as "one-way communications" "by lower-level employees" meant only to keep Mr. Pichai "generally abreast of his company's products and services" (Dkt. 382 at 3) is incorrect. The documents establish Mr. Pichai's direct involvement in the development of Incognito mode and in key decision-making about proposed changes to it.

1 | Google similarly ignores key parts of these documents, which state for example that Google
2 | employees sought ████████████████████████ and to ████████████
3 | ████████████ including ████████████████████████████████
4 | ████████████████████████████████████████████████████████
5 | ████████████████████ *See* GOOG-CABR-05269357.R (cited in Dkt. 357 at 2). Google also
6 | ignores evidence establishing Mr. Pichai ████████████████████████████ despite
7 | Google's ████████████████████████████████. *See* Dkt. 357 at
8 | 1–2 (citing GOOG-BRWN-00418249, stating this was a "Sundar level decision"); GOOG-
9 | BRWN-00167337 (stating ████████████████████). Google also says nothing about Mr.
10 | Pichai's ████████████████████████████████████████████████
11 | ████████████████████████████████████ Dkt. 357 at 2 (citing GOOG-
12 | CALH-00452518). These documents establish Mr. Pichai was not acting as a passive CEO, but
13 | rather, was directly involved in key decisions. *See Apple Inc. v. Samsung Elecs. Co., Ltd*, 282
14 | F.R.D. 259, 265 (N.D. Cal. 2012) (compelling Samsung CEO deposition where documents
15 | indicated CEO's presence during product development discussions, and finding that CEO "was at
16 | the head of a strategic shift" during product development, suggesting he "may have engaged in
17 | 'the type of hands-on action" which demonstrated his potential "unique personal knowledge");
18 | *Haggarty v. Wells Fargo Bank, N.A.*, No. 10-2416 CRB JSC, 2012 WL 3939320, at *1–2 (N.D.
19 | Cal. Aug. 24, 2012) (compelling deposition of CEO where documents demonstrated the CEO "was
20 | actively involved in the review and monitoring of the COFI index" relevant to the conduct at issue).
21 |     The only <u>two</u> documents that Google addresses on this issue (Dkt. 382 at 3) fail to support
22 | Google's position. Google downplays GOOG-BRWN-00048967.C as something merely
23 | "provided to Mr. Pichai" (Dkt. 382 at 3). But this document contains Mr. Pichai's talking points.
24 | The document internally acknowledges that ████████████████████████
25 | ████████████████████████████████████████████████████████
26 | ████████████████████████████████████████████████████████
27 | ████████████████████████████████████████████████████████
28 |

1 ███████████████████████████████████ GOOG-BRWN-00048967.C. Google's representation that
2 this document is limited to Google Maps (Dkt. 382 at 3) is false. The document expressly discusses
3 "Chrome Incognito" and ████████████████████████ *Id.*
4      Google dismisses the ████████████████ deck (GOOG-CABR-05269678)
5 as just an "update" to Mr. Pichai on "ongoing projects with the Chrome Browser" (Dkt. 382 at 3).
6 But according to emails in Mr. Pichai's custodial files, this deck ██████████████ appears
7 to be a presentation ████████████████████████████████████████
8 including ████████████████████████████████ GOOG-CABR-02398417
9 ████████████████████████████████████████████████████████
10 ████████████████████████████████████. Mr. Pichai was not a passive
11 recipient; he was being asked, as CEO, to make important decisions.
12      Google's claim that other documents have no "connection to Mr. Pichai" (Dkt. 382 at 1–
13 2) is also incorrect. As detailed in the joint filing, those documents provide important context for
14 understanding Mr. Pichai's involvement. *See, e.g.*, Dkt. 357 at 4 (GOOG-BRWN-00183943 was
15 part of another email thread (GOOG-BRWN-00418249) that expressly stated it was a ████
16 ████████████████████████████████); *id.* at 1 (GOOG-BRWN-00409986 ████
17 ████████████████████████████████ of which Mr. Pichai was a part).
18      The documents cited in the joint submission were just examples. Google has produced
19 <u>additional</u> documents that further confirm Mr. Pichai's direct involvement in important issues. *See,*
20 *e.g.*, GOOG-CABR-05603788 (stating ████████████████████████████
21 ████████; GOOG-CABR-05536109 (discussing ████████████████████
22 ████████████████████████████████████████████████████████
23 ████████████████). In seeking to overturn Judge van Keulen's order, Google paints an inaccurate
24 picture of Mr. Pichai's actual role at Google and involvement in the key issues in this case.

25  **B.  Judge van Keulen Correctly Found That Plaintiffs Exhausted Efforts to
          Obtain Discovery Through Less Intrusive Means.**
26
27      Judge van Keulen properly found that no further exhaustion is required before Plaintiffs
28 take this important deposition. The joint submission detailed Plaintiffs' exhaustive efforts. *See*

1  Dkt. 357 at 2–3; *Haggarty*, 2012 WL 3939320, at *2 (compelling deposition of high-level executive where Plaintiffs deposed "three lower-level employees"); *see also Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF(JSC), 2015 WL 3988132, at *2 (N.D. Cal. June 30, 2015) (exhaustion is a "consideration" but not a "dispositive" or "absolute" requirement).

Google's motion does not address any of these efforts. Google instead argues that Plaintiffs must take 20 depositions before deposing Mr. Pichai. But Google advances no support for such a requirement. Quite the contrary, the cases Google cites involve situations where, unlike here, a party sought to depose a high-level executive before obtaining other discovery. *See* Dkt. 382 at 4–5; *Mehmet v. PayPal, Inc.*, No. 5:08 CV 1961, 2009 WL 921637, at *1, *3 (N.D. Cal. Apr. 3, 2009) (preventing deposition of high-level executive where party had not deposed *any* low-level employee for information sought); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-03844-JST (MEJ), 2014 WL 5387936, at *2 (N.D. Cal. Oct. 21, 2014) (same). The cases Google cites for the proposition that Plaintiffs must first conduct 30(b)(6) depositions before deposing Mr. Pichai are similarly inapposite. *Id.*; *Stelor Prods., Inc. v. Google, Inc.*, No. 05-80387-CIV., 2008 WL 4218107, at *4 (S.D. Fla. Sept. 15, 2008) (preventing deposition of high level executive where party had not sought "the information from other sources"); *Anderson v. Cty. of Contra Costa*, No. 15-cv-01673-RS (MEJ), 2017 WL 930315, at *3–4 (N.D. Cal. Mar. 9, 2017) (noting party did "not allege [CEO] has unique knowledge of any facts" and sought deposition for "general information regarding the Jail's policies and practices"). Plaintiffs have taken 14 depositions and far exceeded any exhaustion considerations.

## IV.  CONCLUSION

Because Google has failed to overcome the "highly deferential" standard to prove Judge van Keulan's order was in "clear error" or "contrary to law," Plaintiffs respectfully request that the Court deny Google's motion.

| | | |
|---|---|---|
| 1 | Dated: February 21, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/Amanda Bonn |
| 4 | | Amanda Bonn (CA Bar No. 270891)<br>abonn@susmangodfrey.com |
| 5 | | SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400 |
| 6 | | Los Angeles, CA 90067<br>Telephone: (310) 789-3100 |
| 7 | | Mark C. Mao (CA Bar No. 236165) |
| 8 | | mmao@bsfllp.com<br>Beko Rebitz-Richardson (CA Bar No. 238027) |
| 9 | | brichardson@bsfllp.com<br>Erika Nyborg-Burch (CA Bar No. 342125) |
| 10 | | Enyborg-burch@bsfllp.com<br>BOIES SCHILLER FLEXNER LLP |
| 11 | | 44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104 |
| 12 | | Telephone: (415) 293 6858<br>Facsimile (415) 999 9695 |
| 13 | | |
| 14 | | James W. Lee (*pro hac vice*)<br>jlee@bsfllp.com |
| 15 | | Rossana Baeza (*pro hac vice*)<br>rbaeza@bsfllp.com |
| 16 | | BOIES SCHILLER FLEXNER LLP<br>100 SE 2nd Street, Suite 2800 |
| 17 | | Miami, FL 33130<br>Telephone: (305) 539-8400 |
| 18 | | Facsimile: (305) 539-1304 |
| 19 | | William Christopher Carmody (*pro hac vice*) |
| 20 | | bcarmody@susmangodfrey.com<br>Shawn J. Rabin (*pro hac vice*) |
| 21 | | srabin@susmangodfrey.com<br>Steven Shepard (*pro hac vice*) |
| 22 | | sshepard@susmangodfrey.com<br>Alexander P. Frawley (*pro hac vice*) |
| 23 | | afrawley@susmangodfrey.com<br>SUSMAN GODFREY L.L.P. |
| 24 | | 1301 Avenue of the Americas, 32nd Floor<br>New York, NY  10019 |
| 25 | | Telephone: (212) 336-8330 |
| 26 | | |
| 27 | | John A. Yanchunis (*pro hac vice*)<br>jyanchunis@forthepeople.com |
| 28 | | Ryan J. McGee (*pro hac vice*) |

| | |
|---|---|
| 1 | rmcgee@forthepeople.com |
| | MORGAN & MORGAN, P.A. |
| 2 | 201 N Franklin Street, 7th Floor |
| | Tampa, FL 33602 |
| 3 | Telephone: (813) 223-5505 |
| | Facsimile: (813) 222-4736 |
| 4 | |
| 5 | Michael F. Ram, CA Bar No. 104805 |
| | MORGAN & MORGAN |
| 6 | 711 Van Ness Ave, Suite 500 |
| | San Francisco, CA 94102 |
| 7 | Tel: (415) 358-6913 |
| | mram@forthepeople.com |
| 8 | |
| 9 | *Attorneys for Plaintiffs* |