UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>GOOGLE LLC,<br><br>  Defendant. | Case No.  20-cv-03664-YGR   (SVK)<br><br>**ORDER ON ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 398 |

Before the Court is Plaintiffs' administrative motion to file under seal materials associated with a discovery dispute in this case.  Dkt. 398; *see also* Dkt. 407.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court.  A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).  For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179.  A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Here, the "good cause" standard applies because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case.  The Court may reach different conclusions regarding sealing

these documents under different standards or in a different context. Having considered the motions to seal, supporting declarations, and the pleadings on file, and good cause appearing, the Court **ORDERS** as follows:

| Document Sought to be Sealed | Court's Ruling on Motion to Seal | Reason(s) for Court's Ruling |
|---|---|---|
| Joint Letter Brief Re: Plaintiff's Request for an Additional Google Custodian (Dkt. 399) | GRANTED as to redacted portions at pages 1-4 | Narrowly tailored to protect Google's confidential and proprietary information regarding features of Google's internal systems and operations, including details related to internal projects, identifiers, metrics, and logs, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its services. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices. |

**SO ORDERED.**

Dated: February 22, 2022

_Susan van Keulen_
SUSAN VAN KEULEN
United States Magistrate Judge

2