# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
NOTICE OF RULE 30(B)(6) DEPOSITION**

Pursuant to Rules 26, 30, and 34 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google") hereby responds and objects to Plaintiffs' May 24, 2021 Notice of Rule 30(b)(6) Deposition (the "Notice"). These objections and responses are made solely for the purpose of and in relation to this action, and any production in response will be subject to the Protective Order governing this case (Dkt. 81). In addition, the objections and responses set forth in this document are based on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change. Google reserves all rights to supplement and amend its objections and responses accordingly.

**GENERAL OBJECTIONS**

The following General Objections apply to each and every deposition topic propounded by Plaintiffs and are incorporated into each of Google's responses by reference as if set forth fully therein. A specific response may repeat a General Objection for emphasis or some other reason. The failure to include any General Objection in any specific response shall not constitute a waiver of any General Objection to that deposition topic.

1. Google objects to each topic in the Notice to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, or other privilege, immunity, or protection afforded by law ("Privileged Information"). Google will not disclose Privileged

1. Information in response to the Notice, and any undertaking by Google to respond to the Notice, including the designation of persons for deposition testimony to be taken, should be understood to exclude Privileged Information.

2. Google objects to each topic in the Notice to the extent that it seeks to impose obligations and demands on Google greater or more extensive than those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, this Court's orders and instructions, or any other applicable authority.

3. Google objects to the Notice to the extent that the "Definitions" purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific topic where such enlargement, expansion, or alteration renders said topic vague, ambiguous, overbroad, unduly burdensome, harassing, incomprehensible, or calling for information that is neither relevant nor proportional to the needs of the case. Where a term is vague and ambiguous, Google will respond based on its understanding of the term.

4. Google's responses to each topic in the Notice shall not be construed in any way as an admission that any definition provided by Plaintiffs is either factually correct or legally binding on Google.

5. Google objects to each topic in the Notice to the extent that it prematurely seeks disclosure of information before Google is required to disclose such information in accordance with any applicable law or rule, such as the Northern District of California Local Rules and any order in this action.

6. Google objects to each topic in the Notice to the extent that it is vague, ambiguous, unintelligible, overbroad, unduly burdensome, or seeks information that is not relevant to the subject matter of this action or not proportional to the needs of the case. Google notes that many of the topics in the Notice are so broad and general, including as to time period, that it would be practically impossible to educate any one person to testify at a granular level on the topics. Accordingly, where Google has agreed to produce a witness to testify on a particular topic, the witness will be prepared to provide a reasonable level of detail on the topic. *See United States v. HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *9–11 (C.D. Cal. Oct. 26, 2016) (explaining that "[i]t is simply impractical to

expect Rule 30(b)(6) witnesses to know the intimate details of everything" and holding that the broad scope of the topics in deposition notice "would make witness preparation a nearly impossible task").

7.     Google objects to each topic in the Notice to the extent that it calls for legal conclusions or information that is more properly the subject of expert discovery.

8.     Google objects to each topic in the Notice to the extent that it seeks information in a format or at a level of detail other than that which is ordinarily kept and maintained by Google in its regular course of business.

9.     Google objects to each topic in the Notice to the extent that it requests Google to provide "all" or "any" information or documents about a particular subject, on the grounds that such requests are overbroad and unduly burdensome, seeking information, documents, and/or things that are neither relevant nor proportional to the needs of the case.

10.    Google objects to Plaintiffs' definition of "document(s)" in the "Definitions" section of the Notice as vague, ambiguous, overly broad, and unduly burdensome to the extent that the definition exceeds the scope of documents set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or this Court's orders and instructions.

11.    Google reserves the right to supplement, amend, modify, or correct its responses to the topics in the Notice as additional pertinent evidence becomes available. The disclosure of any irrelevant information is not to be construed as a waiver of any claim of irrelevance.

12.    The parties are currently negotiating a joint deposition protocol in *Brown et al. v. Google, LLC*, No. 5:20-cv-03664-LHK-SVK and *Calhoun v. Google LLC*, No. 5:20-cv-5146-LHK-SVK and, depending on the protocol's final terms, this deposition may be subject to that protocol.

13.    Any objection by Google does not constitute a representation or admission that such information does in fact exist or is known to Google.

14.    Google's responses to each topic in the Notice or agreement to designate a witness with respect to these deposition topics shall not be construed in any way as an admission that any statement by Plaintiffs set forth in the topics is either factually correct or legally binding upon Google.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS

Subject to the foregoing General Objections, Google objects and responds to Plaintiffs' deposition topics as follows:

**TOPIC NO. 1:**

Back to June 1, 2014, all changes to Google's disclosures to or agreements with users related to private browsing, user controls, and/or data collection in the Google Terms of Service, Google Privacy Policy, Chrome Privacy Notice, Chrome Terms of Service, Chrome splash screen for Incognito Mode, the Search & Browse Privately page, and My Google Activity, including but not limited to identifying the specific changes made during the Class Period, the person(s) with the most knowledge regarding the changes, the reasons for the changes, and the analysis and/or decision making involved with the changes.

**RESPONSE TO TOPIC NO. 1:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this Topic to the extent it seeks information outside of the proposed Class Period, which information is irrelevant. Google further objects to this Topic on the ground that the terms "user controls" and "data collection," which are neither self-evident nor defined, are vague and ambiguous. Google further objects to this Topic on the grounds that requests for "persons(s) with the most knowledge" on certain subjects should first be addressed through interrogatories. *See Rodriguez v. Google LLC*, Case No. 20-cv-04688-RS (AGT), Dkt. 111 (June 4, 2021). Google further objects to this Topic on the ground that it uses the phrases "including but not limited to" because the use of such phrase fails to satisfy Rule 30(b)(6)'s requirement that Plaintiffs "describe with reasonable particularity the matters for examination." Google further objects to this Topic as overly broad and unduly burdensome because it seeks detailed information regarding "all changes" made to at least seven different documents or web pages over a seven-year period, "including but not limited to … the reasons for the changes, and the analysis and/or decision making involved with the changes." Google should not be required to prepare a witness on changes to the documents at issue that are not relevant to the case and about which Plaintiffs are unlikely to ask any questions. Moreover, Plaintiffs have the documents in question and can identify the changes that they believe

are relevant by comparing the various versions of the documents. If Plaintiffs identify a reasonable set of changes about which they want to ask a Google representative questions, and assuming Google agrees that the changes Plaintiffs identify are more appropriately explained by a corporate representative rather than a fact witness, Google will consider amending its response to this Topic. As it stands, however, the Topic is facially overbroad and unduly burdensome and therefore Google will not produce a witness to testify on this Topic.

**TOPIC NO. 2:**

Back to June 1, 2014, Google's disclosures to or agreements with users regarding private browsing, including but not limited to what agreement Google intended to obtain or what Google intended to disclose with regard to private browsing and/or Google's data collection practices via, without limitation, the Google Terms of Service, Google Privacy Policy, Chrome Privacy Notice, Chrome Terms of Service, Chrome splash screen for Incognito Mode, the Search & Browse Privately page, My Google Activity, or any FAQ or embedded or referenced link, from Google's Google Terms of Service, Google Privacy Policy, Chrome Privacy Notice, Chrome Terms of Service, Chrome splash screen for Incognito Mode, the Search & Browse Privately page, or the My Google Activity page in effect during the Class Period (for the avoidance of doubt, these include all disclosures and statements made by Google that are cited in the Second Amended Complaint).

**RESPONSE TO TOPIC NO. 2:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this Topic to the extent it seeks information outside of the proposed Class Period, which information is irrelevant. Google further objects to this Topic on the ground that the phrase "what agreement Google intended to obtain" is vague and ambiguous. Google further objects to this Topic on the ground that it uses the phrases "including but not limited to" and "without limitation" because the use of such phrases fails to satisfy Rule 30(b)(6)'s requirement that Plaintiffs "describe with reasonable particularity the matters for examination." Google further objects to this Topic as overly broad and unduly burdensome because it seeks unspecified information regarding each "disclosure or agreement" regarding private browsing made in potentially dozens of documents—some of which do not even mention private browsing (rendering the Topic even further vague and ambiguous)—

over a seven-year period. Subject to the foregoing objections, Google will produce a witness to testify about the meaning of the disclosures and statements made by Google regarding private browsing that are quoted in paragraph 42 of the Second Amended Complaint.

**TOPIC NO. 3:**

Back to June 1, 2014, Google's disclosures to or agreements with users or websites regarding twice-baked cookies/crackers, including but not limited to:

    a. What Google disclosed to Google users or websites regarding Google's use of twice-baked cookies/crackers, including what twice-baked cookies/crackers are and how twice-baked cookies/crackers can be utilized during private browsing sessions;

    b. Where (if at all) Google disclosed to Google users or websites its use of twice-baked cookies/crackers, including what twice-baked cookies/crackers are and how twice-baked cookies/crackers can be utilized during private browsing sessions; and

    c. The means, choices, or options Google offers to Google users or websites to prevent users and/or their devices from being identified by Google as authenticated or unauthenticated (e.g., via a twice-baked cookie/cracker) during internet browsing sessions, including where those means, choices, or options are disclosed.

**RESPONSE TO TOPIC NO. 3:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this Topic to the extent it seeks information outside of the proposed Class Period, which information is irrelevant. Google further objects to this Topic as vague and ambiguous as to the terms "twice-based cookies/crackers," which are neither self-evident nor defined, and are not terms Google uses in the ordinary course of business, making this Topic unintelligible. Google did not make any disclosures that refer to "twice baked cookies/crackers" because Google does not use those terms and does not understand what they mean in the context of this case. Google has and does make disclosures about cookies generally, *see, e.g.*, https://policies.google.com/technologies/cookies?hl=en-US (How Google Uses Cookies), but this Topic appears to seek information that Google does not possess. Google further objects to this Topic on the ground that questions such as "[w]hat [information] Google disclosed to Google users

or websites," "[w]here Google disclosed [information] to users or websites," and "[t]he means, choices, or options Google offers to Google users or websites to prevent users and/or their devices from being identified by Google as authenticated or unauthenticated," and "where those means, choices, or options are disclosed," can be answered by reviewing Google's public disclosures online (including the archived versions, which are also available online), and the public disclosures that Google has already produced in this case, *see, e.g.*, GOOG-BRWN-00000001-23908; GOOG-BRWN-00023917-25552; GOOG-BRWN-00026860-26861; GOOG-BRWN-00026870-28739; GOOG-BRWN-00031263-35622; GOOG-BRWN-00035634-40942; GOOG-BRWN-00043713-46765 , and/or by serving interrogatories. Google further objects to this Topic as overly broad and unduly burdensome to the extent it seeks information regarding Google processes that are irrelevant to the collection, use, or storage of data from private browsing users. Plaintiffs' purported classes are composed solely of users who were in private browsing mode, and thus they are not entitled to discovery that relates solely to users not using private browsing mode. *See, e.g.*, *Ali v. Gilead Sci., Inc.*, 2018 WL 3491905, at *3 (N.D. Cal. July 20, 2018) ("The Court denies RFP No. 11 [seeking documents regarding non-U.S. citizen employees] as irrelevant. Ali's complaint states he is a U.S. citizen. As a result, the production of data regarding employees who are not U.S. citizens or H1-B visa holders is neither relevant nor proportional to the needs of the case."). Google further objects to this request on the grounds that it seeks information concerning "means, choices, or options Google offers to Google users or websites" that do not relate to private browsing. For these reasons, Google will not produce a witness to testify on this Topic.

**TOPIC NO. 4:**

Back to June 1, 2014, Google's disclosures to, agreements with, or requirements for websites that use Google technologies regarding Google's data collection practices when users are in private browsing mode, including but not limited to:

    a. What Google discloses to websites regarding Google's data collection practices when users are in private browsing mode;

    b. Where (if at all) Google discloses to websites its data collection practices when users are in private browsing mode;

     c.   Whether Google requires websites to disclose to website visitors that Google tracks website visitors even when they are in private browsing mode; and

     d.   How Google requires websites that use Google technologies to disclose to their website visitors how and when websites override user privacy choices elected with Google, including choosing private browsing mode to browse the web privately.

**RESPONSE TO TOPIC NO. 4:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this Topic to the extent it seeks information outside of the proposed Class Period, which information is irrelevant. Google further objects to this Topic to the extent it seeks information regarding "disclosures to, agreements with, or requirements for websites that use Google technologies" other than Google Analytics and Google Ad Manager. Google offers numerous technology-based products and services to websites, but the class definition in this case is limited to users who visited websites that use Google Analytics and Google Ad Manager. Google further objects to the term "tracks," which is neither self-evident nor defined, on the ground that it is vague and ambiguous. Google further objects to sub-Topic (d) because it is unintelligible. Google does not "require websites that use Google technologies to disclose how and when websites override user privacy choices elected with Google" because Google does not itself, nor does it permit websites, to "override user privacy choices elected with Google." Moreover, Google's receipt of information from websites that use Google Analytics or Google Ad Manager does not "override user privacy choices elected with Google." Subject to the foregoing objections, Google will produce a witness to testify on sub-Topics (a)-(c) to the extent they relate to Google Analytics and Google Ad Manager.

DATED: June 11, 2021          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   /s/ *Andrew H. Schapiro*
      Andrew H. Schapiro (admitted *pro hac vice*)
      andrewschapiro@quinnemanuel.com
      191 N. Wacker Drive, Suite 2700
      Chicago, IL 60606
      Telephone: (312) 705-7400

| | |
|---|---|
| 1 | Fax: (312) 705-7401 |
| 2 | Stephen A. Broome (CA Bar No. 314605) |
| | stephenbroome@quinnemanuel.com |
| 3 | Viola Trebicka (CA Bar No. 269526) |
| | violatrebicka@quinnemanuel.com |
| 4 | 865 S. Figueroa Street, 10th Floor |
| 5 | Los Angeles, CA 90017 |
| | Telephone: (213) 443-3000 |
| 6 | Fax: (213) 443-3100 |
| 7 | Jomaire Crawford (admitted *pro hac vice*) |
| | jomairecrawford@quinnemanuel.com |
| 8 | 51 Madison Avenue, 22nd Floor |
| | New York, NY 10010 |
| 9 | Telephone: (212) 849-7000 |
| 10 | Fax: (212) 849-7100 |
| 11 | Josef Ansorge (admitted *pro hac vice*) |
| | josefansorge@quinnemanuel.com |
| 12 | Carl Spilly (admitted *pro hac vice*) |
| | carlspilly@quinnemanuel.com |
| 13 | 1300 I. Street, N.W., Suite 900 |
| 14 | Washington, D.C. 20005 |
| | Telephone: 202-538-8000 |
| 15 | Fax: 202-538-8100 |
| 16 | Jonathan Tse (CA Bar No. 305468) |
| | jonathantse@quinnemanuel.com |
| 17 | 50 California Street, 22nd Floor |
| | San Francisco, CA 94111 |
| 18 | Telephone: (415) 875-6600 |
| | Fax: (415) 875-6700 |
| 19 | |
| 20 | *Attorneys for Defendant Google LLC* |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in Los Angeles, California. My business address is 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017.

On June 11, 2021, I served true copies of the following document(s) described as **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I transmitted PDF format copies of the document(s) described above to the e-mail addresses on the attached Service List pursuant to the agreement between the parties to serve discovery, in lieu of other service methods, by email under Fed. R. Civ. P. 5(b)(2)(E) (*see* Joint Case Management Statement VIII(E), Docket No. 59). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 11, 2021 at Culver City, CA.

/s/ *Alyssa G. Olson*
Alyssa G. Olson

# SERVICE LIST

*Brown v. Google LLC*
*Case No. 5:20-cv-03664-LHK-SVK*

*Attorneys for Plaintiffs Chasom Brown et al.* BOIES SCHILLER FLEXNER LLP

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
Antonio Lavalle Ingram, II, CA Bar No. 300528
Alexander Justin Konik, CA Bar No. 299291
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com
aingram@bsfllp.com
akonik@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William S. Carmody (admitted pro hac vice)
Shawn Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330

Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Ra Olusegun Amen (admitted pro hac vice)
Jean Sutton Martin (admitted pro hac vice)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
ramen@forthepeople.com
jean@jsmlawoffice.com

*Attorneys for Plaintiffs*