# EXHIBIT 5

Redacted Version of Document Filed Under Seal

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

CHASOM BROWN, MONIQUE TRUJILLO, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 5:20-cv-03664-YTG-SVK

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES SET 9 (NOS. 34-40)**

Pursuant to Federal Rule of Civil Procedure 33, Defendant Google LLC ("Google") hereby responds and objects to Plaintiffs' Interrogatories, Set 9 (Nos. 34-40). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change. Google reserves all rights to supplement and amend its objections and responses accordingly.

**GENERAL OBJECTIONS**

1. Google objects to Plaintiffs' Definitions, Instructions, and interrogatories to the extent they seek information and/or records that are not reasonably accessible and whose inclusion is not proportional to the needs of the case.

2. Google objects to the definition of "browser" as vague and ambiguous to the extent it draws a distinction between "web-based browsers" and "app browsers." All browsers are, by

definition, web-based and require software to be run on a device, whether that device is a desktop computer or a mobile device. Google will understand the term "browser" as referring to application software that contains a graphical user interface for displaying and navigating between web pages.

3. Google objects to the definition of "browsing data" as overly broad and unduly burdensome because it combines information pertaining to specific website visits (*e.g.*, "HTTP request," "hostname") with basic information about the browser (*e.g.*, "browser type," "language"). Google further objects to the definition of "browsing data" as vague and ambiguous due to the inclusion of "'fingerprint' data (as described in paragraphs 100-104)." Paragraphs 100-104 of the Complaint describes "images, pixels, or fonts"—that is neither "fingerprint data" nor data Google uses to fingerprint users. Google further objects to the definition of "browsing data" as vague and ambiguous due to the inclusion of "geolocation data." Google will treat "geolocation data" as referring to precise latitude and longitude information that is collected from a mobile device.

4. Google objects to the interrogatories to the extent that they seek information shielded from disclosure by the attorney-client privilege, the work-product doctrine, the settlement privilege and/or any other applicable privilege or protection from discovery.

5. Google objects to Plaintiffs' Definitions, Instructions, and interrogatories to the extent they conflict with or encompass information and/or records falling outside the scope of discovery under the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any discovery orders governing this case.

6. Google's responses to these interrogatories are hereby made without waiving or intending to waive, but rather, to the contrary, by preserving and intending to preserve:

a. All questions as to the competence, relevance, proportionality, materiality, and admissibility as evidence for any purpose of the information or

documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

b. The right to object on any ground to the use of any such information or documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

c. The right to object at any time in connection with any further response to these or any other interrogatories; and

d. The right at any time to supplement its responses.

7. Google anticipates that future discovery, independent investigation, or analysis will supply additional facts and add meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses set forth herein. Google reserves the right to modify, supplement, withdraw, or otherwise alter its responses to these interrogatories in accordance with the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any discovery orders governing this case.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 34:**

Please identify every log and data source that Google reviewed, analyzed, or searched as part of Google's efforts to conduct a "log analysis of Chrome Incognito" in and around mid-2020. See, e.g., GOOG-CABR-05280756.

**RESPONSE TO INTERROGATORY NO. 34:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this interrogatory as it mischaracterizes the cited document and an analysis performed by a small number of Google employees. Google further objects to the undefined phrase "every log and data source that Google reviewed, analyzed, or searched" as overly broad, unduly burdensome, vague, and ambiguous. For the purposes of this response, Google understands this phrase to refer to the

log sources that Google used to perform the analysis described in GOOG-CABR-05280756. Google further objects to this interrogatory as unduly burdensome to the extent it purports to seek information regarding Google Search Search Ads because Plaintiffs have expressly limited their purported class to users "who accessed a non-Google website containing Google Analytics or Ad Manager." Dkt. 136-1 ¶ 192; *see also* June 2, 2021 Hearing Tr. 35:13-16 (discovery "is not carte blanche to all of Google's systems . . . and it will continue to tie back to the proper definitions of the class"). Google further objects to this interrogatory to the extent it is tailored to seek information protected by the attorney-client privilege, the work product doctrine, or the common interest doctrine, or that is otherwise privileged or protected from discovery.

Subject to and without waiving the foregoing objections, Google responds as follows:

Google used [REDACTED] in the analysis of Ad Manager browsing traffic described in GOOG-CABR-05280756.

**INTERROGATORY NO. 35:**

Aside from Google's mid-2020 "log analysis of Chrome Incognito" (e.g., GOOG-CABR-05280756), please describe in detail any other log-based analysis of Chrome Incognito that Google conducted, including the data sources involved and the results of any such analysis.

**RESPONSE TO INTERROGATORY NO. 35:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this interrogatory as it mischaracterizes the cited document and an analysis performed by a small number of Google employees for a specific purpose. Google further objects to this interrogatory as vague and ambiguous as to the phrase "any other log-based analysis of Chrome Incognito that Google conducted," which is neither self-evident nor defined. As written, this undefined phrase is unintelligible, overly broad, and unduly burdensome because it does not explain, *inter alia*, what constitutes "log-based analysis" or how any such analysis would need to relate to Incognito mode on the Chrome browser in order to be responsive to this request. For the purposes of this response,

Google understands this phrase to refer to other analyses employing the methodology for estimating or inferring certain Incognito aggregate usage metrics described in GOOG-CABR-05280756, as applied to Ad Manager. Google further objects to this interrogatory to the extent it is tailored to seek information protected by the attorney-client privilege, the work product doctrine, or the common interest doctrine, or that is otherwise privileged or protected from discovery.

Subject to and without waiving the foregoing objections, Google responds as follows:

Google has not identified information responsive to this interrogatory after conducting a reasonable search.

**INTERROGATORY NO. 36:**

For the Class Period, please identify Incognito usage statistics for the USA, broken down by (1) the number of unique chrome instances within the United States, (2) the number of unique chrome instances within California that used Chrome Incognito, and (3) the number of unique chrome instances within the United States that used Chrome Incognito.

**RESPONSE TO INTERROGATORY NO. 36:**

Google incorporates its General Objections as if set forth fully herein. Google objects to this request as vague and ambiguous as to the phrases "the number of unique chrome instances" and "Incognito usage statistics," which are neither self-evident nor defined. Google further objects that this interrogatory is overly broad and unduly burdensome because at least Subpart (1) of this interrogatory seeks information for users who are not included in Plaintiffs' class definition. Google further objects to this interrogatory as compound because it includes at least three sub-parts.

Subject to and without waiving the foregoing objections, Google responds as follows:

**(1)** [REDACTED]

[REDACTED]

[REDACTED] Based on Google's investigation to date, that information is set forth below.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

[redacted]

-6- Case No. 5:20-cv-03664-LHK
DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES SET 9 (NOS. 34-40)



**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

[Page content redacted]

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**(2)**

**(3)**

Based on Google's investigation to date, that information is set forth below.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

-8-

Case No. 5:20-cv-03664-LHK

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES SET 9 (NOS. 34-40)

**INTERROGATORY NO. 37:**

Please identify by Bates number any and all surveys regarding users' use or perception of Chrome Incognito that Google intends to rely on for purposes of opposing class certification, moving for summary judgment, or trying the case.

**RESPONSE TO INTERROGATORY NO. 37:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this interrogatory as vague and ambiguous as to the phrase "trying the case," which is undefined. For the purposes of this response, Google understands this to refer to documents that Google intends to introduce into evidence at trial. Google further objects to this Interrogatory as premature because it purports to require Google to identify "any and all surveys regarding users' use or perception of Chrome Incognito that Google intends to rely on for purposes of opposing class certification, moving for summary judgment, or trying the case" when (i) Plaintiffs have yet to file a motion for class certification, which is not due until May 26, 2022, Dkt. 377; (ii) Google's opposition to any such motion for class certification is not due until July 14, 2022, *id.*; (ii) Google has yet to file a motion for summary judgment; and (iii) no trial date was been set in this action. Google further objects to the extent this interrogatory seeks expert discovery prior to the deadline set by the Court for such discovery.

Subject to and without waiving the foregoing objections, Google responds as follows:

Plaintiffs' request for Google to identify "any and all surveys regarding users' use or perception of Chrome Incognito that Google intends to rely on for purposes of opposing class

certification, moving for summary judgment, or trying the case" is premature, as Plaintiffs have not yet moved for class certification, no class has been certified, no motion for summary judgment has been filed, not trial date has been set, and Plaintiffs' motion for class certification is not due until July 2022. As such, Google will not provide a response at this time.

**INTERROGATORY NO. 38:**

Please identify and describe all instances during the Class Period that Google is aware of (if any) when so-called "unauthenticated data" was accessed by a bad actor or hacker, within Google or outside of Google, who lacked permission from Google to access the data.

**RESPONSE TO INTERROGATORY NO. 38:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this interrogatory as vague and ambiguous as to the phrase "when so-called 'unauthenticated data' was accessed by a bad actor or hacker," which is neither self-evident nor defined. Google further objects to this interrogatory as seeking information that is neither relevant nor likely to lead the discovery of admissible evidence because Plaintiffs' complaint does not allege any data breaches, does not contain allegations related to Google's data security efforts, and does not reference any "hack[ing]" of Google's servers. Google further objects to this Interrogatory to the extent it is tailored to seek information protected by the attorney-client privilege, the work product doctrine, or the common interest doctrine, or that is otherwise privileged or protected from discovery. Google further objects to this interrogatory as overly broad and unduly burdensome because it is not limited to "unauthenticated data" within Google's possession, custody, or control. For these reasons, this interrogatory is not proportional to the needs of the case, the burden of the proposed discovery outweighs any likely benefit, and Google will not provide a response.

**INTERROGATORY NO. 39:**

If Google's responses to any of Plaintiffs' Requests for Admissions 54, 55, 63, or 75 are anything but complete admissions, please explain in detail why Google denies any part of those Requests for Admissions.

**RESPONSE TO INTERROGATORY NO. 39:**

Google incorporates its General Objections as if set forth fully herein.

Google further objects to this interrogatory as compound because it includes at least four subparts. Google further objects to this Interrogatory to the extent it is tailored to seek information protected by the attorney-client privilege, the work product doctrine, or the common interest doctrine, or that is otherwise privileged or protected from discovery. Google further objects to this interrogatory as improperly compound because it includes four sub-parts seeking information regarding four different responses to Plaintiffs' Requests for Admission to Google. Google further objects to this interrogatory because, in light of Plaintiffs' improperly compound Interrogatory Nos. 36, 39, and 40, Plaintiffs have exceeded the 40 interrogatory limit ordered by the Court. Dkt. 298 at 2 ("Unless otherwise stipulated or ordered by the Court, a party may serve no more than 40 interrogatories, including all discrete subparts.").

Subject to and without waiving the foregoing objections, Google responds as follows:

Google is willing to meet and confer with Plaintiffs to identify up to two sub-parts of the 22 sub-parts propounded in Interrogatory Nos. 39 and 40 to which Google will respond.

**INTERROGATORY NO. 40:**

Please explain the factual bases for any and all affirmative defenses that Google has asserted or plans to assert in this case.

**RESPONSE TO INTERROGATORY NO. 40:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this Interrogatory to the extent it is tailored to seek information protected by the attorney-client

privilege, the work product doctrine, or the common interest doctrine, or that is otherwise privileged or protected from discovery. Google further objects to this interrogatory as improperly compound because it purports to seek the factual bases for at least eighteen affirmative defenses. *See* Dkt. 387 (Google's Answer to Plaintiffs' Second Amended Complaint) at 30-35. Google further objects to this interrogatory because, in light of Plaintiffs' improperly compound Interrogatory Nos. 36, 39, and 40, Plaintiffs have exceeded the 40 interrogatory limit ordered by the Court. Dkt. 298 at 2 (" Unless otherwise stipulated or ordered by the Court, a party may serve no more than 40 interrogatories, including all discrete subparts.").

Subject to and without waiving the foregoing objections, Google responds as follows:

Google is willing to meet and confer with Plaintiffs to identify up to two sub-parts of the 22 sub-parts propounded in Interrogatory Nos. 39 and 40 to which Google will respond.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

DATED: January 28, 2022

By */s/ Andrew H. Schapiro*

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Fax: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Fax: (415) 875-6700

*Attorneys for Defendant Google LLC*

**PROOF OF SERVICE**

**LOS ANGELES, CA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in Los Angeles, CA. My business address is 865 S. Figueroa St., 10th Floor, Los Angeles, CA, 90017.

On January 28, 2022, I served true copies of the following document(s) described as **DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES SET 9 (NOS. 34-40)** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION**: I transmitted PDF format copies of the document(s) described above to the e-mail addresses on the attached Service List pursuant to the agreement between the parties to serve discovery, in lieu of other service methods, by email under Fed. R. Civ. P. 5(b)(2)(E) (see Joint Case Management Statement § 8.b, Dkt. 44) and on non-parties pursuant to the Court's August 12, 2021 Cross-use and Discovery Coordination Orders issued in *Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (Dkt. 243) and *Calhoun v. Google*, Case No.: 5:20-cv-05146-LHK-SVK (Dkt. 263). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 28, 2022 at Los Angeles, CA.

/s/ *Marie Hayrapetian*
Marie Hayrapetian

**SERVICE LIST**

*Brown v. Google LLC*
*Case No. 5:20-cv-03664-LHK-SVK*

*Attorneys for Plaintiffs Chasom Brown et al.* BOIES SCHILLER FLEXNER LLP

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
Antonio Lavalle Ingram, II, CA Bar No. 300528
Alexander Justin Konik, CA Bar No. 299291
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com
aingram@bsfllp.com
akonik@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William S. Carmody (admitted pro hac vice)
Shawn Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330

Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Ra Olusegun Amen (admitted pro hac vice)
Jean Sutton Martin (admitted pro hac vice)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
ramen@forthepeople.com
jean@jsmlawoffice.com

*Attorneys for Plaintiffs*

*Calhoun v. Google LLC*

*Case No. 5:20-cv-5146-LHK-SVK*

*Attorneys for Plaintiffs Patrick Calhoun et al.*

BLEICHMAR FONTI & AULD LLP

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**DICELLO LEVITT GUTZLER**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000

*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*

**SIMMONS HANLY CONROY LLC**
Mitchell M. Breit (admitted *pro hac vice)*
Jason 'Jay' Barnes (admitted *pro hac vice)*
An Truong (admitted *pro hac vice)*
Eric Johnson (*pro hac vice* to be sought)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*mbreit@simmonsfirm.com*
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

*Attorneys for Plaintiffs*