# EXHIBIT 7

UNITED STATES DISTRICT COURT  ***CERTIFIED COPY***

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable YVONNE GONZALEZ ROGERS, Judge

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO and MONIQUE TRUJILLO, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>  vs.<br><br>GOOGLE LLC,<br><br>            Defendant. | **Case Management Conference**<br><br><br><br><br><br><br><br>NO. C 20-03664 YGR<br><br>Pages 1 - 54<br><br>Oakland, California<br>Friday, February 11, 2022 |
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>  vs.<br><br>GOOGLE LLC,<br><br>            Defendant. | <br><br><br><br><br><br><br>NO. C 20-05146 YGR |
| IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION, | NO. C 21-02155 YGR |

**REPORTER'S TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**

(Appearances listed on next pages)

Reported By:        Raynee H. Mercado, CSR No. 8258

   Proceedings reported by electronic/mechanical stenography; transcript produced by computer-aided transcription.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

**APPEARANCES VIA ZOOM WEBINAR:**

| | |
|---|---|
| For Brown Plaintiffs: | Boies Schiller Flexner LLP |
| | 100 SE 2nd Street, 28th Floor |
| | Miami, Florida  33131 |
| BY: | JAMES LEE, ATTORNEY AT LAW |
| | |
| | Boies Schiller Flexner LLP |
| | 44 Montgomery Street, 41st Floor |
| | San Francisco, California  94104 |
| BY: | ERIKA B. NYBORG-BURCH, |
| | MARK C. MAO, ATTORNEYS AT LAW |
| | |
| | Susman Godfrey LLP |
| | 1301 Avenue of the Stars, 32 Floor |
| | New York, New York 10019 |
| BY: | WILLIAM C. CARMODY, ATTORNEY AT LAW |
| | |
| | Morgan & Morgan |
| | Complex Litigation Group |
| | 201 N. Franklin Stret, 7th Floor |
| | Tampa, Florida  33602 |
| BY: | JEAN S. MARTIN, |
| | JOHN A. YANCHUNIS, ATTORNEYS AT LAW |
| | |
| For Calhoun Plaintiffs: | Bleichmar Fonti & Auld LLP |
| | 555 12h Street, Suite 1600 |
| | Oakland, California  94607 |
| BY: | ANNE K. DAVIS, |
| | ANGELICA M. ORNELAS, |
| | LESLEY WEAVER, ATTORNEYS AT LAW |
| | |
| | DiCello Levitt Gutzler (IL) |
| | DiCello Levitt Gutzler LLC |
| | 10 N. Dearborn Street, 6th Floor |
| | Chicago, Illinois  60601 |
| BY: | SHARON D. CRUZ, ATTORNEY AT LAW |
| | |
| | DiCello Levitt Gutzler LLC |
| | 60 East 42nd Street, Suite 2400 |
| | New York, New York  10165 |
| BY: | DAVID A. STRAITE, ATTORNEY AT LAW |
| | |
| | Simmons Hanly Conroy LLC |
| | 112 Madison Avenue, Seventh Floor |
| | New York, New York  10016 |
| BY: | JASON "JAY" BARNES, |
| | AN TRUONG, ATTORNEYS AT LAW |

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

**A P P E A R A N C E S (CONT'D.)**

```
For RTB Plaintiffs:    Pritzker Levine, LLP
                       1900 Powell Street, Suite 450
                       Emeryville, California  94608
                 BY:   ELIZABETH C. PRITZKER, ATTORNEY AT LAW

                       Cotchett, Pitre & McCarthy
                       San Francisco Airport Office Center
                       840 Malcolm Road, Ste. 200
                       Burlingame, California  94010
                 BY:   NANCI E. NISHIMURA, ATTORNEY AT LAW

For Plaintiff Toronto: Bottini and Bottini Inc.
                       7817 Ivanhoe Avenue, Suite 102
                       La Jolla, California  92037
                 BY:   YURY A. KOLESHNIKOV, ATTORNEY AT LAW

For Defendant:         Quinn, Emanuel, Urquhart & Sullivan
                       191 N. Wacker Drive, Suite 2700
                       Chicago, Illinois 60606
                 BY:   ANDREW H. SCHAPIRO, ATTORNEY AT LAW

                       Quinn, Emanuel, Urquhart & Sullivan
                       865 S. Figueroa Street, Floor 10
                       Los Angeles, California  90017
                 BY:   VIOLA TREBICKA, ATTORNEY AT LAW

                       Cooley Godward
                       101 California Street, 5th Floor
                       San Francisco, California  94111-5800
                 BY:   JEFFREY M. GUTKIN, ATTORNEY AT LAW


                            --o0o--
```

```
 1    Friday, February 11, 2022                          12:04 p.m.
 2                       P R O C E E D I N G S
 3                          (Zoom Webinar)
 4           THE CLERK:  Now calling civil case 20-3664-YGR,
 5    Brown, et al. versus Google, LLC, et al.
 6        We're going to be taking your appearances case by case but
 7    calling them all, so if you -- counsel, starting with the
 8    plaintiff, please state your appearance for the record.
 9           MR. LEE:  Sure.  This is James Lee from Boies
10    Schiller Flexner, here on behalf of plaintiffs in the *Brown*
11    matter.  With me today are Mark Mao and Erika Nyborg-Burch
12    also from Boies Schiller Flexner.
13           THE COURT:  All right.  Mr. Lee, are you going to be
14    the primary one speaking?
15           MR. LEE:  Yes, Your Honor.
16           THE COURT:  Okay.  So then as we go through this, if
17    you're not speaking, I'll have you turn off your videos just
18    because there are so many squares on my monitor.
19        Okay.
20        And then for Google on the *Brown* case.
21           MR. LEE:  I would be remiss if I didn't introduce the
22    rest of my team who are also on the Zoom.  It's John Yanchunis
23    and Jean Martin from Morgan & Morgan.  And Bill Carmody from
24    Susman Godfrey.
25           THE COURT:  Okay.
```

1   I think it's meritorious.  I hope you'll grant it.
2           **THE COURT:**  All right.  Then once I get the
3   opposition, I'll figure out whether I need anything more from
4   either of you.  If not, you'll see a decision.
5           **MR. LEE:**  Your Honor, in our response, would you like
6   us to attach the -- the prior briefing that was submitted to
7   Judge have an cue 11?
8           **THE COURT:**  No.
9           **MR. LEE:**  Okay.
10          **THE COURT:**  I mean, you can give my docket numbers,
11  but I don't need it attached.
12          **MR. LEE:**  Okay.  Thank you.
13          **THE COURT:**  Okay.  Now, why is it that I have a
14  motion to revise a class definition that's opposed?  This is
15  something you all can't agree on?  What's the issue?
16          **MR. LEE:**  Yeah, we were a little surprised that it's
17  opposed as well.  We think this is a -- a pretty
18  straightforward issue.  We aren't adding --
19          **THE COURT:**  But what are you trying to do?
20          **MR. LEE:**  We're just revising our class definition to
21  conform to discovery, Your Honor.  We're not adding any
22  allegations or claims.
23          **THE COURT:**  Are you narrowing it or expanding it?
24          **MR. LEE:**  I think, Your Honor, we're really just
25  clarifying it.  I can -- I can explain if you'd like.

1      The -- the first -- the first change is that we are
2 clarifying that we are dealing with a Chrome class and a
3 non-Chrome class, so Chrome is Google's browser.  And then the
4 non-Chrome class are private browsing users that use other
5 browsers, so that's -- that's one distinction we wanted to
6 make.
7      The -- the second is that we're removing references to
8 Google Analytics and Google Ad Manager in the class definition
9 because discovery has shown that Google uses additional
10 trackers beyond just these two, which was the only two we knew
11 about when we -- when we crafted the initial class definition.
12           **THE COURT:**  Okay.  And why is it opposed?
13           **MS. TREBICKA:**  Your Honor, our brief is currently
14 due -- our opposition is currently due on February 17th.  The
15 parties have a stipulation for it to change to
16 February 25th -- 25, and it's not ruled on.  But our basic
17 opposition is precisely because of what Mr. Lee said, which is
18 that the case is being expanded from two products to all
19 products within Google.  And that is a change from what we've
20 operating under for the last 18 months.
21           **THE COURT:**  Response?
22           **MR. LEE:**  Yeah, I -- I think it's a -- it's a little
23 disingenuous to say that we're moving on all products, Your
24 Honor.  We're just moving on the actual products that are used
25 by Google to track our class members without their consent.

1         So there are -- there are two main ones.  We -- we think
2    there's -- there's clearly a third based on discovery thus far
3    AdSense -- and we believe there may be one or two more.  And
4    that's based on what's already been produced in the case.
5         So I don't think Ms. Trebicka is correct in saying that
6    you know we are expanding the case such that now everything
7    under the sun is coming in.  It's just the -- the specific
8    products or -- or technology that's been used to track our
9    class members that -- that we are already aware of through
10   discovery.
11              **MS. TREBICKA:**  May I respond?
12              **THE COURT:**  You may.
13              **MS. TREBICKA:**  So it -- at a practical level, Your
14   Honor, the case when it was filed was limited to two products,
15   Google Ad Manager and Google Analytics.  18 months of
16   discovery proceeded just on the basis of scope of the case
17   being limited to those two products.
18        Discovery has now been pushed twice.  We're at
19   discovery -- the new discovery deadline is March 4th.  We
20   anticipate that if this motion were to be granted, it would
21   change the scope of the case, and it would also threaten to
22   up-end the discovery deadline and the rest of the schedule.
23              **THE COURT:**  Have they asked for more discovery?
24              **MS. TREBICKA:**  Not currently, Your Honor.
25              **MR. LEE:**  (Shakes head.)

1   **THE COURT:** So what if they -- what I refuse to allow
2   them any more discovery, then what's the prejudice?
3   **MS. TREBICKA:** The prejudice could also be in the
4   amount of potential revenue that's related to their damages --
5   **THE COURT:** -- isn't an issue for me on terms of
6   class definition.  The question is whether or not something
7   has been litigated.  So if it's already been litigated, then I
8   don't understand what the objection is.  You may not like it,
9   but if there's no prejudice in terms of what's actually been
10  litigated, then I don't understand how you have a strong
11  opposition.
12  **MS. TREBICKA:** So there is -- so if there is no new
13  discovery, absolutely no new discovery, that's one thing.  We
14  haven't quite been told that so we were obviously not
15  necessarily aware of it.  But --
16  **THE COURT:** Is there a -- are you willing to concede
17  and stipulate that you will not ask for any further discovery,
18  Mr. Lee?
19  **MR. LEE:** Your Honor, I'm going to let Mr. Mao answer
20  this 'cause I see him trying to jump in.
21      Go ahead, Mr. Mao.
22  **MR. MAO:** Good afternoon, Your Honor.  Mr. Mao over
23  at Boies Schiller Flexner.  Sorry.  I'm just trying to make
24  sure the echo's not on my -- my end, Your Honor.
25      Is this loud enough?

1       **THE COURT:** Yes.
2       **MR. MAO:** Okay.
3    So if you look at the complaint, the complaint originally
4    alleged that Google was --
5       **THE COURT:** I asked a specific question, Mr. Mao, and
6    I'm asking for an answer to that question.
7       **MR. MAO:** Understood.
8    So we -- the issue here is whether pending discovery, Your
9    Honor, would with cover the products in which Google --
10      **THE COURT:** -- you asking for more discovery --
11      **MR. MAO:** No.
12      **THE COURT:** -- and will you stipulate?
13      **MR. MAO:** No new discovery.
14                  (Simultaneous colloquy.)
15      **THE COURT:** Will you stipulate to no more discovery
16   and standing on what you have?
17      **MR. MAO:** It's -- well, Your Honor, we're asking to
18   stand on what has already been issued.  Most of the discovery
19   at issue has already been issued for months.  And what we're
20   fighting over, Your Honor, is whether or not the new products
21   which are actually covered by the documents that Google has
22   produced -- so Google has recognized these products as being
23   responsive.
24      **THE COURT:** Mr. Mao, you're going to have a hard time
25   in front of me if you can't answer simple questions.

```
 1              Discovery closes March 4th.  Right?
 2          MR. MAO:  Yes, Your Honor.
 3          THE COURT:  Okay.  So are you asking for more
 4   discovery?  Are you trying expand the nature of discovery?
 5          MR. MAO:  No, Your Honor.  We're standing on the
 6   discovery already served --
 7          THE COURT:  -- Trebicka, what's the issue?
 8          MS. TREBICKA:  So, Your Honor, the issue is this:
 9   There is certain discovery that has already been served.  And
10   it's so broad that it encompasses topics, importantly
11   products, that we believe are outside of the scope.  So we
12   have responded to that discovery with the understanding that
13   the scope is limited to Google Ad Manager and Google
14   Analytics.
15      This issue arose because in the context of responding and
16   negotiating 30(b)(6) testimony, plaintiffs wanted to expand it
17   to something that we thought was unreasonable and almost
18   impossible to prepare a 30(b)(6) on, so this is -- so it will
19   actually mean more discovery despite the fact that it will --
20   it will not mean new issuing of discovery because the scope of
21   a -- of the ambiguous and vague discovery requests that have
22   already been served will be expanded.
23          MR. MAO:  Would you like me to respond, Your Honor?
24   Or --
25          THE COURT:  Go ahead.
```

1    **MR. MAO:**  So, Your Honor, the discovery is not being
2    expanded because we are merely following up on the very
3    products Google has produced in response to the discovery that
4    has already been served.
5        Insofar as Google -- there's really two products at issue,
6    Your Honor.  It's Google Search, which is also being tracked
7    off of Google.com when people are incognito, and then AdSense,
8    which as Mr. -- Mr. Lee had referenced.
9        Those things were identified by us because they were
10   identified by Google in response to discovery, saying that
11   these were also things in which Google was tracking users on.
12       So we accordingly, of course, in response to what Google
13   thought was responsive, believe that that belongs in the case.
14   There is no prejudice because they have been producing
15   documents on that.  What they want to do is they want to
16   exclude that notwithstanding the fact that their own engineers
17   and custodians recognize this as responsive.
18       **THE COURT:**  And this relates to all of the discovery
19   disputes that are still pending before Judge van Keulen?
20       **MR. MAO:**  Yes, Your Honor.
21       **MS. TREBICKA:**  To a fair number of them.
22       **THE COURT:**  Well, I will talk to her about the scope.
23       I would suggest that you all focus on prejudice and the
24   scope of discovery in terms of your briefing.
25       **MR. MAO:**  (Nods head.)

```
1    safe.  Enjoy the Super Bowl if you like football.
2         And I'm sure I will see all or some of you at some point,
3    hopefully some day in person.  But until then, we'll see you
4    on Zoom.
5         Okay.  Everybody take care.
6                   (Simultaneous colloquy.)
7         MS. PRITZKER:  Thank you very much, Your Honor.
8         COUNSEL:  Thank you very much, Your Honor.
9         THE COURT:  We're adjourned.
10            (Proceedings were concluded at 1:21 P.M.)
11                           --oOo--
12
13
14                    CERTIFICATE OF REPORTER
15
16        I certify that the foregoing is a correct transcript
17   from the record of proceedings in the above-entitled matter.
18   I further certify that I am neither counsel for, related to,
19   nor employed by any of the parties to the action in which this
20   hearing was taken, and further that I am not financially nor
21   otherwise interested in the outcome of the action.
22
23   _____
24        Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR
25              Tuesday, February 15, 2022
```

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*