# Plaintiffs' Response to Motion for Relief from Pichai Apex Deposition

# Redacted Version of Document Sought to be Sealed

| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165 | William Christopher Carmody |
| Beko Reblitz-Richardson, CA Bar No. 238027 | (admitted *pro hac vice*) |
| Erika Nyborg-Burch, CA Bar No. 342125 | Shawn J. Rabin (admitted *pro hac vice*) |
| **BOIES SCHILLER FLEXNER LLP** | Steven M. Shepard (admitted *pro hac vice*) |
| 44 Montgomery St., 41st Floor | Alexander Frawley (admitted *pro hac vice*) |
| San Francisco, CA 94104 | **SUSMAN GODFREY L.L.P.** |
| Tel.: (415) 293-6800 | 1301 Avenue of the Americas, |
| mmao@bsfllp.com | 32nd Floor |
| brichardson@bsfllp.com | New York, NY 10019 |
| enyborg-burch@bsfllp.com | Tel.: (212) 336-8330 |
| | bcarmody@susmangodfrey.com |
| James Lee (admitted *pro hac vice*) | srabin@susmangodfrey.com |
| Rossana Baeza (admitted *pro hac vice*) | sshepard@susmangodfrey.com |
| **BOIES SCHILLER FLEXNER LLP** | afrawley@susmangodfrey.com |
| 100 SE 2nd St., 28th Floor | |
| Miami, FL 33131 | John A. Yanchunis (admitted *pro hac vice*) |
| Tel.: (305) 539-8400 | Ryan J. McGee (admitted *pro hac vice*) |
| jlee@bsfllp.com | **MORGAN & MORGAN** |
| rbaeza@bsfllp.com | 201 N. Franklin Street, 7th Floor |
| | Tampa, FL 33602 |
| Amanda K. Bonn, CA Bar No. 270891 | Tel.: (813) 223-5505 |
| **SUSMAN GODFREY L.L.P** | jyanchunis@forthepeople.com |
| 1900 Avenue of the Stars, Suite 1400 | mram@forthepeople.com |
| Los Angeles, CA 90067 | rmcgee@forthepeople.com |
| Tel: (310) 789-3100 | |
| Fax: (310) 789-3150 | Michael F. Ram, CA Bar No. 104805 |
| abonn@susmangodfrey.com | **MORGAN & MORGAN** |
| | 711 Van Ness Ave, Suite 500 |
| | San Francisco, CA 94102 |
| | Tel: (415) 358-6913 |
| *Attorneys for Plaintiffs* | mram@forthepeople.com |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 5:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' RESPONSE TO GOOGLE LLC'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE RE: APEX DEPOSITION OF SUNDAR PICHAI** |

## I. INTRODUCTION

Google's motion (Dkt. 382) establishes no basis to overturn Magistrate Judge van Keulen's order (Dkt. 365) permitting a two-hour deposition of Google CEO Sundar Pichai. This case concerns Google's unlawful collection of users' private browsing information, including through Google's Chrome "Incognito" mode. Before he became CEO, Mr. Pichai led the Google team that developed Incognito mode, and he has continued as CEO to play a key role in decisions regarding Google's collection of private browsing information and in the perpetuation misconceptions around Incognito mode. After the parties submitted their joint dispute letter (Dkt. 357), Judge van Keulen requested for her review the relevant documents and deposition excerpts (Dkt. 358). Judge van Keulen thoughtfully and properly considered these materials, based on her experience in this case, and her order granting a two-hour deposition (Dkt. 365) was free from any error.

## II. LEGAL STANDARD

"A district court will not modify or set aside a magistrate judge's order unless it is 'found to be clearly erroneous or contrary to law.'" *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citing FED. R. CIV. P. 72(a)). Under this "highly deferential" standard, "the district judge may not simply substitute his or her judgment for that of the magistrate judge." *Finjan, Inc. v. Cisco Sys. Inc.*, 17-cv-00072-BLF, 2019 WL 4674338, at *1 (N.D. Cal. July 17, 2019) (citations omitted). "A finding of fact may be set aside as clearly erroneous only if the court has 'a definite and firm conviction that a mistake has been committed.'" *Amy v. Curtis*, 19-cv-02184-PJH, 2021 WL 1904668, at *1 (N.D. Cal. Mar. 8, 2021) (citation omitted).

## III. ARGUMENT

Google has failed to meet this "highly deferential" standard. Google cannot prove that Judge van Keulen's order permitting a two-hour deposition of Mr. Pichai was in "clear error" or "contrary to law." Plaintiffs established that Mr. Pichai has relevant first-hand, non-repetitive knowledge about the development of Incognito mode's functionality and the perpetuation of Incognito mode misconceptions and that Plaintiffs exhausted less-intrusive means of discovery.

### A. Judge Van Keulen Correctly Found that Mr. Pichai Has Unique First-Hand, Non-Repetitive Knowledge of Relevant Facts.

Mr. Pichai was a key decision-maker on Incognito and other private browsing issues, and yet he and others apparently made deliberate efforts to avoid documenting Mr. Pichai's involvement and thought process. *See, e.g.*, GOOG-BRWN-00225677 (Mr. Pichai instructing, "pls don't discuss more in this thread" regarding private browsing issues); GOOG-CABR-04803103 (Google employee instructing for Mr. Pichai meeting "don't need to share any further….trying to stay off notes"). The combination of these two factors makes deposing Mr. Pichai the only way that Plaintiffs can truly obtain discovery into the reasoning behind the key decisions that were made—reasoning that Mr. Pichai apparently intended to keep out of written records.

Judge van Keulen's ruling was supported by numerous documents detailing how Mr. Pichai (before he became CEO) led the Google team that built and launched Incognito mode. Dkt. 357 at 1. One internal Google presentation from early 2015 admitted to "various misconceptions" about Incognito mode that put users' "privacy at risk" and "in early Q1" contributed to a "Privacy/Policy presentation to Sundar"—before he became Google's CEO. *See* GOOG-BRWN-00477510 (cited at Dkt. 357 at 1). As CEO, Mr. Pichai remained personally involved with key decisions involving Incognito mode. For example, he considered changes to Incognito mode (to create an ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 357 at 2 (citing GOOG-CABR-05269357)), but he ultimately told others he "didn't want incognito under the spotlight." *Id.* (citing GOOG-BRWN-00388293). Even though he knew of "known misconceptions about protections Incognito mode provides," Mr. Pichai never fixed those problems. *Id.* (citing GOOG-BRWN-00048967.C). Instead, he made things worse, expanding Google's use of the Incognito brand in ways that other Google employees wrote would "reduce comprehension" and make Incognito even "more confusing" for users. *Id.* at 1 (citing GOOG-BRWN-00393423).

Google's characterization of these documents as "one-way communications" "by lower-level employees" meant only to keep Mr. Pichai "generally abreast of his company's products and services" (Dkt. 382 at 3) is incorrect. The documents establish Mr. Pichai's direct involvement in the development of Incognito mode and in key decision-making about proposed changes to it.

1  Google similarly ignores key parts of these documents, which state for example that Google
2  employees sought "to align on some key decisions" with Mr. Pichai and to "make sure you're [Mr.
3  Pichai] on board," including with a proposed "rollout plan" that included ▉▉▉▉▉▉▉▉▉▉
4  ▉▉▉▉▉▉▉▉ and seeking Mr. Pichai's "[a]pproval for high level alignment for potential
5  Google I/O announcement." *See* GOOG-CABR-05269357.R (cited in Dkt. 357 at 2). Google also
6  ignores evidence establishing Mr. Pichai made the decision to expand Incognito branding despite
7  Google's user research over at least two years showing Incognito misconceptions. *See* Dkt. 357 at
8  1–2 (citing GOOG-BRWN-00418249, stating this was a "Sundar level decision"); GOOG-
9  BRWN-00167337 (stating Mr. Pichai "brought up the idea"). Google also says nothing about Mr.
10 Pichai's "promise[]" to regulators that Incognito changes were made so that "Google stops logging
11 anything in Chrome incognito mode or private browsing in general." Dkt. 357 at 2 (citing GOOG-
12 CALH-00452518). These documents establish Mr. Pichai was not acting as a passive CEO, but
13 rather, was directly involved in key decisions. *See Apple Inc. v. Samsung Elecs. Co., Ltd*, 282
14 F.R.D. 259, 265 (N.D. Cal. 2012) (compelling Samsung CEO deposition where documents
15 indicated CEO's presence during product development discussions, and finding that CEO "was at
16 the head of a strategic shift" during product development, suggesting he "may have engaged in
17 'the type of hands-on action" which demonstrated his potential "unique personal knowledge");
18 *Haggarty v. Wells Fargo Bank, N.A.*, No. 10-2416 CRB JSC, 2012 WL 3939320, at *1–2 (N.D.
19 Cal. Aug. 24, 2012) (compelling deposition of CEO where documents demonstrated the CEO "was
20 actively involved in the review and monitoring of the COFI index" relevant to the conduct at issue).

21        The only <u>two</u> documents that Google addresses on this issue (Dkt. 382 at 3) fail to support
22 Google's position. Google downplays GOOG-BRWN-00048967.C as something merely
23 "provided to Mr. Pichai" (Dkt. 382 at 3). But this document contains Mr. Pichai's talking points.
24 The document internally acknowledges that "Sorry, but Google Chrome Incognito isn't as private
25 as you think" and that "Incognito mode won't keep your browsing private" and warns Mr. Pichai
26 to "not use the words *private*, *confidential*, *anonymous*, *off-the-record* when describing the benefits
27 of Incognito mode" because such words "run the risk of exacerbating known misconceptions about
28

3

protections Incognito mode provides." GOOG-BRWN-00048967.C. Google's representation that this document is limited to Google Maps (Dkt. 382 at 3) is false. The document expressly discusses "Chrome Incognito" and "the way Incognito mode works in Chrome." *Id.*

Google dismisses the "Chrome Update Sundar Review" deck (GOOG-CABR-05269678) as just an "update" to Mr. Pichai on "ongoing projects with the Chrome Browser" (Dkt. 382 at 3). But according to emails in Mr. Pichai's custodial files, this deck (dated August 21, 2019) appears to be a presentation "seeking feedback" from Mr. Pichai on "Google's Privacy & User Trust Plan," including "plans to phase in blocking of third-party cookies on the web." GOOG-CABR-02398417 (email dated August 21, 2019 to Mr. Pichai providing a briefing "[a]head of the Chrome Browser product review," which listed attendees also listed in the deck). Mr. Pichai was not a passive recipient; he was being asked, as CEO, to make important decisions.

Google's claim that other documents have no "connection to Mr. Pichai" (Dkt. 382 at 1–2) is also incorrect. As detailed in the joint filing, those documents provide important context for understanding Mr. Pichai's involvement. *See, e.g.*, Dkt. 357 at 4 (GOOG-BRWN-00183943 was part of another email thread (GOOG-BRWN-00418249) that expressly stated it was a "Sundar level decision" to elevate the Incognito brand); *id.* at 1 (GOOG-BRWN-00409986 shows document was sent to "chrome-team@google.com," of which Mr. Pichai was a part).

The documents cited in the joint submission were just examples. Google has produced <u>additional</u> documents that further confirm Mr. Pichai's direct involvement in important issues. *See, e.g.*, GOOG-CABR-05603788 (stating "Sundar led the discussion" on "whether we should block 3P cookies"); GOOG-CABR-05536109 (discussing "meeting with Sundar" where team received Mr. Pichai's "[o]verall approval of plan on data disclosures, . . . Chrome guard controls - 3P / Incognito controls"). In seeking to overturn Judge van Keulen's order, Google paints an inaccurate picture of Mr. Pichai's actual role at Google and involvement in the key issues in this case.

### B.   Judge van Keulen Correctly Found That Plaintiffs Exhausted Efforts to Obtain Discovery Through Less Intrusive Means.

Judge van Keulen properly found that no further exhaustion is required before Plaintiffs take this important deposition. The joint submission detailed Plaintiffs' exhaustive efforts. *See*

Dkt. 357 at 2–3; *Haggarty*, 2012 WL 3939320, at *2 (compelling deposition of high-level executive where Plaintiffs deposed "three lower-level employees"); *see also Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF(JSC), 2015 WL 3988132, at *2 (N.D. Cal. June 30, 2015) (exhaustion is a "consideration" but not a "dispositive" or "absolute" requirement).

Google's motion does not address any of these efforts. Google instead argues that Plaintiffs must take 20 depositions before deposing Mr. Pichai. But Google advances no support for such a requirement. Quite the contrary, the cases Google cites involve situations where, unlike here, a party sought to depose a high-level executive before obtaining other discovery. *See* Dkt. 382 at 4–5; *Mehmet v. PayPal, Inc.*, No. 5:08 CV 1961, 2009 WL 921637, at *1, *3 (N.D. Cal. Apr. 3, 2009) (preventing deposition of high-level executive where party had not deposed *any* low-level employee for information sought); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-03844-JST (MEJ), 2014 WL 5387936, at *2 (N.D. Cal. Oct. 21, 2014) (same). The cases Google cites for the proposition that Plaintiffs must first conduct 30(b)(6) depositions before deposing Mr. Pichai are similarly inapposite. *Id.*; *Stelor Prods., Inc. v. Google, Inc.*, No. 05-80387-CIV., 2008 WL 4218107, at *4 (S.D. Fla. Sept. 15, 2008) (preventing deposition of high level executive where party had not sought "the information from other sources"); *Anderson v. Cty. of Contra Costa*, No. 15-cv-01673-RS (MEJ), 2017 WL 930315, at *3–4 (N.D. Cal. Mar. 9, 2017) (noting party did "not allege [CEO] has unique knowledge of any facts" and sought deposition for "general information regarding the Jail's policies and practices"). Plaintiffs have taken 14 depositions and far exceeded any exhaustion considerations.

## IV.  CONCLUSION

Because Google has failed to overcome the "highly deferential" standard to prove Judge van Keulan's order was in "clear error" or "contrary to law," Plaintiffs respectfully request that the Court deny Google's motion.

Dated: February 21, 2022

Respectfully submitted,

By: */s/ Amanda Bonn*

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Rebitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (CA Bar No. 342125)
Enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)

rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*