# Order on Joint Discovery

# Redacted Version of Document Sought to be Sealed

UNITED STATES
DISTRICT COURT
Northern District of
California

# FAX TRANSMISSION

| TO: | | FROM: | Justine | Fanthorpe |
|---|---|---|---|---|
| **FAX NUMBER:** | 93127057401 | **NO. OF PAGES:** (INCLUDING COVER): | 39 | |
| **PHONE:** | | **DATE:** | 2022-02-22 | |
| **RE:** | 4:20-cv-03664-YGR Brown et al v. | **TIME:** | 11:03:24 | |

**SUBJECT:** | 4:20-cv-03664-YGR Brown et al v. Google LLC et al-SEALED

**DETAILS:**

Good morning,
Please confirm receipt of this sealed order.
Thank you,
Justine

**Justine Fanthorpe**
CRD to Magistrate Judge Susan van Keulen
280 South First Street, Room 2112
San Jose, CA 95113
United States District Court
Northern District of California
https://cand.uscourts.gov
Justine_Fanthorpe@cand.uscourts.gov
Office: 408-535-5375

1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6                                        TO BE FILED UNDER SEAL

7    CHASOM BROWN, et al.,                Case No.  20-cv-03664-YGR   (SVK)

8            Plaintiffs,

9         v.                              **ORDER ON JOINT DISCOVERY
                                          LETTER BRIEF RE PLAINTIFFS'
10   GOOGLE LLC,                          RULE 30(B)(6) DEPOSITION NOTICES**

11           Defendant.                   Re: Dkt. No. 411

12          The Court's rulings on the Parties' joint discovery letter brief re Plaintiffs' Rule 30(b)(6)

13   deposition notices (Dkt. 411) are set forth in Exhibit A.  As proposed by Plaintiffs, for each of the

14   allowed topics Plaintiffs are to provide outlines and sample exhibits in advance of the

15   deposition.  In light of the impending discovery deadline, the Court modifies Plaintiffs' proposal

16   to provide these materials at least 3 calendar days in advance of the deposition.

17          **SO ORDERED.**

18   Dated: February 22, 2022

19

20                                        _Susan van Keulen_

21                                        SUSAN VAN KEULEN
                                          United States Magistrate Judge

22

23

24

25

26

27

28

United States District Court
Northern District of California

EXHIBIT A

## Notice 1

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| **1:** The estimated and actual revenue and profit impact of ▮▮▮▮▮▮, including the analyses referenced in GOOG-BRWN-00428101 at 106-107, GOOG-CABR-04455208, GOOG-BRWN-00050971 at 972, GOOG-BRWN-00454636-641, GOOG-CABR-04324934-944, and GOOG-CABR-03635725. | Google incorporates its General Objections as if set forth fully herein. Subject to the foregoing objections, Google designates the prior deposition testimony of Chris Liao on December 2, 2021 at 151:8-176:21 as Google's Rule 30(b)(6) testimony on the estimated and actual revenue and profit impact of ▮▮▮▮▮. | <u>Plaintiffs:</u> Plaintiffs stand by this Topic for the reasons stated in the letter brief, including because the designation proposal is for testimony from a *Calhoun* deposition.<br><br><u>Google:</u> Google rests on the position stated in the letter brief, including because the Liao deposition is a joint deposition. | The Court will allow this topic, but if Mr. Liao is the 30(b)6 designee, his testimony on this topic will be limited to 2.0 hours. |
| **2:** Google's ability to launch third-party cookie blocking by default in Chrome Incognito mode prior to June 2016 and the impact on Google of doing so. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as vague, ambiguous, and overbroad as to the terms "ability" and "impact," which are neither self-evident nor defined. Google further objects to this request to the extent it seeks information covered by the attorney client privilege, attorney work product doctrine, or other applicable privileges. | <u>Plaintiffs:</u> Plaintiffs accept Google's proposed designation as to the portion of the Topic seeking testimony about Google's "ability to launch third-party cookie blocking."<br><br>Plaintiffs narrow the remainder of the Topic to the ***financial and business*** | The Court will allow this topic as narrowed by Plaintiffs' proposed compromise. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | Subject to the foregoing objections, Google designates the prior deposition testimony of Justin Schuh on January 6, 2022 at 98:7 - 114:19 and 145:8 - 149:2 as Google's Rule 30(b)(6) testimony on the possibility of launching third-party cookie blocking by default in Chrome Incognito mode prior to 2016 and its potential impact. | impact to Google on doing so.<br><br>Google: Google rests on its objections and responses to this topic. Google has agreed to designate extensive testimony on the revenue impact analysis of ███████ conducted during the class period. Plaintiffs cannot establish why they need additional testimony on the impact of hypothetically launching this program prior to the class period. | |
| 3: The preparation of and findings included in the 2019 Third-Party Cookies Study authored by Deepak Ravichandran and Ntish Korula—published on August 27, 2019. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as vague, ambiguous, and overbroad as to the term "preparation," which is neither self-evident nor defined. Google further objects to this request to the extent it seeks information covered by the attorney client privilege, attorney work product doctrine, or other applicable privileges. | Plaintiffs: Plaintiffs cannot accept testimony from a Calhoun deposition. If the witness Google has in mind for this topic does not wish to be deposed again, then Google can and should designate someone else to cover this topic.<br><br>Google: Google rests its objections and responses to this topic. Ravichandran | The Court strikes this topic in light of the designation of prior deposition testimony of Deepak Ravichandran on January 7, 2022 at 231:11-234:21, 237:12-238:17, 286:1-290:7, 292:2-299:6 as Google's 30(b)6 designee on this subject. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | Subject to the foregoing objections, Google designates the prior deposition testimony of Deepak Ravichandran on January 7, 2022 at 231:11-234:21, 237:12-238:17, 286:1-290:7, 292:2-299:6 as Google's Rule 30(b)(6) testimony on the preparation of and findings included in the 2019 Third-Party Cookies Study Authored by Deepak Ravichandran and Nitish Korula. | has already testified authoritatively about the 2019 Third-Party Cookies article he authored – the exact subject of this topic in a joint deposition. Plaintiffs failed to utilize their opportunity to designate Deepak Ravichandran as a joint deposition, and therefore should not be permitted to reject his testimony on that basis now. | |
| **5:** For the Class Period, the share of Google users' profiles with cookies relative to those without cookies. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the terms "users' profiles," "with cookies," and "without cookies," which are neither self-evident nor defined. Google further objects to this topic as seeking irrelevant information because the topic is not limited in scope and is far afield from the central allegation in this case— namely, the purportedly unauthorized collection of certain browsing activity data by Google | <u>Plaintiffs:</u> The testimony Plaintiffs seek should be covered by Topic 1, and so Plaintiffs will drop this Topic if Google produces a witness for Topic 1.<br><br><u>Google:</u> As stated in Google's response to Topic 1, Google has designated the prior testimony of Chris Liao, who conducted the revenue impact analysis of ▮▮▮▮▮, as Google's Rule 30(b)(6) testimony. | In light of this Court's ruling above regarding Topic 1, this topic is withdrawn. |

Case No. 5:20-cv-03664-YGR-SVK

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account from June 1, 2016 to the present. Thus, this topic is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.<br><br>For these reasons, Google will not produce a witness to testify on this topic. | | |
| **9:** For the Class Period, Google's allocation of revenue among its various business units, including Chrome and Analytics. This Topic includes the extent to which Google attributes advertising revenues to Chrome and Analytics and how and why Google allocates those revenues | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as vague and ambiguous as to the term "allocation," which is neither self-evident nor defined. Rule 30(b)(6) requires the notice "to describe with reasonable particularity the matters for examination." This topic fails to meet Rule 30(b)(6)'s "reasonable particularity" requirement as it seeks revenue information that pertains to Google's "various business units." Unless Plaintiffs narrow this topic to specific | <u>Plaintiffs</u>: Plaintiffs propose narrowing this Topic to how and why Google attributes advertising revenues among Chrome, Analytics, Google Ads, and Google Search. As explained in the letter brief, Google uses advertising data tied to users' visits to non-Google websites to monetize Search, and Plaintiffs reasonably seek testimony on how Google does so. | The Court will allow this topic as limited by Plaintiff's proposed compromise. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | business units, it would be impossible for Google to determine which witness(es) to educate and designate to testify on such a broad range of issues. Google further objects to this topic as overbroad and unduly burdensome to the extent this topic seeks revenue information that pertains to Google's "various business units" other than those at issue in this case (i.e. Chrome, Google Ad Manager and Google Analytics).<br><br>Subject to the foregoing objections, Google will produce a witness or witnesses to testify as to how and why Google attributes advertising revenues to Chrome and Analytics, if any, from June 1, 2016 to the present. | Google: Google rests on the position stated in the letter brief and its objections and responses to this topic. Search is plainly outside the scope of this case. Google agrees to produce a witness or witnesses to testify as to how and why Google attributes advertising revenues to Chrome and Analytics, if any, from June 1, 2016 to the present. | |
| **10:** Google's Chrome revenues during the Class Period, including all revenues attributable to Chrome Incognito mode. E.g., GOOG-CABR-04981562. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as vague and ambiguous as to the term "attributable to," which is neither self-evident nor defined. | Plaintiffs: If Google agrees to Plaintiffs' compromise for Topic 9, then Plaintiffs can for Topic 10 accept a witness prepared to testify regarding GOOG-CABR-04981562. | In light of the Court's ruling regarding Topic 9 above, the Court will allow this topic only as to a witness prepared to testify regarding GOOG-CABR-04981562. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | Subject to the foregoing objections, Google will produce a witness to testify on GOOG-CABR-04981562. | Google: Google agrees to produce a witness or witnesses to testify as to how and why Google attributes advertising revenues to Chrome, if any, from June 1, 2016 to the present. | |
| **13:** For the Class Period, Google's methods and processes for tracking and monetizing conversions, including cross-device conversions with ▆▆▆▆ (GOOG-BRWN-0014462, 00182076), (GOOG-CABR-03662096), ▆▆▆▆▆ (GOOG-BRWN-00026161), (GOOG-CABR-04324934), and any similar, predecessor, or successor methods or processes. This Topic also includes how these methods and processes are or were used in connection with Google's various advertising products, such as DoubleClick or Display & Video 360. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous because GOOG-BRWN-0014462 does not exist. For purposes of responding to this request, Google assumes that Plaintiffs are referring to GOOG-BRWN-0014462. Google further objects to this topic as overly broad and unduly burdensome because the topic is not limited in scope and encompasses "Google's various advertising products" and all of "Display & Video 360," which are far removed from the central allegation in this case—namely, the purportedly unauthorized collection of certain browsing activity data by Google Analytics and Google Ad Manager | Plaintiffs: Plaintiffs stand by this Topic for the reasons stated in their letter brief. Plaintiffs cannot accept designations from a fact witness who repeatedly testified that "I'm not an expert on the conversion systems." Liao Tr. at 153:11-12. *See also id.* at 149:10-11 ("I am not a subject expert on ads conversions."). The other testimony Google proposes to designate was limited to one form of conversion tracking (▆▆▆▆ and Google' own counsel clarified during the deposition that the witness had not been prepared to discuss that topic. *See* | The Court strikes this topic on the following grounds and conditions:<br><br>• To the extent it is directed at the "methods and processes for tracking and monetizing conversions," that topic was previously noticed and 30(b)6 designee Berntson testified;<br><br>• To the extent the topic is directed at "any similar, predecessor, or successor methods or |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account from June 1, 2016 to the present. Google further objects to this topic as seeking information that is outside the scope of this case. As Google's Rule 30(b)(6) witness Glenn Berntson previously testified, "███████ is specifically Gaia-keyed sets of IDs that are used to support inference about conversion across device," Berntson Dep. Tr., 198:7-11, June 16, 2021, and "[t]he only way of creating a ███████ graph is if the user is signed in, and so if a user hasn't signed in, [Google] can't join an ID to the ███████ graph because there's no Gaia." Id. at 203:20-204:1. Because Plaintiffs' class definition is limited to logged-out users, conversion tracking is not relevant in this case.<br><br>Subject to the foregoing objections, Google directs Plaintiffs to the prior Rule 30(b)(6) testimony of Glenn | Berntson Tr. 232:15-23 ("You asked him if he could testify on everything related to ███████ or something. That's not what he's been produced for.").<br><br>Plaintiffs propose the following compromise topic: Google's use of private browsing data to track conversions, including a conversion within the same browsing session or in another session. This Topic includes Google's use of private browsing data for purposes of tracking in situations involving Search, non-███████ display ads, and conversions using 1st party cookies (e.g., publisher IDs).<br><br>Google: Google rests on the position stated in the letter brief, as well as the objections and responses to this topic, including | processes" it is overly broad and ambiguous.<br>• The identified testimony of Liao will be deemed designated as 30(b)6 testimony. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | Berntson at 195:3-219:13. Google also designates the prior deposition testimony of Chris Liao on December 3, 2021 at 70:17 – 96:20 and 112:12 – 117:11 as Google's Rule 30(b)(6) testimony on cross-device conversions. | because Google's Rule 30(b)(6) witness Glenn Berntson already provided extensive testimony on tracking and monetizing of conversions and Google has designated as corporate testimony more than 30 pages of testimony provided by Chris Liao, who leads the team responsible for maintaining ███████ Google cannot accept Plaintiffs' compromise proposal because as stated in the letter brief: (1) cross-device tracking is outside the scope of this case; and (2) the request regarding conversion within the same Incognito session is nonsensical because when Google Ad Manager receives traffic from a Chrome browser, Google Ad Manager does not know whether or not the browser is in Incognito mode. | |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| **14:** Google's "Chrome Subscriptions" "Opportunity assessment," including Google's exploration of charging users to "remov[e] ads on publisher websites." GOOG-BRWN-00163177. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as seeking irrelevant information because Google's exploration of "Chrome Subscriptions" has nothing to do with the central allegation in this case—namely, the purportedly unauthorized collection of certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account from June 1, 2016 to the present.

For these reasons, Google will not produce a witness to testify on this topic. | <u>Plaintiffs:</u> Plaintiffs stand by this Topic for the reasons stated in their letter brief, particularly because Google has not made any compromise proposal. This Topic is plainly relevant to Judge Koh's holding that "had Plaintiffs been aware of Google's data collection, they would have demanded payment for their data. Thus, by inducing Plaintiffs to give Google their data without payment, Google caused Plaintiffs to 'acquire in a transaction less[] than [they] otherwise would have.'" Dkt. 363 at 26. Plaintiffs reasonably seek this testimony for purposes of quantifying the value of the data that Google impermissibly collected. Whether the "Chrome Subscriptions" assessment was *contemplated* for signed-in users is besides the point. The assessment is plainly relevant to how | The Court will allow this topic. Google's objections to discovery on this topic are overruled. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | | users value their browsing data. <br><br> <u>Google:</u> Google rests on the position stated in the letter brief, as well as the objections and responses to this topic. Google's exploration of "Chrome Subscriptions," a service contemplated for signed-in users, has nothing to do with the central allegation in this case or Plaintiffs' class definition, which is limited to signed-out users. | |
| **15:** For the Class Period, the value to Google of users' browsing information, including any plans, efforts, or considerations by Google to pay users in exchange for their browsing information | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as vague and ambiguous as to the term "value," which is neither self-evident nor defined. For example, Plaintiffs do not clarify whether this topic concerns the worth in money or usefulness/importance of "users' browsing information." Google further objects to this request to the extent it seeks information covered by the attorney client | <u>Plaintiffs</u>: Plaintiffs stand by this Topic for the reasons stated in their letter brief. Google's proposed compromise of providing testimony about one specific initiative is inadequate, including because Google has not confirmed whether there were any other such initiatives. | The Court will allow this topic, including testimony regarding Ipsos Screenwise Panel as well as any other initiatives that existed during the class period relating to payment to users in exchange for browsing information. The Parties are **ORDERED** to meet and confer regarding the |

2022/02/22 11:09:51    12 /39

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | privilege, attorney work product doctrine, or other applicable privileges.<br><br>Subject to the foregoing objections, Google is willing to meet and confer with Plaintiffs regarding the scope of this topic. | Google: Google agrees to produce a witness or witnesses to testify on Ipsos Screenwise Panel (a Google program that pays users for survey info). | specific scope of this topic. |
| **16:** For the Class Period, Google's use of information collected from users within a private browsing mode for purposes of improving and developing Google services, products, and algorithms, including without limitation Google Analytics, Google Ad Manager, and Search, as well as developing new products, services, and algorithms. | Google incorporates its General Objections as if set forth fully herein. Rule 30(b)(6) requires the notice "to describe with reasonable particularity the matters for examination." This topic fails to meet Rule 30(b)(6)'s "reasonable particularity" requirement as it seeks information regarding all "Google services, products, and algorithms." Unless Plaintiffs narrow this topic to specific Google services, it would be impossible for Google to determine which witness(es) to educate and designate to testify on such a broad range of issues. Further, this topic seeks information regarding "Google's use of information collected from users within a private browsing | Plaintiffs: Plaintiffs stand by this Topic for the reasons stated in their letter brief, particularly because Google has not made any compromise proposal.<br><br>Google: Google rests on the position stated in the letter brief, as well as the objections and responses to this topic. This topic is overly broad and amorphous and would implicate dozens of Google business units and products. | The Court strikes this topic as overly broad and ambiguous. To the extent the topic touches on relevant subject matters, those are covered by other topics in the 30(b)6 notices and addressed by previous discovery. |

2022/02/22 11:09:51   14 /39

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | mode," but Google is unaware of whether a user is in private browsing mode. In fact, private browsing mode is designed to ensure that websites—including Google—do not know whether a user is in private browsing mode or not.<br><br>For these reasons, Google will not produce a witness to testify on this topic. | | |
| **17:** For the Class Period, the value of Chrome Incognito to Google, including without limitation the value of the Incognito brand to Google and the extent to which users are more likely to download and use Chrome in regular mode because of the availability of Chrome Incognito | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as vague and ambiguous as to the term "value," which is neither self-evident nor defined. For example, Plaintiffs do not clarify whether this topic concerns the worth in money or usefulness/importance of Chrome Incognito. Google further objects to this request as "the extent to which users are more likely to download and use Chrome in regular mode because of the availability of Chrome Incognito" is unknown to Google. | Plaintiffs: Plaintiffs stand by this Topic, including because Google is attempting to designate portions of a *Calhoun* deposition (January 7, Schuh) and because Mr. Rakowski no longer works on Incognito. Rakowski Tr. at 15:1-6. In fact, Mr. Rakowski testified during re-direct, in response to a prepared question from his own counsel, that he is not "an expert on [Chrome Incognito] as it has operated since 2016 to the present" (i.e., the class | The Court will allow this topic only to extent reflected in Plaintiffs' proposed compromise and to the extent such information is known or reasonably available to the Defendant. The Parties are **ORDERED** to meet and confer regarding the scope of this topic. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | Subject to the foregoing objections, Google designates the prior deposition testimony of Justin Schuh on January 6, 2022 at 155:11 - 157:18 and on January 7, 2022 at 210:11 - 213:25 and the prior deposition testimony of Brian Rakowski on August 19, 2021 at 68:1-70:8 and 117:3-118:16 as Google's Rule 30(b)(6) testimony on the usefulness/importance of Chrome Incognito. | period). Rakowski Tr. 320:12-17.<br><br>Plaintiffs propose the following compromise topic: The extent to which users are more likely to download and use Chrome in regular mode (relative to other non-Chrome browsers) because of the availability of Chrome Incognito<br><br>Google: Google rests on the objections and responses to this topic. Google notes that the Schuh deposition was a joint deposition; Brian Rakowski worked on designing and launching Incognito mode, and has been referred to as "the father of Incognito." Rakowski Tr. 19:19-20:2. | |
| **19:** For the Class Period, Google's use of private browsing information to derive revenues for Google not otherwise covered by these Topics. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as vague and ambiguous as to the term "use of private | Plaintiffs: Plaintiffs stand by this Topic, particularly because Google has not made any compromise proposal. If there are other | The Court strikes this topic as overly broad and ambiguous. To the extent the topic touches on relevant subject |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
|  | browsing information to derive revenues," which is neither self-evident nor defined. Further, this topic seeks information regarding "Google's use of private browsing information," but Google is unaware of whether a user is in private browsing mode. In fact, private browsing mode is designed to ensure that websites—including Google—do not know whether a user is in private browsing mode or not.<br><br>For these reasons, Google will not produce a witness to testify on this topic. | ways in which Google derives revenue from private browsing information, Plaintiffs are entitled to know about them.<br><br>Google: Google rests on the objections and responses to this topic, including because Google is unaware of whether a user is in private browsing mode. | matters, those are addressed by previous discovery. |

## Notice 2

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| 4. Google's ability to alter Google Analytics, Google Ad Manager, Chrome Incognito, or conversion/remarketing tracking to prevent Google from collecting information from users during private browsing sessions | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as vague and ambiguous as to the term "conversion/remarketing tracking," which is neither self- | Plaintiffs: Plaintiffs stand by this Topic, which is relevant for crafting Plaintiffs' demand for injunctive relief. The witness should also be prepared to discuss | The Court will allow this topic. Google's objections to discovery on this topic are overruled. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|-------|-------------------|-------------------------------|----------------|
|  | evident nor defined. Google further objects to this topic as seeking information that is outside the scope of this case. As Google's Rule 30(b)(6) witness Glenn Berntson previously testified, ▮▮▮▮ . . . is specifically Gaia-keyed sets of IDs that are used to support inference about conversion across device," Berntson Dep. Tr., 198:7-11, June 16, 2021, and "[t]he only way of creating a ▮▮▮▮ graph is if the user is signed in, and so if a user hasn't signed in, [Google] can't join an ID to the ▮▮▮▮ graph because there's no Gaia." Id. at 203:20-204:1. Because Plaintiffs' class definition is limited to logged-out users, conversion tracking is not relevant in this case. Google further objects to this topic to the extent it calls for hypothetical information about "Google's ability." Further, this topic seeks information regarding "Google's ability . . . to prevent Google from collecting information from users during private browsing sessions," but Google is unaware of whether | conversion tracking for the reasons stated in the letter brief.<br><br>Google: Google agrees to produce a witness or witnesses to testify as to any consideration by Google to alter Google Analytics, Google Ad Manager, or Chrome Incognito to prevent Google from receiving information from users while users are browsing in Incognito mode, from June 1, 2016 to the present. |  |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | a user is in private browsing mode. In fact, private browsing mode is designed to ensure that websites— including Google—do not know whether a user is in private browsing mode or not. Further, Google's "ability" to change certain technical components in its products is not relevant to any of the claims or defenses in this matter.<br><br>For these reasons, Google will not produce a witness to testify on this topic. | | |
| **5.** Google's ability to alter Google Analytics, Google Ad Manager, Chrome Incognito, or conversion/remarketing tracking to prevent Google from storing information collected from users during private browsing sessions. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as vague and ambiguous as to the term "conversion/remarketing tracking," which is neither self-evident nor defined. Google further objects to this topic as seeking information that is outside the scope of this case. As Google's Rule 30(b)(6) witness Glenn Berntson previously testified, ██████ . . is specifically Gaia-keyed sets of IDs that are | <u>Plaintiffs:</u> Plaintiffs stand by this Topic, which is relevant for crafting Plaintiffs' demand for injunctive relief. The witness should also be prepared to discuss conversion tracking, for the reasons stated in the letter brief.<br><br><u>Google:</u> Google agrees to produce a witness or witnesses to testify as to any consideration by | The Court's ruling for Topic 4 above is incorporated herein. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|-------|-------------------|-------------------------------|----------------|
|  | used to support inference about conversion across device," Berntson Dep. Tr., 198:7-11, June 16, 2021, and "[t]he only way of creating a ████ graph is if the user is signed in, and so if a user hasn't signed in, [Google] can't join an ID to the ████ graph because there's no Gaia." Id. at 203:20-204:1. Because Plaintiffs' class definition is limited to logged-out users, conversion tracking is not relevant in this case. Google further objects to this topic to the extent it calls for hypothetical information about "Google's ability." Further, this topic seeks information regarding "Google's ability . . . to prevent Google from storing information from users during private browsing sessions," but Google is unaware of whether a user is in private browsing mode. In fact, private browsing mode is designed to ensure that websites—including Google—do not know whether a user is in private browsing mode or not. Further, Google's "ability" to change certain technical components in its | Google to alter Google Analytics, Google Ad Manager, or Chrome Incognito to prevent Google from storing information from users while users are browsing in Incognito mode, from June 1, 2016 to the present. |  |

Case 4:20-cv-03664-YGR   Document 418-1 *SEALED*   Filed 02/22/22   Page 18 of 37

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | products is not relevant to any of the claims or defenses in this matter.<br><br>For these reasons, Google will not produce a witness to testify on this topic. | | |
| **6.** For the Class Period, any consideration or efforts by Google to change or limit the information that Google collects from users during private browsing sessions. This Topic includes without limitation work done by employees in the Chrome group, User Experience Research employees, the Privacy & Data Protection Office, and the Privacy Working Group, as well as any similar Google departments or groups | Google incorporates its General Objections as if set forth fully herein. Rule 30(b)(6) requires the notice "to describe with reasonable particularity the matters for examination." This topic fails to meet Rule 30(b)(6)'s "reasonable particularity" requirement as it seeks information related to "work done by employees in the Chrome group, User Experience Research employees, the Privacy & Data Protection Office, and the Privacy Working Group, as well as any similar Google departments or groups." This is impermissibly vague and broad, and makes it impossible for Google to prepare or designate a witness.<br><br>Subject to the foregoing objections, Google designates the | Plaintiffs: Plaintiffs cannot accept this designation, particularly because the witness testified that "I can't speak for like, all of Google," and only knew about "what I did and the teams that I worked directly with." Schuh Tr. 104:21-105:4.<br><br>Google: Google rests on the objections and responses to this topic. Plaintiffs selectively quote Justin Schuh's response to a question regarding his written suggestion that Google "should start pushing too." Asked whether Google sought to match Safari in August 2016, Schuh said he could | The Court will allow this topic as limited herein to a witness regarding Google's efforts or initiatives to change or limit the information that Google collects from users during private browsing sessions, including such efforts by employees in the Chrome group, User Experience Research employees, the Privacy & Data Protection Office, and the Privacy Working Group, if any. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | prior deposition testimony of Justin Schuh on January 6, 2022 at 98:7 - 114:19 and 145:8 - 149:2 as Google's Rule 30(b)(6) testimony as to Google's efforts to introduce third-party cookie blocking into Chrome's Incognito mode by default. | only speak to what he and his team did. But qualifying one discrete line of questioning does not preclude use of his extensive testimony pertaining to private browsing as 30(b)(6) testimony, including Google's efforts to introduce third-party cookie blocking into Chrome's Incognito mode by default. This topic is otherwise impermissibly overbroad, and makes it impracticable and unduly burdensome for Google to prepare or designate a witness. | |
| **9.** Google's preservation of the information referred to in Topics 1-2 for purposes of this litigation. This topic includes (a) the mechanisms being used to preserve this information, and the names of those mechanisms and (b) any mechanisms that could be used to preserve this information but that are not being used. | Google incorporates its General Objections as if set forth fully herein. Google objects to this topic to the extent it is duplicative of Topic No. 5 in Plaintiffs' April 27, 2021 Notice of Rule 30(b)(6) Deposition, and incorporates its objections to that topic. Google further objects to this topic to the extent it calls for hypothetical | Plaintiffs: Plaintiffs stand by this Topic. Plaintiffs identified concrete deficiencies with respect to Google's preservation, but Google has refused to fill in its portion of the draft letter brief, which Plaintiffs sent to Google on December 3. Plaintiffs ask | The Court strikes this topic as having been addressed extensively by previous briefing and discovery, as well as being addressed by the Special Master. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
|  | information about "any mechanisms that could be used to preserve this information that are not being used." Google further objects to this request to the extent it seeks information covered by the attorney-client privilege, attorney work product doctrine, or other applicable privileges. Google further objects to this request as seeking irrelevant information because any dispute regarding Google's log retention policies is moot in light of the protective order issued in Calhoun, et al v. Google LLC, Case No. 20-cv-05146-LHK (SVK) (N.D. Cal.), Dkt. No. 173-1 ("Based upon the facts currently before this Court, Google need not suspend its standard retention periods applicable to data logs that reflect event-level data of Chrome users in the United States."); Dkt. No. 174 (granting motion for protective order), and the deposition testimony that Google provided in the Calhoun litigation, which is available to Plaintiffs. Google further objects to this request to the extent it seeks | that Google fill in that letter brief so the parties can raise the dispute with the Court.<br><br>Plaintiffs nevertheless propose the following compromise topic:<br><br>Google's ability to run a script to preserve the important data in the most important logs without having to actually preserve all of the data in all of the logs<br><br>Google: Google rests on the objections and responses to this topic. Plaintiffs' draft letter brief merely restates the baseless arguments in the Rule 37(b) motion Plaintiffs filed over three months ago (Dkt. 292), which the Court stayed briefing sua sponte five days later (Dkt. 297 at 2). |  |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | information regarding Google's preservation of potential class members' data, which the court determined is "not relevant in light of the Court's ruling in Dkt. 173-1." Calhoun, Case No. 20-cv-05146-LHK (SVK) (N.D. Cal.), Dkt. No. 192-1 at 1. Thus, this topic is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. | | |

### Notice 3

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| **1.** The functionality and data processes associated with Google's ████, i.e., the "central identity exchange for Display Ads," with "raw access to identifiers in all spaces at all times." GOOG-CALH-00030031. This Topic includes the relationship between ████ ██ ███ ████ as well as any predecessors or successors to ███ and any similar exchanges. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as vague and ambiguous as to the terms "predecessors," "successors," and "similar exchanges," which are neither self-evident nor defined. Google further objects to this topic as not limited in time or scope. | Plaintiffs: Plaintiffs propose narrowing this Topic and accepting much of Google's designation proposal.<br><br>Plaintiffs are seeking testimony on how ████ serves the entire Google ecosystem, which is not what Mr. Liao testified about. Plaintiffs ask for a | The Court will allow this testimony, limited as follows: the functionality and data processes associated with Google's ████, i.e., the "central identity exchange for Display Ads," with "raw access to identifiers in all spaces at all times." GOOG-CALH- |

Case No. 5:20-cv-03664-YGR-SVK

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | Subject to the foregoing objections, Google designates the entirety of the prior deposition testimony of Chris Liao, who is the leading engineer responsible for developing and running the ██████████, on December 2, 2021 and December 3, 2021 as Google's Rule 30(b)(6) testimony on the functionality and data processes associated with Google's ████████. | witness to specifically testify about how ██ interacts with specific Google identifiers—many of which Mr. Liao disclaimed knowledge about. *E.g.*, Liao Tr. 46:13-14 ("I am not the expert on the specifics around PPID."). Google's offer to produce a witness to testify about the relationship between ██ and ██ is inadequate because that offer excludes ██ interaction with all other identifiers.<br><br>Google: Google agrees to produce a witness to testify as to the relationship between ██ and ██ | 00030031. This Topic includes the relationship between ██████ ████████████ |
| 3. For the Class Period, Google's use of account-, device-, user-, event- and browser-keyed identifiers and cookies to store, organize, and/or track the information collected from users within a private browsing mode, including but not limited to Gaia, | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as vague and ambiguous as to the terms "account-, device-, user-, event- and browser-keyed identifiers and cookies" and "offline processing," which are | Plaintiffs: Plaintiffs cannot accept Google's designation proposal, particularly because Mr. Liao disclaimed knowledge about this Topic. *E.g.*, Liao Tr. 20:23-24 ("I'm not the | The Court will allow this topic as limited by Plaintiff's proposed compromise. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| ████████, PPID, CID, User ID and URL parameters. This Topic includes (a) Google's ability to join, map, link, or propagate these identifiers and information, including the joining, mapping, linking or propagation of identifiers or information that Google deems "authenticated" with identifiers or information that Google deems "unauthenticated," as well whether, when, and how such information is joined, mapped, linked or propagated including, but not limited to joining, mapping, or linking of identifiers or cookies; (b) the technical details of Google's offline processing of account-, device-, user-, event- and browser-keyed identifiers to determine links, mappings, or relationships between said identifiers; and (c) how Google's use and mapping of these identifiers and cookies differs for private browsing information relative to non-private browsing information | neither self-evident nor defined. Google objects to this topic to the extent it is duplicative of Topic No. 6 in Plaintiffs' April 27, 2021 Notice of Rule 30(b)(6) Deposition, and incorporates its objections to that topic. Google further objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding Google processes that are irrelevant to the browsing data from users who are not logged into a Google account. Plaintiffs' purported classes are composed solely of users who were not signed into Google accounts, and thus they are not entitled to discovery that relates solely to signed-in users. Google further objects to this topic to the extent it calls for hypothetical information about Google's "ability." Google further objects to this request as it seeks information related to ████ ████ identifiers are related to Google owned and operated properties, such as Search and YouTube, which are different services from those implicated by the the | foremost expert on Google storage systems").<br><br>But Plaintiffs are willing to compromise by limiting this Topic to Google's use of ████ to store, organize, and/or track the information collected from users who visit a non-Google website within a private browsing mode, including the three subtopics (a), (b), and (c).<br><br>Google: Google rests on the objections and responses to this topic. Dr. Berntson has testified as Google's Rule 30(b)(6) witness on a prior duplicative topic—Topic 6 in Plaintiffs' April 27, 2021 Notice of Rule 30(b)(6) Deposition ("Google's identification and correlation of users, devices, electronic addresses, and any other *identifiers* in connection with web browsing | |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | allegations in this case—namely, the purportedly unauthorized collection of certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account from June 1, 2016 to the present. | activities, including by the use of *identifiers* decipherable only to Google (e.g., Google's X-Client-Data header, GAIA, ██████████ ██ ██████ cookies (and similar "twice baked" cookies or crackers)) and Google processes running on the device and any third party identifiers hosted by Google."). Google has also designed more than 100 pages of Liao's prior testimony on the joining, mapping, linking, or propagation of identifiers. Google cannot agree to Plaintiffs' compromise proposal because as Google has repeatedly stated, Google is unaware of whether a user is in private browsing mode. | |
| 4. For the Class Period, Google's use of IP address information to store and search data and create profiles, including without | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as vague and ambiguous | Plaintiffs: Plaintiffs propose narrowing this Topic to how Google uses IP address information | The Court will allow this topic as limited by Plaintiff's proposed compromise. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| limitation in connection with private browsing information and within Google's advertisement and analytics products and for device and user tracking, attribution, remarketing and conversions. | as to the terms "use of IP address information to store and search data," "profiles," "device and user tracking," and "attribution", which are neither self-evident nor defined. Google further objects to this topic as it seeks information "within Google's advertisement and analytics products" other than those at issue in this case (i.e. Google Ad Manager and Google Analytics). Google further objects to this topic as seeking information that is outside the scope of this case. As Google's Rule 30(b)(6) witness Glenn Berntson previously testified, "███████ is specifically Gaia-keyed sets of IDs that are used to support inference about conversion across device," Berntson Dep. Tr., 198:7-11, June 16, 2021, and "[t]he only way of creating a ██████ graph is if the user is signed in, and so if a user hasn't signed in, [Google] can't join an ID to the ██████ graph because there's no Gaia." Id. at 203:20-204:1. Because Plaintiffs' class definition is limited to logged-out | associated with private browsing data for purposes of remarketing, personalized advertising, and conversion tracking, which is relevant for the reasons explained in the letter brief.

Google: Google rests on the position stated in the letter brief, as well as the objections and responses to this topic, including because when Google Ad Manager receives traffic from a Chrome browser, Google Ad Manager does not know whether or not the browser is in Incognito mode. | |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | users, conversion tracking is not relevant in this case.<br><br>Subject to the foregoing objections, Google is willing to meet and confer with Plaintiffs regarding the scope of this topic. | | |
| **5.** For the Class Period, Google's ability to identify users or devices based on their Google searches within a private browsing mode. See, e.g., GOOG-BRWN-00386511 (Within Incognito, "[u]sers who perform a Google search, it is logged against a ▮▮▮▮▮▮ ▮▮▮▮▮▮ that is identifiable by IP address."). | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic to the extent it calls for hypothetical information about Google's "ability." Google further objects to this topic as overly broad and unduly burdensome because it is not limited in scope and encompasses information related to Google Search, which is a product that is not affected by the allegations in this case—namely, the purportedly unauthorized collection of certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account from June 1, 2016 to the present. | Plaintiffs: Plaintiffs stand by this Topic for the reasons stated in the letter brief, particularly because Google has not made any compromise proposal.<br><br>Google: Google rests on the position stated in the letter brief, as well as the objections and responses to this topic. Plaintiffs have already deposed or noticed for deposition three of the four participants on the email chain they cite alleging the relevance of this topic, and they should not be permitted to sweep in Search, which is a new product outside the class definition. | The Court will allow this topic. Google's objections to discovery on this topic are overruled. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | For these reasons, Google will not produce a witness to testify on this topic. | | |
| **8.** For the Class Period, Google's use of private browsing information for (a) serving advertisements (including targeted or personalized ads) within the same private browsing session and in future browsing sessions—private and non-private; (b) conversion tracking within the same private browsing session and otherwise; (c) to provide analytics information; and (d) for creating user profiles. This Topic includes any impact of signing into a third-party website or Google service at any time within the private browsing session. | Google incorporates its General Objections as if set forth fully herein. Further, Plaintiffs' purported classes are composed solely of users who were not signed into Google accounts, and thus they are not entitled to discovery that relates solely to signed-in users. Google further objects to this topic as seeking information that is outside the scope of this case. As Google's Rule 30(b)(6) witness Glenn Berntson previously testified, "███████████ is specifically Gaia-keyed sets of IDs that are used to support inference about conversion across device," Berntson Dep. Tr., 198:7-11, June 16, 2021, and "[t]he only way of creating a ████████ graph is if the user is signed in, and so if a user hasn't signed in, [Google] can't join an ID to the ████████ graph because there's no Gaia." Id. at 203:20-204:1. Because Plaintiffs' class | Plaintiffs: For the reasons stated in the letter brief, Plaintiffs object to Google's exclusion of conversion tracking. Moreover, Google's argument about signed-in conversions is limited to cross-device conversions, and this Topic seeks information about conversions "within the same private browsing session," including situations involving Search, non-████ display ads, and conversions using 1ˢᵗ party cookies (e.g., publisher IDs). Google's response below tellingly does not deny that Google tracks same-session conversions within private browsing sessions, including for users signed out during the entirety of the session, and | The Court will allow this topic. Google's objections to discovery on this topic are overruled. |

Case No. 5:20-cv-03664-YGR-SVK

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | definition is limited to logged-out users, conversion tracking is not relevant in this case.<br><br>Subject to the foregoing objections, Google will produce a witness to testify on Google's use of private browsing information at issue in this case for (a) serving advertisements; (b) to provide analytics information; and (c) creating user profiles, to the extent applicable. | Plaintiffs reasonably seek testimony on that issue.<br><br><u>Google:</u> Google rests on the position stated in the letter brief, as well as the objections and responses to this topic. Plaintiffs' class definition is limited to users who were "not logged into their Google Account," SAC ¶ 196, and thus discovery relates solely to signed-in users, including conversion tracking, is not relevant in this case. The request regarding conversion within the same Incognito session is nonsensical because when Google Ad Manager receives traffic from a Chrome browser, Google Ad Manager does not know whether or not the browser is in Incognito mode. | |
| **9.** For the Class Period, the process by which Google determines how much anonymization of device and | Google incorporates its General Objections as if set forth fully herein. Google further objects to | <u>Plaintiffs:</u> Plaintiffs clarify and narrow the Topic as follows: Plaintiffs seek | The Court strikes this topic as vague and |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| user information is appropriate for its advertisement, analytics, and browser products, and when and how information should be anonymized. | this topic as vague as to phrase "how much anonymization of device and user information is appropriate." Google further objects to this request to the extent it seeks information covered by the attorney-client privilege, attorney work product doctrine, or other applicable privileges.<br><br>For these reasons, Google will not produce a witness to testify on this topic. | testimony concerning how Google as a conceptual matter decides to classify data as anonymous or pseudonymous.<br><br>Google: Google rests on the objections and responses to this topic. Google has produced numerous documents regarding this topic, including, for example, Google's Data Categorization Guidelines (GOOG-CABR-00891629), which explains what data is considered anonymous/pseudonymous. Plaintiffs cannot establish why they need additional testimony on this topic. | ambiguous and covered by previous discovery. |
| **10.** For the Class Period, Google's use of private browsing information, in whatever form, to improve Google's product and service offerings as well as its business processes. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as it is duplicative of Topic No. 16 in Plaintiffs' December 3, 2021 Notice of Rule 30(b)(6) Deposition No. 1, and incorporates its objections to that | Plaintiffs: Plaintiffs agree to drop this Topic if Google agrees to prepare a witness on Notice 1, Topic 16.<br><br>Google: Google rests on the position stated in the | The Court strikes this topic as overly broad and ambiguous.   To the extent the topic touches on relevant subject matters, those are covered by other topics in the 30(b)6 notices and |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | topic. Rule 30(b)(6) requires the notice "to describe with reasonable particularity the matters for examination." This topic fails to meet Rule 30(b)(6)'s "reasonable particularity" requirement as it seeks information related to "Google's use of private browsing information, in whatever form," to improve any Google "product and service offerings as well as its business processes." Google further objects to this topic as vague and overbroad as to "in whatever form."<br><br>For these reasons, Google will not produce a witness to testify on this topic. | letter brief, as well as the objections and responses to this topic. This topic is overly broad and amorphous that they would implicate dozens of Google business units and products. | addressed by previous discovery. |
| **11.** Google's use of private browsing information, in whatever form, in conjunction with other companies and their information. | Google incorporates its General Objections as if set forth fully herein. Rule 30(b)(6) requires the notice "to describe with reasonable particularity the matters for examination." This topic fails to meet Rule 30(b)(6)'s "reasonable particularity" requirement as it seeks information related to "Google's | <u>Plaintiffs:</u> Plaintiffs clarify and narrow the Topic as follows: Plaintiffs seek testimony concerning how, if at all, Google uses private browsing data for the benefit of companies other than those for whom Google provides analytics and advertising services. | The Court strikes this topic as not proportional to the needs of this case. |

Case No. 5:20-cv-03664-YGR-SVK

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | use of private browsing information, in whatever form, in conjunction with other companies and their information." <br><br> For these reasons, Google will not produce a witness to testify on this topic. | For example, in "Project Bernanke," Google was accused of improperly providing advertising information to Facebook. *See* https://www.wsj.com/articles/googles-secret-project-bernanke-revealed-in-texas-antitrust-case-11618097760. <br><br> Google: Google rests on its objections and responses to this topic. Project Bernanke, as is clear from the news article Plaintiffs cite, has nothing to do with user data. | |
| **12.** Google's ability to identify users or devices based on log-ins to third-party websites within a private browsing session, including by way of a "PPID mapped ▮▮▮▮ or Analytics UID. GOOG-BRWN-00027306 | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic to the extent it calls for hypothetical information about Google's "ability." <br><br> Subject to the foregoing objections, Google directs | Plaintiffs: Plaintiffs cannot accept Google's proposed designation, particularly because Mr. Liao testified that "I am not the expert on the specifics around PPID," Liao Tr. 46:13-14, and that "As I stated before, I'm not the expert on the specifics around the PPID | The Court will allow this topic, but if Mr. Liao is the 30(b)6 designee, his testimony on this topic will be limited to 2.0 hours. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | Plaintiffs to the prior Rule 30(b)(6) testimony of Glenn Berntson, and designates the prior deposition testimony of Chris Liao on December 3, 2021 at 24:12-96:20 as Google's Rule 30(b)(6) testimony on "PPID mapped ▮▮▮▮" | table." *Id.* 69:17-18. Google has repeatedly taken the position that Plaintiffs cannot identify their class, and it is improper for Google to withhold 30(b)(6) testimony concerning how Plaintiffs might do so.<br><br>Google: Google rests on the position stated in the letter brief, as well as the objections and responses to this topic. Liao stated he is not the expert on "the *specifics around PPID*," and pointed to Berntson as "the authority on this." Liao Tr. 46:13-21 (emphasis added). Regardless, Liao also provided over 70 pages of testimony as to "PPID mapped ▮▮▮—the noticed topic. | |
| **13.** Google's ability to identify users or devices based on log-ins to Google services (e.g., Gmail) within a private browsing mode | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic to the extent it calls for | Plaintiffs: Plaintiffs stand by this Topic for the reasons stated in their letter brief, particularly because | The Court strikes this topic as not proportional to the needs of this case. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | hypothetical information about Google's "ability." Google further objects to this topic as overly broad and unduly burdensome to the extent it seeks information that is irrelevant to the browsing data from users who are not logged into a Google account. Plaintiffs' purported classes are composed solely of users who were not signed into Google accounts, and thus they are not entitled to discovery that relates solely to signed-in users.<br><br>For these reasons, Google will not produce a witness to testify on this topic. | Google has not made any compromise proposal.<br><br>Google: Google rests on the position stated in the letter brief, as well as the objections and responses to this topic. Plaintiffs' class definition is limited to users who were "not logged into their Google Account," SAC ¶ 196, and are thus not entitled to discovery related solely to signed-in users. | |
| 14. Any and all data that Google produces to Plaintiffs as part of the iterative searches that Google is required to run, as well as the data sources from which the data is queried. Dkt. 331 | Google incorporates its General Objections as if set forth fully herein. Google further objects that these sub-parts seek "discovery on discovery." "Discovery into another party's discovery process is disfavored." Ashcraft v. Experian Info. Sols., Inc., 2018 WL 6171772, at *2 n.2 (D. Nev. Nov. 26, 2018). Absent "an adequate factual basis" for Plaintiffs' belief that discovery on | Plaintiffs: Plaintiffs cannot at this time narrow this Topic to particular data, logs, or fields because Google is not even finished with the first of its four searches.<br><br>Plaintiffs agree to revisit the scope of this Topic after all four iterative searches have been completed. If | This dispute is not yet ripe. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | discovery is warranted, Plaintiffs' request is plainly improper. See Uschold v. Carriage Servs., Inc., 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019) ("Generally, 'discovery on discovery' is disfavored . . .") (quashing Rule 30(b)(6) deposition notice topic seeking testimony regarding retention policies). Rule 30(b)(6) requires the notice "to describe with reasonable particularity the matters for examination." This topic fails to meet Rule 30(b)(6)'s "reasonable particularity" requirement as it seeks information related to "[a]ny and all data that Google produces." Unless Plaintiffs narrow this topic to specific produced data, it would be impossible for Google to determine which witness(es) to educate and designate to testify on such a broad and unclear range of issues.

For these reasons, Google will not produce a witness to testify on this topic. | that occurs after the close of fact discovery (which is likely given that Google took over one month to even purport to completing the first of four searches), then Plaintiffs believe the deposition should be allowed to proceed following the current close of fact discovery (March 4).

Google: Google agrees to revisit this topic after all four iterative searches have been completed, but will not agree to move the fact discovery deadline. Google has been faithfully following the expert guidance of Special Master Brush and has completed the searches and productions ordered by the Special Master. Plaintiffs have not yet provided the search terms and parameters for any further searches. | |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| **15.** Google's Legal Investigation Support ("LIS") team or any other teams responsible for responding to subpoenas when searching for information responsive to subpoenas, including without limitation any information Google classifies as "unauthenticated." This Topic includes any and all instances in which Google produced so-called "unauthenticated" information in response to a subpoena asking for information about a particular person or device. | Google incorporates its General Objections as if set forth fully herein. Google further objects that these sub-parts seek "discovery on discovery." "Discovery into another party's discovery process is disfavored." Ashcraft v. Experian Info. Sols., Inc., 2018 WL 6171772, at *2 n.2 (D. Nev. Nov. 26, 2018). Absent "an adequate factual basis" for Plaintiffs' belief that discovery on discovery is warranted, Plaintiffs' request is plainly improper. See Uschold v. Carriage Servs., Inc., 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019) ("Generally, 'discovery on discovery' is disfavored . . .") (quashing Rule 30(b)(6) deposition notice topic seeking testimony regarding retention policies). Google further objects to this topic as seeking irrelevant information as instances in which Google produced unauthenticated information is not relevant to any claims or defenses in this case. Google further objects to this topic as it is duplicative of other discovery taken in this case, including the ongoing processes | <u>Plaintiffs:</u> Plaintiffs stand by this Topic, particularly because Google has not made any compromise proposal. This Topic is properly focused on Google's counsel's repeated assertion that Google never associates private browsing data with particular users. Google should defend those claims.<br><br><u>Google:</u> Google rests on the objections and responses to this topic. The topic is overly broad and seeks irrelevant discovery related to Google's production in response to subpoenas in unidentified matters, including information likely to be privileged. Google has already provided abundant 30(b)(6) and 30(b)(1) testimony on its policies prohibiting the association of authenticated and | The Court strikes this topic as vague, ambiguous, overly broad and not in proportion to the needs of this case. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | before the Special Master. Google further objects to this request to the extent it seeks information covered by the attorney-client privilege, attorney work product doctrine, or other applicable privileges.<br><br>For these reasons, Google will not produce a witness to testify on this topic. | unauthenticated data, and has responded to an RFA on this topic. | |
| **16.** For the Class Period, Google's provision of information at issue in this lawsuit, to law enforcement and government, in response to any formal or informal requests, official or unofficial investigations, and any processes and proceedings initiated by them. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this topic as seeking irrelevant information as Google's provision of information to law enforcement and government has no bearing on the claims or defenses in this case. Google further objects to this request to the extent it seeks information covered by the attorney client privilege, attorney work product doctrine, or other applicable privileges.<br><br>For these reasons, Google will not produce a witness to testify on this topic. | <u>Plaintiffs:</u> Plaintiffs stand by this Topic, particularly because Google has not made any compromise proposal. This Topic is properly focused on Google's counsel's repeated assertion that Google never associates private browsing data with particular users. Google should defend those claims.<br><br><u>Google:</u> Google rests on the position stated in the letter brief, as well as the objections and responses to this topic. The topic is | The Court strikes this topic as overly broad, vague, ambiguous and not proportional to the needs of this action. |

| Topic | Google's Response | Parties' Compromise Proposals | Court's Ruling |
|---|---|---|---|
| | | overly broad and seeks irrelevant discovery related to Google's production in response to government or law enforcement officials in unidentified matters, including information likely to be privileged. Google has already provided abundant 30(b)(6) and 30(b)(1) testimony on its policies prohibiting the association of authenticated and unauthenticated data. | |

Case No. 5:20-cv-03664-YGR-SVK