# EXHIBIT A

| Dispute No. | Dispute | Status as of 2/25/22 Joint Submission | Court's Ruling |
|---|---|---|---|
| | | Disputes Identified by Plaintiffs | |
| P23 2/24/22 | Google's Amended Disclosures: The parties have a dispute about how to handle Google's amended initial disclosures. | Plaintiffs' Position: On February 21, 2022, without any prior meet and confer efforts, Google served amended initial disclosures identifying two additional Google employees who are not document custodians: Steve Ganem and George Levitte. If Google plans to have those individuals submit declarations or testify in this case, then Google should produce their documents and make them available for depositions. Google should not be permitted to disclose and use these witnesses at this late stage.<br><br>Google's suggestion that Plaintiffs alter course at this late stage and forgo other depositions in order to depose these witnesses is unreasonable. The Court ordered production of custodial documents by October 6, 2021, recognizing Plaintiffs would need to review documents, choose deponents, and prepare for those depositions. Plaintiffs did just that, with the remaining depositions focusing on 30(b)(6) testimony and other key deponents. Google's delay in disclosing these two witnesses—less than two weeks before the close of discovery—is equally unreasonable.<br><br>Google's Position: This is a Plaintiff-manufactured dispute inappropriate for Court intervention. Steve Ganem and George Levitte are hardly surprise witnesses. Plaintiffs have known about both for *over a year* but have failed to ask for their depositions or documents. They were both | Upon receipt of this order, Google is to inform the Court, by filing on ECF, of the following:<br>1. The total number of persons it has identified in its initial disclosures, including supplements; and<br>2. An explanation of Google's "February 4, 2021 production of lists of relevant teams," including an exemplar. |

| Dispute No. | Dispute | Status as of 2/25/22 Joint Submission | Court's Ruling |
|---|---|---|---|
| | | identified in Google's February 4, 2021 production of lists of relevant teams.  Mr. Ganem was further highlighted on July 30, 2021 as a replacement for Plaintiffs' request to depose former Google employee Dan Stone. (Plaintiffs declined to notice Mr. Ganem's deposition.) On October 5, 2021, Mr. Ganem signed verifications to interrogatory responses to *Brown* plaintiffs' discovery requests. Finally, Mr. Ganem submitted a declaration in support of Google's opposition to class certification in the related *Calhoun* matter.<br><br>Mr. Levitte has been part of numerous productions and privilege logs as far back as September 1, 2021. Mr. Levitte submitted a declaration in support of Google's opposition to class certification in the related *Calhoun* matter. This manufactured dispute provides yet another example of Plaintiffs' attempting to blame Google for their own apparent failure to exercise even minimal diligence in litigating this case (by, *e.g.*, actually reviewing the documents and discovery responses Google has produced).<br><br>In any event, Plaintiffs are free to notice these depositions now, and they should properly count towards the 20 deposition limit set by this Court.  There is no good cause to require production of their custodial documents because Plaintiffs had every opportunity to include these employees in the 43 custodians they have requested to date and failed to do so.  *See See Handloser v. HCL Am., Inc.*, 2020 WL 7405686, at *1 (N.D. Cal. Dec. 17, 2020) (good cause requires "not only a factual basis for believing that the | |

| Dispute No. | Dispute | Status as of 2/25/22 Joint Submission | Court's Ruling |
|---|---|---|---|
| | | custodian has relevant information and that discovery of the custodian's ESI is proportional to the needs of the case, but also a showing of why plaintiffs did not identify the custodian earlier."). | |
| P28 2/25/22 | Google's Written Discovery Responses: The parties have a dispute regarding certain Google discovery responses. | Joint Position: As a result of a productive meet and confer on February 24, the parties have agreed to submit two joint letter briefs to the Court regarding Google's responses to certain RFAs and Interrogatories. The parties were already working on those before the Court issued its order requesting this joint submission. The parties will submit those two letter briefs no later than March 4. | Approved. The letter briefs should contain a chart, as described in the Court's standing order. |
| P30 2/25/22 | Discovery Concerning Google's Affirmative Defenses: The parties have a dispute about discovery concerning Google's assertion of certain affirmative defenses. | Joint Position: After a productive February 24 meet and confer, the parties have agreed that Google may serve a supplemental response to Interrogatory No. 40 on March 11 (in two weeks) provided that the Court permits the parties to then meet and confer and if necessary submit any dispute regarding the adequacy of the supplemental response by March 18. | The Court will not extend the date for submission of discovery disputes at this time. The Parties are ORDERED to meet and confer to adjust the proposed schedule as necessary. If they are unable to reach agreement, Google's supplemental response will be due on by **noon on March 9, 2022**, and, following requisite meet and confer, the dispute maybe included in the final submission on March 11, 2022. |