1  QUINN EMANUEL URQUHART & SULLIVAN, LLP

2  Diane M. Doolittle (CA Bar No. 142046)   Andrew H. Schapiro (admitted *pro hac vice*)
   dianedoolittle@quinnemanuel.com          andrewschapiro@quinnemanuel.com
3  555 Twin Dolphin Drive, 5th Floor        191 N. Wacker Drive, Suite 2700
   Redwood Shores, CA 94065                 Chicago, IL 60606
4  Telephone: (650) 801-5000                Telephone: (312) 705-7400
5  Facsimile: (650) 801-5100                Facsimile: (312) 705-7401

6  Stephen A. Broome (CA Bar No. 314605)    Josef Ansorge (admitted *pro hac vice*)
   stephenbroome@quinnemanuel.com           josefansorge@quinnemanuel.com
7  Viola Trebicka (CA Bar No. 269526)       1300 I. Street, N.W., Suite 900
   violatrebicka@quinnemanuel.com           Washington, D.C. 20005
8  865 S. Figueroa Street, 10th Floor       Telephone: 202-538-8000
9  Los Angeles, CA 90017                    Facsimile: 202-538-8100
   Telephone: (213) 443-3000
10 Facsimile: (213) 443-3100

11
   Jonathan Tse (CA Bar No. 305468)         Jomaire A. Crawford (admitted *pro hac vice*)
12 jonathantse@quinnemanuel.com             jomairecrawford@quinnemanuel.com
   50 California Street, 22nd Floor         51 Madison Avenue, 22nd Floor
13 San Francisco, CA 94111                  New York, NY 10010
   Telephone: (415) 875-6600                Telephone: (212) 849-7000
14 Facsimile: (415) 875-6700                Facsimile: (212) 849-7100

15
   *Attorneys for Defendant Google LLC*
16

17              UNITED STATES DISTRICT COURT

18           NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

19 | CHASOM BROWN, WILLIAM BYATT, | Case No. 4:20-cv-03664-YGR-SVK
20 | JEREMY DAVIS, CHRISTOPHER     |
   | CASTILLO, and MONIQUE TRUJILLO, | **GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE LLC'S SUBMISSION RE: P23 IN RESPONSE TO DKT. 450-1**
21 | individually and on behalf of all similarly situated, |
22 |
   | Plaintiffs, | Referral: Hon. Susan van Keulen
23 |
   | v. |
24 |
   | GOOGLE LLC, |
25 |
   | Defendant. |
26

27

28

## I. INTRODUCTION

Google respectfully seeks to seal Exhibit A of Google's Submission Re: P23 in Response to Dkt. 450-1, which contain Google's confidential information regarding Google's employees working on certain products and should be protected.

This Administrative Motion pertains to the following information contained in Exhibit A:

| Document | Portions to be Filed Under Seal | Basis for Sealing |
|---|---|---|
| Ex. A (GOOG-BRWN-00023909) | Redacted in its Entirety | The information requested to be sealed contains Google's confidential information regarding Google's employees working on certain products, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential information reveals Google's internal strategies and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential information could affect Google's competitive standing as competitors may seek to contact or recruit Google employees working on certain competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's competing products. |

## II. LEGAL STANDARD

The common law right of public access to judicial records in a civil case is not a constitutional right and it is "not absolute." *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have refused to permit their files to serve as reservoirs of . . . sources of business information that might harm a litigant's competitive standing"). Sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at

*4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

### III. THE ABOVE IDENTIFIED MATERIALS EASILY MEET THE "GOOD CAUSE" STANDARD AND SHOULD ALL BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99. Good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc*., 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc*., 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).

Exhibit A comprises confidential information, as the materials involve information related to Google's employees that Google does not share publicly. Specifically, this information provides details related to the names, organizational division, manager, and title of Google employees working on certain products. Such information reveals Google's internal strategies and business practices for operating and maintaining many of its important services.

Public disclosure of the above-listed information would harm Google's competitive standing by revealing Google employees working on certain competing products to Google's competitors. That alone is a proper basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc*., No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co*., No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing

confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publically available").

Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's products. Google would be placed at an increased risk of cybersecurity threats, and data related to its users could similarly be at risk. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). The security threat is an additional reason for this Court to seal the identified information.

The information Google seeks to redact is the minimal amount of information needed to protect its products and employees from being exposed to not only its competitors but also to nefarious actors who may improperly seek access to and disrupt these systems and operations. The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal Exhibit A.

| | | |
|---|---|---|
| 1 | DATED: March 2, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By   */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted pro hac vice)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted pro hac vice)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*