**EXHIBIT A**

| Dispute No. | Dispute | Status as of 2/25/22 Joint Submission | Court's Rulings |
|---|---|---|---|
| Disputes Identified by Plaintiffs ||||
| P23 2/24/22 | Google's Amended Disclosures: The parties have a dispute about how to handle Google's amended initial disclosures. | <u>Plaintiffs' Position</u>: On February 21, 2022, without any prior meet and confer efforts, Google served amended initial disclosures identifying two additional Google employees who are not document custodians: Steve Ganem and George Levitte. If Google plans to have those individuals submit declarations or testify in this case, then Google should produce their documents and make them available for depositions. Google should not be permitted to disclose and use these witnesses at this late stage.<br><br>Google's suggestion that Plaintiffs alter course at this late stage and forgo other depositions in order to depose these witnesses is unreasonable. The Court ordered production of custodial documents by October 6, 2021, recognizing Plaintiffs would need to review documents, choose deponents, and prepare for those depositions. Plaintiffs did just that, with the remaining depositions focusing on 30(b)(6) testimony and other key deponents. Google's delay in disclosing these two witnesses—less than two weeks before the close of discovery—is equally unreasonable.<br><br><u>Google's Position</u>: This is a Plaintiff-manufactured dispute inappropriate for Court intervention. Steve Ganem and George Levitte are hardly surprise witnesses. Plaintiffs have known about both for *over a year* but have failed to ask for their depositions or documents. They were both | **3/2/2022 Order:**<br>Upon receipt of this order, Google is to inform the Court, by filing on ECF, of the following:<br>1. The total number of persons it has identified in its initial disclosures, including supplements; and<br>2. An explanation of Google's "February 4, 2021 production of lists of relevant teams," including an exemplar.<br><br>**3/4/22 Further Order:**<br>Google has very recently amended its initial diclosures to add two names: Steve Ganem and George Levitte. Plaintiffs seek depositions of and document productions from Ganem and Levitte.<br><br>Google argues that the |

| Dispute No. | Dispute | Status as of 2/25/22 Joint Submission | Court's Rulings |
|---|---|---|---|
| | | identified in Google's February 4, 2021 production of lists of relevant teams. Mr. Ganem was further highlighted on July 30, 2021 as a replacement for Plaintiffs' request to depose former Google employee Dan Stone. (Plaintiffs declined to notice Mr. Ganem's deposition.) On October 5, 2021, Mr. Ganem signed verifications to interrogatory responses to *Brown* plaintiffs' discovery requests. Finally, Mr. Ganem submitted a declaration in support of Google's opposition to class certification in the related *Calhoun* matter.<br><br>Mr. Levitte has been part of numerous productions and privilege logs as far back as September 1, 2021. Mr. Levitte submitted a declaration in support of Google's opposition to class certification in the related *Calhoun* matter. This manufactured dispute provides yet another example of Plaintiffs' attempting to blame Google for their own apparent failure to exercise even minimal diligence in litigating this case (by, *e.g.*, actually reviewing the documents and discovery responses Google has produced).<br><br>In any event, Plaintiffs are free to notice these depositions now, and they should properly count towards the 20 deposition limit set by this Court. There is no good cause to require production of their custodial documents because Plaintiffs had every opportunity to include these employees in the 43 custodians they have requested to date and failed to do so. *See See Handloser v. HCL Am., Inc.*, 2020 WL 7405686, at *1 (N.D. Cal. Dec. 17, 2020) (good cause requires "not only a factual basis for believing that the custodian has relevant information and that discovery of the | witnesses' appearances in various productions and signatures on declarations and verifications should have alerted Plaintiffs to their potential significance. While the Court is not convinced that these facts put the burden on Plaintiffs to divine a heightened role for Ganem and Levitte, the facts cited by Google do support the obvious conclusion that Google should have added these persons to its initial disclosures several months ago.<br><br>Accordingly, Google will make each Ganem and Levitte available for a 3.5 hour deposition to take place **no later than March 16, 2022**. The Ganem and Levitte depositions will not count against the 20 deposition cap.<br><br>As for the production of documents, Plaintiffs have |

| Dispute No. | Dispute | Status as of 2/25/22 Joint Submission | Court's Rulings |
|---|---|---|---|
| | | custodian's ESI is proportional to the needs of the case, but also a showing of why plaintiffs did not identify the custodian earlier."). | not made any showing from the voluminous productions to date that these individuals are likely to possess custodial documents that warrant custodial searches in excess of the cap. Plaintiffs' request for documents is **DENIED.** |