1
2
3
4
5

BOIES SCHILLER FLEXNER LLP
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

6
7
8
9
10

SUSMAN GODFREY L.L.P.
William Christopher Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

11
12
13
14
15

MORGAN & MORGAN
John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

16
17

 *Attorneys for Plaintiffs; additional counsel listed in signature blocks below*

*Attorneys for Defendant; additional counsel listed in signature blocks below*

18
19
20

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

21
22
23
24
25
26
27
28

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,

        Plaintiffs,

        v.

GOOGLE LLC,

        Defendant.

Case No. 4:20-cv-03664-YGR-SVK

**JOINT LETTER BRIEF RE: JOINT SUBMISSION IN RESPONSE TO DKT. 447-1 RE PLAINTIFFS' REQUEST FOR IN CAMERA SUBMISSION**

Referral: Hon. Susan van Keulen, USMJ

March 4, 2022

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

      Re:    Joint Submission re: Plaintiffs' Request for *In Camera* Review
               *Brown v. Google LLC*, Case No. 4:20-cv-03664-YGR-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

      Pursuant to Your Honor's March 2, 2022 Order (Dkt. 447-1), Plaintiffs and Google LLC ("Google") submit this joint statement regarding their dispute over Plaintiffs' request for *in camera* review of seven documents that Google withheld, clawed back, or redacted for privilege. Counsel for the parties met and conferred and reached an impasse on this request. Fact discovery closes today. A trial date has not yet been set. Exhibit A contains each party's respective proposed order.

## PLAINTIFFS' STATEMENT

As the Court explained nearly six months ago, the discovery process is an exercise in "trust." Sept. 30, 2021 Hearing Tr. at 30. Over the course of this litigation, Plaintiffs have lost that trust. Throughout, Google has improperly withheld and obstructed highly relevant discovery. Google's repeated insistence that Incognito traffic cannot be identified (along with Google's efforts to mislead Plaintiffs, the Special Master, and the Court about the existence of a field that does just that—detailed at length in Plaintiffs' pending sanctions motion) is only the most stunning example. Google's efforts to withhold relevant discovery has included a broad over-assertion of privilege, with documents that are especially damning for Google in this case. As contemplated by Court Order, *see* ECF No. 307, Plaintiffs asked Google to take another look at nearly 600 allegedly privileged documents. In response, Google withdrew its privilege claim with respect to *more than a quarter* of those documents. *See Applied Med. Res. Corp. v. Ethicon, Inc.*, 2005 WL 6567355, at *1 (C.D. Cal. May 23, 2005) (noting party "withdr[ew] its assertion of privilege" with respect to many previously contested documents). But many Google documents with questionable log entries remain, which is what prompted Plaintiffs' request for *in camera* review.

Plaintiffs identified fifteen (15) documents pursuant to the Court's Order (Dkt. 447-1), and in the interest of compromise and with the aim of minimizing the burden on the Court, Plaintiffs have narrowed their request to just seven (7) documents for which they now seek *in camera* review.

For purposes of seeking *in camera* review, Plaintiffs' burden is "relatively minimal." *In re Grand Jury Subpoena 92-1(SJ)*, 31 F.3d 826, 830 (9th Cir. 1994) (quotation marks omitted); *see also In re Outlaw Labs., LP Litig.*, 2020 WL 3268581, at *5 (S.D. Cal. June 17, 2020) ("It is not a high bar."). To meet the "lenient threshold" for *in camera* review, the requesting party need only make a "showing sufficient to establish a reasonable belief that *in camera* review *may lead to evidence*" that the material is not privileged. *In re Grand Jury Subpoena 92-1(SJ)*, 31 F.3d at 830 (emphasis in original); *see also In re Grand Jury Investigation*, 974 F.2d 1068, 1074-75 (9th Cir. 1992); *In re Grand Jury Subpoena 92-1(SJ)*, 31 F.3d at 830. The standard "is set sufficiently low to discourage abuse of privilege and to ensure that mere assertions of the attorney-client privilege will not become sacrosanct." *In re Grand Jury Investigation*, 974 F.2d at 1072.

When the contested documents have been clawed back, the Federal Rules provide that the party opposing the claim of privilege "may promptly present the information to the court under seal for a determination of the [privilege] claim." Fed. R. Civ. P. 26(b)(5)(B). No further showing is required. *See, e.g.*, *EEOC v. George Wash. Univ.*, 502 F. Supp. 3d 62, 74 (D.D.C. 2020); *St. Cyr v. Flying J, Inc.*, 2008 WL 2097611, at *5 (M.D. Fla. May 16, 2008) (Rule 26(b)(5)(B) "provide[s] for" *in camera* review); *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 247 F.R.D. 656, 657 (D. Kan. 2007) (conducting *in camera* review of clawed-back documents without considering whether the otherwise-applicable standard for *in camera* review was satisfied).

Here, Plaintiffs reasonably believe that *in camera* review of these documents "may lead to evidence" that they are not privileged. *In re Grand Jury Subpoena 92-1(SJ)*, 31 F.3d at 830 (emphasis omitted). That belief is supported not only by Google's general practice of over-asserting privilege and otherwise improperly withholding documents, but also by facts about the specific documents contested for reasons set forth below. The material discussed in each is extremely "relevan[t] … to the case" and "the volume the material to be reviewed" is minimal. *In re Grand Jury Subpoena 92-1(SJ)*, 31 F.3d at 830.

**1. GOOG-CABR-03667431 (clawed back on February 28, 2022)**

Plaintiffs identified this document for *in camera* review because its metadata reveals no basis for Google's privilege claim and suggests the document is highly relevant. As reflected in the metadata, the document is an "[a]nalysis" of a ██████████████████████ performed by Google employees Chris Liao and Bert Leung, whose ██████████████████ are now at the heart of this case. No attorney is identified, and Google's monthslong delay in identifying it suggested that it is not privileged. During the parties' March 3 meet-and-confer, Google represented for the first time that this document includes comments drafted by Google's trial counsel in this litigation. Plaintiffs asked if Google could produce a version of the document with counsel's commentary redacted; Google declined, claiming that the entire document is privileged. Since the meet-and-confer, Plaintiffs have learned that the *Calhoun* plaintiffs also intend to dispute Google's claim of privilege, on the ground that the document satisfies the crime-fraud exception. That is alarming to the *Brown* Plaintiffs, especially given the significance of Mr. Liao and Mr. Leung in this litigation. The document is also from April 28, 2021—the day before the April 29 hearing featured in Plaintiffs' sanctions motion. *See* ECF No. 429-1 at 10. To the extent any showing is required before *in camera* review of clawed-back documents, that showing has been amply met here. And if the Court requests further proceedings on this document, Plaintiffs request that they be conducted jointly with the *Calhoun* plaintiffs.

**2. GOOG-CABR-05766200**

Plaintiffs also seek *in camera* review of certain material redacted from GOOG-CABR-05766200. That Google document describes Google's efforts to clear up users' "misconceptions about Incognito and . . . overestimat[ions of] the protections available." *Id.* Google redacted not only text beneath a header for "Legal" considerations but also text beneath *separate* headers for "Privacy" considerations and "Privacy review guidance." Google cannot claim privilege over material *expressly* identified as *not* relating to "[l]egal" advice. *See Dolby Labs. Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 873 (N.D. Cal. 2019) ("[T]he proponent of the privilege must make a 'clear showing' that the 'primary purpose' of the communication was securing legal advice.").

**3. GOOG-BRWN-00846508**

Plaintiffs seek *in camera* review of certain redacted material in a document containing notes of meetings between Mr. Leung and Ms. Liu regarding their efforts to detect Incognito traffic. The redaction in question is on page -513 and appears immediately beneath bulleted notes that read: ████████████████████████████████████ and ████████████ Based on the context, the redacted information is likely highly technical, and Plaintiffs struggle to imagine how those notes would be privileged. This redaction is different from others in the document, which appear beneath bulleted notes like "Privacy & Legal" or "Confirm with legal." When Plaintiffs sought to discuss this document during the March 3 meet-and-confer, Google objected on the ground that it was not included on the list of documents provided to Google the previous day. But Google did not produce this document until the late in *the evening of March 2*, so it *could not* have been on a list that Plaintiffs provided earlier in the day. Nor did Plaintiffs ask to review a sixteenth document: Plaintiffs offered to swap this one in for one that was previously identified.

### 4.  GOOG-CABR-00547295

Plaintiffs also ask that the Court order Google to submit for the Court's review an unredacted version of GOOG-CABR-00547295, which is a September 17, 2020 email chain involving, among others, Mr. Leung, Mr. Liao, and Ms. Liu. Google redacted material that appears to relate to Google's decision to change the name of ████████████████ The chain relates to factual engineering topics like the launch of third-party-cookie blocking and how that will affect data logging—not a topic ripe for legal advice. And indeed, there is no attorney on the chain. Google has not provided a privilege log identifying an attorney or even the basis for its assertion that this document is privileged. *See Applied Med. Res. Corp.*, 2005 WL 6567355, at *2 ("[I]n the absence of any attorney linked to certain of the documents or a more thorough description of the legal advice involved, Plaintiff has met the minimal burden required to show that the privilege may not apply.").

### 5.  Others

Plaintiffs also respectfully request *in camera* review of three other documents: (1) a memorandum drafted by Google's Director of Investor Relations (not an attorney) titled "4Q17 Sundar Q&A," which Google entirely withheld (*Brown* Log Entry 5607); (2) a "DECEIVED BY DESIGN" document prepared for Mr. Pichai that Google also withheld in its entirety (Cross-Use Log Entry CABR1530); and (3) a clawed-back message involving Mr. Leung and a non-attorney from October 12, 2021 (GOOG-BRWN-00845291). The information provided by Google suggests that these documents are relevant and non-privileged—and therefore should not have been withheld.

## <u>GOOGLE'S STATEMENT</u>

Plaintiffs plainly seek to influence a decision on the merits of the privilege dispute by interjecting – without basis – reference to their unrelated motion for sanctions. That motion is based on half-truths, meritless accusations, and blatant misrepresentations, as Google will show in its response, and should be summarily denied. It is certainly no basis to second-guess Google counsel's appropriate privilege calls, particularly where these have been previously upheld by this Court after *in camera* review. *See* Dkt. 290, at 2 (asserting that "Google's privilege assertions are baseless"); Dkt. 307 ("[T]he Court finds that Google has made a clear showing with the attorney declarations submitted that the highlighted sections of the document at issue either contain attorney-client communications involving legal advice or are closely integrated with such protected communications.").

Plaintiffs' claims on the substance are similarly mistaken.

This Court has already explained that *in camera* review is a "last resort . . . [b]ecause as every litigator on this call knows, document production does take an element of good faith and trust[,] [a]nd we have very good lawyers and highly ethical lawyers on both sides on this case." Sept. 30, 2021 Hearing Tr. 30:5-11. *In camera* review requires Plaintiffs to "show a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1950377, at *2 (N.D. Cal. May 1, 2019) (citation omitted). Plaintiffs have not done so. Accordingly, their request for in camera review should be summarily denied (with the exception of GOOG-CABR-03667431, which Google intends to submit for in camera review to rebut the Calhoun Plaintiffs' baseless assertion that Quinn Emanuel attorneys instructed Google to spoliate data).

Even if the Court is so inclined to consider Plaintiff's individualized requests, each of the privileged documents in dispute are plainly shielded from disclosure for the reasons detailed below:

### 1. GOOG-CABR-03667431 (clawed back on February 28, 2022)

Immediately upon becoming aware that this document containing privileged work product and attorney-client communications between Quinn Emanuel, Google's in-house lawyers, and Google employees assisting counsel with discovery, was inadvertently produced, Google clawed it back. The document was created for the purposes of a discussion between clients and lawyers regarding ongoing discovery issues. Plaintiff's request for a redacted version of the document should be rejected for these reasons. Nevertheless, to rebut the Calhoun Plaintiffs' (forthcoming) baseless accusation that the document shows that a Quinn Emanuel attorney advised Google to spoliate data (data which in fact has been preserved and which Google is in the process of producing as discussed with the Special Master), Google intends to submit the document to the Court for in camera review anyway.[1]

---

[1] To the extent the *Calhoun* Plaintiffs discussed the contents of this document with the *Brown* Plaintiffs, Plaintiffs in both cases have ignored this Court's admonition that it does "not want to hear any more instances of a document not being properly locked down or being distributed." Sept. 30, 2021 Brown Hearing Tr. 27:17-19.

### 2. GOOG-CABR-05766200

The "privacy considerations" section of this document was written at the request of Google in-house privacy counsel in order to provide information necessary for counsel to render legal advice.  *See Visa U.S.A., Inc. v. First Data Corp.*, 2004 WL 1878209, at *9 (N.D. Cal. Aug. 23, 2004) (documents prepared at the request of counsel for the purpose of rendering legal advice are privileged).  Plaintiff's assertion that Google cannot claim privilege over the redacted text merely because it is not labeled as "legal" is incorrect.

### 3. GOOG-BRWN-00846508

Plaintiffs did not include this document in the list of fifteen documents this Court ordered them to identify for Google on March 2, 2022.  Dkt. 447.  Instead, Plaintiffs raised this document for the first time during the parties' March 3 meet and confer.  This is inconsistent with the Court's order and unfairly prejudices Google.  And in any event, Plaintiffs' claim that the document is not privileged because it contains technical discussions is contrary to law.  *AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614, at *4 (N.D. Cal. Apr. 18, 2003) ("Technical information 'primarily concerned with giving legal guidance' remains privileged.").

### 4. GOOG-CABR-00547295

Plaintiffs' claim that the presence of an attorney on a communication is somehow necessary for attorney-client privilege to apply is contrary to well-settled law recognized by this Court.  *See* Oct. 27, 2021 Hearing Tr. 9:13-19 ("[Y]ou often have non-lawyers transmitting legal advice, sharing legal advice, acting on legal advice that is reflected in a document, and as we know from the -- from the Ninth Circuit, transmitting legal advice, sharing it, discussing it, even without the lawyer, is still within the coverage of attorney-client privilege.").  Google properly redacted two sections of this document because they consist of communications where Google engineers are "transmitting" and "sharing" legal advice from Google in-house counsel.  *Id.*

### 5. Other Documents

Plaintiffs further request in camera review of three documents because they remain convinced that Google has not established these are subject to the attorney-client privilege.  Google has re-reviewed these documents and agreed to change the privilege designation for Log Entry CABR1530 to re-produce the document with redactions of a communication contained in the document that requests legal advice from Google in-house counsel.  *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) ("The attorney-client privilege applies to communications between corporate employees and counsel, made at the direction of corporate superiors in order to secure legal advice.").

As to *Brown* Log Entry 5607, this document is a draft public disclosure transmitted to Google in-house attorneys for the purposes of rendering legal advice (and reflects advice from Google in-house counsel in comments in the document), and it is thus squarely within the protection of the attorney-client privilege.  *See In re Banc of California Sec. Litig.*, 2018 WL 6167907, at *2 (C.D. Cal. Nov. 26, 2018) ("When a client sends a draft disclosure document to an attorney for comment or input, the attorney-client privilege attaches to the draft and remains intact even after the final document is disclosed.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Finally, GOOG-BRWN-00845291 is a chat message between Google engineers where (i) pursuant to a request from Google outside counsel, a Google engineer requests information necessary for the provision of legal advice for this litigation, *In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2004) ("The work product doctrine . . . protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'"); and (ii) these engineers discuss legal advice of counsel regarding this case, *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002) (attorney-client privilege applies to "communication[s] between nonlegal employees in which the employees discuss or transmit legal advice given by counsel . . . [because] [s]uch communications obviously reveal privileged communications."). These documents are clearly protected from disclosure by the attorney-client privilege and work product protections.

In the event the Court determines that it will review any of these documents in camera, Google respectfully requests sufficient notice to be able to procure declarations from the appropriate attorneys as to the privileged nature of these documents.

Respectfully,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

BOIES SCHILLER FLEXNER LLP

/s/ Andrew H. Schapiro

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

/s/ Mark C. Mao

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Sean Phillips Rodriguez (CA Bar No. 262437)
srodriguez@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293 6858
Fax: (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Tel: (305) 539-8400
Fax: (305) 539-1304

William Christopher Carmody (*pro hac*

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Thao Thai (CA Bar No. 324672)
thaothai@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5000
 Fax: (650) 801-5100

 *Attorneys for Defendant Google LLC*

*vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Tel: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
Fax: (813) 222-4736

Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*

## **ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Letter Brief. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: March 4, 2022                    By _____*Andrew H. Schapiro*_____
                                                       Andrew H. Schapiro