**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

| | |
|---|---|
| Diane M. Doolittle (CA Bar No. 142046) | Andrew H. Schapiro (admitted *pro hac vice*) |
| dianedoolittle@quinnemanuel.com | andrewschapiro@quinnemanuel.com |
| 555 Twin Dolphin Drive, 5th Floor | Teuta Fani (admitted *pro hac vice*) |
| Redwood Shores, CA 94065 | teutafani@quinnemanuel.com |
| Telephone: (650) 801-5000 | 191 N. Wacker Drive, Suite 2700 |
| Facsimile: (650) 801-5100 | Chicago, IL 60606 |
| | Telephone: (312) 705-7400 |
| | Facsimile: (312) 705-7401 |
| Stephen A. Broome (CA Bar No. 314605) | Josef Ansorge (admitted *pro hac vice*) |
| stephenbroome@quinnemanuel.com | josefansorge@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | Xi ("Tracy") Gao (CA Bar No. 326266) |
| violatrebicka@quinnemanuel.com | tracygao@quinnemanuel.com |
| Crystal Nix-Hines (Bar No. 326971) | Carl Spilly (admitted *pro hac vice*) |
| crystalnixhines@quinnemanuel.com | carlspilly@quinnemanuel.com |
| 865 S. Figueroa Street, 10th Floor | 1300 I Street NW, Suite 900 |
| Los Angeles, CA 90017 | Washington D.C., 20005 |
| Telephone: (213) 443-3000 | Telephone: (202) 538-8000 |
| Facsimile: (213) 443-3100 | Facsimile: (202) 538-8100 |
| Jomaire Crawford (admitted *pro hac vice*) | Jonathan Tse (CA Bar No. 305468) |
| jomairecrawford@quinnemanuel.com | jonathantse@quinnemanuel.com |
| 51 Madison Avenue, 22nd Floor | 50 California Street, 22nd Floor |
| New York, NY 10010 | San Francisco, CA 94111 |
| Telephone: (212) 849-7000 | Telephone: (415) 875-6600 |
| Facsimile: (212) 849-7100 | Facsimile: (415) 875-6700 |

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S MOTION FOR ADMINISTRATIVE LEAVE TO PROPOSE REVISED BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR ORDER REQUIRING GOOGLE TO SHOW CAUSE WHY IT SHOULD NOT BE SANCTIONED FOR DISCOVERY MISCONDUCT**<br><br>Re: Dkts. 430, 443<br><br>Referral: Hon. Susan van Keulen, USMJ |

Case No. 4:20-cv-03664-YGR-SVK

GOOGLE MOTION FOR LEAVE TO PROPOSE REVISED BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR ORDER REQUIRING GOOGLE TO SHOW CAUSE WHY IT SHOULD NOT BE SANCTIONED

## I. INTRODUCTION

In accordance with Rule 6(b) of the Federal Rules of Civil Procedure and Local Civil Rules 6-3 and 7-11, Google, LLC ("Google") moves the Court for leave to extend by one week the Briefing and Hearing Schedule on Plaintiffs' Request For An Order For Google To Show Cause For Why It Should Not Be Sanctioned For Discovery Misconduct (the "OSC Motion"). This request is required because Plaintiffs refused to stipulate to a modest extension despite Google's prior accommodation of Plaintiffs' similar recent request (Dkt. 431). Trebicka Decl. ¶ 9-10.

Pursuant to this Court's March 1, 2022 Order (Dkt. 443), the Opposition Brief is due by March 24, 2022 – the same day Google's Opening Expert Reports are due in *Calhoun v. Google, LLC.*, Case No. 4:20-cv-05146-YGR-SVK (Dkt. 505), and the day before Google's Opening Expert Reports are due in this case. The *Brown* Plaintiffs' have made several serious (albeit meritless) allegations in their 25-page OSC Motion and have also filed a declaration and nearly 200 pages of exhibits. The OSC Motion also purports to "incorporate by reference" their October 14, 2021 Rule 37(b) Motion, which is 20 pages and includes approximately 145 pages of declarations and exhibits.

There are currently 24 depositions in the related *Brown* and *Calhoun* cases being scheduled in the three weeks between Plaintiffs' filing of the OSC Motion and the current deadline for the Opposition Brief. This includes multiple Rule 30(b)(6) depositions and depositions of Googlers based in Europe that require compliance with the Hague Convention. During this same period, Google also has over a dozen critical deadlines for both dispositive and non-dispositive issues across both matters including, but not limited to, *four* hearings before the Court, numerous hearings with the Special Master, information requests from the Special Master, various discovery briefing deadlines, numerous deadlines for providing outstanding discovery, as well as briefing related to class certification experts. Given the exceedingly technical nature of the case and its complex history, this is not a situation that can be solved by simply adding more outside (or in-house) lawyers.

To ensure that Google counsel can continue to satisfy the many pending requests for information, meet upcoming briefing, hearing, and expert report deadlines, and zealously defend itself against the *Brown* Plaintiffs' OSC Motion, Google respectfully requests a seven day extension of the deadlines listed in the Briefing and Hearing Schedule (Dkt. 443). The extension of time for the Opposition Brief will not prejudice Plaintiffs or require further revisions to the case schedule because the briefing and hearing will be completed well ahead of Plaintiffs' deadline to file their motion for class certification (currently scheduled for May 26, 2022). Good cause supports the requested extension of time.

## II.   BACKGROUND

On October 14, 2021, Plaintiffs filed a 20-page Motion Seeking Relief for Google's Failure to Obey Discovery Order attaching approximately 145 pages of declarations and exhibits (Dkt. 292). Trebicka Decl., ¶ 3. On October 19, 2021, the Court stayed briefing of that motion "pending resolution of the issues set forth in the forthcoming [Special Master Discovery] Report and Recommendations." (Dkt. 297). *Id.*

On Saturday, February 26, 2022, Plaintiffs filed the OSC Motion and attached nearly 200 pages of exhibits and a declaration in support (Dkt. 430). Trebicka Decl., ¶ 4. The Court subsequently set an evidentiary hearing date on the OSC Motion for April 21, 2022 at 10:00 a.m., and ordered Google to file its Opposition Brief by March 24, 2022. (Dkt. 443). *Id.* at ¶ 5. On that same day, Google must also submit its opening expert reports in *Calhoun*. *Id.* at ¶ 6. The next day, Google's opening expert reports in *Brown* are due. *Id.*

In addition, the parties in both *Brown and Calhoun* are scheduling 24 depositions in the period between February 26 and March 24, 2022, including approximately 15 Rule 30(b)(6) depositions. Trebicka Decl., ¶ 7. Google also has over a dozen important deadlines on both dispositive and non-

dispositive issues, motions, hearings, etc. These deadlines include, but are not limited to, the following:

| Case | Subject | Relevant Dkt. | Deadline |
|---|---|---|---|
| Both | End of Fact Discovery | Dkts. 464, 505 | March 4 |
| Brown | Further meet and confer, filings, productions, and likely briefing re priority issues: P23, P25, P26, P28, P29, P30 | Dkts. 447, 450 | by March 2, 3, 4, 9, 11, and 15 |
| Calhoun | Further meet and confer, filings, productions, and likely briefing re priority issues: 1.20, 1.23 | Dkt. 523 | by March 3, 4, 7, 11, and 15 |
| Both | Final Discovery Chart | Dkts. 447, 523 | filed by March 11 |
| Brown | Omnibus discovery hearing | Dkts. 447, 523 | March 15 |
| Calhoun | Hearing on Motion for Summary Judgment on Affirmative Defense of Consent | Dkt. 505 | March 15 |
| Brown | Hearing on Plaintiffs' Motion to Amend Complaint | Dkt. 395 | March 15 |
| Calhoun | Google's Reply ISO Motions to Strike Plaintiffs' Expert Reports ISO Class Certification (Mangum) | Dkt. 505 | March 16 |
| Calhoun | Google's Reply ISO Motions to Strike Plaintiffs' Expert Reports ISO Class Certification (Turow/John) | Dkt. 505 | March 16 |
| Both | Omnibus discovery hearing | Dkt. 529 | March 17 |
| Calhoun | Google's Opposition to Plaintiffs' Motion(s) to Strike Expert Testimony (Schwartz) | Dkt. 505 | March 23 |
| Calhoun | Opening Expert Reports | Dkt. 505 | March 24 |
| Brown | Opening Expert Reports | Dkt. 431 | March 25 |
| Both | Numerous Special Master Orders and Deadlines | n/a | Currently Daily |
| Both | Meetings with Special Master | n/a | Currently Daily |
| Both | Meet and Confers with both plaintiffs | n/a | Daily |
| Both | Numerous Motion to Seals and Declarations in Support of the various filings under seal | varies | Daily |
| Both | At least 24 Google Witness Depositions, including 15 Rule 30(b)(6) depositions | n/a | various dates in March 2022 |

On February 21, 2022, *Brown* Plaintiffs' requested, as a courtesy, that Google consent to extend the deadline for opening expert reports until March 25, 2022 (the day after the deadline the Court scheduled Google's Sanctions Opposition and the same day for Google's opening expert reports in *Calhoun*).  Trebicka Decl. ¶ 9. Google agreed to grant the courtesy. *Id.*

On March 2, 2022, Google requested, as a courtesy, that Plaintiffs agree to extend Google's deadline for filing its Sanctions Opposition (*i.e.*, the relief requested herein).  *Id.* at ¶ 10. Plaintiffs declined to grant the courtesy, necessitating this motion.  *Id.*

### III.    ARGUMENT

The Court has "wide discretion to enlarge … time limits" pursuant to Rule 6(b).  *Plumbers & Pipefitters Loc. 572 Pension Fund v. Cisco Sys., Inc.*, 2005 WL 1459555, at *3 (N.D. Cal. June 21, 2005).  Under Rule 6 of the Federal Rules of Civil Procedure, "the court may, for good cause, extend" deadlines "if a request is made, before the original time or its extension expires."  Fed. R. Civ. P. 6(b)(1).  Rule 6 is "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits."  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quotations omitted).  "Consequently, requests for extensions of time made before the applicable deadline has passed should normally … be granted in the absence of bad faith or prejudice to the adverse party."  *Id.* (citations omitted).

Good cause exists to grant the modest extension requested.  Plaintiffs' motion raises serious accusations and seeks extraordinary relief, such as adverse instructions and payment of fees (Dkt. 430).[1]  Courts recognize that such relief is extreme and "should [not] be imposed casually." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 994 (N.D. Cal. 2012) *citing Rimkus Consulting Grp.,*

---

[1] Plaintiffs also "ask the Court to reinstate [their] October 14, 2021, Rule 37(b) Motion," (Dkt. 430) which requests "that the Court rule that certain facts are established for this action and that Google be precluded from opposing class certification or making any other arguments in this case on the ground that the withheld data is not linked with or linkable to users" (Dkt. 292).  This is an improper request because the briefing for that Motion has been stayed, the Court has not scheduled briefing on it, and Google has not had an opportunity to respond.

*Inc. v. Cammarata,* 688 F.Supp.2d 598, 619 (S.D.Tex.2010) (adverse inferences are "among the most severe sanctions a court can administer"); *Keithley v. Homestore.com, Inc.,* 2008 WL 4830752, at *10 (N.D.Cal. Nov. 6, 2008) ("[A]n adverse inference instruction is a harsh remedy."); *Consol. Aluminum Corp. v. Alcoa, Inc.,* 244 F.R.D. 335, 340 (M.D.La.2006) (adverse inference sanctions are "drastic"); *Thompson v. U.S. Dep't of Housing & Urban Dev.,* 219 F.R.D. 93, 100–01 (D.Md.2003) (adverse inference sanctions are "extreme" and "not to be given lightly"); *Zubulake,* 220 F.R.D. at 219–20 ("In practice, an adverse inference instruction often ends litigation—it is too difficult a hurdle for the spoliator to overcome....Accordingly, the adverse inference instruction is an extreme sanction and should not be given lightly.").

Google respectfully requests it be afforded sufficient time to prepare its response to a motion seeking such an extreme remedy. Although the schedule the Court ordered for briefing and hearing the Sanctions Motion would ordinarily be fair, the case schedules in these related cases have presented extenuating circumstances that necessitate a modest extension. Google is required to seek leave of the Court because Plaintiffs' counsel rejected its request for a week extension as a professional courtesy. Regardless, because the "record shows that [Google's] requested relief [is] reasonable, justified, and would not result in prejudice to any party," there is good cause for the requested extension. *See Ahanchian*, 624 F.3d at 1260.

## IV.   CONCLUSION

Google respectfully requests that the Court extend the time for the Briefing And Hearing Schedule On Plaintiffs' Motion For Sanctions (Dkt. 443) by one week and that the Evidentiary Hearing be conducted on April 28 or as soon thereafter as is convenient for the Court.

DATED: March 4, 2022         QUINN EMANUEL URQUHART &
                             SULLIVAN, LLP

                             By    /s/ Andrew H. Schapiro

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor

San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*