**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF JONATHAN TSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER PORTIONS OF JOINT SUBMISSION IN RESPONSE TO DKT. 416 RE: STATUS OF DISCOVERY DISPUTES SHOULD BE SEALED**<br><br>Referral: Hon. Susan van Keulen, USMJ |

I, Jonathan Tse, declare as follows:

1.     I am a member of the bar of the State of California and an attorney at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.     I am making this declaration pursuant to Civil Local Rule 79-5(e)-(f) as an attorney for Google as the Designating Party, pursuant to Civil Local Rule 79-5(f)(3) in response to Dkt. 423.

3.     On February 25, 2022, Plaintiffs filed its Administrative Motion to Consider Whether Portions of Joint Submission in Response to Dkt. 416 Re: Status of Discovery Disputes Should be Sealed (Dkt. 423) ("Joint Submission").  On February 25, 2022, I received an unredacted service copy of these documents.

4.     I have reviewed the document that Plaintiffs seek to file under seal pursuant to Civil Local Rule 79-5, unredacted versions of which have been filed at Docket Entry 423-1 ("Joint Submission").  Based on my review, there is good cause to seal the information highlighted in the Joint Submission and explained as follows:

| Document Sought to be Sealed | Basis for Sealing Portion of Document |
|---|---|
| Joint Submission<br><br>PDF Pages 4-8, 13-14, 18, 22 | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, cookies, data fields, and logs and their proprietary functionalities, internal investigations of features, and personal and private information related to a Google employee, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of |

| |
|---|
| cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

5. Google's request is narrowly tailored in order to protect its confidential and proprietary information and the private information of its employee. These redactions are limited in scope and volume. Because the proposed redactions are narrowly tailored and limited to portions containing Google's highly-confidential or confidential information, Google requests that the highlighted portions of the Joint Submission redacted from any public version of the document.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in San Francisco, California on March 4, 2022.

DATED:  March 4, 2022                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Jonathan Tse*
     Jonathan Tse

     *Attorney for Defendant*