Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

*Attorneys for Plaintiffs*

William Christopher Carmody
(admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas,
32nd Floor
New York, NY  10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
mram@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
**MORGAN & MORGAN**
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  5:20-cv-03664-YGR-SVK<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT (R. CIV. P. 15(a))**<br><br>The Honorable Yvonne Gonzalez Rogers<br>Courtroom 1 - 4th Floor<br>Date: March 22, 2022<br>Time: 2:00 p.m.<br><br>**Redacted Version of Document Sought to be Sealed** |

**TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................... 1

    I.     Google Cannot Show Prejudice ................................................................................... 2

          A.     Google Misrepresents the Status of Various Discovery Disputes ................... 2

          B.     Google Misrepresents the Scope of this Amendment ................................. 3

          C.     Google Ignores Plaintiffs' Cases and Relies on Inapposite Ones ............... 4

          D.     Google's Defense Will Not Change ............................................................. 6

          E.     Plaintiffs Are Willing to Stipulate to No Additional Discovery Based on this Amendment ................................................................... 8

    II.    Google Cannot Show Undue Delay ........................................................................ 9

    III.   Google Ignores the Other Two Factors: Bad Faith and Futility ............................ 11

CONCLUSION ........................................................................................................................ 12

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aguilar v. Boulder Brands, Inc.*,
    2014 WL 4352169 (S.D. Cal. Sept. 2, 2014) .................................................................. 1, 4, 11

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
    465 F.3d 946 (9th Cir. 2006) .................................................................................................. 11

*Bowen v. Target Corp.*,
    2019 WL 9240985 (C.D. Cal. Nov. 12, 2019) ........................................................................ 11

*Chodos v. W. Publ'g Co.*,
    292 F.3d 992 (9th Cir. 2002) ................................................................................................... 11

*DCD Programs, LTD. v. Leighton*,
    833 F.2d 183 (9th Cir. 1987) ..................................................................................................... 1

*Eminence Cap., LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ................................................................................................... 2

*Foman v. Davis*,
    371 U.S. 178 (1962) .................................................................................................................. 1

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
    715 F.3d 716 (9th Cir. 2013) ..................................................................................................... 6

*Jackson v. Bank of Hawaii*,
    902 F.2d 1385 (9th Cir. 1990) ................................................................................................... 6

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000) ................................................................................................. 11

*McCabe v. Six Continents Hotels, Inc.*,
    2013 WL 12306494 (N.D. Cal. Oct. 10, 2013) .................................................................... 4, 7

*Meaux v. Nw. Airlines, Inc.*,
    2006 WL 8459606 (N.D. Cal. July 17, 2006) ........................................................................... 1

*Morongo Band of Mission Indians v. Rose*,
    893 F.2d 1074 (9th Cir. 1990) ................................................................................................... 6

*Nangle v. Penske Logistics*,
    2016 WL 9503736 (S.D. Cal. July 20, 2016) ........................................................................... 4

*Rivera v. Invitation Homes, Inc.*,
   2022 WL 504161 (N.D. Cal. Feb. 18, 2022) ................................................................................ 5

*Unicolors, Inc. v. Kohl's, Inc.*,
   2016 WL 9211658 (C.D. Cal. Aug. 23, 2016) ............................................................................ 4

**Other Authorities**

Fed. R. Civ. P. 15(a) ................................................................................................................. 1, 6, 11

iii

**INTRODUCTION**

During the February 11, 2022 conference, the Court asked Google's counsel about this motion: "what if I refuse to allow [Plaintiffs] any more discovery, then what's the prejudice?" Feb. 11, 2022 Tr. 19:1-2. The Court then asked Plaintiffs' counsel whether Plaintiffs would "stipulate that you will not ask for any further discovery." *Id.* 19:16-18.

Plaintiffs took the Court's questions to heart, contacted Google's counsel, and offered to stipulate that Plaintiffs would "not seek any additional discovery based on this amendment." Dkt. 428-10. Google declined, and never said anything further about Plaintiffs' offer. Instead of reaching out to Plaintiffs, Google in its Opposition (for the first time) raises questions about Plaintiffs' proposed stipulation, suggesting it is somehow deficient. Had Google reached out, the parties could have together crafted a stipulation that would have eliminated all of Google's concerns. In any event, with this Reply, Plaintiffs are submitting a revised proposed order that, if entered by the Court, would address all concerns. Plaintiffs do not need or seek any new discovery based on this amendment.

Google's Opposition establishes no basis to deny Plaintiffs' motion. Google has not established (and cannot establish) any undue delay, bad faith, futility of amendment, or prejudice. *Meaux v. Nw. Airlines, Inc.*, 2006 WL 8459606, at *1 (N.D. Cal. July 17, 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see* Opening Br. at 20-25. Google's Opposition Brief ("Opp'n", Dkt. 428) addresses just two of the factors: prejudice and undue delay, and Google falls far short of meeting its high burden as to both. Prejudice is so lacking that Google attempts to manufacture it by misrepresenting the status of already litigated and decided discovery disputes.

There is no reason to depart from "Rule 15's policy of favoring amendments to pleadings . . . with extreme liberality." *Aguilar v. Boulder Brands, Inc.*, 2014 WL 4352169, at *1 (S.D. Cal. Sept. 2, 2014) (quoting *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)) (internal quotation marks omitted). Plaintiffs therefore respectfully request that the Court grant their motion and permit this limited amendment which clarifies the class definition based on discovery.

## I. Google Cannot Show Prejudice

The prejudice factor "carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). There is no prejudice here, particularly because Plaintiffs do not seek any additional discovery based on this amendment.

### A. Google Misrepresents the Status of Various Discovery Disputes

The lack of prejudice is so stark that Google attempts to manufacture it by misrepresenting the status of discovery disputes. Google argues that "Plaintiffs seek Rule 30(b)(6) testimony about Google Ad Sense" (Opp'n at 9), which is one of the Google tracking and advertising mechanisms that would fall within Plaintiffs' amended class definition. But in fact, Plaintiffs dropped their request for 30(b)(6) testimony on Ad Sense weeks ago. On February 16, 2022, in a draft of the parties' 30(b)(6) disputes letter brief, Plaintiffs told Google that they were no longer seeking 30(b)(6) testimony on Ad Sense. *See* Bonn Decl. ¶ 3.[1] Google's Opposition Brief, filed nine days *later*, pretends this never happened.

Magistrate Judge van Keulen has also already ruled on the 30(b)(6) disputes, so this amendment could not possibly affect those depositions. That ruling was issued on February 22. Dkt. 418. Yet Google's February 25 Opposition Brief claims that Plaintiffs "seek" "additional Rule 30(b)(6) testimony." Opp'n at 9. That is also false. Magistrate Judge van Keulen worked hard to quickly issue a ruling, and Plaintiffs are not appealing that order. Bonn Decl. ¶ 4. There is nothing more for Plaintiffs to "seek." Instead, the parties are scheduling and preparing for those 30(b)(6) depositions, consistent with the Court's Order. Bonn Decl. ¶ 4.

Google's remaining attempts to manufacture prejudice are equally baseless. Google claims to have "no doubt" that Plaintiffs will "seek to extend the discovery schedule . . . to allow time to demand discovery relating to [additional] Google products and services." Opp'n at 7. Google provides no support for this assertion, and there is none. Plaintiffs have never taken that position.

---

[1] "Bonn Decl." refers to the Declaration of Amanda Bonn concurrently filed with this Reply Brief in Support of Plaintiffs' Motion to Amend. "Mao Decl." refers to the Declaration of Mark C. Mao filed with Plaintiffs' Motion to Amend, Dkt. 395-1.

2

1  To the contrary, Plaintiffs' Opening Brief confirmed that "Plaintiffs will not seek an extension of the discovery deadlines on the basis of this amendment." Opening Br. at 21. Plaintiffs stand by that statement.

Google next complains that Plaintiffs will (a) seek "additional document discovery" about topics for "which Judge van Keulen previously ruled [documents] need not be produced" and (b) ask Google to "supplement or amend its prior responses to take into account the new service at issue." Opp'n at 9. Again, this is incorrect, and Google has nothing to fear. Plaintiffs will neither seek additional documents nor amended discovery responses from Google on the basis of this amendment.

### B. Google Misrepresents the Scope of this Amendment

Google also exaggerates the impact of Plaintiffs' amended class definition. As a threshold matter, Plaintiffs' amendment is highly unlikely to add *any* new class member. Opp'n at 12. Google Analytics, mentioned in the current class definition (SAC ¶ 192 (Dkt. 136-1)) ■■■ ■■■■■■■■■■■■■■■■■■■■■■■ Mao Decl. Ex. 36, GOOG-BRWN-00490767 at -72. ■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ ■■■■■■■■■■—to say nothing of Google Ad Manager, which is also mentioned in the current class definition. With this amendment, Plaintiffs merely seek to conform the class definition to capture what discovery has shown to be additional ways that Google tracks users within private browsing sessions, in addition to Google Analytics and Google Ad Manager.

Google also misleadingly suggests that Plaintiffs seek to litigate "all Google web-services." Opp'n at 1. But, as made clear in the Opening Brief, Plaintiffs are focused on Google tracking and advertising code by which Google profits from its collection and use of private browsing information collected from users' visits to non-Google websites, including as outlined in Google's internal ■■■■■■■■ analysis. Opening Br. at 13-14, 16-18. This has already been the subject of extensive discovery.

3

### C. Google Ignores Plaintiffs' Cases and Relies on Inapposite Ones

Stripped of its strawmen arguments about Plaintiffs' position, Google has no response to Plaintiffs' actual arguments. Indeed, Google's Opposition Brief completely ignores numerous cases cited in Plaintiffs' Opening Brief. *See* Opening Br. at 20-21; *Unicolors, Inc. v. Kohl's, Inc.*, 2016 WL 9211658 (C.D. Cal. Aug. 23, 2016); *Nangle v. Penske Logistics*, LLC, 2016 WL 9503736 (S.D. Cal. July 20, 2016)*; Aguilar v. Boulder Brands*, Inc., 2014 WL 4352169 (S.D. Cal. Sept. 2, 2014). These cases show that courts should grant leave to amend where "[d]iscovery should not be substantially impacted." *Aguilar*, 2014 WL 4352169, at *5 (S.D. Cal. Sept. 2, 2014). Leave is even more appropriate here because Plaintiffs are seeking *no* discovery on the basis of this amendment.

Google addresses just one of Plaintiffs' cases—*McCabe v. Six Continents Hotels, Inc.*, 2013 WL 12306494 (N.D. Cal. Oct. 10, 2013); Opp'n at 10. But Google misunderstands the lesson from it. *McCabe* instructs that an amendment is warranted even when it might increase the defendant's liability so long as the amendment is "based on the same alleged unlawful practice." *Id.* at *2. Here, although the revised class definition brings in additional Google tracking and advertising mechanisms revealed in discovery, Plaintiffs' claims are still based "on the same alleged unlawful practice"—Google's collection and use of private browsing information collected from users' visits to non-Google websites, the focus of this case since day one.

This amendment is consistent with what the parties have been litigating since June 2020, and the Court's ruling that "Plaintiffs could have reasonably assumed that Google would not receive their data while they were in private browsing mode." Dkt. 113 (Order denying MTD FAC) at 36. The case focuses on the data received by Google. Whether "Google's collection and use of data may vary from service to service" (Opp'n at 10) is of no moment. The core of Plaintiffs' claims has always been that Google promises not to collect or use private browsing information and then does. Google breaks those promises (breaching the contracts and committing other violations) whenever and however Google collects private browsing information.

This Court already rejected Google's argument that it would face prejudice insofar as the amended class definition might affect the "amount of potential revenue that's related to [Plaintiffs'] damages." Feb. 11, 2022 Hearing Tr. 19:3-4. That "isn't an issue for [the Court in] terms of class definition. . . . You may not like it, but if there's no prejudice in terms of what's actually been litigated, then I don't understand how you have a strong opposition." *Id.* 19:5-11.

The cases that Google cites are inapposite. In *Rivera v. Invitation Homes, Inc.*, 2022 WL 504161, at *1 (N.D. Cal. Feb. 18, 2022), the plaintiffs sought to modify their class definition in their motion for class certification. *Id.* at *3. By contrast, Plaintiffs filed this motion one month before the close of fact discovery, three months before the close of expert discovery, and months before their deadline to move for class certification. Dkts 377, 431. As explained in *Rivera*, "District courts are split over whether to hold a plaintiff to the definition of the class as set forth in the complaint. Some courts strictly adhere to class definitions provided in the operative complaint and require plaintiffs to amend their complaint before certifying a different class." *Rivera*, 2022 WL 504161, at *3. Consistent with this guidance, Plaintiffs moved to amend ahead of moving for class certification. Any potential limitations on seeking such an amendment within a motion for class certification, at issue in *Rivera*, do not apply here.

The proposed amendment in *Rivera* is also very different from the proposed amendment here. The *Rivera* court denied leave to amend because the Plaintiffs-tenants sought to expand their class to include tenants who rented from the defendant's "predecessor entities." *Id.* at *3. That amendment would prejudice the defendant-landlord, particularly because the court had already "rejected Plaintiff's theory of successor liability." *Id.* at *4. Here, on the other hand, Plaintiffs' amendment is consistent with this Court's prior rulings, and Google's arguments. "Google's representations regarding private browsing present private browsing as a way that users can manage their privacy and omit Google as an entity that can view users' activity while in private browsing mode." Dkt. 113 (Order Denying MTD FAC) at 16. That ruling was not specific to Google Analytics or Google Ad Manager. Nor were Google's motion to dismiss arguments.

Google broadly argued that the Privacy Policy "disclosed that Google would receive the data from its third-party *services*." *Id.* at 15 (emphasis added).

Google's other cases are even further afield. One group of plaintiffs in *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 736 (9th Cir. 2013), sought to amend "after the pretrial scheduling order's deadline for amending the pleadings" and so the court did not apply the "liberal standard of Federal Rule of Civil Procedure 15(a)." *Id.* at 737. Here, the parties agree that Rule 15(a) applies. *See* Opp'n at 5. Moreover, the plaintiffs in *Natural Gas* sought to add brand new *legal* claims—after having previously amended their complaint to add additional claims. 715 F.3d at 738. The amendment in *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (Opp'n at 6) likewise included "additional claims" and "would require [the defendant] to relitigate a portion of their [entirely separate] state court action with their insurer." Here, by contrast, Plaintiffs are adding no new claim. And unlike in *Jackson*, this amendment certainly will not require Google to relitigate some other case. Finally, the plaintiff's amendment in *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), came "[a]fter the dismissal of its original complaint, and nearly **two years after its filing**." (emphasis added). Unlike in *Morongo*, Plaintiffs in this case promptly sought this amendment after this Court's ruling *denying* Google's motion to dismiss. *See* Opening Br. at 23-24; *infra* Section II.

### D.    Google's Defense Will Not Change

Nor is there any merit to Google's argument that it will need to "reexamine its defenses" because of this amendment. Opp'n at 1. Google tellingly provides no example of how it might defend Ad Manager or Analytics tracking differently from how it would defend tracking via a different mechanism, such as Ad Sense. To the contrary, Google tacitly admits that its strategy will remain the same.

For example, Google argues that Plaintiffs purportedly consented to Google's collection of their private browsing information in light of publicly available "Developer Tools." *See* Opp'n at 11 ("[T]he fact that Google receives the disputed data from Chrome Incognito sessions to facilitate Google Analytics, Ad Manager, **and other Google services** is plainly visible using Chrome's

6

1  Developer Tools."); *see also* Dkt. 428-2 (Broome Decl.) Exs. 10-12 (screenshots of "Developer
2  Tools"). Google thus admits that it will rely on the same "developer tools" that it has been citing
3  for over a year for the other Google services that were named in Plaintiffs' original complaint. *See*
4  Feb. 25, 2021 Mtd. Hearing Tr. 53:11-12 ("So we checked the developer tools on the Court's
5  website and it appears to be using third-party service providers.").

6  Google's choice of words is also telling. It collectively defines data collected via Analytics,
7  Ad Manager, and "other Google services" as "the disputed data." Opp'n at 11; *see also* Opp'n at
8  1, 3, 6, 8, 10 (repeatedly referring to "the disputed data"). This "disputed data" is Plaintiffs' private
9  browsing information, which Google lacked consent to collect and use regardless of which
10 tracking or advertising mechanism Google employed. Google's Answer to the Complaint, filed
11 shortly before Plaintiffs even sent Google their proposed amendment, likewise argues that users
12 broadly (purportedly) consent to Google's collection and use of their private browsing information
13 by way of "services" that Google provides to websites. Dkt. 387, Answer, First Affirmative
14 Defense: Consent.

15 Likewise, the argument in Google's Opposition Brief about its disclosures makes no
16 distinction among Analytics, Ad Manager, or some other Google tracking or advertising
17 mechanism. Instead, Google claims it "has never promised that Chrome's private browsing
18 mode—known as Incognito—would prevent Google from receiving data used to provide ***services,***
19 ***such as*** Google Analytics and Ad Manager, to third-party websites." Opp'n at 2 (emphasis added).
20 That Google's purported consent defense applies to all Google tracking and advertising
21 mechanisms only underscores that Plaintiffs' amendment is "based on the same alleged unlawful
22 practice" and therefore warranted. *McCabe*, 2013 WL 12306494 at * 2.

23 Google's unexplained worry about "additional expert work" also falls flat. Opp'n at 9.
24 Google offers no concrete example of how or why its experts would need to go "back to the
25 drawing board." *Id.* at 9-10. Google's feigned surprise is particularly unconvincing because
26 Plaintiffs' amendment is based on documents Google produced in discovery in the Fall of 2021.
27 *See* Dkt. 428-15 (listing the production dates of the documents cited in the Opening Brief). Surely
28

7

Google is not surprised that Plaintiffs are seeking to conform their class definition to what they have learned in the final months of discovery about the various Google tracking and advertising mechanisms used to monetize private browsing information, including as outlined in Google's internal "ChromeGuard" analysis. Opening Br. at 13-14, 16-18. Plaintiffs sent Google their proposed amendment on January 31 (Dkt. 395-1 ¶ 5), almost three months before Google's deadline for rebuttal reports. To the extent any additional expert work is required, there has been plenty of time, particularly when Google and its counsel knew about the documents that would inspire this amendment long before Plaintiffs did.

### E. Plaintiffs Are Willing to Stipulate to No Additional Discovery Based on this Amendment

Most importantly, Plaintiffs take seriously this Court's direction to "stipulate to no more discovery and standing on what you have." Feb. 11, 2022 Tr. 21:15-16. To be clear, the parties are working through discovery disputes,[2] but those disputes have nothing to do with this amendment. They will be resolved without reference to this amendment.

As for the additional tracking and advertising mechanisms implicated by this amendment, Plaintiffs sent Google an email offering to stipulate that Plaintiffs "will not seek any additional discovery based on this amendment." Dkt. 428-10. Plaintiffs hoped that Google would be amenable to this approach, especially because Google's counsel said during the February 11, 2022 Case Management Conference that, "if there is no new discovery, absolutely no new discovery,

---

[2] For example, Plaintiffs recently asked the Court to order Google to show cause why it should not be sanctioned for discovery misconduct, including because ███████████████████ ███████████████████████████████████████ Dkt. 430. Plaintiffs separately asked for discovery into this ██████████ which Plaintiffs did not know that ████████████████ until receiving Google's February 18, 2022 document production. Dkt. 424. But this discovery, as explained in the request for an order to show cause, is the same discovery that Plaintiffs have been seeking since 2020, namely, information that can be used to identify Incognito users and the Incognito browsing data collected by Google. The proposed amendment has no bearing on this discovery. Nor does this amendment have any bearing on the other discovery disputes that the parties are currently resolving with the assistance of Magistrate Judge van Keulen. ████████████████████████████ ███████████████████████ Dkt. 447. Plaintiffs will not rely on this amendment to support their arguments, and Plaintiffs will get what they get regardless of whether this motion is granted.

8

1  that's one thing. We haven't quite been told that." Feb. 11, 2022 Hearing Tr. 19:12-15. Plaintiffs
2  sought to tell Google exactly that by reaching out after that hearing.

3  Google now—for the first time—portrays Plaintiffs' subsequent email as unclear,
4  suggesting that Plaintiffs were in some way reserving a right to "demand new discovery" about
5  additional Google services. Opp'n at 7-8. Plaintiffs disagree. But to the extent Google had
6  questions about Plaintiffs' email, Google could have picked up the phone. Plaintiffs would have
7  assured Google that they have no plans to do the things that Google now claims to fear, and the
8  parties could have worked together to draft appropriate language that would prevent Plaintiffs from
9  doing those things. Instead, Google curtly responded that it "prefer[s] to let the judge decide if
10 Plaintiffs' third amendment after 18 months of litigation is proper." Bonn Decl. Ex. 1.

11 In any event, Plaintiffs will honor their proposal not to seek any further discovery on the
12 basis of this amendment. With this Reply Brief, Plaintiffs are submitting a revised proposed order
13 that, if entered, will put all of Google's concerns to rest.

14 **II.    Google Cannot Show Undue Delay**

15 Plaintiffs' request for this amendment was timely. It merely conforms the class definition
16 to what Plaintiffs have learned in discovery from Google about various Google tracking and
17 advertising mechanisms that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Opening
18 Br. at 15-19, 23-24. For example, as described in the Opening Brief, the amendment is consistent
19 with a Google document ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Mao Decl. Ex. 10; Opening Br. at 16-17. Google's
22 suggestion that Plaintiffs should have always understood the true scope of Google's collection and
23 use of private browsing information (Opp'n at 11) is belied by (1) the fact that Google produced
24 the ▓▓▓▓▓▓ document on October 5, 2021 (Dkt. 428-15), and (2) Google has now sought to
25 seal this document in its entirety, *see* Dkt. 409 at 5. This non-public information is part of why
26 Plaintiffs are seeking the amendment.

28  9

1       Since receiving this Google document and other similar ones, Plaintiffs have diligently
2  pursued discovery into ████████ and the corresponding Google tracking and advertising
3  mechanisms, consistent with the scope of this amendment. Plaintiffs promptly reviewed Google's
4  October 2021 productions for purposes of preparing for depositions, including a November 24,
5  2021 deposition of Google employee Abdelkarim Mardini. During that deposition, Plaintiffs
6  explored in detail another version of the Exhibit 10 document referenced throughout the Opening
7  Brief. *See* Bonn Decl. Ex. 2, Mardini Tr. 408:10-416:1 (discussing GOOG-CABR-04455208).
8  Plaintiffs' interest in ████████ is not a surprise to Google.

9       Plaintiffs then filed this motion promptly after the Court ruled on Google's motion to
10 dismiss (Dkt. 363) and Google filed its Answer (Dkt. 387). Google now suggests that Plaintiffs
11 should have filed this motion in November, as soon as Plaintiffs received the documents cited in
12 the Opening Brief. Opp'n at 13. But by the time Plaintiffs received, reviewed, and began
13 questioning witnesses about the ████████ analysis and related documents, Google's motion
14 to dismiss (Dkt. 164) had been fully briefed for almost five months, and the Court had already
15 vacated the hearing on the motion (Dkt. 283). Plaintiffs did not want to burden the Court with
16 duplicative motion practice and perhaps a whole new round of motion to dismiss briefing while
17 Judge Koh was putting finishing touches on her opinion. And sure enough, her ruling came out on
18 December 22, 2021. Dkt. 363. Google then sought and received an extension on its deadline to file
19 an Answer, Dkt. 377, and Plaintiffs shortly thereafter sent this proposed amendment to Google.
20 Dkt. 395-1 ¶ 5. There has been no delay, much less any undue delay.

21      Google's claim that "Plaintiffs filed the FAC while Google's first motion to dismiss was
22 pending" (Opp'n at 13) is almost as misleading as Google's Ad Sense argument, *see supra* Section
23 I.A. Plaintiffs did not unilaterally file an amended complaint while a motion to dismiss was
24 pending. Instead, the parties stipulated that Plaintiffs could file an amended complaint in lieu of
25 responding to Google's motion to dismiss, and that Google would thereafter re-file a new motion
26 to dismiss. Dkts. 59, 62, 71. That first motion to dismiss was never teed up for the Court.

Google's reliance on *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) is misplaced. Opp'n at 12. *Dialyst* did not even involve a motion to amend a complaint, and instead concerned a proposed reply to a counterclaim that raised "different legal theories." *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002), is inapposite for a similar reason, namely, the new complaint included a brand new legal claim. Plaintiffs here are merely seeking to conform their proposed class definitions to what Plaintiffs have learned in discovery about the true scope of Google's collection and use of private browsing information.

Finally, even had Plaintiffs delayed in seeking this amendment (and they did not), "delay, by itself, is insufficient to justify denial of leave to amend," *Aguilar*, 2014 WL 4352169, at *1. Google did not respond to this argument nor to the cases Plaintiffs cited in support of it. *Id.*; *Bowen v. Target Corp.*, 2019 WL 9240985, at *3 (C.D. Cal. Nov. 12, 2019); Opening Br. at 24. Any theoretical delay is far outweighed by the lack of prejudice, particularly when Google grounds its prejudice arguments on discovery disputes that no longer exist. *See supra* Section I.

### III. Google Ignores the Other Two Factors: Bad Faith and Futility

Google does not even try to argue that Plaintiffs are amending in bad faith or that this amendment would be futile. Google's implicit concession on these factors underscores why leave should be granted. The central question in this case is whether Google violated the law by collecting and using private browsing information—i.e., what Google's Opposition Brief repeatedly calls "the disputed data." Opp'n at 1, 3, 6, 8, 10, 11. This Court has now twice validated Plaintiffs' theory: "Plaintiffs could have reasonably assumed that Google would not receive their data while they were in private browsing mode." Dkt. 113 (Order denying MTD FAC) at 36; *see also* Dkt. 363 (Order Denying MTD SAC). Google now wants to artificially limit its liability on the basis of technicalities like whether "the disputed data" was collected by way of Google Analytics or some other Google tracking or advertising mechanism. This amendment is therefore guided by "the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000).

# CONCLUSION

Plaintiffs respectfully request leave to file their proposed Third Amended Complaint.

Dated:   March 4, 2022          SUSMAN GODFREY L.L.P.


                                By /s/   Amanda Bonn

                                Amanda Bonn (CA Bar No. 270891)
                                abonn@susmangodfrey.com
                                SUSMAN GODFREY L.L.P.
                                1900 Avenue of the Stars, Suite 1400
                                Los Angeles, CA 90067
                                Telephone: (310) 789-3100

                                Mark C. Mao (CA Bar No. 236165)
                                mmao@bsfllp.com
                                Beko Rebitz-Richardson (CA Bar No. 238027)
                                brichardson@bsfllp.com
                                Erika Nyborg-Burch (*pro hac vice*)
                                enyborg-burch@bsfllp.com
                                BOIES SCHILLER FLEXNER LLP
                                44 Montgomery Street, 41st Floor
                                San Francisco, CA 94104
                                Telephone: (415) 293 6858
                                Facsimile (415) 999 9695

                                James W. Lee (*pro hac vice*)
                                jlee@bsfllp.com
                                Rossana Baeza (*pro hac vice*)
                                rbaeza@bsfllp.com
                                BOIES SCHILLER FLEXNER LLP
                                100 SE 2nd Street, Suite 2800
                                Miami, FL 33130
                                Telephone: (305) 539-8400
                                Facsimile: (305) 539-1304

                                William Christopher Carmody (*pro hac vice*)
                                bcarmody@susmangodfrey.com
                                Shawn J. Rabin (*pro hac vice*)
                                srabin@susmangodfrey.com
                                Steven Shepard (*pro hac vice*)
                                sshepard@susmangodfrey.com
                                Alexander P. Frawley (*pro hac vice*)
                                afrawley@susmangodfrey.com
                                SUSMAN GODFREY L.L.P.
                                1301 Avenue of the Americas, 32nd Floor

12

| | |
|---|---|
| 1 | New York, NY  10019 |
|  | Telephone: (212) 336-8330 |
| 2 |  |
|  | John A. Yanchunis (*pro hac vice*) |
| 3 | jyanchunis@forthepeople.com |
|  | Ryan J. McGee (*pro hac vice*) |
| 4 | rmcgee@forthepeople.com |
|  | MORGAN & MORGAN, P.A. |
| 5 | 201 N Franklin Street, 7th Floor |
|  | Tampa, FL 33602 |
| 6 | Telephone: (813) 223-5505 |
|  | Facsimile: (813) 222-4736 |
| 7 |  |
| 8 | Michael F. Ram, CA Bar No. 104805 |
|  | MORGAN & MORGAN |
| 9 | 711 Van Ness Ave, Suite 500 |
|  | San Francisco, CA 94102 |
| 10 | Tel: (415) 358-6913 |
|  | mram@forthepeople.com |
| 11 |  |
| 12 | *Attorneys for Plaintiffs* |