# EXHIBIT 1

| | |
|---|---|
| **From:** | Viola Trebicka |
| **To:** | Alex Frawley; Andrew Schapiro |
| **Cc:** | brichardson; Mark C. Mao |
| **Subject:** | RE: Brown v. Google: Motion to Amend |
| **Date:** | Friday, February 18, 2022 10:35:20 AM |

**EXTERNAL Email**

Alex,

Thank you for reaching out.  For the reasons I stated at the hearing, the stipulation you propose does not resolve Google's concerns about the significant prejudice this eleventh-hour amendment to your class definition will cause. We prefer to let the judge decide if Plaintiffs' third amendment after 18 months of litigation is proper.

Viola

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Wednesday, February 16, 2022 10:40 AM
**To:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Viola Trebicka <violatrebicka@quinnemanuel.com>
**Cc:** brichardson <brichardson@bsfllp.com>; Mark C. Mao <mmao@bsfllp.com>
**Subject:** Brown v. Google: Motion to Amend

**[EXTERNAL EMAIL from afrawley@susmangodfrey.com]**

Andy, Viola,

We wanted to follow up with you regarding Plaintiffs' motion for leave to amend.  The Court during Friday's conference asked whether Plaintiffs are willing to stipulate that they will not seek any additional discovery based on this amendment.  Plaintiffs are willing to do that and propose that we resolve this dispute by filing a stipulation with the Court.  The parties have been working hard to meet the March 4th fact discovery deadline, and Plaintiffs are not looking to extend that deadline based on the proposed amendment.  As a practical matter, the deadline to serve additional written discovery already passed.  *See* L.R. 37-3 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown.").  So this should be an easy stipulation for the parties to negotiate and file with the Court.  To be clear, while the parties have supplementation obligations under the rules and there are certain disputes we are currently working through, Plaintiffs are not looking to use this amendment to expand discovery or push any deadlines.  We've already identified the depositions that Plaintiffs wish to take, which won't change based on this amendment.  There are a handful of outstanding discovery disputes that the parties are working through, and we don't see that changing based on this amendment.  The Court seems to be focused on moving this case forward to briefing and a decision on Plaintiffs' class certification motion, and we think a stipulation permitting Plaintiffs' proposed amendment and clarifying that the parties will not seek additional discovery based on the amendment is consistent with that goal.  If you agree, we can draft the stipulation.

Best,
Alex

**Alexander P. Frawley | Susman Godfrey LLP**
1301 Avenue of the Americas, 32nd Floor | New York, NY 10019
212.729.2044 (office) | 917.599.6613 (cell)
[afrawley@susmangodfrey.com](afrawley@susmangodfrey.com) | [www.susmangodfrey.com](www.susmangodfrey.com)