| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>Erika Nyborg-Burch (admitted *pro hac vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br>enyborg-burch@bsfllp.com<br><br>James Lee (admitted *pro hac vice*)<br>Rossana Baeza (admitted *pro hac vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>**SUSMAN GODFREY L.L.P**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel: (310) 789-3100<br>Fax: (310) 789-3150<br>abonn@susmangodfrey.com<br><br>*Attorneys for Plaintiffs* | William Christopher Carmody<br>(admitted *pro hac vice*)<br>Shawn J. Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>Alexander Frawley (admitted *pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1301 Avenue of the Americas,<br>32nd Floor<br>New York, NY  10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>John A. Yanchunis (admitted *pro hac vice*)<br>Ryan J. McGee (admitted *pro hac vice*)<br>**MORGAN & MORGAN**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>mram@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>**MORGAN & MORGAN**<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  5:20-cv-03664-YGR-SVK<br><br>**[REVISED PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT (R. CIV. P. 15(a))**<br><br>The Honorable Yvonne Gonzalez Rogers<br>Courtroom 1 - 4th Floor<br>Date: March 15, 2022<br>Time: 2:00 p.m. |

**[PROPOSED] ORDER**

Before the Court is Plaintiffs' Rule 15(a) motion for leave to file their proposed Third Amended Complaint.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has stated that 'this mandate is to be heeded.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Similarly, the Ninth Circuit has "repeatedly stressed that the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id.* at 1127 (alteration in original). "This leave policy is applied with extreme liberality." *Hughes v. S.A.W. Ent., Ltd.*, 2018 WL 6046461, at *1 (N.D. Cal. Nov. 19, 2018).

"The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *Meaux v. Nw. Airlines, Inc.*, 2006 WL 8459606, at *1 (N.D. Cal. July 17, 2006) (citing *Foman*, 371 U.S. at 182). "As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). As "[t]he non-moving party[, Google] bears the burden of demonstrating why leave to amend should not be granted." *Clayborne v. Chevron Corp.*, 2020 WL 11563087, at *1 (N.D. Cal. Dec. 2, 2020) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Google cannot meet its heavy burden to show why leave should be denied. Google has not established prejudice because Plaintiffs' amendment merely conforms the class definitions to the evidence produced in discovery, and Plaintiffs do not seek any additional discovery on the basis of this amendment. Nor has Google established that Plaintiffs are guilty of undue delay or bad faith or that amendment would be futile.

1

But to alleviate any Google concerns, the Court orders that Plaintiffs may not rely on their newly revised class definitions to do any of the following:

- Seek additional 30(b)(6) testimony
- Seek additional document productions
- Request that Google supplement any interrogatory responses or its initial disclosures
- Seek to extend any case deadlines

Plaintiffs' motion for leave to amend is therefore **GRANTED.** Plaintiffs' Third Amended Complaint, filed with their motion for leave to amend, is now deemed filed.

**IT IS SO ORDERED.**

DATED: _____    _____

Honorable Yvonne Gonzalez Rogers<br>United States District Judge