BOIES SCHILLER FLEXNER LLP
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
William Christopher Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel listed in signature blocks below*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant; additional counsel listed in signature blocks below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**JOINT LETTER BRIEF RE: GOOGLE'S RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSIONS**<br><br>Referral: Hon. Susan van Keulen, USMJ |

March 4, 2022

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

Re:   Joint Submission re Google's RFA Responses
      *Brown v. Google LLC*, Case No. 4:20-cv-03664-YGR-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

Pursuant to Your Honor's November 2021 Civil and Discovery Referral Matters Standing Order, Plaintiffs and Google LLC ("Google") submit this joint brief regarding their dispute over Google's objections to Plaintiffs' Requests for Admissions 35-36, 49-51, 66, and 73.  Counsel for the parties met and conferred on January 28, 2022 and reached an impasse on these disputes.  Plaintiffs removed five Requests from this brief on the day of this filing at 4:30 p.m. EST.  Today is the close of fact discovery.  A trial date has not yet been set.  Exhibit A includes a chart with each Request for Admission and Google's objections and responses thereto.

**PLAINTIFFS' STATEMENT**

Plaintiffs respectfully ask the Court to order Google to answer Plaintiffs' Requests for Admissions 35-36, 49-51, 66, and 73. Once again, Google has improperly refused to provide *any* response to numerous written discovery requests, and Plaintiffs seek the Court's assistance to obtain the information requested. RFAs 35-36 seek information relevant to the parties' dispute over class member identification. And RFAs 49-51, 66, and 73 ask whether Google could make technical changes to Incognito mode that would enhance user privacy. To avoid overburdening the Court, Plaintiffs have removed five Requests from this brief. For these remaining Requests, Plaintiffs seek admissions from Google to streamline upcoming 30(b)(6) depositions and expert reports.

Google repeated the same verbatim objection to each of these RFAs, claiming that they are improper hypothetical questions. But Google's own case law (cited in their objections) illustrates why Plaintiffs' RFAs are proper. For example, in *Buchanan v. Chicago Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016), the court explained that RFAs are only improper insofar as they rely on "presumptions [that] have no basis in the record before the Court." For example, an RFA asking the defendant-employer to admit that it "would have approved Plaintiff's [leave] Claim . . . regarding his July 6, 2015 absence *if* the form had been timely submitted" was an improper hypothetical question because "Plaintiff cannot . . . establish the critical presumptions implicit in [the RFA]; namely, that the forms regarding his absences were submitted in a timely fashion or approved." *Id.* (emphasis added and second alteration in original). Similarly, the RFAs in *Evans v. Tilton*, 2010 WL 1610988, at *3 (E.D. Cal. Apr. 21, 2010) contained incomplete hypotheticals concerning what *might* happen to a torn Achilles tendon: "Admit that if a diagnosed partially torn Achilles tendon is not surgically repaired, the torn tissue will atrophy, heal improperly, and remain permanently injured."

Here, none of Plaintiffs' RFAs rely on implicit presumptions, nor assume facts not in evidence. Each Request very simply asks Google to admit that it can do a particular thing—full stop.

For example, **RFA 50** asks: "Prior to and since June 1, 2016, Google could have designed Incognito mode to send a signal to Google at the beginning of an Incognito browsing session to direct Google not to collect any browsing data from the session." The answer is simply an unqualified "yes" or "no." The same is true for **RFA 49**: "Prior to and since June 1, 2016, Google could have stopped session-based tracking within Incognito mode, such that each tab within Incognito mode would be treated as an entirely separate browsing session." Again, the answer is either an unqualified "yes" or "no."

*Morley v. Square, Inc.*, 2016 WL 123118, at *3 (E.D. Mo. Jan. 11, 2016), another case cited within Google's objections, likewise shows that Plaintiffs' RFAs are proper. "The core principle is that the requests for admission must be simple, direct and concise so [the requests] may be admitted or denied with little or no explanation or qualification." *Id.* (alteration in original). Plaintiffs' RFAs meet these requirements. For example, **RFA 51** asks: "Prior to and since June 1, 2016, Google could have designed Incognito mode to send a signal to Google at the beginning or end of an Incognito browsing session to direct Google not to store any browsing data from the session." Like the court-approved RFAs in *Morley*, Plaintiffs' requests here "are uncomplicated" and "do not seek admission[s] . . . unrelated to the facts of this case." 2016 WL 123118, at *3. Google should be ordered to respond.

RFAs 35-36 are particularly relevant given Google's repeated arguments that class members cannot be identified. Plaintiffs "are entitled to discovery which may prove that the potential class members are identifiable and they meet the numerosity requirements." *McDonald v. Cotton States Mut. Ins. Co.*, 2015 WL 1138026, at *4 (M.D. Ala. Mar. 13, 2015); *see also Maximiliano v. Simm Assocs., Inc.*, No. 17-CV-80341, 2017 WL 11477354, at *2 (S.D. Fla. Nov. 8, 2017) (granting motion to compel pre-certification interrogatory response that Plaintiffs deemed "relevant to questions of ascertainability of the putative class"). "When a plaintiff seeks [information] on a pre-certification basis [regarding] ascertainability and numerosity, such information is discoverable." *Maximiliano*, 2017 WL 11477354, at *2; *see also In re Hulu Priv. Litig.*, No. C 11-03764 LB, 2014 WL 3421036, at *2 (N.D. Cal. July 14, 2014) (ordering discovery that "might establish the objective criteria to ascertain a class").

The parties recently briefed this issue for Your Honor with respect to Plaintiffs' Interrogatory No. 14, which asked Google to explain "the extent to which Google can provide a notification to any or all putative class members . . . such as a notification of this lawsuit or a notification whenever Google collects private browsing information." *See* Dkt. 390 (joint letter brief). Plaintiffs explained that they sought this information for purposes of preparing their class certification motion, and this Court ordered Google to respond, reasoning that "Discovery in this case is sufficiently advanced that Google can answer the question posed and, if applicable, describe any burden associated with providing notification to putative class members." Dkt. 393-1.

RFAs 35-36 are likewise proper. In fact, **RFA 36** very closely tracks Interrogatory No. 14. Both seek information about how Google can readily identify class members when they start an Incognito browsing session. *See* RFA 36 ("If ordered by the Court, Google could add a disclosure to the Incognito New Tab Page that informs users of this lawsuit and invites users to sign up to learn more information about this lawsuit, including information about becoming a class member."). And **RFA 35** tests Google's counsel's repeated say-so about the joinability of so-called "unauthenticated" data with "authenticated" data. "Since at least June 1, 2016, it has been possible to attribute a particular event-level log entry to an Incognito browsing session." Google's counsel has repeatedly argued that this is not possible, and Plaintiffs now seek to test that assertion with a concise and uncomplicated RFA.

The new cases that Google cites below are inapposite. The improper RFAs in *Palomo v. Best Buy Co. Inc.*, 2021 WL 4509190, at *3 (C.D. Cal. Apr. 16, 2021) "refer[ed] to multiple transactions that are not clearly identified." The RFAs in *Porter v. Gore*, 2020 WL 1493615, at *2 (S.D. Cal. Mar. 27, 2020) contained "incomplete hypotheticals" insofar as they asked the defendant to vaguely admit that "horn honking to express a message . . . would diminish the horn's usefulness as a safety device or undermine traffic safety." And the RFAs in *Patagonia, Inc. v. Anheuser-Busch, LLC*, No. 2020 WL 12175722, at *5 (C.D. Cal. Feb. 26, 2020) "call[ed] for a legal conclusion."

Finally, Google's burden argument as to RFAs 36 and 66 (raised for the first time in this brief) is equally meritless. Responding to these RFAs will not require Google to review "the state of the technology over a period of over five years." With these RFAs, Plaintiffs seek admissions about what Google can do right now.

**GOOGLE'S STATEMENT**

Plaintiffs' RFAs run afoul of the text and purpose of Rule 36: to streamline litigation and narrow the issues for trial by permitting a party to ask another party to admit specified statements. *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 952254, at *2 (N.D. Cal. Mar. 20, 2012); *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (same). Far from complying with this Rule, Plaintiffs demand that Google make a panoply of admissions based on hypothetical scenarios that are neither consistent with Rule 36 nor answerable in any meaningful way. Tellingly, Plaintiffs do not even attempt to explain how requiring Google to take positions on a dozen hypothetical questions "narrows" any issues for trial or otherwise promotes efficiency. *See Apple*, at *4 (N.D. Cal. Mar. 20, 2012) (denying RFAs requiring "answers to hypotheticals"). Nor do they offer any plausible explanation as to how their hypothetical RFAs riddled with undefined terms and concepts are even answerable. At bottom, the disputed RFAs do not ask Google to admit or deny anything; instead, they "simply [ask]…whether Google can do a particular thing." Plaintiffs' Statement at 1. That is the type of open-ended question that at best may be explored during a deposition – not through a narrowly circumscribed RFA. Plaintiffs' request should be denied.

**Rule 36 Limits Admissions to Narrow Fact-Based Statements or Legal Issues That Require No Explanation.** As Rule 36 makes clear, Requests for Admission ("RFAs") must pertain to "(A) facts, application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Importantly, RFAs are "not, strictly speaking, discovery devices, since they presuppose that the propounding party knows or believes the facts sought and merely seeks a concession on that fact from the other party." James v. Maguire Corr. Facility, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012). . The requesting party bears the burden of setting out requests that, with some exceptions for clarification purposes, can be answered with a simple "admit or deny without an explanation." *Id.* at *16 (internal citation omitted).

**Plaintiffs' Hypothetical RFAs Are Inconsistent With Rule 36.** Plaintiffs' RFAs contravene the well-established principles underlying Rule 36. Rather than asking Google to admit particular facts to streamline issues for trial, Plaintiffs lob a smorgasbord of hypotheticals and then expect Google to respond *as if* those hypotheticals were fact. By definition, these amorphous and speculative statements cannot be meaningfully answered in ways that would narrow the issues in dispute or promote litigation efficiencies. For example:

- RFA 35 asks Google to admit that since at least June 1, 2016, it has been possible to attribute a particular event-level log entry to an Incognito browsing session. This is improper because it asks Google to admit, in retrospect, that it could have performed a hypothetical technical process for the entirety of a six-and-a-half-year period, rather than asking about what Google *has actually done*. The question (1) assumes that Google could make changes to its processes, (2) does not recognize or contemplate that whether a technical process is "possible" turns on various different teams of engineers who write and test complex software code that Google needs to operate at scale. Thus, the RFA improperly assumes facts not in evidence and calls for speculative answers.
- RFA 49 asks Google to admit that prior to and since June 1, 2016, it could have stopped session-based tracking within Incognito mode, such that each tab within Incognito mode would be treated as an entirely separate browsing session. For the same reasons as above, the RFA improperly assumes facts not in evidence and calls for speculative answers. This RFA also demands that Google accept Plaintiffs' undefined term "tracking," despite that whether Google engages in undefined "tracking" of users browsing the web in Incognito mode is a critical disputed issue in the case.
- RFAs 50 and 51 ask Google to admit that prior to and since June 1, 2016, it could have designed Incognito mode to send a "signal" to Google. But Plaintiffs provide no explanation or definition

of this purported "signal" or otherwise explain what type of retroactive technical changes Plaintiffs are referencing. Without any limiting contours, Google cannot meaningfully admit or deny this counterfactual request.

- Some RFAs are so inherently limitless and speculative that any answer—admit or deny--would be meaningless. RFAs 49, 50, 51, 73, each ask Google to speculate as to whether, since June 2016, it *"could"* have taken certain actions toward, for instance, redesigning the Incognito page or changing its functioning.. Of course *anything* is theoretically possible: Could Google have changed its name? Moved its headquarters? Made or lost billions in revenue? It is simply impossible for Google to meaningfully respond because the RFAs are devoid of the narrow, fact-based boundaries required by Rule 36. Asking Google to speculate as to what might have been the state of its technological world a half a dozen years before this lawsuit was filed—a lifetime for a fast-moving global technology company–is unreasonable and will not narrow or clarify any fact in this case. Further, redesigning products used by hundreds of millions of people worldwide each day is not a trivial undertaking. These changes would require substantial resources to design, test, troubleshoot, and implement, and Google cannot be expected to speculate as to the success of those efforts.

Plaintiffs' RFAs contravene well-established case law and none of the authority they cite proves otherwise. Indeed, numerous courts have denied hypothetical RFAs under analogous circumstances. In *Porter v. Gore*, for instance, the court agreed that defendant's objections were valid because plaintiff's RFAs asking "whether horn honking to express a message—even if just one single honk or multiple successive honks in a short period of time—would diminish the horn's usefulness as a safety device or undermine traffic safety" set forth incomplete hypotheticals and were improper. 2020 WL 1493615, at *3 (S.D. Cal. Mar. 27, 2020). Likewise, in *Palomo v. Best Buy Co. Inc.*, the court sustained defendant's objections to hypothetical RFAs where the requesting party did "not identify who, or what category, he believes is a 'similarly situated' employee [because s]uch an RFA is not clear on its face and, therefore, it is unknown what an admission or denial would mean." 2021 WL 4509190, at *5 (C.D. Cal. Apr. 16, 2021) *citing Morley v. Square*, 2016 U.S. Dist. LEXIS 318, *11 (E.D. Mo. Jan. 4, 2016) ("courts do not permit 'hypothetical' questions within requests for admission"). That is similar to terms such as "signal" and "change[s]" Plaintiffs' RFAs leave indeterminate, causing, if answered, the same confusion as to "what an admission or denial would mean." *Id*. And in *Patagonia, Inc. v. Anheuser-Busch, LLC*, the court found RFAs relating to specific examples of third-party use of trademarks improperly "require[d] Plaintiffs to address hypothetical issues unnecessary to decide in this case, and on which Plaintiffs do not necessarily have an opinion and that would require considerable work to answer." No. CV1902702VAPJEMX, 2020 WL 12175722, at *5 (C.D. Cal. Feb. 26, 2020); *see also Friedman v. Godiva Chocolatier, Inc.*, No. 09CV977-L BLM, 2010 WL 4009660, at *2 (S.D. Cal. Oct. 13, 2010) (declining to compel responses to admissions regarding a hypothetical retailer and hypothetical customer); *Barron v. Alcaraz*, 2016 WL 2346957, at *6 (E.D. Cal. May 4, 2016) (denying RFAs that "'assume facts not in evidence,' 'call for legal conclusions,' and present 'incomplete hypotheticals.'").

Plaintiffs cite inapposite cases in an effort to overcome this dispositive case law. Both *McDonald v. Cotton States Mut. Ins. Co.*, 2015 WL 1138026, at *4 (M.D. Ala. Mar. 13, 2015) and *Maximiliano v. Simm Assocs., Inc.*, No. 17-CV-80341, 2017 WL 11477354, at *2 (S.D. Fla. Nov. 8, 2017) are not only not binding authority but they do not even address the issue of hypothetical RFAs at all. Instead, the *McDonald* Court found it "important to note that the case is currently in the class certification stage with three separate proposed classes, and the main discovery requests [ROGs, RFPs, and RFAs] before this Court are purported to further the formation of a class for the case to proceed against Cotton States." *McDonald*, at *1. *Maximiliano* does not address RFAs at all and only pertains to pre-certification interrogatory responses.

4   Case No. 4:20-cv-03664-YGR-SVK
JOINT LETTER BRIEF RE: GOOGLE'S RFA RESPONSES

Plaintiffs mischaracterize the case law cited by Google in this brief and discuss quotes out of context. In an effort to rebut the holding of *Paloma*, Plaintiffs entirely ignore the portion of the opinion Google cites and cherry-pick language from two entirely different RFAs. And no wonder. *Paloma* sustained the defendant's demurrer to 12 hypothetical RFAs that were so vague that "it is unknown what an admission or denial would mean." *Palomo v. Best Buy Co. Inc.*, 2021 WL 4509190, at *5. Contrary to Plaintiffs protestations, that is precisely the case here where Google is asked numerous times to speculate as to whether it "*could*" have taken certain actions to, for example, design Incognito mode to send a signal to Google at the beginning of an Incognito browsing session. Furthermore, the court in *Patagonia*, did not limit the rationale of its ruling to "legal conclusions" as it plainly stated, "[a]dditionally, these Requests require Plaintiffs to address hypothetical issues." *Patagonia, Inc. v. Anheuser-Busch, LLC*, at *5 (emphasis added).

**Plaintiffs' RFAs Improperly Seek Admissions That Are Not Ripe:** Plaintiffs' RFAs directed to (undefined and not-yet-requested) injunctive relief, which this Court has determined to be "[a]t this stage of the litigation . . . too vague and ambiguous such that any response would be speculative," are also improper  Dkt. 393-1.  For example:

- RFA 66 asks Google to admit "[i]t is technically possible for Google to log browsing data from Incognito mode separately from browsing data from any non-private browsing mode."
- Similarly,  RFA 36 asks Google to admit that it could comply with a not-yet-requested and ill-defined proposal for notifying class members.

Responding to each of these hypotheticals would, among other things, require Google to review (or have an expert review) the technology at issue (and in many cases, the state of the technology over a period of over five years) and form a contention for the sole purpose of responding to the request for admission.  Posing hypotheticals in this way does not "narrow the issues" intended by Rule 36 at all, and  should not be allowed by the Court. For these reasons, Google respectfully submits that Plaintiffs' request to compel responses to its hypothetical RFAs should be denied.

| | | |
|---|---|---|
| 1 | | Respectfully, |
| 2 | QUINN EMANUEL URQUHART & SULLIVAN, LLP | BOIES SCHILLER FLEXNER LLP |
| 3 | | |
| 4 | */s/ Andrew H. Schapiro*<br>Andrew H. Schapiro (admitted *pro hac vice*)<br>andrewschapiro@quinnemanuel.com | */s/ Alexander P. Frawley*<br>Amanda Bonn (CA Bar No. 270891)<br>abonn@susmangodfrey.com |
| 5 | 191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606 | SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067 |
| 6 | Tel: (312) 705-7400<br>Fax: (312) 705-7401 | Tel: (310) 789-3100 |
| 7 | | |
| 8 | Stephen A. Broome (CA Bar No. 314605)<br>sb@quinnemanuel.com | Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com |
| 9 | Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com | Sean Phillips Rodriguez (CA Bar No. 262437) |
| 10 | Crystal Nix-Hines (Bar No. 326971)<br>crystalnixhines@quinnemanuel.com | srodriguez@bsfllp.com<br>Beko Reblitz-Richardson (CA Bar No. 238027) |
| 11 | 865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 | brichardson@bsfllp.com<br>44 Montgomery Street, 41st Floor |
| 12 | Tel: (213) 443-3000<br>Fax: (213) 443-3100 | San Francisco, CA 94104<br>Tel: (415) 293 6858 |
| 13 | Diane M. Doolittle (CA Bar No. 142046) | Fax: (415) 999 9695 |
| 14 | dianedoolittle@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor | James W. Lee (*pro hac vice*) |
| 15 | Redwood Shores, CA 94065<br>Telephone: (650) 801-5000 | jlee@bsfllp.com<br>Rossana Baeza (*pro hac vice*) |
| 16 | Facsimile: (650) 801-5100 | rbaeza@bsfllp.com<br>100 SE 2nd Street, Suite 2800 |
| 17 | Jomaire A. Crawford (admitted *pro hac vice*)<br>jomairecrawford@quinnemanuel.com | Miami, FL 33130<br>Tel: (305) 539-8400 |
| 18 | 51 Madison Avenue, 22nd Floor<br>New York, NY 10010 | Fax: (305) 539-1304 |
| 19 | Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100 | William Christopher Carmody (*pro hac vice*)<br>bcarmody@susmangodfrey.com |
| 20 | Josef Ansorge (admitted pro hac vice) | Shawn J. Rabin (*pro hac vice*)<br>srabin@susmangodfrey.com |
| 21 | josefansorge@quinnemanuel.com<br>1300 I Street NW, Suite 900 | Steven Shepard (*pro hac vice*)<br>sshepard@susmangodfrey.com |
| 22 | Washington D.C., 20005<br>Tel: (202) 538-8000 | Alexander P. Frawley (*pro hac vice*)<br>afrawley@susmangodfrey.com |
| 23 | Fax: (202) 538-8100 | SUSMAN GODFREY L.L.P.<br>1301 Avenue of the Americas, 32nd Floor |
| 24 | Jonathan Tse (CA Bar No. 305468)<br>jonathantse@quinnemanuel.com | New York, NY  10019<br>Tel: (212) 336-8330 |
| 25 | 50 California Street, 22nd Floor<br>San Francisco, CA 94111 | |
| 26 | Tel: (415) 875-6600<br>Fax: (415) 875-6700 | John A. Yanchunis (*pro hac vice*)<br>jyanchunis@forthepeople.com |
| 27 | *Attorneys for Defendant Google LLC* | Ryan J. McGee (*pro hac vice*)<br>rmcgee@forthepeople.com |
| 28 | | MORGAN & MORGAN, P.A. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

201 N Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
Fax: (813) 222-4736

Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Letter Brief. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: March 4, 2022

By   */s/ Andrew H. Schapiro*
Andrew H. Schapiro
*Counsel on behalf of Google*