# EXHIBIT A

| Request | Google's Response | Court |
|---|---|---|
| **RFA 35:** Since at least June 1, 2016, it has been possible to attribute a particular event-level log entry to an Incognito browsing session | In addition to its General Objections, Google specifically objects to this Request on the ground that the term "it has been possible" is vague and ambiguous and asking Google to admit that "it has been possible" to take a certain action calls for speculation and is not the proper subject of a request for admission. *See Morley v. Square*, 2016 U.S. Dist. LEXIS 318, *11 (E.D. Mo. Jan. 4, 2016) ("courts do not permit 'hypothetical' questions within requests for admission"); *Buchanan v. Chicago Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit must be connected to the facts of the case, courts do not permit hypothetical questions within requests for admission.") (internal quotations omitted), *Evans v. Tilton*, 2010 WL 1610988, at *4 (E.D.Cal. Apr.21, 2010) (declining to compel further responses to requests for admission that constituted incomplete hypotheticals). | |

| Request | Google's Response | Court |
|---|---|---|
| **RFA 36:** If ordered by the Court, Google could add a disclosure to the Incognito New Tab Page that informs users of this lawsuit and invites users to sign up to learn more information about this lawsuit, including information about becoming a class member. | In addition to its General Objections, Google specifically objects to this Request on the ground that asking Google to admit that "could" take a certain action calls for speculation and is not the proper subject of a request for admission. *See Morley v. Square*, 2016 U.S. Dist. LEXIS 318, *11 (E.D. Mo. Jan. 4, 2016) ("courts do not permit 'hypothetical' questions within requests for admission"); *Buchanan v. Chicago Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit must be connected to the facts of the case, courts do not permit hypothetical questions within requests for admission.") (internal quotations omitted), *Evans v. Tilton*, 2010 WL 1610988, at *4 (E.D.Cal. Apr.21, 2010) (declining to compel further responses to requests for admission that constituted incomplete hypotheticals). | |
| **RFA 49:** Prior to and since June 1, 2016, Google could have stopped session-based tracking within Incognito mode, such that each tab within Incognito mode would be | In addition to its General Objections, Google specifically objects to this Request on the ground that asking Google to admit that it "could have" taken a certain | |

| Request | Google's Response | Court |
|---|---|---|
| treated as an entirely separate browsing session. | action calls for speculation and is not the proper subject of a request for admission. *See Morley v. Square*, 2016 U.S. Dist. LEXIS 318, *11 (E.D. Mo. Jan. 4, 2016) ("courts do not permit 'hypothetical' questions within requests for admission"); *Buchanan v. Chicago Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit must be connected to the facts of the case, courts do not permit hypothetical questions within requests for admission.") (internal quotations omitted), *Evans v. Tilton*, 2010 WL 1610988, at *4 (E.D.Cal. Apr.21, 2010) (declining to compel further responses to requests for admission that constituted incomplete hypotheticals). | |
| **RFA 50:** Prior to and since June 1, 2016, Google could have designed Incognito mode to send a signal to Google at the beginning of an Incognito browsing session to direct Google not to collect any browsing data from the session. | In addition to its General Objections, Google specifically objects to this Request on the ground that asking Google to admit that it "could have" taken a certain action calls for speculation and is not the proper subject of a request for admission. *Morley v. Square*, 2016 U.S. Dist. LEXIS 318, *11 | |

| Request | Google's Response | Court |
|---|---|---|
| | (E.D. Mo. Jan. 4, 2016) ("courts do not permit 'hypothetical' questions within requests for admission"); *Buchanan v. Chicago Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit must be connected to the facts of the case, courts do not permit hypothetical questions within requests for admission.") (internal quotations omitted), *Evans v. Tilton*, 2010 WL 1610988, at *4 (E.D.Cal. Apr.21, 2010) (declining to compel further responses to requests for admission that constituted incomplete hypotheticals). | |
| **RFA 51:** Prior to and since June 1, 2016, Google could have designed Incognito mode to send a signal to Google at the beginning or end of an Incognito browsing session to direct Google not to store any browsing data from the session. | In addition to its General Objections, Google specifically objects to this Request on the ground that asking Google to admit that it "could have" taken a certain action calls for speculation and is not the proper subject of a request for admission. *Morley v. Square*, 2016 U.S. Dist. LEXIS 318, *11 (E.D. Mo. Jan. 4, 2016) ("courts do not permit 'hypothetical' questions within requests for admission"); *Buchanan v. Chicago Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. | |

| Request | Google's Response | Court |
|---|---|---|
| | Dec. 7, 2016) ("Since requests to admit must be connected to the facts of the case, courts do not permit hypothetical questions within requests for admission.") (internal quotations omitted), *Evans v. Tilton*, 2010 WL 1610988, at *4 (E.D.Cal. Apr.21, 2010) (declining to compel further responses to requests for admission that constituted incomplete hypotheticals). | |
| **RFA 66:** It is technically possible for Google to log browsing data from Incognito mode separately from browsing data from any non-private browsing mode. | In addition to its General Objections, Google specifically objects to this Request on the ground that asking Google to admit that an action is "technically possible" calls for speculation and is not the proper subject of a request for admission. *See Morley v. Square*, 2016 U.S. Dist. LEXIS 318, *11 (E.D. Mo. Jan. 4, 2016) ("courts do not permit 'hypothetical' questions within requests for admission"); *Buchanan v. Chicago Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit must be connected to the facts of the case, courts do not permit hypothetical questions within requests for admission.") (internal quotations omitted), *Evans v. Tilton*, 2010 WL 1610988, at *4 | |

| Request | Google's Response | Court |
|---|---|---|
| | (E.D.Cal. Apr.21, 2010) (declining to compel further responses to requests for admission that constituted incomplete hypotheticals). Google further objects that the undefined phrase "log browsing data from Incognito mode separately from browsing data from any non-private browsing mode" is vague and ambiguous. | |
| **RFA 73:** Google could have as of June 1, 2016 instituted third-party cookie blocking by default within Incognito mode. | In addition to its General Objections, Google specifically objects to this Request on the ground that asking Google to admit that "could" take a certain action calls for speculation and is not the proper subject of a request for admission. *See Morley v. Square*, 2016 U.S. Dist. LEXIS 318, *11 (E.D. Mo. Jan. 4, 2016) ("courts do not permit 'hypothetical' questions within requests for admission"); *Buchanan v. Chicago Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit must be connected to the facts of the case, courts do not permit hypothetical questions within requests for admission.") (internal quotations omitted), *Evans v. Tilton*, 2010 WL 1610988, at *4 (E.D.Cal. Apr.21, 2010) (declining to compel further responses to requests for admission that | |

| Request | Google's Response | Court |
|---|---|---|
| | constituted incomplete hypotheticals). | |