QUINN EMANUEL URQUHART & SULLIVAN, LLP

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF JOINT SUBMISSION RE: GOOGLE'S RFA AND INTERROGATORY RESPONSES**<br><br>Judge: Hon. Susan van Keulen, USMJ |

## I. INTRODUCTION

Google respectfully seeks to seal portions of the parties' Joint Submission Re: Google's RFA and Interrogatory Responses ("Joint Submission"), which contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly, including: the various types of Google's internal project, data signals, and logs and their proprietary functionalities, as well as internal metrics and investigation into financial impact of certain features. This information is highly confidential and should be protected.

This Administrative Motion pertains to the following information contained in the Joint Submission:

| Document | Portions to be Filed Under Seal | Basis for Sealing |
|---|---|---|
| Joint Submission | Portions highlighted in yellow at:<br><br>1:21, 1:28, 2:1-10, 2:23, 3:19, 4:3-5, 4:7, 4:11-12 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal project, data signals and logs and their proprietary functionalities, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's |

| | | |
|---|---|---|
| | | internal practices relating to competing products. |
| Exhibit A at: Pages 1, 7, 11-21 | Portions highlighted in yellow at: | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal project, data signals and logs and their proprietary functionalities, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

## II.   LEGAL STANDARD

The common law right of public access to judicial records in a civil case is not a constitutional right and it is "not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have refused to permit their files to serve as reservoirs of . . . sources of business information that might harm a litigant's competitive standing"). Sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or

commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

### III. THE ABOVE IDENTIFIED MATERIALS EASILY MEET THE "GOOD CAUSE" STANDARD AND SHOULD ALL BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99. Good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).

The identified portions of the Joint Submission all comprise confidential and proprietary information as the materials involve highly sensitive features of Google's internal systems and operations that Google does not share publicly. Specifically, this information provides details related to various types of Google's internal data signals and logs and their proprietary functionalities, as well as internal metrics and investigation into financial impact of certain features. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with legal and privacy obligations.

Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, designs, and practices to Google's competitors. That alone is a proper basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-

02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co*., No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v. Travelers Indem. Co*., 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publically available").

Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's internal systems and data structures. Google would be placed at an increased risk of cyber security threats, and data related to its users could similarly be at risk. *See, e.g.*, *In re Google Inc. Gmail Litig*., 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). The security threat is an additional reason for this Court to seal the identified information.

The information Google seeks to redact, including internal projects and their proprietary functions, is the minimal amount of information needed to protect its internal systems and operations from being exposed to not only its competitors but also to nefarious actors who may improperly seek access to and disrupt these systems and operations. The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

## IV.  CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the identified portions of the Joint Submission.

DATED: March 4, 2022
           QUINN EMANUEL URQUHART & SULLIVAN, LLP

           By  */s/ Andrew H. Schapiro*
             Andrew H. Schapiro (admitted pro hac vice)
             andrewschapiro@quinnemanuel.com
             191 N. Wacker Drive, Suite 2700
             Chicago, IL 60606

|    |    |
|---|---|
| 1  | Telephone: (312) 705-7400 |
| 2  | Facsimile: (312) 705-7401 |
| 3  | Stephen A. Broome (CA Bar No. 314605) |
|    | sb@quinnemanuel.com |
| 4  | Viola Trebicka (CA Bar No. 269526) |
|    | violatrebicka@quinnemanuel.com |
| 5  | 865 S. Figueroa Street, 10th Floor |
|    | Los Angeles, CA 90017 |
| 6  | Telephone: (213) 443-3000 |
| 7  | Facsimile: (213) 443-3100 |
| 8  | Diane M. Doolittle (CA Bar No. 142046) |
|    | dianedoolittle@quinnemanuel.com |
| 9  | 555 Twin Dolphin Drive, 5th Floor |
|    | Redwood Shores, CA 94065 |
| 10 | Telephone: (650) 801-5000 |
| 11 | Facsimile: (650) 801-5100 |
| 12 | Jomaire Crawford (admitted pro hac vice) |
|    | jomairecrawford@quinnemanuel.com |
| 13 | 51 Madison Avenue, 22nd Floor |
|    | New York, NY 10010 |
| 14 | Telephone: (212) 849-7000 |
| 15 | Facsimile: (212) 849-7100 |
| 16 | Josef Ansorge (admitted pro hac vice) |
|    | josefansorge@quinnemanuel.com |
| 17 | 1300 I Street NW, Suite 900 |
|    | Washington D.C., 20005 |
| 18 | Telephone: (202) 538-8000 |
| 19 | Facsimile: (202) 538-8100 |
| 20 | Jonathan Tse (CA Bar No. 305468) |
|    | jonathantse@quinnemanuel.com |
| 21 | 50 California Street, 22nd Floor |
|    | San Francisco, CA 94111 |
| 22 | Telephone: (415) 875-6600 |
| 23 | Facsimile: (415) 875-6700 |
| 24 | *Attorneys for Defendant Google LLC* |
| 25 |    |
| 26 |    |
| 27 |    |
| 28 |    |