Exhibit A
Redacted Version of
Document Sought to
be Sealed

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| **RFA 57:** ▮▮▮ ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮ ▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮ ▮▮▮▮ ▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮ ▮▮ ▮▮▮ ▮▮▮ ▮▮▮▮ ▮▮▮▮▮ | In addition to its General Objections, Google specifically objects to this Request on the ground that it is vague, and states a general proposition with respect to a nuanced topic that turns on circumstances that are not specified in the Request. Google further objects to this Request on the ground that it is vague and ambiguous as to the phrase ▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮ ▮▮ ▮▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮▮▮ Google further objects that this ▮▮▮▮▮▮▮▮ request mischaracterizes the contents of the cited documents. Google admits that ▮▮▮▮▮▮ ▮▮▮ ▮▮ ▮▮▮ ▮▮▮▮ ▮▮▮ ▮▮▮▮ ▮▮▮▮ Except as expressly admitted herein, denied. | <u>Plaintiffs:</u> Plaintiffs only ask that Google clarify in an amended response that ▮▮▮ ▮▮▮ ▮▮ ▮▮▮ ▮▮▮ ▮▮▮▮ ▮▮▮▮▮ ▮▮ Google's Response avoids the substance of the RFA by merely stating that the analysis was unreliable.<br><br><u>Google:</u> Google stands by its response for the reasons stated in the letter brief. | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| | | | |
| **RFA 63**: After this lawsuit was filed, Google placed a litigation hold on every log or data source that Google reviewed, analyzed, or searched as part of Google's efforts to conduct a "log analysis of Chrome Incognito" in and around mid-2020. *See, e.g.*, GOOG-CABR-05280756. | In addition to its General Objections, Google objects that the scope of this request is not proper. Requests for Admission may address "the truth of any matters within the scope of Rule 26(b)(1)" that relate to either "facts, the application of law to fact, or opinions about either," or, "the genuineness of any described documents." Fed. R. Civ. Proc. 36(a). This Request does not seek an admission regarding facts relevant to the case or the application of law to any such fact. Rather, this Request relates only to discovery in this case, and improperly seeks discovery on discovery. As such, Google will not provide a response. | <u>Plaintiffs:</u> Plaintiffs stand by this RFA for the reasons stated in the letter brief.<br><br><u>Google:</u> Google stands on its objections for the reasons stated in the letter brief. | |
| **Interrogatory 11**: Please describe in detail all Google matching tables that store joinability keys (referenced | Google incorporates its General Objections as if set forth fully herein. Google further objects to this | <u>Plaintiffs:</u>   Google   has merely directed Plaintiffs to five submissions that Google made   to   Special   Master Brush in which, according to | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| in GOOG-BRWN-00027533) for Google Analytics, Google Ad Manager, Google Chrome, and Chromium, by stating: (a) the name of the matching table, (b) where the matching table is stored, (c) what identifiers are included, (d) what other data parameters and values are stored with the identifiers, and (e) the retention period for the matching table, for the entire Class Period. | request as vague and ambiguous as to the meaning of the terms "matching table" and "data parameters and values" which are neither self-evident nor defined. Google further objects to this interrogatory as compound and consisting of twenty (20) subparts. Google further objects to this interrogatory as unduly burdensome and not proportional to the needs of the case because it encompasses Chromium—an open-source browser codebase, the vast majority of which is not at issue in this case. Google further objects to this interrogatory as seeking information that is outside of the scope of this case. The document with beginning Bates GOOG-BRWN-00027533 is titled "GFP Cookie for GKS." GKS, in this context, refers to GAIA-keyed serving, i.e. Google | Google, "field names of the relevant data sources were provided." But numerous field names were provided in those submissions, and it unfair to force Plaintiffs to guess which fields are responsive to this Interrogatory.<br><br>Plaintiffs simply ask that Google provide a supplemental response that identifies which fields in those submissions are responsive to this Interrogatory.<br><br>Google: Google stands by its response for the reasons stated in the letter brief. | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| | Account keyed serving. Because Plaintiffs' class definition is limited to users not logged in to their Google Account, joinability keys used for GAIA-keyed serving are not relevant for the data-flow at issue and this discovery is not tied to the definition of the class. (See supra General Objection ¶ 3.)<br><br>Subject to and without waiving the foregoing objections, and based on its investigation to date, Google responds as follows: Google will rest on its objections and not provide a response to these interrogatories because (i) this discovery is not tied to the definition of the class and (ii) Plaintiffs have already served 27 interrogatories, including sub-parts. Plaintiffs have therefore surpassed the 25 interrogatory per party limit under Federal Rule of Civil Procedure 33(a)(1). Google | | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| | is willing to meet and confer with Plaintiffs regarding a stipulation allowing each party to propound five additional interrogatories (30 interrogatories in total per party) and to narrow the interrogatories to the data at issue in this case.<br><br>Supplemental Response:<br>Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the terms "matching table" and "data parameters and values" which are neither self-evident nor defined. Google further objects to this request on the ground that the phrase "IDENTIFIERS" is vague and ambiguous. Google further objects to this interrogatory as compound. Google further objects that | | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| | this interrogatory is overbroad. Google further objects to this interrogatory because it seeks discovery which has been addressed by Special Master Douglas Brush ("Special Master"), who has issued a report and recommendation relating thereto. Dkt. 299. Google objects to this request for discovery of joinability keys because the discovery sought is not tied to Plaintiffs' class definition. See June 2, 2021 Hearing Tr. 35:12-16 ("Discovery . . . is not carte blanche to all of Google's systems . . . and it will continue to tie back to the proper definitions of the class."). Google hereby incorporates by reference its submissions to the Special Master relating thereto. | | |
| **Interrogatory No. 33:** For the Class Period, please provide information (including best estimates) regarding the total number | Google incorporates its General Objections as if set forth fully herein. Google further objects to this interrogatory as vague and | <u>Plaintiffs</u>: Plaintiffs clarify that this Interrogatory only asks Google to identify the number and percentage of websites that use each of Google Analytics and | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| and percentage of non-Google websites using Google Analytics and/or Google Ad Manager, where Google would have received private browsing information. See, e.g., GOOG-BRWN-00490767 ("Analytics or Analytics 360 is installed on ▮▮▮ of top 1M websites"). | ambiguous as to the meaning of the terms "information," "best estimates," and "private browsing information." Google will assume for purposes of its responses that "private browsing information" means data generated when users visited a third-party website that used Google Analytics or Ad Manager while using Chrome Incognito mode and while not logged in to their Google Account. Google further objects to this interrogatory as overly broad and unduly burdensome because it is not limited in scope and seeks "total number and percentage" for the entire Class Period. Google further objects to this interrogatory as unintelligible because the interrogatory seeks information about what Google "would have received" from private | Google Ad Manager, With this Interrogatory, Plaintiffs are not asking Google to take a position on whether Google can detect that certain traffic is attributable to private browsing. (To be clear, Plaintiffs believe that Google can do so, but that's not the purpose of this Request.) With this clarification, Plaintiffs ask that Google be ordered to respond to this Interrogatory, particularly since Google's objection was based on a misunderstanding.<br><br>Google: Google stands by its response for the reasons stated in the letter brief. | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| | browsing activity on non-Google websites. Google further objects to this interrogatory to the extent it seeks information related to non-Chrome browsers, which may have unique browser features that impact data collection by Google Ad Manager and Google Analytics.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows:<br><br>Google is unable to determine total number or percentages of visits to non-Google websites using Google Analytics and/or Google Ad Manager while in a private browsing mode for many reasons, including: (1) Chrome is designed to prevent websites, and the third-party services installed on those websites such as Google Analytics and Google Ad Manager, from detecting whether a user is | | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| | in a private browsing mode; and (2) Google has no way of determining how often users use private browsing modes on other browsers. | | |
| **Interrogatory 34:** Please identify every log and data source that Google reviewed, analyzed, or searched as part of Google's efforts to conduct a "log analysis of Chrome Incognito" in and around mid-2020. *See, e.g.*, GOOG-CABR-05280756. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this interrogatory as it mischaracterizes the cited document and an analysis performed by a small number of Google employees. Google further objects to the undefined phrase "every log and data source that Google reviewed, analyzed, or searched" as overly broad, unduly burdensome, vague, and ambiguous. For the purposes of this response, Google understands this phrase to refer to the log sources that Google used to perform the analysis described in GOOG-CABR-05280756. Google further objects to this interrogatory as unduly | Plaintiffs: Plaintiffs stand by this Interrogatory for the reasons stated in the letter brief.<br><br>Google: Google stands by its response for the reasons stated in the letter brief. Google has confirmed in the letter brief that there are no additional, relevant data sources responsive to this request. | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---------|-------------------|------------------------------|-------|
| | burdensome to the extent it purports to seek information regarding Google Search Search Ads because Plaintiffs have expressly limited their purported class to users "who accessed a non-Google website containing Google Analytics or Ad Manager." Dkt. 136-1 192; see also June 2, 2021 Hearing Tr. 35:13-16 (discovery "is not carte blanche to all of Google's systems . . . and it will continue to tie back to the proper definitions of the class"). Google further objects to this interrogatory to the extent it is tailored to seek information protected by the attorney-client privilege, the work product doctrine, or the common interest doctrine, or that is otherwise privileged or protected from discovery. Subject to and without waiving the foregoing | | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| | objections, Google responds as follows: Google used ██████ in the analysis of Ad Manager browsing traffic described in GOOG-CABR-05280756. | | |
| **Interrogatory 36:** For the Class Period, please identify Incognito usage statistics for the USA, broken down by (1) the number of unique chrome instances within the United States, (2) the number of unique chrome instances within California that used Chrome Incognito, and (3) the number of unique chrome instances within the United States that used Chrome Incognito. | Google incorporates its General Objections as if set forth fully herein. Google objects to this request as vague and ambiguous as to the phrases "the number of unique chrome instances" and "Incognito usage statistics," which are neither self-evident nor defined. Google further objects that this interrogatory is overly broad and unduly burdensome because at least Subpart (1) of this interrogatory seeks information for users who are not included in Plaintiffs' class definition. Google further objects to this interrogatory as compound because it | Plaintiffs: This Interrogatory is related to the Court's recent order for Google to produce ████ dashboard data. Dkt. 437-1, P27. Google provided some information in response to this Interrogatory, but the information is inadequate, including because Google did not break down the figures by platform upload rate (windows, mac, ios, Android), and because it is unclear whether the data reflects raw figures or a figure adjusted for sampling.<br><br>Google: Google stands by its response for the reasons stated in the letter brief. Google has also confirmed in the letter brief that the information in its response is based on raw data. | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---------|-------------------|------------------------------|-------|
| | includes at least three sub-parts. Subject to and without waiving the foregoing objections, Google responds as follows: | | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---------|-------------------|------------------------------|-------|
|         |                   |                              |       |

Case No. 4:20-cv-03664-YGR-SVK

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---------|-------------------|------------------------------|-------|
|         |                   |                              |       |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---------|-------------------|------------------------------|-------|
|  |  |  |  |

Case No. 4:20-cv-03664-YGR-SVK

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| | | | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
|  |  |  |  |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---------|-------------------|------------------------------|-------|
|         |                   |                              |       |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---------|-------------------|------------------------------|-------|
|         |                   |                              |       |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---------|-------------------|------------------------------|-------|
| | ███████████ | | |

Case 4:20-cv-03664-YGR   Document 464-1   Filed 03/04/22   Page 22 of 24

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| | ███████████ | | |
| **Interrogatory 38:** Please identify and describe all instances during the Class Period that Google is aware of (if any) when so-called "unauthenticated data" was accessed by a bad actor or hacker, within Google or outside of Google, who lacked permission from Google to access the data. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this interrogatory as vague and ambiguous as to the phrase "when so-called 'unauthenticated data' was accessed by a bad actor or hacker," which is neither self-evident nor defined. Google further objects to this interrogatory as seeking information that is neither relevant nor likely to lead the discovery of admissible evidence | <u>Plaintiffs:</u>   Plaintiffs limit this   Interrogatory   to instances during the Class Period in which a bad actor or hacker (inside or outside of   Google)   without permission accessed Google logs and databases that store data   Google   deems "unauthenticated."<br><br><u>Google</u>: Google stands on its objections for the reasons stated in the letter brief. | |

21                                    Case No. 4:20-cv-03664-YGR-SVK

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| | because          Plaintiffs' complaint does not allege any data breaches, does not contain allegations related to Google's data security efforts,   and   does   not reference any "hack[ing]" of Google's servers. Google further   objects   to   this Interrogatory to the extent it is     tailored     to     seek information protected by the            attorney-client privilege, the work product doctrine,  or  the  common interest doctrine, or that is otherwise   privileged   or protected  from  discovery. Google  further  objects  to this interrogatory as overly broad   and   unduly burdensome because it is not      limited      to "unauthenticated      data" within          Google's possession,   custody,   or control. For these reasons, this  interrogatory  is  not proportional to the needs of the case, the burden of the proposed          discovery | | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
|  | outweighs any likely benefit, and Google will not provide a response. |  |  |