BOIES SCHILLER FLEXNER LLP
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
William Christopher Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel
listed in signature blocks below*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant; additional counsel
listed in signature blocks below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**JOINT SUBMISSION IN RESPONSE TO DKTS. 447 AND 449 RE: SEALING PORTIONS OF MARCH 2, 2022 ORDER**<br><br>Referral: Hon. Susan van Keulen, USMJ |

1    March 8, 2022

2    Submitted via ECF

3    Magistrate Judge Susan van Keulen
     San Jose Courthouse
4    Courtroom 6 - 4th Floor
     280 South 1st Street
5    San Jose, CA 95113

6         Re:    Joint Submission in Response to Dkts. 447 and 449 re: Sealing Portions of March
                 2, 2022 Order Re Discovery Disputes P25, P26, and P29
7                *Brown v. Google LLC*, Case No. 4:20-cv-03664-YGR-SVK (N.D. Cal.)

8    Dear Magistrate Judge van Keulen:

9         Pursuant to Your Honor's March 2, 2022 Redaction Order re: sealing portions of March 2,

10   2022 Order Re Discovery Disputes P25, P26, and P29, Plaintiffs and Google LLC ("Google") jointly

11   submit this statement.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Google respectfully seeks to seal the following portions of Exhibit A of the March 1, 2022

2  Order Following February 28, 2022 Discovery Hearing ("Order"), which contain personal and private

3  medical information related to a Google employee, that Google maintains as confidential in the

4  ordinary course of its business and is not generally known to the public.  Google previously sought to

5  seal most of the same information in Docket No. 459.  This information is highly confidential and

6  should be protected.

7    This Administrative Motion pertains to the following information contained in the Order:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Exhibit A of Order | Portions highlighted in yellow at:  Page 7-8 | Google |

12    The parties conferred on the proposed redactions to the Order.  Plaintiffs support sealing the

13  proposed redactions.

## I.    LEGAL STANDARD

15    The common law right of public access to judicial records in a civil case is not a constitutional

16  right and it is "not absolute."  *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 598 (1978)

17  (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have

18  refused to permit their files to serve as reservoirs of . . . sources of business information that might

19  harm a litigant's competitive standing").  Sealing is appropriate when the information at issue

20  constitutes "competitively sensitive information," such as "confidential research, development, or

21  commercial information."  *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at

22  *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp*., 307 F.3d 1206, 1211 (9th Cir.

23  2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of

24  information, including, but not limited to, trade secrets or other confidential research, development, or

25  commercial information").

## II.    THE ABOVE IDENTIFIED MATERIALS EASILY MEET THE "GOOD CAUSE" STANDARD AND SHOULD ALL BE SEALED

1    Courts have repeatedly found it appropriate to seal documents that contain medical

2  information or "business information that might harm a litigant's competitive standing." *Nixon*, 435

3  U.S. at 589-99; *see also Turner v. United States*, 2019 WL 4732143, at *9 (finding good cause to seal

4  "confidential medical information").  Good cause to seal is shown when a party seeks to seal materials

5  that "contain[ ] confidential information about the operation of [the party's] products and that public

6  disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of*

7  *Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014).  Materials that

8  could harm a litigant's competitive standing may be sealed even under the "compelling reasons"

9  standard.  *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2

10  (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons'

11  standard where that information could be used to the company's competitive disadvantage") (citation

12  omitted).

13    Here, Exhibit A of the Order comprises confidential information regarding the personal and

14  private medical information of a Google employee that Google does not share publicly and should not

15  otherwise be disclosed.

16    The information Google seeks to redact is the minimal amount of information needed to

17  protect the personal and private medical information of its employee.  The "good cause" rather than

18  the "compelling reasons" standard should apply but under either standard, Google's sealing request is

19  warranted.

20  **III.    CONCLUSION**

21    For the foregoing reasons, Google respectfully requests that the Court seal the identified portions

22  of Exhibit A of the Order.

23

24

25

26

27

28

1        Respectfully,

2

3   QUINN EMANUEL URQUHART &          BOIES SCHILLER FLEXNER LLP
    SULLIVAN, LLP

4   */s/ Andrew H. Schapiro*          */s/ Mark C. Mao*
    Andrew H. Schapiro (admitted *pro hac vice*)   Mark C. Mao (CA Bar No. 236165)
5   andrewschapiro@quinnemanuel.com   mmao@bsfllp.com
    191 N. Wacker Drive, Suite 2700   Sean Phillips Rodriguez (CA Bar No.
6   Chicago, IL 60606                 262437)
    Tel: (312) 705-7400               srodriguez@bsfllp.com
7   Fax: (312) 705-7401               Beko Reblitz-Richardson (CA Bar No.
                                      238027)
8   Stephen A. Broome (CA Bar No. 314605)   brichardson@bsfllp.com
    sb@quinnemanuel.com               44 Montgomery Street, 41st Floor
9   Viola Trebicka (CA Bar No. 269526)   San Francisco, CA 94104
    violatrebicka@quinnemanuel.com    Tel: (415) 293 6858
10  865 S. Figueroa Street, 10th Floor   Fax: (415) 999 9695
    Los Angeles, CA 90017
11  Tel: (213) 443-3000               James W. Lee (*pro hac vice*)
    Fax: (213) 443-3100               jlee@bsfllp.com
12                                    Rossana Baeza (*pro hac vice*)
    Diane M. Doolittle (CA Bar No. 142046)   rbaeza@bsfllp.com
13  dianedoolittle@quinnemanuel.com   100 SE 2nd Street, Suite 2800
    555 Twin Dolphin Drive, 5th Floor   Miami, FL 33130
14  Redwood Shores, CA 94065          Tel: (305) 539-8400
    Telephone: (650) 801-5000         Fax: (305) 539-1304
15  Facsimile: (650) 801-5100
                                      William Christopher Carmody (*pro hac
16  Jomaire A. Crawford (admitted *pro hac vice*)   vice*)
    jomairecrawford@quinnemanuel.com   bcarmody@susmangodfrey.com
17  51 Madison Avenue, 22nd Floor     Shawn J. Rabin (*pro hac vice*)
    New York, NY 10010                srabin@susmangodfrey.com
18  Telephone: (212) 849-7000         Steven Shepard (*pro hac vice*)
    Facsimile: (212) 849-7100         sshepard@susmangodfrey.com
19                                    Alexander P. Frawley (*pro hac vice*)
    Josef Ansorge (admitted *pro hac vice*)   afrawley@susmangodfrey.com
20  josefansorge@quinnemanuel.com     SUSMAN GODFREY L.L.P.
    Carl Spilly (admitted *pro hac vice*)   1301 Avenue of the Americas, 32nd Floor
21  carlspilly@quinnemanuel.com       New York, NY 10019
    1300 I Street NW, Suite 900       Tel: (212) 336-8330
22  Washington D.C., 20005
    Tel: (202) 538-8000               Amanda Bonn (CA Bar No. 270891)
23  Fax: (202) 538-8100               abonn@susmangodfrey.com
                                      SUSMAN GODFREY L.L.P.
24  Jonathan Tse (CA Bar No. 305468)   1900 Avenue of the Stars, Suite 1400
    jonathantse@quinnemanuel.com      Los Angeles, CA 90067
25  50 California Street, 22nd Floor   Tel: (310) 789-3100
    San Francisco, CA 94111
26  Tel: (415) 875-6600               John A. Yanchunis (*pro hac vice*)
    Fax: (415) 875-6700               jyanchunis@forthepeople.com
27                                    Ryan J. McGee (*pro hac vice*)
    *Attorneys for Defendant Google LLC*   rmcgee@forthepeople.com
28                                    MORGAN & MORGAN, P.A.

                                              -4-          Case No. 4:20-cv-03664-YGR-SVK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

201 N Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
Fax: (813) 222-4736

Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*

1

## **ATTESTATION OF CONCURRENCE**

2

I am the ECF user whose ID and password are being used to file this Joint Submission.

3

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has

4

concurred in the filing of this document.

5

6

Dated: March 8, 2022                                   By_____ */s/ Andrew H. Schapiro*_____

7
                                                                     Andrew H. Schapiro
                                                                     *Counsel on behalf of Google LLC*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 4:20-cv-03664-YGR-SVK
JOINT SUBMISSION IN RESPONSE TO DKTS. 447 AND 449 RE:
SEALING PORTIONS OF MARCH 2, 2022 ORDER