# Order Re Discovery Disputes
# P25, P26, and P29

# Redacted Version of Document Sought to be Sealed

UNITED STATES DISTRICT COURT
Northern District of California

# FAX TRANSMISSION

| TO: | | FROM: | Justine Fanthorpe |
|---|---|---|---|
| FAX NUMBER: | 93127057401 | NO. OF PAGES: (INCLUDING COVER): | 9 |
| PHONE: | | DATE: | 2022-03-02 |
| RE: | Sealed Order 4:20-cv-03664-YGR | TIME: | 11:00:03 |

**SUBJECT:** Sealed Order 4:20-cv-03664-YGR Brown et al v. Google LLC et al

**DETAILS:**



**Justine Fanthorpe**
CRD to Magistrate Judge Susan van Keulen
280 South First Street, Room 2112
San Jose, CA 95113
United States District Court
Northern District of California
https://cand.uscourts.gov
Justine_Fanthorpe@cand.uscourts.gov
Office: 408-535-5375

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 20-cv-03664-YGR   (SVK)<br><br>**FILED UNDER SEAL**<br><br>**ORDER RE DISCOVERY DISPUTES P25, P26, AND P29**<br><br>**ORDER SETTING MARCH 11, 2022 DEADLINE FOR FINAL DISCOVERY DISPUTE CHART**<br><br>Re: Dkt. No. 424 |

In its February 28, 2022 order (Dkt. 437), the Court stated that each side could identify up to three additional priority issues from the February 25, 2022 updated discovery dispute chart by March 1, 2022. On that date, Plaintiffs identified the following priority issues: P25, P26, and P29. The Court's orders on those issues are contained in Exhibit A.

The Court also **ORDERS** that the Parties' final chart of any fact discovery disputes must be filed no later than **March 11, 2022**. The Parties are directed to reserve **March 15, 2022 at 10:00 a.m.** for a video hearing.

**SO ORDERED.**

Dated: March 2, 2022

SUSAN VAN KEULEN
United States Magistrate Judge

# EXHIBIT A

| Dispute No. | Dispute | Status as of 2/25/22 Joint Submission | Court's Ruling |
|---|---|---|---|
| | | **Disputes Identified by Plaintiffs** | |
| P25 2/25/22 | Google's Privilege Log and Production: The parties have a dispute about various entries on Google's privilege log and redactions. | **Plaintiffs' Position:** Pursuant to the Court's instructions, Plaintiffs asked Google to re-review 267 documents from Google's July and August 2021 privilege logs and 268 documents from Google's October 2021 privilege logs. Google has produced 141 documents (approximately 25% of the documents it reviewed again), many of which are of great interest to Plaintiffs. Plaintiffs then requested and Google agreed to an additional 200 challenges. But this is not enough. In light of Google's over-assertion of privilege, Plaintiffs respectfully request permission to submit 15 documents for *in camera* review.<br><br>**Google's Position:** Google strongly disagrees that its decision to produce 141 documents in response to Plaintiffs' 535 challenges indicates that it has applied "substantial over-assertions of privilege." Plaintiffs elected to challenge a number of duplicate or near-duplicate documents that Google decided to produce after re-review, and thus the documents that Plaintiffs challenged are not a representative sample of the documents listed on Google's privilege log. Nonetheless, the parties met and conferred on this dispute on February 24, 2022, and Google agreed to re-review an additional 200 documents.<br><br>Plaintiffs' request for *in camera* review of 15 documents should be denied. As this Court has noted, *in camera* | Plaintiffs are to **IMMEDIATELY** identify the 15 documents for which *in camera* review is requested to Google. No later than **March 3, 2022**, the Parties are to meet and confer in person or by video regarding the privilege status of these documents. If the issue is not resolved, no later than **12 p.m. on March 4, 2022**, the Parties may submit a joint brief not to exceed 5 pages regarding the basis for the Court to consider *in-camera* review. The Court will not consider a late submission. |

# EXHIBIT A

| Dispute No. | Dispute | Status as of 2/25/22 Joint Submission | Court's Ruling |
|---|---|---|---|
| | | review "is a last resort . . . [b]ecause as every litigator on this call knows, document production does take an element of good faith and trust." Sept. 30, 2021 Hearing Tr. 30:6-8. Plaintiffs have not even identified the 15 documents that they apparently plan to ask the Court to review, let alone "show[n] a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1950377, at *2 (N.D. Cal. May 1, 2019) (citation omitted). Google has worked with Plaintiffs in good faith to correct any inadvertent privilege designations by re-reviewing documents challenged by Plaintiffs within the framework ordered by this Court, and it will continue to do so. Plaintiffs' request for *in camera* review should be denied. | |
| P26 2/25/22 | Priority RFPs: The parties have a dispute regarding Google's production in response to the 20 Priority RFPs. | **Plaintiffs' Position**: In October 2021, pursuant to this Court's Order (Dkt. 298), Plaintiffs identified 20 "Priority" RFPs. Google has since then dragged out the production of responsive documents, and Google still has not specified the extent to which it will produce responsive documents or finished producing documents responsive to these Priority RFPs. Just after the parties' February 24 meet and confer, Plaintiffs sent Google a draft Chart A containing Plaintiffs' compromise positions on these Priority RFPs. Google refused to respond or have that included with this submission. Plaintiffs ask that the Court order the parties to meet and confer regarding that chart and submit it no later | The Parties have been admonished on several occasions that a summary chart setting forth a discovery dispute is the end of the meet and confer process, not the beginning. Further, statements such as "spoon feed" are not conducive to a constructive resolution of a dispute. This issue will benefit from |

EXHIBIT A

| Dispute No. | Dispute | Status as of 2/25/22 Joint Submission | Court's Ruling |
|---|---|---|---|
| | | than March 2, so the Court can then rule on any outstanding disputes regarding these Priority RFPs.<br><br>Google's Position: Plaintiffs sent a 10 page chart hours after the Court-ordered deadline for parties to serve their moving positions. Worse, Plaintiffs have failed to identify *any* deficiencies in Google's production, instead putting the burden on Google to spoon feed Plaintiffs the information they should find in Google's productions. For its part, Google has diligently investigated Plaintiffs' priority RFPs and has produced many documents that are responsive to those RFPs. To the extent any documents that Google has agreed to produce have not yet been produced, Google will produce them before the end of fact discovery. | further, GOOD FAITH, efforts by both sides to evaluate and address issues presented by Google's production. The Parties are to IMMEDIATELY address these issues in person or by videoconference and **to continue to meet and confer** following Google's completion of production no later than March 4, 2022. Issues that remain following the completion of production on March 4, 2022, and robust, in-person meet and confer, may be submitted to the Court in the Parties' final chart on **March 11, 2022**. |
| P29<br>2/25/22 | Deposition of Google Employee Borsay: The parties have a dispute regarding Plaintiffs' request to depose Sabine Borsay. | Plaintiffs' Position: In November 2021, the *Brown* and *Calhoun* plaintiffs requested a joint deposition of Google employee Sabine Borsay. Ms. Borsay is Google's Product Manager responsible for Chrome Identity and Incognito, and she is one of the ten original custodians Google selected in January 2020. Ms. Borsay authored and has many key documents concerning Googles' collection of private browsing data. For example, she is the sole | Plaintiffs in both actions may together agree to take Ms. Borsay's joint deposition remotely, to be completed by **March 15, 2022**. The deposition is not to exceed 6 hours and is to provide appropriate |

# EXHIBIT A

| Dispute No. | Dispute | Status as of 2/25/22 Joint Submission | Court's Ruling |
|---|---|---|---|
| | | custodian of a Google presentation stating the "Sin Rastro Incognito story" should be that "Google doesn't collect personal information while in private mode" but then admitting that "[t]hose guarantees *aren't true in Chrome*" where "[u]sers currently believe that none of their data is collected and they are essential[ly] anonymous (ads not personalization, no data collected, no personal data collected, etc.)" and that "[w]hen using our products in Incognito, we require no consent." She has admitted in internal documents that Google is "blurring the boundary w.r.t. what incognito means" and expressed "concerns about the [Incognito] spy icon being misleading" where the "[Incognito] Name and spy [icon] indicate you are invisible." In early December 2021, Google's counsel stated that Ms. Borsay would not be available until mid-February because she was out on maternity leave. Plaintiffs sought to accommodate Google and Ms. Borsay, and Plaintiffs followed up later to schedule that deposition. In response, on February 22, Google's counsel asserted for the first time that "Ms. Borsay will not be able to sit for a deposition in the *Brown* and *Calhoun* actions."<br><br>Plaintiffs proposed a stipulation to avoid the need to brief this issue for the Court, offering to forego deposition in exchange for (1) admission of Ms. Borsay's documents at trial without a sponsoring witness (2) agreement Ms. Borsay would not testify at trial or via declaration and (3) without Google otherwise seeking to have others testify about those documents. Alternatively, Plaintiffs proposed the deposition go forward but agreed to break up the | accommodations to be agreed to by the Parties to address Ms. Borsay's child-care needs.<br><br>Alternatively, Plaintiffs in both actions together may accept a stipulation from Google which provides for:<br><br>1. The authenticity and admissibility of the documents for which Ms. Borsay is the sole custodian. Admissibility of the documents would be without regard for a sponsoring witness at trial;<br><br>2. Google will not call Ms. Borsay as a witness at trial; and<br><br>3. At Plaintiffs' request, Google will make Mr. Mardini available for an additional 7 hour joint deposition no later than **March 11, 2022**, not to count against the total number of depositions. |

# EXHIBIT A

| Dispute No. | Dispute | Status as of 2/25/22 Joint Submission | Court's Ruling |
|---|---|---|---|
| | | deposition over several days to accommodate Ms. Borsay's childcare needs. Google's proposal to offer Mr. Mardini for another deposition does not work. Mr. Mardini is not a custodian for key documents Plaintiffs seek to cover with Ms. Borsay, and Mr. Mardini previously testified that he had little involvement in or knowledge about Google's 2021 revisions to Google's Incognito disclosures, because Ms. Borsay was leading that project. Mardini Tr. 453:4-7. Ms. Borsay's documents describe how Google was in 2021 seeking to revise Google's Incognito disclosures due to user misconceptions caused by the disclosures at issue in this lawsuit. Mr. Mardini testified that he did not even become involved with Incognito until late 2018 or 2019, and he is not an adequate substitute.<br><br>Plaintiffs submit that Google should either agree to Plaintiffs' reasonable stipulation (without qualifications) or make Ms. Borsay available for her deposition, with any necessary accommodations for Ms. Borsay.<br><br><u>Google's Position</u>: Plaintiffs' recitation misstates the parties' prior discussions, and ignores the context of Ms. Borsay's availability and employment status. Ms. Borsay only just returned (less than a week ago) from maternity leave, and Google promptly updated Plaintiffs of her status. Ms. Borsay now has one young child and a newborn under her care. In light of her status as a new mother with infant-care obligations and other childcare issues ████████ ████████████████████, Ms. Borsay returned on a limited, | Plaintiffs are to inform Google as to how they intend to proceed **within 24 hours** of receipt of this order. |

EXHIBIT A

| Dispute No. | Dispute | Status as of 2/25/22 Joint Submission | Court's Ruling |
|---|---|---|---|
| | | part-time basis.<br><br>Ms. Borsay is also a German resident—and must be deposed in Germany—a fact of which Plaintiffs have been aware since October 6, 2021. Depositions of German residents may be taken on notice or by issuance of a commission by an American court under the Hague Convention. This is hardly surprising, as this process has been followed by the Parties and this Court since September 2021 for the deposition of other German residents (*i.e.*, Messrs. Schumann, Halavati, and Eisinger)—each of whom traveled from Germany to Switzerland to be deposed. *See e.g.*, Dkts. 301, 301-1, 448, 449. *See also Brown v. Google LLC*, No. 4:20-cv-03664-YGR-SVK, Dkts. 368, 369. Although those Google employees were willing to travel, Germany still has numerous COVID-related restrictions in place and the travel has been entirely voluntary. In any event, it is unreasonable and inappropriate to require a ▮▮▮▮ mother to assume such disproportionate risks during a pandemic. Google informed Plaintiffs nearly *three months* ago on December 3, 2021 that Ms. Borsay would not be able to travel for the deposition, yet they did nothing.<br><br>To allay Plaintiffs' late concerns, Google offered to produce Ms. Borsay's immediate supervisor (and current custodian) Abdelkarim Mardini, Group Product Manager, whom (i) Google also disclosed in its Initial Disclosures, (ii) whose documents Google has searched and produced, (iii) the *Calhoun* and *Brown* Plaintiffs jointly deposed on | |

## EXHIBIT A

| Dispute No. | Dispute | Status as of 2/25/22 Joint Submission | Court's Ruling |
|---|---|---|---|
| | | November 23-24, 2021, (iv) shares several thousand custodial documents with Ms. Borsay, and (v) is knowledgeable about the specific topics that Plaintiffs intend to probe through Ms. Borsay's deposition. Plaintiffs should accept Google's reasonable compromise in light of these extenuating circumstances. However, as an alternative compromise, Google has informed Plaintiffs that it is willing to forego offering Ms. Borsay as an affirmative witness at trial, and enter a stipulation to address the authenticity of documents that are solely in her custodial files (and no other deponent). Google has yet to hear back from Plaintiffs regarding this alternative compromise. | |