# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# EXHIBIT A

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| **RFP 189:** All histograms involving Chrome Incognito mode. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and seeks "[a]ll histograms involving Chrome Incognito mode." (emphasis added). As worded, this request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires that the propounding party "describe with reasonable particularity each item or category of items to be inspected." The request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows:<br><br>Google will produce non-privileged, non-work product, relevant documents relating to histograms involving Chrome Incognito mode responsive to this Request to the extent such documents exist and have not already been produced, are within Google's possession, custody or control, and can be located following a reasonable search. | <u>Joint</u>: The parties addressing this RFP separately in connection with RFP 166 in the "Dashboards Data" dispute (P27). | |

| | Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|---|
| | **RFP 193:** All financial calculations and related documents concerning how any changes to Incognito mode for Chrome may impact Google's revenue, including any changes from January 1, 2020 and continuing through the latest time for which any such calculations have been made. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request to the extent it is duplicative of Request for Production Nos. 170 and 180, and incorporates its objections and responses to those requests. Google further objects to this request as vague and ambiguous as to "financial calculations," "related documents," "any changes," "may impact," "revenue," and "the latest time for which any such calculations have been made." Google further objects to this request as compound, overly broad, and unduly burdensome because the request is not limited in scope and seeks all "financial calculations and related documents concerning how any changes to Incognito mode for Chrome may impact Google's revenue" and "including any changes from January 1, 2020 and continuing through the latest time for which any such calculations have been made." (emphasis added). As worded, this request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), | <u>Plaintiffs</u>: This request seeks financial calculations and related documents concerning Incognito mode changes, including Google's valuation of the Incognito brand and any adjustments based on changes to Incognito. Google should produce these documents.<br><br>This request also covers any ▮▮▮▮▮▮▮▮▮▮. *See, e.g.*, GOOG-CABR-00141923. Google has not produced these documents.<br><br>If Google is willing to ▮▮▮▮▮▮▮▮▮▮<br><br><u>Google</u>: Google searched for and produced non-privileged documents responsive to this request pursuant to a negotiated agreement reached between the parties. After fulfilling its part of the agreement, and after the close of discovery, Plaintiffs for the first time seek ▮▮ documents | |

| | Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|---|
| | | which requires that the propounding party "describe with reasonable particularity each item or category of items to be inspected." The request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding exactly what information they seek, the relevance of the information sought, and to determine whether it is possible to appropriately narrow the scope of this request. | in response to this request. Although this request comes too late, Google has informed Plaintiffs that it is willing to discuss production of responsive, non-privileged documents related to ▓▓▓▓▓▓▓▓▓▓ | |
| | **RFP 218:** Documents sufficient to understand Google's online and mobile advertising business, including: A. How Google generates revenues and profits from its online and mobile advertising business; B. How Google promotes its advertising services to potential advertisers; C. How Google promotes its services to publishers; and D. How Google's advertisements are priced. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to "sufficient to understand." Google further objects to this request as compound, overly broad, and unduly burdensome because the request is not limited in scope and seeks all documents "Documents sufficient to understand Google's online and mobile advertising business, including:" regarding the information requested in the list of 4 sub-requests (A) through (D), | Plaintiffs: Plaintiffs allege that Google profits from its surreptitious collection of private browsing data, and information about Google's online business is relevant for damages purposes. To the extent that Google's unlawfully collected private browsing data is used for its mobile advertising business, that information is similarly relevant.

Google claims overbreadth yet did not propose any reasonable narrowing of this request. This request is narrowly limited to | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| | each of which is in itself compound, vague, ambiguous, overly broad, and unduly burdensome. For example, Google objects to this request as vague and ambiguous as to "generates revenues and profits," "online and mobile advertising business," and "promotes its advertising services to potential advertisers." Google further objects to this request as compound due to the Plaintiffs attempt to mask approximately 4 new RFPs as one. As worded, this request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows:<br><br>Google will not produce documents in response to this request. | documents "sufficient to understand" Google's ads business. In November 2021, Google agreed to search for and produce responsive documents. Google has produced only three documents in response to this RFP (and RFPs 219–220):<br><br>[redacted]<br><br>Google's production is deficient. For example, the three documents Google produced do not provide information about the range of prices that Google sets for advertising. They similarly do not say anything about Google's "revenues and profits."<br><br>Google should produce these documents.<br><br>Google: When the parties met and conferred in November 2021, Plaintiffs were unable to | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| | | substantiate the relevance of documents "sufficient to understand" two entire business units.<br><br>Although Google maintained its objection that this RFP was overbroad, it informed Plaintiffs that there is a plethora of public sources for documents that relate to Google's advertising services. Google also offered to look for and produce summary documents that it could reasonably find regarding the topic. That is what Google did.<br><br>Plaintiffs have failed to show how a generalized understanding of these business units is relevant to this case. While meeting and conferring regarding this RFP, Plaintiffs were unable to identify the types of documents that they would consider to be "sufficient" in response to this request. To the extent Plaintiffs seek any additional documents beyond those that Google has located and produced upon a reasonable search, the associated burden with collecting and producing these documents outweighs any probative value. | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| **RFP 219:** Documents concerning the drivers of demand for Google's online and mobile advertising business, including surveys of advertisers and/or publishers; market studies; market research reports; etc. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to "the drivers of demand," "online and mobile advertising business," and surveys of advertisers and/or publishers; market studies; market research reports; etc." Google further objects to this request as compound, overly broad, and unduly burdensome because the request is not limited in scope and seeks documents "concerning the drivers of demand for Google's online and mobile advertising business," and "including surveys of advertisers and/or publishers; market studies; market research reports; etc." As worded, this request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires that the propounding party "describe with reasonable particularity each item or category of items to be inspected." The request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows: | <u>Plaintiffs</u>: Plaintiffs allege that Google profits from its surreptitious collection of private browsing data, and information about Google's online business is relevant for damages purposes. To the extent that Google's unlawfully collected private browsing data is used for its mobile advertising business, that information is similarly relevant. In November 2021, Google agreed to search for and produce responsive documents. Google has produced only three documents in response to this RFP (and RFPs 219–220):<br><br>[redacted]<br><br>Google's production is deficient. None of these documents are "surveys of advertisers and/or publishers," "market studies," or "market research reports" "concerning the drivers of | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| | Google will not produce documents in response to this request. | demand for Google's online and mobile advertising business"<br><br>Lastly, this request is not overbroad, and Google did not propose any reasonable narrowing of this request. But in the interest of compromise, Plaintiffs are willing to limit this request to documents concerning the drivers of demand for Google's online and mobile advertising business as it relates to private browsing.<br><br><u>Google</u>: When the parties met and conferred in November 2021, Plaintiffs were unable to substantiate the relevance of all documents concerning "the drivers of demand for Google's online and mobile advertising," and acknowledged that the request was overbroad (yet failed to offer a reasonable compromise in the four intervening months). Plaintiffs have not provided any reason that such documents are relevant to the case, but claimed that their experts had requested them.<br><br>Although Google maintained its objection that this RFP was overbroad and requested | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| | | documents that are not relevant to this case, Google offered to search for and produce general documents regarding the drivers of demand for Google's advertising services, to the extent such documents could be found after a reasonable search. That is what Google did.<br><br>Any probative value that could be found in surveys, studies, and market research generally about Google's advertising business is outweighed by the burden associated with collecting such documents.  Google has already produced surveys, studies, and market research as they relate to the key issues of this case, including Incognito mode, and Google's privacy disclosures, to the extent such documents exist and were found after a reasonable search. | |
| **RFP 220:** Planning documents (e.g., business plans, marketing plans, management presentations) for Google's online and mobile advertising business. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to "planning documents," "business plans," "marketing plans," "management presentations," and "online and mobile advertising business." Google further objects to this | <u>Plaintiffs</u>: Plaintiffs allege that Google profits from its surreptitious collection of private browsing data, and information about Google's online business is relevant for damages purposes. To the extent that Google's unlawfully collected private browsing data is used for its mobile advertising business, that | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
|  | request as compound, overly broad, and unduly burdensome because the request is not limited in scope and seeks documents "Planning documents…for Google's online and mobile advertising business" and "e.g., business plans, marketing plans, management presentations." As worded, this request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires that the propounding party "describe with reasonable particularity each item or category of items to be inspected." The request for "planning documents" is not relevant or proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows:<br><br>Google will not produce documents in response to this request. | information is similarly relevant. In November 2021, Google agreed to search for and produce responsive documents. Google has produced only three documents in response to this RFP (and RFPs 219–220):<br><br>[redacted]<br><br>Google's production is deficient. None of these documents are planning documents, such as "business plans, marketing plans, or management presentations" for Google's online and mobile advertising business. Google should produce these documents.<br><br>Lastly, this request is not overbroad, and Google did not propose any reasonable narrowing of this request. But in the interest of compromise, Plaintiffs are willing to limit this request to planning documents for |  |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| | | Google's online and mobile advertising business relating to private browsing.<br><br><u>Google</u>: This RFP is facially overbroad as worded and not focused on the issues that are key to this case. Tellingly, when the parties met and conferred in November 2021, Plaintiffs were unable to substantiate the relevance of all "planning documents" related to Google's advertising business and acknowledged that the request was overbroad (yet, as with RFP 219, failed to propose a reasonable compromise). Plaintiffs have not provided any reason that such documents are relevant to the case, but claimed that their experts had requested them. Although Google maintained its objection that this RFP was overbroad and requested documents that are not relevant to this case, Google offered to search for and produce general documents regarding Google's advertising business. That is what Google did. Any probative value that could be found in Google's advertising planning documents is outweighed by the burden associated with collecting such documents. | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
| **RFP 230:** Documents sufficient to show all information accessible to ▮▮▮▮▮ team throughout the class period when searching for information responsive to subpoenas, including without limitation any information Google classifies as "unauthenticated" and any private browsing information. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to "accessible," "information responsive to subpoenas," and "private browsing information." Google further objects to this request as compound, overly broad, and unduly burdensome because the request is not limited in scope and seeks documents "sufficient to show all information accessible . . . when searching for information responsive to subpoenas[.]" As worded, this request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires that the propounding party "describe with reasonable particularity each item or category of items to be inspected." The request is neither relevant nor proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google also objects to the extent that the request "to show all information accessible" calls for the production of private and confidential information of third-party users without adequate | Plaintiffs: Google should produce these relevant documents, limited to the class period and documents "sufficient to show." <br><br> Alternatively, if Google is unwilling to produce those documents, it should admit that the private browsing information at issue in this lawsuit has throughout the class period been accessible to Google's ▮▮▮▮▮ when searching for information responsive to subpoenas. <br><br> Google: Google has satisfied Plaintiffs' request and there is nothing further that Google can produce in response to this RFP. Google performed a reasonable search and did not locate any non-privileged documents that contain the information that Plaintiffs seek. Plaintiffs' alternative request that Google "admit" certain factual assertions is improper discovery on discovery, and in any event, is unnecessary where Google has already undertaken the requested search. | |

| Request | Google's Response | Parties' Compromise Proposal | Court |
|---|---|---|---|
|  | justification. Google further objects to this request because it seeks highly sensitive and personal information not relevant to establishing any party's claim or defense. Google further objects to this request as seeking irrelevant information because it is not limited to Chrome users in the United States. For these reasons, Google will not produce documents in response to this request. |  |  |