QUINN EMANUEL URQUHART & SULLIVAN, LLP
Diane M. Doolittle (CA Bar No. 142046)         Andrew H. Schapiro (admitted *pro hac vice*)
dianedoolittle@quinnemanuel.com                andrewschapiro@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)               Teuta Fani (admitted *pro hac vice*)
sarajenkins@quinnemanuel.com                   teutafani@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor              191 N. Wacker Drive, Suite 2700
Redwood Shores, CA 94065                       Chicago, IL 60606
Telephone: (650) 801-5000                      Telephone: (312) 705-7400
Facsimile: (650) 801-5100                      Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)          Josef Ansorge (admitted *pro hac vice*)
stephenbroome@quinnemanuel.com                 josefansorge@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)             Xi ("Tracy") Gao (CA Bar No. 326266)
violatrebicka@quinnemanuel.com                 tracygao@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)             Carl Spilly (admitted *pro hac vice*)
crystalnixhines@quinnemanuel.com               carlspilly@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)            1300 I Street NW, Suite 900
alyolson@quinnemanuel.com                      Washington D.C., 20005
865 S. Figueroa Street, 10th Floor             Telephone: (202) 538-8000
Los Angeles, CA 90017                          Facsimile: (202) 538-8100
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)    Jonathan Tse (CA Bar No. 305468)
jomairecrawford@quinnemanuel.com               jonathantse@quinnemanuel.com
51 Madison Avenue, 22nd Floor                  50 California Street, 22nd Floor
New York, NY 10010                             San Francisco, CA 94111
Telephone: (212) 849-7000                      Telephone: (415) 875-6600
Facsimile: (212) 849-7100                      Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S SUBMISSION RE: PLAINTIFFS' REQUEST FOR *IN CAMERA* REVIEW**<br><br>Judge: Hon. Susan van Keulen, USMJ |

March 14, 2022

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

Re:     Google Submission re: *In Camera* Privilege Review

Dear Magistrate Judge van Keulen:

      Pursuant to your Honor's order (Dkt. 468), Google submits this statement, supporting declarations, and documents for the Court's *in camera* review.

## GOOGLE'S STATEMENT

The Court has ordered Google to submit for *in camera* review documents produced by Google bearing the Bates numbers GOOG-CABR-03667431, GOOG-CABR-05766200, GOOG-BRWN-00846508, and GOOG-CABR-00547295. Dkt. 468. As explained further below and in the supporting declarations of Josef Ansorge, Ryan Blackhart, Toni Baker, Noelle Kvasnosky Luiten, and Bert Leung, the documents that Google has withheld or redacted are clearly protected from disclosure by the attorney-client privilege and/or work product protections. Plaintiffs' request for their production following *in camera* review should be denied.

### 1. GOOG-CABR-03667431 (withheld)

This document was created at the direction of outside counsel Josef Ansorge for the purposes of facilitating the rendering of legal services through a discussion between Google employees and Google inside and outside counsel regarding discovery issues in this case. Ansorge Decl. ¶¶ 3-5; Baker Decl. ¶¶ 4-5; Blackhart Decl. ¶ 5; Leung Decl. ¶ 5. As such, the entirety of this document is protected from disclosure by the attorney work product doctrine. *See In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2004) ("The work product doctrine . . . protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'"); *U.S. ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 685 (S.D. Cal. 1996) ("One of the primary functions of the work-product doctrine is to prevent a current or potential adversary in litigation from gaining access to the fruits of counsel's investigative and analytical effort, and strategies for developing and presenting the client's case."). The document also contains comments that are discussions between Google inside and outside counsel and Google employees, Ansorge Decl. ¶¶ 6-9, Baker Decl. ¶ 5, Blackhart Decl. ¶ 5, Leung Decl. ¶¶ 6-9, regarding legal advice concerning Google's responses to discovery requests, which fall squarely within the scope of the attorney-client privilege. *See United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) ("The attorney-client privilege applies to communications between corporate employees and counsel, made at the direction of corporate superiors in order to secure legal advice.") (citation omitted). That the discussion focuses on technical issues does not render the document non-privileged. *See AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614, at *4 (N.D. Cal. Apr. 18, 2003) ("Technical information 'primarily concerned with giving legal guidance' remains privileged."). This document—and the communications it contains between Messrs. Ansorge, Blackhart, Leung, and Ms. Baker—is therefore protected from disclosure by the attorney-client privilege and work product doctrine.

As to Plaintiffs' suggestion that this document should be produced pursuant to the "crime-fraud exception" (Dkt. 456 at 2), the Court need look no further than to the contents of the document to see that this claim is baseless. The crime-fraud exception requires the party seeking the production of a privileged document to satisfy a two-part test—a burden that cannot be satisfied based on the facts surrounding the document's creation (*see, e.g.*, Ansorge Decl. ¶¶ 4-11):

> First, the party must show that 'the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme.' Second, it must demonstrate that the attorney-client communications for which production is sought are 'sufficiently related to' and were made 'in furtherance of [the] intended, or present, continuing illegality.'

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1950377, at *2 (N.D. Cal. May 1, 2019) (citing *In re Grand Jury Investigation*, 810 F.3d 1110 (9th Cir. 2016)). As the contents

of the document show, Mr. Ansorge did not instruct Google to spoliate evidence or otherwise engage in fraudulent or criminal activity. Ansorge Decl. ¶ 10. On the contrary - the identifiers and data that Google is required to produce in this case have been preserved and produced to Plaintiffs via the Special Master process. Ansorge Decl. ¶ 11. Google has not "engaged in or plan[ned] a criminal or fraudulent scheme," and the legal advice contained in GOOG-CABR-03667431 does not "further" any such scheme. *Planned Parenthood*, 2019 WL 1950377 at *2. Thus, the crime-fraud exception does not apply. Plaintiffs' request to compel production of this document should be denied.

### 2. GOOG-CABR-05766200.R (redacted)

Google redacted three portions of this document concerning legal advice requested from and provided by Google in-house counsel Noelle Kvasnosky Luiten. The "Considerations . . . legal" section (at -202) of this document contains legal advice prepared by Ms. Luiten regarding draft public disclosures. Luiten Decl. ¶¶ 3, 5. The redacted "Considerations . . . privacy" (at -202-03) and "Privacy review guidance" (at -203) sections of this document are also covered by the attorney-client privilege because these sections consist of proposed technical solutions and privacy review guidelines prepared by non-lawyers that reflect and incorporate Ms. Luiten's legal advice. Luiten Decl. ¶¶ 4, 5. As such, these sections were properly redacted and withheld from disclosure based on the attorney-client privilege. *See Visa U.S.A., Inc. v. First Data Corp.*, 2004 WL 1878209, at *9 (N.D. Cal. Aug. 23, 2004) (documents prepared at the request of counsel for the purpose of rendering legal advice are privileged); *In re Banc of California Sec. Litig.*, 2018 WL 6167907, at *2 (C.D. Cal. Nov. 26, 2018) ("When a client sends a draft disclosure document to an attorney for comment or input, the attorney-client privilege attaches to the draft and remains intact even after the final document is disclosed."); *see also AT&T Corp.*, 2003 WL 21212614 at *4 ("Technical information 'primarily concerned with giving legal guidance' remains privileged."). As such, Plaintiffs' request to compel production of an unredacted version of this document should be denied.

### 3. GOOG-BRWN-00846508 (redacted)

Google redacted portions of this document (at 512-13) that consist of notes memorializing a discussion between Google engineers Bert Leung and Mandy Liu conveying guidance from Google in-house counsel and identifying issues to submit to Google in-house counsel to seek legal advice. Leung Decl. ¶¶ 10-12. "[I]nternal communications that reflect matters about which the client intends to seek legal advice are protected." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002). As this Court has recognized, a document is not outside of the scope of the attorney-client privilege "just because there is not a lawyer in the loop reflected in the communication." Oct. 27, 2021 Hrg. Tr. 9:12-13. Thus, Plaintiffs' request to compel production of an unredacted version of this document should be denied.

### 4. GOOG-CABR-00547295 (redacted)

Google properly redacted two sections of this document because they consist of communications that are protected from disclosure by the attorney-client privilege. The first redacted section in this document (at -296) of Mr. Leung's July 13, 2020 email (which is reflected in the document as an in-line response to an email from Google engineer Chris Liao) states Mr. Leung's intention to make certain design changes based on legal advice. Leung Decl. ¶¶ 13-15. The second redacted section in this document (at -296) conveys legal advice that Mr. Leung obtained from Google in-house competition counsel. Leung Decl. ¶¶ 13, 16-17. These communications are also protected

from disclosure by the attorney-client privilege. *See* Oct. 27, 2021 Hrg. Tr. 9:13-19; *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1077 (attorney-client privilege extends to "communication[s] between nonlegal employees in which the employees discuss or transmit legal advice given by counsel . . . [because] [s]uch communications obviously reveal privileged communications."); *id.* ("[I]nternal communications that reflect matters about which the client intends to seek legal advice are protected."). Indeed, as this Court has already recognized, "you often have non-lawyers transmitting legal advice, sharing legal advice, acting on legal advice that is reflected in a document, and as we know from . . . the Ninth Circuit, transmitting legal advice, sharing it, discussing it, even without the lawyer, is still within the coverage of attorney-client privilege." Oct. 27, 2021 Hrg. Tr. 9:13-19. Plaintiffs' request to compel production of an unredacted version of this document should be denied.

| | | |
|---|---|---|
| 1 | DATED: March 14, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By    */s/ Andrew H. Schapiro*

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*