**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

| | |
|---|---|
| Diane M. Doolittle (CA Bar No. 142046) dianedoolittle@quinnemanuel.com Sara Jenkins (CA Bar No. 230097) sarajenkins@quinnemanuel.com 555 Twin Dolphin Drive, 5th Floor Redwood Shores, CA 94065 Telephone: (650) 801-5000 Facsimile: (650) 801-5100 | Andrew H. Schapiro (admitted *pro hac vice*) andrewschapiro@quinnemanuel.com Teuta Fani (admitted *pro hac vice*) teutafani@quinnemanuel.com 191 N. Wacker Drive, Suite 2700 Chicago, IL 60606 Telephone: (312) 705-7400 Facsimile: (312) 705-7401 |
| Stephen A. Broome (CA Bar No. 314605) stephenbroome@quinnemanuel.com Viola Trebicka (CA Bar No. 269526) violatrebicka@quinnemanuel.com Crystal Nix-Hines (Bar No. 326971) crystalnixhines@quinnemanuel.com Alyssa G. Olson (CA Bar No. 305705) alyolson@quinnemanuel.com 865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017 Telephone: (213) 443-3000 Facsimile: (213) 443-3100 | Josef Ansorge (admitted *pro hac vice*) josefansorge@quinnemanuel.com Xi ("Tracy") Gao (CA Bar No. 326266) tracygao@quinnemanuel.com Carl Spilly (admitted *pro hac vice*) carlspilly@quinnemanuel.com 1300 I Street NW, Suite 900 Washington D.C., 20005 Telephone: (202) 538-8000 Facsimile: (202) 538-8100 |
| Jomaire Crawford (admitted *pro hac vice*) jomairecrawford@quinnemanuel.com 51 Madison Avenue, 22nd Floor New York, NY 10010 Telephone: (212) 849-7000 Facsimile: (212) 849-7100 | Jonathan Tse (CA Bar No. 305468) jonathantse@quinnemanuel.com 50 California Street, 22nd Floor San Francisco, CA 94111 Telephone: (415) 875-6600 Facsimile: (415) 875-6700 |

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, | Case No. 5:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF JOSEF ANSORGE IN SUPPORT OF GOOGLE'S ASSERTION OF PRIVILEGE** |

| | |
|---|---|
| individually and on behalf of all similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Referral: Hon. Susan van Keulen, USMJ |

I, Josef Ansorge, declare as follows:

1. I am of counsel at Quinn Emanuel Urquhart & Sullivan LLP, which serves as Google's outside counsel in this litigation. I make this declaration of my own personal, firsthand knowledge, and if called as a witness, I could and would testify competently thereto.

2. In my role as outside counsel for Google in this litigation, I frequently communicate with Google engineers and Google in-house counsel to provide legal advice and obtain information from Google employees necessary to provide this advice.

3. I am familiar with and was directly involved in preparing GOOG-CABR-03667431 and the communications contained therein between myself, Google in-house discovery counsel Ryan Blackhart, Google in-house discovery counsel Toni Baker, and Google engineer Bert Leung.

4. This document is a "Google Docs"-formatted file. Google Docs is a web-based document program that allows multiple people to work in a document at the same time: edits can be seen as they are made, conversations can take place via comments directed to particular individuals and responses thereto. As such, it is common for discussions between Google outside counsel, Google in-house counsel, and Google non-attorney employees to take place in the

comments in a given Google document. These comments appear on the right-hand side of the document and are preceded by the word "Commented" followed by a number in brackets.

5. GOOG-CABR-03667431 was prepared at my direction by Mr. Leung to provide technical information for me to evaluate the burden associated with preserving unauthenticated (b-logs) logs data.

6. In Comment 3, in connection with Google's efforts to comply with discovery requests for ongoing litigation, I provided Google in-house counsel Ryan Blackhart and Google engineer Bert Leung with legal advice relating to Google's efforts to preserve specific types of unauthenticated pseudonymous data and requested Mr. Leung's engineering support in the preservation and collection of the same. Further, I requested from Mr. Leung information relating to the technological limitations associated with this data collection effort to inform my legal advice regarding Google's compliance with Plaintiffs' discovery requests and related court orders.

7. In Comment 4, I provided additional legal advice regarding the scope of the data preservation requirements for unauthenticated pseudonymous data. Google preserves data keyed by GAIA ID in p-logs, and data keyed by Biscotti ID in b-logs. At the time this memo was created and Comment 4 was made, Plaintiffs had not provided any Biscotti IDs to us for preservation. I was certainly not conveying that p-log data should not be preserved. P-log data going back to June 2020 has been preserved and produced in this case.

8. In Comment 7, I responded to clarifying questions from Mr. Leung posed in Comment 6 relating to my data collection request and provided legal advice regarding Google's data preservation efforts.

9. In Comment 9, I responded to clarifying questions from Mr. Leung posed in Comment 8 relating to my data collection request and provided legal advice distinguishing the current request from a previous discovery request mentioned by Mr. Leung in Comment 8.

10. As the contents of this document make clear, this is a privileged communication, reflecting attorney work product, and I did not advise Google to spoliate evidence or otherwise engage in fraudulent or criminal activity.

11. Via the Special Master process, Google has produced all preserved data (multiple gigabytes) that do not require publisher notice and are associated with P-logs referenced in Comment 4. The parties are also engaged in discussions with the Special Master on proportional and pragmatic ways to target production of the remaining preserved P-log data without having to provide reasonable notice to hundreds of publishers.

12. If the Court has any questions about the meaning or intent of my comments in this document, I would be amenable to submitting a further declaration *in camera* subject to a reservation of Google's attorney-client privilege and work product protection.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed in Washington, DC on March 14, 2022.

DATED: March 14, 2022

By  *s/Josef Ansorge*
Josef Ansorge