QUINN EMANUEL URQUHART & SULLIVAN, LLP
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM FOR MARCH 17, 2022 DISCOVERY HEARING (DKT NO. 477)**<br><br>Referral: Hon. Susan van Keulen, USMJ<br>Hearing Date: March 17, 2022<br>Hearing Time: 10:00 A.M. |

## I. INTRODUCTION

Both parties expect to reference or discuss Google protected materials at the March 17, 2022 hearing related to the discovery disputes raised in the parties' March 14, 2022 Joint Submission in Response to Dkt. 447 re: Status of Discovery Disputes (Dkt. 485), which was filed under seal. Dkt. 484.

In accordance with Section 5.2(b) of the Protective Order (Dkt. 81), Plaintiffs informed Google that they intend to discuss at the March 17, 2022 hearing issues that would involve revealing discovery material designated Confidential or Highly Confidential-Attorneys' Eyes Only by Google, including the parties' March 14, 2022 Joint Submission in Response to Dkt. 447 re: Status of Discovery Disputes (Dkt. 485), which was filed under seal. Dkt. 484. These discussions will contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly and will be discussed at the March 17, 2022 hearing, including details related to Google's internal systems, practices, projects, and identifiers, and their proprietary functions, the various types of logs maintained by Google, information contained in those logs, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors.

The Court previously sealed the April 29, 2021 hearing (Dkt. 143) and portions of the transcript (Dkt. 174), the June 2, 2021 hearing (Dkt. 183) and portions of the transcript (Dkt. 197), the August 12, 2021 hearing (Dkt. 238) and portions of the transcript (Dkt. 286), the September 30, 2021 hearing (Dkt. 285) and portions of the transcript (Dkt. 341), the November 4, 2021 hearing (Dkt. 320) and portions of the transcript (Dkt. 341), and the February 28, 2022 hearing (Dkt. 432) in this case related to the same or substantively similar information pursuant to Google's request. At the time of this filing, Google also anticipates that the same or similar protected information will be discussed in the March 17, 2022 hearing in *Calhoun v. Google LLC*, No. 4:20-cv-05146 (N.D. Cal.) and therefore will also move to seal the courtroom for that hearing.

In light of the highly confidential material to be discussed at the March 17, 2022 hearing, Google asked Plaintiffs whether they oppose sealing the hearing pursuant to Civil Local Rules 7-11 and 79-5 and Federal Rule of Civil Procedure 26(c). Tse Decl., ¶ 3. Plaintiffs stated they do not

oppose Google's request. *Id.* Therefore, Google now moves the Court to seal the courtroom for the March 17, 2022 hearing related to the parties' March 14, 2022 Joint Submission in Response to Dkt. 447 re: Status of Discovery Disputes (Dkt. 485).

## II. LEGAL STANDARD

The common law right of public access to judicial proceedings is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Crowe v. Cty. of San Diego*, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002) ("[T]here is no right of access which attaches to all judicial proceedings." (internal citations omitted)). The right is weakest where, as here, the proceedings concern a non-dispositive discovery motion; rather than satisfy the more stringent "compelling reasons" standard, a party seeking to seal materials in these circumstances must make only a "particularized showing" of "good cause." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Such sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information"); *Standard & Poor's Corp. Inc. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1275 (S.D.N.Y. 1982) ("[T]he overriding interest to be found in business confidences . . . require[s] . . . temporary reasonably restricted access to the Courtroom of members of the public.").

## III. THE HEARING SHOULD BE SEALED BECAUSE PARTIES' ARGUMENTS WILL NECESSARILY INVOLVE DISCLOSURE OF GOOGLE'S HIGHLY SENSITIVE MATERIAL

All facts militate in favor of sealing the March 17, 2022 hearing. The "good cause" standard that governs the sealing determination in non-dispositive motions is easily met. The parties' March 14, 2022 Joint Submission in Response to Dkt. 447 re: Status of Discovery Disputes (Dkt. 485) contain detailed discussions on Google's confidential information, including the highly sensitive features of Google's systems and operations. The information sought to be sealed for this hearing

1  reveals Google's internal systems, practices, projects, and identifiers, and their proprietary
2  functions, the various types of logs maintained by Google, information contained in those logs, that
3  Google maintains as confidential in the ordinary course of its business and is not generally known
4  to the public or Google's competitors. Such information is protectable and must be kept confidential
5  in order to prevent harm to Google's competitive standing. Moreover, public disclosure of Google's
6  confidential information may put Google at an increased risk of cybersecurity threats. *Id.*

7  In particular, the parties' March 14, 2022 Joint Submission in Response to Dkt. 447 re: Status
8  of Discovery Disputes (Dkt. 485) contain information that Google filed under seal and is still
9  pending before the Court (Dkt. 484). To address the issues Plaintiffs raised with respect to this filing
10 and the associated documents, including motions, declarations, and exhibits, Google will need to
11 rely on confidential information regarding highly sensitive features of Google's operations.
12 Specifically, this information provides details related to Google's internal identifiers, projects,
13 practices, and logs, including internal operations related to internal identifiers, which Google
14 maintains as confidential in the ordinary course of its business and is not generally known to the
15 public or Google's competitors. Such highly confidential information reveals Google's internal
16 systems regarding various important products and internal studies.

17 Google must be able to freely refer to this information to fully explain to the Court how its
18 Google's internal identifiers, projects, practices, and logs, including internal operations related to
19 internal identifiers work, in order to contradict Plaintiffs' unsupported positions—without fear of
20 public disclosure of sensitive Google business information. It would be unfair and prejudicial to
21 force Google's counsel to choose between providing facts to the Court by relying on this confidential
22 information and retaining the confidentiality of these highly sensitive facts. If the hearing is not
23 sealed, Google would have to pick between two evils: revealing its highly confidential information
24 that may harm Google and put it at a competitive disadvantage, or vigorously arguing—without
25 supporting facts—that Plaintiffs' blunderbuss discovery demands are burdensome and
26 disproportional.

27 Given the importance and highly sensitive nature of the aforementioned information related
28 to the parties' discovery disputes, Google believes that sealing the courtroom is the correct and most

1  effective approach. Indeed, this Court has recently sealed the April 29, 2021, June 2, 2021, August
2  12, 2021, September 30, 2021, November 4, 2021, and February 28, 2022 hearings as well as the
3  April 29, 2021, June 2, 2021, August 12, 2021, September 30, 2021, and November 4, 2021
4  transcripts where the same or substantively similar information was discussed. The virtual
5  proceedings in this case permit the attendance of hundreds of interested members of the public,
6  including legal experts and journalists, and allowing confidential material to be discussed in open
7  court in these circumstances is tantamount to having it filed publicly on the docket. Google proposes
8  that the Court seal the March 17, 2022 hearing and that Google will file a motion to seal the March
9  17, 2022 transcript 7 business days after the hearing to redact any confidential information.

10  Google defers to the Court as to the best method for sealing the March 17, 2022 hearing in
11  light of the virtual proceedings but proposes that the Court may consider directing the parties to dial
12  into a private Zoom meeting, instead of a Zoom webinar.

13  **IV.   CONCLUSION**

14  For the foregoing reasons, Google respectfully requests that the Court seal the March 17,
15  2022 hearing related to the parties' March 14, 2022 Joint Submission in Response to Dkt. 447 re:
16  Status of Discovery Disputes (Dkt. 485).

18  DATED:  March 16, 2022              QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP

20                                      By   */s/ Andrew H. Schapiro*
                                             Andrew H. Schapiro (admitted *pro hac vice*)
21                                           andrewschapiro@quinnemanuel.com
                                             Teuta Fani (admitted *pro hac vice*)
22                                           teutafani@quinnemanuel.com
                                             191 N. Wacker Drive, Suite 2700
23                                           Chicago, IL 60606
                                             Telephone: (312) 705-7400
24                                           Facsimile: (312) 705-7401

25
                                             Stephen A. Broome (CA Bar No. 314605)
26                                           stephenbroome@quinnemanuel.com
                                             Viola Trebicka (CA Bar No. 269526)
27                                           violatrebicka@quinnemanuel.com
                                             Crystal Nix-Hines (Bar No. 326971)
28                                           crystalnixhines@quinnemanuel.com

| | |
|---|---|
| 1 | Alyssa G. Olson (CA Bar No. 305705) |
| 2 | alyolson@quinnemanuel.com |
|   | 865 S. Figueroa Street, 10th Floor |
| 3 | Los Angeles, CA 90017 |
|   | Telephone: (213) 443-3000 |
| 4 | Facsimile: (213) 443-3100 |

Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice)*
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*