**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHASOM BROWN ET AL.**<br><br>Plaintiffs,<br><br>vs.<br><br>**GOOGLE LLC,**<br><br>Defendant. | Case No.: 20-cv-3664-YGR<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 395 |

Pending before the Court is plaintiffs' motion for leave to file a third amended complaint. (Dkt. No. 395.)[1] Plaintiffs seek to amend their complaint to change their class definitions to cover additional Google products and services.

Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court hereby **GRANTS** the motion for leave to amend.[2]

The parties do not dispute the legal standard that governs this motion. Federal Rule of Civil Procedure 15(a) provides that a trial court should "freely give leave when justice so requires." Generally speaking, the rule is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). That said, "leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

In deciding whether justice requires granting leave to amend, court weighs the following factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the movant has previously amended its pleadings to cure deficiencies, ("Foman factors"). *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Johnson*

---

[1] Both plaintiffs and Google filed administrative motions to seal (Dkt. Nos. 394 and 427) which the Court will address by separate order.

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the motion hearing set for **MARCH 22, 2022**.

1  *v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Of these factors, "the consideration of prejudice
2  to the opposing party [ ] carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316
3  F.3d 1048, 1052 (9th Cir. 2003). "Undue delay alone cannot serve as the basis for the denial of
4  leave to amend." *In re Tracht Gut, LLC v. L.A. Cty. Treasurer & Tax Collect*or, 836 F.3d 1146,
5  1155 n.4 (9th Cir. 2016).

Google has not demonstrated any real prejudice based on the proposed amendment. Google's prejudice arguments focus primarily on the alleged impact of discovery. For instance, Google argues that the proposed amendment would require it to produce additional documents and supplement its discovery responses. (Opp. at. 9.) However, given plaintiffs' agreement not to seek any further or supplemental discovery on the basis of the amendment, the Court finds Google's arguments unpersuasive.

The Court also finds that plaintiffs did not delay in seeking leave to amend. Plaintiffs brought their motion shortly after the Court issued its order denying Google's motion to dismiss. Nor has Google established that plaintiffs are bringing the amendment in bad faith, or that amendment would be futile.

Accordingly, plaintiffs' motion for leave to amend is **GRANTED**. However, given plaintiffs' representations that amendment would not impact discovery in this case, plaintiffs may not rely on their newly revised class definitions to:

- Seek additional or supplemental 30(b)(6) testimony;
- Seek additional or supplemental document productions;
- Request that Google supplement any of its discovery responses; or
- Seek to extend any case deadlines.

Plaintiffs Third Amended Complaint, filed with their motion for leave to amend, is now deemed filed. A response thereto shall be filed in fourteen (14) days from the date of this Order.

This Order terminates Docket No. 395.

**IT IS SO ORDERED.**

Dated: March 18, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**