# Redacted Version of Document Sought to be Sealed

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch CA Bar No. 342125
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William Christopher Carmody
(admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas,
32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
mram@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
**MORGAN & MORGAN**
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' SUPPLEMENT IN SUPPORT OF THEIR MOTION FOR ORDER REQUIRING GOOGLE TO SHOW CAUSE WHY IT SHOULD NOT BE SANCTIONED FOR DISCOVERY MISCONDUCT**<br><br>The Honorable Susan van Keulen<br>Courtroom 6 – 4th Floor<br>Date: April 21, 2022 |

1

# INTRODUCTION

Since Plaintiffs filed their motion for an order to show cause why Google should not be sanctioned (Dkt. 430), Plaintiffs have uncovered additional evidence of Google withholding discovery regarding the identification of private browsing activity.[1]  Plaintiffs' motion focused on Google's concealment of a ███████████████ field that Google developed between 2020 and 2022.  It has since become clear that Google *also* concealed from Plaintiffs the implementation of *additional* Google fields that Google has used to detect Chrome browser Incognito traffic since 2017, including (possibly without limitation) fields named ████████████ and ██████████████████.

As confirmed in meet and confers with counsel for Google, ████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ but Google withheld this information from discovery.  Shockingly, Google recently testified that these Incognito bits have been available since 2017, in Google logs that Plaintiffs have been tirelessly seeking for months.

As with the ██████████████████ field, Google also withheld from Special Master Douglas Brush and Plaintiffs numerous Google logs that contain these other incognito detection fields.  Worse yet, for ██ logs that Google did identify that contain these bits, Google *removed* the ██████████████████ field from the logs' schema before producing the schema to

---

[1] Plaintiffs submit this supplement to give Google an opportunity to also address these issues as part of its response to Plaintiffs' motion, due on March 30, 2022, pursuant to the parties' stipulation and proposed order (Dkt. 474), and so Google may be prepared to address them at the April evidentiary hearing.

1 Plaintiffs and the Special Master.[2]  This marks the second and third instances of Google altering schema to remove fields that Google used to store the detection of incognito traffic.  *See* Dkt. 430 at 5 (explaining how Google altered log schema to remove the ▮▮▮▮▮ field).

This new example is particularly inexcusable given that one of the altered logs included the ▮▮▮▮▮ log, which Special Master Brush ordered Google to produce in December after Plaintiffs explained that Bert Leung was using this log for his Incognito detection work.  Moreover, like with Mandy Liu (who was responsible for ▮▮▮▮▮), Google never identified to Plaintiffs the (different) Google employee responsible for the implementation of these other Incognito detection fields.  And Plaintiffs still have no idea whether other "incognito" detection fields have been implemented into Google logs, and Plaintiffs do not have the documentation relating to these Google detection projects with the X-Geo header.

As demonstrated in their moving papers, Plaintiffs have been severely prejudiced by Google's discovery misconduct.  But for Google's pattern of nondisclosure, Plaintiffs could have (1) sought to ensure preservation of this key data at the outset of this case, and (2) completed the Special Master data productions far earlier and more efficiently.  In addition, (3) Plaintiffs were entitled to all of the implementation documentation regarding these Incognito detection projects and to schedule depositions based on those documents.  Plaintiffs respectfully request that the Court issue appropriate sanctions against Google, as Plaintiffs requested in their moving papers.

## SUPPLEMENTAL FACTS

Previously, Plaintiffs were only aware of the *potential* use of the X-Geo header as a means of detecting Chrome Incognito usage.  A document produced by Google discussed the idea of logging the presence or lack of the X-Geo header because ▮▮▮▮▮

---

[2] It is unclear if Google also removed the field from the Plaintiffs' data that has been produced. This question may be a proper subject of inquiry at the hearing.

1  ██████████████████████████████████████████

2  █████████████████████ Ex. 1, GOOG-BRWN-00536949.[3]

Under the Court's November 12, 2021 Order, Dkt. 338, any logs using the X-Geo header as a detection signal for Chrome Incognito usage – with or without the X-Client-Data header – should have been identified. Google was also on notice of Plaintiffs' interest in the X-Geo header as a potential signal for detecting Incognito mode because Plaintiffs had, in December, noticed the subject as a topic for the Google 30(b)(6) depositions. ¶ 7.

After Plaintiffs filed their motion for an order to show cause, Plaintiffs continued to demand full production of schema and fields, which Google continued to resist. ¶ 9. Having learned about Google's withholding of discovery concerning Google's ███████████████████ field, Plaintiffs pressed for what other "incognito" fields Google may have been redacting from the schema. ¶ 10. When pressed about the proposal outlined in Exhibit 1, GOOG-BRWN-00536949, during the Special Master process, Google still would not answer, insisting that it wanted to save the topic for the 30(b)(6) deposition of Dr. Caitlin Sadowski, which was not until March 10. ¶ 11.

At the ensuing deposition, Dr. Sadowski produced a document showing that Google has multiple, live logs containing fields entitled ████████████████ ████████████████ ¶ 13 & Ex. 2. That Google document lists ██ Google logs that contain these Incognito detection fields, none of which had previously been disclosed to Plaintiffs or Special Master Brush. ¶¶ 14-15. Dr. Sadowski testified that while these additional Google logs also use the X-Client-Data header to identify Chrome Incognito traffic (like the Google logs with the ██████████████ bit), they are different in that Google also uses the X-Geo header with those logs. *See* Ex. 3, Sadowski Tr. 71:8-23. Further, Dr. Sadowski testified:

- Undisclosed Witness: A Google employee named Quinton Fiard is the person most knowledgeable about these Incognito detection fields and logs. Ex. 3, Sadowski Tr. 77:6-

---

[3] Except where otherwise noted, all exhibit and paragraph references in this submission are to the Second Declaration of Mark C. Mao in Support of Plaintiffs' Request for an Order to Show Cause, which is filed concurrently herewith.

        8, 87:18-20, 92:4-6. Like Google employees Bert Leung and Mandy Liu for the ▓▓▓▓▓▓▓▓▓▓ bit, Mr. Fiard was not previously identified by Google as a witness with relevant information.  *See* Dkt. 430-5 (list of over 200 Google employees provided to Plaintiffs).

- Undisclosed Dashboard: These Google logs containing the Incognito detection fields are also used by some unidentified Google dashboard relating to Chrome Incognito mode, which also was not previously disclosed by Google.  Ex, 3, Sadowski Tr. 69:25-73:2 (Google still has not provided requested discovery concerning that dashboard.)

- Undisclosed Logs: Dr. Sadowski did not even know how many *other* Google logs contain the term "incognito" in the field name, although she acknowledged that Google could craft a query to search its logs using the term "incognito."  Ex. 3, Sadowski Tr. 23:8-24:23, 85:18-86:15.

        Despite Plaintiffs' multiple demands and meet and confer efforts, Google has still not provided schema for these additional logs containing these Chrome Incognito fields.  ¶ 17.  And Google's counsel will not confirm how many logs it left out from the Special Master process that contain the term "incognito" in a field name, or whether Google made a full production of all documentation relating to these logs and fields.[4]  ¶ 18.

        On March 11 (following the Rule 30(b)(6) deposition), Plaintiffs raised these issues with the Special Master, explaining that the deficiencies are also relevant to the pending motion for an order to show cause, and the Special Master indicated that he did not object to Plaintiffs raising these issues directly with the Court.  ¶ 19.

        It is still unclear how many Google log sources that track Chrome Incognito usage have been withheld.  ¶ 18.  Google recently capitulated on insisting that only the 100-largest fields for schema be produced.  ¶¶ 21-22.  Google is suddenly now able to produce schema larger than what it previously provided with its ▓▓▓▓▓▓▓▓ tool for logs, which purportedly limited Plaintiffs to just the 100 largest fields.  *See id.*; Dkt. 430-21.  Had Google produced full schema in the first instance, as requested and as ordered, Plaintiffs would have discovered these "incognito" fields months ago.

---

[4] Plaintiffs note that they have repeatedly asked for confirmation that the documentation around the omitted logs has been produced, but counsel has not commented one way or the other.  ¶ 18. Setting aside the obvious relevance of these fields, there may be comments in the log schemas themselves relating to these "incognito" fields that have not been produced, including employee comments in the log proto-files about these fields.

1    On March 11, with a more complete schema production, Google produced for the first time a version of the schema for the ▮▮▮ log that showed the ▮▮▮ field. ¶ 22. Notably, although this log contains an "incognito" detection field, Google did not even identify this log to Plaintiffs and Special Master Brush. ¶ 22. Instead, after learning that Bert Leung had analyzed this log for his Chrome Incognito detection work, Plaintiffs requested this log, and the Special Master in December ordered Google to produce it (over Google's objection). ¶ 22. And even after being compelled to produce this log, Google initially produced an incomplete version of the schema that omitted the ▮▮▮ field. ¶ 22.

On March 11, Google also produced for the first time a more complete schema for Google's ▮▮▮ log, another log used by Bert Leung. ¶ 23. This schema likewise revealed for the first time that this log also included Google's ▮▮▮ field. ¶ 23.

Plaintiffs have since March 11 tried to confer with counsel for Google multiple times regarding the discrepancies concerning the schema productions. ¶ 30. Google still will not (1) explain what happened, (2) commit to producing full schemas for all logs identified during the Special Master process, or (3) identify all logs that contain bits regarding Chrome Incognito usage. ¶ 30.

**SUPPLEMENTAL ANALYSIS**

The Court's November 12 Order was clear. Dkt. 331. Google was required to identify all relevant logs and sources, i.e., "the tools to identify class members using Google's data." Dkt. 331 at 4. Google has not done so. And Google's refusal to comply has created enormous inefficiencies and prejudiced Plaintiffs' ability to obtain and seek preservation of relevant discovery. Plaintiffs' motion for an order to show cause was focused on the ▮▮▮ bit. But it now appears that Google has also been concealing *other* logs with *additional* bits for detecting incognito—including the ▮▮▮ and ▮▮▮ bits.

With respect to the schemas for the logs Google has identified, Google had argued to the Special Master that its redaction of fields was simply an unintended consequence of its ▮▮▮ tool producing schema for the "largest 100" fields. *See* Dkt. 430-21. According to Google,

6

PLAINTIFFS' SUPPLEMENT IN SUPPORT OF ORDER TO SHOW CAUSE MOTION
Case No. 4:20-cv-03664-YGR-SVK

the reason it would not produce schema containing all of the fields in some of these logs is because there were over ▬▬▬ fields in these logs. ¶ 20. But Google had these lists of fields, and it could have readily turned them over to Plaintiffs. Plaintiffs never agreed to Google's unilateral limitation on the schema, and Plaintiffs consistently demanded that Google provide full schemas. ¶ 21. And Google's claimed inadvertence is difficult to square with the facts.

*First*, Google only limited its schema productions to 100 fields for certain logs – which include logs that contain these Google-created "incognito" fields. By contrast, Google produced 180 fields for the ▬▬▬ log. *See* Dkt. 430-1 ¶ 19.

*Second*, Google clearly had alternate methods of producing schemas with more than 100 fields. Google's March 11 production of schema for the ▬▬▬ logs built by Chris Liao, Bert Leung, and Mandy Liu show that Google did have such alternatives because the schema was finally populated with the incognito bit. ¶ 24.

*Third*, it could not be a surprise to Google that imposing an arbitrary "100 largest" fields filter would necessarily omit the relevant "incognito" fields. On March 8, pursuant to this Court's order, Plaintiffs deposed Google employee Mandy Liu, as she is one of the employees who created the ▬▬▬ field. Ex. 4, Liu Tr. 15:2-8. Ms. Liu explained that the ▬▬▬ ▬▬▬ Ex. 4, Liu Tr. 19:24-20:8. Ms. Liu also explained that ▬▬▬ ▬▬▬ Ex. 4, Liu Tr. 41:23-42:12. Google's storing of this ▬▬▬ value would take merely one bit. ¶ 28. Any numerical integer, in contrast, would require 32-bits of storage. ¶ 28. In short, Google's ▬▬▬ bit is far smaller than any other field that contains a single number. Similarly, Dr. Sadowski testified that the ▬▬▬ and ▬▬▬ fields are also Boolean bits and therefore far smaller than the rest of the fields in the logs she identified. Ex. 3, Sadowski Tr. 91:2-8.

Google's strategy of refusing to produce schema reflecting more than the "largest 100" fields virtually guaranteed that Google would withhold information regarding these incognito

7

1  detection fields because they are all small, single-bits that do not surface in the largest 100 fields.
2  ¶ 29.    Google had every opportunity to be forthcoming with respect to the
3  ███████████████████ being in the ████████ and ████████
4  logs.  Google also had every opportunity to identify all such log sources back in November 2021
5  pursuant to the Court's November 12 Order.  Google chose not to do so, which has severely
6  prejudiced Plaintiffs.
7      Discovery is now closed.  And yet Plaintiffs still do not have answers to multiple questions:
8  Has Google actually identified all logs containing the term "incognito" in the field names?  Dr.
9  Sadowski testified that such a query can be performed, and Google still will not explain why it has
10 not done so.  Has Google been redacting fields from the production of Plaintiffs' data produced
11 through the Special Master process?  Has Google withheld relevant documents concerning these
12 fields and log sources in the course of its ESI production?  Google still has not answered these
13 questions nor produced full log schema for all relevant sources, as ordered in November.  Had this
14 information been fully and timely disclosed, the parties could have had an informed discussion
15 about preservation to ensure that Google did not delete relevant data.  Plaintiffs have now been
16 deprived of that opportunity and data.

## **CONCLUSION**

Plaintiffs respectfully request that the Court consider these issues in connection with the upcoming evidentiary hearing and thereafter issue appropriate sanctions against Google.

Dated: March 16, 2022         BOIES SCHILLER FLEXNER LLP

By /s/ Mark C. Mao

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Rebitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (CA Bar No. 342125)
enyborg-burch@bsfllp.com

8

| | |
|---|---|
| 1 | BOIES SCHILLER FLEXNER LLP |
|  | 44 Montgomery Street, 41st Floor |
| 2 | San Francisco, CA 94104 |
|  | Telephone: (415) 293 6858 |
| 3 | Facsimile (415) 999 9695 |
| 4 | James W. Lee (*pro hac vice*) |
|  | jlee@bsfllp.com |
| 5 | Rossana Baeza (*pro hac vice*) |
|  | rbaeza@bsfllp.com |
| 6 | BOIES SCHILLER FLEXNER LLP |
|  | 100 SE 2nd Street, Suite 2800 |
| 7 | Miami, FL 33130 |
|  | Telephone: (305) 539-8400 |
| 8 | Facsimile: (305) 539-1304 |
| 9 | Amanda Bonn (CA Bar No. 270891) |
|  | abonn@susmangodfrey.com |
| 10 | SUSMAN GODFREY L.L.P. |
| 11 | 1900 Avenue of the Stars, Suite 1400 |
|  | Los Angeles, CA 90067 |
| 12 | Telephone: (310) 789-3100 |
| 13 | William Christopher Carmody (*pro hac vice*) |
|  | bcarmody@susmangodfrey.com |
| 14 | Shawn J. Rabin (*pro hac vice*) |
| 15 | srabin@susmangodfrey.com |
|  | Steven Shepard (*pro hac vice*) |
| 16 | sshepard@susmangodfrey.com |
|  | Alexander P. Frawley (*pro hac vice*) |
| 17 | afrawley@susmangodfrey.com |
|  | SUSMAN GODFREY L.L.P. |
| 18 | 1301 Avenue of the Americas, 32nd Floor |
| 19 | New York, NY  10019 |
|  | Telephone: (212) 336-8330 |
| 20 | |
| 21 | John A. Yanchunis (*pro hac vice*) |
|  | jyanchunis@forthepeople.com |
| 22 | Ryan J. McGee (*pro hac vice*) |
| 23 | rmcgee@forthepeople.com |
|  | MORGAN & MORGAN, P.A. |
| 24 | 201 N Franklin Street, 7th Floor |
|  | Tampa, FL 33602 |
| 25 | Telephone: (813) 223-5505 |
|  | Facsimile: (813) 222-4736 |
| 26 | |
| 27 | Michael F. Ram, CA Bar No. 104805 |
|  | MORGAN & MORGAN |
| 28 | |

711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*