Declaration of Mao ISO Plaintiff's Request for an Order to Show Cause

Redacted Version of Document Sought to be Sealed

| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165 | William Christopher Carmody |
| Beko Reblitz-Richardson, CA Bar No. 238027 | (admitted *pro hac vice*) |
| Erika Nyborg-Burch, CA Bar No. 342125 | Shawn J. Rabin (admitted *pro hac vice*) |
| **BOIES SCHILLER FLEXNER LLP** | Steven M. Shepard (admitted *pro hac vice*) |
| 44 Montgomery St., 41st Floor | Alexander Frawley (admitted *pro hac vice*) |
| San Francisco, CA 94104 | **SUSMAN GODFREY L.L.P.** |
| Tel.: (415) 293-6800 | 1301 Avenue of the Americas, |
| mmao@bsfllp.com | 32nd Floor |
| brichardson@bsfllp.com | New York, NY 10019 |
| enyborg-burch@bsfllp.com | Tel.: (212) 336-8330 |
| | bcarmody@susmangodfrey.com |
| James Lee (admitted *pro hac vice*) | srabin@susmangodfrey.com |
| Rossana Baeza (admitted *pro hac vice*) | sshepard@susmangodfrey.com |
| **BOIES SCHILLER FLEXNER LLP** | afrawley@susmangodfrey.com |
| 100 SE 2nd St., 28th Floor | |
| Miami, FL 33131 | John A. Yanchunis (admitted *pro hac vice*) |
| Tel.: (305) 539-8400 | Ryan J. McGee (admitted *pro hac vice*) |
| jlee@bsfllp.com | **MORGAN & MORGAN** |
| rbaeza@bsfllp.com | 201 N. Franklin Street, 7th Floor |
| | Tampa, FL 33602 |
| Amanda K. Bonn, CA Bar No. 270891 | Tel.: (813) 223-5505 |
| **SUSMAN GODFREY L.L.P** | jyanchunis@forthepeople.com |
| 1900 Avenue of the Stars, Suite 1400 | mram@forthepeople.com |
| Los Angeles, CA 90067 | rmcgee@forthepeople.com |
| Tel: (310) 789-3100 | |
| Fax: (310) 789-3150 | Michael F. Ram, CA Bar No. 104805 |
| abonn@susmangodfrey.com | **MORGAN & MORGAN** |
| | 711 Van Ness Ave, Suite 500 |
| | San Francisco, CA 94102 |
| | Tel: (415) 358-6913 |
| *Attorneys for Plaintiffs* | mram@forthepeople.com |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF MARK C. MAO IN SUPPORT OF PLAINTIFFS' REQUEST FOR AN ORDER TO SHOW CAUSE**<br><br>Referral: The Honorable Susan van Keulen |

# DECLARATION OF MARK C. MAO

I, Mark C. Mao, declare as follows.

1. I am a partner with the law firm of Boies Schiller Flexner LLP, counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of California. I have personal knowledge of the matters set forth herein and am competent to testify.

2. I submit this Declaration in support of Plaintiffs' Request for the Court to issue an Order to Show Cause for Why Google Should Not Be Sanctioned for Discovery Misconduct.

3. On January 31, 2022, Google produced for the first time a document titled "█████████████████████████" that was "last updated: 05/05/2021." Ex. 21, GOOG-CABR-05757329.

4. This document, for the first time, indicated to Plaintiffs that Google submitted to its "███████████" or "████" team a plan to change Google's logging practices to log a "████████████████" field in approximately █ logs called ████ logs. Google did so to support a Dashboard tool ████████████████████████████████████████████████████████████████████████. Plaintiffs promptly followed up with Google and demanded further information on the Dashboard referenced in that document. Ex. 21, GOOG-CABR-05757329 at -31-32.

5. On February 18, 2022, Google produced approximately 283 documents from Bert Leung's custodial files. This production followed a ruling from the Court directing Google to tell Plaintiffs the "hit counts" for Mr. Leung's documents. Contrary to Google's assertions of burden with respect to producing Mr. Leung's documents, Google informed Plaintiffs that their search term proposal resulted in just 982 hits and agreed to produce responsive documents.

6. The documents Google produced from Mr. Leung's files on February 18, 2022, appeared to confirm for the first time several key pieces of information that Google never previously disclosed to Plaintiffs, the Special Master, or the Court.

7. *First*, the "███████████" or "████" team had actually approved the plan to log the "████████████████" bit in approximately █ ████ logs. Ex. 3, GOOG-BRWN-

1  00845423.

2  8.  *Second*, following that approval, Google implemented the change and began
3  logging the "▓▓▓▓▓▓▓▓▓▓▓▓▓" field, likely around May or June 2021 after the ▓▓ team
4  approved the change. Ex. 3, GOOG-BRWN-00845423; Ex. 9, GOOG-BRWN-00845312 at -18.

5  9.  *Third*, Google engineers Bert Leung and Mandy Liu spent the next several months
6  continuing to refine and improve their Dashboard tool to detect and monitor third-party cookie
7  blocking based on those logging changes. Ex. 22, GOOG-BRWN-00845281; Ex. 23, GOOG-
8  BRWN-00845275; Ex. 24, GOOG-BRWN-00845274.

9  10.  Google had previously never disclosed to Plaintiffs, the Special Master, or the
10 Court (a) that it had actually implemented a change to its logging practices in 2021 to log a
11 "▓▓▓▓▓▓▓▓▓▓o" field in (apparently) ▓▓▓▓▓ logs or (b) the specific logs in which
12 that field resides. To the contrary, as explained below and in Plaintiffs' accompanying
13 memorandum, Google went to great lengths to conceal this information throughout the discovery
14 process (and particularly in the last several months during the Court-ordered Special Master
15 process).

16 11.  In September 2021, Google for the first time produced three *earlier* versions of the
17 document titled "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" that discussed the possibility of logging
18 a "▓▓▓▓▓▓▓▓▓▓▓" field. None of those documents (a) indicated that the
19 "▓▓▓▓▓▓▓▓▓▓" field was actually implemented or (b) listed the specific ▓▓▓ logs
20 in which the field would ultimately be included.

21 12.  To the contrary, the most up-to-date version of the document that Google had
22 produced (prior to January 31, 2022) discussed an *earlier* plan—which Google subsequently
23 modified—to log the "▓▓▓▓▓▓▓▓▓▓" in a set of ▓▓ logs called ▓▓▓ **logs.** These were
24 *completely different logs* from the ▓▓▓ logs in which Google appears to have ultimately
25 implemented the "▓▓▓▓▓▓▓▓▓▓▓" field. For example, Google produced one such
26 document from Chris Liao's files titled ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓," which (a) was
27 "last updated: 05/04/2021" and (b) discussed the abandoned QEM logging plan (as opposed to the
28

1  ▮ logging plan that was apparently added to the document on 05/05/2021). A true and correct copy of the most up-to-date version of the document Google produced in 2021 is attached as Exhibit 25 (GOOG-CABR-03668216).

13. On November 12, 2021, the Court issued an order requiring that "Google shall provide a declaration, under penalty of perjury from Google, not counsel, that 1. To the best of its knowledge, *Google has provided a complete list of data sources that contain information relevant to Plaintiffs' claims* . . . ." Dkt. 331 at 8 (emphasis added).

14. On November 18, 2021, Google submitted a declaration from Andre Golueke, "a Discovery Manager within the Legal Department at Google LLC." Dkt. 338. The declaration certified that "Google has provided a complete list of sources that contain information about Plaintiffs relevant to Plaintiffs' claims. The data sources are listed in Exhibit A."

15. Exhibit A to Google's declaration, in turn, **only listed** ▮ **of the approximately** ▮ **logs** that may contain the "▮" field according to the most up-to-date version of the "▮" document that Google had produced in on January 31, 2022. *Compare* Ex. Dkt. 338-1 (Google's Ex. A) *with* Ex. 3, GOOG-BRWN-00845423. And Exhibit A also only listed ▮ **of the approximately** ▮ **QEM logs** in which Google had **contemplated** logging the "▮" bit according to the earlier design documents Google produced in September 2021. The chart below, created by Plaintiffs' counsel, illustrates the extent of the declaration's omissions:

[chart redacted]

1    16.    The Court also ordered that "within four days of the date of this Order Google is to provide to the Special Master full schemas, a list of ALL fields with their descriptions, a list of tools used to search the respective data sources, and instruction sets and manuals for all tools identified as being used by 'Googlers' to search each of the following data sources…" The Court then listed (a) ▆ specific logs, (b) "any data sources searched in addition to the ▆ listed above," and (c) "[a]ny other of the data sources Plaintiffs specific from the list of potentially relevant data sources provided by Google . . . ." Dkt. 331 Ex. 1.

17.    On December 2, 2021, Google provided schema for ▆ logs, including the only ▆ ▆ logs identified in Google's sworn declaration (*i.e.*, the only ▆ logs Google disclosed that actually, and unbeknownst to Plaintiffs, contained the "▆▆▆▆▆▆" field).

18.    However, rather than produce "full schemas and a "list of ALL fields with their descriptions," as the Court ordered, Google only produced field names for the "100 largest fields" in the ▆▆▆ logs. None of those field names reflected the truth: that a "▆▆▆▆▆" field was included in those ▆ logs.

19.    Tellingly, for certain other logs that apparently do not include a "▆▆▆▆▆" field, Google was happy to produce more than the 100 largest fields. For instance, on September 24, 2021, Google identified ▆ fields in its ▆▆▆▆ log.

20.    As a result of Google's conduct, neither Plaintiffs nor the Special Master had ***any idea that these ▆ ▆ logs contained the ▆▆▆▆▆▆ field.*** Nor did Plaintiffs or the Special Master have any idea that there may have been approximately ▆ ***other, undisclosed ▆ logs*** which also contained such a field.

21.    The very next day on December 3, 2021, Plaintiffs deposed Google employee Chris Liao, who is Bert Leung's supervisor. Mr. Liao testified: "***There is no explicit signal to identify incognito mode traffic***." Ex. 8, Liao Tr. 132:2-3. Mr. Liao further testified that "***it was determined that there was no reliable way to technically detect incognito in a definitive and reliable and accurate manner. And as a result no further action was taken to build such a hypothetical signal***." I followed up by asking: "And that was within the confines of the existing architecture?

Because you said that you didn't then build any new dedicated signals, right, for incognito mode." Mr. Liao answered: "*I'm not certain if we can build that or not*." *Id.* 134:15-135:3.

22. Based on the information Google had disclosed by December 2021, Plaintiffs had no idea—and simply no reason to believe—that Google had (a) actually implemented its plan to log a "▇▇▇▇▇▇▇▇▇▇" field or (b) that such a field was apparently included in ▇ ▇▇▇ logs (only ▇ of which were even identified in Google's Court-ordered and sworn list of data sources). To the contrary, the documents, sworn declaration, and testimony proffered by Google suggested that the idea to log a "▇▇▇▇▇▇▇▇▇▇" field in ▇ logs (or elsewhere) had simply never been implemented. As a result, Plaintiffs did not select for their Iterative Search 1 either of the ▇ ▇ logs that Google disclosed in its sworn list of data sources.

23. Google finally produced Mr. Leung's custodial documents on Friday, February 18, 2022, which set off a cascade of revelations that are the basis for this request for an order to show cause. For the first time, Google produced evidence confirming that the "▇▇▇▇▇▇▇▇▇▇" field was actually logged in approximately ▇ ▇▇ logs.

24. On Sunday, February 20, 2022, Plaintiffs promptly alerted the Special Master and Google that those documents appear to reveal that "Google has omitted from its prior lists a critical data source—a '▇▇▇ log'" and the fact that Google had actually begun "adding a specific Incognito detection field to both its Search and Display logs."

25. The next day on Monday, February 21, 2022, Google unilaterally cancelled Mr. Leung's scheduled February 25, 2022 deposition, which had been set by written agreement. Google claimed that "a conflict has arisen for Mr. Leung on February 25." Google insisted that the deposition be rescheduled to March 4, 2022—the last day of fact discovery. Plaintiffs objected and repeatedly asked, via a Zoom call and multiple times in writing, what this supposed conflict was. Google refused to answer.

26. Plaintiffs thereafter met and conferred with Google on Wednesday, February 23, 2022, under the Special Master's supervision. During the meet and confer, Google indicated that

DECLARATION OF MARK C. MAO
Case No. 4:20-cv-03664-YGR-SVK

1 only one of the logs that Google identified in its November 2022 declaration contained the
2 "███████████" field. Google refused to answer Plaintiffs' questions about what other
3 logs contain that field, telling Plaintiffs to ask Mr. Leung during his deposition. Plaintiffs still do
4 not have a list of the logs which logs contain this field (though based on documents Google
5 produced on January 31, 2022, and February 18, 2022, it appears that there may be ██ such ██
6 logs). Google will not even confirm whether it withheld any logs with the ███████████ field
7 that are specific to so-called "unauthenticated" data

8        27.    Google also took the position during the meet and confer that it did not need to
9 produce any logs that are "Search" logs notwithstanding whether the logs contain the
10 "███████████" field. But the Special Master in December already deemed Search
11 logs to be within the scope of the process, particularly for class identification process.

12       28.    Last November, following a document production, Plaintiffs were alarmed to
13 realize that one of logs that Mr. Leung was studying, the ███████████, had not yet been
14 disclosed. Plaintiffs promptly brought this missing log to the Special Master, and after reviewing
15 the documents, he directed Google to produce the log schema for the log and to run searches of
16 the log. Special Master Brush thus overruled Google's objection that the log was irrelevant insofar
17 as it was a "Search" log. From that point forward, Google was indisputably on notice that it could
18 not withhold logs on the basis of the log being a "Search" log, particularly any log that Mr. Leung
19 studied for his analysis, let alone a log in which Mr. Leung actually implemented the ███████
20 ██████ field.

21       29.    Google has since then refused to tell Plaintiffs which other logs Mr. Leung
22 evaluated in the early stages of his "log analysis of Chrome Incognito." After Special Master Brush
23 overruled Google's objection on the ███████████, Plaintiffs asked Google whether any
24 other logs that Mr. Leung studied had been withheld. Counsel for Google never responded to
25 Plaintiffs' multiple requests. *Id.*

26       30.    Plaintiffs then propounded an interrogatory asking Google to "identify *every* log
27 and data source that Google reviewed, analyzed, or searched as part of Google's efforts to conduct
28

1 a 'log analysis of Chrome Incognito' in and around mid-2020. *See, e.g.*, GOOG-CABR-05280756." Google did not answer that question, either. Google instead evaded it by merely quoting back *one* of the logs that was already mentioned in the email that Plaintiffs cited. ("Google used ▇▇▇▇▇▇▇▇ in the analysis of Ad Manager browsing traffic described in GOOG-CABR-05280756."). Google's evasion was improper. Google has subsequently clarified in meet-and-confers that Mr. Leung's analysis was not limited to the logs mentioned in this one document, and yet Plaintiffs still do not have a complete list of every data source that Mr. Leung studied, much less a complete list of the logs in which "▇▇▇▇▇▇▇▇▇▇" field has officially been implemented.

       31.     Over the course of the past week, Plaintiffs have asked Google to remedy the prejudice it has caused in multiple, reasonable ways: (a) by producing Mandy Liu's custodial documents that hit on limited search terms tied to her work with Mr. Leung concerning the "▇▇▇▇▇▇▇▇▇▇" field and permitting a 2-hour deposition of her; (b) by extending the fact discovery cut-off so that Plaintiffs can complete their discovery of Plaintiffs' data and the "▇▇▇▇▇▇▇▇▇▇" field; and (c) by identifying every other log that contains the "▇▇▇▇▇▇▇▇▇▇" bit and promptly producing all schema, all field names, and all field descriptions from such logs (and subsequently searching them and producing full results). Google has simply refused.

       32.  Attached hereto as **Exhibit 1** is a true and correct copy of a document Google produced in discovery labeled GOOG-BRWN-00845639. The document was produced on February 18, 2022.

       33.  Attached hereto as **Exhibit 2** is a true and correct copy of a document Google produced in discovery labeled GOOG-BRWN-00845596. The document was produced on February 18, 2022.

       34.  Attached hereto as **Exhibit 3** is a true and correct copy of a document Google produced in discovery labeled GOOG-BRWN-00845423. The document was produced on February 18, 2022.

35. Attached hereto as **Exhibit 4** is a true and correct copy of a document Google produced in discovery labeled GOOG-BRWN-00023909. The document was produced on February 1, 2021.

36. Attached hereto as **Exhibit 5** is a true and correct copy of Plaintiffs' Interrogatories Set 2.

37. Attached hereto as **Exhibit 6** is a true and correct copy of Google's Responses and Objections Plaintiffs' Interrogatories Set 2.

38. Attached hereto as **Exhibit 7** is a true and correct copy of a February 21, 2022 email exchange between counsel for Plaintiffs and counsel for Google.

39. Attached hereto as **Exhibit 8** are excerpts from the December 2, 2021 deposition of Google employee Chris Liao.

40. Attached hereto as **Exhibit 9** is a true and correct copy of a document Google produced in discovery labeled GOOG-BRWN-00845312. The document was produced on February 18, 2022.

41. Attached hereto as **Exhibit 10** is a true and correct copy of a document Google Produced in discovery labeled GOOG-BRWN-00845569. The document was produced on February 18, 2022.

42. Attached hereto as **Exhibit 11** is a true and correct copy of a document Google produced in discovery labeled GOOG-BRWN-00845277. The document was produced on February 18, 2022.

43. Attached hereto as **Exhibit 12** are excerpts from a document Google produced in discovery labeled GOOG-CABR-05144884. The document was produced on November 16, 2021.

44. Attached hereto as **Exhibit 13** is a true and correct copy of Google's Responses and Objections to Plaintiffs' First Set of Requests for Production (Nos. 1-19).

45. Attached hereto as **Exhibit 14** is a true and correct copy of a document Google produced in discovery labeled GOOG-CABR-04324934. The document was produced on October 5, 2021.

1       46. Attached hereto as **Exhibit 15** is a true and correct copy of a document Google produced in discovery labeled GOOG-BRWN-00845477. The document was produced on February 18, 2022.

      47. Attached hereto as **Exhibit 16** is a true and correct copy of a document Google produced in discovery labeled GOOG-BRWN-00845481. The document was produced on February 18, 2022.

      48. Attached hereto as **Exhibit 17** is a true and correct copy of a document Google produced in discovery labeled GOOG-BRWN-00845437. The document was produced on February 18, 2022. Part of the document is not visible because of how Google produced it. Plaintiffs consulted the metadata for the full text.

      49. Attached hereto as **Exhibit 18** is a true and correct copy of a document Google produced in discovery labeled GOOG-CABR-05280756. The document was produced on November 24, 2021.

      50. Attached hereto as **Exhibit 19** are excerpts of Google's Responses and Objections to Plaintiffs' Ninth Set of Interrogatories.

      51. Attached hereto as **Exhibit 20** is a true and correct copy of a February 23, 2022 email exchange between counsel for Plaintiffs and counsel for Google.

      52. Attached hereto as **Exhibit 21** is a true and correct copy of a document Google produced in discovery labeled GOOG-CABR-05757329. The document was produced on January 31, 2022.

      53. Attached hereto as **Exhibit 22** is a true and correct copy of a document Google produced in discovery labeled GOOG-BRWN-00845281. The document was produced on February 18, 2022.

      54. Attached hereto as **Exhibit 23** is a true and correct copy of a document Google produced in discovery labeled GOOG-BRWN-00845275. The document was produced on February 18, 2022.

      55. Attached hereto as **Exhibit 24** is a true and correct copy of a document Google

produced in discovery labeled GOOG-BRWN-00845274. The document was produced on February 18, 2022.

56. Attached hereto as **Exhibit 25** is a true and correct copy of a document Google produced in discovery labeled GOOG-CABR-03668216. The document was produced on September 24, 2021.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 25th day of February, 2022, at Freemont, California.

/s/ Mark Mao