| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293 6858<br>Facsimile: (415) 999 9695<br><br>SUSMAN GODFREY L.L.P.<br>William Christopher Carmody (pro hac vice)<br>bcarmody@susmangodfrey.com<br>Shawn J. Rabin (pro hac vice)<br>srabin@susmangodfrey.com<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 336-8330<br><br>MORGAN & MORGAN<br>John A. Yanchunis (pro hac vice)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (pro hac vice)<br>rmcgee@forthepeople.com<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br><br>*Attorneys for Plaintiffs; additional counsel listed in signature blocks below* | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Andrew H. Schapiro (*pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Diane M. Doolittle (CA Bar No. 142046)<br>dianedoolittle@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>*Attorneys for Defendant; additional counsel listed in signature blocks below* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**JOINT LETTER BRIEF IN RESPONSE TO ORDER RE PRIVILEGE DISPUTE (DKT. 487-1, DISPUTE P25)**<br><br>Referral: Hon. Susan van Keulen, USMJ |

March 25, 2022

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

    Re:    Joint Submission in Response to Order Regarding Privilege Dispute (Dkt. 487-1, Dispute P25)
*Brown v. Google LLC*, Case No. 4:20-cv-03664-YGR-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

    Pursuant to Your Honor's March 15, 2022 Order (Dkt. 487-1), Plaintiffs and Google LLC ("Google") submit this joint statement regarding their disputes over (1) Plaintiffs' request that Google re-review certain documents withheld as privileged, and (2) Plaintiffs' request for *in camera* review of a document that Google clawed back and redacted in part. Counsel for the parties met and conferred and reached an impasse on these requests. Fact discovery closed on March 4, 2022. A trial date has not yet been set. Exhibit A contains each party's respective proposed order.

**PLAINTIFFS' STATEMENT**

Google has re-reviewed 830 documents that it previously withheld as privileged, and Google has changed its position on almost 25% of them—an alarmingly high rate. But despite their diligence, Plaintiffs have barely made a dent. Over 25,000 documents remain on the log, meaning that Plaintiffs have been deprived of thousands of non-privileged documents.

To remedy this problem, Plaintiffs request the following relief. ***First***, Google should re-review all documents in which either (A) a Google in-house attorney was addressed or copied but did not respond or (B) a non-lawyer employee labeled the document as "privileged." Such characteristics bear the hallmark of Google's internal "Communicate with Care" practice—through which Google "explicitly and repeatedly instructed its employees to shield important business communications from discovery by using false requests for legal advice." *United States v. Google, LLC*, Case 1:20-cv-03010-APM, at Dkt. 326-1 (Mar. 21, 2022, D.D.C.) ("DOJ Sanctions Motion") at 1. ***Second,*** Google should be required to re-review all documents that mention "Chrome Guard" or "ChromeGuard" because it recently came to light that Google has been improperly withholding documents related to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ***Third***, Plaintiffs respectfully request that the Court review *in camera* a clawed-back document containing updates to CEO Sundar Pichai about Google's (now-abandoned) plan for ▮▮▮▮▮▮▮▮▮▮▮▮

### I. Re-Review Based on Google's "Communicate with Care" Practice

Plaintiffs this week learned about Google's internal "Communicate with Care" practice—through which, "[f]or almost a decade, . . . Google has trained its employees to use the attorney-client privilege to hide ordinary business communications from discovery in litigation and government investigations." DOJ Sanctions Motion at 2. The United States Department of Justice summarized the practice in a March 21, 2022 sanctions motion:

> As part of Google's larger efforts to shield documents from production, Google employees were expressly directed to add artificial indicia of privilege on *all* written communications relating to the [case]. Google's employees followed the Communicate-with-Care training, routinely adding in-house counsel to business communications, affixing privilege labels, and including pretextual requests for legal advice when no advice was actually needed, sought, or thereafter received. In these email chains, the attorney frequently remains silent, underscoring that these communications are not genuine requests for legal advice but rather an effort to hide potential evidence.
>
> Google's strategy worked. Google's outside counsel often accepted Google employees' artificial claims of privilege at face value.

*Id.* at 2; *see also id.* at 4-7 (excerpting images of internal Google training materials which directed employees to "include legal" and "mark content as 'Confidential – Attorney Client Privileged'").

Documents produced in this case show that Google applied this "Communicate with Care" practice to "Incognito-related" communications. For example, in a May 4, 2021 email, the author copied a Google lawyer and began his message with: "***Note: Please communicate with care re: Incognito-related topics.***" GOOG-BRWN-00727201 (bold and italics in original). Similarly, in a January 2021 presentation concerning efforts to "seamlessly transition display ads business to operate without 3rd party cookies," GOOG-CABR-04830704 at -06, employees were instructed to

"Communicate with care: *Mark docs as 'privileged & confidential.' Include legal POC [point of contact]*," GOOG-CABR-04830697 at -702 (emphasis added).

Like the documents cited in the DOJ Sanctions Motions, documents in this case show Google employees "adding in-house counsel to business communications, affixing privilege labels, and including pretextual requests for legal advice when no advice was actually needed, sought, or thereafter received." DOJ Sanctions Motion at 2. For example, a Google product manager copied in-house attorneys Leslie Liu and Jessica Gan Lee to an April 2019 email, also affixing a "Privileged and Confidential" heading. But the author was not seeking legal advice; he just wanted to discuss an article that addressed Incognito mode, and the two attorneys he copied never responded. GOOG-CABR-05771505. Similarly, the author of a February 2021 slideshow regarding "Privacy Principles" affixed a "Privileged & Confidential Seeking Advice of Counsel" label to the presentation's first slide. GOOG-CABR-05757127. Google's outside counsel initially withheld both documents as "seeking advice of counsel," thus duped by Google's internal "Communicate with Care" practice. *See also* GOOG-CABR-05757092 (slideshow titled "Misconceptions of Incognito" that was initially entirely withheld as privileged, likely because of an improper "Privileged and Confidential" label affixed to the cover).

The upshot is that Google employees have indisputably tried to shield important documents from being produced in this case. Outside privilege reviewers have in some cases seen through Google's shocking misconduct. *See* GOOG-CABR-05765032 at -35 (document initially produced in which a non-lawyer copied in-house lawyer Chelsea Tanaka on an email discussing whether Google was breaking its promises to users by collecting UMA data and where Ms. Tanaka never replied despite the use of an "adding Chelsea" signal). But there are countless documents on the privilege log where Google employees have succeeded in duping the reviewers, as evidenced by the documents discussed above, which were only produced *after* Plaintiffs challenged them. Indeed, during a meet-and-confer yesterday, Google would not clarify whether Quinn Emanuel attorneys even laid eyes on every single withheld document.

To remedy this problem, Plaintiffs ask that Google be ordered to conduct a targeted re-review of every document that bears a hallmark of this improper Google practice. Specifically, the review can be limited to documents in which either (A) a Google in-house attorney was addressed or copied but did not respond or (B) a non-lawyer employee labeled the document as "privileged." Otherwise, Google will be rewarded for its coordinated effort to "make this [document] privileged." DOJ Sanctions Motion at 12 (quoting internal Google document).

## II. Re-Review of Documents Concerning "Chrome Guard"

Google should also be required to re-review any document with "Chrome Guard" or "Chrome Guard." Plaintiffs are concerned that Google has improperly withheld documents related to Google's ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. These concerns arose when Google initially refused to produce a document called "Slides for Ads VP Steering on 12/16/2019," which was hyperlinked to one of the financial analyses that Google did produce. Google relented when Plaintiffs asked for this document to be submitted for *in camera* review, agreeing to produce it with supposedly limited redactions. Google also informed Plaintiffs that the document is over 500 pages, which raises serious concerns about how the document could be withheld in its entirety when Google now claims that only limited portions need be redacted. The Chrome Guard calculations are obviously relevant to Plaintiffs' damages calculations, and it appears that Google has claimed privilege over many such calculations and analyses without any basis to do so. A targeted re-review is warranted.

### III. *In Camera Review* of GOOG-CABR-05269357.R (clawed back document)

Plaintiffs also seek *in camera* review of a clawed-back document. Plaintiffs' burden in seeking such review is "relatively minimal." *In re Grand Jury Subpoena 92-1(SJ)*, 31 F.3d 826, 830 (9th Cir. 1994). To meet the "lenient threshold," the requesting party need only make a "showing sufficient to establish a reasonable belief that *in camera* review *may lead to evidence*" that the material is not privileged. *Id.* at 830 (emphasis in original). And when the challenged document has been clawed back, the Federal Rules provide that the party opposing the claim of privilege "may promptly present the information to the court under seal for a determination of the [privilege] claim." Fed. R. Civ. P. 26(b)(5)(B).

The clawed-back document is a (now-redacted) presentation to Google CEO Sundar Pichai regarding Google's "path forward for User Trust & Privacy," dated March 21, 2019. The executive summary reflects the presentation's purpose—to keep Mr. Pichai informed about privacy initiatives and to solicit his approval. GOOG-CABR-05269357.R, at -358. For example, Mr. Pichai was told about ▉▉▉▉▉▉▉▉▉▉ which would introduce ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (which never came to pass). *Id.* at -379. The redactions in question immediately follow the slides regarding ▉▉▉▉▉▉▉▉▉▉", and the context suggests they are not legal, including because information about "Legal Risks" is already presented in the presentation's appendix. Moreover, Plaintiffs reviewed and relied on this document prior to it being clawed back, and Plaintiffs recall the redactions in question discussing technical details regarding "▉▉▉▉▉▉▉▉▉

## GOOGLE'S STATEMENT

Plaintiffs' motion should be denied. First, Plaintiffs' broad requests for re-review are opportunistic fishing expeditions based entirely on an unadjudicated motion in an unrelated case and a single document Google agreed to produce after good faith re-review. Their requested relief would impose an enormous, unnecessary burden on Google, requiring it to redo a massive privilege review already conducted in good faith under extremely tight timelines, and should be denied. Second, Plaintiffs' request for *in camera* review of two privilege redactions Google made to a 94-page presentation rests on the purported fact that the presentation was prepared to facilitate executive decision making and already has a "Legal Risks" slide somewhere else. Google's redactions—which it has now examined three times—are proper, and Plaintiffs' request does not withstand the high bar to seek *in camera* review.

### I. Requests for Re-Review of Google's Documents

In a blatant circumvention of the Court's order limiting Plaintiffs to 600 challenges, Dkt. 307, Plaintiffs seek an extraordinary order forcing Google to perform a sweeping re-review of its privileged documents with no evidence that any of those documents has been improperly withheld. Instead, Plaintiffs call Google's entire production into question based on unfounded and unadjudicated accusations the DOJ has made in an unrelated case concerning unrelated documents, and a single document Google agreed to produce upon re-review. As to the DOJ's sanctions motion, the accusations Plaintiffs rely upon are inaccurate and Google strongly refutes them, *see United States v. Google, LLC*, Case 1:20-cv-03010-APM, at Dkt. 328 (Mar. 24, 2022, D.D.C.) (Google's Opposition to DOJ's Sanctions Motion, or "Google Sanctions Opp.") at 1–12. Plaintiffs' request

should be denied.

Much of Google's work intersects with global legal issues, and the company's innovative projects are subject to a complex, growing, and evolving assortment of laws and regulations. It is therefore unremarkable that Google's employees frequently seek the advice of counsel and often mark communications as privileged where they deem appropriate. Google has a robust training program advising employees on how to recognize privilege and exercise care in disseminating communications that fall under it. What the DOJ—and by extension, Plaintiffs—leave out, is that Google's training materials expressly instruct employees that "[m]arking [an] email or doc 'PRIVILEGED' does not make it so," that "just adding a lawyer to an email/document doesn't guarantee that it will be protected by the privilege," and that "you can't fake" privilege. Google Sanctions Opp. at 4–7.

Even with robust privilege training, Google does not blindly defer to non-attorneys' privilege labels or the mere presence of an attorney when deciding whether to produce internal documents in litigation. To the contrary, Google takes its discovery obligations seriously and employs an entire team of lawyers dedicated to fulfilling them faithfully—often producing many documents that Google employees believed may be privileged and marked as such. (Indeed, Google has produced numerous such documents to Plaintiffs in this case, as Plaintiffs' own submission illustrates.) Google withholds documents for privilege only if, after a rigorous review, the facts indicate that the document is in fact privileged. This case is no exception. Google's careful review—during which every document on the privilege log was reviewed by attorneys outside Google—has already factored in the possibility that communications including attorneys, requesting attorney input, or marked as privileged might nonetheless be subject to complete or partial disclosure. For that reason, there is no basis for Plaintiffs' overreaching requests. Indeed, Google has *already conducted* re-reviews and de-privileging productions of its own initiative—including one to be released today—as a sanity check to ensure that documents incorrectly marked as privileged or merely including attorneys are not improperly withheld.

No court has ever considered—much less endorsed—the DOJ's inaccurate allegations that Google has engaged in misleading document-labeling practices. Plaintiffs nonetheless treat those allegations as established facts, argue that documents Google has *not* withheld for privilege concerning Chrome Incognito "bear the hallmark[s]" of those practices, and speculate that "there are countless documents on the privilege log where Google employees have succeeded in duping the reviewers." Plaintiffs' conjecture is baseless, as their repeated unsuccessful challenges to Google's privilege calls in this case have shown. *See, e.g.*, Dkt. 307.

Google has produced more than 1.1 million documents to Plaintiffs in this case. Document review and production at the scale and speed of discovery in this matter can never be perfect, and Google's good-faith re-review of documents from the privilege log (accounting for less than 3% of responsive documents in this matter) has resulted in the production of certain documents previously withheld. Plaintiffs should not be permitted to wield this cooperation and good faith engagement with the Court's challenge process against Google now, particularly where Google has also independently re-reviewed broad swaths of its privilege log to ensure full and fair compliance with its obligations.

For the same reasons, Plaintiffs' request for Google to re-review *every single document* referencing "Chrome Guard"—based solely on Google's agreement to produce a single document after good-faith re-review—is a colossal overreach. Plaintiffs' multiple requests for re-review would create an unfair burden for Google, which has already conducted an exhaustive review and numerous re-reviews of its documents in this case. That burden is disproportionate to the fragile basis Plaintiffs have to request it. The Court should deny Plaintiffs' request.

**II. Request for *In Camera* Review of GOOG-CABR-05269357.R**

The Court should deny Plaintiffs' request for *in camera* review. As the Court has explained, *in camera* review is a "last resort . . . [b]ecause as every litigator on this call knows, document production does take an element of good faith and trust[,] [a]nd we have very good lawyers and highly ethical lawyers on both sides on this case." Sept. 30, 2021 Hearing Tr. 30:5–11. *In camera* review requires Plaintiffs to "show a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1950377, at *2 (N.D. Cal. May 1, 2019) (citation omitted). Plaintiffs have not done so here, and their request for *in camera* review should be denied.

GOOG-CABR-05269357.R is a 94-page slide presentation of which only five pages contain redactions. Plaintiffs challenge the redactions on only two pages, which correspond to a single slide and the associated presenter notes. These redactions protect content that clearly and expressly reflects legal advice concerning the "Detailed Plan" described in the prior slides, including an assessment of legal and regulatory risk. Plaintiffs appear to agree (as they should) that the information about "Legal Risks" in the presentation's appendix is appropriately subject to privilege. The challenged redactions are likewise protected.

Plaintiffs' only justification for requesting *in camera* review of this presentation—the vast majority of which Google has produced without redactions—is that it provides information on Google's privacy initiatives (a topic deeply integrated with legal and regulatory issues), in part to solicit executive approval. Such presentations commonly contain legal analysis rendered by counsel—advice critical to executive decisionmaking—and that is exactly what GOOG-CABR-05269357.R reflects. *See* Oct. 27, 2021 Hearing Tr. 9:13-19 ("[Y]ou often have non-lawyers transmitting legal advice, sharing legal advice, acting on legal advice that is reflected in a document, and as we know from the -- from the Ninth Circuit, transmitting legal advice, sharing it, discussing it, even without the lawyer, is still within the coverage of attorney-client privilege."). Plaintiffs' suggestion that the redacted content is not privileged is a complaint that the redactions appear too close to the slides describing the privacy initiatives discussed in the presentation. That challenge makes no sense, and should be denied.

Notably, Google has now reviewed GOOG-CABR-05269357.R for privilege three times—once initially, again in a prior re-review that resulted in narrowed redactions, and yet a third time in response to Plaintiffs' instant motion. The redactions Plaintiffs challenge are proper, and *in camera* review is not warranted here. In the event the Court determines that it will review GOOG-CABR-05269357.R *in camera*, Google respectfully requests sufficient notice to be able to procure declarations from the appropriate attorneys as to the privileged nature of the document.

Respectfully,

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BOIES SCHILLER FLEXNER LLP |
| */s/ Andrew H. Schapiro* | */s/ Mark C. Mao* |
| Andrew H. Schapiro (admitted *pro hac vice*) | Mark C. Mao (CA Bar No. 236165) |
| andrewschapiro@quinnemanuel.com | mmao@bsfllp.com |
| 191 N. Wacker Drive, Suite 2700 | Beko Reblitz-Richardson (CA Bar No. 238027) |
| Chicago, IL 60606 | |
| Tel: (312) 705-7400 | brichardson@bsfllp.com |
| Fax: (312) 705-7401 | 44 Montgomery Street, 41st Floor |
| | San Francisco, CA 94104 |
| Stephen A. Broome (CA Bar No. 314605) | Tel: (415) 293 6858 |
| sb@quinnemanuel.com | Fax: (415) 999 9695 |
| Viola Trebicka (CA Bar No. 269526) | |
| violatrebicka@quinnemanuel.com | James W. Lee (*pro hac vice*) |
| 865 S. Figueroa Street, 10th Floor | jlee@bsfllp.com |
| Los Angeles, CA 90017 | Rossana Baeza (*pro hac vice*) |
| Tel: (213) 443-3000 | rbaeza@bsfllp.com |
| Fax: (213) 443-3100 | 100 SE 2nd Street, Suite 2800 |
| | Miami, FL 33130 |
| Josef Ansorge (admitted *pro hac vice*) | Tel: (305) 539-8400 |
| josefansorge@quinnemanuel.com | Fax: (305) 539-1304 |
| 1300 I Street NW, Suite 900 | |
| Washington D.C., 20005 | William Christopher Carmody (*pro hac vice*) |
| Tel: (202) 538-8000 | |
| Fax: (202) 538-8100 | bcarmody@susmangodfrey.com |
| | Shawn J. Rabin (*pro hac vice*) |
| Jonathan Tse (CA Bar No. 305468) | srabin@susmangodfrey.com |
| jonathantse@quinnemanuel.com | Steven Shepard (*pro hac vice*) |
| 50 California Street, 22nd Floor | sshepard@susmangodfrey.com |
| San Francisco, CA 94111 | Alexander P. Frawley (*pro hac vice*) |
| Tel: (415) 875-6600 | afrawley@susmangodfrey.com |
| Fax: (415) 875-6700 | SUSMAN GODFREY L.L.P. |
| | 1301 Avenue of the Americas, 32nd Floor |
| Thao Thai (CA Bar No. 324672) | New York, NY 10019 |
| thaothai@quinnemanuel.com | Tel: (212) 336-8330 |
| 555 Twin Dolphin Drive, 5th Floor | |
| Redwood Shores, CA 94065 | Amanda Bonn (CA Bar No. 270891) |
| Tel: (650) 801-5000 | abonn@susmangodfrey.com |
| Fax: (650) 801-5100 | SUSMAN GODFREY L.L.P. |
| | 1900 Avenue of the Stars, Suite 1400 |
| *Attorneys for Defendant Google LLC* | Los Angeles, CA 90067 |
| | Tel: (310) 789-3100 |

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
Fax: (813) 222-4736

Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Letter Brief. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: March 25, 2022                    By       /s/ *Andrew H. Schapiro*
                                                  Andrew H. Schapiro