# Supplemental Sanction Brief Redacted Version of Document Sought to be Sealed

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William Christopher Carmody
(admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
mram@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
**MORGAN & MORGAN**
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel.: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE SUPPLEMENT IN SUPPORT OF THEIR MOTION FOR ORDER REQUIRING GOOGLE TO SHOW CAUSE WHY IT SHOULD NOT BE SANCTIONED FOR DISCOVERY MISCONDUCT; DELCARATION OF MARK C. MAO**<br><br>The Honorable Susan van Keulen<br>Courtroom 6 – 4th Floor<br>Date: April 21, 2022 |

PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE SUPPLEMENT
IN SUPPORT OF REQUEST FOR ORDER TO SHOW CAUSE
Case No. 4:20-cv-03664-YGR-SVK

1	Pursuant to Local Rule 7-11 and this Court's March 21 Order (Dkt. No. 508), Plaintiffs respectfully submit this administrative motion requesting leave to supplement their motion for sanctions (Dkt. 430) with the material outlined in this five-page motion. The material below consists of recently-discovered evidence showing Google further withheld discovery regarding the identification of private browsing activity. Plaintiffs' sanctions motion focused on Google's concealment of a ███████████████ field. Plaintiffs have now learned that Google *also* concealed the implementation of *additional* Google fields that Google has used to detect Chrome browser Incognito traffic, since 2017, including fields named ███████████████ and ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ Yet Google withheld this information. Because Plaintiffs' discovery of these additional fields further illustrates the severe prejudice caused by Google's pattern and practice of withholding key information regarding identification of private browsing activity, Plaintiffs seek leave to supplement their motion.

## SUPPLEMENTAL FACTS

Since filing their motion for an order to show cause, Plaintiffs have continued to request full production of schema and fields, which Google has continued to resist. ¶ 9.[1] Having learned about Google's withholding of discovery concerning Google's ███████████████ field, Plaintiffs pressed Google for what other "incognito" fields Google may have been redacting from the schema. ¶ 10. During the Special Master process, Plaintiffs asked Google about an internal proposal to ███████████████

---

[1] Except where otherwise noted, all exhibit and paragraph references in this submission are to the Declaration of Mark C. Mao in Support of Plaintiffs' Administrative Motion to File Supplement in Support of Their Request for an Order to Show Cause, which is filed concurrently herewith.

1

PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE SUPPLEMENT
IN SUPPORT OF REQUEST FOR ORDER TO SHOW CAUSE
Case No. 4:20-cv-03664-YGR-SVK

███████████████████████████ *See* Ex. 1, GOOG-BRWN-00536949.  Google still refused to answer.  Instead, it required Plaintiffs to wait until the 30(b)(6) deposition of Dr. Caitlin Sadowski, which was not until March 10.  ¶ 11.

At the ensuing deposition, Dr. Sadowski produced a document showing that Google has multiple, live logs containing fields entitled ████████████ and ████████████ ¶ 13 & Ex. 2.  That Google document lists ██ Google logs that contain these Incognito detection fields, none of which had previously been disclosed to Plaintiffs or Special Master Brush.  ¶¶ 14-15.  Dr. Sadowski testified that in each of these logs, ██████████████████████████████████████████████████████████████ *See* Ex. 3, Sadowski Tr. 71:8-23.  Further, Dr. Sadowski testified:

- <u>Undisclosed Witness</u>: A Google employee named Quinton Fiard is the person most knowledgeable about these Incognito detection fields and logs.  Ex. 3, Sadowski Tr. 77:6-8, 87:18-20, 92:4-6.  Mr. Fiard was not previously identified by Google as a witness with relevant information.  *See* Dkt. 430-5 (list of over 200 Google employees provided to Plaintiffs).

- <u>Undisclosed Dashboard</u>: These Google logs containing the Incognito detection fields are also used by some unidentified Google dashboard relating to Chrome Incognito mode, which also was not previously disclosed by Google.  Ex, 3, Sadowski Tr. 69:25-73:2 (Google still has not provided requested discovery concerning that dashboard.)

- <u>Undisclosed Logs</u>: Dr. Sadowski did not know how many *other* Google logs contain the term "incognito" in the field name, although she acknowledged that Google could craft a query to search its logs using that term.  Ex. 3, Sadowski Tr. 23:8-24:23, 85:18-86:15.

Despite Plaintiffs' multiple demands and meet and confer efforts, Google has still not provided schema for these additional logs containing these Chrome Incognito fields.  ¶ 17.  And Google's counsel will not confirm how many logs it left out from the Special Master process that contain the term "incognito" in a field name, or whether Google made a full production of all documentation relating to these logs and fields.[2]  ¶ 18.

---

[2] Plaintiffs note that they have repeatedly asked for confirmation that the documentation around the omitted logs has been produced, but counsel has not commented one way or the other.  ¶ 18.  Setting aside the obvious relevance of these fields, there may be comments in the log schemas themselves relating to these "incognito" fields that have not been produced, including employee comments in the log proto-files about these fields.

2

1        On March 11 (following the Rule 30(b)(6) deposition), Plaintiffs raised these issues with the Special Master, explaining that the deficiencies are also relevant to the pending motion for an order to show cause. The Special Master indicated that he did not object to Plaintiffs raising these issues directly with the Court. ¶ 19.  That day, with a supplemental and belated schema production, Google produced for the first time a version of the schema for the ▮▮▮▮▮ log that showed the ▮▮▮▮▮▮▮▮▮▮ field. ¶ 22.

         Notably, although this log contains an "incognito" detection field, Google did not identify this log to Plaintiffs and Special Master Brush. ¶ 22. Plaintiffs requested this log after learning Bert Leung analyzed the log for his Chrome Incognito detection work and, in December, the Special Master ordered that it be produced over Google's objection. ¶ 22. Even after being compelled to produce this log, Google initially produced an incomplete version of the schema that omitted the ▮▮▮▮▮▮▮▮▮▮ field. ¶ 22.

         On March 11, Google also produced for the first time a supplemental and belated schema for Google's ▮▮▮▮▮▮ log, another log used by Bert Leung. ¶ 23.  This schema likewise revealed for the first time that this log also included Google's ▮▮▮▮▮▮▮▮▮▮ field. ¶ 23.

         Plaintiffs have, since March 11, tried to confer with counsel for Google multiple times regarding discrepancies concerning the schema productions. ¶ 30. Google still will not (1) explain what happened, (2) commit to producing full schemas for all logs identified during the Special Master process, or (3) identify all logs that contain bits regarding Chrome Incognito usage. ¶ 30. Google recently capitulated on insisting that only the 100-largest fields for schema be produced. ¶¶ 21-22. Google has not explained why it is now able to produce schema larger than what it previously provided with a tool that purportedly limited Plaintiffs to just the 100 largest fields. *See id.*; Dkt. 430-21. Had Google produced full schema in the first instance, as requested and as ordered, Plaintiffs would have discovered these "incognito" fields months ago.

3

PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE SUPPLEMENT
IN SUPPORT OF REQUEST FOR ORDER TO SHOW CAUSE
Case No. 4:20-cv-03664-YGR-SVK

**SUPPLEMENTAL ANALYSIS**

The Court's November 12 Order was clear. Dkt. 331. Google was required to identify all relevant logs and sources, i.e., "the tools to identify class members using Google's data." *Id.* at 4. Google's refusal to comply has prejudiced Plaintiffs' ability to obtain and seek preservation of relevant discovery. Plaintiffs' motion for an order to show cause was focused on Google's concealment of the ▮▮▮▮▮ bit. Plaintiffs now seek to supplement with evidence that Google has been concealing *other* logs with *additional* bits for detecting incognito— including the ▮▮▮▮▮ and ▮▮▮▮▮ bits.

With respect to the schemas for the logs Google has identified, Google had argued to the Special Master that its redaction of fields was simply an unintended consequence of its ▮▮▮▮▮ tool producing schema for the "largest 100" fields. *See* Dkt. 430-21. According to Google, it would not produce schema containing all of the fields in some of these logs because there were over ▮▮▮ fields in these logs. ¶ 20. But Google had the lists of fields, and it could have readily turned them over to Plaintiffs. Google's claimed inadvertence is difficult to square with the facts.

*First*, Google only arbitrarily limited its schema productions to 100 fields for certain logs – which coincidentally include logs that contain these Google-created "incognito" fields. By contrast, Google produced ▮▮ fields for the ▮▮▮▮▮ log. *See* Dkt. 430-1 ¶ 19.

*Second*, Google clearly had alternative methods of producing schemas with more than 100 fields. Google's March 11 production of schema for the ▮▮▮▮▮ logs built by Chris Liao, Bert Leung, and Mandy Liu show that Google did have such alternatives because the schema was finally populated with the incognito bit. ¶ 24.

*Third*, imposing an arbitrary "100 largest" fields filter necessarily omitted the relevant "incognito" fields. On March 8, pursuant to this Court's order, Plaintiffs deposed Google employee Mandy Liu, one of the employees who created the ▮▮▮▮▮ field. Ex. 4, Liu Tr. 15:2-8. Ms. Liu explained that the ▮▮▮▮▮ ▮▮▮▮▮. Ex. 4, Liu Tr. 19:24-

4

20:8.³ Storing this ▮▮▮▮▮▮▮▮ value would take Google merely one bit. ¶ 28. Any numerical integer, in contrast, would require 32-bits of storage. ¶ 28. In short, Google's ▮▮▮▮▮▮▮▮ bit is far smaller than any other field containing a single number. Similarly, Dr. Sadowski testified that the ▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮ fields are also Boolean bits and therefore far smaller than the rest of the fields she identified. Ex. 3, Sadowski Tr. 91:2-8. Google's strategy of refusing to produce schema reflecting more than the "largest 100" fields thus virtually guaranteed that Google would withhold information regarding these single-bits Incognito detection fields. ¶ 29.

Google had every opportunity to be forthcoming with respect to the ▮▮▮▮▮▮▮▮ being in the ▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮ logs. It was not. And for the two logs that Google did identify that contain these bits, Google *removed* the ▮▮▮▮▮▮▮▮ field from the logs' schema before producing the schema.⁴

Discovery is now closed. And yet Plaintiffs still do not have answers to multiple questions: Has Google actually identified all logs containing the term "incognito" in the field names? Has Google been redacting or removing fields from the production of Plaintiffs' data in the Special Master process? Has Google withheld relevant documents concerning these fields and log sources in the course of its ESI production? Had this information been fully and timely disclosed, the parties could have had an informed discussion about preservation to ensure that Google did not delete relevant data. Plaintiffs submit this supplement so that Google may respond to these questions, and this Court may consider them at the April evidentiary hearing.

Plaintiffs requested that Google stipulate to this administrative filing, and Google's counsel stated in response that they could "stipulate consistent with the court's order." Plaintiffs submit that this filing is consistent with the Court's order.

---

³ Ms. Liu also explained that ▮▮▮▮▮▮▮▮ Ex. 4, Liu Tr. 41:23-42:12.

⁴ It is unclear if Google also removed the field from the Plaintiffs' data that has been produced. This question may be a proper subject of inquiry at the hearing.

5

| | | |
|---|---|---|
| 1 | Dated: March 21, 2022 | BOIES SCHILLER FLEXNER LLP |
| 2 | | |
| 3 | | By /s/ Mark Mao |
| | | Mark C. Mao (CA Bar No. 236165) |
| 4 | | mmao@bsfllp.com |
| | | Beko Rebitz-Richardson (CA Bar No. 238027) |
| 5 | | brichardson@bsfllp.com |
| | | Erika Nyborg-Burch (CA Bar No. 342125) |
| 6 | | enyborg-burch@bsfllp.com |
| 7 | | BOIES SCHILLER FLEXNER LLP |
| | | 44 Montgomery Street, 41st Floor |
| 8 | | San Francisco, CA 94104 |
| | | Telephone: (415) 293 6858 |
| 9 | | Facsimile (415) 999 9695 |
| 10 | | James W. Lee (*pro hac vice*) |
| | | jlee@bsfllp.com |
| 11 | | Rossana Baeza (*pro hac vice*) |
| | | rbaeza@bsfllp.com |
| 12 | | BOIES SCHILLER FLEXNER LLP |
| | | 100 SE 2nd Street, Suite 2800 |
| 13 | | Miami, FL 33130 |
| | | Telephone: (305) 539-8400 |
| 14 | | Facsimile: (305) 539-1304 |
| 15 | | |
| | | Amanda Bonn (CA Bar No. 270891) |
| 16 | | abonn@susmangodfrey.com |
| | | SUSMAN GODFREY L.L.P. |
| 17 | | 1900 Avenue of the Stars, Suite 1400 |
| | | Los Angeles, CA 90067 |
| 18 | | Telephone: (310) 789-3100 |
| 19 | | |
| | | William Christopher Carmody (*pro hac vice*) |
| 20 | | bcarmody@susmangodfrey.com |
| | | Shawn J. Rabin (*pro hac vice*) |
| 21 | | srabin@susmangodfrey.com |
| | | Steven Shepard (*pro hac vice*) |
| 22 | | sshepard@susmangodfrey.com |
| | | Alexander P. Frawley (*pro hac vice*) |
| 23 | | afrawley@susmangodfrey.com |
| | | SUSMAN GODFREY L.L.P. |
| 24 | | 1301 Avenue of the Americas, 32nd Floor |
| | | New York, NY 10019 |
| 25 | | Telephone: (212) 336-8330 |
| 26 | | |
| 27 | | |
| 28 | | 6 |

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

7

PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE SUPPLEMENT
IN SUPPORT OF REQUEST FOR ORDER TO SHOW CAUSE
Case No. 4:20-cv-03664-YGR-SVK