# Mao Declaration
# Redacted Version of Document Sought to be Sealed

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William Christopher Carmody
(admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas,
32nd Floor
New York, NY  10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
mram@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
**MORGAN & MORGAN**
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF MARK C. MAO IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE SUPPLEMENT IN SUPPORT OF THEIR REQUEST FOR ORDER REQUIRING GOOGLE TO SHOW CAUSE**<br><br>The Honorable Susan van Keulen<br>Courtroom 6 - 4th Floor<br>Date: April 21, 2022<br>Time: 10:00 a.m. |

**DECLARATION OF MARK C. MAO**

I, Mark C. Mao, declare as follows.

1. I am a partner with the law firm of Boies Schiller Flexner LLP, counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of California. I have personal knowledge of the matters set forth herein and am competent to testify.

2. I submit this Declaration in support of Plaintiffs' Administrative Motion to File Supplement in Support of Their Motion for Order Requiring Google to Show Cause Why It Should Not Be Sanctioned for Discovery Misconduct. (Dkt. 430).

3. On February 26, 2022, Plaintiffs filed their Motion for an Order to Show Cause Why Google Should Not Be Sanctioned (Dkt. 430, the "Sanctions Motion").

4. Since filing the Sanctions Motion, Plaintiffs have uncovered additional evidence of Google withholding relevant discovery regarding Google's identification of private browsing activity.

5. While Plaintiffs' Sanctions Motion focused on Google's concealment of a ▉▉▉▉▉▉▉▉▉▉ field that Google developed between 2020 and 2022, Plaintiffs have since discovered that Google also concealed Google's implementation of additional fields that Google has used to detect Chrome Incognito traffic since 2017, including (without limitation) ▉▉▉▉▉▉▉ and ▉▉▉▉▉▉▉.

6. On October 5, 2021, Google produced a single-page design document relating to the *potential* use of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. The document suggested potentially logging ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ GOOG-BRWN-00536949. A true and correct copy of this document is attached hereto as **Exhibit 1**.

7. Notably absent from this single-page design document is any reference to the actual Google field name that would be implemented. Google was on notice of Plaintiffs' interest in the

1

1 ████████████████████████████████████████ mode because Plaintiffs had, in December, noticed the subject as a topic for the Google 30(b)(6) depositions.

8. Pursuant to the Court's November 12, 2021 Order on discovery (Dkt. 331), Google was required to identify all relevant log sources that could contain Plaintiffs' data and information. Google then provided a declaration from Andre Golueke (a Discovery Manager in Google's Legal Department) confirming that Google had identified all relevant data sources, listed in Exhibit A to that declaration (Dkt. 338).

9. Following the filing of the Sanctions Motions, Plaintiffs continued meeting and conferring with Google, both with and without the supervision of the Special Master. During those meet and confer discussions, Plaintiffs reiterated their request for full productions of schema and fields used by Google, but Google refused.

10. After Plaintiffs learned about Google's withholding of discovery concerning Google's ████████████████ field, Plaintiffs pressed for what other "incognito" fields Google may have been redacting from the schema.

11. When pressed about the proposal outlined in GOOG-BRWN-00536949 during the Special Master process, Google still would not answer, insisting that it wanted to save the topic for the 30(b)(6) deposition of Dr. Caitlin Sadowski, which was not until March 10.

12. On March 10, 2022, Plaintiffs deposed Dr. Sadowski.

13. During her testimony, Dr. Sadowski relied on a "Fact Sheet," which was marked as Exhibit 2 for that deposition. A true and correct copy of that document is attached hereto as **Exhibit 2**.

14. This "Fact Sheet" stated that Google had multiple, live logs containing fields with the word "incognito," including ████████████████ and ████████████████ *See* **Exhibit 2**.

15. The document identifies at least five logs that contain those fields, none of which had previously been disclosed to Plaintiffs (or to the Court or Special Master Brush).

16. When Dr. Sadowski was asked to review the November 18, 2022 Declaration of

2

Andre Golueke and the list of data sources attached thereto in Exhibit A, Dr. Sadowski testified that the declaration did not list any of the five logs that contain either ▉▉▉▉▉▉▉▉▉ or ▉▉▉▉▉▉▉▉▉ **Exhibit 3,** Sadowski Tr. 79:19-80:9.

17. Despite Plaintiffs' multiple requests and meet and confer efforts, Google still has not provided Google's schema for these additional logs containing the Chrome Incognito fields.

18. Google's counsel also will not confirm how many logs it left out from the Special Master process that contain the term "incognito" in a field name, or if Google made a full production of all documentation relating to these log fields. Plaintiffs have also repeatedly asked for confirmation that documentation around the omitted logs has been produced, but Google's counsel has not commented one way or the other.

19. On March 11, 2022, following the Rule 30(b)(6) deposition, Plaintiffs raised these issues with the Special Master, explaining that the deficiencies are also relevant to the pending motion for an Order to Show Cause, and the Special Master indicated that he did not object to Plaintiffs raising these issues directly with the Court.

20. Google had initially maintained that only the 100-largest fields for schema would be produced. According to Google, the reason it would not produce schema containing all of the fields in some of these logs is because there were over ▉▉▉ fields in these logs.

21. Plaintiffs never agreed to this limitation, consistently requested schema containing all of the fields in the logs, and Google has recently admitted that this alleged 100-largest field limitation can be overcome.

22. On March 11, 2022, Google produced more robust schema for the ▉▉▉▉▉▉▉▉▉ log that showed the ▉▉▉▉▉▉▉▉▉▉▉▉ field. This log, despite having an "incognito" field, was not identified in the Declaration of Andre Golueke, Exhibit A (Dkt. 338). Instead, after learning that Bert Leung had analyzed this log for his Incognito detection work, Plaintiffs in December requested this log, and the Special Master ordered Google to produce it (over Google's objection). Even after being compelled to produce this log, Google still initially produced an incomplete version of the schema that omitted the ▉▉▉▉▉▉▉▉▉▉▉▉ field.

1    23.    On March 11, 2022, Google produced for the first time a more complete schema for the ▮▮▮▮▮▮▮ log, another log used by Bert Leung. This schema likewise revealed for the first time that this log also included the ▮▮▮▮▮▮▮ field.

2    24.    On March 11, 2022, Google also produced schema for ▮ logs containing the ▮▮▮▮▮▮▮ field relied on by Chris Liao, Bert Leung, and Mandy Liu, further demonstrating that Google has alternatives to produce schema with fields containing "incognito."

3    25.    On March 8, 2022, pursuant to the Court's order, Plaintiffs deposed Google employee Mandy Liu, who is one of the Google employees who created the ▮▮▮▮▮▮▮ field. *See* **Exhibit 4** (excerpts from Liu transcript).

4    26.    Ms. Liu testified that the ▮▮▮▮▮▮▮ field value is expressed as a Boolean bit, which means that it simply stores a ▮▮▮▮▮▮▮. **Exhibit 4**, Liu Tr. 19:24-20:8. Ms. Liu further testified that Google could run a query for all log entries in which ▮▮▮▮▮▮▮ is set to true. **Exhibit 4**, Liu Tr. 41:23-42:12.

5    27.    Dr. Sadowski similarly testified that the ▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮ field values are ▮▮▮▮▮▮▮ **Exhibit 3**, Sadowski Tr. 91:2-8.

6    28.    Because these fields ▮▮▮▮▮▮▮ the fields only use one bit to express that value. Other fields that contain a numerical integer, for example, would require at least 32 bits of storage.

7    29.    Because a single bit field value is substantially smaller than any field value with an integer (*i.e.*, 1 bit versus 32 bits), the ▮▮▮▮▮▮▮ bit would necessarily be smaller than any field containing an integer, and it would therefore not be represented in the 100-largest fields that Google previously offered for schema.

8    30.    Plaintiffs have tried to confer with Google's counsel multiple times regarding the discrepancies concerning Google's schema productions. Google's counsel still will not commit to producing full schemas for the logs identified during the Special Master process or identify all logs that stored bits regarding Chrome Incognito usage.

31. Attached hereto as **Exhibit 1** is a true and correct copy of a document Google produced in discovery labeled GOOG-BRWN-00536949. The document was produced on October 5, 2021.

32. Attached hereto as **Exhibit 2** is a true and correct copy of a document Google produced during the deposition of Dr. Caitlin Sadowski, marked as Exhibit 2 to that deposition.

33. Attached hereto as **Exhibit 3** are excerpts from the transcript of the deposition of Dr. Caitlin Sadowski conducted on March 10, 2022.

34. Attached hereto as **Exhibit 4** are excerpts from the transcript of the deposition of Ms. Mandy Liu conducted on March 8, 2022.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 21st day of March, 2022, at San Francisco, California.

/s/ Mark C. Mao