UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 20-cv-03664-YGR   (SVK)<br><br>**ORDER RE DISPUTE RE PRIVILEGE LOGS (P25)**<br><br>DKT. 516-3 |

Plaintiffs raised three issues regarding Google's assertion of privilege over certain documents. For context, based upon the Parties' submissions, Google has produced in excess of 1.1 million documents to Plaintiffs, and Google's privilege log has more than 25,000 entries. Dkt. 516-3 at 1, 4. Further, in response to reassessing 830 documents for privilege, pursuant to previous orders of this Court, Google has changed its position regarding privilege on approximately 25% of the documents. *Id*. at 1.

First, Plaintiffs seek an order directing Google to reassess an unidentified number of documents designated as privileged based upon whether an in-house attorney was addressed or copied but did not respond or where a non-attorney employee initially labeled a document as privileged. Plaintiffs argue that the reassessment is warranted because such characteristics have been identified as noteworthy in a pending sanctions motion brought by the Department of Justice in litigation unrelated to this action. *Id*. at 1. Plaintiffs also cite two examples of documents in this case which were labelled as privileged by a non-attorney employee but, following a challenge by Plaintiffs, were produced. *Id*. at 2. Google affirms its adherence to its discovery obligations, citing a robust review process of a high volume of documents. *Id*. at 4.

The Court sets aside unadjudicated allegations in unrelated litigation. However, the significant correction rate of 25% in this case, along with examples of designations by non-

attorney employees being used as a basis for withholding documents, gives the Court pause. Some form of reassessment of privilege assertions is warranted. However, Plaintiffs' proposal is unwieldy and overly burdensome. Accordingly, the Court looks to Google for a proposal as to how to address this issue and a timeline for completion that takes into consideration the current case schedule. The Court **ORDERS** Google to submit a proposal no later than **April 11, 2022**.

Second, Plaintiffs seek an order for re-assessment of all documents referring to Chrome Guard, whether presented as one or two words. Dkt. 516-3 at 2. Plaintiffs point to a 500-page document, initially withheld as privileged but since produced with redactions, arguing that "it appears that Google has claimed privilege over many such [ChromeGuard] calculations." *Id*. at 2. It is not clear to the Court if Plaintiffs are complaining about redactions in the subject document or asserting a more general, and more vague, complaint about a hesitancy to produce documents reflecting ChromeGuard calculations. Either way, Plaintiffs' requested remedy is not tailored to its complaint and as such is **DENIED**.

Third, Plaintiffs ask for in-camera review of GOOG-CABR-05269357.R, a 94-page presentation; Plaintiffs challenge redactions on two pages. Plaintiffs' request is **GRANTED**. Google will submit the document and file a response no later than **April 11, 2022.**

**SO ORDERED.**

Dated: April 1, 2022

SUSAN VAN KEULEN
United States Magistrate Judge