UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, ET AL. <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE, LLC, <br><br> Defendant. | Case No. 4:20-cv-03664-YGR <br><br> **ORDER GRANTING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE RE SUNDAR PICHAI'S DEPOSITION; DENYING MOTION WITH RESPECT TO LORRAINE TWOHILL'S DEPOSITION** <br><br> Dkt. Nos. 375 and 382 |

Pending before the Court is defendant Google, LLC's Motions for Relief from Magistrate Judge Susan van Keulen's Nondispositive Pretrial Orders. (Dkt. Nos. 375 and 382.) Pursuant to Federal Rule of Civil Procedure 72 and Civil Local Rule 72-2, Google challenges the magistrate judge's orders allowing plaintiffs to take the depositions of Google's Chief Marketing Officer Lorraine Twohill (Dkt. No. 359) and Chief Executive Officer Sundar Pichai. (Dkt. No. 365.) Having carefully reviewed the parties' submissions and the record in this case, the Court **GRANTS IN PART AND DENIES IN PART** Google's motions for the reasons stated herein.[1]

## I.   BACKGROUND

In order to expedite the issuance of this Order, the Court assumes general familiarity with the case background. On December 16, 2021, the parties filed a joint discovery brief regarding their respective positions on plaintiffs' request to depose Ms. Twohill. (Dkt. No. 355.) The next day, the parties filed a similar letter with respect to plaintiffs' request to depose Mr. Pichai. (Dkt. No. 357.) In essence, plaintiffs argued that both Ms. Twohill and Mr. Pichai have unique, firsthand knowledge of relevant issues in this case, and that less intrusive means of discovering this information had been exhausted. In opposition, Google argued that plaintiffs' requests are improper as they violate the apex doctrine.

---

[1] Pending before the Court is also four administrative motions to file unredacted portions of the parties' filings under seal. *See* Dkt Nos. 412, 414, 434, and 435. The Court hereby **GRANTS** the parties sealing requests. The Court finds that the requests are narrowly tailored, and good cause has been established to seal the requested portions of the documents for purposes of the pending motion.

On December 20, 2021, the magistrate judge granted plaintiffs' request to depose Ms. Twohill. (Dkt. No. 359.) A week later, the magistrate judge granted plaintiffs' request to depose Mr. Pichai. (Dkt. No. 365.) Google now seeks relief from both orders.

## II.  LEGAL STANDARD

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A)). This standard is not easily satisfied because it affords the magistrate judge significant deference. *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests that the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court."). Indeed, "the reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241.

## III.  DISCUSSION

A party seeking to depose "a corporate president or other official at the highest level of corporate management ["apex"] … [must] show[] good cause that the official has unique or superior personal knowledge of discoverable information." *Liberty Mut. Ins. Co. v. Superior Ct.*, 10 Cal. App. 4th 1282, 1286 (1992). The party moving for the deposition shall exhaust less intrusive discovery methods before requesting such deposition. *Id.* at 1287.  Less intrusive discovery methods may include interrogatories directed at the apex, the deposition of lower-level employees with relevant information, and a Rule 30(b)(6) deposition of the corporation itself. *Id.* at 1289. The trial court should consider whether such requirements have been met before ordering that an apex be produced for deposition. *Id.*

Here, the magistrate judge granted plaintiffs' request to depose Ms. Twohill and Mr. Pichai. With respect to Ms. Twohill's deposition, after reviewing the records in this case, the court held that plaintiffs' position that Ms. Twohill "has unique, personal knowledge of relevant issues and that less intrusive means of discovery have been exhausted" was supported by documents produced in this action.  (Dkt. No. 359 at 1.)

Google submits that the magistrate judge's decision was contrary to law because plaintiffs have failed to show that Ms. Twohill in fact has unique, first-hand knowledge that would justify her deposition. Google also argues that plaintiffs have not exhausted less intrusive means of discovery.

The Court finds that the magistrate judge did not commit clear error in finding that plaintiffs satisfied the requirements of the apex doctrine. The order acknowledges the requirements of the apex doctrine and held that plaintiffs met those requirements. Nothing in the record shows that the court's analysis is contrary to the law. Accordingly, Google's request with respect to Ms. Twohill is **DENIED.**

However, the Court reaches a different result with respect to the analysis of Mr. Pichai's deposition. In granting Mr. Pichai's deposition, the magistrate judge stated: "A few documents establish that specific relevant information was communicated to, and possibly from, Mr. Pichai." (Dkt. No. 365 at 2.) The order at issue does not consider whether Mr. Pichai has "unique or superior personal knowledge." *Liberty Mutual Ins. Co.*, 10 Cal. App. 4th at 1286. Nor did the decision address whether plaintiffs exhausted all less intrusive means of discovery with respect to Mr. Pichai. Nor is the record before this Court sufficient for it to undertake the analysis itself. Accordingly, the Court **GRANTS** Google's motion for relief with respect to Mr. Pichai's deposition, **REVERSES** only the court's order granting Mr. Pichai's deposition, and **REMANDS** to Judge van Keulen for further proceedings consistent with this order. This order is without prejudice to renewing the request if the appropriate foundation is established.

This Order terminates Docket Nos. 375, 382, 412, 414, 434, and 435.

**IT IS SO ORDERED.**

Dated: April 4, 2022

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE