QUINN EMANUEL URQUHART & SULLIVAN, LLP

| | |
|---|---|
| Diane M. Doolittle (CA Bar No. 142046)<br>dianedoolittle@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 | Andrew H. Schapiro (admitted *pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401 |
| Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 | Josef Ansorge (admitted *pro hac vice*)<br>josefansorge@quinnemanuel.com<br>1300 I. Street, N.W., Suite 900<br>Washington, D.C. 20005<br>Telephone: 202-538-8000<br>Facsimile: 202-538-8100 |
| Jonathan Tse (CA Bar No. 305468)<br>jonathantse@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 | Jomaire A. Crawford (admitted *pro hac vice*)<br>jomairecrawford@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100 |

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' REQUEST FOR AN ORDER FOR GOOGLE TO SHOW CAUSE FOR WHY IT SHOULD NOT BE SANCTIONED FOR DISCOVERY MISCONDUCT**<br><br>Referral: Hon. Susan van Keulen, USMJ |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully seeks to seal certain portions of Google's Submission in Google's Opposition to Plaintiffs' Request for an Order for Google to Show Cause for Why It Should Not Be Sanctioned for Discovery Misconduct ("Opposition"), which consists of Ansorge Declaration and Exhibits 1-39 attached thereto, Liao Declaration, Leung Declaration, Golueke Declaration and Trebicka Declaration and Exhibits 1-51 attached thereto, and these documents contain non-public, highly sensitive and confidential business information that could affect Google's competitive standing and may expose Google to increased security risks if publicly disclosed, including details related to Google's data signals, logs, project names, internal identifiers, Google's internal practices with regard to Incognito and its proprietary functionalities, as well as internal metrics and investigation into financial impact of certain features. This information is highly confidential and should be protected.

This Administrative Motion pertains for the following information contained in the Special Master Submission:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Google's Opposition for Sanctions | Portions Highlighted in Yellow at:<br><br>Pages i:5-7, i:10, i:12, i:14, i:21, 1:10-11, 1:13, 1:15, 1:25-28, 2:1-3, 2:7, 2:10, 2:27, 3:21, 4:3-4, 4:6-7, 4:12, 4:15, 4:19-20, 5:1-5, 5:9-10, 5:13, 5;24-25, 6:7-8, 6:10-11, 6:13-15, 6:18-23, 7:1-3, 7:10,  7:18-19, 7:21-23, 8:6-10, 8;12-13, 9:1, 9:3-17, 10:1, 10:4, 10:7, 10:10, 10:16-28, 11:1, 11:3-8, 12:15, 12:19-20, 13:4-15, 13:17, 13:19,  13:22-26, 14:1, 14:6-7, 14:27-28, 15:9. 15:15, 15:18, 15:20, 15:22, 15:26-28, 16:2, 16:6, 16:9-10, 16:12, 16:15, 18:7, 18:11, 18:28, 19:1, 19:3-4, 19:6, 19:12,  19;24, 19:27, 21:12, 21:14-17, 21;19, 22:2, 24:9-10. 25:13. | Google |
| Ansorge Declaration | Portions Highlighted in Yellow at:<br><br>Pages 2:20, 2:23, 3:3, 3:10, 4:2, 4:11, 4;14, 4:17, 5:17, 5:24, 5:25, 5:27-28 6:3-6, 6:8-12, 6:14-15, 7:1, 7:5-7, 7:13-14, 7:15, 7:21, 7:24-25, 7:28, 8:8, 8:13-14, 8:28, 9:14, 9:27, 10:6-7, 10:10-12, 10:18, 10:25, 10:27-28, 11:2-4, | Google |

| | | |
|---|---|---|
| | 11:11, 11:19-20, 11:22-23, 12:11, 12:18-20, 13:10, 13:16-17, 13:22-23, 14:1, 14:14-15, 14:17, 14:20, 14:27, 15:14, 15:25, 16:4, 16:14 | |
| Exhibit 3 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at: Pages 66:5, 67:18 | Google |
| Exhibit 4 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at: Page 2 | Google |
| Exhibit 5 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at: Pages 1-2 | Google |
| Exhibit 6 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at: Pages 1-2 | Google |
| Exhibit 7 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at: Page 1 | Google |
| Exhibit 9 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at: Page 1 | Google |
| Exhibit 10 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at: Pages 1-2 | Google |
| Exhibit 11 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at: Pages 1-8 | Google |
| Exhibit 12 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at: Page 1 | Google |

| | | |
|---|---|---|
| Exhibit 15 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at: Pages 8-10 | Google |
| Exhibit 16 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at: Page 1 | Google |
| Exhibit 17 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at: Pages 3-4 | Google |
| Exhibit 18 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at: Pages 2, 6-7, 10-11 | Google |
| Exhibit 19 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 20 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 21 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 22 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 23 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 24 to Ansorge Declaration in support of Google's Opposition | Redacted in its entirety | Google |

| | | |
|---|---|---|
| to Plaintiffs' Request for Sanctions | | |
| Exhibit 25 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 26 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 27 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 28 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 29 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 30 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 31 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 32 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 33 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |

| | | |
|---|---|---|
| Exhibit 34 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 35 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 36 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 37 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 38 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at:<br><br>Pages 8:12 | Google |
| Exhibit 39 to Ansorge Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Liao Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at:<br><br>Pages at caption page, lines 21 and 25, 1:4-5, 1:7-8. 1:12-15, 1:24, 1:25, 2:1-4, 2:9-11, 2:24, 2:25, 3:1-24, 3:25, 4:1-24, 4:25, 5:1, 5:25 | Google |
| Leung Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at:<br><br>Pages at caption page, lines 20-21, 25, 1:5-6, 1:9-17, 1:20-22, 1:25, 2:10-12, 2:15-22, 2:25, 3:1-20, 3:25, 4:1-2, 4:5-6, 4:8-10, 4:25 | Google |
| Golueke Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at:<br><br>Pages 1:22, 1:24, 2:12-13, 2:15-16, 2:20, 2:26-27, 3:1-2, 3:10, 3:25-26, 4:3-4, 4:6, 4:8, 4:13, 4:15-16 | Google |
| Exhibit 1 to Trebicka Declaration in support of Google's Opposition | Redacted in its entirety | Google |

| | | |
|---|---|---|
| to Plaintiffs' Request for Sanctions | | |
| Exhibit 2 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 3 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 4 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 5 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 7 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 8 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 9 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 10 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 11 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |

| Exhibit 12 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
|---|---|---|
| Exhibit 13 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 15 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 16 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 17 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 18 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 19 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 20 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 21 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 22 to Trebicka Declaration in support of Google's Opposition | Redacted in its entirety | Google |

| | | |
|---|---|---|
| to Plaintiffs' Request for Sanctions | | |
| Exhibit 23 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 24 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 25 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 26 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 27 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 28 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 29 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 30 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |
| Exhibit 31 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |

| Exhibit 33 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at:<br><br>Page 2 | Google |
|---|---|---|
| Exhibit 34 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at:<br><br>Pages 2-7, 9-25 | Google |
| Exhibit 35 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at:<br><br>Pages 2, 4 | Google |
| Exhibit 36 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at:<br><br>Pages 2 | Google |
| Exhibit 39 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at:<br><br>Pages 102:12, 103:9, 261:10, 261:12, 261:17, 261:22, 262:1, 262:4-5, 262:7-8, 262:15-16, 262:20, 262:24 | Google |
| Exhibit 40 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at:<br><br>Pages 131:19, 131:25, 132:5, 132:10-11, 132:15, 132:22, 133:4, 133:9, 133:12, 133:15, 133:19 | Google |
| Exhibit 41 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at:<br><br>Pages 57:19 | Google |
| Exhibit 42 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at:<br><br>Pages 69:5-6, 69:8-10, 69:15-16, 69:25, 70:1, 70:3, 70:5-6, 70:18, 70:21, 70:23, 71:9, 72:20-22, 72:24-25, 73:5-6, 73:14-15, 73:17, 73:22, 75:17-20, 75:24-25, 76:1-2, 76:13-14, 76:24-25, 77:8, 77:20-23, 90:10-11, 91:2-4, 91:11-13, 91:17, 92:11 | Google |
| Exhibit 47 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at:<br><br>Pages 40:4, 40:23-24, 41:1, 41:3, 41:15, 47:23-24, 48:6, 48:8-9, 48:18 | Google |

| | | |
|---|---|---|
| Exhibit 49 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Portions Highlighted in Yellow at: Pages 4:12, 4:15-16, 4:18. 4:21-22, 371:11, 371:15, 373:24, 374:1-2, 374:5-24 | Google |
| Exhibit 50 to Trebicka Declaration in support of Google's Opposition to Plaintiffs' Request for Sanctions | Redacted in its entirety | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civ. L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). However, a party seeking to seal information in a non-dispositive motion must show only "good cause." *Id.* at 1179-80. The rationale for the lower standard with respect to non-dispositive motions is that "the public has less of a need for access to court records attached only to non-dispositive motions because these documents are often unrelated, or only tangentially related, to the underlying cause of action" and that as a result "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179; *see also TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to non-dispositive motions are not subject to the strong presumption of access.") (citation omitted). Under the "good cause" standard, courts will seal statements reporting on a company's users, sales, investments, or other information that is ordinarily kept secret for competitive purposes. *See Hanginout, Inc. v. Google, Inc.*, 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014); *Nitride Semiconductors Co. v. RayVio Corp.*, 2018 WL 10701873, at *1 (N.D. Cal. Aug. 1, 2018) (granting motion to seal "[c]onfidential and proprietary information regarding [Defendant]'s products" under

"good cause" standard) (van Keulen, J.).  Although the materials that Google seeks to seal here easily meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard.

### III.  THE ABOVE IDENTIFIED MATERIALS SHOULD ALL BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589-99 (1978).  Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014).  Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard.  *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted). Courts in this district have also determined that motions to seal may be granted as to potential trade secrets.  *See, e.g. United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing "that [the party] ha[s] not shown that the substance of the information . . . amounts to a trade secret").

Here, the Opposition comprises confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly.  Specifically, this information provides details related to Google's data signals, logs, project names, internal identifiers, Google's internal practices with regard to Incognito and its proprietary functionalities, as well as internal metrics and investigation into financial impact of certain features. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with its legal and privacy obligations.

Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of

Google's proprietary systems, strategies, and designs to Google's competitors. That alone is a proper basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publically available").

Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems. Google would be placed at an increased risk of cyber security threats. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). The security threat is an additional reason for this Court to seal the identified information.

The information Google seeks to redact is the minimal amount of information needed to protect its internal systems and operations from being exposed to not only its competitors but also to nefarious actors who may improperly seek access to and disrupt these systems and operations. The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court should seal the identified portions of the Opposition.

DATED: April 4, 2022        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Andrew H. Schapiro*

1  Andrew H. Schapiro (admitted *pro hac vice*)
   andrewschapiro@quinnemanuel.com
2  191 N. Wacker Drive, Suite 2700
   Chicago, IL 60606
3  Telephone: (312) 705-7400
4  Facsimile: (312) 705-7401

5  Stephen A. Broome (CA Bar No. 314605)
   stephenbroome@quinnemanuel.com
6  Viola Trebicka (CA Bar No. 269526)
   violatrebicka@quinnemanuel.com
7  865 S. Figueroa Street, 10th Floor
   Los Angeles, CA 90017
8  Telephone: (213) 443-3000
9  Facsimile: (213) 443-3100

10 Diane M. Doolittle (CA Bar No. 142046)
   dianedoolittle@quinnemanuel.com
11 555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, CA 94065
12 Telephone: (650) 801-5000
13 Facsimile: (650) 801-5100

14 Josef Ansorge (admitted *pro hac vice*)
   josefansorge@quinnemanuel.com
15 1300 I. Street, N.W., Suite 900
   Washington, D.C. 20005
16 Telephone: 202-538-8000
   Facsimile: 202-538-8100
17
   Jomaire A. Crawford (admitted *pro hac vice*)
18 jomairecrawford@quinnemanuel.com
   51 Madison Avenue, 22nd Floor
19 New York, NY 10010
   Telephone: (212) 849-7000
20 Facsimile: (212) 849-7100

21 Jonathan Tse (CA Bar No. 305468)
   jonathantse@quinnemanuel.com
22 50 California Street, 22nd Floor
   San Francisco, CA 94111
23 Telephone: (415) 875-6600
24 Facsimile: (415) 875-6700

25 *Attorneys for Defendant Google LLC*