# EXHIBIT 3
# Redacted Version
# of Document Sought
# to be Sealed

**CHASOM BROWN, ET AL. versus GOOGLE, LLC, ET AL.**
**Hearing on 03/05/2022**

1              UNITED STATES DISTRICT COURT

2             NORTHERN DISTRICT OF CALIFORNIA

3             CASE NO.:  4:20-03664-YGR-AVK

4

   CHASOM BROWN, MARIA NGUYEN and
5
   WILLIAM BYATT, individually and on
6
   Behalf of all other similarly situated,
7
            Plaintiffs,
8
   versus
9
   GOOGLE, LLC and ALPHABET, INC.,
10
            Defendants.
11 _____/

12

13        TRANSCRIPT OF CIVIL CONTEMPT HEARING

14
   DATE:    March 5, 2022
15
   PLACE:   Remotely via Zoom
16
   BEFORE:  Special Master Douglas Brush
17

18

19

20    These proceedings were digitally recorded and the
                following was transcribed by:
21
                   Denise D. Wilcox
22           Court Reporter/Transcriptionist

23                 King Reporting
                 A Huseby Company
24           14 Suntree Place, #101
             Melbourne, Florida  32940
25                (321) 242-8080

```
 1              A-P-P-E-A-R-A-N-C-E-S

 2
                 FOR THE PLAINTIFFS:
 3
          JASON "JAY" BARNES, ESQUIRE
 4           Simmons, Hanly & Conroy
          112 Madison Avenue,  7th Floor
 5          New York, New York 10016
                  618-693-3104
 6
              MARK C. MAO, ESQUIRE
 7         Boies, Schiller & Flexner, LLP
          44 Montgomery Street, 41st Floor
 8         San Francisco, California 94104
                  415-293-6800
 9

10       FOR THE DEFENDANT GOOGLE, LLC:

11            STEPHEN A. BROOME, ESQUIRE
         Quinn, Emanuel, Urquhart & Sullivan, LLP
12        865 South Figueroa Street, 10th Floor
              Los Angeles, California 90017
13                  213-443-3000

14            JOSEF ANSORGE, ESQUIRE
         Quinn, Emanuel, Urquhart & Sullivan, LLP
15        1300 L Street Northwest, Suite 900
              Washington, D.C. 20005
16

17                 ALSO PRESENT:

18      TRACY GAO, Law Clerk at Quinn, et al
                  TIMOTHY SCHMIDT
19                 DAVID STRAITE

20

21

22

23

24

25
```

```
 1        So, on the second issue -- I know we kind of
 2   jumped in and out of that, but if we can recap that
 3   for the record, Mr. McGee or Mr. Mao?  Let's --
 4   let's go onto the second issue.
 5        MR. McGREE:  Sorry, I'm pulling that up.  My
 6   apologies.
 7        SPECIAL MASTER BRUSH:  All good.
 8        MR. McGREE:  I think they've responded.  We're
 9   -- we're viewing the response, Special Master
10   Brush, but the second one is that Calhoun, because
11   they had the same -- our -- conduct live searches
12   that we did.  I searched a Chrome Sync log and
13   there was output that was associated with a
14   particular bit.  It was:
15   ███████████████████████, and we basically
16   wanted all details about that:  It's role, what the
17   values for the bit mean, how they're assigned, and
18   how those values are used, under what circumstances
19   they're logged.
20        I will preview.  I have looked at the one-page
21   document.  I pulled it up as soon as I possibly
22   could.  It is a one-page document and I am happy to
23   share it with Special Master Brush, or if Google's
24   counsel wants to send it via the secure method,
25   that apparently is -- that -- excuse me -- that
```

```
 1   Google claims is entirely responsive here.  It's a
 2   page and I think there are one, two, three, four,
 3   five total paragraphs on the page that they are
 4   asking us to glean all of the information we're
 5   asking for here and this document is certainly not
 6   responsive.
 7        It does not respond to the details of our
 8   request of, again, and let me just be very clear --
 9   and we'll -- we'll -- if it's okay with the Special
10   Master, I think we can attach this letter in
11   Google's response to the transcript as an exhibit.
12   I think that would be helpful for both the court
13   reporter and the Court, if it has to review this.
14        What we're asking, again, the purpose of this
15   ██████████████████████████ bit, what the values
16   mean and what values are available, how they're
17   assigned, how they're used, and when they're
18   logged.
19        And again, Google points us to a single page,
20   and for the record, it's gookbrown00536949, as
21   apparently entirely responsive to our request, and
22   we don't believe it is.
23        MS. GAO:  Mr. McGee and Mr. Brush, if I may.
24   We -- we requested -- we received this request only
25   yesterday and we run to our system and pulled our
```

```
 1   portal -- [indiscernible] -- for this field, which

 2   is -- [indiscernible] -- information, highly

 3   confidential.

 4       But like the document you referred Mr. Brush

 5   to, is the document contains in the product comment

 6   for this field --

 7       MR. McGEE:  Right.

 8       MS. GAO:  -- I -- yeah, I don't -- like, I

 9   don't understand what else Plaintiffs need that we

10   haven't provided.

11       And also, in your December 3rd --

12   [indiscernible] -- deposition notice, there's a

13   topic about this field, and we have scheduled

14   deposition, I believe, on March 10th, in five days,

15   on this exact topic, and I think -- I think at this

16   point, we just cannot continue to endlessly

17   responding to any more discovery requests.

18       MR. McGEE:  Yeah -- [indiscernible] --

19       MR. MAO:  It -- it sounds like, if I -- if I

20   can just understand by looking at your response,

21   Ms. Gao, are you saying that this is a field that's

22   basically to tell Chrome that the browser is not in

23   incognito, and therefore, it may be okay for

24   location tracking?

25       MR. BROOME:  Can I just respond here.  Mr. Mao
```

```
 1   produced the 100 fields, I think we sat -- there's
 2   a portion of that that's a little bit of a
 3   bombshell, which I don't think is necessary in --
 4   in this current session, but we want to make sure
 5   that those ███ types of fields are actually
 6   produced for all the schema identified.  Right.
 7   Like, that's what we're trying to figure out,
 8   because it does go to identifiability and join
 9   ability.  That's why.  And we -- and in our
10   defense, Special Master, we've laid this out pretty
11   clearly ever since December.
12        MR. McGEE:  Right.  And Special Master Brush,
13   there's -- there's one or two bits that, you know,
14   we continue to look at and that continue to peak
15   our interests, but they don't fall with this --
16   within this 100, and Google says, "Sorry, it's just
17   going to be too hard."
18        I -- there's got to be a way to craft a search
19   where we can get -- and where we can get this
20   information.  I mean, it exists on their servers.
21   Just because it's not in the top 100, doesn't mean
22   that we should not be entitled to it.
23        (Whereupon, there were overlapping speakers.)
24        SPECIAL MASTER BRUSH:  In the interest of
25   time, we're short now, so what I want to throw this
```

```
 1   to is to Google's counsel.  Do you understand
 2   there's a bit of a dilemma there of we are all
 3   trying to craft more or refine searches to reduce
 4   the workload on both Google systems and engineers.
 5        What do you propose is the best way to provide
 6   better insight that allows more targeted searching
 7   that will aid this.  You know, as opposed -- you
 8   know, maybe it was my fault for saying --
 9   [indiscernible] -- produce these top hundred hoping
10   that was going to be enough.  Clearly, we need to
11   refine things.
12        What would Google recommend, knowing their
13   systems better than anybody else, how we refine
14   some of these searches?
15        MR. MAO:  So, if there's an option for a
16   specific refinement, the easiest way to do it would
17   be to focus on very specific fields, and I want to
18   be clear that that's different from the ███
19   categories that Plaintiffs were referring to just
20   now.  I mean, those -- when they state everything
21   that has an IP address, that -- that's not a
22   specific field.
23        So, if we have a field and an ID, and a time
24   period, those searches, of course, become much more
25   narrow and targeted.  I should add that we've been
```

1    proceeding so far by just providing, you know, all

2    the information that would be keyed to the

3    particular ID in that storage.

4         So, this would be smaller and more focused;

5    however, what we have been doing so far also covers

6    the requirement that Plaintiffs have of some kind

7    of an organization or schema, because when they

8    received the data, they receive it by the different

9    field names that exist for that record, and so it

10   serves double purpose, without having to be

11   sequential and us having to follow one or the

12   other.

13        So, what we are proposed is maintain the

14   process we have had so far for the searches that

15   are under way for the next iteration of searches

16   that Plaintiffs provide.  If we need a very quick

17   test account search, we narrow it and focus the

18   searches down to ID, URL, specific IP address of

19   the device, and user agent, the key fields that are

20   identified in the complaint.  Following those

21   parameters will make it much more difficult.  It

22   also doesn't run the risk of pulling in any

23   publisher data, so it slows down the entire end of

24   -- or negates the notification process, and that

25   would be our proposal on how to proceed.

1   STATE OF VIRGINIA   )

2   COUNTY OF ROCKBRIDGE)

3            I, DENISE D. WILCOX, Court Reporter and

4   Digital Transcriptionist, do hereby certify that I

5   was authorized to and did transcribe the foregoing

6   proceeding from a digital audio recording, Brown v,

7   Google, and pages 1-111 of the transcript are a

8   true and correct record of the proceeding to the

9   best of my ability.

10

11           DONE AND DATED this 8th day of March,

12   2022, at Goshen, Rockbridge County, Virginia.

13

14   _____

15   DENISE D. WILCOX
    Court Reporter &
16   Digital Transcriptionist

17

18

19

20

21

22

23

24

25

# EXHIBIT 4
# Redacted Version of Document Sought to be Sealed

**Geoffrey Grundy**

---

| | |
|---|---|
| **From:** | Timothy Schmidt <timothy.schmidt@accelconsulting.llc> |
| **Sent:** | Monday, November 22, 2021 7:50 PM |
| **To:** | Tracy Gao; QE Brown; Douglas Brush |
| **Subject:** | Re Brown v. Google LLC (N.D. Cal. Case No. 20-cv-03664) - Confidential |

**[EXTERNAL EMAIL from timothy.schmidt@accelconsulting.llc]**

---

Ms. Gao, et. al.,

Thank you for putting together the materials you provided last week.  We have reviewed the contents of the various packages you provided.  In order for us to effectively review the documents, we are associating items to the Order's Exhibit 1 based upon the section and where applicable, one or more numbered items within that section.

Our evaluation of the results provided us for content and compliance with the Order follows:

1.  Section 1 (searched data sources listing, search dates, bates ranges) – The Special Master finds that the document provided, 2021-11-18 Brown Omnibus Sheet.xlsx (Tab 1) satisfies the Order's requirements.
2.  Section 1 (declaration) – The Special Master finds that the documents found within the file, 11.18.2021.zip (contains files: 2021-11-18 Declaration [dckt 338_0].pdf, Brown - Exhibit A - REDACTED COPY.pdf, Brown - Exhibit A - UNREDACTED COPY.pdf, Brown - Exhibit B - REDACTED COPY.pdf, and Brown - Exhibit B - UNREDACTED COPY.pdf) satisfy the Order's requirements.
3.  Section 2 – The Special Master finds that the document provided, 2021-11-18 Brown Omnibus Sheet.xlsx (Tab 2) satisfies the Order's requirements.
4.  Section 3, Number 1-7 – The Special Master finds that the information found in Tabs 2 and 3.1-3.7, 2021-11-18 Brown Omnibus Sheet.xlsx, 2021-11-18 Brown & Calhoun - Special Master Submission in Response to Nov. 12 Order.pdf, and 2021-11-18 Documentation on Data Sources and Tools.pdf will satisfy the Order's requirements once Google confirms that ALL field names and descriptions have been provided for all data sources described in Section 3, Number 1-7 of Exhibit 1 of the Order.  If ALL field names and their descriptions have not been provided for the relevant data sources, they will need to be provided to the Special Master and confirmed to have been provided in full to the Special Master by November 23, 2021.
5.  Section 3, Number 8 – While the Special Master has been provided the names of the data sources and tools used to carry out searches on the data sources searched before November 12, 2021 that are outside of those identified in Section 3, Numbers 1-7, the Special Master has not been able to find that the remaining information ordered has been provided in full, specifically, schemas, field names, and field descriptions for the data sources previously searched for the Brown case excepting those identified in Section 3, Number 1-7.  This information, including Schema, list of all fields, description of each field must be provided to the Special Master by November 23, 2021.
6.  Section 4, Number 1 – The Special Master assumes that previous records provided from searches of data sources identified here have been provided to Plaintiffs. Google will confirm to the Special Master that Productions listed on Tab 1, "Bates Range" field in 2021-11-18 Brown Omnibus Sheet.xlsx contained full records rather than incomplete records. If this is not the case, and full records were not provided as part of the relevant productions, Google will produce full records to the Special Master for produced search term hits by November 23, 2021.

Plaintiffs have provided the following input with regards to their required tasks:

1.  Section 3, Number 9 – Plaintiffs have requested, and the Special Master has approved their request for lists of all fields, descriptions of all fields in all data sources not included in Section 3, Numbers 1-8 that

1

have not yet been searched.  Also approved is the request for lists of tools (including instructions) used to search all these data sources. The Special Master, in the interest of efficiency, is not approving, at this time. The Special Master reserves the right at any time to require Google provide schemas for any or all potentially relevant data sources to the Plaintiffs. As additional data sources not previously disclosed to the Special Master were identified in Google's disclosure, Google will be required to add these data sources to those included in Section 3, Number 9.  These data sources are as follows:

i.
ii.
iii.
iv.
v.
vi.
vii.
viii.
ix.
x.
xi.
xii.
xiii.
xiv.
xv.
xvi.
xvii.
xviii.
xix.



We are providing you with access to the relevant information referenced in the above email via the following ShareFile folder accessible only to Ms. Gao. You will receive a ShareFile notification shortly.

We will provide Google and Plaintiffs a full listing of data sources for which Google will provide the List of fields and their descriptions as well as the Tools used for searching each data source and the requisite instructions for the Order's Exhibit 1, Section 3, Numbers 8 and 9.  For those data sources Google has already provided the previously mentioned information, Google need not provide it a second time.

Section 3, Number 9 Plaintiff's task has been completed.  Google is required to provide lists of all fields, and descriptions of all fields in all data sources not included in Section 3, Numbers 1-8 that have not yet been searched by 11/29/2021.

Thank you,
Tim Schmidt

*Timothy Schmidt*
Consultant
**M** 202.577.5302
**E** timothy.schmidt@accelconsulting.llc

**Accel Consulting LLC**
BOULDER, CO 80301

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to other contractual or confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this message in error, please notify the sender by reply email and delete this message.

# EXHIBIT 5
# Redacted Version of Document Sought to be Sealed

**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S EMAIL ADDRESS
josefansorge@quinnemanuel.com

**HIGHLY CONFIDENTIAL – SPECIAL MASTER'S EYES ONLY**

December 1, 2021

<u>**Via E-Mail**</u>

Special Master Douglas Brush
(douglas.brush@accelconsulting.llc)
Accel Consulting, LLC

Timothy Schmidt
(timothy.schmidt@accelconsulting.llc)
Accel Consulting, LLC

> Re:     Google's Submissions in Response to November 12 Order Adopting in Part and Modifying in Part the Special Master's Report and Orders on Referred Discovery Issues Dkt. 377, *Calhoun v. Google LLC*, Case No. 5:20-cv-05146-LHK-SVK (N.D. Cal.) and Dkt. 331, *Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

Dear Special Master Brush, Mr. Schmidt:

Thank you for the productive meeting on November 24 regarding Google's submissions in response to the Court's November 12 Order Adopting in Part and Modifying in Part the Special Master's Report and Orders on Referred Discovery Issues in *Brown v. Google* (Dkt. 331) and *Calhoun v. Google* (Dkt. 377). Google is hereby providing additional information as requested at the meeting.

<u>*Brown v. Google*</u>

Along with this letter, we are providing field names for the largest 100 fields for all the additional ███████ logs as described in Section 3, Numbers 8-9 of the Order (██ logs in total), aside from the following logs:

**HIGHLY CONFIDENTIAL – SPECIAL MASTER'S EYES ONLY**

- ████████████████: There is no recent data in this log. Therefore, the tool Google uses to pull the field names, i.e. the Schema View on ██████, has nothing to study in order to return the field names.

- █████████████████████: same as above.

- ██████████████████████████: same as above.

*Calhoun v. Google*

Along with this letter, we are providing search results for the ████████████ as required under Section 6 of the Order, and field names for the largest 100 fields for all the additional ██████ logs described in Section 3, Numbers 2-5 of the Order (████ logs in total), aside from the following logs:

- █████████████: This is a collection of logs, not a log itself. The logs in the collection are ██████████████████, ██████████████████, and ███████████████. We are providing field names for those logs along with this letter.

- █████████████████████: There is no recent data in this log. Therefore, the tool Google uses to pull the field names, i.e. the Schema View on ████████, has nothing to study in order to return the field names.

- ██████████████: same as above.

- ████████████████: same as above.

- █████████████████: same as above.

- ████████████████████: same as above.

- ████████████████████: same as above.

Please do not hesitate to contact us if you have any questions or require additional information.


Respectfully,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*Josef Ansorge*

Josef Ansorge

# EXHIBIT 6
# Redacted Version of Document Sought to be Sealed

**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S EMAIL ADDRESS
josefansorge@quinnemanuel.com

**HIGHLY CONFIDENTIAL – SPECIAL MASTER'S EYES ONLY**

December 8, 2021

<u>**VIA E-MAIL**</u>

Special Master Douglas Brush
(douglas.brush@accelconsulting.llc)
Accel Consulting, LLC

Timothy Schmidt
(timothy.schmidt@accelconsulting.llc)
Accel Consulting, LLC

> Re:    Google's Submissions in Response to November 12 Order Adopting in Part and
> Modifying in Part the Special Master's Report and Orders on Referred Discovery Issues
> Dkt. 377, *Calhoun v. Google LLC*, Case No. 5:20-cv-05146-LHK-SVK (N.D. Cal.) and
> Dkt. 331, *Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

Dear Special Master Brush, Mr. Schmidt:

Thank you for your December 7 email regarding Google's submissions in response to the Court's November 12 Order Adopting in Part and Modifying in Part the Special Master's Report and Orders on Referred Discovery Issues in *Brown v. Google* (Dkt. 331) and *Calhoun v. Google* (Dkt. 377). Google is hereby providing additional information as requested in the email.

<u>*Brown v. Google*</u>

In response to A1-A5 from the December 7 email, Google is hereby providing additional information regarding the five data sources in the spreadsheet titled "2021-12-08 Brown - Special Master Submission" along with this letter. Among these sources, ████████████████████ and ████████████████████ draw on existing tooling Google has to look up consent, provide TakeOut data, and respond to law enforcement requests. The tooling can only be

**quinn emanuel urquhart & sullivan, llp**

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI |
MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY |
STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

utilized to search data with Google Account information, and is categorically different from the other data sources Google has identified that may contain data relevant to this case.

In response to number D from the December 7 email and based on a reasonable investigation, Google hereby confirms that the fields identified reflect all fields for the corresponding data sources, with the exception of (1) the fields for ██████ logs that Google provided on December 1, 2021, and (2) the fields for certain ██████ Corpora that were included in the produced data. As communicated earlier, including at the November 24 conference, the December 1 submission contains the top 100 fields by size for the ██████ logs pulled through Google's automated tool ██████████. As to the ██████ Corpora where Google pointed to the produced data, fields included in the data were determined by the user's activity. Therefore, only relevant fields were included.

<u>*Calhoun v. Google*</u>

In response to number A1 from the December 7 email, Google is hereby providing a searchable PDF of document GOOG-CALH-00039102 along with this letter.

In response to numbers A2-A4 from the December 7 email, Google is hereby providing additional information regarding the three data sources in the spreadsheet titled "2021-12-08 Calhoun - Special Master Submission" along with this letter. Among these sources, ██████ ████████████ and ███████████████████ draw on existing tooling Google has to look up consent, provide TakeOut data, and respond to law enforcement requests. The tooling can only be utilized to search data with Google Account information, and is categorically different from the other data sources Google has identified that may contain data relevant to this case.

In response to number D from the December 7 email and based on a reasonable investigation, Google hereby confirms that the fields identified reflect all fields for the corresponding data sources, with the exception of (1) the fields for ██████ logs that Google provided on December 1, 2021, and (2) the fields for certain ██████ Corpora that were included in the produced data. As communicated earlier, including at the November 24 conference, the December 1 submission contains the top 100 fields by size for the ██████ logs pulled through Google's automated tool ██████████. As to the ██████ Corpora where Google pointed to the produced data, fields included in the data were determined by the user's activity. Therefore, only relevant fields were included.

Please do not hesitate to contact us if you have any questions or require additional information.


Respectfully,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Josef Ansorge

# EXHIBIT 7
# Redacted Version of Document Sought to be Sealed

**Geoffrey Grundy**

---

| | |
|---|---|
| **From:** | Timothy Schmidt <timothy.schmidt@accelconsulting.llc> |
| **Sent:** | Thursday, December 9, 2021 2:51 PM |
| **To:** | Tracy Gao; Josef Ansorge |
| **Cc:** | QE Brown; QE Calhoun; Douglas Brush |
| **Subject:** | Re: Brown & Calhoun - Special Master Submission - Confidential |

**[EXTERNAL EMAIL from timothy.schmidt@accelconsulting.llc]**

---

Ms. Gao, Mr. Ansorge,

We are in receipt of your email, and we have downloaded and reviewed the information you provided with respect to the outstanding Section 3 items for Brown and Calhoun. We understand that the undertaking of efforts to pull this information in such a short period of time has been tremendous and we thank you again for your hard work and continued cooperation in moving forward with the process.

We will be providing the relevant information to each of the parties so that they can begin their selection processes and provide you their choices in the very near future:

**Brown** – will be providing the following by close of business EST, Friday, December 10, 2021:
1. The names of ▇ data sources that will be searched from the list of ▇ in addition to the ▇ data sources called out in Section 3, main paragraph,
2. Search terms for each of the data sources that will be searched.

**Calhoun** – will be providing the names of any additional data sources that meet the criteria of Section 3, number 6 by no later than close of business EST, Tuesday, December 14, 2021; the delay here is due to one of the Calhoun Plaintiff's experts having to respond to a family emergency, for which they have been granted an extension.

Special Master Brush would like to remind you that the requirement for Google to provide field definitions and schemas for all data sources was only temporarily suspended to expedite matters and should the Special Master determine that it becomes necessary, you are still under orders to provide these elements for any or all potentially relevant data sources based on his discretion.

Thank you,
Tim Schmidt

*Timothy Schmidt*
Consultant
**M** 202.577.5302
**E** timothy.schmidt@accelconsulting.llc

**Accel Consulting LLC**
BOULDER, CO 80301

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to other contractual or confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this message in error, please notify the sender by reply email and delete this message.

---

**From:** Tracy Gao <tracygao@quinnemanuel.com>
**Date:** Wednesday, December 8, 2021 at 6:13 PM

**To:** Douglas Brush <douglas.brush@accelconsulting.llc>, Timothy Schmidt
<timothy.schmidt@accelconsulting.llc>
**Cc:** QE Brown <qebrown@quinnemanuel.com>, QE Calhoun <qecalhoun@quinnemanuel.com>
**Subject:** Brown & Calhoun - Special Master Submission

Dear Special Master Brush, Mr. Schmidt:

Below please find a SendFile link to Google's letter and submission in response to Mr. Schmidt's December 7 email regarding Google's submission pursuant Magistrate Judge van Keulen's November 12, 2021 Order issued in *Brown v. Google* (Dkt. 331) and *Calhoun v. Googe* (Dkt. 377).

https://sendfile.quinnemanuel.com/pkg?token=5698dd91-c112-45ef-a24b-1c0b7a33da95

I'll send password under separate cover.


Respectfully,
Tracy


**Tracy Gao**
**Quinn Emanuel Urquhart & Sullivan, LLP**

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8327 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
tracygao@quinnemanuel.com
www.quinnemanuel.com

# EXHIBIT 9
# Redacted Version of Document Sought to be Sealed

**Geoffrey Grundy**

| | |
|---|---|
| **From:** | Mark C. Mao <mmao@BSFLLP.com> |
| **Sent:** | Wednesday, December 15, 2021 5:09 PM |
| **To:** | Timothy Schmidt; QE Brown; googleteam@lists.susmangodfrey.com |
| **Cc:** | Douglas Brush |
| **Subject:** | RE: Brown v. Google LLC (N.D. Cal. Case No. 20-cv-03664) - Confidential |

[EXTERNAL EMAIL from mmao@bsfllp.com]

Counsel,

Thank you for the conference today.

First, we appreciate your willingness to provide information about the cafe.adinteractionlog that Google used as part of its mid-2020 Incognito detection analyses. Can you also please confirm that Google will identify all other log sources that Google used for these analysis, including the other "log sources" that Bert Leung was alluding to in this document: GOOG-CABR-05280756.  In addition, the other two sources that Plaintiffs now request information about are:

- ██████████████ in ██████ containing the PPID to Biscotti mapping table. *See* GOOG-CABR-04430332 ("When we receive the PPID, we use ████████████ key to find the mapped Biscotti id, or create a new one if no mapping exists, in the ████████████ table.").
- ████████████████ . *See* GOOG-CABR-03823750 (████████████████████████ ).

Second, we request that you specify which logs Google identified, are used for both display and search ads.  For such logs, we would like to know if the fields for the search side have been removed.

Third, we are asking for descriptions for the following six types of fields:

- IP addresses (e.g. ████████ , ████████ , ████████ , ████████ , ████████ , ████████ , ████████ and ████████ ) – the description should include at minimum who the IP addresses belong to (e.g., is this the IP address of the end user or Google's server-side IP address);
- HTTP headers – the description should include at minimum whether the X-Client-Data Header (whether in whole or in part) is included or part of the stored header;
- User agent strings – the description should include at minimum whether the string is in part or in full;
- Identifier fields (e.g. IDs and cookies) – the description should include at minimum what kind of identifiers are stored, so that plaintiffs would know what kind of identifiers can be used to search against the source;
- Time-related data fields (e.g. ████████ , ████████ , ████████ , and ████████ ) – the description should include at minimum what the time stamp is for;
- Fields containing URLs – the description should include at minimum what portions of the page URL is stored.

We thank you in advance.

**From:** Timothy Schmidt <timothy.schmidt@accelconsulting.llc>
**Sent:** Wednesday, December 15, 2021 12:46 PM
**To:** Mark C. Mao <mmao@BSFLLP.com>; QE Brown <qebrown@quinnemanuel.com>; googleteam@lists.susmangodfrey.com

**Cc:** Douglas Brush <douglas.brush@accelconsulting.llc>
**Subject:** Re: Brown v. Google LLC (N.D. Cal. Case No. 20-cv-03664) - Confidential

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

Mr. Mao,

Absolutely I will set him up.  If there are others from your team who would wish for access, please ping me and I will be happy to oblige.

Thank you,
Tim Schmidt

*Timothy Schmidt*
Consultant
**M** 202.577.5302
**E** timothy.schmidt@accelconsulting.llc

**Accel Consulting LLC**
BOULDER, CO 80301

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to other contractual or confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this message in error, please notify the sender by reply email and delete this message.

**From:** "Mark C. Mao" <mmao@BSFLLP.com>
**Date:** Wednesday, December 15, 2021 at 3:44 PM
**To:** Timothy Schmidt <timothy.schmidt@accelconsulting.llc>, QE Brown <qebrown@quinnemanuel.com>, "googleteam@lists.susmangodfrey.com" <googleteam@lists.susmangodfrey.com>
**Cc:** Douglas Brush <douglas.brush@accelconsulting.llc>
**Subject:** RE: Brown v. Google LLC (N.D. Cal. Case No. 20-cv-03664) - Confidential

Mr. Schmidt – I have a small administrative request.  Going forward, can you also add Mr. Frawley to your fileshare?  (Alex Frawley <AFrawley@susmangodfrey.com>)  Thank you very much in advance, and I am indebted for the trouble.

**From:** owner-googleteam@lists.susmangodfrey.com <owner-googleteam@lists.susmangodfrey.com> **On Behalf Of** Timothy Schmidt
**Sent:** Wednesday, December 15, 2021 12:34 PM
**To:** QE Brown <qebrown@quinnemanuel.com>; googleteam@lists.susmangodfrey.com
**Cc:** Douglas Brush <douglas.brush@accelconsulting.llc>
**Subject:** Brown v. Google LLC (N.D. Cal. Case No. 20-cv-03664) - Confidential

Ms. Truong, Mr. Ansorge,

We have uploaded the data source list, search term criteria, and search terms for the first round of searches for Exhibit one for Brown, et. al. v. Google to our ShareFile system. You will find the information in the Brown v. Google\To Google\20211215 folder in a file named: "Brown v. Google LLC (N.D. Cal. Case No. 20-cv-03664) – Confidential.xlsx". The searches are to follow "OR" logic for the terms listed for each data source.  Please kick off searches and provide results prior to COB EST, Monday, December 20, 2021.

For the Plaintiffs, we have placed the information file in the following location on your instance of our ShareFile system: Brown v. Google\To Brown\20211215 in a file of the same name as the one provided to Google.

Thank you,
Tim Schmidt

***Timothy Schmidt***
Consultant
**M** 202.577.5302
**E** timothy.schmidt@accelconsulting.llc

**Accel Consulting LLC**
BOULDER, CO 80301

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to other contractual or confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this message in error, please notify the sender by reply email and delete this message.

---

This e-mail contains communication that may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

To unsubscribe from the GOOGLETEAM list, click here

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

# EXHIBIT 10
# Redacted Version of Document Sought to be Sealed

**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S EMAIL ADDRESS
josefansorge@quinnemanuel.com

December 15, 2021

**HIGHLY CONFIDENTIAL - SPECIAL MASTER AND ATTORNEY'S EYES ONLY**

**VIA E-MAIL**

Special Master Douglas Brush
(douglas.brush@accelconsulting.llc)
Accel Consulting, LLC

Timothy Schmidt
(timothy.schmidt@accelconsulting.llc)
Accel Consulting, LLC

Re:     Google's Submissions in Response to November 12 Order Adopting in Part and
        Modifying in Part the Special Master's Report and Orders on Referred Discovery Issues
        Dkt. 377, Calhoun v. Google LLC, Case No. 5:20-cv-05146-LHK-SVK (N.D. Cal.) and
        Dkt. 331, Brown v. Google LLC, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

Dear Special Master Brush, Mr. Schmidt:

       Google is hereby providing additional information requested during today's discovery process
status updates in *Brown v. Google* and *Calhoun v. Google*.

       ***Brown v. Google***

       In response to Plaintiffs' request made today for additional information related to
███████████████, Google has used its ███████████ tool to compile the top 100 fields by size
for ██████████████. Google has loaded a spreadsheet [██████████████████████] containing
those field names to the following sendfile:

https://sendfile.quinnemanuel.com?p=9339ae52-65af-4ee1-9ae9-b6d0a16f0f33

**quinn emanuel urquhart & sullivan, llp**
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI |
MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY |
STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

Separately, we are in receipt of the search terms Mr. Schmidt sent today for *Brown v. Google*. The search terms appear to contain new cookie values that are being provided for the first time in this litigation. Before Google searches for data associated with these cookies, we respectfully request confirmation that these new cookie values all come from the browsers of Plaintiffs who have provided a consent notification to Google authorizing it to search for and produce any associated data.

### *Calhoun v. Google*

In response to Plaintiffs' and the Special Master's request made today for additional information related to ███████, Google has identified the following responsive documents produced by Google in this matter.

- GOOG-CABR-03644400 - Chrome Metrics Keyed by GAIA ID
- GOOG-CABR-04735687 - ███████ Data Ingestion from Chrome Sync
- GOOG-CABR-04476804 - ███████ Definition of Internal Analysis
- GOOG-CABR-04476632 - ███████ Access Best Practices
- GOOG-CABR-04702145 - ███████ - Data Minimization Principles
- GOOG-CABR-04698271 - Obscured Tables in ███████
- GOOG-CALH-00031005 - Chrome_Data_in_███████_-_Chrome_Analysis.pdf
- GOOG-CALH-00031010 - Chrome_Metrics_Keyed_by_Gaia_ID_-_from_███████_perspective
- GOOG-CALH-00031286 - Chrome_in_███████_DWH__Product___Platform_duality.docx
- GOOG-CALH-00547767 - ███████ Devices
- GOOG-CABR-05326721 - ███████ Access Best Practices

Google has loaded a zipfile ["GG8083RL_PDF Export_20211215.zip"] containing these documents to the following sendfile:

https://sendfile.quinnemanuel.com?p=9339ae52-65af-4ee1-9ae9-b6d0a16f0f33

In addition to these efforts, we are meeting with engineers to understand the options for, and burdens associated with, querying additional data in ███████. Please do not hesitate to contact us if you have any questions or require additional information.

Respectfully,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Josef Ansorge

Josef Ansorge

# EXHIBIT 11
# Redacted Version of Document Sought to be Sealed

**Geoffrey Grundy**

| | |
|---|---|
| **From:** | Timothy Schmidt <timothy.schmidt@accelconsulting.llc> |
| **Sent:** | Tuesday, December 21, 2021 8:03 AM |
| **To:** | Josef Ansorge; QE Brown |
| **Cc:** | Mark C. Mao; googleteam@lists.susmangodfrey.com; Douglas Brush |
| **Subject:** | Brown v. Google LLC (N.D. Cal. Case No. 20-cv-03664) - Confidential |

**[EXTERNAL EMAIL from timothy.schmidt@accelconsulting.llc]**

Mr. Ansorge, et. al.,

Special Master Brush has approved the inclusion of ███████████ as a potentially relevant data source for which Brown Plaintiffs may request searches be performed. This decision is primarily based on Google providing additional information concerning that data source only around Thanksgiving and testimony provided in the recent deposition of Mr. Liao.   Additionally, Brown Plaintiffs may search this data source in addition to the ██ data sources indicated in Exhibit 1 under the terms of Section 4, number 5.  Seeing that Google has provided field names for this data source, the Special Master has asked the Brown Plaintiffs to provide search terms for █████████████ within two days (COB EST, December 23, 2021).

Thank you,
Tim Schmidt

*Timothy Schmidt*
Consultant
**M** 202.577.5302
**E** timothy.schmidt@accelconsulting.llc

**Accel Consulting LLC**
BOULDER, CO 80301

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to other contractual or confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this message in error, please notify the sender by reply email and delete this message.

# EXHIBIT 12
# Redacted Version of Document Sought to be Sealed



**AMERICA'S LARGEST INJURY LAW FIRM**

Ryan J. McGee
Attorney
rmcgee@forthepeople.com
Direct: (813) 223-0931

March 4, 2022

## HIGHLY CONFIDENTIAL – SPECIAL MASTER AND ATTORNEYS' EYES ONLY

### Via Email

Mr. Josef Ansorge
JosefAnsorge@quinnemanuel.com
Quinn Emanuel

Special Master Douglas Brush
Douglas.Brush@accelconsulting.llc
Accel Consulting, LLC

Mr. Timothy Schmidt
Timothy.Schmidt@accelconsulting.llc
Accel Consulting, LLC

Re:     *Brown v. Google LLC*, No. 5:20-cv-03664-YGR-SVK (N.D. Cal.)
        Follow Up to March 4, 2022 Live Searches

Dear Special Master Brush,

Thank you for facilitating the 30 minutes of real-time searches conducted today. The *Brown* Plaintiffs write to propose a schedule for next steps and, by this letter, invite Google to prepare a joint update for the Special Master.

First, from demonstrations today, we ask that Google complete searches of the ▇▇▇ logs (▇▇▇▇▇▇▇▇▇▇▇▇▇; ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇) using the ▇▇▇ PPID-mapped-Biscottis (▇▇▇▇▇▇▇▇▇▇▇▇▇, ▇▇▇▇▇▇▇▇▇▇▇▇▇, ▇▇▇▇▇▇▇▇▇▇) provided during the demo and provide a full output of the results, query, and any debugging output associated with the query, including for the PPID search.

Google's Response:

Pursuant to Special Master Brush's request during yesterday's conference, Google has produced all the results for the live ▇▇▇▇ log searches conducted yesterday. *See* Google's March 4 submission titled "2022-03-04 Brown v. Google - Live ▇▇▇▇ Queries."

Second, during the *Calhoun* live search of the Chrome Sync log, an output associated with the bit "is_chrome_non_incognito_mode" was observed. Mr. Ansorge stated he was not familiar

**MORGAN & MORGAN**
AMERICA'S LARGEST INJURY LAW FIRM

with this bit. The *Brown* Plaintiffs request that Google immediately provide information regarding this bit, including its purpose, the values for this bit, how those values are assigned, how those values are used, and under what circumstances those values are logged.

Google's Response:

The ██████████████████ field appears in at least 17 files of Plaintiff data Google has produced, including:

GOOG-BRWN-00840713
GOOG-BRWN-00840714
GOOG-BRWN-00840715
GOOG-BRWN-00845762
GOOG-BRWN-00845763
GOOG-BRWN-00845764
GOOG-BRWN-00845765
GOOG-BRWN-00845766
GOOG-BRWN-00845767
GOOG-BRWN-00845768
GOOG-BRWN-00845769
GOOG-BRWN-00845770
GOOG-BRWN-00845771
GOOG-BRWN-00845772
GOOG-BRWN-00845773
GOOG-BRWN-00845774
GOOG-BRWN-00845776

Below is the proto comment for this field:

// True if the event originates from Chrome in non-Incognito mode.
// See go/chrome-incognito-logging-for-location for more details.

The hyperlink of go/chrome-incognito-logging-for-location links to GOOG-BRWN-00536949, which was produced to Plaintiffs in September 2021.

Third, the following (non-exhaustive) requests remain outstanding:

1. During the March 2d call, Mr. Schumann identified that the selection for Chrome UMA upload is controlled by a Finch variation. That same day we submitted variation IDs and asked Google to identify which variation ID corresponds to selection for Chrome UMA upload. We have also asked Google to confirm that UMA data is deleted on the browser side after UMA data is uploaded to Google, as well as a confirmation whether there is a variation ID below included within the X-Client-Data header indicating whether the Chrome instance has been selected for UMA upload:

 ForThePeople.com | 📍 201 N. Franklin St., 7th Floor, Tampa, FL 33602 | 📞 813.223.5505

AL, AK, AZ, AR, CA, CO, CT, DE, FL, GA, HI, ID, IL, IN, IA, KS, KY, LA, ME, MD, MA, MI, MN, MS, MO, MT, NE, NV, NH, NJ, NY, NC, OH, OK, OR, PA, RI, SC, SD, TN, TX, UT, VT, VA, WA, WV, WI, WY

**MORGAN & MORGAN**
AMERICA'S LARGEST INJURY LAW FIRM

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████
████████████████████████████

Google's Response:

This request is outside the scope of Special Master's order and request. Google will not respond to these additional discovery requests  unless the Special Master orders us to do so.

2.  The *Brown* Plaintiffs request again schema files for the ██ logs containing the Incognito bit as well as upstream logs and sources. The *Brown* Plaintiffs also request again the full schema files for all of the identified logs in the Special Master process. Google engineers have indicated that all data schemas are within proto files. Our understanding is that the *Calhoun* team received in writing much more schema than the *Brown* Plaintiffs, in addition to a fuller explanation. We request a similar explanation for the logs that we have requested to be searched in the Second Iterative Search.

Google's Response:

***First***, Google produced the top 100 fields by size for the ██ ███████ logs from which the ████████████████████████ pulls data. Google is engaging in best efforts to search all the identifiers provided by consenting Plaintiffs and their experts across the ██ logs. However, all ██ logs contain third party confidential publisher information and Google will not be able to produce search results until after all third party publishers have had reasonable notice.

Following up on Mr. Mao's practical suggestion, Google proposes  to produce one record for each log with the values redacted, so that Plaintiffs will have the populated fields for each log. Google will produce the records no later than Thursday, March 10, 2022.

***Second***, pursuant to the Special Master's order and instructions, Google will not be providing *all* fields for *all* identified logs. *See* Mr. Schmidt's December 10, 2021 email ("the Special Master temporarily modified the field listing requirement to include the lesser of 100 fields or all of the fields in each data source.").

The technical burdens associated with providing *all* field names are neither proportional nor beneficial to efficiently resolving the disputes currently before the Special Master. As Google explained in its October 1 letter re: technical burden to the Special Master, Google stores its logs records in protocol buffers. Protocol buffers related to the selected log sources are complex and include nested sub-messages that consist of other protocol buffers, that contain further nested sub-messages, and so forth. Each message file contains information about the name, type, identifying field number, and (in some cases) a comment

AL, AK, AZ, AR, CA, CO, CT, DE, FL, GA, HI, ID, IL, IN, IA, KS, KY, LA, ME, MD, MA, MI, MN, MS, MO, MT, NE, NV, NH, NJ, NY, NC, OH, OK, OR, PA, RI, SC, SD, TN, TX, UT, VT, VA, WA, WV, WI, WY

**MORGAN & MORGAN**
AMERICA'S LARGEST INJURY LAW FIRM

about the field. To save space on disk, a protocol buffer record is encoded in a format in which the fields are identified by tag numbers.

Because the logs in question have fields and message files from multiple protocol buffer files, Google cannot produce a single ".proto" file, but rather would be required to compile a list of hundreds of files—a complex exercise that will require many software engineering hours. Similar to how C++ compilers can walk through #include statements to produce a binary with all the relevant code and libraries linked in—but there are no readily available tools to reconstruct all the relevant source code that went into that specific binary—proto files import other proto files, using subsections of those files. Moreover, proto files related to the selected data sources are source code: they are submitted as source code, reviewed as source code, and run as source code.

A protocol buffer contains all possible tags that could contain data. With very few exceptions—such as the limited number fields that have the rarely used "required" tag—there is no requirement for any given field to be filled in. Moreover, it is impossible to enforce the semantics of what a field is used for from product to product, or even record to record. Some protocol buffers, such as those used in ad query logs or frontend logs, are shared across multiple Google products and the vast majority of fields listed therein will contain no data in a given record. For example, many fields pertain only to ads shown on Google's search page and are irrelevant to ads on third-party websites.

Providing a list of fields in a proto that are actually filled/used for the data at issue, is also burdensome. Google has no existing tool that provides a listing of populated fields based on a given set of conditions. In theory, Google engineers could create a Flume pipeline to parse each individual record, filter-in matching product/criteria, enumerate the filled fields, and add those to a running set. However, this is a non-trivial program to write, test, submit, and validate. Running this program over more than a handful of recent days would also require significant computer resources, as the potentially relevant log sources are in the ████████████ range. This list of fields would also contain highly sensitive information related to Google's ads serving infrastructure and abuse detection, that is irrelevant to this matter and whose disclosure could cause Google substantial economic harm.

***Third***, as explained at multiple Special Master conferences, Google did not provide "much more schema" to the *Calhoun* Plaintiffs. As the Special Master knows, with regard to schema/ field names, Google provided to both *Brown* and *Calhoun* Plaintiffs: (1) the top 100 fields by size; and (2) search results that contain populated fields.

3. The *Brown* Plaintiffs request again any Plaintiffs' preserved data that Special Master Brush has ordered Google to produce.  In addition, we request that the *Brown* Plaintiffs receive the same schema and explanation for Plaintiffs' data as similarly provided to the *Calhoun* team. Furthermore, we request the decryption keys for any identifiers contained within the preserved data to the extent that these identifiers require decryption.

Google's Response:



🌐 ForThePeople.com | 📍 201 N. Franklin St., 7th Floor, Tampa, FL 33602 | 📞 813.223.5505

**MORGAN & MORGAN**

AMERICA'S LARGEST INJURY LAW FIRM

Plaintiffs requested the production of preserved data for the first time earlier this week. Google will be producing the preserved data from ████████ logs that do not contain confidential third party information no later than Thursday, March 10.

4.  Google engineers have agreed to take a look at our log requests in the Second Iterative Search and let us know which parameters would not return data for each log—to expedite search process.  We have requested multiple times for that to be conducted immediately, and have not received a response.

Google's Response:

Google has previously agreed to provide this information along with the search results. But in the interest of cooperation and timely conclusion, below is a table that indicates whether each data source selected by Plaintiffs is queryable by the ID types Plaintiffs requested to run:

| Selected Data Sources | Whether Queryable by Requested ID Types |
|---|---|
| ████████████████████ | 1. UMA client ID (client_ID2) - Yes, search results produced<br>2. IP address and User Agent - Google is still investigating |
| ████████ (variant of ████████) | 1. Biscotti ID extracted from IDE cookies - Yes<br>2. Zwieback ID extracted from NID cookies - No<br>3. PPID-mapped-biscotti ID from PPID - Yes<br>4. IP address and User Agent - No |
| ████████████████████ | 1. Biscotti ID extracted from IDE cookies - Yes<br>2. Zwieback ID extracted from NID cookies - No<br>3. PPID-mapped-biscotti ID from PPID - Yes<br>4. IP address and User Agent - Google is still investigating<br>5. Analytics CID - No<br>6. Analytics User-ID (UID) - No |

**MORGAN & MORGAN**
AMERICA'S LARGEST INJURY LAW FIRM

| | |
|---|---|
| ███████████ | 1. Biscotti ID extracted from IDE cookies - Yes<br>2. Zwieback ID extracted from NID cookies - No<br>3. PPID-mapped-biscotti ID from PPID - Yes<br>4. IP address and User Agent - Google is still investigating<br>5. Analytics CID - No<br>6. Analytics User-ID (UID) - No |
| █████████ | 1. Biscotti ID extracted from IDE cookies - Yes<br>2. Zwieback ID extracted from NID cookies - No<br>3. PPID-mapped-biscotti ID from PPID - Yes<br>4. IP address and User Agent – Google is still investigating<br>5. Analytics CID - No<br>6. Analytics User-ID (UID) - No |
| ████████████<br>████████<br>██████████████ | 1. Analytics CID - Yes<br>2. Analytics User-ID (UID) - Google is still investigating<br>3. IP address and User Agent - Google is still investigating<br>4. Biscotti ID extracted from IDE cookies - Yes<br>5. Zwieback ID extracted from NID cookies - No<br>6. PPID-mapped-biscotti ID from PPID - Yes |
| █████████ | 1. Analytics CID - Yes<br>2. Analytics User-ID (UID) – Google is still investigating<br>3. IP address and User Agent - Google is still investigating<br>4. Biscotti ID extracted from IDE cookies - Yes<br>5. Zwieback ID extracted from NID cookies - No<br>6. PPID-mapped-biscotti ID from PPID - Yes |
| UMA Dashboard Statistics | Aggregate statistics |
| User Identifiers in Link Decoration | 1. URL Clickstring - Google is still investigating |

AL, AK, AZ, AR, CA, CO, CT, DE, FL, GA, HI, ID, IL, IN, IA, KS, KY, LA, ME, MD, MA, MI, MN, MS, MO, MT, NE, NV, NH, NJ, NY, NC, OH, OK, OR, PA, RI, SC, SD, TN, TX, UT, VT, VA, WA, WV, WI, WY

**MORGAN & MORGAN**
AMERICA'S LARGEST INJURY LAW FIRM

| | |
|---|---|
| All logs that contain a "▬▬▬ ▬▬▬▬▬▬▬ bit" or equivalent | 1. Biscotti ID extracted from IDE cookies - Yes<br>2. Zwieback ID extracted from NID cookies - Yes<br>3. PPID-mapped-biscotti ID from PPID - Yes<br>4. IP address and User Agent - Google is still investigating<br>5. Analytics CID - No<br>6. Analytics User-ID (UID) - No |
| ▬▬▬▬▬▬▬▬ | 1. Biscotti ID extracted from IDE cookies - Yes<br>2. Zwieback ID extracted from NID cookies - No<br>3. PPID-mapped-biscotti ID from PPID - Yes<br>4. IP address and User Agent - Google is still investigating<br>5. Analytics CID - No<br>6. Analytics User-ID (UID) - No |
| ▬▬▬▬▬▬▬▬ | 1. Biscotti ID extracted from IDE cookies - Yes<br>2. Zwieback ID extracted from NID cookies - No<br>3. PPID-mapped-biscotti ID from PPID - Yes<br>4. IP address and User Agent - Google is still investigating<br>5. Analytics CID - No<br>6. Analytics User-ID (UID) - No |
| ▬▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬▬ | 1. Analytics CID - Yes<br>2. Analytics User-ID (UID) - Yes<br>3. IP address and User Agent - Google is still investigating<br>4. Biscotti ID extracted from IDE cookies - Yes<br>5. Zwieback ID extracted from NID cookies - No<br>6. PPID-mapped-biscotti ID from PPID - Yes |
| ▬▬▬▬▬▬▬▬ | 1. Analytics CID - Yes<br>2. Analytics User-ID (UID) - Yes<br>3. IP address and User Agent - Google is still investigating<br>4. Biscotti ID extracted from IDE cookies - Yes<br>5. Zwieback ID extracted from NID cookies - No<br>6. PPID-mapped-biscotti ID from PPID - Yes |

ForThePeople.com | 201 N. Franklin St., 7th Floor, Tampa, FL 33602 | 813.223.5505

AL, AK, AZ, AR, CA, CO, CT, DE, FL, GA, HI, ID, IL, IN, IA, KS, KY, LA, ME, MD, MA, MI, MN, MS, MO, MT, NE, NV, NH, NJ, NY, NC, OH, OK, OR, PA, RI, SC, SD, TN, TX, UT, VT, VA, WA, WV, WI, WY

**MORGAN & MORGAN**
AMERICA'S LARGEST INJURY LAW FIRM

| | |
|---|---|
| ███████████ | 1. Biscotti ID extracted from IDE cookies - Yes<br>2. Zwieback ID extracted from NID cookies - No<br>3. PPID-mapped-biscotti ID from PPID - Yes<br>4. IP address and User Agent - Google is still investigating<br>5. Analytics CID - No<br>6. Analytics User-ID (UID) - No |
| ████████████████ | 1. Biscotti ID extracted from IDE cookies - Yes<br>2. Zwieback ID extracted from NID cookies - No<br>3. PPID-mapped-biscotti ID from PPID - Yes<br>4. IP address and User Agent - Google is still investigating<br>5. Analytics CID - No<br>6. Analytics User-ID (UID) - No |
| ████████████ | 1. Biscotti ID extracted from IDE cookies - Yes<br>2. Zwieback ID extracted from NID cookies - No<br>3. PPID-mapped-biscotti ID from PPID - Yes<br>4. IP address and User Agent - Google is still investigating<br>5. Analytics CID - No<br>6. Analytics User-ID (UID) - No |
| ████████████████ | 1. Biscotti ID extracted from IDE cookies - Yes<br>2. Zwieback ID extracted from NID cookies - No<br>3. PPID-mapped-biscotti ID from PPID - Yes<br>4. IP address and User Agent - Google is still investigating<br>5. Analytics CID - No<br>6. Analytics User-ID (UID) - No |
| ████████████ | 1. Biscotti ID extracted from IDE cookies - Yes<br>2. Zwieback ID extracted from NID cookies - No<br>3. PPID-mapped-biscotti ID from PPID - Yes<br>4. IP address and User Agent - Google is still investigating<br>5. Analytics CID - No<br>6. Analytics User-ID (UID) - No |

🌐 ForThePeople.com | 📍 201 N. Franklin St., 7th Floor, Tampa, FL 33602 | 📞 813.223.5505

AL, AK, AZ, AR, CA, CO, CT, DE, FL, GA, HI, ID, IL, IN, IA, KS, KY, LA, ME, MD, MA, MI, MN, MS, MO, MT, NE, NV, NH, NJ, NY, NC, OH, OK, OR, PA, RI, SC, SD, TN, TX, UT, VT, VA, WA, WV, WI, WY

**MORGAN & MORGAN**

AMERICA'S LARGEST INJURY LAW FIRM

| Basic Subscriber Information / Legal Investigations Support Custom Tooling | 1. Google Accounts (GAIA IDs) - Yes |
|---|---|

5. The *Brown* Plaintiffs have repeatedly requested an explanation as to which logs contain PPID and Analytics User ID (i.e., this was part of our multiple requests previously for descriptions for the identifier fields).

   Google's Response:

   *See* response to Request 4 above. Google has no existing tool that provides a listing of populated fields that indicate whether a given log contains PPID or Analytics User ID.

6. The *Brown* Plaintiffs have repeatedly requested an explanation as to which *Brown* Plaintiff user identifiers have been decrypted and when results from the Second Iterative Search will be produced.

   Google's Response:

   All the identifiers provided by consenting Plaintiffs and their experts on December 17, February 22, and March 2 have been decrypted to the extent necessary. Google has produced all the decrypted IDs to Plaintiffs. Google will provide results from the second iterative search that do not contain third-party confidential information no later than Monday, March 14.

Respectfully,

*Ryan J. McGee*

Ryan J. McGee

ForThePeople.com  |  201 N. Franklin St., 7th Floor, Tampa, FL 33602  |  813.223.5505

AL, AK, AZ, AR, CA, CO, CT, DE, FL, GA, HI, ID, IL, IN, IA, KS, KY, LA, ME, MD, MA, MI, MN, MS, MO, MT, NE, NV, NH, NJ, NY, NC, OH, OK, OR, PA, RI, SC, SD, TN, TX, UT, VT, VA, WA, WV, WI, WY

# EXHIBIT 15
# Redacted Version of Document Sought to be Sealed

# Geoffrey Grundy

| | |
|---|---|
| **From:** | Douglas Brush <douglas.brush@accelconsulting.llc> |
| **Sent:** | Tuesday, March 22, 2022 3:24 PM |
| **To:** | Timothy Schmidt; Mark C. Mao; Andrew Schapiro; Tracy Gao; GOOGLETEAM@lists.susmangodfrey.com |
| **Cc:** | QE Brown |
| **Subject:** | Re: Brown (20-3664) v. Google - Plaintiffs' Proposed Preservation Plan |
| **Importance:** | High |

<div style="background:yellow">**[EXTERNAL EMAIL from douglas.brush@accelconsulting.llc]**</div>

Counsel, et al.,

Thank you for making the time to speak tomorrow.

We are far past the end of discovery and these calls are to serve as instructions for closing out the only two open issues:

1. Final searches – What terms and data sources will be run on the final searches of data.
2. Closing out the preservation plan. Please follow Mr. Schmidt's instructions on this. We will not spend much time on arguments or review of this issue tomorrow. However, I do expect the fully baked plans to come to me so I can finalize, send back, and have it fled with the Court.

To be crystal clear: This is the end of the process. We will not be arguing new issues or expanding discovery. Be prepared to come discuss how we close out the Special Master process this week.


Best,

Doug

---

*Douglas Brush*
President
**M** 917.470.9140
**E** douglas.brush@accelconsulting.llc

**Accel Consulting LLC**
BOULDER, CO 80301

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to other contractual or confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this message in error, please notify the sender by reply email and delete this message.

---

**From:** Timothy Schmidt <timothy.schmidt@accelconsulting.llc>
**Date:** Tuesday, March 22, 2022 at 6:22 AM
**To:** Mark C. Mao <mmao@BSFLLP.com>, Andrew Schapiro <andrewschapiro@quinnemanuel.com>, Douglas Brush <douglas.brush@accelconsulting.llc>, Tracy Gao <tracygao@quinnemanuel.com>, GOOGLETEAM@lists.susmangodfrey.com <GOOGLETEAM@lists.susmangodfrey.com>

**Cc:** QE Brown <qebrown@quinnemanuel.com>
**Subject:** Re: Brown (20-3664) v. Google - Plaintiffs' Proposed Preservation Plan

Ms. Gao,
Please set the meets for 10:00 am and 11:30 am EDT. Each meet should be for 1 hour.
Thank you,
Tim Schmidt

*Timothy Schmidt*
Consultant
**M** 202.577.5302
**E** timothy.schmidt@accelconsulting.llc

Accel Consulting LLC
BOULDER, CO 80301

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to other contractual or confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this message in error, please notify the sender by reply email and delete this message.

**From:** Timothy Schmidt <timothy.schmidt@accelconsulting.llc>
**Sent:** Monday, March 21, 2022 11:08:41 PM
**To:** Mark C. Mao <mmao@BSFLLP.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Douglas Brush <douglas.brush@accelconsulting.llc>; Tracy Gao <tracygao@quinnemanuel.com>; GOOGLETEAM@lists.susmangodfrey.com <GOOGLETEAM@lists.susmangodfrey.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>
**Subject:** Re: Brown (20-3664) v. Google - Plaintiffs' Proposed Preservation Plan

All,

Thank you for providing your versions of a preservation plan as requested.  Special Master and I have reviewed the plans and while these will serve as a starting point, we will need for the parties to provide a version that allows for consolidation of all parts of the competing plans into a unified format.

Special Master Brush requires that you provide a joint plan in a consolidated tabular format (i.e., both parties will provide input into the same cell within the table for each issue).  The unified tabular joint submission will be provided to Special Master Brush by no later than close of business EDT, tomorrow, March 22, 2022.  The format of each party's contribution will be as follows:

- Agreed upon verbiage will be provided in Black.
- Google verbiage to which Plaintiff does not agree will be provided in Orange.
- Plaintiff verbiage to which Google does not agree will be provided in Blue.

The table will be comprised of five columns:

1. Issue
2. Description of Issue and list of relevant data source(s)
3. For each identified data source associated with this issue, standard preservation length and approximate size
4. Start and End dates of preservation for relevant data sources for this issue
5. For each identified data source associated with this issue, a list of fields (where known or a description of content in general) which will be preserved; sampling methodology (if any)

Both Parties will refrain from providing legal arguments and/or criticism of opposing Party's approach.

The goal is to create a framework for Special Master Brush to work from to finalize a binding preservation plan.

Thank you,
Tim Schmidt

*Timothy Schmidt*
Consultant
**M** 202.577.5302
**E** timothy.schmidt@accelconsulting.llc

**Accel Consulting LLC**
BOULDER, CO 80301

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to other contractual or confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this message in error, please notify the sender by reply email and delete this message.

---

**From:** Mark C. Mao <mmao@BSFLLP.com>
**Date:** Saturday, March 19, 2022 at 9:19 PM
**To:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>, Douglas Brush <douglas.brush@accelconsulting.llc>, Tracy Gao <tracygao@quinnemanuel.com>, Timothy Schmidt <timothy.schmidt@accelconsulting.llc>, GOOGLETEAM@lists.susmangodfrey.com <GOOGLETEAM@lists.susmangodfrey.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>
**Subject:** Re: Brown (20-3664) v. Google - Plaintiffs' Proposed Preservation Plan

Mr. Shapiro -

Please present an actual preservation plan that includes data from the Class Period.  That is what the Court ordered.


Your proposal has no basis or precedence in case law.


Thanks.

Mark (Hsiao C) Mao
Boies Schiller Flexner LLP
mmao@bsfllp.com
415.999.9695 (Cell)

---

**From:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>
**Sent:** Saturday, March 19, 2022 11:53:41 AM
**To:** Mark C. Mao <mmao@BSFLLP.com>; Douglas Brush <douglas.brush@accelconsulting.llc>; Tracy Gao <tracygao@quinnemanuel.com>; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>; GOOGLETEAM@lists.susmangodfrey.com <GOOGLETEAM@lists.susmangodfrey.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>
**Subject:** RE: Brown (20-3664) v. Google - Plaintiffs' Proposed Preservation Plan

Dear Special Master Brush:

This is a discussion about preservation, not about the merits of a class certification or liability.  It is, of course, neither feasible nor reasonable to demand preservation of everything Plaintiffs list in the preservation proposal. Nor is it necessary.  The case will rise or fall regardless of the amount of data that is preserved.  Stated otherwise, the amount and quality of data that Google proposes preserving is more than sufficient for Plaintiffs to attempt to make their case and us to attack it.

I'm sure the last thing you are interested in now is finger-pointing, so I will say only that it was always our desire to submit a joint document, even if it reflected (via the color-code method) significant disagreement among the parties. The emails appended to Ms. Gao's submission make that clear. When, last night, plaintiffs refused to do so and sent in their own proposal, we had no choice but to follow with our own. The suggestion that our proposal is not a "preservation" proposal because it would preserve only samples from the logs– which is the only feasible approach, given the volume of data at issue – is meritless. If it helps, we would be willing to stipulate that the preserved samples are, in our view, representative ones.

Other than that, Mr. Mao's invitation to draw you in to a legal dispute about how claims in a class action can or cannot be established should be rejected. The issue before the Special Master, technical in nature, is whether a workable plan can be devised. The plan we have proposed is the only one that fits that bill, and should be adopted.

---

**From:** Mark C. Mao <mmao@BSFLLP.com>
**Sent:** Saturday, March 19, 2022 10:57 AM
**To:** Douglas Brush <douglas.brush@accelconsulting.llc>; Tracy Gao <tracygao@quinnemanuel.com>; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>; GOOGLETEAM@lists.susmangodfrey.com
**Cc:** QE Brown <qebrown@quinnemanuel.com>
**Subject:** RE: Brown (20-3664) v. Google - Plaintiffs' Proposed Preservation Plan

**[EXTERNAL EMAIL from mmao@bsfllp.com]**

---

Special Master Brush:

It may help if I summarize at a high level, what the parties appear to be able to agree on (or work further to), and disagree on:

Both Google and Plaintiffs appear to be able to work further to:

- Select what fields and tables need to be preserved, to help reduce the total size of data to be preserved (e.g., Plaintiffs' proposed parameters below);

- Select what types of log sources are at issue (although Plaintiffs are still waiting for Google's full list of relevant logs and schema);

- Whether "super logs" combining log sources and data may be used by Google (e.g., combining UMA logs with ad logs).

However, Plaintiffs and Google are not able to agree on whether a sampling plan may be used in lieu of full preservation. To be clear, Google is talking about only preserving a small set of random event level data (e.g., at the row level), but destroying the remainder. Plaintiffs have asked for research from Google proving that this is legally permissible, because Plaintiffs have found no authority for the allowance of such destruction.

Google's insistence on a sampling approach is a gateway issue on the remainder of the agreement for Google. Thus, Plaintiffs have not yet been able to discuss with Google the preservation of other types of data typically preserved by Google, but of which should make it into a preservation plan anyways:

- Encryption keys;

- Profile data;

- Dashboard data;

- Financial data.

This high-level summary contains some over-simplification.  But I figure this may the easiest way to explain to you why the parties are at an impasse.

Still, I hope I made clear that I am open to hearing more from Google over the weekend and before our meeting on the 22nd, and I remain on standby.  Thank you all in advance.

---

**From:** Douglas Brush <douglas.brush@accelconsulting.llc>
**Sent:** Saturday, March 19, 2022 7:46 AM
**To:** Mark C. Mao <mmao@BSFLLP.com>; Tracy Gao <tracygao@quinnemanuel.com>; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>; GOOGLETEAM@lists.susmangodfrey.com
**Cc:** QE Brown <qebrown@quinnemanuel.com>
**Subject:** Re: Brown (20-3664) v. Google - Plaintiffs' Proposed Preservation Plan

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

---

Where is the joint plan?

Best,

Doug

---

*Douglas Brush*
President
**M** 917.470.9140
**E** douglas.brush@accelconsulting.llc

**Accel Consulting LLC**
BOULDER, CO 80301

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to other contractual or confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this message in error, please notify the sender by reply email and delete this message.

---

**From:** Mark C. Mao <mmao@BSFLLP.com>
**Date:** Saturday, March 19, 2022 at 4:41 AM
**To:** Tracy Gao <tracygao@quinnemanuel.com>, Douglas Brush <douglas.brush@accelconsulting.llc>, Timothy Schmidt <timothy.schmidt@accelconsulting.llc>, GOOGLETEAM@lists.susmangodfrey.com <GOOGLETEAM@lists.susmangodfrey.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>
**Subject:** Re: Brown (20-3664) v. Google - Plaintiffs' Proposed Preservation Plan

Ms. Gao -

The record below shows that the Brown plaintiffs were the only ones that had actually presented a preservation plan.  Your counter presented a sampling plan instead, not a preservation plan.

While interesting theoretically, we immediately told you that it seemed legally questionable whether a sampling plan can even be used and approved by a Court in lieu, especially before class certification.  Here, you are not even suggesting the seeking of Court approval, or some other means of blessing by the class process.  Thus, we asked that you research the topic, and you do not appear to have done so.

Our plan presented last night is what we had originally presented on March 9, which remains the only preservation plan presented.  Again, we ask that if your only suggestion is a sampling plan, please present legal authority that shows sampling may be used in lieu of actual preservation.

Thank you,

Mark (Hsiao C) Mao
Boies Schiller Flexner LLP
mmao@bsfllp.com
415.999.9695 (Cell)

---

**From:** Tracy Gao <tracygao@quinnemanuel.com>
**Sent:** Friday, March 18, 2022 8:28 PM
**To:** Douglas Brush <douglas.brush@accelconsulting.llc>; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>; GOOGLETEAM@lists.susmangodfrey.com <GOOGLETEAM@lists.susmangodfrey.com>; Mark C. Mao <mmao@BSFLLP.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>
**Subject:** FW: Brown (20-3664) v. Google - Plaintiffs' Proposed Preservation Plan

Dear Special Master Brush, Mr. Schmidt,

As counsel for Plaintiffs suggested below, we are submitting Google's preservation proposal (see attached). We sent this proposal to Plaintiffs on Tuesday, March 15. The parties met and conferred on the same day, and counsel for Plaintiffs indicated that they would let us know which aspects of the proposal they could agree to and propose a joint preservation plan. We followed up with Plaintiffs a couple of times today, but unfortunately Plaintiffs refused to submit a joint preservation proposal. Instead, they sent a new proposal to the Special Master.

We are reviewing Plaintiffs' new proposal. Meanwhile, we can meet with the Special Master team at any time to discuss the details in our proposal.

Best,
Tracy

---

**From:** Mark C. Mao <mmao@BSFLLP.com>
**Sent:** Friday, March 18, 2022 9:20 PM
**To:** Tracy Gao <tracygao@quinnemanuel.com>; Ryan McGee x3030 <rmcgee@forthepeople.com>; Beko Richardson <brichardson@BSFLLP.com>; GOOGLETEAM@lists.susmangodfrey.com
**Cc:** QE Brown <qebrown@quinnemanuel.com>
**Subject:** RE: Brown (20-3664) v. Google - Plaintiffs' Proposed Preservation Plan

**[EXTERNAL EMAIL from mmao@bsfllp.com]**

Counsel:

That won't work for many reasons.  We will provide a response, to you and the Special Master.  But you should probably do the legal research necessary on your proposal.

Please send your proposal and research to the Special Master as well.  Thank you.

---

**From:** Tracy Gao <tracygao@quinnemanuel.com>
**Sent:** Friday, March 18, 2022 6:02 PM
**To:** Mark C. Mao <mmao@BSFLLP.com>; Ryan McGee x3030 <rmcgee@forthepeople.com>; Beko Richardson <brichardson@BSFLLP.com>; GOOGLETEAM@lists.susmangodfrey.com
**Cc:** QE Brown <qebrown@quinnemanuel.com>
**Subject:** RE: Brown (20-3664) v. Google - Plaintiffs' Proposed Preservation Plan

Counsel,

Please find attached Google's draft of the joint preservation proposal. Please let us know if Plaintiffs agree to any specific aspects of the proposal. We propose to jointly submit to the Special Master the preservation proposal with areas of agreement in black, and disputed positions in red (Plaintiffs)/ blue (Google).

Best,
Tracy

---

**From:** Mark C. Mao <mmao@BSFLLP.com>
**Sent:** Friday, March 18, 2022 3:57 PM
**To:** Tracy Gao <tracygao@quinnemanuel.com>; Ryan McGee x3030 <rmcgee@forthepeople.com>; Beko Richardson <brichardson@BSFLLP.com>; GOOGLETEAM@lists.susmangodfrey.com
**Cc:** QE Brown <qebrown@quinnemanuel.com>
**Subject:** RE: Brown (20-3664) v. Google - Plaintiffs' Proposed Preservation Plan

**[EXTERNAL EMAIL from mmao@bsfllp.com]**

I will send our proposal sometime between 3-4pm PT ideally.  Thanks.

---

**From:** Tracy Gao <tracygao@quinnemanuel.com>
**Sent:** Friday, March 18, 2022 10:28 AM
**To:** Mark C. Mao <mmao@BSFLLP.com>; Ryan McGee x3030 <rmcgee@forthepeople.com>; Beko Richardson <brichardson@BSFLLP.com>; GOOGLETEAM@lists.susmangodfrey.com
**Cc:** QE Brown <qebrown@quinnemanuel.com>
**Subject:** FW: Brown (20-3664) v. Google - Plaintiffs' Proposed Preservation Plan

Counsel,

As discussed at Tuesday's meet and confer, we are expecting Plaintiffs' proposed stipulation or thoughts on our March 15 suggested framework for preservation. Are Plaintiffs intending to provide any further input on the joint preservation proposal? To the extent that Plaintiffs can agree to specific aspects of our preservation proposal, could you please let us know by 1 pm Pacific? Thank you.

Best,
Tracy

---

**From:** Josef Ansorge <josefansorge@quinnemanuel.com>
**Sent:** Tuesday, March 15, 2022 12:55 PM
**To:** Mark C. Mao <mmao@BSFLLP.com>; Douglas Brush <douglas.brush@accelconsulting.llc>; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>
**Cc:** QE Brown <qebrown@quinnemanuel.com>; GOOGLETEAM@lists.susmangodfrey.com
**Subject:** RE: Brown (20-3664) v. Google - Plaintiffs' Proposed Preservation Plan

Dear Mr. Mao,

Thank you for the productive meet and confer yesterday. Below please find our written proposal / suggested framework for preservation.

### 15-MAR-2022 Draft Google Framework for Preservation

Google proposes to preserve a daily sample of ███ Display Ads events associated with ███ different randomly selected UIDs scoped to activity in the United States based on the Country field:

> Event_id (information used to identify events in log entries);

> IP address;

> User-agent;

> HTTP header (including x-client-data header field);

> URL; and

> Date and time (to the extent that is not legible from Event_id).

Instead of categorically preserving a number of different log sources, Google proposes to construct a log source for preservation that only consists of the specific fields and data to be preserved. In addition, Google proposes preserving:



> the ███ dashboard data (based on ███████ and ███████ boolean fields); and

> the Display Ads dashboard data (based on ███████ boolean field).

We are optimistic that the parties can find agreement and look forward to discussing class-wide preservation with you in more detail during today's meet and confer.

Best,

**Josef Ansorge**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8267 Direct
202.538.8000 Main Office Number
202.538.8100 FAX

josefansorge@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Mark C. Mao <mmao@BSFLLP.com>
**Sent:** Wednesday, March 9, 2022 5:06 PM
**To:** Douglas Brush <douglas.brush@accelconsulting.llc>; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>
**Cc:** QE Brown <qebrown@quinnemanuel.com>; GOOGLETEAM@lists.susmangodfrey.com
**Subject:** Brown (20-3664) v. Google - Plaintiffs' Proposed Preservation Plan

**[EXTERNAL EMAIL from mmao@bsfllp.com]**

---

Dear Special Master Brush,

As you have requested, Plaintiffs propose the following to try to move the ball forward on a preservation plan, consistent with the Magistrate Judge's recent orders.

Google to Preserve:

Plaintiffs propose that Google extend its default retention period for three discrete categories of logs, as well as any encryption and/or joinability keys associated with any identifiers in such logs, as follows:

1. UMA Raw Logs: Google should preserve raw UMA logs through the duration of this case. Please note that this log appears to be ███████████████████████ ████████████████████████████████████ *See* GOOG-CABR-04801490.

1. ████████ Logs with the ████████████ Bit: Google should preserve all of these logs for at least █ year longer than the default retention period. Please note that Google considered retaining ████ logs— which include substantially greater data and are costlier to preserve than ████ logs—for up to █ year for its own, internal business purposes. *See* GOOG-BRWN-00845467.

1. Select Additional Logs: Google should preserve the following logs, which appear to contain either (a) the X-Client data header or (b) PPID-mapped biscotti and/or Analytics User IDs, for at least █ year longer than the default retention period: ████████████████████████; ███████████; ██████; ████████████████████████; ██████████████████████████████████████████████████; and ████████████████████████████.

For sources Nos. 2-3, the proposed retention periods may be sufficient, or would provide sufficient time for the parties to agree on a more targeted preservation plan if necessary. Plaintiffs remain willing to consider any proposals by Google to narrow what is preserved to less than the full content of these logs, but Plaintiffs presently do not have sufficient information to propose such a subset without further input from Google and believe the full logs should be preserved at least long enough for the parties to confer about a more targeted preservation plan. For example, Plaintiffs may be willing to meet and confer to agree on the preservation of a smaller subset of the data, specifically – 1) identifiers, 2) IP address, 3) user-agent, 4) HTTP header, 5) URL, 6)

date and time, and 7) any "incognito"-titled field (e.g., ███████████████████) or field containing Incognito-detection (e.g., █████████████ fields).

<u>Google to Disclose:</u>

Plaintiffs also propose that Google disclose the names of all logs in the following categories, as well as their default retention periods. Once such a disclosure is made, Plaintiffs can consider what preservation, if any, may be necessary.

1.  All source logs from which the █████████████ bit in the ██████ logs described above may be inferred.

1.  All logs containing any parameter or field with "Incognito" in the name, and the full name/description of the field with "Incognito" in the name for each such log. (For instance, ██████ logs that contain an ████████████████████ bit would be included here.)

1.  All logs containing PPID-mapped biscotti and/or Analytics User IDs. Google has indicated that it does not have an "existing tool" that "provides a listing of populated fields that indicate whether a given log contains PPID or Analytics User ID."

For these three categories of logs and sources that Plaintiffs are requesting that Google disclose, Plaintiffs may again be willing to meet and confer to agree on the preservation of a smaller subset of the data, specifically – 1) identifiers, 2) IP address, 3) user-agent, 4) HTTP header, 5) URL, 6) date and time, and 7) any "incognito"-titled field (e.g., █████████████████) or field containing Incognito-detection (e.g., ████████████ fields).  Plaintiffs respectfully submit that Google should use whatever means it has available to attempt in good faith to identify such logs; for example, by (1) asking persons likely to have such knowledge, (2) running test searches for such identifiers across a broader set of logs to identify those containing such identifiers, (3) using any tools that would identify such logs (even if such a tool would not "provide a listing of populated fields" as Google's carefully-worded statement above suggests), or (4) any other methods available to Google.

Plaintiffs and their experts remain available to discuss these issues to try to arrive at a sensible preservation framework.

Respectfully,

**Mark C. Mao**
(He/him/his)
Partner

**BOIES SCHILLER FLEXNER** LLP
<u>44 Montgomery Street</u>, 41<u>st</u> Floor
<u>San Francisco, CA 94104</u>
(t) 415 293 6858
(c) 415 999 9695
mmao@bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in

error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

# EXHIBIT 16
# Redacted Version of Document Sought to be Sealed

## Geoffrey Grundy

| | |
|---|---|
| **From:** | Josef Ansorge |
| **Sent:** | Wednesday, March 23, 2022 11:47 AM |
| **To:** | Douglas Brush; Timothy Schmidt; Mark C. Mao |
| **Cc:** | QE Brown; GOOGLETEAM@lists.susmangodfrey.com |
| **Subject:** | Brown v. Google: Deposition Testimony re: ▮▮▮▮ Logs |

Special Master Brush, Mr. Schmidt, Mr. Mao,

Thank you for the productive meet and confer this morning. As requested by the Special Master, we are hereby providing sendfile information for the deposition transcript and relevant exhibit used at Dr. Sadowski's 30(b)(6) deposition regarding the ▮▮▮▮ logs (Notice 2; Topic 10). We have highlighted the most relevant passages for the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮ Boolean fields in both documents. (I will provide the sendfile password under separate cover.)

[Click here to download the file(s) listed below](#)

DrCaitlinSadowski_2_highlighting.pdf     122.04 KB
DrCaitlinSadowski_COND.pdf              425.28 KB

If the link above does not open, please copy and paste the following URL into your browser:
https://sendfile.quinnemanuel.com/pkg?token=34268486-5ae9-487a-9d85-9dc72a253207

As explained this morning, to the extent Plaintiffs select any of these ▮▮▮▮ log sources for their next round of searches—and the Special Master approves the requests—Google agrees to conduct searches over those sources and produce responsive results.

We look forward to working with Plaintiffs and the Special Master to close out the Special Master process this week.

Best,

**Josef Ansorge**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8267 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
josefansorge@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT 17
# Redacted Version of Document Sought to be Sealed

**Geoffrey Grundy**

---

| | |
|---|---|
| **From:** | Josef Ansorge |
| **Sent:** | Saturday, March 26, 2022 8:59 AM |
| **To:** | Douglas Brush; Ryan McGee x3030; Timothy Schmidt; Mark C. Mao |
| **Cc:** | QE Brown; GOOGLETEAM@lists.susmangodfrey.com |
| **Subject:** | Re: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data |

Special Master Brush,

Thank you for your email and guidance. Google is ready to initiate the final set of searches, including searches across the preserved data you referred to in your email. We look forward to receiving the final set of search requests from Plaintiffs and to working with Plaintiffs and the Special Master team to successfully close out the Special Master process.

Best,

**Josef Ansorge**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8267 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
josefansorge@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Douglas Brush <douglas.brush@accelconsulting.llc>
**Sent:** Saturday, March 26, 2022 11:35
**To:** Ryan McGee x3030 <rmcgee@forthepeople.com>; Josef Ansorge <josefansorge@quinnemanuel.com>; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>; Mark C. Mao <mmao@BSFLLP.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>; GOOGLETEAM@lists.susmangodfrey.com <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** Re: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data

**[EXTERNAL EMAIL from douglas.brush@accelconsulting.llc]**

---

1

Mr. McGee and Mr. Ansorge,

Where are we in the search negotiations and a proposed plan for final searches?

As for the "*Preserved*" data listed below, I am to assume this is the blanked data put on litigation hold, that has not been produced due to 3rd party notification issues.

This data needs to be searched in accordance with the Special Master process and order. This is the process I want followed and to end the dispute about its production.


Best,

Doug


_____

*Douglas Brush*
President
**M** 917.470.9140
**E** douglas.brush@accelconsulting.llc

**Accel Consulting LLC**
BOULDER, CO 80301

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to other contractual or confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this message in error, please notify the sender by reply email and delete this message.

---

**From:** Ryan McGee x3030 <rmcgee@forthepeople.com>
**Date:** Thursday, March 24, 2022 at 8:30 PM
**To:** Josef Ansorge <josefansorge@quinnemanuel.com>, Douglas Brush <douglas.brush@accelconsulting.llc>, Timothy Schmidt <timothy.schmidt@accelconsulting.llc>, Mark C. Mao <mmao@BSFLLP.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>, GOOGLETEAM@lists.susmangodfrey.com <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** Re: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data

Special Master Brush, Mr. Schmidt, and Counsel:

Regarding the below "preserved data," the *Brown* Plaintiffs think what would help the parties move onward is:


- A full production of all of Plaintiffs' identifiers from the "preserved data," for what was withheld below.  If no identifiers were withheld, Google should so indicate.
- For the below that Google is withholding, the parties need a record of what exactly is being held back.
  - At minimum, Plaintiffs would be entitled to field descriptions.  This way, if there is any future dispute, there is no disagreement as to what was withheld, and on what alleged basis.
  - Without descriptions, there is no record of what Google is currently claiming needs "publisher permission."  The Special Master and Court cannot evaluate the propriety of Google's claim.

If Google is willing to agree to the proposed interim solution above, Plaintiffs can wait longer for the rest of their preserved data, while proceeding forward beyond the issue of "preserved data" at least for their searches.  The *Brown* Plaintiffs maintain that they are entitled to all of their data, and a full production of the preserved data as ordered.  The

compromise offered here is merely an interim solution, and the *Brown* Plaintiffs do not hereby waive any rights or objections.

Lastly, the *Brown* Plaintiffs note that their willingness to work with Google on this for "preserved data" is not a compromise on getting complete and fulsome search results.  We agree with the Special Master's reminder yesterday, which is that the full productions were ordered.

Thank you,
Ryan


**Ryan McGee**
Attorney
My Bio

**P:** (813) 223-0931
**F:** (813) 222-4702
**A:** 201 N Franklin St, 7th Floor, Tampa, FL 33602



*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

**From:** <owner-googleteam@lists.susmangodfrey.com> on behalf of Josef Ansorge <josefansorge@quinnemanuel.com>
**Date:** Wednesday, March 23, 2022 at 4:34 PM
**To:** Douglas Brush <douglas.brush@accelconsulting.llc>, Timothy Schmidt <timothy.schmidt@accelconsulting.llc>, "Mark C. Mao" <mmao@BSFLLP.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>, "GOOGLETEAM@lists.susmangodfrey.com" <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data

**CAUTION: Use caution when clicking on links or opening attachments in this external email.**

Special Master Brush, Mr. Schmidt, Counsel,

As requested during this morning's meet and confer we have worked with Google engineers to pull additional descriptive statistics comparing produced preserved data to preserved data that would require reasonable publisher notice before it can be produced.





We hope this additional information is helpful to the Special Master to determine whether, and for which publishers, Google should provide reasonable notice to produce previously preserved records. As stated during today's meet and confer, Google is prepared to provide notice to all the publishers ▮▮▮ associated with Plaintiffs' second set of search requests. Alternatively, we are also prepared to provide notice to the top publishers by record for preserved data and second set of search requests. To minimize the burden, we respectfully request that the publisher notice be conducted simultaneously for both cases (*Calhoun* and *Brown*) and all further required notices be processed together at one time.

Special Master Brush: Please let us know how we should proceed.

We look forward to working with Plaintiffs and the Special Master team to close out the Special Master process this week.

Best,

**Josef Ansorge**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8267 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
josefansorge@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

This e-mail contains communication that may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

To unsubscribe from the GOOGLETEAM list, click here

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

# EXHIBIT 18
# Redacted Version of Document Sought to be Sealed

**Geoffrey Grundy**

| | |
|---|---|
| **From:** | Douglas Brush <douglas.brush@accelconsulting.llc> |
| **Sent:** | Thursday, March 31, 2022 10:56 AM |
| **To:** | Josef Ansorge; Mark C. Mao; QE Brown |
| **Cc:** | GOOGLETEAM@lists.susmangodfrey.com; Timothy Schmidt |
| **Subject:** | Re: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data |

[EXTERNAL EMAIL from douglas.brush@accelconsulting.llc]

Messrs Ansorge and Mao,

Plaintiffs are to provide final searches at this point.

As for the *preserved-historical data*, the preponderance of this material has been produced to the Plaintiffs. This should give ample context to construct searches. What has **NOT** been produced is material that needs 3rd part consent.

This tranche of data (*preserved-historical data requiring 3rd party consent*) will be searched with terms provided by the Plaintiffs. Then, responsive data will need to have 3rd party notice before production to the Plaintiffs.

We do not need to complicate this any further.

If we need to hop on a call to resolve this, please advise.

Best,

Doug

_____

*Douglas Brush*
President
**M** 917.470.9140
**E** douglas.brush@accelconsulting.llc

**Accel Consulting LLC**
BOULDER, CO 80301

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to other contractual or confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this message in error, please notify the sender by reply email and delete this message.

**From:** Josef Ansorge <josefansorge@quinnemanuel.com>
**Date:** Thursday, March 31, 2022 at 9:38 AM
**To:** Mark C. Mao <mmao@BSFLLP.com>, Douglas Brush <douglas.brush@accelconsulting.llc>, QE Brown <qebrown@quinnemanuel.com>
**Cc:** GOOGLETEAM@lists.susmangodfrey.com <GOOGLETEAM@lists.susmangodfrey.com>, Timothy Schmidt

<timothy.schmidt@accelconsulting.llc>
**Subject:** RE: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data

Dear Special Master Brush,

As far as historical searches, you clearly informed the parties how publisher notice is to be handled: "Preserved data sources are to be searched in accordance with the Special Master process and order." No further meet and confers should be required. That dispute is resolved.

For the avoidance of all doubt, Google is not refusing to complete any searches. To the contrary, Google has repeatedly requested Plaintiffs' third and final set of searches. As we explained during our conferences, we were requesting Plaintiffs final set of searches because it would have permitted us to process all required publisher notices at one time. However, since Plaintiffs appear unwilling to submit any additional searches, we respectfully seek your guidance on whether the process will be complete once Google produces data requiring publisher notice from the following three sources:



Respectfully,

**Josef Ansorge**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8267 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
josefansorge@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Mark C. Mao <mmao@BSFLLP.com>
**Sent:** Thursday, March 31, 2022 10:30 AM
**To:** Josef Ansorge <josefansorge@quinnemanuel.com>; Douglas Brush <douglas.brush@accelconsulting.llc>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** GOOGLETEAM@lists.susmangodfrey.com; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>
**Subject:** RE: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data

**[EXTERNAL EMAIL from mmao@bsfllp.com]**

Mr. Ansorge:

Good morning.

At minimum, do you dispute that you have not produced historical data or responses from three log sources?  Because if you do not dispute that, you have not finished the prior searches.

And is there any question that you have not produced a full list of all data sources that can contain one of the three incognito-bits?  What about full schemas?  If you do not dispute that, you also have not complied with the November 12 Order.

If your point is that Google refuses to finish, then you do you not need to respond.

Respectfully.

---

**From:** Josef Ansorge <josefansorge@quinnemanuel.com>
**Sent:** Thursday, March 31, 2022 7:14 AM
**To:** Mark C. Mao <mmao@BSFLLP.com>; Douglas Brush <douglas.brush@accelconsulting.llc>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** GOOGLETEAM@lists.susmangodfrey.com; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>
**Subject:** RE: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data

Mr. Mao,

Search 2 is finished. The responsive data has been produced. The Special Master made clear at our last conference that the priority is to get in the third and final set of searches. As you know, we have been requesting Plaintiffs' search selection for weeks. If Plaintiffs do not intend to select any further sources for searches, please inform us immediately. If Plaintiffs do select additional searches, we are of course happy to meet and confer with Plaintiffs on those searches.

Respectfully,

**Josef Ansorge**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8267 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
josefansorge@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Mark C. Mao <mmao@BSFLLP.com>
**Sent:** Thursday, March 31, 2022 2:07 AM
**To:** Douglas Brush <douglas.brush@accelconsulting.llc>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** GOOGLETEAM@lists.susmangodfrey.com; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>
**Subject:** RE: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data

**[EXTERNAL EMAIL from mmao@bsfllp.com]**

---

Special Master Brush: Attached please find Plaintiffs' contribution to the Joint Update.  Please note that Google has refused to meet and confer to finish Search 2 and the Test Searches as ordered.  Please have a good evening.

---

**From:** Mark C. Mao
**Sent:** Wednesday, March 30, 2022 1:20 PM

**To:** Douglas Brush <douglas.brush@accelconsulting.llc>; Tracy Gao <tracygao@quinnemanuel.com>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** GOOGLETEAM@lists.susmangodfrey.com; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>
**Subject:** RE: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data

Special Master Brush:

Received.  Plaintiffs will respond and revert to this today.  Please have a good evening.

---

**From:** Douglas Brush <douglas.brush@accelconsulting.llc>
**Sent:** Wednesday, March 30, 2022 1:17 PM
**To:** Tracy Gao <tracygao@quinnemanuel.com>; Mark C. Mao <mmao@BSFLLP.com>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** GOOGLETEAM@lists.susmangodfrey.com; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>
**Subject:** Re: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data


**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Mr. Mao,

Please review and make any additional changes ASAP.

These discovery issues need to put to bed this week or there will be no choice but to recommend sanctions on Parties for further delays.

Best,

Doug

---

*Douglas Brush*
President
**M** 917.470.9140
**E** douglas.brush@accelconsulting.llc

**Accel Consulting LLC**
BOULDER, CO 80301

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to other contractual or confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this message in error, please notify the sender by reply email and delete this message.

---

**From:** Tracy Gao <tracygao@quinnemanuel.com>
**Date:** Wednesday, March 30, 2022 at 1:51 PM
**To:** Mark C. Mao <mmao@BSFLLP.com>, QE Brown <qebrown@quinnemanuel.com>
**Cc:** GOOGLETEAM@lists.susmangodfrey.com <GOOGLETEAM@lists.susmangodfrey.com>, Timothy Schmidt <timothy.schmidt@accelconsulting.llc>, Douglas Brush <douglas.brush@accelconsulting.llc>
**Subject:** RE: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data

Counsel,

I'm attaching here my earlier email with the side-by-side response in case you missed it.

Best,
Tracy

---

**From:** Mark C. Mao <mmao@BSFLLP.com>
**Sent:** Wednesday, March 30, 2022 3:01 PM
**To:** Tracy Gao <tracygao@quinnemanuel.com>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** GOOGLETEAM@lists.susmangodfrey.com; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>; Douglas Brush <douglas.brush@accelconsulting.llc>
**Subject:** RE: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data

<div style="background-color: yellow">**[EXTERNAL EMAIL from mmao@bsfllp.com]**</div>

---

Counsel – We disagree with you, and am disappointed that you would not even meet and confer with a meeting.  Still, you said that you would produce a side-by-side response.  When should we expect that, so that we can prepare our response on the chart?

---

**From:** Tracy Gao <tracygao@quinnemanuel.com>
**Sent:** Wednesday, March 30, 2022 9:35 AM
**To:** Mark C. Mao <mmao@BSFLLP.com>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** GOOGLETEAM@lists.susmangodfrey.com; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>; Douglas Brush <douglas.brush@accelconsulting.llc>
**Subject:** RE: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data

Dear Special Master Brush, Mr. Schmidt, counsel:

Please find attached Google's letter regarding the Special Master's March 29 request for a joint status update. Google will provide side-by-side response to the items Plaintiffs listed below in a joint chart.

Best,
Tracy

---

**From:** Mark C. Mao <mmao@BSFLLP.com>
**Sent:** Wednesday, March 30, 2022 11:07 AM
**To:** QE Brown <qebrown@quinnemanuel.com>
**Cc:** GOOGLETEAM@lists.susmangodfrey.com; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>; Douglas Brush <douglas.brush@accelconsulting.llc>
**Subject:** FW: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data

<div style="background-color: yellow">**[EXTERNAL EMAIL from mmao@bsfllp.com]**</div>

---

Counsel:

Good morning.  We still have not received a response to our meet and confer below, response to Mr. Schmidt, or time for our request to meet and confer as ordered.

I provided a dispute inventory below as raised on March 27.  I provide them again here, after reviewing again anything produced since March 27.  For Iterative Search 2 and the Special Master Ordered Test Searches:

1. Google still has not produced a full list of all logs that contain one of the three possible "incognito" bits.

2. Google has not been searching the data sources in a manner consistent with how Google knows that data is stored. For instance, it appears that some Google process appends a "gfe(gzip)" string to the end of User Agents within Google's logs. Google's engineers should know this. Instead, Google has been searching with the raw User Agent values we provided them (which were collected as they traveled over the network), and searching them as if there should be an exact match despite the change. There were further encoding issues present within the search script (e.g., ; was replaced with \x3B). The request to search via IP address and User Agent was unambiguous and stated in plain English. Plaintiffs expect Google to collaborate in good faith and conduct the searches in order to return results, and investigate the cause when no results were allegedly returned.

3. Google appears to have redacted the last octet of IP addresses in some records produced that were from January and February. This is within the window that the full IP address should still be present. Also, it is unclear how this affected Google's searches based on IP addresses and user agent string. Plaintiffs ask for a clear explanation on this as well.

4. For the searches conducted on Analytics logs within ███████, Google selected a seemingly arbitrary set of fields to return, rather than the complete set of fields. Further, Google did not select the *same* set of fields across the searches. For example, looking at the search script, for the "By Biscotti ID" data set, Google only selected the Biscotti ID, omitting the CID and UID values regardless of whether they were present. Google then omitted the Biscotti ID when generating the "by CID" data set. Google's arbitrary selection appears aimed at obscuring linkages amongst IDs, which is against the spirit of what they were ordered to do. Google should return all fields and columns in the search results.

5. Google is claiming technical issues with respect to historical UMA searches, but is not providing us with a clear explanation of what mechanisms they are using for the search. Are they attempting to use Dremel? Or were they using Flume? Neither Google's letter nor script made clear what they were searching. And Plaintiffs are unable to assess their efforts without insight into what they are doing. Plaintiffs respectfully ask for clarity.

6. Google has *still* not produced the schema for ████ logs.

7. Google has not produced results from the ██████████ log.

8. Google has not produced results from the ████████████ log.

9. Google has not produced results from the █████████ log.

10. Google has not produced ████████ Biscotti ID results for █████.

11. Google has not produced results for ██ CIDs and ██ UIDs for the ██████████ log.

12. The Google produced search script is often incomplete, with no line wrapping and is cut off.  This should be easily fixable.

13. Google has not produced an inventory of what it is withholding allegedly on the basis of "publisher consent."  On 3/24, Plaintiffs provided a framework and recommendation by how this may be managed and checked so that the parties can move forward.  Google has not responded.

14. Google has not produced what was previously withheld on the basis of "publisher consent," but now may be produced.  There needs to be a time definite as to when this would be produced.


Thanks.

---

**From:** Mark C. Mao
**Sent:** Sunday, March 27, 2022 1:36 PM
**To:** Douglas Brush <douglas.brush@accelconsulting.llc>; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>
**Cc:** QE Brown <qebrown@quinnemanuel.com>; GOOGLETEAM@lists.susmangodfrey.com
**Subject:** RE: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data

Special Master Brush and Mr. Schmidt:

With regard to Google's production of analytics data from ███████ on Friday ~

- For the IP address, user agent searches, Google is using a gfe(gzip) suffix to search the logs and sources, which is not how they are stored.
- Google only selected a random assortment of columns that are of questionable relevance to our query.  The Special Master can see this in the structure of the query where Google explicitly selected specific columns ("███████, ██████████, ████████"… instead of ████████ where ████████ would have given Plaintiffs the full production).  For the columns Google did select, it is totally unclear why Google thought those were responsive and others were not.
- Google did not select overlapping identifiers even though at least a few of these data sources should contain multiple.  For example, Google queried ████████████████████████ by both Biscotti and Google Analytics UID, but did not include the Biscotti in the UID results, nor did Google include the UID in the Biscotti results
- The PDF containing the search script was not printed with line wrapping enabled and is cut off.  Therefore we cannot determine the full set of identifiers queried or any other potential issues with the script.
- Google is redacting IP addresses in the production.  These are records from January and February 2022, and Google has given no indication of why they did this, or how this affects how they have been searching and they produced.

With regard to Google's production of UMA data on Friday ~

- Google has not produced what was ordered.  In so far as Google is arguing for the first that they have now encountered some type of technical difficulty, it is unclear what difficulty they are facing, and what tool they are using for that.

We think that the fastest way to get answers on these two areas above, and to be able to move forward, is to have our consultants talk with the Google engineers about the searches done.  This would be done with your supervision of course, and we would again ask that the lawyers refrain from participation in the process.

In addition, Google still has not produced data or produced incomplete data from the following logs and sources from the prior searches (Iterative Search 2 and Testing Search):

- All logs containing the "████████████████" bit – Google only produced schema, but no data;
- ████ – Plaintiffs produced █ Biscotti IDs, but only received █ files.  Plaintiffs are missing █ Biscotti ID results;
- ████████ log – Google has not produced anything;
- ████████████ log – Google has not produced anything;
- ██████████ log – Google has not produced anything;
- ████████████ – Google has not produced results for ██ CIDs and ██ UIDs.

Lastly, Special Master, the *Brown* Plaintiffs point out that Google still has not responded to our correspondences on 3/22 and 3/24, regarding what else is outstanding.  I attach these correspondences for your review.

Thank you in advance.

---

**From:** Josef Ansorge <josefansorge@quinnemanuel.com>
**Sent:** Saturday, March 26, 2022 8:59 AM
**To:** Douglas Brush <douglas.brush@accelconsulting.llc>; Ryan McGee x3030 <rmcgee@forthepeople.com>; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>; Mark C. Mao <mmao@BSFLLP.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>; GOOGLETEAM@lists.susmangodfrey.com
**Subject:** Re: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data

Special Master Brush,

Thank you for your email and guidance. Google is ready to initiate the final set of searches, including searches across the preserved data you referred to in your email. We look forward to receiving the final set of search requests from Plaintiffs and to working with Plaintiffs and the Special Master team to successfully close out the Special Master process.

Best,

**Josef Ansorge**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8267 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
josefansorge@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Douglas Brush <douglas.brush@accelconsulting.llc>
**Sent:** Saturday, March 26, 2022 11:35
**To:** Ryan McGee x3030 <rmcgee@forthepeople.com>; Josef Ansorge <josefansorge@quinnemanuel.com>; Timothy Schmidt <timothy.schmidt@accelconsulting.llc>; Mark C. Mao <mmao@BSFLLP.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>; GOOGLETEAM@lists.susmangodfrey.com <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** Re: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data

**[EXTERNAL EMAIL from douglas.brush@accelconsulting.llc]**

---

Mr. McGee and Mr. Ansorge,

Where are we in the search negotiations and a proposed plan for final searches?

As for the "*Preserved*" data listed below, I am to assume this is the blanked data put on litigation hold, that has not been produced due to 3rd party notification issues.

This data needs to be searched in accordance with the Special Master process and order. This is the process I want followed and to end the dispute about its production.

Best,

Doug

_____

*Douglas Brush*
President
**M** 917.470.9140
**E** douglas.brush@accelconsulting.llc

**Accel Consulting LLC**
BOULDER, CO 80301

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to other contractual or confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this message in error, please notify the sender by reply email and delete this message.

**From:** Ryan McGee x3030 <rmcgee@forthepeople.com>
**Date:** Thursday, March 24, 2022 at 8:30 PM
**To:** Josef Ansorge <josefansorge@quinnemanuel.com>, Douglas Brush <douglas.brush@accelconsulting.llc>, Timothy Schmidt <timothy.schmidt@accelconsulting.llc>, Mark C. Mao <mmao@BSFLLP.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>, GOOGLETEAM@lists.susmangodfrey.com <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** Re: *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data

Special Master Brush, Mr. Schmidt, and Counsel:

Regarding the below "preserved data," the *Brown* Plaintiffs think what would help the parties move onward is:

- A full production of all of Plaintiffs' identifiers from the "preserved data," for what was withheld below.  If no identifiers were withheld, Google should so indicate.
- For the below that Google is withholding, the parties need a record of what exactly is being held back.
  - At minimum, Plaintiffs would be entitled to field descriptions.  This way, if there is any future dispute, there is no disagreement as to what was withheld, and on what alleged basis.
  - Without descriptions, there is no record of what Google is currently claiming needs "publisher permission."  The Special Master and Court cannot evaluate the propriety of Google's claim.

If Google is willing to agree to the proposed interim solution above, Plaintiffs can wait longer for the rest of their preserved data, while proceeding forward beyond the issue of "preserved data" at least for their searches.  The *Brown* Plaintiffs maintain that they are entitled to all of their data, and a full production of the preserved data as ordered.  The compromise offered here is merely an interim solution, and the *Brown* Plaintiffs do not hereby waive any rights or objections.

Lastly, the *Brown* Plaintiffs note that their willingness to work with Google on this for "preserved data" is not a compromise on getting complete and fulsome search results.  We agree with the Special Master's reminder yesterday, which is that the full productions were ordered.

Thank you,
Ryan

**Ryan McGee**
Attorney
<u>My Bio</u>

**P:** (813) 223-0931
**F:** (813) 222-4702
**A:** 201 N Franklin St, 7th Floor, Tampa, FL 33602



*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

**From:** <<u>owner-googleteam@lists.susmangodfrey.com</u>> on behalf of Josef Ansorge
<<u>josefansorge@quinnemanuel.com</u>>
**Date:** Wednesday, March 23, 2022 at 4:34 PM
**To:** Douglas Brush <<u>douglas.brush@accelconsulting.llc</u>>, Timothy Schmidt
<<u>timothy.schmidt@accelconsulting.llc</u>>, "Mark C. Mao" <<u>mmao@BSFLLP.com</u>>
**Cc:** QE Brown <<u>qebrown@quinnemanuel.com</u>>, "<u>GOOGLETEAM@lists.susmangodfrey.com</u>"
<<u>GOOGLETEAM@lists.susmangodfrey.com</u>>
**Subject:** *EXT* Brown v. Google: Additional Descriptive Statistics re: Preserved Data

**CAUTION:** **Use caution when clicking on links or opening attachments in this external email.**

Special Master Brush, Mr. Schmidt, Counsel,

As requested during this morning's meet and confer we have worked with Google engineers to pull additional descriptive statistics comparing produced preserved data to preserved data that would require reasonable publisher notice before it can be produced.



We hope this additional information is helpful to the Special Master to determine whether, and for which publishers, Google should provide reasonable notice to produce previously preserved records. As stated during today's meet and confer, Google is prepared to provide notice to all the publishers ██ associated with Plaintiffs' second set of search requests. Alternatively, we are also prepared to provide notice to the top publishers by record for preserved data and second set of search requests. To minimize the burden, we respectfully request that the publisher notice be conducted simultaneously for both cases (*Calhoun* and *Brown*) and all further required notices be processed together at one time.

Special Master Brush: Please let us know how we should proceed.

We look forward to working with Plaintiffs and the Special Master team to close out the Special Master process this week.

Best,

**Josef Ansorge**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8267 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
josefansorge@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

This e-mail contains communication that may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

To unsubscribe from the GOOGLETEAM list, click here

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

# EXHIBIT 19
# Redacted in its Entirety

# EXHIBIT 20
# Redacted in its
# Entirety

# EXHIBIT 21
# Redacted in its
# Entirety

# EXHIBIT 22
# Redacted in its Entirety

# EXHIBIT 23
# Redacted in its Entirety

# EXHIBIT 24
# Redacted in its Entirety

# EXHIBIT 25
# Redacted in its
# Entirety

# EXHIBIT 26
# Redacted in its Entirety

# EXHIBIT 27
# Redacted in its
# Entirety

# EXHIBIT 28
# Redacted in its Entirety

# EXHIBIT 29
# Redacted in its
# Entirety

# EXHIBIT 30
# Redacted in its Entirety

# EXHIBIT 31
# Redacted in its
# Entirety

# EXHIBIT 32
# Redacted in its
# Entirety

# EXHIBIT 33
# Redacted in its Entirety

# EXHIBIT 34
# Redacted in its
# Entirety

# EXHIBIT 35
# Redacted in its Entirety

# EXHIBIT 36
# Redacted in its
# Entirety

# EXHIBIT 37
# Redacted in its Entirety

# EXHIBIT 38
# Redacted Version of Document Sought to be Sealed

Contains Information Designated "Highly Confidential Attorneys' Eyes Only"

1   Mark C. Mao, CA Bar No. 236165
    Beko Richardson, CA Bar No. 238027
2   **BOIES SCHILLER FLEXNER LLP**
    44 Montgomery St., 41st Floor
3   San Francisco, CA 94104
    Tel.: (415) 293-6800
4   Fax: (415) 293-6899
    mmao@bsfllp.com
5   brichardson@bsfllp.com
6
    James Lee (admitted *pro hac vice*)
7   Rossana Baeza (admitted *pro hac vice*)
    **BOIES SCHILLER FLEXNER LLP**
8   100 SE 2nd St., 28th Floor
9   Miami, FL 33131
    Tel.: (305) 539-8400
10  Fax: (303) 539-1307
    jlee@bsfllp.com
11  rbaeza@bsfllp.com
12
    Amanda K. Bonn, CA Bar No. 270891
13  **SUSMAN GODFREY L.L.P**
    1900 Avenue of the Stars, Suite 1400
14  Los Angeles, CA. 90067
    Tel: (310) 789-3100
15  Fax: (310) 789-3150
16  abonn@susmangodfrey.com

    William S. Carmody (admitted *pro hac vice*)
    Shawn Rabin (admitted *pro hac vice*)
    Steven M. Shepard (admitted *pro hac vice*)
    Alexander Frawley (admitted *pro hac vice*)
    **SUSMAN GODFREY L.L.P.**
    1301 Avenue of the Americas, 32nd Floor
    New York, NY 10019-6023
    Tel.: (212) 336-8330
    Fax: (212) 336-8340
    bcarmody@susmangodfrey.com
    srabin@susmangodfrey.com
    sshepard@susmangodfrey.com
    afrawley@susmangodfrey.com

    John A. Yanchunis (admitted *pro hac vice*)
    Michael F. Ram, CA Bar No. 104805
    Ryan J. McGee (admitted *pro hac vice*)
    **MORGAN & MORGAN**
    201 N. Franklin Street, 7th Floor
    Tampa, FL 33602
    Tel.: (813) 223-5505
    jyanchunis@forthepeople.com
    mram@forthepeople.com
    rmcgee@forthepeople.com

17  *Attorneys for Plaintiffs*

18              **UNITED STATES DISTRICT COURT**
19              **NORTHERN DISTRICT OF CALIFORNIA**
                **SAN JOSE DIVISION**
20

21  CHASOM BROWN, WILLIAM BYATT,          Case No.  5:20-cv-03664-LHK-SVK
    JEREMY DAVIS, CHRISTOPHER
22  CASTILLO, and MONIQUE TRUJILLO,       **PLAINTIFFS' NOTICE OF DEPOSITION**
    individually and on behalf of all other similarly   **PURSUANT TO RULE 30(B)(6)**
23  situated,

24              Plaintiffs,
25      v.
26  GOOGLE LLC,
27              Defendant.
28

1  PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

2  Procedure, on a date to be agreed upon by the Parties, counsel for Plaintiffs will take the videotaped

3  deposition(s) of the designated representative(s) of Google LLC ("Google") best able to testify as

4  to the Topics set forth in Appendix A.  Google has a duty to designate one or more officers,

5  directors, managing agents, or other persons with sufficient knowledge to testify fully regarding the

6  Topics listed in Appendix A.  No later than ten business days prior to the deposition, Google shall

7  identify the person(s) who will testify on its behalf pursuant to this notice and the matter(s) about

8  which each person will testify.  Google shall also produce to Plaintiffs any documents that Google

9  used or plans to use to prepare the person(s) testifying.

10  The deposition(s) shall be taken through a mutually agreed upon videoconference program

11  (e.g., Zoom), and before a Notary Public or some other officer authorized by law to administer

12  oaths for use at trial.  The deposition(s) will be videotaped and will continue from day to day until

13  completed.

14

15  Dated:  December 3, 2021                    **SUSMAN GODFREY LLP**

16

17                                        By:    *Amanda Bonn*
                                               Amanda Bonn

18

19                                        Amanda K. Bonn, CA Bar No. 270891
20                                        **SUSMAN GODFREY L.L.P**
                                          1900 Avenue of the Stars, Suite 1400
21                                        Los Angeles, CA. 90067
                                          Tel: (310) 789-3100
22                                        Fax: (310) 789-3150
                                          abonn@susmangodfrey.com
23
                                          Mark C. Mao (CA Bar No. 236165)
24                                        mmao@bsfllp.com
                                          Beko Reblitz-Richardson (CA Bar No. 238027)
25                                        brichardson@bsfllp.com
                                          BOIES SCHILLER FLEXNER LLP
26                                        44 Montgomery Street, 41st Floor
                                          San Francisco, CA 94104
27                                        Telephone: (415) 293 6858
                                          Facsimile (415) 999 9695
28

2

1

2          James W. Lee (*pro hac vice*)
           jlee@bsfllp.com
3          Rossana Baeza (*pro hac vice*)
           rbaeza@bsfllp.com
4          BOIES SCHILLER FLEXNER LLP
           100 SE 2nd Street, Suite 2800
5          Miami, FL 33130
           Telephone: (305) 539-8400
           Facsimile: (305) 539-1304
6

7          William Christopher Carmody (*pro hac vice*)
           bcarmody@susmangodfrey.com
8          Shawn J. Rabin (*pro hac vice*)
           srabin@susmangodfrey.com
9          Steven Shepard (*pro hac vice*)
           sshepard@susmangodfrey.com
10         Alexander P. Frawley (*pro hac vice*)
           afrawley@susmangodfrey.com
11         SUSMAN GODFREY L.L.P.
           1301 Avenue of the Americas, 32nd Floor
12         New York, NY  10019
           Telephone: (212) 336-8330
13

14         John A. Yanchunis (*pro hac vice*)
           jyanchunis@forthepeople.com
15         Ryan J. McGee (*pro hac vice*)
           rmcgee@forthepeople.com
16         Michael F. Ram CA Bar No. 104805
           mram@forthepeople.com
17         MORGAN & MORGAN, P.A.
           201 N Franklin Street, 7th Floor
18         Tampa, FL 33602
           Telephone: (813) 223-5505
19         Facsimile: (813) 222-4736

20

21         *Attorneys for Plaintiffs*

22

23

24

25

26

27

28

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# APPENDIX A

<div align="center">DEFINITIONS</div>

1.      The term "all" includes the word "any," and vice versa.

2.      The terms "concerning" or "relating to" include addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

3.      The term "document" and "documents" shall be synonymous in meaning and equal to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure including, without limitation, original and any non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced, including all correspondence, letters, telegrams, telexes, messages, memoranda, instructions, emails, handwritten or recorded notes, and all records, schedules, reports, surveys, calculations, transcripts, notes, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, charts, communications, database, data compilation, diary, draft drawing, electronically stored information, emails, fax, floppy disk, graph, hard drive, image, index, instant message, letter, log, magnetic tape, memorandum, note, optical disk, photograph, report, sound recording, spreadsheet, storage device, text message, version, voicemail or writing. This term shall apply to any document, whether in hard copy or electronic form, on any computers or other system.

4.      The term "Google" means Google LLC and any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees, employees, attorneys and any other persons acting on Google LLC'S behalf, including contractors.

5.      The term "include" or "including" means "include, but not limited to" or "including, but not limited to."

<div align="center">GENERAL INSTRUCTIONS</div>

For purposes of reading, interpreting, or construing the scope of the Definitions, General Instructions, and Topics, all of the terms shall be given their most expansive and inclusive interpretation. This includes the following:

(a)    The singular form of a word shall be interpreted as plural, and vice versa.

(b)    "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Topic anything that might otherwise be construed to be outside the scope of the Topic.

(c)    "All," "each" and "any" shall be construed as "all, each, and any."

(d)    The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Topic any document that might otherwise be construed to be outside the scope of the Topic.

## TOPICS

1.    For the Class Period, the information Google collects whenever a user visits a website that has enabled either (1) Google Analytics (including Universal Analytics, Google Analytics 4 and Google Analytics 360) or (2) Google Ad Manager (including Google Ad Manager 360)—as well as the transmission of that information to Google. This Topic includes: (a) identifying the scripts or code that transmit the information or cause it to be transmitted; (b) explaining how those scripts or code function and the technical process by which the information collection and transmission occurs; (c) any changes to those scripts or code during the Class Period; (d) the form, format, or content of the information; (e) the extent to which the user's decision to use a private browsing mode (including Chrome Incognito, mobile and non-mobile) impacts the information collection and transmission processes; (f) Google's collection of the X-Client Data Header (or lack thereof) and the X-Geo Data Header (or lack thereof); (g) the extent to which signing-in and out of a Google account impacts the information collection and transmission processes; and (h) the extent to which signing-in and out of third-party websites impacts the information collection and transmission process.

2.    For the Class Period, the information that Google collects whenever an individual uses any private browsing mode (e.g., Chrome, Safari, IE, Edge and Firefox on either mobile or non-mobile) to visit a website that has enabled conversion tracking and/or remarketing (alone or in combination with Google Tag Manager and/or Google Analytics), as well as the transmission of

that information to Google. This Topic includes: (a) identifying the scripts or code that transmit the information or cause it to be transmitted; (b) explaining how those scripts or code function and the technical process by which the information collection and transmission occurs; (c) any changes to those scripts or code during the Class Period; (d) the form, format, or content of the information; (e) the extent to which the user's decision to use Chrome Incognito (as opposed to normal Chrome) impacts the information collection and transmission process; (f) Google's collection of the X-Client Data Header (or lack thereof) and the X-Geo Data Header (or lack thereof); (g) the extent to which signing-in and out of Google account in Incognito mode impacts the information collection and transmission process; and (h) the extent to which signing-in and out of third-party websites impacts the information collection and transmission process.

3.      For the Class Period, any Google setting or control that can or does stop the collection and transmission to Google of information referred to in Topics 1-2.  This Topic includes the reasons why such setting or control can or does stop the collection and transmission to Google of the information referred to in Topics 1-2 or, alternatively, the reasons for why there is no such setting or control.

4.      Google's ability to alter Google Analytics, Google Ad Manager, Chrome Incognito, or conversion/remarketing tracking to prevent Google from collecting information from users during private browsing sessions.

5.      Google's ability to alter Google Analytics, Google Ad Manager, Chrome Incognito, or conversion/remarketing tracking to prevent Google from storing information collected from users during private browsing sessions.

6.      For the Class Period, any consideration or efforts by Google to change or limit the information that Google collects from users during private browsing sessions. This Topic includes without limitation work done by employees in the Chrome group, User Experience Research employees, the Privacy & Data Protection Office, and the Privacy Working Group, as well as any similar Google departments or groups.

7.      Google's storage of the information referred to in Topics 1-2, including (a) the extent to which that storage changes based on whether the user signs in to Google at the beginning, in the

1 | middle, or at the end of a private browsing session, (b) the extent to which that storage changes

2 | based on whether the user signs in to a third-party website at the beginning, in the middle, or at the

3 | end of a private browsing session, and (c) whether private browsing information is separated from

4 | or comingled with regular browsing mode information.

5 |         8.      The extent to which users can view or delete the information referred to in Topics

6 | 1-2, including both viewing or deleting the information on their own browsers and devices as well

7 | as within Google's servers.

8 |         9.      Google's preservation of the information referred to in Topics 1-2 for purposes of

9 | this litigation.  This topic includes (a) the mechanisms being used to preserve this information, and

10 | the names of those mechanisms and (b) any mechanisms that could be used to preserve this

11 | information but that are not being used.

12 |       10.     The purpose of the ██████████████████ bit in ██████ logs, as well as

13 | how it is determined, where it is stored, what other information is stored with the bit, how to retrieve

14 | the bit and any associated information, and how long the bit and any associated information are

15 | stored. *See* GOOG-BRWN-00176433.

16 |       11.     The factual basis for any and all affirmative defenses that Google asserts or intends

17 | to assert in this case, including all technical details relevant to those defenses.

18 |       12.     The ability of Google employees to, throughout the Class Period, access in

19 | California private browsing information collected from users throughout the United States.

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Alexander Frawley, declare:

I am a citizen of the United States and employed in New York, New York.  I am over the age of 18 and not a party to the within action; my business address is 1301 Avenue of the Americas, 32 Floor, New York, NY 10019.

On December 3, 2021, I served the following document(s) described as:

**PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION**

☐   **BY FACSIMILE TRANSMISSION**: As follows: The papers have been transmitted to a facsimile machine by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document which he or she has filed in the cause and served on the party making the service. The copy of the notice or other paper served by facsimile transmission shall bear a notation of the date and place of transmission and the facsimile telephone number to which transmitted or be accompanied by an unsigned copy of the affidavit or certificate of transmission which shall contain the facsimile telephone number to which the notice of other paper was transmitted to the addressee(s).

☐   **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at San Francisco, CA in the ordinary course of business.

☒   **BY ELECTRONIC MAIL TRANSMISSION**:  By transmitting a PDF format copy of such document(s) to each such person at the e-mail address(es) listed below their address(es).  The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

Case No. 5:20-cv-03664-LHK

PROOF OF SERVICE

| | |
|---|---|
| Andrew H. Schapiro (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel: 312-705-7400<br>Fax: 312-705-7401<br>andrewschapiro@quinnemanuel.com | *Attorney for Defendant* |
| Stephen A. Broome<br>Viola Trebicka<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: 213-443-3000<br>Fax: 213-443-3100<br>stephenbroome@quinnemanuel.com<br>violatrebicka@quinnemanuel.com | *Attorneys for Defendant* |
| Diane M. Doolittle<br>Thao Thai<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Tel: 650-801-5000<br>Fax: 650-8015100<br>dianedoolittle@quinnemanuel.com<br>thaothai@quinnemanuel.com | *Attorneys for Defendant* |
| William Burck (*pro hac vice*)<br>Josef Ansorge (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>1300 I Street NW, Suite 900<br>Washington, D.C., 20005<br>Tel: 202-538-8000<br>Fax: 202-538-8100<br>williamburck@quinnemanuel.com<br>josefansorge@quinnemanuel.com | *Attorneys for Defendant* |
| Jonathan Tse<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: 415-875-6600<br>Fax: 415-875-6700<br>jonathantse@quinnemanuel.com | *Attorney for Defendant* |

Executed on December 3, 2021, at New York, NY.

*Alexander Frawley*

_____

Alexander Frawley

Case No. 5:20-cv-03664-LHK

# EXHIBIT 39
# Redacted in its Entirety