QUINN EMANUEL URQUHART & SULLIVAN, LLP

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant Google LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, | Case No. 5:20-cv-03664-YGR-SVK <br><br> **GOOGLE LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT (DKT. 395-2)** <br><br> Referral: Hon. Susan van Keulen, USMJ |

Defendant.

GOOGLE LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT (DKT. 395-2)

Defendant Google LLC ("Google") answers Plaintiffs' Third Amended Complaint as follows:

Google interprets any headings and the Table of Contents to provide a roadmap to the allegations and not as allegations themselves. Google therefore does not provide a specific response to the headers or the Table of Contents. To the extent a response is required, Google denies any allegations contained therein.

1.       This paragraph merely provides Plaintiffs' description of Plaintiffs' lawsuit and thus no answer is required. To the extent an answer is required, Google denies the allegations in this paragraph.

2.       Google admits that its "Search & browse privately" help page correctly states:

**Search & browse privately**

You're in control of what information you share with Google when you search. To browse the web privately, you can use private browsing, sign out of your account, change your custom results settings, or delete past activity.

If you want to search the web without saving your search activity to your account, you can use private browsing mode in a browser (like Chrome or Safari).

**How private browsing works**

Private browsing works differently depending on which browser you use. Browsing in private usually means:

   The searches you do or sites you visit won't be saved to your device or browsing history.

   Files you download or bookmarks you create might be kept on your device.

   Cookies are deleted after you close your private browsing window or tab.

   You might see search results and suggestions based on your location or other searches you've done during your current browsing session.

Important: If you sign in to your Google Account to use a web service like Gmail, your searches and browsing activity might be saved to your account.

This paragraph also purports to characterize the contents of this document. That document speaks for itself. Google otherwise denies the allegations and characterizations in this paragraph.

3.       Denied.

4.      Denied.

5.      Google admits that scripts for Google services that third party publishers choose to include in their websites' code are not designed to differentiate between browser modes.  Google otherwise denies the allegations and characterizations in this paragraph.

6.      Denied.

7.      Denied.

8.      Google admits that certain third party publishers choose to use Google services, such as Google Analytics and Google Ad Manager. These services are configured to receive data when users visit publishers that have chosen to install the scripts of those Google services. Google avers that these services use Google scripts that publishers choose to install in the code of their own sites and is configured to cause the user's browser to send certain data to Google so that Google can provide the services the website requested. Google avers that the exact data that these Google services receive depends on various publisher and user settings and choices. For users browsing in Chrome's Incognito mode, Google does not associate any data received with a user's Google Account or identity. Google otherwise denies the allegations and characterizations in this paragraph.

9.      Denied.

10.      Denied.

11.      This paragraph merely provides Plaintiffs' purported description of their lawsuit and thus no answer is required. To the extent an answer is required, Google denies the allegations in this paragraph.

12.      Google lacks sufficient information to admit or deny the allegations in the first part of this paragraph, and on that basis denies them. Google admits that the three email addresses Mr. Brown provided to Google are associated with active Google accounts and two of those three email addresses are associated with Google accounts that were active throughout the entire proposed Class Period.

13.      Google lacks sufficient information to admit or deny the allegations in the first part of this paragraph, and on that basis denies them. Google admits that the three consumer email

addresses Mr. Byatt provided to Google are associated with active Google accounts and two of those three email addresses are associated with Google accounts that were active throughout the entire proposed Class Period.

14.     Google lacks sufficient information to admit or deny the allegations in the first part of this paragraph, and on that basis denies them. Google admits that the two email addresses Mr. Davis provided to Google are associated with active Google accounts and one of those two email addresses is associated with a Google account that was active throughout the entire proposed Class Period.

15.     Google lacks sufficient information to admit or deny the allegations in the first part of this paragraph, and on that basis denies them. Google admits that the email address Mr. Castillo provided to Google is associated with an active Google account that was also active throughout the entire proposed Class Period.

16.     Google lacks sufficient information to admit or deny the allegations in the first part of this paragraph, and on that basis denies them. Google admits that the email address Ms. Trujllo provided to Google is associated with an active Google account that was also active throughout the entire proposed Class Period.

17.     Google admits that it is a Delaware limited liability company whose headquarters are located at 1600 Amphitheatre Way, Mountain View, California. Google admits that it conducts business in California and in this judicial district. .

18.     Google admits that this Court has personal jurisdiction over it.  The remainder of this paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

19.     This paragraph states legal conclusions to which no response is required.

20.     This paragraph states legal conclusions to which no response is required.

21.     This paragraph states legal conclusions to which no response is required.

22.     Google admits that it is headquartered in Mountain View, California and venue is proper in this District.  The remainder of this paragraph states legal conclusions to which no

response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

23.     Google admits that intradistrict assignment of this case to chambers located in Santa Clara county is proper.  The remainder of this paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

24.     Denied.

25.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. The paragraph also states legal conclusions to which no response is required.

26.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. The paragraph also states legal conclusions to which no response is required.

27.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. The paragraph also states legal conclusions to which no response is required.

28.     Google specifically denies that its August 2012 settlement with the Federal Trade Commission "is the largest penalty the agency has ever obtained for a violation of a Commission order."  This paragraph otherwise purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. The paragraph also states legal conclusions to which no response is required.

29.     This paragraph makes generalizations about topics that are highly dependent on unique facts and circumstances. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

30.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. The

paragraph also states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

31.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content.

32.     Google admits that in 2019, Google and YouTube agreed to pay $170 million to settle allegations by the Federal Trade Commission and the New York Attorney General. The rest of this paragraph purports to paraphrase and characterize the contents of legal documents. Those documents speak for themselves, and Google refers to each document itself for its full content.

33.     Google admits that in June 2020, France's Highest Administrative Court upheld a 50 million Euro fine against Google. The rest of this paragraph purports to paraphrase and characterize the contents of legal documents. Those documents speak for themselves, and Google refers to each document itself for its full content.

34.     Google admits that there are ongoing proceedings by the Arizona Attorney General and the Australian Competition and Consumer Commission against Google. The rest of this paragraph purports to paraphrase and characterize the contents of legal documents. Those documents speak for themselves, and Google refers to each document itself for its full content.

35.     Denied.

36.     This paragraph purports to paraphrase and characterize the contents of documents. Those documents speak for themselves. Google refers to the documents themselves for their full content. The remainder of this paragraph states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations in this paragraph.

37.     Denied.

38.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content.

39.     This paragraph makes generalizations about topics that are highly dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized

allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

40.     Google admits that it maintains robust compliance programs to monitor compliance with the CCPA and GDPR.  Google further admits that when using private browsing mode, users have control over what information is shared with Google and that users can prevent Google from tracking their browsing history and collecting their personal data online.  Google otherwise denies the allegations in this paragraph.

41.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

42.     This paragraph purports to paraphrase and characterize the contents of certain documents. Those documents speak for themselves. Google refers to the documents themselves for their full content. This paragraph also states legal conclusions to which no response is required. To the extent a response is required to these legal conclusions, Google denies the allegations in this paragraph.

43.     Denied.

44.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content.

45.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content.

46.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content.  Google otherwise denies the allegations and characterizations in this paragraph.

47.     This paragraph purports to paraphrase and characterize the contents of documents. Those documents speak for themselves. Google refers to the documents themselves for their full content.  Google otherwise denies the allegations in this paragraph.

48.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content.  Google otherwise denies the allegations and characterizations in this paragraph.

49.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content.  Google otherwise denies the allegations in this paragraph.

50.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content.  Google otherwise denies the allegations in this paragraph.

51.     Google admits that its Chrome browser offers a private browsing mode known as "Incognito mode."  Google otherwise denies the allegations in this paragraph.

52.     This paragraph purports to paraphrase and characterize the contents of a legal document.  That document speaks for itself.  Google refers to the document itself for its full content.  Google admits that the Incognito New Tab Page appears whenever a Chrome user enters Incognito mode from any device.  Google avers that the Incognito New Tab Page is not shown to users of private browsing modes in browsers other than Chrome.  Google otherwise denies the allegations in this paragraph.

53.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

54.     This paragraph purports to partially quote a document that speaks for itself. Google refers to the document itself for its full content.  Google otherwise denies the allegations in this paragraph.

55.     This paragraph purports to partially quote a document that speaks for itself. Google refers to that document for its full contents.  Google otherwise denies the allegations in this paragraph.

56.     This paragraph purports to partially quote a document that speaks for itself. Google refers to that document for its full contents.  Google otherwise denies the allegations in this paragraph.

57.     Denied.

1    58.    This paragraph purports to paraphrase and characterize the contents of a document.

2    That document speaks for itself. Google refers to the document itself for its full content.  Google

3    otherwise denies the allegations in this paragraph.

4    59.    This paragraph states legal conclusions to which no response is required.  To the

5    extent a response is required, Google denies the allegations in this paragraph.

6    60.    This paragraph purports to paraphrase and characterize the contents of a document.

7    That document speaks for itself. Google refers to the document itself for its full content.  This

8    paragraph also states legal conclusions to which no response is required.  To the extent a response

9    is required, Google denies the allegations in this paragraph.

10    61.    This paragraph purports to paraphrase and characterize the contents of a document.

11    That document speaks for itself. Google refers to the document itself for its full content.  Google

12    otherwise denies the allegations in this paragraph.

13    62.    This paragraph states legal conclusions to which no response is required.

14    63.    Google admits that when a browser is used to visit a third party publisher website

15    that is using certain Google services, such as Google Analytics or Google Ad Manager, then those

16    Google services may receive information related to that specific browser website visit. Google

17    avers that the information that these Google services receive through this data-flow may include:

18    GET request (referer header and URL), IP address, HTTP headers (which may contain

19    information about the user's browser or device (i.e., "user-agent")), "User-ID" issued by the

20    website publisher, and Google cookies set for relevant domains. The information Google receives

21    depends on several factors, including the Google services the website is using, the website's

22    chosen settings for each service, the user's browser choice and choice of browser mode, settings

23    and features the user has enabled within that browser, plug-ins that the user has installed, and other

24    factors. Google denies the remaining allegations and characterizations in this paragraph.

25    64.    Google specifically denies that "the second secret transmission [is] directed by

26    Google." The transmission is not secret: the code is public and viewable by any user inspecting a

27    website's source; likewise, Google domains to which data are sent are visible to users in the

28    Chrome browsers' developer settings. Google further denies that the transmission is directed by

Google: It is directed by the website publisher that has chosen to enable certain Google services, like Google Analytics and Google Ad Manager. Google otherwise denies the remaining allegations and characterizations in this paragraph.

65.    Denied.

66.    Denied.

67.    Google admits that many websites–including Plaintiffs' counsel's own law firm websites–choose to use Google Analytics, a Google service which provides websites with measurement insights regarding user interactions with those websites.  Google further admits that Google Analytics is free to use, but avers that customers may elect to make use of additional features for a fee.  Google otherwise denies the allegations and characterizations in this paragraph.

68.    Google admits that those third party publishers who choose to use Google services (including Google Analytics) also chose to include the scripts of those Google services in their website's code. Google avers that these services use scripts that are configured to cause the user's browser to send certain data to Google so that Google can provide the services the website requested. Google avers that the exact data that these Google services receive depends on various publisher and user settings and choices. Google further avers that Google requires its Analytics customers to provide notice to users of the use of Google Analytics via, e.g., the customers' privacy policy or consent banners. For users browsing in Chrome's Incognito mode, Google does not associate any data received with a user's Google Account or identity. Google otherwise denies the allegations and characterizations in this paragraph.

69.    Google denies that the Google Analytics User-ID personally identifies individuals or tracks users across different websites. Google avers that the Google Analytics User-ID is a first party identifier used by third party websites to analyze or monitor traffic on their own websites, and it is available to Google Analytics customers who use the free version of Google analytics. Google admits that the Google Analytics help page cited in this paragraph states the following:

**About the User-ID feature**

Connect multiple devices, sessions, and engagement data to the same users.

User-ID lets you associate a persistent ID for a single user with that user's engagement data from one or more sessions initiated from one or more devices.

Analytics interprets each unique user ID as a separate user, which provides a more accurate user count in your reports.

When you send Analytics an ID and related data from multiple sessions, your reports tell a more unified, holistic story about a user's relationship with your business.

…

**How User-ID works**

User-ID enables the association of one or more sessions (and the activity within those sessions) with a unique and persistent ID that you send to Analytics.

To implement User-ID, you must be able to generate your own unique IDs, consistently assign IDs to users, and include these IDs wherever you send data to Analytics.

For example, you could send the unique IDs generated by your own authentication system to Analytics as values for User-ID. Any engagement, like link clicks and page or screen navigation, that happen while a unique ID is assigned can be sent to Analytics and connected via User-ID.

In an Analytics implementation without the User-ID feature, a unique user is counted each time your content is accessed from a different device and each time there's a new session. For example, a search on a phone one day, purchase on a laptop three days later, and request for customer service on a tablet a month after that are counted as three unique users in a standard Analytics implementation, even if all those actions took place while a user was signed in to an account. While you can collect data about each of those interactions and devices, you can't determine their relevance to one another. You only see independent data points.

When you implement User-ID, you can identify related actions and devices and connect these seemingly independent data points. That same search on a phone, purchase on a laptop, and re-engagement on a tablet that previously looked like three unrelated actions on unrelated devices can now be understood as one user's interactions with your business.

Google otherwise denies the allegations in this paragraph.

70.      Google admits that Google Analytics sets cookies on behalf of customer websites. The information these cookies show will depend on various website and user settings.  Google otherwise denies the allegations in this paragraph.

GOOGLE LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT (DKT. 395-2)

71.     Google admits that third party websites who use Google Analytics may include Google scripts that set first-party cookies in their websites' code.  Google otherwise denies the allegations and characterizations in this paragraph.

72.     This paragraph states legal conclusions to which no response is required. This paragraph also purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. To the extent a response is required, Google denies the allegations in this paragraph.

73.     Google denies that its terms of service do not require websites to disclose the use of Google Analytics and avers that the Google Analytics terms of service require customers to disclose the use of Google Analytics to websites. Google admits that the Google Analytics help page cited in footnote 20 to this paragraph (https://support.google.com/analytics/answer/9976101?hl=en)  states the following:

**Consent Mode (beta)**

Consent Mode (beta) allows you to adjust how your Google tags behave based on the consent status of your users. You can indicate whether consent has been granted for Analytics and Ads cookies. Google's tags will dynamically adapt, only utilizing measurement tools for the specified purposes when consent has been given by the user.

The remainder of this paragraph purports to paraphrase and characterize the contents of documents.  Those documents speak for themselves.  Google refers to the documents themselves for their full content.  Google otherwise denies the allegations and characterizations in this paragraph.

74.     Google specifically denies that there is no effective way for users to avoid Google Analytics because, *inter alia*, Google makes a "Google Analytics opt-out browser add-on" available for any users who wish to "opt-out of having [their] site activity available to Google Analytics" at the following hyperlink: https://support.google.com/analytics/answer/181881?hl=en&ref_topic=2919631.  Google avers that the Google Analytics terms of service require customers to disclose the use of Google Analytics to websites. Google admits that websites that have chosen to install Google Analytics

may include Google Analytics' scripts in their websites' code that provide services as soon as a page is loading.  Google otherwise denies the allegations and characterizations in this paragraph.

75.     Denied.

76.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. This paragraph also states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations in this paragraph.

77.     Denied.

78.     Google admits that many websites choose to use Google Ad Manager, which is a successor to a service referred to as "Doubleclick for Publishers." Google otherwise denies the allegations and characterizations in this paragraph.

79.     Google admits that certain third party publishers have chosen to avail themselves of services Google offers, such as Google Analytics and Google Ad Manager. Google avers that these services use Google scripts that publishers choose to include in the code of their own sites and are configured to cause the user's browser to send certain information to Google so that Google can provide the services the website requested. Google admits that, if advertisements are displayed to a user visiting a website that has chosen to install Google Ad Manager code, Google may receive revenue. Google otherwise denies the allegations and characterizations in this paragraph.

80.     Google admits that it uses cookies for the purpose of serving personalized ads, depending on various settings by the user and the website visited, including the user's ads settings. Google admits that if a user visits a website publisher that uses Google Ad Manager services and includes specific Ad Manager scripts in their website's code, and depending on the user's browser settings and installed extensions, a resource request can be initiated to a Google Ad Manager domain before the content for the webpage has fully loaded. Google specifically denies that it "is very difficult for consumers" to avoid data collection through Ad Manager. Google denies the remaining allegations and characterizations in this paragraph.

81.     Denied.

82.   This paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

83.   Denied.

84.   This paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

85.   Denied.

86.   Google admits that the information reflected in the screenshot cited in this paragraph is made visible to all Chrome users via the use of Chrome's publicly available "Developer Tools." Google denies the remaining allegations and characterizations in this paragraph.

87.   Google specifically denies that JavaScript code is "secret." The remainder of this paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

88.   Denied.

89.   Google admits that it generates revenues primarily by delivering both performance advertising and brand advertising. The remainder of this paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

90.   Denied.

91.   Denied.

1    92.    Denied.

2    93.    Denied.

3    94.    Denied.

4    95.    Denied.

5    96.    Denied.

6    97.    Denied.

7    98.    Denied.

8    99.    Denied.

9    100.    Denied.  Google avers that Google's practices, policies, and procedures specifically

10   prohibit the use of "fingerprinting" techniques to profile or track users.

11   101.    Google admits that certain third party websites use a service known as Fonts that is

12   hosted, in part, on GStatic servers. Google avers that, to use the Fonts API, website owners install

13   scripts on their website that cause the user's browser to call the servers involved in providing the

14   Fonts service: fonts.googleapis.com and fonts.gstatic.com. Google denies the remaining

15   allegations and characterizations in this paragraph.

16   102.    This paragraph purports to paraphrase and characterize the contents of a document.

17   That document speaks for itself.  Google refers to the document itself for its full content.  Google

18   otherwise denies the allegations in this paragraph.

19   103.    Denied.

20   104.    Denied.

21   105.    This paragraph makes generalizations about topics that are dependent on unique

22   facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the

23   details and information necessary to form a belief about the truth of the generalized allegations in

24   this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

25   106.    This paragraph purports to paraphrase and characterize the contents of a document.

26   That document speaks for itself.  Google refers to the document itself for its full content. The

27   remainder of this paragraph makes generalizations about topics that are dependent on unique facts

28   and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details

and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

107.    This paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

108.    Denied.

109.    This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content.  Google otherwise denies the allegations in this paragraph.

110.    The first sentence of this paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in the first sentence of this paragraph. The second sentence of this paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. Google otherwise denies the allegations in this paragraph.

111.    Denied.

112.    Google admits that its data collection practices are acceptable and not impermissible interceptions of communications.  Google otherwise denies the allegations in this paragraph.

113.    Google admits that there are over 1.5 billion 30-day active users of Google's applications and services worldwide.  Google further admits that Alphabet Inc.'s total market capitalization exceeds $1 trillion and that it is one of the largest technology companies in the world.  Google otherwise denies the allegations in this paragraph.

114.    Denied.

115.    Denied.

116.     Google admits that, depending on the circumstances, some data it receives relates to what websites certain users have visited.  Google otherwise denies the allegations in this paragraph.

117.     Google admits that certain customers pay for the use of Google's Display & Video 360 service.  Google otherwise denies the allegations in this paragraph.

118.     Google admits that Google Ad Manager is a service that allows publishers to manage online advertisements, which, depending on the settings implemented by those publishers, may allow the use of user data to serve personalized advertisements.  Google further avers that data from private browsing sessions in which users do not log in to their Google Accounts—the data at issue in this case—is not associated with profiles of signed-in users or signed-out users who are not using Incognito mode. Google otherwise denies the allegations in this paragraph.

119.     Google admits that it generates revenue on the basis of advertising displayed on third party websites.  Google admits that Google Ad Manager is a service that allows publishers to manage online advertisements, which, depending on the settings implemented by those publishers, may allow the use of user profiles (to the extent they exist for a user) to serve personalized advertisements.  Google further avers that data  from private browsing sessions in which users do not log in to their Google Accounts—the data at issue in this case—is not associated with profiles of signed-in users or signed-out users who are not using Incognito mode. Google otherwise denies the allegations in this paragraph.

120.     Google admits that, with user consent, analysis of certain aggregate usage metrics may be used to improve and refine existing Google products, services, and algorithms.  Google otherwise denies the allegations in this paragraph.

121.     Denied.

122.     Denied.

123.     This paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

1    124.    Google lacks sufficient information to admit or deny the allegations in this

2 paragraph, and on that basis denies those allegations.

3    125.    This paragraph purports to paraphrase and characterize the contents of a document.

4 That document speaks for itself. Google refers to the document itself for its full content.  Google

5 otherwise denies the allegations in this paragraph.

6    126.    This paragraph purports to paraphrase and characterize the contents of a document.

7 That document speaks for itself. Google refers to the document itself for its full content.  Google

8 otherwise denies the allegations in this paragraph.

9    127.    Google denies that the cash value of the "personal user information" purportedly

10 collected by Google provided during the Class Period can be quantified. Google admits that this

11 paragraph purports to cite a 2011 survey involving 180 internet users' attitudes regarding data

12 security, which was not attached to Plaintiffs' complaint and appears to no longer be available.

13 Google lacks sufficient information to determine the accuracy of the allegations regarding this

14 survey, and on that basis denies them.

15    128.    Google admits that it has provided a panel named Google Screenwise Trends.

16 Google otherwise denies the allegations in this paragraph.

17    129.    Google admits that the Google Screenwise Trends panel uses a browser extension

18 to provide information regarding participating users' browsing to Google.  Google further admits

19 that certain users of the Screenwise Trends panel were offered gift cards from Google.  Google

20 otherwise denies the allegations in this paragraph.

21    130.    Google admits that certain users of the Screenwise Trends panel received gift cards

22 from Google.  Google otherwise denies the allegations in this paragraph.

23    131.    Google denies the first sentence of this paragraph. The remainder of this paragraph

24 purports to paraphrase and characterize an undated Pew Research Center study with no citation

25 that was not attached to Plaintiffs' complaint. Google lacks sufficient information to determine the

26 accuracy of Plaintiffs' allegations regarding this study, and on that basis denies them.

27

28

132.    This paragraph purports to quote a 2011 Harris Poll with no citation that was not attached to Plaintiffs' complaint.  Google lacks sufficient information to determine the accuracy of Plaintiffs' allegations regarding this study, and on that basis denies them.

133.    This paragraph purports to paraphrase and characterize the contents of documents. Those documents speak for themselves. Google refers to the documents themselves for their full content.  Google otherwise denies the allegations and characterizations in this paragraph.

134.    This paragraph purports to paraphrase and characterize the contents of documents. Those documents speak for themselves. Google refers to the documents themselves for their full content.  Google otherwise denies the allegations and characterizations in this paragraph.

135.    This paragraph purports to paraphrase and characterize the contents of documents. Those documents speak for themselves. Google refers to the documents themselves for their full content.  Google otherwise denies the allegations and characterizations in this paragraph.

136.    This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content.  Google otherwise denies the allegations and characterizations in this paragraph.

137.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations in this paragraph.

138.    Denied.

139.    This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. Google denies the remaining allegations in this paragraph.

140.    This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content.  Google otherwise denies the allegations in this paragraph.

141.    Denied.

142.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

143.    Denied.

1    144.    Denied.

2    145.    Denied.

3    146.    Google specifically denies that it has (1) misrepresented material facts about

4  Google's reception and use of users' data in Incognito and/or private browsing modes and/or (2)

5  omitted to state material facts necessary to make the statements not misleading. The remainder of

6  this paragraph purports to paraphrase and characterize the contents of documents. Those

7  documents speak for themselves. Google refers to the documents themselves for their full content.

8  This paragraph also states legal conclusions to which no response is required.  To the extent a

9  response is required, Google denies the allegations in this paragraph.

10    147.    Denied.

11    148.    Denied.

12    149.    Google lacks sufficient information to admit or deny the allegations in this

13  paragraph, and on that basis denies those allegations.

14    150.    Denied.

15    151.    Google specifically denies the first and last sentences of this paragraph. Google

16  admits that Chrome's Incognito mode provides users with a choice to browse the internet without

17  their activity being saved to their browser or device.  Google further admits that the Chrome

18  browser's Incognito New Tab Page clearly states that websites may collect information about

19  users' browsing activity when they are using Chrome's Incognito mode.  Google otherwise denies

20  the allegations in this paragraph.

21    152.    Google lacks sufficient information to admit or deny the second sentence in this

22  paragraph, and on that basis denies those allegations. The remainder of this paragraph states legal

23  conclusions to which no response is required. To the extent a response is required, Google denies

24  the allegations in this paragraph.

25    153.    The first sentence of this paragraph states legal conclusions to which no response is

26  required.  To the extent a response is required, Google denies the allegation.  Google lacks

27  sufficient information to admit or deny the second sentence in this paragraph, and on that basis

28  denies those allegations.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Google denies the allegations in the first sentence of this paragraph. The second sentence of this paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content.

159.    Denied.

160.    Denied.

161.    Google denies the allegations in the first sentence of this paragraph. The second sentence of this paragraph states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations in this paragraph.

162.    This paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph..

163.    This paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

164.    Denied.

165.    Denied.

166.    Google lacks sufficient information to admit or deny the allegations in the first part of this paragraph, and on that basis denies them.  Google admits that the three email addresses Mr. Brown provided to Google are associated with active Google accounts and two of those three email addresses are associated with Google accounts that were active throughout the entire proposed Class Period.

167.   Google lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies them.

168.   Google admits that Mr. Brown's subscriber information indicates that he created a Google account before 2016 and has used certain Google services and products, including Google Maps, Gmail, and the Chrome browser. Google lacks sufficient information to admit or deny the allegations in the first sentence of this paragraph regarding Mr. Brown's purported use of Waze, and on that basis denies them. Google lacks sufficient information to admit or deny the allegations in the second sentence of this paragraph, and on that basis denies them. Google denies the remaining allegations and characterizations in this paragraph.

169.   Google denies the allegations in the first sentence in this paragraph. Google lacks sufficient information to admit or deny the allegations in the second sentence of this paragraph, and on that basis denies them.

170.   Google lacks sufficient information to admit or deny the allegations in the first sentence of this paragraph, and on that basis denies them.  Google denies the remaining allegations and characterizations in this paragraph.

171.   Google lacks sufficient information to admit or deny the allegations in the first part of this paragraph, and on that basis denies them.  Google admits that the three consumer email addresses Mr. Byatt provided to Google are associated with active Google accounts and two of those three email addresses are associated with Google accounts that were active throughout the entire proposed Class Period.

172.   Google lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies them.

173.   Google admits that Mr. Byatt's subscriber information indicates that he created a Google account before 2016 and has used certain Google services and products, including Google Maps, Gmail, and the Chrome browser. Google lacks sufficient information to admit or deny the allegations in the first sentence of this paragraph regarding Mr. Byatt's purported use of Waze, and on that basis denies them. Google lacks sufficient information to admit or deny the allegations

GOOGLE LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT (DKT. 395-2)

1   in the second sentence of this paragraph, and on that basis denies them.  Google denies the

2   remaining allegations and characterizations in this paragraph.

3       174.    Google denies the allegations in the first sentence of this paragraph. Google lacks

4   sufficient information to admit or deny the allegations in the second sentence of this paragraph,

5   and on that basis denies them.

6       175.    Google lacks sufficient information to admit or deny the allegations in the first

7   sentence of this paragraph, and on that basis denies them.  Google denies the remaining allegations

8   and characterizations in this paragraph.

9       176.    Google lacks sufficient information to admit or deny the allegations in the first part

10  of this paragraph, and on that basis denies them.  Google admits that the two email addresses Mr.

11  Davis provided to Google are associated with active Google accounts and one of those two email

12  addresses is associated with a Google account that was active throughout the entire proposed Class

13  Period.

14      177.    Google lacks sufficient information to admit or deny the allegations in this

15  paragraph, and on that basis denies them.

16      178.    Google admits that Mr. Davis's subscriber information indicates that he created a

17  Gmail account before 2016 and has used certain Google services and products, including Gmail

18  and the Chrome browser. Google lacks sufficient information to admit or deny the allegations in

19  the first sentence of this paragraph regarding Mr. Davis's purported use of Google Maps, and on

20  that basis denies them.  Google lacks sufficient information to admit or deny the allegations in the

21  second sentence of this paragraph, and on that basis denies them. Google denies the remaining

22  allegations and characterizations in this paragraph.

23      179.    Google denies the allegations in the first sentence of this paragraph. Google lacks

24  sufficient information to admit or deny the allegations in the second sentence of this paragraph,

25  and on that basis denies them.

26      180.    Google lacks sufficient information to admit or deny the allegations in the first

27  sentence of this paragraph, and on that basis denies them.  Google denies the remaining allegations

28  in this paragraph.

181.    Google lacks sufficient information to admit or deny the allegations in the first part of this paragraph, and on that basis denies them. Google admits that the email address Mr. Castillo provided to Google is associated with an active Google account that was also active throughout the entire proposed Class Period.

182.    Google lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies them.

183.    Google admits that Mr. Castillo's subscriber information indicates that he created a Gmail account before 2016 and has used certain Google services and products, including Google Maps, Gmail, and the Chrome browser.  Google lacks sufficient information to admit or deny the allegations in the second sentence of this paragraph, and on that basis denies them. Google denies the remaining allegations and characterizations in this paragraph.

184.    Google denies the allegations in the first sentence of this paragraph. Google lacks sufficient information to admit or deny the allegations in the second sentence of this paragraph, and on that basis denies them.

185.    Google lacks sufficient information to admit or deny the allegations in the first sentence of this paragraph, and on that basis denies them.  Google denies the remaining allegations in this paragraph.

186.    Google lacks sufficient information to admit or deny the allegations in the first part of this paragraph, and on that basis denies them. Google admits that the email address Ms. Trujillo provided to Google is associated with an active Google account that was also active throughout the entire proposed Class Period.

187.    Google lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies them.

188.    Google admits that Ms. Trujillo's subscriber information indicates that she created a Gmail account before 2016 and has used certain Google services and products, including Google Maps, Gmail, and the Chrome browser. Google lacks sufficient information to admit or deny the allegations in the second sentence of this paragraph, and on that basis denies them. Google denies the remaining allegations in this paragraph.

1   189.   Google denies the allegations in the first sentence of this paragraph. Google lacks

2   sufficient information to admit or deny the allegations in the second sentence of this paragraph,

3   and on that basis denies them.

4   190.   Google lacks sufficient information to admit or deny the allegations in the first

5   sentence of this paragraph, and on that basis denies them.  Google denies the remaining allegations

6   in this paragraph.

7   191.   This paragraph states legal conclusions to which no response is required.  To the

8   extent a response is required, Google denies the allegations in this paragraph.

9   192.   This paragraph states legal conclusions to which no response is required.  To the

10  extent a response is required, Google denies the allegations in this paragraph.

11  193.   This paragraph states legal conclusions to which no response is required.  To the

12  extent a response is required, Google denies the allegations in this paragraph.

13  194.   This paragraph states legal conclusions to which no response is required.  To the

14  extent a response is required, Google denies the allegations in this paragraph.

15  195.   This paragraph states legal conclusions to which no response is required.  To the

16  extent a response is required, Google denies the allegations in this paragraph.

17  196.   This paragraph states legal conclusions to which no response is required.  To the

18  extent a response is required, Google denies the allegations in this paragraph.

19  197.   This paragraph states legal conclusions to which no response is required.  To the

20  extent a response is required, Google denies the allegations in this paragraph.

21  198.   This paragraph states legal conclusions to which no response is required.  To the

22  extent a response is required, Google denies the allegations in this paragraph.

23  199.   This paragraph states legal conclusions to which no response is required.  To the

24  extent a response is required, Google denies the allegations in this paragraph.

25  200.   This paragraph states legal conclusions to which no response is required.  To the

26  extent a response is required, Google denies the allegations in this paragraph.

27  201.   This paragraph states legal conclusions to which no response is required.  To the

28  extent a response is required, Google denies the allegations in this paragraph.

202. Google hereby incorporates by reference its responses to Paragraphs 1 through 201 as if fully stated herein.

203. This paragraph states legal conclusions to which no response is required.

204. This paragraph states legal conclusions to which no response is required.

205. This paragraph states legal conclusions to which no response is required.

206. This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

207. This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

208. This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

209. This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

210. This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

211. This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

212. This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

213. This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

214. This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

215. This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

216. This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

217.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

218.     Google hereby incorporates by reference its responses to Paragraphs 1 through 201 as if fully stated herein.

219.     This paragraph states legal conclusions to which no response is required.

220.     This paragraph states legal conclusions to which no response is required.

221.     This paragraph states legal conclusions to which no response is required.

222.     This paragraph states legal conclusions to which no response is required.

223.     Google admits its principal place of business is in California. The remainder of this paragraph states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

224.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

225.     Denied.

226.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

227.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

228.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

229.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

230.     Google hereby incorporates by reference its responses to Paragraphs 1 through 201 as if fully stated herein.

231.     This paragraph states legal conclusions to which no response is required.

232.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

1    233.    This paragraph states legal conclusions to which no response is required.  To the
2    extent a response is required, Google denies the allegations in this paragraph.

3    234.    This paragraph states legal conclusions to which no response is required.  To the
4    extent a response is required, Google denies the allegations in this paragraph.

5    235.    This paragraph states legal conclusions to which no response is required.  To the
6    extent a response is required, Google denies the allegations in this paragraph.

7    236.    This paragraph states legal conclusions to which no response is required.

8    237.    This paragraph states legal conclusions to which no response is required.  To the
9    extent a response is required, Google denies the allegations in this paragraph.

10   238.    This paragraph states legal conclusions to which no response is required.

11   239.    Google hereby incorporates by reference its responses to Paragraphs 1 through 201
12   as if fully stated herein.

13   240.    This paragraph states legal conclusions to which no response is required.

14   241.    This paragraph states legal conclusions to which no response is required.

15   242.    This paragraph states legal conclusions to which no response is required. To the
16   extent a response is required, Google denies the allegations in this paragraph.

17   243.    This paragraph states legal conclusions to which no response is required. To the
18   extent a response is required, Google denies the allegations in this paragraph.

19   244.    This paragraph states legal conclusions to which no response is required.

20   245.    This paragraph states legal conclusions to which no response is required.  To the
21   extent a response is required, Google denies the allegations in this paragraph.

22   246.    This paragraph states legal conclusions to which no response is required.  To the
23   extent a response is required, Google denies the allegations in this paragraph.

24   247.    This paragraph states legal conclusions to which no response is required.  To the
25   extent a response is required, Google denies the allegations in this paragraph.

26   248.    This paragraph states legal conclusions to which no response is required.  To the
27   extent a response is required, Google denies the allegations in this paragraph.

28

1    249.    This paragraph states legal conclusions to which no response is required.  To the

2  extent a response is required, Google denies the allegations in this paragraph.

3    250.    This paragraph states legal conclusions to which no response is required.  To the

4  extent a response is required, Google denies the allegations in this paragraph.

5    251.    This paragraph states legal conclusions to which no response is required.  To the

6  extent a response is required, Google denies the allegations in this paragraph.

7    252.    This paragraph states legal conclusions to which no response is required.  To the

8  extent a response is required, Google denies the allegations in this paragraph.

9    253.    This paragraph states legal conclusions to which no response is required.  To the

10  extent a response is required, Google denies the allegations in this paragraph.

11    254.    This paragraph states legal conclusions to which no response is required.  To the

12  extent a response is required, Google denies the allegations in this paragraph.

13    255.    This paragraph states legal conclusions to which no response is required.  To the

14  extent a response is required, Google denies the allegations in this paragraph.

15    256.    This paragraph states legal conclusions to which no response is required.  To the

16  extent a response is required, Google denies the allegations in this paragraph.

17    257.    Google hereby incorporates by reference its responses to Paragraphs 1 through 201

18  as if fully stated herein.

19    258.    This paragraph states legal conclusions to which no response is required.

20    259.    This paragraph states legal conclusions to which no response is required.  To the

21  extent a response is required, Google denies the allegations in this paragraph.

22    260.    This paragraph states legal conclusions to which no response is required.  To the

23  extent a response is required, Google denies the allegations in this paragraph.

24    261.    This paragraph states legal conclusions to which no response is required.  To the

25  extent a response is required, Google denies the allegations in this paragraph.

26    262.    This paragraph states legal conclusions to which no response is required.  To the

27  extent a response is required, Google denies the allegations in this paragraph.

28

1    263.    This paragraph states legal conclusions to which no response is required.  To the

2    extent a response is required, Google denies the allegations in this paragraph.

3    264.    This paragraph states legal conclusions to which no response is required.  To the

4    extent a response is required, Google denies the allegations in this paragraph.

5    265.    This paragraph makes generalizations about topics that are dependent on unique

6    facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the

7    details and information necessary to form a belief about the truth of the generalized allegations in

8    this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

9    266.    This paragraph states legal conclusions to which no response is required.  To the

10   extent a response is required, Google denies the allegations in this paragraph.

11   267.    Google hereby incorporates by reference its responses to Paragraphs 1 through 201

12   as if fully stated herein.

13   268.     This paragraph states legal conclusions to which no response is required.  Google

14   otherwise denies the allegations in this paragraph.

15   269.    This paragraph purports to paraphrase and characterize the contents of a document.

16   That document speaks for itself. Google refers to the document itself for its full content.  This

17   paragraph also states legal conclusions to which no response is required.  Google otherwise denies

18   the allegations in this paragraph.

19   270.    This paragraph states legal conclusions to which no response is required.  To the

20   extent a response is required, Google denies the allegations in this paragraph.

21   271.    This paragraph also states legal conclusions to which no response is required.  To

22   the extent a response is required, Google denies the allegations in this paragraph.

23   272.    This paragraph states legal conclusions to which no response is required.  To the

24   extent a response is required, Google denies the allegations in this paragraph.

25   273.    This paragraph states legal conclusions to which no response is required.  To the

26   extent a response is required, Google denies the allegations in this paragraph.

27   274.    This paragraph states legal conclusions to which no response is required.  To the

28   extent a response is required, Google denies the allegations in this paragraph.

275.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

276.    This paragraph states legal conclusions to which no response is required.

277.    Google hereby incorporates by reference its responses to Paragraphs 1 through 201 as if fully stated herein.

278.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

279.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

280.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

281.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

282.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

283.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

284.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Google denies that Plaintiffs or the proposed class are entitled to any relief in this action.

## JURY TRIAL DEMAND

Google admits that Plaintiffs purport to demand a trial by jury of all issues so triable.

## AFFIRMATIVE DEFENSES

Google asserts the following defenses to Plaintiffs' Third Amended Complaint ("TAC"). By asserting the defenses below, Google does not concede, and reserves its right to dispute, that the defenses are affirmative defenses for which Google bears the burden of proof. Google also reserves

the right to supplement or amend these defenses as discovery proceeds, and does not knowingly or intentionally waive any applicable affirmative defense.

### First Affirmative Defense: Consent

The TAC, and each cause of action stated therein, is barred in whole or in part because Plaintiffs consented to Google's receipt and use of the information at issue (regardless of whether they were using Chrome's Incognito mode or some other browser's private browsing mode). Among other disclosures, Google's Privacy Policy—to which Plaintiffs and putative class members expressly consented when they signed up for their accounts—discloses that Google receives the information at issue from its services installed on third-party websites. In addition to expressly consenting to Google's receipt of the information, Plaintiffs and putative class members implicitly consented to Google's receipt of the information because they were aware that Google receives such information when users visit websites that use Google's services, regardless of whether they were using Chrome's Incognito mode or some other browser's private browsing mode. Indeed, as the screenshot at paragraph 86 shows, the fact that Google generally receives such information is not hidden—anyone can use Chrome's "Developer Tools" (like Plaintiffs did to obtain the screenshot pasted at paragraph 86) or similar features in other browsers to learn which third-party services (including Google services) the websites they visit are using and the data being sent to those services. Google's receipt of such information has also been widely discussed in the news media and other public commentary.

### Second Affirmative Defense: Statute Of Limitations/Laches

The TAC, and each cause of action stated therein, is barred, in whole or in part, by the applicable statutes of limitations and/or by the equitable doctrine of laches to the extent Plaintiffs became aware of the conduct alleged in their complaint and did not act upon that awareness or exercise sufficient diligence within the required time period.

### Third Affirmative Defense: Failure To Mitigate Damages

The TAC, and each cause of action stated therein, is barred, in whole or in part, because Plaintiffs failed to mitigate any damages they claim they suffered and they are therefore barred from recovering mitigatable damages.

**Fourth Affirmative Defense: Unjust Enrichment**

The TAC, and each cause of action stated therein, is barred, in whole or in part, because any recovery by Plaintiffs would constitute unjust enrichment of Plaintiffs. In particular, the claims in the TAC are barred, in whole or in part, to the extent that Plaintiffs have used and/or benefited from any of Google's services that are enabled by the practices that Plaintiffs challenge.

**Fifth Affirmative Defense: Necessary Incident To Rendition Of Services**

The TAC, and each cause of action stated therein, is barred, in whole or in part, because at all relevant times, Google's actions were a necessary incident to the rendition of services.  For example, Google's Analytics and Ads code facilitates the provision of analytics and advertising services.  If private browsing modes were to block all transmissions of data to Google by default, Google's analytics and advertising services would not function when users visited those sites. Countless web developers depend on those services for web analytics that they use to improve their sites and to generate advertising revenue that pays for content that is free to users.

**Sixth Affirmative Defense: Adequate Remedy At Law**

To the extent that Plaintiffs are entitled to any relief, Plaintiffs are not entitled to any equitable relief because they have an adequate remedy at law and the relief they request is not the proper subject of a judicial remedy.

**Seventh Affirmative Defense: Improper Request for Restitution**

Plaintiffs' request for restitution is barred because Plaintiffs did not pay Google any money or transfer property to Google in connection with the allegations in the TAC.

**Eighth Affirmative Defense: Punitive Damages—Unconstitutional**

Punitive or exemplary damages should not be awarded or should otherwise be limited because: (i) any recovery of punitive or exemplary damages would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1, Section 7 of the California Constitution, by section 3294 of the California Civil Code, and by the common law; and (ii) imposition of any punitive or exemplary damages would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution.

1

**Ninth Affirmative Defense: No Serious Invasion of Privacy**

2        Plaintiffs' causes of action under California Constitution, Article I § 1, and the common law

3   of intrusion upon seclusion, are barred, in whole or in part, because Google's alleged conduct did

4   not constitute a serious invasion of privacy, and any invasion of privacy was justified because it

5   substantially furthered countervailing interests.

6

**Tenth Affirmative Defense: Lack Of UCL Standing**

7        Plaintiffs lack standing to bring their UCL claim because they have failed to adequately

8   allege that they have suffered "lost money or property" under Cal Bus. & Prof. Code § 17204.

9

**Eleventh Affirmative Defense: Waiver/Estoppel**

10        The TAC, and each cause of action stated therein, is barred, in whole or in part, by the

11   doctrines of waiver and estoppel and because Plaintiffs explicitly exculpated Google for the conduct

12   alleged through their contractual agreements with Google. *See, e.g.*, Apr. 14, 2014 Terms of Service

13   at 3 ("WHEN PERMITTED BY LAW, GOOGLE, AND GOOGLE'S SUPPLIERS AND

14   DISTRIBUTORS, WILL NOT BE RESPONSIBLE FOR LOST PROFITS, REVENUES, OR

15   DATA, FINANCIAL LOSSES OR INDIRECT, SPECIAL, CONSEQUENTIAL, EXEMPLARY,

16   OR PUNITIVE DAMAGES."); Oct. 25, 2017 Terms of Service at 4 ("WHEN PERMITTED BY

17   LAW, GOOGLE, AND GOOGLE'S SUPPLIERS AND DISTRIBUTORS, WILL NOT BE

18   RESPONSIBLE FOR LOST PROFITS, REVENUES, OR DATA, FINANCIAL LOSSES OR

19   INDIRECT, SPECIAL, CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES . . . TO

20   THE EXTENT PERMITTED BY LAW, THE TOTAL LIABILITY OF GOOGLE, AND ITS

21   SUPPLIERS AND DISTRIBUTORS, FOR ANY CLAIMS UNDER THESE TERMS,

22   INCLUDING FOR ANY IMPLIED WARRANTIES, IS LIMITED TO THE AMOUNT YOU

23   PAID US TO USE THE SERVICES (OR, IF WE CHOOSE, TO SUPPLYING YOU THE

24   SERVICES AGAIN) . . . IN ALL CASES, GOOGLE, AND ITS SUPPLIERS AND

25   DISTRIBUTORS, WILL NOT BE LIABLE FOR ANY LOSS OR DAMAGE THAT IS NOT

26   REASONABLY FORESEEABLE.").

27

28

1

**Twelfth Affirmative Defense: Contractual Defenses—No Damages**

2          The TAC, and each cause of action stated therein, are barred, in whole or in part, because

3    Plaintiffs' damages—including actual, punitive, compensatory, exemplary, or statutory damages—

4    are limited by the terms of contracts between Google and Plaintiffs. *See, e.g.*, Apr. 14, 2014 Terms

5    of Service at 3 ("WHEN PERMITTED BY LAW, GOOGLE, AND GOOGLE'S SUPPLIERS AND

6    DISTRIBUTORS, WILL NOT BE RESPONSIBLE FOR LOST PROFITS, REVENUES, OR

7    DATA, FINANCIAL LOSSES OR INDIRECT, SPECIAL, CONSEQUENTIAL, EXEMPLARY,

8    OR PUNITIVE DAMAGES."); Oct. 25, 2017 Terms of Service at 4 ("WHEN PERMITTED BY

9    LAW, GOOGLE, AND GOOGLE'S SUPPLIERS AND DISTRIBUTORS, WILL NOT BE

10   RESPONSIBLE FOR LOST PROFITS, REVENUES, OR DATA, FINANCIAL LOSSES OR

11   INDIRECT, SPECIAL, CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES . . . TO

12   THE EXTENT PERMITTED BY LAW, THE TOTAL LIABILITY OF GOOGLE, AND ITS

13   SUPPLIERS AND DISTRIBUTORS, FOR ANY CLAIMS UNDER THESE TERMS,

14   INCLUDING FOR ANY IMPLIED WARRANTIES, IS LIMITED TO THE AMOUNT YOU

15   PAID US TO USE THE SERVICES (OR, IF WE CHOOSE, TO SUPPLYING YOU THE

16   SERVICES AGAIN) . . . IN ALL CASES, GOOGLE, AND ITS SUPPLIERS AND

17   DISTRIBUTORS, WILL NOT BE LIABLE FOR ANY LOSS OR DAMAGE THAT IS NOT

18   REASONABLY FORESEEABLE.").

19

**Thirteenth Affirmative Defense: Contractual Defenses—No Liability**

20          The TAC, and each cause of action stated therein, are barred, in whole or in part, because

21   Google's liability for the alleged conduct at issue is precluded by the terms of contracts between

22   Google and Plaintiffs. *See, e.g.*, Apr. 14, 2014 Terms of Service at 3 ("WHEN PERMITTED BY

23   LAW, GOOGLE, AND GOOGLE'S SUPPLIERS AND DISTRIBUTORS, WILL NOT BE

24   RESPONSIBLE FOR LOST PROFITS, REVENUES, OR DATA, FINANCIAL LOSSES OR

25   INDIRECT, SPECIAL, CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES."); Oct.

26   25, 2017 Terms of Service at 4 ("WHEN PERMITTED BY LAW, GOOGLE, AND GOOGLE'S

27   SUPPLIERS AND DISTRIBUTORS, WILL NOT BE RESPONSIBLE FOR LOST PROFITS,

28   REVENUES, OR DATA, FINANCIAL LOSSES OR INDIRECT, SPECIAL, CONSEQUENTIAL,

1   EXEMPLARY, OR PUNITIVE DAMAGES . . . TO THE EXTENT PERMITTED BY LAW, THE

2   TOTAL LIABILITY OF GOOGLE, AND ITS SUPPLIERS AND DISTRIBUTORS, FOR ANY

3   CLAIMS UNDER THESE TERMS, INCLUDING FOR ANY IMPLIED WARRANTIES, IS

4   LIMITED TO THE AMOUNT YOU PAID US TO USE THE SERVICES (OR, IF WE CHOOSE,

5   TO SUPPLYING YOU THE SERVICES AGAIN) . . . IN ALL CASES, GOOGLE, AND ITS

6   SUPPLIERS AND DISTRIBUTORS, WILL NOT BE LIABLE FOR ANY LOSS OR DAMAGE

7   THAT IS NOT REASONABLY FORESEEABLE.").

8   **Fourteenth Affirmative Defense: Contractual Defenses—Mistake/Lack of Mutual Assent**

9   The TAC, and each cause of action stated therein, is barred, in whole or in part, because

10  Plaintiffs were mistaken regarding materials terms of the alleged contracts, including, *e.g.*, the

11  meaning of certain terms and provisions in Google's disclosures describing Google's collection and

12  use of information, and thus there was a lack of mutual assent as to material terms of the alleged

13  contract.

14  **Fifteenth Affirmative Defense: Contractual Defenses—Lack of Consideration**

15  The TAC, and each cause of action stated therein, is barred, in whole or in part, because the

16  alleged contracts were executed without consideration in that Plaintiffs did not provide anything of

17  value in exchange for their use of Google's services.

18  **Sixteenth Affirmative Defense: CIPA, Cal. Penal Code §§ 631, 632, et seq—Party To Communication**

19
20  Plaintiffs' claims under California Penal Code §§ 631, 632, *et seq*, and those of the purported

    classes, are barred in whole or in part, because Google was a party to the communications alleged

21  by Plaintiffs.

22  **Seventeenth Affirmative Defense: CIPA, Cal. Penal Code §§ 631, 632, et seq—Consent**

23  Plaintiffs' claims under California Penal Code §§ 631, 632, *et seq*, and those of the purported

24  classes, are barred in whole or in part, because the parties to the communications alleged in the TAC

25  (i.e., Plaintiffs and third party websites) consented to those communications.

26

27

28

**Eighteenth Affirmative Defense: CDAFA, Cal. Penal Code § 502(c),** *et seq*—**Permission**

Plaintiffs' claims under California Penal Code § 502(c), and those of the purported classes, are barred in whole or in part, because Google did not act "without permission."

DATED: April 8, 2022                                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By       */s/ Andrew H. Schapiro*

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010

Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*