BOIES SCHILLER FLEXNER LLP
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
William Christopher Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel listed in signature blocks below*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant; additional counsel listed in signature blocks below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**JOINT SUBMISSION RE: SEALING PORTIONS OF SPECIAL MASTER'S REPORT AND RECOMMENDATIONS ON REFERRED DISCOVERY ISSUES (PRESERVATION PLAN) IN RESPONSE TO DKT. NOS. 524, 525**<br><br>Referral: Hon. Susan van Keulen, USMJ |

April 11, 2022

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

      Re:    Joint Submission Re: Sealing Portions of Special Master's Report and Recommendations on Referred Discovery Issues (Preservation Plan) in Response to Dkt. Nos. 524, 525
           *Brown v. Google LLC*, Case No. 4:20-cv-03664-YGR-SVK (N.D. Cal.)

Your Honor:

    Pursuant to Your Honor's April 4, 2022 Order regarding sealing portions of Special Master's Report and Recommendations on Referred Discovery Issues (Preservation Plan) (Dkt. Nos. 524, 525), Plaintiffs and Google LLC ("Google") jointly submit this statement.

Google respectfully seeks to seal the following portions of the Special Master's Report and Recommendations on Referred Discovery Issues (Preservation Plan) (Dkt. 524), which contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly, including various types of Google's internal projects, data signals, and logs and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors.  This information is highly confidential and should be protected.

This Administrative Motion pertains to the following information contained in the Order:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Special Master's Report and Recommendations on Referred Discovery Issues (Preservation Plan) (Dkt. 524) | Portions of Exhibit A to Special Master Report re Preservation Plan at:<br><br>Pages 2-3 | Google |

The parties conferred on the proposed redactions to the Order.  Plaintiffs take no position on sealing the proposed redactions.

## I. LEGAL STANDARD

The common law right of public access to judicial records in a civil case is not a constitutional right and it is "not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have refused to permit their files to serve as reservoirs of . . . sources of business information that might harm a litigant's competitive standing"). Sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of

materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

## II. THE ABOVE IDENTIFIED MATERIALS EASILY MEET THE "GOOD CAUSE" STANDARD AND SHOULD ALL BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain medical information or "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99; see also *Turner v. United States*, 2019 WL 4732143, at *9 (finding good cause to seal "confidential medical information"). Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g., Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).

Here, the Order comprises confidential information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. Specifically, this information provides details related to various types of Google's internal projects, data signals, and logs and their proprietary functionalities. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with legal and privacy obligations.

Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, designs, and practices to Google's competitors. That alone is a proper basis to seal such information. *See, e.g., Free Range Content, Inc. v. Google Inc.,* No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the

integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publicly available").

Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's internal systems and data structures. Google would be placed at an increased risk of cybersecurity threats, and data related to its users could similarly be at risk. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). The security threat is an additional reason for this Court to seal the identified information.

The information Google seeks to redact is the minimal amount of information needed to protect its internal systems and operations from being exposed to not only its competitors but also to nefarious actors who may improperly seek access to and disrupt these systems and operations. The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

### III.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the identified portions of the Order.

|   |   |
|---|---|
| | Respectfully, |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BOIES SCHILLER FLEXNER LLP |
| /s/      Andrew H. Schapiro | /s/      Mark C. Mao |
| Andrew H. Schapiro (admitted *pro hac vice*) | Mark C. Mao (CA Bar No. 236165) |
| andrewschapiro@quinnemanuel.com | mmao@bsfllp.com |
| 191 N. Wacker Drive, Suite 2700 | Sean Phillips Rodriguez (CA Bar No. 262437) |
| Chicago, IL 60606 | srodriguez@bsfllp.com |
| Tel: (312) 705-7400 | Beko Reblitz-Richardson (CA Bar No. 238027) |
| Fax: (312) 705-7401 | brichardson@bsfllp.com |
| | 44 Montgomery Street, 41st Floor |
| Diane M. Doolittle (CA Bar No. 142046) | San Francisco, CA 94104 |
| dianedoolittle@quinnemanuel.com | Tel: (415) 293 6858 |
| Sara Jenkins (CA Bar No. 230097) | Fax: (415) 999 9695 |
| sarajenkins@quinnemanuel.com | |
| 555 Twin Dolphin Drive, 5th Floor | James W. Lee (*pro hac vice*) |
| Redwood Shores, CA 94065 | jlee@bsfllp.com |
| Telephone: (650) 801-5000 | Rossana Baeza (*pro hac vice*) |
| Facsimile: (650) 801-5100 | rbaeza@bsfllp.com |
| | 100 SE 2nd Street, Suite 2800 |
| Stephen A. Broome (CA Bar No. 314605) | Miami, FL 33130 |
| stephenbroome@quinnemanuel.com | Tel: (305) 539-8400 |
| Viola Trebicka (CA Bar No. 269526) | Fax: (305) 539-1304 |
| violatrebicka@quinnemanuel.com | |
| Crystal Nix-Hines (Bar No. 326971) | William Christopher Carmody (*pro hac vice*) |
| crystalnixhines@quinnemanuel.com | bcarmody@susmangodfrey.com |
| Alyssa G. Olson (CA Bar No. 305705) | Shawn J. Rabin (*pro hac vice*) |
| alyolson@quinnemanuel.com | srabin@susmangodfrey.com |
| 865 S. Figueroa Street, 10th Floor | Steven Shepard (*pro hac vice*) |
| Los Angeles, CA 90017 | sshepard@susmangodfrey.com |
| Telephone: (213) 443-3000 | Alexander P. Frawley (*pro hac vice*) |
| Facsimile: (213) 443-3100 | afrawley@susmangodfrey.com |
| | SUSMAN GODFREY L.L.P. |
| Jomaire A. Crawford (admitted pro hac vice) | 1301 Avenue of the Americas, 32nd Floor |
| jomairecrawford@quinnemanuel.com | New York, NY 10019 |
| 51 Madison Avenue, 22nd Floor | Tel: (212) 336-8330 |
| New York, NY 10010 | |
| Telephone: (212) 849-7000 | Amanda Bonn (CA Bar No. 270891) |
| Facsimile: (212) 849-7100 | abonn@susmangodfrey.com |
| | SUSMAN GODFREY L.L.P. |
| Josef Ansorge (admitted pro hac vice) | 1900 Avenue of the Stars, Suite 1400 |
| josefansorge@quinnemanuel.com | Los Angeles, CA 90067 |
| Xi ("Tracy") Gao (CA Bar No. 326266) | Tel: (310) 789-3100 |
| tracygao@quinnemanuel.com | |
| Carl Spilly (admitted pro hac vice) | John A. Yanchunis (*pro hac vice*) |
| carlspilly@quinnemanuel.com | jyanchunis@forthepeople.com |
| 1300 I Street NW, Suite 900 | Ryan J. McGee (*pro hac vice*) |
| Washington D.C., 20005 | rmcgee@forthepeople.com |
| Telephone: (202) 538-8000 | MORGAN & MORGAN, P.A. |
| Facsimile: (202) 538-8100 | 201 N Franklin Street, 7th Floor |
| | Tampa, FL 33602 |
| Jonathan Tse (CA Bar No. 305468) | |
| jonathantse@quinnemanuel.com | |

| | | |
|---|---|---|
| 1 | 50 California Street, 22nd Floor<br>San Francisco, CA 94111 | Tel: (813) 223-5505<br>Fax: (813) 222-4736 |
| 2 | Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 | Michael F. Ram (CA Bar No. 104805)<br>mram@forthepeople.com |
| 3 | | MORGAN & MORGAN, P.A.<br>711 Van Ness Avenue, Suite 500 |
| 4 | *Attorneys for Defendant* | San Francisco, CA 94102<br>Tel: (415) 358-6913 |
| 5 | | *Attorneys for Plaintiffs* |

## ATTESTATION OF CONCURRENCE

I am the ECF user whose ID and password are being used to file this Joint Submission. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: April 11, 2022         By         /s/ *Andrew H. Schapiro*
                                              Andrew H. Schapiro
                                              *Counsel on behalf of Google LLC*