# SPECIAL MASTER'S REPORT

# Redacted Version of Document Sought to be Sealed

UNITED STATES DISTRICT COURT
Northern District of California

# FAX TRANSMISSION

| **TO:** | | **FROM:** | Justine | Fanthorpe |
| --- | --- | --- | --- | --- |
| **FAX NUMBER:** | 94158756700 | **NO. OF PAGES:** (INCLUDING COVER): | | 8 |
| **PHONE:** | | **DATE:** | 2022-04-04 | |
| **RE:** | 4:20-cv-03664-YGR Brown et al v. | **TIME:** | 13:25:21 | |

**SUBJECT:** 4:20-cv-03664-YGR Brown et al v. Google LLC et al

**DETAILS:**



**Justine Fanthorpe**
CRD to Magistrate Judge Susan van Keulen
280 South First Street, Room 2112
San Jose, CA 95113
United States District Court
Northern District of California
https://cand.uscourts.gov
Justine_Fanthorpe@cand.uscourts.gov
Office: 408-535-5375

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**TO BE FILED UNDER SEAL**

| | |
|---|---|
| CHASOM BROWN, et al., <br> Plaintiffs, <br> v. <br> GOOGLE LLC, <br> Defendant. | Case No. 5:20-cv-03664-YGR-SVK <br> Case No. 5:20-cv-05146-YGR-SVK <br><br> **SPECIAL MASTER'S REPORT AND RECOMMENDATION ON REFERRED DISCOVERY ISSUES (Preservation Plan)** <br><br> Referral: Hon. Susan van Keulen <br> United States Magistrate Judge |
| PATRICK CALHOUN, et al., <br> Plaintiffs, <br> v. <br> GOOGLE LLC, <br> Defendant. | |

I. **DISCOVERY ISSUES REFERRED TO SPECIAL MASTER**

1. The Court REFERRED management of the creation of Preservation Plans for the Parties in 4:20-cv-05146-YGR-SVK Patrick Calhoun, et al., v. Google LLC and 4:20-cv-03664-YGR-SVK Chasom Brown, et al., v. Google LLC to Special Master Brush.

    a) Case 4:20-cv-05146-YGR-SVK Patrick Calhoun, et al., v. Google LLC, hereinafter referred to in this document as "Calhoun"

        i. March 18, 2022, Document 579 – RFP 92; ROG 13, 14, 15, 16, 17, 18, 19 - Second Order on March 11, 2022 Joint Discovery Dispute Chart

        ii. February 28, 2022, Document 516 – No. 2.1 – Exhibit A to Order Following February 28, 2022 Discovery Hearing

        iii. October 1, 2021, Document 329 – Dispute 2.1 – Order Following September 30, 2021 Discovery Hearing

    b) Case 4:20-cv-03664-YGR-SVK Chasom Brown, et al., v. Google LLC, hereinafter referred to in this document as "Brown"

      i.    March 18, 2022, Document 505 – P37 Second Order on March 11, 2022 Joint Discovery Dispute Chart

      ii.   February 22, 2022, Document 418 – Notice 2: No. 9 – Order on Joint Discovery Letter Brief Re Plaintiffs' Rule 30(B)(6) Deposition Notices

      iii.  September 22, 2021, Document 275 – VI. Evidence Preservation – Joint Case Management Statement

2. Special Master Brush has worked diligently with the Parties in both cases to construct meaningful, representative, and actionable Preservation Plans through good faith negotiated compromise between the Parties to both cases.

3. Court set deadlines of March 4, 2022, and March 18, 2022, have come and gone and in neither case has a good faith negotiated compromise been agreed to by the Parties.

## II. PROCEDURAL HISTORY BEFORE SPECIAL MASTER

1. In late December 2021, the Court indicated that it would like for Special Master Brush to begin working towards a resolution to the Preservation matter (Dispute 2.1) referred in Document 329 (Calhoun), the October 1, 2021, Order Following September 30, 2021 Discovery Hearing.

2. On January 4, 2022, the Court convened a call with Special Master Brush to discuss and agree to high level expectations for managing the creation of a Preservation Plan for Calhoun. During the call, data preservation as referenced in Document 275 (Brown), Joint Case Management Statement, dated September 22,2021, was also discussed and it was agreed that a Preservation Plan was also appropriate to the Brown case and that Special Master Brush would manage that process as well. The process of finalizing these plans would commence as the processes for resolving Special Master referred discovery disputes set out in Exhibit 1 to Document 331 (Brown); 337 (Calhoun), of November 12, 2021, Order Adopting In Part And Modifying In Part The Special Master's Report And Orders On Referred Discovery Issues, were coming to a conclusion.

3. On January 4, 2022, Judge Lucy H. Koh granted the Brown Plaintiffs' request for an extension of time to complete discovery (Document 377). The order moved the deadline for resolving Special Master referred discovery disputes for the Brown case from late January 2022 to March 4, 2022.

4. On January 11, 2022, Judge Lucy H. Koh issued a case management order granting an extension of time to complete discovery for the Calhoun case (Document 464). The order moved the deadline for resolving Special Master referred discovery disputes for the Calhoun case from late January 2022 to March 4, 2022.

2022/04/04 13:25:21 4 /8
Case 4:20-cv-03664-YGR   Document 534-3   Filed 04/11/22   Page 5 of 9
Case 4:20-cv-03664-YGR   Document 524 *SEALED*   Filed 04/04/22   Page 3 of 4

5. Following the January 4, 2022, discussion with the Court, up until the February 28, 2022, Discovery Hearing, Special Master Brush convened seven (7) informal Meet & Confer Conferences between Plaintiffs and Google for each case; in some instances, conferences were held jointly for both the Calhoun and Brown cases, in other instances the cases' conferences were held between the Parties to the individual cases. During each of these conferences, completing resolution of outstanding discovery disputes, including the creation of agreed upon Preservation Plans, was discussed and the March 4, 2022, deadline was emphasized (the Court was expecting to have Preservation Plans completed on March 3, 2022). Special Master Brush encouraged each side to negotiate in good faith and to engage in constructive compromise in creating Preservation Plans. Throughout this period (between January 4, 2022, to February 28, 2022) both Parties in both cases submitted proposed Preservation Plans, however, in both cases, Calhoun and Brown, opposing proposals were too far apart for the Parties to come to a collaborative compromise solution. In neither the Calhoun nor the Brown case was a plan agreed to.

6. On February 28, 2022, Magistrate Judge van Keulen held a joint Discovery Hearing for the Parties to the Calhoun and Brown cases. The topic of jointly agreed Preservation Plans was discussed as was the March 4, 2022, deadline for close of discovery and the Court's expectation that Preservation Plans were to be complete by March 3, 2022.

7. Following the Discovery Hearing, Special Master Brush convened informal Meet & Confer conferences with the Parties to both cases on March 1, 2022, March 2, 2022, March 3, 2022, and again on March 4, 2022, in an effort to garner good faith negotiations and constructive compromise in resolving the outstanding discovery disputes, including the creation of Preservation Plans for both cases, Calhoun and Brown. Parties' experts were also invited to provide demonstrations and "real time" searches as well as to provide insight into other details requiring "expert" knowledge. In neither the Calhoun nor the Brown case was a plan agreed to.

8. On March 4, 2022, the deadline for close of discovery passed.

9. On Saturday, March 5, 2022, Special Master Brush held two, two-hour, informal Meet & Confer conferences, one for each case, Calhoun, and Brown. The specified goals of these meetings were as follows: 1) to develop absolute deadlines for open discovery items to be completed, and 2) for a Preservation Plan to be developed and agreed by both Parties. In preparation for the conference, both Parties to both cases were instructed to "fully update and combine into a single joint document their letters/proposals for setting deadlines and completing outstanding discovery items." While the Parties to neither case sent acceptable single joint documents containing their Preservation Plan proposals, the informal Meet & Confer conferences were held and instructions to the Parties were again given by Special Master Brush to come back early the next week with workable, negotiated, and collaboratively developed Preservation Plans.

10. On March 8, 2022, Special Master Brush held another round of informal Meet & Confer conferences with the Parties to both Calhoun and Brown cases. Parties in both cases worked constructively towards the end goal of resolving discovery disputes including developing Preservation Plans, however, had, at the conclusion of either conference, still not agreed on an acceptable Preservation Plan. Special Master Brush instructed the Parties to each case to again provide a joint plan back to him by close of business EST on March 10, 2022.

11. As of March 10, 2022, Parties to neither case, Calhoun nor Brown, had submitted an agreed upon Preservation Plan for Special Master Brush's review.

12. Further informal Meet & Confer conferences were held with the Parties to the cases on March 13, 2022, March 14, 2022, March 15, 2022, March 17, 2022, March 22, 2022, and on March 23, 2022. In each Meet & Confer, Special Master Brush admonished both Parties to both cases to collaborate constructively and submit Preservation Plans that would, while representing elements of compromise, still provide a balance between an acceptable level of preservation on the one hand, and not being unduly burdensome on the other. In neither the Calhoun nor the Brown case was a plan agreed to.

13. On March 28, 2022, Special Master Brush informed the Court that in neither Calhoun, nor Brown cases was a workable solution able to be agreed by the Parties. Special Master Brush informed the Court that he did not believe that in either case, could a negotiated collaborative compromise be reached. Special Master Brush informed the Court that he would, reluctantly, develop Preservation Plans for both cases, Calhoun, and Brown, and recommend that the Court accept these for both cases as the official Preservation Plans to be effective immediately and retroactively as noted within the plans submitted.

## III. SPECIAL MASTER RECOMMENDATION

1. Accordingly, in light of the foregoing, the Special Master recommends a Preservation Plan for each case, Calhoun and Brown, that will allow for the preservation of sampled data from a subset of data sources identified throughout each case.

2. As neither Plaintiffs nor Google, in either case, Calhoun or Brown, provided an agreed upon preservation plan that would allow for preserving relevant data sources in a reasonable and not unduly burdensome manner, Special Master Brush has taken elements of those plans proposed separately by Plaintiffs and Google in both cases as well as other information provided by Plaintiffs and Google and created thoughtful, reasonable, and actionable Preservation Plans for each case, Calhoun and Brown.

3. Each of the two Preservation Plans submitted to the Court is based on the claims and defenses understood to exist in that case and, if executed in a thoughtful manner, will provide reasonable assurance that relevant data will be preserved for each case and be in a state in which it can be produced should the need arise. The detailed Preservation Plans are set forth in Attachment A hereto.

Dated: April 4, 2022

Douglas A. Brush
Special Master

2022/04/04 13:25:21 6 /8
Case 4:20-cv-03664-YGR  Document 534-3  Filed 04/11/22  Page 7 of 9
Case 4:20-cv-03664-YGR  Document 524-1 *SEALED*  Filed 04/04/22  Page 1 of 3

Exhibit A to Special Master Report re: Preservation Plan - Brown

| Item No. | Preservation Instructions |
|---|---|
| 1 | Preserve data per data source going back to the first available entry or to July 27, 2016, whichever is later, and continue into the future until this litigation has concluded. |
| 2 | For each data source, preserve all records for 10,000 randomly selected US based UIDs from each data source for each day for which there is data (i.e. retrospectively to the earliest records available in the data source, continuing indefinitely into the future until this litigation has concluded). |
| 3 | Preservation of records to include every field contained in every record selected |
| 4 | Preservation is not to be based on any search criteria other than that the UIDs are US based and that the product (where data sources contain records for more than one Google product) is one of those listed in item number 7 below, but only upon record being selected as one of those generated by one of the 10,000 randomly selected UIDs for each day data is available in the data source. |
| 5 | Wipeout instructions are to be honored (without regards to Google identifying or not identifying account as a class member). |
| 6 | Data dictionary and schema for each preserved data source is to be preserved. Any change to data dictionary and/or schema is to preserved along with the date that changes were made. |
| 7 | Where a listed data source serves as a repository for multiple products, at a minimum, records for the following products will serve as the base for the selection of UIDs for random record selection: Display Ads, Google Analytics, Google Ads, YouTube, and Google APIs. |

2022/04/04 13:25:21 7 /8
Case 4:20-cv-03664-YGR Document 534-3 Filed 04/11/22 Page 8 of 9
Case 4:20-cv-03664-YGR Document 524-1 *SEALED* Filed 04/04/22 Page 2 of 3
Exhibit A to Special Master Report re: Preservation Plan - Brown

| Index | Log Source | Data Source | Possible Duplicate Data Source | Alternate Name or Notes |
|---|---|---|---|---|
| 1 | Analytics Log | | | This Data source name may have been truncated. If there are more than 3 data sources with this "root", please advise Plaintiffs and they may select up to three of these data sources for preservation in the same manner as the other data sources identified herein. This data source may have been provided in the 9/17/21 submission as `gfstmp/stats-doubleclick-analytics-gaia tmp-doubleclick_analytics_collection_gaia` |
| 2 | Display Ads Logs | | | |
| 3 | Display Ads Logs | | | |
| 4 | Display Ads Logs | | 7 | |
| 5 | Display Ads Logs | | 8 | |
| 6 | Display Logs | | | |
| 7 | Display Logs | | 4 | |
| 8 | Display Logs | | 5 | |
| 9 | Display Logs | | | |
| 10 | GAIA Logs | | | |
| 11 | GAIA Logs | | | |
| 12 | GAIA Logs | | 24 | |
| 13 | GAIA Logs | | 25 | |
| 14 | GAIA Logs | | 26 | |
| 15 | GAIA Logs | | 27 | |
| 16 | GAIA Logs | | 28 | This Data source name may have been truncated. If there are more than 3 data sources with this "root", please advise Plaintiffs and they may select up to three of these data sources for preservation in the same manner as the other data sources identified herein |
| 17 | GAIA Logs | | 29 | |
| 18 | GAIA Logs | | 30 | |
| 19 | GAIA Logs | | 31 | |
| 20 | GAIA Logs | | 32 | |
| 21 | GAIA Logs | | 33 | |
| 22 | GAIA-Keyed Logs | | | |
| 23 | GAIA-Keyed Logs | | | |
| 24 | GAIA-Keyed Logs | | 12 | |
| 25 | GAIA-Keyed Logs | | 13 | |
| 26 | GAIA-Keyed Logs | | 14 | |
| 27 | GAIA-Keyed Logs | | 15 | |
| 28 | GAIA-Keyed Logs | | 16 | |
| 29 | GAIA-Keyed Logs | | 17 | |
| 30 | GAIA-Keyed Logs | | 18 | |
| 31 | GAIA-Keyed Logs | | 19 | |
| 32 | GAIA-Keyed Logs | | 20 | |
| 33 | GAIA-Keyed Logs | | 21 | |
| 34 | Other Ads Logs | | | |
| 35 | Other Ads Logs | | | |
| 36 | Other Ads Logs | | | |
| 37 | Search Ads Logs | | | |

2022/04/04 13:25:21 8 /8
Case 4:20-cv-03664-YGR   Document 534-3   Filed 04/11/22   Page 9 of 9
Case 4:20-cv-03664-YGR   Document 524-1 *SEALED*   Filed 04/04/22   Page 3 of 3
Exhibit A to Special Master Report re: Preservation Plan - Brown

| Index | Log Source | Data Source | Possible Duplicate Data Source | Alternate Name or Notes |
|---|---|---|---|---|
| 38 | Search Ads Logs | | | |
| 39 | Search Ads Logs | | | |
| 40 | Search Logs | | | |
| 41 | Search Logs | | | |
| 42 | Search Logs | | | |
| 43 | | | | |
| 44 | | | | |
| 45 | | | | |
| 46 | Unknown | | | |
| 47 | | | | |
| 48 | | | | |
| 49 | | | | |
| 50 | Unknown | | | |
| 51 | | | | |
| 52 | Unknown | | | |
| 53 | Unknown | | | |
| 54 | Unknown | | | |
| 55 | Unknown | | | |
| 56 | Unknown | | | |
| 57 | Unknown | | | |
| 58 | Unknown | | | |
| 59 | Unknown | | | |
| 60 | Unknown | | | |