| | | |
|---|---|---|
| 1 | Mark C. Mao, CA Bar No. 236165 | William Christopher Carmody |
| 2 | Beko Reblitz-Richardson, CA Bar No. 238027 | (admitted *pro hac vice*) |
|   | Erika Nyborg-Burch, CA Bar No. 342125 | Shawn J. Rabin (admitted *pro hac vice*) |
| 3 | **BOIES SCHILLER FLEXNER LLP** | Steven M. Shepard (admitted *pro hac vice*) |
|   | 44 Montgomery St., 41st Floor | Alexander Frawley (admitted *pro hac vice*) |
| 4 | San Francisco, CA 94104 | **SUSMAN GODFREY L.L.P.** |
|   | Tel.: (415) 293-6800 | 1301 Avenue of the Americas, |
| 5 | mmao@bsfllp.com | 32nd Floor |
|   | brichardson@bsfllp.com | New York, NY 10019 |
| 6 | enyborg-burch@bsfllp.com | Tel.: (212) 336-8330 |
| 7 |   | bcarmody@susmangodfrey.com |
|   | James Lee (admitted *pro hac vice*) | srabin@susmangodfrey.com |
| 8 | Rossana Baeza (admitted *pro hac vice*) | sshepard@susmangodfrey.com |
|   | **BOIES SCHILLER FLEXNER LLP** | afrawley@susmangodfrey.com |
| 9 | 100 SE 2nd St., 28th Floor |   |
|   | Miami, FL 33131 | John A. Yanchunis (admitted *pro hac vice*) |
| 10 | Tel.: (305) 539-8400 | Ryan J. McGee (admitted *pro hac vice*) |
| 11 | jlee@bsfllp.com | **MORGAN & MORGAN** |
|   | rbaeza@bsfllp.com | 201 N. Franklin Street, 7th Floor |
| 12 |   | Tampa, FL 33602 |
|   | Amanda K. Bonn, CA Bar No. 270891 | Tel.: (813) 223-5505 |
| 13 | **SUSMAN GODFREY L.L.P** | jyanchunis@forthepeople.com |
|   | 1900 Avenue of the Stars, Suite 1400 | mram@forthepeople.com |
| 14 | Los Angeles, CA 90067 | rmcgee@forthepeople.com |
| 15 | Tel: (310) 789-3100 |   |
|   | Fax: (310) 789-3150 | Michael F. Ram, CA Bar No. 104805 |
| 16 | abonn@susmangodfrey.com | **MORGAN & MORGAN** |
|   |   | 711 Van Ness Ave, Suite 500 |
| 17 |   | San Francisco, CA 94102 |
| 18 |   | Tel: (415) 358-6913 |
|   | *Attorneys for Plaintiffs* | mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF CHRISTOPHER THOMPSON IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO THE SPECIAL MASTER'S RECOMMENDED PRESERVATION PLAN**<br><br>Referral: The Honorable Susan van Keulen |

**DECLARATION OF CHRISTOPHER THOMPSON**

I, Christopher Thompson, declare as follows.

1. Counsel for the *Brown* Plaintiffs retained me to provide technical analysis and testimony in connection with the preservation plan recommended by Special Master Brush and objections thereto.

2. All of the statements in this declaration are true based on my analysis and personal knowledge, and I am available and if the Court permits it willing to testify on these matters.

3. A copy of my CV was previously filed at Dkt. 536-9. As reflected in my CV, I majored in Computer Engineering and have many years of experience in computing technology. I am being compensated at a rate of $275 per hour for my work in connection with this matter, and none of my compensation is contingent on the outcome of this litigation.

4. In the course of my previous work writing software and building software systems, I have used Protocol Buffers, defined "proto" schema files, and built systems that write to the data structures defined by proto files.

5. I have reviewed each and every submission Google and the Special Master made available as part of the Special Master process, including the Plaintiffs' data, test data, and schema produced by Google, and the transcripts of the hearings before the Special Master. In addition, all documents Google produced and deposition transcripts for witnesses in this case have been made available to me pursuant to the Protective Order issued in this case.

6. I understand that Google has argued that preserving all private browsing activity would require storing ████████████████████████████████████ ████████████████████████████████████.

7. Based on my analysis of the data produced by Google in this litigation, including in connection with the Special Master process, that assertion is misleading. Google can greatly reduce its stated burdens by preserving only relevant data drawn from fewer logs.

8. Google identified ██[1] logs during the Special Master process. Assuming that

---

[1] Google initially identified ██ logs (Dkt. 338) and then continued to identify additional logs throughout the process as new data came to light until the Special Master required the parties to present their

1

DECLARATION OF CHRISTOPHER THOMPSON
Case No. 4:20-cv-03664-YGR-SVK

1  Google identified all logs in which it stores web browsing data, and assuming that each log requires
2  equal storage space, ████████████████████████████████████████████████████████████████
3  ████████████████████████████████████████████.

4      9.    Google can reduce its burden further by preserving only ████████████████
5  ████████████████████████████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████████████████████████
7  ██████████████████████████: Google Chrome's market share is approximately 50%, and
8  ██████████████████████████████████████████████████. *See* Statcounter,
9  Browser Market Share United States of America (last accessed April 14, 2022),
10 https://gs.statcounter.com/browser-market-share/all/united-states-of-america#monthly-201601-
11 202202; GOOG-CABR-04795991 at -996; GOOG-BRWN-00846508 at -508.

12     10.   Taken together, those two limitations would likely reduce the storage space for
13 preservation of Incognito traffic by ██████.

14     11.   Google's burden could be further reduced by creating a new log containing only
15 the fields most important for class member identification.

16     12.   Finally, my analysis does not account for Google's existing retention policies which
17 ████████████████████████████████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████████████████████████████████
19 ██████████████████.

20     13. Attached hereto as **Exhibit A** is a true and correct copy of GOOG-CABR-04795991.
21     14. Attached hereto as **Exhibit B** is a true and correct copy of GOOG-BRWN-00846508.

22

23     I declare under penalty of perjury under the laws of the United States of America that the
24 foregoing is true and correct. Executed this 15th day of April, 2022, at Nolensville, Tennessee.

25                                    */s/ Christopher Thompson*
26

---

27 preservation plans, and Google provided an enumerated list of logs at issue. 2022-03-23 Log sources before
28 Special Master.xlsx.