1    QUINN EMANUEL URQUHART & SULLIVAN, LLP

2    Diane M. Doolittle (CA Bar No. 142046)          Andrew H. Schapiro (admitted *pro hac vice*)
     dianedoolittle@quinnemanuel.com                 andrewschapiro@quinnemanuel.com
3    555 Twin Dolphin Drive, 5th Floor               191 N. Wacker Drive, Suite 2700
     Redwood Shores, CA 94065                        Chicago, IL 60606
4    Telephone: (650) 801-5000                       Telephone: (312) 705-7400
5    Facsimile: (650) 801-5100                       Facsimile: (312) 705-7401

6    Stephen A. Broome (CA Bar No. 314605)           Josef Ansorge (admitted *pro hac vice*)
     stephenbroome@quinnemanuel.com                  josefansorge@quinnemanuel.com
7    Viola Trebicka (CA Bar No. 269526)              1300 I. Street, N.W., Suite 900
     violatrebicka@quinnemanuel.com                  Washington, D.C. 20005
8                                                    Telephone: 202-538-8000
     865 S. Figueroa Street, 10th Floor              Facsimile: 202-538-8100
9    Los Angeles, CA 90017
     Telephone: (213) 443-3000
10   Facsimile: (213) 443-3100

11
     Jonathan Tse (CA Bar No. 305468)                Jomaire A. Crawford (admitted *pro hac vice*)
12   jonathantse@quinnemanuel.com                    jomairecrawford@quinnemanuel.com
     50 California Street, 22nd Floor                51 Madison Avenue, 22nd Floor
13   San Francisco, CA 94111                         New York, NY 10010
                                                     Telephone: (212) 849-7000
14   Telephone: (415) 875-6600                       Facsimile: (212) 849-7100
     Facsimile: (415) 875-6700

15
     *Attorneys for Defendant Google LLC*
16

                     UNITED STATES DISTRICT COURT
17
           NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION
18

19   CHASOM BROWN, WILLIAM BYATT,                    Case No. 4:20-cv-03664-YGR-SVK
     JEREMY DAVIS, CHRISTOPHER
20   CASTILLO, and MONIQUE TRUJILLO,                 **GOOGLE LLC'S ADMINISTRATIVE**
     individually and on behalf of all similarly     **MOTION TO SEAL PORTIONS OF**
21   situated,                                       **GOOGLE LLC'S PROPOSED FINDINGS**
                                                     **OF FACT AND CONCLUSIONS OF LAW**
22           Plaintiffs,

23           v.                                      Referral: Hon. Susan van Keulen, USMJ

24   GOOGLE LLC,

25           Defendant.

26

27

28
                                                              Case No. 4:20-cv-03664-YGR-SVK

## I.   INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully seeks to seal certain portions of Google's Proposed Findings of Fact and Conclusions of Law on Plaintiffs' Request for an Order to Show Cause for Why It Should Not Be Sanctioned for Discovery Misconduct ("Proposed Findings"), which contains non-public, highly sensitive and confidential business information that could affect Google's competitive standing and may expose Google to increased security risks if publicly disclosed, including details related to Google's data signals, logs, project names, internal identifiers, Google's internal practices with regard to Incognito and its proprietary functionalities, as well as internal metrics and investigation into financial impact of certain features. This information is highly confidential and should be protected.

This Administrative Motion pertains for the following information contained in the Special Master Submission:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Google's Proposed Findings of Fact and Conclusions of Law | Portions Highlighted in Yellow at:<br><br>Pages 1:18–19, 1:23, 2:9, 2:12, 2:18–19, 2:21–22, 2:24–26, 3:1–7, 3:15, 3:20–22, 4:1, 4:5–6, 4:8, 4:15, 4:18, 5:13–18; 6:6–7, 6:17–19, 6:23–24, 6:27–28, 7:8–9, 7:11–13, 7:15, 7:17–18, 7:24–25, 8:15–19, 8:21, 9:1, 9:9, 9:11, 9:15–16, 9:18, 9:20, 9:27, 10:10, 10:15, 12:4–5, 12:17. | Google |

## II.   LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civ. L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). However, a party seeking to seal information in a

1   non-dispositive motion must show only "good cause." *Id.* at 1179-80.  The rationale for the lower

2   standard with respect to non-dispositive motions is that "the public has less of a need for access to

3   court records attached only to non-dispositive motions because these documents are often unrelated,

4   or only tangentially related, to the underlying cause of action" and that as a result "[t]he public

5   policies that support the right of access to dispositive motions, and related materials, do not apply with

6   equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179; *see also TVIIM, LLC v.*

7   *McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to non-

8   dispositive motions are not subject to the strong presumption of access.") (citation omitted).   Under

9   the "good cause" standard, courts will seal statements reporting on a company's users, sales,

10  investments, or other information that is ordinarily kept secret for competitive purposes.  *See*

11  *Hanginout, Inc. v. Google, Inc*., 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014); *Nitride*

12  *Semiconductors Co. v. RayVio Corp.*, 2018 WL 10701873, at *1 (N.D. Cal. Aug. 1, 2018) (granting

13  motion to seal "[c]onfidential and proprietary information regarding [Defendant]'s products" under

14  "good cause" standard) (van Keulen, J.).  Although the materials that Google seeks to seal here easily

15  meet the higher "compelling reasons" standard, the Court need only consider whether these materials

16  meet the lower "good cause" standard.

17  **III.     THE ABOVE IDENTIFIED MATERIALS SHOULD ALL BE SEALED**

18          Courts have repeatedly found it appropriate to seal documents that contain "business

19  information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435

20  U.S. 589, 589-99 (1978).  Good cause to seal is shown when a party seeks to seal materials that

21  "contain[] confidential information about the operation of [the party's] products and that public

22  disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg of*

23  *Texas, LLC v. Adobe Sys., Inc*., 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014).  Materials that

24  could harm a litigant's competitive standing may be sealed even under the "compelling reasons"

25  standard.  *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc*., 2015 WL 984121, at *2

26  (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons'

27  standard where that information could be used to the company's competitive disadvantage") (citation

28  omitted).  Courts in this district have also determined that motions to seal may be granted as to

-2-                          Case No. 4:20-cv-03664-YGR-SVK

1    potential trade secrets.  *See, e.g. United Tactical Sys., LLC v. Real Action Paintball, Inc.*,2015 WL

2    295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing "that [the party] ha[s] not

3    shown that the substance of the information . . . amounts to a trade secret").

4         Here, the Proposed Findings comprise confidential and proprietary information regarding

5    highly sensitive features of Google's internal systems and operations that Google does not share

6    publicly.  Specifically, this information provides details related to Google's data signals, logs, project

7    names, internal identifiers, Google's internal practices with regard to Incognito and its proprietary

8    functionalities, as well as internal metrics and investigation into financial impact of certain features.

9    Such information reveals Google's internal strategies, system designs, and business practices for

10   operating and maintaining many of its important services while complying with its legal and privacy

11   obligations.

12        Public disclosure of the above-listed information would harm Google's competitive standing it

13   has earned through years of innovation and careful deliberation, by revealing sensitive aspects of

14   Google's proprietary systems, strategies, and designs to Google's competitors. That alone is a proper

15   basis to seal such information.  *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-

16   BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive

17   business information related to Google's processes and policies to ensure the integrity and security of

18   a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO,

19   Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure

20   would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v.*

21   *Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal

22   as to "internal research results that disclose statistical coding that is not publically available").

23        Moreover, if publicly disclosed, malicious actors may use such information to seek to

24   compromise Google's data sources, including data logs, internal data structures, and internal identifier

25   systems.  Google would be placed at an increased risk of cyber security threats.  *See, e.g.*, *In re*

26   *Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material

27   concern[ing] how users' interactions with the Gmail system affects how messages are transmitted"

28

GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW

1    because if made public, it "could lead to a breach in the security of the Gmail system"). The security

2    threat is an additional reason for this Court to seal the identified information.

3         The information Google seeks to redact is the minimal amount of information needed to

4    protect its internal systems and operations from being exposed to not only its competitors but also to

5    nefarious actors who may improperly seek access to and disrupt these systems and operations. The

6    "good cause" rather than the "compelling reasons" standard should apply but under either standard,

7    Google's sealing request is warranted.

8    **IV.    CONCLUSION**

9         For the foregoing reasons, the Court should seal the identified portions of the Proposed

10   Findings.

11

12   DATED: April 18, 2022                    QUINN EMANUEL URQUHART &
                                              SULLIVAN, LLP

13                                            By _____ */s/ Andrew H. Schapiro* _____
                                              Andrew H. Schapiro (admitted *pro hac vice*)
14                                            andrewschapiro@quinnemanuel.com
                                              191 N. Wacker Drive, Suite 2700
15                                            Chicago, IL 60606
                                              Telephone: (312) 705-7400
16                                            Facsimile: (312) 705-7401

17                                            Stephen A. Broome (CA Bar No. 314605)
18                                            stephenbroome@quinnemanuel.com
                                              Viola Trebicka (CA Bar No. 269526)
19                                            violatrebicka@quinnemanuel.com
                                              865 S. Figueroa Street, 10th Floor
20                                            Los Angeles, CA 90017
                                              Telephone: (213) 443-3000
21                                            Facsimile: (213) 443-3100

22                                            Diane M. Doolittle (CA Bar No. 142046)
23                                            dianedoolittle@quinnemanuel.com
                                              555 Twin Dolphin Drive, 5th Floor
24                                            Redwood Shores, CA 94065
                                              Telephone: (650) 801-5000
25                                            Facsimile: (650) 801-5100

26                                            Josef Ansorge (admitted *pro hac vice*)
27                                            josefansorge@quinnemanuel.com
                                              1300 I. Street, N.W., Suite 900
28                                            Washington, D.C. 20005

1

Telephone: 202-538-8000
Facsimile: 202-538-8100

2

3

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor

4

New York, NY 10010
Telephone: (212) 849-7000

5

Facsimile: (212) 849-7100

6

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com

7

50 California Street, 22nd Floor

8

San Francisco, CA 94111
Telephone: (415) 875-6600

9

Facsimile: (415) 875-6700

10

*Attorneys for Defendant Google LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW