# Mao Reply Declaration

# Redacted Version of Document Sought to be Sealed

| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>Erika Nyborg-Burch, CA Bar No. 342125<br>**BOIES SCHILLER FLEXNER LLP**<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br>enyborg-burch@bsfllp.com<br><br>James Lee (admitted *pro hac vice*)<br>Rossana Baeza (admitted *pro hac vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>**SUSMAN GODFREY L.L.P**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel: (310) 789-3100<br>Fax: (310) 789-3150<br>abonn@susmangodfrey.com<br><br>*Attorneys for Plaintiffs* | William Christopher Carmody<br>(admitted *pro hac vice*)<br>Shawn J. Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>Alexander Frawley (admitted *pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1301 Avenue of the Americas,<br>32nd Floor<br>New York, NY  10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>John A. Yanchunis (admitted *pro hac vice*)<br>Ryan J. McGee (admitted *pro hac vice*)<br>**MORGAN & MORGAN**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>mram@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>**MORGAN & MORGAN**<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No.:  4:20-cv-03664-YGR-SVK<br><br>**THIRD DECLARATION OF MARK C. MAO IN SUPPORT OF PLAINTIFFS' REQUEST FOR AN ORDER TO SHOW CAUSE (MAO REPLY DECLARATION)**<br><br>The Honorable Susan van Keulen<br>Courtroom 6 - 4th Floor<br>Date: April 21, 2022<br>Time: 10:00 a.m. |

**DECLARATION OF MARK C. MAO**

I, Mark C. Mao, declare as follows.

1. I am a partner with the law firm of Boies Schiller Flexner LLP, counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of California. I have personal knowledge of the matters set forth herein and am competent to testify.

2. I submit this Declaration with Plaintiffs' Reply Brief in Support of their Request for the Court to issue an Order to Show Cause for Why Google Should Not Be Sanctioned for Discovery Misconduct.

3. From Google's initial list of identified logs and data sources, produced on November 18, 2021, Google identified only ▇ logs with the ▇ bit, and none with the ▇ or ▇ bits. Dkt. 338-1. The ▇ logs that Google identified that contain the ▇ bit are the ▇ and ▇ logs.

4. As part of the Special Master process, Google produced a version of the schema for these ▇ logs on December 1, 2021. But these versions did not contain the ▇ bit. Google now claims that this bit was omitted since it was not among the largest 100 fields in each log. (At the time Plaintiffs filed the Opening brief, Plaintiffs did not know that Google also altered the schema for the ▇ log.)

5. But weeks prior, Google produced schema with more than 100 fields for a number of logs and sources, including ▇ fields for the ▇, ▇ for the ▇, and ▇ fields for ▇.

6. Once the dispute that became the basis for Plaintiffs' Motion for an Order to Show Cause arose, Google produced different versions of schema for some of the logs that contain the ▇ bit, this time which contained the bit.

7. Google also hid the ▇ field from the schema productions. Two examples of this are the ▇ and the ▇, produced by Google on March 11, 2022. Once Google re-ran the schema for these ▇ logs, the

1    schema showed the ██████████ fields. Although Mr. Josef Ansorge for Google
2    initially called ██████████ a "search log," he later admitted in our meet and confers that
3    neither log was a search log.

4        8.    Google has not produced complete schema for any logs that contain the
5    ██████████ bit.

6        9.    Google still refuses to confirm whether they are withholding any *other* Incognito
7    detection bits or *other* logs or sources containing any such bits.

8        10.    Similarly, Google has refused to respond to Plaintiffs' inquiries seeking to know
9    why Google did not timely produce documents concerning the ██████████ bit. In
10   the Opposition Brief, Google suggests that it produced documents in the Fall of 2021 making clear
11   that (i) a "technical design" for the bit dated "May 4, 2021" was "APPROVED" and (ii) Google
12   was "logging" the field "into ████" by June 2021. Opp. 5 (citing Trebicka Decl. Ex. 13). But the
13   May 4, 2021 version of the design document reflected an older plan to log in ████ logs which was
14   abandoned the next day on May 5, 2021 to log in ████ logs. Opening Mao Decl. ¶ 12 As my
15   Opening Declaration pointed out, Google did not produce the May 5, 2021, version of the
16   document until January 31, 2022. *Id.* ¶ 3. Plaintiffs have sent Google's counsel multiple messages
17   demanding an explanation for why the May 5, 2021, version of the document was not produced
18   from Mr. Liao's custodial files last fall. Google has never responded.

19       11.    Attached hereto as **Exhibit 1** is a true and correct copy of an April 1, 2022 letter
20   from Mr. Josef Ansorge, counsel for Google, to Special Master Brush and myself. Plaintiffs do
21   not have any actual documents with these "proto comments," and the comments were only
22   produced to Plaintiffs as part of this letter. Google has not explained to Plaintiffs why the
23   comments would not have been produced as part of Google's prior document productions.

24       12.    Attached hereto as **Exhibit 2** is a true and correct copy of a March 15, 2022 email
25   from Mr. Josef Ansorge, counsel for Google, to Special Master Brush and myself.

26       13.    Attached hereto as **Exhibit 3** is a true and correct copy of the transcript from the
27   March 23, 2022 conference between the parties and Special Master Brush.

28

1    14.    Attached hereto as **Exhibit 4** is a true and correct copy of a document Google produced in discovery labeled GOOG-BRWN-00846508. The document was produced on March 2, 2022.

    15.    Attached hereto as **Exhibit 5** is a true and correct copy of a document Google produced in discovery labeled GOOG-CABR-03849022. The document was produced on September 28, 2021.

    16.    Attached hereto as **Exhibit 6** is a true and correct copy of the stipulation that Google proposed to Plaintiffs in response to the Court's order requiring Google to provide additional information about the ▮▮▮▮▮▮▮▮▮▮. bit Dkt. 505-1. Google sent this draft to Plaintiffs on March 25. Plaintiffs responded that day with a follow-up question. Google has not responded, which is why the stipulation has not yet been finalized and filed.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 11th day of April, 2022, at San Francisco, California.

                    /s/ Mark Mao