1   **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2   Diane M. Doolittle (CA Bar No. 142046)      Andrew H. Schapiro (admitted *pro hac vice*)
    dianedoolittle@quinnemanuel.com              andrewschapiro@quinnemanuel.com

3   Sara Jenkins (CA Bar No. 230097)             Teuta Fani (admitted *pro hac vice*)
    sarajenkins@quinnemanuel.com                 teutafani@quinnemanuel.com

4   555 Twin Dolphin Drive, 5th Floor            191 N. Wacker Drive, Suite 2700
    Redwood Shores, CA 94065                     Chicago, IL 60606

5   Telephone: (650) 801-5000                    Telephone: (312) 705-7400
    Facsimile: (650) 801-5100                    Facsimile: (312) 705-7401

6

7   Stephen A. Broome (CA Bar No. 314605)        Josef Ansorge (admitted *pro hac vice*)
    stephenbroome@quinnemanuel.com               josefansorge@quinnemanuel.com

8   Viola Trebicka (CA Bar No. 269526)           Xi ("Tracy") Gao (CA Bar No. 326266)
    violatrebicka@quinnemanuel.com               tracygao@quinnemanuel.com

9   Crystal Nix-Hines (Bar No. 326971)           Carl Spilly (admitted *pro hac vice)*
    crystalnixhines@quinnemanuel.com             carlspilly@quinnemanuel.com

10  865 S. Figueroa Street, 10th Floor           1300 I Street NW, Suite 900
    Los Angeles, CA 90017                         Washington D.C., 20005

11  Telephone: (213) 443-3000                    Telephone: (202) 538-8000
    Facsimile: (213) 443-3100                    Facsimile: (202) 538-8100

12

13  Jomaire Crawford (admitted *pro hac vice*)   Jonathan Tse (CA Bar No. 305468)
    jomairecrawford@quinnemanuel.com             jonathantse@quinnemanuel.com

14  51 Madison Avenue, 22nd Floor                50 California Street, 22nd Floor
    New York, NY 10010                           San Francisco, CA 94111

15  Telephone: (212) 849-7000                    Telephone: (415) 875-6600
    Facsimile: (212) 849-7100                    Facsimile: (415) 875-6700

16

17  *Counsel for Defendant Google LLC*

18                     UNITED STATES DISTRICT COURT

19        NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

20  CHASOM BROWN, WILLIAM BYATT,              Case No. 4:20-cv-03664-YGR-SVK
    JEREMY DAVIS, CHRISTOPHER
21  CASTILLO, and MONIQUE TRUJILLO,           **GOOGLE LLC'S ADMINISTRATIVE**
    individually and on behalf of themselves and  **MOTION TO SEAL PORTIONS OF**
22  all others similarly situated,            **GOOGLE'S RESPONSES TO**
                                              **PLAINTIFF'S OBJECTIONS TO**
23                    Plaintiffs,             **SPECIAL MASTER'S REPORT AND**
                                              **RECOMMENDATION ON REFERRED**
24            vs.                             **DISCOVERY ISSUES (PRESERVATION**
                                              **PLAN)**
25  GOOGLE LLC,

26            Defendant.                      Judge: Hon. Susan van Keulen, USMJ

27

28
                                              Case No. 4:20-cv-03664-YGR-SVK

## I.   INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully seeks to seal certain portions of Google's Responses to Plaintiff's Objections to Special Master's Report and Recommendation on Referred Discovery Issues (Preservation Plan) ("Google's Responses"), the Trebicka Exhibit 1, and the Declaration of Richard Harting ("Harting Declaration"), which contains non-public, highly sensitive and confidential business information that could affect Google's competitive standing and may expose Google to increased security risks if publicly disclosed, including various types of Google's internal projects, data signals, and logs and their proprietary functionalities. This information is highly confidential and should be protected.

This Administrative Motion pertains for the following information contained in Google's Responses:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Google's Responses | Portions Highlighted in Blue at:<br><br>Pages: 2:7-8, 2:26-27, 3:4-7, 3:22-24, 4:5, 5:14, 5:25-27, 6:10-11, 6:14, 6:17, 6:19-21, 7:2-5 | Google |
| Trebicka Exhibit 1 | Portions Highlighted in Blue at:<br><br>Redacted in its entirety | Google |
| Harting Declaration | Portions Highlighted in Blue at:<br><br>Pages: 1:22-23, 2:3-6, 2:8-10, 2:13-26, 2:28, 3:1-7, 3:10-12, 3:14-15 | Google |

## II.   LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civ. L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

1    In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a

2  showing that there are "compelling reasons" to seal the information.  *See Kamakana v. City & Cty.*

3  *of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).  However, a party seeking to seal information

4  in a non-dispositive motion must show only "good cause."  *Id.* at 1179-80.  The rationale for the

5  lower standard with respect to non-dispositive motions is that "the public has less of a need for

6  access to court records attached only to non-dispositive motions because these documents are often

7  unrelated, or only tangentially related, to the underlying cause of action" and that as a result "[t]he

8  public policies that support the right of access to dispositive motions, and related materials, do not

9  apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179; *see also TVIIM,*

10  *LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to non-

11  dispositive motions are not subject to the strong presumption of access.") (citation omitted).  Under

12  the "good cause" standard, courts will seal statements reporting on a company's users, sales,

13  investments, or other information that is ordinarily kept secret for competitive purposes.  *See*

14  *Hanginout, Inc. v. Google, Inc*., 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014); *Nitride*

15  *Semiconductors Co. v. RayVio Corp.*, 2018 WL 10701873, at *1 (N.D. Cal. Aug. 1, 2018) (granting

16  motion to seal "[c]onfidential and proprietary information regarding [Defendant]'s products" under

17  "good cause" standard) (van Keulen, J.).  Although the materials that Google seeks to seal here

18  easily meet the higher "compelling reasons" standard, the Court need only consider whether these

19  materials meet the lower "good cause" standard.

20  **III.    THE ABOVE IDENTIFIED MATERIALS SHOULD ALL BE SEALED**

21    Courts have repeatedly found it appropriate to seal documents that contain "business

22  information that might harm a litigant's competitive standing."  *Nixon v. Warner Commc'ns, Inc.*,

23  435 U.S. 589, 589-99 (1978).  Good cause to seal is shown when a party seeks to seal materials that

24  "contain[] confidential information about the operation of [the party's] products and that public

25  disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg of*

26  *Texas, LLC v. Adobe Sys., Inc*., 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014).  Materials that

27  could harm a litigant's competitive standing may be sealed even under the "compelling reasons"

28  standard.  *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at

*2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).  Courts in this district have also determined that motions to seal may be granted as to potential trade secrets.  *See, e.g. United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing "that [the party] ha[s] not shown that the substance of the information . . . amounts to a trade secret").

Here, Google's Responses comprises confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly.  Specifically, this information provides details related to the various types of data sources which include information related to Google's internal projects, data signals, and logs and their proprietary functionalities. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with its legal and privacy obligations.

Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, and designs to Google's competitors. That alone is a proper basis to seal such information.  *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publically available").

Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's data sources, including data logs, internal data structures, and internal identifier systems.  Google would be placed at an increased risk of cyber security threats.  *See, e.g.*,

GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE'S RESPONSES TO
PLAINTIFF'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION

1    *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing

2    "material concern[ing] how users' interactions with the Gmail system affects how messages are

3    transmitted" because if made public, it "could lead to a breach in the security of the Gmail system").

4    The security threat is an additional reason for this Court to seal the identified information.

5            The information Google seeks to redact, including the various types of data sources which

6    include information related to Google's internal projects, data signals, and logs and their proprietary

7    functionalities, is the minimal amount of information needed to protect its internal systems and

8    operations from being exposed to not only its competitors but also to nefarious actors who may

9    improperly seek access to and disrupt these systems and operations.  The "good cause" rather than

10   the "compelling reasons" standard should apply but under either standard, Google's sealing request

11   is warranted.

12   **IV.     CONCLUSION**

13           For the foregoing reasons, the Court should seal the identified portions of Google's

14   Responses.

15

16   DATED: April 25, 2022                     QUINN EMANUEL URQUHART &
                                                SULLIVAN, LLP
17                                              By _____*/s/ Andrew H. Schapiro*_____
18                                                 Andrew H. Schapiro (admitted *pro hac vice*)
                                                   andrewschapiro@quinnemanuel.com
19                                                 191 N. Wacker Drive, Suite 2700
                                                   Chicago, IL 60606
20                                                 Telephone: (312) 705-7400
                                                   Facsimile: (312) 705-7401
21
22                                                 Stephen A. Broome (CA Bar No. 314605)
                                                   stephenbroome@quinnemanuel.com
23                                                 Viola Trebicka (CA Bar No. 269526)
                                                   violatrebicka@quinnemanuel.com
24                                                 865 S. Figueroa Street, 10th Floor
                                                   Los Angeles, CA 90017
25                                                 Telephone: (213) 443-3000
                                                   Facsimile: (213) 443-3100
26
27                                                 Diane M. Doolittle (CA Bar No. 142046)
                                                   dianedoolittle@quinnemanuel.com
28                                                 555 Twin Dolphin Drive, 5th Floor

GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE'S RESPONSES TO
PLAINTIFF'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION

1

Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

2

3

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

4

5

6

7

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

8

9

10

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

11

12

13

14

*Attorneys for Defendant Google LLC*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 4:20-cv-03664-YGR-SVK

GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE'S RESPONSES TO
PLAINTIFF'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION