# REDACTED Version of Thompson Declaration in Support of Plaintiffs' Response to Google's Objections to Special Master Preservation Order

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

*Attorneys for Plaintiffs*

William Christopher Carmody
(admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas,
32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
mram@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
**MORGAN & MORGAN**
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF CHRISTOPHER THOMPSON IN SUPPORT OF PLAINTIFFS' RESPONSE TO GOOGLE'S OBJECTIONS TO THE SPECIAL MASTER'S RECOMMENDED PRESERVATION PLAN**<br><br>Referral: The Honorable Susan van Keulen |

1 **DECLARATION OF CHRISTOPHER THOMPSON**

2   I, Christopher Thompson, declare as follows.

3   1.   Counsel for the *Brown* Plaintiffs retained me to provide technical analysis and testimony in connection with the preservation plan recommended by Special Master Brush and the parties' objections to that plan.

6   2.   All of the statements in this declaration are true based on my analysis and personal knowledge, and I am available and willing to testify at the scheduled May 3, 2021 hearing.

8   3.   A copy of my CV was previously filed at Dkt. 536-9. As reflected in my CV, I majored in Computer Engineering and have many years of experience in computing technology. I am being compensated at a rate of $275 per hour for my work in connection with this matter, and none of my compensation is contingent on the outcome of this litigation.

12   4.   I have reviewed each and every submission that Google and the Special Master made available as part of the Special Master process, including the Plaintiffs' data, test data, schema produced by Google, and the transcripts of the hearings before the Special Master. In addition, all documents Google produced and deposition transcripts for witnesses in this case have been made available to me pursuant to the Protective Order.

17   5.   I understand that Google has suggested within its Objections to the Special Master's preservation order (Dkt. 544) that Google will only preserve aggregated dashboard data from the ▬▬▬▬ logs that contain the is_chrome_incognito and is_chrome_non_incognito detection bits.



DECLARATION OF CHRISTOPHER THOMPSON
Case No. 4:20-cv-03664-YGR-SVK

1
2
3   Dkt. 511-3, Ex. 2 to Supplemental Declaration of Mark Mao in Support of Plaintiffs' Sanctions
4   Motion.
5       7.   Plaintiffs asked me to submit this declaration in support of their argument that
6   Google should be required to preserve event-level data from these ▮▮▮▮ logs.
7       8.   As the Court is aware, on April 1, 2022, Google produced ▮▮▮▮
8   ▮▮▮▮
9   ▮▮▮▮ Dkt. 536-2, Plaintiffs' Sanctions Reply Ex. 1.
10      9.   On April 22, 2022—the day after the April 21, 2022 evidentiary hearing on
11  Plaintiffs' sanctions motion, Google through the Special Master process produced data associated
12  with ▮▮▮▮ events. I worked with Dr. Lillian Dai, another of Plaintiffs' consultants, to review
13  this data.
14      10.  This April 22 production marked the first time that Plaintiffs received any data from
15  any of the ▮▮▮▮ logs. The data that Google produced on April 22 came from one of the
16  ▮▮▮▮. Google
17  provided the search script, but Google appears to have omitted ▮▮▮▮. I
18  understand Plaintiffs are addressing this issue through the Special Master process.
19      11.  From my analysis of this data, I have determined that ▮▮▮▮
20  ▮▮▮▮
21  ▮▮▮▮
22  ▮▮▮▮
23  ▮▮▮▮
24  ▮▮▮▮. It is also my opinion that (D)
25  Google has not demonstrated that its proposal to preserve only ▮▮▮▮ dashboard data would be
26  sufficient for purposes identifying class members. Plaintiffs still do not have any documentation
27  from Google regarding the ▮▮▮▮ logs.
28

DECLARATION OF CHRISTOPHER THOMPSON
Case No. 4:20-cv-03664-YGR-SVK

A) The is_chrome_incognito Bit ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

12. The data that Google produced on April 22 was associated with a set of ▓▓▓ IDs. These ▓▓▓ IDs are associated with ▓▓▓ cookies submitted as a part of the Second Iterative Search in the Special Master process. The ▓▓▓▓▓▓▓▓▓▓▓▓▓ were produced by Google.[1]

13. To analyze the data and determine whether the is_chrome_incognito bit accurately detected Incognito traffic, I referenced data captures recorded at the time of the actual browsing sessions, which contain the ▓▓▓ cookies. These data captures have already been provided to Google as Exhibit F of the April 15, 2022 Expert Report of Jonathan Hochman. Referencing those data captures, and using the ▓▓▓▓▓▓▓▓▓▓ provided by Google, I determined that for all ▓▓▓ produced on April 22, the "is_chrome_incognito" bit ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

B) Incognito ▓▓▓▓▓▓▓ the April 22 Production Can be Correlated with Previously Produced Signed-out Incognito Browsing Data on Non-Google Websites

14. Google's April 22 production was limited to the time period April 13, 2022, through April 19, 2022. Google did not produce any GAIA (signed-in) or ▓▓▓▓▓▓▓▓▓▓▓ for the same time period.

15. In any event, as one example, I was able to locate a combination of IP address and user agent information in the ▓▓▓ data produced on April 22 and correlate that signed-out, Incognito data with previously produced, signed-out Incognito browsing data from visits to non-Google websites.

16. The ▓▓▓ data produced on April 22 contained the same combination of IP address and user agent discussed in my declaration filed with Plaintiffs' Reply in support of their Sanctions Motion (Dkt. 536-8). That combination was also found in many signed-out ▓▓▓ logs. Dkt. 536-8 ¶¶ 10-12. Furthermore, the "maybe_chrome_incognito" bit[2] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.*

---

[1] 2022-03-04 Brown v. Google - ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
[2] 2022-03-04 Brown v. Google - ▓▓▓▓▓▓▓▓▓▓▓▓▓

     C) **Incognito ▓▓▓▓ from the April 22 Production Can be Correlated with Previously Produced Signed-in (GAIA-Keyed) Browsing Activity**

17. I also performed a similar analysis to correlate the ▓▓▓ data produced on April 22 with signed-in (GAIA-keyed) browsing data. The same combination of IP address and user agent values discussed above can be found in a GAIA log produced during the First Iterative Search for the Special Master process: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ which is associated with consultant Dr. Dai's GAIA account. Dkt. 536-8 ¶¶ 10-12.

18. The upshot is as follows: Google's April 22 production suggests that the is_chrome_incognito bit ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ this data can be correlated with previously produced data from visits to non-Google websites within Incognito mode, as well as GAIA-keyed data.

     D) **▓▓▓ Dashboard Data Is Insufficient**

19. If Google preserves data from the ▓▓▓ logs for all class members, as well as ▓▓▓ and GAIA data, the process I lay out above could be repeated for any class members.

20. But if Google's proposal to preserve only aggregated dashboard data from the ▓▓▓ logs were adopted, then one may not be able to repeat the above analysis for other class members' data.

21. Google has not demonstrated that Dashboard data can be used to identify individual class members or specific events. At best, in terms of what Google has presented thus far, dashboard data may provide aggregated statistics, such as the portion of traffic over a given time for which is_chrome_incognito was equal to "true." But that aggregated data would not help Plaintiffs detect particular instances of event-level Incognito browsing activity, which would in turn prevent Plaintiffs from attempting to link any such browsing data to class members' GAIA accounts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 25th day of April, 2022, at Nolensville, Tennessee.

                                             */s/ Christopher Thompson*