# Exhibit D

```
 1
 2                UNITED STATES DISTRICT COURT
 3              NORTHERN DISTRICT OF CALIFORNIA
 4              CASE NO.: 4:20-03664-YGR-AVK
 5
 6  CHASOM BROWN, MARIA NGUYEN and
 7  WILLIAM BYATT, individually and on
 8  Behalf of all other similarly situated,
 9            Plaintiffs,
10  v.
11  GOOGLE, LLC and ALPHABET, INC.,
12            Defendants.
13  _____/
14
15
16                       HEARING
17
18
19     HEARING BEFORE:      Special Master Douglas Brush
20        DATE TAKEN:       Wednesday, March 23rd, 2022
21             TIME:        Unknown
22            TAKEN:        Remotely via Zoom
23
24
25  TRANSCRIBED BY:  KIMBERLY H. NOLAN
```

```
 1                    A P P E A R A N C E S
 2
 3  For the Plaintiffs:
 4  MARK C. MAO, ESQUIRE
 5  Boies, Schiller & Flexner, LLP
 6  44 Montgomery Street, 41st Floor
 7  San Francisco, California 94104
 8  415.293.6800
 9
10  For Defendant Google, LLC:
11  ANDREW H. SCHAPIRO, ESQUIRE
12  Quinn, Emanuel, Urquhart & Sullivan, LLP
13  191 North Wacker Drive, Suite 2700
14  Chicago, Illinois 60606
15  312.705.7403
16
17  For Defendant Google, LLC:
18  JOSEF ANSORGE, ESQUIRE
19  Quinn, Emanuel, Urquhart & Sullivan, LLP
20  1300 L Street Northwest, Suite 900
21  Washington, D.C. 20005
22  202.538.8000
23
24  Also Present:
25  Tracy Gao, Law Clerk at Quinn, Emanuel, Urquhart & Sullivan
```

1      I wouldn't want to be too aggressive, but my

2  opening position, Special Master, would be that, well, none

3  of this is relevant because it's all p-log data, and that's

4  not the data that we've been -- has been subject to targeted

5  searches.

6      However, putting all that aside and having no

7  argument, we've already produced AdMob, AdSense data.  We

8  would be prepared to, in the interest of closing this

9  process out as quickly as possible, not forgoing the

10 targeted searches, because I think that that would be more

11 time-consuming at this stage, and instead focusing on these

12 20 publishers and providing them notice.

13     This will give Plaintiffs, in addition to all the

14 data they already have, another surfeit of information.

15     And I think most important for the historic data

16 discussion is this is data that would start from June 2020

17 in different forms encapsulated daily, and that is provided.

18     So, it covers a lot of the concerns and questions

19 about historic data, and I hope that will obviate the need

20 for at least a large part of further searches.

21     MR. MAO:     That was a lot.  Special Master

22 Brush, I (inaudible).

23     SPECIAL MASTER BRUSH:  (Interposing) No.  I'm

24 unpacking.  I'm just -- yeah.

25     MR. MAO:     I think the main thing here is we,

1  too, want to be finished with the process.  We just want our

2  data so that there's no gas in the hole from them.

3         SPECIAL MASTER BRUSH:  No.  And it's -- look, we

4  wouldn't be in this process if it was easy.  I mean, there's

5  complexities to this that we're working through and I

6  believe both parties are doing in good faith.

7         I mean, to me it keeps falling back that if there's

8  responsive data based on the search criteria -- or the

9  search process in the November 12th order, and the way that

10 we're doing it, it needs to be searched -- well, the

11 identified data sources, you know, need to be searched with

12 the criteria process in the November 12th order, and if it's

13 responsive, it needs to be produced.

14        I mean, that's just the logic I'm trying to follow

15 here in trying to apply this to this problem.  Then we have

16 the issue with the third-party notifications.

17        And, really, that all falls more -- I mean -- well,

18 I mean, it really kinda falls across both.  I mean, this is

19 why we have this process.

20        But I understand we're also -- I do appreciate, you

21 know, Google's position of trying to be efficient in the

22 notification process, and I do understand there's resource

23 constraints on that.  I'm just trying to figure out where

24 the gap -- you know, where the potential gap is here.

25        If we go forward with what Google's proposing,

 1   without waiving any rights, to get some data into

 2   Plaintiffs' hands, might be the best way to go forward just

 3   so we get something going.

 4            But I appreciate the concerns from Plaintiffs and

 5   would -- you know, if there is a concern that we can

 6   distinctly say something's not right or missing or, you

 7   know, we need you further, then by all means, we would have

 8   to readdress that.

 9            But we need to kinda get this going forward in some

10   manner, and --

11            MR. ANSORGE:  So, a potential solution, if I may,

12   following up on that opening, Mr. Brush, then would be we

13   provide notice to all the publishers that are entailed in

14   the second round of searches.

15            SPECIAL MASTER BRUSH:  Yeah.

16            MR. ANSORGE:  By my count, that would be 81.  Some

17   of those, there's just individual single events.

18            SPECIAL MASTER BRUSH:  Sure.

19            MR. ANSORGE:  However, I would then respectfully

20   request that we don't provide any notice and do not provide

21   any data from that preserved corpus of p-log data, which

22   entails many different -- hundreds of different publishers,

23   and we focus -- we follow, you know, this line stringently,

24   that if there's something -- a search that was conducted

25   under the November 12th process, we'll provide the notice