QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE SUBMISSION RE: PRIVILEGE RE-REVIEW (RE: DKT. 542)**<br><br>**Referral: Hon. Susan van Keulen, USMJ** |

April 29, 2022

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

      Re:    Google Submission re: *In Camera* Privilege Review

Dear Magistrate Judge van Keulen:

      Pursuant to your Honor's April 15, 2022 order (Dkt. 542), Google submits this statement for the Court's consideration.

## GOOGLE'S STATEMENT

Google has re-reviewed a random sample of 1,000 privilege log entries where (i) the document has been designated as privileged in the document's text, but no attorney is identified on Google's privilege log; and (ii) emails where an attorney is in the to, cc, or bcc line and does not respond.[1] These documents are not a representative sample of the remaining documents listed on Google's privilege logs, as the two categories that Google sampled were identified by Plaintiffs. *Am. Nat. Bank & Tr. Co. of Chicago v. Equitable Life Assur. Soc. of U.S.*, 406 F.3d 867, 879 (7th Cir. 2005) (25% error rate does not show improper assertion of privilege where rate is calculated from review of an "unrepresentative sample" chosen by Plaintiffs with "every incentive to cherry-pick the most vulnerable documents").

Out of the 371 documents for which Google is changing its privilege designation, Google's investigation indicates that at least 116 are duplicates of documents that have already been produced. As such, Google's re-review of the random sample described above will result in the production of at most 255 new documents out of 1,000 documents re-reviewed.

This re-review resulted in the following changes to Google's previous privilege designations:

| Change Type | Total | Percentage on the basis of 884 re-reviewed non-duplicate documents | Percentage on the basis of all documents for which privilege is claimed (25,649 total documents on privilege logs) |
|---|---|---|---|
| New documents to be produced in full. | 194 | 21.9% | 0.76% |
| New documents to be produced with redactions. | 54 | 6.1% | 0.21% |
| New previously-redacted documents to be produced without redactions. | 6 | 0.7% | 0.02% |
| New previously-redacted documents to be produced with narrowed redactions. | 1 | 0.1% | 0.004% |
| No change to privilege | 623 | 70.5% | 2.42% |

---

[1] In the *Brown* action, Google has produced in the regular course of review more than 6,300 documents with a "Privileged" banner on the face of the document, and thousands of emails where an attorney is in the to, cc, or bcc line. These documents were never withheld as privileged in the first instance, meaning they were produced via Google's initial review process, rather than in response to Plaintiffs' challenges.

| | | | |
|---|---|---|---|
| status. | | | |
| Previously-withheld documents determined to be non-responsive upon re-review. | 6 | 0.7% | 0.02% |

As the Court's orders in response to Plaintiffs' repeated *in camera* demands have shown, Google is committed to strictly construing the privilege and withholding only those documents that merit protection.[2] Google has spent considerable time and resources to ensure that its privilege designations in this action were asserted in good faith, including by re-reviewing thousands of documents challenged by the *Brown* and *Calhoun* Plaintiffs and by producing any document inadvertently mis-designated as privileged during the course of Google's initial review of millions of documents and the resulting production of more than one million documents within just a few months' time.[3] Prior to any privilege challenge by Plaintiffs, each of the documents identified on Google's privilege logs were individually reviewed by outside counsel and/or contract attorneys under outside counsel's supervision tasked with applying often complex and subjective standards to determine whether a document is protected from disclosure. *See, e.g.*, *Am. Nat. Bank*, 406 F.3d at 879 (recognizing that litigants are entitled to seek "to protect documents for which a good-faith argument in support of privilege could be made . . . while treading in an area of privilege law that is generally recognized to be 'especially difficult,' namely, distinguishing in-house counsels' legal advice from their business advice."); *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 2007 WL 844558, at *1 (N.D. Ill. Mar. 14, 2007) ("[A]lthough the attorney-client privilege does not attach for the proffer of business advice, we recognize that the lines may be difficult to draw."); *Waugh v. Pathmark Stores, Inc.*, 191 F.R.D. 427, 430 (D.N.J. 2000) ("No bright-line rule governs the applicability of the attorney-client privilege and, as a result, the applicability of the privilege should be determined on a case-by-case basis." (citing *Upjohn Co. v. United States*, 449 U.S. 383, 396–97 (1981)).

---

[2] *Compare, e.g.*, Dkt. 290, at 2 (Plaintiffs claiming that "Google's privilege assertions are baseless.") *with* Dkt. 307, at 1 ("Following review of the Parties' submissions and an *in camera* review of the document at issue, the Court finds that Google has made a clear showing with the attorney declarations submitted that the highlighted sections of the document at issue either contain attorney-client communications involving legal advice or are closely integrated with such protected communications . . . Accordingly, Google's clawback of the document at issue is proper."); *see also* Dkt. 456, at 1 (Plaintiffs demanding production of four documents submitted *in camera* based on unsupported allegation that "Google's efforts to withhold relevant discovery has [sic] included a broad over-assertion of privilege, with documents that are especially damning for Google in this case."); Dkt. 515, at 1 (the Court declining to order production of all but two bullet points from the four documents submitted *in camera*).

[3] In order to adequately challenge a party's application of privilege, the challenging party must provide "a factual basis sufficient to support a reasonable, good faith belief that in camera inspection may reveal evidence that information in the materials is not privileged." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1950377, at *2 (N.D. Cal. May 1, 2019). Plaintiffs' challenges have not met this burden, as they have consisted of letters and spreadsheets that, *e.g.*, (i) merely identify emails with no attorneys identified by name on Google's privilege log and state that the document does not appear to contain legal advice; or (ii) demand re-review of all documents on Google's privilege log involving particular attorneys. *See, e.g.,* Dkt. 296 , at 3 (challenging all documents involving Google in-house counsel Chelsea Tanaka). Nonetheless, Google has re-reviewed all of the documents Plaintiffs have previously challenged in good faith to resolve the parties' disputes and ensure that any non-privileged materials are produced.

For the two categories of documents that Google re-reviewed here, analysis of privilege is especially complex because it requires closely evaluating the context of communications from non-attorneys. Google and its counsel have an obligation to "zealously protect documents believed, in good faith, to be within the scope of the privilege" and avoid the need for clawbacks and *in camera* reviews when those clawbacks are challenged. *Am. Nat. Bank*, 406 F.3d at 878-879. As this Court has recognized, "you often have non-lawyers transmitting legal advice, sharing legal advice, acting on legal advice that is reflected in a document, and as we know . . . from the Ninth Circuit, [that] is still within the coverage of attorney-client privilege." Oct. 27, 2021 Hrg. Tr. 9:13-19. As such, Google respectfully submits that (i) it has undertaken reasonable, good-faith efforts to ensure that its application of the privilege is well within the reasonableness standard required in discovery; and (ii) no further re-review is required. *See Datel Holdings Ltd. v. Microsoft Corp.*, 2011 WL 866993, at *4 (N.D. Cal. Mar. 11, 2011) ("In relatively large productions of electronic information under a relatively short time table, perfection or anything close based on the clairvoyance of hindsight cannot be the standard.").

Respectfully,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Andrew H. Schapiro*

Andrew H. Schapiro (admitted pro hac vice)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted pro hac vice)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire A. Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted pro hac vice)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)

        tracygao@quinnemanuel.com
        Carl Spilly (admitted pro hac vice)
        carlspilly@quinnemanuel.com
        1300 I Street NW, Suite 900
        Washington D.C., 20005
        Telephone: (202) 538-8000
        Facsimile: (202) 538-8100

        Jonathan Tse (CA Bar No. 305468)
        jonathantse@quinnemanuel.com
        50 California Street, 22nd Floor
        San Francisco, CA 94111
        Telephone: (415) 875-6600
        Facsimile: (415) 875-6700

        ***Attorneys for Defendant Google LLC***