**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM FOR MAY 3, 2022 DISCOVERY HEARING (DKT NO. 567)**<br><br>Referral:  Hon. Susan van Keulen, USMJ<br>Hearing Date:  May 3, 2022<br>Hearing Time:  1:00 P.M. |

## I. INTRODUCTION

Google, LLC ("Google") expects both parties to reference or discuss Google protected materials at the May 3, 2022 hearing related to the discovery disputes raised in the Special Master's Report and Recommendation on Referred Discovery Issues (Preservation Plan), issued on April 4, 2022 (Dkt. 524), which was filed under seal. Dkt. 525. The parties subsequently filed a Joint Submission Re: Sealing Portions of Special Master's Report and Recommendations on Referred Discovery Issues (Preservation Plan) in Response to Dkt. Nos. 524, 525 ("Joint Submission"). Dkt. 534. The parties Joint Submission to seal the Special Master's Report and Recommendations on Referred Discovery Issues (Preservation Plan) was granted on April 14, 2022. Dkt. 540.

In accordance with Section 5.2(b) of the Protective Order (Dkt. 81), Google informed Plaintiffs that they intend to request to seal the May 3, 2022 hearing based on the belief and expectation that the parties will discuss material designated Confidential or Highly Confidential-Attorneys' Eyes Only by Google, included in aforementioned Dkt. Nos. 524, 525, 534 and the parties Objections and respective Responses to Objections to the April 4, 2022 Special Master's Report and Recommendation on Referred Discovery Issues (Preservation Plan), which were filed under seal. Dkt. Nos. 543, 544, 545, 546, 555, 558, 559, 560, 561. These discussions will contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly and will be discussed at the May 3, 2022 hearing, including various types of Google's internal projects, data signals, and logs and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors.

The Court previously sealed the April 29, 2021 hearing (Dkt. 143) and portions of the transcript (Dkt. 174), the June 2, 2021 hearing (Dkt. 183) and portions of the transcript (Dkt. 197), the August 12, 2021 hearing (Dkt. 238) and portions of the transcript (Dkt. 286), the September 30, 2021 hearing (Dkt. 285) and portions of the transcript (Dkt. 341), the November 4, 2021 hearing (Dkt. 320) and portions of the transcript (Dkt. 341), the February 28, 2022 hearing (Dkt. 432) and portions of the transcript (Dkt. 502), and the March 17, 2022 hearing (Dkt. 491) in this case related to the same or substantively similar information pursuant to Google's request. At the time of this

1  filing, Google also anticipates that the same or similar protected information will be discussed in
2  the May 3, 2022 hearing in *Calhoun v. Google LLC*, No. 4:20-cv-05146 (N.D. Cal.) and will also
3  move to seal the courtroom for that hearing.

4        In light of the highly confidential material to be discussed at the May 3, 2022 hearing,
5  Google asked Plaintiffs whether they oppose sealing the hearing pursuant to Civil Local Rules 7-11
6  and 79-5 and Federal Rule of Civil Procedure 26(c). Tse Decl., ¶ 5. Plaintiffs did not respond to
7  Google's requests as to whether they oppose this motion. *Id.*

8        Google now moves the Court to seal the courtroom for the May 3, 2022 hearing related to
9  the Special Master's Report and Recommendation on Referred Discovery Issues (Preservation
10 Plan), issued on April 4, 2022 (Dkt. Nos. 524, 525, 534) and the parties Objections and respective
11 Responses to Objections to the Special Master's Report and Recommendation, which were all filed
12 under seal (Dkt. Nos. 543, 544, 545, 546, 555, 558, 559, 560, 561).

13 **II.   LEGAL STANDARD**

14       The common law right of public access to judicial proceedings is not a constitutional right
15 and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Crowe v. Cty.*
16 *of San Diego*, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002) ("[T]here is no right of access which
17 attaches to all judicial proceedings." (internal citations omitted)). The right is weakest where, as
18 here, the proceedings concern a non-dispositive discovery motion; rather than satisfy the more
19 stringent "compelling reasons" standard, a party seeking to seal materials in these circumstances
20 must make only a "particularized showing" of "good cause." *Kamakana v. City & County of*
21 *Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Such sealing is appropriate when the information
22 at issue constitutes "competitively sensitive information," such as "confidential research,
23 development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*,
24 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d
25 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of
26 materials for many types of information, including, but not limited to, trade secrets or other
27 confidential research, development, or commercial information"); *Standard & Poor's Corp. Inc. v.*
28 *Commodity Exch., Inc.*, 541 F. Supp. 1273, 1275 (S.D.N.Y. 1982) ("[T]he overriding interest to be

found in business confidences . . . require[s] . . . temporary reasonably restricted access to the Courtroom of members of the public.").

### III. THE HEARING SHOULD BE SEALED BECAUSE PARTIES' ARGUMENTS WILL NECESSARILY INVOLVE DISCLOSURE OF GOOGLE'S HIGHLY SENSITIVE MATERIAL

All facts militate in favor of sealing the May 3, 2022 hearing. The "good cause" standard that governs the sealing determination in non-dispositive motions is easily met. The Special Master's Report and Recommendation on Referred Discovery Issues (Preservation Plan), issued on April 4, 2022 (Dkt. Nos. 524, 525, 534) and the parties Objections and respective Responses to Objections to the Special Master's Report and Recommendation, which were all filed under seal (Dkt. Nos. 543, 544, 545, 546, 555, 558, 559, 560, 561), contain detailed discussions on Google's confidential information, including the highly sensitive features of Google's systems and operations. The information sought to be sealed for this hearing reveals Google's internal projects, data signals, and logs and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such information is protectable and must be kept confidential in order to prevent harm to Google's competitive standing. Moreover, public disclosure of Google's confidential information may put Google at an increased risk of cybersecurity threats. *Id.*

Furthermore, to address the issues Plaintiffs raised with respect to their Objections and Responses to Google's Objections to the Special Master's Report and Recommendation on Referred Discovery Issues (Preservation Plan), issued on April 4, 2022, and the associated documents and declarations filed in support, Google will need to rely on confidential information regarding highly sensitive features of Google's operations. Google must be able to freely refer to this information to fully explain to the Court how its internal systems and operations work in order to contradict Plaintiffs' unsupported positions—without fear of public disclosure of sensitive Google business information. It would be unfair and prejudicial to force Google's counsel to choose between providing facts to the Court by relying on this confidential information and retaining the confidentiality of these highly sensitive facts. If the hearing is not sealed, Google would have to pick between two evils: revealing its highly confidential information that may harm Google and put

it at a competitive disadvantage, or vigorously arguing—without supporting facts—that Plaintiffs' blunderbuss discovery demands are burdensome and disproportional.

Given the importance and highly sensitive nature of the aforementioned information related to the parties' discovery disputes, Google believes that sealing the courtroom is the correct and most effective approach. Indeed, this Court has recently sealed the April 29, 2021, June 2, 2021, August 12, 2021, September 30, 2021, November 4, 2021, February 28, 2022, and March 17, 2022 hearings as well as the April 29, 2021, June 2, 2021, August 12, 2021, September 30, 2021, November 4, 2021, and February 28, 2022 transcripts where the same or substantively similar information was discussed. The virtual proceedings in this case permit the attendance of hundreds of interested members of the public, including legal experts and journalists, and allowing confidential material to be discussed in open court in these circumstances is tantamount to having it filed publicly on the docket. Google proposes that the Court seal the May 3, 2022 hearing and that Google will file a motion to seal the May 3, 2022 transcript 7 business days after the hearing to redact any confidential information.

Google defers to the Court as to the best method for sealing the May 3, 2022 hearing in light of the virtual proceedings but proposes that the Court may consider directing the parties to dial into a private Zoom meeting, instead of a Zoom webinar.

### IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the May 3, 2022 hearing related to the Special Master's Report and Recommendation on Referred Discovery Issues (Preservation Plan), issued on April 4, 2022 (Dkt. Nos. 524, 525, 534) and the parties Objections and respective Responses to Objections to the Special Master's Report and Recommendation, which were all filed under seal (Dkt. Nos. 543, 544, 545, 546, 555, 558, 559, 560, 561).

DATED: May 2, 2022                           QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP

                                             By  */s/ Andrew H. Schapiro*
                                               Andrew H. Schapiro (admitted *pro hac vice*)
                                               andrewschapiro@quinnemanuel.com

Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice)*
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor

San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*