# PLAINTIFFS' RESPONSE TO GOOGLE'S SUBMISSION RE: PRIVILEGE RE-REVIEW

# Redacted Version
# of Document Sought
# to be Sealed

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William Christopher Carmody
(admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas,
32nd Floor
New York, NY  10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
mram@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
**MORGAN & MORGAN**
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No.:  4:20-cv-03664-YGR-SVK <br><br> **PLAINTIFFS' RESPONSE TO GOOGLE'S SUBMISSION RE: PRIVILEGE RE-REVIEW (DKT. 566)** <br><br> The Honorable Susan van Keulen |

i

1    Plaintiffs respectfully respond to Google's April 29 submission (Dkt. 566) regarding

2    Google's Court-ordered re-review of 1,000 privilege log entries where (i) the document was

3    designated as privileged in the text, but no attorney was identified on Google's privilege log; and

4    (ii) emails where an attorney is in the to, cc, or bcc line but does not respond (Dkt. 542).

5    Plaintiffs now ask that the Court order Google to re-review all additional entries in these

6    two categories. This re-review by Google is warranted based on (1) Google's *37% error rate* with

7    those 1,000 entries (with Google changing its designations for 371 documents) and (2) the high

8    likelihood that Google's re-review of the additional entries will similarly yield production of

9    relevant, non-privileged documents that Google improperly withheld.

10    Google's error rate is alarmingly high, which in itself warrants additional review. Google

11    "chang[ed] its privilege designation" for 371 out of the 1,000 documents. Dkt. 566 at 1. Google's

12    37% error rate for this set of 1,000 entries is even more concerning than, in this Court's own words,

13    the "significant correction rate of 25%" for the first 830 documents that Google re-reviewed. Dkt.

14    522 at 1-2. Google's earlier 25% error rate, for an even smaller set, "g[ave] the Court pause" and

15    led the Court to conclude that "[s]ome form of reassessment of privilege assertions is warranted."

16    Dkt. 522 at 2. Google's subsequent 37% error rate, for an even larger set (which Google

17    characterizes as a "random sample" but "not a representative sample"), shows that further review

18    is necessary. Even Google's initial re-review proposal admitted that an error rate of over 10%

19    warrants additional review. *See* Dkt. 533 (Google submission stating: "If the error rate for these

20    500 documents is over 10%, Google will re-review an additional random sample of 500 documents

21    from the same two categories described above.").

22    Additional review by Google is also warranted given that these Google errors resulted in

23    Google improperly withholding key documents. Google notes that some of these documents were

24    duplicates (116 out of the 371, according to Google), but Google's April 29 production of

25    previously withheld documents contained a treasure trove of unique, key documents (or portions

26    thereof) that Google would have continued withholding but for this Court's re-review Order. For

27    example:

28

1

- **GOOG-BRWN-00848723**: A January 2019 internal Google presentation regarding "Consent Conclusions" summarized the results of a Google User Experience Research *project that assessed whether "users really understand what they're consenting to* when they consent to share browsing history or other behaviour data." *Id.* at -24. Google's *"conclusion" was "No."* *Id.* at -26. "The research shows that participants don't read the text without guidance and *don't understand the text* when they do." *Id.* "Additionally, a large fraction of users feel they have no choice in the bargain, or that the choice is difficult to find and the playfield is slanted against them." *Id.*

- **GOOG-BRWN-00853326**: In a July 2021 email, a Google employee admitted that ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ " *Id.* at -29.

- **GOOG-BRWN-00850441**: Assessing a Google disclosure that promises "more control over the data Google collects," a Google employee in April 2016 commented that "this may be fine if it's a broad reference to Google's data collection policies but *it's not fine if it suggests to the user the ability to control the types of data collected*." *Id.* The Google employee thus anticipated how users would interpret Google's promise of "control," which is at issue in this case.

- **GOOG-CABR-04780837.R**: In February 2020, Google engineer Sammit Adhya (whom Plaintiffs deposed last year, without this withheld information) commented on a document titled "The Incognito Story" to note that: "IANAL [I am not a lawyer], but from a legal perspective, *we would never sa[y] that Google doesn't know who you are while you're Incognito*." *Id.* at -40.R.[1]

- **GOOG-CABR-05888096**: In an October 2020 internal Google presentation titled "IP Address: Updates," Google described the need to "*Remove IP Fields in Incognito*" as a "Med / High" priority, including to "*Limit Join / Subpoena / ID risks*." *Id.* at -104.

- **GOOG-BRWN-00848778**: In a March 2010 email discussing fingerprinting, one Google employee remarked "*I can profile you with your installed plugins, font list, . . . etc. Not to mention your IP*." *Id.* at -79. The same employee challenged others to "ask[] ourselves what it is that we're trying to offer," including whether Google is truly attempting to "*offer an anonymous browsing mode (for real)*." *Id.*

- **GOOG-BRWN-00854174**: In April 2019, Google Vice President of Chrome Darin Fisher emailed Google CEO Sundar Pichai to express his "concern[] that, without making a strong statement about web privacy" at the upcoming Google I/O conference, "*our silence will be very noticeable*," and Mr. Fisher offered a "recommendation [to] add language . . . to [Sundar's] remarks." *Id.* at -75.

- **GOOG-CABR-05886497**: A September 2016 document expresses concern that users will "think[] that Incognito connections in Chrome are *somehow private from Google*." The document continues: "This is *not the first time Incognito has led to confusion*." *Id.* at -98.

- **GOOG-CABR-05894563**: In an August 2021 internal Google document from the

---

[1] Google previously produced a version of this document where the language quoted here was cut-off, and only visible within the document's metadata. *See* GOOG-BRWN-00157001. By contrast, the withheld version, produced on April 29, 2022, contained this quote in the document itself.

custodial files of Michael Kleber, whom Plaintiffs deposed in January, Google employees admit that "***users expect that their browsing history across sites is kept private***: known only to them, and their web browser." *Id.* at -64.

At best, Google's privilege review has been woefully inadequate. Whether these designations were mistakes or intentional, the existence of Google's internal "Communicate with Care" practice raises serious concerns regarding the manner in which documents were created and then reviewed for production. *See, e.g.*, *United States v. Google, LLC*, Case No. 1:20-cv-03010-APM, at Dkt. 326-1 (Mar. 21, 2022, D.D.C.). Google has now re-reviewed almost 2,000 entries from its privilege log and changed its privilege designation for roughly 31% of them. This means that many key documents, like the ones above, are being withheld improperly. Google's April 29 submission does not argue that it would be burdensome to undertake an additional re-review, nor does Google provide any information about how many documents fall into the two categories at issue that would need to be re-reviewed. Whatever the number is, given the circumstances, this is not an undue burden and is proportional to the needs of this case.

For these reasons, Plaintiffs respectfully submit that the Court order Google to re-review all documents on its privilege log where (i) the document was designated as privileged in the document's text, but no attorney was identified on Google's privilege log; and (ii) emails where an attorney is in the to, cc, or bcc line but does not respond. Plaintiffs are continuing to evaluate any additional relief that they make seek in terms of these improperly withheld documents, including for example limited additional deposition testimony.

Dated: May 9, 2022                              Respectfully submitted,


By: /s/ *Amanda Bonn*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (*pro hac vice*)
Enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104

Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Attorneys for Plaintiffs*

5