**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>   Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SUPPLEMENT THEIR SANCTIONS MOTION (DKT. 583)**<br><br>Hon. Susan van Keulen, USMJ |

Plaintiffs' request for leave to file a supplement to the sanctions motion purportedly because Google provided "material" after the April 21, 2022 hearing is baseless and should be denied.  Plaintiffs do not cite a single relevant fact contained in the allegedly "belatedly produced information" that is new or absent from the already exhaustive sanctions record before the Court.

**First,** the supplemental interrogatory response Plaintiffs base their request upon did not include additional facts.  Google merely incorporated basic information well known to Plaintiffs and the Court from the existing record for the motion for sanctions.  Plaintiffs already submitted initial briefing, supplemental briefing, and cross-examined four Google witnesses regarding these very facts. They cannot credibly paint Google's formal interrogatory response as an attempt to "backfill with self-serving assertions" (Dkt. 582-4) where they have known about this information for months and have even questioned witnesses on it.

**Second,** Plaintiffs inexplicably seek to preclude Google from relying on the declaration of Dr. Harting in support of Google's Response to Plaintiffs' Objections to the Special Master's Report (Dkt. 559) regarding preservation obligations, which was submitted in an entirely different context from the sanctions briefing.  The declaration mentions the "maybe_chrome_incognito" bit in a single paragraph to substantiate the burden associated with preserving the logs that contain the field, which Plaintiffs sought in the context of the preservation dispute.  This is unrelated to the sanctions motion.

**Third,** Plaintiffs attempt to manufacture controversy by contrasting Dr. Harting's declaration with Mr. Golueke's testimony at the sanctions hearing.  *Id*.  However, there is no inconsistency.  Plaintiffs' own briefing makes clear that Mr. Golueke testified he performed diligence before signing his November 18 declaration by speaking to individuals from the Analytics and Ad Manager Teams.  Apr. 21, 2022 Hr'g Tr. 189:1-8.  By contrast, Dr. Harting's later declaration repeats information Plaintiffs already have, including through the declaration of Bert

Leung filed with Google's response to Plaintiffs' sanctions motion on April 5, 2022; namely, that the "maybe_chrome_incognito" bit is stored in certain specific logs.  Dkt. 527-12.  The only new information in the Harting Declaration is the burden associated with preserving the logs containing the field wholesale.  Clearly, this information does not undermine Mr. Golueke's testimony cited by Plaintiffs (*i.e.* that he spoke with individuals on the Analytics and Ad Manager Teams) or otherwise reflect on the extent of his diligence in any way.

*Last*, Plaintiffs purposefully avoided adequate notice to and conferral with Google regarding a potential stipulation that might have resolved the need for the instant motion.  *See* Local Rule 7-11.  Plaintiffs gave Google three hours to formulate a position on their request for leave.  Fortenbery Decl. ¶ 3.  Google requested until the end of the day to confer internally, but Plaintiffs never responded, and instead simply filed their administrative motion.  *Id.* ¶¶ 4-5.

Had Plaintiffs provided Google a reasonable time to respond, Plaintiffs would have been aware that Google is willing to amend the supplemental interrogatory response to remove the narrative response and instead incorporate by reference the relevant sanctions briefing and testimony.  This would have fully addressed Plaintiffs' concerns and also made clear nothing new is being added to the record.

In short, Plaintiffs have identified nothing to justify yet another supplemental brief in support of their motion for sanctions.  Nor is the substantive relief they seek—precluding Google's reliance on the Interrogatory response and the Harting Declaration—warranted in light of their submission.  Google's supplemental interrogatory response provides no more than a general description of what is already known to Plaintiffs and the Court through the sanctions briefing and hearing testimony.   The declaration of Mr. Harting goes to a wholly different part of the case and only tangentially discusses the "maybe_chrome_incognito" bit in a single paragraph.  Plaintiffs' motion should be denied.

1

2  DATED:  May 19, 2022                    QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
3

4                                         By  */s/ Andrew H. Schapiro*
                                          Andrew H. Schapiro (admitted *pro hac vice*)
5                                         andrewschapiro@quinnemanuel.com
                                          Teuta Fani (admitted *pro hac vice*)
6                                         teutafani@quinnemanuel.com
                                          191 N. Wacker Drive, Suite 2700
7                                         Chicago, IL 60606
                                          Telephone: (312) 705-7400
8                                         Facsimile: (312) 705-7401

9
                                          Stephen A. Broome (CA Bar No. 314605)
10                                        stephenbroome@quinnemanuel.com
                                          Viola Trebicka (CA Bar No. 269526)
11                                        violatrebicka@quinnemanuel.com
                                          Crystal Nix-Hines (Bar No. 326971)
12                                        crystalnixhines@quinnemanuel.com
                                          Alyssa G. Olson (CA Bar No. 305705)
13                                        alyolson@quinnemanuel.com
                                          865 S. Figueroa Street, 10th Floor
14                                        Los Angeles, CA 90017
                                          Telephone: (213) 443-3000
15                                        Facsimile: (213) 443-3100
16

17                                        Diane M. Doolittle (CA Bar No. 142046)
                                          dianedoolittle@quinnemanuel.com
18                                        Sara Jenkins (CA Bar No. 230097)
                                          sarajenkins@quinnemanuel.com
19                                        555 Twin Dolphin Drive, 5th Floor
                                          Redwood Shores, CA 94065
20                                        Telephone: (650) 801-5000
                                          Facsimile: (650) 801-5100
21

22                                        Josef Ansorge (admitted *pro hac vice*)
                                          josefansorge@quinnemanuel.com
23                                        Xi ("Tracy") Gao (CA Bar No. 326266)
                                          tracygao@quinnemanuel.com
24                                        Carl Spilly (admitted *pro hac vice*)
                                          carlspilly@quinnemanuel.com
25                                        1300 I. Street, N.W., Suite 900
                                          Washington, D.C. 20005
26                                        Telephone: 202-538-8000
                                          Facsimile: 202-538-8100
27

28                                        Jomaire A. Crawford (admitted *pro hac vice*)

jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*

GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SUPPLEMENT