# EXHIBIT A

# Redacted Version of Document Sought to Be Sealed

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William Christopher Carmody
(admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas,
32nd Floor
New York, NY  10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
mram@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
**MORGAN & MORGAN**
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' (PROPOSED) MAY 16, 2022 SUPPLEMENT TO THEIR SANCTIONS MOTION**<br><br>The Honorable Susan van Keulen |

i

Since the April 21, 2022 hearing on Plaintiffs' Sanctions Motion (Dkt. 430), Google has twice sought to manufacture self-serving evidence on topics where Google withheld discovery. Consistent with the relief Plaintiffs seek in their Sanctions Motion (Dkt. 430), Plaintiffs now ask the Court to preclude Google from relying on (1) a supplemental interrogatory response that Google served on May 12, 2022, discussing the Incognito detection bits; and (2) Google's April 25, 2022 Declaration of Richard Harting, an undisclosed witness, regarding the purported burden of Google preserving data. Dkt. 551. Moreover, these two examples show why the Court should preclude Google from making any arguments about any of the Incognito detection bits. Google is doing precisely what Plaintiffs feared, namely, relying on its own say-so about these bits after blocking Plaintiffs from obtaining meaningful discovery into them. Preclusion will cure that prejudice.

On December 22, 2021, Plaintiffs served Interrogatory No. 35, asking Google to **describe any "log-based analysis of Chrome Incognito**." Mao Decl. ¶ 3. Google responded on January 28, 2022, stating: "**Google has not identified information responsive to this interrogatory**." Mao Decl. Ex. B. On May 12, 2022, months after the discovery cutoff, after the sanctions hearing, and after Plaintiffs served their expert reports, with no prior notice to Plaintiffs, Google served a supplemental response to that interrogatory, with Google including various factual assertions about its Incognito detection bits and their purported limitations. *See id.*

Google should be precluded from relying on this supplemental response. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, Google's failure is neither justified nor harmless. While still inexcusably late, a January revelation of the Incognito detection bits would have at least given Plaintiffs over a month to seek discovery. Instead, Plaintiffs obtained limited discovery concerning maybe_chrome_incognito and no discovery concerning is_chrome_incognito—receiving no documents. Dkt. 536 at 6. Google cannot now, after fact discovery has ended, backfill with self-serving assertions in a supplemental interrogatory response that Plaintiffs will never be able to question or explore. Google's strategy here only further shows why Google should be precluded

from making *any* arguments about these Incognito-detection bits, for the reasons stated in Plaintiffs' prior filings. Google's obstruction was plainly "designed to achieve a tactical advantage" and such "obstruction should not be permitted to achieve its objectives." *Conway v. Dunbar*, 121 F.R.D. 211, 214 (S.D.N.Y. 1988).

The same rules warrant precluding Google from relying on the Harting Declaration, filed on April 25, 2022. Dkt. 551. Although Mr. Harting claims to work on Ad Manager, which was included in Plaintiffs' original class definition, Google never disclosed Mr. Harting. *See* Sanctions Hearing Exs. 32, 34-35 (identifying people disclosed by Google, not including Mr. Harting). Google should not be permitted to now submit and rely upon self-serving statements by an undisclosed witness, after the close of discovery, regarding the burden to Google of preserving data (with the Incognito-detection bits), particularly when Google successfully opposed Plaintiffs' request for 30(b)(6) testimony on preservation and burden. Dkt. 418-1 at 19 (Topic 9).

While Google should not be permitted to rely on that declaration (or any further declaration or testimony by Mr. Harting), Plaintiffs nonetheless ask that the Court consider the fact that the declaration very clearly undermines Mr. Golueke's April 21 hearing testimony. Mr. Golueke sought to justify his failure to identify certain logs containing the Incognito-detection bits on the basis that he and Google were focused on Analytics and Ad Manager logs. Apr. 21 Tr. 189:1-8. Mr. Harting's Declaration confirms that at least ███ undisclosed logs which contain maybe_chrome_incognito and/or were studied by Bert Leung are used *for Ad Manager*. *See* Plaintiffs' May 3, 2022 Hearing Slide 24; Harting Decl. ¶ 1 ("These logs store historical event-level data about ads served through the Google Ad Manager product . . . ."); *id.* ¶ 5 (listing the logs). This admission further demonstrates the unreliability of Mr. Golueke's testimony and highlights Google's misconduct.

Dated: May 16, 2022                                  Respectfully submitted,

                                                     By:  */s/ Mark Mao*

2

1  Mark C. Mao (CA Bar No. 236165)
   mmao@bsfllp.com
2  Beko Reblitz-Richardson (CA Bar No. 238027)
   brichardson@bsfllp.com
3  Erika Nyborg-Burch (*pro hac vice*)
   Enyborg-burch@bsfllp.com
4  BOIES SCHILLER FLEXNER LLP
   44 Montgomery Street, 41st Floor
5  San Francisco, CA 94104
   Telephone: (415) 293 6858
6  Facsimile (415) 999 9695

7  James W. Lee (*pro hac vice*)
   jlee@bsfllp.com
8  Rossana Baeza (*pro hac vice*)
   rbaeza@bsfllp.com
9  BOIES SCHILLER FLEXNER LLP
   100 SE 2nd Street, Suite 2800
10 Miami, FL 33130
   Telephone: (305) 539-8400
11 Facsimile: (305) 539-1304

12 William Christopher Carmody (*pro hac vice*)
   bcarmody@susmangodfrey.com
13 Shawn J. Rabin (*pro hac vice*)
14 srabin@susmangodfrey.com
   Steven Shepard (*pro hac vice*)
15 sshepard@susmangodfrey.com
   Alexander P. Frawley (*pro hac vice*)
16 afrawley@susmangodfrey.com
17 SUSMAN GODFREY L.L.P.
   1301 Avenue of the Americas, 32nd Floor
18 New York, NY  10019
   Telephone: (212) 336-8330
19
20 Amanda Bonn (CA Bar No. 270891)
   abonn@susmangodfrey.com
21 SUSMAN GODFREY L.L.P.
   1900 Avenue of the Stars, Suite 1400
22 Los Angeles, CA 90067
   Telephone: (310) 789-3100
23
24 John A. Yanchunis (*pro hac vice*)
   jyanchunis@forthepeople.com
25 Ryan J. McGee (*pro hac vice*)
   rmcgee@forthepeople.com
26 MORGAN & MORGAN, P.A.
   201 N Franklin Street, 7th Floor
27 Tampa, FL 33602
28 Telephone: (813) 223-5505

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*