**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION FOR CLARIFICATION OF MAY 20, 2022 PRESERVATION ORDER (DKT. 587)**<br><br>Judge: Hon. Susan van Kenlen |

## I. INTRODUCTION

Pursuant to Local Rule 7-11, Google respectfully seeks clarification with respect to the following two discrete portions in the Court's May 20, 2022 Order Adopting in Part and Modifying in Part the Special Master's Report and Recommendation on Referred Discovery Issues re Preservation Plan (Dkt. 587) ("Preservation Order").

- "Prior to final disposition of this case, Google may not shorten any data preservation length for any data source already being preserved pursuant to Google data retention policy or pursuant to prior court orders … without the express permission of the Court." Dkt. 587 at 9.
- "De/Encryption keys are to be preserved in their entirety for the respective time periods ('rotating keys') and data sources." *Id.* at 8.

## II. ARGUMENT

Google seeks clarification of two implementation details to ensure that it understands the information that is covered by the Preservation Order.

***First, Google requests clarification whether the Preservation Order requires Google to seek the express permission of this Court before Google can change the retention period of any data source, including data not covered by the Preservation Order.*** The Preservation Order states that "[p]rior to final disposition of this case, Google may not shorten any data preservation length for any data source already being preserved pursuant to Google data retention policy or pursuant to prior court orders, or for any data source included in this preservation plan as set forth in this Order … without the express permission of the Court." Dkt. 587 at 9. Google believes that the most reasonable interpretation of this language is that "any data source already being preserved" includes only those data sources identified specifically in the Preservation Order. However, Google is mindful that the language may also be interpreted to include ***any and all*** data sources within Google that are currently covered by a retention policy, regardless of their relevance to this case.

The latter interpretation would sweep in many logs at Google that are irrelevant to the claims and defenses in *Brown v. Google*. It would be unduly burdensome, and potentially overwhelm the Court, if Google were required to seek permission for preservation period changes of clearly irrelevant log data including (i) sources that do not contain user data, (ii) data that pertains to users

and events outside of United States, (iii) sources that pertain to products and services not at issue in this case, such as Google Arts & Culture, Assistant, Blogger, Calendar, Chat, Contacts, Dictionary, Docs, Drive, Fi, Fit, Gmail, Home, Meet, Messenger, One, Pay, Play, Photos, Street View, and Translator, or (iv) data that is older than June 1, 2016, the first day of the class period. Dkt. 587-1 at 1. *Bright Sols. for Dyslexia, Inc. v. Doe 1*, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015) ("Courts must exercise restraint in using their inherent authority to issue preservation orders … Before a preservation order is implemented, there must be some showing of a significant concern that *potentially relevant* evidence will be destroyed causing harm to the opposing party") (emphasis added); *Lord Abbett Mun. Income Fund, Inc. v. Asami*, 2014 WL 5477639, at *3 (N.D. Cal. Oct. 29, 2014) ("This district recognizes that the proportionality principle applies to the duty to preserve potential sources of evidence.").

Therefore, Google respectfully seeks clarification that it is not required to seek permission for changes to preservation periods of any logs not identified specifically in the Preservation Order.

***Second, Google seeks clarification whether the Preservation Order requires Google to preserve all sensitive rotating encryption keys even if the data is preserved in a safe and secure manner that does not require such keys.*** The Preservation Order sustained Plaintiffs' objection to the Special Master's April 4, 2022 Report and Recommendation that "Google should be required to preserve all encryption keys necessary to decrypt identifiers and cookies," and directs Google to preserve de/encryption keys in their entirety for the respective time periods and data sources. Dkt. 587 at 8. Google understands the need to preserve data in a format that can be decrypted, and respectfully seeks clarification that Google would be in compliance with the Preservation Order by preserving the encryption keys necessary to decrypt data preserved pursuant to the Preservation Order and "allow Plaintiffs to read the data" (Dkt. 545-2 at 1). Specifically, Google seeks to clarify that it need not preserve sensitive rotating encryption keys if those keys are not required to decrypt the preserved data. Google seeks this clarification because preserving sensitive rotating encryption keys constitutes a significant information security risk.

Finally, Google would provide additional briefing on this issue if it would aid the Court.

1  DATED:  May 27, 2022                    QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP
2
3                                          By  /s/ Andrew H. Schapiro
                                              Andrew H. Schapiro (admitted *pro hac vice*)
4                                             andrewschapiro@quinnemanuel.com
                                              Teuta Fani (admitted *pro hac vice*)
5                                             teutafani@quinnemanuel.com
                                              191 N. Wacker Drive, Suite 2700
6                                             Chicago, IL 60606
                                              Telephone: (312) 705-7400
7                                             Facsimile: (312) 705-7401

8
                                              Stephen A. Broome (CA Bar No. 314605)
9                                             stephenbroome@quinnemanuel.com
                                              Viola Trebicka (CA Bar No. 269526)
10                                            violatrebicka@quinnemanuel.com
                                              Crystal Nix-Hines (Bar No. 326971)
11                                            crystalnixhines@quinnemanuel.com
                                              Alyssa G. Olson (CA Bar No. 305705)
12                                            alyolson@quinnemanuel.com
                                              865 S. Figueroa Street, 10th Floor
13                                            Los Angeles, CA 90017
                                              Telephone: (213) 443-3000
14                                            Facsimile: (213) 443-3100
15
                                              Diane M. Doolittle (CA Bar No. 142046)
16                                            dianedoolittle@quinnemanuel.com
                                              Sara Jenkins (CA Bar No. 230097)
17                                            sarajenkins@quinnemanuel.com
                                              555 Twin Dolphin Drive, 5th Floor
18                                            Redwood Shores, CA 94065
                                              Telephone: (650) 801-5000
19                                            Facsimile: (650) 801-5100
20
21                                            Josef Ansorge (admitted *pro hac vice*)
                                              josefansorge@quinnemanuel.com
22                                            Xi ("Tracy") Gao (CA Bar No. 326266)
                                              tracygao@quinnemanuel.com
23                                            Carl Spilly (admitted *pro hac vice)*
                                              carlspilly@quinnemanuel.com
24                                            1300 I. Street, N.W., Suite 900
                                              Washington, D.C. 20005
25                                            Telephone: 202-538-8000
                                              Facsimile: 202-538-8100
26
27                                            Jomaire A. Crawford (admitted *pro hac vice*)
                                              jomairecrawford@quinnemanuel.com
28                                            51 Madison Avenue, 22nd Floor

3                                Case No. 4:20-cv-03664-YGR-SVK
GOOGLE'S ADMIN MOTION FOR CLARIFICATION OF MAY 20, 2022 PRESERVATION ORDER

1  
2  New York, NY 10010  
   Telephone: (212) 849-7000  
   Facsimile: (212) 849-7100  

3  Jonathan Tse (CA Bar No. 305468)  
4  jonathantse@quinnemanuel.com  
   50 California Street, 22nd Floor  
5  San Francisco, CA 94111  
   Telephone: (415) 875-6600  
6  Facsimile: (415) 875-6700  

7  *Attorneys for Defendant Google LLC*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28