# EXHIBIT A

# Redacted Version of Document Sought to Be Sealed

| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>Erika Nyborg-Burch (admitted *pro hac vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br>enyborg-burch@bsfllp.com<br><br>James Lee (admitted *pro hac vice*)<br>Rossana Baeza (admitted *pro hac vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>**SUSMAN GODFREY L.L.P**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel: (310) 789-3100<br>Fax: (310) 789-3150<br>abonn@susmangodfrey.com<br><br>*Attorneys for Plaintiffs* | William Christopher Carmody<br>(admitted *pro hac vice*)<br>Shawn J. Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>Alexander Frawley (admitted *pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1301 Avenue of the Americas,<br>32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>John A. Yanchunis (admitted *pro hac vice*)<br>Ryan J. McGee (admitted *pro hac vice*)<br>**MORGAN & MORGAN**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>mram@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>**MORGAN & MORGAN**<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' (PROPOSED) MAY 16, 2022 SUPPLEMENT TO THEIR SANCTIONS MOTION**<br><br>The Honorable Susan van Keulen |

i

1          Since the April 21, 2022 hearing on Plaintiffs' Sanctions Motion (Dkt. 430), Google has twice sought to manufacture self-serving evidence on topics where Google withheld discovery. Consistent with the relief Plaintiffs seek in their Sanctions Motion (Dkt. 430), Plaintiffs now ask the Court to preclude Google from relying on (1) a supplemental interrogatory response that Google served on May 12, 2022, discussing the Incognito detection bits; and (2) Google's April 25, 2022 Declaration of Richard Harting, an undisclosed witness, regarding the purported burden of Google preserving data. Dkt. 551. Moreover, these two examples show why the Court should preclude Google from making any arguments about any of the Incognito detection bits. Google is doing precisely what Plaintiffs feared, namely, relying on its own say-so about these bits after blocking Plaintiffs from obtaining meaningful discovery into them. Preclusion will cure that prejudice.

          On December 22, 2021, Plaintiffs served Interrogatory No. 35, asking Google to **describe any "log-based analysis of Chrome Incognito**." Mao Decl. ¶ 3. Google responded on January 28, 2022, stating: "**Google has not identified information responsive to this interrogatory**." Mao Decl. Ex. B. On May 12, 2022, months after the discovery cutoff, after the sanctions hearing, and after Plaintiffs served their expert reports, with no prior notice to Plaintiffs, Google served a supplemental response to that interrogatory, with Google including various factual assertions about its Incognito detection bits and their purported limitations. *See id.*

          Google should be precluded from relying on this supplemental response. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, Google's failure is neither justified nor harmless. While still inexcusably late, a January revelation of the Incognito detection bits would have at least given Plaintiffs over a month to seek discovery. Instead, Plaintiffs obtained limited discovery concerning maybe_chrome_incognito and no discovery concerning is_chrome_incognito—receiving no documents. Dkt. 536 at 6. Google cannot now, after fact discovery has ended, backfill with self-serving assertions in a supplemental interrogatory response that Plaintiffs will never be able to question or explore. Google's strategy here only further shows why Google should be precluded

1

1  from making *any* arguments about these Incognito-detection bits, for the reasons stated in
2  Plaintiffs' prior filings. Google's obstruction was plainly "designed to achieve a tactical
3  advantage" and such "obstruction should not be permitted to achieve its objectives." *Conway v.*
4  *Dunbar*, 121 F.R.D. 211, 214 (S.D.N.Y. 1988).

5        The same rules warrant precluding Google from relying on the Harting Declaration, filed
6  on April 25, 2022. Dkt. 551. Although Mr. Harting claims to work on Ad Manager, which was
7  included in Plaintiffs' original class definition, Google never disclosed Mr. Harting. *See* Sanctions
8  Hearing Exs. 32, 34-35 (identifying people disclosed by Google, not including Mr. Harting).
9  Google should not be permitted to now submit and rely upon self-serving statements by an
10 undisclosed witness, after the close of discovery, regarding the burden to Google of preserving
11 data (with the Incognito-detection bits), particularly when Google successfully opposed Plaintiffs'
12 request for 30(b)(6) testimony on preservation and burden. Dkt. 418-1 at 19 (Topic 9).

13       While Google should not be permitted to rely on that declaration (or any further declaration
14 or testimony by Mr. Harting), Plaintiffs nonetheless ask that the Court consider the fact that the
15 declaration very clearly undermines Mr. Golueke's April 21 hearing testimony. Mr. Golueke
16 sought to justify his failure to identify certain logs containing the Incognito-detection bits on the
17 basis that he and Google were focused on Analytics and Ad Manager logs. Apr. 21 Tr. 189:1-8.
18 Mr. Harting's Declaration confirms that at least ▮▮▮ undisclosed logs which contain
19 maybe_chrome_incognito and/or were studied by Bert Leung are used **for Ad Manager**. *See*
20 Plaintiffs' May 3, 2022 Hearing Slide 24; Harting Decl. ¶ 1 ("These logs store historical event-
21 level data about ads served through the Google Ad Manager product . . . ."); *id.* ¶ 5 (listing the
22 logs). This admission further demonstrates the unreliability of Mr. Golueke's testimony and
23 highlights Google's misconduct.

26 Dated: May 16, 2022                Respectfully submitted,

27                                      By: */s/ Mark Mao*

2

1  Mark C. Mao (CA Bar No. 236165)
   mmao@bsfllp.com
2  Beko Reblitz-Richardson (CA Bar No. 238027)
   brichardson@bsfllp.com
3  Erika Nyborg-Burch (*pro hac vice*)
   Enyborg-burch@bsfllp.com
4  BOIES SCHILLER FLEXNER LLP
   44 Montgomery Street, 41st Floor
5  San Francisco, CA 94104
   Telephone: (415) 293 6858
6  Facsimile (415) 999 9695

7  James W. Lee (*pro hac vice*)
   jlee@bsfllp.com
8  Rossana Baeza (*pro hac vice*)
   rbaeza@bsfllp.com
9  BOIES SCHILLER FLEXNER LLP
   100 SE 2nd Street, Suite 2800
10 Miami, FL 33130
   Telephone: (305) 539-8400
11 Facsimile: (305) 539-1304

12 William Christopher Carmody (*pro hac vice*)
   bcarmody@susmangodfrey.com
13 Shawn J. Rabin (*pro hac vice*)
14 srabin@susmangodfrey.com
   Steven Shepard (*pro hac vice*)
15 sshepard@susmangodfrey.com
   Alexander P. Frawley (*pro hac vice*)
16 afrawley@susmangodfrey.com
17 SUSMAN GODFREY L.L.P.
   1301 Avenue of the Americas, 32nd Floor
18 New York, NY  10019
   Telephone: (212) 336-8330
19

20 Amanda Bonn (CA Bar No. 270891)
   abonn@susmangodfrey.com
21 SUSMAN GODFREY L.L.P.
   1900 Avenue of the Stars, Suite 1400
22 Los Angeles, CA 90067
   Telephone: (310) 789-3100
23

24 John A. Yanchunis (*pro hac vice*)
   jyanchunis@forthepeople.com
25 Ryan J. McGee (*pro hac vice*)
   rmcgee@forthepeople.com
26 MORGAN & MORGAN, P.A.
   201 N Franklin Street, 7th Floor
27 Tampa, FL 33602
   Telephone: (813) 223-5505
28

Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

# EXHIBIT B

# Redacted Version of Document Sought to Be Sealed

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

CHASOM BROWN, MONIQUE TRUJILLO, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 5:20-cv-03664-YGR-SVK

**DEFENDANT'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES SET 9 (NO. 35)**

Pursuant to Federal Rule of Civil Procedure 33, Defendant Google LLC ("Google") hereby provides supplemental responses and objections to Plaintiffs' Interrogatories, Set 9 (No. 35). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change. Google reserves all rights to supplement and amend its objections and responses accordingly.

**GENERAL OBJECTIONS**

1. Google objects to Plaintiffs' Definitions, Instructions, and interrogatories to the extent they seek information and/or records that are not reasonably accessible and whose inclusion is not proportional to the needs of the case.

2. Google objects to the definition of "browser" as vague and ambiguous to the extent it draws a distinction between "web-based browsers" and "app browsers." All browsers are, by

definition, web-based and require software to be run on a device, whether that device is a desktop computer or a mobile device. Google will understand the term "browser" as referring to application software that contains a graphical user interface for displaying and navigating between web pages.

3. Google objects to the definition of "browsing data" as overly broad and unduly burdensome because it combines information pertaining to specific website visits (*e.g.*, "HTTP request," "hostname") with basic information about the browser (*e.g.*, "browser type," "language"). Google further objects to the definition of "browsing data" as vague and ambiguous due to the inclusion of "'fingerprint' data (as described in paragraphs 100-104)." Paragraphs 100-104 of the Complaint describes "images, pixels, or fonts"—that is neither "fingerprint data" nor data Google uses to fingerprint users. Google further objects to the definition of "browsing data" as vague and ambiguous due to the inclusion of "geolocation data." Google will treat "geolocation data" as referring to precise latitude and longitude information that is collected from a mobile device.

4. Google objects to the interrogatories to the extent that they seek information shielded from disclosure by the attorney-client privilege, the work-product doctrine, the settlement privilege and/or any other applicable privilege or protection from discovery.

5. Google objects to Plaintiffs' Definitions, Instructions, and interrogatories to the extent they conflict with or encompass information and/or records falling outside the scope of discovery under the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any discovery orders governing this case.

6. Google's responses to these interrogatories are hereby made without waiving or intending to waive, but rather, to the contrary, by preserving and intending to preserve:

   a. All questions as to the competence, relevance, proportionality, materiality, and admissibility as evidence for any purpose of the information or documents, or the

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

       subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

       b.   The right to object on any ground to the use of any such information or documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

       c.   The right to object at any time in connection with any further response to these or any other interrogatories; and

       d.   The right at any time to supplement its responses.

7.   Google anticipates that future discovery, independent investigation, or analysis will supply additional facts and add meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses set forth herein. Google reserves the right to modify, supplement, withdraw, or otherwise alter its responses to these interrogatories in accordance with the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any discovery orders governing this case.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 35:**

Aside from Google's mid-2020 "log analysis of Chrome Incognito" (e.g., GOOG-CABR-05280756), please describe in detail any other log-based analysis of Chrome Incognito that Google conducted, including the data sources involved and the results of any such analysis.

**RESPONSE TO INTERROGATORY NO. 35:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this interrogatory as it mischaracterizes the cited document and an analysis performed by a small number of Google employees for a specific purpose. Google further objects to this interrogatory as vague and ambiguous as to the phrase "any other log-based analysis of Chrome Incognito that

Google conducted," which is neither self-evident nor defined. As written, this undefined phrase is unintelligible, overly broad, and unduly burdensome because it does not explain, *inter alia*, what constitutes "log-based analysis" or how any such analysis would need to relate to Incognito mode on the Chrome browser in order to be responsive to this request. For the purposes of this response, Google understands this phrase to refer to other analyses employing the methodology for estimating or inferring certain Incognito aggregate usage metrics described in GOOG-CABR-05280756, as applied to Ad Manager. Google further objects to this interrogatory to the extent it is tailored to seek information protected by the attorney-client privilege, the work product doctrine, or the common interest doctrine, or that is otherwise privileged or protected from discovery.

Subject to and without waiving the foregoing objections, Google responds as follows:

Google has not identified information responsive to this interrogatory after conducting a reasonable search.

**MAY 12, 2022 SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 35:**

Google incorporates its prior responses and objections to this interrogatory as if set forth fully herein. Subject to and without waiving the foregoing objections, Google further responds as follows:

In May 2020, as a continuation of the work related to the Chromeguard analysis referenced by the Interrogatory, the Ads Identity team was asked to estimate percentages of traffic that blocked third-party cookies by default—for example, Apple Safari and Chrome Incognito. The purpose of this exercise was to monitor changes in cookieless traffic over time. The percentage of traffic did not need to be accurate or precise for this exercise.

Engineers Bert Leung and Mandy Liu were tasked with developing a monitoring dashboard for third-party cookieless traffic from major browsers. To monitor traffic and trends on the dashboard, the team coded a new boolean field:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

"maybe_chrome_incognito_DO_NOT_USE_WITHOUT_CONSULTING_ADS_IDENTITY_TEAM." This field was designed based on a prior project related to Chromeguard initiated in 2019, which included Google's mid-2020 "log analysis of Chrome Incognito" (e.g., GOOG-CABR-05280756). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇ Bert Leung and Mandy Liu implemented the same heuristic method in the boolean field named "maybe_chrome_incognito_DO_NOT_USE_WITHOUT_CONSULTING_ADS_IDENTITY_TEAM." The value of this field is a binary unit or "bit," a binary digit with only two possible values. The "maybe_chrome_incognito_DO_NOT_USE_WITHOUT_CONSULTING_ADS_IDENTITY_TEAM" bit only indicates whether it is "true" or "false" that traffic was received with a Chrome user-agent and without an X-Client-Data header. The bit cannot identify any additional information, including the identities of individual users browsing in Incognito mode.

The following are Google logs where the Boolean field has been implemented:

| "maybe_chrome_incognito_DO_NOT_USE_WITHOUT_CONSULTING_ADS_IDENTITY_TEAM" |
|---|
| ▇▇▇▇▇▇▇▇ |
| ▇▇▇▇▇▇▇▇▇▇ |
| ▇▇▇▇▇▇▇▇▇ |
| ▇▇▇▇▇▇▇▇▇▇ |
| ▇▇▇▇▇▇▇▇▇▇▇▇ |
| ▇▇▇▇▇▇▇▇▇ |

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

|   |
|---|
| █████████████████ |
| ██████████████████████ |
| ███████████████████████████ |
| ███████████████████████ |
| ████████████████ |
| ██████████████████ |
| ████████████████████████ |
| ██████████████████████████ |
| ████████████████████████████████ |
| ██████████████ |
| █████████████████████████ |
| █████████████████████ |
| ██████████████████████ |

      Separately, in 2017, Google's ██████ Team, which works on geolocation information, created bits named "is_chrome_incognito" and "is_chrome_non_incognito_mode". These two fields also consist of only a "true" or "false" boolean value and were used for an aggregate analysis that concluded in 2018; however data can be filtered based on the bit in an existing dashboard. The "is_chrome_incognito" bit is derived directly from the "is_chrome_non_incognito_mode" bit and a user agent check. Both bits were created by a team improving geolocation information related to Google's Search engine and stored in logs managed by that team ("██████ logs"). Like the "maybe_chrome_incognito" bit, neither of these bits is a reliable or accurate means to identify

individual users. They are premised on the same heuristic method as the "maybe_chrome_incognito" bit—the absence of the X-Client-Data header and a user-agent check. The ▆▆▆ Team has not used these bits to identify specific Incognito users. The bits are stored in the following logs:

| "is_chrome_non_incognito" (no GAIA) |
|---|
| ▆▆▆▆▆▆▆▆▆▆▆▆ |
| ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ |
| ▆▆▆▆▆▆▆▆▆▆▆▆▆ |

| "is_chrome_incognito" (Zwieback or obfuscated GAIA) |
|---|
| ▆▆▆▆▆▆▆ |
| ▆▆▆▆▆▆▆▆▆▆ |

DATED: May 12, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Andrew H. Schapiro
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Fax: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Fax: (415) 875-6700

*Attorneys for Defendant Google LLC*

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

# PROOF OF SERVICE

**NEW YORK, NEW YORK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in New York, NY. My business address is 51 Madison Avenue, 22nd Floor, New York, NY.

On May 12, 2022, I served true copies of the following document(s) described as **DEFENDANT'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES SET 9 (NO. 35)** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I transmitted PDF format copies of the document(s) described above to the e-mail addresses on the attached Service List pursuant to the agreement between the parties to serve discovery, in lieu of other service methods, by email under Fed. R. Civ. P. 5(b)(2)(E) (*see* Joint Case Management Statement § 8.b, Docket No. 44) and on non-parties pursuant to the Court's August 12, 2021 Cross-use and Discovery Coordination Orders issued in *Brown v. Google*, Case No. 5:20-cv-03664-LHK-SVK (Dkt. 243) and *Calhoun v. Google*, Case No.: 5:20-cv-05146-LHK-SVK (Dkt. 263). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 12, 2022 at Hoboken, NJ.

 */s/ D. Seth Fortenbery*
 D. Seth Fortenbery

-9-     Case No. 5:20-cv-03664-YGR
DEFENDANT'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES SET 9 (NO. 35)

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**SERVICE LIST**
*Brown v. Google LLC*
*Case No. 5:20-cv-03664-LHK-SVK*

*Attorneys for Plaintiffs Chasom Brown et al.* BOIES SCHILLER FLEXNER LLP

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
Antonio Lavalle Ingram, II, CA Bar No. 300528
Alexander Justin Konik, CA Bar No. 299291
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com
aingram@bsfllp.com
akonik@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William S. Carmody (admitted pro hac vice)
Shawn Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Ra Olusegun Amen (admitted pro hac vice)
Jean Sutton Martin (admitted pro hac vice)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
ramen@forthepeople.com
jean@jsmlawoffice.com

*Attorneys for Plaintiffs*

*Calhoun v. Google LLC*

*Case No. 5:20-cv-5146-LHK-SVK*

*Attorneys for Plaintiffs Patrick Calhoun et al.*

BLEICHMAR FONTI & AULD LLP

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**DICELLO LEVITT GUTZLER**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

1
2  Amy E. Keller (admitted *pro hac vice*)
   Ten North Dearborn Street, 6th Fl.
3  Chicago, Illinois 60602
   Tel.: (312) 214-7900
4  *akeller@dicellolevitt.com*

5  **SIMMONS HANLY CONROY LLC**
   Mitchell M. Breit (admitted *pro hac vice*)
6  Jason 'Jay' Barnes (admitted *pro hac vice*)
   An Truong (admitted *pro hac vice*)
7  Eric Johnson (*pro hac vice* to be sought)
   112 Madison Avenue, 7th Floor
8  New York, NY 10016
   Tel.: (212) 784-6400
9  Fax: (212) 213-5949
   *mbreit@simmonsfirm.com*
10 *jaybarnes@simmonsfirm.com*
   *atruong@simmonsfirm.com*
11 *ejohnson@simmonsfirm.com*
12
13   *Attorneys for Plaintiffs*

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-12-   Case No. 5:20-cv-03664-YGR
DEFENDANT'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
PLAINTIFFS' INTERROGATORIES SET 9 (NO. 35)