UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No.  20-cv-03664-YGR   (SVK)<br><br>**ORDER ON GOOGLE'S ADMINISTRATIVE MOTION FOR CLARIFICATION OF MAY 20, 2022 PRESERVATION ORDER**<br><br>Re: Dkt. No. 591 |

　　　　On May 20, 2022, the Court issued an Order Adopting in Part and Modifying in Part the Special Master's Report and Recommendation on Referred Discovery Issues re Preservation Plan. Dkt. 587 (the "Preservation Order").  Now before the Court is Google's administrative motion for clarification of the Preservation Order.  Dkt. 591 (the "Administrative Motion").  In the Administrative Motion, Google seeks clarification of two portions of the Preservation Order: (1) the requirement that "[p]rior to final disposition of this case, Google may not shorten any data preservation length for any data source already being preserved pursuant to Google data retention policy or pursuant to prior court orders … without the express permission of the Court" (*id.* at 1 (citing Dkt. 587 at 9)); and (2) the requirement that "De/Encryption keys are to be preserved in their entirety for the respective time periods ('rotating keys') and data sources" (Dkt. 591 at 1 (citing Dkt. 587 at 8)).  Plaintiffs did not file a response to Google's Administrative Motion.

　　　　Having considered the Administrative Motion and the relevant case background, the Court **ORDERS** as follows:

　　　　**Issue 1: Requirement for Court Permission Prior to Shortening Retention Period for Any Data Source**:  Google requests clarification of whether the Preservation Order requires Google to seek the express permission of the Court before Google can change the retention period of "any data source, including data not covered by the Preservation Order."  Dkt. 591 at 1.  Google maintains that "it would be unduly burdensome, and potentially overwhelm the Court, if Google

were required to seek permission for preservation period changes of clearly irrelevant log data…" and then goes on to cite Google products and services that are apparently out of the scope of either case here. *Id.* at 1-2. Google argues that "[b]efore a preservation order is implemented, there must be some showing of a significant concern that potentially relevant evidence will be destroyed causing harm to the opposing party." *Id.* at 2.

As the record in this case amply demonstrates, a preservation plan is both appropriate and necessary. *See* Dkt. 524, 587. From the extensive proceedings on this issue before this Court, as well as before the Special Master, a comprehensive set of data sources with relevant evidence has been identified. *See* Dkt. 587-1. The preservation period for any of the data sources identified in Ex. A to the Preservation Order as modified (*i.e.*, Dkt. 587-1 and Dkt. 587 at 7) may not be shortened without leave of Court. Similarly, retention periods for data sources addressed in prior court orders may not be shortened without leave of Court. Finally, in identifying and evaluating relevant data sources for preservation, the Court anticipated that data sources that do not have retention periods, in other words, data sources from which data is not deleted, may have been excluded from the lists of data sources to be preserved because of the absence of a retention period. Accordingly, the Court intended to include and hereby clarifies that for any data source that is currently retained "forever," the retention period may not be shortened without leave of Court. With the foregoing explanation in hand, the Court clarifies the Preservation Order as follows:

> **Prior to final disposition of this case, Google may not shorten, without leave of Court, any data preservation length for any data source which is (1) as of the date of this Order, preserved in perpetuity (in other words, any data source from which Google does not currently delete data); (2) already being preserved pursuant to prior Court orders; or (3) included in the preservation plan set forth in the Preservation Order.**

**Issue 2:   Requirement for Preservation of Rolling Encryption Keys:**  Google requests clarification of whether the Preservation Order requires Google to "preserve all sensitive rotating encryption keys even if the data is preserved in a safe and secure manner that does not require such keys." Dkt. 591 at 2.

2

The intent of this provision of the Preservation Order is that relevant, *necessary* rotating encryption keys be preserved.   The Court is inclined to grant this request, but before doing so, by no later than **June 21, 2022,** Google must file a response to this Order that identifies and describes the keys that Google is seeking to carve out of the Preservation Order on the ground that the keys are not required.

**SO ORDERED.**

Dated: June 9, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge

3