**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>**CIVIL L.R. 79-5**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: September 20, 2022<br>Time: 2:00 p.m. |

1
2
3

Pursuant to Civil Local Rule 7-11 and 79-5 and the Stipulated Protective Order entered in this matter, Dkt. 81, Plaintiffs respectfully submit this Administrative Motion to Seal the following material submitted with Plaintiffs' motion for class certification.

| Document or Portion of Document Sought to Be Sealed | Party Claiming Confidentiality | Basis for Sealing |
|---|---|---|
| April 15, 2022 Expert Report of Jonathan Hochman ("Hochman Report"): Portions highlighted in yellow in paragraphs 88-90, 116, 174-78, 224-25, 234, 236, 243, 246-47 | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Report Appendix B: Portions highlighted in yellow in paragraphs 11-13, 18-23, and the entirety from pages 17 through 36 | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Report Appendix G: Portions highlighted in yellow in paragraphs 7-8, 24, 26 | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Report Appendix H: Portions highlighted in yellow in Table of Contents and paragraphs 1-41 | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Report Appendix I (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Report Exhibit B (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Report Exhibit C (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Report Exhibit D (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Report Exhibit E (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Report Exhibit F (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs |

1

| | | pursuant to the Protective Order |
|---|---|---|
| June 7, 2022 Rebuttal and Supplemental Expert Report of Jonathan Hochman ("Hochman Rebuttal"): Portions highlighted in yellow in paragraphs 22-23, 30, 38-47, 67-69 | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Rebuttal Report Exhibit A (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Rebuttal Report Exhibit B (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Rebuttal Report Appendix A (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Rebuttal Report Appendix B (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Rebuttal Report Appendix C (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Rebuttal Report Appendix D (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Rebuttal Report Appendix E (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Rebuttal Report Appendix F (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Rebuttal Report Appendix G (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Rebuttal Report Appendix H (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |

2

| | | |
|---|---|---|
| Hochman Rebuttal Report Appendix I (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Rebuttal Report Appendix J (entirety) | Plaintiffs | Contains Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Plaintiffs' Motion for Class Certification: portions highlighted in yellow throughout | Google | Refers to Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google pursuant to the Protective Order |
| Plaintiffs' Trial Plan in Support of Motion for Class Certification: portions highlighted in yellow throughout | Google | Refers to Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google pursuant to the Protective Order |
| Plaintiffs' Proposed Order in Support of Plaintiffs' Motion for Class Certification: portions highlighted in yellow throughout | Google | Refers to Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google pursuant to the Protective Order |
| Mao Declaration in Support of Plaintiffs' Motion for Class Certification: Entirety of Exhibits 1-14, 16-62, 64-86 | Google | Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google pursuant to the Protective Order |
| Expert Report of Jonathan Hochman (entirety) | Google | Refers throughout to Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google pursuant to the Protective Order |
| Rebuttal and Supplemental Expert Report of Jonathan Hochman (entirety) | Google | Refers throughout to Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google pursuant to the Protective Order |
| Expert Report of Bruce Schneier (entirety) | Google | Refers throughout to Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google pursuant to the Protective Order |

PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL
Case No. 4:20-cv-03664-YGR-SVK

| Rebuttal Expert Report of Bruce Schneier (entirety) | Google | Refers throughout to Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google pursuant to the Protective Order |
|---|---|---|
| Rebuttal Expert Report of Mark Keegan (entirety) | Google | Refers throughout to Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google pursuant to the Protective Order |
| Rebuttal Expert Report of David Nelson (entirety) | Google | Refers throughout to Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google pursuant to the Protective Order |
| Expert Report of Michael Lasinski (entirety) | Google | Refers throughout to Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google pursuant to the Protective Order |

## I.   LEGAL STANDARD

### A.   Party Seeking to Seal Its Own Records

"The public has a right of access to the Court's files." Civil L.R. 79-5(a). The presumption of public access can be overcome where the sealing party "articulate[s] compelling reasons supported by specific factual findings . . . that outweigh . . . public policies favoring disclosure such as the public interest in understanding the judicial process." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations omitted). Courts "must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)) (marks omitted).

### B.   Party Seeking to Seal Another Party's Records

Many of the documents listed above quote, summarize, or otherwise reflect information that Defendant, Google LLC ("Google") has designated as "Confidential" or "Highly Confidential

4

1   – Attorneys' Eyes Only" under the parties' stipulated protective order. Dkt. 81. Pursuant to Civil

2   Local Rules 79-5(c)(1) and 79-5(f)(3), Google, as the designating party, bears the burden of

3   establishing that all of the designated material is sealable. At present, Plaintiffs take no position as

4   to whether the material Google designated under the protective order is sealable.

5   II.    **ARGUMENT**

6          Plaintiffs seek to seal portions of the two expert reports submitted by their technical expert,

7   Mr. Jonathan Hochman. These portions contain material that Plaintiffs are designating

8   "Confidential" pursuant to the parties' stipulated Protective Order. Specifically, the portions

9   sought to be sealed associate one of the named Plaintiffs (or their experts) with various identifiers

10  and information related to their browsing. *E.g.*, Hochman Report ¶ 234 ("GOOG-BRWN-

11  00819830 shows Plaintiff Jeremy Davis's Google Account ID [], name, email address, IP address

12  [], and user agent."). In that example, Plaintiffs merely seek to seal the Google Account ID number

13  and IP address. In other cases, Plaintiffs seek to seal spreadsheets containing records produced

14  from Google's logs and summaries thereof—where Mr. Hochman has listed the Plaintiffs' names

15  alongside browsing history and identifiers, *e.g.*, Hochman Report App. I, which Plaintiffs expect

16  Google will in any event seek to seal since it contains the names of Google logs and identifiers.

17  Plaintiffs' narrowly tailored proposals "will not interfere with the public's ability to understand

18  the judicial process." *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-cv-04948-HSG, 2016 WL

19  6091543, at *2 (N.D. Cal. Oct. 19, 2016). Plaintiffs are not seeking to redact any of Mr. Hochman's

20  opinions.

21         Furthermore, "an individual's privacy interest" is a compelling reason to seal a document.

22  *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-0100988 MJJ, 2007 WL 3232267, at *2

23  (N.D. Cal. Nov. 1, 2007) (allowing redaction of home addresses and financial account

24  information); *Pension Plan for Pension Tr. Fund for Operating Eng'rs. v. Giacalone Elec. Servs.,*

25  *Inc.*, No. 13-cv-02338-SI, 2015 WL 3956143, at *10 (N.D. Cal. June 29, 2015). This Court has

26  previously granted substantially similar motions to seal these (and other alike) materials in the

27

28                                          5

1    related case of *Calhoun v. Google LLC*. *See, e.g.*, No. 4:20-cv-05146-YGR-SVK (N.D. Cal.), Dkt.

2    198 (sealing *Calhoun* plaintiffs' web browsing history and information).

3          Additionally, public exposure of the information that Plaintiffs seek to seal could subject

4    Plaintiffs to a risk of identity theft. *See, e.g.*, *Adkins v. Facebook, Inc.*, 424 F. Supp. 3d 686, 689

5    (N.D. Cal. 2019) (recognizing that identifiers enable malicious actors to access consumers'

6    accounts); *McDonald v. CP OpCo, LLC*, 2019 WL 34370, at *9 (N.D. Cal. Jan. 28, 2019) (sealing

7    email addresses, recognizing that the email addresses "could become a vehicle for improper

8    purposes").

9    **III.    CONCLUSION**

10         For the reasons articulated herein, Plaintiffs respectfully request that the Court grant their

11   Administrative Motion to Seal.

12   Dated: June 20, 2022                    Respectfully submitted,

13                                            By:  */s/Mark Mao*

14                                            Mark C. Mao (CA Bar No. 236165)
                                              mmao@bsfllp.com
15                                            Beko Reblitz-Richardson (CA Bar No. 238027)
                                              brichardson@bsfllp.com
16                                            Erika Nyborg-Burch (*pro hac vice*)
                                              Enyborg-burch@bsfllp.com
17                                            BOIES SCHILLER FLEXNER LLP
                                              44 Montgomery Street, 41st Floor
18                                            San Francisco, CA 94104
                                              Telephone: (415) 293 6858
19                                            Facsimile (415) 999 9695
20
                                              James W. Lee (*pro hac vice*)
21                                            jlee@bsfllp.com
                                              Rossana Baeza (*pro hac vice*)
22                                            rbaeza@bsfllp.com
                                              BOIES SCHILLER FLEXNER LLP
23                                            100 SE 2nd Street, Suite 2800
                                              Miami, FL 33130
24                                            Telephone: (305) 539-8400
                                              Facsimile: (305) 539-1304
25
26                                            Bill Carmody (*pro hac vice*)
                                              bcarmody@susmangodfrey.com
27                                            Shawn J. Rabin (*pro hac vice*)

28                                            6

srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

7