| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>Erika Nyborg-Burch, CA Bar No. 342125<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br>enyborg-burch@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>William C. Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>                Plaintiffs,<br>  v.<br><br>GOOGLE LLC,<br>                Defendant. | CASE NO.: 4:20-cv-03664-YGR<br><br>**DECLARATION OF CHASOM BROWN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: September 20, 2022<br>Time:  2:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

# DECLARATION OF CHASOM BROWN

Pursuant to 28 U.S.C. § 1746, I, Chasom Brown, hereby declare as follows:

1. My name is Chasom Brown. I am over eighteen years of age and am competent to testify to and have personal knowledge of the facts set forth herein.

2. I am a plaintiff in this lawsuit against Google, Inc. ("Google"). To protect my privacy, I use Chrome's Incognito mode to block companies like Google and others from tracking me. Chasom Brown Depo. Tr., Mao Decl. Ex. 87, 26:20–27:6, 138:6–139:9. Because Google is a juggernaut and collects large amounts of data, I use Incognito to prevent Google from collecting information on me and using it to track me in Incognito. *Id.* at 29:15–24.

3. When I opened my Google account in 2012, and in the years before filing this lawsuit, I had read Google's Terms of Service, Privacy Policy, and other Google disclosures to understand what data was and was not collected. *Id.* at 29:25–30:15, 30:19–31:6, 98:10–18. I agreed to those terms. *Id.* at 99:14–16. This included the Incognito splash screen, which is shown every time I started an Incognito browsing session, and Google was never mentioned as someone that my private browsing activity might still be visible to. *Id.* at 84:15–85:3, 137:16–138:3. All of these documents and disclosures from Google (like the "Search and Browse Privately" page) told me that I was in control of what info would be shared with Google, and I expected that Google would not collect my private browsing activity when I was using Incognito mode. *Id.* at 137:16–138:3, 138:6–13, 138:25–139:9, 197:4–198:23. In other words, I knew that Google collected some information because I use Google products, but I thought that Incognito was my "out" from Google's collection and tracking. *Id.* at 177:24–178:15.

4. After I noticed odd patterns with advertisements in both regular browsing and Incognito mode, I sought the advice of an expert and attorneys to further investigate those patterns. *Id.* at 20:16–22:11, 31:7–32:22. Then I found out the veneer Incognito gives—that Google won't collect my data—was false and Google actually collects massive amounts of data from my Incognito private browsing sessions. *Id.* at 54:20–55:7, 123:21–124:7, 199:24–200:24. So I filed this lawsuit to pursue Google for this conduct and to protect my privacy and the privacy

of every Incognito user.

5. I brought this case as a class action on behalf of two nationwide classes of individuals. The first nationwide class is:

> Class 1 – All Chrome browser users with a Google account who accessed a non-Google website containing Google tracking or advertising code using a browser and who were (a) in "Incognito mode" on that browser and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016 through the present.

6. The second nationwide class is:

> Class 2 – All Safari, Edge, and Internet Explorer users with a Google account who accessed a non-Google website containing Google tracking or advertising code using any such browser and who were (a) in "private browsing mode" on that browser, and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016 through the present.

7. I also understand that the case has been brought as a class action on behalf of one sub-class of California residents.

8. I understand the Court has found a form contract exists composed of Google's Terms of Service, Privacy Policy, Chrome and Chrome OS Additional Terms of Service, Chrome Privacy Notice, Incognito splash screen, the "Search and Browse Privately" page. Dkt. 363 at 13–23.

9. As a class representative, I understand I have a duty to protect the interests of the classes. I will protect the best interests of the members of the classes and will work with my attorneys to obtain success on behalf of those classes.

10. I am not aware of any facts that would limit my ability to adequately represent the interest of other members of the classes, or that my interests conflict in any way with the interests of the classes. I have not been promised any compensation for bringing this case and serving as a class representative.

11. I understand that I am a member of Class 1 because I used Chrome's Incognito mode and visited non-Google websites. I was not logged into my Google account on the browser when I visited those non-Google websites in Incognito mode. But I now know that Google still

1  collects, stores, and uses my private browsing activity without consent. *Id.* at 64:14–65:9,
2  156:16–24, 158:13–22.

3        12.    I also understand that I am a member of the California sub-class because I am a
4  California resident and used a private browsing mode as described above.

5        13.    I have been and continue to be willing to do what is necessary to protect the
6  interests of the members of the classes. I have retained lawyers who have experience in class
7  action litigation. I have discussed this case with my lawyers on numerous occasions, and
8  reviewed pleadings before they were filed. *Id.* at 97:2–98:9. I provided deposition testimony for
9  this case on January 13, 2022 and have responded to numerous written discovery requests from
10 Google. *Id.* at 141:18–142:4, 163:8–21, 165:9–166:3, 166:17:–168:24, 170:18–171:16, 176:18–
11 177:13, 178:16–179:16, 182:9–184:20, 187:18–190:11. I also allowed Google to pull
12 information from my account that is sensitive and confidential to me, like my Google subscriber
13 information. I also helped gather information from my device (with the help of my lawyers and
14 experts) to submit to Google to help understand how Google's tracking works. *Id.* at 191:4–
15 192:25.

16       14.    I am familiar with the claims that have been asserted in the case and have
17 remained apprised of the strategy employed in this litigation. I am committed to staying up to
18 date on any additional developments in this case by continuing to confer with my attorneys on a
19 regular basis.

20       15.    I am aware that there are expenses involved in representing classes, and have
21 arranged with my attorneys that the expenses will be paid by my attorneys and that they will
22 seek reimbursement of these expenses if a recovery is obtained.

23       16.    I will appear at trial for this case.

24     I declare under penalty of perjury that the foregoing is true and correct.
25 Executed on June 20, 2022.
26
27                   CHASOM BROWN