**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
William C. Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | CASE NO.: 4:20-cv-03664-YGR<br><br>**DECLARATION OF CHRISTOPHER CASTILLO IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: September 20, 2022<br>Time: 2:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

# DECLARATION OF CHRISTOPHER CASTILLO

Pursuant to 28 U.S.C. § 1746, I, Christopher Castillo, hereby declare as follows:

1. My name is Christopher Castillo. I am over eighteen years of age and am competent to testify to and have personal knowledge of the facts set forth herein.

2. I am a plaintiff in this lawsuit against Google, Inc. ("Google"). I take my privacy very seriously, and one way to control who can and cannot see certain browsing activity is to use Chrome's Incognito private browsing mode. Christopher Castillo Depo. Tr., Mao Decl. Ex. 89, 84:5–86:2. When I chose to browse privately, I did not consent that my behavior and activity would be shared with anyone not disclosed on the Incognito splash screen—private means private. *Id.* at 94:9–95:1, 158:20–159:6. Google was specifically absent from that screen. *Id.* at 113:18–22, 115:3–7, 158:20–159:6.

3. When I signed up for my Google account in approximately 2012, I read the Terms of Service and Privacy Policy before accepting them. *Id.* at 25:5–26:7. I also periodically reviewed and re-reviewed Google's Privacy Policy as it was changed, like when Google sent me emails telling me that the Privacy Policy had been updated. *Id.* at 86:3–15, 86:16–21. Nowhere in those documents or other disclosures (like Google's "Search and Browse Privately" page) did Google tell me that it would still collect my private browsing activity. To the contrary, Google said that I was in control of what Google does and does not collect. Google said that I "can also choose to browse the web privately using Chrome in Incognito mode." *Id.* at 114:15–115:3, 116:15–25. Incognito was built into Chrome as a way for me to indicate clearly to Google that I did not give consent for Google's surreptitious interception of my private browsing activity in Incognito mode. *Id.* at 47:24–48:15, 155:22–156:7.

4. The Incognito splash screen says "You've Gone Incognito," and the first sentence tells me that I "can browse privately, and other people who use this device won't see [my] activity." *Id.* at 150:24–151:20. This first sentence offers two promises from Google: first, that I could browse the web privately—free from Google's collection and tracking. *Id.* at 150:24–151:20. The second promise was to prevent other people who use my device from seeing that

activity on the device. *Id.* at 150:24–151:20. The Incognito splash screen is pretty specific: it has a little man in disguise, tells me I'm browsing privately, and does not disclose that Google will see that activity. *Id.* at 153:20–154:18. For example, if I buy a shovel from Lowe's website, I know that Lowe's will see that, but what's not disclosed is that Google will too. *Id.* at 154:9–18.

5. When I was looking for an engagement ring, I used Incognito mode to browse possible engagement rings from David Yurman so that I could surprise my girlfriend with the engagement and buy the ring she wanted. But inexplicably, after I closed the Incognito browser, David Yurman advertisements started showing up in regular mode. My girlfriend saw the David Yurman advertisements and started asking me questions. I had to explain and it ruined my surprise. I never understood why the advertisements from the Incognito activity also showed when I was browsing in regular mode until I read about this lawsuit and connected the dots. *Id.* at 233:11–14.

6. I joined this lawsuit with the understanding that the case has been brought as a class action on behalf of two nationwide classes of individuals. The first nationwide class is:

> Class 1 – All Chrome browser users with a Google account who accessed a non-Google website containing Google tracking or advertising code using a browser and who were (a) in "Incognito mode" on that browser and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016 through the present.

7. The second nationwide class is:

> Class 2 – All Safari, Edge, and Internet Explorer users with a Google account who accessed a non-Google website containing Google tracking or advertising code using any such browser and who were (a) in "private browsing mode" on that browser, and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016 through the present.

8. I also understand that the case has been brought as a class action on behalf of one sub-class of California residents.

9. I understand the Court has found a form contract exists composed of Google's Terms of Service, Privacy Policy, Chrome and Chrome OS Additional Terms of Service, Chrome Privacy Notice, Incognito splash screen, the "Search and Browse Privately" page. Dkt. 363 at

13–23.

10. As a class representative, I understand I have a duty to protect the interests of the classes. I will protect the best interests of the members of the classes and will work with my attorneys to obtain success on behalf of those classes.

11. I know of no facts that would limit my ability to adequately represent the interest of other members of the classes, or that my interests conflict in any way with the interests of the classes.

12. I understand that I am a member of Class 1 because I used Chrome's Incognito mode and visited non-Google websites. I was not logged into my Google account on the browser when I visited those non-Google websites in Incognito mode. But I now know that Google still collects, stores, and uses my private browsing activity without consent. *Id.* at 47:24–48:15, 113:18–22, 115:3–7, 155:22–156:7, 158:20–159:6.

13. I also understand that I am a member of the California sub-class because I am a California resident and used a private browsing mode as described above.

14. I have been and continue to be willing to do what is necessary to protect the interests of the members of the classes. I have retained lawyers who have experience in class action litigation. I have discussed this case with my lawyers on numerous occasions. *Id.* at 57:2–18, 233:15–234:4. I provided deposition testimony for this case on February 8, 2022, and have responded to numerous written discovery requests from Google. *Id.* at 202:3–7, 202:12–204:9, 211:14–17, 212:4–213:10, 225:19–226:18, 229:9–229:22, 231:11–23, 232:24–233:4. I also allowed Google to pull information from my account that is sensitive and confidential to me, like my Google subscriber information. *Id.* at 209:15–20. I also assisted with gathering information from my devices (with the help of my lawyers and experts) to submit to Google to help understand how Google's tracking works.

15. I am familiar with the claims that have been asserted in the case and have remained apprised of the strategy employed in this litigation. I am committed to staying up to date on any additional developments in this case by continuing to confer with my attorneys on a

1 | regular basis.

2 | 16.  I am aware that there are expenses involved in representing classes, and have
3 | arranged with my attorneys that the expenses will be paid by my attorneys and that they will
4 | seek reimbursement of these expenses if a recovery is obtained.

5 | 17.  I will appear at trial for this case.

6 | I declare under penalty of perjury that the foregoing is true and correct.
7 | Executed on June 20, 2022.

*[signature]*

CHRISTOPHER CASTILLO