**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
William C. Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | CASE NO.: 4:20-cv-03664-YGR<br><br>**DECLARATION OF WILLIAM BYATT IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: September 20, 2022<br>Time: 2:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

**DECLARATION OF WILLIAM BYATT**

Pursuant to 28 U.S.C. § 1746, I, William Byatt, hereby declare as follows:

1. My name is William Byatt. I am over eighteen years of age and am competent to testify to and have personal knowledge of the facts set forth herein.

2. I am a plaintiff in this lawsuit against Google, Inc. ("Google"). To make sure I was in control of my data, I use Chrome's Incognito private browsing mode. William Byatt Depo. Tr., Mao Decl. Ex. 88, 11:22–12:16. I understood that "private browsing" meant that my behavior and activity wouldn't be shared with anyone I didn't want it shared with—including Google. *Id.* at 11:22–12:16.

3. I recall opening my Google account around 2004 and agreed to Google's then current Terms of Service. *Id.* at 106:1–20. In the years after that, I opened additional accounts and each time I reviewed Google's Terms of Service and Privacy Policy. *Id.* at 106:1–106:20, 109:11–110:2. I have read these multiple times well before this lawsuit. 110:3–6, 111:23–112:13, 112:14–114:9, 115:22–116:6. I understood that those and later versions of Google's Terms of Service and Privacy Policy (and other Google disclosures like the "Search and Browse Privately" page) gave me control over what information is or is not shared with Google across its services. *Id.* at 62:1–10, 109:11–110:2, 110:3–19, 114:10–19, 117:10–22. This includes Chrome and Incognito. *Id.* Google promised not to collect information about my behavior when I was in Incognito mode. *Id.* at 62:1–25, 109:11–110:2, 110:3–19, 122:5–18. For example, Google's May 25, 2018 Privacy Policy stated that Google understood privacy "is a big responsibility and [Google] works hard to protect [my] info and put [me] in control." *Id.* at 114:10–19. That May 25, 2018 Privacy Policy also said I could "use [Google's] services in a variety of ways to manage [my] privacy" including "choos[ing] to browse the web privately in Incognito." *Id.* at 114:20–115:5.

4. This promise of control was reinforced by Google's Incognito splash screen as another notice that promised me control over what Google did and did not collect. *Id.* 110:19–111:1, 122:22–123:20, 124:11–15, 126:25–127:23. This also includes when I visit Google-

owned and operated websites like Google Search because Google promised that I was always in control of what Google could and could not collect. *Id.* at 63:1–10. Google was never listed as an entity that my Incognito private browsing activity might still be visible to. *Id.* at 135:19–136:14, 140:12–25. The spy guy image on that screen further reinforced that my browsing was private. 232:14–233:2.

5. I brought this case after finding out that Incognito mode wasn't actually private and that Google was collecting all of my private browsing activity. *Id.* at 75:14–76:16. I understand this is a class action brought on behalf of two nationwide classes of individuals. The first nationwide class is:

> Class 1 – All Chrome browser users with a Google account who accessed a non-Google website containing Google tracking or advertising code using a browser and who were (a) in "Incognito mode" on that browser and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016 through the present.

6. The second nationwide class is:

> Class 2 – All Safari, Edge, and Internet Explorer users with a Google account who accessed a non-Google website containing Google tracking or advertising code using any such browser and who were (a) in "private browsing mode" on that browser, and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016 through the present.

7. I also understand that the case has been brought as a class action on behalf of one sub-class of California residents.

8. I understand the Court has found a form contract exists composed of Google's Terms of Service, Privacy Policy, Chrome and Chrome OS Additional Terms of Service, Chrome Privacy Notice, Incognito splash screen, the "Search and Browse Privately" page. Dkt. 363 at 13–23.

9. As a class representative, I understand I have a duty to protect the interests of the classes. I will protect the best interests of the members of the classes and will work with my attorneys to obtain success on behalf of those classes.

10. I know of no facts that would limit my ability to adequately represent the interest

of other members of the classes, or that my interests conflict in any way with the interests of the classes. Nobody has promised me any compensation for filing this lawsuit and serving as a class representative.

11. I understand that I am a member of Class 1 because I used Chrome's Incognito mode and visited non-Google websites. I was not logged into my Google account on the browser when I did that. However, after filing this lawsuit and learning more about Google's Incognito mode and how it works, I now understand that Google collects, stores, and uses my private browsing activity without my consent and against my will. *Id.* at 23:19–24:2, 42:12–22, 135:9–136:14, 157:15–159:5, 215:18–216:1.

12. I have been and continue to be willing to do what is necessary to protect the interests of the members of the classes. I have retained lawyers who have experience in class action litigation. I have discussed this case with my lawyers on numerous occasions, reviewing pleadings before they were filed. *Id.* at 156:2–24. I provided deposition testimony for this case on December 20, 2021, and have responded to numerous written discovery requests from Google. 166:18–167:8, 167:24–168:23, 168:24–170:1, 174:11–175:9, 175:10–23, 175:24–176:19, 205:2–20, 206:20–207:23, 211:10–212:4, 212:7–212:25, 216:21–217:1, 218:20–219:11, 219:12–25, 220:12–221:2, 221:13–222:18, 228:5–20, 229:5–16, 233:19–234:6. I also allowed Google to pull information from my account that is sensitive and confidential to me, like my Google subscriber information. *Id.* I also assisted with gathering information form my devices (with the help of my lawyers and experts) to submit to Google to help understand how Google's tracking works.

13. I am familiar with the claims that have been asserted in the case and have remained apprised of the strategy employed in this litigation. I am committed to staying up to date on any additional developments in this case by continuing to confer with my attorneys on a regular basis.

14. I am aware that there are expenses involved in representing classes, and have arranged with my attorneys that the expenses will be paid by my attorneys and that they will

1 | seek reimbursement of these expenses if a recovery is obtained.

2 |     15.    I will appear at trial for this case.

3 |     I declare under penalty of perjury that the foregoing is true and correct.

4 | Executed on June 20, 2022.

*William Byatt*
_____
WILLIAM BYATT