| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted *pro hac vice*)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>Erika Nyborg-Burch, CA Bar No. 342125<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br>enyborg-burch@bsfllp.com<br><br>James Lee (admitted *pro hac vice*)<br>Rossana Baeza (admitted *pro hac vice*)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted *pro hac vice*)<br>Shawn J. Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>Alexander Frawley (admitted *pro hac vice*)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY  10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted *pro hac vice*)<br>Ryan J. McGee (admitted *pro hac vice*)<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>   Defendant. | Case No.:  4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION REGARDING COURT'S MAY 20, 2022 ORDER**<br><br>**CIVIL L.R. 7-11** |

Pursuant to Civil Local Rule 7-11, Plaintiffs respectfully seek permission from the Court for limited further briefing regarding Google's response to the Court's sanctions order (Dkts. 588, 593-3) (the "Sanctions Order"),[1] which demonstrates additional misconduct by Google that continues to prejudice Plaintiffs.

This motion stems from a declaration that Google served on June 14, 2022, where Google employee Martin Sramek identified ▌ additional logs that contain Incognito detection bits. A true and correct copy of Mr. Sramek's June 14 declaration is attached to the concurrently filed Mao Declaration as **Exhibit A** (the "June 14 Sramek Decl."). Google served this declaration pursuant to the Court's Sanctions Order, which required Google to "provide Plaintiffs with a representation in writing no later than **May 31, 2022** that other than the logs identified thus far as containing Incognito-detection bits, no other such logs exist." Dkt. 593-3 at 6 (emphasis in original).

Google did not meet that deadline. Instead, on May 31, 2022, Google served a declaration (also from Mr. Sramek) stating that Google's investigation started on May 23 was "ongoing," and that it would take another two weeks. A true and correct copy of Mr. Sramek's May 31, 2022 Declaration is attached to the concurrently filed Mao Declaration as **Exhibit B** (the "May 31 Sramek Decl."); *id.* ¶ 5. Prior to sending this declaration, Google did not ask the Court or Plaintiffs for any extension. Google also did not attempt to justify why it needed an extension to investigate the existence of logs that Plaintiffs have been seeking to identify for many months, and that the Court specially inquired about during the April 21, 2022 Sanctions hearing (where Google could not provide a straightforward response). Instead, Google granted itself a two-week extension, and then ***provided the June 14 declaration after Plaintiffs served their final expert reports***.

Google should have disclosed these logs containing the Incognito detection bits many months ago, including in response to this Court's initial Order to Show Cause Why Google Should Not be Sanctioned for Discovery Misconduct ("Order to Show Cause"). As a result of Google's failure to disclose these Incognito detection bits and the logs in which they exist sooner,

---

[1] On May 31, 2022, the parties filed a joint submission regarding sealing portions of the Sanctions Order, which had a public version of the Sanctions Order with proposed redactions. Dkt. 593. Accordingly, Plaintiffs will refer to the publicly-available information revealed in Dkt. 593-3.

compounded by Google's self-granted extension, Plaintiffs were unable to obtain discovery regarding these additional logs or even note their existence in Plaintiffs' final expert reports, which were served on June 7, 2022. Dkt. 581.

According to Mr. Sramek's June 14 Declaration, the ▮ *additional* logs (above and beyond the ▮ logs that Plaintiffs and the Court knew about as of the April 21, 2022 Sanctions hearing) that contain Incognito-detection bits also:

1. ███████████████████████████████████████ (June 14 Sramek Decl. ¶ 11);

2. Support Google's ███████████████████████████ (*id.* ¶ 6);

3. Are ███████████████████████████ (*id.* ¶ 7); and

4. ███████████████████████████████████████ ███████████████████████████ (*id.* ¶ 9).

Google also disclosed an additional ▮ log containing these Incognito-detection bits, but Google did not provide any substantive description of the data contained in that log or the identifiers used with that log. *Id.* ¶ 12.

Google also still has not complied with the Court's requirement that Google "provide Plaintiffs with a representation in writing . . . that . . . no other logs exist." Dkt. 593-3 at 6.

Google's belated disclosure of these additional data sources (and continuing refusal to represent that no other logs exist) has prejudiced Plaintiffs, and Plaintiffs respectfully request an opportunity to submit very short additional briefing for the Court on these issues. Plaintiffs wish to seek additional sanctions pursuant to Federal Rule of Civil Procedure 37, including preclusion and issue sanctions, jury instructions, and monetary sanctions.

Plaintiffs request that the Court set a briefing schedule on an expedited track:

| Pleading | Page Limit | Due Date |
|---|---|---|
| Plaintiffs' Motion and Memorandum | 8 | July 1, 2022 |
| Google's Opposition | 8 | July 8, 2022 |
| Plaintiffs' Reply | 5 | July 15, 2022 |

1  Google has informed Plaintiffs that it is not opposed to additional briefing on these issues, but Google stated that any additional briefing in July would cause Google "to oppose the briefing schedule and/or seek to push the class cert briefing and expert discovery deadlines back." Mao Decl. ¶ 3. Plaintiffs have worked extremely hard to meet the class certification and expert discovery deadlines, and Google's additional discovery misconduct should not provide any basis for Google to now seek to modify any of those deadlines. Google should not be permitted to complain about timing when the timeframe is entirely attributable to Google's misconduct. Had Google disclosed these additional ▌ logs when Plaintiffs first uncovered the Incognito detection bits, the parties would have already briefed their import and there would no need for additional briefing. Google's delay and obstruction has already prejudiced Plaintiffs, and it is improper for Google use that same delay and obstruction to delay any imposition of additional sanctions or obtain more time for Google's opposition to Plaintiffs' class certification motion.

Dated: June 23, 2022

Respectfully submitted,

By: /s/ Mark Mao

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (*pro hac vice*)
Enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

4
PLAINTIFFS' ADMINISTRATIVE MOTION RE: COURT'S MAY 20, 2022 ORDER
Case No. 4:20-cv-03664-YGR-SVK