1

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2
Diane M. Doolittle (CA Bar No. 142046)            Andrew H. Schapiro (admitted *pro hac vice*)
dianedoolittle@quinnemanuel.com                    andrewschapiro@quinnemanuel.com

3
Sara Jenkins (CA Bar No. 230097)                   Teuta Fani (admitted *pro hac vice*)
sarajenkins@quinnemanuel.com                       teutafani@quinnemanuel.com

4
555 Twin Dolphin Drive, 5th Floor                  191 N. Wacker Drive, Suite 2700
Redwood Shores, CA 94065                           Chicago, IL 60606

5
Telephone: (650) 801-5000                          Telephone: (312) 705-7400
Facsimile: (650) 801-5100                          Facsimile: (312) 705-7401

6

7
Stephen A. Broome (CA Bar No. 314605)              Josef Ansorge (admitted *pro hac vice*)
stephenbroome@quinnemanuel.com                     josefansorge@quinnemanuel.com

8
Viola Trebicka (CA Bar No. 269526)                 Xi ("Tracy") Gao (CA Bar No. 326266)
violatrebicka@quinnemanuel.com                     tracygao@quinnemanuel.com

9
Marie Hayrapetian (CA Bar No. 315797)              Carl Spilly (admitted *pro hac vice*)
mariehayrapetian@quinnemanuel.com                  carlspilly@quinnemanuel.com

10
865 S. Figueroa Street, 10th Floor                 1300 I Street NW, Suite 900
Los Angeles, CA 90017                              Washington D.C., 20005

11
Telephone: (213) 443-3000                          Telephone: (202) 538-8000
Facsimile: (213) 443-3100                          Facsimile: (202) 538-8100

12

13
Jomaire Crawford (admitted *pro hac vice*)         Jonathan Tse (CA Bar No. 305468)
jomairecrawford@quinnemanuel.com                   jonathantse@quinnemanuel.com

14
51 Madison Avenue, 22nd Floor                      50 California Street, 22nd Floor
New York, NY 10010                                 San Francisco, CA 94111

15
Telephone: (212) 849-7000                          Telephone: (415) 875-6600
Facsimile: (212) 849-7100                          Facsimile: (415) 875-6700

16

17
*Counsel for Defendant Google LLC*

18
**UNITED STATES DISTRICT COURT**

19
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

20

21
CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,

22

23

Case No. 4:20-cv-03664-YGR-SVK

**GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION REGARDING COURT'S MAY 20, 2022 ORDER (DKT. 615)**

24
            Plaintiffs,

Referral: Hon. Susan van Keulen, USMJ

25
                  v.

26
GOOGLE LLC,

27
            Defendant.

28

## I.    INTRODUCTION

Pursuant to Local Rule 7-11, Google, LLC ("Google") hereby responds to Plaintiffs' Administrative Motion Regarding Court's May 20, 2022 Order (Dkt. 615) ("Motion" or "Mot.").

## II.    RESPONSE

To the extent the Court entertains Plaintiffs' request for additional briefing, Google requests a modification to Plaintiffs' proposed schedule. Specifically, that the Court (i) set the briefing schedule to begin August 4, after Google has filed its opposition to Plaintiffs' class certification motion and (ii) allow Google two weeks to oppose any supplemental motion for sanctions. Google's proposed schedule would ensure that Google can respond adequately to Plaintiffs' supplemental motion, which Plaintiffs represent will seek serious sanctions. *See* Mot. 2. Plaintiffs refused to negotiate a reasonable briefing schedule and presented their proposed schedule to Google for the first time on the day they filed the instant Motion. The objective of Plaintiffs' proposed schedule appears to be to encumber Google at a critical juncture in the case.

Plaintiffs have already had two weeks to prepare their sanctions motion, and now propose to file it on Friday, July 1—the day before the July 4 holiday weekend—and give Google only ***four business days*** to respond. *Id*. (They further propose that their reply to Google's opposition should be due a full week later, with no intervening holidays. *Id*.) This proposed schedule, already unbalanced in Plaintiffs' favor, is all the more inequitable because they intend to seek multiple highly prejudicial sanctions "including preclusion and issue sanctions, jury instructions, and monetary sanctions." *Id*. Google deserves sufficient time to respond when such severe penalties are on the line.

Moreover, as Plaintiffs are acutely aware, Google is currently preparing its opposition to Plaintiffs' motion for class certification (due August 4, 2022) and simultaneously preparing to depose Plaintiffs' six experts, whose nine reports and supporting materials collectively comprise over 2,500 pages. At the same time, Google is preparing its opposition to the *Calhoun* Plaintiffs' pending sanctions motion and for the associated hearing scheduled for August 11, 2022.

The Parties have been working around the clock to litigate these related matters, and, as Google explained to Plaintiffs when they notified Google of their intent to file their motion, several

1 of Google's counsel have planned brief vacations with their families during the period Plaintiffs

2 propose to brief this matter. Google does not seek any undue delay in the consideration of these

3 issues, and proposes only to postpone briefing until its opposition to class certification is complete.

4 If Plaintiffs believe Google's proposed schedule would interfere with their reply in support of class

5 certification, Google is willing to consider a mutually acceptable alternative.

6      Plaintiffs have no compelling justification for forcing Google to brief this motion on such

7 an urgent, inequitable timeline.[1] Their argument that Google's request to delay briefing by one

8 month constitutes "obstruction to delay any imposition of additional sanctions," *id.* at 3, is

9 meritless—particularly because the principal relief they intend to seek (evidentiary preclusion and

10 a jury instruction) will not become relevant until summary judgment and trial, respectively. Unable

11 to articulate a reason that these issues must be briefed ***next week***, Plaintiffs instead insist that

12 "Google should not be permitted to complain about timing when the timeframe is entirely

13 attributable to Google's misconduct." *Id.* In sum and substance, then, Plaintiffs contend that having

14 to oppose their motion on an unfavorable timeline is itself a sanction Google should bear, even

15 ***before*** the Court determines whether there has been any misconduct. (As Google will demonstrate

16 in its opposition, there has been none.) No such urgency is warranted here, and Google should not

17 be forced to respond on the schedule Plaintiffs unilaterally proposed to advantage themselves.

18 **III.   CONCLUSION**

19      For the foregoing reasons, Google consents to Plaintiffs' request for limited additional

20 briefing, and respectfully requests that the Court set the following schedule for that briefing:

| **Pleading** | **Page Limit** | **Due Date** |
|---|---|---|
| Plaintiffs' Motion and Memorandum | 8 | August 4, 2022 |
| Google's Opposition | 8 | August 18, 2022 |
| Plaintiffs' Reply | 5 | August 25, 2022 |

---

[1] For example, Plaintiffs seek no additional discovery in connection with the ongoing class certification briefing. Indeed, Plaintiffs filed their class certification motion, Dkt. 609, ***after*** receiving the Sramek Declaration on June 14, Dkt. 615-3, without any indication that class certification briefing depended on the resolution of an as-yet-undisclosed motion for sanctions.

1
DATED:  June 28, 2022

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

2
By _____ */s/ Andrew H. Schapiro* _____

3
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com

4
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606

5
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

6

7
Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com

8
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com

9
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com

10
Marie Hayrapetian (CA Bar No. 315797)
mariehayrapetian@quinnemanuel.com

11
865 S. Figueroa Street, 10th Floor

12
Los Angeles, CA 90017
Telephone: (213) 443-3000

13
Facsimile: (213) 443-3100

14
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com

15
555 Twin Dolphin Drive, 5th Floor

16
Redwood Shores, CA 94065
Telephone: (650) 801-5000

17
Facsimile: (650) 801-5100

18
Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com

19
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005

20
Telephone: 202-538-8000
Facsimile: 202-538-8100

21

22
Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com

23
51 Madison Avenue, 22nd Floor
New York, NY 10010

24
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

25

26
Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com

27
50 California Street, 22nd Floor
San Francisco, CA 94111

28
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

-3-                          Case No. 4:20-cv-03664-YGR-SVK
GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION
REGARDING COURT'S MAY 20, 2022 ORDER

1

2

*Attorneys for Defendant Google LLC*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 4:20-cv-03664-YGR-SVK
GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION
REGARDING COURT'S MAY 20, 2022 ORDER