1    **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2    Diane M. Doolittle (CA Bar No. 142046)          Andrew H. Schapiro (admitted *pro hac vice*)
     dianedoolittle@quinnemanuel.com                 andrewschapiro@quinnemanuel.com
3    Sara Jenkins (CA Bar No. 230097)                Teuta Fani (admitted *pro hac vice*)
     sarajenkins@quinnemanuel.com                    teutafani@quinnemanuel.com
4    555 Twin Dolphin Drive, 5th Floor               191 N. Wacker Drive, Suite 2700
     Redwood Shores, CA 94065                        Chicago, IL 60606
5    Telephone: (650) 801-5000                       Telephone: (312) 705-7400
     Facsimile: (650) 801-5100                       Facsimile: (312) 705-7401
6

7    Stephen A. Broome (CA Bar No. 314605)           Josef Ansorge (admitted *pro hac vice*)
     stephenbroome@quinnemanuel.com                  josefansorge@quinnemanuel.com
8    Viola Trebicka (CA Bar No. 269526)              Xi ("Tracy") Gao (CA Bar No. 326266)
     violatrebicka@quinnemanuel.com                  tracygao@quinnemanuel.com
9    Crystal Nix-Hines (Bar No. 326971)              Carl Spilly (admitted *pro hac vice)*
     crystalnixhines@quinnemanuel.com                carlspilly@quinnemanuel.com
10   Alyssa G. Olson (CA Bar No. 305705)             1300 I Street NW, Suite 900
     alyolson@quinnemanuel.com                       Washington D.C., 20005
11   865 S. Figueroa Street, 10th Floor              Telephone: (202) 538-8000
     Los Angeles, CA 90017                           Facsimile: (202) 538-8100
12   Telephone: (213) 443-3000
     Facsimile: (213) 443-3100
13

14
     Jomaire Crawford (admitted *pro hac vice*)       Jonathan Tse (CA Bar No. 305468)
15   jomairecrawford@quinnemanuel.com                jonathantse@quinnemanuel.com
     51 Madison Avenue, 22nd Floor                   50 California Street, 22nd Floor
16   New York, NY 10010                              San Francisco, CA 94111
     Telephone: (212) 849-7000                       Telephone: (415) 875-6600
17   Facsimile: (212) 849-7100                       Facsimile: (415) 875-6700

18   *Counsel for Defendant Google LLC*

19                        UNITED STATES DISTRICT COURT

20           NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

21   CHASOM BROWN, WILLIAM BYATT,              Case No. 4:20-cv-03664-YGR-SVK
     JEREMY DAVIS, CHRISTOPHER
22   CASTILLO, and MONIQUE TRUJILLO,
     individually and on behalf of themselves and    **DECLARATION OF JONATHAN TSE IN**
23   all others similarly situated,            **SUPPORT        OF       PLAINTIFFS'**
                                               **ADMINISTRATIVE MOTION TO SEAL**
24                Plaintiffs,                   **PORTIONS       OF       PLAINTIFFS'**
                                               **ADMINISTRATIVE            MOTION**
25          v.                                 **REGARDING COURT'S MAY 20, 2022**
                                               **ORDER (DKT. 614)**
26   GOOGLE LLC,

27                Defendant.                    Judge: Hon. Susan van Keulen, USMJ

28

I, Jonathan Tse, declare as follows:

1.      I am a member of the bar of the State of California and an attorney at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      I am making this declaration pursuant to Civil Local Rule 79-5(e)-(f) as an attorney for Google as the Designating Party, pursuant to Civil Local Rule 79-5(f)(3) in response to Dkt. 545.

3.      On June 24, 2022, Plaintiffs filed their Administrative Motion to Consider Whether Another Party's Material Should Be Sealed regarding Plaintiffs' Administrative Motion re: the Court's May 20, 2022 Order ("Plaintiffs' Motion").

4.      I have reviewed the documents that Plaintiffs seek to file under seal pursuant to Civil Local Rule 79-5. Based on my review, there is good cause to seal the following information:

| Document | Basis for Sealing |
|---|---|
| Plaintiffs' Administrative Motion Regarding Court's May 20, 2022 Order at:<br><br>Pages: 1:6, 2:4-5, 2:13, 3:8. | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, identifiers, data signals, and logs, and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit A to the Declaration of Mark Mao (Supplemental | The information requested to be sealed contains Google's highly confidential and proprietary information regarding |

TSE DECLARATION ISO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL

| | |
|---|---|
| Declaration of Martin Sramek In Response To May 20, 2022 Order) at:<br><br>Pages: 2:14, 2:20, 2:24-28, 3:1, 3:3-10, 3:12-23, 3:27-28, 4:1-4, 6:1, 6:3-4, 6:6, 6:8-11, 6:13-27, 7:1, 7:3-9, 7:11-26, 8:1-13, 8:15-18. | highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, identifiers, logs, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit B to the Declaration of Mark Mao (Declaration of Martin Sramek In Response To May 20, 2022 Order) at:<br><br>Pages: 1:23-26, 2:1-28, 3:1-16, 4:8. | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, data signals, and logs, and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

5.      Google's request is narrowly tailored in order to protect its confidential information. These redactions are limited in scope and volume.  Because the proposed redactions are narrowly tailored and limited to portions containing Google's highly-confidential or confidential information,

1  Google requests that the portions of the aforementioned documents be redacted from any public

2  version of those documents.

3         6.       Google does not seek to redact or file under seal any of the remaining portions of

4  Plaintiffs' Motion not indicated in the table above.

5

6         I declare under penalty of perjury of the laws of the United States that the foregoing is true

7  and correct. Executed in San Francisco, California on June 30, 2022.

8

9  DATED:  June 30, 2022                    QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
10

11

12                                          By _____*/s/ Jonathan Tse*_____
                                               Jonathan Tse
13
                                            *Attorney for Defendant*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28