# Plaintiffs' Administrative Motion re: Sanctions
## Redacted Version of Document Sought to be Sealed

1  **BOIES SCHILLER FLEXNER LLP**                **SUSMAN GODFREY L.L.P.**
   David Boies (admitted *pro hac vice*)        Bill Carmody (admitted *pro hac vice*)
2  333 Main Street                              Shawn J. Rabin (admitted *pro hac vice*)
   Armonk, NY 10504                             Steven M. Shepard (admitted *pro hac vice*)
3  Tel: (914) 749-8200                          Alexander Frawley (admitted *pro hac vice*)
4  dboies@bsfllp.com                            1301 Avenue of the Americas, 32nd Floor
                                                New York, NY  10019
5  Mark C. Mao, CA Bar No. 236165               Tel.: (212) 336-8330
   Beko Reblitz-Richardson, CA Bar No. 238027   bcarmody@susmangodfrey.com
6  Erika Nyborg-Burch, CA Bar No. 342125        srabin@susmangodfrey.com
   44 Montgomery St., 41st Floor                sshepard@susmangodfrey.com
7  San Francisco, CA 94104                      afrawley@susmangodfrey.com
   Tel.: (415) 293-6800
8  mmao@bsfllp.com                              Amanda K. Bonn, CA Bar No. 270891
   brichardson@bsfllp.com                       1900 Avenue of the Stars, Suite 1400
9  enyborg-burch@bsfllp.com                     Los Angeles, CA 90067
                                                Tel.: (310) 789-3100
10 James Lee (admitted *pro hac vice*)          abonn@susmangodfrey.com
11 Rossana Baeza (admitted *pro hac vice*)
   100 SE 2nd St., 28th Floor                   **MORGAN & MORGAN**
12 Miami, FL 33131                              John A. Yanchunis (admitted *pro hac vice*)
   Tel.: (305) 539-8400                         Ryan J. McGee (admitted *pro hac vice*)
13 jlee@bsfllp.com                              201 N. Franklin Street, 7th Floor
   rbaeza@bsfllp.com                            Tampa, FL 33602
14                                              Tel.: (813) 223-5505
   Alison L. Anderson, CA Bar No. 275334        jyanchunis@forthepeople.com
15 725 S Figueroa St., 31st Floor               rmcgee@forthepeople.com
   Los Angeles, CA 90017
16 Tel.: (213) 995-5720                         Michael F. Ram, CA Bar No. 104805
   alanderson@bsfllp.com                        711 Van Ness Ave, Suite 500
17                                              San Francisco, CA 94102
                                                Tel: (415) 358-6913
18                                              mram@forthepeople.com
19

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION REGARDING COURT'S MAY 20, 2022 ORDER**<br><br>**CIVIL L.R. 7-11** |

Pursuant to Civil Local Rule 7-11, Plaintiffs respectfully seek permission from the Court for limited further briefing regarding Google's response to the Court's sanctions order (Dkts. 588, 593-3) (the "Sanctions Order"),[1] which demonstrates additional misconduct by Google that continues to prejudice Plaintiffs.

This motion stems from a declaration that Google served on June 14, 2022, where Google employee Martin Sramek identified ▇ additional logs that contain Incognito detection bits. A true and correct copy of Mr. Sramek's June 14 declaration is attached to the concurrently filed Mao Declaration as **Exhibit A** (the "June 14 Sramek Decl."). Google served this declaration pursuant to the Court's Sanctions Order, which required Google to "provide Plaintiffs with a representation in writing no later than **May 31, 2022** that other than the logs identified thus far as containing Incognito-detection bits, no other such logs exist." Dkt. 593-3 at 6 (emphasis in original).

Google did not meet that deadline. Instead, on May 31, 2022, Google served a declaration (also from Mr. Sramek) stating that Google's investigation started on May 23 was "ongoing," and that it would take another two weeks. A true and correct copy of Mr. Sramek's May 31, 2022 Declaration is attached to the concurrently filed Mao Declaration as **Exhibit B** (the "May 31 Sramek Decl."); *id.* ¶ 5. Prior to sending this declaration, Google did not ask the Court or Plaintiffs for any extension. Google also did not attempt to justify why it needed an extension to investigate the existence of logs that Plaintiffs have been seeking to identify for many months, and that the Court specially inquired about during the April 21, 2022 Sanctions hearing (where Google could not provide a straightforward response). Instead, Google granted itself a two-week extension, and then ***provided the June 14 declaration after Plaintiffs served their final expert reports***.

Google should have disclosed these logs containing the Incognito detection bits many months ago, including in response to this Court's initial Order to Show Cause Why Google Should Not be Sanctioned for Discovery Misconduct ("Order to Show Cause"). As a result of Google's failure to disclose these Incognito detection bits and the logs in which they exist sooner,

---

[1] On May 31, 2022, the parties filed a joint submission regarding sealing portions of the Sanctions Order, which had a public version of the Sanctions Order with proposed redactions. Dkt. 593. Accordingly, Plaintiffs will refer to the publicly-available information revealed in Dkt. 593-3.

compounded by Google's self-granted extension, Plaintiffs were unable to obtain discovery regarding these additional logs or even note their existence in Plaintiffs' final expert reports, which were served on June 7, 2022. Dkt. 581.

According to Mr. Sramek's June 14 Declaration, the ▊ *additional* logs (above and beyond the ▊ logs that Plaintiffs and the Court knew about as of the April 21, 2022 Sanctions hearing) that contain Incognito-detection bits also:

1. "[C]ontain data regarding users' interactions with ads related to third-party exchanges" (June 14 Sramek Decl. ¶ 11);
2. Support Google's "analysis and modeling to predict ad revenues" (*id.* ¶ 6);
3. Are "currently used for analysis and testing" (*id.* ¶ 7); and
4. "[C]ontain information in personal logs, which were not previously disclosed by Google, joined with information contained in query state logs" (*id.* ¶ 9).

Google also disclosed an additional ▊ log containing these Incognito-detection bits, but Google did not provide any substantive description of the data contained in that log or the identifiers used with that log. *Id.* ¶ 12.

Google also still has not complied with the Court's requirement that Google "provide Plaintiffs with a representation in writing . . . that . . . no other logs exist." Dkt. 593-3 at 6.

Google's belated disclosure of these additional data sources (and continuing refusal to represent that no other logs exist) has prejudiced Plaintiffs, and Plaintiffs respectfully request an opportunity to submit very short additional briefing for the Court on these issues. Plaintiffs wish to seek additional sanctions pursuant to Federal Rule of Civil Procedure 37, including preclusion and issue sanctions, jury instructions, and monetary sanctions.

Plaintiffs request that the Court set a briefing schedule on an expedited track:

| Pleading | Page Limit | Due Date |
|---|---|---|
| Plaintiffs' Motion and Memorandum | 8 | July 1, 2022 |
| Google's Opposition | 8 | July 8, 2022 |
| Plaintiffs' Reply | 5 | July 15, 2022 |

1  Google has informed Plaintiffs that it is not opposed to additional briefing on these issues,
2  but Google stated that any additional briefing in July would cause Google "to oppose the briefing
3  schedule and/or seek to push the class cert briefing and expert discovery deadlines back." Mao
4  Decl. ¶ 3. Plaintiffs have worked extremely hard to meet the class certification and expert
5  discovery deadlines, and Google's additional discovery misconduct should not provide any basis
6  for Google to now seek to modify any of those deadlines. Google should not be permitted to
7  complain about timing when the timeframe is entirely attributable to Google's misconduct. Had
8  Google disclosed these additional ▮ logs when Plaintiffs first uncovered the Incognito detection
9  bits, the parties would have already briefed their import and there would no need for additional
10 briefing. Google's delay and obstruction has already prejudiced Plaintiffs, and it is improper for
11 Google use that same delay and obstruction to delay any imposition of additional sanctions or
12 obtain more time for Google's opposition to Plaintiffs' class certification motion.

Dated: June 23, 2022

Respectfully submitted,

By: /s/ Mark Mao

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (pro hac vice)
Enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (pro hac vice)
jlee@bsfllp.com
Rossana Baeza (pro hac vice)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

| | |
|---|---|
| 1 | Bill Carmody (*pro hac vice*) |
| | bcarmody@susmangodfrey.com |
| 2 | Shawn J. Rabin (*pro hac vice*) |
| | srabin@susmangodfrey.com |
| 3 | Steven Shepard (*pro hac vice*) |
| | sshepard@susmangodfrey.com |
| 4 | Alexander P. Frawley (*pro hac vice*) |
| | afrawley@susmangodfrey.com |
| 5 | SUSMAN GODFREY L.L.P. |
| 6 | 1301 Avenue of the Americas, 32nd Floor |
| | New York, NY  10019 |
| 7 | Telephone: (212) 336-8330 |
| 8 | Amanda Bonn (CA Bar No. 270891) |
| | abonn@susmangodfrey.com |
| 9 | SUSMAN GODFREY L.L.P. |
| 10 | 1900 Avenue of the Stars, Suite 1400 |
| | Los Angeles, CA 90067 |
| 11 | Telephone: (310) 789-3100 |
| 12 | John A. Yanchunis (*pro hac vice*) |
| 13 | jyanchunis@forthepeople.com |
| | Ryan J. McGee (*pro hac vice*) |
| 14 | rmcgee@forthepeople.com |
| | MORGAN & MORGAN, P.A. |
| 15 | 201 N Franklin Street, 7th Floor |
| | Tampa, FL 33602 |
| 16 | Telephone: (813) 223-5505 |
| 17 | Facsimile: (813) 222-4736 |
| 18 | Michael F. Ram, CA Bar No. 104805 |
| | MORGAN & MORGAN |
| 19 | 711 Van Ness Ave, Suite 500 |
| | San Francisco, CA 94102 |
| 20 | Tel: (415) 358-6913 |
| 21 | mram@forthepeople.com |
| 22 | *Attorneys for Plaintiffs* |

4
PLAINTIFFS' ADMINISTRATIVE MOTION RE: COURT'S MAY 20, 2022 ORDER
Case No. 4:20-cv-03664-YGR-SVK