UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Case No. 20-cv-03664-YGR (SVK)<br><br>**ORDER ON AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>RE: Dkt. No. 597 |

In its Order on Plaintiffs' Motion for Sanctions for Discovery Misconduct (Dkt. 588), the Court ordered, in relevant part, that, "Google must pay all attorneys' fees and costs incurred by Plaintiffs in filing the Sanctions Motion, including expert consultant and witness fees." Dkt. 588. Plaintiffs then submitted a request for fees and costs (Dkt. 597); Google responded (Dkt. 625); and pursuant to this Court's request, Plaintiffs provided additional clarification (Dkt. 607) and detailed billing statements for in-camera review (Dkt. 629). The Court has given careful consideration to all of the submissions, and awards attorneys' fees and costs as provided herein.

### I. Legal Standard

In determining an appropriate award of attorneys' fees as a sanction for misconduct "when using its inherent sanctioning authority (and civil procedures)," the court must "establish a causal link [] between the litigant's misbehavior and legal fees paid by the opposing party." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). "That kind of causal connection [] is appropriately framed as a but-for test: The complaining party [] may recover only the portion of his fees that he would not have paid but for the misconduct." *Id.* at 1187 (internal quotation marks and citations omitted). "This but-for causation standard generally demands that a district court assess and allocate specific litigation expenses—yet still allows it to exercise discretion and judgment." *Id.* A trial court undertaking the task of determining whether attorneys' fees for a

particular litigation task would or would not have been incurred in the absence of the sanctioned conduct "need not, and indeed should not, become green-eyeshade accountants." *Id.* (citation omitted). The trial court may take into account its "overall sense of the suit, and may use estimates in calculating and allocating an attorney's time." *Id.* (citation omitted); *see also, e.g., Optrics Inc. v. Barracuda Networks Inc.*, No. 17-cv-04977-RS (TSH), 2021 WL 411349, at *8-9 (N.D. Cal. Feb. 4, 2021) (as sanction under Rule 37 and court's inherent power, awarding half of requested attorneys' fees for certain tasks because it was "reasonable to infer that [the] misconduct at least doubled the amount of work" the requesting party had to perform on those tasks); *Garcia v. City of Santa Clara,* No. 10-cv-02424-SI, 2017 WL 1398263, at *5 (N.D. Cal. Apr. 19, 2017) (awarding attorneys' fees as sanction under Rule 37(b)(2) for an "in-person document review, which would not have been necessary but for defendants' carelessness" but awarding fees at lower junior associate's hourly rate "[b]ecause the Court sees no need for a senior associate to have conducted the bulk of this document review"). The "essential goal in shifting fees is to do rough justice, not to achieve auditing perfection." *Goodyear*, 137 S. Ct. at 1187 (internal quotation marks and citation omitted).

## II.   Plaintiffs' Attorneys' Fees and Costs

The Court has already determined that the appropriate measure of the monetary sanction for Google's discovery misconduct is the attorneys' fees and costs incurred in bringing the sanctions motion, which is to be paid by Google to Plaintiffs. Dkt. 588. The only remaining issue is whether the fees and costs identified by Plaintiffs are sufficiently linked to the sanctions motion to fall within the Court's order. A brief overview of the Plaintiffs' submissions is helpful. Plaintiffs seek the following:

| | |
|---|---|
| Attorneys' fees: | **$980,827.00** |
| Expert fees: | **$29,809.50** |
| Additional Costs: | **$57,875.43** |
| Total: | **$1,068,511.93** |

Plaintiffs' attorneys' fees (**$980,827.00**), are summarized as follows:

| | |
|---|---|
| Drafting pleadings/Review of Google pleadings: | **$305,930.50** |
| Hearing preparation and participation: | **$621,276.50** |
| Review of Google document productions: | **$53,620.00** |

Plaintiffs' costs (**$57,875.43**) comprise computer research, printing and graphics support.

As referenced above, the Court also requested and reviewed detailed billing statements in support of the requested attorneys' fees. Following its careful review and consideration of the evidence before it and guiding legal principles, the Court makes the following deductions:

**Attorneys' fees:**

Removal of timekeepers billing 10 hours or less.

Deduction:   **$22,270.50**

Removal of time incurred for review of document productions.

Deduction:   **$53,620.00**

Plaintiffs would have reviewed Google document productions even without bringing the sanctions motion. Accordingly, that attorney time does not survive the "but for" test. In its discretion, the Court deducts all timekeepers who billed less than 10 hours on this motion, several of whom are partners with negligible amounts of time. The Court recognizes that to the extent timekeepers who billed less than 10 hours were involved in reviewing Google document productions, their time is subtracted twice. However, it does not appear from the Court's review that there is significant overlap in these categories and to the extent there is, the amounts are negligible in light of the overall award. The Court also makes the following deductions:

**Costs:**

Removal of computer research. In this instance where the dispute was largely factual in nature and relevant legal research is highly likely to be applicable in multiple areas of the Parties' dispute, not exclusively for the benefit of the sanctions motion, it is properly excluded.

Deduction:   **$20,906.34**

3

Deducting the amounts identified above from the total amount Plaintiffs are seeking (**$1,068,511.93**) leaves an award of attorneys' fees of **$904,936.50** and costs, including experts, of **$66,778.59** for a total award of **$971,715.09** to be paid by Google to Plaintiffs as a monetary sanction for the discovery misconduct identified in this Court's previous Order at Dkt. 588.

**SO ORDERED.**

Dated: July 15, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge