1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    CHASOM BROWN, et al.,                    Case No.  20-cv-03664-YGR   (SVK)

8                    Plaintiffs,
                                              **ORDER ON ADMINISTRATIVE**
9         v.                                  **MOTION FOR LEAVE TO FILE**
                                              **UNDER SEAL**
10   GOOGLE LLC,
                                              Re: Dkt. No. 612
11                   Defendant.

12         Before the Court is an administrative motion to file under seal materials associated with

13   discovery disputes in this case.  Dkt. 612.

14         Courts recognize a "general right to inspect and copy public records and documents,

15   including judicial records and documents."  *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d

16   1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7

17   (1978)).  A request to seal court records therefore starts with a "strong presumption in favor of

18   access."  *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

19   1122, 1135 (9th Cir. 2003)).  The standard for overcoming the presumption of public access to

20   court records depends on the purpose for which the records are filed with the court.  A party

21   seeking to seal court records relating to motions that are "more than tangentially related to the

22   underlying cause of action" must demonstrate "compelling reasons" that support secrecy.  *Ctr. For*

23   *Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).  For records attached to

24   motions that re "not related, or only tangentially related, to the merits of the case," the lower

25   "good cause" standard of Rule 26(c) applies.  *Id*.; *see also Kamakana*, 447 F.3d at 1179.  A party

26   moving to seal court records must also comply with the procedures established by Civil Local

27   Rule 79-5.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Here, the "good cause" standard applies because the information the parties seek to seal

2   was submitted to the Court in connection with a discovery-related motion, rather than a motion

3   that concerns the merits of the case.  The Court may reach different conclusions regarding sealing

4   these documents under different standards or in a different context.  Having considered the motion

5   to seal, supporting declaration, and the pleadings on file, and good cause appearing, the Court

6   **ORDERS** as follows:

7       1.      Dkt. 612

| Document Sought to be Sealed | Court's Ruling on Motion to Seal | Reason(s) for Court's Ruling |
|---|---|---|
| Google LLC's Submission In Response To Dkt. 604 | GRANTED as to the portions at: Pages: 1:15-16, 1:19-2:3, 2:5, 2:10-13, 2:21-23, 2:25-26, 2:28 | The information requested to be sealed contains Google's confidential and proprietary information regarding sensitive features of Google's internal systems and operations, including details related to Google's databases, logs, and encryption practices, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its services. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

SO ORDERED.

Dated: July 15, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge