UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 4:20-cv-3664-YGR-SVK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' RENEWED REQUEST TO DEPOSE GOOGLE CEO SUNDAR PICHAI**<br><br>The Honorable Susan van Keulen |

-1-

Plaintiffs Chasom Brown, William Byatt, Jeremy Davis, Christopher Castillo, and Monique Trujillo ("Plaintiffs") filed a Renewed Request to Depose Google CEO Sundar Pichai (Dkt. __, "Motion"). Having carefully considered the briefing, arguments, and documents submitted, and for the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion.

## I. Background

On December 27, 2021, this Court granted Plaintiffs' request to depose Mr. Pichai after carefully reviewing the parties' submissions, including documents submitted in support. Dkt. 365. Although "many of the cited documents" did "not appear to bear any connection to Mr. Pichai," some documents nonetheless "establish[ed] that specific relevant information was communicated to, and possibly from, Mr. Pichai." *Id.* Accordingly, the Court granted Plaintiffs a limited deposition of Mr. Pichai of 2 hours. *Id.*

On January 10, 2022, Google filed a motion seeking relief from this Court's Order. Dkt. 382. On April 4, 2022, Judge Gonzalez Rogers entered an order finding that "[t]he order at issue does not consider whether Mr. Pichai has 'unique or superior personal knowledge'" and does not "address whether plaintiffs exhausted all less intrusive means of discovery with respect to Mr. Pichai." Dkt. 523. Judge Gonzalez Rogers noted the record was not sufficient for the Court "to undertake the analysis itself" but reversed and remanded the decision "for further proceedings consistent with this order" and "without prejudice to renewing the request if the appropriate foundation is established." *Id.*

On April 29, 2022, Plaintiffs filed an administrative motion notifying the Court they could (with the Court's permission) submit additional evidence further establishing the requisite foundation. Dkt. 565. In their motion, Plaintiffs noted their concerns "with issues Google raised that have further delayed the scheduling of Ms. Borsay's deposition," and requested permission to submit a renewed request to depose Mr. Pichai within 21 days of Ms. Borsay's deposition. Dkt. 565. The Court asked for an update on Ms. Borsay's deposition, Dkt. 596, and after receiving that update, entered an order requiring the parties complete Ms. Borsay's deposition by June 30, 2022, and allowing Plaintiffs to submit a brief renewing their request to depose Mr. Pichai. Dkt. 602. Plaintiffs filed that brief, along with a supporting declaration and exhibits (including document metadata), on July 21, 2022. Dkt ____. Consistent with

Judge Gonzalez Rogers' order, the Court now makes factual findings and legal conclusions showing the appropriate foundation is established for the deposition of Mr. Pichai.

## II.  Legal Standard

"A party seeking to prevent a deposition" carries a *heavy* burden to show why discovery should be denied." *Khan v. Boohoo.com USA, Inc.*, CV2003332GWJEMX, 2021 WL 3882969, at *3 (C.D. Cal. July 28, 2021) (emphasis added) (internal quotation marks omitted). "[W]hen a witness has personal knowledge of facts relevant to the lawsuit," like Mr. Pichai does here, "even a corporate president or CEO is subject to deposition." *WebSideStory, Inc.v. NetRatings, Inc.*, No. 06CV408 WQH(AJB), 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007). "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *In re Google Litig.*, No. C 08-03172 RMW PSG, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011); *see also Liberty Mut. Ins. Co. v. Superior Ct.*, 10 Cal. App. 4th 1282, 1286 (1992) (party seeking to depose "a corporate president or other official at the highest level of corporate management ["apex"] … [must] show[] good cause that the official has unique or superior personal knowledge of discoverable information").

For the first consideration, courts have stressed that a party "need not prove <u>conclusively</u> that the deponent <u>certainly</u> has unique non-repetitive information," but rather that the "corporate officer <u>may</u> have any first-hand knowledge of relevant facts." *Finisar Corp. v. Nistica, Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *2 (N.D. Cal. June 30, 2015) (emphasis added); *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2013 WL 3884254, at *2 (N.D. Cal. July 26, 2013) (party "not required to prove that [executive] certainly has such information," only that he "may" have)). As for the second consideration, "exhaustion of other discovery routes" is an important "consideration, not a requirement." *In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. C-07-05634 CRB (DMR), 2014 WL 939287, at *5 (N.D. Cal. Mar. 6, 2014) (internal quotation marks omitted).

### III. Analysis

Plaintiffs have submitted extensive evidence establishing that (1) Mr. Pichai has unique, superior, and personal knowledge about key issues in this case, including the perpetuation of known private browsing misconceptions, and that (2) Plaintiffs exhausted less intrusive means of discovery for this information. The documents Plaintiffs submitted reference Mr. Pichai either in the main text or in the metadata (showing Mr. Pichai received the document as part of one or more email distribution lists included in the emails).[1] Plaintiffs have also deposed over 20 former and current Google employees, including the recent deposition of Sabine Borsay, who wrote about critical decisions and statements by and to Mr. Pichai regarding Incognito. Motion at 1. Google witnesses repeatedly testified they had no recollection of what Mr. Pichai considered, said, or decided with respect to these key issues.

The chart below summarizes the evidence establishing Mr. Pichai's unique, superior, and personal knowledge about facts relevant to this case and Plaintiffs' exhaustion of less intrusive means to obtain this information.

| Mr. Pichai's Unique, First-Hand & Superior Personal Knowledge & Involvement in Key Events & Decisions | Plaintiffs' Exhaustion of Less Intrusive Means to Obtain This Information Without Mr. Pichai's Deposition |
|---|---|
| **2015**<br><br>A 2015 Google study called " ███████████████ ██████████████████████ ██████████████ Ex. A (emphasis added).[2] ████████████████ ████████████ *Id.* (emphasis added).<br><br>This document indicates Mr. Pichai had knowledge in 2015 about ████████ ████████████████ | Plaintiffs exhausted less intrusive means of discovery, including through requests for production (e.g., RFPs 27 (Ex. B), 169 (Ex. C)) and through the deposition of multiple lower-level Google employees, to obtain information about ██████████████████████ ████████████████████████ Motion at 1.<br><br>Plaintiffs were unable to identify any produced copy of ████████ *Id.*<br><br>Plaintiffs also asked Google employees Sabine Borsay, Chris Palmer, and Adrienne Porter Felt about ██████████████████████████ |

---

[1] With the exception of Ex. M, submitted documents reference Mr. Pichai either in the main text or in the metadata. In Plaintiffs' last submission, Plaintiffs did not include metadata. Motion at 1 n.1.

[2] All exhibit references in this submission are exhibits to the Declaration of Rossana Baeza.

| | |
|---|---|
| | Ex. D, Borsay Tr. 205:13-17; Ex. E, Palmer Tr. 86:6-14; Ex. F, Felt Tr. 60:19-61:22. |
| **2016** ████████████████████████ In 2016 emails, Ms. Borsay ████████████████████████████ Ex. G (emphasis added). Ms. Borsay wrote ████████████████████████████████████████████████████████████ Id. A later email from Ms. Borsay to Google employee Chris Palmer ████████████████████████████████████████████████████████ Ex. H (emphasis added). Mr. Palmer ████████████████████████████████████████████████████████ Ex. I (emphasis added). Ms. Borsay also wrote that Mr. Pichai was the one who ████████████████████████████████████████████████████████ Ex. J (emphasis added). These emails establish that ████████████████████████████████████████████████████████ | Plaintiffs exhausted less intrusive means of discovery, including through requests for production (e.g., RFPs 33 (Ex. B), 169 (Ex. C)) and through the deposition of lower-level Google employees, to obtain information about ████████████████████████████████████ Motion at 2. Plaintiffs were unable to identify any document revealing what discussions Google employees had with Mr. Pichai about ████████████████████████████████████ Id. None of the witnesses Plaintiffs deposed, including Mr. Palmer, Ms. Felt, and Ms. Borsay, were able to provide that information. Ex. E, Palmer Tr. 113:23-114:4 (testifying he ████████████); Ex. F, Felt Tr. Felt Tr. 122:14-24 (testifying she ████████████████████████) Ms. Borsay, for example, ████████████████████████ Ex. D, Borsay Tr. 258:17-260:23. She went as far as to ████████████████ *id.*, Borsay Tr. 252:18-254:5, despite testifying the day earlier that ████████ Ex. K, *Calhoun* Borsay Tr. 43:12-14. Like the other witnesses, Ms. Borsay ████████████████ Ex. D, Borsay Tr. 266:8-20, 262:3-11, 253:7-25 (testifying she |

Case 4:20-cv-03664-YGR   Document 634-2   Filed 07/21/22   Page 6 of 9

| | |
|---|---|
| **2019 Pichai &** ▮ A February 2019 email ▮ ▮ Ex. L.[3] ▮ Ex. N, and ▮ Ex. O. These documents establish Mr. Pichai has first-hand knowledge about ▮ | Plaintiffs exhausted less intrusive means of discovery through the deposition of lower-level Google employees to obtain information about ▮ Motion at 2-3. Google employees, such as Rory McClelland and AbdelKarim Mardini, ▮ Ex. P, McClelland Tr. 118:11-18 ▮ id. 120:8-10 ▮; see also Ex. Q, Mardini Tr. 317:12-319:18 ▮ Mr. Palmer, ▮ Ex. E, Palmer Tr. 187:7-189:7 During the *Calhoun* deposition of Chetna Bindra ▮ Ex. R, *Calhoun* Bindra Tr. 218:11-15. |
| **2019 Pichai &** ▮ In April 2019, Google employee AbdelKarim Mardini reported that ▮ Ex. S. Mr. Mardini ▮ *Id.* (emphasis added). These documents establish that ▮ | Plaintiffs exhausted less intrusive means of discovery through the depositions to obtain information about ▮ Motion at 3. Mr. Mardini testified ▮ Ex. Q, Mardini Tr. 334:21-335:11, 336:13-20. Plaintiffs also questioned |

[3] ▮ Ex. M.

-6-   Case No. 4:20-cv-03664-YGR-SVK
[PROPOSED] ORDER GRANTING PLAINTIFFS' RENEWED REQUEST TO DEPOSE SUNDAR PICHAI

| | |
|---|---|
| | Ms. Twohill about this, and she ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. T, Twohill Tr. 82:14-83:4. |
| **2019 Pichai & Incognito ▮▮▮▮▮▮** An April 2019 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. U (emphasis added). This document shows Mr. Pichai likely has superior, first-hand knowledge about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Plaintiffs exhausted less intrusive means of discovery by deposing Mr. Mardini, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. Q, Mardini Tr. 327:24-328:17. No deponents were able to provide any information regarding Mr. Pichai's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| **2019 Pichai & Incognito ▮▮▮▮▮▮▮▮** Internal Google emails from July 2019 email discuss ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. V. This document shows Mr. Pichai has first-hand, superior knowledge about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Plaintiffs exhausted less intrusive means of discovery, such as by deposing Google employee Ramin Halavati about this document. Motion at 3-4. Mr. Halavati ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. W, Halavati Tr. 99:11-100:2. Plaintiffs also questioned another Google employee (Sammit Adhya) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. X, Adhya Tr. 104:9-105:15. |
| **2019 Pichai & Incognito ▮▮▮▮▮▮** An October 2019 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. Y. This document establishes Mr. Pichai has first-hand, superior knowledge about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Plaintiffs exhausted less intrusive means of discovery through deposition testimony. Motion at 4. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. Q, Mardini Tr. 371:5-373:5. |

| | |
|---|---|
| **2021 Pichai &** ▇▇▇▇▇▇ ▇▇ In 2021, Ms. Twohill emailed Mr. Pichai ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. Z. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | Plaintiffs exhausted less intrusive means of discovery through the deposition of Ms. Twohill, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ Ex. T, Twohill Tr. 120:5-21 (testifying she ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇), *id.* 131:17-19 (testifying ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇). |
| ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. AA. In 2009, when Google employees ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. BB. Mr. Pichai ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. CC. These documents establish Mr. Pichai likely has direct knowledge about ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | Plaintiffs exhausted less intrusive means of discovery through the deposition of Brian Rakowski, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Motion at 4-5. Mr. Rakowski ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. DD, Rakowski Tr. 20:12-22:24. Mr. Rakowski ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. DD, Rakowski Tr. 212:14-214:25. |

The evidence establishes Mr. Pichai has or more than likely has unique, superior, and personal knowledge of issues relevant to this case, and that Plaintiffs have sought this information through less intrusive means. Because the evidence far exceeds what has been deemed sufficient to depose CEOs in many other cases, it warrants at least 3.5 hours of deposition testimony. *See, e.g., Wonderland Nurserygoods Co. v. Baby Trend, Inc.*, 514CV1153JWHSPX, 2022 WL 1601402, at *3–4 (C.D. Cal. Jan. 7, 2022) (allowing 4-hour CEO deposition where party "made a plausible

showing" that CEO "may have unique knowledge" even though "efforts to use less intrusive discovery methods could have been more thorough"); *In re Google Litig.*, No. C 08-03172 RMW PSG, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011) (allowing deposition of former Google CEO Larry Page for three hours where party had shown he had "unique knowledge of facts that cannot be secured by other less intrusive means of discovery"); *Khan v. Boohoo.com USA, Inc.*, CV2003332GWJEMX, 2021 WL 3882969, at *2–3 (C.D. Cal. July 28, 2021) (allowing 4-hour CEO deposition where emails showed CEO was "hands on" and had "direct involvement" in relevant decisions); *Finisar Corp. v. Nistica, Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *2 (N.D. Cal. June 30, 2015) (allowing CEO deposition where no other deponents were "able to testify to the contents of [relevant] conversations"); *In re Apple iPhone Antitrust Litig.*, No. 11CV06714YGRTSH, 2021 WL 485709, at *3 (N.D. Cal. Jan. 26, 2021) (allowing 7-hour CEO deposition because as CEO, he had "unique and non-repetitive" knowledge of Apple's business model); *WebSideStory, Inc.v. NetRatings, Inc.*, No. 06CV408 WQH(AJB), 2007 WL 1120567, at *3, *5 (S.D. Cal. Apr. 6, 2007) (permitting deposition of CEO with "unique, relevant knowledge" after party completed only one deposition, which "would aid in developing and refining a line of questioning" for CEO deposition); *Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2015 WL 5852962, at *2 (N.D. Cal. Oct. 8, 2015) (allowing CEO deposition where CEO "personally participated in" and also "appears" he "may have been involved" in relevant decisions).

### IV. Conclusion

Based upon the foregoing, the Court **ORDERS** as follows:

- Google shall make Sundar Pichai available for 3.5 hours of deposition.
- Mr. Pichai's deposition shall take place at least 10 days before Plaintiffs' opposition to any summary judgment motion or start of trial, whichever comes first.

**SO ORDERED.**

DATED: _____

HON. SUSAN VAN KEULEN
United States Magistrate Judge