# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all other similarly situated,

          Plaintiffs,

v.

GOOGLE LLC,

          Defendant.

Case No. 5:20-cv-03664-LHK-SVK

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 20-149)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Google LLC ("Google") hereby responds and objects to Plaintiffs' Second Set of Requests For Production of Documents (Nos. 20-149). These objections and responses are made solely for the purpose of and in relation to this action, and any production in response will be subject to the Protective Order governing this case. In addition, the objections and responses set forth in this document are based on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change. Google reserves all rights to supplement and amend its objections and responses accordingly.

**GENERAL OBJECTIONS**

1. Google incorporates by reference as if fully set forth herein each of its General Objections to Plaintiffs' First Set of Requests for Production (Nos. 1-19).

2. Google objects to the Requests to the extent they seek user-level information related to data collected while users were in a private browsing mode. Neither Google Analytics nor Google Ad Manager differentiates between data collected while a user was using private browsing mode or not, and Google does not maintain documents or data in the ordinary course of business to identify whether a user is in private browsing mode. In fact, private browsing mode is designed

extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 26:**

Documents concerning Google's May 2018 modification to its Privacy Policy to state: "You can use our services in a variety of ways to manage your privacy. . . . You can also choose to browse the web privately using Chrome in Incognito mode."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request to the extent that it is designed to seek information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. Google's past and present Privacy Policies, as well as Chrome Privacy Notices, are publicly available, including clear comparisons among the Privacy Policies that reflect changes made. Therefore, Plaintiffs can obtain the information they seek from publicly available sources. Google further objects to this request because Google's Privacy Policy speaks for itself. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, responsive documents, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 27:**

Documents concerning any changes to Google's Privacy Policy regarding user control and private browsing mode that were proposed or considered but not adopted by Google.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

2  Google incorporates its General Objections as if set forth fully herein. Google further
3  objects to this request as vague and ambiguous because it seeks documents concerning any changes
4  "regarding user control and private browsing mode," without identifying which changes Plaintiffs
5  are interested in. Google's past and present Privacy Policies are publicly available, including clear
6  comparisons among the Privacy Policies that reflect changes made. Therefore, Plaintiffs have
7  sufficient information at their disposal to prepare a proper request. Further, Google objects to this
8  request as vague and ambiguous as to the meaning of the phrase "were proposed or considered but
9  not adopted" because it does not clarify whether it is limited to formal consideration given to policy
10 changes or whether it would encompass even informal discussions about changes considered,
11 which would be impossible to capture and would unduly increase the burden associated with
12 responding to this request. Google further objects to this request as it appears to be designed to
13 seek information protected from discovery by the attorney-client privilege, work-product doctrine,
14 the common-interest privilege, or any other privilege or immunity. For these reasons, the request
15 is not proportional to the needs of the case, and the burden of the proposed discovery outweighs
16 any likely benefit.

17 Subject to and without waiving the foregoing objections, Google responds as follows:
18 Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and
19 to appropriately narrow the scope of this request.

20

21 **REQUEST FOR PRODUCTION NO. 28**:

22 Documents sufficient to identify all persons involved with the creation of and any
23 modification to Google's controls relating to private browsing mode.

24

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:

26 Google incorporates its General Objections as if set forth fully herein. Google further
27 objects to this request as vague and ambiguous as to the meaning of the phrase "Google's controls
28 relating to private browsing mode," which is neither self-evident nor defined. Therefore, it is

to seek information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 33:**

Documents concerning the definition, meaning, understanding, or interpretation of any of these following terms and phrases: private, privacy, control, your data, your search and browsing history, browse privately, and incognito.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "definition, meaning, understanding, or interpretation," which is neither self-evident nor defined. For example, Plaintiffs do not clarify whose "understanding" or "interpretation" this request concerns or why any such understanding or interpretation would go beyond these terms' plain, widely understood meanings. Google further objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request.