# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION (NO. 169)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Google LLC ("Google") hereby responds and objects to Plaintiffs' Fifth Set of Requests for Production of Documents (No. 169) ("Request"). These objections and responses are made solely for the purpose of and in relation to this action, and any production in response will be subject to the Protective Order governing this case (Dkt. 81). In addition, the objections and responses set forth in this document are based on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change. Google reserves all rights to supplement and amend its objections and responses accordingly.

**GENERAL OBJECTIONS**

1. Google objects to Plaintiffs' Definitions and Instructions to the extent that they seek or purport to require the identification of "any," "all," "each," or "every" document, communication, product, person, circumstance, company, entity, fact, or other thing regarding or relating to a particular subject, as unduly burdensome, overbroad, and not proportional to the needs of the case.

2. Google objects to Plaintiffs' definitions of GOOGLE, YOU, and YOUR and Instruction No. 7 to the extent that they seek to require Google to produce or otherwise analyze

    d. The right at any time to supplement its responses.

11. In offering to produce various types of documents, information, or things, Google makes no representation that any such documents, information, or things exist or are actually known (or not known) to exist.

12. Google has not completed its investigation or discovery in this litigation. Google's Responses and Objections to Plaintiffs' Fifth Set of Requests For Production of Documents (No. 169) are based upon the information presently known to Google. Google anticipates that future discovery, independent investigation, or analysis will supply additional facts and add meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses set forth herein. Google reserves the right to modify, supplement, withdraw, or otherwise alter its responses to these requests in accordance with the Federal Rules of Civil Procedure, the Civil Local Rules, or any discovery orders governing this case.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

Subject to the foregoing objections, Google objects and responds to Plaintiffs' Requests for Production as follows:

**REQUEST NO. 169:**

For the period January 1, 2015 through the present, DOCUMENTS authored or received by any officer or director at GOOGLE or ALPHABET RELATED to all data privacy and private browsing issues (including but not limited to Incognito mode issues) referenced, described, or identified in the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 169:**

Google incorporates its General Objections as if set forth fully herein.

Google objects to this request as vague and ambiguous because the phrase "related to all data privacy and private browsing issues" referenced, described, or identified in the Second Amended Complaint is neither defined nor self-evident.  Further, Google objects to this request as overly broad and unduly burdensome because it seeks documents "related to all data privacy and private browsing issues" referenced, described, or identified in the Second Amended Complaint,

1 which is a 73-page-long document and describes and alleges a myriad of facts that have no
2 relationship to the purported violations that Plaintiffs seek to remedy.

3   Google further objects to this request to the extent it purports to seek discovery from
4 Google's parent, Alphabet, which is not a defendant in this lawsuit. This request is also overly
5 broad and unduly burdensome because it is not limited in scope and encompasses other aspects of
6 data privacy that have no relation to Plaintiffs' central allegations regarding Google's receipt of
7 data when users visited non-Google sites with their web browsers in Incognito mode while they
8 were logged out of their Google Accounts.

9   For these reasons, this request is not proportional to the needs of the case, and the burden
10 of the proposed discovery outweighs any likely benefit.

11   Subject to and without waiving the foregoing objections, Google responds as follows: To
12 the extent these documents are within Google's possession, custody, and control, Google is
13 willing to search the email inboxes of seventeen individuals, including (i) the directors and officers of
14 Google Inc. for the period January to October 2015 and (ii) the officers of Google LLC for the period
15 October 2015 to June 9, 2021,[1] using the search term <Chrome w/50 privacy>, in accordance with
16 the Court's orders in *Calhoun v. Google*, No. 5:20-cv-05146-LHK-SVK (N.D. Cal.) at Dkt. Nos.
17 173-1, 181-1, and 220-1.

18

19 DATED: September 7, 2021     QUINN EMANUEL URQUHART & SULLIVAN, LLP

20                              By   */s/ Andrew H. Schapiro*
21                                   Andrew H. Schapiro (admitted *pro hac vice*)
                                     andrewschapiro@quinnemanuel.com
                                     191 N. Wacker Drive, Suite 2700
22                                   Chicago, IL 60606
                                     Telephone: (312) 705-7400
23                                   Fax: (312) 705-7401

24                                   Stephen A. Broome (CA Bar No. 314605)
                                     stephenbroome@quinnemanuel.com
25                                   Viola Trebicka (CA Bar No. 269526)
                                     violatrebicka@quinnemanuel.com

26 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

27 [1] These individuals are: Larry Page, Sergey Brin, Eric E. Schmidt, L. John Doerr, Diane B. Greene, John L. Hennessy, Ann Mather, Alan R. Mulally, Paul S. Otellini, K. Ram Shriram,
28 Shirley M. Tilghman, Omid Kordestani, Patrick Pichette, Ruth Porat, Sundar Pichai, Prabhakar Raghavan, and Philipp Schindler.