BOIES SCHILLER FLEXNER LLP
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
William Christopher Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel
listed in signature blocks below*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant; additional counsel
listed in signature blocks below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**JOINT SUBMISSION RE: SEALING PORTIONS OF JULY 15, 2022 ORDER CLARIFYING PRESERVATION PLAN (DKT. 630)**<br><br>Referral: Hon. Susan van Keulen, USMJ |

1   July 22, 2022

2   Submitted via ECF

3   Magistrate Judge Susan van Keulen
    San Jose Courthouse
4   Courtroom 6 - 4th Floor
    280 South 1st Street
5   San Jose, CA 95113

6          Re:    Joint Submission Re: Sealing Portions of the July 15, 2022 Order Clarifying
                  Preservation Plan (Dkt. 630)
7                 *Brown v. Google LLC*, Case No. 4:20-cv-03664-YGR-SVK (N.D. Cal.)

8   Dear Magistrate Judge van Keulen:

9          Pursuant to Your Honor's July 15, 2022 Order regarding sealing the clarification of the

10  preservation plan, Plaintiffs and Google LLC ("Google") jointly submit this statement.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Google respectfully seeks to seal the following portions of the July 15, 2022 Order regarding sealing the clarification of the preservation plan ("Order"), which contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly, including internal data security measures, various types of Google's internal projects, data signals, and logs, and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. This information is highly confidential and should be protected.

This Administrative Motion pertains to the following information contained in the Order:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| July 15, 2022 Sealed Order Clarifying Preservation Plan | Portions highlighted in blue at:<br><br>Page 2:7 | Google |
| Exhibit 1 - List of Logs Identified in Proceedings before SM | In its entirety | Google |

The parties conferred on the proposed redactions to the Order. Plaintiffs take no position and do not oppose sealing the proposed redactions.

## I.   LEGAL STANDARD

The common law right of public access to judicial records in a civil case is not a constitutional right and it is "not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that

"courts have refused to permit their files to serve as reservoirs of . . . sources of business information that might harm a litigant's competitive standing"). Sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

## II.   THE ABOVE IDENTIFIED MATERIALS EASILY MEET THE "GOOD CAUSE" STANDARD AND SHOULD ALL BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99. Good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g., Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).

Here, the Order comprises confidential information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. Specifically, this information provides details related to internal data security measures, various types of Google's internal projects, data signals, and logs, and their proprietary functionalities, as well as internal metrics. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with legal and privacy obligations.

1    Public disclosure of the above-listed information would harm Google's competitive standing

2  it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of

3  Google's proprietary systems, strategies, designs, and practices to Google's competitors.  That alone

4  is a proper basis to seal such information.  *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No.

5  14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal

6  certain sensitive business information related to Google's processes and policies to ensure the

7  integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*,

8  No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales

9  data because "disclosure would harm their competitive standing by giving competitors insight they

10  do not have"); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8,

11  2013) (granting motion to seal as to "internal research results that disclose statistical coding that is

12  not publically available").

13    Moreover, if publicly disclosed, malicious actors may use such information to seek to

14  compromise Google's internal systems and data structures.  Google would be placed at an increased

15  risk of cyber security threats, and data related to its users could similarly be at risk.  *See, e.g.*, *In re*

16  *Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material

17  concern[ing] how users' interactions with the Gmail system affects how messages are transmitted"

18  because if made public, it "could lead to a breach in the security of the Gmail system"). The security

19  threat is an additional reason for this Court to seal the identified information.  The information

20  Google seeks to redact, internal projects, identifiers, and cookies, and their proprietary

21  functionalities, is the minimal amount of information needed to protect its internal systems and

22  operations from being exposed to not only its competitors but also to nefarious actors who may

23  improperly seek access to and disrupt these systems and operations.  The "good cause" rather than

24  the "compelling reasons" standard should apply but under either standard, Google's sealing request

25  is warranted.

26  **III.   CONCLUSION**

27    For the foregoing reasons, Google respectfully requests that the Court seal the identified portions

28  of the Order.

1

Respectfully,

2

3 QUINN EMANUEL URQUHART &
SULLIVAN, LLP
*/s/      Andrew H. Schapiro*_____
4 Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
5 191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
6 Tel: (312) 705-7400
Fax: (312) 705-7401
7

Diane M. Doolittle (CA Bar No. 142046)
8 dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
9 sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
10 Redwood Shores, CA 94065
Telephone: (650) 801-5000
11 Facsimile: (650) 801-5100

12 Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
13 Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
14 Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
15 Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
16 Marie Hayrapetian (CA Bar No. 315797)
mariehayrapetian@quinnemanuel.com
17 865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
18 Telephone: (213) 443-3000
Facsimile: (213) 443-3100
19

Jomaire A. Crawford (admitted pro hac
20 vice)
jomairecrawford@quinnemanuel.com
21 51 Madison Avenue, 22nd Floor
New York, NY 10010
22 Telephone: (212) 849-7000
Facsimile: (212) 849-7100
23

Josef Ansorge (admitted pro hac vice)
24 josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
25 tracygao@quinnemanuel.com
Carl Spilly (admitted pro hac vice)
26 carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
27 Washington D.C., 20005
Telephone: (202) 538-8000
28 Facsimile: (202) 538-8100

BOIES SCHILLER FLEXNER LLP
*/s/      Mark C. Mao*_____
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Sean Phillips Rodriguez (CA Bar No.
262437)
srodriguez@bsfllp.com
Beko Reblitz-Richardson (CA Bar No.
238027)
brichardson@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293 6858
Fax: (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Tel: (305) 539-8400
Fax: (305) 539-1304

William Christopher Carmody (*pro hac
vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602

-5-                    Case No. 4:20-cv-03664-YGR-SVK

1

2   Jonathan Tse (CA Bar No. 305468)
    jonathantse@quinnemanuel.com
3   50 California Street, 22nd Floor
    San Francisco, CA 94111
4   Telephone: (415) 875-6600
    Facsimile: (415) 875-6700

5   *Attorneys for Defendant*

6

7

Tel: (813) 223-5505
Fax: (813) 222-4736
Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
*Attorneys for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Submission.

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has

concurred in the filing of this document.

Dated: July 22, 2022

By _____/s/ Andrew H. Schapiro_____

Andrew H. Schapiro
*Counsel on behalf of Google LLC*