# Mao Declaration

# Exhibit 61

Redacted Version of Document
Sought to Be Sealed

GOOG-CABR-05536108

Message

**From**:      Jochen Eisinger [eisinger@google.com]
**Sent**:      3/22/2019 7:42:58 AM
**To**:        Justin Schuh [jschuh@google.com]
**Subject**:   Fwd: Follow up from Sundar meeting

---------- Forwarded message ---------
From: **Mike West** <mkwst@google.com>
Date: Fri, Mar 22, 2019 at 6:13 AM
Subject: Re: Follow up from Sundar meeting
To: Alex Nicolaou <anicolao@google.com>
Cc: Jochen Eisinger <eisinger@google.com>, Michael Kleber <kleber@google.com>, Rick Byers
<rbyers@google.com>, Rory McClelland <rorymcclelland@google.com>, Vivek Sekhar
<vsekhar@google.com>

+Jochen, Rory

On Fri 22. Mar 2019 at 05:59, Alex Nicolaou <anicolao@google.com> wrote:
  Ads Team summary.

  ---------- Forwarded message ---------
  From: **Ben Galbraith** <bgalbs@google.com>
  Date: Thu, Mar 21, 2019 at 4:33 PM
  Subject: Fwd: Follow up from Sundar meeting
  To: Jack Chen <jlchen@google.com>, Darin Fisher <darin@google.com>, Parisa Tabriz
  <parisa@google.com>, Margret Schmidt <margrets@google.com>, Alex Nicolaou <anicolao@google.com>,
  Vivek Sekhar <vsekhar@google.com>, Ivy Choi <ivyc@google.com>, Ben Goodger <beng@google.com>
  Cc: Anil Sabharwal <anilsa@google.com>

  Privileged and confidential

  FYI, here's the Ads team version of the note I sent out earlier.

  ---------- Forwarded message ---------
  From: **Struan Robertson** <struan@google.com>
  Date: Thu, Mar 21, 2019 at 12:54 PM
  Subject: Re: Follow up from Sundar meeting
  To: Chetna Bindra <cbindra@google.com>, Jack Chen <jlchen@google.com>
  Cc: Jerry Dischler <jdischler@google.com>, Suresh Kumar <sureshkm@google.com>, Shiv Venkataraman
  <shivav@google.com>, Sagnik Nandy <sagnik@google.com>, Anurag Agarwal <anuragag@google.com>,
  Darin Fisher <darin@google.com>, Anil Sabharwal <anilsa@google.com>, Ben Galbraith
  <bgalbs@google.com>, Brad Bender <bradbender@google.com>

  +Jack Chen

  On Thu, Mar 21, 2019 at 12:37 PM Chetna Bindra <cbindra@google.com> wrote:

GOOG-CABR-05536108

Privileged and confidential

All,

Thanks for all the collaboration leading up to the Sundar meeting. Overall we had a positive meeting with Sundar, landing on approval for our recommendation in the deck. He acknowledged the complexity of this space and expressed his gratitude on the progress we've made given the complex topic. He specifically said that we do not need to come back for a review, but he would review comms in the lead up to I/O.

**Key takeaways**
- Totally agreed with the strategic value of balancing both ecosystem health and privacy
- Overall comfortable with not removing 3P cookies, but wanted to focus on how Chrome is helping users with 3P cookie concerns (i.e., "3P cookies" have become a strong industry narrative that we can't ignore or wait years to address). He was supportive of our plans to address these issues largely with opt-in controls that we should make sure are incorporated as part of our messaging at I/O.
- Overall approval of plan on data disclosures, Ads Privacy center, Chrome guard controls - 3P / Incognito controls
- Focus on messaging by I/O. Ensure it covers the entire proposal - data disclosures, Ads privacy center, Chrome controls, data retention within Chrome and Ads. A lot of enthusiasm for " ███████████ " and encouragement to dovetail with the broader Google Incognito narrative if we're ready.
o       (A tactical AI was given to the Chrome team to dovetail with a broader data retention initiative.)
- Comfortable with reactive messaging on saying that Apples 3P cookies removal hasn't done enough, and 3P tracking continues
o       Sundar drove the point in the meeting (with several other examples) that if Chrome removes 3P cookies, it would create a very disruptive situation for publishers, and is keen to support overall ecosystem health. He acknowledged that Apple and Google are optimizing for different things.
- He firmly expressed a desire for both Chrome and Ads to get out in public with a narrative ASAP. He felt that silence in the market was no longer an option, and alignment that I/O was the right initial moment , followed by GML
- Eventual enforcement seemed to be a punted question

**Key AIs / Next Steps**
Evaluate an advisory board rather than a coalition, and learn from the AI advisory board
Plug in with the I/O and GML team for messaging

Best,
Chetna (on behalf of the team)

--

Struan Robertson |          Director, Legal |          struan@google.com |          650-713-7613

This email may be confidential or privileged. If you received this communication by mistake, please don't forward it to anyone else, please erase all copies and attachments, and please let me know that it went to the wrong person. Thanks.

--
-mike

PRODBEG: GOOG-CABR-05536108
PRODBEGATT:
PRODEND: GOOG-CABR-05536109
PRODENDATT:
PRODVOL: CROSS-PROD064
2nd_CROSS_BEGBATES:
2nd_CROSS_ENDBATES:
AllCustodians: Jochen Eisinger;Justin Schuh
TO: justin schuh <jschuh@google.com>
FROM: jochen eisinger <eisinger@google.com>
CC:
BCC:
CONFIDENTIALITY: CONFIDENTIAL
CROSS_ALLCUSTODIANS:
CROSS_ATTACHMENTNAME:
CROSS_BEGATTACH:
CROSS_BEGBATES:
CROSS_CC:
CROSS_CONFIDENTIALITY:
CROSS_CUSTODIAN:
CROSS_DATECREATED:
CROSS_DATEMOD:
CROSS_DATERECEIVED:
CROSS_DATESENT:
CROSS_DE-DUPED CUSTODIANS:
CROSS_ENDATTACH:
CROSS_ENDBATES:
CROSS_FILEEXTENSION:
CROSS_FILENAME:
CROSS_FROM:
CROSS_MD5 HASH:
CROSS_MESSAGE ID:
CROSS_OWNER:
CROSS_PRODVAL:
CROSS_REDACTED:
CROSS_SUBJECT:
CROSS_TITLE:
CROSS_TO:
CUSTODIAN/SOURCE: Justin Schuh
DATECREATED:
DATELASTMOD: 03/22/2019
DATERCVD:
DATESENT: 03/22/2019
DeDupedCustodians: Jochen Eisinger;Justin Schuh
DOCEXT: eml
FILENAME:
ILS_ProdDate: 12/29/2021
CROSS_ILS_ProdDate:
MD5 HASH: C0140065387AFA3642BEB167E36331DA
MessageID: <CALjhuid39E0iFPc+vyfi6Vy2H4K=JFhP7bT_MomrFhF7fJHhQA@mail.gmail.com>
NATIVEFILE:
Owner: eisinger
PAGES: 2
REDACTED: N
SUBJECT: Fwd: Follow up from Sundar meeting

# Mao Declaration

# Exhibit 62

Redacted Version of
Document Sought to Be Sealed

GOOG-CABR-04803103.C

Message

| | |
|---|---|
| **From:** | Chetna Bindra [cbindra@google.com] |
| **Sent:** | 3/28/2019 6:57:52 PM |
| **To:** | Joshua Knox [joshuak@google.com] |
| **CC:** | Struan Robertson [struan@google.com] |
| **Subject:** | Re: Sundar debrief notes |

## don't need to share any further....trying to stay off notes

On Thu, Mar 28, 2019 at 2:33 PM Joshua Knox <joshuak@google.com> wrote:
Privileged and Confidential, seeking advice of counsel

**Chetna**: sharing notes with just you. Let me know if worth sharing with broader group.

Feedback saying something about 3P cookies good. Did he say what he wanted to see, or just come back with suggestions?

- wanted to make sure that new control was highlighted

- Brad: takeaway was that comms cascade would happen in normal course. Should plug ourselves in to I/O lead up, but would review it as part of that

- Ben: corey on his team wasn't convinced about not removing 3P cookies, we clarified why our goals are different than apples. His retorts were to think more about whether want to do something stronger against 3P cookies, because 3P cookies have become a part of privacy narrative but trust us and ensure we're landing a nuanced message that effectively explains why we're doing something different and why what's been done is ineffectual improving privacy for users on the web

A lot of workstreams for what we're ready for at I/O. Strongest is 1P/3P partition. Looked at announcing chrome guard brand, but think it's premature given don't know how to position. Will highlighted easy controls to reset tracking state and working in 2019. Ideally available in dev channel if not stable channel.

- Looked at launching the brand at I/O. Hard to complete work about positioning brand, so think more work is needed first

- Talking to keynote team: in meeting, Sundar didn't commit to announcing Chrome stuff but later he told IO team he did want to. So far, they think it's a strong enough message

- ▇▇▇▇▇▇▇ not yet from branding perspective, ok if 1P/3P control. Incognito also very speculative, want to be careful talking about vaporware. Scoping to what's possible to build in timeframe into dev channel. With incognito, how is mode positioned to users. Local privacy and anti-fingerprinting in one mode? Two modes? Looking to figure out, premature by I/O. Quesiton is how we talk about it. If narrative needs us to add anti-fingerprinting in scope, ▇▇▇▇▇▇ at I/O feels like too much

Brad: Concerns about pulling out puts a lot of focus on 1P/3P and invites more comparisons to ITP. Should get PR feedback. If able to say something on anti-fingerprinting/enhanced incognito broadens the conversation.

- Darin: Great point. Cookie partitioning enables transparency and control. Tees up innovative things around T&C. Don't know all the things we'll do, but many moments we can reveal what we're doing over 2019 i.e. ▇▇▇▇▇▇ and ▇▇▇▇▇▇

- Darin: Way maybe at I/O is foundational, unlocks set of kinds of features. Great to have concrete things to make it crisper, but think we need to

- I/O committee is very careful about announcing vaporware, sensitive to announcing and doesn't ship till next year's I/O

Jerry: is this an opportunity to use Sundar's approval for pulling a team into a war room? Default state is announce nothing, if lucky huge stage to promote these features?

- Darin: work we're doing will also likely create it's own megaphone. Perhaps don't strictly need I/O to make noise.

- Jerry: can we try to see if we can have something we feel good about?

- Ben: ▮▮▮▮▮ we get most of it by saying we have easy controls. ▮▮▮▮▮ could we describe the fingerprinting? As we figure out I/O story, if we feel like we need incognito to broaden we can get more concrete on what we need to say more at I/O

Data disclosure: **Redacted - Privilege**

- Brad: **Redacted - Privilege**

# Redacted - Privilege

- Suresh: **Redacted - Privilege**

- Chetna: **Redacted - Privilege**

**Redacted - Privilege**

- Jerry: **Redacted - Privilege**

Advisory board: should we send some signal about it?

- Jerry: hard, we don't know what association we'll hang our hat on yet. Bias towards signaling enforcement, but not advisory board

- Suresh: main thing is it browser or ads? If ads, probably I/O not appropriate place?

- Chetna: focus was more user focused, not anchored on Chrome or Ads

- Brad: should be broader than ads, but should be inclusive of Ads (i.e. IAB tech lab), someone who balances tech/business (ctr for technology). Should include constituencies in Ads, browsers, academics

- Suresh: too fuzzy to say anything

- Brad: like anti-fingerprinting. If we get further along with definition of advisory board such that we're crisper and aligned, could get brought back in

Jerry: how often are we reviewing progress. How do we set up okrs for each team so we're tracking progress for I/O?

- Chetna: review every week

- Ben: need a stream to align on anti-fingerprinting priority, heavy lift for him. If announcing big expansion to incognito.

- Jerry: can we discuss options for things we could do with a push, vs. def can't do

--

Chetna Bindra  |  Ads Regulations. User Trust and Privacy  |  Google New York

GOOG-CABR-04803104.C

PRODBEG: GOOG-CABR-04803103
PRODBEGATT:
PRODEND: GOOG-CABR-04803104.C
PRODENDATT:
PRODVOL: CROSS-PROD083
2nd_CROSS_BEGBATES:
2nd_CROSS_ENDBATES:
AllCustodians: Chetna Bindra
TO: joshua knox <joshuak@google.com>
FROM: chetna bindra <cbindra@google.com>
CC: struan robertson <struan@google.com>
BCC:
CONFIDENTIALITY: CONFIDENTIAL
CROSS_ALLCUSTODIANS:
CROSS_ATTACHMENTNAME:
CROSS_BEGATTACH:
CROSS_BEGBATES:
CROSS_CC:
CROSS_CONFIDENTIALITY:
CROSS_CUSTODIAN:
CROSS_DATECREATED:
CROSS_DATEMOD:
CROSS_DATERECEIVED:
CROSS_DATESENT:
CROSS_DE-DUPED CUSTODIANS:
CROSS_ENDATTACH:
CROSS_ENDBATES:
CROSS_FILEEXTENSION:
CROSS_FILENAME:
CROSS_FROM:
CROSS_MD5 HASH:
CROSS_MESSAGE ID:
CROSS_OWNER:
CROSS_PRODVAL:
CROSS_REDACTED:
CROSS_SUBJECT:
CROSS_TITLE:
CROSS_TO:
CUSTODIAN/SOURCE: Chetna Bindra
DATECREATED:
DATELASTMOD: 03/28/2019
DATERCVD:
DATESENT: 03/28/2019
DeDupedCustodians: Chetna Bindra
DOCEXT: eml
FILENAME:
ILS_ProdDate: 02/11/2022
CROSS_ILS_ProdDate:
MD5 HASH: 1795920D38ACA9DB8328BDAA2CA66BFE
MessageID: <CAKVXSWj27EmWQP=dGpQv=jwjSL81ZM_rBN-+=UDu4H7_bz2u+Q@mail.gmail.com>
NATIVEFILE:
Owner: cbindra
PAGES: 2
REDACTED: Y
SUBJECT: Re: Sundar debrief notes

# Mao Declaration

# Exhibit 64

Sealed Entirely

GOOG-CABR-04324934

# Mao Declaration

# Exhibit 66

Redacted Version of Document
Sought to Be Sealed

GOOG-BRWN-00390418

Message

| | |
|---|---|
| **From:** | Mark Chang [markchang@google.com] |
| **Sent:** | 4/27/2016 4:18:38 AM |
| **To:** | Sabine Borsay [sabineb@google.com]; Dominic Battre [battre@google.com] |
| **CC:** | Rebecca Michael [rebeccamichael@google.com]; Jeremy Milo [milo@google.com]; Chelsea Tanaka [ctanaka@google.com] |
| **Subject:** | Re: [Update] Chrome Incognito Privacy Question |

Greetings. Sorry I couldn't make the meeting. This mode we will have in ▮▮▮▮ will indeed be end to end encrypted. Thanks for all the pointers to your research around branding. It is indeed a complex problem.

On Tue, Apr 26, 2016, 4:48 PM Sabine Borsay <sabineb@google.com> wrote:
Hi all,

You can find all research we've done around perception of Incognito mode linked from this document. The most relevant study for you is probably this one: summary deck: go/percep-incognito-deck, report: go/incognito-study. All the years of research hopefully reflect how much we're actually struggling with the Incognito branding and misconceptions it causes. So I want you to be aware of what big of a can of worms we'd be opening with this. :) The existing misconceptions are actually something many stakeholders are concerned about and we're trying to address them for quite some time, which is why we've run all these studies.

And here are some points on what Incognito mode *does* and what it *does not* offer.

Chrome Incognito mode:

• is basically an ephemeral browsing mode that **doesn't leave traces behind on your local device** (after you close all Incognito windows). Period. :)

• does **not** provide anonymity/invisibility towards any other party (such as the websites you visits, or Google).

Please let us know if you have any questions, and keep us in the loop!
Sabine

On 26 April 2016 at 08:50, Dominic Battre <battre@google.com> wrote:
Hi.

Here is Eric Schmidt's statement: http://daringfireball.net/linked/2014/12/16/eric-schmidt-privacy

Best regards,
Dominic

On Tue, Apr 26, 2016 at 4:57 PM, Dominic Battre <battre@google.com> wrote:
I canceled another meeting. If public transportation does not fail me, I should be able to just make it in time or with a few minutes of delay.

Am 26.04.2016 4:44 nachm. schrieb "Dominic Battre" <battre@google.com>:
Sorry, this is too short notice and my calendar war already blocked.

CONFIDENTIAL

Lacking any context, I would wonder why Incognito is better than the current "Disable history" of hangouts. The big risk is that people expect that Incognito mode is a real end-to-end encryption. If it is not, we risk to surprise them negatively. If it is, we risk that users are negatively surprised about Chrome's incognito mode.

Maybe we can schedule another time slot if you want to discuss this in more detail.

Best regards,
Dominic

---

**Chrome Incognito Privacy Question**

| | |
|---|---|
| When | Tue Apr 26, 2016 17:30 – 18:00 Berlin |
| Where | MTV-1950-4-Yosemite Creek (6) GVC (No external guests) (map) |
| Video call | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| Who | • Jeremy Milo - organizer |
| | • Jessica Walker Dal Santo - creator |
| | • Sabine Borsay |
| | • Rebecca Michael |
| | • Dominic Battre |
| | • Mark Chang |

--

| Sabine Borsay | Product Manager | sabineb@google.com | +491726757387 |

PRODBEG: GOOG-BRWN-00410884
PRODBEGATT:
PRODEND: GOOG-BRWN-00410886
PRODENDATT:
PRODVOL: PROD029
2nd_CROSS_BEGBATES:
2nd_CROSS_ENDBATES:
AllCustodians: Sabine Borsay
TO: sabine borsay <sabineb@google.com>
FROM: chris palmer <palmer@google.com>
CC: emily schechter <emilyschechter@google.com>;aaron stein <steina@google.com>;-
        joel weinberger <jww@google.com>;maximilian walker <maxwalker@goo-
        gle.com>;lucas garron <lgarron@google.com>;mark larson <mal@googl-
        e.com>;parisa tabriz <parisa@google.com>;alex ainslie <ainslie@go-
        ogle.com>;stephan somogyi <somogyi@google.com>;ben wells <benwell-
        s@google.com>;"enamel (core members)" <enamelites@google.com>; ☆ v-
        arun khaneja <vakh@google.com>;wieland holfelder <holfelder@googl-
        e.com>;dominic battre <battre@google.com>;chrome privacy muc <chr-
        ome-privacy-muc@google.com>;adrienne porter felt <felt@google.com-
        >
BCC:
CONFIDENTIALITY: Confidential
CROSS_ALLCUSTODIANS: Sabine Borsay
CROSS_ATTACHMENTNAME:
CROSS_BEGATTACH:
CROSS_BEGBATES: GOOG-CABR-00149426
CROSS_CC: emily schechter <emilyschechter@google.com>;aaron stein <steina@google-
        .com>;joel weinberger <jww@google.com>;maximilian walker <maxwalk-
        er@google.com>;lucas garron <lgarron@google.com>;mark larson <mal-
        @google.com>;parisa tabriz <parisa@google.com>;alex ainslie <ains-
        lie@google.com>;stephan somogyi <somogyi@google.com>;ben wells <b-
        enwells@google.com>;"enamel (core members)" <enamelites@google.co-
        m>; ☆ varun khaneja <vakh@google.com>;wieland holfelder <holfelder-
        @google.com>;dominic battre <battre@google.com>;chrome privacy mu-
        c <chrome-privacy-muc@google.com>;adrienne porter felt <felt@goog-
        le.com>
CROSS_CONFIDENTIALITY: CONFIDENTIAL
CROSS_CUSTODIAN: Sabine Borsay
CROSS_DATECREATED:
CROSS_DATEMOD: 06/21/2016
CROSS_DATERECEIVED: 06/21/2016
CROSS_DATESENT: 06/21/2016
CROSS_DE-DUPED CUSTODIANS: Sabine Borsay
CROSS_ENDATTACH:
CROSS_ENDBATES: GOOG-CABR-00149428
CROSS_FILEEXTENSION: eml
CROSS_FILENAME:
CROSS_FROM: chris palmer <palmer@google.com>
CROSS_MD5 HASH: 7BBA5A9EB9777FBEF274C618BAFA125B
CROSS_MESSAGE ID: <CAOuvq20wUOup1zL3AdL46Ch86Jx+xfz19P+BN1epiOyP4Fpadg@mail.gmai-
        l.com>
CROSS_OWNER: palmer
CROSS_PRODVAL: CROSS-PROD002
CROSS_REDACTED: N
CROSS_SUBJECT: Re: [enamelites] Google "Incognito" Precision

CROSS_TITLE: Re: [enamelites] Google "Incognito" Precision
CROSS_TO: sabine borsay <sabineb@google.com>
CUSTODIAN/SOURCE: Sabine Borsay
DATECREATED:
DATELASTMOD: 06/21/2016
DATERCVD:
DATESENT:
DeDupedCustodians:
DOCEXT:
FILENAME:
ILS_ProdDate: 07/16/2021
CROSS_ILS_ProdDate: 09/01/2021
MD5 HASH: 7BBA5A9EB9777FBEF274C618BAFA125B
MessageID:
NATIVEFILE:
Owner: palmer
PAGES:
REDACTED: N
SUBJECT: Re: [enamelites] Google "Incognito" Precision

# Mao Declaration

# Exhibit 67

Redacted Version of Document
Sought to Be Sealed

GOOG-BRWN-00410884

Message

| | |
|---|---|
| **From**: | Chris Palmer [palmer@google.com] |
| **Sent**: | 6/21/2016 8:47:23 PM |
| **To**: | Sabine Borsay [sabineb@google.com] |
| **CC**: | Lucas Garron [lgarron@google.com]; Emily Schechter [emilyschechter@google.com]; Aaron Stein [steina@google.com]; Stephan Somogyi [somogyi@google.com]; Alex Ainslie [ainslie@google.com]; Wieland Holfelder [holfelder@google.com]; Mark Larson [mal@google.com]; Parisa Tabriz [parisa@google.com]; Ben Wells [benwells@google.com]; ✶ Varun Khaneja [vakh@google.com]; Adrienne Porter Felt [felt@google.com]; Joel Weinberger [jww@google.com]; ▮ (core members) [▮@google.com]; Maximilian Walker [maxwalker@google.com]; Chrome Privacy Muc [chrome-privacy-muc@google.com]; Dominic Battre [battre@google.com] |
| **Subject**: | Re: ▮ Google "Incognito" Precision |

I've already made my case (for 5 years now), and so won't bore you with a meeting. :) But please note that nothing will be more scannable than the name and the icon, both of which are a poor fit for what the feature actually provides.

On Tue, Jun 21, 2016 at 1:40 PM, Sabine Borsay <sabineb@google.com> wrote:
I've stated this already on a related thread -- Eric Schmidt's exact statement was written in our Security & Privacy one-pager comms doc. So he most likely didn't go through a thought process concluding that misinterpretation about how Chrome Incognito works, but just learned the points from comms doc. Over the last couple of years, we've run numerous user studies on user perception and expectation and while some users do have some misconceptions, it seems less widespread than you assume. But stay tuned, we're working on a redesign of the Incognito NTP with two main goals: 1.) better scannability of the content around what it does offer and what it doesn't, 2.) illustrating the use case it does support. The reason why I mentioned that our messaging is pretty clear was to highlight that the only proactive comms I could imagine would be to explicitly call out the differences between Allo's and Chrome's Incognito mode. Again, if Chrome Security team wants to post something on the Chrome Security FAQs, we can draft something together with PR. Let me know.

I don't think we should abandon the Incognito mode brand because of the Allo launch. Happy to discuss more in a meeting.

On 21 June 2016 at 22:34, Lucas Garron <lgarron@google.com> wrote:

On Tue, Jun 21, 2016 at 1:21 PM Chris Palmer <palmer@google.com> wrote:
Although our Incognito messaging is clear, people (everyone from internet randos to bug reporters to Eric Schmidt)

Although it feels like I'm just piling on to Chris's comments, I think this cannot be understated.

Even Eric Schmidt couldn't even keep the core meaning of Incognito straight **when it only meant one thing**.

generally haven't understood it. So it's not clear enough. I suspect the confusion arises due to the tension inherent between https://www.chromium.org/Home/chromium-security/security-faq#TOC-Why-aren-t-physically-local-attacks-in-Chrome-s-threat-model- and what Incognito offers.

And although we and they have clear messages, Allo effectively ruined the clarity of our message by using our name for a thing that is very different from our thing.

We should proactively communicate about this. But we should also abandon the Incognito name, and change Incognito to "Temporary Mode" or whatever else you like. Allo's definition of the term is much stronger and makes much more sense.

I don't know how proactive we should be, but we should definitely have good answers ready about the distinction, and the decision to use the same name.

(And/or use this as a chance to rebrand Incognito in Chrome, which has always been an over-reaching name. But that won't be as easy, and sounds like it is counter to our lofty branding desires.)

On Tue, Jun 21, 2016 at 12:49 PM, Sabine Borsay <sabineb@google.com> wrote:
Happy to work with PR on comms for this. Though I was not planning to do proactive comms about the distinction to Allo's Incognito mode, since we're already pretty clear in our external comms (Help Center, Incognito NTP, etc.) about what Chrome Incognito does offer and what it does not offer. And our agreement with the Allo team was that they're clear about the functionality of their feature as well. Do I understand it correctly that the Chrome Security team however want to publish proactive comms around this? If so, I'm happy to collaborate on the draft. Let me know!

On 10 June 2016 at 01:45, Emily Schechter <emilyschechter@google.com> wrote:
+ steina and somogyi from the Security PR perspective

Do you know who the right folks are to work with here?

On Thu, Jun 9, 2016 at 3:57 PM, Lucas Garron <lgarron@google.com> wrote:
*volatile and isolated from regular profiles

Higher-level folks, are we allowed to put something like this on the security FAQ? Do we need sign-off from anyone, and how would we get it?

On Thu, Jun 9, 2016 at 3:52 PM Chris Palmer <palmer@google.com> wrote:
On Thu, Jun 9, 2016 at 3:40 PM, Lucas Garron <lgarron@google.com> wrote:

Should we add something to the Chrome Security FAQ?

I'm afraid the only correct thing we can say is "Incognito in Chrome has no technical relation to Incognito in Allo. They both give you better privacy than their respective regular modes, relative to the pragmatic threat models we have selected."

How about:

"Although Allo and Chrome both have features that go by the same name and use the same logo, they are designed to support very different threat models and use-cases. Allo's Incognito mode employs <a href="TODO">end to end encryption</a>, which is an additional layer of encryption for messages above and beyond the TLS Allo uses for transport. Chrome's Incognito mode is designed only to ensure that local browser state is volatile, and makes no further guarantees of confidentiality (such as confidentiality from 3rd parties or of network traffic)."

--
You received this message because you are subscribed to the Google Groups "████ (core members)"

PRODBEG: GOOG-BRWN-00410884
PRODBEGATT:
PRODEND: GOOG-BRWN-00410886
PRODENDATT:
PRODVOL: PROD029
2nd_CROSS_BEGBATES:
2nd_CROSS_ENDBATES:
AllCustodians: Sabine Borsay
TO: sabine borsay <sabineb@google.com>
FROM: chris palmer <palmer@google.com>
CC: emily schechter <emilyschechter@google.com>;aaron stein <steina@google.com>;-
        joel weinberger <jww@google.com>;maximilian walker <maxwalker@goo-
        gle.com>;lucas garron <lgarron@google.com>;mark larson <mal@googl-
        e.com>;parisa tabriz <parisa@google.com>;alex ainslie <ainslie@go-
        ogle.com>;stephan somogyi <somogyi@google.com>;ben wells <benwell-
        s@google.com>;"███████ (core members)"███████@google.com>; ☆ v-
        arun khaneja <vakh@google.com>;wieland holfelder <holfelder@googl-
        e.com>;dominic battre <battre@google.com>;chrome privacy muc <chr-
        ome-privacy-muc@google.com>;adrienne porter felt <felt@google.com-
        >
BCC:
CONFIDENTIALITY: Confidential
CROSS_ALLCUSTODIANS: Sabine Borsay
CROSS_ATTACHMENTNAME:
CROSS_BEGATTACH:
CROSS_BEGBATES: GOOG-CABR-00149426
CROSS_CC: emily schechter <emilyschechter@google.com>;aaron stein <steina@google-
        .com>;joel weinberger <jww@google.com>;maximilian walker <maxwalk-
        er@google.com>;lucas garron <lgarron@google.com>;mark larson <mal-
        @google.com>;parisa tabriz <parisa@google.com>;alex ainslie <ains-
        lie@google.com>;stephan somogyi <somogyi@google.com>;ben wells <b-
        enwells@google.com>;"███████ (core members)"███████@google.co-
        m>; ☆ varun khaneja <vakh@google.com>;wieland holfelder <holfelder-
        @google.com>;dominic battre <battre@google.com>;chrome privacy mu-
        c <chrome-privacy-muc@google.com>;adrienne porter felt <felt@goog-
        le.com>
CROSS_CONFIDENTIALITY: CONFIDENTIAL
CROSS_CUSTODIAN: Sabine Borsay
CROSS_DATECREATED:
CROSS_DATEMOD: 06/21/2016
CROSS_DATERECEIVED: 06/21/2016
CROSS_DATESENT: 06/21/2016
CROSS_DE-DUPED CUSTODIANS: Sabine Borsay
CROSS_ENDATTACH:
CROSS_ENDBATES: GOOG-CABR-00149428
CROSS_FILEEXTENSION: eml
CROSS_FILENAME:
CROSS_FROM: chris palmer <palmer@google.com>
CROSS_MD5 HASH: 7BBA5A9EB9777FBEF274C618BAFA125B
CROSS_MESSAGE ID: <CAOuvq20wUOup1zL3AdL46Ch86Jx+xfz19P+BN1epiOyP4Fpadg@mail.gmai-
        l.com>
CROSS_OWNER: palmer
CROSS_PRODVAL: CROSS-PROD002
CROSS_REDACTED: N
CROSS_SUBJECT: Re: ███████ Google "Incognito" Precision

CROSS_TITLE: Re: ███████ Google "Incognito" Precision
CROSS_TO: sabine borsay <sabineb@google.com>
CUSTODIAN/SOURCE: Sabine Borsay
DATECREATED:
DATELASTMOD: 06/21/2016
DATERCVD:
DATESENT:
DeDupedCustodians:
DOCEXT:
FILENAME:
ILS_ProdDate: 07/16/2021
CROSS_ILS_ProdDate: 09/01/2021
MD5 HASH: 7BBA5A9EB9777FBEF274C618BAFA125B
MessageID:
NATIVEFILE:
Owner: palmer
PAGES:
REDACTED: N
SUBJECT: Re: ███████ Google "Incognito" Precision

group.
To unsubscribe from this group and stop receiving emails from it, send an email to
▩▩▩▩▩-unsubscribe@google.com.
To post to this group, send email to ▩▩▩▩▩@google.com.

--

|  |  | sabineb@google.com |
|--|--|--------------------|

--

|  |  | sabineb@google.com |
|--|--|--------------------|

CONFIDENTIAL

# Mao Declaration

# Exhibit 71

Redacted Version of Document
Sought to Be Sealed

GOOG-CABR-04261880

Message

| | |
|---|---|
| **From:** | Chris Palmer [palmer@google.com] |
| **Sent:** | 9/24/2018 7:01:22 PM |
| **To:** | Ramin Halavati [rhalavati@google.com] |
| **CC:** | Rory McClelland [rorymcclelland@google.com]; Martin Shelton [martinshelton@google.com]; Mike West [mkwst@google.com]; Parisa Tabriz [parisa@google.com]; Tal Oppenheimer [talo@google.com]; Alex Nicolaou [anicolao@google.com]; Adrienne Porter Felt [felt@google.com]; Martin Šrámek [msramek@google.com]; Josh Karlin [jkarlin@google.com]; Brad Lassey [lassey@google.com]; Thiemo Nagel [tnagel@google.com]; Chrome Privacy Core [chrome-privacy-core@google.com]; ▮▮▮▮▮@google.com; Andrew Whalley [awhalley@google.com]; Emily Schechter [emilyschechter@google.com]; Matt Welsh [mdw@google.com] |
| **Subject:** | Re: The Incognito Problem - Invitation to edit |

On Mon, Sep 24, 2018 at 4:23 AM Ramin Halavati <rhalavati@google.com> wrote:

• Changing name and icon may have some effect on users expectation from incognito mode, but cannot solve all misconceptions. We still need user education to give a better image. Although users may not want to be educated, we have to provide the means to do so.

This misconceptions flow directly from the framing of the feature as "Incognito" (or, for other browsers, "Private"). I think that avoiding that framing obviates the problem.

• Chrome's Incognito NTP is very effective compared to other browsers, but it is probably not sufficient because we believe most users will not read it closely.

Wu, et al. say: """Compared to a meaninglessly vague control condition, the current and previous Chrome desktop disclosure led participants to answer more scenarios correctly; no other disclosure we tested had a significant effect.""" and """Of the thirteen disclosures we tested, only the current and old versions of Chrome's desktop disclosure led to significantly more correct answers than our meaninglessly vague control condition. [...] The difference between Chrome's disclosures and others, however, amounted to only one additional scenario answered correctly."""

I don't think that means that our NTP is *very* effective compared to other browsers. I'd call that *marginally* better.

• The most feasible approach for education seems to be inline/contextual hints on possible misconceptions, and expanding them based on future studies. Users who don't want these hints can disable them in incognito NTP. We can discuss the ideas on the messages and heuristics to activate them (go/incognito_contextual_hints) and do a user study on how much these messages can affect users understanding and trust into the incognito mode.

Thanks for doing this; it'll be interesting to try it out.

--
You received this message because you are subscribed to the Google Groups ▮▮▮▮▮ group.
To unsubscribe from this group and stop receiving emails from it, send an email to ▮▮▮▮▮+unsubscribe@google.com.
To post to this group, send email to ▮▮▮▮▮n@google.com.
To view this discussion on the web visit https://groups.google.com/a/google.com/d/msgid/▮▮▮▮▮/CAOuvq21wCkLgzX%3D8J%3D6dL6u7UNBW5KsXK8hzeXDpbmkij_4vQg%40mail.gmail.com.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

PRODBEG: GOOG-CABR-04261880
PRODBEGATT:
PRODEND: GOOG-CABR-04261880
PRODENDATT:
PRODVOL: CROSS-PROD021
2nd_CROSS_BEGBATES:
2nd_CROSS_ENDBATES:
AllCustodians: Chetna Bindra;Jochen Eisinger;Michael Kleber
TO: ramin halavati <rhalavati@google.com>
FROM: chris palmer <palmer@google.com>
CC: emily schechter <emilyschechter@google.com>;tal oppenheimer <talo@google.com-
        >;brad lassey <lassey@google.com>;matt welsh <mdw@google.com>;mar-
        tin šrámek <msramek@google.com>;thiemo nagel <tnagel@google.com>;-
        andrew whalley <awhalley@google.com>;alex nicolaou <anicolao@goog-
        le.com>;mike west <mkwst@google.com>;parisa tabriz <parisa@google-
        .com>;josh karlin <jkarlin@google.com>;chrome privacy core <chrom-
        e-privacy-core@google.com>;martin shelton <martinshelton@google.c-
        om>█████████@google.com;rory mcclelland <rorymcclelland@google.c-
        om>;adrienne porter felt <felt@google.com>
BCC:
CONFIDENTIALITY: HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
CROSS_ALLCUSTODIANS:
CROSS_ATTACHMENTNAME:
CROSS_BEGATTACH:
CROSS_BEGBATES:
CROSS_CC:
CROSS_CONFIDENTIALITY:
CROSS_CUSTODIAN:
CROSS_DATECREATED:
CROSS_DATEMOD:
CROSS_DATERECEIVED:
CROSS_DATESENT:
CROSS_DE-DUPED CUSTODIANS:
CROSS_ENDATTACH:
CROSS_ENDBATES:
CROSS_FILEEXTENSION:
CROSS_FILENAME:
CROSS_FROM:
CROSS_MD5 HASH:
CROSS_MESSAGE ID:
CROSS_OWNER:
CROSS_PRODVAL:
CROSS_REDACTED:
CROSS_SUBJECT:
CROSS_TITLE:
CROSS_TO:
CUSTODIAN/SOURCE: Chetna Bindra
DATECREATED:
DATELASTMOD: 09/24/2018
DATERCVD:
DATESENT: 09/24/2018
DeDupedCustodians: Chetna Bindra;Jochen Eisinger;Michael Kleber
DOCEXT: eml
FILENAME:
ILS_ProdDate: 10/05/2021

CROSS_ILS_ProdDate:
MD5 HASH: 2AF9C4B88E65F7C852BD27C63170B650
MessageID: <CAOuvq21wCkLgzX=8J=6dL6u7UNBW5KsXK8hzeXDpbmkij_4vQg@mail.gmail.com>
NATIVEFILE:
Owner: palmer
PAGES: 1
REDACTED: N
SUBJECT: Re: The Incognito Problem - Invitation to edit

# Mao Declaration

# Exhibit 72

Redacted Version of Document
Sought to Be Sealed

GOOG-CABR-03923580

Message

| | |
|---|---|
| **From**: | Chris Palmer [palmer@google.com] |
| **Sent**: | 11/6/2018 6:38:47 PM |
| **To**: | Michael Paddon [mwp@google.com] |
| **CC**: | Michael Kleber [kleber@google.com]; Mike West [mkwst@google.com]; ███████ @google.com; chrome-privacy-core@google.com |
| **Subject**: | Re: EFF: "Google Chrome's Users Take a Back Seat to Its Bottom Line" |

We certainly do have our blind spots (hoooo boy). You're right that the culture is changing, and what was acceptable is less acceptable now; but I'm not sure EFF is necessarily the bellwether we should look to — I find e.g. Zeynep Tufekci's NYT articles a much more compelling and mainstream-understandable critique.

But whatever; what's more important is that we do something meaningful soon. I've bargled various ideas; we could also tighten the 3P cookie rules or block 3P cookies by default in Incognito. Maybe that's not a good idea for various reasons, but we could certainly ship it and things like it soon if we wanted to.

████████████████████████

On Tue, Nov 6, 2018 at 4:13 AM Michael Paddon <mwp@google.com> wrote:
I don't think we can conclude ████████████████████ in general. It does in experiments where advertisers can defect to to status quo. But we cannot conclude what the behaviour would be in the absence of 3p cookies from the entire ecosystem. Put another way, A/B testing is effective for gradient descent but not for finding global minima.

Just as it is easy for us to see EFF's blindspots, we should be aware that we also have enormous blindspots of our own. And so do our advertising partners.

What I see is that the world is changing. The EFF is a bellwether. What was acceptable behaviour in data gathering is becoming unacceptable. I think we need to get out ahead and own the change rather than defending old business models. If the market wants a truly incognito mode, let's give them the best one possible.

On Tue, Nov 6, 2018 at 6:36 AM, Michael Kleber <kleber@google.com> wrote:
Thanks, Chris, that does help.

Much as I love the "We should continue to reach out and offer to help inform them" point of view in general,

████████████████████ Even internally we hedge and point out that it's different for every site, which is true, but frankly I think this is so locked-down because we don't want to cause industry-wide panic.

Unfortunately, so long as we're unwilling to talk about this detail externally, I don't see a path to substantially changing the narrative.

--Michael

On Mon, Nov 5, 2018 at 2:16 PM Chris Palmer <palmer@google.com> wrote:
I have worked at EFF twice, first as Staff Technologist & Technology Manager, and again as Technology Director. So maybe I can provide some context. I left EFF and came to Google on the informed belief that I can successfully do more EFF-like work here than at EFF. After 7 years here, I am certain I was right. But, do take this with a grain of salt — I have A Viewpoint and it might not be 100% objective. :)

CONFIDENTIAL

To answer Michael's question: It's ignorance, not malice. (Sure, they're feisty, but that is good!) Generally, EFF does not think hard about how people who create information goods make money. They have an old-timey Wired Magazine/1990s internet boom/techno-solutionist/"we're already post-scarcity!" ideology that requires them to believe that low marginal cost per copy means that information goods are 'free' to make. You'll see this in their positions on any information good, whether it's software, music, journalism, literature, et c. (They rely heavily on Cory Doctorow's hard-to-replicate experience of getting lucky, which notably involved running a popular ad-supported blog. Doot-de-doo...)

As for "credulous and naive", yes; part of their problem is epistemic closure. (Again, *not malice* — they are good people trying to do the right thing.) They tend to alienate people who could inform them, leaving only people who already agree. For example, they didn't ask me if they had the facts right before posting this post, despite knowing me and that I am on Chrome Security; similarly, AFAIK they have never had anyone who has ever been in the intelligence community on staff.

Their closure also reduces their potential reach, although they do have vocal support in parts of the security engineering community (and, weirdly, vocal opposition in other parts of the security community). We should continue to reach out and offer to help inform them. I don't necessarily expect huge returns from that; Google gave EFF an early view of Gmail and EFF still blasted them for its "creepiness", but I think it was good for everyone to at least have the conversation. It's better than random broadsides like this post.

Ultimately, the blame for people's misconceptions about Incognito Mode is due to that name and branding, as I have argued repeatedly. I believe the Incognito part of this blog post would basically not exist if we had called it (e.g.) Temporary Mode.

Could Incognito/Temporary work better, such as the site- or origin-specific local storage deletion? Sure, maybe that would work. As much as I want to ratchet down the brand and apparent 'guarantee', I am also in favor of ratcheting up the guarantee *where technically possible*. (I'll continue to push back on infeasible or impossible guarantees.)

On Mon, Nov 5, 2018 at 6:26 AM Michael Kleber <kleber@google.com> wrote:
I am really surprised by their never touching on how publishers get money. They (wrongly) claim that "The marginal benefit of each additional bit of information about your activities online is relatively small to an advertiser, especially given how much you directly give Google through your searches". But there is no corresponding thinking about the marginal benefit of the cookie is *huge for publishers*, because without it we have no way to bring *any* of that information to bear on display ad monetization.

Any opinion on whether that omission is ignorance or malice?

Their take on "incognito mode" is very interesting. The idea that it "does nothing to protect you from being tracked by Google" is a rational complaint if you sign into Google in incognito mode (which seems like an oxymoron to me), or if you use the same incognito session for a long time.

"A sustainable Web needs to be built on consent, not subterfuge" surprises me, in that I would have expected them to be as skeptical of consent as we are. Maybe political considerations mean you can't say that publicly (yet)?

--Michael

On Mon, Nov 5, 2018 at 3:27 AM Mike West <mkwst@google.com> wrote:
Ouch. https://www.eff.org/deeplinks/2018/11/google-chromes-users-take-back-seat-its-bottom-line

A few things to call out:

"The closest thing it offers to 'private' browsing out-of-the-box is 'incognito mode', which only hides what you do from others who use your machine. That might hide embarrassing searches from your family, but does nothing to protect you from being tracked by Google." which is an interesting form of the "Incognito should do more" argument.

"Facebook recently announced its intention to move away from using third-party cookies to power Pixel, its third-party analytics product." is a fairly naive and credulous take on Facebook's moves in this space.

"Google could take the lead on solving this problem. Trackers are not necessary to make the Web work, and they shouldn't be necessary for Google to make lots (and lots) of money. As we noted above, Google has mountains of direct information about what you want to buy through its various services, from search to Maps to Google Play. Ads don't need to be targeted using every little bit of information about us that Google has access to via our use of its browser. A sustainable Web needs to be built on consent, not subterfuge." Apparently first-party tracking is fine.

"Google has come under fire in the past for using its power in one arena, like browsing or search, to drive revenue to other parts of its business." I heard a similar kind of argument from one of our friends at Samsung at dinner during TPAC a week or two ago.

-mike
--
You received this message because you are subscribed to the Google Groups          group.
To unsubscribe from this group and stop receiving emails from it, send an email to
          +unsubscribe@google.com.
To post to this group, send email to          @google.com.
To view this discussion on the web visit
https://groups.google.com/a/google.com/d/msgid          /CAKXHy%3Dc1Ovb%3DLbdoQeAa7r%2B9
y2Kaya7G7xfmtZ3SzKKq8rOa%2BA%40mail.gmail.com.

--
Forewarned is worth an octopus in the bush.

--
You received this message because you are subscribed to the Google Groups          group.
To unsubscribe from this group and stop receiving emails from it, send an email to
          +unsubscribe@google.com.
To post to this group, send email to          @google.com.
To view this discussion on the web visit
https://groups.google.com/a/google.com/d/msgid          /CAA6DcCePf9riuRtP%3DgO0u4RUcG6A3%
2Bi%3D4YCt2tPonpAPtW0VNg%40mail.gmail.com.

--
Forewarned is worth an octopus in the bush.

--

You received this message because you are subscribed to the Google Groups █████████ group.
To unsubscribe from this group and stop receiving emails from it, send an email to
████████+unsubscribe@google.com.
To post to this group, send email to ████████@google.com.
To view this discussion on the web visit
https://groups.google.com/a/google.com/d/msgid█████████/CAA6DcCdpq3SfjVdc7yLTZBJ7EnecZWk2XM
2DnYm0rtOK718p2A%40mail.gmail.com.

CONFIDENTIAL

GOOG-CABR-03923583

PRODBEG: GOOG-CABR-03923580
PRODBEGATT:
PRODEND: GOOG-CABR-03923583
PRODENDATT:
PRODVOL: CROSS-PROD016
2nd_CROSS_BEGBATES:
2nd_CROSS_ENDBATES:
AllCustodians: Jochen Eisinger;Michael Kleber
TO: michael paddon <mwp@google.com>
FROM: chris palmer <palmer@google.com>
CC: chrome-privacy-core@google.com ███████google.com;michael kleber <kleber@g-
    oogle.com>;mike west <mkwst@google.com>
BCC:
CONFIDENTIALITY: CONFIDENTIAL
CROSS_ALLCUSTODIANS:
CROSS_ATTACHMENTNAME:
CROSS_BEGATTACH:
CROSS_BEGBATES:
CROSS_CC:
CROSS_CONFIDENTIALITY:
CROSS_CUSTODIAN:
CROSS_DATECREATED:
CROSS_DATEMOD:
CROSS_DATERECEIVED:
CROSS_DATESENT:
CROSS_DE-DUPED CUSTODIANS:
CROSS_ENDATTACH:
CROSS_ENDBATES:
CROSS_FILEEXTENSION:
CROSS_FILENAME:
CROSS_FROM:
CROSS_MD5 HASH:
CROSS_MESSAGE ID:
CROSS_OWNER:
CROSS_PRODVAL:
CROSS_REDACTED:
CROSS_SUBJECT:
CROSS_TITLE:
CROSS_TO:
CUSTODIAN/SOURCE: Jochen Eisinger
DATECREATED:
DATELASTMOD: 11/06/2018
DATERCVD:
DATESENT: 11/06/2018
DeDupedCustodians: Jochen Eisinger;Michael Kleber
DOCEXT: eml
FILENAME:
ILS_ProdDate: 09/28/2021
CROSS_ILS_ProdDate:
MD5 HASH: 0FE2F75B463A235B59A86789A8BE33D7
MessageID: <CAOuvq20Dz8MN=isLKF4-aNEePtqtHZxpES_ePd8Xht5DxCYsKg@mail.gmail.com>
NATIVEFILE:
Owner: palmer
PAGES: 4
REDACTED: N

SUBJECT: Re: EFF: "Google Chrome's Users Take a Back Seat to Its Bottom Line"

# Mao Declaration

# Exhibit 73

Redacted Version of Document
Sought to Be Sealed

GOOG-CABR-03827263

Message
_____

**From:** Rachel Popkin (Google Docs) [comments-noreply@docs.google.com]
**Sent:** 12/10/2018 9:33:08 PM
**To:** mardini@google.com
**Subject:** Synthesized Themes for Browser 6 Pager

Rachel Popkin added comments to Synthesized Themes for Browser 6 Pager
New

2 comments

New
Comments

 **Adrienne Porter Felt**

We have to stop thinking about privacy as a bit flip within Chrome and instead think of it as a core part of our product. We have to re-think flows from the beginning, making it transparent to users when and how their data is being shared and then give them the control to either edit or remove that data. We have to be able to do this for our first party relationship with Google, through third-party relationships with websites, and within the complexity of shared-device scenarios.

something we need to decide: how far do we want to go with this?

do we want to stop opting people in to UMA by default? do we want to build federated analysis with 

 **Parisa Tabriz**

I think we need to understand what problems we're solving first. For example, even if we could design and publish a provably privacy-preserving system to do ad remarketing, I'm not sure if that makes it any less creepy to users or will mean Apple criticizes us any less.

I'd love to be challenged on this, but I don't think we get criticisim because UMA is opt-out, or even got any criticism when we made the opt-in-to-opt-out change. My guess is because (1) most users don't care about/understand this level of detail (2) users that do care think the tradeoff and change was reasonable.

From my view, sync/identity/privacy+security-settings are just way too complicated, and users can't make any reasoned tradeoffs for themselves without more help. Also, incognito is a confusing mess that also doesn't have high user awareness, and all of this makes situations where people use Chrome in shared settings dangerous (w.r.t. privacy). If we could materially address some of these problems, I'd be pretty happy.

**AbdelKarim Mardini**
I don't think UMA and the likes are the issue. If we're talking about user perception/feelings, there is a clear PR/narrative issue that needs concerted x-functional effort to fix regarding privacy, in-product as well as off-product. It's also not a Chrome issue per se but a Google issue overall and Chrome is collateral damage.

**Rachel Popkin**
I just caught up with bgalbs on [redacted] 2 year plan, and I'm newly worried about history sync. Let's discuss!

ReplyOpen

**AbdelKarim Mardini**

who remix and create content

The mental model I had been using here is the creation of public "Play Lists" about topics (well, Reading Lists", I guess) that are analogous to users who create public Deezer/Spotify Plalists, or public maps with interesting stuff on it, ...etc. Is this what you mean by remixing?

**Rachel Popkin**

I think remix involves changing or layering on something new - but maybe curation is part of that! I love the idea of play lists for the web on certain topics.

**ReplyOpen**

Google LLC, 1600 Amphitheatre Parkway, Mountain View, CA 94043, USA

You have received this email because you are a participant in the updated discussion threads. Change what Google Docs sends you. You can not reply to this email.

CONFIDENTIAL

GOOG-CABR-03827264

PRODBEG: GOOG-CABR-03827263
PRODBEGATT:
PRODEND: GOOG-CABR-03827264
PRODENDATT:
PRODVOL: CROSS-PROD016
2nd_CROSS_BEGBATES:
2nd_CROSS_ENDBATES:
AllCustodians: AbdelKarim Mardini
TO: mardini@google.com
FROM: rachel popkin (google docs) <comments-noreply@docs.google.com>
CC:
BCC:
CONFIDENTIALITY: CONFIDENTIAL
CROSS_ALLCUSTODIANS:
CROSS_ATTACHMENTNAME:
CROSS_BEGATTACH:
CROSS_BEGBATES:
CROSS_CC:
CROSS_CONFIDENTIALITY:
CROSS_CUSTODIAN:
CROSS_DATECREATED:
CROSS_DATEMOD:
CROSS_DATERECEIVED:
CROSS_DATESENT:
CROSS_DE-DUPED CUSTODIANS:
CROSS_ENDATTACH:
CROSS_ENDBATES:
CROSS_FILEEXTENSION:
CROSS_FILENAME:
CROSS_FROM:
CROSS_MD5 HASH:
CROSS_MESSAGE ID:
CROSS_OWNER:
CROSS_PRODVAL:
CROSS_REDACTED:
CROSS_SUBJECT:
CROSS_TITLE:
CROSS_TO:
CUSTODIAN/SOURCE: AbdelKarim Mardini
DATECREATED:
DATELASTMOD: 12/10/2018
DATERCVD:
DATESENT: 12/10/2018
DeDupedCustodians: AbdelKarim Mardini
DOCEXT: eml
FILENAME:
ILS_ProdDate: 09/28/2021
CROSS_ILS_ProdDate:
MD5 HASH: 75973531BA2EA32479862C130CF0843A
MessageID: <CrZNyh1-DN-H8i8dS7RApQ.0@notifications.google.com>
NATIVEFILE:
Owner: comments-noreply
PAGES: 2
REDACTED: N
SUBJECT: Synthesized Themes for Browser 6 Pager

# Mao Declaration

# Exhibit 74

## Sealed Entirely

GOOG-BRWN-00047399

# Mao Declaration

# Exhibit 75

Redacted Version of Document
Sought to Be Sealed

GOOG-CABR-04991831

Message

| | |
|---|---|
| **From**: | Ben Galbraith [bgalbs@google.com] |
| **Sent**: | 2/27/2019 6:06:04 PM |
| **To**: | AbdelKarim Mardini [mardini@google.com]; Alex Ainslie [ainslie@google.com] |
| **CC**: | Vivek Sekhar [vsekhar@google.com]; Parisa Tabriz [parisa@google.com]; Alex Nicolaou [anicolao@google.com] |
| **Subject**: | [Urgent] Browser UI concepts aligned w/ ██████ |

Hi Mardini, Alex,

We're aligning on some revisions to the ██████ plans that incorporate some elements for which visual concepts which be quite helpful for some upcoming exec reviews:

- Hiroshi on Mar. 7th
- Sundar on Mar. 21st

The concepts are:

- Enhancements to Incognito, in line with the thinking from Chris Palmer and others

████████████████████████████████

████████████████████████████████████

We'd like to iterate on some concepts to illustrate these concepts (positioning them as WIP and conceptual).

Given the distribution of the teams, what's the right way to get a tight loop going on this work? Should we engage w/ Hwi on the platform side, and have her coordinate w/ various UX counterparts?

Should we give collaborate with Rory and the ████ team and give feedback? This is fine, but I'm mindful of differing priorities between the ██████ team and the ████ team.

Thanks for your help!

Ben

CONFIDENTIAL

PRODBEG: GOOG-CABR-04991831
PRODBEGATT:
PRODEND: GOOG-CABR-04991831
PRODENDATT:
PRODVOL: CROSS-PROD040
2nd_CROSS_BEGBATES:
2nd_CROSS_ENDBATES:
AllCustodians: AbdelKarim Mardini;Alex Ainslie
TO: alex ainslie <ainslie@google.com>;abdelkarim mardini <mardini@google.com>
FROM: ben galbraith <bgalbs@google.com>
CC: parisa tabriz <parisa@google.com>;vivek sekhar <vsekhar@google.com>;alex nic-
        olaou <anicolao@google.com>
BCC:
CONFIDENTIALITY: CONFIDENTIAL
CROSS_ALLCUSTODIANS:
CROSS_ATTACHMENTNAME:
CROSS_BEGATTACH:
CROSS_BEGBATES:
CROSS_CC:
CROSS_CONFIDENTIALITY:
CROSS_CUSTODIAN:
CROSS_DATECREATED:
CROSS_DATEMOD:
CROSS_DATERECEIVED:
CROSS_DATESENT:
CROSS_DE-DUPED CUSTODIANS:
CROSS_ENDATTACH:
CROSS_ENDBATES:
CROSS_FILEEXTENSION:
CROSS_FILENAME:
CROSS_FROM:
CROSS_MD5 HASH:
CROSS_MESSAGE ID:
CROSS_OWNER:
CROSS_PRODVAL:
CROSS_REDACTED:
CROSS_SUBJECT:
CROSS_TITLE:
CROSS_TO:
CUSTODIAN/SOURCE: Alex Ainslie
DATECREATED:
DATELASTMOD: 02/27/2019
DATERCVD:
DATESENT: 02/27/2019
DeDupedCustodians: AbdelKarim Mardini;Alex Ainslie
DOCEXT: eml
FILENAME:
ILS_ProdDate: 11/16/2021
CROSS_ILS_ProdDate:
MD5 HASH: 975ECB8CE4743129C69DA89080B4A444
MessageID: <CAEY+imj3Z0JenSWde=be4ak21iNPAD+g=BJcP79tCQ0uh=XhTA@mail.gmail.com>
NATIVEFILE:
Owner: bgalbs
PAGES: 1
REDACTED: N

SUBJECT: [Urgent] Browser UI concepts aligned w/ ███████

# Mao Declaration

# Exhibit 76

Redacted Version of Document
Sought to Be Sealed

GOOG-BRWN-00047341

# Sin Rastro & Chrome | P.A.M. review

Chrome Privacy

Dec 2019

**Goals for this meeting - aligning!**

- Align on Chrome's position towards Sin Rastro (Google-wide Incognito initiative)
- Align on upcoming PDPO Steering Committee (SVPs) meeting (Jan 2020)

- Align on Chrome's position towards Sin Rastro (Google-wide Incognito initiative) in general, and in light of an upcoming PDPO Steering Committee meeting amongst a set of SVPs in particular.
- And prep them for Anil meeting

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
GOOG-BRWN-00047342

## Quick recap

- Incognito in other Google products (xGA, YouTube, Maps) announced by Sundar at I/O 2019.
- Sin Rastro's mandate is to make the Incognito experience across Google products coherent and simpler to understand.
- Chrome's position is tough, as it's a Google product *and* a browser.

GOOG-BRWN-00047343

| Id | Date | Text |
|----|------|------|
| 1 | 12/11/2019 07:01:48 |  |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

GOOG-BRWN-00047344

PRODBEG: GOOG-BRWN-00047341
PRODBEGATT:
PRODEND: GOOG-BRWN-00047363
PRODENDATT:
PRODVOL: PROD013
2nd_CROSS_BEGBATES: GOOG-CABR-05169344
2nd_CROSS_ENDBATES: GOOG-CABR-05169366
AllCustodians:  Sabine Borsay
TO:
FROM:
CC:
BCC:
CONFIDENTIALITY: Highly Confidential - AEO
CROSS_ALLCUSTODIANS: Sabine Borsay
CROSS_ATTACHMENTNAME:
CROSS_BEGATTACH:
CROSS_BEGBATES: GOOG-CABR-00148157
CROSS_CC:
CROSS_CONFIDENTIALITY: HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
CROSS_CUSTODIAN: Sabine Borsay
CROSS_DATECREATED: 12/09/2019
CROSS_DATEMOD: 01/07/2020
CROSS_DATERECEIVED:
CROSS_DATESENT:
CROSS_DE-DUPED CUSTODIANS: Sabine Borsay
CROSS_ENDATTACH:
CROSS_ENDBATES: GOOG-CABR-00148179
CROSS_FILEEXTENSION: pptx
CROSS_FILENAME: Chrome & Sin Rastro -   P.A.M. review _1mvNAk3wArKDD5QUVKmydkRMo-
        iwsYX0_cNzIMpcw6Vjg.pptx
CROSS_FROM:
CROSS_MD5 HASH: 15C53060CE9D18B6050BEDC50F965B95
CROSS_MESSAGE ID:
CROSS_OWNER: sabineb@google.com
CROSS_PRODVAL: CROSS-PROD002
CROSS_REDACTED: N
CROSS_SUBJECT:
CROSS_TITLE: Chrome & Sin Rastro |   P.A.M. review
CROSS_TO:
CUSTODIAN/SOURCE: Sabine Borsay
DATECREATED: 12/09/2019
DATELASTMOD: 01/07/2020
DATERCVD:
DATESENT:
DeDupedCustodians:
DOCEXT:
FILENAME: Chrome & Sin Rastro -   P.A.M. review _1mvNAk3wArKDD5QUVKmydkRMoiwsYX0-
        _cNzIMpcw6Vjg.pptx
ILS_ProdDate: 05/07/2021
CROSS_ILS_ProdDate: 09/01/2021
MD5 HASH: 15C53060CE9D18B6050BEDC50F965B95
MessageID:
NATIVEFILE:
Owner:
PAGES:

REDACTED: N
SUBJECT:

# Mao Declaration

# Exhibit 77

Redacted Version of Document
Sought to Be Sealed

GOOG-CABR-05269678

## What is this deck?

Sundar wanted to get an update about what Chrome Browser was doing, planning, and thinking about related to privacy and user trust. This is the deck that Anil, Darin, Margret, Alex, and Parisa used to present. (Hiroshi was there to support too!)

CONFIDENTIAL – DO NOT FORWARD

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

GOOG-CABR-05269679

# Agenda

**1** **Privacy and User Trust**
+ Privacy Focused Chrome
+ ████████████████
+ Extensions
+ Data Collection & Usage

**Appendix**
● Browser Roadmap
● Web Platform Roadmap

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



Privacy and User Trust
**Privacy-Focused Chrome**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

# Privacy-Focused Chrome

## *Principles*

Chrome helps you **get things done**

Chrome **keeps you and your data safe**

**You choose** how your data is used

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

GOOG-CABR-05269682

You should **be safe** and **feel safe** using Chrome

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

GOOG-CABR-05269683

You should **be safe** and **feel safe** using Chrome

Security & Privacy          Warning & Reassurance

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

GOOG-CABR-05269684



**Today:** Privacy-related controls are hidden in the advanced section of settings and on subpages.

They are overwhelming...

...and difficult to understand.

Allow sites to check if you have payment methods saved

Preload pages for faster browsing and searching
Uses cookies to remember your preferences, even if you don't vis

Manage certificates
Manage HTTPS/SSL certificates and settings

Manage security keys
Reset security keys and create PINs

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

GOOG-CABR-05269685

PRODBEG: GOOG-CABR-05269678
PRODBEGATT:
PRODEND: GOOG-CABR-05269708
PRODENDATT:
PRODVOL: CROSS-PROD042
2nd_CROSS_BEGBATES:
2nd_CROSS_ENDBATES:
AllCustodians: AbdelKarim Mardini;Adrienne Porter Felt;Alex Ainslie;Alexei Svitk-
     ine;Benj Azose;Chris Palmer;Florian Uunk;Helen Harris;Jochen Eisi-
     nger;Justin Schuh;Ramin Halavati;Rory McClelland;Sabine Borsay
TO:
FROM:
CC:
BCC:
CONFIDENTIALITY: HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
CROSS_ALLCUSTODIANS:
CROSS_ATTACHMENTNAME:
CROSS_BEGATTACH:
CROSS_BEGBATES:
CROSS_CC:
CROSS_CONFIDENTIALITY:
CROSS_CUSTODIAN:
CROSS_DATECREATED:
CROSS_DATEMOD:
CROSS_DATERECEIVED:
CROSS_DATESENT:
CROSS_DE-DUPED CUSTODIANS:
CROSS_ENDATTACH:
CROSS_ENDBATES:
CROSS_FILEEXTENSION:
CROSS_FILENAME:
CROSS_FROM:
CROSS_MD5 HASH:
CROSS_MESSAGE ID:
CROSS_OWNER:
CROSS_PRODVAL:
CROSS_REDACTED:
CROSS_SUBJECT:
CROSS_TITLE:
CROSS_TO:
CUSTODIAN/SOURCE: Alexei Svitkine
DATECREATED: 08/23/2019
DATELASTMOD: 09/20/2020
DATERCVD:
DATESENT:
DeDupedCustodians: AbdelKarim Mardini;Adrienne Porter Felt;Alex Ainslie;Alexei S-
     vitkine;Benj Azose;Chris Palmer;Florian Uunk;Helen Harris;Jochen
     Eisinger;Justin Schuh;Ramin Halavati;Rory McClelland;Sabine Borsa-
     y
DOCEXT: pptx
FILENAME: 8-21-19 Chrome Sundar Review_16WK6aIZehGVBe7OGLsS0BZJh1dnrf23cXBobUw2P-
     Eqc.pptx
ILS_ProdDate: 11/17/2021
CROSS_ILS_ProdDate:
MD5 HASH: 6D02D60960B400F7BE8781AB1752A999

MessageID:
NATIVEFILE:
Owner: parisa@google.com
PAGES: 31
REDACTED: N
SUBJECT:

# Mao Declaration

# Exhibit 78

Sealed Entirely

GOOG-CABR-04798344

# Mao Declaration

# Exhibit 80

Redacted Version of Document
Sought to Be Sealed

GOOG-BRWN-00042388



CONFIDENTIAL

Chrome User Segments (US)

GOOG-BRWN-00042390

sumUX Research | March 2020
Chrome Lit. Review | 2018

What do users think private modes are? What does it do or not do?
Do users understand what works or doesn't work when they are in the mode?

- **Participants overestimate private mode protections.** There are several common misconceptions about private mode, including that it prevents all external parties from accessing user data and search history, safeguards against hacking, and protects against tracking and ad targeting... gives anonymity, obscures location, hides browsing activity from Google...

- **Participants do not understand how private mode works.** Although participants understand search history and cookies are not saved in private mode, they do not understand its technical mechanisms or that private mode has limited protection against external parties.

- **Participants expect limited functionality in private mode.** There is some evidence that participants don't expect websites/applications to fully function in private mode.

GOOG-BRWN-00042403



CONFIDENTIAL
GOOG-BRWN-00042404

Tactical Research

CONFIDENTIAL

sumUX Research | March 2020

Do users expect private modes to stay on for all future sessions until they turn it off? How would participants react to having their private session expire after a certain period of time? Indirect evidence...

- **expect to manually terminate private sessions.** Participants generally understand that they must exit their private browser to end their session.

- **like automatic timeouts of private sessions.** Some participants are concerned their information will be made vulnerable if they forget to end their session. Automatic timeouts may make them feel more secure, and participants already expect automatic session terminations when logged into sensitive accounts (i.e. banking, healthcare sites).

- **appreciate system reminders.** Some participants find it difficult to tell when they are in public vs. private mode. Given the concern about forgetting to end a private session, better indicators about the status of a private session may help participants feel more secure.

GOOG-BRWN-00042406

Geo UXR | March 2019

# But, auto-expire is differently perceived.



**Background:**

+ This study aims to understand **users' motivations for and expectations of using incognito mode in GMM.**

**Auto-expire:**

+ Auto expire did not resonate with users; almost all expected the session to remain on permanently.

**Data storage:**

+ Most ppts expected their location history to be private at the GMM account and device levels. There was no consensus on whether or not Google saved this information. Several expressed disappointment, but not surprise at the prospect of Google saving this data.

GOOG-BRWN-00042407



Incognito Users*: Should Feature [X] be enabled in Regular vs. Incognito (N = 138)
* Uses Incognito at least once per month

GOOG-BRWN-00042408

sumUX Research | March 2020

What are any risks or potential moments when trust might be lost with participants while in private mode? How can these risks be mitigated or minimized?

- **Not being made aware of private mode limitations.** Given that participants overestimate private mode protections, participants are surprised and feel misled when made aware of private mode vulnerabilities.

- **Being shown ambiguous or misleading disclosures.** Although participants often click through or ignore disclosures, disclosures should be difficult to ignore in order to clear up misconceptions and mitigate potential trust violations.

- **Having personal information leaked.** Settings that clearly show when they are in private mode, easy control of the mode, and control over information sharing may mitigate this concern.

- **Receiving targeted ads or suggestions.** Unless it is clearly disclosed that their activity may be trackable, receiving targeted ads or suggestions based on private mode activity may erode trust.

CONFIDENTIAL

GOOG-BRWN-00042409



No statistically significant differences between any group (p=0.8743).

GOOG-BRWN-00042410

PRODBEG: GOOG-BRWN-00042388
PRODBEGATT:
PRODEND: GOOG-BRWN-00042418
PRODENDATT:
PRODVOL: PROD012
2nd_CROSS_BEGBATES:
2nd_CROSS_ENDBATES:
AllCustodians: Helen Harris
TO:
FROM:
CC:
BCC:
CONFIDENTIALITY: Confidential
CROSS_ALLCUSTODIANS: Helen Harris
CROSS_ATTACHMENTNAME:
CROSS_BEGATTACH:
CROSS_BEGBATES: GOOG-CABR-00093167
CROSS_CC:
CROSS_CONFIDENTIALITY: CONFIDENTIAL
CROSS_CUSTODIAN: Helen Harris
CROSS_DATECREATED: 03/23/2020
CROSS_DATEMOD: 07/16/2020
CROSS_DATERECEIVED:
CROSS_DATESENT:
CROSS_DE-DUPED CUSTODIANS: Helen Harris
CROSS_ENDATTACH:
CROSS_ENDBATES: GOOG-CABR-00093197
CROSS_FILEEXTENSION: pptx
CROSS_FILENAME: Incognito Workshop 2020 - UXR Lit. Review_1lvspipFBT6DUFgp5ePyTN-
        nCXdWKwvYMWoAZgcNi31TI.pptx;Incognito Workshop 2020 - UXR Lit. Re-
        v_1lvspipFBT6DUFgp5ePyTNnCXdWKwvYMWoAZgcNi31TI.pptx
CROSS_FROM:
CROSS_MD5 HASH: 02D0368BB11F6E464682CC44F10DE96D
CROSS_MESSAGE ID:
CROSS_OWNER: lachner@google.com
CROSS_PRODVAL: CROSS-PROD002
CROSS_REDACTED: N
CROSS_SUBJECT:
CROSS_TITLE: Incognito Workshop 2020 | UXR Lit. Review
CROSS_TO:
CUSTODIAN/SOURCE: Helen Harris
DATECREATED: 03/23/2020
DATELASTMOD: 07/16/2020
DATERCVD:
DATESENT:
DeDupedCustodians:
DOCEXT:
FILENAME: Incognito Workshop 2020 - UXR Lit. Review_1lvspipFBT6DUFgp5ePyTNnCXdWK-
        wvYMWoAZgcNi31TI.pptx;Incognito Workshop 2020 - UXR Lit. Rev_1lvs-
        pipFBT6DUFgp5ePyTNnCXdWKwvYMWoAZgcNi31TI.pptx
ILS_ProdDate: 05/01/2021
CROSS_ILS_ProdDate: 09/01/2021
MD5 HASH: 02D0368BB11F6E464682CC44F10DE96D
MessageID:
NATIVEFILE:

Owner:
PAGES:
REDACTED: N
SUBJECT:

# Mao Declaration

# Exhibit 81

## Sealed Entirely

GOOG-CABR-04431207

# Mao Declaration

# Exhibit 83

Sealed Entirely

GOOG-CABR-04739841

# Mao Declaration

# Exhibit 84

Sealed Entirely

GOOG-CABR-04746153

# Mao Declaration

# Exhibit 86

Redacted Version of
Document Sought to Be Sealed

June 14, 2022 Declaration of

Martin Sramek

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP

2  Andrew H. Schapiro (admitted *pro hac vice*)        Diane M. Doolittle (CA Bar No. 142046)
   andrewschapiro@quinnemanuel.com                    dianedoolittle@quinnemanuel.com
3  191 N. Wacker Drive, Suite 2700                    555 Twin Dolphin Drive, 5th Floor
   Chicago, IL 60606                                  Redwood Shores, CA 94065
4  Telephone: (312) 705-7400                          Telephone: (650) 801-5000
   Facsimile: (312) 705-7401                          Facsimile: (650) 801-5100
5
   Stephen A. Broome (CA Bar No. 314605)              Josef Ansorge (admitted *pro hac vice*)
6  stephenbroome@quinnemanuel.com                     josefansorge@quinnemanuel.com
   Viola Trebicka (CA Bar No. 269526)                 Carl Spilly (admitted *pro hac vice*)
7  violatrebicka@quinnemanuel.com                     carlspilly@quinnemanuel.com
   865 S. Figueroa Street, 10th Floor                 1300 I Street, N.W., Suite 900
8  Los Angeles, CA 90017                              Washington, D.C. 20005
   Telephone: (213) 443-3000                          Telephone: 202-538-8000
9  Facsimile: (213) 443-3100                          Facsimile: 202-538-8100

10 Jonathan Tse (CA Bar No. 305468)                   Jomaire A. Crawford (admitted *pro hac vice*)
   jonathantse@quinnemanuel.com                       jomairecrawford@quinnemanuel.com
11 50 California Street, 22nd Floor                    51 Madison Avenue, 22nd Floor
   San Francisco, CA 94111                            New York, NY 10010
12 Telephone: (415) 875-6600                          Telephone: (212) 849-7000
   Facsimile: (415) 875-6700                          Facsimile: (212) 849-7100

13
   *Attorneys for Defendant Google LLC*
14

15             **UNITED STATES DISTRICT COURT**
       **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**
16

17 CHASOM BROWN, et al., individually and        Case No. 4:20-cv-03664-YGR-SVK
   on behalf of all similarly situated,
18                                               **SUPPLEMENTAL DECLARATION OF**
              Plaintiffs,                        **MARTIN SRAMEK IN RESPONSE TO**
19                                               **May 20, 2022 ORDER**
          vs.
20                                               Referral: Hon. Susan van Keulen, USMJ
   GOOGLE LLC,
21
              Defendant.
22

23

24

25

26

27

28

**HIGHLY  CONFIDENTIAL - ATTORNEYS' EYES ONLY**

I, Martin Sramek, declare as follows:

1.      I am the Privacy Working Group lead for Chrome. I have been employed at Google since October 2014, and I have worked on issues related to Chrome privacy for the duration of my tenure. I make this declaration based on personal knowledge and information provided to me by Google colleagues and, if called to testify, I could and would competently testify to such facts.

2.      I understand that the Court has ordered that "Google must provide Plaintiffs with a representation in writing no later than May 31, 2022 that other than the logs identified thus far as containing Incognito-detection bits, no other such logs exist."

3.      Pursuant to the Court's order, I submitted a declaration on May 31, 2022. That declaration noted that "[t]he investigation is ongoing and should be completed within the next two weeks, by June 14, 2022," and I "reserve[d] the right to supplement my attestation with any additional finding resulting from this continued investigation."

4.      The additional two-week investigation referenced in my May 31, 2022 declaration is now concluded. For that investigation, I worked with Google employee Matt Harren, the ████ Logs Technical Lead, to identify additional logs containing Incognito-detection bits. In addition, I supervised a robust code audit to identify any additional uses of the X-Client-Data header for Incognito detection. Our investigation led to the identification of the additional logs identified in the charts attached hereto as Exhibit A.

5.      My further investigation confirmed that when the maybe_chrome_incognito bit was added to the ████████████ or ██████████████ logs previously identified by Google, it was copied to each of the logs identified in Exhibit A. This replication to additional logs is an artifact of Google's backend infrastructure, which is constructed to direct data traffic collected for a targeted purpose to a targeted log.

6.      The logs identified in Table 1 of Exhibit A are ██████████ logs that begin with the prefix █████, meaning they are used for experiments that extract data from the ████████ or ██████████████ logs and perform analysis and modeling to predict ad revenues. These do not record unique records of user browsing beyond what is recorded in the ██████████ or ██████████████ logs.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

7.    The logs identified in Table 2 of Exhibit A are ███████ logs. These are currently used for analysis and testing. They do not record additional data regarding user browsing beyond what is recorded in the ████████████ or ██████████████████ logs.

8.    The logs identified in Table 3 of Exhibit A are ███████ logs. ████████████████████████████████████████████████ ██████████████████. They do not record additional data regarding user browsing beyond what is recorded in the ████████ logs. Google previously disclosed ██████████████ logs.

9.    The logs identified in Table 4 of Exhibit A are ████ logs. ████████████ ████████████████████████████████████████████████ The ████ log ██████████████████████████████ contains information regarding user browsing that was included in two other logs previously disclosed by Google, ████████████████████ and ██████████████. The log ████████████ ██████████████████ contains joined information from ████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ all of which were previously disclosed by Google. The other ████ logs in Table 4 of Exhibit A contain ██████████████████, which were not previously disclosed by Google, joined with ██████████████████.

10.    The logs identified in Table 5 of Exhibit A are ██ logs. ████████████████████████████.

11.    The logs identified in Table 6 of Exhibit A are ██████████ logs that contain ████████████████████████████.

12.    The investigation also identified the log ██████████████████████, which contains the field "is_chrome_non_incognito_mode." That log does not contain any GAIA, Biscotti, or Zwieback identifiers.

13.    In Google's previous disclosures and in my previous declaration, a typographical error led to the inadvertent disclosure of the test version of log ████████ ██████████████████. The correct name for the equivalent log that contains data for

SUPPLEMENTAL DECLARATION OF MARTIN SRAMEK

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

1  users of Google services is ████████████████████████. Google searched ████████

2  ████████████████████ pursuant to the Special Master process. Another typographical

3  error appeared in the log named ████████████████ - the correct name is ████

4  ████████████.

5         I declare under penalty of perjury of the laws of the United States of America that the

6  foregoing is true and correct.

7

8         Executed on the 14th day of June 2022 at Munich, Germany.

9

10  DATED: June 14, 2022

11                                    */s/ Martin Sramek*

12                                    Martin Sramek

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

SUPPLEMENTAL DECLARATION OF MARTIN SRAMEK

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

### Table 1 – ███████ Logs

| Log | Incognito Bit |
|---|---|
| ██████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |

### Table 2 – ██████ Logs

| Log | Incognito Bit |
|---|---|
| ██████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ██████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ███████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |

### Table 3 – ███████ Logs

| Log | Incognito Bit |
|---|---|
| ███████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ██████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ██████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| █████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ███████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ███████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ███████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ███████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| █████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |

**HIGHLY  CONFIDENTIAL - ATTORNEYS' EYES ONLY**

**Table 4 - ▮▮▮▮ Logs**

| Log | Incognito Bit |
|---|---|
| ▮▮▮▮ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ▮▮▮▮ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ▮▮▮▮ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ▮▮▮▮ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ▮▮▮▮ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |

**Table 5 - ▮▮▮ Logs**

| Log | Incognito Bit |
|---|---|
| ▮▮▮▮ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ▮▮▮▮ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ▮▮▮▮ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ▮▮▮▮ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ▮▮▮▮ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ▮▮▮▮ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ▮▮▮▮ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ▮▮▮▮ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ▮▮▮▮ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ▮▮▮▮ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ▮▮▮▮ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ▮▮▮▮ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |

SUPPLEMENTAL DECLARATION OF MARTIN SRAMEK

**HIGHLY  CONFIDENTIAL - ATTORNEYS' EYES ONLY**

| 1 | ██████████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| 2 | ██████████████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| 3 | ██████████████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| 4 | ██████████████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| 5 | ██████████████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| 6 | ███████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| 7 | ███████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| 8 | ██████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| 9 | ███████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |

**Table 6 - ███████████ Logs**

| Log | Incognito Bit |
| --- | --- |
| █████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ██████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |
| ███████████████ | maybe_chrome_incognito_do_not_use_without_consulting_legal_and_ads_identity_team |

Case No. 4:20-cv-03664-YGR-SVK

SUPPLEMENTAL DECLARATION OF MARTIN SRAMEK