| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted *pro hac vice*)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>Erika Nyborg-Burch, CA Bar No. 342125<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br>enyborg-burch@bsfllp.com<br><br>James Lee (admitted *pro hac vice*)<br>Rossana Baeza (admitted *pro hac vice*)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>William C. Carmody (admitted *pro hac vice*)<br>Shawn J. Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>Alexander Frawley (admitted *pro hac vice*)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY  10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted *pro hac vice*)<br>Ryan J. McGee (admitted *pro hac vice*)<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No.:  4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF MARK MAO IN SUPPORT OF PLAINTIFFS' RESPONSE TO GOOGLE'S JULY 27 ADMINISTRATIVE MOTION (DKT. 642)** |

# DECLARATION OF MARK MAO

1. I am a partner with the law firm of Boies Schiller Flexner LLP, counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of California. I have personal knowledge of the matters set forth herein and am competent to testify.

2. I submit this Declaration in response to the Court ordering Plaintiffs to respond to Google's July 27, 2022 Administrative Motion (Dkts. 642, 647).

3. The parties have engaged in numerous meet-and-confer sessions—with and without Special Master Brush—relating to their disputes over Google's preservation obligations.

4. Plaintiffs since the outset of this case have repeatedly requested that Google preserve all data reflecting its collection, storage, and use of private browsing information.

5. On March 14, 2022, Google for the first time proposed a sampling approach to preservation.

6. On March 15, Google provided a written sampling proposal. On March 22, Google provided additional details regarding its proposal. None of Google's proposals in any way suggested that Google would encounter design or implementation challenges.

7. All along, Plaintiffs objected to Google's proposal to preserve only sampled data, continuing to insist that Google preserve all data relating to its collection, storage, and use of private browsing data.

8. Plaintiffs were not aware of the possibility of Google's design and implementation challenges (addressed in Google's July 27 Administrative Motion, Dkt. 642) until Google contacted Plaintiffs on July 26 to inform Plaintiffs of its intention to file that motion.

9. Counsel for the parties met and conferred on July 27 before Google filed its Administrative Motion.  During that meet and confer, Google's counsel represented that Google needed more time to design the preservation mechanism and even more time to conduct the backfill.  Google did not identify any other issues with the Court-ordered preservation plan.

10. During the meeting, Plaintiffs also asked Google how the relief Google is seeking impacts Google's preservation of data within the additional logs that contain Incognito-detection

bits, as disclosed in Google's June 14, 2022 Declaration of Martin Sramek. Dkt. 614-2. Google did not provide any response, stating that Google will address those logs in its August 18 opposition to Plaintiffs' forthcoming August 4 request for additional sanctions. *See* Dkt. 624 (setting a briefing schedule for Plaintiffs' forthcoming motion relating to the information disclosed in the June 14 Sramek Declaration).

11. On July 28, in connection with preparing their response to Google's Administrative Motion, Plaintiffs emailed Google nine follow-up questions relating to the substance of Google's July 27 Administrative Motion, including:

a. When Google began its efforts to design what is described in its Motion;

b. How much time Google engineers have devoted to designing, testing, and implementing what is described in its Motion;

c. What resources are available, but have not been utilized, to assist with designing, testing, and implementing what is described in its Motion;

d. How Google determined the timelines for its requested extensions;

e. When Google identified other problems with complying with the Court-ordered preservation plan, like those with ■■■■ and ■■■■;

f. What Google has done to since investigate how it could resolve those problems;

g. How Google intends to sample the log sources to ensure the sampling relates to the same users, instead of different users, across the log sources;

h. Why Google is not saving all ■■■■■■■■, particularly data related to the is_chrome_incognito Incognito-detection bit; and

i. Identifying any additionally responsive ■■■■■■■■ that are not being saved that would otherwise be subject to Google's preservation obligations.

12. On July 29, Plaintiffs followed up on these requests, and counsel for Google responded merely to state that Google would provide written responses on Monday, August 1.

Plaintiffs then asked for Google to provide rolling responses prior to August 1 so that Plaintiffs have time to consider Google's responses before filing their own response, due August 1.

13. As of this filing, completed after the close of business on the East Coast, Google has not provided a response to any of Plaintiffs' questions.

14. Google has yet produced to Plaintiffs any of the data or encryption keys that Google is required to preserve under the Court's May 20 Preservation Order (Dkt. 587), nor have any of Google's experts addressed that data in their reports. Google has not provided any information to Plaintiffs, formally through discovery or otherwise, regarding Google's sample-selection process.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of August, 2022, at San Francisco, California.

*/s/ Mark Mao*