# GOOGLE LLC'S RESPONSE TO PLAINTIFFS' RENEWED REQUEST TO DEPOSE GOOGLE CEO SUNDAR PICHAI (DKT. 635)

# Redacted Version of Document Sought to be Sealed

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Marie Hayrapetian (CA Bar No. 315797)
mariehayrapetian@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S RESPONSE TO PLAINTIFFS' RENEWED REQUEST TO DEPOSE GOOGLE CEO SUNDAR PICHAI (DKT. 635)**<br><br>Referral: Hon. Susan van Keulen, USMJ |

In sustaining Google's objection to this Court's order of a two-hour deposition of Mr. Pichai, Judge Gonzalez Rogers left open the possibility for Plaintiffs to "renew[] the request if the appropriate foundation is established" by demonstrating that Mr. Pichai has the "unique or superior personal knowledge" that the law requires before an apex deposition is ordered. Dkt. 523 at 3 (quoting *Liberty Mut. Ins. Co. v. Superior Ct.*, 10 Cal. App. 4th 1282, 1286 (1992)). Plaintiffs asserted that they required depositions of Lorraine Twohill (Chief Marketing Officer) and Sabine Borsay (Group Product Manager) before they would attempt to establish that foundation. Dkt. 565. Those depositions have now occurred, and, aside from citing a handful of unenlightening testimony, Plaintiffs' renewed submission is a rehash of the *same* documents and *same* arguments from their prior briefing. None of it establishes Mr. Pichai's "unique or superior personal knowledge" warranting Plaintiffs' renewed request. Dkt. 523 at 3 (quoting *Liberty*, 10 Cap. App. 4th at 1286).

Plaintiffs also conspicuously fail to share with the Court substantial testimony establishing that Mr. Pichai would not have further knowledge on the subjects at issue. For example, with regard to Plaintiffs' Exhibit A (a Chrome User Experience Research study), Ms. Borsay testified: "I would be extremely surprised if the findings of this super-long-looking research would have been shared with … [Mr.] Pichai. I would be very surprised about that." Ex. 1, Borsay Tr. 209:1–6. And addressing Exhibit U (a draft Incognito comms document), Ms. Twohill testified: "This looks like a working doc … and not something that would ever go to the CEO." Ex. 2, Twohill Tr. 90:21–22.

Fact discovery has ended. Plaintiffs have now deposed the key individuals directly responsible for the products and topics relevant to this case. Yet Plaintiffs have made no showing that Mr. Pichai made the Incognito-related decisions they continue to misattribute to him. To the contrary, the record establishes that Mr. Pichai has no "unique, superior, and personal knowledge" on Google's alleged perpetuation of known private browsing misconceptions. Mot. 1. This fishing expedition must finally

come to an end. *Accord Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067 at *3 (N.D. Cal. Jan. 25, 2007) (noting apex depositions "create[] a tremendous potential for abuse or harassment").

In the chart below, Google addresses each of Plaintiffs' cited exhibits to make clear that the apex test is not remotely satisfied. But as a general matter, emails merely referencing Mr. Pichai, or mentioning a meeting or presentation involving him, cannot support the order Plaintiffs seek. *See, e.g.*, Dkt. 382 at 2–4 (citing cases); *see also River City Testing v. Cohen*, 2021 WL 4805443 at *3 (C.D. Cal. July 8, 2021) (finding apex deponent's "level of involvement [was] insufficient to warrant an exception to the apex doctrine" where witness "made the relevant decisions based on second-hand information provided by other individuals"); *Schneider v. Chipotle Mexican Grill, Inc.*, 2017 WL 4127992, at *3 (N.D. Cal. Sept. 19, 2017) (no showing of "unique knowledge" by executive where "other individuals" already deposed "were on the [cited] e-mails").

Tellingly, although Plaintiffs have Mr. Pichai's custodial documents, they still rely almost entirely on emails written by less senior employees *whom they already deposed*. The decision-making and unique, detailed knowledge that Plaintiffs repeatedly claim he has simply is not borne out by the record. Because their evidence and arguments still cannot overcome the apex protections that apply, their motion (a third bite at the apple) should be denied.

| Plaintiffs' Citation | **Insufficiency Under the Apex Doctrine** |
|---|---|
| 2015 "Sundar" Presentation Regarding Incognito "Misconceptions" (Pl. Ex. A) | • Plaintiffs claim that they need to depose Mr. Pichai to learn about a presentation allegedly made to him concerning internal Incognito-related research – research that Google already produced during the course of discovery. Moreover, that research *may have* "contributed to[]" a CEO-facing presentation is not enough to satisfy the apex standard. Mot. 1. Nothing in this exhibit shows Mr. Pichai's unique knowledge related to this research (which does not even appear in his files).<br>• For example, while Plaintiffs speculate that Mr. Pichai likely gave "feedback" and made "decisions" based on this research, Mot. 1, Ex. A does not even imply that to be true. Nor are there responsive emails from Mr. Pichai, despite search terms that would have picked up *any* replies from him about Chrome Incognito mode research or any subsequent decisions. |

| | | |
|---|---|---|
| | | • Ms. Borsay also testified that she "would be extremely surprised if the findings of this [long] research [was] shared with … [Mr.] Pichai." Ex. 1, Borsay Dep. Tr. 209:1–6. Moreover, the cited exhibit states the "final results" of this research were made "broadly available" at Google, and nothing reveals that Mr. Pichai would have unique or superior personal knowledge. Pl. Ex. A at 2. |
| | 2016 "Sundar Level Decision" to Expand Incognito Branding Despite "Concerns" and User "Confusion" (Pl. Exs. G, H, I, J) | • Plaintiffs rely on 2016 emails that refer to Google's branding of a privacy feature in an unaccused product named Allo (a since-discontinued chat app) as a "Sundar Level Decision." Pl. Ex. J at 1. Any decision Mr. Pichai allegedly made in regard to Allo is not relevant to the Chrome browser and cannot justify his deposition.<br>• Nevertheless, Plaintiffs assert these emails show Mr. Pichai's alleged involvement in "Incognito [b]randing," Mot. 2, but cite no testimony from Ms. Twohill, who not only supervised the employee who ran Google's Brand Studio but was a member of the PDPO Steering Committee. That Committee, **not the CEO**, examined whether to "look at the re-branding of incognito." Ex. 2, Twohill Dep. Tr. 80:15–21. In fact, Ms. Twohill testified that because she "runs marketing," she "typically [receives] requests to rename or re-brand products and features." *Id.* 99:16–18.<br>• Her unequivocal testimony also establishes that Mr. Pichai did not share in any "concerns" with using the word "private" when describing "Incognito mode." *Id.* 91:10–18 (answering "no" when asked if he "ever express[ed] any concerns"). |
| | 2019 Pichai & ▇▇▇▇▇ ▇▇▇▇▇ (Pl. Exs. L, N, O) | • While Plaintiffs tout that Mr. Pichai once met with less senior employees to be informed of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ they ignore other portions of their own exhibits showing he was not involved beyond being generally apprised, which is typical of a CEO. Emails about this meeting, including from a team lead, state Mr. Pichai "ultimately trusted us to game it out properly," which they did. Pl. Ex. O at 2.<br>• Similarly, in another cited email, Mr. Pichai is reported to have "specifically said that [the team did] not need to come back for a review[.]" Pl. Ex. N at 2–3. As such, the team's "[n]ext [s]teps" do not involve him. *Id.* The email provides detailed notes from the meeting; it defies credulity to think Mr. Pichai has information about a meeting superior to that reflected in a meeting participant's contemporaneous notes that Google already produced.<br>• As Plaintiffs admit, the potential "enhancements" being discussed were "in line with the thinking of Chris Palmer and others," Pl. Ex. L. Indeed, Plaintiffs already obtained ample testimony from Mr. Palmer (and other Googlers) explaining the substantive aspects of the proposal, and none hinted that Mr. Pichai has unique or superior knowledge. *See, e.g.*, Ex. 3, McClelland Tr. 107:2–17:19, 118:14–18 (explaining what the ▇▇▇▇▇▇▇▇ (or ▇▇▇▇▇) proposal entailed).<br>• Beyond sheer speculation, Plaintiffs offer no proof that Mr. Pichai "has [unique] knowledge about why Google never implemented those enhancements." Mot. 2–3. In fact, they ignore key testimony from the Product Manager of Chrome in 2019 (when these emails were drafted) that squarely addressed why changes were not made. Ex. 3, McClelland Tr. 30:4–14. At no point did he defer to Mr. Pichai, or suggest that he would have relevant knowledge. In fact, the Product Manager |

| | | |
|---|---|---|
| | | clarified that after much internal discussion, "the ultimate decision to turn down the ▓▓▓▓▓▓▓▓▓▓ proposal" was made by two executives who sat levels *below* Mr. Pichai in the corporate hierarchy. *Id.* |
| | 2019 Pichai & No Incognito "Spotlight" (Pl. Ex. S) | • Plaintiffs claim they are entitled to know why Incognito iconography was not placed "under the spotlight" at Google's 2019 I/O. Mot. 3. But Ms. Twohill already addressed this. Ex. 2, Twohill Tr. 82:14–83:2 (when asked "what [the spotlight remark] referenced," she explained: "I do know we were preparing for I/O, which is our big product event, which … was a few weeks later, *and [we] were typically only putting a spotlight on new announcements and new features at I/O*") (emphasis added); *id.* (further explaining that "we were rolling incognito out to search, maps, and … YouTube. And so that was our focus. And we did actually … talk about incognito mode in Chrome there too"). |
| | 2019 Pichai & Incognito "Known Misconceptions" (Pl. Ex. U) | • Plaintiffs continue to cite this exhibit discussing "known misconceptions" about Incognito as proof that Mr. Pichai has unique knowledge, despite testimony that the document would likely *never* have been shown to him. *See, e.g.*, Ex. 2, Twohill Tr. 90:21–22 ("This looks like a working doc … and not something that would ever go to the CEO."); *id.* 91:4–9. And as explained *supra* at 3, testimony has already revealed that Mr. Pichai did not share the same concerns referenced in this "comms" document that Plaintiffs continue to misattribute to him. |
| | 2019 Pichai & Incognito Regulator "Promise" (Pl. Ex. V) | • Plaintiffs misrepresent the record to suggest that "[i]n July 2019, Google employees discussed Mr. Pichai's 'promise' to regulators concerning Incognito…'" Mot. 3–4. Neither the exhibit nor testimony reveals that Mr. Pichai made any "promise" to regulators.<br><br>• While Plaintiffs selectively quote the testimony of Mr. Halavati (Mot. 3–4) – the author of this exhibit – they ignore the portion where he explains that his email "was [referring to statements that Mr. Pichai made during the] Google IO 2019 conference," the company's annual *public-facing* address. Ex. 4, Halavati Tr. 99:11–22. Plaintiffs do not require an apex deposition to know what Mr. Pichai announced publicly.<br><br>• Plaintiffs then stitch this to testimony from another witness (Sammit Adhya) having nothing to do with the email in question. Mot. 3–4. Plaintiffs' questioning on this document merely asked the witness "what Sundar may or may not have promised" at the 2019 I/O; nowhere is there a reference to "regulators." Ex. 5, Adhya Tr. 156:14–17. Neither the email nor this testimony supports Plaintiffs' unfounded claim that Mr. Pichai made *any* statements to regulators about Chrome Incognito. |
| | 2019 Pichai & Incognito Privacy "Towards Google" (Pl. Ex. Y) | • Plaintiffs pluck from a draft 24-page slide deck a single bullet point that states: "Sundar/Sin Rastro wants to expand the Incognito brand … to provide privacy towards Google." Mot. 4. But witnesses have already testified that (i) other Googlers already deposed were intimately involved in branding discussions, including PDPO; and (ii) Googlers "sometimes drop" the CEO's name as a "technique to … prioritize … request[s]." Ex. 6, Mardini Tr. 372:7–11 (recalling |

| | | |
|---|---|---|
| | | his "discussions with the PDPO team, the privacy and data protection office" about Incognito branding "irrespective of anything related to Mr. Pichai."); *id.* 372:19–73:5 (explaining why the CEO's name may have been used in this and other internal documents). Plaintiffs' single, stray reference to the CEO cannot justify an apex deposition, and Plaintiffs' argument that they are unaware of what is meant by "privacy towards Google" is belied by the significant discovery they have already obtained regarding the referenced project, Sin Rastro. |
| | 2021 Pichai & Incognito "Not Truly Private" (Pl. Ex. Z) | • Plaintiffs inexplicably argue that Mr. Pichai must have superior knowledge about the contents of an email sent by Ms. Twohill (Pl. Ex. Z). Despite having both of their custodial email files, there is no indication whatsoever that Mr. Pichai ever replied to Ms. Twohill, much less that he has unique knowledge about her message.<br><br>• Remarkably, Plaintiffs examined Ms. Twohill for nearly **half an hour** on this single email chain. Ex. 2, Twohill Tr. 114:3–131:25. Nothing in her extensive testimony on the issue suggests a deposition of Mr. Pichai would be additive.<br><br>• Moreover, Ms. Twohill explained that **her team** drafted the email, *see* Ex. 2, Twohill Tr. 117:17–18:2, and although Google offered to make a member of her team available for deposition, Plaintiffs rejected the offer. Plaintiffs cannot now be heard to argue that they lack the full picture concerning this email, particularly when they rejected an opportunity to depose its authors. |
| | Pichai's Involvement in Early Development of Incognito (Pl. Exs. AA, BB, CC) | • Two of these exhibits (BB, CC) are the **only** cited documents authored by Mr. Pichai—all three are from more than **seven years** before the class period **begins**.<br><br>• Plaintiffs claim that other deponents "could not recall when exactly Google came up with the name 'Incognito,' who came up with the idea to name it 'Incognito,' what alternative names Google considered, or who could have submitted suggestions in that process." Mot. 4–5. But this is untrue. Plaintiffs deposed Brian Rakowski, who they often call the "Father of Incognito," and Mr. Rakowski testified regarding Incognito mode's origins, including considerations that went into naming the mode and alternative names that were considered. Ex. 7, Rakowski Tr. 19:19–25:9. Mr. Rakowski did not believe that Mr. Pichai had any input on the selection of "Incognito." *Id*. 23:19–21.<br><br>• Further, none of the cited emails (Pl. Exs. AA, BB, CC) remotely touch on this issue, nor do they suggest that Mr. Pichai has unique, superior knowledge. |

In short, despite having the entire factual record at their disposal, nothing in Plaintiffs' latest salvo shows Mr. Pichai to have the unique, superior knowledge required to circumvent the protections of the apex doctrine. Dkt. 523 at 3. Moreover, the tomes of documents that Google has produced in discovery, and existing testimony, squarely address the very questions Plaintiffs claim still require answers (from the company's CEO, no less). *See, e.g.*, Mot. 3–4. Plaintiffs' request should be denied.

| | | |
|---|---|---|
| 1 | DATED:  August 4, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | By   */s/ Andrew H. Schapiro* |
| 3 | | Andrew H. Schapiro (admitted *pro hac vice*) |
| | | andrewschapiro@quinnemanuel.com |
| 4 | | 191 N. Wacker Drive, Suite 2700 |
| | | Chicago, IL 60606 |
| 5 | | Telephone: (312) 705-7400 |
| 6 | | Facsimile: (312) 705-7401 |
| 7 | | Stephen A. Broome (CA Bar No. 314605) |
| | | stephenbroome@quinnemanuel.com |
| 8 | | Viola Trebicka (CA Bar No. 269526) |
| | | violatrebicka@quinnemanuel.com |
| 9 | | Crystal Nix-Hines (Bar No. 326971) |
| 10 | | crystalnixhines@quinnemanuel.com |
| | | Marie Hayrapetian (CA Bar No. 315797) |
| 11 | | mariehayrapetian@quinnemanuel.com |
| | | 865 S. Figueroa Street, 10th Floor |
| 12 | | Los Angeles, CA 90017 |
| | | Telephone: (213) 443-3000 |
| 13 | | Facsimile: (213) 443-3100 |
| 14 | | |
| | | Diane M. Doolittle (CA Bar No. 142046) |
| 15 | | dianedoolittle@quinnemanuel.com |
| | | 555 Twin Dolphin Drive, 5th Floor |
| 16 | | Redwood Shores, CA 94065 |
| | | Telephone: (650) 801-5000 |
| 17 | | Facsimile: (650) 801-5100 |
| 18 | | |
| | | Josef Ansorge (admitted *pro hac vice*) |
| 19 | | josefansorge@quinnemanuel.com |
| | | 1300 I. Street, N.W., Suite 900 |
| 20 | | Washington, D.C. 20005 |
| | | Telephone: 202-538-8000 |
| 21 | | Facsimile: 202-538-8100 |
| 22 | | Jomaire A. Crawford (admitted *pro hac vice*) |
| | | jomairecrawford@quinnemanuel.com |
| 23 | | 51 Madison Avenue, 22nd Floor |
| | | New York, NY 10010 |
| 24 | | Telephone: (212) 849-7000 |
| | | Facsimile: (212) 849-7100 |
| 25 | | |
| 26 | | Jonathan Tse (CA Bar No. 305468) |
| | | jonathantse@quinnemanuel.com |
| 27 | | 50 California Street, 22nd Floor |
| | | San Francisco, CA 94111 |
| 28 | | Telephone: (415) 875-6600 |
| | | Facsimile: (415) 875-6700 |

*Attorneys for Defendant Google LLC*