**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
William C. Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' SUPPLEMENTAL SANCTIONS BRIEF PURSUANT TO DKT. 624**<br><br>Referral: The Honorable Susan van Keulen |


1

**TABLE OF CONTENTS**

2

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ........................................................................................................................ 2

ARGUMENT .............................................................................................................................. 3

    I.   Google's Additional Misconduct Has Further Prejudiced Plaintiffs ................................. 3

    II.  Google's Late Disclosure Warrants Additional Sanctions. ............................................. 5

        A.   Google Should Be Precluded from Offering or Relying on Any Testimony from Martin Sramek and Matt Harren. ................................................................. 5

        B.   Preclusion Sanctions Are Warranted Under Rule 37(b) ............................................ 5

        C.   Jury Instructions Are Warranted Under Rules 37(b) and 37(e). ............................... 6

        D.   Additional Monetary Sanctions Are Warranted. ....................................................... 8

CONCLUSION .......................................................................................................................... 8

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

For 1.5 years, Google repeatedly told the Court, the Special Master, and Plaintiffs that it does not track private browsing activity. Only after Plaintiffs' dogged pursuit and Court order did Google reveal that it ***does track private browsing activity***. Dkt. 593-3 at 35. Then, on June 14, again after the Court's order requiring specific answers from Google, Google further revealed that it ***tracks users' private browsing in ▇ previously undisclosed logs, and uses and joins that data for Google's own important business purposes***. *See* Dkt. 614-2 ("Sramek Declaration"). It strains credulity that a company as technologically advanced as Google somehow forgot this when participating in the 6+ month Special Master process, and in discovery disputes before this Court.

Plaintiffs have diligently sought this exact information while Google knowingly hid that it was logging and using this data for myriad business purposes.[1] Only after multiple Court orders and self-granted extensions has Google finally admitted that this highly relevant data existed all along and was not being preserved. Google's disclosure came ***after*** the Court's sanctions order, ***after*** Plaintiffs served all of their expert reports, ***after*** briefing and a decision on Google's preservation obligations, and ***less than one week*** before Plaintiffs moved for class certification.

Google's conduct is prejudicial to Plaintiffs in ways not addressed by the Court's prior rulings. Of the ▇ additional logs, ▇ fall into new categories of logs that Google ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ¶¶ ▇▇. Put simply: these logs ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Google also uses these logs to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—despite Google's insistence that these Incognito-bits are unreliable. Tellingly, Google did not provide the schema for these logs or a fulsome discussion of what they are and what they are used for. However, even their vague descriptions make clear how relevant this data plainly is to Plaintiffs' case.

---

[1] While difficult to ascertain exactly what these logs are used for, even based on these descriptions it seems clear using these logs could have significantly streamlined the Special Master process.

1    Discovery focused on these logs was relevant to key issues in this case, including for
2    example: (1) demonstrating Google's breach of contract by tracking private browsing in these logs,
3    and using that data for important business purposes, ███████████████████████,
4    (2) demonstrating the offensiveness of Google's extensive private browsing tracking, which is
5    relevant to Plaintiffs' invasion of privacy and intrusion upon seclusion claims, (3) supporting the
6    ████ and injunctive relief sought by Plaintiffs based on Google's use of private browsing data
7    for ████████████████████████████████████████████████
8    ████, and (4) supporting Plaintiffs' entitlement to punitive damages.
9    Plaintiffs' prejudice is clear. Plaintiffs could have sought additional discovery regarding
10   how Google ████ private browsing data, as well as how Google ████ private browsing data
11   with ████████ data, addressed those facts in expert reports and witness depositions, and sought
12   preservation of the data. None of that is now possible. And Google still has not confirmed that no
13   other such logs (or Incognito-detection bits) exist or that Google has begun preserving the data
14   within these logs. Plaintiffs now seek to exclude Google from relying on additional undisclosed
15   witnesses, additional preclusion orders, jury instructions, and attorneys' fees, costs, and expenses.

16                                            **BACKGROUND**

17   This Court already sanctioned Google for concealing the Incognito-detection bits, which
18   undermine Google's repeated claim that it does not track private browsing activity. Dkt. 593-3 at
19   11-16, 17-22. Google's conduct was "unjustified," "improper," and "constitutes discovery
20   misconduct." *Id.* at 29. The Court, *inter alia*, ordered Google to attest by May 31, 2022 that "other
21   than the logs identified thus far as containing Incognito-detection bits, no other such logs exist."
22   *Id.* at 6. That May 31 deadline fell a week before Plaintiffs were scheduled to (and did) serve their
23   final expert reports. Google unilaterally granted itself an extension, waited until June 14 to provide
24   an incomplete attestation, and failed to confirm that "no other such logs exist." Google did,
25   however, reveal for the first time that the Incognito-detection bits were being logged in ████
26   additional logs for myriad purposes previously unknown to Plaintiffs. Dkt. 614-2. Specifically,
27   these additional logs contain highly relevant data that was never the subject of discovery or
28

preservation, including data relevant to Plaintiffs' ▮ and private browsing data that Google ▮. *See, e.g.*, Dkt. 614-2 ¶¶ 9-12; Thompson Decl. ¶¶ 17–20.

## ARGUMENT

### I. Google's Additional Misconduct Has Further Prejudiced Plaintiffs.

Plaintiffs have been prejudiced in at least five new ways. Unlike Google's prior sanctioned conduct where Plaintiffs had at least some ability to question the newly revealed witnesses and obtain some information, for these ▮ logs, Plaintiffs had no opportunity to question relevant witnesses, obtain data (or even schema) from the logs, or obtain *any* discovery about the logs.

**1. Fact Discovery:** Because Google did not disclose these logs sooner, Plaintiffs were unable to conduct fact discovery focused on these logs. The Court ordered additional document production and testimony to address Google's Incognito-detection bits (*see* Dkt. 437), but Google still did not identify these ▮ logs or their purposes. Google also failed to identify both Mr. Sramek and Mr. Harren as relevant custodians.[2] *See* Dkt. 429-11 (list of over 200 Google employees); Dkt. 249-15 (Google's response to Plaintiffs' interrogatory seeking list of employees with knowledge about Google's collection and use of private browsing data). Plaintiffs therefore never deposed either of them, nor sought documents concerning the ▮ new logs. This is particularly prejudicial to Plaintiffs because these logs contain unique information about how Google uses private browsing activity, including to track "▮," "▮," and to "▮[]" private browsing information with "▮." Dkt. 614-2 ¶¶ 6-11. Additional discovery at this point would be insufficient: any deposition testimony would only result in Google say-so without any way to test its veracity. *See* Dkt. 593-3 at 28 (addressing Chris Liao's misleading testimony).

**2. Special Master Process:** Google kept these additional ▮ logs out of the Special Master process (*i.e.*, the iterative search process the Court ordered on November 12, 2021). As the Court ordered, the starting point for that process was a declaration from Google that "provided a complete list of data sources." Dkt. 331. Google failed to comply—twice. Consequently, Plaintiffs never

---

[2] While Mr. Sramek was ultimately included as a document custodian, that was only after Plaintiffs' contentious insistence. Google never identified or offered Mr. Sramek as a custodian.

received any schema or data from these logs. As detailed in the reports submitted by Plaintiffs' technical expert (*see* Dkts. 609-11 § VIII.H, Dkt. 609-12 § V.A), that Special Master production provided a foundation for demonstrating how Google collects and uses private browsing information, including in ways that can identify private browsing users and their devices. Plaintiffs have been prejudiced by the lack of any production (and any resulting insight) from these additional ▮ logs. The only way to fully remedy that prejudice would be to restart the process, but Plaintiffs do not want to and should not be required to put the case on hold to do so. The Special Master process took more than 6 months to complete, primarily because of Google's delay in complying with the Court's and Special Master's deadlines and Google's repeated refusal to produce data that it was required to produce. Thompson Decl. ¶¶ 9–16. It is not possible to simply supplement that process now with additional productions. Thompson Decl. ¶¶ 17–20.

3. **Expert Discovery:** Because Google did not disclose these logs until after all expert reports were served, there was no way for Plaintiffs' experts to address or evaluate them. These logs are plainly relevant to Mr. Hochman's analysis of how private browsing data stored by Google can be linked to class members and their devices. Dkt. 609-11 § VIII.H, Dkt. 609-12 § V.A. These additional logs are also relevant to Plaintiffs' ▮▮▮ analysis. *See* Dkt. 614-2 ¶¶ 6, 10-11 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Thompson Decl. ¶¶ 17–20.

4. **Preservation:**[3] Because Google did not timely disclose these logs, they were not subject to the preservation briefing and the Court's rulings. The Special Master made his proposal (Dkt. 524), the parties submitted briefing (Dkts. 544, 546), the Court issued its order (Dkt. 587), and Google sought to clarify that order (Dkts. 591) all before Google served the Sramek Declaration. Plaintiffs have been prejudiced because none of these logs were included in this process, with Google instead continuing to purge relevant data and any encryption keys and matching tables.

5. **Class Certification & Trial:** Plaintiffs were unable to address these logs in their class certification motion, and were unable to uncover additional evidence for trial.

---

[3] Plaintiffs attempted to meet and confer with Google on this issue, but Google refused. Dkt. 650.

## II. Google's Late Disclosure Warrants Additional Sanctions.

### A. Google Should Be Precluded from Offering or Relying on Any Testimony from Martin Sramek and Matt Harren.

Consistent with the relief previously granted by the Court, Plaintiffs ask that Google be precluded from offering or in any way relying on any testimony from Martin Sramek and Matt Harren. Under Rule 37(c)(1), the Court already precluded Google from offering or relying on any testimony from four Google engineers. As with those witnesses, Google "violated Rule 26(e) when it failed to disclose [Martin Sramek and Matt Harren] in response to Plaintiffs' interrogatory asking Google to identify employees 'with responsibility for or knowledge of . . . Google's collection of and use of data in connection with users' activity while in a private browsing mode.'" Dkt. 593-3 at 45; *see also* Dkt. 429-15 (interrogatory response); Dkt. 429-11 (list of over 200 Google employees). Google's failure was neither substantially justified nor harmless. Mr. Sramek is "the Privacy Working Group lead for Chrome" with "experience responding to requests by Googlers related to inferring Incognito mode on Chrome" and "was [] aware of the [ ▮ ] logs" with Incognito-detection bits that were initially revealed. Dkt. 614-3 ¶ 4. And Mr. Harren is the ▮ Logs Technical Lead to whom Mr. Sramek turned when investigating and locating the additional ▮ logs with Incognito-detection bits. *Id.* As before, "Google's failure to identify these witnesses . . . undermined Plaintiffs' ability to obtain full discovery into these Incognito-detection bits" (Dkt. 593-3 at 45), including all relevant logs and the data therein.

### B. Preclusion Sanctions Are Warranted Under Rule 37(b).

Plaintiffs request limited preclusion orders related to the information provided in the Sramek Declaration. If a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). This Court has already held that Google violated three orders by concealing the Incognito-detection bits and the ▮ logs that contain them. Dkt. 593-3 at 35. Google's concealment of the ▮ additional logs, and the additional purposes for which Google uses that private browsing data, violates the same three orders. Google also violated the Court's May 20 sanctions order by waiting to provide this information weeks after the May 31 deadline, and after Plaintiffs served their final expert reports.

1    Consequently, this Court may "prohibit[] [Google] from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. Proc. 37(b)(2)(A)(ii). "[I]t is entirely reasonable to sanction [Google's] defiance of the [numerous discovery] Order[s] by precluding [it] from presenting evidence on [issues for which Google] ha[s] not provided timely and complete discovery." *Sas v. Sawabeh Info. Servs.*, 2015 WL 12711646, at *9 (C.D. Cal. Feb. 6, 2015). Plaintiffs have been deprived of critical discovery pertinent to disputed factual questions about how Google tracks and benefits from private browsing information. As one remedy, Plaintiffs seek the limited preclusion orders outlined in the Mao Declaration as Exhibit A, which are crafted to preclude Google from contesting what is already clear from the Sramek Declaration—that Google uses Incognito browsing data for purposes of ▌▌▌▌▌▌▌▌▌▌▌▌▌. Where, as here, "the discovery misconduct has deprived the opposing party of key evidence needed to litigate a contested issue, an order prohibiting the disobedient party from contesting that issue . . . is appropriate." *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, 2017 WL 2840279, at *11 (S.D.N.Y. June 27, 2017).

**C.    Jury Instructions Are Warranted Under Rules 37(b) and 37(e).[4]**

Jury instructions are critical because precluding testimony and arguments (requested above) does not address the substantial prejudice to Plaintiffs from Google's misconduct. Google's misconduct has deprived Plaintiffs of relevant evidence of Google's tracking and use of private browsing information that would have further supported Plaintiffs' claims, provided further inputs for Plaintiffs' ▌▌▌▌▌▌▌, and their request for injunctive relief.

Rule 37(b)(2)(A) "authorizes a court to issue an adverse-inference jury instruction as a remedy when 'bad faith or gross negligence has resulted in either the spoliation of evidence or failure to turn over relevant evidence.'" Dkt. 593-3 at 41. This Court previously found Google was "grossly negligent in failing to turn over relevant evidence regarding its ability to identify Incognito traffic, including by violating the Court's orders and failing to disclose the existence of

---

[4] While Plaintiffs seek specific jury instructions, the Court could hold that jury instructions on these issues are appropriate while reserving on the specific language as the case nears trial.

1  the Incognito-detection bits through relevant documents and witnesses." Dkt. 593-3 at 41. Google
2  was also (at a minimum) grossly negligent in not turning over evidence tied to these ▉ additional
3  logs, used to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
4  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

5        These additional logs and uses of private browsing information are very clearly relevant to
6  key issues Plaintiffs seek to present to the jury, as detailed in Plaintiffs' class certification motion
7  and trial plan. *See* Dkt. 608-3 & 608-4. For example, the logs confirm Plaintiffs' allegations that
8  Google was unjustly enriched by its collection and use of private browsing data, and also highlight
9  the offensiveness of Google's misconduct (relevant to the intrusion upon seclusion and invasion
10 of privacy claims), particularly in light of the revelation that Google itself is ▉▉▉▉▉▉
11 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. These newly revealed uses of the data, and their relevance
12 to Plaintiffs' ▉▉▉▉▉, among other jury issues, differentiate this subsequent discovery misconduct
13 from Google's concealment of its development and use of the Incognito-detection bits more
14 generally, where this Court previously qualified its jury instruction to the extent "Google's
15 discovery misconduct is relevant to an issue before the jury." Dkt. 593-3 at 42. Plaintiffs therefore
16 respectfully request the jury instruction attached to the Mao Declaration as Exhibit A.

17       This relief is consistent with Rule 37(b)(2)(A) and necessary to limit any benefit that
18 Google could extract from its misconduct. *See Kannan v. Apple, Inc.*, 2020 WL 9048723, at *9
19 (N.D. Cal. Sept. 21, 2020) (ordering adverse jury instruction where party deleted or withheld
20 responsive documents in sole possession that were ordered to be produced); *State Farm Fire &*
21 *Cas. for Robinson v. Helen of Troy*, 2017 WL 2774072, at *1 (W.D. Wash. June 27, 2017)
22 (ordering jury instruction that "You may infer from the Defendants' violation of this Court's order
23 that the documents would have content favorable to State Farm and unfavorable to Defendants").
24 This instruction should be given both at the end of the trial and whenever Google advances any
25 argument that Plaintiffs failed to identify evidence of a given practice.

26       Jury instructions are also warranted under Federal Rule 37(e). In denying Plaintiffs'
27 previous request for Rule 37(e) sanctions, the Court relied on two representations from Google's
28

PLAINTIFFS' SUPPLEMENTAL SANCTIONS BRIEF
Case No. 4:20-cv-03664-YGR-SVK

counsel. Dkt. 593-3 at 34. First, "[t]he search request that [Plaintiffs] gave to the Special Master on April 14th include[s] ***all logs that contain these three bits*** [and] [w]e are searching those logs . . . ." *Id.* at 33 (emphasis added). Second, "***all of the logs that contained the bits*** at issue have been included in the Special Master's preservation proposal." *Id.* at 34 (emphasis added). It is now clear both of Google's representations were false. Google prevented the Special Master from considering these ▮ new logs (for searches or preservation). As a result, Google has neither produced nor preserved private browsing data that is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Google's intent to deprive Plaintiffs of this data is evident from how Google dodged Plaintiffs' attempts to discover the full scope of this logging. *See* Mao Decl. ¶¶ 3–16.

Google's misconduct warrants two forms of relief under Rule 37(e). First, the Court should presume for all purposes in this case that any data Google spoliated from these ▮ additional logs was unfavorable to Google. Second, Plaintiffs request the jury instruction specified in Exhibit A. *See Oracle v. Rimini Street*, 2:10-cv-106 (D. Nev.), Dkt. 880 (Jury Instruction 19 described spoliation and instructed the jury that Rimini Street "breached its duty to preserve relevant evidence" and "You may, but are not required, to infer that the deleted material included evidence that was favorable to Oracle's claims and unfavorable to Rimini Street's defenses in this case").

### D.  Additional Monetary Sanctions Are Warranted.

Google should again be required to pay Plaintiffs' attorneys' fees and expenses, including expert fees, incurred with this sanctions motion. Dkt. 593-3 at 42. Plaintiffs also respectfully renew their request for Google to reimburse them for all fees paid to the Special Master. Dkt. 430 at 22-23. Google should also pay a portion of Plaintiffs' attorneys' fees and expenses, including expert fees, incurred within the Special Master process more broadly due to Google's obstruction, which made the process longer and more expensive than necessary.

### CONCLUSION

Plaintiffs request that the Court issue the sanctions described above and any other relief the Court deems appropriate.

| | | |
|---|---|---|
| 1 | Dated: August 4, 2022 | Respectfully submitted, |
| 2 | | By: /s/ Mark C. Mao |
| 3 | | Mark C. Mao (CA Bar No. 236165) |
| | | mmao@bsfllp.com |
| 4 | | Beko Reblitz-Richardson (CA Bar No. 238027) |
| 5 | | brichardson@bsfllp.com |
| | | Erika Nyborg-Burch (CA Bar No. 342125) |
| 6 | | Enyborg-burch@bsfllp.com |
| 7 | | BOIES SCHILLER FLEXNER LLP |
| | | 44 Montgomery Street, 41st Floor |
| 8 | | San Francisco, CA 94104 |
| | | Telephone: (415) 293 6858 |
| 9 | | Facsimile (415) 999 9695 |
| 10 | | David Boies (*pro hac vice*) |
| | | dboies@bsfllp.com |
| 11 | | BOIES SCHILLER FLEXNER LLP |
| | | 333 Main Street |
| 12 | | Armonk, NY 10504 |
| | | Telephone: (914) 749-8200 |
| 13 | | James W. Lee (*pro hac vice*) |
| | | jlee@bsfllp.com |
| 14 | | Rossana Baeza (*pro hac vice*) |
| | | rbaeza@bsfllp.com |
| 15 | | BOIES SCHILLER FLEXNER LLP |
| | | 100 SE 2nd Street, Suite 2800 |
| 16 | | Miami, FL 33130 |
| | | Telephone: (305) 539-8400 |
| 17 | | Facsimile: (305) 539-1304 |
| | | Alison L. Anderson (CA Bar No. 275334) |
| 18 | | alanderson@bsfllp.com |
| 19 | | BOIES SCHILLER FLEXNER LLP |
| | | 725 S Figueroa St., 31st Floor |
| 20 | | Los Angeles, CA 90017 |
| | | Telephone: (213) 995-5720 |
| 21 | | Facsimile: (213) 629-9022 |
| 22 | | |
| 23 | | William Christopher Carmody (*pro hac vice*) |
| | | bcarmody@susmangodfrey.com |
| 24 | | Shawn J. Rabin (*pro hac vice*) |
| | | srabin@susmangodfrey.com |
| 25 | | Steven Shepard (*pro hac vice*) |
| | | sshepard@susmangodfrey.com |
| 26 | | Alexander P. Frawley (*pro hac vice*) |
| | | afrawley@susmangodfrey.com |
| 27 | | SUSMAN GODFREY L.L.P. |
| 28 | | 1301 Avenue of the Americas, 32nd Floor |

PLAINTIFFS' SUPPLEMENTAL SANCTIONS BRIEF
Case No. 4:20-cv-03664-YGR-SVK

9

| | |
|---|---|
| 1 | New York, NY  10019 |
| | Telephone: (212) 336-8330 |
| 2 | |
| | Amanda Bonn (CA Bar No. 270891) |
| 3 | abonn@susmangodfrey.com |
| | SUSMAN GODFREY L.L.P. |
| 4 | 1900 Avenue of the Stars, Suite 1400 |
| | Los Angeles, CA 90067 |
| 5 | Telephone: (310) 789-3100 |
| 6 | |
| | John A. Yanchunis (*pro hac vice*) |
| 7 | jyanchunis@forthepeople.com |
| | Ryan J. McGee (*pro hac vice*) |
| 8 | rmcgee@forthepeople.com |
| | MORGAN & MORGAN, P.A. |
| 9 | 201 N Franklin Street, 7th Floor |
| | Tampa, FL 33602 |
| 10 | Telephone: (813) 223-5505 |
| | Facsimile: (813) 222-4736 |
| 11 | |
| 12 | |
| | Michael F. Ram, CA Bar No. 104805 |
| 13 | MORGAN & MORGAN |
| | 711 Van Ness Ave, Suite 500 |
| 14 | San Francisco, CA 94102 |
| | Tel: (415) 358-6913 |
| 15 | mram@forthepeople.com |
| 16 | |
| | *Attorneys for Plaintiffs* |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |
| | PLAINTIFFS' SUPPLEMENTAL SANCTIONS BRIEF |
| | Case No. 4:20-cv-03664-YGR-SVK |
| | 10 |