**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
William C. Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF MARK C. MAO IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL SANCTIONS MOTION**<br><br>Referral: The Honorable Susan van Keulen |

**DECLARATION OF MARK C. MAO**

I, Mark C. Mao, declare as follows.

1. I am a partner with the law firm of Boies Schiller Flexner LLP, counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of California. I have personal knowledge of the matters set forth herein and am competent to testify

2. I submit this Declaration in support of Plaintiffs' Supplemental Sanctions Motion.

3. On February 26, 2022, Plaintiffs filed a request for an order to show cause why Google should not be sanctioned for discovery misconduct. Dkt. 430 ("February Sanctions Motion"). The February Sanctions Motion was initially based on Google's failure to provide discovery regarding Google's "maybe_chrome_incognito" Incognito-detection bit.

4. On March 10, 2022, Plaintiffs deposed Dr. Caitlin Sadowski, Google's Rule 30(b)(6) designee on Google's Incognito-detection bits. Dr. Sadowski identified two additional Incognito-detection bits, the "is_chrome_incognito" and "is_chrome_non_incognito" bits, ████████████████████████ These were located in logs not previously identified as containing Incognito-detection bits.

5. On March 21, 2022, Plaintiffs filed a supplement to their February Sanctions Motion focused on the additional Incognito-detection bits that Dr. Sadowski identified during her deposition.

6. On April 5, 2022, Google filed its response to Plaintiffs' February Sanctions Motion (Dkt. 528), and on April 12, 2022, Plaintiffs filed their reply (Dkt. 535).

7. On April 21, 2022, the Court held an all-day in-person evidentiary hearing on Plaintiffs' February Sanctions Motion.

8. On May 20, 2022, the Court issued its order granting in part and denying in part Plaintiffs' February Sanctions Motion. Dkt. 588 ("Sanctions Order").

9. On May 31, 2022, Google filed a publicly-available proposed redacted version of the Sanctions Order. Dkt. 593-3.

10. As part of the Sanctions Order, Google was required to provide an attestation by May 31, 2022, that "other than the logs identified thus far as containing Incognito-detection bits, no other such logs exist." Dkt. 593-3 at 6.

11. On May 31, 2022, Plaintiffs received a declaration from Google employee Martin Sramek stating that Google's investigation started on May 23 and was "ongoing," and that it would take another two weeks. Dkt. 614-3.

12. At no time did Plaintiffs agree to any extension or modification of Google's obligation to provide the attestation responsive to the Sanctions Order. Google also did not attempt to justify why it needed an extension to investigate the existence of logs that Plaintiffs had been seeking to identify for many months, and that the Court specifically inquired about during the April 21, 2022 sanctions hearing.

13. On June 14, 2022, Plaintiffs received a declaration from Mr. Sramek identifying the ▮ additional logs containing the three previously-identified Incognito-detection bits.

14. Prior to June 14, 2022, Google had not identified any of those ▮ additional logs as containing Incognito-detection bits.

15. Thereafter, my colleagues and I contacted counsel for Google to seek additional information concerning these newly-revealed ▮ additional logs.

16. Google has refused to provide any details aside from those contained in the June 14, 2022 Sramek Declaration.

17. These attempts to meet and confer also involved Google's preservation obligations related to the ▮ additional logs, and Google refused to respond to that preservation inquiry.

18. Google's counsel has also yet to confirm when they first became aware of the Incognito detection bits.

19. Attached hereto as **Exhibit A** are Plaintiffs' proposed preclusion orders and jury instructions.

1   I declare under penalty of perjury under the laws of the United States of America that the
2   foregoing is true and correct. Executed this 4th day of August, 2022, at San Francisco, California.
3   <u>*/s/ Mark C. Mao*</u>