# NOTICE OF MOTION AND MOTION TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT DAVID NELSON

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**NOTICE OF MOTION AND MOTION TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT DAVID NELSON**<br><br>Judge:   Hon. Yvonne Gonzalez Rogers<br>Date:    September 20, 2022<br>Time:   2:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

PLEASE TAKE NOTICE, on September 20, at 2:00 p.m. or as soon thereafter as this motion may be heard, before the Honorable Yvonne Gonzalez Rogers of the United States District Court, Northern District of California, Defendant Google LLC ("Google") will and hereby does move the Court to exclude the opinions of Plaintiffs' Expert David Nelson ("Nelson") pursuant to Federal Rule of Evidence 702, Civil Local Rule 7, and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) ("*Daubert*"). Google's Motion is based on this Notice of Motion and Motion, accompanying Memorandum of Points and Authorities, and Declaration of Carl Spilly, dated August 5, 2022 ("Spilly Decl.") and accompanying exhibits.

**ISSUE TO BE DECIDED**

Whether Plaintiffs' Expert David Nelson's opinions should be excluded as unreliable and irrelevant under Federal Rule of Evidence 702 and the standards articulated in *Daubert*.

**RELIEF REQUESTED**

Google requests that the Court exclude the entirety of Nelson's April 22, 2022 rebuttal report ("Nelson Rep."), because his opinion that Google purportedly can use an IP address alone to identify "private browsing data that … can be linked to specific individuals and devices" is based on (1) statements from three unidentified individuals that Nelson allegedly interviewed but about whom he refused to provide any information due to ongoing confidentiality obligations to the FBI, and (2) admitted speculation about the meaning of an empty field in spreadsheets Google provided to the FBI, about which Nelson admitted he is not an expert. With this opinion excluded, the remainder of the report is irrelevant.

DATED: August 5, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/Andrew H. Schapiro*
         Andrew H. Schapiro

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ..................................................................................................1

II. STATEMENT OF RELEVANT FACTS ...................................................................................1

    A. Nelson Invoked Supposed Confidentiality Obligations to Refuse Providing Even the Most Basic Details Regarding the Investigations on which His Opinions are Based..................................................................................................2

    B. Nelson's Opinions Rely on What He Admitted Is Speculation Regarding the Meaning of an Empty Google Account Field in Spreadsheets Google Allegedly Produced to the FBI........................................................................3

III. LEGAL STANDARD ................................................................................................................4

IV. ARGUMENT ..............................................................................................................................5

    A. Nelson's Refusal to Provide Basic Details Regarding the Investigations Referenced in His Report Renders His Opinions Inadmissible and Subject to Exclusion..................................................................................................5

    B. Nelson's Speculative Opinion that Information Google Produced to the FBI *Might* Have Included Private Browsing Information Renders His Opinions Inadmissible and Subject to Exclusion..........................................................7

V. CONCLUSION ............................................................................................................................7

# TABLE OF AUTHORITIES

**Page**

### Cases

*Burrows v. BMW of N. Am., LLC*,
   2018 WL 6314187 (C.D. Cal. Sept. 24, 2018) .................................................................. 1, 6

*Cabrera v. Cordis Corp.*,
   134 F.3d 1418 (9th Cir. 1998) ............................................................................................... 7

*Cooper v. Brown*,
   510 F.3d 870 (9th Cir. 2007) ................................................................................................. 4

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993) ..................................................................................................... 1, 6, 7

*Domingo ex rel. Domingo v. T.K.*,
   289 F.3d 600 (9th Cir. 2002) ................................................................................................. 6

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997) ............................................................................................................... 6

*GPNE Corp. v. Apple, Inc.*,
   2014 WL 1494247 (N.D. Cal. Apr. 16, 2014) ..................................................................... 6, 7

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999) ..................................................................................................... 1, 4, 5

*Oracle Am., Inc. v. Google Inc.*,
   798 F. Supp. 2d 1111 (N.D. Cal. 2011) ................................................................................ 4

*United States v. Williams*,
   2016 WL 899145 at *9 (N.D. Cal. Mar. 9, 2016) ................................................................ 5, 6

### Rules and Regulations

Civil Local Rule 7 ........................................................................................................................ 1

Fed. R. Civ. P. 26 ............................................................................................................... 4, 5, 6

Fed. R. Evid. 702 .................................................................................................................... 1, 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. PRELIMINARY STATEMENT

Plaintiffs proffer an expert opinion from former FBI agent David Nelson that Google can identify "private browsing data … linked to specific individuals and devices" using an IP address alone. Dkt. 608-8 (Nelson Rep.) ¶ 2. The only purported bases for that (demonstrably false) opinion are (1) Nelson's unverifiable assertion that a few criminal suspects—whom he refuses to identify or provide any additional information about—supposedly told him something like that; and (2) his admitted speculation an empty "Google account information" field in some spreadsheets Google purportedly provided to the FBI might have indicated the user was in a private browsing mode. Nelson's opinions fall woefully short of the reliability standard embodied in Federal Rule of Evidence 702 and explicated in cases such as *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ("*Daubert*") and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 158 (1999). The report should be excluded in its entirety.[1] *See, e.g.*, *Burrows v. BMW of N. Am., LLC*, 2018 WL 6314187, at *2 (C.D. Cal. Sept. 24, 2018) (expert's report and deposition testimony excluded in their entirety where expert refused to testify regarding confidential documents in violation of Rule 26 and his opinions failed to satisfy Daubert's reliability requirements).

## II. STATEMENT OF RELEVANT FACTS

Plaintiffs proffered a purported "rebuttal" report from Nelson in which he opines that Google's expert Dr. Georgios Zervas's opinion that "information from private browsing activity cannot be linked to a user or device … runs contrary to matters [he] personally observed during [his] career with the FBI." Nelson Rep. ¶¶ 31-32.[2] But Nelson never "personally observed" anything of

---

[1] Because the bases for Nelson's core opinion that Google can use an IP address alone to identify "private browsing data that … can be linked to specific individuals and devices" are not reliable, the opinion should be excluded. With this opinion excluded, the remainder of the report is irrelevant, so the entire report should be excluded.

[2] Mr. Nelson misstates Dr. Zervas's opinion. Dr. Zervas tested private browsing modes to confirm that they work exactly as described in Google's disclosures. *See* Decl. of Dr. Giorgios Zervas In Support of Google's Opposition to Plaintiffs' Motion for Class Certification, Ex. 1 (filed Aug. 5, 2022). He confirmed, inter alia, that cookies placed on a browser during regular mode sessions are not accessible in private browsing mode, cookies placed on a browser during a private browsing mode session are automatically deleted when that session is closed, and thus online entities cannot use those cookie values to link private browsing mode activities to a user or her device, or her other browsing activity, after that session is closed. *Id.* at § IV. Dr. Zervas does not offer any opinions

the sort. Nor did he review a single document Google produced in this case. Nelson Report ¶ 12; Spilly Decl. Ex. A (Nelson Tr.) 38:25-39:6 Instead, his opinions regarding identifiability of private browsing users based on IP addresses alone are based solely on (i) three criminal suspects' statements in interviews; and (ii) a "Google account information" field in certain spreadsheets produced to the FBI by Google. *Id.* at 54:1-20.

### A. Nelson Invoked Supposed Confidentiality Obligations to Refuse Providing Even the Most Basic Details Regarding the Investigations on which His Opinions are Based

In support of his opinion that Google can use an IP address alone to identify private browsing activity, Nelson cites information allegedly provided by three unidentified criminal suspects in interviews. Nelson Rep. ¶ 37, Nelson Tr. 59:7-10 (admitting he could only recall three instances in which "suspects would state that the responsive information was from private browsing activity," as stated in paragraph 37 of his report). He admitted that he did not confirm that the alleged "responsive information" was, in fact, private browsing data. *Id.* 58:20-23 ("Q. When witnesses told you they were using private browsing mode, did you ever confirm those witnesses' statements? A. No, sir."); *id.* 60:11-14 ("[Q.] In the information that was produced related to those three interviewees, was the Google account field that you mentioned earlier absent? A. I don't know, sir."); *id.* 60:24-61:5 ("[Q.] You didn't look at the information produced by Google to confirm the three witnesses' statements about private browsing mode that are referenced in Paragraph 37 of [your report]; is that correct? A. That's correct[.]").

Although Nelson is willing to disclose the suspects' alleged statements during FBI interviews that they were in private browsing mode, he refused to provide any other information pertaining to these interviews and investigations, including: (i) whether or not the suspects were logged into a Google Account (which would make them much easier to identify), Nelson Tr. 61:9-20; (ii) which browsers the suspects used, *id.* at 55:9-56:5; (iii) the years in which the investigations took place, *id.* at 119:4-11; (iv) the names of suspects who allegedly told Nelson that they were in

---

about whether Google could use other, non-cookie information, such as an IP address, to identify specific private browsing users. Thus, Nelson's opinions cannot rebut Dr. Zervas's opinions—they do not even respond to them.

private browsing, *id.* at 70:13-71:6; (v) whether the suspects were in the United States at the time, *id.* at 97:25-98:10; or (vi) how many law enforcement agents were involved in compiling the information that allowed the FBI to eventually identify the suspect and what other measures they used, *id.* at 104:3-14; *see also id.* at 98:9-10 ("I'm not permitted to disclose any details about any cases, no matter how minute they may seem."). Without this information, there is no way to know if the "responsive information" referenced in Nelson's report bears any similarity to the data at issue in this case, which is limited to specific categories of data Google received when users visited non-Google websites in the private browsing modes of Chrome, Internet Explorer, Edge, or Safari, Dkt. 395-2 (TAC) ¶ 63.

Although Nelson's opinion is based on the shaky ground of anecdotal and non-verifiable experience, Plaintiffs' other experts' opinions use it to attempt to bolster their own tenuous opinions. *See, e.g.,* Spilly Decl. Ex. B (Hochman Tr. Vol. I) 142:6-142:13 ("Dave Nelson, who was until recently, employed by the FBI doing cyber investigations, []said that he's done a lot of these investigations, and he always gets the perpetrator when he's got this data. It just doesn't . . . fail."); Spilly Decl. Ex. C (Schneier Tr.) 115:14-19 ("Q. Have you seen any evidence that users' identities are revealed when they are in Incognito mode? A. I guess the *only thing* I've read was the deposition of the former FBI agent who talked about being able to uncover identities of people who are using Incognito.") (emphasis added).

**B.     Nelson's Opinions Rely on What He Admitted Is Speculation Regarding the Meaning of an Empty Google Account Field in Spreadsheets Google Allegedly Produced to the FBI**

The only other basis for Nelson's opinion that Google can use an IP address to identify private browsing users is his speculation that an empty "user account" field in spreadsheets Google produced to the FBI might "indicate" that the information produced was from a user in private browsing mode:

> [Q.] I asked, "How do you know that information the FBI received was private browsing
>
> information," you said, I interviewed suspects, and they told me; is that correct?
>
> A. Yes, sir, that's one of the reasons.


> Q. Okay. What are the other reasons?
>
> A. In material produced by Google [to the FBI], there was a column that had the header for the Google user account. There were times when I reviewed data produced by Google where there was a Google user account associated with the data and where there was nothing in that field. To me, that is a likely indicator that it was private browsing mode . . .
>
> [Q.] Wouldn't it be possible that they just hadn't signed in to their Google account?
>
> A. Possible.
>
> Q. … So you can't be certain that the absence of a Google account field means that they were in private browsing; is that correct?
>
> [A.] That's correct. I said it was an indicator that it was likely. . . .
>
> [Q.] But you don't know that for sure; is that fair?
>
> A. Correct.

*Id.* at 53:21-55:8. Nelson identified no other grounds in his report or in his deposition to support his opinion that Google can use an IP address to identify private browsing users.

### III. LEGAL STANDARD

"It is the proponent of the expert who has the burden of proving admissibility." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007) (internal quotation marks and citations omitted). Expert testimony is admissible if, and only if, "(1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; *see also Oracle Am., Inc. v. Google Inc.*, 798 F. Supp. 2d 1111, 1114 (N.D. Cal. 2011). When an expert "is relying solely or primarily on experience, [he] must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts . . . . The court's gatekeeping function requires more than simply 'taking the expert's word for it.'" Fed. R. Evid. 702 Committee Notes on Rules (2000 Amendment). Further, courts must ensure that expert testimony based on "personal experience . . . employs . . . the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho*, 526 U.S. at 152.

Federal Rule of Civil Procedure 26(a)(2) requires expert witnesses to provide a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them [and] the facts or data considered by the witness in forming them." Fed. R. Civ. Pro. 26(a)(2). When testifying in a deposition, experts must describe the basis for their opinions as well as where, when, and how information underlying their opinions was obtained, such that it is subject to cross-examination. *See United States v. Williams*, 2016 WL 899145 at *9 (N.D. Cal. Mar. 9, 2016) (law enforcement officer expert's opinions excluded because his "sources [were] so vague, and so impervious to cross examination, that it [was] impossible to effectively test [his] reliance on them," and his repeated failure to "provide examples of the specific information on which [his] opinions [were] based" posed "reliability problems"); *see also id.* at *11 ("The *ipse dixit* nature of the vast majority of the opinions (because Sgt. Jackson cannot identify particular citizens or confidential informants or discuss ongoing investigation, and/or because he could not think of any specific information underlying the opinions at the hearing) means that they cannot be effectively tested through cross-examination.").

## IV.     ARGUMENT

To support his opinion that Google can use an IP address alone to identify "private browsing data that … can be linked to specific individuals and devices," Nelson identified two bases: (1) his anecdotal experience that primarily consists of a handful of FBI investigations (refusing to provide details on any of them); and (2) the speculation that the empty fields in certain Google spreadsheets could indicate a user in private browsing mode. Neither ground, based as each is on "personal experience" employs any kind of "intellectual rigor," much less the kind that courts require of an expert in the relevant field. *Kumho*, 526 U.S. at 152. Nelson's say-so is the type of *ipse dixit* that is insufficient to pass muster.

### A.     Nelson's Refusal to Provide Basic Details Regarding the Investigations Referenced in His Report Renders His Opinions Inadmissible and Subject to Exclusion

The first ground on which Nelson attempts to base his opinion consists of a handful of FBI investigations in which he claims the suspects told him they had been browsing in private mode. Although Nelson purports to have identified hundreds of suspects by subpoenaing information from

Google, Nelson Tr. 96:15-97:9, he identifies only *three* instances in which he claims he was able to identify users in a private browsing mode. Even for those, he claims to know the users were in private browsing mode *only* because these unidentified criminal suspects allegedly told him so. *Id.* 59:7-10. But he refused to answer *any* questions about the circumstances of these alleged conversations or investigations. *Id.* 98:9-10 ("I'm not permitted to disclose any details about any cases, no matter how minute they may seem.").

By selectively disclosing parts of these alleged conversations to advance Plaintiffs' case, while refusing to provide any other details, Nelson has failed to provide a "complete statement of . . . the basis and reasons for" his opinions, and "the facts or data considered by the witness in forming them," as required by Rule 26(a)(2)(B). Further, because his opinion is generalized, anecdotal, unsubstantiated, and based on undisclosed "confidential" information, it is effectively irrefutable. As the Ninth Circuit has held, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 607 (9th Cir. 2002) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)); *see also GPNE Corp. v. Apple, Inc.*, 2014 WL 1494247, at *6 (N.D. Cal. Apr. 16, 2014) ("Apple cannot cross-examine [the plaintiffs' expert] on his assertions, all of which fundamentally reduce to taking his opinion based on 30 years of experience for granted."). Thus, Nelson's opinion and report should be excluded.

Nor can Nelson use the purported "confidentiality" of his work at the FBI as a shield. First, there is no investigatory confidentiality exception to Rule 26's requirements or *Daubert*. Particularly instructive here is *United States v. Williams*, where the court rejected a party's attempt to proffer a police officer as an expert where he refused to substantiate his opinion on the grounds "that the information [he] was provided involved investigations that are still open." 2016 WL 899145 at *9; *see also Burrows*, 2018 WL 6314187 at *2 (expert opinions excluded because, *inter alia*, they were based on "confidential documents" that were not produced in the litigation and expert "[r]efused to discuss them at his deposition"). For that reason, Nelson's refusal to "disclose any details about any cases, no matter how minute they may seem" based on purported ongoing confidentiality obligations to the FBI is improper. Nelson Tr. 98:9-10. It makes it impossible for Google to " cross-examine

[Nelson] on his assertions," and thus they "fundamentally reduce to taking his opinion based on [18] years of experience for granted." *GPNE Corp.*, 2014 WL 1494247 at *6. This is the epitome of an unreliable opinion that cannot pass muster.

### B. Nelson's Speculative Opinion that Information Google Produced to the FBI *Might* Have Included Private Browsing Information Renders His Opinions Inadmissible and Subject to Exclusion

In addition to the interviews that Nelson refused to discuss in any detail, he contends that Google provided the FBI with information from private browsing sessions because "in the spreadsheets [produced by Google], there would be a column, and in the column header there would be an indicator for a Google user account . . . [and] there were times . . . where it did not have a Google user account listed for the entry." Nelson Tr. 54:9-20. That is baseless speculation. As Nelson admitted in deposition, the Google account field for a given user could be empty for two alternative reasons that have nothing to do with private browsing: (1) the user does not *have* a Google Account; or (2) the user was browsing in "regular" mode while signed-*out* of their Account. Nelson ultimately conceded that the purported "indicator" of private browsing activity was no indicator at all: he admitted that he doesn't "know one way or another" whether the absence of the Google account field indicates that the user was private browsing as opposed to browsing in regular mode while not signed into a Google account, *id.* at 57:3-6, he has no "special expertise" on the meaning of the Google account field, *id.* at 57:24-58:5, and he never actually looked at information produced by Google to the FBI to confirm his theory about this field, *id.* at 60:15-61:6. An opinion based on such "unsubstantiated and undocumented information is the antithesis of the scientifically reliable expert opinion admissible under *Daubert* and Rule 702." *Cabrera v. Cordis Corp.*, 134 F.3d 1418 (9th Cir. 1998).

### V. CONCLUSION

For the reasons discussed above, Nelson's report and testimony should be excluded.

| | | |
|---|---|---|
| 1 | DATED: August 5, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | By   */s/ Andrew H. Schapiro* |
| 3 | | Andrew H. Schapiro (admitted *pro hac vice*) |
| | | andrewschapiro@quinnemanuel.com |
| 4 | | 191 N. Wacker Drive, Suite 2700 |
| | | Chicago, IL 60606 |
| 5 | | Telephone: (312) 705-7400 |
| 6 | | Facsimile: (312) 705-7401 |

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Marie Hayrapetian (CA Bar No. 315797)
mariehayrapetian@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*