# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No.  5:20-cv-03664-LHK-SVK |

**PLAINTIFF CHASOM BROWN'S AMENDED OBJECTIONS AND RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure Rules 26 and 36, Plaintiff Chasom Brown ("Brown") hereby objects and responds to Defendant's, Google LLC ("Google"), First Set of Requests for Admission (No. 1). These objections and response are made solely for the purpose of and in relation to this action. In addition, the objections and response set forth in this document are based on Plaintiff Brown's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Brown may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Brown reserves all rights to supplement and amend his objections and response accordingly.

**REQUEST FOR ADMISSION NO. 1:**

Admit that, when YOU signed up for YOUR Google Account, YOU reviewed and consented to the GOOGLE PRIVACY POLICY.

**ORIGINAL RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff Brown objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting,

collecting data from, analyzing, and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Brown's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Brown's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Brown admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (*i.e.*, the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. Otherwise Denied.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff Brown objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Brown's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Brown's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Brown admits that, when he opened his Google Account, although he does not recall exact details of the then-current Privacy

Policy, he reviewed and generally consented to the then-current Privacy Policy, and he recalls the disclosures in the Privacy Policy promising that Google would not intercept and collect his private browsing activity, and he did not consent to that interception and collection. Otherwise Denied.

Dated: May 24, 2021 **MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**

1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I, Jennifer Cabezas, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On May 24, 2021, I served the following document described as:

**Plaintiff's Amended Objections and Responses to Defendant's First Set of Requests for Admission**

By electronic mail transmission from jcabezas@forthepeople.com on May 24, 2021, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor

Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorneys for Defendant*

       Executed on May 24, 2021, at Tampa, Florida.


                 */s/ Jennifer Cabezas*
                 Jennifer Cabezas

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

      Plaintiffs,

 v.

GOOGLE LLC,

      Defendant.

Case No.  5:20-cv-03664-LHK-SVK

**PLAINTIFF WILLIAM BYATT'S AMENDED OBJECTIONS AND RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION**

  Pursuant to Federal Rules of Civil Procedure Rules 26 and 36, Plaintiff William Byatt ("Byatt") hereby objects and responds to Defendant's, Google LLC ("Google"), First Set of Requests for Admission (No. 1). These objections and response are made solely for the purpose of and in relation to this action. In addition, the objections and response set forth in this document are based on Plaintiff Byatt's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Byatt may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Byatt reserves all rights to supplement and amend his objections and response accordingly.

**REQUEST FOR ADMISSION NO. 1:**

  Admit that, when YOU signed up for YOUR Google Account, YOU reviewed and consented to the GOOGLE PRIVACY POLICY.

**ORIGINAL RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

  Plaintiff Byatt objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Byatt's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting

data from, analyzing, and monetizing Plaintiff Byatt's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Byatt's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Byatt's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Byatt admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (*i.e.*, the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. Otherwise Denied.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff Byatt objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Byatt's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Byatt's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Byatt's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Byatt's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Byatt admits that, when he opened his Google Account, although he does not recall exact details of the then-current Privacy

Policy, he reviewed and generally consented to the then-current Privacy Policy, and he recalls the disclosures in the Privacy Policy promising that Google would not intercept and collect his private browsing activity, and he did not consent to that interception and collection. Otherwise Denied

Dated: May 24, 2021            **MORGAN & MORGAN**

                               */s/ John A. Yanchunis*

                               John A. Yanchunis (*pro hac vice*)
                               Ryan J. McGee (*pro hac vice*)
                               **MORGAN & MORGAN**
                               201 N. Franklin Street, 7th Floor
                               Tampa, FL 33602
                               Tel.: (813) 223-5505
                               Fax: (813) 222-4736
                               jyanchunis@forthepeople.com
                               rmcgee@forthepeople.com

                               Mark C. Mao, CA Bar No. 236165
                               Sean P. Rodriguez, CA Bar No. 262437
                               Beko Richardson, CA Bar No. 238027
                               **BOIES SCHILLER FLEXNER LLP**
                               44 Montgomery St., 41st Floor
                               San Francisco, CA 94104
                               Tel.: (415) 293-6800
                               Fax: (415) 293-6899
                               mmao@bsfllp.com
                               srodriguez@bsfllp.com
                               brichardson@bsfllp.com

                               James Lee (admitted *pro hac vice*)
                               Rossana Baeza (admitted *pro hac vice*)
                               **BOIES SCHILLER FLEXNER LLP**
                               100 SE 2nd St., 28th Floor
                               Miami, FL 33131
                               Tel.: (305) 539-8400
                               Fax: (303) 539-1307
                               jlee@bsfllp.com
                               rbaeza@bsfllp.com

                               William S. Carmody
                               Shawn Rabin
                               Steven M. Shepard
                               **SUSMAN GODFREY L.L.P.**
                               1301 Avenue of the Americas, 32nd Floor
                               New York, New York 10019-6023
                               Telephone: (212) 336-8330
                               Facsimile: (212) 336-8340

                               Amanda K. Bonn (270891)
                               **SUSMAN GODFREY L.L.P.**

1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

1

## PROOF OF SERVICE

2     I, Jennifer Cabezas, declare:

3     I am a citizen of the United States and employed in the County of Hillsborough, Florida. I

4 am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin

5 St., 7th Floor, Tampa, FL 33602.

6     On May 24, 2021, I served the following document described as:

7     **Plaintiff's Amended Objections and Responses to Defendant's First Set of Requests**

8 **for Admission**

9     By electronic mail transmission from jcabezas@forthepeople.com on May 24, 2021, by

10 transmitting a PDF format copy of such document to each person at the e-mail addresses listed

11 below. The document was transmitted by electronic transmission and such transmission was

12 reported as complete and without error:

13

14 Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP

15 191 N. Wacker Drive, Suite 2700
Chicago, IL 60606

16 Tel: 312-705-7400
Fax: 312-705-7401

17 andrewschapiro@quinnemanuel.com

18 *Attorney for Defendant*

19
Stephen A. Broome

20 Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP

21 865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

22 Tel: 213-443-3000
Fax: 213-443-3100

23 stephenbroome@quinnemanuel.com

24 violatrebicka@quinnemanuel.com

25 *Attorneys for Defendant*

26 Diane M. Doolittle

27 Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP

28 555 Twin Dolphin Drive, 5th Floor

Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorneys for Defendant*

      Executed on May 24, 2021, at Tampa, Florida.


             */s/ Jennifer Cabezas*
             Jennifer Cabezas

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

                                Plaintiffs,

        v.

GOOGLE LLC,

                                Defendant.

Case No.  5:20-cv-03664-LHK-SVK

**PLAINTIFF CHRISTOPHER CASTILLO'S AMENDED OBJECTIONS AND RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure Rules 26 and 36, Plaintiff Christopher Castillo ("Castillo") hereby objects and responds to Defendant's, Google LLC ("Google"), First Set of Requests for Admission (No. 1). These objections and response are made solely for the purpose of and in relation to this action. In addition, the objections and response set forth in this document are based on Plaintiff Castillo's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Castillo may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Castillo reserves all rights to supplement and amend his objections and response accordingly.

**REQUEST FOR ADMISSION NO. 1:**

Admit that, when YOU signed up for YOUR Google Account, YOU reviewed and consented to the GOOGLE PRIVACY POLICY.

**ORIGINAL RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff Castillo objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Castillo's allegations relate to Google's conduct of secretly and unlawfully intercepting,

collecting data from, analyzing, and monetizing Plaintiff Castillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Castillo's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Castillo's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Castillo admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (*i.e.*, the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. Otherwise Denied.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff Castillo objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Castillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Castillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Castillo's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Castillo's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Castillo admits that, when he opened his Google Account, although he does not recall exact details of the then-current Privacy

Policy, he reviewed and generally consented to the then-current Privacy Policy, and he recalls the disclosures in the Privacy Policy promising that Google would not intercept and collect his private browsing activity, and he did not consent to that interception and collection. Otherwise Denied.

Dated: May 24, 2021

**MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**

1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I, Jennifer Cabezas, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On May 24, 2021, I served the following document described as:

**Plaintiff's Amended Objections and Responses to Defendant's First Set of Requests for Admission**

By electronic mail transmission from jcabezas@forthepeople.com on May 24, 2021, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor

Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorneys for Defendant*

       Executed on May 24, 2021, at Tampa, Florida.


                     */s/ Jennifer Cabezas*
                     Jennifer Cabezas

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

                    Plaintiffs,

  v.

GOOGLE LLC,

                    Defendant.

Case No.  5:20-cv-03664-LHK-SVK

**PLAINTIFF JEREMY DAVIS' AMENDED OBJECTIONS AND RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure Rules 26 and 36, Plaintiff Jeremy Davis ("Davis") hereby objects and responds to Defendant's, Google LLC ("Google"), First Set of Requests for Admission (No. 1). These objections and response are made solely for the purpose of and in relation to this action. In addition, the objections and response set forth in this document are based on Plaintiff Davis' knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Davis may become aware of additional facts or evidence and its analysis of the case may change. Plaintiff Davis reserves all rights to supplement and amend his objections and response accordingly.

**REQUEST FOR ADMISSION NO. 1:**

Admit that, when YOU signed up for YOUR Google Account, YOU reviewed and consented to the GOOGLE PRIVACY POLICY.

**ORIGINAL RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff Davis objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Davis' allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting

data from, analyzing, and monetizing Plaintiff Davis' (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Davis' (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Davis' knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Davis admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (*i.e.*, the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. Otherwise Denied.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff Davis objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Davis' allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Davis' (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Davis' (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Davis' knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Davis admits that, when he opened his Google Account, although he does not recall exact details of the then-current Privacy

Policy, he reviewed and generally consented to the then-current Privacy Policy, and he recalls the disclosures in the Privacy Policy promising that Google would not intercept and collect his private browsing activity, and he did not consent to that interception and collection. Otherwise Denied.

Dated: May 24, 2021                    **MORGAN & MORGAN**

                                       */s/ John A. Yanchunis*

                                       John A. Yanchunis (*pro hac vice*)
                                       Ryan J. McGee (*pro hac vice*)
                                       **MORGAN & MORGAN**
                                       201 N. Franklin Street, 7th Floor
                                       Tampa, FL 33602
                                       Tel.: (813) 223-5505
                                       Fax: (813) 222-4736
                                       jyanchunis@forthepeople.com
                                       rmcgee@forthepeople.com

                                       Mark C. Mao, CA Bar No. 236165
                                       Sean P. Rodriguez, CA Bar No. 262437
                                       Beko Richardson, CA Bar No. 238027
                                       **BOIES SCHILLER FLEXNER LLP**
                                       44 Montgomery St., 41st Floor
                                       San Francisco, CA 94104
                                       Tel.: (415) 293-6800
                                       Fax: (415) 293-6899
                                       mmao@bsfllp.com
                                       srodriguez@bsfllp.com
                                       brichardson@bsfllp.com

                                       James Lee (admitted *pro hac vice*)
                                       Rossana Baeza (admitted *pro hac vice*)
                                       **BOIES SCHILLER FLEXNER LLP**
                                       100 SE 2nd St., 28th Floor
                                       Miami, FL 33131
                                       Tel.: (305) 539-8400
                                       Fax: (303) 539-1307
                                       jlee@bsfllp.com
                                       rbaeza@bsfllp.com

                                       William S. Carmody
                                       Shawn Rabin
                                       Steven M. Shepard
                                       **SUSMAN GODFREY L.L.P.**
                                       1301 Avenue of the Americas, 32nd Floor
                                       New York, New York 10019-6023
                                       Telephone: (212) 336-8330
                                       Facsimile: (212) 336-8340

                                       Amanda K. Bonn (270891)
                                       **SUSMAN GODFREY L.L.P.**

1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I, Jennifer Cabezas, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On May 24, 2021, I served the following document described as:

**Plaintiff's Amended Objections and Responses to Defendant's First Set of Requests for Admission**

By electronic mail transmission from jcabezas@forthepeople.com on May 24, 2021, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor

Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorneys for Defendant*

     Executed on May 24, 2021, at Tampa, Florida.


               */s/ Jennifer Cabezas*
               Jennifer Cabezas

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHASOM BROWN, WILLIAM BYATT,
JEREMY DAVIS, CHRISTOPHER
CASTILLO, and MONIQUE TRUJILLO
individually and on behalf of all other
similarly situated,

                      Plaintiffs,

    v.

GOOGLE LLC,

                      Defendant.

Case No.  5:20-cv-03664-LHK-SVK

**PLAINTIFF CHASOM BROWN'S AMENDED OBJECTIONS AND RESPONSES
TO DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSION**

      Pursuant to Federal Rule of Civil Procedure Rule 36, Plaintiff Chasom Brown ("Brown")

hereby objects and responds to Defendant's, Google LLC ("Google"), Second Set of Requests for

Admission (Nos. 2–21). These objections and responses are made solely for the purpose of and in

relation to this action. In addition, the objections and responses set forth in this document are based

on Plaintiff Brown's knowledge, investigations, and analysis to date. As discovery proceeds,

Plaintiff Brown may become aware of additional facts or evidence and his analysis of the case may

change. Plaintiff Brown reserves all rights to supplement and amend his objections and responses

accordingly.

**REQUEST FOR ADMISSION NO. 2:**

      Admit that, when YOU signed up for YOUR GOOGLE ACCOUNT, YOU indicated to

Google that YOU agreed to Google's then-current TERMS OF SERVICE.

**ORIGINAL RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

      Plaintiff Brown objects to this Request as vague and overly broad to the extent Google

relies on the undefined, capitalized term "TERMS OF SERVICE," as Plaintiff Brown cannot be

expected to guess or speculate as to which "TERMS OF SERVICE" Google might be referring to

in this Request. Plaintiff Brown further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Brown's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Brown's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Brown admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google's representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint, which made clear that he was in "control" of what information Google collects. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. To the extent Google's defined "Google Privacy Policy" is applicable, it did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise Denied.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff Brown objects to this Request as vague and overly broad to the extent Google relies on the undefined, capitalized term "TERMS OF SERVICE," as Plaintiff Brown cannot be expected to guess or speculate as to which "TERMS OF SERVICE" Google might be referring to in this Request. Plaintiff Brown further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this

litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Brown's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Brown's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Brown admits that, when he signed up for his Google Account, although he does not recall the exact details of the then-current Terms of Service, he indicated to Google that he generally agreed to Google's then-current Terms of Service—which incorporates the Google Chrome and Chrome OS Additional Terms of Service, the Chrome Privacy Notice, the Privacy Policy, the "Search & Browse Privately" page, and the Incognito Screen—and he recalls the disclosures promising that Google would not intercept and collect his private browsing activity, and did he not consent to that interception and collection. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU reviewed the GOOGLE PRIVACY POLICY before you first used INCOGNITO MODE.

**ORIGINAL RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff Brown objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Brown further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing,

and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Brown's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Brown's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Brown admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. To the extent Google's defined "Google Privacy Policy" is applicable, it did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise Denied.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff Brown objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Brown further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Brown's (and class members') private browsing information would not be collected by Google. Users did not

need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Brown's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Brown admits that he is not sure whether he reviewed the then-current Google Privacy Policy before he first used Incognito Mode, but he did review the Incognito Splash Screen before he first used Incognito Mode and each time thereafter, which did not state that Google would intercept and collect his private browsing activity. Plaintiff Brown did not consent to that interception and collection of his private browsing activity. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU have never indicated to Google that YOU did not agree to the GOOGLE PRIVACY POLICY.

**ORIGINAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff Brown objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Brown further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Brown's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Brown's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Brown admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. To the extent Google's defined "Google Privacy Policy" is applicable, it did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise Denied.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff Brown objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Brown further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Brown's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Brown's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Brown admits that, prior to filing this lawsuit, he did not indicate to Google that he did not agree to the then-current Google Privacy Policy. However, Google's Privacy Policy does not disclose Google's alleged data collection while users are in private browsing mode, and he never consented to Google's interception and collection

of his private browsing activity. Plaintiff Brown further states that the filing of this lawsuit put Google on notice that its continued interception and collection of his and Class Members' private browsing activity is without consent and contrary to the law. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the GOOGLE PRIVACY POLICY discloses that Google collects through its SERVICES the categories of Data that YOUR FAC alleges Google illegally "intercepted." *See, e.g.*, FAC ¶¶ 202-17.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that each GOOGLE PRIVACY POLICY YOU reviewed disclosed that Google collects information about users' visits to websites that use Google's services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the GOOGLE PRIVACY POLICY does not represent that using private browsing mode will prevent Google from receiving information through its SERVICES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that, during the CLASS PERIOD, YOU were aware that "Google collects information about the web-browsing activity of users who are <u>not</u> in 'private browsing mode.'" *See* FAC ¶ 163.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff Brown admits that he was aware that Google was online collecting data sometimes, when he was not browsing in private mode, but did not understand exactly how. Otherwise denied.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that the websites may record data associated with your visit (for example, on the websites' servers), including the webpages YOU viewed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that your alleged COMMUNICATIONS with the websites might be recorded by the websites (for example, on the websites' servers).

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that your alleged COMMUNICATIONS with the websites might be visible to YOUR internet service provider.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, during the CLASS PERIOD, you understood the terms "private browsing" and "browse privately" in the Google disclosures that YOU allege YOU reviewed did not mean that your internet browsing activity would be completely private from everyone.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiff Brown admits that, when he visited websites using Chrome in Incognito mode, his activity might still be visible to those websites, his employer or school, and/or his internet service provider. Plaintiff Brown did not, however, consent to Google's interception of that activity. Otherwise denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that when YOU browsed the web in Incognito mode, YOU understood that cookies could still be placed on YOUR browser and would be deleted when YOU closed YOUR Incognito window or tab.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, when YOU browsed the web in Incognito mode, YOU understood that YOUR activity might still be visible to the websites YOU visited and YOUR internet service provider.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Plaintiff Brown admits that, when he visited websites using Chrome in Incognito mode, his activity might still be visible to those websites. Plaintiff Brown further admits that, when he visited websites using Chrome in Incognito mode, his activity might still be visible to his internet service provider. Plaintiff Brown did not, however, consent to Google's interception of that activity. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the INCOGNITO NOTICE does not represent that Incognito mode prevents Google from collecting the information that you allege Google illegally "intercepted."

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU became "aware that [YOU are] able to sell [YOUR] own personal data, via other websites such as Killi," *see* FAC ¶¶ 170,175, 180, 185, 190, only after YOU retained YOUR counsel in this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Google's alleged conduct has not affected YOUR alleged ability "to sell [YOUR] own personal data, via other websites such as Killi." *See* FAC ¶¶ 170, 175, 180, 185, 190.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU did not download and install Google's Analytics Opt-Out Browser Add-on available at https://tools.google.com/dlpage/gaoptout.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Plaintiff Brown objects to this Request to the extent it purports to suggest that either downloading and/or installing Google's Analytics Opt-Out Browser Add-on is a necessary predicate for any claim in this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Brown's (and class members') private browsing information would not be collected by Google. Users did not need to download and/or install Google's Analytics Opt-Out Browser to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Brown admits that he did not download or install Google's Analytics Opt-Out Browser Add-on, but this did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU did not change the default cookie settings on your browser.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Plaintiff Brown objects to this Request to the extent it purports to suggest that review of changing the "default cookie settings" on the browser is a necessary predicate for any claim in this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully

intercepting, collecting data from, analyzing, and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Brown's (and class members') private browsing information would not be collected by Google. Users did not need to change the "default cookie settings" on their browser to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Brown admits that he did not change the "default cookie settings" on his browser, but this did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU did not opt out of ad personalization at https://adssettings.google.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Plaintiff Brown objects to this Request to the extent it purports to suggest that opting out of ad personalization at https://adssettings.google.com is a necessary predicate for any claim in this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Brown's (and class members') private browsing information would not be collected by Google. Users did not need to opt out of ad personalization at https://adssettings.google.com to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Brown admits that he did not opt out of ad personalization at https://adssettings.google.com, but this did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU did not retain any information identifying the cookies Google allegedly set on your browser while YOU were private browsing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

While browsing privately, Plaintiff Brown admits that he was not aware that Google was placing cookies on his browser, therefore Plaintiff Brown could not have retained any information identifying the cookies Google placed. Plaintiff Brown's claims are about Google Analytics. Any cookie data that is collected by Google would be in Google's possession, and not on Plaintiff Brown's devices. Regardless, Google has yet to disclose to Plaintiff Brown how exactly it is collecting and using Plaintiff Brown's data in private browsing. Otherwise denied.

Dated: May 24, 2021

**MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

## PROOF OF SERVICE

I, Jennifer Cabezas, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On May 24, 2021, I served the following document described as:

**Plaintiff's Amended Objections and Responses to Defendant's Second Set of Requests for Admission**

By electronic mail transmission from jcabezas@forthepeople.com on May 24, 2021, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor

Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorneys for Defendant*

        Executed on May 24, 2021, at Tampa, Florida.


                        */s/ Jennifer Cabezas*
                        Jennifer Cabezas

# EXHIBIT 6

1

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

3

4

5

6

7

8

9

10

11

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No.  5:20-cv-03664-LHK-SVK

12

13

**PLAINTIFF WILLIAM BYATT'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSION**

14

15

16

17

18

19

20

Pursuant to Federal Rule of Civil Procedure Rule 36, Plaintiff William Byatt ("Byatt") hereby objects and responds to Defendant's, Google LLC ("Google"), Second Set of Requests for Admission (Nos. 2–21). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Byatt's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Byatt may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Byatt reserves all rights to supplement and amend his objections and responses accordingly.

21

22

**REQUEST FOR ADMISSION NO. 2:**

23

24

Admit that, when YOU signed up for YOUR GOOGLE ACCOUNT, YOU indicated to Google that YOU agreed to Google's then-current TERMS OF SERVICE.

**ORIGINAL RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

25

26

27

28

Plaintiff Byatt objects to this Request as vague and overly broad to the extent Google relies on the undefined, capitalized term "TERMS OF SERVICE," as Plaintiff Byatt cannot be expected to guess or speculate as to which "TERMS OF SERVICE" Google might be referring to in this

Request. Plaintiff Byatt further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Byatt's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Byatt's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Byatt's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Byatt's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Byatt admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google's representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint, which made clear that he was in "control" of what information Google collects. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. To the extent Google's defined "Google Privacy Policy" is applicable, it did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise Denied.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff Byatt objects to this Request as vague and overly broad to the extent Google relies on the undefined, capitalized term "TERMS OF SERVICE," as Plaintiff Byatt cannot be expected to guess or speculate as to which "TERMS OF SERVICE" Google might be referring to in this Request. Plaintiff Byatt further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this

litigation. Plaintiff Byatt's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Byatt's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Byatt's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Byatt's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Byatt admits that, when he signed up for his Google Account, although he does not recall the exact details of the then-current Terms of Service, he indicated to Google that he generally agreed to Google's then-current Terms of Service—which incorporates the Google Chrome and Chrome OS Additional Terms of Service, the Chrome Privacy Notice, the Privacy Policy, the "Search & Browse Privately" page, and the Incognito Screen—and he recalls the disclosures promising that Google would not intercept and collect his private browsing activity, and did he not consent to that interception and collection. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU reviewed the GOOGLE PRIVACY POLICY before you first used INCOGNITO MODE.

**ORIGINAL RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff Byatt objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Byatt further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Byatt's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing,

and monetizing Plaintiff Byatt's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Byatt's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Byatt's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Byatt admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. To the extent Google's defined "Google Privacy Policy" is applicable, it did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise Denied.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff Byatt objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Byatt further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Byatt's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Byatt's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Byatt's (and class members') private browsing information would not be collected by Google. Users did not

need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Byatt's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Byatt admits that he believes that he reviewed the then-current Google Privacy Policy before he first used Incognito Mode, and he recalls reviewing the Incognito Splash Screen before he first used Incognito Mode and each time thereafter, and neither the Google Privacy Policy nor the Incognito Splash Screen stated that Google would intercept and collect his private browsing activity. Plaintiff Byatt did not consent to that interception and collection of his private browsing activity. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU have never indicated to Google that YOU did not agree to the GOOGLE PRIVACY POLICY.

**ORIGINAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff Byatt objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Byatt further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Byatt's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Byatt's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Byatt's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Byatt's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Byatt admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. To the extent Google's defined "Google Privacy Policy" is applicable, it did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise Denied.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff Byatt objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Byatt further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Byatt's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Byatt's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Byatt's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Byatt's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Byatt admits that, prior to discovering this lawsuit, Plaintiff Byatt did not indicate to Google that he did not agree to the then-current Google Privacy Policy. However, Google's Privacy Policy does not disclose Google's alleged data collection while users are in private browsing mode, and he never consented to

Google's interception and collection of his private browsing activity. Plaintiff Byatt further states that this lawsuit put Google on notice that its continued interception and collection of his and Class Members' private browsing activity is without consent and contrary to the law. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the GOOGLE PRIVACY POLICY discloses that Google collects through its SERVICES the categories of Data that YOUR FAC alleges Google illegally "intercepted." *See, e.g.*, FAC ¶¶ 202-17.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that each GOOGLE PRIVACY POLICY YOU reviewed disclosed that Google collects information about users' visits to websites that use Google's services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the GOOGLE PRIVACY POLICY does not represent that using private browsing mode will prevent Google from receiving information through its SERVICES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that, during the CLASS PERIOD, YOU were aware that "Google collects information about the web-browsing activity of users who are <u>not</u> in 'private browsing mode.'" *See* FAC ¶ 163.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff Byatt admits that he was aware that Google was online collecting data sometimes, when he was not browsing in private mode, but did not understand exactly how. Otherwise denied.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that the websites may record data associated with your visit (for example, on the websites' servers), including the webpages YOU viewed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that your alleged COMMUNICATIONS with the websites might be recorded by the websites (for example, on the websites' servers).

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that your alleged COMMUNICATIONS with the websites might be visible to YOUR internet service provider.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, during the CLASS PERIOD, you understood the terms "private browsing" and "browse privately" in the Google disclosures that YOU allege YOU reviewed did not mean that your internet browsing activity would be completely private from everyone.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiff Byatt admits that, when he visited websites using Chrome in Incognito mode, his activity might still be visible to those websites, his employer or school, and/or his internet service provider. Plaintiff Byatt did not, however, consent to Google's interception of that activity. Otherwise denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that when YOU browsed the web in Incognito mode, YOU understood that cookies could still be placed on YOUR browser and would be deleted when YOU closed YOUR Incognito window or tab.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, when YOU browsed the web in Incognito mode, YOU understood that YOUR activity might still be visible to the websites YOU visited and YOUR internet service provider.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Plaintiff Byatt admits that, when he visited websites using Chrome in Incognito mode, his activity might still be visible to those websites. Plaintiff Byatt further admits that, when he visited websites using Chrome in Incognito mode, his activity might still be visible to his internet service provider. Plaintiff Byatt did not, however, consent to Google's interception of that activity. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the INCOGNITO NOTICE does not represent that Incognito mode prevents Google from collecting the information that you allege Google illegally "intercepted."

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU became "aware that [YOU are] able to sell [YOUR] own personal data, via other websites such as Killi," *see* FAC ¶¶ 170,175, 180, 185, 190, only after YOU retained YOUR counsel in this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Google's alleged conduct has not affected YOUR alleged ability "to sell [YOUR] own personal data, via other websites such as Killi." *See* FAC ¶¶ 170, 175, 180, 185, 190.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU did not download and install Google's Analytics Opt-Out Browser Add-on available at https://tools.google.com/dlpage/gaoptout.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Plaintiff Byatt objects to this Request to the extent it purports to suggest that either downloading and/or installing Google's Analytics Opt-Out Browser Add-on is a necessary predicate for any claim in this litigation. Plaintiff Byatt's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Byatt's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Byatt's (and class members') private browsing information would not be collected by Google. Users did not need to download and/or install Google's Analytics Opt-Out Browser to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Byatt admits that he did not download or install Google's Analytics Opt-Out Browser Add-on, but this did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU did not change the default cookie settings on your browser.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Plaintiff Byatt objects to this Request to the extent it purports to suggest that review of changing the "default cookie settings" on the browser is a necessary predicate for any claim in this litigation. Plaintiff Byatt's allegations relate to Google's conduct of secretly and unlawfully

intercepting, collecting data from, analyzing, and monetizing Plaintiff Byatt's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Byatt's (and class members') private browsing information would not be collected by Google. Users did not need to change the "default cookie settings" on their browser to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Byatt admits that he did not change the "default cookie settings" on his browser, but this did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU did not opt out of ad personalization at https://adssettings.google.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Plaintiff Byatt objects to this Request to the extent it purports to suggest that opting out of ad personalization at https://adssettings.google.com is a necessary predicate for any claim in this litigation. Plaintiff Byatt's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Byatt's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Byatt's (and class members') private browsing information would not be collected by Google. Users did not need to opt out of ad personalization at https://adssettings.google.com to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Byatt admits that he did not opt out of ad personalization at https://adssettings.google.com, but this did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU did not retain any information identifying the cookies Google allegedly set on your browser while YOU were private browsing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

While browsing privately, Plaintiff Byatt admits that he was not aware that Google was placing cookies on his browser, therefore Plaintiff Byatt could not have retained any information identifying the cookies Google placed. Plaintiff Byatt's claims are about Google Analytics. Any cookie data that is collected by Google would be in Google's possession, and not on Plaintiff Byatt's devices. Regardless, Google has yet to disclose to Plaintiff Byatt how exactly it is collecting and using Plaintiff Byatt's data in private browsing. Otherwise denied.

Dated: May 24, 2021                    **MORGAN & MORGAN**

                                       */s/ John A. Yanchunis*

                                       John A. Yanchunis (*pro hac vice*)
                                       Ryan J. McGee (*pro hac vice*)
                                       **MORGAN & MORGAN**
                                       201 N. Franklin Street, 7th Floor
                                       Tampa, FL 33602
                                       Tel.: (813) 223-5505
                                       Fax: (813) 222-4736
                                       jyanchunis@forthepeople.com
                                       rmcgee@forthepeople.com

                                       Mark C. Mao, CA Bar No. 236165
                                       Sean P. Rodriguez, CA Bar No. 262437
                                       Beko Richardson, CA Bar No. 238027
                                       **BOIES SCHILLER FLEXNER LLP**
                                       44 Montgomery St., 41st Floor
                                       San Francisco, CA 94104
                                       Tel.: (415) 293-6800
                                       Fax: (415) 293-6899
                                       mmao@bsfllp.com
                                       srodriguez@bsfllp.com
                                       brichardson@bsfllp.com

                                       James Lee (admitted *pro hac vice*)
                                       Rossana Baeza (admitted *pro hac vice*)
                                       **BOIES SCHILLER FLEXNER LLP**
                                       100 SE 2nd St., 28th Floor
                                       Miami, FL 33131
                                       Tel.: (305) 539-8400
                                       Fax: (303) 539-1307
                                       jlee@bsfllp.com
                                       rbaeza@bsfllp.com

                                       William S. Carmody
                                       Shawn Rabin
                                       Steven M. Shepard
                                       **SUSMAN GODFREY L.L.P.**
                                       1301 Avenue of the Americas, 32nd Floor
                                       New York, New York 10019-6023
                                       Telephone: (212) 336-8330
                                       Facsimile: (212) 336-8340

                                       Amanda K. Bonn (270891)
                                       **SUSMAN GODFREY L.L.P.**
                                       1900 Avenue of the Stars, Suite 1400
                                       Los Angeles, California 90067
                                       Telephone: (310) 789-3100
                                       Facsimile: (310) 789-3150

                                       *Attorneys for Plaintiffs*

## PROOF OF SERVICE

I, Jennifer Cabezas, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On May 24, 2021, I served the following document described as:

**Plaintiff's Amended Objections and Responses to Defendant's Second Set of Requests for Admission**

By electronic mail transmission from jcabezas@forthepeople.com on May 24, 2021, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor

Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorneys for Defendant*

      Executed on May 24, 2021, at Tampa, Florida.


             */s/ Jennifer Cabezas*
             Jennifer Cabezas

# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

                 Plaintiffs,

  v.

GOOGLE LLC,

                 Defendant.

Case No.  5:20-cv-03664-LHK-SVK

**PLAINTIFF CHRISTOPHER CASTILLO'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rule of Civil Procedure Rule 36, Plaintiff Christopher Castillo ("Castillo") hereby objects and responds to Defendant's, Google LLC ("Google"), Second Set of Requests for Admission (Nos. 2–21). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Castillo's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Castillo may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Castillo reserves all rights to supplement and amend his objections and responses accordingly.

**REQUEST FOR ADMISSION NO. 2:**

Admit that, when YOU signed up for YOUR GOOGLE ACCOUNT, YOU indicated to Google that YOU agreed to Google's then-current TERMS OF SERVICE.

**ORIGINAL RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff Castillo objects to this Request as vague and overly broad to the extent Google relies on the undefined, capitalized term "TERMS OF SERVICE," as Plaintiff Castillo cannot be expected to guess or speculate as to which "TERMS OF SERVICE" Google might be referring to

in this Request. Plaintiff Castillo further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Castillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Castillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Castillo's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Castillo's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Castillo admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google's representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint, which made clear that he was in "control" of what information Google collects. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. To the extent Google's defined "Google Privacy Policy" is applicable, it did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise Denied.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff Castillo objects to this Request as vague and overly broad to the extent Google relies on the undefined, capitalized term "TERMS OF SERVICE," as Plaintiff Castillo cannot be expected to guess or speculate as to which "TERMS OF SERVICE" Google might be referring to in this Request. Plaintiff Castillo further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this

litigation. Plaintiff Castillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Castillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Castillo's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Castillo's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Castillo admits that, when he signed up for his Google Account, although he does not recall the exact details of the then-current Terms of Service, he indicated to Google that he generally agreed to Google's then-current Terms of Service—which incorporates the Google Chrome and Chrome OS Additional Terms of Service, the Chrome Privacy Notice, the Privacy Policy, the "Search & Browse Privately" page, and the Incognito Screen—and he recalls the disclosures promising that Google would not intercept and collect his private browsing activity, and did he not consent to that interception and collection. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU reviewed the GOOGLE PRIVACY POLICY before you first used INCOGNITO MODE.

**ORIGINAL RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff Castillo objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Castillo further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Castillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from,

analyzing, and monetizing Plaintiff Castillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Castillo's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Castillo's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Castillo admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. To the extent Google's defined "Google Privacy Policy" is applicable, it did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise Denied.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff Castillo objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Castillo further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Castillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Castillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Castillo's (and class members') private browsing information would not be collected by Google.

Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Castillo's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Castillo admits that he believes that he reviewed the then-current Google Privacy Policy before he first used Incognito Mode, and he recalls reviewing the Incognito Splash Screen before he first used Incognito Mode and each time thereafter, and neither the Google Privacy Policy nor the Incognito Splash Screen stated that Google would intercept and collect his private browsing activity. Plaintiff Castillo did not consent to that interception and collection of his private browsing activity. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU have never indicated to Google that YOU did not agree to the GOOGLE PRIVACY POLICY.

**ORIGINAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff Castillo objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Castillo further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Castillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Castillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Castillo's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Castillo's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Castillo admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. To the extent Google's defined "Google Privacy Policy" is applicable, it did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise Denied.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff Castillo objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Castillo further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Castillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Castillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Castillo's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Castillo's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Castillo admits that, prior to discovering this lawsuit, Plaintiff Castillo did not indicate to Google that he did not agree to the then-current Google Privacy Policy. However, Google's Privacy Policy does not disclose Google's alleged data collection while users are in private browsing mode, and he never consented to

Google's interception and collection of his private browsing activity. Plaintiff Castillo further states that this lawsuit put Google on notice that its continued interception and collection of his and Class Members' private browsing activity is without consent and contrary to the law. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the GOOGLE PRIVACY POLICY discloses that Google collects through its SERVICES the categories of Data that YOUR FAC alleges Google illegally "intercepted." *See, e.g.*, FAC ¶¶ 202-17.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that each GOOGLE PRIVACY POLICY YOU reviewed disclosed that Google collects information about users' visits to websites that use Google's services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the GOOGLE PRIVACY POLICY does not represent that using private browsing mode will prevent Google from receiving information through its SERVICES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that, during the CLASS PERIOD, YOU were aware that "Google collects information about the web-browsing activity of users who are <u>not</u> in 'private browsing mode.'" *See* FAC ¶ 163.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff Castillo admits that he was aware that Google was online collecting data sometimes, when he was not browsing in private mode, but did not understand exactly how. Otherwise denied.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that the websites may record data associated with your visit (for example, on the websites' servers), including the webpages YOU viewed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that your alleged COMMUNICATIONS with the websites might be recorded by the websites (for example, on the websites' servers).

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that your alleged COMMUNICATIONS with the websites might be visible to YOUR internet service provider.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, during the CLASS PERIOD, you understood the terms "private browsing" and "browse privately" in the Google disclosures that YOU allege YOU reviewed did not mean that your internet browsing activity would be completely private from everyone.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiff Castillo admits that, when he visited websites using Chrome in Incognito mode, his activity might still be visible to those websites, his employer or school, and/or his internet service provider. Plaintiff Castillo did not, however, consent to Google's interception of that activity. Otherwise denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that when YOU browsed the web in Incognito mode, YOU understood that cookies could still be placed on YOUR browser and would be deleted when YOU closed YOUR Incognito window or tab.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, when YOU browsed the web in Incognito mode, YOU understood that YOUR activity might still be visible to the websites YOU visited and YOUR internet service provider.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Plaintiff Castillo admits that, when he visited websites using Chrome in Incognito mode, his activity might still be visible to those websites. Plaintiff Castillo further admits that, when he visited websites using Chrome in Incognito mode, his activity might still be visible to his internet service provider. Plaintiff Castillo did not, however, consent to Google's interception of that activity. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the INCOGNITO NOTICE does not represent that Incognito mode prevents Google from collecting the information that you allege Google illegally "intercepted."

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU became "aware that [YOU are] able to sell [YOUR] own personal data, via other websites such as Killi," *see* FAC ¶¶ 170,175, 180, 185, 190, only after YOU retained YOUR counsel in this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Google's alleged conduct has not affected YOUR alleged ability "to sell [YOUR] own personal data, via other websites such as Killi." *See* FAC ¶¶ 170, 175, 180, 185, 190.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU did not download and install Google's Analytics Opt-Out Browser Add-on available at https://tools.google.com/dlpage/gaoptout.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Plaintiff Castillo objects to this Request to the extent it purports to suggest that either downloading and/or installing Google's Analytics Opt-Out Browser Add-on is a necessary predicate for any claim in this litigation. Plaintiff Castillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Castillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Castillo's (and class members') private browsing information would not be collected by Google. Users did not need to download and/or install Google's Analytics Opt-Out Browser to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Castillo admits that he did not download or install Google's Analytics Opt-Out Browser Add-on, but this did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU did not change the default cookie settings on your browser.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Plaintiff Castillo objects to this Request to the extent it purports to suggest that review of changing the "default cookie settings" on the browser is a necessary predicate for any claim in this litigation. Plaintiff Castillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Castillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Castillo's (and class members') private browsing information would not be collected by Google. Users did not need to change the "default cookie settings" on their browser to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Castillo admits that he did not change the "default cookie settings" on his browser, but this did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU did not opt out of ad personalization at https://adssettings.google.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Plaintiff Castillo objects to this Request to the extent it purports to suggest that opting out of ad personalization at https://adssettings.google.com is a necessary predicate for any claim in this litigation. Plaintiff Castillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Castillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Castillo's (and class members') private browsing information would not be collected by Google. Users did not need to opt out of ad personalization at https://adssettings.google.com to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Castillo admits that he did not opt out of ad personalization at https://adssettings.google.com, but this did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU did not retain any information identifying the cookies Google allegedly set on your browser while YOU were private browsing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

While browsing privately, Plaintiff Castillo admits that he was not aware that Google was placing cookies on his browser, therefore Plaintiff Castillo could not have retained any information identifying the cookies Google placed. Plaintiff Castillo's claims are about Google Analytics. Any cookie data that is collected by Google would be in Google's possession, and not on Plaintiff Castillo's devices. Regardless, Google has yet to disclose to Plaintiff Castillo how exactly it is collecting and using Plaintiff Castillo's data in private browsing. Otherwise denied.

Dated: May 24, 2021

**MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I, Jennifer Cabezas, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On May 24, 2021, I served the following document described as:

**Plaintiff's Amended Objections and Responses to Defendant's Second Set of Requests for Admission**

By electronic mail transmission from jcabezas@forthepeople.com on May 24, 2021, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor

Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorneys for Defendant*

Executed on May 24, 2021, at Tampa, Florida.


*/s/ Jennifer Cabezas*
Jennifer Cabezas

# EXHIBIT 8

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

                            Plaintiffs,

        v.

GOOGLE LLC,

                            Defendant.

Case No.  5:20-cv-03664-LHK-SVK

**PLAINTIFF JEREMY DAVIS' AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND SET OF REQUESTS FOR ADMISSION**

        Pursuant to Federal Rule of Civil Procedure Rule 36, Plaintiff Jeremy Davis ("Davis") hereby objects and responds to Defendant's, Google LLC ("Google"), Second Set of Requests for Admission (Nos. 2–21). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Davis' knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Davis may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Davis reserves all rights to supplement and amend his objections and responses accordingly.

**REQUEST FOR ADMISSION NO. 2:**

        Admit that, when YOU signed up for YOUR GOOGLE ACCOUNT, YOU indicated to Google that YOU agreed to Google's then-current TERMS OF SERVICE.

**ORIGINAL RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

        Plaintiff Davis objects to this Request as vague and overly broad to the extent Google relies on the undefined, capitalized term "TERMS OF SERVICE," as Plaintiff Davis cannot be expected to guess or speculate as to which "TERMS OF SERVICE" Google might be referring to in this

Request. Plaintiff Davis further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Davis' allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Davis' (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Davis' (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Davis' knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Davis admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google's representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint, which made clear that he was in "control" of what information Google collects. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. To the extent Google's defined "Google Privacy Policy" is applicable, it did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise Denied.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff Davis objects to this Request as vague and overly broad to the extent Google relies on the undefined, capitalized term "TERMS OF SERVICE," as Plaintiff Davis cannot be expected to guess or speculate as to which "TERMS OF SERVICE" Google might be referring to in this Request. Plaintiff Davis further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Davis' allegations relate to Google's conduct of secretly and unlawfully

intercepting, collecting data from, analyzing, and monetizing Plaintiff Davis' (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Davis' (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Davis' knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Davis admits that, when he signed up for his Google Account, although he does not recall the exact details of the then-current Terms of Service, he indicated to Google that he generally agreed to Google's then-current Terms of Service—which incorporates the Google Chrome and Chrome OS Additional Terms of Service, the Chrome Privacy Notice, the Privacy Policy, the "Search & Browse Privately" page, and the Incognito Screen—and he recalls the disclosures promising that Google would not intercept and collect his private browsing activity, and did he not consent to that interception and collection. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU reviewed the GOOGLE PRIVACY POLICY before you first used INCOGNITO MODE.

**ORIGINAL RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff Davis objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Davis further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Davis' allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Davis' (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito

private browsing mode) that private browsing mode was private and that Plaintiff Davis' (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Davis' knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Davis admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. To the extent Google's defined "Google Privacy Policy" is applicable, it did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise Denied.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff Davis objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Davis further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Davis' allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Davis' (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Davis' (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best

of Plaintiff Davis' knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Davis admits that he believes that he reviewed the then-current Google Privacy Policy before he first used Incognito Mode, and he recalls reviewing the Incognito Splash Screen before he first used Incognito Mode and each time thereafter, and neither the Google Privacy Policy nor the Incognito Splash Screen stated that Google would intercept and collect his private browsing activity. Plaintiff Davis did not consent to that interception and collection of his private browsing activity. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU have never indicated to Google that YOU did not agree to the GOOGLE PRIVACY POLICY.

**ORIGINAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff Davis objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Davis further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Davis' allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Davis' (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Davis' (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Davis' knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Davis admits that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations

that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. To the extent Google's defined "Google Privacy Policy" is applicable, it did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise Denied.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff Davis objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Davis further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Davis' allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Davis' (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Davis' (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Davis' knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Davis admits that, prior to discovering this lawsuit, Plaintiff Davis did not indicate to Google that he did not agree to the then-current Google Privacy Policy. However, Google's Privacy Policy does not disclose Google's alleged data collection while users are in private browsing mode, and he never consented to Google's interception and collection of his private browsing activity. Plaintiff Davis further states

that this lawsuit put Google on notice that its continued interception and collection of his and Class Members' private browsing activity is without consent and contrary to the law. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the GOOGLE PRIVACY POLICY discloses that Google collects through its SERVICES the categories of Data that YOUR FAC alleges Google illegally "intercepted." *See, e.g.*, FAC ¶¶ 202-17.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that each GOOGLE PRIVACY POLICY YOU reviewed disclosed that Google collects information about users' visits to websites that use Google's services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the GOOGLE PRIVACY POLICY does not represent that using private browsing mode will prevent Google from receiving information through its SERVICES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that, during the CLASS PERIOD, YOU were aware that "Google collects information about the web-browsing activity of users who are <u>not</u> in 'private browsing mode.'" *See* FAC ¶ 163.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff Davis admits that he was aware that Google was online collecting data sometimes, when he was not browsing in private mode, but did not understand exactly how. Otherwise denied.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that the websites may record data associated with your visit (for example, on the websites' servers), including the webpages YOU viewed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that your alleged COMMUNICATIONS with the websites might be recorded by the websites (for example, on the websites' servers).

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that your alleged COMMUNICATIONS with the websites might be visible to YOUR internet service provider.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, during the CLASS PERIOD, you understood the terms "private browsing" and "browse privately" in the Google disclosures that YOU allege YOU reviewed did not mean that your internet browsing activity would be completely private from everyone.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiff Davis admits that, when he visited websites using Chrome in Incognito mode, his activity might still be visible to those websites, his employer or school, and/or his internet service provider. Plaintiff Davis did not, however, consent to Google's interception of that activity. Otherwise denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that when YOU browsed the web in Incognito mode, YOU understood that cookies could still be placed on YOUR browser and would be deleted when YOU closed YOUR Incognito window or tab.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, when YOU browsed the web in Incognito mode, YOU understood that YOUR activity might still be visible to the websites YOU visited and YOUR internet service provider.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Plaintiff Davis admits that, when he visited websites using Chrome in Incognito mode, his activity might still be visible to those websites. Plaintiff Davis further admits that, when he visited websites using Chrome in Incognito mode, his activity might still be visible to his internet service provider. Plaintiff Davis did not, however, consent to Google's interception of that activity. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the INCOGNITO NOTICE does not represent that Incognito mode prevents Google from collecting the information that you allege Google illegally "intercepted."

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU became "aware that [YOU are] able to sell [YOUR] own personal data, via other websites such as Killi," *see* FAC ¶¶ 170,175, 180, 185, 190, only after YOU retained YOUR counsel in this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Google's alleged conduct has not affected YOUR alleged ability "to sell [YOUR] own personal data, via other websites such as Killi." *See* FAC ¶¶ 170, 175, 180, 185, 190.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU did not download and install Google's Analytics Opt-Out Browser Add-on available at https://tools.google.com/dlpage/gaoptout.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Plaintiff Davis objects to this Request to the extent it purports to suggest that either downloading and/or installing Google's Analytics Opt-Out Browser Add-on is a necessary predicate for any claim in this litigation. Plaintiff Davis' allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Davis' (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Davis' (and class members') private browsing information would not be collected by Google. Users did not need to download and/or install Google's Analytics Opt-Out Browser to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Davis admits that he did not download or install Google's Analytics Opt-Out Browser Add-on, but this did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU did not change the default cookie settings on your browser.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Plaintiff Davis objects to this Request to the extent it purports to suggest that review of changing the "default cookie settings" on the browser is a necessary predicate for any claim in this litigation. Plaintiff Davis' allegations relate to Google's conduct of secretly and unlawfully

intercepting, collecting data from, analyzing, and monetizing Plaintiff Davis' (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Davis' (and class members') private browsing information would not be collected by Google. Users did not need to change the "default cookie settings" on their browser to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Davis admits that he did not change the "default cookie settings" on his browser, but this did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU did not opt out of ad personalization at https://adssettings.google.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Plaintiff Davis objects to this Request to the extent it purports to suggest that opting out of ad personalization at https://adssettings.google.com is a necessary predicate for any claim in this litigation. Plaintiff Davis' allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Davis' (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Davis' (and class members') private browsing information would not be collected by Google. Users did not need to opt out of ad personalization at https://adssettings.google.com to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Davis admits that he did not opt out of ad personalization at https://adssettings.google.com, but this did not provide consent to Google's conduct alleged in the First Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU did not retain any information identifying the cookies Google allegedly set on your browser while YOU were private browsing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

While browsing privately, Plaintiff Davis admits that he was not aware that Google was placing cookies on his browser, therefore Plaintiff Davis could not have retained any information identifying the cookies Google placed. Plaintiff Davis' claims are about Google Analytics. Any cookie data that is collected by Google would be in Google's possession, and not on Plaintiff Davis' devices. Regardless, Google has yet to disclose to Plaintiff Davis how exactly it is collecting and using Plaintiff Davis' data in private browsing. Otherwise denied.

Dated: May 24, 2021

**MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I, Jennifer Cabezas, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On May 24, 2021, I served the following document described as:

**Plaintiff's Amended Objections and Responses to Defendant's Second Set of Requests for Admission**

By electronic mail transmission from jcabezas@forthepeople.com on May 24, 2021, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor

Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorneys for Defendant*

   Executed on May 24, 2021, at Tampa, Florida.


                   */s/ Jennifer Cabezas*
                   Jennifer Cabezas

# EXHIBIT 9

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

                Plaintiffs,

  v.

GOOGLE LLC,

                Defendant.

Case No.  5:20-cv-03664-LHK-SVK

**PLAINTIFF MONIQUE TRUJILLO'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST AND SECOND SETS OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rule of Civil Procedure Rule 36, Plaintiff Monique Trujillo ("Trujillo") hereby objects and responds to Defendant's, Google LLC ("Google"), First and Second Sets of Requests for Admission (Nos. 1–21). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Trujillo's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Trujillo may become aware of additional facts or evidence and her analysis of the case may change. Plaintiff Trujillo reserves all rights to supplement and amend her objections and responses accordingly.

**REQUEST FOR ADMISSION NO. 1:**

Admit that, when YOU signed up for YOUR Google Account, YOU reviewed and consented to the GOOGLE PRIVACY POLICY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff Trujillo objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Trujillo's allegations relate to Google's conduct of secretly and unlawfully intercepting,

collecting data from, analyzing, and monetizing Plaintiff Trujillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Trujillo's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Trujillo's knowledge, she has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Trujillo admits that, when she opened her Google Account, although she does not recall exact details of the then-current Privacy Policy, she reviewed and generally consented to the then-current Privacy Policy, and she recalls the disclosures in the Privacy Policy promising that Google would not intercept and collect her private browsing activity, and she did not consent to that interception and collection. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 2:**

Admit that, when YOU signed up for YOUR GOOGLE ACCOUNT, YOU indicated to Google that YOU agreed to Google's then-current TERMS OF SERVICE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff Trujillo objects to this Request as vague and overly broad to the extent Google relies on the undefined, capitalized term "TERMS OF SERVICE," as Plaintiff Trujillo cannot be expected to guess or speculate as to which "TERMS OF SERVICE" Google might be referring to in this Request. Plaintiff Trujillo further objects to this Request to the extent it purports to suggest that review of and consent to Google's Terms of Service is a necessary predicate for any claim in this litigation. Plaintiff Trujillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Trujillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Trujillo's (and class members') private browsing

information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Trujillo's knowledge, she has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Trujillo admits that, when she signed up for her Google Account, although she does not recall the exact details of the then-current Terms of Service, she indicated to Google that she generally agreed to Google's then-current Terms of Service—which incorporates the Google Chrome and Chrome OS Additional Terms of Service, the Chrome Privacy Notice, the Privacy Policy, the "Search & Browse Privately" page, and the Incognito Screen—and she recalls the disclosures promising that Google would not intercept and collect her private browsing activity, and did she not consent to that interception and collection. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU reviewed the GOOGLE PRIVACY POLICY before you first used INCOGNITO MODE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff Trujillo objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Trujillo further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Trujillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Trujillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Trujillo's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise.

Further, to the best of Plaintiff Trujillo's knowledge, she has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Trujillo admits that she is not sure whether she reviewed the then-current Google Privacy Policy before she first used Incognito Mode, but she did review the Incognito Splash Screen before she first used Incognito Mode and each time thereafter, which did not state that Google would intercept and collect her private browsing activity. Plaintiff Trujillo did not consent to that interception and collection of her private browsing activity. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU have never indicated to Google that YOU did not agree to the GOOGLE PRIVACY POLICY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff Trujillo objects to this Request as vague and overly broad to the extent Google has defined the GOOGLE PRIVACY POLICY to include the policy available at https://policies.google.com/privacy "and any prior version of this policy." Plaintiff Trujillo further objects to this Request to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation. Plaintiff Trujillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Trujillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Trujillo's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff Trujillo's knowledge, she has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Trujillo admits that, prior to filing this lawsuit, she did not indicate to Google that she did not agree to the then-current Google

Privacy Policy. However, Google's Privacy Policy does not disclose Google's alleged data collection while users are in private browsing mode, and she never consented to Google's interception and collection of her private browsing activity. Plaintiff Trujillo further states that this lawsuit put Google on notice that its continued interception and collection of her and Class Members' private browsing activity is without consent and contrary to the law. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the GOOGLE PRIVACY POLICY discloses that Google collects through its SERVICES the categories of Data that YOUR SAC alleges Google illegally "intercepted." *See, e.g.*, SAC ¶¶ 202-17.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that each GOOGLE PRIVACY POLICY YOU reviewed disclosed that Google collects information about users' visits to websites that use Google's services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the GOOGLE PRIVACY POLICY does not represent that using private browsing mode will prevent Google from receiving information through its SERVICES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that, during the CLASS PERIOD, YOU were aware that "Google collects information about the web-browsing activity of users who are <u>not</u> in 'private browsing mode.'" *See* SAC ¶ 163.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff Trujillo admits that she was aware that Google was online collecting data sometimes, when she was not browsing in private mode, but did not understand exactly how. Otherwise denied.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that the websites may record data associated with your visit (for example, on the websites' servers), including the webpages YOU viewed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that your alleged COMMUNICATIONS with the websites might be recorded by the websites (for example, on the websites' servers).

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, when YOU visited websites using Chrome in Incognito mode, YOU were aware that your alleged COMMUNICATIONS with the websites might be visible to YOUR internet service provider.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, during the CLASS PERIOD, you understood the terms "private browsing" and "browse privately" in the Google disclosures that YOU allege YOU reviewed did not mean that your internet browsing activity would be completely private from everyone.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiff Trujillo admits that, when she visited websites using Chrome in Incognito mode, her activity might still be visible to those websites, her employer or school, and/or her internet service provider. Plaintiff Trujillo did not, however, consent to Google's interception of that activity. Otherwise denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that when YOU browsed the web in Incognito mode, YOU understood that cookies could still be placed on YOUR browser and would be deleted when YOU closed YOUR Incognito window or tab.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, when YOU browsed the web in Incognito mode, YOU understood that YOUR activity might still be visible to the websites YOU visited and YOUR internet service provider.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Plaintiff Trujillo admits that, when she visited websites using Chrome in Incognito mode, her activity might still be visible to those websites. Plaintiff Trujillo further admits that, when she visited websites using Chrome in Incognito mode, her activity might still be visible to her internet service provider. Plaintiff Trujillo did not, however, consent to Google's interception of that activity. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the INCOGNITO NOTICE does not represent that Incognito mode prevents Google from collecting the information that you allege Google illegally "intercepted."

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU became "aware that [YOU are] able to sell [YOUR] own personal data, via other websites such as Killi," *see* SAC ¶¶ 170,175, 180, 185, 190, only after YOU retained YOUR counsel in this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Google's alleged conduct has not affected YOUR alleged ability "to sell [YOUR] own personal data, via other websites such as Killi." *See* SAC ¶¶ 170, 175, 180, 185, 190.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU did not download and install Google's Analytics Opt-Out Browser Add-on available at https://tools.google.com/dlpage/gaoptout.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Plaintiff Trujillo objects to this Request to the extent it purports to suggest that either downloading and/or installing Google's Analytics Opt-Out Browser Add-on is a necessary predicate for any claim in this litigation. Plaintiff Trujillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Trujillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Trujillo's (and class members') private browsing information would not be collected by Google. Users did not need to download and/or install Google's Analytics Opt-Out Browser to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Trujillo admits that she did not download or install Google's Analytics Opt-Out Browser Add-on, but this did not provide consent to Google's conduct alleged in the Second Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU did not change the default cookie settings on your browser.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Plaintiff Trujillo objects to this Request to the extent it purports to suggest that review of changing the "default cookie settings" on the browser is a necessary predicate for any claim in this litigation. Plaintiff Trujillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Trujillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Trujillo's (and class members') private browsing information would not be collected by Google. Users did not need to change the "default cookie settings" on their browser to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Trujillo admits that she did not change the "default cookie settings" on her browser, but this did not provide consent to Google's conduct alleged in the Second Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU did not opt out of ad personalization at https://adssettings.google.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Plaintiff Trujillo objects to this Request to the extent it purports to suggest that opting out of ad personalization at https://adssettings.google.com is a necessary predicate for any claim in this litigation. Plaintiff Trujillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff Trujillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff Trujillo's (and class members') private browsing information would not be collected by Google. Users did not need to opt out of ad personalization at https://adssettings.google.com to browse privately, using Incognito mode or otherwise.

Notwithstanding and subject to these objections, Plaintiff Trujillo admits that she did not opt out of ad personalization at https://adssettings.google.com, but this did not provide consent to Google's conduct alleged in the Second Amended Complaint. Otherwise denied.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU did not retain any information identifying the cookies Google allegedly set on your browser while YOU were private browsing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

While browsing privately, Plaintiff Trujillo admits that she was not aware that Google was placing cookies on her browser, therefore Plaintiff Trujillo could not have retained any information identifying the cookies Google placed. Plaintiff Trujillo's claims are about Google Analytics. Any cookie data that is collected by Google would be in Google's possession, and not on Plaintiff Trujillo's devices. Regardless, Google has yet to disclose to Plaintiff Trujillo how exactly it is collecting and using Plaintiff Trujillo's data in private browsing. Otherwise denied.

Dated: June 7, 2021

**MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I, Ryan J. McGee, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On June 7, 2021, I served the following document described as:

**Plaintiff's Objections and Responses to Defendant's First and Second Sets of Requests for Admission**

By electronic mail transmission from rmcgee@forthepeople.com on June 7, 2021, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor

Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorneys for Defendant*

Executed on June 7, 2021, at Tampa, Florida.


*/s/ Ryan J. McGee*
Ryan J. McGee

# EXHIBIT 10

# Redacted Version of Document Sought to be Sealed

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

                        Plaintiffs,

        v.

GOOGLE LLC,

                        Defendant.

Case No.  5:20-cv-03664-LHK-SVK

### PLAINTIFF CHASOM BROWN'S VERIFIED AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S INTERROGATORIES 1, 4, AND 5

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Chasom Brown ("Brown") hereby objects and responds to Defendant's, Google LLC ("Google"), Interrogatories 1, 4, and 5. These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Brown's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Brown may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Brown reserves all rights to supplement and amend his objections and responses accordingly.

**INTERROGATORY NO. 1:**

Describe with particularity each time YOU reviewed the GOOGLE TERMS OF SERVICE, GOOGLE PRIVACY POLICY, MY GOOGLE ACTIVITY, CHROME INCOGNITO NOTICE, CHROME TERMS OF SERVICE, and/or CHROME PRIVACY NOTICE prior to the filing of the COMPLAINT and, if YOU reviewed such documents, on what date(s) and which version(s) YOU reviewed, and whether YOU reviewed the entire document(s) or only portion(s) of the document(s) (if only portion(s), describe with particularity which portion(s) you reviewed).

**ORIGINAL RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff Brown objects to Interrogatory No. 1 to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation and not proportional to the needs of this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting, analyzing, and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite Google's representations that Plaintiff Brown's (and class members') browsing information would not be saved.

Notwithstanding and subject to these objections, Plaintiff Brown responds that he reviewed the Chrome Incognito Notice (*i.e.*, the Incognito splash screen) and Google's representations contained therein each time he began a private browsing mode session in Chrome. Plaintiff Brown further responds that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations that she was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. He does not recall the exact dates he reviewed these disclosures. He likewise does not recall whether he reviewed the other disclosures included in this request, in part because, as described, he is not certain which specific disclosures they refer to.

**AMENDED RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff Brown objects to Interrogatory No. 1 to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation and not proportional to the needs of this litigation. Plaintiff Brown's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting, analyzing, and monetizing Plaintiff Brown's (and class members') browsing activity conducted in private browsing mode, despite

Google's representations that Plaintiff Brown's (and class members') browsing information would not be saved.

Notwithstanding and subject to these objections, Plaintiff Brown responds that he reviewed the Incognito splash screen and Google's representations contained therein each time he began a private browsing mode session in Chrome. Plaintiff Brown further responds that, at or around the time he opened his Google Account, which was in approximately ████, and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects, and to the best of his ability recalls receiving an update from Google Chrome that introduced him to the Incognito function that stated he could exercise such control by enabling private browsing mode. He does not recall the exact dates he reviewed these disclosures, or the exact portions of the disclosures reviewed, but believes it was in approximately ████ and he reviewed the Incognito splash screen each time he began a private browsing mode session in Chrome.

**INTERROGATORY NO. 4:**

Without limitation as to time period, describe with particularity all websites, applications, or other online services with which YOU voluntarily shared any DATA AT ISSUE.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff Brown objects to Interrogatory No. 4 as overly broad, vague, and not proportional to the needs of the litigation, considering Google requests each and every instance when Plaintiff Brown may have shared "data" with a website, application, or other online service, regardless of any time limitation, rendering this Interrogatory No. 4 not possible to fully and accurately answer. In addition, to the extent this request seeks information regarding "data" shared when private browsing mode was not enabled, it is irrelevant. On the basis of these objections, Plaintiff Brown does not intend to respond to Interrogatory No. 4, other than to say that he did not knowingly or voluntarily share any page views (*e.g.*, URL information) while private browsing mode was enabled. Given his uncertainty regarding the meaning of this Interrogatory, Plaintiff Brown is willing to meet and confer with Defendant regarding his objection.

CONFIDENTIAL

**AMENDED RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff Brown objects to Interrogatory No. 4 as overly broad, vague, and not proportional to the needs of the litigation, considering Google requests each and every instance when Plaintiff Brown may have shared "data" with a website, application, or other online service, regardless of any time limitation, rendering this Interrogatory No. 4 not possible to fully and accurately answer. In addition, to the extent this request seeks information regarding "data" shared when private browsing mode was not enabled, it is irrelevant.

Notwithstanding and subject to these objections, Plaintiff Brown states that, to the extent he can recall, during the Class Period the websites visited most, regardless of whether he was browsing in private browsing mode or not, include: ████████████████

████████████████     ████████████     ████████████████

████████████     ████████████     ████████████████

████████████     ████████████     ████████████████

Plaintiff Brown further states that, to the extent he can recall, during the Class Period the applications he most used include: ████████████████████████████████;

████████████████████████.

**INTERROGATORY NO. 5:**

Describe with particularity each time YOU used private browsing mode, including separately identifying for each time the following: the browser, the private browsing mode, the date and time, the device, the websites visited, how long each private browsing session lasted and YOUR location.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff Brown objects to Interrogatory No. 5 as overly broad, vague, and not proportional to the needs of the litigation, insofar as Google may be requesting particular details of dates, times, devices, websites visited, the duration of those visits, and Plaintiff Brown's location while engaged in these activities. Further, Plaintiff Brown chooses the private browsing mode because he does not want this activity tracked, recorded, or otherwise memorialized and, therefore, requiring

CONFIDENTIAL

Plaintiff Brown to recall the details sufficient to respond to Interrogatory No. 5 would be unreasonable and not proportional to the needs of the litigation. Further, according to Google's Motion to Dismiss, Google, unlike Plaintiff Brown, collects most if not all of the information requested. Accordingly, Google is in the best position to answer this Interrogatory since it is already in possession of this information.

Notwithstanding and subject to these objections, Plaintiff Brown responds that he used private browsing mode with the specific purpose of that activity not being tracked, recorded, or otherwise memorialized and, therefore, Plaintiff Brown cannot recall the particular details of each and every time he engaged in private browsing mode. Plaintiff Brown used Chrome's private browsing mode for approximately the last two years to browse ███████████████ ███████████████████████████████████████████████████████████ ████████████████████████████████ The vast majority of this private browsing activity was done in Chrome, but Plaintiff Brown may have tried the private browsing mode with Microsoft's web browser once or twice. The overwhelming majority of Plaintiff Brown's private browsing activity was done in ████████

**AMENDED RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff Brown objects to Interrogatory No. 5 as overly broad, vague, and not proportional to the needs of the litigation, insofar as Google may be requesting particular details of dates, times, devices, websites visited, the duration of those visits, and Plaintiff Brown's location while engaged in these activities. Further, Plaintiff Brown chooses the private browsing mode because he does not want this activity tracked, recorded, or otherwise memorialized and, therefore, requiring Plaintiff Brown to recall the details sufficient to respond to Interrogatory No. 5 would be unreasonable and not proportional to the needs of the litigation. Further, according to Google's Motion to Dismiss, Google, unlike Plaintiff Brown, collects most if not all of the information requested. Accordingly, Google is in the best position to answer this Interrogatory since it is already in possession of this information.

CONFIDENTIAL

Notwithstanding and subject to these objections, Plaintiff Brown responds that he used private browsing mode with the specific purpose of that activity not being tracked, recorded, or otherwise memorialized and, therefore, Plaintiff Brown cannot recall the particular details of each and every time he engaged in private browsing mode. Plaintiff Brown used Chrome's private browsing mode for approximately the last two years to browse ████████████ ████████ ██ ███ ████ ███ ██████ ████████████ ██████ ████ █ ███████████████████████████████████████████████████████████████ ████████████████ The vast majority of this private browsing activity was done in Chrome, but Plaintiff Brown may have tried the private browsing mode with Microsoft's web browser once or twice. The overwhelming majority of Plaintiff Brown's private browsing activity was done in ████████

1

## <u>VERIFICATION</u>

2

Under penalties of perjury, I declare that I have read the foregoing Answers to

3

Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

4

By: _____

5

Printed Name: Chasom Brown

6

Title: M r .

7

8

STATE OF _____

9

COUNTY OF _____

10

The foregoing instrument was acknowledged before me this _____ day of _____,

11

2021,  by  _____,  who  has  produced  as  identification

12

_____,  bearing  number  _____,  expiring

13

_____ and who did (did not) take an oath.

14

15

16

_____

17

NOTARY PUBLIC SIGNATURE

18

19

20

21

22

23

24

25

26

27

28

Dated: May 12, 2021                    **MORGAN & MORGAN**

                                       */s/ John A. Yanchunis*

                                       John A. Yanchunis (*pro hac vice*)
                                       Ryan J. McGee (*pro hac vice*)
                                       **MORGAN & MORGAN**
                                       201 N. Franklin Street, 7th Floor
                                       Tampa, FL 33602
                                       Tel.: (813) 223-5505
                                       Fax: (813) 222-4736
                                       jyanchunis@forthepeople.com
                                       rmcgee@forthepeople.com

                                       Mark C. Mao, CA Bar No. 236165
                                       Sean P. Rodriguez, CA Bar No. 262437
                                       Beko Richardson, CA Bar No. 238027
                                       **BOIES SCHILLER FLEXNER LLP**
                                       44 Montgomery St., 41st Floor
                                       San Francisco, CA 94104
                                       Tel.: (415) 293-6800
                                       Fax: (415) 293-6899
                                       mmao@bsfllp.com
                                       srodriguez@bsfllp.com
                                       brichardson@bsfllp.com

                                       James Lee (admitted *pro hac vice*)
                                       Rossana Baeza (admitted *pro hac vice*)
                                       **BOIES SCHILLER FLEXNER LLP**
                                       100 SE 2nd St., 28th Floor
                                       Miami, FL 33131
                                       Tel.: (305) 539-8400
                                       Fax: (303) 539-1307
                                       jlee@bsfllp.com
                                       rbaeza@bsfllp.com

                                       William S. Carmody
                                       Shawn Rabin
                                       Steven M. Shepard
                                       **SUSMAN GODFREY L.L.P.**
                                       1301 Avenue of the Americas, 32nd Floor
                                       New York, New York 10019-6023
                                       Telephone: (212) 336-8330
                                       Facsimile: (212) 336-8340

                                       Amanda K. Bonn (270891)
                                       **SUSMAN GODFREY L.L.P.**
                                       1900 Avenue of the Stars, Suite 1400
                                       Los Angeles, California 90067
                                       Telephone: (310) 789-3100
                                       Facsimile: (310) 789-3150

1

*Attorneys for Plaintiffs*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Ryan J. McGee, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On May 12, 2021, I served the following document described as:

**Plaintiff's Verified Amended Objections and Responses to Defendant's Interrogatories 1, 4, and 5.**

By electronic mail transmission from rmcgee@forthepeople.com on May 12, 2021, by transmitting a PDF format copy of such document to each such person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650-801-5000

Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorney for Defendant*

Executed on May 12, 2021, at Tampa, Florida.

/s/ Ryan J. McGee
Ryan J. McGee, Esq.

# EXHIBIT 11

# Redacted Version of Document Sought to be Sealed

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

Case No.  5:20-cv-03664-LHK-SVK

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

**PLAINTIFF WILLIAM BYATT'S VERIFIED AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S INTERROGATORIES 1, 4, AND 5**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff William Byatt ("Byatt") hereby objects and responds to Defendant's, Google LLC ("Google"), Interrogatories 1, 4, and 5. These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Byatt's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Byatt may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Byatt reserves all rights to supplement and amend his objections and responses accordingly.

**INTERROGATORY NO. 1:**

Describe with particularity each time YOU reviewed the GOOGLE TERMS OF SERVICE, GOOGLE PRIVACY POLICY, MY GOOGLE ACTIVITY, CHROME INCOGNITO NOTICE, CHROME TERMS OF SERVICE, and/or CHROME PRIVACY NOTICE prior to the filing of the COMPLAINT and, if YOU reviewed such documents, on what date(s) and which version(s) YOU reviewed, and whether YOU reviewed the entire document(s) or only portion(s) of the document(s) (if only portion(s), describe with particularity which portion(s) you reviewed).

**ORIGINAL RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff Byatt objects to Interrogatory No. 1 to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation and not proportional to the needs of this litigation. Plaintiff Byatt's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting, analyzing, and monetizing Plaintiff Byatt's (and class members') browsing activity conducted in private browsing mode, despite Google's representations that Plaintiff Byatt's (and class members') browsing information would not be saved.

Notwithstanding and subject to these objections, Plaintiff Byatt responds that he reviewed the Chrome Incognito Notice (*i.e.*, the Incognito splash screen) and Google's representations contained therein each time he began a private browsing mode session in Chrome. Plaintiff Byatt further responds that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (*i.e.*, the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. He does not recall the exact dates he reviewed these disclosures. He likewise does not recall whether he reviewed the other disclosures included in this request, in part because, as described, he is not certain which specific disclosures they refer to.

**AMENDED RESONSE TO INTERROGATORY NO. 1:**

Plaintiff Byatt objects to Interrogatory No. 1 to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation and not proportional to the needs of this litigation. Plaintiff Byatt's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting, analyzing, and monetizing Plaintiff Byatt's (and class members') browsing activity conducted in private browsing mode, despite

Google's representations that Plaintiff Byatt's (and class members') browsing information would not be saved.

Notwithstanding and subject to these objections, Plaintiff Byatt responds that he reviewed the Incognito splash screen and Google's representations contained therein each time he began a private browsing mode session in Chrome. Plaintiff Byatt further responds that, at or around the time he opened his Google Account i███████and at times thereafter, he reviewed Google representations in Google's Terms of Service and Chrome Policy that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode. He does not recall the exact dates he reviewed these disclosures, or the exact portions of the disclosures reviewed, but he occasionally reviewed the disclosures when they were updated, and he does not recall any disclosures that stated Google would continue to collect his information when he entered private browsing mode or that he was not in control of his data, and he reviewed the Incognito splash screen each time he began a private browsing mode session in Chrome.

**INTERROGATORY NO. 4:**

Without limitation as to time period, describe with particularity all websites, applications, or other online services with which YOU voluntarily shared any DATA AT ISSUE.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff Byatt objects to Interrogatory No. 4 as overly broad, vague, and not proportional to the needs of the litigation, considering Google requests each and every instance when Plaintiff Byatt may have shared "data" with a website, application, or other online service, regardless of any time limitation, rendering this Interrogatory No. 4 not possible to fully and accurately answer. In addition, to the extent this request seeks information regarding "data" shared when private browsing mode was not enabled, it is irrelevant. On the basis of these objections, Plaintiff Byatt does not intend to respond to Interrogatory No. 4, other than to say that he did not knowingly or voluntarily share any page views (*e.g.*, URL information) while private browsing mode was enabled. Given his uncertainty regarding the meaning of this Interrogatory, Plaintiff Byatt is willing to meet and confer with Defendant regarding his objection.

# CONFIDENTIAL

**AMENDED RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff Byatt objects to Interrogatory No. 4 as overly broad, vague, and not proportional to the needs of the litigation, considering Google requests each and every instance when Plaintiff Byatt may have shared "data" with a website, application, or other online service, regardless of any time limitation, rendering this Interrogatory No. 4 not possible to fully and accurately answer. In addition, to the extent this request seeks information regarding "data" shared when private browsing mode was not enabled, it is irrelevant.

Notwithstanding and subject to these objections, Plaintiff Byatt states that, to the extent he can recall, during the Class Period the websites visited most, regardless of whether he was browsing in private browsing mode or not, include:

Plaintiff Byatt further states that, to the extent he can recall, during the Class Period the applications he most used include:

**INTERROGATORY NO. 5:**

Describe with particularity each time YOU used private browsing mode, including separately identifying for each time the following: the browser, the private browsing mode, the date and time, the device, the websites visited, how long each private browsing session lasted and YOUR location.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff Byatt objects to Interrogatory No. 5 as overly broad, vague, and not proportional to the needs of the litigation, insofar as Google may be requesting particular details of dates, times, devices, websites visited, the duration of those visits, and Plaintiff Byatt's location while engaged in these activities. Further, Plaintiff Byatt chooses the private browsing mode because he does not want this activity tracked, recorded, or otherwise memorialized and, therefore, requiring Plaintiff

# CONFIDENTIAL

Byatt to recall the details sufficient to respond to Interrogatory No. 5 would be unreasonable and not proportional to the needs of the litigation. Further, according to Google's Motion to Dismiss, Google, unlike Plaintiff Byatt, collects most if not all of the information requested. Accordingly, Google is in the best position to answer this Interrogatory since it is already in possession of this information.

Notwithstanding and subject to these objections, Plaintiff Byatt responds that he used private browsing mode with the specific purpose of that activity not being tracked, recorded, or otherwise memorialized and, therefore, Plaintiff Byatt cannot recall the particular details of each and every time he engaged in private browsing mode. Plaintiff Byatt used Chrome's private browsing mode, and recalls using the Chrome private browsing mode to browse ████████████. The overwhelming majority of this private browsing activity was done in Chrome, but Plaintiff Byatt may have browsed privately in Firefox, but cannot recall any specific details of that activity. The majority of Plaintiff Byatt's private browsing activity was done in █████.

**AMENDED RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff Byatt objects to Interrogatory No. 5 as overly broad, vague, and not proportional to the needs of the litigation, insofar as Google may be requesting particular details of dates, times, devices, websites visited, the duration of those visits, and Plaintiff Byatt's location while engaged in these activities. Further, Plaintiff Byatt chooses the private browsing mode because he does not want this activity tracked, recorded, or otherwise memorialized and, therefore, requiring Plaintiff Byatt to recall the details sufficient to respond to Interrogatory No. 5 would be unreasonable and not proportional to the needs of the litigation. Further, according to Google's Motion to Dismiss, Google, unlike Plaintiff Byatt, collects most if not all of the information requested. Accordingly, Google is in the best position to answer this Interrogatory since it is already in possession of this information.

Notwithstanding and subject to these objections, Plaintiff Byatt responds that he used private browsing mode with the specific purpose of that activity not being tracked, recorded, or

## CONFIDENTIAL

otherwise memorialized and, therefore, Plaintiff Byatt cannot recall the particular details of each and every time he engaged in private browsing mode. Plaintiff Byatt used Chrome's private browsing mode, and recalls using the Chrome private browsing mode to browse ████████

████████████████████████████████████████████████████████████████████

████████████████ The overwhelming majority of this private browsing activity was done in Chrome, but Plaintiff Byatt may have browsed privately in Firefox, but cannot recall any specific details of that activity. The majority of Plaintiff Byatt's private browsing activity was done in ████████

**VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: _____

Printed Name: William J Byatt _____

Title: _____

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2021, by _____, who has produced as identification _____, bearing number _____, expiring _____ and who did (did not) take an oath.

_____

NOTARY PUBLIC SIGNATURE

Dated: May 12, 2021                    **MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I, Ryan J. McGee, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On May 12, 2021, I served the following document described as:

**Plaintiff's Verified Amended Objections and Responses to Defendant's Interrogatories 1, 4, and 5.**

By electronic mail transmission from rmcgee@forthepeople.com on May 12, 2021, by transmitting a PDF format copy of such document to each such person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650-801-5000

Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorney for Defendant*

      Executed on May 12, 2021, at Tampa, Florida.

                */s/ Ryan J. McGee*
                Ryan J. McGee, Esq.

# EXHIBIT 12

# Redacted Version of Document Sought to be Sealed

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

               Plaintiffs,

v.

GOOGLE LLC,

               Defendant.

Case No.  5:20-cv-03664-LHK-SVK

**PLAINTIFF CHRISTOPHER CASTILLO'S VERIFIED AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S INTERROGATORIES 1, 4, AND 5**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Christopher Castillo ("Castillo") hereby objects and responds to Defendant's, Google LLC ("Google"), Interrogatories 1, 4, and 5. These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Castillo's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Castillo may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Castillo reserves all rights to supplement and amend his objections and responses accordingly.

**INTERROGATORY NO. 1:**

Describe with particularity each time YOU reviewed the GOOGLE TERMS OF SERVICE, GOOGLE PRIVACY POLICY, MY GOOGLE ACTIVITY, CHROME INCOGNITO NOTICE, CHROME TERMS OF SERVICE, and/or CHROME PRIVACY NOTICE prior to the filing of the COMPLAINT and, if YOU reviewed such documents, on what date(s) and which version(s) YOU reviewed, and whether YOU reviewed the entire document(s) or only portion(s) of the document(s) (if only portion(s), describe with particularity which portion(s) you reviewed).

**ORIGINAL RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff Castillo objects to Interrogatory No. 1 to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation and not proportional to the needs of this litigation. Plaintiff Castillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting, analyzing, and monetizing Plaintiff Castillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations that Plaintiff Castillo's (and class members') browsing information would not be saved.

Notwithstanding and subject to these objections, Plaintiff Castillo responds that he reviewed the Chrome Incognito Notice (i.e., the Incognito splash screen) and Google's representations contained therein each time he began a private browsing mode session in Chrome. Plaintiff Castillo further responds that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. He does not recall the exact dates he reviewed these disclosures. He likewise does not recall whether he reviewed the other disclosures included in this request, in part because, as described, he is not certain which specific disclosures they refer to.

**AMENDED RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff Castillo objects to Interrogatory No. 1 to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation and not proportional to the needs of this litigation. Plaintiff Castillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting, analyzing, and monetizing Plaintiff Castillo's (and class members') browsing activity conducted in private browsing mode,

despite Google's representations that Plaintiff Castillo's (and class members') browsing information would not be saved.

Notwithstanding and subject to these objections, Plaintiff Castillo responds that he reviewed the Incognito splash screen and Google's representations contained therein each time he began a private browsing mode session in Chrome. Plaintiff Castillo further responds that, at or around the time he opened his Google Account in approximatel█████nd at times thereafter, he reviewed Google representations in Google's Privacy Policy and Chrome Policy that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode. He does not recall the exact dates he reviewed these disclosures, but the disclosures he recalls reviewing were substantially similar to the disclosures stating that he was in control of his data, and he reviewed the Incognito splash screen each time he began a private browsing mode session in Chrome.

**INTERROGATORY NO. 4:**

Without limitation as to time period, describe with particularity all websites, applications, or other online services with which YOU voluntarily shared any DATA AT ISSUE.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff Castillo objects to Interrogatory No. 4 as overly broad, vague, and not proportional to the needs of the litigation, considering Google requests each and every instance when Plaintiff Castillo may have shared "data" with a website, application, or other online service, regardless of any time limitation, rendering this Interrogatory No. 4 not possible to fully and accurately answer. In addition, to the extent this request seeks information regarding "data" shared when private browsing mode was not enabled, it is irrelevant. On the basis of these objections, Plaintiff Castillo does not intend to respond to Interrogatory No. 4, other than to say that he did not knowingly or voluntarily share any page views (*i.e.*, URL information) while private browsing mode was enabled. Given his uncertainty regarding the meaning of this Interrogatory, Plaintiff Castillo is willing to meet and confer with Defendant regarding his objection.

## CONFIDENTIAL

**AMENDED RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff Castillo objects to Interrogatory No. 4 as overly broad, vague, and not proportional to the needs of the litigation, considering Google requests each and every instance when Plaintiff Castillo may have shared "data" with a website, application, or other online service, regardless of any time limitation, rendering this Interrogatory No. 4 not possible to fully and accurately answer. In addition, to the extent this request seeks information regarding "data" shared when private browsing mode was not enabled, it is irrelevant.

Notwithstanding and subject to these objections, Plaintiff Castillo states that, to the extent he can recall, during the Class Period the websites he visited most, regardless of whether he was browsing in private browsing mode or not, include:

Plaintiff Castillo further states that, to the extent he can recall, during the Class Period the applications he used most include:

**INTERROGATORY NO. 5:**

Describe with particularity each time YOU used private browsing mode, including separately identifying for each time the following: the browser, the private browsing mode, the date and time, the device, the websites visited, how long each private browsing session lasted and YOUR location.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff Castillo objects to Interrogatory No. 5 as overly broad, vague, and not proportional to the needs of the litigation, insofar as Google may be requesting particular details of dates, times, devices, websites visited, the duration of those visits, and Plaintiff Castillo's location while

CONFIDENTIAL

engaged in these activities. Further, Plaintiff Castillo chooses the private browsing mode because he does not want this activity tracked, recorded, or otherwise memorialized and, therefore, requiring Plaintiff Castillo to recall the details sufficient to respond to Interrogatory No. 5 would be unreasonable and not proportional to the needs of the litigation. Further, according to Google's Motion to Dismiss, Google, unlike Plaintiff Castillo, collects most if not all of the information requested. Accordingly, Google is in the best position to answer this Interrogatory since it is already in possession of this information.

Notwithstanding and subject to these objections, Plaintiff Castillo responds that he used private browsing mode with the specific purpose of that activity not being tracked, recorded, or otherwise memorialized and, therefore, Plaintiff Castillo cannot recall the particular details of each and every time he engaged in private browsing mode. Plaintiff Castillo used Chrome's private browsing mode, and recalls using the Chrome private browsing mode in approximately ███ and ███ to browse ██████████████████████████ on his desktop computer and phone. Also, more recently Plaintiff Castillo used Chrome's private browsing mode to ███ ████████████████████████████████████████████████ ████████████████████ Otherwise, Plaintiff Castillo occasionally uses Chrome's private browsing mode to ████████████████████ The majority of Plaintiff Castillo's private browsing activity was done in ████████.

**AMENDED RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff Castillo objects to Interrogatory No. 5 as overly broad, vague, and not proportional to the needs of the litigation, insofar as Google may be requesting particular details of dates, times, devices, websites visited, the duration of those visits, and Plaintiff Castillo's location while engaged in these activities. Further, Plaintiff Castillo chooses the private browsing mode because he does not want this activity tracked, recorded, or otherwise memorialized and, therefore, requiring Plaintiff Castillo to recall the details sufficient to respond to Interrogatory No. 5 would be unreasonable and not proportional to the needs of the litigation. Further, according to Google's Motion to Dismiss, Google, unlike Plaintiff Castillo, collects most if not all of the information

## CONFIDENTIAL

requested. Accordingly, Google is in the best position to answer this Interrogatory since it is already in possession of this information.

Notwithstanding and subject to these objections, Plaintiff Castillo responds that he used private browsing mode with the specific purpose of that activity not being tracked, recorded, or otherwise memorialized and, therefore, Plaintiff Castillo cannot recall the particular details of each and every time he engaged in private browsing mode. Plaintiff Castillo used Chrome's private browsing mode, and recalls using the Chrome private browsing mode in approximately ▮ and ▮ to browse ▮▮▮▮▮ on his desktop computer and phone. Also, more recently Plaintiff Castillo used Chrome's private browsing mode to ▮ ▮▮▮▮▮▮▮ ▮▮▮▮ Otherwise, Plaintiff Castillo occasionally uses Chrome's private browsing mode to ▮▮▮▮ ▮▮▮ The majority of Plaintiff Castillo's private browsing activity was done in ▮▮

## __VERIFICATION__

Under penalties of perjury, I declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: _____

Printed Name: _Christopher Castillo_

Title: _MR._

STATE OF _California_

COUNTY OF _Sacramento_

The foregoing instrument was acknowledged before me this ____ day of _____, 2021, by _____, who has produced as identification _____, bearing number _____, expiring _____ and who did (did not) take an oath.

_____

NOTARY PUBLIC SIGNATURE

Dated: May 12, 2021

**MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

1

*Attorneys for Plaintiffs*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Ryan J. McGee, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On May 12, 2021, I served the following document described as:

**Plaintiff's Verified Amended Objections and Responses to Defendant's Interrogatories 1, 4, and 5.**

By electronic mail transmission from rmcgee@forthepeople.com on May 12, 2021, by transmitting a PDF format copy of such document to each such person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650-801-5000

Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorney for Defendant*

Executed on May 12, 2021, at Tampa, Florida.

/s/ Ryan J. McGee
Ryan J. McGee, Esq.

# EXHIBIT 13

# Redacted Version
# of Document Sought
# to be Sealed

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

           Plaintiffs,

  v.

GOOGLE LLC,

           Defendant.

Case No.  5:20-cv-03664-LHK-SVK

**PLAINTIFF JEREMY DAVIS' VERIFIED AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S INTERROGATORIES 1, 4, AND 5**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Jeremy Davis ("Davis") hereby objects and responds to Defendant's, Google LLC ("Google"), Interrogatories 1, 4, and 5. These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Davis' knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Davis may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Davis reserves all rights to supplement and amend his objections and responses accordingly.

**INTERROGATORY NO. 1:**

Describe with particularity each time YOU reviewed the GOOGLE TERMS OF SERVICE, GOOGLE PRIVACY POLICY, MY GOOGLE ACTIVITY, CHROME INCOGNITO NOTICE, CHROME TERMS OF SERVICE, and/or CHROME PRIVACY NOTICE prior to the filing of the COMPLAINT and, if YOU reviewed such documents, on what date(s) and which version(s) YOU reviewed, and whether YOU reviewed the entire document(s) or only portion(s) of the document(s) (if only portion(s), describe with particularity which portion(s) you reviewed).

**ORIGINAL RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff Davis objects to Interrogatory No. 1 to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation and not proportional to the needs of this litigation. Plaintiff Davis' allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting, analyzing, and monetizing Plaintiff Davis' (and class members') browsing activity conducted in private browsing mode, despite Google's representations that Plaintiff Davis' (and class members') browsing information would not be saved.

Notwithstanding and subject to these objections, Plaintiff Davis responds that he reviewed the Chrome Incognito Notice (i.e., the Incognito splash screen) and Google's representations contained therein each time he began a private browsing mode session in Chrome. Plaintiff Davis further responds that, at or around the time he opened his Google Account and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects and could exercise such control by enabling private browsing mode, such as the representations outlined in paragraphs 2 and 42 of the First Amended Complaint. He understands this, along with the Chrome Incognito Notice (i.e., the Incognito splash screen that he reviewed each time he began a private browsing mode session in Chrome), to be the Google Privacy Policy. He does not recall the exact dates he reviewed these disclosures. He likewise does not recall whether he reviewed the other disclosures included in this request, in part because, as described, he is not certain which specific disclosures they refer to.

**AMENDED RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff Davis objects to Interrogatory No. 1 to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation and not proportional to the needs of this litigation. Plaintiff Davis' allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting, analyzing, and monetizing Plaintiff Davis' (and class members') browsing activity conducted in private browsing mode, despite

Google's representations that Plaintiff Davis' (and class members') browsing information would not be saved.

Notwithstanding and subject to these objections, Plaintiff Davis responds that he reviewed the Incognito splash screen and Google's representations contained therein each time he began a private browsing mode session in Chrome. Plaintiff Davis further responds that, at or around the time he opened his Google Account, which was created when Gmail was in beta in approximately ███ and at times thereafter, he reviewed Google representations that he was in "control" of what information Google collects, and to the best of his ability recalls an update from Google Chrome that introduced him to the Incognito function that stated he could exercise such control by enabling private browsing mode. He does not recall the exact dates he reviewed updated disclosures and cannot recall any statement by Google that Google would collect his information when he was using private browsing mode, and he reviewed the Incognito splash screen each time he began a private browsing mode session in Chrome.

**INTERROGATORY NO. 4:**

Without limitation as to time period, describe with particularity all websites, applications, or other online services with which YOU voluntarily shared any DATA AT ISSUE.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff Davis objects to Interrogatory No. 4 as overly broad, vague, and not proportional to the needs of the litigation, considering Google requests each and every instance when Plaintiff Davis may have shared "data" with a website, application, or other online service, regardless of any time limitation, rendering this Interrogatory No. 4 not possible to fully and accurately answer. In addition, to the extent this request seeks information regarding "data" shared when private browsing mode was not enabled, it is irrelevant. On the basis of these objections, Plaintiff Davis does not intend to respond to Interrogatory No. 4, other than to say that he did not knowingly or voluntarily share any page views (*e.g.*, URL information) while private browsing mode was enabled. Given his uncertainty regarding the meaning of this Interrogatory, Plaintiff Davis is willing to meet and confer with Defendant regarding his objection.

# CONFIDENTIAL

**AMENDED RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff Davis objects to Interrogatory No. 4 as overly broad, vague, and not proportional to the needs of the litigation, considering Google requests each and every instance when Plaintiff Davis may have shared "data" with a website, application, or other online service, regardless of any time limitation, rendering this Interrogatory No. 4 not possible to fully and accurately answer. In addition, to the extent this request seeks information regarding "data" shared when private browsing mode was not enabled, it is irrelevant.

Notwithstanding and subject to these objections, Plaintiff Davis states that, to the extent he can recall, during the Class Period the websites he visited most, regardless of whether he was browsing in private browsing mode or not, include:

Plaintiff Davis further states that, to the extent he can recall, during the Class Period the applications he used most include:

**INTERROGATORY NO. 5:**

Describe with particularity each time YOU used private browsing mode, including separately identifying for each time the following: the browser, the private browsing mode, the date and time, the device, the websites visited, how long each private browsing session lasted and YOUR location.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff Davis objects to Interrogatory No. 5 as overly broad, vague, and not proportional to the needs of the litigation, insofar as Google may be requesting particular details of dates, times, devices, websites visited, the duration of those visits, and Plaintiff Davis' location while engaged in these activities. Further, Plaintiff Davis chooses the private browsing mode because he does not

# CONFIDENTIAL

want this activity tracked, recorded, or otherwise memorialized and, therefore, requiring Plaintiff Davis to recall the details sufficient to respond to Interrogatory No. 5 would be unreasonable and not proportional to the needs of the litigation. Further, according to Google's Motion to Dismiss, Google, unlike Plaintiff Davis, collects most if not all of the information requested. Accordingly, Google is in the best position to answer this Interrogatory since it is already in possession of this information.

Notwithstanding and subject to these objections, Plaintiff Davis responds that the overwhelming majority of his browsing activity is done by default in private browsing mode in Chrome. In fact, Plaintiff Davis utilizes private browsing mode by default on all of his devices and web browsers (Chrome on his laptops and tablets, Chrome and Safari on his iPhone), and to the best of Plaintiff Davis' knowledge, the only time browsing activity may be done outside of private browsing mode is when Plaintiff Davis clicks a hyperlink from an email and that hyperlink launches his browser in non-private browsing mode. Otherwise, all of Plaintiff Davis' browsing activity is performed in private browsing mode. The majority of Plaintiff Davis' private browsing activity was done in

**AMENDED RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff Davis objects to Interrogatory No. 5 as overly broad, vague, and not proportional to the needs of the litigation, insofar as Google may be requesting particular details of dates, times, devices, websites visited, the duration of those visits, and Plaintiff Davis' location while engaged in these activities. Further, Plaintiff Davis chooses the private browsing mode because he does not want this activity tracked, recorded, or otherwise memorialized and, therefore, requiring Plaintiff Davis to recall the details sufficient to respond to Interrogatory No. 5 would be unreasonable and not proportional to the needs of the litigation. Further, according to Google's Motion to Dismiss, Google, unlike Plaintiff Davis, collects most if not all of the information requested. Accordingly, Google is in the best position to answer this Interrogatory since it is already in possession of this information.

# CONFIDENTIAL

Notwithstanding and subject to these objections, Plaintiff Davis responds that the overwhelming majority of his browsing activity is done by default in private browsing mode in Chrome. In fact, Plaintiff Davis utilizes private browsing mode by default on all of his devices and web browsers (Chrome on his laptops and tablets, Chrome and Safari on his iPhone), and to the best of Plaintiff Davis' knowledge, the only time browsing activity may be done outside of private browsing mode is when Plaintiff Davis clicks a hyperlink from an email and that hyperlink launches his browser in non-private browsing mode. Otherwise, all of Plaintiff Davis' browsing activity is performed in private browsing mode, and his response to Interrogatory No. 4 above provides examples of that private browsing activity. The majority of Plaintiff Davis' private browsing activity was done in ▮▮▮▮▮

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: _____

Printed Name: Jeremy Davis

Title: _____

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____,

2021, by _____, who has produced as identification

_____, bearing number _____, expiring

_____ and who did (did not) take an oath.


_____

NOTARY PUBLIC SIGNATURE

Dated: May 12, 2021

**MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

1
*Attorneys for Plaintiffs*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
## PROOF OF SERVICE

2     I, Ryan J. McGee, declare:

3     I am a citizen of the United States and employed in the County of Hillsborough, Florida. I

4  am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin

5  St., 7th Floor, Tampa, FL 33602.

6     On May 12, 2021, I served the following document described as:

7     **Plaintiff's Verified Amended Objections and Responses to Defendant's**

8  **Interrogatories 1, 4, and 5.**

9     By electronic mail transmission from rmcgee@forthepeople.com on May 12, 2021, by

10  transmitting a PDF format copy of such document to each such person at the e-mail addresses listed

11  below. The document was transmitted by electronic transmission and such transmission was

12  reported as complete and without error:

13  Andrew H. Schapiro (pro hac vice)
    Quinn Emanuel Urquhart & Sullivan, LLP

14  191 N. Wacker Drive, Suite 2700
    Chicago, IL 60606

15  Tel: 312-705-7400
    Fax: 312-705-7401

16  andrewschapiro@quinnemanuel.com

17  *Attorney for Defendant*

18
    Stephen A. Broome

19  Viola Trebicka
    Quinn Emanuel Urquhart & Sullivan, LLP

20  865 S. Figueroa Street, 10th Floor
    Los Angeles, CA 90017

21  Tel: 213-443-3000
    Fax: 213-443-3100

22  stephenbroome@quinnemanuel.com

23  violatrebicka@quinnemanuel.com

24  *Attorneys for Defendant*

25
    Diane M. Doolittle

26  Thao Thai
    Quinn Emanuel Urquhart & Sullivan, LLP

27  555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065

28  Tel: 650-801-5000

Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorney for Defendant*

     Executed on May 12, 2021, at Tampa, Florida.

              */s/ Ryan J. McGee*
              Ryan J. McGee, Esq.

# EXHIBIT 14

# Redacted Version of Document Sought to be Sealed

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

              Plaintiffs,

   v.

GOOGLE LLC,

              Defendant.

Case No.  5:20-cv-03664-LHK-SVK

**PLAINTIFF MONIQUE TRUJILLO'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST AND SECOND SETS OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Monique Trujillo ("Trujillo") hereby objects and responds to Defendant's, Google LLC ("Google"), First and Second Sets of Interrogatories (Nos. 1–10). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Trujillo's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Trujillo may become aware of additional facts or evidence and her analysis of the case may change. Plaintiff Trujillo reserves all rights to supplement and amend her objections and responses accordingly.

**INTERROGATORY NO. 1:**

Describe with particularity each time YOU reviewed the GOOGLE TERMS OF SERVICE, GOOGLE PRIVACY POLICY, MY GOOGLE ACTIVITY, CHROME INCOGNITO NOTICE, CHROME TERMS OF SERVICE, and/or CHROME PRIVACY NOTICE prior to the filing of the COMPLAINT and, if YOU reviewed such documents, on what date(s) and which version(s) YOU reviewed, and whether YOU reviewed the entire document(s) or only portion(s) of the document(s) (if only portion(s), describe with particularity which portion(s) you reviewed).

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff Trujillo objects to Interrogatory No. 1 to the extent it purports to suggest that review of and consent to Google's Privacy Policy is a necessary predicate for any claim in this litigation and not proportional to the needs of this litigation. Plaintiff Trujillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting, analyzing, and monetizing Plaintiff Trujillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations that Plaintiff Trujillo's (and class members') browsing information would not be saved.

Notwithstanding and subject to these objections, Plaintiff Trujillo responds that she reviewed the Incognito splash screen and Google's representations contained therein each time she began a private browsing mode session in Chrome. Plaintiff Trujillo further responds that, at or around the time she opened her Google Account, which was in approximately ███, and at times thereafter, she reviewed Google representations that she was in "control" of what information Google collects, and to the best of her ability recalls reviewing a Google page six or seven years ago describing private browsing that represented she was in "control" of what information Google collects and that she could exercise such control by enabling private browsing mode. She does not recall the exact dates she reviewed these disclosures, but believes it was six or seven years ago, and she reviewed the Incognito splash screen each time she began a private browsing mode session in Chrome.

**INTERROGATORY NO. 2:**

Describe with particularity YOUR use of CHROME, including: the date YOU first began using CHROME on each device (*e.g.*, mobile devices, tablets, laptops, and/or desktops); the frequency with which YOU used CHROME on each device; which browser modes YOU used in CHROME on each device; whether you logged into a Google account when you used CHROME on each device; which Google account(s) YOU logged into when YOU used CHROME on each device; which website(s) YOU visited while using CHROME on each device; whether you ever

reviewed or deleted data on MY GOOGLE ACTIVITY; and how often YOU enabled CHROME INCOGNITO MODE while logged out of your Google account.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff Trujillo objects to Interrogatory No. 2 as overly broad, vague, and not proportional to the needs of the litigation, considering Google requests each and every instance when Plaintiff Trujillo used Chrome, the Google accounts logged into for each instance of using Chrome, each website visited with Chrome, and other disproportional details, rendering this Interrogatory No. 2 not possible to fully and accurately answer. Plaintiff Trujillo also objects that this interrogatory is compound, asking in part about her use of Chrome but then separately including a request regarding the separate topic of whether she "reviewed or deleted data on MY GOOGLE ACTIVITY." This interrogatory therefore counts as two separate interrogatories.

Notwithstanding and subject to these objections, Plaintiff Trujillo responds that she has used Chrome on her computers for at least the past decade. Since ███████, Plaintiff Trujillo used Chrome on her computers and phones, including Incognito private browsing mode, which she uses at least a few times per month. During the Class Period, Plaintiff Trujillo uses private browsing mode on both her computers and phones to ███████████████████████████████ ████████████████████████████████████████. To the best of Plaintiff Trujillo's knowledge, she has never logged into any Google accounts in Chrome when using Chrome's private browsing mode, but may have logged into her Google account, ███████████, when using Chrome in its non-private browsing mode. To the best of Plaintiff Trujillo's knowledge, Plaintiff Trujillo has not reviewed or deleted her My Google Activity.

However, Plaintiff Trujillo does not know and has not been told all the ways that Google is tracking her during her private browsing sessions. Further, she does not know by "logging into Google," whether Google is including other processes and apps that may be running, Google-branded or Google-supported. She may further supplement this response if she is provided more information about how Google is tracking people in private browsing in undisclosed ways. For

now, she is only talking about what is going on during private browsing, on the browser application itself, based on what she can actually observe in the ordinary course of her browsing.

**INTERROGATORY NO. 3:**

Describe with particularity how YOU have been harmed or damaged by DEFENDANT's conduct alleged in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff Trujillo objects to Interrogatory No. 3 as discovery has not closed and Plaintiff Trujillo does not know the full extent of Defendant's misrepresentations and deceptive conduct in collecting, gathering, analyzing, and monetizing Plaintiff Trujillo's private browsing activity, and Plaintiff Trujillo reserves her right to amend this interrogatory as the case proceeds.

Notwithstanding and subject to these objections, Plaintiff Trujillo responds that her privacy is very important to her and Plaintiff Trujillo takes careful precautions to protect her privacy. When Plaintiff Trujillo engaged in the private browsing mode in Google's Chrome browser, Plaintiff Trujillo read Google's representations that Plaintiff Trujillo's browsing activity would not be collected and that she could browse the web privately. Based on Google's representations, Plaintiff Trujillo reasonably believed that she could control the information that would be shared with Google. Plaintiff Trujillo considered this browsing activity private and confidential, and did not intend to share it with Google. Plaintiff Trujillo never consented to Google's interception of her private browsing communications, Google's collection of any data from her private browsing, or Google's use of any data from her private browsing. Plaintiff Trujillo chose the private browsing mode to avoid Google's collection of that browsing activity and to browse the web without Google spying on and gathering that browsing activity for its own monetary gain. Without Plaintiff Trujillo's knowledge, Google continued to monitor and collect her browsing activity and used that browsing activity for its own monetary gain. Plaintiff Trujillo is familiar with other web browsers that pay users a fee for their browsing.

**INTERROGATORY NO. 4:**

Without limitation as to time period, describe with particularity all websites, applications, or other online services with which YOU voluntarily shared any DATA AT ISSUE.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff Trujillo objects to Interrogatory No. 4 as overly broad, vague, and not proportional to the needs of the litigation, considering Google requests each and every instance when Plaintiff Trujillo may have shared "data" with a website, application, or other online service, regardless of any time limitation, rendering this Interrogatory No. 4 not possible to fully and accurately answer. In addition, to the extent this request seeks information regarding "data" shared when private browsing mode was not enabled, it is irrelevant.

Notwithstanding and subject to these objections, Plaintiff Trujillo states that, to the extent she can recall, during the Class Period the websites visited most, regardless of whether she was browsing in private browsing mode or not, include: ██████████████████ ███████████████████     ████████████████     ███████████████ ████████████████████████████████████████████████████ █████████████████████ Plaintiff Trujillo further states that, to the extent she can recall, during the Class Period the applications she most used include: █████████████ █████████████████████████████████████████

**INTERROGATORY NO. 5:**

Describe with particularity each time YOU used private browsing mode, including separately identifying for each time the following: the browser, the private browsing mode, the date and time, the device, the websites visited, how long each private browsing session lasted and YOUR location.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff Trujillo objects to Interrogatory No. 5 as overly broad, vague, and not proportional to the needs of the litigation, insofar as Google may be requesting particular details of dates, times, devices, websites visited, the duration of those visits, and Plaintiff Trujillo's location while engaged in these activities. Further, Plaintiff Trujillo chooses the private browsing mode because

she does not want this activity tracked, recorded, or otherwise memorialized and, therefore, requiring Plaintiff Trujillo to recall the details sufficient to respond to Interrogatory No. 5 would be unreasonable and not proportional to the needs of the litigation. Further, according to Google's Motion to Dismiss, Google, unlike Plaintiff Trujillo, collects most if not all of the information requested. Accordingly, Google is in the best position to answer this Interrogatory since it is already in possession of this information.

Notwithstanding and subject to these objections, Plaintiff Trujillo responds that she used private browsing mode with the specific purpose of that activity not being tracked, recorded, or otherwise memorialized and, therefore, Plaintiff Trujillo cannot recall the particular details of each and every time she engaged in private browsing mode. Plaintiff Trujillo used Chrome's and Safari's private browsing modes ███████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████ This private browsing activity was done in both Chrome and Safari, but the majority of the private browsing activity was done in Chrome Incognito mode. The overwhelming majority of Plaintiff Trujillo's private browsing activity was done in ██████████

**INTERROGATORY NO. 6:**

Describe with particularity YOUR use of all non-CHROME private browsing modes, including: what non-CHROME private browsing modes YOU used, the time periods in which YOU used each of the non-CHROME private browsing modes YOU identified, and, if any, what disclosures from publishers of the non-CHROME browsers you reviewed or relied on during the time periods YOU identified.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff Trujillo objects to Interrogatory No. 6 as overly broad, vague, and not proportional to the needs of the litigation, to the extent, like with Interrogatory No. 5, Google requests particular details of dates, times, devices, websites visited, the duration of those visits, and Plaintiff Trujillo's location while engaged in these activities. Further, Plaintiff Trujillo chooses the private browsing mode because she does not want this activity tracked, recorded, or otherwise memorialized and,

therefore, requiring Plaintiff Trujillo to recall the details sufficient to respond to Interrogatory No. 6 would be unreasonable and not proportional to the needs of the litigation. Further, according to Google's Motion to Dismiss, Google, unlike Plaintiff Trujillo, collects most if not all of the information requested. Accordingly, Google is in the best position to answer this Interrogatory since it is already in possession of this information. Finally, Plaintiff Trujillo objects to the term "publishers of non-Chrome browsers" because this term is meaningless. Plaintiff Trujillo does not understand the distinction Google appears to be making between websites on a Chrome browser and websites on a non-Chrome browser.

Notwithstanding and subject to these objections, Plaintiff Trujillo recalls that some of her private browsing activity for the last six or seven years was done in Safari, but the majority of her private browsing activity was in Chrome Incognito mode. Aside from rejecting cookie permissions when possible, Plaintiff Trujillo recalls seeing a private browsing mode screen in Safari that represents the browsing history will not be saved.

**INTERROGATORY NO. 7:**

Describe with particularity each specific "Google representation" that YOU allege led YOU to "believe[] that [YOUR] data would not be collected by Google and that Google would not intercept [YOUR] communications when [YOU] were in 'private browsing mode,'" see SAC ¶¶ 3, 149, including by stating whether YOU in fact reviewed each representation and, if so, when YOU first reviewed each representation, and whether YOU in fact relied upon each representation in using private browsing mode.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff Trujillo objects to Interrogatory No. 7 as not relevant to the claims and/or defenses of this case to the extent it purports to suggest that review of and consent to Google's Terms of Service, or any terms of service, privacy policies, or other notices incorporated therein, is a necessary predicate for any claim in this litigation and not proportional to the needs of this litigation. Plaintiff Trujillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting, analyzing, and monetizing Plaintiff Trujillo's (and class members')

browsing activity conducted in private browsing mode, despite Google's representations that Plaintiff Trujillo's (and class members') browsing information would not be saved.

Notwithstanding and subject to these objections, Plaintiff Trujillo responds that, although she is not sure whether she reviewed the Google Terms of Service, which incorporate the Google Chrome and Chrome OS Additional Terms of Service, the Chrome Privacy Notice, the Privacy Policy, the "Search & Browse Privately" page, and the Incognito Screen—she did review the Incognito splash screen and Google's representations contained therein each time she began a private browsing mode session in Chrome, which did not state that Google would intercept and collect her private browsing activity.

**INTERROGATORY NO. 8:**

Describe with particularity each category of "personal and sensitive user data" that YOU contend Google unlawfully "intercepted." *See* SAC ¶ 1.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff Trujillo objects to Interrogatory No. 8. as overly broad, vague, and not proportional to the needs of the litigation, considering this interrogatory requires the identification of each and every instance when Google unlawfully intercepted Plaintiff Trujillo's data in order to categorize such data, rendering this Interrogatory No. 8 not possible to fully and accurately answer.

Notwithstanding and subject to these objections, Plaintiff Trujillo responds that each and every time that Plaintiff Trujillo (and class members) used private browsing mode, Google intercepted at least the following categories of personal and sensitive user data: 1) the "GET request," which provides the content the user's browsing software asked the website to display while in private browsing mode; 2) the unique internet protocol ("IP") address of the user's connection to the internet while in private browsing mode; 3) information identifying the browser software that the user is using, including any "fingerprint" data (such as user interactions with Google's special, unique fonts and pixels) that allow Google to further track and identify a particular user, while in private browsing mode; 4) any "User-ID" the website issued to the user

while in private browsing mode, allowing Google to track and match the user across other websites the user visits, whether in private browsing mode or not; 5) the geolocation of the user while in private browsing mode; and 6) information contained in "Google cookies" from prior browsing sessions which, at a minimum, contain the prior websites the user has viewed, and may also contain usernames, login information, browsing activity (such as clicking buttons on websites), which in turn helps Google enrich Google's profile on the user, which Google then uses for its own benefit and profit.

**INTERROGATORY NO. 9:**

Describe with particularity YOUR understanding of the terms "private browsing" and "browse privately" in the Google disclosures that YOU allege led YOU to "believe[] that [YOUR] data would not be collected by Google and that Google would not intercept [YOUR] communications when [YOU] were in 'private browsing mode,'" *see* SAC ¶ 3, including by stating the basis for YOUR understanding and stating whether YOU believed using private browsing would completely conceal YOUR internet browsing activity from everyone, or if not, identifying the persons or entities which YOU understood would still be able to view YOUR internet browsing activity when YOU were in private browsing mode.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff Trujillo objects to Interrogatory No. 9 as not relevant to the claims and/or defenses of this case to the extent it purports to suggest that review of and consent to Google's Terms of Service, or any terms of service, privacy policies, or other notices incorporated therein, is a necessary predicate for any claim in this litigation and not proportional to the needs of this litigation. Plaintiff Trujillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting, analyzing, and monetizing Plaintiff Trujillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations that Plaintiff Trujillo's (and class members') browsing information would not be saved.

Notwithstanding and subject to these objections, Plaintiff Trujillo responds that "private browsing" and "browse privately" are described in the Incognito splash screen she read each time

she began a private browsing session in Chrome—that her activity in private browsing mode might still be visible to the websites she visits, her employer or school, or her internet service provider. Google was not listed, and she did not consent to Google's interception and collection of her private browsing activity. Plaintiff Trujillo further states that, in addition to this description in the Incognito splash screen, when she begins a private browsing session in Chrome the background turns dark, depicts a stealthy figure, and states that Chrome will not save her browsing history, cookies and site data, and information entered into forms, reinforcing that any private browsing activity would be concealed from and not subject to Google's interception and collection.

**INTERROGATORY NO. 10:**

Describe with particularity YOUR alleged awareness that YOU are able to sell YOUR personal data, via other websites such as Killi (https://killi.io/earn/), *see* SAC ¶¶ 170, 175, 180, 185, 190, including by describing when YOU first became aware of this alleged fact, how YOU became aware of this alleged fact, whether you contend that YOU could sell to Killi or other entities the categories of "personal data" that YOU allege Google misappropriated, whether you have ever attempted to sell such data (and if not, why not), and whether YOU contend that Google's alleged conduct has affected YOUR alleged ability to sell YOUR personal data via other websites such as Killi.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff Trujillo objects to Interrogatory No. 10 as not relevant to the claims and/or defenses of this case to the extent it purports to suggest that Plaintiff Trujillo's sale of any personal data is a necessary predicate for any claim in this litigation. Plaintiff Trujillo's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting, analyzing, and monetizing Plaintiff Trujillo's (and class members') browsing activity conducted in private browsing mode, despite Google's representations that Plaintiff Trujillo's (and class members') browsing information would not be saved. Google has, instead, taken this personal data without Plaintiff Trujillo's (and class members') permission, which in turn helps Google enrich Google's profile of Plaintiff Trujillo (and class members), which Google then uses for its own benefit and profit.

Plaintiff Trujillo seeks, among other things, non-restitutionary disgorgement of all of Google's profits that were derived, in whole or in part, from Google's unlawful interception and subsequent use of Plaintiff Trujillo's communications and personal data. Plaintiff Trujillo also objects that this interrogatory is compound, asking in part about her awareness that she is able to sell personal data but then separately including requests about the separate topics of 1) when she first became aware, 2) how she became aware, 3) whether she has ever attempted to sell her personal data, 4) if she has not attempted to sell her personal data, why not, and 5) whether Google's unlawful interception of the personal data has affected her ability to sell that personal data. This interrogatory therefore counts as five separate interrogatories.

Notwithstanding and subject to these objections, Plaintiff Trujillo responds that she has been aware of the value of her personal data for years, and she chose to browse privately to protect that personal data from Google's and other tech companies' collection for their own benefit and profit. Plaintiff Trujillo cannot recall specifically when she first learned of websites like Killi, but she knew about companies like Brave and others that provide monetary compensation for personal data before filing this lawsuit. To the best of Plaintiff Trujillo's recollection, she cannot recall attempting to sell her personal data, but because Plaintiff Trujillo could sell her personal data to websites like Killi and similar websites, the personal data that Google has unlawfully intercepted while Plaintiff Trujillo was in private browsing mode has inherent value, and Google unlawfully collected that personal data without providing compensation to Plaintiff Trujillo.

1
2

## **<u>VERIFICATION</u>**

3          Under penalties of perjury, I declare that I have read the foregoing Answers to

4    Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

5                                                            By:  _____

6                                                            Printed Name:  _____

7                                                            Title:  _____

8
9    STATE OF  _____

10   COUNTY OF  _____

11          The foregoing instrument was acknowledged before me this _____ day of _____,

12   2021,  by  _____,  who  has  produced  as  identification

13   _____,  bearing  number  _____,  expiring

14   _____ and who did (did not) take an oath.

15

16

17                                                            _____

18                                                            NOTARY PUBLIC SIGNATURE

19

20

21

22

23

24

25

26

27

28

Dated: June 7, 2021

**MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I, Ryan J. McGee, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On June 7, 2021, I served the following document described as:

**Plaintiff's Objections and Responses to Defendant's First and Second Sets of Interrogatories**

By electronic mail transmission from rmcgee@forthepeople.com on June 7, 2021, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor

Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorneys for Defendant*

    Executed on June 7, 2021, at Tampa, Florida.


                    */s/ Ryan J. McGee*
                    Ryan J. McGee

## **VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: *Monique Carolyne Trujillo*

Printed Name: _Monique Carolyne Trujillo_

Title: _N/A_

STATE OF _Texas_

COUNTY OF _Comal_

The foregoing instrument was acknowledged before me this _17th_ day of _November_, 2021, by _Monique Carolyne Trujillo_, who has produced as identification _California DRIVER LICENSE_, bearing number _B8914755_, expiring _03/20/2022_ and who did (did not) take an oath.

(Jurat:)

_Lauren Peterson_
NOTARY PUBLIC SIGNATURE

Lauren Peterson
Notary Public, State of Texas
Expiration:      06/03/2025

NOTARY PUBLIC
STATE OF TEXAS
Lauren Peterson
ID NUMBER
12499352-4
COMMISSION EXPIRES
June 3, 2025

Notarized online using audio-video communication

# EXHIBIT 15

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No.  5:20-cv-03664-LHK-SVK |

**PLAINTIFF CHASOM BROWN'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FOURTH SET OF INTERROGATORIES (NOS. 12–15)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Chasom Brown ("Brown") hereby objects and responds to Defendant's, Google LLC ("Google"), Fourth Set of Interrogatories (Nos. 12–15). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Brown's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Brown may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Brown reserves all rights to supplement and amend his objections and responses accordingly.

**INTERROGATORY NO. 12:**

Describe with particularity whether YOU agreed to all terms in the documents you allege are part of the contract between YOU and Google, *see* SAC ¶ 268, including Google's TERMS OF SERVICE, CHROME TERMS OF SERVICE, Google's PRIVACY POLICY, CHROME PRIVACY NOTICE, and the CHROME INCOGNITO NOTICE, and if YOU did not agree to all terms in these documents, identify all terms YOU did agree to.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff Brown objects to this Interrogatory to the extent it purports to suggest that his agreement with Google's Terms of Service, Chrome Terms of Service, Privacy Policy, Chrome Privacy Notice, and/or Chrome Incognito Notice is a necessary predicate for any claim (other than the contract claim) in this litigation. Plaintiff's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Brown responds that the Chrome Privacy Notice promises Plaintiff and Class members that Google does not collect or use private browsing communications, including by explaining that "[y]ou can limit the information Chrome stores on your system by using incognito mode" and that, within Incognito mode, "Chrome won't store certain information, such as: Basic browsing history information like URLs, cached paged text, or IP addresses of pages linked from the websites [users] visit [and] Snapshots of pages that [users] visit." Additionally, Google's Privacy Policy, the Incognito Screen, and the "Search & Browse Privately" page similarly promise that users can control Google's collection and use of their browsing data including by enabling private browsing mode such as Incognito mode, and that Google would not collect and use private browsing data. Google breached those promises, and as a result was able to obtain the personal property of Plaintiff and class members and earn unjust profits.

**INTERROGATORY NO. 13:**

Identify and describe with particularity any money that you have paid to Google.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff Brown objects to this Interrogatory to the extent it purports to suggest that monetary payment to Google is a necessary predicate for any claim in this litigation. Plaintiff and class members provided valuable consideration in the form of their respective personal information they agreed to share with Google in non-private browsing mode, which has ascertainable and demonstrated value by its use and sale by Google. Because Google unlawfully intercepted, collected data from, analyzed, and monetized Plaintiff's (and class members') browsing activity conducted in private browsing mode, this private and personally identifiable data and content has been diminished in value, and Plaintiff and class members have been deprived of their right to control the dissemination and use of their respective personal (and private) information and communications. Plaintiff Brown further objects to this Interrogatory as irrelevant to the extent it seeks information concerning money paid not related to private browsing.

Notwithstanding and subject to these objections, Plaintiff Brown responds that, to the best of his recollection, he has not directly paid any money to Google. Plaintiff has, however, provided valuable consideration in the form of his personal information for the use of Google products, but Google unlawfully intercepted, collected data from, analyzed, and monetized Plaintiff's browsing activity conducted in private browsing mode, the value of which has been diminished and Google has used to its benefit to increase its profits and revenues from targeted advertising and improvements of Google's other products.

**INTERROGATORY NO. 14:**

Identify all California or other applicable laws that you contend render the information that you allege Google misappropriated from you your personal property. *See, e.g.*, SAC ¶ 137 ("The CCPA recognizes that consumers' personal data is a property right."); *id*. ¶ 274 ("As a result of Google's breach(es), Google was able to obtain the personal property of Plaintiffs and Class members and earn unjust profits"); *id*. ¶ 282 ("Plaintiffs and Class members have suffered injury-

in-fact, including the loss of money and/or property as a result of Google's … practices, to wit, the unauthorized disclosure and taking of the personal information which has value as demonstrated by its use and sale by Google.").

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff Brown objects to this Interrogatory on the basis that discovery has not closed, and Google is still producing documents evidencing its unlawful interception, collection of data from, analysis, and monetization of Plaintiff's (and class members') browsing activity conducted in private browsing mode. Therefore, Plaintiff reserves his right to amend this response as discovery proceeds.

Notwithstanding and subject to these objections, Plaintiff Brown responds that his Second Amended Complaint and pleadings filed in this case identify California and other applicable laws that render the information that Google misappropriated from Plaintiff his personal property. These include: the California Constitution; the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*; the California Invasion of Privacy Act ("CIPA"), California Penal Code §§ 631 and 632; the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"), Cal. Penal Code § 502, *et seq.*; the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; invasion of privacy under California law; intrusion upon seclusion under California law; and breach of contract under California law. Google's secret embedded code causes a secret, separate message containing Plaintiff's communications and data at issue to Google's servers in California, and Google's employees in California reuse those communications and data collected, bringing Google's conduct under the laws of California. Additionally, Google's own Terms of Service explicitly states "California law will govern all disputes arising out of or relating to these terms, service specific additional terms, or any related services, regardless of conflict of laws rules. These disputes will be resolved exclusively in the federal or state courts of Santa Clara County, California, USA, and [users] and Google consent to personal jurisdiction in those courts." By choosing California law for the resolution of disputes, Google has conceded that it is appropriate to apply California law to its unlawful interception, collection of data from, analysis, and

monetization of Plaintiff's (and class members') browsing activity conducted in private browsing mode.

**INTERROGATORY NO. 15:**

Identify and describe in detail any and all crimes of which YOU have been charged, convicted, pleaded guilty, pleaded no contest, and/or have otherwise been held responsible. *See, e.g.*, *Harris v. Vector Marketing Corp.*, 753 F.Supp.2d 996, 1015 (N.D. Cal. 2010) ("[t]he honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry" (citation omitted)); *Del Campo v. American Corrective Counseling Servs., Inc.*, 2008 WL 2038047, at *4 (N.D. Cal. May 12, 2008) ("[I]t is self-evident that a Court must be concerned with the integrity of individuals it designates as representatives for a large class of plaintiffs" (citation omitted)); *Pena v. Taylor Farms Pacific, Inc.*, 305 F.R.D. 197, 215-16 (E.D. Cal. 2015) (finding Plaintiff's conviction for identity theft near the time period relevant to her claims and failure to initially disclose the conviction was "likely to cast doubt on her honesty and credibility," which rendered her "not an adequate representative.").

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff Brown objects to Interrogatory No. 15 as overly broad and irrelevant, insofar as it requests information concerning any crimes for which Plaintiff was charged but were dismissed or for which Plaintiff was otherwise exonerated. Plaintiff further objects to Interrogatory No. 15 as overly broad and irrelevant, insofar as it requests information concerning criminal convictions for which more than ten years have passed since conviction or release from confinement, whichever is later. Fed. R. Civ. P. 609(b).

Notwithstanding and subject to these objections, none; Plaintiff has never been charged, convicted, pleaded guilty, pleaded no contest, and/or have otherwise been held responsible for any crimes.

1
2
## <u>VERIFICATION</u>
3
      Under penalties of perjury, I declare that I have read the foregoing Answers to
4
Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.
5
                                        By: _____
6
                                        Printed Name: _____
7
                                        Title: _____
8
9
STATE OF _____
10
COUNTY OF _____
11
      The foregoing instrument was acknowledged before me this _____ day of _____,
12
2021, by _____, who has produced as identification
13
_____, bearing number _____, expiring
14
_____ and who did (did not) take an oath.
15
16
17                                        _____
                                          NOTARY PUBLIC SIGNATURE
18
19
20
21
22
23
24
25
26
27
28

Dated: July 30, 2021

**MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I, Jennifer Cabezas, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On July 30, 2021, I served the following document described as:

**Plaintiff's Objections and Responses to Defendant's Fourth Set of Interrogatories**

By electronic mail transmission from jcabezas@forthepeople.com on July 30, 2021, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650-801-5000

Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorneys for Defendant*

Executed on July 30, 2021, at Tampa, Florida.


*/s/ Jennifer Cabezas*
Jennifer Cabezas

# EXHIBIT 16

# Redacted Version of Document Sought to be Sealed

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>               Plaintiffs,<br><br>   v.<br><br>GOOGLE LLC,<br><br>               Defendant. | Case No.  5:20-cv-03664-LHK-SVK |

**PLAINTIFF WILLIAM BYATT'S OBJECTIONS AND RESPONSES**
**TO DEFENDANT'S FOURTH SET OF INTERROGATORIES (NOS. 12–15)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff William Byatt ("Byatt") hereby objects and responds to Defendant's, Google LLC ("Google"), Fourth Set of Interrogatories (Nos. 12–15). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Byatt's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Byatt may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Byatt reserves all rights to supplement and amend his objections and responses accordingly.

**INTERROGATORY NO. 12:**

Describe with particularity whether YOU agreed to all terms in the documents you allege are part of the contract between YOU and Google, *see* SAC ¶ 268, including Google's TERMS OF SERVICE, CHROME TERMS OF SERVICE, Google's PRIVACY POLICY, CHROME PRIVACY NOTICE, and the CHROME INCOGNITO NOTICE, and if YOU did not agree to all terms in these documents, identify all terms YOU did agree to.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff Byatt objects to this Interrogatory to the extent it purports to suggest that his agreement with Google's Terms of Service, Chrome Terms of Service, Privacy Policy, Chrome Privacy Notice, and/or Chrome Incognito Notice is a necessary predicate for any claim (other than the contract claim) in this litigation. Plaintiff's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Byatt responds that the Chrome Privacy Notice promises Plaintiff and Class members that Google does not collect or use private browsing communications, including by explaining that "[y]ou can limit the information Chrome stores on your system by using incognito mode" and that, within Incognito mode, "Chrome won't store certain information, such as: Basic browsing history information like URLs, cached paged text, or IP addresses of pages linked from the websites [users] visit [and] Snapshots of pages that [users] visit." Additionally, Google's Privacy Policy, the Incognito Screen, and the "Search & Browse Privately" page similarly promise that users can control Google's collection and use of their browsing data including by enabling private browsing mode such as Incognito mode, and that Google would not collect and use private browsing data. Google breached those promises, and as a result was able to obtain the personal property of Plaintiff and class members and earn unjust profits.

**INTERROGATORY NO. 13:**

Identify and describe with particularity any money that you have paid to Google.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff Byatt objects to this Interrogatory to the extent it purports to suggest that monetary payment to Google is a necessary predicate for any claim in this litigation. Plaintiff and class members provided valuable consideration in the form of their respective personal information they agreed to share with Google in non-private browsing mode, which has ascertainable and demonstrated value by its use and sale by Google. Because Google unlawfully intercepted, collected data from, analyzed, and monetized Plaintiff's (and class members') browsing activity conducted in private browsing mode, this private and personally identifiable data and content has been diminished in value, and Plaintiff and class members have been deprived of their right to control the dissemination and use of their respective personal (and private) information and communications. Plaintiff Byatt further objects to this Interrogatory as irrelevant to the extent it seeks information concerning money paid not related to private browsing.

Notwithstanding and subject to these objections, Plaintiff Byatt responds that, to the best of his recollection, he has paid to Google approximately ▮ per month for Google One (since approximately ▮▮▮▮ ), ▮ per month for YouTube Premium (since approximately ▮▮▮▮ as a Google Play Music subscriber, which was converted into a YouTube premium subscription in approximately ▮▮▮▮ ), and approximately ▮▮▮▮ per month for Google Fi (since approximately ▮▮▮▮ ). Plaintiff has, however, provided valuable consideration in the form of his personal information for the use of Google products, but Google unlawfully intercepted, collected data from, analyzed, and monetized Plaintiff's browsing activity conducted in private browsing mode, the value of which has been diminished and Google has used to its benefit to increase its profits and revenues from targeted advertising and improvements of Google's other products.

**INTERROGATORY NO. 14:**

Identify all California or other applicable laws that you contend render the information that you allege Google misappropriated from you your personal property. *See, e.g.*, SAC ¶ 137 ("The CCPA recognizes that consumers' personal data is a property right."); *id*. ¶ 274 ("As a result of Google's breach(es), Google was able to obtain the personal property of Plaintiffs and Class members and earn unjust profits"); *id*. ¶ 282 ("Plaintiffs and Class members have suffered injury-in-fact, including the loss of money and/or property as a result of Google's … practices, to wit, the unauthorized disclosure and taking of the personal information which has value as demonstrated by its use and sale by Google.").

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff Byatt objects to this Interrogatory on the basis that discovery has not closed, and Google is still producing documents evidencing its unlawful interception, collection of data from, analysis, and monetization of Plaintiff's (and class members') browsing activity conducted in private browsing mode. Therefore, Plaintiff reserves his right to amend this response as discovery proceeds.

Notwithstanding and subject to these objections, Plaintiff Byatt responds that his Second Amended Complaint and pleadings filed in this case identify California and other applicable laws that render the information that Google misappropriated from Plaintiff his personal property. These include: the California Constitution; the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*; the California Invasion of Privacy Act ("CIPA"), California Penal Code §§ 631 and 632; the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"), Cal. Penal Code § 502, *et seq.*; the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; invasion of privacy under California law; intrusion upon seclusion under California law; and breach of contract under California law. Google's secret embedded code causes a secret, separate message containing Plaintiff's communications and data at issue to Google's servers in California, and Google's employees in California reuse those communications and data collected, bringing Google's conduct under the laws of California. Additionally, Google's own Terms of Service explicitly states "California law will govern all disputes arising out of or relating to these terms,

service specific additional terms, or any related services, regardless of conflict of laws rules. These disputes will be resolved exclusively in the federal or state courts of Santa Clara County, California, USA, and [users] and Google consent to personal jurisdiction in those courts." By choosing California law for the resolution of disputes, Google has conceded that it is appropriate to apply California law to its unlawful interception, collection of data from, analysis, and monetization of Plaintiff's (and class members') browsing activity conducted in private browsing mode.

**INTERROGATORY NO. 15:**

Identify and describe in detail any and all crimes of which YOU have been charged, convicted, pleaded guilty, pleaded no contest, and/or have otherwise been held responsible. *See, e.g.*, *Harris v. Vector Marketing Corp.*, 753 F.Supp.2d 996, 1015 (N.D. Cal. 2010) ("[t]he honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry" (citation omitted)); *Del Campo v. American Corrective Counseling Servs., Inc.*, 2008 WL 2038047, at *4 (N.D. Cal. May 12, 2008) ("[I]t is self-evident that a Court must be concerned with the integrity of individuals it designates as representatives for a large class of plaintiffs" (citation omitted)); *Pena v. Taylor Farms Pacific, Inc.*, 305 F.R.D. 197, 215-16 (E.D. Cal. 2015) (finding Plaintiff's conviction for identity theft near the time period relevant to her claims and failure to initially disclose the conviction was "likely to cast doubt on her honesty and credibility," which rendered her "not an adequate representative.").

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff Byatt objects to Interrogatory No. 15 as overly broad and irrelevant, insofar as it requests information concerning any crimes for which Plaintiff was charged but were dismissed or for which Plaintiff was otherwise exonerated. Plaintiff further objects to Interrogatory No. 15 as overly broad and irrelevant, insofar as it requests information concerning criminal convictions for which more than ten years have passed since conviction or release from confinement, whichever is later. Fed. R. Civ. P. 609(b).

Notwithstanding and subject to these objections, none; Plaintiff has never been charged, convicted, pleaded guilty, pleaded no contest, and/or have otherwise been held responsible for any crimes.

## <u>VERIFICATION</u>

Under penalties of perjury, I declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: _____

Printed Name: _____

Title: _____

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2021, by _____, who has produced as identification _____, bearing number _____, expiring _____ and who did (did not) take an oath.

_____
NOTARY PUBLIC SIGNATURE

Dated: July 30, 2021       **MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I, Jennifer Cabezas, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On July 30, 2021, I served the following document described as:

**Plaintiff's Objections and Responses to Defendant's Fourth Set of Interrogatories**

By electronic mail transmission from jcabezas@forthepeople.com on July 30, 2021, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650-801-5000

Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorneys for Defendant*

Executed on July 30, 2021, at Tampa, Florida.


*/s/ Jennifer Cabezas*
Jennifer Cabezas

1
2
## <u>VERIFICATION</u>

3      Under penalties of perjury, I declare that I have read the foregoing Answers to

4  Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

5                                          By: _William Joshua Byatt_____

6                                          Printed Name: _William Joshua Byatt_____

7                                          Title: _Mr_____

8
9  STATE OF _Florida_____

10 COUNTY OF _orange_____

11     The foregoing instrument was acknowledged before me this _20th_ day of _August_____,

12 2021, by _William Joshua Byatt_____, who has produced as identification

13 _DRIVER LICENSE_____, bearing number _B300-930-90-084-1____, expiring

14 _03/04/2029_____ and who did (did not) take an oath.

15 Type of ID Produced: Driver License

16 
KARL BERRY JOSEPH
Notary Public - State of Florida
Commission # HH 72342
Expires on December 15, 2024

17                                    _Karl Berry Joseph_____
                                   NOTARY PUBLIC SIGNATURE  Karl Berry Joseph

18
19                    Notarized online using audio-video communication

20
21
22
23
24
25
26
27
28

# EXHIBIT 17

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>GOOGLE LLC,<br><br>     Defendant. | Case No.  5:20-cv-03664-LHK-SVK |

**PLAINTIFF CHRISTOPHER CASTILLO'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FOURTH SET OF INTERROGATORIES (NOS. 12–15)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Christopher Castillo ("Castillo") hereby objects and responds to Defendant's, Google LLC ("Google"), Fourth Set of Interrogatories (Nos. 12–15). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Castillo's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Castillo may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Castillo reserves all rights to supplement and amend his objections and responses accordingly.

**INTERROGATORY NO. 12:**

Describe with particularity whether YOU agreed to all terms in the documents you allege are part of the contract between YOU and Google, *see* SAC ¶ 268, including Google's TERMS OF SERVICE, CHROME TERMS OF SERVICE, Google's PRIVACY POLICY, CHROME PRIVACY NOTICE, and the CHROME INCOGNITO NOTICE, and if YOU did not agree to all terms in these documents, identify all terms YOU did agree to.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff Castillo objects to this Interrogatory to the extent it purports to suggest that his agreement with Google's Terms of Service, Chrome Terms of Service, Privacy Policy, Chrome Privacy Notice, and/or Chrome Incognito Notice is a necessary predicate for any claim (other than the contract claim) in this litigation. Plaintiff's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Castillo responds that the Chrome Privacy Notice promises Plaintiff and Class members that Google does not collect or use private browsing communications, including by explaining that "[y]ou can limit the information Chrome stores on your system by using incognito mode" and that, within Incognito mode, "Chrome won't store certain information, such as: Basic browsing history information like URLs, cached paged text, or IP addresses of pages linked from the websites [users] visit [and] Snapshots of pages that [users] visit." Additionally, Google's Privacy Policy, the Incognito Screen, and the "Search & Browse Privately" page similarly promise that users can control Google's collection and use of their browsing data including by enabling private browsing mode such as Incognito mode, and that Google would not collect and use private browsing data. Google breached those promises, and as a result was able to obtain the personal property of Plaintiff and class members and earn unjust profits.

**INTERROGATORY NO. 13:**

Identify and describe with particularity any money that you have paid to Google.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff Castillo objects to this Interrogatory to the extent it purports to suggest that monetary payment to Google is a necessary predicate for any claim in this litigation. Plaintiff and class members provided valuable consideration in the form of their respective personal information they agreed to share with Google in non-private browsing mode, which has ascertainable and demonstrated value by its use and sale by Google. Because Google unlawfully intercepted, collected data from, analyzed, and monetized Plaintiff's (and class members') browsing activity conducted in private browsing mode, this private and personally identifiable data and content has been diminished in value, and Plaintiff and class members have been deprived of their right to control the dissemination and use of their respective personal (and private) information and communications. Plaintiff Castillo further objects to this Interrogatory as irrelevant to the extent it seeks information concerning money paid not related to private browsing.

Notwithstanding and subject to these objections, Plaintiff Castillo responds that, to the best of his recollection, he has not directly paid any money to Google. Plaintiff has, however, provided valuable consideration in the form of his personal information for the use of Google products, but Google unlawfully intercepted, collected data from, analyzed, and monetized Plaintiff's browsing activity conducted in private browsing mode, the value of which has been diminished and Google has used to its benefit to increase its profits and revenues from targeted advertising and improvements of Google's other products.

**INTERROGATORY NO. 14:**

Identify all California or other applicable laws that you contend render the information that you allege Google misappropriated from you your personal property. *See, e.g.*, SAC ¶ 137 ("The CCPA recognizes that consumers' personal data is a property right."); *id*. ¶ 274 ("As a result of Google's breach(es), Google was able to obtain the personal property of Plaintiffs and Class members and earn unjust profits"); *id*. ¶ 282 ("Plaintiffs and Class members have suffered injury-

in-fact, including the loss of money and/or property as a result of Google's … practices, to wit, the unauthorized disclosure and taking of the personal information which has value as demonstrated by its use and sale by Google.").

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff Castillo objects to this Interrogatory on the basis that discovery has not closed, and Google is still producing documents evidencing its unlawful interception, collection of data from, analysis, and monetization of Plaintiff's (and class members') browsing activity conducted in private browsing mode. Therefore, Plaintiff reserves his right to amend this response as discovery proceeds.

Notwithstanding and subject to these objections, Plaintiff Castillo responds that his Second Amended Complaint and pleadings filed in this case identify California and other applicable laws that render the information that Google misappropriated from Plaintiff his personal property. These include: the California Constitution; the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*; the California Invasion of Privacy Act ("CIPA"), California Penal Code §§ 631 and 632; the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"), Cal. Penal Code § 502, *et seq.*; the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; invasion of privacy under California law; intrusion upon seclusion under California law; and breach of contract under California law. Google's secret embedded code causes a secret, separate message containing Plaintiff's communications and data at issue to Google's servers in California, and Google's employees in California reuse those communications and data collected, bringing Google's conduct under the laws of California. Additionally, Google's own Terms of Service explicitly states "California law will govern all disputes arising out of or relating to these terms, service specific additional terms, or any related services, regardless of conflict of laws rules. These disputes will be resolved exclusively in the federal or state courts of Santa Clara County, California, USA, and [users] and Google consent to personal jurisdiction in those courts." By choosing California law for the resolution of disputes, Google has conceded that it is appropriate to apply California law to its unlawful interception, collection of data from, analysis, and

monetization of Plaintiff's (and class members') browsing activity conducted in private browsing mode.

**INTERROGATORY NO. 15:**

Identify and describe in detail any and all crimes of which YOU have been charged, convicted, pleaded guilty, pleaded no contest, and/or have otherwise been held responsible. *See, e.g.*, *Harris v. Vector Marketing Corp.*, 753 F.Supp.2d 996, 1015 (N.D. Cal. 2010) ("[t]he honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry" (citation omitted)); *Del Campo v. American Corrective Counseling Servs., Inc.*, 2008 WL 2038047, at *4 (N.D. Cal. May 12, 2008) ("[I]t is self-evident that a Court must be concerned with the integrity of individuals it designates as representatives for a large class of plaintiffs" (citation omitted)); *Pena v. Taylor Farms Pacific, Inc.*, 305 F.R.D. 197, 215-16 (E.D. Cal. 2015) (finding Plaintiff's conviction for identity theft near the time period relevant to her claims and failure to initially disclose the conviction was "likely to cast doubt on her honesty and credibility," which rendered her "not an adequate representative.").

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff Castillo objects to Interrogatory No. 15 as overly broad and irrelevant, insofar as it requests information concerning any crimes for which Plaintiff was charged but were dismissed or for which Plaintiff was otherwise exonerated. Plaintiff further objects to Interrogatory No. 15 as overly broad and irrelevant, insofar as it requests information concerning criminal convictions for which more than ten years have passed since conviction or release from confinement, whichever is later. Fed. R. Civ. P. 609(b).

Notwithstanding and subject to these objections, none; Plaintiff has never been charged, convicted, pleaded guilty, pleaded no contest, and/or have otherwise been held responsible for any crimes.

## **<u>VERIFICATION</u>**

Under penalties of perjury, I declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: _____

Printed Name: _____

Title: _____

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this ____ day of _____, 2021, by _____, who has produced as identification _____, bearing number _____, expiring _____ and who did (did not) take an oath.


_____
NOTARY PUBLIC SIGNATURE

1

Dated: July 30, 2021                    **MORGAN & MORGAN**

2

*/s/ John A. Yanchunis*

3

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)

4

**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor

5

Tampa, FL 33602
Tel.: (813) 223-5505

6

Fax: (813) 222-4736
jyanchunis@forthepeople.com

7

rmcgee@forthepeople.com

8

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437

9

Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**

10

44 Montgomery St., 41st Floor
San Francisco, CA 94104

11

Tel.: (415) 293-6800
Fax: (415) 293-6899

12

mmao@bsfllp.com
srodriguez@bsfllp.com

13

brichardson@bsfllp.com

14

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)

15

**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor

16

Miami, FL 33131
Tel.: (305) 539-8400

17

Fax: (303) 539-1307
jlee@bsfllp.com

18

rbaeza@bsfllp.com

19

William S. Carmody
Shawn Rabin

20

Steven M. Shepard
**SUSMAN GODFREY L.L.P.**

21

1301 Avenue of the Americas, 32nd Floor

22

New York, New York 10019-6023
Telephone: (212) 336-8330

23

Facsimile: (212) 336-8340

24

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**

25

1900 Avenue of the Stars, Suite 1400

26

Los Angeles, California 90067
Telephone: (310) 789-3100

27

Facsimile: (310) 789-3150

28

*Attorneys for Plaintiffs*

## PROOF OF SERVICE

I, Jennifer Cabezas, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On July 30, 2021, I served the following document described as:

**Plaintiff's Objections and Responses to Defendant's Fourth Set of Interrogatories**

By electronic mail transmission from jcabezas@forthepeople.com on July 30, 2021, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650-801-5000

Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorneys for Defendant*

Executed on July 30, 2021, at Tampa, Florida.

*/s/ Jennifer Cabezas*
Jennifer Cabezas

## **VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: _Christopher Edmund Castillo_

Printed Name: _Christopher Edmund Castillo_

Title: _N/A_

STATE OF _Texas_

COUNTY OF _Dallas_

The foregoing instrument was acknowledged before me this _15th_ day of _August_, 2021, by _Christopher Edmund Castillo_, who has produced as identification _drivers license_, bearing number _C5251076_, expiring _04/21/2025_ and who did (~~did not~~) take an oath.

**Tameala Diane Pollock**

NOTARY PUBLIC
STATE OF TEXAS

ID NUMBER
132735619
COMMISSION EXPIRES
October 19, 2024

NOTARY PUBLIC SIGNATURE

Notarized online using audio-video communication

# EXHIBIT 18

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

                Plaintiffs,

   v.

GOOGLE LLC,

                Defendant.

Case No.  5:20-cv-03664-LHK-SVK

**PLAINTIFF JEREMY DAVIS' OBJECTIONS AND RESPONSES TO DEFENDANT'S FOURTH SET OF INTERROGATORIES (NOS. 12–15)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Jeremy Davis ("Davis") hereby objects and responds to Defendant's, Google LLC ("Google"), Fourth Set of Interrogatories (Nos. 12–15). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Davis' knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Davis may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Davis reserves all rights to supplement and amend his objections and responses accordingly.

**INTERROGATORY NO. 12:**

Describe with particularity whether YOU agreed to all terms in the documents you allege are part of the contract between YOU and Google, *see* SAC ¶ 268, including Google's TERMS OF SERVICE, CHROME TERMS OF SERVICE, Google's PRIVACY POLICY, CHROME PRIVACY NOTICE, and the CHROME INCOGNITO NOTICE, and if YOU did not agree to all terms in these documents, identify all terms YOU did agree to.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff Davis objects to this Interrogatory to the extent it purports to suggest that his agreement with Google's Terms of Service, Chrome Terms of Service, Privacy Policy, Chrome Privacy Notice, and/or Chrome Incognito Notice is a necessary predicate for any claim (other than the contract claim) in this litigation. Plaintiff's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Davis responds that the Chrome Privacy Notice promises Plaintiff and Class members that Google does not collect or use private browsing communications, including by explaining that "[y]ou can limit the information Chrome stores on your system by using incognito mode" and that, within Incognito mode, "Chrome won't store certain information, such as: Basic browsing history information like URLs, cached paged text, or IP addresses of pages linked from the websites [users] visit [and] Snapshots of pages that [users] visit." Additionally, Google's Privacy Policy, the Incognito Screen, and the "Search & Browse Privately" page similarly promise that users can control Google's collection and use of their browsing data including by enabling private browsing mode such as Incognito mode, and that Google would not collect and use private browsing data. Google breached those promises, and as a result was able to obtain the personal property of Plaintiff and class members and earn unjust profits.

**INTERROGATORY NO. 13:**

Identify and describe with particularity any money that you have paid to Google.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff Davis objects to this Interrogatory to the extent it purports to suggest that monetary payment to Google is a necessary predicate for any claim in this litigation. Plaintiff and class members provided valuable consideration in the form of their respective personal information they agreed to share with Google in non-private browsing mode, which has ascertainable and demonstrated value by its use and sale by Google. Because Google unlawfully intercepted, collected data from, analyzed, and monetized Plaintiff's (and class members') browsing activity conducted in private browsing mode, this private and personally identifiable data and content has been diminished in value, and Plaintiff and class members have been deprived of their right to control the dissemination and use of their respective personal (and private) information and communications. Plaintiff Davis further objects to this Interrogatory as irrelevant to the extent it seeks information concerning money paid not related to private browsing.

Notwithstanding and subject to these objections, Plaintiff Davis responds that, to the best of his recollection, he has not directly paid any money to Google. Plaintiff has, however, provided valuable consideration in the form of his personal information for the use of Google products, but Google unlawfully intercepted, collected data from, analyzed, and monetized Plaintiff's browsing activity conducted in private browsing mode, the value of which has been diminished and Google has used to its benefit to increase its profits and revenues from targeted advertising and improvements of Google's other products.

**INTERROGATORY NO. 14:**

Identify all California or other applicable laws that you contend render the information that you allege Google misappropriated from you your personal property. *See, e.g.*, SAC ¶ 137 ("The CCPA recognizes that consumers' personal data is a property right."); *id*. ¶ 274 ("As a result of Google's breach(es), Google was able to obtain the personal property of Plaintiffs and Class members and earn unjust profits"); *id*. ¶ 282 ("Plaintiffs and Class members have suffered injury-

in-fact, including the loss of money and/or property as a result of Google's … practices, to wit, the unauthorized disclosure and taking of the personal information which has value as demonstrated by its use and sale by Google.").

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff Davis objects to this Interrogatory on the basis that discovery has not closed, and Google is still producing documents evidencing its unlawful interception, collection of data from, analysis, and monetization of Plaintiff's (and class members') browsing activity conducted in private browsing mode. Therefore, Plaintiff reserves his right to amend this response as discovery proceeds.

Notwithstanding and subject to these objections, Plaintiff Davis responds that his Second Amended Complaint and pleadings filed in this case identify California and other applicable laws that render the information that Google misappropriated from Plaintiff his personal property. These include: the California Constitution; the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*; the California Invasion of Privacy Act ("CIPA"), California Penal Code §§ 631 and 632; the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"), Cal. Penal Code § 502, *et seq.*; the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; invasion of privacy under California law; intrusion upon seclusion under California law; and breach of contract under California law. Google's secret embedded code causes a secret, separate message containing Plaintiff's communications and data at issue to Google's servers in California, and Google's employees in California reuse those communications and data collected, bringing Google's conduct under the laws of California. Additionally, Google's own Terms of Service explicitly states "California law will govern all disputes arising out of or relating to these terms, service specific additional terms, or any related services, regardless of conflict of laws rules. These disputes will be resolved exclusively in the federal or state courts of Santa Clara County, California, USA, and [users] and Google consent to personal jurisdiction in those courts." By choosing California law for the resolution of disputes, Google has conceded that it is appropriate to apply California law to its unlawful interception, collection of data from, analysis, and

monetization of Plaintiff's (and class members') browsing activity conducted in private browsing mode.

**INTERROGATORY NO. 15:**

Identify and describe in detail any and all crimes of which YOU have been charged, convicted, pleaded guilty, pleaded no contest, and/or have otherwise been held responsible. *See, e.g.*, *Harris v. Vector Marketing Corp.*, 753 F.Supp.2d 996, 1015 (N.D. Cal. 2010) ("[t]he honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry" (citation omitted)); *Del Campo v. American Corrective Counseling Servs., Inc.*, 2008 WL 2038047, at *4 (N.D. Cal. May 12, 2008) ("[I]t is self-evident that a Court must be concerned with the integrity of individuals it designates as representatives for a large class of plaintiffs" (citation omitted)); *Pena v. Taylor Farms Pacific, Inc.*, 305 F.R.D. 197, 215-16 (E.D. Cal. 2015) (finding Plaintiff's conviction for identity theft near the time period relevant to her claims and failure to initially disclose the conviction was "likely to cast doubt on her honesty and credibility," which rendered her "not an adequate representative.").

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff Davis objects to Interrogatory No. 15 as overly broad and irrelevant, insofar as it requests information concerning any crimes for which Plaintiff was charged but were dismissed or for which Plaintiff was otherwise exonerated. Plaintiff further objects to Interrogatory No. 15 as overly broad and irrelevant, insofar as it requests information concerning criminal convictions for which more than ten years have passed since conviction or release from confinement, whichever is later. Fed. R. Civ. P. 609(b).

Notwithstanding and subject to these objections, none; Plaintiff has never been charged, convicted, pleaded guilty, pleaded no contest, and/or have otherwise been held responsible for any crimes.

## __VERIFICATION__

Under penalties of perjury, I declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: _____

Printed Name: _____

Title: _____

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2021, by _____, who has produced as identification _____, bearing number _____, expiring _____ and who did (did not) take an oath.


_____
NOTARY PUBLIC SIGNATURE

Dated: July 30, 2021

**MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

## **PROOF OF SERVICE**

I, Jennifer Cabezas, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On July 30, 2021, I served the following document described as:

**Plaintiff's Objections and Responses to Defendant's Fourth Set of Interrogatories**

By electronic mail transmission from jcabezas@forthepeople.com on July 30, 2021, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650-801-5000

Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorneys for Defendant*

Executed on July 30, 2021, at Tampa, Florida.


*/s/ Jennifer Cabezas*
Jennifer Cabezas

## **VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: _Jeremy Hart Davis_____

Printed Name: _Jeremy Hart Davis_____

Title: _N/A_____

STATE OF _Texas_____

COUNTY OF _Harris_____

The foregoing instrument was acknowledged before me this _15th_ day of _August_____, 2021, by _Jeremy Hart Davis_____, who has produced as identification _an Arkansas driver's license_, bearing number _902087090___, expiring _08/23/2027____ and who did (did not) take an oath.

Michael O. Adeeko II
STATE OF TEXAS
NOTARY PUBLIC
ID NUMBER
132332634
COMMISSION EXPIRES
January 28, 2024

_Michael O. Adeeko II_____
NOTARY PUBLIC SIGNATURE

Notarized online using audio-video communication

# EXHIBIT 19

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

                   Plaintiffs,

  v.

GOOGLE LLC,

                   Defendant.

Case No.  5:20-cv-03664-LHK-SVK

**PLAINTIFF MONIQUE TRUJILLO'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FOURTH SET OF INTERROGATORIES (NOS. 12–15)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Monique Trujillo ("Trujillo") hereby objects and responds to Defendant's, Google LLC ("Google"), Fourth Set of Interrogatories (Nos. 12–15). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Trujillo's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Trujillo may become aware of additional facts or evidence and her analysis of the case may change. Plaintiff Trujillo reserves all rights to supplement and amend her objections and responses accordingly.

**INTERROGATORY NO. 12:**

Describe with particularity whether YOU agreed to all terms in the documents you allege are part of the contract between YOU and Google, *see* SAC ¶ 268, including Google's TERMS OF SERVICE, CHROME TERMS OF SERVICE, Google's PRIVACY POLICY, CHROME PRIVACY NOTICE, and the CHROME INCOGNITO NOTICE, and if YOU did not agree to all terms in these documents, identify all terms YOU did agree to.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff Trujillo objects to this Interrogatory to the extent it purports to suggest that her agreement with Google's Terms of Service, Chrome Terms of Service, Privacy Policy, Chrome Privacy Notice, and/or Chrome Incognito Notice is a necessary predicate for any claim (other than the contract claim) in this litigation. Plaintiff's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff's knowledge, she has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Trujillo responds that the Chrome Privacy Notice promises Plaintiff and Class members that Google does not collect or use private browsing communications, including by explaining that "[y]ou can limit the information Chrome stores on your system by using incognito mode" and that, within Incognito mode, "Chrome won't store certain information, such as: Basic browsing history information like URLs, cached paged text, or IP addresses of pages linked from the websites [users] visit [and] Snapshots of pages that [users] visit." Additionally, Google's Privacy Policy, the Incognito Screen, and the "Search & Browse Privately" page similarly promise that users can control Google's collection and use of their browsing data including by enabling private browsing mode such as Incognito mode, and that Google would not collect and use private browsing data. Google breached those promises, and as a result was able to obtain the personal property of Plaintiff and class members and earn unjust profits.

**INTERROGATORY NO. 13:**

Identify and describe with particularity any money that you have paid to Google.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff Trujillo objects to this Interrogatory to the extent it purports to suggest that monetary payment to Google is a necessary predicate for any claim in this litigation. Plaintiff and class members provided valuable consideration in the form of their respective personal information they agreed to share with Google in non-private browsing mode, which has ascertainable and demonstrated value by its use and sale by Google. Because Google unlawfully intercepted, collected data from, analyzed, and monetized Plaintiff's (and class members') browsing activity conducted in private browsing mode, this private and personally identifiable data and content has been diminished in value, and Plaintiff and class members have been deprived of their right to control the dissemination and use of their respective personal (and private) information and communications. Plaintiff Trujillo further objects to this Interrogatory as irrelevant to the extent it seeks information concerning money paid not related to private browsing.

Notwithstanding and subject to these objections, Plaintiff Trujillo responds that, to the best of her recollection, she has not directly paid any money to Google. Plaintiff has, however, provided valuable consideration in the form of her personal information for the use of Google products, but Google unlawfully intercepted, collected data from, analyzed, and monetized Plaintiff's browsing activity conducted in private browsing mode, the value of which has been diminished and Google has used to its benefit to increase its profits and revenues from targeted advertising and improvements of Google's other products.

**INTERROGATORY NO. 14:**

Identify all California or other applicable laws that you contend render the information that you allege Google misappropriated from you your personal property. *See, e.g.*, SAC ¶ 137 ("The CCPA recognizes that consumers' personal data is a property right."); *id*. ¶ 274 ("As a result of Google's breach(es), Google was able to obtain the personal property of Plaintiffs and Class members and earn unjust profits"); *id*. ¶ 282 ("Plaintiffs and Class members have suffered injury-

in-fact, including the loss of money and/or property as a result of Google's … practices, to wit, the unauthorized disclosure and taking of the personal information which has value as demonstrated by its use and sale by Google.").

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff Trujillo objects to this Interrogatory on the basis that discovery has not closed, and Google is still producing documents evidencing its unlawful interception, collection of data from, analysis, and monetization of Plaintiff's (and class members') browsing activity conducted in private browsing mode. Therefore, Plaintiff reserves her right to amend this response as discovery proceeds.

Notwithstanding and subject to these objections, Plaintiff Trujillo responds that her Second Amended Complaint and pleadings filed in this case identify California and other applicable laws that render the information that Google misappropriated from Plaintiff her personal property. These include: the California Constitution; the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*; the California Invasion of Privacy Act ("CIPA"), California Penal Code §§ 631 and 632; the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"), Cal. Penal Code § 502, *et seq.*; the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; invasion of privacy under California law; intrusion upon seclusion under California law; and breach of contract under California law. Google's secret embedded code causes a secret, separate message containing Plaintiff's communications and data at issue to Google's servers in California, and Google's employees in California reuse those communications and data collected, bringing Google's conduct under the laws of California. Additionally, Google's own Terms of Service explicitly states "California law will govern all disputes arising out of or relating to these terms, service specific additional terms, or any related services, regardless of conflict of laws rules. These disputes will be resolved exclusively in the federal or state courts of Santa Clara County, California, USA, and [users] and Google consent to personal jurisdiction in those courts." By choosing California law for the resolution of disputes, Google has conceded that it is appropriate to apply California law to its unlawful interception, collection of data from, analysis, and

monetization of Plaintiff's (and class members') browsing activity conducted in private browsing mode.

**INTERROGATORY NO. 15:**

Identify and describe in detail any and all crimes of which YOU have been charged, convicted, pleaded guilty, pleaded no contest, and/or have otherwise been held responsible. *See, e.g.*, *Harris v. Vector Marketing Corp.*, 753 F.Supp.2d 996, 1015 (N.D. Cal. 2010) ("[t]he honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry" (citation omitted)); *Del Campo v. American Corrective Counseling Servs., Inc.*, 2008 WL 2038047, at *4 (N.D. Cal. May 12, 2008) ("[I]t is self-evident that a Court must be concerned with the integrity of individuals it designates as representatives for a large class of plaintiffs" (citation omitted)); *Pena v. Taylor Farms Pacific, Inc.*, 305 F.R.D. 197, 215-16 (E.D. Cal. 2015) (finding Plaintiff's conviction for identity theft near the time period relevant to her claims and failure to initially disclose the conviction was "likely to cast doubt on her honesty and credibility," which rendered her "not an adequate representative.").

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff Trujillo objects to Interrogatory No. 15 as overly broad and irrelevant, insofar as it requests information concerning any crimes for which Plaintiff was charged but were dismissed or for which Plaintiff was otherwise exonerated. Plaintiff further objects to Interrogatory No. 15 as overly broad and irrelevant, insofar as it requests information concerning criminal convictions for which more than ten years have passed since conviction or release from confinement, whichever is later. Fed. R. Civ. P. 609(b).

Notwithstanding and subject to these objections, none; Plaintiff has never been charged, convicted, pleaded guilty, pleaded no contest, and/or have otherwise been held responsible for any crimes.

1
2

## **<u>VERIFICATION</u>**

3

Under penalties of perjury, I declare that I have read the foregoing Answers to

4

Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

5

By: _____

6

Printed Name: _____

7

Title: _____

8
9

STATE OF _____

10

COUNTY OF _____

11

The foregoing instrument was acknowledged before me this _____ day of _____,

12

2021, by _____, who has produced as identification

13

_____, bearing number _____, expiring

14

_____ and who did (did not) take an oath.

15
16
17

_____
NOTARY PUBLIC SIGNATURE

18
19
20
21
22
23
24
25
26
27
28

Dated: July 30, 2021      **MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I, Jennifer Cabezas, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On July 30, 2021, I served the following document described as:

**Plaintiff's Objections and Responses to Defendant's Fourth Set of Interrogatories**

By electronic mail transmission from jcabezas@forthepeople.com on July 30, 2021, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650-801-5000

Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorneys for Defendant*

        Executed on July 30, 2021, at Tampa, Florida.


                    */s/ Jennifer Cabezas*
                    Jennifer Cabezas

**<u>VERIFICATION</u>**

Under penalties of perjury, I declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: _Monique Carolyne Trujillo_

Printed Name: _Monique Carolyne Trujillo_

Title: _Regional Manager_

STATE OF _____Florida_____

COUNTY OF _____Miami Dade_____

The foregoing instrument was acknowledged before me this _2nd_ day of _September_, 2021, by _Monique Carolyne Trujillo_, who has produced as identification _DRIVER LICENSE_, bearing number _B8914755_, expiring _03/20/2022_ and who did (did not) take an oath.

CHRISTOPHER ZABALA
Notary Public - State of Florida
Commission # HH17042
Expires on July 1, 2024

_____Christopher Zabala_____
NOTARY PUBLIC SIGNATURE
Online Notary
Florida

Notarized online using audio-video communication

# EXHIBIT 20

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

                Plaintiffs,

    v.

GOOGLE LLC,

                Defendant.

Case No.  5:20-cv-03664-LHK-SVK

**PLAINTIFF CHASOM BROWN'S OBJECTIONS AND RESPONSES TO DEFENDANT'S THIRD SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rule of Civil Procedure Rule 36, Plaintiff Chasom Brown ("Brown") hereby objects and responds to Defendant's, Google LLC ("Google"), Third Set of Requests for Admission (Nos. 22–29). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Brown's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Brown may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Brown reserves all rights to supplement and amend his objections and responses accordingly.

**REQUEST FOR ADMISSION NO. 22:**

Admit that, when YOU signed up for YOUR GOOGLE ACCOUNT, YOU agreed to the terms of Google's then-current TERMS OF SERVICE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Plaintiff Brown objects to this Request to the extent it purports to suggest that agreement to Google's Terms of Service is a necessary predicate for any claim in this litigation (aside from breach of contract). Plaintiff's allegations relate to Google's conduct of secretly and unlawfully

intercepting, collecting data from, analyzing, and monetizing Plaintiff's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito mode or otherwise. Further, to the best of Plaintiff's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Brown admits that, when he signed up for his Google Account, although he does not recall the exact details of the then-current Terms of Service, he indicated to Google that he generally agreed to Google's then-current Terms of Service—which incorporates the Google Chrome and Chrome OS Additional Terms of Service, the Chrome Privacy Notice, the Privacy Policy, the "Search & Browse Privately" page, and the Incognito Screen—and he recalls the disclosures promising that Google would not intercept and collect his private browsing activity, and he did not consent to that interception and collection. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 23:**

Admit that, when YOU signed up for YOUR GOOGLE ACCOUNT, YOU agreed to the terms of Google's then-current PRIVACY POLICY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Plaintiff Brown objects to this Request to the extent it purports to suggest that agreement to Google's Privacy Policy is a necessary predicate for any claim in this litigation (aside from breach of contract). Plaintiff's allegations relate to Google's conduct of secretly and unlawfully intercepting, collecting data from, analyzing, and monetizing Plaintiff's (and class members') browsing activity conducted in private browsing mode, despite Google's representations (including without limitation in the Incognito private browsing mode) that private browsing mode was private and that Plaintiff's (and class members') private browsing information would not be collected by Google. Users did not need any Google account to browse privately, using Incognito

mode or otherwise. Further, to the best of Plaintiff's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode.

Notwithstanding and subject to these objections, Plaintiff Brown admits that, when he signed up for his Google Account, although he does not recall the exact details of the then-current Privacy Policy, he indicated to Google that he generally agreed to Google's then-current Terms of Service—which incorporates the Google Chrome and Chrome OS Additional Terms of Service, the Chrome Privacy Notice, the Privacy Policy, the "Search & Browse Privately" page, and the Incognito Screen—and he recalls the disclosures promising that Google would not intercept and collect his private browsing activity, and he did not consent to that interception and collection. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 24:**

Admit that, when YOU used the Chrome browser, YOU agreed to the terms of Google's then-current CHROME TERMS OF SERVICE.

**ORIGINAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Plaintiff Brown admits that, when he used the Chrome browser, although he does not recall the exact details of the then-current Chrome Terms of Service, he indicated to Google that he generally agreed to Google's then-current Chrome Terms of Service, and he recalls Google's disclosures, including Google's Terms of Service, Privacy Policy, Incognito Screen, and other disclosures promising that Google would not intercept and collect his private browsing activity, and he did not consent to that interception and collection. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, when YOU used the Chrome browser, YOU agreed to the terms of Google's then-current CHROME PRIVACY NOTICE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Plaintiff Brown admits that, when he used the Chrome browser, although he does not recall the exact details of the then-current Chrome Privacy Notice, he indicated to Google that he generally agreed to Google's then-current Chrome Privacy Notice, and he recalls the disclosures,

including Google's Terms of Service, Privacy Policy, Incognito Screen, and other disclosures promising that Google would not intercept and collect his private browsing activity, and he did not consent to that interception and collection. Otherwise Denied.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU have never paid any money to Google to use CHROME.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Plaintiff Brown objects to this Request to the extent it purports to suggest that monetary payment to Google is a necessary predicate for any claim in this litigation. Plaintiff and class members provided valuable consideration in the form of their respective personal information they agreed to share with Google in non-private browsing mode, which has ascertainable and demonstrated value by its use and sale by Google. Because Google unlawfully intercepted, collected data from, analyzed, and monetized Plaintiff's (and class members') browsing activity conducted in private browsing mode, this private and personally identifiable data and content has been diminished in value, and Plaintiff and class members have been deprived of their right to control the dissemination and use of their respective personal information and communications.

Notwithstanding and subject to these objections, Plaintiff Brown responds that, to the best of his recollection, he has not directly paid any money to Google to use Chrome. Plaintiff has, however, provided valuable consideration in the form of his personal information for the use of Google products, but Google unlawfully intercepted, collected data from, analyzed, and monetized Plaintiff's browsing activity conducted in private browsing mode, the value of which has been diminished and Google has used to its benefit to increase its profits and revenues from targeted advertising and improvements of Google's other products. Otherwise denied.

**REQUEST FOR ADMISSION NO. 27:**

Admit that YOU have never paid any money to Google to use GMAIL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Plaintiff Brown objects to this Request as irrelevant, as Gmail is not at issue in this litigation. Plaintiff further objects to this Request to the extent it purports to suggest that monetary

payment to Google is a necessary predicate for any claim in this litigation. Plaintiff and class members provided valuable consideration in the form of their respective personal information they agreed to share with Google in non-private browsing mode, which has ascertainable and demonstrated value by its use and sale by Google. Because Google unlawfully intercepted, collected data from, analyzed, and monetized Plaintiff's (and class members') browsing activity conducted in private browsing mode, this private and personally identifiable data and content has been diminished in value, and Plaintiff and class members have been deprived of their right to control the dissemination and use of their respective personal information and communications.

Notwithstanding and subject to these objections, Plaintiff Brown responds that, to the best of his recollection, he has not directly paid any money to Google to use Gmail. Plaintiff has, however, provided valuable consideration in the form of his personal information for the use of Google products, but Google unlawfully intercepted, collected data from, analyzed, and monetized Plaintiff's browsing activity conducted in private browsing mode, the value of which has been diminished and Google has used to its benefit to increase its profits and revenues from targeted advertising and improvements of Google's other products. Otherwise denied.

**REQUEST FOR ADMISSION NO. 28:**

Admit that YOU have never paid any money to Google to use any SERVICES offered by Google.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Plaintiff Brown objects to the term "Services" insofar as it is irrelevant, vague, and ambiguous, as Google has defined it to include a non-exhaustive list of "Google apps, sites, and devices, like Search, YouTube, and Google Home, Google platforms like the Chrome browser and Android operating system, and Google products that are integrated into third-party apps and sites, like ads and embedded Google Maps." Plaintiff's use of YouTube, Maps, and other irrelevant "services" are not at issue in this litigation. Plaintiff further objects to this Request to the extent it purports to suggest that monetary payment to Google is a necessary predicate for any claim in this litigation. Plaintiff and class members provided valuable consideration in the form of their

respective personal information they agreed to share with Google in non-private browsing mode, which has ascertainable and demonstrated value by its use and sale by Google. Because Google unlawfully intercepted, collected data from, analyzed, and monetized Plaintiff's (and class members') browsing activity conducted in private browsing mode, this private and personally identifiable data and content has been diminished in value, and Plaintiff and class members have been deprived of their right to control the dissemination and use of their respective personal information and communications.

Notwithstanding and subject to these objections, Plaintiff Brown responds that, to the best of his recollection, he has not directly paid any money to Google to use services offered by Google. Plaintiff has, however, provided valuable consideration in the form of his personal information for the use of Google products, but Google unlawfully intercepted, collected data from, analyzed, and monetized Plaintiff's browsing activity conducted in private browsing mode, the value of which has been diminished and Google has used to its benefit to increase its profits and revenues from targeted advertising and improvements of Google's other products. Otherwise denied.

**REQUEST FOR ADMISSION NO. 29:**

Admit that in YOUR GOOGLE ACCOUNT WEB & APP ACTIVITY SETTINGS, YOU consented to Google saving information about your activity on sites that use Google services in Your Google Account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Plaintiff Brown objects to this Request as irrelevant, as Web & App Activity is not at issue in this litigation. Otherwise denied.

Dated: July 30, 2021

**MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I, Jennifer Cabezas, declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On July 30, 2021, I served the following document described as:

**Plaintiff's Objections and Responses to Defendant's Third Set of Requests for Admission**

By electronic mail transmission from jcabezas@forthepeople.com on July 30, 2021, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Andrew H. Schapiro (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312-705-7400
Fax: 312-705-7401
andrewschapiro@quinnemanuel.com

*Attorney for Defendant*

Stephen A. Broome
Viola Trebicka
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant*

Diane M. Doolittle
Thao Thai
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor

Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-8015100
dianedoolittle@quinnemanuel.com
thaothai@quinnemanuel.com

*Attorneys for Defendant*

William Burck (pro hac vice)
Josef Ansorge (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C., 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
josefansorge@quinnemanuel.com

*Attorneys for Defendant*

Jonathan Tse
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
jonathantse@quinnemanuel.com

*Attorneys for Defendant*

      Executed on July 30, 2021, at Tampa, Florida.


                */s/ Jennifer Cabezas*
                Jennifer Cabezas