| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP** | **SUSMAN GODFREY L.L.P.** |
| David Boies (admitted *pro hac vice*) | William C. Carmody (admitted *pro hac vice*) |
| 333 Main Street | Shawn J. Rabin (admitted *pro hac vice*) |
| Armonk, NY 10504 | Steven M. Shepard (admitted *pro hac vice*) |
| Tel: (914) 749-8200 | Alexander Frawley (admitted *pro hac vice*) |
| dboies@bsfllp.com | 1301 Avenue of the Americas, 32nd Floor |
| | New York, NY 10019 |
| Mark C. Mao, CA Bar No. 236165 | Tel.: (212) 336-8330 |
| Beko Reblitz-Richardson, CA Bar No. 238027 | bcarmody@susmangodfrey.com |
| Erika Nyborg-Burch, CA Bar No. 342125 | srabin@susmangodfrey.com |
| 44 Montgomery St., 41st Floor | sshepard@susmangodfrey.com |
| San Francisco, CA 94104 | afrawley@susmangodfrey.com |
| Tel.: (415) 293-6800 | |
| mmao@bsfllp.com | Amanda K. Bonn, CA Bar No. 270891 |
| brichardson@bsfllp.com | 1900 Avenue of the Stars, Suite 1400 |
| enyborg-burch@bsfllp.com | Los Angeles, CA 90067 |
| | Tel.: (310) 789-3100 |
| James Lee (admitted *pro hac vice*) | abonn@susmangodfrey.com |
| Rossana Baeza (admitted *pro hac vice*) | |
| 100 SE 2nd St., 28th Floor | **MORGAN & MORGAN** |
| Miami, FL 33131 | John A. Yanchunis (admitted *pro hac vice*) |
| Tel.: (305) 539-8400 | Ryan J. McGee (admitted *pro hac vice*) |
| jlee@bsfllp.com | 201 N. Franklin Street, 7th Floor |
| rbaeza@bsfllp.com | Tampa, FL 33602 |
| | Tel.: (813) 223-5505 |
| Alison L. Anderson, CA Bar No. 275334 | jyanchunis@forthepeople.com |
| 725 S Figueroa St., 31st Floor | rmcgee@forthepeople.com |
| Los Angeles, CA 90017 | |
| Tel.: (213) 995-5720 | Michael F. Ram, CA Bar No. 104805 |
| alanderson@bsfllp.com | 711 Van Ness Ave, Suite 500 |
| | San Francisco, CA 94102 |
| | Tel: (415) 358-6913 |
| | mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF MARK MAO IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELIEF RE: GOOGLE'S PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED**<br><br>Referral: The Honorable Susan van Keulen |

**DECLARATION OF MARK MAO**

1. I am a partner with the law firm of Boies Schiller Flexner LLP, counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of California. I have personal knowledge of the matters set forth herein and am competent to testify.

2. I submit this Declaration in support of Plaintiffs' Administrative Motion Regarding Google's Production of Documents Improperly Withheld as Privileged.

3. On July 24, 2021, Google served its first privilege log.

4. On August 29, 2021, Plaintiffs sent Google a letter (attached as Exhibit B) concerning that first Google privilege log, noting in part on page 2:

- Google appears to be withholding numerous ordinary business communications between Google employees that do not involve attorneys.

- Google's log is replete with entries where in-house counsel is identified in the "Recipient(s)" column, but the attorneys are just one of many recipients, without specifying whether these are communications where the attorney was just copied on the email without providing any input or actual legal advice.

5. On August 13, 2021, Google served a second privilege log.

6. On September 8, 2021, Plaintiffs sent a letter (attached as Exhibit C) concerning that second privilege log, noting in part on page 6 "there appears to be a pattern among Google employees – including Google's top executives – of improperly labeling non-privileged emails and documents as 'privileged' and/or copying attorneys on non-privileged emails."

7. The parties raised certain issues regarding privilege disputes in their September 24, 2021 joint discovery dispute chart. Dkt. 281.

8. On September 30, 2021, during the ensuing discovery hearing with Your Honor, Plaintiffs said to the Court: "What we are seeing is that Google is withholding and redacting categories of documents that appear simply not to be privileged. They are technical documents that involve only engineers and no lawyers." Dkt. 333-3 at 226.

9. On October 19, 2021, Plaintiffs moved for an order requiring Google to re-review certain categories of documents. Dkt. 296 & 296-1. In response, Google represented that its privilege review was "robust" and described Plaintiffs' concerns as "rife with half-baked disputes

ill-suited for court intervention." Dkt. 296 at 5. That motion resulted in Plaintiffs receiving hundreds of re-review challenges, which Plaintiffs exercised over the ensuing months. Dkt. 307.

10. As noted by the Court, Plaintiffs' privilege challenges resulted in "the significant correction rate of 25% in this case," which "g[a]ve the Court pause." Dkt. 522 at 2.

11. As a result of Plaintiffs' privilege challenges, Google produced 208 documents to Plaintiffs in February and March 2022.

12. This Court then ordered Google to re-review 1,000 additional documents (Dkt. 542), from which Google corrected 371 of its privilege designations and produced 255 unique documents in April 2022 (Dkt. 566).

13. This Court subsequently ordered Google to re-review all documents that fell into the categories Plaintiffs had flagged. Dkt. 605.

14. As a result of that re-review, Google produced 907 documents in June and July 2022.

15. My colleague contacted counsel for Google on August 2 to seek Google's position on Plaintiffs' Administrative Motion and to offer to meet and confer. Google's counsel asked for a list of documents for which Plaintiffs believe they have been prejudiced. Plaintiffs promptly provided the list of 15 documents summarized in Exhibit A, but clarified that the relief they seek should apply to all documents produced after the close of fact discovery. Google has not yet responded to the substance of Plaintiffs' requested relief. Google asked that the parties postpone any briefing until late August or September. Plaintiffs explained that the relief they request is relevant to class certification, which is why Plaintiffs seek to raise this issue with the Court now.

16. Attached hereto as **Exhibit A** is a chart summarizing fifteen documents that Google had withheld as privileged and as a result only produced to Plaintiffs within the last three months, after the close of fact discovery, pursuant to this Court's re-review orders.

17. Attached hereto as **Exhibit B** is a true and correct copy of an August 9, 2021 letter from Plaintiffs to Google.

18.     Attached hereto as **Exhibit C** is a true and correct excerpt of a September 8, 2021 letter from Plaintiffs to Google. Plaintiffs deleted the missing portions of this letter because they discussed a document that Google ended up clawing back.

19.     Attached hereto as **Exhibit 1** is a true and correct copy of a document that Google produced to Plaintiffs on July 21, 2022, labeled GOOG-BRWN-00857647.

20.     Attached hereto as **Exhibit 2** is a true and correct copy of a document that Google produced to Plaintiffs on July 6, 2022, labeled GOOG-BRWN-00855317.

21.     Attached hereto as **Exhibit 3** is a true and correct copy of a document that Google produced to Plaintiffs on July 22, 2022, labeled GOOG-CABR-05949445.

22.     Attached hereto as **Exhibit 4** is a true and correct copy of a document that Google produced to Plaintiffs on July 6, 2022, labeled GOOG-BRWN-00856066.

23.     Attached hereto as **Exhibit 5** is a true and correct copy of a document that Google produced to Plaintiffs on July 6, 2022, labeled GOOG-BRWN-00856578.

24.     Attached hereto as **Exhibit 6** is a true and correct copy of a document that Google produced to Plaintiffs on July 21, 2022, labeled GOOG-BRWN-00857642.

25.     Attached hereto as **Exhibit 7** is a true and correct copy of a document that Google produced to Plaintiffs on July 19, 2022, labeled GOOG-CABR-05949225.

26.     Attached hereto as **Exhibit 8** is a true and correct copy of a document that Google produced to Plaintiffs on April 29, 2022, labeled GOOG-BRWN-00848778.

27.     Attached hereto as **Exhibit 9** is a true and correct copy of a document that Google produced to Plaintiffs on April 29, 2022, labeled GOOG-CABR-05886497.

28.     Attached hereto as **Exhibit 10** is a true and correct copy of a document that Google produced to Plaintiffs on April 29, 2022, labeled GOOG-BRWN-00848723.

29.     Attached hereto as **Exhibit 11** is a true and correct copy of a document that Google produced to Plaintiffs on April 29, 2022, labeled GOOG-CABR-04780837.R.

30.     Attached hereto as **Exhibit 12** is a true and correct copy of a document that Google produced to Plaintiffs April 29, 2022, labeled GOOG-CABR-05888096.

DECLARATION OF MARK MAO
Case No. 4:20-cv-03664-YGR-SVK
3

31. Attached hereto as **Exhibit 13** is a true and correct copy of a document that Google produced to Plaintiffs on April 29, 2022, labeled GOOG-BRWN-00853326.

32. Attached hereto as **Exhibit 14** is a true and correct copy of a document that Google produced to Plaintiffs on April 29, 2022, labeled GOOG-CABR-05894563.

33. Attached hereto as **Exhibit 15** is a true and correct copy of a document that Google produced to Plaintiffs on April 29, 2022, labeled GOOG-BRWN-00850441.

34. Attached hereto as **Exhibit 16** is a true and correct copy of an excerpt from Google's April 15, 2022 Expert Report of On Amir.

35. Attached hereto as **Exhibit 17** is a true and correct copy of an excerpt from Google's May 27, 2022 Expert Report of Bruce Strombom.

36. Attached hereto as **Exhibit 18** is a true and correct copy of an excerpt from Google's June 7, 2022 Expert Report of Paul Schwartz.

37. Attached hereto as **Exhibit 19** is a true and correct copy of an excerpt from Google's April 15, 2022 Expert Report of Georgios Zervas.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 8th day of August, 2022, at San Francisco, California.

/s/ Mark Mao