| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>Erika Nyborg-Burch, CA Bar No. 342125<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br>enyborg-burch@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br>Defendant. | CASE NO.: 4:20-cv-03664-YGR-SVK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELIEF RELATING TO GOOGLE'S IMPROPER WITHHOLDING OF NON-PRIVILEGED DOCUMENTS** |

Before the Court is Plaintiffs' Administrative Motion seeking relief relating to Google's improper withholding of non-privileged documents. Having considered the parties' papers filed in support of and in opposition to Plaintiffs' Motion, and all other matters properly considered by this Court, the Court **GRANTS** Plaintiffs' Motion.

Based on Plaintiffs' privilege challenges, and this Court's re-review orders, Google has now produced over 1,300 documents previously withheld as privileged. Mao Decl. ¶¶ 11-14. The majority of these documents were produced after the close of fact discovery and after Plaintiffs served their opening expert reports, including 907 documents produced after all expert reports were served. *Id.* This Court has already expressed concern about Google's "significant correct rate" in its privilege re-reviews, which ranged from 25% to 37.1%. Dkts. 522, 566. In the chart attached as Exhibit A to the Mao Declaration, Plaintiffs summarize 15 examples of documents that Google produced after the close of fact discovery, and show how these documents undermine various positions that Google has taken in the case.

Google's improper withholding of these and other non-privileged documents violated this Court's August 12, 2021 order that "[d]ocument productions to be completed . . . by October 6, 2021." Dkt. 242-1 at 1. Google's violation of that order has prejudiced Plaintiffs. Google deprived Plaintiffs of an opportunity to obtain additional discovery about these documents, including discovery to (1) further support these documents' admissibility and (2) determine how Google may try to counter Plaintiffs' reliance on these documents (at any stage of the case). Without that additional discovery, Plaintiffs have no way to rebut any Google say-so regarding these documents.

Accordingly, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), the Court orders as follows:

For any document or portion thereof that Google initially withheld as privileged, and then produced after the March 4, 2022 close of fact discovery:

- Plaintiffs may admit any of these documents at any time without a sponsoring witness;

- For the duration of the case, Google may not affirmatively rely on any of these documents for any purpose; and
- For the duration of the case, Google may not rely on any witness for the purpose of rebutting Plaintiffs' arguments about what these documents convey.

**IT IS SO ORDERED.**

DATED: _____    _____

Honorable Susan van Keulen

United States Magistrate Judge