# PLAINTIFFS' RESPONSE TO GOOGLE'S ADMINISTRATIVE MOTION DKTS. 642, 646

# Redacted Version of Document Sought to be Sealed

| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted *pro hac vice*)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>Erika Nyborg-Burch, CA Bar No. 342125<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br>enyborg-burch@bsfllp.com<br><br>James Lee (admitted *pro hac vice*)<br>Rossana Baeza (admitted *pro hac vice*)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>William C. Carmody (admitted *pro hac vice*)<br>Shawn J. Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>Alexander Frawley (admitted *pro hac vice*)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted *pro hac vice*)<br>Ryan J. McGee (admitted *pro hac vice*)<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>      Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' RESPONSE TO GOOGLE'S ADMINISTRATIVE MOTION DKTS. 642, 646**<br><br>Referral: The Honorable Susan van Keulen |

**INTRODUCTION**

Plaintiffs appreciate the Court's careful attention to these Google data preservation issues, including with its order earlier today setting a hearing for August 4. *See* Dkt. 647. For the reasons set forth in this submission, Plaintiffs believe that Google's Administrative Motion (Dkt. 642) should be denied. To the extent the Court is inclined to grant Google any extension, Plaintiffs agree that Google should in the meantime preserve any and all data subject to the Preservation Order. Any extension should not result in any Google data destruction.

*First*, Plaintiffs note that they have no way to reasonably evaluate what Google is requesting, or the need for any further relief. Google did not produce any of the preservation methodologies at issue as part of fact or expert discovery, nor did Google produce anything regarding how it was sampling or selecting the preserved data. No Google expert put forth any report or testimony regarding what has or has not been preserved or why. Plaintiffs only have the very limited say-so submitted by Google, requesting the relief.

*Second*, Plaintiffs were unable to obtain additional information through the meet and confer process. Plaintiffs followed up with Google on July 28, 2022, to further inquire about fundamental issues raised by Google's request, but Google stated it would only provide a response today, the day this filing is due. As of the close of business on the East Coast, Google still had not provided any responses. Plaintiffs therefore have no additional information to offer.

*Third,* Plaintiffs note that additional preservation may be required. As will be addressed in Plaintiffs' forthcoming August 4 filing (per Dkt. 624), Google on June 14, 2022 revealed for the first time that it tracks users' private browsing in ▮ previously undisclosed logs, and uses that data for Google's various business purposes. Dkt. 614-2 (the "Sramek Declaration"). Google uses these logs with private browsing bits ███████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████ Dkt. 614-2 ¶¶ 6-10. Google's request does not address these logs or data at all, and Google has refused to even meet and confer about preservation of that data.

Plaintiffs hope that some of these additional issues can be addressed on August 4th.

## BACKGROUND

At the start of this litigation, Plaintiffs asked Google to preserve all relevant data; Google in turn insisted on doing nothing to preserve any data. Dkt. 546. Google also insisted on limiting Plaintiffs' discovery to just the data of class representatives (Dkt. 544), refusing even small samples of relevant data such as those relating to the X-Client Data header.

In March 2022, in response to the Court's order, Google for the first time made a proposal regarding data preservation—limited to samples of data. Mao Decl. ¶¶ 5-6. Plaintiffs sought preservation of all relevant data, and Google instead proposed sampling. Dkts. 544, 546.

On May 3, 2022, the Court held a hearing on Google's proposed preservation plan and Plaintiffs' objections. Dkt. 572. No part of what Google recently raised as technical difficulties in its Administrative Motion was raised at the hearing, or in any filing for the hearing.

On May 20, 2022, the Court entered the Preservation Order, adopting in part and modifying in part the Special Master's recommended preservation plan, which included part of Google's sampling proposal. Dkt. 587. Again, Google did not raise any difficulties with its proposed sampling plan, or any of the technical issues it raised in the last few days.

On May 27, 2022, Google sought "clarification" of the Preservation Order. Dkt. 591. Again, Google did not then raise any of the technical issues raised in its July 27 Motion.

Google has never produced to Plaintiffs any of the data, encryption keys, or methodologies at issue in the Motion, instead limiting Plaintiffs' access to just Plaintiffs' data. *E.g.*, Dkt. 311 at 5 (summarizing Plaintiffs' requests for class member data, and Google's insistence that data productions be limited to data from the named Plaintiffs); Mao Decl. ¶ 14.

Google did not serve any expert report using the data or encryption keys at issue, and no opinion was proffered regarding what was allegedly preserved or not, or how that impacts this litigation. Mao Decl. ¶ 14.

On June 14, 2022, via the Sramek Declaration, Google belatedly revealed that it tracks users' private browsing in ▮ previously undisclosed logs, and uses that data for Google's various

business purposes. Dkt. 614-2. Mr. Sramek did not address whether or how Google would preserve data and encryption keys for any of those additional logs. *Id.*

Prior to July 27, 2022, Google participated in many meet-and-confers and hearings and made multiple submissions to this Court related to sampling, including:

- March 14, 2022: Google first proposed sampling as part of a preservation plan;
- March 15, 2022: Google provided a written high-level sampling proposal;
- March 22, 2022: Google provided a more detailed sampling proposal;
- April 4, 2022: the Special Master filed his report and recommendation that included a modified version of sampling that Google requested (Dkt. 524);
- April 15, 2022: the parties provided their objections and responses to the Special Master's report and recommendation (Dkts. 544, 546);
- May 2, 2022: the Court clarified the scope of its upcoming hearing concerning the Special Master's report and recommendation (Dkt. 567);
- May 3, 2022: the Court held a hearing on the Special Master's report and recommendation (Dkt. 572);
- May 20, 2022: the Court entered its order on the preservation plan (Dkt. 587);
- May 27, 2022: Google sought clarification of the Court's preservation plan (Dkt. 591);
- June 9, 2022: the Court asked Google to respond to two discrete issues: first, the requirement for Court permission prior to shortening retention periods for any data source; and second, the requirement for preservation of rolling encryption keys (Dkt. 604);
- June 21, 2022: Google responded to the Court's June 9 inquiry (Dkt. 613); and
- July 15, 2022: the Court clarified the preservation plan (Dkt. 630).

Mao Decl. ¶¶ 5-6.

It was not until July 27, 2022—nearly five months after Google first proposed sampling for preservation and participated in no fewer than 12 events related to sampling (*i.e.*, meet-and-confers, hearings, and filings)—that Google took the position that some sampling was not possible, and the design and implementation for other sampling would take substantially more time than the Court allotted. Google has not produced any documentation or technical specifications regarding its alleged difficulties, and Plaintiffs have no way to assess Google's alleged difficulties.

Counsel for the parties met and conferred on July 27. During that meet and confer, Google's counsel represented that Google needed more time to design the preservation mechanism and even more time to conduct the backfill. Mao Decl. ¶ 9. No other issues were raised, including the now-revealed issues with GAIA ▮ and DBL ▮. *Id.*

Plaintiffs' counsel asked Google's counsel how the logs and data referenced by the Sramek Declaration would be addressed by Google's Motion, and Google's counsel said Google will not address the issue until Google files its response to Plaintiffs' forthcoming sanctions filing (with Plaintiffs' filing due August 4 and Google's response due August 18, per Dkt. 624). Mao Decl. ¶ 10.

On July 28, 2022, after Google filed its Administrative Motion, Plaintiffs posed nine questions to Google seeking additional information about assertions in Google's Motion, but Google said it would not respond until the day Plaintiffs' response is due. Mao Decl. ¶¶ 11-12. As of the close of business on the East Coast, Google has not provided any response to any of Plaintiffs' questions. Plaintiffs will evaluate any response upon receipt. *Id.* ¶ 13.

## ARGUMENT

While Plaintiffs would ordinarily not object to modest extensions, this Motion is unique in that it deals with Google's Court-ordered preservation obligations – based in part on a proposal Google made many months ago. These issues were already litigated and decided. The Court provided sufficient time to comply with the Preservation Order, in full, and any further delay is unwarranted.

Plaintiffs otherwise have no way to reasonably evaluate what Google is requesting as part of this Motion, including any changes to its preservation obligations. Google did not produce any of the data or methodologies at issue as part of fact or expert discovery, and no Google expert opined on what has or has not been preserved nor what that preserved data might implicate.

Google also only belatedly produced the Sramek Declaration, which identifies relevant logs and information not previously subject to preservation considerations or obligations. When confronted with how the Motion would affect the data referenced by the Sramek Declaration, Google refused to meet and confer. Mao Decl. ¶ 10. Thus, neither the Court nor the Plaintiffs have any way of evaluating the full ramifications of what Google is requesting.

The Preservation Order was issued based on Google's representations and assurances, allowing sampling over Plaintiffs' objections for full preservation. Google should not be rewarded

for its attempt to seek last-minute relief from its own proposed sampling and representations, while refusing to provide Plaintiffs with critical information through a meet and confer process.

## **CONCLUSION**

Plaintiffs respectfully request that the Court deny Google's Administrative Motion (Dkt. 642) and order Google to comply with the Preservation Order.

Dated: August 4, 2022

Respectfully submitted,

By: */s/ Mark Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (CA Bar No. 342125)
Enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (*pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304
Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Telephone: (213) 995-5720
Facsimile: (213) 629-9022

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*