| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted *pro hac vice*)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>Erika Nyborg-Burch, CA Bar No. 342125<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br>enyborg-burch@bsfllp.com<br><br>James Lee (admitted *pro hac vice*)<br>Rossana Baeza (admitted *pro hac vice*)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel: (213) 995-5270<br>alanderson@bsfllp.com<br><br>*Attorneys for Plaintiffs* | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted *pro hac vice*)<br>Shawn J. Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>Alexander Frawley (admitted *pro hac vice*)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted *pro hac vice*)<br>Ryan J. McGee (admitted *pro hac vice*)<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR RENEWED REQUEST TO DEPOSE GOOGLE CEO SUNDAR PICHAI**<br><br>The Honorable Susan van Keulen |

Extensive evidence obtained by Plaintiffs in this case demonstrates Sundar Pichai's direct, personal involvement in key issues and decisions contributing to Google's illegal conduct. Mr. Pichai was involved in the development and launch of Incognito in 2008, before becoming Google's CEO, and he continued to play a critical role in Incognito's development and expansion over the years, including making decisions as CEO that perpetuated user misconceptions about Incognito's privacy guarantees. For example:

- A 2015 Google document detailing Incognito "▇▇▇▇" that put Incognito users' "▇▇▇▇" references an unproduced presentation "▇▇▇▇" (Ex. A);[1]
- 2016 emails reference a ▇▇▇▇ (Ex. H) and one employee protesting ▇▇▇▇" (Ex. I);
- In 2019, Mr. Pichai reportedly was initially "▇▇▇▇" about implementing an "▇▇▇▇ (Ex. O);
- Documents from 2019 also include Mr. Pichai's ▇▇▇▇ referencing "known misconceptions" about Incognito (Ex. U), an email stating Mr. Pichai "▇▇▇▇" (Ex. S), a "promise" by Mr. Pichai to regulators where ▇▇▇▇" (Ex. V at -221, -223), and a document stating Mr. Pichai wanted Incognito to "▇▇▇▇" (Ex. Y);
- In 2021, a Google executive emailed Mr. Pichai about how Incognito is "▇▇▇▇" and ▇▇▇▇ (Ex. Z).

Against this backdrop Google absurdly suggests Mr. Pichai need not be deposed. Google's arguments lack merit, and Plaintiffs respectfully request permission to take this deposition.

**First**, Google's characterization of Plaintiffs' request as a "fishing expedition" (Dkt. 654 ("Resp.") at 1) is demonstrably false. As detailed in Plaintiffs' filing (Dkt. 635 ("Mot.")), the evidence shows Mr. Pichai was directly involved in and made critical decisions tied to Incognito mode, ▇▇▇▇.

**Second**, Google's reliance on speculative testimony provides no basis to block this deposition. Google cites testimony regarding two of the many documents showing Mr. Pichai's

---

[1] Unless stated otherwise, the exhibits cited here are the exhibits to the prior Baeza declaration (Dkt. 635-1). This submission includes a new Baeza declaration (Ex. 1) with one additional supporting document (Reply Ex. EE).

1  direct involvement (Resp. at 1), where Sabine Borsay and Lorraine Twohill admittedly
2  ████████████████████████████████████████. Instead, they speculated. That's no
3  basis to conclude that, contrary to what is stated *in the documents* themselves, Mr. Pichai was kept
4  in the dark. Indeed, Ms. Borsay's desire to protect Mr. Pichai at all costs was on full display at her
5  deposition; she even claimed ████████████████████████████████████████
6  ████████████████████████████████████████████████████████████████. The
7  claimed lack of recollection and understanding demonstrates the importance of this deposition.

8        ***Third***, Google manufactures a heightened apex standard that does not exist. Plaintiffs need
9  only prove that Mr. Pichai "may" have been involved with these key discussions and decisions.
10  *E.g.*, *Finisar Corp. v. Nistica, Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *2 (N.D.
11  Cal. June 30, 2015) ("need not prove conclusively that the deponent certainly has unique non-
12  repetitive information" but rather that the "corporate officer may have any first-hand knowledge
13  of relevant facts"); *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2013 WL 3884254,
14  at *2 (N.D. Cal. July 26, 2013) ("not required to prove that [executive] certainly has such
15  information," only that he "*may*" have) (emphasis added). Plaintiffs have easily met that burden.

16        ***Fourth***, Google fails to address *any* of the cases cited by Plaintiffs. Plaintiffs have far
17  exceeded what was deemed sufficient to permit CEO depositions in those seven other cases. *See*
18  Mot. at 5 (describing decisions). Google's response completely ignores those decisions, each of
19  which demonstrates the reasonableness of Plaintiffs' request for this deposition.

20        ***Fifth***, the decisions Google cites (Resp. at 2) are inapposite. *Id.* (also citing cases from its
21  prior brief (Dkt. 382 at 2-4)). Unlike those cases, Plaintiffs have established Mr. Pichai has unique,
22  first-hand, non-repetitive knowledge and exhausted efforts to obtain this information without
23  success, including by deposing numerous individuals who purportedly should have knowledge of
24  the issues and by serving written discovery. *Cf. Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C
25  05-4374MMC(JL), 2007 WL 205067, at *3, *5 (N.D. Cal. Jan. 25, 2007) (postponing deposition
26  of executives "until and if [the party] can demonstrate that other less intrusive discovery methods"
27
28

1 were "inadequate"); *River City Testing v. Cohen*, No. 520CV2198CJCSPX, 2021 WL 4805443, at *3 (C.D. Cal. July 8, 2021) (finding executive lacked "unique and non-repetitive" knowledge and the information sought could likely be "obtained from a more convenient and less burdensome source"); *Schneider v. Chipotle Mexican Grill, Inc.*, No. 16CV02200HSGKAW, 2017 WL 4127992, at *3 (N.D. Cal. Sept. 19, 2017) (finding no showing that the executive had "unique knowledge" and the information sought appeared repetitive); *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *1 (N.D. Cal. May 9, 2011) (finding no showing of unique knowledge or exhaustion of less burdensome means). *See also* Plaintiffs' Response, Dkt. 413 at 4 (distinguishing cases Google cited in Dkt. 382 at 4-5).

**Sixth**, nothing in Google's table (Resp. at 2-5) establishes a basis to bar Mr. Pichai's testimony. Plaintiffs diligently sought this information from other employees and sources. Unable to otherwise obtain it, Plaintiffs now seek that information from Mr. Pichai.

| 2015 "Sundar" Presentation Regarding Incognito "Misconceptions" |
|---|
| • Google mischaracterizes this document and states the research "*may have* 'contributed to[]'" a CEO-facing presentation." Resp. at 2 (emphasis added). But the document states "███████████████████████████" (Ex. A). |
| • Google's assertion that the research "does not even appear in [Mr. Pichai's] files" (Resp. at 2) is also misleading. Plaintiffs are not claiming that the *research* is in Mr. Pichai's files. The document states that ███████████████████████████," which (as noted) Plaintiffs have not received. |
| • Google cites Ms. Borsay's speculation that the findings were not shared with Mr. Pichai (Resp. at 3), but Ms. Borsay ███████████████████ (Reply Ex. EE, Borsay Tr. 197:16-204:22) and also ███████████████████████████ (Ex. D, Borsay Tr. 205:13-17). |
| **2016 "Sundar Level Decision" to Expand Incognito Branding Despite "Concerns" and User "Confusion"** |
| • Google claims Mr. Pichai's decision to elevate the Incognito brand to other Google products is irrelevant (Resp. at 3), but that decision by Mr. Pichai ███████████ Ex. H (noting ███████████████████████████") (emphasis added); Ex. I ("███████████████████████████"). |
| • Google's reliance on Ms. Twohill's testimony (Resp. at 3) is misplaced. The documents cited by Plaintiffs ███████████████ |

|   |   |
|---|---|
| 1 | (Exs. G, H, I, J). The existence of the PDPO Steering Committee does not mean that, contrary to those documents, Mr. Pichai had no involvement. |
| 2 | • And whether Mr. Pichai shared "concerns" with Ms. Twohill about the word "<u>private</u>" (Resp. at 3) similarly misses the mark, given the focus on the "concerns" about expanding the name "<u>Incognito</u>" and Mr. Pichai's own disregard of the concerns shared with him (*e.g.*, Exs. H, I). See *Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2015 WL 5852962, at *2 (N.D. Cal. Oct. 8, 2015) (allowing CEO deposition where CEO "personally participated in" and also "appears" he "may have been involved" in relevant decisions). |
| 6 | • Google has also failed to address Plaintiffs' diligent efforts to obtain this information through less intrusive means. |
| 7 | **2019 Mr. Pichai & "▓▓▓▓▓▓▓▓▓▓"** |
| 8 | • Google's reference to how Mr. Pichai "ultimately trusted us to game it out properly" (Resp. at 3) is misguided. That was a reference to a different "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" which was separate from the discussion of "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓," which "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." Ex. O (emphasis added). |
| 12 | • Google asserts that Plaintiffs "obtained ample testimony from Mr. Palmer" (Resp. at 3), but Mr. Palmer was unable to provide insight into the ▓▓▓▓▓▓▓▓ presentation to Mr. Pichai (Mot. at 2-3). Mr. McClelland similarly was unable to provide testimony about the referenced "▓▓▓▓▓▓▓" in the email involving Mr. Pichai. Google Ex. 3, McClelland Tr. 117:24-118:18. |
| 15 | • Contrary to Google's assertion, Mr. McClelland's testimony did not "squarely address[]" why ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Resp. at 3 (citing Google Ex. 3, McClelland Tr. 30:4-14)). That testimony addressed why a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Google Ex. 3, McClelland Tr. 28:13-20 (describing ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓); *id.* 107:16-108:15 |
| 18 | **2019 Mr. Pichai & No Incognito "Spotlight"** |
| 19 | • Ms. Twohill's testimony regarding ▓▓▓▓▓▓▓▓▓▓ provides no basis to block this deposition. Her generalized testimony (about what Google would "typically" do) reveals ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mr. Pichai surely has superior knowledge regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 22 | **2019 Mr. Pichai & Incognito "Known Misconceptions"** |
| 23 | • This is a document that literally has ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and Google's reliance on Ms. Twohill's testimony to prevent Mr. Pichai's testimony about this key document is misplaced. Ms. Twohill testified ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Google Ex. 2, Twohill Tr. 90:24-91:2. And she *speculated* that ▓▓▓▓▓▓▓▓▓▓. *Id.* 90:18-22. Ms. Twohill did not know if ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* 90:24-91:9. Ms. Twohill's lack of knowledge of |

**2019 Mr. Pichai & Incognito Regulator "Promise"**

- Google's contention that Plaintiffs "misrepresent the record" (Resp. at 4) is false. The document addresses Mr. Pichai's "promise" involving "███████████████████," and a ████████████████████████████████████████████ (Ex. V at -223).
- Mr. Halavati in fact testified ████████████████████████████████████████████████████████████████████████████. Ex. W, Halavati Tr. 99:17-19. Mr. Adhya testified he ████████████████████████████████████████████████████████████ (Google Ex. 5, Adhya Tr. 156:14-17), further establishing Mr. Pichai has first-hand, superior knowledge about ████████████████████████████████████ and whether Mr. Pichai ensured Google abided by those promises.

**2019 Mr. Pichai & Incognito Privacy "Towards Google"**

- Ex. Y involves Mr. Pichai's stated desire to have Incognito "provide privacy towards Google ████████████████" (i.e., to change the functionality). That Google employees *might* purportedly name drop "Sundar" to grab attention at times does not establish any lack of involvement by Mr. Pichai, and Plaintiffs reasonably seek to understand Mr. Pichai's involvement in that key issue.

**2021 Mr. Pichai & Incognito "Not Truly Private"**

- None of Google's assertions regarding the preparation of the email sent to Mr. Pichai matter. The key issue here is that one of Google's top executives (Ms. Twohill) told Mr. Pichai (after this lawsuit was filed) that ████████████████████████████████████████████████████████████████████████ (Ex. Z). Without testimony from Mr. Pichai, Plaintiffs have no ability to determine Mr. Pichai's response to that critical email, and why Google has never ████████████████████████████████████████████████████████████████ (Mot. at 4).

**Mr. Pichai's Involvement in the Early Development of Incognito**

- Unable to dispute that Mr. Pichai led the Google team that developed and launched Incognito mode, Google attempts to downplay this as old and irrelevant facts (Resp. at 5). The Court already rejected those arguments. Apr. 13 Hearing Tr. 30:22-25 ("It's difficult to stand on the position that development of . . . Incognito is not . . . relevant.").
- In terms of naming Incognito, Plaintiffs' assertions are correct. Mr. Rakowski struggled to "reconstruct memories" (Google Ex. 7, Rakowski Tr. 22:6-24) and often could not recall information, including whether Mr. Pichai was in fact involved (*id.* 23:19-21). Plaintiffs properly seek to ask Mr. Pichai about his involvement.
- The 2008-2009 emails (Exs. AA, BB, CC) discuss key issues, identifying Mr. Pichai as knowledgeable on ████████████████████████████████████████████████ (Ex. AA) and showing Mr. Pichai ████████████████████ (Exs. BB, CC). Google also fails to address Plaintiffs' unsuccessful attempts to obtain this information from Mr. Rakowski, who was also involved in the early development of Incognito mode (Mot. at 4-5).

| | | |
|---|---|---|
| 1 | Dated: August 9, 2022 | Respectfully submitted, |
| 2 | | By: */s/Beko Reblitz-Richardson* |
| 3 | | |
| 4 | | **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted *pro hac vice*)<br>333 Main Street |
| 5 | | Armonk, NY 10504<br>Tel: (914) 749-8200 |
| 6 | | dboies@bsfllp.com |
| 7 | | Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com |
| 8 | | Beko Reblitz-Richardson (CA Bar No. 238027) |
| 9 | | brichardson@bsfllp.com<br>Erika Nyborg-Burch (CA Bar No. 342125) |
| 10 | | enyborg-burch@bsfllp.com<br>44 Montgomery Street, 41st Floor |
| 11 | | San Francisco, CA 94104<br>Tel.: (415) 293 6858 |
| 12 | | Fax: (415) 999 9695 |
| 13 | | |
| 14 | | James Lee (admitted *pro hac vice*)<br>jlee@bsfllp.com |
| 15 | | Rossana Baeza (admitted *pro hac vice*)<br>rbaeza@bsfllp.com |
| 16 | | 100 SE 2nd Street, Suite 2800<br>Miami, FL 33131 |
| 17 | | Tel.: (305) 539-8400<br>Fax: (305) 539-1307 |
| 18 | | |
| 19 | | Alison L. Anderson (CA Bar No. 275334)<br>alanderson@bsfllp.com |
| 20 | | 725 S. Figueroa Street, 31st Floor<br>Los Angeles, CA 90017 |
| 21 | | Tel.: (213) 629-9040 |
| 22 | | **SUSMAN GODFREY L.L.P.** |
| 23 | | Bill Carmody (admitted *pro hac vice*)<br>Shawn J. Rabin (admitted *pro hac vice*) |
| 24 | | Steven M. Shepard (admitted *pro hac vice*)<br>Alexander Frawley (admitted *pro hac vice*) |
| 25 | | 1301 Avenue of the Americas, 32nd Floor<br>New York, NY  10019 |
| 26 | | Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com |
| 27 | | |
| 28 | | |

srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

7
PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' RENEWED REQUEST TO DEPOSE SUNDAR PICHAI
Case No.:  4:20-cv-03664-YGR-SVK