# Redacted Version of Document Sought to be Sealed

# [Proposed] Order Granting Plaintiffs' Supplemental Sanctions Motion Pursuant to Dkt. 624

| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted *pro hac vice*)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>Erika Nyborg-Burch, CA Bar No. 342125<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br>enyborg-burch@bsfllp.com<br><br>James Lee (admitted *pro hac vice*)<br>Rossana Baeza (admitted *pro hac vice*)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com<br><br>*Attorneys for Plaintiffs* | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted *pro hac vice*)<br>Shawn J. Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>Alexander Frawley (admitted *pro hac vice*)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted *pro hac vice*)<br>Ryan J. McGee (admitted *pro hac vice*)<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' SUPPLEMENTAL SANCTIONS MOTION**<br><br>Referral: The Honorable Susan van Keulen |

**[PROPOSED] ORDER**

Before the Court is Plaintiffs' motion seeking supplemental sanctions for Google's discovery misconduct ("Plaintiffs' Motion") (Dkt. ___). Google filed an Opposition ("Opp.") (Dkt. ___), and Plaintiffs filed a Reply ("Reply") (Dkt. ___). Having considered all of the papers and evidence before the Court, the Court **GRANTS** Plaintiffs' Motion. As detailed below, Google violated this Court's discovery orders and engaged in discovery misconduct warranting the sanctions imposed below.

**BACKGROUND**

The Court has overseen extensive discovery disputes in this litigation and conducted numerous hearings between the parties to narrow and resolve those discovery disputes. On February 26, 2022, Plaintiffs filed a request for an order for Google to show cause why it should not be sanctions for discovery misconduct (Dkt. 430), which Plaintiffs supplemented on March 21, 2022 (Dkt. 511, 512) (collectively, the "Motion for Sanctions"). Google subsequently filed an opposition to Plaintiffs' Motion for Sanctions (Dkt. 528), and Plaintiffs filed a reply (Dkt. 536).

On April 21, 2022, the Court held an all-day in-person evidentiary hearing on Plaintiffs' Motion for Sanctions. On May 20, 2022, the Court issued its Order on Plaintiffs' Motion for Sanctions (Dkt. 588) (the "Sanctions Order"), devoting approximately 34 pages to findings of fact concerning: 1) the background of this litigation; 2) Google's discovery deficiencies and misconduct; 3) Plaintiffs' uncovering Google's discovery deficiencies and misconduct; 4) Google's attempts to justify its discovery deficiencies; 5) conclusions regarding Google's discovery misconduct; and 6) the prejudice to Plaintiffs by Google's discovery misconduct. Dkt. 588 at 1–34.

Based on those findings of fact, concerning Google's concealment during the court of discovery, the Court sanctioned Google. Dkt. 588 at 11–16, 17–22, 38–43. The Court found Google's conduct to be "unjustified," "improper," and that it constituted "discovery misconduct." Dkt. 588 at 29. The Court found that evidentiary sanctions and monetary sanctions were warranted, and that a jury instruction was warranted to the extent Google's discovery misconduct is relevant

2

1  to an issue before the jury. Dkt. 588 at 38–43. The Court issued those sanctions pursuant to Federal
2  Rules of Civil Procedure 37(b) and 37(c).
3        Based on certain representations by Google, the Court denied Plaintiffs' request for a
4  finding that Google spoliated evidence. At the April 21, 2022 hearing, Google represented to this
5  Court that "[t]he search request that [Plaintiffs] gave to the Special Master on April 14th include[s]
6  all logs that contain the[] three [Incognito-detection] bits [and] [w]e are searching those logs under
7  the Special Master's guidance." Dkt. 568 (4/21/22 Hearing Tr.) at 134. Google's counsel also
8  represented that "all of the logs that contained the bits at issue have been included in the Special
9  Master's preservation proposal." *Id.* at 135. Based on those representations, the Court concluded
10 "that there is no basis for a finding that Google spoliated evidence" and declined to grant Plaintiffs'
11 requested relief for spoliation. Dkt. 588 at 34, 46–47. But the Court ordered Google to "provide
12 Plaintiffs with a representation in writing no later than **May 31, 2022** that other than the logs
13 identified thus far as containing Incognito-detection bits, no other such logs exist." Dkt. 588 at 7
14 (emphasis in original).
15       On May 31, 2022, Google did not provide Plaintiffs with the required representation that
16 no other logs containing Incognito-detection bits exist. Instead, on June 14, 2022—after Plaintiffs
17 served all of their expert reports, after briefing and a decision on Google's preservation obligations,
18 and less than one week before Plaintiffs moved for class certification—Google provided to
19 Plaintiffs a declaration from Mr. Martin Sramek. Dkt. 614-2 ("Sramek Declaration"). The Sramek
20 Declaration did not attest "that other than the logs identified thus far as containing Incognito-
21 detection bits, no other such logs exist." Quite to the contrary, Mr. Sramek identified ▇ additional
22 logs that contain Incognito-detection bits. Of those ▇ additional logs, ▇ fall into new categories
23 of logs that Google ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
24 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
25 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
26 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dkt.
27 614-2 ¶¶ 6–10. Mr. Sramek also noted that he worked with Google employee Matt Harren to

3

identify these logs. *Id.* ¶ 4. Finally, the Sramek Declaration refused to affirm that Google has now identified all logs that contain Incognito-detection bits.

On June 24, 2022, Plaintiffs filed an administrative motion seeking permission for limited further briefing regarding Google's response to the Court's Sanctions Order, attaching the Sramek Declaration. The Court then entered an order setting a briefing schedule and instructing Plaintiffs to address: 1) how they "have been prejudiced by Google's late disclosure of the additional logs, *beyond* the prejudice addressed by the Court in connection with Plaintiffs' previous sanctions motion"; and 2) the "relief Plaintiffs are seeking, *beyond* the relief awarded by the Court in its previous sanctions order." Dkt. 624 (emphasis in original). Google was ordered to address: 1) its "failure to seek an extension from the Court for compliance with this Court's Order of May 20, 2022"; 2) its "failure to identify the logs disclosed on June 14, 2022 during the course of this litigation, particularly in light of the attention brought to these issues in the past six months"; and 3) its "failure to affirm, as ordered by this Court, that it has identified *all* data sources with the disputed fields." Dkt. 624 (emphasis in original).

## ANALYSIS

"When a district court decides to impose sanctions or discipline, it must clearly delineate under which authority it acts to ensure that the attendant requirements are met." *Williams v. Williams*, No. 07-4464, 2013 WL 3157910, at *4 (N.D. Cal. June 20, 2013) (citing *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999)). Federal courts have the power to sanction litigants for discovery misconduct under both the Federal Rules of Civil Procedure and the court's inherent power to prevent abusive litigation practices. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Plaintiffs now seek sanctions under Federal Rule of Civil Procedure 37(b), Rule 37(c), and Rule 37(e).

**Google May Not Offer or Rely on Any Testimony from Martin Sramek or Matt Harren**

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . ." Fed. R. Civ. P. 37(c). Federal Rule of Civil Procedure 26(e) in turn requires that any party "who has

4

responded to an interrogatory . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c) accordingly "prohibits the use of improperly disclosed evidence." *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2001) (citing *Yeti by Molly, Ltd. v.. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). Unlike with Rule 37(b), it is not necessary for the Court to find that a violation of a court order has occurred because Rule 37(c)(1) is self-executing. *Id.* Google, "[t]he party facing sanctions[,] bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012). "In the ordinary case, violations of Rule 26 may warrant evidence preclusion." *R&R Sails*, 673 F.3d at 1247. If evidence preclusion "amount[s] to dismissal of a claim," the district court is required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith. *Id.*

Here, precluding Google from offering or relying on testimony of certain employees who were not identified in response to discovery requests would not "amount[] to dismissal of a claim" and thus the Court is not required to make a finding of willfulness, fault, or bad faith. The Court previously issued sanctions under Rule 37(c)(1) because Google failed to disclose witnesses Chris Liao, Bert Leung, Mandy Liu, and Quentin Fiard. That relief is equally appropriate here. Google "violated Rule 26(e) when it failed to disclose [Martin Sramek and Matt Harren] in response to Plaintiffs' interrogatory asking Google to identify employees 'with responsibility for or knowledge of . . . Google's collection of and use of data in connection with users' activity while in a private browsing mode.'" Dkt. 588 at 45; *see also* Dkt. 429-15 (interrogatory response); Dkt. 429-11 (list of over 200 Google employees). The Court now precludes Google from offering or relying on any testimony from Martin Sramek or Matt Harren.

Additionally Rule 37(c)(1)(A)–(B) permits the Court to "order payment of the reasonable expenses, including attorney's fees, caused by the failure"; "inform the jury of the party's failure";

5

1  and "impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–
2  (vi)." As with the prior Sanctions Order, Google must reimburse Plaintiffs for all fees paid in
3  bringing the present Motion.

4  **Preclusion Sanctions Are Warranted Under Federal Rule of Civil Procedure 37(b)**

5   Under Federal Rule of Civil Procedure 37(b), where a party "fails to obey an order to
6  provide or permit discovery," this Court may impose "whatever sanctions are just . . . up to
7  dismissal of part or all of the party's claims." *Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D.
8  Cal. 2014).

9   Plaintiffs have requested limited preclusion orders related to the information provided in
10 the Sramek Declaration. In support of this requested relief, Plaintiffs argue that Google again
11 violated the three discovery orders that this Court previously found Google in violation of. Dkt.
12 588 (citing the Court's April 30, 2021 order requiring Google to produce all of the named
13 Plaintiffs' "authenticated" and "unauthenticated" data (Dkt. 147-1 at 2), the Court's September 16,
14 2021 order devising a three-step process for Google to produce the named Plaintiffs' data to be
15 supervised by Special Master Brush (Dkt. 273), and the Court's November 12, 2021 order re-
16 starting the Special Master process with new requirements (Dkt. 331)). Plaintiffs also argue that
17 Google violated the Court's Sanctions Order requiring Google to attest by May 31, 2022 that the
18 Incognito-detection bits do not exist in any other logs than those previously identified. Dkt. 588 at
19 6.

20  The Court agrees with Plaintiffs that Google's concealment of the ▓ additional logs, and
21 the additional purposes for which Google uses that private browsing data, violates the same three
22 orders. The Court also agrees with Plaintiffs that Google violated the Court's Sanctions Order.

23  Plaintiffs have been prejudiced in ways that differ from the prejudice addressed in the prior
24 Sanctions Order. Because Google failed to disclose the ▓ additional logs and the purposes those
25 logs serve, including ████████████████████████████████████████████
26 ████████████████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████████████████████
28

6

1 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Plaintiffs were deprived of relevant discovery pertinent to disputed factual questions about how Google tracks and benefits from private browsing information, including for purposes of assessing damages and showing other ways that Google joins private browsing data with authenticated data. Where, as here, "the discovery misconduct has deprived the opposing party of key evidence needed to litigate a contested issue, an order prohibiting the disobedient party from contesting that issue . . . is appropriate." *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, 2017 WL 2840279, at *11 (S.D.N.Y. June 27, 2017).

The Court now precludes Google from contesting what the Sramek Declaration makes clear:

1. Google is precluded from arguing that it does not join Incognito browsing data to authenticated data.

2. Google is precluded from arguing that it does not use Incognito browsing data to "perform analysis and modeling to predict ad revenue."

3. Google is precluded from arguing that it does not use Incognito browsing data for "ads related to third-party exchanges."

4. Google is precluded from arguing that it has not made Incognito browsing data available for other business purposes.

Rule 37(b) also provides independent support to award Plaintiffs the fees, expenses, and costs, including expert fees, incurred with filing this motion. "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The Court previously awarded this remedy to Plaintiffs in the prior Sanctions Order, and there is no reason to depart from that analysis here. Dkt. 588 at 42.

**Jury Instructions Are Warranted Under Federal Rules of Civil Procedure 37(b) and 37(e)**

Rule 37(b)(2)(A) "authorizes a court to issue an adverse-inference jury instruction as a remedy when 'bad faith or gross negligence has resulted in either the spoliation of evidence or

1  failure to turn over relevant evidence.'" Dkt. 588 at 41. This Court previously found Google was
2  "grossly negligent in failing to turn over relevant evidence regarding its ability to identify
3  Incognito traffic, including by violating the Court's orders and failing to disclose the existence of
4  the Incognito-detection bits through relevant documents and witnesses." Dkt. 588 at 41. Google
5  was also (at a minimum) grossly negligent in not turning over evidence tied to these ▓ additional
6  logs, ███████████████████████████████████████████████████████████████████
7  ███████████████████████████████████████████████████████████████████.

8       These additional logs and uses of private browsing information are very clearly relevant to
9  key issues Plaintiffs seek to present to the jury, as detailed in Plaintiffs' class certification motion
10 and trial plan. *See* Dkt. 608-3 & 608-4. For example, the logs provide support for Plaintiffs'
11 allegations that Google was unjustly enriched by its collection and use of private browsing data,
12 and are relevant to the offensiveness of Google's misconduct, particularly in light of the revelation
13 that Google itself is joining private browsing data with data that Google deems authenticated.
14 These newly revealed uses of the data, and their relevance to Plaintiffs' damages, among other
15 jury issues, differentiate this subsequent discovery misconduct from Google's concealment of its
16 development and use of the Incognito-detection bits more generally, where this Court previously
17 qualified its jury instruction to the extent "Google's discovery misconduct is relevant to an issue
18 before the jury." Dkt. 588 at 42

19      The Court accordingly grants Plaintiffs' request for the following jury instruction:

> Google failed to turn over relevant evidence regarding its tracking of private browsing activity. That included evidence regarding how Google, within ▓ logs that were withheld from Plaintiffs, saves and uses private browsing activity, including without limitation to ███████████████████████
> ███████████████████████████████████████
> ███████████████. You may, but are not required, to infer that Google withheld evidence that was favorable to Plaintiffs' claims and unfavorable to Google's defenses in this case.

25      This relief is necessary to limit any benefit that Google could extract from its misconduct.
26 *See Kannan v. Apple, Inc.*, 2020 WL 9048723, at *9 (N.D. Cal. Sept. 21, 2020) (ordering adverse

1 jury instruction where party deleted or withheld responsive documents in sole possession that were
2 ordered to be produced); *State Farm Fire & Cas. for Robinson v. Helen of Troy*, 2017 WL
3 2774072, at *1 (W.D. Wash. June 27, 2017) (ordering jury instruction that "You may infer from
4 the Defendants' violation of this Court's order that the documents would have content favorable
5 to State Farm and unfavorable to Defendants"). This instruction should be given both at the end of
6 the trial and whenever Google advances any argument that Plaintiffs failed to identify evidence of
7 a given practice.

Jury instructions are also warranted under Federal Rule of Civil Procedure 37(e). "If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court . . . upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may" "presume that the lost information was unfavorable to the party" or "instruct the jury that it may or must presume the information was unfavorable to the party." Fed. R. Civ. P. 37(e).

In denying Plaintiffs' previous request for Rule 37(e) sanctions, the Court relied on two representations from Google's counsel. Dkt. 588 at 34. First, "[t]he search request that [Plaintiffs] gave to the Special Master on April 14th include[s] ***all logs that contain these three bits*** [and] [w]e are searching those logs . . . ." *Id.* at 33 (emphasis added). Second, "***all of the logs that contained the bits*** at issue have been included in the Special Master's preservation proposal." *Id.* at 34 (emphasis added). It is now clear both of Google's representations were false. Google prevented the Special Master from considering these ▇ new logs (for searches or preservation). As a result, Google has neither produced nor preserved private browsing data that is ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Google's intent to deprive Plaintiffs of this information is evident from how Google has dodged Plaintiffs' attempts to discover the full scope of this logging.

|   |   |
|---|---|
| 1 | Google's misconduct warrants two forms of relief under Rule 37(e). First, the Court will presume for all purposes in this case that any data Google spoliated from these ▮ additional logs was unfavorable to Google. Second, Plaintiffs are entitled to the following jury instruction: |

> Google during the course of this litigation breached its duty to preserve relevant evidence by deleting data regarding Google's tracking of private browsing activity. That included data regarding how Google saves and uses private browsing activity, including without limitation to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ You may, but are not required, to infer that the deleted material included evidence that was favorable to Plaintiffs' claims and unfavorable to Google's defenses in this case."

This instruction should be given both at the end of the trial and whenever Google advances any argument that Plaintiffs failed to identify evidence of a given practice.

**Additional Monetary Relief Is Warranted**

In their prior Sanctions Motion, Plaintiffs requested as a remedy that Google be ordered to reimburse Plaintiffs for all fees paid to Special Master Brush. Dkt. 430 at 22-23. The Court denied that request. Dkt. 588 at 42-43. Plaintiffs renew that request again, along a request that Google be ordered to pay a portion of Plaintiffs' attorneys' fees, costs, and expenses (including expert fees) that Plaintiffs incurred in the Special Master process more broadly. This time, the Court grants Plaintiffs the additional monetary relief they seek, in addition to the fees, costs and expenses (including expert fees) that Plaintiffs incurred bringing this supplemental motion for sanctions. Under Federal Rule 37(b), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Google's violation of numerous Court orders, and obstruction throughout the Special Master process more generally (*see* Thompson Decl. ¶¶ 9-16) made the Special Master process far longer and expensive than it needed to be. Google, the disobedient party, should bear those costs. Within two weeks of this order, Plaintiffs must:

1. Submit a request for (1) the attorneys' fees, costs, and expenses (including expert fees) incurred in preparing and litigating this supplemental sanctions motion, and (2) reimbursement for all fees paid to Special Master Brush, and

2. Submit a proposal and request for reimbursement of a portion of their attorneys' fees, costs, and expenses (including expert fees) incurred in the Special Master process more broadly.

**IT IS SO ORDERED.**

DATED: _____   _____

                                                   Honorable Magistrate Judge van Keulen
                                                   United States Magistrate Judge