# Request to Depose Sundar Pichai

# Redacted Version of Document Sought to be Sealed

**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel: (213) 995-5270
alanderson@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' RENEWED REQUEST TO DEPOSE GOOGLE CEO SUNDAR PICHAI**<br><br>Magistrate Judge: Hon. Susan van Keulen |

Pursuant to the Court's orders (Dkt. 523, 602), Plaintiffs respectfully renew their request to depose Google CEO Sundar Pichai. As detailed below, the evidence here far exceeds all apex requirements, showing (1) Mr. Pichai has unique, superior, and personal knowledge about key issues in this case, including Google's perpetuation of known private browsing misconceptions, and (2) Plaintiffs exhausted less intrusive means of discovery for this information. Plaintiffs deposed over 20 former and current Google employees, including the recent deposition of Sabine Borsay, who wrote about critical decisions and statements by and to Mr. Pichai regarding Incognito. Google witnesses repeatedly testified that they had no recollection of what Mr. Pichai said, considered, or decided with respect to these key issues. Because of Mr. Pichai's extensive involvement, and Plaintiffs' inability to obtain relevant testimony from others, Plaintiffs respectfully request 3.5 hours for his deposition,[1] to take place at least 15 days before Plaintiffs' opposition to any summary judgment motion or start of trial, whichever comes first. Attached as **Exhibit 1** is the Declaration of Rossana Baeza with supporting documents, and attached as **Exhibit 2** is a proposed order.

| Mr. Pichai's Unique, First-Hand & Superior Personal Knowledge & Involvement in Key Events & Decisions | Plaintiffs' Exhaustion of Less Intrusive Means to Obtain This Information Without Mr. Pichai's Deposition |
|---|---|
| **2015 "Sundar" Presentation Regarding Incognito "Misconceptions"**: A 2015 Google study called "Perceptions of Google Chrome Incognito" reported users had "misconceptions" about Incognito that "could put their privacy at risk." Ex. A "[I]n early Q1, the work contributed toward the Privacy/Policy presentation <u>to Sundar</u>." *Id.* (emphasis added).[2] This document indicates Mr. Pichai had knowledge in 2015 about Google's collection of users' private browsing without user consent. | Plaintiffs sought production (e.g., RFPs 27 (Ex. B), 169 (Ex. C)) but were unable to identify any produced copy of the "Privacy/Policy presentation to Sundar." Plaintiffs also deposed multiple lower-level Google employees about this presentation, but they were unable to provide information about what was presented to Mr. Pichai, his feedback, and his decisions. Ex. D, Borsay Tr. 205:13-17; Ex. E, Palmer Tr. 86:6-14; Ex. F, Felt Tr. 60:19-61:22. |

---

[1] With the exception of Ex. M, submitted documents reference Mr. Pichai either in the main text or in the metadata (showing Mr. Pichai received the document as part of one or more email distribution lists included in the emails). In Plaintiffs' last submission, Plaintiffs inadvertently did not include that metadata showing Mr. Pichai's involvement.
[2] All exhibit references in this submission are exhibits to the Declaration of Rossana Baeza.

PLAINTIFFS' RENEWED REQUEST TO DEPOSE SUNDAR PICHAI, Case No.:  4:20-cv-03664-YGR-SVK
1

| | |
|---|---|
| **2016 "Sundar Level Decision" to Expand Incognito Branding Despite "Concerns" and User "Confusion"**: In 2016 emails, Google employee Sabine Borsay referenced a "Sundar review" that appeared to involve Incognito "branding." Ex. G. Ms. Borsay wrote "[a]ll the years of research hopefully reflect how much we're actually struggling with the Incognito branding and misconceptions it causes." *Id.* | Plaintiffs sought production (e.g., RFPs 33 (Ex. B), 169 (Ex. C)) but have been unable to identify any document revealing what discussions Google employees had with Mr. Pichai about Incognito branding, including any studies he may have received for assessment, how Mr. Pichai responded, or the basis for this "Sundar level decision." None of the witnesses Plaintiffs deposed were able to provide that information. Ex. E, Palmer Tr. 113:23-114:4 (testifying he "d[id]n't know what concerns were raised" with Mr. Pichai); Ex. F, Felt Tr. Felt Tr. 122:14-24 (testifying she "d[id]n't know" what concerns or research studies were shared with Mr. Pichai or who participated in the discussions with him). |
| A later email from Ms. Borsay to Google employee Chris Palmer noted "concerns" raised "with Sundar" relating to expanding the Incognito brand to other Google products and instructed him to follow up with "<u>Sabine</u> and Tyler <u>in person</u> to hear about the interaction" with Mr. Pichai." Ex. H (emphasis added). Mr. Palmer separately wrote that Mr. Pichai expanding the Incognito brand was "going to exacerbate the confusion, which is already bad" and proposed they "re-brand Incognito as something more honest and understandable" and "try to get Sundar to reconsider." Ex. I. | Despite reporting this information to other employees, when questioned if Mr. Pichai proposed to expand the Incognito brand, Ms. Borsay testified she "d[id]n't know who proposed that branding" and that she "wasn't a part of it" and therefore "cannot know what happened in that meeting." Ex. D, Borsay Tr. 258:17-260:23. Incredibly, Ms. Borsay even testified she did not know the "Sundar" she referenced in her emails, *Id.*, Borsay Tr. 252:18-254:5, despite testifying the day earlier that the only "Sundar" she knows is Sundar Pichai. Ex. K, *Calhoun* Borsay Tr. 53:12-14. Like the other witnesses, she did not know what concerns were shared with Mr. Pichai or what information he considered in making his decision. Ex. D, Borsay Tr. 266:8-20, 262:3-11, 253:7-25 (testifying she "d[id]n't know" what the "concerns" in her email "exactly refer to" and that she had "no idea" what Mr. Pichai considered). |
| Ms. Borsay also wrote that Mr. Pichai was the one who had "brought up the idea" to expand the Incognito brand, that they shared "concerns" "in-depth, and all user research we've done over the last 2 years," and that ultimately, "[i]t was a Sundar level decision" to go with it. Ex. J. | |
| These emails establish that Mr. Pichai has superior, unique, and first-hand knowledge of the "concerns" Google employee raised regarding the Incognito brand, his response to those concerns (if any), and the basis for his decision to expand the Incognito brand despite known user misconceptions. | |
| **2019 Pichai & "███████████████"**: In March 2019, Mr. Pichai met with Google employees to discuss "███████ ███████, in line with the thinking from Chris Palmer and others." Ex. L.[3] After that meeting, Google employees reported that Mr. Pichai had | Plaintiffs deposed lower-level employees about this presentation to Mr. Pichia and "Enhanced Incognito" proposal, but those deponents were unable to testify about the specifics of the "████████████" referenced in the emails, or why Mr. Pichai was reportedly |

---

[3] The "████████████████" proposed by Mr. Palmer were detailed in a presentation titled "The Incognito Problem." Ex. M.

| | | |
|---|---|---|
| 1 2 3 4 5 6 7 8 9 10 | "[a] lot of enthusiasm for ▮▮▮▮▮," Ex. N, and "was particularly excited" about "[a]dding opt-in anti-tracking privacy controls." Ex. O. These documents establish Mr. Pichai has first-hand knowledge about Google's efforts to modify Incognito mode's functionality in an attempt to match users' expectations of Incognito mode protections, where Mr. Pichai likely has knowledge about why Google never implemented those enhancements. | "enthusiastic" about those changes. Ex. P, McClelland Tr. 118:11-18 ("I am speculating"), *id.* 120:8-10 ("I don't know, I wasn't in the meeting"); *see also* Ex. Q, Mardini Tr. 317:12-319:18 ("I don't recall exactly what the term ▮▮▮▮▮ refers to in this email'"). Mr. Palmer, whose "thinking" contributed to the presentation, was unable to provide insight into this presentation. Ex. E, Palmer Tr. 187:7-189:7 ("I don't recall knowing about this"). During the *Calhoun* deposition of Chetna Bindra (who reported Mr. Pichai had "[a] lot of enthusiasm for ▮▮▮▮▮"), Ms. Bindra testified she did "not know how to describe ▮▮▮▮▮ and did not know at all what it was. Ex. R, *Calhoun* Bindra Tr. 218:11-15. |
| 11 12 13 14 15 16 17 18 | **2019 Pichai & No Incognito "Spotlight"**: In April 2019, Google employee AbdelKarim Mardini reported that Google's Chief Marketing Officer Lorraine Twohill stated Incognito "might need rebranding." Ex. S. Mr. Mardini then reported there would be no announced changes at Google's I/O event to Incognito's "iconography/ rebranding" because "<u>Sundar didn't want to put incognito under the spotlight</u>." *Id.* (emphasis added). These documents establish that Mr. Pichai has superior, unique, first-hand knowledge of why he chose to hide Google's efforts to rebrand Incognito during Google's I/O event. | Mr. Mardini testified he either did not know or could not remember why Mr. Pichai did not want to put Incognito under the spotlight, whether he had any discussions with any other Google employees discussing Mr. Pichai's reasons, or whether there were any written minutes of the meeting where Mr. Pichai made this assertion. Ex. Q, Mardini Tr. 334:21-335:11, 336:13-20. Plaintiffs also questioned Ms. Twohill about this, and she testified she "d[id]n't remember all the details" and testified generally that Google was "only putting a spotlight on new announcements and new features at I/O." Ex. T, Twohill Tr. 82:14-83:4. |
| 19 20 21 22 23 24 25 | **2019 Pichai & Incognito "Known Misconceptions"**: An April 2019 "Incognito Comms" document containing "Sundar Talking Points" warned Mr. Pichai to not use the word "private" to describe Incognito due to the "risk of exacerbating known misconceptions about protections Incognito mode provides." Ex. U. This document shows Mr. Pichai likely has superior, first-hand knowledge about "known misconceptions" regarding Incognito. | This document was produced from the files of Mr. Mardini, but he did "not know" if Mr. Pichai reviewed those comms talking points, could "not remember" if he provided feedback in connection with preparation of this document, and could not identify anyone who provided input. Ex. Q, Mardini Tr. 327:24-328:17. No deponents were able to provide any information regarding Mr. Pichai's input into or response to this key document regarding Incognito "known misconceptions." |
| 26 27 | **2019 Pichai & Incognito Regulator "Promise"**: In July 2019, Google employees discussed Mr. Pichai's "promise" to regulators | Plaintiffs also questioned Mr. Halavati about this document, and he could not recall what this was referring to, or what Mr. Pichai promised. |

28

PLAINTIFFS' RENEWED REQUEST TO DEPOSE SUNDAR PICHAI, Case No.: 4:20-cv-03664-YGR-SVK

3

| | |
|---|---|
| concerning Incognito functionality changes where "Google stops logging anything in Chrome incognito mode or private browsing in general." Ex. V. This document shows first-hand, superior knowledge by Mr. Pichai about promises he made to regulators concerning changes to the functionality of Incognito mode, and whether Mr. Pichai ensured Google abided by those promises. | Ex. W, Halavati Tr. 99:11-100:2. Plaintiffs also questioned another Google employee who was involved in responses to regulator inquiries, including how Incognito works across Google services, but he testified he was not involved in any responses to regulators concerning how Incognito works specifically for Chrome. Ex. X, Adhya Tr. 104:9-105:15. |
| **2019 Pichai & Incognito Privacy "Towards Google"**: An October 2019 presentation (from Google's custodial files) reported that "Sundar" wanted to change Incognito to "provide privacy towards Google (vs. only local privacy)." Ex. Y. This document establishes Mr. Pichai has first-hand, superior knowledge about his desire to change Incognito to provide privacy towards Google, and why Google never made those changes. | No deponent has been able to provide any insight into Mr. Pichai's stated desire to "provide privacy towards Google." When asked about a similarly worded document from his custodial files, Mr. Mardini was unable to testify as to why Mr. Pichai wanted Incognito to provide privacy towards Google, but then suggested someone dropped Mr. Pichai's name there only "as a technique" to make others "maybe prioritize the request." Ex. Q, Mardini Tr. 371:5-373:5. |
| **2021 Pichai & Incognito "Not Truly Private"**: In 2021, Ms. Twohill emailed Mr. Pichai proposing that Google change Incognito's functionality to "[m]ake Incognito mode truly private" because Incognito was "not truly private, requiring really fuzzy, hedging language that is almost more damaging." Ex. Z. This proposal, sent to Mr. Pichai, shows Mr. Pichai likely has information about whether Google implemented those changes, and also unique, first-hand information about his response to this proposal. | During her deposition, Ms. Twohill could not say whether the Incognito functionality changes she proposed to Mr. Pichai were implemented and could not provide any other information regarding Mr. Pichai's response to this email. Ex. T, Twohill Tr. 120:5-21 (testifying she was "not sure" if Google implemented the proposed functionality changes to make Incognito "truly private"), 131:17-19 (testifying she had "no idea" about Mr. Pichai's response to her proposal). |
| **Pichai's Involvement in Early Development of Incognito**: Before he became CEO, Mr. Pichai led the team that developed Chrome with Incognito. He was one of two people consulted in 2008 about the "scary precedent" of other browsers enabling third-party cookie "blocking enabled by default." Ex. AA. In 2009, when Google employees discussed how other browsers' privacy features "may be an attack on Google ads or analytics," Mr. Pichai instructed "dont discuss more in this thread." Ex. BB. Mr. Pichai sent an internal email assuring Google employees "we dont need to | Plaintiffs deposed Brian Rakowski, who was involved in the development of Incognito, but he could not recall when exactly Google came up with the name "Incognito," who came up with the idea to name it "Incognito," what alternative names Google considered, or who could have submitted suggestions in that process. Ex. DD, Rakowski Tr. 20:12-22:24. Mr. Rakowski—the second person consulted with Mr. Pichai about concerns with other browsers blocking third-party cookie-blocking—was also unable to recall if he ever weighed in on the issue or to provide a |

PLAINTIFFS' RENEWED REQUEST TO DEPOSE SUNDAR PICHAI, Case No.: 4:20-cv-03664-YGR-SVK

4

| | |
|---|---|
| worry abt any impact on adsense, analytics etc." Ex. CC. | substantive answer on what "scary precedent" Google was worried about at that time. Ex. DD, Rakowski Tr. 212:14-214:25. |

The evidence here far exceeds what was deemed sufficient to depose CEOs in many other cases. *See, e.g.*, *Wonderland Nurserygoods Co. v. Baby Trend, Inc.*, 514CV1153JWHSPX, 2022 WL 1601402, at *3–4 (C.D. Cal. Jan. 7, 2022) (allowing 4-hour CEO deposition where party "made a plausible showing" that CEO "may have unique knowledge" even though "efforts to use less intrusive discovery methods could have been more thorough"); *In re Google Litig.*, No. C 08-03172 RMW PSG, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011) (allowing deposition of former Google CEO Larry Page for three hours where party had shown he had "unique knowledge of facts that cannot be secured by other less intrusive means of discovery"); *Khan v. Boohoo.com USA, Inc.*, CV2003332GWJEMX, 2021 WL 3882969, at *2–3 (C.D. Cal. July 28, 2021) (allowing 4-hour CEO deposition where emails showed CEO was "hands on" and had "direct involvement" in relevant decisions); *Finisar Corp. v. Nistica, Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *2 (N.D. Cal. June 30, 2015) (allowing CEO deposition where no other deponents were "able to testify to the contents of [relevant] conversations"); *In re Apple iPhone Antitrust Litig.*, No. 11CV06714YGRTSH, 2021 WL 485709, at *3 (N.D. Cal. Jan. 26, 2021) (allowing 7-hour CEO deposition because as CEO, he had "unique and non-repetitive" knowledge of Apple's business model); *WebSideStory, Inc.v. NetRatings, Inc.*, No. 06CV408 WQH(AJB), 2007 WL 1120567, at *3, *5 (S.D. Cal. Apr. 6, 2007) (permitting deposition of CEO with "unique, relevant knowledge" after party completed only one deposition, which "would aid in developing and refining a line of questioning" for CEO deposition); *Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2015 WL 5852962, at *2 (N.D. Cal. Oct. 8, 2015) (allowing CEO deposition where CEO "personally participated in" and also "appears" he "may have been involved" in relevant decisions). Google opposed the addition of more document custodians and depositions, and Google at this point should not be allowed to argue that Plaintiffs should have deposed others. Plaintiffs have done more than enough.

Dated: July 21, 2022                                   Respectfully submitted,

By: */s/ Beko Reblitz-Richardson*
　　　Beko Reblitz-Richardson

**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (CA Bar No. 342125)
enyborg-burch@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel.: (415) 293 6858
Fax: (415) 999 9695

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (305) 539-1307

Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
725 S. Figueroa Street, 31st Floor
Los Angeles, CA 90017
Tel.: (213) 629-9040

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

PLAINTIFFS' RENEWED REQUEST TO DEPOSE SUNDAR PICHAI, Case No.: 4:20-cv-03664-YGR-SVK

7