# Plaintiffs' Reply

# Redacted Version of Document Sought to be Sealed

**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel: (213) 995-5270
alanderson@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**DOCUMENT FILED UNDER SEAL**<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR RENEWED REQUEST TO DEPOSE GOOGLE CEO SUNDAR PICHAI**<br><br>The Honorable Susan van Keulen |

Extensive evidence obtained by Plaintiffs in this case demonstrates Sundar Pichai's direct, personal involvement in key issues and decisions contributing to Google's illegal conduct. Mr. Pichai was involved in the development and launch of Incognito in 2008, before becoming Google's CEO, and he continued to play a critical role in Incognito's development and expansion over the years, including making decisions as CEO that perpetuated user misconceptions about Incognito's privacy guarantees. For example:

- A 2015 Google document detailing Incognito "misconceptions" that put Incognito users' "privacy at risk" references an unproduced presentation "to Sundar" (Ex. A);[1]

- 2016 emails reference a "Sundar level decision" to expand Google's use of the Incognito brand (Ex. J), with "concerns" raised "with Sundar" (Ex. H) and one employee protesting Mr. Pichai's decision would "exacerbate the confusion, which is already bad" (Ex. I);

- In 2019, Mr. Pichai reportedly was initially "particularly excited" about implementing an ▮▮▮▮▮▮▮▮▮▮ that Google then never launched (Ex. O);

- Documents from 2019 also include Mr. Pichai's talking points referencing "known misconceptions" about Incognito (Ex. U), an email stating Mr. Pichai "didn't want to put incognito under the spotlight" (Ex. S), a "promise" by Mr. Pichai to regulators where "Google stops logging anything in Chrome incognito mode or private browsing in general" (Ex. V at -221, -223), and a document stating Mr. Pichai wanted Incognito to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. Y);

- In 2021, a Google executive emailed Mr. Pichai about how Incognito is "not truly private" and advanced proposals to make it private (Ex. Z).

Against this backdrop Google absurdly suggests Mr. Pichai need not be deposed. Google's arguments lack merit, and Plaintiffs respectfully request permission to take this deposition.

**First**, Google's characterization of Plaintiffs' request as a "fishing expedition" (Dkt. 654 ("Resp.") at 1) is demonstrably false. As detailed in Plaintiffs' filing (Dkt. 635 ("Mot.")), the evidence shows Mr. Pichai was directly involved in and made critical decisions tied to Incognito mode, including being the key driver of Incognito mode's expansion across Google products.

**Second**, Google's reliance on speculative testimony provides no basis to block this deposition. Google cites testimony regarding two of the many documents showing Mr. Pichai's

---

[1] Unless stated otherwise, the exhibits cited here are the exhibits to the prior Baeza declaration (Dkt. 635-1). This submission includes a new Baeza declaration (Ex. 1) with one additional supporting document (Reply Ex. EE).

direct involvement (Resp. at 1), where Sabine Borsay and Lorraine Twohill admittedly *did not know* whether those documents were shared with Mr. Pichai. Instead, they speculated. That's no basis to conclude that, contrary to what is stated *in the documents* themselves, Mr. Pichai was kept in the dark. Indeed, Ms. Borsay's desire to protect Mr. Pichai at all costs was on full display at her deposition; she even claimed to not know if the "Sundar" she referenced in her own emails was "Sundar Pichai"—despite admittedly not knowing *any other person* at Google named Sundar. The claimed lack of recollection and understanding demonstrates the importance of this deposition.

*Third*, Google manufactures a heightened apex standard that does not exist. Plaintiffs need only prove that Mr. Pichai "may" have been involved with these key discussions and decisions. *E.g.*, *Finisar Corp. v. Nistica, Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *2 (N.D. Cal. June 30, 2015) ("need not prove conclusively that the deponent certainly has unique non-repetitive information" but rather that the "corporate officer may have any first-hand knowledge of relevant facts"); *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2013 WL 3884254, at *2 (N.D. Cal. July 26, 2013) ("not required to prove that [executive] certainly has such information," only that he "*may*" have) (emphasis added). Plaintiffs have easily met that burden.

*Fourth*, Google fails to address *any* of the cases cited by Plaintiffs. Plaintiffs have far exceeded what was deemed sufficient to permit CEO depositions in those seven other cases. *See* Mot. at 5 (describing decisions). Google's response completely ignores those decisions, each of which demonstrates the reasonableness of Plaintiffs' request for this deposition.

*Fifth*, the decisions Google cites (Resp. at 2) are inapposite. *Id.* (also citing cases from its prior brief (Dkt. 382 at 2-4)). Unlike those cases, Plaintiffs have established Mr. Pichai has unique, first-hand, non-repetitive knowledge and exhausted efforts to obtain this information without success, including by deposing numerous individuals who purportedly should have knowledge of the issues and by serving written discovery. *Cf. Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374MMC(JL), 2007 WL 205067, at *3, *5 (N.D. Cal. Jan. 25, 2007) (postponing deposition of executives "until and if [the party] can demonstrate that other less intrusive discovery methods"

were "inadequate"); *River City Testing v. Cohen*, No. 520CV2198CJCSPX, 2021 WL 4805443, at *3 (C.D. Cal. July 8, 2021) (finding executive lacked "unique and non-repetitive" knowledge and the information sought could likely be "obtained from a more convenient and less burdensome source"); *Schneider v. Chipotle Mexican Grill, Inc.*, No. 16CV02200HSGKAW, 2017 WL 4127992, at *3 (N.D. Cal. Sept. 19, 2017) (finding no showing that the executive had "unique knowledge" and the information sought appeared repetitive); *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *1 (N.D. Cal. May 9, 2011) (finding no showing of unique knowledge or exhaustion of less burdensome means). *See also* Plaintiffs' Response, Dkt. 413 at 4 (distinguishing cases Google cited in Dkt. 382 at 4-5).

**Sixth**, nothing in Google's table (Resp. at 2-5) establishes a basis to bar Mr. Pichai's testimony. Plaintiffs diligently sought this information from other employees and sources. Unable to otherwise obtain it, Plaintiffs now seek that information from Mr. Pichai.

---

**2015 "Sundar" Presentation Regarding Incognito "Misconceptions"**

- Google mischaracterizes this document and states the research "***may have*** 'contributed to[]' a CEO-facing presentation." Resp. at 2 (emphasis added). But the document states "the work contributed towards the Privacy/Policy presentation to Sundar" (Ex. A).
- Google's assertion that the research "does not even appear in [Mr. Pichai's] files" (Resp. at 2) is also misleading. Plaintiffs are not claiming that the *research* is in Mr. Pichai's files. The document states that the work contributed to a *separate* "Privacy/Policy presentation to Sundar," which (as noted) Plaintiffs have not received.
- Google cites Ms. Borsay's speculation that the findings were not shared with Mr. Pichai (Resp. at 3), but Ms. Borsay lacked familiarity with the study (Reply Ex. EE, Borsay Tr. 197:16-204:22) and also testified she had "no idea" about the work's contribution to the separate (and unproduced) presentation to Mr. Pichai (Ex. D, Borsay Tr. 205:13-17).

**2016 "Sundar Level Decision" to Expand Incognito Branding Despite "Concerns" and User "Confusion"**

- Google claims Mr. Pichai's decision to elevate the Incognito brand to other Google products is irrelevant (Resp. at 3), but that decision by Mr. Pichai exacerbated user misconceptions regarding Chrome Incognito. Ex. H (noting "concerns about an [Allo] E2E Incognito raising expectations of what Chrome incognito can provide") (emphasis added); Ex. I ("This is going to exacerbate the confusion, which is already bad . . . . [H]ere we are with a Spy Guy icon on a product that does not provide E2E [Chrome] but which had the same name as a product that does [Allo]").
- Google's reliance on Ms. Twohill's testimony (Resp. at 3) is misplaced. The documents cited by Plaintiffs do not involve Ms. Twohill but detail Mr. Pichai's direct involvement

---

3
PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' RENEWED REQUEST TO DEPOSE SUNDAR PICHAI
Case No.: 4:20-cv-03664-YGR-SVK

|   |   |
|---|---|
| 1 | and ultimate decision to expand the Incognito brand despite known user misconceptions (Exs. G, H, I, J). The existence of the PDPO Steering Committee does not mean that, contrary to those documents, Mr. Pichai had no involvement.<br>• And whether Mr. Pichai shared "concerns" with Ms. Twohill about the word "<u>private</u>" (Resp. at 3) similarly misses the mark, given the focus on the "concerns" about expanding the name "<u>Incognito</u>" and Mr. Pichai's own disregard of the concerns shared with him (*e.g.*, Exs. H, I). See *Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2015 WL 5852962, at \*2 (N.D. Cal. Oct. 8, 2015) (allowing CEO deposition where CEO "personally participated in" and also "appears" he "may have been involved" in relevant decisions).<br>• Google has also failed to address Plaintiffs' diligent efforts to obtain this information through less intrusive means. |
| | **2019 Mr. Pichai & "▮▮▮▮▮▮▮▮▮▮"**<br>• Google's reference to how Mr. Pichai "ultimately trusted us to game it out properly" (Resp. at 3) is misguided. That was a reference to a different ▮▮▮▮▮▮▮▮▮▮ which was separate from the discussion of ▮▮▮▮▮▮▮▮▮▮ which "Sundar was particularly excited about." Ex. O (emphasis added).<br>• Google asserts that Plaintiffs "obtained ample testimony from Mr. Palmer" (Resp. at 3), but Mr. Palmer was unable to provide insight into the ▮▮▮▮▮▮▮▮▮▮ presentation to Mr. Pichai (Mot. at 2-3). Mr. McClelland similarly was unable to provide testimony about the referenced "▮▮▮▮▮▮▮▮▮▮" in the email involving Mr. Pichai. Google Ex. 3, McClelland Tr. 117:24-118:18.<br>• Contrary to Google's assertion, Mr. McClelland's testimony did not "squarely address[]" why ▮▮▮▮▮▮▮▮▮▮ was not implemented. Resp. at 3 (citing Google Ex. 3, McClelland Tr. 30:4-14)). That testimony addressed why a ▮▮▮▮▮▮▮▮▮▮. Google Ex. 3, McClelland Tr. 28:13-20 (describing ▮▮▮▮▮▮▮▮▮▮); *id.* 107:16-108:15 |
| | **2019 Mr. Pichai & No Incognito "Spotlight"**<br>• Ms. Twohill's testimony regarding what Mr. Pichai said provides no basis to block this deposition. Her generalized testimony (about what Google would "typically" do) reveals nothing in terms of Mr. Pichai's reasons for wanting to keep Incognito out of the "spotlight." Mr. Pichai surely has superior knowledge regarding what he meant by his own statement and reasons for seeking to conceal Google's efforts to rebrand Incognito. |
| | **2019 Mr. Pichai & Incognito "Known Misconceptions"**<br>• This is a document that literally has Mr. Pichai's name on it, in the file name and with talking points for him, and Google's reliance on Ms. Twohill's testimony to prevent Mr. Pichai's testimony about this key document is misplaced. Ms. Twohill testified she was "not familiar" with the document. Google Ex. 2, Twohill Tr. 90:24-91:2. And she *speculated* that the version of the document shown to her (a draft) was not shown to Mr. Pichai. *Id.* 90:18-22. Ms. Twohill did not know if the final version of the document was given to Mr. Pichai and could offer only an "interpret[ation]" of how the document *may have been used*. *Id.* 90:24-91:9. Ms. Twohill's lack of knowledge of whether Mr. Pichai |

| |
|---|
| received this document and was aware of "known misconceptions" about Incognito establishes Mr. Pichai has superior, first-hand knowledge. |
| **2019 Mr. Pichai & Incognito Regulator "Promise"** |
| • Google's contention that Plaintiffs "misrepresent the record" (Resp. at 4) is false. The document addresses Mr. Pichai's "promise" involving "incognito mode stop[ping] Google logging in all products," and a "remedy" to that broken promise as "Google to tell regulators that we gave the option to users, but they didn't use it." (Ex. V at -223).<br>• Mr. Halavati in fact testified he could *not* recall exactly what Mr. Pichai promised and that he *thought* (but was not sure) it was a statement from an IO conference. Ex. W, Halavati Tr. 99:17-19. Mr. Adhya testified he did not have any understanding about what Mr. Pichai may or may not have promised or to whom (Google Ex. 5, Adhya Tr. 156:14-17), further establishing Mr. Pichai has first-hand, superior knowledge about what (if any) promises he made to regulators concerning changes to the functionality of Incognito mode, and whether Mr. Pichai ensured Google abided by those promises. |
| **2019 Mr. Pichai & Incognito Privacy "Towards Google"** |
| • Ex. Y involves Mr. Pichai's stated desire to have Incognito "provide privacy towards Google (███████████████)" (i.e., to change the functionality). That Google employees *might* purportedly name drop "Sundar" to grab attention at times does not establish any lack of involvement by Mr. Pichai, and Plaintiffs reasonably seek to understand Mr. Pichai's involvement in that key issue. |
| **2021 Mr. Pichai & Incognito "Not Truly Private"** |
| • None of Google's assertions regarding the preparation of the email sent to Mr. Pichai matter. The key issue here is that one of Google's top executives (Ms. Twohill) told Mr. Pichai (after this lawsuit was filed) that Google needed to make changes to Incognito because it was "not truly private" (Ex. Z). Without testimony from Mr. Pichai, Plaintiffs have no ability to determine Mr. Pichai's response to that critical email, and why Google has never offered a "truly private" Incognito mode—testimony Ms. Twohill was unable to provide (Mot. at 4). |
| **Mr. Pichai's Involvement in the Early Development of Incognito** |
| • Unable to dispute that Mr. Pichai led the Google team that developed and launched Incognito mode, Google attempts to downplay this as old and irrelevant facts (Resp. at 5). The Court already rejected those arguments. Apr. 13 Hearing Tr. 30:22-25 ("It's difficult to stand on the position that development of . . . Incognito is not . . . relevant.").<br>• In terms of naming Incognito, Plaintiffs' assertions are correct. Mr. Rakowski struggled to "reconstruct memories" (Google Ex. 7, Rakowski Tr. 22:6-24) and often could not recall information, including whether Mr. Pichai was in fact involved (*id.* 23:19-21). Plaintiffs properly seek to ask Mr. Pichai about his involvement.<br>• The 2008-2009 emails (Exs. AA, BB, CC) discuss key issues, identifying Mr. Pichai as knowledgeable on the "scary precedent" of "blocking enabled by default" (Ex. AA) and showing Mr. Pichai monitoring these issues (Exs. BB, CC). Google also fails to address Plaintiffs' unsuccessful attempts to obtain this information from Mr. Rakowski, who was also involved in the early development of Incognito mode (Mot. at 4-5). |

| | | |
|---|---|---|
| 1 | Dated: August 9, 2022 | Respectfully submitted, |
| 2 | | By: */s/Beko Reblitz-Richardson* |
| 3 | | |
| 4 | | **BOIES SCHILLER FLEXNER LLP** |
|   | | David Boies (admitted *pro hac vice*) |
| 5 | | 333 Main Street |
|   | | Armonk, NY 10504 |
| 6 | | Tel: (914) 749-8200 |
|   | | dboies@bsfllp.com |

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (CA Bar No. 342125)
enyborg-burch@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel.: (415) 293 6858
Fax: (415) 999 9695

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (305) 539-1307

Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
725 S. Figueroa Street, 31st Floor
Los Angeles, CA 90017
Tel.: (213) 629-9040

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com

6
PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' RENEWED REQUEST TO DEPOSE SUNDAR PICHAI
Case No.:  4:20-cv-03664-YGR-SVK

srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

7
PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' RENEWED REQUEST TO DEPOSE SUNDAR PICHAI
Case No.: 4:20-cv-03664-YGR-SVK