# Google LLC'S Opposition to Plaintiffs' Administrative Motion for Relief
# (Dkt. 672)

# Unredacted Version

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELIEF (DKT. 672)**<br><br>Judge: Hon. Susan van Keulen<br><br>Trial Date:       None Set |

## I. INTRODUCTION

Plaintiffs' self-styled L.R. 7–11 "administrative" motion seeking grave evidentiary and monetary sanctions against Google pursuant to Fed. R. Civ. P. 37(b) ("Motion" or "Mot.") is procedurally improper and substantively meritless. It should be denied.

*First*, the Motion is procedurally improper because the requested relief is far from "administrative" in nature—rather, it is the most extreme relief available under the Federal Rules. Plaintiffs know how to style a motion for sanctions. Dkt. No. 291–2. Yet, they inexplicably rush their latest sanctions gambit through as an administrative motion in violation of no fewer than *five* local rules. Their disregard of the Court's procedural rules, alone, requires the Motion be denied.

*Second*, the Motion should also be denied because substantively it lacks merit. The sole basis for sanctions is a purported violation of the Court's August 12, 2021 order instructing that document production be complete by October 6, 2021. Mot. 3. But Google did not fail to produce the 15 documents at issue by October 6, 2021; rather, Google included 13 of them on its timely-served privilege logs, pursuant to Fed. R. Civ. P. 26(b)(5)(A) and Rule 13 of the Court's Standing Order. Google then re-reviewed those 13 documents, and produced them, in accordance with the timelines *subsequently* ordered by the Court—in orders that Plaintiffs do not contend Google violated. And contrary to Plaintiffs' assertions, the two remaining documents were never subject to the August 12, 2021 order: one was produced following a much later Court order, and the other was produced in full on June 18, 2021. There is no basis for any sanctions on this record.

Finally, Plaintiffs' "alternative" request—that the Court reopen discovery to permit Plaintiffs to conduct dozens of additional hours of depositions and to seek additional hyperlinked documents—should also be denied because (i) the relief is not administrative, and (ii) Plaintiffs cannot demonstrate good cause for reopening discovery at this stage given the documents relate to topics on which Plaintiffs have taken substantial discovery based on earlier produced documents.

## II. ARGUMENT

### A. Plaintiffs' "Administrative" Motion for Sanctions Is Procedurally Improper

***The Motion Violates Local Rule 7–11.*** Plaintiffs filed the Motion pursuant to L.R. 7–11, which permits a party to seek relief only for "miscellaneous administrative matters[] *not* otherwise

governed by a … Federal Rule." L.R. 7–11 (emphasis added). But Plaintiffs explicitly seek evidentiary and monetary sanctions under Fed. R. Civ. P. 37(b), *see* Mot. 3, 5, which *is* a Federal Rule, and the relief requested is not administrative but substantive and extreme. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2001) (Rule 37(b) "sanctions are appropriate only in extreme circumstances" and where the violation is "due to willfulness [or] bad faith…").[1]

Courts in this district routinely deny substantive motions, like this one, improperly brought under the guise of seeking "administrative" relief. *See, e.g.*, *Harvey v. Morgan Stanley Smith Barney LLC*, 2019 WL 9441672 at *2 (N.D. Cal. Sept. 5, 2019) ("[a]n administrative motion is the incorrect vehicle for [a] motion" involving substantive issues); *Robertson v. Qadri*, 2007 WL 2221075 at *1 (N.D. Cal. Aug. 2, 2007) ("Local Rule 7–11 was not an appropriate vehicle for plaintiff's motion … [as his] requested relief does not fall within the scope of 'miscellaneous administrative matters'"); *Hess v. Astrazeneca Pharm., L.P.*, 2006 WL 2092068 at *1 (N.D. Cal. July 26, 2006) (similar). The same outcome is warranted here.

***The Motion Violates Local Rules 7–2, 7–8, and 37–4.*** L.R. 7–8 provides that "[a]ny motion for sanctions, regardless of the sources of authority invoked, must comply with … L.R. 7–2," which requires, *inter alia*, a Notice of Motion that sets the hearing "not less than 35 days after filing of the motion," and gives Google at least 14 days and 25 pages to respond. Similarly, L.R. 37–4 provides that "[w]hen, in connection with a dispute about … discovery, a party moves for an award of attorney fees or other form of sanction under [FRCP] 37, the motion must … [c]omply with Civil L.R. 7–8 and Civil L.R. 7–2." It also requires that a motion for sanctions "[b]e accompanied by competent declarations [that] itemize with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by the alleged violation … and set forth an appropriate justification for any … hourly rate claimed." Plaintiffs ignored these Local Rules too.

***The Mao Declaration Violates Local Rules 7–5 and 7–11.*** L.R. 7-5 states that a declaration offered in support of a motion "may only contain facts" and "must avoid conclusions and argument."

---

[1] *See also Klund v. High Technology Solutions, Inc.*, 2006 WL 549385 at *6 (S.D. Cal. 2006) ("preclusion of evidence is among the most severe" sanction); *Amersham Pharmacia Biotech, Inc. v. Parkin-Elmer Corp.*, 190 F.R.D. 644, 648 (N.D. Cal. 2000) (similar).

In violation of this Rule—and in an apparent attempt to evade L.R. 7–11(a)'s five-page limit—Plaintiffs attach the Declaration of Mark Mao and a six-page "chart" replete with (i) self-serving and misleading characterizations of documents and (ii) argument as to why each purportedly "supports Plaintiffs' claims and undermines Google's defenses" (Dkt. 672-2, Ex. A).

### B. Plaintiffs' "Administration" Motion Is Substantively Meritless

Because Plaintiffs seek sanctions solely under Rule 37(b), as a threshold matter they must show that Google "fail[ed] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b).

The only order that Plaintiffs claim Google violated is the Court's August 12, 2021 order that "[d]ocument productions [] be completed … by October 6, 2021." Mot. 3. But 13 of the 15 cited documents were included on Google's privilege log as of October 27, 2021 (the "Re-Review Documents"), and the other two were either (i) produced in full long ago or (ii) collected and reviewed at a later date as authorized by the Court.[2] This process is consistent with Fed. R. Civ. P. 26(b)(5)(A), the Court's order regarding Google's privilege logs (*see* Dkt. 288), and Rule 13 of the Court's Standing Order. Spilly Decl. ¶¶ 2–3. And Google timely produced the Re-Review Documents pursuant to the re-review orders issued by the Court on April 15, 2022 (Dkt. 542) and June 10, 2022 (Dkt. 605). Plaintiffs cannot show a violation of a Court order on this record.

Nor is there any merit to Plaintiffs' suggestion that Google's logging of the Re-Review Documents—all but two of which are stamped "privileged" or refer to "legal" on their face—was itself a violation of the August 12, 2021 Order. At the September 9, 2021 hearing, the Court recognized that it "set a hard deadline" and "Google has a lot of documents to be produced" by October 6, 2021. 9/30/21 2021 Hrg. Tr. 25:24–25. Google apprised the Court that compliance with that deadline was a "herculean effort," requiring Google to hire over 300 contract attorneys. *Id.* at 51:3–9. Google explained that "sometimes when you do that … there are going to be some inevitable mistakes; you have to claw things back; or there might be some later … follow-up productions

---

[2] GOOG-CABR-04780837.R was produced (with the comment Plaintiffs cite included in the text file provided to Plaintiffs) with the Bates number GOOG-BRWN-00157001 on June 18, 2021, and GOOG-BRWN-00857642 originated from Bert Leung's files collected and reviewed in February 2022 pursuant to the agreement of the parties in mid-February 2022 (Dkt. 406).

where we learn … in quality control that there was a call here or there on responsiveness or privilege that was wrong." *Id.* at 51:10–17. The Court also recognized this: "I would be surprised if there were not inadvertent productions or even … 'inconsistent' productions." *Id.* at 26:1–4.

To remedy this issue, the Court allowed Plaintiffs to make challenges to Google's privilege log, and ultimately ordered that Google re-review over a thousand documents. *See, e.g.*, Dkt. 288 (October 1, 2021 order setting October 18, 2021 deadline for Plaintiffs to raise challenges); Dkt. 307 (October 27, 2021 order authorizing further productions following a targeted re-review and ordering the parties to "meet and confer [on] a similar process … for future productions"); Dkt. 522 (April 1, 2022 order instructing Google to file a privilege re-review proposal by April 11, 2022); Dkt. 542 (April 15, 2022 order instructing Google to conduct further re-review); Dkt. 605 (June 10, 2022 order directing the re-review of two additional categories of documents). Unsurprisingly, not a single one of these orders regarding Plaintiffs' challenges and Google's re-review contemplates sanctions for de-designations. *Id*. Nor do Plaintiffs argue Google violated any of these orders. That Google later de-designated and produced additional documents on the timelines ordered by the Court shows Google *complied* with the Court's orders, not the opposite.

Because Plaintiffs (i) cannot show that Google violated the August 12, 2021 order, (ii) do not argue that Google violated any other discovery orders, and (iii) do not argue that Google acted in bad faith,[3] there is no basis for any sanctions and thus the Motion must be denied.[4]

### C. Plaintiffs Fail to Establish Undue Prejudice from the Productions

Even if their motion was procedurally proper and Plaintiffs could show that Google violated the August 12 order, sanctions would still be unwarranted because Plaintiffs fail to show undue

---

[3] Plaintiffs argue that they "need not establish Google acted with negligence or bad faith," but allude to bad faith by claiming "Google's privilege review was anything by 'robust'" in light of two documents they claim should never have been withheld in the first place. Mot. 4. To the extent Plaintiffs ask the Court to infer bad faith from Google's initial withholding of these two documents, their request should be denied. Exhibit 6 is marked privileged on its face, and the comment in Exhibit 11 references a "legal perspective."

[4] Plaintiffs' reliance (Mot. 3) on *Sherwood Brands, Inc. v. Pennsylvania Manufacturers' Association*, 2010 WL 11469874 (D.R.I. Sept. 30, 2010) is misplaced because the case did not concern the production of documents initially withheld on privilege grounds.

prejudice. *First*, courts in this district are clear that "[d]elayed production of documents is rarely sufficient" to establish the degree of prejudice required for sanctions. *Network Appliance, Inc. v. Bluearc Corp.*, 2005 WL 1513099 at *3 (N.D. Cal. June 27, 2005) (citation omitted); *see also Klund*, 2006 WL 549385 at *6 ("an approximately three-month delay in discovery … cannot be construed as undue prejudice"). *Second*, Plaintiffs' assertion (Mot. 3) that "they were never able to question any witnesses about these documents or conduct … follow up discovery" is belied by the record.[5] The documents are either duplicates of already produced files or relate to topics on which Plaintiffs received similar documents.

### D. Plaintiffs' Proposed Alternative Relief Should Be Denied

In the alternative, Plaintiffs make an untimely request to reopen discovery so they can depose Google employees on 40 additional documents plus any hyperlinked documents, for 30 minutes per documents, with Google covering Plaintiffs' attorneys' fees as a sanction. Mot. 4–5. This request should also be denied. *First*, reopening discovery is not administrative relief, but rather requires an adjustment to the case schedule pursuant to Rule 16 (which has a good cause standard that Plaintiffs do not meet, let alone address). *See Khan v. SAP Labs, LLC*, 2022 WL 1606295 at *3 (N.D. Cal. May 20, 2022) ("In order to reopen discovery, Khan would have to demonstrate that there is good cause to modify the scheduling order under … 16(b)(4)."). *Second*, Plaintiffs cannot show good cause given the documents reflect information contained in earlier-produced documents on which Plaintiffs have taken substantial discovery.[6]

## III. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Motion be denied.

---

[5] Indeed, of the 15 documents cited in their motion, Plaintiffs identified seven in a since-stricken filing from May 9, 2022 (over a month before they moved for class certification). Dkt. 573–2. In the intervening three months, Plaintiffs never asked Google to re-open depositions to permit further questioning nor sought relief from the Court. *See* L.R. 7–8(c) (sanctions motions "must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate").The untimeliness of this Motion is yet another basis to deny Plaintiffs' request.

[6] *See, e.g.*, Spilly Dec. Ex. A (Berntson June 16, 2021 30(b)(6) Tr.) 373:22–76:11, 378:16–89:23 (discussing potential use of X-Client-Data header for detection of private browsing, as discussed by Mr. Leung in Plaintiffs' Ex. 6); Spilly Decl. Ex. B (GOOG-BRWN-00157001) (text of comment highlighted in Plaintiffs' Ex. 11 in text file produced to Plaintiffs on June 18, 2021).

| | | |
|---|---|---|
| 1 | DATED: August 16, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | By      /s/ *Andrew H. Schapiro* |
| 3 | | Andrew H. Schapiro (admitted *pro hac vice*) |
| | | andrewschapiro@quinnemanuel.com |
| 4 | | Teuta Fani (admitted *pro hoc vice*) |
| | | teutafani@quinnemanuel.com |
| 5 | | 191 N. Wacker Drive, Suite 2700 |
| | | Chicago, IL 60606 |
| 6 | | Telephone: (312) 705-7400 |
| 7 | | Facsimile: (312) 705-7401 |
| 8 | | Stephen A. Broome (CA Bar No. 314605) |
| | | stephenbroome@quinnemanuel.com |
| 9 | | Viola Trebicka (CA Bar No. 269526) |
| | | violatrebicka@quinnemanuel.com |
| 10 | | Crystal Nix-Hines (Bar No. 326971) |
| | | crystalnixhines@quinnemanuel.com |
| 11 | | Alyssa G. Olson (CA Bar No. 305705) |
| 12 | | alyolson@quinnemanuel.com |
| | | 865 S. Figueroa Street, 10th Floor |
| 13 | | Los Angeles, CA 90017 |
| 14 | | Telephone: (213) 443-3000 |
| | | Facsimile: (213) 443-3100 |
| 15 | | |
| 16 | | Diane M. Doolittle (CA Bar No. 142046) |
| | | dianedoolittle@quinnemanuel.com |
| 17 | | Sara Jenkins (CA Bar No. 230097) |
| | | sarajenkins@quinnemanuel.com |
| 18 | | 555 Twin Dolphin Drive, 5th Floor |
| | | Redwood Shores, CA 94065 |
| 19 | | Telephone: (650) 801-5000 |
| | | Facsimile: (650) 801-5100 |
| 20 | | |
| 21 | | Josef Ansorge (admitted *pro hac vice*) |
| | | josefansorge@quinnemanuel.com |
| 22 | | Xi ("Tracy") Gao (CA Bar No. 326266) |
| | | tracygao@quinnemanuel.com |
| 23 | | Carl Spilly (admitted *pro hoc vice*) |
| | | carlspilly@quinnmemanuel.com |
| 24 | | 1300 I. Street, N.W., Suite 900 |
| | | Washington, D.C. 20005 |
| 25 | | Telephone: 202-538-8000 |
| | | Facsimile: 202-538-8100 |
| 26 | | |
| 27 | | Jomaire A. Crawford (admitted *pro hac vice*) |
| | | jomairecrawford@quinnemanuel.com |
| 28 | | 51 Madison Avenue, 22nd Floor |
| | | New York, NY 10010 |
| | | Telephone: (212) 849-7000 |

Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*