**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO STRIKE EXHIBIT A TO MAO DECLARATION IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELIEF (DKT. 672-2)**<br><br>Judge: Hon. Susan van Keulen, USMJ |

**NOTICE OF MOTION AND MOTION TO STRIKE EXHIBIT A TO THE DECLARATION OF MARK MAO IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELIEF**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, on September 27, 2022, or as soon thereafter as this motion may be heard in the above-entitled court, before the Honorable Susan Van Keulen, Magistrate Judge of the United States District Court, Northern District of California, Defendant Google LLC ("Google") will and hereby does move the Court to strike Exhibit A to the Declaration of Mark Mao In Support of Plaintiffs' Administrative Motion for Relief (Dkt. 672-2). Google's Motion is based on this Notice of Motion and Motion and accompanying Memorandum of Points and Authorities.

**ISSUE TO BE DECIDED**

Whether Exhibit A to the Declaration of Mark Mao In Support of Plaintiffs' Administrative Motion for Relief (Dkt. 672-2) should be stricken for a violation of Local Rule 7-5(b)'s requirement that a supporting "affidavit or declaration may contain only facts … and must avoid conclusions and argument," where the Local Rule provides that affidavits or declarations in violation of the rule "may be stricken." L.R. 7–5(b).

**RELIEF REQUESTED**

Google requests that the Court strike Exhibit A to the Declaration of Mark Mao In Support of Plaintiffs' Administrative Motion for Relief (Dkt. 672-2) because it violates Local Rule 7-5(b)'s requirement than "[a]n affidavit or declaration may contain only facts … and must avoid conclusions and argument" and improperly appends argument to their motion in an effort to circumvent the page limit applicable to administrative motions.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Seeking to grant themselves an enlargement of the five-page limit that applies to administrative motions filed with this Court, Plaintiffs impermissibly augment their sanctions briefing (Dkt. 672) with a six-page "summary chart" replete with arguments and conclusions that violate the Local Rules. *See* Declaration of Mark Mao (the "Mao Declaration"), Ex. A ("Exhibit A") (Dkt. 672–2) (claiming to summarize the 15 documents cited in Plaintiffs' sanctions motion and explain their "relevance" and how they purportedly "support Plaintiffs' claims and undermine Google's defenses"). In doing so, Plaintiffs run afoul of Local Rule 7–5(b), which states that a motion's supporting "affidavit or declaration may contain only facts … and must avoid conclusions and argument." L.R. 7–5(b).

Plaintiffs attempt to create an end-run around the page limit set by this Court's Local Rules (after strategically choosing to pursue severe sanctions against Google under the guise of a Rule 7–11 motion, on an expedited schedule, with shorter page limits), by appending the very types of non-factual information that Local Rule 7–5(b) expressly prohibits, warrants that Exhibit A to the Mao Declaration be stricken from the record.

## II. ARGUMENT

Plaintiffs describe Exhibit A to the Mao Declaration as "summarizing fifteen documents" that Google produced after the close of fact discovery. Dkt. 672-1 ¶ 16.[1] But nothing in this Court's Local Rules or the Federal Rules permit the insertion of a multi-page chart into an attorney declaration in an attempt to circumvent applicable page limitations. Not only are these "summaries" unnecessary—particularly where Plaintiffs attach a true and correct copy of each document for the

---

[1] However, Plaintiffs are incorrect that Google "withheld as privileged [all 15 documents listed in Exhibit A] and as a result only produced [them] to Plaintiffs within the last three months, after the close of fact discovery, pursuant to this Court's re-review orders." Dkt. 672-1 ¶ 16. Not all 15 of the exhibits were withheld for privilege, or produced pursuant to the re-review orders. In fact, GOOOG-CABR-04780837.R was produced as GOOG-BRWN-00157001 on June 18, 2021, and GOOG-BRWN-00857642 originated from Bert Leung's custodial files—which were collected and reviewed in February 2022 pursuant to an agreement between the parties in mid-February 2022 (*see* Dkt. 406).

Court's consideration—they violate Local Rule 7–5 because they are not based on the declarant's personal knowledge. *See* L.R. 7–5(b) ("An affidavit or declaration may contain *only facts* … and must avoid conclusions and argument.") (emphasis added). This violation alone is a sufficient basis to strike the entire Mao Declaration.

In further violation of the Rule 7–5(b), Exhibit A includes a column with what Plaintiffs contend is the "[r]elevance" of each exhibit they purport to "summarize." Ex. A at 1–3. But these assertions are nothing more than improper "conclusions and [attorney] argument." L.R. 7–5(b). *See, e.g.*, Ex. A at 1 (arguing that Ex. 2 is relevant because it "supports Plaintiffs' claims and also undermines Google's assertion in a 2021 submission to the Special Master"); *id.* at 2 (arguing that Ex. 4 is relevant because "Google expert Paul Schwartz purports to disregard as irrelevant whether Google can 'identify an individual using non-Google Account linked data through 'fingerprinting'"); *id.* (arguing that Ex. 3 is relevant because it "supports Plaintiffs' claims and undermines Google's consent defense"); *id.* (arguing that Ex. 5 is relevant for the same reason).

Numerous courts in this District have stricken attorney declarations and summary charts such as this one that are rife with legal arguments and conclusions. *See, e.g.*, Dkt. 588 at 3-4 (striking portions of Mao declarations that "contain[ed] conclusions and arguments in violation of Civil Local Rule 7-5(b)"); *Page v. Children's Council*, 2006 WL 2595946 at *5 (N.D. Cal. Sept. 11, 2006) (several paragraphs of an attorney declaration were stricken pursuant to L.R. 7–5 for containing "improper argument"); *Brae Asset Funding, L.P. v. Applied Financial, LLC*, 2006 WL 2355474 at *5 (N.D. Cal, Aug. 14, 2006) (attorney declaration was stricken in its entirety under L.R. 7–5 for being "full of legal argument and conclusions," among other local rule violations); *see also Percelle v. Pearson*, 2015 WL 5736399 at *3 (N.D. Cal. Oct. 1, 2015) (striking portions of a declaration under L.R. 7–5 which "purports to summarize deposition transcripts and exhibits—summaries which, upon review, turn out to be inaccurate"); *Kennedy v. AJVS, Inc.*, No. C11-1231 MJP, 2012 WL 1748013 at *4–5 (N.D. Cal. May 15, 2012) (striking declaration which "includes unnecessary and apparently inaccurate commentary regarding the exhibits").

Plaintiffs cannot reasonably dispute that Exhibit A appends argument to their briefing, and thus "circumvent[s] the page limits set forth in the Civil Local Rules." *Montfort*, 2019 WL 6311378

at *4. This is especially true where (as here) virtually all of their "relevance" arguments appear nowhere in the body of their Motion. *Compare* Ex. A (summarizing each exhibit) *with* Mot. 1–5 (omitting any substantive discussion of Exs. 2, 3, 4, 5, 7, 8, 9, 13, 14, or 15); *see also id.* (omitting any reference to Ex. 16, the Amir Report); *id.* (omitting any reference to Ex. 17, the Strombom Report). Nor can Plaintiffs claim that Exhibit A is not "full of legal argument and conclusions." *Brae*, 2006 WL 2355474 at *5. *See, e.g.*, Ex. A at 1 ("Google's experts seek to present Plaintiffs and class members as people who would understand Google's collection of private browsing information"); *id.* at 2 ("Google's experts seek to present Plaintiffs and class members as people who would understand Google's ads universe"); *id.* at 3 (arguing that "even Google's own employees were unaware of Google's collection of private browsing information").

Because the entire chart embeds misleading attorney characterizations of the discovery record, and contains self-serving conclusions as to what the discovery record purportedly shows, it is improper and should not be considered by this Court in resolving the pending motion.

### III. CONCLUSION

For the foregoing reasons, Exhibit A to the Mao Declaration should be stricken from the record pursuant to Local Rule 7–5(b).

DATED: August 16, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By       */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Marie Hayrapetian (CA Bar No. 315797)
mariehayrapetian@quinnemanuel.com

865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*