DocuSign Envelope ID: 3CC8E88C-BFFF-4C23-A6C2-AFEFC0C8F6C0

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**SECOND SUPPLEMENTAL DECLARATION OF MARTIN ŠRÁMEK IN RESPONSE TO MAY 20, 2022 ORDER**<br><br>Referral: Hon. Susan van Keulen, USMJ |

I, Martin Šrámek, declare as follows:

1. I am the Privacy Working Group lead for Chrome. I have been employed at Google since October 2014, and I have worked on issues related to Chrome privacy for the duration of my tenure. I make this declaration based on personal knowledge and information provided to me by Google colleagues and, if called to testify, I could and would competently testify to such facts.

2. I understand that the Court ordered that "Google must provide Plaintiffs with a representation in writing no later than May 31, 2022 that other than the logs identified thus far as containing Incognito-detection bits, no other such logs exist." Dkt. 588 at 6.

3. Pursuant to the Court's order, I submitted a declaration on May 31, 2022 identifying ▮ logs that contain the Incognito-detection bits. That declaration noted that "[t]he investigation for purposes of complying with the Court's order began on May 23, 2022. The investigation is ongoing and should be completed within the next two weeks, by June 14, 2022," and I "reserve[d] the right to supplement my attestation with any additional finding resulting from this continued investigation." Dkt. 614-3 ¶ 5.

4. On June 14, 2022, I submitted a supplemental declaration describing the results of the three-week investigation and identifying ▮ additional logs that included the Incognito-detection bits, including ▮ logs auto-populated with the "maybe_chrome_incognito" bit and ▮ log with the "is_chrome_non_incognito_mode" bit. Dkt. 614-2.

5. The three-week investigation referenced in my May 31, 2022 declaration and June 14, 2022 declaration entailed me supervising three Google employees conducting: (i) source code review; (ii) logs analysis; (iii) surveys of 125 teams identified as owners of Google source code; and (iv) follow-up interviews with 18 Google teams located across the globe. Before conducting this additional investigation, my team reviewed the scope of Google's previous investigation of logs into which the Incognito-detection bits were written, including the data sources reviewed and the roster of employees interviewed.

6. Based on the investigation referenced in paragraph 5, other than the logs identified in my May 31, 2022 declaration and in my June 14, 2022 declaration, no other logs exist containing the Incognito-detection bits referenced in the May 20, 2022 Order.

7. As explained in my first declaration (Dkt. 614-3), I could not provide the Court's ordered attestation on May 31, 2022 because the investigation was not yet complete. I did not provide the Court's ordered attestation on June 14, 2022 because I understood the Court's order required me to attest that there are no other data sources at Google in which any field is used by any team to infer Incognito browser state in any form. To provide such a declaration, multiple months-long investigations would have been required. However, I understand now that the Court seeks affirmation only for the data sources with the following three fields: "is_chrome_incognito"; "is_chrome_non_incognito_mode"; and "maybe_chrome_incognito." Dkt. 624 at 2; Dkt. 588 ¶ 13. Based on this understanding and the investigation I oversaw, I can therefore now provide the attestation set forth in paragraph 6, above.

8. I understand that Plaintiffs have alleged that additional logs identified in my June 14, 2022 declaration show that Google joins the unauthenticated private browsing data at issue in this case with authenticated data.

9. It is Google's policy to (i) only write data to authenticated log sources (also referred to as personal logs, or p-logs) if a user is signed into their Google account and (ii) not correlate authenticated (GAIA) and non-authenticated (*e.g.* Biscotti, Zwieback) logs data.

10. Out of the joined logs identified in my June 14, 2022 declaration, only the ▮▮▮▮▮ contains data keyed to authenticated identifiers as well as data keyed to unauthenticated identifiers. I explained in my June 14, 2022 declaration:

> The log ▮▮▮▮▮ contains joined information from ▮▮▮▮▮, ▮▮▮▮▮, ▮▮▮▮▮, ▮▮▮▮▮, ▮▮▮▮▮, and ▮▮▮▮▮, all of which were previously disclosed by Google.

Dkt. 614-2 ¶ 13. I have confirmed with the Google engineer that wrote the code for, and implemented, the ▮▮▮▮▮ log, that all of the joins in this log are either from **authenticated** to **authenticated** log sources (▮▮▮▮▮; ▮▮▮▮▮; ▮▮▮▮▮) or

1   from **unauthenticated** to **unauthenticated** log sources (███████████; ███████

2   ███████; ██████████████████████), but none are from

3   **unauthenticated to authenticated** log sources, or vice versa. The other ██ joined logs identified

4   in my June 14, 2022 declaration are either keyed to authenticated identifiers or to unauthenticated

5   identifiers: log ████████████████████ is not keyed to authenticated identifiers;

6   logs ██████████████████████████, ██████

7   ██████████████████, and ██████

8   ██████████████ are keyed to authenticated identifiers.

10   I declare under penalty of perjury of the laws of the United States of America that the

11   foregoing is true and correct.

12   Executed on the 18th day of August 2022 at Munich, Germany.

DocuSigned by:

*Martin Sramek*
—67CCD15CC3FB482...
Martin Sramek

-3-   Case No. 4:20-cv-03664-YGR-SVK
SECOND SUPPLEMENTAL DECLARATION OF MARTIN SRAMEK