# Exhibit 8

```
 1                UNITED STATES DISTRICT COURT
 2       NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION
 3
 4
 5    CHASOM BROWN, WILLIAM BYATT,
      JEREMY DAVIS, CHRISTOPHER
 6    CASTILLO, and MONIQUE
      TRUJILLO, individually and on
 7    behalf of all other similarly
      situated,
 8
                  Plaintiffs,
 9                                      No.
            vs.                         4:20-cv-03664-YGR-SVK
10
      GOOGLE LLC,
11
                  Defendant.
12    _____/
13
14
15         VIDEOTAPED DEPOSITION OF BRUCE SCHNEIER
16                 Remote Zoom Proceedings
17                 Cambridge, Massachusetts
18                  Monday, July 18, 2022
19
20
21
22
23    REPORTED BY:
24    LESLIE ROCKWOOD ROSAS, RPR, CSR 3462
25    Pages 1 - 233                          Job No. 5312337

                                                         Page 1
```

```
 1        UNITED STATES DISTRICT COURT
 2   NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION
 3
 4
 5   CHASOM BROWN, WILLIAM BYATT,
     JEREMY DAVIS, CHRISTOPHER
 6   CASTILLO, and MONIQUE
     TRUJILLO, individually and on
 7   behalf of all other similarly
     situated,
 8
            Plaintiffs,
 9                 No.
        vs.        4:20-cv-03664-YGR-SVK
10
     GOOGLE LLC,
11
            Defendant.
12   _____/
13
14
15      Videotaped deposition of BRUCE SCHNEIER,
16   taken on behalf of Defendant, Remote Zoom Proceedings
17   from Cambridge, Massachusetts, beginning at 11:03 a.m.
18   Eastern Daylight Time and ending at 7:20 p.m. Eastern
19   Daylight Time, on Monday, July 18, 2022, before
20   Leslie Rockwood Rosas, RPR, Certified Shorthand Reporter
21   No. 3462.
22
23
24
25
                                                     Page 2
```

```
 1   APPEARANCES:
 2
 3   FOR THE PLAINTIFFS:
 4      SUSMAN GODFREY LLP
 5      BY: IAN B. CROSBY, ESQ.
 6      1201 Third Avenue, Suite 3800
 7      Seattle, Washington 98101
 8      (206) 516-3861
 9      icrosby@susmangodfrey.com
10         -and-
11      BY: ALEXANDER P. FRAWLEY, ESQ.
12      3201 Avenue of the Americas, 32nd Floor
13      New York, New York 10019
14      (212) 729-2044
15      afrawley@susmangodfrey.com
16
17      BOIES SCHILLER FLEXNER LLP
18      BY: HSIAO (MARK) C. MAO, ESQ.
19      44 Montgomery Street, 41st Floor
20      San Francisco, California 91401
21      (415) 293-6800
22      mmao@bsfllp.com
23
24
25
                                                     Page 3
```

```
 1   APPEARANCES (Continued):
 2
 3      MORGAN & MORGAN
 4      BY: JOHN A. YANCHUNIS, ESQ.
 5      201 North Franklin Street, 7th Floor
 6      Tampa, Florida 33602
 7      (813) 223-5505
 8      jyanchuis@forthepeople.com
 9
10
11   FOR THE DEFENDANT:
12      QUINN EMANUEL URQUHART & SULLIVAN, LLP
13      BY: STEPHEN A. BROOME, ESQ.
14         ALYSSA (ALY) G. OLSON, ESQ.
15      865 South Figueroa Street, 10th Floor
16      Los Angeles, California 90017
17      (213) 443-3285 (Mr. Broome)
18      (213) 443-3000 (Ms. Olson)
19      stephenbroome@quinnemanuel.com
20      alyolson@quinnemanuel.com
21
22   Also Present:
23      Elvert Ling, Quinn & Emanuel summer associate
24      Haimin Zhang, Analysis Group
25      Robert Fenton, Videographer
                                                     Page 4
```

```
 1             I N D E X
 2
 3
 4   MONDAY, JULY 18, 2022
 5
 6   WITNESS                        EXAMINATION
 7   BRUCE SCHNEIER
 8
 9     BY MR. BROOME                     10
10     BY MR. CROSBY                    220
11
12
13
14     QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER:
15            (NONE)
16
17
18
19
20
21
22
23
24
25
                                                     Page 5
```

| | |
|---|---|
| 1  Q. So we've loaded Exhibit 7, which is your article<br>2 Privacy Threats in Intimate Relationships, which you<br>3 coauthored with Karen Levy; is that accurate?<br>4  A. Yes.<br>5  Q. Okay. And let's see. First of all, on page 2,    15:26:13<br>6 bottom left, very last sentence beginning in the<br>7 left-hand column on page 2. It says: "People living in<br>8 the same household may share computers, phones, and other<br>9 connected devices."<br>10    Do you see that?    15:26:31<br>11  A. That was a long page. Yes, I do see it.<br>12  Q. Okay. And do you agree with that?<br>13  A. Yes.<br>14  Q. And then if you go to -- skip ahead to page 10.<br>15  A. I'm there.    15:26:48<br>16  Q. Okay. Right in the heading there, Implication 6<br>17 says: "Realize that households are not units; devices<br>18 are not personal; the purchaser of a product is not its<br>19 only user."<br>20  A. Yes.    15:27:24<br>21  Q. And I had asked you if you agreed with that. Do<br>22 you agree with that?<br>23  A. So that is a -- an implication. So what that's<br>24 saying is that those things are not always true. I mean,<br>25 it's a person over a product is often its only user in    15:27:36<br><br>Page 134 | 1  Q. It says: "I have my browser configured to<br>2 delete my cookies every time I close it, which I do<br>3 multiple times a day. I am still being surveilled, but<br>4 now it's much harder to tie all those small surveillances<br>5 back to me and ads don't follow me around."    15:29:54<br>6    Do you see that?<br>7  A. I do.<br>8  Q. Why did you configure your browser setting to<br>9 delete cookies every time you close your browser?<br>10  A. It's an easy thing to do, and I think it -- it    15:30:04<br>11 helps block surveillance in some cases.<br>12  Q. Does it provide some degree of privacy?<br>13  A. I think it provides some degree of privacy, yes.<br>14  Q. Privacy from internet tracking companies?<br>15  A. Yes.    15:30:21<br>16  Q. Privacy from Google?<br>17  A. You know, I've learned a lot more about Google<br>18 tracking than I knew in 2014 so I'm not sure. You know,<br>19 these days I think Google is able to join to various<br>20 sessions of mine, or at least some of them.    15:30:37<br>21  Q. Right. But you haven't seen any evidence that<br>22 Google's actually done that; correct?<br>23  A. No, but I think it would be a bad business model<br>24 if they didn't. I mean, I can see what they talk about<br>25 in their writings to analytics customers. For me, it's    15:31:08<br><br>Page 136 |
| 1 the example of a smartphone. So I mean, that's shortened<br>2 because it's the title of a section so there's a bunch of<br>3 caveats missing.<br>4  Q. Okay. But as a general matter, you would agree<br>5 that households are not units and devices are not --    15:27:57<br>6 households are not necessarily units and devices are not<br>7 necessarily personal?<br>8  A. Yes. As a design assumption.<br>9  Q. Okay.<br>10  A. That's who I'm speaking to. I'm speaking to    15:28:12<br>11 designers of systems.<br>12  Q. Right. And well, you're speaking to designers<br>13 of systems, and this is a design assumption, but it is a<br>14 design assumption that is a -- has a real-world practical<br>15 application; right?    15:28:30<br>16  A. Yes.<br>17  Q. All right. Okay.<br>18    Can we go back to your Data and Goliath book for<br>19 a moment. I think that was 3, Exhibit 3. Page 217 in<br>20 the book, page 155 in the PDF.    15:29:08<br>21  A. I'm here.<br>22  Q. There's a heading that says "Distort<br>23 Surveillance."<br>24    Do you see that?<br>25  A. I do.    15:29:37<br><br>Page 135 | 1 something prudent to do. It's easy to do and provides me<br>2 some measure.<br>3  Q. I asked whether you'd seen any evidence that<br>4 Google's actually done that, and you said no. Just so<br>5 the record is clear, your answer is no, I have not seen    15:31:23<br>6 any evidence that Google's actually done that; is that<br>7 right?<br>8  A. No. I'm not privy to Google's actual data<br>9 surveillance practices.<br>10  Q. Okay. I think we got another record problem    15:31:38<br>11 because I said "is that right," and you said "no."<br>12  A. Yeah.<br>13  Q. Let me ask the question again.<br>14    Have you seen any evidence that Google is able<br>15 to join the various sessions?    15:32:06<br>16  A. Yes.<br>17  Q. No, wait. That's not what I meant to ask.<br>18    Have you seen any evidence that Google has<br>19 actually joined the various sessions?<br>20  A. No.    15:32:22<br>21    Wait. Counsel's evidence; right? So we have<br>22 the deposition of the FBI agent that said speaks to<br>23 linking private browsing and non-private browsing.<br>24 Right? We have that article by Sara Watson, of her<br>25 questioner, who says I was browsing Incognito and the ad    15:32:50<br><br>Page 137 |

Veritext Legal Solutions
866 299-5127

| | |
|---|---|
| 1  A. I do.<br>2  Q. Does this refer to just providing users with<br>3 some control?<br>4  A. No, I think Google is making a stronger<br>5 statement than some. They're saying that you can      19:17:17<br>6 control. They're not saying you can control partly, you<br>7 can control a little bit. You can control in these<br>8 areas, not those areas. They're saying you can control<br>9 it.<br>10  Q. So earlier on in the deposition, you recall    19:17:33<br>11 being asked questions about local privacy that's in<br>12 Incognito or private browsing modes?<br>13  A. Yes.<br>14  Q. And so if you turn to paragraph 285 in your<br>15 report in the last sentence, you reach the ultimate    19:18:04<br>16 conclusion: "Google's disclosures give rise to a<br>17 reasonable expectation that Google will not collect<br>18 users' private browsing information." Correct?<br>19  A. Yes.<br>20  Q. And so is it your opinion that Google's      19:18:18<br>21 representations to users are that it would only not<br>22 collect -- it would only respect local privacy and not<br>23 give any privacy from Google?<br>24    MR. BROOME: Object to the form.<br>25    THE WITNESS: I think Google is deliberately    19:18:35<br>Page 226 | 1    THE WITNESS: Thanks much.<br>2    THE VIDEOGRAPHER: Would counsel like to<br>3 conclude the video record?<br>4    MR. BROOME: Yeah, we can go off the record.<br>5    MR. CROSBY: Yes.                19:20:24<br>6    THE VIDEOGRAPHER: We are going off the record<br>7 at 7:20 p.m., and this concludes today's testimony given<br>8 by Bruce Schneier. The total number of media used was<br>9 one and will be retained by Veritext Legal Solutions.<br>10    (Time noted: 7:20 p.m. Eastern Daylight Time.)<br>11         --oOo--<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>Page 228 |
| 1 blurring that distinction in a way that -- to make users<br>2 sort of unaware of the distinction. They use the word<br>3 "we" a lot. You're in control. You know, control what<br>4 we collect. So that taken with the splash screen, which<br>5 says Chrome -- which says Chrome, I think it is -- that   19:19:03<br>6 distinction between Chrome and Google, since Chrome is a<br>7 Google service, is blurred.<br>8  Q. BY MR. CROSBY: Did Google's disclosures that<br>9 you've read ever limit its prudence to privacy to local<br>10 control?                        19:19:27<br>11    MR. BROOME: Objection.<br>12    THE WITNESS: You know, "ever" is a lot. I do<br>13 not recall any.<br>14  Q. BY MR. CROSBY: So just to be clear, would<br>15 Google's disclosures that you've read apply to just      19:19:43<br>16 Chrome or to its complete services?<br>17    MR. BROOME: Object to the form.<br>18    THE WITNESS: In many cases, Google talks about<br>19 them as a company. They'll say things like "across our<br>20 services." So they speak in many cases about everything   19:19:59<br>21 they do.<br>22    MR. CROSBY: I'll pass the witness.<br>23    MR. BROOME: And nothing further from me.<br>24    Thanks very much, Mr. Schneier. It was a real<br>25 pleasure to meet you, and I appreciate your time.    19:20:16<br>Page 227 | 1    I declare under the penalty of perjury under the<br>2 laws of the State of California that the foregoing is<br>3 true and correct.<br>4    Executed on _____, 2022, at<br>5 _____, _____.<br>6<br>7<br>8<br>9<br>10<br>11      _____<br>12         SIGNATURE OF THE WITNESS<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>Page 229 |

```
 1  STATE OF CALIFORNIA    ) ss:
 2  COUNTY OF MARIN        )
 3
 4       I, LESLIE ROCKWOOD ROSAS, RPR, CSR NO. 3462, do
 5  hereby certify:
 6       That the foregoing deposition testimony was
 7  taken before me at the time and place therein set forth
 8  and at which time the witness was administered the oath;
 9       That testimony of the witness and all objections
10  made by counsel at the time of the examination were
11  recorded stenographically by me, and were thereafter
12  transcribed under my direction and supervision, and that
13  the foregoing pages contain a full, true and accurate
14  record of all proceedings and testimony to the best of my
15  skill and ability.
16       I further certify that I am neither counsel for
17  any party to said action, nor am I related to any party
18  to said action, nor am I in any way interested in the
19  outcome thereof.
20       IN WITNESS WHEREOF, I have subscribed my name
21  this 19th day of July, 2022.
22
23
24
25       LESLIE ROCKWOOD ROSAS, RPR, CSR NO. 3462
                                                    Page 230
```

```
 1  IAN B. CROSBY, ESQ.
 2  icrosby@susmangodfrey.com
 3               July 19, 2022
 4  RE: BROWN VS. GOOGLE LLC
 5  JULY 18, 2022, BRUCE SCHNEIER, JOB NO. 5312337
 6  The above-referenced transcript has been
 7  completed by Veritext Legal Solutions and
 8  review of the transcript is being handled as follows:
 9  __ Per CA State Code (CCP 2025.520 (a)-(e)) – Contact Veritext
10     to schedule a time to review the original transcript at
11     a Veritext office.
12  __ Per CA State Code (CCP 2025.520 (a)-(e)) – Locked .PDF
13     Transcript - The witness should review the transcript and
14     make any necessary corrections on the errata pages included
15     below, noting the page and line number of the corrections.
16     The witness should then sign and date the errata and penalty
17     of perjury pages and return the completed pages to all
18     appearing counsel within the period of time determined at
19     the deposition or provided by the Code of Civil Procedure.
20  __ Waiving the CA Code of Civil Procedure per Stipulation of
21     Counsel - Original transcript to be released for signature
22     as determined at the deposition.
23  __ Signature Waived – Reading & Signature was waived at the
24     time of the deposition.
25
                                                    Page 231
```

```
 1  _X_ Federal R&S Requested (FRCP 30(e)(1)(B)) – Locked .PDF
 2     Transcript - The witness should review the transcript and
 3     make any necessary corrections on the errata pages included
 4     below, notating the page and line number of the corrections.
 5     The witness should then sign and date the errata and penalty
 6     of perjury pages and return the completed pages to all
 7     appearing counsel within the period of time determined at
 8     the deposition or provided by the Federal Rules.
 9  __ Federal R&S Not Requested - Reading & Signature was not
10     requested before the completion of the deposition.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
                                                    Page 232
```

```
 1  RE: BROWN VS. GOOGLE LLC
 2  BRUCE SCHNEIER, JOB NO. 5312337
 3           E R R A T A  S H E E T
 4  PAGE_____ LINE_____ CHANGE_____
 5  _____
 6  REASON_____
 7  PAGE_____ LINE_____ CHANGE_____
 8  _____
 9  REASON_____
10  PAGE_____ LINE_____ CHANGE_____
11  _____
12  REASON_____
13  PAGE_____ LINE_____ CHANGE_____
14  _____
15  REASON_____
16  PAGE_____ LINE_____ CHANGE_____
17  _____
18  REASON_____
19  PAGE_____ LINE_____ CHANGE_____
20  _____
21  REASON_____
22
23  _____   _____
24  WITNESS                          Date
25
                                                    Page 233
```

**Deposition Errata**
**Case: *Brown, et al. v. Google LLC***
**Deponent: Bruce Schneier**
**Date of Deposition: July 18, 2022**

I, Bruce Schneier, hereby certify that I have read the transcript of my testimony taken under oath in my deposition on the 18th day of July 2022; that the transcript is a true, complete record of my testimony and that the answers on the record as given by me are true and correct, with the following exceptions:

| Pg. and Ln. | Should Read | Reason |
|---|---|---|
| 15:13 | Change "Hoffman" to "Hochman" | Typographical Error |
| 19:12 | Change "an" to "my" | Transcription Error |
| 20:6 | Add "7" after "Section" | Transcription Error |
| 21:5 | Change "tour to "Tor" | Typographical Error |
| 24:3-4 | Change "testing" to "text" | Transcription Error |
| 30:20 | Change "are" to "a" | Transcription Error |
| 35:1-3 | "Related to" in lines 2 and 3 should have quotes around those words | Transcription Error |
| 38:20 | Change "securities" to "security" | Transcription Error |
| 40:5 | Change "into" to "in to" | Typographical Error |
| 40:25 | Change "solid" to "Solid" | Typographical Error |
| 41:6 | Change "solid" to "Solid" | Typographical Error |
| 42:25 | Change "substantiate" to "substantiates" | Typographical Error |
| 70:3 | Change "indicating" to "indicate" | Transcription Error |
| 72:17 | Change "Everyone" to "Everybody" | Transcription Error |
| 72:18 | Change "Everyone" to "Everybody" | Transcription Error |
| 73:8-9 | Change "Everyone" to "Everybody" | Transcription Error |
| 79:4-5 | Put quotes around "unable" | Transcription Error |
| 87:19-20 | Insert "but all of my knowledge on" after "case" | Transcription Error |
| 88:22 | Add comma after "privately" | Typographical Error |
| 101:5-7 | Put quotation marks around "the state or condition of being alone, undisturbed, or free from public attention" | Typographical Error |
| 102:3 | Change "private" to "privacy" | Transcription Error |
| 104:16 | Change "would" to "who" | Transcription Error |
| 105:16 | Should read: "I'm surprised at the number of people that are surprised" | Transcription Error |
| 109:10 | Change "by" to "from" | Transcription Error |
| 110:18-19 | Lines 18-19 should say: "does Google know the identity of an Incognito user?" | Transcription Error |
| 116:25 | Change "identify" to "identity" | Transcription Error |
| 131:15 | Change "your" to "you're" | Typographical Error |
| 132:17 | Change "individual" to "individuals" | Transcription Error |
| 134:25-135:1 | Line 25 should say: "if it's a person or a product, it is often its only user in" | Transcription Error |

| | | |
|---|---|---|
| 138:23-24 | Change "we're" to "we were" | Typographical Error |
| 141:13 | Change "incent" to "incentivize" | Transcription Error |
| 149:18 | Change "its" to "it's" | Typographical Error |
| 154:15-16 | Change "truly data" to "truly deleted" | Transcription Error |
| 172:10 | Change "antidotes" to "anecdotes" | Typographical Error |
| 172:12 | Change "Pachai's" to "Pichai's" | Typographical Error |
| 173:9 | Change "antidotes" to "anecdotes" | Typographical Error |
| 173:13 | Change "antidotes" to "anecdotes" | Typographical Error |
| 189:10 | Change "error" to "air" | Transcription Error |
| 193:11 | Change "I" to "you" | Transcription Error |
| 194:17 | Change "certain" to "certainly" | Typographical Error |
| 218:11-19 | While being examined about Deposition Exhibit 6, I correctly recalled that I had written about that article in my rebuttal expert report and stated, "Let me check what I wrote about it. Which article is it in my appendix?" Mr. Broome then incorrectly told me that "this article is not in the appendix." In fact, the article was addressed in Schneier Rebuttal Appendix 2 at page 9 (entry for GOOG-CABR-04665283). | |
| 223:22 | Change "Mr. Mao" to "Mr. Frawley" | Transcription Error |
| 223:23 | Plaintiffs' counsel did not Introduce Exhibit 10. That had already been marked by Google's counsel. Plaintiffs' Counsel at this point introduced Exhibit 11. | Transcription Error |
| 227:9 | Change "prudence" to "provenance" | Transcription Error |

_____  17 August 2022
BRUCE SCHNEIER                    DATE

2