| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>Erika Nyborg-Burch, CA Bar No. 342125<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br>enyborg-burch@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br>Defendant. | CASE NO.: 4:20-cv-03664-YGR-SVK<br><br>**[PROPOSED] DENYING DEFENDANT'S MOTION TO EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT DAVID NELSON**<br><br>The Honorable Yvonne Gonzalez Rogers<br>Courtroom 1 – 4th Floor<br>Date: September 20, 2022<br>Time: 2:00 p.m. |

Before the Court is Defendant's Motion to Exclude Opinions of Plaintiffs' Expert David Nelson (Dkt. 663, "Defendant's Motion"). Having considered the parties' papers filed in support of and in opposition to Defendant's Motion, and all other matters properly considered by this Court, the Court **DENIES** Defendant's Motion.

"An expert should be permitted to testify if the proponent demonstrates that: (i) the expert is qualified; (ii) the evidence is relevant to the suit; and (iii) the evidence is reliable. *Otto v. LeMahieu*, No. 4:19-cv-00054-YGR, 2021 WL 1615311, at *1 (N.D. Cal. Apr. 26, 2021) (citing *Thompson v. Whirlpool Corp.*, 2008 WL 2063549, at *3 (W.D. Wash. 2008)); *see also Perez v. Rash Curtis & Assocs.*, No. 16-cv-03396-YGR, 2019 WL 1491694, at *3 (N.D. Cal. Apr. 4, 2019). The "*Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to [non-scientific] testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *AngioScore, Inc. v. TriReme Medical, Inc.*, 87 F. Supp. 3d 986, 1015–16 (N.D. Cal. 2015) (Gonzalez Rogers, J.) (citing *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (finding that some *Daubert* factors do not apply to police officer's testimony based on 21 years of experience working undercover)), *rev'd on other grounds*, 666 Fed.Appx. 884 (Fed. Cir. 2016). The trial court acts as a "gatekeeper," excluding "junk science" that does not meet the standards of reliability required under Rule 702. *General Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997); *see also Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1229–30 (9th Cir. 1998). This Court's Standing Order in Civil Cases makes clear that "issues going to the weight and credibility to be given to a report are not proper bases to bring a *Daubert* motion." Standing Order § 11.

At the class certification stage, the court "does not make an ultimate determination of the admissibility" of the expert testimony and "considers only whether the expert evidence is useful in evaluating whether class certification requirements have been met." *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2017 WL 1391491, at *6 (N.D. Cal. Apr. 12, 2017); *see also Stathakos v. Columbia Sportswear Co.*, 15-CV-04543-YGR, 2017 WL 1957063, at *3 (N.D. Cal. May 11, 2017) (noting that "[a]t this early stage, robust gatekeeping

of expert evidence is not required") (internal quotation marks and citations omitted). Thus, the inquiry becomes "a tailored *Daubert* analysis which scrutinizes the reliability of the expert testimony in light of the criteria for class certification and the current state of the evidence." *Id.* (internal quotation marks and citations omitted).

Here, Google seeks to exclude the entirety of Mr. Nelson's opinions and testimony. Google, however, has not shown that that exclusion is warranted.

***Mr. Nelson is qualified to provide expert testimony.*** "The threshold for qualifications is low; a minimal foundation of knowledge, skill, and experience suffices." *In re PFA Ins. Mktg. Litig.*, 2021 WL 5994908, at *4 (N.D. Cal. Nov. 3, 2021) (Gonzalez Rogers, J.). Decades of experience working in the relevant industry and "familiarity with norms and best practices therein" is sufficient. *Id.*; *see also Stathakos*, 2017 WL 1957063, at *4 (expert was qualified "[b]ased on her extensive experience in the [] industry"). Google does not appear to challenge whether Mr. Nelson is qualified. However, given Mr. Nelson's extensive experience with the FBI, with approximately 18 years investigating cyber crime, which involved submitting requests to Google based on IP address and date range, receiving and reviewing that information from Google, and using that information in furtherance of his investigations (including identifying individuals), the Court finds Mr. Nelson is qualified to provide expert testimony.

***Mr. Nelson's expert testimony is relevant to this litigation.*** The "relevancy bar is low, demanding only that the evidence 'logically advance[] a material aspect of the proposing party's case.'" *Messick v. Novartis Pharm. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995)). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry." *City of Pomona v. SQM N.A. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014) (quoting *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010)). Similarly, Google does not appear to challenge the relevance of Mr. Nelson's testimony. Nevertheless, Mr. Nelson's testimony is relevant because it concerns how Google saves, collects, and uses private browsing data.

***Mr. Nelson's expert testimony is plainly reliable and not speculative.*** "[T]he test of

reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147–48 (1999). Reliability is met when "sufficient assurances of trustworthiness are present that the expert witness' explanative theory produced a correct result to warrant jury acceptance, *i.e.*, a product of reliable principles and methods." *Stathakos*, 2017 WL 1957063, at *2. "Under Rule 703, expert opinion may be based on three possible sources: firsthand knowledge; admitted evidence; and facts or data not otherwise admitted, if they are the kind of information on which experts in the particular field reasonably would rely in forming opinions on the subject." *Id.* at *3.

The cases Google relies on are unavailing. Despite Google's representations, upon a review of the deposition transcript it is clear that Mr. Nelson provided details about his training, experience, and investigations during his time with the FBI. He described the process for submitting requests to Google, receiving the responsive information, and how he would use that to further his investigations. When asked for details that would reveal the subjects or victims, Mr. Nelson did invoke confidentiality, but the other details, taken as a whole, meet the test for reliability.

Google's Motion to Exclude Opinions of Plaintiffs' Expert David Nelson is **DENIED**.

**IT IS SO ORDERED.**

DATED: _____        _____
                                                              Honorable Yvonne Gonzalez Rogers
                                                              United States District Judge