**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

CASE NO.: 4:20-cv-03664-YGR-SVK

**[PROPOSED] ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE OPINIONS OF PLAINTIFFS' DAMAGES EXPERT MICHAEL J. LASINSKI (DKT. 662)**

The Honorable Yvonne Gonzalez Rogers
Courtroom 1 – 4th Floor
Date: September 20, 2022
Time: 2:00 p.m.

Before the Court is Google's motion to exclude all opinions proffered by Plaintiffs' damages expert Michael J. Lasinski, Dkt. 662 ("Google's Motion"). Having considered the parties' papers filed in support of and in opposition to Google's Motion, and all other matters properly considered by this Court, the Court **DENIES** Google's Motion.

"Federal Rule of Evidence 702 permits opinion testimony by an expert as long as the expert is qualified and his or her opinion is relevant and reliable. An expert witness may be qualified by 'knowledge, skill, experience, training, or education.'" *Vizcarra v. Unilever United States, Inc.*, 339 F.R.D. 530, 538 (N.D. Cal. 2021) (quoting Fed. R. Evid. 702). "Rule 702 permits experts to testify if their testimony is: (1) based upon sufficient facts or data, (2) the product of reliable principles and methods, and (3) the result of applying those principles and methods reliably to the facts of the case. In determining whether an expert's testimony meets the standards of Rule 702, the court acts as a 'gatekeeper' that 'ensur[es] that [the] expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *MediaTek Inc. v. Freescale Semiconductor, Inc.*, 2014 WL 2854890, at *1 (N.D. Cal. June 20, 2014) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)).

"The Ninth Circuit has reiterated that the 'test of reliability is 'flexible' . . . . When an expert meets the threshold established by Rule 702 as explained in *Daubert*, the expert may testify and the jury decides how much weight to give that testimony. Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.'" *Id.* at *2 (quoting *Primiano v. Cook*, 598 F.3d 558, 564-65 (9th Cir. 2010)). "'The focus of the district court's analysis must be solely on principles and methodology, not on the conclusions that they generate,' and 'the court's task is to analyze not what the experts say, but what basis they have for saying it.'" *Vizcarra*, 339 F.R.D. at 538 (quoting *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017)).

Here, Google seeks to exclude all of the opinions proffered by Plaintiffs' damages expert, Michael J. Lasinski, including his opinions related to unjust enrichment damages, actual damages, statutory damages, and apportionment.

As detailed in his report (Dkt. 608-9, the "Lasinski Report"), Mr. Lasinski is an experienced damages expert who in this case based his damages calculations and opinions on internal Google analyses, data, and programs. Mr. Lasinski's actual damages calculations are based on the Google "Ipsos Screenwise Panel" program, where Google paid participants a baseline rate in exchange for allowing Google to collect, save and use their browsing activity, regardless of browsing mode. Lasinski Report ¶ 8. Mr. Lasinski's unjust enrichment calculations are based on an internal Google analysis, [REDACTED] Lasinski Report ¶ 7. As for statutory damages, Mr. Lasinski identified potential bases on which any applicable rate can be applied, relying on Google's self-described "ground truth" records for tracking Incognito page-loads. Lasinski Report ¶ 9. Mr. Lasinski also offers apportionment opinions based in part on data produced by Google in this litigation. Lasinski Report ¶ 10.

Google has not shown that any of Mr. Lasinski's opinions should be excluded.

***Mr. Lasinski properly assumed liability.*** Mr. Lasinski properly relied on factual assumptions consistent with Plaintiffs' theory of liability—that Google collected, saved, and used private browsing information without consent. *See Williams v. Apple, Inc.*, 338 F.R.D. 629, 644 (N.D. Cal. 2021) (rejecting argument that "class members would have been uninjured if they encountered 'widely circulated articles spanning the Class Period that disclosed Apple's practice," as contrary to "settled contract law and Ninth Circuit precedent"); *Siqueiros v. Gen. Motors LLC*, 2022 WL 74182, at *10 (N.D. Cal. Jan. 7, 2022) (damages expert was "entitled to assume liability in order to model the damages" and assume "all Class Vehicles are defective"). Any disagreement Google might have with Mr. Lasinski's assumptions "is not a ground to exclude [his] testimony altogether under *Daubert*." *Siqueiros*, 2022 WL 74182, at *11 ("Where a party challenges the expert's assumptions, the challenges may go to impeachment, rather than admissibility."). "Plaintiffs' expert is not required to accept Defendants' version of the facts." *Aramark Mgmt., LLC v. Borgquist*, 2021 WL 4860692, at *3 (C.D. Cal. Sept. 29, 2021).

***Google's critiques of Mr. Lasinski's "Screenwise" model at most goes to weight.*** Mr. Lasinski's selection of certain inputs in this case is not a basis for exclusion, including with respect to the actual damages he calculated using the "Screenwise" input. Criticisms about the "inputs used" are "classic criticisms that go to weight, not admissibility." *In re Juul Labs, Inc. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 2022 WL 1814440, at *20 (N.D. Cal. June 2, 2022). Mr. Lasinski used as an input what Google has paid users (each month, per device) to participate in studies that allow Google to collect, save, and use their browsing data, regardless of browsing mode. Use of that input for calculating actual damages provides no basis for exclusion, and none of Google's contention warrant exclusion for any of Mr. Lasinski's opinions.

***Google's critiques of Mr. Lasinski's unjust enrichment model at most also go to weight.*** Mr. Lasinski has identified ample evidentiary support for his unjust enrichment calculations, based on detailed documents and analyses conducted by Google employees, and also with his opinion that there are [REDACTED] [REDACTED] To the extent Google disagrees, it can cross-examine Mr. Lasinski and present its argument to the jury. *See Gray v. Perry*, 2019 WL 2992007, at *19 (C.D. Cal. July 5, 2019) (any purported "failure to consider costs when calculating profits goes to the weight of [expert] testimony and can be addressed on cross-examination."). Google's contentions provide no basis to exclude any portion of Mr. Lasinski's opinions.

***Google's arguments against Mr. Lasinski's proposed methods for apportioning an aggregate damage award are unavailing.*** Google's contentions regarding apportionment provide no basis for any exclusion. Google has no interest in how to apportion any aggregate award. "That is because when the only question is how to distribute the damages, the interests affected are not the defendant's but rather those of the silent class members." *Six (6) Mexican Workers v. Az. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990). Where "partitioning" aggregate damages among class members "would not impact a defendant's liability for the total amount of damages," the defendant has no standing to complain and any "individual calculations" required to divide the pie would not defeat certification. *Ruiz Torres v. Mercer*

*Canyons*, 835 F.3d 1125, 1140-41 (9th Cir. 2016). Here, Mr. Lasinski properly proffers two methods to apportion any award [REDACTED] Finally, Google's apportionment critiques are particularly misplaced in light of the Court's preclusion order: "Google may not use the fact that only sampled data, not complete data, is available to challenge class certification generally or attestations by individuals that they are members of the class." Dkt. 587 at 7.

***Mr. Lasinski proposes reliable methods for calculating statutory damages.*** As it is the Court's role to assess statutory damages, exclusion of Mr. Lasinski's opinions concerning those damages are unwarranted. He has presented reliable bases on which the Court could apply any applicable damages rate (should statutory damages be awarded in this case).

**IT IS SO ORDERED.**

DATED: ______________________

______________________________________
Honorable Yvonne Gonzalez Rogers
United States District Judge