# Exhibit 2 to Frawley Declaration in Opposition to Google's Motion to Exclude Plaintiffs' Expert Bruce Schneier

# Schneier Deposition Excerpts

```
 1               UNITED STATES DISTRICT COURT
 2      NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION
 3
 4
 5   CHASOM BROWN, WILLIAM BYATT,
     JEREMY DAVIS, CHRISTOPHER
 6   CASTILLO, and MONIQUE
     TRUJILLO, individually and on
 7   behalf of all other similarly
     situated,
 8
                 Plaintiffs,
 9                                     No.
           vs.                         4:20-cv-03664-YGR-SVK
10
     GOOGLE LLC,
11
                 Defendant.
12   _____/
13
14
15        VIDEOTAPED DEPOSITION OF BRUCE SCHNEIER
16               Remote Zoom Proceedings
17               Cambridge, Massachusetts
18                Monday, July 18, 2022
19
20
21
22
23   REPORTED BY:
24   LESLIE ROCKWOOD ROSAS, RPR, CSR 3462
25   Pages 1 - 233                      Job No. 5312337
```

Page 1

```
 1                  UNITED STATES DISTRICT COURT
 2          NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION
 3
 4
 5    CHASOM BROWN, WILLIAM BYATT,
      JEREMY DAVIS, CHRISTOPHER
 6    CASTILLO, and MONIQUE
      TRUJILLO, individually and on
 7    behalf of all other similarly
      situated,
 8
                    Plaintiffs,
 9                                        No.
            vs.                           4:20-cv-03664-YGR-SVK
10
      GOOGLE LLC,
11
                    Defendant.
12    _____/
13
14
15          Videotaped deposition of BRUCE SCHNEIER,
16    taken on behalf of Defendant, Remote Zoom Proceedings
17    from Cambridge, Massachusetts, beginning at 11:03 a.m.
18    Eastern Daylight Time and ending at 7:20 p.m. Eastern
19    Daylight Time, on Monday, July 18, 2022, before
20    Leslie Rockwood Rosas, RPR, Certified Shorthand Reporter
21    No. 3462.
22
23
24
25
                                                          Page 2
```

```
 1   APPEARANCES:
 2
 3   FOR THE PLAINTIFFS:
 4        SUSMAN GODFREY LLP
 5        BY: IAN B. CROSBY, ESQ.
 6        1201 Third Avenue, Suite 3800
 7        Seattle, Washington 98101
 8        (206) 516-3861
 9        icrosby@susmangodfrey.com
10              -and-
11        BY: ALEXANDER P. FRAWLEY, ESQ.
12        3201 Avenue of the Americas, 32nd Floor
13        New York, New York 10019
14        (212) 729-2044
15        afrawley@susmangodfrey.com
16
17        BOIES SCHILLER FLEXNER LLP
18        BY: HSIAO (MARK) C. MAO, ESQ.
19        44 Montgomery Street, 41st Floor
20        San Francisco, California 91401
21        (415) 293-6800
22        mmao@bsfllp.com
23
24
25
```

```
 1   APPEARANCES (Continued):
 2
 3        MORGAN & MORGAN
 4        BY: JOHN A. YANCHUNIS, ESQ.
 5        201 North Franklin Street, 7th Floor
 6        Tampa, Florida 33602
 7        (813) 223-5505
 8        jyanchuis@forthepeople.com
 9
10
11   FOR THE DEFENDANT:
12        QUINN EMANUEL URQUHART & SULLIVAN, LLP
13        BY: STEPHEN A. BROOME, ESQ.
14            ALYSSA (ALY) G. OLSON, ESQ.
15        865 South Figueroa Street, 10th Floor
16        Los Angeles, California 90017
17        (213) 443-3285 (Mr. Broome)
18        (213) 443-3000 (Ms. Olson)
19        stephenbroome@quinnemanuel.com
20        alyolson@quinnemanuel.com
21
22   Also Present:
23        Elvert Ling, Quinn & Emanuel summer associate
24        Haimin Zhang, Analysis Group
25        Robert Fenton, Videographer
```

Page 4

```
 1                          I N D E X
 2
 3
 4    MONDAY, JULY 18, 2022
 5
 6    WITNESS                                    EXAMINATION
 7    BRUCE SCHNEIER
 8
 9        BY MR. BROOME                                   10
10        BY MR. CROSBY                                  220
11
12
13
14         QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER:
15                          (NONE)
16
17
18
19
20
21
22
23
24
25
```

```
 1                    DEPOSITION EXHIBITS
 2                      BRUCE SCHNEIER
 3     NUMBER        DESCRIPTION                    IDENTIFIED
 4     Exhibit 1     Expert Report of Bruce              16
 5                   Schneier, 04/15/22
 6     Exhibit 2     Data and Goliath: The Hidden        58
 7                   Battles to Collect Your Data
 8                   and Control Your World, by
 9                   Bruce Schneier
10     Exhibit 3     Data and Goliath: The Hidden        60
11                   Battles to Collect Your Data
12                   and Control Your World, by
13                   Bruce Schneier
14     Exhibit 4     Ask the Decoder: How Private        70
15                   is Private Browsing, Really?
16                   By Sara M. Watson, 09/24/14
17     Exhibit 5     Schneier on Security: Click         72
18                   Here to Kill Everybody
19                   Endnotes
20     Exhibit 6     Google's Chrome Incognito           75
21                   Mode is Way Less Private Than
22                   You Think, by Laurie Clarke
23
24
25
```

| | | | |
|---|---|---|---|
| 1 | Exhibit 7 | Journal of Cybersecurity, Research Paper, Privacy Threats in Intimate Relationships, by Karen Levy and Bruce Schneier | 133 |
| 6 | Exhibit 8 | Google Privacy Policy, GOOG-CABR-00001107 - 134 | 163 |
| 8 | Exhibit 9 | Expert Rebuttal Report of Bruce Schneier Rebuttal of Expert Georgios Zervas, 06/07/22 | 184 |
| 12 | Exhibit 10 | Google Chrome Privacy Notice, Last Modified 05/20/20, GOOG-CABR-00002522 - 539 | 223 |
| 15 | Exhibit 11 | Google Privacy Policy, effective 02/10/22 | 224 |

Veritext Legal Solutions
866 299-5127

```
 1         Cambridge, Massachusetts; Monday, July 18, 2022

 2              11:03 a.m. Eastern Daylight Time

 3                         --oOo--

 4                       PROCEEDINGS

 5                                                              11:02:41

 6         THE VIDEOGRAPHER:  Good morning.  We are on the

 7   record.  The time is 11:03 a.m. Eastern Time.  Today is

 8   July 18th, 2022.

 9         Please note that this deposition is being

10   conducted virtually.  The quality of recording depends on 11:03:02

11   the quality of camera and internet connection of

12   participants.  What is seen from the witness and heard on

13   screen is what will be recorded.

14         Audio and video recording will continue to take

15   place unless all parties agree to go off the record.      11:03:17

16         This is Media Unit 1 of the video-recorded

17   deposition of Bruce Schneier, taken by counsel for

18   defendant, in the matter of Chasom Brown versus Google

19   LLC, filed in the United States District Court, Northern

20   Division of California, San Jose, Case Number           11:03:37

21   4:20-cv-03664-YGR-SVK.

22         This deposition is being conducted remotely

23   using virtual technology.  My name is Rob Fenton,

24   representing Veritext Legal Solutions, and I am the

25   videographer.  The court reporter is Leslie Rosas from   11:04:03
```

Page 8

| | |
|---|---|
| 1 | with the technologies in question." |
| 2 | Do you still agree with those statements or do |
| 3 | you want to see it in the book? |
| 4 | A.  I want to see it in situ. |
| 5 | Q.  Yeah, that's fine.  It's page 55 of your book   15:08:38 |
| 6 | and 44 of the PDF, which was, I think, Exhibit 3. |
| 7 | Based on -- it might have been 44. |
| 8 | A.  Yeah, I see it.  Yes.  I would agree with that, |
| 9 | still. |
| 10 | Q.  Okay.  All right.   15:09:09 |
| 11 | Let's go back to your report, Exhibit 1.  Let's |
| 12 | go to 78, paragraph 78. |
| 13 | A.  Uh-huh. |
| 14 | Q.  And you say at the end there:  "Growing |
| 15 | awareness of the amount of data produced by internet   15:10:23 |
| 16 | users and collected by companies such as Google explains |
| 17 | why users seek refuge in the promise and expectation of |
| 18 | going Incognito online." |
| 19 | Do you see that? |
| 20 | A.  I do.   15:10:35 |
| 21 | MR. CROSBY:  Can I get the PDF page for that, |
| 22 | please. |
| 23 | MR. BROOME:  We're back in the report. |
| 24 | MR. CROSBY:  I'm sorry. |
| 25 | THE WITNESS:  Last sentence of paragraph 78.   15:10:43 |

```
1            MR. CROSBY:  Apologies.
2            MR. BROOME:  That's okay.
3       Q.   So based on your prior testimony, you are not
4    opining here that users are, in fact, seeking refuge from
5    Google by going on Incognito online; you're just saying        15:11:09
6    that's a possible explanation?
7            MR. CROSBY:  Object to the form.
8            THE WITNESS:  I think I'm saying, yeah, Im
9    saying it's an explanation.  That the increasing
10   awareness of internet surveillance, think of -- I'm            15:11:25
11   blanking on the name -- Age of Surveillance Capitalism,
12   the book became a New York Times best-seller, and got a
13   lot of people talking about that book.  After my book,
14   people are more concerned about collection.
15       Q.  BY MR. BROOME:  Okay.  And does that book or any       15:11:47
16   other book that you've read contain research indicating
17   that people are seeking refuge from this growing data
18   collection by going Incognito?
19       A.  It's -- the book is this thick (indicating), and
20   I am not remembering.                                          15:12:13
21       Q.  Okay.
22       A.  Shoshana Zuboff is her name.  I'm sorry.
23       Q.  Have you -- sitting here today, can you recall
24   any research indicating that consumers are responding to
25   the growing amount of data produced by internet users and      15:12:28
```

Page 125

```
 1   collected by companies such as Google by seeking refuge

 2   in the promise and expectation of going Incognito online?

 3         A.   No.

 4         Q.   All right.  Let's go to 86.

 5              You say:  "In the context" -- in the              15:13:31

 6   second-to-last sentence.  "And in the context of private

 7   browsing, users have specifically signaled that they

 8   expect their browsing sessions and the associated content

 9   to be in fact private.  That data point alone is private

10   in and of itself."                                           15:13:49

11              Do you see that?

12         A.   I do.

13         Q.   And the last sentence where you say "that data

14   point alone is private in and of itself," do you mean

15   that the fact that a user is in Incognito mode or private   15:14:00

16   browsing mode should be private?

17         A.   You used the word "should."  What do you mean be

18   "should"?

19         Q.   Or is.  I'm not sure.  Is -- what -- when you

20   say "that data point," are you saying -- are you            15:14:11

21   referring to -- let me start over.

22              When you refer to "that data point" in the last

23   sentence of paragraph 86, are you -- do you mean the fact

24   that a user is in private browsing mode?

25         A.   Yes.                                             15:14:31
```

Page 126