**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No.: 4:20-cv-03664-YGR-SVK

**[PROPOSED] ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT BRUCE SCHNEIER (DKT. 664)**

The Honorable Yvonne Gonzalez Rogers
Courtroom 1 – 4th Floor
Date: September 20, 2022
Time: 2:00 p.m.

1

1    Before the Court is Google's motion to exclude all opinions offered by Plaintiffs' expert

2    Bruce Schneier, Dkt. 664, ("Google's Motion"), including every opinion proffered in Professor

3    Schneier's April 15, 2022 opening expert report (Dkt. 608-7) ("Schneier Report") and every

4    opinion proffered in Professor Schneier's June 7, 2022 rebuttal expert report (Dkt. 608-6)

5    ("Schneier Rebuttal").

6    Having considered the parties' papers filed in support of and in opposition to Google's

7    Motion, and all other matters properly considered by this Court, the Court **DENIES** Google's

8    Motion.

9    "Expert opinion testimony is relevant if the knowledge underlying it has a valid

10   connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable

11   basis in the knowledge and experience of the relevant discipline." *City of Pomona v. SQM N.*

12   *Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014). Courts should screen "unreliable nonsense

13   opinions, but not exclude opinions merely because they are impeachable." *Hangarter v.*

14   *Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) "Shaky but admissible

15   evidence is to be attacked by cross examination, contrary evidence, and attention to the burden

16   of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010).

17   Google argues that all 20 of Schneier's opinions should be excluded in their entirety.

18   Google's Motion can be divided into six arguments. The Court rejects all of them.

19   *First*, Schneier Opinions 1-6 regarding data and privacy provide relevant context for other

20   opinions. Google's complaint that such opinions "have no specific application whatsoever" has

21   no bearing on the admissibility of "background" or "teaching" testimony under Rule 702:

22        If the expert purports to apply principles and methods to the facts
          of the case, it is important that this application be conducted
23        reliably. Yet it might also be important in some cases for an expert
          to educate the factfinder about general principles, without ever
24        attempting to apply these principles to the specific facts of the case.
          … For this kind of generalized testimony, Rule 702 simply
25        requires that: (1) the expert be qualified; (2) the testimony address
          a subject matter on which the factfinder can be assisted by an
26        expert; (3) the testimony be reliable; and (4) the testimony "fit" the
          facts of the case.

27

28

[Proposed] Order Denying Defendant's Motion to Exclude Schneier Opinions
4:20-cv-03664-YGR-SVK

*Id.* Rule 702, Advisory Committee Notes. Google does not (and could not) dispute that Schneier is qualified to testify regarding online privacy, that a lay juror would not be assisted by his knowledge about the subject, or that his testimony on the subject is broadly unreliable. Indeed, Plaintiffs' claims for intrusion on seclusion and invasion of privacy in particular place the overall context of Google's collection of private browsing information and the risk of its disclosure squarely in issue.

*Second*, Schneier is qualified to opine on the likely effect of Google's disclosures on reasonable users. (Opinions 10-13 and Rebuttal Opinion 6). Schneier's decades of academic and industry experience qualify him to opine on the reasonable expectations that users would derive from Google's user interfaces and related privacy disclosures. This Court has specifically found that "formal training in business process-focused software engineering, the design of user interface and registration pages, and user-experience design to ensure that users understand how their personal information will be used and disclosed when interacting with a web page" supplies a sufficient basis to "offer opinions on the issue of whether the design of [a] website would be likely to mislead or confuse a *typical* user." *Berman v. Freedom Financial Network, LLC*, 400 F.Supp.3d 964, 972 (N.D. Cal. 2019) (Gonzalez, Rogers, J.) (emphasis added). This Court's decision in *Berman* rejects Google's contention that "survey or other case-specific research on actual private browsing mode users," Mot. 9, is required to testify about the understanding of a reasonable user. So long as Schneier does "not testify as to whether a particular user or group of users was confused or misled" without such a factual basis, *Berman* permits his testimony. 400 F. Supp. at 972. And, as Google acknowledges, Schneier has made clear that he is not offering such opinions about particular class members. *See* Mot. 12 (quoting Schneier Tr. at 32:16-24).

*Third*, Opinions 7-14 properly cite internal Google documents to a lay a foundation for Schneier's opinions. Schneier properly relies on Google documents to support his professional opinions about the adequacy of Google's disclosures and the acceptability of its conduct. In any event, Google's complaint that these opinions are "imbued with … selective quotation and mischaracterization of Google documents" is a matter for cross-examination and refutation, not

exclusion. *Humetrix v. Gemplus*, 268 F.3d 910, 919 (9th Cir. 2001) ("To the extent Gemplus sought to challenge the correctness of Humetrix's experts' testimony, its recourse is not exclusion of the testimony, but, rather, refutation of it by cross-examination and by the testimony of its own expert witnesses.")

*Fourth*, Schneier's opinions about the risks of data retention are relevant to the offensiveness of Google's conduct. Plaintiffs' state-law privacy claims turn on the offensiveness and unacceptability of Google collecting data from people who reasonably believe that it will not do so when they are engaged in private browsing. (Opinions 6, 9 and Rebuttal Opinion 2) *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 606 (9th Cir. 2020). "Legally recognized privacy interests" are not limited to "interests in precluding the dissemination or misuse of sensitive and confidential information ('informational privacy')" but also include "interests in making intimate personal decisions or conducting personal activities *without observation*, intrusion, or interference ('autonomy privacy')." *Hill v. National Collegiate Athletic Ass'n*, 865 P.2d 633, 654 (Cal. 1994). Google's attempt to reframe this case around what it does or doesn't do with the private browsing mode data it collects ignores the gravamen of Plaintiffs' claims that Google was wrong to collect that data in the first place.

*Fifth*, Schneir's opinions are not unfairly prejudicial. Google claims that Schneier offers "highly inflammatory statements that have absolutely no bearing on any issue in this case" Mot. at 17. But many of the statements Google identifies are simply true, such as that Google receives subpoenas from law enforcement for information and its policy is to divulge such information when it is legally required. These facts are relevant to Plaintiffs' claims for the same reasons noted above. What has happened with other sources of data could happen to data that Google collects about private browsing, and what could happen to that information is highly relevant to Plaintiffs' allegations about the offensiveness of Google's misconduct—where Plaintiffs allege that Google collects this sensitive information despite promising not to.

*Sixth*, Schneier is qualified to opine about Google's incentives and services. Contrary to

Google's suggestion, Schneier is not opining on Google's intent. Mot. at 18. His opinions regarding what "Google counts on," its "incentives," what it is "motivated to ensure," and the like, are all structural observations about the market for online user data that Google does not substantively contradict. But to the extent Google disagrees, it can explain why through cross examination.

**IT IS SO ORDERED.**

DATED: _____     _____

                                    Honorable Yvonne Gonzalez Rogers
                                    United States District Judge

[Proposed] Order Denying Defendant's Motion to Exclude Schneier Opinions
4:20-cv-03664-YGR-SVK