**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE NON-RETAINED EXPERT DECLARATIONS FOR WHOM GOOGLE PROVIDED NO EXPERT REPORT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: September 27, 2022<br>Time: 2:00 p.m. |

1

2

## **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 2

II.     FACTUAL BACKGROUND ............................................................................... 4

        A.      Google Failed to Submit Required Expert Reports from the Declarants. ............ 4

        B.      Fact Discovery Provided No Substitute for the Required Expert Reports. .......... 6

III.    LEGAL STANDARD .......................................................................................... 8

IV.     ARGUMENT ....................................................................................................... 9

        A.      The Four Declarations Each Constitute Improper Expert Opinion
                Testimony for which Google Provided No Expert Report. ................................ 10

                1.      The Levitte Declaration Constitutes Improper Expert Opinion. ............ 10

                2.      The Berntson Declaration Constitutes Improper Expert Opinion. ......... 11

                3.      The Ganem Declaration Constitutes Improper Expert Opinion. ............ 12

                4.      The McPhie Declaration Constitutes Improper Expert Opinion. ........... 13

        B.      Google's Declarations Should Be Stricken Under Rule 37(c)(1). .................... 13

V.      CONCLUSION .................................................................................................. 16

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Advance Trust & Life Escrow Svcs., LTA v. N. Am. Co. for Life & Health Ins.*,
    2022 WL 883750 (S.D. Iowa March 22, 2022) .....................................................................14

5

*In re FedEx Ground Package Sys., Inc., Employment Practices Litig.*,
    2010 WL 779322 (N.D. Ind. Feb. 23 2010) ..........................................................................15

6

7

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir.1992) ....................................................................................................8

8

*Markson v. CRST Int'l, Inc.*,
    2021 WL 5969519 (C.D. Cal. Nov. 23, 2021) ......................................................................14

9

10

*Matsuura v. E.I. du Pont De Nemours & Co.*,
    2007 WL 433115 (D. Haw. Feb. 2, 2007) .............................................................................13

11

*Trulove v. D'Amico*,
    2018 WL 1090248 (N.D. Cal. Feb. 27, 2018) (Gonzalez Rogers, J.) ......................... *passim*

12

13

*Wallace v. U.S.A.A. Life Gen. Agency, Inc.*,
    862 F. Supp. 2d 1062 (D. Nev. 2012) ....................................................................................14

14

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101 (9th Cir. 2001) .................................................................................................8

15

16

**Rules**

17

Fed. R. Civ. P. 26(a)(1) ............................................................................................8, 10, 14

18

Fed. R. Civ. P. 26(a)(2) ..................................................................................................10, 13

19

Fed. R. Civ. P. 26(a)(2)(A) ...................................................................................................9

20

Fed. R. Civ. P. 26(a)(2)(B) .......................................................................................... *passim*

21

Fed. R. Civ. P. 26(a)(2)(C) ...........................................................................................3, 9, 10

22

Fed. R. Civ. P. 26(e)(2) ....................................................................................................6, 15

23

24

Fed. R. Civ. P. 26(f) ...............................................................................................................8

25

Fed. R. Civ. P. 30(b)(6) ...............................................................................................8, 12, 13

26

Fed. R. Civ. P. 37(c)(1) ................................................................................................ *passim*

27

28

Fed. R. Evid. 702 ....................................................................................................9, 10

Fed. R. Evid. 703 ........................................................................................................9

Plaintiffs' Motion to Strike Non-Retained Expert Declarations with No Expert Report
4:20-cv-03664-YGR-SVK

PLEASE TAKE NOTICE that, on September 27, 2022 at 2:00 p.m. or on a date and time to be set by the Court,[1] Plaintiffs will appear before the Honorable Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California to move the Court to strike the declarations of Google's non-retained employee-experts George Levitte, Glenn Berntson, Steve Ganem, and Jonathan McPhie, filed with Google's opposition to Plaintiffs' motion for class certification as Dkts. 666-19 (Levitte), 666-18 (Berntson), 666-17 (Ganem), and 666-12 (McPhie). This motion to strike is made under Federal Rules of Civil Procedure 26(a)(2) and 37 (c)(1), this Court's Standing Order in Civil Cases (Paragraph 10), and numerous scheduling orders, including the March 7, 2022 Case Management and Pretrial Order (Dkt. 465). The motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the concurrently filed declaration of Alexander Frawley and accompanying exhibits, all matters of which the Court may take judicial notice, other pleadings and papers on file in this action, and other written or oral argument that Plaintiffs may present.

## ISSUE TO BE DECIDED

Whether the declarations of non-retained employee-experts George Levitte, Glenn Berntson, Steve Ganem, and Jonathan McPhie should be stricken because Google violated this Court's Standing Order in Civil Cases by failing to provide required expert reports for these four employees.

## RELIEF REQUESTED

Plaintiffs respectfully request that the Court strike the non-retained employee-expert declarations of George Levitte (Dkt. 666-19), Glenn Berntson (666-18), Steve Ganem (666-17), and Jonathan McPhie (Dkt. 666-12).

Dated: August 23, 2022

By:   */s/ Mark Mao*

---

[1] The Court is already scheduled to hear Plaintiffs' motion for class certification (Dkt. 609) and Google's *Daubert* motions (Dkt. 662-64) on September 20, 2022. Plaintiffs are amenable to all of these motions being heard together, whether on September 20, or September 27.

1    **I.     INTRODUCTION**

2          Under this Court's Standing Order in Civil Cases, ***all*** expert witnesses—"***whether***

3    ***retained or non-retained***"—"must provide written reports in compliance with Federal Rule of

4    Civil Procedure 26(a)(2)(B)." Dkt. 392 ¶ 10 (emphasis added). On February 11, 2022, the Court

5    reminded Google that this order was in effect and must be followed. Frawley Decl. Ex.[2] 1 (Feb.

6    11, 2022 Hr'g Tr.) at 11:13-14. And on March 22, 2022, the Court issued a Case Management

7    and Pretrial Order making clear that the deadlines for expert reports under Rule 26(a)(2)(B)

8    applied to "All Experts, Retained ***and Non-Retained***." Dkt. 465 at 1 (emphasis added).

9          Despite the Court's clear and unambiguous orders, Google improperly attached to its

10   opposition to class certification declarations from four non-retained employee-experts who never

11   submitted any expert report. Those four declarations very clearly fall within the scope of the

12   Court's Standing Order:

13         • **George Levitte:**  Mr. Levitte declares himself "a ***subject matter expert*** for all
14             ad monetization features of Ad Manager" and then (as detailed below) proceeds
                to offer various expert opinions which Google uses to rebut Plaintiffs' expert
15             Mr. Lasinski's unjust enrichment and apportionment opinions. Dkt. 666-12
                ("Levitte Decl.") ¶ 2 (emphasis added).

16         • **Glenn Berntson:**  Dr. Berntson expressly seeks to ***rebut Plaintiffs' technical***
17             ***expert Mr. Hochman***, purporting to "address some errors and false assumptions
                made in Mr. Jonathan Hochman's expert report, submitted in this case,"
18             including with respect to Dr. Berntson's opinions about the "reliability" of
                Google's "maybe_chrome_incognito" detection bit. Dkt. 666-17 ("Berntson
19             Decl.") ¶¶ 1, 41 (emphasis added).

20         • **Steve Ganem:**   Mr. Ganem also presents himself as an expert, providing
                technical opinions regarding Google's data and data systems and opining, for
21             example, that it would be "impossible" to make specific revenue and profits
                calculations using Google's data. Dkt. 666 Ex. 18 ("Ganem Decl.") ¶ 36.

22         • **McPhie:**  Mr. McPhie also offers expert testimony, as shown by his repeated
23             use of "I am informed" to introduce his opinions, including for example
                regarding how "Incognito provides privacy" and then opining that "Google's
24             disclosures about Incognito mode, and private browsing generally, are
                ***consistent with the features I am informed Incognito mode provides***." Dkt.
25             666-19 ("McPhie Decl.") ¶¶ 3-5, 72 (emphasis added).

26         Google was well-aware of the Court's Standing Order. The Standing Order also provides

---

27   [2] Unless otherwise noted, "Ex." refers to the exhibits attached to the Declaration of Alexander
28   Frawley, concurrently filed herewith.

that for any "percipient witness who may also testify at trial with technical expertise akin to an independent expert," the party must identify the witness "by name no later than the date of expert disclosures to allow for deposition, if necessary." Dkt. 392 ¶ 10. On the day opening reports were due, Google served a disclosure that identified **two** of the above **four** names, confirming that it had read the Court's Standing Order. Ex. 2. Plaintiffs later expressly inquired whether Google planned to serve expert reports from its employees, which Google disclaimed in writing. Ex. 3. And prior to filing the untimely declarations from these witnesses with its class cert certification opposition, Google never provided (1) the required Rule 26(a)(2)(B) expert report under the Court's Standing Order or even (2) the "summary of the facts and opinions to which the witness is expected to testify" that would have been required under Rule 26(a)(2)(C) in the absence of the Court's Standing Order. *Trulove v. D'Amico*, 2018 WL 1090248, at *2 (N.D. Cal. Feb. 27, 2018) (Gonzalez-Rogers, J.) (quoting Fed. R. Civ. P. 26(a)(2)(C)) (excluding unretained experts for failing to provide expert disclosures required by Rule 26(a), explaining that exclusion is "self-executing" and "automatic" under Rule 37(c)(1)).

Here, as in *Trulove*, exclusion is "self-executing" and "automatic" under Rule 37(c). *Id.* And there is no basis for Google to establish that its noncompliance was substantially justified or harmless. Google's failure to comply with the Court's clear orders has prejudiced Plaintiffs, as Google presented these declarations only *after* the close of fact discovery, *after* the deadline for all expert reports, and *after* Plaintiffs filed their certification motion. Plaintiffs otherwise would have sought other discovery tied to the assertions in these declarations, and addressed these issues through their own experts, but Google's violation of the rules deprived Plaintiffs of the ability to do so.

Fact discovery was no substitute for Google's plain circumvention of this Court's Standing Order. Google *also* failed to timely disclose its intent to rely on Ganem and Levitte until less than two-weeks before the close of fact discovery, ***never*** disclosed any intent to rely on McPhie (who was never mentioned in any initial disclosures), and therefore never produced custodial documents for any of these three witnesses. And, in any event, Plaintiffs did not have

the benefit of full expert reports, the full set of data produced in the Special Master process, or full expert reports for these witnesses when they took fact witness depositions.

Google failed to provide timely disclosures required by Rule 26, as modified by the Court's Standing Order. As a result, all four declarations should be stricken under Rule 37(c)(1).

## II.    FACTUAL BACKGROUND

### A.    Google Failed to Submit Required Expert Reports from the Declarants.

All opening expert reports for both sides (save Plaintiffs' damages report) were required to be served by April 15, 2022 at the latest. Dkt. 553 at 1. All rebuttal expert reports for both sides, save Google's rebuttal damages report, were required to be served by May 20, 2022.[3] *Id.*

On April 15, 2022, Google served a "Disclosure of Percipient Witnesses with Technical Expertise Who May Testify at Trial." Ex. 2. That Google disclosure mentioned Dr. Berntson and Mr. Ganem, but it provided no other information – including no summary of the facts and opinions to which any of those individuals was expected to testify at trial. *Id.* Google did not even mention Mr. Levitte or Mr. McPhie in that disclosure. *Id.* Nor did Google serve any opening expert reports from any of the four declarants on the April 15, 2022 deadline for opening reports.

During the first week of May, the parties conferred about the expert discovery schedule in connection with Google's request for an extension to rebut Plaintiffs' technical expert's Jonathan Hochman's opening report. Ex. 3. Plaintiffs specifically asked Google to disclose "how many rebuttals will address Mr. Hochman's report, as well as whether these submissions will be written by retained outside experts *or Google employees*." *Id*. (emphasis added). Google responded that it planned to "serve[] three rebuttal reports from *retained experts*." *Id*. Google never disclosed its intention to submit additional expert-focused testimony from any of these four *non-retained employee experts*. Consistent with its representation, Google did not serve any report from any of them on either its May 20, 2022 deadline for some rebuttal reports, nor its extended June 7 deadline for rebutting Mr. Hochman's report. Dkt. 581; Frawley Decl. ¶ 7.

---

[3] The deadlines for Plaintiffs' damages report and Google's rebuttal to the damages report were set one week later (April 22, 2022, and May 27, 2022, respectively). Dkt. 553 at 1.

Plaintiffs filed their motion for class certification on June 21, 2022. Dkt. 609. A few days earlier on June 17, 2022, Google asked Plaintiffs to schedule depositions of Plaintiffs' six experts. Frawley Decl. ¶ 5. Those depositions were completed between July 6 and August 2, 2022—prior to Google's deadline to file its opposition to Plaintiffs' motion for class certification. *Id.* Plaintiffs similarly anticipated that they would depose Google's experts during a compressed period between August 8, 2022 (the first business day after the deadline for Google's class certification opposition brief) and August 26, 2022 (the deadline for Plaintiffs' reply brief). *Id.* As such, well in advance of these deadlines, on July 12, 2022, Plaintiffs asked Google to supply potential deposition dates during that window. *Id*. Google offered dates and Plaintiffs accepted them. *Id.* Google did not say anything about its apparent plan to submit additional declarations from non-retained experts who had never submitted reports. *Id.*

On August 5, 2022, Google filed its opposition to class certification, three *Daubert* motions, and—without any prior notice to Plaintiffs—these four lengthy, expert declarations. In the subsequent three weeks, Plaintiffs were required to:

- Oppose Google's three *Daubert* motions by August 19, 2022;

- Depose Google's five expert witnesses who actually submitted reports on the dates Google offered between August 16, 2022, and August 22, 2022 (Frawley Decl. ¶ 6);

- Prepare and file Plaintiffs' *Daubert* motion to Google's expert Konstantinos Psounis (also filed today, following Dr. Psounis's deposition two business days earlier on August 19, 2022) (*Id.*);

- Prepare and file by August 25, 2022 Plaintiffs' reply in support of their request for additional sanctions concerning Google's ongoing concealment of sources containing "Incognito detection bits"; (Dkt. 624) and

- Prepare and file by August 26, 2022 their reply in support of class certification.

As a result of Google's failure to follow the Court's clear rules, Plaintiffs had no reasonable opportunity to depose any of these four individuals concerning their declarations, let alone to do so with the benefit of the required expert reports disclosing their full opinions and all facts, data, and documents supporting such opinions. Nor did Plaintiffs have an opportunity for their own

experts to respond to Google's purported and untimely "rebuttals" prior to Plaintiffs' motion for class certification, either in their own depositions or via supplemental reports. *See, e.g.*, Rule 26(e)(2) (providing experts may "supplement" reports).

**B.      Fact Discovery Provided No Substitute for the Required Expert Reports.**

None of this harm to Plaintiffs was cured with previous fact discovery. To the contrary, during fact discovery, Google also played hide-the-ball regarding many of these witnesses and, as a result, also withheld custodial documents.

On September 8, 2020, Google served its initial disclosures identifying just five witnesses "likely to have discoverable information that Google may use to support its claims or defenses"— none of whom was one of the four declarants at issue in this motion. Ex. 4.

In connection with their efforts to identify which Google employees may be appropriate custodians for document production, Plaintiffs' served Requests for Production ("RFP") Nos. 11 and 12 asking Google to produce "[d]ocuments sufficient to identify Google's current and former directors, managers, employees and consultants with knowledge of the alleged Google conduct," as well as their "roles and responsibilities" and "supervisory relationship[s]." Ex. 5. In response to these RFPs, Google served a chart on February 1, 2021 that listed over 200 Google employees by name and their organizational division, manager, and job title. Ex. 6. Plaintiffs were permitted by the Court to select up to 42 custodians from whom Google would produce documents. Dkt. 242-1 at 1. Google proposed Dr. Berntson as a document custodian early on in the parties' negotiations over custodians. Frawley Decl. ¶ 3. But Plaintiffs did not select any of the other three declarants as document custodians, as Google had not indicated that it intended to rely on them, and Plaintiffs had to select carefully to winnow Google's chart of 200 employees down to 42 custodians. *Id.*

Plaintiffs also served Interrogatory No. 4, asking Google to "identify" its employees "with responsibility for or knowledge of" certain topics, including "Incognito mode," Google's "products or services that collect and use" private browsing data, Google's "creation and use of profiles" with private browsing data, and Google's "privacy policies" and other "disclosures"

regarding private browsing mode. Ex. 7. The definition of "identify" in Plaintiffs' interrogatory included a requirement that Google provide a "***description*** of the person's knowledge of or involvement with Google's conduct as alleged in this lawsuit"—which description was absent from the chart Google had served in response to RFP Nos. 11-12. Ex. 6 (emphasis added).

In its March 29, 2021 response to Plaintiffs' Interrogatory No. 4, Google noted at the outset that it had "already produced documents sufficient to identify current Google personnel with responsibility for the relevant conduct relating to Google Chrome, Google Analytics, and Google Ad Manager," as well as "documents sufficient to show the roles" of such employees— referring to the same chart it had produced in response to RFP Nos. 11-12. Ex. 8. Google then provided a multi-page, narrative interrogatory response that specifically called out a small handful of employees and described in general terms their area of knowledge, but said nothing about Levitte, Ganem, or McPhie. *Id.*

On October 4, 2021—two days before Google's deadline to substantially complete its document production—Google served an amended response to Interrogatory No. 4 that named several additional employees. Ex. 9. Once again, the amended responses said nothing about Levitte, Ganem, or McPhie (apart from referencing the fact that Google had previously produced the 200-employee chart). *Id.*

On February 21, 2022—just 11 days before the March 4, 2022 fact discovery cut-off— Google served its only amended Rule 26(a) initial disclosures. Ex. 10. Those amended disclosures said nothing about McPhie. For the first time, Google indicated in its disclosures that it may rely upon Berntson, Ganem, and Levitte "to support its claims or defenses" on the following limited subjects:

- <u>Glenn Berntson:</u> "Information concerning publisher websites' use of Google Ad Manager and Google's disclosures regarding its receipt of data from its services on third-party websites (*e.g.*, Google Ad Manager and Analytics);"

- <u>Steve Ganem:</u> "Information concerning functionality and publisher websites' use of Google Analytics and Google's disclosures regarding its receipt of data from its services on third-party websites (*e.g.*, Google Ad Manager and Analytics)"; and

- <u>George Levitte:</u> "Information concerning Google Ad Manager's monetization of

7

1

2

inventory."

*Id.* Google's amended disclosures, once again, said nothing regarding McPhie.

3

4

5

6

   Plaintiffs objected to Google's belated disclosure of Mr. Levitte and Mr. Ganem and insisted on taking their depositions (even though their custodial documents had not been produced). *See* Dkt. 424 at 8. The Court then ordered the depositions of Mr. Levitte and Mr. Ganem (Dkt. 454-1), and Plaintiffs then deposed Mr. Levitte on March 15, 2022, and Mr. Ganem

7

8

9

on March 23, 2022. Frawley Decl. ¶ 4. Plaintiffs also took two Rule 30(b)(6) depositions during the course of discovery as to which Google designated Mr. Berntson to testify. *Id.* Plaintiffs did not have an expert report from any of these witnesses prior to taking their depositions (let alone

10

11

12

all facts, data, or documents the witnesses may use to support those opinions). *Id.* And Plaintiffs never deposed Mr. McPhie, whom Google had never identified as a witness on whom it intended to rely in any Rule 26 disclosures. *Id.*

13

## III.   LEGAL STANDARD

14

15

16

   A party must serve initial disclosures identifying "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1). The deadline to do so is

17

18

19

within 14 days of the parties' Rule 26(f) conference, unless agreed or ordered otherwise. *Id.* 26(a)(1)(C). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975

20

21

22

F.2d 604, 610 (9th Cir.1992). Disregard of the terms of the scheduling order "undermine[s] the court's ability to control its docket, disrupt[s] the agreed-upon course of the litigation, and reward[s] the indolent and the cavalier." *Id.* The district court "is given broad discretion in

23

24

25

supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Id.* A party who fails to comply with Rule 26 "is not allowed to use that information or witness to

26

27

supply evidence on a motion, at a hearing, or at trial unless the failure was substantially justified or is harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.

28

2001)

In addition, "Rule 26(a)(2)(B) provides that, '[u]nless otherwise stipulated or ordered by the court, [the disclosure of the identity of witnesses pursuant to Rule 26(a)(2)(A)] must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." *Trulove*, 2018 WL 1090248, at *2 (quoting Fed. R. Civ. P. 26(a)(2)(B)) (alterations in original). And Rule 26(a)(2)(C) provides that, "[u]nless otherwise stipulated or ordered by the court," non-retained employee-experts must provide a timely "disclosure" stating "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C); *see also Trulove*, 2018 WL 1090248, at *2. The Court's Standing Order modifies these default rules by requiring that "***All*** witnesses who will provide testimony under Federal Rule of Evidence 702, 703, or 705, whether ***retained or non-retained***, must be disclosed and provide ***written reports*** in compliance with Federal Rule of Civil Procedure 26(a)(2)(B)." Dkt. 392 ¶ 10 (emphasis added).

Federal Rule of Civil Procedure 37(c)(1), in turn, "gives teeth to [these requirements] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Trulove*, 2018 WL 1090248, at *2 (quoting *Yeti by Molly*, 259 F.3d at 1106) (alteration in original). Rule 37(c)(1) "provides a sanction for failure to comply with the disclosure requirements under Rule 26(a)." *Id.* "The sanction of exclusion is 'self-executing' and 'automatic,'" and "the burden is on the party facing the sanction to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless." *Id.* (quoting *Yeti by Molly*, 259 F.3d at 1106).

## IV.    ARGUMENT

Google did not comply with the Court's clear rule requiring that "all" experts—whether retained or non-retained—provide expert reports in compliance with Rule 26(a)(2)(B). Dkt. 392 ¶ 10. Google never provided any expert report for any of the four employees. And yet Google is

now using those four individuals to offer expert opinions concerning "technical" or other "specialized knowledge" on the basis of "knowledge, skill, experience, training, or education" and, in some cases, information outside of the witness's personal knowledge. Fed. R. Evid. 702.

Google's conduct prejudiced Plaintiffs by depriving their experts of the ability to respond to Google's critiques and by preventing Plaintiffs from deposing these witnesses with the benefit of the required expert reports. That alone provides sufficient grounds for the Court to strike these declarations. *Trulove*, 2018 WL 1090248, at *2 ("[T]he testimony defendants seek to offer . . . is excluded on the grounds that defendants failed to disclose these experts timely or provide full expert reports as required by Federal Rule of Civil Procedure 26(a)(2)."). [4] Moreover, Google also failed to timely disclose three of the four declarants as fact witnesses under Rule 26(a)(1) and ***never*** disclosed its intent to rely on McPhie. This prejudiced Plaintiffs by preventing them from obtaining full custodial documents from Ganem, Levitte, and McPhie.

### A. The Four Declarations Each Constitute Improper Expert Opinion Testimony for which Google Provided No Expert Report.

#### 1. The Levitte Declaration Constitutes Improper Expert Opinion.

Mr. Levitte states in paragraph 2 of his declaration, "I consider myself a ***subject matter expert*** for all ad monetization features of Ad Manager." He then provides 20 paragraphs of improper expert testimony focused on issues that seek to rebut Plaintiffs' damages expert Mr. Lasinski's unjust enrichment model. Google then relied heavily on Mr. Levitte's declaration in its *Daubert* motion concerning Mr. Lasinski's opinions. Dkt. 662 at 9, 20.

Mr. Lasinski's unjust enrichment model relies on Google's ███████████ ███████████ to calculate the aggregate, class-wide unjust enrichment that Google has derived from tracking the at-issue private browsing data during the class period. Dkt. 608-9 ("Lasinski Report") §§ 6.3, 7; Dkt. 700 (Plaintiffs' Opposition to Google's Motion to Exclude Mr. Lasinski) at 13-14. Mr. Lasinski also proffers two methods of apportioning an

---

[4] Even if the Court's Standing Order does not apply (it does), Google was at a minimum required to provide a "summary of the facts and opinions to which" each declarant would testify under Rule 26(a)(2)(C).

Plaintiffs' Motion to Strike Non-Retained Expert Declarations with No Expert Report
4:20-cv-03664-YGR-SVK

1   aggregate monetary judgment to class members, either by reference to ▮▮▮▮▮▮▮▮▮▮

2   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or on a per-class-member

3   basis. Lasinski Report § 10; Dkt. 700 at 10-11.

4        Mr. Levitte, in turn, opines that it would be "impossible to calculate Google's advertising

5   profits" on a per-class member basis and that apportioning an aggregate judgment on this basis

6   would provide individual awards that are "larger than the real value derived from some users"

7   and "smaller than the real value derived from other users." Levitte Decl. ¶¶ 7, 23. Mr. Levitte

8   offers several opinions about the ways in which Google Ad Manager transactions generate fees

9   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. ¶ 13. Google then relied heavily on Mr. Levitte's

10   declaration in its *Daubert* motion to claim that Mr. Lasinski's unjust enrichment model based on

11   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 662 at 9.

12        While Google uses Mr. Levitte's declaration to attack those ▮▮▮▮▮ calculations,

13   Mr. Levitte admitted in his deposition (conducted before Google filed this declaration) that he

14   lacked personal knowledge of ▮▮▮▮▮. Ex. 11 at 71:17-72:3. A search of Google's more

15   than *six-million-page* document production confirms that only *one* document even mentions both

16   ▮▮▮▮▮ and Mr. Levitte's name—and it was dated nearly a year before the ▮▮▮▮▮

17   ▮▮▮▮▮ that is the basis of Mr. Lasinski's unjust enrichment calculation. Frawley Decl. ¶ 8.

18   Mr. Levitte therefore lacks personal knowledge concerning what Mr. Lasinski's unjust

19   enrichment model included or excluded and his opinion, offered to show that Mr. Lasinski's

20   model was somehow over-inclusive, is an expert opinion.

21        It bears mentioning that this expert opinion could have been rendered by Google's timely

22   disclosed damages expert, Dr. Strombom – but Google instead chose to conceal this opinion in

23   order to ambush Plaintiffs in its *Daubert* motion of Mr. Lasinski, gambling that this Court would

24   not penalize Google for its gamesmanship. Google has taken that risk at its own peril.

25        **2.      The Berntson Declaration Constitutes Improper Expert Opinion.**

26        The Berntson Declaration states: "I address some errors and false assumptions made in

27   Mr. Jonathan Hochman's expert report, submitted in this case." Berntson Decl. ¶ 40. Dr. Berntson

28
                                    11

then provides improper expert opinion in the ensuing paragraphs that span over 20 pages. *Id.* ¶¶ 41-43. Specifically, Dr. Berntson provides technical opinions regarding Google's data and data systems and explicitly attempts to rebut the expert analysis of Mr. Hochman.

For instance, Dr. Berntson professes to rebut Mr. Hochman's opinion that Google's "'maybe_chrome_incognito' bit reliably identifies Incognito traffic" based solely on his own prior deposition testimony to that effect. *Id.* ¶ 41. Tellingly, Dr. Berntson does not purport to have analyzed the actual data that Google produced in the Special Master process, which Mr. Hochman tested to reach the opinion that such data was actually Incognito data with 100% accuracy. Dkt. 608-12 (Hochman Report) App. G ¶ 25. Nevertheless, Dr. Berntson purports to offer the expert opinion, based on his own "say-so," that Google's detection bit is unreliable.

Similarly, in response to Mr. Hochman's opinion that "Google can identify class members," Dr. Berntson does not actually deny that Google's extensive trove of user data *could* be used to identify class members Berntson Decl. ¶ 42. Instead, Dr. Berntson purports to rebut Mr. Hochman's opinion by claiming that in its ordinary course of business, Google "***does not*** combine IP addresses and User-Agent to identify, or re-identify users" and has "***policies***" against doing so. *Id.* (emphases added).

Dr. Berntson offered all of these opinions despite Google's written representation to Plaintiffs that it would not offer any "rebuttals [that] will address Mr. Hochman's report" from "Google employees." Ex. 3. When Plaintiffs took Dr. Berntson's Rule 30(b)(6) depositions during fact discovery, Plaintiffs did ***not*** have (a) all of the data that would ultimately be produced in the Special Master process or (b) Mr. Hochman's test results concerning such data. Frawley Decl. ¶ 4. Plaintiffs could not have used those categories of evidence to cross-examine Dr. Berntson during fact discovery, and would have been in a position to do so in a further expert deposition had Dr. Berntson timely produced an expert report.

### 3.    The Ganem Declaration Constitutes Improper Expert Opinion.

Like Dr. Berntson and Mr. Levitte, Mr. Ganem provides technical opinions regarding Google's data and data systems, as well as the technical workings of browsers created by

companies *other* than his employer Google. For example, Mr. Ganem opines that "it would be impossible to calculate Google Analytics' revenue or profits on a per-individual-website visitor (user) basis or to calculate Google Analytics' revenue or profits tied only to traffic from Incognito users or PBM users in Safari, Edge, or Internet Explorer who are not signed-in to their Google Account." Ganem Decl. ¶ 36. He also opines that, "[it] is my understanding that other browsers' PBMs handle cookies in a similar manner." *Id.* ¶ 31.

### 4.    The McPhie Declaration Constitutes Improper Expert Opinion.

Finally, Mr. McPhie also offers expert testimony, as shown by his repeated use of "I am informed" to introduce his opinions. McPhie Decl. ¶¶ 3-5, 72. Mr. McPhie's entire declaration is predicated on him having been "informed that Incognito Mode provides privacy in three ways" (*i.e.*, how Google actually collects and processes data in Incognito) and his resulting opinion that "Google's disclosures about Incognito mode, and private browsing generally, are consistent with the features *I am informed Incognito mode provides (as described above)*." *Id.* ¶¶ 3-4 (emphasis added). As the Court knows, Google's "percipient expert witnesses . . . are [not] permitted to render expert opinions based on information obtained outside of their personal knowledge without [Google] having timely filed an expert report in compliance with Fed. R. Civ. P. 26(a)(2)." *Matsuura v. E.I. du Pont De Nemours & Co*., 2007 WL 433115, at *2 (D. Haw. Feb. 2, 2007).

### B.    Google's Declarations Should Be Stricken Under Rule 37(c)(1).

Google was required by Rule 26(a)(2)(B), as modified by the Court's Standing Order, to provide timely expert reports from these four declarants. On that basis alone, the Court should strike and exclude all four declarations. *Trulove*, 2018 WL 1090248, at *2-3.

In addition, Google *also* failed to timely disclose that it would rely on three of the four declarants—Levitte, Ganem, and McPhie—as fact witnesses.[5] Google did not include Levitte or Ganem in its initial disclosures until (a) over four months *after* Google's deadline for substantial

---

[5] While Google did not list Dr. Berntson in its initial disclosures, it designated him as a Rule 30(b)(6) witness and in its response to Interrogatory No. 4. That is not the case for Levitte, Ganem, or McPhie. *See supra* Section II.B.

Plaintiffs' Motion to Strike Non-Retained Expert Declarations with No Expert Report
4:20-cv-03664-YGR-SVK

completion of document production and (b) just eleven days prior to the fact discovery cut-off. *See supra* Section II.B. While Plaintiffs were able to take the belated depositions of Levitte and Ganem after fact discovery had closed, they were forced to do so without the benefit of their custodial document productions. Dkt. 454-1. Indeed, the Court found that despite Google's earlier references to Messrs. Levitte and Ganem, Plaintiffs were not required to "divine a heightened role for Ganem and Levitte . . . [and] ***Google should have added these persons to its initial disclosures several months ago***." *Id.* (emphasis added). The Court nevertheless agreed with Google's arguments against custodial production and only ordered their depositions. Dkt. 454-1. Those depositions occurred before Google filed these declarations.

Plaintiffs never even deposed Mr. McPhie because Google ***never*** included him in ***any*** of its initial disclosures. This provides yet another basis on which to exclude the declarations. *See, e.g.*, *Wallace v. U.S.A.A. Life Gen. Agency, Inc.*, 862 F. Supp. 2d 1062, 1066 (D. Nev. 2012) ("USAA's obligation to disclose Morris as a potential defense witness in its initial disclosures at the outset of discovery is plain. Its mere identification of Morris in a non-Rule 26 disclosure at the close of discovery is therefore untimely."); *Markson v. CRST Int'l, Inc.*, 2021 WL 5969519, at *3 (C.D. Cal. Nov. 23, 2021) ("By waiting until the close of discovery to disclose witnesses defendant should have identified much earlier, defendant's disclosure [under Rule 26(a)(1)] was untimely."); *see also Advance Trust & Life Escrow Svcs., LTA v. N. Am. Co. for Life & Health Ins.*, 2022 WL 883750, at *4 (S.D. Iowa March 22, 2022) (holding that "After initial disclosures, parties are obligated to supplement their disclosures when additional information becomes available" and striking declarations at class certification stage).

Based on Google's misconduct, sanctions under Rule 37(c)(1) are "self-executing" and the burden is on Google to show that its failure to comply with Rule 26 (as modified by the Court's Standing Order) was "substantially justified" or "harmless." Google cannot show either.

To the contrary, Google's failure to produce expert reports for these declarants affected Plaintiffs' ability to (a) timely depose these witnesses concerning the scope and bases for their proffered opinions and (b) have Plaintiffs' experts timely address such opinions during their

depositions or via supplemental reports prior to Plaintiffs' class certification reply. *See, e.g.*, Fed. R. Civ. P. 26(e)(2) (setting forth rules for expert reports to be "supplement[ed]"). It is difficult to fathom a reason for Google's conduct other than simple, improper ambush.

Fact discovery was no substitute for expert reports, particularly given that Google ***also*** failed to timely disclose the fact that it would rely on ***any*** of these witnesses save Dr. Berntson (and, as a result, they were not included among Google's 42 document custodians). Even where an extensive list of individuals is provided without any substance, like a potential custodian list, litigants are not excused from satisfying their substantive duties to disclose under Rule 26. *In re FedEx Ground Package Sys., Inc., Employment Practices Litig.*, 2010 WL 779322 (N.D. Ind. Feb. 23 2010) (striking witnesses because list of potential witnesses "was only complete in form, not in substance" and that an investigation would have required "candor and good faith . . . [to] cause[] a supplemental disclosure to Plaintiffs well before the discovery period closed to alert them of the specific witnesses FedEx intended to use").

Indeed, Google ***never*** disclosed that it intended to rely on McPhie, and Plaintiffs ***never*** took his deposition. And even with respect to Dr. Berntson, taking his deposition in fact discovery is no substitute for deposing him with respect to the expert rebuttal opinions he formed in response to Mr. Hochman's report on the basis of a full expert report required by Rule 26(a)(2)(B). This is to say nothing of the fact that Plaintiffs carefully planned the schedule for expert discovery and, in connection with that effort, specifically asked Google whether it intended to offer rebuttal expert reports from its own employees—and ***Google said no***. Plaintiffs, through no fault of their own and due solely to Google's now-familiar game of discovery hide-the-ball, were in no position to take four additional depositions of undisclosed witnesses in the three-weeks between Google's opposition and Plaintiffs' reply to class certification.

In *Trulove,* this Court, facing very similar circumstances, found that the plaintiffs' inability to depose the witnesses "without a clear explanation in advance for the opinions they would offer, and the basis for those opinions, completely undercut the purposes of expert

1  discovery." 2018 WL 1090248, at *3. Consistent with its holding in *Trulove*, this Court should

2  strike Google's four non-retained expert declarations.

3  **V.      CONCLUSION**

4         Plaintiffs respectfully request that the Court strike the declarations of George Levitte,

5  Glenn Berntson, Steve Ganem, and Jonathan McPhie.

6

7  Dated: August 23, 2022                    Respectfully submitted,

8                                            By: */s/ Mark Mao*

9                                            Mark C. Mao (CA Bar No. 236165)
10                                           mmao@bsfllp.com
                                             Beko Reblitz-Richardson (CA Bar No. 238027)
11                                           brichardson@bsfllp.com
                                             Erika Nyborg-Burch (*pro hac vice*)
12                                           Enyborg-burch@bsfllp.com
                                             BOIES SCHILLER FLEXNER LLP
13                                           44 Montgomery Street, 41st Floor
                                             San Francisco, CA 94104
14                                           Telephone: (415) 293 6858
                                             Facsimile (415) 999 9695
15

16                                           David Boies (*pro hac vice*)
                                             dboies@bsfllp.com
17                                           BOIES SCHILLER FLEXNER LLP
                                             333 Main Street
18                                           Armonk, NY 10504
                                             Tel: (914) 749-8200
19
                                             James Lee (*pro hac vice*)
20                                           jlee@bsfllp.com
                                             Rossana Baeza (*pro hac vice*)
21                                           rbaeza@bsfllp.com
                                             BOIES SCHILLER FLEXNER LLP
22                                           100 SE 2nd Street, Suite 2800
                                             Miami, FL 33130
23                                           Telephone: (305) 539-8400
                                             Facsimile: (305) 539-1304
24
                                             Alison L. Anderson (CA Bar No. 275334)
25                                           aanderson@bsfllp.com
                                             BOIES SCHILLER FLEXNER LLP
26                                           725 S Figueroa Street
                                             31st Floor
27                                           Los Angeles, CA 90017
28
                                                16
       Plaintiffs' Motion to Strike Non-Retained Expert Declarations with No Expert Report
                                    4:20-cv-03664-YGR-SVK

Telephone: (213) 995-5720

Amanda K. Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven M. Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com


*Attorneys for Plaintiffs*