**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
William C. Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF ALEXANDER FRAWLEY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE NON-RETAINED EMPLOYEE-EXPERT DECLARATIONS FOR WHOM GOOGLE PROVIDED NO EXPERT REPORT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: September 27, 2022 |

# DECLARATION OF ALEXANDER FRAWLEY

I, Alexander Frawley, declare as follows.

1. I am an associate with the law firm of Susman Godfrey L.L.P., counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice *pro hac vice* before this Court. I have personal knowledge of the matters set forth herein and am competent to testify.

2. I submit this Declaration in support of Plaintiffs' Motion to Strike Non-Retained Employee-Expert Declarations For Whom Google Provided No Expert Report.

3. In early 2021, Google identified Dr. Glenn Berntson as a potential document custodian, and Dr. Berntson became a custodian. Plaintiffs did not at any point select any of Mr. Levitte, Mr. Ganem, or Mr. McPhie to be among their 42 allotted document custodians. By the time Plaintiffs were required to make their final selections, Google had not indicated that it intended to rely on any of those three employees.

4. Plaintiffs took two Rule 30(b)(6) depositions during the course of discovery as to which Google designated Mr. Berntson to testify. And pursuant to a Court order, Plaintiffs ultimately deposed Mr. Levitte on March 15, 2022, and Mr. Ganem on March 23, 2022, following Google's addition of those employees to their amended disclosures. Plaintiffs did not have an expert report from any of these witnesses prior to taking their depositions (nor any facts, data, or documents the witnesses may use to support their opinions). And all of these depositions occurred prior to Google completing its productions of data under the Special Master process. And Plaintiffs never deposed Mr. McPhie, whom Google had never identified as a witness on whom it intended to rely in any Rule 26 disclosures.

5. On June 17, 2022, Google asked Plaintiffs to schedule depositions of Plaintiffs' six experts. Those depositions were ultimately completed between July 6 and August 2. Plaintiffs similarly sought to depose Google's experts between August 8, 2022 (the first business day after the deadline for Google's class certification opposition brief) and August 26, 2022 (the deadline for Plaintiffs' reply brief). As such, on July 12, 2022, Plaintiffs asked Google to supply potential deposition dates during that window. Google offered dates and Plaintiffs accepted them. Google

1

Alexander Frawley's Decl. ISO Plaintiffs' Motion to Strike Non-Retained Employee-Expert Declarations For Whom Google Provided No Expert Report 4:20-cv-03664-YGR-SVK

at that time did not say anything about its apparent plan to submit additional declarations from non-retained experts who had never submitted expert reports.

6. Plaintiffs deposed all five of Google's retained experts between August 16, 2022 and August 22, 2022, including Dr. Konstantinos Psounis on August 19.

7. Google served no Rule 26 expert reports from any of George Levitte, Glenn Berntson, Steve Ganem, or Jonathan McPhie at any point in time.

8. A search of Google's more than six-million-page document production confirms that only one document mentions both ███████ and Mr. Levitte's name—and it was dated nearly a year before the ███████ that is the basis of Plainiffs' damages expert's Mr. Lasinski's unjust enrichment calculation.

9. Attached hereto as **Exhibit 1** is a true and correct excerpt of the transcript from the February 11, 2022 Case Management Conference in this case.

10. Attached hereto as **Exhibit 2** is a true and correct copy of Google's April 15, 2022 Disclosure of Percipient Witnesses with Technical Expertise Who May Testify at Trial.

11. Attached hereto as **Exhibit 3** is a true and correct copy of email communications between Google's counsel and me, dated May 5, 2022 to May 11, 2022.

12. Attached hereto as **Exhibit 4** is a true and correct copy of Defendant's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1).

13. Attached hereto as **Exhibit 5** is a true and correct copy of Google's Responses and Objections to Plaintiffs' Requests for Production Nos. 11 and 12.

14. Attached hereto as **Exhibit 6** is a true and correct copy of a document Google produced in discovery labeled GOOG-BRWN-00023909.

15. Attached hereto as **Exhibit 7** is a true and correct copy of Plaintiffs' Interrogatory No. 4.

16. Attached hereto as **Exhibit 8** is a true and correct copy of Google's Responses and Objections to Plaintiffs' Interrogatory No. 4.

17. Attached hereto as **Exhibit 9** is a true and correct copy of Google's Supplemental

1  Responses and Objections to Plaintiffs' Interrogatory No. 4.

2      18.    Attached hereto as **Exhibit 10** is a true and correct copy of Google's Amended
3  Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1).

4      19.    Attached as **Exhibit 11** is a true and correct excerpt from the transcript of the
5  March 15, 2022 deposition of Google employee George Levitte.

7      I declare under penalty of perjury under the laws of the United States of America that the
8  foregoing is true and correct.  Executed this 23rd day of August, 2022, at New York, New York.

                                                             */s/ Alexander Frawley*