# EXHIBIT 1

# To the Frawley Declaration ISO Plaintiffs' Motion to Strike Non-Retained Expert Declarations

UNITED STATES DISTRICT COURT **CERTIFIED COPY**

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable YVONNE GONZALEZ ROGERS, Judge

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, ) <br> JEREMY DAVIS, CHRISTOPHER ) <br> CASTILLO and MONIQUE ) <br> TRUJILLO, individually and ) <br> on behalf of all others ) <br> similarly situated, ) <br> ) <br>       Plaintiffs, ) <br> ) <br>  vs. ) <br> ) <br> GOOGLE LLC, ) <br> ) <br>       Defendant. ) <br> _____) <br> PATRICK CALHOUN, et al., ) <br> on behalf of themselves and ) <br> all others similarly ) <br> situated, ) <br> ) <br>       Plaintiffs, ) <br> ) <br>  vs. ) <br> ) <br> GOOGLE LLC, ) <br> ) <br>       Defendant. ) <br> _____) <br> IN RE GOOGLE RTB CONSUMER ) <br> PRIVACY LITIGATION, ) <br> _____) | **Case Management Conference** <br><br><br><br><br><br><br><br><br> NO. C 20-03664 YGR <br><br> Pages 1 - 54 <br><br> Oakland, California <br> Friday, February 11, 2022 <br><br><br><br><br><br><br><br><br><br> NO. C 20-05146 YGR <br><br><br><br><br><br> NO. C 21-02155 YGR |

**REPORTER'S TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**

(Appearances listed on next pages)

Reported By:        Raynee H. Mercado, CSR No. 8258

   Proceedings reported by electronic/mechanical stenography; transcript produced by computer-aided transcription.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

**APPEARANCES VIA ZOOM WEBINAR:**

```
For Brown Plaintiffs:    Boies Schiller Flexner LLP
                         100 SE 2nd Street, 28th Floor
                         Miami, Florida  33131
                    BY:  JAMES LEE, ATTORNEY AT LAW

                         Boies Schiller Flexner LLP
                         44 Montgomery Street, 41st Floor
                         San Francisco, California  94104
                    BY:  ERIKA B. NYBORG-BURCH,
                         MARK C. MAO, ATTORNEYS AT LAW

                         Susman Godfrey LLP
                         1301 Avenue of the Stars, 32 Floor
                         New York, New York 10019
                    BY:  WILLIAM C. CARMODY, ATTORNEY AT LAW

                         Morgan & Morgan
                         Complex Litigation Group
                         201 N. Franklin Stret, 7th Floor
                         Tampa, Florida  33602
                    BY:  JEAN S. MARTIN,
                         JOHN A. YANCHUNIS, ATTORNEYS AT LAW

For Calhoun Plaintiffs:  Bleichmar Fonti & Auld LLP
                         555 12h Street, Suite 1600
                         Oakland, California  94607
                    BY:  ANNE K. DAVIS,
                         ANGELICA M. ORNELAS,
                         LESLEY WEAVER, ATTORNEYS AT LAW

                         DiCello Levitt Gutzler (IL)
                         DiCello Levitt Gutzler LLC
                         10 N. Dearborn Street, 6th Floor
                         Chicago, Illinois  60601
                    BY:  SHARON D. CRUZ, ATTORNEY AT LAW

                         DiCello Levitt Gutzler LLC
                         60 East 42nd Street, Suite 2400
                         New York, New York  10165
                    BY:  DAVID A. STRAITE, ATTORNEY AT LAW

                         Simmons Hanly Conroy LLC
                         112 Madison Avenue, Seventh Floor
                         New York, New York  10016
                    BY:  JASON "JAY" BARNES,
                         AN TRUONG, ATTORNEYS AT LAW
```

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

**A P P E A R A N C E S (CONT'D.)**

```
For RTB Plaintiffs:     Pritzker Levine, LLP
                        1900 Powell Street, Suite 450
                        Emeryville, California  94608
                BY:     ELIZABETH C. PRITZKER, ATTORNEY AT LAW

                        Cotchett, Pitre & McCarthy
                        San Francisco Airport Office Center
                        840 Malcolm Road, Ste. 200
                        Burlingame, California  94010
                BY:     NANCI E. NISHIMURA, ATTORNEY AT LAW

For Plaintiff Toronto:  Bottini and Bottini Inc.
                        7817 Ivanhoe Avenue, Suite 102
                        La Jolla, California  92037
                BY:     YURY A. KOLESHNIKOV, ATTORNEY AT LAW

For Defendant:          Quinn, Emanuel, Urquhart & Sullivan
                        191 N. Wacker Drive, Suite 2700
                        Chicago, Illinois 60606
                BY:     ANDREW H. SCHAPIRO, ATTORNEY AT LAW

                        Quinn, Emanuel, Urquhart & Sullivan
                        865 S. Figueroa Street, Floor 10
                        Los Angeles, California  90017
                BY:     VIOLA TREBICKA, ATTORNEY AT LAW

                        Cooley Godward
                        101 California Street, 5th Floor
                        San Francisco, California  94111-5800
                BY:     JEFFREY M. GUTKIN, ATTORNEY AT LAW


                             --o0o--
```

```
 1      Friday, February 11, 2022                          12:04 p.m.
 2                      P R O C E E D I N G S
 3                          (Zoom Webinar)
 4           THE CLERK:  Now calling civil case 20-3664-YGR,
 5   Brown, et al. versus Google, LLC, et al.
 6      We're going to be taking your appearances case by case but
 7   calling them all, so if you -- counsel, starting with the
 8   plaintiff, please state your appearance for the record.
 9           MR. LEE:  Sure.  This is James Lee from Boies
10   Schiller Flexner, here on behalf of plaintiffs in the *Brown*
11   matter.  With me today are Mark Mao and Erika Nyborg-Burch
12   also from Boies Schiller Flexner.
13           THE COURT:  All right.  Mr. Lee, are you going to be
14   the primary one speaking?
15           MR. LEE:  Yes, Your Honor.
16           THE COURT:  Okay.  So then as we go through this, if
17   you're not speaking, I'll have you turn off your videos just
18   because there are so many squares on my monitor.
19      Okay.
20      And then for Google on the *Brown* case.
21           MR. LEE:  I would be remiss if I didn't introduce the
22   rest of my team who are also on the Zoom.  It's John Yanchunis
23   and Jean Martin from Morgan & Morgan.  And Bill Carmody from
24   Susman Godfrey.
25           THE COURT:  Okay.
```

1   **MR. LEE:**  Sorry for interrupting.
2   **THE COURT:**  Defense?
3   **MR. SCHAPIRO:**  Your Honor, I'm Andrew Schapiro from
4   the Quinn Emanuel for Google.  There are only two of us here,
5   so I'll let my colleague introduce herself.
6   **MS. TREBICKA:**  Good afternoon, Your Honor.  Viola
7   Trebicka with Quinn Emanuel also for Google.
8   **THE COURT:**  All right.  Good afternoon.
9   **THE CLERK:**  Also calling civil case 20-5146-YGR,
10  Calhoun, et al. versus Google, LLC.
11      Counsel for that case, please state your appearance for
12  the record.
13  **MS. WEAVER:**  Yes.  Good morning, Your Honor.  Lesley
14  Weaver of Bleichmar Fonti & Auld.  With me today from my firm
15  is Angelica Ornelas.  And also with me today is Jay Barnes
16  from Simmons Conroy.  And An Truong of that firm as well.  And
17  then David Straite from DiCello Levitt and Sharon Cruz with
18  his firm.
19      Good morning.
20  **THE COURT:**  Good afternoon.
21  **MS. WEAVER:**  Afternoon.
22  **THE COURT:**  Okay.
23  **MR. SCHAPIRO:**  For Google, it's the same cast of
24  characters, Your Honor.  Andrew Schapiro from Quinn Emanuel.
25  **MS. TREBICKA:**  Viola Trebicka for Quinn Emanu- --

1    from Quinn Emanuel for Google.
2        **THE COURT:**  Okay.
3    And the last case?
4        **THE CLERK:**  Also 21-2155-YGR, In re Google RTB
5    Consumer Privacy litigation.
6    Counsel, starting with the plaintiff, please state your
7    appearance for the record.
8        **MS. PRITZKER:**  Good afternoon, Your Honor.  And thank
9    you, Mr. Garcia.
10   Elizabeth Pritzker of Pritzker Levine for the class
11   plaintiffs.  With me today are Nancy Nishimura from Cotchett,
12   Pitre firm; Anne Davis from the Bleichmar Fonti & Auld firm;
13   and An Truong from Simmons Conroy and Hanly.
14       **THE COURT:**  Okay.
15       **MS. PRITZKER:**  Thank you.
16       **THE COURT:**  Thank you.  Good afternoon.
17       **MR. GUTKIN:**  Your Honor, Your Honor.  For defendant
18   Google LLC, it's Jeff Gutkin the Cooley firm, and I am
19   appearing by myself.
20       **THE COURT:**  Okay.
21   So we'll take these at least initially one at a time.  As
22   you know, you're all midstream.  These are only recently
23   reassigned to me.  I have not gotten up to speed on your
24   cases.  I can tell right off the bat that Judge Koh did some
25   things that I would not necessarily do so I will allow them,

1    but don't think it's precedent for cases come to me initially.
2    Like, I don't give more than one summary judgment and, yet, it
3    seems like she's allowing more than one.  But we'll talk about
4    that.
5         So the first case, *Brown vs. Google*, if I can have the
6    lawyers.
7              **MR. LEE:**  Sure.  Sure, Your Honor.  James Lee, Boies
8    Schiller Flexner for the plaintiffs.
9         I think it might make sense --
10             **THE COURT:**  Mr. Lee, you're very quiet.  I'm having a
11   hard time hearing you.  I'm also not in my courtroom, so --
12   I'm in a different courtroom, so maybe it's my system, but you
13   seem to be very far away.
14             **MR. LEE:**  How's this, Your Honor?
15             **THE COURT:**  Much better.  Thank you.
16             **MR. LEE:**  I'll try to keep my voice up.
17        Given that -- that the cases are in midstream, I think it
18   might make sense to start with the high-level overview of --
19   of where things currently stand in the case and maybe, at
20   least in the short term, where we're -- we think we're headed
21   next.  I defer to Your Honor, but I'm happy to do that for
22   you?
23             **THE COURT:**  Go ahead.
24             **MR. LEE:**  Sure.
25        The *Brown* case, Your Honor, was filed in 2020, and the

1  case is -- is pretty far along.  The *Brown* case concerns
2  Google's collection and use of private browsing information.
3  What Google does is it tells users that they are in control of
4  what data Google collects.  And Google tells its users that it
5  won't collect their private browsing data if they turn on
6  private browsing mode, including Google's own version of that
7  which is called incognito mode.  Now it turns out that Google
8  collects browsing information anyway --
9              (Off-the-record discussion.)
10             **THE COURT:**  Mr. Lee, do you have a headset?
11             **MR. LEE:**  I do not have a headset, Your Honor.  But I
12 also don't have any other mics in the room.  So maybe I should
13 go a little slower.  Perhaps that would help.
14             **THE COURT:**  Okay.  Go ahead.
15             **MR. LEE:**  Sure.
16    So it turns out, Your Honor, that Google collects browsing
17 information anyway even when users turn on private browsing
18 mode.  So this case is -- is really about Google's collection
19 and use of private browsing data without users' consent.
20    And as I said before, this -- this case was filed in
21 June 2020 before the *Calhoun* and *RTB* cases were filed.  All of
22 our claims have survived Google's motion to dismiss.  And
23 we're now nearing the end of fact discovery, which ends
24 March 4th.
25    In -- during discovery, Google has produced millions of

1    pages of documents.  Plaintiffs have taken 12 depositions
2    of -- of Google employees and former employees.  And we have a
3    few others coming up shortly.
4         After today, all of the named plaintiffs in the case will
5    have been deposed as well.  And discovery thus far supports
6    our core allegations, that Google collects private browsing
7    information; Google uses that private browsing information for
8    its own purposes and its own enrichment; and Google does all
9    of this without user consent.
10             **THE COURT:**  Okay.  I understand --
11        Well, anything that -- Mr. Schapiro, do you want -- or
12   who -- which of the two of you are speaking?
13             **MR. SCHAPIRO:**  We're each covering slightly different
14   areas, but I think this is in my bailiwick, if that's all
15   right, Your Honor.
16        I don't know how much you want us to litigate that the --
17   the substance or the merits here.  You won't be surprised to
18   hear that we have a very different view of what the actual
19   facts are and what discovery has shown and will show.
20        Incognito behaves in precisely the way that it is billed.
21   It does what it's supposed to do.  It gives people a fresh
22   cookie jar each time they open a device and use the -- open a
23   new tab and use it.  It deletes the cookies.  There is no
24   back-door cradle-to-grave profile made, as alleged in the
25   complaint.

1    But I don't know whether -- whether Your Honor is
2 interested in that or more about where the case is right now.
3    And on, that I -- I agree Mr. Lee on just about
4 everything. The -- the chronology. This case is about 18
5 months old. We are very close to, I -- I believe the end of
6 discovery. And up -- for our part, we are eager to engage on
7 class certification and dispositive motions, which we think
8 will make it fairly easy to dispose of this case.
9        **THE COURT:** All right.
10   Well, everyone should know that I -- unless you've
11 settled, I expect that you all differ on what the facts are
12 until I hear otherwise.
13   But it is helpful to understand perspectives big picture,
14 which is fine.
15       **THE COURT:** Okay. So I --
16       **MR. SCHAPIRO:** I'm sorry, Your Honor. There's one
17 other thing that I should have mentioned, which is we have
18 been thus far in the -- what I think we both would agree are
19 the capable hands of Magistrate Judge van Keulen where we've
20 had a whole lot of discovery issues to hash out and with a
21 special master, who she appointed.
22   All of that is laid out in the case management statement
23 so I don't think I need to go over it here.
24       **THE COURT:** Right. And I have -- and Judges
25 van Keulen and DeMarchi will continue to operate as the

```
 1   discovery judges for each of these cases.  There's -- there's
 2   no point in moving that assignment.  And there's -- would be
 3   a -- judiciously inefficient so they will remain.
 4       With respect to, then -- what I show is fact discovery
 5   deadline closing March 4th; opening reports, March 18th;
 6   rebuttal reports, April 15th; discovery cutoff for merits
 7   discovery on the experts, May 19th.
 8       Is that all correct?
 9           MR. LEE:  That's correct, Your Honor.
10           MR. SCHAPIRO:  Yes, Your Honor.
11           THE COURT:  So with respect to all cases, I do
12   require the following -- make sure it happens:  Expert
13   reports, every single -- and this is in my standing order, so
14   my standing orders now apply.
15       Expert reports, every paragraph must be individually
16   numbered.
17       You must have an executive summary; that is, I want up
18   front every opinion identified.  The reason that I do this --
19   and if you've litigated against -- in front of me before, you
20   know why, but I'll repeat it.
21       The reason I do this is when I receive a *Daubert*, I want
22   to know specifically what paragraphs or -- and/or opinions you
23   are seeking to strike or to have excluded.  I do this in part
24   because many civil litigators do not seem to understand that
25   experts cannot independently lay the foundation -- the factual
```

```
 1    foundation for their opinions.
 2         So I frequently get *Dauberts* seeking to exclude all sorts
 3    of material -- not as much anymore with this rule, but seeking
 4    to exclude material that comes in from others on hearsay
 5    grounds.
 6         Well, obviously, if at trial, the information doesn't --
 7    upon which the expert's opinion is based does not come in, the
 8    expert's opinion does not come in.
 9         So I don't want to see *Dauberts* or motions to strike
10    information upon which the expert is relying and upon which
11    there is an independent source.
12         Plus I want to know exactly what the opinions are because
13    that's what matters.  So the explanation of the opinion is all
14    great, but I want to know opinion.
15         Any questions with respect to that process?
16              **MR. LEE:**  No.
17              **MR. SCHAPIRO:**  No, Your Honor.
18              **MR. LEE:**  No, Your Honor.
19              **THE COURT:**  Okay.
20         I also require that when your expert provides the opening
21    report, you also provide simultaneously all of the data and
22    background information that the expert relied upon.  I do that
23    to make sure that the process moves forward efficiently.  And
24    it applies to all sides.
25              Now, are your expert opinion reports -- are those supposed
```

1  to be simultaneous opening, or is it just the plaintiff?
2       What -- what's going on in that regard?  And how many
3  reports --
4       Who do you anticipate, Mr. Lee?
5           **MR. LEE:**  So our expert reports for the plaintiffs
6  are due March 18th, Your Honor.  I think we anticipate a -- a
7  damages expert.
8           **THE COURT:**  You're -- keep your voice up.
9       You anticipate a damages expert?
10          **MR. LEE:**  Yes.  A -- and a class identification
11 expert, a data scientist expert, and perhaps a -- a second
12 data scientist expert.
13          **THE COURT:**  Okay.
14      And are the defendants issuing opening reports?
15          **MS. TREBICKA:**  Your Honor, we anticipate mostly
16 having rebuttal reports.  However, we are still considering
17 whether or not there will be one or two affirmative reports at
18 the -- on the March 18 deadline.
19          **THE COURT:**  All right.
20      In terms of class certification briefing, I'm showing that
21 you've got a May 26 opening; opposition, July 14th; reply,
22 August 11th.
23      Is that correct?
24          **MR. LEE:**  That's what I have, too, Your Honor.
25          **MR. SCHAPIRO:**  Yes, Your Honor.

1   **THE COURT:** All right. With the hearing date of
2   September 22nd?
3   **MR. SCHAPIRO:** Yes, judge.
4   **THE COURT:** Okay. That hearing date is moved. I --
5   Thursdays is my criminal calendar days and not my civil
6   calendar, so that hearing date will be moved to September 20th
7   at 2:00 p.m. My trial day ends at 1:30. My civil calendars
8   begin at 2:00 p.m.
9   **MR. LEE:** Understood, Your Honor.
10  **THE COURT:** Okay.
11  I see that there is a motion for relief from a
12  non-dispositive order from Judge van Keulen. That motion will
13  be decided on the merits. Just trying to get my arms around
14  everything. The deadline has passed. It wouldn't have
15  happened but for the transfer.
16  So does the plaintiff want to respond?
17  **MR. LEE:** Sure, Your Honor.
18  It's ultimately up to you. Our position obviously was a
19  little different. We -- we thought that Judge Koh had the 14
20  days to -- to rule that she wanted to.
21  **THE COURT:** Yeah, that argument's denied.
22  Do you want to respond to the substance in writing?
23  **MR. LEE:** Yes, Your Honor, we will.
24  **THE COURT:** How much time do you want?
25  **MR. LEE:** Would ten days be okay?