| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP** | **SUSMAN GODFREY L.L.P.** |
| David Boies (admitted pro hac vice) | William C. Carmody (admitted pro hac vice) |
| 333 Main Street | Shawn J. Rabin (admitted pro hac vice) |
| Armonk, NY 10504 | Steven M. Shepard (admitted pro hac vice) |
| Tel: (914) 749-8200 | Alexander Frawley (admitted pro hac vice) |
| dboies@bsfllp.com | 1301 Avenue of the Americas, 32nd Floor |
| | New York, NY 10019 |
| Mark C. Mao, CA Bar No. 236165 | Tel.: (212) 336-8330 |
| Beko Reblitz-Richardson, CA Bar No. 238027 | bcarmody@susmangodfrey.com |
| Erika Nyborg-Burch, CA Bar No. 342125 | srabin@susmangodfrey.com |
| 44 Montgomery St., 41st Floor | sshepard@susmangodfrey.com |
| San Francisco, CA 94104 | afrawley@susmangodfrey.com |
| Tel.: (415) 293-6800 | |
| mmao@bsfllp.com | Amanda K. Bonn, CA Bar No. 270891 |
| brichardson@bsfllp.com | 1900 Avenue of the Stars, Suite 1400 |
| enyborg-burch@bsfllp.com | Los Angeles, CA 90067 |
| | Tel.: (310) 789-3100 |
| James Lee (admitted pro hac vice) | abonn@susmangodfrey.com |
| Rossana Baeza (admitted pro hac vice) | |
| 100 SE 2nd St., 28th Floor | **MORGAN & MORGAN** |
| Miami, FL 33131 | John A. Yanchunis (admitted pro hac vice) |
| Tel.: (305) 539-8400 | Ryan J. McGee (admitted pro hac vice) |
| jlee@bsfllp.com | 201 N. Franklin Street, 7th Floor |
| rbaeza@bsfllp.com | Tampa, FL 33602 |
| | Tel.: (813) 223-5505 |
| Alison L. Anderson, CA Bar No. 275334 | jyanchunis@forthepeople.com |
| 725 S Figueroa St., 31st Floor | rmcgee@forthepeople.com |
| Los Angeles, CA 90017 | |
| Tel.: (213) 995-5720 | Michael F. Ram, CA Bar No. 104805 |
| alanderson@bsfllp.com | 711 Van Ness Ave, Suite 500 |
| | San Francisco, CA 94102 |
| | Tel: (415) 358-6913 |
| | mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No.: 4:20-cv-03664-YGR-SVK <br><br> **DECLARATION OF RYAN J. MCGEE IN SUPPORT OF GOOGLE LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br> Date: September 20, 2022 <br> Time: 2:00 p.m. <br> Location: Courtroom 1 – 4th Floor |

**DECLARATION OF RYAN J. MCGEE**

I, Ryan J. McGee attorney, declare as follows.

1. I am an associate with the law firm of Morgan and Morgan, counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of Florida and admitted *pro hac vice* for this case. Dkt. 19. I have personal knowledge of the matters set forth herein and am competent to testify.

2. I am making this Declaration in support of Google LLC's ("Google") Administrative Motion to Consider Whether Another Party's Material Should be Sealed Pursuant to Civil Local Rule 79-5. Dkt. 660. In making this request, Plaintiffs have carefully considered the relevant legal standard and policy considerations outlined in Civil Local Rule 79-5.

3. On August 5, 2022, Google filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Dkt. 660.

4. On August 9, 2022, the parties stipulated to mutual extensions of time concerning sealing (Dkt. 676), which this Court granted. Dkt. 679.

5. Per this Court's Standing Order ¶12(a) Plaintiffs hereby indicate that they join Google's administrative motion in whole.

6. I have reviewed the documents that Google seeks to file under seal pursuant to Civil Local Rule 79-5, unredacted versions of which have been filed at Docket Entry 660. Based on my review, there is good cause to seal the following information:

| Document | Basis for Sealing |
| --- | --- |
| Plaintiff Chasom Brown's Verified Amended Objections and Responses to Defendant Interrogatories 1, 4, and 5<br><br>Highlighted Portions at: Pages 4-7 | The portions sought to be sealed associate one or more of the named Plaintiffs with identifiers (e.g., email address) and information related to their browsing. Such information has the potential to reveal their identities and then be used maliciously to harm plaintiffs. *See, e.g.*, *Adkins v. Facebook, Inc.*, 424 F. Supp. 3d 686, 689 (N.D. Cal. 2019) (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald v. CP OpCo, LLC*, 2019 WL 34370, at *9 (N.D. Cal. Jan. 28, 2019) (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes"). Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge |

| | | |
|---|---|---|
| | | it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, 2016 WL 11505231, at *1 (N.D. Cal. Apr. 8, 2016). |
| | Plaintiff William Byatt's Verified Amended Objections and Responses to Defendant Interrogatories 1, 4, and 5<br><br>Highlighted Portions at: Pages 4-7 | The portions sought to be sealed associate one or more of the named Plaintiffs with identifiers (e.g., email address) and information related to their browsing. Such information has the potential to be used maliciously to harm plaintiffs. *See, e.g.*, *Adkins*, 424 F. Supp. at 689 (N.D. Cal. 2019) (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes"). Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |
| | Plaintiff Christopher Castillo's Verified Amended Objections and Responses to Defendant Interrogatories 1, 4, and 5<br><br>Highlighted Portions at: Pages 4-7 | The portions sought to be sealed associate one or more of the named Plaintiffs with identifiers (e.g., email address) and information related to their browsing. Such information has the potential to be used maliciously to harm plaintiffs. *See, e.g.*, *Adkins*, 424 F. Supp. at 689 (N.D. Cal. 2019) (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes"). Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |
| | Plaintiff Jeremy Davis' Verified Amended Objections and Responses to Defendant Interrogatories 1, 4, and 5<br><br>Highlighted Portions at: Pages 4-7 | The portions sought to be sealed associate one or more of the named Plaintiffs with identifiers (e.g., email address) and information related to their browsing. Such information has the potential to be used maliciously to harm plaintiffs. *See, e.g.*, *Adkins*, 424 F. Supp. at 689 (N.D. Cal. 2019) (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes"). Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has |

| | | |
|---|---|---|
| | | been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |
| | Plaintiff Monique Trujillo's Objections and Responses to Defendant's First and Second Set of Interrogatories<br><br>Highlighted Portions at: Pages 3-4, 6-7 | The portions sought to be sealed associate one or more of the named Plaintiffs with identifiers (e.g., email address) and information related to their browsing. Such information has the potential to be used maliciously to harm plaintiffs. *See, e.g.*, *Adkins*, 424 F. Supp. at 689 (N.D. Cal. 2019) (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes").  Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |
| | Exhibit 16 to Broome Declaration<br><br>Plaintiff William Byatt's Objections and Responses to Defendant's Fourth Set of Interrogatories<br><br>Highlighted Portions at: Page 16 | The portions sought to be sealed associate one or more of the named Plaintiffs with identifiers (e.g., email address) and information related to their browsing. Such information has the potential to be used maliciously to harm plaintiffs. *See, e.g.*, *Adkins*, 424 F. Supp. at 689 (N.D. Cal. 2019) (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes").  Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |
| | Exhibit 21 to Broome Declaration<br><br>Plaintiff William Byatt's Objections and Responses to Defendant's Third Set of Requests for Admission<br><br>Highlighted Portions at: Page 7 | The portions sought to be sealed associate one or more of the named Plaintiffs with identifiers (e.g., email address) and information related to their browsing. Such information has the potential to be used maliciously to harm plaintiffs. *See, e.g.*, *Adkins*, 424 F. Supp. at 689 (N.D. Cal. 2019) (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes").  Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |

3
DECLARATION OF RYAN MCGEE IN SUPPORT OF GOOGLE'S ADMINISTRATIVE SEALING MOTION
Case No. 4:20-cv-03664-YGR-SVK

| Exhibit 25 to Broome Declaration<br><br>Deposition Excerpts of William Byatt<br><br>Highlighted Portions at: Page 10:7-8 | The portions sought to be sealed associate one or more of the named Plaintiffs with identifiers (e.g., email address) and information related to their browsing. Such information has the potential to be used maliciously to harm plaintiffs. *See, e.g.*, *Adkins*, 424 F. Supp. at 689 (N.D. Cal. 2019) (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes"). Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |
|---|---|
| Declaration of Jonathan McPhie Regarding Google Disclosures<br><br>Highlighted Portions at:<br><br>Pages 22:21, 22:23, 22:25, 23:2, 23:4, 23:6 | The portions sought to be sealed associate one or more of the named Plaintiffs with identifiers (e.g., email address) and information related to their browsing. Such information has the potential to be used maliciously to harm plaintiffs. *See, e.g.*, *Adkins*, 424 F. Supp. at 689 (N.D. Cal. 2019) (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes"). Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |

7.  Furthermore, "an individual's privacy interest" is a compelling reason to seal a document. *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-0100988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (allowing redaction of home addresses and financial account information); *Pension Plan for Pension Tr. Fund for Operating Eng'rs. v. Giacalone Elec. Servs., Inc.*, No. 13-cv-02338-SI, 2015 WL 3956143, at *10 (N.D. Cal. June 29, 2015).

8.  Additionally, public exposure of the information that Plaintiffs seek to seal could subject Plaintiffs to a risk of identity theft. *See, e.g.*, *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012) (sealing "name, address, phone number, and email address").

9.  Since these requests are narrowly tailored, they should not interfere with the

1  public's ability to understand the judicial process and the matters at issue in this case.

2        10.    A similar request to seal was granted in the related case of *Calhoun v. Google LLC*, No. 4:20-cv-05146-YGR-SVK (N.D. Cal.), Dkt. 198 (sealing *Calhoun* plaintiffs' web browsing history and information). Courts routinely grant motions to seal this kind of information, even under the more demanding standard applicable to materials filed in connection with dispositive motions. *See Cancino Casteallar v. Mayorkas*, No. 17-CV-491-BAS-AHG, 2021 WL 3678440, at *3 (S.D. Cal. Aug. 19, 2021) (collecting cases); *Am. Auto. Ass'n of N. Calif., Nev. & Utah v. Gen. Motors LLC*, No. 17-CV-3874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal "names, addresses, phone numbers, and email addresses").

      11.    If the Court were to deny sealing this information, Plaintiffs could be subjected to a heightened risk of injury, including identity theft. I was personally involved at all stages of the litigation in *Adkins v. Facebook, Inc.*, No. 3:18-cv-05982-WHA (N.D. Cal.) including expert discovery and related motions practice. I personally presented plaintiffs' tutorial before Judge Alsup with two cybersecurity experts (one of whom served as plaintiffs' testifying expert) to discuss data breaches. No. 3:18-cv-05982-WHA, Dkts. 20, 65.

      12.    I also personally defended the expert deposition of the testifying cybersecurity expert, and I personally argued the *Daubert* motions that Facebook filed against our experts. The information Plaintiffs seek to seal here is of substantially the same type of information that can be used to gain unauthorized access to accounts.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 25th day of August, 2022, at Tampa, Florida.

                                                  */s/ Ryan J. McGee*