**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, *et al*, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE'S REPLY IN SUPPORT OF MOTION TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT DAVID NELSON**<br><br>The Honorable Yvonne Gonzalez-Rogers<br>Courtroom 1 - 4th Floor<br>Date: September 20, 2022<br>Time: 2:00 p.m. |

Case No. 4:20-cv-03664-YGR-SVK
REPLY IN SUPPORT OF MOTION TO EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT DAVID NELSON

## I. INTRODUCTION

Plaintiffs' opposition (Dkt. 697) confirms that their expert David Nelson's opinion that "private browsing data … can be linked to specific individuals and devices" using an IP address alone is based *solely* on two dubious grounds: (i) his unverifiable assertion that three criminal suspects—about whom he refused to provide any additional information and whose representations he did not verify—told him that they were using private browsing mode while engaged in criminal activity; and (ii) his admitted speculation that an empty "Google account information" field in spreadsheets Google provided to the FBI indicated that the user was in a private browsing mode. Google's opening brief (Dkt. 663) demonstrated that neither basis is reliable, and Plaintiffs' opposition makes clear that they have no response.

Rather than address these fatal flaws, Plaintiffs (i) assert that Nelson provided adequate testimony on the relevant criminal investigations—despite his clear refusal to provide "any details" about them; (ii) suggest that Judge van Keulen's sanctions order somehow confirms Nelson's unfounded speculation about the Google account field (it does not); and (iii) insist that Nelson's testimony is reliable because of his record of government service. Each of these arguments is a red herring. Nelson's opinions are based *not* on his "18 years' experience performing cyber crime investigations" as an FBI agent, Dkt. 697 at 1, but rather on the unverified say-so of three unidentified criminal suspects and pure speculation outside of his area of expertise. His attempt to pass these off as expert testimony is especially flawed because he has refused to provide details necessary to test whether the subjects of the investigations he conducted bear any resemblance to members of Plaintiffs' proposed class. As such, his opinions do not meet the requirements for expert testimony embodied in Federal Rule of Evidence 702 and explicated in cases such as *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ("*Daubert*") and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 158 (1999). Nelson's proffered report and testimony should therefore be excluded in their entirety.

## II. NELSON'S OPINIONS SHOULD BE EXCLUDED BECAUSE HE REFUSES TO PROVIDE "*ANY DETAILS*" ABOUT THE INVESTIGATIONS UNDERLYING THEM

At his deposition, Nelson refused to provide basic details about the investigations referenced in his report, and his opinions and testimony should be excluded on that basis alone. Not only is Nelson's credulous repetition of three suspects' unverified claims *not* the application of his purported expertise in conducting criminal investigations, but his refusal to provide any further detail about the relevant investigations makes it impossible to evaluate whether the type of investigation he conducted bears any relation to the information and putative class at issue in this case.

Tellingly, Plaintiffs do not mention—let alone attempt to distinguish—*United States v. Williams*, in which the court excluded expert testimony by a police officer who refused to provide details relevant to his proffered opinion on confidentiality grounds. 2016 WL 899145 (N.D. Cal. Mar. 9, 2016). The court held that the officer's refusal to provide details on the confidential investigations and informants underlying his opinions rendered his sources "so impervious to cross examination, that it [was] impossible to effectively test [his] reliance on them," and created insurmountable "reliability problems." *Id.* at *9. The Court should find the same here. *Compare id.* at *11 ("The *ipse dixit* nature of the vast majority of the opinions (because Sgt. Jackson cannot identify particular citizens or confidential informants or discuss ongoing investigation, and/or because he could not think of any specific information underlying the opinions at the hearing) means that they cannot be effectively tested through cross-examination."), *with* Dkt. 663-2 ("Nelson Tr.") 98:9–10 ("I'm not permitted to disclose *any details* about *any cases*[.]").

Unable to justify Nelson's refusal to adequately explain the basis for his opinions, Plaintiffs try to blame Google for his deficient testimony. *See* Dkt. 697 at 8 ("While asked Nelson about one example, Google never cross-examined Nelson about the two other examples. Instead, Google took the sound bite . . . and moved on."). Plaintiffs are wrong. The record is clear that Nelson either refused to disclose or could not recall basic information regarding *all* of the investigations referenced in his report, including (i) the identity of any suspects, Nelson Tr. 70:21–71:6; (ii) whether the suspects were U.S. citizens, *id.* 71:7–19; (iii) which browsers the suspects were using,

*id.* 60:6–8; (iv) whether or not the suspects were signed into Google accounts when they were allegedly using private browsing mode, *id.* 61:9–20; (v) the years when the investigations took place, *id.* 119:4–11; and (vi) how many investigators worked on the investigations, *id.* 103:19–104:14.[1] Although Nelson was happy to provide information that *Plaintiffs* apparently deemed helpful to their case in his report and testimony, he stated unequivocally that he would not provide "*any details about any cases*" in response to Google's questions. *Id.* at 98:5–10. There was no point in continuing to ask further questions after Nelson took that unequivocal position. This is precisely the type of non-disclosure that the court deemed fatal in *Williams*, and Nelson's opinions should be excluded for the same reasons.

### III. NELSON'S OPINIONS SHOULD BE EXCLUDED BECAUSE THEY ARE BASED ON ADMITTED SPECULATION ABOUT THE MEANING OF AN EMPTY FIELD IN A SPREADSHEET

As Plaintiffs acknowledge, the only other basis for Nelson's opinion is his (incorrect) speculation that an empty "Google account information" field in certain spreadsheets produced by Google identified users in private browsing mode. Nelson Tr. 54:9–20; *see* Dkt. 697 at 8. Indeed, Nelson *admitted* that his "opinion" is pure conjecture, conceding that he does not "know one way or another" whether the absence of the Google account field indicates that the user was in a private browsing mode (as opposed to, *e.g.*, browsing in regular mode while not signed into a Google account), *id.* at 57:3–6, and that he did not investigate whether the field was populated for the three suspects who supposedly told him that they *had* used a private browsing mode, *id.* at 60:15–61:6. He further conceded that his opinion is not the product of any purported expertise; indeed, Nelson admitted that he has *no* "special expertise" regarding the meaning of the Google account field on which he bases his opinion. *Id.* at 57:24–58:5; *see White v. Ford Motor Co.*, 312 F.3d 998, 1008–09 (2002) ("A layman, which is what an expert witness is when testifying outside his area of

---

[1] These details are relevant to whether Nelson's experience actually relates to Plaintiffs' proposed class, which (i) is limited to data from signed-out U.S.-based users, using specific browsers, from June 1, 2016 to the present; and (ii) according to Plaintiffs, can be identified via a combination of users' IP addresses and user agent values. Dkt. 395 (Third Amended Complaint); 608-3.  Without this information, there is no way to know if Nelson actually conducted investigations involving the data at issue during the relevant time period and whether or not the investigations he performed can be scaled to identify class members.

expertise, ought not to be anointed with ersatz authority as a court-approved expert witness for what is essentially a lay opinion"). Nelson's opinion is nothing more than speculation in the classic sense, and he cannot "assist the trier of fact to understand the evidence or to determine a fact in issue" by proffering his unconfirmed conjecture under the guise of an expert opinion. *See Daubert*, 509 U.S. at 590 (Rule 702's reference to "the word 'knowledge' connotes more than subjective belief or unsupported speculation.").

The Court's decision in *Otto v. LeMahieu*, 2021 WL 1615311 (N.D. Cal. Apr. 26, 2021) (Gonzalez Rogers, J.), is instructive. There, the Court excluded the report and testimony of an expert who had opined as to the market for the Nano cryptocurrency despite "conced[ing] he ha[d] no specific expertise with the cryptocurrency platform or asset … at issue." *Id.* at *5. Because the expert had no such specialized knowledge, he had instead relied on "a high level of speculation, untethered to and unsupported by any facts in the record." *Id.* at *4. Accordingly, the Court held that he "ha[d] no reliable basis in forming his opinions or conclusions" and struck his report. *Id*. The same logic applies here. Like the expert in *Otto*, Nelson has no specialized knowledge concerning the meaning of the "Google account information" field in the spreadsheets Google produced to the FBI, and his opinion interpreting that field "merely regurgitates information untethered to any methodology and is otherwise speculative." *Id.* at *5.

Since they are unable to dispute their expert's unequivocal admissions, Plaintiffs now contend that Judge van Keulen's order on Plaintiffs' motion for sanctions (Dkt. 593-3) somehow confirms Nelson's speculation. Dkt. 697 at 8. But even if that order said anything at all about the "Google account information" field in the spreadsheets Nelson discussed (and it does not), it cannot change the fact that *Nelson's opinion* is based on nothing but conjecture. *See Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1216 (9th Cir. 1995) ("[The Court's] task . . . is to analyze not what the experts say, but what basis they have for saying it.").

### IV. NELSON'S RECORD AS AN FBI AGENT DOES NOT RENDER HIS OPINIONS RELIABLE

Rather than address the merits of Google's motion, Plaintiffs spill much ink recounting Nelson's background and insisting that his opinions are proper because he "enjoys a sterling

reputation as a retired FBI agent with nearly two decades of cyber crime experience." Dkt. 697 at 8. But Nelson's experience and reputation are beside the point. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 860 (9th Cir. 2014) ("It is well settled that bare qualifications alone cannot establish the admissibility of … expert testimony." (quoting *United States v. Hermanek*, 28 F.3d 1076, 1093 (9th Cir. 2002))); *United States v. Valencia-Lopez*, 971 F.3d 891, 900 (9th Cir. 2020) (federal agent's "qualifications and experience . . . . cannot establish the reliability and thus the admissibility of the expert testimony at issue"). Whatever his background, Nelson's opinions and testimony should be excluded because *the opinions themselves* are rooted in undisclosed information and unconfirmed speculation. *See Valencia-Lopez*, 971 F.3d at 900 (excluding federal agent's expert testimony because he "failed to explain in any detail the knowledge, investigatory facts and evidence he was drawing from").

Plaintiffs' citation to *Stathakos v. Columbia Sportswear Co.*, No. 15-CV-04543-YGR, 2017 WL 1957063, at *3 (N.D. Cal. May 11, 2017), is not to the contrary. The disputed expert testimony in that case centered on the expert's "review[] [of] thirty-five distinct garments," which was in no way based on undisclosed prior investigations or speculation outside her area of expertise. Any purported similarities between Nelson's experience and that of the expert in *Stathakos*, *see* Dkt. 597 at 12, are therefore irrelevant to whether Nelson's *opinions* should be excluded.

## V. CONCLUSION

For the reasons discussed above and in Google's opening brief, Nelson's report and testimony should be excluded.

| | | |
|---|---|---|
| DATED: August 26, 2022 | | Respectfully submitted, |
| | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | | By  /s/ Andrew H. Schapiro  <br>        Andrew H. Schapiro |

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*