# EXHIBIT 8

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

---oOo---

CHASOM BROWN; MARIA NGUYEN;
WILLIAM BYATT; JEREMY DAVIS;
and CHRISTOPHER CASTILLO,
individually and on behalf
of all other similarly
situated,

        Plaintiffs,

vs.                                       No. 5:20-cv-03664-LHK

GOOGLE LLC,

        Defendant.
_____/

CONFIDENTIAL

REMOTE VIDEOTAPED DEPOSITION OF CHRISTOPHER R. PALMER
WITNESS LOCATION:  SAN FRANCISCO, CALIFORNIA
WEDNESDAY, JANUARY 5, 2022

Stenographically Reported by:
ANDREA M. IGNACIO, CSR, RPR, CRR, CCRR, CLR
California CSR No. 9830
Job No. 773740

MAGNA LEGAL SERVICES
866-624-6221



```
                                                              Page 2
 1            IN THE UNITED STATES DISTRICT COURT
 2           FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                        ---oOo---
 4
 5   CHASOM BROWN; MARIA NGUYEN;
     WILLIAM BYATT; JEREMY DAVIS;
 6   and CHRISTOPHER CASTILLO,
     individually and on behalf
 7   of all other similarly
     situated,
 8
                  Plaintiffs,
 9   vs.                                  No. 5:20-cv-03664-LHK
10   GOOGLE LLC,
11                Defendant.
     _____/
12
13
14         REMOTE VIDEOTAPED DEPOSITION OF
15      CHRISTOPHER R. PALMER, taken on behalf of the
16      Plaintiffs, on Wednesday, January 5, 2022,
17      beginning at 10:06 a.m., and ending at 5:43 p.m.,
18      Pursuant to Notice, and remotely before me,
19      ANDREA M. IGNACIO, CSR, RPR, CRR, CLR ~ License
20      No. 9830.
21
22
23
24
25
```



MAGNA
LEGAL SERVICES

Page 3

```
1   R E M O T E   A P P E A R A N C E S:
2
3       COUNSEL FOR THE PLAINTIFFS:
4           BOIES SCHILLER & FLEXNER LLP
5           By:  BEKO REBLITZ-RICHARDSON, ESQ.
6                MARK MAO, ESQ.
7                ROSANNA BAEZA, ESQ.
8                ERIKA NYBORG-BURCH, ESQ.
9           44 Montgomery Street, 41st Floor
10          San Francisco, California 94104
11          415.293.6804
12          brichardson@bsfllp.com
13
14          MORGAN & MORGAN
15          By:  RYAN MCGEE, ESQ.
16          201 N. Franklin Street, 7th Floor
17          Tampa, Florida 33602
18          813.233.5505
19
20          SIMMONS HANLY CONROY
21          By:  ERIC JOHNSON, ESQ.
22          One Court Street
23          Alton, Illinois 62002
24          618.693.3104
25          ejohnson@simmonsfirm.com
```



Page 4

```
 1   R O M O T E  A P P E A R A N C E S:  (Cont.)
 2
 3      COUNSEL FOR THE DEFENDANT:
 4           QUINN EMANUEL URQUHART & SULLIVAN
 5           By:  JOMAIRE CRAWFORD, ESQ.
 6                CARL SPILLY, ESQ.
 7           51 Madison Avenue, 22nd Floor
 8           New York, New York 10010
 9           212.849.7000
10           jomairecrawford@quinnemanuel.com
11
12      ALSO PRESENT:  Torryn Taylor, Google
13                     Bill Shover, Videographer
14
15                     ---oOo---
16
17
18
19
20
21
22
23
24
25
```



```
                                                               Page 41
 1      Q   Do you agree that Google should not deceive         10:50
 2  users regarding the functionality of Chrome Incognito       10:50
 3  Mode?                                                       10:51
 4      A   Well, I'm not speaking for Google here, but I       10:51
 5  would like to, you know, be as clear as I can in my         10:51
 6  communication.                                              10:51
 7      Q   Right.                                              10:51
 8          But it's your opinion as a Google employee          10:51
 9  that Google should not deceive users regarding the          10:51
10  functionality of Chrome Incognito Mode; correct?            10:51
11      A   Well, I think that the documentation, as I          10:51
12  say, is clear and accurate.  And so if -- and by            10:51
13  "documentation," I mean what you get on the New Tab         10:51
14  Page of Incognito.  I think that's clear and accurate       10:51
15  and concise.  And if you click the "Learn More" link,       10:51
16  you get a Help Center article, which I think is also        10:51
17  accurate.                                                   10:51
18          And so I'm only concerned about the fuzziness       10:51
19  of the name and the potential for people to imagine         10:51
20  properties that don't exist in the software.                10:52
21      Q   Right.                                              10:52
22          And you were also concerned about the               10:52
23  possibility of deceiving users; correct?                    10:52
24      A   More that people would self-deceive or              10:52
25  over-imagine due to the fuzziness.                          10:52
```



```
                                                              Page 42
 1      Q   But Mr. Palmer, that's not what you wrote;         10:52
 2   correct?                                                  10:52
 3      A   I see what I wrote.  I have a style that's         10:52
 4   sort of spicy, you might say.                             10:52
 5      Q   And what do you mean by that, "spicy"?             10:52
 6      A   Provocative, perhaps.                              10:52
 7      Q   And so looking back on what you wrote in           10:52
 8   September of 2014, is it your testimony now that it is    10:52
 9   okay for Google to deceive users?                         10:52
10      A   No.                                                10:52
11      Q   Okay.  And so when you wrote "we should            10:52
12   harmonize the name + icon "down".  So that we don't       10:52
13   deceive users," the "we" in that -- in what you wrote,    10:53
14   that's a reference to Google; right?                      10:53
15          MS. CRAWFORD:  Objection; asked and answered.      10:53
16          THE WITNESS:  Again, it's -- it could -- it's      10:53
17   not precise who I meant there, and I don't remember       10:53
18   exactly.  It could be, you know, like, not necessarily    10:53
19   on behalf of the company or as a company, but, like,      10:53
20   Hey, we should -- we should try something else, you       10:53
21   guys.                                                     10:53
22          You know, it's kind of vague.  I don't             10:53
23   remember precisely who I meant by "we."                   10:53
24          But in any case, I can't and have never been       10:53
25   able to speak for the whole company.                      10:53
```



```
 1                CERTIFICATE OF STENOGRAPHER
 2
 3          I, ANDREA M. IGNACIO, hereby certify that the
 4   witness in the foregoing remote deposition was by me
 5   remotely sworn to tell the truth, the whole truth, and
 6   nothing but the truth in the within-entitled cause;
 7          That said deposition was taken in shorthand
 8   by me, a disinterested person, remotely at the time
 9   stated, and that the testimony of the said witness was
10   thereafter reduced to typewriting, by computer, under
11   my direction and supervision;
12          That before completion of the deposition,
13   review of the transcript [x] was [ ] was not
14   requested.  If requested, any changes made by the
15   deponent (and provided to the reporter) during the
16   period allowed are appended hereto.
17          I further certify that I am not of counsel or
18   attorney for either or any of the parties to the said
19   deposition, nor in any way interested in the event of
20   this cause, and that I am not related to any of the
21   parties thereto.
22   Dated:
23     Andrea M. Ignacio
24     ANDREA M. IGNACIO, RPR, CRR, CCRR, CLR, CSR No. 9830
25
```



MAGNA LEGAL SERVICES