# PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELIEF

# Redacted Version of Document Sought to be Sealed

**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELIEF RE: GOOGLE'S PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED**<br><br>Referral: The Honorable Susan van Keulen |

# INTRODUCTION

With additional productions made over the past few weeks, Google has now produced 1,370 documents previously withheld as privileged. Without the Court's assistance, Google would have gotten away with improperly withholding these documents. After reviewing some but not all of the documents recently produced, Plaintiffs can now report that these were not close privilege calls, and many include admissions that concern contested issues in this case. For example:

- Google had improperly withheld as privileged an email from Google engineer Bert Leung (whom Plaintiffs deposed, without this document) where he wrote that the X-Client Data Header is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex.[1] 6 at -45 (emphasis added). This late-produced document undermines Mr. Leung's sworn representation to Plaintiffs and the Court that the X-Client Data Header is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 528-5 ¶ 7.

- Google had improperly redacted as privileged a comment to a document where Google engineer Sammit Adhya (whom Plaintiffs deposed, without this quote) wrote "*we would never sa[y] that Google doesn't know who you are while you're Incognito*." Ex. 11 at -40.R (emphasis added). That admission contradicts Google's assertion that "logged-out private browsing activity of users is neither linked nor reasonably linkable to specific users." Dkt. 140 at 5. There is no indication that any portion of the document is privileged, calling into question why Google redacted that key admission.

Google's belated production of these and other key documents (detailed in the Exhibit A summary chart) has severely prejudiced Plaintiffs. Google should have produced these documents last year, before depositions, before the close of fact discovery, before expert discovery, and before class certification briefing. Given Google's late production, Plaintiffs were never able to question any witnesses about these documents or conduct other follow up discovery.

For over a year, Plaintiffs diligently sought re-review of the same categories of documents that this Court ultimately ordered Google to re-review. Had Google taken Plaintiffs' concerns seriously last year, Google would have timely produced these documents. Instead, Google gained an unfair advantage, depriving Plaintiffs of access to these key documents until after the close of fact discovery, after service of opening expert reports, and after Plaintiffs filed their motion for class certification.

---

[1] All exhibits are attached to the concurrently filed Declaration of Mark Mao.

PLAINTIFFS' ADMINISTRATIVE MOTION RE: GOOGLE'S BELATED
PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED
Case No. 4:20-cv-03664-YGR-SVK

1

To remedy the prejudice caused by Google's untimely production, Plaintiffs now seek a preclusion order, but a limited one relating only to these documents. Alternatively, Plaintiffs seek to conduct a limited number of depositions to question witnesses about certain documents.

## BACKGROUND

Plaintiffs for over a year diligently sought production of documents that Google improperly withheld as privileged. After Google served its first privilege logs on July 24, 2021 and August 29, 2021, Plaintiffs promptly identified numerous deficiencies, including that Google was withholding communications between non-attorney employees and also communications where an attorney was copied but seemingly did not respond. Mao Decl. ¶¶ 3-6. Plaintiffs sought relief from this Court in October 2021. Dkt. 296 & 296-1. Google assured the Court that its privilege review was "robust" and belittled Plaintiffs' concerns as "rife with half-baked disputes ill-suited for court intervention." Dkt. 296 at 5. This Court permitted Plaintiffs to request Google's re-review of certain documents, which Plaintiffs diligently sought. Dkt. 307. Plaintiffs' challenges were overwhelmingly successful, resulting in an initial correction rate of 25% and Google's production of over 200 documents in February and March 2022. Dkt. 522 at 2. Plaintiffs then sought further re-review, which this Court granted, ordering Google to re-review 1,000 documents that fell within the two suspect categories. Dkt. 542. That review resulted in Google re-designating 371 documents in April 2022 (37.1%). Dkt. 566. As a result, this Court ordered Google to re-review all documents in those categories, Dkt. 605, which resulted in Google producing 907 additional documents in June and July 2022, Mao Decl. ¶ 14.

## ARGUMENT

**I.       Plaintiffs Are Entitled to a Limited Preclusion Order.**

To address the prejudice resulting from Google's late productions, Plaintiffs respectfully request a limited preclusion order relating to the documents that Google improperly withheld as privileged and produced after the March 4, 2022 close of fact discovery, ordering that:

- Plaintiffs may admit any of these documents at any time without a sponsoring witness;
- For the duration of the case, Google may not affirmatively rely on any of these documents for any purpose; and

PLAINTIFFS' ADMINISTRATIVE MOTION RE: GOOGLE'S BELATED
PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED
Case No. 4:20-cv-03664-YGR-SVK

2

- For the duration of the case, Google may not rely on any witness for the purpose of rebutting Plaintiffs' arguments about what these documents convey. For example, Google may not use a witness to argue that Plaintiffs have misinterpreted a document.

This relief is warranted under Federal Rule of Civil Procedure 37(b). "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Here, Google's improper withholding of non-privileged documents violated this Court's August 12, 2021 order that "[d]ocument productions to be completed . . . by October 6, 2021." Dkt. 242-1 at 1. An instructive case is *Sherwood Brands, Inc. v. Pennsylvania Manufacturers' Association*, 2010 WL 11469874, at *6 (D.R.I. Sept. 30, 2010). There, in response to a party's post-discovery production of a "plainly relevant" document, the court applied Rule 37(b) to take certain facts from the document as established. Here, Plaintiffs actually seek a more lenient sanction—preclusion. That relief is warranted, particularly to "ensure that [Google] will not be able to profit from its own failure to comply." *Sas v. Sawabeh Info. Servs.*, 2015 WL 12711646, at *9 (C.D. Cal. Feb. 6, 2015). Google produced key documents long after the close of fact discovery and even after the deadline for opening expert reports, including all documents summarized in the Exhibit A chart. In doing so, Google deprived Plaintiffs of an opportunity to obtain additional discovery about these documents, including discovery to (1) further support these documents' admissibility and (2) determine how Google may try to counter Plaintiffs' reliance on these documents (at any stage of the case). Without that additional discovery, Plaintiffs have no way to rebut any Google say-so regarding these documents.

Additional discovery at this late juncture cannot cure the prejudice. In this Court's words: "Litigation cannot work if a party is free to withhold responsive documents . . . and [later] . . . simply state additional discovery can cure any prejudice." Dkt. 593-3 at 29 (citation omitted). "The issue is not whether [Plaintiffs] eventually obtained the information that they needed, or whether [Google is] now willing to provide it, but whether [Google's] repeated failure to provide documents and information in a timely fashion prejudiced the ability of Plaintiffs to prepare their case for trial." Dkt. 593-3 at 29 (citation omitted). With expert reports completed, and expert discovery nearing its close, nothing short of re-opening all discovery (which Plaintiffs do not wish

PLAINTIFFS' ADMINISTRATIVE MOTION RE: GOOGLE'S BELATED
PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED
Case No. 4:20-cv-03664-YGR-SVK

3

to do) would put the parties back in the positions they would be had Google complied. The limited preclusion orders requested above are appropriate to address the prejudice.

Finally, while Plaintiffs need not establish that Google acted with negligence or in bad faith, Google's privilege review was anything but "robust." Dkt. 296 at 5. As just two examples:

- Google entirely withheld a 58-page presentation given by Google engineer Bryan Horling designed to "explore data minimization opportunities"—presumably because the presentation (improperly) contains a "Privileged & Confidential" stamp. Ex. 12 at -96. The presentation describes Google's need to ███████████████ ███████████████████████████████████████████████████ *id.* at -104 (emphasis added), which undermines Google's claim that "IP addresses are not a reliable means to identify individual users," Dkt. 303-5 at 1. Google did not identify Mr. Horling in its list of over 200 potential custodians (Dkt. 429-11), nor did Google identify him in its interrogatory response listing employees (Dkt. 429-15).

- Google withheld in its entirety an internal Google User Experience Research presentation given by Google employee Alex Nicolao (also improperly marked as "privileged") summarizing a Google study which analyzed whether "users really understand what they're consenting to when they consent to share browsing history or other behaviour data." Ex. 10 at -24. Google's "conclusion" was "No." *Id.* At -26. And like Mr. Horling, Google did not previously identify Mr. Nicolao in its list of over 200 potential custodians (Dkt. 429-11), nor did Google identify him in its interrogatory response listing employees (Dkt. 429-15).

Even a cursory privilege review should have caught such blatant mis-designations, and earlier production would have enabled Plaintiffs to seek and obtain additional relevant discovery.

## II. Alternatively, Plaintiffs Should Be Permitted to Conduct Additional Limited Depositions, With Google Bearing All Attorneys' Fees, Expenses, and Costs.

Having already committed many millions of dollars to litigating this case, Plaintiffs are not eager to incur the cost of additional depositions, nor will Plaintiffs agree to move any case deadlines. Regardless, if the Court is unwilling to grant the relief requested above, Plaintiffs alternatively seek permission to at least proceed with a process that will provide an opportunity to obtain deposition testimony regarding certain key documents.

Courts routinely grant requests to re-open depositions where a party improperly withheld documents, including on privilege grounds. For example, in *Curry v. Contra Costa County*, 2013 WL 4605454, at *4 (N.D. Cal. Aug. 28, 2013), following *in camera review*, the court ordered production of four documents and permitted the defendant to "re-open Plaintiff's deposition for

PLAINTIFFS' ADMINISTRATIVE MOTION RE: GOOGLE'S BELATED
PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED
Case No. 4:20-cv-03664-YGR-SVK

4

no more than one hour for the purpose of questioning her regarding these four documents." *Id.*; *see also Prado v. Federal Express Corp.*, 2014 WL 11412632, at *1 (N.D. Cal. July 29, 2014) ("in light of the delinquent production in this case, some additional deposition testimony is warranted").

Plaintiffs propose the following framework to guide any additional depositions:

1. Plaintiffs identify up to 40 documents produced by Google after the close of fact discovery, including by specifying the portion of the document that Plaintiffs want to ask about. To the extent the author of any document or portion thereof is unclear, Google provides that information to Plaintiffs. To the extent those documents include any hyperlinks, the parties meet and confer on a process for Google to produce any hyperlinked documents requested by Plaintiffs.

2. The parties meet-and-confer to select a deponent for each document, including hyperlinks, who will presumptively be the author (or authors) of the specified portion. For any witness whom Plaintiffs have already deposed, Plaintiffs will be given 30 additional minutes with that witness for each document the witness will cover. For any new deponent, Plaintiffs will get the same 30 minutes per document, plus an additional 30 minutes to cover background information concerning that new witness.

3. Following meet-and-confers, the parties raise any disputes with the Court, such as a dispute over which witness should cover particular documents or whether hyperlinks should be produced.

4. After these depositions, Plaintiffs may revisit their request for a preclusion order.

Google should also be required to "pay the reasonable expenses, including attorneys' fees, caused by [its] failure" to timely produce the documents. Fed. R. Civ. P. 37(b)(2)(C). Google's withholding of the documents was not substantially justified, particularly given the significant correction rate of its re-review. In addition to the fees and expenses Plaintiffs incurred with this Motion, Google should pay all attorneys' fees, costs, and expenses that Plaintiffs incur preparing for and taking these depositions. *See Balsam Brands Inc. v. Cinmar*, 2016 WL 7101940, at *2-3 (N.D. Cal. Dec. 6, 2016) (requiring offending party to pay all costs and attorneys' fees incurred for non-offending party's second deposition of an expert, which was necessary due to offending party's violation of a court order); *Obayashi Corp. v. Chartis Specialty Ins. Co.*, 2012 WL 12509224, at *3 (W.D. Wash. Aug. 3, 2012) (same, as applied to a second 30(b)(6) deposition).

## CONCLUSION

Plaintiffs respectfully request that the Court award the relief requested above and any other relief it deems appropriate. Plaintiffs will also provide additional briefing upon request.

PLAINTIFFS' ADMINISTRATIVE MOTION RE: GOOGLE'S BELATED
PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED
Case No. 4:20-cv-03664-YGR-SVK

5

| | | |
|---|---|---|
| 1 | Dated: August 8, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | By: */s/ Mark Mao* |
| 4 | | Mark C. Mao (CA Bar No. 236165) |
| | | mmao@bsfllp.com |
| 5 | | Beko Reblitz-Richardson (CA Bar No. 238027) |
| | | brichardson@bsfllp.com |
| 6 | | Erika Nyborg-Burch (CA Bar No. 342125) |
| | | Enyborg-burch@bsfllp.com |
| 7 | | BOIES SCHILLER FLEXNER LLP |
| | | 44 Montgomery Street, 41st Floor |
| 8 | | San Francisco, CA 94104 |
| | | Telephone: (415) 293 6858 |
| 9 | | Facsimile (415) 999 9695 |

Dated: August 8, 2022                    Respectfully submitted,

By: */s/ Mark Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (CA Bar No. 342125)
Enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (*pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400

Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

PLAINTIFFS' ADMINISTRATIVE MOTION RE: GOOGLE'S BELATED
PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED
Case No. 4:20-cv-03664-YGR-SVK

7