# EXHIBIT C

# To the Mao Declaration ISO Plaintiffs' Administrative Motion re: Google's Production of Documents Improperly Withheld as Privileged

# REDACTED DOCUMENT SOUGHT TO BE SEALED

**SUSMAN GODFREY L.L.P.**

A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

| SUITE 5100 | SUITE 1400 | SUITE 3800 |
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

AMY GREGORY
DIRECT DIAL (212) 729-2018
E-MAIL AGREGORY@SUSMANGODFREY.COM

September 8, 2021

**VIA ELECTRONIC MAIL**

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Diane M. Doolittle
dianedoolittle@quinnemanuel.com
Thao Thai
thaothai@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065

Andrew H. Schapiro
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606

Stephen A. Broome
stephenbroome@quinnemanuel.com
Viola Trebicka
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

William A. Burck
williamburck@quinnemanuel.com
Josef Ansorge
josefansorage@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005

Jonathan Tse
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111

Jomaire Crawford
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010

Re:   *Chasom Brown, et al., v. Google LLC*, Case No. 5:20-cv-03664-LHK
      Google August 13, 2021 Supplemental Privilege Log

Counsel:

We write regarding Google's supplemental privilege log served on August 13, 2021.

September 8, 2021
Page 6

this statement was made to or from an attorney. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is not a communication seeking or reflecting legal advice, and Google's redactions are improper.

These are just three examples demonstrating that Google's privilege assertions are inaccurate, unreliable, and cannot be taken at face value.

In addition, there appears to be a pattern among Google employees – including Google's top executives – of improperly labeling non-privileged emails and documents as "privileged" and/or copying attorneys on non-privileged emails. We cited some of those examples in our September 2, 2021 email regarding Google's improper redaction of GOOG-BRWN-00048967.C.

In this context, Plaintiffs raise a number of concerns with Google's privilege and/or work product claims in its supplemental log.

***First***, Plaintiffs believe communications purportedly seeking and reflecting the legal advice of Ms. Tanaka are not in fact privileged. In addition to GOOG-BRWN-00461142, other documents with redactions that purportedly reflect or seek legal advice from Ms. Tanaka do not appear to be privileged. Examples include:

- **GOOG-BRWN-00441246** (Log Entry #1915) – The privilege log states this document is an email "seeking legal advice of Chelsea Tanaka* regarding privacy issues." Ms. Tanaka is added to the communication chain, but the redacted statements are from Sabine Borsay (Product Manager) and the responses are from Greg Fair (Product Manager) and Meggyn Watkins (Senior UX Writer). At no point does Ms. Tanaka communicate on the email chain, and the context indicates the redacted statements are about product development.

- **GOOG-BRWN-00425131** (Log Entry #2663) – Elias Wald (Product Manager) writes, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The privilege log description indicates the document is a "presentation reflecting legal advice of Chelsea Tanaka * regarding policy compliance." But the context does not indicate the statement is privileged and Ms. Tanaka is not even on the communication.

- **GOOG-BRWN-00429879** (Log Entry #1632) – The privilege log indicates this is a "draft memorandum" titled "Chrome Privacy 2019 Q2 update (anilsa staff)" authored by Kay Chen (Program Manager) sent to Anil Sabharwal (VP, Product Management) and others "reflecting legal advice of Chelsea Tanaka* regarding regulatory issues." But the redactions are listed in a section titled "Google-wide efforts that impact Chrome"—which "do not appear to be a natural location where privileged or work product materials would be included." *Newmark Realty Cap., Inc. v. BGC Partners,*

September 8, 2021
Page 7

*Inc.*, No. 16CV01702BLFSVK, 2018 WL 2357742, at *2 (N.D. Cal. May 24, 2018). And nothing in the context indicates that this communication reflects legal advice from Ms. Tanaka.

Other redacted communications in which Ms. Tanaka is included but appears to at most be playing a business role include GOOG-BRWN-00456210 (Log Entry #2518); GOOG-BRWN-00456229 (Log Entry #2520); GOOG-BRWN-00457535 (Log Entry #2605); GOOG-BRWN-00458149 (Log Entry #2618). Plaintiffs request that you review those redactions and either reproduce the documents without redactions (specifically identifying any reproductions) or further explain Google's position as to these redactions.

In addition, Plaintiffs have identified the following withheld documents that purport to seek or reflect Ms. Tanaka's legal advice, but in which Plaintiffs believe Ms. Tanaka is functioning in a business role based on the privilege log description. *See, e.g.*, Log Entry #1603, 1606, 1610, 1616, 1626, 1631, 1633, 1642, 1646, 1651, 1653, 1656, 1661, 1662, 1663, 1676, 1686, 1693, 1703, 1707, 1710, 1714, 1716, 1722, 1740, 1752, 1856, 2206, 2269, 2274, 2277, 2282, 2305, 2306, 2307, 2312, 2313, 2314, 2315, 2327, 2467, 2469, 2470, 2473, 2492, 2502, 2523, 2561, 2596, 2637, 3042, 3058, 3059, 3440, 3656, 3657, 3658, 3659, 3664, 3722, 3725, 3729, 3745, 3746, 3753, 3858, 3873, 3899, 3912, 3921, 3933, 3934, 3935, 3936, 3937, 3941. Many of these documents are authored by non-attorneys and presumably are at least in part nonprivileged. At a minimum, these communications should be redacted, not withheld. *See United States v. Christensen*, 828 F.3d 763, 803-04 (9th Cir. 2015) (communication containing privileged and nonprivileged materials should be produced with redactions).

***Second***, Google has redacted numerous documents that, according to its log, are "memorandum reflecting legal advice of counsel regarding privacy issues." *See* Log Entry #1605, 1614, 1634, 1635, 1648, 1649, 1654, 1658, 1660, 1669, 1671, 1673, 1674, 1675, 1677, 1679, 1681, 1687, 1692, 1694, 1696, 1697, 1699, 1702, 1718, 1721, 1747, 2057, 2100, 2107, 2160, 2302, 2321, 2323, 2324, 2326, 2335, 2370, 2371, 2372, 2386, 2400, 2458, 2461, 2671, 2677, 2691, 2720, 2768, 2797, 2813, 2885, 2922, 2923, 2927, 2974, 2983, 3337, 3379, 3387, 3413, 3429, 3450, 3474, 3512, 3514, 3522, 3562, 3578, 3605, 3623, 3630, 3631, 3635, 3641, 3649, 3660, 3663, 3666, 3681, 3685, 3686, 3894, 3914. These privilege log entries are deficient because they fail to identify the attorney whose legal advice is supposedly reflected; an attorney is listed in neither the "E-Mail From / Author / Custodian" column nor the "Recipient(s)" column, nor the "Description" column. Moreover, after reviewing the documents, Plaintiffs have a reasonable, good faith belief that the redacted portions are nonprivileged because they "do not appear to be a natural location where privileged or work product materials would be included." *Newmark Realty Cap*, 2018 WL 2357742, at *2. A few examples include:

- **GOOG-BRWN-00427468** (Log Entry #3562) is titled "ITP Support in Zwieback" and the section titled "Privacy Considerations" is redacted.

- **GOOG-BRWN-00430106** (Log Entry #2323) is titled "Design Doc: Incognito support for FileSystem API" and the section titled "Privacy Considerations" and comments to that section are redacted.

September 8, 2021
Page 8

- **GOOG-BRWN-00428012** (Log Entry #2386) is titled "AM Steering-Agenda/Notes" and the redacted statements are interspersed throughout the agenda notes.

On their face, nothing in these documents indicates that the redactions reflect legal advice from counsel.

*Third*, Plaintiffs have identified a number of documents in which the redactions, based on their context, do not appear to contain privileged communications. Examples include:

- **GOOG-BRWN-00473497** (Log Entry #4012) consists of a post to Internal Google News containing a Q&A between Christine Chen (Public Policy & Gov't Relations, Senior Manager) and Alfred Spector (Vice President, Research and Special Initiatives). The privilege log indicates this is an "email reflecting legal advice of counsel regarding privacy issues," but the context demonstrates that Mr. Spector's redacted statements are factual assertions about Google's privacy policy that were widely disseminated.

- **GOOG-BRWN-00474318** (Log Entry #4056) purports to be an "email seeking and reflecting legal advice of counsel regarding privacy issues" and the log indicates that Rebecca Ward is the attorney on the communication. But the redacted portions are statement to or from Stephen Shankland, a reporter at CNET News. Moreover, Ms. Ward was merely copied on the email chain that was forwarded from Brian Rakowski (VP Product Management) to Steve Langdon (Director, Global Product Partnerships, Research). Even if the redacted portions are statements from Google employees, the fact that they were made to a third-party reporter, Mr. Shankland, waives any privilege.

- **GOOG-BRWN-00474779** (Log Entry #4205) purports to be an "email seeking legal advice of counsel regarding privacy issues." The redacted communications are from Shuman Ghosemajumder (Lead PM, Trust & Safety) and Sebastian Mueller (European Policy Manager – Brussels) to many non-attorneys, and the email attaches two white papers titled "IE8 Privacy and Suer Control-RC1 Final" and "IE 8 – Security – Privacy RC1 Update - ex." Plaintiffs fail to see how the emails distributing these white papers contain privileged communications.

*Fourth*, Google appears to be withholding numerous ordinary business communications between Google employees that do not involve *any* attorneys. *See, e.g.*, Log Entry #1630, 1664, 1665, 1667, 1668, 1670, 1672, 1678, 1688, 1739, 1753, 1754, 1889, 2009, 2111, 2197, 2395, 2487, 2488, 2489, 2490, 2565, 2606, 2617, 2721, 2871, 2934, 2938, 2999, 3126, 3233, 3273, 3274, 3942, 3992, 4001, 4064, 4079, 4093. As explained in our August 9, 2021 letter, the attorney-client privilege protects from discovery "confidential communications *between attorneys and clients*,

September 8, 2021
Page 9

which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (emphasis added). Many of Google's log entries do not list any attorney in the "E-mail From / Author / Custodian" nor the "Recipient(s)" nor the "Description" columns, yet Google has withheld these documents in full on the basis that they are "Attorney Client Communications." Even if the communications in some way "contain" or "reflect" legal advice, there is no basis for Google to withhold the emails in their entirety. Because these emails are to and from non-attorneys, Plaintiffs believe that at least part of the communications must be nonprivileged and should be produced. *See Christensen*, 828 F.3d at 803-04.

**Fifth**, Google's supplemental log is replete with entries where in-house counsel is identified in the "Recipient(s)" column, but the attorneys are just one of many recipients, without specifying whether these are communications where the attorney was just copied on the email without providing any input or actual legal advice. *See, e.g.*, Log Entry #1856, 1902, 1943, 1958, 1961, 1971, 1972, 1997, 2006, 2519, 2531, 2590, 2598, 3099, 3110, 3230, 3282, 3723, 3728, 3731, 3735, 3744, 3813, 4006, 4051, 4075, 4088, 4102, 4155, 4173, 4174, 4199. Given our review of Google's redacted documents, and as highlighted in the examples discussed above, Plaintiffs have serious concerns that communications on which an attorney is merely copied do not contain or reflect legal advice. *See In re Google Inc.*, 462 F. App'x 975 (Fed. Cir. 2012) (denying Google's petition and affirming that Google email including Google attorney was not privileged or work product). At a minimum, these communications should be produced with redactions so that Plaintiffs can better assess Google's privilege claims.

**Sixth**, Google's supplemental log contains a number of entries for withheld documents that, even if they reflect legal advice of counsel, should be produced at least in part with redactions. *See, e.g.*, Log Entry #1620, 1628, 1639, 1666, 1978, 1988, 2099, 2210, 2588, 2589, 2686, 2704, 2705, 2708, 2726, 2747, 2750, 2775, 2807, 2835, 2851, 2940, 2947, 2948, 2960, 2961, 3010, 3033, 3039, 3261, 3727, 3943, 4033, 4085. Although Google has identified the attorney whose legal advice is purportedly sought or reflected in the withheld communication, based on the title and e-mail sender, author, custodian, or recipients, Plaintiffs believe the communication should be produced at least with redactions. For example, Log Entry #2588 and Log Entry #2589 are communications from Daniel Connelly (Software Engineer) that purportedly reflect legal advice from Christine Flores. But Ms. Flores is not included in the "Recipient(s)" column; rather, the email is sent to many non-attorneys including privacy and Incognito listservs. Even if the email "reflects" Ms. Flores's legal advice, Plaintiffs fail to see how the entire email is a communication between an attorney and client for the purpose of obtaining legal advice. This document should at least be produced with redactions. *See Christensen*, 828 F.3d at 803-04.

**Seventh**, Google's supplemental log contains many documents that appear to be highly relevant based on the reference to "Incognito" but that Google has improperly withheld or redacted. A search for "Incognito" in Google's supplemental log yields 86 hits. Those hits include, for example, a document titled "Perceptions of Google Chrome Incognito" that Google describes as a "memorandum seeking and reflecting legal advice of Noelle Luiten regarding privacy issues." Log Entry #1680. Please state whether Log Entry #1680 is the same document that Google produced as GOOG-BRWN-00477510. While Ms. Luiten's name appears on the first page of the

report, there is nothing about that report that is privileged. As another example, Log Entry #1712 concerns a document titled "Boston Globe Incognito Mode" which was apparently edited by non-lawyers (*e.g.*, GOOG-CABR-00230068). Log Entry #1739 includes a reference to "Google Incognito Principles" – something that non-lawyers were discussing and preparing (*e.g.*, GOOG-BRWN-00249049). Log Entry #1978 references an "Incognito misconceptions survey" email from Mr. Hamilton, but there are numerous non-privileged emails concerning that survey (*e.g.*, GOOG-BRWN-00181907). It appears that Google is withholding that email solely on the basis that Mr. Hamilton copied two lawyers.

Google's July 24, 2021 log likewise contains at least 30 documents that appear to be highly relevant, based on the reference to "Incognito," that Google has improperly withheld. *See, e.g.*, Log Entry #11, 12, 21, 43, 44, 45, 131, 191, 484, 994, 1077, 1187, 1229, 1261, 1410, 1440, 1453, 1454, 1468, 1477, 1478, 1479, 1480, 1481, 1482, 1483, 1498, 1512, 1559, 1560. For example, Log Entry #21 is a withheld email "containing legal advice of counsel regarding privacy issues." But the only attorneys included on the email are Will DeVries and Chelsea Tanaka, and for the reasons explained above, Plaintiffs have reason to believe that Ms. Tanaka serves in a business role. As another example, Log Entry #994 references a memorandum titled "Copy of Maps - Incognito Data Collection" authored by non-attorney Steve Hamilton that is withheld without identifying the attorney whose legal advice is reflected in the document. Based on these and other examples, Plaintiffs ask that Google either produce in full all documents where "Incognito" appears in the log or explain Google's refusal to do so.

***Eighth***, as explained in my September 2 email, it appears that Google is also improperly redacting and withholding communications involving Ms. Liu and Ms. Gan Lee. Log Entry #1863 (GOOG-BRWN-00440958) is an email titled "[01177875] Re: Re: [PG] Re: Core L10n CUJ testing" in which Ms. Liu is copied but the context does not indicate that the redacted statements are seeking Ms. Liu's legal advice. Log Entry #4084 references a withheld email "seeking, containing and reflecting legal advice of Leslie Liu" and titled "Re: [Heads up] Evolving advice on positioning of Google Account / Privacy Checkup" but Ms. Liu is not one of the recipients. Log Entry #1736 appears to be a "research plan" prepared by non-lawyer Steve Hamilton that Google improperly seeks to withhold on the basis that the memorandum is "seeking and reflecting legal advice of Leslie Liu." Log Entry #2138 references a memorandum authored by Johanna Woll (UX Writer) that purports to seek and reflect Ms. Gan Lee's legal advice, notwithstanding that Ms. Gan Lee is not a recipient. Log Entry #3191 references an email titled "Re: PDPO Program Update — The Making of a Privacy Moment" from Benjamin Poiesz (Director, Product Management) to non-attorney Google employees that apparently reflects Ms. Gan Lee's legal advice even though she is not a recipient of the email.

***Ninth***, there are a number of "Comms" documents that Google has withheld in their entirety. *See e.g.*, Log Entry #1716, 1719, 1919, 1993, 2702, 2760, 2780, 2990, 3309, 3392, 3722, 3903, 3904, 3908, 3934, 3935, 3936, 3937, 4186. The following "Comms" documents listed in Google's July 24, 2021 privilege log have also been withheld in their entirety. *See e.g.*, Log Entry #30, 113, 114, 115, 116, 117, 128, 148, 160, 212, 248, 324, 329, 375, 377, 400, 483, 550, 610, 671, 688, 710, 735, 741, 747, 783, 820, 993, 1137, 1138, 1353, 1425, 1427, 1590. As in the case

September 8, 2021
Page 11

of GOOG-BRWN-00048967.C, Plaintiffs anticipate that these documents may not be in any way privileged. Google should at a minimum produce redacted versions of these documents or further explain its refusal to do so.

***

These issues require prompt attention, so that the parties can prepare for upcoming depositions. Plaintiffs therefore request that within 7 days of the date of this letter, Google review all the documents identified on its privilege log, produce any non-privileged, responsive documents that it has erroneously withheld, and serve an amended privilege log.

As stated in our September 2, 2021 email, Plaintiffs are still waiting on a production of documents that we identified in our August 9 letter that we reasonably believe are nonprivileged and/or not subject to the work product protection.

Plaintiffs are willing to meet and confer regarding the issues raised in this letter, so that we can then raise any disputes with the Court in the next joint discovery submission. Please let us know your availability.


Sincerely,

*/s/ Amy Gregory*

Amy Gregory

cc:    all counsel of record