**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO SET HEARING DATE ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (DKT. 609) AND OTHER PENDING MOTIONS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

Plaintiffs respectfully ask the Court to set a September 30, 2022 hearing date for all class certification-related motions, including Plaintiffs' motion for class certification (Dkt. 609), Google's three *Daubert* motions (Dkts. 662-64), Plaintiffs' *Daubert* motion (Dkt. 703), and Plaintiffs' motion to strike (Dkt. 705). These motions are currently scheduled for hearings on September 20 and 27. Plaintiffs understand the Court prefers to hear all of these motions together, and the Court directed the parties to meet and confer regarding a single hearing date.

Plaintiffs sought to reach an agreement with Google, but it has become clear that Google's principal objective is to delay—which Plaintiffs worry is intentional and in response to certain comments by the Court. During the *Calhoun v. Google* hearing on August 26, the Court asked whether non-restitutionary disgorgement (i.e., unjust enrichment) is an available remedy for breach of contract. Plaintiffs briefed that issue in this case by citing various cases supporting their entitlement to such damages for breach of contract, including in their motion for class certification (Dkt. 609 at 14), their opposition to Google's motion to exclude Plaintiffs' damages expert (Dkt. 700 at 24 & n.8), and in their reply brief in support of their motion for class certification (Dkt. 713 at 12). By delaying a hearing in this case, Google seems to be seeking a ruling in *Calhoun* that can be leveraged in this case, before the Court has an opportunity to consider the briefing and argument in this case, including with respect to the issue of damages.

Google's focus on delay became apparent with the parties' meet and confer efforts. The parties discussed briefing schedules and hearing dates during the week of August 15. Mao Decl. ¶ 3. Plaintiffs informed Google of their intention to file one *Daubert* motion, and (to accommodate Google) proposed a briefing schedule that would (1) give Google additional time for its opposition (on top of the standard two weeks), (2) give Plaintiffs only four days for their reply brief (less than the standard one week), and (3) ensure the motion was fully briefed by September 13, one week prior to the currently scheduled September 20 hearing. *Id*. Google's counsel at no point during those discussions informed Plaintiffs of any availability issues with respect to the scheduled September 20 hearing or any other potential hearing date. *Id.* Ultimately, the parties did not reach any stipulated agreement. *Id.*

The parties discussed dates again during the following week, with Google this time misrepresenting its availability. On August 25, 2022, Google asked for an extension of its deadlines to oppose Plaintiffs' *Daubert* motion and Plaintiffs' motion to strike, from September 6 to September 14. Mao Decl. Ex. 1. Plaintiffs responded that they are "not opposed to Google's request for an extra week, provided Google stipulate that the parties do not wish to move the scheduled hearing date (whether September 20 or September 27)." *Id.* Google then sent Plaintiffs a draft stipulation, which included a provision stating: "***Google has represented that it will not seek to reschedule the September 20 or September 27 hearing date*** based on these stipulated changes to these briefing schedules." Ex. 2 at 2 (emphasis added).

During the August 26 hearing before this Court in the related *Calhoun* matter, Google (represented by the same counsel team) asked the Court about the class certification hearing in this case, and told the Court that it is unavailable on both September 27 and October 4. Mao Decl. ¶ 4. After two weeks of meeting and conferring, this was the first time that Google's counsel stated that they are unavailable on either of those days. *Id.* To the contrary, as noted above, Google's counsel had previously promised Plaintiffs that Google would *not* seek to move the September 27 hearing date. Contrary to that prior representation, and without any prior notice to Plaintiffs, that is what Google proposed to the Court, during the *Calhoun* hearing.

Following the *Calhoun* hearing, consistent with the Court's instruction to try to reach an agreed upon date, Plaintiffs asked Google whether it can be available for the hearing in this case on Friday, September 23, or Friday, September 30. Mao Decl. ¶ 5. Google declined, claiming that it is unavailable on either of those days. *Id.*

Plaintiffs now respectfully ask the Court to set a consolidated hearing for September 30. That date comes after the currently scheduled September 20 and 27 hearings. A September 30 hearing will allow time for Google to obtain its requested extension to oppose Plaintiffs' *Daubert* motion and motion to strike. Alternatively, Plaintiffs are amenable to proceeding on September 23 or the currently scheduled September 20 hearing, in which case Google would need to submit its opposition briefs on a standard two-week timeframe. For any hearing date, Plaintiffs are amenable

to any briefing schedule for their *Daubert* motion and motion to strike. Plaintiffs will take less time for their reply briefs if helpful to the Court. The motion for class certification and Google's three *Daubert* motions are already fully briefed. *See* Dkts. 710, 711, 713, 715.

Plaintiffs propose the following briefing schedule for Plaintiffs' *Daubert* motion and motion to strike and hearing date options (for all class-related motions), noting that Option 1 is intended to provide Google with its requested extension for its opposition briefs.[1] Any of these options is acceptable to Plaintiffs, or alternatively whatever date is most convenient for the Court.

| Deadline | Option 1 | Option 2 | Option 3 |
|---|---|---|---|
| Google's oppositions | September 14 | September 6 | September 6 |
| Plaintiffs' replies | September 18 | September 9 | September 9 |
| Hearing date | September 30 | September 23 | September 20 |

Plaintiffs recognize that, during the *Calhoun* hearing, the Court initially proposed moving all of the motions to September 27, but Plaintiffs understand that Google's counsel is unavailable on that date, so Plaintiffs have not included it as an option above. The same is true for October 4.

Plaintiffs understand that Google will oppose this motion and ask for the hearing to be set on either October 11 or October 25. Mao Decl. ¶ 6. Plaintiffs see no reason why Google cannot make itself available on September 30 or September 23, particularly when Plaintiffs are already accommodating Google's lack of availability on both September 27 and October 4, and also sought to accommodate Google with additional time for briefing. Plaintiffs expect Google has at least reserved September 20, the currently scheduled hearing date for class certification.

As noted, Plaintiffs seek to have the Court hear Plaintiffs' motion for class certification sooner in light of apparent overlapping issues with the *Calhoun* matter. Plaintiffs are amenable to further briefing on any issues, including the availability of certain damages for specific claims, should the Court find further briefing helpful. At a minimum, in light of this and other issues that overlap *Brown* and *Calhoun*, Plaintiffs hope the hearing on their motion can take place as soon as possible. While Plaintiffs of course defer to the Court in terms of setting a date that is convenient

---

[1] Google has requested an eight-day extension for its opposition briefs. Ex. 1.

for the Court, Plaintiffs see no reason to wait until October 11, particularly when Plaintiffs are already accommodating Google's lack of availability on both September 27 and October 4.

Dated: August 29, 2022                              Respectfully submitted,

                                                    By: /s/ Mark Mao

                                                    Mark C. Mao (CA Bar No. 236165)
                                                    mmao@bsfllp.com
                                                    Beko Reblitz-Richardson (CA Bar No. 238027)
                                                    brichardson@bsfllp.com
                                                    Erika Nyborg-Burch (CA Bar No. 342125)
                                                    Enyborg-burch@bsfllp.com
                                                    BOIES SCHILLER FLEXNER LLP
                                                    44 Montgomery Street, 41st Floor
                                                    San Francisco, CA 94104
                                                    Telephone: (415) 293 6858
                                                    Facsimile (415) 999 9695

                                                    David Boies (*pro hac vice*)
                                                    dboies@bsfllp.com
                                                    BOIES SCHILLER FLEXNER LLP
                                                    333 Main Street
                                                    Armonk, NY 10504
                                                    Telephone: (914) 749-8200
                                                    James W. Lee (*pro hac vice*)
                                                    jlee@bsfllp.com
                                                    Rossana Baeza (*pro hac vice*)
                                                    rbaeza@bsfllp.com
                                                    BOIES SCHILLER FLEXNER LLP
                                                    100 SE 2nd Street, Suite 2800
                                                    Miami, FL 33130
                                                    Telephone: (305) 539-8400
                                                    Facsimile: (305) 539-1304

                                                    William Christopher Carmody (*pro hac vice*)
                                                    bcarmody@susmangodfrey.com
                                                    Shawn J. Rabin (*pro hac vice*)
                                                    srabin@susmangodfrey.com
                                                    Steven Shepard (*pro hac vice*)
                                                    sshepard@susmangodfrey.com
                                                    Alexander P. Frawley (*pro hac vice*)
                                                    afrawley@susmangodfrey.com
                                                    SUSMAN GODFREY L.L.P.
                                                    1301 Avenue of the Americas, 32nd Floor

4
PLAINTIFFS' ADMINISTRATIVE MOTION TO SET HEARING DATE FOR PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION (DKT. 609) AND OTHER PENDING MOTIONS
Case No. 4:20-cv-03664-YGR-SVK

| | |
|---|---|
| 1 | New York, NY 10019<br>Telephone: (212) 336-8330 |
| 2 | |
| 3 | Amanda Bonn (CA Bar No. 270891)<br>abonn@susmangodfrey.com |
| 4 | SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400 |
| 5 | Los Angeles, CA 90067<br>Telephone: (310) 789-3100 |
| 6 | |
| 7 | John A. Yanchunis (*pro hac vice*)<br>jyanchunis@forthepeople.com |
| 8 | Ryan J. McGee (*pro hac vice*)<br>rmcgee@forthepeople.com |
| 9 | MORGAN & MORGAN, P.A.<br>201 N Franklin Street, 7th Floor |
| 10 | Tampa, FL 33602<br>Telephone: (813) 223-5505 |
| 11 | Facsimile: (813) 222-4736 |
| 12 | Michael F. Ram, CA Bar No. 104805 |
| 13 | MORGAN & MORGAN<br>711 Van Ness Ave, Suite 500 |
| 14 | San Francisco, CA 94102<br>Tel: (415) 358-6913 |
| 15 | mram@forthepeople.com |
| 16 | *Attorneys for Plaintiffs* |

5
PLAINTIFFS' ADMINISTRATIVE MOTION TO SET HEARING DATE FOR PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION (DKT. 609) AND OTHER PENDING MOTIONS
Case No. 4:20-cv-03664-YGR-SVK