**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE AUGUST 4, 2022 HEARING TRANSCRIPT**<br><br>Referral: Hon. Susan van Keulen, USMJ |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully seeks to seal the following portions of the August 4, 2022 Hearing Transcript (the "Transcript"), which contains non-public, highly sensitive and confidential business information that could affect Google's competitive standing and may expose Google to increased security risks if publicly disclosed, including details related to Google's internal projects, internal databases, data signals, and logs, and their proprietary functionalities, data size, as well as internal metrics. This information is highly confidential and should be protected.

This Administrative Motion pertains to the following information contained in the Transcript:

| Documents Sought to Be Sealed | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| August 4, 2022 Hearing Transcript | Portions Highlighted at:<br><br>Pages 6:16, 13:24, 16:1, 16:24, 17:4, 18:2-5, 18:25, 19:3-4, 22:2, 22:10-11, 24:7, 26:4, 26:24-25, 28:24-25, 29:1, 29:10-11, 29:15, 29:18, 29:25, 30:1, 30:7, 30:12, 30:21, 34:11-12, 34:18, 35:16, 35:19, 37:2-3, 37:10, 38:7, 38:12-13, 39:13, 39:17, 39:20, 39:24, 40:3-4, 40:20, 40:23, 41:1, 41:11, 41:14, 41:18-19, 42:1, 42:6-7, 42:9, 42:17, 43:3, 43:11, 43:15, 43:18, 43:21, 43:23-25, 44:5-6, 44:8-9, 44:18, 44:25, 45:5, 45:17-20, 45:22, 45:25, 46:2, 46:18, 47:1, 47:11, 47:15, 48:9, 48:20-21, 51:2, 53:15, 54:5, 54:8-9, 57:11, 62:19, 63:6, 63:9, 64:7-8, 64:23-24, 65:14-15, 66:8-9, 66:19, 67:7, 67:18, 67:21, 67:25, 68:5, 68:14, 71:14, 73:6, 74:6, 74:18, 75:4-7, 75:13, 75:15, 76:13-14, 76:25, 77:10-11, 77:14, 77:18, 77:22-23, 77:25, 78:3-5, 78:7, 78:10, 78:12, 78:17,, 78:21-22, 78:25, 79:1, 79:3, 79:6, 79:8, 79:10, 79:13, 79:16, 80:12, 81:7, 81:19, 81:25, 82:1, 82:3, 82:10, 82:13-14, 83:1, 84:22, 84:24, 85:6-7, 85:11, 85:12-13, 86:1, 86:2, 86:5, | Google |

| | |
|---|---|
| 86:18, 87:13-14, 87:23-24, 88:9, 88:19, 89:6, 89:17, 89:20, 89:23, 91:4, 91:8, 91:23, 92:20, 92:25, 93:3, 93:13, 94:4, 94:7-9, 94:10, 94:13-14, 94:19, 94:24, 97:14, 97:20-21, 97:25, 98:2, 98:9, 98:19-20, 99:1, 99:7, 99:9, 99:12, 99:14, 99:20, 100:2, 100:4, 100:10, 101:21, 103:24, 105:11 | |

## II. LEGAL STANDARD

The common law right of public access to judicial records in a civil case is not a constitutional right and it is "not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have refused to permit their files to serve as reservoirs of . . . sources of business information that might harm a litigant's competitive standing"). Sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

## III. THE ABOVE IDENTIFIED MATERIALS SHOULD ALL BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99; *see also Turner v. United States*, 2019 WL 4732143, at *9 (finding good cause to seal "confidential medical information"). Good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4,

2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).

Here, the Transcript comprises confidential information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. Specifically, this information provides details related to Google's internal projects, internal databases, data signals, and logs, and their proprietary functionalities, data size, as well as internal metrics. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with legal and privacy obligations.

Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, designs, and practices to Google's competitors. That alone is a proper basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc*., No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co*., No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v. Travelers Indem. Co*., 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publically available").

Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's internal systems and data structures. Google would be placed at an increased risk of cybersecurity threats, and data related to its users could similarly be at risk. *See, e.g.*, *In re Google Inc. Gmail Litig*., 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). The security threat is an additional reason for this Court to seal the identified information.

The information Google seeks to redact, including the various types of data sources which include information related to Google's internal projects, internal databases, data signals, and logs, and their proprietary functionalities, data size, as well as internal metrics, is the minimal amount of information needed to protect its internal systems and operations from being exposed to not only its competitors but also to nefarious actors who may improperly seek access to and disrupt these systems and operations. The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

## IV.  CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the identified portions of the Transcript.

DATED: August 30, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Andrew H. Schapiro*

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Marie Hayrapetian (CA Bar No. 315797)
mariehayrapetian@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*