**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Counsel for Defendant Google LLC*
*Additional counsel on signature pages*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE EXHIBIT A TO MAO DECLARATION IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELIEF (DKT. 672-2)**<br><br>Judge: Hon. Susan van Keulen |

## I. INTRODUCTION

Google moved to strike Plaintiffs' Exhibit A to the Declaration of Mark Mao in Support of Plaintiffs' Administrative Motion for Relief ("Exhibit A") because it impermissibly added nearly six pages of argument to Plaintiffs' motion, in direct violation of Civil Local Rules 7-11(a) (limiting administrative motions to five pages of argument) and 7-5(b) (providing that supporting declarations "may contain only facts . . . and must avoid conclusions and argument). Plaintiffs' opposition ("Opposition") all but admits as much, acknowledging both that Exhibit A does more than "provide black-and-white factual information" and that the exhibit's express purpose is to contrast Plaintiffs' characterization of Google's documents with allegedly "contradictory positions taken by Google." Dkt. 721-1 at 2. This is unquestionably the stuff of argument, particularly on a motion that seeks preclusion sanctions because withheld documents allegedly "include admissions that concern contested issues in this case." Dkt. 671-2 at 1.

Unsatisfied with even their already inflated argument, Plaintiffs remarkably use their Opposition to add *even more argument* and *two additional exhibits* in support of their original administrative motion—further violating this district's rules and making a mockery of the limits they impose. *See* Dkt. 721-1 at 4-7. In addition to Exhibit A, the Court should strike Section II(B) of Plaintiffs' Opposition and both Opposition exhibits.

## II. ARGUMENT

### A. Plaintiffs' Opposition Confirms Exhibit A Constitutes Impermissible Argument

Plaintiffs' Opposition readily acknowledges that Exhibit A consists of more than "black-and-white factual information." *See* Dkt. 671-2 at 2. They further admit (as they must) that the entire purpose of Exhibit A's "Relevance" column is to provide so-called "context by identifying quotes with contradictory positions taken by Google [and] its experts." *Id.* Exhibit A is thus not limited to "only facts" as the Local Rules require. Rather, it purports to contrast Plaintiffs' own out-of-context characterizations of Google's documents (in the "Description" column) with their own characterizations of Google's litigation positions (in the "Relevance" column). In doing so, it plainly provides further argument on the core basis of Plaintiffs' motion: that previously withheld documents allegedly "include admissions that concern contested issues in this case." Dkt. 671-2.

Moreover, the entirety of Exhibit A—save for raw exhibit numbers, Bates numbers, and document authors—is replete with argumentative emphasis and commentary. *See* Dkt. 693 at 3. No fewer than 11 of 15 entries contain a version of the phrase, "This document supports Plaintiffs' claim and undermines Google's defenses." *See* Dkt. 671-3 at 1–6; *see also, e.g.*, *id.* at 3 ("A Google employee seemingly spearheading press-related communications following the filing of this lawsuit reveals that even ***she is unaware that Google stores private browsing information*** . . . ." (emphasis in original)); *id.* at 4 ("This document . . . demonstrat[es] Google's awareness that its disclosures are poor."). Plaintiffs' violations of Rules 7-11(a) and 7-5(b) are all the more glaring because, as Google explained in its opening brief, Exhibit A advances portions of their argument that Plaintiffs do not address, or otherwise gloss over, in their brief. *See* Dkt. 693 at 3.

Plaintiffs' half-hearted attempts to distinguish pertinent authority only confirm that the Court should strike Exhibit A. Plaintiffs note that in *Page v. Children's Council*, the court struck portions from a declaration that "repeat[ed] portions of the Plaintiff's memo," and advertise that "[t]here is no such repetition here." Dkt. 721-1 at 3 (citing *Page v. Children's Council*, 2006 WL 2595946, at *5 (N.D. Cal. Sept. 11, 2006)). Exactly. Plaintiffs use Exhibit A not just to replicate the arguments in their court-sanctioned five-page brief, but to augment them substantially, flouting the Court's rules and more than doubling the space permitted for making their case.

Plaintiffs also brazenly mischaracterize *Brae Asset Funding*, pretending that it struck declarations merely because they referred "to exhibits that were never filed." Dkt. 721-1 at 3 (citing *Brae Asset Funding, L.P. v. Applied Fin., LLC*, 2006 WL 2355474, at *5 (N.D. Cal. Aug. 14, 2006)). But the court in that case also held that the struck declarations violated Rule 7-5(b) because, just like Exhibit A, they were "full of legal argument and conclusions." *Brae Asset Funding*, 2006 WL 2355474, at *5. Plaintiffs' reading of *Percelle v. Pearson* is equally misleading. The court in *Percelle* struck substantial portions of one declaration "as being conclusory, stating legal arguments, and not stating any factual basis or personal knowledge for the conclusions and purported facts," and portions of another for inaccurately "purport[ing] to summarize deposition transcripts and exhibits." *Percelle v. Pearson*, 2015 WL 5736399, at *3 (N.D. Cal. Oct. 1, 2015). Exhibit A shares both of these deficiencies. Plaintiffs protest that the summaries the court struck in *Percelle* proved

incorrect whereas theirs "quote[] directly from documents that Google produced." Dkt. 721-1 at 3–4. But as Google has already explained, Plaintiffs' summaries (a combination of pure attorney commentary and cherry-picked quotations loaded with emphasis) are nothing but "self-serving conclusions as to what the discovery record purportedly shows." Dkt. 693 at 5.

Unable to escape the flaws in their argument, Plaintiffs ask the Court not to strike Exhibit A even if it violates the Local Rules. Dkt. 721-1 at 4. The Court should reject that last-ditch request. Plaintiffs made a strategic choice to couch their request for preclusion sanctions as one for "administrative relief" under Local Rule 7-11, likely in an attempt to brief the issue faster, afford Google less time to respond, and save itself the effort of seeking leave to file yet another motion for sanctions. *See* Dkt. 692 at 2. They should be held to that strategic choice, and not permitted to prejudice Google further by continually augmenting their already improper sanctions motion.

**B. Plaintiffs Further Abuse the Rules by Using their Opposition as Yet Another Brief in Support of their Administrative Motion Seeking Sanctions**

Plaintiffs compound *the same misconduct that necessitated Google's motion to strike* by dedicating the remainder of their Opposition to repeating and expanding on the arguments in their original administrative motion. Granting themselves the reply brief they consciously forwent when they styled their substantive sanctions motion as one for "administrative relief," Plaintiffs dedicate more than two pages and two additional exhibits to arguing that Google wrongfully withheld certain documents and prejudiced Plaintiffs. *See* Dkt. 721-1 at 4-7. Equity counsels that they should not be rewarded for this brash conduct.

Google contests Plaintiffs' belated claims of misconduct—which are meritless for the same reasons Google provided in its opposition (Dkt. 692)—but the Court should not consider them at all. If Plaintiffs wanted the Court to examine these arguments and exhibits, they should have included them with their initial motion. The Court should strike the arguments and evidence in support of Plaintiffs' administrative motion for sanctions in their Opposition (at Section II(B) and Exhibits 1–2) for the same reasons that it should strike Exhibit A to the original Mao Declaration.

### III. CONCLUSION

For the foregoing reasons and for the reasons in Google's opening brief, Exhibit A to the Mao Declaration, Section II(B) of Plaintiffs' Opposition, and Exhibits 1 and 2 to that Opposition should be stricken from the record.

DATED: August 31, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Andrew H. Schapiro*

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

1 | Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
2 | Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
3 | Carl Spilly (admitted *pro hac vice)*
carlspilly@quinnemanuel.com
4 | 1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
5 | Telephone: 202-538-8000
Facsimile: 202-538-8100
6 |
7 |
8 | Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
9 | 51 Madison Avenue, 22nd Floor
New York, NY 10010
10 | Telephone: (212) 849-7000
Facsimile: (212) 849-7100
11 |
12 | Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
13 | 50 California Street, 22nd Floor
San Francisco, CA 94111
14 | Telephone: (415) 875-6600
Facsimile: (415) 875-6700
15 |
*Attorneys for Defendant Google LLC*