# PLAINTIFFS' REPLY ISO THEIR SUPPLEMENTAL SANCTIONS BRIEF PURSUANT TO DKT. 624

Redacted Version of Document Sought to be Sealed

**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
William C. Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No.:  4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR SUPPLEMENTAL SANCTIONS BRIEF PURSUANT TO DKT. 624**<br><br>Referral: The Honorable Susan van Keulen |

Google's open defiance of this Court's orders continues, even *after* the Court sanctioned Google with exclusion of witnesses, adverse inferences and jury instruction, and nearly $1 million. Google now *refuses* to comply with the Court's sanctions order ("Order") directing Google to "provide Plaintiffs with a representation in writing" that "other than the logs identified thus far as containing Incognito-detction bits, no other such logs exist." Dkt. 588 at 6. Remarkably, Google has "reconsider[ed]" what the Court's sanctions Order meant and concluded it was limited only to the three, specific Incognito-detection bits that Plaintiffs discovered and no others. Dkt. 696-1 ("2d Supp. Sramek Decl.") ¶ 7. Google therefore states that it has not and will not undertake the "multiple, months-long investigations that would have been required" into the existence of any *other* detection bits and logs. *Id.* Google's submission confirms, rather than undermines, Plaintiffs' request for additional sanctions, which are properly tailored to Google's additional misconduct.

I.      **Google Defies the Court <u>Again</u> By Refusing to Investigate Incognito-Detection Bits.**

Google admits that it initially read the Court's Order as requiring it to investigate the existence of *other* Incognito-detection bits. 2d Supp. Sramek Decl. ¶ 7. However, Google now claims to have "reconsider[ed]" its reading of the Court's Order in light of the Court's order setting the briefing schedule on this motion. *Id.*; Opp. at 3. Nothing in the briefing order limited the sanctions Order—the "disputed fields" it mentioned have always been *any* Incognito-detection bits. Dkt. 588 at 6. Google could have requested an extension, sought reconsideration (or even clarification), or appealed, but Google did none of those things. It instead once again applied "Google law" and gave itself a free pass on compliance with the Court's orders.

II.     **Mr. Sramek's Declaration Raises Serious Questions Regarding Google's Misconduct.**

Mr. Sramek's declarations and a document Google recently produced raise serious questions regarding Google's deliberate and ongoing concealment of relevant discovery. On July 21, 2022, Google for the first time produced an e-mail thread showing that beginning in September 2021 a Google team including Mr. Sramek was already "auditing all clients across Google reading the X-Client-Data-header" by "using ███████ to identify mentions of 'X-Client-Data' in code" and questioning the code owners. Declaration of Mark Mao, Ex. B. Mr. Leung responded to the

audit by asking whether X-Client-Data was "no longer a viable option" legally to "identify Chrome Incognito" and, if so, "what will be the suggestion of alternatives?" *Id.* Mr. Sramek was copied on responses indicating (1) "the policy comes from a commitment to external regulators" and (2) perhaps other "client-side signals" could be used to detect Incognito instead. *Id.* Multiple documents indicate Google had already been considering "adding client-side signals" that would track Incognito-usage, including "███████████████████████████████." Mao Decl., Ex. C.[1] Did Google implement such other client-side signals in Google's "proto" structure, or otherwise? Use those signals to log Incognito? Mr. Sramek refuses to investigate, limiting his investigation only to logs in which Google uses any field to infer private browsing, and only for the three bits that Plaintiffs identified. 2d Supp. Sramek Decl. ¶¶ 6–7.

Moreover, Google's Senior Litigation Counsel on this matter was copied on the recently-produced e-mail thread. That thread includes redacted e-mails from Messrs. Leung and Liao on November 17, 2021—*one day* before Google's deficient Golueke declaration omitting dozens of logs containing the three Incognito bits disclosed so far (and possibly many more).[2] Dkt. 338. This calls into serious question Google's claimed inadvertence, as opposed to deliberate concealment.

**III.    Google's Misconduct Has Prejudiced Plaintiffs.**

Plaintiffs' prejudice is confirmed by Google's opposition. Google asserts that the belatedly-identified logs are "not accretive," relies on declarations with thin untested substance, and leaves Plaintiffs and the Court with no way to test those assertions because no schema, fields, data, or additional documents regarding such logs have been produced. Google cannot dispute that as-yet undisclosed logs are "accretive" when (1) Google's own documents show it was considering ████████████████████████████████ and yet (2) Google refuses to investigate the existence of such bits and logs. Mao Decl., Ex. C.

With respect to the █ logs that Sramek's June 14 declaration belatedly disclosed, Google's vague description also confirms their relevance: █ are █████████████████████

---

[1] Another document refers to the fact that "Chrome has explored options that would also pass an 'is incognito' bit." Mao Decl., Ex. D.

[2] Litigation Counsel was only copied, so the Court should review the unredacted version *in camera*.

1

2

3

4             Dkt. 614-2 ¶¶ 6-10. Google offers its un-tested say-so that *some* of the data in these

5 logs may have existed in some other logs that Google *also* failed to timely and fully disclose. That

6 is no answer, even if accepted. Why should Plaintiffs or the Court accept Google's say-so when

7 the very purpose of the improperly-withheld discovery was to *test* such assertions *with evidence*?

8 To allow Google's continued *ipse dixit* is to reward its misconduct. Nor does Google have a

9 credible answer for one form of prejudice which is clear: its spoliation of data from the ▮ newly-

10 disclosed logs (let alone those logs that are still un-investigated and un-disclosed).[3] Opp. 5. Google

11 misrepresents the Court's sanctions Order as blessing its deletion of "Incognito-detection bit" data.

12 *Id.* Not so: the Court noted there was no "basis for a finding that Google spoliated evidence"

13 because "Google's counsel represented that 'all of the logs that contained these bits at issue have

14 been included in the Special Master's preservation proposal.'" Dkt. 588. Google makes no such

15 representation about *these* logs or *others* as to which it refuses to investigate.

16             Tellingly, Google no longer disputes that data flagged with an Incognito-detection bit in

17 such logs *can* be joined with users' "authenticated" data to identify them. Opp. 6–7. Google merely

18 argues that its "policy" forbids such joins.[4] Google's failure to deny that such spoliated data *could*

19 have been used to identify class members demonstrates prejudice and also begs the question: what

20 *else* could Plaintiffs have done with such data and Google's arguments opposing class

21 certification? Quantify how frequently individual class members "interact[ed] with ads" in

22

---

23 [3] As the Court is aware from the preservation dispute—and confirmed by Google's documents—

24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Mao Decl., Ex. D at '254; Dkt. 546. Here, Mr. Sramek

25 presumably looked within Google's schema and proto-structure for all such bits and customizable fields, but appears to refuse to share findings.

26 [4] Mr. Sramek claims based entirely on inadmissible hearsay from another "Google engineer" that one such log includes both authenticated and unauthenticated data, but does not join the two

27 together. 2d Supp. Sramek Decl. ¶ 10. He does not dispute that the log *can* join the two together. Nor does he name the Google engineer. Is it Mr. Leung, whom Google is precluded from relying

28 on? Mr. Liao? Or another undisclosed witness? Either way, the Court should strike such hearsay.

Incognito? "[P]redict ad revenues" tied to class members? Confirm that class members did not block Google via obscure Chrome settings? Demonstrate that the full scope of how Google tracks, stores, and uses such data in a "highly offensive" way against the law? Google opposes class certification by faulting Plaintiffs for supposedly failing to do these things, all while concealing and spoliating logs that may have been used to do them. Google must be sanctioned to deter blatant violations of Court orders as a calculated litigation strategy.

**IV.      Plaintiffs' Requested Relief Is Warranted.**

**Exclusion of Sramek and Harren:** Google's contention that Messrs. Sramek and Harren were only recently assigned to investigate Incognito-detection bits is belied by the recently produced e-mail. Google "fail[ed] to identify" them, "undermin[ing] Plaintiffs' ability to obtain full discovery…." Dkt. 588 at 45. Exclusion is therefore automatic under Rules 26 and 37(c).

**Preclusion Under Rule 37(b):** Google's *refusal* to investigate other Incognito-detection bits and log sources—all while continuing to present its untested say-so about what it supposedly does (and does not) do with such data—confirms the necessity of this relief. Google should not be permitted to say it "does not" do certain things with Incognito data when it refuses, in violation of multiple Court orders, to complete the investigations required to make such an assertion.

**Jury Instructions Under Rules 37(b) and 37(e):** Google only contests that jury instructions are warranted under Rule 37(e), not 37(b). Opp. 8. Rule 37(e) is also satisfied because Google has evinced an "intent to deprive [Plaintiffs] of the [Incognito-detection bits purposes] in the litigation." *Best Label Co. v. Custom Label & Decal, LLC*, 2022 WL 1525301, at *2 (N.D. Cal. May 13, 2022). At this point, Google's misconduct goes beyond "gross negligence." *Meta Platforms, Inc. v. BrandTotal Ltd.*, 2022 WL 1990225, at *6 (N.D. Cal. June 6, 2022). Given Google's admission regarding its failure to investigate *other* bits and log sources apart from the logs, the proposed jury instructions are indisputably warranted.

**Additional Monetary Sanctions:** Google does not dispute the Court may award additional monetary sanctions and its brazen submission confirms they are warranted.

Plaintiffs request a hearing and that Mr. Sramek, Mr. Harren, and Senior Litigation Counsel appear.

Dated: August 25, 2022

Respectfully submitted,

By:  /s/Mark C. Mao

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (CA Bar No. 342125)
Enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (*pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Telephone: (213) 995-5720
Facsimile: (213) 629-9022

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.

1   1301 Avenue of the Americas, 32nd Floor
    New York, NY  10019
2   Telephone: (212) 336-8330

3   Amanda Bonn (CA Bar No. 270891)
4   abonn@susmangodfrey.com
    SUSMAN GODFREY L.L.P.
5   1900 Avenue of the Stars, Suite 1400
    Los Angeles, CA 90067
6   Telephone: (310) 789-3100

7   John A. Yanchunis (*pro hac vice*)
8   jyanchunis@forthepeople.com
    Ryan J. McGee (*pro hac vice*)
9   rmcgee@forthepeople.com
    MORGAN & MORGAN, P.A.
10  201 N Franklin Street, 7th Floor
    Tampa, FL 33602
11  Telephone: (813) 223-5505
12  Facsimile: (813) 222-4736

13  Michael F. Ram, CA Bar No. 104805
    MORGAN & MORGAN
14  711 Van Ness Ave, Suite 500
15  San Francisco, CA 94102
    Tel: (415) 358-6913
16  mram@forthepeople.com

17  *Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28