**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' SUBMISSIONS OF PRIVILEGED MATERIALS AND REFERENCES THERETO (DKTS. 671-10; 672-2 EX. 6; 708; 708-3)**<br><br>Referral: Hon. Susan van Keulen, USMJ<br>Hearing Date:  October 18, 2022<br>Time:  10:00 a.m. |

**NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S SUBMISSIONS OF PRIVILEGED MATERIALS AND REFERENCES THERETO**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, on October 18th at 10:00 a.m., or as soon thereafter as this motion may be heard in the above-entitled court, before the Honorable Susan Van Keulen of the United States District Court, Northern District of California at Courtroom 6 – 4th Floor, 280 South 1st Street, San Jose, California, Defendant Google LLC ("Google") will and hereby does move the Court to strike certain exhibits and references thereto submitted by Plaintiffs in support of their Administrative Motion for Relief (Dkts. 671-3, 671-10, 672-2 Ex. 6) and Reply In Support of Plaintiffs' Motion for Supplemental Sanctions (Dkts. 708, 708-3).

Google's Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the concurrently filed Declarations of Matthew Kellogg ("Kellogg Decl."), Nathaniel Schneider ("Schneider Decl."), and Sara Jenkins ("Jenkins Decl."); all matters of which the Court may take judicial notice; other pleadings and papers on file in this action; and other written or oral argument that Google may present to the Court.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether a clawed back document produced by Google bearing Bates number GOOG-BRWN-00857642 is protected from disclosure by the attorney-client privilege and work product doctrine.

2. Whether any submissions of GOOG-BRWN-00857642 as an exhibit to Plaintiffs' filings and Plaintiffs' arguments citing and discussing this document should be stricken from the record in light of Google's clawback notice and the parties' ESI Order (Dkt. 80).

**REQUESTED RELIEF**

Google requests that the Court strike the following exhibits and portions of briefs that Plaintiffs filed with this Court because Google has properly clawed back a privileged document (GOOG-BRWN-00857642) that Plaintiffs have either filed as an exhibit or cited and discussed in their motions:

- Plaintiffs' Administrative Motion for Relief Requesting Sanctions

- ○ Dkt. 671-3 (a chart that Google moved to strike (*see* Dkt. 692-2), which purports to summarize and opine on the "relevance" of GOOG-BRWN-00857642).
- ○ Dkt. 671-10 (submitting GOOG-BRWN-00857642 as an exhibit).
- ○ Dkt. 672-2 Ex. A (same chart as Dkt. 671-3) and Ex. 6 (GOOG-BRWN-00857642).
- Plaintiffs' Reply in Support of Plaintiffs' Motion for Supplemental Sanctions
  - ○ Dkt. 708 at 1:22–2:16 (citing and discussing GOOG-BRWN-00857642).
  - ○ Dkt. 708-3 (submitting GOOG-BRWN-00857642 as an exhibit)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Google properly asserted a privilege claim over an internal email chain that it inadvertently produced last month following a re-review conducted pursuant to two court orders entered in April and June 2022.[1] *See* GOOG-BRWN-00857642 (the "Privileged Document"). As explained herein, and in the accompanying Declaration of Sara Jenkins, Google clawed back this entire email chain immediately upon discovering the inadvertent disclosure. But rather than comply with Paragraph 8(a) of the parties' ESI Order, which explicitly requires the return of any information that contains attorney-client information or work product upon request, Plaintiffs refused Google's request to remove the protected material from two filings they made prior to the clawback. Instead, Plaintiffs claim that Google waived any protection that may apply to the Privileged Document by failing to claw the document back sooner. Their attempt to argue waiver under these circumstances is contrary to the law and the controlling 502(d) order and should be denied.

## II.  BACKGROUND

The privileged document at the heart of this dispute is an email chain concerning an internal Google investigation conducted in connection with a foreign regulatory inquiry. The initial email within this thread (*see* GOOG-BRWN-00857642 at -645) was sent by Nathaniel Schneider, a Program Manager at Google, on behalf of Matthew Kellogg, Senior Product Counsel at Google. The communication furthered an internal investigation to obtain information that Mr. Kellogg needed to provide legal advice regarding an active regulatory inquiry by the United Kingdom's Competition and Markets Authority ("CMA"). *See* Schneider Decl. ¶¶ 3–4, 6; Kellogg Decl. ¶¶ 6–8. In part, the CMA inquiry concerned the X-client data header. The initiation of Google's privileged investigation was not related to the *Brown* or *Calhoun* matters, but because one aspect of the regulatory investigation was potentially relevant to the *Brown* and *Calhoun* matters, the

---

[1] Dkts. 542 (April 15, 2022 re-review order), 605 (June 10, 2022 re-review order).

investigation's results were eventually communicated to Google's in-house legal teams for these two U.S. litigations. *See* Kellogg Decl. ¶ 10. As the declarations of Messrs. Schneider and Kellogg confirm, the Privileged Document is clearly protected by the attorney-client privilege and work product doctrine, as it is a communication in furtherance of providing legal advice, sent at the behest of a Google attorney, and was prepared in connection with an ongoing regulatory matter being handled by Mr. Kellogg. Schneider Decl. ¶¶ 3–4, 6; Kellogg Decl. ¶¶ 6–8.[2]

Prior to the Court's re-review orders, this document was initially (and properly) entirely withheld as privileged. Jenkins Decl. ¶ 2. As part of the Court-ordered re-review of documents on Google's privilege logs (*see* Dkts. 542, 605), Google then produced the Privileged Document with redactions one month ago. Jenkins Decl. ¶ 5. The production of this particular document was inadvertent. Jenkins Decl. ¶ 5. The team members who re-reviewed this document, unaware of the genesis of the email thread (or underlying communications), incorrectly determined that it should be produced with redactions. Jenkins Decl. ¶ 4.

Plaintiffs extensively discussed the privileged contents of the Privileged Document in a reply brief filed on August 25, 2022 in support of their Motion for Supplemental Sanctions (the "Reply"), which is what alerted Google to the inadvertent disclosure. *See* Dkt. 708. That Privileged Document had also been attached as an exhibit to Plaintiffs' procedurally improper Administrative Motion for Relief (the "Administrative Motion"), filed less than one month ago on August 8, 2022, and six words from it were quoted in Exhibit A to the Mao Declaration filed in support of the Motion (which Google promptly moved to strike).

Google took swift action upon learning of its mistake, clawing back the document within a day of the Reply brief's filing, pursuant to the parties' stipulated clawback agreement to preserve all applicable protections. *See* Dkt. 80, Stipulated Order re: Discovery of Electronically Stored Information (the "ESI Order") ¶ 8.a (permitting Google to "assert privilege or protection over

---

[2] The arguments that Plaintiffs have made about this document are without merit. *See* Dkt. 671-3, Dkt. 708. However, since the entire document is privileged, Google refrains from discussing the substantive content of the document here.

1  produced documents at any time by notifying the receiving party in writing of the assertion of
2  privilege or protection," referencing Rule 502(d)).
3        The ESI Order also mandates that upon request from Google, Plaintiffs must "return" any
4  "[i]nformation that contains privileged matter or attorney work product." *Id.* Because the ESI Order
5  does not exempt or otherwise endorse a receiving party's prior use of a producing party's protected
6  information (prior to a clawback), Plaintiffs are required to "return" the Privileged Document, as
7  well as the affected portions of their previously filed Administrative Motion and Reply brief. *Id.*
8        To avoid needlessly burdening the Court with the instant dispute, Google asked Plaintiffs
9  (in the same communication as its clawback notice) to withdraw the portions of their Reply that cite
10 and discuss the Privileged Document, as well as the Privileged Document itself that was attached as
11 an exhibit to their brief. Jenkins Decl. ¶¶ 7–8. Google met and conferred with Plaintiffs on August
12 29, 2022, and Plaintiffs confirmed that they do not intend to withdraw portions of their Reply or the
13 exhibit that Google clawed back. Jenkins Decl. ¶ 10. Left with no other recourse to protect Google's
14 inadvertently produced communications from improper use, Google petitions the Court to strike
15 these exhibits and the portions of Plaintiffs' Reply that discuss and quote the Privileged Document.

### III. <u>ARGUMENT</u>

      Google's motion to strike should be granted for three principal reasons: *First*, the Privileged Document is clearly protected from disclosure pursuant to the attorney-client privilege and work product doctrine, because (i) the emails reflected in the Privileged Document were prepared at the direction of counsel to obtain information necessary for the provision of legal advice; (ii) the chain contains communications between non-attorneys conveying and discussing legal advice; and (iii) the emails in the chain were sent and received in furtherance of responding to an active regulatory inquiry handled by counsel. *See* Sections III.A and III.B. *Second*, Google has not waived its claims of attorney-client privilege or work product protection over the Privileged Document, because Google properly clawed back the Privileged Document in compliance with the ESI Order and the ESI Order expressly required Plaintiffs to "return," upon request, any "[i]nformation that contains privileged matter or attorney work product." Dkt. 80 ¶ 8.a. *See* Section III.C. *Third*, the Court has

1  inherent authority to strike protected materials from the record, where (as here) such information
2  appears in publicly-filed documents. *See* Section III.D.
3        Plaintiffs repeatedly have argued to this Court that Google has engaged in improper
4  assertions of privilege. *See, e.g.*, Dkt. 290 at 3; Dkt. 456 at 1; Dkt. 671-2 at 2. Yet, the results of the
5  parties' submissions regarding Plaintiffs' requests for *in camera* review plainly show otherwise.
6  Plaintiffs have demanded *in camera* review of more than 30 documents, but have only successfully
7  compelled production of one document without any redactions (Dkt. 541) and the removal of
8  redactions from two bullet points in another (Dkt. 515). This record shows that Plaintiffs' privilege
9  challenges to Google's clawback requests have been baseless—not the other way around. Dkt. 290
10 at 3.
11       Because Plaintiffs have refused Google's requests to withdraw the Privileged Document and
12 the portions of their Reply that cite and discuss it, the Court should strike the document and
13 Plaintiffs' discussion of it from the record under the Court's inherent power and authority.
14
15 **A.    The Privileged Document Is Protected from Disclosure by the Attorney-Client Privilege**
16       "The attorney-client privilege protects confidential communications between attorneys and
17 clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d
18 559, 566 (9th Cir. 2011) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). "Technical
19 information 'primarily concerned with giving legal guidance' remains privileged." *AT&T Corp. v.*
20 *Microsoft Corp.*, 2003 WL 21212614 at *4 (N.D. Cal. Apr. 18, 2003) (citing *Jack Winter, Inc. v.*
21 *Koratron Co.*, 54 F.R.D. 44, 46 (N.D. Cal. 1971)). The privilege also extends to communications
22 "containing information necessary for counsel to render legal advice." *Planned Parenthood Fed'n*
23 *of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1950377 at *5 (N.D. Cal. May 1, 2019).
24       As this court has observed, it is well settled that the attorney-client privilege applies to
25 communications where, as here, "non-lawyers [are] transmitting legal advice, sharing legal advice,
26 acting on legal advice that is reflected in a document" because "as we know from the . . . Ninth
27 Circuit, transmitting legal advice, sharing it, discussing it, even without the lawyer, is still within
28 the coverage of attorney-client privilege." Oct. 27, 2021 Hr'g Tr. 9:12–19 (van Keulen, Mag. J.).

These communications (i) are protected from disclosure and (ii) need not be produced with redactions where "attorney-client communications involving legal advice or are closely integrated with such protected communications." Dkt. 307 (October 27, 2021 discovery order rejecting Plaintiffs' waiver argument and finding that "Google's clawback of the document at issue is proper").

As Messrs. Schneider and Kellogg both explain in their respective declarations, the communications in the Privileged Document were sent at the direction of Mr. Kellogg, Senior Product Counsel at Google. Schneider Decl. ¶¶ 3–4; Kellogg Decl. ¶¶ 6–8. These communications were sent for the purpose of (i) obtaining information necessary for Mr. Kellogg to provide legal advice regarding a regulatory inquiry by the CMA and (ii) conveying and discussing the advice of counsel regarding the same regulatory proceeding. *See* Schneider Decl. ¶¶ 4, 6; Kellogg Decl. ¶¶ 7–8. The Privileged Document clearly contains communications in which non-attorneys are "transmitting legal advice, sharing it, [and] discussing it," and non-attorneys are requesting information at the direction of counsel that is necessary for Google in-house counsel to provide legal advice. *See, e.g.*, Schneider Decl. ¶ 6 (referencing same, including requests from and privileged instructions to non-attorneys Chandan Giri, Florian Uunk, Chris Liao, and Bert Leung for information necessary for Google to render legal advice); Kellogg Decl. ¶ 8 (same). Although the internal investigation was initiated by Mr. Kellogg as part of the CMA inquiry, the results of the investigation were eventually shared with the in-house litigation teams working on the *Brown v. Google* and *Calhoun v. Google* litigations. Kellogg Decl. ¶ 10. There is no basis for Plaintiffs to oppose Google's clawback of these materials.

**B.     The Privileged Document Is Also Protected from Disclosure by the Work Product Doctrine**

"A document is privileged as attorney work-product when it was prepared (1) 'in anticipation of litigation or for trial,' and (2) 'by or for another party or by or for that other party's representative.'" *Rojas v. F.A.A.*, 989 F.3d 666, 676 (9th Cir. 2021) (quoting *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004)). Communications sent by non-attorneys at the direction of counsel and in anticipation of litigation are protected from disclosure by the work

product doctrine. *See, e.g.*, *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 514–16 (S.D. Cal. 2003) (emails sent by party's executive to other employees were protected work product where they were sent at the direction of counsel and in anticipation of litigation); *see also In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 662–63 (3d Cir. 2003) (work product protection "extends beyond materials prepared by an attorney to include materials prepared by an attorney's agents and consultants"); *Hertzberg v. Veneman*, 273 F. Supp. 2d 67, 76 (D.D.C. 2003) ("By its own terms, then, the work-product privilege covers materials prepared by or for any party or by or for its representative; they need not be prepared by an attorney or even for an attorney.").

This protection also applies when a client's employees prepare materials in response to inquiries by government regulators. *See Lopes v. Vieira*, 719 F. Supp. 2d 1199, 1205 (E.D. Cal. June 23, 2010) (documents prepared in response to an administrative investigation by the California Department of Agriculture were protected work product); *see also Galvin v. Hoblock*, 2003 WL 22208370 at *3–4 (S.D.N.Y. Sept. 24, 2003) ("[T]he term 'litigation' encompasses not only litigation in court, but also quasi-judicial proceedings before a government agency.").

As the declarations of Messrs. Schneider and Kellogg make clear, the communications that Google clawed back in the Privileged Document were made at the direction of counsel in anticipation of and in connection with an ongoing regulatory inquiry by the CMA. Schneider Decl. ¶¶ 3–4, 6; Kellogg Decl. ¶¶ 6–8. In response to a request from Mr. Kellogg to the Chrome team, Mr. Schneider conducted an internal investigation to obtain information requested by counsel in anticipation of this regulatory inquiry. *Id*. The communications are clearly protected from disclosure by the work product doctrine, including under *Lopes*, 719 F. Supp. 2d at 1205. As such, the Privileged Document is also protected from disclosure pursuant to the work product doctrine.

### C.  Google Has Not Waived Protection Over the Privileged Document or Its Contents

    1.  <u>A Finding of Waiver Is Inappropriate Because Google Complied with the ESI Order in Clawing Back The Document and Requesting That Plaintiffs Return Google's Protected Information</u>

Paragraph 8.a of the ESI Order specifically provides that "[a] producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in

1  writing of the assertion of privilege or protection." Dkt. 80 ¶ 8.a. That is precisely what Google did.
2  Jenkins Decl. ¶ 7 (detailing Google's compliance with the ESI Order).

3        In anticipation of the large volumes of documents reviewed and produced in this case, the
4  parties stipulated to the foregoing language to afford a longer period for clawing back privileged
5  communications than the default under Federal Rule of Evidence 502(b), opting instead for the
6  stronger protection of Rule 502(d). *Cf.* Fed. R. Evid. 502(b) (allowing clawbacks only when "the
7  holder *promptly* took reasonable steps to rectify the error, including (if applicable) following Federal
8  Rule of Civil Procedure 26(b)(5)(B)"). "Well crafted claw back agreements," such as the one
9  memorialized in Paragraph 8(a) of the parties' stipulated ESI Order, "are a critical tool utilized, in
10 large part, to avoid excessive costs and avoid unnecessary disputes." *Great-W. Life & Annuity Ins.*
11 *Co. v. Am. Econ. Ins. Co.*, 2013 WL 5332410 at *14 (D. Nev. Sept. 23, 2013). "Such agreements
12 are intended to benefit all parties thereto and should not be casually cast aside." *Id.*

13       As explained *supra* at 1, Google took immediate corrective action upon discovering the
14 privileged information that was cited by, expansively discussed in, and attached to Plaintiffs' Reply.
15 *See, e.g.*, Dkt. 708 at 1:22–2:16 (including explicit references to third-party regulators and steps
16 taken at the direction of counsel). Google's prompt clawback complied with the ESI Order, and the
17 Court should strike disclosures of the protected content of the Privileged Document where they
18 appear on the record, consistent with the receiving party's obligation pursuant to Rule 502(d) to
19 "return" any "[i]nformation that contains privileged matter or attorney work product." Dkt. 80 ¶ 8.a.

20       2.    <u>A Finding of Waiver Is Also Inappropriate in Light of This Court's Prior Order Rejecting an Identical Waiver Argument</u>

21
22       Nor can waiver be found on the basis of Plaintiffs filing Exhibit A to the Mao Declaration.
23 *See* Dkt. 671-3. As this Court's October 27, 2021 order held, Google did not waive protection over
24 a different clawed back document where the document's privileged contents were "not quoted in
25 [the] filings cited by Plaintiffs." Dkt. 307 (rejecting Plaintiffs' argument that Google waived
26 privilege over a clawed-back document cited but not quoted in a case management statement).

27       The same rationale applies to this dispute: Plaintiffs cannot dispute that Exhibit A to the Mao
28 Declaration quotes a mere six words from the Privileged Document—an email thread that spans five

pages in unredacted form. *See* Dkts. 671-3, 672-2. It is equally beyond dispute that Exhibit A to the Mao Declaration neither quotes nor discusses *any* of the document's remaining contents. *See id.* (no discussion or reference to the other privileged information that Google clawed back). A fulsome discussion of the Privileged Document and its contents appeared only in Plaintiffs' Reply brief, filed on August 25, 2022 (Dkts. 708, 708-3)—upon receipt of which Google immediately took steps to correct its inadvertent disclosure by (i) clawing back the Privileged Document, and (ii) seeking Plaintiffs' agreement to withdraw the Privileged Document as an exhibit and those portions of their Reply that discuss its privileged contents. *See* Jenkins Decl. ¶¶ 7–8 (explaining same). But Plaintiffs disregarded this Court's prior guidance and directly relevant prior ruling, refused to remove references to this privileged document from their filings, and now assert waiver over the Privileged Document. Jenkins Decl. ¶¶ 9–11.

    3. <u>A Finding of Waiver Is Inappropriate Because it Would Reward Plaintiffs for Violating Myriad Civil Local Rules of This Court</u>

Although Plaintiffs argue that Google waived privilege due to Plaintiffs' filing of a supplemental chart to their Administrative Motion (i.e., Exhibit A to the Mao Declaration), finding waiver based on a procedurally defective filing would reward Plaintiffs at the expense of Google—when Plaintiffs (not Google) blatantly violated this Court's Local Rules in connection with this motion in two different ways.

*First*, by styling their motion for sanctions as an "administrative" matter rather than as a properly noticed motion, Plaintiffs violated Local Rules 7–2, 7–8, and 37–4, and purported to provide Google with only four days to oppose a motion seeking severe sanctions, rather than the 14 days afforded by Local Rules 7–8 and 7–2. *See* Google's Opp. to Admin. Mot. for Sanctions, Dkt. 692 at 2. Plaintiffs agreed to provide Google three extra days to file its opposition, but that did not cure the prejudice caused by the improper filing of their "administrative" motion on August 8, 2022.[3]

---

[3] Google was still required to oppose a motion for extreme sanctions within a week while, at the same time, preparing to oppose Plaintiffs' motion to take the deposition of Mr. Pichai (filed August 9, 2022), preparing to defend five expert depositions, and preparing for the August 11, 2022 sanctions hearing in the related *Calhoun* matter.

*Second*, Exhibit A to the Administrative Motion violated Local Rule 7–11's strict page limitation as well as other procedural rules of this Court, including Local Rule 7–5(b). For those reasons, Google has already moved to strike the exhibit, which contains the quoted language from the Privileged Document. *See* Dkt. 693 (Google's motion to strike).

Courts in this circuit are clear that "[a]pplicable rules of procedure, including Local Rules, must be enforced in this case, as in any case, so that the Court may maintain control over the progress of litigation before it." *Metzger v. Hussman*, 682 F. Supp. 1109, 1110 (D. Nev. 1988); *see also Medina v. Argent Mortgage Co.*, 2007 WL 3284064 at *2 (N.D. Cal. Nov. 2, 2007) ("It should go without saying that parties are obliged to follow the court's local rules."). But independent of this Court's ruling on Google's motion to strike, Plaintiffs flouted Rules 7–11 and 37–4 by (i) seeking sanctions in the guise of an administrative motion; and (ii) filing a five-page brief and six-page supplemental chart even though the rule caps "administrative" requests at five pages. And Plaintiffs now use this procedurally improper filing as a basis for arguing that Google has waived its claim of protection over the Privileged Document.  Not so.

Given this context, and the fact that Google's opposition to the motion did not discuss any of the substance of the Privileged Document, it is clear that Google had no intention of waiving privilege. Google acted as quickly as possible once it discovered that privileged information had been produced and cited by Plaintiffs.

**D.  Plaintiffs' Exhibits and Argument Disclosing Privileged Information and Discussing Privileged Communications Should Be Stricken**

The Court has "inherent power over the administration of its business," *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995), including "the inherent authority to strike a party's submissions other than pleadings," *Great-W. Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, 2013 WL 5332410 at *6 n.3 (D. Nev. Sept. 23, 2013) (citations omitted)).

Privileged materials in particular are subject to being stricken. *See, e.g.*, *Politte v. United States*, 2010 WL 11512354 at *17 (S.D. Cal. Mar. 29, 2010) (ordering that all documents referencing privileged communications be stricken from the record or that plaintiff file briefings "which omit[] any mention of the privileged material"); *see also Cobell v. Norton ("Cobell I")*, 213 F.R.D. 69,

78–79 (D.D.C. 2003) (striking materials protected by the attorney-client privilege and work product doctrine); *Cobell v. Norton*, 377 F. Supp. 2d 4, 8 (D.D.C. 2005) (considering whether to strike materials that a party asserted were protected by the attorney-client privilege and recognizing its prior decision in *Corbell I* to strike such materials from the record).

As explained *supra*, Plaintiffs declined Google's request to voluntarily withdraw the affected documents (Dkts. 671-3, 671-10, 672-2 (Ex. A, Ex. 6), 708, and 708-3) from the record. Although this Court cannot undo what has already been done in light of the inadvertent disclosure, it can restrain further erosion of the existing privilege and protection by striking all disclosures of protected information from the Privileged Document, which are found in Dkts. 671-3, 671-10, 672-2 (Ex. A, Ex. 6), 708, and 708-3. Plaintiffs' references to Google's privileged information and work product will otherwise remain on the docket unless they are stricken. Likewise, Plaintiffs' reliance on this inadvertent disclosure is likely to persist without an order precluding Plaintiffs from further use of this information.

### IV.  CONCLUSION

For the reasons discussed above, Google's motion to strike should be granted.

| | | |
|---|---|---|
| 1 | DATED: September 2, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | By   /s/ *Andrew H. Schapiro*<br>Andrew H. Schapiro (admitted pro hac vice)<br>andrewschapiro@quinnemanuel.com |
| 4 | | 191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606 |
| 5 | | Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401 |
| 6 | | |
| 7 | | Stephen A. Broome (CA Bar No. 314605)<br>sb@quinnemanuel.com |
| 8 | | Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com |
| 9 | | 865 S. Figueroa Street, 10th Floor |
| 10 | | Los Angeles, CA 90017<br>Telephone: (213) 443-3000 |
| 11 | | Facsimile: (213) 443-3100 |
| 12 | | Jomaire Crawford (admitted pro hac vice) |
| 13 | | jomairecrawford@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor |
| 14 | | New York, NY 10010<br>Telephone: (212) 849-7000 |
| 15 | | Facsimile: (212) 849-7100 |
| 16 | | Josef Ansorge (admitted pro hac vice) |
| 17 | | josefansorge@quinnemanuel.com<br>1300 I Street NW, Suite 900 |
| 18 | | Washington D.C., 20005<br>Telephone: (202) 538-8000 |
| 19 | | Facsimile: (202) 538-8100 |
| 20 | | Jonathan Tse (CA Bar No. 305468) |
| 21 | | jonathantse@quinnemanuel.com<br>50 California Street, 22nd Floor |
| 22 | | San Francisco, CA 94111<br>Telephone: (415) 875-6600 |
| 23 | | Facsimile: (415) 875-6700 |
| 24 | | *Attorneys for Defendant Google LLC* |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |