# Exhibit 1

# Proposed Sur-reply

# Redacted Version of Document Sought to be Sealed

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S SUR-REPLY TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR SUPPLEMENTAL SANCTIONS BRIEF PURSUANT TO DKT. 624 (DKT. 707-1)**<br><br>Referral: Hon. Susan van Keulen, USMJ |

Google LLC ("Google") submits this sur-reply to correct several significant factual misrepresentations in Plaintiffs' Reply in Support of Their Supplemental Sanctions Brief Pursuant to Dkt. 624 ("Reply") (Dkt. 707-1).[1]

*First*, Plaintiffs claim that Mr. Šrámek refused to investigate "'client-side signals' [that] could be used to detect Incognito." Dkt. 707-1 at 2. This claim is based on the wrong factual premise that Mr. Sramek's assignment was to investigate any and all "client-side signals" that "could be used to detect Incognito." That is not what the Court ordered. Plaintiffs' sanctions motion—and the Court's related Order—was premised on the inference of Incognito from the X-Client Data header. Dkt. 588 at 3 ("The present motion relates to three fields used in certain Google logs: "is_chrome_incognito"; "is_chrome_non_incognito"; and "maybe_chrome_incognito."). The Court's July 1, 2022 Order further confirmed that Google is required to identify all data sources with "the disputed fields." Dkt. 624 at 2; *see also* Dkt. 588 at 3 (May 20, 2022 Order defining the "Incognito-detection bits" as the three bits at issue in the Order). The limitation to the X-Client Data header is just and proper: scorched-earth discovery in this case has confirmed that no signals that signify Incognito mode are sent from Chrome browsers to Google web services.[2] And with the exception of the absence of the X-Client Data header, nothing else has been identified that could be used to heuristically infer Incognito mode on the Chrome browser. Plaintiffs' attempt to take the matter back to square one should be rejected.

*Second*, Plaintiffs claim Mr. Sramek is "limiting his investigation only to logs in which Google uses any field to infer private browsing, and only for the three bits that Plaintiffs identified," (Dkt. 707-1 at 2) and that he "appears to refuse to share findings" (*Id.* at 3 n.3). That is false. Mr. Šrámek supervised extensive source code audits, surveys of **125 teams** identified as owners of relevant source code, and follow-up interviews with 18 Google teams across the globe, with the goal

---

[1] Upon the Court's request, Google will submit a factual declaration affirming the factual statements asserted herein to the extent not already covered in prior fact declarations.

[2] Trebicka Decl. Ex. 1 (McClelland Depo Tr.) at 165:6-18 ("Q. Earlier you mentioned something along the lines of Google not being able to know when people are in Incognito mode. Do you recall that? A. I do, yes. Q. Are you saying that the Chrome side cannot see Incognito signals? . . . A. Chrome itself is aware that the user is in Incognito mode, but Chrome does not send that signal to Google or any other web server.").

of identifying *any and all* instances in which the absence of the X-Client Data header is used as a (albeit unreliable) proxy for Incognito traffic. Dkt. 695-4 ¶ 5. The investigation covered, but was not limited to, the three "Incognito-detection bits," Dkt. 588 at 3, which contain a Boolean value determined by the presence or absence of the X-Client Data header. Dkt. 527-4 at 13. Based on the investigation, Mr. Šrámek submitted a declaration on May 31, 2022 identifying ▮ logs that contain the ▮ "Incognito-detection bits" (Dkt. 614-3) and a supplemental declaration on June 14, 2022 identifying ▮ additional logs, including ▮ logs auto-populated with the maybe_chrome_incognito bit and ▮ log that contains no searchable identifiers (Dkt. 614-2). Mr. Šrámek's August 18, 2022 declaration in response to the Court's July 1, 2022 Order that Google is required to identify all data sources with "the disputed fields" (Dkt. 624 at 2), confirmed that based on the investigation, Google had identified all logs in which the three "Incognito-detection bits" were found.

*Third*, Plaintiffs make an unsupported claim that "Google no longer disputes that data flagged with an Incognito-detection bit in such logs can be joined with users' 'authenticated' data to identify them." Dkt. 707-1 at 3. That is absolutely false. As already explained in Google's opposition brief, any data with a value of "TRUE" for the Incognito detection bits in a *personal log* would consist of data from either (i) Incognito sessions where a user *signed into* a Google account during the session, and thus is outside the class definition;[3] and (ii) a signed-in user whose browser did not send the X-Client Data header despite not being in Incognito mode. Dkt. 695-3 at 6. The so-called "joined" logs store information included in two or more existing logs, but do not join individual authenticated records with unauthenticated Incognito records. Dkt. 614-2 ¶ 9; Dkt. 695-3 at 6-7.[4] Indeed, despite years of extensive discovery, Plaintiffs' technical and privacy experts

---

[3] *See* Dkt. 395-2 (TAC) ¶ 192 (limiting class to users who did not sign into a Google Account while in Incognito mode); *see also* Dkt. 83-18 (Search & Browse Privately page which Plaintiffs contend is part of their contract) at 2 ("**Important**: If you sign in to your Google Account [while in private browsing mode] to use a web service like Gmail, your searches and browsing activity might be saved to your account.") (emphasis in original).

[4] Plaintiffs' claim that Mr. Šrámek's August 18 declaration confirming, yet again, that Google does not join authenticated data with unauthenticated data is "based entirely on an inadmissible hearsay from another 'Google engineer'" (Dkt. 707-1 at 3 n.4) is meritless. As an initial matter, there is already an overwhelming volume of evidence and testimony in the record confirming that Google does not join unauthenticated data with authenticated data. Every Google witness who was asked that question has confirmed it. In any event, as a declarant, Mr. Šrámek is allowed to base his

admit they have not identified a single instance in which Google linked signed out private browsing activity to a user or her account, or to her signed in activity. Dkt. 659-3 at 11.

*Fourth*, Plaintiffs claim that they have suffered "prejudice" from a supposed spoliation because Google made no representation that the ▇ logs disclosed on June 14 or "others as to which it refuses to investigate" had been included in the Special Master's preservation proposal. Dkt. 707-1 at 3. There is no prejudice or spoliation here. The ▇▇▇▇ log does not contain any user identifier that Google could have used to sample or search the log source as contemplated by the Preservation Order. Dkt. 695-3 at 3. The ▇ other logs contained the maybe_chrome_incognito bit *only* as a result of an idiosyncrasy of Google's backend infrastructure, which automatically populated the bit in these logs. Importantly, these logs are not accretive: (1) ▇ contain no information in addition to what is recorded in the logs subject to the Preservation Order; (2) ▇ are ▇▇▇▇▇▇▇▇▇▇▇▇▇▇; (3) ▇ are ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and (4) ▇ contain ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Plaintiffs' other unsupported claim that Google somehow spoliated evidence with respect to "other [logs] as to which it refuses to investigate" is even further afield. Google has not "refused" to investigate any log or field—on the contrary, Mr. Sramek's declarations confirm that Google has conducted an extensive investigation to identify all instances using the absence of X-Client Data header, which is the only proxy, however unreliable, for Incognito traffic identified through months of discovery. Based on that investigation, Google is not aware of any other relevant logs.

*Fifth*, Plaintiffs argue that "Google's contention that Messrs. Šrámek and Harren were only recently assigned to investigate Incognito-detection bits is belied by the recently produced e-mail."

---

statements on information he has obtained in the course of his investigation. *Bearden v. Cnty. of San Mateo*, 2008 WL 2705085, at *4 (N.D. Cal. July 8, 2008) (overruling objections to declaration as hearsay because the "declaration is based on [the declarant's] personal knowledge, gleaned as a result of his investigation into plaintiffs' terminations, and is well within the proper confines of declarant testimony.") Here, Mr. Šrámek attested that he directly spoke with the engineer who wrote the code for and implemented the log at issue, who confirmed there is no joining of individual authenticated records with unauthenticated records in the log at issue. Dkt. 695-4, ¶ 10.

Dkt. 707-1 at 4. Plaintiffs are incorrect. The communications in GOOG-BRWN-00857642 related to a regulatory inquiry by the United Kingdom's Competition and Markets Authority ("CMA")—not this Court's May 20 Order. Dkt. 733 (Google's concurrently-filed Motion to Strike) at 1. The CMA inquiry concerned (in part) the X-Client Data header, but it was not related to Incognito or private browsing, much less the "Incognito detection bits" at issue here.[5]

*Finally*, Plaintiffs' allegation that "Google does not dispute the Court may award additional monetary sanctions" is directly contradicted by the record. *See* Dkt. 695-3 at 8.

For the foregoing reasons, Google respectfully requests that the Court deny Plaintiffs' request for additional sanctions.

DATED:  September 2, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted pro hac vice)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted pro hac vice)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000

---

[5] *See* CMA, Notice of intention to accept commitments offered by Google in relation to its Privacy Sandbox Proposals, June 11, 2021, Case 50972, available at https://bit.ly/3vlyGm9.

1 | Facsimile: (202) 538-8100
2 | Jonathan Tse (CA Bar No. 305468)
3 | jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
4 | Telephone: (415) 875-6600
Facsimile: (415) 875-6700
5 |
6 | *Attorneys for Defendant Google LLC*