# PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION TO STRIKE EXHIBIT A TO MAO DECLARATION ISO PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELIEF (DKT. 693)

## Redacted Version of Document Sought to be Sealed

**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,

        Plaintiffs,

vs.

GOOGLE LLC,

        Defendant.

Case No.: 4:20-cv-03664-YGR-SVK

**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION TO STRIKE EXHIBIT A TO MAO DECLARATION IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELIEF (DKT. 693)**

Judge: Hon. Susan van Keulen

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>TABLE OF CONTENTS</u>**

I.    INTRODUCTION ...............................................................................................................1

II.   ARGUMENT .....................................................................................................................2

    A.    Exhibit A Does Not Violate Local Rule 7-5(b)......................................................2

    B.    Google's Ongoing Obstruction...............................................................................4

III.  CONCLUSION ..................................................................................................................6

## I.    INTRODUCTION

Google's motion to strike (Dkt. 693, "Motion") is a meritless distraction to what matters—Google's ongoing refusal to comply with Court orders and the resulting prejudice to Plaintiffs. Plaintiffs respectfully request that the Court deny Google's Motion and issue a ruling on the merits regarding this substantive dispute, concerning Google's obstruction relating to key documents.

On August 8, 2022, Plaintiffs filed an administrative motion seeking relief tied to Google's belated production of clearly non-privileged documents, including for example one document where a Google employee admitted that users do not "really understand what they're consenting to when they consent to share browsing history." Dkt. 672 (citing Dkt. 671-15). For the Court's convenience, Plaintiffs attached to their administrative motion a chart ("Exhibit A") (Dkt. 671-3) listing 15 examples of non-privileged documents that Google improperly withheld.

Google now seeks to strike the *entirety* of this Exhibit A chart, contending "the entire chart embeds misleading attorney characterizations of the discovery record, and contains self-serving conclusions as to what the discovery record purportedly shows"—in violation of Local Rule 7-5(b). Dkt. 693 at 4. But Exhibit A is consistent with Local Rule 7-5(b); it contains non-argumentative descriptions of key documents Google wrongfully withheld. Columns one through four consist of black-and-white facts about the documents, including their Bates numbers, authors, and specific quotes contained therein. Column five contains direct quotes from prior Google filings. There is no basis to strike Exhibit A, and the submission is consistent with how privilege disputes have been handled in this case.

More importantly, Google's Motion is mere smoke and mirrors for Google's ongoing obstruction. Since filing their administrative motion, Plaintiffs have uncovered even more examples of other key documents that Google wrongfully withheld as privileged. And Google on August 25 even sought to claw back Exhibit 6 of Plaintiffs' Exhibit A chart, which Google had already redacted and also reviewed and addressed in its August 16 response to Plaintiffs' administrative motion (Dkt. 692 at 3 n.2) and in its August 16 motion to strike (Dkt. 693 n.2 at 1).

Plaintiffs respectfully submit that their administrative motion, including Exhibit A, was

proper. Should the Court conclude that any portion of that administrative motion was procedurally improper, Plaintiffs ask that the Court deny Plaintiffs' August 8 motion without prejudice so that Plaintiffs may re-file Exhibit A consistent with any guidance from the Court.

## II.     ARGUMENT

### A.     Exhibit A Does Not Violate Local Rule 7-5(b).

Local Rule 7-5(b) states that declarations "may contain only facts" and "must avoid conclusions and argument." L.R. 7-5(b). Exhibit A meets these requirements. The exhibit contains facts from key documents Google belatedly produced to Plaintiffs and from other filings in this case. Google contends that Exhibit A violates Local Rule 7-5(b) because it contains "legal arguments" and that the "entire" chart should be stricken. Dkt. 672-2 at 3. Google thus mischaracterizes Exhibit A and seeks to misapply Local Rule 7-5(b).

Exhibit A contains five columns. Columns one through four provide black-and-white factual information about 15 documents Google belatedly produced. Take entry 12, for example:

| Ex. No. | Bates | Description | Author | Relevance |
|---|---|---|---|---|
| 12 | GOOG-CABR-05888096 | October 2020 internal Google presentation titled "IP Address: Updates" describes the need to ▮▮▮▮▮▮▮▮▮▮▮▮ | Unknown | In a September 2021 submission to the Special Master, Google represented that "IP addresses are not a reliable means to identify individual users." Dkt. 303-5 at 1. |

There is simply no way to review this row (and the others like it) and then represent to the Court (as Google has done) that the "*entire chart* embeds misleading attorney characterizations of the discovery record, and contains self-serving conclusions." Dkt. 693 at 4 (emphasis added)).

Google's actual gripe appears to focus on portions of Exhibit A's fifth column, where Plaintiffs provided context by identifying quotes with contradictory positions taken by Google, including its experts. Column five is also proper. It simply shows, using Google's prior filings, why the documents Google failed to produce are relevant. For example:

- <u>Row 1</u>: In its Answer, Google asserts that the contractual documents "disclose[] that Google receives the information at issue." Dkt. 531 at 31. Plaintiffs seek to understand what screens Google considered before launching Incognito.

- <u>Row 4</u>: Google expert Paul Schwartz purports to disregard as irrelevant whether Google can "identify an individual using non-Google Account linked data through 'fingerprinting.'" Ex. 18 (Schwartz Report) at 33-34.

Nothing in these entries (and others like them) consists of improper legal argument. Google's motion to strike the entirety of Exhibit A is therefore overbroad and should be denied. Even one of Google's cited cases denied the motion to strike in part, striking "only" portions of the challenged declaration. *Page v. Children's Council*, 2006 WL 2595946, at *5 (N.D. Cal. Sept. 11, 2006).

None of Google's cases support Google's request to strike the entirety of Exhibit A. *Kennedy* does not address the Northern District of California's Local Rules because it is a case from the Western District of Washington—contrary to Google's citation. *See Kennedy v. AJVS, Inc.*, 2012 WL 1748013 (W.D. Wash. May 15, 2012); Dkt. 672-2 at 3 (Google presenting *Kennedy* as an "N.D. Cal." case). Even if the case were from the Northern District of California, it would not support Google's Motion. The court in *Kennedy* granted the motion to strike because the declaration contained "inaccurate commentary regarding the exhibits and/or fails to attach referenced documents." *Id.* at *5. That is not the case here.

In *Page v. Children's Council*, the Court struck specific paragraphs from a declaration for "simply repeat[ing] portions of the Plaintiff's memo in support of her Motion to Remand." 2006 WL 2595946, at *5. There is no such repetition here. The Court in *Brae Asset Funding* struck two declarations for lacking signatures and dates and because they "refer[ed] throughout to exhibits that were never filed." *Brae Asset Funding, L.P. v. Applied Financial, LLC*, 2006 WL 2355474, at *5 (N.D. Cal. Aug. 14, 2006). Exhibit A does not raise any of these problems because Plaintiffs attached the documents to their motion. In *Percelle*, the Court struck one paragraph of a declaration because it was inaccurate, and other paragraphs of a declaration because they were "conclusory." *See Percelle v. Pearson*, 2015 WL 5736399, at *3 (N.D. Cal. Oct. 1, 2015). By contrast, Exhibit

A uses quotes directly from documents that Google produced, and Google does not identify any inaccuracies.

Local Rule 7-5(b) is also discretionary. Nothing requires the Court to strike any part of Exhibit A. A declaration "not in compliance with this rule *may* be stricken." L.R. 7-5(b) (emphasis added). Plaintiffs ask that the Court at most review Exhibit A and strike only those portions that it deems to constitute attorney argument, which would at most include specific portions of specific cells within column five. *See* L.R. 7-5(b) (permitting courts to strike declarations "in part").

**B.    Google's Ongoing Obstruction**

In ruling on Google's Motion, Plaintiffs also ask that the Court consider the context. Since filing their administrative motion, on August 8, Plaintiffs have uncovered even more examples of key Google documents that Google wrongfully withheld as privileged. For example, on August 11, in connection with the sanctions hearing in the related *Calhoun* case, Plaintiffs for the first time learned of another series of documents that Google withheld as privileged and then quietly produced ***without even mentioning that the documents were coming off the privilege log***.

For example, one Google document (which Google previously withheld as privileged but then produced on April 6, 2022) titled ███████████████████████████████ ███████████████████████████████████████████████████████ ██████████ Mao Decl. Ex. 1 at -871. ██████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ *Id.* at -918 (emphasis added). ████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ██████████████ *Id.* at -922-923 (emphasis added).

As explained in their August 8 motion, Plaintiffs have been prejudiced by Google's belated production of this and other key documents. That motion explains how, "[g]iven Google's late

1 production, Plaintiffs were never able to question any witnesses about these documents or conduct

2 other follow up discovery." Dkt. 671-1 at 1. Google's only substantive response (setting aside

3 Google's procedural complaints) is that "[t]he documents are either duplicates of already produced

4 files or relate to topics on which Plaintiffs received similar documents." Dkt. 692 at 5.

5   Google's statement is simply more gaslighting and flat wrong. First, there are **no**

6 duplicates—none. The only document Google even claims to be a duplicate is Exhibit 11 (Dkt.

7 671-16). The "duplicate" that Google attaches to its opposition (Dkt. 691-4) is a "text file." The

8 actual pdf for that "text file" (the format in which Plaintiffs would have reviewed this document,

9 as produced by Google) is attached hereto as Exhibit 2. This so-called "duplicate" is ***missing the***

10 ***key quote Plaintiffs highlighted in their administrative motion***—where a Google employee

11 admits that "we would never sa[y] that Google doesn't know who you are while you're Incognito."

12 *See* Ex. 2 at -01.[1] By contrast, the quote is plainly visible within Exhibit 11 (Dkt. 671-16). Google

13 initially redacted ***that quote*** as privileged in Exhibit 11, and that is precisely why Plaintiffs were

14 prejudiced.

15   Equally misleading is Google's suggestion that Plaintiffs have somehow been able to take

16 discovery of the documents that Google withheld based on "similar documents." Dkt. 692 at 5.

17 Plaintiffs are now at a distinct disadvantage, unable to predict how Google will try to dodge the

18 admissions within these documents. That is what discovery is for, but Google deprived Plaintiffs

19 of that opportunity. For example, Plaintiffs were unable to use <mark>Exhibit 6 during Mr. Leung's</mark>

20 <mark>deposition or during the April 21 hearing.</mark>[2] Similarly, Plaintiffs have no way to know how Google

21 will seek to evade Exhibit 7, where a Google employee responsible for interfacing with the press

22 about this case wrote (incorrectly) that "Google Analytics data [] is not shared with Google,"

23 showing that even she was unaware that Google collects private browsing information. Dkt. 671-

24

25 [1] <mark>The quote should be in "Comment 10" but the comment is cut-off and so the quote is missing.</mark>

26 <mark>Plaintiffs explained this issue in their administrative motion.</mark> *See* <mark>Dkt. 671-3 (Entry for Ex. 11).</mark>

27 [2] <mark>The parties are meeting and conferring regarding Google's recent clawback request regarding</mark>

 <mark>Exhibit 6, which Plaintiffs contend is meritless.</mark>

28

5

PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION TO STRIKE EXHIBIT A TO MAO DECLARATION IN SUPPORT
OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELIEF
Case No. 4:20-cv-03664-YGR-SVK

12 at -26. Having deprived Plaintiffs of the opportunity to question anyone about these documents, Google now improperly retains the ability to ambush Plaintiffs with its own say-so spin.

* * *

Plaintiffs appreciate the Court's attention to these important issues. But for the Court's diligence, Google would have succeeded in improperly withholding over a thousand non-privileged documents, including the key documents listed in Exhibit A. Plaintiffs' August 8 motion seeks tailored and appropriate relief for Google's belated production of these documents. But if the Court determines that any portion of Plaintiffs' August 8 motion is procedurally improper, Plaintiffs respectfully request that the Court exercise its discretion to deny the motion without prejudice and permit Plaintiffs to refile under Rule 37. *See, e.g.*, *Crossbow Technology, Inc. v. YH Technology*, 2007 WL 926876, at *1-2 (N.D. Cal. Mar. 26, 2007) (denying party's motion without prejudice for failure to comply with the Local Rule and permitting party to refile after complying).

## III.    CONCLUSION

Plaintiffs respectfully request that the Court deny Google's motion to strike the entirety of Exhibit A to the Mao Declaration (Dkt. 693). Alternatively, Plaintiffs request leave to re-file their August 8 administrative motion with Exhibit A included in the motion instead of the declaration. Plaintiffs appreciate the Court's guidance, and respectfully ask the Court to consider Google's ongoing efforts to obstruct discovery.


Dated: August 30, 2022                    Respectfully submitted,

                                          By: _Mark Mao_____

                                          Mark C. Mao (CA Bar No. 236165)
                                          mmao@bsfllp.com
                                          Beko Reblitz-Richardson (CA Bar No. 238027)
                                          brichardson@bsfllp.com
                                          Erika Nyborg-Burch (*pro hac vice*)
                                          Enyborg-burch@bsfllp.com
                                          BOIES SCHILLER FLEXNER LLP
                                          44 Montgomery Street, 41st Floor
                                          San Francisco, CA 94104
                                          Telephone: (415) 293 6858

Facsimile (415) 999 9695

David Boies (*pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

James Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Alison L. Anderson (CA Bar No. 275334)
aanderson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S Figueroa Street
31st Floor
Los Angeles, CA 90017
Telephone: (213) 995-5720

Amanda K. Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven M. Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*