**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>     Defendant. | Case No.:  4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO GOOGLE'S MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>Referral: The Honorable Susan van Keulen |

I.  INTRODUCTION

Plaintiffs respectfully oppose Google's motion. There were no "factual misstatements" in Plaintiffs' reply, and there is no basis for Google's motion. Filed without meeting and conferring with Plaintiffs, Google's leave for sur-reply improperly seeks to rehash arguments. Google agreed with Plaintiffs' proposed page limits for these supplemental sanctions submissions (Dkt. 618), and there is no basis for Google's request to now submit an untimely and impermissible sur-reply.

II.  BACKGROUND

On May 20, 2022, the Court sanctioned Google for its discovery misconduct. Dkt. 588. Google then violated that order by skipping the Court-ordered deadline and failing to provide the required substantive response, including by unilaterally changing the Court order. Dkt. 615. Pursuant to the briefing schedule and page limits set by the Court (Dkt. 624), Plaintiffs filed their motion for supplemental sanctions on August 4 (Dkt. 656), to which Google responded on August 18 (Dkt. 696), and Plaintiffs replied on August 25 (Dkt. 708). Eight days after Plaintiffs filed their reply and hours before Labor Day Weekend, without meeting and conferring or attempting to speak with Plaintiffs, Google filed this motion, requesting leave to file a sur-reply. Dkt. 735.

III.  ARGUMENT

A.  Google's Filing is Procedurally Improper.

Google cites no rule permitting its motion. Google sought no stipulation from Plaintiffs, so Google's filing is therefore not an administrative motion. Civil L.R. 7-11(a). After a reply is filed, only two situations permit additional filings: (1) objection to reply evidence; or (2) a relevant judicial opinion published therafter and without argument. Civil L.R. 7-3(d). Neither applies here. Google is neither objecting to reply evidence nor citing any new law. Google's motion is instead based on Google's meritless assertion that there were "factual misstatements" in Plaintiffs' reply. And Google's cited line of cases are inapposite, as they concern *unopposed* requests or cases where a party sought to respond to legal arguments first raised on reply.[1] Neither of those circumstances

---

[1] *Radware, Ltd. v. F5 Networks, Inc.*, 2016 WL 393227, *2 (N.D. Cal. Feb. 2, 2016) (although granted, court was "reluctant" to grant relief because "serial submissions . . . delay decisions on the merits and violate Civil Local Rule 7-3(d)"); *Kouchi v. American Airlines, Inc.*, 2021 WL

exist here. "Surreplies are disfavored and the Court routinely rejects them." *Buffin v. City and County of San Francisco*, 2016 WL 2606865, *1 (N.D. Cal. May 6, 2016) (Gonzalez Rogers, J.).

Google complains that Plaintiffs cite a Google-produced email dated last year involving Mr. Sramek, but Google separately filed a motion to strike addressing that email. *See* Dkt. 733. Plaintiffs will separately respond to Google's motion to strike, which still provides no basis for a sur-reply. Only seven lines of Google's proposed sur-reply address that document. *See* Dkt. 735 at 3–4. Even if those seven lines could be construed as an "objection" (they are not), it is untimely: Google filed this motion eight days after Plaintiffs filed their reply. *See* Civil L.R. 7-3(d)(1) ("The Objection to Reply Evidence must be filed and served not more than 7 days after the reply was filed."); *see also Rodgers v. Claim Jumper Rest., LLC*, 2015 WL 1886708, *14 (N.D. Cal. April 24, 2015) (Gonzalez Rogers, J.) (disregarding filing under Civil L.R. 7-3(d)(1) because party "offered no reasoned basis for excluding the proferred evidence on any evidentiary ground . . . .").

With its sur-reply, Google seeks to improperly rehash arguments. *See* Dkt. 735 at 1–3 (restating Google's erroneous "reconsideration" arguments and opining on the substance of expert reports), 3 (citing its opposition concerning its limited preservation efforts), 4 (repeating faulty argument that Plaintiffs cannot recover monetary sanctions); *see Agredano v. Capital One, N.A.*, 2019 WL 1570249, *4, n.7 (N.D. Cal. April 11, 2019) (Gonzalez Rogers, J.) (admonishing party for filing sur-reply that neither objected to any evidence nor presented any previously unavailable authority); *Umeda v. Tesla Inc.*, 2020 WL 5653496, *4 (N.D. Cal. Sep. 23, 2020) (van Keulen, J.) (ignoring 7-3(d)(1) objections that contain argument); *Netlist Inc. v. Diablo Tech. Inc.*, 2015 WL 153724, *1 (N.D. Cal. Jan. 12, 2015) (Gonzalez Rogers, J.) (same); *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) (alleged "erroneous assertions" do not justify a sur-reply).

### B. When Considering Each of Google's Six Points, Google's Mascarading Further Argument as a Reply to "Factual Mistatements" Becomes Clear

Even if Google had complied with the Local Rules, there would still be no basis for any sur-reply. There are no "factual misstatements" in Plaintiffs' reply. In fact, the Plaintiffs' necessary

---

6104391, *1, n.1 (C.D. Cal. Oct. 27, 2021) (unopposed request for sur-reply); *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 7206620 (N.D. Cal. Dec. 18, 2014) (granting sur-reply where the Court would have "requested supplemental briefing on the issues" first raised on reply).

responses explaining that there are no "factual misstatement" that could serve to support the filing of a sur-reply show how this truly is rehashing of the arguments. Yet, for the purpose of showing that Google's purported six points do not warrant any sur-reply, we will address them in turn.

*First*, Plaintiffs' statements about Sramek's limited investigation were truthful. Google's claim that Plaintiffs are proceeding on the "wrong factual premise" (Dkt. 735-1 at 1) just reflects Google's say-so in terms of how it unilaterally interpreted the Court's order, contrary to a clear instruction. There is no need for any sur-reply on this issue. Google's offer to submit yet another "factual declaration" (Dkt. 735-1 at 1 n.1) only further demonstrates the prejudice to Plaintiffs.[2]

*Second*, there is nothing inaccurate in terms of how Google and Mr. Sramek limited the investigation to the "three bits that Plaintiffs identified." Google claims that Mr. Sramek conducted a broad investigation (lots of teams, interviews, etc.), but the fact remains that Google still has not provided any confirmation that no other bits exists. There is no inaccuracy, and this was briefed.

*Third*, Plaintiffs' assertions regarding joinability are accurate, especially as they pertain to Google's outright refusal to identify class members and for preservation. Joinability was briefed with class certification, where Google will also respond to Plaintiffs' pending *Daubert* motion. In terms of the personal log Google described, these are "join" logs with Incognito data, and Google can easily do this with multiple logs, including as illustrated by Google's own prior offer to construct a "super log." Dkt. 555-2 at 5. There is nothing "false" justifying any sur-reply, which just repeats Google's say-so regarding the limited nature of the data in these unproduced logs.

*Fourth*, there is no claim of any misrepresentation about preservation. Unable to dispute the accuracy of Plaintiffs' assertions, Google instead seeks to reargue that there "is no prejudice or spoliation" based on Google's say-so regarding the contents of the unproduced data Google is not preserving. That is exactly the point. Google failed to preserve and produce this data, and Google now makes sweeping claims regarding the lack of relevance, repeating those same points.

---

[2] If requested by the Court, Plaintiffs can provide additional Incognito-detection fields that Mr. Sramek is personally aware of but did not disclose, such as the X-Geo Header. Dr. Sadowski (a 30(b)(6) designee) identified Mr. Sramek as one of the four Google engineers who commented on a document regarding the X-Geo header, which is another proxy signal for Incognito detection. *See* Dkt. 513-2 (public version of Plaintiffs' sanctions briefing that Google redacted for sealing).

*Fifth*, Google's assertions regarding the communications last year being tied to a regulatory inquiry from the CMA are irrelevant and likewise provide no basis for a sur-reply. While Google belatedly seeks to improperly shield those communications as privileged (as will be briefed with the motion to strike), those documents suggest that Mr. Sramek and Google's counsel had ample knowledge of Google's widespread efforts to track Incognito usage well before Mr. Sramek's involvement allegedly began in May 2022. Dkt. 735-1 (citing Dkt. 733 at 1) (the 2021 investigation was potentially relevant to this case). Google's affidavits in support of its motion to strike[3] confirm Google's prior knowledge: Google was conducting the investigation into the X-Client-Data header no later than September 27, 2021. Dkt. 733-2 ¶ 6; Dkt. 733-3 ¶ 3. But the regulatory inquiry was ongoing in June 2021, three months *prior* to the emails with Mr. Sramek. Dkt. 735 at 4, n.5. That Google investigation included several subsequent emails in at least November and December 2021 with custodians and deponents in this case. Dkt. 733-3 ¶¶ 5, 6 (Messrs. Uunk, Leung, and Liao). Google admits the results of that investigation were "potentially relevant" and "eventually shared" with the in-house litigation teams working on this case. Dkt. 733 at 1; Dkt. 733-2 ¶ 10. Google does not deny Mr. Sramek was involved in that investigation, which also included correspondences with Google engineers Messrs. Uunk, Leung, and Liao. *See* Dkt. 733; Dkt. 733-3 ¶ 6.

Google's explanation seems to be that one in-house litigation team (handling the regulatory inquiry, which coincidentally included Google's senior litigation counsel in this case) waited five months to share the details of that investigation with another in-house litigation team handling this case (which included Google's same senior litigation counsel). With the benefit of eight days, and a request for a sur-reply to address the cited document, Google still provided nothing to explain that (alleged) lengthy five-month delay and astonishing coincidence of overlap in personnel.

*Sixth, and finally*, Google attempts to reargue the issue of monetary sanctions; the record is clear on the scope of any dispute regarding entitlement to monetary sanctions.

## IV.   CONCLUSION

Plaintiffs respectfully request the Court deny Google's motion for leave to file a sur-reply.

---

[3] Civil L.R. 7-3(d)(1) requires an objection to be filed within seven days of the reply. Google's motion to strike was also filed eight days after Plaintiffs' reply. Dkt. 733; *supra* § III.A.

| | |
|---|---|
| Dated: September 6, 2022 | Respectfully submitted, |
| | By: /s/ Mark C. Mao |
| | Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>Beko Reblitz-Richardson (CA Bar No. 238027)<br>brichardson@bsfllp.com<br>Erika Nyborg-Burch (CA Bar No. 342125)<br>Enyborg-burch@bsfllp.com<br>BOIES SCHILLER FLEXNER LLP<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293 6858<br>Facsimile (415) 999 9695 |
| | David Boies (*pro hac vice*)<br>dboies@bsfllp.com<br>BOIES SCHILLER FLEXNER LLP<br>333 Main Street<br>Armonk, NY 10504<br>Telephone: (914) 749-8200 |
| | James W. Lee (*pro hac vice*)<br>jlee@bsfllp.com<br>Rossana Baeza (*pro hac vice*)<br>rbaeza@bsfllp.com<br>BOIES SCHILLER FLEXNER LLP<br>100 SE 2nd Street, Suite 2800<br>Miami, FL 33130<br>Telephone: (305) 539-8400<br>Facsimile: (305) 539-1304 |
| | Alison L. Anderson (CA Bar No. 275334)<br>alanderson@bsfllp.com<br>BOIES SCHILLER FLEXNER LLP<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 995-5720<br>Facsimile: (213) 629-9022 |
| | Bill Carmody (*pro hac vice*)<br>bcarmody@susmangodfrey.com<br>Shawn J. Rabin (*pro hac vice*)<br>srabin@susmangodfrey.com<br>Steven Shepard (*pro hac vice*)<br>sshepard@susmangodfrey.com<br>Alexander P. Frawley (*pro hac vice*)<br>afrawley@susmangodfrey.com<br>SUSMAN GODFREY L.L.P. |

| | |
|---|---|
| 1 | 1301 Avenue of the Americas, 32nd Floor |
| | New York, NY  10019 |
| 2 | Telephone: (212) 336-8330 |
| 3 | Amanda Bonn (CA Bar No. 270891) |
| | abonn@susmangodfrey.com |
| 4 | SUSMAN GODFREY L.L.P. |
| | 1900 Avenue of the Stars, Suite 1400 |
| 5 | Los Angeles, CA 90067 |
| 6 | Telephone: (310) 789-3100 |
| 7 | John A. Yanchunis (*pro hac vice*) |
| | jyanchunis@forthepeople.com |
| 8 | Ryan J. McGee (*pro hac vice*) |
| | rmcgee@forthepeople.com |
| 9 | MORGAN & MORGAN, P.A. |
| 10 | 201 N Franklin Street, 7th Floor |
| | Tampa, FL 33602 |
| 11 | Telephone: (813) 223-5505 |
| | Facsimile: (813) 222-4736 |
| 12 | |
| 13 | Michael F. Ram, CA Bar No. 104805 |
| | MORGAN & MORGAN |
| 14 | 711 Van Ness Ave, Suite 500 |
| | San Francisco, CA 94102 |
| 15 | Tel: (415) 358-6913 |
| 16 | mram@forthepeople.com |
| 17 | *Attorneys for Plaintiffs* |