# [Proposed] Order to Plaintiffs' Motion to Exclude Portions of Rebuttal Expert Report of Konstantinos Psounis

# Redacted Version of Document Sought to be Sealed

| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>Erika Nyborg-Burch, CA Bar No. 342125<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br>enyborg-burch@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>GOOGLE LLC,<br>    Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**[PROPOSED] ORDER GRANTING MOTION TO EXCLUDE PORTIONS OF THE REBUTTAL EXPERT REPORT OF KONSTANTINOS PSOUNIS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: September 27, 2022<br>Time:  2:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

[Proposed] Order Granting Plaintiffs' Motion to Exclude Portions of the Rebuttal Expert
Report of Konstantinos Psounis
4:20-cv-03664-YGR-SVK

1  Before the Court is Plaintiffs' Chasom Brown, William Byatt, Jeremy Davis, Christopher
2  Castillo, and Monique Trujillo, on behalf of themselves and all others similarly situated
3  ("Plaintiffs'") Motion to Exclude Portions of the Rebuttal Expert Report of Konstantinos
4  Psounis. On June 7, 2022, Defendant Google LLC ("Google") served the expert report of Dr.
5  Psounis. In this report, Dr. Psounis provided 13 opinions purporting to rebut the opinions
6  rendered by two experts proffered by Plaintiffs: Mr. Hochman and Mr. Schneier. On August 23,
7  2022, Plaintiffs filed the present motion to exclude Psounis opinions 1, 3, and 7-10, all of which
8  attempt to rebut opinions proffered by Mr. Hochman.

9  Upon full consideration of this matter, the Court holds that opinions 1, 3, and 7-10 of Dr.
10 Psounis's report should be excluded. Google has failed to sustain its burden to show these
11 opinions are the product of "reliable principles and methods" that have been "reliably applied."
12 Fed. R. Evid. 702; see also Shelton v. Air & Liquid Sys. Corp., 2022 WL 2712381, at *1 (N.D.
13 Cal. July 11, 2022) (Gonzalez, Rogers, J.) ("The proponent of expert testimony has the burden
14 of proving admissibility in accordance with Rule 702."). In preparing his opening expert report,
15 Mr. Hochman ran tests on over ▇▇▇ entries from ▇ of the ▇ data sources Google itself
16 identified as relevant. Hochman Report App. G ¶ 25. In contrast, Dr. Psounis ran no tests at all,
17 and only reviewed data from ▇ of the ▇ relevant data sources, and then improperly
18 extrapolated based on that narrow analysis. This is insufficient. See In re Roundup Prod. Liab.
19 Litig., 390 F. Supp. 3d 1102, 1112 (N.D. Cal. 2018) ("[U]njustified extrapolations from existing
20 data can require the Court to exclude an expert."); see also Young v. Cree Inc., 2021 WL 292549,
21 at *5 (N.D. Cal. Jan. 28, 2021) (Gonzalez Rogers, J.) (excluding as unreliable testimony from
22 expert that merely "grouped together similar Cree LED bulbs, tested a fraction of them, and then
23 extrapolated his conclusions across a wide array of Cree products.").

24 Moreover, the limited analysis included within Dr. Psounis's report was conducted by
25 Google's counsel, not Dr. Psounis, independently rendering his opinions unreliable and subject

to exclusion. *See Baker v. FirstCom Music*, 2018 WL 2572725, at *5-6 (C.D. Cal. Mar. 27, 2018) (Under *Daubert*, "experts are expected to verify the reliability of the data underlying their conclusions independently instead of simply adopting the representations of an interested party").

Finally, as Dr. Psounis did not even attempt to disprove the Hochman data analysis he purports to rebut, his opinions fall outside the scope of proper rebuttal testimony and are, therefore, untimely. *See* Dkt. 465; *People v. Kinder Morgan Energy Partners, L.P.*, 159 F. Supp. 3d 1182, 1192-93 (S.D. Cal. 2016) (excluding as untimely expert testimony that failed to constitute proper rebuttal report).

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED:**

1. Court **GRANTS** Plaintiffs' Motion to Exclude Portions of the Rebuttal Expert Report of Konstantinos Psounis.

**IT IS SO ORDERED.**

Dated: _____          _____
                                          The Honorable Yvonne Gonzalez Rogers
                                          United States District Judge