**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF TRACY GAO IN SUPPORT OF PLAINTIFFS' MOTION TO CONSIDER WHETHER PORTIONS OF PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE SHOULD BE SEALED**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

I, Tracy Gao, declare as follows:

1. I am a member of the bar of the State of California and an attorney at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I am making this declaration pursuant to Civil Local Rule 79-5(e)-(f) as an attorney for Google as the Designating Party, pursuant to Civil Local Rule 79-5(f)(3) in response to Dkts. 704-705.

3. On August 23, 2022, Plaintiffs filed their Administrative Motion to Consider Whether Google's Materials Should Be Sealed regarding Plaintiffs' Motion to Strike Non-Retained Expert Declarations For Whom Google Provided No Expert Report (Dkts. 704-705). On August 23, 2022, Plaintiffs' filed an unredacted service copy of the documents sought to be sealed (Dkt. 704).

4. The common law right of public access to judicial proceedings is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Crowe v. Cty. of San Diego*, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002) ("[T]here is no right of access which attaches to all judicial proceedings." (internal citations omitted)). The right is weakest where, as here, the proceedings concern a non-dispositive discovery motion; rather than satisfy the more stringent "compelling reasons" standard, a party seeking to seal materials in these circumstances must make only a "particularized showing" of "good cause." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Such sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information"); *Standard & Poor's Corp. Inc. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1275 (S.D.N.Y. 1982) ("[T]he overriding interest to be

1  found in business confidences . . . require[s] . . . temporary reasonably restricted access to the
2  Courtroom of members of the public.").

3        5.    I have reviewed the documents that Plaintiffs seek to file under seal pursuant to Civil
4  Local Rule 79-5(f). Based on my review, there is good cause to seal the following information:

| Document(s) to be Sealed | Basis for Sealing |
|---|---|
| Plaintiffs' Notice of Motion and Motion to Strike Non-Retained Expert Declarations for Whom Google Provided No Expert Report at:<br><br>10:21, 11:9, 11:11-12, 11:14, 11:16<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including details concerning internal projects and metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Declaration of Alexander Frawley in Support of Plaintiffs' Motion to Strike Non-Retained Employee-Expert Declarations for Whom Google Provided No Expert Report at:<br><br>2:8<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including details concerning internal projects, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

| | |
|---|---|
| Exhibit 11 to Frawley Declaration - Deposition of George Levitte (Excerpts) at: 71:18, 71:23-25<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including details concerning internal projects, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

6. Google's request is narrowly tailored in order to protect its confidential information. These redactions are limited in scope and volume. Because the proposed redactions are narrowly tailored and limited to portions containing Google's highly-confidential or confidential information, Google requests that the portions of the aforementioned documents be redacted from any public version of those documents.

7. Google does not seek to redact or file under seal any of the remaining portions of documents not indicated in the table above.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in Washington, D.C. on September 13, 2022.

By    /s/ *Tracy Gao*
       Tracy "Xi" Gao