**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION TO STRIKE (DKT. 733)**<br><br>The Honorable Susan van Keulen |

1

## **<u>TABLE OF CONTENTS</u>**

I.      INTRODUCTION .............................................................................................................1

II.     BACKGROUND ...............................................................................................................2

        A.      Google Produced this Redacted Document Based on Court-Ordered Re-
                Review. .................................................................................................................2

        B.      Google Reviewed the Document Five Times Without Clawing It Back. ..............2

        C.      Google's Untimely Clawback Demand. .................................................................3

        D.      Google Refuses to Meaningfully Meet-and-Confer. .............................................3

III.    ARGUMENT .....................................................................................................................4

        A.      Google Waived any Privilege Over the Unredacted Portions of the
                Document. .............................................................................................................4

        B.      Google Failed to Timely Object Under Local Civil Rule 7-3. ..............................8

        C.      Google Should Submit the Entire Document for *In Camera* Review. ...................8

        D.      Google's Apparent Goal to Delay a Decision on Plaintiffs'
                Supplemental Sanctions Motion. .........................................................................16

IV.     CONCLUSION ................................................................................................................16

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*AdTrader, Inc. v. Google LLC,*
    405 F. Supp. 3d 862 (N.D. Cal. 2019)...............................................................................4, 5, 6

*AT&T Corp. v. Microsoft Corp.,*
    2003 WL 21212614 (N.D. Cal. Apr. 18, 2003).....................................................................11

*Cobell v. Norton,*
    213 F.R.D. 69 (D.D.C. 2003) ................................................................................................14

*Dolby Labs. Licensing Corp. v. Adobe Inc.,*
    402 F. Supp. 3d 855 (N.D. Cal. 2019)..................................................................................10

*Finjan, Inc. v. Cisco Systems Inc.,*
    2020 WL 13180006 (N.D. Cal. June 18, 2020).....................................................................16

*Great-West Life & Annuity Ins. Co. v. American Economy Insurance Co.,*
    2013 WL 5332410 (D. Nev. Sept. 23, 2013)...........................................................................5

*Holley v. Gilead Scis., Inc.,*
    2021 WL 2371890 (N.D. Cal. June 10, 2021)..........................................................................5

*Hologram USA, Inc. v. Pulse Evolution Corp.,*
    2016 WL 3654285 (D. Nev. July 5, 2016) ..........................................................................6, 7

*In re Cendant Corp. Sec. Litig.,*
    343 F.3d 658 (3d Cir. 2003) .................................................................................................12

*In re Google Inc.,*
    462 F. App'x 975 (Fed. Cir. 2012) .......................................................................................11

*In re Grand Jury Subpoena 92-1(SJ),*
    31 F.3d 826 (9th Cir. 1994)...............................................................................................8, 10

*In re Micropro Sec. Litig.,*
    1988 WL 109973 (N.D. Cal. Feb. 26, 1988) ........................................................................10

*Jo Ann Howard & Assocs., P.C. v. Cassity,*
    2014 WL 6845854 (E.D. Mo. Dec. 3, 2014) ........................................................................10

*Kintera, Inc. v. Convio, Inc.,*
    219 F.R.D. 503 (S.D. Cal. 2003) ..........................................................................................12

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i

*Lopes v. Vieira*,
719 F. Supp. 2d 1199 (E.D. Cal. 2010) ............................................................... 12

*Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*,
2010 WL 275083 (S.D. Cal. Jan. 13, 2010) ........................................................... 6

*Medina v. Argent Mortg. Co.*,
2007 WL 3284064 (N.D. Cal. Nov. 2, 2007) ......................................................... 7

*Metzger v. Hussman*,
682 F. Supp. 1109 (D. Nev. 1988) ......................................................................... 7

*Newmark Realty Cap., Inc. v. BGC Partners, Inc.*,
2018 WL 2357742 (N.D. Cal. May 24, 2018) ................................................... 8, 9

*Oracle Am., Inc. v. Google, Inc.*,
2011 WL 3794892 (N.D. Cal. Aug. 26, 2011) ..................................................... 11

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
2019 WL 1950377 (N.D. Cal. May 1, 2019) ....................................................... 11

*Politte v. United States*,
2010 WL 11512354 (N.D. Cal. Mar. 29, 2020) ................................................... 14

*Shopify Inc. v. Express Mobile, Inc.*,
2020 WL 4732334 (N.D. Cal. Aug. 14, 2020) ..................................................... 10

*Thompson v. C & H Sugar Co., Inc.*,
2014 WL 595911 (N.D. Cal. Feb. 14, 2014) ....................................................... 13

*U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*,
247 F.R.D. 656 (D. Kan. 2007) .............................................................................. 9

*United States v. Christensen*,
828 F.3d 763 (9th Cir. 2015) ............................................................................... 11

*United States v. United Health Grp., Inc.*,
2020 WL 10731257 (C.D. Cal. Nov. 9, 2020) ....................................................... 5

**Rules**

Fed. R. Civ. P. 26(b)(3)(A)(ii) .................................................................................. 12

Fed. R. Civ. P. 26(b)(5)(B) ........................................................................................ 9

Fed. R. Evid. 502 .............................................................................................. 4, 5, 6

Local Civil Rule 7-1(b) ............................................................................................ 16

Local Civil Rule 7-3 ............................................................................................. 1, 8

ii

1    **I.      INTRODUCTION**

2         There is no basis for Google's motion to strike or to claw back this redacted document. *See*

3    Dkt. 671-11 (Ex. 6 to Plaintiffs' August 8 motion), labeled GOOG-BRWN-00857642 (the

4    "Document"). As part of the Court-ordered privilege re-review, after initially withholding the

5    Document in its entirety, Google revisited that determination and in July produced the Document

6    with redactions. That redacted version is what Plaintiffs (and Google) properly cited in various

7    filings, and there is no basis to now strike anything.

8         The redacted Document includes emails among Google employees without any attorneys

9    responding, including Bert Leung, Chris Liao, and Martin Sramek. Google attorneys put eyes on

10   this short document ***at least four times***, including with three court filings (two belonging to

11   Google). Each time, Google attorneys concluded (correctly) that at least the unredacted portions

12   of the Document are not privileged. Google did not claim otherwise until after Plaintiffs explained

13   the Document's import to their request for supplemental sanctions. Only then did Google initiate

14   a clawback request and file this motion to strike portions of Plaintiffs' filings.

15        Google's motion should be denied for two reasons. *First*, Google waived any protection

16   by failing to timely object to the use of the redacted Document in numerous prior court filings,

17   including Google filings. *Second*, Google failed to comply with this Court's Local Rules. Google

18   should have filed an objection to reply evidence within seven days of Plaintiffs filing their

19   sanctions reply. Civil L.R. 7-3(d)(1). Google missed that deadline, and should not be permitted to

20   disguise this untimely objection as a separate motion to strike.

21        For the reasons stated below, Plaintiffs also respectfully request that the Court order *in*

22   *camera* review of the entire Document, including the redacted portions. *In camera* review is

23   appropriate because the entirety of the Document is unlikely to be protected, particularly because

24   (1) Google attorneys apparently agree that at least portions are not privileged (as noted above),

25   and (2) no attorney wrote any of the emails with the Document.

26

27

28

## II.    BACKGROUND

### A.    Google Produced this Redacted Document Based on Court-Ordered Re-Review.

On February 23, 2022, Google served its fourth privilege log, containing a single entry for the Document, withholding the Document in its entirety and without providing separate entries for each communication in the Document. Mao Decl. Ex. 1 (Entry 7517). On July 21, 2022, in response to the Court's order regarding Google's re-review of documents withheld as privileged, Google produced the Document with redactions. Mao Decl. ¶ 3. The Document is short—five pages—and includes emails to key people in this case, including Bert Leung, Chris Liao, and Martin Sramek. Mot. at 5. The unredacted portion that Google produced to Plaintiffs is even smaller—approximately one page—including an email from Mr. Leung.[1]

### B.    Google Reviewed the Document Five Times Without Clawing It Back.

Between July and August 2022, Google attorneys reviewed the Document *at least five times*, including with three filings, two *filed by Google*. Each time, Google attorneys concluded that at least portions of the Document (the previously unredacted portions) are *not* privileged.

1. July 21, 2022: Google produces the Document, with heavy redactions, pursuant to its Court-ordered re-review of documents from privilege logs. Dkt. 733-1 ¶ 5. During the re-review process, Google attorneys *decided to de-privilege* and produce portions of this Document, which Google previously withheld in its entirety.

2. August 3, 2022: Plaintiffs send Google an email identifying examples of recently produced documents that Google de-privileged where Plaintiffs have been prejudiced by the belated production, *including the Document*. Mao Decl. ¶ 4.

3. August 8, 2022: Plaintiffs file their motion seeking relief for Google's belated production of documents improperly withheld as privileged (Dkt. 672), *quoting the Document on the first page of their motion*. Plaintiffs also attach the Document to their motion (Dkt. 671-11), and Plaintiffs quote the Document in the Exhibit A chart accompanying their motion (Dkt. 671-3).

4. August 16, 2022: *Google files* its opposition to Plaintiffs' motion, where *Google twice discusses the Document*. Dkt. 692 at 3 & n.2, 5 & n.6. Google addresses the substance of the Document, suggesting that it "reflect[s] information contained in earlier-produced documents on which Plaintiffs have taken substantial discovery." *Id.* at 5.

5. August 16, 2022: *Google files* a motion to strike the Exhibit A chart attached to Plaintiffs' August 8 motion (but not seeking to strike the Document itself, nor the

---

[1] Plaintiffs already isolated the Document and are unable to access it. Mao Decl. ¶ 6. Plaintiffs complied with the clawback request and wrote this brief without re-reviewing the Document. *Id.*

portion of the underlying motion that quoted the Document). Dkt. 693. Google's motion to strike *also discusses the Document*. *Id.* at 2 & n.1.

At no point in connection with any of these filings and communications did Google ever claim that the redacted portions of the Document are privileged, nor did Google at any point seek to claw back any portion of the Document. As noted, Google even filed a motion to strike that did not raise the privilege claim underlying this (subsequent) motion to strike.

### C.    Google's Untimely Clawback Demand.

Google waited until August 26 to issue its clawback demand, doing so only after Plaintiffs discussed the Document in their reply in support of their supplemental sanctions motion (Dkt. 708 at 1-2; 707-3). This marked the sixth time (at least) that Google attorneys reviewed the Document. Did it actually take sophisticated counsel six times to discover that a single-page email thread was privileged? Maybe. After all, "six times was a charm" for legendary attorney Vincent Gambini.[2] More likely, Google decided to claw back the redacted Document only after Plaintiffs, in their sanctions reply, explained the Document's import to ███████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████

### D.    Google Refuses to Meaningfully Meet-and-Confer.

Although Google's clawback request is meritless, Plaintiffs promptly (over that weekend) provided their position and sought to meet-and-confer to minimize the burden on this Court. Mao Decl. ¶ 5. Google did not cooperate. After a meet and confer on August 29, Plaintiffs proposed that Google submit the Document for *in camera* review, and promised that Plaintiffs would revise any filing that referred to portions of the Document the Court found to be privileged. Mao Decl. ¶ 7. To facilitate that process, Plaintiffs asked that Google provide a privilege log entry for each individual email within the Document. *Id.* Plaintiffs also asked Google to provide additional information about the nature of the communications, and Plaintiffs promised not to use Google's provision of additional information as a basis for arguing that Google waived any privilege. *Id.*

---

[2] *My Cousin Vinny* (1992).

1  Plaintiffs sent this proposal on August 30, but Google did not respond until 10:30 p.m. PT on

2  September 2, and Google minutes later filed this motion to strike. *Id.*

3  **III.    ARGUMENT**

4      **A.    Google Waived any Privilege Over the Unredacted Portions of the Document.**

5          Even if the unredacted portions of the Document were protected by attorney-client

6  privilege and/or work product (they aren't, as explained below), Google waived any protection by

7  voluntarily producing those portions after a re-review, and then responding to arguments and

8  discussing those unredacted portions of the Document in multiple filings. Because Google waived

9  any protections over the unredacted portions of the Document that it produced, which is all that

10  Plaintiffs have cited, there is no basis for the Court to strike anything. Google's waiver alone

11  necessitates denial of Google's motion to strike in its entirety.

12          Google waived any privilege by failing to "promptly t[ake] reasonable steps to rectify the

13  [purported] error." Fed. R. Evid. 502. Google has been on notice of this Document since at least

14  July 21, 2022, when Google made the conscious decision to produce a redacted version of it.

15  Google suggests that it took "swift action" to claw back the Document (Mot. at 2), but in fact

16  Google waited over month. During that time, Google attorneys reviewed the unredacted portions

17  of the Document at least four times, including with (A) Plaintiffs' August 3 meet-and-confer email,

18  (B) Plaintiffs' August 8 motion, and (C) and ***two filings that Google prepared***, where Google

19  discussed the Document, including portions Google now claims to be privileged. *See supra* Section

20  II.A. Google at no point objected to the parties' repeated references to the Document.

21          *AdTrader, Inc. v. Google LLC*, 405 F. Supp. 3d 862, 864 (N.D. Cal. 2019) is instructive.

22  *AdTrader* likewise involved a dispute over a document that Google attempted to claw back as

23  privileged, which the plaintiff had also quoted in a court filing. The court reasoned that the

24  plaintiff's filing "should have put Google on notice to at least inquire promptly about whether such

25  a reference, in fact, reflected advice of counsel." *Id.* at 866. Because "Google did not act promptly

26  to investigate and remedy its inadvertent disclosure of privileged information in the [] email after

27  that email was brought to its attention, . . . Google has waived the attorney-client privilege with

28

1   respect to the disputed material in the [] email." *Id.*; *see also Holley v. Gilead Scis., Inc.*, 2021 WL

2   2371890, at *5 (N.D. Cal. June 10, 2021) (finding waiver where plaintiffs "quoted directly from a

3   portion of the [document the defendant] later claimed is privileged" and defendant delayed in

4   seeking to claw back the document). Waiver is even more warranted here because Google itself

5   **twice** discussed the Document in **its own** court filings, including portions Google claims to be

6   privileged.  Google never sought to revise those pleadings or the discussion therein.

7       Google appears to argue that the ESI Order somehow supplants Federal Rule of Evidence

8   502(b) and relieves Google of its obligation to promptly rectify any inadvertent disclosures. Mot.

9   at 7. That argument fails for two reasons. *First*, while "Rule 502 allows parties to modify

10  individualized protective orders, unless those modifications contain 'concrete directives' regarding

11  each prong of Rule 502(b), the prongs of Rule 502(b) remain the standard for evaluating a claw

12  back request." *United States v. United Health Grp., Inc.*, 2020 WL 10731257, at *3 (C.D. Cal.

13  Nov. 9, 2020). "Parties must adequately articulate their desire to supplant the Rule 502 analysis in

14  an agreement under 502 (d) or (e)." *Id.* Here, as in *United Health*, "[t]here is no express statement

15  in the Protective Order demonstrating that the parties intended Rule 502 should not apply." *Id.*

16  Google does not argue otherwise, nor could Google. All the ESI Order provides is that "the mere

17  production of privileged or work-product protected documents . . . is not itself a waiver." Dkt. 80

18  at 5. "Accordingly, the [Court] will follow the established prongs of Rule 502(b) to determine

19  whether waiver occurred." *Id.* Google's reliance on *Great-West Life & Annuity Ins. Co. v.*

20  *American Economy Insurance Co.*, 2013 WL 5332410, at *14 (D. Nev. Sept. 23, 2013) is

21  misplaced. In that case, the ESI agreement "clearly provides that inadvertently produced

22  documents, upon a determination that the documents are privileged, must be returned without

23  waiver to the disclosing party *regardless of the care taken by the disclosing party*." *Id.* (emphasis

24  added). There is no corresponding agreement in this case.

25      *Second*, even if the ESI Order explicitly supplanted Rule 502(b) (it does not), that would

26  not help Google overcome waiver in this scenario, where waiver is based on Google's failure to

27  object to the Document's use (as opposed to a mere delay in discovering the inadvertent

28

PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION TO STRIKE
Case No. 4:20-cv-03664-YGR-SVK

1    disclosure). "Claw–back provisions . . . govern only waivers by inadvertent disclosure. They are

2    intended to override the common law as to inadvertent disclosure, not displace the entire common

3    law concerning privilege. Thus, other common-law waiver doctrines may result in a finding of

4    waiver." *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2016 WL 3654285, at *2 (D. Nev. July 5,

5    2016) (cleaned up). "Accordingly, failure to timely object to the introduction of an exhibit waives

6    any privilege, regardless of the presence of a claw-back provision governing inadvertent

7    disclosure." *Id.* (citing cases). That is precisely the problem for Google here: Google failed to

8    timely object to Plaintiffs' reliance on the redacted Document, including in Plaintiffs' August 8

9    motion, where Plaintiff quoted from the redacted Document and attached it to their filing. Worse,

10   Google subsequently addressed the redacted Document in two of its own filings, including the

11   exact portion that Plaintiffs quoted. Whether the ESI agreement permits "a longer period for

12   clawing back" the Document (Mot. at 7) is beside the point and does not excuse Google's conduct.

13       *Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*, 2010 WL 275083, at *4 (S.D.

14   Cal. Jan. 13, 2010) is instructive. Like the ESI Order in this case, the agreement in *Luna* merely

15   "states that the inadvertent disclosure of privileged documents 'shall not constitute a waiver of any

16   privilege,' it does not address under what circumstances failure to object to the use of inadvertently

17   produced privileged documents waives the privilege, which is what the Court must resolve here."

18   *Id.* Applying Rule 502(b), the *Luna* court concluded that the disclosing party waived any privilege

19   over a memo by failing to object to its use at a deposition. Here, a finding of waiver is even more

20   warranted because *Google* discussed the redacted Document in its own filings. Having done so,

21   Google waived any protections regarding the unredacted portions of the Document.

22         The prior clawback ruling in this case helps Plaintiffs, not Google. *See* Mot. at 7-8 (citing

23   Dkt. 307). That ruling addressed a 31-page document, where Google clawed back limited portions

24   of the document after Plaintiffs had quoted ***different*** portions in a court filing. In Google's own

25   words: "None of the privileged text that Google has now redacted [*i.e.*, sought to claw back] was

26   quoted in the Joint Case Management Statement." Dkt. 290 at 7. Accordingly, there was "no

27   waiver on the facts of this case because the language at issue is not quoted in the case management

28

PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION TO STRIKE
Case No. 4:20-cv-03664-YGR-SVK

1    filings cited by Plaintiffs." Dkt. 307. Here, by contrast, Plaintiffs quoted from the unredacted

2    portion of the Document that Google now claims to be privileged. Yet rather than immediately

3    claw back the Document, Google filed an opposition brief and a motion to strike, each of which

4    addressed that same unredacted portion of the Document that Google now claims to be privileged.

5    There was no way for Google to overlook the purportedly privileged parts of the Document that

6    Google now belatedly seeks to claw back as privileged, particularly where (1) the entire Document

7    is just five pages, (2) the previously unredacted portion is just about one page, (3) Google had

8    plenty of time to consider the Document and how it would respond to Plaintiffs' then-use of the

9    Document, and (4) Google is now seeking to claw back the entire Document. This Court's prior

10   waiver ruling squarely favors Plaintiffs' position in the current dispute.

11           Finally, the Court should reject Google's unsupported attempt to evade its waiver based on

12   Google's procedural objections to Plaintiffs' August 8 privilege motion. Mot. at 8-9. Google has

13   already opposed that motion and separately moved to strike portions on procedural grounds. Dkts.

14   692-93. Whether the Court requires Plaintiffs to re-file their privilege motion (*see* Dkt. 722 at 6

15   (offering to re-file that motion under a different rule)) has no bearing on the entirely separate issue

16   of whether Google waived privilege. Google cites no case for the proposition that a party's failure

17   to timely object to the use of a purportedly privileged document is excused provided the waiving

18   party has independent objections to the receiving party's filing. The two cases Google cites are

19   incredibly far afield. One concerned a motion to strike an untimely opposition brief filed after the

20   deadline to oppose the operative motion. *See Metzger v. Hussman*, 682 F. Supp. 1109, 1110 (D.

21   Nev. 1988). The other concerned a dispute over compliance with this Court's Local Rules on

22   sealing confidential information. *See Medina v. Argent Mortg. Co.*, 2007 WL 3284064, at *2 (N.D.

23   Cal. Nov. 2, 2007).

24           To preserve any privilege, Google was required to object to Plaintiffs' reliance on the

25   allegedly privileged portions of the Document in Plaintiffs' August 8 motion. "An objection is

26   timely only if it is raised when the evidence is first presented." *Hologram USA*, 2016 WL 3654285,

27   at *2. Google came nowhere close to objecting when the Document was "first presented." *Id.*

28

1   Instead, Google discussed the purportedly privileged portions of the Document in two of its own

2   filings. Any protection as to those portions has been waived.

3           **B.**        **Google Failed to Timely Object Under Local Civil Rule 7-3.**

4           Further demonstrating Google's failure to act with diligence, Google's Motion is untimely.

5   After a reply is filed, only two situations permit additional filings: (1) objection to reply evidence;

6   or (2) a relevant judicial opinion published thereafter. Civil L.R. 7-3(d). Any objection to reply

7   evidence must be filed within seven days. Civil L.R. 7-3(d)(1). Plaintiffs filed their reply to their

8   motion for supplemental sanctions on August 25, 2022. Dkt. 708. Any objection to the evidence

9   in support of that reply (including the Document) was due seven days later—on September 1,

10  2022. *See* Civil L.R. 7-3(d)(1). Google missed that deadline, waited an extra day, and filed this

11  Motion hours before Labor Day Weekend.  Plaintiffs' response to Google's clawback request was

12  prompt and detailed; yet Google sat on Plaintiffs' proposal for three days and missed the deadline

13  for objecting. Google improperly seeks an end-run around the Local Rules by disguising its

14  objection to evidence as a motion to strike. The Court should deny Google's Motion, lest Google

15  be rewarded for flouting this Court's clear rules.

16          **C.**        **Google Should Submit the Entire Document for *In Camera* Review.**

17          Whether or not the Court concludes that Google waived privilege, Plaintiffs request that

18  Google be ordered to submit the Document for *in camera* review. Google should submit the entire

19  unredacted Document and mark for the Court the portions that were redacted in the version

20  produced to Plaintiffs. Plaintiffs will then revise any filings that refer to portions of the Document

21  that the Court deems privileged. Simply, if the content on which Plaintiffs relied is not privileged,

22  the Court need not engage in further analysis to determine whether there was a waiver.

23          Plaintiffs' burden in seeking *in camera* review is "relatively minimal." *In re Grand Jury*

24  *Subpoena 92-1(SJ)*, 31 F.3d 826, 830 (9th Cir. 1994). To meet this "lenient threshold," *id.*,

25  Plaintiffs need only make a "showing sufficient to support a reasonable, good faith belief that *in*

26  *camera* inspection may reveal evidence that information in the materials is not privileged,"

27  *Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, 2018 WL 2357742, at *1 (N.D. Cal. May 24,

28

1    2018) (van Keulen, M.J.) (ordering *in camera* review of documents). And when, as here, the

2    challenged document has been clawed back, the party opposing the privilege assertion "may

3    promptly present the information to the court under seal for a determination of the [privilege]

4    claim." Fed. R. Civ. P. 26(b)(5)(B); *see also U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 247 F.R.D.

5    656, 657 (D. Kan. 2007) (conducting *in camera* review of clawed-back document without

6    considering whether the otherwise-applicable standard for *in camera* review was satisfied).

7         Plaintiffs easily meet this minimal burden. Google reviewed the Document at least five

8    times without seeking to claw it back, which shows that even Google's attorneys reasonably

9    believed that *at least* portions of the Document are not privileged. Google's belated attempt to

10   claim privilege over the *entire* Document (raised in its motion to strike) is also meritless,

11   particularly because none of the emails within the Document were written by attorneys.

12              1.    The Previously Unredacted Portions Are Not Privileged.

13        As explained above, Google's lawyers correctly concluded at least five times that at least

14   some portion of the Document is not privileged. This alone gives rise to a more than reasonable

15   belief that *in camera* review "may reveal evidence that information in the materials is not

16   privileged." *Newmark Realty Cap., Inc.*, 2018 WL 2357742, at *1. Google's suggestion that its re-

17   reviewers (and perhaps re-re-reviewers) were "unaware of the genesis of the email thread" (Mot.

18   at 2) is highly questionable, particularly since some of the emails in the Document were marked

19   as "privileged" based on a "regulatory investigation." In any event, Google offers no explanation

20   for the four subsequent occasions when its lawyers put eyes on this small Document and concluded

21   that portions are not privileged.

22        Plaintiffs are not surprised that Google's lawyers concluded that portions of the Document

23   are not privileged. Without discussing the substance of the email, Plaintiffs note for the Court that

24   one unredacted email was from Bert Leung, where he ████████████████████████████

25   ███████████████████████████████████████████████████████████████

26   █████████████████████████████████████████ by Mr. Leung was not

27   solicited by counsel, nor did Mr. Leung provide that information for purposes of seeking or

28

facilitating legal advice. "[C]ommunications, consisting as they do of factual information, do not call for a legal opinion or analysis." *In re Micropro Sec. Litig.*, 1988 WL 109973, at *2 (N.D. Cal. Feb. 26, 1988); *see also Jo Ann Howard & Assocs., P.C. v. Cassity*, 2014 WL 6845854, at *1 (E.D. Mo. Dec. 3, 2014) (document "[n]ot privileged because the communication concerned only underlying facts"). "When a communication may relate to both legal and business advice, the proponent of the privilege must make a 'clear showing' that the 'primary purpose' of the communication was securing legal advice." *Dolby Labs. Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 873 (N.D. Cal. 2019). To the extent Mr. Leung's email can even be construed as "relating to" legal advice, Google comes nowhere near a "clear showing" that Mr. Leung's "primary purpose" was to secure legal advice. *Id.*

Google also fails to credibly explain why any "Privileged & Confidential" header was only ***subsequently*** added ***after*** Mr. Leung made the ▮▮▮▮▮▮▮▮▮▮▮. Dkt. 733-3 (Schneider Decl.) ¶ 5 (declaring that he "added a 'Privileged & Confidential' header at the top of several emails that I sent in this chain, including on November 17, 2021, November 22, 2021, November 25, 2021, and December 13, 2021," thus showing the header was ***omitted*** from prior emails in the chain).[3] That omission supports *in camera* review, since even Google's employees sought to designate only subsequent correspondences—and ***not*** the material upon which Plaintiffs relied.

### 2. The Rest of the Document Is Unlikely to Be Privileged In its Entirety.

Plaintiffs also meet the "lenient threshold" to warrant *in camera* review of the rest of the Document (i.e., the portions that Google redacted in the version produced to Plaintiffs). *In re Grand Jury Subpoena 92-1(SJ)*, 31 F.3d at 830. The attorney-client privilege is "narrowly and strictly construed," and the proponent bears the burden of proving that it applies. *Shopify Inc. v. Express Mobile, Inc.*, 2020 WL 4732334, at *2 (N.D. Cal. Aug. 14, 2020). And Google's claimed privilege based on the role of in-house counsel "warrants heightened scrutiny" because "[i]n-house

---

[3] Mr. Schneider's declaration acknowledges that the Document contains multiple emails within the same thread, but Google refused to provide a privilege log entry for each one. Mao Decl. ¶ 7.

1  counsel may act as integral players in a company's business decisions or activities, as well as legal

2  matters." *Oracle Am., Inc. v. Google, Inc.*, 2011 WL 3794892, at \*4 (N.D. Cal. Aug. 26, 2011).

3  Google's claim is particularly tenuous here because, as far as Plaintiffs can recall, no

4  Google lawyer sent any of the emails within the thread; each email was sent by a non-lawyer.[4]

5  Indeed, in a case that ***Google now relies on***, the court ordered *in camera* review of an email chain

6  (like this one) "between non-attorneys" and, following that review, ordered production of portions

7  of the emails. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL

8  1950377, at \*5 (N.D. Cal. May 1, 2019). Google points to an inapposite portion of *Planned*

9  *Parenthood*, where the court considered a communication that included an attorney. *See* Mot. at 4

10  (quoting portion of the *Planned Parenthood* opinion addressing an "email between Kevin Paul and

11  Savita Ginde," where the court explicitly noted that the withholding party "identif[ied] Paul as an

12  attorney"). Google's other case, *AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614, at \*4 (N.D.

13  Cal. Apr. 18, 2003), is even further afield because that case addressed communications between a

14  company's employees and outside counsel, which is not at issue here.

15  The far more apt case law comparison is *In re Google Inc.*, 462 F. App'x 975, 978 (Fed.

16  Cir. 2012). In that case, the Federal Circuit rejected Google's privilege assertion over an email

17  between non-lawyers where an in-house lawyer was copied but did not respond. That is exactly

18  the type of communications at issue here in terms of what was redacted. And to the extent any

19  portions of the Document do reflect legal advice, those "potentially privileged pages could have

20  been separated from the nonprivileged pages without indirectly revealing client confidences or

21  removing necessary context from the nonprivileged pages." *United States v. Christensen*, 828 F.3d

22  763, 804 (9th Cir. 2015). *In camera* review is needed to assess the proper scope of any privilege

23  with respect to the portions Google previously redacted.

24  ### 3.   The Entirety of the Document Is Unlikely to Be Protected Work Product.

25  Google's work product arguments fare no better. Mot. at 5-6. Google does not specify

26  whether it is asserting fact or opinion work product, but its argument appears focused on fact work

27
---
28  [4] That is of course based on memory. After Google clawed back the document, Plaintiffs asked Google to specify the author of each email within the thread, but Google refused. Mao Decl. ¶ 7.

1   product. *Compare* Mot. at 6 ("Mr. Schneider conducted an internal investigation to obtain

2   information requested by counsel in anticipation of this regulatory inquiry."), *with Kintera, Inc. v.*

3   *Convio, Inc.*, 219 F.R.D. 503, 507 (S.D. Cal. 2003) ("Fact work product consists of factual material

4   that is prepared in anticipation of litigation or trial."). That distinction is important because "core

5   or opinion work product receives greater protection than ordinary work product." *In re Cendant*

6   *Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003).

7        Plaintiffs already know that at least one portion of the Document (the email from Mr. Leung

8   cited in Plaintiffs' August 8 administrative motion) was expressly ***not*** prepared for purposes of

9   litigation or responding to any investigation. ███████████████████████████████████████

10  ████████████████████████████████ Work product does not apply to that

11  email from Mr. Leung, and the same is likely to be true for at least portions of the earlier-in-time

12  emails, which were written by other Google engineers like Mr. Leung.

13       Google's reliance on *In re Cendant Corp.* is misplaced because that case concerned

14  communications with a "non-testifying trial consultant," a far cry from the circumstances here.

15  343 F. 3d at 659. *Kintera* is also distinguishable because all of the emails at issue were sent by a

16  single employee, who had been instructed by counsel to send those emails. 219 F.R.D. at 513.

17  Here, the thread included communications from other non-attorney Google employees like Bert

18  Leung.[5] And *Lopes v. Vieira*, 719 F. Supp. 2d 1199, 1202 (E.D. Cal. 2010) supports Plaintiffs'

19  request for *in camera* review, where that court agreed to review certain documents *in camera*. And

20  while the court ultimately upheld the privilege, the facts are inapposite because the documents in

21  *Lopes* were prepared by an outside law firm. *Id.*

22       Even if work product applied (it does not), Plaintiffs would still be entitled to the Document

23  under the substantial need exception. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii) (work product

24  discoverable when requesting "party shows that it has substantial need for the materials"). As the

25  Court is aware, fact discovery ended long ago, and Plaintiffs already deposed Mr. Leung and Mr.

26

27  ─────────────────────
    [5] Plaintiffs don't know how many emails were sent by Mr. Schneider, as opposed to others like
    Mr. Leung and Mr. Liao, because Google refused to provide that information. Mao Decl. ¶ 7.

28

1    Liao, each of whom also testified before this Court. ████████████████████

2    ███████████████████████████████████████████████████████████████████████

3    ███████████████████████████████████████████████████████████████████████

4    ████████████████████████████████████. *See* Dkt. 672 at 1.[6] Relatedly,

5    the Court already found that Mr. Liao provided "incomplete" and "misleading" testimony during

6    his deposition. Dkt. 593-3 at 16. █████████████████████████████████████████

7    ███████████████████████████████████████████████████████████████████████

8    ██████████████████   Dkt. 708 at 1-2; 707-3. The exception to work product applies because

9    "Plaintiffs' attempts to acquire the facts underlying the investigation from other sources have been

10   unsuccessful," particularly given Google's discovery misconduct and its witnesses' obstruction.

11   *Thompson v. C & H Sugar Co., Inc.*, 2014 WL 595911, at *4 (N.D. Cal. Feb. 14, 2014). Since

12   discovery is over, Plaintiffs have no other way to obtain the material within the Document.

13         Google's blanket assertion of privilege over an entire email thread, where none of the

14   emails were sent by a lawyer, is particularly dubious, and *in camera review* is warranted to test

15   that assertion. Google claims Plaintiffs' privilege challenges "have been baseless" (Mot. at 4), but

16   Google appears to have forgotten that Plaintiffs' challenges resulted in "the significant correction

17   rate of 25% in this case," which "g[a]ve the Court pause," Dkt. 522 at 2, and resulted in additional

18   re-review and productions that yielded a 37% correction rate (Dkt. 566), and culminating in the

19   Court ordering Google to re-review all documents that fell into suspect categories (Dkt. 605).

20   Equally baffling is Google's suggestion that the Court has reviewed 30 documents *in camera* and

21   disagreed with Google on just two of them. Mot. at 4. In fact, the Court has reviewed just 6

22   documents *in camera*, and agreed with Plaintiffs on two of them. *See* Dkt. 515 (reviewing four

23   documents *in camera* and disagreeing with Google on one of them); Dkt. 541 (reviewing one

24   document *in camera* and ordering production of additional portions); Dkt. 307 (reviewing one

25   document in *camera* and agreeing with Google). Google's final plea for the Court to invoke its

26

27   _____

28   [6] Plaintiffs are intentionally being vague to avoid referring to the substance of the emails at issue.

1   "inherent authority" also falls flat. Mot. at 9-10. Even the cases Google cites did not grant the

2   motion to strike until **after** conducting *in camera* review of the purportedly privileged materials.[7]

3                    4.       The Court Should Consider the Crime-Fraud Exception

4           As the Court conducts its *in camera* review, Plaintiffs ask the Court to keep in mind the

5   crime-fraud exception to privilege. To the extent the Document demonstrates that Martin Sramek

6   and Google's senior litigation counsel for this case ███████████████████████████████████

7   ████████████████████████████████████████████, that would also provide grounds to

8   reject Google's clawback demand and order production.

9           Given the people involved and the 2021 dates associated with these communications

10  (information that is not privileged), the Document suggests that Google's in-house senior litigation

11  counsel and Mr. Sramek obtained information from ████████████████████████████████

12  ████████████████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████████████████

17  ████████████████████████████████

18          ████████████████████████████████████████████████████████████████████

19  █████████ ██ ████ ████ ███ ██████ ██████ ██████ ████ ███████ ██

20  ████████████████████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████████████████████████

---

25  [7] *See Politte v. United States*, 2010 WL 11512354, at *15 (N.D. Cal. Mar. 29, 2020) ("From its
26  review of the disputed emails, the Court finds that the back and forth between Ms. Kelly and Ms.
     Meigs involved a client seeking legal advice from an attorney . . . ."); *Cobell v. Norton*, 213 F.R.D.
27  69, 73 (D.D.C. 2003) ("After examining the Six Documents, the Court concludes that the four
     letters and one of the memoranda fall within the scope of the attorney-client privilege.").
28

1 ████████████████████████████████ ████████████████████████████████████

2 ████████████████████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████████████.

4       The crime-fraud exception may also apply to the extent the Document contradicts

5 representations Google made to the Court in the parties' joint letter brief relating to Plaintiffs'

6 February 8, 2022 motion to compel custodial documents from Bert Leung. Dkt. 399. ████████

7 ████████████████████████████████████████████████████████████████████████

8 ████████████████████████████████████████████████████████████████████████

9 ████████████████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████████████████

11 ██████████████████████████████████ ███████████████████████████████████

12 ████████████████████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████████████████

14 ████ *In camera* review is appropriate to assess these core issues.

15       As such, the Document may contain evidence of a fraud perpetuated on this Court. The

16 Document may also contain evidence of Google planning to evade or violate its commitments to

17 the United Kingdom's Competition and Markets Authority ("CMA").[8]

18 _____

19 [8] ████████████████████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████████████████████

24 ████████████████████████████████████████████████████████████████████████

25 ████████████████████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████████████████████████

27 ████████████████████████████████████████████████████████████████████████

28

PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION TO STRIKE
Case No. 4:20-cv-03664-YGR-SVK

1

**D.      Google's Apparent Goal to Delay a Decision on Plaintiffs' Supplemental Sanctions Motion.**

2

Plaintiffs are concerned that Google's Motion to Strike is in part designed to delay a

3

decision on Plaintiffs' pending motion for supplemental discovery sanctions. Dkt. 656. Plaintiffs

4

identified critical deficiencies warranting additional sanctions, Google did not oppose additional

5

briefing (Dkt. 618), and the Court adopted Google's proposed briefing schedule (Dkt. 624). With

6

briefing fully submitted by August 25, 2022 (Dkt. 624), Google now appears set on delaying that

7

process, filing the instant motion to strike and setting a hearing for October 18, while ignoring

8

Plaintiffs' request to simply submit the Document for *in camera* review to resolve this dispute.

9

Under Civil Local Rule 7-1(b), the Court may exercise its discretion to decide a motion

10

"without oral argument or by telephone conference call." Civil Local Rule 7-1(b) also provides

11

this option "upon request by counsel and with the Judge's approval." This Court has exercised that

12

discretion in the past. *See, e.g.*, *Finjan, Inc. v. Cisco Systems Inc.*, 2020 WL 13180006, *1 (N.D.

13

Cal. June 18, 2020) (van Keulen, M.J.) (deeming matter "suitable for determination without a

14

hearing," citing Civil L.R. 7-1(b)).

15

Plaintiffs of course defer to the Court on whether there should be a hearing on Google's

16

motion to strike and, if so, whether it should take place on October 18 or sooner. Plaintiffs will

17

make themselves available at the Court's convenience.

18

**IV.      CONCLUSION**

19

Plaintiffs respectfully request that the Court deny Google's motion to strike and, in

20

addition, order Google to submit the entire Document for *in camera* review, including the redacted

21

portions.

22

23

Dated: September 14, 2022                    Respectfully submitted,

24

By: */s/ Mark Mao*

25

26

27

28

16

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (*pro hac vice*)
Enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (*pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

James Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Alison L. Anderson (CA Bar No. 275334)
aanderson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S Figueroa Street
31st Floor
Los Angeles, CA 90017
Telephone: (213) 995-5720

Amanda K. Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven M. Shepard (*pro hac vice*)
sshepard@susmangodfrey.com

Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*