1  **BOIES SCHILLER FLEXNER LLP**
   David Boies (admitted *pro hac vice*)
2  333 Main Street
   Armonk, NY 10504
3  Tel: (914) 749-8200
4  dboies@bsfllp.com

5  Mark C. Mao, CA Bar No. 236165
   Beko Reblitz-Richardson, CA Bar No. 238027
6  Erika Nyborg-Burch, CA Bar No. 342125
   44 Montgomery St., 41st Floor
7  San Francisco, CA 94104
   Tel.: (415) 293-6800
8  mmao@bsfllp.com
9  brichardson@bsfllp.com
   enyborg-burch@bsfllp.com

10 James Lee (admitted *pro hac vice*)
11 Rossana Baeza (admitted *pro hac vice*)
   100 SE 2nd St., 28th Floor
12 Miami, FL 33131
   Tel.: (305) 539-8400
13 jlee@bsfllp.com
   rbaeza@bsfllp.com
14
   Alison L. Anderson, CA Bar No. 275334
15 725 S Figueroa St., 31st Floor
   Los Angeles, CA 90017
16 Tel.: (213) 995-5720
17 alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**[PROPOSED] ORDER DENYING GOOGLE'S MOTION TO STRIKE (DKT. 733)**<br><br>The Honorable Susan van Keulen |

Before the Court is Google's Motion to Strike (Dkt. 733, Google's "Motion"), to which Plaintiffs responded in opposition. Having considered the parties' papers filed in support of and in opposition to Google's Motion, and all other matters properly considered by this Court, the Court **DENIES** Google's Motion.

**FACTUAL BACKGROUND**

On July 21, 2022, in response to this Court's order regarding Google's re-review of documents withheld as privileged (Dkt. 605), Google produced the Document at issue with redactions. The Document is five pages and includes emails among Google employees well known to this Court through previous briefing, including Bert Leung, Chris Liao, and Martin Sramek. Motion at 5. The unredacted portion that Google produced to Plaintiffs is approximately one page, including an email from Mr. Leung.

Between July and August 2022, Google attorneys reviewed the Document at least five times, including in connection with three filings—*two of which were filed by Google*. Each time, Google attorneys concluded that at least portions of the Document (the previously unredacted portions) are not privileged. These five occasions occurred on July 21 (Dkt. 733-1 ¶ 5), August 3 (Dkt. ___, Mao Decl. ¶ 4), August 8 (Dkts. 671-3, 671-11, 672), and twice on August 16 (Dkts. 692, 693). Google did not challenge or otherwise claw back the Document following any of these events. Google waited until August 26 to claw back the Document (in its entirety), doing so only after Plaintiffs discussed the Document in their reply in support of their supplemental sanctions motion (Dkt. 708 at 1-2; 707-3). This marked the sixth time (at least) that Google attorneys reviewed the Document.

Google now moves to strike portions of various prior filings where Plaintiffs discussed the Document. For the reasons set forth below, Google's motion is denied.

**LEGAL ANALYSIS**

    **1. *Google Waived Privilege over the Redacted Portions of the Document.***

Google waived any protection over the unredacted portions of the Document by failing to object to Plaintiffs' use of those portions of the Document. Rather than object, Google responded

to Plaintiffs' arguments and discussed those specific portions of the Document in multiple filings *of its own*. Accordingly, there is no basis for the Court to strike the parts of Plaintiffs' prior filings that refer to the unredacted portions of the Document. Google waived any applicable protection over those portions by failing to "promptly t[ake] reasonable steps to rectify the [purported] error." Fed. R. Evid. 502. After Plaintiffs relied on those portions of the Document, "Google did not act promptly to investigate and remedy its inadvertent disclosure of privileged information . . . . Google has waived the attorney-client privilege with respect to the disputed material in the [] email." *AdTrader, Inc. v. Google LLC*, 405 F. Supp. 3d 862, 864 (N.D. Cal. 2019).

### 2. Google Shall Submit the Entire Document for In Camera Review.

Plaintiffs have also met their "relatively minimal" burden to seek *in camera* review. *In re Grand Jury Subpoena 92-1(SJ)*, 31 F.3d 826, 830 (9th Cir. 1994). Plaintiffs need only make a "showing sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, 2018 WL 2357742, at *1 (N.D. Cal. May 24, 2018) (van Keulen, M.J.) (ordering *in camera* review of documents). Plaintiffs have met this burden, including because (1) Google's attorneys apparently agree that at least portions of the Document are not protected, and (2) the Document consists of emails where in-house attorneys are copied but do not respond. Within two business days of this Order, Google shall provide the Court with the entire document for *in camera* review. In doing so, Google shall specify the portions that were produced to Plaintiffs.

**IT IS SO ORDERED.**

DATED: _____     _____
                                        Honorable Susan van Keulen
                                        United States Magistrate Judge