**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

| | |
|---|---|
| Diane M. Doolittle (CA Bar No. 142046) | Andrew H. Schapiro (admitted *pro hac vice*) |
| dianedoolittle@quinnemanuel.com | andrewschapiro@quinnemanuel.com |
| Sara Jenkins (CA Bar No. 230097) | Teuta Fani (admitted *pro hac vice*) |
| sarajenkins@quinnemanuel.com | teutafani@quinnemanuel.com |
| 555 Twin Dolphin Drive, 5th Floor | Joseph Margolies (admitted *pro hac vice*) |
| Redwood Shores, CA 94065 | josephmargolies@quinnemanuel.com |
| Telephone: (650) 801-5000 | 191 N. Wacker Drive, Suite 2700 |
| Facsimile: (650) 801-5100 | Chicago, IL 60606 |
| | Telephone: (312) 705-7400 |
| | Facsimile: (312) 705-7401 |
| Stephen A. Broome (CA Bar No. 314605) | Josef Ansorge (admitted *pro hac vice*) |
| stephenbroome@quinnemanuel.com | josefansorge@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | Xi ("Tracy") Gao (CA Bar No. 326266) |
| violatrebicka@quinnemanuel.com | tracygao@quinnemanuel.com |
| Crystal Nix-Hines (CA Bar No. 326971) | Carl Spilly (admitted *pro hac vice*) |
| crystalnixhines@quinnemanuel.com | carlspilly@quinnemanuel.com |
| Alyssa G. Olson (CA Bar No. 305705) | 1300 I Street NW, Suite 900 |
| alyolson@quinnemanuel.com | Washington D.C., 20005 |
| 865 S. Figueroa Street, 10th Floor | Telephone: (202) 538-8000 |
| Los Angeles, CA 90017 | Facsimile: (202) 538-8100 |
| Telephone: (213) 443-3000 | |
| Facsimile: (213) 443-3100 | |
| Jomaire Crawford (admitted *pro hac vice*) | Jonathan Tse (CA Bar No. 305468) |
| jomairecrawford@quinnemanuel.com | jonathantse@quinnemanuel.com |
| 51 Madison Avenue, 22nd Floor | 50 California Street, 22nd Floor |
| New York, NY 10010 | San Francisco, CA 94111 |
| Telephone: (212) 849-7000 | Telephone: (415) 875-6600 |
| Facsimile: (212) 849-7100 | Facsimile: (415) 875-6700 |

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF DONALD SETH FORTENBERY IN SUPPORT OF GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE NON-RETAINED EXPERT DECLARATIONS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

I, Donald Seth Fortenbery, declare as follows:

1. I am a member of the bar of the State of Kentucky and an attorney for Quinn Emanuel Urquhart & Sullivan, LLP, which serves as Google's outside counsel in this litigation. I have been admitted pro hac vice in this matter. Dkt. 547. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Pursuant to Civil Local Rule 79-5, I submit this declaration in support of Google LLC's Administrative Motion to Seal Portions of Google's Opposition to Plaintiffs' Motion to Strike Non-Retained Expert Declarations for Whom Google Provided No Expert Report ("Google's Opposition"). In making this request, Google has carefully considered the relevant legal standard and policy considerations outlined in Civil Local Rule 79-5. Google makes this request with the good faith belief that the information sought to be sealed consists of Google's confidential and proprietary information and that public disclosure could cause competitive harm.

3. The information requested to be sealed contains Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including details regarding Google's internal projects, data sources, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors.

4. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3.

5. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their data logging system designs and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's data logging infrastructure.

6. I have reviewed the documents that Plaintiffs seek to file under seal pursuant to Civil Local Rule 79-5(f). Based on my review, there is good cause to seal the following information:

| Document(s) to be Sealed | Basis for Sealing |
|---|---|
| Google's Opposition to Plaintiffs' Motion to Strike Non-Retained Expert Declarations for Whom Google Provided No Expert Report at:<br><br>12:12-14, 13:26-27 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including details concerning internal projects and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 3 Schapiro Declaration (Excerpts of 6/16/2021 G. Berntson Deposition) at:<br><br>4:12, 4:18, 4:21, 121:9-11, 121:13-21, 122:10-24, 123:1-4, 123:10-11, 123:13-14, 123:16, 123:18, 123:20, 124:1, 124:3, 124:9-12, 124:23, 125:6-7, 125:10, 125:18, 390:1-2, 390:15, 390:20 395:24, 396:14 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including details concerning internal projects, data sources and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

7. Google's request is narrowly tailored in order to protect its confidential information. These redactions are limited in scope and volume. Because the proposed redactions are narrowly tailored and limited to portions containing Google's highly-confidential or confidential information,

1  Google requests that the portions of the aforementioned documents be redacted from any public
2  version of those documents.
3       8.     Google does not seek to redact or file under seal any of the remaining portions of
4  documents not indicated in the table above.
5       9.     For these reasons, Google respectfully requests that the Court order Google's
6  Opposition to be filed under seal.

8  I declare under penalty of perjury of the laws of the United States that the foregoing is true
9  and correct. Executed in Hoboken, New Jersey on September 14, 2022.

By    /s/ *Donald Seth Fortenbery*
      Donald Seth Fortenbery
      *Attorney for Defendant*