# EXHIBIT 1

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Reblitz-Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.  5:20-cv-03664-LHK<br><br>**PLAINTIFFS' INTERROGATORIES TO DEFENDANT GOOGLE LLC, SET ONE** |

1    Propounding Party:   Plaintiffs Chasom Brown, Maria Nguyen, William Byatt, Jeremy Davis, and

2                         Christopher Castillo

3    Responding Party:    Defendant Google LLC

4    Set No.:             One

5          Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs Chasom Brown, Maria

6    Nguyen, William Byatt, Jeremy Davis, and Christopher Castillo ("Plaintiffs") hereby submit the

7    following Interrogatories to Defendant Google LLC ("Google").  Each interrogatory is to be read

8    in accordance with the Definitions and Instructions that follow.  Responses are due within thirty

9    (30) days of service.

10                                   **<u>DEFINITIONS</u>**

11         1.    The term "ALL" includes the word "ANY," and vice versa.

12         2.    The term "CLASS PERIOD" means the time period from June 1, 2016 through the

13   present and ongoing.

14         3.    The term "USER" includes the word "CONSUMERS," and vice versa.

15         4.    The term "INCLUDE" or "INCLUDING" means "include, but not limited to" or

16   "including, but not limited to."

17         5.    The term "GOOGLE" means GOOGLE LLC and any of its directors, officers,

18   consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees,

19   employees, attorneys and any other persons acting on GOOGLE LLC'S behalf, including

20   contractors.

21         6.    The term "PERSON" or "PERSONS" includes without limitation any natural

22   person, firm, association, organization, partnership, business, trust, corporation, or public entity.

23   Any reference to a PERSON that is a business entity and is not otherwise defined INCLUDES that

24   PERSON's predecessors, if any (INCLUDING any pre-existing PERSON that at any time became

25   part of that entity after merger or acquisition), successors, parents divisions, subsidiaries, affiliates,

26   franchisors and franchisees, and any other PERSON acting for or on behalf of them.

27         7.    The terms "CONCERNING," "RELATE," or "RELATING TO" INCLUDE

28   addressing, analyzing, concerning, constituting, containing, commenting on, discussing,

2

1  describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting

2  on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings,

3  and shall be construed in the broadest sense possible.

4       8.    The term "X-CLIENT-DATA HEADER" means a unique digital string of

5  characters as described in paragraphs 94 to 99 of the First Amended Complaint.

6       9.    The term "YOU" or "YOUR" means or refers to DEFENDANT GOOGLE LLC,

7  and any of his or their attorneys, agents, representatives, predecessors, successors, assigns, and any

8  PERSONS acting or purporting to act on his or their behalf.

9  **GENERAL INSTRUCTIONS**

10       1.    **Time Period.** The time period for these requests is June 1, 2008 through the present

11  unless stated otherwise.

12       2.    **Responses**:  When an Interrogatory asks for specific information, and the specific

13  information requested is not known to you, such Interrogatory shall be deemed to ask you to

14  approximate the information requested as best you can, provided that you indicate in your response

15  that the information being provided is an approximation or is incomplete in certain specific requests.

16  When, after a reasonable and thorough investigation using due diligence, you are unable to answer

17  any part of an Interrogatory because of lack of information available to you, specify in full and

18  complete detail the type of information which you claim is not available to you and what has been

19  done by you to locate such information.  In addition, specify what knowledge or information you

20  have concerning the unanswered portion of the Interrogatory, set forth the facts upon which such

21  knowledge or belief is based, and identify the person or entity who is likely to have the information

22  which you claim is not available.

23       3.    **Construction**:  For purposes of reading, interpreting, or construing the scope of the

24  DEFINITIONS, INSTRUCTIONS, and INTERROGATORIES, all of the terms shall be given their

25  most expansive and inclusive interpretation. This INCLUDES the following:

26       (a)    The singular form of a word shall be interpreted as plural, and vice versa.

27       (b)    "And," "or," as well as "and/or" shall be construed either disjunctively or

28  conjunctively as necessary to bring within the scope of the Request any

document that might otherwise be construed to be outside the scope of the Request.

(c)     "All," "each" and "any" shall be construed as "all, each, and any."

(d)     The masculine form of a word shall be interpreted as and shall include the feminine, and vice versa.

(e)     The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.

4.     **Objections:** Each Interrogatory shall be responded to fully, unless it is objected to in good faith. In that case, the reason(s) for the objection shall be stated in writing and with particularity. If an objection is to only a portion of the Interrogatory, state the objection as to that portion only and respond to any portion of the Interrogatory to which YOU do not object.

(a)     If YOU claim any ambiguity in interpreting the Interrogatory or any of the applicable Instructions or Definitions, such claim shall not be used as a basis for refusing to respond to the Interrogatory. In any such circumstance, YOU should set forth as part of YOUR response the language claimed to be ambiguous and the interpretation chosen or used by YOU in responding to the Interrogatory and YOU shall respond as fully as possible notwithstanding any claimed ambiguity or objection.

(b)     If YOU object to the Interrogatory on the ground that it is overly broad, YOU are instructed to provide a response as narrowed to conform to YOU objection and to state in YOUR response: (1) how YOU narrowed the Interrogatory; and (2) all reason(s) why YOU claim the Interrogatory is overly broad.

5.     **Privilege Log:**  If any information called for by these Interrogatories is withheld under a claim of privilege or is not responded to for whatever reason, you are requested at the time of responding to these Interrogatories to separately state in writing and with specificity for any such

4

information withheld (a) the claim of privilege or other reason asserted for withholding such information; and (b) all information supporting the claim of privilege or other reason for withholding asserted as to such information, including, without limitation, the type or nature of the response for which a privilege is claimed, all in a manner sufficient to allow each response to be described to the Court in order for the Court to rule on the validity of the claim of privilege or other reason asserted for withholding your response.  You are further requested to provide all requested information that is not subject to a claim of privilege or other reasons for nonresponse by excising or otherwise protecting the portion of such response for which a privilege is asserted and responding to the remainder of the interrogatory.

6. **Continuing Obligation**:  These interrogatories are to be considered continuing in nature, and you must promptly furnish supplemental responses if any additional information is discovered or created after your responses are tendered, or if any of your responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

## INTERROGATORIES

### INTERROGATORY NO. 1:

For the class period, describe Google's collection, storage, and use of data from users' private browsing, including (a) identifying what data Google collects (e.g., URL), (b) how Google collects such data (e.g., Google scripts), (c) where and how such data is stored by Google (e.g., specific Google databases), (d) how such data is used (e.g., profiles, association with other data, advertising, product improvement), and (e) describing any changes during the class period.

### INTERROGATORY NO. 2:

Please describe the history of Google's use, transfer, and storage of the X-Client-Data Header, including (a) identifying any period of time during which Google's Chrome browser did not transmit any X-Client-Data Header to Google while users are in Incognito mode, (b) explaining when and why Google made any changes to the transfer of X-Client-Data Header to Google while users are in Incognito mode, (c) explaining when and why Google paired data Google received via Google Analytics or Google Ad Manager with Google Analytics USER-ID or any other user identifier where Google did not also receive any X-Client-Data Header information, and (d) the

person involved with any changes to the transfer of X-Client-Data Header while users are in Incognito mode.

**INTERROGATORY NO. 3:**

During the class period, for each occasion where Google received data via Google Analytics or Google Ad Manager in connection with any user browsing but where Google did not also receive any X-Client-Data Header information, identify (a) the time period during which Google received that data, (b) the total number of occasions Google received that data, with monthly breakdowns, (c) the total number of users for which Google received that data, with monthly breakdowns, (d) the types and amount of data that Google received, (e) whether and when such data was paired with Google Analytics USER-ID or any additional user identifier (such as users' Gmail or another Google login), with monthly breakdowns, and (f) how that data was used by Google, including in terms of any profiles.

Dated:  December 23, 2020

**BOIES SCHILLER FLEXNER LLP**

By: _____
        Mark C.  Mao

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Reblitz-Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307

6

jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

*Attorneys for Plaintiffs*

PLAINTIFFS' INTERROGATORIES TO DEFENDANT GOOGLE LLC, SET ONE
CASE NO.: 5:20-CV-03664-LHK

1

<u>**PROOF OF SERVICE**</u>

2

I, Vicky L. Ayala, declare:

3

I am a citizen of the United States and employed in the City and County of San

4

Francisco, CA.  I am over the age of 18 and not a party to the within action; my business

5

address is 44 Montgomery St., 41st Floor, San Francisco, CA  94104.

6

On December 23, 2020, I served the following document(s) described as:

7

**PLAINTIFFS' INTERROGATORIES TO DEFENDANT GOOGLE LLC, SET ONE**

8

9
☐    **BY FACSIMILE TRANSMISSION**: As follows: The papers have been
transmitted to a facsimile machine by the person on whom it is served at the

10
facsimile machine telephone number as last given by that person on any
document which he or she has filed in the cause and served on the party

11
making the service. The copy of the notice or other paper served by
facsimile transmission shall bear a notation of the date and place of

12
transmission and the facsimile telephone number to which transmitted or be

13
accompanied by an unsigned copy of the affidavit or certificate of
transmission which shall contain the facsimile telephone number to which

14
the notice of other paper was transmitted to the addressee(s).

15

16
☐    **BY MAIL**: As follows: I am readily familiar with the firm's practice of
collection and processing correspondence for mailing. Under that practice it
would be deposited with U.S. postal service on that same day with postage

17
thereon fully prepaid at San Francisco, CA, in the ordinary course of

18
business. I am aware that on motion of the party served, service is presumed
invalid if postage cancellation date or postage meter date is more than one

19
day after date of deposit for mailing in affidavit.

20
☐    **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's

21
practice of collection and processing correspondence for overnight mailing.
Under that practice, it would be deposited with overnight mail on that same

22
day prepaid at San Francisco, CA in the ordinary course of business.

23
☒    **BY ELECTRONIC MAIL TRANSMISSION**:  By electronic mail

24
transmission from vayala@bsfllp.com on December 23, 2020, by
transmitting a PDF format copy of such document(s) to each such person at

25
the e-mail address(es) listed below their address(es).  The document(s)

26
was/were transmitted by electronic transmission and such transmission was
reported as complete and without error.

27

28

Case No. 5:20-cv-03664-LHK

| | |
|---|---|
| Andrew H. Schapiro (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel: 312-705-7400<br>Fax: 312-705-7401<br>andrewschapiro@quinnemanuel.com | *Attorney for Defendant* |
| Stephen A. Broome<br>Viola Trebicka<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: 213-443-3000<br>Fax: 213-443-3100<br>stephenbroome@quinnemanuel.com<br>violatrebicka@quinnemanuel.com | *Attorneys for Defendant* |
| Diane M. Doolittle<br>Thao Thai<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Tel: 650-801-5000<br>Fax: 650-8015100<br>dianedoolittle@quinnemanuel.com<br>thaothai@quinnemanuel.com | *Attorneys for Defendant* |
| William Burck (*pro hac vice*)<br>Josef Ansorge (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>1300 I Street NW, Suite 900<br>Washington, D.C., 20005<br>Tel: 202-538-8000<br>Fax: 202-538-8100<br>williamburck@quinnemanuel.com<br>josefansorge@quinnemanuel.com | *Attorneys for Defendant* |
| Jonathan Tse<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: 415-875-6600<br>Fax: 415-875-6700<br>jonathantse@quinnemanuel.com | *Attorney for Defendant* |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 23, 2020, at San Francisco, CA.

Case No. 5:20-cv-03664-LHK

1
_____
Vicky L. Ayala

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28