# EXHIBIT 2

| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165 | William S. Carmody (admitted *pro hac vice*) |
| Sean P. Rodriguez, CA Bar No. 262437 | Shawn Rabin (admitted *pro hac vice*) |
| Beko Richardson, CA Bar No. 238027 | Steven M. Shepard (admitted *pro hac vice*) |
| **BOIES SCHILLER FLEXNER LLP** | **SUSMAN GODFREY L.L.P.** |
| 44 Montgomery St., 41st Floor | 1301 Avenue of the Americas, 32nd Floor |
| San Francisco, CA 94104 | New York, NY 10019-6023 |
| Tel.: (415) 293-6800 | Tel.: (212) 336-8330 |
| Fax: (415) 293-6899 | Fax: (212) 336-8340 |
| mmao@bsfllp.com | bcarmody@susmangodfrey.com |
| srodriguez@bsfllp.com | srabin@susmangodfrey.com |
| brichardson@bsfllp.com | sshepard@susmangodfrey.com |
| | |
| James Lee (admitted *pro hac vice*) | John A. Yanchunis (admitted *pro hac vice*) |
| Rossana Baeza (admitted *pro hac vice*) | Ryan J. McGee (admitted *pro hac vice*) |
| **BOIES SCHILLER FLEXNER LLP** | **MORGAN & MORGAN** |
| 100 SE 2nd St., 28th Floor | 201 N. Franklin Street, 7th Floor |
| Miami, FL 33131 | Tampa, FL 33602 |
| Tel.: (305) 539-8400 | Tel.: (813) 223-5505 |
| Fax: (303) 539-1307 | jyanchunis@forthepeople.com |
| jlee@bsfllp.com | rmcgee@forthepeople.com |
| rbaeza@bsfllp.com | |

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all other similarly situated,<br><br>                 Plaintiffs,<br>     v.<br><br>GOOGLE LLC,<br><br>                 Defendant. | Case No.  5:20-cv-03664-LHK<br><br>**PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT GOOGLE LLC, SET ONE** |

Propounding Party:   Plaintiffs Chasom Brown, Maria Nguyen, William Byatt, Jeremy Davis, and Christopher Castillo

Responding Party:    Defendant Google LLC

Set No.:             One

Pursuant to Federal Rules of Civil Procedure 26 and 36, Plaintiffs Chasom Brown, Maria Nguyen, William Byatt, Jeremy Davis, and Christopher Castillo ("Plaintiffs") hereby submit the following requests for admissions to Defendant Google LLC ("Google"). Each request is to be read in accordance with the Definitions and Instructions that follow. Responses are due within thirty (30) days of service.

## DEFINITIONS

1. The term "ALL" includes the word "ANY," and vice versa.

2. The term "COMMUNICATION" is to be construed in the broadest possible sense, and includes, but is not limited to, any transmission of information in any form and of any kind, including electronic, oral, or written transmission, whether such was by chance, prearranged, formal or informal, including conversations in person, notes of conversations, letters, electronic mail, telephone conversations, facsimile transmissions, correspondence or memoranda, formal statements, press releases or newspaper articles.

3. The term "CONCERNING" includes addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

4. The term "GOOGLE" means GOOGLE LLC and any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees, employees, attorneys and any other persons acting on GOOGLE LLC'S behalf, including contractors.

5. The term "INCLUDE" or "INCLUDING" means "include, but not limited to" or "including, but not limited to."

6. The term "PERSON(S)" includes without limitation any natural person, firm, association, organization, partnership, business, trust, corporation, or public entity. Any reference to a PERSON that is a business entity and is not otherwise defined INCLUDES that PERSON's predecessors, if any (INCLUDING any pre-existing PERSON that at any time became part of that entity after merger or acquisition), successors, parents divisions, subsidiaries, affiliates, franchisors and franchisees, and any other PERSON acting for or on behalf of them.

7. The term "PLAINTIFFS" mean Chasom Brown, Maria Nguyen, William Byatt, Jeremy Davis, and Christopher Castillo.

8. The term "REGULATORS" includes all government agencies and regulators that have requested documents or information from Google and/or initiated any investigation or action concerning Google's data collection practices and disclosures, including without limitation the Department of Justice, the Federal Trade Commission, the Arizona Attorney General (*State of Arizona ex rel. Mark Brnovich, Attorney General v. Google LLC*, No. CV 2020-006219 (Ariz. Superior Ct. 2020)), the Attorneys General of Texas and California, the Australian Competition & Consumer Commission, and the Commission Nationale de l'Informatique et des Libertés ("CNIL"). For purposes of this Request, Documents should be read broadly to include any written responses and privilege logs submitted by Google to the Regulators.

9. The term "YOU" or "YOUR" means or refers to DEFENDANT GOOGLE LLC, and any of his or their attorneys, agents, representatives, predecessors, successors, assigns, and any PERSONs acting or purporting to act on his or their behalf.

## GENERAL INSTRUCTIONS

1. For each of the following requests, respond either "Admit" or "Deny."

2. If objection is made, the reasons therefore shall be stated.

3. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

4. A denial shall fairly meet the substance of the requested admission and when good faith requires that a party qualify an answer or deny only pare of the matter of which an admission is requested, the party shall specify so much if it as is true and quality or deny the remainder..

5.  An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquire and the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

6.  A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone object to the request; the responding party must set forth the reasons why the party cannot admit or deny.

7.  For purposes of reading, interpreting, or construing the scope of the DEFINITIONS, INSTRUCTIONS, and REQUESTS, all of the terms shall be given their most expansive and inclusive interpretation. This INCLUDES the following:

(a) The singular form of a word shall be interpreted as plural and vice versa.

(b) "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any response that might otherwise be construed to be outside the scope of the Request.

(c) "All," "each" and "any" shall be construed as "all, each, and any."

(d) The masculine form of a word shall be interpreted as and shall include the feminine and vice versa.

(e) The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Request any response that might otherwise be construed to be outside the scope of the Request.

8.  Your obligations under these requests for admissions are intended to be continuing; therefore, if you obtain information or evidence that modifies any answer, you are required to submit an amended response.

**REQUESTS FOR ADMISSIONS, SET ONE**

**REQUEST FOR ADMISISON NO. 1:**

Since at least June 1, 2016, Google has been collecting user data from users' private

browsing mode communications, including Incognito mode communications.

**REQUEST FOR ADMISSION NO. 2:**

Since at least June 1, 2016, when users in a private browsing mode (such as Incognito mode) visit a website that uses Google advertising services, a Google script attempts to cause (and in fact has caused) users' browsers to send data to Google's servers.

**REQUEST FOR ADMISSION NO. 3:**

Since at least June 1, 2016, Google has not disclosed to users that when users in a private browsing mode (including Incognito mode) visit a website that uses Google advertising services, a Google script attempts to cause (and in fact has caused) users' browsers to send user data to Google's servers.

**REQUEST FOR ADMISSION NO. 4:**

Since at least June 1, 2016, nothing on Google's Incognito mode splash screen disclosed that Google would collect data generated by users' Incognito mode web activity.

**REQUEST FOR ADMISSION NO. 5:**

Since at least June 1, 2016, nothing on Google's Incognito mode splash screen disclosed that Google could track a user while he or she is in Incognito mode.

**REQUEST FOR ADMISSION NO. 6:**

Since at least June 1, 2016, the data collected by Google in connection with users' private browsing mode communications (including Incognito mode communications) has included without limitation the user's IP address, URLs identifying what the user is viewing, referral URLs that identify what a user last viewed, and user search queries.

**REQUEST FOR ADMISSION NO. 7:**

Since at least June 1, 2016, Google has been creating profiles for targeted advertising using data collected in connection with private browsing mode communications, including Incognito mode communications.

**REQUEST FOR ADMISSION NO. 8:**

Since at least June 1, 2016, Google has not disclosed to users that it has been creating profiles for targeted advertising using data collected while users are in a private browsing mode.

1 | **REQUEST FOR ADMISSION NO. 9:**

2 | Since at least June 1, 2016, Google has attempted to associate (and in fact has associated)
3 | data generated by users' private browsing mode activities with users' individual Google accounts.

4 | **REQUEST FOR ADMISSION NO. 10:**

5 | Since at least June 1, 2016, Google has not disclosed that it has attempted to associate (and
6 | in fact has associated) data generated by users' private browsing mode activities with users'
7 | individual Google accounts.

8 | **REQUEST FOR ADMISSION NO. 11:**

9 | Since at least June 1, 2016, Google has been earning advertising revenues using data that
10 | Google collected in connection with private browsing mode communications, including Incognito
11 | mode communications.

13 | Dated: October 7, 2020                   Respectfully submitted,

14 |                                          **BOIES SCHILLER FLEXNER LLP**

16 |                                          By: /s/ Mark C. Mao
                                                 Mark C. Mao

18 |                                          Mark C. Mao, CA Bar No. 236165
                                             Sean P. Rodriguez, CA Bar No. 262437
19 |                                          Beko Richardson, CA Bar No. 238027
                                             **BOIES SCHILLER FLEXNER LLP**
20 |                                          44 Montgomery St., 41st Floor
                                             San Francisco, CA 94104
21 |                                          Tel.: (415) 293-6800
                                             Fax: (415) 293-6899
22 |                                          mmao@bsfllp.com
                                             srodriguez@bsfllp.com
23 |                                          brichardson@bsfllp.com

25 |                                          James Lee (admitted *pro hac vice*)
                                             Rossana Baeza (admitted *pro hac vice*)
26 |                                          **BOIES SCHILLER FLEXNER LLP**
                                             100 SE 2nd St., 28th Floor
27 |                                          Miami, FL 33131
                                             Tel.: (305) 539-8400
28 |                                          Fax: (303) 539-1307

| | |
|---|---|
| 1 | jlee@bsfllp.com |
| 2 | rbaeza@bsfllp.com |
| 3 | Amanda K. Bonn, CA Bar No. 270891 |
| | **SUSMAN GODFREY L.L.P** |
| 4 | 1900 Avenue of the Stars, Suite 1400 |
| | Los Angeles, CA. 90067 |
| 5 | Tel: (310) 789-3100 |
| | Fax: (310) 789-3150 |
| 6 | abonn@susmangodfrey.com |
| 7 | |
| | William S. Carmody (admitted *pro hac vice*) |
| 8 | Shawn Rabin (admitted *pro hac vice*) |
| | Steven M. Shepard (admitted *pro hac vice*) |
| 9 | **SUSMAN GODFREY L.L.P.** |
| | 1301 Avenue of the Americas, 32nd Floor |
| 10 | New York, NY 10019-6023 |
| | Tel.: (212) 336-8330 |
| 11 | Fax: (212) 336-8340 |
| 12 | bcarmody@susmangodfrey.com |
| | srabin@susmangodfrey.com |
| 13 | sshepard@susmangodfrey.com |
| 14 | |
| | John A. Yanchunis (admitted *pro hac vice*) |
| 15 | Ryan J. McGee (admitted *pro hac vice*) |
| | **MORGAN & MORGAN** |
| 16 | 201 N. Franklin Street, 7th Floor |
| | Tampa, FL 33602 |
| 17 | Tel.: (813) 223-5505 |
| | jyanchunis@forthepeople.com |
| 18 | rmcgee@forthepeople.com |
| 19 | |
| | *Attorneys for Plaintiffs* |
| 20 | |

7

PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT GOOGLE LLC SET ONE, CASE NO.: 5:20-CV-03664-LHK

# PROOF OF SERVICE

I, Vicky L. Ayala, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, CA. I am over the age of 18 and not a party to the within action; my business address is 44 Montgomery St., 41st Floor, San Francisco, CA 94104.

On October 7, 2020, I served the following document(s) described as:

**PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT GOOGLE, LLC, SET ONE**

☐ **BY FACSIMILE TRANSMISSION**: As follows: The papers have been transmitted to a facsimile machine by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document which he or she has filed in the cause and served on the party making the service. The copy of the notice or other paper served by facsimile transmission shall bear a notation of the date and place of transmission and the facsimile telephone number to which transmitted or be accompanied by an unsigned copy of the affidavit or certificate of transmission which shall contain the facsimile telephone number to which the notice of other paper was transmitted to the addressee(s).

☐ **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at San Francisco, CA in the ordinary course of business.

☒ **BY ELECTRONIC MAIL TRANSMISSION**: By electronic mail transmission from vayala@bsfllp.com on October 7, 2020, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address(es) listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

Case No. 5:20-cv-03664-LHK

PROOF OF SERVICE

| | |
|---|---|
| Andrew H. Schapiro (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel:  312-705-7400<br>Fax: 312-705-7401<br>andrewschapiro@quinnemanuel.com | *Attorney for Defendant* |
| Stephen A. Broome<br>Viola Trebicka<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel:  213-443-3000<br>Fax:  213-443-3100<br>stephenbroome@quinnemanuel.com<br>violatrebicka@quinnemanuel.com | *Attorneys for Defendant* |
| Diane M. Doolittle<br>Thao Thai<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Tel:  650-801-5000<br>Fax: 650-8015100<br>dianedoolittle@quinnemanuel.com<br>thaothai@quinnemanuel.com | *Attorneys for Defendant* |
| William Burck (*pro hac vice*)<br>Josef Ansorge (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>1300 I Street NW, Suite 900<br>Washington, D.C., 20005<br>Tel:  202-538-8000<br>Fax: 202-538-8100<br>williamburck@quinnemanuel.com<br>josefansorge@quinnemanuel.com | *Attorneys for Defendant* |
| Jonathan Tse<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel:  415-875-6600<br>Fax:  415-875-6700<br>jonathantse@quinnemanuel.com | *Attorney for Defendant* |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 7, 2020, at San Francisco, CA.

Case No. 5:20-cv-03664-LHK

PROOF OF SERVICE

*(signature: Vicky L. Ayala)*

Vicky L. Ayala

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 5:20-cv-03664-LHK

PROOF OF SERVICE