UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 20-cv-03664-YGR   (SVK)<br><br>**ORDER ON (1) PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELIEF RE GOOGLE'S PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED; AND (2) GOOGLE'S MOTION TO STRIKE EX. A TO MAO DECLARATION IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION**<br><br>Re: Dkt. Nos. 672, 693 |

Before the Court is the motion styled "Plaintiffs' Administrative Motion for Relief re Google's Production of Documents Improperly Withheld as Privileged." Dkt. 672 (the "Administrative Motion"). Also before the Court is Google's motion to strike Ex. A to the Declaration of Mark Mao filed in support of the Administrative Motion. Dkt. 693 (the "Motion to Strike"). These motions are suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons that follow, Plaintiffs' Administrative Motion is **DENIED** as procedurally improper and Google's Motion to Strike is **TERMINATED AS MOOT**.

## I. BACKGROUND

In the Parties' February 25, 2022 joint submission regarding the status of their discovery disputes, they identified a dispute about various entries on Google's privilege log and various redactions made by Google. Dkt. 424 (Issue P25). On March 15, 2022, the Court ordered the Parties to submit a joint statement regarding this dispute (Dkt. 487-1), which they submitted on March 25, 2022 (Dkt. 517). The Court subsequently issued several orders requiring Google to re-review certain documents on its privilege log. Dkt. 522, 542, 605. The Court's final ruling on this

issue required Google to re-review additional documents on its privilege log and as re-assessed documents were identified for production, commence a rolling production beginning by June 27, 2022 and ending by July 25, 2022. Dkt. 605.

On August 8, 2022, Plaintiffs filed the present Administrative Motion. Dkt. 671-2. The Administrative Motion states that having reviewed some but not all of the 1,370 document recently produced by Google pursuant to the Court's orders on the privilege log dispute, "Plaintiffs can now report that these were not close privilege calls, and many include admissions that concern contested issues in this case." Administrative Motion (Dkt. 671-2) at 1. By their Administrative Motion, Plaintiffs seek either (1) a preclusion order, or (2) an order re-opening discovery to allow Plaintiffs to conduct limited depositions on the documents along with a requirement that Google pay the reasonable expenses, including attorneys' fees in connection with the depositions. *Id.* at 2-5. Google opposes the Administrative Motion on procedural grounds and on the merits. Dkt. 692. In the present Motion to Strike, Google also asks the Court to strike Exhibit A to the Declaration of Mark Mao filed in support of the Administrative Motion on the grounds that it contains improper conclusions and argument. Dkt. 693.

## II.   DISCUSSION

Plaintiffs' Administrative Motion is procedurally improper. In this District, the administrative motion procedure is available only "with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge." Civ. L.R. 7-11. Here, Plaintiffs cite Federal Rule of Civil Procedure 37(b) in support of each of the sanctions they seek in the Administrative Motion: the preclusion sanction and the sanction of additional discovery at Google's expense. Administrative Motion (Dkt. 671-2) at 3, 5. Accordingly, the relief Plaintiffs seek *is* governed by a Federal Rule and therefore is not the proper subject of an administrative motion under Local Rule 7-11.

Moreover, even if the Court treated the present Administrative Motion as a motion to compel discovery, such motions are due within 7 days of the discovery cutoff. Civ. L.R. 37-3. Here, Google's production following re-review of documents withheld as privileged was due by July 25, 2022. Dkt. 605. None of the documents upon which Plaintiffs' Administrative Motion

relies were produced after that date. *See generally* Declaration of Mark Mao (Dkt. 672-1) ¶¶ 19-33. Accordingly, a motion to compel with respect to this document production was due by August 1, 2022 at the very latest. Plaintiffs' Administrative Motion was not filed until a week after that deadline.

In addition, Plaintiffs' Administrative Motion violates the requirements in Local Rules 7-8 and 37-4 that motions for sanctions comply with Local Rule 7-2, which in turn requires a noticed motion and a standard briefing schedule and page limits. Civ. L.R. 7-2, 7-8, 37-4. Indeed, Plaintiffs have filed two motions for discovery sanctions in this case following the noticed motion procedure, including a supplemental motion for sanctions filed just four days before the present Administrative Motion. Dkt. 292, 656. The local rule regarding administrative motions, by contrast, requires that the opposition be filed within 4 days and be limited to 5 pages. Civ. L.R. 7-11(b).

A party must have a substantial justification for the assertion of privilege. *See Vieste, LLC v. Hill Redwood Development*, No. C-09-04024 JSW (DMR), 2011 WL 588145, at *3 (N.D. Cal. Feb. 10, 2011). That responsibility is not to be taken lightly by any party, and it is certainly not taken lightly by the Court. However, there is a process to follow if a party seeks sanctions for alleged discovery misconduct, and Plaintiffs did not follow it here.

Accordingly, Plaintiffs' Administrative Motion is **DENIED** as procedurally improper. In light of this ruling, Google's Motion to Strike is **TERMINATED AS MOOT.**

**SO ORDERED.**

Dated: September 26, 2022

SUSAN VAN KEULEN
United States Magistrate Judge