# ORDER ON PLAINTIFFS' RENEWED REQUEST TO DEPOSE SUNDAR PICHAI

# Redacted Version of Document Sought to be Sealed

UNITED STATES DISTRICT COURT
Northern District of California

# FAX TRANSMISSION

| TO: | | FROM: | Justine Fanthorpe |
|---|---|---|---|
| FAX NUMBER: | 94158756700 | NO. OF PAGES: (INCLUDING COVER): | 9 |
| PHONE: | | DATE: | 2022-09-26 |
| RE: | 4:20-cv-03664-YGR Brown et al v. | TIME: | 10:59:00 |

**SUBJECT:** 4:20-cv-03664-YGR Brown et al v. Google LLC et al-SEALED

**DETAILS:**

**Justine Fanthorpe**
CRD to Magistrate Judge Susan van Keulen
280 South First Street, Room 2112
San Jose, CA 95113
United States District Court
Northern District of California
https://cand.uscourts.gov
Justine_Fanthorpe@cand.uscourts.gov
Office: 408-535-5375

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 20-cv-03664-YGR (SVK)<br><br>**FILED UNDER SEAL**<br><br>**ORDER ON PLAINTIFFS' RENEWED REQUEST TO DEPOSE SUNDAR PICHAI**<br><br>Re: Dkt. No. 635 |

This Court granted Plaintiffs' initial request to depose Google and Alphabet CEO Sundar Pichai with a time limit of two hours. Dkt. 365. Upon review, the District Court overturned that ruling for lacking the requisite showing that less intrusive discovery had been exhausted. Dkt. 523. The District Court allowed the request to be renewed before this Court with the proper evidence. *Id.* Now pending before this Court is Plaintiffs' renewed request, which has been fully briefed by both sides. Dkt. Nos. 635, 654, 678. Google opposes the request, citing the apex doctrine. In support of their respective positions, the Parties have submitted dozens of documents and deposition excerpts, all of which the Court has reviewed. The Court determines this issue may be resolved without oral argument. Civ. L. R. 7-1(b). For the reasons stated herein, Plaintiffs' request is **DENIED**.

I. DISCUSSION

When a party seeks the deposition of a high-level executive (a so-called "apex" deposition), a court may exercise its discretion under the federal rules to limit discovery. *See Apple v. Samsung*, 282 F.R.D. 259, 263 (N.D. Cal. 2011). "In determining whether to allow an

apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id.* (quoting *In re Google Litig.*, No. C 08-03172-RMW (PSG), 2011 U.S. Dist. LEXIS 120905, at *10 (N.D. Cal. Oct. 19, 2011)). "When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Apple*, 272 F.R.D. at 263 (citation omitted). Google, as the party seeking to avoid the deposition of Mr. Pichai, bears the burden of showing that good cause exists to prevent the deposition. *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2013 WL 3884254, at *1 (N.D. Cal. July 26, 2013); *see also Hunt v. Continental Cas. Co.*, No. 13-cv-05966-HSG, 2015 WL 1518067, at *1 n.1 and *2 (N.D. Cal. Apr. 3, 2015).

Google primarily argues that Mr. Pichai lacks unique knowledge of the relevant issues. The Court agrees. In the one instance where Mr. Pichai arguably has unique knowledge (Dkt. 634-37), the less intrusive testimony of other witnesses is sufficient. *See supra*. In support of their request, Plaintiffs cite documents produced by Google from 2009-2021, as well as deposition testimony of ten witnesses. Baeza Decl. (Dkt. 634-1, Exs. A-DD). As with Plaintiffs' previous request to depose Mr. Pichai, and as examined below, many of the documents Plaintiffs rely upon relate generally to the relevant browser mode, Incognito, and contain a reference to Mr. Pichai but fail to support an argument of "unique and superior personal knowledge." Even documents that this Court previously identified as supporting Plaintiffs' request, upon further review, are lacking in this regard. Indeed, of the 17 documents relied upon by Plaintiffs, only two contain emails drafted by Mr. Pichai and those as well do not demonstrate "unique and superior" personal knowledge.

Plaintiffs helpfully organize their argument by time frame and general subject matter. Dkt. 643-3 at 2-6. In the interests of judicial efficiency, the chart below provides examples of shortcomings in each category; unless noted otherwise, the Court's reasoning applies to each of

2

the documents cited in any given category.

| | Category | Cited Document | Court Ruling |
|---|---|---|---|
| 1 | 2015 "Sundar" Presentation Regarding Incognito "Misconceptions." | Exhibit A (Dkt. 634-5) | This 30 page document entitled "Perceptions of Google Chrome Incognito, January 2015" has one reference to "Sundar" indicating the report contributed towards a privacy policy presentation to Mr. Pichai. *Id.* at 3.<br><br>There is zero indication that Mr. Pichai has unique knowledge about the information in this report or the elusive presentation referenced therein; indeed a reasonable inference is that this report was widely circulated within Google.<br><br>Plaintiffs' argument that Mr. Pichai has unique knowledge about "what was presented" to him, "his feedback and his decisions" misses the mark. Every witness has unique knowledge about what is in his/her mind. It is simply not surprising that a witness was unable to testify as to Mr. Pichai's thought processes. Dkt. 634-3 at 2-6. Accordingly, this type of witness testimony cited by Plaintiffs throughout their brief in support of exhaustion is unavailing.<br><br>The challenge presented by the apex doctrine is whether a senior executive alone has relevant information as to a particular subject. The subject of perceptions of Chrome Incognito has been the subject of extensive discovery and testimony in in this action.<br><br>Finally, to the extent Plaintiffs |

3

| | | | point to the need to demonstrate the fact that Mr. Pichai had knowledge in 2015 about perceptions of Chrome Incognito, this document, and others, speak for themselves. The deposition of Mr. Pichai is not a unique and superior source of that fact.<br><br>For all of the foregoing reasons, this document does not support a deposition under the apex doctrine. |
|---|---|---|---|
| 2 | 2016 "Sundar Level Decision" to Expand Incognito Branding Despite "Concerns" and User "Confusion." | Exhibits H, I, J (Dkt. Nos. 634-15, 634-17, 634-19) | These exhibits are a series of emails between Google employees in re the expansion of Incognito mode across multiple Google products; the email chain does not include Mr. Pichai. The documents reference "Sundar's high-level vision" (Ex. H); an employee's desire to "get Sundar to reconsider" (Ex. I); and a "Sundar level decision." Ex. J.<br><br>Plaintiffs' argument that the emails establish Mr. Pichai's unique and superior knowledge of "the 'concerns' Google employee (sic) raised regarding the Incognito brand, his response to those concerns (if any), and the basis for his decision to expand the Incognito brand despite known user misconceptions" again misses the mark.<br><br>The fact that that there were "concerns" within Google regarding Incognito is well documented; whether there was any response by Mr. Pichai to those concerns is, as Plaintiffs acknowledge in their argument, speculative. Finally, the point Plaintiffs seek to demonstrate – that Mr. Pichai made a decision to expand Incognito across products |

4

| | | | |
|---|---|---|---|
| | | | other than Chrome – is at best tangential to the issues in suit. This lawsuit is not about the expansion of the Incognito across products; it is about browser private modes. *See* Plaintiffs' Motion for Class Certification. Dkt. 608-3 at 10. <br><br>For all of the foregoing reasons, these documents do not support a deposition under the apex doctrine. |
| 3 | 2019 Pichai & "▮▮▮▮" | Exhibit N (Dkt. 634-27) | This email chain summarizes a meeting with "Sundar" regarding a proposal for "▮▮▮▮" and reflects Mr. Pichai's reactions to various aspects of the proposal. <br><br>Plaintiffs' argument that Exhibit N and others in the chain reflect Mr. Pichai's first-hand knowledge of "▮▮▮▮" appears to be well taken but again fails to address the objective of the apex doctrine. The documents and witness testimony establish that Mr. Pichai was aware of the proposal – as were many others. Plaintiffs point to various witnesses' testimony in an attempt to establish that no one would acknowledge ▮▮▮▮ (Dkt. 634-3 at 4). However, the Court finds the testimony of Rory McClelland, cited by Google (Dkt. 653-2 at 5; Dkt. 653-4, Exhibit 3) persuasive to the contrary. ▮▮▮▮ was explained by this witness, and as such, there is no showing of unique and superior knowledge by Mr. Pichai. <br><br>For these reasons, this document does not support a deposition under the apex doctrine. |

5

2022/09/26 10:59:00 7 /9
Case 4:20-cv-03664-YGR   Document 769-4   Filed 10/03/22   Page 8 of 10
Case 4:20-cv-03664-YGR   Document 758 *SEALED*   Filed 09/26/22   Page 6 of 8

| | | | |
|---|---|---|---|
| 4 | 2019 Pichai & No Incognito "Spotlight." | Exhibit S (Dkt. 634-37) | This email refers to preparation for a Google I/O event, with a statement that "Sundar didn't want to put incognito under the spotlight so this iconography/rebranding should not be an I/O topic . . . ." <br><br> Google witness Ms. Twohill explained the I/O event and that Google, "typically only put[s] a spotlight on new announcements and new features at I/O." Dkt. 653-3, Ex. 2. <br><br> The Court takes Plaintiffs' point that only Mr. Pichai has knowledge as to why he did not want Incognito under the spotlight, and that Plaintiffs asked other employees who could not enlighten. <br><br> However, the Court credits Ms. Twohill's explanation of the I/O event and in this context does not find that this singular point of knowledge which may rest with Mr. Pichai is sufficient to compel the CEO's deposition. |
| 5 | 2019 Pichai & Incognito "Known Misconceptions." | Exhibit U (Dkt. 634-41) | This "comms" memorandum is a document that the Court previously cited in support of Mr. Pichai's deposition. Dkt. 365. <br><br> However, upon further consideration, the Court finds that Plaintiffs' argument that the document shows Mr. Pichai's "superior, first-hand knowledge about 'known misconceptions' regarding Incognito" is undermined by the extensive documentary and testimonial evidence on this subject matter. The Court's ruling on topic 1 above is incorporated herein by reference. |

6

| 6 | **2019 Pichai & Incognito Regulator "Promise":** | Exhibit V (Ex. 634-43) | Plaintiffs' argument that this email chain, which does not include Mr. Pichai, demonstrates that Mr. Pichai made promises to regulators is unfounded. Such a reading, at best, would require several levels of inferences from the plain statements on the face of the document. As such, the document cannot support a deposition under the apex doctrine. |
|---|---|---|---|
| 7 | **2019 Pichai & Incognito Privacy "Towards Google."** | Exhibit Y (Ex. 634-49) | This Exhibit appears to be a draft 24 page slide deck (Dkt. 634-49 at 4, "replace this part . . ."). On this particular draft slide, there is a bullet point that begins, "Sundar/Sin Rastro wants to expand the Incognito brand . . . ." *Id.*<br><br>The Exhibit, given its draft nature and singular, vague reference to Mr. Pichai does not support a deposition under the apex doctrine. |
| 8 | **2021 Pichai & Incognito "Not Truly Private"** | Exhibit Z (Ex. 634-51) | This Exhibit is an email drafted by Ms. Twohill; Mr. Pichai, among others, is a recipient. The subject is Incognito privacy and the email states, "I know Sundar that you have been thinking about this too. . . ."<br><br>The document attributes nothing specific to Mr. Pichai. Plaintiffs' argument that only Mr. Pichai knows his reactions to Ms. Twohill's email may well be correct. But as established by the volume of evidence in this case, including this email and the extensive testimony around it (654-3, Ex. 2), the subject of Incognito privacy was much discussed at Google. For these reasons, as well as the rulings in response to category 1, this |

7

| | | | document does not support a deposition under the apex doctrine. |
|---|---|---|---|
| 9 | **Pichai's Involvement in Early Development of Incognito** | Exhibits AA, BB, CC (Exs. 634-53, 634-55, 634-57) | These exhibits are from the early days (2008-2009) of private browsing development. Ex. AA references Mr. Pichai; Ex. BB and CC have portions authored by him. <br><br>Plaintiffs' arguments focus on the origin of the name "Incognito" and the concerns behind another employee's use of the phrase "scary precedent." Dkt. 634-3 at 5-6. <br><br>However, as Google points out, there is testimony about the origins of Incognito (Dkt. 654-8; Ex. 7) from Brian Rakowski. Further, the phrase "scary precedent" was not authored by Mr. Pichai, and questioning him about what another employee meant by it or how Mr. Pichai reacted to it, especially in this time frame, does not support a deposition under the apex doctrine. |

## II. CONCLUSION

For the foregoing reasons, Plaintiffs' renewed request to depose Sundar Pichai is **DENIED.**

**SO ORDERED.**

Dated: September 26, 2022

*Susan van Keulen*
SUSAN VAN KEULEN
United States Magistrate Judge