# JOINT SUBMISSION RE: GOOGLE'S REQUEST TO DELETE CERTAIN PRE-CLASS PERIOD DATA

# Redacted Version of Document Sought to be Sealed

| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293 6858<br>Facsimile: (415) 999 9695<br><br>SUSMAN GODFREY L.L.P.<br>William Christopher Carmody (pro hac vice)<br>bcarmody@susmangodfrey.com<br>Shawn J. Rabin (pro hac vice)<br>srabin@susmangodfrey.com<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 336-8330<br><br>MORGAN & MORGAN<br>John A. Yanchunis (pro hac vice)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (pro hac vice)<br>rmcgee@forthepeople.com<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br><br>*Attorneys for Plaintiffs; additional counsel listed in signature blocks below* | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Andrew H. Schapiro (*pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Diane M. Doolittle (CA Bar No. 142046)<br>dianedoolittle@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>*Attorneys for Defendant; additional counsel listed in signature blocks below* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>JOINT SUBMISSION RE: GOOGLE'S REQUEST TO DELETE CERTAIN PRE-CLASS PERIOD DATA<br><br>Referral: Hon. Susan van Keulen, USMJ |

October 25, 2022

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

      Re:    Joint Submission re: Google's Request to Delete Certain Pre-Class Period Data
               *Brown v. Google LLC*, Case No. 4:20-cv-03664-YGR-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

      Pursuant to Your Honor's November 2021 Civil and Discovery Referral Matters Standing Order, Plaintiffs and Google LLC ("Google") submit this joint statement regarding their dispute over Google's request to delete certain data that pre-dates the class period from ▮▮▮ specific logs. Counsel for the parties met and conferred and reached an impasse on this request. Fact discovery in this case is closed, and a trial date has not yet been set. Exhibit A contains each party's respective proposed order.

## GOOGLE'S STATEMENT

**Introduction:** On July 15, 2022, this Court in *Calhoun* permitted Google to delete all data that pre-dates the class period "provided it does not contravene any provisions of this Order." *Calhoun* Dkt. 778-3 at 9. In light of this Order—and the substantial burden preservation of data preceding the class period is imposing on Google—Defendant asked the Plaintiffs in *Brown* to agree to the exact same parameters: allow Google to delete pre-class-period data that is consuming significant amounts of storage space at considerable expense. However, even though Google's request pertained only to ▇▇▇ logs, Plaintiffs unreasonably denied the request. Accordingly, Google respectfully asks this Court to grant Google the same relief in *Brown* it issued in *Calhoun*.

**Background:** On October 4, 2022, Google contacted Plaintiffs to propose that the parties stipulate that Google may delete data that pre-dates the class period contained in ▇▇▇ logs that are currently preserved in perpetuity. *See* Dkts. 630, 630-1 (identifying logs that were retained "permanently" as of September 16, 2021). This stipulation would match the exact language the Court has already ordered in the related *Calhoun* matter. *See* Dkt. 778-3 at 9. Google requested that the parties agree that Google may delete data that dates back to as early as ▇▇▇▇▇▇, if such deletion would not violate any other provisions of the Court's preservation orders. The parties met and conferred regarding Google's proposed stipulation on October 12. On October 13, Plaintiffs asked Google to identify the ▇▇▇ logs to which the stipulation would apply. On the same day, Google identified the ▇▇▇ logs at issue.[1]

Google seeks permission to delete data from these logs that spans from June 2003 to May 31, 2016, which consumes storage space that would otherwise be free for Google to use for other purposes, including to accommodate the exorbitant preservation of volumes of class period data Google is already preserving for this litigation. Google further explained that it was making this request because (i) data that pre-dates the class period has no bearing on this litigation, which is limited to alleged data transmissions that took place "from June 1, 2016 through the present," Dkt. 395-2 (TAC) ¶ 192; and (ii) this limitation would mirror the time limits applicable to data preserved for the *Calhoun* litigation, where the Court held that "Google may delete data prior to July 1, 2016, provided it does not contravene any provisions of this Order." *Calhoun* Dkt. 778-3 at 9. On October 17, Plaintiffs rejected Google's proposed stipulation and asked that the parties submit this joint letter brief.

**Legal Standard:** Under Rule 26, discovery must be relevant to any party's claim or defense and proportional to the needs of the case. The court "must limit the frequency or extent of discovery … if it determines that the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). "Preservation efforts need not be heroic or unduly burdensome." *The Sedona Principles, Third Edition*, 19 SEDONA CONF. J. 1, Cmt. 5.e., 108 (2018). "Evaluating the need to produce ESI requires that a balance be struck between the burdens and need for ESI, taking into account the technological feasibility and realistic costs involved." *Id.* at Cmt. 2.d.

Courts in this district have consistently held that "the proportionality principle applies to the duty to preserve potential sources of evidence." *Lord Abbett Mun. Income Fund, Inc. v. Asami*, 2014 WL 5477639, at *3 (N.D. Cal. Oct. 29, 2014). The need for proportionality and reasonableness in determining the scope of a litigant's preservation requirements is also reflected in the Northern District of California's ESI Discovery Guidelines, which provide that "[t]he parties should strive to define a scope of preservation that is proportionate and reasonable and not disproportionately broad, expensive, or burdensome." N.D. Cal. ESI Discovery Guideline 2.01 (Preservation). Pursuant to

---

[1] The ▇▇▇ logs at issue are: (i) ▇▇▇▇▇▇▇▇ (dating back to ▇▇▇▇▇▇); (ii) ▇▇▇▇▇▇▇▇▇▇▇ (dating back to ▇▇▇▇▇▇); (iii) ▇▇▇▇▇▇▇▇ (dating back to ▇▇▇▇▇▇); (iv) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (dating back to ▇▇▇▇▇▇); (v) ▇▇▇▇▇▇▇▇ (dating back to ▇▇▇▇▇▇); (vi) ▇▇▇▇▇▇▇▇ (dating back to ▇▇▇▇▇▇); (and vii) ▇▇▇▇▇▇▇▇ (dating back to ▇▇▇▇▇▇).

Rule 26, the proportionality principle requires consideration of "[i] the importance of the issues at stake in the action, [ii] the amount in controversy, [iii] the parties' relative access to relevant information, [iv] the parties' resources, [v] the importance of the discovery in resolving the issues, and [vi] whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**Argument**: As set forth below, Rule 26's proportionality factors clearly compel granting Google's request. *First*, as a matter of equity, it is important that litigants, particularly in a sprawling putative class action of 100 million plaintiffs, are not permitted to seek discovery that falls squarely outside of the scope of their allegations. *See, e.g.*, *Ali v. Gilead Sci., Inc.*, 2018 WL 3491905, at *3 (N.D. Cal. July 20, 2018) ("Ali's complaint states he is a U.S. citizen. As a result, the production of data regarding employees who are not U.S. citizens or H1-B visa holders is neither relevant nor proportional to the needs of the case."). Plaintiffs have the burden of showing the relevance of this information, and their assertion that Plaintiffs "simply do not have enough information to evaluate and bless this requested deletion" does not suffice. *See, e.g.*, *Elgindy v. Aga Serv. Co.*, 2021 WL 5083761, at *4 (N.D. Cal. Nov. 2, 2021) ("general ruminations about what might be revealed" are insufficient for "Plaintiffs … to carry their burden to establish relevancy and proportionality").[2] The data at issue is plainly not relevant, as it is outside the class period. Indeed, the only argument Plaintiffs assert here is that data contained in the logs for *one day* preceding the class period *might* be relevant for identifying a member of the class, and Plaintiffs do not offer any basis or methodology for making such an identification. Requiring Google (or other defendants) to store data from outside of the class period—in some cases over a dozen years earlier—contravenes this proportionality principle and subjects Google (and other defendants) to the risk of potentially limitless preservation obligations with no corresponding benefit.

*Second*, the amount in controversy is clearly the subject of vigorous dispute, and there is no amount of damages that would justify requiring a party to retain *plainly irrelevant data*. *Lord Abbett*, 2014 WL 5477639, at *3 ("The burden of requiring any party to continue to pay $500 per month to store the … computers outweighs the likely benefit of maintaining the computers *where there has been absolutely no showing that they contain relevant evidence*." (emphasis added)). *Third*, the parties' relative access to relevant information is similarly of no moment since it is *only irrelevant* data outside of the class period that is at issue. *Fourth*, the fact that Google is a large company has no bearing on whether it should be required to expend significant resources preserving pre-class-period data that has no probative value to Plaintiffs' claims. *See, e.g.*, *Lickerish, Inc. v. PicClick, Inc.*, 2022 WL 2812174, at *4 (N.D. Cal. July 18, 2022) (rejecting conclusory argument that discovery sought would not be a "heavy burden" because defendant is a "multibillion dollar Internet-based business [that] can determine when there are communications with its own servers."); *Lawson v. Spirit AeroSystems, Inc.*, 2020 WL 3288058, at *14 (D. Kan. June 18, 2020), ("The court will not require Spirit to shoulder needless litigation expenses simply because it is a big company."). Indeed, this Court already concluded as much in *Calhoun* in relieving Google from a similar burden.[3] For similar reasons, the *fifth* factor favors Google since Plaintiffs cannot claim that data that pre-dates the class period has any *relevance* to their claims that Google allegedly "intercepted, received, or collected [data] from June 1, 2016 through the present." Dkt. 395-2 (TAC) ¶ 192. *Finally*, the burden and expense of preserving the data clearly outweighs any purported benefit to Plaintiffs. Indeed, Plaintiffs fail to point to any plausible benefit from requiring Google to preserve data spanning over a decade prior to their putative class period. *See, e.g.*, May 3, 2022 Hr'g Tr. 13:6-8 (Plaintiffs: "I don't think Plaintiffs affirmatively, for our class certification motion, intend to rely on sampled data, or frankly, other data."). Their assertion that they should be entitled to data outside the class period on the off-chance that it "could be used to help identify relevant transactions during the class period"

---

[2] Similarly, Plaintiffs' assertion that they do not have sufficient information regarding "how these ▇ logs may relate to the ▇ additional logs that Google's engineer identified as containing Incognito-detection bits" and their complaints regarding logs that Google purportedly did not identify for the Special Master miss the point. Google is only asking to delete data from the ▇ identified logs that predates the class period (not the logs *in toto*).

[3] Plaintiffs' assertion that Google is misconstruing the Court's decision in *Calhoun* is incorrect.

is simply preposterous, and would subject Google (and other litigants) to a limitless fishing expedition.

In light of the burden to Google of preserving pre-June 1, 2016 data from the ▮▮▮ logs, and the lack of any plausible benefit to Plaintiffs from its continued preservation, Google's request to cease preservation is not only reasonable but comports with established case law.[4] *See, e.g.*, June 2, 2021 Hr'g Tr. 35:15-16 (discovery "will continue to tie back to the proper definitions of the class"); *Lord Abbett*, 2014 WL 5477639, at *3; *Hedquist v. Patterson*, 2017 WL 11673871, at *2 (D. Wyo. Nov. 1, 2017) (where allegations in complaint were limited to purported wrongdoing in 2015, requiring defendant to preserve data from 2016 and onward would "[r]equir[e] Defendant to continue to preserve newly created electronic data [that] creates unnecessary expense and an undue burden for little, if any, benefit"). For these reasons, this Court should reach the same conclusion as in *Calhoun* and grant Google's request to cease preservation of data outside of the class period for these ▮▮▮ logs provided it does not contravene other preservation orders.

## PLAINTIFFS' STATEMENT

Plaintiffs do not wish to further burden the Court, but they are concerned by Google's request to destroy data from logs identified as relevant and that Google previously (as part of its business) stored permanently. Google seeks permission to delete what it labels "pre-class-period data" from ▮▮▮ relevant log sources that were not the subject of extensive discovery or briefing, because those ▮▮▮ log sources were permanently retained by Google and therefore preservation efforts focused elsewhere. *See* Dkts. 118-4, 125, 120, 139-4, 147-1, 176-4, 275, 410-3, 484-1, 487-1, 524-1, 587-1. Google simply has not provided enough information to evaluate and bless this request to modify the Court's prior preservation order. The case law that Google relies on is focused on discovery sought—not modification of preservation obligations—and is therefore inapplicable to this dispute. Google has not met its obligations here.

Also, the preservation of these data sources which have long been stored permanently until now, reaches beyond Plaintiffs' data and may affect other privacy cases where Google is a defendant. It is unclear if Google cleared its preservation obligations in these other matters with the parties and courts, and the Court should make clear that Google cannot use any discovery rulings in this case as an excuse for its destruction of relevant evidence for other proceedings. Google's complete lack of explanation as to why it suddenly needs to change the retention period for these otherwise permanent logs makes Google's request highly suspect, especially when Google is looking to destroy records that are tied to its ads and monetization of consumer data.

Google's request focuses on ▮▮▮ logs that Google identified as relevant and that Google was, as part of its routine business (separate from this litigation), storing permanently. When Plaintiffs asked for any details regarding why Google now wants to stop storing that data permanently, Google told Plaintiffs that was not relevant and refused to provide any information, including with respect to the amount of data that was being stored, what identifiers were stored in those data sources (*e.g.*, IP addresses, Biscottis, Zwiebacks, PPIDs, mapped identifiers, etc.), or why Google suddenly needs to remove this information that it has permanently stored since at least ▮▮▮ (and as far back as ▮▮▮) and did not raise during the Special Master process.

---

[4] Plaintiffs needlessly argue that Google should be required to assume any risks associated with this deletion; Google has already agreed that it will not use the absence of pre-class period data to argue that Plaintiffs' proposed class is not identifiable, which is reflected in the proposed order concurrently filed with this submission. As to Plaintiffs' assertion that any Court order should not "relieve Google of any obligations outside of this case"—a transparent effort for their counsel to obtain discovery in their *Rodriguez* litigation against Google—the case law is clear that a party may not "propound discovery in one pending class action *for the purpose* of using it in another." *Perryman v. Litton Loan Servicing, LP*, 81 F. Supp. 3d 893, 901 (N.D. Cal. 2015) (emphasis in original).

1   Plaintiffs have five concerns and one request. *First*, Plaintiffs are concerned that Google's request will result in Google deleting pre-class-period data that could be used to identify relevant
2   transactions during the class period. Because Plaintiffs have limited access to the data, and no information in response to their requests, they cannot at this point determine the extent of this issue,
3   or the impact on this litigation.

4   *Second*, Plaintiffs' other concern focuses on their obligations as counsel for the putative class. Counsel seeks to zealously represent the interests of not only Plaintiffs but all putative class
5   members, for whom Google has without consent taken and profited from their private browsing data. If there is data that pre-dates the class period that could be used to help identify relevant
6   transactions during the class period, then Plaintiffs are unwilling to bless the destruction of that data. While the Court may determine that it is appropriate for Google to do that, with any consequences
7   that flow from that destruction, Plaintiffs could not stipulate to this destruction due to the limited information available to Plaintiffs at the time of Google's request.
8
    *Third*, without further information from Google, which Google has refused to provide,
9   Plaintiffs cannot even evaluate the true preservation burden. Google fails to explain: a) how much data is in these logs; b) any financial burden of continuing to preserve all data permanently; c) why
10  this change is needed now and not raised during the months of litigation focused on preservation; and d) what the cost would be of simply delaying this destruction for another twelve months.
11  Plaintiffs sought additional information, but Google simply has not provided any evidence of why a modification of the preservation order is warranted or necessary at this point.
12
    For example, during discovery, Google revealed some (but nowhere close to all) details
13  about the logs it now seeks to delete, and those details are insufficient to permit deleting the data:

14      Google did not identify ▮▮▮▮▮▮ during the Special Master process. As a
        result, Plaintiff neither received fields nor any data-driven discovery with respect to
15      this log.

16      Google only provided the top 100 fields for ▮▮ of the logs
        ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17      ▮▮▮▮▮▮▮▮▮▮▮▮▮). Plaintiffs demonstrated this prejudice at the
        sanctions hearing: many identifiers and data points (like Incognito-detection bits) did
18      not appear in the top 100 fields. *See* Dkt. 593-3. Because Google populated those
        fields based on its pre-selected criteria, and many relevant identifiers and data points
19      were not revealed, Plaintiffs were not permitted meaningful discovery into the
        contents of any logs limited to Google's top 100 say-so. Since Google did not provide
20      the full list of fields, Google cannot now claim the pre-class-period data is irrelevant.

21      The ▮▮ logs (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮) are ▮▮▮▮
        ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22      ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23      ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Similarly, the ▮▮▮▮▮▮
        log contains identifiers such as Zwieback, Biscotti, and ▮▮▮▮▮▮▮▮▮.
24      While that information might fall outside of the class period, other information
        associated with that data (*e.g.*, identifiers, including those encrypted in URLs) could
25      be used to unlock details of activity that does fall in the class period. By non-
        exhaustive illustration, if a user's data on May 31, 2016 is associated with PPID or
26      any other third party identifier, and that identifier does not later appear in stored data
        from the same session thereafter, the pre-class period data could serve as a form of
27      proof for a claimant against Google for the unauthorized collection, saving, and use
        of private browsing data. Because Google obstructed discovery related to the ▮▮
28

logs, the period that data may (and likely will) exist on May 31, 2016 (or earlier) is merely illustrative.

The ▮ logs (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮) were not meaningfully explored with the Special Master. When ordered to search ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, only one search was performed and Google could not explain why no data was returned. Faced with this result and the urgency of resolving the Special Master process, Plaintiffs focused on searches that returned meaningful results, knowing that the ▮ logs were permanently-retained logs that could be explored later.

*Fourth*, Google has not provided any information concerning how these ▮ logs may relate to the ▮ additional logs that Google's engineer identified as containing Incognito-detection bits. *See* Dkt. 614-2. Most, if not all, of those logs are downstream logs, but without any discovery or further information on how those logs interact with the ▮ logs at issue here, Plaintiffs cannot evaluate what impact the deletion of the permanently-retained data would have on this litigation.

*Finally*, Plaintiffs are concerned that Google is misconstruing what happened in *Calhoun*. Plaintiffs asked Google to share that transcript, which they have now reviewed. *Calhoun*, Dkt. 761-3. The request in *Calhoun* was seemingly made in passing during an 87-minute hearing (at 43-44):

\* \* \* \* \*

<u>Ms. Gao</u>: Your Honor, I just have one final point. We understand that you want us not to change the retention period for the logs that are currently maintained permanently, but I just have one ask, that Google be permitted to delete data prior to the first day of the class period of this case, because that data is not relevant to the claims or defense here.

<u>The Court</u>: Okay. Understood. Thank you, Ms. Gao. All right. Let's move – I think preservation of encryption keys, we discussed above. Preservation of maps, tables, as I said, that will match the language in <u>Brown</u>. Any issue there on which you'd like to be heard, Mr. Straite?

<u>Mr. Straite</u>: No, your Honor. Thank you.

\* \* \* \* \*

The representations made by Google about what happened in *Calhoun*, and why Google is asking now, appear incongruent with the discussion on the record. Having reviewed that transcript, Plaintiffs are concerned that this abrupt change to Google's preservation (having previously preserved these logs permanently) was not what was actually addressed in *Calhoun*.

If the Court finds that Google has met its burden, Plaintiffs only ask that any relief granted to Google makes clear that risk and any resulting prejudice solely on Google and without any prejudice to Plaintiffs and putative class members, and that this does not relieve Google of any obligations outside of this case. Plaintiffs have demonstrated that class members *can* be identified using Google data, and this Court has rightly recognized that "Google may not use the fact that only sampled data, not complete data, is available to challenge class certification generally or attestations by individuals that they are members of the class." Dkt. 587 at 7. This ruling was correct and should bind any decisions by Google to delete any other data, including data that pre-dates the class period and may have been useful in terms of identifying class members.

| | |
|---|---|
| | Respectfully, |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BOIES SCHILLER FLEXNER LLP |
| */s/ Andrew H. Schapiro* | */s/ Mark C. Mao* |
| Andrew H. Schapiro (admitted *pro hac vice*) <br> andrewschapiro@quinnemanuel.com <br> 191 N. Wacker Drive, Suite 2700 <br> Chicago, IL 60606 <br> Tel: (312) 705-7400 <br> Fax: (312) 705-7401 <br><br> Stephen A. Broome (CA Bar No. 314605) <br> sb@quinnemanuel.com <br> Viola Trebicka (CA Bar No. 269526) <br> violatrebicka@quinnemanuel.com <br> 865 S. Figueroa Street, 10th Floor <br> Los Angeles, CA 90017 <br> Tel: (213) 443-3000 <br> Fax: (213) 443-3100 <br><br> Diane M. Doolittle (CA Bar No. 142046) <br> dianedoolittle@quinnemanuel.com <br> 555 Twin Dolphin Drive, 5th Floor <br> Redwood Shores, CA 94065 <br> Telephone: (650) 801-5000 <br> Facsimile: (650) 801-5100 <br><br> Jomaire A. Crawford (admitted *pro hac vice*) <br> jomairecrawford@quinnemanuel.com <br> 51 Madison Avenue, 22nd Floor <br> New York, NY 10010 <br> Telephone: (212) 849-7000 <br> Facsimile: (212) 849-7100 <br><br> Josef Ansorge (admitted *pro hac vice*) <br> josefansorge@quinnemanuel.com <br> 1300 I Street NW, Suite 900 <br> Washington D.C., 20005 <br> Tel: (202) 538-8000 <br> Fax: (202) 538-8100 <br><br> Jonathan Tse (CA Bar No. 305468) <br> jonathantse@quinnemanuel.com <br> 50 California Street, 22nd Floor <br> San Francisco, CA 94111 <br> Tel: (415) 875-6600 <br> Fax: (415) 875-6700 <br><br> *Attorneys for Defendant Google LLC* | Mark C. Mao (CA Bar No. 236165) <br> mmao@bsfllp.com <br> Beko Reblitz-Richardson (CA Bar No. 238027) <br> brichardson@bsfllp.com <br> Erika Nyborg-Burch <br> enyborg-burch@bsfllp.com <br> 44 Montgomery Street, 41st Floor <br> San Francisco, CA 94104 <br> Tel: (415) 293 6858 <br> Fax: (415) 999 9695 <br><br> James W. Lee (*pro hac vice*) <br> jlee@bsfllp.com <br> Rossana Baeza (*pro hac vice*) <br> rbaeza@bsfllp.com <br> 100 SE 2nd Street, Suite 2800 <br> Miami, FL 33130 <br> Tel: (305) 539-8400 <br> Fax: (305) 539-1304 <br><br> William Christopher Carmody (*pro hac vice*) <br> bcarmody@susmangodfrey.com <br> Shawn J. Rabin (*pro hac vice*) <br> srabin@susmangodfrey.com <br> Steven Shepard (*pro hac vice*) <br> sshepard@susmangodfrey.com <br> Alexander P. Frawley (*pro hac vice*) <br> afrawley@susmangodfrey.com <br> SUSMAN GODFREY L.L.P. <br> 1301 Avenue of the Americas, 32nd Floor <br> New York, NY 10019 <br> Tel: (212) 336-8330 <br><br> Amanda Bonn (CA Bar No. 270891) <br> abonn@susmangodfrey.com <br> SUSMAN GODFREY L.L.P. <br> 1900 Avenue of the Stars, Suite 1400 <br> Los Angeles, CA 90067 <br> Tel: (310) 789-3100 <br><br> John A. Yanchunis (*pro hac vice*) <br> jyanchunis@forthepeople.com <br> Ryan J. McGee (*pro hac vice*) <br> rmcgee@forthepeople.com <br> MORGAN & MORGAN, P.A. <br> 201 N Franklin Street, 7th Floor <br> Tampa, FL 33602 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Tel: (813) 223-5505
Fax: (813) 222-4736

Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Letter Brief Re; Log Preservation. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

| Dated: October 26, 2022 | By | */s/ Andrew H. Schapiro* <br> Andrew H. Shapiro <br> *Counsel on behalf of Google LLC* |
|---|---|---|