# EXHIBIT 1

# Redacted Version of Document Sought to be Sealed

**Pages 1 - 108**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Susan van Keulen, Magistrate Judge

| | |
|---|---|
| CHASOM BROWN, et al.,         )<br>                               )<br>          Plaintiffs,         )<br>                               )<br>  VS.                          )<br>                               )<br>GOOGLE, LLC,                   )<br>                               )<br>          Defendant.           )<br>                               ) | **NO. C 20-03664 YGR (SVK)**<br>     **SEALED PROCEEDINGS** |
| PATRICK CALHOUN, et al.,      )<br>                               )<br>          Plaintiffs,         )<br>                               )<br>  VS.                          )<br>                               )<br>GOOGLE, LLC,                   )<br>                               )<br>          Defendant.           )<br>                               ) | **NO. C 20-05146 YGR (SVK)**<br>     **SEALED PROCEEDINGS** |

San Jose, California
Thursday, August 4, 2022

**<u>TRANSCRIPT OF SEALED VIDEOCONFERENCE PROCEEDINGS OF THE
OFFICIAL ELECTRONIC SOUND RECORDING 9:02 - 12:34 p.m.</u>**

**<u>APPEARANCES</u>**:  (via videoconference)

For Plaintiffs in 20-CV-03664:

>                BOIES, SCHILLER & FLEXNER LLP
>                44 Montgomery Street - 41st Floor
>                San Francisco, California  94104
>           **BY:  MARK C. MAO, ATTORNEY AT LAW**

            **(APPEARANCES CONTINUED ON THE FOLLOWING PAGE)**

Transcribed By:    Marla F. Knox, RPR, CRR, RMR
                   United States Official Court Reporter

```
 1   APPEARANCES:   (via videoconference, continued)

 2   For Plaintiffs in 20-CV-03664:

 3                           MORGAN & MORGAN
                             201 North Franklin Street - 7th Floor
 4                           Tampa, Florida  33602
                       BY:   JOHN A. YANCHUNIS, ATTORNEY AT LAW
 5                           RYAN J. McGEE, ATTORNEY AT LAW

 6                           SUSMAN GODFREY LLP
                             1301 Avenue of the Americas - 32nd Floor
 7                           New York, New York  10019
                       BY:   ALEXANDER P. FRAWLEY, ATTORNEY AT LAW
 8
     Also Present:           Christopher Thompson, Consultant
 9

10   For Plaintiffs in 20-CV-05146:

11                           DiCELLO LEVITT GUTZLER
                             60 East 42nd Street - Suite 2400
12                           New York, New York  10165
                       BY:   DAVID A. STRAITE, ATTORNEY AT LAW
13                           CORBAN S. RHODES, ATTORNEY AT LAW

14                           SIMMONS HANLY CONROY
                             231 South Bemiston AAvenue - Suite 525
15                           St. Louis, Missouri  63105
                       BY:   JAY BARNES, ATTORNEY AT LAW
16
                             SIMMONS HANLY CONROY
17                           One Court Street
                             Alton, Illinois  62002
18                     BY:   JENNIFER M. PAULSON, ATTORNEY AT LAW

19                           BLEICHMAR FONTI & AULD LLP
                             555 12th Street - Suite 1600
20                           Oakland, California  94607
                       BY:   LESLEY E. WEAVER, ATTORNEY AT LAW
21                           ANGELICA M. ORNELAS, ATTORNEY AT LAW

22   For Defendant:
                             QUINN EMANUEL URQUHART & SULLIVAN, LLP
23                           191 North Wacker Drive - Suite 2700
                             Chicago, Illinois  60606
24                     BY:   ANDREW H. SCHAPIRO, ATTORNEY AT LAW

25          (APPEARANCES CONTINUED ON THE FOLLOWING PAGE)
```

```
 1   APPEARANCES:  (via videoconference, continued)

 2   For Defendant:
                         QUINN EMANUEL URQUHART & SULLIVAN, LLP
 3                       865 S. Figueroa Street - 10th Floor
                         Los Angeles, California  90017
 4                  BY:  STEPHEN A. BROOME, ATTORNEY AT LAW
                         VIOLA TREBICKA, ATTORNEY AT LAW
 5
                         QUINN EMANUEL URQUHART & SULLIVAN, LLP
 6                       1300 I. Street, N.W. - Suite 900
                         Washington, D.C.  20005
 7                  BY:  JOSEF ANSORGE, ATTORNEY AT LAW

 8                       QUINN EMANUEL URQUHART & SULLIVAN, LLP
                         51 Madison Avenue - 22nd Floor
 9                       New York, New York  10010
                    BY:  JOMAIRE A. CRAWFORD, ATTORNEY AT LAW
10
                         QUINN EMANUEL URQUHART & SULLIVAN, LLP
11                       711 Louisiana Street - Suite 500
                         Houston, Texas  77002
12                  BY:  BRETT WATKINS, ATTORNEY AT LAW

13   Also Present as Defendant Representatives:

14                       Nora Puckett
                         Patrick Quaid
15                       Ben Kornacki
                         Glenn Berntson
16                       Toni Baker

17   Also Present:       Douglas Brush, Special Master
                         Timothy Schmidt
18

19

20

21

22

23

24

25
```

1    from the list of data parameters triggering preservation of the
2    GAIA ▒▒▒▒ columns and similarly to remove the ZWBK identifier
3    from the list of the data parameters triggering preservation of
4    the ZWBK ▒▒▒▒ columns.
5         Based on, again, the representations from Google here
6    today and the -- in particular the technical experts, who spoke
7    to this, both Dr. Berntson and Mr. Quaid, I am going to grant
8    the request for clarification.
9         And with that clarification, the implementation deadline
10   for the full preservation of the GAIA ▒▒▒▒ and ZWBK ▒▒▒▒
11   fields will be extended to October 28th with the same -- on the
12   same basis of no loss of data from July 30th to October 28th
13   for the vast majority of the entries.
14        And I believe that that addresses all of the open issues.
15   I will reiterate that the preservation order is quite clear on
16   the preservation of all mapping tables in their entirety.  And
17   that remains the order.  "All" means "all."  Okay.  I think
18   that wraps everything up.
19            **MR. SCHAPIRO:**  Your Honor --
20            **THE COURT:**  And we will turn to the most recent and
21   one can only hope, final request for clarification regarding
22   sync state, which the Court will look at when it has heard from
23   Google.
24            **MR. SCHAPIRO:**  Your Honor, one last --
25            **THE COURT:**  Closing comment.

1    **MR. SCHAPIRO:**  One last thing.  Your Honor, said "all"
2    means "all."  We understand that.  The part we don't understand
3    is what "mapping tables" means.  And we just want to make sure
4    that we are in compliance with your order, and I would hand off
5    to either one of the engineers or Mr. Ansorge because we were
6    at the break discussing some questions we have about that.
7        **THE COURT:**  Mr. Ansorge?
8        **MR. ANSORGE:**  Yes, Your Honor, thank you for your
9    patience today.
10       You had asked us to prior to identify to you where we see
11   a problem area before it arises, to not wait until the last
12   moment.  And here we see a very pronounced one.
13       Mr. Mao had earlier referred to an interrogatory that was
14   about matching tables, and the example that was given was one
15   about GAIA-keyed serving.  And we had objected saying that
16   GAIA-keyed serving was not at issue and was outside of the
17   limit of the interrogatories.
18       When Plaintiffs in the Brown matter asked for mapping
19   tables and discussed those -- and they asked Dr. Berntson at
20   his deposition about it as well -- there was a very clear focus
21   on the ███████████████ at the table.  That is a specific
22   one Plaintiffs had requested.
23       Our understanding of your order within that context was
24   that mapping tables refer to this specific table.  Our concern
25   at this stage is that "mapping tables" isn't clearly defined by

1  the Court or the parties in this case.
2      We believe that Plaintiffs would like to have it as
3  broadly as possible just based on the submissions of both
4  Calhoun and Brown.  And what we would ask is to figure out if
5  we can work with you to come up with some kind of limitation on
6  what the mapping table would mean.
7      It's a -- it strikes us as a definitional problem, and we
8  want to work with you; but our challenge, which I hope you
9  understand, is that it -- we are concerned we will have to
10 somehow prove a negative to be able to comply with the order.
11 So when there is -- specific sources are called out, we know
12 how to preserve those.
13     With the statement such as "mapping tables" and indicating
14 that it is broader than the table that we have been preserving,
15 we are left in a situation where we are not sure what that is
16 being referred to, Your Honor; and --
17         **THE COURT:**  All right.  Let me just look this up very
18 quickly.
19                 (Pause in proceedings.)
20         **THE COURT:**  It's not there.  Mr. Mao, did you want to
21 be heard briefly or who?
22         **MR. MAO:**  Yes.  So, first of all, when we initially
23 used the matching table term, Your Honor, in Interrogatory 11,
24 you can see there was a dispute on that.  And we absolutely
25 required and requested the explanation by Google, which is

```
 1   where are all the tables that would match one ID with another.
 2   Okay.
 3           THE COURT:  Okay.
 4           MR. MAO:  We were actually corrected on record in the
 5   deposition by Mr. Lao, who has since been stricken, saying that
 6   that is a matching table.  That's the way Google used that
 7   term.  I believe that that is the anthology of how that became
 8   a mapping table.
 9           THE COURT:  Okay.
10           MR. MAO:  Yeah.  So it's the same thing.  I would I
11   don't think the parties have ever misunderstood to be
12   differently.
13           THE COURT:  All right.  Mr. Straite or Mr. Barnes.
14           MR. BARNES:  Yes, Your Honor.  I think if you look at
15   our response -- just give you an idea, we have lots of
16   documents produced by Google that talk about other mappings.
17       Here is a direct quote (as read:) "We have a lot of
18   mappings between identifiers; Biscotti to GAIA, IDFA to
19   Biscotti, IDFA to GAIA."
20       There is another quote (as read:) "Examples of identifier
21   mapping and metadata that rarely change includes IEFA /AdID
22   Biscotti to GAIA and IDFA AdID ███████████."
23       And then we have documents that talk about inside the
24   ████████████████ mappings from Biscotti to GAIA ID and
25   from device ID to Biscotti ID.
```

1 **THE COURT:** Right. Let me interrupt you there,
2 Mr. Barnes, you are reminding me of the language that was in
3 the parties' respective discussions on this point back in the
4 objection exchange phase.
5 And the language that the Court found determinative was
6 that for the -- the mapping tables are preserved in the
7 ordinary course, and I took that as not a -- not a big ask
8 and -- a mapping table is -- is what it is. I mean, it is
9 mapping the IDs. We have been through this in discussion.
10 I think -- it's not limited to the one that was discussed
11 in deposition. It is the mapping tables that have been --
12 that -- you know, that relate to the logs and fields that --
13 that the parties have worked with so intimately over these last
14 18 months.
15 I don't think it can be any more clear. I have heard the
16 objections. I have sustained the objections. I appreciate the
17 request for "Well, what is it; we don't want to get in
18 trouble."
19 It's a mapping table and I don't have a complete list.
20 And, you know, if you want to approach Plaintiffs with a
21 complete list, but the rule is -- the order is to preserve them
22 all.
23 **MR. ANSORGE:** Yes, and when -- we understand the
24 order. One minor follow-up, Your Honor, on the examples that
25 Mr. Barnes was listing, it is our understanding that IDs that

1    are used in mobile advertising are not at issue and not passed
2    through the dataflow at issue.
3        So the browser communications that we are discussing, they
4    work with cookies; and there is -- if there are separate
5    mapping tables that are used by -- say, Google may support
6    advertising that is shown on an app on a phone, that's a
7    third-party app, that would strike us as outside this case.
8        So it would be an example where I believe everything he
9    was listing is not something that is relevant to the direct
10   dataflow at issue in this case, and I think he was also
11   providing examples of early ▉ design documents where there
12   are a lot of ideas about things that would be implemented that
13   weren't ultimately implemented.
14       And that puts us in this bind where Plaintiffs have --
15   obviously have a mental list of mappings that exist but they
16   have not specified them by name or told where or what exactly
17   we should be targeting.  There's a general description.
18       **THE COURT:**  Well, you-all should have had that
19   discussion through the meet-and-confer process.  And, you know,
20   we are -- the ship has sailed.  You know, we have had a
21   discussion around this in great detail.
22       And, you know, I'm always hesitant to -- I'm not going to
23   say it is the relevant mapping tables because that's going to
24   put you right back where you are, which is Google's position
25   that it is only one table.  It's not clearly.  It is clearly

```
 1   multiple tables because we have got it -- we have got a lot of
 2   data sources.  We have got a lot of IDs and --
 3           MR. SCHAPIRO:  So how about this --
 4           THE COURT:  I'm going to go out here on a limb and say
 5   it is going to be more than one.
 6           MR. SCHAPIRO:  So can we just say -- I think we are
 7   okay.  We are going to do our best in good faith.  We think we
 8   understand it.  And just if a week from now or two weeks from
 9   now the Plaintiffs come back and say "No, Judge, they are
10   flouting your order," I'm saying now on the record we have
11   asked a couple of times here.  We think we get it, and I just
12   want our good faith to be noted because I have lived this case.
13           THE COURT:  As have we all, Mr. Schapiro, as have we
14   all.
15       I think -- the order is clear.  It's not limited to just
16   one table.  The mapping tables -- if you would need a mapping
17   table to work with any of the data that is being exchanged in
18   this case, that table has to be preserved.  Okay.  All right.
19           MR. BARNES:  Your Honor --
20           THE COURT:  All right.  Yes?
21           MR. BARNES:  I'm concerned that once you reiterate
22   that you are not allowing Google to decide what is relevant
23   with that last comment because I know you didn't intend to, but
24   I know the way these things go.  They parse every comment you
25   make and say:  "Oh, she said "all;" but then at the end she
```

1  said the data in this case."  I'm sorry to jump in, Your Honor,
2  but --
3          **THE COURT:**  Mr. Barnes, I think my order again is
4  perfectly clear.
5          **MR. BARNES:**  Thank you.  I do too.
6          **THE COURT:**  If it doesn't relate to the data in this
7  case, it is never going to come up.  If it relates to the data
8  in this case, it does.
9          **MR. BARNES:**  Well, Your Honor, on that point,
10 Mr. Ansorge just gave you an example of things they are
11 claiming does not relate to the data in this case that
12 absolutely does relate to the data in this case.  The issue --
13         **THE COURT:**  All right, Mr. Barnes.  That's fine.
14 That's fine.  It's all mapping tables.  Okay.
15         **MR. BARNES:**  Thank you.
16         **THE COURT:**  I can't make it any more clear.  The order
17 is written.  Mr. Brush, did you want to be heard?
18                      (No response.)
19         **THE COURT:**  Oh, you are on mute, sir.
20         **MR. BRUSH:**  Yeah.  And I think the Defense Counsel is
21 aware that if there is potentially relevant data that is
22 subject to the case, they are under an obligation to preserve
23 it.  I mean, we don't really have to get overly complicated in
24 the weeds on that.  And there is recourse for Plaintiffs if
25 they don't.  So, I think we have to strike that balance.

1  **THE COURT:** Thank you. All mapping tables preserved.
2  All right. That concludes this long but very productive
3  session. I will issue an order reflecting the rulings. I have
4  made them on the record.
5      And again, I want to thank everyone for their preparation
6  today -- their preparation, their efforts -- and I especially
7  appreciate the Google representatives who spoke on the record
8  and were of assistance to the Court today. Thank you.
9      **MS. WEAVER:** Your Honor, if I might, there is an issue
10 regarding the sanctions hearing and whether or not it should be
11 sealed. The hearing took set for August 11th. The parties are
12 in opposition on the matter. I know it has been a long hearing
13 and perhaps you don't want to hear argument now.
14     **THE COURT:** I sure don't and neither do you. You
15 don't want to make it now. I told the parties my direction was
16 to work together to see if you could find common ground that
17 would enable it to go forward without sealing.
18     So, you have either worked it out or you have not. And if
19 you haven't, someone will make a request to seal it and you
20 will let me know why. All right.
21     **MS. WEAVER:** Thank you, Your Honor.
22     **MR. MAO:** Thank you, Judge.
23     **MR. SCHAPIRO:** Thank you, Your Honor.
24          (Proceedings adjourned at 12:34 p.m.)
25

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above-entitled matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this proceeding was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

DATE:   Friday, August 12, 2022

_____

Marla F. Knox, RPR, CRR, RMR
United States Court Reporter