Pages 1 - 26

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**Before The Honorable Susan van Keulen, Magistrate Judge**

```
CHASOM BROWN, et al.,          )
                               )
             Plaintiffs,       )
                               )
   VS.                         )   NO. C 20-03664 YGR (SVK)
                               )
GOOGLE LLC,                    )
                               )
             Defendant.        )
_____)
```

Oakland, California
Thursday, October 27, 2022

**TRANSCRIPT OF OFFICIAL ELECTRONIC SOUND RECORDING**

**OF REMOTE ZOOM VIDEO CONFERENCE PROCEEDINGS**

**TIME:  10:00 A.M.  -  10:38 A.M.  = 38 MINUTES**

**APPEARANCES VIA ZOOM:**

For Plaintiffs:
                    MORGAN & MORGAN COMPLEX LITIGATION GROUP
                    201 North Franklin Street, Seventh Floor
                    Tampa, Florida 33602
               **BY:  JOHN YANCHUNIS, ATTORNEY AT LAW**

                    BOIES SCHILLER FLEXNER LLP
                    44 Montgomery Street, 41st Floor
                    San Francisco, California 94104
               **BY:  MARK C. MAO, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

TRANSCRIBED BY:  Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
                 CSR No. 7445, Official U.S. Reporter REMOTELY

```
 1    APPEARANCES VIA ZOOM:    (CONTINUED)

 2    For Plaintiffs:
                              SUSMAN GODFREY LLP
 3                            1901 Avenue of the Stars, Suite 1400
                              Los Angeles, California 90067
 4                      BY:   AMANDA K. BONN, ATTORNEY AT LAW

 5

 6    For Defendant:
                              QUINN, EMANUEL, URQUHART & SULLIVAN LLP
 7                            865 South Figueroa Street, Tenth Floor
                              Los Angeles, California 90017
 8                      BY:   STEPHEN A. BROOME, ATTORNEY AT LAW
                              VIOLA TREBICKA, ATTORNEY AT LAW
 9

10                            QUINN EMANUEL URQUHART & SULLIVAN LLP
                              1300 I Street NW, Suite 900
11                            Washington, D.C. 20005
                        BY:   CARL W. SPILLY, ATTORNEY AT LAW
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

| | |
|---|---|
| 1 | **Thursday - October 27, 2022** **10:00 a.m.** |
| 2 | **P R O C E E D I N G S** |
| 3 | ---o0o--- |
| 4 | **THE CLERK:**  Please come to order.  The Honorable Susan |
| 5 | van Keulen presiding. |
| 6 | **THE COURT:**  Good morning, everyone.  Welcome to the -- |
| 7 | **MR. YANCHUNIS:**  Good morning. |
| 8 | **THE COURT:**  -- 10 o'clock calendar. |
| 9 | All right.  We're on today for a status conference. |
| 10 | So, Ms. Fanthorpe, if you'll call the matter, we'll get |
| 11 | underway. |
| 12 | **THE CLERK:**  Calling Case 20-cv-3664, Brown, et al. vs. |
| 13 | Google LLC, et al. |
| 14 | Counsel, please identify yourselves for the record, |
| 15 | beginning with the plaintiff. |
| 16 | **MS. BONN:**  Good morning, Your Honor.  Amanda Bonn with |
| 17 | Susman Godfrey for the plaintiffs. |
| 18 | **THE COURT:**  Ms. Bonn, hello. |
| 19 | **MR. MAO:**  Good morning, Your Honor.  Mark Mao, Boies |
| 20 | Schiller Flexner, for the plaintiffs. |
| 21 | **THE COURT:**  Mr. Mao, hello. |
| 22 | **MR. MAO:**  Hello, Your Honor. |
| 23 | **MR. YANCHUNIS:**  And good morning, Your Honor.  John |
| 24 | Yanchunis with Morgan & Morgan. |
| 25 | **THE COURT:**  Good morning, Mr. Yanchunis. |

 1          For the defendant, please?

 2          **MR. BROOME:**  Good morning, Your Honor.  Stephen Broome for

 3     Google.

 4          **THE COURT:**  Mr. Broome.

 5          **MS. TREBICKA:**  Good morning, Your Honor.  Viola Trebicka

 6     with Quinn Emanuel for Google.

 7          **THE COURT:**  Ms. Trebicka, good morning.

 8          **MR. SPILLY:**  Good morning, Your Honor.  Carl Spilly for

 9     Google.

10          **THE COURT:**  Mr. Spilly, hello.

11          All right.  We're on today for a status conference.  I set

12     this last week, and you saw what was on my mind.

13          I have reviewed the current papers before me with regards

14     to plaintiffs' motion for further discovery sanctions.  And I

15     know that there is also pending a request for a sur-reply from

16     Google, which I have -- well, which maybe we address that in

17     the process going forward here today.

18          I am -- I -- the papers on both sides raise questions, and

19     I found that I don't have enough information -- my sense is I

20     don't have enough information yet to make a ruling.

21          I discussed this issue with Judge Gonzalez Rogers because

22     I have concerns about this coming up very late in the process,

23     discovery being closed and the case moving forward.  And I know

24     she has pending motions before her.  And -- but I did -- I did

25     raise that issue.

1          And my thought is, I want more information.  I do not --

2     we are not going to open discovery, but I want to be sure that

3     there is enough information; that as I framed it as an order to

4     show cause, I want -- the burden will be on Google to provide

5     additional information to the Court and to plaintiffs.

6          The plaintiffs need an opportunity to review and consider

7     that and rebut it; and then we'll have a hearing, which I --

8     you know, we will have a hearing; and then I can make an

9     informed -- informed decision where we go from here.

10         At the -- at the core, in their opposition, Google made

11    the statement that these additional logs, the additional 45

12    logs -- which I will say was of concern to the Court.  The logs

13    being identified outside of the time ordered by the Court is of

14    concern, and Google will answer for that.  To not seek relief

15    of the Court is a violation of this Court's order.

16         But beyond that, the -- the statement in Google's

17    opposition that these logs are non-accretive, okay; but I did

18    not find that the declaration of Mr. Sramek -- and help me out

19    with that pronunciation when you have a chance -- but I -- I

20    don't think that that -- the declaration didn't -- did not

21    prove that up, at least by itself and, in particular, in

22    particular with regards to the joined logs and the third-party

23    exchange logs.  In fact, I would almost say it was almost

24    cavalier; if not cavalier, at least cursory in terms of

25    addressing those.

1        So that led me to my -- the outline that I put in my

2    status conference order, ordering us to gather here today,

3    because I wanted to discuss with you a reasonable framework for

4    moving forward.  And I don't want to -- I don't want to get

5    into the merits on the motion.  I just want to talk about next

6    steps and timing for those next steps.

7        So let me tell you what I'm thinking in that regard.

8    Against that backdrop that I've just laid out, let me tell you

9    what I'm thinking in terms of next steps, and then I will hear

10   from both sides.

11       Okay.  I think that, as I said, this will be an order to

12   show cause.  The burden will be on Google.  So Google will have

13   to provide further evidence to the Court and to plaintiffs that

14   support its position that there's nothing additive or that

15   these logs are non-accretive.  And I'm using Google's language

16   there.  I would expect that to be, as I say, supported with

17   evidence.  And that evidence will be -- would be disclosed to

18   plaintiffs as under Rule 26(a).  It'd be like an expert

19   disclosure.  So anything considered by the person proffering

20   the evidence would be made available to plaintiffs.

21       Now, it may be that some of that is dynamic.  You know,

22   maybe it's a review of a -- of the logs dynamically.  I don't

23   know.  That may be a place where -- for the Special Master to

24   be involved and for some work with the Special Master on,

25   you know, making a showing and responding to a showing.  I

1    don't know.  I'm just flagging that.

2         And that -- you know, Google would have about 30 days to

3    do that, by November 30th, a brief and supporting evidence with

4    this -- with a full disclosure akin to Rule 26.

5         Then the plaintiffs would have an opportunity to review,

6    assimilate, and develop a rebuttal to that, either what the

7    evidence proffered by Google does or does not show.  And given

8    it is the end of the year, I would allow -- I want to be sure

9    that there is sufficient time.  I would have the plaintiffs

10   respond by January 20.  January 20.

11        I will give Google a reply.  It is their burden in the

12   order to show cause.  That would be due February 10.

13        We would have a hearing on this on March 2nd.

14        That is the task and the timeline I am envisioning.  Let

15   me hear from the parties.  And I'll hear from Google first.

16        Mr. Broome?

17        **MR. BROOME:**  Sure.  I may have Ms. Trebicka follow on

18   here.

19        But first of all, we apologize for the lack of judgment,

20   for lack of a better term, with respect to not seeking relief

21   from the Court.  In hindsight, that was a mistake.  And we've

22   made mistakes before in this case, and I apologize to

23   Your Honor for that.  We really have been trying our best to

24   manage a number of really complicated issues, but there's been

25   some footfaults along the way, and for that, I apologize.

1      With respect to the process, thank you for the information

2  that you provided.  We were not -- I have to admit, we were not

3  entirely clear on where you thought our prior submissions were

4  deficient.  So now that we have that information, I think the

5  process that you've laid out makes a lot of sense.

6      I'll let Ms. Trebicka chime in as well, as she's been a

7  little bit closer to this issue.

8      I think the only question is whether it would make sense

9  to have the Special Master involved.  I think that if we could

10  have some time to consider that with our client and maybe even

11  with the plaintiffs, that would be appreciated, before we

12  provide our position on that.

13      But unless Ms. Trebicka tells me otherwise, I think the

14  process you've outlined makes perfect sense.

15      **THE COURT:**  Ms. Trebicka, anything to add?

16      **MS. TREBICKA:**  Nothing to add, other than perhaps some

17  more clarity on the page limits associated with that, unless

18  it's the default.

19      **THE COURT:**  That's what I was -- that's what I was

20  anticipating.  It'd be 25 pages.  You don't have to use them

21  all if you don't need them all.  But I'm not going to set

22  discovery-type limits.

23      And I also would simply caution, I've identified two of

24  the tables that are of concern to me, but, you know, plaintiffs

25  had a number of issues, and the burden is across the 45 logs.

1   Now, perhaps they're not all created equal and some can be

2   handled more summarily than others, but that is -- I just

3   wanted you to have an understanding of what in particular

4   caused me concern.

5       **MS. TREBICKA:**  And, Your Honor, just so that we can focus

6   our briefing and any evidence on the issue that Your Honor

7   wants to hear about, we are focused on the non-accretive nature

8   of the logs or supporting our view and argument that these logs

9   are non-accretive to the logs that were previously disclosed.

10      **THE COURT:**  That's right.  And let's be very clear.  What

11  that means is there's no new evidence here.  There may be

12  additional evidence.  There may be cumulative evidence.  But

13  there's -- you know, and I'm just thinking, for example -- and,

14  again, this is, you know, a theoretical example; but in the

15  joined logs, I mean, we don't know what's been joined.

16      And if there were, you know, an issue that obviously is

17  key in this case, but if there was user identification,

18  specific user identification and an Incognito mode indicator

19  that had been in separate logs and now they're joined, well,

20  obviously, that's a -- that is not non-accretive.  Even if

21  those two pieces had been previously -- you know, previously

22  produced or in other logs, now that they're joined, that could

23  be something new.  So --

24      **MS. TREBICKA:**  Understood.

25      **THE COURT:**  -- it gets very -- you know, for me, it gets

1  very theoretical very quickly; so I don't want to be drawing

2  parameters.

3      I'm using Google's phrase because that was your defense,

4  that there's nothing new here.  I am not -- I don't have enough

5  information to make that call.

6      **MR. BROOME:**  Understood, Your Honor.  And I think we would

7  agree that if the logs were, in fact, showing that Incognito

8  data was being joined to identify users, that would be new

9  evidence.

10     **THE COURT:**  That's just -- that's just an example.

11     **MR. BROOME:**  Understood.

12     **THE COURT:**  All right.  Let me hear from defendants,

13  please.

14     **MR. MAO:**  So, Your Honor, you mean --

15     **THE COURT:**  Oh, plaintiffs.  Excuse me.  I'm sorry.

16                         (Laughter.)

17     **THE COURT:**  I apologize --

18     **MR. MAO:**  So --

19     **THE COURT:**  -- Mr. Mao.

20     Let me hear from the other side.

21     **MR. MAO:**  Yeah.  If you don't mind, Your Honor, I'm going

22  to go first; and then I'm going to allow my colleague,

23  Ms. Bonn, to fill in as well because, as you can probably

24  appreciate, a lot of this is happening in real time and we're

25  just reacting in real time.

1    **THE COURT:**  Yeah.  Here we are in real time.

2    **MR. MAO:**  Great.

3    So the first thing is that, Your Honor, we just want to

4    make sure that this does not reopen discovery.  Again, Google

5    bears the burden of what it did and did not do.

6    And we also want to make sure it does not impact,

7    you know, existing proceedings if they have been submitted,

8    you know, insofar as kind of like the core what is going on

9    with the case.

10   I realize that we're also asking for -- you know, we were

11   already prejudiced; but what I'm saying, Your Honor, is when

12   we -- unraveling discovery would cause undue burden and just a

13   big mess.

14   And the second thing is that the prejudice is the

15   prejudice.  We don't think that Google should have an

16   opportunity to be able to cure that here, now that we're that

17   deep into the case.

18   **THE COURT:**  So, Mr. Mao, let me just --

19   **MR. MAO:**  Yeah.

20   **THE COURT:**  I understand what you're saying theoretically.

21   Let's drill down a little bit.

22   I know you made the point, you argued in papers that the

23   logs were not identified until after your expert report had

24   been served, if I'm remembering correctly.

25   Now, plaintiffs didn't point to anything in their expert

1    report that may have been done differently; but, you know,

2    again, you don't -- you may not have enough information to have

3    done that.

4         You know, there could be prejudice.  There might not be

5    prejudice.  And I appreciate that you did not ask to reopen

6    discovery on the logs.  And I do not want to reopen discovery.

7         What I'm trying to navigate and -- is, I ordered any

8    additional logs to be identified because I wanted to be sure

9    that Google had looked for everything and that you understood

10   what the universe was of logs that had this field.

11        So, okay.  There were a lot more, it turns out.  Yeah,

12   we're not going to -- we're not reconstructing and going back

13   to the Special Master process for discovering what is in logs.

14   That's not the path we're going down.  We've all been there.

15        But we have -- we have these additional logs.  And I still

16   feel like we need more information, particularly in light of

17   the sanctions that plaintiffs are asking for.

18        So that's -- that's what I'm trying to navigate.  But I

19   want to kind of tuss out your concern because I want to set

20   parameters, and I think that'll help inform if and how we might

21   use the Special Master.

22        **MR. MAO:**  Yeah.  And, Your Honor, I was trying to balance

23   that as well as trying to be, you know, very thoughtful in how

24   I was approaching it, because I think you can appreciate, if

25   you go back and you review some of our papers, one of the

1  things that, you know, is a little bit of a door that might

2  need to be opened is whether, in fact, that these are the only

3  Incognito bits.  And I think you can appreciate that Google's

4  statements were certainly unclear on that.

5      And, you know, it's both a sore point and yet, you know,

6  the parties have been kind of forced to move on; right?  So --

7      **THE COURT:**  Mm-hmm.

8      **MR. MAO:**  -- you know, I'm not, you know, trying to waffle

9  here.  It's just it's --

10     **THE COURT:**  No.

11     **MR. MAO:**  You know, just, it's difficult not knowing what

12 we don't know.

13     And it's not just 45 logs.  We believe it's more logs.

14 And there's -- you know, there was a whole fight over whether

15 or not proto fields and proto comments would have to be open.

16     **THE COURT:**  And we're not going back to any of those.

17 We're not going back to any of those.

18     **MR. MAO:**  Okay.

19     **THE COURT:**  I know.  There was a lot that we left --

20     **MR. MAO:**  Yeah.

21     **THE COURT:**  -- that we left undone.

22     I had to keep us moving forward in discovery, and I did

23 that on as -- a fixed path; sometimes, well, to one side's

24 view, narrow and, to other side's view, vast.  But, you know,

25 we've managed it as best as we can, and here we are.

1        So I agree.  My thinking on having Google provide more

2   information and -- supported by a full disclosure of what

3   they're looking at, I intend- -- I intended that to be helpful

4   to plaintiffs so that you see -- you know, it's one thing to

5   get a declaration that says, you know, "This log doesn't have

6   any of these fields," for example.  But, you know, on one hand,

7   you shouldn't have to just take their word for it; on the other

8   hand, we're not going to reopen discovery.

9        So it seemed to me that if you are seeing what the

10  declarant is looking at, what Google is looking at in making

11  that statement, then you can -- you can accept it or you can

12  challenge it.  You've got -- you've got good technical folks on

13  your side as well.

14       So that was my intention on that piece.  Does that sound

15  workable, at least at this point?

16                      (No audible response.)

17       **THE COURT:**  To you, Mr. Mao.  That is --

18       **MR. MAO:**  Oh, yes.  Sorry.

19       **THE COURT:**  -- the disclosure, the Google disclosure, the

20  extent of the Google disclosure.

21       **MR. MAO:**  Well, their disclosures were not adequate.  And

22  I guess I'm just trying to figure out, how do we deal with that

23  now.  Right?

24       So, like, even answering a very specific question, for

25  example, you know, like the Ad Exchange log you were talking

1   about, that actually would show, for example, the percentage of

2   traffic, right, that was Incognito which Google proffered for

3   sale -- right? -- like on Ad Exchanges.  That, unless

4   Mr. Broome or Ms. Trebicka can actually point to, is not

5   something, you know, they actually have in another log in terms

6   of what was being proffered, you know, on the market.

7        It's just my initial reaction because, you know, you're

8   asking for -- you know, you're pointing to very, very specific

9   logs and --

10       **THE COURT:**  Yeah.

11       **MR. MAO:**  -- technical things.

12       So, you know, saying that that's not additive, I think I

13  can address that, you know, right up-front.  But, you know, we

14  can jump more into that as Your Honor, you know, has suggested

15  in terms of the process.

16       **THE COURT:**  Mm-hmm.

17       **MR. MAO:**  You know, happy to kind of, like, flesh that

18  out.

19       I just want to make sure, Your Honor, that it's clear

20  that, you know, discovery is not being reopened and they're

21  not, you know, using this process to try to undo the prejudice

22  they've already caused.

23       Sorry.  I see my colleague, Ms. Bonn, trying to jump in.

24  So I'm going to try to move aside for a moment and I'll let her

25  speak, Your Honor.

1          **THE COURT:**  Okay.  But let me just -- what I --

2          **MR. MAO:**  Sure.

3          **THE COURT:**  The concern I hear you expressing, Mr. Mao,

4     is, to the extent you've built a case on prejudice or on what

5     certain logs show, that this exercise should not be used to

6     undermine what's already been -- where you've already been.

7          **MR. MAO:**  Sure.  Let me give a very specific example

8     following my last example.  All right?

9          So in terms of, you know, doing, you know, allocations and

10    calculations on damages, for example, right, we had to use

11    other sources which -- other numbers which we built and crafted

12    those numbers, and that is what Google ought to be bound by.

13    We used their documents, their documentation, you know, their

14    calculations and sources other than what they've disclosed.

15         Insofar as they could have used these logs to either offer

16    a rebuttal or say "Somehow, you know, we fell short because we

17    didn't use other sources," we just want to make sure,

18    Your Honor, that they're not using this process offensively

19    and, instead, this is truly an order to show cause as to why

20    they did not, you know, produce this earlier.

21         **THE COURT:**  Mm-hmm.

22         **MR. MAO:**  And, you know, I don't -- again, you know,

23    Your Honor, I'm being -- trying to be very thoughtful and

24    restrained and understanding that it's not an argument on the

25    merits.  This is a logistics -- you know, logistics call today,

1   but -- sorry.  You know, I'm just trying to be thoughtful and

2   restrained.

3       Ms. Bonn, sorry.  I see you trying to jump in.

4       **THE COURT:**  That's fine.  You were answering my question.

5       Go ahead.  Ms. Bonn, did you have something to add?

6       **MS. BONN:**  No.  I was going to make a related point, which

7   is, I think that a potential solution to the concern that

8   Mr. Mao is expressing is that, it's one thing for Google to

9   produce this evidence for use in connection with the order to

10  show cause hearing; but merely by virtue of its production,

11  Google should not be permitted to rely on that evidence at

12  summary judgment, in expert briefing, at trial, because this is

13  late-disclosed evidence after all discovery is closed.

14      So I think that's -- that may solve part of the issue that

15  Mr. Mao is addressing, which is, of course we need to explore

16  what's going on here in order for Your Honor to have your

17  questions answered about whether and what sanction may be

18  appropriate.

19      On the other hand, our concern is, having put everybody in

20  this position, Google should not be able to benefit from that

21  by then using this evidence to backfill in terms of the merits

22  of the case.  That is our issue.

23      **THE COURT:**  Okay.  All right.  Well, that would be an

24  issue that would be addressed in a final order on this.  I

25  would anticipate I'm not going to pre-rule or give an advisory

1  opinion on what may or may not come out of this process from

2  either side.  But I do understand the concern.

3      Okay.  So returning to process and the framework that I've

4  outlined in terms of content and timing, it doesn't sound like

5  either side has a concern, at least as we've set it out here

6  this morning.

7      Mr. Broome, back to Google.

8      **MR. BROOME:**  Yeah.  I think -- I think the question is,

9  again, regarding the Special Master, Your Honor.  I don't know

10  if plaintiffs have already solidified their position with

11  respect to whether they want the Special Master involved.

12      I guess I'll put that back to them.  If they have, then

13  it'd be good to know.  If they haven't, then we would just

14  request that we have some opportunity to confer with our client

15  and then the plaintiffs and come back to Your Honor, say, by

16  the end of the week or Monday.

17      **THE COURT:**  Yeah.  So here's -- again, there may be places

18  in this process.  To a certain extent, perhaps it depends, as

19  you collect your additional -- as Google collects its

20  additional materials for showing, that from Google's

21  perspective, it may benefit from the Special Master, you know,

22  identifying or monitoring that process.

23      I could -- you know, yes or no.  You may be very confident

24  in the papers.  And, I mean, that is what I do.  I get

25  technical disputes all the time.  This case has been -- been

1    unusual with regards to our retrieval of data, but that's --

2    you know, again, we're largely past that.

3        From plaintiffs' perspective, you know, again, you don't

4    know what you don't know until you see what Google turns over.

5    You know, it may be we want to see more or we want to see

6    something -- you know, again, I just -- I just don't know.  It

7    may not become apparent -- a need may not become apparent to

8    plaintiffs until they see what Google provides.  So it's a

9    little hard to have plaintiffs take a firm position --

10       **MS. BONN:**  And I would --

11       **THE COURT:**  -- in a vacuum.

12       I can -- you know, looking ahead, it may be when I have

13   both sets of briefs, it would be helpful for the Court.  But I

14   mean, I'm not going to ask you to -- you know, we're not going

15   to keep the Special Master on for -- you know, for the --

16   you know, I can work through the papers, is my point.  And

17   either you -- you've either made it clear enough for the Court

18   or not.

19       **MR. BROOME:**  Yeah.  That's a fair point, Your Honor.  And,

20   actually, I think you raise -- that probably -- hearing that

21   suggestion, actually, I think it would be better for us to

22   maybe leave it open.  As we start putting our materials

23   together, it may be that we see an opportunity, you know, to

24   provide more information through the Special Master; or maybe

25   what we can -- maybe once we get with the client and see what

1    we can provide, maybe it stands on its own.

2         So maybe that would be the better solution for both sides,

3    that we leave the option of the Special Master open until we

4    have a little bit more clarity on what our presentation is

5    going to look like.

6    **THE COURT:**  One of my thoughts along the lines of not

7    committing, certainly, to the Special Master process is to

8    plaintiffs' point of -- and as I said at the outset, we're not

9    reopening discovery.  The Special Master would only be a

10   facilitator of -- you know, of a showing that's already --

11   that's proffered in papers, you know, that somehow needs some

12   dynamic or supervised further review or discussion; but it

13   would not be the process that we have used the Special Master

14   for in the past in this case.

15        And indeed, if we think that the Special Master is needed,

16   I will do that with a -- I will have a new Rule 53 order

17   because it will be just in this case.

18        And, you know, I would be inclined to have the

19   Special Master costs allocated to Google, given that that --

20   it's this late production that has given rise to this; but I

21   won't -- again, I'm not making that decision here today.

22        So we can leave the Special Master issue open.  And,

23   Google, you can work through that.  But if you -- you can't

24   wait until November 30th, in serving your papers, to say,

25   "And here's this evidence that, you know, will be best

1    demonstrated or displayed with the assistance of the Special

2    Master," because you will have known that before.  And really,

3    as soon as you perceive a need, something that you want to

4    offer in support that will benefit from facilitation by the

5    Special Master, you need to notify the Court and the

6    plaintiffs.

7         **MR. BROOME:**  Will do, Your Honor.

8         **THE COURT:**  You know, again, the plaintiffs have to deal

9    somewhat in a vacuum because they won't have your papers.  But,

10   you know, Rule 53.  I want the parties to know what's coming.

11   I want you to have a chance to be heard.  That's, in part, why

12   I wanted to, again, have this conference.

13        Mr. Mao, your thoughts?  You had your hand --

14        **MR. MAO:**  Oh, I just -- I just had a quick question,

15   Your Honor.

16        In one of the earlier orders on these -- this set of

17   proceedings, you had asked about, you know, this as it relates

18   to preservation issues, because the preservation order already

19   issued prior to this disclosure.

20        Is that something which we are resolving over the next

21   30 days?  Is it just left out there?

22        I guess I'm just trying to figure out procedurally what

23   did you want us to do on that.

24        **THE COURT:**  Again, I don't have enough information.  And I

25   know that's frustrating to plaintiffs because every day

1   something is not looped into a preservation order, it's not in

2   the preservation order.  But I can't -- I can't tackle that at

3   this time.

4       I think we have to see what -- what the parties have to

5   say.  And if something should have been preserved, you know,

6   if, there again, there's some -- I am persuaded that there's

7   evidence here that is, in fact, accretive, not non-accretive,

8   and it should have been preserved, then, you know, that'll have

9   to come into my considerations in terms of sanctions.

10      I did see that Google filed some papers with regards to

11  the preservation orders.  I'm not going to get to those very

12  speedily.  You know, it's just the queue is pretty long in

13  terms of discovery issues, not just in these cases.

14      **MS. TREBICKA:**  Understood.

15      **THE COURT:**  Long enough in these cases, but not just in

16  these cases.

17      **MS. TREBICKA:**  I did have one additional clarifying

18  question regarding the Special Master.

19      If Google finds the need to involve the Special Master --

20  and we will try to identify before November 30th -- the process

21  is that we discuss with plaintiffs first and then alert

22  Your Honor, or how would you like us to go about it?

23      **THE COURT:**  I always want the parties to meet and confer.

24  I want you to have a discussion because I don't want -- I mean,

25  I'll hold a conference, a status conference.  I'll get you in

 1   on short time, like this, because I want to hear why you think

 2   that's necessary, unless the parties come to an agreement.

 3       But it's far better that the plaintiffs at least hear from

 4   Google and understand what the issue is.  Then they can think

 5   about it and say:  Okay.  Yeah, that sounds helpful.

 6       Perhaps the parties agree, and maybe you want to defer --

 7   and I'm -- you can defer the allocation of cost issue.  Again,

 8   we can tackle that.

 9       But the answer to your question, Ms. Trebicka, is yes, I

10   want you to contact the plaintiffs.  They'll need an

11   explanation of what you're thinking.  And the parties may

12   agree.  They may say:  Yeah, if we're going to -- if that's the

13   kind of evidence you want to proffer, we want to see that in a

14   more dynamic form or in a way that's facilitated by the

15   Special Master.

16       And, you know, I would be hopeful that that can be done in

17   the time frame that I've allowed for defendants to respond.

18   That would be the goal, because we've got to get this briefed

19   and submitted so that it's not too disruptive to your calendar

20   in front of Judge Gonzalez Rogers.

21       **MS. TREBICKA:**  And, Your Honor, I'd also like to pick up

22   on something that you said about the preservation brief that we

23   filed last night/early this morning.

24       That is an issue that is very urgent to Google because of

25   the massive amounts of information that it is preserving and is

1   seeking your relief thereto.

2        We will be moving to expedite the briefing schedule.  So

3   just wanted to let you know that that's on the horizon.

4        **MR. MAO:**  Your Honor, I just want to point out that we

5   actually have very little information regarding what they're

6   asking for.  And what they're looking to modify are logs they

7   had otherwise stored permanently.

8        **THE COURT:**  Yeah.  I haven't looked at the papers.  I only

9   know they were filed.  So I don't want to go down that path.  I

10  did notice it was set for a hearing on shortened time in a time

11  frame I am unlikely to be able to accommodate.  I appreciate

12  the burden issues, but we have vetted these issues extensively.

13       But I will look at the papers, and I'll -- you know, you

14  all see what you can do.  If you want expedited briefing,

15  you've got to talk about it and see if you can come to some

16  kind of -- some kind of agreement.

17       **MS. TREBICKA:**  Thank you.

18       **THE COURT:**  You can imagine we are all still digging out,

19  on the civil side, from the COVID delays; and it's -- I don't

20  see that changing any time soon.

21       As I tell all my litigants, of course you are my favorite

22  case, and I keep you at the top of the list.  It's pretty

23  crowded up there.

24       So, okay.  All right.  Then we will proceed.  I'm going to

25  issue a short order following status conference setting out

1   these dates, the time frame, and that the issue of whether a

2   new -- a referral to the Special Master is necessary is

3   deferred.  But as soon as Google thinks that that is the case,

4   it needs to meet and confer with plaintiffs.

5        And it may be, on plaintiffs' side, that you get Google's

6   papers and you think, upon review, that there's something

7   further.  And, you know, it'll work the same way.  You'll need

8   to contact Google, have that discussion, and get in touch with

9   me.

10       That is something I will get you in front of me very

11  quickly, and we'll get them on board, assuming they're

12  available.

13       Okay.  Any other questions on going forward on this issue?

14  From Google, since you have the burden, Mr. Broome?

15       **MR. BROOME:**  No, Your Honor.  Thank you.

16       **THE COURT:**  Okay.  And from plaintiffs, Mr. Mao, any

17  questions?

18       **MR. MAO:**  None from me.

19       Ms. Bonn?

20       Mr. Yanchunis?

21       **MS. BONN:**  No, Your Honor.  Thank you.

22       **THE COURT:**  Okay.  All right.

23       **MR. MAO:**  Thank you, Your Honor.

24       **THE COURT:**  Thank you all very much for getting -- making

25  yourselves available on relatively short notice.

1          And I'll issue an order.  But you have the timing, so

2     proceed accordingly.  All right?

3          **MR. BROOME:**  Thank you, Your Honor.

4          **THE COURT:**  Okay.

5          **MS. TREBICKA:**  Thank you, Your Honor.

6          **THE COURT:**  Thank you very much.

7          **MR. MAO:**  Thank you, Your Honor.

8          **THE COURT:**  That concludes this proceeding.

9          **MS. BONN:**  Thank you, Your Honor.

10         **THE COURT:**  And we're adjourned.  Thank you.

11                    (Proceedings adjourned at 10:38 a.m.)

12                              ---o0o---

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                  **CERTIFICATE OF TRANSCRIBER**

3

4       I, ANA DUB, CSR NO. 7445, RDR, RMR, CRR, CCRR, CRG, CCG,

5   certify that the foregoing is a true and correct transcript, to

6   the best of my ability, of the above pages of the official

7   electronic sound recording provided to me by the U.S. District

8   Court, Northern District of California, of the proceedings

9   taken on the date and time previously stated in the above

10  matter.

11      I further certify that I am neither counsel for, related

12  to, nor employed by any of the parties to the action in which

13  this hearing was taken; and, further, that I am not financially

14  nor otherwise interested in the outcome of the action.

15

16

17  DATE:  Sunday, October 30, 2022

18

19

20                        *Ana Dub*

21  _____

22                  Ana Dub, Transcriber

23

24

25