**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

| | |
|---|---|
| Diane M. Doolittle (CA Bar No. 142046) | Andrew H. Schapiro (admitted *pro hac vice*) |
| dianedoolittle@quinnemanuel.com | andrewschapiro@quinnemanuel.com |
| Sara Jenkins (CA Bar No. 230097) | Teuta Fani (admitted *pro hac vice*) |
| sarajenkins@quinnemanuel.com | teutafani@quinnemanuel.com |
| 555 Twin Dolphin Drive, 5th Floor | 191 N. Wacker Drive, Suite 2700 |
| Redwood Shores, CA 94065 | Chicago, IL 60606 |
| Telephone: (650) 801-5000 | Telephone: (312) 705-7400 |
| Facsimile: (650) 801-5100 | Facsimile: (312) 705-7401 |
| | |
| Stephen A. Broome (CA Bar No. 314605) | Josef Ansorge (admitted *pro hac vice*) |
| stephenbroome@quinnemanuel.com | josefansorge@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | Xi ("Tracy") Gao (CA Bar No. 326266) |
| violatrebicka@quinnemanuel.com | tracygao@quinnemanuel.com |
| Crystal Nix-Hines (CA Bar No. 326971) | Carl Spilly (admitted *pro hac vice*) |
| crystalnixhines@quinnemanuel.com | carlspilly@quinnemanuel.com |
| Alyssa G. Olson (CA Bar No. 305705) | 1300 I Street NW, Suite 900 |
| alyolson@quinnemanuel.com | Washington D.C., 20005 |
| 865 S. Figueroa Street, 10th Floor | Telephone: (202) 538-8000 |
| Los Angeles, CA 90017 | Facsimile: (202) 538-8100 |
| Telephone: (213) 443-3000 | |
| Facsimile: (213) 443-3100 | |
| | |
| Jomaire Crawford (admitted *pro hac vice*) | Jonathan Tse (CA Bar No. 305468) |
| jomairecrawford@quinnemanuel.com | jonathantse@quinnemanuel.com |
| 51 Madison Avenue, 22nd Floor | 50 California Street, 22nd Floor |
| New York, NY 10010 | San Francisco, CA 94111 |
| Telephone: (212) 849-7000 | Telephone: (415) 875-6600 |
| Facsimile: (212) 849-7100 | Facsimile: (415) 875-6700 |

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, et al., individually and on behalf of all similarly situated,, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 4:20-cv-03664-YGR-SVK <br><br> **GOOGLE LLC'S CORRECTED MOTION TO STRIKE EXHIBIT A TO MAO DECLARATION IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR SANCTIONS (DKT. 671-3)** <br><br> Referral: Hon. Susan van Keulen, USMJ |

## I. INTRODUCTION

Seeking to grant themselves an enlargement of the five-page limit that applies to administrative motions filed with this Court, Plaintiffs impermissibly augment their sanctions briefing (Dkt. 671–2) with a six-page "summary chart" replete with arguments and conclusions that violate the Local Rules. *See* Declaration of Mark Mao (the "Mao Declaration"), Ex. A ("Exhibit A") (Dkt. 671–3) (claiming to summarize the 15 documents cited in Plaintiffs' sanctions motion and explain their "relevance" and how they purportedly "support Plaintiffs' claims and undermine Google's defenses"). In doing so, Plaintiffs run afoul of Local Rule 7–5(b), which states that a motion's supporting "affidavit or declaration may contain only facts … and must avoid conclusions and argument." L.R. 7–5(b).

Plaintiffs attempt to create an end-run around the page limit set by this Court's Local Rules (after strategically choosing to pursue severe sanctions against Google under the guise of a Rule 7–11 motion, on an expedited schedule, with shorter page limits), by appending the very types of non-factual information that Local Rule 7–5(b) expressly prohibits, warrants that Exhibit A to the Mao Declaration be stricken from the record.

## II. ARGUMENT

Plaintiffs describe Exhibit A to the Mao Declaration as "summarizing fifteen documents" that Google produced after the close of fact discovery. Dkt. 672-1 ¶ 16.[1] But nothing in this Court's Local Rules or the Federal Rules permit the insertion of a multi-page chart into an attorney declaration in an attempt to circumvent applicable page limitations. Not only are these "summaries" unnecessary—particularly where Plaintiffs attach a true and correct copy of each document for the Court's consideration—they violate Local Rule 7–5 because they are not based on the declarant's

---

[1] However, Plaintiffs are incorrect that Google "withheld as privileged [all 15 documents listed in Exhibit A] and as a result only produced [them] to Plaintiffs within the last three months, after the close of fact discovery, pursuant to this Court's re-review orders" and therefore should have been produced last year Dkt. 672 at 1; Dkt. 672-1 ¶ 16. Not all 15 of the exhibits were withheld for privilege, or produced pursuant to the re-review orders. In fact, GOOOG-CABR-04780837.R was produced as GOOG-BRWN-00157001 on June 18, 2021. And while GOOG-BRWN-00857642 was initially withheld as privileged and produced pursuant to the Court's re-review order, it originated from Bert Leung's custodial files—which were collected and reviewed in February 2022 pursuant to an agreement between the parties in mid-February 2022, so it could not have been produced last year (*see* Dkt. 406).

personal knowledge. *See* L.R. 7–5(b) ("An affidavit or declaration may contain *only facts* … and must avoid conclusions and argument.") (emphasis added). This violation alone is a sufficient basis to strike the entire Mao Declaration.

In further violation of the Rule 7–5(b), Exhibit A includes a column with what Plaintiffs contend is the "[r]elevance" of each exhibit they purport to "summarize." Ex. A at 1–3. But these assertions are nothing more than improper "conclusions and [attorney] argument." L.R. 7–5(b). *See, e.g.*, Ex. A at 1 (arguing that Ex. 2 is relevant because it "supports Plaintiffs' claims and also undermines Google's assertion in a 2021 submission to the Special Master"); *id.* at 2 (arguing that Ex. 4 is relevant because "Google expert Paul Schwartz purports to disregard as irrelevant whether Google can 'identify an individual using non-Google Account linked data through 'fingerprinting'"); *id.* (arguing that Ex. 3 is relevant because it "supports Plaintiffs' claims and undermines Google's consent defense"); *id.* (arguing that Ex. 5 is relevant for the same reason).

Numerous courts in this District have stricken attorney declarations and summary charts such as this one that are rife with legal arguments and conclusions. *See, e.g.*, Dkt. 588 at 3-4 (striking portions of Mao declarations that "contain[ed] conclusions and arguments in violation of Civil Local Rule 7-5(b)"); *Page v. Children's Council*, 2006 WL 2595946 at *5 (N.D. Cal. Sept. 11, 2006) (several paragraphs of an attorney declaration were stricken pursuant to L.R. 7–5 for containing "improper argument"); *Brae Asset Funding, L.P. v. Applied Financial, LLC*, 2006 WL 2355474 at *5 (N.D. Cal, Aug. 14, 2006) (attorney declaration was stricken in its entirety under L.R. 7–5 for being "full of legal argument and conclusions," among other local rule violations); *see also Percelle v. Pearson*, 2015 WL 5736399 at *3 (N.D. Cal. Oct. 1, 2015) (striking portions of a declaration under L.R. 7–5 which "purports to summarize deposition transcripts and exhibits—summaries which, upon review, turn out to be inaccurate"); *Kennedy v. AJVS, Inc.*, No. C11-1231 MJP, 2012 WL 1748013 at *4–5 (N.D. Cal. May 15, 2012) (striking declaration which "includes unnecessary and apparently inaccurate commentary regarding the exhibits").

Plaintiffs cannot reasonably dispute that Exhibit A appends argument to their briefing, and thus "circumvent[s] the page limits set forth in the Civil Local Rules." *Montfort*, 2019 WL 6311378 at *4. This is especially true where (as here) virtually all of their "relevance" arguments appear

nowhere in the body of their Motion. *Compare* Ex. A (summarizing each exhibit) *with* Mot. 1–5 (omitting any substantive discussion of Exs. 2, 3, 4, 5, 7, 8, 9, 13, 14, or 15); *see also id.* (omitting any reference to Ex. 16, the Amir Report); *id.* (omitting any reference to Ex. 17, the Strombom Report). Nor can Plaintiffs claim that Exhibit A is not "full of legal argument and conclusions." *Brae*, 2006 WL 2355474 at *5. *See, e.g.*, Ex. A at 1 ("Google's experts seek to present Plaintiffs and class members as people who would understand Google's collection of private browsing information"); *id.* at 2 ("Google's experts seek to present Plaintiffs and class members as people who would understand Google's ads universe"); *id.* at 3 (arguing that "even Google's own employees were unaware of Google's collection of private browsing information").

Because the entire chart embeds misleading attorney characterizations of the discovery record, and contains self-serving conclusions as to what the discovery record purportedly shows, it is improper and should not be considered by this Court in resolving the pending motion.

## III.  CONCLUSION

For the foregoing reasons, Exhibit A to the Mao Declaration should be stricken from the record pursuant to Local Rule 7–5(b).

DATED:  November 10, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ *Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000

Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted pro hac vice)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*