# EXHIBIT 1

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

CHASOM BROWN, MARIA NGUYEN, and WILLIAM BYATT, individually and on behalf of all other similarly situated,

Plaintiffs,

v.

GOOGLE LLC and ALPHABET INC,

Defendant.

Case No. 5:20-cv-03664-LHK

**DEFENDANT'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1–11)**

Pursuant to Federal Rules of Civil Procedure Rule 36, Defendant Google LLC ("Google") hereby responds and objects to Plaintiffs' First Set of Requests for Admission (Nos. 1–11). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change. Google reserves all rights to supplement and amend its objections and responses accordingly.

**GENERAL OBJECTIONS**

The following objections apply to each and every Request for Admission propounded by Plaintiffs and are incorporated into each of the specific objections by reference as if set forth fully therein:

1.  Google has not completed its investigation or discovery in this litigation. Google's Responses and Objections to Plaintiffs' Requests are based upon the information presently known to Google and are given without prejudice to Google's right to adduce or analyze evidence subsequent to the date of these responses. Google expressly reserves the right to revise, supplement or otherwise amend these Responses and Objections to the extent permitted by the Federal Rules of Civil Procedure, the Local Rules of Practice and Procedure for the United States District Court

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

for the Northern District of California ("Civil Local Rules"), or any discovery orders governing this case.

2.  Google objects to the Requests to the extent that they seek information shielded from disclosure by the attorney-client privilege, the work-product doctrine, the settlement privilege and/or any other applicable privilege or protection from discovery.

3.  Google objects to the Requests to the extent they assume facts or legal conclusions in defining the information requested. Google hereby denies any such disputed facts or legal conclusions to the extent assumed by each request for admission. Any information provided by Google with respect to any such request is without prejudice to this objection.

4.  Google objects to the undefined use of the term "User data" to the extent that it is: vague and ambiguous and subject to multiple interpretations; renders the Requests overly broad and unduly burdensome; calls for information not within Google's possession, custody or control; and seeks, or may be construed to seek, to impose obligations inconsistent with the Federal Rules of Civil Procedure, the Civil Local Rules and/or other applicable law.

5.  Google objects to the undefined use of the term "Profiles" to the extent that it is: vague and ambiguous and subject to multiple interpretations; renders the Requests overly broad and unduly burdensome; calls for information not within Google's possession, custody or control; and seeks, or may be construed to seek, to impose obligations inconsistent with the Federal Rules of Civil Procedure, the Civil Local Rules and/or other applicable law.

6.  In making these objections, Google does not waive or intend to waive (a) any objections as to the competency, relevance and admissibility of any information that may be provided in response to these Requests, or the subject matter thereof; (b) any rights to object on any ground to the use of any information that may be provided in response to the Requests, or the subject matter thereof, in any subsequent proceedings, including trial of this or any other action; and (c) any rights to object on any ground to any request for further responses to this or any discovery request.

**REQUESTS FOR ADMISSION**

Subject to the foregoing objections, Google objects and responds to Plaintiffs' Requests for Admission as follows:

**REQUEST FOR ADMISSION NO. 1:**

Since at least June 1, 2016, Google has been collecting user data from users' private browsing mode communications, including Incognito mode communications.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Google admits that, since at least June 1, 2016, and as disclosed in Google's Privacy Policy and other disclosures, it has received certain types of data generated when users interact with Google's services. Google further admits that it received such data when users interacted with Google's services while using Google's Chrome browser in Incognito mode.

Google has insufficient facts to admit or deny this request to the extent it concerns the operation of private browsing modes in non-Google browsers that Google did not design, does not operate, and for which Google does not possess non-public information. Except as expressly admitted, Google denies this Request.

**REQUEST FOR ADMISSION NO. 2:**

Since at least June 1, 2016, when users in a private browsing mode (such as Incognito mode) visit a website that uses Google advertising services, a Google script attempts to cause (and in fact has caused) users' browsers to send data to Google's servers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Google admits that, since at least June 1, 2016, consistent with Google's Privacy Policy and other disclosures about private browsing, third party websites choosing to use Google Analytics or Ads Manager services install Google code in their website for the purpose of transmitting data to Google so that Google can provide the desired services. Google further admits

that Google code provided to third party websites for the purpose of providing these services is not designed to differentiate between private browsing/Incognito modes and other browsing modes.

Google has insufficient facts to admit or deny this request to the extent it asks whether Google's code has in fact caused users' browsers to send data to Google's servers while they were using a private browsing mode in non-Google browsers that Google did not design, does not operate, and for which Google does not possess non-public information. Except as expressly admitted, Google denies this Request.

**REQUEST FOR ADMISSION NO. 3:**

Since at least June 1, 2016, Google has not disclosed to users that when users in a private browsing mode (including Incognito mode) visit a website that uses Google advertising services, a Google script attempts to cause (and in fact has caused) users' browsers to send user data to Google's servers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Google admits that its Privacy Policy and private browsing/Incognito mode disclosures do not generally use the term "script" but otherwise denies this Request. Google's Privacy Policy and other disclosures make clear that Google receives data when a user visits a website that uses Google advertising services, including data sent to Google from the user's browser, and Google's private browsing/Incognito mode disclosures do not state that using private browsing/Incognito mode will prevent Google from receiving such data.

**REQUEST FOR ADMISSION NO. 4:**

Since at least June 1, 2016, nothing on Google's Incognito mode splash screen disclosed that Google would collect data generated by users' Incognito mode web activity.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Google admits that, since June 1, 2016, the Incognito Notice (which Plaintiffs refer to as a "splash screen") has not included the phrase "Google will collect data generated by users' Incognito mode web activity." Google otherwise denies this Request. Whether Google may receive data generated by users' interactions with its services depends on (1) the particular website visited, (2) the particular Google service(s) the website uses, and (3) the website's specific settings and selections for each of its Google services, and (4) the user's settings, browser settings, and other software settings and plug-ins. This information is conveyed to users in Google's disclosures, including the Privacy Policy, Google's private browsing/Incognito disclosures, and the Incognito Notice. The Incognito Notice, for example, states that a user's activity "might still be visible to … Websites [they] visit," which may include Google.com, other Google websites, and websites that use Google's services. In addition, the "Search & Browse Privately" page that Plaintiffs quote in the First Amended Complaint links to a page titled "How private browsing works in Chrome," which similarly states that although "Incognito mode stops Chrome from saving your browsing activity *to your local history*[, y]our activity … might still be visible to: … Websites you visit, including the ads and resources used on those sites [*e.g.*, Analytics and Ad Manager]."

**REQUEST FOR ADMISSION NO. 5:**

Since at least June 1, 2016, nothing on Google's Incognito mode splash screen disclosed that Google could track a user while he or she is in Incognito mode.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

In addition to its General objections, Google specifically objects to the phrase "track a user while he or she is in Incognito mode" as vague and ambiguous. Subject to the foregoing objections, Google admits that, since June 1, 2016, the full-page Incognito Notice (which Plaintiffs refer to as a "splash screen") has not included the phrase "track a user while he or she in Incognito mode." Google otherwise denies this Request.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR ADMISSION NO. 6:**

Since at least June 1, 2016, the data collected by Google in connection with users' private browsing mode communications (including Incognito mode communications) has included without limitation the user's IP address, URLs identifying what the user is viewing, referral URLs that identify what a user last viewed, and user search queries.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Google admits that, since at least June 1, 2016, depending on (1) the particular website visited, (2) the particular Google service(s) the website uses, (3) the website's specific settings and selections for each of its Google services, and (4) the user settings, browser settings, and other software settings and plug-ins, Google may receive through a service certain data generated by a user's interactions with the service, which data may include: IP address; the web page the user viewed; referral URL; and search queries. Google admits that, to the extent it receives such data, Google receives the data regardless of whether the user is in Incognito mode.

Google has insufficient facts to admit or deny this request to the extent it concerns the operation of private browsing modes in non-Google browsers that Google did not design, does not operate, and for which Google does not possess non-public information. Google otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 7:**

Since at least June 1, 2016, Google has been creating profiles for targeted advertising using data collected in connection with private browsing mode communications, including Incognito mode communications.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

In addition to its General Objections, Google specifically objects to the term "profiles for targeted advertising" as vague and ambiguous. Subject to the foregoing objections, Google responds as follows: Google admits that, when a user is signed in to his or her Google account and

depending on (1) the particular website visited, (2) the particular Google service(s) the website uses, and (3) the website's specific settings and selections for each of its Google services, and (4) the user's settings, browser settings, and other software settings and plug-ins, data that Google receives from its services may be associated with the user's account and used to personalize advertisements. This occurs regardless of whether the user is in Incognito mode.

Google further admits that, when a user is not signed into his or her Google account and depending on (1) the particular website visited, (2) the particular Google service(s) the website uses, and (3) the website's specific settings and selections for each of its Google services, and (4) the user's settings, browser settings, and other software settings and plug-ins, Google may still receive data from its services—including from users in Incognito mode—but cookies are used to associate the data with the user's browser or device. If Google receives such data, depending on the user's settings and plug-ins, Google may use the data associated with cookies to personalize advertisements displayed to the user. When a user is in Incognito mode, cookies used to associate data with the user's browser or device are deleted after the Incognito session is closed.

Google has insufficient facts to admit or deny this request to the extent it concerns the operation of private browsing modes in non-Google browsers that Google did not design, does not operate, and for which Google does not possess non-public information. Except as expressly admitted, Google denies this Request.

**REQUEST FOR ADMISSION NO. 8:**

Since at least June 1, 2016, Google has not disclosed to users that it has been creating profiles for targeted advertising using data collected while users are in a private browsing mode.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

In addition to its General Objections, Google specifically objects to this Request on the ground that the phrase "profiles for targeted advertising" is vague and ambiguous. Subject to the foregoing objections, Google denies this Request. Since at least June 1, 2016, Google's Privacy Policy and other disclosures have made clear that Google may receive data from its services,

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

including its services on third-party websites, when users interact with those services. Google's Privacy Policy and other disclosures also make clear that Google may use such data to, among other things, deliver personalized advertising. Google's private browsing/Incognito mode disclosures do not state that using private browsing/Incognito mode affects whether Google receives such data or uses it for advertising.

**REQUEST FOR ADMISSION NO. 9:**

Since at least June 1, 2016, Google has attempted to associate (and in fact has associated) data generated by users' private browsing mode activities with users' individual Google accounts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Google denies that, since June 1, 2016, it has attempted to associate or has in fact associated data received through its services with users' individual Google accounts if the users were not signed in to their Google accounts when they interacted with Google's services, as Plaintiffs allege here.

Google admits that, as disclosed in its Privacy Policy and private browsing/Incognito disclosures since at least June 1, 2016, depending on the user's settings and plug-ins, Google may associate certain data it receives that is generated by the user's interactions with Google's services when the user is logged in to his or her Google account, and that this occurs regardless of whether the user is in Incognito mode.

Google has insufficient facts to admit or deny this request to the extent it concerns the operation of private browsing modes in non-Google browsers that Google did not design, does not operate, and for which Google does not possess non-public information.

**REQUEST FOR ADMISSION NO. 10:**

Since at least June 1, 2016, Google has not disclosed that it has attempted to associate (and in fact has associated) data generated by users' private browsing mode activities with users' individual Google accounts.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Google denies that, since at least June 1, 2016, it has not disclosed that when a user is logged in to his or her Google account, depending on the user's settings and plug-ins, Google may associate certain data it receives that is generated by the user's interactions with Google's services with the user's Google account, including when the user is in private browsing/Incognito mode. This information has been disclosed in Google's Privacy Policy and other disclosures since at least June 1, 2016.

Google further responds that, as explained in Google's response to Request No. 9, since June 1, 2016, Google has not attempted to associate—nor has it associated—data received through its services with users' individual Google accounts if the users were not logged in to their Google accounts when they interacted with the services, as Plaintiffs allege here. Accordingly, including the disclosure contemplated in this Request would not make sense.

**REQUEST FOR ADMISSION NO. 11:**

Since at least June 1, 2016, Google has been earning advertising revenues using data that Google collected in connection with private browsing mode communications, including Incognito mode communications.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

In addition to its General Objections, Google specifically objects to the phrase "data that Google collected in connection with private browsing mode communications, including Incognito mode communications," as vague and ambiguous. Subject to the foregoing objections, Google admits that, since June 1, 2016, it has earned revenue from advertising shown to users visiting websites that use Google's advertising services, and that, depending on the user's settings and plug-ins, Google may have been able to display ads using data Google received while a user was in Incognito mode.

Google has insufficient facts to admit or deny this request to the extent it concerns the operation of private browsing modes in non-Google browsers that Google did not design, does not

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  operate, and for which Google does not possess non-public information. Except as expressly
2  admitted, Google denies this Request.

4  DATED: November 6, 2020              QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   /s/ Andrew H. Schapiro
        Andrew H. Schapiro (admitted *pro hac vice*)
        andrewschapiro@quinnemanuel.com
        191 N. Wacker Drive, Suite 2700
        Chicago, IL 60606
        Telephone: (312) 705-7400
        Fax: (312) 705-7401

        Stephen A. Broome (CA Bar No. 314605)
        sb@quinnemanuel.com
        Viola Trebicka (CA Bar No. 269526)
        violatrebicka@quinnemanuel.com
        865 S. Figueroa Street, 10th Floor
        Los Angeles, CA 90017
        Telephone: (213) 443-3000
        Fax: (213) 443-3100

        Josef Ansorge (admitted *pro hac vice*)
        josefansorge@quinnemanuel.com
        1300 I. Street, N.W., Suite 900
        Washington, D.C. 20005
        Telephone: 202-538-8000
        Fax: 202-538-8100

        Jonathan Tse (CA Bar No. 305468)
        jonathantse@quinnemanuel.com
        50 California Street, 22nd Floor
        San Francisco, CA 94111
        Telephone: (415) 875-6600
        Fax: (415) 875-6700

        Thao Thai (CA Bar No. 324672)
        thaothai@quinnemanuel.com
        555 Twin Dolphin Drive, 5th Floor
        Redwood Shores, CA 94065
        Telephone: (650) 801-5000
        Fax: (650) 801-5100

        *Attorneys for Defendant Google LLC*

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN MATEO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Mateo, State of California. My business address is 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.

On November 6, 2020, I served true copies of the following document(s) described as **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1–11)** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I transmitted PDF format copies of the document(s) described above to the e-mail addresses on the attached Service List pursuant to the agreement between the parties to serve discovery, in lieu of other service methods, by email under Fed. R. Civ. P. 5(b)(2)(E) (*see* Joint Case Management Statement VIII(E), Docket No. 59). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 6, 2020 at San Mateo, California.

/s/ *Thao Thai*
Thao Thai

1   Case No. 5:20-cv-03664-LHK
DEFENDANT'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST SET OF RFAS (NOS. 1–11)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

# SERVICE LIST

*Brown v. Google LLC*
*Case No. 5:20-cv-03664-LHK*

*Attorneys for Plaintiffs Chasom Brown et al.*  <u>BOIES SCHILLER FLEXNER LLP</u>

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
Antonio Lavalle Ingram, II, CA Bar No. 300528
Alexander Justin Konik, CA Bar No. 299291
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com
aingram@bsfllp.com
akonik@bsfllp.com

David Boies (admitted pro hac vice)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Tel.: 914-749-8201
Fax: 914-749-8300
dboies@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

William S. Carmody (admitted pro hac vice)
Shawn Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Ra Olusegun Amen (admitted pro hac vice)
Jean Sutton Martin (admitted pro hac vice)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
ramen@forthepeople.com
jeanmartin@forthepeople.com

*Attorneys for Plaintiffs*