# GOOGLE LLC'S REPLY ISO MOTION FOR RELIEF REGARDING PRESERVATION

# Redacted Version of Document Sought to be Sealed

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Diane M. Doolittle (Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (Bar No. 230097)
sarajenkins@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443 3000
Facsimile: (213) 443 3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S REPLY IN SUPPORT OF MOTION FOR RELIEF REGARDING PRESERVATION**<br><br>The Hon. Hon. Susan van Keulen, USMJ |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ................................................................................................................1

II.    ARGUMENT ......................................................................................................................2

      A.     Plaintiffs Fail to Address the Undue Burden Preserving the Tables Imposes on Google. ....................................................................................................................2

      B.     Plaintiffs Have Failed to Show the Benefit of Preserving the Tables Is Anything but Negligble. ..................................................................................................3

      C.     Balancing the Unrebutted Burden Against the Minimal Benefit of the Tables Militates in Favor of Granting Google's Motion......................................................5

      D.     Plaintiffs Should Bear the Costs of Preservation. .........................................................8

      E.     Submitting the Tables to Special Master Brush and Plaintiffs is Not Warranted. ...................................................................................................................9

III.   CONCLUSION ................................................................................................................10

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page**

3

<u>Cases</u>

4
*Apple Inc. v. Samsung Elecs. Co.*,
   2013 WL 4426512 (N.D. Cal. Aug. 14, 2013) ............................................................. 6

5
*Boeynaems v. LA Fitness Int'l, LLC*,
   285 F.R.D. 331 (E.D. Pa. 2012) ................................................................................. 9
6

7
*Columbia Pictures Indus. v. Bunnell*,
   2007 WL 2080419 (C.D. Cal. May 29, 2007)............................................................. 3

8
*Elgindy v. Aga Serv. Co.*,
   2021 WL 5083761 (N.D. Cal. Nov. 2, 2021) ............................................................. 6
9

10
*KAIFI LLC v. Apple Inc.*,
   2021 WL 3727079 (N.D. Cal. Aug. 23, 2021) ........................................................... 5

11
*Larsen v. Coldwell Banker Real Est. Corp.*,
   2012 WL 359466 (C.D. Cal. Feb. 2, 2012) ................................................................ 3
12

13
*Lickerish, Inc. v. PicClick, Inc.*,
   2022 WL 2812174 (N.D. Cal. July 18, 2022) ......................................................... 2, 7

14
*Lopez v. United States*,
   2017 WL 1062581 (S.D. Cal. Mar. 21, 2017)......................................................... 6, 7
15

16
*Nyberg v. Zurich Am. Ins. Co.*,
   2016 WL 11671468 (D. Kan. June 21, 2016) ............................................................ 7

17
*Rowe Ent., Inc. v. William Morris Agency, Inc.*,
   205 F.R.D. 421 (S.D.N.Y. 2002)................................................................................. 9
18

19
*U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*,
   305 F.R.D. 225 (S.D. Cal. 2015)........................................................................... 2, 8, 9

20

### <u>Rules and Regulations</u>

21

Fed. R. Civ. P. 26 ................................................................................................................ 5, 6

22

23

24

25

26

27

28

## I.    INTRODUCTION

Judge Gonzalez-Rogers' December 12 Order denying Plaintiffs' Rule 23(b)(3) class certification motion has significantly altered the basis on which the Court ordered the onerous preservation plan. But one did not need this recent validation of Google's class arguments to conclude that the undue burden of preserving ███████████ and ███ Analytics mapping/linking tables (the "Tables")—totaling ███████████ of data over the course of a single year, *see* Mot. 1— clearly outweighs any purported benefit. Indeed, Plaintiffs fail to address, much less plausibly rebut, the substantial financial cost, human capital and storage resources required to preserve the Tables, on top of the immense resources Google is already expending to comply with other aspects of the Court's Preservation Orders.  Equally as dispositive, Plaintiffs have not and cannot show that the Tables are necessary to interpret the data Google is preserving—the very reason this Court ordered preservation of the Tables in the first instance.  *See* Dkt. 545-2 at 1, 6.  Given Plaintiffs' failings in this regard, and Google's compelling proportionality arguments, the relief Google seeks should be granted.

In lieu of a substantive response on the burden and lack of prejudice, Plaintiffs request that the Tables be submitted to them and the Special Master for review to determine whether they should be preserved.  They seek to justify this unwarranted and burdensome request with the platitude that "they don't know what they don't know."  But this excuse no longer makes sense: after 28 months of discovery, including an eleven-month Special Master process, dozens of depositions, and hundreds of thousands of produced documents, Plaintiffs should be held to the task of explaining, not merely hypothesizing, why it makes sense to place this immense burden on Google *despite* evidence that the Tables are simply unnecessary.  In light of this mountain of evidence that Plaintiffs fail to address, the Court should grant Google's Motion.  If the Court decides to require preservation of the Tables at Plaintiffs' request, Plaintiffs should bear the cost of preservation.

## II.     ARGUMENT

### A.     Plaintiffs Fail to Address the Undue Burden Preserving the Tables Imposes on Google.

Google established that preservation of the Tables would require storage of ███████ ██████ of data and cost approximately ██████████ over the course of three years.  Mot. 7.  These costs are separate from and in addition to the costs of Google's other, already burdensome, preservation obligations under the Court's orders.  *Id.*  Plaintiffs do not even attempt to rebut the substantial burden Google has identified.  Their opposition to Google's requested relief is therefore insufficient.  *See Lickerish, Inc. v. PicClick, Inc.*, 2022 WL 2812174, at *4 (N.D. Cal. July 18, 2022) (holding that undue burden was established and noting that "[a]gainst this concrete and significant burden, the plaintiffs offer almost no substantive response.  The relevant portions of both their motion and reply cite standards and repeat that the burden will not be high, but they give no real reason for thinking so."); *U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 305 F.R.D. 225, 243 (S.D. Cal. 2015) (holding $2 million for production of ESI in format requested by plaintiffs to be unduly burdensome where plaintiffs failed to "cogently counter [d]efendants' substantial cost estimates" as laid out in "a declaration from an actual expert detailing these possible financial burdens").

Plaintiffs' only argument is that Google has not established undue burden because it has not demonstrated any "technological feasibility concerns."  Opp. 10.  Technological feasibility is not the standard.  Plaintiffs acknowledge that when assessing burden, courts take into account the "*realistic costs* involved" in discovery.  Opp. 10 (quoting The Sedona Conference, eDiscovery for Corporate Counsel § 2:4) (emphasis added).  This Court, too, has held that a preservation plan should "strike an appropriate and necessary balance between the need to preserve relevant data in an immense universe of data, without imposing undue burden and with careful consideration for the practical challenges to both Parties to manage vast data sets."  *Calhoun,* Dkt. 766 at 6; *see also U.S. ex rel. Carter*, 305 F.R.D. at 243 ("realistic cost of preserving, retrieving, reviewing, and producing ESI" should be considered in burden analysis and holding that defendants established undue burden by showing substantial costs and effort needed for production of ESI requested by plaintiffs); *Larsen v. Coldwell Banker Real Est. Corp.*, 2012 WL 359466, at *7 (C.D. Cal. Feb. 2, 2012) (Both

"technological feasibility and realistic costs" should be considered when assessing burden of preservation).  Here, as Google has shown, even if preserving the Tables is technologically feasible, the burden of doing so is unwarranted.

Plaintiffs' reliance on *Columbia Pictures Indus. v. Bunnell*, 2007 WL 2080419, at *7-11 (C.D. Cal. May 29, 2007) (cited at Opp. 10), is misplaced.  There, the Court found that preservation would "result in a volume of data far less than 40 gigabytes" a day, an amount which the defendant had conceded would not raise concerns about "computer processing unit usage." *Id.* at *8.  The ███ ███████ Google would have to store each year to preserve the Tables are ██████ times more than that. Likewise, in *Columbia Pictures*, defendants needed to employ only "a setting change on the web server program" to retain data that had "key relevance and unique nature" and was not otherwise available.  *Id.* at *7, 11.  Here, Google provided sworn statements concerning its limited storage capacity, the difficulty of preserving the Tables given that capacity, the amount of human capital Google must expend to design, configure, and continually monitor, maintain, and debug preservation pipelines, and the substantial cost such preservation would require.  *See generally* Dkts. 781-4-781-10.  Finally, in contrast to *Columbia Pictures*, and as Google established *infra* Section B, the Tables are not "unique" or of "key relevance"—the links contained in them are found in other tables or sampled data Google is already preserving.  Mot. 6-7.  In short, Plaintiffs' Opposition does nothing to counter the undue burden established in Google's Motion and accompanying declarations.

**B.      Plaintiffs Have Failed to Show the Benefit of Preserving the Tables Is Anything but Negligible.**

The Court ordered preservation of mapping and linking tables not because they are "data sources" with additional relevant data,[1] but rather in response to Plaintiffs' argument that they would need these tables to "read the data that Google is ultimately ordered to preserve."  Dkt. 545-2 (Plaintiffs' Objections to the Special Master's Report and Recommendation) at 1, 6 (claiming "[t]he

---

[1]   Plaintiffs claim that "Google does not dispute that the ██ data sources it seeks to stop preserving via the present Motion are relevant."  Opp. 1.  That is wrong.  As Google stated in the Motion, these tables are not needed to work with the preserved data and are "irrelevant to Plaintiffs' claims and alleged damages[.]" Mot. at 1.

only way for a user to connect the identifier on their browser to Google's matching identifier is with these mapping tables."); *see also* Dkt. 781-11 (8/4/22 Hr'g Tr.) at 106:16-18 ("if you would need a mapping table to work with any of the data that is being exchanged in this case, that table has to be preserved.").  As Google explained in its Motion, the Tables are not necessary to the only task for which they were ordered to be preserved: to enable Plaintiffs to read the preserved data if it were produced.  Plaintiffs have identified no facts to rebut this evidence.

███████████████ **Tables**:  Plaintiffs acknowledge, as they must, that ██████████ Tables only contain Biscotti ID linkages drawn from other tables.   Opp. 4 (acknowledging that ██████████ "provides a single graph of Biscotti IDs," and "accesses mapping/linking tables to associate certain identifiers").  Plaintiffs do not need these ██████████ Tables to read any of the preserved data because:  (1) these Tables do not contain any identifier mappings or linkings that are not derived from other mapping or linking tables; and (2) the underlying tables, including those that contain mappings or linkings between an "identifier on [a user's] browser" and "Google's matching identifier" are being separately preserved.  Dkt. 781-9 ¶ 5.

Unable to articulate any specific reason why the Tables are necessary, Plaintiffs hide behind "we don't know what we don't know" arguments, and claim there are "mysteries" surrounding these Tables.  Opp. 4.  Not so.  Google has produced more than 5,000 documents discussing in detail all aspects of ██████████:  what ██████████ is, how the ██████████ pipelines work, from what sources the ██████████ tables draw data, the purpose, design details, and use case of ██████████, etc. In fact, Plaintiffs relied on many of these documents in various briefing and depositions.  *See, e.g.*,  Dkt. 309-6 at 14 (██████████ is "[a] single graph of Biscotti Ids."); Trebicka Dec. Ex. 1 at 1 ("██████████ aggregates Biscotti ID links from various sources including:  ██████ (linking via anonymous Google O2O properties), ██████ (linking via app click traffic), GSA webview (linking via Google Search App)."); *id.* Ex. 2 at 2-4 (explaining how the ██████████ pipelines work); *id.* Ex. 3 (Liao Depo Ex. 20) at 1 ("██████████ … provides a graph of [Biscotti IDs] where graph vertices are [Biscotti IDs] and edges (links) are relationships between [Biscotti IDs]").   That ██████████ is larger than other mapping and linking tables is not an argument for its preservation. The daily snapshots with Biscotti ID linkages these Tables comprise are derived from other tables

1  that are already being preserved, which explains why they are larger and not necessary here.  Dkt.

2  781-9 ¶ 5.

3  ██ **Analytics Tables**:  The mappings the ██ Analytics Tables contain are limited to

4  UID/CID to Biscotti or UID/CID to device ID.  Dkt. 781-10 ¶ 5.  Any mapping between UID/CID

5  and Biscotti will be self-contained within the Analytics data already being preserved, and device

6  IDs are only present for App events and are not received through the data flow at issue here.  *Id.*

7  ¶¶ 5-6.  Therefore, Plaintiffs would not need the ██ Analytics Tables to read any preserved data.

8  Plaintiffs attempt to undermine this conclusion by claiming that the Analytics log field names

9  produced in discovery do not contain UID, CID, or Biscotti values.  That is false.  UID and CID

10 values are populated in the "Request" field and Biscotti values are populated in the "OtherCookies"

11 field, as is readily apparent from the Named Plaintiff data Google produced from these logs.  *See*

12 Dkts. 799-3; 799-4; *see also* Trebicka Decl. Ex. 4 (data produced from ███████████

13 ███████████████████████); *id.* Ex. 5 (data produced from ████████

14 ████████████████████.  The fact that Plaintiffs purportedly do not know "what

15 other data sources are used to propagate the ██ Analytics tables, or what other data sources draw

16 from the tables," is no basis for preserving them either. Plaintiffs sought (and obtained) preservation

17 of all mapping and linking tables on the sole basis that they purportedly needed the Tables to "read

18 the data that Google is ultimately ordered to preserve."  Dkt. 546-2 at 1.  The ██ Analytics Tables

19 simply do not serve this purpose, and therefore need not be preserved.  *KAIFI LLC v. Apple Inc.*,

20 2021 WL 3727079, at *1 (N.D. Cal. Aug. 23, 2021) ("Rule 26 provides that the court must limit

21 discovery that is 'unreasonably cumulative or duplicative, or can be obtained from some other

22 source that is more convenient, less burdensome, or less expensive.'") (quoting Fed. R. Civ. P.

23 26(b)(2)(C)(i)).

24 **C.**    **Balancing the Unrebutted Burden Against the Minimal Benefit of the Tables Militates in Favor of Granting Google's Motion.**

25

26   The heart of this dispute is determining whether the substantial and unrebutted burden

27 associated with preserving the Tables outweighs the negligible benefit of their preservation.  *See*,

28 e.g., *Elgindy v. Aga Serv. Co.*, 2021 WL 5083761, at *2 (N.D. Cal. Nov. 2, 2021) ("[C]ourts are

1    required to limit discovery if its burden or expense outweighs its likely benefit; this is the essence

2    of proportionality, a frequently ignored or overlooked discovery principle.") (internal quotation

3    marks omitted); *Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 4426512, at *3 (N.D. Cal. Aug. 14,

4    2013) (The "essence of proportionality" is determining if "the burden or expense of the proposed

5    discovery outweighs its likely benefit."). Google has clearly demonstrated that the burden

6    outweighs the benefit here. Requiring Google to spend ██████ of dollars and substantial time and

7    effort to preserve ████████████ of data that is not needed for Plaintiffs to read, interpret, or

8    otherwise work with other data Google is preserving is not proportional to the needs of the case.

9    The remaining proportionality factors, when considered against the backdrop of the undue

10   burden and minimal benefit of preserving the Tables, also weigh in favor of granting Google's

11   motion:

12   *Importance of the issues at stake in the action.* Even assuming that Google's receipt of

13   pieces of data not tied to a user's identity raises an issue of great importance, preservation of the

14   Tables does not facilitate its resolution—and Plaintiffs have not shown otherwise. *See supra* Section

15   B. Therefore, the Tables have no importance to any of the issues at stake in the action.

16   *The amount in controversy.* Judge Gonzalez-Rogers' December 12, 2022 Order denying

17   Plaintiffs' motion for a Rule 23(b)(3) class mooted the damages figures Plaintiffs cite in their

18   Opposition. *See* Opp. 8. Even if there still were significant damages in dispute, discovery must be

19   proportional to the needs of the case. *See Lopez v. United States*, 2017 WL 1062581, at *4 (S.D.

20   Cal. Mar. 21, 2017) (finding requested discovery was not proportional and stating that "the amount

21   in controversy, while substantial, is just one factor to be considered and weighed against the other

22   factors.") (citing Fed. R. Civ. P. 26(b)(1) Advisory Committee Note to 2015 Amendment). Here,

23   too, Plaintiffs' pie-in-the-sky damages claims do not justify placing an undue burden on Google.

24   *The parties' relative access to relevant information.* Google has had to bear the brunt of

25   discovery throughout this case, having now produced nearly six million pages, defended 33

26   depositions for the Brown case alone, responded to hundreds of responses to discovery requests,

27   and participated in an eleven-month-long Special Master process into log and data issues. As a

28   result of this expansive discovery, which cured the purported asymmetry of access to relevant

information, Plaintiffs can now confirm for themselves that the Tables are not necessary for the purpose for which they were originally ordered to be preserved—i.e.,"to work with any of the data exchanged in this case."  *See* Dkt. 782-8 (8/4/22 Hr'g Tr.) at 104:5-15.

  *The parties' resources.*  Google has expended and continues to expend tremendous resources to comply with discovery efforts, including for other preservation obligations.  *See* Mot. 4-6.  The Court's order to preserve the Tables was based on the understanding that they are already stored "in the ordinary course" and this would "not be a big ask."  Dkt. 782-8 (8/4/22 Hr'g. Tr.) at 104:5-9.  As Google's Motion has demonstrated, that understanding is incorrect.  The additional and substantial resources, time, and effort needed to preserve the Tables outweighs their minimal relevance.  *See* Mot. 9-10.[2]

  *The importance of the discovery in resolving the issues.*  Finally, as detailed in the Motion (at 7-8) and further supported in Section B above, the Tables have little, if any, importance to this litigation because they are not needed to work with or interpret the preserved data and are not necessary in resolving the key issues in this case.  (That conclusion is only heightened now that Judge Gonzalez-Rogers has limited Plaintiffs only to forward-looking injunctive relief, Dkt. 803 at 2, to which an exceptionally large trove of historical data is irrelevant.  *See id.* at 33-34 (detailing injunctive relief Plaintiffs seek).)

  As the totality of these factors demonstrates, Google is entitled to the relief it seeks.

---

[2]  Plaintiffs unsuccessfully attempt to distinguish the cases cited in the Motion, which stand for the proposition  that it is improper to assume that certain discovery would not be a heavy burden because a defendant is a large company.  Opp. 9.  In *Lickerish, Inc. v. PicClick, Inc.*, 2022 WL 2812174, at *4 (N.D. Cal. July 18, 2022), the court rejected the conclusory argument that discovery sought would not be a "heavy burden" because Ebay is a "multibillion dollar Internet-based business [that] can determine when there are communications with its own servers."  Contrary to Plaintiffs' assertions, this conclusion had nothing to do with the fact that Ebay was not a party to the litigation. Plaintiffs similarly miss the point of *Nyberg v. Zurich Am. Ins. Co.*, 2016 WL 11671468, at *4 (D. Kan. June 21, 2016), where the court held that even though it was clear the defendant had greater access to relevant information and more resources, that does not justify unlimited discovery requests.  *Id.*; *see also Lopez v. United States*, 2017 WL 1062581, at *4 (S.D. Cal. Mar. 21, 2017) ("[C]onsideration of the parties' resources does not … justify unlimited discovery requests addressed to a wealthy party.").

**D.    Plaintiffs Should Bear the Costs of Preservation.**

Should the Court require preservation of the Tables despite the substantial, unrebutted burden and minimal benefit associated with such preservation, Plaintiffs should be required to assume the costs. *See U.S. ex rel. Carter*, 305 F.R.D. 225, 240 (S.D. Cal. 2015) ("[T]he cost of even accessible ESI's production may be shifted to a party that has not shown its peculiar relevance to the claims and defenses at hand" if the proportionality factors make it appropriate) (citations omitted).  None of the arguments Plaintiffs make to avoid bearing the cost of the preservation they now seek are persuasive.

First, Plaintiffs claim, with no support, that Google "fought tooth and nail to prevent the Court, the Special Master, and Plaintiffs" from discovering details about the data contained in the Tables.[3]  Opp. 11.  That is incorrect.  Neither the Court nor the Special Master directed Google to provide specific details about the Tables, and Plaintiffs cite nothing to the contrary.  In fact, Google has produced Named Plaintiff data that contains mappings of UID/CID to Biscotti IDs and has produced over 5,000 documents discussing ███████.  *See* Trebicka Decl. Exs. 1-5.  In light of that discovery and the declarations Google submitted in support of the Motion, which discuss the Tables in detail, Plaintiffs' claim that the Tables are "still shrouded in secret [sic]" is baseless.  Such an unsupported claim does not justify why Google rather than Plaintiffs should bear the unreasonable costs of preservation.

Second, Plaintiffs' contention that they should be exempt from assuming the costs of preservation because they have already "shared the substantial costs" of discovery to date is similarly meritless.  Plaintiffs *did not* "share" Google's immense (and continued) costs in preserving or producing data in this case, or in any other way ease Google's burden in the discovery process.

---

[3]  Plaintiffs also complain that Google never produced the Tables in discovery, Opp. 1, but do not (and cannot) point to a principle of Rule 26 that would necessitate this production, nor a single order by the Court or Special Master directing Google to do so.  Producing the entirety of the Tables would be overly burdensome due to the sheer volume of such a production and would not aid in resolving relevant and material issues.  Plaintiffs need not review the Tables to understand that they are not the only means of interpreting the data Google is preserving, which was the sole purpose for which the Court ordered their preservation.  *See supra* Section B.

1       The cases Google cited in its Motion confirm that where, as here, certain discovery is unduly

2  burdensome, a party should not be required to bear the full costs of that discovery.  Plaintiffs try to

3  distinguish these cases by arguing that they involve either situations where the defendant bore all

4  the cost of discovery with no help from plaintiffs or opposing parties that possess similar financial

5  resources, Opp. 11-12, but these arguments are misplaced.  In fact, the cases all stand for the

6  proposition that courts can and should allocate burdensome discovery costs in a manner that is fair

7  and appropriate under the circumstances.  *See U.S. ex rel. Carter*, 305 F.R.D. at 335 ("[W]here the

8  cost of producing documents is very significant, the Court has the power to allocate the cost of

9  discovery, and doing so is fair."); *id.* at 228 ("Projected to cross $2 million," the costs of the

10  requested discovery "cannot be deemed as insubstantial, with at least partial shifting having been

11  repeatedly ordered when similar sums have been alleged"); *Boeynaems v. LA Fitness Int'l, LLC*, 285

12  F.R.D. 331, 341 (E.D. Pa. 2012) ("[W]here (1) class certification is pending, and (2) the plaintiffs

13  have asked for very extensive discovery, compliance with which will be very expensive,[] absent

14  compelling equitable circumstances to the contrary, the plaintiffs should pay for the discovery they

15  seek."); *Rowe Ent., Inc. v. William Morris Agency, Inc.*, 205 F.R.D. 421, 428 (S.D.N.Y. 2002) ("[A]

16  court may protect the responding party from undue burden or expense by shifting some or all of the

17  costs of production to the requesting party.") (citations omitted).  Here, Google should not be forced

18  to bear the entire burden of ██████ of dollars in preservation costs where preservation of the Tables

19  at issue adds little to no value. If Plaintiffs insist that the Tables are necessary despite evidence to

20  the contrary, they should bear the cost of the preservation.

21     **E.**    **Submitting the Tables to Special Master Brush and Plaintiffs is Not Warranted.**

22       The issue presented in the Motion is discrete and can be effectively and timely addressed by

23  the Court.  The Special Master did not consider mapping or linking tables to be relevant and did not

24  recommend preservation of such tables.  *See* Dkt. 524.  The Court adopted this requirement in

25  response to Plaintiffs' objection to the Special Master's recommended preservation plan claiming

26  that they would need the tables to work with the preserved data.  *See* Dkt. 545-2 at 1, 6; Dkt. 587 at

27  8.  The evidence firmly establishes that the ██ Tables at issue simply do not facilitate this purpose,

28

and no additional process is necessary to validate that conclusion.  Reopening the Special Master process to address an issue that was not even considered by him during discovery will not add any efficiency but will instead only increase the already immense burden on Google and prolong the burden it seeks to avoid.[4]

## III.   CONCLUSION

For the foregoing reasons, the Court should grant Google's Motion.

DATED:  December 15, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By       */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

---

[4]   Plaintiffs further seek a ruling from this Court that Google should benefit from any decision limiting preservation.  Opp. 12-13.  Plaintiffs' request is vague and duplicative, at best. As they acknowledge in the Opposition, the Court has already held in its May 20, 2022 order that Google "may not use the fact that only sampled data, not complete data, is available to challenge class certification generally or attestations by individuals that they are members of the class."  Dkt. 587. It is therefore unclear what additional ruling Plaintiffs now seek.

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*