# JOINT SUBMISSION RE: PRESERVATION IN LIGHT OF CLASS CERTIFICATION ORDER

# Redacted Version of Document Sought to be Sealed

**BOIES SCHILLER FLEXNER LLP**
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

**SUSMAN GODFREY L.L.P.**
William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel listed in signature blocks below*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

*Attorneys for Defendant; additional counsel listed in signature blocks below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**JOINT SUBMISSION RE: PRESERVATION IN LIGHT OF CLASS CERTIFICATION ORDER**<br><br>Judge: Hon. Susan van Keulen |

January 6, 2023

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

Re:   Joint Submission re: Preservation Obligations In Light Of Class Certification Order
*Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

Pursuant to Your Honor's November 2021 Civil and Discovery Referral Matters Standing Order, Plaintiffs and Google LLC ("Google") jointly submit this statement regarding their dispute over Google's obligation to continue preservation in light of Judge Gonzalez-Rogers' December 12, 2022 denial of Plaintiffs' Rule 23(b)(3) class.

Fact discovery has closed. A trial date has not yet been set. Exhibit A contains each party's respective proposed order.

## GOOGLE'S STATEMENT

On December 12, 2022, Judge Gonzalez Rogers denied Plaintiffs' motion to certify a damages class under Rule 23(b)(3). Dkt. 803. Throughout this litigation, Plaintiffs' request for a damages class was the rationale for discovery into (and preservation of) the detailed, massive, log-based class-wide data, and culminated in this Court's July 15 and May 20, 2022 Preservation Orders. *See* Dkt. Nos. 587, 657. Pursuant to those Orders, Google has preserved an enormous quantity of log-based data, and it continues to add large amounts of data daily, at a large monetary, human, and business cost. Neither the injunctive relief alone nor a long-shot Rule 23(f) appeal can now justify continuing to impose on Google these tremendous preservation costs. Google respectfully seeks an order (i) releasing Google from ongoing preservation (i.e., the obligation to preserve new data that has not yet been created); and (ii) either (a) allowing Google to delete the data it is has already collected and is preserving pursuant to the Preservation Orders; or (b) shifting the cost of the preservation of such data to Plaintiffs.

**Ongoing preservation efforts were largely directed at Plaintiffs' proposed Rule 23(b)(3) damages class.** Throughout this litigation, Plaintiffs have continually argued that Google must preserve data because it relates to identification of class members' data, damages for their proposed class, claims administration, or defenses Plaintiffs anticipated Google would assert in opposition to class certification:

- Dkt. 560-2, Plaintiffs' April 25, 2022 Resp. to Google's Obj. to SM Preservation Plan, at 1 ("Google objects [to the preservation plan] solely based on relevance, or 'scope': According to Google, any log that is generated while a user is signed into his or her Google account is irrelevant because the user's activity, while signed in, is 'outside of the case scope.' ***Google is wrong because these signed-in logs contain an abundance of identifying information that Plaintiffs expect to use to identify class members' data in the signed-out logs.***");

- *Id.* (arguing Google's "'scope' objection is without merit because Plaintiffs ***expect these logs to contain information relevant and helpful to identifying class members and their event-level transactions in the 'signed-out' logs.***");

-2-   Case No. 4:20-cv-03664-YGR-SVK
JOINT SUBMISSION RE: PRESERVATION IN LIGHT OF CLASS CERTIFICATION ORDER

1. • *Id.* (arguing for preservation because "Google has previewed that it intends to raise [ascertainability] as a ***defense against class certification*** [and] Google should not be permitted to weaponize spoliation of relevant data.").

2. • Dkt. 799-1 at 7 (arguing that Google's request for relief from certain aspects of the Preservation Orders should be denied because "[t]he amount in controversy is . . . billions of dollars").

***The Preserved Event-Level Class Data Has No Relevance to Plaintiffs' Injunctive Class.***

As far as the class-wide practices that would be relevant to an injunctive class, Plaintiffs have already told the Court that they "believe that our experts have demonstrated that through common evidence that predominated, Google's practices were class-wide. It can be demonstrated with the test data that we have, documents and deposition testimony that we have obtained." May 3, 2022 Hr'g Tr. 31:9-32:3; *see also id.* 13:6-8. Even without this admission, the data would have no bearing on the class-wide injunctive relief sought by the class that the Court certified. When granting the Plaintiffs' class for purposes of injunctive relief, the Court explained:

> Injunctive relief would (1) preclude Google from collecting further private browsing information; (2) require Google to delete the private browsing information that it previously collected and is currently storing; (3) require Google to remove any services that were developed or improved with the private browsing information; and (4) appointment of an independent third-party to verify that the injunctive relief has been implemented. These would be important changes to reflect transparency in the system.

Dkt. 803 at 33-34. The large-scale preservation of event-level class-wide data is not required for Plaintiffs to litigate (or for Google to eventually implement if Plaintiffs are successful) the relief they seek. Indeed, preservation runs contrary to this relief: Google is paying to segregate and store (instead of routinely delete) data just so the class can later compel Google to delete it. This serves no party.

***The Cost of Continuing to Implement the Preservation Orders Is Immense and Cannot Be Justified In Light of Judge Gonzalez Rogers' Class Certification Order.*** Google estimates that its current preservation obligations will require storage of more than ▮▮▮▮ of data and cost more than ▮▮▮▮ in the first three years. Dkt. 781–3 at 5, 6. This is in addition to the ▮ mapping/linking tables that are the subject of Google's Motion for Relief filed on October 27, 2022,

1 which would total approximately ▮▮▮▮ of data and ▮▮▮▮ over the course of three years.  *Id.*  But the monetary cost, although enormous, is just the tip of the iceberg.  The ordered preservation is particularly burdensome because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt 781–4, ¶¶ 3, 4.  Preserving the relevant data beyond Google's normal retention periods just so that it can be deleted at a later time is counter-sensical and cannot be justified in light of the extraordinary burden on Google to do so.

There is no longer a basis for onerous preservation that has continuously been justified by reference to Plaintiffs' Rule 23(b)(3) damages class.  Google respectfully seeks an order (i) releasing Google from its ongoing obligations under the Preservation Orders; and (ii) either (a) authorizing Google to delete the data it has already collected and preserved; or (b) requiring Plaintiffs to cover the cost of such preservation.

**PLAINTIFFS' STATEMENT**

While Plaintiffs have no desire to impose unnecessary costs on Google, Google's requested relief should be denied. Judge Gonzalez Rogers certified classes under Rule 23(b)(2), and Plaintiffs seek not only to preclude Google from collecting further private browsing information but also to have Google (subject to verification by an independent third-party): (1) delete all of the private browsing information that Google previously collected and is currently storing; (2) remove any services developed or improved with the private browsing information; and (3) other remedies that may be available to them under equity and Cal. Pen. §502 (*see, e.g.* §§502(g) on forfeiture). Separate and apart from the relevance of the preserved data if the Ninth Circuit grants Plaintiffs' Rule 23(f) appeal, Plaintiffs are concerned that Google's requested modification of its data preservation will undermine Plaintiffs' ability to obtain full and meaningful injunctive relief for the certified classes.

Google's request concerns data that is relevant. Google has never detailed exactly what it is preserving; it is therefore impossible to assess the precise prejudice that would result from Google's request to delete that data. Nevertheless, Plaintiffs believe that the preserved data remains relevant to Plaintiffs' request for their injunctive relief, particularly for identifying services developed or improved with private browsing information that Google obtained from tens of millions of Americans. The preserved data is also relevant to the claims of those Americans who might pursue individual actions against Google for its illegal behavior, including proving the highly offensive nature of the extensive, detailed information that Google collected and used for its own benefit, as well as the number of times that Google violated those individuals' privacy during the relevant period to calculate statutory penalties (*see, e.g.*, Cal. Pen. §637.2). Google should not be permitted to now destroy that data, and there is no justification for shifting that preservation cost to Plaintiffs.

***Google Has Never Provided Details of What Is Being Preserved.*** Google estimates it will require storage of more than ▮▮▮▮▮▮▮ to comply with the Court's current preservation orders, but this includes data sources (*e.g.*, logs and matching tables) that Google has never permitted Plaintiffs, the Special Master, or the Court to review, examine, or test. Plaintiffs asked, and Google refused. *See, e.g.*, Dkt. 800 (Plaintiffs requesting that the Special Master review newly-identified data sources); Dkt. 806 at 9 (Google opposition). Given Google's refusal to provide further

information, it is for example unclear whether Google has been preserving information related to the newly-revealed ██████████ detection bit, such as logs and tables containing that field.

The problem here Is that Google wants to delete many ██████ of data without any independent review of what that data is, where that data comes from and goes to in Google, and how that data could be used to support Plaintiffs' claims and to obtain injunctive relief. Google has even represented this private browsing data is on "orphaned islands" where its recovery is technically challenging. This is unquestionably prejudicial. Without knowing exactly what Google proposes to delete and what Google will preserve, neither Plaintiffs nor the Court are in a position to determine the severity of the prejudice Plaintiffs would suffer, or how that might impact class members who choose to separately seek statutory penalties and monetary damages from Google. Permitting Google to delete this information would reward Google's discovery misconduct throughout this case of cloaking discoverable information behind opaque walls that only Google has access to.

**The Preserved Data Is Relevant to Plaintiffs' Injunctive Relief.** Plaintiffs appreciate Google's admission that "large-scale preservation of event-level class-wide data is not required for Plaintiffs to litigate . . . the relief [Plaintiffs] seek." However, Plaintiffs still have the burden of proving their claims and entitlement to injunctive relief. The processes, services, algorithms, and other products that Google developed and improved with private browsing data are all at issue for Plaintiffs' injunctive relief (*see, e.g.* Cal. Pen. §502 *et seq*), where Plaintiffs would seek appointment of an independent third-party to enforce any injunctive relief. Google opposed Plaintiffs' efforts to obtain this information during discovery. *See* Dkt. 411-1 at 12 (Google's objection to Plaintiffs' Rule 30(b)(6) topic concerning how Google used private browsing data to develop and improve Google's services, products, and algorithms because it would "implicate dozens of Google business units and products"). Google also obstructed these efforts with the Special Master. *See* Dkt. 588-1 (sanctioning Google for hiding Incognito-detection bits and data sources). The preserved data is relevant evidence of what services, products, and algorithms Google developed and improved with the private browsing data of tens of millions of Americans, for purposes of crafting injunctive relief.

**Class Members Have an Interest in the Preserved Data, and Plaintiffs Should Not Bear Google's Preservation Costs.** Google's proposal is an *ex parte* request to spoliate evidence. Google

1  contested Rule 23(b)(3) certification based on the affirmative defense of implied consent and
2  Google's claimed right to conduct discovery on tens of millions of people. Class Cert. Tr. at 18:4–
3  19:12. Google's proposal here would create an unjust imbalance of discovery—Google would be
4  permitted to spoliate evidence that any of those tens of millions of people might rely on to prosecute
5  their individual actions for liability and resulting statutory penalties and monetary damages (while
6  arguing that those claims for penalties are absent in this case). Meanwhile, Google would question
7  the credibility of those tens of millions of individuals' claims with the absence of that evidence. This
8  data is also relevant to assessing the offensive nature of Google's conduct. Google's preservation is
9  evidence of Google's massive collection of private browsing information during the relevant period
10 for individuals' claims—which Google could modify or deprecate in the meantime. The information
11 stored in those ██████ of data could be used to support liability for Plaintiffs' (and any resulting
12 individuals') claims against Google for statutory penalties and monetary damages.

Respectfully submitted,

/s/ Andrew H. Schapiro
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

*Attorneys for Defendant Google LLC*

/s/ Mark C. Mao
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch
enyborg-burch@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293 6858
Fax: (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Tel: (305) 539-8400
Fax: (305) 539-1304

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
Fax: (813) 222-4736

Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Submission. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: January 6, 2023  By:  */s/ Andrew H. Schapiro*
Andrew H. Schapiro

*Counsel on behalf of Google LLC*