**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.,* individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM FOR JANUARY 10, 2023 HEARING**<br><br>Referral: Hon. Susan van Keulen, USMJ<br>Hearing Date: January 10, 2023<br>Hearing Time: 10:00 A.M. |

## I. INTRODUCTION

In accordance with Section 5.2(b) of the Protective Order (Dkt. 81), Plaintiffs informed Google that they intend to discuss at the January 10, 2023 hearing information that Google has designated as Confidential or Highly Confidential-Attorneys' Eyes Only. Noticed for the January 10 hearing are Google's Motion for Relief Regarding Preservation (Dkt. 782), Plaintiffs' Response (Dkt. 800), and Google's Reply (Dkt. 806). *See* Dkt. 792. In addition, the parties have filed a Joint Letter Brief regarding preservation that may also be discussed. Dkt. 818. All of these filings contain information sought to be redacted from the public docket pursuant to the Protective Order in this case. *See* Dkts. 781, 802, 805, 817.

Google will also need to freely speak regarding the substance of the filings, including the information that has been redacted from the public docket. These discussions will contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly, including (1) Google's internal data structures and fields at issue, such as particular logs, locations, and identifiers, and (2) internal metrics related to Google's storage of data, costs associated with that storage, and information on Google's processes for doing so. This information is at the heart of the hearing.

Therefore, Google now moves the Court to seal the courtroom for the January 10, 2023 hearing. In light of the highly confidential material to be discussed at the January 10, 2023 hearing, Google asked Plaintiffs if they opposed Google's request. Fortenbery Decl., ¶ 3. Plaintiffs stated they do intend to discuss confidential material, but they also oppose Google's request. *Id.* To the extent the Court believes particular issues may be discussed publicly without discussion of Google's confidential information, such as legal arguments regarding the effect of the Court's Class Certification Order on Google's preservation obligations, Google requests such issues be taken up first, followed by sealed discussion of remaining matters that will necessarily entail disclosure of Google's confidential information.

## II. LEGAL STANDARD

The common law right of public access to judicial proceedings is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Crowe v. Cty.*

*of San Diego*, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002) ("[T]here is no right of access which attaches to all judicial proceedings." (internal citations omitted)). The right is weakest where, as here, the proceedings concern a non-dispositive discovery motion; rather than satisfy the more stringent "compelling reasons" standard, a party seeking to seal materials in these circumstances must make only a "particularized showing" of "good cause." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Such sealing at trial is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information"); *Standard & Poor's Corp. Inc. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1275 (S.D.N.Y. 1982) ("[T]he overriding interest to be found in business confidences . . . require[s] . . . temporary reasonably restricted access to the Courtroom of members of the public.").

**III.   THE HEARING SHOULD BE SEALED BECAUSE PARTIES' ARGUMENTS WILL NECESSARILY INVOLVE DISCLOSURE OF GOOGLE'S HIGHLY SENSITIVE MATERIAL**

All facts weigh in favor of sealing the January 10, 2023 hearing. The "good cause" standard that governs the sealing determination in non-dispositive motions is easily met. The parties' briefing contains detailed discussions on Google's confidential information, including the highly sensitive features of Google's systems and operations. *See* Dkts. 782, 800, 806, 818. As explained in the Administrative Motions and supporting papers seeking redaction of these filings, the information sought to be sealed for this hearing reveals Google's internal strategies, system designs, and business practices for operating and maintaining data related to many of its important services while complying with its legal and privacy obligations. *See* Dkts. 781, 802, 805, 817. Such information is protectable and must be kept confidential in order to prevent harm to Google's competitive standing. *Id*. Moreover, public disclosure of Google's confidential information may put Google at an increased risk of cybersecurity threats. *Id*.

1  While Google has previously sought to seal only portions of hearings (or only particular data
2  sources that may be referenced), this hearing is likely to focus on the details of particular data Google
3  is storing.  It will necessarily entail detailed discussion of the information Google has sought to
4  redact from the public record in the underlying briefing, such as the size and location of particular
5  data sources, Google's costs associated with storing that data, specific identifiers contained in the
6  data, and the import (or non-import) of particular fields.  Finding code names or otherwise avoiding
7  discussion of these specifics is infeasible, given the subject matter of the hearing.

8  Given the importance and highly sensitive nature of the aforementioned information related
9  to the parties' disputes, Google believes that sealing the courtroom is the correct and most effective
10 approach. To the extent the Court believes particular issues may be discussed publicly without
11 discussion of Google's confidential information, such as legal arguments regarding the effect of the
12 Court's Class Certification Order on Google's preservation obligations, Google requests such issues
13 be taken up first, followed by sealed discussion of remaining matters that will necessarily entail
14 disclosure of Google's confidential information.

## IV.   CONCLUSION

16 For the foregoing reasons, Google respectfully requests that the Court seal the January 10,
17 2023 hearing.

DATED:  January 6, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   /s/ *Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

1
2   Diane M. Doolittle (CA Bar No. 142046)
    dianedoolittle@quinnemanuel.com
3   555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065
4   Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
5
6   Josef Ansorge (admitted *pro hac vice*)
    josefansorge@quinnemanuel.com
7   1300 I. Street, N.W., Suite 900
    Washington, D.C. 20005
8   Telephone: 202-538-8000
    Facsimile: 202-538-8100
9
    Jomaire A. Crawford (admitted *pro hac vice*)
10  jomairecrawford@quinnemanuel.com
    51 Madison Avenue, 22nd Floor
11  New York, NY 10010
    Telephone: (212) 849-7000
12  Facsimile: (212) 849-7100

13  Jonathan Tse (CA Bar No. 305468)
    jonathantse@quinnemanuel.com
14  50 California Street, 22nd Floor
    San Francisco, CA 94111
15  Telephone: (415) 875-6600
    Facsimile: (415) 875-6700
16
17  *Attorneys for Defendant Google LLC*
18
19
20
21
22
23
24
25
26
27
28