# PLAINTIFFS' RESPONSE TO GOOGLE'S ADMINISTRATIVE MOTION (DKT. 810) RE: NEWLY REVEALED INCOGNITO-DETECTION BIT

**Redacted Version of Document Sought to be Sealed**

| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP** | **SUSMAN GODFREY L.L.P.** |
| David Boies (admitted pro hac vice) | Bill Carmody (admitted pro hac vice) |
| 333 Main Street | Shawn J. Rabin (admitted pro hac vice) |
| Armonk, NY 10504 | Steven M. Shepard (admitted pro hac vice) |
| Tel: (914) 749-8200 | Alexander Frawley (admitted pro hac vice) |
| dboies@bsfllp.com | 1301 Avenue of the Americas, 32nd Floor |
| | New York, NY 10019 |
| Mark C. Mao, CA Bar No. 236165 | Tel.: (212) 336-8330 |
| Beko Reblitz-Richardson, CA Bar No. 238027 | bcarmody@susmangodfrey.com |
| Erika Nyborg-Burch, CA Bar No. 342125 | srabin@susmangodfrey.com |
| 44 Montgomery St., 41st Floor | sshepard@susmangodfrey.com |
| San Francisco, CA 94104 | afrawley@susmangodfrey.com |
| Tel.: (415) 293-6800 | |
| mmao@bsfllp.com | Amanda K. Bonn, CA Bar No. 270891 |
| brichardson@bsfllp.com | 1900 Avenue of the Stars, Suite 1400 |
| enyborg-burch@bsfllp.com | Los Angeles, CA 90067 |
| | Tel.: (310) 789-3100 |
| James Lee (admitted pro hac vice) | abonn@susmangodfrey.com |
| Rossana Baeza (admitted pro hac vice) | |
| 100 SE 2nd St., 28th Floor | **MORGAN & MORGAN** |
| Miami, FL 33131 | John A. Yanchunis (admitted pro hac vice) |
| Tel.: (305) 539-8400 | Ryan J. McGee (admitted pro hac vice) |
| jlee@bsfllp.com | 201 N. Franklin Street, 7th Floor |
| rbaeza@bsfllp.com | Tampa, FL 33602 |
| | Tel.: (813) 223-5505 |
| Alison L. Anderson, CA Bar No. 275334 | jyanchunis@forthepeople.com |
| 725 S Figueroa St., 31st Floor | rmcgee@forthepeople.com |
| Los Angeles, CA 90017 | |
| Tel.: (213) 995-5720 | Michael F. Ram, CA Bar No. 104805 |
| alanderson@bsfllp.com | 711 Van Ness Ave, Suite 500 |
| | San Francisco, CA 94102 |
| | Tel: (415) 358-6913 |
| | mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br>GOOGLE LLC,<br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' RESPONSE TO GOOGLE'S ADMINISTRATIVE MOTION (DKT. 810) RE: NEWLY REVEALED INCOGNITO-DETECTION BIT**<br><br>Judge: Hon. Susan van Keulen |

I. **INTRODUCTION**

This motion concerns Google's most recent violation of this Court's orders. Google wants to "deprecate" an Incognito-detection bit—▇▇▇▇▇▇▇▇—that Google *concealed from discovery* and *only disclosed to Plaintiffs on December 20, 2022*, and which Google admits applies to private browsing modes *not covered by the three previously disclosed Incognito-detection bits*. Translation: Google wants to destroy evidence that it unlawfully concealed from discovery.

This request follows Google's violation of three court orders where Google withheld discovery that goes to the heart of this case, namely, Google's tracking and use of private browsing data. *See* Dkt. 588-1. Google's motion relies on the same tired Google say-so about relevance that has already resulted in sanctions. Plaintiffs now respectfully ask that, in addition to denying Google's motion, this Court consider its import for the pending Order to Show Cause. This newly disclosed bit is clear proof that Google is deliberately violating this Court's orders, intentionally depriving Plaintiffs of critical discovery, and deliberately prejudicing Plaintiffs' ability to seek all warranted injunctive relief on behalf of the newly certified Rule 23(b)(2) class. More severe sanctions are warranted, including terminating sanctions.

II. **ARGUMENTS AND AUTHORITIES**

    A. **After Representing that It Provided Complete Discovery into Its Tracking and Use of Private Browsing Data, Google Recently Admitted that It Is Simply Choosing Not to Comply with this Court's Orders.**

While this motion concerns Google's latest discovery abuse, the context is important. Google insisted throughout discovery that it had complied with this Court's orders. For example, on October 27, 2021, Google assured the Court that it "*fully complied* with the Court's various discovery orders, including the April 30 . . . and September 16 orders." Dkt. 312 at 1.

Yet on November 12, 2021, this Court found that "Google did not comply with" the April 30 and September 16 orders, and ordered Google to provide a declaration affirming that it "provided a complete list of data sources that contain information relevant to Plaintiffs' claims."

1

Plaintiffs' Response to Google's Admin. Motion Re: Newly Revealed Incognito-Detection Bit
4:20-cv-03664-YGR-SVK

Dkt. 588-1 at 35 (citing Dkts. 147-1, 273, 331).[1] This Court later found that Google did not comply with the November 12 order either, and sanctioned Google for committing "discovery misconduct" by "failing to turn over relevant evidence regarding its ability to identify Incognito traffic," in violation of all three orders. Dkt. 588-1 at 41 ("Sanctions Order"). Google was further ordered to investigate whether "other than the logs identified thus far as containing Incognito-detection bits, no other such logs exist." *Id.* at 6.

Google has now come clean about at least one thing: it admits that it is ***deliberately choosing not to comply***. Google on August 22, 2022 stated that it "***reconsider[ed]*** the Court's May 20 Order" to eliminate the requirement that it conduct a complete investigation into how it tracks private browsing data. Dkt. 695-3 at 3-4 (emphasis added). And in response to the Court's Order to Show Cause (Dkt. 784), Google on November 30 revealed that it *could* conduct a complete investigation but has refused to do so because, according to Google: "***Conducting a complete search of fields in these logs would have been extremely expensive and time-consuming***" and so "***no such search has ever been conducted***." Dkt. 797-6 ¶¶ 5-6. Recent developments confirm that Google's (limited) investigation overlooked critical evidence.

    **B.**    **Google in Late December Disclosed a Brand New Incognito Detection Bit, Revealing Google's Deliberate Concealment of Discoverable Evidence.**

Just before Christmas, on December 20, 2022, ***Google disclosed for the first time yet another detection bit***—the ▮▮▮▮▮▮▮▮ field at issue in this motion. *See* Mao Ex. 1. Google did not retrieve this bit through its investigation in response to the Sanctions Order; rather, Google's counsel allegedly stumbled upon it through work for the *Calhoun* case. *Id. Worse*, Google's counsel was aware of this bit since at latest October but waited until late December to disclose it, after the district court ruled on Plaintiffs' motion for class certification, and after Google responded to this Court's Order to Show Cause. *See* Mao Ex. 2.

Google's "investigation" was designed to miss bits like ▮▮▮▮▮▮▮▮. Google limited its investigation to "instances in which the absence of the X-Client-Data header might be

---

[1] That order of course covered this newly disclosed ▮▮▮▮▮▮▮▮ bit.

2

Plaintiffs' Response to Google's Admin. Motion Re: Newly Revealed Incognito-Detection Bit
4:20-cv-03664-YGR-SVK

1  treated as indicative of Incognito browsing." Dkt. 797-3 at 3. But unlike the three previously
2  identified bits,[2] this new one does not rely on the X-Client-Data Header. *See* Ex. 1 (describing a
3  different logic by which this bit was ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
4  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. In other words, ***this bit is from a different family***. Google
5  concealed this bit—and perhaps other bits in the same family or still undisclosed families—by
6  limiting its investigation to just the X-Client-Data Header family. As a result of this ***self-imposed***
7  limitation, Plaintiffs will never know how many Incognito detection bits exist, nor what they do.
8    In violation of blackletter law, Google has throughout this case unilaterally limited the
9  scope of its discovery obligations without seeking a protective order. Google does not get to
10 "make unilateral decisions about what evidence was relevant." *Leon v. IDX Sys. Corp.*, 464 F.3d
11 951, 956 (9th Cir. 2006) (quoting district court and affirming terminating sanction). Even after
12 being sanctioned, Google continues to play umpire. The Sanctions Order warned Google that
13 "the [Incognito] bits are within the scope of discoverable information" and that "***Google was not***
14 ***justified in unilaterally deciding not to provide discovery regarding the bits***." Dkt. 588-1 at 25
15 (emphasis added). But Google is still refusing to comply with the Court's orders based on its own
16 views about relevance, in direct violation of the Federal Rules of Civil Procedure. "Federal Rule
17 of Civil Procedure 26(b)(1) provides a broad definition of relevance for purposes of discovery,"
18 *Snipes v. United States*, 334 F.R.D. 548, 550 (N.D. Cal. 2020), and courts routinely "reject
19 defendants' attempt[s] to unilaterally designate [] documents as irrelevant," *In re Subpoena to*
20 *PayPal Holdings, Inc.*, 2020 WL 3073221, at *4 (N.D. Cal. June 10, 2020).
21   Google's recent disclosure of the new bit is case-in-point. Google wants to "deprecate"
22 the bit before Plaintiffs receive any information about it because, according to Google, the bit
23 "affect[s] no relevant issue in this case." Dkt. 810 at 1-2. Google's penchant for unilateral (and
24 incorrect) relevance determinations has led to the current state of play—where Google has

---

26 [2] Those three bits are: maybe_chrome_incognito; is_chrome_incognito; and
27 is_chrome_non_incognito

28

3

Plaintiffs' Response to Google's Admin. Motion Re: Newly Revealed Incognito-Detection Bit
4:20-cv-03664-YGR-SVK

1 | succeeded in concealing the true scope of its tracking and use of private browsing data.

2 |     Google's "relevance" argument is not only legally improper; it is factually baseless. The new bit is highly relevant, including in ways not covered by the previously disclosed bits. Unlike those bits, which only identified Chrome Incognito traffic, ██████████ ██████████ which means it covers Plaintiffs' Class 2—i.e., users who browsed in non-Chrome private browsing modes. *See* Mao Ex. 1. Google's assertion that Chrome changed "the relevant API" in 2019 (Dkt. 810 at 1) provides no information about whether the ██████████.

    This Court should not be led astray by Google's efforts to downplay the significance of the bit. Google claims that the logic for the bit (*i.e.*, the API "loopholes") was "well documented in public reporting" and "illustrated in documents produced in this case." Dkt. 810 at 3 & n.4. But the sources Google cites at most suggest that some ***non-Google websites*** may have used the "loophole"; the sources do not disclose that ***Google*** itself was exploiting this "loophole", including by developing the ██████ bit.[3] In other words, Google openly criticized other websites for doing something that Google was doing too, just secretly. Google also misled Plaintiffs about this exact issue in discovery. Plaintiffs asked a Google employee about this "loophole," and he testified that "Incognito detection . . . ***has always*** referred to the ***site you are visiting*** in Incognito mode, detecting that you are in fact, in Incognito mode." Mao Ex. 3, Schuh Tr. 152:4-23 (emphases added). That employee did not disclose that Google was also using the same logic to detect private browsing traffic for its own benefit.

    Finally, Google is silent on why it did not in 2019 "deprecate" the bit when it uncovered the "loophole." Why wait until now—during this lawsuit and right after the district court certified

---

[3] The cited Google blogpost noted that "*some sites* use an unintended loophole." Dkt. 810 at 1 n.1 (citing https://blog.google/outreach-initiatives/google-news-initiative/protecting-private-browsingchrome/ (emphasis added)). The *Wired* article likewise discussed how "***third party websites***" were using the "loophole." Dkt. 810 at 3 n.4 (citing https://www.wired.co.uk/article/google-chromeincognito-mode-privacy (emphasis added)). The only "produced" document Google cites discussed "a loophole that could be used ***by websites*** to detect Chrome Incognito Mode sessions." Google Mot. Ex. 1 at -27 (emphasis added).

4

Plaintiffs' Response to Google's Admin. Motion Re: Newly Revealed Incognito-Detection Bit
4:20-cv-03664-YGR-SVK

an injunctive relief class? The timing is suspicious, and Google's request is wholly improper.

### C. Google's Concealment Is Highly Material to Plaintiffs' Case; Deprecation Is Manifestly Unjust.

Google's misconduct underscores the materiality of the prejudice that Plaintiffs are now facing, particularly for their injunctive relief classes, which were certified for all claims. Dkt. 803. As part of their injunctive relief, Plaintiffs will seek an order requiring Google to, at least, "delete the private browsing information that it previously collected and is currently storing [and] remove any services that were developed or improved with the private browsing information." *Id.* at 33. By artificially and unlawfully limiting discovery into Google's tracking and use of private browsing data, Google seeks to prevent full compliance with that order for either Class 1 or Class 2. *Worse*, Google now seeks this Court's permission to destroy evidence that could be used to identify "services that were developed or improved with [] private browsing information,"—thus enabling those services to escape any injunction.[4]

Google's deliberate concealment of discoverable evidence, which at a minimum is material to the injunctive relief Plaintiffs seek, warrants the most severe sanctions available, including terminating sanctions, i.e., where the court enters a default judgment against Google. "Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate. It [is] on this record," where Google has now intentionally violated four court orders, including the Sanctions Order, and where Google is deliberately refusing to comply. *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998). Plaintiffs and Google will negotiate a stipulation regarding Plaintiffs' intention to seek these more severe sanctions.[5]

---

[4] Google's reliance on the district court's denial of (b)(3) certification is also misplaced. Dkt. 810 at 1. Plaintiffs' Rule 23(f) appeal is pending, and if interlocutory review is denied, Plaintiffs will appeal as a matter of right at the end of this case. In any event, even without (b)(3) certification, the bit is relevant to any individual opt-out claims that users may bring. This Court should not bless Google's request to prospectively spoliate.

[5] Google represented during a January 3 meet and confer that Google is likely amenable to a stipulation whereby Plaintiffs can seek these new requests in their January 20 OSC submission, and Google receives additional pages in its already scheduled Reply brief. Mao Decl. ¶ 2.

| | | |
|---|---|---|
| 1 | **III.** | **CONCLUSION** |
| 2 | | Plaintiffs respectfully request that the Court deny Google's motion. |

Dated: January 4, 2023                                   By */s/ Mark Mao*
                                                        Mark C. Mao (CA Bar No. 236165)
                                                        mmao@bsfllp.com\
                                                        Beko Reblitz-Richardson (CA Bar No. 238027)
                                                        brichardson@bsfllp.com
                                                        Erika Nyborg-Burch (CA Bar No. 342125)
                                                        enyborg-burch@bsfllp.com
                                                        BOIES SCHILLER FLEXNER LLP
                                                        44 Montgomery Street, 41st Floor
                                                        San Francisco, CA 94104
                                                        Telephone: (415) 293 6858
                                                        Facsimile (415) 999 9695

                                                        David Boies (*pro hac vice*)
                                                        dboies@bsfllp.com
                                                        BOIES SCHILLER FLEXNER LLP
                                                        333 Main Street
                                                        Armonk, NY 10504
                                                        Tel: (914) 749-8200

                                                        James W. Lee (*pro hac vice*)
                                                        jlee@bsfllp.com
                                                        Rossana Baeza (*pro hac vice*)
                                                        rbaeza@bsfllp.com
                                                        BOIES SCHILLER FLEXNER LLP
                                                        100 SE 2nd Street, Suite 2800
                                                        Miami, FL 33130
                                                        Telephone: (305) 539-8400
                                                        Facsimile: (305) 539-1304

                                                        Alison Anderson (CA Bar No. 275334)
                                                        aanderson@bsfllp.com
                                                        BOIES SCHILLER FLEXNER LLP
                                                        725 S Figueroa Street
                                                        31st Floor
                                                        Los Angeles, CA 90017
                                                        Telephone: (213) 995-5720

                                                        Amanda Bonn (CA Bar No. 270891)
                                                        SUSMAN GODFREY L.L.P.
                                                        1900 Avenue of the Stars, Suite 1400
                                                        Los Angeles, CA 90067
                                                        Telephone: (310) 789-3100

|   |   |
|---|---|
| 1 | Bill Carmody (*pro hac vice*) |
| 2 | bcarmody@susmangodfrey.com |
|   | Shawn J. Rabin (*pro hac vice*) |
| 3 | srabin@susmangodfrey.com |
|   | Steven Shepard (*pro hac vice*) |
| 4 | sshepard@susmangodfrey.com |
|   | Alexander P. Frawley (*pro hac vice*) |
| 5 | afrawley@susmangodfrey.com |
|   | SUSMAN GODFREY L.L.P. |
| 6 | 1301 Avenue of the Americas, 32nd Floor |
|   | New York, NY 10019 |
| 7 | Telephone: (212) 336-8330 |

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
mram@forthepeople.com
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*

7

Plaintiffs' Response to Google's Admin. Motion Re: Newly Revealed Incognito-Detection Bit
4:20-cv-03664-YGR-SVK