**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CLARIFY THAT ALL STATUTES OF LIMITATIONS REMAIN TOLLED BASED ON THE COURT'S CERTIFICATION ORDER (DKT. 803)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: February 28, 2023<br>Time: 2:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

**PLEASE TAKE NOTICE** that on February 28, 2023, at 2:00 p.m., the undersigned will appear before the Honorable Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California to move for an order clarifying that all statutes of limitations remain tolled based on the Court's December 12, 2022 order granting in part Plaintiffs' motion for class certification (Dkt. 803). This motion for clarification is based upon this Notice of Motion, the incorporated Memorandum of Points and Authorities, the Declaration of Alexander Frawley, the pleadings and other papers on file in this action, any oral argument, and any other evidence the Court may consider in hearing this motion.

### ISSUE TO BE DECIDED

Whether this Court should clarify that any statutes of limitations on all claims remain tolled under the *American Pipe* doctrine, including for purposes of any individual actions by class members seeking monetary relief?

### RELIEF REQUESTED

Plaintiffs respectfully ask the Court to enter an order clarifying that, based on the Court's order granting in part Plaintiffs' motion for class certification (Dkt. 803), any statutes of limitations on all claims remain tolled for the duration of this case through any appeals, including for purposes of any individual actions by class members seeking monetary relief.

Dated: January 18, 2023

By: */s/ Mark Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

Samuel Issacharoff
(*pro hac vice application pending*)
si13@nyu.edu
40 Washington Square South
New York, N.Y. 10012
Tel: 212-998-6580

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

Plaintiffs respectfully seek an order clarifying that, based on the Court's class certification order, all statutes of limitations remain tolled under the *American Pipe* doctrine. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 553 (1974) ("*American Pipe*")). While "*American Pipe* involved a Rule 23(b)(3) class action, its logic applies with greater force to Rule 23(b)(1) and (b)(2) class actions, in which class members cannot opt out." *Penk v. Oregon State Bd. of Higher Educ.*, 99 F.R.D. 497, 498 (D. Or. 1982). *American Pipe* tolling applies whenever follow-on individual claims share a "common factual basis or legal nexus." 3 Newberg and Rubenstein on Class Actions § 9:60 (6th ed. West 2023).

That test is easily met here because this Court certified all seven of Plaintiffs' claims for both classes under Rule 23(b)(2). Dkt. 803 at 33-34. Google did not petition to appeal that ruling. To the contrary, **Google has admitted** that, based on the certification order, "***all of Plaintiffs' causes of action will [] proceed on a classwide basis***." Case No. 22-80147 (9th Cir.), Dkt. 3 at 4 (emphases added). Because this Court certified all seven claims, any statutes of limitations remain tolled, including for purposes of individual actions for damages. "When a class is certified, [] the district court has necessarily determined that all of the Rule 23 factors are met. From that point forward, . . . members of the certified class may continue to rely on the class representative to protect their interests throughout the entire prosecution of the suit, including appeal." *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 520-21 (5th Cir. 2008) (claims remained tolled under *American Pipe* based on order granting certification of an injunctive relief class only); see also *Morgan v. United Parcel Serv. of Am., Inc.*, 169 F.R.D. 349, 358 (E.D. Mo. 1996) for the underlying certification order addressed in *Taylor*, 554 F.3d at 520.

Although *American Pipe* tolling applies, Plaintiffs respectfully seek clarification to eliminate any modicum of doubt. Without clarification, a large number of class members may file individual cases to protect their rights, and soon. The wiretap claims provide for the award of high statutory penalties and attorneys' fees, but with relatively short statutes of limitations.

*See* 18 U.S.C. § 2520(e) (two-year statute of limitations for the Federal Wiretap Act); Dkt. 113 at 23 (suggesting the statute of limitations for the California wiretap claims is just one year). Google's counsel has conceded that at least "tens of millions" of people could not have impliedly consented to Google's collection of their private browsing data. Oct. 11 Hearing Tr. 14:11-20. Even if only 0.1% of those people filed cases, there would be 10,000-50,000 new lawsuits before this Court. That "needless multiplicity of actions," which overlap with the already certified claims, is "precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of *American Pipe* were designed to avoid." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 351 (1983).

Clarification is in both parties' best interest—and will not prejudice Google whatsoever—and clarification is also in the best interest of the already overburdened Court.

## II. ARGUMENT AND AUTHORITIES

### A. All Statutes of Limitations Remain Tolled Under *American Pipe*.

The statutes of limitations for class members' individual claims against Google were tolled as of the filing of the first complaint in this case under the *American Pipe* doctrine. *See Crown, Cork*, 462 U.S. at 350 ("The filing of a class action tolls the statute of limitations as to all asserted members of the class . . . ." (citing *American Pipe*, 414 U.S. at 553)).

This Court's December 12, 2022 order certifying all claims under Rule 23(b)(2) means that all of the legal claims asserted by Plaintiffs are proceeding on a classwide basis; consequently, all statutes of limitations remain tolled under *American Pipe*, including for individual damages claims. *American Pipe* tolling applies whenever the follow-on individual claims share a "common factual basis or legal nexus." 3 Newberg and Rubenstein on Class Actions § 9:60 (6th ed. West 2023); *see Tosti v. City of Los Angeles*, 754 F.2d 1485, 1489 (9th Cir. 1985) ("We find no persuasive authority for a rule which would require that the individual suit must be identical in every respect to the class suit for the statute to be tolled."); *Cullen v. Margiotta*, 811 F.2d 698, 721 (2d Cir. 1987) (applying *American Pipe* to toll statute of limitations based on earlier state court action, even though earlier action was "premised on different legal

theories"). The "factual basis and legal nexus" between the class claims certified by the Court, and the potential follow-on individual claims for damages, is nearly 100% and easily satisfies the standards set in *Tosti* and *Cullen.*

This Court's independent denial of Rule 23(b)(3) certification has no effect on *American Pipe* tolling. The form of relief does not create distinct causes of action as the Federal Rules long ago merged actions at law and equity. Accordingly, had Plaintiffs sought only Rule 23(b)(2) certification and succeeded, all statutes of limitations would unquestionably remain tolled under *American Pipe*, including for any individual damages claims. For purposes of the statute of limitations, what matters is that all the legal claims are still pending before this Court on a classwide basis, which Google concedes to be true at the heart of its opposition to Plaintiffs' Rule 23(f) Petition. Specifically, Google confirms that "all of Plaintiffs' causes of action will still proceed on a classwide basis," and argues that Plaintiffs "will therefore have the opportunity to test each of their liability theories at summary judgment and, if viable, at trial." Case No. 22-80147 (9th Cir.), Dkt. 3 at 4, 8. Plaintiffs' counsel now unquestionably represents all class members who may seek monetary relief, and it is reasonable for those class members to "rely on the class representative[s] to protect their interests throughout the entire prosecution of the suit." *Taylor*, 554 F.3d at 520-21 (applying *American Pipe* to claims that, like here, were certified only under Rule 23(b)(2)).

**B.   Clarification Is Needed to Prevent the Premature Filing of Individual Lawsuits.**

Although *American Pipe* tolling applies, Class Counsel, in an abundance of caution and in furtherance of their fiduciary obligations, respectfully seek clarification to eliminate any possible doubt. Without clarification, individuals seeking damages may feel compelled to file lawsuits soon, particularly because the asserted wiretap claims have high statutory penalties but relatively short statutes of limitations. *See* 18 U.S.C. § 2520(e) (two-year statute of limitations for the Federal Wiretap Act); Dkt. 113 at 23 (suggesting the statute of limitations for the California wiretap claims is just one year).

*American Pipe* was designed to prevent exactly this scenario. Without tolling, putative class members "who fear[] that class certification may be denied would have every incentive to file a separate action prior to the expiration of [their] own period of limitations." *Crown, Cork*, 462 U.S. at 350-51.

That "needless multiplicity of actions" (*id.*) is not in any party's interest, nor in the Court's interest. With all seven claims moving forward to summary judgment and trial on a classwide basis, it would be inefficient to encourage individuals—who are already part of the certified (b)(2) class—to file individual cases now, particularly where Google's counsel has conceded that at least "tens of millions" of class members did not know that Google was collecting and monetizing their private browsing information. Oct. 11 Hearing Tr. 14:11-20. In deciding whether the class is entitled to injunctive relief, this Court will necessarily be called upon to adjudicate every element and aspect of those seven causes of action. The Court's findings on those elements will be binding on Google; *i.e.*, Google will be collaterally estopped from challenging this Court's findings in any later individual damages actions by the very same class members whose claims are joined in the certified class. *See Harvey v. Burris*, 2015 WL 8178572, at *2 (N.D. Cal. Dec. 8, 2015) ("Collateral estoppel, also known as issue preclusion, prohibits the relitigation of issues decided in a prior proceeding . . . ."). Failing to provide the requested clarification would "deprive [this] class action[] of the efficiency and economy of litigation which is a principal purpose of the procedure." *American Pipe*, 414 U.S. at 553-54.

### C. This Court Has the Power to Clarify that all Statutes of Limitations Remain Tolled.

This Court has the power to clarify that all statutes of limitations remain tolled for the duration of this case, including any appeals. Google is before the Court as a defendant for all claims by all class members. By certifying the (b)(2) class, this Court has extended its jurisdiction over all class members and over Google. In fact, courts have issued orders tolling statutes of

limitations for individuals who (unlike here) are not even part of a certified class.[1] This Court can of course clarify that *American Pipe* tolling applies to the individual class members who are part of the now-certified class.

Further, this Court has case-management authority under the Federal Rules of Civil Procedure to sever issues, and it can exercise that authority to clarify that all statutes of limitations remain tolled. For example, Rule 42(b) "is sweeping in its terms and allows the district court, in its discretion, to grant a separate trial of any kind of issue in any kind of case." Wright & Miller, 9A Fed. Prac. & Proc. § 2389 (3d ed.). Here, an order clarifying that all statutes of limitations remain tolled is equivalent to the Court declaring that class members' claims will first proceed to trial on their request for injunctive relief, and that any individual damages claims will follow thereafter. This approach avoids prejudice to class members who may otherwise feel compelled to file individual cases now.

This approach is also in "the interest of efficient judicial administration." *Id.* § 2388. As explained above, the adjudication of the class's request for injunctive relief will streamline (and potentially defeat) individual class members' requests for damages. In these circumstances, courts have bifurcated a class's request for injunctive relief from class members' requests for damages. *See, e.g.*, *Bautista-Perez v. Holder*, 2009 WL 2031759, at *13 (N.D. Cal. July 9, 2009) (certifying injunctive relief class under Rule 23(b)(2) and granting motion to bifurcate so that "the case will continue with a trial of liability and injunctive/declaratory relief" before the court rules on "whether to certify the class as to monetary relief").

---

[1] *See Wit v. United Behav. Health*, 2020 WL 6462401, at *5 (N.D. Cal. Nov. 3, 2020) (decertifying class in part and tolling statute of limitations for now-excluded individuals); *Wallace v. City of San Jose*, 2017 WL 6017867, at *7 (N.D. Cal. Dec. 5, 2017) (decertifying class and tolling statutes of limitations "[a]s for any plaintiffs who may be adversely affected by a statute of limitations issue").

## III. CONCLUSION

This Court should enter an order clarifying that, based on the class certification order, any statutes of limitations remain tolled for all claims and for all relief sought for the duration of this case, including any appeals. This request for clarification is obviously in the interest of all parties and in the Court's interest. Plaintiffs tried to reach an agreement with Google on this issue, and even though clarification will not prejudice Google in any way, Google has refused to consent. Frawley Decl. ¶ 2.

Dated: January 18, 2023

By: /s/ Mark Mao
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com

Samuel Issacharoff
(*pro hac vice application pending*)
si13@nyu.edu
40 Washington Square South
New York, N.Y. 10012
Tel: 212-998-6580

David Boies (*pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (CA Bar No. 342125)
enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP

100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Alison Anderson (CA Bar No. 275334)
aanderson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S Figueroa Street
31st Floor
Los Angeles, CA 90017
Telephone: (213) 995-5720

Amanda Bonn (CA Bar No. 270891)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
mram@forthepeople.com
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

8
Plaintiffs' Motion for Clarification 4:20-cv-03664-YGR

*Attorneys for Plaintiffs*