1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

13  CHASOM BROWN, WILLIAM BYATT,  | Case No.: 4:20-cv-03664-YGR-SVK
    JEREMY DAVIS, CHRISTOPHER
14  CASTILLO, and MONIQUE TRUJILLO | **[PROPOSED] ORDER GRANTING**
    individually and on behalf of all other similarly | **PLAINTIFFS' MOTION TO CLARIFY**
15  situated,
16                Plaintiffs,         | Judge: Hon. Yvonne Gonzalez Rogers
17       v.
18  GOOGLE LLC,
                  Defendant.
19
20
21
22
23
24
25
26
27

[Proposed] Order Granting Plaintiffs' Motion to Clarify 4:20-cv-03664-YGR-SVK

**[PROPOSED] ORDER**

Before the Court is Plaintiffs' Motion to Clarify (Dkt. 803) (the "Motion"). Having considered the parties' papers filed in support of and in opposition to the Motion, and other papers and evidence on file, the Court **GRANTS** the Motion.

This Court clarifies that, based on the class certification order (Dkt. 803), any statutes of limitations on all claims remain tolled under the *American Pipe* doctrine for the duration of this case through any appeals, including for purposes of individual actions by class members seeking monetary relief. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974) ("*American Pipe*")).

*American Pipe* tolling applies whenever follow-on individual claims share a "common factual basis or legal nexus." 3 Newberg and Rubenstein on Class Actions § 9:60 (6th ed. West 2023). That test is easily met here because this Court certified all seven of Plaintiffs' claims for both classes under Rule 23(b)(2). Dkt. 803 at 33-34. In Google's own words, "all of Plaintiffs' causes of action will [] proceed on a classwide basis." Case No. 22-80147 (9th Cir.), Dkt. 3 at 4. Consequently, "members of the certified class may continue to rely on the class representative[s] to protect their interests throughout the entire prosecution of the suit, including appeal." *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 520-21 (5th Cir. 2008) (applying *American Pipe* to claims that, like here, were certified only under Rule 23(b)(2)).

This clarification order is in the best interest of both parties and in no way prejudices Google. It is not in either party's interest, nor the Court's interest, to encourage individual lawsuits, particularly where Google has conceded that at least "tens of millions" of class members did not know that Google was collecting their private browsing information, Oct. 11 Hearing Tr. 14:11-20, and where every element of Plaintiffs' claims will be adjudicated through the certified class's request for injunctive relief. Failing to provide this clarification would "deprive [this] class action[] of the efficiency and economy of litigation which is a principal purpose of the procedure." *American Pipe*, 414 U.S. at 553-54.

DATED: _____    _____
                                             HON. YVONNE GONZALEZ ROGERS
                                             United States District Judge