| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>David Boies (*pro hac vice*)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293 6858<br>Facsimile: (415) 999 9695<br><br>SUSMAN GODFREY L.L.P.<br>William Christopher Carmody<br>(*pro hac vice*)<br>bcarmody@susmangodfrey.com<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 336-8330<br><br>MORGAN & MORGAN<br>John A. Yanchunis (*pro hac vice*)<br>jyanchunis@forthepeople.com<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br><br>*Attorneys for Plaintiffs; additional counsel listed in signature blocks below* | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Diane M. Doolittle (CA Bar No. 142046)<br>dianedoolittle@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>Andrew H. Schapiro (*pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>*Attorneys for Defendant; additional counsel listed in signature blocks below* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-YGR-SVK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Courtroom 1 – 4th Floor<br>Date: January 30, 2023<br>Time: 2:00 p.m. |

Pursuant to the Court's December 12, 2022 Order (Dkt. 803), and in advance of the Case Management Conference set for Monday, January 30, 2023, at 2:00 p.m., Plaintiffs and Defendant Google LLC submit this Joint Case Management Statement. The previous Joint Case Management Statement is Dkt. 397.

## 1. JURISDICTION AND SERVICE

Google has been served and the Court has jurisdiction over this matter.

## 2. FACTS

The parties' prior Joint Case Management Conference Statements and class certification briefing include summaries of the principal factual issues in dispute.

## 3. LEGAL ISSUES

Plaintiffs moved for class certification of a nationwide class based on seven causes of action: (I) violation of the Federal Wiretap Act, 18 U.S.C. § 2510, et. Seq.; (II) violation of CIPA; (III) violation of CDAFA.; (IV) invasion of privacy; (V) intrusion upon seclusion; (VI) breach of contract; and (VII) violation of California's UCL. The Court certified two classes under Rule 23(b)(2):

Class 1 – All Chrome browser users with a Google account who accessed a non- Google website containing Google tracking or advertising code using such browser and who were (a) in "Incognito mode" on that browser and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016 through the present.

Class 2 – All Safari, Edge, and Internet Explorer users with a Google account who accessed a non-Google website containing Google tracking or advertising code using such browser and who were (a) in a "private browsing mode" on that browser and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016 through the present.

***Plaintiffs' Statement:***

All seven of Plaintiffs' legal claims are well supported by the evidence, including what Plaintiffs had previously filed showing Google's own acknowledgment of the lack of consumer understanding or actual choice with respect to the illegal conduct at issue in this case. Additionally,

Google cannot account for all of the ways that is uses private browsing data (the subject of the pending sanctions before Magistrate Judge van Keulen), which is further evidence that Google has not obtained consent. Plaintiffs disagree with Google's mischaracterization that the Court's ruling in *Calhoun v. Google, LLC*, 2022 WL 18107184 (N.D. Cal. Dec. 12, 2022), which does not factually or legally apply to this case. As noted below, there are outstanding legal issues regarding the impact of Google's discovery misconduct, with another pending order to show cause, and also with respect to tolling for purposes of any claims for monetary relief. For purposes of the certified injunctive relief classes, Plaintiffs are evaluating ways to streamline these proceedings, including with Plaintiffs seeking relief by way of summary judgment and/or disposition in advance of trial, including by moving on Google's aforementioned admissions, Google's inability to produce evidence to contradict prior rulings, and certain elements of Plaintiff's specific causes of action. Plaintiffs dispute that Google is entitled to any relief based on any consent defense, consistent with the thorough analysis included in the prior motion to dismiss rulings.

**Google's Statement:**

All claims should be dismissed at summary judgment because the class consented to the data collection, including by consenting to Google's Privacy Policy and the Account Holder Agreements. In *Calhoun v. Google, LLC*, 2022 WL 18107184 (N.D. Cal. Dec. 12, 2022), which challenges the identical data collection, this Court held that the Privacy Policy and Account Holder Agreements disclose the data collection. *Id.* at *11-13. Plaintiffs fail to identify any disclosures, agreements or representations in which Google somehow negated that consent. Summary judgment is also warranted because Plaintiffs have failed to prove the elements of their claims, and for other reasons that will be explained in Google's forthcoming motion for summary judgment.

**4. MOTIONS**

Motions Decided Since the Last Joint Case Management Conference Statement (Dkt. 397)

The Court granted Plaintiffs' motion for leave to amend their complaint to modify their class definitions, Dkt. 504, granted in part and denied in part Google's motion for relief from non-dispositive pretrial order re: Sundar Pichai and Lorraine Twohill, Dkt. 523, granted in part and denied in part Plaintiffs' administrative motion to set hearing date, Dkt. 729, and granted in part and

denied in part Plaintiffs' motion for class certification, related *Daubert* motions, and Plaintiffs' motion to strike declarations, Dkt. 803. Magistrate Judge van Keulen ruled on numerous discovery disputes. Dkts. 418, 437, 447, 450, 454, 468, 480, 487, 505, 515, 522, 541, 542, 567, 588, 602, 604, 605, 624, 626, 630, 631, 647, 657, 758, 763, 777, 788, 830. Magistrate Judge van Keulen also issued orders related to the ongoing Special Master discovery proceedings. Dkts. 524, 587. The Court and Magistrate Judge van Keulen ruled on various motions to seal (Dkts. 420, 502, 540, 611, 674, 724, 728, 738, 760, 766, 768, 770, 789, 804), the Court granted motions for admission *pro hac vice* (Dkt. 497, 547), and the Court issued orders appointing commissioners pursuant to the Hague Convention (Dkt. 479, 601).

Pending Motions

Plaintiffs have moved for additional discovery sanctions (Dkt. 656) and a hearing is set for March 2, 2023 (Dkt. 784). Google filed its response on December 1, 2022 (Dkt. 798) and Plaintiffs filed their response on January 20, 2023 (Dkt. 834). Google filed an administrative motion for leave to deprecate on December 21, 2022 (Dkt. 810), and Plaintiffs filed their response on January 4, 2023 (Dkt. 816). Plaintiffs filed their Motion to Clarify that All Statutes of Limitation Remain Tolled based on the Court's recent class certification order. Dkt. 832. Seven motions to seal remain outstanding. Dkt. 781, 797, 799, 805, 809, 815, 817.

Anticipated Motions

***Plaintiffs' Statement:***

Plaintiffs anticipate moving for summary judgment and/or disposition on certain claims, defenses, and/or issues. Plaintiffs have familiarized themselves with Section 9 of the Court's June 22, 2022 Standing Order in Civil Cases and will abide by that Standing Order (as reflected in the proposed case schedule below).

***Google's Statement:***

Google anticipates moving for summary judgment on all or some of the claims and defenses. Google has familiarized itself with Section 9 of the Court's June 22, 2022 Standing Order in Civil Cases and will abide by that Standing Order (as reflected in the proposed case schedule below).

## 5. AMENDMENT OF PLEADINGS

Pursuant to stipulation of the parties, Judge Koh previously granted Plaintiffs' request for leave to file their Second Amended Complaint. Dkt 138; Dkt 136-1 ("SAC"). The Court also granted Plaintiffs motion for leave to file a Third Amended Complaint. Dkt. 504; 395-2 ("TAC").

## 6. EVIDENCE PRESERVATION

The parties reviewed the ESI Guidelines and conferred regarding evidence preservation. The parties previously agreed to and the Court entered a protective order (Dkt. 81) and an ESI order (Dkt. 80), and the ESI order was subsequently modified by the Court (Dkt. 91).

*Plaintiffs' Statement:*

On October 27, 2022, Google moved for relief from the Court's current preservation orders, with Google seeking to delete certain matching and linking tables that were never provided to Plaintiffs during discovery and the Special Master process. Dkt. 782. Plaintiffs opposed that motion on December 1, 2022, explaining that Google had never shared details of these matching and linking tables, and that the declarations submitted by Google were vague and provided insufficient details for Plaintiffs, the Special Master, or the Court to quantify any prejudice that would result from any deletion. Dkt. 800. Google replied on December 15, 2022. Dkt. 806. The parties also submitted a joint letter brief regarding the effect of the Court's Class Certification Order on Google's preservation obligations. Dkt. 818.

On January 10, 2023, Magistrate Judge van Keulen held a hearing regarding these preservation issues, during which Google's counsel admitted that Google has not been preserving these matching and linking tables. Judge van Keulen denied without prejudice Google's request to delete all of the preserved data (at issue in Dkt. 818). Judge van Keulen ordered that Google's engineers and Plaintiffs' experts meet to review the details of the matching and linking tables and discuss any prejudice resulting from their deletion. The parties are scheduling that discussion and will provide an update to the Court on January 31, 2023. Dkt. 830.

*Google's Statement:*

On October 27, 2022, Google moved the Magistrate Judge for relief from preservation of six mapping and linking tables. Dkts. 782. The Parties also submitted a joint letter brief regarding

the effect of the Court's Class Certification Order on Google's preservation obligations. Dkt. 818. Magistrate Judge van Keulen held a hearing on Google's motions on January 10, 2023, at which she confirmed that Google only has to preserve tables needed to work with the data at issue Hr'g Tr. 8:4-6 ("I think I was clear on the record that if the table is needed to work with any of the data at issue, it has to be preserved."). On January 17, 2023, Magistrate Judge van Keulen ordered the parties to meet and confer regarding preservation related to the six tables, and denied Google's other requests without prejudice to renewal of those requests after the Ninth Circuit rules on Plaintiffs' Rule 23(f) petition. Dkt. 830.

## 7. DISCLOSURES

The parties exchanged initial disclosures on September 8, 2020. Plaintiffs served amended disclosures on March 16, 2021 and second amended disclosures on March 4, 2022. Google served amended disclosures on February 21, 2022.

## 8. DISCOVERY

Fact discovery closed on March 4, 2022 and expert discovery closed on August 25, 2022. The Court's Order granting in part and denying in part Plaintiffs' Motion for Class Certification, granting in part *Daubert* motions, and denying Plaintiffs' motion to strike Google's non-retained experts also ordered Google to make four employees available for deposition (Dkt. 803), and the parties agreed for those depositions to be completed by February 17, 2023, Dkt. 808. After meeting and conferring, the parties agreed to defer one of those depositions (Mr. Levitte), with the parties agreeing that deposition would proceed if at some point (on Plaintiffs' Rule 23(f) petition or otherwise) aggregate damages calculations are decided in this action.

## 9. CLASS ACTIONS

On June 20, 2022, Plaintiffs moved for class certification. Dkt. 609. On December 12, 2022, the Court granted in part and denied in part Plaintiffs' motion for class certification. Dkt. 803. On December 23, 2022, Plaintiffs filed a Petition for Permission to Appeal under the Federal Rule of

Civil Procedure 23(f). *See* Dkt. 812. The Ninth Circuit has not yet issued a ruling on that Petition. Counsel for the parties have reviewed the Procedural Guidance for Class Action Settlements.

**10.   RELATED CASES**

The parties are not aware of any related cases or proceedings pending before another judge, court, or administrative body.

**11.   RELIEF**

*Plaintiffs' Statement:*

The operative complaint includes Plaintiffs' requested relief, which includes without limitation the injunctive relief detailed by the Court in the certification ruling.

*Google Statement***:**

The Court certified a class under Rule 23(b)(2) only. Google will address Plaintiffs' requested injunctive relief when appropriate.

**12.   SETTLEMENT AND ADR**

No settlement discussions have taken place. Pursuant to ADR Local Rule 3-5 and Civil Local Rule 16-8, on August 19, 2020, the parties met and conferred regarding the available dispute resolution options and filed their respective ADR Certifications. The parties do not believe that ADR is appropriate at this time.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have not consented to have a magistrate judge conduct all further proceedings.

**14.   OTHER REFERENCES**

Apart from the current Special Master process, the parties do not believe the case is suitable for reference to binding arbitration, a special master, or the JPML.

**15.   NARROWING OF ISSUES**

The parties will work together to see if there are issues that can be narrowed by agreement or otherwise to expedite the presentation of evidence at trial.

**16.   EXPEDITED TRIAL PROCEDURE**

The parties believe this case should not be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## 17. SCHEDULING

On December 12, 2022, the Court ordered the parties to meet and confer on a schedule for the balance of the action. Dkt. 803. On December 19, 2022, the Court vacated previous deadlines as to summary judgment, and ordered the parties to include their proposal in this statement. Dkt. 808. The parties jointly proposed the following case schedule:

| Action | Deadline |
| --- | --- |
| Last Day to Submit Letter Requesting Pre-filing Conference | March 13, 2023 |
| Last day to File Response to Letter Requesting Pre-filing Conference | March 16, 2023 |
| Pre-filing Conference | March 22, 2023 |
| Motion for Summary Judgment | Motion: March 28, 2023<br>Opp'n: May 26, 2023<br>Reply: June 23, 2023 |
| Summary Judgment Hearing | July 11, 2023 |
| Last Day to serve (but not file) motions in limine; last day to exchange exhibit lists | September 22, 2023 |
| Last day to meet and confer re: Pretrial conference statement | September 29, 2023 |
| Pretrial Conference Statement; Last Day to File Motions in Limine | October 6, 2023 |
| Oppositions to Motions in Limine | October 11, 2023 |
| Joint Trial Readiness Binders | October 13, 2023 |
| Pretrial conference | October 20, 2023 |
| Trial | November 6, 2023 |

## 18. TRIAL

***Plaintiffs' Statement*:**

Plaintiffs currently estimate the trial in this case to last approximately 15 days.

***Google's Statement:***

It is premature to determine whether any claims will survive summary judgment and will be resolved by a jury.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties previously filed their certificates of interested entities (Dkt. 14, 52) and have no updates.

**20.   PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct of the Northern District of California.

**21.   OTHER MATTERS**

None.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | DATED: January 23, 2023 | DATED: January 23, 2023 |
| 2 | QUINN EMANUEL URQUHART & SULLIVAN, LLP | BOIES SCHILLER FLEXNER LLP |
| 3 | By:  /s/ *Andrew H. Schapiro* | By:  /s/ *Mark C. Mao* |
|   | Andrew H. Schapiro (admitted *pro hac vice*) | Mark C. Mao (CA Bar No. 236165) |
| 4 | andrewschapiro@quinnemanuel.com | mmao@bsfllp.com |
|   | Teuta Fani (admitted *pro hac vice*) | Beko Reblitz-Richardson (CA Bar No. 238027) |
| 5 | teutafani@quinnemanuel.com | brichardson@bsfllp.com |
|   | 191 N. Wacker Drive, Suite 2700 | BOIES SCHILLER FLEXNER LLP |
|   | Chicago, IL 60606 | 44 Montgomery Street, 41st Floor |
| 6 | Telephone: (312) 705-7400 | San Francisco, CA 94104 |
|   | Facsimile: (312) 705-7401 | Telephone: (415) 293 6858 |
| 7 | | Facsimile (415) 999 9695 |
|   | Diane M. Doolittle (CA Bar No. 142046) | |
|   | dianedoolittle@quinnemanuel.com | David Boies (*pro hac vice*) |
| 8 | Sara Jenkins (CA Bar No. 230097) | dboies@bsfllp.com |
|   | sarajenkins@quinnemanuel.com | BOIES SCHILLER FLEXNER LLP |
| 9 | 555 Twin Dolphin Drive, 5th Floor | 333 Main Street |
|   | Redwood Shores, CA 94065 | Armonk, NY 10504 |
| 10 | Telephone: (650) 801-5000 | Tel: (914) 749-8200 |
|   | Facsimile: (650) 801-5100 | |
|   | | James W. Lee (*pro hac vice*) |
| 11 | Stephen A. Broome (CA Bar No. 314605) | jlee@bsfllp.com |
|   | stephenbroome@quinnemanuel.com | Rossana Baeza |
| 12 | Viola Trebicka (CA Bar No. 269526) | rbaeza@bsfllp.com |
|   | violatrebicka@quinnemanuel.com | BOIES SCHILLER FLEXNER LLP |
| 13 | Crystal Nix-Hines (Bar No. 326971) | 100 SE 2nd Street, Suite 2800 |
|   | crystalnixhines@quinnemanuel.com | Miami, FL 33130 |
|   | Alyssa G. Olson (CA Bar No. 305705) | Telephone: (305) 539-8400 |
| 14 | alyolson@quinnemanuel.com | Facsimile: (305) 539-1304 |
|   | 865 S. Figueroa Street, 10th Floor | |
| 15 | Los Angeles, CA 90017 | William Christopher Carmody (*pro hac vice*) |
|   | Telephone: (213) 443-3000 | bcarmody@susmangodfrey.com |
| 16 | Facsimile: (213) 443-3100 | Shawn J. Rabin (*pro hac vice*) |
|   | | srabin@susmangodfrey.com |
|   | Jomaire Crawford (admitted pro hac vice) | Steven Shepard (*pro hac vice*) |
| 17 | jomairecrawford@quinnemanuel.com | sshepard@susmangodfrey.com |
|   | 51 Madison Avenue, 22nd Floor | Alexander P. Frawley (*pro hac vice*) |
| 18 | New York, NY 10010 | afrawley@susmangodfrey.com |
|   | Telephone: (212) 849-7000 | SUSMAN GODFREY L.L.P. |
| 19 | Facsimile: (212) 849-7100 | 1301 Avenue of the Americas, 32nd Floor |
|   | | New York, NY  10019 |
|   | Josef Ansorge (admitted pro hac vice) | Telephone: (212) 336-8330 |
| 20 | josefansorge@quinnemanuel.com | |
|   | Xi ("Tracy") Gao (CA Bar No. 326266) | Amanda Bonn (CA Bar No. 270891) |
| 21 | tracygao@quinnemanuel.com | abonn@susmangodfrey.com |
|   | Carl Spilly (admitted *pro hac vice*) | SUSMAN GODFREY L.L.P. |
| 22 | carlspilly@quinnemanuel.com | 1900 Avenue of the Stars, Suite 1400 |
|   | 1300 I Street NW, Suite 900 | Los Angeles, CA 90067 |
|   | Washington D.C., 20005 | Telephone: (310) 789-3100 |
| 23 | Telephone: (202) 538-8000 | |
|   | Facsimile: (202) 538-8100 | John A. Yanchunis (*pro hac vice*) |
| 24 | | jyanchunis@forthepeople.com |
|   | Jonathan Tse (CA Bar No. 305468) | Ryan J. McGee (*pro hac vice*) |
|   | jonathantse@quinnemanuel.com | rmcgee@forthepeople.com |
| 25 | 50 California Street, 22nd Floor | MORGAN & MORGAN, P.A. |
|   | San Francisco, CA 94111 | 201 N Franklin Street, 7th Floor |
| 26 | Telephone: (415) 875-6600 | Tampa, FL 33602 |
|   | Facsimile: (415) 875-6700 | Telephone: (813) 223-5505 |
| 27 | | Facsimile: (813) 222-4736 |
|   | *Attorneys for Defendant Google LLC* | |
| 28 | | Michael F. Ram, CA Bar No. 104805 |
|   | | MORGAN & MORGAN |
|   | | 711 Van Ness Ave, Suite 500 |

San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

**ATTESTATION**

I, Andrew H. Schapiro, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: January 23, 2023                         By:   */s/ Andrew H. Schapiro*
                                                                       Andrew H. Schapiro