UNITED STATES DISTRICT COURT
Northern District of California

# FAX TRANSMISSION

| | | | |
|---|---|---|---|
| **TO:** | | **FROM:** | Justine Fanthorpe |
| **FAX NUMBER:** | 94158756700 | **NO. OF PAGES:** (INCLUDING COVER): | 4 |
| **PHONE:** | | **DATE:** | 2023-01-17 |
| **RE:** | 4:20-cv-03664-YGR Brown et al v. | **TIME:** | 16:42:03 |

**SUBJECT:** 4:20-cv-03664-YGR Brown et al v. Google LLC et al-Sealed Order

**DETAILS:**



**Justine Fanthorpe**
CRD to Magistrate Judge Susan van Keulen
280 South First Street, Room 2112
San Jose, CA 95113
United States District Court
Northern District of California
https://cand.uscourts.gov
Justine_Fanthorpe@cand.uscourts.gov
Office: 408-535-5375

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 20-cv-03664-YGR (SVK) <br><br> **FILED UNDER SEAL** <br><br> **ORDER ON (1) GOOGLE'S MOTION FOR RELIEF REGARDING PRESERVATION, AND (2) PARTIES' JOINT SUBMISSION RE PRESERVATION IN LIGHT OF CLASS CERTIFICATION ORDER** <br><br> Re: Dkt. No. 782, 818 |

Before the Court are several submissions regarding Google's obligations under the Court's May 20, 2022 and August 5, 2022 preservation orders (Dkt. 587, 657 - the "Preservation Orders"). On October 27, 2022, Google filed a motion seeking relief from any obligation under the Preservation Orders to preserve ▮▮▮▮▮▮▮ linking tables and ▮ Analytics mapping tables. Dkt. 782 – the "Motion." Plaintiffs filed an opposition to the Motion, and Google filed a reply. Dkt. 800, 806.

On December 12, 2022, while the Motion was in briefing, District Judge Yvonne Gonzalez Rogers issued an order on Plaintiffs' motion for class certification. Dkt. 803 – the "Class Certification Order." Among other things, in the Class Certification Order the Court denied Plaintiffs' request to certify a damages class under Federal Rule of Civil Procedure 23(b)(3) but granted Plaintiffs' request to certify an injunctive class under Rule 23(b)(2). *Id.*

Following the Class Certification Order, the undersigned granted the Parties' stipulation to file a joint letter brief on the effect of the Class Certification Order on Google's preservation obligations for this case. Dkt. 813. The Parties submitted the joint letter brief on January 6, 2023. Dkt. 818 – the "Letter Brief." In the Letter Brief, Google states that in light of the Class Certification Order, this Court should issue an order (i) releasing Google from its ongoing

obligations under the Preservation Orders, and (ii) either (a) authorizing Google to delete the data it has already collected and preserved, or (b) requiring Plaintiffs to cover the cost of such preservation. *Id.* Plaintiffs oppose Google's requested relief. *Id.*

The Court held a hearing on January 10, 2023 to address the Motion and Letter Brief. For the reasons stated on the record and as set forth at the hearing, the Court **ORDERS** as follows:

1. **Tables:** The evidence presented by Google concerning the costs of preserving the tables that are the subject of the Motion, along with Google's assertion that the pertinent information in the tables is contained in or may be derived from other data Google is preserving in this case, raises a concern of the proportionality under Rule 26 of the relative burdens and benefits of the Preservation Orders. Accordingly, at the hearing the Court ordered the Parties to promptly engage in a meet and confer for the purpose of Google demonstrating to Plaintiffs how the information in the tables that are the subject of the Motion is contained in or may be derived from other information that Google is preserving in this case. The Court provided the following to guide the Parties' meet and confer efforts: (1) the Court anticipates that this meet and confer will require Google to provide to Plaintiffs information about the contents of the tables at issue sufficient to demonstrate that pertinent information in the tables is already being preserved or may be derived from preserved data. However, Google will not be required to provide the entire contents of the tables to Plaintiffs; (2) the Court anticipates that technical personnel and/or the Parties' experts will participate in the meet and confer as necessary; and (3) if Plaintiffs insist that all of the disputed tables continue to be preserved in their entirety, the Court is likely to impose cost sharing. The Parties must file a joint status report and proposed path forward on the issue of preservation of the relevant tables by **January 31, 2023.**

2. **Relief Requested by Google in Letter Brief:** As discussed at the hearing, Plaintiffs have filed a petition with the Ninth Circuit seeking permission to appeal

2

the Class Certification Order pursuant to Rule 23(f).  *See* Dkt. 812.  The filing of the petition does not stay proceedings in district court unless the district judge or court of appeals so orders.  Fed. R. Civ. P. 23(f).  However, in light of that pending petition, as well as the evidence concerning Google's cost of preserving the data that is the subject of its request in the Letter Brief, the Court **DENIES** Google's request that it be relieved of its ongoing preservation obligations under the Preservation Orders in this case and its request that it be permitted to delete data preserved pursuant to the Preservation Orders in this case or that Plaintiffs be ordered to bear the cost of preserving that data.  Denial of Google's requests for relief in the Letter Brief is **WITHOUT PREJUDICE** to renewal of those requests based on subsequent developments.

**SO ORDERED.**

Dated: January 17, 2023

_____
SUSAN VAN KEULEN
United States Magistrate Judge