# Mao Declaration Ex. 4

Redacted Version of Document Sought to be Sealed

| | |
|---|---|
| **From:** | owner-googleteam@lists.susmangodfrey.com on behalf of Josef Ansorge |
| **To:** | Ryan McGee x3030; QE Brown |
| **Cc:** | Mark C. Mao; Google Team |
| **Subject:** | RE: Brown v. Google: 2022.12.20 Letter Re Admin Motion |
| **Date:** | Wednesday, December 21, 2022 5:07:47 PM |

EXTERNAL Email

Ryan,

Thank you for your email. We will note in our filing that Plaintiffs object to the administrative motion and do not consent to the draft stipulation. We respond to your questions below.

*First, when did Google identify the ▮▮▮▮▮▮▮▮ bit in the Calhoun litigation?*
- October 31, 2022.

*Second, why was that not brought to the Court's attention in this (the Brown) litigation, particularly with respect to sanctions briefing (earlier this year and also the current sanctions briefing)?*
- We are bringing it to the Court's attention. The bit is unrelated to the Incognito bits at issue in the sanctions briefing: it has a different logic and was used by different teams for different purposes.

*Third, did Mr. Sramek investigate this bit and, if so, why was it not revealed in any of his declarations?*
- Mr. Sramek did not investigate this bit because (i) it does not use the absence of the x-client-data header and (ii) it was not one of the incognito bits as defined by the Court.

*Fourth, what logs and other data sources has this bit existed in during the Class Period (i.e., June 1, 2016 to present)?*
- Since discovery is closed, we would require the Court's guidance before initiating further logs discovery. Further, any relevant discovery is unlikely to be on the logs, but rather on confirming the bit does not work for browsers in suit.

*Fifth, has Google preserved any data associated with this bit?*
- Relevant team members are being placed on litigation hold and the data structure for the bit and underlying heuristic are being preserved. Additional event-level data preservation for a bit that our investigation has shown is not accurate (i.e. saving junk data) would not benefit any party nor the Court.

*Finally, are there other bits that were identified in other litigation that Google has yet to bring to our attention?*
- We are not aware of any other bits identified in other litigation that could have any bearing on this case.

Best,

Joey

**Josef Ansorge**

*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8267 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
josefansorge@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Ryan McGee x3030 <rmcgee@forthepeople.com>
**Sent:** Wednesday, December 21, 2022 3:02 PM
**To:** Josef Ansorge <josefansorge@quinnemanuel.com>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** Mark C. Mao <mmao@BSFLLP.com>; Google Team <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** RE: Brown v. Google: 2022.12.20 Letter Re Admin Motion

**[EXTERNAL EMAIL from rmcgee@forthepeople.com]**

Joey,

Thank you for confirming that yet another Incognito-detection bit resides within Google's logging infrastructure.

As an initial matter, an administrative motion is improper here. Google is not seeking administrative relief (*e.g.*, to seal a document or exceed page limits, as Civil LR 7-11 provides). Google is instead seeking substantive relief under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and to modify the Court's Preservation Order. As such, any motion that Google files should be filed under those rules and not under Civil LR 7-11.

If Google files under Civil LR 7-11, Plaintiffs will file a motion to strike and may seek sanctions, especially given the timing of Google's notice to plaintiffs that this bit exists (the afternoon of December 20), filing a motion (the next day on December 21), and requiring Plaintiffs to respond during the holidays and before a normal motion would come due (14 days instead of the abbreviated schedule Google proposes).

We also have the following questions about the bit:

First, when did Google identify the [REDACTED] bit in the *Calhoun* litigation?

Second, why was that not brought to the Court's attention in this (the *Brown*) litigation, particularly with respect to sanctions briefing (earlier this year and also the current sanctions briefing)?

Third, did Mr. Sramek investigate this bit and, if so, why was it not revealed in any of his

declarations?

Fourth, what logs and other data sources has this bit existed in during the Class Period (*i.e.*, June 1, 2016 to present)?

Fifth, has Google preserved any data associated with this bit?

Finally, are there other bits that were identified in other litigation that Google has yet to bring to our attention?

Regards,
Ryan


**Ryan McGee**
Attorney
My Bio

**P:** (813) 223-0931
**F:** (813) 222-4702
**A:** 201 N Franklin St, 7th Floor, Tampa, FL 33602



*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

**From:** Josef Ansorge <josefansorge@quinnemanuel.com>
**Sent:** Wednesday, December 21, 2022 12:20 PM
**To:** Mark C. Mao <mmao@BSFLLP.com>
**Cc:** Ryan McGee x3030 <rmcgee@forthepeople.com>
**Subject:** *EXT* RE: Brown v. Google: 2022.12.20 Letter Re Admin Motion

**CAUTION: Use caution when clicking on links or opening attachments in this external email.**

Thanks, Mark. I look forward to hearing from you and Ryan.
We are planning to file today, so would greatly appreciate if you could let us know before 4 PM Eastern whether you agree to the stipulation.

**From:** Mark C. Mao <mmao@BSFLLP.com>
**Sent:** Wednesday, December 21, 2022 12:11 PM
**To:** Josef Ansorge <josefansorge@quinnemanuel.com>
**Cc:** Ryan McGee x3030 <rmcgee@forthepeople.com>
**Subject:** RE: Brown v. Google: 2022.12.20 Letter Re Admin Motion

**[EXTERNAL EMAIL from mmao@bsfllp.com]**

Super helpful, Joey.  Let me and Ryan look.  Sorry, last day of trial, and I will try to respond today.

**From:** Josef Ansorge <josefansorge@quinnemanuel.com>
**Sent:** Wednesday, December 21, 2022 8:51 AM
**To:** Mark C. Mao <mmao@BSFLLP.com>; Seth Fortenbery <sethfortenbery@quinnemanuel.com>; Google Team <googleteam@lists.susmangodfrey.com>; Beko Richardson <brichardson@BSFLLP.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>
**Subject:** RE: Brown v. Google: 2022.12.20 Letter Re Admin Motion

Dear Mark,

Thank you for your swift response and happy holidays to you too.

To clarify, our proposed stipulation does not seek an extension for Google but rather for Plaintiffs. Under local rule 7-11, Plaintiffs opposition to our administrative motion would be due four days after we file it. We are intending to file our administrative motion today. Due to the impending holidays, we are offering to extend Plaintiffs' deadline to December 30, 2022.

We look forward to hearing from you.

Best,

Joey

**Josef Ansorge**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8267 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
josefansorge@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Mark C. Mao <mmao@BSFLLP.com>
**Sent:** Wednesday, December 21, 2022 11:09 AM
**To:** Josef Ansorge <josefansorge@quinnemanuel.com>; Seth Fortenbery <sethfortenbery@quinnemanuel.com>; Google Team <googleteam@lists.susmangodfrey.com>;

Beko Richardson <brichardson@BSFLLP.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>
**Subject:** RE: Brown v. Google: 2022.12.20 Letter Re Admin Motion

**[EXTERNAL EMAIL from mmao@bsfllp.com]**

Mr. Ansorge and Counsel:

Happy holidays and good morning.  Obviously, we disagree with your contentions.  The Court certified each and every one of Plaintiffs' claims and classes, and rejected Google's arguments.

The data you are seeking to "deprecate (and destroy)" are the data of certified class members, relevant to both their class and individual claims.  There are a lot of claims and class members, and we cannot "consent" to Google destroying relevant evidence to contract, statutory, common law, and UDAP claims.

And of course, the data is also relevant to injunctive relief.  If anything, the letter from yesterday regarding additional undisclosed private-browsing logs only prove that the full scope of what Google has been destroying cannot yet be fully appreciated.

As to your request for an extension, I admit I have to look at what deadline you are seeking to extend, and I will get back to you.  I apologize in advance if I am not immediately seeing the need for a stipulation on a deadline.  I will try to accommodate reasonable requests during the holidays, and ask that you allow me a chance to catch up from coming off of another trial.

Thank you.

**From:** owner-googleteam@lists.susmangodfrey.com <owner-googleteam@lists.susmangodfrey.com> **On Behalf Of** Josef Ansorge
**Sent:** Wednesday, December 21, 2022 7:43 AM
**To:** Seth Fortenbery <sethfortenbery@quinnemanuel.com>; Google Team <googleteam@lists.susmangodfrey.com>; Beko Richardson <brichardson@BSFLLP.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>
**Subject:** RE: Brown v. Google: 2022.12.20 Letter Re Admin Motion
Counsel,

Following up on our correspondence regarding Google's request to deprecate, we have prepared a draft stipulation stating that:
    (i)       The parties agree that Google may submit an administrative motion requesting leave to deprecate, and
    (ii)      In light of the holiday season, Plaintiffs' deadline to respond to said administrative motion is extended until December 30, 2022.

Please let us know before 4 PM Eastern today whether Plaintiffs consent to this stipulation.

Best,

**Josef Ansorge**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8267 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
josefansorge@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Seth Fortenbery <sethfortenbery@quinnemanuel.com>
**Sent:** Tuesday, December 20, 2022 7:33 PM
**To:** Google Team <googleteam@lists.susmangodfrey.com>; Beko Richardson <brichardson@BSFLLP.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>
**Subject:** Brown v. Google: 2022.12.20 Letter Re Admin Motion

Counsel,

Please see the attached correspondence.

Thanks,
Seth

**Seth Fortenbery**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7494 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
sethfortenbery@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

This e-mail contains communication that may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

To unsubscribe from the GOOGLETEAM list, click here

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain informa ion that, among o her protections, is  he subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If  he reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain informa ion that, among o her protections, is  he subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If  he reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

---

This e-mail contains communication that may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

To unsubscribe from the GOOGLETEAM list, click here