**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION TO CLARIFY THAT ALL STATUTES OF LIMITATIONS REMAIN TOLLED BASED ON THE COURT'S CERTIFICATION ORDER**<br><br>The Honorable Yvonne Gonzalez-Rogers<br>Courtroom 1 - 4th Floor<br>Hearing: February 28, 2023, 2:00 p.m. |

## I. INTRODUCTION

Plaintiffs ask the Court to issue an impermissible advisory opinion to address the hypothetical possibility that: (1) in response to the Court's decision denying certification of a Rule 23(b)(3) class, class members might file individual claims against Google for damages based on the same or similar conduct alleged here; (2) by the time they do, the statutes of limitations on their claims might have expired; and (3) Google might raise the statutes of limitations as a defense. Plaintiffs ask the Court to preemptively rule that, if this hypothetical series of events were to transpire, the individual class members' claims would be tolled under the *American Pipe* doctrine "for the duration of this case through any appeals." Mot. 1.

The Court should decline this invitation to speculate. The Motion should be denied, first and foremost, because the hypothetical damages claims that Plaintiffs seek to protect are not before this Court—or any court, for that matter. Thus, the relief Plaintiffs seek amounts to an advisory opinion, in violation of the Constitution's "case or controversy" requirement. U.S. Const., Art. III, § 2. If and when the hypothetical described were to transpire, it would be up to the assigned judge to decide whether *American Pipe* tolling applies. But no such claims have been filed yet—and according to Plaintiffs, it is unlikely they ever will be. *See* Dkt. 609 (Class Certification Mot.) at 23, 25 (individual damages claims are unlikely because "[n]o individual user has the resources necessary to" to pursue such claims). The Court thus lacks the constitutional authority to grant the relief Plaintiffs seek. That should end the inquiry.

Second, Plaintiffs' contention that the requested relief is "needed to prevent the premature filing of [10,000-50,000] individual lawsuits," Mot. 3, 5–6, is both irrelevant and incorrect. It is irrelevant because in the absence of constitutional authority, the Court cannot grant the requested relief regardless of its purported necessity. And Plaintiffs are incorrect because (1) such a "multiplicity of actions" is unlikely, as Plaintiffs previously argued (Dkt. 609 at 23, 25), and (2) tolling would, at most, delay any such claims; it would not avoid them. If such claims were to be filed, it would be in *all* parties' interests to resolve them sooner rather than later, before "evidence has been lost, memories have faded, and witnesses have disappeared." *See Am. Pipe Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974).

Third, although the Court need not reach the merits, the Motion should be denied because *American Pipe* tolling does *not* apply. Plaintiffs fail to cite a *single* case holding that certification of a Rule 23(b)(2) class tolls individual damages claims. And their own cited authorities make clear their argument is wrong. In *Tosti v. City of Los Angeles*, for example, the Ninth Circuit explained that under *American Pipe* and its progeny, the filing of a class action tolls the claims of individual class members because the class members are "deemed to be actively prosecuting [their] rights" with respect to those claims. 754 F.2d 1485, 1488 (9th Cir. 1985) (cited at Mot. 3). The statute of limitations begins running anew, however, "*from the date of notice that certification has been denied*" because, at that point, the class is no longer pursuing the claims. *See id.* (emphasis added). Here, the Court denied Plaintiffs' motion to certify a damages class. Dkt. 803. It is therefore incumbent on any class members seeking to pursue individual damages claims to do so in a timely manner. There is no basis to toll such claims while the class pursues a separate action for injunctive relief.

The Motion should be denied.

## II.   ARGUMENT

### A.   The Motion Seeks an Unconstitutional Opinion

Article III, Section 2, of the U.S. Constitution sets forth the "case or controversy" requirement. "This is a 'bedrock requirement.'" *Raines v. Byrd*, 521 U.S. 811, 818 (1997). "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Simon v. E. Kentucky Welfare Rts. Org.*, 426 U.S. 26, 37 (1976).

Although Plaintiffs style their motion as one seeking "clarification," it plainly seeks an advisory opinion as to whether claims that have yet to be filed—and which may never be filed—are tolled under the *American Pipe* doctrine. Such relief exceeds this Court's constitutional authority.

The Ninth Circuit's decision in *Jones v. Dallas Neurological & Spine Assosc., PA*, is instructive. There the district court denied the plaintiffs' request that the court declare "a tolling of the statute of limitations for a medical malpractice claim they plan[ned] to bring." 622 F. App'x 701, 701 (9th Cir. 2015). The Ninth Circuit affirmed on appeal, finding the plaintiffs had "not

presented a justiciable case or controversy" because it was "not clear whether the [plaintiffs] will ever bring a medical malpractice claim, or if they do, whether the defendants will raise the statute of limitations as a defense." *Id.* "Until that time, we lack jurisdiction over the claim." *Id.*

Similarly, in *Martinez v. Warden*, 2021 WL 4078987 (C.D. Cal. Sept. 8, 2021), a habeas petitioner filed a motion seeking to confirm "whether his federal habeas petition will be time-barred if: (a) the petition is filed at some unspecified date in the future, which may or may not be within the statute of limitations, and (b) Respondent raises the statute of limitations as a defense." *Id.* at *1. The court held that the petitioner's motion sought "relief which the Court cannot grant without violating the 'case or controversy' requirement of Article III, section 2, of the United States Constitution." *Id.* "If Petitioner files a federal habeas petition after the statute of limitations has expired and if Respondent raises the statute of limitations as an affirmative defense, it will be incumbent on Petitioner to demonstrate that the Petition is not subject to dismissal on statute of limitations grounds," but "these issues cannot be resolved at this time in the context of this motion." *Id.* at *2. The same is true here—only in the event that (1) a class member files an individual action seeking damages after the statute of limitations on her claims has expired—an unlikely scenario, according to Plaintiffs (*see* Dkt. 609 at 23, 25)—and (2) Google raises the statute of limitations as a defense, may the assigned judge then determine whether *American Pipe* tolling applies. But that is not an issue for this Court to decide now.

Plaintiffs' arguments to the contrary are meritless. *First*, Plaintiffs contend that the Court may issue a preemptive ruling on the application of *American Pipe* tolling to hypothetical damages claims because "this Court has extended its jurisdiction over all class members and over Google." Mot. 5. But the Court's jurisdiction over the parties for purposes of the *pending* case and controversy—in which the class is limited to seeking injunctive relief—plainly provides no basis for the Court to decide whether damages claims that are not before it may be tolled. Nor is there any merit to Plaintiffs' related contention that the Court has authority to issue the requested relief because "Google is before the Court as a defendant for all claims by all class members" and "Plaintiffs' counsel now unquestionably represents all class members who may seek monetary relief." Mot. 4. The Court's order denying a Rule 23(b)(3) class makes clear that (1) Google is *not*

"before the Court" for purposes of class members' damages claims, and (2) Plaintiffs' counsel do *not* "represent all class members" for purposes of seeking monetary relief.  Indeed, if these claims were before the Court, Plaintiffs would not have filed this motion.

Not surprisingly, Plaintiffs cite no authority supporting their argument that the Court has the power to preemptively rule that *American Pipe* tolling applies to unfiled claims. *See* Mot. § C. In a footnote, Plaintiffs cite *Wit v. United Behav. Health*, 2020 WL 6462401, at *5 (N.D. Cal. Nov. 3, 2020), *rev'd*, 2023 WL 411441 (9th Cir. Jan. 26, 2023), and *Wallace v. City of San Jose*, 2017 WL 6017867, at *7 (N.D. Cal. Dec. 5, 2017), which involved district courts briefly staying and/or tolling the statutes of limitations (for 120 and 90 days, respectively) so that class members whose damages claims *initially were certified* but later were *decertified or excluded from the class* could be provided notice and then bring their claims on an individual basis, should they so choose. Neither case addressed *American Pipe* tolling. Nor did either case analyze whether a district court has constitutional authority to preemptively rule that tolling applies to individual damages claims that the Court *declined* to certify.

*Second*, Plaintiffs argue that the Court can toll the statutes of limitations on unfiled claims pursuant to its "case-management authority" under Rule 42(b).  Mot. 6.  Aside from an inapposite citation to Wright & Miller, Plaintiffs provide no authority for this argument—which ignores that the Court's *case*-management authority is limited to the case before it.  Plaintiffs' related contention that "an order clarifying that all statutes of limitations remain tolled is equivalent to the Court declaring class members' claims will first proceed to trial on their request for injunctive relief, and that any individual damages claims will follow thereafter," is similarly misguided. The Court's authority to manage trial of a certified class's claims for injunctive relief, and the named plaintiffs' individual damages claims, is irrelevant to the question of whether the Court has constitutional authority to make decisions about the tolling of individual claims that have not been filed.

*Third*, Plaintiffs argue that the relief they seek is "in 'the interest of efficient judicial administration'" because "the adjudication of the class's request for injunctive relief will streamline (and potentially defeat) individual class member's request for damages." Mot. 6 (citing Wright & Miller). It should go without saying that "bedrock" constitutional principles like the case-and-

controversy requirement cannot be forsaken in "the interest of efficient judicial administration." *See Raines*, 521 U.S. at 820 (courts may not sidestep Article III "for the sake of convenience and efficiency"). Nor is there any merit to Plaintiffs' bizarre suggestion that "in these circumstances" the Court might "bifurcate[ the] class's request for injunctive relief from class members' requests for damages." Mot. 6. The latter are not before the Court, so there are no claims to bifurcate.[1]

Because the Court lacks constitutional authority to issue the relief Plaintiffs' seek, the Motion should be denied.

### B. Plaintiffs' Contention that Clarification is Needed to Prevent the Premature Filing of Individual Lawsuits is Contrary to Their Arguments at Class Certification—and Common Sense

Because the Court lacks constitutional authority, Plaintiffs' contention that the requested relief is necessary "to prevent the premature filing of individual lawsuits" is ultimately irrelevant. No matter how necessary the relief, the Court cannot do what the Constitution proscribes.

In any event, Plaintiffs' claims of necessity are unfounded. Despite their position that *American Pipe* tolling "unquestionably" applies, Plaintiffs assert that, "[w]ithout clarification, a large number of class members may file individual cases to protect their rights, and soon." Mot. at 2, 4. Plaintiffs' unsupported assertion that "10,000-50,000" class members are on the verge of filing claims for damages, *id.* at 3, is not realistic—a fact that Plaintiffs previously asserted affirmatively when it suited them (in their Class Certification Motion): "No individual user has the resources necessary to acquire the millions of pages of documents that Google produced, analyze those documents, gather further evidence, depose Google's current and former employees, retain liability and damages experts, litigate pre-trial motions, and try the liability component of this case." Dkt. 609 at 25; *see also id.* at 23 ("most individuals lack the resources to prosecute" individual claims).

Further, Plaintiffs are wrong that without clarification there will be a "needless multiplicity of actions." *Id.* Because class members' damages claims are not before the Court, such claims—if

---

[1] For this reason, Plaintiffs' reliance on *Bautista v. Holder*, 2009 WL 2031759, at *13 (N.D. Cal. July 9, 2009) (cited at Mot. 6), is misplaced. There the Court granted a motion to bifurcate so that it could certify and try injunctive relief claims while deferring the decision to certify a Rule 23(b)(3) class. That is not what the Court did here.

they are to be brought at all—must be brought in separate actions, regardless of future developments in this action. Tolling might cause the (hypothetical) filing of individual claims to be delayed, but not avoided. That is precisely why the reasoning underlying *American Pipe* does not apply here. Under *American Pipe*, individual claims may be unnecessary *if* the court certifies a damages class. But here, the Court *denied* certification of a damages class, and thus any individual suits must be brought separately.

Moreover, even if the Court *were* to toll the statute of limitations on individual damages claims, that does nothing to prevent individuals from filing suit now. "[E]very federal court of appeals that has considered the question has held that a class action seeking only declaratory or injunctive relief does not bar subsequent individual suits for damages." *Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir. 1996). Thus, the requested relief would not prevent the hypothetical (and unsupported) litany of individual damages claims that Plaintiffs posit—further underscoring that such relief is not only unconstitutional, but pointless.

Plaintiffs' suggestion that class members should wait to file their claims so that they can benefit from "collateral estoppel" assumes far too much. Plaintiffs' claims may be (and should be) dismissed at summary judgment. Or they may lose at trial. Even if Plaintiffs were to prevail at trial, whether collateral estoppel might apply to bind Google in subsequent actions by individual class members is an open question that can only be resolved by the judge assigned to those hypothetical cases if and when the doctrine is asserted. Certainly, the mere *possibility* of collateral estoppel is not proper grounds for this Court to decide the tolling of unfiled claims.

Plaintiffs also baldly assert that "[c]larification is in both parties' best interest—and will not prejudice Google whatsoever." Mot. at 3. Not so. To the contrary, it is in the best interest of *all parties*—individual class members included—to resolve claims sooner rather than later given that, over time, witnesses relocate, memories fade, and evidence grows stale. *See Am. Pipe*, 414 U.S. at 554 ("statutory limitation periods are 'designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared'"); *Sartor v. Cnty. of Riverside*, 2022 WL 18278597, at *4 (C.D. Cal. Nov. 30, 2022) (there is "considerable support in the case law" for the proposition that

delaying litigation "threatens [a party's] ability to secure evidence to prove their claims, as witnesses may relocate or pass away, memories may fade, and evidence may become stale") (collecting cases)).

### B. *American Pipe* Tolling Does Not Apply to Class Members' Individual Claims for Damages

Assuming *arguendo* that the Court has constitutional authority to decide the Motion, the Court should deny the Motion on the merits. Plaintiffs' argument that, under *American Pipe*, the Court's certification of a Rule 23(b)(2) class for injunctive relief tolls individual class members' *damages* claims has no basis in law. Tellingly, Plaintiffs fail to cite a *single* case supporting their argument.

Under *American Pipe* and its progeny, "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class *until class certification is denied*." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983) (emphasis added). Here, the Court denied Plaintiffs' motion to certify the class's damages claims under Rule 23(b)(3) on December 12, 2022, and any tolling of those claims ends on that date. *See Taylor v. UPS, Inc.*, 554 F.3d 510, 519 (5th Cir. 2008) (cited at Mot. 2) ("if the district court denies class certification under Rule 23, tolling of the statute of limitations ends" and "an appeal of the denial of class certification does not extend the tolling period").[2]

Plaintiffs' cited authorities drive this point home. In *Tosti*, discussed *supra* at 2, the Ninth Circuit explained that, under *American Pipe* and its progeny, "[t]he statute [of limitations] begins running anew from the date of notice that certification has been denied," or, "when certification has been granted, the statute begins running anew from the date when the class member exercises the right to opt out." 754 F.2d at 1488. This is because "before this time, the class member is deemed

---

[2] Contrary to Plaintiffs' assertion, *Taylor* did not hold that damages "claims remain tolled under *American Pipe* [if there is] an order granting certification of an injunctive relief class only." Mot. 2. Indeed, the decision contains no discussion whatsoever of this issue. Rather, the issue in *Taylor* was whether *American Pipe* tolling ends upon a district court's dismissal of a certified class's claims *on the merits*, or whether tolling is extended through the appeal of the merits decision. 554 F.3d at 517-21. That issue is not present here, and therefore *Taylor* is inapposite.

to be actively prosecuting her rights." *Id.* On the facts before it, the Ninth Circuit held that the individual claims of a class member who elected to opt out of a certified class were tolled "when the [class action] was filed," and "*began to run anew ...* the day on which Tosti opted out of the class suit." *Id.* at 1489. Thus, the moment the class representatives are no longer "actively pursuing" the individual class members' claims—which is the case with respect to the individual damages claims at issue here—*American Pipe* tolling ends, and the statutes of limitations "begin to run anew." *See id.*

Similarly, in *Wit*, the court certified classes under both Rule 23(b)(2) and (b)(3), but later "decertified as to Rule 23(b)(3) remedies to exclude" certain class members. 2020 WL 6462401, at *13. The court stayed the case and tolled for 120 days the limitations period for class members whose damages claims were decertified so that they could be provided notice and bring individual claims, should they so choose. *Id.* If Plaintiffs were correct that certification of a Rule 23(b)(2) class "unquestionably" tolls the class members' individual damages claims "for the duration of the case including through any appeals," Mot. 1, 4, the *Wit* court would not have needed to stay the case, and the order tolling the damages claims for only 120 days would not have made sense—it would have *shortened* the tolling period. The order only makes sense because once class members' damages claims are excluded, *American Pipe* tolling *ends*.[3]

Finally, Plaintiffs' contention that "*American Pipe* tolling applies whenever the follow-on individual claims share a 'common factual or legal nexus,'" Mot. 2, 3 (citing 3 Newberg and Rubenstein on Class Actions § 9:60 (6th ed. West 2023)), is plainly wrong. The cited treatise states

---

[3] Plaintiffs' reliance on a forty-year-old case from the District of Oregon—*Penk v. Oregon State Bd. of Higher Educ.*, 99 F.R.D. 497 (D. Or. 1982)—is misplaced. In *Penk*, the issue was "whether the filing of a class action lawsuit by a plaintiff who has fulfilled the EEOC requirements [by bringing suit within 90 days of receiving a right-to-sue letter] may toll the EEOC requirements for other employee class members." 99 F.R.D at 498. The court analogized the EEOC requirements to statutes of limitation, and noted that under *American Pipe*, the *filing* of a class action tolls the statute of limitations for all class members. Although the court observed that *American Pipe*'s reasoning applies not only to (b)(3) class, but to (b)(1) and (b)(2) classes as well, it did not suggest that certification of a (b)(2) class only—and denial of a (b)(3) class—tolls individual class members' damages claims, as Plaintiffs incorrectly assert. *See* Mot. 2. The court did not address this issue.

only that a "common factual or legal nexus" is *necessary* for application of *American Pipe* tolling; it plainly is not *sufficient*.

## III. CONCLUSION

For these reasons, Plaintiffs' motion should be denied.

DATED: February 1, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted pro hac vice)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted pro hac vice)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*