**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No.: 4:20-cv-03664-YGR-SVK

**PLAINTIFFS' REPLY ISO MOTION TO CLARIFY THAT ALL STATUTES OF LIMITATIONS REMAIN TOLLED BASED ON THE COURT'S CERTIFICATION ORDER**

Judge: Hon. Yvonne Gonzalez Rogers
Date: February 28, 2023
Time: 2:00 p.m.
Location: Courtroom 1 – 4th Floor

## I. INTRODUCTION

This Court should clarify that all statutes of limitations remain tolled under *American Pipe* for all forms of relief. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 553 (1974). Confronted with a scenario like this one, where a class had been certified only under Rule 23(b)(2), the Fifth Circuit applied *American Pipe* to toll a class member's lawsuit for damages. *See Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 520-21 (5th Cir. 2008). To hold otherwise would "require individual plaintiffs to litigate their damages claims while [this] class action seeking injunctive relief . . . [is] pending," which "run[s] completely counter to the efficiency rationale of the class action." *Swierkowski v. Consolidated Rail Corp.*, 168 F. Supp. 2d 389, 395 (E.D. Pa. 2001). Google opposes this simple request for clarification, and yet Google did not identify a single case establishing that tolling does not or should not apply.

Tacitly acknowledging its weakness on the merits, Google asks the Court to avoid the issue altogether. Google claims that Plaintiffs are seeking an advisory opinion, and argues that any decision on tolling needs to wait. But "the Ninth Circuit has long countenanced prospective equitable tolling." *Brown v. Davis*, 482 F. Supp. 3d 1049, 1056 (E.D. Cal. 2020). Courts have also rejected Google's argument that prospective tolling is "tantamount to an advisory opinion." *Hargrove v. Brigano*, 300 F.3d 717, 719 (6th Cir. 2002). Courts even have authority to prospectively declare tolling for "Fully Excluded Members" no longer before the court. *Chen-Oster v. Goldman, Sachs & Co.*, 2021 WL 5106528, at *4 (S.D.N.Y. Nov. 3, 2021). This Court is on even firmer ground to clarify tolling because all class members remain before the Court as members of the certified class.

*American Pipe* tolling applies, and clarification is in everyone's interest. Any uncertainty may encourage class members to file individual lawsuits now, creating additional burdens on class members, the Court, and Google. An order clarifying that all claims remain tolled can only help Google by avoiding unnecessary lawsuits, and it will of course benefit class members and the Court, which is already overseeing the same claims in this case.

## II. ARGUMENTS AND AUTHORITIES

### A. All Statutes of Limitations Remain Tolled Under *American Pipe*.

This Court's certification of all claims under Rule 23(b)(2) means that all statutes of limitations remain tolled for all forms of relief. Under *American Pipe*, "commencement of a class action tolls the applicable statute of limitations for all members of the class 'until class certification is denied.'" *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985) (quoting *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983)). Here, class certification was not denied; all seven claims were certified.

Google incorrectly asserts that Plaintiffs "fail to cite a single case" applying *American Pipe* to members of a Rule 23(b)(2) class who individually seek damages. Plaintiffs cited a Fifth Circuit case that did just that. Opp'n at 1; Mot. at 2 (citing *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 520-21 (5th Cir. 2008)). Like here, the district court in *Taylor* certified only under Rule 23(b)(2). *See Morgan v. United Parcel Serv. of Am., Inc.*, 169 F.R.D. 349, 358 (E.D. Mo. 1996) (underlying certification order addressed in *Taylor*). After the class's claims were dismissed on summary judgment, the *Taylor* plaintiff filed a new case seeking damages, and the court held that his claims remained tolled through the pendency of the class's appeal in the prior case. 554 F.3d at 520-21. That outcome was "consistent with the general rule that all members of a certified class enjoy the same rights as individually named plaintiffs in the suit." *Id.* at 521.

Google buries the lede in a footnote, arguing that *Taylor* "is inapposite" because the court was only deciding if tolling ended with dismissal at summary judgment or after the appeal. Opp'n at 7 n.2. But if Google were correct that certification of a Rule 23(b)(2) class does not extend tolling for class members who individually seek damages, then *Taylor* could not have held that tolling remained in effect through the appeal in the prior case. Tolling for the *Taylor* plaintiff would have ended with the Rule 23(b)(2) certification order, even before summary judgment.

*Swierkowski v. Consolidated Rail Corp.*, 168 F. Supp. 2d 389, 395 (E.D. Pa. 2001) is another example of a court applying *American Pipe* to a member of a Rule 23(b)(2) class who later sought damages. Like here, certification had been denied under Rule 23(b)(3) but granted

under Rule 23(b)(2). The defendant argued that "the statute of limitations for plaintiff's damages claims began running . . . when the [] Court denied class certification as to any claims for monetary damages." *Id.* at 394. The court rejected that argument, holding that "the statute of limitations was tolled for the damages claims during the pendency of the [Rule 23(b)(2)] class [case]." *Id.* at 395.

Tellingly, Google failed to cite any case where a court reached the oppositive conclusion. Google implies that *Wit* is such a case, but Google mischaracterizes that decision. Opp'n at 8. In *Wit*, the court decertified the class in part, entirely excluding some individuals and ruling that others could not obtain damages. The court also prospectively tolled the statute of limitations for 120 days. *Wit v. United Behav. Health*, 2020 WL 6462401, at *5 (N.D. Cal. Nov. 3, 2020). Google argues that the tolling order "only makes sense" if the "class members whose damages claims were decertified" were not already benefitting from the continuation of *American Pipe* tolling. Opp'n at 8. Google omits that the tolling period was ordered to benefit "the ***excluded former*** class members" who were removed from the class. *Wit*, 2020 WL 6462401, at *5. *Wit* does not support Google's view that tolling for purposes of individuals seeking damages ends with a full Rule 23(b)(2) certification.

It is not surprising that Google did not cite a single case adopting its view; Google's position violates the principles underlying *American Pipe*. Google advocates for "a rule which would require individual plaintiffs to litigate their damages claims while [this] class action seeking injunctive relief. . . [is] pending." *Swierkowski*, 168 F. Supp. 2d at 395. That approach "run[s] completely counter to the efficiency rationale of the class action by having two suits covering essentially the same claim running at the same time." *Id.* Tolling, by contrast, promotes "efficiency and economy of litigation." *American Pipe*, 414 U.S. at 553-54. Clarification offers the certainty of individual legal claims being protected while a class action persists. The need to distinguish between class treatment of some claims but not of others, and of what claims fall under which category, is not a burden that should be placed on everyday class members whom the class action device was designed to protect.

**B. This Court Can Clarify that all Statutes of Limitations Remain Tolled.**

Lacking legal support for its position, Google tries to lead this Court astray, by sidestepping the issue altogether. Google frames the relief sought as an unconstitutional advisory opinion and argues that clarification will need to wait until a class member files an individual action and Google raises the statute of limitations as a defense. Opp'n at 2-4. But courts have prospectively tolled limitations periods while rejecting Google's argument that such relief amounts to an advisory opinion, and clarification here is akin to prospective tolling.

*Hargrove v. Brigano*, 300 F.3d 717 (6th Cir. 2002) is instructive. In dismissing a habeas petition for failure to exhaust appeals, the district court prospectively tolled the limitations period through 30 days following exhaustion. *Id.* at 717. The defendant argued that the court "exceeded its authority by *prospectively* ordering equitable tolling," which it characterized as "tantamount to an advisory opinion." *Id.* at 719 (emphasis in original). The Sixth Circuit rejected that argument and affirmed the order, relying on *Zarvela v. Artuz*, 254 F.3d 374, 376 (2d Cir. 2001), where "the Second Circuit was confronted with a factually similar situation" and "achieved the same result." *Id.* at 720-21.

Prospective tolling is not limited to other Circuits. "[T]he Ninth Circuit has long countenanced prospective equitable tolling." *Brown v. Davis*, 482 F. Supp. 3d 1049, 1056 (E.D. Cal. 2020) (citing *Calderon v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 128 F.3d 1283, 1289 (9th Cir. 1997) ("*Beeler*"), *partially overruled on other grounds in Calderon v. U.S. Dist. Ct. for Cent. Dist. of California*, 163 F.3d 530 (9th Cir. 1998)). "[F]ederal district courts in California have relied upon . . . *Beeler* in granting prospective equitable tolling . . . ." *Davis*, 482 F. Supp. 3d at 1056 (citing *Tully v. Davis*, 2019 WL 1676080, at *3 (N.D. Cal. April 17, 2019)).

While prospective tolling is most commonly encountered in the habeas context, nothing confines it so narrowly. In *Chen-Oster v. Goldman, Sachs & Co.*, 2021 WL 5106528, at *1 (S.D.N.Y. Nov. 3, 2021), an employment discrimination case, after the court ordered some class members to arbitration and excluded them from the class, the plaintiffs moved for an order tolling the limitations period for those newly excluded individuals. The defendant opposed tolling by arguing (like Google) that "the Court does not have authority to grant tolling," and that tolling

would need to be decided by the subsequent tribunal (there, the arbitrator). *Id.* at *1, 3. The court rejected that argument, holding that it "has the requisite authority to toll the statute of limitations for Fully Excluded Members . . . to protect them from prejudice resulting from the alteration of their status." *Id.* at *4. This Court is on even firmer ground to address tolling because ***all*** class members remain before this Court.

Relatedly, Google does not meaningfully address Plaintiffs' authorities where courts in this district "issued orders tolling statutes of limitations for individuals who (unlike here) are not even part of a certified class." Mot. at 6 & n.1. Google claims those cases are different because the tolling periods were "brief[]." Opp'n at 4. That misses the point: if this Court can toll claims for ***former*** class members, it can also clarify tolling for ***actual*** members of this Rule 23(b)(2) certified class. In Google's own words, "all of Plaintiffs' causes of action will still proceed on a classwide basis," and Plaintiffs "will therefore have the opportunity to test each of their liability theories at summary judgment and, if viable, at trial." Case No. 22-80147 (9th Cir.), Dkt. 3 at 4, 8. Once Google concedes that the authority exists for brief periods, then the question becomes what is reasonable to achieve the bounds of equity, not a limitation born of Article III.

Google cites only two cases discussing advisory opinions, and those cases illustrate why that concern does not apply. Opp'n at 2-3. Unlike here, the plaintiffs in those cases asked the court to toll statutes of limitations before even filing an actual case. In *Jones v. Dallas Neurosurgical & Spine Associates*, 2013 WL 599766, at *1 (D. Ariz. Feb. 14, 2013), the complaint did not "identify causes of action"; the plaintiffs sought "a declaratory judgment tolling the statute of limitations" on claims "which have not been identified." *Id.*

*Martinez v. Warden*, 2021 WL 4078987, at *1 (C.D. Cal. Sept. 8, 2021) supports Plaintiffs' position. The petitioner in *Martinez* wrote a "letter requesting an extension of time for filing his federal habeas petition." *Id.* The court ruled that it "lacks the jurisdiction to consider the motion before the petition is filed." *Id.* But the court clarified that "if and when Petitioner files a habeas petition in this Court, this Court can consider whether . . . equitable tolling is warranted." *Id.* at *2 n.4. *Martinez* instructs that because Plaintiffs already filed their case, this

Court can clarify tolling for members of the certified class, who are before the Court for all claims.

Finally, Google barely addresses Plaintiffs' alternative argument that this Court can clarify tolling under its case-management authority, including Rule 42(b). Opp'n at 4; Mot. at 6. Google dismisses Wright & Miller as somehow "inapposite" without explaining why. Clarification here is in "the interest of efficient judicial administration." Wright & Miller, 9A Fed. Prac. & Proc. § 2388 (3d ed.). This Court can exercise its "sweeping" case-management authority to clarify that all statutes of limitations remain tolled for all forms of relief, which is equivalent to declaring that class members' claims first proceed to trial on their request for injunctive relief, and that any individual damages claims follow thereafter. *Id.* § 2389; *cf. Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 2023 WL 1458892, at *8 (3d Cir. Feb. 2, 2023) ("A judge may formalize this process through the use of case management orders. This practice is regularly employed in MDLs—a judge may enter an order with respect to one party and then provide that it will be automatically extended to other parties if they do not come forward and show cause why it should not be applicable."). By contrast, refusing clarification invites "needless" individual lawsuits, which is "precisely the situation that . . . the tolling rule of *American Pipe* w[as] designed to avoid." *Crown, Cork*, 462 U.S. at 351.

**C. Clarification Will Not Prejudice Google.**

Clarification is in the best interest of all parties, as well as in this Court's best interest. Mot. at 1, 7. There is no reason to encourage any of the "tens of millions" of class members to file new lawsuits when the same claims are already moving toward resolution. Oct. 11 Hearing Tr. 14:11-20. Google's assertion that individual cases are "not realistic" only reinforces the lack of prejudice. If so, no individuals will file cases regardless of clarification. Opp'n at 5.

But given the sheer size of this certified class, the prospect of individual cases should not be discounted. If just 0.1% of class members filed, there would be tens of thousands of lawsuits. Mot. at 3. Plaintiffs are not contradicting what they said in their class certification motion. Opp'n at 5. Plaintiffs stand by their argument that "a class action is superior because it is more efficient

for the strained courts and most individuals lack the resources to prosecute." Dkt. 609 at 23. That argument is not inconsistent with some class members pursuing individual lawsuits for damages, particularly with large statutory penalties in play. Mot. at 2-3. Furthermore, if clarification is denied, Class Counsel in accordance with their fiduciary duties may be compelled to ask the Court to direct that notice be provided. *See* Fed. R. Civ. P. 23(c)(2)(A). Individuals may very well come forward.

Google's feigned concern about how "memories fade [] and evidence grows stale" (Opp'n at 6) should be disregarded because Google's misconduct is ongoing, and Google remains subject to a preservation order. Memories cannot fade when the conduct is continuing, and the party is preserving evidence of that conduct. It is odd to hear this claim in a case challenging Google's collection and storage of information, and nothing Google offers supports the odd claim that the law favors just forgetting about past harms. *Sartor v. County of Riverside*, 2022 WL 18278597, at *4 (C.D. Cal. Nov. 30, 2022) is inapposite. That case involved a motion to stay a lawsuit about "an officer-involved shooting." *Id.* The court denied the stay because the case turned on "the testimony of [a] small number of eyewitnesses" whose "memories will surely fade somewhat." *Id.* Here, by contrast, Google continues collecting, storing, and monetizing private browsing data, making the evidence anything but "stale." The documents, information, and data Google must preserve for the upcoming trial on behalf of the certified class will be relevant to any individuals from the class who file suit. There is no prejudice to Google.

## III. CONCLUSION

Plaintiffs respectfully request that this Court enter an order clarifying that, based on the class certification order, any statutes of limitations remain tolled for all claims and for all relief sought for the duration of this case, including any appeals.

Dated: February 8, 2023

By: */s/ Mark Mao*
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com

Samuel Issacharoff (*pro hac vice*)
si13@nyu.edu
40 Washington Square South
New York, N.Y. 10012
Tel: 212-998-6580

David Boies (*pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (CA Bar No. 342125)
enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Alison Anderson (CA Bar No. 275334)
aanderson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S Figueroa Street
31st Floor
Los Angeles, CA 90017
Telephone: (213) 995-5720

Amanda Bonn (CA Bar No. 270891)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com

Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
mram@forthepeople.com
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*