# DECLARATION OF CARL SPILLY ISO GOOGLE LLC'S REPLY ISO ITS RESPONSE TO THE COURT'S 10/27/22 ORDER TO SHOW CAUSE (DKT. 784)

**Redacted Version of Document Sought to be Sealed**

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Viola Trebicka (CA Bar No. 314605)
stephenTrebicka@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, *et.al*, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF CARL SPILLY IN SUPPORT OF GOOGLE LLC'S REPLY IN SUPPORT OF ITS RESPONSE TO THE COURT'S OCTOBER 27, 2022 ORDER TO SHOW CAUSE (DKT. 784)**<br><br>Referral: Hon. Susan van Keulen, USMJ<br><br>San Jose Courthouse, Courtroom 6 – 4th Floor<br>Date: March 2, 2023<br>Time: 10:00 a.m. |

I, Carl Spilly, declare as follows:

1. I am a member of the bar of the District of Columbia and an associate with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I submit this declaration in support of Google LLC's Reply In Support of Its Response to the Court's Order to Show Cause. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

### Plaintiffs' Review of Google Source Code

2. Pursuant to the Court's order that Google provide Plaintiffs with access to "all facts or data considered by any person proffering evidence in connection with Google's opening brief," Dkt. 784, Google made available for Plaintiffs' review certain Google source code that Google's declarants Vasily Panferov and Dr. Konstantinos Psounis considered in the course of preparing their declarations. Dkt. 797-3 at 10.

3. Pursuant to the terms of the protective order in this matter (Dkt. 81, § 9), source code "shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers" at a mutually agreeable place and time.

4. On December 6, 2022, Plaintiffs' counsel requested logistical details concerning the source code review. On December 7, 2022, Google informed Plaintiffs that the source code was available for review on a secure computer at Quinn Emanuel's Washington, D.C. office. A true and correct copy of the email chain containing this correspondence is attached hereto as Exhibit 1.

5. On December 12, 2022, Plaintiffs agreed to conduct the source code review at the appointed location and requested a review date between December 21 and December 23, 2022. On December 16, 2022, Google confirmed that Plaintiffs could examine the source code on December 22, 2022. Exhibit 1 at 11, 13.

6. On December 19, 2022, Google provided Plaintiffs with the descriptions and approximate volumes of the source code files for their then-upcoming review: (i) the entirety of the source code file Mr. Panferov and Dr. Psounis considered ▇▇▇▇▇), totaling ▇ lines of code; (ii) "a corresponding file called ▇▇▇▇▇," totaling ▇ lines of code, and (iii) "certain source code from ▇ source code files" that declarant Eric Maki referred to in order to confirm or

1 | refresh his recollection, totaling ▬ lines of code. Exhibit 1 at 4.

2 |     7.     On December 22, 2022, Plaintiffs' expert Jay Bhatia and Plaintiffs' counsel Ian
3 | Crosby, a partner with the law firm Susman Godfrey, visited Quinn Emanuel's Washington D.C.
4 | office to inspect the source code that Google had made available.

5 |     8.     At approximately 9 a.m. on December 22, 2022, I met Mr. Bhatia shortly after he
6 | arrived at Quinn Emanuel's Washington D.C. office. I accompanied him to the source code review
7 | room and logged Mr. Bhatia into the source code review computer for Mr. Bhatia to review the files
8 | made available for inspection by Google.

9 |     9.     After bringing Mr. Bhatia to the source code review room, I provided him with my
10 | cell phone number and email address and asked him to text, call, or email me if he encountered any
11 | issues. I also showed Mr. Bhatia where my office is located, which is approximately 100 yards from
12 | the source code review room, and I informed Mr. Bhatia that he could also walk down to my office
13 | to request my assistance if he could not reach me via text message, call, or email.

14 |     10.     At approximately 10 a.m., I accompanied Mr. Crosby to the same source code review
15 | room. Shortly thereafter, Mr. Bhatia sent me a text message asking for the login information for the
16 | source code computer because the machine had automatically logged out after it was not in use.
17 | After receiving his text, I promptly walked down to the source code review room and provided Mr.
18 | Bhatia with the login information he requested.

19 |     11.     Before I left the office on December 22, 2022 at approximately 12:30 p.m., I went to
20 | the source code review room to check in on Messrs. Bhatia and Crosby. I informed them that my
21 | colleagues Tracy Gao and Shelley Washington would be taking over from me for the remainder of
22 | the day and instructed them to ask Mdmes. Gao or Washington if they ran into any issues.

23 |     12.     Other than the request for login credentials referenced above, neither Mr. Bhatia nor
24 | Mr. Crosby contacted Ms. Gao, Ms. Washington, or me to report any issues with the source code
25 | review on December 22, 2022. Had they done so, we would have immediately undertaken our best
26 | efforts to resolve any issue promptly. We did not receive any indication of purported source code
27 | deficiencies until Plaintiffs' counsel contacted Google on January 5, 2023 (*i.e.*, two weeks after
28 | Messrs. Bhatia and Crosby conducted their source code inspection).

*Correspondence Following Plaintiffs' Source Code Review*

13. On January 5, 2023, two weeks after Messrs. Bhatia and Crosby conducted their source code inspection, Plaintiffs' counsel contacted Google via email and stated that "Google's source code production that plaintiffs reviewed on December 22 has numerous deficiencies." A true and correct copy of the chain including this email is attached hereto as Exhibit 2. Plaintiffs provided a list of several purported deficiencies. Exhibit 2 at 5–7. The list of purported deficiencies included:

- the absence of source code that implements certain functions Dr. Psounis referenced in his November 30, 2022 declaration;
- the absence of "source code that facilitates the passing of data to the ▮▮▮ log from" the ▮ logs that contribute records to that log;
- that "Google did not disclose all fields and provide field descriptions" for the ▮ logs that contribute records to ▮▮▮;
- that "[t]he production fails to include the ▮ files and associated ▮ files that are incorporated via the ▮ statements in" ▮▮▮ and ▮▮▮;
- that the production did not appear to include the "▮ lines of code that Eric Maki referred to," which Google had previewed for Plaintiffs on December 19, 2022, but that it did include ▮ other files that do not add up to ▮ lines of code. As described above, Mr. Bhatia did not raise this question with me during his source code review. If he had, I or one of my colleagues would likely have been able to correct the issue on the day of the review.

14. On January 10, 2022, Google responded to Plaintiffs' correspondence, disputed Plaintiffs' claims that Google's source code production was deficient, and offered a further source code production to address Plaintiffs' concerns. Exhibit 2 at 5–7. Specifically, Google's response stated that, *inter alia*:

- "Dr. Psounis did not rely on or consider" the source code that Plaintiffs referenced in connection with Dr. Psounis's declaration but that "[n]onetheless, Google is willing to make this code available for Plaintiffs' inspection."

1  - Google's declarants did not consider "source code that facilitates the passing of data
2    to the ▮▮▮▮▮ log."
3  - Google is not obligated to "disclose all fields and provide field descriptions for any
4    of the logs at issue" but had offered to do so "in a process moderated by the Special
5    Master." The following section of this declaration describes that offer.
6  - "Reviewing each included file is not necessary to understand the code, and Google's
7    declarants did not consider them or need to consider them to understand the code. . . .
8    As a compromise, however, Google is willing to make available for further
9    inspection one level of included files from the ▮▮▮▮ file (and ▮ files
10   corresponding to included ▮ files) as well as the proto containing the
11   maybe_chrome_incognito bit, which is incorporated into one such file. This
12   comprises slightly under ▮▮▮ lines of code."
13 - Quinn Emanuel's IT team loaded incorrect excerpts from the files Eric Maki
14   reviewed, resulting in the unexpected line counts, and Google "will make [corrected
15   excerpts] available for Plaintiffs' review at the same time as the files referenced [in
16   the previous bullet]."

17   15.  Plaintiffs did not respond to Google's correspondence for twenty days.

18   16.  On January 20, 2023, Plaintiffs filed their response to Google's Response to the
19 Court's Order to Show Cause.

20   17.  Ten days after filing their response, on January 30, 2023, Plaintiffs requested to
21 conduct the additional source code review Google offered on January 10, 2023 during the week of
22 February 20–24, 2023 (*i.e.*, ten to fourteen days after Google's reply brief is due and six to ten days
23 before the scheduled hearing on the pending Order to Show Cause). Exhibit 2 at 4.

24   18.  On February 1, 2023, Google reaffirmed its offer of an additional source code
25 inspection, with the condition that Plaintiffs agree to provide a declaration setting forth any
26 additional expert opinion based on that review prior to the hearing, so that Google has the
27 opportunity to prepare a response. Exhibit 2 at 3.

28

19. On February 9, 2023, the parties agreed to a schedule for exchanging evidence or argument arising from Plaintiffs' additional source code review prior to the March 2, 2023 hearing. Exhibit 2 at 1.

***Correspondence Concerning Special Master Involvement***

20. In addition to requesting logistical details for source code review, Plaintiffs' December 6, 2022 email asked for Google's position on the following topics:

- "To the extent there is information that Google did <u>not</u> consider but that Plaintiffs nonetheless think would be relevant in terms of obtaining a ruling on the merits, what is Google's position on a process by which Plaintiffs would seek and obtain access to such information? For example, if Google did not consider data schema for each log but Plaintiffs wish to review those, would Google be willing to provide all data schemas for these additional logs? As another example: would Google be willing to provide information regarding the retention periods for the logs and the earliest-available data from those logs (whether considered or not)?"

- "Plaintiffs have determined based on Google's Response that [the Special Master's] involvement would be beneficial. Will Google stipulate to his involvement?"

Exhibit 1 at 13–14.

21. On December 7, 2022, Google agreed to stipulate to the Special Master's involvement "for evaluating the evidence at issue and brokering discussions concerning what, if any, additional productions are necessary." Google also acknowledged Plaintiffs' request for a process to obtain additional information. Exhibit 1 at 11.

22. On December 12, 2022, Plaintiffs requested that Google provide Plaintiffs with a draft stipulation and proposed order regarding appointment of the Special Master. On December 16, 2022, Google provided a draft stipulation to re-engage the Special Master for the "purpose of overseeing any additional productions from Google in connection with the pending Order to Show Cause," along with Google's position on a process for Plaintiffs to seek access to information beyond the materials Google considered in connection with its Response to the Order to Show Cause. Exhibit 1 at 4–10.

23. Specifically, Google "propose[d] that the Special Master oversee a process under which Plaintiffs identify for Google (i) the additional categories of information they believe are

relevant to obtaining a ruling on the Order to Show Cause and (ii) their basis for that belief. Google can then respond by either providing the requested information or offering a modified production tailored to the needs of the case. To the extent the parties cannot agree, the Special Master can resolve those disagreements as he has in prior discovery disputes." Exhibit 1 at 6.

24.  In response to Plaintiffs' specific requests, Google agreed that under the Special Master's supervision, it would be "willing to produce log data from the ▇▇▇ logs at issue in the Order to Show Cause for two each of GAIA, Biscotti, and Zwieback IDs provided by Plaintiffs for a limited (*e.g.*, 5-day) period" following a mandatory notice period to Google's customers. Google also agreed to produce the retention periods for each of the June Logs. Google provided the requested retention period information three days later. Exhibit 1 at 6.

25.  Plaintiffs never responded to Google's proposed stipulation to re-engage the Special Master.

**Supplemental Declaration of Eugene Lee**

26.  On December 19, 2023, Google provided Plaintiffs and the Court with a supplemental declaration from Eugene Lee, who provided a declaration in support of Google's Response to the Order to Show Cause. That declaration is attached hereto as Exhibit 3.

**Documents and Disclosures**

27.  A search in Google's production for ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, returns 7,253 unique documents. Attached hereto as Exhibit 4 is a true and correct copy of one such document (GOOG-CABR-0005827), which was produced in this action on September 1, 2021. Attached hereto as Exhibit 5 is a true and correct copy of another such document (GOOG-CABR-04131930), which was produced in this action on October 5, 2021.

28.  A search in Google's production for "test log" or "test logs" returns 620 unique documents. Attached hereto as Exhibit 6 is a true and correct copy of one such document (GOOG-BRWN-00029182), which was produced in this action on April 16, 2021.

29.  Attached hereto as Exhibit 7 is a true and correct copy of GOOG-CABR-04118195, which was produced in this action on October 5, 2021.

30. Attached hereto as exhibit 8 is a true and correct copy of GOOG-BRWN-00428101, which was produced in this action on July 31, 2021.

31. Attached hereto as Exhibit 9 is a true and correct copy of Google's Amended Responses and Objections to Plaintiffs' Interrogatory Numbers 1 and 3, dated October 6, 2021.

32. Attached hereto as Exhibit 10 is a true and correct copy of Set Six of Plaintiffs' Requests for Production, dated August 27, 2021.

33. Attached hereto as Exhibit 11 is a true and correct copy of Exhibit 13 to the June 16, 2021 deposition of Glenn Berntson pursuant to Federal Rule of Civil Procedure 30(b)(6).

34. Attached hereto as Exhibit 12 is a true and correct copy of excerpts of the March 18, 2022 deposition of Glenn Berntson pursuant to Federal Rule of Civil Procedure 30(b)(6).

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on the 10th day of February, 2023 at Washington, D.C.

By  */s/ Carl Spilly*
Carly Spilly