# EXHIBIT 1

# Redacted Version of Document Sought to be Sealed

# Joseph Margolies

| | |
|---|---|
| **From:** | Carl Spilly |
| **Sent:** | Thursday, December 22, 2022 9:14 AM |
| **To:** | Ian B. Crosby |
| **Cc:** | Joseph Margolies; Shelley Washington |
| **Subject:** | RE: *EXT* Brown v Google LLC, No. 4:20-cv-03664-YGR-SVK; Google's Response to Order to Show Cause (Dkt. 798) |
| | |
| **Categories:** | Sent to Me |

Ian:

My colleague Shelley Washington (cc'ed) will actually let you in/will be your minder for today. If you ask for her when you get to reception, she can take you to the source code room.

Thanks,

**Carl Spilly**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8277 Office
317-775-7527 Cell
carlspilly@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Carl Spilly
**Sent:** Wednesday, December 21, 2022 10:46 PM
**To:** 'Ian B. Crosby' <icrosby@SusmanGodfrey.com>
**Cc:** Joseph Margolies <josephmargolies@quinnemanuel.com>
**Subject:** RE: *EXT* Brown v Google LLC, No. 4:20-cv-03664-YGR-SVK; Google's Response to Order to Show Cause (Dkt. 798)

Ian:

Can you have Mr. Bhatia call my cell (317-775-7527) when you arrive? I will let you guys into the building and direct you to the source code review machine tomorrow.

Thanks,

**Carl Spilly**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

1

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8277 Office
317-775-7527 Cell
carlspilly@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Ian B. Crosby <icrosby@SusmanGodfrey.com>
**Sent:** Wednesday, December 21, 2022 3:30 PM
**To:** Ryan McGee x3030 <000000513feb774f-dmarc-request@LISTS.SUSMANGODFREY.COM>; Joseph Margolies <josephmargolies@quinnemanuel.com>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** Google Team <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** Re: *EXT* Brown v Google LLC, No. 4:20-cv-03664-YGR-SVK; Google's Response to Order to Show Cause (Dkt. 798)

**[EXTERNAL EMAIL from icrosby@susmangodfrey.com]**

To be clear, Bhatia will be there at nine and I will along at ten.

—Ian Crosby • Susman Godfrey LLP

**From:** owner-googleteam@lists.susmangodfrey.com <owner-googleteam@lists.susmangodfrey.com> on behalf of Ryan McGee x3030 <000000513feb774f-dmarc-request@LISTS.SUSMANGODFREY.COM>
**Sent:** Wednesday, December 21, 2022 12:27:15 PM
**To:** Joseph Margolies <josephmargolies@quinnemanuel.com>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** Google Team <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** RE: *EXT* Brown v Google LLC, No. 4:20-cv-03664-YGR-SVK; Google's Response to Order to Show Cause (Dkt. 798)

EXTERNAL Email
Hi Joe,

Ian Crosby from Susman Godfrey will join Jay Bhatia.

They'll start at 9am but I can't provide an estimated time of departure. If there is a hard stop that must be observed because of security or staffing, please let us know, but that may mean that a second day for inspection is needed.

Thanks,
Ryan

**Ryan McGee**
Attorney
My Bio

**P:** (813) 223-0931

F: (813) 222-4702
A: 201 N Franklin St, 7th Floor, Tampa, FL 33602



*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

---

**From:** Joseph Margolies <josephmargolies@quinnemanuel.com>
**Sent:** Wednesday, December 21, 2022 3:24 PM
**To:** Ryan McGee x3030 <rmcgee@forthepeople.com>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** Google Team <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** RE: *EXT* Brown v Google LLC, No. 4:20-cv-03664-YGR-SVK; Google's Response to Order to Show Cause (Dkt. 798)

**CAUTION:** Use caution when clicking on links or opening attachments in this external email.

---

Ryan,

We will need to provide the names of any visitors to our DC Office tomorrow to building security. Can you please confirm whether any individuals other than Jay Bhatia will be present in connection with Plaintiffs' source code inspection?

For the benefit of our attorneys and staff, please also provide us with an estimated time of arrival and departure, though we understand that you may not be able to predict the length of the review with complete precision. We can accommodate start times at and after 9 a.m. EST.

Best,

Joe

**Joseph Margolies**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

191 N. Wacker Drive Suite 2700
Chicago, IL 60606
312-705-7444 Direct
312.705.7400 Main Office Number
312.705.7401 FAX
josephmargolies@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Joseph Margolies
**Sent:** Monday, December 19, 2022 11:50 PM
**To:** Ryan McGee x3030 <rmcgee@forthepeople.com>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** Google Team <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** RE: *EXT* Brown v Google LLC, No. 4:20-cv-03664-YGR-SVK; Google's Response to Order to Show Cause (Dkt. 798)

Counsel:

As described in my previous email, please find attached the Supplemental Declaration of Eugene Lee in connection with Google's response to the Court's October 27, 2022 Order to Show Cause.

By separate email, we will send you a link to a production containing (i) the documentation attached as Exhibit A to the Supplemental Declaration of Eugene Lee, and (ii) the retention periods of the logs at issue.

You also requested additional information on the volume of source code for your consultant's review this week.  The source code computer will be loaded with the following:

1. Vasily Panferov and Dr. Psounis considered and relied on certain code from the ▮▮▮▮ source code file.  We are making the entirety of that file available for Plaintiffs' inspection, along with a corresponding file called ▮▮▮▮. ▮▮▮▮ is ▮ lines, and ▮▮▮▮ is ▮ lines.
2. Eric Maki did not rely on any source code, but in preparing his declaration referred to certain source code from two source code files to confirm or refresh his recollection.  We have made that code, which totals ▮ lines, available for Plaintiffs' inspection as well.

Best,

Joe

**Joseph Margolies**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

191 N. Wacker Drive Suite 2700
Chicago, IL 60606
312-705-7444 Direct
312.705.7400 Main Office Number
312.705.7401 FAX
josephmargolies@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Joseph Margolies
**Sent:** Friday, December 16, 2022 10:32 PM
**To:** 'Ryan McGee x3030' <rmcgee@forthepeople.com>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** 'Google Team' <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** RE: *EXT* Brown v Google LLC, No. 4:20-cv-03664-YGR-SVK; Google's Response to Order to Show Cause (Dkt. 798)

Ryan,

Please find attached a draft stipulation to re-engage the Special Master.

Have a great weekend.  Best,

Joe

**Joseph Margolies**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

191 N. Wacker Drive Suite 2700
Chicago, IL 60606
312-705-7444 Direct
312.705.7400 Main Office Number
312.705.7401 FAX
josephmargolies@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Joseph Margolies
**Sent:** Friday, December 16, 2022 6:41 PM
**To:** Ryan McGee x3030 <rmcgee@forthepeople.com>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** Google Team <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** RE: *EXT* Brown v Google LLC, No. 4:20-cv-03664-YGR-SVK; Google's Response to Order to Show Cause (Dkt. 798)

Ryan,

I write to provide further information in response to the first two issues you raised in your December 6, 2022 email concerning Google's response to the Court's Order to Show Cause, as well as additional points you raised in your December 12, 2022 email:

1. **Google's Compliance.** Google has complied by producing materials including:

    a. **Documents.** Where Google or its declarants considered documents describing Google's programs or logs, Google produced those documents as exhibits to Google's declarations. For example, Lee Declaration Exhibit A confirms that one of the logs at issue "has exactly the same events as" logs previously disclosed to Plaintiffs. In further discussions with Google's declarant Eugene Lee, we learned that to confirm the names of input logs for the ▮▮▮▮ logs and ▮▮▮▮ logs at issue, Mr. Lee considered documentation not attached to his declaration. We will provide you and the Court with a supplemental declaration attaching that documentation as soon as possible.

    b. **Code.** Declarants Vasily Panferov and Dr. Konstantinos Psounis explained the function of certain Google source code that prohibits joining of authenticated and unauthenticated data. That source code was reproduced in part in their declarations and Google has agreed to make it available for Plaintiffs to review pursuant to the Protective Order.

Your December 6, 2022 email suggests that the absence of log data or "schema" is a "gap," but that is not the case. Much of the information Google has provided about the June Logs is basic information about the core function of those logs, which Google's declarants know and understand in the ordinary course of business. Google's employees did not have to consider specific log data to make those representations, and indeed log data is not the most effective way of proving many of the core facts here—for example, that data in certain logs records the results of experiments rather than user interactions, that certain logs are created by duplicating data from other logs, or that fields in those logs are not used to identify and track Incognito browsing. Producing log data might have provided *cumulative* evidence substantiating Google's representations, but such additional productions were not required because they are not "facts or data considered by any person proffering evidence in connection with Google's opening brief."

Your December 12, 2022 email incorrectly suggests that Google "provided" materials to its declarants to shield other materials "considered by Google" from production. Plaintiffs have it backwards. As a business entity, "Google" does not have an understanding of the logs at issue separate from that of its employees. Therefore, to respond to the Court's order to show cause, counsel consulted with knowledgeable employees (the declarants), who provided the

evidence that Google produced in connection with its opening brief, including the facts or data they considered.

In the interest of transparency, however, Google is willing to produce reasonable *additional* information to corroborate the knowledge Google's declarants have in the ordinary course, as described below.

2. **Additional Information Requested by Plaintiffs.** Plaintiffs asked for Google's position on a process by which Plaintiffs could seek and obtain access to information beyond what Google considered, specifically "data schema" and information regarding the retention periods for the logs at issue. Your December 12, 2022 email suggests that Plaintiffs may seek additional materials as well.

   Google proposes that the Special Master oversee a process under which Plaintiffs identify for Google (i) the additional categories of information they believe are relevant to obtaining a ruling on the Order to Show Cause and (ii) their basis for that belief. Google can then respond by either providing the requested information or offering a modified production tailored to the needs of the case. To the extent the parties cannot agree, the Special Master can resolve those disagreements as he has in prior discovery disputes.

   For specific categories of data you have already raised, Google's position is as follows:

   a. **Data Schema.** Google did not consider, or need to consider, "data schema" for each log. Indeed, "data schema" do not exist in the ordinary course of business, and Google would have had to create them to produce them.

      In response to Plaintiffs' request, Google is willing to produce log data from the ▮▮ logs at issue in the Order to Show Cause for two each of GAIA, Biscotti, and Zwieback IDs provided by Plaintiffs for a limited (*e.g.*, 5-day) period. Further, because producing this data will require mandatory notice to Google's customers, Google reserves the right to limit the production to data that requires notice to a reasonable number of customers. Production will take at least one month to complete from the time Plaintiffs provide IDs to sample. Given the technical nature of this production, Google proposes that the Special Master oversee it.

   b. **Retention Periods.** Google is willing to provide the retention periods for the June Logs as Plaintiffs requested, and will provide that information to you in a stamped document production.

3. **Source Code:** As I confirmed yesterday, Plaintiffs' consultant Jay Bhatia, and any other approved consultant, may access the source code on December 22. We do not anticipate any issues with the review tools you requested, and are looking into your additional request for specifications concerning the source code.

   Your claim that Google must grant Plaintiffs access to "any and all source code . . . *relating to* what Google provided to its declarants" is both (i) far broader than the Court's order to provide materials considered by any person proffering evidence and (ii) as noted above, based on a misunderstanding of Google's declarants' personal knowledge. Google did not "selectively" feed source code to its declarants. Rather, Google's declarant Vasily Panferov identified the relevant source code from personal knowledge, and reproduced it in his declaration. Google then elected to make the *entire source code file* available to Plaintiffs, even though only a few lines in that file are actually material to the issues here. The Court clearly did not envision that Google provide Plaintiffs access to "*its entire source code base*," which of course far exceeds the source code anyone considered in proffering evidence for Google's opening brief. Inspection of Google's entire source code base would never be considered a reasonable or proportional discovery request to address the claims at issue in the litigation, let alone the limited issues presented by the Order to Show Cause. Google will make the source code referenced in the Panferov and Psounis declarations—and much more—available for Plaintiffs' inspection. And as I explained in my December 7 email, Google is willing to discuss the reasonableness of making additional source code available to Plaintiffs to the extent you believe it is necessary.

4. **Special Master Brush:** As I indicated in my last email, Google will circulate a proposed joint stipulation to reengage the Special Master for the limited purpose of overseeing any additional productions from Google in connection with the pending Order to Show Cause, including all of the above.

Separately, your suggestion that "Google now seeks to use Google source code to show what Google is doing with Incognito data" is misleading. Google produced source code to refute Plaintiffs' allegation that one of the logs at issue joins authenticated and unauthenticated data, not to show "what Google is doing with Incognito data."

Google disagrees that it should bear all fees and costs of this process, which *Plaintiffs* requested in order to obtain, among other things, "information that Google did<u>not</u> consider but that Plaintiffs nonetheless think would be relevant."

Best,

Joe

**Joseph Margolies**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

191 N. Wacker Drive Suite 2700
Chicago, IL 60606
312-705-7444 Direct
312.705.7400 Main Office Number
312.705.7401 FAX
josephmargolies@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Ryan McGee x3030 <rmcgee@forthepeople.com>
**Sent:** Friday, December 16, 2022 3:16 PM
**To:** Joseph Margolies <josephmargolies@quinnemanuel.com>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** Google Team <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** RE: *EXT* Brown v Google LLC, No. 4:20-cv-03664-YGR-SVK; Google's Response to Order to Show Cause (Dkt. 798)

**[EXTERNAL EMAIL from rmcgee@forthepeople.com]**

Joe,

Attached is an abridged version of the source code review tools that Mr. Bhatia requests. These tools are either open sourced or licensed (licensing information is included). Plaintiffs believe these requests are reasonable and not controversial. Please promptly advise if Google will not accommodate any of these requests.

Is Google able to provide any details of the source code that will be provided? For example, the volume of code that will be provided? We want to make sure the time for review is sufficient and proportional to the amount being reviewed, and address any other potential issues ahead of time to ensure resources are focused on review December 22.

In the meantime, we will await Google's more detailed response later today.

Thanks,
Ryan

**Ryan McGee**
Attorney
My Bio

**P:** (813) 223-0931
**F:** (813) 222-4702
**A:** 201 N Franklin St, 7th Floor, Tampa, FL 33602

*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

**From:** Joseph Margolies <josephmargolies@quinnemanuel.com>
**Sent:** Friday, December 16, 2022 12:44 AM
**To:** Ryan McGee x3030 <rmcgee@forthepeople.com>; Ryan McGee x3030 <000000513feb774f-dmarc-request@LISTS.SUSMANGODFREY.COM>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** Google Team <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** RE: *EXT* Brown v Google LLC, No. 4:20-cv-03664-YGR-SVK; Google's Response to Order to Show Cause (Dkt. 798)

**CAUTION:** Use caution when clicking on links or opening attachments in this external email.

Ryan,

The Court's orders this week delayed our more detailed response, but we will provide it to you tomorrow. We will also circulate a draft stipulation to re-engage Special Master Brush. In the meantime, I confirm that Plaintiffs' consultant Jay Bhatia, and any other approved consultants, may access the source code on December 22.

Best,

Joe

**Joseph Margolies**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

191 N. Wacker Drive Suite 2700
Chicago, IL 60606
312-705-7444 Direct
312.705.7400 Main Office Number
312.705.7401 FAX
josephmargolies@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Ryan McGee x3030 <rmcgee@forthepeople.com>
**Sent:** Thursday, December 15, 2022 8:23 PM
**To:** Ryan McGee x3030 <000000513feb774f-dmarc-request@LISTS.SUSMANGODFREY.COM>; Joseph Margolies <josephmargolies@quinnemanuel.com>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** Google Team <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** Re: *EXT* Brown v Google LLC, No. 4:20-cv-03664-YGR-SVK; Google's Response to Order to Show Cause (Dkt. 798)

**[EXTERNAL EMAIL from rmcgee@forthepeople.com]**

Counsel,

When can we expect Google's "more detailed response" to the issues raised and addressed in these emails? The Special Master Brush draft stipulation? Confirmation of viewing source code next week?

Regards,
Ryan


**Ryan McGee**
Attorney
My Bio

**P:** (813) 223-0931
**F:** (813) 222-4702
**A:** 201 N Franklin St, 7th Floor, Tampa, FL 33602



*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

**From:** owner-googleteam@lists.susmangodfrey.com <owner-googleteam@lists.susmangodfrey.com> on behalf of Ryan McGee x3030 <000000513feb774f-dmarc-request@LISTS.SUSMANGODFREY.COM>
**Date:** Monday, December 12, 2022 at 7:14 PM
**To:** Joseph Margolies <josephmargolies@quinnemanuel.com>, Ryan McGee x3030 <000000513feb774f-dmarc-request@LISTS.SUSMANGODFREY.COM>, QE Brown <qebrown@quinnemanuel.com>
**Cc:** Google Team <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** RE: *EXT* Brown v Google LLC, No. 4:20-cv-03664-YGR-SVK; Google's Response to Order to Show Cause (Dkt. 798)

**CAUTION:** Use caution when clicking on links or opening attachments in this external email.

Joe,

Thank you for your email. While we await your more detailed responses, we'd like to express a few additional concerns.

1. **Additional Information Requested by Plaintiffs:** While we disagree that Google has complied with the Court's order and direction, we will await your "more detailed response." Plaintiffs hope that Google's more detailed response includes the information we requested, including by identifying all data sources, logs, fields, tables, proto structures, and algorithms andcode related to what was considered by Google for its submissions, even if Google ultimately did not provide all of what was considered to its declarants. If there is a disagreement on this, please explain what was considered by Google but not included in what was provided to the declarants, and immediately inform us so that we may also bring this to the attention of the Court and seek further guidance.

2. **Source Code:** Your response regarding source code suggests to us that the parties may have very different understandings of what the Court ordered. Plaintiffs are not seeking access only to what Google selectively "relied on in the course of responding to the Order to Show Cause." Instead, if Google nowseeks to use Google source code to show whatGoogle is doing with Incognitodata(after previously denying Plaintiffsaccess to any source code), then it should not be with these narrow restrictions in terms of what Google "relied on" for its response. Plaintiffs should be permitted to review all Googlesource code(and algorithms) relevant to this dispute. And as the Court instructed, Plaintiffs areentitled to any source code that Googleconsidered for its response to the Order to Show Cause; here, Google clearly considered its entire source code base, not just a single file. Plaintiffs should in turn be granted the same access, toany and all source code, algorithms, logic, tables, and keys that relating to what Google provided to its declarants. While we sort out this dispute (including any involvement of Special Master Brush, or other proceedings to determine whether additional source code is relevant under the Court's direction), Plaintiffs are available for the more restrictive source code access you've described (and at this point are willing to permit) in Washington, D.C., December 21, 22, and 23. Plaintiffs' consultant Jay Bhatia, who has been previously disclosed and approved under the Protective Order (including for source code review; see attached email from April 19, 2021) (stating that Google and its counsel "do not object to Messrs. Thompson and Bhatia and Dr. Schmidt reviewing source code, if it is produced in this case"), will be present and review the source code that Google has identified. Plaintiffs believe this should occur as soon as practicable, regardless of any remaining disputes. We may include others to assist Mr. Bhatia, and all such experts and consultants will be disclosed to you in advance (if they have not already been disclosed) as we have in the course of this case. Please advise which day works.

3. **Preservation:**Plaintiffs requested information regarding retention periods, and we assume that will be provided in your more detailed response.For all data sources, logs, fields, tables, proto structures, and code that is related to what was considered by Google for its submissions, please provide information on what Google has preserved since the onset of the litigation, and what has not been preserved. In addition, we would like to understand the age and recency of what was considered by Google's declarants and experts, and how that compares what the state of things might have been during the class period.

4. **Special Master Brush:** Since Google now agrees that Special Master Brush's should have further involvement, please provide us with a draft stipulation and proposed order regarding his appointment. Plaintiffs propose that Google bear all fees and costs that Special Master Brush will incur. *See* Oct 27 Hrg. Tr. 20:18–21 ("I would be inclined to have the Special Master costs allocated to Google, given that, that – it's this late production that has given rise to this; but I won't – again, I'm not making that decision here today.").

Regards,
Ryan


**Ryan McGee**
Attorney
My Bio

**P:** (813) 223-0931
**F:** (813) 222-4702
**A:** 201 N Franklin St, 7th Floor, Tampa, FL 33602



*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

---

**From:** Joseph Margolies <josephmargolies@quinnemanuel.com>
**Sent:** Wednesday, December 7, 2022 9:57 PM
**To:** Ryan McGee x3030 <rmcgee@forthepeople.com>; Ryan McGee x3030 <000000513feb774f-dmarc-request@LISTS.SUSMANGODFREY.COM>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** Google Team <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** RE: *EXT* Brown v Google LLC, No. 4:20-cv-03664-YGR-SVK; Google's Response to Order to Show Cause (Dkt. 798)

**CAUTION:** Use caution when clicking on links or opening attachments in this external email.

---

Ryan,

Thank you for raising these issues. Please see the below responses.

**Additional Information Requested by Plaintiffs:** We have complied with the Court's order and direction. To the extent the first two issues you raise contemplate Google's producing additional materials beyond those Google has already provided, we are discussing your proposal and expect to provide you with a more detailed response early next week.

**Source Code:** We have downloaded the source code to a local secure computer located at our Washington, D.C. office. Consistent with the Protective Order's (Dkt. 81, § 9) provisions for examining confidential and highly sensitive source code, Plaintiffs' counsel and/or experts authorized to view "HIGHLY CONFIDENTIAL – SOURCE CODE" information may examine the source code at a mutually agreeable time. Since no source code has previously been produced in this litigation, Google has not authorized Plaintiffs' experts to access materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE." When Plaintiffs have determined which experts they would like to inspect the source code at issue here, please provide us with the information specified in section 7.4(a)(2) of the Protective Order, or direct us to prior correspondence including the same. Google can then approve those experts to view the source code, or object as necessary, pursuant to the Protective Order.

The source code Google referenced in the declarations accompanying its response to the Order to Show Cause is excerpted from a larger source code file called ███████████, the entirety of which Google will make available for Plaintiffs' review. ████████████████████████████████████████ and is the only file Google's declarants relied on in the course of responding to the Order to Show Cause. To the extent Plaintiffs believe that other "files and functions referenced in the produced source code," are necessary for their review, we can discuss the reasonableness of making additional source code available for inspection, potentially with the assistance of the Special Master.

**Special Master Brush:** Given Plaintiffs' interest in pursuing additional data, even to the extent not considered by Google in its response, we agree that working with the Special Master could be productive for evaluating the evidence at issue and brokering discussions concerning what, if any, additional productions are necessary. Google is therefore willing to stipulate to the limited involvement of Special Master Brush. We expect to have a more defined position on his role in our more detailed response to your first two issues.

Sincerely,

Joe

**Joseph Margolies**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

191 N. Wacker Drive Suite 2700
Chicago, IL 60606
312-705-7444 Direct
312.705.7400 Main Office Number
312.705.7401 FAX
josephmargolies@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Joseph Margolies
**Sent:** Wednesday, December 7, 2022 2:23 PM
**To:** Ryan McGee x3030 <rmcgee@forthepeople.com>; Ryan McGee x3030 <000000513feb774f-dmarc-request@LISTS.SUSMANGODFREY.COM>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** Google Team <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** RE: *EXT* Brown v Google LLC, No. 4:20-cv-03664-YGR-SVK; Google's Response to Order to Show Cause (Dkt. 798)

Ryan,

I confirm receipt.  We'll provide a response today.

Best,

Joe

**Joseph Margolies**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

191 N. Wacker Drive Suite 2700
Chicago, IL 60606
312-705-7444 Direct
312.705.7400 Main Office Number
312.705.7401 FAX
josephmargolies@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Ryan McGee x3030 <rmcgee@forthepeople.com>
**Sent:** Wednesday, December 7, 2022 2:00 PM
**To:** Ryan McGee x3030 <000000513feb774f-dmarc-request@LISTS.SUSMANGODFREY.COM>; QE Brown <qebrown@quinnemanuel.com>
**Cc:** Google Team <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** Re: *EXT* Brown v Google LLC, No. 4:20-cv-03664-YGR-SVK; Google's Response to Order to Show Cause (Dkt. 798)

[EXTERNAL EMAIL from rmcgee@forthepeople.com]

Counsel,

Can you please acknowledge receipt of this email and inform when we can expect a response?

Thank you,
Ryan


**Ryan McGee**
Attorney
My Bio

**P:** (813) 223-0931
**F:** (813) 222-4702
**A:** 201 N Franklin St, 7th Floor, Tampa, FL 33602

*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

**From:** owner-googleteam@lists.susmangodfrey.com <owner-googleteam@lists.susmangodfrey.com> on behalf of Ryan McGee x3030 <000000513feb774f-dmarc-request@LISTS.SUSMANGODFREY.COM>
**Date:** Tuesday, December 6, 2022 at 10:14 PM
**To:** QE Brown <qebrown@quinnemanuel.com>
**Cc:** Google Team <GOOGLETEAM@lists.susmangodfrey.com>
**Subject:** *EXT* Brown v Google LLC, No. 4:20-cv-03664-YGR-SVK; Google's Response to Order to Show Cause (Dkt. 798)

**CAUTION:** Use caution when clicking on links or opening attachments in this external email.

Counsel,

We have reviewed Google's response to the Court's Order to Show Cause (Dkt. 798, the "Response"), and we wanted to promptly raise four issues with you:

1. We want to understand exactly what Google considered for purposes of the Response, and the extent to which Google has provided (as required) "all facts or data considered by any person proffering evidence in connection with Google's opening brief." Dkt. 784. The Court stated that such facts/data "would be disclosed to plaintiffs as under Rule 26(a)" such that "anything considered by the person proffering the evidence would be made available to plaintiffs." Oct 27 Hrg. Tr. 6:17–20. Google submitted multiple declarations with its Response but without (as far as we can tell) providing us with the facts/data considered by the declarants (and Google). The Court stated that Google needed to make that available with its Response, by November 30th. *Id.* 7:2–4 ("Google would have about 30 days to do that, by November 30th, a brief and supporting evidence with this – with full disclosure akin to Rule 26"). The problem is that Google did not specify in its Response exactly what was considered, and there seems to be some clear gaps. For example, Google makes representations about what exists in these additional logs but Google did not provide any of the data or even data schema. The same is true for protos (*e.g.*,  is referenced by name, but we have not received any protos). These examples are non-exhaustive. Can Google please explain what was considered for the Response, and Google's position on whether that information needed to be provided to Plaintiffs by November 30?

13

2. To the extent there is information that Google did<u>not</u> consider but that Plaintiffs nonetheless think would be relevant in terms of obtaining a ruling on the merits, what is Google's position on a process by which Plaintiffs would seek and obtain access to such information?  For example, if Google did not consider data schema for each log but Plaintiffs wish to review those, would Google be willing to provide all data schemas for these additional logs? As another example: would Google be willing to provide information regarding the retention periods for the logs and the earliest-available data from those logs (whether considered or not)?

3. Google offered to provide Plaintiffs access to certain source code. Can you please explain what that process would look like? Would this be in person? Are there any logistical limitations? Would Plaintiffs have access to only the portion of source code referenced? For completeness, would Google also produce all the files and functions referenced in the produced source code file(s) also be made available for Plaintiffs' review?

4. Although Google has taken the position that it does not believe Special Master Brush should have further involvement, Plaintiffs have determined based on Google's Response that his involvement would be beneficial. Will Google stipulate to his involvement?

Regards,
Ryan


**Ryan McGee**
Attorney
<u>My Bio</u>

**P:** (813) 223-0931
**F:** (813) 222-4702
**A:** 201 N Franklin St, 7th Floor, Tampa, FL 33602



*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

---

This e-mail contains communication that may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

To unsubscribe from the GOOGLETEAM list, click here

---

This e-mail contains communication that may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

To unsubscribe from the GOOGLETEAM list, click here

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

This e-mail contains communication that may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

To unsubscribe from the GOOGLETEAM list, click here