# EXHIBIT 2

# Redacted Version of Document Sought to be Sealed

# Joseph Margolies

| | |
|---|---|
| **From:** | Joseph Margolies |
| **Sent:** | Thursday, February 9, 2023 7:56 PM |
| **To:** | Alex Frawley |
| **Cc:** | QE Brown; Google Team |
| **Subject:** | Re: Brown v. Google - Source Code |
| | |
| **Categories:** | Brown |

Thanks, Alex. That works for Google.

Please let us know in advance of the review who will attend, so that we can provide their names to security.

Best,

Joe

**Joseph Margolies**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

191 N. Wacker Drive Suite 2700
Chicago, IL 60606
312-705-7444 Direct
312.705.7400 Main Office Number
312.705.7401 FAX
josephmargolies@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Wednesday, February 8, 2023 8:36 PM
**To:** Joseph Margolies <josephmargolies@quinnemanuel.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>; Google Team <googleteam@lists.susmangodfrey.com>
**Subject:** RE: Brown v. Google - Source Code

**[EXTERNAL EMAIL from afrawley@susmangodfrey.com]**

Joe,

Thank you for your email. We can confirm that Plaintiffs will begin the additional source code review on February 20. We do not yet know if we will offer any additional expert opinions or arguments based on that source code review. But we can commit to serving any additional expert opinion or argument on Google by February 24, assuming Google can in turn provide Plaintiffs with any responsive material by February 28.

Does that work for Google?

1

Best,

Alex

**Alexander P. Frawley | Susman Godfrey LLP**
1301 Avenue of the Americas, 32nd Floor | New York, NY 10019
212.729.2044 (office) | 917.599.6613 (cell)
afrawley@susmangodfrey.com | www.susmangodfrey.com

---

**From:** Joseph Margolies <josephmargolies@quinnemanuel.com>
**Sent:** Tuesday, February 7, 2023 5:43 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>; Google Team <googleteam@lists.susmangodfrey.com>
**Subject:** RE: Brown v. Google - Source Code

EXTERNAL Email

Alex,

We can make the relevant code available for review during the week of February 20, but, as I explained below, we need to know whether Plaintiffs anticipate offering additional expert opinion or argument concerning the source code as part of the Order to Show Cause proceedings. If you do, Google needs to understand those opinions reasonably in advance of the March 2 hearing. As my January 10 email made clear, Google's expert has not reviewed the roughly ▬▬▬ lines of code we are offering to make available, and would need adequate time to review any code on which Plaintiffs' experts opine in order to respond at the hearing. Google cannot make additional code available to Plaintiffs without assurances that we would have the opportunity to prepare such a response, if necessary.

If Google makes the source code available on February 20, will Plaintiffs commit to providing Google with a declaration setting forth any further arguments or expert opinions based on that review (or a representation that Plaintiffs will not make any) no later than February 25? It's not Google's intention to press you for time, which is why we offered to make the code available earlier. Nonetheless, we'd be happy to accommodate your experts' schedules if you can accommodate ours.

Best,

Joe

**Joseph Margolies**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

191 N. Wacker Drive Suite 2700
Chicago, IL 60606
312-705-7444 Direct
312.705.7400 Main Office Number
312.705.7401 FAX
josephmargolies@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Friday, February 3, 2023 8:30 AM
**To:** Joseph Margolies <josephmargolies@quinnemanuel.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>; Google Team <googleteam@lists.susmangodfrey.com>
**Subject:** RE: Brown v. Google - Source Code

2

**[EXTERNAL EMAIL from afrawley@susmangodfrey.com]**

Joe,

Thank you for your response. Subject to our objection that Google's offer is insufficient, and without waiving any rights, our expert will review the additional code you are offering to make available.

Based on his availability, it will need to happen during the week of February 20-24. We aren't sure why Google is concerned about that timing. This is Google's code after all.

Please let us know.

Best,
Alex

**From:** Joseph Margolies <josephmargolies@quinnemanuel.com>
**Sent:** Wednesday, February 1, 2023 10:16 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>; Google Team <googleteam@lists.susmangodfrey.com>
**Subject:** RE: Brown v. Google - Source Code

EXTERNAL Email

Alex,

We are happy to facilitate the additional source code review I described in my January 10 email at QE's D.C. office. Do Plaintiffs' experts intend to offer additional opinions on the source code in connection with the pending Order to Show Cause proceedings? If so, Google will need sufficient time to review and respond to those opinions prior to the hearing on March 2. If Plaintiffs anticipate offering additional opinions, the parties should agree to dates by which (i) Plaintiffs will serve Google with any additional expert declarations, and (ii) Google will respond as necessary. To accommodate such an exchange, Google is willing to make the source code available to Plaintiffs' consultants earlier than February 20.

It is not appropriate to offer additional source code, beyond Google's January 10 offer, at this time. As Plaintiffs know, Google's source code is extremely sensitive, and Judge van Keulen long ago determined that source code review was not necessary or proportional to the needs of this case. Google produced certain source code in connection with our response to the Court's Order to Show Cause because it was obligated to produce the facts or data considered by individuals who proffered evidence in support of that response. But Google has no obligation to produce additional source code, and none is necessary to understand the opinions and evidence that Google substantiated with source code productions. Nonetheless, as a show of good faith and in the interest of transparency, on January 10 Google offered to make available a substantial supplemental source code production—well beyond its Court-ordered obligation. Google is not willing to produce an even greater body of its highly sensitive source code.

Nor does it make sense at this stage to engage in further logs discovery. After Google filed its response to the Court's Order to Show Cause, Plaintiffs requested Google's position on involving the Special Master and a process to exchange additional information concerning the June Logs. Google agreed, proposed a process for requesting and furnishing additional information, and drafted a proposed stipulation to involve the Special Master—all long before Plaintiffs' response was due. Plaintiffs never responded to Google's proposal. Instead, Plaintiffs successfully sought to expand the scope of the Order to Show Cause briefing to address additional issues and sanctions requests. Plaintiffs then filed their response to the Order to Show Cause—over a month after Google offered to engage in additional information exchange and ten days after Google offered to produce additional source code—without requesting any further information, or even responding to Google's offers. Plaintiffs had nearly two months to respond to Google's Response (including Eugene

Lee's Nov. 30 declaration); if Plaintiffs believed the additional logs discovery you now request was necessary to this process, they could have requested it at any point before filing their submission. At this point, Google is preparing its reply to Plaintiffs' response, and the parties will make their cases as to the June Logs at the March 2 hearing. If, at that time, the Court determines that additional discovery into the June Logs is warranted, Google will work with Plaintiffs to fulfill its obligations.

Best,

Joe

**Joseph Margolies**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

191 N. Wacker Drive Suite 2700
Chicago, IL 60606
312-705-7444 Direct
312.705.7400 Main Office Number
312.705.7401 FAX
josephmargolies@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Monday, January 30, 2023 10:42 PM
**To:** QE Brown <qebrown@quinnemanuel.com>; Joseph Margolies <josephmargolies@quinnemanuel.com>
**Cc:** Google Team <googleteam@lists.susmangodfrey.com>
**Subject:** RE: Brown v. Google - Source Code

**[EXTERNAL EMAIL from afrawley@susmangodfrey.com]**

Counsel,

We are available to conduct additional source code review any time during the week of February 20-24 at the Washington, D.C QE office. We ask that you make all of the code available that we requested in my January 5 email—not just the code you offered to make available in your January 10 response.

In addition, we request that Google make available source code that processes the various logs to create the ▇▇▇▇ log, which was identified in the November 30 Declaration of Eugene Lee. Mr. Lee indicated that the events within the ▇▇▇▇ log are joined with the ▇▇▇▇ log. Lee Decl. ¶ 11.

Please also produce all fields and full schema details for the ▇▇▇▇ log, focusing on: (1) what type of events are stored within the log, including whether the events come from upstream logs, (2) how authenticated and unauthenticated data are passed and stored in this log, (3) how data is joined between the ▇▇▇▇ log and the ▇▇▇▇ log; and (4) any purposes for which the ▇▇▇▇ log is used aside from joining data with the ▇▇▇▇ log, including downstream. To the extent the source code review requires data and schema review before the actual source code inspection, we will of course work with you to do the data and schema review reasonably in advance.

Please also make available sample data from the ▇▇▇▇ log, as well as concurrent data from the six upstream logs and the ▇▇▇▇ log. Please also make available schema for all of the "June Logs."

4

Finally, please let us know whether there are any other logs that store both "authenticated" and "unauthenticated" data in the display ads and/or analytics space.

Best,
Alex

**From:** Joseph Margolies <josephmargolies@quinnemanuel.com>
**Sent:** Tuesday, January 10, 2023 9:34 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>
**Cc:** QE Brown <qebrown@quinnemanuel.com>; Google Team <googleteam@lists.susmangodfrey.com>
**Subject:** RE: Brown v. Google - Source Code

EXTERNAL Email

Alex,

Our responses are below in red.

Best,

Joe

**Joseph Margolies**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

191 N. Wacker Drive Suite 2700
Chicago, IL 60606
312-705-7444 Direct
312.705.7400 Main Office Number
312.705.7401 FAX
josephmargolies@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Thursday, January 5, 2023 8:14 AM
**To:** QE Brown <qebrown@quinnemanuel.com>
**Cc:** Google Team <googleteam@lists.susmangodfrey.com>
**Subject:** Brown v. Google - Source Code

**[EXTERNAL EMAIL from afrawley@susmangodfrey.com]**

Counsel,

Google's source code production that Plaintiffs reviewed on December 22 has numerous deficiencies. These include:

1. Source code that implements the [REDACTED] function
    - Dr. Psounis describes and relies on the above function in his November 30 declaration (at ¶ 15).

Dr. Psounis did not rely on or consider "[s]ource code that implements the [REDACTED] function," and Google is not under any obligation to produce such code. Nonetheless, Google is willing to make this code available for Plaintiffs' inspection as described in response to your Point 7 below.

2. Source code that implements the ▮▮▮▮ function
   - Dr. Psounis describes and relies on the above function in his November 30 declaration (at ¶ 16).

Dr. Psounis did not rely on or consider "[s]ource code that implements the ▮▮▮▮ function," and Google is not under any obligation to produce such code. Google also produced the reliance materials describing this function as Exhibit B to Dr. Psounis's declaration. Although Google is not obligated to produce the code you describe, Google is willing to make it available for Plaintiffs' inspection as described in response to your Point 7 below.

3. Source code that facilitates the passing of data to the ▮▮▮▮ log from the following ▮ logs

The source code you describe was not considered by any person proffering evidence on behalf of Google. Google has provided more than sufficient source code to confirm that, *inter alia*, ▮▮▮▮ does not join authenticated and unauthenticated data.

4. Google did not disclose all fields and provide field descriptions for the above ▮ logs, as well as for the resulting ▮▮▮▮ log.

Google is under no obligation to disclose all fields and provide field descriptions for any of the logs at issue—and Google has already provided substantial information about the above ▮ logs pursuant to the Special Master process in March. Nonetheless, as I explained in my December 16, 2022 email, Google is willing to provide additional sampled data from each of these logs in a process moderated by the Special Master.

5. Joe Margolies's December 20 email noted that Google was making available ▮ lines of code that Erc Maki referred to in the course of preparing his declaration. No such file matching this description appears to have been included in the production.

My December 20, 2022 email explained that we would make available the ▮▮▮▮ and ▮▮▮▮ files as well as code that Eric Maki referenced to confirm or refresh his recollection. Eric Maki referred to portions of the two other files that we provided in excerpted form: ▮▮▮▮ and ▮▮▮▮ Plaintiffs did not raise this question with Google during Mr. Bhatia's source code inspection, but the line counts in your email below indicated to us that our IT team loaded incorrect excerpts from those two files onto the source code computer. We have corrected those excerpts and will make them available for Plaintiffs' review at the same time as the files referenced in Point 7 below.

6. The provided declarations do not explain the relevance of the ▮▮▮▮ (▮ lines) and the ▮▮▮▮ ▮ lines) files that you produced.

See response to point 5 above.

7. The production fails to include the ▮ files and associated ▮ files that are incorporated via the ▮▮▮▮ statements in ▮▮▮▮ (at lines ▮▮ ) and ▮▮▮▮ (at lines ▮▮ ).

No person proffering evidence in connection with Google's opening brief considered the files you reference. Google uses ▮▮▮▮ files in its code base to minimize written code and limit the number of files that require editing. Reviewing each

6

included file is not necessary to understand the code, and Google's declarants did not consider them or need to consider them to understand the code. For example, Dr. Psounis did not review or rely on the contents of the included files in the ▮▮▮▮▮ file, and therefore Google is not obligated to make those files available for inspection.

As a compromise, however, Google is willing to make available for further inspection one level of included files from the ▮▮▮▮▮ file (and ▮ files corresponding to included ▮ files) as well as the proto containing the maybe_chrome_incognito bit, which is incorporated into one such file. This comprises slightly under ▮▮▮ lines of code. This level of ▮▮▮ files incorporates the source code you describe in Points 1 and 2 above.

As a result of these deficiencies, Google's code production fails to validate the assertions made in its declarations or comply with the Court's order to provide all facts or data considered by any person proffering evidence in connection with Google's opening brief.

We disagree with Plaintiffs' self-serving claim that the production fails to validate the assertions made in Google's declarations. In any event, Google has complied with the Court's order because Google has provided the source code considered by any person proffering evidence in connection with its opening brief (and substantially more code than that). Plaintiffs' speculative theories about, *inter alia*, the alleged joining of authenticated and unauthenticated data have always been baseless and incorrect, and Plaintiffs' complaints about purported source code production deficiencies do not change that fact.

Best,
Alex


**Alexander P. Frawley | Susman Godfrey LLP**
1301 Avenue of the Americas, 32nd Floor | New York, NY 10019
212.729.2044 (office) | 917.599.6613 (cell)
afrawley@susmangodfrey.com | www.susmangodfrey.com