# EXHIBIT 10

# Redacted Version of Document Sought to be Sealed

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Michael F. Ram, CA Bar No. 104805
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
mram@forthepeople.com
rmcgee@forthepeople.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all other similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No.  5:20-cv-03664-LHK<br><br>**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GOOGLE LLC, SET SIX** |

Propounding Party:    Plaintiffs Chasom Brown, William Byatt, Jeremy Davis, Christopher Castillo, and Monique Trujillo.

Responding Party:    Defendant Google LLC

Set No.:    Six

     Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Chasom Brown, William Byatt, Jeremy Davis, Christopher Castillo, and Monique Trujillo ("Plaintiffs") hereby submit the following requests for production to Defendant Google LLC ("Google").  Each request is to be read in accordance with the Definitions and Instructions that follow.  Responses are due within thirty (30) days of service.

## DEFINITIONS

1.    The term "ALL" includes the word "ANY," and vice versa.

2.    The term "CLASS PERIOD" means the time period from June 1, 2016 through the present and ongoing.

3.    The terms "COMMUNICATION" or "COMMUNICATIONS" are to be construed in the broadest possible sense, and include, but are not limited to, any transmission of information in any form and of any kind, including electronic, oral, or written transmission, whether such was by chance, prearranged, formal or informal, including conversations in person, notes of conversations, letters, electronic mail, telephone conversations, facsimile transmissions, correspondence or memoranda, formal statements, press releases or newspaper articles.

4.    The term "DOCUMENT" and "DOCUMENTS" shall be synonymous in meaning and equal to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure INCLUDING, without limitation, original and any non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced, including all correspondence, letters, telegrams, telexes, messages, memoranda, instructions, emails, handwritten or recorded notes, and all records, schedules, reports, surveys, calculations, transcripts, notes, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, charts, COMMUNICATIONS, database, data compilation, diary, draft, drawing, electronically stored information, emails, fax, floppy disk,

graph, hard drive, image, index, instant message, letter, log, magnetic tape, memorandum, note, optical disk, photograph, report, sound recording, spreadsheet, storage device, text message, version, voicemail or writing. This term shall apply to any DOCUMENT, whether in hard copy or electronic form, on any computers or other system.

5.      The term "GOOGLE" means GOOGLE LLC and any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees, employees, attorneys and any other persons acting on GOOGLE LLC'S behalf, including contractors.

6.      The term "IDENTIFY" or "IDENTITY" means to state or a statement of:

  a.      in the case of an entity, its full legal name, corporate form, present or last known address, and relevant divisions;

  b.      in the case of a natural person, his or her full name, present or last known address, and present or last known place of employment and employment title. If the person is not a party or present employee of a party, said telephone numbers shall be provided;

  c.      in the case of a communication, its date, type (e.g., telephone conversation, in-person discussion, email), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

  d.      in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, and the date of preparation;

  e.      in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement; and

  f.      in the case of time periods, the date(s).

7. The term "INCLUDE" or "INCLUDING" means "include, but not limited to" or "including, but not limited to."

8. The term "PERSON" or "PERSONS" includes without limitation any natural person, firm, association, organization, partnership, business, trust, corporation, or public entity. Any reference to a PERSON that is a business entity and is not otherwise defined INCLUDES that PERSON's predecessors, if any (INCLUDING any pre-existing PERSON that at any time became part of that entity after merger or acquisition), successors, parents, divisions, subsidiaries, affiliates, franchisors and franchisees, and any other PERSON acting for or on behalf of them.

9. The term "PLAINTIFFS" mean Chasom Brown, William Byatt, Jeremy Davis, Christopher Castillo, Monique Trujillo, and any other named plaintiffs who might be added to this action.

10. The terms "CONCERNING," "RELATE," or "RELATING TO" INCLUDE addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

11. The term "YOU" or "YOUR" means or refers to Defendant GOOGLE LLC, and any of his or their attorneys, agents, representatives, predecessors, successors, assigns, and any PERSONs acting or purporting to act on his or their behalf.

## GENERAL INSTRUCTIONS

1. **Time Period.** Unless otherwise stated in the request, the time period for these requests is June 1, 2014 through the present unless stated otherwise.

2. **Responses**: Respond to each request for production by producing the requested DOCUMENTS in their entirety, notwithstanding the fact that portions thereof may contain information not requested, along with every family document (such as any appendices, attachments, cover letters, exhibits, and schedules), that is in YOUR possession, custody, or control. If there are no DOCUMENTS in YOUR possession, custody, or control that are responsive to a particular request for production, provide a written response stating so.

3.     **Construction**:  For purposes of reading, interpreting, or construing the scope of the DEFINITIONS, INSTRUCTIONS, and REQUESTS, all of the terms shall be given their most expansive and inclusive interpretation. This INCLUDES the following:

(a)     The singular form of a word shall be interpreted as plural, and vice versa.

(b)     "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.

(c)     "All," "each" and "any" shall be construed as "all, each, and any."

(d)     The masculine form of a word shall be interpreted as and shall include the feminine, and vice versa.

(e)     The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.

4.     **Objections:** Each Request shall be responded to fully, unless it is objected to in good faith. In that case, the reason(s) for the objection shall be stated in writing and with particularity. If an objection is to only a portion of the Request, state the objection as to that portion only and respond to any portion of the Request to which YOU do not object.

(a)     If YOU claim any ambiguity in interpreting the Request or any of the applicable Instructions or Definitions, such claim shall not be used as a basis for refusing to respond to the Request. In any such circumstance, YOU should set forth as part of YOUR response the language claimed to be ambiguous and the interpretation chosen or used by YOU in responding to the Request and YOU shall respond as fully as possible notwithstanding any claimed ambiguity or objection.

(b)     If YOU object to the Request on the ground that it is overly broad, YOU are instructed to produce DOCUMENTS in response as narrowed to conform

4

to YOU objection and to state in YOUR response: (1) how YOU narrowed the Request; and (2) all reason(s) why YOU claim the Request is overly broad.

(c)   The fact that a document has been or could be produced by any other PERSON does not relieve YOU of the obligation to produce such DOCUMENT, even if the DOCUMENT in YOUR possession, custody, or control is identical in all respects to the document produced or held by any other PERSON.

5.   **Production**: Produce each responsive DOCUMENT and all family documents in accordance with the terms of any agreement between the parties regarding the production of DOCUMENTS.

(a)   If any DOCUMENTS are withheld based on an objection to any Request, all DOCUMENTS covered by that Request but not subject to the objection should be produced.

(b)   DOCUMENTS not otherwise responsive to any of the Requests herein should be produced if such DOCUMENTS are attached to a DOCUMENT or thing called for by these Requests.

(c)   Unless otherwise specified, the DOCUMENTS requested include the responsive DOCUMENTS in YOUR actual or constructive possession, control or custody, as well as the responsive DOCUMENTS in the actual or constructive possession, control or custody of YOUR employees, agents, representatives, managers, or any other person acting or purporting to act on its behalf, and, unless privileged and such privilege has not been waived, its attorneys.

(d)   Unless otherwise specified, the DOCUMENTS requested include all responsive DOCUMENTS in YOUR possession, custody or control that exist in electronic format (whether on internal or external hard drives; on

desktop, laptop, notebook, tablet, or personal digital assistant computers; servers; CDs; DVDs; USB drives; or any other electronic medium).

(e)     DOCUMENTS shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each DOCUMENT's custodian(s)), or (b) organized and labeled to correspond to the specific Request enumerated in these Requests, with such specific Request identified.

(f)     In producing DOCUMENTS, YOU are requested to produce a legible copy of each DOCUMENT requested together with all non-identical copies and drafts of that DOCUMENT.   YOU shall retain all of the original DOCUMENTS for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

(g)     Any alteration of a responsive DOCUMENT, INCLUDING any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a DOCUMENT is a responsive DOCUMENT in its own right and must be produced.

(h)     DOCUMENTS should be produced in full, without abbreviation or expurgation, regardless of whether YOU consider the entire DOCUMENT to be relevant or responsive.

(i)     In instances where two or more exact duplicates of any DOCUMENT exist, the most legible copy shall be produced.

6.     **Privilege Log:**  To the extent YOU object to or claim a privilege with respect to any Request in whole or in part, provide the following information for each DOCUMENT and each portion of any DOCUMENT withheld: (a) its Bates Number; (b) its type (e.g., email,

memorandum, spreadsheet, text message); (c) any author(s) or sender(s); (d) any recipients; (e) any persons cc'd or bcc'd; (f) its date; (g) whether it was redacted or withheld; (h) the applicable privilege(s) or protection(s); and (i) a brief description of why the privilege(s) or protection(s) justify the redaction or withholding.  For all persons identified as author(s), sender(s), recipient(s), or copyees or blind copyees, identify for each person, her affiliation(s), title(s), and whether she is an attorney.

7.  **Lost Materials**:  If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody, or control, then provide a log that lists for each such DOCUMENT (a) its type (e.g., email, memorandum, spreadsheet, text message); (b) any author(s) or sender(s); (c) any recipients; (d) any persons cc'd; (e) its date; and (f) its subject matter.

8.  **Continuing Obligation**:  These Requests are to be considered continuing in nature, and YOU must promptly furnish supplemental responses if any additional DOCUMENTS or information is discovered or created after YOUR responses are tendered, or if any of YOUR responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 170:

Documents sufficient to identify each version of Google's Incognito screen for Chrome ("Incognito Screen") since Google's first Incognito Screen in 2008 and the time period during which each Incognito screen was in effect (e.g., shown by Google to users).

### REQUEST FOR PRODUCTION NO. 171:

Documents sufficient to identify every person who at any time turned on third-party cookie blocking from the Incognito screen and the time period during which they did so.

### REQUEST FOR PRODUCTION NO. 172:

Documents sufficient to identify all information collected by Google during the class period from all Chrome web browser communications associated with no GWS IDs being sent.

**REQUEST FOR PRODUCTION NO. 173:**

Documents sufficient to identify all information collected by Google during the class period from all Chrome web browser communications associated with no Finch experiments IDs being sent.

**REQUEST FOR PRODUCTION NO. 174:**

All documents concerning Google's identification of InPrivate browsing, including without limitation as described in GOOG-BRWN-00229314.

**REQUEST FOR PRODUCTION NO. 175:**

Documents sufficient to identify all information collected by Google during the class period from all Chrome web browser communications associated with users using the "omnibar" in Incognito mode.

**REQUEST FOR PRODUCTION NO. 176:**

All documents concerning the interaction between any Chrome setting and Incognito mode, including documents supporting or undermining any contention that any Chrome setting would somehow override Incognito mode.

**REQUEST FOR PRODUCTION NO. 177:**

All documents relating to what and how Google's internal dashboards may be used to access any class member data.

**REQUEST FOR PRODUCTION NO. 178:**

Documents sufficient to identify the differences between Incognito and normal browsing modes on Chrome, from when Incognito mode was first released on Chrome in 2008.

**REQUEST FOR PRODUCTION NO. 179:**

Documents sufficient to identify the differences between private and normal browsing modes on Chromium-based browsers during the class period.

**REQUEST FOR PRODUCTION NO. 180:**

Documents sufficient to identify all changes regarding the functionality of Incognito mode, from when Incognito mode was first released on Chrome in 2008.

**REQUEST FOR PRODUCTION NO. 181:**

All documents concerning Google's ability to delete or the possibility of deleting all private browsing information collected during the class period.

**REQUEST FOR PRODUCTION NO. 182:**

All documents concerning class members' ability to access or the possibility of accessing all of their private browsing information collected by Google during the class period.

**REQUEST FOR PRODUCTION NO. 183:**

All documents concerning Google's ability to seek or the possibility of seeking consent each time Google collects private browsing information, such as with a pop-up notice and consent request.

**REQUEST FOR PRODUCTION NO. 184:**

All documents concerning Google's ability to modify or the possibility of modifying its processes for storing data, including any proposals or initiatives to modify its storage control process, as described in GOOG-BRWN-00434804.

**REQUEST FOR PRODUCTION NO. 185:**

All documents concerning Google's ability to allow class members to stop Google from collecting, receiving, and/or logging their browsing activity data while they are browsing the internet, including while browsing in a private browsing mode such as Incognito.

**REQUEST FOR PRODUCTION NO. 186:**

All documents concerning Google's ability to modify or the possibility of modifying its processes to stop collecting private browsing information, including as part of any ordered relief.

**REQUEST FOR PRODUCTION NO. 187:**

Data from any database or other data source concerning Google's collecting, receiving, logging, storing, and use of private browsing information during the class period, including without limitation user feedback or comments regarding Google's collection.

**REQUEST FOR PRODUCTION NO. 188:**

Data from any database or other data source concerning Google's promise of user control in its Privacy Policy, including without limitation user feedback or comments regarding their ability to control Google's data collection by using private browsing mode.

**REQUEST FOR PRODUCTION NO. 189:**

All histograms involving Chrome Incognito mode.

**REQUEST FOR PRODUCTION NO. 190:**

All documents concerning histograms collected or created when people are in the Chrome Incognito mode.

**REQUEST FOR PRODUCTION NO. 191:**

All documents concerning the financial impact of blocking third-party cookies, including without limitation all documents concerning the ███████ per year calculation in GOOG-BRWN-00182073.

**REQUEST FOR PRODUCTION NO. 192:**

All documents concerning how project ███████ offset the blocking of third party cookies.

**REQUEST FOR PRODUCTION NO. 193:**

All financial calculations and related documents concerning how any changes to Incognito mode for Chrome may impact Google's revenue, including any changes from January 1, 2020 and continuing through the latest time for which any such calculations have been made.

**REQUEST FOR PRODUCTION NO. 194:**

All documents concerning any impact on Google from changing Google's processes around the collection, storage, and use of private browsing information, including any financial impact.

**REQUEST FOR PRODUCTION NO. 195:**

All documents concerning any consumer feedback or complaints regarding Google's disclosures or practices in connection with any private browsing mode, including Incognito mode.

**REQUEST FOR PRODUCTION NO. 196:**

All documents concerning any regulator feedback or complaints regarding Google's disclosures or practices in connection with any private browsing mode, including Incognito mode.

**REQUEST FOR PRODUCTION NO. 197:**

All documents concerning communications with consultants regarding Google's disclosures or practices in connection with any private browsing mode, including Incognito mode.

**REQUEST FOR PRODUCTION NO. 198:**

All documents concerning any public reports, press inquiries, or articles regarding Google's disclosures or practices in connection with any private browsing mode, including Incognito mode.

**REQUEST FOR PRODUCTION NO. 199:**

All communications and documents concerning communications with or among members of Google's communications department regarding Google's disclosures or practices in connection with any private browsing mode, including Incognito mode.

**REQUEST FOR PRODUCTION NO. 200:**

All documents (including source code and algorithms) concerning the following:

A. How Google helps websites and publishers identify users, including in private browsing;

B. How ad and user conversions are tracked in private browsing;

C. How the process ███████ (see GOOG-BRWN-00427012) tracks conversions for users in private browsing;

D. How project ███████ offsets the financial impact of ███████;

E. How project ███████ offsets the financial impact of blocking third party cookies;

F. Any changes to Chrome relating to Incognito mode, from January 1, 2020 through the end of fact discovery in this case;

G. Any changes to Google Analytics and Google Ad Manager relating to Chrome Incognito mode, from January 1, 2020 through the end of fact discovery in this case;

H.  Any changes to website and app publisher tag and script changes, relating to Chrome Incognito mode, from January 1, 2020 through the end of fact discovery in this case;

I.  Any changes to Google's Android operating system relating to Chrome Incognito mode, from January 1, 2020 through the end of fact discovery in this case;

J.  Any Google network-side changes relating to Chrome Incognito mode, from January 1, 2020 through the end of fact discovery in this case;

K.  Any Google server-side changes relating to Chrome Incognito mode, from January 1, 2020 through the end of fact discovery in this case;

L.  Any Google UMA changes involving Chrome Incognito mode, from January 1, 2020 through the end of fact discovery in this case;

M.  Any Google data storage changes relating to Chrome Incognito mode, from January 1, 2020 through the end of fact discovery in this case;

N.  Any Google data usage changes relating to Chrome Incognito mode, from January 1, 2020 through the end of fact discovery in this case;

O.  Any Google ad conversion tracking changes relating to Chrome Incognito mode, from January 1, 2020 through the end of fact discovery in this case;

P.  Any Google publisher-side conversion tracking changes relating to Chrome Incognito mode, from January 1, 2020 through the end of fact discovery in this case;

Q.  Any Google data preservation changes relating to Chrome Incognito mode, from January 1, 2020 through the end of fact discovery in this case;

R.  Any Google evidence preservation changes relating to Chrome Incognito mode, from January 1, 2020 through the end of fact discovery in this case;

S.  How Chrome Incognito mode is different from regular browsing mode on Chrome; and

T.  How private browsing mode is different from regular browsing mode on Chromium.

**REQUEST FOR PRODUCTION NO. 201:**

All presentations to or by Mr. Pichai referencing or concerning Incognito.

**REQUEST FOR PRODUCTION NO. 202:**

All versions of and communications in connection with the document Google produced as GOOG-BRWN-00048967.

**REQUEST FOR PRODUCTION NO. 203:**

With respect to Google's Privacy Council, all handouts, presentations, or minutes concerning any private browsing mode, including without limitation Incognito mode.

**REQUEST FOR PRODUCTION NO. 204:**

With respect to Google's Privacy Working Group, all handouts, presentations, or minutes concerning any private browsing mode, including without limitation Incognito mode.

**REQUEST FOR PRODUCTION NO. 205:**

Documents concerning why Google revised the Terms of Service on March 31, 2020 to state that the Privacy Policy is "not part of these terms."

**REQUEST FOR PRODUCTION NO. 206:**

All documents and communications exchanged between Google and Promontory Financial Group ("Promontory") related to Promontory's assessments of Google's Privacy Program, as discussed in GOOG-BRWN-00468598.

**REQUEST FOR PRODUCTION NO. 207:**

All documents concerning private browsing or Incognito mode from the following types and categories of documents, as referenced in GOOG-BRWN-00468598 but for the full period beginning June 1, 2014:

A. The feedback processes established by Google to provide internal users with the ability to voice privacy concerns, including any privacy concerns voiced by internal users through these processes (GOOG-BRWN-00468619);

B. The feedback processes established by Google to provide external users with the ability to voice privacy concerns, including any privacy concerns voiced by external users through these processes (GOOG-BRWN-00468619);

C. The Internal Audit results communicated to the Google Privacy Team, PWG stakeholders, and privacy leadership (GOOG-BRWN-00468620);

13

D.  Meeting notes regarding PWC oversight (GOOG-BRWN-00468626)

E.  Risk assessments conducted by the Google Privacy Team (GOOG-BRWN-00468626);

F.  Privacy code audits (GOOG-BRWN-00468629);

G.  Attestations (GOOG-BRWN-00468632); and

H.  Findings and recommendations communicated to privacy leadership (GOOG-BRWN-00468639).

**REQUEST FOR PRODUCTION NO. 208:**

Copies of every version of Google's Code of Conduct dating back to June 1, 2014.

**REQUEST FOR PRODUCTION NO. 209:**

All documents related to the Google Privacy Program from June 1, 2014 through the end of the class period, as referred to in GOOG-BRWN-00468598 (stating that the "Google Privacy Program is documented in written policies").

**REQUEST FOR PRODUCTION NO. 210:**

All copies of all privacy training materials provided to new employees, as referenced in GOOG-BRWN-00468598, including materials from Google's PrivacyEDU team, and the records tracking whether employees act in accordance with that training content, as referenced in GOOG-BRWN-00468598.

**REQUEST FOR PRODUCTION NO. 211:**

All copies of supplemental privacy training materials, as referenced in GOOG-BRWN-00468598.

**REQUEST FOR PRODUCTION NO. 212:**

For all custodians in this case, records (including from Google's PrivacyEDU) of the privacy training they received (including the materials they would have reviewed in relation to any trainings) and of completion of that training, as referred to in GOOG-BRWN-00468598.

**REQUEST FOR PRODUCTION NO. 213:**

For all custodians in this case, records of their signing the Google Code of Conduct, as referred to in GOOG-BRWN-00468598.

**REQUEST FOR PRODUCTION NO. 214:**

All privacy training materials for the Google Chrome team, as referred to in GOOG-BRWN-00468598.

**REQUEST FOR PRODUCTION NO. 215:**

With respect to any site containing Google's privacy policy and supplemental reference materials explaining its policy, as referred to in GOOG-BRWN-00468598, all such supplemental reference materials.

**REQUEST FOR PRODUCTION NO. 216:**

All documents concerning any Google process for approving requests to correlate, link, join, or associate what Google classifies as "authenticated" and "unauthenticated" (or "non-authenticated") data, including any metrics related to defining a "business case" that requires such a usage and when and why the Director of Privacy will grant approval in a case, as referenced in GOOG-BRWN-00029004.   .

**REQEUST FOR PRODUCTION NO. 217:**

All documents related to any instances in which a Google employee was disciplined or terminated for not complying with Google's internal polices, external commitments, Privacy and Legal review protocol, or requirement of Director of Privacy permission process related to fingerprinting or otherwise correlating, linking, joining, or associating what Google classifies as "authenticated" and "unauthenticated" (or "non-authenticated") information, including as described in GOOG-BRWN-00029326 and GOOG-BRWN-00029004.

**REQUEST FOR PRODUCTION NO. 218:**

Documents sufficient to understand Google's online and mobile advertising business, including:

    A.   How Google generates revenues and profits from its online and mobile advertising business;

    B.   How Google promotes its advertising services to potential advertisers;

    C.   How Google promotes its services to publishers; and

    D.   How Google's advertisements are priced.

PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
GOOGLE LLC, SET SIX - CASE NO.: 5:20-CV-03664-LHK

**REQUEST FOR PRODUCTION NO. 219:**

Documents concerning the drivers of demand for Google's online and mobile advertising business, including surveys of advertisers and/or publishers; market studies; market research reports; etc.

**REQUEST FOR PRODUCTION NO. 220:**

Planning documents (e.g., business plans, marketing plans, management presentations) for Google's online and mobile advertising business.

**REQUEST FOR PRODUCTION NO. 221:**

All documents and or analyses pertaining to the revenue or profit impact of ████████, including the analyses referenced in GOOG-BRWN-00428101 at 106-107, GOOG-BRWN-00050971 at 972, and GOOG-BRWN-00454636-641.

**REQUEST FOR PRODUCTION NO. 222:**

Any studies and analyses of and reports and presentations on the financial impact on or financial benefit to Google from Incognito mode.

**REQUEST FOR PRODUCTION NO. 223:**

Any studies and analyses of and reports and presentations on the financial impact or financial detriment to Google from altering Incognito mode or the Incognito splash screen.

**REQUEST FOR PRODUCTION NO. 224:**

Documents sufficient to determine the average age and distribution of cookies for both Incognito and non-Incognito sessions.

**REQUEST FOR PRODUCTION NO. 225:**

Documents sufficient to determine Google's revenue/cost/profit from online and mobile advertising, and the number of such advertisements, on at least the following bases:

A.    By country;

B.    By state;

C.    By month and year;

D.    In total and per advertisement;

E.    By bidding type;

16

F.   By desktop versus mobile advertisements;

G.   By browser versus mobile app advertisements;

H.   By advertisement type (e.g., banner, display, GIF, social, video);

I.   By website or application type (e.g., news, adult, social media, retail);

J.   By Incognito mode versus non-Incognito mode;

K.   By targeted advertisement versus contextual advertisement; and

L.   By compensation structure (e.g., impression, click, conversion).

**REQUEST FOR PRODUCTION NO. 226:**

Chrome Performance reports (e.g., GOOG-BRWN-00138937-944).

**REQUEST FOR PRODUCTION NO. 227:**

Documents pertaining to any Incognito specific advertising campaigns.

**REQUEST FOR PRODUCTION NO. 228:**

Documents and analyses concerning the correlation – or lack thereof – between Google's revenue/cost/profit per advertisement and the number and/or age of the user's cookies (e.g., GOOG-BRWN-0057226).

**REQUEST FOR PRODUCTION NO. 229:**

Any studies, analyses, reports, and presentations related to the Incognito splash screen, including but not limited to any studies, analyses, or presentations related to the recently changed Incognito screen reported at https://techdows.com/2021/08/chrome-incognito-page-on-android-revamped.html.

Dated:  August 27, 2021                **BOIES SCHILLER FLEXNER LLP**

By: _____
       Mark C. Mao

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899

17

mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander P. Frawley (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Michael F. Ram, CA Bar No. 104805
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
mram@forthepeople.com
rmcgee@forthepeople.com

*Attorneys for Plaintiffs*

18

## PROOF OF SERVICE

I, Vicky L. Ayala, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, CA.  I am over the age of 18 and not a party to the within action; my business address is 44 Montgomery St., 41st Floor, San Francisco, CA  94104.

On August 27, 2021, I served the following document(s) described as:

**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

**GOOGLE LLC, SET SIX**

☐ **BY FACSIMILE TRANSMISSION**: As follows: The papers have been transmitted to a facsimile machine by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document which he or she has filed in the cause and served on the party making the service. The copy of the notice or other paper served by facsimile transmission shall bear a notation of the date and place of transmission and the facsimile telephone number to which transmitted or be accompanied by an unsigned copy of the affidavit or certificate of transmission which shall contain the facsimile telephone number to which the notice of other paper was transmitted to the addressee(s).

☐ **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at San Francisco, CA in the ordinary course of business.

☒ **BY ELECTRONIC MAIL TRANSMISSION**:  By electronic mail transmission from vayala@bsfllp.com on August 27, 2021, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address(es) listed below their address(es).  The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

Case No. 5:20-cv-03664-LHK

| Andrew H. Schapiro (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel:  312-705-7400<br>Fax: 312-705-7401<br>andrewschapiro@quinnemanuel.com | *Attorney for Defendant* |
| Stephen A. Broome<br>Viola Trebicka<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel:  213-443-3000<br>Fax:  213-443-3100<br>stephenbroome@quinnemanuel.com<br>violatrebicka@quinnemanuel.com | *Attorneys for Defendant* |
| Diane M. Doolittle<br>Thao Thai<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Tel:  650-801-5000<br>Fax:  650-8015100<br>dianedoolittle@quinnemanuel.com<br>thaothai@quinnemanuel.com | *Attorneys for Defendant* |
| William Burck (*pro hac vice*)<br>Josef Ansorge (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>1300 I Street NW, Suite 900<br>Washington, D.C., 20005<br>Tel:  202-538-8000<br>Fax: 202-538-8100<br>williamburck@quinnemanuel.com<br>josefansorge@quinnemanuel.com | *Attorneys for Defendant* |
| Jonathan Tse<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel:  415-875-6600<br>Fax:  415-875-6700<br>jonathantse@quinnemanuel.com | *Attorney for Defendant* |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 27, 2021, at San Francisco, CA.

Case No. 5:20-cv-03664-LHK

1
          _____

                    Vicky L. Ayala

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:20-cv-03664-LHK