**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, *et al.,* individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM FOR MARCH 2, 2023 HEARING**<br><br>Referral:  Hon. Susan van Keulen, USMJ<br>Hearing Date:  March 2, 2023<br>Hearing Time:  10:00 A.M. |

## I.    INTRODUCTION

Material designated Confidential or Highly Confidential-Attorneys' Eyes Only under the Protective Order (Dkt. 81), including information already filed under redaction, will be discussed at the March 2, 2023 hearing (the "Hearing").  Plaintiffs have proposed the parties and the Court create a list of codenames to mask the substance of the Hearing, but, given the subject matter of the Hearing and the volume of confidential material that will necessarily be discussed, this suggestion is unworkable and would likely lead to confusion.  For the reasons discussed below, Google requests the Hearing be sealed.

Following the October 27, 2022 Status Conference, the Court's Order to Show Cause ("OSC") asks Google to explain why previously undisclosed logs ("June Logs") do not "contain relevant data that should have been identified and produced during discovery" and why Google should not be sanctioned for not discovering and disclosing them earlier. October 27, 2022 Order for Google to Show Cause re Additional Discovery Sanctions, Dkt. 784. Google submitted its Response to the Court's OSC (Dkt. 798) on November 30, 2022, which Google filed under seal (Dkt. 797). Plaintiffs submitted their Response to the Court's OSC on January 20, 2023 (Dkt. 834) and Google filed its Reply on February 10, 2023 (Dkt. 858). All of these filings contain information sought to be redacted from the public docket pursuant to the Protective Order in this case. *See* Dkts. 797, 843, 857. Moreover, this Court has previously granted Google's motion to seal the courtroom on substantively the same or similar issues in this case and the related *Calhoun* case. *See Calhoun* Dkt. 826 (Order sealing the August 11, 2022 Hearing on Plaintiffs' Motion for an Order of Sanctions for Google's Discovery Misconduct); *see also* Dkt. 821 (Order Granting Google's Administrative Motion to Seal the Courtroom for January 10, 2023 Hearing), Dkt. 860 (Order Granting Google's Administrative Motion to Seal the Courtroom for February 14, 2023 Hearing).

In order to address the Court's question and Plaintiffs' accusations, Google will need to speak freely regarding the substance of the filings, including the information that has been redacted from the public docket. These discussions will contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly, including Google's internal projects, data structures and fields at

issue, such as particular logs, locations, identifiers, source code, and their proprietary functionalities. This information is at the heart of the Hearing.

Therefore, Google now moves the Court to seal the courtroom for the March 2, 2023 hearing. In light of the highly confidential material to be discussed at the March 2, 2023 hearing, Google asked Plaintiffs if they opposed Google's request. Spilly Decl., ¶ 3. Plaintiffs stated they oppose the request and noted that, if reference to sealed material was required, the parties could use codenames. *Id.* Plaintiffs' request to keep the hearing open and instead negotiate a list of "codenames" is unworkable and insufficient to protect Google's confidential material. The Hearing will necessitate not only references to isolated confidential words or phrases, but also detailed discussion of highly confidential Google projects and processes (including the function of the fields at issue and processes by which Google ensures authenticated and unauthenticated data remain segregated), including references to Google's highly confidential and proprietary source code, that cannot be replaced by codenames. A fulsome discussion of these processes is possible only in a sealed proceeding.

To the extent the Court believes particular issues may be discussed publicly without discussion of Google's confidential information, Google requests such issues be taken up first, followed by sealed discussion of remaining matters that will necessarily entail disclosure of Google's confidential information.

## II.   LEGAL STANDARD

The common law right of public access to judicial proceedings is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Crowe v. Cty. of San Diego*, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002) ("[T]here is no right of access which attaches to all judicial proceedings." (internal citations omitted)). The right is weakest where, as here, the proceedings concern a non-dispositive discovery motion; rather than satisfy the more stringent "compelling reasons" standard, a party seeking to seal materials in these circumstances must make only a "particularized showing" of "good cause." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Such sealing at trial is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential

1   research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor*

2   *Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307

3   F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of

4   materials for many types of information, including, but not limited to, trade secrets or other

5   confidential research, development, or commercial information"); *Standard & Poor's Corp. Inc. v.*

6   *Commodity Exch., Inc.*, 541 F. Supp. 1273, 1275 (S.D.N.Y. 1982) ("[T]he overriding interest to be

7   found in business confidences . . . require[s] . . . temporary reasonably restricted access to the

8   Courtroom of members of the public.").

9   **III.   THE HEARING SHOULD BE SEALED BECAUSE THE PARTIES' ARGUMENTS**
10  **WILL NECESSARILY INVOLVE DISCLOSURE OF GOOGLE'S HIGHLY**
    **SENSITIVE MATERIAL**

11          All facts weigh in favor of sealing the March 2, 2023 hearing. Both the "good cause"

12  standard that governs the sealing determination in non-dispositive motions and the higher

13  "compelling reasons" standard are easily met. The parties' briefing contains detailed discussions on

14  Google's confidential information, including the highly sensitive features of Google's systems and

15  operations. *See* Dkts. 798, 834, 858. As explained in the Administrative Motions and supporting

16  papers seeking redaction of these filings, the information sought to be sealed for this hearing reveals

17  Google's internal strategies, system designs, and business practices for operating and maintaining

18  data related to many of its important services while complying with its legal and privacy obligations.

19  *See* Dkts. 797, 843, 857.  Such information is protectable and must be kept confidential in order to

20  prevent harm to Google's competitive standing. *Id.*  Moreover, public disclosure of Google's

21  confidential information may put Google at an increased risk of cybersecurity threats. *Id.*

22          This hearing, similar to the August 11, 2022 *Calhoun* Hearing and the January 10, 2023 and

23  February 14, 2023 hearings, is likely to focus on the details of particular data Google is storing.  It

24  will necessarily entail detailed discussion of the information Google has sought to redact from the

25  public record in the underlying briefing, such as the existence, application, and contents of particular

26  data sources and source code, specific identifiers contained in the data, and the import (or non-

27  import) of particular fields.  Finding sufficient codenames to refer to each of these topics or

28  otherwise avoiding discussion of these specifics is infeasible, given their integral relationship to the

subject matter of the hearing. Permitting the parties to refer to the material at issue using the correct terminology would also improve the quality of the argument and reduce the potential for confusion.

Plaintiffs' proposal to hold a fully open hearing and negotiate a list of "codenames" to use in place of confidential information—is unlikely to succeed, is insufficient to protect the sensitive information at issue, and would seriously impede the parties and the Court in the argument of a complicated motion. The Court held an unsealed hearing on Plaintiffs' prior sanctions motion on April 21, 2022. *See* Dkt. 568. Exactly as Plaintiffs propose here, Google and the Plaintiffs negotiated a set of "codenames" to prevent the publication of Google's sensitive information. Despite the parties' diligent efforts, however, Google's confidential information was still disclosed publicly at that hearing. As a result, Google had to move to seal the transcript of those proceedings, Dkt. 616, but not before its confidential material was irrevocably exposed in a public setting. The Court ordered the subsequent sanctions hearing in *Calhoun* sealed. *Calhoun* Dkt. 826. Because the subject matter of the Hearing involves comparable issues relating to Google's sensitive internal projects, processes, and data sources—and further involves Google's highly confidential source code— inadvertent release of Google's confidential information is as or more likely to occur here.

Additionally, sealing the courtroom for the Hearing would not deprive the public of access to these proceedings. Google shares Plaintiffs' commitment to an open and transparent legal system, and will ensure that a redacted copy of the hearing transcript is filed on the public docket shortly after that transcript becomes available. As always, Google will seek to redact only the minimum amount of material necessary to protect its sensitive information, thereby providing the public with timely access to the proceedings.

Given the importance and highly sensitive nature of the aforementioned information related to the parties' disputes, Google believes that sealing the courtroom is the correct and most effective approach. To the extent the Court believes particular issues may be discussed publicly without discussion of Google's confidential information, Google requests that the courtroom be sealed for the portions of the discussion the Court agrees require sealing.

IV.   **CONCLUSION**

1    For the foregoing reasons, Google respectfully requests that the Court seal the March 2, 2023

2 hearing.

3 DATED:  February 28, 2023

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

4

5    By   */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

6

7

8

9    Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

10

11

12

13

14    Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

15

16

17

18    Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

19

20

21

22    Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

23

24

25

26    Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

27

28

5

Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*

Case No. 4:20-cv-03664-YGR-SVK
GOOGLE'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM
FOR MARCH 2, 2023 HEARING