**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>         Plaintiffs,<br>  v.<br>GOOGLE LLC,<br>         Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ISSUE CERTIFICATION UNDER F.R.C.P. 23(C)(4)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Hearing Date: May 12, 2023<br>Time: 1:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

Plaintiffs' Motion for Issue Certification Under Fed. R. Civ. P. 23(c)(4)
Case No.: 4:20-cv-03664-YGR-SVK

## NOTICE OF MOTION & MOTION

PLEASE TAKE NOTICE that on May 12, 2023, the undersigned will appear before the Honorable Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California at the Oakland Courthouse, Courtroom 1, 1301 Clay Street, Oakland, CA 94612, to move the Court to certify issue classes under Federal Rule 23(c)(4). This Motion is based upon this Notice of Motion and Motion, the incorporated Memorandum of Points and Authorities, the Declaration of Mark Mao, other documents on file in this action, and other evidence and argument presented to the Court.

## ISSUE PRESENTED

Whether the Court should certify for class treatment under Federal Rule of Civil Procedure 23(c)(4) the same liability issues that will necessarily be decided in connection with the claims certified under Rule 23(b)(2) and asserted by the named Plaintiffs.

## RELIEF REQUESTED

Plaintiffs respectfully request that the Court certify for class treatment under Federal Rule of Civil Procedure 23(c)(4) the same liability issues that will necessarily be decided in connection with the claims certified under Rule 23(b)(2) and asserted by the named Plaintiffs.

Dated: March 14, 2023

BOIES SCHILLER FLEXNER LLP

By */s/ Mark Mao*
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com

Samuel Issacharoff
si13@nyu.edu
40 Washington Square South
New York, N.Y. 10012
Tel: 212-998-6580

Plaintiffs' Motion for Issue Certification Under Fed. R. Civ. P. 23(c)(4)
Case No.: 4:20-cv-03664-YGR-SVK

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  PROCEDURAL BACKGROUND ............................................................................... 1

III. LEGAL STANDARD .................................................................................................... 3

IV.  ARGUMENT .................................................................................................................. 4

    A.   Rule 23(c)(4) Certification Is Available Even When Predominance Is Not Satisfied as to Rule 23(b)(3). ........................................................................ 5

    B.   Rule 23(c)(4) Certification Is Available with the Certified Rule 23(b)(2) Injunction Classes. ................................................................................ 8

    C.   The Claims the Court Certified Under Rule 23(b)(2) Are Likewise Amenable to Rule 23(c)(4) Certification. ........................................................... 9

    D.   Rule 23(c)(4) Certification Would Materially Advance the Resolution of this Litigation. ........................................................................................... 11

V.   CONCLUSION ............................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ades v. Omni Hotels Mgmt. Corp.*,
　2014 WL 4627271 (C.D. Cal. Sept. 8, 2014) ..........................................................................10

*Avilez v. Pinkerton Gov't Servs.*,
　596 F. App'x 579 (9th Cir. 2015) .....................................................................................3, 8

*Butler v. Sears, Roebuck and Co.*,
　727 F.3d 796 (7th Cir. 2013) ...............................................................................................4

*Carnegie v. Household Int'l Inc.*,
　376 F.3d 656 (7th Cir. 2004) ...............................................................................................7

*Cunningham v. Multnomah Cty.*,
　2015 WL 274187 (D. Or. Jan. 20, 2015) .........................................................................7, 11

*Gunnells v. Healthplan Servs., Inc.*,
　348 F.3d 417 (4th Cir. 2003) ............................................................................................6, 7

*Harris v. comScore, Inc.*,
　292 F.R.D. 579 (N.D. Ill. 2013) ..........................................................................................10

*Houser v. Pritzker*,
　28 F. Supp. 3d 222 (S.D.N.Y. 2014) ....................................................................................8

*In re Apple iPhone Antitrust Litig.*,
　2022 WL 1284104 (N.D. Cal. Mar. 29, 2022) .....................................................................4

*In re ConAgra Foods, Inc.*,
　302 F.R.D. 537 (C.D. Cal. 2014) .........................................................................................3

*In re Facebook Biometric Info. Privacy Litig.*,
　326 F.R.D. 535 (N.D. Cal. 2018) .......................................................................................10

*In re Marriott Customer Data Sec. Breach Litig.*,
　2022 WL 1396522 (D. Md. May 3, 2022) ...........................................................................9

*In re Nassau Cty. Strip Search Cases*,
　461 F.3d 219 (2d Cir. 2006) .................................................................................................5

*In re Tetracycline Cases*,
　107 F.R.D. 719 (W.D. Mo. 1985) .......................................................................................7

*Kamakahi v. Am. Soc'y for Reprod. Med.*,
　305 F.R.D. 164 (N.D. Cal. 2015) ................................................................................3, 6, 11

i

Plaintiffs' Motion for Issue Certification Under Fed. R. Civ. P. 23(c)(4)
Case No.: 4:20-cv-03664-YGR-SVK


Case 4:20-cv-03664-YGR   Document 894   Filed 03/14/23   Page 5 of 20

*Lilly v. Jamba Juice Co.*,
   308 F.R.D. 231 (N.D. Cal. 2014) ................................................................................................4

*Little v. Washington Metro Area Transit Auth.*,
   249 F. Supp. 3d 394 (D.D.C. 2017) ............................................................................................8

*Loritz v. Exide Techs.*,
   2015 WL 6790247 (C.D. Cal. July 21, 2015) ............................................................................7

*LSIMC, LLC v. Am. Gen. Life Ins. Co.*,
   2022 WL 4596597 (C.D. Cal. Aug. 4, 2022) ........................................................................3, 7

*Martin v. Behr Dayton Thermal Prods. LLC*,
   896 F.3d 405 (6th Cir. 2018) .....................................................................................................6

*McReynolds v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
   2012 WL 5278555 (N.D. Ill. July 13, 2012) ..............................................................................9

*McReynolds v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
   672 F.3d 482 (7th Cir. 2012) (Posner, J.) ..........................................................................6, 8, 9

*Mejdrech v. Met–Coil Systems Corp.*,
   319 F.3d 910 (7th Cir. 2003) .....................................................................................................8

*Opperman v. Path, Inc.*,
   2016 WL 3844326 (N.D. Cal. July 15, 2016) ..........................................................................10

*Pella Corp. v. Saltzman*,
   606 F.3d 391 (7th Cir. 2010) .....................................................................................................8

*Phillips v. Asset Acceptance, LLC*,
   736 F.3d 1076 (7th Cir. 2013) ...................................................................................................4

*Phillips v. Sheriff of Cook Cty.*,
   828 F.3d 541 (7th Cir. 2016) .....................................................................................................6

*Robinson v. Metro-North Commuter R.R.*,
   267 F.3d 147 (2d Cir. 2001) ......................................................................................................4

*Romero v. Securus Techs., Inc.*,
   331 F.R.D. 391 (S.D. Cal. 2018) .............................................................................................10

*Russell v. Educ. Comm'n for Foreign Medical Graduates*,
   15 F.4th 259 (3d Cir. 2021) ...................................................................................................5, 6

*Smilow v. Sw. Bell Mobile Sys., Inc.*,
   323 F.3d 32 (1st Cir. 2003) .......................................................................................................5

*Spangler v. Nat'l Coll. of Tech. Instruction*,
   2016 WL 11772282 (S.D. Cal. May 19, 2016) ....................................................................7, 11


ii
Plaintiffs' Motion for Issue Certification Under Fed. R. Civ. P. 23(c)(4)
Case No.: 4:20-cv-03664-YGR-SVK

*Tait v. BSH Home Appliances Corp.*,
   289 F.R.D. 466 (C.D. Cal. 2012) ............................................................................................10

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*,
   308 F.R.D. 630 (N.D. Cal. 2015) ..............................................................................................3

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*,
   308 F.R.D. 630 (N.D. Cal. 2015) ..............................................................................................8

*Valentino v. Carter-Wallace, Inc.*,
   97 F.3d 1227 (9th Cir. 1996) ..............................................................................3, 5, 6, 11

**Other Authorities**

2 Newberg & Rubenstein on Class Actions § 4:89 (6th ed.) ............................................................4

Fed. Jud. Ctr., Manual for Complex Litigation § 21.24 (4th ed. 2004) .........................................6

Principles of the Law of Aggregate Litigation § 2.02 (American Law Institute
   2010) ....................................................................................................................................6, 11

Rules Advisory Committee Notes, 39 F.R.D. 69 (1966) ................................................................4

## I. INTRODUCTION

This Court has certified classes under Rule 23(b)(2) for each of Plaintiffs' seven causes of action. The classes' claims for injunctive relief are set for trial this November 2023, along with the named Plaintiffs' damages claims. As part of that trial, the jury will necessarily make determinations regarding Google's liability in connection with each of the seven claims.

Plaintiffs now move to certify common liability issue classes under Rule 23(c)(4), covering the same issues to be decided for purposes of assessing Google's liability for the certified Rule 23(b)(2) classes and Plaintiffs' request for damages. Issue certification materially advances the efficient disposition of this litigation as a whole. This approach is consistent with the intent and requirements of Rule 23(c)(4), which are satisfied by this case having met the requirements of Rule 23(a) and Rule 23(b)(2), and because issue certification materially advances the resolution of the remaining issues in the case, as recognized by the Ninth Circuit and the majority of Federal Circuits.

Granting this motion will not result in the jury needing to address or decide any additional issues, nor in any way change the scope of this class action. Plaintiffs seek Rule 23(c)(4) certification for the same liability issues that will be decided under Rule 23(b)(2). This case will still involve the same class members, the same legal claims, and the same issues decided by the jury, including as to Google's representations and practices.

Trying these common liability issues under Rule 23(c)(4) together with the Rule 23(b)(2) claims and the named Plaintiffs' claims promotes efficiency and eliminates any risk of inconsistent outcomes that might arise if multiple trial courts address *ad nauseum* the same common issues for individual class members.

## II. PROCEDURAL BACKGROUND

On December 12, 2022, the Court certified all seven of Plaintiffs' claims for both classes under Rule 23(b)(2). Dkt. 803 ("Cert. Order"). Google had not disputed any of the Rule 23(a) requirements. *See id.* at 25 ("Google does not dispute [Plaintiffs'] estimate" of "tens of millions of class members"); *id.* at 25 ("Google does not dispute that the commonality requirement is

met"); *id.* at 26 ("Google does not dispute that this [typicality] requirement is met"); *id.* at 27 ("Google does not dispute that counsel and plaintiffs adequately represent the class"); *see also* Oct. 11, 2022 Hearing Tr. 61:5–20 (Google's counsel clarifying that it was only challenging predominance).

The Court nevertheless analyzed the Rule 23(a) requirements and concluded each were met. Addressing commonality, the Court reasoned that "Google's form contract is proof that could resolve the question of whether Google promised not to collect, save, and use users' private browsing data. Having found at least one common question among the class members' claims, the Court need not consider, for commonality purposes, the other questions." Cert. Order at 26. The Court also found that Plaintiffs' "claims and [Google's] defenses are typical of the classes," and that "the adequacy requirement is met with respect to counsel and named plaintiffs." *Id.* at 26–27.

After finding that Plaintiffs had satisfied all four elements of Rule 23(a), the Court turned to Rule 23(b). The Court declined to certify Plaintiffs' Rule 23(b)(3) damages classes because of Google's implied consent affirmative defense, finding that defense required individual inquiries. The Court did certify Plaintiffs' Rule 23(b)(2) injunctive classes for all claims. Trial is set for November 6, 2023. Dkt. 885. This trial for the Rule 23(b)(2) classes will involve substantially most (if not all) of the key liability issues raised by the damages claims. In addition, the trial will also include the named Plaintiffs' damages claims.

In their motion for class certification, Plaintiffs also moved for issue certification under Rule 23(c)(4). Dkt. 609 at 25; Dkt. 713 at 15. Importantly, **Google did not oppose Plaintiffs' request for Rule 23(c)(4) certification** in either its brief or at the hearing on class certification. *See generally* Dkt. 665. While the Cert. Order did not address Plaintiffs' proposed Rule 23(c)(4) framework, the order made plain that the single obstacle to (b)(3) certification was the role of implied consent as an affirmative defense. Cert. Order at 32. The Cert. Order is also consistent with the Court's statements at the class certification hearing, where the Court correctly reasoned that the question of implied consent was limited to the Court's Rule 23(b)(3) analysis but

2

Plaintiffs' Motion for Issue Certification Under Fed. R. Civ. P. 23(c)(4)
Case No.: 4:20-cv-03664-YGR-SVK

unrelated to the common liability issues supporting injunctive relief. Oct. 11 Hearing Tr. 19:2–20:6 (Court: "I'm just making clear that none of the arguments with respect to implied consent really impact a claim for injunctive relief").

On February 14, 2023, during the Case Management Conference, the Court advised class counsel that they may file a motion for issue certification under Rule 23(c)(4). Feb. 14, 2023 Tr. 55:14-17; Dkt. 884 (stipulation regarding motion for issue certification).

### III.    LEGAL STANDARD

"When appropriate, an action may be brought or maintained as a class action with respect to particular issues." Fed. R. Civ. P. 23(c)(4). In the Ninth Circuit, Rule 23(c)(4) certification is available where a party meets the Rule 23(a) requirements and where issue certification would materially advance the resolution of the litigation. This may be achieved where the case would meet any one of the Rule 23(b) requirements, including (b)(2), even if certification under (b)(3) is not fully appropriate. *See Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, 308 F.R.D. 630, 633 (N.D. Cal. 2015) ("[a] Rule 23(c)(4) issues class must still meet the requirements of Rule 23(a) and (b) (except for the predominance requirement of Rule 23(b)(3))" (citing *Avilez v. Pinkerton Gov't Servs.*, 596 F. App'x 579, 679 (9th Cir. 2015) (noting predominance not required to certify 23(c)(4) liability class))). "The Ninth Circuit has endorsed the use of issue classes where individualized questions predominate and make certification under Rule 23(b)(3) inappropriate." *In re ConAgra Foods, Inc.,* 302 F.R.D. 537, 580 (C.D. Cal. 2014) (citing *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996)). Certification under Rule 23(c)(4) is appropriate where it would "materially advance the disposition of the litigation as a whole." *LSIMC, LLC v. Am. Gen. Life Ins. Co.*, 2022 WL 4596597, at *12 (C.D. Cal. Aug. 4, 2022). In particular, "[c]ourts faced with a proposed issue class should consider 'whether the adjudication of the certified issues would significantly advance the resolution of the underlying case, thereby achieving judicial economy and efficiency.'" *Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164, 193 (N.D. Cal. 2015) (certifying a (c)(4) issues class and quoting *Valentino*, 97 F.3d at 1229).

## IV. ARGUMENT

Rule 23(c)(4) certification is warranted in this case to "isolate the common issues" and "proceed with class treatment of those particular issues." *In re Apple iPhone Antitrust Litig.*, 2022 WL 1284104, at *17 (N.D. Cal. Mar. 29, 2022) (Gonzalez Rogers, J.). Indeed, "numerous courts across the circuits have long utilized issue certification in a vast array of different circumstances." 2 Newberg & Rubenstein on Class Actions § 4:89 (6th ed.). This is particularly true, where, as here, liability can be tried while retaining all the hallmarks of a class action.

The Rules Advisory Committee Notes is instructive on the use of (c)(4) in this precise manner. Rule 23(c)(4) "recognizes that an action may be maintained as a class action as to particular issues only. For example, in a fraud or similar case the action may retain its 'class' character only through the adjudication of liability to the class; the members of the class may thereafter be required to come in individually and prove the amounts of their respective claims." Rules Advisory Committee Notes, 39 F.R.D. 69, 106 (1966). Multiple courts have followed this approach. *See*, *e.g.*, *Butler v. Sears, Roebuck and Co.*, 727 F.3d 796, 800 (7th Cir. 2013) ("a class action limited to determining liability on a class-wide basis, with separate hearings to determine—if liability is established—the damages of individual class members, or homogeneous groups of class members, is permitted by Rule 23(c)(4) and will often be the sensible way to proceed."); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1083 (7th Cir. 2013) (same); *see also Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 167 (2d Cir. 2001) ("[d]istrict courts should take full advantage of [23(c)(4)] to certify separate issues in order to reduce the range of disputed issues in complex litigation and achieve judicial efficiencies."). That is exactly what Plaintiffs propose here, with a classwide adjudication of liability. *See Lilly v. Jamba Juice Co.*, 308 F.R.D. 231, 244 (N.D. Cal. 2014) (certifying an issues class under Rule 23(c)(4) solely for purposes of determining liability).

There are basic liability questions common to all of Plaintiffs' claims that the Court already certified under Rule 23(b)(2), which can be adjudicated classwide under Rule 23(c)(4). These are costly and complicated issues to relitigate, and the answers to the questions will be the

same for every class member. Moreover, these questions can be answered using common evidence in the form of expert testimony and Google's own documents and employee testimony.

### A. Rule 23(c)(4) Certification Is Available Even When Predominance Is Not Satisfied as to Rule 23(b)(3).

There is no tension between the denial of (b)(3) certification on predominance grounds and issue certification under (c)(4). In fact, courts consistently recognize that Rule 23(c)(4) was intended to be applied broadly, and the Rule can therefore be invoked to carve out issues for class treatment even where a claim does not satisfy Rule 23(b)(3)'s predominance requirement.

The Third Circuit summarized this well in *Russell v. Educational Commission for Foreign Medical Graduates*, 15 F.4th 259 (3d Cir. 2021):

> A majority of the courts of appeals have concluded that in appropriate cases Rule 23(c)(4) can be used even though full Rule 23(b)(3) certification is not possible due to the predominance infirmities. That view, the so-called "broad view," has been adopted or supported by the Second, Fourth, Sixth, Seventh, and Ninth Circuits. Under the broad view, courts apply the Rule 23(b)(3) predominance and superiority prongs after common issues have been identified for class treatment under Rule 23(c)(4). ***The broad view permits utilizing Rule 23(c)(4) even where predominance has not been (or cannot be) satisfied for the cause of action as a whole***.

*Id*. at 273–74 (emphasis added).

As the *Russell* opinion noted, the "broad view" has been adopted by most circuits, including the Ninth Circuit. *See, e.g.*, *Valentino*, 97 F.3d at 1234 ("[e]ven if the common questions do not predominate over the individual questions so that class certification of the entire action is warranted, Rule 23 authorizes the district court in appropriate cases to isolate the common issues under Rule 23(c)(4)[] and proceed with class treatment of these particular issues."). In fact, every Circuit to address the issue in the past quarter century has recognized the difference between (b)(3) and (c)(4) certification and held that common liability issues certified under (c)(4) need not predominate for the entire action so long as the common issues certified will materially advance the case as a whole. *See, e.g.*, *Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 41 (1st Cir. 2003); *In re Nassau Cty. Strip Search Cases*, 461 F.3d 219, 225 (2d Cir. 2006) (Rule 23(c)(4)(A) is available to certify particular issues "regardless of whether the claim

5
Plaintiffs' Motion for Issue Certification Under Fed. R. Civ. P. 23(c)(4)
Case No.: 4:20-cv-03664-YGR-SVK

as a whole satisfies [Rule 23(b)(3)'s] predominance test"); *Russell*, 15 F.4th at 274; *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 441 (4th Cir. 2003) (a class action for particular issues under Rule 23(c)(4) is warranted where the Rule 23(a) elements are met as well as the criteria for one of the types of class actions in Rule 23(b)); *Martin v. Behr Dayton Thermal Prods. LLC*, 896 F.3d 405, 413 (6th Cir. 2018); *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 672 F.3d 482, 491 (7th Cir. 2012) (Posner, J.), *abrogated in non-relevant part by Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1023 (7th Cir. 2018); *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 559 (7th Cir. 2016); *Valentino*, 97 F.3d at 1234. So too have the leading commentaries on complex litigation practice. *See* Principles of the Law of Aggregate Litigation § 2.02 (American Law Institute 2010) (urging the "materially advance" test for (c)(4) certification); Fed. Jud. Ctr., Manual for Complex Litigation § 21.24 (4th ed. 2004) (certification under (c)(4) is appropriate "if it permits fair presentation of the claims and defenses and materially advances the disposition of the litigation as a whole").

The *Russell* opinion from the Third Circuit noted this trend and found additional support from the Advisory Committee on Civil Rules 243–99:

> Further, the Advisory Committee on Civil Rules appears to agree that issues can be certified for class treatment even if predominance cannot be satisfied for the action as a whole. At their April 2015 meeting, the Committee noted that "[a] major reason for considering possible rule amendments to deal with issue classes is that there has seemed to be a split in the circuits about whether they can only be allowed if (b)(3) predominance is established." *See* Rule 23 Subcommittee Report, in Advisory Committee on Civil Rules 243-99 (Apr. 9-10, 2015). But the Committee went on to note that "recent reports suggest that all the circuits are coming into relative agreement that in appropriate cases Rule 23(c)(4) can be used ***even though full Rule 23(b)(3) certification is not possible due to the predominance requirement***.

*Russell*, 15 F.4th at 280 (emphasis in original).

Given the Ninth's Circuit's adoption of the "broad view" for nearly 30 years, courts in this circuit have naturally followed suit. *See, e.g.*, *Kamakahi*, 305 F.R.D. at 193 (certifying a liability issue class under Rule 23(c)(4) where resolving liability on a class basis "would significantly advance the resolution of the underlying case, thereby achieving judicial economy

6
Plaintiffs' Motion for Issue Certification Under Fed. R. Civ. P. 23(c)(4)
Case No.: 4:20-cv-03664-YGR-SVK

and efficiency"); *LSIMC, LLC*, 2022 WL 4596597, at *1, 13 (certifying liability class under Rule 23(c)(4) where predominance as to liability and damages was not met under Rule 23(b)(3) but "Defendant's liability for breach of contract," including "the interpretation of the language within each of the identical standard form contracts," was "common across all policies"); *see also Loritz v. Exide Techs.*, 2015 WL 6790247, at *24 (C.D. Cal. July 21, 2015) (certifying a liability class under Rule 23(c)(4) even though Plaintiffs "fail[ed] to show common issues predominate" under Rule 23(b)(3)).

As this Court has already recognized, Google's affirmative defense of implied consent is potentially relevant to predominance under Rule 23(b)(3) but wholly irrelevant to the common liability issues supporting injunctive relief. Oct. 11 Hearing Tr. 19:2–20:6 (Court: "I'm just making clear that none of the arguments with respect to implied consent really impact a claim for injunctive relief"). Even Google does not disagree. *See id.* 20:4–6 ("Yes. There is not an implied consent defense that I can think of that is specific to injunction."). Accordingly, questions of implied consent (or any other predominance argument for that matter) are irrelevant to the Court's (c)(4) analysis. *See Spangler v. Nat'l Coll. of Tech. Instruction*, 2016 WL 11772282, at *13 (S.D. Cal. May 19, 2016) (certifying liability class even where defendant had "raised individualized defenses"); *Cunningham v. Multnomah Cty.,* 2015 WL 274187, at *7, 9 (D. Or. Jan. 20, 2015) (certifying issue class "covering everything but the individual issues of [the] consent [defense] and damages"); *see also Gunnells*, 348 F.3d at 439 (quoting *In re Tetracycline Cases*, 107 F.R.D. 719, 726–27 (W.D. Mo. 1985) ("If the requirement under Rule 23(c)(4)(A) was that . . . one or more issues 'predominate' in the usual Rule 23(b) sense, when compared with *all* the issues in the case, there would obviously be no need or place for Rule 23(c)(4)(A).")). The "prospect" of conducting "separate proceedings" to determine "the entitlements of the individual class members to relief" "need not defeat class treatment of the question whether the defendants violated" the law. *Carnegie v. Household Int'l Inc.*, 376 F.3d 656, 661 (7th Cir. 2004).

### B. Rule 23(c)(4) Certification Is Available with the Certified Rule 23(b)(2) Injunction Classes.

In the Ninth Circuit, Rule 23(c)(4) certification is readily available where a party meets the Rule 23(a) requirements and Rule 23(b)(2). *See Tasion Commc'ns Inc.*, 308 F.R.D. at 633 ("Rule 23(c)(4) issues class must still meet the requirements of Rule 23(a) and (b) (except for the predominance requirement of Rule 23(b)(3))" (citing *Avilez*, 596 F. App'x at 579 (directing district court to certify Rule 23(c)(4) issues class, reasoning that for (c)(4) certification, "[w]e need not decide whether these subclasses, as modified, would satisfy the predominance requirement of Rule 23(b)(3)"))); *Houser v. Pritzker*, 28 F. Supp. 3d 222, 254 (S.D.N.Y. 2014) (relying on Rule 23(c)(4) to certify a liability and injunctive relief class, reasoning that "certifying the Plaintiffs' proposed liability and injunctive relief class will materially advance the litigation and make the proceedings more manageable."); *Little v. Washington Metro Area Transit Auth.*, 249 F. Supp. 3d 394, 418 (D.D.C. 2017) (certifying (b)(2) injunctive and (c)(4) liability classes while declining certification of a (b)(3) damages class). Here, the Court already found that Plaintiffs meet all Rule 23(a) requirements, and Google did not even contest those elements. *See supra* Section II. The Court also found that Plaintiffs meet the requirements for (b)(2) certification. Accordingly, (c)(4) certification is appropriate.

The Ninth Circuit's flexible approach to Rule 23(c)(4) certification is consistent with that of other Federal Circuits. For example, as explained by Judge Posner: "If there are genuinely common issues . . . identical across all the claimants . . . the accuracy of the resolution of which is unlikely to be enhanced by repeated proceedings, then it makes good sense, especially when the class is large, to resolve those issues in one fell swoop while leaving the remaining, claimant-specific issues to individual follow-on proceedings." *McReynolds*, 672 F.3d at 491 (quoting *Mejdrech v. Met–Coil Systems Corp.,* 319 F.3d 910, 911 (7th Cir. 2003)). Judge Posner had "trouble seeing the downside of the limited class action treatment that we think would be appropriate in this case, and we conclude that the district judge erred in deciding to the contrary." *Id.* at 492; *see also Pella Corp. v. Saltzman*, 606 F.3d 391, 394 (7th Cir. 2010) ("A district court

has the discretion to split a case by certifying a class for some issues, but not others, or by certifying a class for liability alone where damages or causation may require individualized assessments."); *In re Marriott Customer Data Sec. Breach Litig.*, 2022 WL 1396522, at *29 (D. Md. May 3, 2022) (certifying liability issues under (c)(4), where it denied a Rule (b)(2) certification but certified a (b)(3) class).

Notably, Judge Posner also found that Rule 23(c)(4) certification is appropriate and useful even where an injunctive Rule 23(b)(2) class has been certified. "[A] single proceeding, while it might result in an injunction, could not resolve class members' claims" because "hundreds of separate trials may be necessary to determine which class members were actually adversely affected by one or both of the practices and if so what loss each class member sustained." *McReynolds*, 672 F.3d at 491. But with (c)(4) certification, it "at least it wouldn't be necessary in each of those trials to determine whether the challenged practices were unlawful." *Id.* On remand, the district court held that both (b)(2) and (c)(4) certification were appropriate. *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 2012 WL 5278555, at *1 (N.D. Ill. July 13, 2012).

### C. The Claims the Court Certified Under Rule 23(b)(2) Are Likewise Amenable to Rule 23(c)(4) Certification.

This Court has already found that each of the pleaded causes of action would benefit from class treatment for the common liability and remedy findings under Rule 23(b)(2). That determination was not challenged by Google and stands as the law of the case. Take for example the contract claim at the root of this controversy. Claims that arise from "form contracts" are "often particularly appropriate for class treatment." 1 Newberg & Rubenstein on Class Actions § 3:24 (6th ed.). This Court already held that, "at least for commonality purposes, Google's form contract is proof that could resolve the question of whether Google promised not to collect users' private browsing data." Cert. Order at 26. The liability questions presented under Rule 23(c)(4) are the same liability questions presented under Rule 23(b)(2), which this Court has already certified.

The same may be said of the other claims set for trial in November. Because the privacy tort claims—invasion of privacy and intrusion upon seclusion—both hinge on objective, reasonable person standards and uniform promises, they are likewise well suited for issue certification. *See, e.g.*, *Opperman v. Path, Inc.*, 2016 WL 3844326, at *11 (N.D. Cal. July 15, 2016) ("[t]hese determinations may require an examination of [Defendant's] motives, but they will not require individualized determinations of class members' subjective expectations").

The statutory claims are likewise well suited for issue certification because they turn on Google's uniform representations and interception of private browsing data. *See, e.g.*, *Ades v. Omni Hotels Mgmt. Corp.*, 2014 WL 4627271, at *15 (C.D. Cal. Sept. 8, 2014) (certifying CIPA claim under Rule 23(b)(3) based on allegations that defendant recorded class members); *Romero v. Securus Techs., Inc.*, 331 F.R.D. 391, 415 (S.D. Cal. 2018) (same); *Harris v. comScore, Inc.*, 292 F.R.D. 579, 585 (N.D. Ill. 2013) (certifying federal Wiretap Act and CFAA claims where "each Class member agreed to a form contract," reasoning that "claims arising from interpretations of a form contract appear to present the classic case for treatment as a class action" (internal quotation marks omitted)); *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 545 (N.D. Cal. 2018) (certifying Rule 23(b)(3) class where claim "poses common legal and factual questions, namely: did Facebook's facial recognition technology harvest biometric identifiers as contemplated under [the] BIPA [statute]"), *aff'd* 932 F.3d 1264 (9th Cir. 2019); *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 480 (C.D. Cal. 2012) ("district courts in California routinely certify consumer class actions arising from alleged violation of the [] UCL").

Through its certification of the (b)(2) class, the Court has already certified classes on each of the above claims, which confirms that Rule 23(c)(4) certification of the same claims for liability purposes is warranted. Even if Plaintiffs were required to demonstrate (which they are not) that common issues on liability predominate that showing is easily made. Implied consent was the Court's only basis for denying (b)(3) certification. Cert. Order at 32. But implied consent is of no moment for the common issues Plaintiffs seek to certify under Rule 23(c)(4) because implied consent is an affirmative defense that is only considered *after* liability is found. If a jury

10
Plaintiffs' Motion for Issue Certification Under Fed. R. Civ. P. 23(c)(4)
Case No.: 4:20-cv-03664-YGR-SVK

makes a classwide finding of liability under Rule 23(c)(4), Google may seek to assert its implied consent defense if and when class members individually come forward to seek damages (indeed, this procedure would be consistent with Google's insistence that its implied consent defense is an individualized issue). *See Spangler*, 2016 WL 11772282, at *13 (certifying liability class where defendant had "raised individualized defenses"); *Cunningham*, 2015 WL 274187, at *7, 9 (certifying issue class "covering everything but the individual issues of [the] consent [defense] and damages"). Google's implied consent defense is simply irrelevant to the determination of liability.

### D. Rule 23(c)(4) Certification Would Materially Advance the Resolution of this Litigation.

When considering (c)(4) certification, courts in this Circuit focus on whether doing so would "'significantly advance the resolution of the underlying case, thereby achieving judicial economy and efficiency.'" *Kamakahi*, 305 F.R.D. at 193 (quoting *Valentino*, 97 F.3d at 1229); *see also* Principles of the Law of Aggregate Litigation § 2.02 (American Law Institute 2010) (likewise encouraging (c)(4) certification if doing so will "materially advance the resolution of multiple civil claims by addressing the core of the dispute in a manner superior to other realistic alternatives, so as to generate significant judicial efficiencies.").

Here, (c)(4) issue certification significantly advances the efficient resolution of this litigation. The reason for this is straightforward. The core liability determinations present here will necessarily be decided classwide, for the same classes, based on the Court's (b)(2) certification. Certifying these same liability issues under Rule 23(c)(4) does not add to the complexity of the case or the number of issues that need to be tried—quite the opposite. Establishing liability for (b)(2) and (c)(4) will require the same evidence, the same witnesses, the same experts, and the same arguments. Accordingly, issue certification *increases* judicial efficiency by providing those same class members—numbering in the tens of millions—with preclusive findings by way of the already scheduled trial, to decide the exact same issues and without adding any more work for the parties or the Court.

Issue class certification also promotes equity. Google has already stated that it does not consider individual actions to be "realistic." Dkt. 850 at 5. This is only true if Google once again engages in scorched-earth tactics that required Plaintiffs and their counsel to spend approximately $43 million of attorney lodestar and $6 million in costs and expenses to litigate this matter to this point. Mao Decl. ¶ 3. There are over 900 filings on ECF, more than six million pages of documents exchanged in discovery, dozens of depositions taken, hundreds of hours with a Special Master paid by the parties, and thousands of pages of expert reports written with appendices produced. Indeed, to require each individual Class Member to relitigate these same issues with Google and establish liability in each and every case will make Google's prediction (and wish) come true—many individuals simply will not have the resources that Class counsel invested nor the institutional knowledge Class counsel gained to properly adjudicate their rights.

Thus, once trial is completed in November, it will be much more efficient for Class Members filing individual claims to litigate only Google's affirmative defense (e.g., implied consent) after liability on the common issues have already been found. There is no reason to require Class Members (and Google) to repeatedly remarshal the same evidence, engage the same liability experts, and relitigate the same complicated technical matters, especially when their Class counsel already made a substantial investment to do that work for them in this case. Issue certification on liability will not only significantly reduce the burden and costs on individual Class Members to seek damages, it will also unburden the judicial system of hundreds, if not thousands, of days of cumulative time before the courts.

Conversely, if Google prevails, Google will have closure. If Google is confident it will prevail on the merits as it has repeatedly claimed to the Court, then it should welcome an opportunity to try the common liability issues in a single trial. In this Court's own words, addressing Google at the class certification hearing: "Then what's the concern? If what you have said is accurate and if that is what the evidence shows, then you should have no concern." Oct. 11, 2022 Hearing Tr. 12:24–13:2. Google should embrace the opportunity to defeat all claims

once and for all by way of issue certification, rather than try the case countless times in individual actions.

## V. CONCLUSION

Plaintiffs' respectfully request that the Court certify under Rule 23(c)(4) the same liability issues that will necessarily be decided in connection with the claims certified under Rule 23(b)(2) and asserted by the named Plaintiffs. These are the same issues the Court will already be deciding for the certified Rule 23(b)(2) classes, and the Court's rationale for certifying these claims under Rule 23(b)(2) warrants certification under Rule 23(c)(4), particularly because issue certification advances the disposition of this litigation as a whole.

Dated: March 14, 2023  BOIES SCHILLER FLEXNER LLP

By /s/ Mark Mao
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com

Samuel Issacharoff
(*pro hac vice*)
si13@nyu.edu
40 Washington Square South
New York, N.Y. 10012
Tel: 212-998-6580

Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (CA Bar No. 342125)
enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800

13
Plaintiffs' Motion for Issue Certification Under Fed. R. Civ. P. 23(c)(4)
Case No.: 4:20-cv-03664-YGR-SVK

Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Amanda K. Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
mram@forthepeople.com
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*

14
Plaintiffs' Motion for Issue Certification Under Fed. R. Civ. P. 23(c)(4)
Case No.: 4:20-cv-03664-YGR-SVK