1
2
3
4
5
6
7
8
9
10                          UNITED STATES DISTRICT COURT
11
                            NORTHERN DISTRICT OF CALIFORNIA
12

13   CHASOM BROWN, WILLIAM BYATT,              Case No.: 4:20-cv-03664-YGR-SVK
     JEREMY DAVIS, CHRISTOPHER
14   CASTILLO, and MONIQUE TRUJILLO            **[PROPOSED] ORDER GRANTING**
     individually and on behalf of all other similarly  **PLAINTIFFS' MOTION FOR ISSUE**
15   situated,                                 **CERTIFICATION UNDER F.R.C.P.**
                                               **23(c)(4)**
16                  Plaintiffs,
        v.
17                                             Judge: Hon. Yvonne Gonzalez Rogers
     GOOGLE LLC,
18                  Defendant.
19
20
21
22
23
24
25
26
27
28   [Proposed] Order Granting Plaintiffs' Motion for Issue Certification
     4:20-cv-03664-YGR-SVK

|   |   |
|---|---|
| 1 | Before the Court is Plaintiffs' Motion for Issue Certification under Federal Rule of Civil |
| 2 | Procedure 23(c)(4) (Dkt. 894) (the "Motion"). The Motion asks the Court to certify under Federal |
| 3 | Rule of Civil Procedure 23(c)(4) the same liability issues that will be decided in connection with |
| 4 | the claims already certified under Rule 23(b)(2), which are scheduled for trial in November. |
| 5 | The Court **GRANTS** the Motion. |
| 6 | Rule 23(c)(4) certification is available where, as here, a party meets the Rule 23(a) |
| 7 | requirements as well as Rule 23(b)(2). *See Taison Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, |
| 8 | 308 F.R.D. 630, 633 (N.D. Cal. 2015); *Avilez v. Pinkerton Gov't Serv.*, 596 F. App'x 579, 579 |
| 9 | (9th Cir. 2015). In certifying every claim, this Court already found that all Rule 23(a) elements |
| 10 | are met, and that certification is warranted under Rule 23(b)(2). *See* Dkt. 803 at 24-27, 33-34. |
| 11 | The Court now certifies the same liability issues under Rule 23(c)(4) because doing so |
| 12 | "materially advance[s] the disposition of the litigation as a whole." *LSIMC, LLC v. Am. Gen. Life* |
| 13 | *Ins. Co.*, 2022 WL 4596597, at *12 (C.D. Cal. Aug. 4, 2022); *see also* Principles of the Law of |
| 14 | Aggregate Litigation § 2.02 (American Law Institute 2010). Issue certification promotes |
| 15 | efficiency because, although follow-on actions may be required, "at least it wouldn't be necessary |
| 16 | in each of those trials to determine whether the challenged practices were unlawful." *McReynolds* |
| 17 | *v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 672 F.3d 482, 491 (7th Cir. 2012) (Posner, J.) |
| 18 | (explaining why Rule 23(c)(4) certification is appropriate and useful even where an injunctive |
| 19 | Rule 23(b)(2) class has been certified). There is no reason to require Class Members (and Google) |
| 20 | to repeatedly remarshal the same evidence, engage the same liability experts, and relitigate the |
| 21 | same complicated technical matters, especially where Class counsel has made a substantial |
| 22 | investment to do that work for them. Issue certification promotes judicial efficiency by providing |
| 23 | class members—numbering in the tens of millions—with an opportunity to obtain preclusive |
| 24 | findings by way of an already scheduled trial without adding any more work for the parties or |
| 25 | the Court. Conversely, if Google prevails at the (c)(4) trial, it will defeat all claims. |
| 26 | DATED: _____        _____ |
| 27 | HON. YVONNE GONZALEZ ROGERS<br>United States District Judge |