**BOIES SCHILLER FLEXNER LLP**
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

**SUSMAN GODFREY L.L.P.**
William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel listed in signature blocks below*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

*Attorneys for Defendant; additional counsel listed in signature blocks below*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**JOINT SUBMISSION RE: SEALING PORTIONS OF THE MARCH 2, 2023 HEARING TRANSCRIPT REGARDING ORDER TO SHOW CAUSE**<br><br>Judge: Hon. Susan van Keulen |

1  March 21, 2023

2  Submitted via ECF

3  Magistrate Judge Susan van Keulen
   San Jose Courthouse
4  Courtroom 6 - 4th Floor
   280 South 1st Street
5  San Jose, CA 95113

6
        Re:    Joint Submission re: Sealing Portions of the March 2, 2023 Hearing Transcript
7              Regarding Order to Show Cause
               *Brown v. Google LLC*, Case No. 4:20-cv-03664-YGR-SVK (N.D. Cal.)
8

9  Dear Magistrate Judge van Keulen:

10        Pursuant to Your Honor's March 1, 2023 Redaction Order (Dkt. 881), Plaintiffs and

11 Google LLC ("Google") hereby jointly propose redactions to the Transcript of Sealed Proceedings

12 for the March 2, 2023 hearing regarding the Court's October 27, 2022 order to show cause.

## I. INTRODUCTION

As ordered by the Court on March 1, 2023 (*see* Dkt. 881), Google and Plaintiffs jointly propose redactions to the Sealed Transcript of Proceedings for the March 2, 2023 Hearing on the October 27, 2022 Order to Show Cause ("Transcript"). Google contends that the material proposed for redaction contains Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly, including various types of Google's internal projects and metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. This information is highly confidential and should be protected.

This Administrative Motion pertains to the following information contained in the Order:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| March 2, 2023 Sealed Transcript of Proceedings | Highlighted portions at:<br><br>Pages 7:13–15, 7:20, 8:4, 9:19–21, 9:23, 10:15, 10:17, 12:7, 13:3, 14:2, 14:11–12, 14:14, 14:16, 14:19, 19:1, 19:8, 19:13, 19:19, 20:18, 21:24–22:1, 22:3, 22:5, 22:10, 22:12-13, 22:20, 22:23–25, 23:5, 23:9-10, 23:18–19, 25:7–14, 26:11, 27:1, 28:2, 29:22, 32:4, 32:11–12, 33:19–20, 36:10, 36:13, 36:18, 37:5, 39:1, 39:14, 40:8, 40:10, 40:13, 41:12–13, 41:17, 41:19-21, 42:6–12, 42:14–16, 43:3, 44:15, 46:23, 47:16, 47:22–23, 48:13, 48:19, 51:17, 56:18, 60:24, 61:3–4, 61:7, 61:9, 61:14–16, 61:25, 62:2, 62:4, 62:13, 64:13, 64:16–18, 65:22–24, 66:1, 66:6, 67:15, 68:2, 71:14, 72:15, 74:9, 74:19, 74:24, 75:13, 75:19, 75:22–76:2, 76:5–6, 76:24, 77:20, 78:2, 78:7, 78:21, 79:1, 79:6, 79:12, 83:5–6, 83:8, 83:10–11, 83:14–16, 83:19–20, 83:23–84:3, 86:17, 87:1, 87:7, 87:17, 88:9, 88:13, | Google |

|  | 90:2, 90:16, 90:24, 91:19, 92:18, 92:21, 93:25, 94:2–3, 94:5, 94:11, 94:23, 96:7, 100:13, 101:21–22, 102:16, 103:10, 103:13, 103:19, 106:9, 106:11–12, 106:17–18, 106:20–22, 107:23–108:1, 109:20, 112:12, 113:2–3, 114:20, 115:13, 115:23 |  |
|---|---|---|

The parties conferred on the proposed redactions to the Transcript. Plaintiffs do not oppose sealing the proposed redactions and thus today's submission is presented jointly.

## II.   LEGAL STANDARD

The common law right of public access to judicial records in a civil case is not a constitutional right and it is "not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have refused to permit their files to serve as reservoirs of . . . sources of business information that might harm a litigant's competitive standing"). Sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

## III.  THE ABOVE IDENTIFIED MATERIALS EASILY MEET THE "GOOD CAUSE" STANDARD AND SHOULD ALL BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99. Good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive

standing may be sealed even under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc*., 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).

Here, the Transcript comprises confidential information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. Specifically, this information provides details related to various types of Google's internal projects, teams and metrics. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with legal and privacy obligations.

Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, designs, and practices to Google's competitors. That alone is a proper basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc*., No. 14-cv-02329-BLF, Dkt. No. 192, at 3–9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co*., No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v. Travelers Indem. Co*., 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publically available").

Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's internal systems and data structures. Google would be placed at an increased risk of cyber security threats, and data related to its users could similarly be at risk. *See, e.g.*, *In re Google Inc. Gmail Litig*., 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted"

because if made public, it "could lead to a breach in the security of the Gmail system"). The security threat is an additional reason for this Court to seal the identified information.

The information Google seeks to redact is the minimal amount of information needed to protect its internal systems and operations from being exposed to not only its competitors but also to nefarious actors who may improperly seek access to and disrupt these systems and operations. The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the identified portions of the Transcript. Plaintiffs do not oppose.

Respectfully submitted,

/s/ Andrew H. Schapiro
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)

/s/ Mark C. Mao
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch
enyborg-burch@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293 6858
Fax: (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Tel: (305) 539-8400
Fax: (305) 539-1304

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com

|   |   |
|---|---|
| dianedoolittle@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>Jomaire A. Crawford (admitted *pro hac vice*)<br>jomairecrawford@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Josef Ansorge (admitted *pro hac vice*)<br>josefansorge@quinnemanuel.com<br>Xi ("Tracy") Gao (CA Bar No. 326266)<br>tracygao@quinnemanuel.com<br>Carl Spilly (admitted *pro hac vice*)<br>carlspilly@quinnemanuel.com<br>1300 I Street NW, Suite 900<br>Washington D.C., 20005<br>Tel: (202) 538-8000<br>Fax: (202) 538-8100<br><br>Jonathan Tse (CA Bar No. 305468)<br>jonathantse@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: (415) 875-6600<br>Fax: (415) 875-6700<br><br>*Attorneys for Defendant Google LLC* | Steven Shepard (*pro hac vice*)<br>sshepard@susmangodfrey.com<br>Alexander P. Frawley (*pro hac vice*)<br>afrawley@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel: (212) 336-8330<br><br>Amanda Bonn (CA Bar No. 270891)<br>abonn@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel: (310) 789-3100<br><br>John A. Yanchunis (*pro hac vice*)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (*pro hac vice*)<br>rmcgee@forthepeople.com<br>MORGAN & MORGAN, P.A.<br>201 N Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel: (813) 223-5505<br>Fax: (813) 222-4736<br><br>Michael F. Ram (CA Bar No. 104805)<br>mram@forthepeople.com<br>MORGAN & MORGAN, P.A.<br>711 Van Ness Avenue, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br><br>*Attorneys for Plaintiffs* |

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Submission. Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: March 21, 2023                             By       /s/ Andrew H. Schapiro
                                                                  Andrew H. Schapiro
                                                                  *Counsel on behalf of Google LLC*