**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8000

*Counsel for Defendant Google LLC*
*Additional counsel on signature pages*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.,* individually and on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

## I.    INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully seeks to seal certain portions of Google LLC's Motion for Summary Judgment ("Motion"), which contains non-public, highly sensitive and confidential business information that could affect Google's competitive standing and may expose Google to increased security risks if publicly disclosed, including details related to Google's internal projects, internal databases, and logs, and their proprietary functionalities, as well as internal metrics, which Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors.  This information is highly confidential and should be protected.

Moreover, the Motion contains, reflects, or summarizes information designated by Plaintiffs as confidential under the terms of the Stipulated Protective Order (Dkt. 81).  Google respectfully requests that this information, identified below, provisionally remain under seal. Pursuant to Civil Local Rule 79-5(f), Plaintiffs bear the responsibility to establish that such information is sealable.

This Administrative Motion pertains to the following information contained in the Motion:

| Document | Portions to be Filed Under Seal | Basis for Sealing |
|---|---|---|
| Google LLC's Motion for Summary Judgment | Highlighted Portions at:<br><br>Pages 2:27-28, 6:17, 6:19, 7:4 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing |

| | | as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
|---|---|---|
| Statement of Undisputed Facts | Highlighted Portions at:<br><br>Pages 5:11, 5:21, 6:10, 7:3, 10:7 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects and internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Broome Declaration Ex. 11<br><br>Plaintiff William Byatt's Objections and Responses to | Highlighted Portions at:<br><br>Plaintiffs' Material | Document contains information designated by Plaintiffs as confidential and personally identifying. |

| Defendant's Third Set of Requests for Admission (Nos. 22-29) | PDF Page 7:9-10, 7:12-13 | |
|---|---|---|
| Broome Declaration Ex. 16<br><br>Plaintiff Chasom Brown's Objections and Responses to Defendant's First Set of Interrogatories (Nos. 1-6) | Highlighted Portions at:<br><br>Plaintiffs' Material<br><br>PDF Pages 4:13, 4:17-19, 4:21, 7:5-7, 7:10 | Document contains information designated by Plaintiffs as confidential and personally identifying. |
| Broome Declaration Ex. 17<br><br>Plaintiff William Byatt's Objections and Responses to Defendant's First Set of Interrogatories (Nos. 1-6) | Highlighted Portions at:<br><br>Plaintiffs' Material<br><br>PDF Pages 4:13-15, 4:17-18, 4:20-21, 7:1-2, 7:5 | Document contains information designated by Plaintiffs as confidential and personally identifying. |
| Broome Declaration Ex. 18<br><br>Plaintiff Christopher Castillo's Objections and Responses to Defendant's First Set of Interrogatories (Nos. 1-6) | Highlighted Portions at:<br><br>Plaintiffs' Material<br><br>PDF Pages 4:13-15, 4:17-20, 4:22, 5:7, 7:2-8 | Document contains information designated by Plaintiffs as confidential and personally identifying.. |
| Broome Declaration Ex. 19<br><br>Plaintiff Jeremy Davis' Objections and Responses to Defendant's First Set of Interrogatories (Nos. 1-6) | Highlighted Portions at:<br><br>Plaintiffs' Material<br><br>PDF Pages 4:13, 4:16, 7:6 | Document contains information designated by Plaintiffs as confidential and personally identifying. |
| Broome Declaration Ex. 20<br><br>Plaintiff Chasom Brown's Verified Amended Objections and Responses to Defendant's | Highlighted Portions at:<br><br>Plaintiffs' Material<br><br>PDF Pages 4:6, 4:11, 5:10-13, 5:15-16, | Document contains information designated by Plaintiffs as confidential and personally identifying. |

| Interrogatories 1, 4, and 5 | 6:10-12, 6:15, 7:5-8, 7:11 | |
|---|---|---|
| Broome Declaration Ex. 21<br><br>Plaintiff William Byatt's Verified Amended Objections and Responses to Defendant's Interrogatories 1, 4, and 5 | Highlighted Portions at:<br><br>Plaintiffs' Material<br><br>PDF Pages 4:6, 5:10-13, 5:15-16, 6:10-11, 6:14, 7:3-5, 7:8 | Document contains information designated by Plaintiffs as confidential and personally identifying. |
| Broome Declaration Ex. 22<br><br>Plaintiff Christopher Castillo's Verified Amended Objections and Responses to Defendant's Interrogatories 1, 4, and 5 | Highlighted Portions at:<br><br>Plaintiffs' Material<br><br>PDF Pages 4:6, 5:10-18, 6:12-18, 7:7-14 | Document contains information designated by Plaintiffs as confidential and personally identifying. |
| Broome Declaration Ex. 23<br><br>Plaintiff Jeremy Davis' Verified Amended Objections and Responses to Defendant's Interrogatories 1, 4, and 5 | Highlighted Portions at:<br><br>Plaintiffs' Material<br><br>PDF Pages 4:7, 5:10-13, 5:15-17, 6:15, 7:10 | Document contains information designated by Plaintiffs as confidential and personally identifying. |
| Broome Declaration Ex. 28<br><br>Plaintiff Monique Trujillo's Objections and Responses to Defendant's First and Second Sets of Interrogatories (Nos. 3 & 10) | Highlighted Portions at:<br><br>Plaintiffs' Material<br><br>PDF Pages 3:12, 4:13, 4:16-17, 4:20, 6:12-17, 7:11-13, 7:15 | Document contains information designated by Plaintiffs as confidential and personally identifying. |
| Broome Declaration Ex. 30<br><br>William Byatt's Objections and | Highlighted Portions at:<br><br>Plaintiffs' Material | Document contains information designated by Plaintiffs as confidential and personally identifying. |

4

Case No. 4:20-cv-03664-YGR-SVK
GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF
GOOGLE'S MOTION FOR SUMMARY JUDGMENT

| Responses to Defendant's Fourth Set of Interrogatories (Nos. 12–15) | PDF Page 4:16-17, 4:19-20 | |
|---|---|---|
| Broome Declaration Ex. 39<br><br>Plaintiffs' Objections and Responses to Defendant's Sixth Set of Interrogatories (No. 17) | Highlighted Portions at:<br><br>Plaintiffs' Material<br><br>7:11-13, 7:16-17, 7:20, 8:2-3, 8:6-7, 12:24-13:1 | Document contains information designated by Plaintiffs as confidential and personally identifying. |
| Broome Declaration Ex. 41<br><br>Defendant Google LLC's Objections and Responses to Plaintiffs' 7th Set of Interrogatories (Nos. 21-29) | Highlighted Portions at:<br><br>Pages 4:7, 4:26, 6:17, 6:25-26, 7:13-14, 7:20, 7:27, 8:3-5, 8:13-14, 8:19 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, identifiers and logs, and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Broome Declaration Ex. 45 | Highlighted Portions at: | The information requested to be sealed contains Google's highly confidential and proprietary |

| | | |
|---|---|---|
| June 16, 2021 Glenn Berntson Deposition Transcript | Pages 281:11, 372:11, 372:15 | information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, identifiers, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Broome Declaration Ex. 56

February 18, 2022 Rory McClelland Deposition Transcript | Highlighted Portions at:

Page 277:5 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including Google's internal projects and identifiers that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. |

6

Case No. 4:20-cv-03664-YGR-SVK
GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF
GOOGLE'S MOTION FOR SUMMARY JUDGMENT

| | | Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
|---|---|---|
| Broome Declaration Ex. 57<br><br>March 10, 2022 Stephen Chung 30(b)(6) Deposition Transcript | Highlighted Portions at:<br><br>Pages 25:7, 25:14, 25:23-24, 26:3, 26:5-9, 27:10-11 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Broome Declaration Ex. 65<br><br>Brown - Google Subscriber Information (GOOG-BRWN-00029466) | Highlighted Portions at:<br><br>Seal Entirely | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various |

GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF
GOOGLE'S MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| | | types of Google's internal identifiers and logs, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Broome Declaration Ex. 66<br><br>Byatt - Google Subscriber Information (GOOG-BRWN-00030964) | Highlighted Portions at:<br><br>Seal Entirely | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal identifiers and logs, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary |

8

Case No. 4:20-cv-03664-YGR-SVK
GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF
GOOGLE'S MOTION FOR SUMMARY JUDGMENT

| | | information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
|---|---|---|
| Broome Declaration Ex. 67<br><br>Castillo - Google Subscriber Information (GOOG-BRWN-00030104) | Highlighted Portions at:<br><br>Seal Entirely | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal identifiers and logs, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Broome Declaration Ex. 68<br><br>Davis - Google Subscriber Information (GOOG-BRWN-00229529) | Highlighted Portions at:<br><br>Seal Entirely | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various |

| | | types of Google's internal identifiers and logs, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
|---|---|---|
| Broome Declaration Ex. 69<br><br>Trujillo - Google Subscriber Information (GOOG-BRWN-00229514) | Highlighted Portions at:<br><br>Seal Entirely | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal identifiers and logs, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary |

10

Case No. 4:20-cv-03664-YGR-SVK
GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF
GOOGLE'S MOTION FOR SUMMARY JUDGMENT

| | | information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
|---|---|---|
| Broome Declaration Ex. 70<br><br>Log Data Usage Rules (GOOG-BRWN-00029004) | Highlighted Portions at:<br><br>Seal Entirely | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal policies, logs, and identifiers, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Broome Declaration Ex. 71<br><br>Device/App/Browser Fingerprinting and Immutable Identifiers Policy (GOOG-BRWN-00029326) | Highlighted Portions at:<br><br>Seal Entirely | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal policies, |

11

| | | |
|---|---|---|
| | | logs, and identifiers, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Broome Declaration Ex. 75

April 15, 2022 Expert Report of Bruce Schneier | Highlighted Portions at:

Pages 25, 57-59, 73-75, 80, 83, 87, 89-91, 93, 96-97 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, identifiers, and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's |

12

Case No. 4:20-cv-03664-YGR-SVK
GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF
GOOGLE'S MOTION FOR SUMMARY JUDGMENT

| | | competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
|---|---|---|
| Broome Declaration Ex. 77<br><br>April 15, 2022 Expert Report of Jonathan E. Hochman | Highlighted Portions at:<br><br>Plaintiff's Material<br><br>Paragraphs 88-90, 115, 174-78, 224-25, 234, 236, 243, 246-47,<br><br>Appendix B - paragraphs 11-13, 18-23, pages 17-36<br><br>Appendix G - paragraphs 7-8, 24, 26<br><br>Appendix H - TOC and paragraphs 1-41<br><br>Google Material<br><br>Pages 9, 36, 44-46, 51-56, 59, 61,63-71, 73-76, 82, 86-91, 93-96, 98-108, 110-112, 115-126, 128-132, 134, 136-137, 139, 142, 145, 150, 152-154<br><br>Appendix A - Pages 3-4, 15, 19<br><br>Appendix D - Pages 1-5<br><br>Appendix E - Seal entirely<br><br>Appendix F - Pages 2-10 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, identifiers, and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products.<br><br>Document contains information designated by Plaintiffs as confidential and personally identifying. |

|  | Appendix G - Pages 1-6, 8-13<br><br>Appendix H - Pages 1-30<br><br>Appendix I - Seal entirely<br><br>Exhibit C - Seal entirely<br><br>Exhibit E - Seal entirely |  |
|---|---|---|
| Broome Declaration Ex. 79<br><br>May 20, 2022  Expert Report of Mark Keegan: Rebuttal of Expert Report of Professor On Amir | Highlighted Portions at:<br><br>Pages 59, 61<br><br>Exhibit 8 - Pages: Keegan_Exhibits_81, Keegan_Exhibits_83-87 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, identifiers, and their proprietary functionalities, as well as internal metrics and research, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

| | | |
|---|---|---|
| Broome Declaration Ex. 80<br><br>June 7, 2022 Expert Rebuttal Report of Georgios Zervas, PhD | Highlighted Portions at:<br><br>Pages 9, 53 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including internal projects and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Broome Declaration Ex. 81<br><br>June 7, 2022 Expert Report of Professor Paul Schwartz | Highlighted Portions at:<br><br>Pages 35-37, 39-41 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal policies, identifiers and logs, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and |

| | | maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
|---|---|---|
| Broome Declaration Ex. 82<br><br>June 7, 2022 Expert Report of Konstantinos Psounis, PhD | Highlighted Portions at:<br><br>Pages 3-4, 22-24, 31-32, 38-43, 50-53, 58-59, 65-66, 73, 78, 87-89, 94-95, 105, 107-108, 110-112, 114, 117, 175-184, 187-190 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, identifiers and logs, and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

| Broome Declaration Ex. 83<br><br>August 4, 2022 Declaration of Glenn Berntson regarding Google Ad Manager and Google Adsense | Highlighted Portions at:<br><br>Pages 19:21-23, 20:20-24, 21:1-7 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, identifiers and logs, and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Broome Declaration Ex. 85<br><br>August 5, 2022 Declaration of Jonathan McPhie Regarding Google's Disclosures | Highlighted Portions at:<br><br>Plaintiff Material<br><br>Pages 22:21, 22:23, 22:25, 23:2, 23:4, 23:6<br><br>Google Material<br><br>Pages 16:15, 16:18, 16:25, 23:10, 23:14, 25:8, 26:11-12, 29:3, | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, identifiers and logs, and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary |

| | 29:5-14, 32:5, 32:22, 33:10 | information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products.<br><br>The document also contains information designated by Plaintiffs as confidential and personally identifying. |
|---|---|---|
| Broome Declaration Ex. 87<br><br>Exhibit 15 to the August 5, 2022 Declaration of Jonathan McPhie Regarding Google's Disclosures (GOOG-CABR-05435660) | Highlighted Portions at:<br><br>Seal Entirely | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, identifiers and logs, and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing |

| | | |
|---|---|---|
| | | as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Broome Declaration Ex. 88<br><br>Exhibit 17 to the August 5, 2022 Declaration of Jonathan McPhie Regarding Google's Disclosures | Highlighted Portions at:<br><br>Seal Entirely | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, identifiers and logs, and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| 4/29/21 Monsees Depo Transcript Excerpt | Highlighted Portions at:<br><br>Page 86:14-15, 20-22 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal policies and |

GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF
GOOGLE'S MOTION FOR SUMMARY JUDGMENT

| | | logs, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
|---|---|---|

## II.   LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civ. L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1179-80 (9th Cir. 2006). Quoting the Supreme Court's decision in *Nixon v. Warner Communications*, the Ninth Circuit has noted that examples of what might constitute a compelling reason include "'sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting 435 U.S. 589, 598-99 (1978)). The materials that Google seeks to seal here easily meet the  "compelling reasons" standard.

III.     **THE ABOVE IDENTIFIED MATERIALS SHOULD ALL BE SEALED**

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99. Materials that could harm a litigant's competitive standing may be sealed under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted). Courts in this district have also determined that motions to seal may be granted as to potential trade secrets. *See, e.g. United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing "that [the party] ha[s] not shown that the substance of the information . . . amounts to a trade secret").

Here, the compelling reason standard is satisfied. The Motion comprises confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. Specifically, this information provides details related to Google's internal projects, internal databases, and logs, and their proprietary functionalities, specifically relating to Google's anti-fraud measures. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with its legal and privacy obligations.

Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, and designs to Google's competitors. That alone is a proper basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have");

*Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (sealing "highly sensitive information regarding Delphix's product architecture and development"); *Trotsky v. Travelers Indem. Co*., 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publicly available").

Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's infrastructure.  Google and its users would be placed at an increased risk of cyber security threats, and data related to its users could similarly be at risk.  *See, e.g.*, *In re Google Inc. Gmail Litig*., 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system. The security threat is an additional reason for this Court to seal the identified information.

The information Google seeks to redact, including information related to Google's internal projects, internal databases, and logs, and their proprietary functionalities, as well as internal metrics is the minimal amount of information needed to protect its internal systems and operations from being exposed to not only its competitors but also to nefarious actors who may improperly seek access to and disrupt these systems and operations.  The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

## IV.    CONCLUSION

For the foregoing reasons, the Court should seal the identified portions of the Motion.

DATED: March 21, 2023                    QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP

                                         By _____/s/ Andrew H. Schapiro_____
                                            Andrew H. Schapiro (admitted *pro hac vice*)
                                            andrewschapiro@quinnemanuel.com
                                            191 N. Wacker Drive, Suite 2700
                                            Chicago, IL 60606
                                            Telephone: (312) 705-7400
                                            Facsimile: (312) 705-7401

                                            Stephen A. Broome (CA Bar No. 314605)

1   stephenbroome@quinnemanuel.com
    Viola Trebicka (CA Bar No. 269526)
2   violatrebicka@quinnemanuel.com
    Crystal Nix-Hines (CA Bar No. 326971)
3   crystalnixhines@quinnemanuel.com
    865 S. Figueroa Street, 10th Floor
4   Los Angeles, CA 90017
    Telephone: (213) 443-3000
5   Facsimile: (213) 443-3100
6
    Diane M. Doolittle (CA Bar No. 142046)
7   dianedoolittle@quinnemanuel.com
    555 Twin Dolphin Drive, 5th Floor
8   Redwood Shores, CA 94065
    Telephone: (650) 801-5000
9   Facsimile: (650) 801-5100
10
    Josef Ansorge (admitted *pro hac vice*)
11  josefansorge@quinnemanuel.com
    1300 I. Street, N.W., Suite 900
12  Washington, D.C. 20005
    Telephone: 202-538-8000
13  Facsimile: 202-538-8100
14
    Jomaire A. Crawford (admitted *pro hac vice*)
15  jomairecrawford@quinnemanuel.com
    51 Madison Avenue, 22nd Floor
16  New York, NY 10010
    Telephone: (212) 849-7000
17  Facsimile: (212) 849-7100
18
    Jonathan Tse (CA Bar No. 305468)
19  jonathantse@quinnemanuel.com
    50 California Street, 22nd Floor
20  San Francisco, CA 94111
    Telephone: (415) 875-6600
21  Facsimile: (415) 875-6700
22  *Attorneys for Defendant Google LLC*
23
24
25
26
27
28