# ORDER ON: (1) PLAINTIFFS' MOTION FOR ADDITIONAL DISCOVERY SANCTIONS, AND (2) GOOGLE'S ADMINISTRATIVE MOTION FOR LEAVE TO DEPRECATE

# Redacted Version of Document Sought to be Sealed

UNITED STATES
DISTRICT COURT
Northern District of
California

# FAX TRANSMISSION

| **TO:** | |
| --- | --- |
| **FAX NUMBER:** | 94158756700 |
| **PHONE:** | |
| **RE:** | 4:20-cv-03664-YGR Brown et al v. |

| **FROM:** | Justine | Fanthorpe |
| --- | --- | --- |
| **NO. OF PAGES:** (INCLUDING COVER): | 20 |
| **DATE:** | 2023-03-20 |
| **TIME:** | 12:27:04 |

**SUBJECT:**   4:20-cv-03664-YGR Brown et al v. Google LLC et al-SEALED

**DETAILS:**



**Justine Fanthorpe**
CRD to Magistrate Judge Susan van Keulen
280 South First Street, Room 2112
San Jose, CA 95113
United States District Court
Northern District of California
https://cand.uscourts.gov
Justine_Fanthorpe@cand.uscourts.gov
Office: 408-535-5375

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, et al., | Case No. 20-cv-03664-YGR (SVK) |
| Plaintiffs, | **<u>UNDER SEAL</u>** |
| v. | **ORDER ON: (1) PLAINTIFFS' MOTION FOR ADDITIONAL DISCOVERY SANCTIONS, AND (2) GOOGLE'S ADMINISTRATIVE MOTION FOR LEAVE TO DEPRECATE** |
| GOOGLE LLC, | |
| Defendant. | |
| | Re: Dkt. Nos. 656, 810 |

## I.  INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs in this class action claim that Defendant Google surreptitiously intercepts and collects users' data even while users are in a private browser mode.  *See generally* Dkt. 803 (Class Certification Order) at 2.  On May 20, 2022, the Court issued an order imposing sanctions on Google for discovery misconduct relating to its failure to timely disclose the existence and Google's use of bits that indicate whether a Chrome browser has sent Google a signal called the "X-Client-Data header."  Dkt. 588 (the "May 2022 Sanctions Order").  The three such bits that had come to light at the time of the May 2022 Sanctions Order are named "is_chrome_incognito"; "is_chrome_non_incognito"; and "maybe_chrome_incognito."  Dkt. 588-1 at Finding of Fact ("FOF") ¶ 13.  The May 2022 Sanctions Order called these three bits the "Incognito-detection bits."  *Id.*  Plaintiffs argued that the Incognito-detection bits can be used to reliably identify Incognito traffic.  *Id.* at FOF ¶ 130 and evidence cited therein.  Google conceded that the Chrome browser does not send Google the X-Client-Data header when it is in Incognito mode, but it disputed that the bits were a reliable indication of Incognito traffic.  *Id.* at FOF ¶ 129 and evidence cited therein.  The Court held that evidence concerning the existence and use of the Incognito-

United States District Court
Northern District of California

1    detection bits was relevant to both Plaintiffs' claims and Google's defenses and was within the

2    scope of discovery; that Google engaged in discovery misconduct when it failed to provide

3    information about the bits during discovery; and that Plaintiffs had been prejudiced by Google's

4    discovery misconduct. *Id.* at FOF ¶¶ 154-171.  The Court imposed several sanctions on Google,

5    including evidentiary sanctions, a recommended jury instruction, and monetary sanctions.  *Id.* at

6    Conclusions of Law ("COL") ¶¶ 24-52.

7         The May 2022 Sanctions Order also included the following requirement:

8              Google must provide Plaintiffs with a representation in writing no later than
               **May 31, 2022** that other than the logs identified thus far as containing Incognito-
9              detection bits, no other such logs exist.

10   Dkt. 588 at 6 (emphasis in original).  After the May 31, 2022 deadline, Google informed Plaintiffs

11   that there were ■ additional logs containing the three Incognito-detection bits that were the focus

12   of the May 2022 Sanctions Order, and Plaintiffs then filed an administrative motion seeking

13   permission from the Court for further briefing, arguing that Google's response "demonstrates

14   additional misconduct by Google that continues to prejudice Plaintiffs."  Dkt. 615.  Google

15   opposed Plaintiffs' administrative motion.  Dkt. 618.

16        On July 1, 2022, the Court issued an order on Plaintiffs' administrative motion, setting a

17   briefing schedule on Plaintiffs' request for additional discovery sanctions.  Dkt. 624.  Thereafter,

18   the Parties filed an initial round of briefing.  Dkt. 656 (Plaintiffs' motion for supplemental

19   sanctions); Dkt. 696 (Google's opposition); Dkt. 708 (Plaintiffs' reply).  Google also filed a

20   motion to file a sur-reply, which Plaintiffs opposed.  Dkt. 735, 737.

21        After reviewing the initial round of briefing, the Court issued an order on October 20,

22   2022, in which it indicated that it "intend[ed] to issue an Order to Show Cause" on Plaintiffs'

23   request for additional sanctions and set a status conference for October 27, 2022 to discuss how to

24   proceed following issuance of the OSC.  Dkt. 776.  The Court held the status conference as

25   scheduled on October 27, 2022.  Dkt. 783.  On the same date, the Court issued an Order to Show

26   Cause requiring Google "to show cause as to why the Court should not find that the logs recently

27   disclosed by Google contain relevant data that should have been identified and produced during

28

2023/03/20 12:27:05    4  /20
Case 4:20-cv-03664-YGR   Document 911-3   Filed 03/29/23   Page 5 of 21
Case 4:20-cv-03664-YGR   Document 898 *SEALED*   Filed 03/20/23   Page 3 of 19

<div style="writing-mode: vertical-rl">United States District Court
Northern District of California</div>

1   discovery and that Google should be sanctioned." Dkt. 784 (the "OSC"). The Court set a briefing

2   schedule on the OSC. *Id.* The Court also denied Google's motion at Dkt. 735 for leave to file a

3   sur-reply on Plaintiff's original round of briefing for additional sanctions, without prejudice to

4   Google's inclusion of any information from its proposed sur-reply in its briefing on the OSC. *Id.*

5        Now before the Court are the Parties briefs in response to the OSC. Dkt. 798 (Google's

6   Response to OSC), Dkt. 834 (corrected redacted version filed at Dkt. 844-2) (Plaintiff's Response

7   to OSC), Dkt. 858 (Google's reply), Dkt. 859 (Plaintiffs' statement of recent decision).

8        While the briefing on the OSC was underway, Google filed an administrative motion

9   requesting leave to deprecate a field named "████████████" found in certain of its data logs.

10  Dkt. 810 (the "motion to deprecate"). Plaintiffs oppose the motion to deprecate. Dkt. 816. The

11  Parties subsequently stipulated that Plaintiffs would include any additional sanctions requests they

12  intended to make in connection with the ████████████ filed in their reply on the OSC.

13  Dkt. 826.

14       Accordingly, this Order will address both the OSC on Plaintiffs' motion for additional

15  discovery sanctions and Google's administrative motion to deprecate. The Court held an in-

16  person hearing on these motions on March 2, 2023.

17  **II.    PLAINTIFFS' MOTION FOR ADDITIONAL DISCOVERY SANCTIONS**

18       **A.    Google's evidentiary objection**

19       In a footnote in its reply brief on the OSC, Google states an objection to Exhibit 7 of the

20  Declaration of Mark Mao submitted with Plaintiffs' response brief on the OSC on the grounds that

21  the exhibit contains "pages of attorney argument in violation of Civil Local Rule 7-5(b)" and

22  requests that the Court strike the second column of the exhibit and entertain only the arguments set

23  forth in Plaintiffs' brief. Dkt. 857-3 at 2 n.1; *see also id.* at 16 n.9. Google's objection is

24  **OVERRULED** for two reasons. First, Google's objection violates the undersigned's Civil and

25  Discovery Referral Matters Standing Order, which states that "[u]se of footnotes in Court filings is

26  to be limited to providing points of clarification or cross-references" and provides that

27  "[a]rgument in footnotes will not be considered by the Court." Second, Mr. Mao's declaration

28  describes the objected-to Exhibit 7 as "a document listing the sanctions that Plaintiffs are

United States District Court
Northern District of California

1   seeking." Dkt. 833-2 ¶ 8. The Court has not considered the arguments in Exhibit 7 separate and

2   apart from the arguments made by Plaintiffs in their response to OSC and at the March 2, 2023

3   hearing.

### B.   Google's disclosure of █ additional logs containing the is_chrome_incognito, maybe_chrome_incognito, or is_chrome_non_incognito bits

Plaintiffs' motion for additional discovery sanctions stems from information disclosed by

Google after, and pursuant to, the Court's May 2022 Sanctions Order. That order sets forth in

detail the relevant history regarding discovery in this case and Google's belated disclosure of

information regarding the three Incognito-detection bits that had been identified at that time, and

that discussion will not be repeated here.

As noted above, the May 2022 Sanctions Order set a deadline of May 31, 2022 for Google

to "provide Plaintiffs with a representation in writing …. that other than the logs identified thus far

as containing Incognito-detection bits, no other such logs exist." Dkt. 588 at 6. On the May 31,

2022 deadline, Google served Plaintiffs with the declaration of Martin Sramek, the Privacy

Working Group lead for Chrome. Dkt. 614-3 (the "May 31 Sramek Declaration"). In that

declaration, Mr. Sramek listed the █ previously-disclosed logs that contain the

is_chrome_incognito, maybe_chrome_incognito, or is_chrome_non_incognito bits. *Id.* ¶ 3. Mr.

Sramek stated that based on his experience "responding to requests by Googlers related to

inferring Incognito mode on Chrome," he "was only aware of the logs and bits listed above."

*Id.* ¶ 4. At his direction and with his involvement and supervision, Google employees took the

following additional steps to comply with the Court's directive in its May 2022 Order:

"(i) conduct code search to identify responsive code potentially related to Incognito-detection bits

and (ii) survey teams responsible for responsive code." *Id.* Mr. Sramek stated that this

investigation began on May 23, 2022 and was expected to be completed by June 14, 2022. *Id.* ¶ 5.

He also clarified that he had not identified certain logs as "containing Chrome Incognito-detection

bits" if they displayed "is_chrome_non_incognito_mode" and a value of 0 (zero) for every entry.

*Id.* ¶ 6.

Google admits that it did not seek an extension from the Court of the May 31, 2022

2023/03/20 12:27:05    6   /20
Case 4:20-cv-03664-YGR   Document 911-3   Filed 03/29/23   Page 7 of 21
Case 4:20-cv-03664-YGR   Document 898 *SEALED*   Filed 03/20/23   Page 5 of 19

1   deadline to provide the representation required under the May 2022 Sanctions Order. Dkt. 695-3

2   at 1.

3          On June 14, 2022, Google served Plaintiffs with a supplemental declaration from Mr.

4   Sramek. Dkt. 614-2 (the "June 14 Sramek Declaration"). In that declaration, Mr. Sramek

5   explained that as part of his investigation, he worked with Google employee Matt Harren, the

6   ███████ Logs Technical Lead, to identify additional logs containing Incognito-detection bits.

7   *Id.* ¶ 4. Mr. Sramek also supervised a "robust code audit to identify any additional uses of the X-

8   Client-Data header for Incognito detection." *Id.* This investigation revealed that "when the

9   maybe_chrome_incognito bit was added to" two previously-disclosed logs "it was copied to each

10   of" ██ additional logs, which were listed in Exhibit A to the June 14 Sramek Declaration.

11   Dkt. 614-2 at Ex. A. Mr. Sramek sorted the additional logs into six categories:

12   (1) "███████ Logs"; (2) "███ Logs"; (3) "██████ Logs"; (4) "████ Logs"; (5) "██

13   Logs"; and (6) "██████████ Logs." *Id.* The June 14 Sramek Declaration provides

14   additional information about each category of logs. Dkt. 614-2 ¶¶ 6-11. Mr. Sramek's

15   investigation "also identified an ██████████ log containing the

16   'is_chrome_non_incognito_mode'" that "does not contain any GAIA, Biscotti, or Zwieback

17   identifiers." *Id.* ¶ 12. In the briefing on the present sanctions motion, Google states that it later

18   discovered that ██ of the logs listed in the June 14 Sramek Declaration also "has a corresponding

19   log with authenticated data (also known as a 'personal log') that also contains the

20   'maybe_chrome_incognito' bit." Dkt. 797-3 at 5-6; Dkt. 797-7 ¶ 3. Therefore, since the Court

21   issued the May 2022 Sanctions Order, Google has disclosed a total of ██ additional logs

22   containing the three Incognito detection bits that were the subject of that order. The Court will

23   refer to these ██ logs (which include the ██ logs identified in the June 14 Sramek Declaration and

24   the ██████ log disclosed in Google's response to OSC) as the "New Logs."

25          In connection with Plaintiff's administrative motion to seek additional sanctions and

26   Google's response to the subsequent OSC, Mr. Sramek has submitted two additional declarations

27   with more details about the investigation Google performed to comply with the May 2022

28   Sanctions Order. Mr. Sramek's August 18, 2022 declaration offers an explanation for Google's

United States District Court
Northern District of California

5

2023/03/20 12:27:05    7  /20
Case 4:20-cv-03664-YGR   Document 911-3   Filed 03/29/23   Page 8 of 21
Case 4:20-cv-03664-YGR   Document 898 *SEALED*   Filed 03/20/23   Page 6 of 19

1  inability to timely give the attestation required under the May 2022 Sanctions Order. Dkt. 695-4

2  (the "August 18 Sramek Declaration") ¶ 7. Mr. Sramek states that he could not provide the Court-

3  ordered attestation in his May 31, 2022 declaration because the investigation was not yet

4  complete. *Id.* He did not provide the attestation in his June 14, 2022 declaration "because I

5  understood the Court's order required me to attest that there are no other data sources at Google in

6  which any field is used by any team to infer Incognito browser state in any form," and he claims

7  "[t]o provide such a declaration, multiple months-long investigations would have been required."

8  *Id.* Mr. Sramek then states: "However, I understand now that the Court seeks affirmation only for

9  the data sources with the following three fields: 'is_chrome_incognito';

10  "is_chrome_non_incognito"; and "maybe_chrome_incognito." *Id.* Mr. Sramek states that based

11  on this understanding, he can attest that "other than the logs identified in [his] May 31, 2022

12  declaration and in [his] June 14, 2022 declaration, no other logs exist containing the Incognito-

13  detection bits referenced in the May 30, 2022 Order." *Id.* ¶¶ 6-7.

14  　　　The August 18 Sramek Declaration and an additional declaration from Mr. Sramek dated

15  November 29, 2022 disclose additional details about the three-week investigation he conducted in

16  May-June 2022. Mr. Sramek stated that before conducting this additional investigation, his team

17  reviewed the scope of Google's earlier investigation of logs into which the Incognito-detection

18  bits were written. Dkt. 695-4 ¶ 5. He then conducted "a search of all Google source code for all

19  references to the X-Client-Data header, surveys of 125 teams identified as owners of responsive

20  source code, and follow-up interviews with 18 teams whose survey responses indicated that they

21  could be treating the absence of the X-Client-Data header as indicative of Incognito browsing,

22  including but not limited to use of the Incognito-detection bits." Dkt. 797-20 ("November 29

23  Sramek Decl.") 5; *see also* Dkt. 695-4 ¶ 5.

24  　　　"As a confirmatory measure," Mr. Sramek also "worked with Matt Harren, a ▓▓▓▓ Logs

25  Technical Lead, to attempt to identify any additional log that may contain the Incognito-detection

26  bits regardless of whether any Google employees are using those bits to infer Incognito traffic."

27  Dkt. 797-20 ¶ 5. Mr. Herron explains that this part of the investigation involved writing a custom

28  script to query ▓▓▓▓ of data from a table called ▓▓▓▓▓▓▓. Dkt. 797-6 ¶¶ 7, 11.

United States District Court
Northern District of California

6

2023/03/20 12:27:05    8  /20
Case 4:20-cv-03664-YGR   Document 911-3   Filed 03/29/23   Page 9 of 21
Case 4:20-cv-03664-YGR   Document 898 *SEALED*   Filed 03/20/23   Page 7 of 19

According to Google, this table contains "statistical information about fields" in "a random sample of approximately ▮▮▮▮ of ▮▮▮▮ log traffic each day" and "is not, nor is it designed to be, a comprehensive or fully accurate list of fields in ▮▮▮▮ logs." *Id.* ¶ 8. Plaintiffs question this methodology (Dkt. 833-1 at 12), and Google defends it (Dkt. 8), but what is indisputable is that this disagreement could not be fully explored in discovery because this investigation by Google took place after discovery had closed.

Mr. Sramek states that on the basis of his three-week investigation, he "ha[s] not identified any engineers or teams who used the absence of the X-Client Data header to infer the use of Chrome Incognito, other than previously disclosed uses by Bert Leung and affiliated engineers on the Google Ads team, and by the ▮▮▮▮ team." Dkt. 797-20 ¶ 6. Plaintiffs suggest that Google should have conducted a more complete investigation by searching its source code data base for all instances of the term "Incognito." Dkt. 833-3 ¶ 15. Google rejects this suggestion on the grounds that such an audit would require it to analyze ▮▮▮▮ files, "many of which would require identifying and collaborating with the software engineer(s) responsible to understand their significance. Dkt. 857-15 ¶¶ 3-11; Dkt. 857-3 at 8.

### C.    Court's Findings Regarding New Logs

Plaintiffs argue that additional sanctions should be imposed on Google for its failure to disclose the New Logs in discovery, in response to prior Court orders, and in connection with the proceedings that resulted in the May 2022 Sanctions Order. Dkt. 833-1. Plaintiffs focus significant attention on ▮▮ newly-disclosed "▮▮▮▮" log, which includes both authenticated and non-authenticated records. *See* Dkt. 833-1 at 6-8. Plaintiffs argue that this log could be used to identify users browsing in Incognito mode by matching their IP address and user agent with those of a known user browsing in regular mode. *Id.* at 7.

Google argues that its failure to identify the New Logs is not a "separate" or "further" violation of the discovery orders that were the subject of the May 2022 Sanctions Order. *See* Dkt. 797-3 at 14. According to Google, any misconduct associated with its "inability" to identify and disclose the New Logs earlier "is part and parcel of the precise conduct – failure to disclose logs containing Incognito-detection bits – for which the Court has already sanctioned Google." *Id.*

United States District Court
Northern District of California

2023/03/20 12:27:05    9  /20
Case 4:20-cv-03664-YGR    Document 911-3    Filed 03/29/23    Page 10 of 21
Case 4:20-cv-03664-YGR    Document 898 *SEALED*    Filed 03/20/23    Page 8 of 19

United States District Court
Northern District of California

1    Google's remaining arguments go primarily to prejudice, not whether its disclosure of █

2    additional logs following the May 2022 Sanctions Order constitutes discovery misconduct.  For

3    example, Google argues that the New Logs do not contain "accretive" information about the

4    existence of use of the Incognito-detection bits because they are automatically populated with

5    information duplicated from previously-disclosed logs. *See id.* at 7-12.

6         For the same reasons as discussed in the May 2022 Sanctions Order regarding █ late-

7    disclosed logs, Google's failure to disclose the █ New Logs is discovery misconduct.  As

8    explained in the May 2022 Sanctions Order, logs containing the Incognito-detection bits should

9    have been disclosed in discovery.  *See generally* Dkt. 588-1 at FOF ¶¶ 154-155, COL ¶¶ 6-7.

10   Google has not justified its failure to disclose the New Logs earlier.  Google's response to the

11   OSC and the four declarations of Mr. Sramek establish that Google's discovery of the New Logs

12   required three weeks of investigation by Google.  Given the central role the Incognito-detection

13   bits played in discovery proceedings and the earlier sanctions motion, Google could have and

14   should have discovered and disclosed the New Logs earlier.

15        Plaintiffs contend that as a result of Google's discovery misconduct with respect to the

16   New Logs, they have been prejudiced in ways not addressed by the May 2022 Sanctions Order.

17   Dkt. 833-1 at 16-18.  Plaintiffs point out that there was no discovery provided for the New Logs,

18   which "could have provided even more support for Plaintiffs' claims and requested relief" and

19   could have changed the entire "course of discovery." *Id.* at 16-17.  Plaintiffs also point out that

20   their experts did not have information about the New Logs when performing their analysis of the

21   ways in which Google stores and uses private browsing data. *Id.* at 17.  Plaintiffs emphasize that

22   "[t]he belatedly identified ███████ log directly refutes Google's prior attestations about the

23   separation of authenticated and unauthenticated data" and argue that "[r]ounds of unnecessary

24   expert discovery were wasted on a defense refuted by Google's own use of data." *Id.*

25        As it found with regard to the █ logs that were the subject of the May 2022 Sanctions

26   Order (*see* Dkt. 588-1 at FOF ¶¶ 156 to 171), the Court finds that Google's late disclosure of the

27   New Logs prejudiced Plaintiffs because the existence of the New Logs was only disclosed after

28   discovery closed, and because Plaintiffs did not have an opportunity through discovery to test

2023/03/20 12:27:05   10 /20
Case 4:20-cv-03664-YGR   Document 911-3   Filed 03/29/23   Page 11 of 21
Case 4:20-cv-03664-YGR   Document 898 *SEALED*   Filed 03/20/23   Page 9 of 19

Google's representations about how the New Logs, with their respective Incognito fields, were (or were not) used by Google. At a minimum, Google's untimely disclosure of ▇ New Logs shows that the discovery violations addressed in the May 22 Sanctions Order were far more extensive, and thus more prejudicial, than was then known.

In the May 2022 Sanctions Order, the Court found that Google's failure to disclose Incognito-detection bits violated three earlier Court orders. *See* Dkt. 588-1 at COL ¶¶ 6-22. Plaintiffs argue that Google now also has violated the May 2022 Sanctions Order by failing to provide the Court-ordered representation that no other logs contain Incognito-detection bits and Google's failure meet the Court's May 31, 2022 deadline for that representation. *See* Dkt. 833-1 at 4.

Google provided the following statement in the August 18, 2023 Sramek Declaration:

> Based on the investigation referenced in paragraph 5, other than the logs identified in my May 31, 2022 declaration and in my June 14, 2022 declaration, no other logs exist containing the Incognito-detection bits referenced in the May 20, 2022 Order.

Dkt. 695-4 ¶ 6. Whether this representation satisfies the May 2022 Sanctions Order depends on whether the required certification was limited to logs containing the three Incognito-detection bits that were the focus of that order, or whether Google was instead required to certify that no other logs contain *any* Incognito-detection bits. In support of its narrow interpretation, Google cites a statement in the May 2022 Sanctions Order that "the Court refers to these three fields ["is_chrome_incognito"; "is_chrome_non_incognito"; and "maybe_chrome_incognito"] as the 'Incognito-detection bits.'" Dkt. 857-3 at 8; *see also* Dkt. 588-1 at FOF 13. The Court's focus on those three bits stemmed from the fact that those were the only Incognito-detection bits Google had disclosed at the time, and the Court was attempting to ensure that issues regarding Incognito-detection bits were resolved once and for all. Google never sought clarification of the scope of the certification requirement, even though Mr. Sramek admits that he originally understood it to require disclosure of all logs containing *any* Incognito-detection bits but later came to understand (through an unexplained process) that Google was only required to disclose other logs containing the three Incognito-detection bits that were the focus of the May 2022 Sanctions Order.

9

2023/03/20 12:27:05    11 /20
Case 4:20-cv-03664-YGR   Document 911-3   Filed 03/29/23   Page 12 of 21
Case 4:20-cv-03664-YGR   Document 898 *SEALED*   Filed 03/20/23   Page 10 of 19

Dkt. 695-4 ¶ 7.  However, the Court concludes that Google's narrow reading of the May 2022

Sanctions Order finds support in the cited language in the Order, and therefore finds that Google

has satisfied the substantive certification requirement.  However, Google violated the May 2022

Sanctions Order by failing to meet the May 31, 2022 deadline or seek an extension of that

deadline.  This violation is addressed by monetary sanctions, as discussed below.

### D.    Additional Sanctions

Having concluded that Google engaged in discovery misconduct with regard to the late-

disclosed logs, the Court must determine whether Google's misconduct warrants additional

discovery sanctions beyond those imposed by the Court in the May 2022 Sanctions Order and, if

so, what sanctions are appropriate.  Plaintiffs now seek the following additional sanctions:

- Terminating sanctions;
- Preclusion sanctions in the form of Court findings that during the Class Period Google engaged in certain conduct with respect to the identification, collection, and use of private browsing data;
- Preclusion sanctions prohibiting Google from making certain arguments about its identification, collection, and use of private browsing data;
- Preclusion sanctions prohibiting Google from relying on testimony of certain witnesses who submitted declarations in support of Google's response to OSC; and
- Monetary sanctions requiring Google to pay Plaintiffs' attorney's fees and expenses, including expert fees, incurred in connection with their request for additional sanctions and Special Master fees and associated fees and costs.

*See* Dkt. 833-1 at 19-25.  Plaintiffs seek these additional sanctions pursuant to Federal Rules of

Civil Procedure 37(b)(2), 37(c)(1), 37(e), and the Court's inherent authority.  Dkt. 655-2 at 5-8;

Dkt. 833-1 at 19.  The legal standards for imposing sanctions under each of these sources of

authority are set forth in the May 2022 Sanctions Order and are not repeated here.  *See* Dkt. 588-1

at COL ¶¶ 4-52 (Rule 37(b)); ¶¶ 53-65 (Rule 37(c)); ¶¶ 66-68 (Rule 37(e)); and ¶¶ 69-72 (inherent

authority).  ¶

Some of the additional sanctions Plaintiffs now seek are not just or appropriate on the

United States District Court
Northern District of California

2023/03/20 12:27:05   12 /20
Case 4:20-cv-03664-YGR   Document 911-3   Filed 03/29/23   Page 13 of 21
Case 4:20-cv-03664-YGR   Document 898 *SEALED*   Filed 03/20/23   Page 11 of 19

United States District Court
Northern District of California

1    record before the Court. Plaintiffs' request for terminating sanctions, which would presumably

2    render Google unable to defend this case, are not proportional or sufficiently tethered to the

3    discovery misconduct at issue. Similarly, preclusion sanctions that would either involve broad

4    Court findings that Google engaged in certain conduct regarding the identification, collection, and

5    use of private browsing data or prohibit Google from making arguments on those issues would

6    also extend far beyond the facts as known and would be more than necessary to address the

7    prejudice suffered by Plaintiffs in this case.

8         Nevertheless, additional sanctions that are more precisely tailored to the additional

9    prejudice suffered by Plaintiffs due to the discovery misconduct that is the subject of this order are

10   appropriate. Accordingly, the Court **ORDERS** the following sanctions in addition to or as

11   modifications of those set forth in the May 2022 Sanctions Order:

### 1.   Jury instruction and inference

13   The May 2022 Sanctions Order set forth a two-part jury instruction appropriate to give if in

14   the course of proceedings before the trial judge it is determined that Google's discovery

15   misconduct is relevant to an issue before the jury. Dkt. 588-1 ¶ 46. The Court concluded that this

16   sanction was appropriate because "Google was grossly negligent in failing to turn over relevant

17   evidence regarding its ability to identify Incognito traffic, including by violating the Court's

18   orders and failing to disclose the existence of the Incognito-detection bits through relevant

19   documents and evidence." *Id.* ¶ 41. Google's additional discovery misconduct discussed above,

20   in particular its failure to identify the ▮ New Logs even after extensive discovery, prior Court

21   orders, and Plaintiffs' earlier sanctions motion is further evidence of Google's gross negligence in

22   this regard. As discussed below in this section, the Court concludes that it is appropriate and

23   necessary to modify the jury instruction to provide additional context and information about the

24   scope of Google's discovery misconduct.

25        Plaintiffs also argue that an adverse inference instruction is warranted. Dkt. 896 (3/2/23

26   Hrg. Tr.) at 109-110. The sources of sanctions authority relied upon by Plaintiffs authorize the

27   issuance of adverse inference instructions. *See First Fin. Sec., Inc. v. Freedom Equity Grp., LLC,*

28   No. 15-cv-1893-HRL, 2016 WL 5870218, at *3 (N.D. Cal. Oct. 7, 2016) (holding that Rule

2023/03/20 12:27:05   13  /20
Case 4:20-cv-03664-YGR   Document 911-3   Filed 03/29/23   Page 14 of 21
Case 4:20-cv-03664-YGR   Document 898 *SEALED*   Filed 03/20/23   Page 12 of 19

United States District Court
Northern District of California

1  37(b)(2)(A) authorizes a court to issue an adverse-inference jury instruction when "bad faith or

2  gross negligence has resulted in either the spoliation of evidence or failure to turn over relevant

3  evidence"); Fed. R. Civ. P. 37(e) (stating that upon finding that the party who lost electronically

4  stored information that should have been preserved "acted with the intent to deprive another party

5  of the information's use in the litigation," court may "presume that the lost information was

6  unfavorable to the party" or "instruct the jury that it may or must presume the information was

7  unfavorable to the party"). However, although Google's discovery misconduct has deprived

8  Plaintiffs and the Court of a full understanding of Google's logs containing Incognito-detection

9  bits, the known information does not support an inference that the late-disclosed information was

10 unfavorable to Google. At the hearing Plaintiffs suggested as an alternative that an instruction

11 could state that the jury could infer that the late-disclosed information is not helpful to Google.

12 Dkt. 896 (3/2/23 Hrg. Tr.) at 110. The Court finds that this inference is warranted. The facts

13 recited above regarding Google's three-week investigation following the May 2022 Sanctions

14 Order demonstrates that at all times during the extended period during which the Parties have been

15 arguing about Incognito-detection bits, Google had the ability to identify the Incognito-detection

16 bits and the logs that contain them. Had that information been helpful to Google, it is reasonable

17 to infer that Google would have made the effort to identify and disclose the information before it

18 was forced to do so in the face of Plaintiffs' sanctions orders.

19       For the foregoing reasons, the Court **MODIFIES** the jury instruction sanction in the May

20 2022 Sanctions Order as follows (with new language underlined):

21             If in the course of proceedings before the trial judge it is determined that Google's

22             discovery misconduct is relevant to an issue before the jury, the Court finds the

23             following jury instructions appropriate: (1) "Google failed to disclose to Plaintiffs

24             the names of key Google employees responsible for developing and implementing

25             Google's Incognito-detection bits"; and (2) "Despite multiple Court orders

26             requiring Google to disclose the information, Google failed to timely disclose (a) at

27             least ▮ relevant data sources reflecting the use of three Incognito-detection bits;

28

12

2023/03/20 12:27:05   14 /20
Case 4:20-cv-03664-YGR  Document 911-3  Filed 03/29/23  Page 15 of 21
Case 4:20-cv-03664-YGR  Document 898 *SEALED*  Filed 03/20/23  Page 13 of 19

1    <u>and (b) at least ▮ additional Incognito-detection bit[1] and any data sources in</u>

2    <u>which it was used.  The jury may infer from Google's failure to disclose these data</u>

3    <u>sources that they are not helpful to Google.</u>"

### 2. Preclusion sanctions

The Court has the authority to "direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action." *See* Fed. R. Civ. P. 37(b)(2)(A)(i); *see also* Fed. R. Civ. P. 37(c)(1)(C) (authorizing orders listed in Rule 37(b)(2)(A)(i)-(vi) for failing to provide information or identify a witness); Fed. R. Civ. P. 37(e)(1) (authorizing such sanctions for failing to preserve ESI); *Guifu Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 396 (N.D. Cal. 2012) (holding that such sanctions are within court's inherent authority).  The Court may also prohibit Google, as the "disobedient party," from "supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

### a. Establishment of facts; preclusion of arguments

Plaintiffs argue in favor of imposing numerous evidentiary sanctions that would establish key elements of their case. *See* Dkt. 833-1 at 21-22.  For example, Plaintiffs ask the Court to find that throughout the Class Period, "Google read and learned the contents or meanings of Plaintiffs' and class members' private browsing communications," "Google readily and systematically mixed private browsing data with the other data it stores," and "Google's conduct in terms of collecting, storing, and using Plaintiffs' and class members' private browsing data was highly offensive." *Id.*

The Court concludes that it would be inappropriate to direct that the broad matters encompassed in these proposed sanctions be taken as established for purposes of this case. Although Google's discovery misconduct has denied Plaintiffs and the Court the opportunity to develop a full understanding of the bits and logs that Google failed to timely disclose, the Court cannot reasonably square matters such as the examples set forth above with what is known about the Incognito detection bits and the logs containing them.  However, the Court concludes that the

---

[1] *See* section III, *infra*.

United States District Court
Northern District of California

1    following additional evidentiary sanction is consistent with the record concerning the █████

2    "joined log" and therefore **ORDERS** pursuant to Rule 37(b)(2)(A)(ii) as follows:

3              Google is precluded from arguing that there are no logs containing both

4              authenticated and unauthenticated data.

5    For clarity, this evidentiary sanction does not preclude Google from arguing that it does not "join"

6    authenticated and unauthenticated data.

####                    b.    **Additional witness preclusion**

8          The May 2022 Sanctions Order included a sanction precluding Google from offering or

9    relying on testimony from certain witnesses involved with the development of Incognito-detection

10   bits. Dkt. 388-1 ¶ 36(2). The evidentiary sanction set forth in Paragraph 36(2) of the May 2022

11   Sanctions Order is **MODIFIED** to add Steven Ellis, Vineet Kahlon, Maciej Kuzniar, Eugene Lee,

12   Xianzhi Liu, Erik Maki, Vasily Panferov, and Martin Sramek to the list of witnesses whose

13   testimony Google may not offer or rely upon. Google provided the declarations of Mr. Sramek to

14   Plaintiffs as part of its attempt to comply with the May 2022 Sanctions Order, and the other

15   newly-precluded witnesses submitted declarations in support of Google's briefing on the OSC.

16   None of the newly-precluded witnesses were disclosed by Google during discovery. Google

17   argues that these witnesses only became relevant in response to the May 2022 Sanctions Order so

18   did not need to be disclosed earlier. Dkt. 857-3 at 18-19. However, presumably some or all of

19   these witnesses would have been disclosed during the normal course of discovery had Google

20   been forthcoming in identifying logs containing Incognito-detection bits. Because none of these

21   witnesses were disclosed, this witness preclusion sanction is warranted under Rule 37(b)(2)(A)(ii)

22   and Rule 37(c)(1)(C). This preclusion order does not extend to Google's expert, Konstantinos

23   Psounis, Ph.D., because Plaintiffs have not requested that he be precluded. The Court also does

24   not preclude Google from offering or relying on testimony from Matthew Harren, whose identity

25   was disclosed to Plaintiffs during discovery.

####             3.    **Monetary sanctions**

27         As discussed in the May 2022 Sanctions Order, Rule 37(b)(2)(C) requires the Court to

28   order a party who has disobeyed a discovery order "to pay the reasonable expenses, including

United States District Court
Northern District of California

2023/03/20 12:27:05    16 /20
Case 4:20-cv-03664-YGR   Document 911-3   Filed 03/29/23   Page 17 of 21
Case 4:20-cv-03664-YGR   Document 898 *SEALED*   Filed 03/20/23   Page 15 of 19

attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Under the facts and circumstances of the present motion for additional sanctions, the Court concludes that it is appropriate to require Google to pay certain monetary sanctions.

### a.    Certain expert fees

As discussed above, Google responded to the May 2022 Sanctions Order by identifying dozens of additional logs containing Incognito detection bits. The four Sramek declarations provided by Google to Plaintiffs contained explanations of how Google located these logs and Google's position about the operation and use of the logs. *See* Dkt. 614-2, 614-3, 695-4, 797-20. The OSC that issued after Plaintiffs brought this situation to the Court's attention required Google to provide Plaintiffs and the Court with "all facts or data considered by any person proffering evidence in connection with Google's opening brief." Dkt. 784. The OSC also contemplated that further proceedings before the Special Master might be beneficial, although ultimately the Parties did not seek the Special Master's assistance on this issue. *Id.* Under the circumstances, it was appropriate and foreseeable that Plaintiffs engaged the assistance of a limited number of their experts to evaluate the information provided by Google and assist with the briefing on the OSC. Accordingly, in addition to the monetary sanctions awarded in the May 2022 Sanctions Order, the Court awards Plaintiffs the expenses incurred for fees of the experts who submitted declarations in connection with the OSC—Christopher Thompson and Jay Bhatia—for only that work performed on or after May 31, 2023 in evaluating Google's response to the May 2022 Sanctions Order and in assisting with Plaintiffs' opposition to the OSC.

### b.    Monetary sanctions for failure to comply with May 31, 2022 deadline for certification

As also discussed above, Google violated the May 2022 Sanctions Order by failing to either meet the May 31, 2022 deadline to certify that there were no other logs containing Incognito-detection bits or seek an extension of the deadline. Google did not provide the requested certification until August 18, 2022, and it has not demonstrated why it could not have provided the certification earlier, such as when it provided a list of logs on June 14, 2022.

United States District Court
Northern District of California

United States District Court
Northern District of California

1     Accordingly, the Court finds it appropriate to impose a monetary sanction of $1,000.00 per day for

2     each day that Google's August 18, 2022 certification missed the May 31, 2022 deadline, for a total

3     of $79,000.00.

4     **III.**    **GOOGLE'S ADMINISTRATIVE MOTION FOR LEAVE TO DEPRECATE**

5          While briefing on the OSC regarding additional sanctions was underway, Google filed an

6     administrative motion revealing that it had discovered an additional Incognito detection bit called

7     "███████████." Dkt. 810. Unlike the three Incognito-detection bits that were the subject of

8     the May 2022 Sanctions Order, the ██████████████ bit ███████████████████

9     ████████████████████████████████████████████████████████████████

10     ███████████████████████████" Dkt. 809-4 at 1. Google argues that this field

11     was "█████████████████████████████████████████████." *Id.* The

12     evidence shows that Google began using the ████████████ field on October 13, 2016.

13     Dkt. 809-5 ¶ 3. Google states that ███████████████████████████████████████

14     ███████████████" but "██████████████████████████████████████████

15     ████████," including changes to Chrome in 2019. *Id.* ¶ 6. Accordingly, Google characterizes

16     the field and underlying heuristic as "defunct code" and now seeks permission from the Court to

17     deprecate the "█████████████ field and heuristic from its logs." Dkt.809-4 at 3. Upon

18     agreement of the Parties, the Court ordered Plaintiffs to include any additional sanctions requests

19     they seek in connection with the ████████████ field in their OSC briefing. Dkt. 826.

20          Plaintiffs argue Google's failure to disclose the ████████████ bit until December 20,

21     2022 is a further violation of this Court's discovery orders. Dkt. 815-1 at 1. Plaintiffs also argue

22     that Google's conduct in this respect has caused them further prejudice, particularly for their

23     injunctive relief classes, which will seek at a minimum to require Google to "delete the private

24     browsing information that it previously collected and is currently storing [and] remove any

25     services that were developed or improved with the private browsing information." *Id.* at 5

26     (citation omitted). Plaintiffs argue that "[b]y artificially and unlawfully limiting discovery into

27     Google's tracking and use of private browsing data, Google seeks to prevent full compliance with

28     that order" for the classes. *Id.* Plaintiffs further assert that granting Google leave to deprecate the

2023/03/20 12:27:05    18 /20
Case 4:20-cv-03664-YGR   Document 911-3   Filed 03/29/23   Page 19 of 21
Case 4:20-cv-03664-YGR   Document 898 *SEALED*   Filed 03/20/23   Page 17 of 19

1   ████████████ field would allow it "to destroy evidence that could be used to identify

2   'services that were developed or improved with [] private browsing information,' – thus enabling

3   those services to escape any injunction." *Id.*

4       Notwithstanding Google's arguments to the contrary, the "████████████" field and

5   heuristic are relevant.   They show that Google's efforts to detect Incognito browsing were not

6   limited to heuristics based on the X-Client-Data header.   Google claims this field ceased to

7   function and became "defunct" in 2019, before this action was filed.   Dkt. 809-4 at 1.   However,

8   Plaintiffs presented evidence suggesting that the change to Chrome that Google claims rendered

9   ████████████ defunct did not occur until July 2020.   Dkt. 833-1 at Slide B10.   In any event,

10   Google's argument is unavailing because the class period in this case extends back to June 1,

11   2016.   *See* Dkt. 803 at 24.   Accordingly, even under Google's timeline, the "████████████"

12   field was in use for approximately 3 years during the class period.

13       The full significance of the ████████████ field and heuristic is not known because

14   Google did not disclose their existence during fact discovery.   Plaintiffs have demonstrated that

15   this information is of some relevance, particular insofar as it shows Google's efforts to detect

16   private browsing mode on non-Chrome browsers.   *See* Dkt. 833-1 at 8-9.   Google's request for

17   leave to deprecate the ████████████ field and heuristic from its logs is therefore **DENIED**.

18   However, Plaintiffs do not seek additional discovery on this issue at this time.   While

19   understandable given the stage of the case, Plaintiff's position does not support an award of

20   additional sanctions with regard to Google's failure to disclose ████████████, beyond the

21   modification of the jury instruction discussed above.

22   ////

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

United States District Court
Northern District of California

2023/03/20 12:27:05    19 /20
Case 4:20-cv-03664-YGR   Document 911-3   Filed 03/29/23   Page 20 of 21
Case 4:20-cv-03664-YGR   Document 898 *SEALED*   Filed 03/20/23   Page 18 of 19

## IV.    CONCLUSION

For the foregoing reasons, the Court **ORDERS** that the following additional sanctions be imposed against Google:

1.  The jury instruction sanction set forth in the May 2022 Sanctions Order (*see id.*) is modified as follows:

    > If in the course of proceedings before the trial judge it is determined that Google's discovery misconduct is relevant to an issue before the jury, the Court finds the following jury instructions appropriate: (1) "Google failed to disclose to Plaintiffs the names of key Google employees responsible for developing and implementing Google's Incognito-detection bits"; and (2) "Despite multiple Court orders requiring Google to disclose the information, Google failed to timely disclose (a) at least ▉ relevant data sources reflecting the use of three Incognito-detection bits; and (b) at least ▉ additional Incognito-detection bit and any data sources in which it was used. The jury may infer from Google's failure to disclose these data sources that they are not helpful to Google."

2.  Google is precluded from arguing that there are no logs containing both authenticated and unauthenticated data.

3.  Google may not offer or rely on testimony from Steven Ellis, Vineet Kahlon, Maciej Kuzniar, Eugene Lee, Xianzhi Liu, Erik Maki, Vasily Panferov, and Martin Sramek for any purpose. This sanction is in addition to the witness preclusion sanction set forth in the May 2022 Sanctions Order. *See* Dkt. 588 at 7.

4.  Google must pay the expert fees incurred by Plaintiffs for the work of Christopher Thompson and Jay Bhatia in evaluating Google's response to the May 2022 Sanctions Order and in assisting with Plaintiffs' opposition to the OSC. Within **10 days of the date of this Order**, Plaintiffs must serve Google with an itemized statement of the above-ordered expert fees along with supporting documents. The parties must then meet and confer to resolve the payment of those fees. Any dispute must be presented to the Court in a joint discovery letter brief within **14 days** of Plaintiff's service of its

1    itemized statement on Google.

2    5.   Google must pay Plaintiffs $79,000.00 for Google's failure to meet the May 31, 2022

3         deadline for providing the certification required under the May 2022 Sanctions Order.

4    6.   Google's request for leave to deprecate the Incognito_window field and heuristic from

5         its logs is **DENIED**.

6         **SO ORDERED.**

7    Dated: March 20, 2023

8

9                                                _Susan van Keulen_

10                                                SUSAN VAN KEULEN
                                                  United States Magistrate Judge