**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted pro hac vice)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Counsel for Defendant Google LLC*
*Additional counsel on signature pages*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, *et al.*, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR ISSUE CERTIFICATION UNDER F.R.C.P. 23(c)(4)**<br><br>Hon. Yvonne Gonzalez Rogers<br>Courtroom: 1 – 4th Floor<br>Date:    May 12, 2023<br>Time:    1:00 p.m. |

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | LEGAL STANDARD | 3 |
| III. | ARGUMENT | 3 |
|  | A. Individualized Issues of Liability Preclude Certification of a Rule 23(c)(4) Liability Class | 3 |
|  |     1. Liability Is Not a "Genuinely Common Issue" | 4 |
|  |     2. Google's Liability Cannot Be Separated from Implied Consent or Other Individualized Issues Sufficient to Defeat Liability | 6 |
|  | B. A Rule 23(c)(4) Liability Class Would Be Inefficient and Prejudicial | 9 |
|  | C. The Court's Certification of Rule 23(b)(2) Injunctive Relief Classes Does Not Warrant Certification of a Rule 23(c)(4) Liability Class | 11 |
| IV. | CONCLUSION | 13 |

# TABLE OF AUTHORITIES

Page(s)

### Cases

*Backhaut v. Apple Inc.*,
  2015 WL 4776427 (N.D. Cal. Aug. 13, 2015) ........................................................................ 5

*Buchanan v. Tata Consultancy Servs., Ltd.*,
  2017 WL 6611653 (N.D. Cal. Dec. 27, 2017) ...................................................................... 12

*Calhoun v. Google LLC*,
  2022 WL 18107184 (N.D. Cal. Dec. 12, 2022) ...................................................................... 7

*In re ConAgra Foods, Inc.*,
  302 F.R.D. 537 (C.D. Cal. 2014) ......................................................................................... 10

*Crystal Springs Upland Sch. v. Fieldturf USA, Inc.*,
  219 F. Supp. 3d 962 (N.D. Cal. 2016) ................................................................................... 4

*Cunningham v. Multnomah County*,
  2015 WL 274187 (D. Or. Jan. 20, 2015) ................................................................................ 7

*In re Facebook, Inc. Internet Tracking Litig.*,
  956 F.3d 589 (9th Cir. 2020) ................................................................................................. 9

*In re Google Assistant Privacy Litig.*,
  457 F. Supp. 3d 797 (N.D. Cal. 2020) ................................................................................... 7

*Gunnells v. Healthplan Servs., Inc.*,
  348 F.3d 417 (4th Cir. 2003) ............................................................................................. 3, 7

*Haas v. Travelex Ins. Servs. Inc.*,
  2023 WL 2347427 (C.D. Cal. Jan. 10, 2023) ...................................................................... 13

*Hart v. TWC Product and Technology, LLC*,
  No. 4:20-cv-03842, Dkt. 198 (N.D. Cal. March 30, 2023) ................................................ 8, 9

*Hilario v. Allstate Ins. Co.*,
  2022 WL 17170148 (N.D. Cal. Nov. 22, 2022) .................................................................. 13

*Hill v. Nat'l Collegiate Athletic Ass'n*,
  7 Cal. 4th 1 (1994) ................................................................................................................. 7

*Holmes v. Pension Plan of Bethlehem Steel Corp.*,
  213 F.3d 124 (3d Cir. 2000) .................................................................................................. 5

*Houser v. Pritzker*,
  28 F. Supp. 3d 222 (S.D.N.Y. 2014) ................................................................................... 12

*In re JUUL Labs, Inc., Mktg. Sales Pracs. & Prod. Liab. Litig.*,
  609 F. Supp. 3d 942 (N.D. Cal. 2022) ................................................................................. 13

*Kamakahi v. Am. Soc. for Reproductive Medicine*,
  305 F.R.D. 164 (N.D. Cal. 2015) .......................................................................................... 6

*Lautemann v. Bird Rides, Inc.*,
  2019 WL 3037934 (C.D. Cal. May 31, 2019) ..................................................................... 13

*Lilly v. Jamba Juice Co.*,
 308 F.R.D. 231 (N.D. Cal. 2014) .............................................................................................. 6

*Little v. Wash. Metro. Area Transit Auth.*,
 249 F. Supp. 3d 394 (D.D.C. 2017) ........................................................................................ 12

*Loritz v. Exide Techs.*,
 2015 WL 6790247 (C.D. Cal. July 21, 2015) ........................................................................... 6

*LSIMC, LLC v. Am. Gen. Life Ins. Co.*,
 2022 WL 4596597 (C.D. Cal. Aug. 4, 2022) ............................................................................ 6

*Martin v. Behr Dayton Thermal Prods. LLC*,
 896 F.3d 405 (6th Cir. 2018) .................................................................................................... 3

*McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
 672 F.3d 482 (7th Cir. 2012) ........................................................................................... 1, 4, 12

*In re Nassau Cnty. Strip Search Cases*,
 461 F.3d 219 (2d Cir. 2006) ..................................................................................................... 3

*Nieves v. United of Omaha Life Ins. Co.*,
 2023 WL 2705836 (S.D. Cal. Mar. 28, 2023) .......................................................................... 6

*Opperman v. Path, Inc.*,
 2016 WL 3844326 (N.D. Cal. July 15, 2016) .......................................................................... 8

*Plante v. Gonzalez*,
 575 F.2d 1119 (5th Cir. 1978) ............................................................................................. 8, 9

*Rahman v. Mott's LLP*,
 693 F. App'x 578 (9th Cir. 2017) ......................................................................................... 1, 3

*Ramirez v. ICE*,
 338 F. Supp. 3d 1 (D.D.C. 2018) ............................................................................................ 13

*Reitman v. Champion Petfoods USA, Inc.*,
 830 F. App'x 880 (9th Cir. 2020) ................................................................................... 3, 5, 12

*In re Rhone–Poulenc Rorer, Inc.*,
 51 F.3d 1293 (7th Cir. 1995) .................................................................................................. 11

*Russel v. Educ. Comm. for Foreign Med. Graduates*,
 15 F.4th 259 (3d Cir. 2021) ...................................................................................................... 3

*Smilow v. Bell Mobile Sys., Inc.*,
 323 F.3d 32 (1st Cir. 2003) ...................................................................................................... 3

*Spangler v. National College of Technical Instruction*,
 2016 WL 11772282 (N.D. Cal. May 19, 2016) .................................................................... 6, 7

*Tasion Comms., Inc. v. Ubiquiti Networks, Inc.*,
 308 F.R.D. 630 (N.D. Cal. 2015) ............................................................................................. 5

*Trinh v. Homan*,
 466 F. Supp. 3d 1077 (C.D. Cal. 2020) .................................................................................. 13

*Valentino v. Carter-Wallace, Inc.*,
 97 F.3d 1227 (9th Cir. 1996) ................................................................................................ 3, 4

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) .................................................................................................................. 2

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................................ 4
Fed. R. Civ. P. 23(a) ................................................................................................................. 3, 13
Fed. R. Civ. P. 23(b) ....................................................................................................................... 3
Fed. R. Civ. P. 23(b)(2) ......................................................................................... 1, 2, 4, 11, 12, 13
Fed. R. Civ. P. 23(b)(3) ............................................................................................. 1, 2, 3, 5, 6, 12
Fed. R. Civ. P. 23(c)(1)(B) .............................................................................................................. 4
Fed. R. Civ. P. 23(c)(4) ..................................................................................... 1, 3, 4, 5, 6, 10, 11, 12, 13
Fed. R. Civ. P. 23(c)(4)(A) ............................................................................................................. 4

**Statutory Authorities**

18 U.S.C. § 2511(2)(d) ................................................................................................................... 7
Cal. Penal Code § 502(c) ................................................................................................................ 7

**Other Authorities**

*Manual for Complex Litig.*, § 21.24 (4th ed. 2022) .......................................................................... 11
*Newberg & Rubenstein on Class Actions*, § 4:92 (6th ed. 2022) .................................................... 3, 4

## I. INTRODUCTION

Class certification in this three-year-old case has already been briefed, argued, and decided. Having unsuccessfully petitioned the Ninth Circuit to review this Court's rejection of a damages class, Plaintiffs now come back urging the Court to grant a purported "Motion for Issue Certification." Despite its name, the motion does not identify a single issue for the Court to certify. Instead, Plaintiffs refer vaguely to "the same liability issues that will be decided in connection with the claims certified under Rule 23(b)(2)," Dkt. 894 ("Mot.") 1—leaving for the Court the difficult exercise of teasing out what, exactly, Plaintiffs hope to try on a classwide basis. Although Plaintiffs never get around to defining the issues they seek to certify, their motion makes clear that they would encompass far more than "the same issues the Court will already be deciding for the certified Rule 23(b)(2) classes." Mot. 13. Indeed, they admit that "what Plaintiffs propose here" amounts to "a classwide adjudication of liability." Mot. 4. That is not what the Court certified under Rule 23(b)(2); to the contrary, the Court ruled such a determination is not feasible in a class proceeding.

The Court's class certification order was clear: "consent is a defense to all of plaintiffs' claims" and remains "the central disputed issue in this case." Dkt. 803 ("Class Cert. Ord.") 32. And because Google has presented "non-speculative evidence" that millions of class members were aware of and impliedly consented to the challenged conduct, the Court found the "Liability Inquiry" *cannot* be resolved against Google classwide. *Id.* at 28–32. Additional individualized issues the Court did not need to reach when it denied Plaintiffs' motion for Rule 23(b)(3) certification—and which Plaintiffs fail to address—likewise render "classwide adjudication of liability" against Google impossible. *See* Dkt. 659-3 ("Class Cert. Opp.") at III.B. Plaintiffs' renewed attempt to certify that question is squarely at odds with the Court's existing order. Their request for a Rule 23(c)(4) "liability issues" class must be denied.

*First*, the Court cannot certify "liability" for classwide determination because Plaintiffs cannot prove that Google is liable to anyone without individualized inquiries specific to each class member. Rule 23(c)(4) certification is appropriate only for "genuinely common issues," *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 672 F.3d 482, 491 (7th Cir. 2012), and only if it "materially advance[s] the resolution of the *entire* case." *Rahman v. Mott's LLP*,

693 F. App'x 578, 580 (9th Cir. 2017) (emphasis in original). Plaintiffs' proposed class does neither. Plaintiffs spill much ink arguing that courts may certify issues classes where Rule 23(b)(3) classes fail, but do not cite even a single decision certifying a liability class where, as here, *liability itself* is not susceptible to common proof. "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). That Google is "liable" is not a common answer that can be established classwide. And contrary to Plaintiffs' contention that liability can be tried separately from individualized issues like implied consent, consent *precludes* any finding of liability in the first place. In many cases, it is critical to elements that Plaintiffs bear the burden to prove.

*Second*, Plaintiffs' proposal would not render proceedings more efficient, but would unfairly prejudice Google. The key classwide evidence in this case is undisputed, and the court could not materially advance the resolution of the litigation by certifying for classwide resolution an issue that can be resolved against Google only in individual proceedings. Instead, Plaintiffs' suggested process—whereby Google would raise implied consent and other individualized liability arguments only in hypothetical individual proceedings in which the jury is told Google *was already found* liable to the entire class—would be profoundly prejudicial and violate the Seventh Amendment's prohibition on charging multiple juries to resolve Google's liability to the same class members.

*Third*, Plaintiffs cannot overcome the problems identified above simply because the Court certified classes under Rule 23(b)(2). Plaintiffs' entire brief rests on the assumption that the Court's certification of injunctive relief classes already certified the question of Google's liability for classwide resolution, but it did not. On this record, *no* class proceeding—including that which the Court authorized under Rule 23(b)(2)—could impose liability on a classwide basis. The Court certified Rule 23(b)(2) classes to consider whether some form of injunctive relief "is appropriate respecting the class as a whole," Class Cert. Ord. 33 (quoting Fed. R. Civ. P. 23(b)(2)), not to establish liability across the class. Plaintiffs' own authority confirms that concurrent liability and injunctive classes are appropriate only where, unlike here, the conduct sought to be enjoined gives rise to uniform liability across the entire class.

2                                                    Case No. 4:20-cv-03664-YGR-SVK
GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR ISSUE CERTIFICATION

## II. LEGAL STANDARD

Rule 23(c)(4) provides that "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues." Fed. R. Civ. P. 23(c)(4). A Rule 23(c)(4) issues class must still satisfy the requirements of Rule 23(a) and at least one subsection of Rule 23(b). *Newberg & Rubenstein on Class Actions* § 4:92 (6th ed. 2022) ("The class certification requirements of Rule 23(a) and Rule 23(b) are necessary to certification of an issue class, but not sufficient."). Issues certified under Rule 23(c)(4) must be genuinely common across the class. *See Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). And for certification to be "appropriate," it must "materially advance[] the disposition of the litigation as a whole." *Rahman v. Mott's LLP*, 693 F. App'x 578, 580 (9th Cir. 2017). Thus, even if predominance is not required to certify a class under Rule 23(c)(4), certification is nonetheless "inefficient," and therefore inappropriate, when "numerous individualized issues" would stand in the way of a classwide determination. *Reitman v. Champion Petfoods USA, Inc.*, 830 F. App'x 880, 882 (9th Cir. 2020).

## III. ARGUMENT

### A. Individualized Issues of Liability Preclude Certification of a Rule 23(c)(4) Liability Class

The overwhelming majority of Plaintiffs' motion is devoted to establishing the unremarkable proposition that a Court may certify an issues class even where a Rule 23(b)(3) class is inappropriate.[1] *See* Mot. 4–11. Plaintiffs barely address the actual question before the Court—

---

[1] The cases Plaintiffs cite for that simple proposition actually militate against certifying a liability class here. *See Valentino*, 97 F.3d at 1234–35 (9th Cir. 1996) (vacating a Rule 23(c)(4) certification order where district court failed to consider whether common questions predominated within the issues carved out for issue certification); *Smilow v. Bell Mobile Sys., Inc.*, 323 F.3d 32, 41–43 (1st Cir. 2003) (reversing decertification of Rule 23(b)(3) class and observing in dicta that Rule 23(c)(4) would permit non-damages issues to continue as a class action if damages later required individualized determinations); *In re Nassau Cnty. Strip Search Cases*, 461 F.3d 219, 225–229 (2d Cir. 2006) (approving of certifying a liability class where, unlike here, liability issues for illegal strip search policy were "common to the class"); *Russel v. Educ. Comm. for Foreign Med. Graduates*, 15 F.4th 259, 271–73 (3d Cir. 2021) (holding district court abused its discretion in certifying a Rule 23(c)(4) issues class because it failed to adequately assess appropriateness); *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 428 (4th Cir. 2003) (authorizing certification of liability issues where, unlike here, "common questions predominate over individual questions as to liability"); *Martin v. Behr Dayton Thermal Prods. LLC*, 896 F.3d 405, 409–10 (6th Cir. 2018)

3    Case No. 4:20-cv-03664-YGR-SVK
GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR ISSUE CERTIFICATION

whether certification of the proposed class is appropriate in *this* case. Plainly, it is not. As an initial matter, Plaintiffs do not actually identify any specific "issues" for the Court to certify, referring instead to "the same liability issues that will be decided in connection with the claims certified under Rule 23(b)(2)."[2] That vague (and incorrect, *see infra* III.C) description is insufficient to meet Rule 23's "demand[] that the proposed issue to be certified should be clearly defined." *Newberg & Rubenstein on Class Actions* § 4:92 (citing Fed. R. Civ. P. 23(c)(1)(B)). Even if it were sufficient, certifying a Rule 23(c)(4) class on the "issue" of Google's liability would be improper because the need for individualized inquiries precludes Plaintiffs from proving Google's liability across the class.

Certification under Rule 23(c)(4) is appropriate only for "genuinely common issues . . . identical across all the claimants." *McReynolds*, 672 F.3d at 491; *see also Valentino*, 97 F.3d at 1234 ("Rule 23 authorizes the district court in appropriate cases to *isolate the common issues* under Rule 23(c)(4)(A) and proceed with class treatment of those particular issues." (emphasis added)). In addition, certification must "materially advance[] the disposition of the litigation as a whole." *Rahman*, 693 F. App'x at 580; *Valentino*, 97 F.3d at 1229 (indicating that "adjudication of the certified issues" should "significantly advance the resolution of the underlying case, thereby achieving judicial economy and efficiency"). Neither requirement is satisfied here.

### 1. Liability Is Not a "Genuinely Common Issue"

The question of liability is not a "genuinely common issue" that can be resolved against Google classwide. Rather, as the Court has observed, "the inquiry into implied consent . . . creates individualized issues" on the question of liability. Class Cert. Ord. 30–32. Other claim-specific

---

(certifying specific factual issues—short of liability—where issues of injury-in-fact and causation defeated predominance); *McReynolds*, 672 F.3d at 491 (7th Cir. 2012) (holding that issues certified under Rule 23(c)(4) must be genuinely common and authorizing issue certification where individualized inquiries were unnecessary "to determine whether the challenged practices were unlawful").

[2] Plaintiffs may not propose more specific issues on reply. *See, e.g., Crystal Springs Upland Sch. v. Fieldturf USA, Inc.*, 219 F. Supp. 3d 962, 967 n.2 (N.D. Cal. 2016) ("New arguments are not permitted in reply.").
4  Case No. 4:20-cv-03664-YGR-SVK
GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR ISSUE CERTIFICATION

liability issues Google identified, but which the Court did not reach, do as well.[3] Thus, although Google can *defeat* liability on a classwide basis—*e.g.*, because all class members expressly consented to Google's Privacy Policy, *see generally* Dkt. 907-3 (Summary Judgment Mot.)—a factfinder could not *impose* liability without an "individualized assessment into class members' experience." Class Cert. Ord. 32.

Because implied consent varies by class member, the issue of Google's liability is not "genuinely common" and thus not amenable to classwide resolution against Google. *See Reitman*, 830 F. App'x at 882 (affirming denial of "liability-only class or issues classes under Rule 23(c)(4)" where, as here, "individualized issues affecting determinations of liability make Rule 23(c)(4) certification inefficient"); *see also Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 137–38 (3d Cir. 2000) (affirming denial of liability class certification where "the issue of liability itself requires an individualized inquiry"). Judge Koh's decision in *Backhaut v. Apple Inc.*, 2015 WL 4776427 (N.D. Cal. Aug. 13, 2015), is particularly instructive. In that case, as here, the plaintiffs sought to certify a Rule 23(c)(4) class to resolve Apple's liability for violations of the Federal Wiretap Act. *Id.* at *1, 3 n.3. The court determined that a liability class would not be appropriate because, as in this case, "liability under the Wiretap Act is subject to [a] Defendant's consent defense. As each claim will ultimately require an individualized determination of whether or not a proposed class member or the sender impliedly consented to any interception, it is unclear what utility, if any, certification of a liability-only class would have." *Id*. at *3 n.3. Other courts in this circuit have similarly declined to certify liability classes under Rule 23(c)(4) where the liability inquiry involved individualized issues. *See Tasion Comms., Inc. v. Ubiquiti Networks, Inc.*, 308 F.R.D. 630, 639 (N.D. Cal. 2015) (rejecting issues class that "basically ask[s] the Court to have every element of a claim . . . subject to class treatment" to improperly "obviate a predominance

---

[3] Plaintiffs incorrectly assert that the Court's Class Certification Order "made plain that the single obstacle to (b)(3) certification was the role of implied consent as an affirmative defense." Mot. 2, 10. Implied consent was alone sufficient to defeat predominance and, accordingly, the Court did not need to reach Google's other arguments in opposition to Rule 23(b)(3) certification. *See* Class Cert. Opp. at III.B. Juries would need to consider each argument to establish Google's liability in individual actions.

problem under Rule 23(b)(3)"); *Nieves v. United of Omaha Life Ins. Co.*, 2023 WL 2705836, at *9 (S.D. Cal. Mar. 28, 2023) (denying certification under Rule 23(c)(4) where "varied factual questions . . . underly [a defendant's] compliance" with applicable law).

None of Plaintiffs' cases suggest otherwise. In each decision Plaintiffs cite where a liability issues class was certified in lieu of a Rule 23(b)(3) class, the court did so because liability was common but *damages* were not.[4] That is not the situation here. Plaintiffs try to obfuscate this distinguishing factor, going so far as to edit out the key text in *Spangler v. National College of Technical Instruction*, 2016 WL 11772282, at *13 (N.D. Cal. May 19, 2016). Plaintiffs quote *Spangler* as authorizing a liability class "even where [the] defendant had 'raised individualized defenses,'" Mot. 7, 11, but omit the rest of the sentence, clarifying that the defendant had only "raised individualized defenses *with respect to damages*." 2016 WL 11772282, at *13 (emphasis added). In this case, by contrast, it is the "Liability Inquiry" itself that cannot be resolved against Google classwide. Class Cert. Ord. 27, 32.

### 2. Google's Liability Cannot Be Separated from Implied Consent or Other Individualized Issues Sufficient to Defeat Liability

Because the central issue Plaintiffs seek to certify for classwide resolution cannot be resolved in their favor without individualized inquiries, certification of a liability class under Rule 23(c)(4) would not "materially advance the disposition of the litigation as a whole." Plaintiffs' assertion that "Google's implied consent defense is simply irrelevant to the determination of liability,"[5] Mot. 7,

---

[4] *See Kamakahi v. Am. Soc. for Reproductive Medicine*, 305 F.R.D. 164, 193 (N.D. Cal. 2015) ("[C]ommon questions predominate as to whether the Guidelines violate the Sherman Act, but . . . Plaintiffs have not demonstrated that damages or injury-in-fact can be shown by common evidence."); *LSIMC, LLC v. Am. Gen. Life Ins. Co.*, 2022 WL 4596597, at *12–13 (C.D. Cal. Aug. 4, 2022) ("Defendant's liability for breach of contract . . . is common across all policies" and only damages required individual determination); *Loritz v. Exide Techs.*, 2015 WL 6790247, at *23–24 (C.D. Cal. July 21, 2015) (certifying a liability class where "the only bar to certification is the failure to present a damages model"); *Lilly v. Jamba Juice Co.*, 308 F.R.D. 231, 244–45 (N.D. Cal. 2014) (certifying a liability class where only a defective damages theory defeated certification of the entire action).

[5] Plaintiffs incorrectly suggest that Google agrees that "implied consent is . . . wholly irrelevant to the common liability issues supporting injunctive relief." Mot. 7. In fact, Google's counsel explained at the class certification hearing that "[t]here is not an implied consent defense . . . that is specific to

11, flies in the face of the record and the law.[6] The Court has already held that implied consent is "central" to the "Liability Inquiry" because it can defeat "all of plaintiffs' claims." Class Cert. Ord. 32; *see also* 10/11/2022 Hr'g Tr. 61:21–23 ("The Court: . . . Assuming for purposes of argument we get past implied consent and there is an analysis of the individual counts . . . ."). Attempting to navigate around that obstacle, Plaintiffs now assert that "implied consent is an affirmative defense that is only considered *after* liability is found." Mot. 10 (emphasis in original). Not surprisingly, they cite no authority for that proposition. It is incorrect.

Plaintiffs' constitutional and statutory claims require them to prove *lack of consent* as an affirmative element. *See In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 828 (N.D. Cal. 2020) ("the plaintiff bringing a CIPA claim has the burden to prove that the defendant lacked consent"); 18 U.S.C. § 2511(2)(d) (intercepting communications with the consent of at least one of the parties thereto is "not [] unlawful"); Cal. Penal Code § 502(c) (plaintiffs asserting CDAFA claim must show that the conduct occurred "without permission"); *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 26 (1994) ("the plaintiff in an invasion of privacy case . . . must not have manifested by his or her conduct a voluntary consent")). And consent is a complete defense to the remaining claims. *See, e.g.*, *Calhoun v. Google LLC*, 2022 WL 18107184, at *8 (N.D. Cal. Dec. 12, 2022). Thus, consent is inextricable from the liability inquiry. And because implied consent cannot be resolved classwide, certification of a liability issues class is not appropriate.

---

injunction" but that implied consent "go[es] to [Plaintiffs'] causes of action." 10/11/2022 Hr'g Tr. 18:4–20:6 (emphasis added). For purposes of this motion, the relevant fact is that implied consent is sufficient to defeat liability on "all of plaintiffs' claims." Class Cert. Ord. 32.

[6] None of Plaintiffs' putative authority supports the proposition that individualized issues like implied consent are irrelevant to a classwide determination of liability. *See* Mot. 7, 11. In *Spangler*, the defendant had only "raised individualized defenses *with respect to damages*." 2016 WL 11772282, at *13 (emphasis added). In *Cunningham v. Multnomah County*, the challenged conduct was a suspicionless strip-search policy that could be declared unconstitutional even if particular inmates voluntarily accepted jobs subject to it. 2015 WL 274187, at *5 (D. Or. Jan. 20, 2015). And in *Gunnells*, "common questions predominate[d] over individual questions as to liability." 348 F.3d at 428.

As a result, Plaintiffs' oversimplified arguments that "each of the pleaded causes of action would benefit from class treatment" to determine Google's liability fall flat. *See* Mot. 9. For example, Plaintiffs assert that "the privacy tort claims—invasion of privacy and intrusion upon seclusion" are "well suited for issue certification" because "both hinge on objective, reasonable person standards and uniform promises." Mot. 10 (citing *Opperman v. Path, Inc.*, 2016 WL 3844326, at *11 (N.D. Cal. July 15, 2016)). But that argument ignores that liability for these claims turns on, among other elements, an actual (and reasonable) expectation of privacy—and class members who were aware of Google's challenged conduct before using private browsing mode could not have had such an expectation. As the California Supreme Court has cautioned, "[t]he extent of [a privacy] interest is not independent of the circumstances." *Hill*, 7 Cal. 4th at 36 (quoting *Plante v. Gonzalez*, 575 F.2d 1119, 1130 (5th Cir. 1978)). For example, "the presence or absence of opportunities to consent voluntarily to activities impacting privacy interests obviously affects the expectations of the participant." *Id.* at 37. Thus, "the plaintiff in an invasion of privacy case must have conducted himself or herself in a manner consistent with an *actual* expectation of privacy, i.e., he or she must not have manifested by his or her conduct a voluntary consent to the invasive actions of defendant." *Id.* at 26 (emphasis added). And as Judge Tigar (the author of the *Opperman* decision on which Plaintiffs rely) explained just last month in denying certification of privacy claims, because "California law [] contemplates that certain factors personal to an individual may affect whether that individual maintained a reasonable expectation of privacy under the California Constitution . . . . courts have found individualized issues to overwhelm common issues at class certification for such claims."[7] *Hart v. TWC Product and Technology, LLC*, No. 4:20-cv-03842, Dkt. 198 at 14–15 (N.D. Cal. March 30, 2023) ("*Hart* Class Cert. Ord.").

Liability under each of Plaintiffs' causes of action turns on additional issues that Plaintiffs cannot prove classwide. For example, Plaintiffs' federal and state wiretapping claims turn on

---

[7] Judge Tigar's decision in *Hart* is instructive. The plaintiffs there alleged that TWC's real-time weather application collected users' precise geolocation data and used it to target digital advertisements, in violation of users' right to privacy under the California Constitution. *Hart* Class Cert. Ord. 1–2. The court denied class certification because, among other things, the plaintiffs' privacy claims could not be proven without resolving individualized issues of implied consent.

whether Google collected the "contents" of a communication, and Plaintiffs have failed to show that Google collected "contents" from the class as a whole. *See* Class Cert. Opp. at III.B.1. For their federal wiretap claim, Plaintiffs have the burden to prove that the individual website developers receiving the alleged communications did not consent. *Id.* at III.A.2. And for their intrusion upon seclusion claim, Plaintiffs must show that the particular intrusion was "highly offensive," which "requires a holistic consideration of factors such as the likelihood of serious harm to the victim," and "the degree and setting of the intrusion." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 606 (9th Cir. 2020).

These individualized factors cannot be resolved against Google for a diverse class of tens of millions that includes, for example, many people who used cookie blockers within private browsing modes, VPNs to obfuscate their communications, and other privacy preserving technologies that provided them exactly the degree of privacy they expected. *See* Class Cert. Opp. at III.B.4. Nor can liability for breach of contract be established classwide, since the alleged contract varied across the class period, and the question whether Google breached as to any given class member requires an individualized inquiry. *Id.* at III.B.5. In short, because Google can be found liable only upon resolution of numerous individualized issues, the Court should deny Plaintiffs' request to certify a "liability issues" class.

### B. A Rule 23(c)(4) Liability Class Would Be Inefficient and Prejudicial

Breezing over the details, Plaintiffs contend that their ill-defined issues class would "significantly advance the efficient resolution of this litigation" because "[t]he core liability determinations will necessarily be decided classwide." Mot. 11. That is wrong. Google's liability to class members *cannot* be established classwide—and the implied consent inquiry "central" to the

---

*Id.* at 14–17. There, as here, the defendant pointed to its own disclosures, news articles, and survey evidence, indicating that a substantial portion of the class was aware of, and impliedly consented to, the challenged data collection and use. *Id.* Judge Tigar found that "[t]he factual questions of whether users viewed any of the[]se materials [disclosing the challenged data use] prior to or during their use of the App and whether users who viewed these materials continued to use the App thereafter necessitate individualized factual inquiries" preventing resolution of the defendant's liability for privacy violations on a classwide basis. *Id.* at 17.

liability determination can be resolved against Google only in individual proceedings. Thus, even if a hypothetical multitude of plaintiffs emerged to pursue individual damages claims against Google, each would still need to establish Google's liability *to them*. In each individual's trial, Google is entitled to raise not only implied consent, but also the many other individualized issues identified in Google's class certification opposition. *See* Class Cert. Opp. at III.B. For these reasons, certifying a Rule 23(c)(4) class to litigate Google's liability classwide could not materially advance resolution of the case as a whole.

Plaintiffs' sky-is-falling contention that without Rule 23(c)(4) certification, as-yet-hypothetical future proceedings by individual class members would require them to "repeatedly remarshal the same evidence, engage the same liability experts, and relitigate the same complicated technical matters," is similarly misguided. The material facts common to the class have always been undisputed. There is no genuine dispute about: (i) the timing and content of Google's public disclosures; (ii) the fact that Google receives the data at issue via HTTP requests when users (including those in private browsing modes) visit websites using Google's web services;[8] or (iii) the fact that private browsing modes provide privacy and control in certain ways and not others.[9] Even if conjectured future proceedings would require *some* common issues to be tried, such facts "would not . . . determine even the question of [Google's] liability" and thus would not "fundamentally advanc[e] the resolution of the litigation." *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 581 (C.D. Cal. 2014) (denying issues class certification on even the "common" issue of whether ConAgra's labels "misled consumers").

Though it would not generate the efficiencies Plaintiffs claim, Plaintiffs' proposed trial procedure—which would purport to establish liability classwide and then redetermine in subsequent individual proceedings whether Google is *actually* liable to individual class members—would be profoundly and unconstitutionally prejudicial to Google. For example, it would be unfair for a class

---

[8] Even Plaintiffs' complaint makes clear that these transmissions are visible using Chrome's developer tool. *See* Dkt. 886 (Fourth Am. Compl.) § 86; *see also* Class Cert. Ord. 31.

[9] *See* Dkt. 907-4 (Google's Separate Statement of Undisputed Material Facts) at Facts 50–82.

member who was aware of the challenged data collection before using private browsing mode—and who therefore impliedly consented—to benefit from a jury instruction that Google has already been found liable to the entire class.

Indeed, the Seventh Amendment directs that a court must "not divide issues between separate trials in such a way that the same issue is reexamined by different juries." *In re Rhone–Poulenc Rorer, Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995) (Posner, J.) (citing U.S. Const. Amend. 7 ("[N]o fact tried by a jury, shall be otherwise re-examined in any Court of the United States . . . .")). Because liability cannot be separated from Plaintiffs' consent, *see supra* III.A.2, such an unconstitutional division of issues is exactly what Plaintiffs ask the Court to endorse here. Thus, the proposed issues class—which would effectively require Google to rebut a presumption of liability before it could possibly have been proven—is contrary to law. *Rhone–Poulenc*, 51 F.3d at 1303 (decertifying class where individualized liability issues make "inconsistency between juries" inescapable); *see also Manual for Complex Litig.*, § 21.24 (4th ed. 2022) ("A bifurcated [class] trial [on liability] *must adequately present to the jury applicable defenses . . . .*" (emphasis added)).

The unprecedented process Plaintiffs propose would be improper even if Plaintiffs were correct that the "single obstacle" to a classwide liability is "the role of implied consent as an affirmative defense." Mot. 2. But it would be particularly misguided and prejudicial here because (i) lack of consent is an *element* Plaintiffs must prove for most of their claims, and thus implied consent cannot be treated as an afterthought, and (ii) there are further individualized issues that also prevent Plaintiffs from proving liability classwide, *see* Class Cert. Opp. at III.B.

C.   **The Court's Certification of Rule 23(b)(2) Injunctive Relief Classes Does Not Warrant Certification of a Rule 23(c)(4) Liability Class**

Plaintiffs contend that the Court's certification of Rule 23(b)(2) injunctive relief classes automatically entitles them to pursue "a classwide finding of *liability* under Rule 23(c)(4)." Mot. 8, 10–11 (emphasis added). Plaintiffs are incorrect. As the Class Certification Order made plain, even if Google's "course of conduct" may "appl[y] to the entire [(b)(2)] class," Class Cert. Ord. 34, its *liability* does not, *id.* at 32. No class—including those the Court has already certified—can feasibly or equitably establish that Google is liable to all class members.

Plaintiffs' argument rests entirely on inapposite out-of-circuit decisions certifying concurrent injunctive relief and liability classes in cases asserting racial discrimination. Mot. 8 (citing *Houser v. Pritzker*, 28 F. Supp. 3d 222, 254 (S.D.N.Y. 2014), and *Little v. Wash. Metro. Area Transit Auth.*, 249 F. Supp. 3d 394, 425 (D.D.C. 2017)). In each case, the conduct sought to be enjoined "necessarily w[ould] have caused a uniform injury to all members of the liability class." *Houser*, 28 F. Supp. 3d at 254 (certifying liability class in an action challenging racially discriminatory hiring practices); *see also Little*, 249 F. Supp. 3d at 425 (certifying (b)(2) and (c)(4) classes challenging a racially discriminatory background check policy because "the question of liability can be efficiently litigated on a class-wide basis."). Unlike here, liability to class members did not turn on individualized issues going to the elements of the parties' claims and defenses. The defendant was either liable to the class as a whole, or not liable at all.

Plaintiffs' reliance on *McReynolds*—a Seventh Circuit case also challenging racially discriminatory employment practices—further exemplifies their failure to grapple with the facts of this very different litigation. *McReynolds* authorized Rule 23(c)(4) certification because it was possible "to determine whether the challenged practices were unlawful" without individual inquiries. 672 F.3d at 491. By contrast, Google's conduct here could be found unlawful *only* if (i) individual class members did not consent, and (ii) the other elements of Plaintiffs' claims (*e.g.*, whether Google intercepted "contents" of communications) are proven as to those class members. Because these inquiries necessarily are individualized, a Rule 23(c)(4) liability class is unworkable, for the very same reasons a Rule 23(b)(3) class could not be certified. *See Reitman*, 830 F. App'x at 882.

Finally, Plaintiffs assert that "[t]he liability questions presented under Rule 23(c)(4) are the same liability questions presented under Rule 23(b)(2), which this Court has already certified." Mot. 9. But the Court has not already certified the undefined "classwide adjudication of liability," Mot. 4, that Plaintiffs seek under Rule 23(c)(4).[10] The Court's Class Certification Order certified

---

[10] Google does not understand the Court to have certified the question of Google's liability to the class as a whole. And if it had, Plaintiffs' motion would be moot. *See Buchanan v. Tata Consultancy Servs., Ltd.*, 2017 WL 6611653, at *23 (N.D. Cal. Dec. 27, 2017) (Gonzalez Rogers, J.) (denying as moot motion to certify under Rule 23(c)(4) issues encompassed by other certified classes); *see also*

12      Case No. 4:20-cv-03664-YGR-SVK
GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR ISSUE CERTIFICATION

neither specific liability questions nor the question of liability generally. Nor could the Court do so given that "Rule 23(b)(2) remedies are 'generally inappropriate in actions raising significant individual liability or defense issues.'" *Trinh v. Homan*, 466 F. Supp. 3d 1077, 1090 (C.D. Cal. 2020) (quoting *Ramirez v. ICE*, 338 F. Supp. 3d 1, 47 (D.D.C. 2018)); *see also Lautemann v. Bird Rides, Inc.*, 2019 WL 3037934, at *7 (C.D. Cal. May 31, 2019) (denying (b)(2) certification where "some class members may not be entitled to any relief . . . if they consented to Defendant's [challenged conduct]."). Rather, in certifying injunctive relief classes, the Court merely found that there is at least one common question, and that Google has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Rule 23(a) & (b)(2); *see also* Class Cert. Ord. 25–26, 33–34. Thus, the basic premise of Plaintiffs' motion—that the Court already certified the issue of liability for classwide resolution—is false. The motion should be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to certify a liability issues class under Rule 23(c)(4).

---

*Haas v. Travelex Ins. Servs. Inc.*, 2023 WL 2347427, at *5 (C.D. Cal. Jan. 10, 2023) ("[B]ecause the Court certifies the class, Plaintiff's argument regarding Rule 24(c)(4) is moot."); *In re JUUL Labs, Inc., Mktg. Sales Pracs. & Prod. Liab. Litig.*, 609 F. Supp. 3d 942, 1003 (N.D. Cal. 2022) (same); *Hilario v. Allstate Ins. Co.*, 2022 WL 17170148, at *11 (N.D. Cal. Nov. 22, 2022) (same).

1 | DATED: April 11, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Andrew H. Schapiro
Andrew H. Schapiro (admitted pro hac vice)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted pro hac vice)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted pro hac vice)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*