**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P**.
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No.:  4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF RYAN J. MCGEE IN SUPPORT OF GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

# DECLARATION OF RYAN J. MCGEE

I, Ryan J. McGee attorney, declare as follows.

1.      I am an associate with the law firm of Morgan and Morgan, counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of Florida and admitted *pro hac vice* for this case. Dkt. 19. I have personal knowledge of the matters set forth herein and am competent to testify.

2.      I am making this Declaration in support of Google LLC's ("Google") Administrative Motion to Seal Portions of Google's Motion for Summary Judgment. Dkt. 907. In making this request, Plaintiffs have carefully considered the relevant legal standard and policy considerations outlined in Civil Local Rule 79-5 for the portions that Google has identified and that Plaintiffs designated as confidential under the Protective Order.

3.      On March 21, 2023, Google filed an Administrative Motion to Seal Portions of Google's Motion for Summary Judgment. Dkt. 907.

4.      On March 30, 2023, the parties stipulated to mutual extensions of time concerning sealing (Dkt. 912), which this Court granted. Dkt. 920.

5.      Per this Court's Standing Order ¶12(a) Plaintiffs hereby indicate that they join Google's administrative motion as it relates to the materials that Plaintiffs have identified as containing confidential and personally identifying information.

6.      I have reviewed the documents that Google seeks to file under seal pursuant to Civil Local Rule 79-5, unredacted versions of which have been filed at Docket Entry 907. Based on my review, there is good cause to seal the following information:

| Document | Basis for Sealing |
|---|---|
| Broome Declaration Ex. 11<br><br>Plaintiff William Byatt's Objections and Responses to Defendant's Third Set of Requests for Admission (Nos. 22-29)<br><br>Highlighted Portions at Pages 7:9-10, 7:12-13. | The portions sought to be sealed associate one or more of the named Plaintiffs with detailed amounts of money paid for services, identification of those services, and when those services were used. Such information has the potential to be used maliciously to harm plaintiffs, like accessing their accounts. *See, e.g.*, *Adkins v. Facebook, Inc.*, 424 F. Supp. 3d 686, 689 (N.D. Cal. 2019) (recognizing that identifiers and other detailed data could enable malicious actors to access consumers' accounts); *McDonald v. CP OpCo, LLC*, 2019 WL 34370, at *9 |

| | |
|---|---|
| | (N.D. Cal. Jan. 28, 2019). Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g., In re Anthem, Inc. Data Breach Litig.*, 2016 WL 11505231, at *1 (N.D. Cal. Apr. 8, 2016). |
| Broome Declaration Ex. 16<br><br>Plaintiff Chasom Brown's Objections and Responses to Defendant's First Set of Interrogatories (Nos. 1-6)<br><br>Highlighted Portions at Pages 4:13, 4:17-19, 4:21, 7:5-7, 7:10. | The portions sought to be sealed associate one or more of the named Plaintiffs with identifiers (*e.g.*, email address), their locations, and information related to their browsing. Such information has the potential to reveal their identities and then be used maliciously to harm plaintiffs, like accessing their accounts. *See, e.g., Adkins*, 424 F. Supp. 3d at 689 (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes"). Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g., In re Anthem*, 2016 WL 11505231, at *1. |
| Broome Declaration Ex. 17<br><br>Plaintiff William Byatt's Objections and Responses to Defendant's First Set of Interrogatories (Nos. 1-6)<br><br>Highlighted Portions at Pages 4:13-15, 4:17-18, 4:20-21, 7:1-2, 7:5. | The portions sought to be sealed associate one or more of the named Plaintiffs with identifiers (*e.g.*, email address), their locations, and information related to their browsing. Such information has the potential to reveal their identities and then be used maliciously to harm plaintiffs, like accessing their accounts. *See, e.g., Adkins*, 424 F. Supp. 3d at 689 (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes"). Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g., In re Anthem*, 2016 WL 11505231, at *1. |

| | |
|---|---|
| Broome Declaration Ex. 18<br><br>Plaintiff Christopher Castillo's Objections and Responses to Defendant's First Set of Interrogatories (Nos. 1-6)<br><br>Highlighted Portions at Pages 4:13-15, 4:17-20, 4:22, 5:7, 7:2-8. | The portions sought to be sealed associate one or more of the named Plaintiffs with identifiers (*e.g.*, email address), their locations, and information related to their browsing. Such information has the potential to reveal their identities and then be used maliciously to harm plaintiffs, like accessing their accounts. *See, e.g.*, *Adkins*, 424 F. Supp. 3d at 689 (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes"). Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |
| Broome Declaration Ex. 19<br><br>Plaintiff Jeremy Davis' Objections and Responses to Defendant's First Set of Interrogatories (Nos. 1-6)<br><br>Highlighted Portions at Pages 4:13, 4:16, 7:6. | The portions sought to be sealed associate one or more of the named Plaintiffs with their locations, and information related to their browsing. Such information has the potential to reveal their identities and then be used maliciously to harm plaintiffs, like accessing their accounts. *See, e.g.*, *Adkins*, 424 F. Supp. 3d at 689 (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes"). Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |
| Broome Declaration Ex. 20<br><br>Plaintiff Chasom Brown's Verified Amended Objections and Responses to Defendant Interrogatories 1, 4, and 5<br><br>Highlighted Portions at Pages 4:6, 4:11, 5:10-13, 5:15-16, 6:10-12, 6:15, 7:5-8, 7:11. | The portions sought to be sealed associate one or more of the named Plaintiffs their locations, and information related to their browsing. Such information has the potential to reveal their identities and then be used maliciously to harm plaintiffs, like accessing their accounts. *See, e.g.*, *Adkins*, 424 F. Supp. 3d at 689 (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes"). Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |

| | |
|---|---|
| Broome Declaration Ex. 21<br><br>Plaintiff William Byatt's Verified Amended Objections and Responses to Defendant Interrogatories 1, 4, and 5<br><br>Highlighted Portions at Pages 4:6, 5:10-13, 5:15-16, 6:10-11, 6:14, 7:3-5, 7:8. | The portions sought to be sealed associate one or more of the named Plaintiffs their locations, and information related to their browsing. Such information has the potential to reveal their identities and then be used maliciously to harm plaintiffs, like accessing their accounts. *See, e.g.*, *Adkins*, 424 F. Supp. 3d at 689 (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes"). Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |
| Broome Declaration Ex. 22<br><br>Plaintiff Christopher Castillo's Verified Amended Objections and Responses to Defendant Interrogatories 1, 4, and 5<br><br>Highlighted Portions at Pages 4:6, 5:10-18, 6:12-18, 7:7-14. | The portions sought to be sealed associate one or more of the named Plaintiffs their locations, and information related to their browsing. Such information has the potential to reveal their identities and then be used maliciously to harm plaintiffs, like accessing their accounts. *See, e.g.*, *Adkins*, 424 F. Supp. 3d at 689 (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes"). Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |
| Broome Declaration Ex. 23<br><br>Plaintiff Jeremy Davis' Verified Amended Objections and Responses to Defendant Interrogatories 1, 4, and 5<br><br>Highlighted Portions at Pages 4:7, 5:10-13, 5:15-17, 6:15, 7:10. | The portions sought to be sealed associate one or more of the named Plaintiffs their locations, and information related to their browsing. Such information has the potential to reveal their identities and then be used maliciously to harm plaintiffs, like accessing their accounts. *See, e.g.*, *Adkins*, 424 F. Supp. 3d at 689 (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes"). Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |

| | |
|---|---|
| Broome Declaration Ex. 28<br><br>Plaintiff Monique Trujillo's Objections and Responses to Defendant's First and Second Set of Interrogatories (Nos. 3 & 10)<br><br>Highlighted Portions at Pages 3:12, 4:13, 4:16-17, 4:20, 6:12-17, 7:11-13, 7:15. | The portions sought to be sealed associate one or more of the named Plaintiffs with identifiers (*e.g.*, email address), their locations, and information related to their browsing. Such information has the potential to reveal their identities and then be used maliciously to harm plaintiffs, like accessing their accounts. *See, e.g.*, *Adkins*, 424 F. Supp. 3d at 689 (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes"). Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |
| Broome Declaration Ex. 30<br><br>Plaintiff William Byatt's Objections and Responses to Defendant's Fourth Set of Interrogatories (Nos. 12-15)<br><br>Highlighted Portions at Pages 4:16-17, 4:19-20. | The portions sought to be sealed associate one or more of the named Plaintiffs with detailed amounts of money paid for services, identification of those services, and when those services were used. Such information has the potential to be used maliciously to harm plaintiffs, like accessing their accounts. *See, e.g.*, *Adkins*, 424 F. Supp. 3d at 689 (recognizing that identifiers and other detailed data could enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9. Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |
| Broome Declaration Ex. 39<br><br>Plaintiffs' Objections and Responses to Defendant's Sixth Set of Interrogatories (No. 17)<br><br>Highlighted Portions at Pages 7:11-13, 7:16-17, 7:20, 8:2-3, 8:6-7, 12:24-13:1. | The portions sought to be sealed associate one or more of the named Plaintiffs their locations, and information related to their browsing. Such information has the potential to reveal their identities and then be used maliciously to harm plaintiffs, like accessing their accounts. *See, e.g.*, *Adkins*, 424 F. Supp. 3d at 689 (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes"). Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |

| Broome Declaration Ex. 77<br><br>Plaintiffs' April 15, 2022 Expert Report of Jonathan E. Hochman<br><br>Highlighted Portions of Report at ¶¶ 88-90, 115, 174-78, 224-25, 234, 236, 243, 246-47.<br><br>Highlighted Portions of Appendix B at ¶¶ 11-13, 18-23; Pages 17-36.<br><br>Highlighted Portions of Appendix G at ¶¶ 7-8, 24, 26.<br><br>Highlighted Portions of Appendix H at Table of Contents; ¶¶ 1-41. | The portions sought to be sealed associate one or more of the named Plaintiffs (and/or their consultants or experts) with identifiers (*e.g.*, IP address, unique cookie values, device identifiers, account identifiers, and times and locations when pages were visited) and information related to their browsing. Such information has the potential to reveal their identities and then be used maliciously to harm plaintiffs (or their consultants or experts) like accessing their accounts. *See, e.g.*, *Adkins*, 424 F. Supp. 3d at 689 (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes").  Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |
| Broome Declaration Ex. 85<br><br>Declaration of Jonathan McPhie Regarding Google Disclosures<br><br>Highlighted Portions at Pages 22:21, 22:23, 22:25, 23:2, 23:4, 23:6 | The portions sought to be sealed associate one or more of the named Plaintiffs with identifiers (*e.g.*, email address) and information related to their account creation. Such information has the potential to reveal their identities and then be used maliciously to harm plaintiffs, like accessing their accounts. *See, e.g.*, *Adkins*, 424 F. Supp. 3d at 689 (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald*, 2019 WL 34370, at *9 (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes").  Plaintiffs also have a privacy interest in protecting such information and forcing them to divulge it as part and parcel to bringing this case puts them in an impossible situation which has been called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem*, 2016 WL 11505231, at *1. |

7.     Furthermore, "an individual's privacy interest" is a compelling reason to seal a document. *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-0100988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (allowing redaction of home addresses and financial account information); *Pension Plan for Pension Tr. Fund for Operating Eng'rs. v. Giacalone Elec. Servs., Inc.*, No. 13-cv-02338-SI, 2015 WL 3956143, at *10 (N.D. Cal. June 29, 2015).

8.      Additionally, public exposure of the information that Plaintiffs seek to seal could subject Plaintiffs to a risk of identity theft. *See, e.g.*, *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012) (sealing "name, address, phone number, and email address").

9.      Since these requests are narrowly tailored, they should not interfere with the public's ability to understand the judicial process and the matters at issue in this case.

10.     A similar request to seal was previously granted in this case, which concerned the same categories of information and similar (if not also the same) documents. *See* Dkt. 804 at 32 (sealing Hochman expert report); *see* Dkt. 804 at 34–36 (sealing Plaintiffs' discovery responses).

11.     A similar request to seal was also granted in the related case of *Calhoun v. Google LLC*, No. 4:20-cv-05146-YGR-SVK (N.D. Cal.), Dkt. 198 (sealing *Calhoun* plaintiffs' web browsing history and information). Courts routinely grant motions to seal this kind of information, even under the more demanding standard applicable to materials filed in connection with dispositive motions. *See Cancino Casteallar v. Mayorkas*, No. 17-CV-491-BAS-AHG, 2021 WL 3678440, at *3 (S.D. Cal. Aug. 19, 2021) (collecting cases); *Am. Auto. Ass'n of N. Calif., Nev. & Utah v. Gen. Motors LLC*, No. 17-CV-3874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal "names, addresses, phone numbers, and email addresses").

12.     If the Court were to deny sealing this information, Plaintiffs could be subjected to a heightened risk of injury, including identity theft. I was personally involved at all stages of the litigation in *Adkins v. Facebook, Inc.*, No. 3:18-cv-05982-WHA (N.D. Cal.) including expert discovery and related motions practice. I personally presented plaintiffs' tutorial before Judge Alsup with two cybersecurity experts (one of whom served as plaintiffs' testifying expert) to discuss data breaches. No. 3:18-cv-05982-WHA, Dkts. 20, 65.

1    13.    I also personally defended the expert deposition of the testifying cybersecurity

2 expert, and I personally argued the *Daubert* motions that Facebook filed against our experts. The

3 information Plaintiffs seek to seal here is of substantially the same type of information that can be

4 used to gain unauthorized access to accounts.

5        I declare under penalty of perjury under the laws of the United States of America that the

6 foregoing is true and correct.  Executed this 17th day of April, 2023, at Tampa, Florida.

7                                            */s/ Ryan J. McGee*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28