# EXHIBIT 14

CONFIDENTIAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FOURTH SET OF REQUESTS FOR ADMISSION (NOS. 30–51)**

Pursuant to Federal Rules of Civil Procedure Rule 36, Defendant Google LLC ("Google") hereby responds and objects to Plaintiffs' Fourth Set of Requests for Admission (Nos. 30–51). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change. Google reserves all rights to supplement and amend its objections and responses accordingly.

**GENERAL OBJECTIONS**

The following objections apply to each and every Request for Admission ("Request") propounded by Plaintiffs and are incorporated into each of the specific objections by reference as if set forth fully therein:

1.      Google has not completed its investigation or discovery in this litigation. Google's Responses and Objections to Plaintiffs' Requests are based upon the information presently known

CONFIDENTIAL

to Google and are given without prejudice to Google's right to adduce or analyze evidence subsequent to the date of these responses. Google expressly reserves the right to revise, supplement, or otherwise amend these Responses and Objections to the extent permitted by the Federal Rules of Civil Procedure, the Local Rules of Practice and Procedure for the United States District Court for the Northern District of California ("Civil Local Rules"), or any discovery orders governing this case.

2.   Google objects to Plaintiffs' definition of "GOOGLE," "YOU," and "YOUR" as encompassing "any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees, employees, attorneys and any other persons acting on GOOGLE LLC'S behalf, including contractors." Google further objects to these definitions to the extent that it seeks to require Google to analyze any information that is not within the possession, custody, or control of Google. Google further objects to these definitions to the extent that it purports to impute knowledge of unspecified or unknown parties or persons to Google. Google further objects to these definitions as overly broad, vague, and ambiguous to the extent they purport to include entities other than Google, which is the only named defendant in the present action. Google further objects to these definitions and instructions to the extent that they include Google's attorneys and, therefore, cause interrogatories using "Google" to seek improperly information protected by the attorney-client privilege, the work product doctrine, the common interest privilege and/or any other applicable privileges or immunities.

3.   Google objects to Plaintiffs' definition of "PERSON(S)" as overly broad and unduly burdensome in that it purports to include "firm, association, organization, partnership, business, trust, corporation, or public entity."

4.   Google objects to Plaintiffs' definitions of "ALL," "USER," "INCLUDE," and "CONCERNING," to the extent that they propose to alter the plain meaning or scope of any specific

request and to the extent that such alteration renders the request vague, ambiguous, and overbroad.

5. Google objects to the Requests to the extent that they seek information shielded from disclosure by the attorney-client privilege, the work-product doctrine, the settlement privilege and/or any other applicable privilege or protection from discovery.

6. Google objects to the Requests to the extent they assume facts or legal conclusions in defining the information requested. Google hereby denies any such disputed facts or legal conclusions to the extent assumed by each request for admission. Any information provided by Google with respect to any such request is without prejudice to this objection.

7. Google objects to the numbering of the Requests, as Plaintiffs have not served any requests for admission numbered 15 to 21 and 29 in this litigation.

8. In making these objections, Google does not waive or intend to waive (a) any objections as to the competency, relevance and admissibility of any information that may be provided in response to these Requests, or the subject matter thereof; (b) any rights to object on any ground to the use of any information that may be provided in response to the Requests, or the subject matter thereof, in any subsequent proceedings, including trial of this or any other action; and (c) any rights to object on any ground to any request for further responses to this or any discovery request.

## RESPONSES TO REQUESTS FOR ADMISSION

Subject to the foregoing objections, Google objects and responds to Plaintiffs' Requests for Admission as follows:

**REQUEST FOR ADMISSION NO. 30:**

GOOGLE intentionally designed the "Google code" referred to in YOUR RFA No. 2 RESPONSE to direct USERS' BROWSERS to send BROWSING DATA to GOOGLE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Google admits that, since at least June 1, 2016, consistent with Google's Privacy Policy and other disclosures about private browsing, third party websites choosing to use Google Analytics or

CONFIDENTIAL

Ads Manager services install Google code in their website for the purpose of transmitting data to Google so that Google can provide the desired services. Google further admits that Google designed the code provided to third party websites for the purpose of providing these services. Except as expressly admitted, Google denies this request.

**REQUEST FOR ADMISSION NO. 31:**

Since at least June 1, 2016, the BROWSING DATA sent to GOOGLE (referred to in Request for Admission No. 30 above) is sent to GOOGLE while communications are in transit between the USER's BROWSER and the website's server.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

In addition to its General Objections, Google specifically objects to the phrases "communications" and "in transit" as vague and ambiguous. Google admits that, a publisher of a website will typically avail itself of third-party web services by embedding references to code onto its website. The referenced code is retrieved and executed by the browser as part of rendering the publisher's website. When executed, the code instructs the user's browser to send information to the third-party service or request content from the third-party service. In making these requests, an HTTP request along with certain basic information (*e.g.*, IP address, user-agent field, referral URL, applicable cookies, and other information) may be included to facilitate processing the request and providing any requested content. When received, the browser renders any requested content as necessary to present a seamless webpage. Except as expressly admitted, Google denies this request.

**REQUEST FOR ADMISSION NO. 32:**

Since at least June 1, 2016, whenever a USER signs in to any GOOGLE service (e.g., Gmail) during an Incognito browsing session, GOOGLE will associate that USER's BROWSING DATA from the same Incognito session prior to the sign in with the USER'S GAIA id.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Denied.

**REQUEST FOR ADMISSION NO. 33:**

Since at least June 1, 2016, whenever a USER signs in to any third-party website that uses Google Analytics and/or Google Ad Manager (e.g., New York Times) during an Incognito browsing session, GOOGLE will deem all of the USER's BROWSING DATA from the same Incognito session to be "authenticated."

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Denied.

**REQUEST FOR ADMISSION NO. 34:**

Since at least June 1, 2016, it has been possible to join a USER's Biscotti-keyed data or Zwieback-keyed data, on the one hand, with the same USER's GAIA-keyed data, on the other hand.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

In addition to its General Objections, Google specifically objects to this Request on the ground that the term "it has been possible" is vague and ambiguous and asking Google to admit that "it has been possible" to take a certain action calls for speculation and is not the proper subject of a request for admission. *See Morley v. Square*, 2016 U.S. Dist. LEXIS 318, *11 (E.D. Mo. Jan. 4, 2016) ("courts do not permit 'hypothetical' questions within requests for admission"); *Buchanan v. Chicago Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit must be connected to the facts of the case, courts do not permit hypothetical questions within requests for admission.") (internal quotations omitted), *Evans v. Tilton*, 2010 WL 1610988, at *4 (E.D.Cal. Apr.21, 2010) (declining to compel further responses to requests for admission that constituted incomplete hypotheticals).

**REQUEST FOR ADMISSION NO. 35:**

Since at least June 1, 2016, it has been possible to attribute a particular event-level log entry to an Incognito browsing session.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

In addition to its General Objections, Google specifically objects to this Request on the ground that the term "it has been possible" is vague and ambiguous and asking Google to admit that "it has been possible" to take a certain action calls for speculation and is not the proper subject of a request for admission. *See Morley v. Square*, 2016 U.S. Dist. LEXIS 318, *11 (E.D. Mo. Jan. 4, 2016) ("courts do not permit 'hypothetical' questions within requests for admission"); *Buchanan v. Chicago Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit must be connected to the facts of the case, courts do not permit hypothetical questions within requests for admission.") (internal quotations omitted), *Evans v. Tilton*, 2010 WL 1610988, at *4 (E.D.Cal. Apr.21, 2010) (declining to compel further responses to requests for admission that constituted incomplete hypotheticals).

**REQUEST FOR ADMISSION NO. 36:**

If ordered by the Court, GOOGLE could add a disclosure to the Incognito New Tab Page that informs USERS of this lawsuit and invites USERS to sign up to learn more information about this lawsuit, including information about becoming a class member.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

In addition to its General Objections, Google specifically objects to this Request on the ground that asking Google to admit that "could" take a certain action calls for speculation and is not the proper subject of a request for admission. *See Morley v. Square*, 2016 U.S. Dist. LEXIS 318, *11 (E.D. Mo. Jan. 4, 2016) ("courts do not permit 'hypothetical' questions within requests for admission"); *Buchanan v. Chicago Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit must be connected to the facts of the case, courts do not permit hypothetical questions within requests for admission.") (internal quotations omitted), *Evans v. Tilton*, 2010 WL 1610988, at *4 (E.D.Cal. Apr.21, 2010) (declining to compel further responses to requests for admission that constituted incomplete hypotheticals).

**REQUEST FOR ADMISSION NO. 37:**

Since at least June 1, 2016, GOOGLE has at times associated BROWSING DATA that GOOGLE deems "unauthenticated" (e.g., Biscotti-keyed data) with BROWSING DATA that GOOGLE deems "authenticated" (e.g., GAIA-keyed data) for purposes of responding to subpoenas.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Denied.

**REQUEST FOR ADMISSION NO. 38:**

Since at least June 1, 2016, GOOGLE has at times associated BROWSING DATA that GOOGLE deems "unauthenticated" (e.g., Biscotti-keyed data) with BROWSING DATA that GOOGLE deems "authenticated" (e.g., Gaia-keyed data) for purposes of responding to Court orders requiring GOOGLE to produce data or information.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Denied.

**REQUEST FOR ADMISSION NO. 39:**

Since at least June 1, 2016, GOOGLE has used Incognito BROWSING DATA for purposes of tracking conversions across different devices, including BROWSING DATA from when USERS were logged out of GOOGLE during the entirety of the Incognito browsing session.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Denied.

**REQUEST FOR ADMISSION NO. 40:**

Since at least June 1, 2016, GOOGLE has made money by serving advertisements to USERS while they were in a private browsing mode, including Display ads, Google Search ads, and YouTube ads, including when USERS were logged out of GOOGLE during the entirety of the private browsing session.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

In addition to its General Objections, Google specifically objects to this Request as largely duplicative of Plaintiffs' Request for Admission No. 11. Subject to the foregoing objections, Google admits that, since June 1, 2016, it has earned revenue from advertising shown to users visiting websites that use Google's advertising services, and that, depending on website and user settings and choices, Google may have been able to display ads to users browsing in Incognito mode.

**REQUEST FOR ADMISSION NO. 41:**

Since at least June 1, 2016, GOOGLE has personalized or targeted the advertisements referred to in RFA No. 40 based on USERS' BROWSING DATA within the same private browsing session, including when USERS were logged out of GOOGLE during the entirety of the private browsing session.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

In addition to its General Objections, Google specifically objects to this Request as largely duplicative of Plaintiffs' Request for Admission No. 7. Subject to the foregoing objections, Google admits that, when a user is not signed into his or her Google account and visits a website in Chrome Incognito mode, and depending on (1) the particular website visited, (2) the particular Google service(s) the website uses, (3) the website's specific settings and selections for each of its Google services, and (4) the user's settings, browser settings, and other software settings and plug-ins, Google may receive data from its services. If Google receives such data, depending on the user's settings and plug-ins, Google may use data associated with received cookie values to personalize advertisements displayed to the user. When a user is in Incognito mode, cookies are deleted after the Incognito session is closed.

Google has insufficient facts to admit or deny this request to the extent it concerns the operation of private browsing modes in non-Google browsers that Google did not design, does not

CONFIDENTIAL

operate, and for which Google does not possess non-public information. Except as expressly admitted, Google denies this Request.

**REQUEST FOR ADMISSION NO. 42:**

Since at least June 1, 2016, GOOGLE has at times paid USERS in exchange for GOOGLE collecting those USERS' BROWSING DATA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Google admits that, during the relevant time period, it had a program that provided reward points to users who enrolled and agreed to provide Google with access to certain browsing data. Except as expressly admitted, Google denies this request.

**REQUEST FOR ADMISSION NO. 43:**

Since at least June 1, 2016, GOOGLE's server-side databases, logs, and data sources contain comingled USER BROWSING DATA comprising both USER BROWSING DATA from non-private browsing sessions and private browsing sessions, including private browsing data from when a USER was not signed into a GOOGLE account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

In addition to its General Objections, Google specifically objects to the phrases "databases," "logs," "data sources" and "comingled" as vague and ambiguous. Google further objects to this Request as overly broad and unduly burdensome to the extent it seeks information concerning "databases, logs, and data sources" that pertain to data Google received from services other than those at issue in this case (*i.e.*, Google Ad Manager and Google Analytics). Subject to the foregoing objections, Google admits that Google does not know if a user is browsing in a private browsing mode. Google stores the data at issue in this case in Analytics and Ad Manager protocol buffer logs that do not associate the data with users' Google Accounts. Except as expressly admitted, Google denies this request.

**REQUEST FOR ADMISSION NO. 44:**

Since at least June 1, 2016, GOOGLE has provided at least some of its California-based employees with access to USER BROWSING DATA from private browsing mode, including without limitation USER Chrome Incognito BROWSING DATA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

In addition to its General Objections, Google specifically objects to this Request as vague and ambiguous. Subject to the foregoing objections, Google admits that Google employees, including those based in California, may access user browsing data provided they have proper access permissions. Except as expressly admitted, Google denies this request.

**REQUEST FOR ADMISSION NO. 45:**

Since at least June 1, 2016, GOOGLE has tools that can be used to query and retrieve USER BROWSING DATA as well as the USER's IP address(es) associated with the USER BROWSING DATA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

In addition to its General Objections, Google specifically objects to the term "USER's IP address(es) associated with the USER BROWSING DATA" as vague and ambiguous. Subject to the foregoing objections, Google admits that Google has tools that can be used to query and retrieve certain data at issue in this case, to the extent the data is retained. Except as expressly admitted, Google denies this request.

**REQUEST FOR ADMISSION NO. 46:**

Since at least June 1, 2016, GOOGLE has permanently stored at least some USER BROWSING DATA from private browsing mode, including without limitation USER Chrome Incognito BROWSING DATA.

CONFIDENTIAL

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Google admits that Google stores some of the data at issue in this case. Google further admits that some of this data is retained permanently. Except as expressly admitted, Google denies this request.

**REQUEST FOR ADMISSION NO. 47:**

Since at least June 1, 2016, GOOGLE has used USER BROWSING DATA from private browsing mode to improve its search, ads, analytics, and other products, including without limitation USER Chrome Incognito BROWSING DATA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Google admits that, since June 1, 2016, Google has used some of the data it collects, including some of the data at issue in this case, to improve its services. Except as expressly admitted, Google denies this request.

**REQUEST FOR ADMISSION NO. 48:**

Since at least June 1, 2016, if a USER signs in to a third-party website that uses Google Analytics and/or GOOGLE Ad Manager in private and non-private browsing modes, GOOGLE has used the USER's BROWSING DATA from both non-private browsing mode and private browsing mode for ad personalization.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Google has insufficient facts to admit or deny this request to the extent it concerns the operation of private browsing modes in non-Google browsers that Google did not design, does not operate, and for which Google does not possess non-public information. Google also has insufficient facts to admit or deny this request to the extent it concerns the operation of hypothetical third-party websites.  Google denies this Request.

**REQUEST FOR ADMISSION NO. 49:**

Prior to and since June 1, 2016, GOOGLE could have stopped session-based tracking within Incognito mode, such that each tab within Incognito mode would be treated as an entirely separate browsing session.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

In addition to its General Objections, Google specifically objects to this Request on the ground that asking Google to admit that it "could have" taken a certain action calls for speculation and is not the proper subject of a request for admission. *See Morley v. Square*, 2016 U.S. Dist. LEXIS 318, *11 (E.D. Mo. Jan. 4, 2016) ("courts do not permit 'hypothetical' questions within requests for admission"); *Buchanan v. Chicago Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit must be connected to the facts of the case, courts do not permit hypothetical questions within requests for admission.") (internal quotations omitted), *Evans v. Tilton*, 2010 WL 1610988, at *4 (E.D.Cal. Apr.21, 2010) (declining to compel further responses to requests for admission that constituted incomplete hypotheticals).

**REQUEST FOR ADMISSION NO. 50:**

Prior to and since June 1, 2016, GOOGLE could have designed Incognito mode to send a signal to GOOGLE at the beginning of an Incognito browsing session to direct GOOGLE not to collect any BROWSING DATA from the session.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

In addition to its General Objections, Google specifically objects to this Request on the ground that asking Google to admit that it "could have" taken a certain action calls for speculation and is not the proper subject of a request for admission. *Morley v. Square*, 2016 U.S. Dist. LEXIS 318, *11 (E.D. Mo. Jan. 4, 2016) ("courts do not permit 'hypothetical' questions within requests for admission"); *Buchanan v. Chicago Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit must be connected to the facts of the case, courts

do not permit hypothetical questions within requests for admission.") (internal quotations omitted), *Evans v. Tilton*, 2010 WL 1610988, at *4 (E.D.Cal. Apr.21, 2010) (declining to compel further responses to requests for admission that constituted incomplete hypotheticals).

**REQUEST FOR ADMISSION NO. 51:**

Prior to and since June 1, 2016, GOOGLE could have designed Incognito mode to send a signal to GOOGLE at the beginning or end of an Incognito browsing session to direct GOOGLE not to store any BROWSING DATA from the session.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

In addition to its General Objections, Google specifically objects to this Request on the ground that asking Google to admit that it "could have" taken a certain action calls for speculation and is not the proper subject of a request for admission. *Morley v. Square*, 2016 U.S. Dist. LEXIS 318, *11 (E.D. Mo. Jan. 4, 2016) ("courts do not permit 'hypothetical' questions within requests for admission"); *Buchanan v. Chicago Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit must be connected to the facts of the case, courts do not permit hypothetical questions within requests for admission.") (internal quotations omitted), *Evans v. Tilton*, 2010 WL 1610988, at *4 (E.D.Cal. Apr.21, 2010) (declining to compel further responses to requests for admission that constituted incomplete hypotheticals).

DATED: January 20, 2022         QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   /s/ *Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

CONFIDENTIAL

Telephone: (213) 443-3000
Fax: (213) 443-3100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Fax: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Fax: (415) 875-6700

*Attorneys for Defendant Google LLC*

CONFIDENTIAL

## PROOF OF SERVICE

**LOS ANGELES, CA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in Los Angeles, CA. My business address is 865 S. Figueroa St., 10th Floor, Los Angeles, CA, 90017.

On January 20, 2022, I served true copies of the following document(s) described as **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FOURTH SET OF REQUESTS FOR ADMISSION (NOS. 30–51)** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION**: I transmitted PDF format copies of the document(s) described above to the e-mail addresses on the attached Service List pursuant to the agreement between the parties to serve discovery, in lieu of other service methods, by email under Fed. R. Civ. P. 5(b)(2)(E) (see Joint Case Management Statement § 8.b, Dkt. 44) and on non-parties pursuant to the Court's August 12, 2021 Cross-use and Discovery Coordination Orders issued in *Brown v. Google LLC*, Case No. 5:20-cv-03664-LHK-SVK (Dkt. 243) and *Calhoun v. Google*, Case No.: 5:20-cv-05146-LHK-SVK (Dkt. 263). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 20, 2022 at Los Angeles, CA.

                                          /s/ *Marie Hayrapetian*
                                          Marie Hayrapetian

CONFIDENTIAL

# SERVICE LIST

*Brown v. Google LLC*
*Case No. 5:20-cv-03664-LHK-SVK*

| | |
|---|---|
| *Attorneys for Plaintiffs Chasom Brown et al.* | <u>BOIES SCHILLER FLEXNER LLP</u> |

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
Antonio Lavalle Ingram, II, CA Bar No. 300528
Alexander Justin Konik, CA Bar No. 299291
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com
aingram@bsfllp.com
akonik@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William S. Carmody (admitted pro hac vice)
Shawn Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330

CONFIDENTIAL

|  |  |
|---|---|
|  | Fax: (212) 336-8340 |
|  | bcarmody@susmangodfrey.com |
|  | srabin@susmangodfrey.com |
|  | sshepard@susmangodfrey.com |
|  |  |
|  | John A. Yanchunis (admitted pro hac vice) |
|  | Ryan J. McGee (admitted pro hac vice) |
|  | Ra Olusegun Amen (admitted pro hac vice) |
|  | Jean Sutton Martin (admitted pro hac vice) |
|  | **MORGAN & MORGAN** |
|  | 201 N. Franklin Street, 7th Floor |
|  | Tampa, FL 33602 |
|  | Tel.: (813) 223-5505 |
|  | jyanchunis@forthepeople.com |
|  | rmcgee@forthepeople.com |
|  | ramen@forthepeople.com |
|  | jean@jsmlawoffice.com |

*Attorneys for Plaintiffs*

*Calhoun v. Google LLC*

*Case No. 5:20-cv-5146-LHK-SVK*

| | |
|---|---|
| *Attorneys for Plaintiffs Patrick Calhoun et al.* | BLEICHMAR FONTI & AULD LLP |
|  | **BLEICHMAR FONTI & AULD LLP** |
|  | Lesley Weaver (Cal. Bar No. 191305) |
|  | Angelica M. Ornelas (Cal. Bar No. 285929) |
|  | Joshua D. Samra (Cal. Bar No. 313050) |
|  | 555 12th Street, Suite 1600 |
|  | Oakland, CA 994607 |
|  | Tel.: (415) 445-4003 |
|  | Fax: (415) 445-4020 |
|  | *lweaver@bfalaw.com* |
|  | *aornelas@bfalaw.com* |
|  | *jsamra@bfalaw.com* |
|  |  |
|  | **DICELLO LEVITT GUTZLER** |
|  | David A. Straite (admitted *pro hac vice*) |
|  | One Grand Central Place |
|  | 60 East 42nd Street, Suite 2400 |
|  | New York, NY 10165 |
|  | Tel.: (646) 933-1000 |

CONFIDENTIAL

*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*

**SIMMONS HANLY CONROY LLC**
Mitchell M. Breit (admitted *pro hac vice*)
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice)*
Eric Johnson (*pro hac vice* to be sought)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*mbreit@simmonsfirm.com*
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

*Attorneys for Plaintiffs*