# EXHIBIT 24

CONFIDENTIAL

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3
 4   CHASOM BROWN, WILLIAM BYATT,     ) Case No.
 5   JEREMY DAVIS, CHRISTOPHER        ) 5:20-cv-03664-LHK-
 6   CASTILLO, and MONIQUE TRUJILLO   ) SVK
 7   individually and on behalf of    )
 8   all other similarly situated,    )
 9            Plaintiffs,             )
10            vs.                     )
11   GOOGLE LLC,                      )
12            Defendant.              )
     _____  )
13
14                     CONFIDENTIAL
15
16     VIRTUAL VIDEOCONFERENCE VIDEO-RECORDED
17          DEPOSITION OF ON AMIR, PH.D.
18             Tuesday, August 16, 2022
19    Remotely Testifying from La Jolla, California
20
21   Stenographically Reported By:
22   Hanna Kim, CLR, CSR No. 13083
23   Job No. 5344524
24
25   PAGES 1 - 310
```

Page 1

CONFIDENTIAL

```
 1              UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3
 4   CHASOM BROWN, WILLIAM BYATT,    ) Case No.
 5   JEREMY DAVIS, CHRISTOPHER       ) 5:20-cv-03664-LHK-
 6   CASTILLO, and MONIQUE TRUJILLO  ) SVK
 7   individually and on behalf of   )
 8   all other similarly situated,   )
 9           Plaintiffs,             )
10           vs.                     )
11   GOOGLE LLC,                     )
12           Defendant.              )
13   _____ )
14
15
16          Confidential, virtual videoconference
17          video-recorded deposition of ON AMIR,
18          PH.D., remotely testifying from La Jolla,
19          California, taken pursuant to the
20          stipulations of counsel thereof, on
21          Tuesday, August 16, 2022, before Hanna
22          Kim, CLR, Certified Shorthand Reporter,
23          No. 13083.
24
25
```

Page 2

```
1      REMOTE VIDEOCONFERENCE APPEARANCES OF COUNSEL:
2
3   For Plaintiffs:
4           BOIES SCHILLER FLEXNER LLP
5           BY:  BEKO O. REBLITZ-RICHARDSON, ESQ.
6           BY:  MARK C. MAO, ESQ.
7           BY:  ALISON ANDERSON, ESQ.
8           100 SE 2nd St., 28th Floor
9           Miami, Florida 33131
10          305.539.8400
11          brichardson@bsfllp.com
12          -and-
13          MORGAN & MORGAN LAW FIRM
14          BY:  MICHAEL RAM, ESQ.
15          711 Van Ness Avenue, Suite 500
16          San Francisco, California 94102-3275
17          415.358.6913
18          mram@forthepeople.com
19
20
21
22
23
24
25
```

Page 3

```
 1         REMOTE APPEARANCES OF COUNSEL:  (CONTINUED)
 2
 3    For Defendant:
 4           QUINN EMANUEL URQUHART & SULLIVAN, LLP
 5           BY:  ALYSSA "ALY" OLSON, ESQ.
 6           865 S. Figueroa Street, 10th Floor
 7           Los Angeles, California 90017
 8           213.443.3000
 9           alyolson@quinnemanuel.com
10
11    For Plaintiffs:  (Calhoun vs. Google)
12           SIMMONS HANLY CONROY
13           BY:  AN TRUONG, ESQ,
14           112 Madison Avenue, 7th Floor
15           New York, New York 10016-7416
16           212.257.8482
17           atruong@simmonsfirm.com
18
19
20    Also Present:
21           MARK KEEGAN, for Plaintiffs
22           Haimin Zhang, Analysis Group
23           SEAN GRANT, Videographer
24
25
```

```
 1   parts.
 2       Q.   Right.
 3       A.   Yes.
 4       Q.   And so, you see there in Question 16,
 5   Mr. Keegan asked about consent; right?              02:19:14
 6       A.   Yes -- Question 16.  Well, you jumped one.
 7   Consent.  He asked about consent.
 8       Q.   And then with Question 17, you see --
 9       A.   Wait, wait, wait.  Stop.
10            My point is it's not clear -- I don't       02:19:32
11   understand what consent means.  Why would responders
12   understand what consent means?
13       Q.   Did you test whether people understand
14   what consent means?
15       A.   No, because it's a legal question.  It's    02:19:44
16   not -- it has nothing to do with actual perceptions.
17       Q.   Did you ask any questions regarding
18   consent?
19       A.   No.  Exactly for that point.
20       Q.   And then Question 17, Mr. Keegan asked      02:19:55
21   about people visiting non-Google websites; right?
22            MS. OLSON:  Objection to the form.
23            THE WITNESS:  Question 17, he says, "Which
24   of the following best reflects your opinion?  I
25   believe that when I am in private browsing mode, I   02:20:13
```

Page 258

```
 1                        JURAT
 2
 3         I, ON AMIR, PH.D., do hereby certify under
 4   penalty of perjury that I have read the foregoing
 5   transcript of my deposition taken remotely on
 6   Tuesday, August 16, 2022; that I have made such
 7   corrections as appear noted herein in ink, initialed
 8   by me; that my testimony as contained herein, as
 9   corrected, is true and correct.
10
11         Dated this  17   day of  September   , 2022,
12   at San Diego, California                           .
13
14
15
16         _____
17                  ON AMIR, PH.D.
18
19
20
21
22
23
24
25
```

Page 309