# EXHIBIT 27

```
 1                    UNITED STATES DISTRICT COURT

 2                   NORTHERN DISTRICT OF CALIFORNIA

 3                         SAN JOSE DIVISION              COPY

 4

 5   CHASOM BROWN, MARIA NGUYEN, AND  )  C-20-03664 LHK
     WILLIAM BYATT, INDIVIDUALLY AND  )
 6   ON BEHALF OF ALL SIMILARLY       )  SAN JOSE, CALIFORNIA
     SITUATED,                        )
 7                                    )  APRIL 29, 2021
                        PLAINTIFF,    )
 8                                    )  PAGES 1-44
                   VS.                )
 9                                    )  SEALED PROCEEDINGS
     GOOGLE LLC AND ALPHABET INC.,    )
10                                    )
                        DEFENDANTS.   )
11   _____  )

12

13              TRANSCRIPT OF ZOOM PROCEEDINGS
              BEFORE THE HONORABLE LUCY H. KOH
14                UNITED STATES DISTRICT JUDGE

15

16   A P P E A R A N C E S:

17   FOR THE PLAINTIFFS:   SUSMAN GODFREY LLP
                           BY:  AMANDA K. BONN
18                         1900 AVENUE OF THE STARS, SUITE 1400
                           LOS ANGELES, CALIFORNIA   90067
19
                           BY:  ALEXANDER P. FRAWLEY
20                         1301 AVENUE OF THE AMERICAS, 32ND FLOOR
                           NEW YORK, NEW YORK   10019
21

22              APPEARANCES CONTINUED ON NEXT PAGE

23   OFFICIAL COURT REPORTER:   LEE-ANNE SHORTRIDGE, CSR, CRR
                                CERTIFICATE NUMBER 9595
24

25        PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
             TRANSCRIPT PRODUCED WITH COMPUTER
```

```
 1
 2      APPEARANCES (CONTINUED)
 3
 4      FOR THE PLAINTIFFS:     BOIES SCHILLER FLEXNER LLP
                                BY:  MARK C. MAO
 5                                   BEKO REBLITZ-RICHARDSON
                                44 MONTGOMERY STREET, 41ST FLOOR
 6                              SAN FRANCISCO, CALIFORNIA  94104

 7                              BY:  JAMES LEE
                                100 SE 2ND STREET, 28TH FLOOR
 8                              MIAMI, FLORIDA  33131

 9                              MORGAN & MORGAN
                                COMPLEX LITIGATION GROUP
10                              BY:  RYAN MCGEE
                                201 N. FRANKLIN STREET, 7TH FLOOR
11                              TAMPA, FLORIDA  33602

12      FOR THE DEFENDANT:      QUINN EMANUEL URQUHART & SULLIVAN
                                BY:  ANDREW H. SCHAPIRO
13                              191 N. WACKER DRIVE, SUITE 2700
                                CHICAGO, ILLINOIS  60606
14

15                              BY:  STEPHEN A. BROOME
                                     VIOLA TREBICKA
16                              865 S. FIGUEROA STREET, 10TH FLOOR
                                LOS ANGELES, CALIFORNIA  90017

17

18                              BY:  JOMARIE A. CRAWFORD
                                     JOSEF ANSORGE
19                              51 MADISON AVENUE
                                NEW YORK, NEW YORK  10010
20

21                              BY:  JONATHAN TSE
                                50 CALIFORNIA STREET, FLOOR 22
22                              SAN FRANCISCO, CALIFORNIA  94111

23
24
25
```

1         AND THAT WHEN YOU'RE LOOKING AT THESE VARIOUS COMPONENTS
2    LIKE THE X-CLIENT DATA FIELD IN A HEADER LOG, JUST BECAUSE
3    THAT'S EMPTY DOESN'T MEAN THAT THEY WERE IN INCOGNITO MODE
4    BECAUSE SOMETIMES THAT INFORMATION IS TRANSFERRED AND SOMETIMES
5    IT'S NOT.
6         I ALSO UNDERSTAND THAT -- THE ARGUMENT THAT WITH REGARDS
7    TO THE SPECIAL COOKIES OR IDENTIFIERS FOR -- THAT GOOGLE USES
8    WHEN SOMEONE IS BROWSING, BUT NOT LOGGED INTO THEIR ACCOUNT,
9    THAT THEN WHEN THAT BROWSING SESSION COMES TO AN END, GOOGLE
10   SAYS, WELL, THAT -- THEN THOSE COOKIES DISAPPEAR.
11        SO MY FIRST QUESTION IS -- I APPRECIATE THE STATEMENTS.
12   HAS THAT -- IS THAT GOOGLE'S POSITION?  IS THERE ANY EVIDENCE
13   THAT SUPPORTS THOSE CONCLUSIONS YET IN THE RECORD, EITHER
14   THROUGH DEPOSITION OR RESPONSES?
15        MR. ANSORGE:  YES, YOUR HONOR.
16   WE CAN POINT TO THE MONSEES DEPOSITION IN PARTICULAR
17   BECAUSE I THINK THE MOST IMPORTANT ISSUE HERE IS THE ONE THAT I
18   PHRASED EARLIER WHEN WE WERE TALKING AT THE CALHOUN HEARING, IS
19   THAT THE ==LOGS ARE INTERNALLY SEGREGATED BY WHETHER YOU'RE==
20   ==LOGGED INTO A GOOGLE ACCOUNT OR AREN'T.==  SO GOOGLE GOES TO
21   GREAT EFFORTS TO MAKE SURE THAT THERE'S NO JOINS FROM ONE TO
22   THE OTHER.
23        NOW, FOR THE SEARCHING SITUATION THAT WE ARE IN, I THINK
24   IT MIGHT EVEN BE WORSE THAN WHAT YOU JUST DESCRIBED, BECAUSE IF
25   WE ARE NOW FOCUSSED ON JUST THE NAMED PLAINTIFFS, THE NAMED

1   PLAINTIFFS HAVE TO DATE ONLY PROVIDED US WITH THEIR GOOGLE
2   ACCOUNT INFORMATION IN TERMS OF USEFUL IDENTIFIERS THAT WE
3   COULD ACTUALLY USE TO QUERY THE DATA WITH.
4       THEY'VE TOLD US IN SWORN STATEMENTS THAT THEY DID NOT LOG
5   INTO THEIR ACCOUNTS IN PRIVATE BROWSING MODE.
6       SO JUST UNDER THE LOGIC THAT HAS BEEN PRESENTED TO US, TO
7   THE EXTENT I UNDERSTAND IT -- AND FRANKLY, I THINK THERE WAS A
8   LOT OF RAMPANT SPECULATION AND IT WAS NOT CLEAR TO ME ENTIRELY
9   WHAT MR. MAO WAS COMMUNICATING AT TIMES -- TO THE EXTENT I
10  UNDERSTAND IT, THERE WOULD BE NO PART OF THESE LOGS WHERE THERE
11  WOULD BE SOME PRIVATE BROWSING DATA FOR THESE PARTICULAR USERS
12  BECAUSE ALL WE HAVE ARE THE GOOGLE ACCOUNTS.  THEY HAVEN'T
13  PRESERVED THE DEVICE IDENTIFIERS THAT CALHOUN HAS PRESERVED.
14      MOREOVER, THE DEVICE IDENTIFIERS --
15          THE COURT:  LET ME JUST INTERJECT THERE, BECAUSE YOU
16  SAID TO IDENTIFY THE USERS -- AND MAYBE YOU WERE ANTICIPATING
17  MY QUESTION -- BUT CAN'T -- BUT YOU COULD IDENTIFY IT BY
18  DEVICE, IF NOT BY USER, BY DEVICE?
19          MR. ANSORGE:  YES, YOUR HONOR.
20      AND HERE EARLIER WHEN WE WERE TALKING ABOUT THE BISCOTTI
21  AND THE ZWIEBACK I.D., THOSE ARE COOKIES THAT ARE SET ON THE
22  BROWSER AND THAT'S WHAT WE'RE REFERRING TO WHEN WE'RE SAYING BY
23  THE DEVICE.
24      NOW, PLAINTIFFS HAVE PROVIDED IMEI NUMBERS TO US, WHICH
25  ARE BASICALLY HARDWARE IDENTIFIERS, AND IF YOU'LL PERMIT ME THE

1  ANALOGY, WHEN WE'RE TALKING ABOUT CARS, WHICH MR. MAO

2  REFERENCED EARLIER, THAT'S KIND OF LIKE A VIN NUMBER.  THAT'S

3  SOMETHING THAT'S IN YOUR CAR.  IF YOU SEE A CAR DRIVING BY,

4  YOU'RE NOT GOING TO KNOW WHAT THE VIN NUMBER IS.

5      THE SAME WITH THIS BROWSER INFORMATION.  WHEN THIS

6  INFORMATION COMES INTO GOOGLE SERVICE, THEY'RE NOT GOING TO

7  HAVE THOSE HARDWARE IDENTIFIERS.

8      WHAT THEY DO HAVE ARE THE BISCOTTI AND THE ZWIEBACK

9  COOKIES, BUT THOSE ARE LIKE TEMPORARY REGISTRATIONS OR LICENSE

10 PLATES THAT ARE RESET, TAKEN OFF, DELETED WITH EACH PRIVATE

11 BROWSING SESSION.

12     SO PLAINTIFFS ARE FINDING THEMSELVES IN A POSITION WHERE

13 THEY'RE QUITE DIFFERENTLY SITUATED FROM CALHOUN IN THIS ACTION

14 WHERE THERE'S NO ALLEGATIONS ABOUT LOGGED IN ACTIVITY.  THAT IS

15 SOMETHING WE COULD QUERY AND WE COULD PRODUCE INFORMATION TO

16 THEM.

17     THEY HAVE NOT MAINTAINED OR PRESERVED ANY OF THE

18 IDENTIFIERS THAT WOULD BE REQUIRED TO ACTUALLY FIND ANY OF THE

19 PRIVATE BROWSING SESSIONS WHICH THEY ENGAGED IN, AND IT LEAVES

20 US IN A POSITION, WHEN WE'RE LOOKING BACK AT RFP 10 -- WHICH

21 I'M NOW RELIEVED THAT PLAINTIFFS ARE MOVING AWAY FROM A LITTLE

22 BIT -- WE SIMPLY DO NOT HAVE DOCUMENTS THAT WILL IDENTIFY

23 LOGGED OUT PRIVATE BROWSING ACTIVITY BY USERS WITH EITHER

24 ELECTRONIC OR PHYSICAL ADDRESSES.  THAT'S NOT SOMETHING THAT

25 EXISTS AND WE DON'T THINK THAT WE SHOULD BE FORCED TO PRODUCE

1   IT IN RESPONSE TO THEIR THEORIES, YOUR HONOR.

2       THE COURT: WELL, BUT WHAT THE PLAINTIFFS ARE ASKING
3   FOR IS PIECES OF INFORMATION FROM DIFFERENT PLACES BECAUSE THEY
4   WANT TO SEE IF THEY CAN PIECE TOGETHER, BY COMBINATION OF THAT
5   INFORMATION, CLASS MEMBERS. AND THAT'S WHY -- I MEAN, IT SEEMS
6   TO ME THAT THEY HAVE A RIGHT TO TRY TO DO THAT WITH WHATEVER
7   INFORMATION YOU HAVE.

8       MR. ANSORGE: YES, AND I WOULDN'T WANT TO SPEAK
9   AGAINST THAT RIGHT.

10      I WAS JUST REFRAMING IT IN TERMS OF RFP 10 AND WHAT WE'VE
11  BEEN ASKED TO PRODUCE, WHICH WHAT WE'RE FOCUSSED ON HERE IS
12  INFORMATION THAT WILL ACTUALLY IDENTIFY THE CLASS MEMBERS, HAVE
13  THEIR ELECTRONIC ADDRESSES OR THEIR PHYSICAL ADDRESSES, AND
14  THAT'S NOT INFORMATION THAT WE MAINTAIN.

15      MOREOVER, IF PLAINTIFFS ARE CORRECT THAT THEY NEVER LOGGED
16  INTO THEIR GOOGLE ACCOUNTS WHILE THEY WERE IN PRIVATE BROWSING
17  MODE, ALL THEY'VE PRESERVED AND PROVIDED TO US ARE THEIR GOOGLE
18  ACCOUNTS, WHEN WE QUERY AND PULL THAT INFORMATION, WE WON'T BE
19  ABLE TO PULL ANY PRIVATE BROWSING DATA OR INFORMATION BECAUSE
20  THERE'S NOT AN OVERLAP. GOOGLE GOES TO GREAT LENGTHS TO MAKE
21  SURE THAT THE UNAUTHENTICATED DATA, AS IN E-LOG DATA, IS KEPT
22  SEPARATE FROM THE AUTHENTICATED DATA.

23      SO IT'S SOMETHING -- WE'RE HAPPY TO SIT DOWN AND QUERY,
24  AND THEY'VE RECENTLY COME TO US WITH ADDITIONAL REQUESTS AND WE
25  CAN SIT DOWN AND LOOK AT THOSE.

```
 1            BUT JUST OVERALL IN TERMS OF THEORY IN THE BACKGROUND, WE
 2   FELT LIKE THERE'S QUITE A LOT OF SPECULATION ON BEHALF OF
 3   MR. MAO AND WE WANTED TO EXPLAIN TO YOU THAT THIS IS ACTUALLY
 4   NOT SOMETHING THAT WE JUST HAVE OR CAN QUICKLY QUERY, NOR DO WE
 5   THINK THEIR PROPOSED PATH IS ONE THAT WILL LEAD TO THAT
 6   OUTCOME.
 7            THE COURT:  BUT THEY CAN TEST IT.  THEY CAN TEST IT
 8   AND THEY CAN MAKE OF THE DATA WHAT THEY WILL.
 9            SO BACK TO YOU, MS. BONN OR MR. MAO, WHICH IS, SO WHAT IS
10   IT THAT YOU, THAT YOU -- WHAT IS THE REQUEST?
11            MS. BONN:  HERE'S WHAT I'D LIKE TO START WITH, YOUR
12   HONOR, AND THEN I'LL TURN IT OVER TO MR. MAO IF HE WANTS TO ADD
13   ANYTHING.
14            BUT I THINK OUR POINT IS, LOOK, YOU CAN START WITH OUR
15   PLAINTIFFS' NAMED ACCOUNTS, BUT WHEN GOOGLE QUERIES THOSE
16   ACCOUNTS, I THINK THEY WILL SEE THAT THEY MAINTAIN DATA ACROSS
17   A NUMBER OF IDENTIFIERS, INCLUDING DEVICE IDENTIFIERS, AND THEN
18   GOOGLE HAS THE ABILITY TO GO INTO THEIR OTHER TOOLS AND THEIR
19   OTHER DATA SOURCES AND SEE WHAT OTHER DATA KEYS TO THE SAME
20   DEVICE IDENTIFIERS, WHETHER OR NOT IT WAS, QUOTE-UNQUOTE,
21   AUTHENTICATED OR SYNCED TO OUR CLIENTS' ACCOUNTS.
22            SO WHATEVER GOOGLE NEEDS TO DO TO FIGURE OUT THE
23   IDENTIFIERS ASSOCIATED WITH OUR NAMED PLAINTIFFS AND THEN PULL
24   DATA RELATED TO THEM IN WHATEVER SOURCE, WHETHER KEYED TO THEIR
25   GOOGLE ACCOUNT OR NOT, THAT'S REALLY WHAT OUR REQUEST IS, AND
```

1    MR. BROOME: YEAH. WE HAVE NO PROBLEM WITH DISCOVERY
2  ON THESE ISSUES AND WE'VE HAD A LOT OF BACK AND FORTH WITH THEM
3  AND WE'VE EXPLAINED OUR POSITION. BUT WE CAN'T PRODUCE WHAT WE
4  DON'T HAVE.
5    AND YOUR HONOR ASKED A QUESTION, CAN GOOGLE TIE THESE
6  PRIVATE BROWSING SESSIONS TO PLAINTIFFS' DEVICES? AND THE
7  ANSWER TO THAT IS NO. WE DON'T -- THE COOKIES THAT ARE USED TO
8  TIE THAT DATA TOGETHER -- AND MR. ANSORGE WILL CORRECT ME IF
9  I'M WRONG -- THEY'RE DELETED AT THE END OF THE SESSION, THEY'RE
10 DELETED FROM THE PLAINTIFFS' BROWSER, AND ==WE DO NOT HAVE THE
11 INFORMATION TO IDENTIFY THE PLAINTIFFS' PRIVATE BROWSING
12 SESSIONS.==
13    I KNOW MR. MAO DOESN'T LIKE THAT, BUT THAT IS THE REALITY.
14    AND WE'RE HAPPY TO HAVE DISCOVERY ON THIS ISSUE. THAT'S
15 WHAT WE PROPOSED IN OUR COMPROMISE.
16    THE COURT: OKAY. THEN HERE'S WHAT WE'RE GOING TO DO
17 WITH REGARDS TO REQUEST -- I GUESS IT'S RFP 18 AND RFP 10,
18 WHICH IS PRODUCTION OF PLAINTIFFS' DATA, AS WELL AS PRODUCTION
19 OF DATA TO IDENTIFY CLASS MEMBERS: WE'RE TAKING THESE
20 TOGETHER, AND AS A FIRST STEP IN RESPONDING TO THAT, WE WILL BE
21 FOCUSSED ON NAMED PLAINTIFFS, ON THE NAMED PLAINTIFFS.
22    AND ANY PRODUCTION THAT GOOGLE HAS MADE SO FAR WILL BE
23 SUPPLEMENTED TO BE SURE THAT, FOR THE NAMED PLAINTIFFS, THAT
24 ANY AUTHENTICATED DATA THAT GOOGLE HAS IS PRODUCED, AS WELL AS
25 ANY -- AUTHENTICATED DATA, ANY IDENTIFIERS -- THAT IS, WHAT ARE