# EXHIBIT 56

# Redacted Version of Document Sought to be Sealed

Pages 1 - 97

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge

CHASOM BROWN, ET AL.,            )
                                 )
         Plaintiffs,             )
                                 )
   VS.                           )   NO. CV 20-03664-YGR
                                 )
GOOGLE LLC,                      )
                                 )
         Defendant.              )
                                 )

Oakland, California
Tuesday, October 11, 2022

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:
        MORGAN & MORGAN, P.A.
        201 North Franklin Street, 7th Floor
        Tampa, FL  33602
  BY:  **JOHN YANCHUNIS, ESQUIRE**
        **JEAN MARTIN, ESQUIRE**
        **RYAN J. MCGEE, ESQUIRE**

        BOIES SCHILLER FLEXNER LLP
        100 SE 2nd Street, Suite 2800
        Miami, FL  33131
  BY:  **JAMES W. LEE, ESQUIRE**

        BOIES SCHILLER FLEXNER LLP
        44 Montgomery Street, 41st Floor
        San Francisco, CA  94104
  BY:  **MARK C. MAO, ESQUIRE**

Reported By:  Pamela Batalo-Hebel, CSR No. 3593, RMR, FCRR
              Official Reporter

**APPEARANCES CONTINUED:**

For Plaintiffs:
        SUSMAN GODFREY LLP
        1900 Avenue of the Stars, Suite 1400
        Los Angeles, CA  90067
  **BY: AMANDA K. BONN, ESQUIRE**

        SUSMAN GODFREY LLP
        1301 Avenue of the Americas
        New York, NY  10019
  **BY: ALEXANDER P. FRAWLEY, ESQUIRE**

For Defendant Google LLC:
        QUINN EMANUEL URQUHART & SULLIVAN LLP
        191 N. Wacker Drive, Suite 2700
        Chicago, IL  60606
  **BY: ANDREW H. SCHAPIRO, ESQUIRE**

        QUINN EMANUEL URQUHART & SULLIVAN LLP
        51 Madison Avenue, 22nd Floor
        New York, NY  10010
  **BY: DONALD SETH FORTENBERY, ESQUIRE**

        QUINN EMANUEL URQUHART & SULLIVAN LLP
        865 S. Figueroa Street, 10th Floor
        Los Angeles, CA  90017
  **BY: VIOLA TREBICKA, ESQUIRE**
     **STEPHEN BROOME, ESQUIRE**
     **ALYSSA G. OLSON, ESQUIRE**

        QUINN EMANUEL URQUHART & SULLIVAN LLP
        1300 I Street NW, Suite 900
        Washington, DC  20005
  **BY: DR. JOSEF T. ANSORGE, ESQUIRE**

```
 1   understand that perfectly well.  They say, "We know what that
 2   means.  It means that if I'm doing something on my device, it's
 3   not going to be seen by people who are using my device," but
 4   not that it somehow makes them invisible on the web.
 5        Article after article, including statements by the --
 6   published statements by the plaintiffs' own expert also showed
 7   they understood precisely what Incognito does, but if we're
 8   faced with a class where we have a few representatives who say,
 9   "Well, I never saw this," or "I didn't understand it," we will
10   be at a --
11        THE COURT:  So how many millions of people then did
12   not?  How many millions of people did not understand it, even
13   based on your survey?
14        MR. SCHAPIRO:  It's hard to know because this gets
15   into another problem with class certification.  It is
16   impossible to truly know how many people --
17        THE COURT:  Ballpark, Mr. Schapiro.
18        MR. SCHAPIRO:  Ballpark, ███████████.
19        THE COURT:  ███████████ of people did not even --
20   even in your best case, did not understand.
21        MR. SCHAPIRO:  I'm sorry.  I misunderstood you.  How
22   many people on our surveys?  Yes.  We're talking -- when we're
23   talking about a class of hundreds of millions of people, if you
24   have a large percentage that had awareness and another
25   percentage who did not have awareness, the numbers are going to
```