# EXHIBIT 68

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

    Plaintiffs,

v.

GOOGLE LLC,

    Defendant.

Case No. 5:20-cv-03664-LHK

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR ADMISSION (NOS. 22–28)**

Pursuant to Federal Rules of Civil Procedure Rule 36, Defendant Google LLC ("Google") hereby responds and objects to Plaintiffs' Third Set of Requests for Admission (Nos. 22–28). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change. Google reserves all rights to supplement and amend its objections and responses accordingly.

**GENERAL OBJECTIONS**

The following objections apply to each and every Request for Admission ("Request") propounded by Plaintiffs and are incorporated into each of the specific objections by reference as if set forth fully therein:

    1.    Google has not completed its investigation or discovery in this litigation. Google's Responses and Objections to Plaintiffs' Requests are based upon the information presently known to Google and are given without prejudice to Google's right to adduce or analyze evidence subsequent to the date of these responses. Google expressly reserves the right to revise, supplement, or otherwise amend these Responses and Objections to the extent permitted by the

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

In addition to its General Objections, Google specifically objects to this Request as largely duplicative of Plaintiffs' Request for Admission No. 3. Google further objects to this request because it is compound, asking Google to admit both that Google's policies have not indicated that date would be (1) collected from users in private browsing mode and (2) shared with Google. Subject to the foregoing objections, Google admits that, since June 1, 2016, Google's policies have not included the phrase "data would be collected from users in private browsing mode and shared with Google," but otherwise denies this Request. Google's Privacy Policy and other disclosures make clear that Google receives data when a user visits a website that uses Google services, such as Google Analytics or Google Ad Manager, and Google's Incognito/private browsing disclosures do not state that using Incognito/private browsing will prevent Google from receiving such data.

**REQUEST FOR ADMISSION NO. 26:**

Since at least June 1, 2016, Google's Incognito Splash Screen appeared to every user each time they enabled Google's Incognito mode.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Subject to the foregoing objections, Google admits that, since June 1, 2016, a version of the full-page Incognito Notice (which Plaintiffs refer to as Incognito Splash Screen) is designed to be shown to a user every time a user chooses to enter Incognito mode using the Chrome browser. Based on a reasonable investigation conducted by Google to date, Google admits that, since June 1, 2016, a version of the full-page Incognito Notice appeared to every user each time they enabled Google's Incognito mode.

**REQUEST FOR ADMISSION NO. 27:**

Since at least June 1, 2016, Google's Incognito Splash Screen omits Google from the list of entities that can view a user's activity in private browsing mode.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

In addition to its General Objections, Google specifically objects to this Request as largely duplicative of Plaintiffs' Request for Admission Nos. 4 and 5. Google further specifically objects to the phrase "view a user's activity in private browsing mode" as vague and ambiguous. Subject to the foregoing objections, Google admits that, since June 1, 2016, the full-page Incognito Notice (which Plaintiffs refer to as Incognito Splash Screen) has not specifically identified Google by name as an entity that "can view a user's activity in private browsing mode," but otherwise denies this Request. Google does *not* receive data every time an Incognito/private browsing user visits a website. Rather, as disclosed in the Google Privacy Policy, Google may receive data when users visit websites that use certain Google services, such as Google Analytics or Ad Manager. Whether Google receives such data depends on (1) the particular website visited, (2) the particular Google service(s) the website uses, (3) the website's specific settings and selections for each of its Google services, and (4) the user's settings, and other software settings and plug-ins. This information is conveyed to users in Google's disclosures, including the Privacy Policy, Google's Incognito/private browsing disclosures, and the Incognito Notice. The Incognito Notice, for example, states that a user's activity "might still be visible to … Websites [they] visit," which may include Google.com, other Google operated or Google-affiliated websites, and websites that have installed Google's code in their webpages so that they may use and/or display services provided by Google. In addition, the "Search & Browse Privately" page that Plaintiffs quote in the First Amended Complaint links to a page titled "How private browsing works in Chrome," which similarly states that although "Incognito mode stops Chrome from saving your browsing activity to your local history[, y]our activity … might still be visible to: … Websites you visit, *including the ads and resources used on those sites* [*e.g.*, Analytics and Ad Manager]."

**REQUEST FOR ADMISSION NO. 28:**

Since at least June 1, 2016, Google has intentionally intercepted private browsing communications between users and websites.