# GOOGLE LLC'S SEPARATE STATEMENT OF UNDISPUTED FACT

# Redacted Version of Document Sought to be Sealed

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Counsel for Defendant Google LLC*
*Additional counsel on signature pages*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S SEPARATE STATEMENT OF UNDISPUTED FACT**<br><br>Hon. Yvonne Gonzalez Rogers<br>Courtroom: 1 – 4th Floor<br>Date:   May 12, 2023<br>Time:   1:00 p.m. |

Pursuant to Section 9(c)(1) of the Court's Standing Order In Civil Cases, Defendant Google LLC ("Google") submits this Separate Statement of Undisputed Material Facts.

| Issue No. | Google's Undisputed Material Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|---|
| Issue 1 (Express Consent); Issue 2 (Breach of Contract) | Fact 1. Google never represented that Chrome's Incognito mode prevents the data collection and use at issue. Ex. 85[1] (McPhie Decl.) ¶¶ 5, 18, 52; Ex. 63 (McPhie Tr.) 109:23–110:11, 126:2-7; Exs. 93–112 (Privacy Policies); Ex. 113–134 (Chrome Privacy Notices); Ex. 72–74 (Incognito Screens); Exs. 89–92 (PBM Help pages). | |
| Issues 1, 2 | Fact 2. Google never represented that non-Chrome browsers' private browsing modes ("PBMs") (Class 2) prevent the data collection and use at issue. Ex. 85 (McPhie Decl.) ¶¶ 28, 76; Exs. 93–112 (Privacy Policies); Exs. 113–134 (Chrome Privacy Notices); Ex. 72–74 (Incognito Screens); Exs. 89–92 (PBM Help pages). | |
| Issues 1, 2 | Fact 3. Plaintiffs and Class Members are Google Account holders. Dkt. 886 (Fourth Amended Complaint ("FAC")) ¶ 192. | |
| Issues 1, 2 | Fact 4. A user who signs up for a Google Account agrees to the Privacy Policy. Ex. 85 (McPhie Decl.) § C. | |
| Issues 1, 2 | Fact 5. All named Plaintiffs signed up for their first Google accounts between 2004 and 2012. Exs. 65–69 (Subscriber Information). | |
| Issues 1, 2 | Fact 6. All class members consented to Google's Privacy Policy when they opened their Google Accounts. Exs. 1–4 (Brown, Byatt, Castillo, and Davis May 24, 2021 Amended RFA Resp.), at No. 1; Ex. 9 (Trujillo June 7, 2021 RFA Resp.), at No. 1; Ex. 85 (McPhie Decl.) ¶ 34; Ex. 86 (McPhie Decl. Ex. 4). | |
| Issues 1, 2 | Fact 7. Google's Privacy Policy governs the at-issue data collection and use. Exs. 93–112 (Privacy Policies). | |
| Issues 1, 2 | Fact 8. Two Plaintiffs (Davis and Brown) and millions of class members consented to the New Account Creation Agreement. Ex. 85 (McPhie Decl.) ¶¶ 48–50; Ex. 87 (McPhie Decl. Ex. 15). | |
| Issues 1, 2 | Fact 9. Google receives the at-issue data through the same process at issue in *Calhoun v. Google*, Case No. 20-cv-5146, *i.e.*, through HTTP resource requests initiated when a user, in any browser or | |

---

[1] References to "Ex." refer to the exhibits attached to the declaration of Stephen A. Broome.

| Issue No. | Google's Undisputed Material Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|---|
| | mode, visits a website that has installed the code for Google's advertising, analytics, or other web-services. FAC ¶ 63. | |
| Issues 1, 2, 3 (Content), 4 (Website Consent), 5 (Ordinary Course of Business exception), 6 (CIPA § 632), 9 (Invasion of Privacy) | Fact 10. The at-issue data is specified at paragraph 63 of Plaintiffs' FAC and consists of: (a) GET requests; (b) IP address of the user's connection to the internet; (c) information identifying the browser software the user is using; (d) User-ID issued by the website to the user, if available; (e) geolocation of the user, if available; (f) information contained in Google cookies. FAC ¶ 63; Exs. 24–27 (Brown, Byatt, Castillo, and Davis June 1, 2021 Rog Resp.), at No. 8; Ex. 28 (Trujillo June 7, 2021 Rog Resp.), at No. 8. | |
| Issues 1, 2 | Fact 11. Google's Privacy Policy discloses the collection and use of the at-issue data. Ex. 85 (McPhie Decl.) § B; Ex. 49 (Davis Tr.) 102:10–104:1; Ex. 53 (Castillo Tr.) 67:19–74:21, 99:18–101:8; Ex. 47 (Byatt Tr.) 151:1–20; Ex. 51 (Brown Tr.); Ex. 54 (Trujillo Tr.) 190:2–24; Exs. 93–112 (Privacy Policies). | |
| Issues 1, 2, 4, 5, 6, 9 | Fact 12. Google's collection of the at-issue data through its advertising and analytics services is common knowledge. FAC ¶ 163; Ex. 47 (Byatt Tr.) 152:15–153:21; Ex. 49 (Davis Tr.) 68:7–71:5; Ex. 53 (Castillo Tr.) 70:2–74:21, 99:18–100:25; Ex. 54 (Trujillo Tr.) 56:1–19, 60:13–61:2. | |
| Issues 1, 2 | Fact 13. Plaintiffs were aware of the data collection and uses described in the Privacy Policy before they filed suit. Ex. 49 (Davis Tr.) 93:2–21; Ex. 51 (Brown Tr.) 30:19–31:1; Ex. 1 (Brown May 24, 2021 Amended RFA Resp.), at No. 1; Ex. 9 (Trujillo June 7, 2021 RFA Resp.), at No. 1; Exs. 2–4, 6–8 (Davis, Castillo, Byatt May 24, 2021 Amended RFA Resp.), at Nos. 1, 3. | |
| Issues 1, 2 | Fact 14. Plaintiffs admit they consented to the data collection and uses described in the Privacy Policy for modes other than PBM. Ex. 54 (Trujillo Tr.) 56:1–14, 60:23–14; Ex. 51 (Brown Tr.) 60:15-61:8, 158:2–12; Ex. 53 (Castillo Tr.) 67:19–70:14, 99:18–100:25; Exd. 5–8 (Davis, Castillo, Byatt, and Brown May 24, 2021 Amended RFA Resp.), at No. 8; Ex. 9 (Trujillo June 7, 2021 RFA Resp.), at No. 8. | |
| Issues 1, 2 | Fact 15. Plaintiffs' alleged contract with Google consists of "the Google Terms of Service, the Google Chrome and Chrome OS Additional Terms of Service, and the Chrome Privacy Notice," | |

| Issue No. | Google's Undisputed Material Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|---|
| | which documents Plaintiffs allege "incorporate and/or should be construed consistent with the Privacy Policy, the Search & Browse Privately [Help page], and the Incognito Screen." FAC ¶ 268. | |
| Issues 1, 2 | Fact 16. Google's General Terms of Service ("TOS") have never mentioned private browsing. Exs. 135–138 (TOS). | |
| Issues 1, 2 | Fact 17. The Chrome and Chrome OS TOS have never mentioned private browsing. Exs. 139–140 (Chrome TOS). | |
| Issues 1, 2 | Fact 18. The Google Privacy Policy has never represented that PBM prevents Google from receiving the at-issue data. Exs. 93–112 (Privacy Policies); Ex. 63 (McPhie Tr.) 123:14–125:10, 148:7–149:17. | |
| Issues 1, 2 | Fact 19. Until May 2018, Google's Privacy Policy did not mention Incognito mode or private browsing mode. Ex. 85 (McPhie Decl.) ¶¶ 18, 28 & n.5; Exs. 93–99 (March 25, 2016 through December 18, 2017 Privacy Policies); Ex. 53 (Castillo Tr.) 66:6–67:11. | |
| Issues 1, 2 | Fact 20. Beginning May 2018, Google's Privacy Policy made only one reference to private browsing, in the introductory paragraph: "You can use our services in a variety of ways to manage your privacy. …You can also choose to browse the web privately using Chrome in Incognito mode. And across our services, you can adjust your privacy settings to control what we collect and how your information is used." Ex. 85 (McPhie Decl.) ¶¶ 27–28 & n.5; Exs. 100–112 (May 25, 2018 through July 1, 2021 Privacy Policies). | |
| Issues 1, 2 | Fact 21. Plaintiffs identify only two relevant "promises" from the Privacy Policy: (1) "You can use our services in a variety of ways to manage your privacy . . . across our services, you can adjust our privacy settings to control what we collect and how your information is used" and (2) "You can also choose to browse the web privately using Chrome in Incognito mode." FAC ¶¶ 42, 45; Ex. 39 (Plaintiffs' April 15, 2022 Rog Resp.), at No. 17, 5:13–17. | |
| Issues 1, 2, 4 | Fact 22. The Chrome Privacy Notice ("CPN") has never represented that Incognito or other browsers' PBMs prevent Google from receiving the at-issue data. Exs. 113–134 (CPNs). | |
| Issues 1, 2 | Fact 23. Throughout the Class Period, the CPN described Incognito mode in relevant part as follows: "You can limit the information Chrome stores on your system by using incognito mode or guest mode. In these modes, Chrome won't store certain information, such as: [] Basic browsing history information….**Cookies.** Chrome | |

| Issue No. | Google's Undisputed Material Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|---|
|  | won't share existing cookies with sites you visit in incognito or guest mode. Sites may deposit new cookies on your system while you are in these modes, but they'll only be stored and transmitted until you close the incognito or guest window." Exs. 113–134 (CPNs). |  |
| Issues 1, 2 | Fact 24. In the documents that Plaintiffs claim comprise their contract with Google, Google defines "Chrome" and "Google" differently, and the CPN uses the terms differently. Ex. 85 (McPhie Decl.) ¶ 54; Exs. 135–138 (TOS), at 2; Exs. 113–134 (CPNs), at 1. |  |
| Issues 1, 2 | Fact 25. Plaintiffs identify only two relevant "promises" from the CPN: (1) "[y]ou can limit the information Chrome stores on your system by using incognito mode" and (2) "Chrome won't store certain information, such as: Basic browsing history information like URLs, cached paged text, or IP addresses of pages linked from the websites [users] visit [and] Snapshots of pages that [users] visit." Ex. 29–33 (Plaintiffs' July 30, 2021 Responses to Interrogatories), at No. 12; FAC ¶¶ 269–272. |  |
| Issues 1, 2, 9 | Fact 26. During the class period, the CPN linked to the Chrome Privacy Whitepaper, explaining that in Incognito: "The browsing history and cookies are deleted only once you have closed the last incognito window. Incognito mode cannot make you invisible on the internet." Ex. 85 (McPhie Decl.) § D.2; Ex. 141 (Whitepaper). |  |
| Issues 1, 2, 4 | Fact 27. The Incognito Screen has never represented that Incognito or other browsers' PBMs prevent Google from receiving the at-issue data. Exs. 72–74 (Incognito Screens). |  |
| Issues 1, 2 | Fact 28. The Incognito Screen states, "[n]ow you can browse privately, and other people who use this device won't see your activity," that "Chrome won't save…[y]our browsing history[,] [c]ookies and site data[,] [i]nformation entered in forms," and that "Your activity might still be visible to…[w]ebsites you visit[,] [y]our employer or school[,] [y]our internet service provider." Exs. 73–74 (Incognito Screens). |  |
| Issues 1, 2 | Fact 29. Adding Google to the Incognito Screen's list of entities that may see users' activity could mislead users. Ex. 46 (Fair Tr.) 72:6–73:19. |  |
| Issues 1, 2 | Fact 30. Plaintiffs identify only four relevant "promises" from the Incognito Screen: (1) "You've gone incognito," (2) "Now you can browse privately, and other people who use this device won't see your activity," (3) "Chrome won't save . . . [y]our browsing history |  |

| Issue No. | Google's Undisputed Material Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|---|
|  | . . . [c]ookies and site data," and (4) "Your activity might still be visible to: Websites you visit[,] [y]our employer or school[, ] [y]our internet service provider[.]" FAC ¶¶ 52–56; Exs. 24–27 (Brown, Byatt, Castillo, and Davis June 1, 2021 Rog Resp.), at No. 9; Ex. 28 (Trujillo June 7, 2021 Rog Resp.), at No. 9; Ex. 39 (Plaintiffs' April 15, 2022 Amended Rog Resp.), at No. 17 at 5:17–6:6. |  |
| Issue 2 | Fact 31. The Incognito Screen is not referenced in any version of Google's Privacy Policy. Exs. 93–112 (Privacy Policies). |  |
| Issue 2 | Fact 32. The Incognito Screen is not referenced in any version of Google's Terms of Service or the CPN. Exs. 135–138 (TOS); Exs. 139–140 (CPNs). |  |
| Issues 1, 2 | Fact 33. The Incognito Screen includes a "Learn more" button that U.S. users clicked more than ■■■■ times between August 2016 and January 2022. Ex. 85 (McPhie Decl.) ¶ 73 & Ex. 88 (McPhie Decl. Ex. 17). |  |
| Issues 1, 2 | Fact 34. Between July 2017 and May 2020, the "Learn more" button displayed the How private browsing works in Chrome Help page. Ex. 85 (McPhie Decl.) ¶ 73. |  |
| Issues 1, 2 | Fact 35. The How private browsing works in Chrome Help page explains in relevant part: "Incognito mode stops Chrome from saving your browsing history to your local history," but "[y]our activity . . . might still be visible to…websites you visit, including the ads and resources used on those sites"; "Search engines" and "web-service[s]." Ex. 85 (McPhie Decl.) ¶ 58 & Ex. 90 (McPhie Decl. Ex. 18). |  |
| Issues 1, 2 | Fact 36. The How private browsing works in Chrome Help page is also linked to the Browse in Private Help page and directly available from Google.com and was visited about ■■■■ times between its launch in July 2017 and January 2022. Ex. 85 (McPhie Decl.) ¶¶ 58–59; Ex. 88 (McPhie Decl. Ex. 17). |  |
| Issues 1, 2 | Fact 37. Plaintiffs were aware before they filed suit that Google is among the web services that provide ads and analytics to websites. Ex. 53 (Castillo Tr.) 181:18–185:16; Ex. 47 (Byatt Tr.) 143:19–146:25; Ex. 49 (Davis Tr.) 120:15–17; Ex. 51 (Brown Tr.) 128:25; Ex. 54 (Trujillo Tr.) 59:17–61:2, 218:22–219:11. |  |
| Issues 1, 2 | Fact 38. Since May 2020, the Incognito Screen's "Learn more" button displayed the How Chrome Incognito keeps your browsing private Help page. Ex. 85 (McPhie Decl.) ¶ 73. |  |

| Issue No. | Google's Undisputed Material Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|---|
| Issues 1, 2 | Fact 39. The How Chrome Incognito keeps your browsing private Help page explains in relevant part: "In Incognito, none of your browsing history, cookies and site data, or information entered in forms are saved *on your device*. This means your activity doesn't show up in your Chrome browser history, so people who also use your device won't see your activity." It further explains "[w]hat Incognito mode doesn't do," including that Incognito does not "[p]revent the websites you visit from serving ads based on your activity during an Incognito session." Ex. 85 (McPhie Decl.) ¶ 74; Ex. 91 (McPhie Decl. Ex. 29). | |
| Issues 1, 2 | Fact 40. The How Chrome Incognito keeps your browsing private Help page was visited about ▮▮▮▮▮▮ times between May 1, 2020 and January 2022.  Ex. 85 (McPhie Decl.) ¶ 75; Ex. 88 (McPhie Decl. Ex. 17). | |
| Issues 1, 2, 4 | Fact 41. The Search & browse privately Help page has never represented that Incognito or other browsers' PBMs prevent Google from receiving the data at issue in this case. Ex. 92 (Search & browse privately page). | |
| Issues 1, 2 | Fact 42. The Search & browse privately Help page explains: "If you want to search the web without saving your search activity to your account, you can use private browsing mode in a browser (like Chrome or Safari)." It also explains "[p]rivate browsing works differently depending on which browser you use. Browsing in private usually means: [] The searches you do or sites you visit won't be saved to your device or browsing history[,] … Cookies are deleted after you close your private browsing window or tab[,] You might see search results and suggestions based on your location or other searches you've done during your current browsing session." Ex. 92 (Search & browse privately page). | |
| Issues 1, 2 | Fact 43. Plaintiffs identify only three "promises" from the Search & browse privately page: (1) "You're in control of what information you share with Google when you search," (2) "To browse the web privately, you can use private browsing, sign out of your account, change your custom results settings, or delete past activity," and (3) "[i]f you want to search the web without saving your search activity to your account, you can use private browsing mode in a browser (like Chrome or Safari)." FAC ¶¶ 42, 47–48; Ex. 39 (Plaintiffs' April 15, 2022 Amended Rog Resp.), at No. 17 at 9:5–10. | |

| Issue No. | Google's Undisputed Material Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|---|
| Issues 1, 2 | Fact 44. The Search & browse privately Help page was visited fewer than ▮▮▮▮▮ times between its launch in 2016 and January 2022. Ex. 85 (McPhie Decl.) ¶ 76. | |
| Issue 2 | Fact 45. The Search & browse privately Help page was not linked to the Privacy Policy until May 2018. Ex. 85 (McPhie Decl.) ¶ 77. | |
| Issue 2 | Fact 46. The Search & browse privately Help Page is not referenced in any version of Google's Terms of Service or CPN. Exs. 135–138 (TOS); Exs. 139–140 (CPNs). | |
| Issues 1, 2, 11 (Article III Standing) | Fact 47. Google servers store the at-issue data keyed by (*i.e.*, associated with) unique identifiers contained in cookies. Ex. 84 (Ganem Decl.) ¶¶ 9, 14; Ex. 83 (Berntson Decl.) ¶¶ 9–11; Ex. 82 (Psounis Rep.) §§ III.A, C & D; Ex. 15 (Google's November 6, 2020 RFA Resp.), at No. 7. | |
| Issues 1, 2, 11 | Fact 48. When a user is signed into a Google Account, browsing data Google receives is keyed by an authenticated GAIA identifier. Ex. 83 (Berntson Decl.) ¶¶ 10–11; Ex. 82 (Psounis Rep.) ¶¶ 44–45. | |
| Issues 1, 2, 11 | Fact 49. When a user is not signed into a Google account, browsing data Google receives is keyed by an unauthenticated identifier that is not associated with a user's Google Account. Ex. 83 (Berntson Decl.) ¶¶ 10–11; Ex. 82 (Psounis Rep.) ¶¶ 44–45 & nn.29–36. | |
| Issues 1, 2, 11 | Fact 50. When a Chrome user starts a new Incognito session, Chrome creates a new "cookie jar" for the storage of cookies placed on the browser during the Incognito session. Ex. 83 (Berntson Decl.) ¶¶ 18–19; Ex. 76 (Zervas Rep.) ¶¶ 63–65; Ex. 45 (Berntson 6/16/2021 Tr.) 279:1–11; Ex. 82 (Psounis Rep.) § III.A; Ex. 56 (McClelland Tr.) 80:12–81:11; Ex. 40 (Google's October 6, 2021 Amended Rog Resp.), at No. 1(d). | |
| Issues 1, 2, 11 | Fact 51. The new cookie jar prevents the sharing of cookies that existed on the user's browser before the Incognito session. Ex. 83 (Berntson Decl.) ¶ 19; Ex. 59 (Schneier Tr.) 107:17–108:20; Ex. 82 (Psounis Rep.) § III.A; Ex. 40 (Google's October 6, 2021 Amended Rog Resp.), at No. 1(d). | |
| Issues 1, 2, 11 | Fact 52. When a user is in PBM, cookies set by websites and their service providers (like Google) are stored only in the new cookie jar. Ex. 83 (Berntson Decl.) § B.2; Ex. 56 (McClelland Tr.) 294:19–296:15; Ex. 82 (Psounis Rep.) § III.A. | |
| Issues 1, 2, | Fact 53. If a PBM user does not sign into a Google Account during | |

| Issue No. | Google's Undisputed Material Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|---|
| 11 | their PBM session, Google services that engage in tracking or provide personalization will use only data from that PBM session. Ex. 83 (Berntson Decl.) § B.2; Ex. 56 (McClelland Tr.) 72:25–74:5, 80:12–81:11, 294:19–296:15; Ex. 82 (Psounis Rep.) § III.A. | |
| Issues 1, 2, 11 | Fact 54. Initiating a new PBM session automatically logs the user out of her Google Account and any other online accounts. Ex. 83 (Berntson Decl.) § B.2; Ex. 76 (Zervas Rep.) ¶¶ 72–73; Ex. 82 (Psounis Rep.) ¶ 36; Ex. 59 (Schneier Tr.) 107:17–108:20. | |
| Issues 1, 2, 11 | Fact 55. If a PBM user does not sign into a Google Account, the browsing data Google receives is keyed only to unauthenticated identifiers stored in new cookies. Ex. 83 (Berntson Decl.) § B.2; Ex. 82 (Psounis Rep.) §§ III.A, IV.C; Ex. 76 (Zervas Rep.) § IV.D; Ex. 56 (McClelland Tr.) 72:25-76:9, 80:12–81:11, 295:15–296:15; *see also* Ex. 39 (Plaintiffs' April 15, 2022 Amended Rog Resp.), at No. 17 at 8:8-10. | |
| Issues 1, 2, 9, 11 | Fact 56. In Google's systems, a signed-out user's PBM browsing activity is not associated with her Google Account. Ex. 83 (Berntson Decl.) § B.2; Ex. 82 (Psounis Rep.) §§ III.A, III.C, III.D, III.F, IV.C; Ex. 76 (Zervas Rep.) § IV.D; Ex. 56 (McClelland Tr.) 72:25-76:9, 80:12–81:11, 295:15–296:15; *see also* Ex. 39 (Plaintiffs' April 15, 2022 Amended Rog Resp.), at No. 17 at 8:8-10. | |
| Issues 1, 2, 9, 11 | Fact 57. When a user ends a PBM session, the browser automatically deletes any cookies set during the PBM session. Those cookie values cannot be used to identify the user after she closes the PBM session, making the at-issue data both unidentified and "orphaned." Ex. 76 (Zervas Rep.) § IV; Ex. 81 (Zervas Reb. Rep.) § V; Ex. 82 (Psounis Rep.) § III.A, III.C, III.F, IV.C; Ex. 83 (Berntson Decl.) ¶¶ 10–11, 19–31; Ex. 56 (McClelland Tr.) 72:25–76:9, 80:12–81:11, 278:5–281:14, 295:15–296:15, 318:21–319:15. | |
| Issue 9 | Fact 58. The amount of data Google receives from a given user's PBM session depends on the length of the session before closing the browser and may reflect activity on only a single website. Ex. 59 (Schneier Tr.) 140:13–15; Ex. 82 (Psounis Rep.) ¶¶ 48–64; Ex. 49 (Davis Tr.) 80:1–19; Ex. 76 (Zervas Rep.) § IV. | |
| Issues 1, 2, 11 | Fact 59. In Incognito mode, Chrome will not save the user's browsing history, cookies or site data, or information entered in forms, after the user closes the Incognito browsing session. Ex. 76 (Zervas Rep.) ¶¶ 59-61, 66-71, 74-79; Ex. 59 (Schneier Tr.) 71:22-78:14, 107:17-108:20. | |

| Issue No. | Google's Undisputed Material Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|---|
| Issues 1, 2, 9, 11 | Fact 60. Like Chrome Incognito, other browsers' PBMs create a new cookie jar when a user starts a PBM session, and delete browsing history, cookies, and website data locally from the browser when the user closes the session. If a user does not sign into a Google Account while in PBM, any browsing data Google receives will be keyed only to unauthenticated identifiers. Ex. 76 (Zervas Rep.) §§ IV.B, IV.C; Ex. 82 (Psounis Rep.) ¶¶ 48–64. | |
| Issues 1, 2 | Fact 61.  When a user visits a website that uses third party services or resources, standard HTTP network transfer protocols cause a user's browser to send an IP address and user agent value to the website and any third party domains that host web services or resources on that site. Ex. 82 (Psounis Rep.) ¶¶ 95–99; Ex. 142 (Monsees 4/9/2021 Tr.) 84:17–85:12; Ex. 143 (Monsees 6/11/2021 Tr.) 470:3–471:1; Ex. 144 (Porter Felt 30(b)(6) Tr.) 40:6–19; Ex. 145 (Rakowski Tr.) 32:8–22, 49:20–50:3, 81:13–82:2. | |
| Issues 1, 2, 11 | Fact 62. Browsing data in Google's systems is not keyed to a user's IP address, user agent value, or combination of the two. Ex. 83 (Berntson Decl.) ¶ 12; Ex. 62 (Berntson 2/14/2023 Tr.)  113:3–115:22; Ex. 82 (Psounis Rep.) §§ III.A, III.C, III.D–G, III.I–J, IV.A–C, App'xs. E–F; Ex. 80 (Zervas Reb. Rep.) § V; Ex. 56 (McClelland Tr.) 278:5–279:24. | |
| Issues 1, 2, 9, 11 | Fact 63.  Google's internal policies prohibit the use of fingerprinting to track user behavior for ad targeting or to identify users. Ex. 83 (Berntson Decl.) ¶¶ 4–5, 11–12, 42–43;  Ex. 82 (Psounis Rep.) §§ III.F, IV.C; Ex. 81 (Schwartz Rep.) §§ VI.A.iii–iv; Ex. 62 (Berntson 2/14/2023 Tr.) 113:3–115:22; Ex. 56 (McClelland Tr.) 278:5–279:24, 290:5-24; Ex. 71 (Fingerprinting Policy); Ex. 70 (Log Data Usage Rules). | |
| Issues 1, 2, 9, 11 | Fact 64. Google employs technical safeguards to prevent the use of fingerprinting or other techniques to join information keyed to unauthenticated identifiers with information keyed to authenticated identifiers. Ex. 62 (Berntson 2/14/2023 Tr.) 110:19–111:11, 113:3–115:22; Ex. 82 (Psounis Rep.) §§ III.A, III.C-D, III.F, IV.C. | |
| Issues 1, 2, 9, 11 | Fact 65. Google does not join data from signed-out out PBM sessions with a data from other browsing sessions, whether in Incognito or other modes. Ex. 83 (Berntson Decl.) § B.2; Ex. 82 (Psounis Rep.) §§ III.A, III.C-D, III.F, IV.C; Ex. 56 (McClelland Tr.) 73:14–74:5, 278:5–279:24, 280:20–281:10, 285:5–13, 290:5–24. | |
| Issues 8, 9, | Fact 66. Plaintiffs' experts have hypothesized as to what Google | |

| Issue No. | Google's Undisputed Material Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|---|
| 11 | "could do" in terms of fingerprinting and joining authenticated and unauthenticated data, but they have not found any evidence that Google in fact engages in such fingerprinting or joining. Ex. 59 (Schneier Tr.) 112:6–20; Ex. 61 (Hochman Tr.) 88:9-89:12, 233:11–234:18; Ex. 77 (Hochman Rep.) ¶¶ 226–27, 236–37; Ex. 82 (Psounis Rep.) § III.F. | |
| Issues 1, 2, 9, 11 | Fact 67. Google does not use ▬▬▬▬ graphs to join signed-out PBM data to a user's Google account. Ex. 45 (Berntson 6/16/2021 Tr.) 372:14–373:16; Ex. 82 (Psounis Rep.) § III.D. | |
| Issue 1, 2, 4 | Fact 68. PBMs are designed not to indicate to websites or web-service providers that the user is in PBM. Ex. 80 (Zervas Reb. Rep.) ¶¶ 85–89; Ex. 77 (Hochman Rep.) ¶¶ 136–37; *id.* ¶ 117; Ex. 82 (Psounis Rep.) §§ III.B, IV.C. | |
| Issue 1, 2, 4 | Fact 69. It is industry standard for PBM's not to send a signal that users are in PBM. Ex. 82 (Psounis Rep.) ¶¶ 72–76. | |
| Issue 9 | Fact 70. Plaintiffs' privacy expert testified that detecting that a user is in PBM is itself a violation of that user's privacy. Ex. 59 (Schneier Tr.) 129:23–130:5, 131:21–23, 170:15–25; Ex. 75 (Schneier Rep.) ¶ 86. | |
| Issue 9 | Fact 71. The Google code that causes users' browsers to send HTTP requests to Google servers to retrieve Google services is browser-agnostic and mode-agnostic. Ex. 82 (Psounis Rep.) ¶¶ 72–76; Ex. 80 (Zervas Reb. Rep.) ¶¶ 85–89, 93–96; Ex. 77 (Hochman Rep.) ¶¶ 117, 136–37; Ex. 57 (Chung 30(b)(6) Tr.) 26:10-18; Ex. 65 (*Calhoun* Oct. 24, 2022 Hrg. Tr.) 51:7-14, 53:5–12, 55:14–57:19, 71:17–72:8. | |
| Issue 9 | Fact 72. To prevent Google services from receiving the at-issue data while users are in PBM, browser manufacturers would have to modify their browsers to send a reliable, client-side signal identifying the user as being in PBM. Ex. 82 (Psounis Rep.) § III.B. | |
| Issues 1, 2 | Fact 73. Other browsers' PBMs provide privacy in a similar manner to Incognito mode—*i.e.*, deleting browsing history, cookies, and website data locally from the browser when the user closes the session. Ex. 76 (Zervas Rep.) §§ IV.B, IV.C. | |
| Issues 1, 2 | Fact 74. Plaintiffs issued subpoenas to Apple, Mozilla, and Microsoft seeking "ALL DOCUMENTS sufficient to IDENTIFY all individuals who have used" their respective PBMs. Each company responded that no such documents exist. Exs. 42–44. | |

| Issue No. | Google's Undisputed Material Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|---|
| Issues 1, 2 | Fact 75.  The fact that Chrome does not save the user's browsing history, cookies or site data, or information entered in forms after the user closes the Incognito browsing session provides privacy from other people who may use the same device. Ex. 85 (McPhie Decl.) ¶¶ 3, 5; Ex. 59 (Schneier Tr.) 104:15–19; Ex. 53 Castillo Tr.) 254:3–11. | |
| Issues 1, 2 | Fact 76. The fact that PBM provides local privacy is important to the many users whose devices are accessible to other users. Ex. 59 (Schneier Tr.) 134:5–135:16; Ex. 65 (Schneier Dep. Ex. 7) at 10; Ex. 82 (Psounis Rep.) ¶¶ 163 n.218, ¶¶ 170-72. | |
| Issues 1, 2 | Fact 77. When Plaintiffs' privacy expert was asked why he did not use PBM, he testified: "I never used a shared computer." Ex. 59 (Schneier Tr.) 82:9–12. | |
| Issues 1, 2, 9 | Fact 78. The fact that Chrome automatically deletes cookies when the user closes an Incognito session provides users a measure of privacy. Ex. 59 (Schneier Tr.) 139:1–7. | |
| Issues 1, 2 | Fact 79. Google offers a variety of privacy settings across its services that that give users control over their data. Chrome's cookie blocking feature is an example. Ex. 59 (Schneier Tr.) 153:6–24. | |
| Issues 1, 2, 9 | Fact 80. The fact that Incognito mode prevents the sharing of existing cookies with websites provides users a measure of control over their data. Ex. 59 (Schneier Tr.) 154:21–155:4. | |
| Issues 1, 2, 9 | Fact 81. The fact that Incognito mode  automatically deletes cookies when the user closes the browsing session provides users a measure of control over their data. Ex. 59 (Schneier Tr.) 155:5–8. | |
| Issues 1, 2, 9, 11 | Fact 82. The ways in which Incognito mode provides privacy—deleting browsing history, cookies, and website data locally from the browser when the user closes the session, starting with a fresh cookie jar, and logging users out of their accounts—provides users control over the at-issue data. Ex. 63 (McPhie Tr.) 100:25-102:22; Ex. 59 (Schneier Tr.) 154:21–155:8. | |
| Issues 1, 2 | Fact 83. Google's survey expert's study shows that modifying the Incognito Screen to include Google  in the list of entities to which users' activity "might still be visible" has no statistically significant impact on users' likelihood of using Chrome in Incognito mode to do online research on a sensitive topic. Ex. 78 (Amir Rep.) § VIII. | |

| Issue No. | Google's Undisputed Material Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|---|
| Issues 1, 2 | Fact 84. Plaintiffs have no evidence supporting the claim that their alleged interpretation of the alleged contract was shared by anyone other than themselves. Ex. 79 (Keegan Rep.) ¶ 168-69 & Ex. 3; Keegan Tr. 191:16–192:9. | |
| Issues 1, 2 | Fact 85. Shown the documents Plaintiffs claim comprise their contract, more than half of survey respondents expect Google receives their IP address, URLs of sites visited, and cookies in Incognito mode. Ex. 78 (Amir Rep.) ¶¶ 69, 73 & Tables 5 & 6. | |
| Issue 2 | Fact 86. Plaintiffs do not allege that other browser's PBM screens are part of their contract with Google. FAC ¶ 268. | |
| Issues 1, 2, 9 | Fact 87. Firefox's PBM screen states that its PBM "helps you obscure your online activity from other people who use Firefox on your computer, but does not make you invisible online." Ex. 85 (McPhie Decl.) ¶¶ 101-102. | |
| Issues 1, 2, 9 | Fact 88. Microsoft's PBM screen states that "Websites can still personalize content for you during your InPrivate browsing session because cookies and other site permissions aren't deleted until you close all InPrivate windows." Ex. 85 (McPhie Decl.) ¶¶ 103-105. | |
| Issues 1, 2, 9 | Fact 89. Safari's PBM screen states "[a]fter you close this window, Safari won't remember the pages you visited, your search history, or your Autofill information." Ex. 85 (McPhie Decl.) ¶ 106. | |
| Issue 5 | Fact 90. Google's receipt of the at-issue data is essential to its ability to provide PBM users the Google services website developers have chosen to install on their sites. Ex. 84 (Ganem Decl.) § A; Ex. 83 (Berntson Decl.) § A; Ex. 76 (Zervas Rep.) § V.A–B; *id.* ¶¶ 39–40; Ex. 80 (Zervas Reb. Rep.) § III.D; Ex. 77 (Hochman Rep.) ¶ 108. | |
| Issue 5 | Fact 91. The device that causes Google to receive the at-issue data is the code for the Google service that the website developer installed on its site to obtain that service. FAC ¶¶ 68, 79; Ex. 76 (Zervas Rep.) ¶¶ 44, 88–90, 107–08; Ex. 84 (Ganem Decl.) ¶¶ 2, 5, 7; Ex. 83 (Berntson Decl.) ¶¶ 2, 7; Ex. 40 (Google's October 6, 2021 Amended Rog Resp.), at No. 1(b). | |
| Issue 4 | Fact 92. Website developers who engage Google's advertising and analytics services are generally aware that advertising and analytics services send the at-issue data to Google when users are in PBM. Ex. 80 (Zervas Reb. Rep.) ¶¶ 49, 85–89; *id.* ¶¶ 93–96; Dkt. 608-12 (Hochman Rep.) ¶¶ 136–37; Ex. 58 (Keegan Tr.) | |

| Issue No. | Google's Undisputed Material Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|---|
|  | 224:23–226:10. |  |
| Issues 4, 5, 9 | Fact 93. Analytics and Ad Manager code, and the infrastructure that supports those services, is used by Google in the ordinary course of its business of providing online advertising and analytics services to its customers. Ex. 84 (Ganem Decl.) ¶¶ 2, 17; Ex. 83 (Berntson Decl.) ¶¶ 2, 7; Ex. 40 (Google's October 6, 2021 Amended Rog Resp.), at No. 1(d); Ex. 76 (Zervas Rep.) §§ V.A, V.B; Ex. 80 (Zervas Reb. Rep.) §§ III.D.1, III.D.2, III.D.3; Ex. 77 (Hochman Rep.) ¶ 84. |  |
| Issues 4, 5, 9 | Fact 94. Google uses the at-issue data to provide ads and analytics services to websites. Ex. 84 (Ganem Decl.) § A; Ex. 76 (Zervas Rep.) §§ V.A, V.B; Ex. 83 (Berntson Decl.) § A. |  |
| Issues 4, 5, 9 | Fact 95. Websites engage Google's analytics service to understand how users interact with their sites. Ex. 76 (Zervas Rep.) § V.A; Ex. 80 (Zervas Reb. Rep.) §§ III.D.1–2; Ex. 84 (Ganem Decl.) ¶ 2. |  |
| Issues 4, 5, 9 | Fact 96. Website developers engage Google's ads business to monetize their sites, including in many cases to offer free content to users. Ex. 76 (Zervas Rep.) § V.B; Ex. 80 (Zervas Reb. Rep.) §§ III.D.1, III.D.3; Dkt. 224 (July 21, 2021 Joint Case Management Statement) at 10; Ex. 83 (Berntson Decl.) ¶¶ 2, 10. |  |
| Issues 5, 9 | Fact 97. Many websites rely on third-party web-service providers receiving and processing the at-issue data. Ex. 76 (Zervas Rep.) ¶ 39; Ex. 80 (Zervas Reb. Rep.) § III.E & App'x E. |  |
| Issue 6 | Fact 98. Plaintiffs understood that in Incognito their browsing activity would be visible to the websites they visit, their Internet Service Provider, and their employer or school. Exs. 5–8 (Brown, Byatt, Castillo, and Davis May 24, 2021 Amended RFA Resp.), at Nos. 12 & 14; Ex. 9 (Trujillo June 7, 2021 RFA Resp.), at Nos. 12 & 14; Ex. 39 (Plaintiffs' April 15, 2022 Amended Rog Resp.), at No. 17 at 6:4-6; Ex. 47 (Byatt Tr.) 135:19–136:18; Ex. 49 (Davis Tr.) 31:14–32:8; Ex. 51 (Brown Tr.) 120:15–121:20; Ex. 54 (Trujillo Tr.) 140:24–143:6; Ex. 53 (Castillo Tr.) 166:9–168:2. |  |
| Issue 6 | Fact 99. Many websites inform users that their website logs the at-issue data upon receipt. *See, e.g.*, Ex. 48 (Byatt Dep. Ex. 2 - New York Times Privacy Policy); Ex. 47 (Byatt Tr.) 51:8-57:17; Ex. 52 (Brown Dep. Ex. 1 - Redfin Privacy Policy); Ex. 51 (Brown Tr.) 35:23-40:25; Ex. 50 (Davis Dep. Ex. 4 - CoinMarketCap.com Privacy Policy); Ex. 49 (Davis Tr.) 51:9-54:13; Ex. 55 (Trujillo Dep. Ex. 1 - William Sonoma Privacy Policy); Ex. 54 (Trujillo Tr.) |  |

| Issue No. | Google's Undisputed Material Facts and Supporting Evidence | Plaintiffs' Response |
|---|---|---|
| | 55:22–57:18; Ex. 85 (McPhie Decl.) ¶¶ 86-92. | |
| Issues 4, 5, 7 (Google did not "access" computers) | Fact 100. To use Google's advertising and analytics services, website developers download and install code on their websites that directs users' browsers to send the at-issue data to Google by way of HTTP requests in order to obtain the requested service. FAC ¶¶ 68, 79; Ex. 84 (Ganem Decl.) ¶¶ 2, 5; Ex. 83 (Berntson Decl.) ¶ 2. | |
| Issue 4, 7 | Fact 101. Google is not responsible for installing code on third-party websites. FAC ¶ 68, 79; Ex. 80 (Zervas Reb. Rep.) ¶¶ 4, 44; Ex. 84 (Ganem Decl.) ¶¶ 2, 5; Ex. 83 (Berntson Decl.) ¶ 2. | |
| Issue 8 (no loss or damage); Issue 10 (UCL) | Fact 102. No class member paid Google any money to use Chrome or any other Google services at issue. Exs. 29–33 (Plaintiffs' July 30, 2021 Responses to Interrogatories), at No. 13; Exs. 10–14 (Plaintiffs' July 30, 2021 RFA Resp.), at Nos. 26–28. | |
| Issue 8, 9, Issue 10 | Fact 103. There is no evidence class members have suffered any harm as a result of Google's conduct. Exs. 16–19 (Brown, Byatt, Castillo, and Davis January 11, 2021 Rog Resp.), at No. 3; Ex. 28 (Trujillo's June 7, 2021 Rog Resp.), at No. 3. | |
| Issues 8, 10 | Fact 104. There is no evidence that the value of class member data was diminished by Google's conduct. Exs. 34–38 (Plaintiffs' September 20, 2021 Rog Resp.), at No. 16; Exs. 24–27 (Brown, Byatt, Castillo, and Davis June 1, 2021 Amended Rog Resp.), at No. 10; Ex. 28 (Trujillo's June 7, 2021 Rog Resp.), at No. 10; Ex. 39 (Plaintiffs' April 15, 2022 Amended Rog Resp.), at No. 17 at 13:22-23; Ex. 47 (Byatt Tr.) 208:15-209:6; Ex. 49 (Davis Tr.) 136:17–20. | |
| Issues 9, 10 | Fact 105. Plaintiffs continued to use Incognito mode despite being aware of Google's receipt of the at-issue data. Ex. 54 (Trujillo Tr.) 117:11–23; Ex. 49 (Davis Tr.) 72:17–74:4, 82:23-83:4, 97:14–98:13; Ex. 47 (Byatt Tr.) 14:9–15:16; Ex. 51 (Brown Tr.) 92:5-11; Ex. 53 (Castillo Tr.) 143:2–144:8. | |
| Issues 9, 10 | Fact 106. Plaintiffs have not taken any steps to prevent Google from receiving the at-issue data since filing suit. Ex. 53 (Castillo Tr.) 144:9–144:18, 147:5–13; Ex. 54 (Trujillo Tr.) 32:16–35:20, 111:14–25; Ex. 49 (Davis Tr.) 38:8–21, 75:13–77:25, 82:23–19; Ex. 47 (Byatt Tr.) 23:19–24:2; Ex. 51 (Brown Tr.) 92:5–11; Exs. 5–8 (Brown, Byatt, Castillo, and Davis May 24, 2021 Amended RFA Resp.), at Nos. 18–20; Ex. 9 (Trujillo's June 7, 2021 RFA Resp.), at Nos. 18–20. | |

I attest that the evidence cited herein fairly and accurately supports the facts as asserted.

DATED: March 21, 2023					Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By		/s/ Andrew H. Schapiro
		Andrew H. Schapiro (admitted pro hac vice)
		*Attorneys for Defendant Google LLC*