| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>Erika Nyborg-Burch, CA Bar No. 342125<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br>enyborg-burch@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 629-9040<br>alanderson@bsfllp.com<br><br>*Attorneys for Plaintiffs* | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>GOOGLE LLC,<br><br>          Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' REPLY ISO MOTION FOR ISSUE CERTIFICATION UNDER F.R.C.P. 23(c)(4) (DKT. 894)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Hearing Date: May 12, 2023<br>Time: 1:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

    I.    The November Trial Will Resolve Classwide Liability Issues with Common Evidence that Can also Be Decided Under Rule 23(c)(4). ............................................................... 2

    II.   Google's Opposition Mischaracterizes Plaintiffs' Motion and Misinterprets the Court's Class Certification Order. ............................................................................................ 4

    III.  Rule 23(c)(4) Certification for Classwide Liability Issues Will Streamline the Litigation ..... 6

CONCLUSION ......................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ades v. Omni Hotels Mgmt. Corp.*,
   2014 WL 4627271 (C.D. Cal. Sept. 8, 2014) ................................................................. 4

*Backhaut v. Apple Inc.*,
   2015 WL 4776427 (N.D. Cal. Aug. 13, 2015) ............................................................... 8

*Calhoun v. Google*,
   526 F. Supp. 3d 605 (N.D. Cal. 2021) ........................................................................... 6

*Calhoun v. Google*,
   2022 WL 18107184 (N.D. Cal. Dec. 12, 2022) (Gonzalez Rogers, J.) ......................... 6

*Carnegie v. Household Int'l, Inc.*,
   376 F.3d 656 (7th Cir. 2004) ......................................................................................... 7

*In re ConAgra Foods*,
   302 F.R.D. 537 (C.D. Cal. 2014) .................................................................................. 8

*In re Facebook Biometric Info. Privacy Litig.*,
   326 F.R.D. 535 (N.D. Cal. 2018) .................................................................................. 9

*Cunningham v. Multnomah Cnty.*,
   2015 WL 274187 (D. Or. Jan. 20, 2015) ....................................................................... 7

*Harris v. comScore, Inc.*,
   292 F.R.D. 579 (N.D. Ill. 2013) .................................................................................... 9

*Hart v. TWC Prod. Tech.*,
   No. 20-cv-03842, Dkt. 198 (N.D. Cal. Mar. 30, 2023) ................................................. 8

*Holmes v. Pension Plan of Bethlehem Steel Corp.*,
   213 F.3d 124 (3d Cir. 2000) .......................................................................................... 8

*In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*,
   341 F.R.D. 128 (D. Md. 2022) ...................................................................................... 8

*Martin v. Behr Dayton Thermal Prod. LLC*,
   896 F.3d 405 (6th Cir. 2018) ..................................................................................... 5, 7

*Matera v. Google Inc.*,
   2016 WL 5339806 (N.D. Cal. Sept. 23, 2016) .............................................................. 9

*Matter of Rhone-Poulenc Rorer, Inc.*,
   51 F.3d 1293 (7th Cir. 1995) ......................................................................................... 5

*McReynolds v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
    672 F.3d 482 (7th Cir. 2012) (Posner, J.) ...................................................................2

*Nieves v. United of Omaha Life Ins.*,
    2023 WL 2705836 (S.D. Cal. Mar. 28, 2023) ...............................................................8

*Reitman v. Champion Petfoods USA*,
    830 F. App'x 880 (9th Cir. 2020) ...................................................................................8

*Romero v. Securus Techs., Inc.*,
    331 F.R.D. 391 (S.D. Cal. 2018) ....................................................................................8

*Russell v. Educ. Comm'n for Foreign Med. Graduates*,
    15 F.4th 259 (3d Cir. 2021) ............................................................................................7

*Tait v. BSH Home Appliances Corp.*,
    289 F.R.D. 466 (C.D. Cal. 2012) ....................................................................................9

*Tasion Comms., Inc. v. Ubiquiti Networks, Inc.*,
    308 F.R.D. 630 (N.D. Cal. 2015) ....................................................................................8

*Walters v. Reno*,
    145 F.3d 1032 (9th Cir. 1998) ...................................................................................1, 5

**Statutes**

18 U.S.C. § 2511(2)(d) ...........................................................................................................3

**Rules**

Rule 23(a) ..............................................................................................................................1

Rule 23(b) ..................................................................................................................... *passim*

Rule 23(c)(4) ................................................................................................................ *passim*

**Other Authorities**

Judicial Council of Cal. Civil Jury Instructions 330–38 (2022) ..........................................3

**INTRODUCTION**

Google's opposition makes key concessions that narrow this issue certification dispute. The parties agree that "a Court may certify an issues class even where a Rule 23(b)(3) class is inappropriate." Opp'n at 3. The parties also agree on the legal standard for issue certification. Plaintiffs must "satisfy the requirements of Rule 23(a) and at least one subsection of Rule 23(b)," and Plaintiffs must demonstrate that issue certification "materially advance[s] the resolution of the litigation." Opp'n at 2-3; *see also* Mot. at 3. Because this Court already ruled that Plaintiffs meet the Rule 23(a) requirements and that certification is warranted under Rule 23(b)(2), the only relevant dispute for this motion is whether granting issue certification materially advances the litigation. *See* Opp'n at 2-3; Mot. at 3; *see also* Principles of the Law of Aggregate Litigation § 2.02 (American Law Institute 2010).

Rather than meaningfully address this legal standard, the gravamen of Google's opposition is feigned confusion. Google claims not to understand "what, exactly, Plaintiffs hope to try" under Rule 23(c)(4). Opp'n at 1. The answer is simple, as explained in the Motion: it is the same questions that will be resolved to decide the Rule 23(b)(2) class claims and the named Plaintiffs' claims at the November trial. Mot. at 1. Indeed, no permanent injunction could issue without a finding that Google violated the statutory, contract, constitutional, and common law claims asserted by Plaintiffs (or at least one of them). What separates the (b)(2) class claims from the remaining individual claims is not the legal causes of action but the remedy. One seeks injunctive relief and the other seeks individual damages. To secure an injunction, Plaintiffs "must prove the[ir] own case," i.e., Plaintiffs need to win at trial. *Walters v. Reno*, 145 F.3d 1032, 1048 (9th Cir. 1998). That means the questions which underlie liability will be resolved at trial. And while this Court has found that Google's implied consent defense creates individualized issues with respect to Rule 23(b)(3) certification, that is irrelevant here because Plaintiffs are not seeking to certify the implied consent affirmative defense—nor is implied consent an issue that would be raised at trial in for the Rule 23(b)(2) classes, as conceded by Google's counsel. Oct. 11 Hrg. Tr. 20:4–6.

2

1   Certifying the remaining common liability issues under Rule 23(c)(4) will streamline follow-on proceedings for the (at least) "tens of millions" of class members whom Google admits did not impliedly consent. Oct. 11 Hrg. Tr. 14:11–18. Issue certification thus promotes efficiency because, although follow-on actions may be required, "at least it wouldn't be necessary in each of those trials to determine whether the challenged practices were unlawful." *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 672 F.3d 482, 491 (7th Cir. 2012) (Posner, J.) (holding that both (b)(2) and (c)(4) certification were warranted). This approach is particularly warranted here because: (1) the already scheduled trial covers the same claims and issues, meaning issue certification results in no additional work for the parties and the Court; and (2) the factual determinations that would establish classwide liability issues include complex technical issues that require expensive discovery and expert testimony.

Google's recent filings indicate that it seeks the upside of classwide adjudication with no downside. Google has argued that (A) common evidence entitles it to summary judgment on all claims against all class members, while also arguing that (B) no liability questions can be certified under Rule 23(c)(4). Google cannot have it both ways. Rather than accept this basic reality, Google seeks a ruling that would require individual users to redo this entire case all over again, including fact and expert discovery, sanctions proceedings to address Google's discovery misconduct, and a multiweek trial with numerous (and perhaps the same) expert witnesses. That approach is the opposite of materially advancing this litigation. Rule 23(c)(4) certification is the better path, supported by numerous decisions granting such certification.

### ARGUMENT

**I.  The November Trial Will Resolve Classwide Liability Issues with Common Evidence that Can Also Be Decided Under Rule 23(c)(4).**

The liability issues that will be tried for the certified Rule 23(b)(2) classes and the named Plaintiffs are the same issues which Plaintiffs propose to certify under Rule 23(c)(4). The one exception is Google's implied consent defense, which Google apparently intends to assert against

the individual representatives.[1] But implied consent is only relevant to whether a class member can recover damages, not whether Google's conduct was culpable under the seven causes of action.

Google claims that it is "difficult" to "teas[e] out what, exactly, Plaintiffs hope to try" under Rule 23(c)(4) (Opp'n at 1), but Google's own summary judgment motion identifies a number of issues that should be decided classwide, thus confirming that (c)(4) certification is appropriate. Relying on common evidence, Google seeks summary judgment against **all class members** on 11 issues that cut across all seven claims. Dkt. 907-3.[2] Take, for example, Google's *express* consent defense, which is Google's primary summary judgment argument (as opposed to *implied* consent, which Google did not raise at summary judgment). Google claims that its Privacy Policy "expressly disclosed the challenged data collection and use." Dkt. 907-3 at 1. Plaintiffs counter that "a reasonable user could interpret the form contract to mean that Google would not collect and use private browsing data." Dkt. 924-3 at 6. Plaintiffs also rely on other common evidence to support their interpretation, including admissions from Google employees. *Id.* at 7–14.

This dispute highlights the advantages of issue class certification. If Plaintiffs are correct that this issue is not appropriate for summary judgment, then this issue can and should be tried in November on behalf of all class members. Any trial ruling should be binding not only for Plaintiffs' individual claims and for purposes of the certified Rule 23(b)(2) classes but also for those same class members under Rule 23(c)(4).

As another example, Plaintiffs contend that any consent (whether express or implied) is negated under the Federal Wiretap Act's crime-tort exception based on Google's use of the data, which is uniform to all class members. *Id.* at 16–17.[3] That is another common issue that can be tried and decided on a classwide basis, both for purposes of the Court awarding injunctive relief and for

---

[1] Implied consent is not an available defense for all of Plaintiffs' claims. For example, it is not a defense to the contract claim. *See, e.g.*, Judicial Council of Cal. Civil Jury Instructions 330–38 (2022) (listing affirmative defenses to breach of contract, and omitting implied consent).

[2] Unless otherwise noted, all emphases are added.

[3] Consent is not a defense where a "communication is intercepted for the purpose of committing any criminal or tortious act." 18 U.S.C. § 2511(2)(d).

any follow-on cases. A finding that this exception applies would negate any express or implied consent defense on a classwide basis for the Federal Wiretap Act.

It is puzzling for Google to claim confusion over what specific liability issues will be tried in November. Google has presumably begun planning for the trial, on the very same issues that have been certified for the (b)(2) classes. Moreover, this motion is not the first time Plaintiffs have sought issue certification. Plaintiffs' motion for class certification contained a section seeking issue certification (to which Google did not even respond, tacitly agreeing that issue certification was appropriate). Dkt. 608-3 at 24–25. Plaintiffs even provided an outline in Appendix A of their Trial Plan (Dkt. 608-4 at 27), which lists the issues to be decided for all seven claims. For example, this list identifies five issues for the CIPA § 631 claim, only one of which implicates implied consent. The remaining four turn entirely on classwide practices and common evidence that will be presented at trial in November, including Google's intent (Issue 2), the technical process by which Google intercepts private browsing data (Issues 1 and 4), and the type of data intercepted (Issue 3).

With the Trial Plan appendix, a similar analysis can be done for every claim. *See id.* at 28 (for the Federal Wiretap Claim, all three issues will be tried and decided in November based on common evidence); *id.* at 30 (for CIPA § 632, same for both issues); *id.* (for the CDAFA, same for all three issues); *id.* at 31 (for invasion of privacy, same for all three issues); *id.* at 31 (for intrusion upon seclusion, same for both issues);[4] *id.* at 32 (for breach of contract, same for three of the four issues[5]); *id.* at 32 (for UCL, same for the sole issue).

**II.     Google's Opposition Mischaracterizes Plaintiffs' Motion and Misinterprets the Court's Class Certification Order.**

Rather than confront Plaintiffs' Motion head on, with the many supporting decisions Plaintiffs cited, Google misconstrues it. Google maintains that Plaintiffs seek to certify the "'issue' of Google's liability" (Opp'n at 4) and argues "liability is not a genuinely common issue" because

---

[4] Plaintiffs have taken the position that implied consent is not an available defense under the CDAFA and for the common law and constitutional privacy claims. Even if it is available, that would mean only a portion of one issue for those claims is individualized, leaving multiple common issues that should be decided under Rule 23(c)(4).

[5] Plaintiffs are not seeking to certify contract damages under Rule 23(c)(4).

of implied consent. Opp'n at 4–5. That argument mischaracterizes Plaintiffs' Motion and betrays Google's misunderstanding of the Court's class certification order, as well as Ninth Circuit law.

Plaintiffs do not seek to certify "liability." Plaintiffs moved to certify "the same *liability issues* that will necessarily be decided in connection with the claims certified under Rule 23(b)(2) and asserted by the named Plaintiffs." Mot. at 13. Google appears to believe that the (b)(2) trial has nothing to do with liability. Opp'n at 12–13. But to secure injunctive relief, Plaintiffs will need to prevail on the disputed liability issues. It is blackletter law that "the plaintiff seeking an injunction must prove the plaintiff's own case and adduce the requisite proof, by a preponderance of the evidence, of the conditions and circumstances upon which the plaintiff bases the right to and necessity for injunctive relief." *Walters*, 145 F.3d at 1048 (quotations omitted). For example, if Google prevails at trial based on express consent, then Plaintiffs will not secure any injunction.

Google claims that the Rule 23(b)(2) trial cannot resolve "specific liability questions," relying on the Court's finding that implied consent turns on individualized inquiries. Opp'n at 13; *see also* Opp'n at 4–5. But Google has already conceded "there is not an implied consent defense . . . that is specific to injunction." Oct. 11 Hrg. Tr. 20:4–6. This Court also acknowledged that "none of the arguments with respect to implied consent really impact a claim for injunctive relief." *Id.* 19:10–12. Based on its own survey evidence, Google even admits that at least "tens of millions" of class members did not impliedly consent. *Id.* 14:11–18.

Contrary to Google's assertion, Plaintiffs' proposal does not raise any Seventh Amendment concerns because Plaintiffs are not proposing to have "different juries" examine "the same issue." Opp'n at 11 (citing *Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995)). The November jury will resolve classwide liability issues (like express consent), and subsequent juries will resolve the *different* issue of implied consent and damages. "If done properly, bifurcation will not raise any constitutional issues." *Martin v. Behr Dayton Thermal Prod. LLC*, 896 F.3d 405, 417 (6th Cir. 2018).

**III.   Rule 23(c)(4) Certification for Classwide Liability Issues Will Streamline the Litigation.**

Issue certification is warranted because it will streamline (and perhaps foreclose) follow-on cases, which is the only factor for this Court to consider. *See supra* Intro. Many liability issues that will be tried in November turn on complex expert discovery, as revealed through the summary judgment papers. For example, the parties have a dispute about whether the data Google intercepts qualifies as "content," where Plaintiffs rely in part on data produced through the extensive and costly Special Master process. *Compare* Dkt. 907-3 at 19–20, *with* Dkt. 924-3 at 18–19. It is in the parties' interest to resolve this dispute now, rather than repeat the same expensive discovery and expert testimony in follow-on proceedings, particularly where Google has twice been sanctioned for abusing the discovery process. It is also in the parties' interest to resolve whether the form contract expressly discloses Google's collection and use of private browsing information. Plaintiffs rely on numerous employee admissions to support their interpretation of Google's disclosures, which Plaintiffs only obtained through their dogged approach to discovery. It makes no sense for follow-on claimants to redo that discovery, and it makes no sense for Google and follow-on claimants to remarshal the same evidence and experts at follow-on trials.

The opening brief summarized these efficiency gains, and Google did not meaningfully address them. Mot. at 11-13. Instead, Google tacitly concedes (as it must) that some facts are "common to the class" and that future proceeding may "require some common issues to be tried." Opp'n at 10. That concession is sufficient to grant Plaintiffs' Motion.

Perhaps recognizing as much, Google tries to divert the Court's attention to the irrelevant question of whether implied consent is an affirmative defense, as opposed to an issue that Plaintiffs must negate. *Id.* at 7. As a threshold matter, Google contradicts its own prior filings where it described implied consent as a "defense."[6]

---

[6] Google's argument that Plaintiffs bear the burden on consent for the "statutory claims" (Opp'n at 7) contradicts the position Google took in its summary judgment motion, where Google described "consent [a]s a ***defense*** to wiretapping [and] UCL" claims. Dkt. 907-3 at 10 (citing *Calhoun v. Google, LLC*, 2022 WL 18107184, at *8 (N.D. Cal. Dec. 12, 2022) (Gonzalez Rogers, J.); *Calhoun v. Google*, 526 F. Supp. 3d 605, 620 & n.3 (N.D. Cal. 2021)); *see also* Dkt. 82 (MTD FAC) at 4 (stating "consent is a ***defense*** to each claim"). In any event, Google's opposition states that it bears the burden on consent for some claims. *See* Opp'n at 7 ("consent is a complete defense to the

6

More importantly, it does not matter whether implied consent is an affirmative defense. "Rule 23(c)(4) talks about 'issues,' not 'liability' (or 'claims' or 'causes of action'), so ***there is no obvious textual basis to limit issue-class certification to issues that, upon their resolution, necessarily establish a defendant's liability as to all claimants***." *Russell v. Educ. Comm'n for Foreign Med. Graduates*, 15 F.4th 259, 268 (3d Cir. 2021). Plaintiffs' opening brief explained how this "broad view" of Rule 23(c)(4) "has been adopted by most circuits, including the Ninth Circuit." Mot. at 5. Google does not argue otherwise.

*Martin*, a toxic tort case, is instructive. 896 F.3d at 414. The district court found that "individualized inquiries predominate over the elements of actual injury and causation," but certified the remaining liability issues under Rule 23(c)(4), including issues that turned on "expert evidence" and the defendant's "knowledge and conduct." *Id.* The Sixth Circuit affirmed: "By trying these common questions to a single jury, this procedure also saves time and scarce judicial resources." *Id.* at 416. The same approach is warranted here, where many liability issues turn on Google's "knowledge and conduct" and "expert evidence" about Google's collection, storage, and use of private browsing data. This follows directly on *Martin's* identification of common questions (and common answers) emerging from the trial of specific liability issues. The classwide liability issues that Plaintiffs seek to try under Rule 23(c)(4) are "central to the case, not one or two peripheral issues." *Cunningham v. Multnomah Cnty.*, 2015 WL 274187, at *8 (D. Or. Jan. 20, 2015). Resolving these issues will materially advance the litigation because (1) a Plaintiffs' victory would "significantly advance every class member's action," and (2) a Google victory might "dispose[] of every class member's claim in a single action." *Id.*

Google struggles to address the opening brief's reliance *Martin* and *Cunningham*, burying cursory responses in the middle of wordy footnotes. *Compare* Mot. at 6–7 (citing those cases), *with* Opp'n at 3 n.1, *and* Opp'n at 7 n.6. And Google ***entirely ignores*** other cases which granted (c)(4) certification even though "separate proceedings of some character will be required to determine the entitlements of the individual class members to relief." *Carnegie v. Household Int'l, Inc.*, 376 F.3d

---

remaining claims," i.e., contract and intrusion upon seclusion). There should be no dispute that, for these claims, Plaintiffs' entire case-in-chief is certifiable under Rule 23(c)(4).

656, 661 (7th Cir. 2004); Mot. at 7; *see also In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 341 F.R.D. 128, 170 (D. Md. 2022) (in a negligence case, certifying under Rule 23(c)(4) "the duty and breach issues" even though "important issues related to causation, affirmative defenses, and damages . . . will not be resolved during issue-class adjudication"); Mot. at 9.

The cases Google cites denying (c)(4) certification are distinguishable. Opp'n at 5. In *Backhaut v. Apple Inc.*, the plaintiffs sought (c)(4) certification in their reply brief to their (b)(3) certification motion, and so the "Court decline[d] to entertain Plaintiffs' belated request." 2015 WL 4776427, at *3 n.3 (N.D. Cal. Aug. 13, 2015). Because of that limited briefing, it was also "unclear what utility, if any, certification of a liability-only class would have." *Id.* By contrast, Plaintiffs have explained with full briefing how (c)(4) certification will streamline proceedings for the "tens of millions" whom Google concedes did not impliedly consent. Oct. 11, 2022 Hrg. Tr. 14:11–18.

Google's other cases are further afield; they denied all forms of certification for reasons not at issue here. *See Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 136-37 (3d Cir. 2000) (classes were "ill-defined" and "too broad[]"); *Nieves v. United of Omaha Life Ins.*, 2023 WL 2705836, at *5 (S.D. Cal. Mar. 28, 2023) (typicality not met); *Reitman v. Champion Petfoods USA*, 830 F. App'x 880, 881 (9th Cir. 2020) (each mislabeled product "contains different information" on its packaging, unlike here where the disclosures are uniform); *Hart v. TWC Prod. & Tech.*, No. 20-cv-03842, Dkt. 198 at 17 (N.D. Cal. Mar. 30, 2023) ("undisputed that [defendant's] Privacy Policy explicitly disclosed the practices at issue"); *In re ConAgra Foods*, 302 F.R.D. 537, 580 (C.D. Cal. 2014) ("insufficient information concerning variations in [state] law"); *Tasion Comms., Inc. v. Ubiquiti Networks, Inc.*, 308 F.R.D. 630, 641 (N.D. Cal. 2015) ("adequacy problem").

Finally, Plaintiffs have already refuted Google's argument that, aside from implied consent, there are "additional issues that Plaintiffs cannot provide classwide." Opp'n at 8–9; *see also* Dkt. 712-1 (Class Certification Reply) at 8–11. Google tellingly ***ignores*** a slew of cases cited in Plaintiffs' opening brief which explain how the claims here turn on issues which are well-suited for class treatment. Mot. at 10 (citing *Ades v. Omni Hotels Mgmt. Corp.*, 2014 WL 4627271, at *15 (C.D. Cal. Sept. 8, 2014) (CIPA); *Romero v. Securus Techs., Inc.*, 331 F.R.D. 391, 415 (S.D. Cal. 2018)

8

1  (CIPA); *Harris v. comScore, Inc.*, 292 F.R.D. 579, 585 (N.D. Ill. 2013) (federal Wiretap Act and CFAA); *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 545 (N.D. Cal. 2018); *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 480 (C.D. Cal. 2012) (UCL)).

Google's discussion of the so-called "additional" individualized issues is cursory, and its arguments are easily refuted. Google is wrong to suggest that "Plaintiffs have the burden to prove" that websites did not consent. Opp'n at 9. Website consent is only relevant to the Federal Wiretap Act, and for that statute, Google has repeatedly conceded, and the Court has already ruled, that "it is Google's burden to prove consent." Dkt. 113 (Order denying MTD) at 14 (citing *Matera v. Google Inc.*, 2016 WL 5339806, at *17 (N.D. Cal. Sept. 23, 2016)); *see also supra* n.6. In addition, Google has moved for summary judgment on website consent as to all websites and against all class members, undermining any argument that it cannot be decided classwide. Dkt. 907-3 at 17. Google's argument about "other privacy preserving technologies" is irrelevant. Opp'n at 9. This case is about whether Google delivered on its promises about private browsing, which can be decided classwide. As for "content," the summary judgment briefing demonstrates how this is a classwide issue, where Google intercepts detailed URL information that reveals the specific webpage being viewed, as well as user-generated search terms. Dkt. 924-3 at 18-19. Google's intrusion-upon-seclusion argument is just another way of raising implied consent. *See* Opp'n at 8 (arguing that some "class members [] were aware of Google's challenged conduct"). Finally, the question of "whether Google breached" the contract does not "require[] an individualized inquiry." Opp'n at 9. "Breach" turns on (1) Did Google promise in the form contract not to collect and use private browsing data? And, if so: (2) Did Google collect and use private browsing data, in breach of that promise? Those questions are answered with common evidence, and should be decided classwide.

## CONCLUSION

Plaintiffs respectfully request that the Court certify under Rule 23(c)(4) the same liability issues that will necessarily be decided in connection with the claims certified under Rule 23(b)(2) and asserted by the named Plaintiffs.

| | | |
|---|---|---|
| 1 | Dated: April 25, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/ Mark Mao |
| | | Mark C. Mao (CA Bar No. 236165) |
| 4 | | mmao@bsfllp.com |
| 5 | | Samuel Issacharoff (pro hac vice) |
| | | si13@nyu.edu |
| 6 | | 40 Washington Square South |
| 7 | | New York, N.Y. 10012 |
| | | Telephone: (212) 998-6580 |
| 8 | | |
| | | Beko Reblitz-Richardson (CA Bar No. 238027) |
| 9 | | brichardson@bsfllp.com |
| | | Erika Nyborg-Burch (CA Bar No. 342125) |
| 10 | | enyborg-burch@bsfllp.com |
| 11 | | BOIES SCHILLER FLEXNER LLP |
| | | 44 Montgomery Street, 41st Floor |
| 12 | | San Francisco, CA 94104 |
| | | Telephone: (415) 293-6800 |
| 13 | | Facsimile (415) 293-6899 |
| 14 | | |
| | | David Boies (admitted pro hac vice) |
| 15 | | dboies@bsfllp.com |
| | | BOIES SCHILLER FLEXNER LLP |
| 16 | | 333 Main Street |
| 17 | | Armonk, NY 10504 |
| | | Telephone: (914) 749-8200 |
| 18 | | Facsimile: (914) 749-8300 |
| 19 | | James Lee (admitted pro hac vice) |
| | | jlee@bsfllp.com |
| 20 | | Rossana Baeza (admitted pro hac vice) |
| | | rbaeza@bsfllp.com |
| 21 | | BOIES SCHILLER FLEXNER LLP |
| 22 | | 100 SE 2nd Street, Suite 2800 |
| | | Miami, FL 33131 |
| 23 | | Telephone: (305) 539-8400 |
| | | Facsimile: (305) 539-1307 |
| 24 | | |
| 25 | | Alison L. Anderson (CA Bar No. 275334) |
| | | alanderson@bsfllp.com |
| 26 | | BOIES SCHILLER FLEXNER LLP |
| | | 725 S Figueroa St., 31st Floor |
| 27 | | Los Angeles, CA 90017 |
| | | Telephone: (213) 629-9040 |
| 28 | | |

10

PLAINTIFFS' REPLY ISO MOTION FOR ISSUE CERTIFICATION         CASE NO. 4:20-CV-03664-YGR-SVK

Facsimile: (213) 629-9022

Bill Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
Steven Shepard (pro hac vice)
sshepard@susmangodfrey.com
Alexander P. Frawley (pro hac vice)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiffs*