**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice)*
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Counsel for Defendant Google LLC*
*Additional counsel on signature pages*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

CHASOM BROWN, *et al.,* individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

GOOGLE LLC,

Defendant.

Case No. 4:20-cv-03664-YGR-SVK

**GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Judge: Hon. Yvonne Gonzalez Rogers

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully seeks to seal certain portions of Google LLC's Reply in Support of Motion for Summary Judgment ("Reply"), which contains non-public, highly sensitive, and confidential business information that could affect Google's competitive standing and may expose Google to increased security risks if publicly disclosed, including details related to Google's internal projects, internal databases, and logs, and their proprietary functionalities, as well as internal metrics, which Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. This information is highly confidential and should be protected.

This Administrative Motion pertains to the following information contained in the Reply:

| Document | Portions to be Filed Under Seal | Basis for Sealing |
|---|---|---|
| Google's Responsive Separate Statement to Plaintiffs' Additional Material Facts | Highlighted Portions at:<br><br>Pages 9:23, 10:12, 11:11, 12:13-14, 16:10-11, 19:3, 21:23, 23:9, 24:9, 25:23, 33:17-18, 43:26, 44:12 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, data fields, and logs, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 146 11/30/22 Psounis Declaration | Highlighted Portions at:<br><br>Pages 1, 3-13 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, |

| | | |
|---|---|---|
| | | including various types of Google's internal projects, data sources, and logs, source code, and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 147 2/10/23 Psounis Declaration | Highlighted Portions at:<br><br>Pages i:16-17, i:23, i:28, ii:2-3, 2:18-19, 3:25-27, 4:4, 4:10, 4:12-13, 10:13-14, 10:19, 10:22, 11:6, 13:7-8, 16:4-5, 16:10, 16:12, 16:25, 23:2, 23:8-9, 23:13, 23:15-16, 23:22, 23:27, 24:8, 24:11, 24:19, 24:24, 24:28, 25:1, 25:5-7, 25:13, 25:21-24, 26:1, 26:7, 26:9, 26:21-24, 27:6 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, data sources, and logs, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

| | | |
|---|---|---|
| Exhibit 148<br>2/14/23 Berntson Dep. Tr. Excerpts | Highlighted Portions at:<br><br>Page 116:18-25 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 149<br>4/29/21 Discovery Hearing Tr. Excerpts | Highlighted Portions at:<br><br>Pages 26:9, 26:18-19 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's |

| | | |
|---|---|---|
| | | internal practices relating to competing products. |
| Exhibit 151 11/24/21 Mardini Dep. Tr. Excerpts | Highlighted Portions at:<br><br>Pages 286:11, 286:15, 287:16, 289:21-22, 290:12-16, 457:21 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 156 5/27/22 Expert Report of Bruce A. Strombom | Highlighted Portions at:<br><br>Pages i, ii, 1, 3-6, 16-17, 19, 21, 27, 31-37, 39, 41, 44-48, 51-56, 60, 62, 64-76, 78, 80-82, 84-90, 94-96, 98-102, 104-112, Exhibit 2:1-4, Exhibit 5-10.C: all pages<br><br>Appendix B - Page 1 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to |

| | | |
|---|---|---|
| | | competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

**II. LEGAL STANDARD**

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civ. L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1179-80 (9th Cir. 2006). Quoting the Supreme Court's decision in *Nixon v. Warner Communications*, the Ninth Circuit has noted that examples of what might constitute a compelling reason include "'sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting 435 U.S. 589, 598-99 (1978)). The materials that Google seeks to seal here easily meet the "compelling reasons" standard.

**III. THE ABOVE IDENTIFIED MATERIALS SHOULD ALL BE SEALED**

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99. Materials that could harm a litigant's competitive standing may be sealed under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc*., 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted). Courts in this district have also determined that motions to seal may be granted as to potential trade secrets. *See, e.g. United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2015

WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing "that [the party] ha[s] not shown that the substance of the information . . . amounts to a trade secret").

Here, the compelling reason standard is satisfied. The Reply comprises confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. Specifically, this information provides details related to Google's internal projects, internal databases, and logs, and their proprietary functionalities, as well as internal metrics. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with its legal and privacy obligations.

Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, and designs to Google's competitors. That alone is a proper basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (sealing "highly sensitive information regarding Delphix's product architecture and development"); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publicly available").

Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's infrastructure. Google and its users would be placed at an increased risk of cyber security threats, and data related to its users could similarly be at risk. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted"

because if made public, it "could lead to a breach in the security of the Gmail system. The security threat is an additional reason for this Court to seal the identified information.

The information Google seeks to redact, including information related to Google's internal projects, internal databases, and logs, and their proprietary functionalities, as well as internal metrics is the minimal amount of information needed to protect its internal systems and operations from being exposed to not only its competitors but also to nefarious actors who may improperly seek access to and disrupt these systems and operations. Google's sealing request is warranted under "compelling reasons" standard.

## IV. CONCLUSION

For the foregoing reasons, the Court should seal the identified portions of the Reply.

DATED: April 26, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *_/s/ Andrew H. Schapiro_*

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*