# EXHIBIT 152

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
---oOo---

CHASOM BROWN; MARIA NGUYEN;
WILLIAM BYATT; JEREMY DAVIS;
and CHRISTOPHER CASTILLO,
individually and on behalf
of all other similarly
situated,

          Plaintiffs,

vs.                                    No. 5:20-cv-03664-LHK

GOOGLE LLC,

          Defendant.
_____/


CONFIDENTIAL

REMOTE VIDEOTAPED DEPOSITION OF CHRISTOPHER R. PALMER
WITNESS LOCATION:  SAN FRANCISCO, CALIFORNIA
WEDNESDAY, JANUARY 5, 2022


Stenographically Reported by:
ANDREA M. IGNACIO, CSR, RPR, CRR, CCRR, CLR
California CSR No. 9830
Job No. 773740

MAGNA LEGAL SERVICES
866-624-6221



```
                                                              Page 2
 1            IN THE UNITED STATES DISTRICT COURT
 2           FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                        ---oOo---
 4
 5   CHASOM BROWN; MARIA NGUYEN;
     WILLIAM BYATT; JEREMY DAVIS;
 6   and CHRISTOPHER CASTILLO,
     individually and on behalf
 7   of all other similarly
     situated,
 8
                    Plaintiffs,
 9   vs.                                  No. 5:20-cv-03664-LHK
10   GOOGLE LLC,
11                  Defendant.
     _____/
12
13
14        REMOTE VIDEOTAPED DEPOSITION OF
15      CHRISTOPHER R. PALMER, taken on behalf of the
16      Plaintiffs, on Wednesday, January 5, 2022,
17      beginning at 10:06 a.m., and ending at 5:43 p.m.,
18      Pursuant to Notice, and remotely before me,
19      ANDREA M. IGNACIO, CSR, RPR, CRR, CLR ~ License
20      No. 9830.
21
22
23
24
25
```



MAGNA LEGAL SERVICES

```
 1   R E M O T E   A P P E A R A N C E S:
 2
 3      COUNSEL FOR THE PLAINTIFFS:
 4          BOIES SCHILLER & FLEXNER LLP
 5          By:  BEKO REBLITZ-RICHARDSON, ESQ.
 6               MARK MAO, ESQ.
 7               ROSANNA BAEZA, ESQ.
 8               ERIKA NYBORG-BURCH, ESQ.
 9          44 Montgomery Street, 41st Floor
10          San Francisco, California 94104
11          415.293.6804
12          brichardson@bsfllp.com
13
14          MORGAN & MORGAN
15          By:  RYAN MCGEE, ESQ.
16          201 N. Franklin Street, 7th Floor
17          Tampa, Florida 33602
18          813.233.5505
19
20          SIMMONS HANLY CONROY
21          By:  ERIC JOHNSON, ESQ.
22          One Court Street
23          Alton, Illinois 62002
24          618.693.3104
25          ejohnson@simmonsfirm.com
```



```
```

Page 4

1   R O M O T E  A P P E A R A N C E S:  (Cont.)
2
3      COUNSEL FOR THE DEFENDANT:
4           QUINN EMANUEL URQUHART & SULLIVAN
5           By:  JOMAIRE CRAWFORD, ESQ.
6                CARL SPILLY, ESQ.
7           51 Madison Avenue, 22nd Floor
8           New York, New York 10010
9           212.849.7000
10          jomairecrawford@quinnemanuel.com
11
12     ALSO PRESENT:  Torryn Taylor, Google
13                    Bill Shover, Videographer
14
15                   ---oOo---
16
17
18
19
20
21
22
23
24
25



```
                                                              Page 64
 1      Q   I don't understand the difference between a         11:44
 2   hypothesis and your statement to other Google              11:44
 3   employees that Google should rename Chrome Incognito       11:44
 4   Mode.                                                      11:44
 5          MS. CRAWFORD:  Objection; argumentative.            11:44
 6          I'm not entirely sure that was a question.          11:44
 7          THE WITNESS:  I think it's worth trying, but        11:44
 8   there's a possibility that it might not help, or it        11:44
 9   might.  I don't know.                                      11:44
10          MR. RICHARDSON:  Q.  But Google has never           11:44
11   tried -- Google has never renamed Chrome Incognito         11:44
12   Mode; correct?                                             11:44
13          MS. CRAWFORD:  Objection to the form of the         11:44
14   question.                                                  11:44
15          THE WITNESS:  The -- the released version of        11:44
16   Chrome, I think, has always used the term Incognito.       11:44
17          MR. RICHARDSON:  Let's look at what's marked        11:44
18   as Exhibit 7, which is GOOG-BRWN-00806426.                 11:44
19      Q   Mr. Palmer, do you have Exhibit 7 in front of       11:45
20   you?                                                       11:45
21      A   Yes.                                                11:45
22      Q   And this is a document that you reviewed in         11:45
23   preparation for your deposition here today; correct?       11:45
24          MS. CRAWFORD:  Objection.                           11:45
25          THE WITNESS:  Let me -- let me read this and        11:45
```



```
                                                              Page 65
 1    see which one it is.                                     11:45
 2           MR. RICHARDSON:  Sure.                            11:45
 3           THE WITNESS:  (Reading document.)                 11:45
 4           Yes.                                              11:45
 5           MR. RICHARDSON:  Q.  And is Exhibit 7 an          11:45
 6    e-mail you sent as part of your work for Google?         11:45
 7       A   Looks like it, yeah.                              11:45
 8       Q   And is Exhibit 7 an e-mail you reviewed in        11:45
 9    connect- -- in preparation for your deposition here      11:45
10    today?                                                   11:46
11           MS. CRAWFORD:  Objection; asked and answered;     11:46
12    misstates the witness' testimony.                        11:46
13           THE WITNESS:  Yes.                                11:46
14           MR. RICHARDSON:  Q.  And do you see where you     11:46
15    described Incognito as radioactive?                      11:46
16       A   What I meant was the -- the issue of the          11:46
17    rename is something that people don't want to hear       11:46
18    from me again, maybe.                                    11:46
19       Q   So when you said "it's radioactive," you were     11:46
20    referring to the issue of whether or not to rename       11:46
21    Incognito Mode for Chrome; is that right?                11:46
22       A   Perhaps specifically as raised by me.  Again,     11:46
23    my -- my style is spicy, and sometimes people are,       11:46
24    like, Okay.  We heard you, you know.                     11:46
25       Q   But this was an e-mail you sent to Dr. Felt       11:46
```



```
                                                           Page 66
 1   and Ms. Tabriz; correct?                               11:46
 2       A   Yeah.                                          11:46
 3       Q   And you wrote:                                 11:46
 4           "In its current form, it is effectively a      11:46
 5   lie."                                                  11:47
 6           Do you see that?                               11:47
 7       A   I do.                                          11:47
 8       Q   Where you wrote "it is effectively a lie,"     11:47
 9   you were referring to Chrome Incognito Mode; correct?  11:47
10       A   Yes, the name.                                 11:47
11       Q   And in February of 2015, how was the           11:47
12   Incognito Mode name effectively a lie?                 11:47
13       A   There is the risk that people may perceive    11:47
14   the name as meaning more than it can, more than we say 11:47
15   in the New Tab Page or in our Help Center article.     11:47
16   And then people will believe something that's not what 11:47
17   we say and which is not true.                          11:47
18       Q   And when you said "there is the risk that      11:47
19   people may perceive the name as meaning more than it   11:47
20   can," what more were you concerned about in terms of   11:47
21   how people would perceive Chrome Incognito Mode?       11:48
22           MS. CRAWFORD:  Objection; mischaracterizes     11:48
23   the witness' testimony.                                11:48
24           THE WITNESS:  Well, I can't necessarily speak  11:48
25   for other people about what they might imagine that it 11:48
```



```
                                                              Page 67
 1   means.  So I don't -- I don't want to say --             11:48
 2   necessarily claim to know other people's minds.          11:48
 3           But there's a lot of -- the term "privacy" is    11:48
 4   fuzzy, and people mean a lot of things by it.  And      11:48
 5   Incognito Mode, I think, pretty clearly states what it   11:48
 6   does do, and I think that statement is accurate, but    11:48
 7   people might still imagine something else.              11:48
 8           MR. RICHARDSON:  Q.  What something else?       11:48
 9       A   Well, as an example, they might imagine that    11:48
10   Incognito Mode obscures your IP address when you        11:49
11   connect to a server.                                    11:49
12       Q   Has Chrome Incognito Mode ever obscured         11:49
13   users' IP addresses when they connect to servers?       11:49
14       A   No.                                             11:49
15       Q   Did you have any other concerns in terms of     11:49
16   how people might misperceive the functionality of       11:49
17   Chrome Incognito Mode based on the name Incognito?      11:49
18           MS. CRAWFORD:  Objection; mischaracterizes      11:49
19   the witness' testimony.                                 11:49
20           THE WITNESS:  Again -- excuse me -- I can't     11:49
21   speculate as to what people might imagine it means.     11:49
22   But the IP address example is just an example of the    11:49
23   kind of misunderstanding that could happen.             11:49
24           MR. RICHARDSON:  Q.  What do you understand     11:49
25   the word "incognito" to mean?                           11:49
```



```
                                                              Page 68
 1     A    Going under a different identity.                 11:49
 2     Q    And why were you concerned in February of         11:50
 3  2015 that Chrome Incognito in its current form was        11:50
 4  effectively a lie?                                        11:50
 5          MS. CRAWFORD:  Objection; mischaracterizes        11:50
 6  the witness' testimony.                                   11:50
 7          THE WITNESS:  Can you restate the question.       11:50
 8          MR. RICHARDSON:  Sure.                            11:50
 9     Q    In February of 2015, did it bother you that       11:50
10  Chrome Incognito was effectively a lie?                   11:50
11     A    I really want people to understand what           11:50
12  Incognito does.  And I think that what it does is         11:50
13  good.  And I think that the documentation and the --      11:50
14  the statements on the New Tab Page are accurate.  And     11:50
15  I'm afraid that even though they're accurate, the name    11:51
16  is fuzzy.                                                 11:51
17          And again, there is a lot of necessary            11:51
18  complexity in network communications that is hard to      11:51
19  get across to a wide audience, a global audience.  And    11:51
20  so there is bound to be some misunderstanding, and        11:51
21  that always bothers me.                                   11:51
22          But to a certain extent, it's always going to     11:51
23  be unavoidable whenever you have a software product       11:51
24  that does something complicated.  You know, nobody        11:51
25  understands every last aspect, especially when you're     11:51
```



```
 1              CERTIFICATE OF STENOGRAPHER
 2
 3         I, ANDREA M. IGNACIO, hereby certify that the
 4   witness in the foregoing remote deposition was by me
 5   remotely sworn to tell the truth, the whole truth, and
 6   nothing but the truth in the within-entitled cause;
 7         That said deposition was taken in shorthand
 8   by me, a disinterested person, remotely at the time
 9   stated, and that the testimony of the said witness was
10   thereafter reduced to typewriting, by computer, under
11   my direction and supervision;
12         That before completion of the deposition,
13   review of the transcript [x] was [ ] was not
14   requested.  If requested, any changes made by the
15   deponent (and provided to the reporter) during the
16   period allowed are appended hereto.
17         I further certify that I am not of counsel or
18   attorney for either or any of the parties to the said
19   deposition, nor in any way interested in the event of
20   this cause, and that I am not related to any of the
21   parties thereto.
22   Dated:
23   _Andrea M. Ignacio_____
24    ANDREA M. IGNACIO, RPR, CRR, CCRR, CLR, CSR No. 9830
25
```

