# EXHIBIT 154

CONFIDENTIAL ATTORNEYS' EYES ONLY

```
 1            IN THE UNITED STATES DISTRICT COURT
 2          FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                     SAN JOSE DIVISION
 4
 5
     PATRICK CALHOUN, et al.,        )
 6   CHASOM BROWN, et al., on        )
     behalf of themselves and        )
 7   all others similarly            )
     situated,                       )
 8                                   )
            Plaintiffs,              )
 9                                   )
       vs.                           ) Case Nos.
10                                   ) 4:20-cv-5146- and
     GOOGLE LLC,                     ) 5:20-cv-05146-
11                                   ) YGR-SVK
            Defendants.              )
12                                   )
13
14
15
16      *** CONFIDENTIAL ATTORNEYS' EYES ONLY ***
17
18
19            REMOTE VIDEO DEPOSITION OF
20            SABINE BORSAY - VOLUME II
21
22
23
     DATE TAKEN:  JUNE 30, 2022
24   REPORTED BY:  RENEE HARRIS, CSR 14168, CCR, RPR
     JOB NO. 5268903
25   PAGES:  173 - 350
```

Page 173

CONFIDENTIAL ATTORNEYS' EYES ONLY

```
 1            IN THE UNITED STATES DISTRICT COURT
 2          FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                     SAN JOSE DIVISION
 4
 5
    PATRICK CALHOUN, et al.,       )
 6  CHASOM BROWN, et al., on       )
    behalf of themselves and       )
 7  all others similarly           )
    situated,                      )
 8                                 )
             Plaintiffs,           )
 9                                 )
       vs.                         )  Case Nos.
10                                 )  4:20-cv-5146- and
    GOOGLE LLC,                    )  5:20-cv-05146-
11                                 )  YGR-SVK
             Defendants.           )
12                                 )
13
14
15
16       *** CONFIDENTIAL ATTORNEYS' EYES ONLY ***
17
18
19      Remote Video Deposition of SABINE BORSAY,
20  Volume II, taken in Zurich, Switzerland and Zoom
21  Conference Video, commencing at 1:02 p.m., CEST,
22  Thursday, June 30, 2022, before Renee Harris,
23  CSR No. 14168, Registered Professional Reporter.
24
25
```

Page 174

```
 1   APPEARANCES OF COUNSEL:
 2   For CALHOUN PLAINTIFFS:
 3       BLEICHMAR FONTI & AULD LLP
 4            BY:  ANGELICA M. ORNELAS, ESQ.
 5            555 12th Street, Suite 1600
 6            Oakland, California 94607
 7            (415) 445-4003
 8            aornelas@bfalaw.com
 9
10   For BROWN PLAINTIFFS:
11       BOIES SCHILLER & FLEXNER LLP
12            BY: JAMES LEE, ESQ.
13                AUGUSTO CIVIDINI, ESQ.
14            100 SE Second Street, Suite 2800
15            Miami, Florida 33131
16            (305) 357 8434
17            jlee@bsfllp.com
18            acividini@bsfllp.com
19   -and-
20            BY:  MARK MAO, ESQ.
21            44 Montgomery Street, 41st Floor,
22            San Francisco, California 94104
23            (415) 293-6800
24            mmao@bsfllp.com
25            (Attending remotely)
```

Page 175

CONFIDENTIAL ATTORNEYS' EYES ONLY

```
 1    APPEARANCES OF COUNSEL: (CONTINUED)
 2    For DEFENDANT:
 3        QUINN EMANUEL URQUHART & SULLIVAN LLP
 4            BY: JOMAIRE CRAWFORD, ESQ.
 5                CARL SPILLY, ESQ.
 6            51 Madison Avenue, 22nd Floor
 7            New York, New York 10010
 8            (212) 849-7000
 9            jomairecrawford@quinnemanuel.com
10            carlspilly@quinnemanuel.com
11
12    QUINN EMANUEL URQUHART & SULLIVAN  (Schweiz)
13            GmbH
14            BY:  REMO DECURTINS, ASSOC.
15            Dufourstrasse 29
16            8008 Zürich
17            Switzerland
18            (+41) 44 253 8014
19            remodecurtins@quinnemanuel.swiss
20
21    ALSO PRESENT:
22            David West, Videographer (remotely)
23            Matthew Gubiotti, Google
24
25
```

Page 176

```
1     we discussed user misconceptions that they were

2     invisible in Incognito Mode, partly because of the

3     Incognito name and spy icon.

4             Do you remember that we talked about

5     that?                                                02:25:02

6         A.   Mmm, no --

7             MS. CRAWFORD:  Yeah, objection --

8             THE WITNESS:  -- I wouldn't --

9             MS. CRAWFORD:  -- insofar as that

10        mischaracterizes the witness's testimony and    02:25:05

11        misstates the documents.

12    BY MR. LEE:

13        Q.   Sure.  Let's go back to Exhibit 3.  I

14    just want to point out "Problems of the current

15    branding."  Do you have it up on the screen?  We    02:25:16

16    have it on the screen share.

17        A.   Which document again just to make sure?

18        Q.   Exhibit 3.

19        A.   3, okay.

20            MR. LEE:  What page is this for            02:25:35

21        Mrs. Borsay?  Is it page 2, Augusto?

22            MR. CIVIDINI:  Yeah, it's page 2.

23    BY MR. LEE:

24        Q.   Okay.  I don't know if you're looking at

25    the screen share or you're on the document,         02:25:44
```

Page 241

```
 1   Ms. Borsay, so I'm just trying to direct you.
 2        A.   Both.  I'm seeing it.
 3        Q.   Okay.  Do you see under "Problems of the
 4   current branding," it says, "Name and spy indicate
 5   that you are invisible"?                                02:25:53
 6        A.   I see that, yeah.
 7        Q.   Right.  And we -- we talked about that
 8   language already; right?  You recall?
 9        A.   I guess so, yeah.
10        Q.   Okay.  Now, let's go back to the current     02:26:08
11   exhibit, Exhibit 5, and I want to scroll down a
12   little bit.  There we go.
13             In the second bullet of your e-mail, you
14   write that Chrome Incognito mode, "does not
15   provide anonymity/invisibility towards any other      02:26:26
16   party (such as the websites you visit or Google)."
17             Did I read that correctly?
18        A.   You did read it correctly, yeah.
19        Q.   Okay.  And can you identify for me any
20   public disclosure from Google that specifically       02:26:42
21   tells users that Incognito Mode does not provide
22   anonymity or visibility from Google?
23             MS. CRAWFORD:  Objection.  Argumentative.
24        Also assumes facts.
25             THE WITNESS:  So I think Incognito new      02:27:03
```

Page 242

```
 1         tab page clearly even states that new
 2         activity can be seen -- or we would need to
 3         look at the exact phrasing by websites that
 4         you visit.
 5    BY MR. LEE:                                          02:27:16
 6         Q.  Right.  But my question is a little
 7    different.  My question was:  Can you identify for
 8    me any public disclosure from Google, including
 9    the new tab page, that specifically tells users
10    that Incognito Mode does not provide anonymity or   02:27:26
11    invisibility from Google?
12         A.  And my answer was to that, Google is a
13    website.  We talked --
14         Q.  Okay.
15         A.  -- the new tab page of Incognito Mode is   02:27:41
16    in the context of the browser.  Google is one
17    website.
18         Q.  Okay.  So your testimony is that when
19    users go on to Google.com, they are visible to
20    Google; but if they are not on a Google -- on the   02:27:57
21    Google website, then they are actually invisible
22    from Google?
23              MS. CRAWFORD:  Objection.
24    Mischaracterizes the witness's testimony.
25    Assumes facts.  Lack of foundation.                 02:28:08
```

Page 243

```
 1                THE WITNESS:  I have not said that.
 2        BY MR. LEE:
 3            Q.  Okay.  What are you saying?
 4                MS. CRAWFORD:  Objection to the form of
 5        the question.  Vague and overbroad.  Asked           02:28:14
 6        and answered.
 7                You can respond.
 8                THE WITNESS:  I don't have the question.
 9        You said something which was not true, and
10        now you ask me a question I cannot answer.           02:28:24
11                So can you just phrase the question --
12        BY MR. LEE:
13            Q.  Sure.  Can you explain to me what part of
14        my question is incorrect?
15                MS. CRAWFORD:  What was the question,        02:28:35
16        James?
17                THE WITNESS:  Yeah.
18                MS. CRAWFORD:  I think the witness has
19        said she's unclear as to the question you've
20        posed.                                               02:28:39
21        BY MR. LEE:
22            Q.  So the new tab page says that you are
23        invisible to the websites you visit, and you said
24        that Google is a website; correct?
25                THE WITNESS:  First of all, I cannot talk    02:28:53
```

Page 244

```
 1        to what the new tab page says by heart when I
 2        don't look at it.  Starting with that.  You
 3        just said something about invisibility, I
 4        don't know.  We would need to look at the new
 5        tab page if we want to talk about the exact       02:29:03
 6        language on it.
 7    BY MR. LEE:
 8        Q.  Okay.  Why don't we pull up that same new
 9   tab page.
10        A.  Sure.                                         02:29:09
11            (Exhibit 3A was received and marked
12            for identification on this date and is
13            attached hereto.)
14            MR. LEE:  It's been marked as Exhibit 3A.
15            MS. CRAWFORD:  Actually, James, because I     02:29:14
16   don't know what that is that you just
17   represented as Exhibit 3A, how about you open
18   an Incognito -- I don't know if the second
19   chair who's working with you has Chrome,
20   but -- it can be used --                               02:29:29
21            MR. LEE:  That's fine.  Augusto, if you
22   can do that, that's fine with me.
23            MR. CIVIDINI:  So instead of 3A, a new
24   Incognito tab.
25            MR. LEE:  Well, yeah, that is 3A.  She's      02:29:39
```

Page 245

```
 1        saying instead of opening it from Google
 2        Search just --
 3              MS. CRAWFORD:  Because I don't -- I don't
 4        know exactly what it is that you've queried.
 5        I know that you're doing a screen share, but         02:29:49
 6        honestly I can't see with specificity what
 7        that is.
 8              MR. LEE:  We have it up.  We have it up
 9        now.
10    BY MR. LEE:                                              02:29:57
11        Q.  Okay.  So let's look at it together,
12    Mrs. Borsay.  I think what you're referring to is
13    the -- on the right-hand column of the new tab
14    page, it says "Your activity might still be
15    visible to."                                             02:30:06
16              Do you see that?
17        A.  Mm-hmm.  I do see that, yeah.
18        Q.  And it says "websites you visit"; right?
19    Is that right?
20        A.  Yes, it is.                                      02:30:14
21        Q.  Okay.  "Your employer or school"; right?
22        A.  Mm-hmm.
23        Q.  Is that right?
24        A.  Yes.
25        Q.  And "your Internet service provider";            02:30:22
```

Page 246

```
 1    right?
 2         A.   Yes.
 3         Q.   Okay.   Doesn't list Google there, does
 4    it?
 5              MS. CRAWFORD:   Objection to the form of      02:30:30
 6         the question.   Foundation.
 7              You can answer.
 8              THE WITNESS:   It doesn't list specific
 9         websites here.
10    BY MR. LEE:                                             02:30:38
11         Q.   Does it specifically list Google?
12         A.   Sorry, can you --
13         Q.   Does it specifically list Google?
14         A.   It does not, and I wouldn't know why it
15    should.                                                 02:30:47
16         Q.   Okay.   And is it your testimony that
17    Google is merely a website and not an actual data
18    collection company?
19              MS. CRAWFORD:   Objection insofar as that
20         misstates the witness's testimony.   Also          02:30:57
21         characterization and assumes facts.
22              You can answer.
23              THE WITNESS:   I haven't said that.
24    BY MR. LEE:
25         Q.   Okay.   Can you identify for me anywhere      02:31:07
```

Page 247

CONFIDENTIAL ATTORNEYS' EYES ONLY

```
 1    in here where Google is listed or named or
 2    referenced?
 3            MS. CRAWFORD:  Asked and answered.
 4            THE WITNESS:  Like I said, I wouldn't
 5      know why.                                          02:31:22
 6    BY MR. LEE:
 7        Q.  Okay.  So let me go back to my original
 8    question, then.  Can you identify for me any
 9    public disclosure from Google that specifically
10    tells users that Incognito Mode does not provide    02:31:28
11    anonymity or invisibility from Google?
12            MS. CRAWFORD:  Same set of objections
13      including that that question now has been
14      asked and answered.
15            THE WITNESS:  Yeah, it talks -- the first   02:31:42
16      sentence, you can see here that it talks
17      about what Incognito Mode does:  Now you can
18      browse privately and other people who use
19      this device won't see your activity.
20            So I'm not sure how Google as a company    02:32:02
21      would be other people who use this device.
22    BY MR. LEE:
23        Q.  Has anyone at Google ever told that you
24    Incognito Mode is effectively a lie?
25            MS. CRAWFORD:  Objection.  Foundation.     02:32:13
```

Page 248

CONFIDENTIAL ATTORNEYS' EYES ONLY

```
1          MR. LEE:  You can take this down, by the
2     way, Augusto.  Thank you.
3          THE WITNESS:  What does it mean, taking
4     this down?
5          MR. LEE:  No, I was talking to Augusto.         02:32:24
6     Let me ask you again.
7  BY MR. LEE:
8     Q.  Has anyone at Google ever told you that
9  Incognito Mode is effectively a lie?
10         MS. CRAWFORD:  Same objection.                  02:32:32
11         You can answer.
12         THE WITNESS:  I don't remember anyone
13    having said that exactly to me, no.
14 BY MR. LEE:
15    Q.  Are you aware that at least one Google           02:32:43
16 employee has described Incognito Mode as
17 "effectively a lie"?
18    A.  If you are referring to a specifically
19 document, let me know --
20    Q.  I'm just asking if you're aware.                 02:32:54
21    A.  I certainly don't recall that, no.
22    Q.  Given your work on user misconceptions
23 regarding Incognito, does it surprise you to hear
24 that at least internally a Google employee
25 described Incognito as effectively a lie?              02:33:10
```

Page 249

```
 1
 2
 3
 4          I, RENEE HARRIS, do hereby certify that I
 5   am a licensed Certified Shorthand Reporter;
 6       That prior to being examined, the witness named
 7   in the foregoing deposition was by me duly sworn
 8   to testify to tell the truth, the whole truth, and
 9   nothing but the truth;
10       That the said deposition was by me recorded
11   stenographically;
12       And the foregoing pages constitute a full,
13   true, complete and correct record of the testimony
14   given by the said witness;
15          That I am a disinterested person, not
16   being in any way interested in the outcome of said
17   action, or connected with, nor related to any of
18   the parties in said action, or to their respective
19   counsel, in any manner whatsoever.
20
21              Date: July 7, 2022
22
23              [signature]

24              Renee Harris, CSR, CCR, RPR
                CA CSR No. 14168,
25              NJ CRR No. 30XI00241200; RPR
```

Page 347