# EXHIBIT 155

CONFIDENTIAL

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3
 4
 5    CHASOM BROWN, WILLIAM BYATT,
      JEREMY DAVIS, CHRISTOPHER
 6    CASTILLO, and MONIQUE
      TRUJILLO, individually and on
 7    behalf of all other similarly
      situated,
 8
                    Plaintiffs,
 9                                        No.
           vs.                            5:20-cv-03664-LHK-SVK
10
      GOOGLE LLC,
11
                    Defendant.
12    _____/
13
14              -- CONFIDENTIAL --
15
16       VIDEOTAPED DEPOSITION OF RAMIN HALAVATI
17             Remote Zoom Proceedings
18              Zurich, Switzerland
19           Tuesday, January 18, 2022
20
21
22
23   REPORTED BY:
24   LESLIE ROCKWOOD ROSAS, RPR, CSR 3462
25   Pages 1 - 238                    Job No. 5035959
```

Page 1

Veritext Legal Solutions
866 299-5127

```
 1                UNITED STATES DISTRICT COURT
 2                NORTHERN DISTRICT OF CALIFORNIA
 3
 4
 5    CHASOM BROWN, WILLIAM BYATT,
      JEREMY DAVIS, CHRISTOPHER
 6    CASTILLO, and MONIQUE
      TRUJILLO, individually and on
 7    behalf of all other similarly
      situated,
 8
                  Plaintiffs,
 9                                          No.
           vs.                              5:20-cv-03664-LHK-SVK
10
      GOOGLE LLC,
11
                  Defendant.
12    _____/
13
14                    -- CONFIDENTIAL --
15
16         Videotaped deposition of RAMIN HALAVATI,
17    taken on behalf of the Defendant, Remote Zoom Proceedings
18    from Zurich, Switzerland, beginning at 7:39 a.m. Central
19    European Standard Time and ending at 3:16 p.m. Central
20    European Standard Time, on Tuesday, January 18, 2022,
21    before Leslie Rockwood Rosas, RPR, Certified Shorthand
22    Reporter No. 3462.
23
24
25
                                                        Page 2
```

```
 1   APPEARANCES:
 2
 3   FOR THE BROWN PLAINTIFFS:
 4        BOIES SCHILLER & FLEXNER LLP
 5        BY: BEKO REBLITZ-RICHARDSON, ESQ.
 6             ERIKA NYBORG-BURCH, ESQ.
 7        44 Montgomery Street, 41st Floor
 8        San Francisco, California 94104
 9        (415) 293-6804 (Mr. Reblitz-Richardson)
10        (215) 873-7264 (Ms. Nyborg-Burch)
11        brichardonson@bsfllp.com
12        enyborg-burch@bsfllp.com
13             -and-
14        BY: HSIAO (MARK) C. MAO, ESQ.
15        44 Montgomery Street, 41st Floor
16        San Francisco, California 91401
17        (415) 293-6800
18        mmao@bsfllp.com
19
20
21
22
23
24
25
```

```
 1   APPEARANCES (Continued):
 2
 3   FOR THE CALHOUN PLAINTIFFS:
 4        BLEICHMAR FONTI & AULD LLP
 5        BY: ANGELICA M. ORNELAS, ESQ.
 6        555 12th Street, Suite 1600
 7        Oakland, California 94607
 8        (415) 445-4011
 9        aornelas@bfalaw.com
10
11   FOR THE DEFENDANT:
12        QUINN EMANUEL URQUHART & SULLIVAN
13        BY: DR. JOSEF ANSORGE, ESQ.
14        1300 I Street NW, Suite 900
15        Washington, D.C. 20005
16        (202) 538-8000
17        josefansorge@quinnemanuel.com
18            -and-
19        BY: ANGELA KATSIKANTAMIS, ESQ.
20        GmbH
21        Dufourstrasse 29
22        8008 Zurich, Switzerland
23        41-44-253-8000
24        angelakatsikantamis@quinnemanuel.com
25
```

Page 4

CONFIDENTIAL

```
 1    APPEARANCES (Continued):
 2
 3    Also Present:
 4         Remo Decurtins, Swiss Commissioner
 5         Ralf Uhrich, Esq. (Google counsel)
 6         Scott Slater, Videographer
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 5

```
 1              (Exhibit 17, Email string from Ramin Halavati to
 2              mardini@google.com, 03/06/20, GOOG-CABR-00832014
 3              - 015, was marked for identification by counsel
 4              electronically.)
 5              (Exhibit 18, Email from Ramin Halavati to Rory
 6              McClelland, 06/04/19, GOOG-BRWN-00699534 - 535,
 7              was marked for identification by counsel
 8              electronically.)
 9              (Exhibit 19, Email from Ramin Halavati to Rory
10              McClelland, 02/10/20, GOOG-BRWN-00782689 - 690,
11              was marked for identification by counsel
12              electronically.)
13              (Exhibit 20, Email string from Ramin Halavati to
14              Mark Pearson, 05/07/20, GOOG-CABR-00487012 -
15              031, was marked for identification by counsel
16              electronically.)
17              THE VIDEOGRAPHER:  We are back on the record.
18   The time is 11:31 a.m.
19              MR. ANSORGE:  During the break we discussed
20   marking the transcript as confidential, and I just want      11:30:49
21   to make sure that's reflected on the record.  So we're
22   hereby making sure that the transcript is going to be
23   marked confidential.
24              MR. REBLITZ-RICHARDSON:  And as discussed that
25   is we have no objection to marking it confidential           11:31:00
```

```
 1   subject to the parties' ongoing discussions regarding

 2   designations of deposition transcripts.

 3        Q.   Mr. Halavati, do you have in front of you

 4   Exhibit 15, which is GOOG-BRWN-00701189?

 5        A.   Yes, I have it.                                    11:31:32

 6        Q.   My questions are only going to focus on the

 7   comment that you added at the very end on the third page

 8   ending 191.

 9             Do you see where you wrote:  "Currently we are

10   logging all user activities in Incognito mode              11:31:59

11   server-side, and that is more or less linkable to users

12   signed-in data"?

13        A.   Yes, I see that part.

14        Q.   When you wrote:  "Currently we are logging all

15   user activities in Incognito server-side," were you        11:32:18

16   referring to Chrome Incognito there?

17        A.   Yes, I was referring to Chrome Incognito.

18             And I hear my echos very much.

19             MR. ANSORGE:  Okay.  Sorry.  In that case, I'll

20   hop on mute.                                                 11:32:40

21        Q.   BY MR. REBLITZ-RICHARDSON:  Mr. Halavati, when

22   you wrote:  "Currently we are logging all user activities

23   in Incognito server-side," is the "we" in that sentence a

24   reference to Google?

25        A.   Yes, that is reference to Google, not to Chrome.  11:32:58
```

Page 134

1    Q. And when you wrote: "Currently we are logging
2    all user activities in Incognito server-side," what did
3    you mean by "logging"?
4    A. Unfortunately, this is an unaccurate sentence
5    and probably it was based on the previous discussion. If       11:33:17
6    a user navigates to a website that is entirely unrelated
7    to Google, nothing is logged by Google about that website
8    navigation, even in regular mode. But let's focus on
9    Incognito.
10           But if user goes to a Google website in              11:33:40
11   Incognito mode, everything that Google user does that is
12   logged like regular user, a regular new user. So logging
13   is not stopped at all.
14           And in cases that a third par- -- another
15   website sends data to Google, Google also treats that as      11:34:01
16   a regular new user and logs the data.
17   Q. When you wrote: "Currently we are logging all
18   user activities in Incognito server-side," did that
19   include user activities on non-Google websites that use
20   Google services such as Ads and Analytics?                    11:34:23
21           MR. ANSORGE: Objection. Form and foundation.
22           THE WITNESS: I don't know about how Google
23   Analytics and Ads work and to what level they are logging
24   the information that they receive from other websites.
25   Q. BY MR. REBLITZ-RICHARDSON: And so when you                 11:34:45

Page 135

```
1    wrote:  "Logging all user activities in Incognito

2    server-side," were you only referring to user activities

3    on Google websites?

4            MR. ANSORGE:  Objection.  Form.

5            THE WITNESS:  Let me read quickly the entire         11:35:04

6    discussion.

7            Okay.  Could you please repeat the question.

8        Q.  BY MR. REBLITZ-RICHARDSON:  When you wrote:  "We

9    are logging all user activities in Incognito mode

10   server-side," were you only referring to user activities   11:37:43

11   on Google websites?

12           MR. ANSORGE:  Same objections.

13           THE WITNESS:  This discussion was in the context

14   of signing in on Google properties like in Gmail or Maps,

15   YouTube, in Chrome Incognito mode.  So what I was           11:38:07

16   referring to was data that is logged in these websites or

17   applications while user is using them Incognito mode.

18       Q.  BY MR. REBLITZ-RICHARDSON:  And so with respect

19   to those Google applications, Google logs all user

20   activities in Incognito mode server-side at Google; is      11:38:27

21   that right?

22       A.  Yes, we do not -- we did not and we do not tell

23   those websites, like Gmail and Maps, that users is

24   Incognito mode so they can't treat user differently when

25   users is Incognito mode.                                    11:38:49
```

Page 136

```
 1          Q.   And what did you mean:  "And that is more or
 2   less linkable to users' signed in data"?
 3          A.   Well, that was a wrong assessment by me at the
 4   time, that I thought those logs are in a state that are
 5   connectable to users' regular mode data.                          11:39:10
 6               In certain cases, like when user really logs
 7   into a Google website in Incognito mode, we -- the data
 8   is linked.  Because from user's point of view, user has
 9   signed into that website, like user has signed into
10   Gmail, and whatever that user does in Gmail is expected    11:39:33
11   to affect what user does in Gmail in regular mode on
12   other computer or on the same device.
13               So that is a shared data, and this is the part
14   that it is more linkable.  But if user does not sign into
15   a Google property in Incognito, I was under the             11:39:53
16   impression that we can somehow join the data on Google
17   servers.
18               But in later discussions, people who knew more
19   information about Google logs or -- yeah, how these
20   things work, told me that it is not that much possible.   11:40:12
21          Q.   So at this point in time, in January 2020, you
22   believed that it was possible for Google to link
23   signed-out Incognito mode data with signed-in Incognito
24   mode data; is that correct?
25          A.   Yes.  I wrongly believed so.                   11:40:41
```

Page 137

```
 1         Q.   And at some later point in time, you changed

 2    your opinion and decided that was not possible; is that

 3    right?

 4         A.   As far as I remember, yes.  But I don't remember

 5    the exact reasoning or details of the decision in next         11:40:59

 6    steps.

 7         Q.   And who told you that that was incorrect?

 8         A.   We had -- let me remember.

 9              The main point of contact that I remember in

10    this discussion was Mr. Adhya, who actually -- well,           11:41:32

11    actually SinRastro was a team or a group of people who

12    were the contact point between all these different Google

13    Incognito products.  So most of these questions went

14    through him to other teams, and he had discussions with

15    all involved parties.  So I guess it came from him, but I      11:41:56

16    don't exactly recall.

17         Q.   So in January 2020, you believed that signed-out

18    Chrome Incognito mode data collected by Google could be

19    linked to users' signed-in data, but some time after

20    that, Mr. Adhya told you that was incorrect?                   11:42:22

21              MR. ANSORGE:  Objection.  Mischaracterizes prior

22    testimony.

23              THE WITNESS:  I don't remember exactly when my

24    opinion was changed, and I guess it was through

25    discussions with him, but I don't recall the details.          11:42:39
```

Page 138

CONFIDENTIAL

```
 1   STATE OF CALIFORNIA      ) ss:
 2   COUNTY OF MARIN          )
 3            I, LESLIE ROCKWOOD ROSAS, RPR, CSR NO. 3462, do
 4   hereby certify:
 5            That the foregoing deposition testimony was
 6   taken before me at the time and place therein set forth
 7   and at which time the witness was administered the oath;
 8            That testimony of the witness and all objections
 9   made by counsel at the time of the examination were
10   recorded stenographically by me, and were thereafter
11   transcribed under my direction and supervision, and that
12   the foregoing pages contain a full, true and accurate
13   record of all proceedings and testimony to the best of my
14   skill and ability.
15            I further certify that I am neither counsel for
16   any party to said action, nor am I related to any party
17   to said action, nor am I in any way interested in the
18   outcome thereof.
19            IN WITNESS WHEREOF, I have subscribed my name
20   this 20th day of January, 2022.
21
22
23
24
25                       LESLIE ROCKWOOD ROSAS, RPR, CSR NO. 3462
```

Page 235

Veritext Legal Solutions
866 299-5127