| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>Erika Nyborg-Burch, CA Bar No. 342125<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br>enyborg-burch@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>                Plaintiffs,<br>  v.<br>GOOGLE LLC,<br>                Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF GOOGLE'S SUMMARY JUDGMENT REPLY (DKT. 934)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Hearing Date: June 6, 2023<br>Time: 1:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

# NOTICE OF MOTION & MOTION

PLEASE TAKE NOTICE that on June 6, 2023,[1] the undersigned will appear before the Honorable Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California at the Oakland Courthouse, Courtroom 1, 1301 Clay Street, Oakland, CA 94612, to move the Court to strike portions of Defendant Google, LLC's ("Google") Reply in Support of Motion for Summary Judgment (Dkt. 934). This Motion is based upon this Notice of Motion and Motion, the incorporated Memorandum of Points and Authorities, the Declaration of Ryan J. McGee, other documents on file in this action, and other evidence and argument presented to the Court.

# ISSUE PRESENTED

Whether this Court should strike (1) a new argument that Google raised for the first time in its reply brief in support of its motion for summary judgment, and (2) expert declarations cited in Google's reply which (A) were not cited in Google's opening brief, (B), were never subject to cross examination, and (C) where Google promised not to rely on this material for any purpose apart from the sanctions proceedings?

# RELIEF REQUESTED

Plaintiffs respectfully request that the Court strike (1) Google's technical-circumvention argument relating to Plaintiffs' CDAFA claim (Dkt. 934 at 13), and (2) Exhibits 146 and 147 to the Supplemental Broome Declaration (Dkts. 933-4, 933-5).

Dated: April 28, 2023            BOIES SCHILLER FLEXNER LLP

                                 By */s/ Mark Mao*
                                 Mark C. Mao (CA Bar No. 236165)
                                 mmao@bsfllp.com

---

[1] Plaintiffs are noticing this motion for the default hearing date under the Local Rules, but Plaintiffs are amenable to an expedited briefing schedule, particularly in light of the upcoming May 12, 2023 hearing on Google's motion for summary judgment.

## I. INTRODUCTION

Unhappy with its arguments and evidence, Google resorts to desperate and improper tactics. *First*, Google on Reply raises a brand-new argument about Plaintiffs' CDAFA claim. *Second*, Google relies on two expert declarations prepared exclusively for the sanctions proceedings in this case, which were never subject to discovery (and were instead disclosed more than six months after the discovery cut-off), and which address material Google promised not to rely on for any other purpose. The Court has already sanctioned Google (twice) for concealing logs and data sources, and it improper for Google to rely on these materials.

### A. Google's New CDAFA Argument Should Be Stricken.

Google's opening summary judgment brief included two arguments for the CDAFA claim, which Google summarized as follows: "(1) Google did not 'access' Plaintiffs' computers, and (2) Plaintiffs have not suffered 'damages or loss.'" Dkt. 907-3 at 22. Google's reply brief adds a third argument, which Google concedes is a "separate[]" argument: "***Separately***, CDAFA requires that the defendant circumvent[] technical or code-based barriers, or otherwise render ineffective any barriers . . . to prevent access." Dkt. 934 at 13 (emphasis added).

This new argument should be stricken. "[Google] could have and should have asserted this argument in its opening motion. Because [Google] waited and asserted this argument . . . for the first time in its reply brief, the Court [should] strike[] it." *Groupion, LLC v. Groupon, Inc.*, 2012 WL 3025711, at *3 n.3 (N.D. Cal. July 24, 2012) (striking arguments "asserted for the first time in [the] reply brief"). Google did not even preview this argument during the February 14, 2023 Case Management Conference where the Court walked through Google's proposed bases for summary judgment, and the Court thereafter waived its usual pre-filing letter requirements. Feb. 14, 2023 Hrg. Tr. 30:2-9.

Alternatively, this Court should ignore Google's new argument. "[P]arties 'cannot raise a new issue for the first time in their reply briefs.'" *Taymuree v. Nat'l Collegiate Student Loan Tr. 2007-2*, 2017 WL 952962, at *2 n.2 (N.D. Cal. Mar. 13, 2017) (Gonzalez Rogers, J.) (quoting

1
Plaintiffs' Motion to Strike Portions of Google's MSJ Reply
Case No.: 4:20-cv-03664-YGR-SVK

*State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990)). It would be "improper for the Court to consider" Google's new CDAFA argument because it was "raised for the first time on reply." *Id.*

If the Court is inclined to consider Google's new argument, it should grant Plaintiffs leave to file their proposed sur-reply—attached as Exhibit A to the McGee Declaration accompanying this Motion. "When a party raises a new argument or presents new evidence in a reply brief, a court may consider these matters only if the adverse party is given an opportunity to respond." *In re PersonalWeb Techs., LLC*, 2019 WL 1975432, at *1 (N.D. Cal. Feb. 6, 2019) (granting motion for leave to file sur-reply).

**B.     Google's Sanctions-Only Evidence Should Be Stricken.**

This Court should also strike two exhibits that Google cited for the first time in its Reply Statement of Facts: Broome Supplemental Exhibits 146 and 147. Dkt. 933-3 at 30 (PAF 4); Dkts. 933-4, 933-5. Exhibit 146 is the November 30, 2022 declaration of Google expert Konstantinos Psounis. Exhibit 147 is Dr. Psounis's February 10, 2023 declaration. Google prepared these declarations for its response to the Court's October 27, 2022 Order to Show Cause, where Google was ordered to "show cause as to why the Court should not find that . . . Google should be sanctioned." Dkt. 784; *see also* Dkts. 797, 857 (Google's Responses to the OSC).

These exhibits discuss source code that Google produced exclusively for the sanctions proceedings, and long after the close of discovery. The code is from a Google log that stores private browsing data alongside regular browsing data. Google did not disclose this log until June 2022—after the close of fact discovery, after expert reports were served, and after the Court sanctioned Google (the first time). *See* Dkt. 898 (March 2023 Sanctions Order) at 4-5, 7 (discussing this "newly-disclosed" log, and finding that it "includes both authenticated and non-authenticated records," and sanctioning Google (a second time) for concealing this log and other logs). Dr Psounis was not deposed or subjected to any scrutiny on these declarations; Google in fact did not present him at the March 2, 2023 sanctions hearing.

Exhibits 146 and 147 should be stricken because Google promised not to rely on the source code except for purposes of responding to the Order to Show Cause. During an October 2022 hearing, the Court advised the parties that the sanctions proceedings should not be used to "reopen discovery." Oct. 27, 2022 Hrg. Tr. 12:4–6. Consistent with that guidance, Plaintiffs sought and obtained Google's agreement not to use this source code for any other purpose.

> I understand that we agree that Google's production of source code files is within the scope of responding to the Court's Order to Show Cause, and that Plaintiffs do not intend to rely on that code for purposes other than the OSC. ***Google likewise does not intend to rely on source code for purposes other than the OSC***. To the extent Plaintiffs later put the [] log at issue and claim it joins authenticated and unauthenticated data, Google reserves the right to rely on the code on which it has already relied in the course of responding to the OSC.

McGee Decl. Ex. B (emphasis added).

Google's reliance on Exhibits 146 and 147 reneges on that agreement. While Plaintiffs' summary judgment opposition did cite this log (Dkt. 924-3 at 15; *see also* Dkt. 933-3 (PAF 4)), Plaintiffs did not make any arguments or submit any evidence about the source code. Consequently, Google should not be allowed to rely on Broome Exhibits 146 and 147 at summary judgment and trial.

Plaintiffs have been prejudiced. While their consultant was able to review the same source code, Plaintiffs' testifying expert, Jonathan Hochman, was deprived of the opportunity to serve a supplemental report addressing this log, as well as other material that Google was sanctioned for concealing. Relatedly, Plaintiffs have not had any opportunity to question Dr. Psounis (or any Google employee) about this log. Google should now be held responsible for its strategic decisions to forestall Plaintiffs' efforts to conduct meaningful discovery.

Alternatively, the Court should refuse to consider these exhibits because Google did not cite them in its opening brief. "[P]resenting new information in a reply is improper and deprives the opposing party of an opportunity to respond." *Ramirez v. Bank of Am., N.A.,* 2022 WL 17482039, at *7 (N.D. Cal. Oct. 7, 2022) (Gonzalez Rogers, J.) (citing *Tovar v. U.S. Postal Serv.*,

3 F.3d 1271, 1273 n. 2 (9th Cir. 1993)). This Court should "decline[] to address" Google's arguments about these exhibits, "which should have been raised in defendant's motion but were raised for the first time in defendant's Reply." *Id.* Google's opening brief included arguments about whether private browsing data is "unidentified." Dkt. 907-3 at 23; Dkt. 933-3 (SUF 56, 64). Google did not cite Exhibits 146 and 147 in support of those arguments, thus depriving Plaintiffs of an opportunity to address them.

In any event, Exhibits 146 and 147 only underscore why summary judgment is improper. Although Plaintiffs are not required to prove that private browsing data is identifying (Dkt. 924-3 at 3, 22), these exhibits at most demonstrate there is a triable issue of fact on that question. Plaintiffs have identified evidence that "private browsing data is identifying," relying on Google employee admissions and expert data analysis. Dkt. 933-3 (PAF 24-25). If legally relevant, the jury can weigh the parties' competing evidence to decide whether the data is identifying, guided by the Sanctions Orders' jury instruction: "***The jury may infer from Google's failure to disclose these data sources that they are not helpful to Google***." Dkt. 898 at 12-13 (emphasis added). Against that backdrop, a jury could easily find that the data is identifying, particularly where Google employees admit that "we would never sa[y] that Google doesn't know who you are while you're Incognito." Dkt. 933-3 (PAF 24).

## II. CONCLUSION

Plaintiffs respectfully request that the Court strike (1) Google's technical-circumvention argument relating to Plaintiffs' CDAFA claim, raised for the first time in Google's summary judgment reply (Dkt. 934 at 13), and (2) Exhibits 146 and 147 to the Supplemental Broome Declaration (Dkts. 933-4, 933-5), which contains material Google promised not to rely on except for purposes of the sanctions proceedings in this case.

Dated: April 28, 2023                 BOIES SCHILLER FLEXNER LLP

By */s/ Mark Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com

Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (CA Bar No. 342125)
enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (admitted pro hac vice)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Amanda Bonn (CA Bar No. 270891)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019

Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*