United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

10

11

12

13

14

15

| | |
|---|---|
| **CHASOM BROWN, ET AL.,** | **Case No.: 4:20-cv-3664-YGR** |
| **Plaintiffs,** | **ORDER DENYING PLAINTIFFS' REQUEST TO "CLARIFY" THAT ALL STATUTES OF LIMITATIONS REMAIN TOLLED BASED ON THE COURT'S CERTIFICATION ORDER** |
| **v.** | |
| **GOOGLE, LLC,** | |
| **Defendant.** | Re Dkt. No. 832 |

16

17

18

19

20

Pending before the Court is plaintiffs' Motion to Clarify that all Statutes of Limitations Remain Tolled Based on the Court's Certification Order. (Dkt. No. 832, "Mot.") The matter is fully briefed and raises a narrow issue.[1] To expedite resolution of this motion, the Court assumes the parties' familiarity with the procedural history of the action, including Court's certification order. (Dkt. No. 803.)

21

22

23

24

25

After granting in part and denying in part plaintiffs' motion for class certification (*id.*), plaintiffs now request that the Court "clarify" that any statues of limitations remain tolled for the duration of this case, including those that might apply to any individual actions that may be brought by class members seeking monetary relief. Plaintiffs assert that all statutes of limitations for class members were tolled as of the filing of the complaint under the *American Pipe* doctrine.[2] (Mot. at

26

27

28

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

[2] *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 553 (1974).

United States District Court
Northern District of California

1   3–4.) Despite their certainty that this is so, plaintiffs' counsel, "in an abundance of caution and in

2   furtherance of their fiduciary obligations, respectfully seek clarification to eliminate any possible

3   doubt." (Mot. at 4.) Without clarification, plaintiffs warn that "individuals seeking damages may

4   feel compelled to file lawsuits soon." (*Id.*) Though implicitly acknowledging that none of those

5   individual actions for monetary damages are currently before the Court (or any court), plaintiffs

6   argue that the Court has the authority to issue the requested clarification because it has jurisdiction

7   over all class members and defendant Google under the certified 23(b)(2) class.[3] (*Id.* at 5–6.)

8   Google disagrees: "the relief Plaintiffs seek amounts to an advisory opinion, in violation of the

9   Constitution's 'case or controversy' requirement. U.S. Const., Art. III, § 2." (Dkt. No. 850, "Opp.")

10      The question as written provides the answer—the Court does not have the constitutional

11  authority to clarify a hypothetical situation not before it. "Article III [of the Constitution] confines

12  the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion, LLC v.*

13  *Ramirez*, 141 S.Ct. 2190, 2203 (2021). "If a dispute is not a proper case or controversy, the courts

14  have no business deciding it, or expounding the law in the course of doing so." *DaimlerChrysler*

15  *Corp. v. Cuno*, 547 U.S. 332, 341 (2006). Courts "do not sit to decide hypothetical issues or to give

16  advisory opinions about issues as to which there are not adversary parties before us." *Princeton*

17  *Univ. v. Schmid*, 455 U.S. 100, 102 (1982). To "express in advance its legal judgment" upon issues

18  not properly before the court is to give an impermissible advisory opinion. *U.S. v. Fruehaf*, 365

19  U.S. 146, 157 (1961).

20      The Court never addressed the topic of the statute of limitations or opined on the option of

21  members to pursue individual damages actions, therefore, there is nothing upon which to provide

22  clarification.  Here, neither a case—individual actions brought by class members for damages—nor

23  the controversy—will the statutes of limitations still be tolled once those individual actions are

24  filed—are before the Court. Providing an answer on the topic of the statute of limitations amounts

25  to an advisory opinion.

26      Plaintiffs' reliance on *Taylor v. United Parcel Service, Inc.*, 554 F.3d 510 (5th Cir. 2008)

27  does not persuade; it is in inapposite and, in fact, urges the opposite result.  As plaintiffs note, in

28

---

[3] Fed. R. Civ. P. 23(b)(2).

*Taylor*, the Fifth Circuit found that the statute of limitations remained tolled for a member of a Rule 23(b)(2) class who later sought individual damages. *Id.* at 516–22. Crucial to this analysis, however, was the fact that the district court in the original action never denied class certification. *Id.* at 521 ("In sum, because the [previous] district court did not deny class certification . . . [appellant] was entitled to assume that the class representatives continued to represent him and protect his interests in appealing the order dismissing the class claims on the merits. This is consistent with the general rule that all members of a certified class enjoy the same rights as individually named plaintiffs in the suit.")   Based thereon, the Fifth Circuit distinguished *Calderon v. Presidio Valley Farmers Assoc.*, 863 F.2d 385 (5th Cir. 1989), where the Fifth Circuit had held that "an appeal of the denial of class certification **does not extend the tolling period**." *Taylor*, 554 F.3d at 519 (citing *Calderon*; emphasis supplied). The Fifth Circuit noted in *Taylor* that "*Calderon* does not control the instant case . . . because it did not involve the merits dismissal of the claims of a certified class, as this case does." *Id.* Thus, prior case law does not appear to have addressed the posed question; to do so now would be advisory.

For these reasons, the Court **DENIES WITHOUT PREJUDICE** plaintiffs' motion.

This terminates Docket No. 832.

**IT IS SO ORDERED**.

Date: **May 1, 2023**

_____
**YVONNE GONZÁLEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**