# GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF GOOGLE'S SUMMARY JUDGMENT REPLY

# Redacted Version of Document Sought to Be Sealed

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted pro hac vice)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Counsel for Defendant Google LLC*
*Additional counsel on signature pages*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF GOOGLE'S SUMMARY JUDGMENT REPLY**<br><br>Hon. Yvonne Gonzalez Rogers<br>Courtroom:  1 – 4th Floor<br>Date:  May 12, 2023<br>Time:  1:00 p.m. |

## I. INTRODUCTION

Plaintiffs' meritless motion to strike, Dkt. 937 ("Mot."), is nothing more than an excuse to have the last word on Google's summary judgment motion. Plaintiffs' motion challenges two components of Google's reply: (i) two sentences responding to Plaintiffs' argument that "'[w]hat makes [Google's] access unlawful is that [Google is] *without permission*' collecting the data," Dkt. 924-3 (MSJ Opp.) 21, and (ii) two exhibits responding to Plaintiffs' feigned factual dispute about whether Google joins authenticated and unauthenticated data. The challenged material is clearly permissible. The Court should deny both Plaintiffs' motion and their request for a surreply.

## II. ARGUMENT

### A. Google's Reply to Plaintiffs' CDAFA Argument Was Proper

Plaintiffs' objection to two sentences of Google's summary judgment reply is baseless. "Although courts generally do not review issues raised for the first time in a reply brief, they may consider them if the new issue argued is offered in response to an argument raised in the opposition brief." *In re Midland Credit Mgmt., Inc. Tel. Consumer Protection Litig.*, 2019 WL 1676015, at *3 (S.D. Cal. Apr. 17, 2019) (citing *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992)). That is precisely the nature of the challenged argument here. There is no cause to strike Google's argument, much less permit Plaintiffs a surreply longer than the entire CDAFA section of their opposition.

To prevail on their CDAFA claim, Plaintiffs must prove that Google both "knowingly accesse[d]" and "without permission t[ook], copie[d], or ma[de] use of any data from" their computers. Cal. Penal Code § 502(c)(2); *see also* Dkt. 886 (Fourth Am. Compl.) ¶ 232. Google's motion explained that Plaintiffs' theory fails at the first step. MSJ 22. Because "the undisputed process at issue involves third-party website developers' downloading and installing code on their websites that directs the browsers of users visiting their sites to send an HTTP request to Google servers," Google did not "access" Plaintiffs' computers as that term is defined in Cal. Penal Code § 502(b)(1). *Id.*

In their opposition, Plaintiffs not only responded to Google's argument about CDAFA's "access" prong, but made an *additional* affirmative argument about CDAFA's "without permission" prong. They (wrongly) contend that "'what makes Google's access unlawful is that Google is

*without permission* collecting the data," and that "a jury could agree that Google lacked permission to collect private browsing data." MSJ Opp. 21 (cleaned up). Google's reply briefly responded to Plaintiffs' new argument, offering two sentences articulating the standard courts have imposed to show that access to a computer system is "without permission." Reply 13 (citing *Brodsky v. Apple Inc.*, 2019 WL 4141936, at *9 (N.D. Cal. Aug. 30, 2019) ("To allege that a defendant acted without permission under [CDAFA], a plaintiff must allege that the offending software was 'designed in such a way to render ineffective any barriers . . . [or] circumvent[] technical or code-based barriers'")).

Because Google responded directly to Plaintiffs' new argument, its brief argument is permissible on reply. Moreover, the challenged argument is fully substantiated by the same authority (and at the same pages) that Google cited in its opening brief. *See New Show Studios LLC v. Needle*, 2014 WL 2988271, at *7 (rejecting CDAFA liability where "plaintiffs have not alleged that defendants circumvented any technical or code-based barriers"); *id.* ("[I]ndividuals may only be subjected to liability for acting 'without permission' under Section 502 if they access or use a computer, computer network, or website in a manner that overcomes technical or code-based barriers." (quoting *In re iPhone Application Litig.*, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011)). Nor is further briefing appropriate. Because "[t]he new arguments and cases [Google] cites in its Reply are in direct response to the arguments raised in [Plaintiffs'] opposition[,] [i]t is permissible for [Google] to address these issues in its Reply and [its] Reply arguments do not warrant [Plaintiffs'] filing a Sur-Reply." *Synopsis, Inc. v. Siemens Indus. Software Inc.*, 2021 WL 1238309, at *2 n.2 (N.D. Cal. April 2, 2021). Plaintiffs are of course free to address Google's argument at the upcoming hearing.

### B. Google's Reply to Plaintiffs' "Same Log" Argument Was Proper

Plaintiffs' motion to strike Dr. Psounis's November 30, 2022 and February 10, 2023 declarations (Exhibits 146 and 147 to the Supplemental Broome Declaration) is similarly meritless. Google permissibly submitted these exhibits in direct response to arguments in Plaintiffs' opposition. *See supra* II.A. Contrary to plaintiffs' mischaracterizations, the challenged declarations were subject to rigorous review by Plaintiffs and their experts over a months-long proceeding before

Judge van Keulen. Plaintiffs filed a declaration responding to Dr. Psounis's November 30, 2022 declaration and, after agreeing to a schedule for responsive declarations to the February 10, 2023 declaration, chose to leave Dr. Psounis's opinions unrebutted. And as the passage block-quoted at page 3 of Plaintiffs' motion makes clear, Google expressly reserved its ability to rely on the source code referenced in Dr. Psounis's declarations in the event that Plaintiffs made the false and misleading claims they made in their summary judgment opposition.

*First*, Google offered exhibits 146 and 147 in direct response to a new argument in Plaintiffs' opposition. Plaintiffs' opposition brief repeatedly (and wrongly) suggests that private browsing data is identifying because "Google stores private browsing data alongside regular browsing data in the same exact log." MSJ Opp. 2; *see also id.* at 4, 15 (same). Plaintiffs repeat those claims in the separate statement of material facts (Dkt. 933-3),[1] including in one of "Plaintiffs' Additional Facts." *See* PAF 4 ("[Google] stores signed-out private browsing data in the same log as signed-in data . . . . Google previously represented that 'logs are internally segregated by whether you're logged into a Google Account.'"). Plaintiffs cannot genuinely dispute that a claim that even *they* acknowledge is an "additional fact" is an "argument raised in the opposition brief" to which Google is entitled to respond. *Midland Credit Mgmt.*, 2019 WL 1676015, at *3.

*Second*, Plaintiffs' argument that they were prejudiced by insufficient opportunity to explore the basis for Dr. Psounis's declarations (Mot. 2–3) is demonstrably false. Those declarations—and the source code referenced therein—were subject to rigorous review during the months-long order to show cause proceedings before Judge van Keulen, and Plaintiffs had ample opportunity to test and challenge Dr. Psounis's conclusions. Their claims to the contrary defy the record.

During the order to show cause proceedings, Plaintiffs incorrectly argued that the ██████████████████████████████████████ log (the "████ log")—████████████

---

[1] *See* Dkt. 933-3 at Fact 64 (purporting to dispute that "Google employs technical safeguards to prevent . . . techniques to join information keyed to unauthenticated identifiers with information keyed to authenticated identifiers" because "Google stores private browsing data in the same log as signed-in regular private browsing data"); *id.* at Fact 64 (purporting to dispute that "Google does not join data from signed-out PBM sessions with [] data from other browsing sessions" on the same basis); *id.* at Fact 66 (purporting to dispute that "Plaintiffs' experts . . . have not found any evidence that Google in fact engages in [] fingerprinting or joining" on the same basis).

1  ██████████████████████████████████████████—showed that Google
2  joins signed-out private browsing data to specific users' identities. To put that unfounded claim to
3  rest, Google's expert, Dr. Psounis, submitted the first declaration at issue (Ex. 146), explaining that
4  the source code governing the sorting of data in the ▊▊▊ log prohibits joining authenticated and
5  unauthenticated data. Google immediately made all of the source code Dr. Psounis had analyzed
6  available for Plaintiffs to inspect at their experts' convenience. Dkt. 797-3 (Google's Resp. to Order
7  to Show Cause) at 10; Dkt. 857-05 (email correspondence with Plaintiffs) at 11. Plaintiffs'
8  consulting expert Jay Bhatia spent a full day reviewing that code in December 2022, and submitted
9  a declaration responding to Dr. Psounis in January 2023. Dkt. 834-3 (Bhatia Decl.).

10  Mr. Bhatia's sole criticism of Dr. Psounis's source code analysis was that Google produced
11  insufficient code to validate Dr. Psounis's conclusion. *Id.* Dr. Psounis submitted a responsive
12  declaration (Ex. 147) addressing that criticism, and Google produced 14,000 lines of related code
13  to allay any remaining concerns about purportedly incomplete data. Dkt. 857-06 (email
14  correspondence with Plaintiffs) at 7. Google and Plaintiffs agreed that Plaintiffs would submit "any
15  additional expert opinion or argument" concerning that additional code prior to the March 2, 2023
16  hearing. *Id.* at 1–2. Mr. Bhatia spent another two days reviewing the additional code, and *chose not*
17  *to submit any further opinions, reports, or evidence*. Margolies Decl. ¶¶ 5, 12. Indeed, Plaintiffs'
18  counsel was forced to admit at the March 2, 2023 hearing that "we do not have evidence that [the
19  ▊▊▊ log] joined [authenticated and unauthenticated records] in the sense that [Google] want to use
20  the word 'joined,'" *i.e.*, in the only sense that matters in this case—to join logged-out private
21  browsing data with a user's identity. Dkt. 905-3 (3/2/2023 Hr'g Tr.) at 66:1–3.

22  At no point was "Plaintiffs' testifying expert, Jonathan Hochman, [] deprived of the
23  opportunity" to respond to Dr. Psounis's declarations. Mot. 3. To the contrary, Google made the
24  source code available for *any* of Plaintiffs' experts to review, and Plaintiffs *chose* not to have Mr.
25  Hochman review that code or prepare a responsive submission.[2] *See* Dkt. 857-05 at 6, 8, 11 (email

---

[2] Plaintiffs further misrepresent the record by claiming that "Google . . . did not present [Dr. Psounis] at the March 2, 2023 sanctions hearing." Mot. 2. Judge van Keulen ordered that *no* witnesses should appear, Dkt. 871, in direct response to Plaintiffs' request to compel Google to produce witnesses

correspondence setting no limitation on expert review beyond compliance with § 7.4(a)(2) of the Protective Order (Dkt. 81)); Dkt. 857-06 at 1–2 (same for the supplemental production). Google also offered to provide Plaintiffs with sample data from the ▉ log and each log that contributes data to that log over four months before filing its summary judgment motion. Dkt. 857-05 at 6 (offering sampled data in December 2022), Dkt. 857-06 at 6 (reaffirming offer in January 2023). Despite soliciting that offer the prior week, Plaintiffs never even responded to it. Dkt. 857-04 (2/10/2023 Spilly Decl.) ¶ 25.

In light of this record, Plaintiffs' argument that "*Google* should now be held responsible for its strategic decisions to forestall Plaintiffs' efforts to conduct meaningful discovery," Mot. 3 (emphasis added), is exactly backwards. Plaintiffs had ample opportunity to examine the bases for Dr. Psounis's declarations, took advantage of some, and purposefully declined others. With complete visibility into this factfinding process, Judge van Keulen's ultimate sanctions order placed *no limitation* on Google's ability to "argu[e] that it does not 'join' authenticated and unauthenticated data" or on Dr. Psounis's ability to give evidence supporting this argument. Dkt. 898 at 14. Allowing Plaintiffs to argue the ▉ log joins data while excluding the *unrebutted evidence* debunking those claims would be an impermissible backdoor to an additional sanction Plaintiffs already sought and Judge van Keulen expressly denied.[3] Plaintiffs cannot escape robust evidence rebutting their summary judgment arguments simply because they buried their heads in the sand earlier in litigation.

*Finally*, unable to demonstrate prejudice from the challenged exhibits, Plaintiffs seek to hold Google to a "promise" it never made. Mot. 3. It is plain on the face of Plaintiffs' motion what Google actually represented: "Google . . . does not intend to rely on source code for purposes other than the

---

Plaintiffs wished to examine (which list did not even include Dr. Psounis). *See* Margolies Decl. Ex. A.

[3] Plaintiffs specifically requested an order "preclud[ing Google] from arguing that it does not join private browsing data to authenticated data" because "there is at least one data source that stores data from both authenticated and unauthenticated logs." Dkt. 833-2 (Mao Ex. 7 at "Preclusion: Google Arguments" no. 2). Judge van Keulen denied that request, ruling that "preclusion sanctions . . . finding[] that Google engaged in certain conduct regarding the identification, collection, and use of private browsing data or prohibit[ing] Google from making arguments on those issues would [] extend far beyond the facts as known and would be more than necessary to address the prejudice suffered by Plaintiffs in this case." Dkt. 898 at 11.

Case 4:20-cv-03664-YGR   Document 943   Filed 05/01/23   Page 8 of 10

1  OSC," *but* "[t]o the extent Plaintiffs later put the [___] log at issue and claim it joins authenticated
2  and unauthenticated data, Google *reserves the right to rely on the code on which it has already*
3  *relied in the course of responding to the OSC*." Mot. 3 (emphasis added); Dkt. 937-3 (McGee Decl.
4  Ex. B). Plaintiffs did not object to Google's reservation of rights, Margolies Decl. ¶ 10, and Google
5  has honored its representation to the letter.

6         As Plaintiffs are quick to point out, "Google did not cite [the challenged exhibits] in its
7  opening brief." Mot. 3. Google offered that evidence *only after* "Plaintiffs . . . put the [___] log at
8  issue and claim[ed] it joins authenticated and unauthenticated data." *See, e.g.*, Dkt. 933-3 at Facts
9  64–65 (purporting to dispute that "Google does not join data from signed-out PBM sessions with []
10 data from other browsing sessions" in part because "Google stores private browsing data in the same
11 log as signed-in regular browsing data."); *id.* at PAF 4 (incorrectly claiming that "stor[ing] signed-
12 out private browsing data in the same log as signed-in data" conflicts with Google's previous
13 representation that "logs are internally segregated by whether you're logged into a Google
14 account."). And, true to its word, Google "rel[ied] only on the code on which it has already relied
15 in the course of responding to the OSC." Indeed, the challenged exhibits are the *exact same*
16 *declarations* that Google submitted—and Plaintiffs exhaustively vetted—during the order to show
17 cause process. The Court should not reward Plaintiffs' serial mischaracterizations by granting their
18 motion to strike.

19 **III.    CONCLUSION**
20        For the foregoing reasons, the Court should deny Plaintiffs' motion to strike.

6    Case No. 4:20-cv-03664-YGR-SVK
GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
PORTIONS OF GOOGLE'S SUMMARY JUDGMENT REPLY

DATED: May 1, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*