# EXHIBIT A

**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>                    Plaintiffs,<br>   v.<br>GOOGLE LLC,<br>                    Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' [PROPOSED] SUR-REPLY IN OPPOSITION TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Hearing Date: May 12, 2023<br>Time: 1:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

Sensing defeat, Google's summary judgment reply brief desperately adds a new argument related to Plaintiffs' CDAFA claim. Google claims that the "CDAFA requires that the defendant circumvent[] technical or code-based barriers, or otherwise render ineffective any barriers . . . to prevent access," and Google argues that Plaintiffs cannot meet this standard. Dkt. 934 at 13.

Courts have rejected this interpretation of the CDAFA. In 2015, the Ninth Circuit clarified that, unlike the Computer Fraud and Abuse Act, the CDAFA "does not require unauthorized access. It merely requires knowing access." *United States v. Christensen*, 828 F.3d 763, 789 (9th Cir. 2015). The "term 'access' as defined in the [CDAFA] includes logging into a database with a valid password and subsequently taking, copying, or using the information in the database improperly." *Id.* In light of *Christensen*, numerous courts have rejected Google's contention that technical circumvention is required. *See, e.g., Henry Schein, Inc. v. Cook*, 2017 WL 783617, at *5 (N.D. Cal. Mar. 1, 2017) (explaining how the Ninth Circuit in *Christensen* resolved "a split of authority" over whether technical circumvention is required, and held it was not); *Rodriguez v. Google*, 2021 WL 2026726, at *7 (N.D. Cal. May 21, 2021) (similar).

*Rodriguez* is instructive. Google likewise argued that "a party only acts 'without permission' when it 'circumvents technical or code-based barriers in place to restrict or bar a user's access.'" *Id.* at *7. The court disagreed: "the Ninth Circuit repeatedly has emphasized that '[a] plain reading of the statute demonstrates that its **focus is on the unauthorized taking or use of information**.'" *Id.* (emphasis added) (quoting *Christensen*, 828 F.3d at 789). Plaintiffs need only demonstrate "Google's knowing access to, and unpermitted taking of, plaintiffs' [] data." *Id.* Here, whether Google had permission to access Plaintiffs' private browsing data is a triable issue of fact because a jury could find that Google did not obtain their consent to collect this data. *See also In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1101 (N.D. Cal. 2015) (even before *Christensen*, casting doubt on the technical-circumvention standard, reasoning that to "hold[] that a defendant acts with 'permission' for purposes of the CCDFA any time it does not need to overcome 'technical or code based barriers in place to restrict or bar a user's access' leads to

1

Plaintiffs' [Proposed] Surreply in Opposition to Google's MSJ
Case No.: 4:20-cv-03664-YGR-SVK

results which strain the plain and ordinary meaning of the term 'permission'").

But even if the Court were to overlook *Christensen*, there would still be a triable issue of fact because Plaintiffs have uncovered evidence demonstrating there is no way to prevent Google's collection of private browsing data. Dkt. 933-3 (SUF 79). This evidence includes Plaintiffs' expert's analysis as well as admissions from Google employees and experts. For example, when asked how to prevent "Google from logging their Incognito activity" on "Google's servers," **former employee Rory McClelland admitted "there is no way that users can prevent that."** Mao Ex. 20 at 318:3-12 (emphasis added). Such evidence raises a triable issue of fact even under Google's (legally incorrect) standard because Plaintiffs "had no way to remove the [Google tracking beacons] or to opt-out of [their] functionality." *In re Carrier IQ, Inc.*, 78 F. Supp. 3d at 1101. "That is sufficient" under Google's proposed test. *Id.*

Dated: April 28, 2023

BOIES SCHILLER FLEXNER LLP

By */s/ Mark Mao*
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com

Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (CA Bar No. 342125)
enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (admitted pro hac vice)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

James W. Lee (*pro hac vice*)
jlee@bsfllp.com

2
Plaintiffs' [Proposed] Surreply in Opposition to Google's MSJ
Case No.: 4:20-cv-03664-YGR-SVK

Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Amanda Bonn (CA Bar No. 270891)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*