# EXHIBIT B

# Redacted Version of Document Sought to be Sealed

| | |
|---|---|
| **Subject:** | *EXT* RE: Brown - Source Code Review - Request to Print |
| **Date:** | Wednesday, February 22, 2023 at 11:58:12 PM Eastern Standard Time |
| **From:** | Joseph Margolies |
| **To:** | Ryan McGee x3030 |
| **CC:** | QE Brown, Carl Spilly, Josef Ansorge, Google Team |
| **Attachments:** | ~WRD0363.jpg |

**CAUTION:** Use caution when clicking on links or opening attachments in this external email.

Ryan,

Thanks for the meet and confer today. I'm writing to follow up on some open points from our conversation:

1. We appreciate your representation that Plaintiffs will return the code printouts shortly after the March 2 hearing. We request that Plaintiffs return the printouts to Google within three business days following the hearing.

2. You were not able to say at the time of our meet and confer whether Plaintiffs intend to share source code printouts with experts other than Mr. Bhatia. As I explained this afternoon and reiterate here, we do not believe that the use of source code printouts to familiarize experts (who did not examine the code pursuant to Section 9(c) of the Protective Order) with source code is an appropriate use of those printouts under the Protective Order. Consistent with Section 9(e), we request that Plaintiffs provide Google with a list of any individuals who have inspected any portion of source code printouts following the return of those printouts after the hearing.

3. I understand that we agree that Google's production of source code files is within the scope of responding to the Court's Order to Show Cause, and that Plaintiffs do not intend to rely on that code for purposes other than the OSC. Google likewise does not intend to rely on source code for purposes other than the OSC. To the extent Plaintiffs later put the [redacted] at issue and claim it joins authenticated and unauthenticated data, Google reserves the right to rely on the code on which it has already relied in the course of responding to the OSC.

4. Subject to the foregoing, Google agrees to Plaintiffs' requests for printouts of six of the seven excerpts we discussed. We will stamp those excerpts and ship them to your office address as previously agreed.

5. Based on our conversation today, we do not agree that your request for a printout of more than [redacted] lines of the [redacted] proto (which is over [redacted] of our total source code production) is "limited" or "reasonably necessary" as required by the Protective Order. If after consultation with Mr. Bhatia Plaintiffs can further explain or narrow that request, we are open to discussing further.

Best,

Joe

**Joseph Margolies**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

191 N. Wacker Drive Suite 2700
Chicago, IL 60606
312-705-7444 Direct
312.705.7400 Main Office Number