1   **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2   Diane M. Doolittle (CA Bar No. 142046)          Andrew H. Schapiro (admitted *pro hac vice*)
    dianedoolittle@quinnemanuel.com                 andrewschapiro@quinnemanuel.com
3   Sara Jenkins (CA Bar No. 230097)                Teuta Fani (admitted *pro hac vice*)
    sarajenkins@quinnemanuel.com                    teutafani@quinnemanuel.com
4   555 Twin Dolphin Drive, 5th Floor               Joseph H. Margolies (admitted *pro hac vice*)
    Redwood Shores, CA 94065                        josephmargolies@quinnemanuel.com
5   Telephone: (650) 801-5000                       191 N. Wacker Drive, Suite 2700
    Facsimile: (650) 801-5100                       Chicago, IL 60606
6                                                   Telephone: (312) 705-7400
                                                    Facsimile: (312) 705-7401
7

8   Stephen A. Broome (CA Bar No. 314605)           Josef Ansorge (admitted *pro hac vice*)
    stephenbroome@quinnemanuel.com                  josefansorge@quinnemanuel.com
9   Viola Trebicka (CA Bar No. 269526)              Xi ("Tracy") Gao (CA Bar No. 326266)
    violatrebicka@quinnemanuel.com                  tracygao@quinnemanuel.com
10  Crystal Nix-Hines (CA Bar No. 326971)           Carl Spilly (admitted *pro hac vice)*
    crystalnixhines@quinnemanuel.com                carlspilly@quinnemanuel.com
11  Alyssa G. Olson (CA Bar No. 305705)             1300 I Street NW, Suite 900
    alyolson@quinnemanuel.com                       Washington D.C., 20005
12  865 S. Figueroa Street, 10th Floor              Telephone: (202) 538-8000
    Los Angeles, CA 90017                           Facsimile: (202) 538-8100
13  Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
14

15  Jomaire Crawford (admitted *pro hac vice*)      Jonathan Tse (CA Bar No. 305468)
    jomairecrawford@quinnemanuel.com                jonathantse@quinnemanuel.com
16  51 Madison Avenue, 22nd Floor                   50 California Street, 22nd Floor
    New York, NY 10010                              San Francisco, CA 94111
17  Telephone: (212) 849-7000                       Telephone: (415) 875-6600
    Facsimile: (212) 849-7100                       Facsimile: (415) 875-6700
18

19  *Counsel for Defendant Google LLC*

20
                        **UNITED STATES DISTRICT COURT**
21               **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

22  CHASOM BROWN, *et al.*, individually and        Case No. 4:20-cv-03664-YGR-SVK
    on behalf of themselves and all others
23  similarly situated,                             **DECLARATION OF JOSEPH H.**
                                                    **MARGOLIES IN SUPPORT OF**
24                  Plaintiffs,                     **ADMINISTRATIVE MOTION TO SEAL**
                                                    **CORRECTIONS TO PLAINTIFFS'**
25          v.                                      **OPPOSITION TO GOOGLE'S MOTION**
                                                    **FOR SUMMARY JUDGMENT (DKT. 939)**
26  GOOGLE LLC,

27                  Defendant.                      Judge: Hon. Yvonne Gonzalez Rogers

28

                                                              Case No. 4:20-cv-03664-YGR-SVK

I, Joseph H. Margolies, declare as follows:

1.     I am an attorney with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I have been admitted *pro hac vice* in this matter. Dkt. 681. I am making this declaration pursuant to Civil Local Rule 79-5(e)–(f) as an attorney for Google as the Designating Party, pursuant to Civil Local Rule 79-5(f)(3) in response to Dkt. 939.

2.     On May 1, 2023, Plaintiffs filed their Administrative Motion to Consider Whether Google's Material Should be Sealed regarding corrections to Plaintiffs' Opposition to Google's Motion for Summary Judgment (Dkt. 939). On May 1, 2023, I received unredacted service copies of these documents.

3.     The common law right of public access to judicial proceedings is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Crowe v. Cty. of San Diego*, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002) ("[T]here is no right of access which attaches to all judicial proceedings."). In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. Of Honolulu,* 447 F.3d 1172, 1179–80 (9th Cir. 2006). Compelling reasons include "sources of business information that might harm a litigant's competitive standing." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting, 435 U.S. at 598–99).

4.     I have reviewed the documents that Plaintiffs seek to file under seal pursuant to Civil Local Rule 79-5(f). Based on my review, there are compelling reasons to seal the following:

| Document(s) to be Sealed | Basis for Sealing |
|---|---|
| Google's Responsive Separate Statement to Plaintiffs' Additional Material Facts (Corrected)<br><br>Pages 9:23, 10:12, 11:11, 12:13–14, 16:10–11, 19:3–4, 21:22–23, 23:9, 24:8–9, 25:23, 43:26, 44:12<br><br>Google joins Plaintiffs' motion to seal in PART with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, data fields, and logs, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order |

| | |
|---|---|
| | entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 45 (Corrected) to Mao Declaration – GOOG-BRWN-00390418<br><br>Pages -0418, -0419<br><br>Google joins Plaintiffs' motion to seal in PART with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including an internal project that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 54 (Corrected) to Mao Declaration – GOOG-BRWN-00437647<br><br>Seal Entirely<br><br>Google joins Plaintiffs' motion to seal in FULL with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including internal projects and analysis, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 63 (Corrected) to Mao Declaration – | The information requested to be sealed contains Google's highly confidential and proprietary information regarding |

MARGOLIES DECLARATION ISO ADMINISTRATIVE MOTION TO SEAL

| GOOG-BRWN-00475063<br><br>Pages -064, -066<br><br>Google joins Plaintiffs' motion to seal in PART with respect to this document. | highly sensitive features of Google's internal systems and operations, including internal project names, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| --- | --- |

5.    Google's request is narrowly tailored in order to protect its confidential information. These redactions are limited in scope and volume.  Because the proposed redactions are narrowly tailored and limited to portions containing Google's highly confidential or confidential information, Google requests that the portions of the aforementioned documents be redacted from any public version of those documents.

6.    Google does not seek to redact or file under seal any of the remaining portions of documents not indicated in the table above.

7.    Google previously sought to seal the phrase "tens of millions" in Google's Responsive Separate Statement to Plaintiffs' Additional Material Facts at 33:17–18. *See* Dkt. 928 (seeking to seal Dkt. 924-4 at 29:9, and to seal Dkt. 925-6 at 14:18–19), Dkt. 933 (seeking to seal Dkt. at 33:17–18). Upon further consideration, Google withdraws its request to seal that phrase.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in Bayside, Wisconsin on May 8, 2023.


By    /s/ Joseph H. Margolies
Joseph H. Margolies