# PLAINTIFFS' REPLY ISO MOTION TO STRIKE PORTIONS OF GOOGLE'S SUMMARY JUDGMENT REPLY

# Redacted Version of Document Sought to be Sealed

**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　v.<br>GOOGLE LLC,<br>　　　　　　　Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' REPLY ISO MOTION TO STRIKE PORTIONS OF GOOGLE'S SUMMARY JUDGMENT REPLY**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Hearing Date: May 12, 2023<br>Time: 1:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

## I. INTRODUCTION

Google admits that it made a new argument in its summary judgment reply and that it cited new exhibits that were not produced during discovery. Rather than own up to those mistakes, Google conjures up excuses that are easily refuted. More fundamentally, Google's reliance on this material speaks volumes about how it views the merits of its motion for summary judgment. Google has resorted to (A) a new legal argument that was rejected by the Ninth Circuit, and (B) declarations from its expert addressing material Google was sanctioned for concealing, and where the previously withheld material refutes the same expert's timely asserted opinions.

### A. Google's New CDAFA Argument Should Be Stricken.

Google concedes that its technical-circumvention argument raises a "new issue" for "the first time [on] reply." Dkt. 942-3 at 1. Seeking to excuse its own mistake, Google remarkably claims it was "respond[ing] directly to Plaintiffs' *new* argument" that "'Google lacked permission to collect private browsing data.'" *Id.* at 1-2 (quoting Pls.' MSJ Opp'n at 21). Having moved for summary judgment on all claims based on "express consent," Google cannot credibly characterize Plaintiffs' response that Google lacked permission to collect private browsing data as a "new argument."

More importantly, Google's argument is foreclosed by Ninth Circuit precedent, which is probably why Google omitted the argument from its opening brief (and now conveniently opposes Plaintiffs' sur-reply on this issue). Following *United States v. Christensen*, courts no longer apply any technical-circumvention requirement to CDAFA claims. 828 F.3d 763, 789 (9th Cir. 2015). *See* Dkt. 936-1 at 1 (Plaintiffs' proposed sur-reply) (citing cases). "Circumventing technical barriers may be sufficient to show that a person acted 'without permission,' but that does not mean it is necessary for a person to circumvent technical barriers to act 'without permission.' **Christensen makes this clear.**" *West v. Ronquillo-Morgan*, 526 F. Supp. 3d 737, 746 (C.D. Cal. 2020); *see also CTI III, LLC v. Devine*, 2022 WL 1693508, at *5 (E.D. Cal. May 26, 2022) (quoting same).

### B. Google's Sanctions-Only Evidence Should Be Stricken.

Google acknowledges that Broome Exhibits 146 and 147 (the "Psounis Sanctions Declarations") were (A) prepared exclusively for the sanctions proceedings and long after discovery had closed, and (B) submitted for the first time with Google's reply brief. To get around those problems, Google mischaracterizes three aspects of the record.

*First*, Google contends it had to submit these declarations on reply to address "a *new* argument in Plaintiffs' opposition." Dkt. 942-3 at 3 (emphasis added). But Plaintiffs' argument "that private browsing data is identifying" was far from "new." *Id.* As explained in the Motion to Strike, "Google's opening brief included arguments about whether private browsing data is 'unidentified.'" Dkt. 937 at 4 (citing Dkt. 907-3 at 23). **Google tellingly ignores this point**, which is fatal to its belated reliance on these exhibits because "presenting new information in a reply is improper." *Ramirez v. Bank of Am., N.A.*, 2022 WL 17482039, at *7 (N.D. Cal. Oct. 7, 2022) (Gonzalez Rogers, J.) (citing *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n. 2 (9th Cir. 1993)).

*Second*, Google reimagines the parties' agreement about source code production to be purely one-sided. Dkt. 942-3 at 6. According to Google, Plaintiffs effectively promised not to make any arguments about how Google stores private browsing data alongside regular data lest Google be permitted to rely on this source code. That interpretation of the February 2023 agreement (Dkt. 936-2) is absurd given that Plaintiffs already knew about the log that stores private data with regular data, and Google was the party seeking to throw cherry-picked source code into the mix. Plaintiffs merely sought (and believed until recently they had obtained) an agreement that neither party would rely on source code outside of the sanctions proceedings. That agreement was justified because, during the actual discovery period, Google successfully opposed Plaintiffs' motion to compel source code production. Dkt. 331. Plaintiffs complied with the agreement by not making any arguments about the code (such as by submitting Mr. Bhatia's declaration). Google reneged, and Google's half-hearted suggestion that Mr. Bhatia's review of the additional source code somehow assuaged Plaintiffs' concerns is baseless; Mr. Bhatia's subsequent review produced no ***new*** opinions, and his initial opinions remained ***unchanged***.

*Third*, Google mischaracterizes the sanctions proceedings and Judge van Keulen's order. Google breathlessly represents that the Psounis Sanctions Declarations were subject to "*rigorous* review," "*exhaustively* vetted," and that Plaintiffs had "*ample* opportunity to test and challenge Dr. Psounis's conclusions." Dkt. 942-3 at 3-4, 6 (emphases added). Based on those adjectives, a casual reader might forget the disputed declarations were produced 9 months and 11 months (respectively) after the close of fact discovery, and that Plaintiffs were unable to depose any witness about these declarations, much less the declarant himself. If that process amounts to "rigorous review" for Google, it is no wonder why Google was twice sanctioned for "discovery misconduct." Judge van Keulen found that Plaintiffs were prejudiced, including based on Google's belated identification of the log at issue, and notwithstanding Google's production of some source code for that log.

> [T]he Court finds that Google's late disclosure of the New Logs *prejudiced Plaintiffs* because the existence of the New Logs was only disclosed after discovery closed, and because *Plaintiffs did not have an opportunity through discovery to test Google's representations* about how the New Logs, with their respective Incognito fields, were (or were not) used by Google. At a minimum, Google's untimely disclosure of ▓ New Logs shows that *the discovery violations addressed in the May 22 Sanctions Order were far more extensive, and thus more prejudicial, than was then known*.

Dkt. 898 (March 2023 Sanctions Order) at 8-9 (emphases added).

Judge van Keulen even modified the previously issued jury instruction "to provide additional context and information about the scope of Google's discovery misconduct." *Id.* at 11. The new jury instruction provides in relevant part:

> Despite multiple Court orders requiring Google to disclose the information, Google failed to timely disclose (a) at least ▓ relevant data sources reflecting the use of ▓ Incognito-detection bits; and (b) at least ▓ additional Incognito-detection bit and any data sources in which it was used. *The jury may infer from Google's failure to disclose these data sources that they are not helpful to Google*.

*Id.* at 12-13 (emphasis added). Google's opposition tellingly *ignores* these findings.

In any event, the Psounis Sanctions Declarations at most reflect a triable issue of fact. Plaintiffs need not prove that private browsing data is identifying (Dkt. 924-3 at 3, 22), but a jury could find for Plaintiffs on this question. *Google's motion for summary judgment concedes that Google "store[s] the at-issue data keyed by (i.e., associated with) unique identifiers."* Dkt. 933-

3
Plaintiffs' Reply ISO Motion to Strike Portions of Google's MSJ Reply
Case No.: 4:20-cv-03664-YGR-SVK

3 (Fact 47). Google internally refers to the log which stores both authenticated and unauthenticated data as a ▉▉▉▉ because it "store[]s data from two or more other logs." Dkt. 797-3 at 9-10. Google conveniently omits that nickname from its brief opposing the motion to strike. Finally, this log refutes an opinion Dr. Psounis offered in his timely served expert report, where he stated that Google "maintain[s] and enforce[s] separation between . . . authenticated logs and . . . unauthenticated logs." Broome Ex. 82 (Psounis June 7, 2022 Rep.) ¶ 45. A jury could easily find that Dr. Psounis's opinions are not credible (or the Court could find that his opinions are not admissible) where either (A) he somehow missed the ▉▉▉ log that houses both authenticated and unauthenticated data, or (B) Google hid the log from him too.

## II. CONCLUSION

Plaintiffs respectfully request that the Court strike (1) Google's technical-circumvention argument relating to Plaintiffs' CDAFA claim, raised for the first time in Google's summary judgment reply (Dkt. 934 at 13), and (2) Exhibits 146 and 147 to the Supplemental Broome Declaration (Dkts. 933-4, 933-5), which contain material Google promised not to rely on except for purposes of the sanctions proceedings.

Dated: May 3, 2023                          BOIES SCHILLER FLEXNER LLP


By /s/ Mark C. Mao
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com

Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Erika Nyborg-Burch (CA Bar No. 342125)
enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (admitted pro hac vice)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP

333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

Amanda Bonn (CA Bar No. 270891)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

5
Plaintiffs' Reply ISO Motion to Strike Portions of Google's MSJ Reply
Case No.: 4:20-cv-03664-YGR-SVK

Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*