EXHIBIT A

BOIES SCHILLER FLEXNER LLP
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
Bill Carmody
(*pro hac vice*)
bcarmody@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel
listed in signature blocks below*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant; additional counsel
listed in signature blocks below*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-YGR-SVK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Courtroom 1 – 4th Floor<br>Date: July 24, 2023<br>Time: 1:00 p.m. |

Pursuant to the Court's March 3, 2023 Order (Dkt. 885), and in advance of the Further Case Management Conference set for Monday, July 24, 2023, at 1:00 p.m., Plaintiffs and Defendant Google LLC submit this Joint Case Management Statement. The previous Joint Case Management Statement is Dkt. 835.

**1.      JURISDICTION AND SERVICE**

Google has been served and the Court has jurisdiction over this matter.

**2.      FACTS**

The parties' prior Joint Case Management Conference Statements, class certification briefing, and summary judgment briefing include summaries of the principal issues in dispute.

**3.      LEGAL ISSUES**

Google's pending summary judgment motion—which is fully briefed and was argued on May 12, 2023—summarizes the principal legal issues in dispute. Dkts. 907, 924, 933.

**4.      MOTIONS**

Motions Decided Since the Last Joint Case Management Conference Statement (Dkt. 835)

The Court denied without prejudice Plaintiffs' request to clarify that all statutes of limitations remained tolled based on the Court's certification order. Dkt. 941. Magistrate Judge van Keulen granted in part Plaintiffs' motion for additional discovery sanctions and denied Google's administrative motion to deprecate the Incognito_window detection bit. Dkt. 898. Magistrate Judge van Keulen granted Google's motion for relief regarding preservation of certain mapping and linking tables Dkt. 899. The Court and Magistrate Judge van Keulen ruled on various motions to seal. Dkts. 839, 840, 841, 860, 878, 881, 900, 901, 902, 909, 910, 916, 917. The Court granted a motion for admission pro hac vice. Dkt. 838. And the Court and Magistrate Judge van Keulen granted motions to remove incorrectly filed documents. Dkt. 845, 875, 921, 938. The Ninth Circuit denied Plaintiffs' Rule 23(f) petition to appeal the Court's December 12, 2022 order granting in part and denying in part class certification. Dkt. 882.

Pending Motions

Google moved for summary judgment on March 21, 2023, Dkt. 907-3, Plaintiffs filed their response on April 12, 2023, Dkt. 924-3, and Google filed its reply on April 26, 2023, Dkt. 934. On

April 28, Plaintiffs moved to strike portions of Google's reply in support of its motion for summary judgment. Dkt. 937. Google filed a response on May 1, Dkt. 943, and Plaintiffs filed their reply on May 3, Dkt. 946.

Plaintiffs filed a Rule 23(c)(4) motion for issue certification on March 14, 2023, Dkt. 894, Google filed its response on April 11, 2023, Dkt. 922, and Plaintiffs filed their reply on April 25, 2023, Dkt. 932. The Court held a hearing on both Google's summary judgment motion and Plaintiffs' issue certification motion on May 12, 2023. Seven motions to seal remain outstanding. Dkts. 907, 924, 933, 936, 939, 942, 945.

Anticipated Motions

**Plaintiffs' Statement:**

Plaintiffs anticipate filing one or two *Daubert* motions and motions *in limine*.

**Google's Statement:**

Google anticipates filing motions *in limine* in advance of trial.

**5.    AMENDMENT OF PLEADINGS**

Pursuant to stipulation of the parties, Judge Koh previously granted Plaintiffs' request for leave to file their Second Amended Complaint. Dkt 138; Dkt 136-1 ("SAC"). The Court also granted Plaintiffs' motion for leave to file a Third Amended Complaint, Dkt. 504; 395-2 ("TAC"), and Plaintiffs' stipulated request to file their Fourth Amended Complaint, Dkt. 885; 886 ("FAC").

**6.    EVIDENCE PRESERVATION**

The parties reviewed the ESI Guidelines and conferred regarding evidence preservation. The parties previously agreed to and the Court entered a protective order (Dkt. 81) and an ESI order (Dkt. 80), and the ESI order was subsequently modified by the Court (Dkt. 91).

**7.    DISCLOSURES**

The parties exchanged initial disclosures on September 8, 2020.  Plaintiffs served amended disclosures on March 16, 2021 and second amended disclosures on March 4, 2022. Google served amended disclosures on February 21, 2022 and disclosed percipient witnesses with technical expertise who may testify at trial on April 14, 2022.

**8. DISCOVERY**

Fact discovery closed on March 4, 2022, and expert discovery closed on August 25, 2022.

***Plaintiffs' Statement:*** On June 20, 2023, Plaintiffs served a Second Supplemental Expert Report of Jonathan Hochman, which addresses material that (i) only came to light during the most-recent sanctions proceedings in this case and (ii) was therefore not available to Mr. Hochman when he served his prior expert reports. Google has asked to depose Mr. Hochman on this Second Supplemental Report. Plaintiffs have offered to make Mr. Hochman available at a mutually agreeable time for a three-hour deposition limited to the new material addressed in his Second Supplemental Report.

***Google's Statement:*** Google provided Plaintiffs the bulk of the "material" that Plaintiffs contend warrants a Second Supplemental Report from Mr. Hochman on June 14, 2022, more than a year before Plaintiffs served the report. Google provided Plaintiffs some additional "material" on November 30, 2022 and December 20, 2022, approximately six months before Plaintiffs served the report. Google intends to depose Mr. Hochman on the report, but does not agree to Plaintiffs' limitations and reserves its rights to seek other relief.

**9. CLASS ACTIONS**

On June 20, 2022, Plaintiffs moved for class certification. Dkt. 609. On December 12, 2022, the Court granted in part and denied in part Plaintiffs' motion for class certification. Dkt. 803. On December 23, 2022, Plaintiffs filed a Petition for Permission to Appeal under the Federal Rule of Civil Procedure 23(f). See Dkt. 812. The Ninth Circuit denied that petition on March 1, 2023. Dkt. 882.

On March 14, 2023, Plaintiffs filed a motion for issue class certification. Dkt. 894. That motion was argued on May 12, 2023 and remains pending.

Counsel for the parties have reviewed the Procedural Guidance for Class Action Settlements.

**10. RELATED CASES**

This case is related to *Calhoun v. Google, LLC.* Dkt. 45.

CASE NO. 4:20-cv-03664-YGR-SVK
**JOINT CASE MANAGEMENT STATEMENT**

**11.    RELIEF**

*Plaintiffs' Statement:* The Fourth Amended Complaint outlines Plaintiffs' requested relief, which includes without limitation (i) declaratory and injunctive relief on behalf of both classes; (ii) monetary relief for the named Plaintiffs; and (iii) attorneys' fees and costs.

*Google Statement*: Plaintiffs' and class members' claims should be dismissed for the reasons outlined in Google's motion for summary judgment and therefore neither Plaintiffs nor class members are entitled to any relief, whether monetary or injunctive. To the extent any claims survive summary judgment, the Court certified a class under Rule 23(b)(2), and thus the class's claims are limited to injunctive relief. But no injunctive relief is appropriate here, and certainly the broad injunctive relief that Plaintiffs seek (see Dkt. 609 at 24) is inappropriate. Google will address Plaintiffs' and class members' requested injunctive relief at trial.

**12.    SETTLEMENT AND ADR**

No settlement discussions have taken place. Pursuant to ADR Local Rule 3-5 and Civil Local Rule 16-8, on August 19, 2020, the parties met and conferred regarding the available dispute resolution options and filed their respective ADR Certifications.

Both parties are open to mediation.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have not consented to have a magistrate judge conduct all further proceedings.

**14.    OTHER REFERENCES**

Pursuant to Dkt. 885, on June 23, 2023, the parties filed a joint notice selecting the Honorable Elizabeth D. Laporte (Ret.) to be appointed as the special master to resolve certain pre-trial evidentiary disputes. Dkt. 959. Judge Laporte has requested that the order appointing her as Special Master (i) describe the scope of her role and how fees will be allocated between the parties and (ii) attach the fee schedules for her and her law clerk. The parties can submit a joint proposed order at the Court's request. The parties do not otherwise believe this case is suitable for reference to binding arbitration, any other special master, or the JPML.

**15.    NARROWING OF ISSUES**

The parties will work together to see if there are issues that can be narrowed by agreement or otherwise to expedite the presentation of evidence at trial.

**16.    EXPEDITED TRIAL PROCEDURE**

The parties do not believe this case should be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.    SCHEDULING**

On March 2, 2023, the Court issued its Case Management and Pretrial Order, which set trial for November 6, 2023. Dkt. 885. The parties now jointly propose the following case schedule, which modifies the Court's previously ordered deadlines for exchanging of motions *in limine*, but otherwise maintains all deadlines for filings with the Court. Actions in bold signify deadlines already set by the Court in its Pretrial Order.

| Action | Deadline |
|---|---|
| Plaintiffs send Google draft pretrial statement | August 17, 2023 |
| Parties exchange witness lists | August 17, 2023 |
| Parties exchange deposition designations and exhibits | August 24, 2023 |
| Google returns pretrial statement | September 7, 2023 |
| Deposition designation counters and objections and objections to exhibits | September 7, 2023 |
| *Daubert* Motions<br><br>Plaintiffs' Motions<br>Google's Oppositions<br>Plaintiffs' Reply | <br><br>August 24, 2023<br>September 14, 2023<br>September 25, 2023 |
| **Motions *In Limine***<br><br>Served (but not filed)<br>Oppositions Served (but not filed)<br>File Unresolved Motions | <br><br>September 11, 2023<br>September 21, 2023<br>September 28, 2023 |
| **Joint Statement Confirming Parties' Review of and Compliance with the Court's Pretrial Setting Instructions** | September 15, 2023 |
| **Deadline to Meet and Confer in Advance of Pretrial Conference** | September 21, 2023 |

| Compliance Deadline | September 22, 2023 |
|---|---|
| Joint Pretrial Conference Statement Due | September 28, 2023 |
| Trial Binders to Court | September 29, 2023 |
| Pretrial Conference | October 13, 2023 at 9:00 a.m. |
| Trial | November 6, 2023 at 8:00 a.m. |

**18.    TRIAL**

Trial scheduled to begin on November 6, 2023. The parties agree that it is too soon to anticipate the number of trial days until the Court rules Google's summary judgment motion.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties filed their certificates of interested entities (Dkts. 14, 52) and have no updates.

**20.    PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct of the Northern District of California.

**21.    OTHER MATTERS**

None.

DATED: July 17, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  /s/ Andrew H. Schapiro
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

DATED: July 17, 2023

SUSMAN GODFREY L.L.P

By: /s/ Amanda Bonn
Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*

David Boies (*pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

CASE NO. 4:20-cv-03664-YGR-SVK
**JOINT CASE MANAGEMENT STATEMENT**

# ATTESTATION

I, Andrew H. Schapiro, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED:  July 17, 2023

By:   */s/ Andrew H. Schapiro*
Andrew H. Schapiro

CASE NO. 4:20-cv-03664-YGR-SVK
**JOINT CASE MANAGEMENT STATEMENT**