**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE IN PART THE OPINIONS OF GOOGLE'S SURVEY EXPERT ON AMIR**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: October 13, 2023<br>Time:  9:00 a.m.<br>Location: Courtroom 1 – 4th Floor |

## **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................ 2

II.  LEGAL STANDARD ....................................................................................................... 3

III.  ARGUMENT ................................................................................................................... 4

    A.  **Amir's Opinions Are Not Relevant to Any Issue Being Tried**. ..................... 4

        1.  Amir's Surveys Cannot Be Used to Prove Implied Consent. ......................... 4

        2.  Amir's Surveys Cannot Be Used to Support Google's Interpretation ............ 5
           of its Disclosures.

    B.  **Amir's Surveys Did Not Ask About the "Specific Practice" at Issue**. .......... 7

IV.  CONCLUSION ................................................................................................................ 9

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3   **Cases**

4   *Apple Inc. v. Samsung Elecs.*,
      2012 WL 2571332 (N.D. Cal. June 30, 2012)....................................................................3, 7
5

6   *Brewer v. Gen. Nutrition Corp.*,
      2015 WL 9460198 (N.D. Cal. Dec. 28, 2015) (Gonzalez Rogers, J.)................................6, 7
7

*Campbell v. Facebook Inc.*,
8      77 F. Supp. 3d 836 (N.D. Cal. 2014)..................................................................................3, 8

9   *Daubert v. Merrell Dow Pharm., Inc.*,
      43 F.3d 1311 (9th Cir. 1995)..............................................................................................4, 7
10
*Daubert v. Merrell Dow Pharms, Inc.*,
11     509 U.S. 579 (1993) ..............................................................................................................1

12   *In re Google Inc.*,
      2013 WL 5423918 (N.D. Cal. Sept. 26, 2013).......................................................................8
13

14   *Shalaby v. Irwin Indus. Toll Co.*,
      2009 WL 7452756 (S.D. Cal. July 28, 2009).....................................................................3, 9

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      PLEASE TAKE NOTICE that on October 13, 2023, at 9:00 a.m., the undersigned will

2   appear before the Honorable Yvonne Gonzalez Rogers of the United States District Court for the

3   Northern District of California to move the Court to exclude in part the opinions offered by

4   Google's survey expert, On Amir. *See* Ex. 1 (April 15, 2022 Expert Report of On Amir, or "Amir

5   Rep."). This Motion is made under Federal Rule of Evidence 702, Civil Local Rule 7, and

6   *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579 (1993), and is based on this Notice of Motion

7   and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed

8   declaration of Mark Mao and accompanying exhibits, all matters of which the Court may take

9   judicial notice, other pleadings and papers on file in this action, and other written or oral argument

10  that Plaintiffs may present to the Court.

## ISSUE TO BE DECIDED

12      Whether Professor Amir's three surveys and corresponding opinions should be excluded

13  as irrelevant and/or unreliable under Federal Rule of Evidence 702 and the standards articulated

14  in *Daubert*.

## RELIEF REQUESTED

16      Plaintiffs respectfully ask the Court to exclude Professor Amir's three surveys, which are

17  summarized in Opinions 2-4 of his April 15, 2022 Report (Ex. 1), specifically paragraphs 3-16

18  and 49-86. Google and Professor Amir should be precluded from relying on these three surveys

19  for any purpose.

21  Dated: August 24, 2023

                                    By:    /s/ *Mark Mao*

Plaintiffs' Motion to Exclude in Part the Opinions of Google's Survey Expert On Amir
4:20-cv-03664-YGR-SVK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I. INTRODUCTION

This Court should exclude certain opinions offered by Professor On Amir, Google's survey expert. Amir's report summarized the results of three surveys he conducted to "evaluate consumer understanding, perceptions, and expectations." Ex. 1 (Amir Rep.) ¶ 2 (the "Amir Surveys"). Relying on those survey results, Amir opines that some "respondents expect that Google receives" information while they are in Incognito mode. *Id.* ¶ 10. At class certification and summary judgment, Google relied on Amir and his surveys for two purposes: (1) to argue that some class members were aware of Google's collection of private browsing data and therefore impliedly consented to that practice, and (2) as extrinsic evidence to support Google's interpretation of the disclosures.

Amir's Surveys and his related opinions should be excluded as irrelevant and/or unreliable, for three reasons.[1] *First*, implied consent is irrelevant to the trial. Having persuaded the Court that implied consent requires *individualized* inquiries (relying on Amir's opinions), Google cannot use his Surveys to support that defense on a *classwide* basis. Implied consent is relevant only if Google asserts that (meritless) defense against Plaintiffs' individual damages claims. But in Google's own words, "determining what class members understood" will "require individualized examinations." Dkt. 659 at 13-15 (Google's class certification opposition). Google cannot use Amir's Surveys in place of the "individualized examinations" that Google insisted on taking.

*Second*, the Amir Surveys should be excluded because Google may not rely on extrinsic evidence to support its interpretation of the disclosures. This Court has repeatedly made clear that "[i]f you take a position at summary judgment that a term is unambiguous such that the Court can decide it as a matter of law, you will be excluded at trial from offering extrinsic evidence to

---

[1] Amir also submitted two rebuttal reports where he criticized opinions offered by Plaintiffs' experts Bruce Schneier and Mark Keegan. Those Amir rebuttal reports were submitted on May 15, 2022 and June 30, 2022, and they did not contain any additional survey work by Amir. Plaintiffs are not seeking to exclude Amir's rebuttal opinions, except of course insofar as he intends to rely on his three surveys discussed in this motion. If this motion is granted, Amir should not be allowed to rely on his three surveys either affirmatively or in rebuttal.

1  interpret that claim." Feb. 14, 2023 Tr. at 39:14-25. Google has taken the position that its

2  disclosures are unambiguous. Dkt. 969 (Order denying Google's MSJ) at 13 n.15. Google

3  therefore may not "rely[] on extrinsic evidence for the proposition that it explicitly disclosed the

4  at-issue data collection." *Id.* Because the Amir Surveys cannot be used by Google to prove

5  implied consent nor the meaning of the disclosures, they should be excluded as "no longer legally

6  relevant to any issues in this case." *Apple Inc. v. Samsung Electronics Co.*, 2012 WL 2571332,

7  at *4 (N.D. Cal. June 30, 2012) (excluding expert survey evidence).

8      *Third*, the Amir Surveys should in any case be excluded as irrelevant and unreliable

9  because Amir did not ask the right questions. To meet its burden for consent, Google must

10  identify evidence that Plaintiffs "consent[ed] to the ***specific practice*** alleged in this case."

11  *Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 848 (N.D. Cal. 2014) (emphasis added). The

12  "specific practice" challenged is Google's collection of private browsing data during (1) users'

13  visits to ***non-Google*** websites while (2) ***signed out*** of their Google accounts. Yet Amir did not

14  ask about either of these scenarios ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. 2 at 260:14-

15  18, 261:3-22. To the contrary, Amir used suggestive fact patterns to prime respondents to

16  consider browsing on Google-owned websites, like "online research" (Google Search) and

17  "watching a video" (YouTube). Amir Rep. tbl. 5; *id.* tbl. 10. Accordingly, there is no way to

18  distinguish (i) respondents who were acknowledging that Google may collect Incognito data

19  when people visit Google.com and/or sign in to Google accounts from (ii) any respondents who

20  knew about the specific, at-issue data collection—focused on ***signed-out*** private browsing on

21  ***non***-Google websites. Simply put, Amir's Surveys should be excluded because they are not

22  "sufficiently linked to the facts of this case." *Shalaby v. Irwin Indus. Toll Co.*, 2009 WL 7452756,

23  at *11 (S.D. Cal. July 28, 2009) (excluding expert testimony).

24  **II.    LEGAL STANDARD**

25      Expert testimony is admissible only if "(1) the expert's scientific, technical, or other

26  specialized knowledge will help the trier of fact to understand the evidence or to determine a fact

27  in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of

28

1    reliable principles and methods; and (4) the expert has reliably applied the principles and methods

2    to the facts of the case." Fed. R. Evid. 702. This means "the proposed expert testimony [must be]

3    relevant to the task at hand," i.e., "logically advance[] a material aspect of the proposing party's

4    case." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) (*Daubert II*).

5    "The proponent of expert testimony has the burden of proving admissibility . . . ." Dkt. 803 at 2.

6    **III.    ARGUMENT**

7    **A.    Amir's Surveys Are Not Relevant to Any Issue Being Tried.**

8    Google has relied on the Amir Surveys for just two purposes: (1) to argue that some class

9    members impliedly consented, and (2) to support its own interpretation of the disclosures. But

10   for the upcoming trial, Google cannot use the Surveys to litigate those issues because of

11   (a) Google's class certification argument that implied consent is "individualized," and

12   (b) Google's summary judgment argument that its disclosures are unambiguous. The Surveys

13   serve no purpose for this trial.

14   **1.    Amir's Surveys Cannot Be Used to Prove Implied Consent.**

15   Having persuaded the Court that implied consent requires *individualized* inquiries,

16   Google cannot assert that defense on a *classwide* basis to defeat the Rule 23(b)(2) classes' claims.

17   At class certification, Google relied on the Amir Surveys to argue that some class members

18   impliedly consented and that identifying those users would require individualized inquiries. *See*

19   Dkt. 659-3 at 4 (citing Amir's Surveys to argue "[t]here is wide variance in internet users'

20   understanding" of private browsing mode). This Court credited those arguments and declined to

21   certify a damages class, reasoning that "the inquiry into implied consent. . . creates individualized

22   issues that defeat predominance." Dkt. 803 at 32. Because there is no place for implied consent

23   in the Rule 23(b)(2) trial, Google's primary reason for introducing the Amir Surveys does not

24   apply.

25

26

27

28

Plaintiffs' Motion to Exclude in Part the Opinions of Google's Survey Expert On Amir
4:20-cv-03664-YGR-SVK

1    Nor may Google rely on the Amir Surveys to support an implied consent defense against

2    the Named Plaintiffs and their individual damages claims.[2] As a threshold matter, implied

3    consent is not an available defense to some of Plaintiffs' claims, including the breach of contract

4    claim. *See* Judicial Council of Cal. Civil Jury Instructions 330-38 (2022) (listing defenses for

5    breach of contract and omitting implied consent). After Plaintiffs raised this argument (among

6    others) in their Rule 23(f) petition, Google all but conceded to the Ninth Circuit that implied

7    consent is *not* a defense to breach of contract claims, pivoting to the entirely different doctrine

8    of *waiver*, which Google failed to allege much less prove. *See* Case No. 22-80147 (9th Cir.), Dkt.

9    3 at 3.

10    In any event, even assuming that implied consent were an available defense to all claims

11    (which it is not), the Amir Surveys cannot be used to support that defense as to the Named

12    Plaintiffs' individual damages claims. For implied consent, Google has argued that the factfinder

13    must "evaluate [] which of the various sources each individual user" has reviewed—a process

14    that will, according to Google, "require[] *individualized examinations*." Dkt. 659-3 at 13-15

15    (emphasis added). The Amir Surveys tell the factfinder nothing about the "sources" to which any

16    Plaintiff was exposed, nor reveal whether she "knew about and consented" to Google's conduct.

17    *Id.* at 13. Having successfully argued that "*individualized* examinations" are required, Google

18    must conduct those individualized examinations.

19

20
    **2.    Amir's Surveys Cannot Be Used to Support Google's Interpretation of its Disclosures.**

21    Aside from implied consent, Google has relied on the Amir Surveys for just one other

22    purpose: as extrinsic evidence to support its interpretation of the disclosures. In its summary

23    judgment motion, Google argued that the contract claim should be dismissed because "the study

24    conducted by Google's survey expert, On Amir, confirms most users who were shown the

25

26    [2] Plaintiffs acknowledge that the Class Certification Order took a contrary position. Plaintiffs
     respectfully disagree and wish to preserve their right to appeal, including for (but not limited to)
27    the reasons set forth in their Rule 23(f) petition.

28
    Plaintiffs' Motion to Exclude in Part the Opinions of Google's Survey Expert On Amir
    4:20-cv-03664-YGR-SVK

1   documents Plaintiffs claim comprise their contract expected that Google 'does or probably does'

2   receive the data." Dkt. 907-3 at 14.

3          That argument violates the Court's rule that "[i]f you take a position at summary judgment

4   that a term is unambiguous such that the Court can decide it as a matter of law, you will be

5   excluded at trial from offering extrinsic evidence to interpret that claim." Feb. 14, 2023 Tr. at

6   39:13-25. Google has argued that it *unambiguously* disclosed its collection and use of private

7   browsing data. *See* May 12, 2023 Tr. at 14:3-11. At the summary judgment hearing, this Court

8   asked Google, "Is there ambiguity in the policy or not?" *Id.* at 13:25-14:1. Counsel for Google

9   responded "No." *Id.* at 2. This Court explained that "I do not let people change their positions at

10  trial. By arguing that, Google is saying that they will not even attempt to offer extrinsic evidence

11  as to the meaning of those terms." *Id.* at 3-7. Counsel responded, "Correct." *Id.* at 8-11. The

12  summary judgment order acknowledged Google's choice:

13          Google repeated at the May 12, 2023, hearing that the Privacy Policy was unambiguous
            and it was therefore not relying on extrinsic evidence for the proposition that it explicitly
14          disclosed the at-issue data collection.

15  Dkt. 969 at 13 n.15.

16          Having taken that position (and lost), Google may not use extrinsic evidence (like the

17  Amir Surveys) to support its interpretation of the disclosures. The surveys are therefore irrelevant

18  to the second (and last) issue for which Google has used them.

19          The Amir Surveys should be excluded because they "would not aid the jury to determine

20  a fact in issue." *Brewer v. Gen. Nutrition Corp.*, 2015 WL 9460198, at *4 (N.D. Cal. Dec. 28,

21  2015) (Gonzalez Rogers, J.). *Brewer* is instructive. This Court excluded an expert's survey as

22  "not relevant to the liability question on which the [claims] were certified." *Id.* The claims turned

23  on the defendant's "uniform policy" for employee breaks, which confined "the relevant evidence

24  [to the] the policy and the records of missed breaks." *Id.* The same analysis applies here because

25  Google has argued (and this Court has found) that implied consent cannot be adjudicated on a

26  classwide basis, which means that only *express* consent will be tried classwide. Moreover,

27  Google may not rely on extrinsic evidence to support that express consent defense. As in *Brewer*,

28
Plaintiffs' Motion to Exclude in Part the Opinions of Google's Survey Expert On Amir
4:20-cv-03664-YGR-SVK

1   Google is limited to the "polic[ies]" themselves, and the Amir Surveys do not "figure into the

2   calculus." *Id.*[3]

3      Because the Amir Surveys are irrelevant to any issue being tried, exclusion is necessary

4   to ensure the jury is not misled. "In elucidating the 'fit' requirement, the Supreme Court noted

5   that scientific expert testimony carries special dangers to the fact-finding process because it 'can

6   be both powerful and quite misleading because of the difficulty in evaluating it.' Federal judges

7   must therefore exclude proffered scientific evidence under Rules 702 and 403 unless they are

8   convinced that it speaks clearly and directly to an issue in dispute in the case, and that it will not

9   mislead the jury." *Daubert II*, 43 F.3d at 1321 n.17 (citing *Daubert*, 509 U.S. at 595). For

10  example, in *Apple v. Samsung*, the court excluded survey evidence that was "no longer legally

11  relevant to any issues in this case," reasoning that to allow the evidence "would be unduly

12  prejudicial and confusing to the jury." 2012 WL 2571332, at *4. The Amir Surveys should be

13  excluded for the same reason. The jury will be tasked with deciding whether Google expressly

14  disclosed its collection and use of private browsing data. Evidence that purports to assess user

15  expectations will distract the jury from their narrow contract interpretation task.

16      **B.      Amir's Surveys Did Not Ask About the "Specific Practice" at Issue.**

17      Even if Amir's Surveys are deemed relevant to an issue being tried, they should still be

18  excluded as irrelevant and unreliable because Amir did not ask the right questions. The at-issue

19  data collection is focused on when users "were ***not*** logged into their Google account" and were

20  visiting "a ***non***-Google website." Dkt. 803 at 24 (emphases added). Those limitations are

21  important, and yet Amir ignored them. He asked respondents about Google's receipt of data more

22  generally, including data collected from signed-in users as well as data collected during users'

23  visits to Google websites, like Google.com (Search) and YouTube.com. *See* Amir. Rep. tbl. 5

24  (vaguely asking whether Google receives information "during an Incognito browsing session"

25  without clarifying that users should focus on signed-out browsing on non-Google websites).

26      There is no dispute about what Amir did and did not ask. ████████████████████

27  ██████████████████████████████████████████████ Ex. 2 at 258:4-16.

28      Plaintiffs' Motion to Exclude in Part the Opinions of Google's Survey Expert On Amir
        4:20-cv-03664-YGR-SVK

1

2

3

4

5

6

7

Ex. 2 at 260:14-18; 261:18-22 (emphases added).

8

9      As a result, Amir's Surveys are untethered to the "**at-issue** data." Dkt. 969 at 2 (emphasis

10   added). Consent, whether express or implied, "is not an all-or-nothing proposition. Rather, '[a]

11   party may consent to the interception of only part of a communication or to the interception of

12   only a subset of its communications.'" *In re Google Inc.*, 2013 WL 5423918, at *12 (N.D. Cal.

13   Sept. 26, 2013) (quoting *In re Pharmatrack, Inc.*, 329 F.3d at 9, 19 (1st Cir. 2003)); *see also* Dkt.

14   969 at 22 (same). As this Court explained in its summary judgment order, "consent is only

15   effective if the person alleging harm consented 'to the **particular conduct**, or to substantially the

16   same conduct' and if the alleged tortfeasor did not exceed the scope of that consent." Dkt. 969 at

17   13 (emphasis added) (citing Restatement (Second) of Torts § 892A).

18      Google must therefore identify evidence that Plaintiffs "consent[ed] to the *specific*

19   *practice*" being challenged. *Campbell*, 77 F. Supp. 3d at 848. Here, that means evidence which

20   addresses Google's collection and use of private browsing data from (i) users' visits to *non-*

21   *Google* websites while (ii) *signed out* of their Google accounts. The Amir Surveys at most assess

22   awareness of Google's data collection practices more generally. That approach transforms

23   consent into an "all-or-noting proposition," undermining well-settled law.

24      Amir's error is compounded by the Incognito Splash Screen's statement that your activity

25   might be visible to "websites you visit." Amir showed the Splash Screen to respondents and yet

26   made no effort to parse Google.com data (a website you can visit) from data collected during

27   visits to *non*-Google websites. There is no way to know whether respondents were

28

8

1   acknowledging that Google collects Google.com data, or whether respondents knew about

2   Google's collection of signed-out private browsing data when users visit non-Google websites.

3   Worse, Amir primed respondents to consider Google.com data. For example, one survey

4   asked respondents whether Google receives data within an "Incognito mode browsing session

5   (e.g., *watching a video or shopping for a product*)." Amir Rep. tbl. 5 (emphasis added). By

6   referencing two activities commonly performed on Google websites (i.e., YouTube and Google

7   Shopping), Amir called to mind scenarios where users are more likely to expect Google to receive

8   data, thus skewing the results in Google's favor. Similarly, another survey asked participants if

9   they would do "online research" in Incognito, likewise calling to mind Google Search. Amir Rep.

10  tbl. 10. Amir's only other survey did not ask about "Google" at all. *See id.* tbl. 2 (vaguely asking

11  about "companies that provide analytics and advertising services" without mentioning

12  "Google"). The Surveys should be excluded as not "sufficiently linked to the facts of this case."

13  *Shalaby*, 2009 WL 7452756, at *11 (excluding expert testimony).

14  **IV.    CONCLUSION**

15  Plaintiffs respectfully ask the Court to exclude Professor Amir's three surveys, which are

16  summarized in Opinions 2-4 of his April 15, 2022 expert report (Ex. 1), specifically paragraphs

17  3-16 and 49-86. Google and Professor Amir should be precluded from relying on these surveys

18  for any purpose.

19

20  Dated: August 24, 2023

21                                                      By */s/ Mark Mao*
                                                        Mark C. Mao (CA Bar No. 236165)
22                                                      mmao@bsfllp.com

23                                                      Beko Reblitz-Richardson (CA Bar No. 238027)
24                                                      brichardson@bsfllp.com
                                                        BOIES SCHILLER FLEXNER LLP
25                                                      44 Montgomery Street, 41st Floor
                                                        San Francisco, CA 94104
26                                                      Telephone: (415) 293 6858
                                                        Facsimile (415) 999 9695
27

28

David Boies (*pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Alison Anderson (CA Bar No. 275334)
aanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S Figueroa Street
31st Floor
Los Angeles, CA 90017
Telephone: (213) 995-5720

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
Ryan Sila (*pro hac vice*)
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)

10
Plaintiffs' Motion to Exclude in Part the Opinions of Google's Survey Expert On Amir
4:20-cv-03664-YGR-SVK

jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
mram@forthepeople.com
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*

Plaintiffs' Motion to Exclude in Part the Opinions of Google's Survey Expert On Amir
4:20-cv-03664-YGR-SVK