UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' *DAUBERT* MOTION AS TO GOOGLE EXPERT ON AMIR**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

1  Before the Court is Plaintiffs' motion to exclude opinions offered by Google's survey expert, Professor On Amir. Having considered the parties' papers filed in support of and in opposition to the Motion, argument by counsel, and all other matters properly considered by this Court, the Court **GRANTS** the Motion.

Amir's April 15, 2022 expert report summarized the results of three surveys he conducted to "evaluate consumer understanding, perceptions, and expectations." Amir Rep. ¶ 2. Relying on those surveys, Amir opines that some "respondents expect that Google receives" information while they are in Incognito mode. *Id.* ¶ 10. At class certification and summary judgment, Google relied on Amir and his surveys for just two purposes: (1) to argue that some class members were aware of Google's collection of private browsing data and therefore impliedly consented to that practice (Dkt. 659 at 13-15) and (2) as extrinsic evidence to support Google's interpretation of the disclosures (Dkt. 907-3 at 14).

Plaintiffs' Motion is granted because Amir's Surveys are irrelevant to those issues in the upcoming trial. Having persuaded the Court that implied consent requires *individualized* inquiries, Google cannot assert that defense on a *classwide* basis to defeat the Rule 23(b)(2) classes' claims. Dkt. 803 at 32. Nor may Google rely on the Surveys to raise an implied consent defense against the Plaintiffs' individual damages claims because Google has already argued that implied consent requires "*individualized* examinations." Dkt. 659 at 13-15 (emphasis added). As for express consent, in light of Google's summary judgment argument that its disclosures are unambiguous, Google may "not rely[] on extrinsic evidence [like the Amir Surveys] for the proposition that it explicitly disclosed the at-issue data collection." Dkt. 969 at 13 n.15. The Amir Surveys are now excluded because they "would not aid the jury to determine a fact in issue." *Brewer v. Gen. Nutrition Corp.*, 2015 WL 9460198, at *4 (N.D. Cal. Dec. 28, 2015) (Gonzalez Rogers, J.).

Even if the Amir Surveys were relevant to an issue being tried, they would still be excluded because Amir did not ask his respondents about the "specific practice" being challenged." *Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 848 (N.D. Cal. 2014). As this Court explained in its summary judgment order, "consent is only effective if the person alleging harm consented 'to the ***particular conduct***, or to substantially the same conduct' and if the alleged tortfeasor did not exceed the scope

of that consent." Dkt. 969 at 13 (emphasis added) (citing Restatement (Second) of Torts § 892A). The "particular conduct" challenged in this case is Google's collection of private browsing data when users are (1) signed-out of their Google accounts, and (2) visiting a non-Google website. Yet Amir did not ask about either of those scenarios. To the contrary, Amir used fact patterns to prime respondents to consider browsing on Google-owned websites, like "online research" (Google Search) and "watching a video" (YouTube). Amir Rep. tbl. 5; *id.* tbl. 10. Accordingly, there is no way to distinguish (i) respondents who were acknowledging that Google may collect Incognito data when people visit Google.com and/or sign in to Google accounts from (ii) any respondents who knew about the specific, at-issue data collection—limited to ***signed-out*** private browsing on ***non***-Google websites. Amir's Surveys should be excluded because they are not "sufficiently linked to the facts of this case." *Shalaby v. Irwin Indus. Toll Co.*, 2009 WL 7452756, at *11 (S.D. Cal. July 28, 2009) (excluding expert testimony).

For these reasons, the Court now excludes Opinions 2-4 of Amir's April 15, 2022 expert report—paragraphs 3-16 and 49-86. Google and Professor Amir may not rely on the three surveys for any purpose.

**IT IS SO ORDERED.**

DATED: _____  _____

HON. YVONNE GONZALEZ ROGERS
United States District Judge