**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al*., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**ADMINISTRATIVE MOTION FOR LEAVE TO FILE *DAUBERT* MOTION TO EXCLUDE CERTAIN OPINIONS OF PLAINTIFFS' EXPERT JONATHAN HOCHMAN**<br><br>The Honorable Yvonne Gonzalez Rogers<br>Trial Date: November 6, 2023 |

Case No. 4:20-cv-03664-YGR-SVK

GOOGLE'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE *DAUBERT* MOTION TO EXCLUDE CERTAIN OPINIONS OF PLAINTIFFS' EXPERT JONATHAN HOCHMAN

1    On June 20, 2023, almost a year after the close of expert discovery, Plaintiffs served Google

2   with a third report from their technical expert (their tenth report overall), Mr. Jonathan Hochman, a

3   marketing consultant in the process of obtaining his PhD in computer science.  Mr. Hochman's latest

4   report is largely improper attorney argument about Google's alleged failures in the discovery

5   process and additional mischaracterizations[1] concerning the import of the sanctions proceedings and

6   Magistrate Judge van Keulen's sanctions orders. His "opinions" are highly prejudicial and improper.

7   Plaintiffs apparently seek to offer them to circumvent the strict limitations Judge van Keulen

8   imposed concerning a potential jury instruction, without regard to this Court's discretion as to

9   whether it is proper and relevant.

10    Mr. Hochman should not be allowed to prejudice the jury with mischaracterizations of the

11   discovery and sanctions proceedings; particularly characterizations that Judge van Keulen expressly

12   declined to adopt. Google respectfully seeks leave to enlarge the three-*Daubert* limit imposed in

13   Paragraph 11 of the Court's Standing Order to allow for a fourth *Daubert* motion directed at Mr.

14   Hochman's latest report.

15    Good cause exists to grant Google's motion because Google had no reason to believe Mr.

16   Hochman would belatedly submit a third expert report—far after the close of expert discovery—

17   beyond the two other reports he already submitted (which were over 600 pages in total, including

18   20 appendices); nor could it anticipate that Plaintiffs would wait *over a year* after Plaintiffs served

19   all of their expert reports to file yet another one. Moreover, Mr. Hochman's opinions are unreliable,

20   highly prejudicial, and irrelevant in contravention of Federal Rule of Evidence 702. Google

21   respectfully requests that it be granted leave to address fundamental deficiencies in Mr. Hochman's

22   Second Supplemental Report.

23   **I.    BACKGROUND**

24    On April 15, 2022 and June 7, 2022, Mr. Hochman served his Opening and First Rebuttal and

25

26   ───────────────────
     [1] The Court has previously made note of Plaintiffs' gamesmanship. *See* Dkt. 969 (Summary

27   Judgment Order) ("[Plaintiffs'] attempt to argue the effect of the 'sanction orders' on the issue of
     consent strains credulity. The gamesmanship does not impress. Plaintiffs not only mischaracterize
     the orders, but they have nothing to do with whether Google can prove explicit consent based on the

28   language of its Privacy Policy. (Dkt. No. 588-1 at 40 ¶ 36 and Dkt. No. 898 at 10.).").

Supplemental expert reports. On June 20, 2023—10 months after the close of expert discovery and over a year after the parties submitted all of their other expert reports—Plaintiffs served yet another expert report from Mr. Hochman, his Second Supplemental Report. Plaintiffs attempt to justify their delay in serving the report on the basis that it pertains to evidence that Google produced in December 2022 and June 2022 (*i.e.*, six months to a year earlier).

Among other opinions, Mr. Hochman's Report offers: (i) improper characterizations of the Court's prior sanctions orders dated March 20, 2023 and May 20, 2022, (ii) speculation about what additional discovery might have shown if Plaintiffs' discovery motions had been granted, and (iii) speculation about how Google purportedly could have completed a more comprehensive search for Incognito detection bits in less time.

On August 29, 2023, Google informed Plaintiffs of its intent to file a motion for leave to file an additional *Daubert* motion to strike certain of Mr. Hochman's opinions and asking if Plaintiffs opposed leave. As of this filing, Plaintiffs have not responded.

## II.    LEGAL STANDARD

Courts may permit a litigant to exceed a predetermined limit on the number of *Daubert* motions if a motion "raise[s] serious challenges . . . which go to the heart of the case." *Senne v. Kansas City Royals Baseball Corp.*, 591 F. Supp. 3d 453, 477 (N.D. Cal. 2022) (rejecting request to strike *Daubert* motions that exceed one-*Daubert* limit as a "disproportionately harsh penalty" in light of the "serious challenges" presented in the additional *Daubert* motions). Courts that have addressed motions for leave to file an additional *Daubert* motion have determined that good cause exists to permit the motion when a party serves a supplemental expert report after the close of expert discovery. *See, e.g.*, *Image Processing Techs., LLC v. Samsung Elecs. Co.*, 2020 WL 2395928, at *1 (E.D. Tex. May 12, 2020) (permitting submission of additional *Daubert* motion to address second supplemental report served after close of expert discovery); *Miller v. Glaxosmithkline*, 2007 WL 1662778, at *3 (N.D. Okla. June 5, 2007) (allowing party to supplement previous *Daubert* motions to address supplemental report submitted four months after deadline for expert discovery).

Expert testimony that "invade[s] the province of the trial judge" must be excluded under Rule 702. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008). When a

court has already sanctioned a party for discovery misconduct, testimony regarding the circumstances that led to, *e.g.*, spoliation or delayed disclosure of evidence, is not helpful to the trier of fact and must be excluded. *See, e.g.*, *Zucchella v. Olympusat, Inc.*, 2023 WL 2628107, at *8 (C.D. Cal. Jan. 10, 2023) (expert testimony regarding factual circumstances underlying "wiping" of hard drives excluded where court already granted sanctions because "[t]here is no need to relitigate these issues and 'explain the foundational facts to the jury' on an issue the Court has already decided.").

## III.   ARGUMENT

### A. Good Cause Exists Because Plaintiffs' Excessively Delayed in Filing Hochman's Second Supplemental Report

Google's motion for leave should be granted because good cause for leave exists when a supplemental report is served after the deadline for expert discovery. Plaintiffs served the Second Supplemental Report over a year after Mr. Hochman's previous reports and eight months after Google had already filed the three *Daubert* motions permitted by the Court's Standing Order. Because Google could not have reasonably anticipated that Mr. Hochman would file a third report well after every other expert in this litigation had submitted his or her reports, there is good cause to grant Google's motion.[2]

### B. Good Cause For Granting Leave Exists Because Google's *Daubert* Motion Is Likely To Succeed

There is also good cause because the proposed *Daubert* motion has substantial merit and raises "serious challenges." *See, e.g.*, *Senne*, 591 F. Supp. 3d at 477 ("[A]lthough Plaintiffs are correct that Defendants violated the Court's November 17, 2020 case management order specifically limiting each side to one *Daubert* motion, the Court concludes that striking all of Defendants' *Daubert* motions on this basis is a disproportionately harsh penalty. These motions raise serious challenges, some of which go to the heart of the case."); *see also United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 1997 WL 38112, at *2 (D. Kan. Jan. 24, 1997) (good cause to grant request for

---

[2] Mr. Hochman's deposition was originally scheduled for August 23, 2023, but was rescheduled to September 7, 2023 to accommodate a request from Plaintiffs. Google is prepared to file its *Daubert* motion promptly after Mr. Hochman's deposition.

*Daubert* hearing exists when the moving party shows that there are "significant and substantial questions regarding the propriety of [an expert] testifying as an expert witness"). Moreover, a district court's failure to exclude expert testimony that is inadmissible under *Daubert* constitutes reversible error. *See, e.g.*, *DePaepe v. Gen. Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998) (reversing verdict and remanding for new trial in light of, *inter alia*, District Court's failure to exclude improper speculation by expert witness; "The district court overruled GM's objection to Syson's testimony about motive or purpose, remarking that 'as an expert, he can speculate.' With all respect to the district court, the whole point of *Daubert* is that experts can't 'speculate.'") (Easterbrook, J.); *United States v. Bacon*, 979 F.3d 766, 770 (9th Cir. 2020) ("[W]hen a panel of this Court concludes that the district court has committed a non-harmless *Daubert* error, the panel has discretion to impose a remedy 'as may be just under the circumstances . . . [which] may require a new trial in some instances.").

Google's proposed *Daubert* motion is likely to succeed because it will seek only to exclude opinions proffered by Mr. Hochman that are plainly improper. Specifically, Google will ask the Court to strike patently improper opinions such as those that (i) discuss and provide Mr. Hochman's (erroneous) characterizations of the Court's prior sanctions orders, *see, e.g.*, Hochman Second Supp. Rep. ¶ 23 ("Google was sanctioned for concealing its use of private browsing detection bits."); (ii) consist of unsupported speculation about what discovery *might have shown* if it had gone differently, *see, e.g., id.* ¶ 34 ("Google's concealment of its Incognito detection practices . . . leads me to question what other information Google has from discovery."); *id.* (asserting that hit counts for certain search terms are "remarkable" and expressing disappointment at the number of emails produced from Google CEO Sundar Pichai's account); and (iii) assert unsupported theories about how Google could and/or should have conducted its search for Incognito detection bits differently, *see, e.g., id.* ¶ 20 (speculating about what might have been revealed if Google had not purportedly "refused to conduct that investigation [consistent with the Court's sanctions order] and instead limited its investigation"); ¶ 39 (asserting that "Google could have conducted a diligent and efficient source code search" by imposing hypothetical limitations, but "[t]he search Mr. Ellis oversaw was essentially one premised on the idea, 'Let's be as stupid as possible in our search strategy so that we

can say this investigation would be impractical.'"); ¶ 41 (speculating that "[h]ad these logs been disclosed earlier, I could have explored their content … to locate additional sources of private browsing data").[3] These opinions are improper under *Daubert* and its progeny, and Google's likelihood of success in moving to exclude these opinions provides additional good cause for the Court to grant its motion for leave.

### C.   CONCLUSION

For the reasons discussed above, the Court should grant Google's motion for leave to file a *Daubert* motion in response to Mr. Hochman's Second Supplemental Report.

.

DATED: September 1, 2023

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By      */s/ Andrew H. Schapiro*
          Andrew H. Schapiro

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com

---

[3] Google will seek to exclude opinions stated in the following paragraphs of the Second Supplemental Report, along with any testimony relating thereto: Paragraphs 16, 17, 18, 19, 20, 21, 23, 26 31, 34, 35, 37, 38, 39, 41, 44, 48, 49.

GOOGLE'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE *DAUBERT* MOTION TO EXCLUDE CERTAIN OPINIONS OF PLAINTIFFS' EXPERT JONATHAN HOCHMAN

Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*