UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  4:20-cv-03664-YGR-SVK<br><br>**[PROPOSED] ORDER DENYING GOOGLE'S MOTION FOR LEAVE TO FILE AN EXTRA *DAUBERT* MOTION**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

Before the Court is Google's Administrative Motion for Leave to File *Daubert* Motion (Dkt. 982). Having considered the parties' papers filed in support of and in opposition to the Motion, and all other matters properly considered by this Court, the Court **DENIES** the Motion.

On June 20, 2023, Plaintiffs' technical expert Jonathan Hochman served a 19-page supplemental report to address evidence that came to light during the second round of discovery sanctions against Google, which concluded in March 2023. Google does not take issue with Mr. Hochman serving a supplemental report to address this evidence. Instead, having already used up its allotted three *Daubert* motions under Paragraph 11 of the Court's Standing Order in Civil Cases, Google seeks leave to file a fourth *Daubert* motion against portions of Mr. Hochman's June 20, 2023 supplemental report.

The motion for leave is denied because Google cannot demonstrate good cause to file an extra *Daubert* motion. If Google had complied with its discovery obligations, Mr. Hochman would have addressed the evidence in his earlier reports, and Google would have needed to decide whether to use a *Daubert* against him. Granting this motion would put Google in a better position than it would have been if Google had timely produced the material.

Even if there were good cause, Google's motion for leave would be denied as untimely. The parties agreed to an August 24 deadline for *Daubert* motions. *See* 960. This Court acknowledged the parties' schedule at the August 3 conference. Tr. at 4:15-21. Google filed its motion for leave on September 1—over a week late. Google's delay is not excused. "[A] scheduling order may be modified only for good cause and with the judge's consent. In order to determine whether good cause exists, courts primarily consider the diligence of the party seeking the modification." *Brilliant Instruments, Inc. v. Guidetech, Inc.*, 2011 WL 1628017, at *2 (N.D. Cal. Apr. 29, 2011). Google's motion for leave does not even explain why it missed the deadline, let alone prove diligence.

**IT IS SO ORDERED.**

DATED: _____         _____

HON. YVONNE GONZALEZ ROGERS
United States District Judge

[PROPOSED] ORDER DENYING GOOOGLE'S MOTION FOR LEAVE    CASE NO. 4:20-CV-03664-YGR-SVK