**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br>GOOGLE LLC,<br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE CERTAIN GOOGLE EMPLOYEE WITNESSES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: October 13, 2023<br>Time:  9:00 a.m.<br>Location: Courtroom 1 – 4th Floor |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................2

II. BACKGROUND ..................................................................................................................3

    A. Google Omits the Four Employees from its Initial Disclosures and Discovery Responses, So They Never Become Document Custodians. ................................ 3

    B. Even After Substantially Completing Document Production, Google *Still* Does Not Disclose the Four Employees. ...................................................................... 5

    C. Google Belatedly Discloses Ganem and Levitte at the *End* of Fact Discovery, but *Not* McPhie or Sadowski. .............................................................................. 5

    D. Plaintiffs Meet Sadowski through the Sanctions Proceedings; Google *Still* Does Not Disclose Her. ................................................................................................. 6

    E. Google Omits Sadowski, McPhie, and Levitte from Yet Another Disclosure ..... 7

III. LEGAL STANDARD ..........................................................................................................8

IV. ARGUMENT .......................................................................................................................9

    A. Google Did Not Comply with its Disclosure Obligations. .................................. 9

    B. Google's Failure to Comply Was Not Substantially Justified .......................... 10

    C. Plaintiffs Have Been Prejudiced, and Exclusion Is Warranted.. ....................... 11

V. CONCLUSION ..................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Epic Games, Inc. v. Apple Inc.*,
   2021 WL 1375860 (N.D. Cal. Apr. 12, 2021) (Gonzalez Rogers, J.) ...................................13

*Garcia v. Qwest Corp.*,
   2008 WL 4531657 (D. Ariz. Oct. 3, 2008) ...........................................................................14

*Markson v. CRST Int'l, Inc.*,
   2021 WL 5969519 (C.D. Cal. Nov. 23, 2021) ..........................................................10, 11, 14

*Mass Probiotics, Inc. v. Aseptic Tech. LLC*,
   2017 WL 10621233 (C.D. Cal. Dec. 21, 2017) .......................................................................9

*Ollier v. Sweetwater Union High Sch. Dist.*,
   768 F.3d 843 (9th Cir. 2014) ......................................................................................3, 12, 14

*Rodman v. Safeway, Inc.*,
   2015 WL 5315940 (N.D. Cal. Sept. 11, 2015) ............................................................. *passim*

*Shenwick v. Twitter, Inc.*,
   2021 WL 1232451 (N.D. Cal. Mar. 31, 2021) ......................................................................14

*Trulove v. D'Amico*,
   2018 WL 1090248 (N.D. Cal. Feb. 27, 2018) (Gonzalez Rogers, J.) .....................................9

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) .................................................................................................9

PLEASE TAKE NOTICE that on October 13, 2023, at 9:00 a.m., the undersigned will appear before the Honorable Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California to move the Court to preclude certain Google employees from testifying at trial. This Motion is made under Federal Rules of Civil Procedure 26 and 37 and Civil Local Rule 7, and it is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed declaration of Alexander Frawley and accompanying exhibits, all matters of which the Court may take judicial notice, other pleadings and papers on file in this action, and other written or oral argument that Plaintiffs may present to the Court.

### ISSUE TO BE DECIDED

Whether the Court should exclude trial witnesses whom Google did not timely disclose and for whom Google did not produce custodial documents?

### RELIEF REQUESTED

Plaintiffs respectfully ask the Court to exclude the following Google current and former employees from testifying at trial: Caitlin Sadowski, Jonathan McPhie, George Levitte, and Steve Ganem.

Dated: September 8, 2023

By:  /s/ *Mark Mao*

## I. INTRODUCTION

At trial, Google as of now plans to call eight current or former employees. *Half were not document custodians in this case, nor properly disclosed by Google*, including:

- Caitlin Sadowski, a current Google employee who Google says will testify about "how Incognito works"
- Jonathan McPhie, a former Google employee who Google says will testify about Google's "disclosures"
- George Levitte, a current Google employee who Google says may testify about "the way Google earns revenue from Google Ad Manager"
- Steve Ganem, a current Google employee who Google says will testify about "how Google Analytics works"

Ex. 1 at 16-17. These are obviously relevant topics that have been litigated since Day 1.

*Yet Google did not disclose Sadowski or McPhie under Rule 26(a) until the day it served its trial witness list*—August 17, 2023—*three years after the case was filed*. Ex. 2. *Google omitted all four witnesses from an interrogatory response served early in this case* that Plaintiffs used to select document custodians, where Google identified employees with "knowledge of" "Incognito mode," Google's "privacy policies," and Google's collection of data by way of "Google Analytics" and "Google Ad Manager." Ex. 3 at 5-6; Ex. 4. Because of Google's failure to timely identify these employees, none of Sadowski, McPhie, Levitte, or Ganem became document custodians. Permitting Google to call these witnesses would require Plaintiffs to cross examine *half* of Google's fact witnesses without custodial productions.

Google is changing course at the last minute, lining up witnesses whom Google shielded from document production while opposing testimony from employees who were document custodians. For example, in the interrogatory response mentioned above, Google identified ████████████ as employees responsible for and knowledgeable about Incognito mode. Ex. 4 at 5. Plaintiffs included ████████ on their witness list, but Google has informed Plaintiffs that it will oppose live testimony from those two employees.

The disclosure rules exist to prevent Google's gamesmanship. When "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed

to use that information or witness . . . at trial, unless the failure was substantially justified or is harmless." *Rodman v. Safeway, Inc.*, 2015 WL 5315940, at *2 (N.D. Cal. Sept. 11, 2015). There should be no dispute that Google did not comply with its disclosure obligations. Exclusion is warranted because Google cannot prove that its failure to comply was substantially justified or harmless. The "theory of disclosure under the Federal Rules" is to enable parties to "conduct discovery of what [] witnesses would say on relevant issues, which in turn informs the party's judgment about which witnesses it may want to call at trial, either to controvert testimony or to put it in context." *Ollier v. Sweetwater Union High Sch.*, 768 F.3d 843, 862 (9th Cir. 2014). For half of its witnesses, Google has deprived Plaintiffs of that opportunity. Google's gamesmanship is particularly egregious with respect to Sadowski, whom Plaintiffs encountered through the sanctions proceedings, where Google never said it would rely on her outside those proceedings.

## II. BACKGROUND

### A. Google Omits the Four Employees from its Initial Disclosures and Discovery Responses, So They Never Become Document Custodians.

There is no excuse for Google's failure to disclose the four employees, particularly because their topics have been relevant since day one:

- "how Incognito works" (Sadowski)
- Google's "disclosures," including the "Privacy Policy" (McPhie)
- "the way Google earns revenue from Google Ad Manager" (Levitte)
- "how Google Analytics works" (Ganem)

Ex. 1 at 16-17. Plaintiffs' initial Complaint referenced the Google Privacy Policy, and it identified "Google Analytics" and "Google Ad Manager" as the "means" by which Google surreptitiously tracks users' private browsing data. Dkt 1 ¶¶ 4, 29-30.

Google's initial Rule 26(a) disclosures predictably addressed these *same topics*:

- "the purpose and function of the Chrome browser's Incognito mode"
- "Google's disclosures regarding Incognito mode", among others
- "Information concerning functionality of Google Ads Manager"
- "Information concerning functionality [] of Google Analytics"

3
Plaintiffs' Motion to Exclude Certain Google Employee Witnesses
4:20-cv-03664-YGR-SVK

Ex. 5 at 2-3. But Google did not disclose any of the four employees at issue in this motion. Google instead identified five other employees, *none of whom are on Google's trial witness list*.

Google also omitted the four employees from its written discovery responses, which were used to select document custodians. Plaintiffs on February 26, 2021 served an interrogatory asking Google to identify "current and former . . . employees . . . with responsibility for or knowledge of" various topics, including the *same topics* the four employees seek to testify about:

    a) "Google's Incognito mode, including its purpose and functions"

    b) "Google's privacy policies and representations regarding private browsing"

    c) "Google's collection of and use of data . . . including with respect to . . . Google Analytics [and] Google Ad Manager."

Ex. 3 at 5-6. In response, on March 29, 2021, Google identified ▇▇▇▇ for subpart (a) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ for subpart (b) ▇▇▇▇▇▇▇ for subpart (c) ▇▇▇▇▇▇▇▇▇▇▇▇▇ But Google once again omitted the four employees. Ex. 4 at 5-7. While the four employees were included in a list of ▇ people that Google produced on February 1, 2021, that list contained no information about any employees' knowledge and only listed names, job divisions, titles, and managers. Ex. 6.

Plaintiffs relied on Google's Rule 26(a) disclosures and interrogatory response to make their custodian selections. The parties specifically discussed the importance of Google's interrogatory response during meet-and-confers about custodians. As memorialized by Plaintiffs in a March 1, 2021 letter:

> That [list of ▇ employees] unfortunately does not provide sufficient detail to fully assess who the Google custodians should be in this case. . . . During the February 24 meet and confer, you suggested that it may be more useful for Plaintiffs to seek this information by way of an interrogatory. Plaintiffs have now served an interrogatory . . .

Ex. 13 at 5. Plaintiffs again stressed the importance of that interrogatory in a joint letter brief filed with the Court: "Plaintiffs are currently evaluating a list of Google employee names produced by Google, with limited information regarding those employees, and Plaintiffs have requested more information *by way of an interrogatory*." Dkt. 127 at 1 n.1 (emphasis added). All

■ Google employees identified in Google's initial Rule 26(a) disclosures and interrogatory response became document custodians (among others).[1] The four employees did not.

### B. Even After Substantially Completing its Document Production, Google *Still* Does Not Disclose the Four Employees.

On October 4, 2021, Google served an amended interrogatory response that identified ■ new Google employees: ■ more employees for the "Incognito" subpart, ■ more for the "disclosures" subpart, and ■ more for the subpart addressing "Google Analytics" and "Google Ad Manager." Ex. 7 at 12-14.[2] Google again did not identify the four employees.

The timing of this supplement was critical. It came *two days* before Google's deadline to substantially complete document production. At that point, there was still time for Plaintiffs to secure additional document productions, with three months left in fact discovery (which would later become five months when discovery was extended). All ■ of the employees listed in Google's supplemental interrogatory response were already document custodians, so there was no need for Plaintiffs to request additional productions based on that response.

### C. Google Belatedly Discloses Ganem and Levitte at the End of Fact Discovery, but Not McPhie or Sadowski.

Google served amended Rule 26(a) disclosures on February 21, 2022—long after the October 6, 2021 deadline for substantially completing document production and just two weeks before the (extended) close of fact discovery. These disclosures *still omitted Sadowski and McPhie,* but Google did identify Levitte and Ganem. Ex. 8. Over Google's objection, Magistrate Judge van Keulen ordered their depositions, reasoning that "Google should have added these persons to its initial disclosures several months ago." Dkt. 454-1 at 2. But the depositions were limited to 3.5 hours, and Plaintiffs' request for custodial productions was denied.

Plaintiffs subsequently raised concerns about McPhie, Levitte, and Ganem in connection with class certification. After Google submitted declarations from them with its class certification

---

[1] Some employees were included in both Google's initial disclosures and its interrogatory response, and some employees were listed for multiple subparts within the interrogatory response.

[2] Some employees were again listed for multiple subparts within the interrogatory response.

5
Plaintiffs' Motion to Exclude Certain Google Employee Witnesses
4:20-cv-03664-YGR-SVK

opposition, Plaintiffs moved to strike those declarations as undisclosed expert opinions and alternatively based on Google's failure to properly disclose them as fact witnesses. *See* Dkt. 704-2. This Court denied the motion but permitted Plaintiffs "to depose the witnesses on the topics contained in their declarations to the extent relevant." Dkt. 803 at 11 n.5. The parties agreed to defer Levitte's deposition, but Plaintiffs deposed Ganem and McPhie on their declarations. Still, none of these employees became document custodians.

Throughout this process, Google ***still did not disclose McPhie under Rule 26(a).*** Google only disclosed its intent to call McPhie as a trial witness last month, on August 17, 2023. Had Google disclosed McPhie earlier—even belatedly after his March 2023 deposition—Plaintiffs could have sought additional relief from the Court, including document productions. Google deprived Plaintiffs of that opportunity.

### D. Plaintiffs Meet Sadowski through the Sanctions Proceedings; Google *Still* Does Not Disclose Her.

Plaintiffs learned about Sadowski through the sanctions proceedings that unfolded in Spring 2022—shortly after the close of fact discovery.[3] Those proceedings concerned Google's concealment of its private browsing detection bits, which are fields Google uses to identify and label private browsing data. Google hid these bits until February 2022, when Plaintiffs uncovered one of them (maybe_chrome_incognito) through a last-minute document production. Dkt. 588-1 (May 20, 2022 Sanctions Order) ¶¶ 110-12, at p 22-23. Plaintiffs then served a notice seeking to depose a corporate representative about any additional private browsing detection bits. *Id.* ¶¶ 118-21. Google designated Sadowski for that deposition, which took place after the close of fact discovery *id.*, and Sadowski later testified for Google at the April 21, 2022 sanctions hearing. Plaintiffs served that 30(b)(6) notice to learn about "any" incognito detection bits (Ex.

---

[3] Plaintiffs included both Sadowski and McPhie on their initial draft witness list, but in doing so, Plaintiffs clarified they would call these witnesses to present documents in the event the parties cannot agree on admissibility. Ex. 1. Plaintiffs later amended their witness list to clarify they are willing to drop both Sadowski and McPhie (among other witnesses) if the parties reach an agreement relating to the admissibility and use of certain documents, and the Court approves such an agreement. *See* Ex. 9 at 12.

1  10 at 6), but it has now become clear that Sadowski and Google neglected to disclose at least one
2  of those detection bits—▮▮▮▮▮▮▮▮▮ bit, which Google concealed until December
3  2022. *See* Dkt. 898 (March 2023 Sanctions Order) at 17.
4      Magistrate Judge van Keulen granted Plaintiffs' motion for sanctions in part, finding that
5  "Google's unjustified failure to provide information regarding the Incognito-detection bits during
6  discovery was improper and constitutes discovery misconduct." Dkt. 588-1 ¶ 155, p. 29. Among
7  other sanctions, Magistrate Judge van Keulen granted Plaintiffs' request under Federal Rule 37(c)
8  to preclude Google from relying on various undisclosed witnesses. *Id.* ¶¶ 61-62, p. 45. Plaintiffs
9  did not include Sadowski in their preclusion request in part because Google never informed
10 Plaintiffs that it would rely on her going forward. Another reason was that Sadowski lacks
11 personal knowledge about the detection bits. At the sanctions hearing, she confirmed that her
12 knowledge was based entirely on speaking with other Google employees (including an employee
13 whom the court precluded Google from relying on) and a source code search she conducted in
14 preparation for her Rule 30(b)(6) deposition. Ex. 12 at 211:21-212:2; *see also id.* at 214:1-12
15 (Court striking as hearsay statement from Sadowski that "I talked to Mark about this particular
16 document, and he clarified that . . . ").
17     But since Google apparently intended to rely on Sadowski at trial, Google should have
18 amended its Rule 26(a) disclosures or its interrogatory response to disclose her. Had Google done
19 so, Plaintiffs could have sought to preclude her testimony as well. Magistrate Judge van Keulen's
20 reasoning for excluding the other witnesses applies equally to Sadowski: "Sanctions are
21 appropriate under Rule 37(c) because Google violated Rule 26(e) when it failed to disclose
22 [various employees] in response to Plaintiffs' interrogatory." *Id.* Alternatively, Plaintiffs could
23 have sought production of Sadowski's custodial documents.
24     E.   **Google Omits Sadowski, McPhie, and Levitte from Yet Another Disclosure.**
25     On April 15, 2022, the deadline for opening expert reports, Google identified six
26 employees as "percipient witnesses with technical expertise who may also testify at trial." Ex.
27 11. That disclosure was required by this Court's Standing Order. *See* Standing Order in Civil
28

1  Cases ¶ 10 ("Any percipient witness who may also testify at trial with technical expertise akin to
2  an independent expert shall be identified by name no later than the date of expert disclosures to
3  allow for deposition, if necessary.").

4  Google identified Ganem but not Sadowski, McPhie, or Levitte; yet Google's trial
5  witness list states that all three will address technical subjects. Google asserts that Sadowski will
6  address "how Chrome works, how Incognito works, ▇▇▇▇▇, and [whether certain] data
7  is . . . joined to Google accounts," and other "subject matters discussed at her deposition" (i.e.,
8  incognito detection bits). Ex. 1 at 17. Google says McPhie will address "how Incognito mode
9  [purportedly] provides privacy." *Id.* at 16. And Google says Levitte will address "the way Google
10 earns revenue from Google Ad Manager." *Id.* at 17. These subjects are technical, which is why
11 Google's hired experts are also addressing them. *See id.* at 19 (Google expert Zervas will testify
12 about "how private browsing works"; Google expert Psounis will address whether Google
13 "join[s] authenticated with unauthenticated data"; Google expert Strombom will address
14 damages). At a minimum, Google should have included Sadowski, McPhie, and Levitte on its
15 list of percipient witnesses with technical expertise. While still untimely, an April 2022
16 disclosure would have allowed for document productions. Google instead waited until the eve of
17 trial to disclose its actual witnesses, swapping out previously disclosed individuals (who were
18 document custodians) for these undisclosed individuals (who were not document custodians).

19 **III.  LEGAL STANDARD**

20 "Federal Rule of Civil Procedure 26(a)(1) requires a party to identify, without waiting for
21 a discovery request, the identity of all potential witnesses and the purposes for which they may
22 be called. Rule 26(e)(1) further provides that a party has a duty to supplement its earlier
23 disclosures when they are incorrect or incomplete." *Rodman*, 2015 WL 5315940, at *2. The same
24 duty to supplement applies to interrogatory responses. Fed. R. Civ. P. 26(e)(1).

25 Federal Rule of Civil Procedure 37(c)(1) "gives teeth to [these requirements] by
26 forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not
27 properly disclosed." *Trulove v. D'Amico*, 2018 WL 1090248, at *2 (N.D. Cal. Feb. 27, 2018)

28

(Gonzalez Rogers, J.) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The sanction of exclusion is 'self-executing' and 'automatic,'" and "the burden is on the party facing the sanction to demonstrate that the failure to comply . . . is substantially justified or harmless." *Truelove*, 2018 WL 1090248, at *2 (quoting *Yeti by Molly*, 259 F.3d at 1106). Rule 37(c) grants trial courts "wide latitude" to exclude improperly disclosed witnesses. *Yeti by Molly*, 259 F.3d at 1106. "No showing of bad faith or willfulness is required." *Mass Probiotics, Inc. v. Aseptic Tech., LLC*, 2017 WL 10621233, at *3 (C.D. Cal. Dec. 21, 2017).

## IV.   ARGUMENT

### A.   Google Did Not Comply with its Disclosure Obligations.

Google did not comply with its disclosure obligations under both the Federal Rules and this Court's Standing Order. ***Half*** of the employees on Google's list were not properly disclosed:

- Sadowski: Google omitted her from
    - (1) its initial and amended Rule 26(a) disclosures,
    - (2) its interrogatory responses, and
    - (3) its list of percipient witnesses with technical expertise.
- McPhie: Google omitted him from
    - (1) its initial and amended Rule 26(a) disclosures,
    - (2) its interrogatory responses, and
    - (3) its list of percipient witnesses with technical expertise.
- Levitte: Google omitted him from
    - (1) its initial Rule 26(a) disclosures,
    - (2) its interrogatory responses, and
    - (3) its list of percipient witnesses with technical expertise.

1          • <u>Ganem</u>: Google omitted him from

2              o (1) its initial Rule 26(a) disclosures, and

3              o (2) its interrogatory responses.

Google's eleventh-hour disclosure of McPhie and Sadowski in August 2023 (on the same day it served its trial witness list) does not absolve Google. That disclosure at most complies with Google's pretrial obligations under Rule 26(a)(3), which is an ***additional*** requirement. "Rule 26(e) requires the parties to supplement all their Rule 26(a) disclosures in a timely manner, which includes their Rule 26(a)(1) discovery disclosures. Rule 26(a)(3)'s [pretrial disclosures] language makes clear that its requirements are '[i]n addition to' those of Rule 26(a)(1)." *Markson v. CRST Int'l, Inc.*, 2021 WL 5969519, at *2 (C.D. Cal. Nov. 23, 2021) (excluding belatedly disclosed fact witnesses) (quoting Fed. R. Civ. P. 26(a)(3)(A)). Nor does it matter that Google disclosed Ganem and Levitte under Rule 26(a) at the end of fact discovery. "By waiting until the close to discovery to disclose witnesses defendant should have identified much earlier, defendant's disclosure was not timely." *Id.* at *3. "[D]isclosures of witnesses must be made sufficiently in advance of the close of discovery for the party-opponent to have a reasonable opportunity to pursue discovery of these witnesses." *Id.* at *2.

In any event, even if Google were found to have complied with Rule 26(a) (which it did not), Google independently violated paragraph 10 of the Court's Standing Order by omitting Sadowski, McPhie, and Levitte from its list of percipient witnesses with technical expertise. In addition, it is undisputed that Google never amended its interrogatory response to add any of these four employees, which means Google (at a minimum) violated Rule 26(e) for all four witnesses. There should be no dispute about that violation.

         **B.**     **Google's Failure to Comply Was Not Substantially Justified.**

There is no excuse for Google's failure to comply with its disclosure obligations. "Substantial justification is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Rodman*, 2015 WL 5315940, at *2. Google cannot credibly argue that it did not need to disclose

10
Plaintiffs' Motion to Exclude Certain Google Employee Witnesses
4:20-cv-03664-YGR-SVK

these four witnesses, including (1) under Rule 26(a), (2) in response to Plaintiffs' interrogatory, and (3) as percipient witnesses with technical expertise.

Google "has made no showing it could not have discovered these witnesses (its employees) earlier." *Markson,* 2021 WL 5969519, at *4. Even if Google had no way of knowing about its own employees at the beginning of the case (which cannot be true), Google missed numerous opportunities to disclose each of them. Google became aware of Sadowski (at latest) in March 2022 when it designated her as the Rule 30(b)(6) witness on certain private browsing detection bits. Yet Google did not include her in its April 15, 2022 list of percipient witnesses, and Google did not disclose her under Rule 26(a) until nearly **18 months later**, on the same day Google served its trial witness list. Google became aware of Ganem and Levitte (at latest) in late 2021 when it served declarations from them in the related *Calhoun* case, where the same law firm represents Google. *Calhoun* Dkts. 430-9, 430-15. Yet Google did not include them in its October 2021 interrogatory response, and Google did not include Levitte in its April 15, 2022 list of percipient witnesses with technical expertise. Finally, Google was aware of McPhie (at latest) in Summer 2022 as it prepared his class certification declaration. Dkt. 666-12. Yet Google did not disclose him under Rule 26(a) until **over a year later**, on the same day Google served its trial witness list. And Google never supplemented its interrogatory response to include any of these employees. For all four, Google had ample opportunities to comply with its obligations but repeatedly failed to do so.

### C. Plaintiffs Have Been Prejudiced, and Exclusion Is Warranted.

Google also cannot meet its burden to prove harmlessness. The "theory of disclosure under the Federal Rules" is to enable parties to "conduct discovery of what [adverse] witnesses would say on relevant issues, which in turn informs the party's judgment about which witnesses it may want to call at trial, either to controvert testimony or to put it in context." *Ollier*, 768 F.3d at 862. That is why "[c]ompliance with Rule 26's disclosure requirements is mandatory." *Id.*

*Ollier* is on point. The trial court excluded 38 witnesses under Rule 37(c)(1) because the defendant "[w]ait[ed] until long after the close of discovery and on the eve of trial to disclose"

them. *Id.* at 852 (first alteration in original) (quoting lower court decision). There was "no reason why any of the 38 witnesses were not disclosed to [P]laintiffs either initially or by timely supplementation." *Id.* at 862 (quoting trial court). The Ninth Circuit affirmed, reasoning that "[a]n adverse party should not have to guess which undisclosed witnesses may be called to testify. We . . . have warned litigants not to indulge in gamesmanship with respect to the disclosure obligations of Rule 26." *Id.* at 863 (citation omitted).

Exclusion here is warranted for the same reasons. Google's failure to comply with its disclosure obligations prevented Plaintiffs from "conduct[ing] discovery of what [these] witnesses would say on relevant issues." *Id.* That outcome is unfair, particularly where it did not need to be this way. Had Google disclosed these witnesses even by its October 6, 2021 substantial completion deadline (when Google amended its interrogatory response), there would have been enough time for Plaintiffs to request that they become document custodians. Instead, Google directed Plaintiffs to other witnesses on these same topics, and Google now seeks to bar Plaintiffs from having some of those witnesses appear live at trial. As to these four employees, exclusion is warranted because Plaintiffs have "been deprived of the opportunity to prepare for trial." *Rodman*, 2015 WL 5315940, at *2 (excluding belatedly disclosed fact witness).

Plaintiffs' prior depositions do not remedy the prejudice. Sadowski was deposed solely as a Rule 30(b)(6) witness on limited topics and without being a document custodian. Plaintiffs deposed McPhie without him being a document custodian and only about his class certification declaration. Google's focus at class certification was on implied consent, a defense that cannot be asserted against the Rule 23(b)(2) classes. Ganem's class certification deposition is insufficient for similar reasons. It is one thing to depose a witness for purposes of opposing a confined declaration in connection with class certification or summary judgment. Preparing for cross examination at trial is very different, and Plaintiffs have been prejudiced by Google's lack of custodial productions for these individuals.

This Court has previously recognized the importance of custodial productions for cross examination. *See Epic Games, Inc. v. Apple Inc.*, 2021 WL 1375860, at *2 (N.D. Cal. Apr. 12,

2021) (Gonzalez Rogers, J.). In that case, Apple moved to exclude third-party witnesses, contending they were belatedly disclosed and that Epic Games was "coordinating with the[] third-party witnesses to prevent Apple from obtaining" their documents. *Id.* This Court denied the motion, reasoning that "there has been no violation of the Rule 26 disclosure requirements"; "Epic Games promptly disclosed the individual identifies . . . when [it] learned that these three individuals were confirmed to be appearing at" trial. *Id.* at *2. That result is of course distinguishable because this motion concerns Google's failure to disclose ***its own*** employees— not third-party witnesses over whom Google lacks knowledge or control.

But this Court's remarks on the importance of document productions are instructive for this motion.

> [T]he failure to produce relevant documents, including documents relevant to the individual testifying witness, to both parties (here, to Apple) will be factored into the individual witness' credibility, and, if necessary, may warrant the striking of testimony. To the extent that the third-party witnesses are concerned with an adverse credibility determination at the bench trial, they should ensure that they adequately and timely produce such documents in advance of their depositions.

*Id.* at *2. The presence of a jury makes custodial documents even more important for this case. Unlike in *Epic*, where there was no jury, the Court can't level the playing field on its own.

Plaintiffs' prejudice as to Sadowski is particularly stark. Magistrate Judge van Keulen has already precluded Google from relying on employees with personal knowledge of its incognito detection bits, whom Google did not properly disclose. As explained in her May 2022 sanctions order, "Google's failure to identify these witnesses was not harmless because it undermined Plaintiffs' ability to obtain full discovery into these Incognito-detection bits." Dkt. 588-1 ¶ 62, p. 45. During the second round of sanctions proceedings in March 2023, Magistrate Judge van Keulen precluded Google from relying on additional employees, reasoning that "presumably some or all of these witnesses would have been disclosed during the normal course of discovery had Google been forthcoming in identifying logs containing Incognito-detection bits." Dkt. 898 at 14. Google is now seeking to unwind those orders by backfilling with Sadowski.

1    As for all four witnesses, it is also too late to cure Plaintiffs' prejudice with additional discovery. Even if Google were amenable to a full document production and deposition for each witness, "[i]t is very unlikely that this work could be completed and incorporated into the parties' pretrial preparations quickly enough to begin trial [] as currently scheduled." *Rodman*, 2015 WL 5315940, at *2. Even if it were possible to complete that work, "plaintiffs would be deprived of the ability to conduct any necessary follow up discovery pertaining to these witnesses, as plaintiffs could have done had the witnesses been timely disclosed." *Markson*, 2021 WL 5969519, at *4.

In any event, requiring Plaintiffs to move quickly to review new documents only exacerbates their prejudice. "The last thing a party or its counsel wants in a hotly contested lawsuit is to make last-minute preparations and decisions on the run." *Ollier*, 758 F.3d at 863. To make Plaintiffs engage in more discovery "would render Rule 37 toothless." *Garcia v. Qwest Corp.*, 2008 WL 4531657, at *4 (D. Ariz. Oct. 3, 2008). If parties could evade their disclosure obligations by dumping documents at the eleventh hour, every party would be incentivized to do exactly what Google did here. That approach cannot be reconciled with the Federal Rules, whose "obvious purpose . . . is to enable the opposing party to prepare to deal with the individual's evidence in the case." *Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *2 (N.D. Cal. Mar. 31, 2021) (excluding trial testimony of employee-witnesses not disclosed during discovery). These arguments apply with particular force to Sadowksi, where Plaintiffs are starting from square one—having never deposed her in her individual capacity.[4]

Finally, while irrelevant to the analysis, exclusion will not significantly prejudice Google (and perhaps not at all). Other employees on its witness list who became document custodians can cover the topics allocated to the excluded employees. For example, Greg Fair plans to testify

---

[4] Plaintiffs on August 25 asked Google to produce custodial documents for these four witnesses. Frawley Decl. ¶¶ 16-18; Ex. 14. Google is "considering" that request. *Id.* As of this filing, Google has not yet informed Plaintiffs whether it will produce the documents. But for the reasons described above, compliance would not fully cure Plaintiffs' prejudice. Plaintiffs nevertheless look forward to Google's response. Plaintiffs are filing this motion now, including to ensure it can be noticed for the October 13 pretrial conference on a normal briefing schedule.

about Google's disclosures. Ex. 1 at 16-17. Glenn Berntson plans to testify about Google Ad Manager, and Bruce Strombom (a disclosed expert) plans to address damages. *Id.* at 16. Adriana Porter Felt will address how Incognito works, and so will disclosed expert Georgios Zervas (Sadowski's topic) *Id.* at 17, 19. Google can and should rely on these witnesses. To the extent Google argues the four employees possess unique knowledge, that only underscores Plaintiffs' prejudice and demonstrates why exclusion is appropriate.

**V.      CONCLUSION**

Plaintiffs respectfully ask the Court to preclude the following Google current and former employees from testifying at trial: Caitlin Sadowski, Jonathan McPhie, George Levitte, and Steve Ganem.

Dated: September 8, 2023

                                      By */s/ Mark Mao*
                                      Mark C. Mao (CA Bar No. 236165)
                                      mmao@bsfllp.com

                                      Beko Reblitz-Richardson (CA Bar No. 238027)
                                      brichardson@bsfllp.com
                                      BOIES SCHILLER FLEXNER LLP
                                      44 Montgomery Street, 41st Floor
                                      San Francisco, CA 94104
                                      Telephone: (415) 293 6858
                                      Facsimile (415) 999 9695

                                      David Boies (*pro hac vice*)
                                      dboies@bsfllp.com
                                      BOIES SCHILLER FLEXNER LLP
                                      333 Main Street
                                      Armonk, NY 10504
                                      Tel: (914) 749-8200

                                      James W. Lee (*pro hac vice*)
                                      jlee@bsfllp.com
                                      Rossana Baeza (*pro hac vice*)
                                      rbaeza@bsfllp.com
                                      BOIES SCHILLER FLEXNER LLP
                                      100 SE 2nd Street, Suite 2800
                                      Miami, FL 33130
                                      Telephone: (305) 539-8400
                                      Facsimile: (305) 539-1304

```
Alison Anderson (CA Bar No. 275334)
aanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S Figueroa Street
31st Floor
Los Angeles, CA 90017
Telephone: (213) 995-5720

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Christopher Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
Steven Shepard (pro hac vice)
sshepard@susmangodfrey.com
Alexander P. Frawley (pro hac vice)
afrawley@susmangodfrey.com
Ryan Sila (pro hac vice)
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
mram@forthepeople.com
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
```

Tel: (415) 358-6913

*Attorneys for Plaintiffs*