# EXHIBIT 3

| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165<br>Sean P. Rodriguez, CA Bar No. 262437<br>Beko Richardson, CA Bar No. 238027<br>**BOIES SCHILLER FLEXNER LLP**<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>Fax: (415) 293-6899<br>mmao@bsfllp.com<br>srodriguez@bsfllp.com<br>brichardson@bsfllp.com | William S. Carmody (admitted *pro hac vice*)<br>Shawn Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019-6023<br>Tel.: (212) 336-8330<br>Fax: (212) 336-8340<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com |
| James Lee (admitted *pro hac vice*)<br>Rossana Baeza (admitted *pro hac vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>Fax: (303) 539-1307<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com | John A. Yanchunis (admitted *pro hac vice*)<br>Ryan J. McGee (admitted *pro hac vice*)<br>**MORGAN & MORGAN**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com |
| Amanda K. Bonn, CA Bar No. 270891<br>**SUSMAN GODFREY L.L.P**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA. 90067<br>Tel: (310) 789-3100<br>Fax: (310) 789-3150<br>abonn@susmangodfrey.com | |

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.  5:20-cv-03664-LHK<br><br>**PLAINTIFFS' INTERROGATORIES TO DEFENDANT GOOGLE LLC, SET TWO** |

| | |
|---|---|
| Propounding Party: | Plaintiffs Chasom Brown, Maria Nguyen, William Byatt, Jeremy Davis, and Christopher Castillo |
| Responding Party: | Defendant Google LLC |
| Set No.: | Two |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs Chasom Brown, Maria Nguyen, William Byatt, Jeremy Davis, and Christopher Castillo hereby submit the following Interrogatories to Defendant Google LLC ("Google"). Each interrogatory is to be read in accordance with the Definitions and Instructions that follow. Responses are due within thirty (30) days of service.

**DEFINITIONS**

1. The term "ALL" includes the word "ANY," and vice versa.

2. The term "CLASS PERIOD" means the time period from June 1, 2016 through the present and ongoing.

3. The terms "CONCERNING" or "RELATING TO" include addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

4. The term "IDENTIFY" means to state such person's full name and, for the period during which they were employed by or a consultant for Google, and noting any changes during that period, their title(s) along with the corresponding organizational division for each title and the dates (including month and year) the person held each title, the name of the person's supervisor(s), a description of the person's role for each title, and a description of the person's knowledge of or involvement with Google's conduct as alleged in this lawsuit.

5. The term "INCLUDE" or "INCLUDING" means "include, but not limited to" or "including, but not limited to."

6. The term "GOOGLE" means GOOGLE LLC and any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees,

employees, attorneys and any other persons acting on GOOGLE LLC'S behalf, including contractors.

7. The term "PERSON" or "PERSONS" includes without limitation any natural person, firm, association, organization, partnership, business, trust, corporation, or public entity. Any reference to a PERSON that is a business entity and is not otherwise defined INCLUDES that PERSON's predecessors, if any (INCLUDING any pre-existing PERSON that at any time became part of that entity after merger or acquisition), successors, parents divisions, subsidiaries, affiliates, franchisors and franchisees, and any other PERSON acting for or on behalf of them.

8. The term "PLAINTIFFS" means Chasom Brown, Maria Nguyen, William Byatt, Jeremy Davis, Christopher Castillo, and any other named plaintiffs who might be added to this action.

9. The term "X-CLIENT-DATA HEADER" means a unique digital string of characters as described in paragraphs 94 to 99 of the First Amended Complaint.

10. The term "USER" includes the word "CONSUMERS," and vice versa

11. The term "YOU" or "YOUR" means or refers to DEFENDANT GOOGLE LLC, and any of his or their attorneys, agents, representatives, predecessors, successors, assigns, and any PERSONs acting or purporting to act on his or their behalf.

## GENERAL INSTRUCTIONS

1. **Time Period.** The time period for these requests is June 1, 2008 through the present unless stated otherwise.

2. **Responses**: When an Interrogatory asks for specific information, and the specific information requested is not known to you, such Interrogatory shall be deemed to ask you to approximate the information requested as best you can, provided that you indicate in your response that the information being provided is an approximation or is incomplete in certain specific requests. When, after a reasonable and thorough investigation using due diligence, you are unable to answer any part of an Interrogatory because of lack of information available to you, specify in full and complete detail the type of information which you claim is not available to you and what has been done by you to locate such information. In addition, specify what knowledge or information you

have concerning the unanswered portion of the Interrogatory, set forth the facts upon which such knowledge or belief is based, and identify the person or entity who is likely to have the information which you claim is not available.

    3.    **Construction**: For purposes of reading, interpreting, or construing the scope of the DEFINITIONS, INSTRUCTIONS, and INTERROGATORIES, all of the terms shall be given their most expansive and inclusive interpretation. This INCLUDES the following:

    (a)    The singular form of a word shall be interpreted as plural, and vice versa.

    (b)    "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.

    (c)    "All," "each" and "any" shall be construed as "all, each, and any."

    (d)    The masculine form of a word shall be interpreted as and shall include the feminine, and vice versa.

    (e)    The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.

    4.    **Objections:** Each Interrogatory shall be responded to fully, unless it is objected to in good faith. In that case, the reason(s) for the objection shall be stated in writing and with particularity. If an objection is to only a portion of the Interrogatory, state the objection as to that portion only and respond to any portion of the Interrogatory to which YOU do not object.

    (a)    If YOU claim any ambiguity in interpreting the Interrogatory or any of the applicable Instructions or Definitions, such claim shall not be used as a basis for refusing to respond to the Interrogatory. In any such circumstance, YOU should set forth as part of YOUR response the language claimed to be ambiguous and the interpretation chosen or used by YOU in responding to

the Interrogatory and YOU shall respond as fully as possible notwithstanding any claimed ambiguity or objection.

(b) If YOU object to the Interrogatory on the ground that it is overly broad, YOU are instructed to provide a response as narrowed to conform to YOU objection and to state in YOUR response: (1) how YOU narrowed the Interrogatory; and (2) all reason(s) why YOU claim the Interrogatory is overly broad.

5. **Privilege Log:** If any information called for by these Interrogatories is withheld under a claim of privilege or is not responded to for whatever reason, you are requested at the time of responding to these Interrogatories to separately state in writing and with specificity for any such information withheld (a) the claim of privilege or other reason asserted for withholding such information; and (b) all information supporting the claim of privilege or other reason for withholding asserted as to such information, including, without limitation, the type or nature of the response for which a privilege is claimed, all in a manner sufficient to allow each response to be described to the Court in order for the Court to rule on the validity of the claim of privilege or other reason asserted for withholding your response. You are further requested to provide all requested information that is not subject to a claim of privilege or other reasons for nonresponse by excising or otherwise protecting the portion of such response for which a privilege is asserted and responding to the remainder of the interrogatory.

6. **Continuing Obligation**: These interrogatories are to be considered continuing in nature, and you must promptly furnish supplemental responses if any additional information is discovered or created after your responses are tendered, or if any of your responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

## INTERROGATORIES

**INTERROGATORY NO. 4:**

For the period since June 1, 2008, identify Google's current and former officers, directors, managers, employees, and consultants with responsibility for or knowledge of:

a) Google's Incognito mode, including its purposes and functions, the development, 2008 launch, and any subsequent changes to Incognito mode, and the creation of and any modification to Google's representations regarding Incognito mode;

b) Google's creation of and any modification to Google's privacy policies and representations regarding private browsing, including the Google representations identified in paragraph 42 of the First Amended Complaint, and including the representations about private browsing added to Google's Privacy Policy on May 25, 2018 (Ex. 8 to the Schaprio Declaration in Support of Google's Motion to Dismiss the FAC).

c) Google's collection of and use of data in connection with users' activity while in a private browsing mode, including with respect to Google cookies, Google Analytics, Google Ad Manager, GStatic, Approved Pixels, and any Google products or services that collect and use such data, and Google's disclosures to websites and publishers concerning Google's collection of data of users in private browsing mode;

d) Google's creation and use of profiles or other aggregated data with data collected in connection with users' activity while in a private browsing mode;

e) Google's interactions with regulators, including in connection with the 2011 FTC consent decree and the subsequent 2012 and 2019 FTC settlements;

f) Google's compliance with the California Consumer Privacy Act, Europe's General Data Privacy Regulation, and similar legislation.

Dated: February 26, 2021        **BOIES SCHILLER FLEXNER LLP**

By: _____
      Mark C. Mao

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104

6

PLAINTIFFS' INTERROGATORIES TO DEFENDANT GOOGLE LLC, SET TWO CASE NO.: 5:20-CV-03664-LHK

|   |   |
|---|---|
| 1 | Tel.: (415) 293-6800 |
| 2 | Fax: (415) 293-6899 |
|   | mmao@bsfllp.com |
| 3 | srodriguez@bsfllp.com |
|   | brichardson@bsfllp.com |
| 4 |   |
| 5 | James Lee (admitted *pro hac vice*) |
|   | Rossana Baeza (admitted *pro hac vice*) |
| 6 | **BOIES SCHILLER FLEXNER LLP** |
|   | 100 SE 2nd St., 28th Floor |
| 7 | Miami, FL 33131 |
|   | Tel.: (305) 539-8400 |
| 8 | Fax: (303) 539-1307 |
|   | jlee@bsfllp.com |
| 9 | rbaeza@bsfllp.com |
| 10 |   |
|   | Amanda K. Bonn, CA Bar No. 270891 |
| 11 | **SUSMAN GODFREY L.L.P** |
|   | 1900 Avenue of the Stars, Suite 1400 |
| 12 | Los Angeles, CA. 90067 |
|   | Tel: (310) 789-3100 |
| 13 | Fax: (310) 789-3150 |
|   | abonn@susmangodfrey.com |
| 14 |   |
| 15 | William S. Carmody (admitted *pro hac vice*) |
|   | Shawn Rabin (admitted *pro hac vice*) |
| 16 | Steven M. Shepard (admitted *pro hac vice*) |
|   | **SUSMAN GODFREY L.L.P.** |
| 17 | 1301 Avenue of the Americas, 32nd Floor |
|   | New York, NY 10019-6023 |
| 18 | Tel.: (212) 336-8330 |
|   | Fax: (212) 336-8340 |
| 19 | bcarmody@susmangodfrey.com |
| 20 | srabin@susmangodfrey.com |
|   | sshepard@susmangodfrey.com |
| 21 |   |
| 22 | John A. Yanchunis (admitted *pro hac vice*) |
|   | Ryan J. McGee (admitted *pro hac vice*) |
| 23 | **MORGAN & MORGAN** |
|   | 201 N. Franklin Street, 7th Floor |
| 24 | Tampa, FL 33602 |
|   | Tel.: (813) 223-5505 |
| 25 | jyanchunis@forthepeople.com |
|   | rmcgee@forthepeople.com |
| 26 |   |
| 27 | *Attorneys for Plaintiffs* |
| 28 |   |

# PROOF OF SERVICE

I, Vicky L. Ayala, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, CA. I am over the age of 18 and not a party to the within action; my business address is 44 Montgomery St., 41st Floor, San Francisco, CA 94104.

On February 26, 2021, I served the following document(s) described as:

**PLAINTIFFS' INTERROGATORIES TO DEFENDANT GOOGLE LLC, SET TWO**

☐ **BY FACSIMILE TRANSMISSION**: As follows: The papers have been transmitted to a facsimile machine by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document which he or she has filed in the cause and served on the party making the service. The copy of the notice or other paper served by facsimile transmission shall bear a notation of the date and place of transmission and the facsimile telephone number to which transmitted or be accompanied by an unsigned copy of the affidavit or certificate of transmission which shall contain the facsimile telephone number to which the notice of other paper was transmitted to the addressee(s).

☐ **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at San Francisco, CA in the ordinary course of business.

☒ **BY ELECTRONIC MAIL TRANSMISSION**: By electronic mail transmission from vayala@bsfllp.com on February 26, 2021, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address(es) listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

Case No. 5:20-cv-03664-LHK

PROOF OF SERVICE

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | Andrew H. Schapiro (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel: 312-705-7400<br>Fax: 312-705-7401<br>andrewschapiro@quinnemanuel.com | *Attorney for Defendant* |
| 5<br>6<br>7<br>8 | Stephen A. Broome<br>Viola Trebicka<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: 213-443-3000<br>Fax: 213-443-3100<br>stephenbroome@quinnemanuel.com<br>violatrebicka@quinnemanuel.com | *Attorneys for Defendant* |
| 9<br>10<br>11<br>12<br>13 | Diane M. Doolittle<br>Thao Thai<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Tel: 650-801-5000<br>Fax: 650-8015100<br>dianedoolittle@quinnemanuel.com<br>thaothai@quinnemanuel.com | *Attorneys for Defendant* |
| 14<br>15<br>16<br>17 | William Burck (*pro hac vice*)<br>Josef Ansorge (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>1300 I Street NW, Suite 900<br>Washington, D.C., 20005<br>Tel: 202-538-8000<br>Fax: 202-538-8100<br>williamburck@quinnemanuel.com<br>josefansorge@quinnemanuel.com | *Attorneys for Defendant* |
| 18<br>19<br>20<br>21 | Jonathan Tse<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: 415-875-6600<br>Fax: 415-875-6700<br>jonathantse@quinnemanuel.com | *Attorney for Defendant* |

22

23    I declare that I am employed in the office of a member of the bar of this court at

24    whose direction the service was made.

25    Executed on February 26, 2021, at San Francisco, CA.

26

27    _____
      Vicky L. Ayala
28
      Case No. 5:20-cv-03664-LHK

PROOF OF SERVICE