1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE CERTAIN GOOGLE EMPLOYEE WITNESSES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

Before the Court is Plaintiffs' Motion to Exclude Certain Google Employee Witnesses. Plaintiffs move under Federal Rule of Civil Procedure 37(c) to exclude four Google current and former employees from testifying at trial: Caitlin Sadowski, Jonathan McPhie, George Levitte, and Steve Ganem. Plaintiffs contend these witnesses were not properly disclosed, that Google lacks substantial justification for failing to properly disclose them, and that Google's failure to disclose them was not harmless. Having considered the parties' papers filed in support of and in opposition to the Motion, and all other matters properly considered by this Court, the Court **GRANTS** the Motion. At trial, Google may not call as a witness: Caitlin Sadowski, Jonathan McPhie, George Levitte, and Steve Ganem.

"Federal Rule of Civil Procedure 26(a)(1) requires a party to identify, without waiting for a discovery request, the identity of all potential witnesses and the purposes for which they may be called. Rule 26(e)(1) further provides that a party has a duty to supplement its earlier disclosures when they are incorrect or incomplete." *Rodman v. Safeway, Inc.*, 2015 WL 5315940, at *2 (N.D. Cal. Sept. 11, 2015). The same duty to supplement applies to interrogatory responses. Fed. R. Civ. P. 26(e)(1).

The Court agrees with Plaintiffs that Google did not properly disclose these witnesses. Two of them (Sadowski and McPhie) were not disclosed under Rule 26(a) until August 17, 2023—over three years after the case was filed and over a year after the close of fact discovery. The other two witnesses (Ganem and Levitte) were disclosed under Rule 26(a) near the close of fact discovery, but that was too late. "By waiting until the close to discovery to disclose witnesses defendant should have identified much earlier, defendant's disclosure was not timely." *Markson v. CRST Int'l, Inc.*, 2021 WL 5969519, at *3 (C.D. Cal. Nov. 23, 2021). "[D]isclosures of witnesses must be made sufficiently in advance of the close of discovery for the party-opponent to have a reasonable opportunity to pursue discovery of these witnesses." *Id.* at *2. Google also violated its disclosure obligations by failing to identify all four witnesses in response to Plaintiffs' Interrogatory No. 4, which asked Google to identify employees with "knowledge of" "Incognito mode," Google's "privacy policies," and Google's collection of data by way of "Google Analytics" and "Google Ad Manager." Mot. Ex. 3 at

5-6; Ex. 4. Google omitted all four employees from its initial response to that interrogatory, and Google again omitted them from a supplemental response. Google never amended that response to include any of these employees. Google thus violated both Rule 26(a) and Rule 26(e) (at a minimum).

Federal Rule of Civil Procedure 37(c)(1) "gives teeth to [the disclosure requirements] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Trulove v. D'Amico*, 2018 WL 1090248, at *2 (N.D. Cal. Feb. 27, 2018) (Gonzalez Rogers, J.) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The sanction of exclusion is 'self-executing' and 'automatic,'" and "the burden is on the party facing the sanction to demonstrate that the failure to comply . . . is substantially justified or harmless." *Truelove*, 2018 WL 1090248, at *2 (quoting *Yeti by Molly*, 259 F.3d at 1106).

The Court agrees with Plaintiffs that Google lacks substantial justification for failing to properly disclose these employees. Google "has made no showing it could not have discovered these witnesses (its employees) earlier." *Markson,* 2021 WL 5969519, at *4.

The Court also agrees with Plaintiffs that Google's failure to disclose these employees was not harmless. Because they were not properly disclosed, none of these employees became document custodians, which puts Plaintiffs at a disadvantage for cross examining them at trial. This outcome does not comport with the "theory of disclosure under the Federal Rules," which is to enable parties to "conduct discovery of what [adverse] witnesses would say on relevant issues, which in turn informs the party's judgment about which witnesses it may want to call at trial, either to controvert testimony or to put it in context." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014).

**IT IS SO ORDERED.**

DATED: _____    _____
HON. YVONNE GONZALEZ ROGERS
United States District Judge