# PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR LEAVE TO FILE AN EXTRA DAUBERT MOTION AFTER THE DEADLINE FOR DAUBERT MOTIONS

# Redacted Version of Document Sought to be Sealed

**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No.
238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>                    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br>                    Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR LEAVE TO FILE AN EXTRA *DAUBERT* MOTION AFTER THE DEADLINE FOR *DAUBERT* MOTIONS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Trial Date: November 6, 2023 |

## I.     INTRODUCTION

On June 20, 2023, Plaintiffs' technical expert Jonathan Hochman served a 19-page supplemental report to address evidence that only came to light during the second round of discovery sanctions, which concluded in March 2023. As Mr. Hochman explains:

> I am not offering any new opinions in this report. The purpose of this report is to explain how the new information Google provided further substantiates several opinions I already offered in my April 15, 2022 opening report and my June 7, 2022 rebuttal and supplemental report.

Ex. 1 ¶ 3. His report primarily addresses two categories of information: a new private browsing detection bit, and ▮ additional logs that contain such bits. Google cannot (and does not) take issue with Mr. Hochman serving a supplemental report to address this material. Google instead seeks leave to file an extra *Daubert* motion against a portion of the supplemental report.

Leave should be denied for three independent reasons. *First*, having used up its allotted three *Daubert*s, Google lacks good cause to file a fourth. The timing of Mr. Hochman's supplement was driven by Google's discovery misconduct. To grant leave would reward that misconduct with an extra *Daubert*. *Second*, Google missed the agreed upon August 24 deadline for *Daubert* motions. Google received Mr. Hochman's supplemental report in June—yet offers no excuse for its failure to meet the parties' agreed deadline. *Third*, the proposed *Daubert* motion is meritless. Google's motion for leave mischaracterizes the report, ignoring Mr. Hochman's technical analysis of the new evidence. Google focuses entirely on a small portion where Mr. Hochman addresses Google's investigation into its private browsing detection bits and explains how Google could have done more. But that analysis is relevant and proper expert testimony. Where a party has been sanctioned and the jury is permitted to draw an adverse inference, expert testimony can "help[] the jury decide whether to draw an adverse inference—as it was instructed it could do." *GN Netcom, Inc. v. Plantronics,* 930 F.3d 76, 86 (3d Cir. 2019). Mr. Hochman's opinions are "probative of whether evidence contained [in the withheld logs] would have been unfavorable" to Google. *Zucchella v. Olympusat, Inc.*, 2023 WL 2628107, at *8 (C.D. Cal. Jan. 10, 2023) (case Google cited). The opinions are also relevant to Plaintiffs' prayer for injunctive relief, and the Court should rely on them in evaluating and crafting the injunctive relief.

## II.   ARGUMENT

### A.   Google's Sanctioned Discovery Misconduct Should Not Be Rewarded.

Google cannot demonstrate good cause to file a fourth *Daubert* motion against the supplemental Hochman report because Google's discovery misconduct is what prompted the need for the supplemental report. The new report addresses material that only came to light during the second sanctions proceedings. As explained in Magistrate Judge van Keulen's March 20, 2023 order sanctioning Google (for the second time): "Google's untimely disclosure of ███ New Logs shows that the discovery violations addressed in the May [20]22 Sanctions Order were far more extensive, and thus more prejudicial, than was then known." Dkt. 898 at 9. That sanctions order followed the initial May 2022 sanctions order, where Magistrate Judge van Keulen found that "Google's unjustified failure to provide information regarding the Incognito detection bits during discovery was improper and constitutes discovery misconduct." Dkt. 588-1 at 29.

To allow Google an extra *Daubert* motion would reward Google for that "discovery misconduct." If Google had complied with its discovery obligations, Mr. Hochman would have addressed the evidence in his earlier reports, and Google would have needed to decide whether to use a *Daubert* against him. As Mr. Hochman explains, "Had I known about this information when I prepared those reports, I would have relied on it in further support of the opinions offered." Ex. 1 ¶ 3. Granting this motion would put Google in a better position than it would have been if Google had complied. Not surprisingly, *none* of Google's cases address a scenario like this one, where the moving party is seeking leave to unwind its own misconduct.[1]

---

[1] In two of Google's cases, there was an already pending *Daubert* motion against the expert who submitted the new report (unlike here), and the moving party sought leave to explain why the new report was subject to exclusion. *See Image Processing Techs., LLC v. Samsung Elecs. Co.*, 2020 WL 2395928, at *2 (E.D. Tex. May 12, 2020) ("Samsung argues that these updated opinions should be struck for reasons provided in their Prior Motion to Strike."); *Miller v. Glaxosmithkline*, 2007 WL 1662778, at *3 (N.D. Okla. June 5, 2007) ("Defendant will be allowed to supplement its *Daubert* motions . . . ."). *Senne v. Kansas City Royals Baseball Corp.*, 591 F. Supp. 3d 453, 477 (N.D. Cal. 2022) addressed an "inadvertent" failure to comply with the court's Standing Order. Finally, *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 1997 WL 38112, at *2 (D. Kan. Jan. 24, 1997) is inapposite because that case addressed a request for a hearing under Federal Rule of Evidence 104(a), which is not at issue here.

**B.       Google Missed the Deadline for *Daubert* Motions, Without Any Excuse.**

Even if Google had good cause to file an extra *Daubert*, the motion for leave should be denied because Google missed the agreed upon August 24 deadline for *Daubert* motions. That agreement was memorialized in the July 17 CMC Statement (a month after Mr. Hochman served the report). Dkt. 960.[2] This Court acknowledged the parties' schedule at the August 3 conference. Tr. at 4:15-21. Plaintiffs complied with that deadline and filed their *Daubert* motion on August 24. Dkt. 976. But Google did not even mention its desire to seek another *Daubert* until after August 24, and Google waited until September 1 to file its motion for leave—over a week late. That delay should not be excused. "[A] scheduling order may be modified only for good cause and with the judge's consent. In order to determine whether good cause exists, courts primarily consider the diligence of the party seeking the modification." *Brilliant Instruments, Inc. v. Guidetech*, 2011 WL 1628017, at *2 (N.D. Cal. Apr. 29, 2011). Google's motion for leave does not even explain why it waited until after the stipulated deadline, let alone prove diligence.

The two-month gap between Google's receipt of the supplemental Hochman report and Google's motion for leave undermines any claim that Google acted diligently. *See Brilliant*, 2011 WL 1628017, at *2 (denying leave to file late *Daubert* motion where the moving party "was served with [the] expert report on January 28," and missed an April 1 deadline for filing *Daubert*s); *Vomund v. Signor Trucking, Inc.*, 2009 WL 1562835, at *2 (D. Neb. May 28, 2009) (denying leave to file late *Daubert* motion where the deadline was February 26, and the moving party "ha[d] been aware of the [] issue" "since, at the latest, February 6").

Google's argument that Plaintiffs "excessively delayed in filing" Mr. Hochman's supplemental report is both factually incorrect and legally irrelevant. Mot. at 3. The report does not exclusively "pertain[] to evidence that Google produced in December 2022 and June 2022." Mot. at 2. The report also addresses material that Google provided in 2023. Ex. 1 ¶ 39. More

---

[2] The Case Management Statement has a section addressing deadlines for "*Daubert* Motions." Dkt. 960 at 5. August 24 is listed as the deadline for "Plaintiffs' Motions." *Id.* The CMC Statement singled out "Plaintiffs" because Google already used up its three *Daubert* motions, and Google at no point stated that it would seek to file an additional *Daubert* motion.

1   fundamentally, Google cannot credibly blame Mr. Hochman for submitting the report "far after

2   the close of expert discovery." Mot. at 1. The timing was driven by Google's misconduct. In any

3   event, the only question for this motion is whether *Google* was diligent, so that its failure to meet

4   the deadline should be excused. "To show good cause a party must show the scheduling deadlines

5   could not be met, despite the *moving party's* diligent efforts." *HRH LLC v. Teton Cnty*, 2021 WL

6   8999321, at *2 (D. Wyo. Feb. 18, 2021) (emphasis added) (denying leave file late *Daubert*).

7   Google has not been diligent, so leave should be denied.

8         **C.**    **Google's Proposed *Daubert* Motion Is Meritless.**

9         Finally, leave should also be denied because the proposed *Daubert* motion should fail.

10  Google's motion for leave paints a misleading picture of the supplemental report (without even

11  attaching it). *See* Ex. 1 (attached here). The report is not "largely improper attorney argument

12  about Google's alleged failures in the discovery process." Mot. at 1. Rather, Mr. Hochman

13  assesses, among other topics: (1) how the newly disclosed ██████████ bit "is different

14  from the ██ previously disclosed Incognito detection bits"; (2) how "the revelation of yet

15  another detection bit is further proof that Google intercepts, stores, and uses private browsing

16  data"; (3) how "[t]he newly disclosed ██ logs support my opinions about how private browsing

17  data is identifying," particularly because "Google stores private browsing data in the same log as

18  regular browsing data"; (4) how "[t]he newly disclosed ██ logs also support my opinions about

19  how Google uses private browsing data to enrich itself"; and (5) how "these ██ logs, and the uses

20  of the data which they reveal, provide additional pathways for the Court to fashion injunctive

21  relief, should the Court choose to do." Ex. 1 ¶¶ 13, 23, 43, 47, 49. Google's motion for leave

22  does not even mention these technical opinions, let alone argue they are improper.

23        Google instead focuses on a small portion of the report, where Mr. Hochman explains

24  how Google "could have conducted" a more "comprehensive investigation" into private

25  browsing detection bits through a "variety of ways." Ex. 1 ¶ 39. Google argues "[t]here is no

26  need to relitigate these issues and explain the foundational facts to the jury on an issue the Court

27  has already decided." Mot. at 2 (citation omitted). As a threshold matter, that argument implicitly

28

concedes that an adverse-inference jury instruction remains appropriate. If Google's position is that "the Court has already decided" the sanctions issues, then Google should not challenge Magistrate Judge van Keulen's recommended jury instruction.

In any event, Google misunderstands the relevance of Mr. Hochman's opinions. His discussion of Google's investigation into private browsing detection bits is "highly probative of whether the jury should adopt the permissive adverse inference" that Judge van Keulen recommended. *Plantronics,* 930 F.3d at 85. *Plantronics* is squarely on point. The trial court found spoliation and ordered an adverse-inference jury instruction, but excluded expert testimony addressing the spoliation. The Third Circuit reversed and ordered a new trial, holding the court "abused its discretion in excluding [] expert testimony regarding Plantronics' spoliation," which was "undoubtedly relevant." *Id.* at 85-86. The "proposed testimony would have tended to show that the scope of [the] spoliation was more significant than Plantronics had represented, thereby helping the jury decide whether to draw an adverse inference—as it was instructed it could do." *Id.* Mr. Hochman's opinions are relevant for the same reasons. Magistrate Judge van Keulen recommended a permissive adverse-inference instruction: "The jury *may* infer from Google's failure to disclose these data sources that they are not helpful to Google." Dkt. 898 at 13. The jury will decide for itself whether to draw that inference, and Mr. Hochman's analysis will "help[] provide the jury with a fuller picture." *Plantronics*, 930 F.3d at 86. Only one of Google's cases addresses expert testimony related to discovery misconduct, and that case supports Plaintiffs. *See Zucchella*, 2023 WL 2628107, at *8. Mr. Hochman's testimony is "probative of whether evidence contained [in the logs] would have been unfavorable" to Google. *Id.*[3]

## III.    CONCLUSION

Plaintiffs respectfully ask the Court to deny Google's untimely motion for leave.

---

[3] The other cases turned on forms of expert testimony not at issue here. *See Nationwide Transport v. Cass Info. Sys.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (expert offered a legal opinion "apply[ing] the UCC to the facts of this case"); *DePaepe v. General Motors*, 141 F.3d 715, 720 (7th Cir. 1998) (expert opined that the defendant "had a particular motive"). And *United States v. Bacon*, 979 F.3d 766, 769 (9th Cir. 2020) simply addressed how the Court of Appeals may remedy erroneous *Daubert* rulings.

Dated: September 5, 2023

By */s/ Mark Mao*
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com

Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (*pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Alison Anderson (CA Bar No. 275334)
aanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S Figueroa Street
31st Floor
Los Angeles, CA 90017
Telephone: (213) 995-5720

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com

6

Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
Ryan Sila (*pro hac vice*)
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
mram@forthepeople.com
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*