**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660
rachaelmccracken@quinneamanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice)*
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, individually and on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF JOSEPH H. MARGOLIES IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER GOOGLE'S MATERIAL SHOULD BE SEALED (DKT. 991)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

I, Joseph H. Margolies, declare as follows:

1. I am an attorney with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I am making this declaration pursuant to Civil Local Rule 79-5(e)–(f) as an attorney for Google as the Designating Party, pursuant to Civil Local Rule 79-5(f)(3) in response to Dkt. 991.

2. On September 5, 2023, Plaintiffs filed their Administrative Motion to Consider Whether Google's Material Should be Sealed regarding Plaintiffs' Notice of Motion and Motion to Exclude Certain Google Employee Witnesses (Dkt. 992) ("Motion"). On September 8, 2023, I received unredacted service copies of the document sought to be sealed.

3. I have reviewed the documents that Plaintiffs seek to file under seal pursuant to Civil Local Rule 79-5(f). Based on my review, there are compelling reasons (and, by extension, good cause) to seal the following:

| Document(s) to be Sealed | Basis for Sealing |
|---|---|
| Plaintiffs' Notice of Motion and Motion to Exclude Certain Google Employee Witnesses<br><br>Page 7:2<br><br>Google joins Plaintiffs' motion to seal in PART with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including Google's internal detection bits, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Exhibit 1 to Frawley Declaration – Combined Witness List<br><br>Pages 14:16 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including Google's internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary |

| | | |
|---|---|---|
| 1-7 | Google joins Plaintiffs' motion to seal in PART with respect to this document. | information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| 8-18 | Exhibit 9 to Frawley Declaration – Combined Witness List<br><br>Pages 14:16<br><br>Google joins Plaintiffs' motion to seal in PART with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including Google's internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

4. Google's request is narrowly tailored in order to protect its confidential information. These redactions are limited in scope and volume. Because the proposed redactions are narrowly tailored and limited to portions containing Google's highly confidential or confidential information, Google requests that the portions of the aforementioned documents be redacted from any public version of those documents.

5. Google does not seek to redact or file under seal any portions of Plaintiffs' Motion not indicated in the table above.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in Bayside, Wisconsin on September 14, 2023.

1
2
3   By  /s/ Joseph H. Margolies
        Joseph H. Margolies
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28