# EXHIBIT 4

# Unredacted

CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

CHASOM BROWN, MARIA NGUYEN,
WILLIAM BYATT, JEREMY DAVIS,
and CHRISTOPHER CASTILLO,
individually and on behalf of all other
similarly situated,

    Plaintiffs,

v.

GOOGLE LLC,

    Defendant.

Case No. 5:20-cv-03664-LHK

**DEFENDANT'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' INTERROGATORIES, SET 2 (NO. 4)**

Pursuant to Federal Rule of Civil Procedure 33, Defendant Google LLC ("Google") hereby responds and objects to Plaintiffs' Interrogatories, Set 2 (No. 4). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change. Google reserves all rights to supplement and amend its objections and responses accordingly.

**GENERAL OBJECTIONS**

The following objections apply to each and every interrogatory propounded by Plaintiffs and are incorporated into each of the specific objections by reference as if set forth fully therein:

1. Google objects to Plaintiffs' interrogatories as compound and including at least six sub-parts, which counts against the 25 interrogatory per party limit under Federal Rule of Civil Procedure 33(a)(1). Because Plaintiffs' First Set of Interrogatories (Nos. 1-3) included at least 21 sub-parts, Plaintiffs have now surpassed this limit and not entitled to serve further interrogatories absent leave of Court.

**CONFIDENTIAL**

2.        Google objects to Plaintiffs' definition of "GOOGLE," "YOU," and "YOUR" as encompassing "any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees, employees, attorneys and any other persons acting on GOOGLE LLC'S behalf, including contractors," as well as "purporting to act on" Google's behalf. Google further objects to these definitions to the extent that it seeks to require Google to produce or otherwise analyze any document or other information that is not within the possession, custody, or control of Google. Google further objects to these definitions to the extent that it purports to impute knowledge of unspecified or unknown parties or persons to Google. Google further objects to these definitions as overly broad, vague, and ambiguous to the extent they purport to include entities other than Google, which is the only named defendant in the present action. Google further objects to these definitions and instruction to the extent that they include Google's attorneys and, therefore, cause interrogatories using "Google" to improperly seek information protected by the attorney-client privilege, the work product doctrine, the common interest privilege and/or any other applicable privileges or immunities.

3.        Google objects to Plaintiffs' definition of "PERSON" or "PERSONS" as overly broad and unduly burdensome in that it purports to include "firm, association, organization, partnership, business, trust, corporation, or public entity."

4.        Google objects to the definition of "X-CLIENT DATA HEADER" as a "unique digital string of characters as described in paragraphs 94 to 95 of the First Amended Complaint." Paragraph 95 alleges that "Google's Chrome browser *identifies every device* upon installation of Chrome with a *unique digital string of characters* called Google's 'X-Client-Data Header,' such that *Google uniquely identifies the device and user thereafter*" (emphasis added). Plaintiffs' definition and allegations about the X-Client Data Header are factually incorrect. The X-Client Data Header is neither "a unique digital string of characters," nor does it "uniquely identif[y]" a

1  device or user. In its responses below, Google uses the term "X-Client-Data Header" to refer to a
2  string of characters that is randomized based on a number from 0 to 7999 to ensure the header is
3  non-identifying, as described in the publicly available Chrome White Paper (*see*
4  www.google.com/chrome/privacy/whitepaper.html).
5       5.    Google objects to Plaintiffs' definitions of "ALL," "USER," "CONSUMER,"
6  "INCLUDE," "INCLUDING," "CONCERNING," and "RELATING TO" to the extent that they
7  propose to alter the plain meaning or scope of any specific interrogatory and to the extent that such
8  alteration renders the interrogatory vague, ambiguous, and overbroad.
9       6.    Google objects to Plaintiffs' definition of "IDENTIFY" to the extent it seeks
10 information and/or records not in Google's possession, custody, or control.
11      7.    Google objects to Plaintiffs' Definitions, Instructions, and interrogatories to the
12 extent they seek information and/or records that are not reasonably accessible and whose inclusion
13 is not proportional to the needs of the case.
14      8.    Google objects to the Requests to the extent that they seek information shielded
15 from disclosure by the attorney-client privilege, the work-product doctrine, the settlement privilege
16 and/or any other applicable privilege or protection from discovery.
17      9.    Google objects to Plaintiffs' Definitions, Instructions, and interrogatories to the
18 extent they conflict with or encompass information and/or records falling outside the scope of
19 discovery under the Federal Rules of Civil Procedure, the local rules of the Northern District of
20 California, or any discovery orders governing this case.
21      10.    Google's responses to these interrogatories are hereby made without waiving or
22 intending to waive, but rather, to the contrary, by preserving and intending to preserve:

     a.    All questions as to the competence, relevance, proportionality, materiality, and
admissibility as evidence for any purpose of the information or documents, or

       the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

    b. The right to object on any ground to the use of any such information or documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

    c. The right to object at any time in connection with any further response to this or any other request for information or production of documents; and

    d. The right at any time to supplement its responses.

11. In offering to produce various types of documents, information, or things, Google makes no representation that any such documents, information, or things exist or are actually known (or not known) to exist.

12. Google anticipates that future discovery, independent investigation, or analysis will supply additional facts and add meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses set forth herein. Google reserves the right to modify, supplement, withdraw, or otherwise alter its responses to these interrogatories in accordance with the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any discovery orders governing this case.

13. Google objects to Plaintiffs' proposed time period, which is overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks information from eight (8) years prior to the start of proposed class period without any justification.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Subject to the foregoing objections, Google objects and responds to Plaintiffs' interrogatories as follows:

**INTERROGATORY NO. 4:**

Google incorporates its objections to Plaintiffs' definitions and instructions as if set forth fully herein. Google further objects to this interrogatory as it contains six (6) discrete sub-parts, which count against the 25 per party limit under Federal Rule of Civil Procedure ("Rule") 33(a)(1). Google further objects and responds to each of the subparts as follows:

**Sub-part (a):**

Google objects to this sub-part as overly broad and unduly burdensome because it seeks information "[f]or the period since June 1, 2008," which is eight years before the beginning of the proposed class period. (Dkt. 68 at ¶ 192.) Google also objects to this sub-part as overly broad and unduly burdensome to the extent it seeks information regarding Google's former employees. Google further objects to this sub-part as vague, ambiguous, and overbroad as to the meaning of the undefined phrase "representations regarding Incognito mode." For purposes of its response, Google will interpret "representations regarding Incognito mode" to mean public-facing statements by Google regarding Chrome's Incognito mode, such as the Incognito new tab page excerpted in paragraph 52 of Plaintiffs' First Amended Complaint. (*See* Dkt. 68 ¶ 52.) Subject to the foregoing general and specific objections, and based on its investigation to date, Google responds as follows:

Google has already produced documents sufficient to identify current Google personnel with responsibility for the relevant conduct relating to Google Chrome, Google Analytics, and Google Ad Manager (Plaintiffs' Request No. 11) and documents sufficient to show the roles of current Google personnel with responsibility for the relevant conduct relating to Google Chrome, Google Analytics, and Google Ad Manager (Request No. 12). In addition, Google identifies the following employees as individuals who have relevant, non-duplicative knowledge regarding one or more of the following topics: Incognito mode, including its purposes and functions, the development, 2008 launch, and any subsequent changes to Incognito mode, and the creation of and any modification to Google's public-facing statements regarding Chrome's Incognito mode:

AbdelKarim Mardini

Sabine Borsay

**CONFIDENTIAL**

1     Alexei Svitkine

2 **Sub-part (b):**

3     Google objects to this sub-part as overly broad and unduly burdensome because it seeks information "[f]or the period since June 1, 2008," which is eight years before the beginning of the proposed class period. (Dkt. 68 at ¶ 192.) Google also objects to this sub-part as overly broad and unduly burdensome to the extent it seeks information regarding Google's former employees. Google further objects to this sub-part as vague, ambiguous, and overbroad as to the meaning of the undefined phrase "representations regarding private browsing." Google will assume for purposes of this response that "representations regarding private browsing" means public-facing statements by Google regarding private browsing modes on browsers other than Chrome, such as the Search & browse privately page referenced in footnote 10 of Plaintiffs' First Amended Complaint. (*See* Dkt. 68 ¶ 47 n.10.) Subject to the foregoing general and specific objections, and based on its investigation to date, Google responds as follows:

    Google has already produced documents sufficient to identify current Google personnel with responsibility for the relevant conduct relating to Google Chrome, Google Analytics, and Google Ad Manager (Plaintiffs' Request No. 11) and documents sufficient to show the roles of current Google personnel with responsibility for the relevant conduct relating to Google Chrome, Google Analytics, and Google Ad Manager (Request No. 12). In addition, Google identifies the following employees as individuals who have relevant, non-duplicative knowledge regarding one or more of the following topics: Google's creation of and modifications to Google's privacy policies and representations regarding private browsing:

    Greg Fair

**Sub-part (c):**

    Google objects to this sub-part as overly broad and unduly burdensome because it seeks information "[f]or the period since June 1, 2008," which is eight years before the beginning of the proposed class period. (Dkt. 68 at ¶ 192.) Google also objects to this sub-part as overly broad and unduly burdensome to the extent it seeks information regarding Google's former employees. Google further objects to sub-part (c) as overly broad and unduly burdensome to the extent it seeks

information regarding GStatic and Approved Pixels, which are not relevant to any claims or defenses in this action. Google further objects to this sub-part as vague, ambiguous, and overbroad as to the meaning of the undefined phrase "collection of and use of data in connection with users' activity while in a private browsing mode." Google will assume for purposes of this response that "collection of and use of data in connection with users' activity while in a private browsing mode" means data generated when users visited a third-party website that used Google Analytics or Ad Manager while in private browsing and while not logged in to their Google Account, as that is the data at issue in this action. (*See* Dkt. 68 ¶ 192). Subject to the foregoing general and specific objections, and based on its investigation to date, Google responds as follows:

Google has already produced documents sufficient to identify current Google personnel with responsibility for the relevant conduct relating to Google Chrome, Google Analytics, and Google Ad Manager (Plaintiffs' Request No. 11) and documents sufficient to show the roles of current Google personnel with responsibility for the relevant conduct relating to Google Chrome, Google Analytics, and Google Ad Manager (Request No. 12). In addition, Google identifies the following employees as individuals who have relevant, non-duplicative knowledge regarding one or more of the following topics: the data Google Analytics and Google Ad Manager receive while users are in private browsing mode, and Google's disclosures to websites and publishers related to the same:

- Glenn Berntson
- Deepti Bhatnager
- Sabine Borsay
- AbdelKarim Mardini
- Dan Stone
- Alexei Svitkine
- Keith Wright

**Sub-part (d):**

Google objects to this sub-part as overly broad and unduly burdensome because it seeks information "[f]or the period since June 1, 2008," which is eight years before the beginning of the

proposed class period. (Dkt. 68 at ¶ 192.) Google also objects to this sub-part to the extent it seeks information about receipt of data from browsing in a private browsing mode in non-Google browsers that Google did not design, does not operate, and for which Google does not possess non-public information. Google also objects to this sub-part as overly broad and unduly burdensome to the extent it seeks information regarding Google's former employees. Google further objects to this sub-part as vague, ambiguous, and overbroad as to the meaning of the undefined phrase "profiles or other aggregated data." Google will assume for purposes of this response that "profiles or other aggregated data" means data from separate web browsing sessions and tied to the same authenticated or pseudonymous ID. Subject to the foregoing general and specific objections, and based on its investigation to date, Google responds as follows:

Google does not collect or use information collected from logged-out users in private browsing mode to build or enhance "profiles" of individual users. In Chrome's Incognito mode, as the Chrome Privacy Notice explains, subject to user's cookie elections in settings, cookies may be deposited on the user's browser during an Incognito session, but after the Incognito session is closed by the user, these cookies are deleted. As such, cookies are only set and stored in Chrome, and read by websites, while the user has an Incognito session open. Cookies from Chrome Incognito browsing are deleted after closing the Chrome Incognito session. At this point, any data associated with the Incognito session cookies on Google's servers is stale and will not be used because the cookie values no longer exist on the Chrome browser.

**Sub-part (e):**

Google objects to this sub-part as overly broad and unduly burdensome because it seeks information "[f]or the period since June 1, 2008," which is eight years before the beginning of the proposed class period. (Dkt. 68 at ¶ 192.) Google further objects to this request as vague and ambiguous as to the meaning of the term "regulators," which is neither self-evident nor defined. For the purposes of responding to this request, Google adopts the portion of the defined term "Regulators" as set forth in Definition No. 9 of Plaintiffs' First Set of Requests for Production of Documents (Nos. 1-19), which defined "Regulators" as "all government agencies and regulators that have requested documents or information from Google and/or initiated any investigation or

1  action concerning Google's data collection practices and disclosures," including the Department
2  of Justice, the Federal Trade Commission, the Arizona Attorney General, the Texas Attorney
3  General, the California Attorney General, the Australian Competition & Consumer Commission,
4  and the Commission Nationale de l'Informatique et des Libertés. However, even this clarification
5  does not lessen the burden in responding to this request as the term is overbroad, including because
6  it seeks information related to non-U.S. regulators. Google further objects to this sub-part as overly
7  broad and unduly burdensome because it seeks information concerning all of Google's
8  "interactions with regulators" with no nexus to any claims or defenses in this action. Google also
9  objects to this sub-part as overly broad and unduly burdensome to the extent it seeks information
10 regarding Google's former employees. Google further objects to this sub-part as vague,
11 ambiguous, and overbroad as to the meaning of the undefined phrase "interactions with
12 regulators." Google further objects to this sub-part because, in light of the 21 sub-parts propounded
13 in Plaintiffs' First Set Interrogatories (Nos. 1-3), they exceed the 25 interrogatory per party limit
14 under Rule 33(a)(1). For these reasons, Google will not provide a response to this request.

**Sub-part (f):**

Google objects to this sub-part as overly broad and unduly burdensome because it seeks information "[f]or the period since June 1, 2008," which is eight years before the beginning of the proposed class period. (Dkt. 68 at ¶ 192.) Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and encompasses matters, including statutes and unspecified "similar legislation", that are broad and have no stated bearing on Plaintiffs' allegations in this litigation. Google further objects to this request to the extent it seeks documents related to non-U.S. matters. Google also objects to this sub-part as overly broad and unduly burdensome because it seeks information regarding compliance with statutes and "similar legislation" under which Plaintiffs have not asserted claims. Google also objects to this sub-part as overly broad and unduly burdensome to the extent it seeks information regarding Google's former employees. Google further objects to this sub-part as vague, ambiguous, and overbroad as to the meaning of the undefined phrase "similar legislation." Google further objects to this sub-part because, in light of the 21 sub-parts propounded in Plaintiffs' First Set

**CONFIDENTIAL**

1  Interrogatories (Nos. 1-3), they exceed the 25 interrogatory per party limit under Rule 33(a)(1).
2  For these reasons, Google will not provide a response to this request.

3

4  DATED: March 29, 2021                QUINN EMANUEL URQUHART & SULLIVAN, LLP

5                                           By   /s/ *Andrew H. Schapiro*
                                              Andrew H. Schapiro (admitted *pro hac vice*)
6                                             andrewschapiro@quinnemanuel.com
                                              191 N. Wacker Drive, Suite 2700
7                                             Chicago, IL 60606
                                              Telephone: (312) 705-7400
8                                             Fax: (312) 705-7401

9                                             Stephen A. Broome (CA Bar No. 314605)
10                                            sb@quinnemanuel.com
                                              Viola Trebicka (CA Bar No. 269526)
11                                            violatrebicka@quinnemanuel.com
                                              865 S. Figueroa Street, 10th Floor
12                                            Los Angeles, CA 90017
                                              Telephone: (213) 443-3000
13                                            Fax: (213) 443-3100

14
                                              Jomaire A. Crawford (admitted *pro hac vice*)
15                                            jomairecrawford@quinnemanuel.com
                                              51 Madison Avenue, 22nd Floor
16                                            New York, NY 10010
                                              Telephone: (212) 849-7000
17                                            Facsimile: (212) 849-7100

18
                                              Josef Ansorge (admitted *pro hac vice*)
19                                            josefansorge@quinnemanuel.com
                                              1300 I. Street, N.W., Suite 900
20                                            Washington, D.C. 20005
                                              Telephone: 202-538-8000
21                                            Fax: 202-538-8100

22
                                              Jonathan Tse (CA Bar No. 305468)
23                                            jonathantse@quinnemanuel.com
                                              50 California Street, 22nd Floor
24                                            San Francisco, CA 94111
                                              Telephone: (415) 875-6600
25                                            Fax: (415) 875-6700

26                                            Thao Thai (CA Bar No. 324672)
                                              thaothai@quinnemanuel.com
27                                            555 Twin Dolphin Drive, 5th Floor
                                              Redwood Shores, CA 94065
28                                            Telephone: (650) 801-5000
                                              Fax: (650) 801-5100

**CONFIDENTIAL**

*Attorneys for Defendant Google LLC*

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN MATEO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Mateo, State of California. My business address is 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.

On March 29, 2021, I served true copies of the following document(s) described as **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES, SET 2 (NO. 4)** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I transmitted PDF format copies of the document(s) described above to the e-mail addresses on the attached Service List pursuant to the agreement between the parties to serve discovery, in lieu of other service methods, by email under Fed. R. Civ. P. 5(b)(2)(E) (*see* Joint Case Management Statement VIII(E), Docket No. 59). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 29, 2021 at Redwood City, California.

/s/ *Thao Thai*
Thao Thai

1                                                                                             Case No. 5:20-cv-03664-LHK
DEFENDANT'S RESPONSES & OBJECTIONS TO PLAINTIFFS' INTERROGATORIES, SET 2 (NO. 4)

# SERVICE LIST

*Brown v. Google LLC*
*Case No. 5:20-cv-03664-LHK*

*Attorneys for Plaintiffs Chasom Brown et al.* <u>BOIES SCHILLER FLEXNER LLP</u>

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
Antonio Lavalle Ingram, II, CA Bar No. 300528
Alexander Justin Konik, CA Bar No. 299291
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com
aingram@bsfllp.com
akonik@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William S. Carmody (admitted pro hac vice)
Shawn Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander P. Frawley (admitted pro hac vice)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023

|   |   |
|---|---|
| 1 | Tel.: (212) 336-8330 |
| 2 | Fax: (212) 336-8340 |
|   | bcarmody@susmangodfrey.com |
| 3 | srabin@susmangodfrey.com |
|   | sshepard@susmangodfrey.com |
| 4 | afrawley@susmangodfrey.com |

John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Ra Olusegun Amen (admitted pro hac vice)
Jean Sutton Martin (admitted pro hac vice)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
ramen@forthepeople.com
jean@jsmlawoffice.com

*Attorneys for Plaintiffs*