# EXHIBIT 14

# Unredacted

| | |
|---|---|
| **From:** | Viola Trebicka |
| **To:** | Alex Frawley; Aly Olson |
| **Cc:** | Google Team; QE Brown |
| **Subject:** | RE: Brown v. Google: Plaintiffs" Witness List |
| **Date:** | Thursday, August 31, 2023 3:11:30 PM |

**EXTERNAL Email**

Alex – we have not yet received your revised witness list. Please send asap. Happy to discuss how the parties can reach stipulations to admit exhibits in lieu of calling certain witnesses. To prepare for that call, please send as soon as possible the specific testimony and exhibits this would affect. That way we can consider and discuss with our client.

We are considering your request for add'l productions and will respond in short order.

Thank you.

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Freitag, 25. August 2023 4:29
**To:** Viola Trebicka <violatrebicka@quinnemanuel.com>; Aly Olson <alyolson@quinnemanuel.com>
**Cc:** Google Team <GOOGLETEAM@LISTS.SUSMANGODFREY.COM>; QE Brown <qebrown@quinnemanuel.com>
**Subject:** RE: Brown v. Google: Plaintiffs' Witness List

**[EXTERNAL EMAIL from afrawley@susmangodfrey.com]**

Hi Viola,

We disagree with your characterization of our witness list. But we are continuing to evaluate our list and will serve an updated one next week. We also think a call would be helpful, including to discuss how the parties can reach stipulations to admit exhibits in lieu of calling certain witnesses.

We also want to raise a concern about Google's list. The list includes witnesses whom Google never disclosed as fact witnesses and/or who were not document custodians in this case. Ganem and Levitte were only disclosed under Rule 26 near the very end of fact discovery, and Plaintiffs never received a custodial production from them. As for Sadowski and McPhie, Google had not disclosed them as potential fact witnesses until it amended its Rule 26 disclosures on the day it served its witness list, and Plaintiffs never received their custodial productions either.

Please promptly confirm whether Google will produce any additional documents from those four witnesses' custodial files—running all search terms from the beginning of the document production period through the present—within two weeks. We are happy to work with you on

excluding duplicates from any review, to limit the burden of this review and production. Plaintiffs reserve all rights with respect to such witnesses, including without limitation to move to exclude them from testifying at trial on the basis of Google's failure to disclose them.

**Alexander P. Frawley | Susman Godfrey LLP**
1301 Avenue of the Americas, 32nd Floor | New York, NY 10019
212.729.2044 (office) | 917.599.6613 (cell)
afrawley@susmangodfrey.com | www.susmangodfrey.com

---

**From:** Viola Trebicka <violatrebicka@quinnemanuel.com>
**Sent:** Wednesday, August 23, 2023 12:11 AM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; Aly Olson <alyolson@quinnemanuel.com>
**Cc:** Google Team <GOOGLETEAM@LISTS.SUSMANGODFREY.COM>; QE Brown <qebrown@quinnemanuel.com>
**Subject:** RE: Brown v. Google: Plaintiffs' Witness List

==EXTERNAL Email==
Counsel,

The 40-person witness list witness list you sent us on August 17 appears to be an unrealistic and uninformative draft that fails to meet the pre-trial disclosure requirements.  For example, your witness list indicates you plan to elicit almost 17 hours of testimony from your "expect to call" witnesses. This testimony alone is nearly one full court week—and this is assuming we are on the record for five hours a day.  Add to that the opening, closing, our crosses, our direct examination of our witnesses, your examination of our witnesses, and any of your additional 8 hours of "may call" witnesses, which confirms your witness list is clearly not reasonable for what plaintiffs have told the Court is a two-week trial.  It will have to be significantly narrowed.

We served our expected trial witness, consistent with our pre-trial disclosure obligations and expect you to do the same.  We need to know as soon as possible what your actual witness list looks like.  Unless we receive a revised version that meets pre-trial disclosure requirements by the end of the week, we will need to contact the Court for further guidance.  Available to meet and confer on this if necessary.

Viola

---

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Donnerstag, 17. August 2023 5:01
**To:** Aly Olson <alyolson@quinnemanuel.com>
**Cc:** Google Team <GOOGLETEAM@LISTS.SUSMANGODFREY.COM>; QE Brown <qebrown@quinnemanuel.com>
**Subject:** Brown v. Google: Plaintiffs' Witness List

**[EXTERNAL EMAIL from afrawley@susmangodfrey.com]**

Counsel,

Please see Plaintiffs' witness list attached. Plaintiffs reserve the right to make changes.

Best,
Alex

**Alexander P. Frawley | Susman Godfrey LLP**
1301 Avenue of the Americas, 32nd Floor | New York, NY 10019
212.729.2044 (office) | 917.599.6613 (cell)
afrawley@susmangodfrey.com | www.susmangodfrey.com