**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3285

WRITER'S EMAIL ADDRESS
stephenbroome@quinnemanuel.com

September 20, 2023

The Hon. Yvonne Gonzalez Rogers
Oakland Courthouse
Courtroom 1 - 4th Floor
1301 Clay Street
Oakland, CA 94612

Re:   *Brown v. Google LLC*, Case No. 4:20-cv-03664-YGR-SVK;

*Daubert* Motion Regarding Opinions of Jonathan Hochman Pursuant to Dkt. 988.

Dear Judge Gonzalez Rogers:

Pursuant to the Court's Order on Google's Administrative Motion to File *Daubert* Motion to Exclude Certain Opinions of Plaintiffs' Expert Jonathan Hochman (Dkt. 988), Google respectfully submits the enclosed letter brief.

Respectfully submitted,

*/s/ Stephen A. Broome*

Stephen Broome

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

## INTRODUCTION

The Court cautioned Plaintiffs about their "gamesmanship" in "mischaracteriz[ing] the [sanctions] orders." Dkt. 969 (SJ Order) at 14 n. 16. Nevertheless, Plaintiffs belatedly submitted yet another report from their marketing expert, Jonathan Hochman, that does just that. In the guise of "opinions," Hochman's report mischaracterizes the sanctions proceedings and orders and makes erroneous arguments about Google's alleged failures in discovery. Plaintiffs clearly intend to offer these "opinions" to circumvent the limitations Magistrate Judge van Keulen imposed on a potential jury instruction, without regard to this Court's discretion over whether that instruction should even be issued. Hochman's opinions are patently improper and well beyond his "expertise."

The law is clear that Hochman should not be permitted to testify about the sanctions proceedings or the discovery process. Google seeks to exclude his opinions relating to: (i) the sanctions proceeding and orders; (ii) alleged deficiencies in Google's document production and what additional discovery "might have shown"; (iii) speculation about what Google might have found if the Court had ordered Google to conduct searches for Incognito detection bits differently, and (iv) untimely references to a public blog post that existed long before Hochman filed his original report. These opinions—highlighted in blue in Exhibit A—are designed to prejudice the jury against Google. They are neither relevant nor reliable and thus fail Federal Rule of Evidence 702.

## BACKGROUND

On May 20, 2022 and March 20, 2023, following extensive briefing and multiple extended in-person hearings, Judge van Keulen issued orders imposing certain sanctions (the "Orders"), including a permissive jury instruction that may be issued "[i]f in the course of proceedings before the trial judge it is determined that Google's discovery misconduct is relevant to an issue before the jury." Dkt. 898 at 18-19; Dkt. 588. The Court rejected nearly all the relief Plaintiffs sought, including their requested evidentiary preclusions, issue determinations, and terminating sanctions. Dkt. 898 at 10-11. Unsatisfied with the outcome, Plaintiffs belatedly served another Hochman report to rewrite history. His latest report (inaccurately) describes the sanctions proceedings in a manner more to Plaintiffs' liking, criticizes Google's discovery efforts (even those conducted consistent with Court orders), and speculates about what Google *might* have discovered if it hadn't acted "as stupid as possible in [its] search strategy."

## ARGUMENT

<u>Hochman's Opinions Regarding the Court's Sanctions Orders Improperly Circumvent and Misrepresent the Court's Orders and Prejudice Google (Rep. ¶¶ 16, 19, 20, 21, 23, 26, 27, 28, 34, 35, 36, 37, 41, 44, 48, 49)</u>: Hochman repeatedly touts the sanctions proceedings and orders to prejudice the jury. He states, for example, that "Google was twice sanctioned for *concealing* the full scope of these practices," and "Google still refuses to provide complete discovery, such as by conducting a fulsome investigation." Rep. ¶ 49 (emphasis added). This is improper. *First*, Hochman mischaracterizes the sanctions proceedings. The Court did not find that Google "concealed" anything. Nor did it find that Google's investigation was inadequate. *Second*, following extensive briefing and hearings, the Court issued a *limited* set of sanctions to cure the claimed prejudice. That includes a potential jury instruction that the *Court* may issue *if* it determines the instruction is relevant and appropriate. Dkt. 898 at 18. Allowing Hochman free rein to give the jury his (or rather, Plaintiffs') account of the sanctions proceedings and orders would plainly upset the delicate balance the Court struck in curing Plaintiffs' claimed prejudice. And Hochman's "opinions" plainly would not "assist the trier of fact to understand or determine a fact

in issue." *Cooper*, 510 F.3d at 942. *See, e.g.*, *Zucchella v. Olympusat, Inc.*, 2023 WL 2628107, at *8 (C.D. Cal. Jan. 10, 2023) (excluding expert testimony regarding spoliation (for which the court awarded sanctions) because "[t]here is no need to 'explain the foundational facts to the jury' on an issue the Court has already decided.").

Mr. Hochman Improperly Opines on Purported Deficiencies in Google's Document Productions and Speculates About What Further Discovery Might Have Shown (Rep. ¶¶ 19, 20, 21, 34, 37, 38, 39, 41, 44, 48, 49): Hochman improperly opines on the scope and quality of Google's document production. For instance, he claims "surprise" at the purportedly low number of CEO Sundar Pichai's emails that Google produced in accordance with the Court's order. Hochman Rep. ¶ 34. He also speculates that if Google had been required to produce additional discovery, it might have exposed greater private browsing data collection. *Id.* ¶ 41 ("Because of Google's untimely disclosure of these . . . [detection bits] logs, and Google's refusal to conduct a comprehensive investigation, we do not know the full extent of Google's storage and use of private browsing data."). Since Judge van Keulen already decided what sanctions to impose for the issues regarding the detection bits to which Hochman refers, Dkt. 898, he should not be permitted to speculate about what *might* have been discovered. *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2021 WL 4810266, at *16 (S.D.N.Y. Sept. 30, 2021) ("[A]n expert who is qualified as to certain subjects is not . . . permitted to serve as an all-purpose 'color commentator' on the evidence, nor 'interpret' the evidentiary record for the jury outside of the bounds of his expertise."). Speculation is no substitute for facts, and Mr. Hochman has no license to fantasize about "what-ifs" or to serve as a lay "color commentator" on Google's discovery responses.

Mr. Hochman's Additional Speculation and Untimely Contentions Should Also Be Excluded (Rep. ¶¶ 25, 26, 27, 31, 39): Hochman's speculation regarding the purported ease with which Google could have conducted a search for additional logs containing Incognito detection bits should also be excluded as irrelevant, unreliable and unduly prejudicial. These opinions include (i) Hochman's theories about how Google "could have conducted" a better (*i.e.*, less "stupid") search for the bits, *see, e.g.*, Hochman Rep. ¶ 39; (ii) his speculation about how private browsing data could be deleted using a bit he has never analyzed, *see id.* ¶ 31 ("[I]f Google preserved the bit or the underlying signal for the bit, it could be used to isolate and delete private browsing data that Google has already collected and is currently storing."); and (iii) his assertion that a July 2020 Google blog post supports his opinion that Google intercepts "content" of browser transmissions, *see id.* ¶¶ 25, 26. Hochman's "what if" counterfactual opinions are based on speculation about Google's technical capabilities and how data he has not examined might have been used if it still existed. *See United States v. Herrera*, 788 F. Supp. 2d 1026, 1035 (N.D. Cal. 2011) ("An opinion based on unwarranted and unfounded premises and assumptions with no anchor in the actual facts would be pure argument and would call upon the jury to speculate."). And his new assertion that a July 20, 2020 blog post supports his opinions regarding Google's alleged wiretapping is untimely because that public blog post was readily available to Mr. Hochman long before the deadlines for expert discovery closed. *Luke v. Fam. Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009) (experts may supplement "based on information that was *not available at the time of the initial disclosure*." (emphasis added)).

## CONCLUSION

The latest Hochman report is further gamesmanship—an end run around Judge van Kuelen's orders that is a patently improper attempt to prejudice the jury. Google respectfully requests that its *Daubert* motion be granted.