# EXHIBIT 1

# Redacted Version of Document Sought to be Sealed

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO**
**DEFENDANT'S SIXTH SET OF INTERROGATORIES (NO. 17)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs Chasom Brown, William Byatt, Jeremy Davis, Christopher Castillo, and Monique Trujillo ("Plaintiffs") hereby object and respond to Defendant's, Google LLC ("Google"), Sixth Set of Interrogatories (No. 17). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiffs' knowledge, investigations, and analysis to date. Plaintiffs may become aware of additional facts or evidence and their analysis of the case may change. Plaintiffs reserve all rights to supplement and amend their objections and responses accordingly.

**INTERROGATORY NO. 17:**

Identify all facts supporting each cause of action in your Complaint, including by identifying the documents, testimony or other evidence supporting each fact you identify in response to the interrogatory.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 17:**

Plaintiffs object to this interrogatory because it was served on February 8, 2022, and any response would be due March 10, 2022, which is after the current fact discovery cut-off of March

(emphasis added).  And California law equally prohibits Google from attempting to use illegally wiretapped data.  Cal. Pen. Code § 631(a).  California law applies to all Plaintiffs and Class Members, since Google's own Terms of Service explicitly states "California law will govern all disputes arising out of or relating to these terms, service specific additional terms, or any related services, regardless of conflict of laws rules.  These disputes will be resolved exclusively in the federal or state courts of Santa Clara County, California, USA, and [users] and Google consent to personal jurisdiction in those courts."[10]

**Google's Illegal Private Browsing Mode Conduct**

During the Class Period (from June 1, 2016 to the present), Plaintiff Brown recalls using Chrome's Incognito mode to browse the following non-exhaustive websites and categories of websites: ████ ████ ███ ████████████████ ███ ████ ████ ████████████████████████████████ ████████████.[11]

During the Class Period (from June 1, 2016 to the present), Plaintiff Byatt recalls using Chrome's Incognito mode to browse the following non-exhaustive websites and categories of websites: ████████████████████████████████████ ████████████████████████.[12]

During the Class Period (from June 1, 2016 to the present), Plaintiff Castillo recalls using Chrome's Incognito mode to browse the following non-exhaustive websites and categories of websites: ████████████████████████████████████████.[13]

During the Class Period (from June 1, 2016 to the present), Plaintiff Davis recalls using Chrome's Incognito mode to conduct the overwhelming majority of his browsing activity because his devices use Chrome's Incognito mode by default, and the only time Plaintiff Davis recalls any browsing activity performed outside of private browsing mode is when he clicked a hyperlink from an email that hyperlink launched his browser in non-private browsing mode.  Plaintiff Davis recalls

---

[10] *See*, *e.g.*, Response to Interrogatory No. 15.
[11] *See*, *e.g.*, Responses to Interrogatories Nos. 1–10.
[12] *See*, *e.g.*, Responses to Interrogatories Nos. 1–10.
[13] *See*, *e.g.*, Responses to Interrogatories Nos. 1–10.

using Chrome's Incognito mode to browse the following non-exhaustive websites and categories of websites: ███████████████████████████████████████████████████████████████████████████████████████████████.

During the Class Period (from June 1, 2016 to the present), Plaintiff Trujillo recalls using Chrome's Incognito mode to browse the following non-exhaustive websites and categories of websites: ███████████████████████████████████████████████████████████████████████████.[14]

Plaintiffs and Class Members—numbering in the millions—enabled private browsing mode in Google's Chrome browser and other browsers to prevent others (including Google) from finding out what they were viewing on the Internet during those private browsing mode sessions. Through Google tracking or advertising code,[15] Google surreptitiously attempted and/or directed Plaintiffs' and Class Members' browsers to send a separate message to Google, which contained Plaintiffs' and Class Members' highly sensitive and confidential information, including: the content the user's browser was asking the website to display, the URL information of what the user has been reviewing and requesting from websites, IP address, fingerprinting data, user IDs, geolocation information, and information contained in cookies saved on the user's browser. Google has not contested these illegal attempts, interceptions, and collections practices.[16]

Additionally, through Chrome, Google surreptitiously attempted and/or intercepted and collected (and continues to attempt and/or intercept and collect) from Plaintiffs and Class Members a unique string of characters called Google's X-Client-Data Header, which is not present when a user enables Chrome's Incognito mode. The absence of the X-Client-Data Header indicates to Google that a Chrome user has enabled Chrome's Incognito mode, but Google continued (and still continues) to attempt and/or collect Plaintiffs' and Class Members' highly sensitive and confidential information and attempt and/or used (and still uses) that information for Google's

---

[14] *See, e.g.*, Responses to Interrogatories Nos. 1–10.
[15] *See, e.g.*, Third Amended Complaint, ¶¶ 63–66, 78–83, 102.
[16] *See, e.g.*, Response to Interrogatory No. 11.

| | | |
|---|---|---|
| 1 | Dated: April 15, 2022 | **MORGAN & MORGAN** |
| 2 | | */s/ John A. Yanchunis* |
| 3 | | John A. Yanchunis (*pro hac vice*) |
| 4 | | Ryan J. McGee (*pro hac vice*)<br>**MORGAN & MORGAN** |
| | | 201 N. Franklin Street, 7th Floor |
| 5 | | Tampa, FL 33602<br>Tel.: (813) 223-5505 |
| 6 | | Fax: (813) 222-4736<br>jyanchunis@forthepeople.com |
| 7 | | rmcgee@forthepeople.com |

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*