**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF ALEXANDER FRAWLEY IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: November 15, 2023<br>Time: 9:00 a.m.<br>Location: Courtroom 1 – 4th Floor |

# DECLARATION OF ALEXANDER FRAWLEY

I, Alexander Frawley, declare as follows.

1. I am an associate with the law firm of Susman Godfrey L.L.P., counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice *pro hac vice* before this Court. I have personal knowledge of the matters set forth herein and am competent to testify.

2. Pursuant to Civil Local Rule 79-5, I submit this Declaration in support of Google LLC's ("Google") Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Dkt. 1004.

3. I have reviewed the documents that Google seeks to file under seal pursuant to Civil Local Rule 79-5. Based on my review, there is good cause to seal the following information:

| Document or Portion of Document Sought to be Sealed | Basis for Sealing |
|---|---|
| Google LLC's Opposition to Plaintiffs' Motion to Exclude in Part the Opinions of Survey Expert On Amir (Dkt. 1004-1)<br><br>Highlighted Portions at: Page 11 | Plaintiffs have an overriding privacy interest in protecting the portions sought to be sealed (i.e., web browsing history). It would be unfair for Plaintiffs to publicly divulge which websites they visited in private browsing mode because they used private browsing mode to keep that information private. There is also no public interest that would overcome Plaintiffs' privacy interest to compel publicly divulging this information. A similar request to seal was granted in the related case of *Calhoun v. Google LLC*, No. 4:20-cv-05146-YGR-SVK (N.D. Cal.), Dkt. 198 (sealing *Calhoun* plaintiffs' web browsing history). |
| Exhibit 1 to Olson Declaration – Excerpts of Plaintiffs' Objections and Responses to Defendant's Sixth Set of Interrogatories (No. 17) (Dkt. 1004-2)<br><br>Highlighted Portions at: Pages 7-8 | Plaintiffs have an overriding privacy interest in protecting the portions sought to be sealed (i.e., web browsing history). It would be unfair for Plaintiffs to publicly divulge which websites they visited in private browsing mode because they used private browsing mode to keep that information private. There is also no public interest that would overcome Plaintiffs' privacy interest to compel publicly divulging this information. A similar request to seal was granted in the related case of *Calhoun v. Google LLC*, No. 4:20-cv-05146-YGR-SVK (N.D. Cal.), Dkt. 198 (sealing *Calhoun* plaintiffs' web browsing history). |

4. Since these requests are narrowly tailored, they should not interfere with the public's ability to understand the judicial process and the matters at issue in Plaintiffs' motion to exclude portions of On Amir's opinions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 5th day of October, 2023, at San Francisco, California.

*/s/ Alexander Frawley*