QUINN EMANUEL URQUHART & SULLIVAN, LLP

| | |
|---|---|
| Stephen A. Broome (CA Bar No. 314605) | Andrew H. Schapiro (admitted *pro hac vice*) |
| stephenbroome@quinnemanuel.com | andrewschapiro@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | Teuta Fani (admitted *pro hac vice*) |
| violatrebicka@quinnemanuel.com | teutafani@quinnemanuel.com |
| Crystal Nix-Hines (Bar No. 326971) | Joseph H. Margolies (admitted *pro hac vice*) |
| crystalnixhines@quinnemanuel.com | josephmargolies@quinnemanuel.com |
| Rachael L. McCracken (CA Bar No. 252660) | 191 N. Wacker Drive, Suite 2700 |
| rachaelmccracken@quinnemanuel.com | Chicago, IL 60606 |
| Alyssa G. Olson (CA Bar No. 305705) | Telephone: (312) 705-7400 |
| alyolson@quinnemanuel.com | Facsimile: (312) 705-7401 |
| 865 S. Figueroa Street, 10th Floor | |
| Los Angeles, CA 90017 | |
| Telephone: (213) 443-3000 | |
| Facsimile: (213) 443-3100 | |
| | |
| Jomaire Crawford (admitted *pro hac vice*) | Xi ("Tracy") Gao (CA Bar No. 326266) |
| jomairecrawford@quinnemanuel.com | tracygao@quinnemanuel.com |
| D. Seth Fortenbery (admitted *pro hac vice*) | Carl Spilly (admitted *pro hac vice*) |
| sethfortenbery@quinnemanuel.com | carlspilly@quinnemanuel.com |
| 51 Madison Avenue, 22nd Floor | 1300 I Street NW, Suite 900 |
| New York, NY 10010 | Washington D.C., 20005 |
| Telephone: (212) 849-7000 | Telephone: (202) 538-8000 |
| Facsimile: (212) 849-7100 | Facsimile: (202) 538-8100 |

*Counsel for Defendant Google LLC (additional counsel listed in signature block below)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE CERTAIN GOOGLE EMPLOYEE WITNESSES**<br><br>The Honorable Yvonne Gonzalez Rogers<br>Date: November 15, 2023<br>Time: 9:00 a.m.<br>Location: Courtroom 1 – 4th Floor<br><br>Trial Date: January 29, 2024 |

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ..................................................................................................1

II. BACKGROUND ........................................................................................................................2

    A. Google Identified All Four Witnesses More than a Year Before the Close of Discovery ......2

    B. Google Produced Thousands of Documents from the Four Witnesses' Files ........................3

    C. Plaintiffs Deposed All Four Witnesses, Cross-Examined Dr. Sadowski at a Hearing, and Received Access to Additional Calhoun Depositions ...............................................................4

    D. Plaintiffs Unsuccessfully Challenged the Sufficiency of Google's Rule 26 Disclosures and Document Productions for These Witnesses .............................................................................5

        1. Magistrate Judge van Keulen Denied Plaintiffs' Request to Add Ganem and Levitte as Document Custodians ............................................................................................................5

        2. This Court Denied Plaintiffs' Motion to Strike Declarations from Ganem, Levitte, and McPhie ....................................................................................................................................5

III. LEGAL STANDARD ................................................................................................................6

IV. ARGUMENT .............................................................................................................................8

    A. The Witnesses Should Be Permitted to Testify at Trial Because Google Identified Them Throughout Discovery ...............................................................................................................8

        1. Google Identified Caitlin Sadowski ...............................................................................8

        2. Google Identified Steve Ganem .....................................................................................10

        3. Google Identified George Levitte ..................................................................................11

        4. Google Identified Jonathan McPhie ...............................................................................12

    B. Plaintiffs Have Demonstrated No Prejudice Warranting Exclusion ....................................13

V. CONCLUSION ..........................................................................................................................14

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Apple iPod iTunes Antitrust Litig.*,
    2014 WL 6783763 (N.D. Cal. Nov. 25, 2014) (Gonzalez Rogers, J.) .................................... 13

*Barnett v. Garrigan*,
    2021 WL 4851043 (N.D. Cal. Oct. 19, 2021) ......................................................................... 7

*Buffin v. City & Cnty. of San Francisco*,
    2019 WL 1017537 (N.D. Cal. Mar. 4, 2019) (Gonzalez Rogers, J.) ....................................... 9

*Donlin v. Philips Lighting N. Am. Corp.*,
    581 F.3d 73 (3d Cir. 2009) ................................................................................................ 9, 10

*Epic Games, Inc. v. Apple Inc.*,
    2021 WL 1375860 (N.D. Cal. Apr. 12, 2021) (Gonzalez Rogers, J.) .................................... 13

*Holsinger v. Wolpoff & Abramson, LLP*,
    2006 WL 1439575 (N.D. Cal. May 23, 2006) ........................................................................ 6

*Jackson v. Express*,
    2011 WL 13268076 (C.D. Cal. June 16, 2011) ...................................................................... 8

*La Jolla Spa MD, Inc. v. Avidas Pharms., LLC*,
    2019 WL 5088559 (S.D. Cal. Oct. 10, 2019) ........................................................................ 11

*Markson v. CRST Int'l, Inc.*,
    2021 WL 5969519 (C.D. Cal. Nov. 23, 2021) (cited at Mot. 10) ......................................... 14

*Merch. v. Corizon Health, Inc.*,
    993 F.3d 733 (9th Cir. 2021) ................................................................................................. 7

*Ollier v. Sweetwater Union High Sch. Dist.*,
    768 F.3d 843 (9th Cir. 2014) (cited at Mot. 11-12) .............................................................. 14

*Palm Cap., LLC v. Travelers Prop. Cas. Co. of Am.*,
    2017 WL 5665010 (C.D. Cal. Apr. 3, 2017) ......................................................................... 13

*Patton v. Hanassab*,
    2016 WL 6962747 (S.D. Cal. Nov. 29, 2016) ........................................................................ 8

*Rooney v. Sierra Pac. Windows*,
    2011 WL 2149097 (N.D. Cal. June 1, 2011) ......................................................................... 7

*True Health Chiropractic Inc v. McKesson Corp.*,
    2015 WL 5341592 (N.D. Cal. Sept. 12, 2015) ....................................................................... 7

*V5 Techs. v. Switch, Ltd.*,
   334 F.R.D. 615 (D. Nev. 2020) .................................................................................... 6, 8, 9

*Waypoint Homes, Inc. v. Fagorala*,
   2012 WL 6131080 (N.D. Cal. Dec. 10, 2012) (Gonzalez Rogers, J.) ..................................... 11

*Wendt v. Host Int'l, Inc.*,
   125 F.3d 806 (9th Cir. 1997) ................................................................................................ 7

**Rules**

Fed. R. Civ. P. 26 ................................................................................................ 1, 2, 5, 7, 8, 11, 13

Fed. R. Civ. P. 30(b)(6) ............................................................................................... 1, 3, 4, 8

Fed. R. Civ. P. 37(c)(1) ..................................................................................................... 7, 10

N.D. Cal. Civ. L.R. 7-9 ........................................................................................................ 12

**Other Authorities**

8A Wright, Miller, & Marcus, Federal Practice and Procedure,
   § 2049.1 (2019 supp.) ........................................................................................................... 7

## I. PRELIMINARY STATEMENT

Plaintiffs' motion to exclude Google from calling Dr. Caitlin Sadowski, George Levitte, Steve Ganem, and Jonathan McPhie to testify at trial attempts to re-litigate meritless arguments this Court has already rejected. As they first did in February 2022 and again in August 2022, Plaintiffs claim that Google failed to "properly" identify in Rule 26 Disclosures witnesses they have known about since the inception of discovery. Plaintiffs' contentions remain meritless—even more so now, given that Plaintiffs seek to bar Google from calling Dr. Sadowksi and Mr. McPhie at trial, yet include them on their own trial witness list. The Motion should be denied.

*First*, Plaintiffs have long known that each of these witnesses had relevant knowledge. Google identified each of them in February 2021 as persons with knowledge of germane topics. It then identified Mr. Ganem, Mr. Levitte, and Mr. Gregory Fair (Mr. McPhie's predecessor) in its Amended Disclosures in February 2022. And in March 2022, Google designated Dr. Sadowski pursuant to Rule 30(b)(6) as a corporate representative. All this happened "before the close of discovery," so "any harm to plaintiffs is minimal," as the Court previously noted when denying Plaintiffs' similar request. Dkt. 803 at 11 n.5.

*Second*, Plaintiffs had the ability to propose any or all of these four witnesses as one of the 42 document custodians that Magistrate Judge Susan van Keulen permitted, but elected not to. And when Plaintiffs later decided they wanted their documents after multiple waves of custodial productions, it was too late and Magistrate Judge van Keulen properly denied their belated request. Even so, Plaintiffs have ample documents from these custodians: Google has produced 1,550 documents that Dr. Sadowski authored or received, 739 such documents for Mr. McPhie, 487 for Mr. Ganem, and 377 for Mr. Levitte—***over 3,000 documents***.

*Third*, Plaintiffs have already had the opportunity to question these witnesses on the scope of their relevant knowledge. They deposed each witness (Mr. Ganem twice), and cross-examined

1  Dr. Sadowski in an evidentiary hearing on the same issues she will testify about at trial. Even more,
2  they received declarations from Messrs. Ganem, Levitte, and McPhie on the subject matter of their
3  anticipated testimony, and received access to additional deposition transcripts of Messrs. Ganem
4  and Levitte conducted by the plaintiffs in the related *Calhoun* case. Plaintiffs may neither claim
5  ignorance nor prejudice from their testimony at the upcoming trial.

6  Given this history, Plaintiffs' assertion that Google has "prevented" them (Mot. 12) from
7  discovering the witnesses' testimony on relevant issues is groundless. Plaintiffs' alternative
8  argument that these witnesses should not come to trial because Plaintiffs lack full custodial
9  productions from them is equally baseless. Indeed, Plaintiffs seek to call Dr. Sadowski and Mr.
10 McPhie for the purpose of admitting certain Google documents at trial.

11 Finally, Plaintiffs' framing of Google's Rule 26 Disclosures as a bait-and-switch to avoid
12 document production is entirely without merit. Plaintiffs drove a scorched earth discovery
13 campaign—obtaining discovery from ***42 document custodians*** from whom Google produced more
14 than six million pages. Google also made dozens of employees available for deposition. Plaintiffs
15 were aware of the four witnesses from the start, yet chose not to seek their documents until too late.
16 Plaintiffs cannot seek to cure their own discovery missteps with an unmeritorious exclusion motion.

17 Google is entitled to defend itself at trial using witnesses long known to Plaintiffs. Plaintiffs'
18 third bite at the apple should be denied.

19 **II.   BACKGROUND**

20     **A. Google Identified All Four Witnesses More than a Year Before the Close of Discovery**

21 On September 30, 2020, Plaintiffs requested documents "sufficient to identify Google's
22 current and former officers, directors, managers, employees and consultants with knowledge of the
23 alleged Google conduct." Ex. A at 10. On February 4, 2021, Google responded by producing a list
24 that identified Dr. Sadowski and Messrs. McPhie, Ganem, and Levitte, among others. Pl. Ex. 6; Pl.

Ex. 4 at 5-7. The list Google produced included their titles, organizational division within Google, their manager, and the same information for relevant employees reporting to them. Pl. Ex. 6. Plaintiffs have previously referred to this list as "Google's list of 226 custodians." Dkt. 627 at 19.

Google later highlighted the import of Dr. Sadowski and Messrs. McPhie, Ganem, and Levitte prior to the close of fact discovery, and on other occasions. For example, on February 21, 2022—before the close of fact discovery—Google served its Amended Disclosures, identifying Messrs. Ganem, Levitte, and Fair (Mr. McPhie's predecessor). Pl. Ex. 8. The Amended Disclosures indicated that:

- Mr. Ganem would testify about "functionality and publisher websites' use of Google Analytics and Google's disclosures regarding its receipt of data from its services on third-party websites (*e.g.*, Google Ad Manager and Analytics)." *Id.* at 3.

- Mr. Levitte would testify about "Google Ad Manager's monetization of inventory." *Id.* at 4.

- Mr. Fair would testify about "Google's disclosures regarding data collection practices and Google systems that obtain and record user consent." *Id.* at 5.

Google also emphasized the role of Dr. Sadowski. On March 2, 2022, Google designated her as a Rule 30(b)(6) witness, and, on March 10, 2022, Plaintiffs took her deposition. Fortenbery Decl. ¶ 4. Even more, on April 21, 2022, Google and Plaintiffs examined Dr. Sadowski at an evidentiary hearing on the same issues that she will speak to at trial. Pl. Ex. 12. In August 2023, Google included Dr. Sadowski in its Second Amended Disclosures, Pl. Ex. 2 at 6, and, in September 2023, Plaintiffs included Dr. Sadowski (and Mr. McPhie) on their trial witness list. Pl. Ex. 9 at 10, 12.

### B. Google Produced Thousands of Documents from the Four Witnesses' Files

As early as April 2021, Plaintiffs claimed they reviewed and evaluated the list of relevant Google employees that Google produced two months prior to request document custodians by August 2021. Dkt. 127 at 1 n.1. The list identified each of the four witnesses. Plainly, Plaintiffs could have requested these witnesses as document custodians. They did not. As Magistrate Judge

van Keulen recognized, both parties had "decisions every day to make about picking your battles because there are limited resources, limited time," and the parties would "have to make some choices." Dkt. 333-4 at 78. The Court ultimately allowed Plaintiffs to select 42 document custodians. Dkt. 298 at 3. They chose not to select the four witnesses at issue. Dkt. 704-2 at 6 (Plaintiffs "select[ed] carefully to winnow Google's chart of 200 employees down to 42 custodians").

Google nevertheless produced thousands of documents authored or received by these four witnesses during the fact discovery period, Fortenbery Decl. ¶¶ 4-7, which provided further context as to their roles and relevance. For Dr. Sadowski alone, Google produced 1,550 documents that she authored or received. *Id.* ¶ 4. Similarly, Google produced 739 documents for Mr. McPhie, 487 for Mr. Ganem, and 377 for Mr. Levitte. *Id.* ¶¶ 5-7. Plaintiffs deposed two of the witnesses (Messrs. Ganem and McPhie) on these documents, and could have deposed the others on them as well. Indeed, Plaintiffs have included Dr. Sadowski and Mr. McPhie on their trial witness list for the purpose of admitting documents at trial. Pl. Ex. 9 at 10, 12.

### C. Plaintiffs Deposed All Four Witnesses, Cross-Examined Dr. Sadowski at a Hearing, and Received Access to Additional Calhoun Depositions

Plaintiffs deposed each of these four witnesses: Dr. Sadowski on March 10, 2022 as a Rule 30(b)(6) designee, Mr. Levitte on March 15, 2022, Mr. Ganem (twice) on March 23, 2022 and February 6, 2023, and Mr. McPhie on February 15, 2023. Fortenbery Decl. ¶¶ 4-7. Plaintiffs also attended or had access to transcripts of the additional three-hour deposition of Mr. Ganem, and more than six-hour deposition of Mr. Levitte, taken by the plaintiffs in the related *Calhoun* case. *Id.* All told, these deposition transcripts amount to thousands of pages of testimony. *Id.*

Plaintiffs also cross-examined Dr. Sadowski in an evidentiary hearing before Magistrate Judge van Keulen on April 21, 2022. Pl. Ex. 12. At the hearing, Dr. Sadowski testified that she is the "lead" of the 30-person "Chrome data team," which "own[s] all the infrastructure for collecting in the wild metrics about Chrome browser usage, and … answer[ing] questions about Chrome

browser usage." *Id.* at 199:25-200:10. Dr. Sadowski explained why Chrome does not send the x-client-data header in Incognito mode, what a Chrome "first run" and "redirect" mean, how her team uses "User Metrics Analysis" ("UMA") to measure "Incognito statistics," and why Google does not "join the UMA data with Google account information." *Id.* at 200:11-205:5; *see also id.* at 206:7-209:10.

In addition, Messrs. Ganem, Levitte, and McPhie filed detailed declarations on the topics that they will testify about at trial. *See* Dkt. 666-12 (August 5, 2022 Declaration of Jonathan McPhie Regarding Google's Disclosures); Dkt. 666-17 (August 4, 2022 Declaration of Steve Ganem Regarding Google Analytics); Dkt. 666-19 (August 5, 2022 Declaration of George Levitte Regarding Google Ad Manager Profits).

### D. Plaintiffs Unsuccessfully Challenged the Sufficiency of Google's Rule 26 Disclosures and Document Productions for These Witnesses

#### 1. *Magistrate Judge van Keulen Denied Plaintiffs' Request to Add Ganem and Levitte as Document Custodians*

When Google added Messrs. Ganem and Levitte to its Amended Disclosures on February 21, 2022, Plaintiffs argued that "[i]f Google plans to have those individuals submit declarations or testify in this case, then Google should produce their documents and make them available for depositions." Dkt. 424 at 8. On March 4, 2022, Magistrate Judge van Keulen allowed Plaintiffs to depose each witness, but denied their request for documents and did not exclude them from testifying at trial. Dkt. 454-1 at 2-3. Plaintiffs did not appeal that order, but instead availed themselves of it to depose Mr. Ganem for three-and-a-half hours and Mr. Levitte for two-and-a-half hours. Fortenbery Decl. ¶¶ 5-6.

#### 2. *This Court Denied Plaintiffs' Motion to Strike Declarations from Ganem, Levitte, and McPhie*

In August 2022, Plaintiffs again sought to exclude testimony from Messrs. Ganem and Levitte, along with that of Mr. McPhie, claiming the Court should strike these witnesses'

1  declarations in opposition to class certification because Google "failed to timely disclose its intent
2  to rely on Ganem and Levitte until less than two-weeks before the close of fact discovery, never
3  disclosed any intent to rely on McPhie … and therefore never produced custodial documents for any
4  of these three witnesses." Dkt. 704-2 at 3 (emphasis omitted). Plaintiffs also argued—as they again
5  do here—that Google violated Paragraph 10 of the Court's Standing Order in Civil Cases because
6  it failed to identify these witnesses as "percipient witness[es] … with technical expertise akin to an
7  independent expert" and to provide expert reports. *Id.* at 2-3.

8      The Court denied Plaintiffs' request because "any harm to plaintiffs is minimal." Dkt. 803
9  at 11 n.5. "Google disclosed [Messrs. Ganem and Levitte] in its initial disclosures before the close
10 of discovery, and plaintiffs were able to depose" them. *Id.* And "[w]hile Google did not disclose
11 McPhie in its amended disclosures," "it did disclose Gregory Fair, who was McPhie's former
12 supervisor," and "Google substituted McPhie as a declarant in lieu of Fair" after he "left the
13 company." *Id.* The Court also found that "McPhie's declaration covers the topics Google disclosed
14 for Fair in its amended disclosures." *Id.* The Court allowed Plaintiffs additional depositions on the
15 three employees' declarations. Plaintiffs deposed Mr. McPhie for four hours and Mr. Ganem, for
16 the second time, for three hours. Fortenbery Decl. ¶¶ 5, 7. Plaintiffs chose not to depose Mr. Levitte
17 a second time.

18 **III.   LEGAL STANDARD**

19     "The preclusion of evidence not disclosed in discovery is a drastic remedy and will apply
20 only in situations where the failure to disclose represents … flagrant bad faith and callous disregard
21 of the rules." *Holsinger v. Wolpoff & Abramson, LLP*, 2006 WL 1439575, at *1 (N.D. Cal. May 23,
22 2006) (internal quotation marks and citation omitted). "The movant bears the initial burden of
23 showing a violation of the disclosure requirements." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 615, 617
24 (D. Nev. 2020).

25

The Rules "expressly contemplate that such notice need not necessarily be provided through a formal initial disclosure or a formal supplement thereto," especially "when the information has 'otherwise been made known to the other parties during the discovery process.'" *Id.* at 618 (quoting Fed. R. Civ. P. 26(e)(1)). "[T]he analysis of whether a disclosure violation occurred is a 'pragmatic' one," which ultimately turns on "**whether the opposing party had meaningful notice to prepare its case.**" *Id.* at 617-18 (emphasis added) (quoting 8A Wright, Miller, & Marcus, Federal Practice and Procedure, § 2049.1 at p. 313 (2019 supp.)).

Even if the movant meets its burden, "[e]videntiary preclusion is a harsh sanction that generally is not imposed where the failure to provide discovery was either substantially justified or harmless." *Rooney v. Sierra Pac. Windows*, 2011 WL 2149097, at *3 (N.D. Cal. June 1, 2011). And even "where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless," that "does not mean that a district court *must* exclude evidence." *Barnett v. Garrigan*, 2021 WL 4851043, at *1 (N.D. Cal. Oct. 19, 2021) (emphasis in original) (quoting *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021)). Before precluding evidence or witnesses as a Rule 37(c)(1) sanction, courts must consider: (1) "the public's interest in expeditious resolution of litigation"; (2) "the court's need to manage its docket"; (3) "the risk of prejudice to the [movant]"; (4) "the public policy favoring disposition of cases on their merits"; and (5) "the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997); *see also True Health Chiropractic Inc v. McKesson Corp.*, 2015 WL 5341592, at *6 (N.D. Cal. Sept. 12, 2015) (exclusion is "severe" and "draconian").

## IV. ARGUMENT[1]

### A. The Witnesses Should Be Permitted to Testify at Trial Because Google Identified Them Throughout Discovery

Plaintiffs fail to meet their burden of showing that Google did not give adequate notice of these four witnesses. Plaintiffs had more than sufficient notice of each of the four Google employees at issue here and their relevance to this case. *See V5 Techs.*, 334 F.R.D. at 617-18 (all that is required is "meaningful notice").

#### 1. *Google Identified Caitlin Sadowski*

Google's intent to call Dr. Sadowski at trial is no surprise to Plaintiffs—indeed, Plaintiffs themselves included her in *their* trial witness list. Pl. Ex. 9 at 10. In February 2021, more than a year before fact discovery closed, Google identified Dr. Sadowski in its list of potential custodians. Pl. Ex. 6 at 4. *See, e.g.*, *Patton v. Hanassab*, 2016 WL 6962747, at *5 (S.D. Cal. Nov. 29, 2016) (individuals "identified in Plaintiff's initial disclosures by name, address, and telephone number" and "later identified as individuals that had knowledge of" certain topics "satisfied the requirements of Rule 26").

Google also produced over 1,500 documents that Dr. Sadowski either authored or received. Fortenbery Decl. ¶ 4. *See, e.g.*, *Jackson v. Express*, 2011 WL 13268076, at *2 (C.D. Cal. June 16, 2011) (finding "no obligation to supplement … under Rule 26(e)" where the "witnesses plaintiffs seek to exclude were identified multiple times during the course of discovery, in declarations, at depositions, and in documents produced to plaintiffs").

Plaintiffs cannot credibly contend they were unaware of Dr. Sadowski's relevance: Google designated her as a corporate witness pursuant to Rule 30(b)(6) on certain topics related to Incognito

---

[1] The parties continue to exchange and revise drafts of their trial witness lists. Google does not currently anticipate calling Mr. Levitte for live testimony, and the parties are continuing to confer regarding their respective need for testimony from Mr. McPhie. Nevertheless, Google responds to Plaintiffs' arguments as to all four witnesses to avoid waiver.

issues, Fortenbery Decl. ¶ 4, Plaintiffs deposed her on March 10, 2022, *id.*, and now **Plaintiffs** seek to call her at trial, Pl. Ex. 9 at 10.[2] Dr. Sadowski also testified at a hearing in April 2022 regarding the very same topics that Google's Second Amended Disclosures indicate she will testify about. Pl. Ex. 12. And Plaintiffs cross-examined her on these topics. *Id.* "Courts are particularly disinclined to find a disclosure violation when," as here, "the party seeking sanctions itself previously exposed its own knowledge of the information omitted from formal disclosures." *V5 Techs.*, 334 F.R.D. at 618.

Plaintiffs "gotcha" claim (Mot. 10) is that Google violated the Court's Standing Order requiring "[a]ny percipient witness who may also testify at trial with technical expertise akin to an independent expert" to "be identified by name no later than the date of expert disclosures to allow for deposition." Dkt. 392, ¶ 10. This is the very same argument the Court rejected when Plaintiffs moved to strike declarations by Messrs. Ganem, Levitte, and McPhie in support of Google's opposition to class certification. Dkt. 704-2 at 2-3; *see* Dkt. 803 at 11 n.5 (denying Plaintiffs' motion to strike). As Google explained then, the relevant provision of the Standing Order does not apply to witnesses who testify about technical or specialized issues based on information learned in the course of their day-to-day employment. Dkt. 747 at 7-10. That is precisely the case for Dr. Sadowski, who has been identified to explain aspects of how Chrome and Incognito work based on personal knowledge she gained in the ordinary course of her employment. *See Buffin v. City & Cnty. of San Francisco*, 2019 WL 1017537, at *5 n.20 (N.D. Cal. Mar. 4, 2019) (Gonzalez Rogers, J.) ("When a lay witness has particularized knowledge by virtue of her experience, she may testify—even if the subject matter is specialized or technical—because the testimony is based upon the layperson's personal knowledge rather than on specialized knowledge") (quoting *Donlin v. Philips Lighting N.*

---

[2] Although Plaintiffs argue that Google is "seeking to unwind [the sanctions] orders by backfilling with Sadowski," Mot. 13, the case history makes clear **Plaintiffs** are the only party seeking to do so. Indeed, Plaintiffs admit they "did not include Sadowski in their preclusion request," Mot. 7, despite having filed a supplement to their motion for sanctions based on her deposition testimony. Dkt. 494-1.

*Am. Corp.*, 581 F.3d 73, 81 (3d Cir. 2009)). Even were the Standing Order to apply, Plaintiffs cannot show they were harmed by any alleged violation, given the abundant and direct access Plaintiffs have had to Dr. Sadowski's testimony and documents. Fed. R. Civ. P. 37(c)(1) (precluding exclusion of testimony where "the failure [to disclose] was substantially justified or is harmless").

Plaintiffs' additional argument that "Magistrate Judge van Keulen has already precluded Google from relying on employees with personal knowledge of its incognito detection bits," and that this "applies equally to Sadowski," Mot. 7, is baseless. The sanctions order identifies *specific* employees that are excluded and it is limited to those employees only. Plaintiffs' sanctions motion did not seek to exclude Dr. Sadowski, and the sanctions order therefore does not mention Dr. Sadowski. Plaintiffs' contention that the sanctions order broadly applies to any Google employee with "knowledge of its incognito detection bits" is a blatant mischaracterization of the order.[3]

### 2.  *Google Identified Steve Ganem*

Plaintiffs have known about Mr. Ganem for years. Google identified him in its February 2021 list of potential custodians, Pl. Ex. 6 at 6, and in its February 2022 Amended Disclosures (served before the close of fact discovery), where Google indicated that he would testify about the same topics he will testify about at trial. Pl. Ex. 8 at 3; *compare* Pl. Ex. 1 at 16. Plaintiffs deposed Mr. Ganem twice, they received the transcript of his deposition in the related *Calhoun* case taken on February 11, 2022, Google has produced 487 documents that he authored or received, and Plaintiffs deposed him on several of these documents. Fortenbery Decl. ¶ 5. Mr. Ganem also provided a detailed declaration covering many of the topics he will testify about at trial. Dkt. 666-17. There is no credible argument that Plaintiffs are surprised to see Mr. Ganem on Google's witness list.

---

[3] *See* Dkt. 969 at 14 n.16 (Plaintiffs' "attempt to argue the effect of the 'sanction orders' … strains credulity. The gamesmanship does not impress. Plaintiffs … mischaracterize the orders").

Plaintiffs contend that Mr. Ganem should be excluded because Google did not make a custodial production for him. Magistrate Judge van Keulen permitted Plaintiffs 42 document custodians. Dkt. 298 at 3. Plaintiffs chose not to select Mr. Ganem. When they later moved to compel an ***additional*** custodial production for Mr. Ganem, Magistrate Judge van Keulen denied their request. Dkt. 454-1 at 2-3. Plaintiffs did not appeal that order. *See La Jolla Spa MD, Inc. v. Avidas Pharms., LLC*, 2019 WL 5088559, at *3 (S.D. Cal. Oct. 10, 2019) ("An untimely objection to a nondispositive magistrate judge's order is a procedural defect that forecloses relief").

The Court has heard all of this history before, when Plaintiffs moved to exclude Mr. Ganem's testimony at the class certification stage. The Court should deny Plaintiffs' motion to exclude Mr. Ganem from trial for the same reasons it denied their prior motion. Dkt. 803 at 11 n.5; *see Waypoint Homes, Inc. v. Fagorala*, 2012 WL 6131080, at *1 (N.D. Cal. Dec. 10, 2012) (Gonzalez Rogers, J.) (denying motion for reconsideration for failure to comply with N.D. Cal. Civ. L.R. 7-9).[4]

### 3. *Google Identified George Levitte*

Nor can Plaintiffs feign ignorance about Mr. Levitte. Google identified Mr. Levitte in its February 2021 list of potential custodians, Pl. Ex. 6 at 8, and in its February 2022 Amended Disclosures (served prior to the close of fact discovery), where Google indicated he would testify about the same topics he will testify about at trial. Pl. Ex. 8 at 4; *compare* Pl. Ex. 1 at 17. Google also produced a declaration from Mr. Levitte covering the subject matter he will testify about, Dkt. 666-19, along with hundreds of documents that he authored or received. Fortenbery Decl. ¶ 6. Plaintiffs deposed Mr. Levitte on March 15, 2022, and were present when the *Calhoun* plaintiffs deposed him on March 16, 2022. *Id.*

---

[4] Plaintiffs' arguments are inconsistent with the Court's prior orders. For example, Plaintiffs argue "[n]or does it matter that Google disclosed Ganem and Levitte under Rule 26(a) at the end of fact discovery," Mot. 10, despite knowing the Court relied on this fact when denying Plaintiffs' request to strike the declarations of Messrs. Ganem and Levitte. Dkt. 803 at 11 n.5.

As with Mr. Ganem, Plaintiffs belatedly sought to add Mr. Levitte as a document custodian, but Magistrate Judge van Keulen denied their request. Dkt. 454-1 at 2-3.

As with Dr. Sadowski and Mr. McPhie, Plaintiffs argue Mr. Levitte should have been identified under the Court's Standing Order regarding witnesses with technical expertise. Mot. 10. The Court already rejected this argument. Dkt. 803 at 11 n.5.

### 4. *Google Identified Jonathan McPhie*

Plaintiffs cannot credibly argue that Mr. McPhie should be excluded from trial given that he is on *their* trial witness list. Pl. Ex. 9 at 12.  Nor can Plaintiffs claim Mr. McPhie's inclusion on Google's trial list is a surprise or unfair. Mr. McPhie submitted a 43-page declaration in support of Google's opposition to class certification, Dkt. 666-12, and Plaintiffs deposed him about the declaration—and documents that Mr. McPhie authored or received, which Google produced prior to the close of fact discovery—for four hours. Fortenbery Decl. ¶ 7. The Court rejected Plaintiffs' motion to strike Mr. McPhie's declaration, Dkt. 803 at 11 n.5, and should reject Plaintiffs' renewed attempt to exclude him at trial for the same reasons. Like the other witnesses, Google disclosed Mr. McPhie in its February 2021 potential custodian list. Pl. Ex. 6 at 8. Google identified Mr. Fair (Mr. McPhie's predecessor) in its Google's February 2022 Amended Disclosures (served before the close of discovery), where Google indicated he would testify about substantially the same topics that Google's Second Amended Disclosures indicate Mr. McPhie will testify about. Pl. Ex. 8 at 5; *compare* Pl. Ex. 1 at 16-17.

That Google did not serve an expert report for Mr. McPhie pursuant to the Court's Standing Order is not a reason to exclude him because no such report was required—he will testify based on his personal knowledge gained in the ordinary course of his employment at Google. *See* Dkt. 803 at 11 n.5.

### B. Plaintiffs Have Demonstrated No Prejudice Warranting Exclusion

Even if the Court were to find that Google failed to properly identify these witnesses, exclusion is not appropriate unless "the other party would suffer prejudice if the witness were nevertheless permitted to testify at trial." *In re Apple iPod iTunes Antitrust Litig.*, 2014 WL 6783763, at *3 (N.D. Cal. Nov. 25, 2014) (Gonzalez Rogers, J.). Here, the Court has already found that any harm to Plaintiffs resulting from the timing of Google's identification of Messrs. Ganem, Levitte, and McPhie was "minimal." Dkt. 803 at 11 n.5. The same reasoning applies to Dr. Sadowski. There is no cause to revisit that decision; Plaintiffs' request for an exclusion remedy should be denied on that basis alone.

Plaintiffs argue that Google's Rule 26 Disclosures "prevented plaintiffs from conducting discovery of what these witnesses would say on relevant issues." Mot. 12 (quotation omitted and cleaned up). As demonstrated above, that is simply false. Plaintiffs **have** conducted discovery on what these witnesses will say on relevant issues. *See Epic Games, Inc. v. Apple Inc.*, 2021 WL 1375860, at *2 (N.D. Cal. Apr. 12, 2021) (Gonzalez Rogers, J.) ("Rule 26 violations are remedied by providing the party an opportunity for a deposition"); *Palm Cap., LLC v. Travelers Prop. Cas. Co. of Am.*, 2017 WL 5665010, at *2 (C.D. Cal. Apr. 3, 2017) (party's "opportunity to cross-examine the [witnesses] . . . cures any potential prejudice"). As explained above, all four of these witnesses have either been deposed or examined by Plaintiffs' counsel.

Nor is there any merit to Plaintiffs' argument that they have been harmed by lack of custodial productions. Google produced a total of 13,485 pages related to these four witnesses. Fortenbery Decl. ¶ 8. Plaintiffs deposed two of the witnesses on their documents, and Plaintiffs intend to call two of the witnesses at trial *themselves* for the purpose of admitting documents. Moreover, Plaintiffs have declarations, deposition transcripts, and hearing examination transcripts from these witnesses that address the issues to be litigated at trial. *See Handloser v. HCL Am., Inc.*, 2020 WL 7405686,

at *2 (N.D. Cal. Dec. 17, 2020) (denying plaintiffs' "unrestrained and undisciplined" request to designate additional document custodians because "[t]he Court cannot discern why plaintiffs expect to discover information from these three custodians that differs from discovery they have already obtained from the other 16 custodians").

Plaintiffs' authorities only underscore that there is **no basis** for excluding the witnesses. In *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843 (9th Cir. 2014) (cited at Mot. 11-12), the Ninth Circuit affirmed the exclusion of thirty-eight witnesses who "were not disclosed to Plaintiffs either initially or by timely supplementation," but "mere[ly] mention[ed] … in a deposition" by "other disclosed witnesses," and whom the Plaintiffs had had no opportunity to depose. *Id.* at 862-63 (alteration omitted). Similarly, in *Markson v. CRST Int'l, Inc.*, 2021 WL 5969519, at *4 (C.D. Cal. Nov. 23, 2021) (cited at Mot. 10), the court excluded several witnesses who were not "already known to the opposing party without the disclosure," whom "plaintiffs had no reason to anticipate from other discovery or litigation actions that defendant might call," "who would testify about new topics defendant admits plaintiffs did not explore during discovery," and who had also not been deposed during discovery. *Id.* at 3-4. The facts here are nothing like those in the cases Plaintiffs cite.

## V.  CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' request to exclude Dr. Sadowski, and Messrs. Ganem, Levitte, and McPhie.

DATED: October 6, 2023              Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By  /s/ Andrew H. Schapiro
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (CA Bar No. 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice)*
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*