# EXHIBIT A

| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165 | William S. Carmody (admitted *pro hac vice*) |
| Sean P. Rodriguez, CA Bar No. 262437 | Shawn Rabin (admitted *pro hac vice*) |
| Beko Richardson, CA Bar No. 238027 | Steven M. Shepard (admitted *pro hac vice*) |
| **BOIES SCHILLER FLEXNER LLP** | **SUSMAN GODFREY L.L.P.** |
| 44 Montgomery St., 41st Floor | 1301 Avenue of the Americas, 32nd Floor |
| San Francisco, CA 94104 | New York, NY 10019-6023 |
| Tel.: (415) 293-6800 | Tel.: (212) 336-8330 |
| Fax: (415) 293-6899 | Fax: (212) 336-8340 |
| mmao@bsfllp.com | bcarmody@susmangodfrey.com |
| srodriguez@bsfllp.com | srabin@susmangodfrey.com |
| brichardson@bsfllp.com | sshepard@susmangodfrey.com |
| | |
| James Lee (admitted *pro hac vice*) | John A. Yanchunis (admitted *pro hac vice*) |
| Rossana Baeza (admitted *pro hac vice*) | Ryan J. McGee (admitted *pro hac vice*) |
| **BOIES SCHILLER FLEXNER LLP** | **MORGAN & MORGAN** |
| 100 SE 2nd St., 28th Floor | 201 N. Franklin Street, 7th Floor |
| Miami, FL 33131 | Tampa, FL 33602 |
| Tel.: (305) 539-8400 | Tel.: (813) 223-5505 |
| Fax: (303) 539-1307 | jyanchunis@forthepeople.com |
| jlee@bsfllp.com | rmcgee@forthepeople.com |
| rbaeza@bsfllp.com | |

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.  5:20-cv-03664-LHK<br><br>**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GOOGLE LLC SET ONE** |

| | | |
|---|---|---|
| 1 | Propounding Party: | Plaintiffs Chasom Brown, Maria Nguyen, William Byatt, Jeremy Davis, |
| 2 | | and Christopher Castillo |
| 3 | Responding Party: | Defendant Google LLC |
| 4 | Set No.: | One |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Chasom Brown, Maria Nguyen, William Byatt, Jeremy Davis, and Christopher Castillo ("Plaintiffs") hereby submit the following requests for production to Defendant Google LLC ("Google"). Each request is to be read in accordance with the Definitions and Instructions that follow. Responses are due within thirty (30) days of service.

## DEFINITIONS

1. The term "ALL" includes the word "ANY," and vice versa.

2. The term "COMMUNICATION" is to be construed in the broadest possible sense, and include, but are not limited to, any transmission of information in any form and of any kind, including electronic, oral, or written transmission, whether such was by chance, prearranged, formal or informal, including conversations in person, notes of conversations, letters, electronic mail, telephone conversations, facsimile transmissions, correspondence or memoranda, formal statements, press releases or newspaper articles.

3. The term "DOCUMENT" and "DOCUMENTS" shall be synonymous in meaning and equal to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure INCLUDING, without limitation, original and any non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced, including all correspondence, letters, telegrams, telexes, messages, memoranda, instructions, emails, handwritten or recorded notes, and all records, schedules, reports, surveys, calculations, transcripts, notes, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, charts, COMMUNICATIONS, database, data compilation, diary, draft, drawing, electronically stored information, emails, fax, floppy disk, graph, hard drive, image, index, instant message, letter, log, magnetic tape, memorandum, note, optical disk, photograph, report, sound recording, spreadsheet, storage device, text message,

version, voicemail or writing. This term shall apply to any DOCUMENT, whether in hard copy or electronic form, on any computers or other system. Any copy of a DOCUMENT that differs in any respect

4. The term "IDENTIFY" or "IDENTITY" means to state or a statement of:

   a. in the case of an entity, its full legal name, corporate form, present or last known address, and relevant divisions;

   b. in the case of a natural person, his or her full name, present or last known address, and present or last known place of employment and employment title. If the person is not a party or present employee of a party, said telephone numbers shall be provided;

   c. in the case of a communication, its date, type (e.g., telephone conversation, in-person discussion, email), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

   d. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, and the date of preparation;

   e. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement; and

   f. in the case of time periods, the date(s).

5. The term "INCLUDE" or "INCLUDING" means "include, but not limited to" or "including, but not limited to."

6. The term "GOOGLE" means GOOGLE LLC and any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees,

employees, attorneys and any other persons acting on GOOGLE LLC'S behalf, including contractors.

7. The term "PERSON(S)" includes without limitation any natural person, firm, association, organization, partnership, business, trust, corporation, or public entity. Any reference to a PERSON that is a business entity and is not otherwise defined INCLUDES that PERSON's predecessors, if any (INCLUDING any pre-existing PERSON that at any time became part of that entity after merger or acquisition), successors, parents divisions, subsidiaries, affiliates, franchisors and franchisees, and any other PERSON acting for or on behalf of them.

8. The term "PLAINTIFFS" mean Chasom Brown, Maria Nguyen, William Byatt, Jeremy Davis, and Christopher Castillo.

9. The term "REGULATORS" includes all government agencies and regulators that have requested documents or information from Google and/or initiated any investigation or action concerning Google's data collection practices and disclosures, including without limitation the Department of Justice, the Federal Trade Commission, the Arizona Attorney General (*State of Arizona ex rel. Mark Brnovich, Attorney General v. Google LLC*, No. CV 2020-006219 (Ariz. Superior Ct. 2020)), the Attorneys General of Texas and California, the Australian Competition & Consumer Commission, and the Commission Nationale de l'Informatique et des Libertés ("CNIL"). For purposes of this request, Documents should be read broadly to include any written responses and privilege logs submitted by Google to the Regulators.

10. The terms "CONCERNING," "RELATE," or "RELATING TO" INCLUDE addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

11. The term "YOU" or "YOUR" means or refers to DEFENDANT GOOGLE LLC, and any of his or their attorneys, agents, representatives, predecessors, successors, assigns, and any PERSONs acting or purporting to act on his or their behalf.

PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
GOOGLE LLC SET ONE, CASE NO.: 5:20-CV-03664-LHK

**GENERAL INSTRUCTIONS**

1.    **Responses**: Respond to each request for production by producing the requested DOCUMENTS in their entirety, notwithstanding the fact that portions thereof may contain information not requested, along with every family document (such as any appendices, attachments, cover letters, exhibits, and schedules), that is in YOUR possession, custody, or control. If there are no DOCUMENTS in YOUR possession, custody, or control that are responsive to a particular request for production, provide a written response stating so.

2.    **Construction**: For purposes of reading, interpreting, or construing the scope of the DEFINITIONS, INSTRUCTIONS, and REQUESTS, all of the terms shall be given their most expansive and inclusive interpretation. This INCLUDES the following:

    (a)    The singular form of a word shall be interpreted as plural and vice versa.

    (b)    "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.

    (c)    "All," "each" and "any" shall be construed as "all, each, and any."

    (d)    The masculine form of a word shall be interpreted as and shall include the feminine and vice versa.

    (e)    The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.

3.    **Objections:** Each Request shall be responded to fully, unless it is objected to in good faith. In that case, the reason(s) for the objection shall be stated in writing and with particularity. If an objection is to only a portion of the Request, state the objection as to that portion only and respond to any portion of the Request to which YOU do not object.

    (a)    If YOU claim any ambiguity in interpreting the Request or any of the applicable Instructions or Definitions, such claim shall not be used as a

|   |   |   |
|---|---|---|
| 1 | | basis for refusing to respond to the Request. In any such circumstance, |
| 2 | | YOU should set forth as part of YOUR response the language claimed to |
| 3 | | be ambiguous and the interpretation chosen or used by YOU in responding |
| 4 | | to the Request and YOU shall respond as fully as possible notwithstanding |
| 5 | | any claimed ambiguity or objection. |
| 6 | (b) | If YOU object to the Request on the ground that it is overly broad, YOU |
| 7 | | are instructed to produce DOCUMENTS in response as narrowed to |
| 8 | | conform to YOU objection and to state in YOUR response: (1) how YOU |
| 9 | | narrowed the Request; and (2) all reason(s) why YOU claim the Request |
| 10 | | is overly broad. |
| 11 | (c) | The fact that a document has been or could be produced by any other |
| 12 | | PERSON does not relieve YOU of the obligation to produce such |
| 13 | | DOCUMENT, even if the DOCUMENT in YOUR possession, custody, or |
| 14 | | control is identical in all respects to the document produced or held by any |
| 15 | | other PERSON. |

4. **Production**: Produce each responsive DOCUMENT and all family documents in accordance with the terms of any agreement between the parties regarding the production of DOCUMENTS.

(a) If any DOCUMENTS are withheld based on an objection to any Request, all DOCUMENTS covered by that Request but not subject to the objection should be produced.

(b) DOCUMENTS not otherwise responsive to any of the Requests herein should be produced if such DOCUMENTS are attached to a DOCUMENT or thing called for by these Requests.

(c) Unless otherwise specified, the DOCUMENTS requested include the responsive DOCUMENTS in YOUR actual or constructive possession, control or custody, as well as the responsive DOCUMENTS in the actual or constructive possession, control or custody of YOUR employees,

agents, representatives, managers, or any other person acting or purporting to act on its behalf, and, unless privileged and such privilege has not been waived, its attorneys.

(d) Unless otherwise specified, the DOCUMENTS requested include all responsive DOCUMENTS in YOUR possession, custody or control that exist in electronic format (whether on internal or external hard drives; on desktop, laptop, notebook, tablet, or personal digital assistant computers; servers; CDs; DVDs; USB drives; or any other electronic medium).

(e) DOCUMENTS shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each DOCUMENT's custodian(s)), or (b) organized and labeled to correspond to the specific Request enumerated in these Requests, with such specific Request identified.

(f) In producing DOCUMENTS, YOU are requested to produce a legible copy of each DOCUMENT requested together with all non-identical copies and drafts of that DOCUMENT. YOU shall retain all of the original DOCUMENTS for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

(g) Any alteration of a responsive DOCUMENT, INCLUDING any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a DOCUMENT is a responsive DOCUMENT in its own right and must be produced.

(h) DOCUMENTS should be produced in full, without abbreviation or expurgation, regardless of whether YOU consider the entire DOCUMENT to be relevant or responsive.

(i) In instances where two or more exact duplicates of any DOCUMENT exist, the most legible copy shall be produced.

5. **Privilege Log:** To the extent YOU object to or claim a privilege with respect to any Request in whole or in part, provide the following information for each DOCUMENT and each portion of any DOCUMENT withheld: (a) its Bates Number; (b) its type (e.g., email, memorandum, spreadsheet, text message); (c) any author(s) or sender(s); (d) any recipients; (e) any persons cc'd or bcc'd; (f) its date; (g) whether it was redacted or withheld; (h) the applicable privilege(s) or protection(s); and (i) a brief description of why the privilege(s) or protection(s) justify the redaction or withholding.  For all persons identified as author(s), sender(s), recipient(s), or copyees or blind copyees, identify for each person, her affiliation(s), title(s), and whether she is an attorney.

6. **Lost Materials**: If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody, or control, then provide a log that lists for each such DOCUMENT (a) its type (e.g., email, memorandum, spreadsheet, text message); (b) any author(s) or sender(s); (c) any recipients; (d) any persons cc'd; (e) its date; and (f) its subject matter.

7. **Continuing Obligation**:  These Requests are to be considered continuing in nature, and YOU must promptly furnish supplemental responses if any additional DOCUMENTS or information is discovered or created after YOUR responses are tendered, or if any of YOUR responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Documents Google produced, provided, or otherwise disclosed to Regulators in connection with any request, investigation, or action concerning Google's data collection practices and disclosures.

**REQUEST FOR PRODUCTION NO. 2:**

Unredacted versions of the filings (including exhibits and attachments) and all discovery from *State of Arizona ex rel. Mark Brnovich, Attorney General v. Google LLC*, No. CV 2020-006219 (Ariz. Superior Ct. 2020).

**REQUEST FOR PRODUCTION NO. 3:**

Documents concerning the purpose and function of Incognito mode.

**REQUEST FOR PRODUCTION NO. 4:**

Documents concerning Google's disclosures and statements regarding Incognito mode.

**REQUEST FOR PRODUCTION NO. 5:**

Documents concerning any Google disclosures and statements regarding Google's receipt of data while users are in a private browsing mode, including Incognito mode.

**REQUEST FOR PRODUCTION NO. 6:**

Documents Google contends evidence or indicate consent to the Google conduct at issue.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show all the ways in which Google collects data while users are in a private browsing mode, including Incognito mode.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify all data Google collects while users are in a private browsing mode, including Incognito mode.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show all the ways in which Google uses data collected while users are in a private browsing mode, including Incognito mode.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to identify all alleged class members, including all electronic or physical address information associated with alleged class members.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify Google's current and former officers, directors, managers, employees and consultants with knowledge of the alleged Google conduct.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show the roles and responsibilities of and supervisory relationship between Google's current and former officers, directors, managers, employees and consultants with knowledge of the alleged Google conduct.

**REQUEST FOR PRODUCTION NO. 13:**

Handouts and presentations to or from any Google C-level executive or board member and committee or board meeting minutes discussing any private browsing mode, including Incognito mode.

**REQUEST FOR PRODUCTION NO. 14:**

Documents concerning Google's December 2008 launch of Incognito mode, including Google's reasons for launching Incognito mode, Google's anticipated benefits from Incognito mode, Google's disclosures in connection with the launch of Incognito mode, and Google's data collection practices in connection with launching Incognito mode.

**REQUEST FOR PRODUCTION NO. 15:**

Documents concerning the launch of private browsing modes for Safari (2005), Internet Explorer (2009), Mozilla Firefox (2009), Opera (2010), Amazon Silk (2014), Microsoft Edge (2015), and Brave (2019), including any changes to Google's disclosures and data collection practices in connection with those private browsing modes.

**REQUEST FOR PRODUCTION NO. 16:**

Documents concerning each change Google has made, is making, has considered or is considering with respect to its privacy and data-collection disclosures and practices in connection with any private browsing mode, including Incognito mode, and Google's reason(s) for each change.

**REQUEST FOR PRODUCTION NO. 17:**

Documents discussing, analyzing, or evaluating any of the rights and claims asserted in

this lawsuit.

**REQUEST FOR PRODUCTION NO. 18:**

Documents concerning Plaintiffs, including Plaintiffs' use of Google services, all data collected by Google from and regarding Plaintiffs, and Google's use of all data collected by Google from and regarding Plaintiffs.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show Google's past and present policy(ies) or practice(s) concerning the retention or destruction of Documents, including Documents concerning Google's collection of data while users are in a private browsing mode, use of such data, and identification of class members.

Respectfully submitted,

Dated:  September 30, 2020

**BOIES SCHILLER FLEXNER LLP**

By: _____
Mark C. Mao

Mark C. Mao, CA Bar No. 236165
Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
srodriguez@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

```
 1
 2                              Amanda K. Bonn, CA Bar No. 270891
                                **SUSMAN GODFREY L.L.P**
 3                              1900 Avenue of the Stars, Suite 1400
                                Los Angeles, CA. 90067
 4                              Tel: (310) 789-3100
                                Fax: (310) 789-3150
 5                              abonn@susmangodfrey.com

 6                              William S. Carmody (admitted *pro hac vice*)
                                Shawn Rabin (admitted *pro hac vice*)
 7                              Steven M. Shepard (admitted *pro hac vice*)
                                **SUSMAN GODFREY L.L.P.**
 8                              1301 Avenue of the Americas, 32nd Floor
                                New York, NY 10019-6023
 9                              Tel.: (212) 336-8330
                                Fax: (212) 336-8340
10                              bcarmody@susmangodfrey.com
                                srabin@susmangodfrey.com
11                              sshepard@susmangodfrey.com
12
13                              John A. Yanchunis (admitted *pro hac vice*)
                                Ryan J. McGee (admitted *pro hac vice*)
14                              **MORGAN & MORGAN**
                                201 N. Franklin Street, 7th Floor
15                              Tampa, FL 33602
                                Tel.: (813) 223-5505
16                              jyanchunis@forthepeople.com
                                rmcgee@forthepeople.com
17
18                              *Attorneys for Plaintiffs*
19
20
21
22
23
24
25
26
27
28
                                       12
           PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
                  GOOGLE LLC SET ONE, CASE NO.: 5:20-CV-03664-LHK
```

# PROOF OF SERVICE

I, Vicky L. Ayala, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, CA. I am over the age of 18 and not a party to the within action; my business address is 44 Montgomery St., 41st Floor, San Francisco, CA 94104.

On September 30, 2020, I served the following document(s) described as:

**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GOOGLE, LLC, SET ONE**

☐ **BY FACSIMILE TRANSMISSION**: As follows: The papers have been transmitted to a facsimile machine by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document which he or she has filed in the cause and served on the party making the service. The copy of the notice or other paper served by facsimile transmission shall bear a notation of the date and place of transmission and the facsimile telephone number to which transmitted or be accompanied by an unsigned copy of the affidavit or certificate of transmission which shall contain the facsimile telephone number to which the notice of other paper was transmitted to the addressee(s).

☐ **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at San Francisco, CA in the ordinary course of business.

☒ **BY ELECTRONIC MAIL TRANSMISSION**: By electronic mail transmission from vayala@bsfllp.com on September 30, 2020, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address(es) listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

Case No. 5:20-cv-03664-LHK

PROOF OF SERVICE

| | |
|---|---|
| Andrew H. Schapiro (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel:  312-705-7400<br>Fax: 312-705-7401<br>andrewschapiro@quinnemanuel.com | *Attorney for Defendant* |
| Stephen A. Broome<br>Viola Trebicka<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel:  213-443-3000<br>Fax:  213-443-3100<br>stephenbroome@quinnemanuel.com<br>violatrebicka@quinnemanuel.com | *Attorneys for Defendant* |
| Diane M. Doolittle<br>Thao Thai<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Tel:  650-801-5000<br>Fax:  650-8015100<br>dianedoolittle@quinnemanuel.com<br>thaothai@quinnemanuel.com | *Attorneys for Defendant* |
| William Burck (*pro hac vice*)<br>Josef Ansorge (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>1300 I Street NW, Suite 900<br>Washington, D.C., 20005<br>Tel:  202-538-8000<br>Fax: 202-538-8100<br>williamburck@quinnemanuel.com<br>josefansorge@quinnemanuel.com | *Attorneys for Defendant* |
| Jonathan Tse<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel:  415-875-6600<br>Fax:  415-875-6700<br>jonathantse@quinnemanuel.com | *Attorney for Defendant* |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 30, 2020, at San Francisco, CA.

Case No. 5:20-cv-03664-LHK

PROOF OF SERVICE

|   |   |
|---|---|
| 1 | _____<br>Vicky L. Ayala |

Case No. 5:20-cv-03664-LHK
PROOF OF SERVICE