1  QUINN EMANUEL URQUHART & SULLIVAN, LLP

2  Stephen A. Broome (CA Bar No. 314605)                Andrew H. Schapiro (admitted *pro hac vice*)
   stephenbroome@quinnemanuel.com                       andrewschapiro@quinnemanuel.com
3  Viola Trebicka (CA Bar No. 269526)                   Teuta Fani (admitted *pro hac vice*)
   violatrebicka@quinnemanuel.com                       teutafani@quinnemanuel.com
4  Crystal Nix-Hines (Bar No. 326971)                   Joseph H. Margolies (admitted *pro hac vice*)
   crystalnixhines@quinnemanuel.com                     josephmargolies@quinnemanuel.com
5  Rachael L. McCracken (CA Bar No. 252660)             191 N. Wacker Drive, Suite 2700
   rachaelmccracken@quinnemanuel.com                    Chicago, IL 60606
6  Alyssa G. Olson (CA Bar No. 305705)                  Telephone: (312) 705-7400
   alyolson@quinnemanuel.com                            Facsimile: (312) 705-7401
7  865 S. Figueroa Street, 10th Floor
   Los Angeles, CA 90017
8  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
9
   Jomaire Crawford (admitted *pro hac vice*)           Xi ("Tracy") Gao (CA Bar No. 326266)
10 jomairecrawford@quinnemanuel.com                     tracygao@quinnemanuel.com
   D. Seth Fortenbery (admitted *pro hac vice*)         Carl Spilly (admitted *pro hac vice*)
11 sethfortenbery@quinnemanuel.com                      carlspilly@quinnemanuel.com
   51 Madison Avenue, 22nd Floor                        1300 I Street NW, Suite 900
12 New York, NY 10010                                   Washington D.C., 20005
   Telephone: (212) 849-7000                            Telephone: (202) 538-8000
13 Facsimile: (212) 849-7100                            Facsimile: (202) 538-8100

14

15 *Counsel for Defendant Google LLC (additional counsel listed in signature block below)*

16
17 **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| 18  CHASOM BROWN, *et al.*, on behalf of themselves and all others similarly situated, | Case No. 4:20-cv-03664-YGR-SVK |
| 19  Plaintiffs, | **GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO EXCLUDE PLAINTIFFS' LATE DISCLOSED AND IRRELEVANT WITNESS BLAKE LEMOINE** |
| 20  v. | |
| 21  GOOGLE LLC, | |
| 22  Defendant. | The Honorable Yvonne Gonzalez Rogers |
| 23 | Date: November 15, 2023 |
| | Time: 9:00 a.m. |
| 24 | Location: Courtroom 1 – 4th Floor |
| | Trial Date: January 29, 2024 |

25

26

27

28

# TABLE OF CONTENTS

Page

I. BACKGROUND ..................................................................................................................2

II. LEGAL STANDARD .........................................................................................................3

III. ARGUMENT .......................................................................................................................3

    A. Mr. Lemoine's Testimony Will Be an Irrelevant Sideshow .....................................3

    B. Plaintiffs Failed to Identify Mr. Lemoine As Required ...........................................4

    C. Plaintiffs' Violation of Their Discovery Obligations Is Not Substantially Justified or Harmless ................................................................................................5

IV. CONCLUSION ....................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Barten v. State Farm Mut. Auto. Ins. Co.*,
  2014 WL 11512604 (D. Ariz. June 20, 2014) .......................................................................... 3

*Bastidas v. Good Samaritan Hosp. LP*,
  2017 WL 1345604 (N.D. Cal. Apr. 12, 2017) ......................................................................... 4

*Blackie v. Barrack*,
  524 F.2d 891 (9th Cir. 1975) ................................................................................................... 4

*Buckley v. Evans*,
  2007 WL 2900173 (E.D. Cal. Sept. 28, 2007) ..................................................................... 3, 4

*Fresno Rock Taco, LLC v. Nat'l Sur. Corp.*,
  2013 WL 3803911 (E.D. Cal. July 19, 2013) .......................................................................... 6

*Martel v. Hearst Commc'ns, Inc.*,
  468 F. Supp. 3d 1212 (N.D. Cal. 2020) ................................................................................... 5

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
  2013 WL 6535164 (C.D. Cal. Dec. 9, 2013) ........................................................................... 4

*Starnet Int'l AMC Inc. v. Kafash*,
  2011 WL 207987 (N.D. Cal. Jan. 21, 2011) (Koh, J.) ............................................................. 5

*United States v. Vazquez-Torres*,
  92 F. App'x 502 (9th Cir. 2004) .............................................................................................. 4

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
  259 F.3d 1101 (9th Cir. 2001) ................................................................................................. 6

### Rules

Fed. R. Civ. P. 37 ........................................................................................................................ 3, 6

Fed. R. Evid. 403 ........................................................................................................................ 3, 4

Fed. R. Evid. 611 ........................................................................................................................ 3, 4

### Other Authorities

Nico Grant, "Google Fires Engineer Who Claims Its A.I. Is Conscious," N.Y.
  Times (July 23, 2022), available at
  https://www.nytimes.com/2022/07/23/technology/google-engineer-artificial-
  intelligence.html ...................................................................................................................... 2

Nitasha Tiku, "The Google engineer who thinks the company's AI has come to life," Wash. Post (June 11, 2022), available at https://www.washingtonpost.com/technology/2022/06/11/google-ai-lamda-blake-lemoine/ ............................................................................................................... 2

PLEASE TAKE NOTICE, on November 15, 2023, at 9:00 a.m. or as soon thereafter as this motion may be heard, before the Honorable Yvonne Gonzalez Rogers of the United States District Court, Northern District of California, Defendant Google LLC ("Google") will and hereby does move the Court to exclude Plaintiffs' proposed witness Blake Lemoine pursuant to Federal Rules of Evidence 403 and 611(a), Federal Rule of Civil Procedure 37, and Civil Local Rule 7. Google's Motion is based on this Notice of Motion and Motion, accompanying Memorandum of Points and Authorities, and the Declaration of Seth Fortenbery and attached exhibits.

### ISSUE TO BE DECIDED

Whether the Court should preclude Plaintiffs from calling former Google employee Blake Lemoine as a witness, pursuant to its discretionary power to control trial procedures, Federal Rules of Evidence 403 and 611(a), and Federal Rule of Civil Procedure 37.

### RELIEF REQUESTED

Google requests that the Court preclude Plaintiffs from calling former Google employee Blake Lemoine as a witness, pursuant to Federal Rules of Evidence 403 and 611(a) and Federal Rule of Civil Procedure 37. The Court has discretion to exclude Mr. Lemoine pursuant to Rules 403 and 611(a). His testimony is not relevant to this litigation, and any probative value would be substantially outweighed by the risk of prejudice and the likelihood that his testimony would waste valuable trial time by requiring a series of mini-trials to rebut his claims. Additionally, Plaintiffs failed to timely identify Mr. Lemoine and cannot show that their belated identification was substantially justified or harmless, so the Court can and should exclude him under Rule 37.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  BACKGROUND**

Blake Lemoine is a former Google employee who gained notoriety for taking public his belief that a Google artificial intelligence product was alive. *See* Nitasha Tiku, "The Google engineer who thinks the company's AI has come to life," Wash. Post (June 11, 2022), available at https://www.washingtonpost.com/technology/2022/06/11/google-ai-lamda-blake-lemoine/. Mr. Lemoine "work[ed] for Google's Responsible AI organization [and] began talking to [Google's AI chatbot] LaMDA as part of his job in the fall [of 2021]." *Id.* He claims that he "noticed the chatbot talking about its rights and personhood," "decided to press further," "worked with a collaborator to present evidence to Google that LaMDA was sentient," "concluded LaMDA was a person in his capacity as a priest, not a scientist, and then tried to conduct experiments to prove it." *Id.* He also unilaterally "invit[ed] a lawyer to represent LaMDA." *Id.* Google terminated Mr. Lemoine after, among other things, he "chose to persistently violate clear employment and data security policies that include the need to safeguard product information." Nico Grant, "Google Fires Engineer Who Claims Its A.I. Is Conscious," N.Y. Times (July 23, 2022), available at https://www.nytimes.com/2022/07/23/technology/google-engineer-artificial-intelligence.html.[1] Before being placed on leave, Mr. Lemoine "sent a message to a 200-person Google mailing list on machine learning with the subject 'LaMDA is sentient,'" which he concluded by stating: "LaMDA is a sweet kid who just wants to help the world be a better place for all of us. Please take care of it well in my absence." Tiku, *supra*.

Neither LamMDA nor Artificial Intelligence—much less Mr. Lemoine—were mentioned in Plaintiffs' March 2023 Fourth Amended Complaint. Plaintiffs did not raise any of those subjects during discovery. Plaintiffs identified Mr. Lemoine as an individual with "relevant" information for the first time in their August 17, 2023 trial witness list, more than a year after the close of fact discovery and long after the Washington Post published Mr. Lemoine's claims.

---

[1] Google is willing to make relevant portions of Mr. Lemoine's personnel file available for *in camera* inspection by the Court should the Court find it necessary or helpful to its determination.

## II. LEGAL STANDARD

Under Federal Rule of Evidence 403, "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." *Buckley v. Evans*, 2007 WL 2900173, at *4 (E.D. Cal. Sept. 28, 2007). Similarly, Rule 611(a) "provides that the court must exercise reasonable control over the mode and order of interrogation to avoid, *inter alia*, needless consumption of time." *Id.*

Under Federal Rule of Civil Procedure 37, a court may properly exclude a witness who was not timely identified unless a party can show that its failure to provide the required information was substantially justified or is harmless. *See Barten v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 11512604, at *1 (D. Ariz. June 20, 2014).

## III. ARGUMENT

### A. Mr. Lemoine's Testimony Will Be an Irrelevant Sideshow

This case is about Google's public disclosures, private browsing modes on Chrome, Safari, and Edge, and Google web services used by third-party websites. Mr. Lemoine did not work on any of these products or services. Artificial Intelligence and LaMDA have not been in scope during this litigation. In fact, in three years of litigation, Mr. Lemonie's name did not come up ***once*** in any of ***more than 50*** depositions or at any of the ***twenty-plus*** hearings in this matter. His name appears in just two of the ***more than 1,600 exhibits*** on both parties' exhibit lists. He is simply irrelevant to Plaintiffs' claims.

Mr. Lemoine is free to take to social media to tout his efforts to prevent Google from "lobotomiz[ing]" its AI chatbot. *See* Fortenbery Decl. Ex. A (May 27, 2023 Tweet) at 1 ("I managed to convince @Google not to lobotomize LaMDA."). He can use public channels to claim, for example, that LaMDA "has a physical body," Fortenbery Decl. Ex. B (October 6, 2022 Tweet) at 1, and even encourage his 34,000 Twitter followers to press Google executives about LaMDA, Fortenbery Decl. Ex. C (Jan. 31, 2023 Tweet) at 1 ("Why are people still asking me about what @Google is going to do to LaMDA? Ask @sundarpichai he's the one who's deciding how to handle it."). If he is permitted to offer his opinions at trial, however, Google will be forced to provide

evidence and argument explaining, among other things, (i) why its AI chatbot cannot be "lobotomized"; (ii) why LaMDA is not a "sweet kid"; and (iii) how none of these opinions relate to Google's disclosures, private browsing modes, or Google web services used by third-party websites. Substantial time and testimony will also be needed to explain why Mr. Lemoine no longer works at Google. That issue will inevitably involve sensitive personnel matters.

These mini-trials will not aid the jury in deciding any issue that relates to Plaintiffs' claims, and the Court has discretion to prevent them. *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 2013 WL 6535164, at *1 (C.D. Cal. Dec. 9, 2013) ("Trial courts may 'exercise discretion in the conduct of the trial, to prevent a time-consuming series of mini-trials.'") (quoting *Blackie v. Barrack,* 524 F.2d 891, 906 (9th Cir. 1975)); *accord United States v. Vazquez-Torres*, 92 F. App'x 502, 504 (9th Cir. 2004) ("[T]he district court was duly concerned about the potential to confuse the jury and develop a mini-trial on an ancillary issue."); *Buckley*, 2007 WL 2900173, at *4 (courts should use Fed. R. Evid. 403 and 611(a) to ensure that "the sideshow [does not] swallow up the circus").

Valuable trial time should not be wasted on Mr. Lemoine's opinions regarding Google's artificial intelligence chatbot, its purported rights as a sentient being, his ability to opine on these issues "in his capacity as a priest," and the circumstances of his departure from Google. To prevent that from occurring, the Court should exercise its discretion under Rules 403 and 611(a) to preclude Mr. Lemoine from testifying.[2]

### B. Plaintiffs Failed to Identify Mr. Lemoine As Required

The Court should also exclude Mr. Lemoine because Plaintiffs have failed to comply with their discovery obligations. Plaintiffs did not identify Mr. Lemoine in any of their discovery responses, testimony, expert reports, or ***any*** other way during discovery.

In fact, Plaintiffs did not mention Mr. Lemoine's name until August 17, 2023, when he appeared on Plaintiffs' trial witness list. There can be no reasonable dispute that Plaintiffs have thus violated their discovery obligations, and Mr. Lemoine should not be permitted testify unless Plaintiffs show that their violation was substantially justified or harmless. *See, e.g.*, *Bastidas v. Good*

---

[2] Google reserves the right to amend its witness list to add an additional witness to rebut or provide context to Mr. Lemoine's undisclosed testimony, if he is permitted to testify.

*Samaritan Hosp. LP*, 2017 WL 1345604, at *3-4 (N.D. Cal. Apr. 12, 2017) (excluding witness whom plaintiff did "not mention" in discovery and who only came up twice during a deposition "without any more specificity").

### C. Plaintiffs' Violation of Their Discovery Obligations Is Not Substantially Justified or Harmless

In determining whether failure to timely identify a witness is justified or harmless, courts in this district "have considered the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Martel v. Hearst Commc'ns, Inc.*, 468 F. Supp. 3d 1212, 1219 (N.D. Cal. 2020). All five factors favor exclusion of Mr. Lemoine's testimony.

*First*, Plaintiffs' inclusion of Mr. Lemoine on their witness list, without ever mentioning him in the preceding three years of litigation, plainly constitutes the type of "surprise" the discovery rules are designed to prevent. *See Starnet Int'l AMC Inc. v. Kafash*, 2011 WL 207987, at *2 (N.D. Cal. Jan. 21, 2011) (Koh, J.) ("[N]either party in this case took any depositions, and Starnet has not provided any evidence that Luo was disclosed in any document production or written discovery responses.… Starnet cannot use Yongbin Luo's testimony at trial.").

*Second*, Plaintiffs have stated that they will not make Mr. Lemoine available for a deposition unless—more than a year after the close of fact discovery, and on the eve of trial—Google collects, reviews, and produces his documents, including documents regarding the LaMDA chatbot. *See* Fortenbery Decl. Ex. D (Sept. 10, 2023 Email from A. Frawley to Google's Counsel) at 2 (responding to Google's request to depose Mr. Lemoine by demanding that Google run search terms—including "LaMDA"—over Mr. Lemoine's files and collect, review, and produce any responsive documents in advance of his deposition); *see also id.* at 3 ("We can schedule Mr. Lemoine's deposition once the parties reach an agreement on these document production issues, and Google has completed its productions."). Plaintiffs' request is unreasonable, and their refusal to mitigate their eleventh hour identification of Mr. Lemoine by making him available for a

deposition—unless Google meets Plaintiffs' unreasonable demand—is an additional reason why he should be excluded. *See, e.g.*, *Fresno Rock Taco, LLC v. Nat'l Sur. Corp.*, 2013 WL 3803911, at *10 (E.D. Cal. July 19, 2013) ("Given the lack of identification of this evidence during the entire course of discovery or in advance of the pretrial conference, and Plaintiffs' continued failure to cure this failure … the Court cannot conclude that such a lack of disclosure is harmless or substantially justified.").

*Third*, for the reasons discussed above, allowing Mr. Lemoine to testify will disrupt the trial by providing him with a platform to voice his irrelevant theories about Google's AI chatbot and forcing Google to prepare to rebut them. *See, e.g.*, *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) (finding prejudice where plaintiffs received an expert report one month prior to trial and would need to depose the expert and prepare to question him at trial). This evidence is not relevant, let alone "important."

*Finally*, Plaintiffs' correspondence to date suggests that they will try to blame Google for their belated identification. *See* Fortenbery Decl. Ex. D (Sept. 10, 2023 Email from A. Frawley to Google's Counsel) at 1 ("Google's failure to identify Mr. Lemoine during fact discovery as someone with relevant knowledge and documents is a big concern for us, which resulted in Google never producing Mr. Lemoine's custodial documents or other relevant documents."). That is baseless. Given that Mr. Lemoine did not work on any of the products or services at issue, Google had no reason to identify him. Further, it has been over three years since Plaintiffs filed their complaint, and more than fifteen months since Mr. Lemoine's startling claims about AI appeared in the national media. Yet Plaintiffs never sought discovery related to Mr. Lemoine—or even mentioned his name—prior to simply adding him to their list of trial witnesses this past August.

## IV.   CONCLUSION

For the reasons discussed above, the Court should preclude Plaintiffs from introducing Mr. Lemoine's testimony at trial pursuant to its discretionary powers and Rule 37.

DATED: October 11, 2023

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By     */s/ Andrew H. Schapiro*

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (CA Bar No. 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

7     Case No. 4:20-cv-03664-YGR-SVK
MOTION TO EXCLUDE PLAINTIFFS' LATE DISCLOSED AND IRRELEVANT WITNESS BLAKE LEMOINE

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*