# EXHIBIT D

| | |
|---|---|
| **From:** | Alex Frawley <AFrawley@susmangodfrey.com> |
| **Sent:** | Sunday, September 10, 2023 8:19 AM |
| **To:** | QE Brown |
| **Cc:** | Google Team |
| **Subject:** | Brown v. Google - Blake Lemoine |

**[EXTERNAL EMAIL from afrawley@susmangodfrey.com]**

Counsel,

We write regarding your request to depose Blake Lemoine and Google's production of ESI for this deposition.

Google's failure to identify Mr. Lemoine during fact discovery as someone with relevant knowledge and documents is a big concern for us, which resulted in Google never producing Mr. Lemoine's custodial documents or other relevant documents.  Early in this case, Plaintiffs sought to have Google identify individuals who were knowledgeable about, among other things, Google's use of private browsing data (including with RFPs 10 and 11 and ROG 4).  Google failed to identify Mr. Lemoine, even though Mr. Lemoine's knowledge and documents are clearly relevant to the issues in this case, including in terms of Google's use of private browsing data to enrich itself by developing products and algorithms with that data.

Mr. Lemoine only recently contacted Plaintiffs' counsel about testifying in this action, which is why Plaintiffs included him on their witness list and had not previously requested production of his documents or other documents relating to Mr. Lemoine.  It is now clear to us that Google should have identified Mr. Lemoine as a document custodian in this case, and that he should have been identified by Google as a witness at the onset of the case.  With Google's recent request to depose Mr. Lemoine, the upcoming trial, and the asymmetry in terms of only Google having access to documents for that deposition, we write seeking an agreement on how Google might quickly produce relevant documents.

First, Plaintiffs request production of non-duplicative custodial documents for Mr. Lemoine.  Given Mr. Lemoine is a former Google employee, we do not know the extent to which Google has possession, custody, or control of any unproduced custodial documents for Mr. Lemoine (including for example and without limitation any emails and Google Chat records involving Mr. Lemoine).  Would you please provide us with that information?  That information would be helpful in terms of negotiating some criteria for the collection, review, and production (with any privilege log) of custodial documents.

As an initial proposal, please let us know whether Google would be willing to collect for review any non-duplicative documents from Mr. Lemoine's custodial ESI (de-duplicated against what Google has already collected and reviewed) for the period of his Google employment (which we believe goes back to February 2015, around the same time that many Google employees were involved with the Incognito-fest issues) based on the search terms below.  Such custodial files should include not only ESI and documents from Mr. Lemoine's files, but ESI and other documents generated about and regarding Mr. Lemoine.  Google would

review only the documents that are new (after de-duplication) and then produce (with any privilege log) all documents responsive to any of Plaintiffs' document requests.

1. Incognito
2. private! /2 (mode! OR brows!)
3. "signed-out" OR "signed out" OR "logged-out" OR "logged out" OR "not signed-in" OR "not signed in" OR "non signed-in" OR "non signed in"
4. Unauthenticated
5. GDPR OR "G.D.P.R." OR IPGO
6. LaMDA
7. MyAccount OR "My Account" OR MyActivity OR "My Activity"
8. NavBoost!
9. Ethics
10. Whistle!
11. Oolong
12. location
13. Violat!
14. Sundar
15. Congress
16. Mortem
17. Privacy
18. Transparency
19. Chrome
20. Stochastic

If you can provide us with information regarding the number of hits based on this search criteria, after de-duplication (and threading, if that could be used to streamline this review), we may be able to discuss some adjustments.  When providing that information, please provide information regarding the sources and time periods searched, and how the hit counts were calculated.

Second, to the extent Google chooses to review (or has already reviewed) any documents in connection with this deposition or for trial prep that go beyond the set described above (for example, with Google using other search terms for some separate review), please confirm that Google will produce (with any privilege log) all such documents that are responsive to any of Plaintiffs' requests.  We object to Google reviewing documents in preparation for this deposition without at the same time identifying such documents for production to Plaintiffs.

Third, there are a few discrete additional productions we think are also warranted.

1. We understand that Mr. Lemoine sent by email a memo to Senator Mike Lee.  Please produce that email and memo along with any follow up communications concerning that email and memo.
1. We understand that there may have been some communications involving Mr. Lemoine and Mr. Pichai.  Please collect and produce all emails to or from Mr. Lemoine that also include Mr. Pichai, and also all emails from Mr. Pichai's custodial files that include any reference to Mr. Lemoine.
1. Please produce all **comments in source code** written by Mr. Lemoine.
1. To the extent Google intends to raise any issues regarding the circumstances of Mr. Lemoine's departure from Google, please confirm that Google will search for and produce all documents (including non-custodial documents) regarding Mr. Lemoine's departure.
1. If there are any other documents that Google plans to use to examine Mr. Lemoine either at his deposition or at trial, please produce them in advance of Mr. Lemoine's deposition.  Plaintiffs object to Google's use of any unproduced documents with Mr. Lemoine.

We can schedule Mr. Lemoine's deposition once the parties reach an agreement on these document production issues, and Google has completed its productions.

We are available to meet and confer.

Best,
Alex

**Alexander P. Frawley | Susman Godfrey LLP**

1301 Avenue of the Americas, 32nd Floor | New York, NY 10019

212.729.2044 (office) | 917.599.6613 (cell)

afrawley@susmangodfrey.com | www.susmangodfrey.com