**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 629-9040
alanderson@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' MOTION *IN LIMINE* 1 TO PRECLUDE GOOGLE FROM RELYING ON NON-PUBLIC SOURCE CODE AT TRIAL**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: November 29, 2023<br>Time: 9:00 a.m. |

## I. INTRODUCTION

Plaintiffs respectfully ask the Court to preclude Google from presenting any evidence or argument tied to any non-public Google source code (hereinafter "Source Code"). In three years of hard-fought litigation, Plaintiffs asked Google to produce Source Code *no less than 12 times*. Google opposed each of Plaintiffs' requests, repeatedly assuring the Court and Special Master that Google's Source Code was neither relevant nor necessary to warrant production. Google did not produce any of the requested Source Code before the close of discovery (only willing to produce public source code, which Plaintiffs could already access). *Only after fact and expert discovery concluded* and Google faced a second round of sanctions did Google select for its own expert and make available for inspection a small sliver of its Source Code, which Google unilaterally selected and produced to contest those sanctions. Yet on August 30, 2023, more than 17 months after the close of fact discovery, 15 months after the close of expert discovery, 8 months after certification, and fewer than 5 months from trial, Google served its exhibit list and an expert report that both rely ***on a piece of the very Source Code it repeatedly refused to produce except to oppose sanctions***. Plaintiffs ask the Court to preclude Google from presenting any evidence, expert testimony, or argument based on any Source Code.

## II. BACKGROUND

### A. Google Repeatedly Refused Plaintiffs' Multiple Requests for Source Code.

On October 19, 2020, Plaintiffs served their Second Set of Requests for Production ("RFPs") containing *eight* separate requests for certain Source Code.[1] Google opposed production, arguing that "production of non-public, proprietary source code is not necessary to ascertain any particular issue relevant to Plaintiffs' allegations" and Google committed only to "produce *publicly available* source code" (because it was already publicly available, it was not needed for any Google production).[2] On April 30, 2021, Plaintiffs sent Google a letter again requesting Source Code, informing Google that this Source Code was relevant to assessing Google's surreptitious collection

---

[1] Plaintiffs' Second Set of RFPs (Nos. 20–149), RFPs 47, 51, 54, 58, 62, 66, 69, and 90. Ex. 1.
[2] Google's R&Os to Plaintiffs' Second RFPs, at 28, 31, 34, 37, 40, 43, 46, 64–65. Ex. 2.

1

PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE GOOGLE    CASE NO. 4:20-CV-03664-YGR-SVK
FROM RELYING ON NON-PUBLIC SOURCE CODE AT TRIAL

11783535v1/016819

of users' private browsing data and Google's use of that data.[3] On May 25, 2021, Google in response refused production, stating that "*source code has little relevance, if any, to [Plaintiffs'] claims.*"[4] On June 30, 2021, Plaintiffs responded and again sought production.[5] Plaintiffs reiterated these points in a Joint Case Management Statement (Dkt. 224 at 13–14) and then again in a Joint Submission to the Court (Dkt. 230 at 26), *the twelfth time Plaintiffs requested production of Source Code*. Google continued to oppose any production in response to these requests, maintaining that Source Code was not sufficiently relevant nor necessary. Dkts. 224 at 13–14; 230 at 26. The Court referred this issue to Special Master Brush (Dkts. 242; 242-1 at 2), who declined to order any production of Google Source Code. Dkt. 299 at 12. As a result, Google never produced any Source Code before the close of fact discovery, during expert discovery, or before the classes were certified.

### B.  Google Relies on Certain Google-Selected Source Code to Oppose Sanctions.

After the Court first sanctioned Google, including for failing to disclose data sources that contain certain private browsing detection bits (Dkt. 588 at 6), Google was ordered to make representations regarding the existence of additional logs. In response, Google claimed to have conducted what it characterized as "a comprehensive *code search*"—searching the very Source Code Google long refused to produce—in an effort to show Google had somehow complied with the first sanctions order (it had not). Dkt. 797-3 at 3. Google's expert then relied on certain Google-selected Source Code to oppose the additional sanctions, making representations about what that Google-selected portion of Source Code did or did not permit.  Dkt. 979-21 ¶ 21.

Before then, Google had not produced a single line of Source Code. Google then sought to make available for inspection a small, self-selected portion of code to oppose Plaintiffs' request for further sanctions.[6] Plaintiffs noted their concern regarding Google's late proposal and agreed on the condition that neither party would use that Source Code for any other purpose other than the sanctions ("OSC") proceedings. Google appeared to agree: "we agree that … Plaintiffs do not intend

---

[3] Letter from Plaintiffs' Counsel to Google, at 1–2 (April 30, 2021). Ex. 3.
[4] Letter from Google to Plaintiffs, at 2 (May 25, 2021) (emphasis added). Ex. 4.
[5] Letter from Plaintiffs to Google, at 2 (June 30, 2021) (emphasis added). Ex. 5.
[6] Email from Google to Plaintiffs, at 1 (Feb. 22, 2023) Ex. 6; Dkt. 858-1 (Spilly Decl.) ¶¶ 14, 17.

2

PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE GOOGLE                CASE NO. 4:20-CV-03664-YGR-SVK
FROM RELYING ON NON-PUBLIC SOURCE CODE AT TRIAL

11783535v1/016819

to rely on that code for purposes other than the OSC. ***Google likewise does not intend to rely on source code for purposes other than the OSC***."[7] Google purported to "reserve[] the right" to rely on certain Source Code,[8] which Plaintiffs never agreed to. Google also only provided limited access, with limited printouts of this Source Code,[9] which were returned a month after the OSC hearing.

### C. Google Serves a Last-Minute Expert Report and an Exhibit List Referencing Certain Google-Selected Source Code Never Produced During Discovery.

On August 30, 2023, without advance notice to Plaintiffs, Google served a Second Supplemental report from its expert Dr. Psounis, ***which relies on the same source code Google indicated it would only use for the OSC response and had refused to produce throughout discovery***. Dr. Psounis purports to rebut a report from Plaintiffs' expert Mr. Hochman, but the report by Mr. Hochman does not rely on any Source Code. That is partly because Mr. Hochman did not have access to that code while drafting any of his reports. Google also included two cherry-picked source code documents on its exhibit list (Google Temp Exhs. 697 & 698). It is now clear that Google intends to rely on Source Code, even after having suppressed it during discovery.

### III. ARGUMENT

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(l) "gives teeth" to these discovery rules "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly v. Deckers Outdoor*, 259 F.3d 1101, 1106 (9th Cir. 2001). Having not produced the Source Code during discovery, Google has the burden to explain why that Source Code should not be excluded. *Id*.

Here, Google never (1) disclosed any potential fact witness that might testify regarding any Source Code, (2) produced any Source Code during discovery, nor (3) supplemented discovery with

---

[7] Email from Google to Plaintiffs, at 1 (Feb. 22, 2023) (emphasis added). Ex. 6.
[8] *Id*.
[9] Google printed a small portion of this code; the remainder was available only in person. *Id*.

3

PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE GOOGLE        CASE NO. 4:20-CV-03664-YGR-SVK
FROM RELYING ON NON-PUBLIC SOURCE CODE AT TRIAL

11783535v1/016819

Source Code.[10] This created an informational imbalance, where Google had full access to its Source Code and Plaintiffs had none. Instead of providing Plaintiffs with any disclosure or discovery regarding Google Source Code, Google repeatedly maintained that *all* non-public Google source code was irrelevant. Google did not produce any Source Code during fact or expert discovery, and Google only made available for inspection a fraction of this code (out of context) nearly a year after discovery concluded and only to defend against the supplemental sanctions process. Plaintiffs raised concerns then, and Plaintiffs only assented to that inspection on the condition that Google not use it other than to oppose sanctions.[11] Plaintiffs had no opportunity to conduct discovery on even this limited code, and to date Plaintiffs have not been afforded opportunity to depose or cross-examine any Google employee about it. These tactics are neither justifiable nor harmless.

It would be highly prejudicial to permit Google to present evidence or argument concerning Source Code at trial. Google deprived Plaintiffs of the ability to conduct any discovery regarding any Source Code, undermining Plaintiffs' ability to fully and effectively rebut any such evidence or argument. This is especially true given that Plaintiffs' technical expert never had any access to any non-public Google source code during discovery because of Google's repeated obstruction. Under such circumstances, courts have repeatedly precluded such evidence and argument. *Apple v. Samsung*, 2012 WL 1595784, at **3–4 (N.D. Cal. May 4, 2012) (precluding evidence and argument relating to belatedly produced source code, finding "substantial prejudice" because source code "is not something that can be reviewed casually" and Apple was "left with no meaningful opportunity to comprehend this code"); *Yeti*, 259 F.3d at 1106 (belatedly serving expert rebuttal report constituted sufficient harm "even though [respondent] never violated an explicit court order to produce"); *Cornell v. Hewlett Packard*, 2006 WL 5097357, at *21 (N.D.N.Y. Nov. 13, 2006) (excluding evidence because "[i]t would be manifestly unfair to permit HP . . . to rely at trial upon licenses that have not been both properly identified and for which there has been no discovery.").

---

[10] As required. *See* Fed. R. Civ. P. 26(a)(1)(A)(i); 26(a)(1)(A)(ii); and 26(e)(1).
[11] Email from Google to Plaintiffs, at 1 (Feb. 22, 2023). Ex. 6.

4

PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE GOOGLE          CASE NO. 4:20-CV-03664-YGR-SVK
FROM RELYING ON NON-PUBLIC SOURCE CODE AT TRIAL

11783535v1/016819

IV. **CONCLUSION**

Plaintiffs respectfully request that the Court preclude Google from presenting any evidence or arguments regarding any Source Code.

Dated:  October 17, 2023  Respectfully submitted,

By: /s/ Mark Mao
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile (415) 293-6899

David Boies (admitted pro hac vice)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

James Lee (admitted pro hac vice)
jlee@bsfllp.com
Rossana Baeza (admitted pro hac vice)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
M. Logan Wright (CA Bar No. 349004)
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE GOOGLE    CASE NO. 4:20-CV-03664-YGR-SVK
FROM RELYING ON NON-PUBLIC SOURCE CODE AT TRIAL

11783535v1/016819

Bill Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
Steven Shepard (pro hac vice)
sshepard@susmangodfrey.com
Alexander P. Frawley (pro hac vice)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiffs*

6

PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE GOOGLE          CASE NO. 4:20-CV-03664-YGR-SVK
FROM RELYING ON NON-PUBLIC SOURCE CODE AT TRIAL

11783535v1/016819

7

PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE GOOGLE         CASE NO. 4:20-CV-03664-YGR-SVK
FROM RELYING ON NON-PUBLIC SOURCE CODE AT TRIAL

11783535v1/016819