# GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE 1 TO PRECLUDE GOOGLE FROM RELYING ON NON-PUBLIC SOURCE CODE AT TRIAL

**Redacted Version of Document Sought to be Sealed**

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660)
rachaelmccracken@quinneamanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Counsel for Defendant Google LLC, additional counsel listed on signature block below*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* 1 TO PRECLUDE GOOGLE FROM RELYING ON NON-PUBLIC SOURCE CODE AT TRIAL**<br><br>The Honorable Yvonne Gonzalez Rogers<br>Date: November 29, 2023<br>Time: 9:00 a.m.<br>Location: Courtroom 1 – 4th Floor<br><br>Trial Date: January 29, 2024 |

## I. INTRODUCTION

Plaintiffs' expert Mr. Hochman plans to testify that a particular Google log is evidence that Google joins data from signed-out private browsing with data associated with a user's Google account.[1] *See* Dkt. 1002-3 ("Hochman Second Supp. Rep.") at ¶¶ 43–47. Plaintiffs made the same argument during the sanctions proceedings, and Google produced the code underlying that log to demonstrate that it cannot combine authenticated and unauthenticated log entries. Judge van Keulen reviewed competing expert declarations interpreting that code and denied Plaintiffs' request to preclude Google from contesting the very mischaracterization of the log Mr. Hochman intends to advance at trial. Plaintiffs now seek to exclude key evidence disproving Mr. Hochman's assertions. Precluding Google from relying on the disputed code would not only be unfair and unduly prejudicial, but it would also pose a real risk of misleading the jury.

Plaintiffs, for their part, can claim no prejudice. Plaintiffs' expert Jay Bhatia spent multiple days reviewing the code they now seek to exclude—along with ▇▇▇ *additional* lines of code Google provided at Plaintiffs' request—nearly a year before trial. Mr. Hochman himself had the opportunity to review the code, but declined. The Court should deny Plaintiffs' Motion.

## II. BACKGROUND

### A. Plaintiffs Placed the Source Code at Issue By Misrepresenting the Import of a Log Google Identified in the Course of the Second Sanctions Proceedings

The disputed code is relevant because *Plaintiffs* put it at issue. During the course of the supplemental sanctions proceedings, Plaintiffs argued (incorrectly) that a particular log Google disclosed shows "how Google joins private browsing data with authenticated data." Dkt. 655-1 (Pls. Supp. Sanctions Br.) at 2; *see also id.* at 2–3 ("[T]hese additional logs contain highly relevant data . . . , including . . . private browsing data that Google joins with authenticated data."). To rebut Plaintiffs' inaccurate characterizations, Google's expert Dr. Psounis examined the code underlying the log and determined that it prohibits the combination of authenticated

---

[1] Google has separately moved to exclude those opinions as irrelevant and unreliable, *see* Dkt. 1003, and exclude in *limine* argument regarding "joining" authenticated and unauthenticated data. If Google's motions are granted, Google does not expect to introduce source code at trial.

1  and unauthenticated log data. Dkt. 797-21 (Nov. 30, 2022 Psounis Decl.) ¶ 18.

2  Pursuant to Judge van Keulen's order that "Google must provide to Plaintiffs and the Court all facts or data considered by any person proffering evidence," Google invited Plaintiffs' experts to review the code Dr. Psounis relied on. Dkt. 797-3 (Google's Resp. to Order to Show Cause) at 10; Dkt. 857-05 (email correspondence with Plaintiffs) at 11. Plaintiffs' expert Jay Bhatia examined that code in December 2022 and submitted a declaration opining that it was insufficient to validate Dr. Psounis's opinions. Dkt. 834-3. To resolve these putative insufficiencies, Google produced an additional ▮▮▮ lines of related code and agreed with Plaintiffs on a schedule by which its experts would examine that code and submit any further opinion or argument. Dkt. 857-06 at 1–2. Mr. Bhatia spent two days examining that additional code in February 2023 and chose to submit no further opinion. Dkt. 942-4 ¶ 12. After reviewing the parties' submissions, Judge van Keulen properly denied Plaintiffs' request to "preclude[] [Google] from arguing that it does not join Incognito browsing data to authenticated data." Dkt. 755-7 (Plaintiffs' requests for preclusive sanctions); *see* Dkt. 898 (order denying Plaintiffs' requested evidentiary preclusion).

B.  **Mr. Hochman Declined to Review the Source Code Even Though Google Made It Available to Him**

Plaintiffs' claim that "Mr. Hochman did not have access to that code while drafting any of his reports" is an affirmative misrepresentation. Plaintiffs served Mr. Hochman's Second Supplemental Report on June 23, 2023, *six months* after Plaintiffs chose *not* to have Mr. Hochman inspect the code Google offered. Plaintiffs' assertions that Google deprived Mr. Hochman of access to that code contradict his own sworn testimony acknowledging the "proffer of source code by Google, which [he] essentially rejected" after "ask[ing] Jay [Bhatia] to look at it" and determining that "it didn't appear to be . . . the kind of review that [he] would like to do." Oct. 10, 2023 Hochman Rough Tr. 15:3–16, 55:3–8.

C.  **Mr. Hochman Placed the Code at Issue In His Eleventh-Hour Second Supplemental Report**

After the sanctions proceedings concluded, Google had no further intention of relying on

the disputed code, especially in light of Plaintiffs' admission that they "do not have evidence that [the logs at issue] joined [authenticated and unauthenticated] data." Mar. 2, 2023 Hrg. Tr. 66:1–3.[2] Google has included that code on its trial exhibit list only because on June 20, 2023—more than six months after Google produced the code Mr. Hochman declined to review—Plaintiffs served Mr. Hochman's Second Supplemental Report, which once again placed the disputed code at issue, including by: (i) "address[ing] in [his] report" a declaration concerning that code, see Hochman Second Supp. Rep. ¶ 2; and (ii) repeating Plaintiffs' disproven claims that a Google log joins authenticated and unauthenticated data, id. ¶¶ 43–47. If Plaintiffs do not raise these arguments at trial, Google has no intention of relying on source code.

### III.   ARGUMENT

There can be no dispute that the code at issue is relevant. Mr. Hochman intends to testify that a Google log shows that Google joins signed-out private browsing data with authenticated data, Hochman Second Supp. Rep. ¶¶ 43–47, and the disputed code definitively proves the contrary. That is exactly the kind of probative evidence that must be admitted under Rule 402. Indeed, excluding that evidence would unduly prejudice Google, and mislead the jury, by depriving Google of a full opportunity to explain the falsity of Mr. Hochman's opinions.

Plaintiffs also cannot argue that this evidence is prejudicial to them. First, Mr. Hochman had every opportunity to inspect the disputed code (and Dr. Psounis's analysis thereof) during the sanctions proceedings, and elected not to. Even so, another of Plaintiffs' experts spent multiple days examining that code—as well as numerous related code files Google produced at Plaintiffs' request—nearly a year before trial. Moreover, despite Plaintiffs' accusations of "informational imbalance," there is no unfair asymmetry here: neither Dr. Psounis nor any other

---

[2] As Google explained to Plaintiffs in February 2023, "Google . . . does not intend to rely on source code for purposes other than the [sanctions proceedings]," but "[t]o the extent Plaintiffs later put the [disputed] log at issue and claim it joins authenticated and unauthenticated data, Google reserves the right to rely on the code on which it has already relied in the course of responding to the OSC." That is exactly what Mr. Hochman has done. Plaintiffs' argument that they "never agreed" to Google's reservation of rights, Mot. 3, is irrelevant to their so-called "prejudice." Google made its position clear in writing nearly a year before trial, and Plaintiffs did not object. Dkt. 942-4 ¶ 10.

1  Google expert has reviewed *any* code that was not produced to Plaintiffs, and Plaintiffs deposed
2  Dr. Psounis for seven hours on his rebuttal to Mr. Hochman's June 20 report, including his
3  source code analysis.

4  Second, Plaintiffs' argument that Google "*deprived* Plaintiffs of the ability to conduct
5  any discovery regarding any Source Code" through "repeated obstruction," Mot. 4, is deeply
6  misleading. Google did not "deprive" Plaintiffs of anything; *the Special Master and Judge van*
7  *Keulen rejected Plaintiffs' demand* that Google produce certain categories of code—none of
8  which had anything to do with the code at issue here[3]—because those requests were "overbroad
9  and not proportional to the needs of the case." Dkt. 299 at 12; Dkt. 331 at 2–3. That Plaintiffs'
10 prior discovery requests were overbroad should not preclude Google from rebutting their false
11 assertions now, particularly where Google has (i) disclosed its opinions in an expert report, (ii)
12 subjected that expert to deposition, and (iii) made the relevant code available to Plaintiffs.

13 None of Plaintiffs' cases supports exclusion here. Unlike in *Apple v. Samsung*, 2012 WL
14 1595784, at **3–4 (N.D. Cal. May 4, 2012), Plaintiffs' expert had ample opportunity to review
15 the code and simply declined. Unlike in *Yeti by Molly v. Deckers Outdoor*, 259 F.3d 1101, 1106–
16 07 (9th Cir. 2001), Google served Dr. Psounis's report in response to Plaintiffs' own eleventh-
17 hour report—and in any event did so more than "one month before [trial]" and with more than
18 sufficient time for Plaintiffs to depose him (which they did, for seven hours, on October 9, 2023).
19 And unlike in *Cornell v. Hewlett Packard*, 2006 WL 5097357, at *21 (N.D.N.Y. Nov. 13, 2006),
20 Plaintiffs here opened the door for Google to rely on the disputed code by offering new post-
21 discovery opinions, and Google gave them a full opportunity both to examine the relevant code
22 and depose Dr. Psounis on his opinions about it.

23 **IV.  CONCLUSION**

24 For the foregoing reasons, the Court should deny Plaintiffs' motion *in limine* to exclude
25 evidence and argument regarding Google's production of source code.

26

---

27 [3] For instance, the "eight separate requests for certain Source Code" Plaintiffs refer to in their motion, Mot. 1, were for code associated with Chrome browser functions, websites using Google
28 Analytics, and websites using Google Ad Manager—not the function of the log at issue.

| | | |
|---|---|---|
| 1 | DATED: October 17, 2023 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | By  */s/ Andrew H. Schapiro* |

                                 Andrew H. Schapiro (admitted *pro hac vice*)
                                 andrewschapiro@quinnemanuel.com
                                 Teuta Fani (admitted *pro hac vice*)
                                 teutafani@quinnemanuel.com
                                 Joseph H. Margolies (admitted *pro hac vice*)
                                 josephmargolies@quinnemanuel.com
                                 191 N. Wacker Drive, Suite 2700
                                 Chicago, IL 60606
                                 Telephone: (312) 705-7400
                                 Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (CA Bar No. 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

|   |   |
|---|---|
| 1 | Jomaire Crawford (admitted pro hac vice) |
| 2 | jomairecrawford@quinnemanuel.com<br>D. Seth Fortenbery (admitted *pro hac vice*) |
| 3 | sethfortenbery@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor |
| 4 | New York, NY 10010<br>Telephone: (212) 849-7000 |
| 5 | Facsimile: (212) 849-7100 |
| 6 | Xi ("Tracy") Gao (CA Bar No. 326266) |
| 7 | tracygao@quinnemanuel.com<br>Carl Spilly (admitted *pro hac vice*) |
| 8 | carlspilly@quinnemanuel.com<br>1300 I Street NW, Suite 900 |
| 9 | Washington D.C., 20005<br>Telephone: (202) 538-8000 |
| 10 | Facsimile: (202) 538-8100 |
| 11 |   |
| 12 | Jonathan Tse (CA Bar No. 305468)<br>jonathantse@quinnemanuel.com |
| 13 | 50 California Street, 22nd Floor<br>San Francisco, CA 94111 |
| 14 | Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| 15 | *Attorneys for Defendant Google LLC* |