**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 629-9040
alanderson@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

        Plaintiffs,

        v.

GOOGLE LLC,

        Defendant.

Case No.:  4:20-cv-03664-YGR-SVK

**PLAINTIFFS' MOTION *IN LIMINE* NUMBER 2 TO PRECLUDE ARGUMENT OR EVIDENCE ON IMPLIED CONSENT**

Judge: Hon. Yvonne Gonzalez Rogers
Date: November 15, 2023
Time: 9:00 a.m.

## I.   INTRODUCTION

The Court's denial of certification of a damages class makes any evidence or argument concerning "implied consent" to Google's conduct by absent class members irrelevant to the trial of this case. The Court said in its summary judgment ruling that only express consent remains at issue, and Google has admitted that implied consent is not relevant to the injunctive relief that Plaintiffs seek. There is no evidence that any named plaintiff was aware of Google's collection of private browsing data before becoming involved with this suit, and Google should be prohibited from insinuating to the contrary in front of the jury with the evidence that it has proffered on implied consent in general. The introduction of such evidence would vitiate this Court's decision not to certify a damages class in this case precisely in order to avoid litigation of this issue.

## II.   BACKGROUND

This Court has denied certification of a class under Fed. R. Civ. P. 23(b)(3) because it concluded that "individual issues of implied consent are likely to predominate over any common issues" if such a class were certified. Dkt. 803 at 32. Its order denying (b)(3) class certification identified four kinds of evidence that Google proffered "to show consumers consented to, or had adequate notice of, the data collected, stored, and disclosed" that is at issue in this case. *Id.* at 30. The first category consisted of "experts' surveys detailing how class members had divergent knowledge and expectations regarding their privacy in private browsing mode." *Id.* The second was "media and academic reports that publicly disclosed the alleged conduct and the fact that 40% of named plaintiffs were aware of media and academic reports discussing the privacy limitations of private browsing mode." *Id.* at 31. The Third was "a declaration … that describes a developer tool that users can use to see, in real time, what data is being collected when users are browsing in private mode." *Id.* And the last is the same declaration's discussion of "various other ways users' knowledge of the alleged conduct could vary" including "a 'Learn More' hyperlink that took users to different pages throughout the class period." *Id.* "[D]etermining whether class members impliedly consented to the alleged conduct" at issue, the Court concluded, would require determining "the sources of information to which each class member was exposed" in view of such evidence.

1

1    In its Order Denying Google's Motion for Summary Judgment, this Court found that "only

2  explicit, not implied, consent [was] at issue" following its decision not to certify a (b)(3) class based

3  on the finding that "individual issues predominated" on "Google's affirmative defense of implied

4  consent." Dkt. 969, at 13 n.12. Google has nevertheless indicated that despite these rulings, it still

5  intends to prove at trial that "Plaintiffs and other class members also impliedly consented, as Google

6  will establish through expert surveys, media and academic reports, browser developer tools, Google

7  help pages, and evidence relating to Plaintiffs." Draft Pretrial Statement, at 50.

8  **III.    ARGUMENT**

9    Plaintiffs respectfully request that the Court exclude the specific categories of evidence that

10  Google has proffered in support if its affirmative defense of implied consent, and any argument that

11  the named plaintiffs or absent class members impliedly consented to the conduct at issue in this case.

12  This Court has already recognized that its decision not to certify a (b)(3) class effectively severs

13  Google's affirmative defense of implied consent from the trial of this case. The evidence that Google

14  has proffered on that issue has no bearing on any issue remaining for trial. And any probative value

15  of that evidence would be substantially outweighed by unfair prejudice, confusion, and delay.  Fed.

16  R. Evid. 402, 403.

17    *First*, the specific categories of proffered evidence identified in this Court's class

18  certification decision are irrelevant to the individual class representatives' damages claims that

19  remain set for trial despite the denial of the (b)(3) class certification. Survey results regarding

20  purportedly disparate privacy expectations of absent class members have nothing to do with the

21  expectations of the class representatives. Neither do media reports that the class representatives have

22  not seen.[1] Indeed, as the Court noted, "with the exception of the developer tool data, Google's data

23

24  _____

[1] The Court's certification order alluded to Google's argument that two of the named plaintiffs "were
aware of media and academic reports discussing the privacy limitations of private browsing mode."
25  Dkt. 803 at 31 (citing Dkt. 659-3 at 5-6). Google is mischaracterizing those plaintiffs' deposition
testimony. For Davis, Google omitted his critical testimony (from the same page of the transcript, no
26  less) where he explained how he "recall[ed] reading Google responding to that article [he read]" to
refute points it made. Ex. 1 (Davis Tr.) 82:9-18. Google's mischaracterization of Trujillo's testimony
27  is even more egregious. The "article" she read was about *this case*, and after she read the article she

28

2

1  is not connected to any particular class member ….” Dkt. No. 803 at 32 n.12.[2] And even in the case

2  of the developer tool that a user allegedly *could* use to show what data is being collected during

3  private browsing, there is no evidence that the only plaintiff who was aware of its existence ever

4  discovered that alleged capability or used it for that purpose. *See* Dkt. 803 at 31 (citing Dkt. 666-2

5  Ex. 25, 47:17-49:12). Google should not be permitted to confuse the jury with such evidence without

6  first establishing foundation and relevance with the Court.

7         *Second*, evidence that some absent class members may have been exposed to alleged

8  information about Google's practices has no bearing on any of the class issues that the Court has

9  certified under Fed. R. Civ. P. 23(b)(2). Google's counsel has admitted: “There is not an implied

10  consent defense that I can think of that is specific to injunction.” Oct. 11 Tr. at 20:4–6. Plaintiffs'

11  counsel can't think of any either. Because it is not disputed even by Google's own survey expert that

12  at least some large portion of the class was not aware of Google's practices, it is not relevant to

13  Google's liability for injunctive relief to the class as a whole whether others may have been. Anyone

14  who may have hypothetically been aware of Google's collection of private browsing information

15  could not possibly object to an injunction requiring Google to disclose clearly and affirmatively

16  what they purportedly already know, or to stop collecting that information.

17  **IV.    CONCLUSION**

18         For the foregoing reasons, Plaintiffs respectfully request that this Court exclude all evidence

19  and argument regarding implied consent at trial.

20

21  Dated: October 17, 2023              Respectfully submitted,

22

23                        By: /s/ *Mark Mao*

24  “reached out to the firm” to become involved. Ex. 2 (Trujillo Tr.) 27:21-28:2; see also *id.* 91:3-92:23. The transcripts refute Google's claim that these two plaintiffs were long ago made aware of the

25  challenged conduct through news articles.

26  [2] This includes the fact that Plaintiffs' expert Bruce Schneier, a renowned security expert, wrote a

27  book that none of the named plaintiffs have been shown to have read, in which he warned against certain limitations of private browsing modes. *See* Schneier Dep. 71:18–72:3.

28                              3

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile (415) 293-6899

David Boies (admitted pro hac vice)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

James Lee (admitted pro hac vice)
jlee@bsfllp.com
Rossana Baeza (admitted pro hac vice)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
M. Logan Wright (CA Bar No. 349004)
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Bill Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
Steven Shepard (pro hac vice)
sshepard@susmangodfrey.com
Alexander P. Frawley (pro hac vice)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.

4

1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiffs*

5