**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660)
rachaelmccracken@quinneamanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Counsel for Defendant Google LLC, additional counsel listed on signature block below*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 4:20-cv-03664-YGR-SVK <br><br> **GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* 2 TO PRECLUDE ARGUMENT OR EVIDENCE ON IMPLIED CONSENT** <br><br> The Honorable Yvonne Gonzalez Rogers <br> Date: November 29, 2023 <br> Time: 9:00 a.m. <br> Location: Courtroom 1 – 4th Floor <br><br> Trial Date: January 29, 2024 |

## I.      INTRODUCTION

Plaintiffs' Motion *in Limine* 2 To Preclude Argument or Evidence on Implied Consent ("Motion") turns on a false premise—that the Court's "decision not to certify a (b)(3) class effectively severs Google's affirmative defense of implied consent from . . . trial." Mot. 2. While that defense indeed presents individualized inquiries that preclude a classwide finding of liability or entitlement to damages, implied consent remains relevant to both the named Plaintiffs' individual claims and to the appropriateness of classwide injunctive relief.  In seeking to exclude that issue, Plaintiffs effectively (and improperly) ask the Court to grant summary judgment on Google's implied consent defense as to each named Plaintiff. Moreover, the evidence Plaintiffs seek to preclude is relevant to trial issues beyond implied consent, and on that independent basis should not be excluded. The Motion should be denied.

## II.      ARGUMENT

## A.      Individual Plaintiffs' Implied Consent Remains a Live Issue at Trial

The Court denied Plaintiffs' motion to certify a damages class under Rule 23(b)(3) because "determining whether class members impliedly consented to the alleged conduct . . . would require individualized assessment into class members' experience" including what they "knew, read, saw, or encountered." Dkt. 803 ("Class Cert. Ord.") at 32. That is equally true for the named Plaintiffs as for any other class member.[1] *See id.* ("The Court expects that the parties will also litigate the issue [of implied consent] at trial."). Simply stated, Google is entitled to pursue its implied consent defense when the named Plaintiffs present their cases, including by showing that each was exposed to sources of information that put them on "adequate notice" of Google's data collection practices. Class Cert. Ord. 30–31. Those sources include Google Help Center articles, books, media reports, and Chrome's own "tool that users can use to see, in real

---

[1] Plaintiffs twist the Court's words in asserting that the summary judgment order "found that only explicit, not implied, consent" remains at issue in the case. Mot. 2. What the Court held was that only explicit consent "is at issue *here*," that is, in Google's summary judgment motion. Dkt. 969 at 13 n.12. But that motion raised only arguments on which Google believed there was no material dispute of fact as to Plaintiffs and the class. A broader range of arguments are available at trial—where the jury will both resolve factual disputes and evaluate each named Plaintiff's claims individually.

GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* 2 RE: IMPLIED CONSENT

1   time, what data is being collected when users are browsing in private mode." *Id.*

2   Plaintiffs assert that no named Plaintiff actually *was* exposed to the posts, reports, or

3   tools giving them notice of the challenged conduct, Mot. 2–3 & n.1, but those are *disputed*

4   *questions of fact*, not a basis to exclude evidence. The Court should not give Plaintiffs a free

5   pass by accepting their self-serving deposition testimony (which, at any rate, did not address

6   every source from which consent could be implied) rather than allowing the jury to test their

7   credibility. *See United States v. Leal-Del Carmen*, 697 F.3d 967, 972 (9th Cir. 2012) ("[T]he

8   weight and credibility of testimony is for the jury to determine."). Indeed, Plaintiffs' Motion

9   concedes at least one plaintiff "*was* aware of" Chrome's tool that shows transmissions to Google

10   in real time, even if he now claims not to have "used it for that purpose." Mot. 2 (emphasis

11   added).

12   **B.      Implied Consent Is Relevant to Injunctive Relief**

13   The evidence Plaintiffs seek to exclude is also relevant to the appropriateness of

14   classwide injunctive relief. As Google explained in its opposition to Plaintiffs' *Daubert* motion

15   to exclude the same surveys at issue here, evidence that millions of class members understood

16   and consented to the challenged conduct is highly relevant to whether any (and, if so, what)

17   injunction should issue.[2] Dkt. 1004-1 at 6–7. The same is true of Google Help Center articles

18   and media reports that put millions of readers on notice that Google receives data from private

19   browsing sessions.[3]

20   Plaintiffs' contrary argument—that as long as "at least some" of the class was not aware

21   Google received all of the data at issue, "it is not relevant to Google's liability for injunctive

22

23   _____

24   [2] Plaintiffs' emphasis on Google's statement that implied consent is not a defense "specific to injunction," Mot. 3, is misplaced. Implied consent is a defense to *liability*, which Plaintiffs admit is a prerequisite to injunctive relief. Dkt. 932 (Plaintiffs' Rule 23(c)(4) Reply) at 5 ("[T]o secure

25   injunctive relief, Plaintiffs will need to prevail on the disputed liability issues"); *see, e.g.*,

26   *Rockridge Tr. v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1167 (N.D. Cal. 2013) ("[A] cause of action must exist before injunctive relief may be granted.").

27   [3] For instance, the class certification order recognized that users viewed a Google Help Center article that might have put them on notice of the challenged collection around *30 million times*.

28   Class Cert. Ord. 31.

1   relief to the class as a whole whether others might have been," Mot. 3—finds no support in the

2   law (and Plaintiffs cite none). It also squarely contradicts binding Supreme Court and Ninth

3   Circuit precedent.

4   First, evidence that a majority of class members impliedly consented to the challenged

5   conduct is relevant to whether "a single injunction" would "provide relief to each member of the

6   class," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011), such that injunctive relief is

7   "appropriate respecting the class as a whole," Fed. R. Civ. P. 23(b)(2). Second, that evidence

8   bears on a key prerequisite to *any* permanent injunction: whether "considering the balance of

9   hardships between the plaintiff[s] and defendant, a remedy in equity is warranted." *Galvez v.*

10   *Jaddou*, 52 F.4th 821, 831 (9th Cir. 2022). And third, the same evidence would inform the

11   appropriate *scope* of any resulting injunction, which is "dictated by the extent of the violation

12   established," *Lewis v. Casey*, 518 U.S. 343, 360 (1996) (internal quotation marks omitted); *see*

13   *also McCormack v. Hiedeman*, 694 F.3d 1004, 1019 (9th Cir. 2012) ("A district court abuses its

14   discretion by issuing an 'overbroad' injunction."). Plainly, evidence that Google is not liable to

15   *more than half* of the class is material to an inquiry focused on "relief to each member of the

16   class," the "balance of hardships" and the "extent of the violation established."

17   Plaintiffs cannot evade this blackletter law with a conclusory assertion about what

18   millions of class members might want. *See* Mot. 3 (arguing "[a]nyone who may have

19   hypothetically been aware of Google's collection of private browsing information could not

20   possibly object to an injunction requiring Google to disclose clearly and affirmatively what they

21   purportedly already know, or to stop collecting that information."). Class members who already

22   understand Google's disclosures may well object to complicating them with additional (and

23   potentially more confusing) verbiage. And in any event, Plaintiffs seek far more than a change

24   to Google's disclosures, including an order "requir[ing] Google to *remove any services* that were

25   developed or improved with [] private browsing information." Class Cert. Ord. 33; *see*

26   Pretrial Statement (claiming "changes to Google's disclosures would [not] provide

27   adequate relief to the classes" and insisting that Google be ordered to "delete *any* products,

28   algorithms, or services built with *any* private browsing data"). Such a draconian injunction—

GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* 2 RE: IMPLIED CONSENT

which could sweep in numerous popular products like Chrome, Maps, Ads, and Analytics—would negatively affect *hundreds of millions* of class members and non-class members alike.

## C.      The Evidence Plaintiffs Seek To Exclude Is Relevant For Reasons Beyond Implied Consent

Plaintiffs' Motion should also be denied because the evidence at issue is also relevant to claims and defenses beyond implied consent. Professor Amir's survey evidence is relevant to each of Plaintiffs' causes of action, as Google has already explained. *See* Dkt. 1004-1 at 4–5. Disclosures by Google and other browser manufacturers, news articles, and even a book published by Plaintiffs' own privacy expert, that describe the limitations of private browsing are similarly relevant. For instance, Google's widely read Help Center articles bear on whether users reasonably expected their communications to be recorded under CIPA § 632, whether Google used data "without permission" under CDAFA, and whether Plaintiffs had "a reasonable expectation of privacy" or Google's conduct was so "highly offensive" that it gives rise to constitutional or tort liability. Broad media coverage—including articles describing the *benefits* of Incognito mode[4]—is also relevant evidence that Google's data collection practices are not the "egregious breach of social norms" necessary to establish liability under California law. *See Hill v. Nat'l Coll. Ath. Ass'n.*, 7 Cal. 4th 1, 37 (1994).

## III.     CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to exclude evidence and argument regarding implied consent.

---

[4] *See, e.g.*, Pamela J. Hobart, Bustle, "These Are All Good Reasons To Use Incognito Mode," (2016), *available at* https://www.bustle.com/articles/184465-11-reasons-to-use-incognito-mode-when-browsing-the-internet-according-to-reddit; Joe McGauley, Thrillist, "What Chrome's Incognito Mode Is Actually For, Explained by a Google Exec," (2017), *available at* https://www.thrillist.com/entertainment/nation/what-is-incognito-mode-google-chrome.

GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* 2 RE: IMPLIED CONSENT

1   DATED:  October 17, 2023          Respectfully submitted,

2                                     QUINN EMANUEL URQUHART &
3                                     SULLIVAN, LLP

4                                     By   */s/ Andrew H. Schapiro*

5                                        Andrew H. Schapiro (admitted *pro hac vice*)
                                         andrewschapiro@quinnemanuel.com
                                         Teuta Fani (admitted *pro hac vice*)
6                                        teutafani@quinnemanuel.com
                                         Joseph H. Margolies (admitted *pro hac vice*)
7                                        josephmargolies@quinnemanuel.com
                                         191 N. Wacker Drive, Suite 2700
8                                        Chicago, IL 60606
                                         Telephone: (312) 705-7400
9                                        Facsimile: (312) 705-7401
10
                                         Diane M. Doolittle (CA Bar No. 142046)
11                                       dianedoolittle@quinnemanuel.com
                                         Sara Jenkins (CA Bar No. 230097)
12                                       sarajenkins@quinnemanuel.com
                                         555 Twin Dolphin Drive, 5th Floor
13                                       Redwood Shores, CA 94065
                                         Telephone: (650) 801-5000
14                                       Facsimile: (650) 801-5100
15
                                         Stephen A. Broome (CA Bar No. 314605)
16                                       stephenbroome@quinnemanuel.com
                                         Viola Trebicka (CA Bar No. 269526)
17                                       violatrebicka@quinnemanuel.com
                                         Crystal Nix-Hines (Bar No. 326971)
18                                       crystalnixhines@quinnemanuel.com
                                         Rachael L. McCracken (CA Bar No. 252660)
19                                       rachaelmccracken@quinnemanuel.com
                                         Alyssa G. Olson (CA Bar No. 305705)
20                                       alyolson@quinnemanuel.com
                                         865 S. Figueroa Street, 10th Floor
21                                       Los Angeles, CA 90017
                                         Telephone: (213) 443-3000
22                                       Facsimile: (213) 443-3100

23

24

25

26

27

28

GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* 2 RE: IMPLIED CONSENT

1

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com

2

D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com

3

51 Madison Avenue, 22nd Floor
New York, NY 10010

4

Telephone: (212) 849-7000

5

Facsimile: (212) 849-7100

6

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com

7

Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com

8

1300 I Street NW, Suite 900

9

Washington D.C., 20005
Telephone: (202) 538-8000

10

Facsimile: (202) 538-8100

11

Jonathan Tse (CA Bar No. 305468)

12

jonathantse@quinnemanuel.com
50 California Street, 22nd Floor

13

San Francisco, CA 94111
Telephone: (415) 875-6600

14

Facsimile: (415) 875-6700

15

*Attorneys for Defendant Google LLC*

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 4:20-cv-03664-YGR-SVK

GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* 2 RE: IMPLIED CONSENT