**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 629-9040
alanderson@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NUMBER 3 RE: USE OF GOOGLE SERVICES BY THE COURT, LAW FIRMS, AND EXPERTS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: November 29, 2023<br>Time: 9:00 a.m. |

## I.   INTRODUCTION

Google has, at times, sought to distract from the core issues in this case by referencing the use of certain Google services by the Court, by the law firms retained by Plaintiffs, and Plaintiffs' expert witnesses. This happened for the first time during the motion to dismiss hearing, when Google's counsel argued that this Court's use of certain Google services within the Court's website somehow supported Google's position that websites consent to Google collecting user data, including when users are in private browsing mode. Google's contention that the Court was somehow aware of and even authorized Google's collection of users' private browsing data rightfully "disturbed" the Court and led to a series of mandatory declarations, depositions, and other discovery that are tangentially relevant to the current issues. Google has likewise, at times, focused on how the law firms representing Plaintiffs in this litigation use certain Google services within their websites. Most recently, Google even included in its latest draft Pretrial Statement references to how two of Plaintiffs' experts—Mr. Hochman and Mr. Keegan—use Google services on their professional websites. None of this is relevant and risks confusing the jury. Plaintiffs respectfully request that the Court preclude Google from referencing any use of Google services by the Court, Plaintiffs' counsel, and Plaintiffs' experts.

## II.   BACKGROUND

During the February 2021 hearing on Google's motion to dismiss, Google's counsel asserted that "[t]he Northern District of California Courts own website uses third-party service providers to display ads in the same, the exact kind of ad technology at issue here." Dkt. 104, 47:13–16. Google's claims prompted concern by Judge Koh. *Id.* at 48:7–25; 49:1 ("I'm deeply disturbed that you would say that the Court's website is selling stuff for third parties."). While Google attempted to backpedal its arguments, Judge Koh stated: "[y]ou're not just providing the service that the Court has contracted. You're saying, in addition, give me a copy beyond . . . providing this service to the Court, we want to know and keep track of every user who is accessing the Court's website." *Id.* at 50:4–11. The Court continued, "I guess I'm disturbed then if you're saying that you're getting that duplicate and collecting that duplicate information of users' browsing history from everyone

1

accessing the court's website. Is that what Google is doing?" *Id.* at 51:19–23.

Google acknowledged this was precisely what they *were* doing. *Id.* at 52:10–15. That admission by Google created a hearing within a hearing with the Court ordering further discovery, including a declaration from the Defendant and Defendant's counsel, to respond to the Court's questions. *Id.* at 54:14–19 ("[b]ecause I'm very curious now. If they're going to say the court is involved in doing this, then let's get *a lot* of discovery on exactly what is happening so that the court is aware of what's happening with the User's information to the Court's website." (emphasis added)). While Google provided declarations about its research into the Court's webpage and what that research meant, many of the Court's questions remain unanswered. Dkt. 111 at 2:2–4 ("Neither Google filing explains, as the Court requested, exactly what Google is doing with the information it collects when people visit the Court's website, both for the third-party services (*i.e.*, services Google provides to the Court) and Google's own separate purposes."). Google's argument was entirely irrelevant to the issue of website consent and cost the Court and Counsel days of time and resources.

Google also sought to distract from the core issues in this case by seeking discovery on the use of Google services by Plaintiffs' counsel. In its fifth set of Requests for Admission ("RFAs"), Google sought an admission that Plaintiffs' counsel use various Google products—including Google Analytics, Fonts, Tag Manager, and Ad Manager—on their firm websites. *See* Plaintiffs' Objections and Responses to Defendant's Fifth Set of RFAs (Ex. 1). Google has likewise marked written discovery designations for its questions about whether Plaintiffs visited their counsel's websites, signaling Google's intent to use this evidence. *Id.* Moreover, Google requested an admission that Plaintiffs' counsel did not require user consent to data collection on their websites, and that Plaintiffs visited those websites. *Id.* Google highlighted some of this same information in an expert report. *See* Zervas Rebuttal Report ¶¶ 66–67 (Dkt. 659-13). And in the most recent version of its Pretrial Statement (received September 8, 2023), Google relies on the fact that two of Plaintiffs' experts, Mr. Hochman and Mr. Keegan, continue to use Google services on their websites despite being "fully aware that Google receives the at-issue data from website users in private browsing mode." *See* Draft Pretrial Statement at 41.

2

III.    **ARGUMENT**

Plaintiffs respectfully ask the Court to preclude Google from introducing evidence or argument relating to the use of Google services by the Court, Plaintiffs' counsel, and Plaintiffs' experts. Such evidence or argument would have zero bearing on the issues to be tried in this case, and any probative value would, in any case, be substantially outweighed by unfair prejudice, confusion, and delay. Fed. R. Evid. 402, 403.

*First*, such evidence and argument are irrelevant. While one party's consent is a defense to the Federal Wiretap Act, use of Google services by Plaintiffs' counsel, their experts, or the Court does not tend to make it more or less probable that "websites consented to or even knew about, the interception of their communications with users who were in private browsing mode." Dkt. 113 at 22.

*Second*, even if this evidence were in any way relevant to some issue (it is not), relevant evidence should be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, the dangers of admitting the evidence substantially outweigh any potential probative value. "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (citing *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992)). This evidence could confuse the jury, especially regarding their respect for the Court. *United States v. Allen,* 341 F.3d 870, 886 (9th Cir.2003) ("'[u]nfair prejudice' ... means 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one'"); *In re: Cathode Ray Tube (CRT) Antitrust Litig.,* 2016 WL 6246736, at *11 (N.D. Cal. Oct. 26, 2016) ("Whether there was unfair prejudice depends on whether there was an 'undue tendency to suggest decision on an improper basis.'") (quoting *United States v. Sills*, 120 F.3d 917, 920 (8th Cir. 1997)).

In this case, there is an exceptionally high risk of undue delay and wasted time, where there

3

1   was a full-day deposition and other tangential discovery focused on the Court's use of Google

2   services. If Google were to present this evidence, Plaintiffs' counsel would then be put in the position

3   of needing to explain the use of Google's services by the Court, the law firms retained by Plaintiffs,

4   and Plaintiffs' experts, including Google's market dominance in search and other services. This

5   could mislead the jury into giving undue importance to collateral issues. *See also United States v.*

6   *Casoni*, 950 F.2d 893, 919 (3d Cir. 1991) ("Rule 403 authorizes a district court in its broad discretion

7   to exclude collateral matters that are likely to confuse the issues."). This process would also lead to

8   an unnecessary tangent of mini-trials and confusion that Rule 403 balancing seeks to avoid. *In re*

9   *Cathode Ray Tube (CRT) Antitrust Litig.*, 2016 WL 7803893, at *2 ("One function of Rule 403 is to

10   avoid the introduction of large quantities of extrinsic evidence to create mini-trials regarding

11   tangentially related matters." (cleaned up)).

12   **IV.    CONCLUSION**

13        Plaintiffs respectfully request that this Court preclude Google from introducing evidence and

14   argument regarding the use of Google services by the Court, Plaintiffs' counsel, and Plaintiffs'

15   experts.

16

17   Dated:  October 17, 2023          Respectfully submitted,

18

19                       By:   */s/ Mark Mao*

20                       Mark C. Mao (CA Bar No. 236165)
     mmao@bsfllp.com
     Beko Reblitz-Richardson (CA Bar No. 238027)

21                       brichardson@bsfllp.com
     BOIES SCHILLER FLEXNER LLP

22                       44 Montgomery Street, 41st Floor
     San Francisco, CA 94104

23                       Telephone: (415) 293-6800

24                       Facsimile (415) 293-6899

25                       David Boies (admitted pro hac vice)
     dboies@bsfllp.com

26                       BOIES SCHILLER FLEXNER LLP

27                       333 Main Street

28                               4

Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

James Lee (admitted pro hac vice)
jlee@bsfllp.com
Rossana Baeza (admitted pro hac vice)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
M. Logan Wright (CA Bar No. 349004)
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Bill Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
Steven Shepard (pro hac vice)
sshepard@susmangodfrey.com
Alexander P. Frawley (pro hac vice)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (pro hac vice)

5

jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION *IN LIMINE* 3 RE:                    CASE NO. 4:20-CV-03664-YGR-SVK
USE OF GOOGLE SERVICES

11783577v1/016819