1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2  Stephen A. Broome (CA Bar No. 314605)  Andrew H. Schapiro (admitted *pro hac vice*)
   stephenbroome@quinnemanuel.com  andrewschapiro@quinnemanuel.com
3  Viola Trebicka (CA Bar No. 269526)  Teuta Fani (admitted *pro hac vice*)
   violatrebicka@quinnemanuel.com  teutafani@quinnemanuel.com
4  Crystal Nix-Hines (Bar No. 326971)  Joseph H. Margolies (admitted *pro hac vice*)
5  crystalnixhines@quinnemanuel.com  josephmargolies@quinnemanuel.com
   Rachael L. McCracken (Bar No. 252660)  191 N. Wacker Drive, Suite 2700
6  rachaelmccracken@quinneamanuel.com  Chicago, IL 60606
   Alyssa G. Olson (CA Bar No. 305705)  Telephone: (312) 705-7400
7  alyolson@quinnemanuel.com  Facsimile: (312) 705-7401
8  865 S. Figueroa Street, 10th Floor
   Los Angeles, CA 90017
9  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
10
11  Jomaire Crawford (admitted *pro hac vice*)  Xi ("Tracy") Gao (CA Bar No. 326266)
    jomairecrawford@quinnemanuel.com  tracygao@quinnemanuel.com
12  D. Seth Fortenbery (admitted *pro hac vice*)  Carl Spilly (admitted *pro hac vice*)
    sethfortenbery@quinnemanuel.com  carlspilly@quinnemanuel.com
13  51 Madison Avenue, 22nd Floor  1300 I Street NW, Suite 900
    New York, NY 10010  Washington D.C., 20005
14  Telephone: (212) 849-7000  Telephone: (202) 538-8000
    Facsimile: (212) 849-7100  Facsimile: (202) 538-8100
15

16  *Counsel for Defendant Google LLC, additional counsel listed on signature block below*

17
18  **UNITED STATES DISTRICT COURT**
    **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

19  CHASOM BROWN, *et al.*, on behalf of themselves and all others similarly situated,  |  Case No. 4:20-cv-03664-YGR-SVK
20
21          Plaintiffs,  |  **GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* 3 RE: USE OF GOOGLE SERVICES BY THE COURT, LAW FIRMS, AND EXPERTS**
22      v.
23  GOOGLE LLC,
24          Defendant.  |  The Honorable Yvonne Gonzalez Rogers
25  |  Date: November 29, 2023
    |  Time: 9:00 a.m.
    |  Location: Courtroom 1 – 4th Floor
26
27  |  Trial Date: January 29, 2024
28

## I. INTRODUCTION

Plaintiffs' experts and counsel have used the same Google services at issue in this case on their own websites throughout this litigation, fully aware that the services collect and use data from users in private browsing modes ("PBM"). This compelling evidence illustrates that Google's services are commonly used with website consent to provide useful services—regardless of which browser or browser mode a user chooses to use to visit the website. The evidence is directly relevant to both Plaintiffs' Wiretap Act claims (for which website consent is a complete defense) and their privacy claims—where the parties dispute whether Google's data collection is "highly offensive" conduct and provides no social benefit. Plaintiffs offer no compelling reason why this probative evidence should be hidden from the jury.

Plaintiffs' primary concern that the evidence presents "risk of undue delay and wasted time" because there was a "full-day deposition" and other discovery "on the Court's use of Google services" can be put to rest: Google does not intend to reference any use of Google services by the Court at trial. Plaintiffs' motion should be denied.

## II. ARGUMENT

### A. Plaintiffs' Experts and Counsel's Continued Use of the At-Issue Google Services is Highly Relevant

Plaintiffs' experts and counsel's use of Google services on their own websites, knowing that it causes Google to receive PBM data, is highly relevant. Their conduct undermines Plaintiffs' claims that these services' collection of PBM data is an egregious breach of social norms, that websites are unaware this occurs, and that Google's receipt of the at-issue data is not necessary to display websites to PBM users in the way their owners intended. It is highly relevant.

Plaintiffs' conclusory assertion to the contrary should be rejected. *See* Mot. 3. *First*, there is no dispute that website consent is a defense to Plaintiffs' wiretap claims. Mot. 3. Plaintiffs have put this issue front and center, arguing in opposition to summary judgment that "Google has identified *no evidence* suggesting that even a single website knew about Google's collection of private browsing data, let alone consented." Dkt. 924-3 at 16 (emphasis in original). But the evidence that Plaintiffs now seek to exclude is exactly that: evidence of website owners continuing to use Google's

services while aware of the data collection at issue. This is directly relevant to website consent. *See, e.g.*, *Smith v. Facebook, Inc.*, 745 F. App'x 8, 9 (9th Cir. 2018) (consent may be express or "implied where there are surrounding circumstances indicating that an individual knowingly agreed to an action" (quotation omitted)).

*Second*, the evidence is also relevant to whether Google's data collection could be "highly offensive" conduct for purposes of Plaintiffs' privacy claims. For those claims, the jury will have to "consider factors such as the likelihood of serious harm to the victim, the degree and setting of the intrusion . . . and whether countervailing interests or social norms render the intrusion inoffensive." *Hammerling v. Google LLC*, 2022 WL 17365255, at *8 (N.D. Cal. Dec. 1, 2022) (quotation omitted). The jury will also consider whether Google's receipt of the data "furthers legitimate and important competing interests," or is a "socially beneficial activit[y]." *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 38 (1994).

The evidence Plaintiffs seek to conceal from the jury, bears directly on these elements. Plaintiffs' expert Mr. Keegan testified that he does not "see [him]self removing analytics from [his] website" because it "is an important tool for a small company like mine." Ex. A, Keegan Tr. 225:10-226:10. Similarly, Plaintiffs' expert Jonathan Hochman, and Plaintiffs' counsel, continue to use Google services on their websites today, even though they claim in expert reports and briefing that the collection is "unlawful voyeurism" and an outrageous breach of privacy. Ex. B, Hochman Tr. 314:23-316:9.[1] The jury is entitled to consider this evidence when determining whether there are legitimate and competing interests to Plaintiffs' claimed privacy violation.[2]

---

[1] In fact, these websites clearly explain the Google services employed and, in one case, direct website users to Google's disclosures "[f]or more information regarding how Google collects, uses, and shares your information." *See, e.g.*, Ex. C (Morgan & Morgan Privacy Policy, available at https://www.forthepeople.com/privacy-policy/).

[2] Although Plaintiffs' claims for violation of California's Unlawful Competition Law ("UCL") and injunctive relief are to be decided by the Court, this information is also directly relevant to those claims. That Plaintiffs own experts and counsel are using the services bears on Plaintiffs' request that the Court order Google to delete the services and also on the services' utility for purposes of the UCL. *See, e.g., Aubin v. Bonta*, 2023 WL 2717254, at *6 (N.D. Cal. Mar. 29, 2023) (permanent injunction requires plaintiff to prove "that the public interest would not be disserved"); *Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1245–46 (N.D. Cal. 2017) ("Under the UCL's balancing test, a plaintiff states a claim if he alleges that the harm to the public from the business practice is greater than the utility of the practice.").

1   **B.   Federal Rule of Evidence 403 Does Not Preclude this Evidence**

"Exclusion of otherwise relevant evidence under Rule 403 is an extraordinary remedy to be used sparingly." *United States v. Monzon-Silva*, 791 F. App'x 671, 672 (9th Cir. 2020) (quotation omitted). Here, Plaintiffs' primary argument is that the "evidence could confuse the jury," Mot. 3, but they do not explain how.

Their assertion that this evidence would result in a "tangent of mini-trials" and require explanation of "Google's market dominance in search and other services," Mot. 4, is not supported either. Indeed, the topic was addressed with minimal questioning during depositions and other limited discovery, and there is no reason to believe it would require further elaboration at trial. In any event, some discussion of how and why websites use the Google services at issue is inevitable.

Plaintiffs' claimed concern that "there is an exceptionally high risk of undue delay and wasted time" because "there was a full-day deposition and other tangential discovery focused on the Court's use of Google services," Mot. 3-4,[3] can also be put to rest. Google does not intend to reference the Court's website at trial.[4]

**III.   CONCLUSION**

The Motion should be denied.

---

[3] At the hearing, counsel for Google exemplified the non-offensive nature of the Google code at issue by explaining that the Northern District of California website uses certain of this Google code. The District Court Judge presiding over this case then, Judge Koh, misperceived the argument as asserting that "the Court's website is selling stuff for third parties," Dkt. 104, 48:24-49:1, and ordered an inquiry into the Google services the Court's website uses. That inquiry was completed shortly thereafter and this issue was put to rest. *See* Dkts. 106, 107.

[4] This argument rings particularly hollow in light of Plaintiffs themselves seeking to call Google's Rule 30(b)(6) deponent on this topic, Jesse Adkins, at trial. Dkt. 991-6 at 7. If it amounts to "wasted time" for Google to use this evidence, which Google agrees not to do, Plaintiffs should be held to the same standard. Mot. 3-4.

| | | |
|---|---|---|
| 1 | DATED: October 17, 2023 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | By  /s/ Andrew H. Schapiro<br>Andrew H. Schapiro (admitted *pro hac vice*)<br>andrewschapiro@quinnemanuel.com |
| 5 | | Teuta Fani (admitted *pro hac vice*)<br>teutafani@quinnemanuel.com |
| 6 | | Joseph H. Margolies (admitted *pro hac vice*)<br>josephmargolies@quinnemanuel.com |
| 7 | | 191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606 |
| 8 | | Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401 |

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (CA Bar No. 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

1  Xi ("Tracy") Gao (CA Bar No. 326266)
   tracygao@quinnemanuel.com
2  Carl Spilly (admitted *pro hac vice*)
   carlspilly@quinnemanuel.com
3  1300 I Street NW, Suite 900
   Washington D.C., 20005
4  Telephone: (202) 538-8000
   Facsimile: (202) 538-8100
5
   Jonathan Tse (CA Bar No. 305468)
6  jonathantse@quinnemanuel.com
   50 California Street, 22nd Floor
7  San Francisco, CA 94111
   Telephone: (415) 875-6600
8  Facsimile: (415) 875-6700

9  *Attorneys for Defendant Google LLC*