**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 629-9040
alanderson@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NUMBER 4 RE: PLAINTIFFS' CONTINUED USE OF PRIVATE BROWSING MODE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: November 29, 2023<br>Time: 9:00 a.m. |

## I. INTRODUCTION

At trial, Google plans to rely on "Plaintiffs' continued use" of private browsing modes ("PBM"), which in Google's view "eliminates or limits their damages claims," as well as "their right to seek injunctive relief." Google's Draft Pretrial Statement ("PTS") at 22. Google plans to tell the jury that, "since people ordinarily do not subject themselves to 'highly offensive' conduct, Plaintiffs' continued use of PBM belies their allegation." Dkt. 907-3 at 24; *see also* PTS (repeatedly criticizing Plaintiffs for continuing to use private browsing).

That argument is improper and unfair. Google's position risks placing ***"Plaintiffs in a catch-22 that would essentially preclude injunctive relief altogether."*** *In re Yahoo Mail*, 308 F.R.D. 577, 589 (N.D. Cal. 2015). This "catch-22" consists of Plaintiffs either, (A) ceasing their use of private browsing, and Google arguing they lack standing to seek injunctive relief, or B) continuing to use private browsing, and risking that use being weaponized against them (as Google is doing now). In effect: "Heads" Google wins; "Tails" Plaintiffs lose. Courts have recognized this problem, refusing to "impose [that] impossible burden on Plaintiffs." *Id.* This Court should follow their lead and preclude Google from introducing any argument or evidence related to Plaintiffs' continued use of private browsing.

## II. ARGUMENT

Google should not be permitted to weaponize Plaintiffs' standing. Google previously argued that Plaintiffs lack standing to pursue injunctive relief. This Court rejected that argument, relying in part on Google's ongoing interception of private browsing data:

> Google argues that plaintiffs cannot show that the risk of harm is sufficiently imminent and substantial to confer standing for injunctive relief. The Court disagrees. Google's conduct has not stopped. Plaintiffs have demonstrated that absent an injunction, Google will continue to collect users' private browsing data for its own use without users' express consent.

Dkt. 969 at 12. Google now wants to use Plaintiffs' victory against them. Google will tell the jury that Plaintiffs obviously consent to the challenged practices because they know Google is collecting their private browsing data and yet continue to use private browsing, even after filing suit.

Courts have rejected defendants' use of this exact strategy. Google's approach "would put

Plaintiffs in a catch-22" that "impose[s] an impossible burden on Plaintiffs" and could "essentially preclude injunctive relief altogether." *In re* Yahoo, 308 F.R.D. at 589. *Yahoo* is squarely on point. In a case about Yahoo's interception of emails, Yahoo argued that the plaintiffs' continuing use of email "constitutes consent to Yahoo's practices," and that Plaintiffs' "knowledge of Yahoo's practices precludes [them] from showing a likelihood of being injured in the future by those practices." *Id.* The court rejected those arguments: ***"Yahoo does not explain how Plaintiffs could both avoid 'consenting' to Yahoo's conduct while simultaneously establishing a 'real and immediate threat' that Plaintiffs' emails would be subject to Yahoo's interception and use."*** *In re* Yahoo, 308 F.R.D. at 589.

These principles also carried the day in *Weidenhamer v. Expedia, Inc.*, 2015 WL 1292978, at *5 (W.D. Wash. Mar. 23, 2015), where another court rejected the defendant's "Catch-22 defense":

> Expedia contends that Mr. Weidenhamer now knows about the deceptive pop-up window, so there is no plausible allegation that he will be fooled if he encounters it in the future. The court rejects Expedia's Catch–22 defense, which would make federal courts powerless to enjoin false advertising, at least when a duped consumer points it out. . . . ***The notion that only a clueless consumer can establish Article III standing to redress false advertising is unsupportable.***

Google's argument imposes the same catch-22. Had Plaintiffs stopped using private browsing, Google would have attacked their standing, arguing there could no longer be a risk of harm. Yet Google now wants to lead the jury astray into believing that Plaintiffs could stop using private browsing, and that Plaintiffs' ongoing use must establish their consent. This is not a hypothetical concern. Google made this exact argument in its motion for summary judgment. *See* Dkt. 907-3 (Google's MSJ) at 24 ("since people ordinarily do not subject themselves to 'highly offensive' conduct, Plaintiffs' continued use of PBM belies their allegation"). This Court saw through Google's argument, but the jury will not be familiar with the law, much less standing law. They should not be led astray by Google, placing undue influence on a fact with implications for standing—a concept far beyond their scope. At a minimum, any (theoretical) probative value of Plaintiffs' continued use is substantially outweighed by the dangers of unfair prejudice, confusing the issues, and misleading the jury, where Plaintiffs would be penalized for conduct consistent with

ensuring standing. See Fed. R. Evid. 403.

### III.     CONCLUSION

This Court should preclude Google from introducing evidence and argument regarding Plaintiffs' continued use of private browsing.

Dated:  October 17, 2023                        Respectfully submitted,

By:  /s/ Mark Mao
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile (415) 293-6899

David Boies (admitted pro hac vice)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

James Lee (admitted pro hac vice)
jlee@bsfllp.com
Rossana Baeza (admitted pro hac vice)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
M. Logan Wright (CA Bar No. 349004)
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa St., 31st Floor

3

Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Bill Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
Steven Shepard (pro hac vice)
sshepard@susmangodfrey.com
Alexander P. Frawley (pro hac vice)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiffs*