1 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2 | Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
3 | Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
4 | Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
5 | Rachael L. McCracken (CA Bar No. 252660)
rachaelmccracken@quinnemanuel.com
6 | Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
7 | 865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
8 | Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Counsel for Defendant Google LLC, additional counsel listed in signature block below*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* 4 RE: PLAINTIFFS' CONTINUED USE OF PRIVATE BROWSING MODE**<br><br>The Honorable Yvonne Gonzalez Rogers<br>Date: November 29, 2023<br>Time: 9:00 a.m.<br>Location: Courtroom 1 – 4th Floor<br><br>Trial Date: January 29, 2024 |

**I.      INTRODUCTION**

Plaintiffs' Motion *in Limine 4* ("Motion") seeks to exclude evidence that each Plaintiff continued to use private browsing modes ("PBM") during the pendency of this case.  The Motion relies on a fabricated "Catch-22" in which Plaintiffs could either (1) cease their use of PBM and lose their ability to maintain standing for injunctive relief, or (2) continue their use of PBM and jeopardize their ability to prove their claims. (Mot. 1-2). But this strawman is fictitious, and Plaintiffs' arguments to exclude highly probative evidence are unsupported by their cited authority. To the contrary, those cases demonstrate that an alleged intent to use PBM *in the future* (*i.e.*, at some point after the alleged misconduct ceases) can meet the standing requirement for plaintiffs seeking injunctive relief on the basis of an alleged likelihood of future harm.[1] Plaintiffs were not required to continue subjecting themselves to alleged misconduct for years in order to maintain standing.

Plaintiffs ignore that their continued use of PBM while aware of the alleged misconduct is highly relevant to the elements of their claims and Google's defenses at trial.  It would be error to exclude such evidence.  For example, Plaintiffs have indicated that they intend to seek damages for their continued use of PBM during the pendency of this case. Pretrial Statement at Plaintiffs' Statement on Damages.  Plaintiffs plainly cannot be permitted to *present* evidence of their continued use of PBM for purposes of establishing damages, while *precluding* Google from using the same evidence to rebut their claims.

Finally, the Motion fails to satisfy the requirement in the Court's Standing Order that Plaintiffs identify the precise evidence they seek to exclude.

The Motion should be denied.

**II.     ARGUMENT**

**A.     Plaintiffs Were Not Required to Continue Using PBM to Maintain Standing for Injunctive Relief**

The Motion is premised on the assertion Plaintiffs were required to continue using PBM

---

[1] To be clear, Google disputes that Plaintiffs have been harmed at all given the anonymity of the at-issue browsing data.  *See* Dkt. 907-3 at 9-10. But to the extent they have been harmed, an allegation of an intent to use PBM in the future would have sufficed to establish a likelihood of *future* harm. *See* Dkt. 969 at 7-11 (denying Google's Motion for Summary Judgment).

1  after filing this lawsuit to satisfy the "likelihood of future injury" element necessary to maintain
2  Article III standing for injunctive relief. (Mot. 1-2). This argument is false and mischaracterizes the
3  case law. Indeed, the only two cases on which Plaintiffs rely both demonstrate that "courts have
4  held that the 'likelihood of future injury' requirement under Article III may be satisfied where a
5  consumer alleges that she *intends* to purchase the products at issue in the future, even after a
6  consumer discovers the alleged misrepresentation." *In re Yahoo Mail Litig.,* 308 F.R.D. 577, 588
7  (N.D. Cal. 2015) (cited at Mot. 1-2) (emphasis added) (internal quotation marks omitted)*;*
8  *Weidenhamer v. Expedia, Inc.*, 2015 WL 1292978, at *5 (W.D. Wash. Mar. 23, 2015) (cited at Mot.
9  2) (likelihood of future injury is satisfied where "the complaint includes allegations that [plaintiff]
10 *hoped* to remain an Expedia customer," and plaintiff indicated "*an intent* to purchase from Expedia
11 in the future") (emphasis added); *see also Luman v. Theismann*, 647 F. App'x 804, 807 (9th Cir.
12 2016) (allegation that plaintiff "intend[ed] to purchase [the product at issue] in the future" would
13 "demonstrate a likelihood of future injury"); *Lepkowski v. CamelBak Prod., LLC*, 2019 WL
14 6771785, at *3 (N.D. Cal. Dec. 12, 2019) ("[T]he requisite likelihood of future injury needed to
15 have standing to pursue injunctive relief" is established by "a plausible allegation suggesting that a
16 plaintiff intends to purchase the products in the future.").

17        Plaintiffs' reliance on *In re Yahoo Mail Litig.* is misplaced. The issue there was whether
18 plaintiffs had standing to seek injunctive relief to bar Yahoo from intercepting their emails despite
19 their continued use of Yahoo's email services while aware of the alleged misconduct. *In re Yahoo*
20 *Mail Litig.,* 308 F.R.D. 587– 90. Yahoo claimed that since plaintiffs knew that their emails would
21 be intercepted, they had consented and therefore could not maintain standing to seek injunctive relief
22 barring future interceptions. *Id.* The court rejected Yahoo's argument, finding Plaintiffs had
23 standing, but did not preclude Yahoo from introducing evidence of Plaintiffs' continued use of its
24 email service at trial. *See id.* Nor did the court find that plaintiffs' continued use of Yahoo's email
25 service was *necessary* to maintain standing. *See id.* As demonstrated above, the court explained that
26 alleging an *intent* to use the service in the future would have sufficed. *Id.* at 589.

27        Nor were there any evidentiary or preclusion issues in *Weidenhamer*, 2015 WL 1292978 at
28 *5, the only other case Plaintiffs cite. Indeed, Plaintiffs point to *no* authority supporting the

proposition that a plaintiff must continue to endure allegedly harmful conduct to maintain standing for injunctive relief.

Finally, there is no evidence that Plaintiffs continued using PBM during the pendency of this case *for the purpose of* maintaining standing, instead of their own desire to continue availing themselves of the undisputed privacy benefits that PBM provides.

**B.     Evidence of Plaintiffs' Continued Use of PBM Is Highly Relevant**

Plaintiffs' continued use of PBM is highly relevant for multiple reasons—excluding it would be error. *First*, the jury should be able to consider Plaintiffs' continued use of PBM in assessing their damages and, more specifically, their failure to mitigate such damages. *See Convergent Mobile, Inc. v. JTH Tax, Inc.*, No. 4:19-CV-06484-YGR, 2021 WL 1580830, at *13 (N.D. Cal. Apr. 22, 2021) (Gonzalez Rogers, J.) (Under California law, a plaintiff "has a duty to take reasonable steps to mitigate [] damages and will not be able to…recover for damages avoidable through ordinary care and reasonable exertion."). Plaintiffs claim they suffered (and continue to suffer) damages by continuing to use PBM for *years* after they filed their complaint and were aware of the challenged conduct. *See* Pretrial Statement at Plaintiffs' Statement on Damages. Plaintiffs admit they took no further steps to obfuscate or protect their information by, for example, using a VPN, enabling cookie or ad blockers, or using the Firefox or Tor browsers (which are not part of their case). *See, e.g.*, Dkt. 908-3 (Davis Tr.) 38:8–21, 75:13–77:25, 82:23–19; Dkt. 908-3 (Byatt Tr.) 23:19–24:2; Dkt. 908-4 (Castillo Tr.) 144:9–144:18, 147:5–13; Dkt. 908-4 (Trujillo Tr.) 32:16–35:20, 111:14–25; 908-4 (Brown Tr.) 92:5–11. Plainly, Plaintiffs should not be permitted to present evidence of their continued use of PBM after filing the complaint to inflate their damages while simultaneously precluding Google from using that *same* evidence to rebut their damages.

*Second*, Plaintiffs' continued use of PBM is relevant to multiple claims at issue. For example, Plaintiffs' Intrusion Upon Seclusion and Invasion of Privacy claims both require Plaintiffs to prove that (1) they had a "reasonable expectation of privacy" over the data Google received and (2) Google's "intrusion was highly offensive to a reasonable person." *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020). The jury should be able to consider whether Plaintiffs had a reasonable expectation of privacy over data they *knew* Google would receive while

they continued browsing in PBM and whether Google's conduct could be considered "highly offensive" when Plaintiffs voluntarily subjected themselves to it. Similarly, such evidence directly bears on whether Plaintiffs "reasonably expect[ed]" that their communication with the websites they visited were not being "overheard or recorded" under California's Invasion of Privacy Act § 632. Cal. Penal Code § 632(c).

Plaintiffs' continued use of PBM is also relevant to the "unfair" prong of their Unfair Competition Law ("UCL") claim. Under the balancing test for that claim, the court must "examine[] whether the challenged business practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" and "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *In re Adobe Systems, Inc. Privacy Litigation*, 66 F.Supp.3d 1197, 1226 (N.D. Cal. 2014) (internal quotation marks omitted). That Plaintiffs continued using PBM for years—clearly perceiving its benefits despite their allegations—without taking additional steps to protect their information, is highly probative in determining their UCL claim.

### C.    Plaintiffs Fail to Identify the Specific Evidence They Seek to Exclude

Plaintiffs' Motion violates the Court's Standing Order by failing to identify "the precise exhibits or proffered testimony" that Plaintiffs seek to exclude. Judge Yvonne Gonzalez Rogers Standing Order Re: Pretrial Instructions In Civil Cases ¶ 4(a). The Motion may be denied on that basis alone. *Corcoran v. CVS Pharmacy, Inc.*, No. 15-CV-03504-YGR, 2021 WL 633809, at *1 (N.D. Cal. Feb. 18, 2021) (Gonzalez Rogers, J.) (denying motion *in limine* that violates the Court's Standing Order by not "specify[ing] the precise exhibits or proffered testimony the party seeks to exclude" and noting that motions "attempt[ing] to exclude broad categories of possible evidence…are routinely denied").

### III.    CONCLUSION

The Motion should be denied.

| | | |
|---|---|---|
| 1 | DATED: October 17, 2023 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | By  */s/ Andrew H. Schapiro* |
| | | Andrew H. Schapiro (admitted *pro hac vice*) |
| 5 | | andrewschapiro@quinnemanuel.com |
| | | Teuta Fani (admitted *pro hac vice*) |
| 6 | | teutafani@quinnemanuel.com |
| | | Joseph H. Margolies (admitted *pro hac vice*) |
| 7 | | josephmargolies@quinnemanuel.com |
| | | 191 N. Wacker Drive, Suite 2700 |
| 8 | | Chicago, IL 60606 |
| | | Telephone: (312) 705-7400 |
| 9 | | Facsimile: (312) 705-7401 |

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (CA Bar No. 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*