| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP** | **SUSMAN GODFREY L.L.P.** |
| David Boies (admitted pro hac vice) | Bill Carmody (admitted pro hac vice) |
| 333 Main Street | Shawn J. Rabin (admitted pro hac vice) |
| Armonk, NY 10504 | Steven M. Shepard (admitted pro hac vice) |
| Tel: (914) 749-8200 | Alexander Frawley (admitted pro hac vice) |
| dboies@bsfllp.com | 1301 Avenue of the Americas, 32nd Floor |
| | New York, NY  10019 |
| Mark C. Mao, CA Bar No. 236165 | Tel.: (212) 336-8330 |
| Beko Reblitz-Richardson, CA Bar No. 238027 | bcarmody@susmangodfrey.com |
| 44 Montgomery St., 41st Floor | srabin@susmangodfrey.com |
| San Francisco, CA 94104 | sshepard@susmangodfrey.com |
| Tel.: (415) 293-6800 | afrawley@susmangodfrey.com |
| mmao@bsfllp.com | |
| brichardson@bsfllp.com | Amanda K. Bonn, CA Bar No. 270891 |
| | 1900 Avenue of the Stars, Suite 1400 |
| James Lee (admitted pro hac vice) | Los Angeles, CA 90067 |
| Rossana Baeza (admitted pro hac vice) | Tel.: (310) 789-3100 |
| 100 SE 2nd St., 28th Floor | abonn@susmangodfrey.com |
| Miami, FL 33131 | |
| Tel.: (305) 539-8400 | **MORGAN & MORGAN** |
| jlee@bsfllp.com | John A. Yanchunis (admitted pro hac vice) |
| rbaeza@bsfllp.com | Ryan J. McGee (admitted pro hac vice) |
| | 201 N. Franklin Street, 7th Floor |
| Alison L. Anderson, CA Bar No. 275334 | Tampa, FL 33602 |
| M. Logan Wright, CA Bar No. 349004 | Tel.: (813) 223-5505 |
| 725 S. Figueroa St., 31st Floor | jyanchunis@forthepeople.com |
| Los Angeles, CA 90017 | rmcgee@forthepeople.com |
| Tel.: (213) 629-9040 | |
| alanderson@bsfllp.com | Michael F. Ram, CA Bar No. 104805 |
| | 711 Van Ness Ave, Suite 500 |
| *Attorneys for Plaintiffs* | San Francisco, CA 94102 |
| | Tel: (415) 358-6913 |
| | mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No.:  4:20-cv-03664-YGR-SVK <br><br> **PLAINTIFFS' MOTION IN LIMINE NUMBER 5 TO PRECLUDE GOOGLE FROM INTRODUCING DISPARAGING EVIDENCE OR ARGUMENT** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br> Location: Courtroom 1 – 4th Floor |

## I. INTRODUCTION

Plaintiffs respectfully ask the Court to preclude Google from presenting any evidence or argument that would disparage Plaintiffs' professions or the at-issue private browsing modes. Such evidence and argument are irrelevant and otherwise excludable under Federal Rule of Evidence 403.

Plaintiffs' first concern is based on the discovery Google sought. While this case focuses on the use of private browsing modes, Google during discovery also sought information about Plaintiffs' professions. That included deposition questions about the legal marijuana-related work performed by one of the named plaintiffs and certain political activities by another. Plaintiffs are proud of their work, but jurors may hold strong views about this work that could distract from the issues. Plaintiffs are happy to work with Google to come up with some other way to reference Plaintiffs' work generally, without getting into any sensitive issues, and Plaintiffs are only bringing this issue to the Court's attention given Google's prior discovery conduct.

Plaintiffs' second concern arises based on the disparaging comments by some Google employees. Google engineers and other employees sometimes internally referred to private browsing modes (including Google Chrome's Incognito Mode) as "porn mode," suggesting that private browsing is somehow limited to one purpose or otherwise undesirable, and making light of the myriad purposes for which people use private browsing (*e.g.*, booking travel, looking for gifts, and researching sensitive subjects). These potentially disparaging remarks and nicknames for private browsing modes should also be excluded at trial.

## II. BACKGROUND

### A. Google Sought Discovery Regarding Plaintiffs' Professions

Google spent many hours questioning each of the named plaintiffs during their depositions, including regarding their respective professions. One of the named plaintiffs is the Executive Vice President of Sales at one legal marijuana company and President at another. Another named plaintiffs is active in the Miami-Dade political scene, having run for and served in various roles for the Miami-Dade Democratic Party (*e.g.*, treasurer and liaison between the State and county committees).

**B.  Google Publicly Sought to Distance Incognito from the "Porn Mode" Nickname.**

Certain Google employees have internally referred to private browsing modes as "porn mode." *See*, *e.g.*, Ex. A (GOOG-BRWN-00409183) (2009 email involving now Google CEO Sundar Pichai describing private browsing mode as "a.k.a. porn mode"); Ex. B (GOOG-BRWN-00568364). Seeking to distance itself from those characterizations, Google has publicly represented that "it did not make incognito mode to let people watch porn," Ex. C (GOOG-CABR-04665316), and that Google's Incognito mode "isn't porn mode." Ex. D (GOOG-CABR-05266100). In truth, as Plaintiffs will testify at trial, and as proven through other documents produced by Google, people use private browsing modes for many purposes. *E.g.*, FAC, Dkt. 886 (Complaint) at ¶ 168 (Plaintiff Brown visited housing, news, and other private websites); ¶ 173 (Plaintiff Byatt visited news websites); ¶ 178 (Plaintiff Davis visited crypto-currency, news, and other private websites); ¶ 183 (Plaintiff Castillo visited dating and other private websites); ¶ 188 (Plaintiff Trujillo visited travel and other private websites). Any characterization of private browsing mode as "porn mode" is factually inaccurate and disparaging.

## III.  LEGAL STANDARD

Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *Smith v. Off. of Alameda Cnty. Pub. Def.*, 2022 WL 19975446, at *1 (N.D. Cal. Sept. 12, 2022). "[U]nder [FRE] 403, and as is true with all evidence, the Court must consider whether the probative value of proffered evidence 'is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, 2022 WL 254348, at *2 (N.D. Cal. Jan. 27, 2022) (quoting FRE 403); *Old Chief v. U.S.,* 519 U.S. 172, 182–83 (1997). "Unfair prejudice refers to an undue tendency to influence a decision on an improper basis, such as an emotional response, or with evidence designed to elicit a response from the jurors that is not justified by the evidence. Even if there is only a modest likelihood of unfair prejudice or a small risk of misleading the jury,

evidence that presents only slight probative value must be excluded." *United States v. Goodwin*, 2019 WL 2089979, at *4 (D. Idaho May 13, 2019) (cleaned up) (citing *U.S. v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998) and *U.S. v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992)), *aff'd,* 2022 WL 135165 (9th Cir. Jan. 13, 2022).

IV.     ARGUMENT

    A.     **Plaintiff Brown's Marijuana Business and Plaintiff Byatt's Political Activities Are Irrelevant**

What Plaintiffs do for a living has no bearing on the issues in this case. At trial all five Plaintiffs will testify that they used Google Chrome's Incognito mode (and in the case of Plaintiff Monique Trujillo, Safari's private mode) to avail themselves of the control over their privacy that Google promised. There is no logical or legal relevance to cite evidence of their professions, which are wholly unrelated to this case. *See*, *e.g.*, *Apple iPod iTunes Antitrust Litig.*, 2014 WL 12719192, at *3 (N.D. Cal. Nov. 18, 2014) (Gonzalez Rogers, J.) (excluding evidence of Apple's wealth and profitability as to products not at issue and therefore irrelevant).

Even if Plaintiffs' professions were relevant, resorting to evidence of Plaintiff Brown's marijuana business or Plaintiff Byatt's political activities would have the tendency to "arouse prejudice" against them. *United States v. Stahl*, 616 F.2d 30, 31–33 (2d Cir. 1980) (prosecutor's reference to defendant's wealth impermissibly appealed "to the potential bias of not-so-wealthy jurors" against the defendant, a wealthy real estate entrepreneur charged with bribing tax official). Appeals to "class prejudice . . . are improper and have no place in a courtroom." *Id.*; *accord United States v. Holmes*, WL 2044470, at *4–6 (N.D. Cal. May 22, 2021) (evidence of defendant's accumulation of luxury items "is not relevant, and the prejudicial effect of that evidence outweighs any probative value"). In fact, even in drug smuggling cases, courts have found evidence regarding a defendant's historical use of marijuana to be prejudicial for its tendency to portray defendant as a drug user to the jury. *United States v. Masters*, 450 F.2d 866, 867–68 (9th Cir. 1971).

Accordingly, any evidence regarding Plaintiff Brown's marijuana business, or Plaintiff Byatt's political activities, should be excluded—even if the evidence is somehow deemed relevant.

### B. Disparaging or Suggestive Nicknames for Private Browsing Modes Should Also Be Excluded.

For similar reasons, Plaintiffs also seek to preclude Google from describing any private browsing mode as "porn mode" or in other pejorative terms.

Courts routinely exclude such inflammatory terms, which may unnecessarily conjure negative stereotypes—especially when other neutral terms exist (like "Incognito mode" and "private browsing mode"). *See, e.g.*, *HTC Corp. v. Tech. Properties Ltd.*, 2013 WL 4782598, at *3–4 (N.D. Cal. Sept. 6, 2013) (excluding from trial as prejudicial any use of the term "patent troll"); *Kitsch LLC v. Deejayzoo, LLC*, 2023 WL 4291445, at *5 (C.D. Cal. May 8, 2023) (excluding from trial as prejudicial any use of the terms "knockoff" or "pirate" to describe a party and its products); *Finjan, Inc. v. Cisco Sys. Inc.*, 2020 WL 13180008, at *3 (N.D. Cal. June 5, 2020) (excluding from trial as prejudicial any use of the term "patent troll"); *Oracle USA, Inc. v. Rimini St., Inc.*, 2015 WL 5089779, at *2 (D. Nev. Aug. 27, 2015) (excluding from trial as prejudicial any reference to defendants as "thieves" and arguing that defendants "stole" or "ripped off" plaintiff's copyrighted work); *Personalized User Model, L.L.P. v. Google Inc.*, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (Google agreeing not to use the term "patent troll" or "other similar pejorative terms" due to the danger of unfair prejudice at trial); *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 2009 WL 3111766, at *7 (S.D.N.Y. Sept. 28, 2009) (granting "Bondholders' *in limine* request to prohibit Aristocrat from making inflammatory remarks, including, but not limited to, 'tax haven' and linking the Bondholders, or hedge funds in general, to the financial crisis").

Terms such as "porn mode" (and any other pejorative terms used to describe private browsing modes) are unnecessary, inflammatory, and prejudicial, and should be excluded. Plaintiffs here engaged in private browsing activities wholly unrelated to adult websites. And Google itself sought to distance itself from the "porn mode" nickname. That nickname should not be used at trial.

### V. CONCLUSION

Plaintiffs respectfully request the Court preclude Google from introducing any disparaging evidence or arguments regarding Brown's or Byatt's professions or nicknames for PBMs.

| | | |
|---|---|---|
| 1 | Dated: October 17, 2023 | Respectfully submitted, |
| 2 | | By: /s/ Mark Mao |
| | | Mark C. Mao (CA Bar No. 236165) |
| | | mmao@bsfllp.com |
| | | Beko Reblitz-Richardson (CA Bar No. 238027) |
| | | brichardson@bsfllp.com |
| | | BOIES SCHILLER FLEXNER LLP |
| | | 44 Montgomery Street, 41st Floor |
| | | San Francisco, CA 94104 |
| | | Telephone: (415) 293-6800 |
| | | Facsimile (415) 293-6899 |
| | | |
| | | David Boies (admitted pro hac vice) |
| | | dboies@bsfllp.com |
| | | BOIES SCHILLER FLEXNER LLP |
| | | 333 Main Street |
| | | Armonk, NY 10504 |
| | | Telephone: (914) 749-8200 |
| | | Facsimile: (914) 749-8300 |
| | | |
| | | James Lee (admitted pro hac vice) |
| | | jlee@bsfllp.com |
| | | Rossana Baeza (admitted pro hac vice) |
| | | rbaeza@bsfllp.com |
| | | BOIES SCHILLER FLEXNER LLP |
| | | 100 SE 2nd Street, Suite 2800 |
| | | Miami, FL 33131 |
| | | Telephone: (305) 539-8400 |
| | | Facsimile: (305) 539-1307 |
| | | |
| | | Alison L. Anderson (CA Bar No. 275334) |
| | | alanderson@bsfllp.com |
| | | M. Logan Wright (CA Bar No. 349004) |
| | | mwright@bsfllp.com |
| | | BOIES SCHILLER FLEXNER LLP |
| | | 725 S. Figueroa St., 31st Floor |
| | | Los Angeles, CA 90017 |
| | | Telephone: (213) 629-9040 |
| | | Facsimile: (213) 629-9022 |
| | | |
| | | Bill Carmody (pro hac vice) |
| | | bcarmody@susmangodfrey.com |
| | | Shawn J. Rabin (pro hac vice) |
| | | srabin@susmangodfrey.com |
| | | Steven Shepard (pro hac vice) |
| | | sshepard@susmangodfrey.com |

5

PLAINTIFFS' MOTION IN LIMINE 5 TO PRECLUDE GOOGLE          CASE NO. 4:20-CV-03664-YGR-SVK
FROM INTRODUCING DISPARAGING EVIDENCE

Alexander P. Frawley (pro hac vice)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiffs*

6