**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (CA Bar No. 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Counsel for Defendant Google LLC, additional counsel listed in signature block below*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* 5 RE: DISPARAGING EVIDENCE OR ARGUMENT**<br><br>The Honorable Yvonne Gonzalez Rogers<br>Date: November 29, 2023<br>Time: 9:00 a.m.<br>Location: Courtroom 1 – 4th Floor<br><br>Trial Date: January 29, 2024 |

## I. INTRODUCTION

Plaintiffs seek an exclusion order on two unrelated issues, neither of which has merit.

*First*, Plaintiffs seek to bar Google from referencing two named Plaintiffs' professions. But that testimony, enmeshed with crucial issues of expectations of privacy and consent, cannot be excluded. Mr. Byatt works in politics and "mostly" uses Incognito for "news," a likely job function that diminishes his privacy expectation. And Mr. Brown has experience monetizing user data in the course of running his retail cannabis business—from which a jury could conclude that he was aware how Google collects user data, and consented to it. Google has no intention of "disparaging" Plaintiffs' professions but they may very well come up and be relevant to issues at trial.

*Second*, Plaintiffs seek an order to exclude the term "porn mode" to refer to Incognito. Google has no intention of characterizing Incognito as "porn mode." Google opposes this portion only because Plaintiffs have not identified the specific documents or evidence they seek to exclude—as required by the Court's Standing Order—and may seek to redact certain documents in a way that would make it look like Google is concealing something at trial.

Granting this Motion would prejudice Google, not Plaintiffs. The Court should deny it.

## II. ARGUMENT

### A. Byatt's and Brown's Backgrounds Are Relevant

Google does not intend to "disparage" either Plaintiff's profession. But their employment may be relevant at trial and there is no basis for precluding Google from asking them about their professional lives or their use of Incognito for work.

***Mr. Byatt's Background Is Relevant.*** A critical issue in this case is whether Plaintiffs had a reasonable expectation of privacy when using Incognito. Mr. Byatt is former Treasurer and current State Committeeman for the Miami-Dade Democratic Party. Trebicka Decl., Ex. A (Byatt Dep.) at 189:20-192:8. He uses Incognito "mostly" for "reading news," *id.* at 92:22-93:14, which is presumably a job function for someone working in local politics. Any use of Incognito by Mr. Byatt for work diminishes any privacy interest. *See, e.g.*, *United States v. Barrows*, 481 F.3d 1246, 1248 (10th Cir. 2007) (city treasurer lacked privacy expectation in personal computer containing

pornography because "the significance of personal ownership is particularly weakened when the item in question is being used for business purposes").

Nor is there prejudice. Plaintiffs assert that Mr. Byatt's "political activities" will "arouse prejudice," Mot. 3, but there is no basis to believe that. *See Democracy Partners, LLC v. Project Veritas Action Fund*, 2021 WL 4785853, at *5 (D.D.C. Oct. 14, 2021) ("It is not the case that any evidence suggesting a connection between defendants and the former president inherently leads to 'unfair prejudice'"). Mr. Byatt's background is clearly relevant, not prejudicial, and should not be excluded.

**Mr. Brown's Background Is Relevant.** One of Google's defenses is that its receipt of PBM data is routine, accepted, and consented to by users and the websites using Google's services. Mr. Brown owns a "retail cannabis company." Trebicka Decl., Ex. B (Brown Dep.) at 17:19-18:11, 77:16-78:11, 79:14-15. He testified that as part of that business, he has "monetized user data." *Id.* at 76:9-10, 77:6-18. His experience running this business, paired with his experience "us[ing] Google AdSense" for one of his other businesses, *id.* at 74:4-75:15, helped him understand how "data can be monetized." *Id.* at 73:18-74:9. In view of Mr. Brown's sophisticated business background, a jury could find he would have been aware of the kinds of data Google collects when in Incognito, and that he consented to it. *See, e.g.*, *Lopez-Venegas v. Beers*, 2013 WL 12474081, at *13 (C.D. Cal. Dec. 27, 2013) ("consent" depends on "the characteristics of the individual, including the person's … business experience").

Plaintiffs again offer only conclusory assertions of prejudice. Mot. 3. Plaintiffs point out that Mr. Brown's "marijuana-related work" is "legal" (Mot. 1), so there is no credible argument that Plaintiffs would be prejudiced if the jury learns he works in the cannabis industry. *See, e.g.*, *Olsen v. Pac. Indem. Co.*, 2019 WL 1877357, at *6 (D. Ariz. Apr. 26, 2019) ("Plaintiff's argument that questions about his association with the operation of state regulated dispensaries of a substance which … is and has been legal for nearly ten years under state law does not constitute prejudice"). That the evidence portrays Mr. Brown as a savvy businessman and not a substance user, combined

with the limited role it would play at trial, further diminishes any prejudice. Mr. Brown's background is relevant, not prejudicial, and should not be excluded.

### B. Precluding Any Reference to "Porn Mode" Would Prejudice Google

Plaintiffs seek to preclude evidence that the term "porn mode" is used to refer to Incognito. Mot. 4. Google has no intention of describing Incognito as "porn mode." But because Plaintiffs have not complied with the Court's requirement that they "specify the precise exhibits or proffered testimony the party seeks to exclude," Dkt. 392, ¶ 4(a), Google does not know what specific documents, if any, Plaintiffs seek to keep out.

The only exhibit referencing "porn mode" of which Google is aware is internal Google correspondence from February 2009, where the term was repeatedly used in the email thread and subject line. Trebicka Decl., Ex. C (GOOG-BRWN-00225677) at 1. *Plaintiffs* put this document on their exhibit list (Google did not). Trebicka Decl., Ex. D (Pls.' Exhibit List) at 1. Google does not object to its exclusion. But if Plaintiffs insist on showing it to the jury—but redacting "porn mode"—that would prejudice Google. Plaintiffs have used this document in discovery to suggest Google had something to hide. Trebicka Decl., Ex. E  (Rakowski Dep.) at 246:22-250:3 (asking why someone in the email said it "may not be [] suitable for email" and CEO Sundar Pichai said "[p]ls dont discuss more"). If Google has to rebut such insinuations using a heavily redacted document involving its CEO, it would indeed look as if Google has something to hide, when in reality the redaction covers nothing nefarious but the silly, if puerile, phrase "porn mode." *See, e.g.*, *Johns Hopkins Univ. v. Alcon Lab'ys Inc.*, 2018 WL 4178159, at *8 (D. Del. Aug. 30, 2018) ("[W]itnesses at trial should not have to carefully dance around a word … unless absolutely necessary.").[1]

### III. CONCLUSION

The Motion should be denied.

---

[1] If the Court decides to grant Plaintiffs' motion, it should not be limited to the term "porn mode," but encompass any disparaging terminology. That would include any reference by Plaintiffs to Google's alleged practices as "unlawful voyeurism," which doubles as both an improper legal conclusion and (ironically) a sexually suggestive pejorative. Pretrial Statement at 1; *see also id.* at 5, 62.

| | | |
|---|---|---|
| 1 | DATED: October 17, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 4 | | By  */s/ Andrew H. Schapiro* |

                    Andrew H. Schapiro (admitted *pro hac vice*)
                    andrewschapiro@quinnemanuel.com
                    Teuta Fani (admitted *pro hac vice*)
                    teutafani@quinnemanuel.com
                    Joseph H. Margolies (admitted *pro hac vice*)
                    josephmargolies@quinnemanuel.com
                    191 N. Wacker Drive, Suite 2700
                    Chicago, IL 60606
                    Telephone: (312) 705-7400
                    Facsimile: (312) 705-7401

                    Diane M. Doolittle (CA Bar No. 142046)
                    dianedoolittle@quinnemanuel.com
                    Sara Jenkins (CA Bar No. 230097)
                    sarajenkins@quinnemanuel.com
                    555 Twin Dolphin Drive, 5th Floor
                    Redwood Shores, CA 94065
                    Telephone: (650) 801-5000
                    Facsimile: (650) 801-5100

                    Stephen A. Broome (CA Bar No. 314605)
                    stephenbroome@quinnemanuel.com
                    Viola Trebicka (CA Bar No. 269526)
                    violatrebicka@quinnemanuel.com
                    Crystal Nix-Hines (Bar No. 326971)
                    crystalnixhines@quinnemanuel.com
                    Rachael L. McCracken (CA Bar No. 252660)
                    rachaelmccracken@quinnemanuel.com
                    Alyssa G. Olson (CA Bar No. 305705)
                    alyolson@quinnemanuel.com
                    865 S. Figueroa Street, 10th Floor
                    Los Angeles, CA 90017
                    Telephone: (213) 443-3000
                    Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*