# GOOGLE LLC'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING SANCTIONS ORDERS, SANCTIONS PROCEEDINGS, AND PURPORTED DISCOVERY MISCONDUCT

**Redacted Version of Document Sought to be Sealed**

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660
rachaelmccracken@quinneamanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Counsel for Defendant Google LLC*
*Additional counsel on signature pages*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, individually and on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING SANCTIONS ORDERS, SANCTIONS PROCEEDINGS, AND PURPORTED DISCOVERY MISCONDUCT**<br><br>Hon. Yvonne Gonzalez Rogers<br><br>Trial Date: January 29, 2024 |

## I. INTRODUCTION

Plaintiffs' recent filings, and disclosure of new opinions from their retained expert Jonathan Hochman, make clear their intent to present evidence and argument at trial concerning (i) their allegations that Google failed to disclose relevant information in discovery; and (ii) the sanctions proceedings and orders.[1] But Plaintiffs should not be permitted to relitigate a conclusively resolved dispute before the jury. Magistrate Judge van Keulen has already considered Plaintiffs' misconduct allegations at length, assessed the prejudice to Plaintiffs, and ordered narrow, targeted relief to cure that prejudice. Those orders set forth precisely what (if any) information may be disclosed to the jury concerning these discovery skirmishes. Any other references to sanctions or Google's purported discovery misconduct would be irrelevant, unfairly prejudicial, confusing, and likely to waste valuable trial time. Google respectfully requests that the Court exclude them entirely. *See generally* Fed. R. Evid. 402, 403.

## II. BACKGROUND

The sanctions proceedings arose from Plaintiffs' claim that Google failed to identify and disclose certain log fields intended to approximate aggregate Incognito traffic, logs containing those fields, and related witnesses, until after the close of discovery. *See, e.g.*, Dkt. 588 at PDF pp. 39–42; Dkt. 898 at PDF pp. 9–10. Judge van Keulen presided over two hearings concerning this conduct, reviewed hundreds of pages of briefing, exhibits, and expert materials, and heard live testimony from five witnesses. *See, e.g.*, Dkt 588 at PDF p. 2 (procedural history of first proceeding); Dkt. 898 at PDF pp. 3–4 (same for second proceeding). The relevance of the late-disclosed materials, associated prejudice to Plaintiffs, and nature of appropriate relief were all hotly contested and adjudicated. *Id.* Following these proceedings, Judge van Keulen issued orders granting certain targeted sanctions (and denying many others) to address the prejudice from the alleged misconduct.

---

[1] *See, e.g.*, Dkt. 933-3 at 30 (PAF 4) (listing "Google was sanctioned" as a "material fact"); Dkt. 924-3 (MSJ opposition arguing that "a reasonable jury could readily find [for Plaintiffs], particularly where . . . Google has been sanctioned for concealing how it tracks, stores, and uses the data."); Dkt. 986-2, ¶¶ 1–2, 19–22, 23, 34–37, 46, 48 (Hochman report offering opinions as to sanctions and alleged discovery misconduct); Dkt. 986 at 1, 5 (suggesting Mr. Hochman will tell jury allegedly withheld evidence "would have been unfavorable").

1  Dkt. 588; Dkt. 898. Notably, the orders expressly rejected Plaintiffs' arguments that Google

2  concealed any evidence or otherwise acted in bad faith.[2]

3  The orders denied Plaintiffs' requests for fact-establishment and adverse-inference

4  instructions, ruling that their proposed relief "would be more than necessary to address the prejudice

5  suffered by Plaintiffs." Dkt. 898 at PDF p. 12–13; *id.* at PDF pp. 11–12 (rejecting adverse instruction

6  as unsupported); Dkt. 588 at PDF p. 50, ¶ 35 (Plaintiffs' requested preclusion "not warranted under

7  the facts of this case"). And after carefully considering whether *any* aspect of Google's discovery

8  conduct should be disclosed to the jury, the orders provided that "[i]f [Judge Gonzalez Rogers]

9  determine[s] that Google's discovery misconduct is relevant to any issue before the jury," the Court

10  could instruct that "Google failed to timely disclose" certain witnesses, data sources, and a data

11  field.[3] Dkt. 898 at PDF pp. 13–14.

12  **III.   ARGUMENT**

13  **A. Plaintiffs' Misconduct Allegations and the Related Sanctions Proceedings Are Not Relevant to Any Issue at Trial**

14  Reference to discovery conduct or the sanctions proceedings has no "tendency to make a

15  [material] fact any more . . . probable than it would be without th[at] evidence." Fed. R. Evid. 401.

16  Plaintiffs' case is about whether Google "collect[ed] . . . user data while users are in 'private

17  browsing mode' . . . . without disclosure or consent," Dkt. 886 (FAC) at ¶ 1, not whether Google

18  timely disclosed every potentially relevant witness, log, and field. That Google receives data related

19  to private browsing is undisputed, *see, e.g.*, Dkt. 798-2 (Google's Nov. 6, 2020 Resp. to RFA No.

20  1), and the Court has already ruled that the "'sanctions orders' . . . have nothing to do with" Google's

21  disclosures or Plaintiffs' consent. Dkt. 969 at 14 n.16. Even if the late-disclosed *evidence* were

---

[2] *See, e.g.*, Dkt. 588 at PDF p. 52, ¶ 45 ("Plaintiffs' requested jury instruction that 'Google concealed and altered evidence . . .' is not warranted or appropriate on the facts of this case."); *id.* at PDF p. 58, ¶ 72 ("Plaintiffs have failed to carry their burden of showing that Google's failures . . . resulted from either bad faith or recklessness with an improper purpose.").

[3] The March 2023 order added that although it might be appropriate to instruct the jury that it "may infer from Google's failure to disclose these data sources that they are not *helpful* to Google," the record "does *not* support an inference that the late-disclosed information was *unfavorable* to Google." *Id.* at PDF pp. 11–12 (emphases added). In other words, the order expressly ruled that Plaintiffs should not get the benefit of the doubt from the late-disclosed data sources.

relevant to any issue before the jury—and Judge van Keulen has indicated otherwise[4]—the *circumstances* of its disclosure are not. *See M.H. v. County of Alameda*, 2015 WL 894758 (N.D. Cal. Jan. 2, 2015) (precluding references to purported failure to produce discovery because "[p]retrial discovery conduct—as opposed to the materials actually produced in discovery—is usually irrelevant to a jury's consideration of the facts.").

Plaintiffs' misconduct allegations are particularly irrelevant because the Court has long ago cured any prejudice resulting from Google's conduct. *See generally* Dkt. 588; Dkt. 898. Where a court has already re-leveled the playing field, "[t]here is no need to relitigate [the subject of its sanctions order] and 'explain the foundational facts to the jury on an issue the Court has already decided." *Zucchella v. Olympusat, Inc.*, 2023 WL 2628107, at *8 (C.D. Cal. Jan. 10, 2023) (excluding testimony as "duplicative and irrelevant in light of its sanctions order").

### B. References to Sanctions or Alleged Discovery Misconduct Would Be Unduly Prejudicial, Confusing, and a Waste of Time

Even if Google's discovery conduct *were* relevant to any issue before the jury, any such relevance would be outweighed by the risk of unfair prejudice to Google. Juries are highly susceptible to suggestions that "a party [is] responsible for cloaking something." *Pavemetrics Sys., Inc. v. Tetra Tech, Inc.*, 2023 WL 1836331, at *4 (C.D. Cal. Jan. 23, 2023) (ordering new trial where "counsel . . . made [] improper statements suggesting [the opposing party] had something to hide").

The risk of undue prejudice is particularly acute here. Plaintiffs have routinely mischaracterized Google's discovery conduct and the sanctions orders before the Court. *See, e.g.*, Dkt. 969 (MSJ Ord.) at 14 n.16 (criticizing Plaintiffs' "gamesmanship" in "mischaracteriz[ing] the sanctions orders"); *see also* Dkt. 934 at 11 n.15. And Plaintiffs' pretrial submissions make clear that they intend to continue referencing discovery conduct in a false and prejudicial way—including by accusing Google of "concealing" evidence and speculating about what additional discovery (which

---

[4] The March 2022 sanctions order held that "Google's discovery misconduct is primarily related to issues to be decided by the Court" and expressed doubt that it is "relevant to issues for the jury." Dkt. 588 at PDF pp. 51–52, ¶ 44. The March 2023 order reaffirmed that the alleged misconduct may not be "relevant to an issue before the jury." *See* Dkt. 898 at PDF p. 13.

they did not seek, and Judge van Keulen did not grant, *see* Dkt. 898 at 17) might have shown.[5] Plaintiffs should not be permitted to grant themselves an adverse inference the Court already denied by distorting the scope of Google's misconduct before the jury. The detailed sanctions orders leave it to the Court, not Plaintiffs, to control whether and how the jury hears about alleged misconduct. *Cf. Edwards Lifesciences Corp. v. Meril Life Sciences Pvt. Ltd.*, 2022 WL 254348 (N.D. Cal. 2022) ("If Meril engaged in discovery misconduct, then that can and will be addressed by this Court. But the Court will not allow this discovery dispute to continue to play out in front of the jury.")

In addition to prejudicing Google, allowing Plaintiffs to discuss pretrial discovery conduct would confuse the issues before the jury and waste limited trial time. If Plaintiffs could relitigate the adequacy of Google's disclosures and speculate about what else they might have learned with more discovery—issues squarely addressed by the sanctions orders—Google would be forced to temper the prejudice by contextualizing and defending its conduct. This inevitable trial-within-a-trial about a side issue in discovery would both confuse jurors about what claims are actually at issue, and reduce the time they have available to understand and resolve those claims. *See Wyatt Tech. Corp. v. Malvern Instruments, Inc.*, 2010 WL 1150568, at *16 (C.D. Cal. Jan. 25, 2010) ("A trial is not the appropriate forum in which to air [discovery disputes].") Indeed, even with the benefit of voluminous briefing, sanctions issues consumed *more than 9 hours* of hearing time. The parties cannot afford to waste so much of the anticipated two-week trial on issues that have no bearing on the merits and are already decided.

## IV.   CONCLUSION

For the foregoing reasons, the Court should exclude any evidence and argument regarding the sanctions orders, sanctions proceedings, or alleged discovery misconduct.

---

[5] *See, e.g.*, Dkt. 986-2 (Hochman 2d Supp. Rep.) ¶ 23 ("Google was sanctioned for concealing its use of private browsing detection bits"); *id.* ¶ 34 ("Google's concealment of its Incognito detection practices . . . leads me to question what other information Google has from discovery."); *id.* ¶ 48 ("Google was twice sanctioned for concealing the full scope of these practices, and . . . still refuses to provide complete discovery"); *id.* ¶ 41 ("Because of Google's untimely disclosure of these ▮ logs, and Google's refusal to conduct a comprehensive investigation, we do not know the full extent of Google's storage and use of private browsing data."); Dkt. 986 at 4–5 (suggesting Plaintiffs intend to use expert testimony to enhance the effect of the carefully circumscribed jury instruction, which they mischaracterize (*see supra* note 3) as an adverse inference).

DATED: October 17, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By     */s/ Andrew H. Schapiro*
       Andrew H. Schapiro

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660
rachaelmccracken@quinneamanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*