# PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION IN LIMINE NUMBER 1 TO EXCLUDE EVIDENCE AND ARGUMENT RE: SANCTIONS PROCEEDINGS AND DISCOVERY MISCONDUCT

**Redacted Version of Document Sought to be Sealed**

| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>M. Logan Wright, CA Bar No. 349004<br>725 S. Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 629-9040<br>alanderson@bsfllp.com<br><br>*Attorneys for Plaintiffs* | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>            Plaintiffs,<br><br>            v.<br><br>GOOGLE LLC,<br><br>            Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION *IN LIMINE* NUMBER 1 TO EXCLUDE EVIDENCE AND ARGUMENT RE: SANCTIONS PROCEEDINGS AND DISCOVERY MISCONDUCT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: November 29, 2023<br>Time: 9:00 a.m. |

## I. INTRODUCTION

Google's Motion *in Limine* Number 1 is overbroad and premature. It seeks to "exclude any evidence and argument regarding the sanctions orders, sanctions proceedings, or alleged discovery misconduct"—claiming these matters are "irrelevant" to the issues being tried. Mot. at 1, 4. But trial hasn't started yet. Relevance will depend in part on how Google tries the case. For example, if Google seeks to repeatedly criticize Plaintiffs for lacking evidence of "X," then it may be appropriate to allow the jury to "infer from Google's failure to disclose these data sources that they are not helpful to Google." Dkt. 898 at 8. Magistrate Judge van Keulen correctly reasoned that it was "premature" for her to decide whether Google's misconduct is relevant to the jury trial. That is for this Court to decide. And that decision should be made during trial—not three months in advance.

There is a better way. This Court can reserve judgment until trial begins. That is the approach other courts have taken when confronted with similar motions *in limine*, focused on sanctions-related evidence. *E.g.*, *Darmer v. State Farm Fire and Casualty Co.*, 2022 WL 741039, at *2 (D. Minn. Mar. 11, 202) ("allow[ing] references [to sanctions] to be made in closing statements, if Darmer's misconduct comes up at trial"); *Entrata, Inc. v. Yardi Sys., Inc.*, 2019 WL 4165121, at **4–5 (D. Utah. Sept. 3, 2019) (deferring any ruling on motion *in limine* to "preclude any evidence or references to pretrial discovery conduct, disputes, or sanctions," explaining that "[t]he court will rule on the admissibility of specific items of evidence at the time they are offered at trial"). Two weeks is a long time, and a lot can happen during trial. There is no need to prejudge.

## II. BACKGROUND

In May 2022—after the close of discovery—Magistrate Judge van Keulen sanctioned Google for not disclosing ▌ private browsing detection bits, in violation of three discovery orders. Dkt. 588-1. Within its logs, Google uses these detection bits to apply a ▌ value to the data, thus indicating whether that data is private browsing data. *Id.* at 5. According to Magistrate Judge van Keulen, **these bits "were very clearly relevant"** (*id.* at 28) and Google "was grossly negligent in failing to turn over" this evidence. *Id.* at 43. Among other sanctions (including witness preclusion) she recommended an adverse-inference jury instruction, while clarifying that it was "premature to determine if the misconduct is relevant to issues for the jury." *Id.* at 44. She also required Google to

1

"provide Plaintiffs with a representation in writing . . . that other than the logs identified thus far as containing Incognito detection bits, **no other such logs exist**." Dkt. 588 at 6.

Then Google revealed more. After a brief investigation, Google disclosed ▮ more logs that use private browsing detection bits. Dkt. 614-2 ¶ 4 & at 6–8. These logs revealed previously unknown uses of private browsing data, but one log was particularly noteworthy. Aptly named a ▮▮▮▮ log, this log proved that Google stores private browsing data and signed-in data in the very same log. Dkt. 898 at 13–14. That revelation contradicts prior representations from Google's counsel and experts.[1]

We don't know how many more logs are like these ones because Google stopped looking for them. The employee in charge of its post-sanctions investigation explained in a sworn declaration that while he initially planned to search for all logs with private browsing detection bits, he later decided to conduct a far more limited investigation, focused only on the ▮ then-identified bits. *See* Sramek Aug, 18 Decl. (Dkt. 695-4) ¶ 7 ("***I understood*** the Court's order required me to attest that there are no other data sources at Google in which ***any field is used by any team to infer Incognito browser state*** in any form. To provide such a declaration, ***multiple months-long investigations would have been required***. However, ***I understand now*** that the Court seeks affirmation only for the data sources with the following ▮ fields . . ."). In any event, focusing the investigation on those three bits might make sense if those ▮ bits are the only private browsing detection bits.

They are not. On December 20, 2022—nine months after the close of discovery—Google disclosed yet another private browsing detection bit: the ▮▮▮▮▮▮▮ field. *See* Dkt. 898 (March 2023 Sanctions Order) at 3; *see also* Dkts. 810, 816 (parties' briefs addressing this bit). Importantly, Google did not uncover this bit through its post-sanctions investigation; rather, Google's counsel allegedly stumbled upon it through work for the *Calhoun* case. And this bit is unique. Unlike the original ▮, this one is relevant to both Class 1 and Class 2 because Google used it to detect

---

[1] *See* Psounis Rep. ¶¶ 45, 47 (Dkt. 659-10) ("Google . . . maintain[s] and enforce[s] separation between . . . authenticated logs and . . . unauthenticated logs."); *see also* 4/29/2021 Tr. 16:16–20:2 ("[t]he most important issue here . . . is that logs are internally segregated by whether you're logged into a Google account or aren't.").

2

private browsing for Chrome Incognito as well as non-Chrome private browsers. Dkt. 898 (March 2023 Sanctions Order) at 16. We still don't know if there are other bits and corresponding logs.

Plaintiffs moved for additional sanctions (Dkts. 615, 656), focusing on the ▇ new logs and also this new bit. That motion was granted in part, with Magistrate Judge van Keulen excluding additional witnesses and amending her jury instruction recommendation "to provide additional context and information about the scope of Google's discovery misconduct." Dkt. 898 at 11.

After the sanctions process concluded, Plaintiffs served a supplemental expert report from their technical expert, Jonathan Hochman. This report did not contain any new opinions. Instead, "the purpose of this report is to explain how the new information Google provided [the ▇ logs and the ▇▇▇▇▇▇ bit] further substantiates several opinions I already offered." Dkt. 990-1 (Hochman Jun 2023 Rep. ¶ 3). This information was not available to Mr. Hochman when he prepared his reports during the expert discovery period.

### III. ARGUMENT

It would be premature for this Court to wholesale exclude any mention of sanctions-related issues. Evidence relating to Google's discovery misconduct, including the jury instruction, may become relevant, including based on Google's approach to trial. Case in point is Google's initial deposition of Mr. Hochman. That deposition occurred before Google disclosed the ▇▇▇▇▇▇ bit, which is relevant to Class 2 (as explained above). Google's lawyer criticized as "speculation" Mr. Hochman's opinion that Google can identify Class 2 members, grilling him for failing to identify any detection bit relevant to Class 2. Hochman Tr. (Ex. 1) 408:21–24. Yet as it turns out, there was such a bit; it just hadn't been disclosed yet.

Google employed the same tactic during its most recent deposition of Mr. Hochman. This time focused on ▇▇▇▇▇▇, counsel asked if Mr. Hochman has any evidence that Google used this bit "to isolate private browsing data." Mr. Hochman responded: "That's an unknown." Hochman October 2023 Rough Tr. 76:5–7 (Ex. 2). But Plaintiffs received virtually no discovery into this bit, save for a short employee declaration that Google submitted with a motion to "deprecate" the bit—filed almost a year after the close of discovery. *See* Dkt. 810. If Google will pursue the same strategy at trial, repeatedly criticizing Plaintiffs for supposedly failing to identify evidence of "X,"

3

then the jury instruction may become warranted. It would be appropriate to allow the jury to "infer from Google's failure to disclose these data sources that they are not helpful to Google." Dkt. 898 at 18.

Mr. Hochman's opinions about Google's post-sanctions investigatory work are also relevant. In a small portion of his report, he evaluates statements from Google engineers who worked on Google's investigation, and he provides technical insight into how Google could have done a more thorough investigation for additional bits and logs. Hochman June 2023 Rep. ¶ 39. This testimony can "help[] the jury decide whether to draw an adverse inference—as it was instructed it could do." *GN Netcom, Inc. v. Plantronics*, 930 F.3d 76, 86 (3d Cir. 2019) (reversing judgment and ordering a new trial where the district court excluded expert testimony about spoliation, reasoning that testimony was "undoubtedly relevant"). Mr. Hochman's opinions are likewise "probative of whether evidence contained [in the logs] would have been unfavorable" to Google. *Zucchella v. Olympusat, Inc.*, 2023 WL 2628107, at *8 (C.D. Cal. Jan. 10, 2023). Google's cases are far afield.[2]

Moreover, if sanctions become relevant at trial, there will be no "unfair prejudice" to Google. Fed. R. Evid. 403. The key word is "unfair." Google admits the sanctions were issued to "cure" *Plaintiffs'* prejudice. Mot. at 1. If parties could evade the impact of adverse-jury instructions by claiming unfair prejudice, there would be no reason to comply with discovery obligations. Sanctions would be toothless. *See Plantronics*, 930 F.3d at 88 ("though the [spoliation] testimony could have had some prejudicial effect, that prejudice would not have been unfair"). Finally, Plaintiffs are not seeking to "relitigate" the sanctions. Mot. at 1. If anything, Google is the party seeking to relitigate sanctions, only this time by erasing them before this Court can assess their relevance.

---

[2] In *Pavemetrics*, the Court granted a new trial because while plaintiffs' "statements left the jury with the impression that [defendant] had something to hide … no evidence suggests [defendant] acted improperly." *Pavemetrics Sys., Inc. v. Tetra Tech.*, 2023 WL 1836331, at *4 (C.D. Cal. Jan. 23, 2023). Similarly, in *Alameda*, the discovery misconduct at issue was only purported, not confirmed by the court. *M.H. v. Cnty. Of Alameda*, 2015 WL 894758, at *11 (N.D. Cal. Jan. 2, 2015). Here, Judge Van Keulen already found that Google acted improperly. And while the court in *Edwards* precluded plaintiff from raising discovery disputes at trial, the sanctions there did not involve a finding or jury instructions that the misconduct caused prejudice. *See Edwards Lifesciences Corp. v. Meril Life Sciences Pvt. Ltd.*, 19-cv-06593, Dkt. 369 (N.D. Cal. Jan. 14, 2022).

## IV. CONCLUSION

Plaintiffs respectfully ask that the Court deny Google's *Motion In Limine* No. 1.

Dated: October 17, 2023

Respectfully submitted,

By: */s/ Mark Mao*
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile (415) 293-6899

David Boies (admitted pro hac vice)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

James Lee (admitted pro hac vice)
jlee@bsfllp.com
Rossana Baeza (admitted pro hac vice)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
M. Logan Wright (CA Bar No. 349004)
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Bill Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
Steven Shepard (pro hac vice)
sshepard@susmangodfrey.com
Alexander P. Frawley (pro hac vice)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiffs*

7