# EXHIBIT 1

```
 1         UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF CALIFORNIA
 2                OAKLAND DIVISION
 3    CHASOM BROWN,
 4             Plaintiff,     Case No.
      vs.
 5                           4:20-cv-03664-YGR-SVK
 6    GOOGLE LLC,
 7             Defendant.
 8    * * * * * * * * * * * * * * * * * * * * * * * * *
                      CONFIDENTIAL
 9                     VOLUME II
        CONTINUED ZOOM VIDEOTAPED DEPOSITION OF
10                  JONATHAN HOCHMAN
                    July 21, 2022
11                    10:09 a.m.
      * * * * * * * * * * * * * * * * * * * * * * * * *
12
13
14    TAKEN BY:
15       JOSEF ANSORGE, ESQ.
         ATTORNEY FOR DEFENDANT
16
17    REPORTED BY:
18       BELLE VIVIENNE, RPR, CRR, NJ-CRR,
         WA/CO/NM-CCR
19       NATIONALLY CERTIFIED REALTIME
         COURT REPORTER
20       VERITEXT LEGAL SOLUTIONS
         JOB NO. 5312353
21       866.299.5127
22
23
24
25
```

```
 1                A P P E A R A N C E S
 2    FOR THE PLAINTIFF:
 3        MARK MAO
          BOIES SCHILLER FLEXNER LLP
 4        44 Montgomery Street, 41st Floor
          San Francisco, California 94104
 5        415.293.6800
          mmao@bsfllp.com
 6
          RYAN MCGEE
 7        MORGAN & MORGAN
          201 North Franklin Street
 8        7th Floor
          Tampa, Florida 33602
 9        813.223.0931
          rmcgee@forthepeople.com
10
          ALEXANDER FRAWLEY
11        IAN CROSBY
          SUSMAN GODFREY
12        1301 Avenue of the Americas
          32nd Floor
13        New York, New York 10019
          Afrawley@susmangodfrey.com
14
      COUNSEL FOR PLAINTIFF IN CALHOUN MATTER:
15        ADAM PROM
          DICELLO LEVITT & GUTZLER
16        10 North Dearborn Street, Sixth Floor
          Chicago, Illinois 60602
17        312.214.7900
          aprom@dicellolevitt.com
18
      COUNSEL FOR DEFENDANT:
19
          JOSEF ANSORGE
20        JOHN WILSON, IV
          QUINN EMANUEL URQUHART & SULLIVAN LLP
21        51 Madison Avenue
          New York, New York 10010
22        josefansorge@quinnemanuel.com
23        CARL SPILLY
          QUINN EMANUEL URQUHART & SULLIVAN, LLP
24        1300 I Street, NW, Suite 900
          Washington, D.C. 20005
25        202.538.8277
          carlspilly@quinnemanuel.com
```

```
 1    APPEARANCES:  (Continued)
 2       CRYSTAL NIX-HINES
         QUINN EMANUEL URQUHART & SULLIVAN LLP
 3       865 South Figueroa Street, 10th Floor
         Los Angeles, California 90017
 4       crystalnixhines@quinnemanuel.com
 5
      VIDEOGRAPHER:
 6       Sean Grant
 7    ALSO PRESENT:
         Konstantinos Psounis, Ph.D.
 8       Julie Burns
         John Wilson, IV - Quinn Emanuel
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 367

```
 1                         - - -
 2                       I N D E X
 3                         - - -
 4    Testimony of:
 5           JONATHAN HOCHMAN
 6    MR. ANSORGE............................. 372
 7
 8                         - - -
 9                      E X H I B I T S
10                         - - -
11    NO.              DESCRIPTION                    PAGE
12    Exhibit 17     Appendix F.................374
13    Exhibit 18     Dr. Glen Bernston's
14                   deposition.................379
15    Exhibit 19     Excerpt from Glen
16                   Berston's deposition.......384
17    Exhibit 20     Two-page policy document...414
18    Exhibit 21     Log Data Usage Rules.......439
19    Exhibit 22     Article entitled Privacy
20                   Threats in Intimate
21                   Relationships..............496
22    Exhibit 24     Understanding Dual
23                   Stacking of IPv4 and PIv6
24                   Unicast Addresses..........503
25
```

```
1                         -  -  -
2            E X H I B I T S (Continued.)
3                         -  -  -
4    NO.              DESCRIPTION                    PAGE
5    Exhibit 25       Ad Personalization
6                     Settings....................512
7    Exhibit 26       Expert Report of
8                     Konstantinos Psounis.......520
9    Exhibit 29       Document Bates numbered
10                    GOOG-BRWN-00630517.........558
11   Exhibit 30       Document Bates numbered
12                    GOOG-CABR03923580..........561
13   Exhibit 31       Document Bates numbered
14                    GOOG-CABR-00894408.........567
15   Exhibit 32       PII document...............568
16
17
18
19
20
21
22
23
24
25
```

Page 369

```
 1                      - - -
 2           DEPOSITION SUPPORT INDEX
 3                      - - -
 4
 5    Directions to Witness Not to Answer
 6    Page Line
 7    none
 8
 9
10    Request for Production of Documents
11    Page Line
12    none
13
14
15    Stipulations
16    Page Line
17    none
18
19
20    Question Marked
21    Page Line
22    none
23
24
25
```

Page 370

| | | |
|---|---|---|
| 1 | THE VIDEOGRAPHER: Good morning. | |
| 2 | We're going on the record at | 10:09:00 |
| 3 | 10:09 a.m. The date is July 21, 2022. | 10:09:02 |
| 4 | Please note that this deposition is | 10:09:07 |
| 5 | being conducted virtually. Quality of | 10:09:09 |
| 6 | recording depends on the quality of | 10:09:12 |
| 7 | camera and Internet connection of | 10:09:14 |
| 8 | participants. What is seen from the | 10:09:17 |
| 9 | witness and heard on screen is what | 10:09:18 |
| 10 | will be recorded. Audio and video | 10:09:20 |
| 11 | recording will continue to take place | 10:09:22 |
| 12 | unless all parties agree to go off the | 10:09:23 |
| 13 | record. | 10:09:25 |
| 14 | This is media unit number 1 of | 10:09:26 |
| 15 | the video recorded deposition of | 10:09:28 |
| 16 | Jonathan Hochman, volume 2, taken by | 10:09:31 |
| 17 | counsel for defendant in the matter of | 10:09:33 |
| 18 | Chasom Brown, et al., v Google LLC, | 10:09:35 |
| 19 | filed in the United States District | 10:09:38 |
| 20 | Court, Northern District of | 10:09:40 |
| 21 | California, Oakland Division. Case | 10:09:41 |
| 22 | No. 4:20-cv-03664-YGR-SVK. It is | 10:09:44 |
| 23 | being conducted remotely using virtual | 10:09:53 |
| 24 | technology. | 10:09:55 |
| 25 | My name is Sean Grant from | 10:09:56 |

Page 371

| | | |
|---|---|---|
| 1 | Veritext.  I'm the videographer.  And | 10:09:57 |
| 2 | the court reporter is Belle Vivienne, | 10:09:59 |
| 3 | also from Veritext. | 10:10:01 |
| 4 | Please note that the witness has | 10:10:03 |
| 5 | been previously sworn in.  Counsel, | 10:10:05 |
| 6 | you may proceed. | 10:10:08 |
| 7 | JONATHAN HOCHMAN, | 10:10:08 |
| 8 | having been previously duly sworn by the | 10:10:08 |
| 9 | Certified Stenographic Realtime Reporter, | 10:10:08 |
| 10 | testified as follows: | 10:10:08 |
| 11 | EXAMINATION | 10:10:10 |
| 12 | BY MR. ANSORGE: | 10:10:10 |
| 13 | Q.   Good morning, Mr. Hochman, how | 10:10:10 |
| 14 | are you doing today? | 10:10:12 |
| 15 | A.   So far, so good. | 10:10:13 |
| 16 | Q.   Do you recall yesterday we were | 10:10:15 |
| 17 | discussing your opinion 14 that relates to | 10:10:17 |
| 18 | private browsing information being used to | 10:10:21 |
| 19 | measure and model conversions? | 10:10:23 |
| 20 | A.   Yes, I did have a chance to look | 10:10:25 |
| 21 | over the rough transcript, and I saw | 10:10:30 |
| 22 | that's where we ended.  And by the way, as | 10:10:32 |
| 23 | I was looking over the rough transcript, | 10:10:34 |
| 24 | it reminded me of something that I would | 10:10:37 |
| 25 | like to tell you if -- if you're | 10:10:40 |

Page 372

| | | |
|---|---|---|
| 1 | interested. | 10:10:43 |
| 2 | Q.    How long do you expect it to | 10:10:44 |
| 3 | take? | 10:10:46 |
| 4 | A.    One minute. | 10:10:47 |
| 5 | Q.    Let's do it, Mr. Hochman, one | 10:10:48 |
| 6 | minute. | 10:10:50 |
| 7 | A.    Okay.  I mentioned that I hadn't | 10:10:51 |
| 8 | prepared a rebuttal report to | 10:10:53 |
| 9 | Mr. Psounis -- Dr. Psounis -- | 10:10:55 |
| 10 | Professor Psounis, I'm sorry -- whatever | 10:10:59 |
| 11 | the case may be. | 10:11:02 |
| 12 | And that's because procedurally, | 10:11:05 |
| 13 | he -- his report came in as a rebuttal | 10:11:08 |
| 14 | and -- and, therefore, I did not have an | 10:11:12 |
| 15 | opportunity to write a rebuttal to him.  I | 10:11:14 |
| 16 | did not want to imply that I agree with or | 10:11:16 |
| 17 | concede any of the points in his report. | 10:11:19 |
| 18 | In fact, I disagree with all of | 10:11:20 |
| 19 | his opinions that relate to my work, and I | 10:11:23 |
| 20 | just wanted to be clear on that and also | 10:11:28 |
| 21 | give you the chance, you know, today to | 10:11:30 |
| 22 | ask me any questions about that should you | 10:11:33 |
| 23 | wish to. | 10:11:35 |
| 24 | Q.    Yeah, thank you, Mr. Hochman. | 10:11:37 |
| 25 | We didn't understand you to be agreeing | 10:11:38 |

Page 373

| | | |
|---|---|---|
| 1 | then it could retain that record. | 10:54:24 |
| 2 | Q. Does your opinion 31 only relate | 10:54:31 |
| 3 | to class 1, or does it also relate to | 10:54:33 |
| 4 | class 2? | 10:54:35 |
| 5 | A. I haven't -- I don't think that | 10:54:38 |
| 6 | opinion 31 has -- is limited to class 1 or | 10:54:40 |
| 7 | class 2, and I'm aware that the incognito | 10:54:43 |
| 8 | detection bits only exist for a | 10:54:45 |
| 9 | significant subset of class 1 in that | 10:54:51 |
| 10 | they're -- I wouldn't expect to find | 10:54:56 |
| 11 | incognito detection bits for class 2, but | 10:54:58 |
| 12 | we still don't know what the unknowns are. | 10:55:01 |
| 13 | Maybe there is something that just hasn't | 10:55:03 |
| 14 | been revealed to us yet. | 10:55:06 |
| 15 | Q. And apart from that speculation, | 10:55:08 |
| 16 | Mr. Hochman, you're not opining that | 10:55:12 |
| 17 | Google distinguishes between non-Chrome | 10:55:15 |
| 18 | private browsing data and non-Chrome | 10:55:19 |
| 19 | browsing data, correct? | 10:55:22 |
| 20 | MR. MAO: Objection, assumes | 10:55:23 |
| 21 | facts not in evidence. | 10:55:26 |
| 22 | Go ahead. | 10:55:27 |
| 23 | A. Okay. So I'm going to start | 10:55:27 |
| 24 | with the part where you suggested that I | 10:55:28 |
| 25 | was speculating. | 10:55:30 |

Page 407

|   |   |   |
|---|---|---|
| 1 | It's not speculation for me to | 10:55:31 |
| 2 | think that you may have withheld something | 10:55:33 |
| 3 | from me when it's already proven that you | 10:55:35 |
| 4 | did withhold stuff from me that was | 10:55:37 |
| 5 | serious.  And so it's not speculation. | 10:55:40 |
| 6 | It's an inference. | 10:55:42 |
| 7 | Now, if you take out that part | 10:55:45 |
| 8 | of the question, that you take out the | 10:55:47 |
| 9 | false premise, then maybe re-ask it | 10:55:49 |
| 10 | without that, I'll be happy to answer. | 10:55:52 |
| 11 | BY MR. ANSORGE: | 10:55:52 |
| 12 | Q.   I'll move to strike the -- your | 10:55:55 |
| 13 | answer as nonresponsive. | 10:55:58 |
| 14 | Mr. Hochman -- | 10:56:03 |
| 15 | THE COURT REPORTER:  Did you say | 10:56:06 |
| 16 | something, Mark?  I'm sorry. | 10:56:07 |
| 17 | MR. MAO:  I said disagree. | 10:56:08 |
| 18 | There's a court order on this.  There | 10:56:10 |
| 19 | is a finding on this. | 10:56:13 |
| 20 | BY MR. ANSORGE: | 10:56:13 |
| 21 | Q.   And Mr. Hochman, you're not | 10:56:16 |
| 22 | opining that Google distinguishes between | 10:56:17 |
| 23 | non-Chrome private browsing data and | 10:56:20 |
| 24 | non-Chrome browsing data, correct? | 10:56:25 |
| 25 | MR. MAO:  Objection to the form | 10:56:26 |

Page 408

| | | |
|---|---|---|
| 1 | of the question. | 10:56:27 |
| 2 | Go ahead. | 10:56:27 |
| 3 | A.    I don't think that I've yet | 10:56:31 |
| 4 | found any incognito detection bit that | 10:56:33 |
| 5 | relates to non-Chrome browsing.  The | 10:56:37 |
| 6 | method I know that Google used for | 10:56:41 |
| 7 | incognito detection was applicable to the | 10:56:43 |
| 8 | Chrome browser, not -- when not on iOS. | 10:56:48 |
| 9 | BY MR. ANSORGE: | 10:56:55 |
| 10 | Q.    Do you offer any opinion on how | 10:56:57 |
| 11 | Google should distinguish between private | 10:56:58 |
| 12 | browsing mode data at issue for class 2 | 10:57:03 |
| 13 | and signed-out non-private browsing data | 10:57:04 |
| 14 | for any non-Chrome browser? | 10:57:06 |
| 15 | A.    I understand that you're | 10:57:13 |
| 16 | commenting that this could pose some | 10:57:14 |
| 17 | difficulty for Google, that they might | 10:57:16 |
| 18 | have to delete a lot of data that they | 10:57:19 |
| 19 | would rather not delete. | 10:57:21 |
| 20 | I haven't proposed a solution | 10:57:22 |
| 21 | for them, but it is a problem of their own | 10:57:24 |
| 22 | making. | 10:57:27 |
| 23 | Q.    Move to strike as nonresponsive. | 10:57:36 |
| 24 | Mr. Hochman, do you offer any | 10:57:37 |
| 25 | opinion on how Google should distinguish | 10:57:39 |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | between private browsing mode data at | 10:57:42 |
| 2 | issue for class 2 and signed-out | 10:57:46 |
| 3 | non-private browsing data from any | 10:57:48 |
| 4 | non-Chrome browser? | 10:57:50 |
| 5 |     MR. MAO:  Objection to the form | 10:57:53 |
| 6 | of the question, incomplete | 10:57:56 |
| 7 | hypothetical. | 10:57:58 |
| 8 |     Go ahead. | 10:57:58 |
| 9 | A.   So per my prior answer, which I | 10:58:00 |
| 10 | will further summarize, I haven't found | 10:58:03 |
| 11 | yet a method that Google uses to | 10:58:08 |
| 12 | distinguish private browsing from | 10:58:12 |
| 13 | non-private browsing for the members of | 10:58:15 |
| 14 | class 2. | 10:58:19 |
| 15 | BY MR. ANSORGE: | 10:58:19 |
| 16 | Q.   And as you sit here before us | 10:58:22 |
| 17 | today, can you think of any method that | 10:58:24 |
| 18 | you would propose? | 10:58:26 |
| 19 | A.   I haven't -- I would have to see | 10:58:33 |
| 20 | more information from Google about their | 10:58:37 |
| 21 | systems to address that. | 10:58:39 |
| 22 | Q.   Mr. Hochman, yesterday you | 10:58:45 |
| 23 | testified that you don't see a statement | 10:58:48 |
| 24 | in your report that asserts that Google is | 10:58:51 |
| 25 | using fingerprinting, but you're drawing | 10:58:53 |

Page 410