# EXHIBIT 2

# Redacted Version of Document Sought to be Sealed

                                                                  1

     1                    ROUGH DRAFT DISCLAIMER

     2            THIS DISCLAIMER MUST BE READ AND ACCEPTED
          BEFORE PROCEEDING WITH REALTIME AND/OR DRAFT
     3    TRANSMISSION.

     4            You are about to receive a draft
          transcript via realtime litigation support systems.
     5    There will be discrepancies between this and the
          certified transcript, including but not limited to
     6    page and line number discrepancies, the appearance
          in this version of mistranslated and/or untranslated
     7    words and/or numbers, and such other variants with
          the final transcript as from time to time may occur
     8    in the normal course of verbatim stenographic
          processes.
     9
                  THIS VERSION IS TO BE USED AND CONSIDERED
    10    ONLY AS ATTORNEY WORK PRODUCT AND IS NOT TO BE
          CITED.  NO COMMENTS PERTAINING TO THIS TRANSLATION
    11    ARE TO BE MADE ON THE RECORD.  THIS VERSION UNDER NO
          CIRCUMSTANCES WHATSOEVER CONSTITUTES THE OFFICIAL
    12    TRANSCRIPT.

    13            Proceeding beyond the disclaimer
          constitutes acceptance of the preceding terms and
    14    conditions and is an acknowledgement of your order
          for the official certified transcript.
    15

    16

    17

    18

    19

    20

    21

    22

```
23

24

25
```

CONFIDENTIAL UNCERTIFIED ROUGH DRAFT - JONATHAN HOCHMAN - 10-10-23
↑

2

```
 1        11:34 a.m.
 2               THE VIDEOGRAPHER:  Good morning.
 3   We are going on the record at 11:34 a.m. Eastern
 4   Standard Time.  Please note that the deposition is
 5   being conducted virtually.  Quality of recording
 6   depends on the quality of camera and internet
 7   connection of the participants.  What is seen from
 8   the witness and heard on screen is what will be
 9   recorded.  Audio and video recording will continue
10   to take place unless all parties agree to go off the
11   record.
12               This is the video-recorded deposition
13   of Jonathan Hochman in the matter of Chasom Brown
14   versus Google LLC, Case Number 420-CV-03664-YGR-SVC.
15               This deposition is being conducted
16   using virtual technology.  My name is Koryn Coalson,
```

17   representing Veritext.  I'm the videographer today.

18   And the court reporter is Sandie Semevolos from the

19   firm Veritext as well.

20                  I'm not authorized to administer an

21   oath.  I'm not related to any party in this action.

22   If there are any objections to the proceeding,

23   please state them at any time or state them at the

24   time of your appearance.

25                  Counsel and all present, including

CONFIDENTIAL UNCERTIFIED ROUGH DRAFT - JONATHAN HOCHMAN - 10-10-23

3

1   remotely will now state their appearance and

2   affiliations for the record, beginning with our

3   noticing attorney.

4                  MR. BROOME:  Stephen Broome from

5   Quinn Emanuel representing Google.  And joined by my

6   colleague Joseph Margolies.

7                  MR. FRAWLEY:  And Alexander Frawley

8   Frawley from Susman Godfrey for the plaintiffs and

9   the witness, joined by my colleagues Mark Mao, Boies

10  Schiller Flexner, and Ryan McGee of Morgan & Morgan.

11                    THE VIDEOGRAPHER:  Will the court

             12    reporter please swear in our witness.

             13                    THE REPORTER:  Good morning.  In

             14    proceeding today, the parties agree and stipulate

             15    that the court reporter shall administer the oath

             16    and report the deposition stenographically from a

             17    remote location and that the witness is testifying

             18    in Connecticut under the penalty of perjury as if

             19    sworn in person.

             20                    Before we proceed, I will ask counsel

             21    to state their name and agreement to the above

             22    stipulation or state if there is any objection.

             23

             24

             25                    MR. BROOME:  Steve Broome, no

                                                                      4

              1    objection.

              2                    MR. FRAWLEY:  Alexander Frawley, no

              3    objections.

              4                    THE REPORTER:  Thank you.  With that,

```
 5    Mr. Hochman, if I can please ask you to raise your

 6    right hand.

 7

 8    WITNESS

 9         being first duly sworn and/or affirmed remotely

10         via Zoom, was examined and testified on his

11         oath as follows:

12

13              THE REPORTER:  Thank you, sir.

14    Please state your full name for the record.

15              THE WITNESS:  Jonathan E. Hochman,

16    H-o-c-h-m-a-n.

17    BY MR. BROOME:

18        Q.    Good morning, Mr. Hochman.

19        A.    Good morning.

20        Q.    All right.  So, as we discussed earlier,

21    we are going to mark as Hochman Exhibit 33 the index

22    that your counsel sent over.  Just let me know when

23    you see that in the exhibit share.

24        A.    Okay.  I got it.

25        Q.    And we are going to mark as Exhibit 34
```

10      A.    Could be used.  Could be used, not can be
11 used, could be used.
12      Q.    I'm not asking you for any legal opinions.
13 I want to know if you have a way to determine how
14 accurate the bit would be in isolating private
15 browsing data?
16      A.    I mean, I think you have to make an
17 inference that the bit -- about the accuracy of the
18 bit based upon the idea that Google deployed it and
19 had it in deployment for year.  I think that some
20 inference can be made about that.
21      Q.    So, to what extent is it accurate then?
22      A.    Well, I tested other incognito detection
23 bits, and they seem to be very accurate.
24      Q.    All right.  And --
25      A.    I mean, I pointed that out in the prior

CONFIDENTIAL UNCERTIFIED ROUGH DRAFT - JONATHAN HOCHMAN - 10-10-23
↑

75

1 paragraph we were discussing.
2      Q.    Yeah, so I just want you to answer my
3 question.  To what extent is the ▮▮▮▮▮▮▮▮

4  bit accurate?

5           MR. FRAWLEY: Object to the form.

6     A.   I mean, it's accurate enough for Google to

7  deploy it and keep using it.

8     Q.   Can you put a percentage on it?

9     A.   I can't put a -- I can't put a percentage

10 on it because Google hasn't revealed that and they

11 haven't given me a selection of -- the opportunity

12 to test it.

13    Q.   You just said that it would be -- it's

14 accurate enough for Google to use it.  Google wasn't

15 using it to isolate private browsing data, was it?

16    A.   I mean, Google -- I'm not sure we have a

17 full understanding of all the ways that Google was

18 using it.  Because I think that it came out very

19 late after two years worth of fact discovery was,

20 you know, water down river.

21    Q.   Well, the Benko declaration at least does

22 not suggest that Google was using the bit to isolate

23 private browsing data; right?

24          MR. FRAWLEY: Object to form.

25    A.   I'm not sure all the ways that that bit

76

1  was being used.  I mean I think I made a point of
2  saying that had I known about this sooner, I would
3  have liked to have investigate it and learned more
4  about the ways that it was being used.
5      Q.   Do you have an opinion on whether the bit
6  was being used to isolate private browsing data?
7      A.   That's an unknown.
8      Q.   That works.
9           At paragraph 47 of your report, you say
10 that the ▮ logs reveal new uses of private browsing
11 data.
12          Do you see that?
13     A.   Yes.
14     Q.   And those uses pertain to unauthenticated
15 data generally; right?
16          MR. FRAWLEY:  Object to form.
17     A.   Let me just take a quick read through this
18 because you are sort of framing it differently than
19 I did.
20                    (Pause.)
21     A.   Okay, go ahead.  Do you want to reask the
22 question?