UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' AND DENYING GOOGLE'S MOTIONS IN LIMINE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Trial Date: January 29, 2024 |

### [PROPOSED] ORDER

The Court hereby **GRANTS** Plaintiffs' Motion *in Limine* Number 1. Google did not produce any non-public source code during discovery. Google is accordingly precluded from presenting any evidence, testimony, or argument based on non-public source code at trial.

The Court hereby **GRANTS** Plaintiffs' Motion *in Limine* Number 2. Based on the Court's class certification order, implied consent is irrelevant to the trial for the Rule 23(b)(2) classes, so Google may not rely on (purported) evidence of classwide implied consent.

The Court hereby **GRANTS** Plaintiffs' Motion *in Limine* Number 3. Google is precluded from introducing evidence or argument regarding the use of Google services by the Court, Plaintiffs' counsel, and Plaintiffs' experts.

The Court hereby **GRANTS** Plaintiffs' Motion *in Limine* Number 4. If Google were permitted to weaponize Plaintiffs' ongoing use of private browsing, that would place Plaintiffs in an unfair catch-22 for standing purposes. Google therefore may not rely on evidence or argument related to Plaintiffs' continued use of private browsing.

The Court hereby **GRANTS** Plaintiffs' Motion in *Limine* Number 5. Google is precluded from referencing or introducing any disparaging evidence or arguments regarding Plaintiff Brown's or Plaintiff Byatt's professions, or any disparaging nicknames for private browsing mode.

The Court hereby **DENIES** Google's Motion *in Limine* Number 1. The Court declines to exclude evidence or argument regarding the sanctions orders, sanctions proceedings, or alleged discovery misconduct, reserving any such determinations for trial.

The Court hereby **DENIES** Google's Motion *in Limine* Number 2 to exclude evidence of Google's wrongful profits, Plaintiffs' injuries, and other miscellaneous evidence. This evidence is relevant to the jury's determination of the offensiveness of Google's conduct, as well as its calculation of the individual Plaintiffs' monetary relief. Google has failed to identify any prejudice, let alone sufficient prejudice to warrant exclusion under Rule 403.

The Court hereby **DENIES** Google's Motion *in Limine* Number 3. Google seeks to exclude 104 exhibits; the few exhibits discussed in the parties' briefs are plainly relevant, and Google does not even address the majority of the exhibits it seeks to exclude.

The Court hereby **DENIES** Google's Motion *in Limine* Number 4. The parties have factual disputes about joining and joinability, and the Court will not resolve those disputes through a motion *in limine*. Moreover, consistent with the Court's *Daubert* Order as to Plaintiffs' expert Bruce Schneier (Dkt. 803 at 20), whether Google could join private data with regular browsing data is relevant.

DATED: _____     _____
                                HON. YVONNE GONZALEZ ROGERS
                                United States District Judge