# GOOGLE LLC'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING CLASSWIDE DAMAGES AND CERTAIN OTHER DAMAGES EVIDENCE

**Redacted Version of Document Sought to be Sealed**

1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2  Stephen A. Broome (CA Bar No. 314605)  Andrew H. Schapiro (admitted *pro hac vice*)
   stephenbroome@quinnemanuel.com  andrewschapiro@quinnemanuel.com
3  Viola Trebicka (CA Bar No. 269526)  Teuta Fani (admitted *pro hac vice*)
   violatrebicka@quinnemanuel.com  teutafani@quinnemanuel.com
4  Crystal Nix-Hines (Bar No. 326971)  Joseph H. Margolies (admitted *pro hac vice*)
5  crystalnixhines@quinnemanuel.com  josephmargolies@quinnemanuel.com
   Rachael L. McCracken (Bar No. 252660  191 N. Wacker Drive, Suite 2700
6  rachaelmccracken@quinneamanuel.com  Chicago, IL 60606
   Alyssa G. Olson (CA Bar No. 305705)  Telephone: (312) 705-7400
7  alyolson@quinnemanuel.com  Facsimile: (312) 705-7401
8  865 S. Figueroa Street, 10th Floor
   Los Angeles, CA 90017
9  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
10

11 Jomaire Crawford (admitted *pro hac vice*)  Xi ("Tracy") Gao (CA Bar No. 326266)
   jomairecrawford@quinnemanuel.com  tracygao@quinnemanuel.com
12 D. Seth Fortenbery (admitted *pro hac vice*)  Carl Spilly (admitted *pro hac vice*)
   sethfortenbery@quinnemanuel.com  carlspilly@quinnemanuel.com
13 51 Madison Avenue, 22nd Floor  1300 I Street NW, Suite 900
   New York, NY 10010  Washington D.C., 20005
14 Telephone: (212) 849-7000  Telephone: (202) 538-8000
15 Facsimile: (212) 849-7100  Facsimile: (202) 538-8100

16
17 *Counsel for Defendant Google LLC*
   *Additional counsel on signature pages*

18  **UNITED STATES DISTRICT COURT**
    **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**
19

20 | CHASOM BROWN, *et al*., individually and on behalf of themselves and all others similarly situated, | Case No. 4:20-cv-03664-YGR-SVK |
|---|---|
| Plaintiffs, | **GOOGLE LLC'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING CLASS-WIDE DAMAGES AND CERTAIN OTHER DAMAGES EVIDENCE** |
| v. | |
| GOOGLE LLC, | Hon. Yvonne Gonzalez Rogers |
| Defendant. | Trial Date: January 29, 2024 |

## I. INTRODUCTION

Pursuant to Federal Rules of Evidence 402 and 403, Google respectfully moves to exclude: (1) all evidence and argument regarding class-wide damages numbers, methodologies, inputs, and Google-wide financials, (2) all evidence and argument regarding unjust enrichment, (3) Plaintiffs' expert Michael Lasinski's testimony and methodology on statutory damages, and (4) all evidence and argument regarding purported harm to Plaintiffs' "peace of mind."

## II. ARGUMENT

### A. All Evidence and Argument Regarding Class-wide Damages, Models, Inputs, and Google's Financials Should Be Excluded

The Court denied Plaintiffs' request to certify a damages class under Rule 23(b)(3). Dkt. 803 at 32. Evidence and argument regarding class-wide damages, models, inputs, and related Google financials is irrelevant and highly prejudicial, including at least the documents identified by Bates Number in Exhibit A to the October 17, 2023 Declaration of Donald Seth Fortenbery.

First, these topics are irrelevant. Plaintiffs' individual damages (if any) are the only monetary damages inquiry for the jury. Evidence and argument related to damages, models, inputs, and financial figures that relate to the class's purported damages are irrelevant and should be excluded. Fed. R. Civ. P. 401; *see also Little v. Washington Metro. Area Transit Auth.*, 249 F. Supp. 3d 394, 414 (D.D.C. 2017) ("Because the Court will not certify a Rule 23(b)(3) class, Dr. Bendick's computation of damages is not relevant and will be excluded.").

Second, even if the multi-billion-dollar class-wide damages figures Plaintiffs claim had scant relevance, it would be prejudicial to allow Plaintiffs to tout these eye-popping numbers to the jury. Plaintiffs contend that Google caused the class to suffer ▮▮▮▮▮ in "actual" damages, and up to ▮▮▮▮▮ in unjust enrichment damages. Lasinski Rep. ¶¶ 1, 55-184.[1] Plaintiffs base these figures on irrelevant Google financials such as all "U.S. advertising revenues from Search Ads, YouTube Ads, and Display Ads" (products that benefit from private browsing data only minimally), and estimates that ▮▮▮▮▮

---

[1] As explained further below, these figures cannot be apportioned to these named Plaintiffs. *Infra* Section II. Moreover, the ▮▮▮▮▮ "actual" damages figure is further irrelevant because Plaintiffs posit a method of calculating these damages that is specific to the individual Plaintiffs and does not involve that number. Pretrial Statement, at Plaintiffs' Statement on Damages.

▬▬—could cause an impact of up to ▬▬ per year. *Id*. ¶¶ 35, 64. In stark contrast, Plaintiffs admit they seek less than ▬▬ apiece in actual damages, and do not even quantify their unjust enrichment damages.[2] Plainly, presenting damages figures that are ▬▬ of dollars greater than the damages actually sought would prejudice Google by exciting the emotions of the jury and causing them to think that Google caused more financial harm than is actually at issue in the trial. *See Multimedia Pat. Tr. v. Apple Inc.*, 2012 WL 12868264, at *6 (S.D. Cal. Nov. 20, 2012) (precluding evidence showing revenues or profits because "[t]he disclosure that a company has made $19 billion dollars in revenue from an infringing product cannot help but skew the damages horizon for the jury" (quotation omitted)).

Third, the jury would be thoroughly confused by evidence of irrelevant class-wide damages, the methodologies for calculating them, and Google financials relating to products and services that have little if anything to do with the case. If such evidence were allowed, Google's cross-examination of Mr. Lasinski regarding the flaws in his class-wide damages methodology, the complicated math supporting his class-wide damages, his chosen inputs, and the rebuttal opinion of Google's expert witness, Bruce Strombom, would only further confuse the jury. *See, e.g.*, *Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001) (upholding exclusion of "testimony [that] might have resulted in a 'mini trial,' considering that much of the[] testimony was disputed by Defendants"); *see also Snyder v. Bank of Am., N.A.*, 2020 WL 6462400, at *11 (N.D. Cal. Nov. 3, 2020) (excluding "damages [that] are irrelevant [because] to raise them would risk confusing the jury as to which damages are in fact recoverable").

Finally, the fact that Plaintiffs are representing a Rule 23(b)(2) injunctive relief class obviously is no reason to allow them to present evidence of class-wide damages to the jury. The certified class is not entitled to any monetary damages,[3] and class-wide damages figures and models

---

[2] Even using Mr. Lasinski's (flawed) class-wide unjust enrichment number divided by his (equally flawed) total class member number, *see* Lasinski Rep. ¶ 197, each Plaintiff's damages would come out to a range of ▬▬.

[3] The *only* monetary relief, *if any*, available to a Rule 23(b)(2) class is monetary relief "incidental" to the injunctive or declaratory relief sought, which is not the case where there are "individualized determinations of each [class member]'s eligibility for [monetary damages]." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360, 366-67 (2011). This Court has already determined (Dkt. 803 at 32) liability for damages cannot be decided class wide—making any restitution and disgorgement

are not relevant to Plaintiffs' request for punitive damages.[4]

### B. All Evidence and Argument Regarding Unjust Enrichment Should Be Excluded

Plaintiffs' only evidence of unjust enrichment damages is Mr. Lasinski's class-wide unjust enrichment calculation. Nowhere does Mr. Lasinski (or anyone else) calculate an unjust enrichment number for the Named Plaintiffs. In a single paragraph in his report, Mr. Lasinski hypothesizes that "Google's unjust enrichment . . . could be readily allocated," and then gestures towards a complicated method by which he would (a) use classwide inputs to identify a dollar value for a single unique monthly private browsing instance ("UMPBI")—which Mr. Lasinski explains "represents one or more pageloads in Incognito Mode or an Other Private Browsing Mode on a single device during a one-month period," Lasinski Rep. ¶ 1—and then (b) somehow allocate classwide unjust enrichment "as a function of the number of UMPBI deemed attributable to each Class member." *Id*. ¶ 197. Yet there is *no* evidence in the record about how many UMPBI are attributable to each Plaintiff, or *any* methodology about how to attribute UMPBI to a given Plaintiff.

Mr. Lasinski also suggests that class-wide damages could be apportioned by simply dividing the total unjust enrichment damages by the number of class members. *Id*. ¶ 197. This method is wholly improper because it awards Plaintiffs unjust enrichment damages *regardless* of the extent to which Google actually profited off of their data (if at all). And it is highly prejudicial because the calculation begins with a multi-billion-dollar *class-wide* damages figure attributable to a Rule 23(b)(3) class that the Court denied.

### C. Mr. Lasinski's Opinions and Testimony Regarding Statutory Damages Have No Relevance in the Trial

Mr. Lasinski: (1) does not calculate a statutory damages figure for any Plaintiff; (2) concedes that he has "not investigated or made any determination regarding the relevant damages rate" for individual statutory violations; and (3) provides no insight into what act or acts constitutes a violation of the statutes for purposes of calculating statutory damages or how many violations

---

claims non-incidental. *See, e.g.*, *Young v. Neurobrands, LLC*, 2020 WL 11762212, at *8 (N.D. Cal. Oct. 15, 2020) (restitution and disgorgement not incidental where they "would turn on the individual circumstances of each class member's purchase"); *I.B. by & through Bohannon v. Facebook, Inc.*, 82 F. Supp. 3d 1115, 1132 (N.D. Cal. 2015) (similar).
[4] Punitive damages "may not be used to punish [Google] for the impact of [its] alleged misconduct on persons other than [plaintiffs]." CACI No. 3942.

occurred. *Id.* ¶¶ 185-186 (explaining his opinions "focus on how statutory damages could be calculated *for the two [Rule 23(b)(3)] Classes for the Class Period*" (emphasis added)). Moreover, Mr. Lasinski proposes "four potential bases to which an appropriate damages rate could be applied," *see id.* ¶¶ 1, 186, but not one of those is helpful here. The first two bases (relying on "pageloads" in Incognito and UMPBI, explained above) require user-specific evidence (e.g., the number of private browsing mode page loads per plaintiff) that does not exist for any of the Plaintiffs. The third and fourth bases rely on "unique private browsing instances *across the Classes*" and "[t]he number of members *in each Class*" and are therefore also useless for purposes of calculating the Named Plaintiffs' statutory damages.

### D. The Court Should Exclude All Evidence and Argument Regarding Purported Harm to Plaintiffs' Peace of Mind

In their pretrial statement, Plaintiffs assert for the first time in this three-year litigation that they will seek damages based on "harm [to] their peace of mind [and] feel[ing] powerless." This damages theory should be precluded because Plaintiffs failed to timely disclose it—even in the Fourth Amended Complaint, which Plaintiffs amended specifically "to clarify which remedies apply to each claim." Dkt. 880 at 1; *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (upholding exclusion of damages theory where it was first disclosed through pretrial conference). Nor did Plaintiffs disclose it in discovery.[5] In any event, there is no evidence in the record to support or calculate such damages for any Plaintiff. When asked to "[d]escribe with particularity how YOU have been harmed or damaged by [Google's] conduct," none of the Plaintiffs identified such harms or ways to quantify them. Fortenbery Decl., Ex. B (Pl. Responses to Interrogatory No. 3). Plaintiffs' new and unsupported theory of damages has no place in this trial.

## III. CONCLUSION

For the foregoing reasons, the Court should exclude any evidence or argument regarding class-wide damages models, unjust enrichment, statutory damages, and late-disclosed damages theories.

---

[5] "Rule 26(a)(1)(A)(iii) requires the disclosure of 'a computation of each category of damages claimed by the disclosing party.' . . . Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Hoffman*, 541 F.3d at 1179 (quotations omitted).

DATED: October 17, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By    */s/ Andrew H Schapiro*
      Andrew H. Schapiro

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660
rachaelmccracken@quinneamanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com

51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*