# EXHIBIT B

# Redacted Version of Document Sought to Be Sealed

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.  5:20-cv-03664-LHK-SVK |

**PLAINTIFF CHASOM BROWN'S OBJECTIONS AND RESPONSES
TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Chasom Brown ("Brown") hereby objects and responds to Defendant's, Google LLC ("Google"), First Set of Interrogatories (Nos. 1–6). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Brown's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Brown may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Brown reserves all rights to supplement and amend his objections and responses accordingly.

**INTERROGATORY NO. 1:**

Describe with particularity each time YOU reviewed the GOOGLE TERMS OF SERVICE, GOOGLE PRIVACY POLICY, MY GOOGLE ACTIVITY, CHROME INCOGNITO NOTICE, CHROME TERMS OF SERVICE, and/or CHROME PRIVACY NOTICE prior to the filing of the COMPLAINT and, if YOU reviewed such documents, on what date(s) and which version(s) YOU reviewed, and whether YOU reviewed the entire document(s) or only portion(s) of the document(s) (if only portion(s), describe with particularity which portion(s) you reviewed).

reviewed or deleted data on MY GOOGLE ACTIVITY; and how often YOU enabled CHROME INCOGNITO MODE while logged out of your Google account.

**RESPONSE TO INTERROGATORY NO. 2:**

    Plaintiff Brown objects to Interrogatory No. 2 as overly broad, vague, and not proportional to the needs of the litigation, considering Google requests each and every instance when Plaintiff Brown used Chrome, the Google accounts logged into for each instance of using Chrome, each website visited with Chrome, and other disproportional details, rendering this Interrogatory No. 2 not possible to fully and accurately answer. Plaintiff Brown also objects that this interrogatory is compound, asking in part about his use of Chrome but then separately including a request regarding the separate topic of whether he "reviewed or deleted data on MY GOOGLE ACTIVITY." This interrogatory therefore counts as two separate interrogatories.

    Notwithstanding and subject to these objections, Plaintiff Brown responds that he has used Chrome on his laptop computer since at least 2016 as the primary web browser. Since June 2016, Plaintiff Brown used Chrome on his laptop, and in the last approximate two years began using Chrome's private browsing mode more often on his laptop, at least a few times per month, and at least a few times per week on his Android phone. Plaintiff Brown uses private browsing mode on both his laptop and phone to browse housing websites (e.g., Apartments.com); job websites; adult-oriented websites; hotels and travel websites; and for shopping around holidays for himself and others. To the best of Plaintiff Brown's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode, but may have logged into his Google accounts, ▮▮▮▮▮, ▮▮▮▮▮ and ▮▮▮▮▮, when using Chrome in its non-private browsing mode. To the best of Plaintiff Brown's knowledge, Plaintiff Brown has not reviewed or deleted his My Google Activity.

**INTERROGATORY NO. 3:**

Describe with particularity how YOU have been harmed or damaged by DEFENDANT's conduct alleged in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff Brown objects to Interrogatory No. 3 as discovery has not closed and Plaintiff Brown does not know the full extent of Defendant's misconduct in collecting, gathering, analyzing, and monetizing Plaintiff Brown's private browsing activity, and Plaintiff Brown reserves his right to amend this interrogatory as the case proceeds.

Notwithstanding and subject to these objections, Plaintiff Brown responds that he values his privacy and takes careful precautions to protect his privacy. When Plaintiff Brown engaged in the private browsing mode in Google's Chrome browser, Plaintiff Brown read Google's representations that Plaintiff Brown's browsing activity would not be collected and that he could browse the web privately. Based on Google's representations, Plaintiff Brown reasonably believed that he could control the information that would be shared with Google. Plaintiff Brown considered this browsing activity private and confidential, and did not intend to share it with Google. Plaintiff Brown never consented to Google's interception of his private browsing communication, Google's collection of any data from his private browsing, or Google's use of any data from his private browsing. Plaintiff Brown chose the private browsing mode to avoid Google's collection of that browsing activity and to browse the web without Google spying on and gathering that browsing activity for its own monetary gain. Without Plaintiff Brown's knowledge, Google continued to monitor and collect his browsing activity and used that browsing activity for its own monetary gain. Plaintiff Brown is familiar with other web browsers, such as Brave, among others, which pay users a fee for their browsing.

**INTERROGATORY NO. 4:**

Without limitation as to time period, describe with particularity all websites, applications, or other online services with which YOU voluntarily shared any DATA AT ISSUE.

**RESPONSE TO INTERROGATORY NO. 4:**

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: _____

Printed Name: _____

Title: _____

STATE OF __Texas_____

COUNTY OF __Tarrant_____

The foregoing instrument was acknowledged before me this __2nd__ day of __September__, 2023, by __Chasom Brown_____, who has produced as identification __DRIVER LICENSE_____, bearing number __B5816158_____, expiring __11/21/2027_____ and who did (did not) take an oath.

Virginia C Martin
ID NUMBER
133255163
COMMISSION EXPIRES
August 6, 2025

_____
NOTARY PUBLIC SIGNATURE
Notarized online using audio-video communication

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.  5:20-cv-03664-LHK-SVK |

**PLAINTIFF WILLIAM BYATT'S OBJECTIONS AND RESPONSES
TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff William Byatt ("Byatt") hereby objects and responds to Defendant's, Google LLC ("Google"), First Set of Interrogatories (Nos. 1–6). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Byatt's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Byatt may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Byatt reserves all rights to supplement and amend his objections and responses accordingly.

**INTERROGATORY NO. 1:**

Describe with particularity each time YOU reviewed the GOOGLE TERMS OF SERVICE, GOOGLE PRIVACY POLICY, MY GOOGLE ACTIVITY, CHROME INCOGNITO NOTICE, CHROME TERMS OF SERVICE, and/or CHROME PRIVACY NOTICE prior to the filing of the COMPLAINT and, if YOU reviewed such documents, on what date(s) and which version(s) YOU reviewed, and whether YOU reviewed the entire document(s) or only portion(s) of the document(s) (if only portion(s), describe with particularity which portion(s) you reviewed).

reviewed or deleted data on MY GOOGLE ACTIVITY; and how often YOU enabled CHROME INCOGNITO MODE while logged out of your Google account.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff Byatt objects to Interrogatory No. 2 as overly broad, vague, and not proportional to the needs of the litigation, considering Google requests each and every instance when Plaintiff Byatt used Chrome, the Google accounts logged into for each instance of using Chrome, each website visited with Chrome, and other disproportional details, rendering this Interrogatory No. 2 not possible to fully and accurately answer. Plaintiff Byatt also objects that this interrogatory is compound, asking in part about his use of Chrome but then separately including a request regarding the separate topic of whether he "reviewed or deleted data on MY GOOGLE ACTIVITY." This interrogatory therefore counts as two separate interrogatories.

Notwithstanding and subject to these objections, Plaintiff Byatt responds that he has used Chrome since it was released. Since June 2016, Plaintiff Byatt has almost exclusively used Chrome on his laptop computers, as well as on his Android phone. Since June 2016, Plaintiff Byatt estimates that he uses the Chrome private browsing mode approximately one hour each day. Plaintiff Byatt uses private browsing mode on both his laptop and phone. Plaintiff Byatt uses private browsing mode on both his laptop and phone to browse news websites and adult-oriented websites. To the best of Plaintiff Byatt's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode, but may have been logged into his Google accounts, ███████████, ███████████, ███████████, ███████████, and ███████████ when using Chrome in its non-private browsing mode. Plaintiff Byatt has reviewed his My Google Activity and, prior to this litigation, may have removed an entry from the My Google Activity, but cannot recall what it was or when he did.

**INTERROGATORY NO. 3:**

Describe with particularity how YOU have been harmed or damaged by DEFENDANT's conduct alleged in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff Byatt objects to Interrogatory No. 3 as discovery has not closed and Plaintiff Byatt does not know the full extent of Defendant's misconduct in collecting, gathering, analyzing, and monetizing Plaintiff Byatt's private browsing activity, and Plaintiff Byatt reserves his right to amend this interrogatory as the case proceeds.

Notwithstanding and subject to these objections, Plaintiff Byatt responds that his privacy is very important to him and Plaintiff Byatt takes careful precautions to protect his privacy. When Plaintiff Byatt engaged in the private browsing mode in Google's Chrome browser, Plaintiff Byatt read Google's representations that Plaintiff Byatt's browsing activity would not be collected and that he could browse the web privately. Based on Google's representations, Plaintiff Byatt reasonably believed that he could control the information that would be shared with Google. Plaintiff Byatt considered this browsing activity private and confidential, and did intend to share it with Google. Plaintiff Byatt never consented to Google's interception of his private browsing communications, Google's collection of any data from his private browsing, or Google's use of any data from his private browsing. Plaintiff Byatt chose the private browsing mode to avoid Google's collection of that private browsing activity and to browse the web without Google spying on and gathering that browsing activity for its own monetary gain. Without Plaintiff Byatt's knowledge, Google continued to monitor and collect his browsing activity and used that browsing activity for its own monetary gain. Plaintiff Byatt is familiar with other web browsers, such as Brave, among others, which pay users a fee for their browsing.

**INTERROGATORY NO. 4:**

Without limitation as to time period, describe with particularity all websites, applications, or other online services with which YOU voluntarily shared any DATA AT ISSUE.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff Byatt objects to Interrogatory No. 4 as overly broad, vague, and not proportional to the needs of the litigation, considering Google requests each and every instance when Plaintiff Byatt may have shared "data" with a website, application, or other online service, regardless of

**VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: _William Joshua Byatt_

Printed Name: William Byatt

Title: N/A

STATE OF Florida

COUNTY OF palm beach

The foregoing instrument was acknowledged before me this 18th day of May, 2021, by William Joshua Byatt, who has produced as identification DRIVER LICENSE, bearing number B300930900841, expiring 03/04/2029 and who did (did not) take an oath.

EDDY PETIT-BOIS
Notary Public - State of Florida
Commission # HH537
Expires on May 17, 2024

_Eddy Petit-Bois_
NOTARY PUBLIC SIGNATURE
Notarized online using audio-video communication

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK-SVK |

**PLAINTIFF CHRISTOPHER CASTILLO'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Christopher Castillo ("Castillo") hereby objects and responds to Defendant's, Google LLC ("Google"), First Set of Interrogatories (Nos. 1–6). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Castillo's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Castillo may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Castillo reserves all rights to supplement and amend his objections and responses accordingly.

**INTERROGATORY NO. 1:**

Describe with particularity each time YOU reviewed the GOOGLE TERMS OF SERVICE, GOOGLE PRIVACY POLICY, MY GOOGLE ACTIVITY, CHROME INCOGNITO NOTICE, CHROME TERMS OF SERVICE, and/or CHROME PRIVACY NOTICE prior to the filing of the COMPLAINT and, if YOU reviewed such documents, on what date(s) and which version(s) YOU reviewed, and whether YOU reviewed the entire document(s) or only portion(s) of the document(s) (if only portion(s), describe with particularity which portion(s) you reviewed).

reviewed or deleted data on MY GOOGLE ACTIVITY; and how often YOU enabled CHROME INCOGNITO MODE while logged out of your Google account.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff Castillo objects to Interrogatory No. 2 as overly broad, vague, and not proportional to the needs of the litigation, considering Google requests each and every instance when Plaintiff Castillo used Chrome, the Google accounts logged into for each instance of using Chrome, each website visited with Chrome, and other disproportional details, rendering this Interrogatory No. 2 not possible to fully and accurately answer. Plaintiff Castillo also objects that this interrogatory is compound, asking in part about his use of Chrome but then separately including a request regarding the separate topic of whether he "reviewed or deleted data on MY GOOGLE ACTIVITY." This interrogatory therefore counts as two separate interrogatories.

Notwithstanding and subject to these objections, Plaintiff Castillo responds that he has used Chrome on his desktop computers since at least 2016 as the primary web browser. Since June 2016, Plaintiff Castillo has used Chrome for most of his browsing activity on his devices, including his desktop and Android phone. Since June 2016, Plaintiff Castillo has used Chrome in both the non-private browsing mode and private browsing modes for his browsing activity on his devices, including his desktop and Android phone. Since June 2016, Plaintiff Castillo estimates that he uses the Chrome private browsing mode approximately two or three times per week. Plaintiff Castillo uses private browsing mode on both his desktop and phone to browse dating websites, adult-oriented websites, and shopping websites. To the best of Plaintiff Castillo's knowledge, he has never logged into any Google accounts in Chrome when using Chrome's private browsing mode, but may have been logged into his Google account, [REDACTED], when using Chrome in its non-private browsing mode. To the best of Plaintiff Castillo's knowledge, Plaintiff Castillo has not reviewed or deleted his My Google Activity.

**INTERROGATORY NO. 3:**

Describe with particularity how YOU have been harmed or damaged by DEFENDANT's conduct alleged in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff Castillo objects to Interrogatory No. 3 as discovery has not closed and Plaintiff Castillo does not know the full extent of Defendant's misconduct in collecting, gathering, analyzing, and monetizing Plaintiff Castillo's private browsing activity, and Plaintiff Castillo reserves his right to amend this interrogatory as the case proceeds.

Notwithstanding and subject to these objections, Plaintiff Castillo responds that his privacy is a right and, as a former FBI agent who pursued terrorists and other criminals, Plaintiff Castillo values and takes meticulous precautions to protect his privacy. When Plaintiff Castillo engaged in the private browsing mode in Google's Chrome browser, Plaintiff Castillo read Google's representations that Plaintiff Castillo's browsing activity would not be collected and that he could browse the web privately. Based on Google's representations, Plaintiff Castillo reasonably believed that he could control the information that would be shared with Google. Plaintiff Castillo considered this browsing activity private and confidential, and did intend to share it with Google. Plaintiff Castillo never consented to Google's interception of his private browsing communications, Google's collection of any data from his private browsing, or Google's use of any data from his private browsing. Plaintiff Castillo chose the private browsing mode to avoid Google's collection of that private browsing activity and to browse the web without Google spying on and gathering that browsing activity for its own monetary gain. Without Plaintiff Castillo's knowledge, Google continued to monitor and collect his browsing activity and used that browsing activity for its own monetary gain. Plaintiff Castillo is familiar with other web browsers, such as Brave, among others, which pay users a fee for their browsing.

**INTERROGATORY NO. 4:**

Without limitation as to time period, describe with particularity all websites, applications, or other online services with which YOU voluntarily shared any DATA AT ISSUE.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff Castillo objects to Interrogatory No. 4 as overly broad, vague, and not proportional to the needs of the litigation, considering Google requests each and every instance when Plaintiff

# **VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: ___*Christopher Edmund Castillo*___

Printed Name: ___Christopher Castillo___

Title: _____

STATE OF ___Nevada___

COUNTY OF ___Clark___

The foregoing instrument was acknowledged before me this __15th__ day of __May__, 2021, by ___Christopher Edmund Castillo___, who has produced as identification ___Driver License___, bearing number ___C5251076___, expiring ___04/21/2025___ and who did (~~did not~~) take an oath.

Judee Wheeler
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 20-8410-01
Expires November 6, 2024

___*Judee Wheeler*___
NOTARY PUBLIC SIGNATURE

Notarized online using audio-video communication

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, MARIA NGUYEN, WILLIAM BYATT, JEREMY DAVIS, and CHRISTOPHER CASTILLO, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK-SVK |

**PLAINTIFF JEREMY DAVIS' OBJECTIONS AND RESPONSES**
**TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Jeremy Davis ("Davis") hereby objects and responds to Defendant's, Google LLC ("Google"), First Set of Interrogatories (Nos. 1–6). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Davis' knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Davis may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Davis reserves all rights to supplement and amend his objections and responses accordingly.

**INTERROGATORY NO. 1:**

Describe with particularity each time YOU reviewed the GOOGLE TERMS OF SERVICE, GOOGLE PRIVACY POLICY, MY GOOGLE ACTIVITY, CHROME INCOGNITO NOTICE, CHROME TERMS OF SERVICE, and/or CHROME PRIVACY NOTICE prior to the filing of the COMPLAINT and, if YOU reviewed such documents, on what date(s) and which version(s) YOU reviewed, and whether YOU reviewed the entire document(s) or only portion(s) of the document(s) (if only portion(s), describe with particularity which portion(s) you reviewed).

reviewed or deleted data on MY GOOGLE ACTIVITY; and how often YOU enabled CHROME INCOGNITO MODE while logged out of your Google account.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff Davis objects to Interrogatory No. 2 as overly broad, vague, and not proportional to the needs of the litigation, considering Google requests each and every instance when Plaintiff Davis used Chrome, the Google accounts logged into for each instance of using Chrome, each website visited with Chrome, and other disproportional details, rendering this Interrogatory No. 2 not possible to fully and accurately answer. Plaintiff Davis also objects that this interrogatory is compound, asking in part about his use of Chrome but then separately including a request regarding the separate topic of whether he "reviewed or deleted data on MY GOOGLE ACTIVITY." This interrogatory therefore counts as two separate interrogatories.

Notwithstanding and subject to these objections, Plaintiff Davis responds that he has used Chrome on desktop and laptop computers since at least 2008. Since June 2016, Plaintiff Davis has exclusively used Chrome on desktop and laptop computers, as well as tablets and his phone, and the overwhelming majority of his browsing activity is done in private browsing mode in Chrome, which is at least hundreds of thousands of visits to websites during this time. In fact, Plaintiff Davis utilizes private browsing mode by default on all of his devices and web browsers (Chrome on his laptops and tablets, Chrome and Safari on his iPhone), and to the best of Plaintiff Davis' knowledge, the only time browsing activity may be done outside of private browsing mode is when Plaintiff Davis clicks a hyperlink from an email and that hyperlink launches his browser in non-private browsing mode on his iPhone. Otherwise, all of Plaintiff Davis' browsing activity is performed in private browsing mode. To the best of Plaintiff Davis' knowledge, he has never logged into any Google accounts when using Chrome's private browsing mode. To the best of Plaintiff Davis' knowledge, Plaintiff Davis has not reviewed or deleted his My Google Activity.

**INTERROGATORY NO. 3:**

Describe with particularity how YOU have been harmed or damaged by DEFENDANT's conduct alleged in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff Davis objects to Interrogatory No. 3 as discovery has not closed and Plaintiff Davis does not know the full extent of Defendant's misconduct in collecting, gathering, analyzing, and monetizing Plaintiff Davis' private browsing activity, and Plaintiff Davis reserves his right to amend this interrogatory as the case proceeds.

Notwithstanding and subject to these objections, Plaintiff Davis responds that his privacy is a human right and Plaintiff Davis takes careful precautions to protect his privacy. When Plaintiff Davis engaged in the private browsing mode in Google's Chrome browser (essentially every time he browsed the internet), Plaintiff Davis read Google's representations that Plaintiff Davis' browsing activity would not be collected and that he could browse the web privately. Based on Google's representations, Plaintiff Davis reasonably believed that he could control the information that would be shared with Google. Plaintiff Davis considered this browsing activity private and confidential, and did not intend to share it with Google. Plaintiff Davis never consented to Google's interception of his private browsing communications, Google's collection of any data from his private browsing, or Google's use of any data from his private browsing. Plaintiff Davis chose the private browsing mode to avoid Google's collection of that browsing activity and to browse the web without Google spying on and gathering that browsing activity for its own monetary gain. Without Plaintiff Davis' knowledge, Google continued to monitor and collect his browsing activity and used that browsing activity for its own monetary gain. Plaintiff Davis is familiar with other web browsers, such as Brave, among others, which pay users a fee for their browsing.

**INTERROGATORY NO. 4:**

Without limitation as to time period, describe with particularity all websites, applications, or other online services with which YOU voluntarily shared any DATA AT ISSUE.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff Davis objects to Interrogatory No. 4 as overly broad, vague, and not proportional to the needs of the litigation, considering Google requests each and every instance when Plaintiff

**VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: _____Jeremy Hart Davis_____

Printed Name: _____Jeremy Davis_____

Title: _____

STATE OF __Texas__

COUNTY OF __Wise__

The foregoing instrument was acknowledged before me this ____ day of __05/14/2021__, 2021, by __Jeremy Hart Davis__, who has produced as identification __Valid Driver's License__, bearing number __902087090__, expiring __08/23/2027__ and who did (did not) take an oath.

132662714

_____Shannara Ann Franzel_____  08/27/2024

[Notary seal: Shannara Ann Franzel, ID NUMBER 132662714, COMMISSION EXPIRES August 27, 2024, State of Texas]

NOTARY PUBLIC SIGNATURE

Notarized online using audio-video communication

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.  5:20-cv-03664-LHK-SVK |

**PLAINTIFF MONIQUE TRUJILLO'S OBJECTIONS AND RESPONSES
TO DEFENDANT'S FIRST AND SECOND SETS OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Monique Trujillo ("Trujillo") hereby objects and responds to Defendant's, Google LLC ("Google"), First and Second Sets of Interrogatories (Nos. 1–10). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Trujillo's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Trujillo may become aware of additional facts or evidence and her analysis of the case may change. Plaintiff Trujillo reserves all rights to supplement and amend her objections and responses accordingly.

**INTERROGATORY NO. 1:**

Describe with particularity each time YOU reviewed the GOOGLE TERMS OF SERVICE, GOOGLE PRIVACY POLICY, MY GOOGLE ACTIVITY, CHROME INCOGNITO NOTICE, CHROME TERMS OF SERVICE, and/or CHROME PRIVACY NOTICE prior to the filing of the COMPLAINT and, if YOU reviewed such documents, on what date(s) and which version(s) YOU reviewed, and whether YOU reviewed the entire document(s) or only portion(s) of the document(s) (if only portion(s), describe with particularity which portion(s) you reviewed).

now, she is only talking about what is going on during private browsing, on the browser application itself, based on what she can actually observe in the ordinary course of her browsing.

**INTERROGATORY NO. 3:**

Describe with particularity how YOU have been harmed or damaged by DEFENDANT's conduct alleged in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff Trujillo objects to Interrogatory No. 3 as discovery has not closed and Plaintiff Trujillo does not know the full extent of Defendant's misrepresentations and deceptive conduct in collecting, gathering, analyzing, and monetizing Plaintiff Trujillo's private browsing activity, and Plaintiff Trujillo reserves her right to amend this interrogatory as the case proceeds.

Notwithstanding and subject to these objections, Plaintiff Trujillo responds that her privacy is very important to her and Plaintiff Trujillo takes careful precautions to protect her privacy. When Plaintiff Trujillo engaged in the private browsing mode in Google's Chrome browser, Plaintiff Trujillo read Google's representations that Plaintiff Trujillo's browsing activity would not be collected and that she could browse the web privately. Based on Google's representations, Plaintiff Trujillo reasonably believed that she could control the information that would be shared with Google. Plaintiff Trujillo considered this browsing activity private and confidential, and did not intend to share it with Google. Plaintiff Trujillo never consented to Google's interception of her private browsing communications, Google's collection of any data from her private browsing, or Google's use of any data from her private browsing. Plaintiff Trujillo chose the private browsing mode to avoid Google's collection of that browsing activity and to browse the web without Google spying on and gathering that browsing activity for its own monetary gain. Without Plaintiff Trujillo's knowledge, Google continued to monitor and collect her browsing activity and used that browsing activity for its own monetary gain. Plaintiff Trujillo is familiar with other web browsers that pay users a fee for their browsing.

**INTERROGATORY NO. 4:**

**VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: *Monique Carolyne Trujillo*

Printed Name: ____Monique Carolyne Trujillo____

Title: ____N/A____

STATE OF ____Texas____

COUNTY OF ____Comal____

The foregoing instrument was acknowledged before me this __17th__ day of ____November____, 2021, by ____Monique Carolyne Trujillo____, who has produced as identification ____California DRIVER LICENSE____, bearing number ____B8914755____, expiring ____03/20/2022____ and who did (did not) take an oath.

✓
xxxxx
LP

____Lauren Peterson____
NOTARY PUBLIC SIGNATURE

(Jurat:)

Notary Public
Lauren Peterson
State of Texas
ID NUMBER 12499352-4
COMMISSION EXPIRES June 3, 2025

Lauren Peterson
Notary Public, State of Texas
Expiration:      06/03/2025

Notarized online using audio-video communication