**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 629-9040
alanderson@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION *IN LIMINE* NUMBER 2 TO EXCLUDE EVIDENCE AND ARGUMENT RE: CLASS-WIDE DAMAGES AND CERTAIN OTHER DAMAGES EVIDENCE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: November 29, 2023<br>Time: 9:00 a.m. |

## I. INTRODUCTION

Google's MIL 2 is an extraordinary overreach. In hopes of concealing relevant evidence of the magnitude of its misconduct, Google seeks to exclude four broad, ill-defined categories of evidence concerning Google's profits and Plaintiffs' injuries, including "at least" ***52 exhibits*** referenced only in Google's supporting declaration and discussed nowhere in Google's motion. Evidence that Google caused billions of dollars in injuries so that it could collect billions of dollars in profits is highly relevant to the jury's determinations, including the offensiveness of Google's conduct and the calculation of individual damages. Google's motion otherwise eschews Rule 403 entirely: Google seeks to exclude a hodgepodge of exhibits it chooses not to address and to improperly foreclose Plaintiffs' right to disgorgement of profits and damages for injuries to peace of mind. Google's motion does not justify exclusion of any evidence.

## II. ARGUMENT

### A. Google's Request to Exclude Mr. Lasinski's Calculations Plus "at least" 52 Unaddressed Exhibits Should be Denied.

Google's first request suffers from two fatal flaws: (1) evidence concerning the extent of Google's profits and class-wide injuries is relevant, and (2) many of the ***52*** exhibits at issue focus not on dollars and cents but the nature of Google's misconduct.

Mr. Lasinski's calculations of Google's wrongful profits and actual damages will help the jury weigh "the likelihood of serious harm," "the degree [of Google's] intrusion," Google's "motives and objectives," and the inconsistency of Google's conduct with "social norms." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 606 (9th Cir. 2020). These are all factors the Ninth Circuit has said are relevant and that the jury should consider when determining whether Google's conduct was "highly offensive," a necessary element for Plaintiffs' claims for invasion of privacy and intrusion upon seclusion. *Id.* Google's motion focuses on the denial of Rule 23(b)(3) certification, but that ruling does not and should not warrant exclusion of this evidence. *See* Dkt. 803 at 4-12 (carefully examining Google's previous motion to exclude this evidence while also denying motion for Rule 23(b)(3) certification).

The crux of Google's argument is that the jury might be offended by Google's tremendous

1

1  profits, collected by causing similarly tremendous harm—but that is not "unfair prejudice" under
2  Rule 403. Adv. Comm. Notes to Fed. R. Evid. 403 ("unfair prejudice" means "an *undue* tendency
3  to suggest decision on an *improper basis*"). In this case, there is nothing improper about considering
4  the offensiveness of Google's conduct; indeed, the jury will be *instructed* to do so. *See* CACI 1800;
5  *see also Foley v. City of Lowell, Mass.*, 948 F.2d 10, 15 (1st Cir. 1991) (where "egregiousness is a
6  hallmark of probative value," it is appropriate to admit evidence of "outrageous[]" events). None of
7  Google's cases involved a similar type of element or determination.

8    Evidence of the classes' injuries and Google's profits also would neither "confuse the issues"
9  nor "mislead the jury." Fed. R. Evid. 403. Google cites *Snyder v. Bank of America*, but in that case
10 the court excluded evidence of the plaintiff's injuries from *irrelevant events* for fear that the jury
11 might mistakenly award those damages. 2020 WL 6462400, at *11 (N.D. Cal. Nov. 3, 2020). Here,
12 the calculations *are* relevant, both to assessing offensiveness and as inputs for calculating individual
13 damages. There is no danger that the jury will incorrectly award class-wide damages. The jury
14 instructions and verdict form will clearly require *specific* awards for *each* plaintiff, with no ability
15 to award any class-wide damages. Mr. Lasinski also can and will make clear that his calculations
16 provide relevant inputs for calculating individual damages. If testimony on minute details of Mr.
17 Lasinski's models would be inefficient, the Court can set reasonable time limits. *Navellier v. Sletten*,
18 262 F.3d 923, 941 (9th Cir. 2001) ("reasonable time limits" can manage these issues); *Andrews v.
19 Plains All Am. Pipeline, L.P.*, 2021 WL 8742741, at *6 (C.D. Cal. Nov. 10, 2021).

20   In any event, Google's arguments do not even apply to many of the **52** exhibits at issue.
21 Although Google's brief focuses on Mr. Lasinski's calculations, Google's motion also takes aim at
22 many exhibits that do not even reference damages or Google's wrongful profits. Some, for example,
23 concern Google's efforts to identify Incognito web traffic and Google's calculations of the amount
24 of private browsing traffic. Exs. 443, 503. Others describe how Google uses data it collects to
25 "predict users' future interests" using "machine learning algorithms." Ex. 288 at -223. Another is a
26 "crash course" on Google Analytics, detailing the ubiquity of Google's trackers and the importance
27 of browsing data to Google's bottom line. Ex. 449 at -718. Google even sweeps in a technical
28 document analyzing how a new Safari feature would impact Google's ability to track Safari users.

Ex. 528. In another exhibit, Google acknowledges "users['] increasing[] concern about privacy" and "pressure from privacy regulators." Ex. 597 at -75.

These and other exhibits have no place in this motion, and it should not fall to Plaintiffs and the Court to separate the wheat from the chaff. *See Munoz v. PHH Mortgage Corp.*, 478 F. Supp. 3d 945, 964 (E.D. Cal. 2020) (the party seeking exclusion "carries the burden," which is "significant"). That is reason enough to deny Google's motion in its entirety. *See Palantir Techs. v. Abramowitz*, 639 F. Supp. 3d 981, 991-92 (N.D. Cal. 2022) (denying motion *in limine* as "overbroad").

### B. Google's Request to Prohibit Plaintiffs from Seeking their Share of Disgorgement of Profits Should be Denied.

Google's second request is a thinly disguised *Daubert* motion, or motion for summary judgment—not a motion *in limine*. Google seeks to prevent Mr. Lasinski from offering any opinion about each Plaintiff's share of the total unjust enrichment calculation, based on a methodology the Court already determined to be reliable. Dkt. 803 at 10–12 (denying *Daubert* motion). Google then seeks exclusion of *all* evidence and argument about *any* unjust enrichment, which is an available remedy on every claim that will be submitted to the jury. Motions *in limine* may not be used in this way, to cut off a party's substantive right to relief. *See Campbell v. Wood*, 18 F.3d 662, 724 (9th Cir. 1994) (holding that "the district court abused its discretion in refusing to admit" "practically the *only* evidence available" on an element); *Zamora v. BMW of N. Am., LLC*, 2022 WL 17061082, at *1 (C.D. Cal. Sept. 13, 2022) ("[A] motion in limine 'should not be used to resolve factual disputes or weigh evidence' or used as a substitute for a motion for summary judgment.").

Google's only Rule 403 argument is that Mr. Lasinski's calculations of each Plaintiff's award (naturally) begin with an aggregate unjust enrichment calculation, which Google wants to exclude. *See* Dkt. 608-9 (Lasinski Rep.) § 7. But unless the jury knows the size of the total pie, it will struggle to determine the size of each slice—unfairly prejudicing *Plaintiffs*. Google also offers criticisms of Mr. Lasinski's methodology, which Google is free to explore on cross-examination. Regardless, Google's criticisms are baseless. The record provides ample support for awards based on share of unique monthly private browsing instances (UMPBI). This isn't rocket science: Mr. Lasinski derives profits per-UMPBI using Google's own records, and at a minimum, each Plaintiff is competent to

testify about their own use of private browsing modes. *Id.* ¶¶ 166-82, 188-93; *e.g.*, Ex. B (Brown) at 90:10-12 (Plaintiff uses Incognito "maybe a couple times a week"). Alternatively, the jury could award per-Plaintiff shares based on the number of class members. As Mr. Lasinski explained, "[T]he value proposition that Google has is its reach and the fact that it collects information on all of the class members." Ex. B at 155:15-24. It is "reasonable" to "consider class members on an equal basis" because each contributes equally to that value proposition. *Id.* at 157:1-2.

**C.   Google's Request to Prevent Expert Testimony Relating to Statutory Damages Should be Denied at Least in Part.**

Google misunderstands the opinions that Mr. Lasinski may offer to the jury concerning statutory damages. Mr. Lasinski will *not* opine on the appropriate damages rate or the event to which that rate should be applied, both of which are legal issues. Mr. Lasinski nonetheless may offer evidence of the *number* of certain events (pageloads, UMPBI, unique private browsing instances, class members), which are relevant to both offensiveness and the jury's calculation of the violations for which the Court would then calculate statutory damages. There is no concern under Rule 403.

**D.   Google's Request to Prevent Plaintiffs from Individually Seeking Compensatory Damages for Harm to Peace of Mind Should be Denied.**

Google's effort to foreclose Plaintiffs' right to seek compensatory damages for injuries to peace of mind is also meritless. Since day one, Plaintiffs have sought "compensatory damages" for "irreparable damage" to their "privacy and … ability to control [their] personal rights and data." Dkt. 1 (Compl.) ¶¶ 83, 88, 93, Prayer B; Dkt. 886 (FAC), ¶¶ 170, 175, 180, 185, 190, Prayer D. For these claims, compensatory damages include injuries to "peace of mind." BAJI § 7.26. Over and over, Plaintiffs told Google in discovery that its conduct caused injuries to their "privacy" and sense of "control [over] the information that would be shared." Fortenberry Ex. B; *see also, e.g.*, Ex. A (Brown) at 156:5-24 (harm is having "all of my data … collected … without my knowledge, without my consent, with not even knowing what it is and what's being done with it"); Ex. C (Davis) at 138:24-139:140 (harm is a "huge erosion of trust"). Google has long known of Plaintiffs' injuries. In any event, Google's arguments have nothing to do with Rules 402 and 403.

**III.   CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court deny Google's MIL 2.

| | |
|---|---|
| 1  Dated: October 17, 2023 | Respectfully submitted, |
| 2 | |
| 3 | By: *Mark C. Mao* |
|   | Mark C. Mao (CA Bar No. 236165) |
| 4 | mmao@bsfllp.com |
|   | Beko Reblitz-Richardson (CA Bar No. 238027) |
| 5 | brichardson@bsfllp.com |
|   | BOIES SCHILLER FLEXNER LLP |
| 6 | 44 Montgomery Street, 41st Floor |
|   | San Francisco, CA 94104 |
| 7 | Telephone: (415) 293-6800 |
|   | Facsimile (415) 293-6899 |
| 8 | |
| 9 | David Boies (admitted pro hac vice) |
|   | dboies@bsfllp.com |
| 10 | BOIES SCHILLER FLEXNER LLP |
|    | 333 Main Street |
| 11 | Armonk, NY 10504 |
|    | Telephone: (914) 749-8200 |
| 12 | Facsimile: (914) 749-8300 |
| 13 | |
| 14 | James Lee (admitted pro hac vice) |
|    | jlee@bsfllp.com |
| 15 | Rossana Baeza (admitted pro hac vice) |
|    | rbaeza@bsfllp.com |
| 16 | BOIES SCHILLER FLEXNER LLP |
|    | 100 SE 2nd Street, Suite 2800 |
| 17 | Miami, FL 33131 |
|    | Telephone: (305) 539-8400 |
| 18 | Facsimile: (305) 539-1307 |
| 19 | |
|    | Alison L. Anderson (CA Bar No. 275334) |
| 20 | alanderson@bsfllp.com |
|    | M. Logan Wright (CA Bar No. 349004) |
| 21 | mwright@bsfllp.com |
|    | BOIES SCHILLER FLEXNER LLP |
| 22 | 725 S. Figueroa St., 31st Floor |
|    | Los Angeles, CA 90017 |
| 23 | Telephone: (213) 629-9040 |
|    | Facsimile: (213) 629-9022 |
| 24 | |
| 25 | Bill Carmody (pro hac vice) |
|    | bcarmody@susmangodfrey.com |
| 26 | Shawn J. Rabin (pro hac vice) |
|    | srabin@susmangodfrey.com |
| 27 | Steven Shepard (pro hac vice) |
| 28 | sshepard@susmangodfrey.com |

Alexander P. Frawley (pro hac vice)
afrawley@susmangodfrey.com
Ryan K. Sila
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiffs*