# PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION IN LIMINE NUMBER 3 REGARDING 104 DOCUMENTS THAT GOOGLE CLAIMS ARE IRRELEVANT

# Redacted Version of Document Sought to be Sealed

**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 629-9040
alanderson@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION *IN LIMINE* NUMBER 3 REGARDING 104 DOCUMENTS THAT GOOGLE CLAIMS ARE IRRELEVANT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: November 15, 2023<br>Time: 9:00 a.m. |

## I. INTRODUCTION

Google's MIL 3 is three motions packaged up as one, with Google seeking to exclude 104 exhibits placed into three broad buckets. Google's brief only discusses 16 of those 104 exhibits, and Plaintiffs below address those 16 exhibits and some others included in Google's appendices. Plaintiffs are willing to submit additional briefing on the many other exhibits if permitted to do so. Alternatively, Plaintiffs are willing to first address these issues with Special Master LaPorte, who has not yet had a chance to consider or weigh in on Google's objections to these many exhibits. As explained below, Google's motion improperly seeks exclusion by mischaracterizing these exhibits.

## II. ARGUMENT

### A. Exhibits Google Wrongly Claims Relate Only to Other Products

Google lumps together 87 exhibits and then falsely claims that Plaintiffs "plan to mislead the jury" by relying on documents that "do not relate to the[] [at-issue] browsers or signed-out users *at all*." Mot. at 2 (emphasis added). Many of these exhibits are highly relevant, relating directly to the at-issue private browsing modes (including Chrome Incognito) and practices.

- Exhibit 27: Email to Google's "*chrome-team*" listserve proposing to "fix the real problems" like "publishing exactly what data we normally collect (which we do NOT sufficiently do)."
- Exhibit 38: Google document addressing desire to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
- Exhibit 54: Google presentation addressing how Google "strive[s] for" personalized advertising "*throughout the Google system*," with Google "*leaving users no choice but to give up privacy* in order to use the Internet."
- Exhibit 89: Google document titled "*Chrome* Privacy Feature Roadmap" that discusses "a simpler way to explain Incognito," including for "*Chrome Incognito*."
- Exhibit 98: Google email addressing a "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"
- Exhibit 118: Google document where employees express concerns about users' "lack of understanding to what is happening with all the data that is collected about you."
- Exhibits 322 & 780: Exhibit 322 explains how Google has "a system for uniquely identifying non-logged in users (browsers) using HTTP Cookies." That identifier is linked with other identifiers Google stores with data collected from non-Google websites as well as Google websites, meaning all that data is linked. *See also* Hochman Rep. § VIII.F.
- Exhibits 541 and 771 are technical documents and presentations relating in part to display ads, which are ads shown on non-Google websites.

1

- <u>Exhibits 454, 455, 876:</u> These exhibits do not exclusively discuss "non-Browser mobile apps." Ex. 474 discusses "Incognito session[s]" and how "cookies" are accumulated *within Chrome*, including with an image of a Chrome cookie jar. Ex. 455 compares aspects of "Chrome" Incognito with other Incognito products. Ex. 876 discusses "*Chrome Incognito*."

In any event, these exhibits would be relevant even if they only concerned Incognito for other Google products (which is not the case). Any "inflammatory quotes" (Google's words, Mot. at 3) speak to employees' efforts to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1, CABR-04195517. To the extent Google employees express frustration with Incognito in the context of other Google products, that is a consequence of Google expanding the Incognito brand rather than fixing the problems that originated in Chrome Incognito. *See also* <u>Exhibit 885</u> (addressing how the Incognito mode for the Google Search App "will adopt the same privacy requirements ss Chrome"). Google's cases are also far afield.[1]

**B.  Documents Google Wrongly Claims Are Only Relevant to Other Proceedings**

Google seeks to exclude three exhibits it claims relate only to "Google's compliance with foreign regulations" and "unrelated domestic litigation." Mot. at 1. This characterization is incorrect. <u>Exhibit 61</u> is not about Google's compliance with any law or proceeding. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ For similar reasons, this Court has already denied Google's motion "to exclude [Plaintiffs' privacy expert's] opinions about hypothetical risks," crediting Plaintiffs' argument that "such opinions about the potential risks of data retention are relevant to the offensiveness of Google's conduct." Dkt. 803 at 20.

Google's criticism of <u>Exhibit 708</u> is misplaced because Plaintiffs only included that exhibit since their damages expert relied on it for discrete inputs concerning when non-Chrome browsers

---

[1] *Pom Wonderful LLC v. Tropicana Prod., Inc.*, 2010 WL 11519185, at *5 (C.D. Cal. Nov. 1, 2010) (excluding evidence about product that "was discontinued"); *Kirola v. City & Cnty. of San Francisco*, 2010 WL 3476681, at *12 (N.D. Cal. Sept. 2, 2010) (granting "unopposed" motion to exclude evidence relating to matters that were specifically stricken from the class definitions at the certification stage).

1  rolled out certain features. Finally, the 2010 FTC Consent Decree—cited in the Complaint, Dkt. 886
2  ¶¶ 24-28—is relevant because it requires that Google "not misrepresent" "the purposes for which it
3  collects and uses" information that Google "collects from or about an individual" as well as the
4  "extent to which consumers may exercise control" over Google's "collection" and "use" of that
5  information. Google's violation of the FTC Consent Decree (through the very practices at issue in
6  this case) is relevant (at a minimum) because it triggers the "criminal or tortious act" exception to
7  any consent defense for the ECPA claim. *See In re Anthem, Inc. Data Breach Litig.*, 2016 WL
8  3029783, at *33 (N.D. Cal. May 27, 2016) (Koh, J.) (addressing a UCL claim predicated on a FTCA
9  violation); 18 U.S.C. § 2511(2)(d). Finally, Exhibit 380 concerns issues regarding consent for
10 Google Ad Manager. Google's cases are far afield.[2]

### C.  Documents Addressing Google's Refusal to Improve Incognito

Google improperly seeks to exclude ▌ documents concerning employees' proposals to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Google's brief discusses just two:

Exhibit 21: This is an email from Google's Chief Marketing Officer Lorraine Twohill to Google's CEO Sundar Pichai, which addresses Chrome Incognito, with Ms. Twohill stressing the need to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Plaintiffs featured this document in the briefing over Ms. Twohill's deposition (Dkt. 412-2), and this Court granted Plaintiffs' request for that deposition, affirming the Magistrate Judge's Order because "Ms. Twohill has unique, personal knowledge of relevant issues." Dkt. 523 at 2.

Exhibit 425: This document concerns Google's proposal for ▓▓▓▓▓▓▓ which would ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Other exhibits Google seeks

---

[2] In *United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 948 (N.D. Cal. 2016), a party sought to admit an agency's findings concerning a topic that was "not at issue in this case." Plaintiffs here do such thing. The court in *Buonanoma v. Sierra Pac. Power Co.*, 2010 WL 3724254, at *5 (D. Nev. Sept. 16, 2010)—an employment discrimination case—excluded "evidence of other lawsuits" against the defendant-employer filed by other employees. And *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2016 WL 7803893, at *3 (N.D. Cal. Nov. 15, 2016) concerned a "press release" issued by a foreign trade commission—a far cry from any of the evidence at issue here.

to strike (but does not discuss) are <u>Exhibit 55</u>, an email titled "The Incognito Problem" that discusses employees' desire to ███████████████████████████████; and <u>Exhibit 68</u>, an email about plans for a presentation to CEO Sundar Pichai about ███████████████

These documents are all highly relevant in terms of proving liability and also for injunctive relief. Google claims the documents are relevant only if Google "somehow violated a duty owed to Plaintiffs by electing not to move forward with these features" (Mot. 3), but that is incorrect. Google's failure to implement enhancements advocated by employees (so that Google would no long "deceive" people, as one employee wrote) are relevant to multiple elements of Plaintiffs' claims, including for proving breach of contract[3] as well as the offensiveness of Google's conduct. The documents also undermine Google's consent defense by proving that Google's own employees believed the company should do more to prevent Google tracking within private browsing mode. These documents are relevant to injunctive relief as well. In these documents, employees discussed the types of changes this Court will be considering for its order.

These documents will not require "fact-intensive mini trials." Mot. at 4. Google offers no support for that conclusory assertion. Google's argument is particularly weak because it has never contended that it would be technically infeasible to make the kinds of privacy-enhancing changes described in these documents. *See* Ex. 2, Resp. to Rog 29 ("Google has not contended in this case that it is impossible to redesign Chrome Incognito to prevent the Chrome browser from sending information to Google . . . ."). If Google has other excuses for refusing to improve Incognito, it can make its case to the jury. But the real reason, as memorialized within Google documents, is that employees were told to ███████████████████████████████████████████ Ex. 3, BRWN-00169228 at -28. ████████████████████████████████████████████████████████████ *Id.*

---

[3] *Hernandez v. Wells Fargo & Co.*, 2019 WL 3017657, at *1 (N.D. Cal. July 10, 2019) is distinguishable because (1) it did not concern a motion *in limine*, and (2) the theory of the case was alter-ego liability in a parent-sub relationship, where there were no allegations the parent "controlled" the sub, and the court in turn held the parent did not owe duties to the plaintiffs. *Waymo LLC v. Uber Techs., Inc.*, 2018 WL 646701, at *22 (N.D. Cal. Jan. 30, 2018) is even further afield. The portion Google cites concerned evidence about the defendant's "privilege designations" and an allegedly improper initiative related to document preservation.

4

## III. CONCLUSION

Plaintiffs respectfully request that this Court deny Google's Motion *in Limine* Number 3.

Dated: October 17, 2023

Respectfully submitted,

By: */s/ Mark Mao*
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile (415) 293-6899

David Boies (admitted pro hac vice)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

James Lee (admitted pro hac vice)
jlee@bsfllp.com
Rossana Baeza (admitted pro hac vice)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
M. Logan Wright (CA Bar No. 349004)
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Bill Carmody (pro hac vice)

5

| | |
|---|---|
| 1 | bcarmody@susmangodfrey.com |
| | Shawn J. Rabin (pro hac vice) |
| 2 | srabin@susmangodfrey.com |
| | Steven Shepard (pro hac vice) |
| 3 | sshepard@susmangodfrey.com |
| | Alexander P. Frawley (pro hac vice) |
| 4 | afrawley@susmangodfrey.com |
| | SUSMAN GODFREY L.L.P. |
| 5 | 1301 Avenue of the Americas, 32nd Floor |
| | New York, NY  10019 |
| 6 | Telephone: (212) 336-8330 |
| 7 | Facsimile: (212) 336-8340 |

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiffs*