# EXHIBIT 2

CONFIDENTIAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-03664-LHK |

**DEFENDANT GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' 7TH SET OF INTERROGATORIES (NOS. 21-29)**

Pursuant to Federal Rule of Civil Procedure 33, Defendant Google LLC ("Google") hereby responds and objects to Plaintiffs' Interrogatories, Set 7 (Nos. 21-29). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change. Google reserves all rights to supplement and amend its objections and responses accordingly.

**GENERAL OBJECTIONS**

1. Google objects to Plaintiffs' definition of "GOOGLE," "YOU," and "YOUR" as encompassing "any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees, employees, attorneys and any other persons acting on GOOGLE LLC'S behalf, including contractors," as well as "purporting to act on" Google's behalf. Google further objects to these definitions to the extent that it seeks to require Google to produce or otherwise analyze any document or other information that is not within the possession, custody, or

Subject to and without waiving the foregoing objections, Google responds as follows:

Google's revision to remove the phrase that the Google Privacy Policy is "not part of these terms" is not a change that affects all of its Terms of Services globally. The inclusion of this phrase was a requirement in the European Union ("EU") and the phrase is still included in the EU version of Google's Terms of Service. Since there is no similar requirement for Google to include this phrase in the United States, Google removed this phrase in its United States version of the Terms of Service, effective January 5, 2022.

**INTERROGATORY NO. 28:**

Please explain in detail how Google uses the information collected when users within a private browsing mode visit websites that use Google Analytics for purposes of ad targeting, including remarketing.

**RESPONSE TO INTERROGATORY NO. 28:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this interrogatory as overly broad and unduly burdensome, as it seeks information related to non-putative class members, such as users who may be signed into their Google Account while using Chrome Incognito mode. Google further objects to this interrogatory as seeking information that is not in Google's custody, possession, or control to the extent it purports to seek information related to private browsing modes on browsers other than Chrome.

Subject to and without waiving the foregoing objections, Google responds as follows:

Google is willing to meet and confer with Plaintiffs to understand the relevance and proper scope, if any, of this request.

**INTERROGATORY NO. 29:**

If Google contends that it is impossible to redesign Chrome Incognito to prevent the

Chrome browser from sending information to Google when a user visits a website that uses Google services, such as Google Analytics or Google Ad Manager, please explain and identify all evidence that You contend supports Your position.

**RESPONSE TO INTERROGATORY NO. 29:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this interrogatory as vague and ambiguous as to the undefined term "information." For the purposes of this response, Google interprets this phrase to refer to (i) "[t]he 'GET request' sent from the user's computer to the website," Dkt. 136-1 ¶ 63.a; (ii) "The IP address of the user's connection to the internet," Dkt. 136-1 ¶ 63.b; (iii) "'fingerprint' data," Dkt. 136-1 ¶ 63.c; (iv) "[a]ny 'User-ID' issued by the website to the user, if available," Dkt. 136-1 ¶ 63.d; (v) "Geolocation of the user, if available," Dkt. 136-1 ¶ 63.e; and (vi) "[i]nformation contained in 'Google cookies,'" Dkt. 136-1 ¶ 63.f. Google further objects to this interrogatory as a premature contention interrogatory. Google further objects to this interrogatory as overly broad and unduly burdensome, as it seeks information related to signed-in users, who are not part of the putative class. Google further objects to this interrogatory to the extent it seeks information on a hypothetical possibility, not Google's actual conduct. *See, e.g.*, *Haggarty v. Wells Fargo Bank, N.A.*, 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012) ("When an interrogatory calls for an opinion, it 'must be phrased with particularity' to avoid being an improper hypothetical.") (citation omitted); *see also Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989) (denying motion to compel responses to hypothetical interrogatories because contention interrogatories must "relate to, or be applied to, a *fact*."). Google further objects to this Interrogatory as seeking irrelevant information because whether or not Chrome can be redesigned to prevent sending information to Google is not relevant to a claim or defense in this action.

Subject to and without waiving the foregoing objections, Google believes that no response to this interrogatory is necessary because Google has not contended in this case that it is impossible

to redesign Chrome Incognito to prevent the Chrome browser from sending information to Google when a user visits a website that uses Google services, such as Google Analytics or Google Ad Manager. Google reserves the right to supplement its response to this interrogatory if it does make such a contention.

DATED: January 20, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Andrew H. Schapiro
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Fax: 202-538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Fax: (415) 875-6700

*Attorneys for Defendant Google LLC*