# GOOGLE LLC'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING THE JOINING OF AUTHENTICATED AND UNAUTHENTICATED DATA

**Redacted Version of Document Sought to be Sealed**

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

| | |
|---|---|
| Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>Crystal Nix-Hines (Bar No. 326971)<br>crystalnixhines@quinnemanuel.com<br>Rachael L. McCracken (Bar No. 252660)<br>rachaelmccracken@quinneamanuel.com<br>Alyssa G. Olson (CA Bar No. 305705)<br>alyolson@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 | Andrew H. Schapiro (admitted *pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>Teuta Fani (admitted *pro hac vice*)<br>teutafani@quinnemanuel.com<br>Joseph H. Margolies (admitted *pro hac vice*)<br>josephmargolies@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401 |
| Jomaire Crawford (admitted *pro hac vice*)<br>jomairecrawford@quinnemanuel.com<br>D. Seth Fortenbery (admitted *pro hac vice*)<br>sethfortenbery@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100 | Xi ("Tracy") Gao (CA Bar No. 326266)<br>tracygao@quinnemanuel.com<br>Carl Spilly (admitted *pro hac vice*)<br>carlspilly@quinnemanuel.com<br>1300 I Street NW, Suite 900<br>Washington D.C., 20005<br>Telephone: (202) 538-8000<br>Facsimile: (202) 538-8100 |

*Counsel for Defendant Google LLC*
*Additional counsel on signature pages*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, individually and on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING THE JOINING OF AUTHENTICATED AND UNAUTHENTICATED DATA**<br><br>Hon. Yvonne Gonzalez Rogers<br><br>Trial Date: January 29, 2024 |

## I.  INTRODUCTION

Plaintiffs filed this case on the false premise that Google creates "cradle-to-grave profiles" by linking users' signed-out ("unauthenticated") private browsing data to their Google Accounts along with their signed-in ("authenticated") regular mode browsing data. FAC ¶ 54. The voluminous record contains *no* evidence of this. That reality has not discouraged Plaintiffs. Thus, Google moves pursuant to Federal Rules of Evidence 402 and 403 to exclude argument that Google joins unauthenticated and authenticated data—or that it *could* do so.

Throughout this litigation, Plaintiffs steadfastly alleged that Google built "cradle-to-grave profiles" that "associate" PBM Data "with the user's 'Google profile.'" FAC ¶¶ 54, 69, 91–112; 2/25/21 MTD Hrg. Tr. 35:17-20 (Mr. Lee: … the Plaintiffs have alleged, in probably a dozen paragraphs, how the private browsing data gets linked to the user profile."). Discovery has proven them wrong. Plaintiffs now appear to have pivoted to a plan to present evidence regarding what Google "could" do with the data it receives. But Google's *capability* to join does not prove or disprove Plaintiffs' claims, and would only serve to confuse the jury. Such arguments necessarily involve complicated technical issues that would waste much trial time, and would be highly prejudicial to Google. Evidence and argument related to that hypothetical should be excluded.

## II.  BACKGROUND

### A.  Plaintiffs Plan to Present Evidence to Improperly Suggest Google Join Data

Plaintiffs' recent disclosures indicate that they will seek to introduce evidence and argument at trial to improperly suggest to the jury that Google joins authenticated and unauthenticated data. *See, e.g.*, Gao Decl. Ex. A (Plaintiffs' Rule 1006 Summary re: the data that Google collects on non-Google websites that were visited in a private browsing mode) at PDF 4 ("the same Analytics User ID can join data from Incognito and non-Incognito browsing"); *id.* ("these [Incognito] events can be joined with a user's device and/or the user's GAIA ID"); Dkt. 985-2 (6/20/23 Hochman Second Supp. Rep.) ¶ 43 ("Google argues that 'authenticated and unauthenticated records in that file are never joined'. This raises the question of why Google calls the log a '██████' but claims there is no joining.")  (internal citations omitted); *id.* ¶ 45 ("The structure of this ██████' also reinforces my opinions about how private browsing data is identifying. … time ordered sequences

of events from a user's signed-out private browsing and signed-in browsing … may appear in sequential order, linking the signed-out private browsing data with the user's GAIA ID.").

### B. There Is No Evidence that Google Joins Data

Years of discovery and voluminous expert reports have confirmed Google does not join a user's unauthenticated private browsing data with any authenticated data. Plaintiffs have not uncovered a *single* instance of such joining, much less a systematic effort or process for doing so. Dkt. 907–4 at 9-10. This is because the undisputed record confirms that Google has policies against such joining, as well as technical and procedural safeguards in place to enforce the policy. *See e.g.* Dkt. 659–7 ¶ 5. Plaintiffs themselves admitted to the Court that their "smoking gun" Google log does not actually join authenticated and unauthenticated data:

> Mr. Boies: Sure. Now, with respect to the ▇▇▇▇, your Honor, we do not have evidence that they joined them in the sense that they want to use the word 'joined.' … The fact that they are together shows *they could*.

*See* Dkt. 905-3 (3/2/23 Hrg. Tr.) at 65:25-66:3 (emphasis added). And their experts agree that there is no evidence of joining by Google. Dkt. 908-4 (Ex. 59, Schneier Tr.) 112:6–20 ("Q. … Have you seen any evidence that Google has actually [joined data from a private browsing session with data from a regular mode browsing session]? A. I have not seen evidence about what Google does."); Dkt. 908-4 (Ex. 61, Hochman Tr.) 88:9-89:12 ("Q. … Mr. Hochman, do you opine that Google uses fingerprinting techniques for cross-site tracking? A. At a minimum, I talk about the data that Google is collecting and retaining and how it *could* be used for fingerprinting.").

Without any evidence of joining, Plaintiffs instead argue a hypothetical—that Google *could*, in theory, do so. Dkt. 908-4 (Ex. 59, Schneier Tr.) 112:18 ("Really, my report is about what [Google] *could* do.") (emphasis added); Dkt. 907-7 (Hochman Rep.) ¶ 156 ("As for the private browsing information at issue in this case … Google stores the data … with various identifying information that *could* be linked to class members and their devices.") (emphasis added).

### III. ARGUMENT

#### A. Allowing Evidence and Argument Regarding Google's Hypothetical Ability to Join Data Would Be Unfairly Prejudicial

There is no probative value in allowing Plaintiffs to attempt to prove that Google is *capable* of doing something that it *forbids* and for which there is no evidence. Even if there were some marginal probative value, it would be "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time. …" Fed. R. Evid. 403.

Indeed, the jury could understandably confuse what Google actually does (a fact of legal consequence) with what Google *could* do (a fact of no legal consequence). The arguments and evidence of the latter should therefore be excluded. *See Mformation Techs., Inc. v. Rsch. in Motion Ltd.*, 2012 WL 2339762, at *4 (N.D. Cal. June 7, 2012) (excluding reports "likely to confuse the jury by introducing a basis for evaluating damages that differs entirely from that the jury is being asked to apply").

**B. Evidence and Argument Regarding Ability to Join Data Would Waste Time and Confuse the Jury**

Permitting Plaintiffs to present evidence on this topic would compel Google to respond in kind, inevitably leading to a trial-within-a-trial—protracted technical discussions about why Plaintiffs' speculation is unfounded.

As just one example, in the recently served Second Supplemental Report, Plaintiffs' retained expert Mr. Hochman focuses on one particular Google log (the same one Mr. Boies admitted does *not* join, *see supra* at 2) and asserts that "time ordered sequences of events from a user's signed-out private browsing and signed-in browsing (with the same IP address and user agent, as well as with many of other parameters …) may appear in sequential order, linking the signed-out private browsing data with the user's GAIA ID." Dkt. 985-2 (6/20/23 Hochman Second Supp. Rep.) ¶ 45.

If Plaintiffs were permitted to present this expert testimony at trial, Google would have no choice but to introduce evidence and argument to rebut it, in the following ways. First, the scenario that Mr. Hochman suggests "may" is a practical impossibility because the logs accrue events by the hundreds of thousands every second and just the time it takes for a user to switch from regular mode browsing to private browsing alone would ensure that any records of that user's activity in this particular log would be separated by thousands of events (if not more) created by other users. Second, even if a single user's authenticated and unauthenticated browsing events did appear in the

log, in order, without intervening events from other users—and such an occurrence never could feasibly happen—that *still* would not constitute "joining" in any relevant sense. Records that are ordered sequentially by time are not "joined" because they are not combined into a single record via the use of a common key. Finally, Mr. Hochman's proposed methodology to use a combination of IP address and user agent (or other pseudonymous identifiers) to link signed-out private browsing mode records with signed-in non-private browsing mode records would not work because none of these values can be reliably mapped to individual users. And the uncontroverted record proves that Google does *not* combine IP address and user agent (or other pseudonymous identifiers) to join users' private browsing data with the regular browsing data (or their identities or device).

What matters in this trial is what Google *actually did*, not what Google *potentially could* do if it were inclined to violate its own policies. But by the time Google is done dispelling Plaintiffs' and Mr. Hochman's implausible and completely unsupported theories, the jury will have forgotten that hypothetical joining does not occur. Indeed, that is likely Plaintiffs' intent. There can be no dispute that this lengthy and technical discussion would prolong the already complex trial with a nested mini-trial of essentially no relevance. *See, e.g.*, *Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001) (upholding exclusion of "testimony [that] might have resulted in a 'mini trial,' considering that much of the[] testimony was disputed by Defendants"); *Hovey v. Cook Inc.*, 2015 WL 1405558, at *3 (S.D.W. Va. Mar. 26, 2015) (evidence of FDA regulations not at issue in litigation excluded because of risk of confusing jury and potential that such evidence "could also provoke the parties to engage in a time-consuming mini-trial on whether Cook in fact complied with its provisions"). Therefore, evidence and argument regarding the joining of authenticated and unauthenticated data should be precluded pursuant to Rule 403.

### IV.   CONCLUSION

For the foregoing reasons, the Court should exclude any evidence or argument regarding the joining of authenticated and unauthenticated data.

1  DATED: October 17, 2023

                                  QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                  By   */s/ Andrew H. Schapiro*
                                         Andrew H. Schapiro

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660
rachaelmccracken@quinneamanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor

| | |
|---|---|
| 1 | New York, NY 10010 |
| 2 | Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100 |
| 3 | Jonathan Tse (CA Bar No. 305468) |
| 4 | jonathantse@quinnemanuel.com<br>50 California Street, 22nd Floor |
| 5 | San Francisco, CA 94111<br>Telephone: (415) 875-6600 |
| 6 | Facsimile: (415) 875-6700 |
| 7 | *Attorneys for Defendant Google LLC* |