| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>M. Logan Wright, CA Bar No. 349004<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com<br>mwright@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>            Plaintiffs,<br> v.<br><br>GOOGLE LLC,<br>            Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' REPLY ISO MOTION TO EXCLUDE CERTAIN GOOGLE EMPLOYEE WITNESSES (DKT. 992)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: November 29, 2023<br>Time: 9:00 a.m.<br>Location: Courtroom 1 – 4th Floor |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A. Bad Faith Is Not Required for Exclusion. ............................................................... 2

    B. Google Did Not Comply with its Disclosure Obligations. ..................................... 2

    C. Google's Failure to Comply Was Not Substantially Justified ............................... 4

        1. Sadowski ....................................................................................................... 4

        2. Ganem .......................................................................................................... 6

    D. Plaintiffs Have Been Prejudiced, and Exclusion Is Warranted. ............................. 7

    E. At a Minimum, Additional Discovery Is Warranted. ........................................... 10

III. CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barnett v. Garrigan*,
  2021 WL 4851043 (N.D. Cal. Oct. 19, 2021) ................................................................... 2, 11

*Buffin v. City & County of San Francisco*,
  2019 WL 1017537 (N.D. Cal. Mar. 4, 2019) (Gonzalez Rogers, J.) ...................................... 4

*Carr v. County of San Diego*,
  2021 WL 4244596 (S.D. Cal. Sept. 17, 2021) ...................................................................... 4

*Epic Games, Inc. v. Apple Inc.*,
  2021 WL 1375860 (N.D. Cal. Apr. 12, 2021) (Gonzalez Rogers, J.) .................................... 9

*Handloser v. HCL America, Inc.*,
  2020 WL 7405686 (N.D. Cal. Dec. 17, 2020) ..................................................................... 10

*Holsinger v. Wolpoff & Abramson, LLP*,
  2006 WL 1439575 (N.D. Cal. May 23, 2006) ..................................................................... 11

*In re Apple iPod iTunes Antitrust Litigation*,
  2014 WL 6783763 (N.D. Cal. Nov. 25, 2014) (Gonzalez Rogers, J.) ................................. 10

*Jackson v. Express*,
  2011 WL 13268076 (C.D. Cal. June 16, 2011) ..................................................................... 5

*Markson v. CRST Int'l, Inc.*,
  2021 WL 5969519 (C.D. Cal. Nov. 23, 2021) ....................................................................... 7

*Mass Probiotics, Inc. v. Aseptic Technology, LLC*,
  2017 WL 10621233 (C.D. Cal. Dec. 21, 2017) ..................................................................... 2

*Ollier v. Sweetwater Union High School*,
  768 F.3d 843 (9th Cir. 2014) .................................................................................................. 8

*Palm Capital, LLC v. Travelers Property Casualty Co. of America*,
  2017 WL 5665010 (C.D. Cal. Apr. 3, 2017) ....................................................................... 10

*Parra v. City of Santa Ana*,
  2012 WL 13018578 (C.D. Cal. Aug. 6, 2012) .................................................................... 11

*Patton v. Hanassab*,
  2016 WL 6962747 (S.D. Cal. Nov. 29, 2016) ....................................................................... 5

*R & R Sails, Inc. v. Ins. Co. of Pennslvania*,
   673 F.3d 1240 (9th Cir. 2012) ......................................................................................... 2

*Rodman v. Safeway, Inc.*,
   2015 WL 5315940 (N.D. Cal. Sept. 11, 2015) ............................................................. 1, 3

*Shenwick v. Twitter, Inc.*,
   2021 WL 1232451 (N.D. Cal. Mar. 31, 2021) ................................................................ 10

*True Health Chiropractic Inc. v. McKesson Corp.*,
   2015 WL 5341592 (N.D. Cal. Sept. 12, 2015) ................................................................. 7

*Trulove v. D'Amico*,
   2018 WL 1090248 (N.D. Cal. Feb. 27, 2018) (Gonzalez Rogers, J.) ............................... 3

*V5 Techs. v. Switch, Ltd.*,
   334 F.R.D. 615 (D. Nev. 2020) ......................................................................................... 5

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) .......................................................................................... 3

**Rules**

Fed. R. Civ. P. 26 ................................................................................................................. *passim*

Fed. R. Civ. P. 30(b)(6) ................................................................................................................. 5

Fed. R. Civ. P. 37(c)(1) ................................................................................................................. 3

## I. INTRODUCTION

Plaintiffs' opening brief sought to exclude four Google employees from testifying at trial: Caitlin Sadowski, Steve Ganem, George Levitte, and Jonathan McPhie. Dkt. 992. Google then "agreed to drop Jonathan McPhie and George Levitte from its witness list, mooting Plaintiffs' request as to those witnesses." Dkt. 1029 at 51 (Google's Portion of Pretrial Statement). Plaintiffs stand by their arguments for excluding McPhie and Levitte, and now focus this Reply on Sadowski and Ganem.

When "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at trial, unless the failure was substantially justified or is harmless." *Rodman v. Safeway, Inc.*, 2015 WL 5315940, at *2 (N.D. Cal. Sept. 11, 2015). Google's Opposition mostly avoids this test, and no wonder why. There can be no dispute that Google violated Rule 26 many times over, especially in Sadowski's case, where Google waited over three years to disclose her. Nor can Google offer any excuse for failing to timely identify its own employees.

This motion boils down to prejudice, and Google cannot meet its burden to prove that Plaintiffs have not been prejudiced. Google claims exclusion is unwarranted because it produced some documents from Sadowki's and Ganem's files, and because these witnesses were deposed. But those productions pale in comparison to the productions from actual document custodians. And Plaintiffs never deposed Sadowski as a fact witness; she was designated for a short 30(b)(6) deposition about private browsing detection bits—a topic for which she lacks personal knowledge. Google says her trial testimony will focus on "how Chrome and Incognito work" and that she has "personal knowledge" about these topics. Opp. at 9. If so, she should have been disclosed on Day 1. Plaintiffs should not be forced to blindly cross examine a witness on such an obviously relevant topic without the benefit of custodial documents. The disclosure rules prevent that gamesmanship, and they should be enforced.

## II. ARGUMENT

### A. Bad Faith Is Not Required for Exclusion.

Plaintiffs begin by correcting a misstatement of law in Google's brief. For exclusion, there is no requirement that the moving party prove "bad faith." Opp. at 6. To the contrary, "[n]o showing of bad faith or willfulness is required." *Mass Probiotics, Inc. v. Aseptic Tech., LLC*, 2017 WL 10621233, at *3 (C.D. Cal. Dec. 21, 2017). Plaintiffs cited *Mass Probiotics* in their Motion (at 9), but Google ignored it. Google's cases relatedly clarify that "bad faith" is only required where exclusion "would deal a fatal blow" to a party's case. *Barnett v. Garrigan*, 2021 WL 4851043, at *1 (N.D. Cal. Oct. 19, 2021). That is Ninth Cicuit law. *See R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012) ("Under this circuit's law, because the sanction amounted to dismissal of a claim, the district court was required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith.").

Google does not argue that losing Sadowski or Ganem would deal a "fatal blow" to its defense, nor could Google. Plaintiffs' Motion explained (and Google does not dispute) that other Google witnesses can cover Sadowski's and Ganem's topics. *See* Mot. at 15. Plaintiffs need not prove that Google acted in bad faith. All that matters is (1) whether Google complied with its disclosure obligations (it did not), (2) whether Google was substantially justified in failing to comply (it was not), and (3) whether Plaintiffs were prejudiced (they were).

### B. Google Did Not Comply with its Disclosure Obligations.

Google concedes that it omitted Sadowski from:

a) Its initial and amended Rule 26(a) disclosures;

b) Its interrogatory responses that Plaintiffs used to select document custodians; and

c) Its list of percipient witnesses with technical expertise.

Google also admits that it ***did not disclose Sadowski under Rule 26(a) until August 17, 2023***— more than three years after Plaintiffs filed the case.

As for Ganem, Google concedes that it omitted him from

a) Its initial Rule 26(a) disclosures; and

2
Plaintiffs' Reply ISO Motion to Exclude Certain Google Employee Witnesses
4:20-cv-03664-YGR-SVK

b) Its interrogatory responses that Plaintiffs used to select document custodians.

There should be no dispute that Google violated its Rule 26 obligations, particularly as to Sadowski. Google's Opposition tellingly sidesteps Rule 26, focusing instead on whether Plaintiffs had "adequate notice" of Google's intent to rely on these witnesses. Opp. at 8.

"Adequate notice" (whatever that means) is not the standard. Rule 26 is. That rule "*requires* a party to identify, without waiting for a discovery request, the identity of all potential witnesses and the purposes for which they may be called. Rule 26(e)(1) further provides that a party has a duty to supplement its earlier disclosures when they are incorrect or incomplete." *Rodman*, 2015 WL 5315940, at *2. The same duty to supplement applies to interrogatory responses. *See* Fed. R. Civ. P. 26(e)(1). Google violated these rules, over and over again.

Google now has the burden to prove substantial justification or harmlessness—not "adequate notice." "Rule 37(c)(1) gives teeth to [the disclosure] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "The burden is on the party facing the sanction to demonstrate that the failure to comply . . . is substantially justified or harmless." *Trulove v. D'Amico*, 2018 WL 1090248, at *2 (N.D. Cal. Feb. 27, 2018) (Gonzalez Rogers, J.). Seeking to change the standard to "adequate notice," Google *ignores* the Ninth Circuit's decision in *Yeti*, this Court's decision in *Trulove*, and Judge Tigar's decision in *Rodman*. *See* Mot. at 8–9 (citing those cases).

Finally, Google separately violated this Court's Standing Order by omitting Sadowski from its April 2022 disclosure of percipient witnesses with technical expertise. *See* Mot. at 7–8. Google in response suggests "this is the very same argument the Court rejected" at class certification—when Plaintiffs moved to strike certain employee declarations. Opp. at 9. But that motion did not involve Sadowski because she did not submit a class certification declaration. And for the witnesses who were involved, this Court did not decide whether Google violated the Standing Order. The motion was denied solely because Plaintiffs "have not shown harm." Dkt. 803 at 11 n.5. As explained below, the prejudice analysis for trial is very different.

1   Google next claims that the Standing Order does not apply because Sadowski has
2   "personal knowledge" of the topics she will testify about at trial. But a witness who testifies
3   "premised on his or her personal knowledge" can still be "a non-retained expert subject to the
4   disclosure requirements of Rule 26(a)(2)(C)." *Carr v. Cnty. of San Diego*, 2021 WL 4244596, at
5   *4 (S.D. Cal. Sept. 17, 2021).[1] In any event, Sadowski lacks personal knowledge. Google
6   elsewhere admits that her sanctions hearing testimony covered "the very same topics" that "she
7   will testify about" at trial. Opp. at 9. That concession is critical because, at the hearing, it became
8   clear that she lacks personal knowledge about private browsing detection bits, the subject of her
9   testimony. *See* Mot. at 7 (citing Mot. Ex. 12 at 211:21–212:2; 214:1–12).
10   The upshot is that Google violated Rule 26 as to both Sadowski and Ganem, and also the
11   Court's Standing Order as to Sadowski.

12   **C.   Google's Failure to Comply Was Not Substantially Justified.**

13   Google has no excuse for missing numerous opportunities to disclose Ganem, and for
14   never previously disclosing Sadowski. Because Google's position is especially inexplicable for
15   Sadowksi, Plaintiffs begin with her.

16   **1.   Sadowski**

17   There is no explanation for Google's failure to disclose one of its own employees. *See*
18   Mot. at 11. That is especially true for someone like Sadowski, whom Google now touts as the
19   "lead of the 30-person Chrome data team" with "personal knowledge" about "how Chrome and
20   Incognito work." Opp. at 4, 9. If that is true, then she should have been disclosed in Google's
21   initial disclosures, or at latest in Google's February 2021 interrogatory response, which listed
22   employees with knowledge about "Incognito mode, including its purpose and functions." Mot.
23   at 4 (citing Mot. Ex. 3 at 5–6). Even if Sadowksi somehow flew under the radar for a while,

---

[1] The only case Google cites on this issue is easily distinguished. In *Buffin v. City & County of San Francisco*, 2019 WL 1017537, at *5 & n.20 (N.D. Cal. Mar. 4, 2019) (Gonzalez Rogers, J.), the challenged witness was a "summary witness for factual information under Federal Rule of Evidence 1006."

Plaintiffs' Motion explained how "Google became aware of Sadowski (at latest) in March 2022 when it designated her as the Rule 30(b)(6) witness on certain private browsing detection bits." Mot. at 11. There is no excuse for Google waiting 17 more months to disclose her under Rule 26(a). Google does not even respond to this argument.

Even if "adequate notice" were the standard (and it is not), Google would fall short. Google emphasizes that it included Sadowski on a list of 224 Google employees produced early in the case. Here is that portion of the list. *See* Mot. Ex. 6 at 4:

| Shriram Kumar | Platforms + Ecosystems | Ilya Sherman | Software Engineer |
| Travis Skare | Platforms + Ecosystems | Ramya Nagarajan | Software Engineer |
| Sophey Dong | Platforms + Ecosystems | Ramya Nagarajan | Software Engineer |
| Stepan Khapugin | Platforms + Ecosystems | Gauthier Ambard | Software Engineer |
| Caitlin Sadowski | Platforms + Ecosystems | Adrienne Porter Felt | Software Engineer |
| Weilun Shi | Platforms + Ecosystems | Ilya Sherman | Software Engineer |
| Tanya Gupta | Platforms + Ecosystems | Ramya Nagarajan | Software Engineer |
| Chris Lu | Platforms + Ecosystems | Rohit Rao | Software Engineer |
| Tina Wang | Platforms + Ecosystems | Sébastien Séguin-Gagnon | Software Developer |

That's it.

This list goes on for 8 pages. If this list were sufficient, then Google could call as a trial witness any of these 224 employees, an absurd outcome. Even the quote Google cites from *Patton v. Hanassab* supports exclusion. Opp. at 8. That court denied a motion to exclude witnesses who were "*identified in Plaintiff's initial disclosures*," which meant "Plaintiff satisfied the requirements of Rule 26." By contrast, Google did not disclose Sadowski under Rule 26 until submitting its trial witness list—three years after Plaintiffs filed the case. *Patton v. Hanassab*, 2016 WL 6962747, at *5 (S.D. Cal. Nov. 29, 2016). Google's other cases are far afield. [2]

---

[2] *See V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 615, 618 (D. Nev. 2020) (addressing witness who was "added" to "rebut [the] defendant's experts"); *Jackson v. Express*, 2011 WL 13268076, at *2 (C.D. Cal. June 16, 2011) (denying motion to exclude employee-witnesses "identified multiple times during the course of discovery"). This motion is not about a witness who was added later to rebut an expert, nor can Google credibly contend that Sadowski was identified "multiple times" during discovery. Plaintiffs met her through the sanctions proceedings, which occurred after the close of fact discovery.

1    Google's remaining arguments fare even worse. Sadowski was designated as a 30(b)(6)
2    witness on private browsing detection bits—a topic for which she lacks personal knowledge.
3    Plaintiffs pointed this out in their Opening brief, and Google's Opposition ignores this point.
4    Mot. at 7. Google also did not even designate her for this deposition until March 2, 2022—just
5    two days before the close of fact discovery, and the deposition occurred after the close of fact
6    discovery. As for the sanctions hearing, Google emphasizes that "Plaintiffs cross-examined her"
7    (Opp. at 9) but that examination lasted just minutes (because of time constraints for all
8    examinations that day) The entirety of her examination is attached as Exhibit 12 to Plaintiffs'
9    motion. It's eight pages. In any event, the purpose of that hearing was to assess whether Google
10   should be sanctioned—not to explore Sadowski's knowledge. The sanctions proceedings are no
11   substitute for proper disclosure under Rule 26. Finally, that Google produced some documents
12   from Sadowski's files does not excuse Google's failure to comply with the disclosure rules. This
13   argument at most goes to prejudice, which Plaintiffs address below. *See infra* Section II.D.

**2.     Ganem**

15   Google correctly points out that Ganem is differently situated than Sadowski. Unlike with
16   Sadowski, Google did disclose Ganem under Rule 26(a), albeit just before the close of fact
17   discovery.

18   But Google has no excuse for waiting that long, particularly because Google missed
19   numerous chances to disclose him along the way. Ganem plans to testify about "how Google
20   Analytics works"—a topic that has been relevant since Day 1. *Compare* Mot. Ex. 1 at 16–17
21   (draft trial witness list), *with* Dkt. 1 ¶ 4 (Plaintiffs' initial Complaint, which identified "Google
22   Analytics" as a "means" by which Google surreptitiously tracks users' private browsing data). If
23   not within its initial disclosures, Google should have identified Ganem in its February 2021
24   interrogatory response, where it described employees with knowledge about "Google's collection
25   of and use of data" with respect to "Google Analytics." Mot. at 4 (citing Mot. Ex. 3 at 5–6).
26   Google also ignores Plaintiffs' argument that it was aware of Ganem "at latest" "in late 2021
27   when it served [a] declaration[] from [him] in the related *Calhoun* case, where the same law firm

1  represents Google." Mot. at 11. Yet Google still did not include Ganem in its October 2021
2  supplemental interrogatory response, when there was ample time for Plaintiffs to request and
3  obtain his documents before the close of fact discovery. Google's "failure to timely supplement
4  [its] discovery responses to disclose [Ganem] was without good cause, and is therefore subject
5  to sanctions." *True Health Chiropractic Inc v. McKesson Corp.*, 2015 WL 5341592, at *6 (N.D.
6  Cal. Sept. 12, 2015). "By waiting until the close to discovery to disclose witnesses defendant
7  should have identified much earlier, defendant's disclosure was not timely." *Markson v. CRST
8  Int'l, Inc.*, 2021 WL 5969519, at *3 (C.D. Cal. Nov. 23, 2021).

9        Google wrongly suggests that this Court already rejected Plaintiffs' arguments. *See* Opp.
10 at 11 (arguing "the Court should deny Plaintiffs' motion to exclude Mr. Ganem from trial for the
11 same reasons it denied their prior motion."). The prior motion was a motion to strike a class
12 certification declaration, and this Court denied that motion solely on the ground that Plaintiffs
13 had not demonstrated harm. Dkt. 803 at 11 n.5. That ruling has no bearing on whether Google
14 was substantially justified in failing to disclose Ganem. And as explained in more detail below,
15 Plaintiffs face far more prejudice for purposes of trial, relative to class certification. Furthermore,
16 the discovery order cited by Google supports Plaintiffs. Magistrate Judge van Keulen explained
17 that "the facts cited by Google do support the obvious conclusion that Google should have added
18 [Ganem] to its initial disclosures several months ago." Dkt. 454-1 at 2.

19       **D.**    **Plaintiffs Have Been Prejudiced, and Exclusion Is Warranted.**

20       The Opposition mostly ignores Plaintiffs' explanation for how they have been prejudiced.
21 Google instead blames Plaintiffs for not guessing which Google employees will testify at trial.
22 In Google's view, Plaintiffs made "discovery missteps" because they were "aware" of Sadowski
23 and Ganem "from the start"—yet "chose not to seek their documents until too late." Opp. at 2.

24       Inaccurate. Plaintiffs were not "aware" of these witnesses "from the start." The 224-
25 person list did not make Plaintiffs "aware" of anything because, as depicted above, that list
26 contained no information about any employee's knowledge. *See* Mot. Ex. at 6. That is why
27 Plaintiffs followed up with an interrogatory to seek more information about Google employees,
28

and Plaintiffs selected as document custodians every employee that Google listed in that interrogatory response. *See* Mot. at 4 (citing a March 2021 letter and an April 2021 court filing). Google's Opposition ignores these arguments and evidence. The only "misstep" Plaintiffs made was trusting that Google would comply with its disclosure obligations, rather than bury key employees in a 224-person list. Plaintiffs "should not have to guess which undisclosed witnesses may be called to testify. We—and the Advisory Committee on the Federal Rules of Civil Procedure—have warned litigants not to indulge in gamesmanship with respect to the disclosure obligations of Rule 26." *Ollier v. Sweetwater Union High Sch.*, 768 F.3d 843, 863 (9th Cir. 2014). Google never got the memo.

Plaintiffs have not received adequate document productions from Sadowski or Ganem. Google puts great weight on how it produced 487 documents from Ganem and 1,550 from Sadowski. Opp. at 4; *see also* Dkt. 1008-1 ¶¶ 4–7. Those figures pale in comparison to the number of documents produced from the files of Google employees who became document custodians. As just two examples, Google produced 46,892 documents from Sabine Borsay and 30,159 documents from AbdelKarim Mardini—two employees identified in Google's February 2021 interrogatory response.[3] Yet Google intends to oppose live testimony from Borsay and Mardini, seeking to replace them with witnesses like Sadowski and Ganem who were not properly disclosed and never became document custodians. The prior depositions do not cure their prejudice either, particularly for Sadowski. As noted above, the focus of her 30(b)(6) deposition was on private browsing detection bits—a topic about which she lacks personal knowledge. That deposition was not about "how Incognito works"—which is the topic Sadowski will testify about at trial. *See* Mot. at 2 (citing Ex. 1 at 16–17).

Google next accuses Plaintiffs of offering a "blatant mischaracterization of the [sanctions] order." Opp. at 10. To get there, Google builds a straw man. Google points out that "the sanctions order identifies specific employees that are excluded," and criticizes Plaintiffs for arguing "that

---

[3] These figures are based on the same search that Google used to generate the figures for Sadowski and Ganem.

1  the sanctions order broadly applies to any Google employee with 'knowledge of its incognito
2  detection bits.'" Opp. at 10. But Plaintiffs never said that. Plaintiffs simply explained how
3  "Magistrate Judge van Keulen's *reasoning* for excluding the other witnesses applies equally to
4  Sadowski." Mot. at 7. Google tellingly ignores Plaintiffs' real argument.

5  There are more straw men. Google makes fun of Plaintiffs for including Sadowski on
6  their own witness list, claiming that her appearance on Google's list should therefore come as
7  "no surprise." Opp. 8. Google omits critical context. First, Plaintiffs listed Sadowski as a potential
8  sponsoring witness for just three documents. Second Plaintiffs later made clear they want to drop
9  Sadowski, assuming Google agrees to admit those three exhibits. *See* Frawley Decl. Ex. 15.[4]

10  As for Ganem, Google tightly clings to this Court's denial of the motion to strike his class
11  certification declaration. But that decision was tied entirely to "harm," and Google makes no
12  effort to explain why that analysis should be the same for trial testimony. Dkt. 803 at 11 n.5.
13  Plaintiffs did that analysis in their motion, relying on this Court's decision in *Epic Games, Inc.*
14  *v. Apple Inc.*, 2021 WL 1375860, at *2 (N.D. Cal. Apr. 12, 2021) (Gonzalez Rogers, J.). *See* Mot.
15  at 12–13. Google barely addresses that case, refusing to grapple with the key portion, where this
16  Court explained that "the failure to produce relevant documents . . . will be factored into the
17  individual witness' credibility, and, if necessary, may warrant the striking of testimony." *Id.* at
18  *2. That reasoning applies with even more force here because this case will have a jury trial.
19  Google also ignores Plaintiffs' reliance on *Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *2
20  (N.D. Cal. Mar. 31, 2021), which excluded witnesses who were not disclosed during discovery.
21  *See* Mot. at 14. Document productions are critical for effective cross examination at trial, and
22  Google's unexplained failure to disclose these witnesses has prejudiced Plaintiffs' ability to
23  prepare for trial.

24  The few cases that Google cites actually support Plaintiffs. *See* Opp. at 13. *In re Apple*
25  *iPod iTunes Antitrust Litig.*, 2014 WL 6783763, at *4 (N.D. Cal. Nov. 25, 2014) (Gonzalez

---

[4] This exhibit is submitted with this Reply brief.

Rogers, J.) is helpful to Plaintiffs because this Court acknowledged that "[u]nder certain circumstances, such a late disclosure could cause substantial prejudice warranting exclusion of the witness from testifying at trial." This is such a case, especially for Sadowski, whom Plaintiffs never deposed as a regular fact witness. *Palm Capital, LLC v. Travelers Property Casualty Co. of America*, 2017 WL 5665010, at *2 (C.D. Cal. Apr. 3, 2017) also supports Plaintiffs because that court precluded a witness from testifying during a party's case-in-chief. And Google's final case is far afield. *See Handloser v. HCL Am., Inc.*, 2020 WL 7405686, at *2 (N.D. Cal. Dec. 17, 2020). That was a discovery order about whether the moving party satisfied the "good cause" standard for seeking additional custodians. It had nothing to do with Rule 26.

### E. At a Minimum, Additional Discovery Is Warranted.

If the Court is inclined to allow Sadowski and Ganem to testify, Plaintiffs ask that Google first be required to produce full custodial documents from their files, and to present them for deposition. Now that trial has been rescheduled for late January, there is more time for the parties to complete this discovery.

Cases cited in Google's opposition support such relief. Faced with a motion to exclude an allegedly improperly disclosed witness, this Court in *Apple iPod* "shifted the trial schedule back two weeks and ordered expedited discovery of [the witness]," thus enabling the moving party to "obtain[] written discovery and document production from [witness] and t[ake] his deposition." 2014 WL 6783763, at *4. Here, that discovery could be completed without changing the trial date. Other cases cited by Google support additional discovery as well. *See Barnett*, 2021 WL 4851043, at *1 (denying motion to exclude witness from testifying but "reopen[ing] discovery for the limited purpose of permitting the defendants to depose" the witness); *Holsinger v. Wolpoff & Abramson, LLP*, 2006 WL 1439575, at *1 (N.D. Cal. May 23, 2006) (denying motion to preclude evidence, but ordering additional depositions). Google has never even responded to Plaintiffs' email seeking additional discovery (*see* Mot. at 14 n.4), let alone explained why such discovery would be inappropriate.

1    Another option would be to exclude Sadowski but permit Ganem to testify following
2 additional discovery. Google has no excuse for failing to disclose Sadowksi under Rule 26 until
3 serving its trial witness list, and Plaintiffs' prejudice for her is most severe. Courts sometimes
4 grant motions to exclude in part, excluding some witnesses while granting more discovery for
5 others. *E.g.*, *Parra v. City of Santa Ana*, 2012 WL 13018578, at *3 (C.D. Cal. Aug. 6, 2012)
6 (excluding six witnesses who were not mentioned in the "initial disclosure" or "in response to
7 interrogatories," but permitting two others to testify provided they produce documents and appear
8 for deposition).

### III.     CONCLUSION

Plaintiffs respectfully ask the Court to preclude the following Google current and former employees from testifying at trial: Caitlin Sadowski, Jonathan McPhie, George Levitte, and Steve Ganem.

Dated: October 20, 2023

By */s/  Mark Mao*
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (*pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP

| | |
|---|---|
| 1 | 100 SE 2nd Street, Suite 2800 |
| | Miami, FL 33130 |
| 2 | Telephone: (305) 539-8400 |
| | Facsimile: (305) 539-1304 |
| 3 | |
| | Alison Anderson (CA Bar No. 275334) |
| 4 | aanderson@bsfllp.com |
| | M. Logan Wright, CA Bar No. 349004 |
| 5 | mwright@bsfllp.com |
| | BOIES SCHILLER FLEXNER LLP |
| 6 | 725 S Figueroa Street |
| | 31st Floor |
| 7 | Los Angeles, CA 90017 |
| | Telephone: (213) 995-5720 |
| 8 | |
| | Amanda Bonn (CA Bar No. 270891) |
| 9 | SUSMAN GODFREY L.L.P. |
| | 1900 Avenue of the Stars, Suite 1400 |
| 10 | Los Angeles, CA 90067 |
| | Telephone: (310) 789-3100 |
| 11 | |
| | Bill Christopher Carmody (*pro hac vice*) |
| 12 | bcarmody@susmangodfrey.com |
| | Shawn J. Rabin (*pro hac vice*) |
| 13 | srabin@susmangodfrey.com |
| | Steven Shepard (*pro hac vice*) |
| 14 | sshepard@susmangodfrey.com |
| | Alexander P. Frawley (*pro hac vice*) |
| 15 | afrawley@susmangodfrey.com |
| | Ryan Sila (*pro hac vice*) |
| 16 | rsila@susmangodfrey.com |
| | SUSMAN GODFREY L.L.P. |
| 17 | 1301 Avenue of the Americas, 32nd Floor |
| | New York, NY 10019 |
| 18 | Telephone: (212) 336-8330 |
| 19 | |
| 20 | |
| 21 | |
| | John A. Yanchunis (*pro hac vice*) |
| 22 | jyanchunis@forthepeople.com |
| | Ryan J. McGee (*pro hac vice*) |
| 23 | rmcgee@forthepeople.com |
| | MORGAN & MORGAN, P.A. |
| 24 | 201 N Franklin Street, 7th Floor |
| | Tampa, FL 33602 |
| 25 | Telephone: (813) 223-5505 |
| | Facsimile: (813) 222-4736 |
| 26 | |
| 27 | Michael F. Ram, CA Bar No. 104805 |
| 28 | 12 |

Plaintiffs' Reply ISO Motion to Exclude Certain Google Employee Witnesses
4:20-cv-03664-YGR-SVK

mram@forthepeople.com
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*