`

**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: November 29, 2023<br>Time: 9:00 a.m.<br>Location: Courtroom 1 – 4th Floor |

1    PLEASE TAKE NOTICE that on November 29, 2023, at 9:00 a.m., the undersigned will

2    appear before the Honorable Yvonne Gonzalez Rogers of the United States District Court for the

3    Northern District of California to move the Court for a protective order prohibiting Google from

4    disclosing materials in Plaintiffs' technical expert Mr. Jonathan Hochman's Opening and Expert

5    Rebuttal Reports that have been designated as "confidential" and subsequently sealed by this

6    Court. This Motion is made under Federal Rule of Civil Procedure 26 and Civil Local Rule 79-

7    5, and it is based on this Notice of Motion and Motion, the accompanying Memorandum of Points

8    and Authorities, the concurrently filed declaration of Ryan McGee and accompanying exhibits,

9    all matters of which the Court may take judicial notice, other pleadings and papers on file in this

10   action, and other written or oral argument that Plaintiffs may present to the Court.

11                                **ISSUE TO BE DECIDED**

12    Whether the Court should issue a protective order prohibiting Google from disclosing to

13   the Texas Attorney General (in response to a request for production) certain materials from

14   Plaintiffs' technical expert Mr. Jonathan Hochman's Opening and Expert Rebuttal Reports that

15   have been designated by Plaintiffs as "confidential" and subsequently sealed by this Court?

16                                **RELIEF REQUESTED**

17    Plaintiffs respectfully ask the Court to issue a protective order prohibiting Google from

18   disclosing said materials. Plaintiffs do not object to Google disclosing material that Google has

19   previously sought to seal, redacting in full the materials that Plaintiffs have sought to seal and

20   the Court subsequently granted. *See* Dkt. 804.

21

22

23

24

25

26

27

## I.     INTRODUCTION

During the Parties' class certification briefing, Google moved to exclude opinions from a retired FBI agent who testified that Google can and does provide private browsing data to governments when subpoenaed. *See, e.g.*, Dkt. 663 at 8 (asserting that "opinion is based on the shaky ground of anecdotal and non-verifiable experience"). But what Google suggested was a hypothetical has become reality: the Texas Attorney General has issued a Request for Production (not even a subpoena) to Google for all "expert disclosures and reports, including all expert backup material" from all of Plaintiffs' experts in this case, including the data that Google produced to Plaintiffs during the Special Master process. *See* Declaration of Ryan J. McGee ("McGee Decl."), Ex. 1. This would include detailed personal and sensitive information about Plaintiffs, like their account subscriber information, their personal information in the form of unique identifiers, and their detailed browsing activity (hereinafter, Plaintiffs' "Designated Material").

The Court has already sealed Plaintiffs' Designated Materials. *See* Dkt. 804 at 32–33 (sealing paragraphs, exhibits, and appendices of Plaintiffs' technical expert Mr. Hochman's Opening and Rebuttal Expert Reports that contain Plaintiffs' personal and sensitive information). Instead of opposing this request and respecting Plaintiffs' privacy, Google has taken the position that it will "produce the requested documents, maintaining the original confidentiality designations in its production to the State of Texas." *See* McGee Decl., Ex. 1. In other words, Google will seek to keep confidential the number of logs this data exists in, the names of those logs, how the data in those logs is used by Google, and other information that Google deems "confidential," but the actual data that exists in those logs—Plaintiffs' data—is free reign for the Texas Attorney General (and other non-parties) to review and do with it as it pleases.

To be clear: Plaintiffs do not wholesale object to Google providing these expert reports to the Texas Attorney Generally. Instead, Plaintiffs seek to maintain the privacy of their personal and sensitive Designated Material and respectfully request that the Court maintain as sealed those

Plaintiffs' Motion for Protective Order                    4:20-cv-03664-YGR-SVK

1 portions of the expert reports and issue a protective order that would prohibit dissemination of

2 Plaintiffs' Designated Material contained in those expert reports.

3 **II.    LEGAL STANDARD**

4       This Court has previously applied the "good cause" standard for sealing materials in this

5 case. *See* Dkts. 608 (Plaintiffs' motion to seal) and 804 (Court's order evaluating and finding

6 "good cause" to seal materials). The "good cause" standard balances a party's narrowly-tailored

7 request to seal certain information with the competing interests of the public. *Kamakana v. City*

8 *& County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut.*

9 *Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)) (marks omitted). The "strong presumption

10 of public access does not apply" to documents sealed under the "less exacting" good cause

11 standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). But

12 even where the "compelling reasons" standard applies, and there is a "strong presumption of

13 public access," courts have granted sealing motions for documents that contain personal

14 identifying information like financial documents that contain sensitive and confidential

15 information. *Pension Plan for Person Tr. Fund for Operating Eng'rs. v. Giacalone Elec. Servcs.,*

16 *Inc.*, 2015 WL 3956143, at \*10 (N.D. Cal. June 29, 2015).

17       Federal Rule of Civil Procedure 26(c)(1) provides that "[a] party or any person from

18 whom discovery is sought may move for a protective order[.]" Where a party shows "good cause"

19 that court may "issue an order to protect a party or person from annoyance, embarrassment,

20 oppression, or undue burden or expense." *Id.* Where a subpoena requests information that would

21 implicate the privacy rights of a non-party to that subpoena, that non-party has standing to

22 challenge the subpoena, including obtaining a protective order. *Koh v. S.C. Johnson & Son, Inc.*,

23 2011 WL 940227, \*2 (N.D. Cal. Feb. 18, 2011).

24       "General limitations on discovery apply with equal force to subpoenas to non-parties as

25 they do to parties." *Cabell v. Zorro Productions, Inc.*, 294 F.R.D. 604, 607 (W.D. Wash. 2013).

26 The party seeking discovery bears the burden in the first instance to show that the information it

27 seeks is "relevant to a claim or defense" and "proportional to the needs of [the] case" in light of

28

Plaintiffs' Motion for Protective Order                    4:20-cv-03664-YGR-SVK

factors such as "the importance of the issues at stake in the action," "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Woods v. Google LLC*, 2018 WL 5941122, *1 (N.D. Cal. Nov. 14, 2018). The Court "should balance the interests in allowing discovery against the relative burdens that would be imposed." *Koh*, 2011 WL 940227, at *2.

## III.     ARGUMENT

### A.      Google Acknowledged the Sensitivity of the Designated Materials by Requiring Plaintiffs to Submit Consent Forms to Access that Information

Plaintiffs in this case were required by Google to execute consent forms authorizing Google to provide electronically stored information ("ESI") and Personal Information (as defined under the California Civil Code Section 1798-140, including activity on any website and information associated with any Client ID cookie, IP address, and other identifiers) that Google had collected and stored in myriad logs. *See* Dkt. 133-1 (resolving dispute over Google's production of Plaintiffs' data, approving the Stored Communications Act consent form from *Calhoun*). That data was subsequently produced through the Special Master process, whereby the scope of that consent was limited to Google, Plaintiffs, and the Special Master. *Id*.

Now, without any Court authorization or amended consent forms from Plaintiffs expanding the scope of that consent, Google has no problem providing that same information to the Texas Attorney General in response to a *request for production*. McGee Decl., Ex. 1. This raises constitutional concerns under the Fourth Amendment, as the request from the Texas Attorney General is not even a subpoena, but rather a discovery request. Without further context, Plaintiffs cannot speculate or further formulate any potential constitutional challenges, but Google's about-face with respect to the sensitivity of this information is troubling.

### B.      Absent an Order on a Motion to Unseal, the Court Should Prohibit Google from Disseminating any Designated Material that has been Sealed.

The Court has already sealed the portions of Plaintiffs' expert reports that Google now represents it will provide to the Texas Attorney General. *See* Dkt. 804 at 32 (sealing Opening

3

Plaintiffs' Motion for Protective Order                    4:20-cv-03664-YGR-SVK

1   Report at ¶¶ 88–90, 116, 174–78, 224–25, 234, 236, 243, 246–47; sealing Opening Report

2   Appendix B at ¶¶ 11–13, 18–23, and pages 17–36; sealing Opening Report Appendix G at ¶¶ 7–

3   8, 24, 26; sealing Opening Report Appendix H table of contents, and ¶¶ 1–41; sealing Opening

4   Report Appendix I in its entirety; sealing Opening Report Exhibits B–F in their entireties), Dkt.

5   804 at 33 (sealing Rebuttal Report at ¶¶ 22–23, 30, 38–47, 67–69; sealing Rebuttal Report

6   Exhibits A and B in their entireties; sealing Rebuttal Report Appendices A–J in their entireties).

7   But the Designated Material is not only designated as "confidential" or "confidential – attorneys'

8   eyes only" under the protective order (*see generally* Dkt. 81), they have been sealed by this Court

9   at least until trial. Dkt. 804 at FN1.

10       Inexplicably, Google ignores the Court's order that the Designated Materials are not just

11   designated under the protective order, but have been ordered sealed by this Court. Instead,

12   Google has informed Plaintiffs that absent a motion for protective order, Google "will produce

13   the requested documents, maintaining the original confidentiality designations in its production

14   to the State of Texas." McGee Decl., Ex. 1. "When the Court grants a motion to seal or otherwise

15   permits a document to remain under seal, the document will remain under seal until further order

16   of the Court." Civ. L.R. 79-5(g)(1). That finding logically extends to any copies of that document

17   that are in the possession, custody, or control of a party to that litigation. Local Civil Rule 79-

18   5(g)(3) provides that either parties or non-parties may file "a motion requesting that the Court

19   unseal a document," but Google has not done so here, and instead sought an end-run that only its

20   designated material should remain confidential, and Plaintiffs' Designated Material is freely

21   accessible by anyone. *See* McGee Decl. Ex. 1. The Court should not tolerate this gamesmanship

22   and should prohibit Google from disseminating Plaintiffs' Designated Material in the Hochman

23   Opening and Rebuttal Expert Reports that it has already sealed. Dkt. 804 at 32–33.

24       **C.      The Court Should Alternatively Issue a Subsequent Protective Order**

25       In the event that the Court finds that its prior sealing order (Dkt. 804) does not forbid

26   Google's disclosure of Plaintiffs' Designated Material *per se*, Plaintiffs respectfully request that

27   the Court issue a subsequent protective order forbidding Google from disclosing such Designated

28

4

1    Material. There has been no material change in the facts or the law since Plaintiffs moved for,

2    and the Court granted, sealing of that information.

3          In the motion to seal portions of Mr. Hochman's Opening and Rebuttal Expert Reports,

4    Plaintiffs articulated why that particular information was sensitive and confidential: "the portions

5    sought to be sealed associate one of the named Plaintiffs (or their experts) with various identifiers

6    and information related to their browsing." Dkt. 608 at 5. Plaintiffs' sealing request was narrowly

7    tailored, seeking to seal account numbers, IP addresses, browsing history, and unique identifiers.

8    *Id.* These narrowly-tailored proposals would "not interfere with the public's ability to understand

9    the judicial process," and should not interfere with the Texas Attorney General's ability to

10   understand Mr. Hochman's opinions since none of the opinions were redacted. *Ojmar US, LLC*

11   *v. Sec. People, Inc.*, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016).

12         Importantly, "an individual's privacy interest" is a compelling reason to seal and prevent

13   disclosure of a document. *See Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267,

14   at *2 (N.D. Cal. Nov. 1, 2017) (allowing redaction of home addresses and financial account

15   information); *see also Giacalone Elec. Servs., Inc.*, 2015 WL 3956143, at *10. Under the

16   "compelling reasons" test, courts routinely seal documents that contain personally identifiable

17   information. *Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. March

18   30, 2022) (sealing employees', residents', and other individuals' "contact and other personally-

19   identifying information"); *Cancino Castellar v. Mayorkas*, 2021 WL 3678440, at **3–4 (S.D.

20   Cal. Aug. 19, 2021) (finding a "compelling interest" to maintain under seal records that contain

21   personal information); *Ashton Woods Holdings LLC v. USG Corp.*, 2021 WL 4497868, at *2

22   (N.D. Cal. Feb. 8, 2021) (finding "compelling reasons" to seal "potentially sensitive identifying

23   information" including "phone numbers associated with Defendants' employees"); *Deluca v.*

24   *Farmers Ins. Exchange*, 2019 WL 13202012, at *2 (N.D. Cal. May 15, 2019) (finding that sealing

25   was appropriate where documents contained information "that would allow a member of the

26   public to derive the identity" of an individual); *Am. Automobile Ass'n of N. Cal., Nev., & Utah*,

27   2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal

28

Plaintiffs' Motion for Protective Order                    4:20-cv-03664-YGR-SVK

1    personally identifiable information, "including names, addresses, phone numbers, and email

2    addresses"); *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *3 (N.D. Cal. Sep. 5, 2018)

3    (sealing records containing phone numbers and addresses); *Slot Speakers Techs., Inc. v. Apple,*

4    *Inc.*, 2017 WL 386345, at *4 (N.D. Cal. Jan. 27, 2017 (sealing portions of documents that contain

5    "personal account numbers and email addresses"); *Benedict v. Hewlett-Packard Co.*, 2014 WL

6    233827, at *3 (N.D. Cal. Jan. 21, 2014) (sealing personal information, including a home address,

7    phone number, and email address); *Nursing Home Peonsion Fund v. Oracle Corp.*, 2007 WL

8    3232267, at *2 (N.D. Cal. Nov. 1, 2007) (recognizing that the "Ninth Circuit has found that

9    compelling reasons exist to keep personal information confidential to protect an individual's

10   privacy interest and to prevent exposure to harm or identity theft") (citing *Foltz*, 331 F.3d 1134).

11          Indeed, in another case Google moved to seal this information for its current and former

12   employees, "including their email addresses and telephone numbers[.]" *Snapkeys, Ltd. v. Google*

13   *LLC*, 2021 WL 1951250 (N.D. Cal. May 14, 2021). In *Snapkeys*, Google advocated for sealing

14   the personally identifiable information of its current and former employees because it was "in

15   consideration of the privacy interests of th[o]se [employees], and in order to protect its employees

16   and systems from malicious attacks by third parties." *Snapkeys*, No. 5:19-cv-02658-LHK, Dkt.

17   97 at 4 (N.D. Cal. March 18, 2021). Google also argued that "publishing the information may

18   also increase the risk of unsolicited contact with [those] employees." *Id.*

19          Here, it is unclear why Google believes the Texas Attorney General would need access

20   to the materials that Plaintiffs designated under the protective order (Plaintiffs' identities tied to

21   identifiers like account IDs, email addresses, IP addresses, user agent strings, and browsing

22   histories). Plaintiffs are not opposed to the Texas Attorney General receiving Mr. Hochman's

23   expert reports and examining the opinions that Mr. Hochman provided, but it is unclear how

24   Plaintiffs' identifiers, browsing histories, and other designated information is "relevant to a claim

25   or defense" or "proportional to the needs of [the] case" in light of factors such as "the importance

26   of the issues at stake in the action," "the parties' relative access to relevant information," "the

27   importance of the discovery in resolving the issues," and "whether the burden or expense of the

28

6

Plaintiffs' Motion for Protective Order                    4:20-cv-03664-YGR-SVK

1  proposed discovery outweighs its likely benefit." *Woods*, 2018 WL 5941122, *1.

2  **IV.    CONCLUSION**

3         Plaintiffs respectfully request that the Court maintain the orders sealing Plaintiffs' expert

4  reports, issue a protective order preventing the dissemination of the information that they have

5  previously moved to seal and the Court granted. Dkt. 804 at 32–33.

6  Dated: October 24, 2023

7                                              By */s/ John A. Yanchunis*

8                                              John A. Yanchunis (*pro hac vice*)
                                               jyanchunis@forthepeople.com
9                                              Ryan J. McGee (*pro hac vice*)
                                               rmcgee@forthepeople.com
10                                             MORGAN & MORGAN, P.A.
                                               201 N Franklin Street, 7th Floor
11                                             Tampa, FL 33602
                                               Telephone: (813) 223-5505
12                                             Facsimile: (813) 222-4736
13
                                               Michael F. Ram, CA Bar No. 104805
14                                             mram@forthepeople.com
                                               MORGAN & MORGAN
15                                             711 Van Ness Ave, Suite 500
                                               San Francisco, CA 94102
16                                             Tel: (415) 358-6913
17
                                               Mark C. Mao (CA Bar No. 236165)
18                                             mmao@bsfllp.com
                                               Beko Reblitz-Richardson (CA Bar No. 238027)
19                                             brichardson@bsfllp.com
                                               BOIES SCHILLER FLEXNER LLP
20                                             44 Montgomery Street, 41st Floor
                                               San Francisco, CA 94104
21                                             Telephone: (415) 293 6858
                                               Facsimile (415) 999 9695
22
23                                             David Boies (*pro hac vice*)
                                               dboies@bsfllp.com
24                                             BOIES SCHILLER FLEXNER LLP
                                               333 Main Street
25                                             Armonk, NY 10504
                                               Tel: (914) 749-8200
26
27                                             James W. Lee (*pro hac vice*)
                                               jlee@bsfllp.com
28
                                               7

Plaintiffs' Motion for Protective Order                    4:20-cv-03664-YGR-SVK

1    Rossana Baeza (*pro hac vice*)
     rbaeza@bsfllp.com
2    BOIES SCHILLER FLEXNER LLP
     100 SE 2nd Street, Suite 2800
3    Miami, FL 33130
     Telephone: (305) 539-8400
4    Facsimile: (305) 539-1304

5    Alison Anderson (CA Bar No. 275334)
     aanderson@bsfllp.com
6    M. Logan Wright, CA Bar No. 349004
     mwright@bsfllp.com
7    BOIES SCHILLER FLEXNER LLP
     725 S Figueroa Street
8    31st Floor
     Los Angeles, CA 90017
9    Telephone: (213) 995-5720

10   Amanda Bonn (CA Bar No. 270891)
     abonn@susmangodfrey.com
11   SUSMAN GODFREY L.L.P.
     1900 Avenue of the Stars, Suite 1400
12   Los Angeles, CA 90067
     Telephone: (310) 789-3100
13

14   Bill Christopher Carmody (*pro hac vice*)
     bcarmody@susmangodfrey.com
15   Shawn J. Rabin (*pro hac vice*)
     srabin@susmangodfrey.com
16   Steven Shepard (*pro hac vice*)
     sshepard@susmangodfrey.com
17   Alexander P. Frawley (*pro hac vice*)
     afrawley@susmangodfrey.com
18   Ryan Sila (*pro hac vice*)
     rsila@susmangodfrey.com
19   SUSMAN GODFREY L.L.P.
     1301 Avenue of the Americas, 32nd Floor
20   New York, NY  10019
     Telephone: (212) 336-8330
21

22   *Attorneys for Plaintiffs*

23

24

25

26

27

28

8

Plaintiffs' Motion for Protective Order                    4:20-cv-03664-YGR-SVK