# PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION IN LIMINE NUMBER 4 TO EXCLUDE EVIDENCE AND ARGUMENT RE: JOINING DATA

## Unredacted Version of Document Sought to be Sealed

1

**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)

2

333 Main Street
Armonk, NY 10504

3

Tel: (914) 749-8200

4

dboies@bsfllp.com

5

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027

6

44 Montgomery St., 41st Floor
San Francisco, CA 94104

7

Tel.: (415) 293-6800

8

mmao@bsfllp.com
brichardson@bsfllp.com

9

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)

10

100 SE 2nd St., 28th Floor
Miami, FL 33131

11

Tel.: (305) 539-8400

12

jlee@bsfllp.com
rbaeza@bsfllp.com

13

Alison L. Anderson, CA Bar No. 275334

14

M. Logan Wright, CA Bar No. 349004
725 S. Figueroa St., 31st Floor

15

Los Angeles, CA 90017
Tel.: (213) 629-9040

16

alanderson@bsfllp.com

17

*Attorneys for Plaintiffs*

18

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

19

20

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

21

22

CHASOM BROWN, WILLIAM BYATT,
JEREMY DAVIS, CHRISTOPHER CASTILLO,
and MONIQUE TRUJILLO individually and on
behalf of all other similarly situated,

23

24

Plaintiffs,

25

v.

26

GOOGLE LLC,

27

Defendant.

Case No.:  4:20-cv-03664-YGR-SVK

**PLAINTIFFS' OPPOSITION TO
GOOGLE'S MOTION *IN LIMINE*
NUMBER 4 TO EXCLUDE EVIDENCE
AND ARGUMENT RE: JOINING
DATA**

Judge: Hon. Yvonne Gonzalez Rogers
Date: November 15, 2023
Time: 9:00 a.m.

28

1  I.    INTRODUCTION

2         Google's motion is styled as one *in limine*, but it reads more like a *Daubert* or summary

3  judgment motion. Worse, it's a motion Google already lost.

4         Google last year moved to exclude "[e]xpert opinion about hypothetical risks caused by

5  Google's theoretical capability to link PBM data with users' Accounts or identities." Dkt. 664

6  (Schneir *Daubert*) at 15. This Court denied that motion, holding that "***Whether plaintiffs' data can***

7  ***be linked to other data such that plaintiffs' identity can be revealed is relevant to the issues in this***

8  ***case***." Dkt. 803 at 20. So Google seeks a do-over, hoping to exclude evidence "regarding [their]

9  ability to join data" as supposedly having "no probative value." Mot. at 2. Google does not even

10  acknowledge the Court's prior order, let alone distinguish it. And for good reason; the Court was

11  right. Google's motion should be denied—again.

12  II.    ARGUMENT

13        A.    Whether Google Links or Can Link Private Browsing Data with Regular
              Browsing Data Is Relevant, <u>as this Court Already Held.</u>

14        In its August 2022 *Daubert* motion regarding Plaintiffs' privacy expert Bruce Schneier,

15  Google argued that "[e]xpert opinion about hypothetical risks caused by Google's theoretical

16  capability to link PBM data with users' Accounts or identities is not relevant because Google does

17  not, in fact, engage in this practice and has policies and processes to prevent it." Dkt. 664 at 15. This

18  Court considered and correctly rejected Google's arguments:

19        ***Whether plaintiffs' data can be linked to other data such that plaintiffs' identity can be***
          ***revealed is relevant*** to the issues in this case. At this juncture, it appears such information is
20        at least relevant to the analysis of plaintiffs' intrusion upon seclusion and invasion of privacy
          claims, both which turns on the offensiveness of Google's conduct.
21

22  Dkt. 803 at 20 (emphasis added). Google now makes the same argument, again:

23        Plaintiffs now appear to have pivoted to a plan to present evidence regarding what Google
          "could" do with the data it receives. But Google's *capability* to join does not prove or disprove
24        Plaintiffs' claims, and would only serve to confuse the jury. . .

25  Mot. at 1, 4. There is no way to reconcile Google's motion with the Court's prior ruling, which is

26  probably why Google ignores the Court's prior order.

27        The Court was right the first time. Plaintiffs are not required to prove the data is identifying.

28  "Legally recognized privacy interests" include "interests in making intimate personal decisions or

1

1  conducting personal activities without observation, intrusion, or interference ('autonomy privacy').'

2  *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 654 (1994) (emphasis added). Google's efforts

3  to reframe this case around what it does or does not do with the private browsing data it collects and

4  stores ignores the gravamen of Plaintiffs' claim that Google was wrong to collect that data in the

5  first place. "[I]nformation need not be personally identifying to be private." *In re Google Referrer*

6  *Header*, 465 F. Supp. 3d 999, 1009-10 (N.D. Cal. 2020).

7  Regardless, Plaintiffs can (and will) argue that private browsing data *is* identifying, including

8  to rebut Google's arguments. Google seeks to tell the jury that private browsing data is "anonymous

9  and orphaned," such that users have no expectation of privacy. *See* Google's Draft Pretrial

10 Statement. Plaintiffs can rebut that argument with evidence that Google stores private browsing data

11 with identifying information, including IP address, user agent, location information, and signed-in

12 identifiers associated user's accounts on non-Google websites. Hochman Rep. § VIII.F (Dkt. 608-

13 12). The identifying nature of the data makes Google's behavior all the more offensive—an issue

14 relevant to (at a minimum) Plaintiffs' invasion of privacy and intrusion upon seclusion claims, and

15 Plaintiffs' requests for punitive damages. Google's Motion cites just one case to argue that

16 joinability is irrelevant. *See Mformation Techs., Inc. v. Rsch. in Motion Ltd.*, 2012 WL 2339762, at

17 *4 (N.D. Cal. June 7, 2012). That case is far afield, focused on patent infringement damages.[1]

18 Even the definition of "personal information" in Google's own Privacy Policy makes it

19 relevant whether Google can join or link this data. Google's Privacy Policy defines "personal

20 information" to include "information that you provide to us which personally identifies you, such as

21 your name, email address, or billing information, or ***other data that can be reasonably linked to***

22 ***such information by Google***, such as information we associate with your Google Account."[2]

23 Plaintiffs are entitled to present evidence demonstrating that private browsing data can be linked to

24 information tied to users' Google accounts.

25 California law also undermines Google's position. Under California law, "personal

26 
_____

27 [1] The court excluded "third-party valuations" of a patent cited by the defendant's damages expert because the valuations did not "assess the value of the [] Patent at the time infringement began." *Id.*

28 [2] https://policies.google.com/privacy?hl=en-US (emphasis added).

1    information" includes "information that identifies, relates to, describes, is ***reasonably capable of***

2    ***being associated with, or could reasonably be linked, directly or indirectly, with a particular***

3    ***consumer or household***," including "Internet or other electronic network activity information," such

4    as "browsing history, search history, and information regarding a consumer's interaction with an

5    internet website, application, or advertisement." *In re Google RTB Consumer Priv. Litig.*, 606 F.

6    Supp. 3d 935, 944 (N.D. Cal. 2022) (Gonzalez Rogers, J.) (citing Cal. Civ. Code § 1798.140). It

7    strains credulity for Google to suggest that Plaintiffs should be precluded from introducing evidence

8    or argument about whether private browsing data can "reasonably be linked" to users.

9    **B.    Ample Evidence Supports Plaintiffs' Argument that Private Browsing Data Is Identifying, as <u>this Court Already Found.</u>**

10    Rather than confront the Court's prior order on this exact issue, Google resorts to arguments

11    best suited for summary judgment or trial. Google repeatedly asserts there is "no evidence" that

12    Google joins authenticated data with unauthenticated data.

13    Unmasked, what Google really seeks is a factual finding on a hotly contested issue, and one

14    this Court already refused to make. At summary judgment, Google argued that Plaintiffs' claims

15    should be dismissed because private browsing data is "anonymous." *See* Dkt. 934 (Google's MSJ

16    Reply) at 2. This Court disagreed. In addition to rejecting Google's legal argument that Plaintiffs

17    must prove the data is identifying, this Court found there is sufficient evidence to support Plaintiffs'

18    factual argument that the data *is* identifying:

19
20      ***[P]laintiffs set forth evidence that Google does store their data with unique identifiers.***
         (PAF 25.) For example, plaintiffs have evidence that Google stores users' regular and private
21      browsing data in the same logs; it uses those mixed logs to send users personalized ads; and,
         even if the individual data points gathered are anonymous by themselves, when aggregated,
22      Google can use them to "uniquely identify a user with a high probability of success." This
         supports plaintiffs' showing that they suffered concrete harm.

23    Dkt. 969 at 11 (emphasis added).

24    The Court got it right (again). Even Google's engineers agree with Plaintiffs. Internally (not

25    publicly), Google's employees made it "perfectly clear" that "the data collected while [in] Incognito

26    [mode] is ***strictly NOT anonymous***." GOOG-CABR-00501220 (Ex. 1) (emphasis added). They

27    dismissed as ***"laughable"*** the "████████████████████████████████████

28    ████████  GOOG-BRWN-00433503 (Ex. 2), and they "would ***never sa[y] that Google doesn't***

3

1    *know who you are while you're Incognito*." GOOG-CABR-04780837.R (Ex. 3).

2        Google's Motion emphasizes how Plaintiffs' counsel explained to the Court that "we do not

3    have evidence that they joined them *in the sense that they want to use the word 'joined*.'" Mot. at 2

4    (emphasis added). But that statement only underscores why it is inappropriate to resolve this issue

5    through a motion *in limine*. Plaintiffs' technical expert will explain why Google's definition of

6    "joined" is overly restrictive and beside the point. He analyzed the data produced in this case, and

7    he concluded that it is keyed to unique identifiers, which makes the data identifying. Hochman

8    Opening Rep. § VIII.F (Dkt. 608-12). He will also describe the ███████ log" where Google stores

9    █████████████████████████████████████—a fact which contradicts Google's

10   prior (false) assurance to the Court that "logs are internally segregated by whether you're logged

11   into a Google account or aren't." Apr. 29, 2021 Hearing Tr. at 16:19-20; Hochman Second Supp'l

12   Rep. ¶¶ 43-46 (Dkt. 990-1). Even without this overwhelming evidence in Plaintiffs' favor, Google's

13   motion would be improper. "[A] motion *in limine* should not be used to resolve factual disputes or

14   weigh evidence or used as a substitute for a motion for summary judgment." *Zamora v. BMW of N.*

15   *Am., LLC*, 2022 WL 17061082, at \*1 (C.D. Cal. Sept. 13, 2022).

16       Finally, the only thing that may "confuse the jury" (Mot. at 1) is Google asserting that private

17   browsing data is "anonymous" when Google's own engineers internally admit that Incognito data is

18   "strictly NOT anonymous," and Google actually stores that private browsing data in the same log as

19   regular data. If Google's lawyers still like the argument, they can go for it. But the argument should

20   rise or fall on the evidence. Google's motion for a shortcut should be denied.[3]

21   **III.    CONCLUSION**

22       Plaintiffs respectfully request that this Court deny Google's Motion i*n Limine* Number 4.

23

24

---

25   [3] Google's two cases about "mini-trials" are inapposite because they involved plainly irrelevant
26   evidence. The court in *Harvey v. Cook* excluded evidence about FDA processes that were irrelevant
     to a "product's independent safety and efficacy—the very subjects of the plaintiff's products liability
27   claim." 2015 WL 1405558, at \*2. Similarly, the court in *Tennison v. Circus Circus Enterprises* (a
     sexual harassment case) excluded evidence about "complaints [that] did not involve Plaintiffs [which]
28   occurred five years before." 244 F.3d 684, 689 (9th Cir. 2001).

1   Dated:  October 17, 2023                          Respectfully submitted,

2

3                                                     By:  */s/ Mark Mao*
                                                      Mark C. Mao (CA Bar No. 236165)
4                                                     mmao@bsfllp.com
                                                      Beko Reblitz-Richardson (CA Bar No. 238027)
5                                                     brichardson@bsfllp.com
                                                      BOIES SCHILLER FLEXNER LLP
6                                                     44 Montgomery Street, 41st Floor
                                                      San Francisco, CA 94104
7                                                     Telephone: (415) 293-6800
                                                      Facsimile (415) 293-6899
8

9                                                     David Boies (admitted pro hac vice)
                                                      dboies@bsfllp.com
10                                                    BOIES SCHILLER FLEXNER LLP
                                                      333 Main Street
11                                                    Armonk, NY 10504
                                                      Telephone: (914) 749-8200
12                                                    Facsimile: (914) 749-8300

13
                                                      James Lee (admitted pro hac vice)
14                                                    jlee@bsfllp.com
                                                      Rossana Baeza (admitted pro hac vice)
15                                                    rbaeza@bsfllp.com
                                                      BOIES SCHILLER FLEXNER LLP
16                                                    100 SE 2nd Street, Suite 2800
                                                      Miami, FL 33131
17                                                    Telephone: (305) 539-8400
                                                      Facsimile: (305) 539-1307
18

19
                                                      Alison L. Anderson (CA Bar No. 275334)
20                                                    alanderson@bsfllp.com
                                                      M. Logan Wright (CA Bar No. 349004)
21                                                    mwright@bsfllp.com
                                                      BOIES SCHILLER FLEXNER LLP
22                                                    725 S. Figueroa St., 31st Floor
                                                      Los Angeles, CA 90017
23                                                    Telephone: (213) 629-9040
                                                      Facsimile: (213) 629-9022
24

25                                                    Bill Carmody (pro hac vice)
                                                      bcarmody@susmangodfrey.com
26                                                    Shawn J. Rabin (pro hac vice)
                                                      srabin@susmangodfrey.com
27                                                    Steven Shepard (pro hac vice)
                                                      sshepard@susmangodfrey.com
28

                                                      5

---

PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION *IN LIMINE* 4          CASE NO. 4:20-CV-3664-YGR-SVK

Alexander P. Frawley (pro hac vice)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiffs*

PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION *IN LIMINE* 4      CASE NO. 4:20-CV-3664-YGR-SVK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7