# GOOGLE LLC'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING PRODUCTS, SERVICES, REGULATIONS, AND DATA FLOWS OUTSIDE OF THE SCOPE OF PLAINTIFFS' ALLEGATIONS

## Redacted Version of Document Sought to be Sealed

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660
rachaelmccracken@quinneamanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Counsel for Defendant Google LLC*
*Additional counsel on signature pages*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING PRODUCTS, SERVICES, REGULATIONS, AND DATA FLOWS OUTSIDE OF THE SCOPE OF PLAINTIFFS' ALLEGATIONS**<br><br>Hon. Yvonne Gonzalez Rogers<br><br>Trial Date: January 29, 2024 |

## I. INTRODUCTION

This is a case about purported misleading disclosures regarding what data Google receives from users in private browsing mode. But Plaintiffs' pretrial disclosures suggest that they intend to complicate trial by introducing irrelevant and prejudicial evidence of separate and unrelated supposed "misconduct." Plaintiffs contend that they were misled by Google's disclosures into thinking that browsing using *private browsing mode* ("PBM") on the Chrome, Safari and Edge browsers *while not signed in* to a Google Account would block all *transmissions to Google*. *See* Dkt. 886 (Fourth Amended Complaint) ¶ 192 (defining classes composed of Google account holders who used private browsing modes to browse on non-Google websites without signing into their Google accounts). Yet Plaintiffs' proposed exhibits suggest that they will attempt to introduce wide-ranging evidence on irrelevant and highly prejudicial topics, such as unrelated government investigations and discussions of Google products not at issue in this case. If not excluded, such evidence will unfairly prejudice the jury against Google (by, for example, suggesting that Google employees' statements regarding non-browser applications apply to the three browsers at issue here) and necessitate a series of mini-trials refuting the relationship of this evidence to Plaintiffs' claims. Accordingly, Google respectfully seeks an order excluding certain documents and testimony or argument regarding (i) other litigation and regulations not at issue in this litigation;[1] (ii) non-browser applications or practices expressly excluded from Plaintiffs' allegations;[2] and (iii) features that Google considered but never implemented.[3]

## II. ARGUMENT

**Irrelevant Foreign and Domestic Investigations and Litigation:** Evidence regarding (i) foreign investigations and regulations; and (ii) domestic investigations involving non-browser products is irrelevant and highly prejudicial. Google's compliance with foreign regulations and its involvement in unrelated domestic litigation are irrelevant—but would likely mislead the jury to believe those demonstrate that Google is liable here, too. *See In re CRT Antitrust Litig.*, 2016 WL

---

[1] *See* Spilly Decl. Ex. A (list of Plaintiffs' proposed exhibits regarding other litigation and regulatory actions).
[2] *See id.* Ex. B (list of Plaintiffs' proposed exhibits regarding non-browser products and Google practices excluded from the scope of Plaintiffs' allegations).
[3] *See id.* Ex. C (list of Plaintiffs' proposed exhibits regarding proposed changes to Incognito functionality).

7803893, *2-3 (N.D. Cal. Nov. 15, 2016) (excluding Korean competition regulator's press release describing its findings due to the "dispositive effect a jury is likely to give the document"); *Buonanoma v. Sierra Pac. Power Co.*, 2010 WL 3724254, at *5 (D. Nev. Sept. 16, 2010) (evidence of "other lawsuits" excluded because it "could unfairly bias the jury against [defendant] for [] acts that did not take place in this case and confuse the jury into thinking it could hold [defendant] liable in this action for alleged wrongs in other actions").

Plaintiffs' proposed evidence and allegations show that they intend to make improper arguments about (i) foreign regulations and investigations, *see, e.g.*, Pls.' Exs. 61 (discussing Chrome for users located in China); 380 (Google document titled "Tools to help publishers comply with the GDPR" (*i.e.*, European regulations)); 708 (third party document from IAB Europe—a European trade association for digital advertisers—discussing European privacy and competition regulations); and (ii) domestic lawsuits and regulatory investigations involving non-browser applications, *see, e.g.*, Dkt. 886 ¶¶ 24-28 (discussing FTC consent decree regarding Google Buzz social networking application). Courts regularly exclude such evidence because its minimal (if any) probative value is significantly outweighed by the danger of undue prejudice, and it requires complex legal testimony to even attempt to place it in context for a lay jury. *See, e.g.*, *U.S. v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 947-48 (N.D. Cal. 2016) (excluding conclusions of NTSB investigation because the "ultimate issue of the NTSB investigation . . . is not at issue in this case").

**Non-Browser Products and Signed-In Users:** Plaintiffs' allegations are specifically limited to users who used private browsing modes on specific browsers (*i.e.*, Chrome, Safari, and Edge) to browse non-Google websites while signed out of their Google accounts. *See* Dkt. 886 ¶ 192. But Plaintiffs' proposed exhibits show that they plan to mislead the jury by submitting documents into evidence that do not relate to these browsers or signed-out users at all:

- Plaintiffs' Exhibits 38, 54, 454, 455, 876, and 885 discuss non-Browser mobile apps (*e.g.*, the Google App ("xGA") and Google Search App ("GSA")—not Chrome or any other browser.
- Plaintiffs' Exhibits 541 and 771 only concern Google's collection and use of data from users who are *signed into a Google account*.
- Plaintiffs' Exhibit 118 exclusively discusses browsing in *regular mode*.

- Plaintiffs' proposed Exhibits 322 and 780 relate exclusively to an identifier that is used for *Google websites* like google.com. See Ex. 789 at -380 ("Zwieback is the pseudonymous unauthenticated user ID for *google.com*." (emphasis added)).

Plaintiffs have not alleged that non-browser apps are relevant to the case in any way—much less covered by the same privacy policies. Plaintiffs have also expressly excluded non-private browsing and signed-in private browsing from the class definition. If Plaintiffs are permitted to introduce inflammatory quotes from these documents, Google would in turn need to spend trial time explaining why each document does not relate to the allegations at issue here. Courts regularly exclude evidence regarding products that are not at issue and non-class members because of the risk that such evidence will mislead the jury. *See, e.g.*, *Pom Wonderful LLC v. Tropicana Prod., Inc.*, 2010 WL 11519185, at *5 (C.D. Cal. Nov. 1, 2010) (evidence regarding Tropicana products not at issue in litigation excluded as irrelevant and likely to unduly confuse the jury); *Kirola v. City & Cnty. of San Francisco*, 2010 WL 3476681, at *12 (N.D. Cal. Sept. 2, 2010) (granting motion *in limine* to exclude evidence of alleged ADA violations at facilities outside of class definition).

**Features That Were Never Implemented:** Many of Plaintiffs' proposed exhibits show that they plan to mislead the jury by introducing irrelevant evidence regarding contemplated functionalities for Chrome's Incognito mode *that were never implemented*:

- Plaintiffs' Exhibit 21 (at -67) discusses rejected proposals to strengthen Incognito mode by, *e.g.*, ████████████████████████████

- Plaintiffs' Exhibit 425 discusses "████████" features that Google never implemented because, *inter alia*, ████████████████████████████████████████████████████████████████████████████████████. *See* Spilly Decl., Ex. D (McClelland Tr.) 28:13-29:17.

Internal discussion of proposed features and Google's decision not to implement them could be relevant only if Plaintiffs alleged that, for example, Google somehow violated a duty owed to Plaintiffs by electing not to move forward with these features. *Hernandez v. Wells Fargo & Co.*, 2019 WL 3017657, at *4 (N.D. Cal. July 10, 2019) ("[F]ailure to act without any duty cannot plausibly be considered immoral, unethical, oppressive, unscrupulous or substantially injurious.").

Plaintiffs have never made any such allegations, but their inclusion of these exhibits indicates that they plan to mislead and confuse the jury by introducing evidence about these rejected proposals that will require fact-intensive mini-trials to refute. This would unfairly prejudice Google and waste trial time. *Waymo LLC v. Uber Techs., Inc.*, 2018 WL 646701, at *22 (N.D. Cal. Jan. 30, 2018) (excluding evidence of rejected proposal because it "strays far out of bounds in describing at length Uber's consideration of an [initiative] . . . that Uber *never implemented*" and thus has "no discernible relevance to the claims in this case in an apparent bid to poison the judge, if not the jury, against Uber") (emphasis in original).

### III. CONCLUSION

For the foregoing reasons, the Court should exclude any evidence or argument regarding products, services, regulations, and data flows that are outside the scope of Plaintiffs' allegations.

DATED: October 17, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Andrew H. Schapiro*
         Andrew H. Schapiro

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

|   |   |
|---|---|
| 1 | Stephen A. Broome (CA Bar No. 314605) |
| 2 | stephenbroome@quinnemanuel.com |
|   | Viola Trebicka (CA Bar No. 269526) |
| 3 | violatrebicka@quinnemanuel.com |
|   | Crystal Nix-Hines (Bar No. 326971) |
| 4 | crystalnixhines@quinnemanuel.com |
|   | Rachael L. McCracken (Bar No. 252660 |
| 5 | rachaelmccracken@quinneamanuel.com |
|   | Alyssa G. Olson (CA Bar No. 305705) |
| 6 | alyolson@quinnemanuel.com |
| 7 | 865 S. Figueroa Street, 10th Floor |
|   | Los Angeles, CA 90017 |
| 8 | Telephone: (213) 443-3000 |
|   | Facsimile: (213) 443-3100 |

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*