**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520N
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION TO EXCLUDE WITNESS BLAKE LEMOINE (DKT. 1015)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: November 29, 2023<br>Time: 9:00 a.m.<br>Location: Courtroom 1 – 4th Floor |

## I.     BACKGROUND

Blake Lemoine is a former senior software engineer at Google with highly relevant personal knowledge about the inner workings within Google, including Google's use of private browsing data. If given the opportunity, as detailed in the sworn declaration supporting this opposition, Mr. Lemoine will testify at trial regarding, among other things, how Google's internal algorithms, machine learning, and artificial intelligence services rely on users' private browsing data, including data collected while users are in Chrome Incognito mode. He will also testify that Google's algorithms, machine learning, and artificial intelligence services can reidentify people and their devices even when they are browsing in a private browsing mode. Mr. Lemoine will also testify that Google actively tried to limit written documentation of these practices and retaliated against employees that raised concerns. These are bombshell revelations that go to the heart of this case, and Google has no answer for them.

There is no basis for Google's request to bar Mr. Lemoine from testifying. The only reason Plaintiffs could not disclose Mr. Lemoine earlier is because Google never disclosed him as someone with relevant information. Had Google done so at the outset of the case, or at any other point during the discovery period, including in response to discovery served by Plaintiffs seeking to identify people like Mr. Lemoine, Plaintiffs would have requested his documents and taken his deposition in the ordinary course. Having concealed a critical witness from Plaintiffs for years, Google now claims it is too late to do anything about it, despite the fact that there remains ample time to produce his custodial documents and take his deposition before trial. Plaintiffs were also justified in not disclosing Mr. Lemoine sooner because he only attempted to contact Plaintiffs' counsel for the first time on August 8, 2023—after reading news articles about the Court's order denying Google's motion for summary judgment. After speaking with Mr. Lemoine on August 15, 2023, Plaintiffs' counsel disclosed him as a trial witness just two days later. Since that time, Plaintiffs have repeatedly asked Google to produce Mr. Lemoine's custodial documents (without the need to re-review any documents[1]) and have reiterated Mr.

---

[1] Google never provided any hit counts for the search terms proposed by Plaintiffs, so Plaintiffs

Lemoine's willingness to be deposed. Google never responded and instead filed the instant motion to prevent Mr. Lemoine from providing any testimony at trial. The Court should not endorse Google's shenanigans.

**II.      ARGUMENT**

      **1.      Mr. Lemoine Has Highly Relevant Personal Knowledge.**

Google's suggestion that Mr. Lemoine has no relevant knowledge is nothing short of remarkable. By way of example, as outlined in his sworn declaration, Mr. Lemoine possesses relevant knowledge regarding Google's use of private browsing data, including:

- Google's tests, experiments, and training with private browsing data.
- Google's decision to allow its algorithms, machine learning, and artificial intelligence services to access users' private browsing data to develop and further those products and services.
- The ability of Google's algorithms, machine learning, and artificial intelligence services to reidentify people and devices, even when they use a private browsing mode such as Incognito mode.
- Google CEO Sundar Pichai's direct knowledge of Mr. Lemoine's concerns that signed-out data (including private browsing data) could bleed into signed-in user sessions.
- Google's attempts to actively limit written documentation of the above practices and retaliation against employees who raised concerns.

Lemoine Decl. ¶¶ 9-16. These are all core issues in this case. This information is plainly relevant to Plaintiffs' allegation that Google impermissibly uses private browsing data in myriad ways, and also to Google's asserted defenses.

Rather than engage on the issues that are actually relevant, Google instead resorts to erecting a strawman. Google makes much ado about Mr. Lemoine's tweets (some academic, some playful) regarding Google's artificial intelligence products, such as whether Google's

---

currently have no information regarding any burden associated with Google producing any of Mr. Lemoine's documents. Plaintiffs are willing and ready to negotiate a reasonable production and to schedule Mr. Lemoine's deposition.

artificial intelligence has rights, whether it is sentient, or whether it has a physical body. Mot. at 3-4. Google inexplicably suggests it will need to cross examine him on these irrelevant matters such that it will need to create "mini-trials."[2] Mot. at 4. Plaintiffs obviously have no intention of raising any of these collateral matters that are the subject of Mr. Lemoine's irrelevant tweets. Plaintiffs intend to focus on the issues that are actually relevant to this case, with relevant documents. Google next threatens to raise "sensitive personal matters" should Mr. Lemoine testify (Mot. at 4), which ironically, is consistent with Mr. Lemoine's opinion that Google intimidates and retaliates against employees who raise privacy concerns. Mot. at 4. In any case, these threats by Google to deter Mr. Lemoine are not a proper basis to silence a former employee who is willing and ready to provide relevant testimony during the upcoming trial on matters of public interest.

Make no mistake, as a former senior level Google employee, Mr. Lemoine is effectively a company whistleblower who has unique insider knowledge about Google and stands ready to testify on matters relevant to this case. Rather than manufacture reasons to preclude Mr. Lemoine's testimony, Google should produce his relevant documents and take his deposition. Google suffers no prejudice from doing so other than receiving testimony detrimental to its defenses at trial. The only *unfair* prejudice in this dispute is that Google prevented Plaintiffs from discovering this information sooner.

/ / /

/ / /

/ / /

---

[2] None of the "min-trials" decisions cited by Google (Mot. at 4) are on point. In those cases, either exclusion of evidence was not at issue, the excluded evidence was largely irrelevant or highly prejudicial, or the court relied on alternative means of informing the jury rather than directly admit contested evidence. *Blackie v. Barrack*, 524 F.2d 891, 906 n.22, 911 (9th Cir. 1975) (affirming class certification, exclusion of evidence not at issue); *Negrete v. Allianz Life Ins. Co. of N. Am.*, 2013 WL 6535164, at *1 (C.D. Cal. Dec. 9, 2013) (precluding irrelevant evidence of actions taken by state insurance regulators); *Buckley v. Evans*, 2007 WL 2900173, at *5 (E.D. Cal. Sept. 28, 2007) (excluding gossip that prison guards concealed evidence of inmate mistreatment in unrelated cases.); *U.S. v. Vazquez-Torres*, 92 F. App'x 502, 504 (9th Cir. 2004) (no prejudice shown from excluding evidence from companion cases, and instead reading stipulation informing jury of such cases).

### 2. Plaintiffs Disclosed Mr. Lemoine As Soon As They Became Aware Of His Testimony, And Any Late Disclosure Was Substantially Justified and Harmless.

Parties may use late-disclosed witnesses to supply evidence where the late disclosure is "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). In determining whether failure to timely identify a witness is justified or harmless, courts in this district "have considered the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Martel v. Hearst Commc'ns, Inc.*, 468 F. Supp. 3d 1212, 1219 (N.D. Cal. 2020). All five factors favor allowing Mr. Lemoine to testify.

First, disclosure of Mr. Lemoine should be no surprise to Google given that Mr. Lemoine was a former Google employee with relevant knowledge. *Brick Masons Pension Trust v. Indus. Fence & Supply, Inc.*, 839 F.2d 1333, 1340 (9th Cir. 1988) (affirming district court's decision to admit new witnesses not mentioned in pretrial order, finding no prejudice in part because witnesses were employees of defendant and defendant therefore should have known they would have relevant knowledge). Mr. Lemoine is a former senior employee at Google who worked at Google from February 2015 to July 2022 and clearly has personal knowledge regarding Google's use of private browsing data. It is Google that should have disclosed Mr. Lemoine as an employee with relevant knowledge at the onset of this case (he was still working at Google at the time), in addition to designating him as a document custodian. Google now appears to fault Plaintiffs for failing to identify a witness that Google tried to hide for years.

Second, even if Google was somehow surprised, that can easily be cured by producing his documents and taking his deposition. *Id*. at 1340 (affirming district court's decision to admit new witnesses not mentioned in pretrial order, finding no prejudice in part because plaintiff offered to make the witnesses available for deposition). Google has been on notice of Plaintiffs' intention to call Mr. Lemoine at trial for over two months. On August 17, 2023, shortly after Mr. Lemoine contacted Plaintiffs' counsel, Plaintiffs notified Google by including Mr. Lemoine

on Plaintiffs' witness list. Plaintiffs timely served that witness list, with Mr. Lemoine listed. Google then waited almost three weeks, until September 5, 2023, to ask if Mr. Lemoine intended to testify at trial, which Plaintiffs confirmed that same day and also offered to schedule his deposition. On September 10, 2023, Plaintiffs again offered to schedule that deposition, proposed targeted custodial search terms (with limitations to make sure that Google would not need to re-review documents for any productions), and requested that Google produce responsive documents in advance of that deposition. Plaintiffs followed up with Google again on September 25, 2023. Google never responded to any of these communications or offers for examination, and Google's feigned surprise is meritless. Besides, there remains plenty of time to produce Mr. Lemoine's documents and take his deposition well before trial without prejudice to anyone. *Quinn v. Fresno Cnty. Sheriff*, 2012 WL 3069934, at *2 (E.D. Cal. July 27, 2012) (permitting plaintiff to add late-disclosed witness if witness was made available for deposition before trial).

Third, Mr. Lemoine's testimony will not disrupt trial; it will instead facilitate efficiency. Plaintiffs intend to seek testimony from him on matters directly relevant to Google's use of users' private browsing mode and Google's systematic efforts to keep those practices hidden. If anything, Mr. Lemoine's testimony will likely streamline Plaintiffs' trial presentation by obviating the need to call certain Google employees as adverse witnesses. Contrary to Google's nonsensical claim, Plaintiffs will not seek testimony about his tweets or matters not relevant to this case—and neither Google nor Plaintiffs should be motivated to.

Fourth, Mr. Lemoine's testimony is important. He will likely be the only testifying witness who, having for many years worked for Google and been subject to Google's culture of intimidation and retribution, has voluntarily chosen to testify at trial about the ways in which Google violates users' privacy. He will testify directly about ways Google uses the private browsing data it collects. Finally, his testimony will demonstrate that the alleged factual premises underpinning Google's defenses in this case are untrue and unfounded.

Finally, Plaintiffs' reasons for disclosing Mr. Lemoine after the close of discovery is warranted. The first contact Mr. Lemoine made was a voicemail he left with Plaintiffs' counsel

5
Plaintiffs' Opposition to Google's Motion to Exclude Witness Blake Lemoine
Case No. 4:20-cv-03664-YGR-SVK

on August 8, 2023. Plaintiffs' counsel met with Mr. Lemoine for the first time on August 15, 2023, and Plaintiffs' counsel then quickly disclosed him as a trial witness for Google on August 17, 2023. Plaintiffs then promptly took steps to arrange for production of his custodial documents and schedule his deposition. While Google suggests Mr. Lemoine should have been disclosed sooner, Google offers no basis for how Plaintiffs could have possibly known Mr. Lemoine had relevant information sooner than they did.

The four decisions cited by Google (Mot. at 4-6) are inapplicable here. In both *Bastidas* and *Starnet*, the court precluded witnesses at trial which the proffering party long knew about and yet still failed to disclose. *Bastidas v. Good Samaritan Hospital LP*, 2017 WL 1345604, at **2-3 (N.D. Cal. Apr. 12, 2017) (precluding "plaintiff's friend and colleague" from testifying at trial because, despite having long known this individual had relevant knowledge, plaintiff nevertheless failed to timely disclose the witness); *Starnet Intern. Amc. Inc. v. Kafash*, 2011 WL 207987, at *2 (N.D. Cal. Jan. 12, 2011) (precluding Starnet's President from testifying because Starnet knew about the witness but failed to timely disclose him). The portion of *Fresno Rock Taco, LLC v. National Sur. Corp.* Google cites does not deal with exclusion of witnesses at all. 2013 WL 3803911, at *10 (N.D. Cal. July 19, 2013). Elsewhere in that opinion, the court actually permitted new witnesses to testify at trial. *Id*. at **2-3. In *Yeti*, the court affirmed exclusion of an expert report disclosed one month before trial, finding defendant's failure to proffer the report earlier was not "substantially justified." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Here, Plaintiff disclosed Mr. Lemoine as a trial witness **two days** after first discussing the case with him, on the same day that the parties were required to exchange their trial witness lists and would have disclosed him earlier had Google properly identified him. Any delay in identifying Mr. Lemoine is clearly justified, and in fact was directly caused by Google's obstruction.

IV.   **CONCLUSION**

For the reasons discussed above, the Court should deny Google's Motion to Exclude Mr. Lemoine's testimony and allow Plaintiff to call Mr. Lemoine as a witness at trial.

Dated: October 25, 2023

By */s/ Mark C. Mao*
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800

David Boies (*pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
2029 Century Park East, Suite 1520N
Los Angeles, CA 90067
Tel.: (213) 995-5720

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.

7
Plaintiffs' Opposition to Google's Motion to Exclude Witness Blake Lemoine
Case No. 4:20-cv-03664-YGR-SVK

1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

Michael F. Ram, CA Bar No. 104805
mram@forthepeople.com
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*