```
                                            Pages 1 - 18

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge

CHASOM BROWN, ET AL.,          )
                               )
        Plaintiffs,            )
                               )
  VS.                          )     NO. CV 20-03664-YGR
                               )
GOOGLE LLC, ET AL.,            )
                               )
        Defendants.            )
                               )

                               Oakland, California
                               Friday, October 13, 2023

                 TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiffs:
                    BOIES SCHILLER FLEXNER LLP
                    333 Main Street
                    Armonk, NY  10504
                BY: DAVID BOIES, ESQUIRE

                    BOIES SCHILLER FLEXNER LLP
                    44 Montgomery Street
                    San Francisco, CA  94104
                BY: MARK C. MAO, ESQUIRE

                    MORGAN AND MORGAN, P.A.
                    201 N. Franklin Street
                    Tampa, FL  33602
                BY: JOHN A. YANCHUNIS, ESQUIRE
                    RYAN MCGEE, ESQUIRE

                    SUSMAN GODFREY LLP
                    1301 Avenue of the Americas
                    New York, NY  10019
                BY: ALEXANDER FRAWLEY, ESQUIRE

Reported By:        Pamela Batalo-Hebel, CSR No. 3593, RMR, FCRR
                    Official Reporter
```

**APPEARANCES CONTINUED:**

        SUSMAN GODFREY L.L.P.
        1900 Avenue of the Stars, Suite 1400
        Los Angeles, CA 90067
**BY:**  **AMANDA BONN, ESQUIRE**

For Defendants:
        QUINN, EMANUEL, URQUHART & SULLIVAN LLP
        191 N. Upper Wacker Drive
        Chicago, IL 60606
**BY:**  **ANDREW H. SCHAPIRO, ESQUIRE**

        QUINN EMANUEL URQUHART & SULLIVAN LLP
        865 S. Figueroa Street
        Los Angeles, CA 90017
**BY:**  **STEPHEN A. BROOME, ESQUIRE**
      **VIOLA TREBICKA, ESQUIRE**
      **ALYSSA G. OLSON ESQUIRE**
      **RACHAEL MCCRACKEN, ESQUIRE**

        QUINN EMANUEL URQUHART & SULLIVAN LLP
        51 Madison Avenue
        New York, NY 10010
**BY:**  **DONALD SETH FORTENBERY, ESQUIRE**

|   |   |
|---|---|
| 1 | **Friday - October 24, 2023**                                    **9:00 a.m.** |
| 2 | **P R O C E E D I N G S** |
| 3 | ---oOo--- |

4    **THE CLERK:** Your Honor, now calling the civil matter
5    CV 20-3664-YGR, Brown, et al. vs. Google LLC, et al.
6         Parties, please state your appearances for the record.
7         **MR. BOIES:** Good morning, Your Honor. David Boies of
8    Boies Schiller Flexner, and with me is my partner, Mark Mao.
9         **THE COURT:** Good morning.
10        **MR. YANCHUNIS:** Good morning, Your Honor. John
11   Yanchunis with Morgan & Morgan and with my colleague, Ryan
12   McGee.
13        **THE COURT:** Good morning.
14        **MS. BONN:** Good morning, Your Honor. Amanda Bonn with
15   Susman Godfrey, and also from Susman Godfrey is Alex Frawley.
16        **THE COURT:** Okay. There you are. Great. Good
17   morning.
18        Anyone else on the plaintiffs' side? No?
19        Okay. Defense.
20        **MR. SCHAPIRO:** Good morning, Your Honor. Andrew
21   Schapiro for Google, and not to be outnumbered, I have my
22   colleague, Viola Trebicka, who I think is going to be doing
23   most of the speaking today; Steven Broome; Aly Olson, Alyssa
24   Olson, who you know, I believe; Seth Fortenbery; and a new
25   member of our team, Rachael McCracken.

1          **THE COURT:**  Good morning.

2      So I thought it would be useful to just get you on the
3 platform after I read your statement regarding trial prep.

4      Let me just say, in case you all don't know, the Judicial
5 Conference of the United States has actually rescinded their
6 order with respect to the use of video for remote proceedings.
7 The Ninth Circuit has not yet done so, and so I'm allowed to
8 conduct these proceedings by webinar.

9      To the extent that lawyers want to have access to court
10 proceedings by video, you should be talking to people that you
11 know in places of decision-making authority because the
12 Judicial Conference has rescinded our ability to use these
13 things.

14      Now, it's not binding, but it is supposed to be given some
15 deference.  It seems to me that if I could have a conference in
16 a case management conference, I could do this anyway, right, so
17 I could have a telephone -- if I can have a telephone
18 conversation with you, I can get you on a platform, but it
19 would be a private meeting.  It wouldn't be kind of this public
20 thing that we have been doing.

21      I am a huge advocate of transparency and public access.  I
22 just got off a focus group call, hour and a half, with other
23 colleagues across the United States who are also very
24 interested in having the ability to have this tool, but I don't
25 hear much from the bar on this topic.  I'm not seeing anything

1   in the legal press, and I have in front of me, you know, very
2   well-known law firms and litigators, and you all should be
3   thinking about this before the tool is taken away from all of
4   us.
5       So I encourage you to be active if this is important to
6   you.  I think it should be important to you, and I think public
7   access to these kinds of proceedings under Rule 1 without
8   everyone having to fly into my courtroom for short conferences
9   is really important.  So I would encourage you all to get
10  active.
11      All right.  That's my public service announcement for the
12  morning.
13      With respect to your request, as you saw, I denied it
14  promptly.  I'm not available on the 8th or whatever day you
15  wanted to move your pretrial conference.  I scheduled your
16  conference on the 15th quite a long time ago, so I don't know
17  what it was that didn't allow you to preserve that date since
18  it's been on the calendar for such a long time.
19      I have some flexibility.  I just had a trial that settled,
20  so I can see you after Thanksgiving, if that's what you want me
21  to do, but I will not be available the 8th or the 9th.
22          **MR. SCHAPIRO:**  Your Honor, that's fine with us.
23      And I want to apologize and make clear that this was our
24  fault, not the plaintiffs', and to a large extent, mine.  That
25  I -- I can explain, if you would like, but the short version is

1   I messed up on something, and -- but we would certainly have no
2   objection to doing it later now that the trial is going to be
3   January 29th.
4           **THE COURT:**  Well, that's the other thing.  So the
5   trial that you have been trailing is now pushed one more time.
6   This is the last time it is going to get pushed, but I am
7   picking a jury in that criminal case now on the 17th of
8   January, and it is expected to go two weeks, so it will be
9   finished by February 2nd, they believe.
10          Unlike civil cases, I cannot put time limits on criminal
11  cases, and at the last minute, this defendant may decide to
12  plead.  I don't know.  My sense is that he's not.  He's now
13  come up for trial multiple times.  It's just that his lawyer
14  has been in other trials that were supposed to be finished and
15  then didn't finish because those judges can't put time limits
16  on criminal trials either.
17          So I can hold you to that date, but my sense is that this
18  trial wouldn't start until February 5th at the earliest, and I
19  can have dual -- I mean, I can wait for a jury verdict while
20  starting your trial, so I can do that.  I'm assuming I can find
21  a place to put the jury.  We don't usually have six trials
22  going at once in our courthouse.  So I did want you to know
23  that for your own planning purposes.
24          Again, we can keep the date, but I suspect that once I
25  pick -- you know, if I'm picking that jury on the 17th, that

1  means that I'll be in that criminal trial for those two weeks.
2  Okay?
3          **MR. BOIES:**  Yes, Your Honor.
4          **MR. SCHAPIRO:**  Yes.
5          **THE COURT:**  So in light of that, do you want --
6  Mr. Schapiro, I don't know how much of a conflict your conflict
7  is.  Are we moving the 15th?
8          **MR. SCHAPIRO:**  Yes, please, if the Court is willing.
9          **THE COURT:**  Okay.  I hope it's a very good reason,
10 Mr. Schapiro.
11         **MR. SCHAPIRO:**  Yes, Your Honor.  I'm the chairman of
12 the board of an organization that is giving an award to a very
13 prominent dissident writer, and when the -- it's in New York,
14 and the trial -- the pretrial conference was in the -- in the
15 schedule that we submitted to Your Honor, we had -- all the
16 dates were clear, and we proposed November 3rd, and Your Honor
17 altered one date, which was the conference, and moved it to
18 November 15th, and I just missed that.
19        And as so as soon as our trial had been kicked, I told
20 this organization, of which I'm the head of -- the chairman of
21 the board, yes, I can be there to make the speech and present
22 this award and -- and then we realized that the date had been
23 kicked.  Totally my fault.
24         **THE COURT:**  Yeah.  Because I do put it in red so that
25 people see it.  No?

```
 1              MR. SCHAPIRO:  Lesson learned, Your Honor.
 2              THE COURT:  It's fine.  And I do think also, so that
 3    you know, that when I modify, I put on the front page in red
 4    that it's modified so that you -- to give you a heads up that I
 5    didn't rubber stamp your request.
 6         Okay.  Here's -- so on -- so you don't want to do the
 7    15th.  Like I said, I had a trial that just settled, so I'm
 8    available the week of the 27th of November.
 9              MR. BOIES:  Any time that week would be good for us,
10    Your Honor.  This is David Boies.
11              MR. SCHAPIRO:  I'm checking in the chat, Your Honor.
12    It looks like that's fine for everyone on our team as well.
13    Let me just triple check because I don't want to be the cause
14    of trouble again.
15              THE COURT:  My recommendation would be that we do it
16    on the 29th so that people don't have to travel on the Sunday
17    after Thanksgiving.  There are already enough people traveling
18    that day, so --
19              MR. BOIES:  We would appreciate that, Your Honor.
20              MR. SCHAPIRO:  Fine here, Your Honor.
21              THE COURT:  Okay.  So we'll move it, then, to
22    November 29th at 9:00 a.m.
23         I still want you to maintain the deadlines.  Again, I've
24    got a pretty packed calendar, and that will allow me a little
25    more time to make sure I get through everything, which I would
```

1    appreciate.
2         It looks like there are two motions that have been filed,
3    in addition to the pretrial filings.  I've got one *Daubert*
4    motion from the plaintiffs; is that correct?
5         **MR. MAO:**  Yes, Your Honor.
6         **THE COURT:**  And then one motion to exclude certain
7    Google witnesses, also from the plaintiffs; correct?
8         **MS. BONN:**  Correct, Your Honor.
9         **THE COURT:**  In terms of your motions in limine, which
10   are -- you should have already exchanged those, right, so
11   you're filing them on the 17th?  All right.  So somebody just
12   outline so I have some sense -- how many motions in limine did
13   the plaintiffs serve?
14        **MR. MAO:**  I believe it's five each, Your Honor.  Five
15   on our side and five on the other side.
16        It's Mr. Mao, Your Honor.  Good morning.
17        **THE COURT:**  Good morning.
18        **MS. TREBICKA:**  Good morning, Your Honor.
19        That's correct.  We filed five and plaintiff filed five or
20   served, rather.  And we will be meeting and conferring after
21   the oppositions are served today.
22        **MR. MAO:**  Yes, Your Honor.
23        **THE COURT:**  And trying to resolve these; right?
24        **MR. MAO:**  Yes, Your Honor.
25        **MS. TREBICKA:**  Correct.

1       **THE COURT:** All right. So give me the titles,
2  Mr. Mao, of yours.
3       **MR. MAO:** The titles -- I apologize, Your Honor. It's
4  been a long list of things to exchange yesterday. If you don't
5  mind giving me a second.
6       **THE COURT:** All right. I'm giving you a second.
7       Ms. Trebicka, do you have yours?
8       **MS. TREBICKA:** I am going off of memory, Your Honor,
9  but I can -- I will try.
10      We are moving to exclude any mention of discovery
11 misconduct and regarding the sanctions orders. That's our
12 first.
13      We are moving to exclude evidence and argument regarding
14 class-wide damages and certain other supporting damages
15 evidence. That's our number two.
16      We're moving to exclude evidence and arguments -- evidence
17 and argument regarding products, regulations, data flows that's
18 outside of the scope of plaintiffs' allegations. That's our
19 number three.
20      We're moving to exclude evidence and argument regarding
21 the joining of authenticated and unauthenticated data. That's
22 our Motion in Limine No. 4.
23      And Motion in Limine No. 5 is we're moving to exclude
24 evidence and argument regarding Incognito Detection Bit.
25      **THE COURT:** All right.

1       Mr. Mao, are you ready?

2          **MR. MAO:** Yes. Our first motion is Motion in Limine

3  No. 1 to preclude Google from relying on non-public source code

4  at trial. This is relating to what Google did not produce.

5       Our Motion in Limine No. 2, Your Honor, is to preclude

6  argument or evidence on implied consent.

7       Our Motion No. 3, Your Honor, is the use of Google

8  services by the court, law firms, and experts.

9       Our Motion No. 4, Your Honor, is regarding plaintiffs'

10 continued use of private browsing mode for the purposes of this

11 case.

12      And our Motion in Limine No. 5, Your Honor, is to preclude

13 Google from introducing disparaging evidence or arguments.

14      Those are our five, Your Honor.

15         **THE COURT:** What do you mean by that?

16         **MR. MAO:** This primarily relates to plaintiffs'

17 professions or the at-issue private browsing modes,

18 characterizing what people may use the private modes for in

19 their private moments.

20         **THE COURT:** Okay.

21      With respect to your question at Docket 1007, yes, you do

22 not need to have proposed findings of fact and conclusions of

23 law with respect to the injunctive relief. To the extent that

24 there is -- and I'll need to know whether there is any -- to

25 the extent that there is going to be evidence that is specific

```
 1   to injunctive relief, that evidence will come in while the jury
 2   is deliberating, and then briefing on the issues will happen
 3   after the jury verdict.  So that will be in that pretrial
 4   order, but that's how I do the UCL claims.  Okay?
 5        Any other questions about trial prep?  No?  All right.
 6        Here's a question, and do not take it one way or the
 7   other.  I ask all litigants because I have a very busy trial
 8   calendar, and I'm still trying to figure out where to fit in
 9   something that has to go out in the next quarter.
10        Is there -- are you all talking about settlement or not?
11   I mean, is that off the table, or are you still in settlement
12   discussions?
13        MR. BOIES:  Your Honor, I think we can say we are in
14   settlement -- we are still in -- discussing the possibility of
15   settlement.
16        THE COURT:  Okay.  All right.  Well, obviously, if you
17   get to that point, then just send me an email because I have to
18   work during the weekends to get the thing done, and if I don't
19   have to work on a weekend, I would prefer not to work on a
20   weekend.
21        MR. BOIES:  Your Honor, you will be the second to
22   know.
23        THE COURT:  Good.  All right.  Okay.
24        MR. YANCHUNIS:  Excuse me.  John Yanchunis.
25        There is another motion pending than the two that you
```

1  mentioned earlier.  It's the motion for certification under
2  23(c)(4).
3          **THE COURT:**  Yes.  I have not yet ruled on that.  I can
4  tell you that for me, that's in part an issue of understanding
5  what case I am trying, and -- and that's why I've not ruled on
6  it because I've not really got into the nitty-gritty of your
7  trial, and until I dive into that, I don't think that I can
8  answer the question with respect to the -- what's being asked.
9      I've had -- you know, I've tried a number of class action
10 trials, and, frankly, I've just -- I've been in trial, so I was
11 in trial all of pretty much -- a huge chunk of September.  I've
12 got a big MDL coming up which I need to focus on, and then I'll
13 focus on your trial and I'll focus on that topic.  But I really
14 do want to get into the nitty-gritty of the trial evidence
15 before I make a decision on that motion.  So I know it's there.
16         **MR. YANCHUNIS:**  Thank you so much, Judge.
17         **THE COURT:**  Okay.  Other questions?
18         **MS. TREBICKA:**  Yes, Your Honor.  Two from Google.
19     First, as a housekeeping matter, we have filed a motion on
20 Wednesday to exclude a late-disclosed witness, Blake Lemoine.
21 That's Docket 1015.
22         **THE COURT:**  Okay.  I didn't -- I didn't print that up.
23 Okay.  Thanks for that.  So --
24         **MS. TREBICKA:**  And there is --
25         **THE COURT:**  And that will be briefed before I -- I

1  see.
2       **MS. TREBICKA:**  Correct.  That will be briefed, and I
3  plan to argue it at the pretrial conference.
4       **THE COURT:**  Okay.  Yep.  That works.
5       **MS. TREBICKA:**  In addition to that, Your Honor, we
6  have also filed a two-page supplemental *Daubert* for Mr. Hochman
7  or against Mr. Hochman.
8       **THE COURT:**  And what's the docket number on that?
9       **MS. TREBICKA:**  Give me one second, Your Honor.  This
10 was pursuant to your order, Your Honor, limiting us to two
11 pages.  We are looking for the docket right now.
12      The docket number is 1003.
13      **THE COURT:**  Okay.  All right.
14      **MS. TREBICKA:**  And, finally, your Honor, Google would
15 like to raise an issue with trial length because we have been
16 exchanging witness lists with plaintiffs.  There are 13 fact
17 witnesses that both parties expect to call or -- expect to call
18 or may call at trial, but then in addition to those 13 fact
19 witnesses, plaintiffs have also identified 21 fact witnesses
20 who they plan to call and we don't, so -- and then in addition
21 to those fact witnesses, 30-some fact witnesses, each side has
22 four or five expert witnesses.
23      So looking at this witness list, we're a little concerned,
24 and we'd like to get some more clarity as to whether we need to
25 go back to the drawing board and limit the witness list

1   somehow.  It's just making us look at a two-week trial, 40-some
2   witness -- 40-some strong witness list, and we're wondering
3   whether that jibes or not.
4           **MR. MAO:**  Your Honor, if I may real fast, part of the
5   issue with the witness numbers and the length is there's a
6   disagreement as to a fundamental premise on whether or not we
7   need sponsoring witnesses for docs in which plaintiffs think
8   there is a much more efficient way to handle some of this, and
9   there's just a -- been an impasse on whether or not we be
10  required to have a sponsoring witness for each and every
11  document.
12     And this kind of plays into one of the reasons that
13  Mr. Boies -- or it may cover why we have requested for clarity
14  a statement for findings of fact and conclusions of law,
15  Your Honor.  We, too, want this to be efficient and easy for
16  the Court and the jury.
17          **THE COURT:**  So --
18          **MS. TREBICKA:**  May I respond?
19          **THE COURT:**  You can.  Let me tell you that you will
20  have time limits, so you do not get to -- there's no blank
21  check here in terms of the amount of time.  When I look at
22  cases, part of what I'm asking myself is how much time does
23  each side need to explain to a jury their side of the case, and
24  usually it is significantly less than the lawyers think they
25  need.  That is because you are always thinking about appellate

1   issues and everything else, and I'm thinking about the core
2   facts.
3       Time limits make lawyers act more efficiently, and in
4   general, it seems to have worked.  I've tried a lot of cases;
5   maybe not as many as Mr. Boies, but well over 60.  I have a
6   pretty good sense of how much time you need.
7       Again, until I actually see the fact witnesses and what it
8   is you're attempting to do, I'm not going to have a decision
9   for you.  It may be a little bit more than two weeks.  It may
10  be two weeks.
11      You need to cooperate.  There is zero reason, zero reason,
12  for a jury to have to hear issues of custody.  You should be
13  able to figure this out; right?  Why do I need a jury to go
14  through custodial issues or to lay the foundation for a
15  business record, which is what you'll have to do if you don't
16  agree, and that will eat into your trial time and is a waste,
17  but that's the only leverage that I have on you to act
18  reasonably, which is to say if you want to spend your time and
19  waste your time setting a foundation, go ahead, but I won't --
20  it won't be at the cost of the jury.  It just means that
21  they're not going to get the really important information that
22  it is that you want them to have.
23      So I can tell you that many trial judges -- we sit around
24  dinner, we talk to new judges, and they say, Yeah, but they're
25  asking for, you know, a hundred hours, and then we laugh, and

1  we say, Yeah, we always cut it 50 percent or give them a
2  quarter of that, you know.
3          The question is, you know, it's judgment.  So that's --
4  until I have more information, you won't have the final number,
5  but it will be a number, and it will be tight.
6          So I would suggest to you that you all figure out these
7  evidentiary issues because it will not help you if you don't.
8  And I -- you know, my -- my juries, they love me because I run
9  a pretty tight ship, and they love me because what they get is
10 no nonsense, core information, and they're not -- we're not
11 wasting their time.
12         Remember, these people have -- are leaving their normal
13 lives to resolve your dispute.  They should only have to hear
14 what they need to hear, and they don't need to hear foundation
15 questions on evidence.  You all, as professionals, should be
16 able to figure this out.  Okay?  So that's my second public
17 interest statement for the day.
18         What other questions do you have?  Nothing?
19             **MR. BOIES:**  I don't --
20             **THE COURT:**  Mr. Schapiro, it looks like you moved
21 forward.
22         **Mr. Boies?**
23             **MR. SCHAPIRO:**  I was just reading the chat.
24             **MR. BOIES:**  I was just saying I think we've gotten
25 helpful guidance from the court.  I don't think we have

1    anything else that we need to raise at this time.
2            **THE COURT:**  Yeah.  And I do want to get you out, and I
3    will.
4        So I head into a -- another four-month Nuestra Familia
5    prison gang case in April, so I'm trying to get all of my core
6    civil cases out before April.  So I'm in back-to-back trials,
7    unless, of course, you all settle and/or the other cases
8    settle, but some of them I don't anticipate them settling.
9        Okay?  So Happy Thanksgiving to all of you.  I'll see you
10   at the end of November.
11       And, again, if you have any questions, to keep things
12   moving, just let me know, and we'll get you on the platform.
13   Okay?
14           **MR. BOIES:**  Thank you, Your Honor.
15           **MS. TREBICKA:**  Thank you, Your Honor.
16           **MR. BOIES:**  Happy Thanksgiving.
17           **THE COURT:**  Thank you.
18                (Proceedings adjourned at 9:28 a.m.)

```
 1
 2
 3                    CERTIFICATE OF REPORTER
 4        I certify that the foregoing is a correct transcript
 5   from the record of proceedings in the above-entitled matter.
 6
 7   DATE:   Tuesday, October 24, 2023
 8
 9   /s/ Pamela Batalo Hebel
     _____
10   Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
     U.S. Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```