**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660
rachaelmccracken@quinneamanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Counsel for Defendant Google LLC*
*Additional counsel on signature pages*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE'S REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' LATE DISCLOSED AND IRRELEVANT WITNESS BLAKE LEMOINE (DKT. 1015)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully seeks to seal certain portions of Google's Reply in Support of Motion to Exclude Plaintiffs' Late Disclosed and Irrelevant Witness Blake Lemoine (Dkt. 1015) ("Google's Reply"), which contains non-public, highly sensitive personnel information.

This administrative motion pertains to the following information contained in Google's Reply:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Google LLC's Reply in Support of Motion to Exclude Plaintiffs' Late Disclosed and Irrelevant Witness Blake Lemoine (Dkt. 1015) | Highlighted Portions at:<br><br>pp. 5:12-19 | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civ. L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. Of Honolulu,* 447 F.3d 1172, 1179-80 (9th Cir. 2006). However, a party seeking to seal information in a non-dispositive motion must show only "good cause." *Id.* at 1179-80. The rationale for the lower standard with respect to non-dispositive motions is that "the public has less of a need for access to court records attached only to non-dispositive motions because these documents are often unrelated, or only tangentially related, to the underlying cause of action" and that as a result "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana,* 447 F.3d at 1179; *see also TVIIM, LLC v. McAfee, Inc.,* 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to

nondispositive motions are not subject to the strong presumption of access.") (citation omitted). Under the more exacting "compelling reasons" standard, courts will seal "highly sensitive personnel documents concerning non-party employees." *Cowan v. GE Cap. Retail Bank*, 2015 WL 1324848, at *3 (N.D. Cal. Mar. 24, 2015) (internal quotations omitted).

### III.   THE ABOVE IDENTIFIED MATERIALS SHOULD ALL BE SEALED

Courts have found it appropriate to seal documents where certain information contained therein could be used for scandalous or libelous purposes. *Compliance Servs. of Am., LLC v. Houser Holdings, LLC*, No. 13-CV-01269-JST, 2014 WL 1389474, at *2 (N.D. Cal. Apr. 9, 2014). And as discussed *supra*, even under the compelling reasons standard, courts have granted motions to seal highly sensitive personnel information regarding non-party employees. *Cowan*, 2015 WL 1324848 at *3.

Here, good cause exists to seal the above-referenced portions of Google's Reply. The material sought to be sealed contains sensitive personnel information regarding a non-party former employee that should not be exposed to the public. Spilly Decl. ¶¶ 2-3. The information Google seeks to redact is the minimal amount of information needed to protect these sensitive personnel matters from unnecessary disclosure. The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

### IV.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the identified portions of Google's Reply.

DATED: November 1, 2023          QUINN EMANUEL URQUHART &
                                 SULLIVAN, LLP

                                 By    */s/ Andrew H. Schapiro*
                                    Andrew H. Schapiro (admitted *pro hac vice*)
                                    andrewschapiro@quinnemanuel.com
                                    Teuta Fani (admitted *pro hac vice*)
                                    teutafani@quinnemanuel.com
                                    Joseph H. Margolies (admitted *pro hac vice*)
                                    josephmargolies@quinnemanuel.com
                                    191 N. Wacker Drive, Suite 2700
                                    Chicago, IL 60606

Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660
rachaelmccracken@quinneamanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice)*
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*