UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**[PROPOSED] ORDER REGARDING TRIAL STIPULATIONS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Courtroom 1 – 4th Floor<br> Date: November 29, 2023<br> Time: 9:00 a.m.<br><br>Trial Date: January 29, 2024 |

Pursuant to Paragraph 3(b) of the Court's Standing Order re: Pretrial Instructions in Civil cases, and the trial stipulations in the Joint Pretrial Conference Statement filed October 17, 2023 (Dkt. No. 1028-1), the Court hereby ORDERS as follows:

[**AGREED UPON STIPULATIONS**]

1. Copies of documents may be used at trial in lieu of originals and shall not be deemed inadmissible solely on the basis that they are copies.

2. Venue is proper in this Court.

3. This Court has personal jurisdiction over the Parties.

4. California law applies to all disputes arising out of or relating to the Terms of Service, service-specific additional terms, or any related services.

5. Proposed demonstratives to be used during opening statements must be exchanged no later than 12:00 p.m. PT January 25, 2024. Any objections to opening demonstratives must be exchanged no later than 6:00 p.m. PT on January 25, 2024 and to meet and confer by no later than 7:00 p.m. PT on January 25, 2024. Any disputes on opening demonstratives will be presented to the Court on January 26, 2024.

6. Any Party seeking to use a demonstrative will provide a native copy to the other side via FTP or thumb drive, including for video or animations. This provision does not apply to demonstratives created during testimony which need not be provided to the other side in advance of their use. In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

7. For deposition designations or counter-designations to be admitted into evidence, they must either be played by video or read in open court. The court reporter will transcribe any deposition video testimony that is played in open court.

8. If deposition testimony will be presented by video, the party offering the deposition testimony in its case-in-chief shall provide a copy of the video to be played to the opposing party by 7:00 p.m. the night before the testimony is to be played.

9. Demonstrative exhibits that the Parties intend to use at trial do not need to be included on their respective lists of trial exhibits with the exception of any such exhibits, such as Rule 1006

summaries, that a party will seek to be admitted into evidence. Plaintiff's demonstratives will be identified with PDX numbers. Defendants' demonstratives will be identified with DDX numbers.

### [DISPUTED STIPULATIONS][1]

10. [**Plaintiffs' Proposal:** California law applies to all state law claims.]

[**Google's Proposal:** See agreed stipulation #4 above][2]

11. [**Plaintiffs' Proposal:** The parties need not exchange demonstrative exhibits for closing arguments.]

[**Google's Proposal:** Demonstrative exhibits to be used for closing arguments will be exchanged no later than 6:00 P.M. PT the day before closing arguments. Any objections to demonstratives to be used for closing arguments will be provided no later than 9:00 P.M. the day before closing arguments, and the Parties shall meet and confer regarding any objections no later than 10:00 P.M. PT the day before closing arguments. Each Party's closing presentations must be limited to 125 slides.]

12. [**Plaintiffs' Proposal:** As a general rule, for any witness whom both Plaintiffs and Google intend to call, Google's examination during Plaintiffs' case-in-chief shall be limited to the scope of Plaintiffs' examination; however, the Court on a case-by-case basis will consider requests from Google to allow a witness to testify only once, if that witness's unique circumstances so warrant.]

[**Google's Proposal**:  Each witness will testify only once.If Plaintiffs and Google plan to call the same witness for each of their respective cases, Google may conduct its examination of that witness during Plaintiffs' case in chief at trial and Google's examination will not be limited to the scope of Plaintiffs' examination.]

---

[1]  This list of disputed stipulations and the parties' positions on these disputes are further explained in the parties' joint pre-trial conference statement. Dkt. 1028-1 at 39-44.

[2]  Google objects to Plaintiffs' inclusion of this proposed disputed stipulation because it is a legal point that would need to be briefed, rather than shoehorned into a trial stipulation order and because Plaintiffs failed to raise this as a disputed stipulation in the pre-trial conference statement. Dkt. 1028-1 at 39-44.

13. [**Plaintiffs' Proposal:** As a general rule, third-party witnesses will not be called out of order; however, the Court on a case-by-case basis will consider requests from either Party or any third-party to allow a third-party witness to testify out of order, if that witness's unique circumstances so warrant.]

[**Google's Proposal**: Either Party may call third-party witnesses out of order (including Google calling witnesses during Plaintiffs' direct case and *vice versa*) if necessary, to accommodate the schedules of third-party witnesses.]

14. [**Plaintiffs' Proposal**: A neutral introduction may be made before the testimony of each witness who testifies by deposition designation that identifies the witness's name, title, and current Google employment status.]

[**Google's Proposal**: A neutral introduction may be made before the testimony of each witness who testifies by deposition designation that identifies the witness's name, title, current Google employment status, location, and the reason the witness is not appearing live at trial.]

15. [**Plaintiffs' Proposal**: Each Party must identify any witnesses they intend to call (live or by deposition), in the order in which they will be presented, no later than 7:00 p.m. PT two (2) calendar days before the day on which the witnesses will testify, with the exception of Google Chief Marketing Officer Lorraine Twohill, for whom Plaintiffs will provide three days' notice. For the avoidance of doubt, if a witness is expected to testify on January 29, 2024, the witness must be identified by no later than 7:00 p.m. PT on January 27, 2024.]

[**Google's Proposal**: Each Party must identify any witnesses they intend to call (live or by deposition), in the order in which they will be presented, no later than 7:00 p.m. PT three calendar days before the day on which the witnesses will testify. For the avoidance of doubt, if a witness is expected to testify on January 29, 2024, the witness must be identified by no later than 7:00 p.m. PT on January 26, 2024.]

16. [**Plaintiffs' Proposal**: By 8:00 a.m. PT on the day before the witness will be called, each Party must identify any exhibits, by exhibit number, that it may use for the direct examination of that witness, and provide copies of any demonstrative exhibits that may be shown during the examination. The Parties shall promptly confer regarding any objections and identify any remaining

objections to be presented to the Court in a joint report to be filed by 11:59 p.m. PT the night before the witness is expected to testify. These requirements do not apply to witnesses being called adverse (e.g., when Plaintiffs call a Google employee in their case-in-chief). These requirements also do not apply to cross-examinations.]

[**Google's Proposal**: Each Party must identify any exhibits, by exhibit number, that it may use for the direct and cross examination of each witness testifying at trial (other than unforeseeable impeachment) and provide copies of any demonstrative exhibits that may be shown during the examination in advance. Exhibits and demonstratives for direct examinations (whether adverse or not) must be disclosed three calendar days in advance (*i.e.*, the same time the witness is disclosed) and cross-examination exhibits and demonstratives must be disclosed by 5:00 p.m. PT two calendar days before the witness is to be called. Unresolved objections to proposed exhibits and demonstratives shall be provided by 8:00 p.m. PT two calendar days before the witness is expected to testify at trial. The Parties shall promptly confer regarding any objections by no later than 10:00 p.m. PT two calendar days before the witness is expected to testify at trial to narrow their disputes and identify any remaining objections to be presented to the Court in a joint report to be filed by 11:59 p.m. PT two calendar days before the witness is expected to testify at trial. For the avoidance of doubt, if a witness is expected to testify on January 29, 2024, the Parties shall exchange objections to proposed exhibits and demonstratives by no later than 8:00 p.m. PT on January 27, 2024, meet and confer no later than 10:00 p.m. PT on January 27, 2024, and file a joint report no later than 11:59 p.m. PT on January 27, 2024.]

17.     [**Plaintiffs' Proposal**: For deposition designations, the Party calling the witness by deposition shall, by 8:00 a.m. PT on the day before the witness will be called, serve a chart of the deposition testimony it expects to play and the exhibits it expects to introduce with the designations, with a listing of all previously served objections and counter-designations. The Parties shall promptly confer regarding any objections and identify any remaining objections to be presented to the Court in a joint report to be filed by 11:59 p.m. PT the night before the witness is expected to testify. That report should include a copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, exhibits and any remaining objections,

as well as a brief indication (*i.e.*, no more than one sentence per objection) of the basis for the objection and the offering Party's response to it.]

[**Google's Proposal**: For deposition designations, the Party calling the witness by deposition shall, no later than 7:00 p.m. PT three calendar days before the witness is to be called at trial, serve a chart of the deposition testimony it expects to play and the exhibits it expects to introduce with the designations, with a listing of all previously served objections and counter-designations. The Parties will meet and confer two calendar days before the deposition testimony is expected to be played to narrow their disputes and identify any remaining objections to be presented to the Court in a joint report to be filed by 11:59 p.m. PT two calendar days before the testimony is expected to be played at trial, which includes a copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, exhibits and any remaining objections, as well as a brief indication (*i.e.*, no more than one sentence per objection) of the basis for the objection and the offering Party's response to it.]

18. [**Plaintiffs' Proposal**: If a party opts to introduce deposition testimony, that testimony will be played or read in full, followed by any counter-designations, notwithstanding the sequence in which the testimony was originally given at deposition.]

[**Google's Proposal**: If a Party opts to introduce deposition testimony, any counter designation of that same witnesses' testimony will be played or read consecutively in the sequence in which the testimony was originally given at deposition.]

19. [**Plaintiffs' Proposal**: Each Party's opening presentation must be limited to 125 slides per side, excluding slides that merely contain excerpts from documents.]

[**Google's Proposal**: Each Party's opening presentation must be limited to 125 slides.]

**IT IS SO ORDERED**.

DATED: _____    _____
HON. YVONNE GONZALEZ ROGERS
United States District Court Judge