# Exhibit A

**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 629-9040
alanderson@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No.: 4:20-cv-03664-YGR-SVK

**PLAINTIFFS' PROPOSED VERDICT FORM AND SUPPORTING STATEMENT**

Judge: Hon. Yvonne Gonzalez Rogers
Date: November 29 2023
Time: 9:00 a.m.

1       Pursuant to the Court's October 17, 2023 Order (Dkt. 1019), the Court's September 29, 2022

2 Standing Order Re: Pretrial Instructions in Civil Cases, and in advance of the Pretrial Conference on

3 November 29, 2023, Plaintiffs respectfully submit their proposed verdict form.

4       Plaintiffs wish to flag four points for the Court's consideration:

5       *First*, Plaintiffs include at the end of this proposed verdict form an example a set of

6 interrogatories that could be used should the Court grant their pending motion for issue certification

7 under Federal Rule of Civil Procedure 23(c)(4). Dkt. 894. Plaintiffs continue to believe that issue

8 certification is appropriate, and will be prepared to answer any questions and discuss this proposal at

9 the pretrial conference.

10      *Second*, Plaintiffs believe that Google's proposed form is unnecessarily long and

11 complicated. Google initially proposed a verdict form that was 91 pages, with 382 questions. While

12 Google cut that back during the meet and confer process, it remains problematic. For example, there

13 is no reason to ask (as Google proposes) whether various documents are incorporated into the

14 contract. The jury instructions cover that issue. Nor is there any reason to separately ask about

15 Google's affirmative defenses for each claim. The jury will be instructed on any applicable defenses,

16 and the jury will consider them when deciding whether Google is liable. Google's proposed form

17 unnecessarily burdens and risks confusing the jury.

18      *Third*, Plaintiffs object to Google's proposal to include a statute of limitations question for

19 each claim, asking the jury to decide whether each claim is "timely." Each Plaintiff necessarily has

20 timely claims because he or she used private browsing within the one year leading up to this lawsuit

21 (the shortest statute of limitation, without tolling). As Judge Koh held regarding Google's statute of

22 limitations defense, "each interception is a discrete violation" with its own statute of limitations.

23 Dkt. 113 at 24; *see also Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1198 (2013) ("[W]e have

24 long settled that separate, recurring violations of the same right can each trigger their own statute of

25 limitations."); *Bliss v. CoreCivic, Inc.*, 978 F.3d 1144, 1148 (9th Cir. 2020) (for ECPA claim,

26 holding that "each interception is a discrete violation" with its own statute of limitations). The jury

27 should not be misled into assuming that any statute of limitations defense could completely defeat

28 any of Plaintiffs' claims, which are all timely at least in part. Google's statute of limitations defense

would at most limit damages, and Plaintiffs' jury instructions account for that possibility.

*Fourth*, Google's approach to damages is particularly cumbersome and unnecessary. Plaintiffs' proposal for calculating damages tracks CACI Verdict Form No. 3920 (Damages on Multiple Legal Theories). As CACI explains:

> This instruction and verdict form are designed to help avoid juror confusion in filling out the damages table or tables when multiple causes of action, counts, or legal theories are to be decided and the potential damages are different on some or all of them. . . . If multiple causes of action are at issue, use this verdict form instead of the damages tables in each separate verdict form.

CACI Instruction No. 3934; CACI VF-3920. Consistent with CACI, Plaintiffs save damages for the end of the form, asking about each category of damages one time. By contrast, Google's proposal invites precisely the kind of "juror confusion" that CACI was designed to avoid.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Introduction**

This verdict form is divided into nine lettered sections, A through H.

You must follow the law provided to you in the Jury Instructions in answering the questions in this Verdict Form. Instructions for completing the form are included in italics for each question. Not all questions may require an answer. You must be unanimous for each question that you are required to answer.

Once you have reached a unanimous verdict on all questions that you are required to answer, the presiding juror should sign the verdict form and notify the court clerk that you are ready to present your verdict in the courtroom.

3

WE, THE JURY IN THE ABOVE-ENTITLED CASE, unanimously find as follows:

**A.  VIOLATION OF THE CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT ("CDAFA"), CALIFORNIA PENAL CODE § 502**

**Is Google liable to Plaintiffs for violating the California Computer Data Access and Fraud Act ("CDAFA")?**

*Answer Yes or No for each Plaintiff.*

**Mr. Brown**: _____Yes    \_\_\_\_\_No

**Mr. Byatt**: _____Yes    \_\_\_\_\_No

**Mr. Castillo**: _____Yes    \_\_\_\_\_No

**Mr. Davis**: _____Yes    \_\_\_\_\_No

**Ms. Trujillo**: _____Yes    \_\_\_\_\_No

*Please proceed to Section B.*

**B.  VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT ("CIPA"), CALIFORNIA PENAL CODE § 631**

**Is Google liable to Plaintiffs for violating the California Invasion of Privacy Act ("CIPA") Section 631?**

*Answer Yes or No for each Plaintiff.*

**Mr. Brown**:          _____Yes          _____No

**Mr. Byatt**:          _____Yes          _____No

**Mr. Castillo**:          _____Yes          _____No

**Mr. Davis**:          _____Yes          _____No

**Ms. Trujillo**:          _____Yes          _____No

*If you answered No for all Plaintiffs, proceed to Section C. If you answered Yes for any Plaintiff, then answer the next question, only for those Plaintiffs.*

**Approximately how many times did Google violate the California Invasion of Privacy Act ("CIPA") Section 631?**

**Mr. Brown**:   _____

**Mr. Byatt**:   _____

**Mr. Castillo**:   _____

**Mr. Davis**:   _____

**Ms. Trujillo**:   _____

*Please proceed to Section C.*

5

### C.  VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT ("CIPA"), CAL. PENAL CODE § 632

**Is Google liable to Plaintiffs for violating the California Invasion of Privacy Act ("CIPA") Section 632?**

*Answer Yes or No for each Plaintiff.*

**Mr. Brown**: _____Yes _____No

**Mr. Byatt**: _____Yes _____No

**Mr. Castillo**: _____Yes _____No

**Mr. Davis**: _____Yes _____No

**Ms. Trujillo**: _____Yes _____No

*If you answered No for all Plaintiffs, proceed to Section D. If you answered Yes for any Plaintiff, then answer the next question, only for those Plaintiffs.*

**Approximately how many times did Google violate the California Invasion of Privacy Act ("CIPA") Section 632?**

**Mr. Brown**: _____

**Mr. Byatt**: _____

**Mr. Castillo**: _____

**Mr. Davis**: _____

**Ms. Trujillo**: _____

*Please proceed to Section D.*

6

**D.  VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT ("ECPA"), 18 U.S.C. §§ 2510, ET. SEQ.**

**Is Google liable to Plaintiffs for violating the ECPA?**

*Answer Yes or No for each Plaintiff.*

**Mr. Brown**: _____Yes  _____No

**Mr. Byatt**: _____Yes  _____No

**Mr. Castillo**: _____Yes  _____No

**Mr. Davis**: _____Yes  _____No

**Ms. Trujillo**: _____Yes  _____No

*If you answered No for all Plaintiffs, proceed to Section E. If you answered Yes for any Plaintiff, then answer the next question, only for those Plaintiffs.*

**Approximately how many times did Google violate the ECPA?**

**Mr. Brown**: _____

**Mr. Byatt**: _____

**Mr. Castillo**: _____

**Mr. Davis**: _____

**Ms. Trujillo**: _____

*Please proceed to Section E.*

7

### E.  BREACH OF CONTRACT

**Is Google liable to Plaintiffs for breach of contract?**

*Answer Yes or No for each Plaintiff.*

**Mr. Brown**:  _____Yes  _____No

**Mr. Byatt**:  _____Yes  _____No

**Mr. Castillo**:  _____Yes  _____No

**Mr. Davis**:  _____Yes  _____No

**Ms. Trujillo**:  _____Yes  _____No

*Please proceed to Section F.*

## F.  INVASION OF PRIVACY

**Is Google liable to Plaintiffs for invasion of privacy under the California Constitution?**

*Answer Yes or No for each Plaintiff.*

**Mr. Brown**: _____Yes    _____No

**Mr. Byatt**: _____Yes    _____No

**Mr. Castillo**: _____Yes    _____No

**Mr. Davis**: _____Yes    _____No

**Ms. Trujillo**: _____Yes    _____No

*Proceed to Section G.*

9

## G.  INTRUSION UPON SECLUSION

**Is Google liable to Plaintiffs for intrusion upon seclusion under California law?**

*Answer Yes or No for each Plaintiff.*

**Mr. Brown**:   _____Yes   \_\_\_\_\_No

**Mr. Byatt**:   _____Yes   \_\_\_\_\_No

**Mr. Castillo**:   _____Yes   \_\_\_\_\_No

**Mr. Davis**:   _____Yes   \_\_\_\_\_No

**Ms. Trujillo**:   _____Yes   \_\_\_\_\_No

*Proceed to Section H.*

10

## H. DAMAGES

What are each Plaintiff's damages?

1. **Actual Damages**. *For all Plaintiffs, enter the amount below if you find that Google is liable to that Plaintiff for actual damages under any of Claims 1 (Violation of the CDAFA), 5 (Breach of Contract), 6 (Invasion of Privacy), and 7 (Intrusion Upon Seclusion). You may only award damages to Plaintiffs for whom you answered "Yes" in Sections A, E, F, and G, above.*

   **Mr. Brown**:  $_____

   **Mr. Byatt**:  $_____

   **Mr. Castillo**:  $_____

   **Mr. Davis**:  $_____

   **Ms. Trujillo**:  $_____

2. **Unjust Enrichment.** *For all Plaintiffs, enter the amount below if you find that Google is liable to that Plaintiff for unjust enrichment damages under any of Claims 1 (Violation of the CDAFA), 5 (Breach of Contract), 6 (Invasion of Privacy), and 7 (Intrusion Upon Seclusion). You may only award damages to Plaintiffs for whom you answered "Yes" in Sections A, E, F, and G, above.*

   **Mr. Brown**:  $_____

   **Mr. Byatt**:  $_____

   **Mr. Castillo**:  $_____

   **Mr. Davis**:  $_____

   **Ms. Trujillo**:  $_____

3. **Nominal Damages.** *If you did not award any actual damages or unjust enrichment damages, you may award a nominal value below if you found that Google is liable to that Plaintiff under any of Claims 1 (Violation of the CDAFA), 5 (Breach of Contract), 6 (Invasion of Privacy), and 7 (Intrusion Upon Seclusion).*

   **Mr. Brown**:  $_____

   **Mr. Byatt**:  $_____

   **Mr. Castillo**:  $_____

   **Mr. Davis**:  $_____

   **Ms. Trujillo**:  $_____

4. **Punitive Damages.** *What amount of punitive damages, if any, do you award Plaintiffs? You may only award punitive damages for Claims 1 (Violation of the CDAFA), 6 (Invasion of Privacy), and 7 (Intrusion Upon Seclusion).*

**Mr. Brown**: $_____

**Mr. Byatt**: $_____

**Mr. Castillo**: $_____

**Mr. Davis**: $_____

**Ms. Trujillo**: $_____

*Please proceed to the end of this verdict form, sign and date it, and provide it to court personnel.*

Sign and date your verdict.

Signed:      _____

               Presiding Juror

Dated:      _____

DATE SUBMITTED: _____

DATE REVISED: _____

12

## I.   PLAINTIFFS' RIDER RE: ISSUE CERTIFICATION INTERROGATORIES

Plaintiffs respectfully include this additional Rider that would apply should the Court grant their pending motion for issue certification under Federal Rule of Civil Procedure 23(c)(4). Dkt. 894 This Rider contains exemplar questions for a verdict form that can be used in a Rule 23(c)(4) trial, focused on Plaintiffs' ECPA, CIPA § 631, and CIPA § 632 claims. If the Court grants Plaintiffs' motion, Plaintiffs would propose additional questions to cover the remaining claims:

*Answer each of the following questions Yes or No, for each Class.*

**1. Did Google intercept or endeavor to intercept the at-issue private browsing communications?**

Class 1: _____Yes _____No

Class 2: _____Yes _____No

*For any Class for whom you answered Yes, please proceed to Question 2. If you answered No to both Classes, skip to Question 3.*

**2. Did Google do so intentionally?**

Class 1: _____Yes _____No

Class 2: _____Yes _____No

*For any Class for whom you answered Yes, please proceed to Question 3. If you answered No to both Classes, skip to Question 4.*

**3. Did Google intercept or endeavor to intercept the at-issue private browsing communications for the purpose of committing a criminal or wrongful act in violation of the law?**

Class 1: _____Yes _____No

Class 2: _____Yes _____No

*Proceed to Question 4.*

13

**4. Did Google willfully read, attempt to read, or learn the contents or meaning of the at-issue private browsing communications?**

Class 1: _____Yes _____No

Class 2: _____Yes _____No

*For any Class for whom you answered Yes, please proceed to Question 54. If you answered No to both Classes, skip to Question 6.*

**5. Did Google do so while the at-issue private browsing communications were in transit or passing over any wire, line, or cable, or being sent from, or received at any place within California?**

Class 1: _____Yes _____No

Class 2: _____Yes _____No

*Proceed to Question 6.*

**6. Did Google intentionally eavesdrop on or record the at-issue private browsing communications by using an electronic device?**

Class 1: _____Yes _____No

Class 2: _____Yes _____No

*For any Class for whom you answered Yes, please proceed to Question 7. If you answered No to both Classes, skip to Question 8.*

**7. Did class members have a reasonable expectation that their private browsing communications were not being overheard or recorded?**

Class 1: _____Yes _____No

Class 2: _____Yes _____No

*Proceed to Question 8.*

**8. Did class members expressly consent to the at-issue Google Conduct?**

Class 1: _____Yes _____No

Class 2: _____Yes _____No

14

1                *Sign and date your verdict.*

2

3  Signed:        _____

4                Presiding Juror

5

6  Dated:         _____

7

8

9  DATE SUBMITTED: _____

10  DATE REVISED: _____

11

12  Dated:  November 1, 2023         Respectfully submitted,

13

14                                    By:  */s/ Mark C. Mao*
                                    Mark C. Mao (CA Bar No. 236165)

15                                    mmao@bsfllp.com
                                    Beko Reblitz-Richardson (CA Bar No. 238027)

16                                    brichardson@bsfllp.com
                                    BOIES SCHILLER FLEXNER LLP

17                                    44 Montgomery Street, 41st Floor
                                    San Francisco, CA 94104

18                                    Telephone: (415) 293-6800
                                    Facsimile (415) 293-6899

19

20                                    David Boies (admitted pro hac vice)
                                    dboies@bsfllp.com

21                                    BOIES SCHILLER FLEXNER LLP
                                    333 Main Street

22                                    Armonk, NY 10504
                                    Telephone: (914) 749-8200

23                                    Facsimile: (914) 749-8300

24                                    James Lee (admitted pro hac vice)

25                                    jlee@bsfllp.com
                                    Rossana Baeza (admitted pro hac vice)

26                                    rbaeza@bsfllp.com
                                    BOIES SCHILLER FLEXNER LLP

27                                    100 SE 2nd Street, Suite 2800
                                    Miami, FL 33131

28

15

Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
M. Logan Wright (CA Bar No. 349004)
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Bill Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
Steven Shepard (pro hac vice)
sshepard@susmangodfrey.com
Alexander P. Frawley (pro hac vice)
afrawley@susmangodfrey.com
Ryan K. Sila
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)

16

mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiffs*

17