# Exhibit B

1

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660)
rachaelmccracken@quinneamanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

3

4

5

6

7

8

9

10

11

12

13

14

15

16   *Attorneys for Defendant Google LLC*

17

**UNITED STATES DISTRICT COURT**

18   **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

19   CHASOM BROWN, *et al.*, on behalf of
themselves and all others similarly situated,

20

         Plaintiffs,

21

         v.

22

GOOGLE LLC,

23

         Defendant.

Case No. 4:20-cv-03664-YGR-SVK

**GOOGLE'S STATEMENT RE:
VERDICT FORM**

The Honorable Yvonne Gonzalez Rogers
Date: November 29, 2023
Time: 9:00 a.m.
Location: Courtroom 1 – 4th Floor

Trial Date: January 29, 2024

24

25

26

27

28

A verdict form must include "questions … adequate to obtain a jury determination of the factual issues essential to judgment." *Sarmiento v. Cnty. of Orange*, 496 F. App'x 718, 720 (9th Cir. 2012) (quoting *Smith v. Jackson*, 84 F.3d 1213, 1220 (9th Cir. 1996)).  Plaintiffs' verdict form covers only liability and damages, omitting Google's affirmative defenses.  It is thus not only one-sided, but would deny the jury an opportunity to reach all "issues essential to judgment." *Id.*  Among other things, Plaintiffs' general verdict form omits any inquiry regarding:

- Consent, which is a defense to all claims in this case, *see* Dkt. 113 at 14; Dkt. 803 at 32;
- The applicable statutes of limitations;
- The documents that comprise the contract at issue—a question expressly delegated to the jury by this Court, Dkt. 969 at 16-19;
- Whether Plaintiffs waived their rights regarding the conduct of which they complain; and
- Whether Google has established the justification defense to the privacy torts.

Plaintiffs' verdict form risks allowing the jury to impose liability and damages for claims (or portions of claim periods) that are (a) invalid due to consent; (b) time-barred; (c) based on "contractual" terms as to which there was neither agreement between the parties nor unanimity among the jurors; and/or (d) subject to waiver or justification.  That would be error.  *See, e.g.*, *Falcon Stainless, Inc. v. Rino Companies, Inc.*, 2011 WL 13130703, at *17 (C.D. Cal. Oct. 21, 2011) (ordering new trial because "affirmative defense of unclean hands was not included" on "general verdict" form, "and defendants had relied on the defense during their case"), *aff'd*, 572 F. App'x 483 (9th Cir. 2014).

Google is entitled to determine and, if necessary, challenge the jury's findings on these important issues.  But it may be "impossible to know[] in view of the general verdict returned whether the jury imposed liability on a permissible or an impermissible ground." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 482 n.3 (2008).  This poses the significant risk "the judgment must be reversed and the case remanded" for another lengthy trial.  *Id.*; *see, e.g.*, *Malone v. California State Coll., Stanislaus*, 988 F.2d 120 (9th Cir. 1993) ("[T]he elements of retaliatory discharge and disparate treatment are different and discrete defenses apply; it is impossible to know which theory of liability or defense the jury accepted or rejected in reaching its general verdict.").

1    Google's verdict form avoids these pitfalls while offering a number of other advantages.

2    Rather than a "general verdict [that] is usually either all wrong or all right because it is an inseparable

3    and inscrutable unit," Google's form would "isolate fact findings in such a way as to allow reviewing

4    courts to make determinations as a matter of law while preserving the jury's role as a fact finder,"

5    which is particularly helpful "in large and complex cases such as this." *Pac. W. Cable Co. v. City*

6    *of Sacramento, Cal.*, 672 F. Supp. 1322, 1326 (E.D. Cal. 1987) (quoting *Berkey Photo, Inc. v.*

7    *Eastman Kodak Co.*, 603 F.2d 263, 279 (2d Cir. 1979)).  Google's form begins with the dispositive

8    consent inquiry, which is logical and efficient given that an answer in Google's favor would relieve

9    the jury of the need to work its way through the remainder of the document.  Google's form also

10   breaks up this case's complex issues into bite-size pieces, guiding the jury through each claim and

11   defense step-by-step.  For example, for Plaintiffs' breach of contract claim, Google identifies the

12   two contracts at issue, asks which writings are incorporated into each, and provides easy-fill charts

13   to allow for Plaintiff-by-Plaintiff, individualized damages awards—all while seamlessly integrating

14   its defenses.

15       The Court should use Google's, not Plaintiffs', verdict form.

16

17   DATED: November 1, 2023            Respectfully submitted,

18                                     QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
19

20                                By   */s/ Andrew H. Schapiro*

21                                     Andrew H. Schapiro (admitted *pro hac vice*)
                                       andrewschapiro@quinnemanuel.com
22                                     Teuta Fani (admitted *pro hac vice*)
                                       teutafani@quinnemanuel.com
23                                     Joseph H. Margolies (admitted *pro hac vice*)
                                       josephmargolies@quinnemanuel.com
24                                     191 N. Wacker Drive, Suite 2700
                                       Chicago, IL 60606
25                                     Telephone: (312) 705-7400
                                       Facsimile: (312) 705-7401
26

27

28

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (CA Bar No. 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660)
rachaelmccracken@quinneamanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

CHASOM BROWN, *et al*., on behalf of themselves and all others similarly situated,

    Plaintiffs,

    v.

GOOGLE LLC,

    Defendant.

Case No. 4:20-cv-03664-YGR-SVK

**GOOGLE'S PROPOSED VERDICT FORM**

The Honorable Yvonne Gonzalez Rogers
Date: November 29, 2023
Time: 9:00 a.m.
Location: Courtroom 1 – 4th Floor

Trial Date: January 29, 2024

Pursuant to the Court's September 18, 2023 Order (Dkt. 1001), the Court's September 29, 2022 Standing Order Re: Pretrial Instructions in Civil Cases, and in advance of the Pretrial Conference set for November 29, 2023, Defendant Google LLC submits the following proposed verdict form for the trial set to begin on January 29, 2024.

## Introduction

This verdict form is divided into nine lettered sections, A through I.  The letters correspond to claims in Plaintiffs' complaint and Defendant's defenses to those claims.  For example, section A includes questions relating to Google's defense of consent, and section B includes questions relating to Plaintiffs' claims under the California Computer Data Access and Fraud Act and Google's defenses to those claims.

You must follow the law provided to you in the Jury Instructions in answering the questions in this Verdict Form.  Instructions for completing the form are included in italics for each question.  Not all questions may require an answer; for example, if you find that Plaintiffs consented to Google's receipt of the At Issue Data, this is a defense to all of Plaintiffs' claims and your verdict would therefore not include answers to every question.  You must be unanimous for each question that you are required to answer.

Once you have reached a unanimous verdict on all questions that you are required to answer, the presiding juror should sign the verdict form and notify the court clerk that you are ready to present your verdict in the courtroom.

CASE NO. 4:20-cv-03664-YGR-SVK
GOOGLE'S PROPOSED VERDICT FORM

We, the jury in the above-entitled case, unanimously find as follows:

**A. CONSENT**

**A1.    Did Google prove by a preponderance of the evidence any Plaintiff consented to Google's receipt of the At Issue Data?**

*Please refer to Jury Instruction No. [X][1] and answer Yes or No for each Plaintiff.*

**Mr. Brown**:      _____Yes      \_\_\_\_\_No

**Mr. Byatt**:      _____Yes      \_\_\_\_\_No

**Mr. Castillo**:   _____Yes      \_\_\_\_\_No

**Mr. Davis**:      _____Yes      \_\_\_\_\_No

**Ms. Trujillo**:   _____Yes      \_\_\_\_\_No

*If you answered Yes for any Plaintiff, please proceed to question A2.*

*If you answered No for all Plaintiffs, please proceed to Section B.*

**A2.    Did Plaintiffs prove by a preponderance of the evidence that Google intercepted the At Issue Data for the purpose of committing a criminal or wrongful act in violation of the law?**

_____Yes      \_\_\_\_\_No

*If you answered Yes to question A1 for all Plaintiffs and answered No to question A2, please proceed to the end of this verdict form, sign and date it, and provide it to court personnel.*

*Otherwise, please proceed to Section B.*

---

[1] Google will submit a revised proposed verdict form, numbering the jury instructions referenced therein, after the Court issues its final jury instructions and assigns them numbers.

**B. VIOLATION OF THE CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT ("CDAFA"), CAL. PENAL CODE § 502**

**B1.   Did each Plaintiff prove by a preponderance of the evidence that Google violated the California Computer Data Access and Fraud Act ("CDAFA") with respect to his or her claim?**

*Please refer to Jury Instruction Nos. [X] - [X], and answer Yes or No for each Plaintiff.*

**Mr. Brown**:   _____Yes   _____No

**Mr. Byatt**:   _____Yes   _____No

**Mr. Castillo**:   _____Yes   _____No

**Mr. Davis**:   _____Yes   _____No

**Ms. Trujillo**:   _____Yes   _____No

*If you answered No for all Plaintiffs, proceed to Section C.*

*If you answered Yes for any Plaintiff, answer question B2.*

**B2.   Are Plaintiffs' CDAFA claims based on harm they allegedly incurred prior to June 2, 2017 timely under the statute of limitations?**

*Please refer to Jury Instruction Nos. [X] - [X] and answer Yes or No.*

**Mr. Brown**:   _____Yes   _____No

**Mr. Byatt**:   _____Yes   _____No

**Mr. Castillo**:   _____Yes   _____No

**Mr. Davis**:   _____Yes   _____No

**Ms. Trujillo**:   _____Yes   _____No

*Please complete the chart below, referring to Jury Instruction Nos. [X] through [X] to calculate any damages.*

| | Damages - CDAFA | | | | | |
|---|---|---|---|---|---|---|
| **Row No.** | **Instructions** | **Mr. Brown** | **Mr. Byatt** | **Mr. Davis** | **Mr. Castillo** | **Ms. Trujillo** |
| **1** | **If you answered question B1 (CDAFA liability) Yes for any Plaintiff, calculate their damages for this claim, if any.** | $____ | $____ | $____ | $____ | $____ |
| 2 | If you answered question B2 (Statute of Limitations) No for any Plaintiff, calculate the amount of damages associated with harm that occurred prior to June 2, 2017. | -$____ | -$____ | -$____ | -$____ | -$____ |
| 3 | Calculate the amount of damages, if any, Plaintiff could have avoided with reasonable efforts or expenditures, as explained in Jury Instruction No. [X]. | -$____ | -$____ | -$____ | -$____ | -$____ |
| **4** | **Calculate total damages to be awarded for this claim by subtracting the dollar amount in rows 2-3 from the dollar amount in row 1:** | $____ | $____ | $____ | $____ | $____ |

*Proceed to Section C.*

CASE NO. 4:20-cv-03664-YGR-SVK
GOOGLE'S PROPOSED VERDICT FORM

## C.  VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT ("CIPA"), CAL. PENAL CODE § 631

**C1.** **Did each Plaintiff prove by a preponderance of the evidence that Google violated CIPA Section 631 with respect to his or her claim?**

*Please refer to Jury Instruction Nos. [X] - [X], and answer Yes or No for each Plaintiff.*

**Mr. Brown**: _____Yes    _____No

**Mr. Byatt**: _____Yes    _____No

**Mr. Castillo**: _____Yes    _____No

**Mr. Davis**: _____Yes    _____No

**Ms. Trujillo**: _____Yes    _____No

*If you answered No for all Plaintiffs, please proceed to Section D.*

*If you answered Yes for any Plaintiff, please proceed to question C2.*

**C2.** **Are Plaintiffs' CIPA § 631 claims based on harm they allegedly incurred prior to June 2, 2019 timely under the statute of limitations?**

*Please refer to Jury Instruction Nos. [X] - [X] and answer Yes or No.*

**Mr. Brown**: _____Yes    _____No

**Mr. Byatt**: _____Yes    _____No

**Mr. Castillo**: _____Yes    _____No

**Mr. Davis**: _____Yes    _____No

**Ms. Trujillo**: _____Yes    _____No

*Please proceed to question C3.*

**C3.    For any portion of the claim you find timely, each Plaintiff proved Google violated CIPA § 631 the following number of times:**

*Please refer to Jury Instruction No. [X] and respond with a number.*

      **Mr. Brown**:   _____

      **Mr. Byatt**:    _____

      **Mr. Castillo**:  _____

      **Mr. Davis**:    _____

      **Ms. Trujillo**:  _____

*Please proceed to Section D.*

**D. VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT ("CIPA"), CAL. PENAL CODE § 632**

**D1.    Did each Plaintiff prove by a preponderance of the evidence that Google violated CIPA Section 632 with respect to his or her claim?**

*Please refer to Jury Instruction Nos. [X] - [X], and answer Yes or No for each Plaintiff.*

> **Mr. Brown**:   _____Yes   _____No
>
> **Mr. Byatt**:   _____Yes   _____No
>
> **Mr. Castillo**:   _____Yes   _____No
>
> **Mr. Davis**:   _____Yes   _____No
>
> **Ms. Trujillo**:   _____Yes   _____No

*If you answered No for all Plaintiffs, please proceed to Section E.*

*If you answered Yes for any Plaintiff, answer question D2.*

**D2.    Are Plaintiffs' CIPA § 632 claims based on harm they allegedly incurred prior to June 2, 2019 timely under the statute of limitations?**

*Please refer to Jury Instruction No. [X] and answer Yes or No.*

> **Mr. Brown**:   _____Yes   _____No
>
> **Mr. Byatt**:   _____Yes   _____No
>
> **Mr. Castillo**:   _____Yes   _____No
>
> **Mr. Davis**:   _____Yes   _____No
>
> **Ms. Trujillo**:   _____Yes   _____No

*Please proceed to question D3.*

**D3.**    **For any portion of the claim you find timely, each Plaintiff proved Google violated CIPA § 632 the following number of times:**

*Please refer to Jury Instruction No. [X] and respond with a number..*

      **Mr. Brown**:   _____

      **Mr. Byatt**:   _____

      **Mr. Castillo**:  _____

      **Mr. Davis**:   _____

      **Ms. Trujillo**:  _____

*Please proceed to Section E.*

## E.  VIOLATION OF THE FEDERAL WIRETAP ACT, 18 U.S.C. §§ 2510, ET. SEQ.

**E1.**    **Did each Plaintiff prove by a preponderance of the evidence that Google violated the Federal Wiretap Act with respect to his or her claim?**

*Please refer to Jury Instruction Nos. [X] - [X], and answer Yes or No for each Plaintiff.*

          **Mr. Brown**:   _____Yes   \_\_\_\_\_No

          **Mr. Byatt**:    _____Yes   \_\_\_\_\_No

          **Mr. Castillo**:  _____Yes   \_\_\_\_\_No

          **Mr. Davis**:    _____Yes   \_\_\_\_\_No

          **Ms. Trujillo**:  _____Yes   \_\_\_\_\_No

*If you answered No for all Plaintiffs, proceed to Section F.*

*If you answered Yes for any Plaintiff, proceed to question E2.*

**E2.**    **Did Google prove by a preponderance of the evidence that non-Google websites Plaintiffs visited consented to Google's receipt of the At Issue Data?**

      _____Yes   \_\_\_\_\_No

*If you answered Yes, then answer question E3.*

*If you answered No, then skip question E3 and answer question E4.*

**E3.**    **Did Plaintiffs prove by a preponderance of the evidence that Google intercepted the At Issue Data for the purpose of committing a criminal or wrongful act in violation of the law?**

      _____Yes   \_\_\_\_\_No

*If you answered No to this question and answered Yes to question E2, then please proceed to Section F.*

*Otherwise, please answer question E4.*

**E4.    Are Plaintiffs' Federal Wiretap Act claims based on harm they allegedly incurred prior to June 2, 2018 timely under the statute of limitations?**

*Please refer to Jury Instruction No. [X] and answer Yes or No.*

   **Mr. Brown**:    _____Yes    \_\_\_\_\_No

   **Mr. Byatt**:    _____Yes    \_\_\_\_\_No

   **Mr. Castillo**:  _____Yes    \_\_\_\_\_No

   **Mr. Davis**:    _____Yes    \_\_\_\_\_No

   **Ms. Trujillo**:  _____Yes    \_\_\_\_\_No

*Please proceed to question E5.*

**E5.    For any portion of the claim you find timely, each Plaintiff proved Google violated the Federal Wiretap Act the following number of days:**

*Please refer to Jury Instruction No. [X] and respond with a number.*

   **Mr. Brown**:    _____

   **Mr. Byatt**:    _____

   **Mr. Castillo**:  _____

   **Mr. Davis**:    _____

   **Ms. Trujillo**:  _____

*Please proceed to Section F.*

**F. BREACH OF CONTRACT**

<u>Contract 1</u>

*Google and each Plaintiff agree that they entered into a contractual agreement, the Google Terms of Service, applicable to all Google Account holders. The parties agree that for those Google Account holders who browse the internet using the Chrome browser, this contract incorporates by reference the Google Chrome and Chrome OS Additional Terms of Service, the Chrome Privacy Notice (but only up through October 3, 2023), and Google's Privacy Policy (but only through March 30, 2020) ("Contract 1").*

*Please refer to Jury Instruction No. [X] to answer questions F1 through F4.*

**F1.     Did Plaintiffs prove by a preponderance of the evidence that Google's Post-March 2020 Privacy Policy was incorporated into Contract 1?**

Yes ___          No ___

*Please proceed to question F2.*

**F2.     Did Plaintiffs prove by a preponderance of the evidence that The Search & Browse Privately Help page was incorporated into Contract 1?**

Yes ___          No ___

*Please proceed to question F3.*

**F3.     Did Plaintiffs prove by a preponderance of the evidence that The Incognito Screen was incorporated into Contract 1?**

Yes ___          No ___

*If your answer to question F3 is Yes, then answer question F4.*

*If you answered No, proceed to question F5.*

**F4.     Are the following three documents that the Incognito Screen linked to via its "Learn more" button incorporated by reference into the Incognito Screen and thus also part of Contract 1?**

The How Chrome Incognito Keeps Your Browsing Private Help page:  Yes ___    No ___

The Browse in Private Help page:                                Yes ___    No ___

The How Private Browsing Works in Chrome Help page:             Yes ___    No ___

*Please proceed to question F5.*

**F5.    Did each Plaintiff prove by a preponderance of the evidence that Google is liable to Plaintiffs for breach of any promises in Contract 1 with respect to his or her claim?**

*Please refer to Jury Instruction Nos. [X] - [X], and answer Yes or No for each Plaintiff.*

    **Mr. Brown**:   _____Yes     _____No

    **Mr. Byatt**:   _____Yes     _____No

    **Mr. Castillo**: _____Yes     _____No

    **Mr. Davis**:   _____Yes     _____No

    **Ms. Trujillo**: _____Yes     _____No

*Please proceed to question F6.*

<u>Contract 2</u>

*Google and Plaintiff Trujillo agree that they entered into a contractual agreement, the Google Terms of Service, applicable to all Google Account holders, and that this contract governs Google's collection of the At Issue Data through its services, regardless of which brand of browser is used. The parties agree that this contract incorporates by reference Google's Privacy Policy (but only through March 30, 2020) ("Contract 2").*

*Please refer to Jury Instruction No. [X] to answer questions F6 and F7.*

**F6.    Did Monique Trujillo prove by a preponderance of the evidence that Google's Post-March 2020 Privacy Policy was incorporated into Contract 2?**

Yes ___        No ___

*Please proceed to question F7.*

**F7.    Did Monique Trujillo prove by a preponderance of the evidence that The Search & Browse Privately Help page was incorporated into Contract 2?**

Yes ___        No ___

*Please proceed to question F8.*

**F8.    Did Monique Trujillo prove by a preponderance of the evidence that Google is liable to her for breach of any promises in Contract 2?**

*Please refer to Jury Instruction Nos. [X] - [X], and answer Yes or No.*

Yes ___        No ___

*If you answered Yes for any Plaintiff in question F5 or for Monique Trujillo in question F8, please proceed to question F9.*

*If you answered No for all Plaintiffs in question F5 and for Monique Trujillo in question F8, please proceed to Section G.*

<u>Defenses to Breach of Contract 1 and 2</u>

**F9.    Are Plaintiffs' breach of contract claims based on harm they allegedly incurred prior to June 2, 2016 timely under the statute of limitations?**

*Please refer to Jury Instruction Nos. [X] - [X] and answer Yes or No for each Plaintiff.*

**Mr. Brown**:   _____Yes   _____No

**Mr. Byatt**:   _____Yes   _____No

**Mr. Castillo**: _____Yes   _____No

**Mr. Davis**:   _____Yes   _____No

**Ms. Trujillo**: _____Yes   _____No

*If you answered No for all Plaintiffs, please proceed to Section G.*

*If you answered Yes for any Plaintiff, please answer question F10.*

**F10.   Do the statements from Google's Terms of Service identified in Instruction No. __ relieve Google from liability for receipt of the At Issue Data during the corresponding time period?**

*Please refer to Jury Instruction No. [X] and answer Yes or No for each statement.*

**Statement 1** (June 1, 2016 to October 24, 2017):        Yes ___        No ___

**Statement 2** (October 25, 2017 to March 30, 2020):       Yes ___        No ___

**Statement 3** (March 31, 2020 to January 4, 2022):        Yes ___        No ___

**Statement 4** (January 5, 2022 to the present):           Yes ___        No ___

*If you answered Yes for all four statements, please proceed to Section G.*

*If you answered No for any statement, please answer F11.*

**F11.    Did Google prove by clear and convincing evidence that Plaintiffs waived their right to enforce any obligation by Google not to receive the At Issue Data?**

*Please refer to Jury Instruction No. [X] and answer Yes or No for each Plaintiff.*

**Mr. Brown**:    _____Yes    _____No

**Mr. Byatt**:    _____Yes    _____No

**Mr. Castillo**:  _____Yes    _____No

**Mr. Davis**:    _____Yes    _____No

**Ms. Trujillo**:  _____Yes    _____No

*If you answered Yes for all Plaintiffs, please proceed to Section G.*

*If you answered No for any Plaintiff, please complete the chart below, referring to Jury Instruction Nos. [X] through [X] to calculate any damages.*

| | Damages - Breach of Contract | | | | | |
|---|---|---|---|---|---|---|
| Row No. | Instruction | Mr. Brown | Mr. Byatt | Mr. Davis | Mr. Castillo | Ms. Trujillo |
| 1 | If you answered questions F5 (Contract 1 Liability) or F8 (Contract 2 Liability) Yes for any Plaintiff, place a checkmark in the column for that Plaintiff. | | | | | |
| 2 | If you answered question F12 (Waiver) No for any Plaintiff, place a checkmark in the column for that Plaintiff. | | | | | |
| 3 | **For any Plaintiff with two checkmarks, calculate their damages for this claim, if any.** | $____ | $____ | $____ | $____ | $____ |
| 4 | If you answered question F9 (Statute of Limitations) No for any Plaintiff, calculate the amount of damages associated with harm that occurred prior to June 2, 2016. | **-$____** | **-$____** | **-$____** | **-$____** | **-$____** |
| 5 | Do any of the statements in Jury Instruction No. [X] limit the amount of damages to be awarded?  If so, calculate the amount to be limited for each Plaintiff. | -$____ | -$____ | -$____ | -$____ | -$____ |
| 6 | If you answered question F10 (Limitation on Liability) Yes for any statement, calculate the amount of damages associated with the corresponding time period to be reduced from Plaintiffs' damages award. | -$____ | -$____ | -$____ | -$____ | -$____ |
| 7 | Calculate the amount of damages, if any, Plaintiff could have avoided with reasonable efforts or expenditures, as explained in Jury Instruction No. [X]. | -$____ | -$____ | -$____ | -$____ | -$____ |
| 8 | Calculate the amount of Plaintiffs' unjust enrichment, if any, as explained in Jury Instruction No. [X]. | -$____ | -$____ | -$____ | -$____ | -$____ |

| 9 | **Calculate total damages to be awarded for this claim by subtracting the dollar amounts in rows 4 through 8 from the dollar amount in row 3:** | $____ | $____ | $____ | $____ | $____ |
|---|---|---|---|---|---|---|

| Nominal Damages - Breach of Contract | | | | | | |
|---|---|---|---|---|---|---|
| Row No. | Instruction | Mr. Brown | Mr. Byatt | Mr. Davis | Mr. Castillo | Ms. Trujillo |
| 1 | If you did not award any damages in the chart above, you may award a nominal value of $1 to any Plaintiff with two checkmarks: | $____ | $____ | $____ | $____ | $____ |

*Proceed to Section G.*

CASE NO. 4:20-cv-03664-YGR-SVK
GOOGLE'S PROPOSED VERDICT FORM

## G.  INVASION OF PRIVACY

**G1.   Did each Plaintiff prove by a preponderance of the evidence that Google invaded their privacy?**

*Please refer to Jury Instruction Nos. [X] - [X], and answer Yes or No for each Plaintiff.*

**Mr. Brown**:   _____Yes      _____No

**Mr. Byatt**:    _____Yes      _____No

**Mr. Castillo**: _____Yes      _____No

**Mr. Davis**:    _____Yes      _____No

**Ms. Trujillo**: _____Yes      _____No

*If you answered No for all Plaintiffs, please proceed to Section H.*

*If you answered Yes for any Plaintiff, please proceed to question G2.*

**G2.   Did Google prove by a preponderance of the evidence that the circumstances justified that invasion of Plaintiffs' privacy?**

*Please refer to Jury Instruction No. [X] and answer Yes or No for each Plaintiff.*

**Mr. Brown**:   _____Yes      _____No

**Mr. Byatt**:    _____Yes      _____No

**Mr. Castillo**: _____Yes      _____No

**Mr. Davis**:    _____Yes      _____No

**Ms. Trujillo**: _____Yes      _____No

*If you answered Yes for all Plaintiffs, please proceed to Section H.*

*Otherwise, please proceed to question G3.*

**G3.** **Are Plaintiffs' claims for invasion of privacy based on harm they allegedly incurred prior to June 2, 2018 timely under the statute of limitations?**

*Please refer to Jury Instruction Nos. [X] - [X] and answer Yes or No.*

**Mr. Brown**: _____Yes \_\_\_\_\_No

**Mr. Byatt**: _____Yes \_\_\_\_\_No

**Mr. Castillo**: _____Yes \_\_\_\_\_No

**Mr. Davis**: _____Yes \_\_\_\_\_No

**Ms. Trujillo**: _____Yes \_\_\_\_\_No

*Please proceed to Section H.*

## H.  INTRUSION UPON SECLUSION

**H1.    Did each Plaintiff prove by a preponderance of the evidence that Google intruded upon his or her seclusion?**

*Please refer to Jury Instruction Nos. [X] - [X], and answer Yes or No for each Plaintiff.*

**Mr. Brown**:   _____Yes    \_\_\_\_\_No

**Mr. Byatt**:   _____Yes    \_\_\_\_\_No

**Mr. Castillo**: _____Yes    \_\_\_\_\_No

**Mr. Davis**:   _____Yes    \_\_\_\_\_No

**Ms. Trujillo**: _____Yes    \_\_\_\_\_No

*If you answered No for all Plaintiffs, please proceed to Section I.*

*If you answered Yes for any Plaintiff, please proceed to question H2.*

**H2.    Did Google prove by a preponderance of the evidence that the circumstances justified that intrusion upon a Plaintiff's seclusion?**

*Please refer to Jury Instruction No. [X] and answer Yes or No for each Plaintiff.*

**Mr. Brown**:   _____Yes    \_\_\_\_\_No

**Mr. Byatt**:   _____Yes    \_\_\_\_\_No

**Mr. Castillo**: _____Yes    \_\_\_\_\_No

**Mr. Davis**:   _____Yes    \_\_\_\_\_No

**Ms. Trujillo**: _____Yes    \_\_\_\_\_No

*If you answered Yes for all Plaintiffs, please proceed to Section I.*

*Otherwise, please answer question H3.*

**H3.**     **Are Plaintiffs' claims for intrusion upon seclusion based on harm they allegedly incurred prior to June 2, 2018 timely under the statute of limitations?**

*Please refer to Jury Instruction No. [X] and answer Yes or No.*

        **Mr. Brown**:   _____Yes    _____No

        **Mr. Byatt**:    _____Yes    _____No

        **Mr. Castillo**:  _____Yes    _____No

        **Mr. Davis**:    _____Yes    _____No

        **Ms. Trujillo**:  _____Yes    _____No

*Please complete the chart below, referring to Jury Instruction Nos. [X] through [X] to calculate any damages.*

| | Damages - Intrusion Upon Seclusion | | | | | |
|---|---|---|---|---|---|---|
| **Row No.** | **Instruction** | **Mr. Brown** | **Mr. Byatt** | **Mr. Davis** | **Mr. Castillo** | **Ms. Trujillo** |
| 1 | If you answered question H1 (Intrusion Liability) Yes for any Plaintiff, place a checkmark in the column for that Plaintiff. | | | | | |
| 2 | If you answered question H2 (Intrusion Justified) No for any Plaintiff, place a checkmark in the column for that Plaintiff. | | | | | |
| **3** | **For any Plaintiff with two checkmarks, calculate their damages for this claim, if any.** | $___ | $___ | $___ | $___ | $___ |
| 4 | If you answered question H3 (Statute of Limitations) No for any Plaintiff, calculate the amount of damages associated with harm that occurred prior to June 2, 2018. | -$___ | -$___ | -$___ | -$___ | -$___ |
| 5 | Calculate the amount of damages, if any, Plaintiff could have avoided with reasonable efforts or expenditures, as explained in Jury Instruction No. [X]. | -$___ | -$___ | -$___ | -$___ | -$___ |
| 6 | Calculate the amount of Plaintiffs' unjust enrichment, if any, as explained in Jury Instruction No. [X]. | -$___ | -$___ | -$___ | -$___ | -$___ |
| **7** | **Calculate total damages to be awarded for this claim by subtracting the dollar amounts in rows 5 through 6 from the dollar amount in row 4:** | $___ | $___ | $___ | $___ | $___ |

*Please proceed to Section I.*

## I.  PUNITIVE DAMAGES

*If you calculated damages for Section B (CDAFA) or Section H (Intrusion Upon Seclusion), please answer question I1.*

*Otherwise, please proceed to the end of this verdict form, sign and date it, and provide it to court personnel.*

**I1.     Did Plaintiffs prove by clear and convincing evidence that Google engaged in conduct constituting malice, oppression, or fraud when intruding upon Plaintiffs' seclusion or in violating CDAFA?**

Yes ____        No ____

*Please proceed to the end of this verdict form, sign and date it, and provide it to court personnel.*

Sign and date your verdict.

Signed:     _____

        Presiding Juror

Dated:     _____

DATE SUBMITTED: _____

DATE REVISED: _____

DATED: November 1, 2023

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By   /s/ Andrew H. Schapiro
　　　Andrew H. Schapiro (admitted *pro hac vice*)
　　　andrewschapiro@quinnemanuel.com
　　　Teuta Fani (admitted *pro hac vice*)
　　　teutafani@quinnemanuel.com
　　　Joseph H. Margolies (admitted *pro hac vice*)
　　　josephmargolies@quinnemanuel.com
　　　191 N. Wacker Drive, Suite 2700
　　　Chicago, IL 60606
　　　Telephone: (312) 705-7400
　　　Facsimile: (312) 705-7401

　　　Diane M. Doolittle (CA Bar No. 142046)
　　　dianedoolittle@quinnemanuel.com
　　　Sara Jenkins (CA Bar No. 230097)
　　　sarajenkins@quinnemanuel.com
　　　555 Twin Dolphin Drive, 5th Floor
　　　Redwood Shores, CA 94065
　　　Telephone: (650) 801-5000
　　　Facsimile: (650) 801-5100

　　　Stephen A. Broome (CA Bar No. 314605)
　　　stephenbroome@quinnemanuel.com
　　　Viola Trebicka (CA Bar No. 269526)
　　　violatrebicka@quinnemanuel.com
　　　Crystal Nix-Hines (Bar No. 326971)
　　　crystalnixhines@quinnemanuel.com
　　　Rachael L. McCracken (CA Bar No. 252660)
　　　rachaelmccracken@quinnemanuel.com
　　　Alyssa G. Olson (CA Bar No. 305705)
　　　alyolson@quinnemanuel.com
　　　865 S. Figueroa Street, 10th Floor
　　　Los Angeles, CA 90017
　　　Telephone: (213) 443-3000
　　　Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*