| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>David Boies (*pro hac vice*)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293 6858<br>Facsimile: (415) 999 9695<br><br>SUSMAN GODFREY L.L.P.<br>Bill Carmody<br>(*pro hac vice*)<br>bcarmody@susmangodfrey.com<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 336-8330<br><br>MORGAN & MORGAN<br>John A. Yanchunis (*pro hac vice*)<br>jyanchunis@forthepeople.com<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br><br>*Attorneys for Plaintiffs; additional counsel listed in signature blocks below* | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Andrew H. Schapiro (*pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>Teuta Fani (admitted *pro hac vice*)<br>teutafani@quinnemanuel.com<br>Joseph H. Margolies (admitted *pro hac vice*)<br>josephmargolies@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>Crystal Nix-Hines (CA Bar No. 326971)<br>crystalnixhines@quinnemauel.com<br>Rachael L. McCracken (CA Bar No. 252660)<br>rachaelmccracken@quinnemanuel.com<br>Alyssa G. Olson (CA Bar No. 305705)<br>alyolson@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>*Attorneys for Defendant; additional counsel listed in signature blocks below* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**PARTIES' PROPOSED STATEMENTS OF THE CASE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Courtroom 1 – 4th Floor<br>Date: November 29, 2023<br>Time: 9:00 a.m. |

CASE NO. 4:20-cv-03664-YGR-SVK
PARTIES' PROPOSED STATEMENTS OF THE CASE

Pursuant to Paragraph 3(h) of the Court's Pretrial Instructions in Civil Cases, Plaintiffs and Defendant Google LLC hereby submit the parties' proposals and positions for the Joint Proposed Statement of the Case. The Parties have been unable to agree on a joint statement, and therefore provide competing proposals.

**PLAINTIFFS' PROPOSAL**[1]

This is a civil class action brought by Plaintiffs against Google. Plaintiffs allege that Google unlawfully collected, saved, and used their private browsing data when they used certain private browsing modes to visit non-Google websites while not signed into their Google accounts.

Plaintiffs are pursuing seven claims that you will learn more about during this trial. Those claims are being brought by those Plaintiffs individually and also as a class action. A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar claims. Because of the large number of class members that are at issue in this case, not everyone in the class needs to testify.

The two classes that I have certified for this trial—which you will hear more about later—seek changes to Google's practices, which is referred to as injunctive relief. I will decide whether the classes are entitled to any injunctive relief and if so what relief. That is not an issue that you need to decide. Instead, you will be deciding the five Plaintiffs' individual claims, including their requests for monetary relief. In other words, that is the money these five people are seeking for

---

[1] **Google's Objection**:  Google objects to Plaintiffs' statement as misleading and intended to bias the jury by suggesting that Plaintiffs' claims in this trial, for individual damages, are class claims and suggesting that the jury will impact class wide injunctive relief.  This reference is highly prejudicial and misrepresents the role of the jury.  The sole class claims are for injunctive relief and the decision on whether injunctive relief should issue is a decision for the Court.  Plaintiffs also misleadingly claim the Court has certified two classes without making clear that two classes simply relate to different private browsing modes.  The reference to "classes that I have certified" also prejudicially and inaccurately suggests that this Court blessed these classes and may lead jurors to believe that the Court has already concluded Plaintiffs' claims have merit.

**Plaintiffs' Response**: Plaintiffs seek to fairly present the relevant issues to the jury consistent with the Court's orders. The Court certified two classes for injunctive relief: 1) Incognito users (Class 1); and 2) other private browsing mode users (Class 2). Plaintiffs propose to correctly inform jurors that injunctive relief is a matter for the Court. This is proper and important context for the jury.

themselves, not either of the classes. Your role for the class part of this case is an advisory one, meaning that your decisions on the five Plaintiffs' individual claims may influence my decision about whether the classes are entitled to injunctive relief against Google.

**GOOGLE'S PROPOSAL**[2]

This case is about claims made by five Plaintiffs about Google's receipt of data when users are in private browsing modes, such as Chrome Incognito.

When users visit websites that have chosen to use Google services such as advertising, maps, and analytics, Google receives the following data to provide the service, regardless of whether the users are in regular browsing mode or private browsing mode:

(a) the user's IP address;

(b) information identifying the user's device model and browser software;

(c) the URL (web-page address) of the web-page visited:

(d) geolocation information, if available; and

(e) information contained in Google cookies.

The Plaintiffs claim that Google improperly collected these five types data while they browsed the web in Chrome's Incognito mode or another browser's private mode.  They contend that by collecting those data types while they were in private browsing mode, Google breached its contract with its users, violated the Federal Wiretap Act, violated the California Invasion of Privacy Act, invaded their privacy, intruded on their seclusion, and violated the Computer Data Access and Fraud Act.  Plaintiffs seek money damages.  Plaintiffs have the burden to prove their claims by a preponderance of the evidence.

Google denies all these claims.   Google also asserts affirmative defenses.  Google claims that neither its Privacy Policy nor any of its other disclosures promised that using a private browsing mode would block Google's collection of the data.  Rather, Google contends that its

---

[2] **Plaintiffs' Objection**: The Parties have extensively briefed their legal positions (motions to dismiss, for class certification, for summary judgment, and for jury instructions). Plaintiffs object to Google's proposed statement as imbalanced, misleading, prejudicial, and contrary to the Court's prior rulings. Plaintiffs will be prepared to address this further at the Pretrial Conference.

disclosures make clear that Chrome's Incognito mode and other private browsing modes are intended to provide *local* privacy—meaning privacy from others who might use the same device, like a spouse, roommate or child—by deleting browsing history and cookie information from the user's system when they close their private browsing session. Google also contends that Incognito mode provides privacy from online entities (including Google) by making the data anonymous (in other words, it is not connected with the individual user or their Google account). Google contends that it disclosed the data collection in its Privacy Policy, and that the Plaintiffs consented to that policy and the collection of data set out in the policy. Google has also asserted additional defenses that will be explained to you in the jury instructions. Google has the burden to prove its defenses by a preponderance of the evidence.

Plaintiffs deny Google's affirmative defenses.

Respectfully submitted,

| DATED: November 1, 2023 | DATED: November 1, 2023 |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BOIES SCHILLER FLEXNER LLP |
| By: /s/ *Andrew H. Schapiro* | By: /s/ *Mark C. Mao* |
| Andrew H. Schapiro (admitted *pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>Teuta Fani (admitted *pro hac vice*)<br>teutafani@quinnemanuel.com<br>Joseph H. Margolies (admitted *pro hac vice*)<br>josephmargolies@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Diane M. Doolittle (CA Bar No. 142046)<br>dianedoolittle@quinnemanuel.com<br>Sara Jenkins (CA Bar No. 230097)<br>sarajenkins@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>Crystal Nix-Hines (Bar No. 326971) | Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>Beko Reblitz-Richardson (CA Bar No. 238027)<br>brichardson@bsfllp.com<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293 6858<br>Facsimile (415) 999 9695<br><br>David Boies (*pro hac vice*)<br>dboies@bsfllp.com<br>BOIES SCHILLER FLEXNER LLP<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br><br>James W. Lee (*pro hac vice*)<br>jlee@bsfllp.com<br>Rossana Baeza<br>rbaeza@bsfllp.com<br>BOIES SCHILLER FLEXNER LLP<br>100 SE 2nd Street, Suite 2800<br>Miami, FL 33130<br>Telephone: (305) 539-8400<br>Facsimile: (305) 539-1304 |

| | |
|---|---|
| crystalnixhines@quinnemanuel.com<br>Rachael L. McCracken (CA Bar No. 252660)<br>rachaelmccracken@quinnemanuel.com<br>Alyssa G. Olson (CA Bar No. 305705)<br>alyolson@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Jomaire Crawford (admitted *pro hac vice*)<br>jomairecrawford@quinnemanuel.com<br>D. Seth Fortenbery (admitted *pro hac vice*)<br>sethfortenbery@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Xi ("Tracy") Gao (CA Bar No. 326266)<br>tracygao@quinnemanuel.com<br>Carl Spilly (admitted *pro hac vice)*<br>carlspilly@quinnemanuel.com<br>1300 I Street NW, Suite 900<br>Washington D.C., 20005<br>Telephone: (202) 538-8000<br>Facsimile: (202) 538-8100<br><br>Jonathan Tse (CA Bar No. 305468)<br>jonathantse@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>*Attorneys for Defendant Google LLC* | Bill Carmody (*pro hac vice*)<br>bcarmody@susmangodfrey.com<br>Shawn J. Rabin (*pro hac vice*)<br>srabin@susmangodfrey.com<br>Steven Shepard (*pro hac vice*)<br>sshepard@susmangodfrey.com<br>Alexander P. Frawley (*pro hac vice*)<br>afrawley@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 336-8330<br><br>Amanda Bonn (CA Bar No. 270891)<br>abonn@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Telephone: (310) 789-3100<br><br>Alison L. Anderson, CA Bar No. 275334<br>alanderson@bsfllp.com<br>M. Logan Wright CA Bar No. 349004<br>mwright@bsfllp.com<br>BOIES SCHILLER FLEXNER LLP<br>725 S. Figueroa Street, 31st Floor<br>Los Angeles, CA 90017<br>Telephone: (813) 482-4814<br><br>John A. Yanchunis (*pro hac vice*)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (*pro hac vice*)<br>rmcgee@forthepeople.com<br>MORGAN & MORGAN, P.A.<br>201 N Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br>Facsimile: (813) 222-4736<br><br>Michael F. Ram, CA Bar No. 104805<br>MORGAN & MORGAN<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com<br><br>*Attorneys for Plaintiffs* |

## ATTESTATION

I, Andrew H. Schapiro, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: November 1, 2023                    By:   */s/ Andrew H. Schapiro*