# Exhibit A

**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 629-9040
alanderson@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS AND REDLINES AGAINST MODEL INSTRUCTIONS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: November 29 2023<br>Time: 9:00 a.m. |

1       Pursuant to the Court's October 17, 2023 Order (Dkt. 1019), the Court's September 29,

2   2022 Standing Order Re: Pretrial Instructions in Civil Cases, and in advance of the Pretrial

3   Conference on November 29, 2023, Plaintiffs respectfully submit their proposed jury instructions,

4   along with redlines comparing Plaintiffs' proposals with the corresponding model instruction. The

5   Parties met and conferred but were unable to reach agreement on the jury instructions. Both parties'

6   proposals and accompanying position statements are included in a combined document that will be

7   filed simultaneously.

## TABLE OF CONTENTS

**GENERAL INSTRUCTIONS**................................................................................................ **6**

    (JOINT) PROPOSED JURY INSTRUCTION NO. 0-1 ........................................................ 6

    (DISPUTED) JURY INSTRUCTION NO. 0-2 ................................................................... 7

    (DISPUTED) JURY INSTRUCTION NO. 0-3 ................................................................. 10

    (JOINT) PROPOSED JURY INSTRUCTION NO. 0-4 ...................................................... 13

    (JOINT) PROPOSED JURY INSTRUCTION NO. 0-5 ...................................................... 14

    (JOINT) PROPOSED JURY INSTRUCTION NO. 0-6 ...................................................... 15

    (JOINT) PROPOSED JURY INSTRUCTION NO. 0-7 ...................................................... 16

    (JOINT) PROPOSED JURY INSTRUCTION NO. 0-8 ...................................................... 17

    (JOINT) PROPOSED JURY INSTRUCTION NO. 0-9 ...................................................... 18

    (JOINT) PROPOSED JURY INSTRUCTION NO. 0-10 .................................................... 20

    (JOINT) PROPOSED JURY INSTRUCTION NO. 0-11 .................................................... 21

    (JOINT) PROPOSED JURY INSTRUCTION NO. 0-12 .................................................... 23

    (JOINT) PROPOSED JURY INSTRUCTION NO. 0-13 .................................................... 24

    (JOINT) PROPOSED JURY INSTRUCTION NO. 0-14 .................................................... 25

    (JOINT) PROPOSED JURY INSTRUCTION NO. 0-15 .................................................... 27

    (DISPUTED) JURY INSTRUCTION NO. 0-16 ............................................................... 28

    (DISPUTED) JURY INSTRUCTION NO. 0-34 ............................................................... 29

**FIRST CLAIM: VIOLATION OF THE CALIFORNIA COMPUTER DATA ACCESS AND
FRAUD ACT ("CDAFA"), CAL. PENAL CODE § 502** ................................................ **30**

    (DISPUTED) JURY INSTRUCTION NO. 1-1 ................................................................. 30

    (DISPUTED) JURY INSTRUCTION NO. 1-2 ................................................................. 32

    (DISPUTED) JURY INSTRUCTION NO. 1-3 ................................................................. 33

    (JOINT) PROPOSED JURY INSTRUCTION NO. 1-4 ...................................................... 34

**SECOND CLAIM: VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT ("CIPA"), CAL. PENAL CODE § 631 ................................................................. 35**

    (DISPUTED) JURY INSTRUCTION NO. 2-1 ............................................. 35

    (DISPUTED) JURY INSTRUCTION NO. 2-2 ............................................. 36

    (DISPUTED) JURY INSTRUCTION NO. 2-4 ............................................. 37

    (DISPUTED) JURY INSTRUCTION NO. 2-6 ............................................. 38

**THIRD CLAIM: VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT ("CIPA"), CAL. PENAL CODE § 632 ................................................................. 39**

    (DISPUTED) JURY INSTRUCTION NO. 3-1 ............................................. 39

    (DISPUTED) JURY INSTRUCTION NO. 3-3 ............................................. 41

    (DISPUTED) JURY INSTRUCTION NO. 3-4 ............................................. 42

    (DISPUTED) JURY INSTRUCTION NO. 3-5 ............................................. 43

**FOURTH CLAIM: VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT ("ECPA"), 18 U.S.C. §§ 2510, ET. SEQ. .......................................... 44**

    (DISPUTED) JURY INSTRUCTION NO. 4-1 ............................................. 44

    (DISPUTED) JURY INSTRUCTION NO. 4-2 ............................................. 45

    (DISPUTED) JURY INSTRUCTION NO. 4-6 ............................................. 47

**FIFTH CLAIM: BREACH OF CONTRACT ........................................................ 48**

    (DISPUTED) JURY INSTRUCTION NO. 5-1 ............................................. 48

    (DISPUTED) JURY INSTRUCTION NO. 5-2 ............................................. 50

    (DISPUTED) JURY INSTRUCTION NO. 5-3 ............................................. 51

    (DISPUTED) JURY INSTRUCTION NO. 5-5 ............................................. 52

    (DISPUTED) JURY INSTRUCTION NO. 5-6 ............................................. 54

    (DISPUTED) JURY INSTRUCTION NO. 5-7 ............................................. 55

**SIXTH CLAIM: INVASION OF PRIVACY ........................................................ 56**

    (DISPUTED) JURY INSTRUCTION NO. 6-1 ............................................. 56

    (DISPUTED) JURY INSTRUCTION NO. 6-3 ............................................. 57

    (DISPUTED) JURY INSTRUCTION NO. 6-4 ............................................. 58

    (DISPUTED) JURY INSTRUCTION NO. 6-5 ............................................. 59

(JOINT) PROPOSED JURY INSTRUCTION NO. 6-6 ........................................................ 60

**SEVENTH CLAIM: INTRUSION UPON SECLUSION ............................................................ 61**

(DISPUTED) JURY INSTRUCTION NO. 7-1 ............................................................. 61

(DISPUTED) JURY INSTRUCTION NO. 7-3 ............................................................. 62

(DISPUTED) JURY INSTRUCTION NO. 7-4 ............................................................. 63

(JOINT) PROPOSED JURY INSTRUCTION NO. 7-5 ................................................. 64

**GOOGLE'S AFFIRMATIVE DEFENSES ................................................................................ 65**

(JOINT) PROPOSED JURY INSTRUCTION NO. 8-1 ................................................. 65

(DISPUTED) JURY INSTRUCTION NO. 8-2 ............................................................. 66

(DISPUTED) JURY INSTRUCTION NO. 8-3 ............................................................. 68

(DISPUTED) JURY INSTRUCTION NO. 8-4 ............................................................. 70

(DISPUTED) JURY INSTRUCTION NO. 8-5 ............................................................. 72

(JOINT) PROPOSED JURY INSTRUCTION NO. 8-6 ................................................. 73

(DISPUTED) JURY INSTRUCTION NO. 8-7 ............................................................. 74

**DAMAGES ................................................................................................................................ 75**

(DISPUTED) JURY INSTRUCTION NO. 9-1 ............................................................. 75

(DISPUTED) JURY INSTRUCTION NO. 9-2 ............................................................. 77

(DISPUTED) JURY INSTRUCTION NO. 9-3 ............................................................. 79

(DISPUTED) JURY INSTRUCTION NO. 9-4 ............................................................. 81

(DISPUTED) JURY INSTRUCTION NO. 9-7 ............................................................. 83

(DISPUTED) JURY INSTRUCTION NO. 9-9 ............................................................. 84

**CLOSING INSTRUCTIONS ................................................................................................... 90**

(JOINT) PROPOSED JURY INSTRUCTION NO. 10-1 ............................................... 90

(JOINT) PROPOSED JURY INSTRUCTION NO. 10-2 ............................................... 91

(JOINT) PROPOSED JURY INSTRUCTION NO. 10-3 ............................................... 93

(JOINT) PROPOSED JURY INSTRUCTION NO. 10-4 ............................................... 94

## GENERAL INSTRUCTIONS

## (JOINT) PROPOSED JURY INSTRUCTION NO. 0-1

<u>Duty of Jury</u>
*Joint Proposal*

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

DATE SUBMITTED: November 1, 2023

*There is no redline because this instruction is identical to the 9th Circuit's Manual of Model Civil Jury Instructions 1.4.*

**(DISPUTED) JURY INSTRUCTION NO. 0-2**

<u>Claims and Defenses</u>
*Plaintiffs' Proposal*

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs are five people, each of whom has a Google account, and each of whom used a private browsing mode during the time period going back to June 1, 2016. Plaintiffs assert that the Defendant, Google, improperly collected, saved, and used their private browsing data. In this case, "Private Browsing Data" means data generated when Plaintiffs:

> (1) used Incognito mode in Google's Chrome browser, Private Browsing in Apple's Safari browser, or InPrivate in Microsoft's Edge and Internet Explorer browsers;

> (2) to visit a non-Google website (e.g., SFGATE, New York Times);

> (3) without being signed into their Google accounts.

There is no dispute in this case that Google collected, stored, and used Plaintiffs' Private Browsing Data, for the entire period at issue, and that Google did so intentionally. The disputes in this case focus instead of certain elements of Plaintiffs' claims and Google's defenses.

Plaintiffs assert seven claims against Google based on Google's collection, storage, and use of their Private Browsing Data: (1) violation of the California Computer Data Access and Fraud Act, sometimes referred to as the "CDAFA"; (2) violation of Section 631 of the California Invasion of Privacy Act, sometimes referred to as "CIPA"; (3) violation of Section 632 of the California Invasion of Privacy Act; (4) violation of the Electronic Communications Privacy Act, sometimes referred to as the "ECPA"; (5) breach of contract; (6) invasion of privacy under the California Constitution; and (7) intrusion upon seclusion under California law.

Plaintiffs are pursuing these claims on their own behalf, and also on a "class action" basis. In a moment, I will explain more about class actions.

Plaintiffs have the burden of proving their claims by a preponderance of the evidence.

Google denies Plaintiffs' claims and asserts certain affirmative defenses.

Google has the burden of proof on these affirmative defenses.

Plaintiffs deny these affirmative defenses.

<u>Claims and Defenses</u>
*Plaintiffs' Proposal vs. 9th Circuit Model 1.5*

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs are five people, each of whom has a Google account, and each of whom used a private browsing mode during the time period going back to June 1, 2016. Plaintiffs assert that the Defendant, Google, improperly collected, saved, and used their private browsing data. In this case, "Private Browsing Data" means data generated when Plaintiffs:

> (1) used Incognito mode in Google's Chrome browser, Private Browsing in Apple's Safari browser, or InPrivate in Microsoft's Edge and Internet Explorer browsers;

> (2) to visit a non-Google website (e.g., SFGATE, New York Times);

> (3) without being signed into their Google accounts.

There is no dispute in this case that Google collected, stored, and used Plaintiffs' Private Browsing Data, for the entire period at issue, and that Google did so intentionally. The disputes in this case focus instead of certain elements of Plaintiffs' claims and Google's defenses.

The plaintiff asserts ~~that~~ seven claims against Google based on Google's collection, storage, and use of their Private Browsing Data:~~[*plaintiff's claims*]~~ (1) violation of the California Computer Data Access and Fraud Act, sometimes referred to as the "CDAFA"; (2) violation of Section 631 of the California Invasion of Privacy Act, sometimes referred to as "CIPA"; (3) violation of Section 632 of the California Invasion of Privacy Act; (4) violation of the Electronic Communications Privacy Act, sometimes referred to as the "ECPA"; (5) breach of contract; (6) invasion of privacy under the California Constitution; and (7) intrusion upon seclusion under California law.

Plaintiffs are pursuing these claims on their own behalf, and also on a "class action" basis. In a moment, I will explain more about class actions.

~~The p~~Plaintiff~~s~~ ha~~ve~~s the burden of proving the~~ir~~se claims by a preponderance of the evidence.

1    ~~The defendant~~Google denies Plaintiffs'~~those~~ claims [and ~~also contends that~~asserts certain

2    affirmative defenses[*defendant's counterclaims and/or affirmative defenses*]].

3    [~~The defendant~~Google has the burden of proof on these [*counterclaims and/or affirmative*

4    *defenses.*]]affirmative defenses.

5    [~~The  P~~plaintiffs  ~~den~~yies  [*defendant's  counterclaims  and/or  affirmative  defenses*].]these

6    affirmative defenses.

7

8    DATE SUBMITTED: November 1, 2023

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**(DISPUTED) JURY INSTRUCTION NO. 0-3**

<u>Class Action</u>
*Plaintiffs' Proposal*

A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class." Plaintiffs Chasom Brown, William Byatt, Jeremy Davis, Christopher Castillo, and Monique Trujillo bring this action as the class representatives.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Because of the large number of class members that are at issue in this case, not everyone in the class has testified.

In this case, there are two classes, defined as follows:

**Class 1** – All Chrome browser users with a Google account who accessed a non-Google website containing Google tracking or advertising code using such browser and who were (a) in "Incognito mode" on that browser and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016 through the present.

**Class 2** – All Safari, Edge, and Internet Explorer users with a Google account who accessed a non-Google website containing Google tracking or advertising code using such browser and who were (a) in a "private browsing mode" on that browser and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016 through the present.

These classes seek changes to Google's practices, which is referred to as injunctive relief. I will decide whether the classes are entitled to any injunctive relief and if so what relief. That is not an issue that you need to decide.

You will be deciding the five Plaintiffs' individual claims, including their request for monetary relief. That is money these five people are seeking individually, not for either of the classes.

For the classes' claims for injunctive relief, you will be serving as an advisory jury, meaning that your decisions on the five Plaintiffs' individual claims may influence my decision about whether the classes are entitled to injunctive relief against Google.

Class Action

*Plaintiffs' Proposal vs. CACI 115*

A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class." Plaintiffs Chasom Brown, William Byatt, Jeremy Davis, Christopher Castillo, and Monique Trujillo [*Name of plaintiff*] brings this action as the class representatives.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Because of the large number of class members that are at issue in this case, not everyone in the class will testify. You may assume that the evidence at this [stage of the] trial applies to all class members [except as I specifically tell you otherwise]. All members of the class will be bound by the result of this trial.

In this case, the class(es) consist(s) of the following:

[*Describe each class*]

**Class 1** – All Chrome browser users with a Google account who accessed a non-Google website containing Google tracking or advertising code using such browser and who were (a) in "Incognito mode" on that browser and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016 through the present.

**Class 2** – All Safari, Edge, and Internet Explorer users with a Google account who accessed a non-Google website containing Google tracking or advertising code using such browser and who were (a) in a "private browsing mode" on that browser and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016 through the present.

These classes seek changes to Google's practices, which is referred to as injunctive relief. I will decide whether the classes are entitled to any injunctive relief and if so what relief. That is not an issue that you need to decide.

You will be deciding the five Plaintiffs' individual claims, including their request for monetary relief. That is money these five people are seeking individually, not for either of the classes.

For the classes' claims for injunctive relief, you will be serving as an advisory jury, meaning that your decisions on the five Plaintiffs' individual claims may influence my decision about whether the classes are entitled to injunctive relief against Google.

DATE SUBMITTED: November 1, 2023

1

**(JOINT) PROPOSED JURY INSTRUCTION NO. 0-4**

2

<u>Burden of Proof – Preponderance of the Evidence</u>
*Joint Proposal*

3

4

   When a party has the burden of proving any claim or affirmative defense by a preponderance

5

of the evidence, it means you must be persuaded by the evidence that the claim or affirmative

6

defense is more probably true than not true.

7

   You should base your decision on all of the evidence, regardless of which party presented it.

8

   The elements of each claim and defense, with the exception of two on which I will separately

9

instruct you, must be proven by a preponderance of the evidence.

10

11

<u>Burden of Proof – Preponderance of the Evidence</u>
*Joint Proposal vs. 9th Circuit Model 1.6*

12

   When a party has the burden of proving any claim or affirmative defense by a preponderance

13

of the evidence, it means you must be persuaded by the evidence that the claim or affirmative

14

defense is more probably true than not true.

15

   You should base your decision on all of the evidence, regardless of which party presented it.

16

   <u>The elements of each claim and defense, with the exception of two on which I will separately</u>

17

<u>instruct you, must be proven by a preponderance of the evidence.</u>

18

19

DATE SUBMITTED: November 1, 2023

20

21

22

23

24

25

26

27

28

**(JOINT) PROPOSED JURY INSTRUCTION NO. 0-5**

<u>What is Evidence</u>
*Joint Proposal*

The evidence you are to consider in deciding what the facts are consists of:

      (1)     the sworn testimony of any witness;

      (2)     the exhibits that were admitted into evidence;

      (3)     any facts to which the lawyers have agreed; and

      (4)     any facts that I have instructed you to accept as proved.

*There is no redline because this instruction is identical to the 9th Circuit's Manual of Model Civil Jury Instructions 1.9.*

DATE SUBMITTED: November 1, 2023

CASE NO. 4:20-cv-03664-YGR-SVK

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

**(JOINT) PROPOSED JURY INSTRUCTION NO. 0-6**

<u>What Is Not Evidence</u>
*Joint Proposal*

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that was excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

*There is no redline because this instruction is identical to the 9th Circuit's Manual of Model Civil Jury Instructions 1.10.*

DATE SUBMITTED: November 1, 2023

CASE NO. 4:20-cv-03664-YGR-SVK

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

**(JOINT) PROPOSED JURY INSTRUCTION NO. 0-7**

<u>Evidence for Limited Purpose</u>
*Joint Proposal*

Some evidence was admitted only for a limited purpose.

When I instructed you that an item of evidence was admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

<u>Evidence for Limited Purpose</u>
*Joint Proposal vs. 9th Circuit Model 1.11*

Some evidence was admitted only for a limited purpose.

When I instructed you that an item of evidence was admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]

DATE SUBMITTED: November 1, 2023

**(JOINT) PROPOSED JURY INSTRUCTION NO. 0-8**

<u>Direct and Circumstantial Evidence</u>
*Joint Proposal*

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

*There is no redline because this instruction is identical to the 9th Circuit's Manual of Model Civil Jury Instructions 1.12.*

DATE SUBMITTED: November 1, 2023

CASE NO. 4:20-cv-03664-YGR-SVK
**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

**(JOINT) PROPOSED JURY INSTRUCTION NO. 0-9**

<u>Credibility of Witnesses</u>
*Joint Proposal*

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may have said something that is not consistent with something else he or she said. Sometimes different witnesses gave different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

DATE SUBMITTED: November 1, 2023

*There is no redline because this instruction is identical to the 9th Circuit's Manual of Model Civil Jury Instructions 1.14.*

**(JOINT) PROPOSED JURY INSTRUCTION NO. 0-10**

<u>Stipulations of Fact</u>
*Joint Proposal*

The parties have agreed to certain facts, which are included below.

You must therefore treat these facts as having been proved.

[To be added]

<u>Stipulations of Fact</u>
*Joint Proposal vs. 9th Circuit Model 2.2*

The parties have agreed to certain facts ~~[to be placed in evidence as Exhibit ___] [that will be read to you]~~, which are included below.

You must therefore treat these facts as having been proved.

[To be added]

DATE SUBMITTED: November 1, 2023

**(JOINT) PROPOSED JURY INSTRUCTION NO. 0-11**

<u>Conduct of the Jury</u>
*Joint Proposal*

I will now say a few words about your conduct as jurors.

First, keep an open mind, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court took an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

DATE SUBMITTED: November 1, 2023

*There is no redline because this instruction is identical to the 9th Circuit's Manual of Model Civil Jury Instructions 1.15.*

## (JOINT) PROPOSED JURY INSTRUCTION NO. 0-12

<u>Charts and Summaries Not Received in Evidence</u>
*Joint Proposal*

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

DATE SUBMITTED: November 1, 2023

*There is no redline because this instruction is identical to the 9th Circuit's Manual of Model Civil Jury Instructions 2.14.*

CASE NO. 4:20-cv-03664-YGR-SVK
**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

**(JOINT) PROPOSED JURY INSTRUCTION NO. 0-13**

Charts and Summaries Not Received in Evidence
*Joint Proposal*

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

DATE SUBMITTED: November 1, 2023

*There is no redline because this instruction is identical to the 9th Circuit's Manual of Civil Jury Instructions 2.14.*

**(JOINT) PROPOSED JURY INSTRUCTION NO. 0-14**

<u>Evidence In Electronic Format</u>
*Joint Proposal*

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the Courtroom Deputy. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the Courtroom Deputy, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the Courtroom Deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

DATE SUBMITTED: November 1, 2023

*There is no redline because this instruction is identical to the 9th Circuit's Manual of Model Civil Jury Instructions 2.16.*

**(JOINT) PROPOSED JURY INSTRUCTION NO. 0-15**

Corporations and Partnerships – Fair Treatment

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

DATE SUBMITTED: November 1, 2023

*There is no redline because this instruction is identical to the 9th Circuit's Manual of Model Civil Jury Instructions 4.1.*

CASE NO. 4:20-cv-03664-YGR-SVK
**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

**(DISPUTED) JURY INSTRUCTION NO. 0-16**

Google's Discovery Misconduct
*Plaintiffs' Proposal*

During discovery in this case, Google failed to disclose to Plaintiffs the names of key Google employees responsible for developing and implementing Google's Incognito-detection bits.

Despite multiple Court orders requiring Google to disclose the information, Google failed to timely disclose (a) at least []¹ relevant data sources reflecting the use of three Incognito-detection bits; and (b) at least one additional Incognito-detection bit and any data sources in which it was used.

You may infer from Google's failure to disclose these data sources that they are not helpful to Google.

DATE SUBMITTED: November 1, 2023

*There is no redline because this instruction is identical to the jury instruction that Magistrate Judge Van Keulen recommended in the second sanctions order (Dkt. 898).*

---

¹ For the exact number, *see* Dkt. 898 (sealed March 2023 sanctions order) at 12.

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

The Court will now explain the substantive law applicable to the claims brought in this action.

**(DISPUTED) JURY INSTRUCTION NO. 0-34**

<u>Claims</u>

Plaintiffs brought the following claims against Google under the applicable laws:

(1) The Comprehensive Computer Data Access and Fraud Act ("CDAFA"), California Penal Code § 502 *et seq*.

(2) The California Invasion of Privacy Act ("CIPA"), California Penal Code § 631

(3) CIPA, California Penal Code § 632

(4)  The Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, *et seq*.

(5) Breach of Contract

(6) Invasion of Privacy

(7) Intrusion Upon Seclusion


DATE SUBMITTED: November 1, 2023

**FIRST CLAIM: VIOLATION OF THE CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT ("CDAFA"), CAL. PENAL CODE § 502**

**(DISPUTED) JURY INSTRUCTION NO. 1-1**

Essential Factual Elements
*Plaintiffs' Proposal*

Each Plaintiff claims that Google has violated the Comprehensive Computer Data and Access Fraud Act, sometimes referred to as "CDAFA." To establish this claim, each Plaintiff must prove all of the following:

1. Each Plaintiff is the owner of the computer, mobile device, or data.

2. Google knowingly accessed each Plaintiff's computer, mobile device, or data;

3. Google's taking, copying, or use of his or her Private Browsing Data was without that Plaintiff's permission;

4. Each Plaintiff was harmed; and

5. Google's conduct was a substantial factor in causing each Plaintiff's harm.

There is no dispute that Plaintiffs satisfy Element 1. You must decide Elements 2, 3, 4, and 5.

Essential Factual Elements
*Plaintiffs' Proposal vs. CACI 1812*

[*Name of plaintiff*] Each Plaintiff claims that [*name of defendant*]Google has violated the Comprehensive Computer Data and Access Fraud Act, sometimes referred to as "CDAFA." To establish this claim, [*name of plaintiff*] each Plaintiff must prove all of the following:

1. That [*name of plaintiff*] Each Plaintiff is the [owner/lessee] of the [*specify computer, computer system, computer network, computer program, and/or data*] computer, mobile device, or data;

2. That [*name of defendant*]Google knowingly [*specify one or more prohibited acts from Pen. Code § 502(c), e.g., accessed [name of plaintiff]'s data on a computer, computer system, or computer network*] accessed each Plaintiff's computer, mobile device, or data;

3. That [*name of defendant*]Google's [*specify conduct from Pen. Code § 502(C), e.g., use of the computer services*]taking, copying, or use of his or her Private Browsing Data was without [*name of plaintiff*]that Plaintiff's permission;

4. That [*name of plaintiff*] Each Plaintiff was harmed; and

5. That [*name of defendant*]Google's conduct was a substantial factor in causing each [*name of plaintiff*]Plaintiff's harm.

There is no dispute that Plaintiffs satisfy Element 1. You must decide Elements 2, 3, 4, and 5.

DATE SUBMITTED: November 1, 2023

**(DISPUTED) JURY INSTRUCTION NO. 1-2**

<u>Access</u>
*Plaintiffs' Proposal*

For the second element, the term "access" means to gain entry to, instruct, cause input to, cause output from, cause data processing with, or communicate with the logical, arithmetical, or memory function resources of a computer or mobile device.

A person can access a computer, mobile device, or data in different ways. For example, access can be accomplished by sitting down at a computer and using the mouse and keyboard, or by using a wireless network, or some other method or tool to gain remote entry.

<u>Access</u>
*Plaintiffs' Proposal vs. CACI 1813*

For the second element, Tthe term "access" means to gain entry to, instruct, cause input to, cause output from, cause data processing with, or communicate with the logical, arithmetical, or memory function resources of a computer, computer system, or computer network or mobile device.

A person can access a computer, computer system, or computer network mobile device, or data in different ways. For example, access can be accomplished by sitting down at a computer and using the mouse and keyboard, or by using a wireless network, or some other method or tool to gain remote entry.

DATE SUBMITTED: November 1, 2023

CASE NO. 4:20-cv-03664-YGR-SVK
**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

## (DISPUTED) JURY INSTRUCTION NO. 1-3

<u>Harm</u>
*Plaintiffs' Proposal*

As part of this claim, you must consider whether Plaintiffs were harmed.

The California Constitution expressly recognizes a right to privacy as an "inalienable right." This right to privacy concerns one's own peace of mind. Any injury to Plaintiffs' interest in privacy, feelings, or peace of mind resulting from Google's taking, copying, or use of Plaintiffs' Private Browsing Data constitutes harm.

California law also recognizes a right to disgorgement of profits resulting from unjust enrichment. If you find that Google profited from its collection, storage, and use of Plaintiffs' Private Browsing Data, you should consider whether the circumstances are such that, as between Google and Plaintiffs, it is unjust for Google to retain those profits. If you find that Google was unjustly enriched, that also constitutes harm to Plaintiffs, even if Plaintiffs have not suffered a corresponding loss.

Plaintiffs can also demonstrate harm by proving that there is a market for their browsing data, and that Google's conduct inhibited Plaintiffs' ability to participate in that market.

In addition, unauthorized use of a device constitutes harm if that use causes a non-de minimis drain on the device's resources, including storage, battery life, and bandwidth.

DATE SUBMITTED: November 1, 2023


*There is no redline because there is no pattern instruction specific to this element.*

**(JOINT) PROPOSED JURY INSTRUCTION NO. 1-4**

<u>Substantial Factor</u>
*Joint Proposal*

For the fifth element, a substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

<u>Substantial Factor</u>
*Joint Proposal vs. CACI 430*

~~For the fifth element, A~~a substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

~~[Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.]~~

DATE SUBMITTED: November 1, 2023

**SECOND CLAIM: VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT ("CIPA"), CAL. PENAL CODE § 631**

**(DISPUTED) JURY INSTRUCTION NO. 2-1**

Introduction
*Plaintiffs' Proposal*

Each Plaintiff claims that Google has violated his or her right to privacy. A person's right to privacy can be violated in more than one way. Each Plaintiff claims that Google violated Section 631 and Section 632 of the California Invasion of Privacy Act, sometimes referred to as "CIPA." To establish their claim under Section 631, each Plaintiff must prove all of the following:

1. Google read, attempted to read, or learned the contents or meaning of his or her private browsing communications with non-Google websites and signed out of his or her Google account;

2. Google did so while these communications were or being sent from or received within California;

3. Google acted willfully; and

4. Google did not have the consent of all parties to intercept these communications, or Google intercepted these communications in any unauthorized manner.

There is no dispute that Plaintiffs satisfy Elements 2 and 3. You must decide Elements 1 and 4. For this claim, you need not consider whether Plaintiffs were harmed.

DATE SUBMITTED: November 1, 2023

*There is no redline because there is no model instruction for this claim. The "directions for use" accompanying CACI 1809 do, however, suggest giving "an introductory instruction stating that a person's right to privacy can be violated in more than one way and listing the legal theories under which the plaintiff is suing."*

**(DISPUTED) JURY INSTRUCTION NO. 2-2**

<u>Contents</u>
*Plaintiffs' Proposal*

For the first element, "contents" includes any information concerning the substance, purport, or meaning of that communication. A URL can qualify as "contents" provided it reveals the particular document within a website that a person views. Search terms also qualify as "contents."

Record information like basic identification and address information does not qualify as "contents." For example IP addresses user names, user IDs and geographic location are not.

DATE SUBMITTED: November 1, 2023

*There is no redline because there is no model instruction for this claim.*

CASE NO. 4:20-cv-03664-YGR-SVK
**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

**(DISPUTED) JURY INSTRUCTION NO. 2-4**

<u>Consent</u>
*Plaintiffs' Proposal*

Plaintiffs must offer some evidence that they or non-Google websites did not consent to the specific practices at issue, or that Google acted in "any unauthorized manner" with respect to the specific practices at issue—here, Google's collection, storage, and use of Plaintiffs' private browsing communications during their visits to non-Google websites while signed out of their Google accounts. If you find that Plaintiffs have offered some evidence that they did not consent, or that Google acted in any unauthorized manner, then Plaintiffs satisfy this element.

Google is also asserting the affirmative defense of consent. That affirmative defense has specific meaning, which I will instruct you on later. For now, you need only consider whether Plaintiffs have offered some evidence that they did not consent, or that Google acted in an unauthorized manner.

DATE SUBMITTED: November 1, 2023

*There is no redline because there is no model instruction for this claim.*

CASE NO. 4:20-cv-03664-YGR-SVK
**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

**(DISPUTED) JURY INSTRUCTION NO. 2-6**

<u>Number of Violations</u>
*Plaintiffs' Proposal*

If you find that Plaintiffs have proven their claim under Section 631 of the California Invasion of Privacy Act, you will need to decide how many times Google violated the law, as to each Plaintiff.

Each interception qualifies as a separate violation of the law.


DATE SUBMITTED: November 1, 2023


*There is no redline because there is no model instruction for this claim.*

-38-

**THIRD CLAIM: VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT ("CIPA"), CAL. PENAL CODE § 632**

**(DISPUTED) JURY INSTRUCTION NO. 3-1**

Introduction
*Plaintiffs' Proposal*

As I have explained, each Plaintiff also claims that Google has violated his or her right to privacy under Section 632 of the California Invasion of Privacy Act. To establish this claim, each Plaintiff must prove all of the following:

1. Google intentionally eavesdropped on or recorded each Plaintiff's private browsing communications with non-Google websites while signed out of his or her Google account;

2. He or she had an objectively reasonable expectation that these communications were not being overheard or recorded;

3. Google did not have the consent of all parties to eavesdrop on or record these communications.

There is no dispute as to Element 1. Your focus should be on deciding Elements 2 and 3. In addition, for this claim, you need not consider whether Plaintiffs were harmed.

Introduction
*Plaintiffs' Proposal vs. CACI 1809*

As I have explained, [*Name of plaintiff*]each Plaintiff also claims that [*name of defendant*]Google violated [his/ or her/*nonbinary pronoun*] right to privacy under Section 632 of the California Invasion of Privacy Act. To establish this claim, [*name of plaintiff*]each Plaintiff must prove all of the following:

1. That [*name of defendant*]Google intentionally [eavesdropped on /or recorded] [*name of plaintiff*]each Plaintiff's conversation private browsing communications with non-Google websites while signed out of his or her Google accountby using an electronic device;

2. That [*name of plaintiff*]He or she had an objectively reasonable expectation that the conversation wasthese communications were not being overheard or recorded; and

3. That [*name of defendant*]Google did not have the consent of all parties to the conversation to [eavesdrop on or/record] itthese communications.

-39-

There is no dispute as to Element 1. Your focus should be on deciding Elements 2 and 3. In addition, for this claim, you need not consider whether Plaintiffs were harmed.

DATE SUBMITTED: November 1, 2023

**(DISPUTED) JURY INSTRUCTION NO. 3-3**

<u>"Overheard or Recorded"</u>
*Plaintiffs' Proposal*

Each Plaintiff must prove the existence of a reasonable expectation that their private browsing communications with non-Google websites while signed out of their Google accounts were not being overheard or recorded. In other words, each Plaintiff must demonstrate a reasonable expectation that their communications with non-Google websites while signed out of their Google account were not being disseminated to an unannounced observer.

DATE SUBMITTED: November 1, 2023

*There is no redline because there is no model instruction on this element.*

**(DISPUTED) JURY INSTRUCTION NO. 3-4**

<u>Consent</u>
*Plaintiffs' Proposal*

Plaintiffs must offer some evidence that they or non-Google websites did not consent to the specific practices at issue—here, Google's collection, storage, and use of Plaintiffs' private browsing communications during their visits to non-Google websites while signed out of their Google accounts. If you find that Plaintiffs have offered some evidence that they did not consent, then Plaintiffs satisfy this element.

Google is also asserting the affirmative defense of consent. That affirmative defense has specific meaning, which I will instruct you on later. For now, you need only consider whether Plaintiffs have offered some evidence that they did not consent.

DATE SUBMITTED: November 1, 2023

*There is no redline because there is no model instruction on this element.*

1

**(DISPUTED) JURY INSTRUCTION NO. 3-5**

2

<u>Number of Violations</u>
*Plaintiffs' Proposal*

3

4

        If you find that Plaintiffs have proven their claim under Section 632 of the California

5

Invasion of Privacy Act, you will need to decide how many times Google violated the law, as to

6

each Plaintiff.

7

        Each recording qualifies as a separate violation of the law.

8

9

DATE SUBMITTED: November 1, 2023

10

*There is no redline because there is no model instruction on this element.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOURTH CLAIM: VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT ("ECPA"), 18 U.S.C. §§ 2510, ET. SEQ.**

**(DISPUTED) JURY INSTRUCTION NO. 4-1**

Introduction
*Plaintiffs' Proposal*

Each Plaintiff claims that Google violated the Electronic Communications Privacy Act, also referred to as the ECPA. To establish this claim, each Plaintiff must prove all of the following:

1. Google intercepted or endeavored to intercept each Plaintiff's private browsing communications with non-Google websites while signed out of his or her Google account;

2. The intercepted communications were electronic communications;

3. Google acted intentionally.

There is no dispute that Plaintiffs satisfy Elements 2 and 3 ("electronic communications" and "intentionally"). You must decide Element 1. In addition, for this claim, you need not consider whether Plaintiffs were harmed.

Introduction
*Plaintiffs' Proposal vs. Sand's Modern Federal Jury Instructions 92-2*

Each Plaintiff claims that Google violated the Electronic Communications Privacy Act, also referred to as the ECPA. ~~Under the Wiretap Act~~To establish this claim, ~~the~~each ~~p~~Plaintiff ~~has the burden of~~must prov~~ing each~~all of the following ~~elements by a preponderance of the evidence~~:

1. ~~That the defendant~~ Google intercepted or endeavored to intercept each Plaintiff's private browsing~~a~~ communication~~ with non-Google websites while signed out of his or her Google account~~;

2. ~~That t~~The intercepted communication~~s~~ w~~ere~~as a wire (~~or~~ oral ~~or~~ electronic~~)~~ communication~~s, as I will explain that term to you~~; and

3. ~~That the defendant~~Google acted intentionally.

There is no dispute that Plaintiffs satisfy Elements 2 and 3 ("electronic communications" and "intentionally"). You must decide Element 1. In addition, for this claim, you need not consider whether Plaintiffs were harmed.

DATE SUBMITTED: November 1, 2023

**(DISPUTED) JURY INSTRUCTION NO. 4-2**

<u>Intercept</u>
*Plaintiffs' Proposal*

To intercept a communication means to acquire access to the contents of that communication through the use of any electronic, mechanical, or other device. This includes use of a Plaintiff's device, the Plaintiff's web browser, or Google code embedded within non-Google websites.

There is no dispute that Google intercepts private browsing communications. You should decide whether Google intercepts "the contents" of those communications.

"Contents" has the same meaning as noted above for Plaintiffs' California Invasion of Privacy ("CIPA") claim. *See* Instruction <mark>TK</mark>.

The statute contains an exception for certain devices being used by a provider of wire or electronic communications. Google contends this exception applies. Plaintiffs deny that assertion.

This exception is narrow. It applies only if Google proves that Plaintiffs would not be able to communicate with non-Google websites but for Google's interceptions. In other words, Google's interceptions must facilitate or be incidental to users' communications with non-Google websites. It is insufficient for Google to show that its interceptions are necessary for Google to provide services to websites.

In addition, this exception does not apply if you find that Google violated its agreement with users by collecting users' Private Browsing Data.

If you find that this exception applies, then you must find for Google on this claim.

<u>Intercept</u>
*Plaintiffs' Proposal vs. Sand's Modern Federal Jury Instructions 92-2*

~~The first element that the plaintiff must prove by a preponderance of the evidence is that the defendant intercepted a communication.~~

To intercept a communication means to acquire access to the contents of that communication through the use of any electronic, mechanical, or other device. <u>This includes use of a Plaintiff's device, the Plaintiff's web browser, or Google code embedded within non-Google websites.</u>

-45-

There is no dispute that Google intercepts private browsing communications. You should decide whether Google intercepts "the contents" of those communications.

"Contents" has the same meaning as noted above for Plaintiffs' California Invasion of Privacy ("CIPA") claim. *See* Instruction TK.

The statute contains an exception for certain devices being used by a provider of wire or electronic communications. Google contends this exception applies. Plaintiffs deny that assertion.

This exception is narrow. It applies only if Google proves that Plaintiffs would not be able to communicate with non-Google websites but for Google's interceptions. In other words, Google's interceptions must facilitate or be incidental to users' communications with non-Google websites. It is insufficient for Google to show that its interceptions are necessary for Google to provide services to websites.

In addition, this exception does not apply if you find that Google violated its agreement with users by collecting users' Private Browsing Data.

If you find that this exception applies, then you must find for Google on this claim.

DATE SUBMITTED: November 1, 2023

**(DISPUTED) JURY INSTRUCTION NO. 4-6**

<u>Number of Violations</u>
*Plaintiffs' Proposal*

If you find that Plaintiffs have proven their claim under the ECPA, you will need to decide how many times Google violated the law, as to each Plaintiff.

Each interception qualifies as a separate violation of the law.

DATE SUBMITTED: November 1, 2023

*There is no redline because there is no model instruction for this claim.*

**FIFTH CLAIM: BREACH OF CONTRACT**

**(DISPUTED) JURY INSTRUCTION NO. 5-1**

<u>Essential Factual Elements</u>
*Plaintiffs' Proposal*

Plaintiffs claim they each entered into a form contract with Google, and that Google breached this contract in two ways: (1) by collecting, saving, and using their Private Browsing Data, and (2) by providing no control over Google's collection of their data. Plaintiffs claim that Google's breach of this contract caused harm to them, for which Google should pay. Google denies that it breached the contract.

To recover damages from Google for breach of contract, each Plaintiff must prove all of the following:

(1)    Plaintiffs and Google entered into a contract;

(2)    Google did something that the contract prohibited Google from doing;

(3)    Plaintiffs were harmed; and

(4)    Google's breach of contract was a substantial factor in causing Plaintiffs' harm.

<u>Essential Factual Elements</u>
*Plaintiffs' Proposal vs. CACI 300 (first paragraph) and CACI 303 (second paragraph)*

[*Name of plaintiff*]Plaintiffs claims that [*he/she/nonbinary pronoun/it*]they each and [*name of defendant*] entered into a contract with Google for [*insert brief summary of alleged contract*]. [*Name of plaintiff*] claims, and that [*name of defendant*]Google breached this contract in two ways: (1) by [*briefly state the alleged breach*]collecting, saving, and using their Private Browsing Data, and (2) by providing no control over Google's collection of their data. [*Name of plaintiff*]Plaintiffs also claims that [*name of defendant*]Google's breach of this contract caused harm to [*name of plaintiff*]them, for which [*name of defendant*]Google should pay. [*Name of defendant*]Google denies [*insert denial of any of the above claims*] that it breached the contract. [*Name of defendant*] also claims [*insert affirmative defense*].

To recover damages from [*name of defendant*]Google for breach of contract, [*name of plaintiff*]each Plaintiff must prove all of the following:

CASE NO. 4:20-cv-03664-YGR-SVK

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

(1)    ~~That [*name of plaintiff*]~~Plaintiffs and ~~[*name of defendant*]~~Google entered into a contract;

(2)    ~~[That [*name of plaintiff*] did all, or substantially all, of the significant things that the contract required [him/her/*nonbinary pronoun*/it] to do;]~~

~~[or]~~

(2)    ~~[That [*name of plaintiff*] was excused from having to [*specify things that plaintiff did not do, e.g., obtain a guarantor on the contract*];]~~

(3)    ~~[That [*specify occurrence of all conditions required by the contract for [name of defendant]'s performance, e.g., the property was rezoned for residential use*];]~~

~~[or]~~

(3)    ~~[That [*specify condition(s) that did not occur*] [was/were] [waived/excused];]~~

(4)    ~~[That [*name of defendant*] failed to do something that the contract required [him/her/*nonbinary pronoun*/it] from doing;]~~

~~[or]~~

(4)    ~~[That [*name of defendant*]~~Google did something that the contract prohibited ~~[him/her/*nonbinary pronoun*/it~~Google from doing;~~]~~

(5)    ~~That [*name of plaintiff*]~~Plaintiffs w~~er~~e~~as~~ harmed; and

(6)    ~~That [*name of defendant*]~~Google's breach of contract was a substantial factor in causing ~~[*name of plaintiff*]'~~Plaintiff~~s~~' harm.

DATE SUBMITTED: November 1, 2023

-49-                                    CASE NO. 4:20-cv-03664-YGR-SVK

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

**(DISPUTED) JURY INSTRUCTION NO. 5-2**

<u>The Contract</u>
*Plaintiffs' Proposal*

Plaintiffs and Google agree there is a contract between the parties. Plaintiffs and Google agree that this contract includes (1) Google's Terms of Service, for the full class period, (2) the Chrome Privacy Notice, and (3) Google's Privacy Policy, until March 2020. The parties dispute whether the Privacy Policy continued to be part of the contract after March 2020, and whether certain other documents are also part of the contract.

DATE SUBMITTED: November 1, 2023

*There is no redline because there is no corresponding model instruction.*

**(DISPUTED) JURY INSTRUCTION NO. 5-3**

<u>Incorporation by Reference</u>
*Plaintiffs' Proposal*

Plaintiffs contend that Google's Privacy Policy continued to be part of the contract after March 2020. Google disputes that the Privacy Policy continued to be part of the contract after March 2020.

In addition, Plaintiffs contend that the contract also includes (1) the Incognito New Tab Page (the Incognito Splash Screen) and (2) the Search & Browse Privately Page. Google disputes that the contract includes the Incognito New Tab Page and the Search & Browse Privately Page. You should first decide whether these documents are incorporated into the parties' contract.

For a document to be incorporated, the reference must be clear and unequivocal, the reference must be called to the attention of the other party and they must consent to it, and the terms of the incorporated document must be known or easily available to the contracting parties. However, the contract need not recite that it incorporates another document, so long as it guides the reader to the incorporated document. It is sufficient for incorporation if a contract guides the parties to a document and the parties received that document.

After you have decided which documents are part of the contract, you must next decide whether Google breached the contract, consistent with the instructions below.

DATE SUBMITTED: November 1, 2023

*There is no redline because there is no corresponding model instruction.*

**(DISPUTED) JURY INSTRUCTION NO. 5-5**

<u>Disputed Words and Principles of Contract Interpretation</u>
*Plaintiffs' Proposal*

Plaintiffs and Google dispute the meaning of the contract as it relates to private browsing and consent. Plaintiffs must prove their interpretation is correct.

The following instructions may help you interpret the words of the contract. In deciding what the words of a contract mean, you must decide what the parties intended at the time the contract was created. You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

The following instructions may also help you interpret the words of the contract:

(1) You should assume that the words in their contract have their usual and ordinary meaning unless you decide that the words have a special meaning.

(2) In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

(3) The contract language should be assessed objectively, from the perspective of a reasonable Google user.

In determining the meaning of the words of the contract, you must first consider all of the other instructions that I have given you.

If, after considering these instructions, you still cannot agree on the meaning of the words, then you should interpret the contract against Google, the drafter of the contract.

<u>Disputed Words and Principles of Contract Interpretation</u>
*Plaintiffs' Proposal vs. Identified CACI Instructions*

[CACI 314] [*Name of plaintiff*]Plaintiffs and [*name of defendant*]Google dispute the meaning of the following words in their contract as it relates to private browsing and consent: [*insert disputed language*]. [*Name of plaintiff*] claims that the words mean [*insert plaintiff's interpretation*]. [*Name of defendant*] claims that the words mean [*insert defendant's interpretation*]. [*Name of plaintiff*]Plaintiffs must prove that [his/her/*nonbinary pronoun*/its]their interpretation is correct.

1   [CACI 314] The following instructions may help you interpret the words of the contract. In

2   deciding what the words of a contract mean, you must decide what the parties intended at the time

3   the contract was created. You may consider the usual and ordinary meaning of the language used in

4   the contract as well as the circumstances surrounding the making of the contract. The following

5   instructions may also help you interpret the words of the contract:

6   [CACI 315] You should assume that the parties intended the words in their contract to have

7   their usual and ordinary meaning unless you decide that the parties intended the words to have a

8   special meaning.

9   [CACI 317] In deciding what the words of a contract mean to the parties, you should consider

10   the whole contract, not just isolated parts. You should use each part to help you interpret the others,

11   so that all the parts make sense when taken together.

12   The contract language should be assessed objectively, from the perspective of a reasonable

13   Google user.

14   [CACI 320] In determining the meaning of the words of the contract, you must first consider

15   all of the other instructions that I have given you.

16   If, after considering these instructions, you still cannot agree on the meaning of the words,

17   then you should interpret the contract against Google, [the party that drafted r the disputed words/the

18   party that caused the uncertainty]of the contract.

19

20   DATE SUBMITTED: November 1, 2023

21

22

23

24

25

26

27

28

**(DISPUTED) JURY INSTRUCTION NO. 5-6**

<u>Extrinsic Evidence</u>
*Plaintiffs' Proposal*

Google has taken the position that the contract unambiguously supports its position in this case. For that reason, Google may not rely on extrinsic evidence. In other words, to support its interpretation of the contract, Google may only rely on the documents that it contends are part of the contract, and nothing else. Plaintiffs by contrast, may rely on extrinsic evidence.

*There is no redline because there is no corresponding model instruction.*

DATE SUBMITTED: November 1, 2023

**(DISPUTED) JURY INSTRUCTION NO. 5-7**

<u>Harm</u>
*Plaintiffs' Proposal*

Each Plaintiff must prove that he or she was harmed. Under California law, the failure to perform a duty required by contract is a legal harm. This harm is independent of actual damage sustained by the Plaintiff.

DATE SUBMITTED: November 1, 2023

*There is no redline on harm because there is no corresponding model instruction.*

**SIXTH CLAIM: INVASION OF PRIVACY**

**(DISPUTED) JURY INSTRUCTION NO. 6-1**

<u>Introduction</u>
*Plaintiffs' Proposal*

Each Plaintiff brings an invasion of privacy claim under the California Constitution. To establish this claim, each Plaintiff must prove all of the following elements:

(1)     He or she had an objectively reasonable expectation of privacy in the Private Browsing Data;

(2)     The invasion was substantial, and of a kind that would be highly offensive to a reasonable person;

(3)     He or she sustained injury, damage, loss, or harm; and

(4)     Google's conduct was a substantial factor in causing his or her injury, damage, loss, or harm.

<u>Introduction</u>
*Plaintiffs' Proposal vs. CACI 1800 elements (elaboration on these elements to follow)*

[*Name of plaintiff*]Each Plaintiff claims that [*name of defendant*] violated [his/her/*nonbinary pronoun*] right to privacybrings an invasion of privacy claim under the California Constitution. To establish this claim, [*name of plaintiff*]each Plaintiff must prove all of the following:

(1)     That [*name of plaintiff*]He or she had an objectively reasonable expectation of privacy in [*specify place or other circumstance*] Private Browsing Data;

(2)     That [*name of defendant*] intentionally intruded in [*specify place or other circumstance*];

(3)(2)     That [*name of defendant*]'sThe intrusioninvasion was substantial, and of a kind that would be highly offensive to a reasonable person;

(4)(3)     That [*name of plaintiff*]He or she sustained injury, damage, loss, orwas harmed; and

(5)(4)     That [name of *defendant*]Google's conduct was a substantial factor in causing [*name of plaintiff*]'shis or her injury, damage, loss, or harm.

DATE SUBMITTED: November 1, 2023

**(DISPUTED) JURY INSTRUCTION NO. 6-3**

<u>Objectively Reasonable Expectation of Privacy</u>
*Plaintiffs' Proposal*

For the second element, in deciding whether each Plaintiff had an objectively reasonable expectation of privacy in the Private Browsing Data, you should consider, among other factors, the following:

(a) The identity of Google;

(b) The extent to which other persons had access to Private Browsing Data or could see or hear the Plaintiff; and

(c) The means by which the invasion occurred.

<u>Objectively Reasonable Expectation of Privacy</u>
*Plaintiffs' Proposal v. CACI 1800*

For the second element, i~~n~~ deciding whether ~~[*name of plaintiff*]~~each Plaintiff had a reasonable expectation of privacy in ~~[*specify place or other circumstance*]~~the Private Browsing Data, you should consider, among other factors, the following:

(a) The identity of ~~[*name of defendant*]~~Google;

(b) The extent to which other persons had access to ~~[*specify place or other circumstance*]~~Private Browsing Data and could see or hear ~~[*name of plaintiff*]~~the Plaintiff; and

(c) The means by which the intrusion occurred.

DATE SUBMITTED: November 1, 2023

**(DISPUTED) JURY INSTRUCTION NO. 6-4**

<u>Highly Offensive</u>
*Plaintiffs' Proposal*

In determining whether an intrusion is highly offensive, you should consider all of the evidence, including the degree of the invasion, the context, conduct, and circumstances surrounding the invasion as well as Google's motives and objectives, the setting in which the invasion occurred, and the Plaintiff's expectations of privacy in that setting.

<u>Highly Offensive</u>
*Plaintiffs' Proposal vs. Book of Approved Jury Instructions 7.20*

In determining whether an intrusion is highly offensive, you should consider all of the evidence, including the degree of the ~~intrusion~~<u>invasion</u>, the context, conduct and circumstances surrounding the ~~intrusion~~<u>invasion</u> as well as ~~the intruder~~<u>Google</u>'s motives and objectives, the setting in which the ~~intrusion~~<u>invasion</u> occur<u>red</u>s, and the ~~p~~<u>P</u>laintiff's expectations of privacy in that setting.

DATE SUBMITTED: November 1, 2023

**(DISPUTED) JURY INSTRUCTION NO. 6-5**

<u>Harm</u>
*Plaintiffs' Proposal*

This right to privacy concerns one's own peace of mind. Any injury to Plaintiffs' interest in privacy, feelings, or peace of mind resulting from Google's collection, storage, and use of Private Browsing Data constitutes harm.

California law also recognizes a right to disgorgement of profits resulting from unjust enrichment. If you find that Google profited from its collection, storage, and use of Plaintiffs' Private Browsing Data, you should consider whether the circumstances are such that, as between Google and Plaintiffs, it is unjust for Google to retain those profits. If you find that Google was unjustly enriched, that also constitutes harm to Plaintiffs, even if Plaintiffs have not suffered a corresponding loss.

Plaintiffs can also demonstrate harm by proving that there is a market for their browsing data, and that Google's conduct inhibited Plaintiffs' ability to participate in that market.

*There is no redline because there is no corresponding model instruction.*

DATE SUBMITTED: November 1, 2023

CASE NO. 4:20-cv-03664-YGR-SVK
**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

**(JOINT) PROPOSED JURY INSTRUCTION NO. 6-6**

<u>Substantial Factor</u>
*Joint Proposal*

For the fourth element, a substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

<u>Substantial Factor</u>
*Joint Proposal vs. CACI 430*

For the fourth element, Aa substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

[Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.]

DATE SUBMITTED: November 1, 2023

**SEVENTH CLAIM: INTRUSION UPON SECLUSION**

**(DISPUTED) JURY INSTRUCTION NO. 7-1**

<u>Introduction</u>
*Plaintiffs' Proposal*

Each Plaintiff brings an intrusion upon seclusion claim under California law. To establish this claim, each Plaintiff must prove all of the following elements:

(1)    Google intentionally intruded upon the solitude, seclusion, private affairs, or concerns of Plaintiffs;

(2)    The intrusion was substantial, and of a kind that would be highly offensive to a reasonable person;

(3)    He or she sustained injury, damage, loss, or harm ; and

(4)    Google's conduct was a substantial factor in causing each his or her injury, damage, loss, or harm.

<u>Introduction</u>
*Plaintiffs' Proposal vs. Book of Approved Jury Instructions 7.20 (elements)*

~~The~~Each ~~p~~Plaintiff *~~[insert]~~ ~~[also]~~* brings an ~~seeks to recover damages based upon a claim of invasion of privacy by~~ intrusion <u>upon seclusion</u> ~~into private affairs~~<u>claim under California law</u>. ~~The essential elements of this claim are~~<u>To establish this claim, each Plaintiff must prove all of the following elements</u>:

(1)    ~~The defendant~~<u>Google</u> intentionally intruded~~, physically or otherwise,~~ upon the solitude~~, or~~ seclusion, private affairs<u>,</u> or concerns of ~~the p~~<u>P</u>laintiff<u>s</u>;

(2)    The intrusion was substantial, and of a kind that would be highly offensive to a reasonable person; ~~and~~

(3)    ~~The intrusion caused plaintiff to~~<u>He or she</u> sustain<u>ed</u> injury, damage, loss or harm~~.~~<u>;</u> <u>and</u>

~~(3)~~<u>(4)</u>   Google's conduct was a substantial factor in causing his or her injury, damage, loss, or harm.

DATE SUBMITTED: November 1, 2023

**(DISPUTED) JURY INSTRUCTION NO. 7-3**

<u>Highly Offensive</u>
*Plaintiffs' Proposal*

In determining whether an intrusion is highly offensive, you should consider all of the evidence, including the degree of the intrusion, the context, conduct, and circumstances surrounding the intrusion as well as Google's motives and objectives, the setting in which the intrusion occurred, and the Plaintiff's expectations of privacy in that setting.

<u>Highly Offensive</u>
*Plaintiffs' Proposal vs. Book of Approved Jury Instructions 7.20*

In determining whether an intrusion is highly offensive, you should consider all of the evidence, including the degree of the intrusion, the context, conduct and circumstances surrounding the intrusion as well as ~~the intruder~~<u>Google</u>'s motives and objectives, the setting in which the intrusion occurred, and the ~~p~~<u>P</u>laintiff's expectations of privacy in that setting.

DATE SUBMITTED: November 1, 2023

**(DISPUTED) JURY INSTRUCTION NO. 7-4**

<u>Harm</u>
*Plaintiffs' Proposal*

This right to privacy concerns one's own peace of mind. Any injury to Plaintiffs' interest in privacy, feelings, or peace of mind resulting from Google's collection, storage, and use of Private Browsing Data constitutes harm.

California law also recognizes a right to disgorgement of profits resulting from unjust enrichment. If you find that Google profited from its collection, storage, and use of Plaintiffs' Private Browsing Data, you should consider whether the circumstances are such that, as between Google and Plaintiffs, it is unjust for Google to retain those profits. If you find that Google was unjustly enriched, that also constitutes harm to Plaintiffs, even if Plaintiffs have not suffered a corresponding loss.

Plaintiffs can also demonstrate harm by proving that there is a market for their browsing data, and that Google's conduct inhibited Plaintiffs' ability to participate in that market.

*There is no redline because there is no corresponding model instruction.*

DATE SUBMITTED: November 1, 2023

**(JOINT) PROPOSED JURY INSTRUCTION NO. 7-5**

<u>Substantial Factor</u>
*Joint Proposal*

For the fourth element, a substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

<u>Substantial Factor</u>
*Joint Proposal vs. CACI 430*

For the fourth element, Aa substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

[Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.]

DATE SUBMITTED: November 1, 2023

**GOOGLE'S AFFIRMATIVE DEFENSES**

**(JOINT) PROPOSED JURY INSTRUCTION NO. 8-1**

<u>Introduction</u>
*Joint Proposal*

Google asserts certain affirmative defenses. Google has the burden to prove these defenses by a preponderance of the evidence. Plaintiffs deny these defenses.

<u>Introduction</u>
*Joint Proposal vs. Ninth Circuit Model Instruction 1.5 (portion on defenses)*

~~The defendant~~<u>Google</u> ~~contends~~<u>asserts</u> that [*defendant's counterclaims and/or* <u>certain</u> affirmative defenses]. ~~The defendant~~<u>Google</u> has the burden ~~of~~<u>to</u> ~~proof~~<u>prove</u> ~~on~~ these [*counterclaims and/or affirmative* defenses] <u>by a preponderance of the evidence</u>. ~~The p~~<u>P</u>laintiffs den~~ies~~ <u>these</u>  ~~[*defendant's counterclaims and/or affirmative*~~ defenses.~~]~~

DATE SUBMITTED: November 1, 2023

### (DISPUTED) JURY INSTRUCTION NO. 8-2

<u>Consent</u>
*Plaintiffs' Proposal*

Google has alleged that each Plaintiff consented to its conduct. If Google proves that a Plaintiff consented to its conduct, it is not liable to that Plaintiff for violations of the California Invasion of Privacy Act (Claims 2 and 3) or for violations of the Electronic Communications Privacy Act (Claim 4). Consent is not a defense to Plaintiffs' other claims.

Consent can be express or implied. Whether express or implied, any consent must be knowing, voluntary, and actual. Google must prove that Plaintiff was explicitly notified of and consented to the specific practices at issue—here, Google's collection, storage, and use of Plaintiffs' private browsing communications during their visits to non-Google websites while signed out of their Google accounts. You must therefore inquire into the dimension of any consent and ascertain whether Google exceeded any boundaries of consent. If you find that Google's conduct went beyond the scope of any consent, then you must find that Plaintiffs did not consent to Google's conduct.

To establish this defense, Google must prove that the particular Plaintiff consented to Google's conduct with respect to his or her Private Browsing Data. As defined previously, Private Browsing Data means data regarding Plaintiffs' activity in a private browsing mode, on non-Google websites and while not signed in to any Google account.

Google contends that each Plaintiff expressly consented to its conduct. To prove express consent, Google must prove that the Plaintiff consented through words or in writing. In deciding whether each Plaintiff gave express consent, you should consider the circumstances surrounding the words or writing.

Google also contends that each Plaintiff impliedly consented by conduct. You may not consider this implied consent defense if you find that the parties' contract precludes Google from reducing Plaintiffs' rights without his or her "explicit consent." If you find that the parties' contract does not preclude Google from relying on an implied consent defense, then you may consider whether Plaintiffs impliedly consented. A plaintiff may impliedly consent by conduct that is

reasonably understood by another person as actual consent. In deciding whether Plaintiff gave Google consent, you should consider the circumstances surrounding the conduct.

With respect to Plaintiffs' claims for violation of the Electronic Communications Privacy Act (Claim 4) only, you may not find consent if Google's interception of Plaintiffs' private browsing communications was for the purpose of committing any criminal or tortious act in violation of the Constitution or laws or the United States or any state. Google's interception was for the purpose of committing a criminal or tortious act if Google intended to use private browsing communications to violate a law or statute such as the CDAFA (Plaintiffs' Claim 1), or to further invade Plaintiffs' privacy (Plaintiffs' Claims 6 and 7).

DATE SUBMITTED: November 1, 2023

*There is no redline because there is no corresponding model instruction, although certain principles and language above are drawn from CACI 1302, 1303, 1725, and 3025.*

**(DISPUTED) JURY INSTRUCTION NO. 8-3**

<u>Consent of Non-Google Websites</u>
*Plaintiffs' Proposal*

Google also alleges that the non-Google websites with whom Plaintiffs communicated while in private browsing modes consented to Google's conduct with respect to Private Browsing Data. . As defined previously, Private Browsing Data means data regarding Plaintiffs' activity in a private browsing mode, on non-Google websites and while not signed in to any Google account. If Google proves that these non-Google websites consented, then it is not liable for Plaintiffs' claim for violations of the Electronic Communications Privacy Act (Claim 4). Website consent is not a defense to any other claim.

You may not find that non-Google websites consent if Google's interception of Plaintiffs' private browsing communications was for the purpose of committing any criminal or tortious act in violation of the Constitution or laws or the United States or any state. Google's interception was for the purpose of committing a criminal or tortious act if Google intended to use private browsing communications to violate a law or statute such as the CDAFA (Plaintiffs' Claim 1), or to further invade Plaintiffs' privacy (Plaintiffs' Claims 6 and 7).

If you do not find that Google's interception was for the purpose of committing a criminal or tortious acct, then you must determine whether each non-Google website gave express or implied consent. Whether express or implied, any consent must be knowing, voluntary, and actual. Google must prove that the particular non-Google website was explicitly notified of and consented to the specific practices at issue—here, Google's collection, storage, and use of Plaintiffs' private browsing communications during their visits to non-Google websites while signed out of their Google accounts. You must therefore inquire into the dimension of any consent and ascertain whether Google exceeded any boundaries of consent. If you find that Google's conduct went beyond the scope of any consent, then you must find that the non-Google website did not consent to Google's conduct.

A non-Google website may expressly consent by words or writing or impliedly consent by conduct that is reasonably understood by another person as consent. In deciding whether a non-

Google website gave consent, you should consider the circumstances surrounding the words or conduct.

DATE SUBMITTED: November 1, 2023

*There is no redline because there is no corresponding model instruction, although certain principles and language above are drawn from CACI 1302, 1303, 1725, and 3025.*

**(DISPUTED) JURY INSTRUCTION NO. 8-4**

<u>Affirmative Defense: Whether Google's Invasion of Privacy Was Justified</u>
*Plaintiffs' Proposal*

This instruction applies only to Plaintiffs' claims for invasion of privacy (Claim 6) and intrusion upon seclusion (Claim 7).

An invasion of a privacy interest is not a violation of the state constitutional right to privacy if the invasion was justified because it substantively furthered one or more legitimate and important countervailing interests. Countervailing means of equal value, importance or significance. In making this determination, you must compare the interests the Plaintiffs have asserted in privacy with the competing non-privacy interests supporting Google's conduct. This comparison process requires you to balance these competing interests, and determine whether the non-privacy interests are as important or significant as Plaintiffs' privacy interests.

You should also consider whether it has been established that there were feasible and effective alternatives to Google's conduct which would have had a lesser impact on Plaintiffs' privacy interests. If there were such alternatives, Google's conduct was not justified.

Google has the burden of establishing all the facts necessary to prove the invasion of privacy was justified because it substantially furthered one or more countervailing interests. Plaintiffs, in turn, may rebut an assertion of countervailing interests by showing that there were feasible and effective alternatives to Google's conduct which would have had a lesser impact on the Plaintiffs' privacy interests.

<u>Affirmative Defense: Whether Google's Invasion of Privacy Was Justified</u>
*Plaintiffs' Proposal vs. Book of Approved Jury Instructions 7.25.2*

<span style="color:red"><u>This instruction applies only to Plaintiffs' claims for invasion of privacy (Claim 6) and intrusion upon seclusion (Claim 7).</u></span>

An invasion of a privacy interest is not a violation of the state constitutional right to privacy if the invasion was justified because it substantively furthered one or more legitimate and important countervailing interests. <span style="color:red">[Countervailing means of equal value, importance or significance.]</span> In making this determination, you must compare the interest[s] the pPlaintiffs Nhas assertesd in privacy

with the competing non-privacy interests supporting ~~the defendant's~~Google's conduct. This comparison process requires you to balance these competing interests, and determine whether the non-privacy interest~~[s]~~ ~~[is]~~ [are] as important or significant as the Plaintiffs' privacy interest~~[s] of the plaintiff~~.

[You should also consider whether it has been established that there were feasible and effective alternative~~s~~ ~~measures~~ to ~~defendant's~~Google's conduct which would have had a lesser impact on ~~p~~Plaintiff~~s~~'s privacy interest~~[s]~~. If there were such alternatives, ~~the defendant's~~ Google's conduct was not justified.]

~~The defendant~~Google has the burden of establishing all the facts necessary to prove the invasion of privacy was justified because it substantially furthered one or more countervailing interests. ~~[The p~~Plaintiff~~s~~, in turn, may rebut an assertion of countervailing interests by showing that there were feasible and effective alternatives to ~~defendant's~~ Google's conduct which would have had a lesser impact on the ~~p~~Plaintiff~~s~~'s privacy interest~~[s].]~~

DATE SUBMITTED: November 1, 2023

**(DISPUTED) JURY INSTRUCTION NO. 8-5**

<u>Statute of Limitations</u>
*Plaintiffs' Proposal*

For each claim, Google asserts a statute of limitations defense. Google alleges that Plaintiffs' damages should be limited to the time periods after certain dates, which I will describe in a moment. To succeed on this defense, Google must prove that Plaintiff's claimed harm occurred before the following dates for each claim:

- Claim 1: CDAFA: **June 2, 2017**

- Claims 2 and 3: CIPA §§ 631 and 632: **June 2, 2019**

- Claim 4: ECPA: **June 2, 2018**

- Claim 5: Breach of Contract: **June 2, 2016**

- Claims 6 and 7: Invasion of Privacy and Intrusion Upon Seclusion: **June 2, 2018**

<u>Statute of Limitations</u>
*Plaintiffs' Proposal vs. CACI 454*

For each claim, [~~*Name of defendant*~~]Google asserts a statute of limitations defense. Google ~~contends~~alleges that [~~*name of plaintiff*~~]Plaintiffs's ~~lawsuit was not filed within the time set by law~~damages should be limited to the time periods after certain dates, which I will describe in a moment. To succeed on this defense, [~~*name of defendant*~~]Google must prove that [~~*name of plaintiff*~~]'s claimed harm occurred before [~~*insert date from applicable statute of limitations*~~]the following dates for each claim:~~.~~

- Claim 1: CDAFA: **June 2, 2017**

- Claims 2 and 3: CIPA §§ 631 and 632: **June 2, 2019**

- Claim 4: ECPA: **June 2, 2018**

- Claim 5: Breach of Contract: **June 2, 2016**

- Claims 6 and 7: Invasion of Privacy and Intrusion Upon Seclusion: **June 2, 2018**

DATE SUBMITTED: November 1, 2023

**(JOINT) PROPOSED JURY INSTRUCTION NO. 8-6**

<u>Tolling – Delayed Discovery</u>
*Joint Proposal*

If Google proves that a portion of a Plaintiff's claimed harm for each claim occurred before the corresponding dates listed in the Instruction above, that Plaintiff's claim with respect to that portion was still filed on time if the Plaintiff proves that before that date, he or she did not discover, and did not know of facts that would have caused a reasonable person to suspect, that he or she had suffered harm that was caused by someone's wrongful conduct.

<u>Tolling – Delayed Discovery</u>
*Joint Proposal vs. CACI 455*

If [*name of defendant*]Google proves that a portion of a [*name of plaintiff*]Plaintiff's claimed harm occurred before [*insert date from applicable statute of limitations*]the corresponding dates listed in the Instruction above, that [*name of plaintiff*]Plaintiff's lawsuitclaim with respect to that portion was still filed on time if the [*name of plaintiff*]Plaintiff proves that before that date, [[*name of plaintiff*]he or she did not discover, and did not know of facts that would have caused a reasonable person to suspect, that [he or she/*nonbinary pronoun*/it] had suffered harm that was caused by someone's wrongful conduct.] [or] [[*name of plaintiff*] did not discover, and a reasonable and diligent investigation would not have disclosed, that [*specify factual basis for cause of action*] contributed to [*name of plaintiff*]'s harm.]

DATE SUBMITTED: November 1, 2023

-73-                          CASE NO. 4:20-cv-03664-YGR-SVK

**(DISPUTED) JURY INSTRUCTION NO. 8-7**

<u>Tolling – Fraudulent Concealment</u>
*Plaintiffs' Proposal*

In addition, for any Plaintiff, and for all claims, you must also reject Google's statute of limitations defense if you find that Google fraudulently concealed the existence of Plaintiffs' claims. Plaintiffs bear the burden of proving fraudulent concealment. There are three requirements:

(1) Google took affirmative acts to mislead Plaintiffs;

(2) Plaintiffs did not have actual or constructive knowledge of the facts giving rise to their claims; and

(3) Plaintiffs acted diligently in trying to uncover the facts giving rise to their claims.

*There is no redline because there is no corresponding model instruction.*

DATE SUBMITTED: November 1, 2023

CASE NO. 4:20-cv-03664-YGR-SVK
**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

**DAMAGES**

**(DISPUTED) JURY INSTRUCTION NO. 9-1**

<u>Introduction</u>
*Plaintiffs' Proposal*

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for a Plaintiff on one or more of his or her claims, you must determine that Plaintiff's damages. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find Google caused. The amount of damages must include an award for all harm that was caused by Google, even if the particular harm could not have been anticipated. In addition, the amount of damages must also include the amount of Google's unjustly earned benefit, if any, from collecting, storing, and using Plaintiffs' private browsing data.

Each Plaintiff has the burden of proving damages by a preponderance of the evidence. However, Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. It is for you to determine what damages, if any, have been proven. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

<u>Introduction</u>
*Plaintiffs' Proposal v. 9th Circuit Model 5.1 and CACI 3900*

[9th Circuit Model 5.1] It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

[9th Circuit Model 5.1] If you find for ~~the a~~ pPlaintiff ~~[~~on one or more of ~~the plaintiff's~~his or her ~~[*specify type of claim*]~~ claim~~s~~], you must determine th~~e~~at pPlaintiff's damages. ~~The plaintiff has the burden of proving damages by a preponderance of the evidence.~~ Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find ~~was~~Google ~~caused by the defendant.~~ [CACI 3900] The amount of damages must include an award ~~for each item of~~all harm that was caused by ~~[*name of defendant*]'s wrongful conduct~~Google, even if the particular harm could not have been anticipated. In addition, the amount of damages must also include the

1   amount of Google's unjustly earned benefit, if any, from collecting, storing, and using Plaintiffs'

2   private browsing data.

3       ~~The~~Each ~~p~~Plaintiff has the burden of proving damages by a preponderance of the evidence.

4   [CACI 3900] However, [*Name of plaintiff*]Plaintiffs do~~es~~ not have to prove the exact amount of

5   damages that will provide reasonable compensation for the harm. [9th Circuit Model 5.1] It is for

6   you to determine what damages, if any, have been proven. [9th Circuit Model 5.1] Your award must

7   be based upon evidence and not upon speculation, guesswork or conjecture.

8

9   DATE SUBMITTED: November 1, 2023

**(DISPUTED) JURY INSTRUCTION NO. 9-2**

<u>Damages on Multiple Legal Theories</u>
*Plaintiffs' Proposal*

Plaintiffs seek damages from Google under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You are asked to decide whether Google is liable to Plaintiffs under the following legal theories:

1. Comprehensive Computer Data Access and Fraud Act ("CDAFA")

2. California Invasion of Privacy Act ("CIPA") Section 631

3. California Invasion of Privacy Act ("CIPA") Section 632

4. Electronic Communications Privacy Act

5. Breach of Contract

6. Invasion of Privacy under the California Constitution

7. Intrusion Upon Seclusion under California Law.

The following items of damages are recoverable only once under Claims 1, 5, 6, and 7:

1. Actual damages for the value of Plaintiffs' Private Browsing Data

2. Google's unjust enrichment

3. Nominal damages.

The following additional items of damages are recoverable only once for Claims 1, 6, and 7.

1.  Punitive damages.

<u>Damages on Multiple Legal Theories</u>
*Plaintiffs' Proposal vs. CACI 3934*

[*Name of plaintiff*]Plaintiffs seeks damages from [*name of defendant*]Google under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will beare asked to decide whether [*name of defendant*]Google is liable to [*name of plaintiff*]Plaintiffs under the following legal theories [*list*]:

1. Comprehensive Computer Data Access and Fraud Act ("CDAFA

2. California Invasion of Privacy Act ("CIPA") Section 631

3. California Invasion of Privacy Act ("CIPA") Section 632

4. Electronic Communications Privacy Act

5. Breach of Contract

6. Invasion of Privacy under the California Constitution

7. Intrusion Upon Seclusion under California Law.

The following items of damages are recoverable only once under ~~all of the above legal theories~~Claims 1, 5, 6, and 7:

1. Actual damages for the value of Plaintiffs' Private Browsing Data

2. Google's unjust enrichment

3. Nominal damages.

[The following additional items of damage are recoverable only once for ~~[specify legal theories]~~Claims 1, 6, and 7:

1.  Punitive damages.

DATE SUBMITTED: November 1, 2023

**(DISPUTED) JURY INSTRUCTION NO. 9-3**

<u>Actual Damages</u>
*Plaintiffs' Proposal*

Plaintiffs claim damages for the value of the Private Browsing Data they allege Google took, copied, and/or used without permission. The following are the specific items of damages claimed by Plaintiffs:

1.  The fair market value of Plaintiff's Private Browsing Data at the time that Google wrongfully collected, saved, and/or used it; or

2.  The unique value of Plaintiff's Private Browsing Data.

"Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1.  That there is no pressure on either one to buy or sell; and

2.  That the buyer and seller know all the uses and purposes for which the data is reasonably capable of being used.

No fixed standard exists in deciding the amount of this value. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

<u>Actual Damages</u>
*Plaintiffs' Proposal vs. Identified CACI Instructions*

Plaintiffs claim damages for the value of the Private Browsing Data they allege Google took, copied, and/or used without permission. The following are the specific items of damages claimed by Plaintiffs:

1.  The fair market value of Plaintiff's Private Browsing Data at the time that Google wrongfully collected, saved, and/or used it; or

2.  The unique value of Plaintiff's Private Browsing Data.

[CACI 3903K] "Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1.  That there is no pressure on either one to buy or sell; and

2.     That ~~both~~the buyer and seller ~~have reasonable~~ know~~ledge of~~ all ~~relevant facts about the condition and quality of the [*item of personal property*]~~ the uses and purposes for which the data is reasonably capable of being used.

[3903L] No fixed standard exists for deciding the amount of this value. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

DATE SUBMITTED: November 1, 2023

**(DISPUTED) JURY INSTRUCTION NO. 9-4**

<u>Unjust Enrichment</u>
*Plaintiffs' Proposal*

In calculating any damages, Plaintiffs are also entitled to recover damages if Google's conduct caused Google to be unjustly enriched.

Google was unjustly enriched if by collecting, storing, and using Plaintiffs' Private Browsing Data, Google received a benefit it otherwise would not have achieved.

To decide the amount of any unjust enrichment, first determine the value of Google's benefit that would not have otherwise been achieved. Plaintiffs bear the burden of proving the value of Google's benefit.

Then subtract from that amount Google's reasonable expenses. Google bears the burden of proving the value of such expenses.

In calculating the amount of any unjust enrichment, do not take into account any amount that you included in determining restitution.


<u>Unjust Enrichment</u>
*Plaintiffs' Proposal v. CACI 4410*

In calculating any damages, Plaintiffs are also entitled to recover damages if Google's conduct caused Google to be unjustly enriched.

[*Name of defendant*]Google was unjustly enriched if [his/her/*nonbinary pronoun*/its] misappropriation of [*name of plaintiff*]'s trade secret[s] caused [*name of defendant*]by collecting, storing, and using Plaintiffs' Private Browsing Data, Google to received a benefit that [he/she/*nonbinary pronoun*/it] otherwise would not have achieved.

To decide the amount of any unjust enrichment, first determine the value of [*name of defendant*]Google's benefit that would not have otherwise been achieved except for [his/her/*nonbinary pronoun*/its] misappropriation.

-81-                    CASE NO. 4:20-cv-03664-YGR-SVK

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

1    Then subtract from that amount [*name of defendant*]Google's reasonable expenses[,

2    including the value of the [*specify categories of expenses in evidence, such as labor, materials,*

3    *rents, interest on invested capital*]]. Google bears the burden of proving the value of such expenses.

4    [In calculating the amount of any unjust enrichment, do not take into account any amount

5    that you included in determining any amount for [*name of plaintiff*]'s actual loss restitution.

7    DATE SUBMITTED: November 1, 2023

**(DISPUTED) JURY INSTRUCTION NO. 9-7**

<u>Nominal Damages</u>
*Plaintiffs' Proposal*

This instruction applies only to each Plaintiffs' Claims 1, 5, 6, and 7. If you find that any Plaintiff has proved any of these claims but also that the Plaintiff was not harmed, you may still award him or her nominal damages such as one dollar.

<u>Nominal Damages</u>
*Plaintiffs' Proposal v. CACI 360*

<u>This instruction applies only to Plaintiffs' Claims 1, 5, 6, and 7.</u> If you decide that ~~[*name of defendant*] breached the contract~~<u>any Plaintiff has proved any of these claims</u> but also that ~~[*name of plaintiff*]~~<u>the Plaintiff</u> was not harmed ~~by the breach~~, you may still award ~~[~~him <u>/or </u>her~~/*nonbinary pronoun*/it]~~ nominal damages such as one dollar.

DATE SUBMITTED: November 1, 2023

**(DISPUTED) JURY INSTRUCTION NO. 9-9**

<u>Punitive Damages</u>
*Plaintiffs' Proposal*

If you decide that Google's conduct caused any Plaintiff harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future. These damages are available only under the following claims: the CDAFA, invasion of privacy, and intrusion upon seclusion.

You must decide whether each Plaintiff has proved that Google engaged in that conduct with malice, oppression, or fraud. To do this, Plaintiffs must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Google, who acted on behalf of Google; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Google; or

3. That one or more officers, directors, or managing agents of Google knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Google acted with intent to cause injury or that Google's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of the defendant's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Google's conduct was despicable and subjected Plaintiffs to cruel and unjust hardship in knowing disregard of his or her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Google intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiff.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision making such that the employee's decisions ultimately determine corporate policy.

"Clear and convincing evidence" means that  Plaintiffs must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of their claim are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was Google's conduct?

In deciding how reprehensible Google's conduct was, you may consider, among other factors:

1.  Whether the conduct caused physical harm;

2.  Whether Google disregarded the health or safety of others;

3.  Whether Plaintiff was financially weak or vulnerable and Google knew Plaintiff was financially weak or vulnerable and took advantage of him or her;

4.  Whether Google's conduct involved a pattern or practice; and

5.  Whether Google acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Plaintiff's harm or between the amount of punitive damages and potential harm to Plaintiff that Google knew was likely to occur because of its conduct?

(c) In view of Google's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Google has substantial financial resources. Any award you impose may not exceed Google's ability to pay.]

Punitive damages may not be used to punish Google for the impact of its alleged misconduct on persons other than Plaintiff.

DATE SUBMITTED: November 1, 2023

Punitive Damages

*Plaintiffs' Proposal vs. CACI 3945 (and Ninth Circuit Model Instruction 1.7, where noted)*

If you decide that ~~[*name of defendant*]~~Google's conduct caused any ~~[*name of plaintiff*]~~Plaintiff harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future. <u>These damages are available only under the following claims: the CDAFA, invasion of privacy, and intrusion upon seclusion.</u>

You ~~may~~<u>must</u> ~~award punitive damages against [*name of defendant*] only if~~<u>decide whether</u> ~~[*name of plaintiff*]~~<u>each Plaintiff has</u> prove~~d~~<u>s</u> that ~~[*name of defendant*]~~Google engaged in that conduct with malice, oppression, or fraud. To do this, ~~[*name of plaintiff*]~~Plaintiffs must prove ~~[one of]~~ the following by clear and convincing evidence:

4. ~~[~~That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of ~~[*name of defendant*]~~Google, who acted on behalf of ~~[*name of defendant*]~~Google; ~~[or]]~~

5. ~~[~~That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of ~~[*name of defendant*~~Google; ~~[or]]~~

6. ~~[~~That one or more officers, directors, or managing agents of ~~[*name of defendant*]~~Google knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.~~]~~

"Malice" means that ~~[*name of defendant*]~~Google acted with intent to cause injury or that ~~[*name of defendant*]~~Google's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of the defendant's conduct and deliberately fails to avoid those consequences.

"Oppression" means that ~~[*name of defendant*]~~Google's conduct was despicable and subjected ~~[*name of plaintiff*]~~Plaintiffs to cruel and unjust hardship in knowing disregard of ~~[his~~<u>/ or</u> her~~/*nonbinary pronoun*]~~ rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

Case 4:20-cv-03664-YGR   Document 1057-1   Filed 11/02/23   Page 88 of 97

"Fraud" means that ~~[name of defendant]~~Google intentionally misrepresented or concealed a material fact and did so intending to harm ~~[name of plaintiff]~~Plaintiff.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision making such that the employee's decisions ultimately determine corporate policy.

[9th Cir. Model 1.7] "Clear and convincing evidence" means that ~~the party~~ Plaintiffs must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the~~ir~~ claim ~~or defense~~ are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was ~~[name of defendant]~~Google's conduct? In deciding how reprehensible ~~[name of defendant]~~Google's conduct was, you may consider, among other factors:

6. Whether the conduct caused physical harm;

7. Whether ~~[name of defendant]~~Google disregarded the health or safety of others;

8. Whether ~~[name of plaintiff]~~Plaintiff was financially weak or vulnerable and ~~[name of defendant]~~Google knew ~~[name of plaintiff]~~Plaintiff was financially weak or vulnerable and took advantage of ~~[~~him or~~/~~ her~~/nonbinary pronoun/it]~~;

9. Whether ~~[name of defendant]~~Google's conduct involved a pattern or practice; and

10. Whether ~~[name of defendant]~~Google acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and ~~[name of plaintiff]~~Plaintiff's harm or between the amount of punitive damages and potential harm to ~~[name of plaintiff]~~Plaintiff that ~~[name of defendant]~~Google knew was likely to occur because of ~~[his/her/nonbinary pronoun/~~its] conduct?

(c) In view of ~~[name of defendant]~~Google's financial condition, what amount is necessary to punish ~~[him/her/nonbinary pronoun/~~it] and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because ~~[name of defendant]~~Google has substantial financial resources. [Any award you impose may not exceed ~~[name of defendant]~~Google's ability to pay.]

-87-

CASE NO. 4:20-cv-03664-YGR-SVK

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

[Punitive damages may not be used to punish [*name of defendant*]Google for the impact of [his/her/*nonbinary pronoun*/its] alleged misconduct on persons other than [*name of plaintiff*]Plaintiff.]

# STOP

CASE NO. 4:20-cv-03664-YGR-SVK
**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

**CLOSING INSTRUCTIONS**

**(JOINT) PROPOSED JURY INSTRUCTION NO. 10-1**

<u>Duty to Deliberate</u>
*Joint Proposal*

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

DATE SUBMITTED: November 1, 2023

*There is no redline because this instruction is identical to the 9th Circuit's Manual of Model Civil Jury Instructions 3.1.*

CASE NO. 4:20-cv-03664-YGR-SVK
**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

**(JOINT) PROPOSED JURY INSTRUCTION NO. 10-2**

<u>Consideration of Evidence – Conduct of the Jury</u>
*Joint Proposal*

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way, and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website, or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may

be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

DATE SUBMITTED: November 1, 2023

*There is no redline because this instruction is identical to the Ninth Circuit's Model Instruction 3.2.*

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

**(JOINT) PROPOSED JURY INSTRUCTION NO. 10-3**

<u>Communication with Court</u>
*Joint Proposal*

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

<u>Communication with Court</u>
*Joint Proposal vs. Ninth Circuit Model Instruction 3.3*

If it becomes necessary during your deliberations to communicate with me, you may send a note through the ~~[marshal] [bailiff]~~<u>Courtroom Deputy</u>, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

DATE SUBMITTED: November 1, 2023

1

**(JOINT) PROPOSED JURY INSTRUCTION NO. 10-4**

2

<u>Return of Verdict</u>
*Joint Proposal*

3

4

A verdict form has been prepared for you. After you have reached unanimous agreement on

5

a verdict, your presiding juror should complete the verdict form according to your deliberations,

6

sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

7

8

<u>Return of Verdict</u>
*Joint Proposal vs. Ninth Circuit Model Instruction 3.5*

9

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have

10

reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the

11

verdict form according to your deliberations, sign and date it, and advise the [clerk]

12

[bailiff]Courtroom Deputy that you are ready to return to the courtroom.

13

DATE SUBMITTED: November 1, 2023

14

15

16

Dated:  November 1, 2023                    Respectfully submitted,

17

18

By:  */s/ Mark C. Mao*

19

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com

20

Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com

21

BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor

22

San Francisco, CA 94104
Telephone: (415) 293-6800

23

Facsimile (415) 293-6899

24

David Boies (admitted pro hac vice)
dboies@bsfllp.com

25

BOIES SCHILLER FLEXNER LLP
333 Main Street

26

Armonk, NY 10504
Telephone: (914) 749-8200

27

Facsimile: (914) 749-8300

28

James Lee (admitted pro hac vice)
jlee@bsfllp.com                    CASE NO. 4:20-cv-03664-YGR-SVK

Rossana Baeza (admitted pro hac vice)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
M. Logan Wright (CA Bar No. 349004)
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Bill Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
Steven Shepard (pro hac vice)
sshepard@susmangodfrey.com
Alexander P. Frawley (pro hac vice)
afrawley@susmangodfrey.com
Ryan K. Sila
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.

-95-

711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiffs*