# Exhibit B

BOIES SCHILLER FLEXNER LLP
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel
listed in signature blocks below*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (CA Bar No. 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant; additional counsel
listed in signature blocks below*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | **Case No. 4:20-cv-03664-YGR-SVK**<br><br>**JOINT PROPOSED JURY INSTRUCTIONS EXHIBIT B**<br><br>**Judge: Hon. Yvonne Gonzalez Rogers**<br>**Courtroom 1 – 4th Floor**<br>**Date: November 29, 2023**<br>**Time: 9:00 a.m.** |

**FIRST CLAIM: VIOLATION OF THE CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT ("CDAFA"), CAL. PENAL CODE § 502**

**DISPUTED JURY INSTRUCTION NO. 1-1**

<u>Essential Factual Elements</u>
*Google's Proposal*

Each Plaintiff claims that Google has violated the Comprehensive Computer Data and Access Fraud Act, sometimes referred to as "CDAFA." To establish this claim, each Plaintiff must prove all of the following:

1.  Each Plaintiff is the owner of the computer or mobile device;

2.  Google knowingly accessed each Plaintiff's computer or mobile device;

3.  Google's taking, copying, or use of At Issue Data was without that Plaintiff's permission;

4.  Each Plaintiff suffered damage or loss; and

5.  Google's conduct was a substantial factor in causing each Plaintiff's damage or loss.

I will now provide more details on elements 2, 4, and 5, which warrant additional explanation. However, you must determine if all five elements are satisfied whether or not I provide additional details on any particular element.

<u>Essential Factual Elements</u>
*Google's Proposal vs. CACI 1812*

[*Name of plaintiff*] Each Plaintiff claims that [*name of defendant*] Google has violated the Comprehensive Computer Data and Access Fraud Act, sometimes referred to as "CDAFA." To establish this claim, [*name of plaintiff*] each Plaintiff must prove all of the following:

1. That [*name of plaintiff*] Each Plaintiff is the [owner/lessee] of the [*specify* computer, *computer system, computer network, computer program, and/or data* or *mobile device*];

2. That [*name of defendant*] Google knowingly [*specify one or more prohibited acts from Pen. Code, § 502(c), e.g.,* accessed *each Plaintiff's computer or mobile device. [name of plaintiff]'s data on a computer, computer system, or computer network*];

3. That [*name of defendant*]'s [specify conduct from Pen. Code, § 502(c), e.g., use of the computer services] Google's taking, copying, or use At Issue Data was without [*name of plaintiff*]'s that Plaintiff's permission;]

4. That [*name of plaintiff*] Each Plaintiff suffered damage or loss was harmed; and

5. That [*name of defendant*]'s Google's conduct was a substantial factor in causing [*name of plaintiff*]'s harm each Plaintiff's damage or loss.

I will now provide more details on elements 2, 4, and 5, which warrant additional explanation. However, you must determine if all five elements are satisfied whether or not I provide additional details on any particular element.

**DISPUTED JURY INSTRUCTION NO. 1-2**

<u>Access</u>
*Google's Proposal*

For the second element, the term "access" means to gain entry to, instruct, cause input to, cause output from, cause data processing with, or communicate with the logical, arithmetical, or memory function resources of a computer or mobile device.

A person can access a computer [or] mobile device in different ways. For example, access can be accomplished by sitting down at a computer and using the mouse and keyboard, or by using a wireless network, or some other method or tool to gain remote entry. Merely accessing a Plaintiff's information is not sufficient to prove that his or her computer was accessed.

<u>Access</u>
*Google's Proposal vs. CACI 1813*

<u>For the second element,</u> Tthe term "access" means to gain entry to, instruct, cause input to, cause output from, cause data processing with, or communicate with the logical, arithmetical, or memory function resources of a computer , computer system, or computer network <u>or mobile device.</u>

A person can access a computer, <u>[or]</u> computer system, or computer network <u>mobile device</u> in different ways. For example, access can be accomplished by sitting down at a computer and using the mouse and keyboard, or by using a wireless network<u>,</u> or some other method or tool to gain remote entry. <u>Merely accessing a Plaintiff's information is not sufficient to prove that his or her computer was accessed.</u>

1

## THIRD CLAIM: VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT

2

## ("CIPA"), CAL. PENAL CODE § 632

3

4

### DISPUTED JURY INSTRUCTION NO. 3-1

5

<u>Introduction</u>
*Google's Proposal*

6

7

Each Plaintiff claims that Google has violated Section 632 of the California Invasion of

8

Privacy Act. To establish this claim, each Plaintiff must prove all of the following:

9

10

1.   Google intentionally eavesdropped on or recorded each Plaintiff's communication with non-Google websites while in private browsing mode and signed out of his or her Google account;

11

12

2.   He or she had an objectively reasonable expectation that this communication was not being overheard or recorded;

13

3.   Google did not have the consent of all parties to eavesdrop on or record this communication.

14

15

I will now provide more details on elements 2 and 3, which warrant additional explanation.

16

However, you must determine if all three elements are satisfied whether or not I provide additional

17

details on any particular element.

18

19

20

21

22

23

24

25

26

27

28

## Introduction
*Google's Proposal vs. CACI 1809*

[Name of plaintiff] Each Plaintiff claims that [name of defendant] Google violated Section 632 of the California Invasion of Privacy Act. [his/her/nonbinary pronoun] right to privacy. To establish this claim, [name of plaintiff] each Plaintiff must prove all of the following:

1. That [name of defendant] Google intentionally [eavesdropped on/ or recorded] [name of plaintiff]each Plaintiff's conversation by using an electronic device communication with non-Google websites while in private browsing mode and signed out of his or her Google account;

2. That [name of plaintiff] He or she had an objectively reasonable expectation that the conversation this communication was not being overheard or recorded; [and]

3. That [name of defendant] Google did not have the consent of all parties to the conversation to [eavesdrop on/or record] it this communication;

4. [That [name of plaintiff] was harmed; and]

5. [That [name of defendant]'s conduct was a substantial factor in causing [name of plaintiff]'s harm.]

I will now provide more details on elements 2 and 3, which warrant additional explanation. However, you must determine if all three elements are satisfied whether or not I provide additional details on any particular element.

**FOURTH CLAIM: VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT ("ECPA"), 18 U.S.C. §§ 2510, ET SEQ.**

**DISPUTED JURY INSTRUCTION NO. 4-1**

<u>Introduction</u>
*Google Proposal*

Each Plaintiff claims that Google violated the Electronic Communications Privacy Act, also referred to as the ECPA and the Federal Wiretap Act. To establish this claim, each Plaintiff must prove all of the following:

1. Google intercepted or endeavored to intercept each Plaintiff's communication with non-Google websites while in private browsing mode and signed out of his or her Google account;

2. Google used a "device" to intercept this communication;

3. The intercepted communication was an "electronic communication";

4. Google acquired the "contents" of the communication; and

5. Google acted intentionally.

I will now provide more details on elements 1, 2, and 4, which warrant additional explanation. You must also determine whether Plaintiffs have satisfied element 5 even though I do not provide additional details on that element. Google does not contest element 3.

<u>Introduction</u>
*Google Proposal vs. Sand, J. Instructions re: (Instr. 92-1)(Instr. 92-2)*

Each Plaintiff claims that Google violated the Electronic Communications Privacy Act, also referred to as the ECPA and the Federal Wiretap Act. The claim before you is based on a federal law called the Wiretap Act and alleges that the defendant unlawfully intercepted wire (*or* electronic *or* oral) communications.  The statute, section 2511(1)(a) of Title 18 of the United States Code, provides that it is unlawful for "any person [to] intentionally intercept…any person whose wire, oral, or electronic communication is intercepted…in violation of [the Wiretap Act]" may sue for damages in federal court.

Under the Wiretap Act, To establish this claim, each the plaintiff has the burden of proving each of the must prove all of the following: elements by a preponderance of the evidence.

1.   First, that the defendant Google intercepted a communication;or endeavored to intercept each Plaintiff's communication with non-Google websites while in private browsing mode and signed out of his or her Google account;

2.   Google used a "device" to intercept this communication;

1.3.Second, that the intercepted communication was a wire (or oral or  an electronic) communication, as I will explain that term to you;

2.4.Google acquired the "contents" of the communication; and

3.5.Third, that the defendant Google acted intentionally.

**DISPUTED JURY INSTRUCTION NO. 4-2**

<u>Intercept</u>
<u>*Google's Proposal*</u>

For the first element, to "intercept" means to acquire the contents of the communication in transit before it reaches the intended recipient.

<u>Intercep~~tion of a Communication~~</u>
<u>*Google's Proposal vs. Sand, J. Instructions re (Instr. 92-3)*</u>

*For t*~~The~~ first element*,* ~~that the plaintiff must prove by a preponderance of the evidence is that the defendant intercepted a communication.t~~To "intercept" means to acquire ~~a communication means to acquire access to~~ the contents of the~~at~~ communication in transit before it reaches the intended recipient~~through the use of any electronic, mechanical, or other device~~.

**DISPUTED JURY INSTRUCTION NO. 4-5**

<u>Whether Google Acted Intentionally</u>
<u>*Google's Proposal*</u>

For the fifth element, to act intentionally means to act deliberately and purposefully and not a result of accident or mistake.

<u>Whether Google Acted</u> Intentional<u>ly</u> <s>Conduct</s>
<u>*Google's Proposal vs. Sands, J. Instructions re (Instr. 92-7)*</u>

<u>For the fifth</u> <s>The third</s> element<u>.</u> <s>to</s><u>to</u><s>that the plaintiff must prove by a preponderance of the evidence is that the defendant acted intentionally.</s>

<s>To</s> act intentionally means to act deliberately and purposefully<s>. That is, the defendant's act must have been the product of defendant's conscious objective to intercept the communication in question rather than the product of a</s> <u>and not a result of accident or mistake.</u><s>mistake or accident.</s>

**FIFTH CLAIM: BREACH OF CONTRACT**

**DISPUTED JURY INSTRUCTION NO. 5-1**

Essential Factual Elements
*Google's Proposal*

Each Plaintiff claims that Google breached a contract in which Google allegedly promised not to receive the At Issue Data while each Plaintiff browsed the internet using Chrome Incognito ("Contract 1").  Plaintiff Trujillo additionally claims that Google also breached a contract in which Google allegedly promised not to receive the At Issue Data while she used the private browsing mode on Safari (Contract 2).  Google disputes that either contract contained enforceable promises that Google would not receive the At Issue Data when each Plaintiff was in private browsing mode.

To recover damages from Google for breach of contract, each Plaintiff must prove all of the following elements:

1.  Plaintiffs and Google entered into a contract;

2.  Google made legally enforceable promises in the contract with respect to receipt of the At Issue Data;

3.  Google breached one or more of those legally enforceable promises;

4.  Plaintiffs were harmed; and

5.  Google's breach of contract was a substantial factor in causing Plaintiffs' harm.

I will now provide more details on elements 1 and 3, which warrant additional explanation. However, you must determine if all five elements are satisfied whether or not I provide additional details on any particular element.

Essential Factual Elements
*Google's Proposal vs. CACI 303*

To recover damages from ~~Google~~[name of defendant] for breach of contract, each Plaintiff[name of plaintiff] must prove all of the following elements:

      1. Plaintiffs ~~That [name of plaintiff]~~ and ~~[name of defendant]~~ Google entered into a contract;

      2. Google made legally enforceable promises in the contract with respect to receipt of the At Issue Data;

      3. Google breached one or more of those legally enforceable promised;

      4. Plaintiffs were harmed; and

      5. Google's breach of contract was a substantial factor in causing Plaintiffs' harm.
~~[2. That [name of plaintiff] did all, or substantially all, of the significant things that the contract required [him/her/nonbinary pronoun/it] to do;]~~
~~[or]~~
~~[2. That [name of plaintiff] was excused from having to [specify things that plaintiff did not do, e.g., obtain a guarantor on the contract];]~~
~~[3. That [specify occurrence of all conditions required by the contract for [name of defendant]'s performance, e.g., the property was rezoned for residential use];]~~
~~[or]~~
~~[3. That [specify condition(s) that did not occur] [was/were] [waived/ excused];]~~
~~[4. That [name of defendant] failed to do something that the contract required [him/her/nonbinary pronoun/it] to do;]~~
~~[or]~~
~~[4. That [name of defendant] did something that the contract prohibited [him/her/nonbinary pronoun/it] from doing;]~~
5. ~~That [name of plaintiff]~~ Plaintiffs were~~was~~ harmed; and
6. ~~That [name of defendant]~~ Google's breach of contract was a substantial factor in causing ~~[name of plaintiff]'s~~ Plaintiffs' harm.

      I will not provide more details on elements 1 and 3, which warrant additional explanation. However, you must determine if all five elements are satisfied whether or not I provide additional details on any particular element.

**DISPUTED JURY INSTRUCTION NO. 5-5**

<u>Disputed Words and Principles of Contract Interpretation</u>
*Google's Proposal*

Plaintiffs and Google dispute the meaning of what Contracts 1 and 2 mean. Plaintiffs must prove their interpretation is correct.

The following instructions may help you interpret the words of each contract. In deciding what the words of a contract mean, you must decide what the parties intended at the time the contract was created. You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

The following instructions may also help you interpret the words of the contract:

(1) You should assume that the words in their contract have their usual and ordinary meaning unless you decide that the words have a special meaning.

(2) In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

(3) You must interpret the contract in the sense in which Google believed users understood it at the time they entered the contract.

In determining the meaning of the words of the contract, you must first consider all of the other instructions that I have given you.

If, after considering these instructions, you still cannot agree on the meaning of the words, then you should interpret the contract against the drafter of the contract.

<u>Disputed Words and Principles of Contract Interpretation</u>
*Google's Proposal vs. CACI 314, 315, 317, 320*

<u>Plaintiffs</u> [Name of plaintiff] and [name of defendant] <u>Google</u> dispute the meaning of the following words in their contract: [insert disputed language] <u>what Contracts 1 and 2 mean</u>. <u>Plaintiffs must prove their interpretation is correct.</u>

[Name of plaintiff] claims that the words mean [insert plaintiff's interpretation]. [Name of defendant] claims that the words mean [insert defendant's interpretation]. [Name of plaintiff] must prove that [his/her/nonbinary pronoun/its] interpretation is correct.

<u>The following instructions may help you interpret the words of each contract.</u> In deciding what the words of a contract mean, you must decide what the parties intended at the time the contract was created. You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

[The following instructions may also help you interpret the words of the contract:]

1. You should assume that the ~~parties intended the~~ words in their contract ~~to~~ have their usual and ordinary meaning unless you decide ~~that~~ the ~~parties intended the~~ words ~~to~~ have a special meaning.

2. In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

3. <u>You must interpret the contract in the sense in which Google believed users understood it at the time they entered the contract.</u>

In determining the meaning of the words of the contract, you must first consider all of the other instructions that I have given you.

If, after considering these instructions, you still cannot agree on the meaning of the words, then you should interpret the contract against <u>the drafter of the contract</u>[the party that drafted the disputed words/the party that caused the uncertainty].

## SEVENTH CLAIM: INTRUSION UPON SECLUSION

## DISPUTED JURY INSTRUCTION NO. 7-1

<u>Introduction</u>
*Google's Proposal*

Each Plaintiff brings an intrusion upon seclusion claim under California law. To establish this claim, each Plaintiff must prove all of the following elements:

1. He or she had an objectively reasonable expectation of privacy in the At Issue Data;

2. By receiving the At Issue Data, Google intentionally intruded on his or her objectively reasonable expectation of privacy;

3. The intrusion occurred in a manner that would be highly offensive to a reasonable person;

4. He or she was harmed; and

5. Google's conduct was a substantial factor in causing each of his or her harm.

I will now provide more details on elements 1, 3 and 5, which warrant additional explanation. However, you must determine if all the elements are satisfied whether or not I provide additional details on any particular element.

<u>Introduction</u>
*Google's Proposal vs. CACI 1800*

[Name of plaintiff] Each Plaintiff brings an intrusion upon seclusion claims that [name of defendant] violated [his/her/nonbinary pronoun] right to privacy under California law. To establish this claim, [name of plaintiff] each Plaintiff must prove all of the following elements:

1. That [name of plaintiff] He or she had an objectively reasonable expectation of privacy in [specify place or other circumstance] the At Issue Data;

2. That [name of defendant] intentionally intruded in [specify place or other circumstance] By receiving the At Issue Data, Google intentionally intruded on his or her objectively reasonable expectation of privacy;

3. The That [name of defendant]'s intrusion occurred in a manner that would be highly offensive to a reasonable person;

4. That [name of plaintiff] He or she was harmed; and

5. That [name of defendant]'s Google's conduct was a substantial factor in causing [name of plaintiff]'s each his or her harm.

In deciding whether [name of plaintiff] had a reasonable expectation of privacy in [specify place or other circumstance], you should consider, among other factors, the following:

(a) The identity of [name of defendant];

(b) The extent to which other persons had access to [specify place or other circumstance] and could see or hear [name of plaintiff]; and

(c) The means by which the intrusion occurred.

In deciding whether an intrusion is highly offensive to a reasonable person, you should consider, among other factors, the following:

(a) The extent of the intrusion;

(b) [Name of defendant]'s motives and goals; and

(c) The setting in which the intrusion occurred.

I will now provide more details on elements 1, 3, and 5, which warrant additional explanation. However, you must determine if all the elements are satisfied whether or not I provide additional details on any particular element.

**DISPUTED JURY INSTRUCTION NO. 8-3**

<u>Affirmative Defense To Wiretap Act Claim – Whether Each Plaintiff or the Websites Consented to the Interception</u>
*Google's Proposal*

This instruction applies only to Plaintiffs' Claim 4, Wiretap Act.

It is not unlawful for a person to intercept a communication when one of the parties to the communication has given prior consent to such interception, unless the communication was intercepted for the purpose of committing any criminal or wrongful act in violation of the law.

The burden is on Google to prove that one of the parties to the communication did in fact give prior consent to Google to intercept it. The parties to the communication in this case are Plaintiffs and each of the websites they visited in private browsing mode while signed out of their Google Accounts. Google has offered evidence that both of the parties to the communication in this case consented to its interception. However for purposes of Plaintiffs' Claim 4, Wiretap Act, you must find for Google if you find that Google had the consent of ***either*** each Plaintiff ***or*** the websites they visited to intercept the communication,  unless each Plaintiff proves that the purpose of the interception was to commit a criminal or wrongful act in violation of the law. In determining whether Plaintiffs or the websites they visited consented,  you should consider the explanations of express and implied consent in Jury Instruction No. 8-2.

1   <u>Affirmative Defense To Wiretap Act Claim – Whether Each Plaintiff or the Websites Consented to the Interception</u>

2   *Google's Proposal vs. Adapted from Sand, J. Instructions re: (Instr. 92-8)*

3       This instruction applies only to Plaintiffs' Claim 4, Wiretap Act.

4       ~~Defendant has offered evidence that one of the parties consented to the interception of the~~

5   ~~communication.~~

6       ~~I charge you that i~~It is not unlawful for a person to intercept a communication ~~when such~~

7   ~~person is a party to the communication or~~ when one of the parties to the communication has given

8   prior consent to such interception, unless the communication was intercepted for the purpose of

9   committing any criminal or wrongful act in violation of ~~the Constitution or~~ law~~s of the United States~~

10  ~~or of any State.~~

11      The burden is on ~~the defendant~~ Google to prove that one of the parties to the communication

12  did in fact give prior consent to Google to intercept it. The parties to the communication in this case

13  are Plaintiffs and each of the websites they visited in private browsing mode while signed out of their

14  Google Accounts. Google has offered evidence that both of the parties to the communication in this

15  case consented to its interception. However for purposes of Plaintiffs' Claim 4, Wiretap Act, you must

16  find for Google if you find that Google had the consent of either each Plaintiff or the websites they

17  visited to intercept the communication, unless each Plaintiff proves that the purpose of the interception

18  was to commit a criminal or wrongful act in violation of the law. In determining whether Plaintiffs or

19  the websites they visited consented, you should consider the explanations of express and implied

20  consent in Jury Instruction No. 8-2.~~by a preponderance of the evidence of the evidence that he or she~~

21  ~~was a party to the conversation, or that one of the parties to the conversation did in fact give prior~~

22  ~~consent to defendant to intercept it. If you find that defendant was a party to the conversation, or had~~

23  ~~permission from a party to intercept it, then the plaintiff must prove by a preponderance of the~~

24  ~~evidence that the purpose of the interception was to commit criminal or wrongful act in violation of~~

25  ~~the law.~~

26

27

28

1

2 **DISPUTED JURY INSTRUCTION NO. 8-4**

3 <u>Affirmative Defense: Whether Google's Invasion of Privacy Was Justified</u>
*Google's Proposal*
4

5 This instruction applies only to Plaintiffs' Claims 6 and 7, Invasion of Privacy and Intrusion

6 Upon Seclusion. Even if any Plaintiff has proven all of the elements of those claims, Google will not

7 be liable to any Plaintiff if Google's conduct was justified. To succeed on this defense, Google must

8 show that the circumstances justified the intrusion.

9 Google can prove that its conduct was justified by demonstrating that its conduct substantially

10 furthered one or more legitimate competing interests or countervailing purposes, such as the

11 following:

12   a) Providing non-Google websites with the ability to earn revenue from advertisements, which
allows those websites to offer content to users without charging them;
13

14   b) Providing non-Google websites with tools to monitor and analyze internet use on their sites,
which allows those websites to provide an improved experience for users who navigate to their
15 sites;

16   c) Creating an economically viable system that enables Google to invest in free services and
products like Gmail, Google Maps, YouTube, and more;
17

18   d) Respecting the freedom of Google's competitors, which Google neither owns nor controls, to
design and operate their own private browsing modes of browsers like Safari, Firefox, and
19 Edge.

20   e) Complying with industry standards that call for developers of browsers to design their private
browsing modes to function in a way that does not reveal the use of private browsing modes
21 to websites.

22 If Google proves that its conduct was justified, then you must find for Google, unless each

23 Plaintiff proves with substantial evidence that there was a practical, effective, and less invasive

24 method of achieving one or more legitimate competing interests or countervailing purposes.

25

26

27

28

<u>Affirmative Defense: Whether Google's Invasion of Privacy Was Justified</u>
*Google's Proposal vs. CACI 1807*

This instruction applies only to Plaintiffs' Claims 6 and 7, Invasion of Privacy and Intrusion Upon Seclusion. [Name of defendant] claims that eEven if [name of plaintiff] any Plaintiff has proven all of the above elements of those claims, Google will not be liable to any Plaintiff if Google's [his/her/nonbinary pronoun/its] conduct was justified. [Name of defendant] To succeed on this defense, Google must prove show that the circumstances justified the intrusion. Google can prove that its conduct was justified by demonstrating that its conduct invasion of privacy because the invasion of privacy substantially furthered one or more [insert relevant legitimate or compelling competing interest]. or countervailing purposes, such as the following:

a) Providing non-Google websites with the ability to earn revenue from advertisements, which allows those websites to offer content to users without charging them;

b) Providing non-Google websites with tools to monitor and analyze internet use on their sites, which allows those websites to provide an improved experience for users who navigate to their sites;

c) Creating an economically viable system that enables Google to invest in free services and products like Gmail, Google Maps, YouTube, and more;

d) Respecting the freedom of Google's competitors, which Google neither owns nor controls, to design and operate their own private browsing modes of browsers like Safari, Firefox, and Edge.

e) Complying with industry standards that call for developers of browsers to design their private browsing modes to function in a way that does not reveal the use of private browsing modes to websites.

If [name of defendant] Google proves that [his/her/nonbinary pronoun/its] conduct was justified, then you must find for [name of defendant] Google, unless [name of plaintiff] each Plaintiff proves with substantial evidence that there was a practical, effective, and less invasive method of achieving one or more legitimate competing interests or countervailing [name of defendant]'s purposes.

**DISPUTED JURY INSTRUCTION NO. 8-5**

<u>Statute of Limitations</u>
*Google's Proposal*


For each claim, Google asserts a statute of limitations defense. Google contends that portions of Plaintiffs' claims were not filed within the time set by law.  To succeed on this defense, Google must prove that at least some of each Plaintiff's claimed harm occurred before the following dates for each claim:


- Claim 1: CDAFA: **June 2, 2017**
- Claims 2 and 3: CIPA §§ 631 and 632: **June 2, 2019**
- Claim 4: ECPA: **June 2, 2018**
- Claim 5: Breach of Contract: **June 2, 2016**
- Claims 6 and 7: Invasion of Privacy and Intrusion Upon Seclusion: **June 2, 2018**


<u>Statute of Limitations</u>
*Google's Proposal vs. CACI 454*


For each claim, Google asserts a statute of limitations defense.  [Name of defendant] Google contends that [name of plaintiff]portions of Plaintiffs's lawsuit was claims were not filed within the time set by law. To succeed on this defense, [name of defendant] Google must prove that at least some of each Plaintiff[name of plaintiff]'s claimed harm occurred before [insert date from applicable statute of limitation] the following dates for each claim:


- Claim 1: CDAFA: June 2, 2017
- Claims 2 and 3: CIPA §§ 631 and 632: June 2, 2019
- Claim 4: ECPA: June 2, 2018
- Claim 5: Breach of Contract: June 2, 2016
- Claims 6 and 7: Invasion of Privacy and Intrusion Upon Seclusion: June 2, 2018

**JOINT PROPOSED JURY INSTRUCTION NO. 8-6**

<u>Tolling – Delayed Discovery</u>
*Joint Proposal*

If Google proves that each Plaintiff's claimed harm for each claim occurred before the corresponding dates listed in the Instruction above, each Plaintiff's claim was still filed on time if each Plaintiff proves that before that date, he or she did not discover, and did not know of facts that would have caused a reasonable person to suspect, that he or she had suffered harm that was caused by someone's wrongful conduct.

<u>Tolling – Delayed Discovery</u>
*Joint Proposal vs. CACI 455*

If ~~[name of defendant]~~ <u>Google</u> proves that ~~[name of plaintiff]'s~~ <u>a portion of a Plaintiff's</u> claimed harm <u>for each claim</u> occurred before ~~[insert date from applicable statute of limitations]~~ <u>the corresponding dates listed in the Instruction above,</u> ~~[name of plaintiff]~~<u>that Plaintiff</u>'s ~~lawsuit~~ <u>claim with respect to that portion</u> was still filed on time if ~~[name of plaintiff]~~ <u>the Plaintiff</u> proves that before that date, ~~[[name of plaintiff]~~<u>he or she</u> did not discover, and did not know of facts that would have caused a reasonable person to suspect, that ~~[he/she/nonbinary pronoun/it]~~ <u>he or she</u> had suffered harm that was caused by someone's wrongful conduct.~~]~~

~~[or]~~

~~[[name of plaintiff] did not discover, and a reasonable and diligent investigation would not have disclosed, that [specify factual basis for cause of action] contributed to [name of plaintiff]'s harm.]~~

**DISPUTED JURY INSTRUCTION NO. 8-9**

<u>Affirmative Defense – Waiver</u>
*Google's Proposal*

This instruction applies only to Plaintiffs' Claim 5, Breach of Contract. Even if you find that Google had an obligation not to receive the At Issue Data, Google contends that each Plaintiff gave up their right to enforce that obligation. This is called a "waiver."

To succeed, Google must prove both of the following elements by clear and convincing evidence:

1.  Each Plaintiff knew Google was prohibited from receiving the At Issue Data; and

2.  Each Plaintiff freely and knowingly gave up his or her right to have Google perform this obligation.

A waiver may be express, based on the words of the waiving party, or implied, arising from conduct indicating each Plaintiff's intent to give up the right to enforce the contractual obligation.

If Google proves that each Plaintiff waived his or her right to enforce Google's obligation not to receive the At Issue Data, then Google was not required to perform this obligation and cannot be liable for breach of contract.

To prove waiver by "clear and convincing evidence," Google must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of Google's defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

Affirmative Defense – Waiver

*Google's Proposal v. CACI 336*

This instruction applies only to Plaintiffs' Claim 5, Breach of Contract. Even if you find that Google had an obligation not to receive the At Issue Data, Google contends that each Plaintiff [*Name of defendant*] claims that [*he/she/nonbinary pronoun/it*] did not have to [insert description of performance] because [name of plaintiff] gave up his or her [*his/her/nonbinary pronoun/its*] right to have Google[*name of defendant*] perform [this/these] obligation[s]. This is called a "waiver."

To succeed, Google[*name of defendant*] must prove both of the following by clear and convincing evidence:

    1. EachThat [*name of plaintiff*] Plaintiff knew Google[*name of defendant*] was prohibited from receiving the At Issue Datarequired to [insert description of performance]; and

    2. Each That [*name of plaintiff*] Plaintiff freely and knowingly gave up his or her [*his/her/nonbinary pronoun/its*] right to have Google[*name of defendant*] perform [this/these] obligation[s].

A waiver may be express, based on the words of the waiving party, or implied, arising oral or written or may arise from the conduct indicatingthat shows each Plaintiff's intent to that [*name of plaintiff*] gavegive up that right to enforce the contractual obligation.

If Google[*name of defendant*] proves that each Plaintiff[*name of plaintiff*] waived his or her right to enforce Google's obligation not to receive the At Issue Data, then Google gave up [his/her/nonbinary pronoun/its] right to [*name of defendant*]'s performance of [*insert description of performance*], then [*name of defendant*] was not required to perform [this/these] obligation and cannot be liable for breach of contract[s].

To prove waiver by "clear and convincing evidence," Google must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of Google's defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**DISPUTED JURY INSTRUCTION NO. 9-5**

<u>Compensatory Damages for CDAFA and Intrusion Upon Seclusion Claims</u>
*Google's Proposal*

This instruction applies only to Plaintiff's Claims 1 and 7, Compensatory Damages for CDAFA and Intrusion Upon Seclusion.

If you decide that any Plaintiff has proved his or her CDAFA and Intrusion Upon Seclusion claims, you also must determine how much money will reasonably compensate each Plaintiff for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Google's wrongful conduct, even if the particular harm could not have been anticipated.

Each Plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

<u>Compensatory Damages for CDAFA and Intrusion Upon Seclusion Claims</u>
*Google's Proposal v. CACI 3900*

This instruction, Compensatory Damages for CDAFA and Intrusion Upon Seclusion, applies only to Plaintiffs' Claims 1 and 7.

If you decide that any Plaintiff [name of plaintiff] has proved his or her CDAFA[his/her/nonbinary pronoun] claim and Intrusion Upon Seclusion claims, against [name of defendant], you also must determineeide how much money will reasonably compensate each Plaintiff[name of plaintiff] for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Google[name of defendant]'s wrongful conduct, even if the particular harm could not have been anticipated.

Each Plaintiff [Name of plaintiff] does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

## DISPUTED JURY INSTRUCTION NO. 9-6

<u>Damages for Breach of Contract</u>
*Google's Proposal*

This instruction applies only to Plaintiffs' Claim 5, Breach of Contract.

If you find that any Plaintiff has proved his or her claim(s) against Google for breach of contract, you must determine the damages that will reasonably compensate each Plaintiff for any harm caused by the breach. The purpose of such damages is to put each Plaintiff in as good a position as he or she would have been if Google had performed as promised.

Each Plaintiff has the burden of proving damages by a preponderance of the evidence. To recover damages for any harm, each Plaintiff must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

Each Plaintiff also must prove the amount of his or her damages according to the following instructions. He or she does not have to prove the exact amount of damages. You must not speculate, guess or conjecture in awarding damages.

<u>Damages for Breach of Contract</u>
*<u>Google's Proposal v. CACI 350</u>*

This instruction applies only to Plaintiffs' Claim 5, Breach of Contract.

If you find~~decide~~ that any Plaintiff~~[*name of plaintiff*]~~ has proved his or her~~[*his/her/nonbinary pronoun/its*]~~ claim(s) against Google~~[*name of defendant*]~~ for breach of contract, you ~~also~~ must determine the damages that~~decide how much money~~ will reasonably compensate each Plaintiff~~[*name of plaintiff*]~~ for any~~the~~ harm caused by the breach. ~~This compensation is called "damages."~~ The purpose of such damages is to put each Plaintiff~~[*name of plaintiff*]~~ in as good a position as he or she~~[*he/she/nonbinary pronoun/it*]~~ would have been if Google~~[name of defendant]~~ had performed as promised.

Each Plaintiff has the burden of proving damages by a preponderance of the evidence. To recover damages for any harm, each Plaintiff~~[*name of plaintiff*]~~ must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

Each Plaintiff~~[*Name of plaintiff*]~~ also must prove the amount of his or her~~[*his/her/nonbinary pronoun/its*]~~ damages according to the following instructions. He or she~~[*He/She/Nonbinary pronoun/It*]~~ does not have to prove the exact amount of damages. You must not speculate, ~~or~~ guess or conjecture in awarding damages.

**DISPUTED JURY INSTRUCTION NO. 9-9**

<u>Punitive Damages</u>
*Google's Proposal*

Each of the following claims:  Claim 1, Comprehensive Computer Data Access and Fraud Act and Claim 7, Intrusion Upon Seclusion, allow for punitive damages.

If you decide that Google's conduct caused any Plaintiff harm, you must decide whether that conduct justifies an award of punitive damages. You are not required to award any punitive damages. The amount, if any, of punitive damages will be an issue decided later.

You must decide whether each Plaintiff has proved that Google engaged in that conduct with malice, oppression, or fraud. To do this, Plaintiffs must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Google, who acted on behalf of Google; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Google, who acted on behalf of Google; or

3. That one or more officers, directors, or managing agents Google knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Google acted with intent to cause injury or that Google's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of the defendant's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Google's conduct was despicable and subjected Plaintiffs to cruel and unjust hardship in knowing disregard of his or her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Google intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiff.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision making such that the employee's decisions ultimately

1  determine corporate policy.

2      "Clear and convincing evidence" means that Plaintiffs must present evidence that leaves you

3  with a firm belief or conviction that it is highly probable that the factual contentions of their claim are

4  true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not

5  require proof beyond a reasonable doubt.

Punitive Damages
*Google's Proposal v. CACI 3945*

*Each of the following claims:  Claim 1, Comprehensive Computer Data Access and Fraud Act and Claim 7, Intrusion Upon Seclusion, allow for punitive damages*

If you decide that Google[*name of defendant*]'s conduct caused any Plaintiff's [*name of plaintiff*] harm, you must decide whether that conduct justifies an award of punitive damages. ~~The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.~~ You are not required to award any punitive damages. The amount, if any, of punitive damages will be an issue decided later.

~~You may award punitive damages against [name of defendant] only if [*name of plaintiff*] proves that *[name of defendant]*~~ You must decide whether each Plaintiff has proved that Google engaged in that conduct with malice, oppression, or fraud. To do this, Plaintiffs [*name of plaintiff*] must prove one of[*one of*] the following by clear and convincing evidence:

1. [That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Google[*name of defendant*], who acted on behalf of Google[*name of defendant*]; [or]]

2. [That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Google[*name of defendant*]; [or]]

3. [That one or more officers, directors, or managing agents of Google[*name of defendant*] knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.]

"Malice" means that Google[*name of defendant*] acted with intent to cause injury or that Google[*name of defendant*]'s conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Google[*name of defendant*]'s conduct was despicable and subjected [*name of plaintiff*] to cruel and unjust hardship in knowing disregard of his or her[*his/her/nonbinary pronoun*] rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked

down on and despised by reasonable people.

"Fraud" means that Google[*name of defendant*] intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiff[*name of plaintiff*].

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision making such that the employee's decisions ultimately determine corporate policy.

"Clear and convincing evidence" means that Plaintiffs must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of their claim are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was [*name of defendant*]'s conduct? In deciding how reprehensible [*name of defendant*]'s conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether [*name of defendant*] disregarded the health or safety of others;

3. Whether [*name of plaintiff*] was financially weak or vulnerable and [*name of defendant*] knew [*name of plaintiff*] was financially weak or vulnerable and took advantage of [him/her/nonbinary pronoun/it];

4. Whether [*name of defendant*]'s conduct involved a pattern or practice; and

5. Whether [*name of defendant*] acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and [*name of plaintiff*]'s harm [or between the amount of punitive damages and potential harm to [name of plaintiff] that [*name of defendant*] knew was likely to occur because of [his/her/nonbinary pronoun/its] conduct]?

(c) In view of [*name of defendant*]'s financial condition, what amount is necessary to punish [him/her/nonbinary pronoun/it] and discourage future wrongful conduct? You may not increase the

1    ~~punitive award above an amount that is otherwise appropriate merely because [*name of defendant*]~~

2    ~~has substantial financial resources. [Any award you impose may not exceed [name of defendant]'s~~

3    ~~ability to pay.]~~

4    ~~[Punitive damages may not be used to punish [name of defendant] for the impact of~~

5    ~~[*his/her/nonbinary pronoun/its*] alleged misconduct on persons other than [*name of plaintiff*].]~~

**DISPUTED JURY INSTRUCTION NO. 9-10**

<u>Affirmative Defense – Mitigation of Damages</u>
*Google's Proposal*

Each Plaintiff is not entitled to recover damages for harm that Google proves the Plaintiff could have avoided with reasonable efforts or expenditures.

You should consider the reasonableness of each Plaintiff's efforts in light of the circumstances facing him or her at the time, including his or her ability to make the efforts or expenditures without undue risk or hardship.

If each Plaintiff made reasonable efforts to avoid harm, then your award should include reasonable amounts that he or she spent for this purpose.

<u>Affirmative Defense – Mitigation of Damages</u>
*Google's Proposal vs. CACI 358*

If [*name of defendant*] breached the contract and the breach caused harm, <u>Each Plaintiff</u> [*name of plaintiff*] is not entitled to recover damages for harm that <u>Google</u> [*name of defendant*] proves <u>the Plaintiff</u> [*name of plaintiff*] could have avoided with reasonable efforts or expenditures.

You should consider the reasonableness of <u>each Plaintiff</u>[*name of plaintiff*]'s efforts in light of the circumstances facing <u>him or her</u> [*him/her/nonbinary pronoun/it*] at the time, including [*his/her/nonbinary pronoun/its*] <u>his or her</u> ability to make the efforts or expenditures without undue risk or hardship.

If <u>each Plaintiff</u> [*name of plaintiff*] made reasonable efforts to avoid harm, then your award should include reasonable amounts that <u>he or she</u> [*he/she/nonbinary pronoun/it*] spent for this purpose.

**SIGNATURE BLOCKS**

DATED: November 1, 2023

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: *Andrew H. Schapiro*_____

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com

Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*

**ATTESTATION**

I, Mark Mao, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


DATED:   November 1, 2023                          By:      */s/ Mark Mao*