**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660)
rachaelmccracken@quinneamanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE'S NOTICE OF MOTION AND MOTION TO BIFURCATE PUNITIVE DAMAGES AMOUNT**<br><br>The Honorable Yvonne Gonzalez Rogers<br>Date: December 19, 2023<br>Time: 2:00 p.m.<br>Location: Courtroom 1 – 4th Floor<br><br>Trial Date: January 29, 2024 |

**NOTICE OF MOTION & MOTION**

PLEASE TAKE NOTICE that on December 19, 2023, or as soon thereafter as this motion may be heard, before the Honorable Yvonne Gonzalez Rogers of the United States District Court, Northern District of California, Defendant Google LLC ("Google") will and hereby does move the Court to bifurcate the trial in this case into two phases. Google's Motion is based on this Notice of Motion and Motion, the incorporated Memorandum of Points and Authorities, other documents on file in this action, and other evidence and argument presented to the Court.

**ISSUE PRESENTED**

Whether this Court should bifurcate the trial into two phases—the first addressing liability, non-punitive damages, and Plaintiffs' entitlement to punitive damages; and the second addressing the amount of punitive damages to be awarded—and defer admission of evidence of Google's financial condition to the second trial phase.

**RELIEF REQUESTED**

Google respectfully requests this Court to bifurcate the trial in this case into two phases: the first addressing liability, non-punitive damages, and Plaintiffs' entitlement to punitive damages; and the second addressing the amount of punitive damages to be awarded (assuming the jury finds Plaintiffs are entitled to them). Google further requests the Court defer admission of evidence of Google's financial condition to the second phase of the trial.

## INTRODUCTION

Google respectfully asks the Court to bifurcate the trial in this case into two phases: the first addressing liability, non-punitive damages, and Plaintiffs' *entitlement* to punitive damages; and the second addressing the *amount* of punitive damages to be awarded (assuming the jury finds Plaintiffs are entitled to them). Google asks that the Court defer admission of evidence of Google's financial condition to the second phase because such evidence is only relevant to the punitive damages amount and its admission in the first phase is likely to confuse the jury and prejudice Google.

## ARGUMENT

This case presents the prototypical circumstance in which bifurcation of punitive damages issues is necessary. Under Rule 42(b), "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues." Fed. R. Civ. P. 42(b). The Court thus has "broad discretion to try the liability phase first." *Phanpradith v. Griego*, 850 F. App'x 497, 500 (9th Cir. 2021) (quoting *M2 Software, Inc., v. Madacy Entm't*, 421 F.3d 1073, 1088 (9th Cir. 2005)) (affirming motion to bifurcate punitive damages amount). The Court may do so in service of "avoiding prejudice, separability of the issues, convenience, judicial economy, and reducing risk of confusion." *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 448 (N.D. Cal. 2001). Here, bifurcating the trial would serve all those interests.

*First*, bifurcation would avoid prejudice to Google. Plaintiffs seek to introduce numerous exhibits relating to Google's financial condition. *See, e.g.*, Dkt. 1054-1 at 18-19 (revenue forecasts). This evidence is relevant only to the *amount* of punitive damages (if any) that should be awarded. But "[e]vidence of [Google's] income, assets, and net-worth could improperly influence the jury's determination of liability and compensatory damages," and "[s]eparating the trial into two phases would avoid such prejudice to [Google] without significantly delaying the proceedings." *Doe v. Rose*, 2016 WL 9150617, at *1 (C.D. Cal. July 27, 2016); *see also Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 13153235, at *1 (N.D. Cal. Nov. 30, 2011) ("[T]o the extent Plaintiffs would seek to present evidence of Defendants' net worth, there is a risk of undue prejudice and confusion"). Although jurors will of course be generally aware that Google is "a large, wealthy company," evidence of its "actual revenues and profits … could tend to bias the jury and is irrelevant to the

issues of liability and compensatory damages." *Jackson v. Fed. Express Corp.*, 2006 WL 8445780, at *1 (W.D. Tenn. June 14, 2006). Bifurcation would mitigate this risk of prejudice to Google at no additional expense or delay to the proceedings, and no prejudice to Plaintiffs.

*Second*, bifurcation would promote judicial economy and convenience. Bifurcation permits a court to defer "costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Bardinet v. Tolino*, 2022 WL 16958628, at *5 (C.D. Cal. Oct. 6, 2022) (quoting *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir.), *opinion amended on denial of reh'g*, 272 F.3d 1289 (9th Cir. 2001)). Courts often find that bifurcation of liability and damages issues promotes the interests of judicial economy and convenience. "If the first phase results in no finding of liability … then the second phase to determine … damages would become irrelevant." *Bates*, 204 F.R.D. at 449; *see also Barker v. Yassine*, 2016 WL 4264149, at *3 (E.D. Cal. Aug. 15, 2016) ("[B]ifurcation would expedite and economize trial by precluding the presentation of evidence or argument relating to punitive damages unless and until it is necessary."). The same rationale applies here: if Plaintiffs are unable to meet their burden to prove entitlement to punitive damages, there is no need to spend time at trial litigating the appropriate amount of such damages.

*Third*, bifurcation would help to avoid juror confusion. The question whether "punitive damages are available … is an inquiry distinct from the financial evidence needed to determine the amount of punitive damages," and "[s]uch financial evidence could be confusing to the jury without establishing entitlement to punitive damages in the first instance." *Griego*, 850 F. App'x at 500. Evidence of Google's overall financial condition is irrelevant to Plaintiffs' claims that Google invaded their privacy. Such evidence is also irrelevant to Plaintiffs' compensatory and statutory damages—which necessarily are based on circumstances unique to them, not Google's overall financial performance. A more streamlined presentation of the issues will "prevent juror confusion at trial by allowing the jury to decide issues that are as narrowly tailored as possible." *Gable v. Land Rover N. Am., Inc.*, 2011 WL 3563097, at *7 (C.D. Cal. July 25, 2011).

For these reasons, courts in this district regularly grant motions to bifurcate punitive damages claims into two phases, with entitlement to such damages being tried first and the amount of such

damages being tried second. *See, e.g.*, *Kanellakopoulos v. Unimerica Life Ins. Co.*, 2018 WL 984826, at *5-6 (N.D. Cal. Feb. 20, 2018) (bifurcating liability, entitlement to all damages, and actual damages amount into phase one of the trial, and punitive damages amount into phase two); *Cuc Dang v. Sutter's Place, Inc.*, 2012 WL 6203203, at *4 (N.D. Cal. Dec. 12, 2012) (same); *Burdett v. Reynoso*, 2007 WL 4554034, at *3 (N.D. Cal. Nov. 20, 2007) (same); *see also, e.g.*, *Henderson v. Peterson*, 2011 WL 2838169, at *15-16 (N.D. Cal. July 15, 2011); *Johnson v. City of Antioch*, 2010 WL 11484689, at *1 (N.D. Cal. July 15, 2010); *Bowoto v. Chevron Corp.*, 2008 WL 2074401, at *1 (N.D. Cal. May 15, 2008). The Court should do the same here.

## CONCLUSION

The Motion should be granted and the trial bifurcated such that the issues of liability, damages, and entitlement to punitive damages are tried in the first phase, and the amount of punitive damages to be awarded (if any) is to be tried in the second phase.

DATED: November 14, 2023

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Andrew H. Schapiro
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (CA Bar No. 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*