| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>David Boies (*pro hac vice*)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293 6858<br>Facsimile: (415) 999 9695<br><br>SUSMAN GODFREY L.L.P.<br>Bill Carmody (*pro hac vice*)<br>bcarmody@susmangodfrey.com<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 336-8330<br><br>MORGAN & MORGAN<br>John A. Yanchunis (*pro hac vice*)<br>jyanchunis@forthepeople.com<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br><br>*Attorneys for Plaintiffs; additional counsel listed in signature blocks below* | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Andrew H. Schapiro (*pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>Teuta Fani (admitted pro hac vice)<br>teutafani@quinnemanuel.com<br>Joseph H. Margolies (admitted pro hac vice)<br>josephmargolies@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>Crystal Nix-Hines (CA Bar No. 326971)<br>crystalnixhines@quinnemauel.com<br>Rachael L. McCracken (CA Bar No. 252660)<br>rachaelmccracken@quinnemanuel.com<br>Alyssa G. Olson (CA Bar No. 305705)<br>alyolson@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>*Attorneys for Defendant; additional counsel listed in signature blocks below* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**JOINT AND DISPUTED PROPOSED JURY INSTRUCTIONS (AMENDED PROPOSAL RE: INSTRUCTION NOS. 2-6 AND 4-6)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Courtroom 1 – 4th Floor<br>Date: November 29, 2023<br>Time: 9:00 a.m. |

1  Pursuant to the Court's September 18, 2023 Order (Dkt. 1001), the Court's September 29, 2022 Standing Order Re: Pretrial Instructions in Civil Cases, and in advance of the Pretrial Conference set for November 29, 2023 at 9:00 a.m., Plaintiffs and Defendant Google LLC submit amended proposed Instruction Nos. 2-6 and 4-6, which concern the number of violations under Section 631 of the California Invasion of Privacy Act and the Electronic Communications Privacy Act, for the trial set to begin on January 29, 2024.

For disputed instructions, the Parties used the following color-coding: black signifies agreed upon text, blue signifies Plaintiffs' proposal, and red signifies Google's proposal. The Parties have included brief explanations and authorities to support their respective positions.

Plaintiffs also attach to this submission a redline comparing their amended proposals against the relevant model instructions, as Exhibit A.

## (DISPUTED) JURY INSTRUCTION NO. 2-6

<u>Number of Violations</u>

**Plaintiffs' Proposal:**

If you find that Plaintiffs have proven their claim under Section 631 of the California Invasion of Privacy Act, you will need to decide how many times Google violated the law, as to each Plaintiff.

Each interception qualifies as a separate violation of the law. Each use or attempted use of information obtained from any wrongfully intercepted communication also constitutes a separate and additional violation of law.

**Google's Proposal:**

CIPA provides that "[a]ny person injured by a violation of the statute may bring an action against the person who committed the violation for…five thousand dollars ($5,000) per violation." If you find that each Plaintiff has proven his/her claim, you will need to determine how many times Google violated the law with respect to each Plaintiff. In making that determination, you must consider whether each Plaintiff has put forth specific evidence of a violation. You may not speculate, guess, or conjecture in determining the number of violations for each Plaintiff.

**Plaintiffs' Statement:**

(1) Google's proposal provides zero guidance for how to decide how many times Google violated the law. Plaintiffs' proposal provides that guidance, relying on Judge's Koh ruling on the motion to dismiss. Dkt. 113 at 24. In rejecting Google's argument that Plaintiffs' claims were time-barred, citing Ninth Circuit law, Judge Koh held that "each interception is a separate violation" for purposes of the Federal and California wiretap statutes:

> T**he Ninth Circuit has held that, for Wiretap Act claims, "each interception is a discrete violation" with its own statute of limitations.** *Bliss v. CoreCivic, Inc.*, 978 F.3d 1144, 1148 (9th Cir. 2020). In coming to this conclusion, the Ninth Circuit relied on the Wiretap Act's "multiple references to 'communication' in the singular," which showed that there was "no textual basis for morphing what otherwise would be considered separate violations into a single violation because they flow from a common practice or scheme." *Id*. ***The Ninth Circuit's reasoning applies to Plaintiffs' other claims, which also refer to***

*"communication" or "act" in the singular*. See Cal. Penal Code §§ 631(a) (prohibiting the unauthorized interception of "any message, report or communication"); *id*. § 632(a) (prohibiting the interception of a "confidential communication") . . . . Furthermore, the California Supreme Court "ha[s] long settled that separate, recurring invasions of the same right can each trigger their own statute of limitations." *Aryeh v. Canon Business Solutions, Inc.*, 292 P.3d 871, 880 (Cal. 2013).

(2) The statute further provides that it is violated whenever a defendant "uses, or attempts to use … any information so obtained." Cal. Penal Code § 631(a). Plaintiffs' proposal properly instructs the jury that Google's use of their private browsing data constitutes a separate and additional violation of the statute, subject to its own statute of limitations. *See also, e.g.*, Dkt. 608-12 at § V.E (report of Plaintiff technical expert detailing Google's use). Plaintiffs certainly do not "concede" that Google is liable only for reading, attempting to read, or learning the contents of Plaintiffs' private browsing communications, as Google incorrectly states below. Instead, the elements in Instruction No. 2-1, in addition to constituting a violation, form the predicate for subsequent, independent violations. Incorporating an instruction on subsequent violations in the initial Instruction No. 2-1 would make that instruction overly complex and difficult for the jury to follow.Google's proposal is also improper because it lists the applicable rate for statutory damages. Those damages are set by statute, and the jury has no say in what they are or what they should be. Google's proposal risks leading the jury astray into making a finding based on the amount of money that Google might have to pay, which is not the jury's role for this claim.

[Authorities: Dkt. 113 (Order Denying MTD FAC); *Bliss v. CoreCivic, Inc.*, 978 F.3d 1144, 1148 (9th Cir. 2020); *Valenzuela v. Nationwide Mut. Ins. Co.*, — F. Supp. 3d —, 2023 WL 5266033, at *6 (C.D. Cal. Aug. 14, 2023); *Tavernetti v. Superior Court of San Diego Cnty.*, 22 Cal.3d 187, 197 (Cal. 1978)]

**Google's Statement:**

(1) There is no CACI instructing the jury to determine the number of violations of CIPA for purposes of statutory damages. Accordingly, Google's instruction quotes CIPA's language directly and otherwise adopts other model instructions for calculation of damages.

This approach is the most appropriate in this circumstance. Hewing to the language of the statute itself ensures no error is introduced by either party's instruction. It also provides the jury with a clear understanding of why they must calculate the number of violations, which is otherwise hidden in Plaintiffs' proposed instruction. Further, because this instruction concerns damages, it must include the standard safeguards that accompany instructions on those inquiries—which is entirely missing from Plaintiffs' inadequate version. For example, Plaintiffs omitted the burden that they carry to prove CIPA violations entirely from their instruction and, as with all damages calculations, it is important that the jury understand an "award must be based upon evidence and not upon speculation, guesswork or conjecture." Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017), Section 5.1 Damages – Proof. This is particularly important here, given that the number of violations found by the jury will provide key input for this Court's calculation of any statutory damages, and Google anticipates the number of violations will be heavily contested at trial.

(2) Plaintiffs seek to instruct the jury that "each interception qualifies as a separate violation of the law," but such simplistic instruction is inappropriate. It is especially inappropriate in this case, where, unlike the typical CIPA case where a phone call may be intercepted, it is unclear what will equate to an "interception" among the complex types of network communications and the myriad At-Issue Data Google receives. Plaintiffs continue to rely on Judge Koh's motion to dismiss ruling which is inapplicable because this question arose in a different procedural context and addressed a different legal question—whether each interception restarts the clock for purposes of the statute of limitations. *Bliss v. CoreCivic, Inc.* does not help Plaintiffs either because it addressed whether separate interceptions could be deemed separate violations for purposes of statutes of limitations, and the court in *Bliss* did not purport to explain how a jury should calculate the number of violations. 978 F.3d 1144, 1148 (9th Cir. 2020). The Ninth Circuit did not even consider Section


637.2 of the CIPA, but rather the court ruled on the Federal Wiretap Act and claims arising under Nevada state law.

(3)  Plaintiffs' November 27, 2023 addition to this instruction is erroneous. In the parties' proposed instruction outlining the elements of a CIPA Section 631 claim, Plaintiffs concede that the basis of liability for their claim is limited to an allegation that "Google read, attempted to read, or learned the contents or meaning" of each Plaintiff's communications with non-Google websites. Disputed Instruction No. 2-1. That instruction does not mention Google's "use or attempted use of information." Plaintiffs' improper attempt to expand the bases for statutory damages is unsupported and would lead the jury into error. The case Plaintiffs cite, *Valenzuela v. Nationwide Mut. Ins. Co.*, — F. Supp. 3d —, 2023 WL 5266033 (C.D. Cal. Aug. 14, 2023), does not support their addition to this instruction. The case does not purport to address how a jury should calculate the number of violations under CIPA. Instead, the court addressed whether the plaintiff plausibly alleged that the defendant used the data improperly collected in violation of CIPA 631. *Id.* at *4. This Court should adopt Google's instruction, which stays true to the language of the statute and the routine safeguards provided in other damages instructions.

[Cal. Penal Code § 637.2; Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017), Section 5.1 Damages – Proof (no "speculation, guesswork or conjecture" in awarding damages)]

DATE SUBMITTED: November 1, 2023

DATE REVISED: November 27, 2023

**(DISPUTED) JURY INSTRUCTION NO. 4-6**

Number of Violations

**Plaintiffs' Proposal:**

If you find that Plaintiffs have proven their claim under the ECPA, you will need to decide how many times Google violated the law, as to each Plaintiff.

Each interception qualifies as a separate violation of the law. Each use or attempted use of information obtained from any wrongfully intercepted communication also constitutes a separate and additional violation of law. I will separately provide an instruction on the statute of limitations to the extent it applies.

**Google's Proposal:**

The Wiretap Act provides that "the court may assess as damages…statutory damages of whichever is greater of $100 a day for each day of violation or $10,000." If you find that each Plaintiff has proven his/her claim, you will need to determine the total days of violation. In making that determination, you must consider whether each Plaintiff has put forth specific evidence of a violation. You may not speculate, guess, or conjecture in determining the total days of violation for each Plaintiff.

**Plaintiffs' Statement:**

Google's proposal provides zero guidance for how to decide how many times that Google violated the law. By contrast, Plaintiffs' proposal provides that guidance, relying on Judge's Koh ruling on the motion to dismiss. Dkt. 113 at 24. In rejecting Google's argument that Plaintiffs' claims were time-barred, citing Ninth Circuit law, Judge Koh held that "each interception is a separate violation" for purposes of the Federal and California wiretap statutes:

> T**he Ninth Circuit has held that, for Wiretap Act claims, "each interception is a discrete violation"** with its own statute of limitations. *Bliss v. CoreCivic, Inc.*, 978 F.3d 1144, 1148 (9th Cir. 2020). In coming to this conclusion, the Ninth Circuit relied on the Wiretap Act's "multiple references to 'communication' in the singular," which showed that there was "no textual basis for morphing what otherwise would be considered separate violations into a single violation because they flow from a common practice or scheme." Id. **The Ninth**

*Circuit's reasoning applies to Plaintiffs' other claims, which also refer to "communication" or "act" in the singular*. See Cal. Penal Code §§ 631(a) (prohibiting the unauthorized interception of "any message, report or communication"); id. § 632(a) (prohibiting the interception of a "confidential communication") . . . . Furthermore, the California Supreme Court "ha[s] long settled that separate, recurring invasions of the same right can each trigger their own statute of limitations." *Aryeh v. Canon Business Solutions, Inc.*, 292 P.3d 871, 880 (Cal. 2013).

The statute further provides that it is violated whenever a defendant "uses, or endeavors to use, the contents of any … electronic communication, knowing or having reason to know that the information was obtained through" violation of the ECPA. 18 U.S.C. § 2511(1)(d). Plaintiffs' proposal properly instructs the jury that Google's use of their private browsing data constitutes a separate and additional violation of the statute, subject to its own statute of limitations. *See, e.g.*, Dkt. 608-12 at § VIII.E (report of Plaintiff technical expert detailing Google's use). Plaintiffs certainly do not "concede" that Google is liable only for intercepting or endeavoring to intercept Plaintiffs' private browsing communications, as Google incorrectly states below. Instead, the elements in Instruction No. 4-1, in addition to constituting a violation, form the predicate for subsequent, independent violations. Incorporating this proposed instruction on subsequent violations in the initial Instruction No. 4-1 would make that instruction overly complex and difficult for the jury to follow.

Google's proposal is also improper because it lists the applicable rate for statutory damages. Those damages are set by statute, and the jury has no say in what they are or what they should be. Google's proposal risks leading the jury astray into making a finding based on the amount of money that Google might have to pay, which is not the jury's role for this claim.

[Authorities: Dkt. 113 (Order Denying MTD FAC); *Bliss v. CoreCivic, Inc.*, 978 F.3d 1144, 1148 (9th Cir. 2020); *In re Google Referrer Header Privacy Litig.*, 465 F. Supp. 3d 999, 1008 (N.D. Cal. 2020)]

**Google's Statement:**

(1)   Google's instruction hews to the language of the statute itself and properly instructs the jury that any Wiretap violations must be calculated on a per-day basis. In contrast, Plaintiffs'

instruction incorrectly instructs the jury to base a damages award on the total "number" of violations. The Ninth Circuit has rejected Plaintiffs' approach. In *Bliss v. CoreCivic, Inc.*, the Ninth Circuit held that it is not the number of times the Wiretap Act was violated that is relevant to a damages inquiry but the number of days the statute was violated. 978 F.3d at 1144, 1148 ("The statutory-damages provision clarifies that violations are remedied on a per-day basis, not a per-occurrence basis. That is, if multiple violations occur in a single day, only one damage assessment is made."). Therefore, the jury need not determine "how many times Google violated the law." Plaintiffs' improper instruction would invite the jury to commit reversible error by calculating a damages award based on a patently incorrect standard.

(2) Plaintiffs' November 27, 2023 addition to this instruction is erroneous. In the parties' proposed instruction outlining the elements of a Wiretap Act claim, Plaintiffs concede that the basis of liability for their claim is limited to an allegation that "Google intercepted or endeavored to intercept" each of Plaintiffs' communications with non-Google websites. Disputed Instruction No. 4-1. That instruction does not mention Google's "use or attempted use of information." Plaintiffs' improper attempt to expand the bases for statutory damages is unsupported and would lead the jury into error. The case Plaintiffs cite, *In re Google Referrer Header Privacy Litig.*, 465 F. Supp. 3d 999, 1008 (N.D. Cal. 2020), does not support their addition to this instruction. The case does not purport to address how a jury should calculate the number of violations under the Wiretap Act. Instead, the court addressed whether plaintiffs had pleaded concrete injury for purposes of Article III standing for their Stored Communications Act claim, which is not a claim at issue here.

(3) Moreover, as with all damages calculations, it is important the jury understand that an "award must be based upon evidence and not upon speculation, guesswork or conjecture." Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017), Section 5.1 Damages – Proof. Google's instruction properly advises the jury on this Model Instruction,

which is particularly important here, given that both the nature and credibility of the evidence and the number of alleged (per-day) violations will be contested at trial. In addition, it is fully proper to advise the jury as to the amount of the statutory rate, and Plaintiffs have offered no legal support to the contrary.

[Authorities: 18 U.S. Code § 2520(c)(2)(B); Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017), Section 5.1 Damages – Proof (no " speculation, guesswork or conjecture" in determining damages)]

DATE SUBMITTED: November 1, 2023

DATE REVISED: November 27, 2023

# SIGNATURE BLOCKS

DATED: November 27, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: *Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

DATED: November 27, 2023

BOIES SCHILLER FLEXNER LLP

By: /*Mark Mao*
David Boies (*pro hac vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa Street, 31st Floor
Los Angeles, CA 90017

| | |
|---|---|
| Jonathan Tse (CA Bar No. 305468)<br>jonathantse@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>*Attorneys for Defendant Google LLC* | Telephone: (813) 482-4814<br><br>John A. Yanchunis (*pro hac vice*)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (*pro hac vice*)<br>rmcgee@forthepeople.com<br>MORGAN & MORGAN, P.A.<br>201 N Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br>Facsimile: (813) 222-4736<br><br>Michael F. Ram, CA Bar No. 104805<br>MORGAN & MORGAN<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com<br><br>*Attorneys for Plaintiffs* |

**ATTESTATION**

I, [Name], hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: November 27, 2023                    By: /s/ Mark Mao