**BOIES SCHILLER FLEXNER LLP**

David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 629-9040
alanderson@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**

Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**

John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel.: (415) 358-6913
mram@forthepeople.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Case No.:  4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION TO BIFURCATE PUNITIVE DAMAGES AMOUNT (DKT. 1064)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: December 19, 2023 at 2:00 p.m.<br>Location: Courtroom 1 – 4th Floor<br>Trial Date: January 29, 2024 |

## I.   INTRODUCTION

One issue to be decided by the jury is the offensiveness of Google's conduct. The documents produced by Google in this case describe how there was a "████"[1] within Google over Incognito, where many of Google's employees viewed Incognito as "████[2] and something that was "████"[3] and needed to be fixed. When Google employees raised these concerns, Google management instructed them "██████████████████████████", and one Google Director stated plainly: "████████████████████████████████."[4] In understanding why Google chose to protect profits instead of privacy, but not correcting that "██" or fixing Google's "████" Incognito product, the jury will learn how Google was making ████████ ████████ each year from its undisclosed and unconsented use of private browsing data from millions of Americans, including Plaintiffs. This is confirmed by documents produced in this litigation. One of Plaintiffs' experts used Google's internal forecasts to calculate Google's unjust enrichment from the at-issue conduct, and the Court denied Google's *Daubert* motion directed at those calculations. Dtk. 803. As detailed in the Pretrial Statement, Plaintiffs properly seek to present that evidence and those calculations to the jury so that they may assess the offensiveness of Google's conduct and also calculate non-punitive relief.

With its belated bifurcation motion (Dkt. 1064), Google improperly seeks to prevent Plaintiffs from presenting this relevant evidence to the jury. Google could have raised these matters in the Pretrial Statement but chose not to. *See* Dkt. 1028-1 at 20–27 (discussing Plaintiffs' damages, including punitive damages), 54–55 (Trial Alternatives and Options, addressing UCL and injunctive relief, but not punitive damages). Google broadly requests that the Court "*defer* admission of evidence of Google's *financial condition* to [a] second phase because such evidence is *only* relevant

---

[1] Ex. 1 (GOOG-BRWN-00475063 at -65).
[2] Ex. 2 (GOOG-BRWN-00806426 at -26).
[3] Ex. 3 (GOOG-BRWN-00441285 at -86).
[4] Ex. 4 (GOOG-BRWN-00169228 at -28).

to the punitive damages amount." Mot. at 1 (emphasis added). The main problem with Google's motion is that the "financial condition" evidence Google seeks to "defer" are revenue forecasts (listed on pages 18 and 19 of the parties' combined exhibit list, Dkt. 1054-1) used to calculate Google's unjust enrichment during the period back to 2016. That includes many of the same highly relevant exhibits Google seeks to exclude with its MIL No. 2. *See* Dkt. 1027.

As set out in the Appendix to this opposition, most of the exhibits Google seeks to "defer" were cited in the report prepared by Plaintiffs' damages expert, which does not discuss punitive damages at all. Many of these exhibits are relevant to proving the amount of actual damages (*e.g.*, PX 720–28) and unjust enrichment damages (*e.g.*, PX 697, 719) Plaintiffs are entitled to, based on Google's past conduct, and not based on Google's current financial condition. Google does not dispute that the jury should hear evidence related to the amount of actual damages or unjust enrichment, or whether Google's conduct is offensive in the first trial phase. That necessarily includes what Google seeks to defer, and Plaintiffs, therefore, respectfully request that the Court deny Google's thinly-veiled attempt to exclude this relevant evidence. Alternatively, should the Court be inclined to bifurcate trial, Plaintiffs ask that the Court defer only evidence or argument regarding Google's *current* financial condition and ability to pay a punitive damages award.

## II.   ARGUMENT

"[B]ifurcation is the exception rather than the rule of normal trial procedure within the Ninth Circuit." *Medtronic Minimed Inc. v. Animas Corp.*, 2013 WL 3233341, at *1 (C.D. Cal. June 25, 2013) (citing *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004)). Google as the "[t]he moving party carries the burden of proving that bifurcation is warranted" by showing that the Rule 42 grounds for bifurcation—including "convenience, to avoid prejudice, or to expedite and economize"—are satisfied. *Id.*; Fed. R. Civ. P. 42(b). Google's motion presents

2

1     bifurcation as somehow routine, but the cases cited by Google are nothing like this case.[5]

2          None of the Rule 42 bifurcation grounds are present in this case. Google claims the

3 referenced evidence "is *only* relevant to the punitive damages amount" (Mot. at 1), but that is

4 incorrect. The evidence referenced by Google is also relevant to the jury's decisions on liability

5 (including the offensiveness of Google's conduct) and non-punitive monetary relief (including

6 calculating the amount of unjust enrichment that should be awarded to the named Plaintiffs). *See In*

7 *re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 599–600 (9th Cir. 2020) (California law

8 recognizes right to "disgorgement of profits resulting from unjust enrichment" from unauthorized

9 collection and use of data). As shown in the Appendix, most of the exhibits Google seeks to "defer"

10 (from pages 18 and 19 of the exhibit list) are cited in the report of Plaintiffs' damages expert Mr.

11 Lasinski, and that report nowhere discusses punitive damages. Those exhibits are relevant in part in

12 terms of calculating the amount of money Google made *in the past*, not Google's current financial

13 condition or ability to pay any punitive damages award.

14          Even to the extent some exhibits relate to Google's financial condition (in the past), that still

15 does not warrant bifurcation given the relevance to other issues. *See e.g.*, *Hangarter v. Provident*

16 *Life and Acc. Ins. Co.*, 373 F.3d 998 (9th Cir. 2004) (affirming refusal to bifurcate punitive damages

17 given evidence of defendants' financial position was also relevant to one of plaintiff's claims); *Skye*

18 *Orthobiologics, LLC v. CTM Biomedical, LLC*, 2023 WL 5667558, at \*\*11–12 (C.D. Cal. Aug. 9,

---

[5] In two of the decisions cited by Google, the parties agreed to bifurcate punitive damages. *See Kanellakopoulos v. Unimerica Life Ins. Co.*, 2018 WL 984826, at \*6 (N.D. Cal. Feb. 20, 2018); *id.* Case No. 5:15-cv-04674 at Dkt. 171 at 5 (plaintiff agreeing with defendant's request to bifurcate punitive damages); *Bowoto v. Chevron Corp.*, 2008 WL 2074401, at \*1 (N.D. Cal. May 15, 2008) ("plaintiffs do not dispute that the amount of punitive damages should be tried separately"). The others involved very different claims, including an FLSA claim for unpaid overtime, *Cuc Dang v. Sutter's Place, Inc.*, 2012 WL 6203203, at \*4 (N.D. Cal. Dec. 12, 2012), and three section 1983 cases brought against law enforcement—all cases where the defendants' finances were obviously irrelevant to the other issues being tried. *See Henderson v. Peterson*, 2011 WL 2838169, at \*16 (N.D. Cal. July 15, 2011); *Johnson v. City of Antioch*, 2010 WL 11484689, at \*1 (N.D. Cal. July 15, 2010); *Burdett v. Reynoso*, 2007 WL 4554034, at \*3 (N.D. Cal. Nov. 20, 2007).

---

PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION          CASE NO. 4:20-CV-3664-YGR-SVK
TO BIFURCATE PUNITIVE DAMAGES AMOUNT

1    2023) (denying motion to bifurcate punitive damages amount as defendants' financial condition was

2    relevant to other issues); *Doherty v. State Farm Gen. Ins. Co.*, 2021 WL 6104170, at *4 (C.D. Cal.

3    July 12, 2021) (denying motion to bifurcate because evidence of defendant's financial condition

4    may be relevant to plaintiff's claims).

5           The cases cited by Google involved very different claims where the financial evidence at

6    issue was either irrelevant or substantially less relevant. One addressed an "unopposed" motion to

7    bifurcate punitive damages for a sexual assault and battery case where Plaintiff did not argue

8    financial evidence may be relevant to liability. *Doe v. Rose*, 2016 WL 9150617, at *1 (C.D. Cal.

9    July 27, 2016); *see Doe v. Rose*, 15-cv-7503, Dkt. 100-1 at 4 (C.D. Cal. June 20, 2016) (defendants'

10   unopposed bifurcation motion: "financial status … is not relevant to a finding of liability on any of

11   Plaintiff's claims"). In *Vieste, LLC v. Hill Redwood Dev.*, the court was "not convinced" there would

12   be "substantial overlap" between evidence relevant to "liability and compensatory damages", on the

13   one hand, and punitive damages, on the other hand. 2011 WL 13153235, at *1 (N.D. Cal. Nov. 30,

14   2011). And in Google's other case—which concerned a racial discrimination claim brought against

15   an employer—the at-issue financial evidence included the general financial condition of not only

16   the defendant, but also its parent corporation and other subsidiaries. *See Jackson v. Fed. Express

17   Corp.*, 2006 WL 8445780, at *1 (W.D. Tenn. June 14, 2006).

18          The at-issue evidence that Google seeks to exclude here includes the revenue Google

19   specifically makes from users' private data, which is highly relevant to the merits and non-punitive

20   damages. None of these cases which Google relies on support any argument that Google will suffer

21   any undue or unfair prejudice absent Google's proposed bifurcation.

22          Nor would bifurcation be efficient – for the parties or the Court. It would simply require the

23   jury sit for multiple sessions (or even potentially empanel an entirely new jury), delay resolution,

24   and increase expenses for all involved. "[S]eparation has been denied when the evidence on the two

25   subjects is overlapping or the liability and damages issues are so intertwined that efficiency will not

26

27

28

4

be achieved…." 9A Fed. Prac. & Proc. Civ. § 2390 (3d ed.); *Hiramanek v. Clark*, 2016 WL 8729933, at *1 (N.D. Cal. July 8, 2016) (bifurcating amount of punitive damages "would not serve the interests of judicial economy"); *San Diego United Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2018 WL 5281909, at *5 (S.D. Cal. Oct. 23, 2018) (denying motion to bifurcate punitive damages claim because "bifurcation into two jury trials will necessarily complicate and delay this proceeding").

The cases Google relies on to argue any purported efficiency are inapposite. Like many of the other decisions cited in Google's Motion, two involved excessive force cases brought against law enforcement officers, one was a civil rights case, and in one of those cases the *plaintiff was "amenable" to bifurcation*. *Bardinet v. Tolino*, 2022 WL 16958628, at *4 (C.D. Cal. Oct. 6, 2022); *see also Barker v. Yassine*, 2016 WL 4264149, at *1 (E.D. Cal. Aug. 15, 2016); *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 449 (N.D. Cal. 2001). In all of these cases, the court found bifurcation efficient because the evidence presented in the various trial phases did not sufficiently overlap. *Bardinet*, 2022 WL 16958628, at *6 (financial evidence "irrelevant" to liability); *Barker*, 2016 WL 4264149, at *3 (bifurcation would preclude introduction of certain evidence "unless and until necessary"); *Bates*, 204 F.R.D. at 449 ("[b]ecause the issues of liability and damages are separable, it would be convenient to bifurcate").  That is not the case here, as the evidence Google seeks to defer is highly relevant to Plaintiffs' claims and the damages they seek.

Finally, bifurcation will not "help avoid juror confusion." Mot. at 3. With appropriate jury instructions, the jury can readily decide all issues in a single phase. *See, e.g.*, *Benson Tower Condo. Owners Ass'n v. Victaulic Co.*, 105 F. Supp. 3d 1184, 1209 (D. Or. 2015) (denying motion to bifurcate amount of punitive damages in part because defendant had failed "to explain how the Court's jury instructions were insufficient to cure any potential confusion"); *see also Miller v. Pacific Indem. Co.*, 2019 WL 2341720, at *4 (D. Ariz. June 3, 2019) ("[t]he Court starts with the assumption that jurors are competent and able to obey jury instructions").

The two cases on which Google relies are distinguishable. First, in *Phanpradith v. Griego*, the court affirmed bifurcation reasoning that because defendant's financial position was in no way relevant to plaintiffs' civil rights claims, introducing that evidence before entitlement to punitive damages was established "could be confusing to the jury." 850 Fed. Appx. 497, 500 (9th Cir. Mar. 18, 2021). And in *Gable v. Land Rover North America, Inc.*, a breach of warranty case related to manufacturing defects, the court granted the *plaintiff*'s request to bifurcate liability from all damages-related issues, reasoning bifurcation would be efficient since the liability evidence would be "highly independent" from all damages evidence (unlike here). 2011 WL 3563097, at *7 (C.D. Cal. July 25, 2011). Because Google has failed to show that the potential for jury confusion outweighs the need for the jury to hear relevant evidence, it has likewise failed to meet its burden to show bifurcation is needed here. *Miller*, 2019 WL 2341720, at *5 ("Defendant failed to carry its burden to show that bifurcation is necessary to prevent confusion to the jury").

Google's Motion is also untimely. In the Pretrial Statement (Dkt. 1028-1), the parties extensively (in 78 pages) laid out their positions on myriad issues related to trial. Notably absent is any argument that punitive damages should be bifurcated. For example, Google acknowledged that Plaintiffs were seeking punitive damages for the ECPA, CIPA, CDAFA, and privacy torts. Dkt. 1028-1 at 21. For trial alternatives and options (Section H of the Pretrial Statement), Google did not propose any bifurcation, while the parties did acknowledge other bifurcation methods concerning the UCL claim and classwide injunctive relief. Dkt. 1028-1 at 54–55.

Should the Court be inclined to bifurcate trial, Plaintiffs ask that the Court defer only evidence or argument regarding Google's *current* financial condition and ability to pay a punitive damages award. This alternative proposal would permit Plaintiffs to introduce the liability and damages evidence (PX 697, 719–728) while reserving traditional punitive damages evidence for a second phase of the trial.

III.     **CONCLUSION**

Plaintiffs respectfully request the Court deny Google's motion or, alternatively, only defer

evidence regarding Google *current* financial condition and the calculation of punitive damages.

Dated:  November 28, 2023.                    Respectfully submitted,


By:    */s/ Mark C. Mao*
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile (415) 293-6899

David Boies (admitted pro hac vice)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

James Lee (admitted pro hac vice)
jlee@bsfllp.com
Rossana Baeza (admitted pro hac vice)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
M. Logan Wright (CA Bar No. 349004)
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP

7

725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Bill Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
Steven Shepard (pro hac vice)
sshepard@susmangodfrey.com
Alexander P. Frawley (pro hac vice)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913

8

1

Facsimile: (415) 358-6923

2

*Attorneys for Plaintiffs*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9