UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHASOM BROWN, ET AL.**, <br> Plaintiffs, <br> v. <br> **GOOGLE LLC**, <br> Defendant. | Case No. 4:20-cv-3664-YGR <br><br> **PRETRIAL ORDER NO. 2 RE: PRETRIAL MOTIONS AND MOTIONS IN LIMINE** <br><br> Re: Dkt. Nos. 894, 985, 990, 991, 992, 1002, 1015, 1021, 1022, 1023, 1024, 1025, 1028, 1031, 1033, 1047, 1051, 1053, 1054, 1061, 1063, 1064, 1066, and 1067 |

Pending before the Court are plaintiffs' Motion to Certify Issue Classes Under Fed. R. of Civ. P. 23(c)(4); plaintiffs' Motion to Exclude Certain Google Employee Witnesses; Google's *Daubert* Letter Brief to Exclude Certain Opinions of Plaintiffs' Expert Jonathan Hochman; Google's Motion to Exclude Plaintiffs' Witness Blake Lemoine; Google's Motion to Bifurcate Punitive Damages; various Motions in Limine from both sides; and related Motions to Seal.[1]

Having carefully considered the parties' filings and oral argument presented on November 29, 2023, and for the reasons stated on the record, the Court rules as follows. The various motions to seal that are related to the pending motions are **GRANTED** except as used in this Order.

**PLAINTIFFS' MOTIONS**

1. **Motion to Certify Issue Classes Under Fed. R. of Civ. P. 23(c)(4) (Dkt. No. 894): Withdrawn**

At the November 29, 2023, hearing, plaintiffs informed the Court they were withdrawing

---

[1] Google also filed a motion to remove an incorrectly filed document at 1052-1. (Dkt. No. 1063.) That motion is **GRANTED.**

their Motion for Certification of Issue Classes under Fed. R. of Civ. P. 23(c)(4). That motion is therefore deemed **WITHDRAWN**.

### 2. Motion to Exclude Certain Google Employee Witnesses (Dkt. No. 992): Denied

Plaintiffs move to exclude two Google witnesses that they argue Google did not timely identify: Dr. Caitlin Sadowski and Steven Ganem. Plaintiffs first learned about these witnesses back in February of 2021, when Google disclosed them. Google designated Dr. Sadowski as a Fed. R. of Civ. P. 30(b)(6) witness and, on March 10, 2022, plaintiffs took her deposition. Then, on April 21, 2022, plaintiffs examined Dr. Sadowski at an evidentiary hearing. Plaintiffs themselves, along with Google, have put Dr. Sadowski on their trial witness list. The contention that Google did not timely disclose Dr. Sadowski does not persuade.

Moreover, plaintiffs have previously moved to exclude Ganem in front of Magistrate Judge van Keulen. She denied that request. They then moved to strike Ganem's testimony. This Court denied that request but allowed plaintiffs to depose him. (Dkt. No. 803 at 11 n.5.) Again, plaintiffs have had ample and adequate notice that Google intended to rely on Ganem.

For that reason and as further explained on the record, this motion is **DENIED.**

### 3. MIL No. 2: to Preclude Argument or Evidence on Implied Consent (Dkt. No. 1021): Denied

Plaintiffs move the Court to exclude any evidence on the defense of implied consent because the Court ruled that implied consent defeated predominance and did not certify a Rule 23(b)(3) class because of it. Google points out that implied consent remains relevant both to named plaintiffs' individual claims and to the appropriateness of classwide injunctive relief. Moreover, the defense of implied consent is relevant to other issues, like plaintiffs' CDAFA and CIPA claims. At the conference, plaintiffs suggested that their motion was more limited, in the sense that they objected to the introduction of "public" information suggesting consent through the questioning of the plaintiffs. In this regard, the Federal Rules of Evidence apply and cannot be circumvented. Again, the jury cannot be shown exhibits not admitted into evidence nor can examination occur without a foundation.

This motion is **DENIED** for the reasons stated on the record. The defense of implied consent

2

1    continues to be relevant to plaintiffs' claims.

2    **4. MIL No. 3: to Preclude Google from Referencing the Use of Google Services by the Court, Law Firms Retain by Plaintiffs, and Plaintiffs' Expert Witnesses (Dkt. No. 1022): Granted**

Plaintiffs request that the Court preclude Google from referencing any use of Google services by the district court, plaintiffs' counsel, and plaintiffs' experts. They argue that it is irrelevant and any probative value would be substantially outweighed by unfair prejudice. Google responds that it will not bring up this Court's use of Incognito Mode but states that plaintiffs' experts and counsel have used Incognito mode and that is relevant.

For the reasons stated on the record, the Court **GRANTS** this request. Google will not reference the use of Google services by the Court, plaintiffs' counsel, or plaintiffs' expert witnesses.

**5. MIL No. 4: to Preclude Google from Referencing Plaintiffs' Continued Use of Private Browsing Mode (Dkt. No. 1023): Denied**

Plaintiffs request that the Court preclude Google from introducing any argument or evidence related to plaintiffs continued use of private browsing. Doing so would place plaintiffs in a "catch-22 that would essentially preclude injunctive relief altogether," plaintiffs argue. "This catch-22 consists of plaintiffs either, (a) ceasing their use of private browsing, and Google arguing they lack standing to seek injunctive relief, or (b) continuing to use private browsing, and risking that use being weaponized against them (as Google is doing now)." Google responds that plaintiffs' argument is a strawman—the intent to use private browsing mode in the future would have been enough to support standing for injunctive relief. Moreover, Google argues that plaintiffs ignore that their continued use of private browsing mode is relevant to their claims.

On this, the Court agrees with Google. For the reasons stated on the record, the Court **DENIES** the motion. Plaintiffs continued use of private browsing mode is relevant to their claims.

**6. MIL No. 5: to Preclude Google from Introducing Disparaging Evidence or Argument (Dkt. No. 1024): Grant as stipulated**

Before the November 29, 2023, pretrial conference, the parties resolved plaintiffs' MIL No. 5 by stipulation. The parties stipulated as follows: 1. The Parties will not elicit witness testimony referring to Private Browsing Modes, including Incognito, as "porn mode," or refer to it

3

as such in attorney argument; 2. The Parties will not seek to exclude any exhibit solely because it includes the term "porn mode," or otherwise seek to redact the term from any exhibit; 3. The Parties will not elicit witness testimony referring to Plaintiff Chasom Brown's work as having been in the "marijuana" or "cannabis" industry, or refer to his employment with such terms in attorney argument, but may, where relevant, refer to or describe his work experience as "consumer retail" work or in the "consumer retail" industry; 4. The Parties will not elicit witness testimony referring to Plaintiff William Byatt's work as having been for the Miami-Dade Democratic Party, or refer to it as such in attorney argument, but may, where relevant, refer to or describe his work experience in "local politics."

As stipulated, the Motion is **GRANTED**.

## GOOGLE'S MOTIONS

**1. Motion to Exclude Certain Opinions of Plaintiffs' Expert Jonathan Hochman (Dkt. No. 1003): Granted in Part, Denied in Part**

With the Court's leave, Google filed a three-page *Daubert* letter brief. Google argues that the Court should not permit plaintiffs' expert Jonathan Hochman from testifying about: (1) sanctions proceedings and orders; (2) alleged deficiencies in Google's document production and what additional discovery "might have shown"; (3) speculation about what Google might have found if the Court had ordered Google to conduct searches for Incognito detection bits differently, and (4) untimely references to a public blog post that existed long before Hochman filed his original report. Plaintiffs objected.

As stated on the record, all parties, their counsel and experts are **PROHIBITED** from mentioning *any* Court order or procedure, including the sanctions proceedings, to the jury without the Court's prior leave. Appropriate sanctions will issue for failure to comply.

On this particular motion, plaintiffs' expert Hochman is **PRECLUDED** from testifying on discovery or sanctions proceedings and related Orders. He may testify about the logs Google submitted as part of those proceedings, and how those logs bolster his "already asserted opinions, including [his] opinions about Google's interception, storage, and use of private browsing data, Google's ability to identify private browsing traffic and class members, Google's ability to delete

4

the private browsing data it has already collect, and Google's ability to destroy algorithms developed through that data."

For those reasons, Google's motion is **GRANTED IN PART AND DENIED IN PART.**

### 2. Motion to Exclude Plaintiffs' Witness Blake Lemoine (Dkt. No. 1015): Evidentiary Hearing Needed

Google moves to exclude plaintiffs' recently disclosed witness, Blake Lemoine, under Fed. Rs. of Evid. 403 and 611(a) and Fed. R. of Civ. P. 37. Lemoine is a former Google employee who plaintiffs claim has "highly relevant personal knowledge" about how Google uses private browsing data, including how Google's "internal algorithms, machine learning, and artificial intelligence services rely on users' private browsing data, including data collected while users are in Chrome Incognito mode." Plaintiffs only recently disclosed Lemoine as witness because they did not know of his existence until he reached out to them after the Court ruled on Google's Motion for Summary Judgment.

As stated on the record, the Court needs additional information to resolve the dispute, including a potential evidentiary hearing to determine the relevancy and probative value of Lemoine's testimony. Though plaintiffs have stated that Lemoine's testimony is relevant, the Court is concerned with the distraction which may result from his anticipated cross-examination. To facilitate and expedite resolution of the issue, the Court **ORDERS** Google to turn over any document pertinent to Lemoine's testimony by **December 11, 2023**. His deposition shall be conducted by no later than **December 22, 2023**. By **December 27, 2023**, the parties should also file **one joint statement**, **of no more than a page and a half**, explaining to the Court if an evidentiary hearing is still necessary.

### 3. Motion to Bifurcate (Dkt. No. 1064): Granted Per Pretrial Order No. 1

This motion was addressed as part of the Court's standard orders. To the extent to complies with the Court's Pretrial Order No. 1, the motion is **Granted.**

### 4. MIL No. 1: to Exclude Evidence and Argument Regarding Discovery Sanctions Orders (Dkt. No. 1025): Granted without Prejudice

As explained above and on the record, Google's MIL No. 1 is **GRANTED WITHOUT PREJUDICE.** The parties may not bring in evidence or argument of any Court proceeding or Order,

including the sanctions proceedings and Orders, without prior leave.

**5. MIL No. 4: to Exclude Evidence and Argument Regarding the Joining of Authenticated and Unauthenticated Data (Dkt. No. 1031): Denied**

Google moves to exclude argument that Google joins unauthenticated and authenticated data. For the reasons stated on the record, this motion is **DENIED.**

Dkt. Nos. 894, 985, 990, 991, 992, 1002, 1015, 1021, 1022, 1023, 1024, 1025, 1028, 1031, 1033, 1047, 1051, 1053, 1054, 1061, 1063, 1064, 1066, and 1067 are terminated.

**IT IS SO ORDERED.**

Dated: December 5, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**