**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660)
rachaelmccracken@quinneamanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**MOTION FOR CORRECTION OF COURT'S ORDER GRANTING PLAINTIFFS' MOTION *IN LIMINE* NO. 3 RE: USE OF GOOGLE SERVICES**<br><br>The Honorable Yvonne Gonzalez Rogers<br><br>Hearing: ;January 16, 2024, 2:00 PM<br><br>Trial Date: January 29, 2024 |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 60(a), Defendant Google LLC respectfully moves for correction of the Court's December 5, 2023 order on Plaintiffs' Motion *in Limine* No. 3 (Dkt. 1078 at 3) ("Order"). The Order makes two clerical errors. First, it grants Plaintiffs' Motion *in Limine* No. 3 ("PMIL 3") in its entirety "for the reasons stated on the record," whereas, on the record at the November 29, 2023 Pretrial Conference (the "Hearing"), the Court ruled that PMIL 3 was "[g]ranted in part [and] denied in part." Dkt. 1080, Transcript of November 29, 2023 Hearing ("Tr.") 118: 4. Second, the Order misconstrues PMIL 3 as seeking to exclude evidence on the use of Incognito mode, but the motion seeks to exclude evidence on the use of Google web services. *See* Dkt. 1022; Dkt. 1022-7.

Google's Motion for Correction is based upon this Notice, the Memorandum of Points and Authorities, the record at the Hearing, all pleadings on file, and any additional materials the Court deems proper to consider.

DATED: December 11, 2023                          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Andrew H. Schapiro*
 Andrew H. Schapiro
 *Attorney for Defendant Google LLC*

1

Case No. 4:20-cv-03664-YGR-SVK
MOTION FOR CORRECTION OF COURT'S ORDER GRANTING PLAINTIFFS' MOTION *IN LIMINE* NO. 3 RE: USE OF GOOGLE SERVICES

**MEMORANDUM OF POINTS AND AUTHORITIES**

PMIL 3 seeks to exclude evidence of the use of Google web-services by the Court, Plaintiffs' law firms, and Plaintiffs' experts. At the Hearing, the Court ruled that PMIL 3 was "[g]ranted in part [and] denied in part"—granting the motion as to the use of Google services by the Court and Plaintiffs' law firms, but denying it as to the use of such services by Plaintiffs' experts. Tr. 118:4. Due to an apparent clerical error, the Order grants PMIL 3 in its entirety, including as to Plaintiffs' experts. The Order further appears to misconstrue the subject matter of PMIL 3 as concerning evidence on the use of "Incognito mode." *Compare* Dkt. 1078 at 3 *with* Dkt. 1022 at 1; Dkt. 1022-7 at 1. Google respectfully requests that the Court correct the Order.[1]

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). In deciding motions under Rule 60(a), the Court's original intent is the controlling factor. *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014). The Court may invoke Rule 60(a) where a clerical error resulted in language that did not accurately memorialize the Court's intended holding. *Id.*

## II. ARGUMENT

### A. The Court Should Correct the Order to Clarify that It Does Not Apply to Plaintiffs' Experts

PMIL 3 seeks to preclude Google from referencing "any use of Google services by the Court, Plaintiffs' counsel, and Plaintiffs' experts." Dkt. 1022 at 1. In its opposition, Google made clear that it did not intend to reference "any use of Google services by the Court," but argued that Plaintiffs' counsels' and experts' continued use on their *own* websites of the same Google web-

---

[1] Plaintiffs provided the following statement of their position: Plaintiffs defer to the Court with respect to Google's Motion. In light of the Court's Pretrial Order, Plaintiffs understood the Court to have reconsidered its statement on the record that it would deny Plaintiffs' third motion *in limine* in part, with respect to expert witnesses' use of Google web services. To the extent that the Pretrial Order in fact reflects a clerical error, Plaintiffs have no objection to an appropriate amendment.

services that they claim facilitate "unlawful voyeurism" is highly relevant to multiple claims.  Dkt. 1022-7 at 1-2.

At the Hearing, the Court ruled that PMIL 3 was "[g]ranted in part [and] denied in part."  Tr. 118:4.  The Court granted PMIL 3 to exclude evidence on the use of Google web services by the Court and Plaintiffs' counsel, but denied PMIL 3 with respect to evidence on the use of Google services by Plaintiffs' experts.  Tr. 117: 2-4.  The Court explained:

> **THE COURT**: […] With respect to plaintiffs' experts, I mean, any witness who talks -- who testifies, they're fair game. I mean, look, I had Tim Sweeney who admitted to using an iPhone and he was suing Apple. It's fair game.

Tr. 117: 5-8.  The Order, by contrast, grants PMIL 3 in its entirety, including as to Plaintiffs' experts.  Dkt. 1078 at 3.

Because the Order provides no reason for departing from the Court's decision on the record, Google contends the Order reflects a clerical error that the Court may correct under Rule 60(a).  Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a[n] [] order…."); *Tattersalls, Ltd.*, 745 F.3d at 1297 (The quintessential 'clerical' errors are where the court errs in transcribing the judgment…."); *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987) ("Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record.  The error can be corrected whether it is made by a clerk or by the judge."); *Williams v. Yamaha Motor Corp., U.S.A.*, 2014 WL 12607684, at *2 (C.D. Cal. Nov. 26, 2014) ("The court may invoke Rule 60(a) where a clerical error resulted in language that did not accurately memorialize the court's intended holding.") (citing *In re Jee*, 799 F.2d 532, 535 (9th Cir.1986)).  Google therefore requests that the Order be corrected to make clear that evidence of Plaintiffs' experts' continued use of Google web-services may be presented at trial.

## B. The Court Should Correct the Order to Clarify the Evidence Excluded

The Order also misconstrues PMIL 3 as seeking to exclude evidence regarding the use of Incognito mode.  Dkt. 1078 at 3.  In fact, PMIL 3 seeks to exclude evidence of the use of the Google web services that transmit the at-issue data to Google (regardless of which browser or mode is

used)—such as Google Analytics and Google Ad Manager. *See* Dkt. 1022 at 1; Dkt. 1022-7 at 1. Google requests that the Court correct this clerical error too.

### III.    CONCLUSION

Google respectfully requests that the Court correct the Order to make clear that (1) it pertains to the use of Google web-services, and (2) Google may present evidence at trial that Plaintiffs' experts continue to use Google web-services.

DATED: December 11, 2023

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ *Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (CA Bar No. 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*