# Exhibit A

Do you know anything about or have you ever worked at or with any of the following? Check all that apply.
Boies Schiller Flexner LLP
Google LLC
Morgan & Morgan PA
Quinn Emanuel Urquhart & Sullivan LLP
Susman Godfrey LLP
If any are checked, please explain:

Do you know any of the following people? Check all that apply.
Sammit Adhya
Jesse Adkins
On Amir
Alison Anderson
Josef Teboho Ansorge
Rossana Baeza
Glenn Berntson
Deepti Bhatnagar
Chetna Bindra
David Boies
Amanda Bonn
Sabine Borsay
Stephen Broome
Chasom Brown
William Burck
William Byatt
Bill Carmody
Christopher Castillo
Stephen Chung
Jomaire Crawford
Ian Crosby
Jeremy Davis
Diane Doolittle
Greg Fair
Teuta Fani
Adrienne Porter Felt
Donald Seth Fortenbery
Alexander Frawley
Steve Ganem
Tracy (Xi) Gao
Ramin Halavati
Helen Harris
Marie Hayrapetian
Jonathan Hochman
Sara Jenkins

1

Mark Keegan
Michael Kleber
Michael Lasinski
James Lee
Blake Lemoine
Bert Leung
Chris Liao
Mandy Liu
Mark Mao
AbdelKarim Mardini
Joseph Margolies
Jean Martin
Rory McClelland
Rachael McCracken
Ryan McGee
Keith Mitnik
David Monsees
Crystal Nix-Hines
Alyssa Olson
Chris Palmer
Konstantinos ("Kostas")  Psounis
Shawn Rabin
Brian Rakowski
Michael Ram
Beko Reblitz-Richardson
Aarti Reddy
Caitlin Sadowski
Andrew Schapiro
Bruce Schneier
Justin Schuh
Paul Schwartz
Martin Shelton
Steven Shepard
Ryan Sila
Sonal Singhal
Carl Spilly
Bruce Strombom
Parisa Tabriz
Thao Thai
Viola Trebicka
Monique Trujillo
Jonathan Tse
Lorraine Twohill
Troy Walker
Brett Watkins

1

M. Logan Wright
John Yanchunis
Georgios Zervas
If any names are checked, please explain:

Do you or anyone close to you use private browsing modes when on the
internet?
(drop down answers)
No
Yes, Brave
Yes, Chrome Incognito
Yes, DuckDuckGo
Yes, Microsoft Edge InPrivate
Yes, Mozilla Firefox
Yes, Safari private browsing
Yes, Tor
Yes. Please describe:

Have you or anyone close to you ever believed they had a claim for invasion of privacy, been part of a data or privacy breach, or had their identity stolen?
No
Yes. Please describe

Do you or anyone close to you have a strong opinion about any of the following?
(drop down answers)
Large technology companies (Yes, self / Yes, someone close)
Google (Yes, self / Yes, someone close)
A person's right to privacy while using the internet (Yes, self / Yes, someone close)
Harm that is not physical in nature (Yes, self / Yes, someone close)
Lawsuits against large companies / Civil lawsuits (Yes, self / Yes, someone close)
If Yes to any of the above, please explain: [1]

---

[1] **Plaintiffs' Statement:** Plaintiffs' proposed edits are warranted. Plaintiffs insert "on the internet" because the case is about an alleged violation of privacy *on the internet*, and the jurors' views on that subject are relevant. Similarly, the harm in this case is not physical in nature; some jurors may have a strong opinion about non-physical harm. This case is also a lawsuit "against a large company." Google's counter-proposal ("civil lawsuits") is vague and confusing. Some jurors may not even know what "civil lawsuit" means. Finally, Plaintiffs' proposed edits are neutral, and will provide helpful information for both sides.

**Google's Statement:** Plaintiffs' proposal improperly conditions the jury. First, Plaintiffs suggest that there is a generic and codified legal "right to privacy while using the internet," as opposed to specific legal claims with set elements. Second, asking the jury about "lawsuits against large corporations" is problematic because it (1) suggests this case is only about wrongdoing of a large corporation when it is also about the conduct of the parties bringing the claims and (2) is so broad it is not relevant to the case because it covers irrelevant types of lawsuits, including criminal and bankruptcy cases. To the extent jurors have strong views about civil lawsuits, Google's alternate

Do you, a family member, or someone close to you have expertise or had training, taken courses or worked in or around the following areas?
(drop down answers)
Law (Yes, self / Yes, family / Yes, someone close)
Privacy (Yes, self / Yes, family / Yes, someone close)
Technology (Yes, self / Yes, family / Yes, someone close)
Data Security (Yes, self / Yes, family / Yes, someone close)
Computer Programming or Coding (Yes, self / Yes, family / Yes, someone close)
Drafting or Negotiating Contracts (Yes, self / Yes, family / Yes, someone close)
Drafting Disclosures or Policies (Yes, self / Yes, family / Yes, someone close)
If Yes to any of the above, please explain:

Does any of the following apply to you, a family member, or someone close to you?
(drop down answers)
Hold or held a leadership role at work, in a social group, or on a jury
Serving or served in the military
If Yes to any of the above, please explain:

Have you or anyone close to you ever signed up with a law firm to pursue privacy-related claims?
No
Yes. Please describe:

Are you familiar with Google CEO Sundar Pichai?[2]

---

proposed formulation will elicit those views with a more balanced question.  Third, Plaintiffs failed to plead or provide any discovery on "harm that is not physical," so whether or not Plaintiffs pled and can recover for "harm that is not physical" is a disputed question in this case.  Google does not believe it is appropriate to survey the jury's view on one specific type of damages or damages that should not be at issue in the case given Plaintiffs' failure to comply with their pleading and discovery obligations.  *See* Dkt. 1028-1 at 26.

[2] **Plaintiffs' Statement:** Plaintiffs propose just this one additional question. Leaders of technology companies can be influential people, particularly in the Silicon Valley community. Some jurors will have strong opinions about Mr. Pichai—positive or negative—just as they would about leaders of other large technology companies like Facebook or Twitter. This question is particularly appropriate for this case because Plaintiffs will proffer and rely on evidence concerning Mr. Pichai's role in making key decisions about Incognito.

**Google's Statement:**  This question improperly attempts to suggest that this lawsuit is about Mr. Pichai.  Plaintiffs did not list Mr. Pichai on their witness list or on the list of potential witnesses/names associated with the case, conceding that he is not central to this case and certainly not central enough to warrant an individualized question. Plaintiffs also declined Google's compromise proposal of including Mr. Pichai in the list of names in Question 2, making it clear that this question is not designed to identify familiarity with Mr. Pichai.  Mr. Pichai has been the

1

No
Yes. Please describe:

---

subject of a number of high-profile news articles and this question could cause jurors to improperly associate the conduct referenced in those articles with this case.

[1]