BOIES SCHILLER FLEXNER LLP
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel listed in signature blocks below*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted pro hac vice)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted pro hac vice)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemauel.com
Rachael L. McCracken (CA Bar No. 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant; additional counsel listed in signature blocks below*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**JOINT AND DISPUTED PROPOSED JURY INSTRUCTIONS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

1	Pursuant to the Court's Order on the record during the Pretrial Conference held on November 29, 2023, Plaintiffs and Defendant Google LLC submit certain new and revised proposed jury Instruction No. 0-2 (Claims and Defenses) and a new proposed Instruction No. 0-3 (Advisory Jury).

Plaintiffs also hereby submit a revised proposed Instruction No. 9-2 (Damages on Multiple Theories) and Instruction No. 9-9 (Punitive Damages), from which Plaintiffs represent they had inadvertently omitted their request for punitive damages for Claim 4 (violation of the Electronic Communications Privacy Act/Wiretap Act), which was included in the Pretrial Statement. *See* Dkt. 1029 at 20 (Pretrial Statement, stating that Plaintiffs seek punitive damages for this claim). There are no new disputes with respect to these instructions; Google agrees that punitive damages are available for this claim. The parties have edited their position statements for these instructions.

The Parties use the same color-coding as in earlier submissions: black signifies agreed upon text, blue signifies Plaintiffs' proposal, and red signifies Google's proposal. The Parties have included brief explanations and authorities to support their respective positions.

**(DISPUTED) JURY INSTRUCTION NO. 0-2**

<u>Claims and Defenses</u>

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs assert that Google has (1) violated the Computer Data Access and Fraud Act (CDAFA); (2) violated California's Invasion of Privacy Act (CIPA) Section 631; (3) violated California's Invasion of Privacy Act (CIPA) Section 632; (4) violated the Electronic Communications Privacy Act (ECPA), also called the Wiretap Act; (5) breached the contract between Plaintiffs and Google; (6) invaded Plaintiffs' privacy; and (7) intruded upon Plaintiffs' seclusion. Plaintiffs have the burden of proving these claims.

Google denies those claims and also contends that (1) Plaintiffs consented to Google's collection of certain data; (2) the websites Plaintiffs visited consented to Google's collection of data; (3) any invasion of privacy or intrusion upon seclusion was justified; and (4) Plaintiffs' claims are barred in whole or in part by the statute of limitations; (5) the contract between Google and Plaintiffs precludes any liability against Google; (6) Plaintiffs waived any right to pursue their claims; (7) the contract between Google and Plaintiffs limits the damages Plaintiffs may recover; (8) Plaintiffs failed to mitigate any damages; and (9) Plaintiffs were unjustly enriched. Google has the burden of proof on these affirmative defenses. Plaintiffs deny Google's affirmative defenses.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 1.5 (2017)]

**Joint Statement:**

(1)   Both parties' proposals track the Ninth Circuit Model Instruction Number 1.5 exactly. The parties dispute only the affirmative defenses on which the jury should be instructed and have previously briefed this dispute in the Joint and Disputed Proposed Jury Instructions filed on November 1, 2021 (Dkt. 1057). The parties respectfully direct the Court to their respective statements accompanying the separate instructions on these affirmative defenses. *See* Dkt. 1057,

Instruction No. 8-8 (Limitation of Liability); Instruction No. 8-9 (Waiver), Instruction No. 9-8 (Limitation of Damages), Instruction No. 9-10 (Mitigation of Damages), and Instruction No. 9-11 (Unjust Enrichment).

DATE SUBMITTED: November 1, 2023

DATE REVISED: December 15, 2023

**(DISPUTED) JURY INSTRUCTION NO. 0-3**

<u>Advisory Jury</u>

Your task is to determine whether each Plaintiff successfully proved their claims against Google. If you conclude that they have done so, you will also determine whether Google proved any of its defenses to bar liability for Plaintiffs' claims. If you find that Google has not done so, you will determine Plaintiffs' damages. The Plaintiffs also request [a court order requiring changes to Google's practices / Court-ordered remedies]. I will decide [whether to order any changes to Google's practices, but your conclusions on the Plaintiffs' claims and Google's defenses may affect my decision / later whether to issue any Court-ordered remedies after you have reached your factual conclusions and decisions on liability].

**<u>Plaintiffs' Statement</u>:**

(1) Both parties' proposals are consistent with the Court's guidance during the Pretrial Conference. *See* November 29, 2023 Pretrial Conference Tr. 154:11-13 ("I will advise the jury that their factual findings on liability can inform the Court with respect to court-ordered remedies.").

(2) The parties dispute only the characterization of Plaintiffs' request for injunctive relief. Plaintiffs' proposal, which would inform the jury that Plaintiffs seek a "a court order requiring changes to Google's practices" is complete, accurate, and a plain-English summary of the concept of injunctive relief. This phrase is neutral and sufficient to provide the jury with some idea of the nature of the proceedings in which the jury will participate. Plaintiffs' proposal is also broad enough to encompass all of the changes Plaintiffs seek (*e.g.*, stopping using the Incognito brand name, stopping the practice of collecting private browsing data, stopping the practice of saving previously-collected private browsing data), while narrow enough to exclude relief that the Court will not decide, such as monetary relief. If the Court is not satisfied with this proposal, the Plaintiffs would be amenable to another plain-English, neutral description of injunctive relief. *See, e.g.*, Cal. Civ. Proc. Code § 525 (describing an injunction as an "order requiring [Google] to refrain from a particular act," to which one might add, "or to take a particular act"). Google's proposed language—"court-ordered remedies"—could be misinterpreted to encompass additional *monetary* relief, which

is not at issue. If the jury comes to the incorrect conclusion that the Court may order vast additional monetary relief, that may make them hesitant to vote their true beliefs about the claims asserted by the five specific plaintiffs.

(3) Google's proposal is also inconsistent with the Court's guidance during the Pretrial Conference. The Court advised that it would instruct the jury that its findings can "inform" the Court's decision. Google's proposal says nothing of the sort. Google should not be permitted to relitigate this issue. In any event, there is no support for Google's bare argument that this instruction puts a thumb on the scale, let alone in Plaintiffs' favor. One could just as easily rewrite Google's argument below, but in Google's favor. ("In other words, even if the jury is inclined to find Google's liable, it may reconsider its decision if it believes its conclusions will impact [court-ordered changes to Google's practices.]"). The instruction is neutral, and it is important for the reasons Plaintiffs explained and the Court recognized during the Pretrial Conference: Otherwise, the jury may be confused about why they are sitting in a weekslong trial over a relatively insignificant sum of money, and they may penalize Plaintiffs for it.

**Google's Statement:**

(1) Google's proposed instruction appropriately informs the jury that Plaintiffs seek additional relief to be decided by the Court without suggesting to the jury that their determination of liability will impact the Court's decisions on injunctive relief or providing unnecessary details on the scope of that relief. Plaintiffs' proposed instruction is inaccurate and prejudicial for a number of reasons.

(2) First, the risk involved in telling the jury that their "conclusions on the Plaintiffs' claims and Google's defenses may affect [the Court's] decision" on injunctive relief is much higher than any purported benefit. This instruction puts a thumb on the scale for Plaintiffs by essentially offering the jury an additional reason to find liability where they would not have otherwise done so. In other words, even if the jury is inclined to not find Google liable, it may reconsider its decision if it believes its conclusions will impact additional remedies Plaintiffs seek. Moreover, there is no benefit to telling the jury that their findings will affect the Court's decision on additional relief that

is not before them. The Court may still rely on the jury's conclusions without such a prejudicial instruction.

(3) Second, Plaintiffs' use of the term "changes to Google's practices" is incorrect and incomplete. In fact, Plaintiffs seek much more by way of injunctive relief, such as requesting that Google "perform an audit to identify all logs that store private browsing data," "delete any products, algorithms, or services built with any private browsing data," "cease all use of the 'Incognito' brand name" and icon, and that the Court appoint "a third-party auditor to verify Google's compliance" of the various requirements set by the Court. Dkt. 1028-1 at 4, 10-11. Plaintiffs' additional proposal to adopt the California Civil Procedure Code § 525's definition of injunctive relief suffers from this same deficiency. An "order requiring [Google] to refrain from a particular act" or "to take a particular act" would not accurately or completely capture the extensive relief Plaintiffs seek. Providing the jury Plaintiffs' entire twelve-point injunctive relief request would mire the jury in facts it does not need to consider. It may also severely prejudice Google if it leads the jury to give credence to Plaintiffs' claims merely because the Court has agreed to rule on such extensive relief. On the other hand, providing just the tip of the iceberg, as Plaintiffs have done, risks prejudice because the jury may see those changes as reasonable and then seek to engineer a court order for relief by making (potentially unsupported) findings it would have otherwise not made.

By contrast, Google's proposal to use the phrase "Court-ordered remedies" adopts the Court's exact language during the Pretrial Conference. *See* November 29, 2023 Pretrial Conference Tr. 154:11-13. Plaintiffs' claim that the jury may somehow infer from Google's proposed instruction that the Court may order "vast additional monetary relief" and that the jury would be hesitant to "vote their true beliefs" on Plaintiffs' claims as a result is entirely unsupported. This instruction, and numerous others that the parties have proposed, clearly define the jury's task of determining liability and calculating the appropriate damages, if any. *See, e.g.*, Instruction Nos. 9-1, 9-2, 9-5.

(4) For these reasons, the most fair and acceptable instruction is to provide the jury only that which it needs to know: that the Court will rule on additional relief after the jury makes its

factual conclusions and decisions on liability. The Court should give Google's version of this instruction.

DATE SUBMITTED: November 1, 2023

DATE REVISED: December 15, 2023

**(DISPUTED) JURY INSTRUCTION NO. 9-2**

<u>Damages on Multiple Legal Theories</u>

Plaintiffs seek damages from Google under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You are asked to decide whether Google is liable to Plaintiffs under the following legal theories:

1. Comprehensive Computer Data Access and Fraud Act ("CDAFA")

2. California Invasion of Privacy Act ("CIPA") Section 631

3. California Invasion of Privacy Act ("CIPA") Section 632

4. Electronic Communications Privacy Act/Wiretap Act

5. Breach of Contract

6. Invasion of Privacy under the California Constitution

7. Intrusion Upon Seclusion under California Law.

The following items of damages are recoverable only once under Claims 1, 5, 6, and 7:

1. Actual damages for the value of Plaintiffs' Private Browsing Data

2. Google's unjust enrichment

3. Nominal damages.

The following items of damages are recoverable only once under Claims 1 and 7:

1. Compensatory Damages

The following items of damages are recoverable only once under Claim 5:

1. Breach of Contract Damages

2. Nominal Damages

The following additional items of damages are recoverable only once for Claims 1, 4, 6 and 7.

1. Punitive damages.

**Plaintiffs' Statement:**

(1)  Plaintiffs' proposal tracks the pattern instruction for cases in which plaintiffs seek multiple types of damages based on multiple legal theories, CACI 3934. Plaintiffs' proposal accurately describes the available remedies for each claim.

(2)  Plaintiffs properly seek actual damages, which includes restitution, in connection with their claims for violations of the CDAFA (Claim 1), breach of contract (Claim 5), invasion of privacy (Claim 6), and intrusion upon seclusion (Claim 7). *See* Dkt. 969 (MSJ Order) at 33 (damages under CDAFA include market-based restitutionary measure); *Oracle USA, Inc. v. Rimini Street, Inc.*, 191 F. Supp. 3d 1134, 1145 (D. Nev. 2016), *rev'd in part on other grounds*, 879 F.3d 948 (2018) ("The plain, unambiguous language of the CDAFA provides a victim a full range of traditional remedies including 'compensatory damages and injunctive relief or other equitable relief.'"); Restatement (Second) of Torts § 652H (privacy torts give rise to actual damages); Ca. Civ. Code § 3300 (providing damages for contract claims). Google incorrectly argues that actual damages are unavailable for invasion of privacy (Claim 6), relying an inapplicable line of cases regarding the availability of monetary relief for certain claims when asserted against a government actor. *See Hart v. TWC Prod. & Tech. LLC*, 526 F. Supp. 3d 592, 602 (N.D. Cal. 2021) (distinguishing such cases).

(3)  Plaintiffs also properly seek unjust enrichment in connection with their claims for violations of the CDAFA (Claim 1), breach of contract (Claim 5), invasion of privacy (Claim 6), and intrusion upon seclusion (Claim 7). *See* Dkt. 969 (MSJ Order) at 12 (concluding that "a remedy based upon unjust enrichment may lie" for Plaintiffs' claims for "breach of contract and violation of … the CDAFA"); *In re Facebook Internet Tracking Litig.*, 956 F.3d 589, 600-01 (9th Cir. 2020) (plaintiffs were "entitle[d] … to profits unjustly earned" through "unauthorized use of their information" under CDAFA); Cal. Penal Code § 502(e)(1) (providing for "equitable relief"); *Dreyfuss v. Union Bank of Cal.*, 24 Cal. 4th 400, 413 (2000) (describing "unjust enrichment" as

"equitable relief")[1]; *Ajaxo Inc. v. E*Trade Grp. Inc.*, 135 Cal. App. 4th 21, 55 (2005) (affirming award of disgorgement of profits for breach of contract); Restatement (Third) of Restitution § 44 cmt. b ("Profitable interference with … protected interests, such as the claimant's right of privacy, gives rise to a claim [for restitution or unjust enrichment]" (emphasis added)); *Meister v. Mensinger*, 230 Cal. App. 4th 381, 398-99 (2014) ("The public policy of this state does not permit one to take advantage of his own wrong regardless of whether the other party suffers actual damage" (cleaned up)); *cf.* Cal. Civ. Code § 1708.8(d) (statutory privacy claims allow for "disgorgement to the plaintiff of any proceeds").

(4)  Nominal damages are an available remedy for violation of the CDAFA (Claim 1), breach of contract (Claim 5), invasion of privacy (Claim 6), and intrusion upon seclusion (Claim 7). Cal. Civ. Code § 3360 (generally providing for nominal damages for breach of a duty, as a form of "[c]ompensatory [r]elief"); *Sterling Drug v. Benatar*, 99 Cal. App. 2d 393, 400 (1950) (generally providing that "[n]ominal damages are not only recovered where no actual damage resulted from an ascertained violation of right but also where actual damages have been sustained, the extent of which cannot be determined"); *see also* Cal. Penal Code § 502(e)(1), (4); CACI 360 (instruction on nominal damages for breach of contract); *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021) ("every violation [of a right] imports damage," which might be "redress[ed]" by "nominal damages … even if [the plaintiff] cannot or chooses not to quantify that harm in economic terms"). This is explained in further detail in Plaintiffs' statement concerning Disputed Instruction No. 9-7.

(5)  Punitive damages are also an available remedy for Plaintiffs' claims for violations of the CDAFA (Claim 1), violations of the ECPA (Claim 4), invasion of privacy (Claim 6), and intrusion upon seclusion (Claim 7). Cal. Penal Code § 502(e)(4); *Spinks v. Equity Res. Briarwood Apartments*, 171 Cal. App. 4th 1004, 1055 (2009) ("[P]unitive damages may be available for the tort[] of … invasion of privacy."); 18 U.S.C. § 2520(b)(2) (ECPA); *Pyanovska v. Abid*, 65 F.4th

---

[1] In support of its argument that disgorgement of profits is not an available remedy under the CDAFA, Google oddly cites (and mischaracterizes) cases concerning the substantive element of "damage or loss" under that statute. Its authorities for this claim—as for the others—are unpersuasive.

1067, 1079 (9th Cir. 2023) (confirming availability of "equitable relief, damages, punitive damages, and reasonable attorney's fees and other litigation costs" for ECPA violation); *see also Jackson v. First Nat'l Bank of Omaha*, 2022 WL 423440, at *9 (C.D. Cal. Jan. 18, 2022) ("California courts and district courts in the Ninth Circuit have recognized punitive damages may be appropriate for common law invasion of privacy claims.").

**Google's Statement:**

Plaintiffs' proposed competing language incorrectly states the remedies that are available for each of Plaintiffs' claims.

(1) Specifically, Plaintiffs' instruction incorrectly states that restitution, unjust enrichment, nominal damages, and punitive damages are available for Plaintiffs' Invasion of Privacy claim. The only published California Court of Appeal case that addresses directly whether a violation of the right to privacy in Article I, Section I of the California Constitution can give rise to money damages is *Clausing v. San Francisco Unified School Dist.*, 221 Cal.App.3d 1224, 1235 (1990), where the court held that although Article I, Section I enumerates "inalienable rights, this provision of the Constitution does not establish the means whereby they may be enjoyed." *Id.*; *see also Bates v. Arata*, 2008 WL 820578 (N.D.Cal. Mar. 26, 2008) (following *Clausing*, declined to recognize a private right of action for money damages based on Article I, Section 1's right to privacy); *Blanco v. County of Kings*, 142 F.Supp.3d 986, 1001 (E.D. Cal. 2015) ("No monetary damages are available for invasion of privacy under the California Constitution."). *Hart v. TWC Prod. & Tech. LLC*, 526 F. Supp. 3d 592, 602 (N.D. Cal. 2021) did not find otherwise. *Id.* (finding plaintiffs had sufficiently stated a claim for injunctive relief but deferring briefing on the issue of availability of damages for Invasion of Privacy claim to a later date; the case subsequently settled after the court denied class certification but before briefing on the damages question). Any recovery is limited to injunctive relief. Issuing this instruction would thus be clear error.

(2) Plaintiffs' instruction also incorrectly states that restitution is available for breach of contract, CDAFA, or intrusion upon seclusion claims. It is not. With respect to a breach of contract claim, restitution "does not lie when an enforceable, binding agreement exists." *See Parino v.*

*BidRack, Inc.*, 838 F. Supp. 2d 900, 908 (N.D. Cal. 2011). CDAFA limits damages to "compensatory damages and injunctive relief or other equitable relief." Cal. Penal Code § 502(e)(1). And Google is aware of no decision awarding restitution for an intrusion upon seclusion claim; Plaintiffs certainly cite none. Instead, Plaintiffs improperly seek to reframe their theory of damages as one of "actual damages" and cite inapplicable authorities holding that actual damages are available. But they have no evidence of actual damages, and the unrelated theory of restitution is no substitute. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 871 (9th Cir. 2017) (actual (or compensatory) damages is "compensat[ion] for a proven injury or loss" and restitution is the "difference between what the plaintiff paid and the value she received in return."); *Brazil v. Dole Packaged* Foods, LLC, 660 F. App'x 531, 534 (9th Cir. 2016) (defining restitution damages); *see also Mullins v. Premier Nutrition Corp.*, 2016 WL 3440600, at *8 (N.D. Cal. June 20, 2016) (distinguishing between restitution and actual damages).

(3)     Plaintiffs' instruction incorrectly states that unjust enrichment is available for breach of contract, CDAFA, or intrusion upon seclusion claims. Contract damages are limited to no greater amount than what Plaintiffs "could have gained by the full performance" of the contract. *Yahoo! Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 859 F. App'x 168, 168 (9th Cir. 2021). Neither of the two cases Plaintiffs cite hold otherwise. *Meister v. Mensinger*, 230 Cal. App. 4th 381, 398-99 (2014) stands for the unremarkable proposition that if the fact of damages is certain, the amount of damages need not be calculated with absolute certainty. *Ajaxo Inc. v. E*Trade Grp. Inc.*, 135 Cal. App. 4th 21, 55 (2005) involves an NDA concerning trade secrets and proprietary information and has no application here.

The CDAFA statute limits damages to "compensatory damages and injunctive relief or other equitable relief." Cal. Penal Code § 502(e)(1); *see also hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1195 n. 12 (9th Cir. 2022) (requiring plaintiff to show "damage" or "loss" by proving "technological harms—such as the corruption of files—of the type unauthorized users cause to computer systems and data"); *Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1262 (9th Cir. 2019) (holding that Plaintiffs' theory of loss that Defendant stole his personal information and deprived him of the opportunity to sell it was not "loss" under the statute); *Cottle v. Plaid Inc.*, 536 F. Supp.

3d 461, 488 (N.D. Cal. 2021) (explaining that a plaintiff's ability to control, place value on, or protect his or her data is not the type of "loss" or "damage" covered by CDAFA). Plaintiffs now claim that the statute allows for "unjust enrichment" because in the context of allowing for "injunctive relief" it states "or other equitable relief." But that reading is unsupported by a long line of precedent in the Ninth Circuit, cited above, and Plaintiffs can find *no* case in which a court (much less a jury) awarded unjust enrichment. Plaintiffs' reliance on *In re Facebook Internet Tracking Litig.*, 956 F.3d 589, 600-01 (9th Cir. 2020) and this Court's Order on Google's motion for summary judgment is misguided. Both decisions concern standing and neither specifically endorses the availability of a particular type of remedy for any of Plaintiffs' claims.

(4) Plaintiffs incorrectly state that nominal damages are available for CDAFA and Intrusion Upon Seclusion. Only one claim, breach of contract, allows for recovery of nominal damages. *See* Cal. Civ. Code § 3360 ("When a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages."). Plaintiffs' reliance on *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802, 209 L. Ed. 2d 94 (2021) for the proposition that nominal damages are available for their Invasion of Privacy and Intrusion Upon Seclusion claims is misguided. *Uzuegbunam* held that "nominal damages can redress" the plaintiff's injury in a freedom of speech case under the United States Constitution—no privacy-related claims were at issue. Plaintiffs' citation to *O'Phelan v. Loy*, 497 F. App'x 720, 721 (9th Cir. 2012) is even more misleading, since that case involved the Hawaii common law tort of invasion of privacy and an attorney's allegedly improper viewing of the plaintiff's medical information related to the aftermath of an assault.

(5) Finally, as indicated above, punitive damages are not available for Plaintiffs' invasion of privacy claim under the California Constitution. Plaintiffs' authorities on the proposition that punitive damages are available for privacy torts are inapposite to their constitutional law claim. *See Clausing*, 221 Cal.App.3d at 1235 (no monetary damages for invasion of privacy claim under California Constitution).

DATE SUBMITTED: November 1, 2023

DATE REVISED: December 15, 2023

**(DISPUTED) JURY INSTRUCTION NO. 9-9**

<u>Punitive Damages</u>[2]

If you decide that Google's conduct caused any Plaintiff harm, you must decide whether that conduct justifies an award of punitive damages. These damages are available only under the following claims: Claim 1 (violation of the CDAFA), Claim 4 (violation of the ECPA/Wiretap Act), Claim 6 (invasion of privacy), and Claim 7 (intrusion upon seclusion). You are not required to award any punitive damages. The amount, if any, of punitive damages will be an issue decided later.

You must decide whether each Plaintiff has proved that Google engaged in that conduct with malice, oppression, or fraud. To do this, Plaintiffs must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Google, who acted on behalf of Google; or
2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Google; or
3. That one or more officers, directors, or managing agents Google knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Google acted with intent to cause injury or that Google's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of the defendant's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Google's conduct was despicable and subjected Plaintiffs to cruel and unjust hardship in knowing disregard of his or her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Google intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiff.

---

[2] Plaintiffs have also revised their proposed instruction to reflect the Court's order on bifurcation of the punitive damages phase.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision making such that the employee's decisions ultimately determine corporate policy.

"Clear and convincing evidence" means that Plaintiffs must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of their claim are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

[Authority: CACI 3946; Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 1.7 (2017)]

**Plaintiffs' Statement:**

(1)  Plaintiffs' proposed instruction properly instructs the jury regarding the claims for which punitive damages are available. Google agrees that punitive damages are available under the CDAFA (Claim 1), the ECPA (Claim 4) and for intrusion upon seclusion (Claim 7). California courts have also recognized that punitive damages are available for invasion of privacy. *Spinks v. Equity Res. Briarwood Apartments*, 171 Cal. App. 4th 1004, 1055 (2009) ("[P]unitive damages may be available for the tort[] of … invasion of privacy."); *see also Jackson v. First Nat'l Bank of Omaha*, 2022 WL 423440, at *9 (C.D. Cal. Jan. 18, 2022). Google's contention that punitive damages are unavailable for invasion of privacy (Claim 6) is, as previously explained, premised on an inapplicable line of cases concerning relief against government actors. *See* Disputed Instruction No. 9-2.

**Google's Statement:**

(1)  The parties dispute the claims for which punitive damages are available. Plaintiffs incorrectly assert that punitive damages are available for their invasion of privacy claim. The only published California Court of Appeal case that addresses directly whether a violation of the right to privacy in Article I, Section I of the California Constitution can give rise to money damages is *Clausing v. San Francisco Unified School Dist*., 221 Cal.App.3d 1224, 271 Cal.Rptr. 72 (1990),

where the court held that although Article I, Section I enumerates "inalienable rights, this provision of the Constitution does not establish the means whereby they may be enjoyed." *Id*. Plaintiffs try to distinguish this case on the basis that it was against a government actor, but that fact was not a basis for the Court's legal determination that monetary damages are not available for invasion of privacy claims.  Importantly, federal courts in California have followed *Clausing*, and Plaintiffs identify no reason why the Court should depart from controlling authority.  *See also Bates v. Arata*, 2008 WL 820578 (N.D. Cal. Mar. 26, 2008) (following *Clausing*, declined to recognize a private right of action for money damages based on article I, section 1's right to privacy); *Blanco v. County of Kings*, 142 F.Supp.3d 986, 1001 (E.D. Cal. 2015) ("No monetary damages are available for invasion of privacy under the California Constitution."). Plaintiffs' authorities on the proposition that punitive damages are available for privacy torts are inapposite to their constitutional law claim.  Any recovery is limited to injunctive relief. Instructing the jury otherwise would be clear error.

DATE SUBMITTED: November 1, 2023

DATE REVISED: December 15, 2023

# SIGNATURE BLOCKS

| | |
|---|---|
| DATED: December 15, 2023 | DATED: December 15, 2023 |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BOIES SCHILLER FLEXNER LLP |
| By: */s/ Andrew H. Schapiro* | By: /s/ *Mark Mao* |

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice)*
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)

David Boies (*pro hac vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone: (813) 482-4814

| | |
|---|---|
| jonathantse@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>*Attorneys for Defendant Google LLC* | John A. Yanchunis (*pro hac vice*)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (*pro hac vice*)<br>rmcgee@forthepeople.com<br>MORGAN & MORGAN, P.A.<br>201 N Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br>Facsimile: (813) 222-4736<br><br>Michael F. Ram, CA Bar No. 104805<br>MORGAN & MORGAN<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com<br><br>*Attorneys for Plaintiffs* |

**ATTESTATION**

I, Andrew Schapiro, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: December 15, 2023                    By: /s/ Andrew H. Schapiro