UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CHASOM BROWN, ET AL.,**

Plaintiffs,

v.

**GOOGLE LLC,**

Defendant.

Case No. 4:20-cv-3664-YGR

**PRETRIAL ORDER NO. 3 RE: PRETRIAL MOTIONS AND MOTIONS IN LIMINE**

Re: Dkt. Nos. 975, 976, 1004, 1013, 1020, 1027, 1030, 1070, and 1082

This order addresses plaintiffs' *Daubert*[1] Motion to Exclude Google's Survey Expert On Amir; the parties' remaining motions in limine; a Motion to Amend or Correct the Court's Pretrial Order No. 2; and various sealing motions.[2] Having carefully considered the parties' filings and oral argument presented on November 29, 2023, and for the reasons stated on the record in addition to the reasons stated herein, the Court rules as follows.

### PLAINTIFFS' MOTIONS

**1. Motion to Exclude in Part the Opinions of Google's Expert On Amir (Dkt. No. 976): Denied**

Plaintiffs move to exclude Opinions 2–4 of Google's survey expert, Professor On Amir, identified in his April 15, 2022 Report. (Dkt. No. 975-1, Amir Report at ¶¶ 3–16 and 49–86.) Opinion 2 concerns the Consumer Perceptions and Expectations survey (Amir Report ¶¶ 3–7), Opinion 3 concerns the Interpretation survey (*id.* at ¶¶ 8–12), and Opinion 4 concerns the Likelihood of Use survey (*id.* at ¶¶ 13–16).

Plaintiffs argue that these opinions should be excluded as irrelevant or unreliable for three reasons:

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

[2] The various motions to seal that are related to the pending motions are **GRANTED** except as used in this Order.

1. The opinions are irrelevant to the upcoming trial, given that the Court denied plaintiffs' Fed. R. of Civ. P. 23(b)(3) class certification motion on the basis that implied consent required individualized inquiries;
2. Google should not be allowed to rely on extrinsic evidence to support its interpretation of the contractual documents;
3. Professor Amir did not "ask the right questions."

Google disagrees with each.

First, the Court disagrees that the opinions are wholly irrelevant. While they may not be relevant to each individual plaintiff's consent,[3] other claims not involving consent are at issue.

For instance, plaintiffs assert a claim for invasion of privacy. While the parties' dispute the terms used to describe the nature of that "invasion," it is either "highly offensive to a reasonable person" or "so serious . . . as to constitute an egregious breach of the social norms." (*See* Dkt. No. 1057, competing jury instruction No. 6-1 at 166.) Professor Amir's Consumer Perceptions and Expectations survey (Opinion 2) queried the participants expectations regarding data collection after having viewed the private browsing splash screens of Chrome, Safari, and Firefox (along with the "Learn More" pages for Chrome and Firefox). This evidence informs the issue of the egregiousness or offensiveness of the alleged invasion. That the questions presented could have been more precise (or asked differently) goes to weight, not admissibility.

Next, the Court is not inclined to exclude the evidence given Google's position at the motion for summary judgment that the Privacy Policy alone was unambiguous. Because the Court found that the scope of the parties' contract was potentially included other writings, and plaintiffs' own expert will present evidence on consumers' expectations about those other writings, the Court will allow Google to use Professor Amir's surveys as responding evidence. In different circumstances, plaintiffs' request to exclude Google's use of extrinsic evidence would have been appropriate as a party's litigation choices and tactics have consequences and do not implicate a

---

[3] It is not clear whether Google expects to use the survey information in that manner. If so, the motion is granted with respect to argument or impeachment in that regard, without prejudice to further explanation.

due process violation.

For those reasons, plaintiffs' *Daubert* motion is **DENIED.**

**2. MIL No. 1: to Preclude Google from Relying on Non-Public Source Code (Dkt. No. 1020): Denied**

Plaintiffs request that the Court preclude Google from presenting any evidence or argument tied to non-public Google source code. This request is a re-hash of previously made arguments to Magistrate Judge van Keulen and is similarly denied here.

By way of background, late in discovery, Google turned over evidence showing previously undisclosed fields in undisclosed logs that plaintiffs argue demonstrate Google's efforts to track users while in Incognito mode. Because Google had not disclosed this information earlier, Magistrate Judge van Keulen sanctioned Google twice. (Dkt. Nos. 588 and 898.) In responding to Magistrate Judge van Keulen's Order to Show Cause (which led to the second sanctions order), Google disclosed a small sliver of source code in support of its argument that even if a log contains both authenticated and unauthenticated data, this log is not proof that Google ties unauthenticated data to a particular user.

Plaintiffs argued Magistrate Judge van Keulen should recommend Google be precluded from presenting evidence or argument concerning this source code at trial given the late disclosure. Magistrate Judge van Keulen addressed the discovery issue substantively and drafted an adverse (to Google) jury instruction for the Court's consideration. She recommended that the Court instruct the jury that it could draw an inference that because these logs were disclosed so late, the disclosure would not be helpful to Google. (Dkt. 898 at 12.) She also recommended that the Court prohibit Google from arguing that there are no logs containing both authenticated and unauthenticated data. (*Id.*) She *refused*, however, to recommend that the Court preclude Google from arguing that it does not join authenticated and unauthenticated data. (*Id.* at 14.)

In this motion, plaintiffs renew their argument. The Court denies the request. That said, the Court accepts the rest of Magistrate Judge van Keulen's recommendations. It will issue the adverse instruction and Google is precluded from asserting that there are no logs containing both authenticated and unauthenticated data. The motion, as framed, is **DENIED.**

3

# GOOGLE'S MOTIONS

### 3. Motion to Amend/Correct Order on Plaintiffs' MIL No. 3 (Dkt. No. 1082): Granted

Plaintiffs' MIL No. 3 sought to exclude Google from identifying, referring, or using at trial evidence that certain persons/entities use Google's web-services. The motion was granted in part and denied in part. The Court clarifies herein that the motion is **DENIED** as to plaintiffs' experts use of Google's web-services for the reasons stated during the pretrial conference.

The motion to amend is **GRANTED.**

### 4. MIL No. 2: to Exclude Evidence and Argument Regarding Classwide Damages and Certain Other Damages Evidence (Dkt. No. 1027): Largely Denied; Partial Grant

Google moves to exclude: (1) all evidence and argument regarding class-wide damages; (2) all evidence and argument regarding unjust enrichment; (3) plaintiffs' expert Michael Lasinski's testimony and methodology on statutory damages, and (4) all evidence and argument regarding purported harm to plaintiffs' peace of mind. Plaintiffs raise two objections, namely that evidence about Google's profits and class-wide injuries is relevant to their claims and many of the 52 exhibits Google seeks to exclude focus not on damages but the nature of Google's misconduct.

In its original filing, Google merely attached a list of 52 exhibit numbers without any of the underlying exhibits in violation of this Court's Standing Order on Civil Trials, Paragraph 4.b. The failure to provide the Court with the actual exhibits at the time of filing is reason alone to deny the motion as the Court could not address the topic at the pretrial conference.

Subsequent to the conference, Google submitted the exhibits. Having reviewed the exhibits independently, the Court agrees with plaintiffs that many, if not most, contain information that is relevant to plaintiffs' claims and is not merely about damages. For example, in Ex. No. 443, Google employees discuss the potential impact on prohibiting third-party cookies in Incognito mode. The Court reads nothing in these documents that is per se inadmissible. For that reason, Google's MIL No. 2 is largely **DENIED** on those grounds.

With respect to exhibit numbers 402, 403, and 404 which appear to be charts from Mr. Lasinski's reports, the Court will allow some evidence with respect to defendant's profits and its alleged enrichment based in part on the alleged wrongful conduct. That said, it is not clear that Mr.

4

1  Lasinski's precise calculations are necessary given that classwide damages are not at issue. Thus,
2  he may testify on this topic in generalities. Based on the Court's discretion under Federal Rule of
3  Evidence 403, the Court considers this ruling a measured approach on the issue. The motion in
4  this regard is therefore **PARTIALLY GRANTED.**

5  With respect to the issue of Mr. Lasinski's testimony relating to statutory damages, he may
6  provide testimony regarding the number of certain events. Google's objections regarding "peace
7  of mind" are overruled.  The change of phrase is a distinction without a material difference. The
8  motion in this regard is **DENIED.**

9  **5. MIL No. 3: to Exclude Evidence and Argument Regarding Products, Services, Regulations, and Data Flows Outside of the Scope of Plaintiffs' Allegations (Dkt. No. 1030): Denied**

11  Google's MIL No. 3 seeks to exclude evidence of other litigation and regulations not at
12  issue in this litigation. Again, as with MIL No. 2, Google failed to provide the Court with the
13  exhibits it claimed related to the motion in violation of the Court's standing order, and on this
14  basis alone, the motion could be denied. After the pretrial conference, Google submitted 100
15  exhibits, yet the briefing indicated that only three exhibits related to the operative portion of the
16  motion,[4] namely Exhibits 61, 380, 708, and 886. The Court will consider those only.

18  Ex. 61 is an email exchange about Google's presence in China, as Google states. In it,
19  however, one of Google's employees notes that if it builds an infrastructure that is particular to
20  China, "it is only natural to put [it] to use in other places." The same is true of Ex. Nos. 380 and
21  708—the way Google thinks about privacy in Europe is still relevant to the privacy practices it has
22  chosen to implement, or not implement, in the United States. Google did not submit Ex. No. 886
23  as part of its one hundred exhibits so the Court deems the issue waived.  The Court finds that the
24  evidence is relevant and does not implicate "other proceedings" to such a degree that the trial

---

[4] Google's motion was actually three motions in one which violated the Court's standing order limiting motions in limine. Rather than strike the entirety of the motion, the Court allowed Google to narrow it. At the trial conference, Google withdrew categories (2) and (3).  Category (2) concerned non-browser applications or practices expressly excluded from plaintiffs' allegations and category (3) related to features that Google considered but never implemented.

would devolve into a "trial within a trial."

Google's MIL No. 3 is **DENIED.**

## OTHER

### 6. Plaintiffs' Admin Motion to Seal (Dkt. No. 1070): Denied

The request to seal in Dkt. No. 1070 is denied. The request was filed on November 29, 2023. Under Local Rule 79-5(f), Google was required to provide support for the sealing within seven (7) days. It failed to do so. The mere fact that information was, for discovery purposes, produced under the protective order is insufficient to justify sealing. Parties routinely over-designate. If this failure was inadvertent, Google may file a response within two (2) business days of this order. If not, plaintiffs shall publicly file the document.

### 7. Timing of Trial

Parties are advised that the Court's criminal trial in United States v. James, No. 4:19-cr-43, is still scheduled to be trial. Pretrial resolution is not expected. The parties estimate a two-week jury trial. Currently, the Court anticipates picking a jury in this case on **February 5, 2024.** Further, for planning purposes, please note the Court is dark **February 8-9, 2024.**

This order terminates Dkt Nos. 975, 976, 1004, 1013, 1020, 1027, 1030, 1070, and 1082.

**IT IS SO ORDERED.**

Dated: December 21, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**