**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 629-9040
alanderson@bsfllp.com
mwright@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>              Plaintiffs,<br>  v.<br>GOOGLE LLC,<br>              Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF MARK C. MAO IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:    Hon. Yvonne Gonzalez Rogers<br>Date:     July 30, 2024<br>Time:    2:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

Mao Decl. ISO Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement

4:20-cv-03664-YGR-SVK

## DECLARATION OF MARK C. MAO

I, Mark C. Mao, declare as follows.

1. I am a partner with the law firm of Boies Schiller Flexner LLP ("BSF"), counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of California. I have personal knowledge of the matters set forth herein and am competent to testify.

1. I have personal knowledge of the facts herein, or am informed and believe them to be true. If called as a witness, I could and would testify competently to the information set forth herein.

2. I submit this declaration in support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (the "Motion").

3. We conducted an extensive many-months investigation (with expert assistance) prior to filing and decided to challenge these Google practices.

4. This litigation involved, extensive, thorough, and hard-fought discovery. On September 30, 2020, Plaintiffs served Google with their first set of document requests. During fact discovery from September 2020 through March 2022, Plaintiffs served Google with 235 document requests, 40 interrogatories, and 75 requests for admission. Plaintiffs filed 34 motions to compel, and Google produced more than 900,000 documents from 43 custodians totaling over 5.8 million pages, most of which were produced just three months before the close of fact discovery. In turn, Plaintiffs responded to 17 interrogatories, 34 requests for production, and 55 requests for admission from Google. The parties exchanged more than 150 letters, conducted dozens of meet and confers, and had 16 separate hearings before Judge van Keulen (totaling over 27 hours), where they submitted over 1,000 pages to her to address over 40 discovery disputes. Those disputes resulted in 64 orders from Judge van Keulen. In addition to relying on attorneys at their firms, Plaintiffs hired 11 document reviewers with engineering backgrounds to work through these technical documents and prepare for depositions. Plaintiffs also retained 23 consulting and testifying experts to assist with fact discovery and prepare expert reports.

1

Mao Decl. ISO Plaintiffs' Unopposed Motion
for Final Approval of Class Action Settlement                    4:20-cv-03664-YGR-SVK

5. Discovery yielded critical admissions by numerous Google employees, including those which Google initially refused to include as document custodians. Specifically, some of these Google employees admitted Google's own disclosures were misleading, which became a focal point of both the litigation and settlement process. Google employees described Chrome Incognito Mode as "misleading," "effectively a lie," a "confusing mess," a "problem of professional ethics and basic honesty," and as being "bad for users, bad for human rights, bad for democracy." Dkt. 924-4 at 29 (quotation marks omitted).

6. The parties conducted many depositions. In 2021 and 2022, Plaintiffs obtained more than 117 hours of deposition testimony from 27 current and former Google employees, including 8 individuals designated as 30(b)(6) deponents. Those depositions included individuals involved with the core Google products and services at issue, including Chrome, Analytics, and Ads. Google sought to prevent some of these depositions, and insisted that some depositions take place in Europe. The class representatives each sat for deposition, with Google spending over 28 hours questioning them about their personal browsing private activities and other topics.

7. In July 2021, the parties began a year-long process with technical Special Master Douglas Brush, who was appointed by Judge Van Keulen to supervise production of the named Plaintiffs' data, and to rule on other disputes. This process involved 21 hearings and conferences with the Special Master, dozens of written submissions and correspondence, and ongoing coordination among counsel for both sides, Plaintiffs' consulting experts, and Google engineers. Through the Special Master process, Plaintiffs obtained 76GB of data across 13,483 data files, which Plaintiffs' technical expert used for his analysis. During the discovery process, Judge van Keulen twice sanctioned Google for discovery misconduct. Through the Special Master process, Plaintiffs learned that Google failed to disclose certain bits that can detect when users are in Incognito mode in the Chrome browser. On April 22, 2022, Judge van Keulen conducted an all-day evidentiary hearing on whether Google failed to disclose three Incognito detection bits, which involved live testimony from five witnesses. Following the hearing, Judge van Keulen sanctioned Google for concealing three detection bits and their corresponding logs, in violation of "all three" of the court's April, September, and November 2021 orders, and other misconduct.

2

Mao Decl. ISO Plaintiffs' Unopposed Motion            4:20-cv-03664-YGR-SVK
for Final Approval of Class Action Settlement

1  Dkt. 588 ¶ 7, p. 35. The Court sanctioned Google by awarding Plaintiffs nearly $1 million in fees, precluding Google from presenting certain arguments and witnesses at trial, and proposing adverse jury instructions. *Id.* at 6–7.

8. In addition to the extensive fact discovery, the parties also engaged in highly technical expert discovery. On April 15, 2022, Plaintiffs served five opening expert reports totaling 1,243 pages. Throughout the process, the parties utilized 11 testifying experts (6 for Plaintiffs and 5 for Google), all of whom provided at least one expert report and sat for deposition. In total, the parties exchanged 18 expert reports, totaling over 3,000 pages (excluding spreadsheets) and engaged in 14 days of expert depositions. Plaintiffs also utilized experts to analyze Google's enormous document and data productions, including with the assistance of consulting experts. Class Counsel invested significant time and resources into expert discovery, in total paying close to $5 million to testifying and consulting experts.

9. On June 20, 2022, Plaintiffs moved for class certification, which Google opposed. On December 12, 2022, the Court granted 23(b)(2) certification, but denied certification under 23(b)(3). On March 21, 2023, Google moved for summary judgment, which Plaintiffs opposed. In total, Google filed over 4,500 pages of briefing and exhibits pertaining to summary judgment. On August 7, 2023, the Court denied Google's summary judgment motion in its entirety. The named Plaintiffs' cases were proceeding to trial in full, with every cause of action intact, including their individual damages claims.

10. In September 2023, shortly after the Court's summary judgment ruling, the parties began a mediation process that lasted several months. The parties selected retired United States District Judge Layn R. Phillips as the mediator. After extensively briefing their positions, the parties participated in an all-day, in-person mediation in New York on September 29, 2023. The parties then continued to mediate for six months under Judge Phillips' supervision. Throughout this process the parties exchanged numerous proposals and counterproposals concerning the scope and content of potential injunctive relief.

11. During this time, the parties in parallel prepared for trial and finished discovery. Class Counsel began preparing witness examination outlines and other necessary trial prep work,

3

Mao Decl. ISO Plaintiffs' Unopposed Motion
for Final Approval of Class Action Settlement

4:20-cv-03664-YGR-SVK

1  and the parties began working with retired Magistrate Judge Elizabeth Laporte to resolve objections to trial exhibits. The Court ordered Google to take former Google employee Blake Lemoine's testimony, which took place on December 21, 2023.

12. On December 22, 2023, on the eve of trial, Plaintiffs and Google finalized a Term Sheet, which has now been implemented with the Settlement. With the Settlement, Plaintiffs successfully obtained Google's agreement to remediate 100% of the data set at issue. The Settlement also obligates Google to delete detailed URLs, which will prevent Google from knowing the specific pages on a website a user visited when in a private browsing mode. It took approximately two more months for the parties to negotiate the Long Form Settlement Agreement in order to finalize the Settlement.

13. The class representatives were involved throughout this litigation and during the settlement process. The class representatives reviewed and approved key filings and strategy decisions. The class representatives each responded to 17 interrogatories, 34 requests for production, and 55 requests for admission. They also each sat for depositions and participated in productions involving imaging each of their personal devices, negotiating search terms, and reviewing those documents before production. The class representatives also participated in the Special Master process, which involved data collection from their devices, retrieving account information and settings, and culling through data to enable the experts and consultants to complete their analyses. They continued to be involved throughout the mediation and settlement process.

14. In bringing this case from conception to Settlement, Class Counsel advanced more than seven million dollars in litigation expenses and over 75,000 attorney hours on behalf of the classes with no assurances that those expenses would be reimbursed. These efforts were entirely self-funded without any third-party financing agreements.

15. Attached hereto as Exhibit 1 is a true and correct copy of the executed Proposed Settlement Agreement between Plaintiffs and Google.

16. Attached hereto as Exhibit 2 is a true and correct copy of an article titled "Google faces $5 billion lawsuit for tracking people in incognito mode", written by Carrie Mihalcik,

4

published on June 3, 2020, available at https://www.cnet.com/tech/services-and-software/google-faces-5-billion-lawsuit-for-tracking-people-in-incognito-mode/ (last viewed March 29, 2024).

17. Attached hereto as Exhibit 3 is a true and correct copy of a transcript of a hearing before the Honorable Judge Gonzalez-Rogers on May 12, 2023.

18. Attached hereto as Exhibit 4 is a true and correct copy of a document bearing bates number GOOG-BRWN-00806426.

19. Attached hereto as Exhibit 5 is a true and correct copy of a document bearing bates number GOOG-CABR-04971904.

20. Attached hereto as Exhibit 6 is a true and correct copy of a document bearing bates number GOOG-CABR-03827263.

21. Attached hereto as Exhibit 7 is a true and correct copy of a document bearing bates number GOOG-BRWN-00812710.

22. Attached hereto as Exhibit 8 is a true and correct copy of a document bearing bates number GOOG-BRWN-00048773.

23. Attached hereto as Exhibit 9 is a true and correct copy of a document bearing bates number GOOG-BRWN-00406065.

24. Attached hereto as Exhibit 10 is a true and correct copy of a document bearing bates number GOOG-CABR-03611484.

25. Attached hereto as Exhibit 11 is a true and correct copy of a complaint filed on behalf of 50 *Brown* class members seeking monetary relief for the claims at issue in this litigation.

26. Plaintiffs provided Google with an opportunity to review the Motion before it was filed. Google confirmed that it supports the relief requested in this Motion, which is final approval of the settlement. Google also indicated that it disputes some of the "legal and factual characterizations" contained in the Motion. A true and correct copy of this email from Google's counsel from March 29, 2024 explaining its position is attached hereto as Exhibit 12. Plaintiffs made some but not all of Google's requested changes.

5

Mao Decl. ISO Plaintiffs' Unopposed Motion   4:20-cv-03664-YGR-SVK
for Final Approval of Class Action Settlement

1  27. I declare under penalty of perjury, under the laws of the State of California, that
2  the foregoing is true and correct. Executed on April 1, 2024, at San Francisco, California.

*/s/ Mark C. Mao*
Mark C. Mao

6

Mao Decl. ISO Plaintiffs' Unopposed Motion  4:20-cv-03664-YGR-SVK
for Final Approval of Class Action Settlement