| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP** | **SUSMAN GODFREY L.L.P.** |
| David Boies (admitted pro hac vice) | Bill Carmody (admitted pro hac vice) |
| 333 Main Street | Shawn J. Rabin (admitted pro hac vice) |
| Armonk, NY 10504 | Steven M. Shepard (admitted pro hac vice) |
| Tel: (914) 749-8200 | Alexander Frawley (admitted pro hac vice) |
| dboies@bsfllp.com | One Manhattan West, 50th Floor |
| | New York, NY 10001 |
| Mark C. Mao, CA Bar No. 236165 | Tel.: (212) 336-8330 |
| Beko Reblitz-Richardson, CA Bar No. 238027 | bcarmody@susmangodfrey.com |
| 44 Montgomery St., 41st Floor | srabin@susmangodfrey.com |
| San Francisco, CA 94104 | sshepard@susmangodfrey.com |
| Tel.: (415) 293-6800 | afrawley@susmangodfrey.com |
| mmao@bsfllp.com | Amanda K. Bonn, CA Bar No. 270891 |
| brichardson@bsfllp.com | 1900 Avenue of the Stars, Suite 1400 |
| | Los Angeles, CA 90067 |
| James Lee (admitted pro hac vice) | Tel.: (310) 789-3100 |
| Rossana Baeza (admitted pro hac vice) | abonn@susmangodfrey.com |
| 100 SE 2nd St., 28th Floor | |
| Miami, FL 33131 | **MORGAN & MORGAN** |
| Tel.: (305) 539-8400 | John A. Yanchunis (admitted pro hac vice) |
| jlee@bsfllp.com | Ryan J. McGee (admitted pro hac vice) |
| rbaeza@bsfllp.com | 201 N. Franklin Street, 7th Floor |
| | Tampa, FL 33602 |
| Alison L. Anderson, CA Bar No. 275334 | Tel.: (813) 223-5505 |
| M. Logan Wright, CA Bar No. 349004 | jyanchunis@forthepeople.com |
| 2029 Century Park East, Suite 1520 | rmcgee@forthepeople.com |
| Los Angeles, CA 90067 | |
| Tel.: (213) 629-9040 | Michael F. Ram, CA Bar No. 104805 |
| alanderson@bsfllp.com | 711 Van Ness Ave, Suite 500 |
| mwright@bsfllp.com | San Francisco, CA 94102 |
| | Tel: (415) 358-6913 |
| *Attorneys for Plaintiffs* | mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF CHRISTOPHER CASTILLO IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Judge:    Hon. Yvonne Gonzalez Rogers<br>Date:     July 30, 2024<br>Time:    2:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

Declaration of Christopher Castillo ISO Plaintiffs' Unopposed          4:20-cv-03664-YGR-SVK
Motion for Final Approval of Class Action Settlement

## DECLARATION OF CHRISTOPHER CASTILLO

Pursuant to 28 U.S.C. § 1746, I, Christopher Castillo, hereby declare as follows:

1. My name is Christopher Castillo. I am over eighteen years of age and am competent to testify to and have personal knowledge of the facts set forth herein.

2. I am one of the class representatives identified in the Court's class certification order in this lawsuit against Google, LLC. ("Google").

3. I provided a declaration in support of Plaintiffs' motion for class certification, and I am now providing this declaration in support of the settlement achieved in this case.

4. I understand that the Court certified two nationwide classes for injunctive relief under Rule 23(b)(2):

> Class 1 – All Chrome browser users with a Google account who accessed a non-Google website containing Google tracking or advertising code using a browser and who were (a) in "Incognito mode" on that browser and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016 through the present.

> Class 2 – All Safari, Edge, and Internet Explorer users with a Google account who accessed a non-Google website containing Google tracking or advertising code using any such browser and who were (a) in "private browsing mode" on that browser, and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016 through the present.

5. As a named plaintiff and class representative in this action, I understood that I have a duty to protect the interests of the classes, and I have at all times sought to act consistent with that duty and for the benefit of the classes.

6. I am not aware of anything that has in any way limited my ability to adequately represent the interests of the classes and members of the classes or any interests that conflict in any way with the interests of the classes and members of the classes. I have not been promised any compensation for bringing this case or serving as a class representative.

7. Based on my use of Chrome Incognito mode to visit non-Google websites during the class period, I understand that I am a representative of Class 1. I was not logged into my

Google account when I visited those non-Google websites in Incognito mode. I understand that Google collected, stored, and used my private browsing activity at that time, and it is my understanding and belief that Google did that without consent.

8.  I have been and continue to be willing to do what is necessary to protect the interests of the members of the classes. I have retained lawyers who have experience in class action litigation. I have discussed this case with my lawyers on numerous occasions, and reviewed pleadings before they were filed.

9.  I provided deposition testimony for this case on February 8, 2022, and have responded to numerous written discovery requests from Google, including 17 interrogatories, 34 requests for production, and 55 requests for admission.

10.  My personal devices were also imaged so that account information, settings, and other data could be retrieved. I also allowed Google to pull information from my account that is sensitive and confidential to me, like my Google subscriber information. I also helped gather information from my device (with the help of my lawyers and experts) to submit to Google to help understand how Google's tracking works.

11.  My participation in this case was difficult, including because the discovery efforts described above exposed parts of my life that I would have liked to keep private. However, I accepted that tradeoff for the privilege of representing these classes and seeking relief that holds Google accountable, and I am honored to have helped secure the relief provided by the Settlement.

12.  I am familiar with the claims that have been asserted in the case and have remained apprised of the strategy employed in this litigation. I have remained committed to staying up to date on additional developments in this case by continuing to confer with my attorneys on a regular basis, including motions practice that occurred after the Court certified the classes. This included periodically meeting with my attorneys to discuss strategy for summary judgment and trial, as well as the mediation sessions that occurred in this case after the Court denied Google's motion for summary judgment. My attorneys discussed with me the strategies,

2

Declaration of Christopher Castillo ISO Plaintiffs' Unopposed   4:20-cv-03664-YGR-SVK
Motion for Final Approval of Class Action Settlement

progress, and results of these motions and mediation sessions.

13. I have reviewed the Settlement Agreement in this case. It reflects the substance of what my attorneys discussed with me during the communications over the months that the mediation sessions occurred, as well as the results of the mediation. The Settlement Agreement achieves the robust changes that I wanted to achieve through this litigation. This includes meaningful changes to Google's disclosures and practices that I believe will have real benefits for all members of the classes certified by the Court. I also understand that the Settlement Agreement ensures that class members remain free to bring cases to separately seek monetary relief.

14. As part of the Settlement Agreement, I have agreed to submit my individual claims for monetary relief to be resolved through confidential and binding arbitration. These amounts will be determined by the office of Judge Layn Phillips.

15. I am aware that there are attorneys' fees and costs involved in representing classes, and I have arranged with my attorneys that they will seek recovery of those attorneys' fees and costs from Google. I understand that Google may contest the reasonableness of the amounts that are requested but that Google has agreed to pay the amounts awarded by the Court, and that the parties to this litigation have waived their right to appeal this Court's decision on the amounts awarded.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 1, 2024.

_____

CHRISTOPHER CASTILLO