| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP** | **SUSMAN GODFREY L.L.P.** |
| David Boies (admitted pro hac vice) | Bill Carmody (admitted pro hac vice) |
| 333 Main Street | Shawn J. Rabin (admitted pro hac vice) |
| Armonk, NY 10504 | Steven M. Shepard (admitted pro hac vice) |
| Tel: (914) 749-8200 | Alexander Frawley (admitted pro hac vice) |
| dboies@bsfllp.com | One Manhattan West, 50th Floor |
| | New York, NY 10001 |
| Mark C. Mao, CA Bar No. 236165 | Tel.: (212) 336-8330 |
| Beko Reblitz-Richardson, CA Bar No. 238027 | bcarmody@susmangodfrey.com |
| 44 Montgomery St., 41st Floor | srabin@susmangodfrey.com |
| San Francisco, CA 94104 | sshepard@susmangodfrey.com |
| Tel.: (415) 293-6800 | afrawley@susmangodfrey.com |
| mmao@bsfllp.com | |
| brichardson@bsfllp.com | Amanda K. Bonn, CA Bar No. 270891 |
| | 1900 Avenue of the Stars, Suite 1400 |
| James Lee (admitted pro hac vice) | Los Angeles, CA 90067 |
| Rossana Baeza (admitted pro hac vice) | Tel.: (310) 789-3100 |
| 100 SE 2nd St., 28th Floor | abonn@susmangodfrey.com |
| Miami, FL 33131 | |
| Tel.: (305) 539-8400 | **MORGAN & MORGAN** |
| jlee@bsfllp.com | John A. Yanchunis (admitted pro hac vice) |
| rbaeza@bsfllp.com | Ryan J. McGee (admitted pro hac vice) |
| | 201 N. Franklin Street, 7th Floor |
| Alison L. Anderson, CA Bar No. 275334 | Tampa, FL 33602 |
| M. Logan Wright, CA Bar No. 349004 | Tel.: (813) 223-5505 |
| 2029 Century Park East, Suite 1520 | jyanchunis@forthepeople.com |
| Los Angeles, CA 90067 | rmcgee@forthepeople.com |
| Tel: (213) 629-9040 | |
| alanderson@bsfllp.com | Michael F. Ram, CA Bar No. 104805 |
| mwright@bsfllp.com | 711 Van Ness Ave, Suite 500 |
| | San Francisco, CA 94102 |
| *Attorneys for Plaintiffs* | Tel: (415) 358-6913 |
| | mram@forthepeople.com |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>            Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br><br>           Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:    Hon. Yvonne Gonzalez Rogers<br>Date:     July 30, 2024<br>Time:    2:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

The parties in the above-captioned action have reached a settlement that is set forth in the parties' Settlement Agreement filed with this Court. *See* Mao Decl. Ex. 1. Presently before this Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement.

The Court has considered all papers, evidence, and argument submitted regarding the Class Action Settlement. Based on the foregoing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court GRANTS final approval of the proposed settlement.

2. The Court orders Google to be bound by the injunctive relief provisions set forth in the parties' Settlement Agreement. *See* Mao Decl. Ex. 1 at 7–9.

3. For the reasons set forth in its certification order (Dkt. 803), the Court confirms its certification of the Rule 23(b)(2) classes, which are defined as:

> <u>Class 1</u>: All Chrome browser users with a Google account who accessed a non-Google website containing Google tracking or advertising code using such browser and who were (a) in "Incognito mode" on that browser and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016 through the present.
>
> <u>Class 2</u>: All Safari, Edge, and Internet Explorer users with a Google account who accessed a non-Google website containing Google tracking or advertising code using such browser and who were (a) in a "private browsing mode" on that browser and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016 through the present.

4. The Court finds that final approval is appropriate without preliminary approval or notice as the proposed settlement follows certification under Rule 23(b)(2) without release of any class members' monetary relief. *See Stathakos v. Columbia Sportswear Company*, 2018 WL 582564, at *3 (N.D. Cal. Jan. 25, 2018) (Gonzalez Rogers, J.) (approving settlement and finding preliminary approval and notice was not required for 23(b)(2) settlement as it was purely injunctive and did not impact class members' right to seek monetary relief).

5. The Court finds that final approval is warranted based on the applicable *Hanlon* factors. The *Hanlon* court identified the following factors relevant to assessing a settlement

proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citation omitted). The Court has assessed each of the settlement approval factors applicable to this case and finds based on those factors that the parties' proposed settlement should be given final approval.

6. The Court further finds that final approval is warranted under Fed. R. Civ. P. 23(e)(2). First, final approval is warranted under 23(e)(2)(A) as the Court finds that the class representatives and Class Counsel adequately represented the class. *See Morrison v. Ross Stores, Inc.*, 2022 WL 17592437, at *3 (N.D. Cal. Feb. 16, 2022) (Gonzalez Rogers, J.) (granting final approval and finding that "the representative parties and class counsel have fairly and adequately represented the interests of the Class" in granting approval of an injunctive-relief-only settlement). Second, final approval is warranted under 23(e)(2)(B) as the Court finds that the parties negotiated at arm's-length. Third, final approval is warranted as the Court finds that the settlement provides substantial relief for the class under Rule 23(e)(2)(C). *See id.* at *4. Fourth, final approval is also warranted under Rule 23(e)(2)(D) as the Court finds that the settlement treats each class member equally. *See id.* at *5; *see also In re Google LLC St. View Elec. Commc'ns Litig.*, 611 F. Supp. 3d 872, 895 (N.D. Cal. 2020), *aff'd sub nom. In re Google Inc. St. View Elec. Comm'ns Litig.*, 21 F.4th 1102 (9th Cir. 2021) (granting final approval where each member benefited equally from the injunctive relief).

**IT IS SO ORDERED.**

DATED: _____    _____
                                            Honorable Yvonne Gonzalez Rogers
                                            United States District Judge