**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel: (213) 629-9040
alanderson@bsfllp.com
mwright@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF CHRISTOPHER THOMPSON IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:     Hon. Yvonne Gonzalez Rogers<br>Date:      July 30, 2024<br>Time:      2:00 p.m.<br>Location:  Courtroom 1 – 4th Floor |

# DECLARATION OF CHRISTOPHER THOMPSON

I, Christopher Thompson, declare as follows.

## Background

1. Counsel for the Brown Plaintiffs retained me to provide technical analysis and testimony in connection with the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (the "Motion"), including in support of the various technical assertions made with regard to data deletion and remediation.

2. All of the statements in this declaration are true based on my analysis and personal knowledge, and, if the Court permits it, I am available and willing to testify on these matters during the upcoming hearing on the Motion.

3. A copy of my CV is attached as Exhibit A. As reflected in my CV, I majored in Computer Engineering and have many years of experience in computing technology. I am being compensated at a rate of $275 per hour for my work in connection with this matter, and none of my compensation is contingent on the outcome of this litigation.

4. As a result of my work on this case, I have become familiar with Google's data collection and storage practices. Since the inception of this litigation, I have personally worked on the data collection from the data sources at issue in the case, in coordination with Plaintiffs' counsel. I previously provided three expert technical declarations and statements to this Court for this case, which have been filed at Dkt. 535-18 (April 11, 2022), Dkt. 834-2 (January 20, 2023), and Dkt. 656-1 (August 4, 2022). Each declaration relates to Plaintiffs' efforts to seek discovery on Google's data collection, structure, and storage practices.

5. Magistrate Judge Susan van Keulen allowed me to testify as a technical expert at the April 21, 2022 hearing on Plaintiffs' Request for an Order to Show Cause.

## Data Sources Identified by the Special Master

6. I was personally involved in effectively all of Plaintiffs' efforts to discover information about Google's data collection, data storage, and data structure. I consulted on all of

1

Thompson Decl. ISO Plaintiffs' Unopposed Motion                    4:20-CV-3664-YGR-SVK
for Final Approval of Class Action Settlement

1   the discovery disputes relating to these issues, including many of Plaintiffs' 30 motions to compel
2   and all of the discovery issues resolved before Special Master Douglas Brush.

3         7.    On or about April 4, 2022, Special Master Brush recommended that the Court
4   order Google to preserve data sources that had been identified as relevant to this case. I
5   understand that Special Master Brush's Report and Recommendation was filed as Dkt. 524. On
6   or about May 20, 2022, Magistrate Judge van Keulen issued a Preservation Order, adopting
7   Special Master Brush's recommendations in part. I understand that the Preservation Order was
8   filed as Dkt. 587. A true and correct copy of the Preservation Order is also attached hereto as
9   Exhibit B.

## Data Deletion and Remediation Methodology

11         8.    In negotiating Google's obligations under the settlement to delete and remediate
12   data, we targeted the list of all "signed out (of Google)" data sources which were identified by
13   Google and the Special Master. We targeted these data sources because Plaintiffs' case is focused
14   on private browsing while signed out of Google. Dkt. 886 (Fourth Amended Complaint) ¶ 192
15   (class definitions).

16         9.    For each data source, Plaintiffs tailored Google's data deletion and remediation
17   obligations under the settlement to the applicable retention period. First, Google and the Special
18   Master identified more than ▮ short-term logs with a data retention period less than nine months.
19   Plaintiffs addressed these data sources by immediate changes to Google's disclosures. As part of
20   the settlement, Google agreed to amend its disclosures immediately after signing the Term Sheet
21   in December 2023, rather than waiting until finalization and judicial approval of the long-form
22   settlement agreement. Plaintiffs estimated that finalization and judicial approval of the settlement
23   agreement will likely take seven to nine months. At the time of final approval, these short-term
24   logs will be mitigated because they should include only data from after the disclosures were
25   changed. A true and correct copy of all of these affected short-term logs is listed in the attached
26   spreadsheet that I compiled, attached as Exhibit C.

2

Thompson Decl. ISO Plaintiffs' Unopposed Motion                   4:20-CV-3664-YGR-SVK
for Final Approval of Class Action Settlement

10. Other data sources have a data retention period longer than nine months, and will therefore contain contaminated private browsing data pre-dating disclosure changes at the time of the final approval hearing. Under the terms of the settlement, Google is required to either delete or remediate the data within each and every one of these sources. Plaintiffs' success in securing Google's agreement to delete or remediate the data in these sources is particularly remarkable because Google had argued that remediation of private browsing data was impossible. According to Google, private browsing data made up only a small percentage of the total data logged. Google also claimed to be unable to accurately identify private browsing data within the data sources. Google's agreement to remediate all data in these data sources solves the alleged problem regarding the amount or identifiability of private browsing data. This is evidenced in the settlement agreement submitted as Exhibit 1 to the Declaration of Mark C. Mao ("Mao Decl.").

11. There are ▮ Google Ads data sources with a retention period longer than nine-months. For these logs, the settlement agreement requires Google to redact and generalize the IP address and user agent strings, which makes identification more difficult. As Plaintiffs' expert Mr. Jonathan Hochman explained, Plaintiffs main theory of reidentification was through the use of IP addresses and user agent strings. Dkt. 643-8 (Hochman Rep.) ¶ 105. In addition, the settlement provides increased privacy by requiring Google to redact the full address and subfolders of the full URL associated with each record, so that only the general domain is available (with the IP address and user agent string redacted). These logs are listed in Exhibit B in the Settlement Agreement (Mao Decl., Ex. 1). These same logs are also listed in the attached spreadsheet that I compiled, attached as Exhibit C.

12. There is ▮ remaining Google Analytics data log source with a retention period longer than nine months. As a result of Plaintiffs' efforts, the data in this log will also be remediated. Plaintiffs obtained assurances from Google that it would not use this data to reidentify users, that Google will be retiring services that use this log by July 2024, and that Google expects to delete all of the data by the end of 2024, as agreed in Exhibit C of the settlement

3

Thompson Decl. ISO Plaintiffs' Unopposed Motion                4:20-CV-3664-YGR-SVK
for Final Approval of Class Action Settlement

agreement. In part as a result of Plaintiffs' claims, Google also stopped saving IP addresses in Google Analytics log sources in 2022.[1] I included this log in the spreadsheet attached as Exhibit C.

13.  The Preservation Order includes ▮ additional data sources with a retention period longer than nine months: ▮ and ▮. These sources had a retention period between ▮. I concluded that, as a result of privacy changes that Plaintiffs helped bring about in late 2020, these data sources do not need further remediation. In particular, Google implemented "Chromeguard," which is the button on the Chrome Incognito-mode Splash Screen that by default prevents Google's use of third-party cookies during Incognito browsing. As confirmed by discovery, the two aforementioned ▮ data sources are part of a structured database that keys and stores data using certain Google third-party cookies, which are called "Biscotti." Since late 2020, Chromeguard has blocked these cookies by default. Without Google Biscotti as a database key, my understanding is that the two logs should not have any significant amount of private browsing data. *See* Dkt. 643-8 (Hochman Rep.) ¶ 170 (explaining how the ▮ sources are keyed and stored). Since the retention periods for these two sources are only up to 540 days, Chromeguard should have already mostly mitigated the two ▮ sources as of 2024. For the sake of completeness, I also included these two data sources in the spreadsheet attached as Exhibit C.

14.  These same deletion and remediation efforts discussed above also apply to non-Incognito private browsing data (Class 2).

15.  Through this settlement, Plaintiffs have addressed every relevant and identifiable Google data source I am aware of. We checked the above methodology against not only the data sources identified by the Special Master, but also the relevant data sources we independently uncovered and had Google identify during discovery and the sanctions proceedings. The spreadsheet attached as Exhibit C has been checked against all of the Google data sources

---

[1] *See* Russell Ketchum, *Prepare for the future with Google Analytics 4*, Mar. 16, 2022, available at: https://blog.google/products/marketingplatform/analytics/prepare-for-future-with-google-analytics-4/.

4

Thompson Decl. ISO Plaintiffs' Unopposed Motion                     4:20-CV-3664-YGR-SVK
for Final Approval of Class Action Settlement

Plaintiffs uncovered during discovery from Google specifications, and what was ordered by the Special Master and Magistrate Judge van Keulen. Plaintiffs have addressed each known and identified source except for those that are not part of Plaintiffs' current case (e.g., "signed in (to Google)" data sources identified by the Special Master, and/or in connection with *Calhoun v. Google*). Although it is possible that Google hid other data sources during discovery and the sanctions process, Plaintiffs remediated private browsing data from every relevant data source actually identified by Google in discovery and by motion practice in this case, for every single class member.

16. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 1st day of April, 2024, at Nolensville, Tennessee.

*/s/ Christopher Thompson*
Christopher Thompson

5

Thompson Decl. ISO Plaintiffs' Unopposed Motion
for Final Approval of Class Action Settlement

4:20-CV-3664-YGR-SVK