**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 629-9040
alanderson@bsfllp.com
mwright@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY  10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' RESPONSE TO GOOGLE LLC'S MOTIONS TO SEAL AND REMOVE DOCUMENTS (DKTS. 1098, 1099, 1100)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Location:     Courtroom 1 – 4th Floor |

## I.  INTRODUCTION

On April 1, 2024, Plaintiffs filed their unopposed motion for approval of the class action settlement (Dkt. 1096) and an administrative motion with the supporting declarations and exhibits (Dkt. 1097), including the settlement agreement (Dkt. 1097-4). Notably, Plaintiffs shared a draft approval motion with Google's counsel prior to filing the motion. Google's counsel proposed a few edits (*see* Dkt. 1097-15), but never raised any sealing-related issues or concerns. Waiting four days, Google now seeks to remove those filed documents so they can be replaced with redacted copies (Dkt. 1098, 1099, 1100) (the "Motions").

The Motions should be denied in part. Plaintiffs do not oppose Google's requests to seal to the extent Google seeks to redact information that has no bearing on class members' ability to evaluate the settlement and would reveal sensitive business information. But the Court should deny the Motions insofar as Google seeks to redact information about 1) the value of the settlement, as explained in the approval motion, and (2) the quantity of data that Google is required to delete, as memorialized in the settlement agreement.

## II.  LEGAL STANDARD

"[T]o ensure class members have the opportunity to meaningfully participate in the settlement approval process specified in Federal Rule of Civil Procedure 23(e), they must, through access to court files, be able to review the bases of the proposed settlement and the other documents in the court record." 2 McLaughlin on Class Actions § 6:22 (20th ed. 2023). "A party seeking to seal a document filed with the court must (1) comply with [the relevant rules]; and (2) rebut 'a strong presumption in favor of access' that applies to all documents other than grand jury transcripts or pre-indictment warrant materials." *Thomas v. MagnaChip Semiconductor Corp.*, 2017 WL 4750628, at *4 (N.D. Cal. Oct. 20, 2017) (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

Because Google's Motions concern issues regarding settlement approval, a "compelling reasons" standard should apply. *See MagnaChip*, 2017 WL 4750628, at *4 (applying "compelling reasons" standard to motion to file under seal in connection with motion for

preliminary approval of class action settlement); *see also In re Google Inc. Gmail Litig.*, 2014 WL 10537440, at *4 (N.D. Cal. Aug. 6, 2016) (applying higher "compelling reasons" standard to documents submitted with briefing on motion for class certification).[1] Under the "compelling reasons" standard, the party seeking to seal must demonstrate that there is both a "high probability" that a compelling interest would be harmed if material was disclosed and that "there are no alternatives to closure that would adequately protect the compelling interest." *Perry v. Brown*, 667 F.3d 1078, 1088 (9th Cir. 2012) (internal marks omitted).

## III.   ARGUMENT

Plaintiffs respectfully request that the Court deny Google's Motions to the extent Google seeks to seal information that class members and the public should have access to in order to evaluate the settlement.

*First*, Plaintiffs object to Google's request to seal portions of the approval motion that address the value of the settlement (Dkt. 1096 at pp. 13:18, 15:20-28). The "compelling reason" standard applies to this information because it will help class members and the public evaluate the merits of the settlement. *See MagnaChip*, 2017 WL 4750628, at *4.  Google does not show any such compelling reason. The descriptions and calculations that Google seeks to seal are based on documents and methodologies the Court *already* discussed in its class certification order in denying Google's motion to exclude Plaintiffs' damages expert. Google, for example, seeks to redact as confidential and proprietary "internal project names" (Dkt. 1099-1 at 1:17), but there is just one internal project name, and it was already included, without redaction, in the Court's class certification order (*see* Dkt. 803 at 4:26, 5:15, 11:12, 11:15). Google's claim that this information somehow places Google "at an increased risk of cybersecurity threats" (Dkt. 1099-1 at 1:24-25), based solely on assertions by its outside counsel (Dkts. 1099-1, 1100), is insufficient to establish a compelling reason for sealing a project name that has been public for many months. The

---

[1] The moving party bears the burden to justify its requests to seal information. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) ("[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard") (bracket in original).

calculations Google proposes redacting are likewise based on methodologies and figures the Court already discussed in its class certification order. Dkt. 803 at 5–6.

*Second*, regarding Google's request to remove the settlement agreement (Dkt. 1097-4) and replace it with a further redacted version (Dkt. 1098-3), Plaintiffs are most concerned regarding Google's request to redact information from page 8 regarding the number of data event records impacted by this settlement. There is nothing confidential or proprietary regarding that information, and the public is entitled to that information to evaluate the merits of the settlement. The fact that Google's proposed redacted version of the approval motion still includes that same quantification in other parts (*see* Dkt. 1099-4 at 1:14, 11:22, 12:25) demonstrates the lack of any compelling reason to remove that information from the agreement. Moreover, Google's failure to promptly seek sealing at the time the approval motion and settlement agreement were filed further demonstrates its lack of a "compelling" reason to change course now. Dozens of news outlets have already reported on the number of event records impacted by the settlement, including The New York Times,[2] The Wall Street Journal,[3] NPR,[4] Time,[5] Reuters,[6] and the Associated Press,[7] among others. Google's spokesman provided statements to these outlets about the breadth of the Settlement and how that information should be deleted. *See, e.g.*, *supra* n.6. Here, Google has not explained how details of the quantity or value of that to-be-deleted data could impact its business or cybersecurity interests.

Plaintiffs have no objection to any of Google's other proposed redactions to the settlement agreement, including for example the specific log names in Exhibits B and C (Plaintiffs initially marked those for sealing, Dkt. 1097).

---

[2] https://www.nytimes.com/2024/04/01/technology/google-chrome-browser-data.html
[3] https://www.wsj.com/tech/google-pledges-to-destroy-browsing-data-to-settle-incognito-lawsuit-1febfde5
[4] https://www.npr.org/2024/04/01/1242019127/google-incognito-mode-settlement-search-history
[5] https://time.com/6962521/google-incognito-lawsuit-data-settlement/
[6] https://www.reuters.com/technology/google-destroy-browsing-data-settle-consumer-privacy-lawsuit-2024-04-01/
[7] https://apnews.com/article/google-incognito-mode-tracking-lawsuit-settlement-8b30c9397f678bc4c546ab84191f7a9d

## IV. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny in part Google's Motions.

Dated: April 8, 2024

Respectfully submitted,

By: /s/Mark C. Mao

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 629-9040

Bill Carmody (*pro hac vice*)

bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*