**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (CA Bar No 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S STATEMENT OF NON-OPPOSITION AND CLARIFICATION REGARDING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: July 30, 2024<br>Time: 2:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

PLEASE TAKE NOTICE that pursuant to Civil Local Rule 7-3(b), Defendant Google LLC ("Google") hereby files this Statement of Non-Opposition and Clarification Regarding Plaintiffs' Motion for Final Approval of Class Action Settlement (the "Motion").

## RESPONSE

Google supports approval of the proposed Settlement because it provides fair and meaningful relief to the Rule 23(b)(2) classes that the Court certified after denying Plaintiffs' request to certify a Rule 23(b)(3) class. The limited relief is targeted at the key concerns raised by the Court during the case—namely, that Google's private browsing disclosures should more clearly explain that private browsing modes do not block third-party web service providers (including Google specifically) from receiving the industry-standard HTTP requests that facilitate those services. And it reflects a thoughtful and balanced resolution of the case given the significant risks that the parties faced in taking the case to trial.

Plaintiffs' "unopposed" Motion, by contrast, is more gamesmanship—a marketing gambit intended to set the stage for what will be a highly-contested motion for attorneys' fees. Unsurprisingly, it is rife with misleading and self-serving characterizations of the case history, settlement negotiations, and value of the relief obtained.

Google worked to ensure the Motion was accurate, concise and fairly represented the parties' positions. *See* L.R. 11-4(a) *and* Guidelines for Professional Conduct ¶ 7. Google negotiated for access to Plaintiffs' approval motion "sufficiently in advance to allow a reasonable opportunity for review and comment." Dkt. 1097-03 at 5. Plaintiffs had ample time to put together the Motion and provide Google with a draft. Yet, instead of demonstrating good faith and acting consistent with their obligations under the agreement, Plaintiffs provided Google with their draft the afternoon of Thursday, March 28, and demanded that Google provide its comments in 24 hours.

Google complied with Plaintiffs' ultimatum. Yet, Plaintiffs ignored Google's requests that certain misleading points be presented more accurately, and declined to amend many disputed characterizations of facts and settlement terms that Google identified. *See* Dkt. 1097-15.

Several mischaracterizations that Plaintiffs refused to correct are illustrative:

- Plaintiffs repeatedly assert that they obtained "injunctive relief" for the class. Dkt. 1096 at 8, 14, 16, 18–22, 24, 25. Not so. The settlement does not contemplate any injunctive order. Rather, in exchange for the consideration given to Google in the agreement, Google contractually agreed to make certain modest disclosure changes, and delete and remediate certain specific unauthenticated data, with none of these steps effectuated by way of a Court-ordered injunction. Google requested that Plaintiffs change "injunctive relief" to "agreed remediation" but Plaintiffs declined.

- Plaintiffs repeatedly assert that Google was sanctioned for "concealing" information, continuing a pattern of "mischaracteriz[ing] the orders" for which this Court has chastised Plaintiffs. Dkt. 969 at 14 n.16. In fact, neither this Court nor the Magistrate Judge ever found that Google deliberately "concealed" any data. *See* Dkt. 588-1; Dkt. 898. The Magistrate Judge declined Plaintiffs' request to issue a jury instruction that Google "withheld evidence," Dkt. 655-9 at 8, and instead found that Google should have disclosed certain information earlier. Dkt. 898 at 12.

- Plaintiffs assert that they "insisted on retaining class members' rights to sue Google individually for damages." That is flatly misleading. Plaintiffs had *no authority* to release individual class members' damages claims after the Court rejected Plaintiffs' request to certify a damages class. Google suggested that Plaintiffs present this point in more accurate terms—"class members retained their rights to sue Google individually for damages"—but Plaintiffs chose to file their misleading version instead.

Finally, Plaintiffs' Motion also baselessly claims that they obtained over "$5 billion" in benefits for the class. Dkt. 1096 at 3, 14. This false and self-aggrandizing assertion rests on fundamental mischaracterizations of the settlement terms and the agreed relief. It is simply unsupported puffery for Plaintiffs' forthcoming fee application. Google will fully address Plaintiffs' mischaracterizations in its opposition to that motion.

The Settlement provides fair and meaningful relief to the Rule (b)(2) classes and should be approved. But it is not remotely the unqualified triumph that Plaintiffs claim. Rather, the Settlement reflects a fair and balanced compromise, negotiated with assistance of one of the Nation's leading

1  mediators, by counsel who were cognizant that both sides faced substantial risks at trial—including
2  that Plaintiffs might not obtain any relief at all.

DATED: April 8, 2024

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Andrew H. Schapiro*
         Andrew H. Schapiro

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

-3-   Case No. 4:20-cv-03664-YGR-SVK
GOOGLE LLC'S NON-OPPOSITION TO AND CLARIFICATION IN RESPONSE TO PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*