**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660)
rachaelmccracken@quinneamanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S REPLY IN SUPPORT OF MOTIONS TO SEAL AND REMOVE DOCUMENTS (DKTS. 1098, 1099, 1100)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

Plaintiffs do not oppose sealing the majority of the confidential and proprietary information at issue in Google's motions, *see* Dkt. 1101-1 (Proposed Order) at 2–3, and the unopposed portions should be sealed for the reasons set forth therein, *see* Dkts. 1099, 1100. Plaintiffs oppose sealing only three categories of information: (i) "information . . . regarding the number of data event records impacted by th[e] settlement;" (ii) the name of an internal Google project; and (iii) Plaintiffs' damages expert Michael Lasinski's purported estimates of Google's revenue loss due to a feature in Incognito mode that blocks third-party cookies by default, which is based on highly confidential and competitively sensitive Google data that this Court has previously ordered sealed. *See* Dkt. 1101 ("Opp.").

***Google withdraws its sealing request as to categories (i) and (ii):*** Google has in good faith considered Plaintiffs' arguments—including the importance of public access to information that "will help class members and the public evaluate the merits of the settlement" and the fact that category (i) has already been published by major news outlets and cannot readily be removed from the public sphere. *See* Opp. 2–3. Google agrees to withdraw its request to seal categories (i) and (ii) listed above. In doing so, however, Google notes its grave concern with the implications of Plaintiffs' argument that "[d]ozens of news outlets have already reported on" certain information Google sought to seal. *See* Opp. 3. A party seeking to publicize confidential or competitively sensitive information should not be able to evade a meritorious sealing motion simply by including that information in a public filing and then opposing a timely motion to redact confidential material on the basis that it is too late to prevent its dissemination.[1]

---

[1] Plaintiffs' accusations (at Opp. 1, 3) that Google did not raise specific sealing concerns during the 24 hours Plaintiffs gave Google to review their motion, and purportedly "fail[ed] to promptly seek sealing at the time the approval motion and settlement agreement were filed," are specious. Google did not expect Plaintiffs to exclude its confidential information, *much of which is already subject to sealing orders*, from its motion to seal (Dkt. 1097). When Google realized Plaintiffs' mistake, it promptly moved to redact the relevant material—three days *before* its response to Plaintiffs' sealing motion was due under Local Rule 79-5(f).

***The Court should grant Google's request to seal category (iii)***: Plaintiffs fail to rebut Google's compelling reasons for sealing its commercially sensitive internal metrics and financial data. Indeed, the Court has already ordered that material sealed *with Plaintiffs' assent*. When Plaintiffs filed Mr. Lasinski's expert report with their class certification motion, they recognized that it contained Google's confidential information and *they* moved to file it under seal. Dkt. 608. Google filed a declaration in support of Plaintiffs' sealing motion (Dkt. 643), Plaintiffs filed no opposition, the Court granted the motion (Dkt. 804 at 15), and the relevant financial data remains redacted on the public docket (Dkt. 643-11). But now that Plaintiffs want to publicly boast about (and grossly inflate) the value of the settlement, they have unilaterally decided to file the same, previously sealed information publicly, without alerting Google in advance or seeking to meet and confer.

Plaintiffs argue that "[t]he calculations Google proposes redacting are . . . *based on* methodologies and figures the Court already discussed in its class certification order." Opp. 2–3 (emphasis added). But the Court's summary description of Mr. Lasinski's methodology and his bottom-line damages figures (neither of which Google seeks to seal here) is a far cry from revealing the internal metrics that Mr. Lasinski used in his calculations. To the contrary, the Court ordered all such metrics sealed and never publicized them in any order.[2] Dkt. 804 at 15.

Contrary to Plaintiffs' assertion, sealing Google's proprietary information would not prevent Plaintiffs from continuing to publicly tout their claimed (but massively inflated) valuation of the settlement. In their motion to approve the settlement, immediately following their discussion of Google's confidential information, Plaintiffs conclude that "these two changes alone conservatively total between $4.75 billion and $7.8 billion." Dkt. 1096 at 16; Dkt. 1097-1 at 16. Because these

---

[2] As an illustrative example, Plaintiffs put a dollar figure on Google's annual revenue loss from blocking third-party cookies in Incognito mode, Dkt. 1096 at 13, citing paragraph 35 of Dkt. 608-9. But Dkt. 608-9 is sealed in its entirety, and the public version redacts the figure Plaintiffs publicly reveal in their settlement approval motion, Dkt. 643-11 at ¶ 35.

figures are sufficiently far removed from Google's sensitive internal metrics, Google has not sought to seal them. Nor has Google sought to seal Plaintiffs' general description of how they arrived at these values.[3]

For the foregoing reasons and those set forth in its motions, Google respectfully requests that the Court grant Google's motions as modified by this reply.

DATED: April 12, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By    /s/ Andrew H. Schapiro
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660)
rachaelmccracken@quinneamanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com

---

[3] Though Google does not seek to seal these figures, it does not endorse their accuracy either. To the contrary, Mr. Lasinski's calculations are methodologically flawed, *see* Dkt. 661-3 (Google's *Daubert* Motion), and Plaintiffs' characterizations of the settlement value are nothing more than puffery calculated to support their forthcoming fee application, *see* Dkt. 1102 (Google's Non-Opposition Statement) at 2.

51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*