# EXHIBIT 1

# TO MAO DECLARATION ISO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

```
                                              Pages 1 - 97

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge

CHASOM BROWN, ET AL.,       )
                            )
         Plaintiffs,        )
                            )
  VS.                       )    NO. CV 20-03664-YGR
                            )
GOOGLE LLC,                 )
                            )
         Defendant.         )
                            )
```

                Oakland, California
                Tuesday, October 11, 2022

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
         MORGAN & MORGAN, P.A.
         201 North Franklin Street, 7th Floor
         Tampa, FL 33602
    BY: **JOHN YANCHUNIS, ESQUIRE**
         **JEAN MARTIN, ESQUIRE**
         **RYAN J. MCGEE, ESQUIRE**

         BOIES SCHILLER FLEXNER LLP
         100 SE 2nd Street, Suite 2800
         Miami, FL 33131
    BY: **JAMES W. LEE, ESQUIRE**

         BOIES SCHILLER FLEXNER LLP
         44 Montgomery Street, 41st Floor
         San Francisco, CA 94104
    BY: **MARK C. MAO, ESQUIRE**

Reported By:    Pamela Batalo-Hebel, CSR No. 3593, RMR, FCRR
                 Official Reporter

**APPEARANCES CONTINUED:**

For Plaintiffs:
```
                SUSMAN GODFREY LLP
                1900 Avenue of the Stars, Suite 1400
                Los Angeles, CA  90067
       BY:  AMANDA K. BONN, ESQUIRE

                SUSMAN GODFREY LLP
                1301 Avenue of the Americas
                New York, NY  10019
       BY:  ALEXANDER P. FRAWLEY, ESQUIRE
```

For Defendant Google LLC:
```
                QUINN EMANUEL URQUHART & SULLIVAN LLP
                191 N. Wacker Drive, Suite 2700
                Chicago, IL  60606
       BY:  ANDREW H. SCHAPIRO, ESQUIRE

                QUINN EMANUEL URQUHART & SULLIVAN LLP
                51 Madison Avenue, 22nd Floor
                New York, NY  10010
       BY:  DONALD SETH FORTENBERY, ESQUIRE

                QUINN EMANUEL URQUHART & SULLIVAN LLP
                865 S. Figueroa Street, 10th Floor
                Los Angeles, CA  90017
       BY:  VIOLA TREBICKA, ESQUIRE
            STEPHEN BROOME, ESQUIRE
            ALYSSA G. OLSON, ESQUIRE

                QUINN EMANUEL URQUHART & SULLIVAN LLP
                1300 I Street NW, Suite 900
                Washington, DC  20005
       BY:  DR. JOSEF T. ANSORGE, ESQUIRE
```

|   |   |
|---|---|
| 1 | **Tuesday - October 11, 2022**                                          **2:00 p.m.** |

2        **P R O C E E D I N G S**

3              ---o0o---

4        **THE CLERK:** Now calling CV 20-3664-YGR, Brown, et al.
5   vs. Google LLC, et al.
6        Counsel, please approach the podium.  Starting with the
7   plaintiff, state your appearances for the record.
8        **MS. BONN:** Good morning, Your Honor -- excuse me.
9   Afternoon.  My --
10       **THE COURT:** People can't even remember if it's morning
11  or afternoon.
12       **MS. BONN:** It's tough on a day like today.
13       I'm with Susman Godfrey on behalf of the plaintiffs.
14       **THE COURT:** And you are?
15       **MS. BONN:** Amanda Bonn.
16       **THE COURT:** Good afternoon.
17       **MR. SCHAPIRO:** Good afternoon, Your Honor.  I'm Andrew
18  Schapiro from Quinn Emanuel for Google.
19       Would you like me to introduce my colleagues who will be
20  speaking today or have them --
21       **THE COURT:** So I appreciate that, Mr. Schapiro.  Let's
22  go back to -- Ms. Boon, is it?
23       **MS. BONN:** Bonn.
24       **THE COURT:** Bonn.
25       Are you going to be doing the entirety of the argument

1  today?
2      **MS. BONN:** No, Your Honor.
3      **THE COURT:** All right. Why don't you go ahead and
4  tell me who is going to accompany you and what issues.
5      **MS. BONN:** Thank you, your Honor. I will be arguing
6  portions of our motion for class certification dealing with the
7  breach of contract claim, Google's consent arguments, Article
8  III standing arguments, and Google's arguments regarding
9  ascertainability and class member identification in part.
10     My colleague, Mr. Mark Mao from the Boies Schiller firm,
11 will be addressing arguments regarding the Federal Wiretap Act,
12 the California Invasion of Privacy Act, the CDAFA, and to the
13 extent the Court has questions about ways in which class
14 members could be identified other than through
15 self-certification, he will be addressing that as well.
16     **THE COURT:** Okay.
17     **MS. BONN:** Mr. Lee, James Lee from the Boies Schiller
18 firm, will be handling the *Daubert* motion that they filed as to
19 our damages expert, Mr. Lasinski, and to the extent there are
20 questions regarding how damages play into the class
21 certification decision, he may answer some of those questions
22 as well.
23     Mr Yanchunis from the Morgan & Morgan firm will be
24 addressing issues concerning our UCL claim and our request that
25 an injunctive relief class be certified under Rule 23(b)(2).

1   **MR. SCHAPIRO:** Yes. We cited it in five different
2  places, according to our Table of Authorities. This is our
3  brief in opposition to the motion for class certification.
4   **THE COURT:** I see it now. All right.
5   Any comment on --
6   **MR. SCHAPIRO:** Yes.
7   **THE COURT:** -- her argument?
8   **MR. SCHAPIRO:** Yes, Your Honor.
9   So, first of all, Ms. Bonn began by saying well, in none
10  of those cases was there an express contract, and of course
11  here, as I think Mr. Broome is going to amply demonstrate,
12  there is no express contract saying that Google is not going to
13  collect this data. There are statements from which some
14  plaintiffs claim to have inferred that this data would not be
15  collected. So that's not a distinction.
16   But in the *Campbell vs. Facebook* itself -- that's 315
17  F.R.D. 250, Northern District of California -- the court denied
18  class certification stating individual issues of implied
19  consent do predominate due to the media reports on the practice
20  because, quote, as long as users heard about it from somewhere
21  and continued to use the relevant features, that can be enough
22  to establish implied consent.
23   Also in the *Backhaut* case, Northern District of
24  California, the court determined -- here I'm paraphrasing --
25  implied consent defeats predominance where, quote, numerous

1  sources of information could have put some -- could have put
2  some proposed class members on notice of the interception.
3       We also cite *Torres vs. Nutrisystem*, 289 F.R.D. 587, and
4  *Federated University Police Officers Association* --
5       **THE COURT:** Right.  And these are all district court
6  cases.  None of them are binding, but I take your point.
7       **MR. SCHAPIRO:** That is correct, Your Honor.
8       I would say what I hope might be persuasive in addition to
9  the cases is logic and common sense.  We have a situation here
10 where not only is there --
11      **THE COURT:** Let me tell you what concerns me about
12 logic and common sense.
13      Logic and common sense suggests to me that when mega
14 corporations make promises and do not fulfill those promises
15 and do not want to resolve their cases by settlement, that a
16 jury should decide.  So I don't know if that means that in this
17 particular case, part of it gets decided or nothing gets
18 decided, but it concerns me that somehow you don't want to be
19 held accountable for what you say.  And by "you," I obviously
20 mean your client.
21      **MR. SCHAPIRO:** Sure. Respectfully, Your Honor, it
22 won't surprise you to hear our position is that everything we
23 have said is accurate and --
24      **THE COURT:** Then what's the concern?  Then what's the
25 concern?  If what you have said is accurate and if that is what

1   the evidence shows, then you should have no concern.

2   **MR. SCHAPIRO:** Your Honor, it would nevertheless,
3   under *Wal-Mart vs. Dukes* and its progeny be improper to take
4   for -- to treat as a class action a case in which there is a
5   very strong individualized affirmative defense --

6   **THE COURT:** But there it was very different because in
7   *Wal-Mart vs. Dukes*, you were talking about individual
8   employees.  Very different from this kind of circumstance where
9   you have users of a product and statements -- policy statements
10  which explain to people what they can expect and what there is
11  an agreement for using your product.  That's different than --
12  it's much more like a consumer class action, which is routinely
13  certified, than it is an employee labor circumstance, which is
14  quite different.

15  **MR. SCHAPIRO:** Your Honor, I agree a hundred percent
16  that the factual background of the *Wal-Mart vs. Dukes* case is
17  different in substantial ways.  The point that I was citing it
18  for is that a defendant cannot be deprived of a meaningful
19  defense that it would have in an individual case just because a
20  class is going to be treated in an aggregated way as a class
21  action.

22      And what is the statement -- the statements that were made
23  here were that you can browse privately and others who use your
24  device won't see your activity.  The surveys that are in the
25  record from both sides show that a substantial portion of users

1  understand that perfectly well.  They say, "We know what that
2  means.  It means that if I'm doing something on my device, it's
3  not going to be seen by people who are using my device," but
4  not that it somehow makes them invisible on the web.
5       Article after article, including statements by the --
6  published statements by the plaintiffs' own expert also showed
7  they understood precisely what Incognito does, but if we're
8  faced with a class where we have a few representatives who say,
9  "Well, I never saw this," or "I didn't understand it," we will
10 be at a --
11          **THE COURT:**  So how many millions of people then did
12 not?  How many millions of people did not understand it, even
13 based on your survey?
14          **MR. SCHAPIRO:**  It's hard to know because this gets
15 into another problem with class certification.  It is
16 impossible to truly know how many people --
17          **THE COURT:**  Ballpark, Mr. Schapiro.
18          **MR. SCHAPIRO:**  Ballpark, tens of millions.
19          **THE COURT:**  Tens of millions of people did not even --
20 even in your best case, did not understand.
21          **MR. SCHAPIRO:** I'm sorry.  I misunderstood you.  How
22 many people on our surveys?  Yes.  We're talking -- when we're
23 talking about a class of hundreds of millions of people, if you
24 have a large percentage that had awareness and another
25 percentage who did not have awareness, the numbers are going to

1  be large no matter what.  But all of those people then -- not
2  all of those people are entitled to recover.
3          **THE COURT:**  But tens of millions of people would be.
4          **MR. SCHAPIRO:**  No.  They would not be entitled to
5  recover.  There are other reasons why they would not be
6  entitled to recover.
7          **THE COURT:**  I'm just saying that this notion that
8  you're too big to be held accountable concerns me.
9       Response.
10         **MS. BONN:**  Your Honor, every single class member,
11 whether this case was tried one by one or as a class action,
12 would have available to them the same common argument that
13 Google promised in its form contract not to reduce rights
14 without explicit consent.
15      These class members were bound by a form contract.
16 Mr. Schapiro says, "Well, we don't think the contract means
17 what plaintiffs think it means."  That is a common issue and a
18 common argument that will rise or fall in one stroke.  That is
19 all that *Wal-Mart* demands.
20      And so the notion that somehow this case will turn on what
21 individual class members privately believed goes against basic
22 contract law in California and every other jurisdiction.  It is
23 an objective manifestation theory of consent.  Private,
24 unexpressed, subjective beliefs don't control and especially
25 not where a company like Google has chosen affirmatively to

CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Thursday, October 13, 2022

*Pamela Batalo Hebel*
_____
Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
U.S. Court Reporter