# EXHIBIT 9

# TO MAO DECLARATION ISO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

```
                                              Pages 1 - 209

               UNITED STATES DISTRICT COURT

             NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge

CHASOM BROWN, ET AL.,         )
                              )
          Plaintiffs,         )
                              )
  VS.                         )    NO. CV 20-03664-YGR
                              )
GOOGLE LLC,                   )
                              )
          Defendants.         )
                              )

                                   Oakland, California
                                   Wednesday, November 29, 2023
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
    BOIES SCHILLER FLEXNER LLP
    333 Main Street
    Armonk, NY 10504
  **BY: DAVID BOIES, ESQUIRE**

    BOIES SCHILLER FLEXNER LLP
    44 Montgomery Street, 41st Floor
    San Francisco, CA 94104
  **BY: MARK MAO, ESQUIRE**
    **BEKO REBLITZ-RICHARDSON, ESQUIRE**
    **JOSHUA STEIN, ESQUIRE**
    LAUREN LAVARE, ESQUIRE

    BOIES SCHILLER FLEXNER LLP
    100 SE 2nd Street
    Miami, FL 33131
  **BY: JAMES LEE, ESQUIRE**

Reported By:  Pamela Batalo-Hebel, CSR No. 3593, RMR, FCRR
      Official Reporter

**APPEARANCES CONTINUED:**

For Plaintiffs:

        BOIES SCHILLER FLEXNER LLP
        725 S. Figueroa Street
        Los Angeles, CA 90017
**BY:  LOGAN WRIGHT, ESQUIRE**

        SUSMAN GODFREY L.L.P.
        1900 Avenue of the Stars, Suite 1400
        Los Angeles, CA 90067
**BY:  AMANDA BONN, ESQUIRE**

        SUSMAN GODFREY LLP
        1301 Avenue of the Americas
        New York, NY 10019
**BY:  ALEXANDER FRAWLEY, ESQUIRE**
        **RYAN SILA, ESQUIRE**

        MORGAN AND MORGAN
        201 N. Franklin Street, 7th Floor
        Tampa, FL 33602
**BY:  RYAN MCGEE, ESQUIRE**
        **JOHN A. YANCHUNIS, ESQUIRE**

For Defendant:

        QUINN EMANUEL URQUHART SULLIVAN LLP
        191 N. Upper Wacker Drive, Suite 2700
        Chicago, IL 60606
**BY:  ANDREW SHAPIRO, ESQUIRE**
        **JOSEPH MARGOLIES, ESQUIRE**
        **TEUTA FANI, ESQUIRE**

        QUINN EMANUEL URQUHART SULLIVAN LLP
        865 South Figueroa Street, 10th Floor
        Los Angeles, CA 90017
**BY:  STEPHEN BROOME, ESQUIRE**
        **RACHEL MCCRACKEN, ESQUIRE**
        **VIOLA TREBICKA, ESQUIRE**
        **CRYSTAL NIX-HINES, ESQUIRE**

        QUINN EMANUEL URQUHART SULLIVAN LLP
        51 Madison Avenue
        New York, NY 10010
**BY:  JOMAIRE CRAWFORD, ESQUIRE**

| | |
|---|---|
| 1 | **Wednesday - November 29, 2023**                                    **8:55 a.m.** |
| 2 | **P R O C E E D I N G S** |
| 3 | ---o0o--- |
| 4 | **THE CLERK:** Good morning, everyone. Calling the |
| 5 | matter of CV 20-3664-YGR, Brown, et al. vs. Google LLC, et al. |
| 6 | Parties, please step forward and state your appearances |
| 7 | for the record, starting with the plaintiff. |
| 8 | **MR. BOIES:** Good morning, Your Honor. David Boies of |
| 9 | Boies Schiller & Flexner representing the plaintiff. |
| 10 | **THE COURT:** Good morning, Mr. Boies. All right. |
| 11 | So let's go around so I get to you know you all better. I |
| 12 | think I know most of you, but we'll see. |
| 13 | **MS. BONN:** Good morning, Your Honor. Amanda Bonn with |
| 14 | Susman Godfrey for the plaintiffs. |
| 15 | **THE COURT:** Good morning. |
| 16 | Why don't you all just line up here so we're not waiting |
| 17 | for you to get to the mic. |
| 18 | **MR. FRAWLEY:** Good morning, Your Honor. Alexander |
| 19 | Frawley from Susman Godfrey for the plaintiffs. |
| 20 | **THE COURT:** Good morning. |
| 21 | **MR. LEE:** Good morning, Your Honor. James Lee, Boies |
| 22 | Schiller Flexner, for the plaintiffs. |
| 23 | **THE COURT:** Yes, Mr. Lee. |
| 24 | **MR. MAO:** Good morning, Your Honor. Mark Mao with |
| 25 | Boies Schiller Flexner the plaintiffs. |

1       **THE COURT:** By the way, the three-page letter brief
2  was so much more persuasive than your 10, 15 pages of just
3  rambling.  Seriously, you all should take -- you should all
4  remember Mark Twain.
5       **MR. BROOME:** A shorter letter, yes.
6       **THE COURT:** Take the time to write it shorter.  It's
7  more persuasive.
8       **MR. BROOME:** Thank you, Your Honor.
9       **MR. MAO:** Just a quick question on that in terms of
10  the nuances on how to implement that order, and of course we
11  heard you loud and clear, Your Honor, which is insofar as data
12  algorithms that were not produced and Google just refused to do
13  that, that did end up in proceedings, and there were -- it's
14  not called orders.  There were requirements in which they
15  ultimately still did not comply with.
16      So how do we maneuver around that?  Obviously we will seek
17  your guidance, Your Honor, but --
18      **THE COURT:** So I -- so I am happy to work with you on
19  that.  They do not --
20      **MR. MAO:** I understand.
21      **THE COURT:** They do not get a free pass, and -- and --
22  but I have to manage that in a very precise way.  And those are
23  the kinds of things that you should say *this is what I want to*
24  *do*, and so that I understand what the context looks like and I
25  can tell you the appropriate means of doing it.

1  ==Those sanctions orders are meaningful.  And you should==
2  ==have produced things that you didn't produce.==  But that's --
3  that's our process.  That's not something that I will just
4  have, you know, doors open for the jury.  So I will micromanage
5  that.  And that's why the -- the default is nothing, and you
6  come and you ask in a specific context.
7        **MR. MAO:**  I heard you loud and clear, Your Honor, and
8  we will come and ask.  Thank you.
9        **THE COURT:**  All right.
10     1015, the next one on the docket.
11     I am not inclined to have a sideshow in this trial.
12        **MR. LEE:**  I think you're directing that to me, Judge.
13        **THE COURT:**  I am.
14        **MR. LEE:**  There will be no sideshow, Judge.
15        **THE COURT:**  I'm not so convinced.  So -- and I don't
16  know what relevance -- what probative value there is in light
17  of the huge baggage with which that witness comes.  So the best
18  I can do is have an evidentiary hearing in advance to figure
19  out what it is he has to offer so that I can balance that
20  against the defendants' appropriate ability to cross-examine on
21  things that, again, would, in my view, create a sideshow.
22     So that's the best I can offer.  And I would suggest that
23  you think about it, and if you want to have that evidentiary
24  hearing in advance, I have very few days to offer you.  But I
25  could find something the first or second week of January.

1  **MR. LEE:** We will take anything we can get, Judge.
2  We'll have to check with the witness, but we'll make ourselves
3  available.
4  **MR. SHAPIRO:** And, Your Honor, this is Andrew Shapiro
5  for Google.
6  Our position on -- surprisingly is that even -- that even
7  if an evidentiary hearing would -- would support whatever it is
8  the plaintiffs think it would support, this witness shouldn't
9  be allowed to be added at this late date, in any event. So
10 there are lots of reasons. Obviously one independent reason
11 not to allow this witness is --
12 **THE COURT:** Well, they didn't -- you can make your
13 record. I don't agree with you. He came to them. It's not as
14 if he'd been hiding this. And he has told them and they gave
15 you notice as soon as they knew or as soon as they reasonably
16 could after they knew, so I'm not persuaded by that argument on
17 your side.
18 **MR. SHAPIRO:** I've made my record. That's fine,
19 Your Honor.
20 **MR. LEE:** In terms of the evidentiary hearing,
21 Your Honor, just from a process perspective, will there be
22 documents exchanged in advance, depositions --
23 **THE COURT:** I don't know. You don't have documents?
24 You don't --
25 **MR. LEE:** He's a former Google employee, Judge, so

1   they have all the document.  We've requested those documents.
2   They refused to produce them to us.
3       There is a motion to compel pending on that, and that's
4   sort of been the holdup because what we're asking for is
5   produce the documents.  Let's take his deposition, and then we
6   can all decide what's what and what's not what.
7       And so far Google has had a hundred days to respond to our
8   disclosure.  They refused to pull any documents.  We know
9   they've collected them, but they refused to turn them over to
10  us, and they refused to have him sit for deposition.  I think
11  that would clarify a lot of the issues --
12      **THE COURT:**  How can they refuse to let him sit for
13  deposition?
14      **MR. LEE:**  We've offered him for deposition, and they
15  won't notice him.  Instead, they are moving to strike him so
16  that he could never testify.
17      I think we have to do this in stages.  So if they were to
18  produce the documents and then they could take his deposition,
19  I think we could submit to Your Honor briefing on it.  It could
20  be very short.  We'll attach the deposition.  And then
21  Your Honor can decide, you know, on balance whether -- whether
22  Mr. Lemoine's testimony is going to be meaningful to the jury.
23  We think it's going to be very, very meaningful to the jury.
24      And I can touch on some of the relevance because you had
25  asked about that if it would be helpful for the Court.

1           **THE COURT:** Go ahead.
2           **MR. LEE:** So he's going to testify, in a nutshell,
3    that Google's AI uses private browsing data across its
4    services, including Chrome, and that AI can merge users'
5    private browsing profiles with their non-private browsing
6    profiles.
7           The AI also can re-identify users, even when they're in
8    private browsing mode.  The reason why that's important, Judge,
9    is throughout this litigation, Google has taken the position
10   that it doesn't do any of those things.  So it's highly, highly
11   relevant.
12          In addition to that, he'll testify how Google forbids
13   written documentations of these exact practices and that when
14   he spoke up and others spoke up to raise concerns, they were
15   silenced.  So this is -- these are brand new facts.  And he's
16   the only person that will testify that can talk about these
17   things.
18          So, you know, candidly, Your Honor, the -- the sideshow
19   aspects are not going to be anything that we introduced to the
20   Court.  What Google has said is they're going to attack his
21   credibility; right?  They're free to do that on cross.  If they
22   think that's a good use of their time, they're free to do that.
23          And I guess the way I look at it, Judge, is if the cross
24   on his credibility is so good and he really has nothing to say,
25   then why are they working so hard to preclude him?  Why don't

1  they just turn over the documents and take his deposition.  And
2  then if there is still a question then, I think Your Honor can
3  decide.
4         **THE COURT:**  Mr. Shapiro.
5         **MR. SHAPIRO:**  So, Your Honor, I -- this is Exhibit A
6  or at least as aspect, an important aspect of why we maintain
7  our position that the late request here is relevant because
8  what the plaintiffs have asked for is for us -- so I can
9  represent we've not pulled all of Mr. Lemoine's documents.
10        The plaintiffs have asked us now or in August, right
11 before our pretrial binders were due, to -- they've declined
12 our request for a deposition unless we went through and
13 provided discovery on this former employee who didn't work on
14 any of the products at issue here, who worked in AI, and then
15 Search.  They've accused us of concealing or trying to hide
16 this witness, which is absolutely not the case.  This person's
17 name didn't come up in two years of discovery, and it's not
18 because anybody was hiding anything.  It's because what he has
19 to offer is tangential at best in this case.
20        And on the cross-examination in particular, you heard it
21 from Mr. Lee a moment ago, they are going to argue that Google
22 has some culture of retaliation, and so we will be within our
23 rights and we are going to have use portions of everybody's 18
24 hours, I guess our 18 hours, to explain why this person is no
25 longer working at Google.

1         It's not efficient, it's not fair, it's not consistent
2    with the rules.  If -- I'll leave it at that.
3         **THE COURT:**  Well, it sounds as if you've got a -- on
4    the plaintiffs' side, a potential whistleblower who -- who
5    really, in many ways, guts much of what you say if he's
6    credible, much of what your client says.
7         And I also have been told that the key people who are
8    running your operation you're refusing to bring in from Europe,
9    even though you're a multibillion dollar company.
10        So I don't know.  I am not so convinced that I shouldn't
11   allow him to testify.
12        **MR. SHAPIRO:**  Nothing that Mr. Lemoine can testify to
13   will gut what Google is saying or destroy our defense.  We will
14   win this case whether he testifies or not.
15        **THE COURT:**  You have argued that the unauthenticated
16   information cannot and has not ever been matched with users.
17   That is the perspective.  And that the mere fact that you have
18   the ability to do it doesn't mean that you have done it.
19        We are not in a position to just trust what Google says.
20   That's why we have an adversarial process.  There are plenty of
21   corporations who do not always accurately describe what it is
22   they're doing.  That's why we have a trial process.
23        Now, you could be right; you could be wrong.  I don't
24   know.  But here I have a proffer that suggests that it can be
25   done, has been done, and that seems to be directly

1    contradictory to Google's position.  That's what I'm hearing.
2           **MR. SHAPIRO:**  At the threshold or just to introduce
3    what I'm about to say, if Your Honor is going to direct us to
4    have an evidentiary hearing, we will have a hearing, but I want
5    to clarify a couple of things.
6           No one is asking the jury, no one is asking the Court
7    simply to trust Google that this joining doesn't occur.  There
8    has been a tremendous amount of discovery, depositions, there
9    will be expert witnesses, there will be vigorous, I'm sure,
10   examination and cross-examination of Google witnesses who work
11   actually on Incognito and on Chrome and beyond and by all of
12   these things and there has been.
13          I'm looking at Mr. Lemoine's declaration here.  The only
14   thing he says -- I'm tested, but it's in his declaration -- he
15   says in paragraph 9 of his declaration, which is Document
16   1042-1 -- "While I worked at Google, Google took the
17   position" -- I'm -- I would put a dot, dot, dot in here because
18   I'm skipping to the end of that paragraph -- "that information
19   inferred about a user through AI was considered data about the
20   user owned by Google rather than user data owned by the user."
21   And then he says that he believes later on that Google could
22   infer certain things about how a user is based on patterns.
23          So, A, I don't think that is some direct whistleblowing in
24   any way; B, I think in any fairness, if the case is going to go
25   down that road now, we are going to be arguing about what AI

1  can or can't do, something that has never been an issue in this
2  case.  Then we have a right, just in terms of fundamental
3  fairness, to put on or bring witnesses of our own to rebut
4  that, which is going to completely derail the timing of -- of
5  this trial or leave us unable to -- to actually answer these
6  Eleventh-hour claims.
7  **THE COURT:**  Well, I don't know, because I don't know
8  exactly what he's going to say.  I've only had a proffer.
9      So you're ordered to produce the documents.  Now, I can
10 get into the micromanaging of it, or if it's already briefed in
11 front of Judge van Keulen, she can do it.  Or you can all agree
12 on what's critical, which, again, I'm not exactly sure that you
13 will, given your history.  And a deposition shall be taken.
14 And all of that has to happen by December 22nd.
15 **MR. LEE:**  Thank you, Your Honor.
16 **THE COURT:**  They need documents no later than
17 December 11th at noon.  So figure out what's going to be
18 produced.  I'll let her know.
19 **MR. LEE:**  Thank you, Your Honor.
20 **MR. SHAPIRO:**  Thank you, Judge.
21 **THE COURT:**  Okay.  Next issue, 1020.  It's the next on
22 the docket.  Plaintiffs Motion in Limine No. 1.
23     Oh, on that last issue, I need a joint notice filed by
24 December 27th as to whether or not you want an evidentiary
25 hearing, or at least your respective positions on that topic.

CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Sunday, December 3, 2023

*Pamela Batalo Hebel*
_____
Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
U.S. Court Reporter