# EXHIBIT 10

# TO MAO DECLARATION ISO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

UNITED STATES DISTRICT COURT    **CERTIFIED COPY**

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable YVONNE GONZALEZ ROGERS, Judge

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of all similarly situated, | **Motions Hearing** |
| Plaintiffs, | |
| vs. | NO. C 20-03664 YGR (SVK) |
| GOOGLE LLC, | Pages 1 - 113 |
| Defendant. | Oakland, California<br>Friday, May 12, 2023 |

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:          Boies Schiller Flexner LLP
                         333 Main Street
                         Armonk, New York  10504
                   BY:   DAVID BOIES, ATTORNEY AT LAW

                         Boies Schiller Flexner LLP
                         44 Montgomery Street, 41st Floor
                         San Francisco, California  94104
                   BY:   HSIAO C. (MARK) MAO, ATTORNEY AT LAW


(Appearances continued next page)

Reported By:       Raynee H. Mercado, CSR No. 8258


Proceedings reported by electronic/mechanical stenography; transcript produced by computer-aided transcription.

```
 1                   A P P E A R A N C E S (CONT'D.)

 2

 3    For Plaintiffs:         Boies Schiller Flexner LLP
                              100 SE 2nd Street, 28th Floor
 4                            Miami, Florida  33131
                        BY:   JAMES W. LEE, ATTORNEY AT LAW
 5
                              Morgan & Morgan
 6                            Complex Litigation Group
                              201 N. Franklin Street, 7th Floor
 7                            Tampa, Florida  33602
                        BY:   JOHN YANCHUNIS, ATTORNEYS AT LAW
 8
                              SAMUEL ISSACHAROFF, ATTORNEY AT LAW
 9                            40 Washington Square South
                              Suite 411J
10                            New York, New York  10012

11                            Susman Godfrey L.L.P.
                              1900 Avenue of the Stars, Suite 1400
12                            Los Angeles, California  90067
                        BY:   AMANDA K. BONN, ATTORNEY AT LAW
13
                              Susman Godfrey LLP
14                            1301 Avenue of the Stars, 32nd Floor
                              New York, New York  10019
15                      BY:   ALEXANDER P. FRAWLEY, ATTORNEY AT LAW

16

17    For Defendant:          Quinn, Emanuel, Urquhart & Sullivan
                              191 N. Wacker Drive, Suite 2700
18                            Chicago, Illinois 60606
                        BY:   ANDREW H. SCHAPIRO,
19                            JOSEPH H. MARGOLIES, ATTORNEYS AT LAW

20
                              Quinn, Emanuel, Urquhart & Sullivan
21                            865 S. Figueroa Street, Floor 10
                              Los Angeles, California  90017
22                      BY:   STEPHEN A. BROOME,
                              ALYSSA G. OLSON,
23                            VIOLA TREBICKA, ATTORNEYS AT LAW

24

25                                   --o0o--
```

1           **MS. TREBICKA:** But that is not what's at issue here.
2      That controlled expert experiment does not prove the point
3 that this data, this private browsing data, is at all times
4 actually linkable to an identity. And it's not, Your Honor.
5      And on that point, very instructive and comprehensive is
6 our Exhibit 62, which is the testimony of Dr. Glenn Berntson,
7 who was a witness in Your Honor's courtroom in the related
8 *Calhoun* case in the Rule 56(e) hearing where he explained very
9 carefully why that is not true, why it is true that Google
10 does not link this private browsing data to identities or
11 Google accounts. And it's also true that it cannot routinely
12 be done.
13      Yes, it may be done under some hypothetical circumstances
14 with sufficient data if all the circumstances are right, but
15 it cannot be done on a routine basis and certainly the reason
16 for that is because Google not only has policies and practices
17 that forbid it -- and that's our facts 63 through 66, Your
18 Honor. But also because Google backs up its practices and
19 policies with actual technical safeguards against it. And
20 it's all explained in -- in detail in this Exhibit 62 that I
21 pointed Your Honor to.
22      Your Honor, I'd also like to take us back to the
23 complaint, which is plaintiff' biggest problem, because at the
24 start of the case, what they alleged, pages of -- and pages of
25 it, in their complaint is that Google links routinely and

```
 1   always private browsing data to their identities.
 2       We challenged it at the motion to dismiss set -- stage and
 3   said that's not plausible.  And at the hearing, plaintiffs
 4   counsel said, oh, no, we will prove it.  We will prove that
 5   that's what you do, Google.  And that is the February 25, 2021
 6   hearing on page 29 and 30.
 7       And that very promise that plaintiffs will indeed prove
 8   that Google links private browsing data to identities was then
 9   memorialized in Judge Koh's order, Docket 113 at -- on
10   page 38, where she said it -- it passes the pleadings, they've
11   stated a claim for intrusion upon privacy because they have
12   sufficiently alleged, seven pages of it, that Google links
13   private browsing data to identities.
14       This is -- this is the shrinking case, Your Honor.  Now
15   what they're left with -- we heard that it's not really
16   disputed that Google does not do that.  Now what we're left
17   is, well, in some circumstances, Google could perhaps do that.
18   That is not sufficient, Your Honor.
19       And after two and a half years of scorched-earth
20   discovery, which of most of it you've been spared the disputes
21   of, Your Honor.
22           THE COURT:  Yeah, and you all don't come out very
23   clean on that front, do you, because you didn't produce things
24   and you've been sanctioned multiple times, so let's -- the
25   scorched earth could be your fault.
```

1            But keep going.
2            **MS. TREBICKA:**  Sure, Your Honor.  I would like to
3    address the sanctions, though, because --
4            **THE COURT:**  No, you shouldn't.  You should keep
5    going.
6            **MS. TREBICKA:**  Okay.  That's fine.
7       17,000 megabytes of data we produced, private browsing and
8    other data, for them to find even a single instance where
9    Google links private browsing data to -- to users' identities,
10   and they could not.
11      And, Your Honor, these facts, which are, as we established
12   here today, not genuinely disputed -- in fact, not disputed at
13   all -- cannot give rise to a concrete injury that will clear
14   the Article III standing.
15      And any other conclusion would be a departure from Ninth
16   Circuit precedent on this because where the Ninth Circuit has
17   found standing, it's always been in circumstances where this
18   type of data was linked to an identity.  It was identifiable
19   data.  That's the *In re Facebook Tracking* case.  That's the
20   *Campbell vs. Facebook* case.
21      And the Ninth Circuit, by contrast, has not found standing
22   where the data was not linked to someone's identity.
23           **THE COURT:**  All right.  A response.
24           **MS. BONN:**  Thank you, Your Honor.
25      I'd like to --

```
 1              (Proceedings were concluded at 3:35 P.M.)
 2                              --o0o--
 3
 4                       CERTIFICATE OF REPORTER
 5
 6          I certify that the foregoing is a correct transcript
 7   from the record of proceedings in the above-entitled matter.
 8   I further certify that I am neither counsel for, related to,
 9   nor employed by any of the parties to the action in which this
10   hearing was taken, and further that I am not financially nor
11   otherwise interested in the outcome of the action.
12
13          _____
14             Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR
15                       Saturday, June 3, 2023
```

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*