**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 629-9040
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>              Plaintiffs,<br><br>  v.<br><br>GOOGLE LLC,<br>              Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF JAMES LEE ISO PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**<br><br>Judge:    Hon. Yvonne Gonzalez Rogers<br>Date:     August 7, 2024<br>Time:     2:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

**DECLARATION OF JAMES LEE**

I, James Lee, declare as follows.

1.      I am a partner with the law firm of Boies Schiller Flexner LLP ("BSF"), counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of Florida and admitted *pro hac vice* for this case. Dkt. 9. I have personal knowledge of the matters set forth herein and am competent to testify.

2.      I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards (the "Motion").

3.      The three law firms representing Plaintiffs—BSF, Morgan & Morgan, and Susman Godfrey (collectively, "Counsel")—were appointed by this Court to serve as Co-Lead Class Counsel in this matter. We have collectively led the Classes' efforts in this case.

4.      This declaration focuses on facts that bear on the Motion, including among other things providing backgrounds on the expertise of BSF and BSF attorneys on this case, summarizing our work litigating this case from its inception to its resolution, and our continued work on behalf of the Classes.

## 1.   BSF Expertise

5.      BSF has extensive experience in handling complex class actions. For years, BSF has successfully litigated cutting edge, high-stakes class actions on both the plaintiff-side and defense-side, giving BSF the experience and knowledge necessary to provide the proposed classes the best representation possible. BSF has used its experience on both sides of significant class action cases to predict opposing counsel's litigation strategy, uncover leverage points, anticipate key issues, and accurately assess risk and manage costs. In the last decade, BSF has collected billions of dollars in settlements on behalf of plaintiffs. But unlike many firms, BSF also has extensive experience in trying complex cases, including class actions, to verdict. Notable settlements and victories in complex cases include:

- *In re: Blue Cross Blue Shield Antitrust Litigation*: BSF served as co-lead counsel in a class action on behalf of insureds against Blue Cross Blue Shield involving

1
Declaration of James Lee ISO Plaintiffs' Motion for an Award of Attorneys'
Fees, Costs, and Service Awards  4:20-cv-03664-YGR-SVK

violations of the Sherman Act. The case was one of the most hotly contested cases in the last decade, involving over 30 separate defendants, more than 50 separate law firms, and over 1,000 lawyers. In 2020, Blue Cross Blue Shield agreed to settle the case for $2.7 billion, as well as injunctive relief that will impact the health insurance market across the country. The settlement was approved by the Northern District of Alabama and affirmed by the Eleventh Circuit.

- *In re: Takata Airbag Products Liability Litigation*: BSF served as co-lead counsel in this MDL class action involving a uniform defect in airbag inflators found in cars made by the world's largest automakers. The Takata Airbag MDL has resulted in over $1.5 billion in settlements to date, including specific, non-monetary protections and relief for consumers who have had their automobiles recalled as a result of the uniform defect.

- *National Prescription Opiate MDL*: BSF serves as lead counsel on behalf of the Cherokee Nation, in what was the MDL's tribal bellwether case. BSF recently secured a $75 million settlement against the opioid distributors and is preparing for trial against the remaining defendant pharmacies Walmart, Walgreens, and CVS.

- *Hoffman v. American Express*: BSF represented American Express at trial and on appeal in a certified nationwide class action where the plaintiffs sought to recover more than $500 million. American Express brought in BSF after the class was certified, and BSF secured and defended on appeal a judgment in favor of American Express on all claims.

- *Mikaelyan v. Howard*: BSF obtained dismissal of class action lawsuit asserting violation of FACTA based on alleged printing of information on receipts, based on inadequacies tied to standing and failure to adequately allege any willful violation.

Declaration of James Lee ISO Plaintiffs' Motion for an Award of Attorneys'
Fees, Costs, and Service Awards  4:20-cv-03664-YGR-SVK

- *Satchell v. Golden State Warriors*: BSF obtained dismissal with prejudice on motions to dismiss brought by an alleged class of millions of users seeking billions of dollars in statutory damages, in a data misuse class action involving sound-based beacon technology for one of basketball's favorite teams.

- *Benton v. Clarity*: BSF obtained dismissal in a data misuse class action involving short-term loans data, after successful motion practice, where plaintiffs sought billions of dollars in damages for millions of users, on the basis of the Fair Credit and Reporting Act.

- *Pavone v. LexisNexis*: BSF defeated class certification in a precedential data misuse class action involving driver and vehicle data, which could have negatively affected the ability to use millions of public records nationwide.

6.    Through its creative, aggressive, and efficient approach to litigation, combined with its proven track record of success, BSF has earned a world-class reputation in the class action arena. The firm "is known as the go-to law firm for high stakes, high profile litigation" (*The Washington Post*), and has been described as a firm of "casual brilliance" (*The National Journal*), a "Galaxy of Bright Lights" (*The American Lawyer*), and "the most powerful litigation turbine in America" (*Law Dragon*). Some of the most sophisticated companies, which have their choice of virtually any law firm in the country, regularly choose BSF's litigation expertise for their most important matters. These clients include and have included, for example, Carnival Corporation, NASCAR, Oracle Corporation, Federal Express, Altria, NextEra Energy, the New York Yankees, and Sony Corporation of America.

### 2.  BSF Team Members

7.    The following are BSF Partners, Counsel, and Associates who billed work on this matter, along with their personal biographies and descriptions of work completed on this case:

8.    **David Boies**: Mr. Boies has been the Chairman and a Managing Partner of BSF since its founding in 1997. Mr. Boies has been selected as one of the 100 Most Influential People in the World by Time Magazine (2010). He has been named Global International Litigator of the

Year by *Who's Who Legal* an unprecedented seven times. Mr. Boies has been named the Litigator of the Year by *The American Lawyer*; the Lawyer of the Year by *The National Law Journal* (twice); the Antitrust Lawyer of the Year by the New York Bar Association; named in the *Forbes* list of "America's Top 200 Lawyers" in 2024; Best Lawyers in America from 1987–2021; *Law Dragon* 500 Leading Lawyers; and an Eminent Practitioner by Chambers USA. He was named one of the Top 50 Big Law Innovators of the Last 50 Years by *The American Lawyer* in 2013.

9.      Mr. Boies is the recipient of Honorary Doctor of Laws from the University of Redlands (2000), New York Law School (2007), University of New Hampshire School of Law (2013), and New York University (2013) and an Honorary Doctor of Letters from the Chicago Theological Seminary (2011). His awards include the Award of Merit from Yale Law School, the ABA Medal from the American Bar Association, the Vanderbilt Medal from New York University Law School, the Pinnacle Award from the International Dyslexia Association, the William Brennan Award from the University of Virginia, the Role Model Award from Equality Forum, the Lead by Example Award from the National Association of Women Lawyers, the Torch of Learning Award from the American Friends of Hebrew University, the Eisendrath Bearer of Light Award from the Union for Reform Judaism, and a Lifetime Achievement Award from the Mississippi Center for Justice.

10.      Mr. Boies served as Chief Counsel and Staff Director of the United States Senate Antitrust Subcommittee in 1978 and Chief Counsel and Staff Director of the United States Senate Judiciary Committee in 1979. In 1991–93, he was counsel to the Federal Deposit Insurance Corporation, recovering $1.2 billion from companies who sold junk bonds to failed savings and loan associations. In 1998–2000, he served as Special Trial Counsel for the United States Department of Justice in its antitrust suit against Microsoft. *U.S. v. Microsoft Corp.*, 98-cv-1232 (TPJ) (D.D.C.). Mr. Boies also served as the lead counsel for former Vice-President Al Gore in connection with litigation relating to the 2000 election Florida vote count. *Bush v. Gore*, 531 U.S. 98 (2000). As co-lead counsel for the plaintiffs in *Perry v. Brown*, he won the first judgment

establishing the right to marry for gay and lesbian citizens under the U.S. Constitution. 671 F.3d 1052, 1096 (9th Cir. 2012).

11.     Mr. Boies attended the University of Redlands (1960–62), and received a B.S. from Northwestern University (1964), an LL.B., magna cum laude from Yale University (1966), and an LL.M. from New York University (1967). He is a member of Phi Beta Kappa, a Fellow of the American College of Trial Lawyers and the International Academy of Trial Lawyers; and a Trustee of the National Constitution Center, Cold Spring Harbor Laboratory, New York University Law School Foundation and St. Luke's- Roosevelt Hospital Center. He is the author of numerous publications including Courting Justice (2004), Redeeming the Dream (with Ted Olson), and Public Control of Business (with Paul Verkuil), published by Little Brown in 1977. He has taught courses at New York University Law School and Cardozo Law School.

12.     Recently, Mr. Boies was Plaintiffs' counsel in the *In re Blue Cross Blue Shield Antitrust Litigation*, 13-cv-20000 (N.D. Ala.). There, he and others argued that the Blue Cross Blue Shield business structure violated antitrust laws and stifled competition, resulting in the largest monetary settlement ever in an antitrust class action without a government investigation— $2.67 billion—and significant injunctive relief to improve competition in the health care market. This settlement was recently upheld by the Eleventh Circuit. *In re Blue Cross Blue Shield Antitrust Litig.*, 85 F.4th 1070, 1102 (11th Cir. 2023). Mr. Boies also represented victims of Jeffrey Epstein's sex trafficking beginning in 2014. He sued, and recovered compensation from, Epstein and several of Epstein's collaborators prior to Epstein's arrest. Last year, Mr. Boies recovered $290 million for Epstein's victims from JP Morgan Chase based on the bank's facilitating the sex trafficking by providing banking services to Epstein. *Doe 1 v. JP Morgan Chase & Co*., 22-cv-10019, Dkt. 284 (S.D.N.Y. Nov. 13, 2023).

13.     For this case, Mr. Boies conducted many of the most critical oral arguments, including on Plaintiffs' successful motions for Google to be sanctioned for repeated discovery misconduct, opposing Google's motion for summary judgment as to all claims, and pretrial

motions. Mr. Boies led BSF's successful involvement in mediation and settlement negotiations with Google, and also co-drafted Plaintiffs' motion for settlement approval.

14.     **Mark C. Mao**: Mr. Mao, a Partner at BSF's San Francisco office and the Practice Group Leader of BSF's IP Litigation Practice Group, is one of the country's leading experts in the privacy field. He has resolved more than 400 cases in litigation. The consumer class actions he resolves often include evolving privacy and regulatory issues, such as in the areas of data breach and misuse, product liability, wiretap acts, the Fair Credit Reporting Act, and unfair and deceptive acts and practices litigation. Mr. Mao is certified by the International Association of Privacy Professionals and was one of its first Fellows of Information Privacy. He is also a Certified Information Privacy Technologist and a Certified Information Privacy Professional for the United States, having completed over a hundred various privacy compliance and transactional projects. In addition to having litigated important privacy cases such as *Satchell v. Golden State Warriors*, *Benton v. Clarity*, and *Pavone v. LexisNexis*, Mr. Mao's experience also includes the following representative matters:

- *Lozano v. CodeMetro*: Favorably resolved data breach class action claim in Southern California against a medical services software provider against hundreds of thousands of consumers.

- *Winstead v. ComplyRight:* Favorably resolved data breach class action claim in N.D. Ill. between publishing company and hundreds of thousands of consumers.

- *Nguyen et al. v. Caboki*: Obtained dismissal and costs against class action claims alleging illegal recording by customer support of retailer seeking tens of millions of dollars in statutory damages.

- *CFPB v. The Source For Public Data*: Obtained a district court and then an appellate court win in case against the Consumer Financial Protection Bureau alleging that a data sourcing company may be a consumer reporting agency.

- *BaronsMedia.com v. Exponential Interactive, Inc. and related cases*: Obtained favorable resolution against over a dozen business claimants, who alleged that they

were substantially overcharged for years of targeted advertising services, involving hundreds of millions of transactions.

- *Koenig v. Lime Crime Inc.*: Obtained a favorable resolution in a data breach class action involving malicious code injection in one of the web's most popular social influencer websites.

- *Koles v. Yapstone, Inc. (In re Yapstone Data Breach Litig.)*: Obtained a favorable resolution in a data breach class action involving the alleged vulnerability of a popular payment application and relating to the records of hundreds of thousands of consumers.

- *Piper v. Brian Kemp*: Obtained dismissal, without filing motions to dismiss, in one of the Southern United States' largest data breaches allegedly involving over six million vote records.

15.     Mr. Mao graduated from the University of California, Berkeley School of Law, and is currently the alumni president for the home chapter of the law school.

16.     For this case, Mr. Mao designed the case theories, led all pre-suit investigation efforts, and continued to direct case strategy throughout the litigation. He also either drafted or co-drafted all iterations of the complaint and all substantive motions, including oppositions to motions to dismiss, Plaintiffs' motion for class certification and pertinent reply, *Daubert* motions, and Plaintiffs' opposition to Google's motion for summary judgment, and participated in oral argument on all of these motions. Mr. Mao also took the deposition of Google employees Glen Bernston, Bert Leung, Jonathan Mcphie, and Stephen Chung (30(b)(6) deposition) and attended and provided strategic advice for several other depositions in this litigation. He also took the deposition of Google expert Konstantinos Psounis. Critically, Mr. Mao served as the lead lawyer for Plaintiffs in the Special Master process. He also worked closely with all technical experts in this case to ensure Plaintiffs' case theories captured all of the ways in which Google improperly captured, saved, and used Plaintiffs' private data. Mr. Mao also co-led the mock jury exercises, formulating strategies to test and conducting mock oral argument. Mr. Mao was actively involved

7

in trial preparation, mediation, and reaching settlement with Google.  He also played a significant role in drafting the settlement term sheet and settlement agreement.

17.     **James Lee**: Mr. Lee, a Partner in BSF's Miami office and Practice Group Leader of BSF's Class Actions, Opt-Outs, and Multi-District Litigation Practice Group, serves as trial counsel in high-stakes litigation across several practice areas. He has served as lead counsel and trial counsel on behalf of plaintiffs and defendants in numerous complex matters ranging from product liability, securities, and commercial litigation. He has been tapped to serve as trial counsel by high profile clients such as Philip Morris USA, FedEx Ground, and World Fuel Services. He has tried numerous high-stakes cases to verdict. He is currently serving as lead counsel in defending class actions on behalf of Lens.com and Copart. He also has significant experience representing plaintiff classes in large scale class actions, such as serving as co-lead counsel for BSF in its representation of the plaintiff class in the Takata Airbag MDL. His work in that case helped to achieve over $1.5 billion in settlements on behalf of class members. Mr. Lee graduated from Stanford Law School.

18.     For this case, Mr. Lee was fundamental in the pre-suit investigation, formulating the initial theory of the case, drafting the initial complaint, serving as BSF's primary contact for all of the named Plaintiffs, and leading the preparation of all of the named Plaintiffs' depositions. Mr. Lee continued to actively craft litigation strategy and oversee day-to-day operations of the case, including leading Plaintiffs' defensive discovery efforts. Mr. Lee drafted or co-drafted several substantive motions in this case, including oppositions to Google's motions to dismiss, Plaintiffs' motions to compel, Plaintiffs' motion for class certification and reply, oppositions to Google's *Daubert* motions, and the opposition to Google's motion for summary judgment. Mr. Lee took the deposition of the head of Chrome Privacy and Incognito Mode (Sabine Borsay). He also defended the majority of the named Plaintiffs' depositions, the depositions of Plaintiffs' experts Mark Keegan and Michael Lasinksi, and the deposition of whistleblower Blake Lemoine just weeks before Google agreed to settle this case. He handled oral argument for BSF on Google's motion to dismiss, Google's *Daubert* motion on Michael Lasinski, and several

Declaration of James Lee ISO Plaintiffs' Motion for an Award of Attorneys'
Fees, Costs, and Service Awards  4:20-cv-03664-YGR-SVK

significant pretrial motions. Mr. Lee also co-led the mock jury exercises, formulating strategies to test and conducting mock oral argument. Mr. Lee was actively involved in trial preparation, mediation, and reaching settlement with Google. He also played a significant role in drafting the settlement term sheet and settlement agreement.

19.    **Beko Reblitz-Richardson**: Mr. Reblitz-Richardson, a Partner at BSF's San Francisco office and a Practice Group Leader of BSF's Cybersecurity and Data Privacy Practice Group, is an experienced trial lawyer who has successfully litigated matters for plaintiffs and defendants in privacy matters and class action cases. Since joining BSF in 2005, he has obtained favorable trial and pre-trial outcomes in a number of significant class actions. To name a few, in *Hoffman v. American Express*, he represented American Express at trial, secured a judgment in favor of American Express on all claims, and then successfully defended that judgment on appeal. In *Mikaelyan v. Howard*, he obtained a dismissal of a class action lawsuit. Mr. Reblitz Richardson also represented Oracle at trial in a number of actions, including one where the firm obtained a $1.3 billion jury verdict against SAP and one where the firm obtained an award of over $100 million against Rimini Street. Mr. Reblitz-Richardson was also a part of the team that successfully represented Starr International at trial with AIG, securing a judgment for Starr International. Mr. Reblitz-Richardson also represented the plaintiffs at trial and on appeal in their challenge to California's Proposition 8, litigation that restored the right of same-sex couples to marry in California. His other clients have included Sony, Tyco, Broadcom, HSBC, and others. Mr. Reblitz-Richardson graduated from the University of California, Berkeley School of Law.

20.    For this case, Mr. Reblitz-Richardson supervised the day-to-day work of the BSF team. Mr. Reblitz-Richardson took an active role in key parts of the case, including leading Plaintiffs' offensive discovery, expert witness development, drafting or co-drafting major briefs and preparing other lead attorneys for significant hearings. Mr. Reblitz-Richardson drafted or co-drafted the majority of the motions to compel, discovery requests to Google, and emails to Google counsel. He also handled a significant number of the meet and confers with Google. Mr. Reblitz-Richardson prepared for and took many depositions, including the depositions of Google

9

employees Dr. Adrienne Porter Felt, Brian Rakowski, Greg Fair, Abel Mardini, Ramin Halavati, Chris Liao, and Jesse Adkins (30(b)(6) deposition). He likewise took the depositions of key Google experts On Amir and Bruce Strombom. He also was a lead lawyer in Plaintiffs' expert witness development, including experts Mark Keegan and Michael Lasinski. Mr. Reblitz-Richardson drafted or co-drafted Plaintiffs' oppositions to Google's Motions to Dismiss, Motion for Class Certification, Motion for Summary Judgment, and all briefing that resulted in discovery sanctions against Google. Mr. Reblitz-Richardson was actively involved in trial preparation, mediation, and reaching settlement with Google. He also played a significant role in drafting the settlement term sheet and settlement agreement.

21.    **Alexander Boies:** Mr. Boies is a Partner at BSF's Armonk office and is an experienced litigator who handles disputes across diverse practice areas, including class actions, sports and gaming related disputes, and labor and employment. Recently, Mr. Boies represented insureds in the *In re: Blue Cross Blue Shield Antitrust Litigation*, including by working to secure settlement approval which was affirmed by the Eleventh Circuit. Mr. Boies graduated with his J.D. from New York University School of Law.

22.    For this case, Mr. Boies was fundamental in developing arguments and strategies for some of the most important hearings, including multiple sanctions hearings, class certification, and summary judgment. Mr. Boies played a significant role in providing technical and strategic advice for the lead attorneys throughout the case. Mr. Boies was also fundamental in preparing materials for trial and contributed throughout the mediation and settlement process with Google.

23.    **Alison Anderson**: Ms. Anderson, a Partner in BSF's Los Angeles office, is a seasoned trial lawyer with significant experience litigating complex criminal fraud trials, including taking seven cases to jury trials. Ms. Anderson joined BSF in the fall of 2021 after working in the Fraud Section of the Criminal Division of the U.S. Department of Justice for nearly a decade, first as a trial attorney in the Securities and Financial Fraud Unit and later as an Assistant Deputy Chief in the Strategy, Policy, and Training Unit. Ms. Anderson's trial

Declaration of James Lee ISO Plaintiffs' Motion for an Award of Attorneys'
Fees, Costs, and Service Awards  4:20-cv-03664-YGR-SVK

experience included co-leading the team in the high-profile *United States v. Connolly* matter, which has influenced the way corporate clients approach cooperation with government investigations and the way defense counsel are litigating these issues on behalf of individual clients. She also conducted high-profile investigations of Fortune 500 companies like Deutsche Bank and Volkswagen, securing resolutions that levied significant fines and established compliance monitorships. As an Assistant Deputy Chief, Alison oversaw the agency's recent criminal corporate resolutions with The Boeing Company, JPMorgan Chase & Co., Bank of Nova Scotia, United Airlines, Inc., and others. Since joining BSF, Ms. Anderson has worked on matters involving class actions, trade secrets, antitrust, breach of contract, and criminal defense. Ms. Anderson clerked for the Honorable Johnnie Rawlinson of the United States Court of Appeals for Ninth Circuit, and the Honorable Eduardo Robreno of the United States District Court for the Eastern District of Pennsylvania and graduated from Rutgers School of Law – Camden.

24. For this case, Ms. Anderson was instrumental in litigating Plaintiffs' request for supplemental sanctions and co-drafted Plaintiffs' response to the Court's order to show cause as to why Google should not be sanctioned for belatedly disclosing data sources containing Incognito-detection bits and a fourth detection bit. In addition to preparing the briefing, Ms. Anderson also handled key parts of the evidentiary hearing that resulted in discovery sanctions against Google. Ms. Anderson was also actively engaged in preparing for the class certification hearing. She also played a key role in preparing Plaintiffs' trial plan and mediation statement.

25. **Joshua Stein**: Mr. Stein, a Partner at BSF's San Francisco office, is an experienced litigator who has held key roles as both in-house and outside counsel for some of the most significant litigation matters of the past decade. Before rejoining BSF as a Partner, Mr. Stein served as the Director of Litigation and Operations at Clipboard Health, where he was responsible for class action litigation, investigations, and crisis management. Prior to that he served as in-house counsel at Twitter, where he defended the company in a number of noteworthy content-related cases, including spearheading the work in Twitter's successful cert. petition to

Declaration of James Lee ISO Plaintiffs' Motion for an Award of Attorneys'
Fees, Costs, and Service Awards  4:20-cv-03664-YGR-SVK

the U.S. Supreme Court in *Taamneh v. Twitter*. 598 U.S. 471 (2023). Mr. Stein clerked for the Honorable Ferdinand Fernandez of the United States Court of Appeals for the Ninth Circuit, earned his J.D. from Yale Law School, and his Ph.D. in United States history from the University of California, Los Angeles.

26.     Since rejoining the firm in October 2023 Mr. Stein has been intimately involved in all facets of this litigation. He actively engaged in the settlement process, directed filings, and contributed to numerous briefs, including this Motion and also Plaintiffs' motion for settlement approval.

27.     **Nicholas Gravante**: Mr. Gravante was formerly a Co-Managing Partner at BSF's New York City office. Mr. Gravante has consistently been recognized as one of the country's top litigators. His extensive trial experience focuses on the areas of business crimes and complex commercial litigation. He has negotiated non-prosecution agreements for publicly traded companies and has won exoneration of numerous individuals, non-profit entities, Fortune 500 companies, and a major national university in federal and state grand jury and regulatory investigations. He also served as counsel to the former CEO of a major insurance company, to Starr International Company and C.V. Starr & Co., the Andy Warhol Foundation, and several hedge funds. Mr. Gravante is a longtime member of *Law Dragon's* 500 Leading Lawyers in America and of New York's Best Lawyers. Nick was recently recognized as one of *Benchmark Litigation's* Top 100 Trial Lawyers in America for 2017. He has also been selected to *Super Lawyers* every year since 2006 and was named a Top Business Litigation Attorney for NY in 2017. Mr. Gravante earned his J.D. with honors from Columbia Law School.

28.     For this case, Mr. Gravante was involved in formulating the initial case strategy, preparing the Complaint, and helping to bring in co-counsel to assist BSF in handling this case.

29.     **Sean Rodriguez**: Mr. Rodriguez is a Partner at BSF's San Francisco office, who practices primarily in complex commercial litigation, with particular emphasis on antitrust, intellectual property, technology, and finance. Mr. Rodriguez was a leading member of the team representing a U.S. maker of solar panels in litigation with a major electric utility. The client won

at every stage of the case, from the U.S. District Court to the Ninth U.S. Circuit Court of Appeals, reaching a settlement as the case was about to be argued before the U.S. Supreme Court. Mr. Rodriguez also successfully represented hundreds of thousands of workers in a wage-fixing class action that resulted in 2019 in one of the largest wage recoveries in years, and he is a regular speaker on class action issues. He represented American Express from the government's pre-complaint investigation in 2009 through a two-month trial in 2015. Mr. Rodriguez clerked for Judge Mariana Pfaelzer of the United States District Court for the Central District of California, and received his J.D. from Stanford Law School.

30.     For this case, Mr. Rodriguez was involved in assisting with the initial case investigation, responding to Google's Motion to Dismiss, and crafting Plaintiffs' expert strategy. Mr. Rodriguez was also involved in vetting potential class representatives.

31.     **Meredith Schultz**: Ms. Schultz is a Partner at BSF's Fort Lauderdale office, whose practice involves counseling clients in the field of data privacy, including the European Union's General Data Protection Regulation ("GDPR"). Ms. Schultz advises large U.S. and multinational companies on data privacy, GDPR and electronic discovery matters, and she is a member of multiple drafting committees for the Sedona Conference, a research and educational institute dedicated to the advanced study of law and policy, and whose work is often adopted into law by federal courts. Ms. Schultz is a Certified Information Privacy Professional (CIPP/US) and a Certified Information Privacy Manager (CIPM). She is also the leader of the firm's e-discovery practice group. Prior to joining BSF, Meredith served as a law clerk to the Hon. Donald M. Middlebrooks of the Southern District of Florida, and graduated from the University of Chicago Law School.

32.     For this case, Ms. Schultz was involved in the discovery process, including assisting with the development of discovery strategy, preparing letter briefs, and conducting research on evidence spoliation and sanctions.

33.     **Jon Mills**: Mr. Mills is Counsel at BSF's Miami office, who has appeared in courts across the country on matters including privacy issues, cybersecurity, constitutional issues,

voting rights, and defamation. His experience also includes appellate practice, and he has represented clients in the Florida Supreme Court more than 30 times. He has litigated issues involving international jurisdiction and constitutional issues involving presidential budget cutbacks, laws protecting victim's privacy, a governor's gaming compact with Indians, Florida reapportionment plans, and proposed constitutional initiatives. He has been counsel in high-profile litigation, including protecting privacy rights of the families of Dale Earnhardt, Giannni Versace, Dawn Brancheau (the trainer who died in an accident at SeaWorld), and others. He is a recognized thought leader on privacy and cybersecurity, having written multiple books and articles on privacy and security including: "*Privacy in the New Media Age"* and "*Privacy the Lost Right"* (Oxford University Press). He has taught privacy to judges and lawyers worldwide, lectured in Latin America as part of the U.S. Department of State's Speakers Program, and presented continuing legal education courses on privacy and security to corporate leadership and general counsel. He has provided commentary to multiple media sources, including *The New York Times*, *Wall Street Journal*, *PBS*, *CBS*, *BBC*, *The Guardian*, and many others. Mr. Mills earned his J.D. from the University of Florida Levin College of Law, where he graduated *with honors* and Order of the Coif.

34.   For this case, Mr. Mills was involved in vetting potential testifying and consulting expert witnesses for this case. Mr. Mills also helped to develop case strategy, case themes, and liability theories at the outset of this litigation.

35.   **Melissa Zonne**: Ms. Zonne, Counsel at BSF's Los Angeles office, focuses her practice on business litigation, including partnership, contract, and corporate asset disputes, and a variety of real estate cases including landlord-tenant matters and construction defect. She also has a robust employment practice, handling both single plaintiff and class action matters with claims including discrimination, harassment, wage and hour, and workplace accidents involving injuries and fatalities. Ms. Zonne has successfully represented both plaintiffs and defendants in trial in federal and state court, and in private arbitration. She is also experienced in guiding clients

through mediation, agency investigations and hearings, administrative hearings, and appeals. Ms. Zonne graduated from the University of Southern California, Gould School of Law.

36.     For this case, Ms. Zonne conducted research for and prepared pocket briefings in preparation for trial, as well as prepared materials for Plaintiffs' fee approval motion.

37.     **Rossana Baeza**: Ms. Baeza, a senior Associate at BSF's Miami office, focuses on complex and appellate litigation. She has been involved in multidistrict litigation proceedings, such as the Takata Airbag MDL class action and the National Prescription Opiate MDL. She represented the Cherokee Nation in the MDL's tribal bellwether case, which secured a $75 million settlement against the opioid distributors. Ms. Baeza has extensive experience in motion practice and briefing, including helping win dismissals of claims, helping successfully oppose dispositive motions, and successfully obtaining a reversal in an appeal before the U.S. Court of Appeals for the Tenth Circuit. Ms. Baeza graduated from Washington and Lee University School of Law.

38.     For this case, Ms. Baeza was instrumental in conducting the pre-suit investigation, analyzing Google's disclosures, and preparing the initial complaint, and she also played a lead role in vetting potential class representatives and responding to public inquiries. Ms. Baeza was also actively involved in Plaintiffs' offensive discovery, including drafting Plaintiffs' requests for production and interrogatories to Google. Ms. Baeza drafted multiple discovery briefs, including the motion to compel the deposition of the head of Chrome Privacy and Incognito Mode, Sabine Borsay. She also co-drafted several critical motions, including the opposition to Google's *Daubert* motion on Michael Lasinski. Ms. Baeza helped prepare all of the Named Plaintiffs for their depositions and defended the deposition of Named Plaintiff Monique Trujillo. She also prepared multiple deposition outlines for lead attorneys, second chaired several important depositions, and took the deposition of Rory McClelland, a key former Google employee.

39.     **M. Logan Wright**: Mr. Wright is an Associate at BSF's Los Angeles office where he represents both plaintiffs and defendants in litigation in federal and state courts, as well as in

arbitration under major arbitral rules. Before joining the firm, Mr. Wright practiced complex commercial litigation at another international law firm and served as General Counsel & Legislative Assistant for a member of the U.S. House of Representatives. Mr. Wright clerked for the Honorable Thomas Barber of the United States District Court for the Middle District of Florida and graduated with honors from Columbia Law School.

40.     For this case, since joining the team in August 2022, Mr. Wright co-drafted major briefs filed by Plaintiffs, including Plaintiffs' response to the Court's order to show cause as to why Google should not be further sanctioned and Plaintiffs' opposition to Google's motion for summary judgment. Mr. Wright also prepared supporting materials and hearing outlines for major hearings, including on class certification, supplemental sanctions, summary judgment and pretrial motions. Mr. Wright also prepared for and second chaired multiple depositions, was the principal BSF associate in charge of managing the mock jury exercises, and prepared materials in preparation for mediation and trial.

**41.     Lauren LaVare**: Ms. LaVare is an Associate at BSF's San Francisco office, where she represents plaintiffs and defendants in complex trial and appellate litigation, focusing on data privacy and security, class actions, and antitrust. Ms. LaVare advises clients in business and consumer litigation involving privacy class actions, regulatory matters, and antitrust issues, including data misuse, wiretap acts, and consumer data reporting.  Ms. LaVare graduated *magna cum laude* and *order of the coif* from American University.

42.     For this case, Ms. LaVare assisted in various legal research tasks and preparing materials for major hearings, including the class certification, issue certification, and supplemental sanctions. Ms. LaVare also conducted legal research, including with Plaintiffs' opposition to Google's motion for summary judgment. Ms. LaVare also assisted in preparing materials in preparation for trial.

43.     **Nicholas Santos**: Mr. Santos is an Associate at BSF's San Francisco office, whose practice focuses on copyright, trademark, privacy, and complex commercial class actions in the technology sector. Prior to joining BSF, Mr. Santos worked as an Associate in the San

Declaration of James Lee ISO Plaintiffs' Motion for an Award of Attorneys'
Fees, Costs, and Service Awards  4:20-cv-03664-YGR-SVK

Francisco office of another major law firm. Mr. Santos graduated from Duke University School of Law, where he was a member of the *Duke Law Journal*.

44.     Since joining BSF in February 2024, Mr. Santos conducted research and assisted in preparing materials for Plaintiffs' motion for settlement approval.

45.     **Erika Nyborg-Burch**: Ms. Nyborg-Burch was an Associate at BSF's San Francisco office until June 2023, during which time she represented plaintiffs and defendants in complex trial and appellate litigation. Her practice focused on high-stakes commercial disputes and class actions. Ms. Nyborg-Burch was also the pro bono liaison for the firm's San Francisco office and maintained an active pro bono practice. Before joining the firm, she practiced civil rights litigation with the ACLU and worked as an immigration public defense attorney at The Bronx Defenders. Ms. Nyborg-Burch clerked for the Honorable Thomas L. Ambro of the United States Court of Appeals for the Third Circuit and graduated from Yale Law School.

46.     For this case, Ms. Nyborg-Burch was actively involved in Plaintiffs' offensive discovery. She drafted discovery requests to Google and Plaintiffs' letter brief requesting discovery, including deposition testimony from Google CMO Lorraine Twohill. Ms. Nyborg-Burch also drafted portions of Plaintiffs' sanctions briefing and other significant motions and conducted legal research in support of important motions, including Plaintiffs' motion for class certification. In addition to research and writing, Ms. Nyborg-Burch prepared lead attorneys for multiple discovery hearings and depositions. She second chaired several important depositions, and she took the depositions of Google employees Steve Ganem and Deepti Bhatnagar.

47.     **Augusto Cividini**: Mr. Cividini was an Associate at BSF's Miami office until February 2024, during which time he focused on representing plaintiffs and defendants in complex litigation, including multidistrict litigation, class actions, antitrust lawsuits, and commercial disputes. Mr. Cividini was also co-chair of the firm's Hispanic/Latinx Affinity Group and a member of the firm's LGBTQ+ Affinity Group. Before joining the firm, Mr. Cividini worked with local advocacy organizations. Mr. Cividini graduated from Georgetown University Law Center.

Declaration of James Lee ISO Plaintiffs' Motion for an Award of Attorneys'
Fees, Costs, and Service Awards  4:20-cv-03664-YGR-SVK

48.     For this case, Mr. Cividini reviewed documents and prepared outlines for the depositions of Martin Shelton and Sabine Borsay. Mr. Cividini also reviewed and analyzed documents for other depositions, including the deposition of Lorraine Twohill. He also played a significant role in connection with expert development and expert discovery. Mr. Cividini also conducted research on a variety of topics, including supporting Plaintiffs' CIPA claim, *Daubert* challenges, and discovery disputes. Mr. Cividini also assisted in preparing for the hearing on the Court's order to show cause as to why Google should not be further sanctioned.

49.     **Antonio Ingram**: Mr. Ingram was an Associate at BSF's San Francisco office until September 2021, during which time he focused on complex litigation in federal and state court. Prior to joining the firm, Mr. Ingram worked at another major law firm on a wide array of litigation matters, including white collar criminal cases and consumer class actions. Mr. Ingram was a law clerk in the Eastern District of Louisiana and the Fourth Circuit Court of Appeals. He received his J.D. from the University of California, Berkeley School of Law.

50.     For this case, Mr. Ingram conducted legal research on various topics, including appellate precedent on the Federal Wiretap Act, class certification, and discovery-related issues. Mr. Ingram was also actively involved in the discovery process, where he prepared multiple letter briefs, including on custodians and requests for production. He also assisted in preparing, finalizing, and filing Plaintiffs' first amended complaint.

51.     **John Gerardi**: Mr. Gerardi is a former Associate at BSF's office in Washington, D.C. While at BSF, Mr. Gerardi's practice centered on cross-border disputes and investigations, as well as other high-stakes securities and financial litigation. His practice has touched on matters involving Asia, Europe, and South America, where he has gathered substantial experience in complex commercial disputes in both national courts and arbitral forums. Since starting at Boies Schiller as a summer associate, Mr. Gerardi has managed all aspects of litigation, from pre-suit investigations through trial. Mr. Gerardi earned his J.D. *magna cum laude* from the American University Washington College of Law, graduating Order of the Coif.

52.     For this case, Mr. Gerardi conducted research and prepared for expert witnesses depositions, including the deposition of Google expert On Amir and Plaintiffs' expert Bruce Strombom. Mr. Gerardi was also involved in the legal research for Plaintiffs opposition to Google's *Daubert* motion of Plaintiffs' expert Michael Lasinski

53.     **Alexander Konik**: Mr. Konik is a former Associate at BSF's Oakland and San Francisco Offices. While at the firm, Mr. Konik represented clients on a diverse mix of complex commercial matters, including data privacy and technology litigation. Prior to joining BSF, Mr. Konik clerked for a Judge on the United States District Court for the Northern District of California. He received his J.D. from Columbia Law School.

54.     For this case, Mr. Konik conducted legal research to support the causes of action raised in Plaintiffs' Complaint, and he was involved in vetting potential class representatives.

55.     **Yanni Lin**: Ms. Lin is a former Associate at BSF's San Francisco Office. While at the firm, Ms. Lin advised on state and federal regulatory laws, data protection, and data breach response, and represents clients in high-stakes intellectual property and privacy litigation. Ms. Lin is a Certified Information Privacy Professional (CIPP/US). She worked with clients from a variety of industries, including digital media, gaming, mobile and professional services.

56.     For this case, Ms. Lin conducted research in support of and assisted in developing the strategy for Plaintiffs' opposition to Google's motion to dismiss.

57.     **Anna Christian**: Ms. Christian is a BSF Staff Attorney who reviewed documents Google produced in discovery in preparation for depositions and to inform Plaintiffs' litigation strategy. She also assisted in other projects, including compiling documents for the depositions of Rory McClelland, Sabine Borsay, Steve Ganem, and Jonathan McPhie.

58.     **Alexander Gruel**: Mr. Gruel is a BSF Staff Attorney who reviewed documents Google produced in discovery in preparation for depositions and to inform Plaintiffs' litigation strategy. He also assisted in other projects, including reviewing documents in preparation for the depositions of Sabine Borsay, Ramin Halavati, Eric Miraglia, and Dr. Adrienne Porter Felt.

Declaration of James Lee ISO Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards  4:20-cv-03664-YGR-SVK

59.    **Erik Palm**: Mr. Palm is a former BSF Staff Attorney who reviewed documents Google produced in discovery in preparation for depositions and to inform Plaintiffs' litigation strategy. He also assisted in other projects, including reviewing documents for the depositions of Sabine Borsay, Rory McClelland, Chris Palmer, and Martin Sramek.

60.    **James Sliter**: Mr. Sliter is a BSF Staff Attorney who reviewed documents Google produced in discovery in preparation for depositions and to inform Plaintiffs' litigation strategy. He also assisted in other projects, including reviewing documents in preparation for the depositions of Abdel Karim Mardini, Sabine Borsay, Lorraine Twohill, Martin Sramek, and Jonathan McPhie.

61.    **Paralegals**: Ms. Theresa Rodriguez, Ms. Andrea Alaya, and Mr. Louis Salazar provided paralegal support for BSF's attorneys at various stages of this case. Other paralegals who also provided support are Ms. Vicky Alaya, Ms. Ashley Hermann, Ms. Tina Keleshyan, Mr. Jan Kunstyr, Ms. Diane Larghi, Ms. Gabriela Romero Garcilazo, Ms. Sequoia Tully, and Ms. Judy Wikel.

62.    **Administrative Staff**: Mr. Christopher Arborn is an administrative professional based in BSF's Armonk Office. Mr. Arborn assists David Boies in compiling materials for review, including preparing hearing binders, legal materials, and documents for execution.

### 3.  BSF Attorneys' Fees

63.    BSF routinely represents both plaintiffs and defendants in large class actions. When representing Plaintiffs on a contingent fee basis, BSF routinely seeks a substantial return on its investment in time and costs commensurate with the risks and opportunity costs, including working for paying clients on an hourly basis. BSF took this case expecting to, if successful, receive a risk enhancement. BSF litigated this case entirely on a contingent fee basis.

64.    The schedule below contains a summary of the time spent by BSF attorneys, paralegals, and professional support staff on this case, the 2024 billing rates for each individual, and the firm's lodestar calculation using 2024 billing rates or equivalent 2024 billing rates for those who left the firm prior to 2024. All attorneys and staff, including myself, keep

contemporaneous and reliable time records. This schedule was prepared from those contemporaneous time records.

| BSF Attorneys' Fees | | | | |
|---|---|---|---|---|
| Timekeeper | Year of Admission | Sum of Work Hours | Rate | Lodestar Based on Hours & Rate |
| **Partner** | | | | |
| Anderson, Alison | 2011 | 350.1 | $ 1,230.00 | $ 430, 623.00 |
| Boies, Alexander | 2016 | 1070.9 | $ 1,040.00 | $ 1,113,736.00 |
| Boies, David | 1967 | 770.2 | $ 2,330.00 | $ 1,794,566.00 |
| Gravante, Nicholas | 1986 | 12.9 | $ 1,350.00 | $ 17,415.00 |
| Lee, James | 2006 | 1594 | $ 1,210.00 | $ 1,928,740.00 |
| Mao, Mark | 2005 | 3400.7 | $ 1,260.00 | $ 4,284,882.00 |
| Reblitz-Richardson, Beko | 2005 | 3399.3 | $ 1,280.00 | $ 4,351,104.00 |
| Rodriguez, Sean | 2009 | 22.7 | $ 1,250.00 | $ 28,375.00 |
| Schultz, Meredith | 2006 | 28.6 | $ 1,020.00 | $ 29,172.00 |
| Stein, Joshua | 2014 | 189.7 | $ 1,130.00 | $ 214,361.00 |
| **Counsel** | | | | |
| Mills, Jon | 1972 | 30.8 | $ 1,380.00 | $ 42,504.00 |
| Zonne, Melissa | 2014 | 64.8 | $ 1,040.00 | $ 67,392.00 |
| **Associate** | | | | |
| Baeza, Rossana | 2018 | 1789.5 | $ 920.00 | $ 1,646,340.00 |
| Cividini, Augusto | 2021 | 365.3 | $ 790.00 | $ 288,587.00 |
| Gerardi, John | 2019 | 85.9 | $ 800.00 | $ 68,720.00 |
| Ingram, Antonio | 2014 | 213.9 | $ 790.00 | $ 168,981.00 |
| Konik, Alexander | 2014 | 49.1 | $ 810.00 | $ 39,771.00 |
| LaVare, Lauren | 2021 | 405.7 | $ 790.00 | $ 320,503.00 |
| Lin, Yanni | 2016 | 56.5 | $ 730.00 | $ 41,245.00 |
| Nyborg-Burch, Erika | 2017 | 1286.7 | $ 860.00 | $ 1,106,562.00 |
| Santos, Nicholas | 2021 | 42.3 | $ 820.00 | $ 34,686.00 |
| Wright, Logan | 2018 | 1552.4 | $ 850.00 | $ 1,319,540.00 |
| **Staff Attorney** | | | | |
| Christian, Anna | 2007 | 668.3 | $ 475.00 | $ 317,442.50 |
| Gruel, Alexander | 2010 | 551.8 | $ 475.00 | $ 262,105.00 |
| Palm, Erik | 2018 | 544.2 | $ 400.00 | $ 217,680.00 |
| Sliter, James | 2005 | 644.4 | $ 475.00 | $ 306,090.00 |
| **Paralegal** | | | | |
| Ayala, Andrea | | 150.5 | $ 350.00 | $ 52,675.00 |
| Ayala, Vicky | | 73.6 | $ 330.00 | $ 24,288.00 |
| Hermann, Ashley | | 22.9 | $ 420.00 | $ 9,618.00 |

Declaration of James Lee ISO Plaintiffs' Motion for an Award of Attorneys'
Fees, Costs, and Service Awards  4:20-cv-03664-YGR-SVK

| | | | | | |
|---|---|---|---|---|---|
| Keleshyan, Tina | | 99 | $ 380.00 | $ 37,620.00 |
| Kunstyr, Jan | | 5.4 | $ 420.00 | $ 2,268.00 |
| Larghi, Diane | | 51.3 | $ 390.00 | $ 20,007.00 |
| Rodriguez, Theresa | | 226.8 | $ 390.00 | $ 88,452.00 |
| Romero Garcilazo, Gabriela | | 137.5 | $ 390.00 | $ 53,625.00 |
| Salazar, Louis | | 168.6 | $ 420.00 | $ 70,812.00 |
| Tully, Sequoia | | 6 | $ 390.00 | $ 2,340.00 |
| Wikel, Judy | | 30.3 | $ 310.00 | $ 9,393.00 |
| **Administrative Staff** | | | | |
| Arborn, Christopher | | 154.1 | $ 390.00 | $ 60,099.00 |
| | | | | |
| **Grand Total** | | **20316.7** | | $ **20,872,319.50** |

65.     The hourly rates reflected above are the firm's standard 2024 hourly rates for those attorneys who remain at the firm as of this filing. For those formerly with BSF, the fees reflect their rate at the time of their departure. BSF's fee-paying clients pay these rates for hourly work.

66.     The hours reflected above are reasonable given the complexity, novelty, and length of the litigation and the significant volume of discovery required. Given the claims asserted, the Plaintiffs' theory of liability, and the requisite fact and expert discovery needed to prove Plaintiffs' claims regardless of the type of relief sought, the lack of a damages class made no difference to the work BSF needed to do (and did) on behalf of the classes. With no guarantee of recovering any of its fees or costs, BSF made every effort to staff and litigate this case as efficiently as possible.

67.     Notably, no associate has a rate exceeding $920 per hour. Other than Jon Mills, who is the former Dean of the University of Florida law school and one of the most esteemed data privacy scholars in the country, no counsel has a rate exceeding $1,050 per hour. Other than BSF's founder and chairman, David Boies, no partner has a rate exceeding $1,350 per hour.

68.     The $2,330 hourly rate for David Boies is reasonable in light of his experience and stature as one of America's most preeminent litigators and the complex nature of this litigation. Mr. Boies focused on overseeing overall case strategy, preparing for and conducting

22

oral arguments on the most important motions (including sanctions and summary judgment), and leading the settlement negotiations with Google.

### 4. BSF's Costs

69.     As shown in the schedule below, BSF advanced a total of $407,396.66 in un-reimbursed costs, without any guarantee of recoupment. These costs were reasonably necessary to litigate this case, and they are of the type BSF routinely incurs in litigation and are typically paid by BSF's fee-paying clients.

| BSF Costs | |
|---|---|
| **Cost Description** | **Sum of Amount** |
| **Conference Costs** | **$   3,310.65** |
| Conference Cost - Conference and Meeting Room | $   1,500.00 |
| Conference Cost - Meals - Local | $   1,810.65 |
| **Court Costs** | **$   4,830.20** |
| Court Costs - Filing Fees | $   1,458.90 |
| Court Costs - Other | $   702.30 |
| Court Costs - Transcript Costs | $   2,669.00 |
| **Document Reproduction - Outside Services** | **$   4,292.20** |
| **Library - Publications** | **$   12.99** |
| **Local Transportation** | **$   2,994.81** |
| Local Transportation - Car Services | $   2,678.27 |
| Local Transportation - Mileage and Tolls | $   95.54 |
| Local Transportation - Parking | $   221.00 |
| **Meals** | **$   4,652.97** |
| Travel - Working Meals | $   4,121.84 |
| Working Meals - Local | $   531.13 |
| **Messenger and Couriers** | **$   5,859.16** |
| Messenger and Couriers - Messenger Services | $   1,793.35 |
| Messenger and Couriers - Overnight Couriers | $   4,065.81 |
| **Purchases - Computer Equipment (under $1,000)** | **$   114.82** |
| **Research Charges** | **$   262,665.34** |
| Computer Research - Lexis | $   13,998.24 |
| Computer Research - Other | $   2,494.70 |
| Computer Research - Westlaw | $   249,227.76 |
| Research - Other Research Services | $   1,564.10 |
| **Telephone - Conference Call Charges** | **$   147.56** |
| **Travel Costs** | **$   118,586.40** |
| Travel - Airfare | $   27,046.36 |
| Travel - Car Rental | $   1,408.62 |

Declaration of James Lee ISO Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards  4:20-cv-03664-YGR-SVK

| | |
|---|---|
| Travel - Car Services | $ 5,282.49 |
| Travel - Conference Meals | $ 14,302.04 |
| Travel - Lodging Costs | $ 68,508.88 |
| Travel - Mileage and Tolls | $ 110.09 |
| Travel - Other | $ 366.68 |
| Travel - Parking | $ 1,536.24 |
| Travel - WiFi/Internet | $ 25.00 |
| **Grand Total** | **$ 412,086.56** |

70.     BSF has maintained reliable, individual records substantiating these costs, and this schedule was prepared from those records. As with fees, Plaintiffs have submitted those records to Google in advance of filing this Motion, and Plaintiffs are submitting them to this Court with this filing, for in camera review. This schedule reflects costs through March 31, 2024.

### 5. Common Litigation Fund

71.     To cover much of the joint costs necessary in pursuing this litigation, the three lead counsel firms pooled resources into a common litigation fund. The schedule below provides topline summaries of the costs paid through this common fund. I personally managed this fund on behalf of all three firms throughout this litigation, and I attest that these figures are accurate.

| Plaintiffs' Common Litigation Fund Costs | | |
|---|---|---|
| **Experts and Consultants** | **Total** | **Amount** |
| 233 Analytics, LLC | | $ 350,153.17 |
| Analysis & Research Inc. | | $ 213,281.18 |
| Angeion Group | | $ 14,805.00 |
| Ankura Consulting Group, LLC | | $ 1,554,191.27 |
| Avia Global Consulting Corporation | | $ 1,212,563.67 |
| Concur IP Consulting | | $ 439,260.00 |
| Counterpane Systems LLC | | $ 292,482.38 |
| Full Nelson Investigations / Dave Nelson | | $ 17,600.00 |
| JE Hochman & Associates LLC | | $ 447,346.50 |
| Keegan & Donato Consulting, LLC | | $ 279,651.25 |
| Samuel Issacharoff | | $ 138,525.37 |
| Chris F. Kemerer PhD LLC | | $ 15,000.00 |
| | **Total** | **$ 4,974,859.79** |
| **Document Platform System** | | |
| International Litigation Services, LLC | | $ 309,416.36 |
| **Technical Special Master** | | |
| Accel Consulting LLC | | $ 336,969.97 |
| **Evidentiary Special Master** | | |

Declaration of James Lee ISO Plaintiffs' Motion for an Award of Attorneys'
Fees, Costs, and Service Awards  4:20-cv-03664-YGR-SVK

| | | | |
|---|---|---|---|
| JAMS | | $ | 22,652.97 |
| **Jury Consultant & Mock Jury Exercises** | | | |
| R&D Strategic Solutions, LLC | | $ | 603,558,78 |
| **Mediation** | | | |
| Phillips ADR | | $ | 125,307.50 |
| **Court Reporters & Transcription Services** | | | |
| Ana Maria Dub | | $ | 141.70 |
| Echo Reporting, Inc. | | $ | 88.80 |
| Esquire Deposition Solutions | | $ | 7,970.40 |
| Huseby Global Litigation | | $ | 17,684.34 |
| Irene Rodriguez | | $ | 383.70 |
| Lee-Anne Shortridge | | $ | 632.50 |
| Magna Legal Services | | $ | 31,224.20 |
| MK Litigation Solutions, Inc. | | $ | 199.65 |
| Pamela Batalo Hebel | | $ | 50.40 |
| Raynee H. Mercado | | $ | 503.70 |
| Summer A. Fisher | | $ | 241.20 |
| Veritext, LLC | | $ | 267,828.10 |
| | Total | $ | **326,948.69** |
| **Printing & Office Services** | | | |
| Array | | $ | 2,202.85 |
| Avalon Document Services | | $ | 3,551.74 |
| Digital One Legal Solutions | | $ | 37,562.11 |
| Empire Discovery LLC | | $ | 1,016.41 |
| Excelsior Digital | | $ | 2,434.34 |
| First Legal | | $ | 13,812.18 |
| Mainstay Legal | | $ | 224.94 |
| Sitelogistix | | $ | 1,595.62 |
| SmartSource | | $ | 1,009.93 |
| Summit Reprographics | | $ | 1,718.09 |
| United Litigation Discovery | | $ | 4,304.44 |
| | Total | $ | **69,432.65** |
| **Other Vendors & Miscellaneous Costs** | | | |
| 4Discovery, LLC | | $ | 46,990.33 |
| Act of Communication | | $ | 4,687.50 |
| Bailey Glasser LLP | | $ | 22,605.00 |
| Bleichmar Fonti & Auld LLP | | $ | 1,448.03 |
| Catch Marketing Services Inc. | | $ | 2,400.00 |
| Graphic Testimony | | $ | 15,743.75 |
| Legal Media, Inc. | | $ | 83,921.22 |
| Nationwide Legal, LLC | | $ | 1,472.30 |
| P.I. Services | | $ | 275.00 |
| Rory McClelland | | $ | 2,454.27 |
| Ruth Levine Ekhaus | | $ | 140.70 |
| | Total | $ | **182,138.10** |

Declaration of James Lee ISO Plaintiffs' Motion for an Award of Attorneys'
Fees, Costs, and Service Awards  4:20-cv-03664-YGR-SVK

| | TOTAL | $ 6,951,284.81 |
|---|---|---|

72.     Each category of costs and topline entry is further described below. All of these costs are normally paid by fee-paying clients.

### a.  Experts

73.     **233 Analytics, LLC** is the entity Class Counsel contracted with to retain Mr. Christopher Thompson, an expert who consulted on the technical aspects of this case. Mr. Thompson assisted with interpreting Google's technical discovery responses and documents, including but not limited to for the Special Master portion of the discovery process. Mr. Thompson was responsible for overseeing and architecting the testing and data capture process used as part of the Special Master process. Mr. Thompson also supported Mr. Jonathan Hochman, Plaintiffs' testifying technical expert, by assisting with Mr. Hochman's preparation of his three expert reports (Dkts. 608-11, 608-12, 990-1), including authoring custom software to process and extract data from the over 100 gigabytes of raw data produced as part of the Special Master process and the Plaintiff's preserved data. Mr. Thompson also authored numerous declarations, including in support of Plaintiffs' sanctions motions, disputes over Google's preservation obligations, and the recently filed settlement approval motion. Dkts. 535-17, 545-7, 560-4, 655-4, 1097-16. He also served as a testifying witness at the April 2022 evidentiary hearing overseen by Magistrate Judge van Keulen, which resulted in the first of two sanctions orders against Google. *See* Dkt. 588. The costs charged by 233 Analytics, LLC include fees paid for the services of Mr. Thompson's assistant, Jake Taylor, who assisted Mr. Thompson with his work.

74.     **Analysis & Research, Inc.** is the corporate entity Class Counsel contracted with to retain Mr. Jay Bhatia, a technical expert who analyzed how Google's tracking beacons operate and tested how these beacons function. Mr. Bhatia also supported Mr. Jonathan Hochman, Plaintiffs' testifying technical expert, by assisting with Mr. Hochman's preparation of his three expert reports. Dkts. 608-11, 608-12, 990-1. Mr. Bhatia was also instrumental in reviewing the source code Google produced during the sanctions process, and he drafted a declaration in

support of Plaintiffs' second sanctions motion. Dkt. 833-4. Mr. Bhatia also assisted with reviewing technical documents and data produced by Google, including in connection with the Special Master process. Mr. Bhatia worked on this case from early on in fact discovery through settlement. These costs charged by Analysis & Research Inc. include fees paid for the services of Mr. Bhatia's colleague, Vivek Shinde, who assisted Mr. Bhatia with all of his work.

75. **Angeion Group** is the corporate entity Class Counsel contracted with to retain Mr. Steven Weisbrot, Plaintiffs' class action notice expert in this case. Mr. Weisbrot developed Plaintiffs' proposed class notice plan, outlined in the Weisbrot Report. Dkt. 609-16. Mr. Weisbrot was deposed on the opinions proffered in this report.

76. **Ankura Consulting Group, LLC** is the corporate entity Class Counsel contracted with to retain Mr. Michael Lasinski, Plaintiffs' damages expert in this case. Mr. Lasinski, with assistance from others at Ankura, prepared an expert report quantifying the number of class members, explaining how Googles uses and monetizes private browsing data, and offering various methodologies for calculating damages, among other opinions. Dkt. 608-9. Mr. Lasinski also sat for deposition on the opinions proffered in this report, and he was prepared to testify at trial on behalf of the Rule 23(b)(2) classes and the Named Plaintiffs.

77. **Avia Global Consulting Corporation** is the entity Class Counsel contracted with to retain Dr. Lillian Dai, a non-testifying expert hired to consult on the technical aspects of this case. Dr. Dai was fundamental to understanding the mechanics of how Google collects, stores, and uses private browsing data, and how that data may be used to identify individuals. Dr. Dai oversaw the work done by the Concur IP engineers, whom Class Counsel hired to review Google's trove of technical document productions. She contributed to data preservation discussions and was instrumental in reviewing material and data produced through the Special Master process, in some cases by attending meet-and-confers supervised by the Special Master and attended by Google engineers. Dr. Dai supported Mr. Jonathan Hochman, Plaintiffs' testifying technical expert, by providing significant assistance for each of his three expert reports. Dkts. 608-11, 608-12, 990-1. Dr. Dai also provided support for Mr. Lasinski's report. Further,

Dr. Dai assisted with depositions of Google's experts and employees, the sanctions proceedings and Plaintiffs' opposition to Google's motion for summary judgment, and Dr. Dai advised Class Counsel on the technical aspects of the settlement.

78. **Concur IP Consulting** was retained to provide eleven engineers to review and analyze some of Google's highly technical document productions. Overseen by Dr. Lillian Dai, their work was instrumental for selecting and preparing for depositions of Google employees, identifying materials that Plaintiffs' testifying experts could rely on for their reports, and developing the litigation strategy in this case.

79. **Counterpane Systems LLC** is the entity Class Counsel contracted with to retain Professor Bruce Schneier, an international security technologist and Plaintiffs' privacy expert in this case. Professor Schneier prepared expert and rebuttal reports addressing, among other issues, how privacy has historical roots in political liberty, commercial fairness, and economic competition, and how Google's conduct in this case puts users at risk, including by storing identifying data relating to users' sensitive private browsing activities. Dkts. 608-6, 608-7. Professor Schneier sat for deposition and was prepared to testify at trial on behalf of the Rule 23(b)(2) classes and the Named Plaintiffs. These costs include fees paid for the services of Professor Schneier's research and writing assistant, Kathleen Seidel.

80. **Full Nelson Investigations** is the entity Class Counsel contracted with to retain Mr. Dave Nelson, who formerly worked on cybercrime investigations at the Federal Bureau of Investigation. Mr. Nelson and his team prepared the Nelson Rebuttal Report, which rebutted certain opinions of Google expert Georgios Zervas related to how users can be identified from private browsing data. Dkt. 608-8. Mr. Nelson was deposed on the opinions he proffered in this report. The Court granted Google's motion to exclude Mr. Nelson from testifying at trial. Dkt. 803.

81. **JE Hochman & Associates LLC** is the entity Class Counsel contracted with to retain Mr. Jonathan Hochman, Plaintiffs' testifying technical expert in this case. Mr. Hochman and his team prepared the Hochman Report and two Hochman Supplemental Reports, which

addressed the technical aspects of how Google collects, stores, and uses private browsing data and how that data can be used to identify individuals, including through substantial analyses of the data that Google produced through the Special Master process. Dkts. 608-11, 608-12, 990-1. Mr. Hochman sat for deposition twice—over three days—and he was prepared to testify at trial on behalf of the Rule 23(b)(2) classes and the Named Plaintiffs. These costs charged by JE Hochman & Associates LLC include fees charged for the services of Mr. Hochman's research and writing assistant, Julie Burns.

82.     **Keegan & Donato Consulting, LLC** is the entity Class Counsel contracted with to retain Mr. Mark Keegan, Plaintiffs' testifying survey expert in this case. He and his team developed and conducted two different user surveys, which formed the basis of two expert reports. Dkts. 608-10, 609-12. These reports included Mr. Keegan's opinions about class members' private browsing usage as well as users' understanding Google's Incognito Splash Screen. Mr. Keegan also rebutted the opinions offered by Google's survey expert, On Amir. Mr. Keegan sat for deposition and was prepared to testify at trial on behalf of the Rule 23(b)(2) classes and the Named Plaintiffs.

83.     **Professor Samuel Issacharoff** is the Bonnie and Richard Reiss Professor of Constitutional Law at New York University School of Law, who was retained by Class Counsel to provide consulting services on a wide range of class action-related issues, including class notice, issue certification, jury trial, and settlement. Professor Issacharoff also conducted oral argument at the hearing on Plaintiffs' motion for issue certification.

84.     **Chris F. Kemerer PhD LLC**, is the entity Class Counsel contracted with to retain Dr. Chris Kemerer, the David M. Roderick Professor of Information Systems and Professor of Business Administration at the University of Pittsburgh Joseph M. Katz Graduate School of Business. Dr. Kemerer was retained as a potential privacy expert.

### b. Document Platform System

85.     **International Litigation Services** ("ILS") was retained to provide the document review and document production platform used by Class Counsel throughout this litigation. ILS

hosted the roughly one million documents that Google produced in this case, and when necessary, provided technical support to Class Counsel related to hosting these documents.

### c.   Technical Special Master

86.   **Accel Consulting LLC** is the entity Class Counsel contracted with to retain Special Master Brush who, by Court order (Dkts. 219, 220), oversaw the process by which Google produced data to Plaintiffs, and ruled on certain technical discovery disputes referred to him by Magistrate Judge van Keulen.

### d.   Evidentiary Special Master

87.   **JAMS** was contracted with to retain former Magistrate Judge Elizabeth LaPorte to resolve pre-trial evidentiary disputes between Plaintiffs and Google, as ordered by this Court. Dkt. 978.

### e.   Jury Consultant and Mock Jury Exercises

88.   **R&D Strategic Solutions, LLC** is the jury consulting firm Class Counsel hired to stage and manage two mock jury exercises, which Class Counsel conducted in preparation for trial in November 2022 and May 2023, respectively. R&D Strategic Solutions also analyzed and interpreted jury responses to key arguments Class Counsel tested during the jury exercises.

### f.   Mediation

89.   **Phillips ADR** was contracted with for purposes of working with former District Court Judge Layn Phillips, as mediator. The mediation was ultimately successful and resulted in the proposed settlement, following many months of negotiations.

### g.   Court Reporters and Transcription Services

90.   **Ana Maria Dub** was paid to provide transcription services for court proceedings.

91.   **Echo Reporting, Inc.** was paid to provide transcription services for the March 17, 2022, hearing before Magistrate Judge van Keulen.

92.   **Esquire Deposition Solutions** was retained to provide transcription services for the first mock jury exercise held on November 9, 2022.

93.     **Huseby Global Litigation** was paid to provide transcription services for a hearing before Special Master Brush on June 6, 2022.

94.     **Irene Rodriguez** was paid to provide transcription services for court proceedings.

95.     **Lee-Anne Shortridge** was paid to provide transcription services for court proceedings.

96.     **Magna Legal Services** was retained to provide logistical, technical support services, and transcription and videographer services for certain depositions.

97.     **MK Litigation Solutions, Inc.** was paid to provide transcription services for the August 4, 2022, hearing before Magistrate Judge van Keulen.

98.     **Pamela Batalo Hebel** was paid to provide transcription services for court proceedings.

99.     **Raynee H. Mercado** was paid to provide transcription services for court proceedings.

100.    **Summer A. Fisher** was paid to provide transcription services for court proceedings.

101.    **Veritext, LLC** was retained to provide logistical, technical support services, and transcription and videographer services for depositions throughout this litigation.

### h.  Printing and Office Services

102.    **Array** was retained to provide printing services and prepare binders used for this litigation.

103.    **Avalon Document Services Inc.** was retained to provide printing services and prepare binders used for this litigation.

104.    **Digital One Legal Solutions** was retained to provide logistical support and prepare materials for hearings.

105.    **Empire Discovery LLC** was retained to print and prepare binders used for this litigation.

Declaration of James Lee ISO Plaintiffs' Motion for an Award of Attorneys'
Fees, Costs, and Service Awards  4:20-cv-03664-YGR-SVK

106.     **Excelsior Digital** was retained to provide logistical support, print documents, and prepare binders.

107.     **First Legal** was retained to print, prepare, and deliver binders and courtesy copies of filings, including on many occasions to the Court.

108.     **Mainstay Legal** was retained to print, prepare, and deliver binders.

109.     **Sitelogistix** was retained to provide logistical and printing services for major hearings and mock jury exercises.

110.     **SmartSource** was retained to provide printing and delivery services.

111.     **Summit Reprographics** was retained to provide printing services.

112.     **United Litigation Discovery** was retained to print, prepare, and deliver binders.

### i.   Other Vendors and Miscellaneous Costs

113.     **4Discovery, LLC** was retained to conduct forensic imaging of data produced during the course of discovery, including data from the class representatives' personal devices.

114.     **Act of Communication** was retained to provide deposition preparation services for Plaintiffs' expert witnesses.

115.     **Bailey Glasser LLP** was the attorney representing Rory McClelland (former Google employee) at his deposition in February 2022.

116.     **Bleichmar Fonti & Auld LLP** was retained to provide investigation services to vet potential class representatives.

117.     **Catch Marketing Services Inc.** was retained to provide consultation services pertaining to Google's location and user tracking technologies.

118.     **Graphic Testimony** was retained, due to a scheduling conflict which prevented Legal Media from assisting, to assist in preparing graphics and presentation tools for the first mock trial exercise in November 2022.

119.     **Legal Media, Inc.** was retained to provide graphics services and prepare presentations throughout the litigation, including for hearings such as the sanctions hearings, the class certification hearing, the second mock jury exercise in May 2023, and also for trial.

120.    **Nationwide Legal, LLC** was retained to provide messaging and courier services.

121.    **P.I. Services** was retained to serve a subpoena on Martin Shelton.

122.    **Rory McClelland** connotes travel expenses paid for Mr. McClelland's deposition (former Google employee) in February 2022. Mr. McClelland at the time resided in Germany, and was advised to travel outside of Germany to sit for his deposition. Class Counsel paid for his travel expenses to go to London to sit for the deposition, which was taken remotely.

123.    **Ruth Levine Ekhaus** was retained to provide delivery services.

Dated: April 23, 2024

By */s/ James W. Lee*

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

*Attorney for Plaintiff*

Declaration of James Lee ISO Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards  4:20-cv-03664-YGR-SVK