| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>M. Logan Wright, CA Bar No. 349004<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com<br>mwright@bsfllp.com<br><br>*Attorneys for Plaintiffs* | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>One Manhattan West, 50th Floor<br>New York, NY  10001<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 358-6913<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>                Plaintiffs,<br>  v.<br><br>GOOGLE LLC,<br>                Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: August 7, 2024<br>Time:  2:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

Before the Court is Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards (the "Motion"). The Court has considered all papers, evidence, and argument submitted in support of and in opposition to the Motion, including the detailed time and costs records that Plaintiffs submitted with the Motion, and which were provided to Google in advance of Plaintiffs filing the Motion.

## I. Attorneys' Fees

There is no dispute that Class Counsel is entitled to an award of attorneys' fees. *See* Dkt. 1097-3 (Settlement Agreement) § IV.1 (Google confirming Class Counsel is "entitled" to fees and reserving the right to contest the reasonableness of the request). The parties have waived any right to appeal this decision, including the fact or amount of any award. *Id.*

"Because plaintiffs' claims in this action arise under California law, California law governs recovery of attorneys' fees." *Congdon v. Uber Techs., Inc.*, 2019 WL 2327922, at *2 (N.D. Cal. May 31, 2019). The Court relies on the lodestar method to determine fees since the settlement resolves the classes' requests for injunctive relief. *St. Louis Police Ret. Sys. v. Severson*, 2014 WL 3945655, at *1 (N.D. Cal. Aug. 11, 2014). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.*

The Court finds that Class Counsel's hourly rates are reasonable. "To determine reasonable rates, the Court examines market rates in the relevant community, paying close attention to the fees charged by lawyers of reasonably comparable skill, experience and reputation." *Californians for Alternatives to Toxics v. Kernen Constr. Co.*, 2022 WL 22227777, at *1 (N.D. Cal. Mar. 21, 2022). Plaintiffs have identified various cases and publications to support the reasonableness of Class Counsel's rates. *See, e.g.*, *In re PFA Ins. Marketing Litig.*, 2024 WL 1145209, at *25 (N.D. Cal. Feb. 5, 2024) (acknowledging that $1,600 rates have been deemed "reasonable" for this District); Ex. 3 (Wolters Kluwer's Real Rate Report for 2023). Moreover, for two of the three firms that comprise Class Counsel (Boies Schiller Flexner and Susman Godfrey), the claimed rates are "the same rate[s] that [they] charge[] clients, including

corporations that are billed hourly, which provides a market-based cross-check." *In re Animation Workers Antitrust Litig.*, 2016 WL 6663005, at *6 (N.D. Cal. Nov. 11, 2016) (approving hourly rate for Susman Godfrey partner included in this Motion). Relatedly, Morgan and Morgan's hourly rates have been approved by other courts in this District. *See Bitmouni v. PaySafe*, Dkt. 103, No. 3:21-cv-641 (N.D. Cal. Feb. 2, 2024) (approving fees and multiplier based on Mr. Yanchunis' $1,450 billing rate).

The Court also finds that Class Counsel's total hours are reasonable. The 78,880 hours are reasonable given the extensive work this case required for nearly four years, and how close this case came to trial. Class Counsel's hours are relatively low compared to similar cases. One helpful comparison is *Facebook, Inc. Consumer Privacy User Profile Litigation*, 2023 WL 8445812, at *2 (N.D. Cal. Oct. 10, 2023), which concerned Facebook's data collection. That court characterized class counsel's 149,928 hours as "reasonable, especially because this litigation has been unusually prolonged and contentious." Here, Class Counsel worked roughly half those hours notwithstanding (i) that *Facebook* settled during fact discovery—even before expert reports were served—(ii) class counsel in *Facebook* took and defended fewer depositions (42 relative to 51 here), and (iii) the dockets contain a similar number of entries (1138 in *Facebook*, as of the fees motion, relative to 1104 here). *See* Case No. 3:18-md-02843, at Dkt. 1139 at 9.

Like *Facebook*, this case was also "unusually prolonged and contentious." Plaintiffs filed 30 motions to compel and participated in 16 discovery hearings with Magistrate Judge van Keulen. Dkt. 1097-1 & n.3. On top of that discovery work, Plaintiffs contended with a year-long Special Master process regarding Google's data productions, which consisted of 21 additional hearings and conferences with Special Master Brush. Dkt. 1097-2 ¶ 7. It also bears mentioning that Google was sanctioned for discovery misconduct—twice. Dkts. 588, 898. Magistrate Judge van Keulen found that, from April 2021 through June 2022, Google violated four separate court orders concerning Google's production of data. These violations caused more work for Class Counsel, both to litigate the sanctions and to conduct follow-up discovery.

Having found that Class Counsel's hourly rates and hours worked are reasonable, the Court calculates the lodestar to be $62,442,539.30.

Class Counsel requests a 3.5X multiplier on this lodestar. "Courts applying California law *often award multipliers* of the lodestar to take into account such factors as the contingent nature of the employment, the quality of the work, difficulty of pretrial and trial preparation, importance of the suit, and the public nature of plaintiffs' position." *St. Louis*, 2014 WL 3945655, at *5. Multipliers are awarded in cases that result exclusively in injunctive relief. *E.g.*, *id.* (awarding 1.5X multiplier based on a settlement that required defendants to disclose additional information to shareholders, thus "uph[o]ld[ing] important principles of corporate governance"); *City of Plantation Police Officers' Employees' Retirement System v. Jeffries*, 2014 WL 7404000, at *3 (S.D. Ohio Dec. 30, 2014) (awarding 3X multiplier for settlement that led to "changes to executive compensation"). A 3.5X multiplier is "well within the range of acceptability," where "[m]ultipliers can range from 2 to 4 or even higher." *Uphold our Heritage v. Town of Woodside*, 2008 WL 4868816, at *6 (Cal. Ct. App. Nov. 12, 2008) (affirming multiplier for non-monetary settlement).

A 3.5X multiplier is appropriate here, for four independent reasons: (i) the contingent nature of the case; (ii) the importance of the case and the difficulties of litigating it; (iii) Class Counsel's success; and (iv) the value of the relief secured.

*First*, the multiplier is warranted because of the contingent nature of the case. Multipliers "approximate market-level compensation for such services, which typically includes a premium for the risk of nonpayment." *Ketchum v. Moses*, 17 P.3d 735, 745-46 (Cal. 2001).

*Second*, "the difficulty of pretrial and trial preparation" and the "importance of the suit" justify the multiplier. *St. Louis*, 2014 WL 3945655, at *5. In *St. Louis*, which likewise resulted in non-monetary relief, this Court awarded a 1.5X multiplier although "no discovery was ever conducted." 2014 WL 3945655, at *6. Here, Class Counsel appropriately seeks a higher multiplier—having spent almost four years litigating the case, including through two years of discovery, two motions to dismiss, class certification, and summary judgment. Relatedly, a

multiplier is warranted because this case addressed important issues relating to user privacy. "[P]laintiffs have attempted to correct a wrong being perpetrated" on millions of Americans who used private browsing modes. *See Yong Soon Oh v. AT & T Corp.*, 225 F.R.D. 142, 154 (D.N.J. 2004) (awarding multiplier based on a settlement that required the defendant-phone company to make important changes to its practices).

*Third*, Class Counsel's success justifies the multiplier. This Court's class certification order described how injunctive relief could bring "important changes to reflect transparency in the system." Dkt. 803 at 34. Class Counsel took their obligations in this case seriously, litigating to the eve of trial and ultimately securing important changes to Google's practices. The disclosure changes are important given the "tens of millions" of Americans whom Google conceded "did not understand" Google's prior disclosures. *See* Oct. 11, 2022 Hearing Tr. at 14:19-20. Google must also delete and remediate billions of data entries reflecting class members' private browsing data, thus providing relief for Google's past misconduct. Google must also continue providing a cookie-blocking tool to Incognito users, thereby enhancing user privacy and limiting its collection of data. Finally, the requirement that Google delete its private browsing detection bits is particularly noteworthy. But for Class Counsel's persistence, these bits may not have been uncovered, let alone deleted.

*Fourth*, the multibillion-dollar value of the relief supports the multiplier. For settlements that include injunctive relief, "the Court must take into consideration the value of that relief [] when considering proportionality" of a fee award. *Kumar v. Salov N. Am. Corp.*, 2017 WL 2902898, at *5 (N.D. Cal. July 7, 2017) (citing *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015)). "In the Ninth Circuit, the benchmark percentage for an attorney fee award is 25% of the total settlement value, including both monetary *and non-monetary recovery*." *Id.* at 7. Here, Class Counsel seeks 7% of the value of the relief secured, well within the benchmark.

The Court now awards Class Counsel $217,643,951.05 in attorneys' fees ($62,442,539.30 in lodestar, multiplied by 3.5, minus the $904,936.50 that was already awarded by Magistrate Judge van Keulen as part of the first sanctions proceedings).[1]

## II. Costs

Google agrees that Class Counsel is entitled to their costs, which the Settlement Agreement defines to include "any out-of-pocket costs that would reasonably be paid by a fee-paying client, including expert fees." Dkt. 1097-3 § IV.I.3 Google reserved the right to contest the reasonableness of Class Counsel's request, but the Court finds that Class Counsel's $7,656,565.32 request is reasonable.

The costs submitted by Class Counsel are the kind typically paid by fee-paying clients, including their own clients. *See* Carmody Decl. ¶ 77; Lee Decl. ¶¶ 69, 72. The submitted costs include expert fees (for testifying and consulting experts), special master fees, attorney travel costs for hearings and depositions, mediator fees, jury consultant fees, court reporter fees, printing and delivery fees, filing fees, and legal research charges, among other costs ordinarily billed to clients. Such costs "are of the type that attorneys working on a non-contingency basis bill to paying clients." *In re PFA*, 2024 WL 1145209, at *26 (addressing "travel expenses, research, court filing fees, transcripts and court reporters, mediation expenses, experts, and document review expenses"); *see also, e.g.*, *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 827 (6th Cir. 2013) (affirming award of costs for "focus groups, mock trials, jury-selection services, and mediation" because those costs "were reasonable and necessary to provide [plaintiff] with effective representation"); *Morgan v. United States Soccer Fed'n*, 2023 WL 2558417, at *2 (C.D. Cal. Jan. 4, 2023) (following class action settlement, awarding as costs "what class counsel expended to pay for experts, mediation, filings, meals, travel, copying, and other costs that are also typically billed to a paying client").

As with fees, Class Counsel appropriately subtracted the costs previously awarded by

---

[1] Class Counsel is entitled to a multiplier on the $904,936.50 that was awarded by Judge van Keulen, but the amount itself must be subtracted from the award to avoid a double-recovery. *See* Dkt. 631.

1  Judge van Keulen for the sanctions proceedings. *See* Dkts. 631 ($66,778.59), 898 ($28,342). The
2  Court now awards the remaining $7,656,565.32.

### III.     Service Awards

Plaintiffs seek $30,000 service awards for each of the five class representatives—totaling $150,000. These awards are justified because this case imposed a significant burden on them, both in terms of their time and privacy. Google served voluminous discovery requests, requiring each class representative to respond to 55 RFAs, 34 RFPs, and 17 Interrogatories. Dkt. 1097-2 ¶ 13. Each class representative was also deposed and subjected to questioning from Google's attorneys about their private browsing habits, which is information they always expected and hoped to keep private from Google. Furthermore, each class representative had to participate in the Special Master process governing Google's data productions, which further imposed on their time and privacy. The class representatives have described these burdens in their declarations filed with the motion for settlement approval. Dkt. 1097-23 ¶ 11; Dkt. 1097-24 ¶ 11; Dkt. 1097-25 ¶ 11; Dkt. 1097-26 ¶ 12; Dkt. 1097-27 ¶ 11.

This Court has issued similar service awards in a case that imposed demanding burdens on the class representatives. *See, e.g.*, *del Toro Lopez v. Uber Techs., Inc.*, 2018 WL 5982506, at *3 (N.D. Cal. Nov. 14, 2018) (awarding $50,000 and $30,000 to class representatives because they "were substantially involved throughout the litigation"). $30,000 service awards are justified here as well.

///

///

### IV. Summary

The Court **AWARDS**:

1. $217,643,951.05 in attorneys' fees;

2. $7,656,565.32 in costs; and

3. $30,000 service awards to each of the five class representatives, totaling $150,000.

**IT IS SO ORDERED.**

DATED: _____   _____
                                                                           Honorable Yvonne Gonzalez Rogers
                                                                           United States District Judge