**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660)
rachaelmccracken@quinneamanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Counsel for Defendant Google LLC*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, *et al.*, individually and on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF JOSEPH H. MARGOLIES IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS FEES (DKT. 1107)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

I, Joseph H. Margolies, declare as follows:

1.      I am an attorney with Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendant Google LLC ("Google") in this action. I am making this declaration pursuant to Civil Local Rule 79-5(e)–(f) as an attorney for Google as the Designating Party, pursuant to Civil Local Rule 79-5(f)(3) in response to Dkt. 1097.

2.      On April 1, 2024, Plaintiffs filed their Administrative Motion to File Under Seal Portions of Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards, along with various exhibits (Dkt. 1107) ("Fees Motion"). On April 1, 2024, I received unredacted service copies of the documents sought to be sealed.

3.      I have reviewed the documents that Plaintiffs seek to file under seal pursuant to Civil Local Rule 79-5(f). Based on my review, there are compelling reasons (and, by extension, good cause) to seal the following:[1]

| Document(s) to be Sealed | Basis for Sealing |
|---|---|
| Motion for an Award of Attorneys' Fees, Costs, and Service Awards (Dkt. 1107-2)<br><br>Portions highlighted at page: 23:9–10, 23:19<br><br>Google joins Plaintiffs' motion to seal in FULL with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including Google's internal financial analysis and metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as |

[1] In the Ninth Circuit, materials filed in connection with dispositive motions may be sealed in upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). Sealing materials in connection with non-dispositive motions (as here) requires only a showing of "good cause." *Id.* at 1179–80. Under the "good cause" standard, courts routinely seal statements reporting on a company's users, sales, investments, or other information that is ordinarily kept secret for competitive purposes. *See Hanginout, Inc. v. Google, Inc.*, 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014); *Nitride Semiconductors Co. v. RayVio Corp.*, 2018 WL 10701873, at *1 (N.D. Cal. Aug. 1, 2018) (granting motion to seal "[c]onfidential and proprietary information regarding [Defendant]'s products" under "good cause" standard).

| | |
|---|---|
| | competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products.  The Court has already ordered substantially identical material sealed.  *See* Dkt. 804 at 15 (sealing portions of the Lasinski expert report and appendices). |
| Mao Decl. Exhibit 6 – GOOG-BRWN-00406065 (Dkt. 1107-9)<br><br>Portions highlighted at pages: -6065–6069<br><br>Google joins Plaintiffs' motion to seal in PART with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including Google's internal project names, functionalities, and internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Mao Decl. Exhibit 7 – GOOG-CABR-03827263 (Dkt. 1107-10)<br><br>Portions highlighted at page: -263<br><br>Google joins Plaintiffs' motion to seal in PART with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including Google's internal project names, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Mao Decl. Exhibit 11 – April 29, 2021 Hearing Transcript (Dkt. 1107-14) | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including details of Google's internal data storage infrastructure, that Google maintains as confidential in the |

| Portions highlighted at pages: 7:6–7, 7:10, 9:22, 12:3, 12:5–6, 12:8, 12:11–12,13:23, 15:10, 26:9, 26:19 <br><br> Google joins Plaintiffs' motion to seal in PART with respect to this document. | ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

4. Google's request is narrowly tailored in order to protect its confidential information. These redactions are limited in scope and volume. Because the proposed redactions are narrowly tailored and limited to portions containing Google's highly confidential or confidential information, Google requests that the portions of the aforementioned documents be redacted from any public version of those documents.

5. Google does not seek to redact or file under seal any portions of the materials subject to the Fees Motion not indicated in the table above.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in Bayside, Wisconsin on April 30, 2024.

By _____/s/ Joseph H. Margolies_____
Joseph H. Margolies