# EXHIBIT 11

# TO MAO DECLARATION ISO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

# FILED UNDER SEAL

| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |
| 3 | SAN JOSE DIVISION |
| 4 | |

5    CHASOM BROWN, MARIA NGUYEN, AND      )   C-20-03664 LHK
     WILLIAM BYATT, INDIVIDUALLY AND     )
6    ON BEHALF OF ALL SIMILARLY          )   SAN JOSE, CALIFORNIA
     SITUATED,                           )
7                                        )   APRIL 29, 2021
                          PLAINTIFF,     )
8                                        )   PAGES 1-44
                    VS.                  )
9                                        )   **SEALED PROCEEDINGS**
     GOOGLE LLC AND ALPHABET INC.,       )
10                                       )
                          DEFENDANTS.    )
11   _____ )

12

13                       TRANSCRIPT OF ZOOM PROCEEDINGS
                       BEFORE THE HONORABLE LUCY H. KOH
14                      UNITED STATES DISTRICT JUDGE

15

16   A P P E A R A N C E S:

17   FOR THE PLAINTIFFS:    SUSMAN GODFREY LLP
                            BY:  AMANDA K. BONN
18                          1900 AVENUE OF THE STARS, SUITE 1400
                            LOS ANGELES, CALIFORNIA  90067
19
                            BY:  ALEXANDER P. FRAWLEY
20                          1301 AVENUE OF THE AMERICAS, 32ND FLOOR
                            NEW YORK, NEW YORK  10019
21

22                      APPEARANCES CONTINUED ON NEXT PAGE

23   OFFICIAL COURT REPORTER:     LEE-ANNE SHORTRIDGE, CSR, CRR
                                  CERTIFICATE NUMBER 9595
24

25              PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                  TRANSCRIPT PRODUCED WITH COMPUTER

1

2       APPEARANCES (CONTINUED)

3

4       FOR THE PLAINTIFFS:      BOIES SCHILLER FLEXNER LLP
                                 BY:  MARK C. MAO
5                                     BEKO REBLITZ-RICHARDSON
                                 44 MONTGOMERY STREET, 41ST FLOOR
6                                SAN FRANCISCO, CALIFORNIA  94104

7                                BY:  JAMES LEE
                                 100 SE 2ND STREET, 28TH FLOOR
8                                MIAMI, FLORIDA  33131

9                                MORGAN & MORGAN
                                 COMPLEX LITIGATION GROUP
10                               BY:  RYAN MCGEE
                                 201 N. FRANKLIN STREET, 7TH FLOOR
11                               TAMPA, FLORIDA  33602

12      FOR THE DEFENDANT:       QUINN EMANUEL URQUHART & SULLIVAN
                                 BY:  ANDREW H. SCHAPIRO
13                               191 N. WACKER DRIVE, SUITE 2700
                                 CHICAGO, ILLINOIS  60606
14

15                               BY:  STEPHEN A. BROOME
                                      VIOLA TREBICKA
16                               865 S. FIGUEROA STREET, 10TH FLOOR
                                 LOS ANGELES, CALIFORNIA  90017
17

18                               BY:  JOMARIE A. CRAWFORD
                                      JOSEF ANSORGE
19                               51 MADISON AVENUE
                                 NEW YORK, NEW YORK  10010
20

21                               BY:  JONATHAN TSE
                                 50 CALIFORNIA STREET, FLOOR 22
22                               SAN FRANCISCO, CALIFORNIA  94111

23

24

25

```
 1      SAN JOSE, CALIFORNIA                    APRIL 29, 2021

 2                       P R O C E E D I N G S

 3          (SEALED ZOOM PROCEEDINGS CONVENED AT 3:28 P.M.)

 4              THE COURT:  ALL RIGHT.  WE'RE BACK.

 5          MS. FANTHORPE, IF YOU'LL CALL US TO ORDER, WE WILL GET

 6      UNDERWAY, PLEASE.

 7              THE CLERK:  CALLING CASE 20-CV-3664, BROWN, ET AL,

 8      VERSUS GOOGLE, LLC, ET AL.

 9          COUNSEL, PLEASE IDENTIFY YOURSELVES FOR THE RECORD,

10      BEGINNING WITH THE PLAINTIFFS.

11              MS. BONN:  GOOD AFTERNOON, YOUR HONOR.

12          AMANDA BONN WITH SUSMAN GODFREY ON BEHALF OF THE

13      PLAINTIFFS.  AND I'LL ALLOW MY COLLEAGUES TO INTRODUCE

14      THEMSELVES AS WELL.

15              MR. MAO:  GOOD AFTERNOON, YOUR HONOR.

16          MARK MAO, BOIES SCHILLER, FOR THE PLAINTIFFS.

17              MR. RICHARDSON:  BEKO RICHARDSON, BOIES SCHILLER

18      FLEXNER, ON BEHALF OF THE PLAINTIFFS.  GOOD AFTERNOON.

19              MR. LEE:  JAMES LEE, BOIES SCHILLER FLEXNER.

20              MR. MCGEE:  GOOD AFTERNOON.

21          RYAN MCGEE, MORGAN & MORGAN, FOR THE PLAINTIFFS.

22              MR. FRAWLEY:  AND ALEXANDER FRAWLEY FROM

23      SUSMAN GODFREY FOR THE PLAINTIFFS.

24              MR. SCHAPIRO:  I THINK THAT COVERS ALL THE

25      PLAINTIFFS, YOUR HONOR.
```

1      WE'RE BACK FOR GOOGLE.  ANDREW SCHAPIRO, STEVE BROOME,

2   JOSEPH ANSORGE, VIOLA TREBICKA, JOMARIE CRAWFORD, AND

3   JONATHAN TSE.

4      THE COURT:  THANK YOU, MR. SCHAPIRO.

5      ALL RIGHT.  WE HAVE A NUMBER OF DISCOVERY DISPUTES ON IN

6   THIS MATTER AS WELL.  WE WILL NOT GO TOO QUICKLY SO THAT WE CAN

7   HAVE A RECORD, AND WE WILL START, I THINK, WITH THE PERHAPS

8   MOST MEATY OF THE ISSUES, AND I THINK THAT'S DISPUTE NUMBER 2

9   REGARDING -- NO, NO, I GOT THAT WRONG -- DISPUTE NUMBER 6

10  REGARDING CLASS MEMBER IDENTIFICATION FOR WHICH THE PARTIES

11  SUBMITTED A BRIEF ADDITIONAL STATEMENT, IF I'M SEEING THAT

12  CORRECTLY.  SO THAT'S WHERE WE'LL START.

13     AS I IDENTIFIED -- AS I UNDERSTAND RFP NUMBER 10, THE

14  PLAINTIFFS ARE -- HAVE REQUESTED DOCUMENTS SUFFICIENT TO

15  IDENTIFY ALL OF THE ALLEGED CLASS MEMBERS, INCLUDING ALL

16  ELECTRONIC AND PHYSICAL ADDRESS INFORMATION ASSOCIATED WITH THE

17  ALLEGED CLASS MEMBERS.

18     AND FOR FRAME OF REFERENCE, THE CLASS IN THIS CASE HAS

19  THE -- CLASSES, PROPOSED CLASSES HAVE THE ELEMENTS OF THE

20  MEMBERS BEING NOT LOGGED INTO THEIR GOOGLE ACCOUNTS AND BEING

21  IN PRIVATE BROWSING MODE.

22     SO WHO'S GOT THE MIC FOR PLAINTIFFS?

23     AND I THINK I UNDERSTAND REALLY WHAT THE ISSUES ARE.  I

24  GET VERY QUICKLY TO, WHAT IS IT YOU WANT, AND WITHIN WHAT

25  PERIOD OF TIME?

SEALED PROCEEDINGS

1          I ALSO NOTE THE PROPOSAL THAT, AT LEAST FOR STARTERS, WE

2     START WITH THE PLAINTIFFS', THAT IS, THE NAMED PLAINTIFFS',

3     DATA.

4          SO WHO'S GOT THE MIC FOR PLAINTIFFS?

5          MS. BONN:  THANK YOU, YOUR HONOR.  THIS IS

6     AMANDA BONN WITH SUSMAN GODFREY.

7          MARK MAO IS GOING TO ADDRESS ANY, YOU KNOW, NITTY-GRITTY

8     QUESTIONS.  I DID WANT TO KIND OF MAKE A COUPLE OF HIGH LEVEL

9     POINTS, ESPECIALLY HEARING THE BENEFIT OF THE CALHOUN ARGUMENT,

10    WHICH WAS RELATED.

11         WHAT DO WE WANT?  YES, NUMBER ONE, WE WANT THE DATA FOR

12    THE NAMED PLAINTIFFS.  WE THINK THAT'S A GOOD PLACE TO START.

13         AND I THINK THAT THE ISSUE THAT PERCOLATED UP DURING THE

14    CALHOUN HEARING IS DATA THAT GOOGLE DEEMS, QUOTE, AUTHENTICATED

15    BECAUSE THEY TIE IT TO AN INDIVIDUAL'S NAME, NAMED ACCOUNT,

16    VERSUS INFORMATION THAT'S TIED TO A DEVICE.

17         AND GOOGLE MADE SOME ARGUMENTS ABOUT THEIR INTERNAL

18    POLICIES AND HOW THEY SEGREGATE DATA AND, AS A MATTER OF THEIR

19    PRACTICE, THEY DON'T DO CERTAIN THINGS WITH CERTAIN POOLS OF

20    DATA.

21         BUT WE REALLY VIEW THAT AS A MERITS ARGUMENT.  THAT MAY BE

22    ONE OF GOOGLE'S DEFENSES THAT WE DISAGREE WITH, BUT WE BELIEVE

23    WE'RE ENTITLED TO ANY DATA THAT GOOGLE HAS COLLECTED THAT WE

24    CAN MAKE AN ARGUMENT IS TIED TO OUR PLAINTIFFS, WHETHER BY NAME

25    OR BY DEVICE OR BY SOME OTHER IDENTIFIER.

1    PROCESSED LOGS, AS YOUR HONOR HAD NOTED, BECAUSE GOOGLE

2    ADMITTEDLY CAN KEY AND DOES KEY THEIR RECORDS TO DEVICES AS

3    MR. -- AS JOSEF OVER AT QUINN, EMANUEL HAD ADMITTED IN THE LAST

4    ARGUMENT, WE BELIEVE WE ARE ABSOLUTELY ENTITLED TO BOTH THE

5    STRUCTURED AND THE LESS STRUCTURED RECORDS FROM GOOGLE STRAIGHT

6    OUT OF 

7        THE REASON WHY WE MENTION        YOUR HONOR, IS BECAUSE

8    DESPITE WHATEVER MERITS ARGUMENTS THEY HAVE, IT IS GOING TO BE

9    UNDISPUTED FROM THEIR OWN RECORDS, WE BELIEVE, THAT SHOWS THAT

10   BASICALLY        IS INTERMINGLING ALL OF THIS DATA IN ORDER TO

11   BEST MANIPULATE AND LEVERAGE THE DATA.

12       AND THE REASON WHY THAT'S IMPORTANT, YOUR HONOR, AND

13   RELEVANT TO THE DISCUSSION THAT YOU JUST HEARD IS THAT THIS

14   IDEA OF AUTHENTICATED VERSUS UNAUTHENTICATED RECORDS IS REALLY

15   JUST TWO DIFFERENT METHODS BY WHICH YOU WOULD KEY, OKAY, OR YOU

16   WOULD LINK THE VARIOUS TYPE OF DATA.

17       WHEN GOOGLE IS SAYING AUTHENTICATED, WE KNOW -- WE DON'T

18   KNOW ALL THE WAYS BY WHICH THEY'RE TALKING ABOUT

19   AUTHENTICATION, BUT WE DO KNOW THEY'RE TALKING ABOUT LOGGING IN

20   IN SOME INSTANCES.

21       WHETHER OR NOT THEY ALSO COUNT LOGGING IN WHEN, FOR

22   EXAMPLE, A CUSTOMER'S CUSTOMER HAS LOGGED IN, A USER HAS LOGGED

23   IN USING, YOU KNOW, LIKE SOMEBODY ON WALL STREET JOURNAL, FOR

24   EXAMPLE, LOGS IN, WHETHER OR NOT THAT'S UNAUTHENTICATED OR

25   AUTHENTICATED IS SOMETHING WHICH WE'RE TRYING TO UNDERSTAND.

1          BUT YOU ALSO, YOUR HONOR, YOU HEARD THE CONCEPT OF TWICE

2    BAKED CRACKERS.  WE ACTUALLY BELIEVE THAT THAT'S ACTUALLY A

3    CODE WORD FOR THIS IDEA OF TWICE BAKED BEING THAT GOOGLE WOULD

4    ESSENTIALLY TAKE PARAMETERS, SUCH AS I.P. ADDRESSES AND/OR USER

5    AGENTS, SOMEHOW CODE THAT INTO THE COOKIE WHICH IS BEING

6    DISTRIBUTED, AND THAT BECOMES A WAY IN WHICH YOU WOULD UNIFY

7    THE DIFFERENT RECORDS FROM DIFFERENT PLACES.  OKAY?

8          THIS IDEA OF A TWICE BAKED COOKIE IS THE IDEA THAT THERE'S

9    EITHER A COOKIE WITHIN THE COOKIE, OR THIS COOKIE IS SOMEHOW A

10   PERMUTATION OF THE COOKIES THAT HAVE BEEN DISTRIBUTED OUT

11   THERE.

12         WE BELIEVE THAT WE'RE ENTITLED TO EXPLORE THAT, AND WE

13   BELIEVE THAT THE EVIDENCE AND DOCUMENTS WHICH HAVE BEEN

14   PRODUCED THUS FAR CERTAINLY DEMONSTRATES THAT AS WELL.

15         AND AS YOU JUST HEARD, YOUR HONOR, FROM OPPOSING COUNSEL,

16   THESE THINGS ARE KEYED TO THE DEVICES.

17         TO ARGUE THAT GOOGLE IS NOT REQUIRED TO PRODUCE OVER

18   DEVICE -- ON THE BASIS OF DEVICE IDENTIFICATION WOULD BE

19   EQUIVALENT OF A PRODUCT LIABILITY CASE IN WHICH THE CAR

20   MANUFACTURERS SAYS BECAUSE SOMEBODY, YOU KNOW, MAY HAVE LENT

21   THE CAR IN WHICH SOMEBODY BOUGHT TO THE SPOUSE OR TO HIS OR HER

22   KIDS, THERE IS SOME TYPE OF RELEVANCE OR MERITS-BASED ARGUMENT

23   TO NOT ALLOW THE PLAINTIFFS TO BE ABLE TO CONDUCT DISCOVERY ON

24   THE RECORDS.

25         WE THINK THAT'S JUST ABSOLUTELY UNMERITED.  SO ON THAT

SEALED PROCEEDINGS

9

```
 1     BASIS IN TERMS OF WHAT WE'RE ASKING FOR, YOUR HONOR, IS THAT

 2     WE'RE ASKING FOR DISCOVERY INTO BOTH THE STRUCTURED AND

 3     UNSTRUCTURED DATA.  WE BELIEVE THAT WE'RE ENTITLED TO THAT ON

 4     BEHALF OF THE CLASS, AND WE ALSO BELIEVE THAT WE'RE ABSOLUTELY

 5     ENTITLED TO THAT AS A MATTER OF RIGHT FOR THE SPECIFICALLY

 6     NAMED PLAINTIFFS.

 7          AND THEN I JUST WANT TO TOUCH -- I BELIEVE THIS ADDRESSES

 8     BOTH P6 AND P3, YOUR HONOR.

 9          BUT I ALSO WANT TO JUST OFFER UP THIS IDEA THAT AS THE

10     CALHOUN TEAM HAD MENTIONED, THIS IS -- ACTUALLY BOTH THE

11     STRUCTURED AND UNSTRUCTURED DATA ARE ALL ACTUALLY SEARCHABLE

12     USING GOOGLE'S ALREADY BUILT TOOLS INTERNAL AND ACCESSIBLE TO

13     THEIR EMPLOYEES.

14          I BELIEVE THAT THE CODE WORD FOR THIS TOOL IS CALLED

15     DREMEL -- THAT'S D-R-E-M-E-L -- DREMEL.  I THINK IT'S -- I

16     THINK IT'S A ROUNDED SAW, YOUR HONOR.  I THINK IT'S A PUN FOR

17     BASICALLY PRUNING DATA, YOU KNOW, BY DOING SEARCHES AND DOING

18     QUERIES.

19          SO I THINK ONE OF THE CONCEPTS IN WHICH WE'RE THINKING --

20     WHICH WE ARE NOT ASKING YOUR HONOR TO BASICALLY RULE TODAY --

21     IS THAT WE DO BELIEVE THAT OUR EXPERTS SHOULD BE ENTITLED TO

22     USE DREMEL AND ALSO TO SEE HOW          ACTUALLY STRUCTURES THE

23     DATA BECAUSE THAT WOULD BE VERY INSIGHTFUL IN TERMS OF HOW

24     GOOGLE ACTUALLY STORES AND USES THE DATA.

25          AND IF GOOGLE IS GOING TO MAKE THE ARGUMENT THAT DATA IS
```

1   CERTAINLY -- IS ACTUALLY SEGREGATED, WE'RE NOT REQUIRED, YOUR

2   HONOR, AS A MATTER OF LAW TO JUST SIMPLY TAKE THEM AT THEIR

3   WORD.  WE'RE ACTUALLY ENTITLED TO TEST THAT.  THEY CAN'T USE

4   THAT BOTH AS A SWORD AND AS A SHIELD.  YOU KNOW, I THINK

5   WE'RE -- WE HAVE EXHIBITS TO SHOW YOU BASICALLY THIS DREMEL

6   TOOL IF YOUR HONOR WANTS TO SEE IT.

7       WE ALSO UNDERSTAND THE NEED FOR EFFICIENCY AND EFFICACY,

8   SO, YOU KNOW, I THINK OUR PROPOSAL IS PROBABLY GOING TO BE THAT

9   WE SET THIS ON FOR A SET OF BRIEFING, YOUR HONOR.

10      THE COURT:  WELL, WE HAVE -- WE DID HAVE BRIEF

11  SEPARATE BRIEFING ON IT.  THAT'S WHAT BROUGHT US HERE.  AND AS

12  I UNDERSTOOD FROM -- AS I UNDERSTAND FROM PLAINTIFFS'

13  SUBMISSION IS THAT THE -- AT LEAST THE EXAMPLE SET FORTH IN THE

14  SUBMISSION IS TO THE EXTENT YOU'RE LOOKING FOR CLASS

15  IDENTIFICATION INFORMATION THAT WOULD IDENTIFY USERS WHO ARE IN

16  INCOGNITO MODE OR IN PRIVATE BROWSING AND ARE NOT LOGGED INTO

17  THE ACCOUNT, INTO THEIR GOOGLE ACCOUNT, THAT PLAINTIFFS HAVE

18  REPRESENTED THAT, WELL, WHEN YOU'RE IN INCOGNITO MODE, THE

19  X-CLIENT-DATA HEADER DOESN'T, DOESN'T TRANSFER, THAT FIELD IS

20  BLANK; AND THAT THERE ARE HEADER LOGS, AND THAT IF YOU LOOK AT

21  THE HEADER LOGS -- AND I ASSUME THAT THAT'S ONE OF YOUR

22  UNSTRUCTURED LOGS THAT YOU WERE REFERRING TO -- THAT THEN THE

23  FIELD FOR X-CLIENT-DATA WOULD BE EMPTY, SO THAT WOULD TELL YOU

24  WHO WAS ENGAGED IN PRIVATE BROWSING.

25      AND THEN WITH REGARDS TO WHO IS -- WHETHER OR NOT -- WELL,

1    SEPARATELY, WHETHER OR NOT A USER IS LOGGED IN, THAT THAT'S

2    WHERE THE SPECIAL COOKIES OR SPECIAL IDENTIFIERS COME INTO PLAY

3    IN THAT THERE ARE SPECIFIC COOKIES THAT ARE USED TO IDENTIFY

4    USERS WHEN THEY'RE NOT LOGGED INTO THEIR ACCOUNT.  AND I THINK

5    YOU CITED ONE OF THE USER -- ONE OF THE GOOGLE DOCUMENTS THAT

6    DESCRIBES THAT FUNCTION.

7         SO -- AND I APPRECIATE THAT GOOGLE TAKES ISSUE

8    PARTICULARLY WITH REGARDS TO WHAT AN EMPTY X-DATA FIELD DOES OR

9    DOES NOT SHOW.

10        BUT FOR PURPOSES, MR. MAO, OF MY QUESTION TO YOU IS THAT,

11   ALL RIGHT, WELL, ASSUMING THAT'S TRUE, THAT THERE ARE THOSE

12   UNSTRUCTURED LOGS, WHAT IS IT THAT YOU'RE ASKING FOR FOR THE

13   NAMED PLAINTIFFS FOR A CERTAIN PERIOD OF TIME?  WHAT THEIR --

14   HEADER LOGS SO YOU CAN IDENTIFY WHEN THEY'RE NOT -- EXCUSE

15   ME -- IDENTIFY WHEN THEY'RE IN PRIVATE BROWSING MODE?

16        AND THEN FOR THEIR COOKIES, WHAT, HISTORY OR SOMETHING

17   THAT WOULD SHOW THAT THEY WERE -- THEY WERE NOT LOGGED IN AT

18   THE TIME?

19        AND, AGAIN, I HEAR -- WE'LL GET TO GOOGLE'S ARGUMENT THAT

20   THE COOKIES DISAPPEAR IN A MINUTE, BUT WHAT IS IT THAT YOU'RE

21   ASKING FOR?

22            MR. MAO:  THANK YOU, YOUR HONOR.  THAT WAS HELPFUL IN

23   TERMS OF GUIDING HOW I RESPOND TO THE QUESTION.

24        SO I ACTUALLY BELIEVE THAT GOOGLE'S LOGGING BOTH FOR

25   STRUCTURE AND LESS STRUCTURED TABLES IS ACTUALLY IN PARALLEL.

```
 1              SO WHAT THAT ACTUALLY MEANS, YOUR HONOR, IS THAT THEY ARE

 2    BOTH THROWING THIS INTO -- SORRY FOR THE PUN -- THE ALPHABET

 3    SOUP, RIGHT, THAT IS            AND THEN ON THE OTHER HAND,

 4    THEY'RE ALSO PUTTING IT INTO SPECIFIC LOGS, AND THIS -- WE

 5    BELIEVE THAT IS FIRST GOING TO THE                      LOG.

 6              SO WHAT DOES THIS MEAN?  THIS MEANS THAT        WE HAVE

 7    SEEN SPECIFIC PARAMETERS WHICH REFER TO THESE, WHAT THEY CALL

 8         LOGS THAT IS GOING TO HAVE THE                  IN

 9    THERE.  OKAY?

10              AND THEN ON THE OTHER HAND WHAT YOU'RE GOING TO SEE IS

11    THAT IN THE            LOGS, YOU'RE ALSO GOING TO SEE THE

12                        , AND WE BELIEVE THAT THAT'S GOING TO BE

13    CORRELATED WITH I.D.'S OVER AT GOOGLE ANALYTICS, ON THE GOOGLE

14    ANALYTICS SIDE.

15              THE COURT:  OKAY.

16              MR. MAO:  SO WE WANT --

17              THE COURT:  OKAY.  SO FOR A NAMED PLAINTIFF, WHAT ARE

18    YOU ASKING FOR, OR WHAT ARE YOU LOOKING FOR IN RESPONSE TO

19    RFP 10?

20              MR. MAO:  RIGHT.  SO, YOUR HONOR, SPECIFICALLY IF

21    WE'RE TALKING REALLY MORE ABOUT P3 AS OPPOSED TO WHAT P6 MAY

22    EVENTUALLY LOOK LIKE -- SO P3 BEING PLAINTIFFS' DATA, RIGHT, P6

23    IS IDENTIFICATION OF THE CLASS MEMBERS IN RESPONSE TO RFP 10 --

24    SO IF WE'RE REALLY PRIMARILY TALKING ABOUT P3, WHAT WE'RE

25    LOOKING FOR, YOUR HONOR, IS SIMILAR TO CALHOUN, WHICH IS ALL OF
```

| | |
|---|---|
| 1 | OUR -- ALL OF OUR PLAINTIFFS' STRUCTURED AND UNSTRUCTURED RAW |
| 2 | DATA, OKAY, IN ADDITION TO, TO SOME TYPE OF -- SOME TYPE OF |
| 3 | UNDERSTANDING AND EXPLANATION AS TO WHERE THAT DATA IS GOING |
| 4 | THEREAFTER. |
| 5 | THIS IS SPECIFICALLY FOR P3, YOUR HONOR. |
| 6 | THE COURT:  UM-HUM. |
| 7 | MR. MAO:  FOR P6, I BELIEVE THAT WE ARE AT LEAST |
| 8 | ENTITLED TO NOT ONLY THE RAW DATA, RIGHT, IN BOTH THE |
| 9 | STRUCTURED AND ALSO THE UNSTRUCTURED TABLES -- |
| 10 | THE COURT:  WAIT, LET'S NOT GET THERE YET. |
| 11 | MR. MAO:  SORRY, YOUR HONOR. |
| 12 | THE COURT:  LET'S STAY ON THIS, BECAUSE I UNDERSTOOD |
| 13 | THAT AS A COMPROMISE, OR AT LEAST AS A STARTING POINT PROPOSAL |
| 14 | FROM PLAINTIFFS WAS, IN RESPONSE TO RFP 10, WE'LL START WITH |
| 15 | THE NAMED PLAINTIFFS' INFORMATION. |
| 16 | MR. MAO:  YES.  SO IF YOU'RE SIMPLY TALKING ABOUT THE |
| 17 | STARTING POINT, YOUR HONOR, YES, THAT WOULD BE INCLUDED AS PART |
| 18 | OF THAT, AND WE WOULD LIKE PROBABLY FURTHER BRIEFING BECAUSE |
| 19 | WE -- NOT BECAUSE WE ARE -- WE WOULD NOT WANT YOUR HONOR TO |
| 20 | ORDER IT NOW -- I MEAN, IF YOUR HONOR WOULD ORDER IT NOW WE |
| 21 | WOULD PROBABLY WELCOME IT -- BUT WE DO BELIEVE THAT OUR EXPERTS |
| 22 | ARE ENTITLED TO LOOK AT HOW DATABASE STORES AND COLLECTS THIS |
| 23 | DATA BOTH AT THE ▮▮▮▮ LEVEL AND ALSO AT THE STRUCTURED |
| 24 | DATABASES LEVEL. |
| 25 | THE COURT:  OKAY. |

```
 1            MR. MAO:  BUT THERE'S NO REASON WHY --

 2            THE COURT:  OKAY.  BUT MY QUESTION IS, WHAT ARE YOU

 3   ASKING FOR NOW WITH REGARDS TO THAT FROM THE NAMED PLAINTIFFS,

 4   FOR THE NAMED PLAINTIFFS IN RESPONSE TO RFP 10?

 5            MR. MAO:  RIGHT.  SO BOTH THEIR STRUCTURED AND

 6   UNSTRUCTURED DATA, AND I THINK WHEN YOU'RE TALKING ABOUT THE

 7   UNSTRUCTURED, GOOGLE REFERS TO IT SOMETIMES AS THE

 8   UNAUTHENTICATED DATA.  I BELIEVE THAT'S WHAT OPPOSING COUNSEL

 9   SAID IN THE PRIOR HEARING.

10        AND THEN WE WOULD LIKE TO UNDERSTAND SPECIFICALLY HOW THAT

11   DATA FLOWS WITHIN THE DIFFERENT PARTS OF GOOGLE.

12            THE COURT:  SO WHAT DO YOU -- WHAT ARE YOU ASKING

13   FOR?  WHEN YOU SAY HOW DOES IT FLOW, WHAT'S THE REQUEST

14   DIRECTED AT?  WHAT ARE YOU EXPECTING TO GET?

15            MR. MAO:  RIGHT.  SO THAT IS SPECIFICALLY TIED TO

16   BROWSING ACTIVITY, YOUR HONOR, FOR EXAMPLE, RIGHT?  SO, LIKE,

17   GOOGLE AD MANAGER, RIGHT, WHICH IS WHAT -- THE GOOGLE UNIT THAT

18   SERVICES AND SERVES ADS, WE BELIEVE THAT THERE IS GOING TO BE A

19   PAIRING OF THE ENTRY, RIGHT, FROM THE RAW -- FROM THE RAW

20   REFERRER HEADER WHERE IT SAYS, OH, MARK MAO IS AUTHENTICATED OR

21   UNAUTHENTICATED, RIGHT, THIS PERSON USING THIS DEVICE IS

22   VISITING AND BROWSING THIS WEBSITE, LET'S HIT HIM OR HER WITH A

23   SPECIFIC AD.

24        WE BELIEVE AT LEAST FOR THE PLAINTIFFS WE'RE ABSOLUTELY

25   ENTITLED TO SEE THAT AND WE'RE ENTITLED TO SEE HOW THAT FLOWS.
```

1        MS. BONN:  AND IF I MAY, YOUR HONOR, FROM A PRACTICAL

2    PERSPECTIVE, I THINK WHAT WOULD HELP US GET TO THAT POINT

3    MR. MAO IS TALKING ABOUT IS THAT BECAUSE WE'RE ASKING FOR BOTH

4    THE STRUCTURED OR AUTHENTICATED DATA, AS WELL AS WHAT GOOGLE

5    CALLS UNAUTHENTICATED DATA THAT MAY JUST BE KEYED TO A DEVICE

6    IDENTIFIER, WHEN THEY PRODUCE THAT DATA TO US, WE WANT TO BE

7    ABLE TO TELL FROM THEIR PRODUCTION, WHAT SOURCES DID YOU PULL

8    EACH SET OF DATA FROM?

9        SO WE WANT TO BE ABLE TO KNOW, OKAY, WHAT LOG DID THIS SET

10   OF DATA COME FROM?  WAS THIS SET OF DATA PULLED FROM

11       SO IF WE JUST GET SORT OF A DUMP OF ALL THE DATA INTO A

12   SINGLE SPREADSHEET, EVEN THOUGH WE MAY HAVE ALL THE DATA, IT

13   WON'T GIVE US THE INSIGHT INTO WHAT SOURCES GOOGLE PULLED IT

14   FROM.

15       THE COURT:  OKAY.  ALL RIGHT.  THAT'S HELPFUL.  THANK

16   YOU.

17       ALL RIGHT.  SO FROM -- WHO HAS THIS FOR GOOGLE?

18       MR. ANSORGE:  I GET TO SPEAK TO IT, YOUR HONOR.

19       THE COURT:  MR. ANSORGE.

20       OKAY.  SO WE CAN START WITH THE AS -- AND I APPRECIATE

21   GOOGLE'S ARGUMENT, WHICH I LOOKED AT CAREFULLY AS SET FORTH IN

22   THE ADDITIONAL PAGE OF BRIEFING, AS TO -- YOU KNOW, JUST TO SUM

23   IT UP, THAT THESE DON'T -- THAT THESE DON'T LINK UP, JUST TO

24   NOT GIVE FULL CREDIT, BUT THAT'S -- THAT'S HOW I -- THAT'S MY

25   TAKE AWAY FROM THE ARGUMENT.

1        AND THAT WHEN YOU'RE LOOKING AT THESE VARIOUS COMPONENTS

2   LIKE THE X-CLIENT DATA FIELD IN A HEADER LOG, JUST BECAUSE

3   THAT'S EMPTY DOESN'T MEAN THAT THEY WERE IN INCOGNITO MODE

4   BECAUSE SOMETIMES THAT INFORMATION IS TRANSFERRED AND SOMETIMES

5   IT'S NOT.

6        I ALSO UNDERSTAND THAT -- THE ARGUMENT THAT WITH REGARDS

7   TO THE SPECIAL COOKIES OR IDENTIFIERS FOR -- THAT GOOGLE USES

8   WHEN SOMEONE IS BROWSING, BUT NOT LOGGED INTO THEIR ACCOUNT,

9   THAT THEN WHEN THAT BROWSING SESSION COMES TO AN END, GOOGLE

10  SAYS, WELL, THAT -- THEN THOSE COOKIES DISAPPEAR.

11       SO MY FIRST QUESTION IS -- I APPRECIATE THE STATEMENTS.

12  HAS THAT -- IS THAT GOOGLE'S POSITION?  IS THERE ANY EVIDENCE

13  THAT SUPPORTS THOSE CONCLUSIONS YET IN THE RECORD, EITHER

14  THROUGH DEPOSITION OR RESPONSES?

15            MR. ANSORGE:  YES, YOUR HONOR.

16       WE CAN POINT TO THE MONSEES DEPOSITION IN PARTICULAR

17  BECAUSE I THINK THE MOST IMPORTANT ISSUE HERE IS THE ONE THAT I

18  PHRASED EARLIER WHEN WE WERE TALKING AT THE CALHOUN HEARING, IS

19  THAT THE LOGS ARE INTERNALLY SEGREGATED BY WHETHER YOU'RE

20  LOGGED INTO A GOOGLE ACCOUNT OR AREN'T.  SO GOOGLE GOES TO

21  GREAT EFFORTS TO MAKE SURE THAT THERE'S NO JOINS FROM ONE TO

22  THE OTHER.

23       NOW, FOR THE SEARCHING SITUATION THAT WE ARE IN, I THINK

24  IT MIGHT EVEN BE WORSE THAN WHAT YOU JUST DESCRIBED, BECAUSE IF

25  WE ARE NOW FOCUSSED ON JUST THE NAMED PLAINTIFFS, THE NAMED

1  PLAINTIFFS HAVE TO DATE ONLY PROVIDED US WITH THEIR GOOGLE

2  ACCOUNT INFORMATION IN TERMS OF USEFUL IDENTIFIERS THAT WE

3  COULD ACTUALLY USE TO QUERY THE DATA WITH.

4  THEY'VE TOLD US IN SWORN STATEMENTS THAT THEY DID NOT LOG

5  INTO THEIR ACCOUNTS IN PRIVATE BROWSING MODE.

6  SO JUST UNDER THE LOGIC THAT HAS BEEN PRESENTED TO US, TO

7  THE EXTENT I UNDERSTAND IT -- AND FRANKLY, I THINK THERE WAS A

8  LOT OF RAMPANT SPECULATION AND IT WAS NOT CLEAR TO ME ENTIRELY

9  WHAT MR. MAO WAS COMMUNICATING AT TIMES -- TO THE EXTENT I

10  UNDERSTAND IT, THERE WOULD BE NO PART OF THESE LOGS WHERE THERE

11  WOULD BE SOME PRIVATE BROWSING DATA FOR THESE PARTICULAR USERS

12  BECAUSE ALL WE HAVE ARE THE GOOGLE ACCOUNTS.  THEY HAVEN'T

13  PRESERVED THE DEVICE IDENTIFIERS THAT CALHOUN HAS PRESERVED.

14  MOREOVER, THE DEVICE IDENTIFIERS --

15  THE COURT:  LET ME JUST INTERJECT THERE, BECAUSE YOU

16  SAID TO IDENTIFY THE USERS -- AND MAYBE YOU WERE ANTICIPATING

17  MY QUESTION -- BUT CAN'T -- BUT YOU COULD IDENTIFY IT BY

18  DEVICE, IF NOT BY USER, BY DEVICE?

19  MR. ANSORGE:  YES, YOUR HONOR.

20  AND HERE EARLIER WHEN WE WERE TALKING ABOUT THE BISCOTTI

21  AND THE ZWIEBACK I.D., THOSE ARE COOKIES THAT ARE SET ON THE

22  BROWSER AND THAT'S WHAT WE'RE REFERRING TO WHEN WE'RE SAYING BY

23  THE DEVICE.

24  NOW, PLAINTIFFS HAVE PROVIDED IMEI NUMBERS TO US, WHICH

25  ARE BASICALLY HARDWARE IDENTIFIERS, AND IF YOU'LL PERMIT ME THE

SEALED PROCEEDINGS

18

1    ANALOGY, WHEN WE'RE TALKING ABOUT CARS, WHICH MR. MAO

2    REFERENCED EARLIER, THAT'S KIND OF LIKE A VIN NUMBER.  THAT'S

3    SOMETHING THAT'S IN YOUR CAR.  IF YOU SEE A CAR DRIVING BY,

4    YOU'RE NOT GOING TO KNOW WHAT THE VIN NUMBER IS.

5        THE SAME WITH THIS BROWSER INFORMATION.  WHEN THIS

6    INFORMATION COMES INTO GOOGLE SERVICE, THEY'RE NOT GOING TO

7    HAVE THOSE HARDWARE IDENTIFIERS.

8        WHAT THEY DO HAVE ARE THE BISCOTTI AND THE ZWIEBACK

9    COOKIES, BUT THOSE ARE LIKE TEMPORARY REGISTRATIONS OR LICENSE

10   PLATES THAT ARE RESET, TAKEN OFF, DELETED WITH EACH PRIVATE

11   BROWSING SESSION.

12       SO PLAINTIFFS ARE FINDING THEMSELVES IN A POSITION WHERE

13   THEY'RE QUITE DIFFERENTLY SITUATED FROM CALHOUN IN THIS ACTION

14   WHERE THERE'S NO ALLEGATIONS ABOUT LOGGED IN ACTIVITY.  THAT IS

15   SOMETHING WE COULD QUERY AND WE COULD PRODUCE INFORMATION TO

16   THEM.

17       THEY HAVE NOT MAINTAINED OR PRESERVED ANY OF THE

18   IDENTIFIERS THAT WOULD BE REQUIRED TO ACTUALLY FIND ANY OF THE

19   PRIVATE BROWSING SESSIONS WHICH THEY ENGAGED IN, AND IT LEAVES

20   US IN A POSITION, WHEN WE'RE LOOKING BACK AT RFP 10 -- WHICH

21   I'M NOW RELIEVED THAT PLAINTIFFS ARE MOVING AWAY FROM A LITTLE

22   BIT -- WE SIMPLY DO NOT HAVE DOCUMENTS THAT WILL IDENTIFY

23   LOGGED OUT PRIVATE BROWSING ACTIVITY BY USERS WITH EITHER

24   ELECTRONIC OR PHYSICAL ADDRESSES.  THAT'S NOT SOMETHING THAT

25   EXISTS AND WE DON'T THINK THAT WE SHOULD BE FORCED TO PRODUCE

1    IT IN RESPONSE TO THEIR THEORIES, YOUR HONOR.

2         THE COURT:  WELL, BUT WHAT THE PLAINTIFFS ARE ASKING

3    FOR IS PIECES OF INFORMATION FROM DIFFERENT PLACES BECAUSE THEY

4    WANT TO SEE IF THEY CAN PIECE TOGETHER, BY COMBINATION OF THAT

5    INFORMATION, CLASS MEMBERS.  AND THAT'S WHY -- I MEAN, IT SEEMS

6    TO ME THAT THEY HAVE A RIGHT TO TRY TO DO THAT WITH WHATEVER

7    INFORMATION YOU HAVE.

8         MR. ANSORGE:  YES, AND I WOULDN'T WANT TO SPEAK

9    AGAINST THAT RIGHT.

10        I WAS JUST REFRAMING IT IN TERMS OF RFP 10 AND WHAT WE'VE

11   BEEN ASKED TO PRODUCE, WHICH WHAT WE'RE FOCUSSED ON HERE IS

12   INFORMATION THAT WILL ACTUALLY IDENTIFY THE CLASS MEMBERS, HAVE

13   THEIR ELECTRONIC ADDRESSES OR THEIR PHYSICAL ADDRESSES, AND

14   THAT'S NOT INFORMATION THAT WE MAINTAIN.

15        MOREOVER, IF PLAINTIFFS ARE CORRECT THAT THEY NEVER LOGGED

16   INTO THEIR GOOGLE ACCOUNTS WHILE THEY WERE IN PRIVATE BROWSING

17   MODE, ALL THEY'VE PRESERVED AND PROVIDED TO US ARE THEIR GOOGLE

18   ACCOUNTS, WHEN WE QUERY AND PULL THAT INFORMATION, WE WON'T BE

19   ABLE TO PULL ANY PRIVATE BROWSING DATA OR INFORMATION BECAUSE

20   THERE'S NOT AN OVERLAP.  GOOGLE GOES TO GREAT LENGTHS TO MAKE

21   SURE THAT THE UNAUTHENTICATED DATA, AS IN E-LOG DATA, IS KEPT

22   SEPARATE FROM THE AUTHENTICATED DATA.

23        SO IT'S SOMETHING -- WE'RE HAPPY TO SIT DOWN AND QUERY,

24   AND THEY'VE RECENTLY COME TO US WITH ADDITIONAL REQUESTS AND WE

25   CAN SIT DOWN AND LOOK AT THOSE.

```
 1              BUT JUST OVERALL IN TERMS OF THEORY IN THE BACKGROUND, WE

 2    FELT LIKE THERE'S QUITE A LOT OF SPECULATION ON BEHALF OF

 3    MR. MAO AND WE WANTED TO EXPLAIN TO YOU THAT THIS IS ACTUALLY

 4    NOT SOMETHING THAT WE JUST HAVE OR CAN QUICKLY QUERY, NOR DO WE

 5    THINK THEIR PROPOSED PATH IS ONE THAT WILL LEAD TO THAT

 6    OUTCOME.

 7              THE COURT:  BUT THEY CAN TEST IT.  THEY CAN TEST IT

 8    AND THEY CAN MAKE OF THE DATA WHAT THEY WILL.

 9              SO BACK TO YOU, MS. BONN OR MR. MAO, WHICH IS, SO WHAT IS

10    IT THAT YOU, THAT YOU -- WHAT IS THE REQUEST?

11              MS. BONN:  HERE'S WHAT I'D LIKE TO START WITH, YOUR

12    HONOR, AND THEN I'LL TURN IT OVER TO MR. MAO IF HE WANTS TO ADD

13    ANYTHING.

14         BUT I THINK OUR POINT IS, LOOK, YOU CAN START WITH OUR

15    PLAINTIFFS' NAMED ACCOUNTS, BUT WHEN GOOGLE QUERIES THOSE

16    ACCOUNTS, I THINK THEY WILL SEE THAT THEY MAINTAIN DATA ACROSS

17    A NUMBER OF IDENTIFIERS, INCLUDING DEVICE IDENTIFIERS, AND THEN

18    GOOGLE HAS THE ABILITY TO GO INTO THEIR OTHER TOOLS AND THEIR

19    OTHER DATA SOURCES AND SEE WHAT OTHER DATA KEYS TO THE SAME

20    DEVICE IDENTIFIERS, WHETHER OR NOT IT WAS, QUOTE-UNQUOTE,

21    AUTHENTICATED OR SYNCED TO OUR CLIENTS' ACCOUNTS.

22         SO WHATEVER GOOGLE NEEDS TO DO TO FIGURE OUT THE

23    IDENTIFIERS ASSOCIATED WITH OUR NAMED PLAINTIFFS AND THEN PULL

24    DATA RELATED TO THEM IN WHATEVER SOURCE, WHETHER KEYED TO THEIR

25    GOOGLE ACCOUNT OR NOT, THAT'S REALLY WHAT OUR REQUEST IS, AND
```

SEALED PROCEEDINGS

1    THAT THE DATA BE PRODUCED TO US IN A FORMAT WHERE WE CAN TELL

2    WHAT SOURCE THEY PULLED THE DATA FROM.

3         AND I THINK, YOU KNOW, THAT'S GOING TO BE A STARTING PLACE

4    TO GET TO WHERE WE NEED TO ON THE CLASS-WIDE DATA.  I THINK

5    WE'RE GOING TO WIND UP COMING BACK TO YOUR HONOR ASKING FOR US

6    TO BE ABLE TO INSPECT THEIR ACTUAL TOOLS BECAUSE I -- YOU KNOW,

7    WE'VE HEARD THE WORD SPECULATION BEING THROWN OUT, AND FRANKLY,

8    PART OF WHY THERE MAY BE SOME SPECULATION IS THEY HAVE ACCESS

9    TO THE TOOLS AND WE DON'T.

10        BUT THAT'S REALLY OUR REQUEST TO START WITH IS THEY SHOULD

11   START BY SEARCHING THE AUTHENTICATED DATA, THEY SHOULD IDENTIFY

12   ANY IDENTIFIERS THAT ARE ASSOCIATED WITH OUR NAMED PLAINTIFFS

13   THAT COULD BE USED TO SEARCH THEIR OTHER POOLS OF DATA THAT

14   THEY DEEM, QUOTE, UNAUTHENTICATED, AND WHETHER THAT'S A DEVICE

15   IDENTIFIER OR SOME OTHER IDENTIFIER, EVEN THOUGH GOOGLE MAY

16   HAVE INTERNAL POLICIES ABOUT WHAT THEY DO OR DON'T SEARCH, THAT

17   REALLY SHOULDN'T GOVERN WHAT'S DISCOVERABLE IN THE LITIGATION.

18        MR. BROOME:  YOUR HONOR, IF I MAY BE HEARD BRIEFLY?

19        OH, SORRY, MARK.

20        MR. MAO:  YEAH, IF I MAY JUST CLARIFY REAL QUICKLY,

21   YOUR HONOR.

22        YOUR HONOR, I DO THINK IT'S REALLY IMPORTANT TO LISTEN TO

23   THE CAREFULLY CHOSEN WORDS OF OPPOSING COUNSEL.  THERE'S A LOT

24   OF TALK ABOUT NOT BEING ABLE TO IDENTIFY TO USERS AND NOT BEING

25   ABLE TO IDENTIFY TO PHYSICAL AND ELECTRONIC ADDRESSES, YOUR

1    HONOR.

2         BUT YOU ALSO HEARD THE CONCESSION THAT THIS IS TIED TO

3    DEVICES.  SO IN OTHER WORDS, THEY'RE SAYING IT'S NOT

4    INDIVIDUALS AND IT'S NOT NECESSARILY AN I.P. OR A PHYSICAL

5    MAILING ADDRESS, BUT NOBODY IS TELLING YOU THAT IT'S NOT KEYED

6    TO THE DEVICES.

7         WHAT THEY'RE ACTUALLY, IN FACT, SAYING IS THAT THEY DON'T

8    HAVE RECORDS OF WHAT OUR SPECIFIC DEVICES ARE FROM US.

9         GOOGLE IS NOT SAYING THAT FROM THEIR OWN RECORDS THEY

10   CAN'T DERIVE WHO OUR PLAINTIFFS ARE.  THEY'RE SAYING THAT THE

11   FIRST STEP NEEDS TO BE WE NEED TO IDENTIFY WHO THEY ARE.

12        BUT, YOUR HONOR, IF YOU TAKE A MOMENT BACK, A STEP BACK,

13   YOU CAN LOOK ANYWHERE ON THE PUBLIC RECORDS AND NOBODY TALKS

14   ABOUT BISCOTTI OR ZWIEBACK COOKIES BECAUSE THESE ARE GOOGLE

15   ONLY IDENTIFIERS, AND IF WE DO FURTHER BRIEFING ON THIS, YOUR

16   HONOR, YOU WILL ABSOLUTELY SEE THAT INTERNAL DOCUMENTS AT

17   GOOGLE SHOW THAT THERE'S SPECIFICALLY -- THEY SPECIFICALLY USE

18   ZWIEBACK AND BISCOTTI COOKIES TO TRACK LOGGED OUT USERS, OKAY,

19   AND THEY KEY THAT THEN TO GAIA I.D.'S, WHICH ARE AUTHENTICATED

20   USERS.

21        IN OTHER WORDS, IN TERMS OF GOOGLE MAKING MONEY OFF OF

22   THESE CONSUMERS, BEING ABLE TO SELL ADS AND AD SERVICES TO THE

23   CUSTOMERS, THEY'RE REPRESENTING TO THE CUSTOMERS THAT THEY HAVE

24   GREAT CERTAINTY THAT THESE UNAUTHENTICATED, RIGHT, SEGMENTS,

25   USERS, AND CONSUMERS ARE, IN FACT, WHO GOOGLE TELLS THEM THAT

1    THEY ARE.

2         SO, YOUR HONOR, I THINK YOU'RE CERTAINLY RIGHT TO SAY THAT

3    WE ARE NOT ONLY -- I MEAN, NOT ONLY SHOULD WE BE ENTITLED TO

4    START DISCOVERY ON THIS, WE THINK, YOUR HONOR, THAT YOUR ORDER

5    SHOULD JUST SAY THAT GOOGLE IS REQUIRED TO PROVIDE PLAINTIFFS

6    ALL THE DATA REGARDING THEIR DEVICES, AUTHENTICATED OR

7    UNAUTHENTICATED.

8         THE WORD "DEVICES" IS SOMETHING IN WHICH GOOGLE'S

9    ATTORNEYS HAVE ALREADY ADMITTED THAT THEIR RECORDS ARE KEYED

10   TO, AND WHETHER THAT INCLUDES USERS AND/OR PHYSICAL AND

11   ELECTRONIC ADDRESSES IN SOME WAYS IS, IS JUST ANOTHER PART OF

12   THE DATA THAT'S APPENDED AND KEYED TO DEVICE DATA AND WHICH

13   THEY DO NOT ADMIT -- SORRY -- THEY DO NOT DENY THAT THEY

14   ACTUALLY HAVE.

15        AND HERE'S THE MOST IMPORTANT THING, YOUR HONOR:  NOWHERE

16   IN THEIR LAST TWO OR THREE HOURS OF DISCUSSION HAVE THEY

17   ACTUALLY SAID THAT THEY WERE NOT TRACKING PEOPLE IN PRIVATE

18   MODE.  THEY CONCEDE THEY'RE TRACKING PEOPLE IN PRIVATE MODE,

19   THEY'RE JUST BENDING OVER BACKWARDS TO MAKE SURE THAT WE CANNOT

20   GET OUR OWN PLAINTIFFS' DATA IN TERMS OF WHAT THEY WERE DOING

21   AND HOW GOOGLE WAS TRACKING THEM IN THEIR MOST PRIVATE MOMENTS.

22        THAT'S JUST SIMPLY NOT THE TEST FOR DISCOVERY, YOUR HONOR.

23             THE COURT:  ALL RIGHT.

24             MR. BROOME:  MAY I BE HEARD BRIEFLY, YOUR HONOR?

25             THE COURT:  BRIEFLY.

1        MR. BROOME:  YEAH.  WE HAVE NO PROBLEM WITH DISCOVERY

2    ON THESE ISSUES AND WE'VE HAD A LOT OF BACK AND FORTH WITH THEM

3    AND WE'VE EXPLAINED OUR POSITION.  BUT WE CAN'T PRODUCE WHAT WE

4    DON'T HAVE.

5        AND YOUR HONOR ASKED A QUESTION, CAN GOOGLE TIE THESE

6    PRIVATE BROWSING SESSIONS TO PLAINTIFFS' DEVICES?  AND THE

7    ANSWER TO THAT IS NO.  WE DON'T -- THE COOKIES THAT ARE USED TO

8    TIE THAT DATA TOGETHER -- AND MR. ANSORGE WILL CORRECT ME IF

9    I'M WRONG -- THEY'RE DELETED AT THE END OF THE SESSION, THEY'RE

10   DELETED FROM THE PLAINTIFFS' BROWSER, AND WE DO NOT HAVE THE

11   INFORMATION TO IDENTIFY THE PLAINTIFFS' PRIVATE BROWSING

12   SESSIONS.

13       I KNOW MR. MAO DOESN'T LIKE THAT, BUT THAT IS THE REALITY.

14       AND WE'RE HAPPY TO HAVE DISCOVERY ON THIS ISSUE.  THAT'S

15   WHAT WE PROPOSED IN OUR COMPROMISE.

16       THE COURT:  OKAY.  THEN HERE'S WHAT WE'RE GOING TO DO

17   WITH REGARDS TO REQUEST -- I GUESS IT'S RFP 18 AND RFP 10,

18   WHICH IS PRODUCTION OF PLAINTIFFS' DATA, AS WELL AS PRODUCTION

19   OF DATA TO IDENTIFY CLASS MEMBERS:  WE'RE TAKING THESE

20   TOGETHER, AND AS A FIRST STEP IN RESPONDING TO THAT, WE WILL BE

21   FOCUSSED ON NAMED PLAINTIFFS, ON THE NAMED PLAINTIFFS.

22       AND ANY PRODUCTION THAT GOOGLE HAS MADE SO FAR WILL BE

23   SUPPLEMENTED TO BE SURE THAT, FOR THE NAMED PLAINTIFFS, THAT

24   ANY AUTHENTICATED DATA THAT GOOGLE HAS IS PRODUCED, AS WELL AS

25   ANY -- AUTHENTICATED DATA, ANY IDENTIFIERS -- THAT IS, WHAT ARE

1    THE IDENTIFIERS FOR THAT DATA?  IS IT USER?  IS IT DEVICE? --

2    AS WELL AS ANY UNAUTHENTICATED DATA TO THE EXTENT THERE IS ANY.

3         SO GOOGLE WILL PRODUCE THAT INFORMATION AND THEN THE

4    PLAINTIFFS CAN REVIEW THAT AND IF YOU -- WHAT IS AND ISN'T

5    THERE, AND THEN IF YOU -- I WILL ENTERTAIN A REQUEST FOR A

6    FOCUSSED 30(B)(6) DEPOSITION ON THE IDENTIFICATION, ON THE USER

7    IDENTIFICATION ISSUE.

8         MS. BONN:  THANK YOU, YOUR HONOR.

9         THE COURT:  ALL RIGHT.  SO I WANT THAT INFORMATION --

10   IT'S A PRETTY LIMITED NUMBER OF PEOPLE, SO LET'S GET THAT

11   PRODUCTION UNDERWAY AND TO BE COMPLETED BY -- LET'S DO THAT BY

12   MAY 12, AND THEN THE PARTIES WILL MEET AND CONFER -- PLAINTIFFS

13   CAN REVIEW THAT, THE PARTIES CAN MEET AND CONFER FOR A

14   SUBMISSION BACK TO ME ON THE 20TH IN ANTICIPATION OF

15   RECONVENING IN FRONT OF ME ON THE 26TH.

16        MR. SCHAPIRO:  AND, YOUR HONOR, THAT MAKES PERFECT

17   SENSE.

18        CAN I JUST RESPOND TO ONE THING THAT MR. MAO SAID?  AND I

19   WILL TAKE 90 SECONDS AND THEN MOVE ON.

20        HE SAID HE HAS NOT HEARD GOOGLE SAY DURING THESE THREE

21   HOURS THAT WE DO NOT TRACK PEOPLE IN PRIVATE BROWSING MODE.

22        I'M GOING TO SAY, WE DON'T TRACK PEOPLE IN PRIVATE

23   BROWSING MODE.

24        NOW, AS EVERYONE KNOWS AND AS WE'VE EXPLAINED MANY TIMES

25   IN THIS CASE, IF YOU'RE IN PRIVATE BROWSING MODE AND YOU HOP ON

SEALED PROCEEDINGS
26

```
 1   AND YOU DO A SEARCH AND YOU GO TO THREE WEBSITES, GOOGLE WILL

 2   KNOW THAT SOME USER OR DEVICE WENT TO THOSE THREE WEBSITES AND

 3   THEN YOU ENDED THE SESSION AND THEN IT'S GONE.  SO SOMETHING

 4   WENT TO THESE THREE WEBSITES.

 5        SO, A, WE DON'T DO THAT.

 6        B, WE HAVE A BIT OF A HAND TIED BEHIND OUR BACK HERE

 7   BECAUSE MR. MAO HAS BEEN SAYING HE BELIEVES THIS, HE BELIEVES

 8   THAT, THAT THERE'S SOMETHING SINISTER ABOUT THE WORDS TWICE --

 9   A BISCOTTI IS BAKED TWICE OR THAT ███ IS A REPOSITORY OF ALL

10   KINDS OF THINGS.

11        ONE OF THE CHALLENGES WE FACE HERE IS THAT THIS STUFF

12   IS -- OUR TEXT CHAIN GOING ON HERE IS, LIKE, WHAT IS HE TALKING

13   ABOUT?  AND WE'RE ALL TRYING TO GUESS.  WE HAVE NO IDEA HERE.

14        SO I WOULD INVITE PLAINTIFFS IN PARTICULAR, BEFORE WE END

15   UP WITH WHERE WE WERE IN CALHOUN, WHICH IS AN ILL-BOUNDED

16   30(B)(6) WHERE PEOPLE ARE TALKING PAST EACH OTHER, TO SERVE

17   SOME WRITTEN DISCOVERY, AND THEY CAN ASK US, IS THERE SOMETHING

18   SPECIAL ABOUT THE FACT THAT A BISCOTTI IS BAKED TWICE, OR

19   WHAT'S KEPT IN ███

20        WE'LL ANSWER THAT, AND I THINK IT WILL BE MORE EFFICIENT

21   FOR EVERYONE THAN SPINNING IN WHAT ARE, FRANKLY,

22   CONSPIRACY-MINDED, UNFOUNDED THEORIES BASED ON SPECULATION OR

23   NAMES OF COOKIES.

24        THAT'S ALL I'VE GOT.

25             THE COURT:  ALL RIGHT.  PLAINTIFFS WILL -- EXCUSE
```

1
2
3                        CERTIFICATE OF REPORTER
4
5
6
7            I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10   CERTIFY:

11           THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF ZOOM PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14
15
16
     _____
     LEE-ANNE SHORTRIDGE, CSR, CRR
17   CERTIFICATE NUMBER 9595

18           DATED:  MAY 3, 2021

19
20
21
22
23
24
25