**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

| | |
|---|---|
| Stephen A. Broome (CA Bar No. 314605) | Andrew H. Schapiro (admitted *pro hac vice*) |
| stephenbroome@quinnemanuel.com | andrewschapiro@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | Teuta Fani (admitted *pro hac vice*) |
| violatrebicka@quinnemanuel.com | teutafani@quinnemanuel.com |
| Crystal Nix-Hines (CA Bar No. 326971) | Joseph H. Margolies (admitted *pro hac vice*) |
| crystalnixhines@quinnemanuel.com | josephmargolies@quinnemanuel.com |
| Rachael L. McCracken (CA Bar No 252660) | 191 N. Wacker Drive, Suite 2700 |
| rachaelmccracken@quinnemanuel.com | Chicago, IL 60606 |
| Alyssa G. Olson (CA Bar No. 305705) | Telephone: (312) 705-7400 |
| alyolson@quinnemanuel.com | Facsimile: (312) 705-7401 |
| 865 S. Figueroa Street, 10th Floor | |
| Los Angeles, CA 90017 | |
| Telephone: (213) 443-3000 | |
| Facsimile: (213) 443-3100 | |
| | |
| Jomaire Crawford (admitted *pro hac vice*) | Xi ("Tracy") Gao (CA Bar No. 326266) |
| jomairecrawford@quinnemanuel.com | tracygao@quinnemanuel.com |
| 51 Madison Avenue, 22nd Floor | Carl Spilly (admitted *pro hac vice*) |
| New York, NY 10010 | carlspilly@quinnemanuel.com |
| Telephone: (212) 849-7000 | 1300 I Street NW, Suite 900 |
| Facsimile: (212) 849-7100 | Washington D.C., 20005 |
| | Telephone: (202) 538-8000 |
| | Facsimile: (202) 538-8100 |

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF STEPHEN A. BROOME IN SUPPORT OF GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEY'S FEES, COSTS, AND SERVICE AWARDS**<br><br>The Honorable Yvonne Gonzalez Rogers<br>Courtroom 1 – 4th Floor<br>Date:  August 7, 2024<br>Time: 2:00 p.m |

Case No. 4:20-cv-03664-YGR-SVK
DECLARATION OF STEPHEN A. BROOME IN SUPPORT OF GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

## DECLARATION OF STEPHEN A. BROOME

I, Stephen A. Broome, declare as follows:

1. I am a member of the bar of the State of California and a partner with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I submit this declaration in support of Google LLC's Opposition to Plaintiffs' Motion for an Award of Attorney's Fees, Costs, and Service Awards. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

**Plaintiffs' Request for Fee Award**

2. My team has reviewed the time entries submitted by counsel. Based on our review, there appears to be a discrepancy in Morgan & Morgan's April 23, 2024 submission of time entries. The summary total lodestar provided in the submission ($29,410,854.80) does not match the total of Morgan & Morgan's time entries ($29,343,024.80). In other words, the total lodestar of the three law firms in the submission ($62,442,539.30), Dkt. 1107-1 at 3, appears to have been increased by $67,830 due to what is likely a calculation error in Morgan & Morgan's time entry submission. My team is unable to identify the specific entry or math error that is causing the discrepancy. Subtracting the discrepancy of $67,830 and the erroneous time entries that counsel withdrew ($137,056.70), Dkt. 1110, from the total lodestar counsel submitted in their motion ($62,442,539.30), Google calculates the total lodestar counsel requests to be $62,237,652.60.

3. Attached hereto as **Exhibit 1** is a chart summarizing Google's requested exclusions and reductions to Plaintiffs' fee award.

4. Attached hereto as **Exhibit 2** is a chart listing the attendees for Plaintiffs and Google's outside counsel at 77 hearings and depositions in this case.

5. Attached hereto as **Exhibit 3** is an Excel spreadsheet consisting of 15 sheets showing the support for certain of the statements and calculations Google has included in its Opposition brief. The spreadsheet contains the narratives of class counsel's time entries, which class counsel contend may contend privileged information. Pursuant to the parties' agreement, Google is not filing Exhibit 3 on the docket but is instead providing it to the Court for *in camera* review via FTP by email. Specifically:

    a. Sheet 1 of **Exhibit 3** provides Google's calculation of the fees for document review performed by Morgan & Morgan at the rate $676.00. It also provides the adjusted total fees for this document review should the Court decide to lower the document reviewer rates to $387.50, as Google requests in its Opposition brief.

    b. Sheet 2 of **Exhibit 3** provides Google's calculation of time counsel spent on tasks related to their Rule 23(b)(3) certification effort and their related Motion for Interlocutory Appeal Under Rule 23(f). Google has subtracted from the total the time indicated in parentheses that was spent on tasks unrelated to those efforts and also adjusted downward for any block billed time that included tasks unrelated to that effort. For example, if counsel block billed three tasks in a time entry, Google divided the total dollar amount of that entry by three, and attributed to the Rule 23(b)(3) total the resulting amount.

    c. Sheet 3 of **Exhibit 3** provides Google's calculation of time counsel spent on Plaintiffs' withdrawn Rule 23(c)(4) motion. Google has subtracted from the total the time indicated in parentheses that was spent on tasks unrelated to that effort and also adjusted downward for any block billed time that included time spent on tasks unrelated to that effort. For example, if counsel block billed three tasks in a time entry, Google divided the total dollar amount of that entry by three, and attributed to the Rule 23(c)(4) total the resulting amount..

    d. Sheet 4 of **Exhibit 3** reflects all of class counsel's time entries across all three firms (Morgan & Morgan, Boies Schiller Flexner LLP, and Susman Godfrey LLP), and identifies by checkmarks Google's challenges to certain of those time entries on the basis of the following issues: (1) time spent on clerical tasks; and (2) vague time entries.

    e. Sheet 5 of **Exhibit 3** reflects all of class counsel's time entries across all three firms (Morgan & Morgan, Boies Schiller Flexner LLP, and Susman Godfrey LLP), and identifies by checkmarks Google's challenges to certain of those time entries on the basis: (1) excessive partner time; (2) over-attendance at meetings;

(3) block billing; (4) occasions where counsel billed over 12 hours in a single day; and (5) time billed by counsel who never entered an appearance in this case.

f. Sheet 6 of **Exhibit 3** provides Google's calculation of time class counsel spent preparing for and attending the deposition of Jonathan Hochman, which Google took on July 20 and 21, 2022. Where counsel specifically indicated in parentheses the time spent on tasks unrelated to the deposition, Google discounted that portion of time from its calculation.

g. Sheet 7 of **Exhibit 3** provides Google's calculation of time class counsel spent preparing for and attending the deposition of David Nelson, which Google took on July 6, 2022. Where counsel specifically indicated in parentheses the time spent on tasks unrelated to the deposition, Google discounted that portion of time from its calculation.

h. Sheet 8 of **Exhibit 3** provides Google's calculation of time class counsel spent preparing for and attending the deposition of Monique Trujillo, which Google took on February 11, 2022. Where counsel specifically indicated in parentheses the time spent on tasks unrelated to the deposition, Google discounted that portion of time from its calculation.

i. Sheet 9 of **Exhibit 3** provides Google's calculation of time class counsel spent preparing for and attending the deposition of Bert Leung, which Plaintiffs took on March 4, 2022. Google has subtracted any portion of time that parentheses indicate was spent on tasks unrelated to the deposition.

j. Sheet 10 of **Exhibit 3** provides Google's calculation of time class counsel spent preparing for and attending the May 12, 2023 hearing on Google's Motion for Summary Judgment. Where counsel specifically indicated in parentheses the time spent on tasks unrelated to the hearing, Google discounted that portion of time from its calculation.

k. Sheet 11 of **Exhibit 3** provides Google's calculation of time class counsel spent preparing for and attending the April 21, 2022 hearing on Plaintiffs' Request for

an Order to Show Cause. Where counsel specifically indicated in parentheses the time spent on tasks unrelated to the hearing, Google discounted that portion of time from its calculation.

l. Sheet 12 of **Exhibit 3** provides Google's calculation of time class counsel spent preparing for and attending the September 29, 2023 mediation session. Where counsel specifically indicated in parentheses the time spent on tasks unrelated to the mediation, Google discounted that portion of time from its calculation.

m. Sheet 13 of **Exhibit 3** provides all time entries by Boies Schiller partner Alex Boies.

n. Sheet 14 of **Exhibit 3** provides all time entries by Susman Godfrey partner Ian Crosby.

o. Sheet 15 of **Exhibit 3** provides all time entries by Morgan & Morgan attorney Shelby Serig, including Google's identification of time entries where Ms. Serig billed for sending or reading emails.

6. Attached hereto as **Exhibit 4** is a chart listing the injunctive relief Plaintiffs sought in their Fourth Amended Complaint dated March 2, 2023 (Dkt. 886 at 72), the Motion for Class Certification dated June 21, 2022 (Dkt. 608-3 at 24), and the Pretrial Conference Statement dated October 17, 2023 (Dkt. 1028-1 at 9–11), as well as the corresponding agreed upon remediation measures in the Settlement Agreement dated March 11, 2024 (Dkt. 1097-3 at 7–9), if any.

7. Our review of the docket and class counsel's declarations revealed that 24 counsel billed $4,182,433 in this case without entering an appearance. Attached hereto as **Exhibit 5** is a chart which lists the names of these counsel, their titles, the year of their bar admission, the firms with which they are associated, their billing rates, and the total amount of time and fees they billed.

8. I have reviewed Dkt. 1107-6 (Mao Decl. Ex. 3), which is a copy of excerpts of Wolters Kluwer's 2023 Real Rate Report. According to the report, in 2023, the median attorney hourly rate in San Francisco was $750 for litigation partners and $450 for litigation associates. Dkt. 1107-6 (Mao Decl. Ex. 3). The third-quartile rate was $1,124 for partners and $718 for associates. *Id.*

9. I have reviewed Dkt. 1107-5 (Mao Decl. Ex. 2), which is a chart Plaintiffs submitted that reflects the current hourly rates for all timekeepers. According to the chart, the rates billed by partners and counsel range from $850 to $2,500, which are above the median rates reflected in Wolters Kluwer's Real Rate Report, and for 15 of the partners/counsel, above the third-quartile rates. Dkt. 1107-5 (Mao Decl. Ex. 2). The rates billed by associates range from $250 to $1,000, with most of these attorneys billing above both the median and third-quartile rates. *Id.*

10. Google's outside counsel team consisted of 43 Quinn Emanuel attorneys, including 10 who billed fewer than 20 hours to the case. Several billed less than ten hours.

11. Google's total spend on outside counsel (including contract lawyers performing document review) was many millions of dollars less than class counsel's adjusted lodestar, as calculated in Google's Opposition brief. Google calculated class counsel's adjusted lodestar to be $39,681,184.93.

12. When the Magistrate Judge ordered Google to review more than 200,000 documents in less than 90 days, Google hired 300 outside contract lawyers for that short period of time to review documents for responsiveness and privilege and paid $69/hr (on average) for these document reviewers, which is over $607/hr less than Morgan & Morgan charged for document review.

13. Plaintiffs served 235 requests for production, 40 interrogatories, and 67 requests for admission in this litigation. Many of these discovery requests sought facts related to Plaintiffs' theory that Google linked PBM data to users' Google Accounts to identify them and "gain[] a complete, cradle-to-grave profile of Plaintiffs without their consent" (Dkt. 1 (Compl.) at ¶ 39) and related class identification theories, including, for instance, RFP Nos. 10, 19, 44, 49, 59, 60, 75, 76, 77, 91, 92, 106, 118, 133, 139, 147, 158, 161, 174, 182, 200, 216, 217; RFAs Nos. 7, 8, 9, 10, 14, 32, 33, 34, 37, 38, 39, 43, 48, 49, 68; and Interrogatory Nos. 1, 2, 3, 4, 10, 11, 17, 21, 23, 24, 31, 32.

14. Just to provide a few examples, RFP No. 75 sought "Documents concerning Google's association of data collected while users are in private browsing mode with unique user profiles through Google Analytics User-ID"; RFP No. 76 sought "Documents sufficient to identify all profiles created by Google, including profiles containing any data collected in connection with users' activity while in a private browsing mode"; RFP No. 77 sought "Documents sufficient to

identify all ways in which Google uses profiles, including profiles containing any data collected in connection with users' activity while in a private browsing mode"; and RFP No. 133 sought "Documents sufficient to identify all profiles Google has of or are linked to Plaintiffs or any device used by Plaintiffs." *See* **Exhibit 6**, attached hereto, which is a true and correct copy of Google's Responses and Objections to Plaintiffs' Second Set of Requests for Production (Nos. 20–149), dated December 2, 2020.

15. RFA No. 7 sought admission that "Since at least June 1, 2016, Google has been creating profiles for targeted advertising using data collected in connection with private browsing mode communications, including Incognito mode communications"; RFA No. 8 sought admission that "Since at least June 1, 2016, Google has not disclosed to users that it has been creating profiles for targeted advertising using data collected while users are in a private browsing mode"; RFA No. 9 sought admission that "Since at least June 1, 2016, Google has attempted to associate (and in fact has associated) data generated by users' private browsing mode activities with users' individual Google accounts"; and RFA No. 10 sought admission that "Since at least June 1, 2016, Google has not disclosed that it has attempted to associate (and in fact has associated) data generated by users' private browsing mode activities with users' individual Google accounts." *See* **Exhibit 7**, attached hereto, which is a true and correct copy of Google's Responses and Objections to Plaintiffs' First Set of Requests for Admission (Nos. 1–11), dated November 6, 2020.

16. Interrogatory No. 1 asked Google to "describe Google's collection, storage, and use of data from users' private browsing, including … (d) how such data is used (e.g. profiles, association with other data …"; Interrogatory No. 2 asked Google to "describe the history of Google's use, transfer, and storage of the X-Client-Data Header, including … (c) explaining when and why Google paired data Google received via Google Analytics or Google Ad Manager with Google Analytics USER-ID or any other user identifier …"; and Interrogatory No. 3 asked that "for each occasion where Google received data via Google Analytics or Google Ad Manager in connection with any user browsing but where Google did not also receive any X-Client-Data Header information, [Google] identify … (e) whether and when such data was paired with Google Analytics USER-ID or any additional user identifier (such as users' Gmail or another Google login) …"

DECLARATION OF STEPHEN A. BROOME IN SUPPORT OF GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

1  Attached hereto as **Exhibit 8** is a true and correct copy of Google's Responses and Objections to

2  Plaintiffs' First Set of Interrogatories (Nos. 1–3), dated February 5, 2021.

3      17.    Attached hereto as **Exhibit 9** is a true and correct copy of excerpts from the transcript

4  of the November 4, 2021 hearing.

5      18.    Attached hereto as **Exhibit 10** is a true and correct copy of excerpts from the

6  transcript of the April 21, 2022 hearing.

7      19.    Attached hereto as **Exhibit 11** is a true and correct copy of excerpts from the

8  transcript of the November 29, 2023 hearing.

9      20.    Attached hereto as **Exhibit 12** is a true and correct copy of excerpts from the

10  transcript of the deposition of Jesse Adkins, taken on April 14, 2021.

11      21.    Attached hereto as **Exhibit 13** is a true and correct copy of excerpts from the

12  transcript of the deposition of Abdelkarim Mardini, taken on November 23, 2021.

13      22.    Attached hereto as **Exhibit 14** is a true and correct copy of excerpts from the

14  transcript of the deposition of AbdelKarim Mardini, taken on November 24, 2021.

15      23.    Attached hereto as **Exhibit 15** is a true and correct copy of excerpts from the

16  transcript of the deposition of Rory McClelland, taken on February 18, 2022.

17      24.    Attached hereto as **Exhibit 16** is a true and correct copy of excerpts from the

18  transcript of the October 24, 2022 hearing in the related *Calhoun* case.  I am informed that Plaintiffs

19  ordered a copy of this transcript.

20      25.    Attached hereto as **Exhibit 17** is a true and correct copy of an email exchange

21  between counsel for Google and counsel for Plaintiffs dated April 9 through 18, 2024.

22      26.    Attached hereto as **Exhibit 18** is the true and correct copy of the August 30, 2023

23  Rebuttal Expert Report of Konstantinos Psounis, Ph.D.

24  **Plaintiffs' Request for Cost Award**

25      27.    Attached hereto as **Exhibit 19** is a chart summarizing Google's requested exclusions

26  and reductions to Plaintiffs' cost award.

27      28.    The examples below and compiled in **Exhibit 20** are mere illustrations of the issues

28  Google has identified with the remainder of counsel's costs. Pursuant to the parties' agreement,

1  Google is not filing Exhibit 20 on the docket but is instead providing it to the Court for *in camera*
2  review via FTP by email.

3  - $678.24 on car services between two private residencies (Row No. 2);
4  - $52.31 on Uber rides to and from an establishment that appears to be a day spa (Row Nos. 3 and 4);
6  - $97.75 on Uber ride from an address of a karaoke bar to the address of another bar (Row No. 5); and
8  - $70 on TSA precheck (Row No. 6).

9  I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed 7th day of June, 2024, at Los Angeles, California.

By  */s/ Stephen A. Broome*
    Stephen A. Broome