Mao Exhibit 19

**Pages 1 - 209**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge

| | |
|---|---|
| CHASOM BROWN, ET AL., ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| VS. ) | **NO. CV 20-03664-YGR** |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
|     Defendants. ) | |

Oakland, California
Wednesday, November 29, 2023

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
    BOIES SCHILLER FLEXNER LLP
    333 Main Street
    Armonk, NY 10504
**BY: DAVID BOIES, ESQUIRE**

    BOIES SCHILLER FLEXNER LLP
    44 Montgomery Street, 41st Floor
    San Francisco, CA 94104
**BY: MARK MAO, ESQUIRE**
**    BEKO REBLITZ-RICHARDSON, ESQUIRE**
**    JOSHUA STEIN, ESQUIRE**
    LAUREN LAVARE, ESQUIRE

    BOIES SCHILLER FLEXNER LLP
    100 SE 2nd Street
    Miami, FL 33131
**BY: JAMES LEE, ESQUIRE**

Reported By:    Pamela Batalo-Hebel, CSR No. 3593, RMR, FCRR
    Official Reporter

**APPEARANCES CONTINUED:**

For Plaintiffs:

    BOIES SCHILLER FLEXNER LLP
    725 S. Figueroa Street
    Los Angeles, CA 90017
**BY: LOGAN WRIGHT, ESQUIRE**

    SUSMAN GODFREY L.L.P.
    1900 Avenue of the Stars, Suite 1400
    Los Angeles, CA 90067
**BY: AMANDA BONN, ESQUIRE**

    SUSMAN GODFREY LLP
    1301 Avenue of the Americas
    New York, NY 10019
**BY: ALEXANDER FRAWLEY, ESQUIRE**
        **RYAN SILA, ESQUIRE**

    MORGAN AND MORGAN
    201 N. Franklin Street, 7th Floor
    Tampa, FL 33602
**BY: RYAN MCGEE, ESQUIRE**
        **JOHN A. YANCHUNIS, ESQUIRE**

For Defendant:

    QUINN EMANUEL URQUHART SULLIVAN LLP
    191 N. Upper Wacker Drive, Suite 2700
    Chicago, IL 60606
**BY: ANDREW SHAPIRO, ESQUIRE**
        **JOSEPH MARGOLIES, ESQUIRE**
        **TEUTA FANI, ESQUIRE**

    QUINN EMANUEL URQUHART SULLIVAN LLP
    865 South Figueroa Street, 10th Floor
    Los Angeles, CA 90017
**BY: STEPHEN BROOME, ESQUIRE**
        **RACHEL MCCRACKEN, ESQUIRE**
        **VIOLA TREBICKA, ESQUIRE**
        **CRYSTAL NIX-HINES, ESQUIRE**

    QUINN EMANUEL URQUHART SULLIVAN LLP
    51 Madison Avenue
    New York, NY 10010
**BY: JOMAIRE CRAWFORD, ESQUIRE**

```
1    Wednesday - November 29, 2023                          8:55 a.m.
2                        P R O C E E D I N G S
3                              ---oOo---
4          THE CLERK:  Good morning, everyone.  Calling the
5    matter of CV 20-3664-YGR, Brown, et al. vs. Google LLC, et al.
6       Parties, please step forward and state your appearances
7    for the record, starting with the plaintiff.
8          MR. BOIES:  Good morning, Your Honor.  David Boies of
9    Boies Schiller & Flexner representing the plaintiff.
10         THE COURT:  Good morning, Mr. Boies.  All right.
11      So let's go around so I get to you know you all better.  I
12   think I know most of you, but we'll see.
13         MS. BONN:  Good morning, Your Honor.  Amanda Bonn with
14   Susman Godfrey for the plaintiffs.
15         THE COURT:  Good morning.
16      Why don't you all just line up here so we're not waiting
17   for you to get to the mic.
18         MR. FRAWLEY:  Good morning, Your Honor.  Alexander
19   Frawley from Susman Godfrey for the plaintiffs.
20         THE COURT:  Good morning.
21         MR. LEE:  Good morning, Your Honor.  James Lee, Boies
22   Schiller Flexner, for the plaintiffs.
23         THE COURT:  Yes, Mr. Lee.
24         MR. MAO:  Good morning, Your Honor.  Mark Mao with
25   Boies Schiller Flexner the plaintiffs.
```

1  they have all the document.  We've requested those documents.
2  They refused to produce them to us.
3      There is a motion to compel pending on that, and that's
4  sort of been the holdup because what we're asking for is
5  produce the documents.  Let's take his deposition, and then we
6  can all decide what's what and what's not what.
7      And so far Google has had a hundred days to respond to our
8  disclosure.  They refused to pull any documents.  We know
9  they've collected them, but they refused to turn them over to
10 us, and they refused to have him sit for deposition.  I think
11 that would clarify a lot of the issues --
12      **THE COURT:**  How can they refuse to let him sit for
13 deposition?
14      **MR. LEE:**  We've offered him for deposition, and they
15 won't notice him.  Instead, they are moving to strike him so
16 that he could never testify.
17      I think we have to do this in stages.  So if they were to
18 produce the documents and then they could take his deposition,
19 I think we could submit to Your Honor briefing on it.  It could
20 be very short.  We'll attach the deposition.  And then
21 Your Honor can decide, you know, on balance whether -- whether
22 Mr. Lemoine's testimony is going to be meaningful to the jury.
23 We think it's going to be very, very meaningful to the jury.
24      And I can touch on some of the relevance because you had
25 asked about that if it would be helpful for the Court.

1            **THE COURT:**  Go ahead.
2            **MR. LEE:**  So he's going to testify, in a nutshell,
3    that Google's AI uses private browsing data across its
4    services, including Chrome, and that AI can merge users'
5    private browsing profiles with their non-private browsing
6    profiles.
7         The AI also can re-identify users, even when they're in
8    private browsing mode.  The reason why that's important, Judge,
9    is throughout this litigation, Google has taken the position
10   that it doesn't do any of those things.  So it's highly, highly
11   relevant.
12        In addition to that, he'll testify how Google forbids
13   written documentations of these exact practices and that when
14   he spoke up and others spoke up to raise concerns, they were
15   silenced.  So this is -- these are brand new facts.  And he's
16   the only person that will testify that can talk about these
17   things.
18        So, you know, candidly, Your Honor, the -- the sideshow
19   aspects are not going to be anything that we introduced to the
20   Court.  What Google has said is they're going to attack his
21   credibility; right?  They're free to do that on cross.  If they
22   think that's a good use of their time, they're free to do that.
23        And I guess the way I look at it, Judge, is if the cross
24   on his credibility is so good and he really has nothing to say,
25   then why are they working so hard to preclude him?  Why don't

1   they just turn over the documents and take his deposition.  And
2   then if there is still a question then, I think Your Honor can
3   decide.
4           **THE COURT:**  Mr. Shapiro.
5           **MR. SHAPIRO:**  So, Your Honor, I -- this is Exhibit A
6   or at least as aspect, an important aspect of why we maintain
7   our position that the late request here is relevant because
8   what the plaintiffs have asked for is for us -- so I can
9   represent we've not pulled all of Mr. Lemoine's documents.
10          The plaintiffs have asked us now or in August, right
11  before our pretrial binders were due, to -- they've declined
12  our request for a deposition unless we went through and
13  provided discovery on this former employee who didn't work on
14  any of the products at issue here, who worked in AI, and then
15  Search.  They've accused us of concealing or trying to hide
16  this witness, which is absolutely not the case.  This person's
17  name didn't come up in two years of discovery, and it's not
18  because anybody was hiding anything.  It's because what he has
19  to offer is tangential at best in this case.
20          And on the cross-examination in particular, you heard it
21  from Mr. Lee a moment ago, they are going to argue that Google
22  has some culture of retaliation, and so we will be within our
23  rights and we are going to have use portions of everybody's 18
24  hours, I guess our 18 hours, to explain why this person is no
25  longer working at Google.

1    It's not efficient, it's not fair, it's not consistent
2 with the rules.  If -- I'll leave it at that.
3         **THE COURT:**  Well, it sounds as if you've got a -- on
4 the plaintiffs' side, a potential whistleblower who -- who
5 really, in many ways, guts much of what you say if he's
6 credible, much of what your client says.
7         And I also have been told that the key people who are
8 running your operation you're refusing to bring in from Europe,
9 even though you're a multibillion dollar company.
10        So I don't know.  I am not so convinced that I shouldn't
11 allow him to testify.
12        **MR. SHAPIRO:**  Nothing that Mr. Lemoine can testify to
13 will gut what Google is saying or destroy our defense.  We will
14 win this case whether he testifies or not.
15        **THE COURT:**  You have argued that the unauthenticated
16 information cannot and has not ever been matched with users.
17 That is the perspective.  And that the mere fact that you have
18 the ability to do it doesn't mean that you have done it.
19        We are not in a position to just trust what Google says.
20 That's why we have an adversarial process.  There are plenty of
21 corporations who do not always accurately describe what it is
22 they're doing.  That's why we have a trial process.
23        Now, you could be right; you could be wrong.  I don't
24 know.  But here I have a proffer that suggests that it can be
25 done, has been done, and that seems to be directly

1   contradictory to Google's position.  That's what I'm hearing.
2       **MR. SHAPIRO:**  At the threshold or just to introduce
3   what I'm about to say, if Your Honor is going to direct us to
4   have an evidentiary hearing, we will have a hearing, but I want
5   to clarify a couple of things.
6       No one is asking the jury, no one is asking the Court
7   simply to trust Google that this joining doesn't occur.  There
8   has been a tremendous amount of discovery, depositions, there
9   will be expert witnesses, there will be vigorous, I'm sure,
10  examination and cross-examination of Google witnesses who work
11  actually on Incognito and on Chrome and beyond and by all of
12  these things and there has been.
13      I'm looking at Mr. Lemoine's declaration here.  The only
14  thing he says -- I'm tested, but it's in his declaration -- he
15  says in paragraph 9 of his declaration, which is Document
16  1042-1 -- "While I worked at Google, Google took the
17  position" -- I'm -- I would put a dot, dot, dot in here because
18  I'm skipping to the end of that paragraph -- "that information
19  inferred about a user through AI was considered data about the
20  user owned by Google rather than user data owned by the user."
21  And then he says that he believes later on that Google could
22  infer certain things about how a user is based on patterns.
23      So, A, I don't think that is some direct whistleblowing in
24  any way; B, I think in any fairness, if the case is going to go
25  down that road now, we are going to be arguing about what AI

1  can or can't do, something that has never been an issue in this
2  case.  Then we have a right, just in terms of fundamental
3  fairness, to put on or bring witnesses of our own to rebut
4  that, which is going to completely derail the timing of -- of
5  this trial or leave us unable to -- to actually answer these
6  Eleventh-hour claims.
7  **THE COURT:**  Well, I don't know, because I don't know
8  exactly what he's going to say.  I've only had a proffer.
9  So you're ordered to produce the documents.  Now, I can
10 get into the micromanaging of it, or if it's already briefed in
11 front of Judge van Keulen, she can do it.  Or you can all agree
12 on what's critical, which, again, I'm not exactly sure that you
13 will, given your history.  And a deposition shall be taken.
14 And all of that has to happen by December 22nd.
15 **MR. LEE:**  Thank you, Your Honor.
16 **THE COURT:**  They need documents no later than
17 December 11th at noon.  So figure out what's going to be
18 produced.  I'll let her know.
19 **MR. LEE:**  Thank you, Your Honor.
20 **MR. SHAPIRO:**  Thank you, Judge.
21 **THE COURT:**  Okay.  Next issue, 1020.  It's the next on
22 the docket.  Plaintiffs Motion in Limine No. 1.
23 Oh, on that last issue, I need a joint notice filed by
24 December 27th as to whether or not you want an evidentiary
25 hearing, or at least your respective positions on that topic.