Mao Exhibit 24

**_Brown v. Google_: Agreement Regarding Google's Review of Class Counsel's Records
and Briefing Schedule on Plaintiffs' Motion for Attorneys' Fees and Costs**

1.      This agreement applies to any Records Plaintiffs submit in support of their motion for attorneys' fees and reimbursement of costs, including but not limited to billing records, expert costs, and other costs ("Records").

2.      Plaintiffs will provide their Records to Google in Microsoft Excel (.xls) format.

3.      Plaintiffs will designate the Records "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order (Dkt. 81).  Plaintiffs agree that Google in-house counsel and bill reviewing personnel are permitted to review the Records. No other Google employee may review the Records without prior written approval from Plaintiffs.

4.      The Records will not be filed with the Court, whether publicly or under seal. Any Records provided to the Court must be provided by a secure FTP link for _in camera review_ only. In briefing, Google may not quote from the "narrative" section of any Record but may cite any Records that it provides to the Court pursuant to the requirements above.

5.      For Experts, as defined by the Protective Order, Google need not provide all of the information required by Section 7.4(a)(2). Instead, Google need only disclose the name of the Expert and provide a CV, and Plaintiffs will not unreasonably withhold approval for any Expert that Google discloses.

6.      This paragraph applies to any portion of Records for which Google believes there may have been an inadvertent error or mistake (e.g. a time entry that is attributable to a different case). In that event, Google must notify Plaintiffs of the Record(s) in question before submitting its opposition brief, and Plaintiffs will be given two business days to decide whether to withdraw the challenged Record(s).

7.      Google may not use or rely on the Records for any purpose other than in the context of responding to Plaintiffs' motion for an award of attorneys' fees and reimbursement of costs.

8.      Google agrees that, by providing the Records to Google, Plaintiffs are not waiving any applicable privilege, including attorney-client privilege and also work product protection. Accordingly, Google will not argue that Plaintiffs' production of Records under this agreement constitutes a waiver of any applicable privilege, including attorney-client privilege and also work product protection. Nor will Google rely on the content of any Record produced by Plaintiffs under this agreement  to argue waiver of any applicable privilege, including attorney-client privilege and also work product protection.

9.     Plaintiffs will provide the Records to Google on April 9. Plaintiffs will file their motion for an award of attorneys' fees and costs on April 23. Google will file any opposition brief by June 7. Plaintiffs will file any reply by June 21.