POTTER HANDY, LLP
Mark Potter, Esq., SBN 166317
Barry M. Walker, SBN 195947
Jim Treglio, Esq., SBN 228077
Claire Cylkowski, Esq., SBN 335352
Mail: 100 Pine St., Ste. 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 fax
serve@potterhandy.com

Attorneys for Moving Parties,
ADAM SALCIDO, et al.

POTTER HANDY, LLP
100 PINE STREET, STE 2
SAN FRANCISCO, CA 94111
TELEPHONE: (858) 375-7385

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,

Plaintiffs,

vs.

GOOGLE, LLC

Defendant.

CASE NO.: 4:20-cv-03664-YGR-SVK

Assigned to the
Honorable Yvonne Gonzalez Rogers

**NOTICE OF MOTION AND MOTION TO INTERVENE AND TO CONTINUE THE FINAL APPROVAL HEARING**
**[FRCP Rule 24(a)(2), (b)(1)(b)]**

DATE: August 7, 2024
TIME: 2:00 p.m.
COURTROOM: 1 – 4th Floor

**PLEASE TAKE NOTICE** that on August 7, 2024, at 2:00 p.m., before the Honorable Yvonne Gonzalez Rogers, Movants will ask this Court for an Order allowing movant to intervene pursuant to Federal Rule of Civil Procedure ("FRCP") 24(a) and (b) and to continue the Final Approval Hearing.

/ / /

This motion is supported by the following memorandum of points and authorities, all pleadings and papers filed herein, arguments of counsel, and any other matters properly before the Court.

Dated: July 2, 2024

                            POTTER HANDY, LLP

                            By: /s/ Barry M. Walker
                                 Attorneys for Movants

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

On June 2, 2020, Plaintiffs filed their initial class action complaint, by and through class counsel Boies Schiller Flexner LLP. On April 1, 2024, Plaintiffs filed their unopposed motion for final approval of class settlement. Four days before filing the unopposed motion, on March 28, 2024, fifty absent class members, also represented by Boies Schiller Flexner LLP ("BSF"), filed a complaint in their individual capacities seeking damages in state court for the claims at issue in this litigation. Between March 28th and May 10, 2024, BSF filed over 1,700 individual complaints on behalf of absent class members ("Luna Plaintiffs").

On April 23, 2024, the law firm of Potter Handy LLP filed a complaint in state court on behalf of 185 absent class members in their individual capacities seeking monetary relief for the claims at issue in this litigation ("Salcido Plaintiffs"). To date, Potter Handy represents over 70,000 Google Incognito users who are both absent class members and who now seek damages related to the claims at issue in this litigation. Although they are ALL class members, the difference between the Luna Plaintiffs and the Salcido Plaintiffs forms a part of the basis for this motion. That is, the Luna Plaintiffs appear to be parties to a tolling agreement with Google LLC, while Salcido Plaintiffs are not.

FRCP Rule 24(a) requires a court to permit anyone to intervene who claims an interest relating to the transaction that is the subject of the action and is so situated that disposing of the action may impair the movant's ability to protect its interest, *unless* existing parties adequately represent that interest. Here, Moving Parties are members of the certified class who seek damages in state court for the very claims at issue in this litigation. Moving Parties easily satisfy the requirements of Rule 24(a) requiring this Court to permit intervention in this class action.

In the alternative, Moving Parties seek permissive intervention under Rule 24(b) on the grounds that they have claims that share common questions of fact and law with this action. The purposes of this motion are proper and support intervention in that Moving Parties seek to protect

their appellate rights, obtain discovery exchanged during this litigation and seek a continuance of the upcoming Final Approval Hearing.

## II.

## BACKGROUND

### A. History of Related Incognito Mode Cases.

#### 1. The Instant Case.

On June 2, 2020, Plaintiffs filed the initial class action complaint in this matter alleging Google surreptitiously collected and used private browsing data while browsers were searching in Incognito mode. By April, 2022, Plaintiffs filed their Third Amended Complaint, and the pleadings were still not set. By late 2022, Plaintiffs moved for class certification and on December 12, 2022 this Court ruled; the Court denied Plaintiffs' motion to certify a Rule 23(b)(3) class for damages but granted Plaintiffs' motion to certify two Rule 23(b)(2) classes. Dkt. 803. It's important to note that the certified classes and the class denied certification were composed of the same exact individuals.

After the Court's ruling on class certification, Plaintiffs first sought clarification from the Court regarding the effect of its ruling on the tolling of the statutes of limitations, then sought permission to appeal the Court's December 12, 2022 order. On March 2, 2023, the Ninth Circuit Court of Appeals denied Plaintiffs' petition. Dkt. 882. On May 1, 2023, the Court declined to rule on Plaintiffs' motion to clarify that all statutes of limitations remained tolled. Dkt. 941.

After the Court's ruling on class certification, the parties continued with hotly contested litigation, leading to Defendant's unsuccessful March 2023 motion for summary judgment on Plaintiffs' Fourth Amended Complaint. Trial was scheduled for January 29, 2024. After the Court denied Defendant's summary judgment motion, the parties participated in mediation with the Honorable Layn R. Phillips (Ret.) in September, 2023.

By December 26, 2023, the parties reached an agreement in principle and executed a Settlement Agreement in March 2024. Dkt. 1097-4 at 2. On April 1, 2024, Plaintiffs filed their Unopposed Motion for Final Approval of Class Action Settlement, (Dkt. 1097-1) without first filing a motion for preliminary approval. Accompanying the final approval motion was a fully executed copy of the proposed Settlement Agreement.

In seeking the Court's approval to settle, Plaintiffs made the following arguments in the Unopposed Motion:

- *"<u>No release of monetary claims</u>: Consistent with the Court's certification order, Plaintiffs insisted on retaining class members' rights to sue Google individually for damages. That option is important given the significant damages available under the federal and state wiretap statutes. These claims remain available for every single class member, and a very large number of class members recently filed and are continuing to file complaints in California state court individually asserting those damages claims in their individual capacities."* Dkt. 1097-1 at 2-3.
- ***Settlement Scope:*** *The Settlement includes and provide benefits for the same individuals included within the scope of the Court's certification order.* Dkt. 1097-1 at 10.
- ***No class member damages release****: … The amount of damages to be awarded to the class representatives will be decided through arbitration () Consistent with the absence of any release of damages claims, class members other than class representatives have filed and will be filing actions in California state court seeking such damages. E.g., Ex. 11 (complaint filed by 50 plaintiffs in their individual capacities seeking monetary relief for the claims at issue in this litigation).* Dkt. 1097-1 at 14.
- ***Final approval is appropriate without preliminary approval or notice.*** *… This Settlement involves classes certified under Rule 23(b)(2) with no release of any class members' claims for monetary relief. Whether to provide notice is left to the Court's discretion.* Dkt. 1097-1 at 17.
- *All class members will benefit from this injunctive relief without releasing any claims for monetary damages. () Class members remain free to bring individual damages claims.* Dkt. 1097-1 at 20.
- ***The reaction of the class members to the proposed settlement.*** *… This factor is not considered where there is no notice…. As one reference point, the class representatives fully support the Settlement. See Class Rep. Declarations.* Dkt. 1097-1 at 21-22.

And, finally, in Plaintiffs' Unopposed Motion for Final Approval of Class Action

Settlement, they make the following assertion without factual support:

- ***The Settlement treats all class members equally.***  Dkt. 1097-1 at 24.

A review of the terms of the proposed Settlement Agreement belies the last assertion above, demonstrating the Moving Parties and the vast majority of unnamed class members are treated much differently than the Luna Plaintiffs represented by BSF and the class representatives who actually participated in the Settlement Agreement and whose damages claims will be resolved by a speedy and uncomplicated arbitration in which liability is presumed.  Specifically, the proposed Settlement Agreement provides:

> II. 4. **No Additional Notice to Class Members.** *Based on their review of Rule 23, the Court's prior rulings concerning class settlements involving only Rule 23(b)(2) injunctive relief, and the fact that the disclosure changes (see Section III.1 below) will provide certain notice to the Classes, the Parties agree that no additional notice plan is required. The Parties will ultimately defer to the Court on that determination. To the extent any additional notice is required, Google will provide and/or bear the costs of such notice.*
>
> 8. **Binding Arbitration of Plaintiffs' Damages Claims and Waiver of Right to Appeal Order Denying Plaintiffs' Motion to Certify a Rule 23(b)(3) Class (ECF 803).** *Upon the Settlement of the Released Class Claims becoming effective on the Effective Date for Class Claims, Plaintiffs shall (1) submit to confidential and binding arbitration, per the terms below, the determination of monetary relief for all of their individual claims for monetary relief of all kinds, including but not limited to their claims for statutory penalties, damages, unjust enrichment, disgorgement, restitution, punitive damages, or any other monetary claim arising out of their claims in this case (collectively, "Individual Claims"); and (2) waive any right to appeal the Court's order denying the Plaintiffs' motion to certify a Rule 23(b)(3) class (ECF 803).*
>
> 9. **Arbitration Procedures.** *Plaintiffs and Google agree to resolve Plaintiffs' individual claims for monetary relief in amounts to be determined by the office of Judge Phillips in separate confidential, binding arbitration proceedings to be conducted on the papers after the Effective Date for Class Claims. For the avoidance of doubt, the arbitration proceedings will determine only the amount of monetary relief to be awarded to the Plaintiffs. Within three business days of the Effective Date for Class Claims, the parties shall jointly request the office of Judge Phillips to issue a schedule of proceedings. Such arbitrations shall be concluded within 90 days after the Effective Date for Class Claims. The arbitrations shall be conducted on the papers, except for (1) examination of the Plaintiffs, if either the Plaintiff or Google so elects; and (2) closing argument or other equivalent presentation by counsel.*

Dkt. 1097-1 at 5, 6.

**2. Google Incognito Cases in State Court.**

***A. The Luna Plaintiffs.***

According to *General Order Re Related Google LLC Cases involving "Incognito" Mode*, "Over 1,700 individual actions against Google LLC, related to Google LLC's "Incognito" Mode, have been filed, beginning on March 28, 2024. All Plaintiffs in each of the individual actions are represented by the Office of Boies Schiller Flexner LLP." On March 28, 2024 BSF filed Luna v. Google, Case No. 24CV434406 and continued filing related actions. Between March 28th and May 10, 2024, BSF filed over 1,700 actions in state court for the ("Luna Plaintiffs"). According to the complaints, the Luna Plaintiffs are parties to an agreement that tolls the statutes of limitations related to the claims at issue in this litigation. (*See*, Walker Decl.)

***B. The Salcido Plaintiffs.***

The law firm of Potter Handy LLP currently represents over 70,000 clients with damages claims against Google seeking monetary relief for the claims at issue in this litigation. On April 23, 2024, Potter Handy attorneys filed the first of what will be many lawsuits on behalf of these clients. That action is now subject to the *General Order Re Related Google LLC Cases involving "Incognito" Mode.* (*See,* Walker Decl.,)

On June 10, 2024, Barry Walker of Potter Handy LLP, sent emails to Luna Plaintiffs' counsel Boies Schiller Flexner and Google's counsel involved in the state Incognito cases requesting a copy of the tolling agreement between Google and the Luna Plaintiffs. On June 28, 2024, Google counsel Aarti Reddy informed Mr. Walker that counsel "cannot share the tolling agreement because it is designated confidential in the *Brown* action." (Walker Decl.)

**3. Request to Join Action.**

Moving parties include 185 plaintiffs listed in *Salcido v. Google*, Case Number 24CV436497 filed in Superior Court, County of Santa Clara. They are Adam Salcido, Adam Schultz, Albert Avila, Alec Morris, Alex Marroquin, Alex Robinson, Alex Solomon, Ali Fotoohi, Alyssa Ramirez, Amber Adame, Andrea Gargas, Andrew Massaro, Andrew Wallace, Angela Valdivia, Angelica Barden, Angelina Alvarado, Anna Riedel, Ashley Kiefert, Avrom Kohn, Benjamin Renzulli, Benny Silva, Brandon Dickson, Brandon Kingcantwell, Brandy Sanders, Brett

Savage, Brian Woodruff, Carl Jennings, Carol Beth Thompson, Cathy Thompson, Cesar Alvarado, Charlene Clinger, Charlene Manley, Charlotte Roberson, Chris Peterson, Chris Woodworth, Christian Husband, Christina Nedrebo, Christopher Meeks, Christy Swint, Cody Vilkin, Corey Gillens, Cory Drucker, Cynthia Alvarado, Daniel Carlisle, Daniel Chandler, Daniel Pedersen, Darius Bruner II, David Dichter, David Vasquez, Delano Hanley, Delilah Montecino, Denise Dardarian, Denise Frazier, Desirae Clymer, Desiree Salazar, Diane Larios, Dionysius Edwards, Dominic Lipari, Dre Sharma, Dylan Benkley, Eduardo Salas, Edwin Kulakkattolikel, Elaine Navarrette, Emi Bruemmer, Eugene Erlikh, Garrett Luchaco, Geno Kang, George Stiffman, Gizelle Victoria, Haben Woldemariam, Heather Martin, Ivan Zermeno, James Hill, James Rivera, Jason Clark, Jason Davis, Jay Sims, Jeffrey Tremblay, Jeillianne Mendoza, Jennifer Gverovich, Jeramie Bryan, Jerrell Jordon, Jethro Herrera, Jimmy Escobar, Jimmy Kashanian, John De La Torre, John Kroll, John Moore, John Reyes, Jonathan Balk, Jonathan Miravalle, Jose Avila, Joseph Barrett, Joseph Friend, Joshua Jones, Joshua Monett, Joshua Quirimit, Julianne Varin, Julio Banderas, Justin Jester, Kanan Morelock, Karen Moore, Karla Wise, Katrina Campbell McCorkle, Keith Lander, Ketri Landrum, Kevin Ochoa, Jennifer King, Kristina Florian, Lakyra Turner, Lauri Roberts, Lawna Young, Leeanne Barnes, Lindsey Sampson, Lisa Tapia, Luis Rodriguez, Mac-Jay Loresto, Marcos Ramos, Marcus Herron, Maretanna Curtis, Mario Paz, Mark Cousineau, Mark Trimble, Marnie Evans, Maryam Kazemi, Matthew Adamson, Matthew Jahn, Matthew Meza, Michael Everly, Michael Molina, Michael Nilsson, Michel Dunia, Michelle Bustamante, Michelle Cooper, Michelle Irwin, Michelle Morris, Miranda Henning, Mushun Richardson, Nancy Ganzon, Nicholaus Oliver, Nick Shen, Nick Sodaro, Nicole O'Shea, Nikolas Chaplin, Nino Mejia, Omar Mendez, Orlandus Squalls, Patrick Sutton, Randall Miller, Randy Smith, Raymundo De Leon, Regina Armijo, Rex Lawrence, Richard Bradley, Richard Guajardo, Rick Krutilla, Robert Endres, Robert Harrison, Robyn Learned, Roger Jones II, Roxanne Varela, Roy Hernandez, Ryan Rivera, Ryan Sumida, Ryan Weaver, Samantha Dellia, Sheila Gibson, Sheshe Davis, Sonia Ighalo, Sophia Allgood, Spike Jackson, Stephen Vaisa, Tarella Golden, Tristian Alvarado-Arana, Tucker Potter, Vanessa Bell, Victor Horner, Vincent Cowart, Vivian Jordan, William Gorham.

Moving Parties hereby seek to intervene in this class action for several reasons. First, Moving Parties seek to protect their individual appellate rights in this action. Second, Moving Parties seek to avoid duplication of efforts in the state action and obtain access to all discovery exchanged in this action, much of which is filed under seal and/or subject to a confidentiality agreement. Additionally, Moving Parties have sought a copy of the tolling agreement between Google and the Luna Plaintiffs, to no avail, due to its confidential designation. The ability to obtain and review the agreement, as well as other important case documents, will assist the Moving Parties' ability to determine the fairness of the settlement agreement in sufficient time to properly object or support it and to move the state case forward expeditiously.

**III.**

**ARGUMENT**

**A. Movants are Proper Intervenors and this Court Must Grant the Motion to Intervene under Rule 24(a)(2).**

**1. Legal Standard**

In the Ninth Circuit, "Federal Rule of Civil Procedure 24(a)(2) requires a court, upon timely motion, to permit intervention of right by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." When analyzing a motion to intervene of right under Rule 24(a)(2), courts apply a four-part test: (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." Wilderness Soc. v. U.S. Forest Service, 630 F.3d 1173, 177 (9th Cir. 2011).

A motion to intervene should be liberally construed by the courts in favor of the party seeking intervention. Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001).

"In addition to mandating broad construction, our review is 'guided primarily by practical considerations,' not technical distinctions." Id.

**2. By the Nature of the Action, Movants Satisfy the Second and Third Prongs**

Here, Movants satisfy each prong of the four-part test, requiring this Court to grant their motion to intervene. First, the court can easily dispose of the second and third prongs regarding the protectable interest and possible impairment of that interest. "In the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation. Therefore, when absent class members seek intervention as a matter of right, the gravamen of a court's analysis must be on the timeliness of the motion to intervene and on the adequacy of representation." In Re Community Bank of Northern Virginia, 418 F.3d 277, 314. (3rd. Circ. 2011). Here, Moving Parties are all class members and therefore satisfy prongs two and three without further analysis.

**3. Movants' Motion for Intervention is Timely**

The first prong of the test requires the motion to be timely. Like prongs two and three, Movants easily satisfy this prong. The determination of timeliness requires the court to consider the *totality of the circumstances*. Indeed, the "the time element itself must be considered but the mere lapse of time by itself does not make an application untimely." Jones v. Blinziner, 536 F.Supp. 1181, 1188. (N.D. Ind. 1982). The court has broad discretion in assessing the timeliness of a motion to intervene, which "defies precise definition." In Re Holocaust Victims Assets Litigation, 225 F.3d 191, 198. (2nd Cir. 2000). Additionally, the court must consider "whether the applicant was in a position to seek interventions at an earlier stage of the case but the most important consideration in deciding whether a motion for intervention is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case." Id. Finally, in Crawford v. Equifax Payment Services, Inc., 201 F.3d 877, 881, the court held that "[a]s a rule the time for unnamed members of the class to intervene cannot commence until notice under Rule 23." There, the court recognized that "a representative plaintiff acts as a fiduciary for the others. Only when the class members

suspect that the representative is not acting in their best interests is there a need to intervene." Id. At 880.

Here, the instant motion is timely as Movants filed it before final judgment and it is scheduled to be heard at the Final Approval hearing. According to the motion for approval, the parties to the proposed settlement agreed that no notice was required to be provided to absent class members, and stated that "disclosure changes will provide notice to the class." As a result, the time for absent class members to intervene has still not commenced. Further, Movants seek to continue the fairness hearing to obtain additional information in order to properly evaluate the fairness of the proposed Settlement Agreement. Finally, in this case, the parties themselves previously sought to continue the hearing based on Google's counsel's unavailability for the prior hearing date, revealing no harm in continuing the hearing at the request of Moving Parties. Dkt. 1105. As a result, even if the motion were untimely filed, which it is not, there is no prejudice to any party in permitting intervention and continuing the fairness hearing to provide Movants additional time to obtain important information to which they are otherwise entitled.

**4. Movants' Motion is Necessary to Protect Their Interests in this Litigation**

Finally, under the fourth prong of Rule 24(a)(2), a court must grant Movants' motion to intervene if the moving parties show their interests *may* not be adequately protected by the Plaintiffs in the action. Much like the previously listed elements, Moving Parties easily meet this light burden. "To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is light." Grutter v. Bollinger, 188 F.3d 394, 399 (6th Cir. 1999).

Here, the record demonstrates that Moving Parties' interests are inadequately protected. Specifically, Plaintiffs, the named class representatives, have approved a settlement agreement that treats Moving Parties different than themselves. *See* Dkt. 1097-4, II.4, II.8 and II.9; Dkt. 1097-14, P. 48, para. 179. In their motion to approve settlement, Plaintiffs claim: *All class members will benefit from this injunctive relief without releasing any*

*claims for monetary damages. Class members remain free to bring individual damages claims.* (Dkt. 1097-1 at 20.) While that statement is true, Plaintiffs and Moving Parties receive the same injunctive relief, it is misleading in its omission. Regarding the claims for damages, which include "their claims for statutory penalties, damages, unjust enrichment, disgorgement, restitution, punitive damages, or any other monetary claim arising out of their claims in this case" Id. Plaintiffs enjoy favorable treatment, such that they can simply submit their damages claims to binding arbitration without filing a separate state action or otherwise proving liability. Further, the Luna Plaintiffs enjoy the benefit of a tolling agreement negotiated and executed before the proposed settlement agreement was filed with this Court.

According to the terms of the proposed settlement agreement, "the arbitration proceedings will determine only the amount of monetary relief to be awarded to the Plaintiffs…. Such arbitrations shall be conducted on the papers, except for (1) examination of the Plaintiffs, if either Plaintiff or Google so elects; and (2) closing argument or other equivalent presentation by counsel." Dkt. 1097-1 at 6. In contrast, Moving Parties must individually file actions in state court, paying costs and fees, prove up their case using evidence either adduced during that litigation or obtained by way of this motion, present liability and damages evidence to the trier of fact, subject to Google's complete line of defenses, which judgment would then be appealable by Google when Moving Parties were found successful at trial.

Further, the record makes it clear that Moving Parties cannot rely on class counsel or class representatives to adequately protect their individual interests in pursuing damages claims in that they prepared the agreement that benefits Plaintiffs over most absent class members. Moving Parties have no expectation that class counsel will pursue damages remedies on their behalf. Indeed, counsel for Moving Parties sought information regarding the tolling agreement, class counsel refused to provide a copy or any information regarding the negotiations leading to the agreement.

**B. In the Alternative, this Court Should Grant the Motion to Intervene under Rule 24(b)(1)(b) for the Purpose of Access to Discovery materials.**

Even if the Court does not grant intervention under the Federal Rule of Civil Procedure 24(a), the Moving Parties should still be permitted to intervene under the permissible intervention rule of Rule 24(b). Rule 24(b) provides that a court may allow a party to intervene if they have a claim that shares a common question of law and fact and if their intervention will not cause undue delay or prejudice to the existing parties. Jones v. Blinziner, 536 F. Sup. 1181 (N.D. Ind. 1982).

Moreover, the Ninth Circuit permits a third party to intervene, pursuant to Rule 24, specifically to seek the modification of a protective order or otherwise seek access to judicial records in civil cases. In San Jose Mercury News, Inc. v. Dist. Ct., the court held that "[n]onparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)(2)." San Jose Mercury News, Inc. v. Dist. Ct., 187 F. 3d 1096, 1100 (9th Cir. 1999). Indeed, courts encourage intervention in order to facilitate access to discovery. In Foltz v. State Farm, the court held: "This court strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation. () Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding wasteful duplication of discovery." Foltz v. State Farm, 331 F. 3d 1122, 1131 (9th Cir. 2003). There, the court made clear that "[i]n this circuit, we start with a strong presumption in favor of access to court records." Id. At 1135.

Furthermore, Federal Rule of Civil Procedure, Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Here, Moving Parties are entitled to the documents filed and exchanged during this litigation, including those filed under seal and/or designated as confidential by the parties, as they are relevant and proportional to Movants' state claims—claims that are identical to the claims in this action. To

the extent the parties wish to maintain confidentiality of certain documents and things, a protective order in place can be easily modified to include Intervenors and/or new parties to the litigation. In Foltz v. State Farm, the court agreed, stating that "[A]ny legitimate interest … in continued secrecy as against the public at large can be accommodated by placing [the collateral litigants] under the same restrictions on use and disclosure contained in the original protective order." Foltz at 1133.

It is well settled law that the "Ninth Circuit precedent strongly favors disclosure to meet the needs of the parties in pending litigation." Beckman Industries, Inc. v. International Ins. Co., 966 F.2d 470, 475 (9th Cir. 1992). In Beckman Industries, 966 F. 2d 470, third parties sought discovery records produced in the Beckman action and subject to a protective order. Id. at 471. The third parties moved to intervene in the Beckman matter in order to gain access to these records. Id. The Ninth Circuit held that intervention pursuant to FRCP 24(b) was a "proper method to modify a protective order," Id. and that "the importance of access to documents prepared for similar litigation involving the same parties satisfied the commonality requirement of 24(b)." Id. at 474.

Here, Moving Parties seek access to discovery materials produced and exchanged during the lengthy litigation between Plaintiffs and Google. Moving Parties, who are also class members, are clearly entitled to such information and documents and simply ask this Court to grant their motion to intervene and continue the fairness hearing for a sufficient time to obtain such documents before the Court rules on the adequacy of the Settlement Agreement.

Finally, this Court should grant this motion to intervene in order to permit Movants to protect their appellate rights. "Because only parties may appeal, it is vital that district courts freely allow the intervention of unnamed class members who object to proposed settlements and want an option to appeal an adverse decision." Crawford at 881. Here, Plaintiffs have waived their right to appeal the Court's December 2022 denial of their motion to certify a Rule 23(b)(3) class. Dkt. 1097-4, p. 6, II.8. Unless this Court grants this motion, Moving Parties' appellate rights are in jeopardy as no named party will be capable of challenging the order upon final judgment.

/ / /

**IV.**

**CONCLUSION**

For the foregoing reasons, Movants respectfully request that this Court grant their motion to intervene and continue the final approval hearing.

Dated: July 2, 2024

POTTER HANDY, LLP

By: /s/ Barry M. Walker
Barry M. Walker
Attorneys for Movants