POTTER HANDY, LLP
Mark Potter, Esq., SBN 166317
Barry M. Walker, SBN 195947
James Treglio, Esq., SBN 228077
Claire Cylkowski, Esq., SBN 335352
Mail: 100 Pine St., Ste. 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 fax
serve@potterhandy.com

Attorneys for Intervenors,
ADAM SALCIDO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE, LLC<br><br>Defendant. | CASE NO.: 4:20-cv-03664-YGR-SVK<br><br>Assigned to the<br>Honorable Yvonne Gonzalez Rogers<br><br>**DECLARATION OF BARRY M. WALKER IN SUPPORT MOTION TO INTERVENE AND TO CONTINUE THE FINAL APPROVAL HEARING**<br><br>DATE: August 7, 2024<br>TIME: 2:00 p.m.<br>COURTROOM: 1 – 4th Floor |

**<u>DECLARATION OF BARRY M. WALKER</u>**

I, Barry M. Walker, declare and state as follows:

I am an attorney licensed to practice before all of the Courts in the State of California and I am one of the attorneys at Potter Handy, LLP, representing Movants, Plaintiffs in Santa Clara County Superior Court Case <u>Salcido v. Google</u>, Case No. 24CV436497. I am familiar with the facts stated in this declaration and would competently testify as set forth herein.

1. On May 13, 2024, in Case Number 24CV434406 in Superior Court, County of Santa Clara, the Court issued an Order deeming over 1,700 individual actions against Google LLC, related

1. to its "Incognito" mode complex. In that Order the Court recognized that Plaintiffs in those actions were represented by the Office of Boies Shiller Flexner LLP ("BSF").

2. The first action was filed on March 28, 2024, and BSF subsequently filed over 1,700 individual actions between March 28th and May 10th.

3. According to the BSF complaints, their clients are parties to an agreement that tolls the statutes of limitations related to the claims at issue in this litigation ("tolling agreement").

4. The law firm of Potter Handy LLP currently represents over 70,000 clients with damages claims against Google also seeking monetary relief for the claims at issue in this litigation. Each of these clients is a class member with a right to object to the proposed settlement agreement. However, to the best of my knowledge, none of them is a party to the tolling agreement with Google LLC.

5. On April 23, 2024, Potter Handy filed a complaint in <u>Salcido v. Google</u>, Case No. 24CV436497, the first of what will be many lawsuits on behalf of these clients. That action is now subject to the *General Order Re Related Google LLC Cases involving "Incognito" Mode*, as well as any additional related cases involving Google Incognito.

6. I have reviewed numerous documents in this litigation, including the Court's docket, Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and all accompanying documents not filed under seal and the only reference to a tolling agreement between any class member and Google LLC is neatly tucked away on page 48, in paragraph 179 of Exhibit 11 to the Declaration of Mark Mao ISO Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement. Dkt. 1097-14. It says:

"Any applicable statutes of limitations have been tolled under (1) the fraudulent concealment doctrine, based on Google's knowing and active concealment and denial of the facts alleged herein, (2) the delayed discovery doctrine, as Plaintiffs did not and could not reasonably have discovered Google's conduct alleged herein until shortly before the Complaint was filed, (3) the Brown Lawsuit, and the assertion there of Plaintiffs' claims, and (4) the terms of the tolling agreement entered into between Plaintiffs (and others) and Google, along with all amendments to that tolling agreement, which expressly tolled the statute of limitations for these claims through the termination of that agreement (and with the filing of this complaint)"

---
1
DECLARATION OF BARRY M. WALKER IN SUPPORT OF MOTION TO INTERVENE AND CONTINUE THE FINAL APPROVAL HEARING

7. Beginning on June 10, 2024, I contacted attorney Mark Mao, of BSF in an attempt to speak with him about our common goals and to obtain a copy of the tolling agreement between clients of his firm and Google LLC. By June 28, 2024, it was clear to me that counsel would not provide the agreement. Attached as **Exhibit "1"** is a true and correct copy of the email chain between Mr. Mao and I.

8. Similarly, beginning on June 10th, I contacted Google's counsel, Aarti Reddy, regarding the state claims and requested a copy of the tolling agreement. On June 28, 2024, Ms. Reddy informed me that she cannot share the tolling agreement because it is designated confidential in this matter. Attached as **Exhibit "2"** is a true and correct copy of the email chain between Ms. Reddy and I.

9. At this point, I determined that we had no choice but to seek to intervene in this litigation to protect the interests of our clients.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Sagle, Idaho this 2nd day of July, 2024.

/S/Barry M. Walker

_____
Barry M. Walker
Attorney for Intervenors