1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO, individually and on behalf of themselves and all others similarly situated, | Case No. 4:20-cv-03664-YGR-SVK |
| Plaintiffs, | **OMNIBUS SEALING STIPULATION REGARDING DKT. NOS. 1107, 1108, 1112 & 1115** |
| vs. | Judge: Hon. Yvonne Gonzalez Rogers |
| GOOGLE LLC, | |
| Defendant. | |

Pursuant to Civil Local Rules 7-11 and 79-5, Judge Yvonne Gonzalez Rogers' Standing Order in Civil Cases (the "Standing Order"), and the Stipulated Protective Order entered in this matter (Dkt. 81), Defendant Google LLC ("Google") and Plaintiffs (collectively, the "Parties") respectfully submit this Omnibus Sealing Stipulation in connection with Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards ("Plaintiffs' Motion") (Dkts. 1107 – 1107-23, 1108 – 1108-5), Google's Opposition to Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards ("Google's Opposition") (Dkts. 1112 – 1112-37), and Plaintiffs' Reply in Support of Motion for an Award of Attorneys' Fees, Costs, and Service Awards ("Plaintiffs' Reply") (Dkts. 1115 – 1115-22), which contain non-public, highly sensitive, and confidential information that should be protected.

The Parties have met and conferred regarding the proposed sealing designations. The Parties stipulate to the following chart:

| Dkt. No. | Description | Sought to be Sealed | Sealing Party | Sealing Basis | Previous Requests to Seal |
|---|---|---|---|---|---|
| UNDISPUTED REQUESTS TO MAINTAIN A DOCUMENT UNDER SEAL OR PROVISIONAL REDACTIONS | | | | | |
| 1107-9/ 1108-3 | Exhibit 6 to Mao Declaration – GOOG-BRWN-00406065 | Portions of Pages: -6065–6069 | Google | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including Google's internal project names, functionalities, and internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this | Dkts. 394, 394-9, 409, 409-4 (Granted at Dkt. 738) |

| Dkt. No. | Description | Sought to be Sealed | Sealing Party | Sealing Basis | Previous Requests to Seal |
|---|---|---|---|---|---|
| | | | | action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. | |
| 1107-10/ 1108-4 | Exhibit 7 to Mao Declaration – GOOG-CABR-03827263 | Portions of Page: -263 | Google | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including Google's internal project names, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk | Dkts. 924, 925-10, 928, 928-63 (Granted at Dkt. 969) |

| Dkt. No. | Description | Sought to be Sealed | Sealing Party | Sealing Basis | Previous Requests to Seal |
|---|---|---|---|---|---|
| | | | | of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. | |
| 1107-14/ 1108-5 | Exhibit 11 to Mao Declaration | Pages: 7:6–7, 7:10, 9:22, 12:3, 12:5–6, 12:8, 12:11–12,13:23, 15:10, 26:9, 26:19 | Google | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including details of Google's internal data storage infrastructure, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. | Dkts. 170, 170-3, 170-4 (Granted at Dkt. 174) |
| Submitted *in camera* | Exhibit 3 to Broome Declaration | Entirety | Plaintiffs | Plaintiffs seek to have this exhibit considered *in camera* because it contains excerpts from Plaintiffs' billing records for | N/A |

| Dkt. No. | Description | Sought to be Sealed | Sealing Party | Sealing Basis | Previous Requests to Seal |
|---|---|---|---|---|---|
| | | | | their attorneys' fees. As part of briefing the attorneys' fees motion, Plaintiffs and Google reached an agreement to submit copies of Plaintiffs' billing records to the Court for *in camera* review. *See* Dkt. 1115-12 (copy of parties' agreement). Plaintiffs rely on the concurrently filed Declaration of Ryan McGee to support their request for this material to be reviewed *in camera*. | |
| 1112-11 | Exhibit 9 to Broome Declaration | Pages 17:1, 17:4–5, 17:16, 19:1 | Google | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including Google's internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise | Dkts. 309, 309-4, 309-16, 310, 310-4 (Granted at Dkt. 330) |

| Dkt. No. | Description | Sought to be Sealed | Sealing Party | Sealing Basis | Previous Requests to Seal |
|---|---|---|---|---|---|
| | | | | Google's internal practices relating to competing products. | |
| 1112-15 | Exhibit 13 to Broome Declaration | Pages 94:3, 94:8, 94:12, 95:22 | Google | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including Google's internal project names, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. | Dkts. 608, 608-64, 643, 643-6 (Granted at Dkt. 804) |
| Submitted *in camera* | Exhibit 20 to Broome Declaration | Entirety | Plaintiffs | Plaintiffs seek to have this exhibit considered *in camera* because it contains excerpts from Plaintiffs' billing records for their costs. As part of briefing the attorneys' fees motion, Plaintiffs and Google reached an agreement to submit copies of | N/A |

| Dkt. No. | Description | Sought to be Sealed | Sealing Party | Sealing Basis | Previous Requests to Seal |
|---|---|---|---|---|---|
| | | | | Plaintiffs' billing records to the Court for *in camera* review. *See* Dkt. 1115-12 (copy of parties' agreement). Plaintiffs rely on the concurrently filed Declaration of Ryan McGee to support their request for this material to be reviewed *in camera*. | |
| 1112-31 | Declaration of Benjamin Kornacki In Support of Google LLC's Opposition to Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards | Pages 2:12, 2:15–19, 3:21, 4:25–26, 5:2, 5:12 | Google | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including Google's internal detection bits, and logs, as well as internal metrics that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. | Dkts. 630-1, 632, 637, 637-3 (Granted at Dkt. 768)<br><br>Dkts. 707, 707-1, 732, 732-2 (Granted at Dkt. 916)<br><br>Dkts. 337, 337-3 (Granted at Dkt. 350) |

| Dkt. No. | Description | Sought to be Sealed | Sealing Party | Sealing Basis | Previous Requests to Seal |
|---|---|---|---|---|---|
| Submitted *in camera* | Exhibit 23 to Mao Declaration | Entirety | Plaintiffs | Plaintiffs seek to have this exhibit considered *in camera* because it contains excerpts from Plaintiffs' billing records for their costs. As part of briefing the attorneys' fees motion, Plaintiffs and Google reached an agreement to submit copies of Plaintiffs' billing records to the Court for *in camera* review. *See* Dkt. 1115-12 (copy of parties' agreement). Plaintiffs rely on the concurrently filed Declaration of Ryan McGee to support their request for this material to be reviewed *in camera*. | N/A |
| **UNDISPUTED REQUESTS TO MODIFY EXTENT OF SEALING AND/OR PROVISIONAL REDACTIONS** | | | | | |
| 1112-1 (modified redacted version attached as **Exhibit 1**) | Google LLC's Opposition to Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards | Page 8:1–2 | Google | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including Google's internal detection bits and logs, and internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing | Dkts. 707, 707-1, 732, 732-2 (Granted at Dkt. 916) |

| Dkt. No. | Description | Sought to be Sealed | Sealing Party | Sealing Basis | Previous Requests to Seal |
|---|---|---|---|---|---|
| | | | | as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. | |
| 1112-16 (modified redacted version attached as **Exhibit 2**) | Exhibit 14 to Broome Declaration | Page 415:21 | Google | The information requested to be sealed contains Google's highly confidential and commercially sensitive internal revenue information, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal metrics and financial data, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2–3. Public disclosure of such confidential information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. | Dkts. 695, 695-11 (Granted at Dkt. 916) |
| 1112-20 (modified redacted version attached as **Exhibit 3**) | Exhibit 18 to Broome Declaration | Portions of Pages 2, 4–22, 25–36 | Google | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including Google's internal detection bits and logs, and internal metrics and that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and | Dkts. 815, 815-1, 827, 827-2 (Granted at Dkt. 916)<br><br>Dkts. 797, 797-3, 797-12, 797-17, 797-21 |

| Dkt. No. | Description | Sought to be Sealed | Sealing Party | Sealing Basis | Previous Requests to Seal |
|---|---|---|---|---|---|
| | | | | proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2–3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. | (Granted at Dkt. 916) Dkts. 809, 809-5 (Granted at Dkt. 916) |
| 1115-01/ 1115-02 (modified redacted version attached as **Exhibit 4**) | Plaintiffs' Reply ISO Motion for an Award of Attorneys' Fees, Costs, and Service Awards | Pages 5:24, 8:14–15 | Google | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including Google's internal logs and internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2–3. Public disclosure of such | Dkts. 797, 797-3, 797-12, 797-17, 797-21 (Granted at Dkt. 916) |

| Dkt. No. | Description | Sought to be Sealed | Sealing Party | Sealing Basis | Previous Requests to Seal |
|---|---|---|---|---|---|
| | | | | confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. | |
| **UNDISPUTED REQUESTS TO UNSEAL DOCUMENT** | | | | | |
| 1112-06 (version with confidentiality designation removed attached as **Exhibit 5**) | Exhibit 4 to the Broome Declaration | N/A | N/A | N/A | N/A |
| 1112-08 (version with confidentiality designation removed attached as **Exhibit 6**) | Exhibit 6 to the Broome Declaration | N/A | N/A | N/A | N/A |
| 1112-23 (version with confidentiality designation removed attached as **Exhibit 7**) | Declaration of Abdelkarim Mardini In Support of Google LLC's Opposition to Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards | N/A | N/A | N/A | N/A |

| Dkt. No. | Description | Sought to be Sealed | Sealing Party | Sealing Basis | Previous Requests to Seal |
|---|---|---|---|---|---|
| 1112-37 (version with confidentiality designation removed attached as **Exhibit 8**) | Declaration of William B. Rubenstein In Support of Google LLC's Opposition to Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards | N/A | N/A | N/A | N/A |
| 1115-03 (Unredacted), 1115-04 (Redacted) (updated (version with confidentiality designation removed attached as **Exhibit 9**) | Supplemental Declaration of Mark C. Mao ISO Plaintiffs' Reply ISO Motion for an Award of Attorneys' Fees, Costs, and Service Awards | N/A | N/A | N/A | N/A |
| 1115-05 (version with confidentiality designation removed attached as **Exhibit 10**) | Exhibit 17 to Mao Supplemental Declaration | N/A | N/A | N/A | N/A |
| 1115-21 (Unredacted), 1115-22 (Redacted) (version with confidentiality | Declaration of Christopher Thompson ISO Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, | N/A | N/A | N/A | N/A |

| Dkt. No. | Description | Sought to be Sealed | Sealing Party | Sealing Basis | Previous Requests to Seal |
|---|---|---|---|---|---|
| designation removed attached as **Exhibit 11**) | and Service Awards | | | | |
| **DISPUTED REQUESTS TO MAINTAIN A DOCUMENT UNDER SEAL OR PROVISIONAL REDACTIONS** | | | | | |
| 1107-1/ 1108-2 | Motion for an Award of Attorneys' Fees, Costs, and Service Awards | Pages 23:9–10, 23:19 | Google | The parties have already submitted arguments regarding the sealing of this information and refer the Court to those arguments in Dkts. 1101 and 1103.<br><br>Plaintiffs contend this information should not be sealed because it addresses the value of the settlement. Dkt. 1101 (Plaintiffs' opposition to Google's request to seal similar material in Plaintiffs' motion for settlement approval).<br><br>Google contends this information should be sealed because it reveals commercially sensitive internal metrics and financial data. Dkt. 1103 (Google's reply in support of its request to seal similar material in Plaintiffs' motion for settlement approval). The Court has previously ordered similar competitively sensitive data sealed. *See* Dkt. 804 at 15 (granting motion to seal revenue numbers in Lasinksi report (Dkt. 608-9)). | Dkts. 1101 and 1103 (Pending) |
| 1112-1 | Google LLC's Opposition to Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards | Pages 19:19–20, 20:7 | Google | The parties have already submitted arguments regarding the sealing of this information and refer the Court to those arguments in Dkts. 1101 and 1103.<br><br>Plaintiffs contend this information should not be sealed because it addresses the value of the settlement. Dkt. 1101 (Plaintiffs' opposition to Google's request to seal similar | Dkts. 1101 and 1103 (Pending) |

| Dkt. No. | Description | Sought to be Sealed | Sealing Party | Sealing Basis | Previous Requests to Seal |
|----------|-------------|---------------------|---------------|---------------|---------------------------|
| | | | | material in Plaintiffs' motion for settlement approval).<br><br>Google contends this information should be sealed because it reveals commercially sensitive internal metrics and financial data. Dkt. 1103 (Google's reply in support of its request to seal similar material in Plaintiffs' motion for settlement approval). The Court has previously ordered similar competitively sensitive data sealed. *See* Dkt. 804 at 15 (granting motion to seal revenue numbers in Lasinksi report (Dkt. 608-9)). | |

The Parties therefore agree that the above undisputed information may be sealed in connection with Plaintiffs' Motion, Google's Opposition, and Plaintiffs' Reply. The Parties also submit the above disputed information to the Court for sealing determination.

**IT IS SO STIPULATED AND AGREED.**

DATED: July 5, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Andrew H. Schapiro*

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)

BOIES SCHILLER FLEXNER LLP

*/s/ Mark C. Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293 6858
Fax: (415) 999 9695

David Boies (pro hac vice)

dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*

dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

James W. Lee (pro hac vice)
jlee@bsfllp.com
Rossana Baeza (pro hac vice)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Tel: (305) 539-8400
Fax: (305) 539-1304

Alison Anderson (CA Bar No. 275334)
aanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S Figueroa Street
31st Floor
Los Angeles, CA 90017
Telephone: (213) 995-5720

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
Steven Shepard (pro hac vice)
sshepard@susmangodfrey.com
Alexander P. Frawley (pro hac vice)
afrawley@susmangodfrey.com
Ryan Sila (pro hac vice)
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
mram@forthepeople.com
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*

1
2
3
4
5
6
7
8

### **ATTESTATION**

9      I, Andrew Schapiro, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1(i)(3), that the

10   concurrence to the filing of this document has been obtained from each signatory hereto.

11

12   Dated: July 5, 2024

13                                                        By: */s/ Andrew H. Schapiro*

14                                                          Andrew H. Schapiro

15
16
17
18
19
20
21
22
23
24
25
26
27
28