**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 629-9040
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>                   Plaintiffs,<br>   v.<br><br>GOOGLE LLC,<br>                   Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF RYAN J. MCGEE ISO PLAINTIFFS' REQUEST FOR *IN CAMERA* REVIEW OF CLASS COUNSEL'S BILLING RECORDS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: August 7, 2024<br>Time:  2:30 p.m.<br>Location: Courtroom 1 – 4th Floor |

## DECLARATION OF RYAN J. MCGEE

I, Ryan J. McGee, declare as follows.

1. I am an associate with the law firm of Morgan and Morgan, counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of Florida and admitted *pro hac vice* for this case. Dkt. 19. I have personal knowledge of the matters set forth herein and am competent to testify.

2. I submit this declaration with the Parties' omnibus sealing stipulation for material filed with Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service awards ("Attorneys' Fees Motion"). Dkts. 1106-1007.

3. On April 9, 2024, the parties reached an agreement regarding Class Counsel's billing records. Plaintiffs agreed to provide Google with copies of the records being submitted with their Attorneys' Fees Motion ("Billing Records"). Google agreed not to file these Billing Records on the docket and to instead submit any excerpts for the Court's *in camera* review. A copy of this April 9, 2024 agreement was filed at Dkt. 1115-12.

4. On April 23, 2024, Plaintiffs filed their Attorneys' Fees Motion. Plaintiffs also submitted copies of their Billing Records for *in camera* review, and Plaintiffs provided copies of these Billing Records to Google as well.

5. On June 7, 2024, Google filed its Opposition to the Attorneys' Fees Motion. Dkt. 1111-12 ("Opposition"). Pursuant to the Parties' April 9 agreement, Google submitted Exhibits 3 and 20 of its Opposition for *in camera* review. Those two exhibits are comprised exclusively of excerpts from Class Counsel's Billing Records.

6. On June 21, 2024, Plaintiffs filed their Reply in support of their Attorneys' Fees Motion. Dkts. 1114-15. Plaintiffs on the same day submitted updated copies of Class Counsel's Billing Records for the Court's *in camera* review. The Billing Records were updated to reflect Plaintiffs' decision to withdraw certain time entries, thus reducing Class Counsel's lodestar. No new time entries were added. Plaintiffs provided these updated Billing Records to Google as well. In addition, Exhibit 23 to Plaintiffs' Reply was submitted for *in camera* review because

that exhibit consists entirely of excerpts of the Billing Records. A copy of Exhibit 23 was also provided to Google.

7. Plaintiffs respectfully submit the Court should review the Billing Records *in camera*. Plaintiffs sought (and obtained) Google's agreement to submit these Billing Records *in camera* because the Records reflect material subject to attorney-client privilege and work-product protection. Google also agreed that, "by providing the Records to Google, Plaintiffs are not waiving any applicable privilege, including attorney-client privilege and also work product protection." Dkt. 1115-12.

8. Plaintiffs' submission of their Billing Records for *in camera* review is consistent with how courts in this District have decided attorneys' fees motions, including in the class context. *See, e.g.*, *In re Capacitors Antitrust Litig.*, 2020 WL 13201507, at *1 n.1 (N.D. Cal. July 17, 2020); *In re HP Printer Firmware Update Litig.*, 2019 WL 2716287, at *1 (N.D. Cal. June 28, 2019); *Relente v. Viator, Inc.*, 2015 WL 3613713, at *2 (N.D. Cal. June 9, 2015); *Bottoni v. Sallie Mae, Inc.*, 2013 WL 12312794, at *6 (N.D. Cal. Nov. 21, 2013); *Lundell v. Dell, Inc.*, 2006 WL 8443145, at *1 (N.D. Cal. Dec. 6, 2006).

9. Plaintiffs' submission of their Billing Records for *in camera* review is also consistent with Local Rule 54-5(b). That rule, which governs attorneys' fees motions, provides that courts "may require production of an abstract of or the contemporary time records for inspection, including *in camera* inspection, as the Judge deems appropriate." *See also In re HP Printer Firmware Update Litig.*, 2019 WL 2716287, at *3 ("At the request of the court, counsel also submitted their time records for *in camera* review."); *Relente*, 2015 WL 3613713, at *2 ("The Court also requested and carefully reviewed *in camera* the time records for the two law firms that represented plaintiffs . . . ."). Here, Plaintiffs proactively provided copies of *all* of their Billing Records to both Google and the Court.

10. Plaintiffs' submission of their Billing Records for *in camera* review is also consistent with how the Parties' briefed Plaintiffs' request for attorneys' fees following the first sanctions order in this case. *See* Dkt. 631 at 1 (Order on Award of Attorneys' Fees and Costs, in

which Magistrate Judge van Keulen describes how the court considered "detailed billing statements for in-camera review").

11. This procedure in no way prejudices Google because Plaintiffs have provided copies of all Billing Records to Google. Nor does the procedure prejudice class members. Plaintiffs have provided detailed information about Class Counsel's hourly rates and hours worked, as well as information about each specific timekeeper's hours and role on the case. Plaintiffs are not seeking to seal any of that information. Dkts. 1107-20, 1107-21, 1107-22. Plaintiffs similarly have not sought to seal any portion of their opening or reply briefs, which explain in detail the basis of Plaintiffs' request for attorneys' fees. Dkts. 1107-1, 1115-1.

12. I declare under penalty of perjury that the foregoing is true and correct. Executed on July 5, 2024, at Tampa, Florida.

*/s/ Ryan J. McGee*
Ryan J. McGee