# EXHIBIT 6

# Version with confidentiality designations removed of Dkt. 1112-8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

CHASOM BROWN, MARIA NGUYEN,
WILLIAM BYATT, JEREMY DAVIS,
and CHRISTOPHER CASTILLO,
individually and on behalf of all other
similarly situated,

                Plaintiffs,

      v.

GOOGLE LLC,

                Defendant.

Case No. 5:20-cv-03664-LHK-SVK

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 20-149)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Google LLC ("Google") hereby responds and objects to Plaintiffs' Second Set of Requests For Production of Documents (Nos. 20-149). These objections and responses are made solely for the purpose of and in relation to this action, and any production in response will be subject to the Protective Order governing this case. In addition, the objections and responses set forth in this document are based on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change. Google reserves all rights to supplement and amend its objections and responses accordingly.

## GENERAL OBJECTIONS

1.      Google incorporates by reference as if fully set forth herein each of its General Objections to Plaintiffs' First Set of Requests for Production (Nos. 1-19).

2.      Google objects to the Requests to the extent they seek user-level information related to data collected while users were in a private browsing mode. Neither Google Analytics nor Google Ad Manager differentiates between data collected while a user was using private browsing mode or not, and Google does not maintain documents or data in the ordinary course of business to identify whether a user is in private browsing mode. In fact, private browsing mode is designed

1  to ensure that websites—including Google—do not know whether a user is in private browsing

2  mode or not. Nothing in these Responses should be construed as indicating that Google maintains

3  documents or data in the ordinary course of business to identify whether a user is in private

4  browsing mode.

5       3.     Google objects to the Requests as not proportional to the needs of the case to the

6  extent they seek user-level information related to data collected while users were logged in to their

7  Google Accounts. Google's data practices for logged-in users are irrelevant to the claims and

8  defenses in this action.

9       4.     Google objects to the undefined use of the terms "user" and "consumers" to the

10  extent that they are inaccurate and subject to multiple interpretations; render the Requests vague,

11  ambiguous, overly broad and unduly burdensome; call for information not within Google's

12  possession, custody or control; and seek, or may be construed to seek, to impose obligations

13  inconsistent with the Federal Rules of Civil Procedure, the Civil Local Rules, and/or other

14  applicable law. For purposes of these Responses and Objections, Google shall construe the terms

15  "USER" and "CONSUMER" to refer to a unique individual.

16       5.     Google objects to the Requests as overly broad and unduly burdensome to the

17  extent the Requests have no geographic limitation. Web browser communications from browsers

18  that are located outside of the United States are not relevant to any claims or defenses in this

19  litigation. Nothing in these Responses should be construed as indicating that Google will search

20  for or produce documents related to web browser communications outside of the United States.

21       6.     Google objects to the Requests as overly broad and unduly burdensome to the

22  extent the Requests are not limited as to time. Web browser communications that took place before

23  the beginning of the class period are not relevant to any claims or defenses in this litigation.

24  Nothing in these Responses should be construed as indicating that Google will search for or

25  produce documents related to web browser communications that took place outside of the class

26  period.

27

28

Case No. 5:20-cv-03664-LHK-SVK
DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

Subject to the foregoing objections, Google objects and responds to Plaintiffs' requests as follows:

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to identify all persons involved with the creation of and any modification to Google's representations regarding private browsing mode, including Incognito mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the term "representations," which is neither self-evident nor defined. For example, Plaintiffs do not specify whether this request seeks public statements or otherwise. For the purposes of responding to this request, Google assumes that "representation" means public-facing statements by Google. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope. Private browsing modes have many different aspects that have nothing to do with the central allegations in this case—namely, the purportedly unauthorized collection of certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account from June 1, 2016 to the present. Google further objects to this request as overly broad and unduly burdensome because the request seeks "all persons" that were "involved" with the creation of and modification to Google's representation, no matter how small or peripheral their involvement. Google further objects to this request because it seeks documents "sufficient to identify" individuals with potentially disparate job responsibilities and over an undefined period of time, which are unlikely to exist in the ordinary course of business, and therefore this request is

3

better suited to an Interrogatory. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, responsive documents concerning modifications of the Incognito Notice from June 1, 2016 to the present, from which Plaintiffs may identify persons involved in the modification to Google's representations regarding Google Chrome's Incognito private browsing mode for the same period, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:**

Google's disclosures and policies relating to the data Google collects directly and indirectly from, about, or on consumers, particularly with regard to data collected in connection with consumers browsing in private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Google incorporates its General Objections as if set forth fully herein. Google objects to this request to the extent it is duplicative of Request for Production No. 5, and incorporates its objections and response to that request. Google further objects to this request as vague and ambiguous as to the meaning of the terms "disclosures," and "consumers," which are neither self-evident nor defined, including whether the term "consumer" means something different than "user" in other requests. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. Google further objects to the phrase "data Google collects directly from, about, or on consumers," because Plaintiffs do not clarify what kind of "data" and which Google product this request concerns. For the purposes of responding to this request, Google assumes that Plaintiffs seek public-facing statements and policies related to whether and how Google Analytics and Google Ad Manager collect the browsing activity data

1  purportedly obtained without Plaintiffs' agreement while Plaintiffs were visiting certain websites

2  in private browsing mode. Google clearly discloses to users, including Plaintiffs, its data collection

3  practices, including the category or type of data Google collects, in its past and current Privacy

4  Policies as well as in other public disclosures. Google's disclosures and statements regarding

5  Google's receipt of data can be found in various publicly available sources, such as Google's

6  Privacy Policy and Google Analytics Help Center, and for Chrome Incognito, the Google Chrome

7  Privacy Notice. Archived versions of past Privacy Policies and Chrome Privacy Notices are also

8  public. Therefore, Plaintiffs can obtain certain responsive information from publicly available

9  sources. For these reasons, the request is not proportional to the needs of the case, and the burden

10 of the proposed discovery outweighs any likely benefit.

11     Subject to and without waiving the foregoing objections, Google responds as follows:

12 Google will produce public disclosures made by Google and Google's publicly available policies

13 regarding Google Analytics' and Google Ad Manager's collection of data from June 1, 2016 to

14 the present, to the extent that such documents exist, are within Google's possession, custody, or

15 control, and can be located following a reasonable search.

16

17 **REQUEST FOR PRODUCTION NO. 22:**

18     Documents sufficient to identify all persons involved with the creation of and any

19 modification to the Incognito screen displayed when users initiate Incognito mode.

20

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

22     Google incorporates its General Objections as if set forth fully herein. Google further

23 objects to this request as vague and ambiguous as to the meaning of the phrase "Incognito screen

24 displayed when users initiate Incognito mode," which is neither self-evident nor defined. For the

25 purposes of responding to this request, Google assumes that "Incognito mode" means Google

26 Chrome's Incognito private browsing mode, and that the "Incognito screen displayed" is the full-

27 page Incognito Notice that alerts users they have entered Chrome's Incognito private browsing

28 mode. Google further objects to this request as overly broad and unduly burdensome to the extent

that it seeks documents going back to 2008 when the Incognito Notice was created, eight years before the June 1, 2016 start of the Class Period. The Incognito Notices of 2008 are irrelevant to the claims and defenses in this action; therefore, the likelihood of obtaining relevant information going back to 2008, if any, is outweighed by the burden of providing it. Google further objects to this request as overly broad and unduly burdensome because the request seeks "all persons" that were "involved" with the creation of and any modification to the Incognito Notice, no matter how small or peripheral their involvement. Google further objects to this request because it seeks documents "sufficient to identify" individuals with potentially disparate job responsibilities and over an undefined period of time, which are unlikely to exist in the ordinary course of business. Google further objects to this request as duplicative of Request for Production No. 23 which seeks "documents concerning all proposed or actual changes to that screen," and incorporates its objections and responses to that request. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, responsive documents concerning modifications to the Incognito Notice from June 1, 2016 to the present, from which Plaintiffs may identify persons involved in modifications of the Incognito Notice for the same period, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.


**REQUEST FOR PRODUCTION NO. 23:**

Documents concerning the Incognito screen displayed when users initiate Incognito mode, including all versions of that screen and documents concerning all proposed or actual changes to that screen.


**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "Incognito screen

displayed when users initiate Incognito mode," which is neither self-evident nor defined. For the purposes of responding to this request, Google assumes that "Incognito mode" means Google Chrome's Incognito private browsing mode, and that the "Incognito screen displayed" is the full-page Incognito Notice that alerts users they have entered Chrome's Incognito private browsing mode. Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope, and seeks all documents "concerning" the Incognito Notice. Google also objects to this request to the extent it is designed to seek information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. Google further objects to this request as overly broad and unduly burdensome to the extent that it seeks documents going back to 2008 when the Incognito Notice was created, eight years before the June 1, 2016 start of the Class Period. The Incognito Notices of 2008 are irrelevant to the claims and defenses in this action; therefore, the likelihood of obtaining relevant information going back to 2008, if any, is outweighed by the burden of providing it.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce all versions of the Incognito Notice from June 1, 2016 to the present, and non-privileged, non-work product, responsive documents concerning changes to the Incognito Notice for the same period, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.


**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify all persons involved with the creation of and any modification to Google's Privacy Policy.


**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as overly broad and unduly burdensome because the request seeks "all persons" that were "involved" with the creation of and any modification to Google's Privacy

1  Policy, no matter how small or peripheral their involvement. Google further objects to this request

2  because it seeks documents "sufficient to identify" individuals with potentially disparate job

3  responsibilities and over an undefined period of time, which are unlikely to exist in the ordinary

4  course of business, and therefore this request is better suited to an Interrogatory. For these reasons,

5  the request is not proportional to the needs of the case, and the burden of the proposed discovery

6  outweighs any likely benefit.

7          Subject to and without waiving the foregoing objections, Google responds as follows:

8  Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and

9  to appropriately narrow the scope of this request.

10

11  **REQUEST FOR PRODUCTION NO. 25:**

12          Documents concerning Google's representation in its Privacy Policy that users are "in

13  control" and can limit how data is shared with Google.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

16          Google incorporates its General Objections as if set forth fully herein. Google further

17  objects to this request to the extent it misconstrues Google's Privacy Policy, which speaks for

18  itself. Google also objects to the phrase "how data is shared with Google," because Plaintiffs do

19  not clarify what kind of "data" this request concerns and the phrase is not a quote from Google's

20  Privacy Policy. Google further objects to this request to the extent that it is designed to seek

21  information protected from discovery by the attorney-client privilege, work-product doctrine, the

22  common-interest privilege, or any other privilege or immunity. For these reasons, the request is

23  not proportional to the needs of the case, and the burden of the proposed discovery outweighs any

24  likely benefit.

25          Subject to and without waiving the foregoing objections, Google responds as follows:

26  Google will produce non-privileged, non-work product, responsive documents concerning

27  Google's representation in its Privacy Policy under the "Search & browse privately" header that

28  reads: "You're in control of what information you share with Google when you search," to the

1  extent that such documents exist, are within Google's possession, custody, or control, and can be

2  located following a reasonable search.

3

4  **REQUEST FOR PRODUCTION NO. 26:**

5      Documents concerning Google's May 2018 modification to its Privacy Policy to state:

6  "You can use our services in a variety of ways to manage your privacy. . . . You can also choose

7  to browse the web privately using Chrome in Incognito mode."

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

10     Google incorporates its General Objections as if set forth fully herein. Google further

11  objects to this request to the extent that it is designed to seek information protected from discovery

12  by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any

13  other privilege or immunity. Google's past and present Privacy Policies, as well as Chrome Privacy

14  Notices, are publicly available, including clear comparisons among the Privacy Policies that reflect

15  changes made. Therefore, Plaintiffs can obtain the information they seek from publicly available

16  sources. Google further objects to this request because Google's Privacy Policy speaks for itself.

17  For these reasons, the request is not proportional to the needs of the case, and the burden of the

18  proposed discovery outweighs any likely benefit.

19     Subject to and without waiving the foregoing objections, Google responds as follows:

20  Google will produce non-privileged, non-work product, responsive documents, to the extent that

21  such documents exist, are within Google's possession, custody, or control, and can be located

22  following a reasonable search.

23

24  **REQUEST FOR PRODUCTION NO. 27:**

25     Documents concerning any changes to Google's Privacy Policy regarding user control and

26  private browsing mode that were proposed or considered but not adopted by Google.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous because it seeks documents concerning any changes "regarding user control and private browsing mode," without identifying which changes Plaintiffs are interested in. Google's past and present Privacy Policies are publicly available, including clear comparisons among the Privacy Policies that reflect changes made. Therefore, Plaintiffs have sufficient information at their disposal to prepare a proper request. Further, Google objects to this request as vague and ambiguous as to the meaning of the phrase "were proposed or considered but not adopted" because it does not clarify whether it is limited to formal consideration given to policy changes or whether it would encompass even informal discussions about changes considered, which would be impossible to capture and would unduly increase the burden associated with responding to this request. Google further objects to this request as it appears to be designed to seek information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to identify all persons involved with the creation of and any modification to Google's controls relating to private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "Google's controls relating to private browsing mode," which is neither self-evident nor defined. Therefore, it is

10

unclear what kinds of "controls" related to private browsing mode are the subject of Plaintiffs'
request. Nor is it clear what "controls" related to private browsing mode in browsers other than
Chrome Google would have the ability to create or modify. Google further objects to this request
as overbroad because it seeks information regarding any "private browsing mode" for any browser,
even those which no Plaintiff has alleged he or she used to browse privately. Google further objects
to this request as overly broad and unduly burdensome because the request seeks "all persons" that
were "involved" with the creation of and any modification to certain undefined controls relating
to private browsing mode, no matter how small or peripheral their involvement. Google further
objects to this request because it seeks documents "sufficient to identify" individuals with
potentially disparate job responsibilities and over an undefined period of time, which are unlikely
to exist in the ordinary course of business, and therefore this request is better suited to an
Interrogatory. For these reasons, the request is not proportional to the needs of the case, and the
burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows:
Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and
to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 29:**

Documents concerning Google's representation that users can browse privately using
private browsing mode in a browser like Chrome or Safari.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Google incorporates its General Objections as if set forth fully herein. Google further
objects to this request as vague and ambiguous as to the meaning of the phrase "representation,"
including because Plaintiffs do not specify whether this request seeks public statements or
otherwise. For the purposes of responding to this request, Google assumes that "representation"
means public-facing statements by Google. Google further objects to this request as overbroad
because it seeks information regarding any "private browsing mode" for any browser, even those

1  which no Plaintiff has alleged he or she used to browse privately. Google further objects to this

2  request as vague and ambiguous in its use of the phrase "in a browser like Chrome or Safari"

3  because it is unclear what other browsers it purports to include. Further, to the extent it purports to

4  include browsers owned by third parties, it is incongruent to seek Google's "representation that

5  users can browse privately" on those browsers. Google's public statements regarding Chrome's

6  Incognito private browsing mode can be found in various publicly available sources, such as within

7  Chrome itself upon opening Incognito mode, the Google Chrome Help Center, and the Google

8  Chrome Privacy Notice. Therefore, Plaintiffs can obtain certain responsive information from

9  publicly available sources. For these reasons, the request is not proportional to the needs of the

10  case, and the burden of the proposed discovery outweighs any likely benefit.

11      Subject to and without waiving the foregoing objections, Google responds as follows:

12  Google will produce public statements made by Google regarding Chrome's Incognito private

13  browsing mode from June 1, 2016 to the present, to the extent that such documents exist, are within

14  Google's possession, custody, or control, and can be located following a reasonable search.

15

16  **REQUEST FOR PRODUCTION NO. 30:**

17      Documents concerning any changes to Google's controls regarding private browsing mode

18  that were proposed or considered but not adopted by Google.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

21      Google incorporates its General Objections as if set forth fully herein. Google further

22  objects to this request as vague and ambiguous as to the meaning of the phrase "controls regarding

23  private browsing mode," which is neither self-evident nor defined. It is unclear what type and

24  scope of "controls" regarding private browsing mode Plaintiffs are referring to, whether these

25  controls are technical or policy-related, and whether they are limited in scope to the collection of

26  data or some other issue. Google further objects to this request as vague and ambiguous as to the

27  meaning of the terms "proposed" and "considered," which do not clarify whether this request is

28  limited to formal proposals or considerations based on policy changes or whether it would

Case No. 5:20-cv-03664-LHK-SVK

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

1    encompass even informal discussions about proposals or changes considered, which would be

2    impossible to capture and would unduly increase the burden associated with responding to this

3    request. Google further objects to this request as overly broad and unduly burdensome because the

4    request is not limited in scope and may encompass changes that were proposed or considered but

5    not adopted that have nothing to do with the central allegation in this case—namely, the

6    purportedly unauthorized collection of certain browsing activity data by Google Analytics and

7    Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while

8    signed out of their Google Account from June 1, 2016 to the present. Google further objects to this

9    request as overbroad because it seeks information regarding any "private browsing mode" for any

10   browser, even those which no Plaintiff has alleged he or she used to browse privately. Google

11   further objects to this request to the extent it is designed to seek information protected from

12   discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege,

13   or any other privilege or immunity. For these reasons, the request is not proportional to the needs

14   of the case, and the burden of the proposed discovery outweighs any likely benefit.

15        Subject to and without waiving the foregoing objections, Google responds as follows:

16   Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs are

17   seeking and to appropriately narrow the scope of this request.

18

19   **REQUEST FOR PRODUCTION NO. 31:**

20        Google's written representations to and agreements with websites, publishers, and web

21   applications that use Google services, including but not limited to what data Google collects and

22   how Google complies with laws and regulations regarding the collection of data.

23

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

25        Google incorporates its General Objections as if set forth fully herein. Google further

26   objects to this request as vague and ambiguous as to the meaning of the phrases "what data Google

27   collects" and "the collection of data, "which are neither self-evident nor defined. Google also

28   objects to this request as overly broad and unduly burdensome to the extent it seeks "written

13

1  representations to and agreements" related to *all* Google services. In this litigation, the only

2  relevant Google services are Google Analytics and Google Ad Manager. Google further objects to

3  this request as vague and ambiguous as to the meaning of the phrase "written representations to

4  and agreements with websites, publishers, and web applications that use Google services," because

5  Plaintiffs do not clarify whether it could refer to documents other than formal policies or

6  agreements. To the extent it does refer to such documents, this request is overbroad and unduly

7  burdensome because it seeks a multitude of irrelevant documents pertaining to "written

8  representations" to thousands of websites that use Google's services. For these reasons, the request

9  is not proportional to the needs of the case, and the burden of the proposed discovery outweighs

10  any likely benefit.

11      Google will produce publicly available policies regarding Google Analytics' and Google

12  Ad Manager's collection of data from June 1, 2016 to the present, to the extent that such documents

13  exist, are within Google's possession, custody, or control, and can be located following a

14  reasonable search.

15

16  **REQUEST FOR PRODUCTION NO. 32:**

17      Documents concerning Google's September 2016 representation—made on various

18  occasions, including at https://blog.google/products/search/the-latest-updates-and-improvements-

19  for/—that: "When you have incognito mode turned on in your settings, your search and browsing

20  history will not be saved."

21

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

23      Google incorporates its General Objections as if set forth fully herein. Google further

24  objects to this request because Plaintiffs fail to properly identify what documents, if any, they are

25  seeking that are beyond the public available blog post that Plaintiffs identify in this request. Simply

26  saying that they seek documents "concerning" Google's representation, especially in light of the

27  objectionably broad definition of "concerning" Plaintiffs have put forth, is insufficient to identify

28  the documents with particularity. Google further objects to this request to the extent it is designed

to seek information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 33:**

Documents concerning the definition, meaning, understanding, or interpretation of any of these following terms and phrases: private, privacy, control, your data, your search and browsing history, browse privately, and incognito.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "definition, meaning, understanding, or interpretation," which is neither self-evident nor defined. For example, Plaintiffs do not clarify whose "understanding" or "interpretation" this request concerns or why any such understanding or interpretation would go beyond these terms' plain, widely understood meanings. Google further objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request.

1  **REQUEST FOR PRODUCTION NO. 34:**

2      Documents concerning the Google representations identified in Paragraph 146 of the First

3  Amended Complaint, alleging misstatements by Google throughout the Class Period.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

6      Google incorporates its General Objections as if set forth fully herein. Google further

7  objects to this request as vague and ambiguous as to the meaning of the phrase "the Google

8  representations identified in Paragraph 146 of the First Amended Complaint, alleging

9  misstatements by Google throughout the Class Period." First, Google denies that it has made any

10  "misstatements" at all. Second, Plaintiffs fail to properly identify what documents, if any, they are

11  seeking that are beyond the alleged "Google representations identified in Paragraph 146 of the

12  First Amended Complaint." Simply saying that they seek documents "concerning" these

13  representations, especially in light of the objectionably broad definition Plaintiffs have put forth,

14  is insufficient to identify the documents with particularity.

15      Subject to and without waiving the foregoing objections, Google responds as follows:

16  Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and

17  to appropriately narrow the scope of this request.

18

19  **REQUEST FOR PRODUCTION NO. 35:**

20      Google's internal documents relating to consumers' control over and transparency about

21  how consumers' data is intercepted, collected, stored, used, shared, and disposed.

22

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

24      Google incorporates its General Objections as if set forth fully herein. Google further

25  objects to this request as vague and ambiguous as to the meaning of the phrase "consumers' control

26  over and transparency about," and the term "disposed," neither of which are neither self-evident

27  nor defined. Google also objects to the use of term "intercepted" to the extent it assumes that

28  Google somehow "intercepts" data unlawfully. Further, the use of the term "consumer" is vague

1  and ambiguous to the extent it denotes something other than the term "user" found in Plaintiffs'

2  other requests. Google further objects to the phrase "how consumers' data is intercepted, collected,

3  stored, used, shared, and disposed" because Plaintiffs do not clarify what kind of "data" and which

4  "Google" product this request concerns. Because the request is not limited in scope and

5  encompasses matters and products that have no relation to Plaintiffs' particular allegations here, it

6  is overly broad and unduly burdensome. Google objects to this request to the extent it is designed

7  to seek information protected from discovery by the attorney-client privilege, work-product

8  doctrine, the common-interest privilege, or any other privilege or immunity. For these reasons, the

9  request is not proportional to the needs of the case, and the burden of the proposed discovery

10  outweighs any likely benefit.

11     Subject to and without waiving the foregoing objections, Google responds as follows:

12  Google will produce non-privileged, non-work product, responsive documents concerning the

13  control logged-out users have over Google's collection, storage, and use of their browsing data

14  and Google's disclosures to users about the same, to the extent that such documents exist, are

15  within Google's possession, custody, or control, and can be located following a reasonable search.

16

17  **REQUEST FOR PRODUCTION NO. 36:**

18     Documents concerning users' privacy expectations, including any internal Google studies

19  or assessment regarding users' privacy expectations.

20

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

22     Google incorporates its General Objections as if set forth fully herein. Google further

23  objects to this request as vague and ambiguous as to the meaning of the phrase "consumers' control

24  over and transparency about," and the term "disposed," which are neither self-evident nor defined.

25  Google also objects to the use of term "intercepted" to the extent it assumes that Google somehow

26  "intercepts" data unlawfully. Further, the use of the term "consumer" is vague and ambiguous to

27  the extent it denotes something other than the term "user" found in Plaintiffs' other requests.

28  Google further objects to the phrase "how consumers' data is intercepted, collected, stored, used,

17

shared, and disposed" because Plaintiffs do not clarify what kind of "data" and which "Google" product this request concerns. Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and encompasses matters and products that have no relation to Plaintiffs' particular allegations here. Google further objects to this request to the extent it is designed to seek information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, responsive studies concerning the control logged-out users have over Google's collection, storage, and use of their browsing data and Google's disclosures to users about the same, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 37:**

Documents concerning users' understanding of Google's privacy disclosures and controls, including any internal Google studies or assessment regarding these issues.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "internal Google studies or assessment," as it could refer to documents other than formal studies or assessments. Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and encompasses matters and Google products that have no relation to Plaintiffs' allegations in this litigation. Google objects to this request to the extent it is designed to seek information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. Google further objects insofar as this request seeks documents related to Plaintiffs' understanding of Google's privacy

disclosures and controls, which are in Plaintiffs' possession, custody, or control. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, responsive studies related to logged-out users' understanding of Google's privacy disclosures and controls, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 38:**

Documents concerning users' understanding in connection with private browsing mode, including any internal Google studies or assessment regarding this issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "internal Google studies or assessment," which is neither self-evident nor defined. Google objects to this request as overly broad and unduly burdensome to the extent it is meant to include documents other than formal studies or assessments. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. Google further objects to this request to the extent it is designed to seek information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. Google further objects insofar as this request seeks documents related to Plaintiffs' understanding of the Incognito private browsing mode, which are in Plaintiffs' possession, custody, or control. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

1    Subject to and without waiving the foregoing objections, Google responds as follows:

2    Google will produce non-privileged, non-work product, responsive studies related to users'

3    understanding of Chrome's Incognito private browsing mode, to the extent that such documents

4    exist, are within Google's possession, custody, or control, and can be located following a

5    reasonable search.

6

7    **REQUEST FOR PRODUCTION NO. 39:**

8    Documents concerning, as reflected in documents Google produced or provided to the

9    Arizona Attorney General, the "overall mess" that Google had "with regards to data collection,

10   consent, and storage."

11

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

13   Google incorporates its General Objections as if set forth fully herein. Google objects to

14   this request to the extent it is duplicative of Request for Production No. 2, and incorporates its

15   objections and response to that request. Google further objects to this request as overly broad and

16   unduly burdensome because the request is not limited in scope and encompasses matters that have

17   no relation to Plaintiffs' central allegations in this litigation. The fact that Google produced

18   documents in other actions or contexts, including to the Arizona Attorney General, does not make

19   such documents even remotely relevant to this case. Further, Plaintiffs' request for cloned

20   discovery is highly likely to encompass documents that are both irrelevant and immaterial to the

21   claims and defenses in this case. Google would have to review the cloned discovery and determine

22   whether there are any additional privilege or confidentiality issues in producing them to private

23   plaintiffs (as opposed to government agencies). Thus, the request is not proportional to the needs

24   of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further

25   objects insofar as this request, while purporting to quote from internal Google documents or

26   communications, actually misconstrues those documents, which speak for themselves. For these

27   reasons, Google will not produce documents in response to this request.

28

Case No. 5:20-cv-03664-LHK-SVK

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

1  **REQUEST FOR PRODUCTION NO. 40:**

2      Documents sufficient to identify all disclosures to users concerning Google's collection of

3  data of users in private browsing mode.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

6      Google incorporates its General Objections as if set forth fully herein. Google further

7  objects to this request as vague and ambiguous as to the meaning of the phrase "disclosures,"

8  which is neither self-evident or defined. For example, Plaintiffs do not specify whether this request

9  seeks public disclosures or otherwise. For the purposes of responding to this request, Google

10 assumes that "disclosures" means public-facing disclosures by Google. Google further objects to

11 this request as overbroad because it seeks information regarding any "private browsing mode" for

12 any browser, even those which no Plaintiff has alleged he or she used to browse privately. Google

13 further objects to the phrase "Google's collection of data of users" because Plaintiffs do not clarify

14 what kind of "data" this request concerns. Therefore, Google assumes that this request seeks

15 documents related to the public disclosures related to Plaintiffs' central allegation in this case—

16 the collection of certain browsing activity data by Google Analytics and Google Ad Manager while

17 Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google

18 Account. Google's disclosures and statements regarding Google's collection of data can be found

19 in various publicly available sources, such as Google's Privacy Policy and Google Analytics Help

20 Center, and for Chrome Incognito, the Google Chrome Privacy Notice. Archived versions of past

21 Privacy Policy and Chrome Privacy Notice are also public. Therefore, Plaintiffs can obtain

22 responsive information from publicly available sources. For these reasons, the request is not

23 proportional to the needs of the case, and the burden of the proposed discovery outweighs any

24 likely benefit.

25      Subject to and without waiving the foregoing objections, Google responds as follows:

26 Google will produce public disclosures made by Google regarding Google Analytics' and Google

27 Ad Manager's collection of data while users are in a private browsing mode from June 1, 2016 to

28

the present, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to identify all disclosures to or by websites and publishers concerning Google's collection of data of users in private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Google incorporates its General Objections as if set forth fully herein. Google objects to this request as vague and ambiguous as to the meaning of the phrase "concerning Google's collection of data," which is neither self-evident nor defined. For the purposes of responding to this request, Google assumes that "Google's collection of data" means the category or type of browsing activity data that Google Analytics and Google Ad Manager purportedly collected while users browse in private browsing mode. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "disclosures to or by websites, publishers" because Plaintiffs do not clarify which "websites and publishers" this request concerns, and "disclosures" could refer to documents other than formal policies or agreements. To the extent that this request seeks the privacy policies of the websites that use Google Analytics and Google Ad Manager, those policies are public and readily available to Plaintiffs. Therefore, Plaintiffs can obtain certain responsive information from publicly available sources. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce public disclosures made by Google regarding Google Analytics' and Google Ad Manager's collection of data while users are in a private browsing mode from June 1, 2016 to

1  the present, to the extent that such documents exist, are within Google's possession, custody, or

2  control, and can be located following a reasonable search.

3

4  **REQUEST FOR PRODUCTION NO. 42:**

5      Documents concerning any action that Google contends constitutes consent to Google's

6  data collection while users are in private browsing mode.

7

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

9      Google incorporates its General Objections as if set forth fully herein. Google objects to

10  this request as vague and ambiguous as to the meaning of the phrase "Google's data collection,"

11  which is neither self-evident nor defined. For the purposes of responding to this request, Google

12  assumes that "Google's data collection" means the category or type of browsing activity data that

13  Google Analytics and Google Ad Manager purportedly collected while users browse in private

14  browsing mode. Google clearly discloses to users, including Plaintiffs, its data collection practices

15  in its past and current Privacy Policies as well as in other public disclosures. Therefore, Plaintiffs

16  can obtain certain responsive information from publicly available sources. Google further objects

17  to this request as overbroad because it seeks information regarding any "private browsing mode"

18  for any browser, even those which no Plaintiff has alleged he or she used to browse privately.

19  Google further objects insofar as this request seeks documents related to Plaintiffs' consent, many

20  of which are in Plaintiffs' possession, custody, or control. For these reasons, the request is not

21  proportional to the needs of the case, and the burden of the proposed discovery outweighs any

22  likely benefit. Likewise, Google objects to the request as premature to the extent that it seeks

23  documents supporting Google's "conten[tions]" before Google has had the opportunity to conduct

24  full discovery.

25      Subject to and without waiving the foregoing objections, Google responds as follows:

26  Google will produce non-privileged, non-work product, responsive documents showing that

27  Plaintiffs accepted, acknowledged, agreed to, or consented to Google Analytics' and Google Ad

28  Manager's purported collection of certain data while Plaintiffs were browsing certain websites in

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

private browsing mode while signed out of their Google Account, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 43:**

Documents concerning any lack of consent, by any party, to Google's data collection while users are in private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Google incorporates its General Objections as if set forth fully herein. Google objects to this request as vague and ambiguous as to the meaning of the phrase "Google's data collection," which is neither self-evident nor defined. For the purposes of responding to this request, Google assumes that "Google's data collection" means the browsing activity data that Google Analytics and Google Ad Manager purportedly collected while users browse in private browsing mode. Google further objects to this request as overly broad and unduly burdensome to the extent that this request seeks documents related to "any lack of consent [] by any party" other than users who visited websites in private browsing mode while signed out of their Google Account from June 1, 2016 to the present, because it is unclear who else it could refer to and also because it has little, if any, bearing on the claims and defenses in this action. Google further objects insofar as this request seeks documents related to Plaintiffs' consent or the alleged lack thereof, many of which are in Plaintiffs' possession, custody, or control. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 44:**

Documents concerning Google's decision to not make data Google collected while users were in private browsing mode viewable to users through their Google account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "viewable to users through their Google account," which is neither self-evident nor defined. Google further objects to this request as vague and ambiguous as to the meaning of the term "decision," to the extent it assumes that Google made an affirmative decision to "not make data Google collected while users were in private browsing mode viewable to users through their Google account." Google further objects to this request as overly broad and unduly burdensome because Plaintiffs do not clarify the phrase "data Google collected while users were in private browsing mode." For the purposes of responding to this request, Google assumes this phrase refers to the browsing activity data collected by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce documents sufficient to show that data collected by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account is not associated with a user's Google Account, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

1    **REQUEST FOR PRODUCTION NO. 45:**

2         Google's logs relating to the data it collects directly and indirectly from, about, or on

3    consumers, particularly with regard to data collected on consumers using private browsing mode.

4

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

6         Google incorporates its General Objections as if set forth fully herein. Google further

7    objects to this request as vague and ambiguous as to the meaning of the phrase "Google's logs

8    relating to the data it collects directly and indirectly," which is neither self-evident nor defined. It

9    is unclear what kind of "logs" related to private browsing mode are the subject of Plaintiffs'

10   request. Nor is it clear what the distinction between "directly" and "indirectly" is supposed to refer

11   to. Google further objects to this request as overbroad because it seeks information regarding any

12   "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used

13   to browse privately. Google further objects to this request as overly broad and unduly burdensome

14   to the extent the request seeks user-level data for all Google consumers with no meaningful

15   limitation. Plaintiffs' request encompasses documents that are both irrelevant and immaterial to

16   the claims and defenses in this case. Thus, the request is not proportional to the needs of the case,

17   and the burden of the proposed discovery outweighs any likely benefit. For these reasons, Google

18   will not produce documents in response to this request.

19

20   **REQUEST FOR PRODUCTION NO. 46:**

21        Documents sufficient to show how Google scripts on websites cause a user's device to send

22   information to Google's servers, including when users are in private browsing mode.

23

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

25        Google incorporates its General Objections as if set forth fully herein. Google further

26   objects to this request as vague and ambiguous as to the meaning of the term "cause a user's device

27   to send information to Google's servers," which is neither self-evident nor defined. Google further

28   objects to the phrase "cause a user's device to send information to Google's servers" as overly

broad and unduly burdensome because Plaintiffs do not clarify what kind of "information" this request concerns. Therefore, Google assumes that this request seeks documents related to the public disclosures related to Plaintiffs' central allegation in this case—namely, the purportedly unauthorized collection of certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account from June 1, 2016 to the present. Further, Google discloses scripts for Google Analytics and Google Ad Manager on websites that cause a user's device to send information to Google's servers in various publicly available sources, such as Google's developer pages. Therefore, Plaintiffs can obtain certain responsive information from publicly available sources. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce publicly available source code and technical documentation regarding Google scripts that cause a user's device to send information to Google's servers, including when users are in private browsing mode, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

## REQUEST FOR PRODUCTION NO. 47:

Google source code for the Google scripts that cause a user's device to send information to Google's servers when users are in private browsing mode.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the term "cause a user's device to send information to Google's servers," which is neither self-evident nor defined. Google further objects to the phrase "cause a user's device to send information to Google's servers" as overly

Case No. 5:20-cv-03664-LHK-SVK
DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 20-149)

broad and unduly burdensome because Plaintiffs do not clarify what kind of "information" this request concerns. Therefore, Google assumes that this request seeks documents related to the source code related to Plaintiffs' central allegation in this case—namely, the purportedly unauthorized collection of certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account from June 1, 2016 to the present. Further, Google discloses Google source code for the Google scripts that cause a user's device to send information to Google's servers, including when users are in private browsing mode, in various publicly available sources. Therefore, Plaintiffs can obtain certain responsive information from publicly available sources. The production of non-public, proprietary source code is not necessary to ascertain any particular issue relevant to Plaintiffs' allegations. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce publicly available source code regarding Google scripts that cause a user's device to send information to Google's servers when users are in private browsing mode, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 48:**

Google's technical documents relating to how its technologies and services work with the consumer data that it collects directly and indirectly, particularly with regard to data collected while consumers are in private browsing mode.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

2        Google incorporates its General Objections as if set forth fully herein. Google further

3    objects to this request as vague and ambiguous as to the meaning of the phrase "data collected

4    while consumers are in private browsing mode," which is neither self-evident nor defined,

5    including because it uses the term "consumer data" as opposed to the term "user data" used in

6    other requests without clarifying whether it contemplates a difference between "consumer" and

7    "user." Google further objects to this request as overly broad and unduly burdensome because it

8    could potentially encompass all user data collected by Google, including data that has no relevance

9    to this case. The request is also vague in its use of the phrase "how its technologies and services

10   work with the consumer data that it collects directly and indirectly," in that it does not specify

11   what it means by "work with" the data. Google further objects to this request as overbroad because

12   it seeks information regarding any "private browsing mode" for any browser, even those which no

13   Plaintiff has alleged he or she used to browse privately. Thus, the request is not proportional to the

14   needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

15       Subject to and without waiving the foregoing objections, Google responds as follows:

16   Google will produce non-privileged, non-work product, responsive documents sufficient to show

17   the technical aspects of how Google Analytics and Google Ad Manager's handle the browsing

18   activity data collected while users are using a private browsing mode from June 1, 2016 to the

19   present, to the extent that such documents exist, are within Google's possession, custody, or

20   control, and can be located following a reasonable search.

21

22   **REQUEST FOR PRODUCTION NO. 49:**

23       Google's technical documents relating to how Google tracks individual consumers, their

24   devices, and their locations.

25

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

27       Google incorporates its General Objections as if set forth fully herein. Google further

28   objects to this request as vague and ambiguous as to the meaning of the phrase "tracks individual

consumers," including because it uses the term "consumer" as opposed to the term "user data" used in other requests without clarifying whether it contemplates a difference between "consumer" and "user," and because it does not clarify what "tracks" means in the context of this request. Google further objects to this request as overly broad and unduly burdensome to the extent it seeks information regarding "tracking" of consumers that is not relevant to any claims or defenses in this litigation. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, responsive documents sufficient to show the technical aspects of how Google Analytics and Google Ad Manager's collect the browsing activity data collected while users are using a private browsing mode from June 1, 2016 to the present, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to identify all websites and publishers that use Google Analytics.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to the phrase "websites and publishers that use Google Analytics" as overly broad and unduly burdensome because identifying all of Google Analytics' clients is not relevant to the claims or defenses in this litigation. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request.

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

1    **REQUEST FOR PRODUCTION NO. 51:**

2        Google source code embedded into the code of websites that use Google Analytics.

3

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

5        Google incorporates its General Objections as if set forth fully herein. Google further

6    objects to this request as overly broad and unduly burdensome because Google Analytics has many

7    different aspects and websites that use Google Analytics may also use other Google services that

8    are not relevant to the central allegations in this litigation. Google further objects to this request as

9    overly broad and unduly burdensome to the extent it seeks each and every piece of Google code

10   that thousands of websites that use Google Analytics have embedded. Google discloses Google

11   source code embedded into the code of websites that use Google Analytics in various publicly

12   available sources, such as Google's developer pages. Therefore, Plaintiffs can obtain certain

13   responsive information from publicly available sources. The production of non-public, proprietary

14   source code is not necessary to ascertain any particular issue relevant to Plaintiffs' allegations. For

15   these reasons, the request is not proportional to the needs of the case, and the burden of the

16   proposed discovery outweighs any likely benefit.

17       Subject to and without waiving the foregoing objections, Google responds as follows:

18   Google will produce publicly available source code regarding the current version of Google

19   Analytics to the extent that such source code exists, is within Google's possession, custody, or

20   control, and can be located following a reasonable search.

21

22   **REQUEST FOR PRODUCTION NO. 52:**

23       Documents sufficient to show all types and the amount of data collected with Google

24   Analytics, including in connection with users' activity while in a private browsing mode.

25

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

27       Google incorporates its General Objections as if set forth fully herein. Google objects to

28   this request to the extent it is duplicative of Request for Production No. 8, and incorporates its

objections and response to that request. Google further objects to the terms "type" and "amount" as vague and ambiguous because it does not clarify what kind of "data" it concerns. This defect also causes the request to be overly broad and unduly burdensome because it is not limited in scope. To the extent the request is limited to user browsing data, Google clearly discloses to users, including Plaintiffs, its data collection practices, including the category or type of data Google collects, in its past and current Privacy Policies as well as in other public disclosures. Therefore, Plaintiffs can obtain certain responsive information from publicly available sources. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, responsive documents sufficient to identify the types of data Google Analytics collected while logged-out users were using a private browsing mode from June 1, 2016 to the present, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 53:**

Documents sufficient to show all ways in which Google uses data gathered through Google Analytics, including data collected in connection with users' activity while in a private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Google incorporates its General Objections as if set forth fully herein. Google objects to this request to the extent it is duplicative of Request for Production No. 9, and incorporates its objections and response to that request. Google further objects to this request as vague and ambiguous because it does not clarify what kind of "data" it concerns. This defect also causes the request to be overly broad and unduly burdensome because it is not limited in scope. To the extent

1   the request is limited to user browsing data, Google clearly discloses to users, including Plaintiffs,

2   its data collection and use practices in its past and current Privacy Policies as well as in other public

3   disclosures. Therefore, Plaintiffs can obtain certain responsive information from publicly available

4   sources. Google further objects to this request as overbroad because it seeks information regarding

5   any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she

6   used to browse privately. For these reasons, the request is not proportional to the needs of the case,

7   and the burden of the proposed discovery outweighs any likely benefit.

8       Subject to and without waiving the foregoing objections, Google responds as follows:

9   Google will produce non-privileged, non-work product, responsive documents sufficient to show

10  how Google Analytics and Google Ad Manager may use data that Google Analytics collects while

11  logged-out users were using a private browsing mode from June 1, 2016 to the present, to the

12  extent that such documents exist, are within Google's possession, custody, or control, and can be

13  located following a reasonable search.

14

15  **REQUEST FOR PRODUCTION NO. 54:**

16      Google source code for Google Analytics and Google's various ad properties that run on

17  Google's servers, to assess how Google collects and uses data from users' activity while in a

18  private browsing mode.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

21      Google incorporates its General Objections as if set forth fully herein. Google further

22  objects to this request as vague and ambiguous as to the meaning of the phrase "various ad

23  properties that run on the Google's servers" which is neither self-evident nor defined. Google

24  further objects to the phrase "to assess how Google collects and uses data from users' activity" as

25  confusing in that it appears to be an indication of how Plaintiffs seek to use the information, not a

26  limitation or clarification of the request. Further, Google discloses Google source code for Google

27  Analytics sufficient to assess how Google collects and uses data from user's activity in various

28  publicly available sources, such as Google's developer pages. Therefore, Plaintiffs can obtain

Case No. 5:20-cv-03664-LHK-SVK

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

certain responsive information from publicly available sources. The production of non-public, proprietary source code is not necessary to ascertain any particular issue relevant to Plaintiffs' allegations. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce publicly available source code regarding the current versions of Google Analytics and Google Ad Manager to the extent that such source code exists, is within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 55:**

Google schemas or definition files sufficient to define the data structures used to communicate between client-side scripts and their backends, to assess how Google collects and uses data in connection with users' activity while in a private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request to the extent it is duplicative of Request No. 54. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "Google schemas or definition files sufficient to define the data structures used to communicate between client-side scripts and their backends," which is neither self-evident nor defined. Google further objects to the phrase "to assess how Google collects and uses data from users' activity" as confusing in that it appears to be an indication of how Plaintiffs seek to use the information, not a limitation or clarification of the request. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs to understand the information sought and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to identify all persons involved with defining the Google Analytics strategy and product roadmap, including in connection with data collected in connection with users' activity while in a private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "defining the Google Analytics strategy and product roadmap," which is neither self-evident nor defined. Google further objects to this request as overly broad and unduly burdensome because the request seeks "all persons" that were "involved" with a certain task, no matter how small their involvement or peripheral to the central allegation in this case—namely, the purportedly unauthorized collection of certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account from June 1, 2016 to the present. Google further objects to this request because it seeks documents "sufficient to identify" individuals with potentially disparate job responsibilities and over an undefined period of time, which are unlikely to exist in the ordinary course of business, and therefore this request is better suited to an Interrogatory. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

1    Subject to and without waiving the foregoing objections, Google responds as follows:

2    Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and

3    to appropriately narrow the scope of this request.

4

5    **REQUEST FOR PRODUCTION NO. 57:**

6    Documents sufficient to identify all websites and publishers that use Google Analytics User

7    ID.

8

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

10    Google incorporates its General Objections as if set forth fully herein. Google further

11    objects to the phrase "all websites and publishers that use Google Analytics User  ID" as overly

12    broad and unduly burdensome because identifying all of Google Analytics' clients that use the

13    User ID feature is not relevant to the claims or defenses in this litigation. For these reasons, the

14    request is not proportional to the needs of the case, and the burden of the proposed discovery

15    outweighs any likely benefit.

16    Subject to and without waiving the foregoing objections, Google responds as follows:

17    Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and

18    to appropriately narrow the scope of this request.

19

20    **REQUEST FOR PRODUCTION NO. 58:**

21    Google source code embedded into the code of websites that use Google Analytics User

22    ID.

23

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

25    Google incorporates its General Objections as if set forth fully herein. Google further

26    objects to this request as overly broad and unduly burdensome because websites that use Google

27    Analytics User ID may also contain Google source code that is not relevant to Plaintiffs' claims.

28    Further, Google discloses Google source code for websites that use Google Analytics User ID in

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

various publicly available sources, such as Google's developer pages. Therefore, Plaintiffs can obtain certain responsive information from publicly available sources. The production of non-public, proprietary source code is not necessary to ascertain any particular issue relevant to Plaintiffs' allegations. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce publicly available source code regarding the current version of Google Analytics User IDs, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 59:**

Documents sufficient to show all types and the amount of data collected with Google Analytics User-ID, including in connection with users' activity while in a private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Google incorporates its General Objections as if set forth fully herein. Google objects to this request to the extent it is duplicative of Request for Production No. 8, and incorporates its objections and response to that request. Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and encompasses matters that have no relation to Plaintiffs' central allegation—namely, the purportedly unauthorized collection of certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account from June 1, 2016 to the present. Google clearly discloses to users, including Plaintiffs, its data collection practices, including the type of data Google collects, in its past and current Privacy Policies as well as in other public disclosures. Therefore, Plaintiffs can obtain certain responsive information from publicly available sources. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. For these reasons, the request is

1   not proportional to the needs of the case, and the burden of the proposed discovery outweighs any

2   likely benefit.

3          Subject to and without waiving the foregoing objections, Google responds as follows:

4   Google will produce non-privileged, non-work product, responsive documents sufficient to

5   identify the types of data collected with the Google Analytics User-ID while logged-out users were

6   using a private browsing mode from June 1, 2016 to the present, to the extent that such documents

7   exist, are within Google's possession, custody, or control, and can be located following a

8   reasonable search.

9

10  **REQUEST FOR PRODUCTION NO. 60:**

11         Documents sufficient to show all ways in which Google uses data gathered through Google

12  Analytics User-ID, including data collected in connection with users' activity while in a private

13  browsing mode.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

16         Google incorporates its General Objections as if set forth fully herein. Google further

17  objects to this request as vague and ambiguous as to the meaning of the phrase "data gathered

18  through Google Analytics User-ID," which is neither self-evident nor defined. Google does not

19  gather any data through Google Analytics User-ID apart from the User-ID values that Google

20  Analytics customers send to Google, and Google Analytics does not distinguish between users

21  who are in a private browsing mode and users who are not in a private browsing mode. Therefore,

22  it is unclear what kinds of data are the subject of Plaintiffs' requests. Further, Google's disclosures

23  and statements regarding the uses of Google Analytics User-ID can be found in various publicly

24  available sources, such as in the Analytics Help Center and Google Analytics Developer

25  Resources. Therefore, Plaintiffs can obtain certain responsive information from publicly available

26  sources. Google further objects to this request as overbroad because it seeks information regarding

27  any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she

28

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

1  used to browse privately. For these reasons, the request is not proportional to the needs of the case,

2  and the burden of the proposed discovery outweighs any likely benefit.

3      Subject to and without waiving the foregoing objections, Google responds as follows:

4  Google will produce non-privileged, non-work product, responsive documents sufficient to show

5  the uses of "Google Analytics User-ID," to the extent that such documents exist, are within

6  Google's possession, custody, or control, and can be located following a reasonable search.

7

8  **REQUEST FOR PRODUCTION NO. 61:**

9      Documents sufficient to show how Google classifies its cookies, either as first-party or

10  third-party cookies.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

13      Google incorporates its General Objections as if set forth fully herein. Google further

14  objects to the phrase "how Google classifies its cookies, either as first-party or third-party cookies"

15  as overly broad and unduly burdensome because it may encompass documents that are not relevant

16  to the central allegations of the Complaint—namely, the purportedly unauthorized collection of

17  certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were

18  visiting certain websites in private browsing mode while signed out of their Google Account from

19  June 1, 2016 to the present. Further, documents regarding how Google classifies cookies can be

20  found in various publicly available sources, such as Google's developer pages. Therefore,

21  Plaintiffs can obtain certain responsive information from publicly available sources. For these

22  reasons, the request is not proportional to the needs of the case, and the burden of the proposed

23  discovery outweighs any likely benefit.

24      Subject to and without waiving the foregoing objections, Google responds as follows:

25  Google will produce publicly available documents regarding the classification of Google's

26  cookies, to the extent that such documents exist, are within Google's possession, custody, or

27  control, and can be located following a reasonable search.

28

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

1    **REQUEST FOR PRODUCTION NO. 62:**

2         Google source code embedded into the code of websites that use Google cookies.

3

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

5         Google incorporates its General Objections as if set forth fully herein. Google further

6    objects to this request as overly broad and unduly burdensome because websites that use Google

7    cookies may also contain Google source code that is not relevant to the central allegations of the

8    Complaint—namely, the purportedly unauthorized collection of certain browsing activity data by

9    Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private

10   browsing mode while signed out of their Google Account from June 1, 2016 to the present. Further,

11   Google discloses Google source code for websites that use Google cookies in various publicly

12   available sources, such as Google's developer pages. Therefore, Plaintiffs can obtain certain

13   responsive information from publicly available sources. The production of the non-public,

14   proprietary source code is not necessary to ascertain any particular issue relevant to Plaintiffs'

15   allegations. For these reasons, the request is not proportional to the needs of the case, and the

16   burden of the proposed discovery outweighs any likely benefit.

17        Subject to and without waiving the foregoing objections, Google responds as follows:

18   Google will produce publicly available source code regarding the current versions of Google

19   cookies to the extent that such source code exists, is within Google's possession, custody, or

20   control, and can be located following a reasonable search.

21

22   **REQUEST FOR PRODUCTION NO. 63:**

23        Documents sufficient to show all types and the amount of data collected with the Google

24   cookies, including in connection with users' activity while in a private browsing mode.

25

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

27        Google incorporates its General Objections as if set forth fully herein. Google objects to

28   this request to the extent it is duplicative of Request for Production No. 8, and incorporates its

objections and response to that request. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "the Google cookies," which is neither self-evident nor defined. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and encompasses Google products that have no relation to Plaintiffs' allegations in this litigation. Google clearly discloses to users, including Plaintiffs, its data collection practices, including the type of data Google collects, in its past and current Privacy Policies as well as in other public disclosures. Therefore, Plaintiffs can obtain certain responsive information from publicly available sources. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce publicly available documents sufficient to identify the types of data that are included in Google Analytics and Google Ad Manager cookies from June 1, 2016 to the present, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 64:**

Documents sufficient to show all ways in which Google uses data gathered through Google cookies, including data collected in connection with users' activity while in a private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "all ways in which Google uses data gathered through Google cookies," which is neither self-evident nor defined. It is unclear what kinds of "data gathered through Google cookies … in connection with … private

browsing mode" are the subject of Plaintiffs' request. Further, Google's disclosures and statements regarding the uses of Google cookies can be found in various publicly available sources, such as Google's Privacy Policy. Therefore, Plaintiffs can obtain certain responsive information from publicly available sources. Google further objects to this request as overbroad because it seeks data related to all Google Cookies without any limitation. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs are seeking and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 65:**

Documents sufficient to identify all websites and publishers that use Google Ad Manager.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to the phrase "websites and publishers that use Google Ad Manager" as overly broad and unduly burdensome because identifying all of Google Ad Manager's clients is not relevant to the claims or defenses in this litigation. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 66:**

Google source code embedded into the code of websites that use Google Ad Manager.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

2        Google incorporates its General Objections as if set forth fully herein. Google further

3    objects to this request as overly broad and unduly burdensome because websites that use Google

4    Ad Manager may also contain Google source code that is not relevant to the central allegations of

5    the Complaint—namely, the purportedly unauthorized collection of certain browsing activity data

6    by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in

7    private browsing mode while signed out of their Google Account from June 1, 2016 to the present.

8    Further, Google discloses Google source code for websites that use Google Ad Manager in various

9    publicly available sources, such as Google's developer pages. Therefore, Plaintiffs can obtain

10   certain responsive information from publicly available sources. The production of non-public,

11   proprietary source code is not necessary to ascertain any particular issue relevant to Plaintiffs'

12   allegations. For these reasons, the request is not proportional to the needs of the case, and the

13   burden of the proposed discovery outweighs any likely benefit.

14       Subject to and without waiving the foregoing objections, Google responds as follows:

15   Google will produce publicly available source code regarding the current version of Google Ad

16   Manager, to the extent that such source code exists, is within Google's possession, custody, or

17   control, and can be located following a reasonable search.

18

19   **REQUEST FOR PRODUCTION NO. 67:**

20       Documents sufficient to show all types and the amount of data collected with Google Ad

21   Manager, including in connection with users' activity while in a private browsing mode.

22

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

24       Google incorporates its General Objections as if set forth fully herein. Google objects to

25   this request to the extent it is duplicative of Request for Production No. 8, and incorporates its

26   objections and response to that request. Google further objects to this request as overly broad and

27   unduly burdensome because the request is not limited in scope and encompasses matters that have

28   no relation to Plaintiffs' central allegation—namely, the purportedly unauthorized collection of

certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account from June 1, 2016 to the present. Google clearly discloses to users, including Plaintiffs, its data collection practices, including the type of data Google collects, in its past and current Privacy Policies as well as in other public disclosures. Therefore, Plaintiffs can obtain certain responsive information from publicly available sources. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce publicly available documents sufficient to identify the types of data Google Ad Manager collected from June 1, 2016 to the present, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 68:**

Documents sufficient to show all ways in which Google uses data gathered through Google Ad Manager, including data collected in connection with users' activity while in a private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "all ways in which Google uses data gathered through Google Ad Manager," which is neither self-evident nor defined. Google Ad Manager does not differentiate between data collected while a user was using private browsing mode or not. As such, Google does not maintain documents or data in the ordinary course of business to identify whether data gathered through Google Ad Manager was collected while a

1  user was in private browsing mode. For the purposes of responding to this request, Google assumes

2  that "all ways in which Google uses data" refers to user-level data Google receives through and

3  processes for its Ad Manager services. Further, Google's disclosures and statements regarding the

4  use of data gathered through Google Ad Manager can be found in various publicly available

5  sources, such as in the Ad Manager Help Center and Ad Manager Developer Resources. Therefore,

6  Plaintiffs can obtain certain responsive information from publicly available sources. Google

7  further objects to this request as overbroad because it seeks information regarding any "private

8  browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to

9  browse privately. For these reasons, the request is not proportional to the needs of the case, and

10 the burden of the proposed discovery outweighs any likely benefit.

11     Subject to and without waiving the foregoing objections, Google responds as follows:

12 Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs are

13 seeking and to appropriately narrow the scope of this request.

14

15 **REQUEST FOR PRODUCTION NO. 69:**

16     Google source code associated with X-Client Data Header, GStatic, and Approved Pixels.

17

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

19     Google incorporates its General Objections as if set forth fully herein. Google further

20 objects to this request as vague and ambiguous as to the meaning of the phrase "associated with,"

21 which is neither self-evident nor defined. Google assumes Plaintiffs seek Google source code for

22 X-Client Data Header, GStatic, and Approved Pixels. Google further objects to the request for

23 documents pertaining to GStatic and Approved Pixels as overly broad and unduly burdensome.

24 GStatic and Approved Pixels have nothing to do with the central allegations in this case—namely,

25 the purportedly unauthorized collection of certain browsing activity data by Google Analytics and

26 Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while

27 signed out of their Google Account from June 1, 2016 to the present. Further, Google discloses

28 Google source code for X-Client Data Header, GStatic, and Approved Pixels in various publicly

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

1  available sources, such as its Chromium online source code repository. Therefore, Plaintiffs can

2  obtain certain responsive information from publicly available sources. The production of non-

3  public, proprietary source code is not necessary to ascertain any particular issue relevant to

4  Plaintiffs' allegations. For these reasons, the request is not proportional to the needs of the case,

5  and the burden of the proposed discovery outweighs any likely benefit.

6        Subject to and without waiving the foregoing objections, Google responds as follows:

7  Google will produce publicly available source code regarding the current version of X-Client Data

8  Header, to the extent that such source code exists, is within Google's possession, custody, or

9  control, and can be located following a reasonable search.

10

11  **REQUEST FOR PRODUCTION NO. 70:**

12        Google's technical documents relating to the use of Chrome's X-Client Data Header,

13  GStatic, and Approved Pixels.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

16        Google incorporates its General Objections as if set forth fully herein. Google objects to

17  this request as vague and ambiguous as to the meaning of the phrase "technical documents relating

18  to the use of" a particular product, which is neither self-evident nor defined. Google further objects

19  to the request for documents pertaining to GStatic and Approved Pixels as overly broad and unduly

20  burdensome. GStatic and Approved Pixels have nothing to do with the central allegations in this

21  case—namely, the purportedly unauthorized collection of certain browsing activity data by Google

22  Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private

23  browsing mode while signed out of their Google Account from June 1, 2016 to the present. Further,

24  Google's technical documents relating to the use of Chrome's X-Client Data Header, GStatic, and

25  Approved Pixels  are available via various publicly available sources, such as its Chromium online

26  source code repository. Therefore, Plaintiffs can obtain certain responsive information from

27  publicly available sources. For these reasons, the request is not proportional to the needs of the

28  case, and the burden of the proposed discovery outweighs any likely benefit. Google further

46                                          Case No. 5:20-cv-03664-LHK-SVK

objects to this request to the extent it is designed to seek information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, responsive documents sufficient to show the technical aspects of the operation of Chrome's X-Client Data Header, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 71:**

Documents sufficient to show all types and the amount of data collected with X-Client Data Header, GStatic, and Approved Pixels, including in connection with users' activity while in a private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Google incorporates its General Objections as if set forth fully herein. Google objects to this request to the extent it is duplicative of Request for Production No. 8, and incorporates its objections and response to that request. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and encompasses matters that have no bearing on private browsing mode. Because the X-Client Data Header is only sent to Google domains from Chrome and not sent in Incognito mode, it has no relevance to the issues in this case. Google clearly discloses to users, including Plaintiffs, its data collection practices, including the type of data Google collects, in its past and current Privacy Policies as well as in other public disclosures. Therefore, Plaintiffs can obtain certain responsive information from publicly available sources. Thus, the request is not proportional to the needs of the case, and the

1  burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not

2  produce documents in response to this request.

3

4  **REQUEST FOR PRODUCTION NO. 72:**

5          Documents sufficient to show all ways in which Google uses data gathered with X-Client

6  Data Header, GStatic, and Approved Pixels, including data collected in connection with users'

7  activity while in a private browsing mode.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

10          Google incorporates its General Objections as if set forth fully herein. Google further

11  objects to this request as overbroad because it seeks information regarding any "private browsing

12  mode" for any browser, even those which no Plaintiff has alleged he or she used to browse

13  privately. Google further objects to this request as vague and ambiguous as to the meaning of the

14  phrase "all ways in which Google uses data gathered with X-Client Data Header, GStatic and

15  Approved Pixels," which is neither self-evident nor defined. Google further objects to the requests

16  for documents pertaining to GStatic and Approved Pixels as overly broad and unduly burdensome.

17  GStatic and Approved Pixels have nothing to do with the central allegations in this case—namely,

18  the purportedly unauthorized collection of certain browsing activity data by Google Analytics and

19  Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while

20  signed out of their Google Account from June 1, 2016 to the present. For these reasons, the request

21  is not proportional to the needs of the case, and the burden of the proposed discovery outweighs

22  any likely benefit.

23          Subject to and without waiving the foregoing objections, Google responds as follows:

24  Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs are

25  seeking and to appropriately narrow the scope of this request.

26

27

28

1    **REQUEST FOR PRODUCTION NO. 73:**

2        Documents sufficient to show all system or geolocation data collected by Google and

3    associated, directly or indirectly, with any user or user device that has used private browsing mode.

4

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

6        Google incorporates its General Objections as if set forth fully herein. Google further

7    objects to this request as vague and ambiguous as to the meaning of the phrases "system . . . data"

8    "directly or indirectly," which are neither self-evident nor defined. Google assumes that Plaintiffs

9    are not requesting individual user-level data, but rather seek the types of data purportedly collected.

10   To that effect, Google clearly discloses to users, including Plaintiffs, its data collection and use

11   practices in its past and current Privacy Policies as well as in other public disclosures. Therefore,

12   Plaintiffs can obtain responsive information from publicly available sources. Further, this request

13   seeks such data that is associated "with any user or user device that has used private browsing

14   mode," which is burdensome and overbroad because it seeks information related to *any* user or

15   device that has *ever* used some unspecified private browsing mode. Therefore the information

16   sought has little relevance to the claims and defenses in this litigation. Google further objects to

17   this request as overbroad because it seeks information regarding any "private browsing mode" for

18   any browser, even those which no Plaintiff has alleged he or she used to browse privately. Further,

19   Google Ad Manager and Google Analytics, the Google products at issue in this litigation, are

20   unaware of whether a user is in private browsing mode while visiting a website using those Google

21   services. Thus, the request is not proportional to the needs of the case, and the burden of the

22   proposed discovery outweighs any likely benefit. For these reasons, Google will not produce

23   documents in response to this request.

24

25   **REQUEST FOR PRODUCTION NO. 74:**

26       Google's assurances, at any time, to not merge first- and third-party data and services.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the term "assurances," which is neither self-evident nor defined. Google further objects to the phrase "first- and third-party data and services" because Plaintiffs do not clarify what kind of "data" and which "Google" product or "services" this request concerns. Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and encompasses Google products that have no relation to Plaintiffs' allegations in this litigation. Google clearly discloses to users, including Plaintiffs, its data collection practices, including the category or type of data Google collects, in its past and current Privacy Policies as well as in other public disclosures. Google's disclosures and statements regarding Google's use of data can be found in various publicly available sources, such as Google's Privacy Policy and Google Analytics Help Center, and for Chrome Incognito, the Google Chrome Privacy Notice. Archived versions of past Privacy Policies and Chrome Privacy Notices are also public. Therefore, Plaintiffs can obtain certain responsive information from publicly available sources. Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 75:**

Documents concerning Google's association of data collected while users are in private browsing mode with unique user profiles through Google Analytics User-ID.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. Google further objects to this request as vague and ambiguous as to the meaning of the phrases "Google's association of data," "unique user profiles," and "through Google Analytics

User-ID," which are neither self-evident nor defined. Google Analytics does not distinguish between users who are in a private browsing mode and users who are not in a private browsing mode. Therefore, it is unclear what kinds of data are the subject of Plaintiffs' requests. Google further objects to this request as overly broad and unduly burdensome to the extent the request seeks user-level data for Google consumers with no meaningful limitation. Further, Google's disclosures and statements regarding Google Analytics User-ID can be found in various publicly available sources, such as in the Analytics Help Center and Google Analytics Developer Resources. Therefore, Plaintiffs can obtain certain responsive information from publicly available sources. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce publicly available documents sufficient to show the functions and uses of Google Analytics User-ID, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 76:**

Documents sufficient to identify all profiles created by Google, including profiles containing any data collected in connection with users' activity while in a private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "profiles created by Google," which is neither self-evident nor defined. Google further objects to this request as overly broad and unduly burdensome to the extent the request seeks user-level data for all Google consumers with no meaningful limitation. Google does not maintain documents or data in the ordinary course of business to identify whether a user is in private

browsing mode. Google further objects to this request because it seeks highly sensitive and personal information not relevant to establishing any party's claim or defense. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539-40 (9th Cir. 2020) (holding that pursuant to the Supreme Court's decision in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–53, 98 S. Ct. 2380, 2389–90 (1978), "seeking discovery of the name of a class member… is not relevant within the meaning of [Rule 26(b)(1)], and it is even less relevant where no class has been certified"). For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs are seeking and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 77:**

Documents sufficient to identify all ways in which Google uses profiles, including profiles containing any data collected in connection with users' activity while in a private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "all ways in which Google uses profiles," which is neither self-evident nor defined. Google does not maintain documents or data in the ordinary course of business to identify whether a user is in private browsing mode. As such, Google does not maintain documents or data in the ordinary course of business that identify profiles containing data collected while in private browsing mode. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

1    Subject to and without waiving the foregoing objections, Google responds as follows:

2  Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs are

3  seeking and to appropriately narrow the scope of this request.

4

5  **REQUEST FOR PRODUCTION NO. 78:**

6    Documents sufficient to identify all regulators who have inquired about Google's privacy

7  disclosures and data collection practices since January 1, 2009.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

10    Google incorporates its General Objections as if set forth fully herein. Google further

11  objects to this request as vague and ambiguous as to the meaning of the term "regulators," which

12  is neither self-evident nor defined. For the purposes of responding to this request, Google adopts

13  the portion of the defined term "Regulators" as set forth in Definition No. 9 of Plaintiffs' First Set

14  of Requests for Production of Documents (Nos. 1-19), which defined "Regulators" as "all

15  government agencies and regulators that have requested documents or information from Google

16  and/or initiated any investigation or action concerning Google's data collection practices and

17  disclosures," including the Department of Justice, the Federal Trade Commission, the Arizona

18  Attorney General, the Texas Attorney General, the California Attorney General, the Australian

19  Competition & Consumer Commission, and the Commission Nationale de l'Informatique et des

20  Libertés. However, even this clarification does not lessen the burden in responding to this request

21  as the term is overbroad, including because it seeks information related to non-U.S. regulators.

22  Google also objects to the phrase "privacy disclosures and data collection practices" as vague and

23  ambiguous, as it could refer to documents other than formal policies related to privacy. For the

24  purposes of responding to this request, Google will assume that by "privacy disclosures and data

25  collection practices" Plaintiffs mean to refer to Google's Privacy Policy and the Google Chrome

26  Privacy Notice. Google further objects to that phrase because it is not reasonably limited in scope

27  and encompasses matters that have no relation to Plaintiffs' allegations in this litigation. Thus, the

28  request is not proportional to the needs of the case, and the burden of the proposed discovery

53                                     Case No. 5:20-cv-03664-LHK-SVK

1    outweighs any likely benefit. For these reasons, Google will not produce documents in response

2    to this request.

3

4    **REQUEST FOR PRODUCTION NO. 79:**

5         Documents sufficient to identify the Google persons involved with the negotiation of and

6    knowledgeable about Google's 2011 settlement with the FTC, which included allegations of

7    Google's illegal collection of personal information without consent, and the 2011 FTC Consent

8    Decree.

9

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

11        Google incorporates its General Objections as if set forth fully herein. Google further

12   objects to this request as vague and ambiguous as to the meaning of the phrases "persons involved

13   with," "personal information," and "illegally collected personal information without consent,"

14   which are neither self-evident nor defined. First, Google denies that any unauthorized collection

15   of private data occurred at all. Second, Google further objects to this request as it is unclear whether

16   Plaintiffs seek identification of any individual with any level of "knowledge," no matter how small

17   or peripheral. This exercise would be burdensome and not proportional to the needs of the case.

18   Google further objects to this request as overly broad and unduly burdensome because the

19   Google's 2011 settlement with the FTC and the 2011 FTC Consent Decree have little, if any,

20   relation to Plaintiffs' central allegations in this litigation. Google further objects to this request

21   because the "identi[t]y" of such persons is not relevant to any party's claim or defense in this case.

22   Google further objects to this request because it seeks documents "sufficient to identify"

23   individuals with potentially disparate job responsibilities over an indefinite period of time, which

24   are unlikely to exist in the ordinary course of business. Thus, the request is not proportional to the

25   needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these

26   reasons, Google will not produce documents in response to this request.

27

28

1    **REQUEST FOR PRODUCTION NO. 80:**

2         Google's compliance and audit documents relating to its efforts or failures to comply with

3    the Google-2011 FTC Consent Decree.

4

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

6         Google incorporates its General Objections as if set forth fully herein. Google further

7    objects to this request as vague and ambiguous as to the meaning of the phrase "compliance and

8    audit documents," which is neither self-evident nor defined. Google further objects to this request

9    as overly broad and unduly burdensome because the request is not limited in scope and

10   encompasses matters, and inquiries, that have no relation to Plaintiffs' central allegation—namely,

11   the purportedly unauthorized collection of certain browsing activity data by Google Analytics and

12   Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while

13   signed out of their Google Account from June 1, 2016 to the present. Google further objects to this

14   request because Google's "compl[iance] with the Google-2011 FTC Consent Decree" is not

15   relevant to any party's claim or defense in this case. Google objects to this request to the extent it

16   is designed to seek information protected from discovery by the attorney-client privilege, work-

17   product doctrine, the common-interest privilege, or any other privilege or immunity. Thus, the

18   request is not proportional to the needs of the case, and the burden of the proposed discovery

19   outweighs any likely benefit. For these reasons, Google will not produce documents in response

20   to this request.

21

22   **REQUEST FOR PRODUCTION NO. 81:**

23        Documents sufficient to identify the persons involved with the negotiation of and

24   knowledgeable about Google's 2012 settlement with the FTC, involving allegations that Google

25   illegally collected personal information without consent.

26

27

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

2           Google incorporates its General Objections as if set forth fully herein. Google further

3    objects to this request as vague and ambiguous as to the meaning of the phrases "persons involved

4    with," "personal information," and "illegally collected personal information without consent,"

5    which are neither self-evident nor defined. First, Google denies that any unauthorized collection

6    of private data occurred at all, much less an "illegal[] collect[ion]" of data. Second, Google objects

7    to this request as it is unclear whether Plaintiffs seek identification of any individual with any level

8    of involvement, however small or peripheral. This exercise would be burdensome and not

9    proportional to the needs of the case. Google further objects to this request as overly broad and

10   unduly burdensome because the request is not limited in scope and encompasses matters that have

11   no relation to Plaintiffs' central allegation—namely, the purportedly unauthorized collection of

12   certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were

13   visiting certain websites in private browsing mode while signed out of their Google Account from

14   June 1, 2016 to the present. Google further objects to this request because the "identi[t]y" of such

15   persons is not relevant to any party's claim or defense in this case. Google further objects to this

16   request because it seeks documents "sufficient to identify" individuals with potentially disparate

17   job responsibilities over an indefinite period of time, which are unlikely to exist in the ordinary

18   course of business. Thus, the request is not proportional to the needs of the case, and the burden

19   of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce

20   documents in response to this request.

21

22   **REQUEST FOR PRODUCTION NO. 82:**

23          Documents sufficient to identify the persons involved with the negotiation of and

24   knowledgeable about Google's 2019 settlement with the FTC, involving allegations that Google

25   illegally collected personal information without consent.

26

27

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

2        Google incorporates its General Objections as if set forth fully herein. Google further

3    objects to this request as vague and ambiguous as to the meaning of the phrases "persons involved

4    with" "personal information," and "illegally collected personal information without consent,"

5    which are neither self-evident nor defined. First, Google denies that any unauthorized collection

6    of private data occurred at all, much less an "illegal[] collect[ion]" of data. Second, Google objects

7    to this request as it is unclear whether Plaintiffs seek identification of any individual with any level

8    of involvement, however small or peripheral. This exercise would be burdensome and not

9    proportional to the needs of the case. Google further objects to this request as overly broad and

10   unduly burdensome because the 2019 FTC settlement relating to YouTube has little, if any,

11   relation to Plaintiffs' central allegation—namely, the purportedly unauthorized collection of

12   certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were

13   visiting certain websites in private browsing mode while signed out of their Google Account from

14   June 1, 2016 to the present. Google further objects to this request because the "identi[t]y" of such

15   persons is not relevant to any party's claim or defense in this case. Google further objects to this

16   request because it seeks documents "sufficient to identify" individuals with potentially disparate

17   job responsibilities over an indefinite period of time, which are unlikely to exist in the ordinary

18   course of business, and therefore this request is better suited to an Interrogatory. Thus, the request

19   is not proportional to the needs of the case, and the burden of the proposed discovery outweighs

20   any likely benefit. For these reasons, Google will not produce documents in response to this

21   request.

22

23   **REQUEST FOR PRODUCTION NO. 83:**

24        Documents sufficient to identify the persons involved with and knowledgeable about the

25   actions against Google by the Arizona Attorney General, Australian Competition & Consumer

26   Commissions, and Commission Nationale de l'Informatique et des Libertés.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "persons involved with," which is neither self-evident nor defined. Google further objects to this request as it is unclear whether Plaintiffs seek identification of any individual with any level of involvement, however small or peripheral. This exercise would be burdensome and not proportional to the needs of the case. Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and encompasses matters that have no relation to Plaintiffs' central allegation—namely, the purportedly unauthorized collection of certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account from June 1, 2016 to the present. Google further objects to this request because the "identi[t]y" of such persons is not relevant to any party's claim or defense in this case. Google further objects to this request because it seeks documents "sufficient to identify" individuals with potentially disparate job responsibilities over an indefinite period of time, which are unlikely to exist in the ordinary course of business, and therefore this request is better suited to an Interrogatory. Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 84:**

Documents relating to how Google attempted to comply or complied with the California Consumer Privacy Act (CCPA), Europe's General Data Privacy Regulation (GDPR), and similar legislation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "similar legislation," which is neither self-evident nor defined. Google further objects to this request as

1    overly broad and unduly burdensome because the request is not limited in scope and encompasses

2    matters, including statutes and legislation, that are broad and have no stated bearing on Plaintiffs'

3    allegations in this litigation. Google further objects to this request to the extent it seeks documents

4    related to non-U.S. matters. Google objects to this request to the extent it seeks information

5    protected from discovery by the attorney-client privilege, work-product doctrine, the common-

6    interest privilege, or any other privilege or immunity. Thus, the request is not proportional to the

7    needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these

8    reasons, Google will not produce documents in response to this request.

9

10   **REQUEST FOR PRODUCTION NO. 85:**

11        Documents relating to how Google lobbied for or against bills and proposed laws in the

12   United States similar to or based on the California Consumer Privacy Act (CCPA).

13

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

15        Google incorporates its General Objections as if set forth fully herein. Google objects to

16   this request as vague and ambiguous as to the meaning of the phrase "similar to or based on,"

17   which is neither self-evident nor defined. Plaintiffs in this matter have not brought any claims

18   under the CCPA, and therefore, Google objects to this request because it is aimed at seeking

19   documents that have nothing to do with or are at best peripheral to Plaintiffs' allegations in this

20   case. Plaintiffs in this matter complain about the purportedly unauthorized collection of certain

21   browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting

22   certain websites in private browsing mode while signed out of their Google Account. Documents

23   related to any of Google's CCPA-related lobbying activities are far afield from Plaintiffs' central

24   allegations. In addition, this request is objectionable because it seeks discovery into (irrelevant)

25   speech and activities protected by the First Amendment and/or the Noerr-Pennington doctrine.

26   Google further objects to this request because it appears to be designed to seek information

27   protected from discovery by the attorney-client privilege, work-product doctrine, the common-

28   interest privilege, or any other privilege or immunity. Google also object to this request as overly

broad and unduly burdensome in seeking all documents related to Google's CCPA-related lobbying activities over an undefined period of time. Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 86:**

Documents back to January 1, 2005 concerning Google's response to Apple's launch of private browsing in 2005, including any response involving the competitive threat posed to Google's power in any market.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Google incorporates its General Objections as if set forth fully herein. Google objects to this request as vague and ambiguous as to the meaning of the phrases "Google's response to Apple's launch of private browsing in 2005" and "Google's power in any market," which are neither self-evident nor defined. Plaintiffs in this matter have not brought any antitrust or competition claims, and the relevant "market" is neither defined in Plaintiffs' allegations nor relevant to the claims at issue here. Google objects to this request because it is aimed at seeking documents that have nothing to do with or are at best peripheral to Plaintiffs' allegations in this case. Plaintiffs in this matter complain about the purportedly unauthorized collection of certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account. Documents related to any purported "response" to a "competitive threat" by a competing product are far afield from Plaintiffs' central allegations. Google further objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. Google also objects to this request as overly broad and unduly burdensome in seeking documents going back to 2005, eleven years before the June 1, 2016 start of the Class Period. Thus, the request is not proportional to the needs

1  of the case, and the burden of the proposed discovery outweighs any likely benefit. For these

2  reasons, Google will not produce documents in response to this request.

3

4  **REQUEST FOR PRODUCTION NO. 87:**

5      Documents back to January 1, 2005 concerning the actual, potential, or anticipated impact

6  of private browsing mode on Google's power in any market, including Search, browsers, and

7  advertising markets.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

10      Google incorporates its General Objections as if set forth fully herein. Google further

11  objects to this request as overbroad because it seeks information regarding any "private browsing

12  mode" for any browser, even those which no Plaintiff has alleged he or she used to browse

13  privately. Google objects to this request as vague and ambiguous as to the meaning of the phrases

14  "Google's power in any market" and "Search, browsers, and advertising markets," which are

15  neither self-evident nor defined. Plaintiffs in this matter have not brought any antitrust or

16  competition claims, and "market" is neither defined in Plaintiffs' allegations nor relevant to the

17  claims at issue here. Google objects to this request because it is aimed at seeking documents that

18  have nothing to do with or are at best peripheral to Plaintiffs' allegations in this case. Plaintiffs in

19  this matter complain about the purportedly unauthorized collection of certain browsing activity

20  data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites

21  in private browsing mode while signed out of their Google Account. Documents related to any

22  purported competitive impact on Google's purported power in markets that have been improperly

23  defined are far afield from Plaintiffs' central allegations. Google further objects to this request to

24  the extent it seeks information protected from discovery by the attorney-client privilege, work-

25  product doctrine, the common-interest privilege, or any other privilege or immunity. Google also

26  objects to this request as overly broad and unduly burdensome in seeking documents going back

27  to 2005, eleven years before the June 1, 2016 start of the Class Period. Thus, the request is not

28

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

1   proportional to the needs of the case, and the burden of the proposed discovery outweighs any

2   likely benefit. For these reasons, Google will not produce documents in response to this request.

3

4   **REQUEST FOR PRODUCTION NO. 88:**

5       Documents sufficient to identify all persons involved with the development of Incognito

6   mode, launched in September 2008.

7

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

9       Google incorporates its General Objections as if set forth fully herein. Google further

10  objects to this request as vague and ambiguous as to the meaning of the phrase "Incognito mode,"

11  which is not defined. For the purposes of responding to this request, Google assumes that

12  "Incognito mode" means Google Chrome's Incognito private browsing mode. Google also objects

13  to this request as vague and ambiguous as to the meaning of the term "development," as it is not

14  clear whether Plaintiffs seek the identity of those involved with the development of the initial

15  launch of Google Chrome's Incognito private browsing mode in 2008 or also individuals involved

16  with the continued development of Google Chrome's Incognito private browsing mode into the

17  present day. Google further objects to this request as overly broad and unduly burdensome because

18  the request seeks "all persons" that were "involved" with the "development" of Google Chrome's

19  Incognito private browsing mode, no matter how small their involvement or peripheral to the

20  central allegation in this case. Google further objects to this request because it seeks documents

21  "sufficient to identify" individuals with potentially disparate job responsibilities and over an

22  undefined period of time, which are unlikely to exist in the ordinary course of business, and

23  therefore this request is better suited to an Interrogatory. For these reasons, the request is not

24  proportional to the needs of the case, and burden of the proposed discovery outweighs any

25  likely benefit.

26      Subject to and without waiving the foregoing objections, Google responds as follows:

27  Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and

28  to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 89:**

Documents sufficient to identify all persons involved with any changes to Incognito mode since it was launched in September 2008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "Incognito mode," which is not defined. For the purposes of responding to this request, Google assumes that "Incognito mode" means Google Chrome's Incognito private browsing mode. Google further objects to this request as overly broad and unduly burdensome to the extent that it seeks documents going back to 2008 when the Incognito Notice was created, eight years before the June 1, 2016 start of the Class Period. The Incognito Notices of 2008 are irrelevant to the claims and defenses in this action; therefore, the likelihood of obtaining relevant information going back to 2008, if any, is outweighed by the burden of providing it. Google further objects to this request as overly broad and unduly burdensome because the request seeks "all persons" that were "involved" with "any changes" of Google Chrome's Incognito private browsing mode, no matter how small the individual's involvement was or how peripheral the "change" is to the allegations in this case. Google further objects to this request because it seeks documents "sufficient to identify" individuals with potentially disparate job responsibilities and over a 13-year-period, which are unlikely to exist in the ordinary course of business, and therefore this request is better suited to an Interrogatory. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, responsive documents concerning modification to the Incognito Notice from June 1, 2016 to the present, from which Plaintiffs may identify persons involved with changes to Google Chrome's Incognito private browsing mode for the same period, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 90:**

Source code for Incognito mode, including documents sufficient to identify changes to that source code since Google's launch of Incognito mode in September 2008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "identify changes to [Incognito mode] source code," which is neither self-evident nor defined. For example, Plaintiffs do not specify whether this request seeks every keystroke change in the source code, which would be unduly burdensome to capture. For the purposes of responding to this request, Google assumes that "Incognito mode" means Google Chrome's Incognito private browsing mode. Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope, and seeks all source code for Incognito mode, including for aspects that have nothing to do with the central allegations in this case—namely, the purportedly unauthorized collection of certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account from June 1, 2016 to the present. Further, Google's source code for Incognito mode can be found in various publicly available sources, such as Google's Chromium online source code repository. Therefore, Plaintiffs can obtain certain responsive information from publicly available sources. Google further objects to this request as overly broad and unduly burdensome in seeking changes to the Incognito mode source code "since Google's launch of Incognito mode in September 2008" because changes that were implemented years before the start of the purported Class Period and potentially changed over time have no relevance to Plaintiffs' claims that Google made certain promises during the relevant time period and breached those promises. The production of the non-public, proprietary source code is not necessary to ascertain any particular issue relevant to Plaintiffs' allegations. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce publicly available source code regarding the current version of Google Chrome's Incognito browsing mode, to the extent that such source code exists, is within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 91:**

Documents back to January 1, 2005 concerning any efforts by other browsers to limit tracking or data collection in any way, including the actual, potential, or anticipated impact on Google.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Google incorporates its General Objections as if set forth fully herein. Google objects to this request as vague and ambiguous as to the meaning of the phrases "any efforts by other browsers to limit tracking or data collection" and "actual, potential, or anticipated impact on Google," which are neither self-evidence nor defined. Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope, and seeks documents related to browsers owned by third parties and that Google does not control. Google objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. Google further objects to this request as overly broad and unduly burdensome in seeking documents concerning events that occurred as early as 2005, eleven years before the June 1, 2016 start of the Class Period. Google further objects to this request as overly broad and unduly burdensome to the extent that it seeks information regarding web browsers that no plaintiff has alleged he or she has used. Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce documents in response to this request.

1  **REQUEST FOR PRODUCTION NO. 92:**

2      Documents back to January 1, 2005 concerning any effort by Apple to limit Google's

3  ability to track users and collect data, including the actual, potential, or anticipated impact on

4  Google.

5

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

7      Google incorporates its General Objections as if set forth fully herein. Google objects to

8  this request as vague and ambiguous as to the meaning of the phrases "any effort by Apple to limit

9  Google's ability to track users and collect data" and "actual, potential, or anticipated impact on

10  Google," which are neither self-evident nor defined. For example, Plaintiffs do not clarify what

11  kind of "effort" (engineering, technical or something else) and what "impact" (engineering,

12  technical, financial or otherwise) this request concerns. Google further objects to this request as

13  overly broad and unduly burdensome because the request is not limited in scope, and seeks

14  documents related to a third party and that Google does not control. Documents about Apple's

15  practices are not relevant to the claims and defenses in this action, and neither is any "impact" of

16  such practices on Google. Google objects to this request to the extent it seeks information protected

17  from discovery by the attorney-client privilege, work-product doctrine, the common-interest

18  privilege, or any other privilege or immunity. Google further objects to this request as overly broad

19  and unduly burdensome in seeking documents concerning events that occurred as early as 2005,

20  eleven years before the June 1, 2016 start of the Class Period. Thus, the request is not proportional

21  to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

22  For these reasons, Google will not produce documents in response to this request.

23

24  **REQUEST FOR PRODUCTION NO. 93:**

25      Documents concerning Google's 2020 release of "Consent Mode (Beta)."

26

27

28

Case No. 5:20-cv-03664-LHK-SVK

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

2        Google incorporates its General Objections as if set forth fully herein. Google further

3  objects to this request as overly broad and unduly burdensome because the request is not limited

4  in scope and seeks documents "concerning" any aspect of Google's "release of 'Consent Mode

5  (Beta).'" Google objects to this request to the extent it seeks information protected from discovery

6  by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any

7  other privilege or immunity. For these reasons, the request is not proportional to the needs of the

8  case, and the burden of the proposed discovery outweighs any likely benefit.

9        Subject to and without waiving the foregoing objections, Google responds as follows:

10  Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and

11  to appropriately narrow the scope of this request.

12

13  **REQUEST FOR PRODUCTION NO. 94:**

14        Documents concerning Google's 2020 addition of "Block third-party cookies" to the

15  Incognito screen.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

18        Google incorporates its General Objections as if set forth fully herein. Google further

19  objects to this request as vague and ambiguous as to the meaning of the phrase "Incognito screen,"

20  which is neither self-evident nor defined. For the purposes of responding to this request, Google

21  assumes that "Incognito screen" means the full-page Incognito Notice that alerts users that they

22  have entered Chrome's Incognito private browsing mode. Google further objects to this request as

23  overly broad and unduly burdensome because the request is not limited in scope and seeks

24  documents "concerning" Google's decision to "[b]lock third-party cookies," which involves

25  aspects of cookies and Chrome that have no relation to Plaintiffs' allegations in this litigation.

26  Google objects to this request to the extent it seeks information protected from discovery by the

27  attorney-client privilege, work-product doctrine, the common-interest privilege, or any other

28

privilege or immunity. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, responsive documents sufficient to show the reason Google is phasing out support for third-party cookies in Chrome, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 95:**

Documents sufficient to show how Google defined "third-party cookies" in connection with private browsing mode, including Incognito mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "Incognito mode," which is neither self-evident nor defined. For the purposes of responding to this request, Google assumes that "Incognito mode" means Google Chrome's Incognito private browsing mode. Google's past and present Privacy Policies are publicly available. Therefore, Plaintiffs can obtain the information they seek from publicly available sources. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, responsive documents sufficient to show how Google defined "third-party cookies" in public disclosures from June 1, 2016 to the present,

1  to the extent that such documents exist, are within Google's possession, custody, or control, and

2  can be located following a reasonable search.

3

4  **REQUEST FOR PRODUCTION NO. 96:**

5      Documents concerning all changes made by Google since 2005 to its data collection

6  practices while users are in private browsing mode, including Incognito mode.

7

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

9      Google incorporates its General Objections as if set forth fully herein. Google objects to

10  this request to the extent it is duplicative of Request for Production No. 16, and incorporates its

11  objections and response to that request. Google objects to this request as vague and ambiguous as

12  to the meaning of the phrase "data collection practices" and "Incognito mode," which are neither

13  self-evident nor defined. For the purposes of responding to this request, Google assumes that

14  "Incognito mode" means Google Chrome's Incognito private browsing mode. Google also objects

15  to the phrase "data collection practices" as vague and ambiguous, as it could refer to documents

16  other than formal policies related to privacy. Google further objects to this request as overbroad

17  because it seeks information regarding any "private browsing mode" for any browser, even those

18  which no Plaintiff has alleged he or she used to browse privately. Google objects to this request to

19  the extent it seeks information protected from discovery by the attorney-client privilege, work-

20  product doctrine, the common-interest privilege, or any other privilege or immunity. Google

21  further objects to this request as overly broad and unduly burdensome in seeking documents

22  concerning events that occurred as early as 2005, eleven years before the June 1, 2016 start of the

23  Class Period. Google further objects to this request as overly broad and unduly burden in seeking

24  any changes "to [Google's] data collection practices while users are in private browsing mode,

25  including Incognito mode" since changes to Google's disclosures or practices years before the start

26  of the class period have no relevance to Plaintiffs' claims that Google made certain promises

27  during the relevant time period and breached those promises. Thus, the request is not proportional

28

1  to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

2  For these reasons, Google will not produce documents in response to this request.

3

4  **REQUEST FOR PRODUCTION NO. 97:**

5      Documents concerning this lawsuit, including email, instant message, and text message

6  communications by Google employees on or after June 2, 2020.

7

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

9      Google incorporates its General Objections as if set forth fully herein. Google objects to

10  this request to the extent it is duplicative of Requests for Production Nos. 17 and 141, and

11  incorporates its objections and response to those requests. Google further objects to this request as

12  overbroad, unduly burdensome, and vague and ambiguous in its use of the phrase "[d]ocuments

13  concerning this lawsuit," which is neither self-evident nor defined. Google further objects to this

14  request because it appears to be designed to seek information protected from discovery by the

15  attorney-client privilege, work-product doctrine, the common-interest privilege, or any other

16  privilege or immunity. Thus, the request is not proportional to the needs of the case, and the burden

17  of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce

18  documents in response to this request.

19

20  **REQUEST FOR PRODUCTION NO. 98:**

21      Google's external and internal documents relating to any new privacy features Google has

22  released or is releasing with regard to private-mode web browsing, Google Analytics, and Google

23  Analytics User-ID.

24

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

26      Google incorporates its General Objections as if set forth fully herein. Google further

27  objects to this request as vague and ambiguous as to the meaning of the phrases "new privacy

28  features" and "has released or is releasing," which are neither self-evident nor defined. Google

1   further objects to this request as overly broad and unduly burdensome because the request is not

2   limited in scope and effectively seeks all documents relating to "privacy features" with regard to

3   broad topics like "private-mode web browsing" and "Google Analytics," without attempting to

4   target issues relevant to the claims and allegations in this litigation. Further, Google's external

5   documents relating to privacy features that Google has released for private-mode web browsing,

6   Google Analytics, and Google Analytics User-Id can be found in various publicly available

7   sources, such as Google's developer pages. Therefore, Plaintiffs can obtain certain responsive

8   information from publicly available sources. Google further objects to this request as overbroad

9   because it seeks information regarding any "private browsing mode" for any browser, even those

10  which no Plaintiff has alleged he or she used to browse privately. Google further objects to this

11  request to the extent it is designed to seek information protected from discovery by the attorney-

12  client privilege, work-product doctrine, the common-interest privilege, or any other privilege or

13  immunity. For these reasons, the request is not proportional to the needs of the case, and the burden

14  of the proposed discovery outweighs any likely benefit.

15      Subject to and without waiving the foregoing objections, Google responds as follows:

16  Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs are

17  seeking and to appropriately narrow the scope of this request.

18

19  **REQUEST FOR PRODUCTION NO. 99:**

20      Documents sufficient to show all Google revenues and profits from Google's collection of

21  data while users are in private browsing mode, during the Class Period, broken down by month.

22

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

24      Google incorporates its General Objections as if set forth fully herein. Google further

25  objects to this request as vague and ambiguous as to the meaning of the phrase "revenues and

26  profits from Google's collection of data while users are in private browsing mode" because the

27  terms "revenue" and "profit" are not defined. Google also objects to this request because it is

28  overly broad and unduly burdensome in its scope: it seeks documents related to all Google

Case No. 5:20-cv-03664-LHK-SVK

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

1   "revenue and profit" despite that the allegations here are limited to the purportedly unauthorized

2   collection of certain browsing activity data by Google Analytics and Google Ad Manager. Further,

3   this request seeks "all Google revenues and profits" related only to the collection of data while

4   users are in private browsing mode, but Google Ad Manager and Google Analytics are unaware

5   of whether a user is in private browsing mode while visiting a website using those Google services.

6   Therefore, these documents do not exist in the ordinary course of business. Google further objects

7   to this request as overbroad because it seeks information regarding any "private browsing mode"

8   for any browser, even those which no Plaintiff has alleged he or she used to browse privately. For

9   these reasons, Google will not produce documents in response to this request.

10

11   **REQUEST FOR PRODUCTION NO. 100:**

12       Google's sales documents relating to its profits from Google Analytics (and legacy

13   products that were eventually merged into Google Analytics) that relate to how Google profited as

14   alleged in the First Amended Complaint.

15

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

17       Google further objects to this request as vague and ambiguous as to the meaning the phrase

18   "how Google profited as alleged in the First Amended Complaint," as Plaintiffs' First Amended

19   Complaint is a 37-page document that contains a host of allegations that have little to do with the

20   main thrust of Plaintiff's complaint. For the purposes of responding to this request, Google

21   assumes that the phrase above refers to the central allegation in the First Amended Complaint that

22   Google Analytics and Google Ad Manager purportedly collected, without authorization, certain

23   browsing activity data while Plaintiffs were browsing certain websites in private browsing mode

24   while signed out of their Google Account. Google also objects to this request as vague and

25   ambiguous as to the phrase "legacy products that were eventually merged into Google Analytics,"

26   which is neither self-evident nor defined. Further, the term "sales documents relating to its profits"

27   in the context of this request is vague and ambiguous because it is unclear if Plaintiffs are looking

28   for documents that document profits or documents that otherwise document how profits are

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

calculated. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 101:**

Google's sales documents relating to its profits from Google Ad Manager (and legacy products that was eventually merged into Google Ad Manager) that relate to how Google profited as alleged in the First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Google further objects to this request as vague and ambiguous as to the meaning the phrase "how Google profited as alleged in the First Amended Complaint," as Plaintiffs' First Amended Complaint is a 37-page document that contains a host of allegations that have little to do with the main thrust of Plaintiff's complaint. For the purposes of responding to this request, Google assumes that the phrase above refers to the central allegation in the First Amended Complaint that Google Analytics and Google Ad Manager purportedly collected, without authorization, certain browsing activity data while Plaintiffs were browsing certain websites in private browsing mode while signed out of their Google Account. Google also objects to this request as vague and ambiguous as to the phrase "legacy products that were eventually merged into Google Ad Manager," which is neither self-evident nor defined. Further, the term "sales documents relating to its profits" in the context of this request is vague and ambiguous because it is unclear if Plaintiffs are looking for documents that document profits or documents that otherwise document how profits are calculated. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

1    Subject to and without waiving the foregoing objections, Google responds as follows:

2    Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and

3    to appropriately narrow the scope of this request.

4

5    **REQUEST FOR PRODUCTION NO. 102:**

6    Google's documents showing how Google improved its Google products and services

7    (including but not limited to Search, Google Analytics, and Google Ad Manager) based on data

8    Google obtained relating to the allegations at issue in the First Amended Complaint.

9

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

11    Google incorporates its General Objections as if set forth fully herein. Google further

12   objects to this request as vague and ambiguous because it is unclear what part of the request

13   "relating to the allegations at issue in the First Amended Complaint" qualifies. Google also objects

14   to this request because it fails to specify clearly what "data" it seeks this information. Google

15   further objects to this request as overly broad and unduly burdensome to the extent it seeks

16   documents related to *any* improvement to *any* Google product or service, no matter how extraneous

17   to the allegations in Plaintiffs' complaint. Thus, the request is not proportional to the needs of the

18   case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons,

19   Google will not produce documents in response to this request.

20

21   **REQUEST FOR PRODUCTION NO. 103:**

22    Documents concerning all ways in which Google has benefited from the conduct alleged

23   in this lawsuit, including without limitation advertising revenues, impact on Google's market

24   power, and improvement or development of additional Google services or products.

25

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

27    Google incorporates its General Objections as if set forth fully herein. Google further

28   objects to this request as vague and ambiguous as to the meaning of "conduct alleged in this

1    lawsuit," which is neither self-evident nor defined. For the purposes of responding to this request,

2    Google assumes that the "conduct" at issue refers to the allegation in the First Amended Complaint

3    that Google Analytics and Google Ad Manager purportedly collected, without authorization,

4    certain browsing activity data while Plaintiffs were browsing certain websites in private browsing

5    mode while signed out of their Google Account. Google therefore further objects to the extent that

6    this request assumes Google has "benefited" in the ways alleged in the First Amended Complaint.

7    Further, Plaintiffs in this matter have not brought any antitrust or competition claims, and the

8    relevant "market" is neither defined in Plaintiffs' allegations nor relevant to the claims at issue

9    here, nor is Google's "market power" in, or purported impact on, any given market. For these

10    reasons, the request is not proportional to the needs of the case, and the burden of the proposed

11    discovery outweighs any likely benefit.

12        Subject to and without waiving the foregoing objections, Google responds as follows:

13    Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs seek

14    and to appropriately narrow the scope of this request.

15

16    **REQUEST FOR PRODUCTION NO. 104:**

17        All documents pertaining to Google's decision to collect user data while users are in private

18    browsing mode, including any assessments of the value of such data to Google or the cost of

19    avoiding collecting such data.

20

21    **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

22        Google incorporates its General Objections as if set forth fully herein. Google further

23    objects to this request as vague as to the meaning of "Google's decision to collect user data while

24    users are in a private browsing mode," which is ambiguous as to what data the undefined term

25    "user data" refers to. The further request for "assessments of" the "value of such data to Google"

26    and "the cost of avoiding collecting such data" are likewise ambiguous to the extent that they also

27    assume a particularized and specific assessment related to data obtained from private browsing

28    mode. Google further objects to this request as overbroad because it seeks information regarding

any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs seek and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 105:**

All documents pertaining to why users employ private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope. Google further objects insofar as this request seeks documents related to Plaintiffs' decisions to browse certain websites in the Incognito private browsing mode, which are in Plaintiffs' possession, custody, or control. Google further objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, responsive studies related to why users employ Chrome's Incognito mode, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

1  **REQUEST FOR PRODUCTION NO. 106**:

2      Documents sufficient to identify all data collected during the Class Period while users were

3  in private browsing mode, including data identifying the user, and the type of data collected, and

4  the number of occasions when each data type was collected.

5

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 106**:

7      Google incorporates its General Objections as if set forth fully herein. Google further

8  objects to this request as vague and ambiguous as to the meaning of the phrase "data identifying

9  the user," which is neither self-evident nor defined. Google further objects to this request as

10  overbroad because it seeks information regarding any "private browsing mode" for any browser,

11  even those which no Plaintiff has alleged he or she used to browse privately. Google further objects

12  to this request as overly broad and unduly burdensome to the extent the request seeks user-level

13  data for all Google consumers with no meaningful limitation. Google further objects to the phrase

14  "all data collected" because Plaintiffs do not clarify what kind of "data," in what context, and

15  which entity's collection this request concerns. Google does not associate Google Account

16  holders' electronic or physical address information with their logged-out browsing activities.

17  Google does not maintain documents or data in the ordinary course of business to identify whether

18  a user is in private browsing mode. As such, Google does not maintain documents or data in the

19  ordinary course of business that would allow it to identify all data collected while users were in

20  private browsing mode. Google further objects to this request because it seeks highly sensitive and

21  personal information. Google further objects to this request as premature because class

22  certification has not been granted. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539-40 (9th Cir.

23  2020) (holding that pursuant to the Supreme Court's decision in *Oppenheimer Fund, Inc. v.*

24  *Sanders*, 437 U.S. 340, 350–53, 98 S. Ct. 2380, 2389–90 (1978), "seeking discovery of the name

25  of a class member… is not relevant within the meaning of [Rule 26(b)(1)], and it is even less

26  relevant where no class has been certified"). Thus, the request is not proportional to the needs of

27  the case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons,

28  Google will not produce documents in response to this request.

1    **REQUEST FOR PRODUCTION NO. 107:**

2        Data sufficient to determine the frequency and duration with which each class member

3    employed private browsing mode during the Class Period, and the extent to which they were or

4    were not signed into a Google account at the time, on a periodic basis (e.g., monthly, annually).

5

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

7        Google incorporates its General Objections as if set forth fully herein. Google further

8    objects to this request as vague and ambiguous as to the meaning of the phrase "employed private

9    browsing mode," which is neither self-evident nor defined. Google further objects to this request

10   as overbroad because it seeks information regarding any "private browsing mode" for any browser,

11   even those which no Plaintiff has alleged he or she used to browse privately. Google further objects

12   to this request as overly broad and unduly burdensome to the extent the request seeks user-level

13   data for all Google consumers with no meaningful limitation. Google does not associate Google

14   Account holders' electronic or physical address information with their logged-out browsing

15   activities. Google does not maintain documents or data in the ordinary course of business to

16   identify whether a user is in private browsing mode. Google does not maintain documents or data

17   in the ordinary course of business that associate a user's signed-in data with their signed-out data.

18   As such, Google does not maintain documents or data in the ordinary course of business that would

19   allow it to identify "the frequency and duration with which each class member employed private

20   browsing mode during the Class Period." Google further objects to this request because it seeks

21   highly sensitive and personal information. Google further objects to this request as premature

22   because class certification has not been granted. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535,

23   539-40 (9th Cir. 2020) (holding that pursuant to the Supreme Court's decision in *Oppenheimer*

24   *Fund, Inc. v. Sanders*, 437 U.S. 340, 350–53, 98 S. Ct. 2380, 2389–90 (1978), "seeking discovery

25   of the name of a class member… is not relevant within the meaning of [Rule 26(b)(1)], and it is

26   even less relevant where no class has been certified"). Thus, the request is not proportional to the

27   needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these

28   reasons, Google will not produce documents in response to this request.

1  **REQUEST FOR PRODUCTION NO. 108**:

2      Documents sufficient to identify, by month during the Class Period, the number of users

3  for which Google collected data while users were in private browsing mode.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 108**:

6      Google incorporates its General Objections as if set forth fully herein. Google further

7  objects to this request as vague and ambiguous as to the meaning of the phrase "Google collected

8  data," which is neither self-evident nor defined. Google further objects to this request as overbroad

9  because it seeks information regarding any "private browsing mode" for any browser, even those

10 which no Plaintiff has alleged he or she used to browse privately. Google further objects to this

11 request as overly broad and unduly burdensome to the extent the request seeks user-level data for

12 all Google consumers with no meaningful limitation. Google does not maintain documents or data

13 in the ordinary course of business to identify whether a user is in private browsing mode. As such,

14 Google does not maintain documents or data in the ordinary course of business that would allow

15 it to identify "the number of users for which Google collected data while users were in private

16 browsing mode." Google further objects to this request as premature because class certification

17 has not been granted. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539-40 (9th Cir. 2020)

18 (holding that pursuant to the Supreme Court's decision in *Oppenheimer Fund, Inc. v. Sanders*, 437

19 U.S. 340, 350–53, 98 S. Ct. 2380, 2389–90 (1978), "seeking discovery of the name of a class

20 member… is not relevant within the meaning of [Rule 26(b)(1)], and it is even less relevant where

21 no class has been certified"). Thus, the request is not proportional to the needs of the case, and the

22 burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not

23 produce documents in response to this request.

24

25 **REQUEST FOR PRODUCTION NO. 109**:

26      Documents sufficient to identify the number of times, by month during the Class Period,

27 Google collected data while users were in private browsing mode.

28

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "Google collected data," which is neither self-evident nor defined. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. Google further objects to this request as overly broad and unduly burdensome to the extent the request seeks user-level data for all Google consumers with no meaningful limitation. Google does not maintain documents or data in the ordinary course of business to identify whether a user is in private browsing mode. As such, Google does not maintain documents or data in the ordinary course of business that would allow it to identify "the number of times, by month during the Class Period, Google collected data while users were in private browsing mode." Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 110:**

Documents sufficient to identify the number of times, by month during the Class Period, Google collected data while class members were in private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrases "Google collected data" and "the number of times" Google purportedly collected this data, which are neither self-evident nor defined. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. Google further objects to this request as overly broad and unduly burdensome to the extent the request seeks user-level data for all Google consumers with no meaningful limitation. Google does not maintain documents or data in the

1  ordinary course of business to identify whether a user is in private browsing mode. As such, Google

2  does not maintain documents or data in the ordinary course of business that would allow it to

3  identify "the number of times, by month during the Class Period, Google collected data while class

4  members were in private browsing mode." Google further objects to this request as premature

5  because class certification has not been granted. See In re Williams-Sonoma, Inc., 947 F.3d 535,

6  539-40 (9th Cir. 2020) (holding that pursuant to the Supreme Court's decision in Oppenheimer

7  Fund, Inc. v. Sanders, 437 U.S. 340, 350–53, 98 S. Ct. 2380, 2389–90 (1978), "seeking discovery

8  of the name of a class member… is not relevant within the meaning of [Rule 26(b)(1)], and it is

9  even less relevant where no class has been certified"). Thus, the request is not proportional to the

10  needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these

11  reasons, Google will not produce documents in response to this request.

12

13  **REQUEST FOR PRODUCTION NO. 111:**

14       For each Google service and/or product that incorporates or utilizes the class members'

15  data (e.g., Google AdWords, Google AdSense, Google Analytics):

16      a.    Documents sufficient to determine each such service and/or product.

17      b.    Document sufficient to determine how Google prices all such products and/or

18  services.

19      c.    Documents sufficient to determine how Google generates revenues, cost savings,

20  and/or profit from such products and/or services.

21      d.    Documents sufficient understand how Google uses the class members' data to

22  increase the prices, revenues, and/or profits associated with each such product and/or service (e.g.,

23  premium pricing for targeted versus non-targeted advertising).

24      e.    Documents sufficient to determine the incremental prices, revenues, market share,

25  and/or profits generated by such products and/or services as a result of the class members' data.

26      f.    Documents sufficient to determine the drivers of customer demand for such

27  products and/or services, their success in the marketplace, and their perceived advantages versus

28  any competitive products and/or services.

1      g.      All documents concerning the types of customers (by industry, region, etc.) for such

2   products and/or services and the value they place on the class members' data.

3      h.      All planning documents (e.g., business plans, marketing plans, sales plans, capital

4   expenditure plans) related to such products and/or services.

5

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

7      Google incorporates its General Objections as if set forth fully herein. Google further

8   objects to this request as vague and ambiguous, and potentially overbroad, as to the meaning of

9   the phrase "Google service and/or product," without defining which services and/or products, and

10  phrase "class members' data," without defining the type of data or the Google service/product

11  allegedly "incorporat[ing] or utiliz[ing]" the data. Google further objects to this request as overly

12  broad and unduly burdensome to the extent it seeks documents not relevant to the central

13  allegations in this case—namely, the purportedly unauthorized collection of certain browsing

14  activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain

15  websites in private browsing mode while signed out of their Google Account from June 1, 2016 to

16  the present. Google further objects to this request as vague and ambiguous as to the meaning of

17  the phrases "revenues, cost savings, and/or profit," "revenues, and/or profits," "incremental prices,

18  revenues, market share, and/or profits" because the terms "revenue," "cost," "profit" and "market

19  share" are not defined. Google further objects to this request as vague and ambiguous, and

20  potentially overbroad, as to the meaning of the phrases "drivers of customer demand," "success in

21  the marketplace," "perceived advantages," and "competitive products and/or services," which are

22  neither self-evident or defined. Google further objects to this request as vague and ambiguous, and

23  potentially overbroad, as to the meaning of the phrase "types of customers," which is neither self-

24  evident or defined. Google further objects to this request as it seeks "the value" that Google

25  Analytics and Google Ad Manager "place on the class members' data," because the alleged "class

26  members," as described in the First Amended Complaint, is not ascertainable. With certain limited

27  exclusions, the Amended Complaint defines the class members (at ¶192) as consisting of "[a]ll

28  individuals with either a Google account who accessed a website containing Google Analytics or

Google Ad Manager using any non-Android device" or "Android device owners who "accessed a website containing Google Analytics or Google Ad Manager using such device," "who were (a) in 'private browsing mode' in that device's browser, and (b) were not logged into their Google account on that device's browser." However, Google does not associate Google Account holders' electronic or physical address information with their logged-out browsing activities. Neither Google Analytics nor Google Ad Manager differentiates between data collected while a user was using private browsing mode or not. As such, Google does not maintain documents or data in the ordinary course of business that would allow it to identify the alleged class members, which are limited to users in private browsing mode who were not logged into their Google Account. Google further objects to this request to the extent it is designed to seek information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 112:**

All documents pertaining to the value of user data during the Class Period, including:

a.     Any Google estimates of the value of its user data either generally or to any products and/or services.

b.     Any third-party estimates of the value of Google's or any other entities' user data either generally or to any products and/or service.

c.     Any estimate of the relationship, if any, between the value of incremental data on a given user and the amount of data already collected on that user (i.e., the diminishing marginal return on data), either generally or to any products and/or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of "the value of user data," which

is neither self-evident nor defined. To the extent Plaintiffs seek documents related to any user data generally, not tethered to the allegations in this case, this request is far too broad and burdensome, and not proportional to the needs of the case. For the purposes of responding to this request, Google assumes that the request seeks documents pertaining to certain browsing activity data that Google Analytics and Google Ad Manager purportedly collected, without authorization, while Plaintiffs were browsing certain websites in private browsing mode while signed out of their Google Account.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs are seeking and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 113:**

All documents pertaining to Google's purchase or sale of user data from any third party, including documents sufficient to determine the types of data transacted, the price paid/received for the data, and/or any other relevant terms of the transaction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of "user data," which is neither self-evident nor defined. To the extent Plaintiffs seek documents related to any user data generally, not tethered to the allegations in this case, this request is far too broad and burdensome, and not proportional to the needs of the case. For the purposes of responding to this request, Google assumes that the request seeks documents pertaining to certain browsing activity data that Google Analytics and Google Ad Manager purportedly collected, without authorization, while Plaintiffs were browsing certain websites in private browsing mode while signed out of their Google Account.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs seek and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 114:**

All documents pertaining to Google's purchases or sales of entities (e.g., companies, divisions, business groups) in which user data constituted a material portion of the assets transacted, including documents sufficient to determine the portion of the price paid/received attributable to the user data and all relevant terms of the transaction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of "user data," which is neither self-evident nor defined. To the extent Plaintiffs seek documents related to any user data generally, not tethered to the allegations in this case, this request is far too broad and burdensome, and not proportional to the needs of the case. Google further objects to the phrase "user data constituted a material portion of the assets transacted," as unclear and vague and ambiguous because the term "material" is not defined. Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 115:**

Periodic financial statements adequate to determine the following for each of the Google product and/or service that incorporates or utilizes the class members' data:

a.    Revenue;

b.    Cost of Goods Sold;

c.    Operating Expenses;

d.    Variable Expenses;

1        e.       Fixed Expenses; and

2        f.       Profit.

3

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

5        Google incorporates its General Objections as if set forth fully herein. Google further

6    objects to this request as vague and ambiguous as to the meaning of "periodic" and "cost of goods

7    sold," which are neither self-evident nor defined. Further, the First Amended Complaint defines

8    the class members (at ¶192) as consisting of "[a]ll individuals with either a Google account who

9    accessed a website containing Google Analytics or Google Ad Manager using any non-Android

10    device" or "Android device owners who "accessed a website containing Google Analytics or

11    Google Ad Manager using such device," "who were (a) in 'private browsing mode' in that device's

12    browser, and (b) were not logged into their Google account on that device's browser."  However,

13    neither Google Analytics nor Google Ad Manager differentiates between data collected while a

14    user was using private browsing mode or not. As such, Google does not maintain documents or

15    data in the ordinary course of business that would allow it to identify "class member data," which

16    is limited to data from users in private browsing mode who were not logged into their Google

17    Account. Thus, the request is not proportional to the needs of the case, and the burden of the

18    proposed discovery outweighs any likely benefit. For these reasons, Google will not produce

19    documents in response to this request.

20

21    **REQUEST FOR PRODUCTION NO. 116:**

22        All planning documents (e.g., business plans, marketing plans, sales plans, capital

23    expenditure plans) related to Google's collection and/or use of class member data.

24

25    **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

26        Google incorporates its General Objections as if set forth fully herein. Google further

27    objects to this request as vague and ambiguous as to the meaning of "planning documents" which

28    is neither self-evident nor defined. To the extent that it seeks all of "business plans, marketing

1    plans, sales plans, capital expenditure plans" the request is overly broad and unduly burdensome.

2    Further, the First Amended Complaint defines the class members (at ¶192) as consisting of "[a]ll

3    individuals with either a Google account who accessed a website containing Google Analytics or

4    Google Ad Manager using any non-Android device" or "Android device owners who "accessed a

5    website containing Google Analytics or Google Ad Manager using such device," "who were (a)

6    in 'private browsing mode' in that device's browser, and (b) were not logged into their Google

7    account on that device's browser."  However, neither Google Analytics nor Google Ad Manager

8    differentiates between data collected while a user was using private browsing mode or not. As

9    such, Google does not maintain documents or data in the ordinary course of business that would

10    allow it to identify "class member data," which is limited to data from users in private browsing

11    mode who were not logged into their Google Account. Thus, the request is not proportional to the

12    needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these

13    reasons, Google will not produce documents in response to this request.

14

15    **REQUEST FOR PRODUCTION NO. 117:**

16       Documents, studies, reports, and articles that describe or pertain to the market for user data,

17    including class member data.

18

19    **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

20       Google incorporates its General Objections as if set forth fully herein. Google further

21    objects to this request as vague and ambiguous as to the meaning of "user data" which is neither

22    self-evident nor defined. To the extent the request seeks all documents, whether internal or public,

23    that pertain in any to a purported "market" for any type of "user data," however far removed from

24    the allegations of this case, the request seeks much irrelevant information and is overbroad and

25    unduly burdensome. Further, the First Amended Complaint defines the class members (at ¶192)

26    as consisting of "[a]ll individuals with either a Google account who accessed a website containing

27    Google Analytics or Google Ad Manager using any non-Android device" or "Android device

28    owners who "accessed a website containing Google Analytics or Google Ad Manager using such

device," "who were (a) in 'private browsing mode' in that device's browser, and (b) were not logged into their Google account on that device's browser." However, neither Google Analytics nor Google Ad Manager differentiates between data collected while a user was using private browsing mode or not. As such, Google does not maintain documents or data in the ordinary course of business that would allow it to identify "class member data," which is limited to data from users in private browsing mode who were not logged into their Google Account. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs seek and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 118:**

Documents sufficient to understand how Google determines compensation for tracking user's data related to but not limited to how Google determines compensation for participants in the "Google Screenwise Trends" program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of "tracking user's data" which is neither self-evident nor defined. The request is also ambiguous in its use of the term "Google Screenwise Trends" (now Google Opinion Rewards), which is an app that allows users to complete short surveys and get rewarded with Google Play or PayPal credit for each one they complete. Therefore, the request about how compensation is determined in the context of users completing short surveys has little, if any, relevance to the claims and allegations in this litigation. Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce documents in response to this request.

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 20-149)

**<u>REQUEST FOR PRODUCTION NO. 119</u>:**

Documents sufficient to identify, during the Class Period, web browser communications that did not contain any cookies.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 119</u>:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous, and potentially overbroad, as to the meaning of the phrase "web browser communications that did not contain any cookies," because it can be interpreted to include non-Google cookies or types of web browser communications that never contain cookies. Google further objects to this request as overly broad and unduly burdensome to the extent the request seeks user-level data for all Google users with no meaningful limitation. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs seek and to appropriately narrow the scope of this request.

**<u>REQUEST FOR PRODUCTION NO. 120</u>:**

Documents sufficient to identify, during the Class Period, Chrome web browser communications that did not contain any X-Client Data Header.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 120</u>:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous, and potentially overbroad, as to the meaning of the phrase "Chrome web browser communications that did not contain any X-Client Data Header," without defining which types of communications are at issue. To the extent Plaintiffs seek all Chrome web browser communications—including to Google domains that do not receive the X-Client Data Header—the request is not proportional to the needs of the case, and the burden of the

proposed discovery outweighs any likely benefit. Google further objects to this request as overly broad and unduly burdensome to the extent the request seeks user-level data for all Chrome users with no meaningful limitation. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs are seeking and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 121:**

Documents sufficient to show usage data regarding the number of times Incognito sessions have been initiated during the Class Period, broken down by month.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous, and potentially overbroad, as to the meaning of the phrase "number of times Incognito sessions have been initiated," which is neither self-evident nor defined. For the purposes of responding to this request, Google assumes that "Incognito sessions" means sessions in Google Chrome's Incognito browsing mode.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, responsive documents sufficient to show the number of times Incognito sessions have been initiated on the Chrome browser during the Class Period, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 122:**

Documents concerning any usage analytics regarding any Chrome browser features, including any analysis and findings regarding consumers' use of Incognito mode.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

2       Google incorporates its General Objections as if set forth fully herein. Google further

3  objects to this request as vague and ambiguous as to the meaning of the phrase "usage analytics

4  regarding any Chrome browser features," which is neither self-evident nor defined. Google further

5  objects to this request as overly broad and unduly burdensome because it seeks documents

6  regarding any "Chrome browser features," even if those features have no relevance to the claims

7  and defenses in this litigation. For these reasons, the request is not proportional to the needs of the

8  case, and the burden of the proposed discovery outweighs any likely benefit.

9       Subject to and without waiving the foregoing objections, Google responds as follows:

10  Google will produce non-privileged, non-work product, responsive documents concerning usage

11  analytics regarding consumers' use of Incognito mode, to the extent that such documents exist, are

12  within Google's possession, custody, or control, and can be located following a reasonable search.

13

14  **REQUEST FOR PRODUCTION NO. 123:**

15       Documents concerning any usage analytics regarding any non-Chrome browser features,

16  including any analysis and findings regarding consumers' use of private browsing mode on any

17  non-Chrome browser.

18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

20       Google incorporates its General Objections as if set forth fully herein. Google further

21  objects to this request as vague and ambiguous as to the meaning of the phrase "usage analytics

22  regarding any non-Chrome browser features," which is neither self-evident nor defined. Google

23  further objects to this request as overly broad and unduly burdensome because it seeks documents

24  regarding any "non-Chrome browser features," even if those features have no relevance to the

25  claims and defenses in this litigation. Google further objects to this request as overbroad because

26  it seeks information regarding any "private browsing mode on any non-Chrome browser," even

27  those which no Plaintiff has alleged he or she used to browse privately. For these reasons, the

28

1  request is not proportional to the needs of the case, and the burden of the proposed discovery

2  outweighs any likely benefit.

3          Subject to and without waiving the foregoing objections, Google responds as follows:

4  Google will produce non-privileged, non-work product, responsive documents relating to usage

5  analytics regarding consumers' use of private browsing mode on any non-Chrome browser, to the

6  extent that such documents exist, are within Google's possession, custody, or control, and can be

7  located following a reasonable search.

8

9  **REQUEST FOR PRODUCTION NO. 124:**

10         Documents concerning any valuation of user data, including data Google collected while

11 users were in private browsing mode.

12

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

14         Google incorporates its General Objections as if set forth fully herein. Google further

15 objects to this request to the extent it is duplicative of Request Nos. 104 and 112. Google further

16 objects to this request as overbroad because it seeks information regarding any "private browsing

17 mode" for any browser, even those which no Plaintiff has alleged he or she used to browse

18 privately. Google further objects to this request as vague as to the meaning of "valuation of user

19 data, including data Google collected while users were in private browsing mode," which is

20 ambiguous as to what data the undefined term "user data" refers. To the extent Plaintiffs seek

21 documents related to any user data generally, not tethered to the allegations in this case, this request

22 is far too broad and burdensome, and not proportional to the needs of the case. For the purposes

23 of responding to this request, Google assumes that the request seeks documents pertaining to

24 certain browsing activity data that Google Analytics and Google Ad Manager purportedly

25 collected, without authorization, while Plaintiffs were browsing certain websites in private

26 browsing mode while signed out of their Google Account.

27

28

1    Subject to and without waiving the foregoing objections, Google responds as follows:

2    Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs are

3    seeking and to appropriately narrow the scope of this request.

4

5    **REQUEST FOR PRODUCTION NO. 125:**

6    Documents concerning the prices charged by Google during the Class Period in connection

7    with its advertising services, including higher prices Google charged using the data at issue in this

8    lawsuit.

9

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

11    Google incorporates its General Objections as if set forth fully herein. Google further

12    objects to this request as unclear, vague and ambiguous because the phrase "advertising services"

13    is neither self-evident nor defined. Google further objects to this request as vague as to the meaning

14    of "higher prices Google charged using the data at issue in this lawsuit," which assumes Google

15    used the "data at issue" to charge a higher price, and is ambiguous as to what data the undefined

16    term "the data at issue" refers to. For the purposes of responding to this request, Google assumes

17    that the request seeks documents pertaining to certain browsing activity data that Google Analytics

18    and Google Ad Manager purportedly collected, without authorization, while Plaintiffs were

19    browsing certain websites in private browsing mode while signed out of their Google Account.

20    Google also objects on the basis that the prices Google charged for advertising services have no

21    bearing on the claims and defenses in this litigation. For these reasons, the request is not

22    proportional to the needs of the case, and the burden of the proposed discovery outweighs any

23    likely benefit. For these reasons, Google will not produce documents in response to this request.

24

25    **REQUEST FOR PRODUCTION NO. 126:**

26    Documents sufficient to show how Google used the data that Google collected by Google

27    while users were in private browsing to improve Google's algorithms, products, and services,

28    including Google Search.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

2        Google incorporates its General Objections as if set forth fully herein. Google further

3  objects to this request as vague and ambiguous as to the meaning of the phrase "how Google used

4  the data that Google collected by Google," which is neither self-evident nor defined. Google

5  further objects to this request as overly broad and unduly burdensome to the extent the request

6  seeks user-level data for all Google consumers with no meaningful limitation. Google does not

7  maintain documents or data in the ordinary course of business to identify whether a user is in

8  private browsing mode. For these reasons, the request is not proportional to the needs of the case,

9  and the burden of the proposed discovery outweighs any likely benefit.

10        Subject to and without waiving the foregoing objections, Google responds as follows:

11  Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs are

12  seeking and to appropriately narrow the scope of this request.

13

14  **REQUEST FOR PRODUCTION NO. 127:**

15        Documents sufficient to show how Google used the data that Google collected by Google

16  while users were in private browsing to create new Google products and services.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

19        Google incorporates its General Objections as if set forth fully herein. Google further

20  objects to this request as vague and ambiguous as to the meaning of the phrase "how Google used

21  the data that Google collected by Google," which is neither self-evident nor defined. Google

22  further objects to this request as overly broad and unduly burdensome to the extent the request

23  seeks user-level data. Google does not maintain documents or data in the ordinary course of

24  business to identify whether a user is in private browsing mode. For these reasons, the request is

25  not proportional to the needs of the case, and the burden of the proposed discovery outweighs any

26  likely benefit.

27

28

1    Subject to and without waiving the foregoing objections, Google responds as follows:

2    Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs are

3    seeking and to appropriately narrow the scope of this request.

4

5    **REQUEST FOR PRODUCTION NO. 128:**

6    Documents concerning Google's market power in search since January 1, 2005, including

7    any impact on that market power based on Google's collection of data while users are in private

8    browsing mode.

9

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

11    Google incorporates its General Objections as if set forth fully herein. Google objects to

12    this request as vague and ambiguous as to the meaning of the phrase "Google's market power in

13    search" which is neither self-evident nor defined. Plaintiffs in this matter have not brought any

14    antitrust or competition claims, and the relevant "market," be it in "search" or any other product

15    or service, is neither defined in Plaintiffs' allegations nor relevant to the claims at issue here.

16    Google further objects to this request as overbroad because it seeks information regarding any

17    "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used

18    to browse privately. Google objects to this request because it is aimed at seeking documents that

19    have nothing to do with or are at best peripheral to Plaintiffs' allegations in this case. Plaintiffs in

20    this matter complain about the purportedly unauthorized collection of certain browsing activity

21    data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites

22    in private browsing mode while signed out of their Google Account from June 1, 2016 to the

23    present. Documents related to Google's purported "market power" in the undefined market of

24    "search" are far afield from Plaintiffs' central allegations. Google also objects to this request as

25    overly broad and unduly burdensome in seeking documents going back to 2005, eleven years

26    before the June 1, 2016 start of the Class Period. Thus, the request is not proportional to the needs

27    of the case, and the burden of the proposed discovery outweighs any likely benefit. For these

28    reasons, Google will not produce documents in response to this request.

Case No. 5:20-cv-03664-LHK-SVK

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

**REQUEST FOR PRODUCTION NO. 129**:

Documents concerning Google's power in the market(s) for internet browsers since January 1, 2005, including any impact on that market power based on Google's collection of data while users are in private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129**:

Google incorporates its General Objections as if set forth fully herein. Google objects to this request as vague and ambiguous as to the meaning of the phrase "Google's power in the market(s) for internet browsers" which is neither self-evident nor defined. Plaintiffs in this matter have not brought any antitrust or competition claims, and the relevant "market(s)," be it in "internet browsers" or any other product or service, is neither defined in Plaintiffs' allegations nor relevant to the claims at issue here. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. Google further objects to this request because it is aimed at seeking documents that have nothing to do with or are at best peripheral to Plaintiffs' allegations in this case. Plaintiffs in this matter complain about the purportedly unauthorized collection of certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account from June 1, 2016 to the present. Documents related to Google's purported "power in the market(s)" in the undefined market of "internet browsers" are far afield from Plaintiffs' central allegations. Google also objects to this request as overly broad and unduly burdensome in seeking documents going back to 2005, eleven years before the June 1, 2016 start of the Class Period. Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 130**:

Documents concerning Google's power in the market(s) for advertising services since January 1, 2005, including any impact on that market power based on Google's collection of data while users are in private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130**:

Google incorporates its General Objections as if set forth fully herein. Google objects to this request as vague and ambiguous as to the meaning of the phrase "Google's power in the market(s) for advertising services" which is neither self-evident nor defined. Plaintiffs in this matter have not brought any antitrust or competition claims, and the relevant "market(s)," be it in "advertising services" or any other product or service, is neither defined in Plaintiffs' allegations nor relevant to the claims at issue here. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. Google further objects to this request because it is aimed at seeking documents that have nothing to do with or are at best peripheral to Plaintiffs' allegations in this case. Plaintiffs in this matter complain about the purportedly unauthorized collection of certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account from June 1, 2016 to the present. Documents related to Google's purported "power in the market(s)" in the undefined market of "advertising services" are far afield from Plaintiffs' central allegations. Google also objects to this request as overly broad and unduly burdensome in seeking documents going back to 2005, eleven years before the June 1, 2016 start of the Class Period. Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 131:**

Documents concerning Google competitors or competing proposals that permit consumers to monetize their data, including Brave, Loginhood, Killi, BIGtoken, Andrew Yang's Data Dividend Project, and Nielsen Company.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Google incorporates its General Objections as if set forth fully herein. Google objects to this request as vague and ambiguous as to the meaning of the phrases "Google competitors or competing proposals that permit consumers to monetize their data," which is neither self-evident nor defined. Plaintiffs in this matter have not brought any antitrust or competition claims, and Google objects to this request because it is aimed at seeking documents that have nothing to do with or are at best peripheral to Plaintiffs' allegations in this case. Plaintiffs in this matter complain about the purportedly unauthorized collection of certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account. Documents related to any purported "competitors or competing proposals" are far afield from Plaintiffs' central allegations. Google further objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 132:**

Documents sufficient to show all data Google used to target advertisements to Plaintiffs.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

2        Google incorporates its General Objections as if set forth fully herein. Google further

3    objects to this request as vague and ambiguous as to the meaning of the phrase "used to target

4    advertisements to Plaintiffs," which is neither self-evident nor defined.

5        Subject to and without waiving the foregoing objections, Google responds as follows:

6    Google will produce non-privileged, non-work product, responsive documents sufficient to show

7    how ads are personalized to named Plaintiffs, to the extent that such documents exist, are within

8    Google's possession, custody, or control, and can be located following a reasonable search.

9

10   **REQUEST FOR PRODUCTION NO. 133:**

11       Documents sufficient to identify all profiles Google has of or are linked to Plaintiffs or any

12   device used by Plaintiffs.

13

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

15       Google incorporates its General Objections as if set forth fully herein. Google further

16   objects to this request as vague and ambiguous as to the meaning of the phrase "profiles Google

17   has of or are linked to Plaintiffs or any device used by Plaintiffs," which is neither self-evident nor

18   defined. Google further objects to this request as overly broad and unduly burdensome to the extent

19   it seeks information pertaining to any devices used by Plaintiffs. Plaintiffs have not provided any

20   information sufficient to identify their devices.

21       Subject to and without waiving the foregoing objections, Google responds as follows:

22   Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs are

23   seeking and to appropriately narrow the scope of this request.

24

25   **REQUEST FOR PRODUCTION NO. 134:**

26       Documents sufficient to show all ways in which Google has used data Google collected

27   while Plaintiffs were in private browsing mode.

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

2        Google incorporates its General Objections as if set forth fully herein. Google further

3    objects to this request as vague and ambiguous as to the meaning of the phrase "all ways in which

4    Google has used data Google collected," which is neither self-evident nor defined. Google does

5    not maintain documents or data in the ordinary course of business to identify whether a user is in

6    private browsing mode. As such, Google does not maintain documents or data in the ordinary

7    course of business to show "ways in which Google has used data Google collected while Plaintiffs

8    were in private browsing mode." Google further objects to this request as overbroad because it

9    seeks information regarding any "private browsing mode" for any browser, even those which no

10   Plaintiff has alleged he or she used to browse privately. For these reasons, Google will not produce

11   documents in response to this request.

12

13   **REQUEST FOR PRODUCTION NO. 135:**

14       Documents sufficient to show all Google revenues tied to advertising to class members

15   while in private browsing mode.

16

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

18       Google incorporates its General Objections as if set forth fully herein. Google further

19   objects to this request as it is in relevant part duplicative to Request Nos. 99 and 115. Google

20   further objects to this request as vague and ambiguous as to the meaning of the phrase "all Google

21   revenues tied to advertising to class members while in private browsing mode" because the terms

22   "revenue" and "advertising" are not defined. Google further objects to this request as overbroad

23   because it seeks information regarding any "private browsing mode" for any browser, even those

24   which no Plaintiff has alleged he or she used to browse privately. Google also objects to this

25   request because it is overly broad and unduly burdensome in its scope: it seeks documents related

26   to "all Google revenues tied to advertising" despite that the allegations here are limited to the

27   purportedly unauthorized collection of certain browsing activity data by Google Analytics and

28   Google Ad Manager. Further, this request seeks "all Google revenues" related only to the

Case No. 5:20-cv-03664-LHK-SVK

advertising while users are in private browsing mode, but Google Ad Manager and Google Analytics are unaware of whether a user is in private browsing mode while visiting a website using those Google services. Therefore, these documents do not exist in the ordinary course of business. Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 136:**

Documents concerning any auto-delete functionality or controls concerning user data, including how such functionality impacts data Google collected while users were in private browsing mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrases "auto-delete functionality or controls concerning user data," in that it does not specify whether the functionalities or controls Plaintiffs seek documents about are user-created, created by Google, or else by third parties. Google further objects to the phrases "user data" and "data" as overly broad and unduly burdensome because Plaintiffs have not clarified what kind of 'user data" this request concerns. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. Google further objects to this request to the extent it is designed to seek information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

1    Subject to and without waiving the foregoing objections, Google responds as follows:

2    Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and

3    to appropriately narrow the scope of this request.

4

5    **REQUEST FOR PRODUCTION NO. 137:**

6    Copies of all documents linked to or in any internal Google wikis and sites produced by

7    Google.

8

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

10    Google incorporates its General Objections as if set forth fully herein. Google further

11    objects to this request as overly broad and unduly burdensome to the extent it seeks documents not

12    relevant to the central allegations in this case—namely, the purportedly unauthorized collection of

13    certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were

14    visiting certain websites in private browsing mode while signed out of their Google Account from

15    June 1, 2016 to the present. Google further objects to this request to the extent it is designed to

16    seek information protected from discovery by the attorney-client privilege, work-product doctrine,

17    the common-interest privilege, or any other privilege or immunity. Thus, the request is not

18    proportional to the needs of the case, and the burden of the proposed discovery outweighs any

19    likely benefit.

20    Subject to and without waiving the foregoing objections, Google responds as follows:

21    Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and

22    to appropriately narrow the scope of this request.

23

24    **REQUEST FOR PRODUCTION NO. 138:**

25    Documents sufficient to identify all code-words or codenames used in connection with any

26    of the alleged issues, including Chrome, Incognito mode, and any private browsing mode.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrases "code-words or code names" and "alleged issues," which are neither self-evident nor defined. Google further objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. Google further objects to this request as overbroad because it seeks information regarding "any private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 139:**

Documents sufficient to identify persons responsible for the matters listed below and such persons' reporting chains, such as an output from any Google tool that maintains such information:

a.    The development and launch of Chrome in September 2008 with Incognito mode.

b.    Any changes to Incognito mode since September 2008, including any Incognito mode disclosures and data collection practices.

c.    Google's Privacy Policy.

d.    Google controls relating to private browsing mode.

e.    Google Analytics, including with respect to the collection of and use of data in connection with users' activity while in a private browsing mode.

f.    Google Ad Manager, including with respect to the collection of and use of data in connection with users' activity while in a private browsing mode.

g.    Google cookies, including with respect to the collection of and use of data in connection with users' activity while in a private browsing mode.

1        h.     Google X-Client Data Header, GStatic, and Approved Pixels, including with

2 respect to the collection of and use of data in connection with users' activity while in a private

3 browsing mode.

4        i.     Google's collection, retention, and use of data collected in connection with users'

5 activity while in a private browsing mode.

6        j.     Google profiling and profiles, including with respect to data collected in connection

7 with users' activity while in a private browsing mode.

8        k.     Google's agreement to and compliance with the 2011 FTC consent decree and the

9 subsequent 2012 and 2019 FTC settlements.

10        l.     Google's compliance with the California Consumer Privacy Act (CCPA), Europe's

11 General Data Privacy Regulation (GDPR), and similar legislation.

12        m.     Google's changes in response to this lawsuit.

13        n.     Google's top executives and decision makers for any of the matters above,

14 including for example Google executives involved with the development and launch of Incognito

15 mode.

16

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

18        Google incorporates its General Objections as if set forth fully herein. Google further

19 objects to this request as vague and ambiguous as to the meaning of the phrase "Incognito mode,"

20 which is neither self-evident nor defined. For the purposes of responding to this request, Google

21 assumes that "Incognito mode" means Google Chrome's Incognito private browsing mode.

22 Google further objects to this request as overbroad because it seeks information regarding any

23 "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used

24 to browse privately. Google further objects to this request as vague and ambiguous as to the

25 meaning of the phrases "controls relating to private browsing mode," "Google cookies," "Google

26 profiling and profiles," and "similar legislation," which are neither self-evident nor defined.

27 Google further objects to this request because it seeks much irrelevant information and is overly

28 broad and unduly burdensome. Plaintiffs in this matter complain about the purportedly

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

unauthorized collection of certain browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting certain websites in private browsing mode while signed out of their Google Account. Documents related to the 2011 FTC consent decree, the 2012 and 2019 FTC settlements, and Google's compliance with the CCPA, GDPR are far afield from Plaintiffs' central allegations. This Request is also in relevant part duplicative to Plaintiffs' Request for Production No. 71. Because the X-Client Data Header is only sent to Google domains from Chrome and not sent in Incognito mode, it has no relevance to the issues in this case. Google further objects to this request as overly broad and unduly burdensome because the request seeks "all persons" that were "responsible for" fourteen different matters, including those individuals' "reporting chains." Google further objects to this request because it seeks documents "sufficient to identify" individuals over an undefined period of time, which are unlikely to exist in the ordinary course of business, and therefore this request is better suited to an Interrogatory. This Request is also in relevant part duplicative to Plaintiffs' Request for Production Nos. 11 and 12. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving its objections to those requests, Google has responded that it will produce non-privileged, non-work product, responsive documents sufficient to identify current Google personnel with responsibility for the relevant conduct relating to Google Chrome, Google Analytics, and Google Ad Manager, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search. To the extent that Plaintiffs seek identification of additional individuals on additional functions, Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 140:**

Documents concerning any defense Google asserts in this action, including documents supporting or contradicting any defense.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

2      Google incorporates its General Objections as if set forth fully herein. Google further

3  objects to the request as premature because it seeks documents concerning "any defense Google

4  asserts" before Google has had the opportunity to conduct full discovery. Google further objects

5  to this request to the extent it is designed to seek information protected from discovery by the

6  attorney-client privilege, work-product doctrine, the common-interest privilege, or any other

7  privilege or immunity. Thus, the request is not proportional to the needs of the case, and the burden

8  of the proposed discovery outweighs any likely benefit.

9      Subject to and without waiving the foregoing objections, Google responds as follows:

10 Google will produce non-privileged, non-work product, responsive documents supporting or

11 contradicting any defense Google asserts, to the extent that such documents exist, are within

12 Google's possession, custody, or control, and can be located following a reasonable search.

13

14 **REQUEST FOR PRODUCTION NO. 141:**

15     Documents discussing, analyzing, or evaluating any of the privacy rights asserted in this

16 lawsuit.

17

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

19     Google incorporates its General Objections as if set forth fully herein. Google objects to

20 this request to the extent it is duplicative of Request for Production No. 17, and incorporates its

21 objections and response to that request. Google further objects to this request as vague and

22 ambiguous as to the meaning of the phrase "privacy rights asserted in this lawsuit," which is neither

23 self-evident nor defined. Google further objects to this request because it appears to be designed

24 to seek information protected from discovery by the attorney-client privilege, work-product

25 doctrine, the common-interest privilege, or any other privilege or immunity. Thus, the request is

26 not proportional to the needs of the case, and the burden of the proposed discovery outweighs any

27 likely benefit. For these reasons, Google will not produce documents in response to this request.

28

1  **REQUEST FOR PRODUCTION NO. 142:**

2      Documents concerning any aggregation of data collected in connection with users' activity

3  while in a private browsing mode.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

6      Google incorporates its General Objections as if set forth fully herein. Google further

7  objects to this request as vague and ambiguous as to the meaning of the phrase "any aggregation

8  of data," which is neither self-evident nor defined. Google does not maintain documents or data in

9  the ordinary course of business to identify whether a user is in private browsing mode. Google

10 further objects to this request as overbroad because it seeks information regarding any "private

11 browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to

12 browse privately. Google further objects to this request as overly broad and unduly burdensome to

13 the extent the request seeks user-level data for all Google consumers with no meaningful

14 limitation. For these reasons, the request is not proportional to the needs of the case, and the burden

15 of the proposed discovery outweighs any likely benefit.

16      Subject to and without waiving the foregoing objections, Google responds as follows:

17 Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs seek

18 and to appropriately narrow the scope of this request.

19

20 **REQUEST FOR PRODUCTION NO. 143:**

21      Documents sufficient to show the location of Google servers involved in the alleged

22 conduct, including servers located in California that received data in connection with users'

23 activity while in a private browsing mode.

24

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

26      Google incorporates its General Objections as if set forth fully herein. Google further

27 objects to the phrase "location of Google servers involved in the alleged conduct" as overly broad

28 and unduly burdensome because it may encompass Google servers that are not relevant to the

1  central allegations in the case—namely, the purportedly unauthorized collection of certain

2  browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting

3  certain websites in private browsing mode while signed out of their Google Account from June 1,

4  2016 to the present. Google further objects to this request as vague and ambiguous as to the

5  meaning of the phrase "data in connection with users' activity while in a private browsing mode,"

6  which is neither self-evidence nor defined. For example, Plaintiffs do not clarify what kind of

7  "data" this request concerns. Google further objects to this request as overbroad because it seeks

8  information regarding any "private browsing mode" for any browser, even those which no Plaintiff

9  has alleged he or she used to browse privately. Google further objects to this request to the extent

10  it seeks information protected from discovery by the attorney-client privilege, work-product

11  doctrine, the common-interest privilege, or any other privilege or immunity. In addition, the

12  information can be found in various publicly available sources, including on the Google Cloud and

13  Google Analytics Help pages. For these reasons, the request is not proportional to the needs of the

14  case, and the burden of the proposed discovery outweighs any likely benefit.

15      Subject to and without waiving the foregoing objections, Google responds as follows:

16  Google will produce non-privileged, non-work product, responsive documents to show the

17  location of data centers for Google Analytics and Google Ad Manager, from June 1, 2016 to the

18  present, to the extent that such documents exist, are within Google's possession, custody, or

19  control, and can be located following a reasonable search.

20

21  **REQUEST FOR PRODUCTION NO. 144:**

22      Documents sufficient to show the location of Google use of data in connection with users'

23  activity while in a private browsing mode, including by Google employees located in California.

24

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

26      Google incorporates its General Objections as if set forth fully herein. Google further

27  objects to this request as vague and ambiguous as to the meaning of the phrases "the location of

28  Google use of data" and "in connection with users' activity while in a private browsing mode,"

1  which are neither self-evident nor defined. For the purposes of responding to this request, Google

2  assumes that "location of Google use of data" refers to the locations of Google's data centers in

3  which Google processes data collected through Google Analytics and Google Ad Manager. Google

4  further objects to this request as overbroad because it seeks information regarding any "private

5  browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to

6  browse privately. For these reasons, the request is not proportional to the needs of the case, and

7  the burden of the proposed discovery outweighs any likely benefit.

8     Subject to and without waiving the foregoing objections, Google responds as follows:

9  Google will produce non-privileged, non-work product, responsive documents to show the

10  location of data centers for Google Analytics and Google Ad Manager, from June 1, 2016 to the

11  present, to the extent that such documents exist, are within Google's possession, custody, or

12  control, and can be located following a reasonable search.

13

14  **REQUEST FOR PRODUCTION NO. 145:**

15     Documents concerning any private browsing mode, including Incognito mode.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

18     Google incorporates its General Objections as if set forth fully herein. Google further

19  objects to this request as overbroad to the extent it seeks information regarding "any private

20  browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to

21  browse privately, and those owned by third parties that Google does not control. Google further

22  objects to this request as overly broad and unduly burdensome because the request is not limited

23  in scope. Private browsing modes have many different aspects that have nothing to do with the

24  central allegations in this case—namely, the purportedly unauthorized collection of certain

25  browsing activity data by Google Analytics and Google Ad Manager while Plaintiffs were visiting

26  certain websites in private browsing mode while signed out of their Google Account from June 1,

27  2016 to the present. Google further objects to this request to the extent it seeks information

28  protected from discovery by the attorney-client privilege, work-product doctrine, the common-

interest privilege, or any other privilege or immunity. Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 146:**

Documents concerning the articles cited in the First Amended Complaint, such as the August 15, 2018 article by Douglas Schmidt titled *Google Data Collection* and the November 1, 2018 article by Lily Hay Newman titled *The Privacy Battle to Save Google from Itself*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request because Plaintiffs fail to properly identify what documents, if any, they are seeking that are beyond the public-available articles that Plaintiffs identify in this request. Simply saying that they seek documents "concerning" the articles, especially in light of the objectionably broad definition Plaintiffs have put forth, is insufficient to identify the documents with particularity. Google further objects to this request to the extent it is designed to seek information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 147:**

Documents sufficient to show the architecture pertaining to Google sign-in, including how that impacts Google's data collection in connection with users' activity while in a private browsing mode.

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

2     Google incorporates its General Objections as if set forth fully herein. Google further

3 objects to the phrases "architecture pertaining to Google sign-in" and "data Google collected while

4 users were in private browsing mode" as vague, ambiguous, and overly broad and unduly

5 burdensome because Plaintiffs do not clarify what type of "architecture" or "data collection" this

6 request concerns. Google further objects to this request as overbroad because it seeks information

7 regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged

8 he or she used to browse privately. For these reasons, the request is not proportional to the needs

9 of the case, and the burden of the proposed discovery outweighs any likely benefit.

10     Subject to and without waiving the foregoing objections, Google responds as follows:

11 Google is willing to meet and confer with Plaintiffs to understand what information Plaintiffs seek

12 and to appropriately narrow the scope of this request.

13

14 **REQUEST FOR PRODUCTION NO. 148:**

15     Documents sufficient to identify all instances where Google shared any data collected in

16 connection with any users' activity while in a private browsing mode, such as in response to any

17 law enforcement or other request.

18

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

20     Google incorporates its General Objections as if set forth fully herein. Google further

21 objects to this request as vague and ambiguous as to the meaning of the phrase "Google shared

22 any data collected in connection with any users' activity while in a private browsing mode," which

23 is neither self-evident nor defined. Google does not maintain documents or data in the ordinary

24 course of business to identify whether a user is in private browsing mode. As such, Google does

25 not maintain documents or data in the ordinary course of business to identify instances where

26 Google shared any data collected in connection with any users' activity while in private browsing

27 mode. Google further objects to this request because Google's sharing of data in response to a law

28 enforcement request is not relevant to Plaintiffs' central allegation that Google collects data while

users are using private browsing mode. Google further objects to this request as overbroad because it seeks information regarding any "private browsing mode" for any browser, even those which no Plaintiff has alleged he or she used to browse privately. Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 149:**

To the extent Google's response to any request for admissions served by Plaintiffs in this action is anything other than an unqualified admission, documents concerning that matter at issue with each such request for admission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to the phrase "that matter at issue with each such request for admission," which is neither self-evidence nor defined. Google further objects to this request to the extent it is designed to seek information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. Thus, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, responsive documents that support Google's denial or partial denial of any Request for Admission, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search.

DATED:  December 2, 2020     QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   _/s/ Andrew H. Schapiro_
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com

1  191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
2  Telephone: (312) 705-7400
Fax: (312) 705-7401
3

4  Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
5  Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
6  865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
7  Telephone: (213) 443-3000
Fax: (213) 443-3100
8

9  Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
10  51 Madison Avenue, 22nd Floor
New York, NY 10010
11  Telephone: (212) 849-7000
Fax: (212) 849-7100
12

13  Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
14  1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
15  Telephone: 202-538-8000
Fax: 202-538-8100
16

17  Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
18  50 California Street, 22nd Floor
San Francisco, CA 94111
19  Telephone: (415) 875-6600
Fax: (415) 875-6700

20  Thao Thai (CA Bar No. 324672)
thaothai@quinnemanuel.com
21  555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
22  Telephone: (650) 801-5000
Fax: (650) 801-5100
23

24  *Attorneys for Defendant Google LLC*

25

26

27

28

Case No. 5:20-cv-03664-LHK-SVK
DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION (NOS. 20-149)

**PROOF OF SERVICE**

**WASHINGTON, D.C.**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in Washington, D.C. My business address is 1300 I. Street, N.W., Suite 900, Washington, D.C. 20005.

On December 2, 2020, I served true copies of the following document(s) described as **RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 20-149)** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I transmitted PDF format copies of the document(s) described above to the e-mail addresses on the attached Service List pursuant to the agreement between the parties to serve discovery, in lieu of other service methods, by email under Fed. R. Civ. P. 5(b)(2)(E) (*see* Joint Case Management Statement VIII(E), Docket No. 59). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 2, 2020 at Washington, D.C.


/s/ *Tracy Xi Gao*
Tracy Xi Gao

1

**SERVICE LIST**

2

*Brown v. Google LLC*

3

*Case No. 5:20-cv-03664-LHK-SVK*

4

*Attorneys for Plaintiffs Chasom Brown et al.* BOIES SCHILLER FLEXNER LLP

5

Mark C. Mao, CA Bar No. 236165

6

Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027

7

Antonio Lavalle Ingram, II, CA Bar No. 300528
Alexander Justin Konik, CA Bar No. 299291

8

**BOIES SCHILLER FLEXNER LLP**

9

44 Montgomery St., 41st Floor
San Francisco, CA 94104

10

Tel.: (415) 293-6800
Fax: (415) 293-6899

11

mmao@bsfllp.com

12

srodriguez@bsfllp.com
brichardson@bsfllp.com

13

aingram@bsfllp.com
akonik@bsfllp.com

14

15

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)

16

**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor

17

Miami, FL 33131
Tel.: (305) 539-8400

18

Fax: (303) 539-1307
jlee@bsfllp.com

19

rbaeza@bsfllp.com

20

Amanda K. Bonn, CA Bar No. 270891

21

**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400

22

Los Angeles, CA. 90067
Tel: (310) 789-3100

23

Fax: (310) 789-3150
abonn@susmangodfrey.com

24

25

William S. Carmody (admitted pro hac vice)
Shawn Rabin (admitted pro hac vice)

26

Steven M. Shepard (admitted pro hac vice)
**SUSMAN GODFREY L.L.P.**

27

1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023

28

Tel.: (212) 336-8330

2                    Case No. 5:20-cv-03664-LHK-SVK

Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Ra Olusegun Amen (admitted pro hac vice)
Jean Sutton Martin (admitted pro hac vice)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
ramen@forthepeople.com
jean@jsmlawoffice.com

*Attorneys for Plaintiffs*

3

Case No. 5:20-cv-03664-LHK-SVK
DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR
PRODUCTION (NOS. 20-149)