# EXHIBIT 8

# Version with confidentiality designations removed of Dkt. 1112-37

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | | |
|---|---|---|
| CHASOM BROWN, et al., on behalf of<br>Themselves and all others similarly situated, | : | Case No. 4:20-cv-036664-YGR-SVK |
| | : | |
| Plaintiffs, | : | **EXPERT DECLARATION** |
| | : | **OF PROFESSOR** |
| v. | : | **WILLIAM B. RUBENSTEIN** |
| | : | |
| GOOGLE LLC, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

1.      I am the Bruce Bromley Professor of Law at Harvard Law School.  Since 2008, I have been the sole author of the treatise now entitled, *Newberg and Rubenstein on Class Actions*, and I have been recognized as a leading national expert on class action law and practice.  Google, through its counsel, has retained me to provide my expert opinion on Class Counsel's fee request. As I believe the Court is generally aware of my qualifications, I provide those in Exhibit A, with a list of documents I reviewed in preparing this opinion in Exhibit B.

2.      This is a partial (or limited) success case.  Plaintiffs sought monetary damages but failed to certify a money damages class and recovered none.  Plaintiffs also sought broad injunctive relief, but settled before trial, securing through the settlement agreement acknowledgement of changes to certain of Google's disclosures and deletion or remediation of certain data.

3.      The key question posed by this fee petition is therefore how the Court should account for the limited nature of plaintiffs' success.  Based on my expertise in class action law, policy, and practice, it is my opinion that there are five independent factors each supporting a fee below Class Counsel's lodestar and almost no precedents supporting a positive multiplier – with none whatsoever that I am aware of supporting a 3.5 multiplier – in this limited success situation.

1

*Factor One – Facts*

4.    There is little doubt that the primary goal of the case was monetary damages.  As set forth in Table 1, below, plaintiffs sought – but failed to secure – a variety of different types of monetary damages.

**TABLE 1**
**MONETARY DAMAGES SOUGHT BUT NOT SECURED**

|  | **RELIEF REQUESTED[1]** | **RELIEF OBTAINED** |
|---|---|---|
| 1 | Compensatory damages | None |
| 2 | Statutory damages | None |
| 3 | Nominal damages | None |
| 4 | Nonrestitutionary disgorgement | None |
| 5 | Punitive damages | None |
| 6 | Disgorge[ment of] revenues and profits | None |

Moreover, plaintiffs alleged that these categories of damages were of enormous magnitude:  they argued in their class certification brief that disgorgement damages were roughly $4 billion, Dkt. 608-3 at 15, actual damages more than $9 billion, *id.*, statutory damages between $5,000-$10,000 per violation for "tens of millions of Class Members," *id.* at 16, with punitive damages on top of all that, *id.*  Thus, a comparison of the types and amounts of damages awarded to the class to the types and amount sought by Class Counsel shows a complete lack of success.

5.    Plaintiffs' limited success came in achieving certification of a (b)(2) class and securing a settlement that in turn acknowledges and/or entails some changes to Google's disclosures, and deletion and remediation of some data to specifically address plaintiffs' re-

---

[1] These categories can be found, *inter alia*, in the Fourth Amended Complaint, Dkt. 886, at 71-72.

identification theories.  While the total value of that success is contested,[2] what is uncontestable is that the non-monetary relief falls shy of actual injunctive relief and far shy of the full scope of changes that the plaintiffs sought.  Google's counsel provided me with a Table – attached hereto as Table 2, Exhibit C – comparing the non-monetary relief plaintiffs sought to that achieved in the settlement.  That comparison shows that the changes secured through the settlement are far more modest than the non-monetary relief requested.  Table 2 encompasses 14 rows, each reflecting a type of non-monetary relief sought.  Of those 14 items, the plaintiffs achieved two, partially achieved three, and failed to achieve nine.

6.      It strikes me as irrefutable that the plaintiffs did not obtain the central goals of this lawsuit – indeed, you might say they won a small battle but lost the war – and hence that the Court could find that the fee petition must be gauged through the lens of the limited/partial success caselaw.

*Factor Two – Law*

7.      There is a vast body of partial success caselaw addressing the specific issue here: the fee ramifications of plaintiffs failing to achieve certification of a damages class and hence securing no class wide monetary damages.  For purposes of this opinion, and in the hope of assisting the Court, I directed my research assistants to develop a database of pertinent federal and state[3] cases addressing this particular limited success situation – fee petitions that were contested

---

[2] Class Counsel assert that the relief is worth billions of dollars, Plaintiffs' Notice of Motion and Motion for an Award of Attorneys' Fees, Costs, and Service Awards, Dkt. 1106 at 22-23 (hereinafter "Fee Br.") – a conclusion that Google strongly contests.

[3] Class Counsel argue for application of California state fees law, Fee Br. at 5, but then cite non-California law decisions throughout their brief when such decisions appear to support their desired outcome.  I accordingly did not restrict my team's research to California cases alone – nor do I

on the grounds that the plaintiffs secured only partial success because their monetary damage classes had been denied, abandoned, or had proven unfruitful.  Through a series of different search methods, my research assistants identified and we reviewed hundreds of cases, of which 72 were on point; every pertinent case we found was included in the database.[4]  It is possible that we missed some cases, but I am confident we missed few, and even more confident that a few additional cases would have little meaningful impact on our findings.  I can make the full list of cases available to the Court if it would be helpful.  Indeed, my goal in assembling this database of cases – and in synthesizing the results – is not to tell the Court what the law is but, as I do in writing a class action treatise, to assist the Court so it can more easily find and analyze relevant caselaw.

8.     What we found in analyzing the cases was that:

- *Roughly 90% of Courts Awarded Less Than Lodestar.*  In the vast majority of these contested fee petitions – 63 out of 72 cases, or 87.5% – courts awarded **less** than counsel's lodestar because plaintiffs failed in their pursuit of class wide monetary damages and their success was accordingly limited or partial.[5]

- *Roughly 10% of Courts Awarded Lodestar.*  In far fewer cases – 8 out of 72, or 11.1% – courts opted not to reduce counsel's lodestar for their failure to achieve class wide monetary damages, typically because of other significant achievements in those cases.

---

necessarily agree that California fees law alone provides the applicable rules of decision here – but we did, nonetheless, focus special effort on finding California (federal and state) partial success caselaw.

[4] I erred on the side of overinclusion.  For instance, roughly 29 of these 72 precedents arose out of a failure to secure Fair Labor Standards Act ("FLSA") certification, not (b)(3) certification.  While that failure is a related, but not precisely the same, form of partial success, *see* William B. Rubenstein, 7 *Newberg and Rubenstein on Class Actions* § 23:38 (6th ed. 2023) (hereinafter *Newberg and Rubenstein on Class Actions*), its fee ramifications are nonetheless instructive.

[5] Across these 63 cases, 26 courts awarded a pared down version of counsel's lodestar by stripping out the specific hours spent on class certification; 26 courts applied an across-the-board reduction to the lodestar to reflect limited success; and 11 courts did both.

- *Only 1 Court Awarded a Positive Multiplier.*  In just one unpublished decision with a contested fee petition did a court award a modest (1.25) multiplier where certification of a damages class failed, and in that case, the named plaintiffs received "substantial" monetary relief that impacted the court's analysis.[6]

- *No Court Ever Awarded a 3.5 Multiplier.*  As only one court in our study ever awarded a positive multiplier in this situation – and that was 1.25 – no court has ever come anywhere near doing what these plaintiffs request:  awarding a multiplier of 3.5 when class certification failed, and no monetary damages were recovered.

9.    Our findings do not change if we zero in on a particular fact present here:  the successful certification of a (b)(2) class.  In 4 of our 72 cases – all four decided by California-based federal courts – plaintiffs who failed to secure monetary damage class certification *did* succeed in getting an injunctive relief class certified – like the plaintiffs here.  But in 3 of those cases,[7] courts nonetheless awarded counsel less than their lodestar.  This Court itself decided one

---

[6] *Britto v. Zep Inc.*, No. A141870, 2015 WL 5657147 (Cal. Ct. App. Sept. 25, 2015).

Plaintiffs cite two out-of-circuit cases with positive multipliers arising out of the no (b)(3)/yes (b)(2) situation here, Fee Br. at 18 n.11, but neither is instructive.  Each involved a multiplier far short of 3.5.  More importantly, in both of the cases, the defendant did not contest fees, and neither court therefore adjudicated a limited/partial success issue.  Among cases involving uncontested fees there are surely an equal number awarding negative multipliers, including in this circuit.  *See, e.g.*, *Ang v. Bimbo Bakeries USA, Inc*., No. 13-CV-01196-HSG, 2020 WL 5798152, at 8-12 (N.D. Cal. Sept. 29, 2020) (applying California fees law, plaintiffs agreed to seek less than one third of their lodestar, which the court further reduced *sua sponte* in part based on the limited nature of the plaintiffs' success, granting a final award less than a quarter of class counsel's initial lodestar); *Campbell v. Facebook Inc.*, No. 13-CV-05996-PJH, 2017 WL 3581179, at *7 (N.D. Cal. Aug. 18, 2017) ("The fees sought by plaintiffs are <u>less than half</u> of their actual lodestar, yielding a 'negative multiplier' of 0.497.") (emphasis in original), aff'd, 951 F.3d 1106 (9th Cir. 2020).  Worse, in these "clear sailing agreement" situations, an agreed-upon *positive* multiplier is a red flag warning of collusion, *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011), rendering the plaintiffs' positive multiplier cases more suspicious than insightful.

[7] *Stathakos v. Columbia Sportswear Co.*, No. 15-CV-04543-YGR, 2018 WL 1710075 (N.D. Cal. Apr. 9, 2018); *Thomas v. Baca*, No. CV 04-08448 DDP SHX, 2014 WL 7333266 (C.D. Cal. Dec. 19, 2014) (awarding $384,275 in fees against a request for $7,090,000), aff'd sub nom. *Thomas v. Cnty. of Los Angeles*, 703 F. App'x 508 (9th Cir. 2017); *Pierce v. Cnty. of Orange*, 905 F. Supp. 2d 1017, 1042 (C.D. Cal. 2012) (stating that – "[T]he Court discounts Plaintiffs' after-the-fact

of these cases and reduced class counsel's request by 35%, primarily because of plaintiffs' failure to secure monetary relief.[8]  In the fourth case,[9] the court rejected counsel's request for a positive multiplier despite the fact that they had taken the injunctive class action all the way through a trial, at which they had prevailed, and hence secured findings of fact and conclusions of law, supporting court-ordered, class wide, injunctive relief;[10] although the court did not reduce the lodestar for partial success, it did reduce it for other reasons.[11]

10.    In sum, my review of the caselaw concerning the fee ramifications of monetary damage class failures suggests that the Court could find (a) that Defendant's argument for a lodestar reduction is fully supported by a large body of applicable caselaw; (b) that Class Counsel's argument for a 3.5 multiplier has no relevant precedential support whatsoever; and (c) that any fee award exceeding counsel's lodestar would be a significant outlier.

---

argument that the damages class action was unimportant, given that they appealed that issue. While the damages class action may have been a related claim, the fact that Plaintiffs failed to obtain a significant form of relief justifies some reduction for their limited success." – and applying a 30% reduction).

[8] *Stathakos*, 2018 WL 1710075, at *4 ("[P]laintiffs' success was limited in that plaintiffs did not (i) persuade this Court to certify a damages class or (ii) obtain monetary relief for the class.").

[9] *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, 114 F. Supp. 3d 819 (N.D. Cal. 2015), objections sustained in part and overruled in part, No. C 09-3329 CW, 2016 WL 1255454 (N.D. Cal. Mar. 31, 2016), aff'd, 739 F. App'x 890 (9th Cir. 2018).

[10] *Id.* at 840 ("[B]alancing plaintiffs' risk of defeat with the fact that they did not succeed on every claim, the Court denies plaintiffs' request for a positive multiplier.  But given that ***plaintiff did secure a significant victory at trial on its claim for injunctive relief***, the Court also denies the NCAA's request for a negative multiplier.") (cleaned up) (emphasis added).

[11] Magistrate Cousins awarded a pared down version of plaintiffs' $45 million fee request, *id.* at 840; on review, Judge Wilken further reduced the award to $40.7 million, *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, No. C 09-3329 CW, 2016 WL 1255454 (N.D. Cal. Mar. 31, 2016), and the Ninth Circuit affirmed.  *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, 739 F. App'x 890 (9th Cir. 2018).

*Factor Three – Policy*

11.     Class Counsel argue that class action *policy* supports their proposed 3.5 positive multiplier, but in my opinion the Court could find that the policy arguments cut in favor of a negative multiplier.  The denial of (b)(3) class certification is typically the death knell of the class action, so much so that there's an entire legal doctrine with that name in class action law.[12]  What the "death knell" formulation captures is that absent the promise of monetary relief, plaintiffs' claims are rarely economically feasible to litigate and hence cases are often simply dropped (or settled on an individual basis, providing relief for the named plaintiffs alone) upon denial of (b)(3) certification.[13]  Class Counsel attempt to spin that to their advantage here by noting that when (b)(3) certification was denied, they continued to litigate and ought, therefore, to get a positive multiplier of 3.5.[14]  That argument has several holes.

12.     *First*, plaintiffs continued to litigate because – unlike plaintiffs in many death knell cases – they themselves had sought and secured (b)(2) class certification; having done so, they could hardly walk away, consistent with their ethical obligations to their clients and the Court.

13.     *Second*, as the Second Circuit has explained, *rewarding* partial success with a positive multiplier removes any disincentive against bringing and pursuing weak claims.[15]  This is

---

[12] I explain the doctrine at 3 *Newberg and Rubenstein on Class Actions*, *supra* note 4, at § 7:44.

[13] *Id.* ("If a plaintiff moves for class certification and the motion is denied, her class action lawsuit is effectively over—the denial of class certification is the 'death knell' of her case.").

[14] Fee Br. at 4.

[15] *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (holding, in partial success case involving failed FLSA class certification motion, "the district court was rightly concerned that not reducing the fee award in these circumstances would pose two risks: (a) decreasing the incentive for plaintiffs' lawyers vigorously to litigate collective action certification,

especially problematic when the adversary, not the client, is footing the bill, as the Supreme Court[16] and Ninth Circuit[17] have long noted that a defendant should not underwrite plaintiffs' losing claims/cases in the same way that contingent fee clients might be asked to do so.

*Factor Four – Collateral Monetary Damage Litigation*

14.    Plaintiffs also attempt to bolster the partiality of their success here on the grounds that they have not *released* the class's monetary damages claims and some of those class members may yet receive monetary damages.  In my opinion, the Court could find that neither of those arguments actually supports their fee petition, however.

15.    *First*, Class Counsel didn't release the class's monetary damages claims because, absent (b)(3) class certification, they had no authority to do so.  They didn't represent the class on monetary damage claims.  Their assertion that they "*preserved* the class members' right to sue for money,"[18] is therefore misleading.  If you hire someone to drive one of your two automobiles

---

and (b) encouraging plaintiffs' lawyers to file collective action-based claims even where there is little basis for doing so").

[16] *City of Burlington v. Dague*, 505 U.S. 557, 565 (1992) ("[J]ust as the statutory language limiting fees to prevailing (or substantially prevailing) parties bars a prevailing plaintiff from recovering fees relating to claims on which he lost, so should it bar a prevailing plaintiff from recovering for the risk of loss.  An attorney operating on a contingency-fee basis pools the risks presented by his various cases:  cases that turn out to be successful pay for the time he gambled on those that did not.  To award a contingency enhancement under a fee-shifting statute would in effect pay for the attorney's time (or anticipated time) in cases where his client does not prevail.").

[17] *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994) ("*Dague*'s rationale for barring risk multipliers in statutory fee cases does not operate to bar risk multipliers in common fund cases" because "[u]nlike statutory fee-shifting cases, where the winner's attorneys' fees are paid by the losing party, attorneys' fees in common fund cases are not paid by the losing defendant, but by members of the plaintiff class, who shoulder the burden of paying their own counsel out of the common fund.").

[18] Fee Br. at 16 ("Here, Class Counsel *preserved* individuals' right to sue for money, and many individuals are already pursuing such relief.") (emphasis added).

across the country and, upon arrival, they ask for a bonus because they "preserved" the condition of the car they didn't drive, you'd rightly exercise your prerogative to laugh.

16.    *Second*, if Class Counsel now *do* represent some plaintiffs in their individualized suits for monetary damages – which they apparently have filed in bulk in state court – their right to fees comes from those recoveries, if any, not from their prevailing adversary here.  Indeed, if counsel were rewarded here for losing their monetary damage claims and they then turn around and extract a portion of each individual litigant's monetary damage award, should there be any, they'd likely be double-dipping in violation of their ethical duty to charge those clients only a reasonable contingent fee.[19]

17.    In short, lawyers should get paid for monetary damages only *when* and *if* any of their clients get monetary damages and (absent application of a fee-shifting statute at that time) only *from* those monetary damages.

*Factor Five – Google's Significant Success*

18.    A helpful way to evaluate the present petition is to consider this case's outcome from the Defendant's perspective.  Google faced allegedly enormous liability – as noted above, plaintiffs claimed that the value of the case was north of $10 billion.  Google retained a leading law firm, litigated vigorously, and ultimately was relieved of paying a single dollar in monetary damages, zero, and settled for non-monetary relief, much of which was already in place and all of which was far short of plaintiffs' non-monetary aspirations.

---

[19] Cal. R. Prof. C. 1.5(a) ("A lawyer shall not make an agreement for, charge, or collect an unconscionable or illegal fee.").

19.     This is a situation in which a defendant might actually pay its own lawyers a bonus under newer fee arrangements aimed at creating incentives for defense lawyers similar to those in the contingent fee arrangements whereby plaintiffs' counsel shares the upside with their clients.  It would seem almost perverse, in these circumstances, to order the Defendant to pay *their adversaries' lawyers* a bonus for this outcome.

20.     The Defendant's perspective provides a valuable lens through which to assess the extremely limited nature of plaintiffs' success here because if the Defendant met many of its goals in this litigation, then *a fortiori* the plaintiffs could not have met many of theirs.

\* \* \*

21.     Finally, Class Counsel's brief relies on a statement from an expert declaration that I submitted to this Court in the *In re Twitter, Inc. Securities Litigation*,[20] implying some equivalence between the two cases.  In the *Twitter* case, class counsel (a) won a contested Rule 23(b)(3) class certification motion;[21] (b) proceeded to secure a $809.5 million common fund for their clients; and (c) were awarded a fee of $182.1 million, constituting 22.5% of their client's fund.[22]  In this case, class counsel (a) lost a contested Rule 23(b)(3) class certification motion; (b) proceeded to secure zero monetary damages for their clients; and for that achievement they now

---

[20] Fee Br. at 11 (citing Declaration of Professor William B. Rubenstein at 32, *Twitter*, No. 16-cv-05314 (N.D. Cal. Oct. 13, 2022), Dkt. 662-7.).

[21] *In re Twitter Inc. Sec. Litig.*, 326 F.R.D. 619 (N.D. Cal. 2018).

[22] *In re Twitter Inc. Sec. Litig.*, No. 416CV05314JSTSK, 2022 WL 17248115 (N.D. Cal. Nov. 21, 2022).

(c) ask the Court to order *their adversary* to pay them $217.6 million, or 20% more than the *Twitter* lawyers sought.  Merely describing this request should be sufficient to refute it.[23]

June 5, 2024                                      _____
                                                 William B. Rubenstein

---

[23] *Cf. Romer v. Evans*, 517 U.S. 620, 639 (1996) (Scalia, J., dissenting) ("If merely stating this alleged 'equal protection' violation does not suffice to refute it, our constitutional jurisprudence has achieved terminal silliness.").

# EXHIBIT A

*Brown et al. v. Google LLC*
Case No. 4:20-cv-036664-YGR-SVK
U.S. District Court for the Northern District of California

## EXPERT DECLARATION OF PROFESSOR WILLIAM B. RUBENSTEIN

EXHIBIT A
BACKGROUND AND QUALIFICATIONS

1.      I am the Bruce Bromley Professor of Law at Harvard Law School.  I graduated from Yale College, *magna cum laude*, in 1982 and from Harvard Law School, *magna cum laude*, in 1986.  I clerked for the Hon. Stanley Sporkin in the U.S. District Court for the District of Columbia following my graduation from law school.  Before joining the Harvard faculty as a tenured professor in 2007, I was a law professor at the UCLA School of Law for a decade, and an adjunct faculty member at Harvard, Yale, and Stanford Law Schools while a public interest lawyer during the preceding decade.  I am admitted to practice law in the Commonwealth of Massachusetts, the State of California, the Commonwealth of Pennsylvania (inactive), the District of Columbia (inactive), the U.S. Supreme Court, six U.S. Courts of Appeals, and four U.S. District Courts.

2.      My principal area of scholarship is complex civil litigation, with a special emphasis on class action law.  I am the author, co-author, or editor of five books and more than a dozen scholarly articles, as well as many shorter publications (a fuller bibliography appears in my appended c.v., Exhibit A).  Much of this work concerns various aspects of class action law.  Since 2008, I have been the sole author of the leading national treatise on class action law, *Newberg on Class Actions*.  Between 2008 and 2017, I rewrote the entire multivolume treatise from scratch as its Fifth Edition and, subsequently, produced the treatise's Sixth Edition – *Newberg and Rubenstein on Class Actions* – which was published in 2022.  As part of this effort, I wrote and published a 692-page volume (volume 5 of the Sixth Edition) on attorney's fees, costs, and

**A-1**

incentive awards; this is the most sustained scholarly treatment of class action attorney's fees and has been cited in numerous federal court fee decisions. For five years (2007–2011), I published a regular column entitled "Expert's Corner" in the publication *Class Action Attorney Fee Digest*. My work has been excerpted in casebooks on complex litigation, as noted on my c.v.

    3.    My expertise in complex litigation has been recognized by judges, scholars, and lawyers in private practice throughout the country for whom I regularly provide consulting advice and educational training programs. Since 2010, the Judicial Panel on Multidistrict Litigation (JPML) has annually invited me to give a presentation on the current state of class action law at its MDL Transferee Judges Conference, and I have often spoken on the topic of attorney's fees to the MDL judges. The Federal Judicial Center invited me to participate as a panelist (on the topic of class action settlement approval) at its March 2018 judicial workshop celebrating the 50th anniversary of the JPML, Managing Multidistrict and Other Complex Litigation Workshop. The Second Circuit invited me to moderate a panel on class action law at the 2015 Second Circuit/Federal Judicial Center Mid-Winter Workshop. The American Law Institute selected me to serve as an Adviser on a Restatement-like project developing the *Principles of the Law of Aggregate Litigation*. In 2007, I was the co-chair of the Class Action Subcommittee of the Mass Torts Committee of the ABA's Litigation Section. I am on the Advisory Board of the publication *Class Action Law Monitor*. I have often presented continuing legal education programs on class action law at law firms and conferences.

    4.    My teaching focuses on procedure and complex litigation. I regularly teach the basic civil procedure course to first-year law students, and I have taught a variety of advanced courses on complex litigation, remedies, and federal litigation. I have received honors for my teaching activities, including: the Albert M. Sacks-Paul A. Freund Award for Teaching Excellence,

as the best teacher at Harvard Law School during the 2011–2012 school year; the Rutter Award for Excellence in Teaching, as the best teacher at UCLA School of Law during the 2001–2002 school year; and the John Bingham Hurlbut Award for Excellence in Teaching, as the best teacher at Stanford Law School during the 1996–1997 school year.

5.      My academic work on class action law follows a significant career as a litigator. For nearly eight years, I worked as a staff attorney and project director at the national office of the American Civil Liberties Union (ACLU) in New York City.  In those capacities, I litigated dozens of cases on behalf of plaintiffs pursuing civil rights matters in state and federal courts throughout the United States.  I also oversaw and coordinated hundreds of additional cases being litigated by ACLU affiliates and cooperating attorneys in courts around the country.  I therefore have personally initiated and pursued complex litigation, including class actions.

6.      I have been retained as an expert witness in more than 100 cases and as an expert consultant in another 30 or so cases.  These cases have been in state and federal courts throughout the United States; most have been class actions and other complex matters, and many have been MDL proceedings.  I have been retained to testify as an expert witness on issues ranging from the propriety of class certification, to the reasonableness of settlements and fees, to the preclusive effect of class action judgments.  I have been retained by counsel for plaintiffs, for defendants, and for objectors.

7.      Courts have appointed me to serve as an expert in complex fee matters:

- In 2015, the United States Court of Appeals for the Second Circuit appointed me to argue for affirmance of a district court order that significantly reduced class counsel's fee request in a large, complex securities class action, a task I completed successfully when the Circuit summarily affirmed the decision on appeal in 2016.[1]

---

[1] *See In re IndyMac Mortg.-Backed Sec. Litig.*, 94 F. Supp. 3d 517 (S.D.N.Y. 2015), *aff'd sub nom. DeValerio v. Olinski*, 673 F. App'x 87 (2d Cir. 2016).

- In 2017, the United States District Court for the Eastern District of Pennsylvania appointed me to serve as an expert witness on certain attorney's fees issues in the National Football League (NFL) Players' Concussion Injury Litigation (MDL 2323). In my final report to the Court, I recommended, *inter alia*, that the Court should cap individual retainer agreements at 22%, a recommendation that the Court adopted.[2]

- In 2018, the United States District Court for the Northern District of Ohio appointed me to serve as an expert consultant to the Court on complex class action and common benefit fees issues in the National Prescription Opiate Litigation (MDL 2804).

- The United States District Courts for the Southern District of New York and the Eastern District of Pennsylvania have both appointed me to serve as a mediator to resolve complex matters in class action cases, including fee issues.

8.    Courts have often relied on my expert witness testimony in fee matters.[3]

---

[2] *In re Nat'l Football League Players' Concussion Injury Litig.*, No. 2:12-md-02323-AB, 2018 WL 1658808, at *1 (E.D. Pa. Apr. 5, 2018) ("I adopt the conclusions of Professor Rubenstein and order that IRPAs' fees be capped at 22% plus reasonable costs.").

[3] *See, e.g.*, *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 872 (8th Cir. 2014); *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, No. 3:18-MD-02843-VC, 2023 WL 8445812, at *2 (N.D. Cal. Oct. 10, 2023); *Benson v. DoubleDown Interactive, LLC*, No. 18-CV-0525-RSL, 2023 WL 3761929, at *2 (W.D. Wash. June 1, 2023); *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2022 WL 18108387, at *7 (E.D. Va. Nov. 8, 2022); *Reed v. Light & Wonder, Inc.*, No. 18-CV-565-RSL, 2022 WL 3348217, at *1–*2 (W.D. Wash. Aug. 12, 2022); *City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*, No. 12-CV-0256 (LAK), 2021 WL 2453972 at *3 (S.D.N.Y. June 15, 2021); *In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 623 (N.D. Cal. 2021); *Kater v. Churchill Downs Inc.*, No. 15-CV-00612-RSL, 2021 WL 511203, at *1–*2 (W.D. Wash. Feb. 11, 2021); *Wilson v. Playtika Ltd.*, No. 18-CV-5277-RSL, 2021 WL 512230, at *1–*2 (W.D. Wash. Feb. 11, 2021); *Wilson v. Huuuge, Inc.*, No. 18-CV-5276-RSL, 2021 WL 512229, at *1–*2 (W.D. Wash. Feb. 11, 2021); *Amador v. Baca*, No. 210CV01649SVWJEM, 2020 WL 5628938, at *13 (C.D. Cal. Aug. 11, 2020); *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079, at *10 (S.D. Ill. Dec. 16, 2018); *Krakauer v. Dish Network, L.L.C.*, No. 1:14-CV-333, 2018 WL 6305785, at *5 (M.D.N.C. Dec. 3, 2018); *In re Nat'l Football League Players' Concussion Injury Litig.*, No. 2:12-md-02323-AB, 2018 WL 1658808, at *4 (E.D. Pa. Apr. 5, 2018); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 3175924, at *3 (N.D. Cal. July 21, 2017); *Aranda v. Caribbean Cruise Line, Inc.*, No. 1:12-cv-04069, 2017 WL 1369741, at *5 (N.D. Ill. Apr. 10, 2017), *aff'd sub nom. Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792 (7th Cir. 2018); *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 WL 5158730, at *9 (S.D.N.Y. Sept. 2, 2015); *Asghari v. Volkswagen Grp. of Am., Inc.*, No. 13-CV-02529 MMM, 2015 WL 12732462, at *44 (C.D. Cal. May 29, 2015); *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1172 (C.D.

9.      I have been retained in this case to provide an opinion concerning the issues set forth in the first paragraph of my Declaration.  I am being compensated for providing this expert opinion.  I was paid a flat fee in advance of rendering my opinion, so my compensation is in no way contingent upon the content of my opinion.

10.     In analyzing these issues, I have discussed the case with the counsel who retained me.  I have also reviewed documents from this case, a list of which is attached as Exhibit B.  I have also re-read the case law and scholarship relevant to the issues herein.

11.     My full c.v. is set forth in the succeeding pages.

---

Cal. 2010); *Commonwealth Care All v. Astrazeneca Pharm. L.P.*, No. CIV.A. 05-0269 BLS 2, 2013 WL 6268236, at *2 (Mass. Super. Aug. 5, 2013).

`

# PROFESSOR WILLIAM B. RUBENSTEIN

Harvard Law School - AR323                                      (617) 496-7320
1545 Massachusetts Avenue                              rubenstein@law.harvard.edu
Cambridge, MA 02138

### ACADEMIC EMPLOYMENT

HARVARD LAW SCHOOL, CAMBRIDGE MA
        Bruce Bromley Professor of Law                              2018-present
        Sidley Austin Professor of Law                              2011-2018
        Professor of Law                                            2007-2011
        Bruce Bromley Visiting Professor of Law                     2006-2007
        Visiting Professor of Law                           2003-2004, 2005-2006
        Lecturer in Law                                             1990-1996
                *Courses:*      Civil Procedure; Class Action Law; Remedies; Legal Profession
                *Awards*:       2012 Albert M. Sacks-Paul A. Freund Award for Teaching Excellence
                *Membership:*   American Law Institute; American Bar Foundation Fellow

UCLA SCHOOL OF LAW, LOS ANGELES CA
        Professor of Law                                            2002-2007
        Acting Professor of Law                                     1997-2002
                *Courses*:      Civil Procedure; Complex Litigation; Remedies
                *Awards*:       2002 Rutter Award for Excellence in Teaching
                                Top 20 California Lawyers Under 40, *Calif. Law Business* (2000)

STANFORD LAW SCHOOL, STANFORD CA
        Acting Associate Professor of Law                           1995-1997
                *Courses*:      Civil Procedure; Federal Litigation
                *Awards*:       1997 John Bingham Hurlbut Award for Excellence in Teaching

YALE LAW SCHOOL, NEW HAVEN CT
        Lecturer in Law                                             1994, 1995

BENJAMIN N. CARDOZO SCHOOL OF LAW, NEW YORK NY
        Visiting Professor                                          Summer 2005

### LITIGATION-RELATED EMPLOYMENT

AMERICAN CIVIL LIBERTIES UNION, NATIONAL OFFICE, NEW YORK NY
        Project Director and Staff Counsel                          1987-1995
        -Litigated impact cases in federal and state courts throughout the United States.
        -Supervised a staff of attorneys at the national office, oversaw work of ACLU attorneys
        around the country and coordinated work with private cooperating counsel nationwide.
        -Significant experience in complex litigation practice and procedural issues; appellate
        litigation; litigation coordination, planning and oversight.

HON. STANLEY SPORKIN, U.S. DISTRICT COURT, WASHINGTON DC
        Law Clerk                                                   1986-87

PUBLIC CITIZEN LITIGATION GROUP, WASHINGTON DC
        Intern                                                      Summer 1985

**A-6**

EDUCATION

HARVARD LAW SCHOOL, CAMBRIDGE MA
       J.D., 1986, *magna cum laude*

YALE COLLEGE, NEW HAVEN CT
       B.A., 1982, *magna cum laude*
          Editor-in-Chief, YALE DAILY NEWS

SELECTED COMPLEX LITIGATION EXPERIENCE

*Professional Service and Highlighted Activities*

◊   *Author,* NEWBERG AND RUBENSTEIN ON CLASS ACTIONS (6th ed. 2022); NEWBERG ON CLASS ACTIONS (sole author since 2008, sole author of entirely re-written Fifth Edition (2011-2019))

◊   *Speaker,* Judicial Panel on Multidistrict Litigation, Multidistrict Litigation (MDL) Transferee Judges Conference, Palm Beach, Florida (provided presentation to MDL judges on recent developments in class action law and related topics (2010, 2011, 2013-2019)

◊   *Panelist,* Federal Judicial Center, *Managing Multidistrict Litigation and Other Complex Litigation Workshop* (for federal judges) (March 15, 2018)

◊   *Amicus curiae,* authored *amicus* brief on proper approach to incentive awards in class action lawsuits in conjunction with motion for rehearing *en banc* in the United States Court of Appeals for the Eleventh Circuit (*Johnson v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. 2020))

◊   *Amicus curiae,* authored *amicus* brief in United States Supreme Court on proper approach to *cy pres* award in class action lawsuits (*Frank v. Gaos*, 139 S. Ct. 1041 (2019))

◊   *Amicus curiae,* authored *amicus* brief in California Supreme Court on proper approach to attorney's fees in common fund cases (*Laffitte v. Robert Half Int'l Inc.*, 376 P.3d 672, 687 (Cal. 2016) (noting reliance on *amicus* brief))

◊   *Amicus curiae,* authored *amicus* brief in the United States Supreme Court filed on behalf of civil procedure and complex litigation law professors concerning the importance of the class action lawsuit (*AT&T Mobility v. Concepcion,* No. 09-893, 131 S. Ct. 1740 (2011))

◊   *Adviser,* American Law Institute, *Project on the Principles of the Law of Aggregate Litigation*, Philadelphia, Pennsylvania

◊   *Advisory Board, Class Action Law Monitor* (Strafford Publications), 2008-

◊   *Co-Chair,* ABA Litigation Section, Mass Torts Committee, Class Action Sub-Committee, 2007

◊   *Planning Committee,* American Bar Association, Annual National Institute on Class Actions Conference, 2006, 2007

**A-7**

◊    *"Expert's Corner"* (Monthly Column)*, Class Action Attorney Fee Digest,* 2007-2011

## Judicial Appointments

◊    *Co-Mediator.*    Appointed by the United States District Court for the Eastern District of Pennsylvania to help mediate a complex attorney's fees issue (*In re National Football League Players' Concussion Injury Litigation*, Civil Action No. 2:12-md-02323 (E.D. Pa. June-September 2022))

◊    *Meditator.*    Appointed by the United States District Court for the Southern District of New York to mediate a set of complex issues in civil rights class action (*Grottano v. City of New York*, Civil Action No. 15-cv-9242 (RMB) (May 2020-January 2021))

◊    *Expert consultant.*    Appointed by the United States District Court for the Northern District of Ohio, and Special Master, as an expert consultant on class certification and attorney's fees issues in complex multidistrict litigation (*National Prescription Opiate Litigation,* MDL 2804, Civil Action No. 1:17-md-2804 (N.D. Ohio Aug. 13, 2018; June 29, 2019; March 10, 2020))

◊    *Expert witness.*    Appointed by the United States District Court for the Eastern District of Pennsylvania as an expert witness on attorney's fees in complex litigation, with result that the Court adopted recommendations (*In re National Football League Players' Concussion Injury Litigation*, 2018 WL 1658808 (E.D. Pa. April 5, 2018))

◊    *Appellate counsel.*    Appointed by the United States Court of Appeals for the Second Circuit to argue for affirmance of district court fee decision in complex securities class action, with result that the Court summarily affirmed the decision below (*In re Indymac Mortgage-Backed Securities Litigation*, 94 F.Supp.3d 517 (S.D.N.Y. 2015), *aff'd sub. nom.*, *DeValerio v. Olinski*, 673 F. App'x 87, 90 (2d Cir. 2016))

## Expert Witness

◊    Submitted expert witness declaration concerning proper approach to – and reasonableness of – attorney's fee request (*Parris v. Meta Platforms, Inc.,* Case No. 2023LA000672 (Illinois Circuit Court, DuPage Cty., 2024))

◊    Submitted expert witness declaration concerning proper approach to – and reasonableness of – attorney's fee request (*Barr v. SelectBlinds LLC,* Civil Action No. 2:22-cv-08326-SPG-PD (C.D. Cal. 2023))

◊    Submitted expert witness declaration on history and equity of proposed allocation system in complex class action settlement (*In re McKinsey & Co. Inc. National Prescription Opiate Consultant Litigation,* Case No. 3:21-md-02996-CRB (N.D. Cal. 2023))

◊    Submitted expert witness declaration concerning reasonableness of proposed hourly rates used in lodestar cross-check submission (*In re National Veterans Legal Services Program, et al. v. United States,* Case No. 1:16-CV-00745-PLF (D. D.C. 2023))

◊    Submitted expert witness declarations concerning reasonableness of – and proper approach to –

attorney's fees in context of issue class action judgment (*James, et al., v. PacifiCorp, et al.,* Civil Action No. 20CV33885 (Oregon Circuit Court, Multnomah Cty. 2023))

◊    Retained as an expert witness concerning reasonableness of attorney's fee request (*In re Wells Fargo & Company Securities Litigation*, Case No. 1:20-cv-04494-GHW (S.D.N.Y. 2023))

◊    Submitted expert witness declaration concerning reasonableness of attorney's fee request (*In re Facebook, Inc. Consumer Privacy User Profile Litigation,* Civil Action No. 3:18-cv-02843-VC (N.D. Cal. 2023))

◊    Submitted expert witness declaration concerning constitutionality of proposed procedures for resolving aggregate claims within a bankruptcy proceeding (*In re PG&E Corporation and Pacific Gas and Electric Company,* Bankruptcy Case No. 19-30088 (N.D. Cal. Bankrpt. 2023))

◊    Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Health Republic Insurance Company v. United States,* Civil Action No. 1:16-cv-0259C (Ct. Fed. Cl. 2023))

◊    Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Benson, et al. v. DoubleDown Interactive, LLC, et al.,* Civil Action No. 2:18-cv-00525 (W.D. Wash. 2023))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fees request (*In re Twitter Inc. Securities Litigation,* Case No. 4:16-cv-05314 (N.D. Cal. October 13, 2022))

◊    Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Ferrando v. Zynga Inc.,* Civil Action No. 2:22-cv-00214 (W.D. Wash. 2022))

◊    Submitted an expert witness declaration concerning reasonableness of proposed settlement in nationwide securities class action, in light of competing litigation (*In re Lyft, Inc. Securities Litigation,* Case No. 4:19-cv-02690 (N.D. Cal. August 19, 2022))

◊    Submitted an expert witness declaration concerning reasonableness of common benefit attorney's fee request (*In re:  Zetia (Ezetimibe) Antitrust Litigation*, MDL No. 2836, 2:18-md-2836 (E.D. Va. July 12, 2022))

◊    Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Reed v. Scientific Games Corp.,* Civil Action No. 2:18-cv-00565 (W.D. Wash. 2022))

◊    Submitted an expert witness declaration concerning reasonableness of proposed settlement in nationwide securities class action, in light of competing litigation (*In re Micro Focus International PLC Securities Litigation,* Master File No. 1:18-cv-06763 (S.D.N.Y., May 4, 2022))

◊    Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Americredit Financial Services, Inc., d/b/a/ GM Financial v. Bell,* No. 15SL-AC24506-01 (Twenty-First Judicial Circuit Court, St. Louis County, Missouri, March 13, 2022))

◊    Submitted an expert witness declaration concerning reasonableness of common benefit attorney's fee request (*In re:  Marjory Stoneman Douglas High School Shooting FTCA Litigation*, Case No. 0:18-

cv-62758 (S.D. Fla. February 7, 2022))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*, No. 12-CV-0256 (LAK), 2021 WL 2453972(S.D.N.Y. June 15, 2021))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Kater v. Churchill Downs,* Civil Action No. 2:15-cv-00612 (W.D. Wash. 2020))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Wilson v. Playtika, LTD,* Civil Action No. 3:18-cv-05277 (W.D. Wash. 2020))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Wilson v. Huuuge,* Civil Action No. 3:18-cv-005276 (W.D. Wash. 2020))

◊   Submitted expert witness declarations and testified at fairness hearing concerning (1) reasonableness of attorney's fee request and (2) empirical data confirming robustness of class claims rate (*In re Facebook Biometric Information Privacy Litigation,* Civil Action No. 3:15-cv-03747-JD (N.D. Cal. (2020))

◊   Retained as an expert witness on issues regarding the Lead Plaintiff/Lead Counsel provisions of the Private Securities Litigation Reform Act of 1995 (PSLRA) (*In re Apple Inc. Securities Litigation.,* Civil Action No. 4:19-cv-02033-YGR (N.D. Cal. (2020))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Amador v. Baca*, Civil Action No. 2:10-cv-01649 (C.D. Cal. February 9, 2020))

◊   Submitted an expert witness declaration concerning reasonableness of class action settlement (*In re: Columbia Gas Cases*, Civil Action No. 1877CV01343G (Mass. Super. Ct., Essex County, February 6, 2020))

◊   Submitted an expert witness declaration, and reply declaration, concerning reasonableness of attorney's fee request (*Hartman v. Pompeo*, Civil Action No. 1:77-cv-02019 (D.D.C. October 10, 2019; February 28, 2020))

◊   Submitted an expert witness declaration concerning reasonableness of common benefit attorney's fee request (*In re: Generic Pharmaceuticals Pricing Antitrust Litigation*, MDL No. 2724, 16-MD-2724 (E.D. Pa. May 15, 2019))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request, relied upon by court in awarding fees (*Hale v. State Farm Mut. Auto. Ins. Co*., 2018 WL 6606079 (S.D. Ill. Dec. 16, 2018))

◊   Submitted expert witness affidavit and testified at fairness hearing concerning second phase fee issues in common fund class action (*Tuttle v. New Hampshire Med. Malpractice Joint Underwriting Assoc.,* Case No. 217-2010-CV-00294 (New Hampshire Superior Court, Merrimack County (2018))

◊   Submitted expert witness report – and rebutted opposing expert – concerning class certification issues

**A-10**

for proposed class action within a bankruptcy proceeding (*In re Think Finance,* Case No. 17-33964 (N.D. Tex. Bankrpt. 2018))

◊    Submitted expert witness declaration concerning specific fee issues raised by Court at fairness hearing and second declaration in response to report of Special Master (*In re Anthem, Inc. Data Breach Litigation,* Case No. 15-MD-02617-LHK (N.D. Cal. 2018))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request following plaintiffs' verdict at trial in consumer class action (*Krakauer v. Dish Network, L.L.C.,* Civil Action No. 1:14-cv-00333 (M.D.N.C. 2018))

◊    Submitted three expert witness declarations and deposed by/testified in front of Special Master in investigation concerning attorney's fee issues (*Arkansas Teacher Ret. Sys. v. State St. Bank & Trust Co.*, Civ. Action No. 1:11-cv-10230 (D. Mass. 2017-18))

◊    Retained as an expert witness on issues regarding the preclusive effect of a class action judgment on later cases (*Sanchez v. Allianz Life Insurance Co. of N. Amer.,* Case No. BC594715 (California Superior Court, Los Angeles County (2018))

◊    Retained as an expert witness and submitted report explaining meaning of the denial of a motion to dismiss in American procedure to foreign tribunals (*In re Qualcomm Antitrust Matter,* declaration submitted to tribunals in Korea and Taiwan (2017))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request in 3.0-liter settlement, referenced by court in awarding fees (*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation,* 2017 WL 3175924 (N.D. Cal. July 21, 2017))

◊    Retained as an expert witness concerning impracticability of joinder in antitrust class action (*In re Celebrex (Celecoxib) Antitrust Litigation,* Civ. Action No. 2-14-cv-00361 (E.D. Va. (2017))

◊    Submitted an expert witness declaration and deposed concerning impracticability of joinder in antitrust class action (*In re Modafinil Antitrust Litigation,* Civ. Action No. 2-06-cv-01797 (E.D. Pa. (2017))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request in 2.0-liter settlement (*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation,* 2017 WL 1047834 (N.D. Cal., March 17, 2017))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request, referenced by court in awarding fees (*Aranda v. Caribbean Cruise Line, Inc.,* 2017 WL 1368741 (N.D. Ill., April 10, 2017))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*McKinney v. United States Postal Service,* Civil Action No. 1:11-cv-00631 (D.D.C. (2016))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Johnson v. Caremark RX, LLC,* Case No. 01-CV-2003-6630, Alabama Circuit Court, Jefferson County (2016))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request in sealed

fee mediation (2016)

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Geancopoulos v. Philip Morris USA Inc.,* Civil Action No. 98-6002-BLS1 (Mass. Superior Court, Suffolk County))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request in sealed fee mediation (2016)

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Gates v. United Healthcare Insurance Company,* Case No. 11 Civ. 3487 (S.D.N.Y. 2015))

◊    Retained as an expert trial witness on class action procedures and deposed prior to trial in matter that settled before trial (*Johnson v. Caremark RX, LLC,* Case No. 01-CV-2003-6630, Alabama Circuit Court, Jefferson County (2016))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request, referenced by court in awarding fees (*In re High-Tech Employee Antitrust Litig.,* 2015 WL 5158730 (N.D. Cal. Sept. 2, 2015))

◊    Retained as an expert witness concerning adequacy of putative class representatives in securities class action (*Medoff v. CVS Caremark Corp.,* Case No. 1:09-cv-00554 (D.R.I. (2015))

◊    Submitted an expert witness declaration concerning reasonableness of proposed class action settlement, settlement class certification, attorney's fees, and incentive awards (*Fitzgerald Farms, LLC v. Chespeake Operating, L.L.C.,* Case No. CJ-2010-38, Dist. Ct., Beaver County, Oklahoma (2015))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request, referenced by court in awarding fees (*Asghari v. Volkswagen Grp. of Am., Inc.,* 2015 WL 12732462 (C.D. Cal. May 29, 2015))

◊    Submitted an expert witness declaration concerning propriety of severing individual cases from class action and resulting statute of repose ramifications (*In re: American   International Group, Inc. 2008 Securities Litigation,* 08-CV-4772-LTS-DCF (S.D.N.Y. (2015))

◊    Retained by Fortune Global 100 Corporation as an expert witness on fee matter that settled before testimony (2015)

◊    Submitted an expert witness declaration and testified at Special Master proceeding concerning reasonableness of attorney's fee allocation in sealed fee mediation (2014-2015)

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*In re: Hyundai and Kia Fuel Economy Litigation,* MDL 13-02424 (C.D. Cal. (2014))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Ammari Electronics v. Pacific Bell Directory*, Case No. RG0522096, California Superior Court, Alameda County (2014))

◊    Submitted an expert witness declaration and deposed concerning plaintiff class action practices under the Private Securities Litigation Reform Act of 1995 (PSLRA), as related to statute of limitations question (*Federal Home Loan Bank of San Francisco v. Deutsche Bank Securities, Inc.,* Case No. CGC-10-497839, California Superior Court, San Francisco County (2014))

◊    Submitted an expert witness declaration and deposed concerning plaintiff class action practices under the Private Securities Litigation Reform Act of 1995 (PSLRA), as related to statute of limitations question (*Federal Home Loan Bank of San Francisco v. Credit Suisse Securities (USA) LLC,* Case No. CGC-10-497840, California Superior Court, San Francisco County (2014))

◊    Retained as expert witness on proper level of common benefit fee in MDL (*In re Neurontin Marketing and Sales Practice Litigation,* Civil Action No. 04-10981, MDL 1629 (D. Mass. (2014))

◊    Submitted an expert witness declaration concerning Rule 23(g) selection of competing counsel, referenced by court in deciding issue (*White v. Experian Information Solutions, Inc.,* 993 F. Supp. 2d 1154 (C.D. Cal. (2014))

◊    Submitted an expert witness declaration concerning proper approach to attorney's fees under California law in a statutory fee-shifting case (*Perrin v. Nabors Well Services Co.,* Case No. 1220037974, Judicial Arbitration and Mediation Services (JAMS) (2013))

◊    Submitted an expert witness declaration concerning fairness and adequacy of proposed nationwide class action settlement (*Verdejo v. Vanguard Piping Systems,* Case No. BC448383, California Superior Court, Los Angeles County (2013))

◊    Retained as an expert witness regarding fairness, adequacy, and reasonableness of proposed nationwide consumer class action settlement  (*Herke v. Merck,* No. 2:09-cv-07218, MDL Docket No. 1657 (*In re Vioxx Products Liability Litigation*) (E. D. La. (2013))

◊    Retained as an expert witness concerning ascertainability requirement for class certification and related issues (*Henderson v. Acxiom Risk Mitigation, Inc.,* Case No. 3:12-cv-00589-REP (E.D. Va. (2013))

◊    Submitted an expert witness declaration concerning reasonableness of class action settlement and performing analysis of Anet expected value@ of settlement benefits, relied on by court in approving settlement (*In re Navistar Diesel Engine Products Liab. Litig.*, 2013 WL 10545508 (N.D. Ill. July 3, 2013))

◊    Submitted an expert witness declaration concerning reasonableness of class action settlement and attorney's fee request (*Commonwealth Care All. v. Astrazeneca Pharm. L.P.*, 2013 WL 6268236 (Mass. Super. Aug. 5, 2013))

◊    Submitted an expert witness declaration concerning propriety of preliminary settlement approval in nationwide consumer class action settlement (*Anaya v. Quicktrim, LLC,* Case No.  CIVVS 120177, California Superior Court, San Bernardino County (2012))

◊    Submitted expert witness affidavit concerning fee issues in common fund class action (*Tuttle v. New Hampshire Med. Malpractice Joint Underwriting Assoc.,* Case No. 217-2010-CV-00294, New

Hampshire Superior Court, Merrimack County (2012))

◊  Submitted expert witness declaration and deposed concerning class certification issues in nationwide fraud class action, relied upon by the court in affirming class certification order (*CVS Caremark Corp. v. Lauriello,* 175 So. 3d 596, 609-10 (Ala. 2014))

◊  Submitted expert witness declaration in securities class action concerning value of proxy disclosures achieved through settlement and appropriate level for fee award (*Rational Strategies Fund v. Jhung,* Case No. BC 460783, California Superior Court, Los Angeles County (2012))

◊  Submitted an expert witness report and deposed concerning legal malpractice in the defense of a class action lawsuit (*KB Home v. K&L Gates, LLP,* Case No. BC484090, California Superior Court, Los Angeles County (2011))

◊  Retained as expert witness on choice of law issues implicated by proposed nationwide class certification (*Simon v. Metropolitan Property and Cas. Co.,* Case No. CIV-2008-1008-W (W.D. Ok. (2011))

◊  Retained, deposed, and testified in court as expert witness in fee-related dispute (*Blue, et al. v. Hill,* Case No. 3:10-CV-02269-O-BK (N.D. Tex. (2011))

◊  Retained as an expert witness in fee-related dispute (*Furth v. Furth*, Case No. C11-00071-DMR (N.D. Cal. (2011))

◊  Submitted expert witness declaration concerning interim fee application in complex environmental class action (*DeLeo v. Bouchard Transportation,* Civil Action No. PLCV2004-01166-B, Massachusetts Superior Court (2010))

◊  Retained as an expert witness on common benefit fee issues in MDL proceeding in federal court (*In re Vioxx Products Liability Litigation*, MDL Docket No. 1657 (E.D. La. (2010))

◊  Submitted expert witness declaration concerning fee application in securities case, referenced by court in awarding fee (*In re AMICAS, Inc. Shareholder Litigation,* 27 Mass. L. Rptr. 568 (Mass. Sup. Ct. (2010))

◊  Submitted an expert witness declaration concerning fee entitlement and enhancement in non-common fund class action settlement, relied upon by the court in awarding fees (*Parkinson v. Hyundai Motor America*, 796 F.Supp.2d 1160, 1172-74 (C.D. Cal. 2010))

◊  Submitted an expert witness declaration concerning class action fee allocation among attorneys (*Salvas v. Wal-Mart*, Civil Action No. 01-03645, Massachusetts Superior Court (2010))

◊  Submitted an expert witness declaration concerning settlement approval and fee application in wage and hour class action settlement (*Salvas v. Wal-Mart*, Civil Action No. 01-03645, Massachusetts Superior Court (2010))

◊  Submitted an expert witness declaration concerning objectors' entitlement to attorney's fees (*Rodriguez v. West Publishing Corp.,* Case No. CV-05-3222 (C.D. Cal. (2010))

◊   Submitted an expert witness declaration concerning fairness of settlement provisions and processes, relied upon by the Ninth Circuit in reversing district court's approval of class action settlement (*Radcliffe v. Experian Inform. Solutions Inc.*, 715 F.3d 1157, 1166 (9th Cir. 2013))

◊   Submitted an expert witness declaration concerning attorney's fees in class action fee dispute, relied upon by the court in deciding fee issue (*Ellis v. Toshiba America Information Systems, Inc.*, 218 Cal. App. 4th 853, 871, 160 Cal. Rptr. 3d 557, 573 (2d Dist. 2013))

◊   Submitted an expert witness declaration concerning common benefit fee in MDL proceeding in federal court (*In re Genetically Modified Rice Litigation*, MDL Docket No. 1811 (E.D. Mo. (2009))

◊   Submitted an expert witness declaration concerning settlement approval and fee application in national MDL class action proceeding (*In re Wal-Mart Wage and Hour Employment Practices Litigation*, MDL Docket No.1735 (D. Nev. (2009))

◊   Submitted an expert witness declaration concerning fee application in national MDL class action proceeding, referenced by court in awarding fees (*In re Dept. of Veterans Affairs (VA) Data Theft Litigation*, 653 F. Supp.2d 58 (D.D.C. (2009))

◊   Submitted an expert witness declaration concerning common benefit fee in mass tort MDL proceeding in federal court (*In re Kugel Mesh Products Liability Litigation*, MDL Docket No. 1842 (D. R.I. (2009))

◊   Submitted an expert witness declaration and supplemental declaration concerning common benefit fee in consolidated mass tort proceedings in state court (*In re All Kugel Mesh Individual Cases*, Master Docket No. PC-2008-9999, Superior Court, State of Rhode Island (2009))

◊   Submitted an expert witness declaration concerning fee application in wage and hour class action (*Warner v. Experian Information Solutions, Inc.*, Case No.   BC362599, California Superior Court, Los Angeles County (2009))

◊   Submitted an expert witness declaration concerning process for selecting lead counsel in complex MDL antitrust class action (*In re Rail Freight Fuel Surcharge Antitrust Litigation*, MDL Docket No. 1869 (D. D.C. (2008))

◊   Retained, deposed, and testified in court as expert witness on procedural issues in complex class action (*Hoffman v. American Express*, Case No. 2001-022881, California Superior Court, Alameda County (2008))

◊   Submitted an expert witness declaration concerning fee application in wage and hour class action (*Salsgiver v. Yahoo! Inc.*, Case No. BC367430, California Superior Court, Los Angeles County (2008))

◊   Submitted an expert witness declaration concerning fee application in wage and hour class action (*Voight v. Cisco Systems, Inc.*, Case No. 106CV075705, California Superior Court, Santa Clara County (2008))

◊   Retained and deposed as expert witness on fee issues in attorney fee dispute (*Stock v. Hafif,* Case No. KC034700, California Superior Court, Los Angeles County (2008))

◊   Submitted an expert witness declaration concerning fee application in consumer class action (*Nicholas v. Progressive Direct*, Civil Action No. 06-141-DLB (E.D. Ky. (2008))

◊   Submitted expert witness declaration concerning procedural aspects of national class action arbitration (*Johnson v. Gruma Corp.,* JAMS Arbitration No. 1220026252 (2007))

◊   Submitted expert witness declaration concerning fee application in securities case (*Drulias v. ADE Corp.,* Civil Action No. 06-11033 PBS (D. Mass. (2007))

◊   Submitted expert witness declaration concerning use of expert witness on complex litigation matters in criminal trial (*U.S. v. Gallion, et al.*, No. 07-39 (E. D. Ky. (2007))

◊   Retained as expert witness on fees matters (*Heger v. Attorneys' Title Guaranty Fund, Inc.,* No. 03-L-398, Illinois Circuit Court, Lake County, IL (2007))

◊   Retained as expert witness on certification in statewide insurance class action (*Wagner v. Travelers Property Casualty of America*, No. 06CV338, Colorado District Court, Boulder County, CO (2007))

◊   Testified as expert witness concerning fee application in common fund shareholder derivative case (*In Re Tenet Health Care Corporate Derivative Litigation*, Case No. 01098905, California Superior Court, Santa Barbara Cty, CA (2006))

◊   Submitted expert witness declaration concerning fee application in common fund shareholder derivative case (*In Re Tenet Health Care Corp. Corporate Derivative Litigation*, Case No. CV-03-11 RSWL (C.D. Cal. (2006))

◊   Retained as expert witness as to certification of class action (*Canova v. Imperial Irrigation District*, Case No. L-01273, California Superior Court, Imperial Cty, CA (2005))

◊   Retained as expert witness as to certification of nationwide class action (*Enriquez v. Edward D. Jones & Co.,* Missouri Circuit Court, St. Louis, MO (2005))

◊   Submitted expert witness declaration on procedural aspects of international contract litigation filed in court in Korea (*Estate of Wakefield v. Bishop Han & Jooan Methodist Church* (2002))

◊   Submitted expert witness declaration as to contested factual matters in case involving access to a public forum (*Cimarron Alliance Foundation v. The City of Oklahoma City,* Case No. Civ. 2001-1827-C (W.D. Ok. (2002))

◊   Submitted expert witness declaration concerning reasonableness of class certification, settlement, and fees (*Baird v. Thomson Elec. Co.*, Case No. 00-L-000761, Cir. Ct., Mad. Cty, IL (2001))

*Expert Consultant*

◊   Retained as a consulting expert in complex MDL/class action concerning attorney's fees issues (2023-2024)

◊    Retained as an expert in confidential matter pending in international arbitration forum concerning litigation financing issues in complex litigation (2022-2023)

◊    Retained as an expert in matter pending in several federal courts concerning attorney's fees in class action setting (2022-2023)

◊    Retained as an expert witness on class action issues in complex mass tort MDL (*In re Roundup Products Liability Litigation,* Civil Action No. 3:16-md-02741-VC (N.D. Cal. (2020))

◊    Provided expert consulting services to Harvard Law School Predatory Lending and Consumer Protection Clinic concerning complex class action issues in bankruptcy (*In re: ITT Educational Services Inc.,* Case No. 16-07207-JMC-7A (Bank. S.D. Ind. 2020))

◊    Provided expert consulting services to law firm concerning complex federal procedural and bankruptcy issues (*Homaidan v. Navient Solutions, LLC*, Adv. Proc. No. 17-1085 (Bank. E.D.N.Y 2020))

◊    Provided expert consulting services to the ACLU on multi-district litigation issues arising out of various challenges to President Trump's travel ban and related policies (*In re American Civil Liberties Union Freedom of Information Act Requests Regarding Executive Order 13769*, Case Pending No. 28, Judicial Panel on Multidistrict Litigation (2017); *Darweesh v. Trump*, Case No. 1:17-cv-00480-CBA-LB (E.D.N.Y. (2017))

◊    Provided expert consulting services to law firm regarding billing practices and fee allocation issues in nationwide class action (2016)

◊    Provided expert consulting services to law firm regarding fee allocation issues in nationwide class action (2016)

◊    Provided expert consulting services to the ACLU of Southern California on class action and procedural issues arising out of challenges to municipality's treatment of homeless persons with disabilities (*Glover v. City of Laguna Beach*, Case No. 8:15-cv-01332-AG-DFM (C.D. Cal. (2016))

◊    Retained as an expert consultant on class certification issues (*In re: Facebook, Inc., IPO Securities and Derivative Litigation*, No. 1:12-md-2389 (S.D.N.Y. 2015))

◊    Provided expert consulting services to lead class counsel on class certification issues in nationwide class action (2015)

◊    Retained by a Fortune 100 Company as an expert consultant on class certification issues

◊    Retained as an expert consultant on class action and procedure related issues (*Lange et al v. WPX Energy Rocky Mountain LLC*, Case No. 2:13-cv-00074-ABJ (D. Wy. (2013))

◊    Retained as an expert consultant on class action and procedure related issues (*Flo & Eddie, Inc., v. Sirius XM Radio, Inc.*, Case No. CV 13-5693 (C.D. Cal. (2013))

◊   Served as an expert consultant on substantive and procedural issues in challenge to legality of credit card late and over-time fees (*In Re Late Fee and Over-Limit Fee Litigation*, 528 F.Supp.2d 953 (N.D. Cal. 2007), *aff'd*, 741 F.3d 1022 (9th Cir. 2014))

◊   Retained as an expert on Class Action Fairness Act (CAFA) removal issues and successfully briefed and argued remand motion based on local controversy exception (*Trevino, et al. v. Cummins, et al.*, No. 2:13-cv-00192-JAK-MRW (C. D. Cal. (2013))

◊   Retained as an expert consultant on class action related issues by consortium of business groups (*In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico on April 20, 2010*, MDL No. 2179 (E.D. La. (2012))

◊   Provided presentation on class certification issues in nationwide medical monitoring classes (*In re: National Football League Players' Concussion Injury Litigation,* MDL No. 2323, Case No. 2:12-md-02323-AB (E.D. Pa. (2012))

◊   Retained as an expert consultant on class action related issues in mutli-state MDL consumer class action (*In re Sony Corp. SXRD Rear Projection Television Marketing, Sales Practices & Prod. Liability Litig.*, MDL No. 2102 (S.D. N.Y. (2009))

◊   Retained as an expert consultant on class action certification, manageability, and related issues in mutli-state MDL consumer class action (*In re Teflon Prod. Liability Litig.*, MDL No. 1733 (S.D. Iowa (2008))

◊   Retained as an expert consultant/co-counsel on certification, manageability, and related issues in nationwide anti-trust class action (*Brantley v. NBC Universal*, No.- CV07-06101 (C.D. Cal. (2008))

◊   Retained as an expert consultant on class action issues in complex multi-jurisdictional construction dispute (*Antenucci, et al., v. Washington Assoc. Residential Partner, LLP, et al.,* Civil No. 8-04194 (E.D. Pa. (2008))

◊   Retained as an expert consultant on complex litigation issues in multi-jurisdictional class action litigation (*McGreevey v. Montana Power Company*, No. 08-35137, U.S. Court of Appeals for the Ninth Circuit (2008))

◊   Retained as an expert consultant on class action and attorney fee issues in nationwide consumer class action (*Figueroa v. Sharper Image*, 517 F.Supp.2d 1292 (S.D. Fla. 2007))

◊   Retained as an expert consultant on attorney's fees issue in complex class action case (*Natural Gas Anti-Trust Cases Coordinated Proceedings*, D049206, California Court of Appeals, Fourth District (2007))

◊   Retained as an expert consultant on remedies and procedural matters in complex class action (*Sunscreen Cases*, JCCP No. 4352, California Superior Court, Los Angeles County (2006))

◊   Retained as an expert consultant on complex preclusion questions in petition for review to California Supreme Court (*Mooney v. Caspari,* Supreme Court of California (2006))

◊   Retained as an expert consultant on attorney fee issues in complex common fund case (*In Re DietDrugs (Phen/Fen) Products Liability Litigation* (E. D. Pa. (2006))

◊   Retained as an expert consultant on procedural matters in series of complex construction lien cases (*In re Venetian Lien Litigation*, Supreme Court of the State of Nevada (2005-2006))

◊   Served as an expert consultant on class certification issues in countywide class action (*Beauchamp v. Los Angeles Cty. Metropolitan Transp. Authority*, (C.D. Cal. 2004))

◊   Served as an expert consultant on class certification issues in state-wide class action (*Williams v. State of California*, Case No. 312-236, Cal. Superior Court, San Francisco)

◊   Served as an exert consultant on procedural aspects of complex welfare litigation (*Allen v. Anderson*, 199 F.3d 1331 (9th Cir. 1999))

*Ethics Opinions*

◊   Retained to provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2017))

◊   Provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2013))

◊   Provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2011))

◊   Provided expert opinion on issues of professional ethics in implicated by nationwide class action practice (*In re Professional Responsibility Inquiries* (2010))

◊   Provided expert opinion on issues of professional ethics implicated by complex litigation matter (*In re Professional Responsibility Inquiries* (2010))

◊   Provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2007))

*Publications on Class Actions & Procedure*

◊   NEWBERG AND RUBENSTEIN ON CLASS ACTIONS (6th ed. 2022 and updates through 2024); NEWBERG ON CLASS ACTIONS (sole author since 2008, sole author of entirely re-written Fifth Edition (2011-2019)

◊   *Deconstitutionalizing Personal Jurisdiction:   A Separation of Powers Approach,* Harvard Public Law Working Paper No. 20-34, https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3715068.

◊   *The Negotiation Class:   A Cooperative Approach to Class Actions Involving Large Stakeholders,* 99 TEXAS L. REV.73 (2020) (with Francis E. McGovern)

◊   *Profit for Costs*, 63 DEPAUL L. REV. 587 (2014) (with Morris A. Ratner)

◊   *Procedure and Society: An Essay for Steve Yeazell,* 61 U.C.L.A. REV. DISC. 136 (2013)

◊   *Supreme Court Round-Up – Part II*, 5 CLASS ACTION ATTORNEY FEE DIGEST 331 (September 2011)

◊   *Supreme Court Round-Up – Part I*, 5 CLASS ACTION ATTORNEY FEE DIGEST 263 (July-August 2011)

◊   *Class Action Fee Award* Procedures, 5 CLASS ACTION ATTORNEY FEE DIGEST 3 (January 2011)

◊   *Benefits of Class Action Lawsuits*, 4 CLASS ACTION ATTORNEY FEE DIGEST 423 (November 2010)

◊   *Contingent Fees for Representing the Government: Developments in California Law*, 4 CLASS ACTION ATTORNEY FEE DIGEST 335 (September 2010)

◊   *Supreme Court Roundup*, 4 CLASS ACTION ATTORNEY FEE DIGEST 251 (July 2010)

◊   *SCOTUS Okays Performance Enhancements in Federal Fee Shifting Cases – At Least In Principle,* 4 CLASS ACTION ATTORNEY FEE DIGEST 135 (April 2010)

◊   *The Puzzling Persistence of the AMega-Fund@ Concept*, 4 CLASS ACTION ATTORNEY FEE DIGEST 39 (February 2010)

◊   *2009: Class Action Fee Awards Go Out With A Bang, Not A Whimper*, 3 CLASS ACTION ATTORNEY FEE DIGEST 483 (December 2009)

◊   *Privatizing Government Litigation: Do Campaign Contributors Have An Inside Track?*, 3 CLASS ACTION ATTORNEY FEE DIGEST 407   (October 2009)

◊   *Supreme Court Preview*, 3 CLASS ACTION ATTORNEY FEE DIGEST 307 (August 2009)

◊   *Supreme Court Roundup*, 3 CLASS ACTION ATTORNEY FEE DIGEST 259 (July 2009)

◊   *What We Now Know About How Lead Plaintiffs Select Lead Counsel (And Hence Who Gets Attorney's Fees!) in Securities Cases*, 3 CLASS ACTION ATTORNEY FEE DIGEST 219 (June 2009)

◊   *Beware Of Ex Ante Incentive Award Agreements*, 3 CLASS ACTION ATTORNEY FEE DIGEST 175 (May 2009)

◊   *On What a "Common Benefit Fee" Is, Is Not, and Should Be*, 3 CLASS ACTION ATTORNEY FEE DIGEST 87 (March 2009)

◊   *2009: Emerging Issues in Class Action Fee Awards*, 3 CLASS ACTION ATTORNEY FEE DIGEST 3 (January 2009)

◊   *2008:  The Year in Class Action Fee Awards*, 2 CLASS ACTION ATTORNEY FEE DIGEST 465 (December 2008)

◊   *The Largest Fee Award – Ever!*, 2 CLASS ACTION ATTORNEY FEE DIGEST 337 (September 2008)

◊   *Why Are Fee Reductions Always 50%?: On The Imprecision of Sanctions for Imprecise Fee Submissions*, 2 CLASS ACTION ATTORNEY FEE DIGEST 295 (August 2008)

◊   *Supreme Court Round-Up,* 2 CLASS ACTION ATTORNEY FEE DIGEST 257 (July 2008)

◊   *Fee-Shifting For Wrongful Removals: A Developing Trend?,* 2 CLASS ACTION ATTORNEY FEE DIGEST 177 (May 2008)

◊   *You Cut, I Choose:   (Two Recent Decisions About) Allocating Fees Among Class Counsel,* 2 CLASS ACTION ATTORNEY FEE DIGEST 137 (April 2008)

◊   *Why The Percentage Method?,* 2 CLASS ACTION ATTORNEY FEE DIGEST 93 (March 2008)

◊   *Reasonable Rates: Time To Reload The (*Laffey*) Matrix,* 2 CLASS ACTION ATTORNEY FEE DIGEST 47 (February 2008)

◊   *The "Lodestar Percentage" A New Concept For Fee Decisions?,* 2 CLASS ACTION ATTORNEY FEE DIGEST 3 (January 2008)

◊   *Class Action Practice Today: An Overview, in* ABA SECTION OF LITIGATION, CLASS ACTIONS TODAY 4 (2008)

◊   *Shedding Light on Outcomes in Class Actions*, *in* CONFIDENTIALITY, TRANSPARENCY, AND THE U.S. CIVIL JUSTICE SYSTEM 20-59 (Joseph W. Doherty, Robert T. Reville, and Laura Zakaras eds. 2008) (with Nicholas M. Pace)

◊   *Finality in Class Action Litigation: Lessons From Habeas,* 82 N.Y.U. L. REV. 791 (2007)

◊   *The American Law Institute's New Approach to Class Action Objectors' Attorney's Fees,* 1 CLASS ACTION ATTORNEY FEE DIGEST 347 (November 2007)

◊   *The American Law Institute's New Approach to Class Action Attorney's Fees,* 1 CLASS ACTION ATTORNEY FEE DIGEST 307 (October 2007)

◊   *"The Lawyers Got More Than The Class Did!":   Is It Necessarily Problematic When Attorneys Fees Exceed Class Compensation?,* 1 CLASS ACTION ATTORNEY FEE DIGEST 233 (August 2007)

◊   *Supreme Court Round-Up,* 1 CLASS ACTION ATTORNEY FEE DIGEST 201 (July 2007)

◊   *On The Difference Between Winning and Getting Fees,* 1 CLASS ACTION ATTORNEY FEE DIGEST 163 (June 2007)

◊   *Divvying Up The Pot: Who Divides Aggregate Fee Awards, How, and How Publicly?,* 1 CLASS ACTION ATTORNEY FEE DIGEST 127 (May 2007)

◊  *On Plaintiff Incentive Payments,* 1 CLASS ACTION ATTORNEY FEE DIGEST 95 (April 2007)

◊  *Percentage of What?,* 1 CLASS ACTION ATTORNEY FEE DIGEST 63 (March 2007)

◊  *Lodestar v. Percentage: The Partial Success Wrinkle,* 1 CLASS ACTION ATTORNEY FEE DIGEST 31 (February 2007) (with Alan Hirsch)

◊  *The Fairness Hearing:  Adversarial and Regulatory Approaches*, 53 U.C.L.A. L. REV. 1435 (2006) (excerpted in THE LAW OF CLASS ACTIONS AND OTHER AGGREGATE LITIGATION 447-449 (Richard A. Nagareda ed., 2009))

◊  *Why Enable Litigation?  A Positive Externalities Theory of the Small Claims Class Action*, 74 U.M.K.C. L. REV. 709 (2006)

◊  *What a "Private Attorney General" Is – And Why It Matters*, 57 VAND. L. REV.  2129(2004) (excerpted in COMPLEX LITIGATION 63-72 (Kevin R. Johnson, Catherine A. Rogers & John Valery White eds., 2009)).

◊  *The Concept of Equality in Civil Procedure*, 23 CARDOZO L. REV. 1865 (2002) (selected for the Stanford/Yale Junior Faculty Forum, June 2001)

◊  *A Transactional Model of Adjudication*, 89 GEORGETOWN  L.J. 371 (2000)

◊  *The Myth of Superiority*, 16 CONSTITUTIONAL COMMENTARY 599 (1999)

◊  *Divided We Litigate:  Addressing Disputes Among Clients and Lawyers in Civil Rights Campaigns*, 106 YALE L. J. 1623 (1997) *(*excerpted in COMPLEX LITIGATION 120-123 (1998))

## Selected Presentations

◊  *Class Action Law Update,* MDL Transferee Judges Conference, Palm Beach, Florida, October 24, 2023 (scheduled)

◊  *Opioid Litigation:  What's New and What Does it Mean for Future Litigation?,* RAND Institute for Civil Justice and RAND Kenneth R. Feinberg Center for Catastrophic Risk Management and Compensation, RAND Corporation, October 22, 2020

◊  *The Opioid Crisis:  Where Do We Go From Here?"* Clifford Symposium 2020, DePaul University College of Law, Chicago, Illinois, May 28-29, 2020

◊  *Class Action Law Update,* MDL Transferee Judges Conference, Palm Beach, Florida, October 30, 2019

◊  *Class Action Law Update,* MDL Transferee Judges Conference, Palm Beach, Florida, October 31, 2018

◊  *Attorneys' Fees Issues,* MDL Transferee Judges Conference, Palm Beach, Florida, October 30, 2018

◊    *Panelist,* Federal Judicial Center, Managing Multidistrict Litigation and Other Complex Litigation Workshop (for federal judges) (March 15, 2018)

◊    *Class Action Update,* MDL Transferee Judges Conference, Palm Beach, Florida, November 1, 2017

◊    *Class Action Update,* MDL Transferee Judges Conference, Palm Beach, Florida, November 2, 2016

◊    *Judicial Power and its Limits in Multidistrict Litigation,* American Law Institute, Young Scholars Medal Conference, *The Future of Aggregate Litigation*, New York University School of Law, New York, New York, April 12, 2016

◊    *Class Action Update & Attorneys' Fees Issues Checklist,* MDL Transferee Judges Conference, Palm Beach, Florida, October 28, 2015

◊    *Class Action Law,* 2015 Ninth Circuit/Federal Judicial Center Mid-Winter Workshop, Tucson, Arizona, January 26, 2015

◊    *Recent Developments in Class Action Law,* MDL Transferee Judges Conference, Palm Beach, Florida, October 29, 2014

◊    *Recent Developments in Class Action Law,* MDL Transferee Judges Conference, Palm Beach, Florida, October 29, 2013

◊    *Class Action Remedies,* ABA 2013 National Institute on Class Actions, Boston, Massachusetts, October 23, 2013

◊    *The Public Life of the Private Law: The Logic and Experience of Mass Litigation – Conference in Honor of Richard Nagareda,* Vanderbilt Law School, Nashville, Tennessee, September 27-28, 2013

◊    *Brave New World: The Changing Face of Litigation and Law Firm Finance*, Clifford Symposium 2013, DePaul University College of Law, Chicago, Illinois, April 18-19, 2013

◊    *Twenty-First Century Litigation: Pathologies and Possibilities: A Symposium in Honor of Stephen Yeazell,* UCLA Law Review, UCLA School of Law, Los Angeles, California, January 24-25, 2013

◊    *Litigation's Mirror: The Procedural Consequences of Social Relationships,* Sidley Austin Professor of Law Chair Talk, Harvard Law School, Cambridge, Massachusetts, October 17, 2012

◊    *Alternative Litigation Funding (ALF) in the Class Action Context – Some Initial Thoughts*, Alternative Litigation Funding: A Roundtable Discussion Among Experts, George Washington University Law School, Washington, D.C., May 2, 2012

◊    *The Operation of Preclusion in Multidistrict Litigation (MDL) Cases*, Brooklyn Law School Faculty Workshop, Brooklyn, New York, April 2, 2012

◊    *The Operation of Preclusion in Multidistrict Litigation (MDL) Cases*, Loyola Law School Faculty Workshop, Los Angeles, California, February 2, 2012

◊   *Recent Developments in Class Action Law and Impact on MDL Cases,* MDL Transferee Judges Conference, Palm Beach, Florida, November 2, 2011

◊   *Recent Developments in Class Action Law,* MDL Transferee Judges Conference, Palm Beach, Florida, October 26, 2010

◊   *A General Theory of the Class Suit*, University of Houston Law Center Colloquium, Houston, Texas, February 3, 2010

◊   *Unpacking The "Rigorous Analysis" Standard,* ALI-ABA 12th Annual National Institute on Class Actions, New York, New York, November 7, 2008

◊   *The Public Role in Private Law Enforcement: Visions from CAFA*, University of California (Boalt Hall) School of Law Civil Justice Workshop, Berkeley, California, February 28, 2008

◊   *The Public Role in Private Law Enforcement: Visions from CAFA*, University of Pennsylvania Law Review Symposium, Philadelphia, Pennsylvania, Dec. 1, 2007

◊   *Current CAFA Consequences: Has Class Action Practice Changed?,* ALI-ABA 11th Annual National Institute on Class Actions, Chicago, Illinois, October 17, 2007

◊   *Using Law Professors as Expert Witnesses in Class Action Lawsuits,* ALI-ABA 10th Annual National Institute on Class Actions, San Diego, California, October 6, 2006

◊   *Three Models for Transnational Class Actions*, Globalization of Class Action Panel, International Law Association 2006 Conference, Toronto, Canada, June 6, 2006

◊   *Why Create Litigation?:  A Positive Externalities Theory of the Small Claims Class Action*, UMKC Law Review Symposium, Kansas City, Missouri, April 7, 2006

◊   *Marks, Bonds, and Labels:  Three New Proposals for Private Oversight of Class Action Settlements*, UCLA Law Review Symposium, Los Angeles, California, January 26, 2006

◊   Class Action Fairness Act, Arnold & Porter, Los Angeles, California, December 6, 2005

◊   ALI-ABA 9th Annual National Institute on Class Actions, Chicago, Illinois, September 23, 2005

◊   Class Action Fairness Act, UCLA Alumni Assoc., Los Angeles, California, September 9, 2005

◊   Class Action Fairness Act, Thelen Reid & Priest, Los Angeles, California, May 12, 2005

◊   Class Action Fairness Act, Sidley Austin, Los Angeles, California, May 10, 2005

◊   Class Action Fairness Act, Munger, Tolles & Olson, Los Angeles, California, April 28, 2005

◊   Class Action Fairness Act, Akin Gump Strauss Hauer Feld, Century City, CA, April 20, 2005

SELECTED OTHER LITIGATION EXPERIENCE

*United States Supreme Court*

◊   Served as *amicus curiae* and authored *amicus* brief on proper approach to *cy pres* award in class action lawsuits (*Frank v. Gaos*, No. 17-961, October Term 2018)

◊   Co-counsel on petition for writ of *certiorari* concerning application of the voluntary cessation doctrine to government defendants (*Rosebrock v. Hoffman*, 135 S. Ct.1893 (2015))

◊   Authored *amicus* brief filed on behalf of civil procedure and complex litigation law professors concerning the importance of the class action lawsuit (*AT&T Mobility v. Concepcion,* No. 09-893, 131 S. Ct. 1740 (2011))

◊   Co-counsel in constitutional challenge to display of Christian cross on federal land in California's Mojave preserve (*Salazar v. Buono*, 130 S. Ct. 1803 (2010))

◊   Co-authored *amicus* brief filed on behalf of constitutional law professors arguing against constitutionality of Texas criminal law (*Lawrence v. Texas*, 539 U.S. 558 (2003))

◊   Co-authored *amicus* brief on scope of *Miranda* (*Illinois v. Perkins*, 496 U.S. 292 (1990))

*Attorney's Fees*

◊   Appointed by the United States District Court for the Eastern District of Pennsylvania as an expert witness on attorney's fees in complex litigation, with result that the Court adopted recommendations (*In re National Football League Players' Concussion Injury Litigation*, 2018 WL 1658808 (E.D.Pa. April 5, 2018))

◊   Appointed by the United States District Court for the Northern District of Ohio as an expert consultant on common benefit attorney's fees issues in complex multidistrict litigation, with result that the Court adopted recommendations (*In re: Nat'l Prescription Opiate Litig*., No. 1:17-MD-2804, 2020 WL 8675733 (N.D. Ohio June 3, 2020))

◊   Appointed by the United States Court of Appeals for the Second Circuit to argue for affirmance of district court fee decision in complex securities class action, with result that the Court summarily affirmed the decision below (*In re Indymac Mortgage-Backed Securities Litigation*, 94 F.Supp.3d 517 (S.D.N.Y. 2015), *aff'd sub. nom.*, *DeValerio v. Olinski*, 673 F. App'x 87, 90 (2d Cir. 2016)).

◊   Co-counsel in appeal of common benefit fees decision arising out of mass tort MDL (*In re Roundup Prod. Liab. Litig.,* Civil Action No. 21-16228, 2022 WL 16646693 (9th Cir, 2022))

◊   Served as *amicus curiae* and co-authored *amicus* brief on proper approach to attorney's fees in common fund cases (*Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 504, 376 P.3d 672, 687 (2016))

### *Consumer Class Action*

◊   Co-counsel in challenge to antenna-related design defect in Apple's iPhone4 (*Dydyk v. Apple Inc.,* 5:10-cv-02897-HRL, U.S. Dist. Court, N.D. Cal.) (complaint filed June 30, 2010)

◊   Co-class counsel in $8.5 million nationwide class action settlement challenging privacy concerns raised by Google's Buzz social networking program (*In re Google Buzz Privacy Litigation,* 5:10-cv-00672-JW, U.S. Dist. Court, N.D. Cal.) (amended final judgment June 2, 2011)

### *Disability*

◊   Co-counsel in successful ADA challenge ($500,000 jury verdict) to the denial of health care in emergency room (*Howe v. Hull*, 874 F. Supp. 779, 873 F. Supp 72 (N.D. Ohio 1994))

### *Employment*

◊   Co-counsel in challenges to scope of family benefit programs (*Ross v. Denver Dept. of Health*, 883 P.2d 516 (Colo. App. 1994)); (*Phillips v. Wisc. Personnel Com'n*, 482 N.W.2d 121 (Wisc. 1992))

### *Equal Protection*

◊   Co-counsel in (state court phases of) successful challenge to constitutionality of a Colorado ballot initiative, Amendment 2 (*Evans v. Romer*, 882 P.2d 1335 (Colo. 1994))

◊   Co-counsel (and *amici*) in challenges to rules barring military service by gay people (*Able v. United States*, 44 F.3d 128 (2d Cir. 1995); *Steffan v. Perry*, 41 F.3d 677 (D.C. Cir. 1994) (*en banc*))

◊   Co-counsel in challenge to the constitutionality of the Attorney General of Georgia' firing of staff attorney (*Shahar v. Bowers*, 120 F.3d 211 (11th Cir. 1997))

### *Fair Housing*

◊   Co-counsel in successful Fair Housing Act case on behalf of group home (*Hogar Agua y Vida En el Desierto v. Suarez-Medina*, 36 F.3d 177 (1st Cir. 1994))

### *Family Law*

◊   Co-counsel in challenge to constitutionality of Florida law limiting adoption (*Cox v. Florida Dept. of Health and Rehab. Srvcs.*, 656 So.2d 902 (Fla. 1995))

◊   Co-authored *amicus* brief in successful challenge to Hawaii ban on same-sex marriages (*Baehr v. Lewin*, 852 P.2d 44 (Haw. 1993))

### *First Amendment*

◊   Co-counsel in successful challenge to constitutionality of Alabama law barring state funding foruniversity student groups (*GLBA v. Sessions*, 930 F.Supp. 1492 (M.D. Ala. 1996))

◊  Co-counsel in successful challenge to content restrictions on grants for AIDS education materials (*Gay Men's Health Crisis v. Sullivan*, 792 F.Supp. 278 (S.D.N.Y. 1992))

### Landlord / Tenant

◊  Lead counsel in successful challenge to rent control regulation (*Braschi v. Stahl Associates Co.*, 544 N.E.2d 49 (N.Y. 1989))

### Police

◊  Co-counsel in case challenging DEA brutality (*Anderson v. Branen*, 27 F.3d 29 (2d Cir. 1994))

### Prison Conditions

◊  Co-counsel in appeal of class certification decision in damages class action arising out of conditions in St. Louis City Jail, *Cody, et al v. City of St. Louis,* Civil Action No. 22-2348 (8th Cir. 2023) (pending)

### Racial Equality

◊  Co-authored *amicus* brief for constitutional law professors challenging constitutionality of Proposition 209 (*Coalition for Economic Equity v. Wilson*, 110 F.3d 1431 (9th Cir. 1997))

### SELECTED OTHER PUBLICATIONS
### Editorials

◊  *Follow the Leaders*, NEW YORK TIMES, March 15, 2005
◊  *Play It Straight*, NEW YORK TIMES, October 16, 2004
◊  *Hiding Behind the Constitution*, NEW YORK TIMES, March 20, 2004
◊  *Toward More Perfect Unions,* NEW YORK TIMES, November 20, 2003 (with Brad Sears)
◊  *Don't Ask, Don't Tell, Don't Believe It*, NEW YORK TIMES, July 20, 1993
◊  *AIDS: Illness and Injustice*, WASH. POST, July 26, 1992 (with Nan D. Hunter)

### BAR ADMISSIONS
◊  Massachusetts (2008)
◊  California (2004)
◊  District of Columbia (1987) (inactive)
◊  Pennsylvania (1986) (inactive)
◊  U.S. Supreme Court (1993)
◊  U.S. Court of Appeals for the First Circuit (2010)
◊  U.S. Court of Appeals for the Second Circuit (2015)
◊  U.S. Court of Appeals for the Fifth Circuit (1989)
◊  U.S. Court of Appeals for the Ninth Circuit (2004)
◊  U.S. Court of Appeals for the Eleventh Circuit (1993)
◊  U.S. Court of Appeals for the D.C. Circuit (1993)
◊  U.S. District Courts for the Central District of California (2004)
◊  U.S. District Court for the District of the District of Columbia (1989)
◊  U.S. District Court for the District of Massachusetts (2010)
◊  U.S. District Court for the Northern District of California (2010)

# EXHIBIT B

*Brown et al. v. Google LLC*
Case No. 4:20-cv-036664-YGR-SVK
U.S. District Court for the Northern District of California

### EXPERT DECLARATION OF PROFESSOR WILLIAM B. RUBENSTEIN

EXHIBIT B
Partial List of Documents Reviewed by Professor Rubenstein
(other than case law and scholarship on the relevant issues)

1.   Complaint, ECF No. 1
2.   Defendant Google's Notice of Motion and Motion to Dismiss Complaint, ECF No. 53
3.   First Amended Complaint, ECF No. 68
4.   Defendant Google's Notice of Motion and Motion to Dismiss First Amended Complaint, ECF No. 82
5.   Plaintiffs' Opposition to Google's Motion to Dismiss the First Amended Complaint, ECF No. 87
6.   Google's Reply in Support of Motion to Dismiss First Amended Complaint, ECF No. 92
7.   Order Denying Motion to Dismiss, ECF No. 113
8.   Administrative Motion to Consider Whether Cases Should Be Related, ECF No. 123
9.   Order Granting Motion to Relate, ECF No. 130
10.  Second Amended Complaint, ECF No. 136-1
11.  Google's Notice of Motion and Motion to Dismiss Counts Six and Seven of Plaintiffs' Second Amended Complaint, ECF No. 164
12.  Plaintiffs' Opposition to Google's Motion to Dismiss Counts Six and Seven of the Second Amended Complaint, ECF No. 192
13.  Google's Reply in Support of Its Motion to Dismiss Counts Six and Seven of Plaintiffs' Second Amended Complaint, ECF No. 208
14.  Order Appointing Special Master, ECF No. 220
15.  Plaintiffs' Notice of Motion and Motion Seeking Relief for Google's Failure to Obey Discovery Order, ECF No. 292
16.  Order Denying Motion to Dismiss, ECF No. 363
17.  Google LLC's Answer to Plaintiffs' Second Amended Complaint (DKT. 136-1), ECF No. 387
18.  Third Amended Complaint, ECF No. 395-2
19.  Google LLC's Opposition to Plaintiffs' Motion for Leave to Amend Complaint, ECF No. 428
20.  Plaintiffs' Request for an Order for Google to Show Cause for Why It Should Not Be Sanctioned for Discovery Misconduct, ECF No. 430
21.  Plaintiffs' Supplement in Support of Their Motion for Order Requiring Google to Show Cause Why It Should Not Be Sanctioned for Discovery Misconduct, ECF No. 495
22.  Plaintiffs' Administrative Motion to File Supplement in Support of Their Motion for Order Requiring Google to Show Cause Why It Should Not Be Sanctioned for Discovery Misconduct; Declaration of Mark C. Mao, ECF No. 511

**B-1**

23.   Google LLC's Opposition to Plaintiffs' Request for an Order for Google to Show Cause for Why It Should Not Be Sanctioned for Discovery Misconduct, ECF No. 528

24.   Google LLC's Answer to Plaintiffs' Third Amended Complaint (DKT. 395-2), ECF No. 531

25.   Plaintiffs' Reply in Support of Request for an Order for Google to Show Cause Why It Should Not Be Sanctioned for Discovery Misconduct, ECF No. 536

26.   Google LLC's Opposition to Plaintiffs' Administrative Motion to Supplement Their Sanctions Motion (DKT. 583), ECF No. 585

27.   Filed Under Seal: Order on Plaintiffs' Motion for Sanctions for Discovery Misconduct, ECF No. 588

28.   Plaintiffs' Request for Reimbursement of Attorneys' Fees and Costs Incurred for Successful Sanctions Motion, ECF No. 597

29.   Declaration of Mark C. Mao in Support of Plaintiffs' Request for Reimbursement of Attorneys' Fees and Costs Incurred for Successful Sanctions Motion, ECF No. 597-1

30.   Plaintiffs' Supplement in Support of Request for Reimbursement of Attorneys' Fees and Costs Incurred for Successful Sanctions Motion, ECF No. 607

31.   Plaintiff's Notice of Motion and Motion for Class Certification and Appointment of Class Representatives and Class Counsel, Unredacted Version, ECF No. 608-3

32.   Plaintiff's Notice of Motion and Motion for Class Certification and Appointment of Class Representatives and Class Counsel, Redacted Version, ECF No. 609

33.   Plaintiffs' Trial Plan in Support of Motion for Class Certification, Redacted Version, ECF No. 609-1

34.   [Proposed] Order Granting Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel, Redacted Version, ECF No. 609-2

35.   Google's Submission Re: Plaintiffs' Request for Fees and Costs (DKT. 603), ECF No. 625

36.   Order on Award of Attorneys' Fees and Costs, ECF No. 631

37.   Plaintiffs' Supplemental Sanctions Brief Pursuant to DKT. 624, ECF No. 656

38.   Google LLC's Opposition to Plaintiffs' Motion for Class Certification, Redacted Version of Document Sought to be Sealed, ECF No. 665

39.   Google LLC's Opposition to Plaintiffs' Supplemental Sanctions Brief Pursuant to DKT. 624, ECF No. 696

40.   Plaintiffs' Reply in Support of Their Supplemental Sanctions Brief Pursuant to DKT. 624, ECF No. 708

41.   Plaintiffs' Reply in Support of Motion for Class Certification and Appointment of Class Representatives and Class Counsel (DKT. 609), ECF No. 713

42.   Plaintiffs' Reply in Support of Their Supplemental Sanctions Brief Pursuant to DKT. 624, Redacted Version of Document Sought to be Sealed, ECF No. 732-2

43.   Google LLC's Sur-Reply to Plaintiffs' Reply in Support of Their Supplemental Sanctions Brief Pursuant to DKT. 624 (DKT. 707-1), Redacted Version of Document Sought to be Sealed, ECF No. 735-1

44.   Google's Opposition to Plaintiff's Motion to Strike Non-Retained Expert Declarations for Whom Google Provided No Expert Report, Redacted Version of Document Sought to be Sealed, ECF No. 747

45.   Plaintiffs' Reply in Support of Motion for Class Certification and Appointment of Class Representatives and Class Counsel (DKT. 609), Redacted Version, ECF No. 750-2

46. Order for Google to Show Cause Re Additional Discovery Sanctions, Order Following October 27, 2022 Status Conference, ECF No. 784

47. Google LLC's Response to the Court's October 27, 2022 Order to Show Cause (DKT. 784), Redacted Version of Document Sought to be Sealed, ECF No. 798

48. Order Granting in Part Motion for Class Certification; Granting in Part *Daubert* Motions; and Denying Motion to Strike Google's Non-Retained Experts, ECF No. 803

49. Joint Submission Re: Preservation in Light of Class Certification Order, Redacted Version of Document Sought to be Sealed, ECF No. 818

50. Application for Admission of Attorney Pro Hac Vice, ECF No. 829

51. Plaintiffs' Notice of Motion and Motion to Clarify that All Statutes of Limitations Remain Tolled Based on the Court's Certification Order (DKT. 803), ECF No. 832

52. Google's Opposition to Plaintiffs' Motion to Clarify that All Statutes of Limitations Remain Tolled Based on the Court's Certification Order, ECF No. 850

53. Plaintiffs' Reply ISO Motion to Clarify that All Statutes of Limitations Remain Tolled Based on the Court's Certification Order, ECF No. 854

54. Proposed Fourth Amended Complaint, ECF No. 880-1

55. Fourth Amended Complaint, ECF No. 886

56. Plaintiffs' Notice of Motion and Motion for Issue Certification Under F.R.C.P. 23(C)(4), ECF No. 894

57. Google LLC's Opposition to Plaintiffs' Motion for Issue Certification Under F.R.C.P. 23(c)(4), ECF No. 922

58. Plaintiffs' Reply ISO Motion for Issue Certification Under F.R.C.P. 23(c)(4) (DKT. 894), ECF No. 932

59. Order Denying Google's Motion for Summary Judgment; Denying Plaintiffs' Motion to Strike; Addressing Parties' Motions to Seal, ECF No. 969

60. Additional Questions for Juror Questionnaire, ECF No. 1046-1

61. Plaintiffs' Proposed Verdict Form and Supporting Statement, ECF No. 1055-1

62. Google's Statement Re: Verdict Form, ECF No. 1055-2

63. Plaintiffs' Proposed Jury Instructions and Redlines Against Model Instructions, ECF No. 1057-1

64. Joint Proposed Jury Instructions Exhibit B, ECF No. 1057-2

65. Joint Notice of Preliminary Settlement and Request for Stay and Vacatur of Trial Date, ECF No. 1089

66. Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, ECF No. 1096

67. Declaration of Mark C. Mao in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, ECF No. 1097-2

68. Exhibit 2 to Declaration of Mark C. Mao ISO Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, ECF No. 1097-5

69. Exhibit 1 to Declaration of Mark C. Mao ISO Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, ECF No. 1098-3

70. Google LLC's Statement of Non-Opposition and Clarification Regarding Plaintiffs' Motion for Final Approval of Class Action Settlement, ECF No. 1102

71. Joint Stipulation and [Proposed] Order Regarding Briefing Schedule and Hearing Date for Plaintiffs' Motion for Final Approval of Class Action Certification (DKT. 1096) and Motion for an Award of Attorneys' Fees, ECF No. 1104

72. Plaintiffs' Notice of Motion and Motion for an Award of Attorneys' Fees, Costs, and Service Awards, ECF No. 1106
73. Declaration of Mark C. Mao in Support of Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards, ECF No. 1107-3
74. Exhibit 1 to Mao Declaration ISO Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, ECF No. 1107-4
75. Exhibit 2 to Mao Declaration ISO Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, ECF No. 1107-5
76. Exhibit 3 to Mao Declaration ISO Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, ECF No. 1107-6
77. Exhibit 4 to Mao Declaration ISO Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, Filed Under Seal, ECF No. 1107-7
78. Exhibit 5 to Mao Declaration ISO Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, Filed Under Seal, ECF No. 1107-8
79. Exhibit 6 to Mao Declaration ISO Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, Filed Under Seal, ECF No. 1107-9
80. Exhibit 7 to Mao Declaration ISO Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, Filed Under Seal, ECF No. 1107-10
81. Exhibit 8 to Mao Declaration ISO Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, Filed Under Seal, ECF No. 1107-11
82. Exhibit 9 to Mao Declaration ISO Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, ECF No. 1107-12
83. Exhibit 10 to Mao Declaration ISO Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, ECF No. 1107-13
84. Exhibit 11 to Mao Declaration ISO Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, Filed Under Seal, ECF No. 1107-14
85. Exhibit 12 to Mao Declaration ISO Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, ECF No. 1107-15
86. Exhibit 13 to Mao Declaration ISO Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, ECF No. 1107-16
87. Exhibit 14 to Mao Declaration ISO Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, ECF No. 1107-17
88. Exhibit 15 to Mao Declaration ISO Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, ECF No. 1107-18
89. Exhibit 16 to Mao Declaration ISO Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, ECF No. 1107-19
90. Declaration of James Lee ISO Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards, ECF No. 1107-20
91. Declaration of Bill Carmody ISO Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards, ECF No. 1107-21
92. Declaration of John A. Yanchunis in Support of Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards, ECF No. 1107-22
93. [Proposed] Order Granting Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards, ECF No. 1107-23

# EXHIBIT C

*Brown et al. v. Google LLC*
Case No. 4:20-cv-036664-YGR-SVK
U.S. District Court for the Northern District of California

### EXPERT DECLARATION OF PROFESSOR WILLIAM B. RUBENSTEIN

EXHIBIT C- TABLE 2
NON-MONETARY RELIEF SOUGHT COMPARED TO THAT ACHIEVED

| | RELIEF REQUESTED IN PRE-TRIAL STATEMENT (Dkt. 1028-1 at 9–11 | OBTAINED? (Dkt. 1097-3 at 7–9) |
|---|---|---|
| 1 | Refrain from using "Incognito" brand name and "Spy Guy" icon. | No |
| 2 | Perform an audit to identify: <br> a. all logs that store private browsing data, <br> b. all private browsing detection bits, and <br> c. all purposes for which Google has used private browsing data. | No <br><br> *Google represented that a good faith effort had been made to confirm that no other detection bits existed for inferring Chrome's Incognito mode and that no other such detection bits had been identified pursuant to such good faith effort.* |
| 3 | Delete or refrain from using private browsing data Google is currently storing. | Partially <br><br> *Google will delete or remediate historic data in certain Display Ads logs at issue in the case that is no longer serving critical business purposes* |
| 4 | Delete or refrain from using any services, products, models, algorithms, experiments, or artificial intelligence that Google built, trained, or developed (in whole or in part) with private browsing data, including downstream services, products, models, algorithms, experiments, and artificial intelligence | No |
| 5 | Delete or refrain from using all private browsing detection bits. | Yes <br><br> *Google agreed to timely deprecate four detection bits* |
| 6 | Refrain from collecting any private browsing data unless Google complies with the above requirements and also adds a consent toggle to the Splash Screen that allows users to choose whether Google may collect their private browsing data. The Splash Screen should specifically state that if the user consents, then Google "will record, store, and use your browsing activities on non-Google sites that use Google services, even if you remain signed out of your Google account," and that "your activity may only be private from users of the same device." For users who do not so consent, Google shall present a real choice, and redesign its systems to stop collecting data from those browsing sessions. | Partially <br><br> *Google agreed to modify the Incognito Screen to make clear that Incognito mode won't change how data is collected by websites you visit and the services they use, including Google.* |
| 7 | Refrain from collecting any private browsing data unless Google complies with the above requirements and also modifies the "Learn More" page to the Splash Screen by disclosing: <br> a. Every way in which Google uses private browsing data. <br> b. That private browsing data is identifying, and that bad actors can identify users through their private browsing data. <br> c. That while Google currently has policies against trying to identify private browsing users, (A) Google can amend that | Partially <br><br> *Google agreed to modify the Chrome Incognito Privacy Tour linked to the Incognito Screen's "Learn more" button (the "Chrome Incognito Privacy Tour" page) to clarify that the website users visit and the third party resources on those websites are among the entities to whom users' activity may be visible in Incognito mode.* |

|   | | |
|---|---|---|
|   | policy at any time, and (B) Google may be required to identify users through their private browsing data in response to demands from the government and/or law enforcement.<br><br>d. Providing users with actual choices as to how they can prevent Google tracking. |   |
| 8 | Refrain from collecting any private browsing data unless Google complies with the above requirements and also revises its Privacy Policy and Chrome Privacy Notice (subject to the limits of the consent toggle described above) to expressly disclose that Google collects and uses private browsing data from users' visits to non-Google websites, including when users are signed out of their Google accounts. At a minimum, each of those disclosures should inform users that "Google will still record your browsing activities on sites that use Google services when you are using private browsing mode on Chrome as well as the 'private browsing' modes for other browsers like Safari and Edge." | Yes<br><br>*Google has agreed to: a. modify the Privacy Policy to (1) remove or modify the language that Plaintiffs' claim is misleading to clarify that the data collection that occurs when users visit third party websites using Google services, described in the Privacy Policy, is not contingent on which browser or mode is being used; and (2) specifically state that using Incognito or another browser's private browsing mode does not block the data collection (including by Google). b. deprecate the Chrome Privacy Notice; and c. deprecate the Chrome White Paper.* |
| 9 | Refrain from collecting any private browsing data unless Google complies with the above requirements and also amends its Terms of Service to clarify that any and all representations that Google makes regarding private browsing are incorporated into its Terms of Service, and that all such statements shall going forward be deemed contractual. | No |
| 10 | Refrain from using private browsing data for any revenue-generating purpose including but not limited to conversion tracking and improvement of Google products and services. | No |
| 11 | Refrain from collecting private browsing data from users who use non-Chrome private browsing modes. To the extent Google contends that it cannot comply with this requirement alone, ordering Google to approach all other browser companies (including but not limited to Safari and Edge) and to offer to work with those companies to develop a mechanism that will prevent Google from receiving any data associated with users who use those non-Chrome private browsing modes, unless those users specifically consent to Google receiving their private browsing data at the beginning of every private browsing session. Alternatively, Google should be required to provide a consent banner on every webpage that contains Google tracking beacons so that users of other private browsing modes have the opportunity to consent to Google collecting and using their private browsing data. | No |
| 12 | Any other relief the Court chooses to impose. | No |
| 13 | [R]estitution and/or disgorgement for Google's collection, storage, and use of private browsing data, if available as relief for the Rule 23(b)(2) classes. | No |
| 14 | [A]ppoint an independent third-party auditor to verify Google's compliance with these requirements. Google should seek advance approval from that auditor before making any changes to its policies or practices related to its collection, storage, or use of private browsing data. The Court can maintain oversight over Google's compliance. | No |