# EXHIBIT 9

# Version with confidentiality designations removed of Dkt. 1115-3

| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP** | **SUSMAN GODFREY L.L.P.** |
| David Boies (admitted pro hac vice) | Bill Carmody (admitted pro hac vice) |
| 333 Main Street | Shawn J. Rabin (admitted pro hac vice) |
| Armonk, NY 10504 | Steven M. Shepard (admitted pro hac vice) |
| Tel: (914) 749-8200 | Alexander Frawley (admitted pro hac vice) |
| dboies@bsfllp.com | One Manhattan West, 50th Floor |
| | New York, NY 10001 |
| Mark C. Mao, CA Bar No. 236165 | Tel.: (212) 336-8330 |
| Beko Reblitz-Richardson, CA Bar No. 238027 | bcarmody@susmangodfrey.com |
| 44 Montgomery St., 41st Floor | srabin@susmangodfrey.com |
| San Francisco, CA 94104 | sshepard@susmangodfrey.com |
| Tel.: (415) 293-6800 | afrawley@susmangodfrey.com |
| mmao@bsfllp.com | |
| brichardson@bsfllp.com | Amanda K. Bonn, CA Bar No. 270891 |
| | 1900 Avenue of the Stars, Suite 1400 |
| James Lee (admitted pro hac vice) | Los Angeles, CA 90067 |
| Rossana Baeza (admitted pro hac vice) | Tel.: (310) 789-3100 |
| 100 SE 2nd St., 28th Floor | abonn@susmangodfrey.com |
| Miami, FL 33131 | |
| Tel.: (305) 539-8400 | **MORGAN & MORGAN** |
| jlee@bsfllp.com | John A. Yanchunis (admitted pro hac vice) |
| rbaeza@bsfllp.com | Ryan J. McGee (admitted pro hac vice) |
| | 201 N. Franklin Street, 7th Floor |
| Alison L. Anderson, CA Bar No. 275334 | Tampa, FL 33602 |
| M. Logan Wright, CA Bar No. 349004 | Tel.: (813) 223-5505 |
| 2029 Century Park East, Suite 1520 | jyanchunis@forthepeople.com |
| Los Angeles, CA 90067 | rmcgee@forthepeople.com |
| Tel: (213) 629-9040 | |
| alanderson@bsfllp.com | Michael F. Ram, CA Bar No. 104805 |
| mwright@bsfllp.com | 711 Van Ness Ave, Suite 500 |
| | San Francisco, CA 94102 |
| *Attorneys for Plaintiffs* | Tel: (415) 358-6913 |
| | mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br>GOOGLE LLC,<br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**SUPPLEMENTAL DECLARATION OF MARK C. MAO IN SUPPORT OF PLAINTIFFS' REPLY ISO MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS (DKTS. 1107-1107)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: August 7, 2024<br>Time: 2:30 p.m.<br>Location: Courtroom 1 – 4th Floor |

**SUPPLEMENTAL DECLARATION OF MARK C. MAO**

I, Mark C. Mao, declare as follows.

1. I am a partner with the law firm of Boies Schiller Flexner LLP ("BSF"), which together with Morgan & Morgan and Susman Godfrey (collectively "Plaintiffs' Counsel") are counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of California. I have personal knowledge of the matters set forth herein and am competent to testify.

2. I submit this declaration in support of Plaintiffs' Reply ISO Motion for an Award of Attorneys' Fees, Costs, and Service Awards (the "Reply").

3. I have been one of the primary attorneys in charge of this case since its inception. I personally drafted and filed the initial Complaint. Throughout the entire course of this case, I was also the primary manager in charge of all technical issues related to the case, whether the technical issues arose during discovery, motion practice, trial, or for the purposes of mediation.

**1. General Approach to Data Remediation and Deletion**

4. The Settlement Plaintiffs' Counsel secured remediated private browsing data from every relevant data source identified by Google in this case, for every single class member. *See* Dkt. 1097-17 ¶ 15. Plaintiffs' Counsel demanded that Google delete the data in the short-term logs, and agreed that allowing the log retention policy to delete the data after the amended disclosures were made would suffice. Google agreed to change the disclosures in accordance with language that Plaintiffs' Counsel dictated, so that its short-term data sources would be "refreshed" under corrected disclosures. Google further agreed to carry the risk that the Court and objectors might still find its disclosures inadequate. Plaintiffs believe that these immediate remediations, well in advance of the final approval hearing, are indisputable wins for Plaintiffs, and therefore moved on to focus on remediating long-term data sources.

5. For the remaining data sources that contained either the X-Client-Data Header ("XCDH") or an Incognito-detection bit, Plaintiffs' Counsel proposed that Google use the XCDH or bit, combined with the IP-address and user agent in that log, to cross-reference the same events

Supp'l Mao Decl. ISO Plaintiffs' Reply ISO Motion
for Attorneys' Fees, Costs, and Service Awards

4:20-cv-03664-YGR-SVK

propagated onto the remaining logs and remediate or delete those corresponding events. As Special Master Brush identified, a number of both the short-term and long-term data sources that contained the XCDH and/or an Incognito-detection bit, and Plaintiffs' Counsel proposed using these logs to find the same events in the other logs. Plaintiffs' experts believe that this would only affect somewhere between 3%–15% of the total events across the remaining data sources, and therefore would not require deletion of the entire data sources. *See* Thompson Decl. ¶ 5. Alternatively, Plaintiffs' experts also determined that it was possible to identify Incognito events by using "UMA" IDs from Chrome logs with Incognito-related "histogram" events, and cross referencing those events against other data sources identified by Special Master Brush. *See id.* Specifically, this method would leverage UMA-IDs, IP addresses, and user agent strings found in the Chrome logs to find and destroy the same Incognito events in other data sources. Plaintiffs' Counsel presented this method to Google, and Google never objected to this method as not being able to accurately identify Incognito events.

6. However, Google claimed that the "find-and-destroy approach" required by these two methods was actually more burdensome for it and its engineering teams. Google preferred to simply engage in a wholesale remediation of IP addresses, user agent strings, and URLs, regardless of whether the event was in private browsing mode or not. Because the remediation proposed involved the remediation of 100% of the events with IP addresses and user agent strings, which was Plaintiffs' primary method for identifying Incognito traffic in data sources without the XCDH or Incognito-detection bits, Plaintiffs' Counsel viewed this proposed remediation as a victory for the class members. The compromise accounted for any under-inclusiveness issues that Plaintiffs were concerned could arise with any find-and-destroy remediation approach, and this wholesale approach to remediation also addressed the alleged "error rate" previously raised by Google. *See id.* ¶ 6. While Plaintiffs' Counsel and Google's Counsel would disagree about whether Google should be over or under inclusive in remediating the data, Google's ultimate remediation concessions had Google take the risk of any and all over-inclusiveness.

### 2. Google Analytics

7. One of the reasons why Plaintiffs' Counsel included both Google Ad Manager and Google Analytics as products at issue in this lawsuit initially was because Google Analytics collects data for Google Ad Manager. Initial tests conducted by Plaintiffs' experts found that Analytics sent data it collected directly to Ad Manager. In other words, Google Analytics' data collection is propagated directly into Ad Manger logs. *See* Thompson Decl. ¶ 7; *see also* GOOG-CABR-05404845, at 863. Remediation of Google's data practices using Google Analytics, therefore, required remediating both Ad Manager data sources and those labeled "Google Analytics (only)." Plaintiffs' Counsels' efforts to and reasoning for remediating Google Ad Manager data sources is discussed in my prior paragraphs, which account for part of Google's use of Google Analytics to collect users' private browsing data.

8. For most of the remaining "Google Analytics data sources" (i.e., ones that were not stored in Google Ad Manager logs, but in logs separately labeled "Google Analytics logs", they were primarily addressed by Google acceptance of the risk of deleting nine-months' worth of data and changing its disclosures. Plaintiffs' experts identified one remaining long-term long from the sources the Special Master identified as relevant, which Plaintiffs' Counsel addressed through Google's assurance that the products using these sources were entirely in "Universal Analytics," which would be retired in the second half of 2024. Google further assured Plaintiffs that the data used would also be deleted by the end of 2024. The retirement of Universal Analytics was indeed announced by Google in April and May 2024.[1] Again, Plaintiffs' Counsel view this as another indisputable win.

### 3. Exhibits

9. My initial declaration in support of Plaintiffs' Motion, filed with the opening brief, included 16 exhibits. Dkt. 1107-3. For ease of reference, the exhibits for this declaration will begin with Exhibit 17.

---

[1] *See, e.g.*, https://searchengineland.com/reminder-google-universal-analytics-services-api-turn-off-439040.

Supp'l Mao Decl. ISO Plaintiffs' Reply ISO Motion
for Attorneys' Fees, Costs, and Service Awards

4:20-cv-03664-YGR-SVK

10. Attached hereto as **Exhibit 17** are true and correct excerpts from the transcript of the deposition of former Google employee Blake Lemoine, taken on December 21, 2023.

11. Attached hereto as **Exhibit 18** is true and correct copy of a January 13, 2021 letter from Google's counsel in this case to Plaintiffs' counsel.

12. Attached hereto as **Exhibit 19** are true and correct excerpts from the transcript of the Pretrial Conference in this case, held on November 29, 2023.

13. Attached hereto as **Exhibit 20** is a true and correct copy of a letter from the House Committee on Energy and Commerce to Google CEO Sundar Pichai, dated June 13, 2024.

14. Attached hereto as **Exhibit 21** is a true and correct copy of an August 22, 2018 article titled *Google Denies Tracking Users of 'Incognito' Private Web Browsers*, published by The Telegraph.

15. Attached hereto as **Exhibit 22** is a true and correct copy of the Declaration of William B. Rubenstein, submitted on June 21, 2023 in the *In re Facebook Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843 (N.D. Cal.).

16. **Exhibit 23** is being submitted for *in camera* review and provided to Google as well. This exhibit contains a list of billing entries Google is seeking to deduct from the lodestar (as detailed in Google's June 7, 2024 *in camera* submission of Broome Exhibit 3). This Exhibit 23 to my declaration illustrates that Google neglected to de-duplicate its requested cuts. Instead, for many billing entries, Google seeks to cut the same time (and dollar figures) more than once.

17. Attached hereto as **Exhibit 24** is a true and correct copy of the parties' April 9, 2024 Agreement Regarding Review of Class Counsel's Records and Briefing Schedule on Plaintiffs' Motion for Attorneys' Fees.  Exhibit 23 is submitted for *in camera* review pursuant to this April 9 Agreement, as memorialized in this Exhibit 24.

18. Attached hereto as **Exhibit 25** are true and correct excerpts from the transcript of the deposition of former Google employee Martin Shelton, taken on March 2, 2022.

19. Attached hereto as **Exhibit 26** are true and correct copies of the Declaration of Daniel L. Brockett and the attached Exhibits A and B, submitted on May 8, 2024 in *Iowa Public*

*Employees' Retirement System v. Bank of America Corporation*, Case No. 17-cv-06221 (S.D.N.Y.).

20. Attached hereto as **Exhibit 27** is a true and correct copy of the Memorandum of Law In Support of Motion for Attorneys' Fees, submitted on May 8, 2024 in *Iowa Public Employees' Retirement System v. Bank of America Corporation*, Case No. 17-cv-06221 (S.D.N.Y.).

21. Attached hereto as **Exhibit 28** is a true and correct copy of Joint Declaration of Daniel L. Brockett and Michael B. Eisenkraft, submitted on May 8, 2024 in *Iowa Public Employees' Retirement System v. Bank of America Corporation*, Case No. 17-cv-06221 (S.D.N.Y.).

22. Attached hereto as **Exhibit 29** is a true and correct copy of an article titled *Google 'Cannot Proceed with Third-Party Cookie Deprecation'*, published by Search Engine Land on February 5, 2024.

23. I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on June 21, 2024, at San Francisco, California.

```
                              /s/ Mark C. Mao
                              Mark C. Mao
```