**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (CA Bar No 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al*., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S OPPOSITION TO *SALCIDO* PLAINTIFFS' MOTION TO INTERVENE AND TO CONTINUE THE FINAL APPROVAL HEARING**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: August 7, 2024<br>Time: 2:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................2

III. ARGUMENT ..........................................................................................................................3

    A. The Court Should Deny the *Salcido* Plaintiffs' Motion for Intervention of Right Under Rule 24(a) ...............................................................................................3

    B. The Court Should Deny the *Salcido* Plaintiffs' Motion for Permissive Intervention Under Rule 24(b) ....................................................................................5

        1. Permissive Intervention Should Be Denied Because the Motion Is Not Timely ..................................................................................................5

        2. There Is No Basis to Permit Intervention for the Purpose of Obtaining Discovery for Use in the State Court Damages Actions or to Modify the Protective Order ..........................................................................6

        3. There Is No Basis to Permit Intervention for the Purpose of Preserving Purported "Appellate Rights" .......................................................7

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Beckman Industries, Inc. v. Int'l Ins. Co.*,
   966 F.2d 470 (9th Cir. 1992) ................................................................................................ 6

*In re Community Bank of Northern Virginia*,
   418 F.3d 277 (3d Cir. 2011) ................................................................................................. 3

*Crawford v. Equifax Payment Servs., Inc.*,
   201 F.3d 877 (7th Cir. 2000) ................................................................................................ 7

*Foltz v. State Farm*,
   331 F. 3d 1122 (9th Cir. 2003) ......................................................................................... 2, 6

*League of United Latin Am. Citizens v. Wilson*,
   131 F.3d 1297 (9th Cir. 1997) .............................................................................................. 5

*San Jose Mercury News, Inc. v. Dist. Ct.*,
   187 F.3d 1096 (9th Cir. 1999) .............................................................................................. 6

**Other Authorities**

Fed. R. Civ. Proc. 24 ................................................................................................... *passim*

Defendant Google LLC ("Google") respectfully submits this Opposition to the *Salcido* Plaintiffs' Motion pursuant to Federal Rule of Civil Procedure 24 to Intervene and to Continue the Final Approval Hearing (the "Motion") on the parties' proposed Settlement Agreement (the "Settlement"), currently scheduled for August 7, 2024 ("Approval Hearing").

## I.     INTRODUCTION

The *Salcido* Plaintiffs seek to intervene neither to object to the terms of the Settlement nor to protect any interest of the Rule 23(b)(2) injunctive relief classes that the Court certified. Their Motion does not identify a single aspect of the Settlement of the classes' claims as objectionable or not in the classes' best interest. Rather, they admit seeking only to advance individual damages claims that this Court *declined* to certify and which they are pursuing in California Superior Court. That is not a basis for delaying the hearing on the unobjected-to Settlement this late in the game. The Motion should be denied.

The *Salcido* Plaintiffs' primary complaint is that, in the Settlement, the parties agreed that the Named Plaintiffs' *damages* claims—which the Court declined to certify—will be resolved through arbitration, while individual class members seeking damages must pursue their claims in court. But that is not a ground to intervene. The parties agreed to this provision after agreeing to terms for settling the certified classes' claims to avoid a costly and imminent trial for *de minimis* individual damages claims that Plaintiffs' counsel acknowledged were worth about "three dollars a person." July 16, 2024 Declaration of Stephen Broome ("Broome Decl."), Ex. 1 at 145–46. There is no argument that this aspect of the Settlement adversely "impair[s] or impede[s]" the class members' ability to pursue their damages claims. Simply put, how the Named Plaintiffs decide to resolve their specific damages claims is not of individual class members' concern—and certainly not a basis for intervention as of right under Rule 24(a).

Nor is there any basis for the Court to permit the *Salcido* Plaintiffs' untimely and improper request to intervene under Rule 24(b) to request production of the entire discovery record in this case so that they can use it to pursue their individual damages claims against Google in state court. *See* Mot. 12. First, they made their request a year and a half *after* the Court's class certification decision confirmed that individual damages claims would need to be pursued individually. Their

1  request therefore fails Rule 24's threshold requirement that such a motion for intervention be made
2  "on timely motion." Fed. R. Civ. P. 24(b).

3  Second, the *Salcido* Plaintiffs' request for cloned discovery is not properly made to this
4  Court and cannot be a basis for intervention. Controlling Ninth Circuit authority (which the *Salcido*
5  Plaintiffs cite) expressly states that a request for discovery in these circumstances must be made to
6  the Superior Court where their claims are pending. *Foltz v. State Farm*, 331 F. 3d 1122, 1131 (9th
7  Cir. 2003). According to *Foltz*, the most this Court can do is modify the protective order (and any
8  applicable sealing orders) to *allow* production of documents subject to the Court's orders in
9  collateral litigation. *Id.* The *Salcido* Plaintiffs do not clearly seek modification of the protective
10 order, and fail to explain why modification would be necessary for them to obtain discovery of
11 Google in their state court actions.

12 The Court should not let the imminent conclusion of this long-running class action be
13 derailed by plaintiffs belatedly seeking to intervene for the sole purpose of advancing individual
14 damages claims in state court. The Motion should be denied.

15 **II.    BACKGROUND**

16 On December 12, 2022, the Court denied Plaintiffs' motion to certify damages classes
17 pursuant to Rule 23(b)(3) and certified two injunctive relief classes pursuant to Rule
18 23(b)(2). Dkt. 803 at 27-34. On December 22, 2023, the parties signed a term sheet setting forth
19 the terms for settling the class claims. The parties executed a settlement agreement on March 11,
20 2024, and Plaintiffs filed a Motion for Final Approval of Class Action Settlement on April 1, 2024.
21 Dkt. 1096. Google filed its Statement of Non-Opposition and Clarification Regarding Plaintiffs'
22 Motion for Final Approval of Class Action Settlement on April 8, 2024. The Approval Hearing is
23 scheduled for August 7, 2024, just several weeks away.

24 While the parties negotiated the class settlement, Plaintiffs' counsel at Boies Schiller &
25 Flexner LLP and Morgan & Morgan ("BSF") indicated that they had signed up tens of thousands of
26 class members to file individual lawsuits against Google seeking damages based on the same
27 conduct at issue here. To avoid derailing the class settlement negotiations with the filing of tens of
28

thousands of individual damages actions, BSF agreed to hold the individual actions in abeyance and Google agreed to toll them. *See* Broome Decl., Ex. 2.

On March 28, 2024, BSF terminated the tolling agreement and thereafter began filing complaints substantively identical to the complaint here in California Superior Court on behalf of individual class members. BSF has filed over 1,900 such complaints on behalf of over 98,000 individuals seeking damages.

Potter Handy LLP—the *Salcido* Plaintiffs' counsel—then decided to get in on the action. They copied the BSF complaints and filed copycat damages actions against Google on behalf of individual class members. Potter Handy has filed three actions on behalf of at least 2,170 individuals seeking damages.

## III.    ARGUMENT

### A. The Court Should Deny the *Salcido* Plaintiffs' Motion for Intervention of Right Under Rule 24(a)

Rule 24(a)(2) requires the Court, upon timely motion, to permit intervention by a party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a) ("Intervention of Right").

Intervention of Right should be denied because the *Salcido* Plaintiffs fail to establish that the Settlement will in any way "impair or impede" the only interest they assert here—*i.e.*, their interest in pursuing individual damages claims in state court. Indeed, the Motion fails to even argue the applicable legal standard; instead, the *Salcido* Plaintiffs breezily assert that, because they are class members, the Court "can easily dispose of" this requirement "without further analysis." Mot. 9 (citing *In re Community Bank of Northern Virginia*, 418 F.3d 277, 314 (3d Cir. 2011)). But their sole authority advocating for this cursory treatment of Rule 24—the Third Circuit's decision in *Community Bank*—is inapposite. There, the Court allowed intervention of class members who sought to conduct an inquiry into the fairness of a class-wide settlement that would have resolved all claims for monetary relief. Here, by contrast, the only interest that the *Salcido* Plaintiffs assert

is advancing their *individual* damages claims, which the Settlement explicitly excludes because the Court denied certification of a damages class.  *See* Dkt. 803 at 32.

The *Salcido* Plaintiffs assert that "the record makes it clear that [they] cannot rely on class counsel or class representatives to adequately protect their individual interests in pursuing damages claims," and that they "have no expectation that class counsel will pursue damages remedies on their behalf."  Mot. 11.  Indeed, that is correct, but provides no basis for intervention of right.  Because the court denied a damages class, neither class counsel nor the class representatives *represent* class members' "individual interests in pursuing damages claims."  There is no cause for the *Salcido* Plaintiffs to expect that class counsel will pursue damages remedies on their behalf.

Nor is there merit to the *Salcido* Plaintiffs' argument that their "interests are inadequately protected" because the Settlement provides that the Named Plaintiffs' damages claims will be arbitrated while the *Salcido* Plaintiffs "must individually file actions in state court."  Mot. 10.  There is nothing unusual or unfair about this provision.  The Named Plaintiffs filed their claims in court and litigated them for years.  After settling the certified classes' claims, the parties mutually agreed that there was no reason to burden the Court or a jury with a trial on individual damages claims that class counsel acknowledged were worth only about "three dollars a person."   Broome Decl., Ex. 1 at 145–46.  The parties agreed to resolve the Named Plaintiffs' nominal damages claims through a more efficient arbitration process.

That the *Salcido* Plaintiffs must file and prosecute individual actions to recover damages (Mot. 11) is not a consequence of the Settlement but of the Court's ruling denying certification of a damages class.  The Named Plaintiffs' damages claims are being treated differently because they *already* litigated their claims in court and the parties agreed to move them to arbitration to avoid an imminent and costly trial.

Because the parties' agreement to resolve the Named Plaintiffs' damages claims in arbitration plainly does not "impair or impede" the *Salcido* Plaintiffs' ability to pursue their damages claims in court (*see* Fed. R. Civ. P. 24(a)(2)), the *Salcido* Plaintiffs have no basis for intervention of right.

### B. The Court Should Deny the *Salcido* Plaintiffs' Motion for Permissive Intervention Under Rule 24(b)

1. *Permissive Intervention Should Be Denied Because the Motion Is Not Timely*

A motion for permissive intervention pursuant to Rule 24(b) must be "timely." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). In determining timeliness, courts in the Ninth Circuit consider "the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay." *Id.* In the context of permissive intervention, courts "analyze the timeliness element more strictly than [] with intervention as of right." *Id.* Each of the timeliness factors weighs in favor of denying intervention.

First, this is the eleventh-hour of this case. The parties litigated this case for nearly four years before entering into the Settlement in advance of trial. The *Salcido* Plaintiffs have known since December 12, 2022, that damages claims based on Google's receipt of data from Incognito users would need to be pursued individually. *See* Dkt. 803 at 32. If they truly believed that they needed access to the discovery record, they should have filed their claims and motion promptly after the Court's class certification decision. They instead waited more than a year and a half—until just weeks before the Approval Hearing—before seeking to intervene "for the purpose of obtaining discovery."

Second, the certified classes and the parties would be prejudiced by an intervention that would delay final approval. Much of the relief that the Settlement provides class members will not be implemented unless and until the Court approves the Settlement. *See, e.g.*, Dkt. 1097-4 at Section III, Paragraphs 2(a)-(e). Delay would also cause the parties further burden and expense. Such prejudice is not justified by the *Salcido* Plaintiffs' desire to intervene so that they may conduct discovery for their collateral damages actions in state court.

The *Salcido* Plaintiffs offer no excuse for their long delay, much less a compelling reason to justify it. The Motion is thus not "timely" and is certainly no basis to continue the hearing on the Settlement or otherwise delay its approval.

      2.     *There Is No Basis to Permit Intervention for the Purpose of Obtaining Discovery for Use in the State Court Damages Actions or to Modify the Protective Order*

The *Salcido* Plaintiffs seek to base their permissive intervention under Rule 24(b) on their request for all "discovery materials produced and exchanged" in the *Brown* action—essentially, a request for cloned discovery of millions of documents, dozens of deposition transcripts, and expert reports, many of which this Court has sealed. But even if their overreaching request were appropriate—it is not—it is not properly made to this Court and no basis for permissive intervention.

The Ninth Circuit's decision in *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (cited at Mot. 12-13) controls. In *Foltz*, the Ninth Circuit explained that "disputes over the ultimate discoverability of specific materials covered by the protective order must be resolved by the collateral courts"—here, the Superior Court where the *Salcido* Plaintiffs are prosecuting their damages claims. *Id.* ("Allowing the parties to the collateral litigation to raise specific relevance and privilege objections to the production of any otherwise properly protected materials in the collateral courts further serves to prevent the subversion of limitations on discovery in the collateral proceedings."). This Court's actions are thus limited to modifying the operative Protective Order and Sealing Orders to allow certain discovery only if the Superior Court decides that they are relevant and should be produced. *Id.* These procedures "preserve the proper role of each of the courts involved." *Id.*

The *Salcido* Plaintiffs cite no case permitting intervention for the purpose of obtaining cloned discovery. And the authority they do cite does not support their request. In *San Jose Mercury News, Inc. v. Dist. Ct.*, a newspaper sought to intervene to modify the underlying protective order and obtain access to a single document—a sealed report by the City of Mountain View detailing its investigation of claims of sexual harassment by female police officers. 187 F.3d 1096, 1098–99 (9th Cir. 1999). In *Beckman Industries, Inc. v. Int'l Ins. Co.*, the intervenors sought to modify the protective order to access six deposition transcripts that concerned a topic directly relevant to issues in a related action. 966 F.2d 470, 472–76 (9th Cir. 1992). In both cases, the putative intervenors sought targeted modifications to the protective order to allow production

of specific documents they requested, and the Court balanced their interest in accessing the materials against the producing parties' "countervailing interests." *See San Jose Mercury News, Inc.*, 187 F.3d at 1102–03 (noting that "presumption in favor of access" can be "overcome by sufficiently countervailing interests" and thus district court must "conscientiously undertake [a] balancing test, basing its decision on compelling reasons and specific factual findings"). Here, in stark contrast, the *Salcido* Plaintiffs broadly seek every document produced in *Brown* without any explanation—much less justification. The *Salcido* Plaintiffs' blunderbuss request does not enable the Court to make "specific factual findings" supporting a decision to grant intervention.

To the extent the *Salcido* plaintiffs seek to intervene to modify the Protective Order in this case—relief their Motion does not appear to seek—that request should also be denied. The *Salcido* Plaintiffs do not explain what modifications they seek, or why modifications would be necessary for them to obtain discovery in their state court damages actions. Presumably, they seek the documents that Google produced in this action. But since they have sued Google, they can request the documents from Google directly if their cases make it to discovery. If there is a dispute over the scope of discovery, the Superior Court will rule on it. Because the *Salcido* Plaintiffs provide no explanation as to why they need to intervene here to obtain yet-to-be-requested discovery in the Superior Court actions, their Motion for permissive intervention should be denied.

3. *There Is No Basis to Permit Intervention for the Purpose of Preserving Purported "Appellate Rights"*

The Court should also deny the *Salcido* Plaintiffs' Motion for permissive intervention "to protect their appellate rights." Mot. 13. The *Salcido* Plaintiffs contend that, "'[b]ecause only parties may appeal, it is vital that district courts freely allow the intervention of unnamed members *who object to proposed settlements* and want an option to appeal an adverse decision.'" *Id.* (citing *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 881 (7th Cir. 2000) (emphasis added)). Unlike the intervenors in *Crawford*, however, the *Salcido* Plaintiffs neither object to the proposed Settlement nor identify any reason why it should not be approved. Because they articulate no basis for—or even an interest in—challenging an order approving the Settlement on appeal, there is no basis for permitting them to intervene to protect purported "appellate rights."

Finally, there is no basis for permitting the *Salcido* Plaintiffs to intervene so that they can appeal the Court's December 12, 2022 decision denying certification of a Rule 23(b)(3) damages class. The certified classes' waiver of the right to appeal the Court's December 12, 2022 order is a material term of the Settlement. If the *Salcido* Plaintiffs object to the Settlement on that basis, they should have clearly so stated and sought intervention on the basis of their objection. They did not. Indeed, they acknowledge that they still have not determined whether they "object [to] or support" the Settlement. Mot. 8. The *Salcido* Plaintiffs cite no case holding that they may intervene merely to preserve the option to appeal an interlocutory order where they still have not decided whether they object to the settlement of the action.

## CONCLUSION

The Motion should be denied.

DATED: July 16, 2024

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Andrew H. Schapiro*
        Andrew H. Schapiro

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No 252660)

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*