# EXHIBIT 1

```
                                                    Pages 1 - 209

                     UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

     Before The Honorable Yvonne Gonzalez Rogers, Judge

     CHASOM BROWN, ET AL.,          )
                                    )
              Plaintiffs,           )
                                    )
       VS.                          )        NO. CV 20-03664-YGR
                                    )
     GOOGLE LLC,                    )
                                    )
              Defendants.           )
                                    )

                                    Oakland, California
                                    Wednesday, November 29, 2023

                       TRANSCRIPT OF PROCEEDINGS

     APPEARANCES:

     For Plaintiffs:
                           BOIES SCHILLER FLEXNER LLP
                           333 Main Street
                           Armonk, NY 10504
                      BY:  DAVID BOIES, ESQUIRE

                           BOIES SCHILLER FLEXNER LLP
                           44 Montgomery Street, 41st Floor
                           San Francisco, CA 94104
                      BY:  MARK MAO, ESQUIRE
                           BEKO REBLITZ-RICHARDSON, ESQUIRE
                           JOSHUA STEIN, ESQUIRE
                           LAUREN LAVARE, ESQUIRE

                           BOIES SCHILLER FLEXNER LLP
                           100 SE 2nd Street
                           Miami, FL 33131
                      BY:  JAMES LEE, ESQUIRE




     Reported By:     Pamela Batalo-Hebel, CSR No. 3593, RMR, FCRR
                      Official Reporter
```

**APPEARANCES CONTINUED:**

For Plaintiffs:

        BOIES SCHILLER FLEXNER LLP
        725 S. Figueroa Street
        Los Angeles, CA 90017
**BY: LOGAN WRIGHT, ESQUIRE**

        SUSMAN GODFREY L.L.P.
        1900 Avenue of the Stars, Suite 1400
        Los Angeles, CA 90067
**BY: AMANDA BONN, ESQUIRE**

        SUSMAN GODFREY LLP
        1301 Avenue of the Americas
        New York, NY 10019
**BY: ALEXANDER FRAWLEY, ESQUIRE**
        **RYAN SILA, ESQUIRE**

        MORGAN AND MORGAN
        201 N. Franklin Street, 7th Floor
        Tampa, FL 33602
**BY: RYAN MCGEE, ESQUIRE**
        **JOHN A. YANCHUNIS, ESQUIRE**

For Defendant:

        QUINN EMANUEL URQUHART SULLIVAN LLP
        191 N. Upper Wacker Drive, Suite 2700
        Chicago, IL 60606
**BY: ANDREW SHAPIRO, ESQUIRE**
        **JOSEPH MARGOLIES, ESQUIRE**
        **TEUTA FANI, ESQUIRE**

        QUINN EMANUEL URQUHART SULLIVAN LLP
        865 South Figueroa Street, 10th Floor
        Los Angeles, CA 90017
**BY: STEPHEN BROOME, ESQUIRE**
        **RACHEL MCCRACKEN, ESQUIRE**
        **VIOLA TREBICKA, ESQUIRE**
        **CRYSTAL NIX-HINES, ESQUIRE**

        QUINN EMANUEL URQUHART SULLIVAN LLP
        51 Madison Avenue
        New York, NY 10010
**BY: JOMAIRE CRAWFORD, ESQUIRE**

1        **MS. BONN:**  Understood Your Honor.

2        **THE COURT:**  I give these instructions at the beginning
3   and I give them at the end.  That's the way I do it.  The
4   objections are overruled.

5        With respect to -- it appears as if -- okay.  Off the bat,
6   I am not your advocate, period.  You should never give me
7   anything that would suggest to the jury that I care one way or
8   the other who wins this case.  It is the jury's decision to
9   decide that.

10       So your statements frequently -- you know, that's why we
11  use models, because lawyers can't help themselves, and you
12  really should.  You can't help yourselves to somehow suggest
13  things should be in instructions that are merely a recitation
14  of your theory of the indication.

15       If by the end of two weeks they don't know what data we
16  are talking about, you have failed on both sides.  So why do I
17  need to explain that to them?

18       These are instructions for the end of the case, and you
19  think that they're not going to know what data we're talking
20  about?  So what are we going to call it?  I called it "at-issue
21  data" because that's the data that was at issue.  The point is
22  to try to get this to the jury packaged in a way where they can
23  make the decision.

24       So what are you going to call it at trial?  What are you
25  going to call it?

1           **MS. BONN:**  Plaintiffs -- it's been used throughout the
2   case -- have called it "private browser" or "private browsing
3   data" because you're in a private browsing mode.  So I just
4   think in practicality --
5           **THE COURT:**  That's what you are going to use?
6           **MS. BONN:**  That's what --
7           **THE COURT:**  And what are you going to use?
8           **MS. TREBICKA:**  Your Honor, the parties have called it
9   "at-issue data" throughout this case.  Private --
10          **THE COURT:**  Okay.  So look at what you're going to do.
11  You're going to rewrite this knowing that the other side is not
12  going to use the same term as you.  And I guarantee you that by
13  the end of the two weeks, they will know that you're not using
14  the same term.  But I'm not going to use your terms.  So figure
15  it out and rewrite it.
16       This is not a class action trial, and I am not inclined to
17  make it more complicated by suggesting that it is.
18          **MS. BONN:**  Yes, Your Honor.  I understand that.
19       One of the concerns that we have is that the reality of
20  our named plaintiffs' damage claims individually are like three
21  dollars a person, and I think that the jury is just going to be
22  confused and furious to be sitting here going *why are the*
23  *plaintiffs making us sit here in a jury box for a two-week*
24  *trial over a hundred dollars a plaintiff,* and I think that just
25  having -- we don't --

1    **THE COURT:** So how are you going to answer that
2    question?
3    **MS. BONN:** I think some context that they are also
4    issuing a finding that the Court will consider on behalf of the
5    class. That's it. We just want them to understand that what
6    they are finding matters not only for three dollars a plaintiff
7    or whatever it is, but the Court will take it into
8    consideration on behalf of the class as a whole. That is, I
9    think, important context for the jury not to be left with this
10   total misimpression that their time is just being wasted on a
11   fool's errand over a hundred dollars in federal court.
12        **THE COURT:** Response.
13        **MS. NIX-HINES:** Thank you, Your Honor.
14        Well, first of all, we would be happy to stip to a hundred
15   dollars total damages if opposing counsel would like.
16        In all seriousness, Your Honor, I think in all the
17   instructions that are before you, this is the one that is most
18   prejudicial to Google. There is absolutely no reason that
19   plaintiffs should be told anything about classwide damages.
20        They lost a damages class. There is no reason that the
21   jury -- and you can hear it even in the way counsel has
22   described it, that they want to indicate to the jury that there
23   are, in fact, millions of people behind these five plaintiffs
24   that -- that are the only things that they are deciding.
25        And it would be extremely prejudicial to Google. It would

1  convey that they've done something wrong, that there are a lot
2  of other people out there like the plaintiffs that have these
3  claims, and that is not, as Your Honor indicated this morning,
4  anything that the jury is going to be deciding.
5      And there is -- the probative value of that is minimal.
6  The prejudice is incalculable.
7          **MS. BONN:**  May I respond briefly on that?
8      The notion that the jury won't hear that Google's
9  practices affect millions of people is wrong on the merits
10 because some of our claims have an element that depends on
11 whether the conduct at issue is highly offense to a reasonable
12 person, and Google itself has taken the position that it
13 relates to whether it violates social norms.
14     So the notion that somehow the jury is going to be walled
15 off from the fact that Google wasn't simply cherrypicking these
16 five people and targeting them with Incognito collection, but,
17 rather, they engaged in a practice that led them to profit and
18 that actually that's why repeatedly they refused to make
19 changes to Incognito because within the company, there are
20 numerous documents -- and I'm thinking of one in particular
21 where Ms. Porter Felt said, "We received a directive not to
22 make any change to the Incognito language or otherwise that
23 could affect our revenue."
24     So the idea that somehow we can create a hermetically
25 sealed system where the jury is just only going to hear

```
 1
 2
 3                    CERTIFICATE OF REPORTER
 4        I certify that the foregoing is a correct transcript
 5   from the record of proceedings in the above-entitled matter.
 6
 7   DATE:   Sunday, December 3, 2023
 8
 9   Pamela Batalo Hebel
     _____
10   Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
     U.S. Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```