# EXHIBIT 2

CONFIDENTIAL – MEDIATION PRIVILEGE – FRE 408, CAL. EVID. CODE 1152

## TOLLING AND CONFIDENTIALITY AGREEMENT

This Tolling and Confidentiality Agreement (the "Agreement") is entered into as of November 13, 2023 (the "Effective Date") between Google LLC ("Google") and certain plaintiffs represented by Boies Schiller Flexner LLP and Morgan & Morgan asserting the Claims (as defined below) ("Represented Plaintiffs"; together with Google, the "Parties or individually a "Party");

WHEREAS, litigation is pending in the United States District Court for the Northern District of California, captioned *Brown v. Google LLC*, No. 4:20-cv-03664-YGR-SVK (the "*Brown* Lawsuit");

WHEREAS, the plaintiffs in the *Brown* Lawsuit assert causes of action against Google based on their use of Chrome's Incognito mode, or Safari or Edge's private browsing modes, to visit certain non-Google websites (the "Claims");

WHEREAS, Boies Schiller Flexner LLP and Morgan & Morgan state that they have already been engaged by tens of thousands of Represented Plaintiffs (and counting) and that additional individuals are continuing to contact and engage Boies Schiller Flexner LLP and Morgan & Morgan, and the Parties understand that additional plaintiffs may become parties to this Agreement if, before the Termination Date (defined below) they retain Boies Schiller Flexner LLP and/or Morgan & Morgan to assert the Claims[1] ("Future Plaintiffs"; together with Represented Plaintiffs the "Covered Plaintiffs");

WHEREAS, the Parties desire to toll all potentially applicable statutes of limitations, if any apply, and other time-based defenses that could apply to any Claims that may be asserted for any of the Covered Plaintiffs for the purpose of facilitating discussions between them relating to the Claims and potentially resolving the same;

NOW, THEREFORE, in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. **Tolling Period.** The time elapsed during the period from the Effective Date up to and including the Termination Date (defined below), hereinafter and previously referred to as the "Tolling Period," shall not be asserted or relied upon in any way in computing the running of any statute of limitations, statute of ultimate repose, or any other limitations period with respect to any of the Claims, or in determining any legal or equitable defense premised on the passage of time that Google may assert with respect to any of the Claims; provided, however, that nothing in this Agreement shall operate to revive or extend the time for filing any Claim that already was barred by the passage of time, or to revive any right to damages or other relief that was already precluded or limited in whole or in part by the passage of time, as of the Effective Date,

---

[1] Google shall be entitled to request a list of all plaintiffs that are parties to this agreement to the extent Google deems such a list relevant, and Boies Schiller Flexner LLP and Morgan & Morgan will provide such a list within three (3) business days if Google makes such a request.

CONFIDENTIAL – MEDIATION PRIVILEGE – FRE 408, CAL. EVID. CODE 1152

or to limit any tolling that might otherwise apply or exist for the Claims.

2. **Forbearance.** The Parties shall not initiate against each other any actions, lawsuits, or other proceedings relating to the Claims prior to the Termination Date (defined below).

3. **Termination of Tolling Period.** The Tolling Period shall terminate effective at the earlier of either (i) November 27, 2023, unless extended by mutual agreement of the parties, or (ii) two (2) days after Represented Plaintiffs provide Google with written notice of termination. This termination date is hereinafter referred to as the "Termination Date." It shall be sufficient that a notice of termination be provided via email to the undersigned counsel for Google.

The provisions of this Agreement shall survive the termination of the Tolling Period as set forth in this Section 3, and nothing in this Section 3 shall relieve any Party of any breach of this Agreement.

4. **Intended Effect.** As of the date of termination of the Tolling Period, each Party will be in the same position it would have occupied as of the Effective Date but for this Agreement with respect to all defenses resulting from or relating to the passage of time, including but not limited to statutes of limitations, statutes of ultimate repose, and laches. In addition, the intended effect of this Agreement is that Google and each Future Plaintiff who, before the Termination Date, retains Boies Schiller Flexner LLP and/or Morgan & Morgan to assert the Claims will likewise be in the same position it would have occupied as of the Effective Date but for this Agreement with respect to all defenses resulting from or relating to the passage of time, including but not limited to statutes of limitations, statutes of ultimate repose, and laches.

5. **No Admissions.** This Agreement does not constitute, and shall not be interpreted as, an admission, by implication or otherwise, by any Party as to whether any Claims have yet accrued, whether, but for this Agreement, any Claims or remedies would be barred or limited in whole or in part by the passage of time, or whether any statute of limitations is already tolled as to the Claims. Nothing contained in this Agreement shall be construed as an agreement by any Party to any statements in the recitals hereof concerning the existence or lack of any liability with respect to the Claims.

6. **Confidentiality.** The Parties agree that this Agreement, the terms thereof, any discussions between the Parties relating to the Claims, and any information exchanged by the Parties pursuant to or in connection with this Agreement shall be kept strictly confidential; shall not be disclosed to anyone except (a) to a Party's attorneys, insurers, auditors, regulators, and others as reasonably necessary to fulfill the Parties' respective obligations pursuant to relevant regulatory requirements, internal policies and/or contractual agreements, (b) as otherwise required by law; and shall not be offered or received into evidence in any lawsuit, action, or other proceeding, except as necessary to enforce the terms of this Agreement.

7. **Amendment.** This Agreement may only be modified or amended by written agreement signed by all Parties.

CONFIDENTIAL – MEDIATION PRIVILEGE – FRE 408, CAL. EVID. CODE 1152

**8.    Governing Law.** This Agreement shall be governed by and interpreted in accordance with the laws of the State of California, notwithstanding the conflict-of-laws provisions thereof.

**9.    Consent and Authority.** Each Party represents and warrants that it has carefully read this Agreement and has been afforded a reasonable opportunity to have the contents and legal effect of this Agreement explained by the legal counsel of its choice; and that each Party executes this Agreement and does so of its own free act. Each person executing this Agreement in a representative capacity on behalf of the Parties expressly represents and warrants that he or she is fully empowered and authorized by such Party to execute the Agreement on its behalf.

**10.   Successors and Assigns.** This Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties.

**11.   Third Party Beneficiaries.** The Parties intend to confer the benefits hereunder on all individuals who retain Boies Schiller Flexner and/or Morgan & Morgan to assert any Claims before the Termination Date (as defined above, the Future Plaintiffs).

**12.   Partial Invalidity.** If any term, provision, agreement, covenant or restriction of this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void or unenforceable, in whole or in part, the remainder of the terms, provisions, agreements, covenants and restrictions of this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated so long as the economic or legal substance of the transactions contemplated hereby is not affected in any manner materially adverse to any Party hereto. Upon such a determination, the Parties shall negotiate in good faith to modify this Agreement so as to effect the original intent of the Parties as closely as possible in a reasonably acceptable manner in order that the transactions contemplated hereby may be consummated as originally contemplated to the fullest extent possible.

IN WITNESS WHEREOF, this Agreement is made effective as of the Effective Date set forth above.

GOOGLE LLC

By:    _/s/ Stephen Broome_

Name:  Stephen Broome

Dated: November 13, 2023

CONFIDENTIAL – MEDIATION PRIVILEGE – FRE 408, CAL. EVID. CODE 1152

REPRESENTED PLAINTIFFS

By: _____

Name: Mark Mao

Dated: November 13, 2023