**BOIES SCHILLER FLEXNER LLP**

David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No.
238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 629-9040
alanderson@bsfllp.com
mwright@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**

Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**

John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>              Plaintiffs,<br>  v.<br><br>GOOGLE LLC,<br>              Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**[PROPOSED] ORDER DENYING MOTION TO INTERVENE AND TO CONTINUE THE FINAL APPROVAL HEARING (DKT. 1116)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: August 7, 2024<br>Time:  2:30 p.m.<br>Location: Courtroom 1 – 4th Floor |

1

**[PROPOSED] ORDER**

2    Before the Court is a motion to intervene and to continue the final approval hearing date. The

3    Moving Parties seek to intervene in this action as of right under Rule 24(a) or, in the alternative,

4    request that this Court grant them permission to intervene under Rule 24(b). The Moving Parties have

5    not demonstrated a significant protectable interest in the outcome of the 23(b)(2) Settlement and there

6    is no risk that the Moving Parties' interests will be impeded by the Settlement. Indeed, because "no

7    [damages] class has been certified anywhere, [the Moving Parties] ha[ve] no right to control the

8    litigation and disposition of any [damages] claim[s] other than [their] own." *Calderon v. Clearview*

9    *AI, Inc.*, 2020 WL 2792979, at *5 (S.D.N.Y. May 29, 2020) (denying motion to intervene, and citing

10   numerous examples of other courts denying motions to intervene where the moving parties were

11   putative class members). The Moving Parties' effort to intervene is also untimely as the Court's

12   decision to not certify a 23(b)(3) class was over a year and a half ago and the Ninth Circuit's denial

13   of Plaintiffs' 23(f) petition was more than one year ago. *See Allen v. Bedolla*, 787 F.3d 1218, 1222

14   (9th Cir. 2015) ("We are not persuaded that [intervenors'] motion was timely, because the motion

15   was filed after four years of ongoing litigation, on the eve of settlement . . ."); *see also CE Design*

16   *Ltd. v. King Supply Co.*, 791 F.3d 722, 726 (7th Cir. 2015) ("At th[is] late stage the only object of the

17   intervention could be to block the settlement and put the class action suit back where it had been in

18   2009. So gratuitous an extension of a multi-year litigation should not be encouraged.").

19   Permissive intervention is also inappropriate here as the Court does not have jurisdiction over

20   the Moving Parties and the deadline for any removal has passed. *See Donnelly v. Glickman*, 159 F.3d

21   405, 412 (9th Cir. 1998) ("An applicant who seeks permissive intervention must prove … the court

22   has an independent basis for jurisdiction over the applicant's claims."). Moreover, it would also cause

23   undue delay and prejudice to the existing parties. *See id.*

24   There is also no basis to delay the final approval hearing. The Moving Parties do not object to

25   the terms of the Settlement and the other documents they request are not relevant to evaluating the

26   merits of the Settlement. Plaintiffs have already provided the Moving Parties a copy of the Tolling

27   Agreement, and whether the Moving Parties may access some discovery adduced in this litigation

28

1

1  may be resolved without impacting the Settlement or delaying the final approval hearing. Thus, the

2  approval hearing should go forward.

3       Having fully considered the matter and finding the Moving Parties have failed to sufficiently

4  and persuasively state the reasons for their requests, the Court **DENIES** the motion.

5

6  **IT IS SO ORDERED.**

7

8  DATED: _____    _____

9                                              Honorable Yvonne Gonzalez Rogers
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Order Denying Motion to Intervene          4:20-cv-03664-YGR-SVK