POTTER HANDY, LLP
Mark Potter, Esq., SBN 166317
Barry M. Walker, SBN 195947
Jim Treglio, Esq., SBN 228077
Claire Cylkowski, Esq., SBN 335352
Mail: 100 Pine St., Ste. 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 fax
serve@potterhandy.com

Attorneys for Moving Parties,
ADAM SALCIDO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>GOOGLE, LLC<br><br>　　　　Defendant. | CASE NO.: 4:20-cv-03664-YGR-SVK<br><br>Assigned to the<br>Honorable Yvonne Gonzalez Rogers<br><br>**REPLY IN SUPPORT OF MOTION TO INTERVENE AND TO CONTINUE THE FINAL APPROVAL HEARING**<br>**[FRCP Rule 24(a)(2), (b)(1)(b)]**<br><br>DATE: August 7, 2024<br>TIME: 2:00 p.m.<br>COURTROOM: 1 – 4th Floor |

**REPLY TO OPPOSITIONS TO MOTION TO INTERVENE**

**AND CONTINUE FINAL REVIEW HEARING**

**I.**

**INTRODUCTION**

The Salcido Plaintiffs simply seek intervention into this litigation, as a matter of right. To be clear, the Salcido Plaintiffs are NOT: 1) seeking to blow up the settlement agreement; 2) attempting to disparage the hard work of Plaintiffs' counsel in this case; 3) attempting to share in Counsel's fees or 4) trying to get out of doing the hard work necessary to obtain significant money judgments against Google for each and every one of the Salcido Plaintiffs and numerous other

Google Incognito users. This Court should grant the motion because it is timely and Moving Parties clearly claim an interest in the "transaction that is the subject of the action, and [they are] so situated that disposing of the action may as a practical matter impair or impede [their] ability to protect [their] interest." Indeed, unless the motion is granted, upon approval of the proposed settlement agreement, there will be no party left to appeal the Court's denial of Rule 23(b)(3) certification. This fact alone requires this Court to grant the motion.

## II.

## KEY POINTS FOR DISCUSSION

There are hundreds of thousands of unnamed class members whose rights will not be adequately represented and whose interests will not be protected without intervention. The ability to pursue damage claims is a critical issue that overhangs this litigation. This Court denied the certification of a damages class in December of 2022. That denial was not immediately appealable, but class members had a right to assume that such a valuable right, i.e., the ability to pursue damages as a class, would be appealed after final judgment.

Class counsel clearly understood that there were some critical issues regarding damages and the ability to effectively bring damages claim (and all the damage claims) as they filed a motion to clarify the tolling issue in January of 2023. Moreover, class counsel separately negotiated a tolling agreement on behalf of its clients *but not the class*, a tolling agreement that continued into this year. Nonetheless, the class members also still enjoyed the right to appeal the denial of the damages class.

Yet, with the filing of the proposed class action settlement agreement, it has become apparent that neither class counsel nor the settlement agreement will preserve this valuable right. That right is being waived. Class counsel is abandoning the right to appeal the denial of the damages class in exchange for a nifty packet for its clients only. The settlement agreement will extinguish the right to appeal the denial of the damages class in exchange for an arbitration procedure for the class members that have separately worked out an agreement with class counsel. See sections 8-9 of the proposed Agreement. In other words, waiving the right to appeal only impacts the class members that have not worked out a separate representation agreement with class counsel.

This is why intervention is critical. These are valuable rights that are being abandoned in a way that only hurts the unnamed, unrepresented class members, who did not sign up with class counsel but are represented by the undersigned.

## III.

## SUMMARY OF IMPORTANT FACTS

Moving Parties are all Google Incognito users who are *both* absent class members and individuals who now seek damages related to the claims at issue in this litigation. What cannot be understated is the intersection between the certified class members and those who now seek damages based on the same exact claims against the same exact defendant. They are the same persons. Indeed, both Google and Plaintiffs' oppositions are silent on this important fact, while simultaneously confusing the issue; for example, Google asserts that BSF signed up tens of thousands of "class members" to file state lawsuits for damages against Google. Google Opp, at 2. And Plaintiffs' somehow assert that the Salcido Plaintiffs have no interest here because "no [damages] class has been certified anywhere." Plaintiffs' Opp., at 6. While both of those statements are technically true, they are misleading and likely to confuse the class members as to their rights and resulting responsibilities.

In their motion, Moving Parties asserted, and repeat here, that "It's important to note that the certified classes and the class denied certification were composed of the exact same individuals" (Motion, 3:12-13). This claim was neither refuted nor addressed in any way by the settling parties' oppositions.

The following facts bear repeating: On April 1, 2024, Plaintiffs filed their Unopposed Motion for Final Approval of Class Action Settlement, (Dkt. 1097-1) *without first filing a motion for preliminary approval.*

In seeking the Court's approval to settle, Plaintiffs made the following arguments in the Unopposed Motion:

- "<u>No release of monetary claims</u>: *Consistent with the Court's certification order, Plaintiffs insisted on retaining class members' rights to sue Google individually for damages.* ***That***

*option is important given the significant damages available under the federal and state wiretap statutes* (emphasis added). Dkt. 1097-1 at 2-3.

- *Settlement Scope:* *The Settlement includes and provides benefits for the same individuals included within the scope of the Court's certification order.* Dkt. 1097-1 at 10.

- *Final approval is appropriate without preliminary approval or notice.* *… This Settlement involves classes certified under Rule 23(b)(2) with no release of any class members' claims for monetary relief. Whether to provide notice is left to the Court's discretion.* Dkt. 1097-1 at 17.

- *All class members will benefit from this injunctive relief without releasing any claims for monetary damages. Class members remain free to bring individual damages claims.* Dkt. 1097-1 at 20.

- *The reaction of the class members to the proposed settlement.* *… This factor is not considered where there is no notice…. As one reference point, the class representatives fully support the Settlement. See Class Rep. Declarations.* Dkt. 1097-1 at 21-22.

And, finally, in Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, they make the following assertion without factual support:

- *The Settlement treats all class members equally.* Dkt. 1097-1 at 24.

The proposed Settlement Agreement provides:

> II. 4. **No Additional Notice to Class Members.** *Based on their review of Rule 23, the Court's prior rulings concerning class settlements involving only Rule 23(b)(2) injunctive relief, and the fact that the disclosure changes (see Section III.1 below) will provide certain notice to the Classes, the Parties agree that no additional notice plan is required. The Parties will ultimately defer to the Court on that determination. To the extent any additional notice is required, Google will provide and/or bear the costs of such notice.*
>
> 8. **Binding Arbitration of Plaintiffs' Damages Claims and Waiver of Right to Appeal Order Denying Plaintiffs' Motion to Certify a Rule 23(b)(3) Class (ECF 803).** *Upon the Settlement of the Released Class Claims becoming effective on the Effective Date for Class Claims, Plaintiffs shall (1) submit to confidential and binding arbitration, per the terms below, the determination of monetary relief for all of their individual claims for monetary relief of all kinds, including but not limited to their claims for statutory penalties, damages, unjust enrichment, disgorgement, restitution, punitive damages, or any other monetary claim arising*

>*out of their claims in this case (collectively, "Individual Claims"); and **(2) waive any right to appeal the Court's order denying the Plaintiffs' motion to certify a Rule 23(b)(3)** (emphasis added) class (ECF 803).*

Dkt. 1097-1 at 5, 6.

Moving Parties hereby seek to intervene in this class action to protect their individual appellate rights in this action and to avoid duplication of efforts in the state action and obtain *access* to all discovery exchanged in this action.

## IV.

## ARGUMENT

**A. Movants are Proper Intervenors and this Court Must Grant the Motion to Intervene under Rule 24(a)(2).**

**1. Moving Parties Have an indisputable interest in the outcome of this action.**

Each of the parties to this motion have properly identified the legal standard for mandatory intervention under Rule 24(a). That rule requires a court, upon timely motion, to permit intervention of right by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).   In their oppositions, Plaintiffs and Google conflate Moving Parties' interests by arguing that they have no asserted interest in the *settlement agreement* and therefore no interest in the *outcome of this action*. That is simply not true.

Because each and every one of the Moving Parties is also a member of the certified classes, they naturally have an interest in the settlement agreement. The Settlement agreement provides: *If this Settlement is approved by the Court, at the effective date for Class Claims, all persons within the classes will be bound by the terms of the Agreement. Dkt. 1097-4.* However, more importantly for the purpose of this motion, the Salcido Plaintiffs have an interest in challenging the Court's denial of the motion to certify the class as to damages. An appeal of that decision directly impacts each of the claims made in this action. Because the named plaintiffs waived their right to appeal that denial in the settlement agreement, a final judgment without granting this motion would leave no one to appeal that decision, foreclosing the right to appeal entirely.

**2. Movants' Motion for Intervention is Timely.**

In arguing against permissive intervention under Rule 24(b), Google acknowledges that the courts "analyze the timeliness element more strictly than [] with intervention as of right." Google Opp. At 5. In other words, when analyzing a motion to intervene as of right under Rule 24(a), the court analyzes that element more leniently. It is a light burden. While "timeliness" under Rule 24(a) "defies precise definition" and requires the court to consider the *totality of the circumstances,* "the most important consideration in deciding whether a motion for intervention is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case." In Re Holocaust Victims Assets Litigation, at 198.

While the settling parties attempt to argue prejudice, they are unable to articulate exactly how anyone would be prejudiced by a short delay in the final approval hearing. Google vaguely asserts that "delay would cause the parties further burden and expense," without even attempting to articulate how it would do so or how much burden or expense would be increased by a delay in the final approval hearing or in granting intervention to the Salcido Plaintiffs in the first place. Google Opp. At 5. Plaintiffs' opposition likewise does not specifically address the issue of prejudice to the settling parties with any details describing *how* they will be prejudiced. The reason is simple. There is no real prejudice to the settling parties, just inconvenience, which is not a basis for denial of this motion.

Further, in Crawford, the court held that "[o]nly when the class members suspect that the representative is not acting in their best interests is there a need to intervene." Crawford, at 880. A close review of the settlement agreement and the unopposed motion for approval, filed on April 1, 2024, reveals the issues resulting in this motion. They are: 1) the disparate treatment between named plaintiffs and absent class members not represented by BSF regarding damages and 2) the named plaintiffs' waiver of the right to appeal the December 2022 denial of Rule 23(a) class certification. Once Moving Parties realized these issues existed, and the settling parties refused to produce a copy of the tolling agreement, Moving Parties filed this motion.

### 3. Movants' Motion is Necessary to Protect Their Interests in this Litigation.

In its opposition, Google first claims that the settling parties agreed that only the named parties' damages claims would be resolved through arbitration in order "to avoid a costly and imminent trial for *de minimus* individual damages claims." Google Opp., at 1. In nearly the same breath, Google then claims that the settling parties entered the tolling agreement in order "to avoid derailing the class settlement negotiations with the filing of tens of thousands of individual damages actions" after Plaintiffs' counsel "indicated they had signed up tens of thousands of class members to file individual lawsuits against Google seeking damages based on the same conduct at issue here." Google Opp., at 2. Likewise, Plaintiffs claim, in their opposition, that the tolling agreement "is unrelated to the settlement," and that it "was separately negotiated and executed to protect the interests of clients seeking to bring individual damages that fall outside the scope of the settlement."

On the other hand, in their unopposed motion for final approval of class settlement, Plaintiffs' counsel asserted that "*Plaintiffs insisted on retaining class members' rights to sue Google individually for damages.* **That option is important given the significant damages available under the federal and state wiretap statutes.**" Dkt. 1097-1 at 2-3. The settling parties simultaneously argue that significant damages are available to individuals seeking them, but the separate tolling agreement and disparate treatment for named plaintiffs have nothing whatsoever to do with this settlement. Both cannot be true.

While it is true that the claim for individual damages falls outside the scope of the injunctive relief obtained with the proposed settlement, it is clearly related to the action as a whole and therefore it is related to the proposed settlement of this action. As a result, the Salcido Plaintiffs, who are also class members, have a protectable interest in this litigation and are therefore entitled to intervention as a right.

Indeed, the proposed settlement agreement defines "Individual Claims" as "all claims, matters or rights that Plaintiffs have asserted or could have asserted in the Action related to Google's collection, storage, or use of data generated while the Plaintiffs were using a private browsing mode, including All Plaintiffs' damage claims and the right to

1. appeal the denial of a Rule 23(b)(3) class." Dkt. 1097-4.  Further, the settlement agreement is expressly binding on all class members, including of course the Luna Plaintiffs and Salcido Plaintiffs when it states that "*all persons within the classes will be bound by the terms of the Agreement.*" Id.

### B. In the Alternative, this Court Should Grant the Motion to Intervene under Rule 24(b)(1)(b) for the Purpose of Access to Discovery Materials.

Plaintiffs' argue that permissive intervention is unavailable here because this Court does not have jurisdiction.  They again conflate the issues by confusing the claims filed in state court with the claims made in this action.  While they are based on the same misconduct by Google, they are distinct claims.  This court has jurisdiction to grant the motion under Rule 24(a) because the Salcido Plaintiffs are class members, whose claims are at risk in the event that no named party remains to appeal the denial of the certification of the damage class.  This is true regardless of how, or where, the Salcido Plaintiffs plead their state action.

Second, regarding permissive intervention, this Court has jurisdiction over Moving Parties for the same reason.  That is, the Salcido Plaintiffs have standing as both class members and litigants to the action and may intervene as of right at any time before final judgment.  Their claims are defined in the settlement agreement as "all claims, matters or rights that Plaintiffs have asserted or could have asserted in the Action related to Google's collection, storage, or use of data generated while the Plaintiffs were using a private browsing mode, including All Plaintiffs' damage claims and the right to appeal the denial of a Rule 23(b)(3) class." Dkt. 1097-4.

# V.

# **CONCLUSION**

For the foregoing reasons, Movants respectfully request that this Court grant their motion to intervene and continue the final approval hearing.

Dated:   July 23, 2024

POTTER HANDY, LLP

By: /s/ Barry M. Walker
Barry M. Walker
Attorneys for Movants