# EXHIBIT 1

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3243**

WRITER'S EMAIL ADDRESS
**violatrebicka@quinnemanuel.com**

April 10, 2024

**BY PRIORITY MAIL**

«Name»
«Company»
«Address»
«City», «State»  «Zip»

Re:  Notice of Proposed Class Settlement in *Brown, et al. v. Google LLC,* Case No.
4:20-cv-03664-YGR-SVK of Claims for Injunctive Relief

Dear Sir/Madam:

Quinn Emanuel Urquhart & Sullivan, LLP represents Google LLC in the above captioned action pending before the Honorable Yvonne Gonzalez Rogers in the United States District Court for the Northern District of California.

On December 12, 2022, Judge Gonzalez Rogers denied certification of plaintiffs' Rule 23(b)(3) claims for monetary relief.  However, she certified a class for injunctive relief pursuant to Rule 23(b)(2).  Google hereby advises that it has entered a proposed settlement with plaintiffs Chasom Brown, William Byatt, Jeremy Davis, Christopher Castillo, and Monique Trujillo (the "Settlement") regarding the Rule 23(b)(2) class claims for injunctive relief.  Google denies any wrongdoing or liability whatsoever and has decided to settle this action solely to eliminate the burden, expense, and uncertainties of further litigation.

In compliance with 28 U.S.C. § 1715(b), the documents referenced below are included on the Flash Drive that is enclosed with this letter:

1.  28 U.S.C. § 1715(b)(1)—Complaint.  Plaintiffs' Complaint filed on June 2, 2020 (ECF 1), First Amended Complaint filed September 21, 2020 (ECF 68); Second Amended Complaint filed on April 14, 2021 (ECF 136-1); Third Amended Complaint deemed to have been filed as of March 18, 2022 (ECF 395-2); and Fourth Amended Complaint filed on March 18, 2023 (ECF 886) are included on the enclosed Flash Drive.

**quinn emanuel urquhart & sullivan, llp**

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM |
MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI |
SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

2.  <u>28 U.S.C. § 1715(b)(2)—Notice of Any Scheduled Judicial Hearings</u>.  Plaintiffs filed an unopposed motion seeking approval of the Settlement on April 1, 2024.  No preliminary approval was sought.  Plaintiffs have requested a hearing on the motion for July 30, 2024, however, as of date of this letter, no judicial hearing relating to the Settlement is yet scheduled.  A copy of the publicly available version of the motion (ECF 1098-2) and publicly available accompanying documents (ECF 1097-2, 5-6, 14-15, 17-18, 20, 22-28; ECF 1098-4, 5, 6, 7, 8) are included on the enclosed Flash Drive.

3.  <u>28 U.S.C. § 1715(b)(3)—Notification to Class Members</u>.  The settlement only releases class members' injunctive, declaratory, and equitable relief under Federal Rule of Civil Procedure 23(b)(2).  It preserves and does not release claims for individual money damages.  Based on their review of Rule 23, the Court's prior rulings in other cases concerning Rule 23(b)(2) settlements, and the fact that disclosure changes agreed in the Settlement will provide certain notice to the Classes, the Parties do not believe additional class notice is required. The Parties will ultimately defer to the Court on that determination. To the extent any additional class notice is required, Google will provide supplemental § 1715 disclosures.

4.  <u>28 U.S.C. § 1715(b)(4)—Class Action Settlement Agreement</u>.  A redacted version of the March 11, 2024, Settlement Agreement between Google and Plaintiffs is included on the enclosed Flash Drive (ECF 1098-3).

5.  <u>28 U.S.C. § 1715(b)(5)—Any Other Settlement or Other Agreements</u>.  There are no other settlements or other agreements that have been contemporaneously made between class counsel and counsel for Google related to this matter.

6.  <u>28 U.S.C. § 1715(b)(6)—Final Judgment</u>.  As of the date of this letter, no final judgment or notice of dismissal has been entered in this case.

7.  <u>28 U.S.C. § 1715(b)(7)—Estimate of Class Members</u>.  The Settlement Agreement defines the class members as:

> Class 1: All Chrome browser users with a Google account who accessed a non-Google website containing Google tracking or advertising code using such browser and who were (a) in "Incognito mode" on that browser and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016, through the present.

> Class 2: All Safari, Edge, and Internet Explorer users with a Google account who accessed a non-Google website containing Google tracking or advertising code using such browser and who were (a) in a "private browsing mode" on that browser and (b) were not logged into their Google account on that browser, but whose communications, including identifying information and online browsing history, Google nevertheless intercepted, received, or collected from June 1, 2016, through the present.

Google cannot provide the information outlined in Section 1715(b)(7)(A)-(B) by state because it cannot identify members of Class 1 or Class 2.  Any user activity from a class members' private browsing session is not associated with their Google Account. Indeed, that is one way that Incognito mode offers more private browsing.  Accordingly, Google is unable to use data collected from private browsing sessions to feasibly identify class members or reasonably estimate the number of class members.

Because the settlement does not contemplate monetary relief and does not release class member rights to pursue damages claims, no class member "share" analysis applies here.

8.  <u>28 U.S.C. §1715(b)(8): Judicial Opinions Related to the Settlement</u>.  The Court has not issued any judicial opinion relating to the above-described settlement materials.

    If for any reason you believe the enclosed information does not fully comply with 28 U.S.C. § 1715, please contact the undersigned immediately so that Google can address any concerns or questions you may have.

    Thank you.

                                Sincerely,

                                Viola Trebicka, Partner
                                Quinn Emanuel Urquhart & Sullivan, LLP
                                *Attorneys for Google LLC*

Enclosure – Flash Drive

3