**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BROWN, ET AL.,**<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>**GOOGLE, LLC,**<br><br>　　　　Defendant. | Case No. 4:20-03664-YGR<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>Re: Dkt. No. 1116. |

Movants, 185 plaintiffs in state court actions stemming from similar facts giving rise to this case, move this Court to intervene in the class action.[1] Having carefully considered the papers submitted, and for the reasons set forth below, the Court hereby **DENIES** the Motion.

Federal Rule of Civil Procedure 24 provides for intervention both permissively and as of right. A movant may intervene as of right where they "claim[] an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In order to intervene as of right, the movant must show:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

---

[1] Movants also requested a continuance of the hearing on final approval of the proposed settlement in this action. The Court did not continue the hearing but permitted movants an opportunity to be heard on the instant motion. As the hearing took place on August 7, 2024, the portion of the motion seeking a continuance is **DENIED AS MOOT.**

*Citizens for Balanced Use v. Montana Wilderness Ass'n*., 647 F.3d 893, 897 (9th Cir. 2011) (internal quotations omitted). Permissive intervention, by contrast, stems from a showing that a movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. . . . Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman,* 159 F.3d 405, 412 (9th Cir. 1998) (internal cites omitted).

Here, movants fail to meet the criteria for either form of intervention. As an initial matter, the timeliness element of both tests is fatal to this intervention effort. The motion was filed on the eve of the hearing for final approval of the class settlement, and well over a year since the Court denied certification of a damages class in this case. At oral argument, movants' counsel stated that he was unaware of class members' voluntary relinquishment of their rights to appeal contained within the proposed settlement until April 1, 2024. Even so, he failed to explain the three-month delay in moving to intervene. The lack of timeliness itself is sufficient to defeat intervention.

Nonetheless, a second reason compels denial.  The proposed settlement relates to injunctive relief only, and the Court thus fails to see how the outcome of the hearing for final approval will impact, let alone impair or impede, would-be intervenors' interests as individual claims can be asserted, and in fact, many have. When pressed at argument to articulate what specific interest movants seek to preserve or defend by intervening, counsel was unable to identify a single one. Counsel invoked in a general sense the appellate rights class members have agreed to waive should the Court approve final settlement but could not identify any specific reason he would seek to do so.

Finally, there is no indication that class counsel have acted in any manner incompatible with movants' interests. As plaintiffs note in opposing the motion, "the Moving Parties fall far short of explaining why [the Tolling] Agreement impedes their rights," as there "is nothing extraordinary

about the existence of a Tolling Agreement related to individual actions—which seek different relief than the Settlement and was filed in a separate court." (Dkt. No. 1119 at 8.)

For similar reasons, the Court declines to grant permissive intervention. This case has been heavily litigated for over four years, and the Court will not prejudice the parties with further delay as it prepares to consider the proposed final settlement. As the Court stated at argument, the proposed settlement reflects years of hard work that intervention could very well derail. Furthermore, permitting intervenors to freeload off of class counsel's years of hard work with an eleventh-hour motion raises fundamental fairness concerns.

For the reasons stated herein, the motion to intervene and continue the hearing is **DENIED.**

This terminates Docket No. 1116.

**IT IS SO ORDERED**.

Date: August 12, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3