**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (CA Bar No 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**GOOGLE LLC'S OPPOSITION TO *SALCIDO* PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: October 8, 2024<br>Time: 2:00 p.m.<br>Location: Courtroom 1 – 4th Floor |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................................1

II. BACKGROUND .............................................................................................................................2

III. LEGAL STANDARD .....................................................................................................................2

IV. ARGUMENT ..................................................................................................................................3

    A. Leave Should Be Denied Because the *Salcido* Plaintiffs' Assertion that *Calhoun* Undermines this Court's Class Certification Decision in *Brown* Is Incorrect ...............................................................................................................3

    B. Leave Should Be Denied Because the *Salcido* Plaintiffs Fail to Explain How *Calhoun* Provides a Basis for Reconsidering the Multiple Independent Bases on Which the Court Denied Their Motion for Intervention ............................4

        1. Calhoun Does Not Change the Fact that the *Salcido* Plaintiffs' Motion to Intervene was Untimely ...............................................................5

        2. Calhoun Does Not Change the Fact that the *Salcido* Plaintiffs Failed to Articulate Any Specific Class Member Interest to Protect by Intervention ..................................................................................................6

        3. Calhoun Does Not Change the Fact that the *Salcido* Plaintiffs Provide No Evidence That Class Counsel has Acted Contrary to Class Members' Interests .........................................................................8

CONCLUSION ..............................................................................................................................8

# TABLE OF AUTHORITIES

**Page**

## Cases

*Backhaut v. Apple Inc.*,
  No. 14-CV-02285, 2015 WL 4776427 (N.D. Cal. Aug. 13, 2015), *aff'd*, 723 F. App'x 405 (9th Cir. 2018) ............................................................................................................. 3, 4

*Bobbitt v. Milberg LLP*,
  723 F. App'x 413 (9th Cir. 2018) ............................................................................................. 7

*Calhoun v. Google*,
  Case No. 22-16993, Dkt. 123-1 ................................................................................................ 1

*Campbell v. Facebook Inc.*,
  315 F.R.D. 250 (N.D. Cal. 2016) .............................................................................................. 4

*Citizens for Balanced Use v. Montana Wilderness Ass'n*.,
  647 F.3d 893 (9th Cir. 2011) ..................................................................................................... 5

*Costa v. Postmates Inc.*,
  2020 WL 13526733 (N.D. Cal. June 26, 2020) ........................................................................ 2

*Crawford v. Equifax Payment Servs., Inc.*,
  201 F.3d 877 (7th Cir. 2000) ..................................................................................................... 5

*Cutlip v. Deutsche Bank Nat'l Tr. Co. for the Harborview Mortgage Loan Trust Pass-Through Certificates 2007-7*, No. 15-cv-01345, 2015 WL 5964034 (N.D. Cal. Oct. 13, 2015) ..................................................................................................................... 2

*In re Google Inc.Gmail Litig.*,
  No. 13-MD-02430, 2014 WL 1102660 (N.D. Cal. Mar. 18, 2014) ...................................... 3, 4

*Hart v. TWC Prod. & Tech. LLC*,
  No. 20-CV-03842, 2023 WL 3568078 (N.D. Cal. Mar. 30, 2023) .................................. 1, 3, 4

*Martinez v. Flowers Foods, Inc*,
  720 F. App'x 415 (9th Cir. 2018) ............................................................................................. 7

*Microsoft Corp. v. Baker*,
  582 U.S. 23 (2017) .................................................................................................................... 7

*Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*,
  331 F.3d 1041 (9th Cir. 2003) ................................................................................................... 2

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*,
  934 F.2d 1092 (9th Cir. 1991) ................................................................................................... 5

*Sierra Club v. Espy*,
    18 F.3d 1202 (5th Cir. 1994) (Mot. 7) ........................................................................................ 6

**Rules**

Federal Rule of Civil Procedure 24 ................................................................................................. 5

Defendant Google LLC ("Google") respectfully submits this Opposition to the *Salcido* Plaintiffs' Motion for Leave to File a Motion for Reconsideration of the Court's August 12, 2024 Order (Dkt. 1133) (the "Motion").

**I.     INTRODUCTION**

The Motion rests entirely on the patently false premise that the Ninth Circuit's decision in *Calhoun v. Google*, Case No. 22-16993, Dkt. 123-1 ("*Calhoun*") somehow undermines this Court's rationale for denying the *Brown* Plaintiffs' motion to certify a damages class pursuant to Rule 23(b)(3). It does not. In *Calhoun*, the Ninth Circuit held that Google's defense of *express* consent turns on how a "reasonable user" would understand the specific disclosures through which Google claimed it obtained consent to the data collection at issue in that case. Case No. 22-16993, Dkt. 123-1 at 18. By contrast, in denying a Rule 23(b)(3) damages class in *Brown*, this Court did not address express consent at all. Rather, the Court found that a damages class could not be certified because Google's defense of *implied* consent raised individualized issues that defeated predominance. Dkt. 803 at 32. Unlike express consent, implied consent does not turn on the objective "reasonable user" standard. Rather, it is "based on individual, and subjective, interactions of what certain class members knew, read, saw, or encountered." Dkt. 803 (Class Certification Order) at 32; *see also Hart v. TWC Prod. & Tech. LLC*, No. 20-CV-03842, 2023 WL 3568078, at *10 (N.D. Cal. Mar. 30, 2023). Because *Calhoun* does not address the standard for implied consent, it provides no basis for revisiting this Court's class certification decision in this case.

The Motion should also be denied because the *Salcido* Plaintiffs offer no basis to reconsider any of the multiple, independent grounds on which the Court denied their Motion to Intervene and to Continue the Final Approval Hearing ("Motion to Intervene") (Dkt. 1116). Their Motion does not even attempt to contravene this Court's finding that: (1) the *Salcido* Plaintiffs' Motion to Intervene was untimely, (2) the *Salcido* Plaintiffs failed to identify any specific Class Member interest that would be protected by their intervention, and (3) the *Salcido* Plaintiffs failed to provide

any evidence that, in entering the Settlement Agreement (Dkt. 1103-3), Class Counsel has acted contrary to Class Members' interests.

## II.  BACKGROUND

On December 12, 2022, the Court denied the *Brown* Plaintiffs' motion to certify damages classes pursuant to Rule 23(b)(3) but certified two injunctive relief classes pursuant to Rule 23(b)(2). Dkt. 803 at 27-34. The parties ultimately executed a settlement agreement on March 11, 2024, and Plaintiffs filed a Motion for Final Approval of Class Action Settlement on April 1, 2024. Dkt. 1096.

One month before the approval hearing, the *Salcido* Plaintiffs filed a Motion to Intervene. Dkt. 1116. Both Google and the *Brown* Plaintiffs opposed the motion. Dkts. 1118; 1119. On August 7, 2024, the Court heard oral argument on the Motion to Intervene (the "August 7 Hearing"). The Court subsequently issued an order denying the *Salcido* Plaintiffs' Motion to Intervene on August 12, 2024 (the "Order"). Dkt. 1130.

Three weeks later, the *Salcido* Plaintiffs filed this Motion, pursuant to Civil L.R. 7-9(b)(2), claiming that the Ninth Circuit's August 20, 2024 *Calhoun* decision constitutes a change of law sufficient to justify reconsideration of the Court's Order. The Motion advances no other ground for reconsideration.

## III.  LEGAL STANDARD

"[M]otion[s] for reconsideration … are disfavored and rarely granted." *Costa v. Postmates Inc.,* 2020 WL 13526733, at *2 (N.D. Cal. June 26, 2020). Pursuant to Civil L.R. 7-9(b)(2), the party seeking leave to file a motion for reconsideration bears the burden of establishing "the emergence of new material facts or a change of law." Civil L.R. 7-9(b)(2); *see also Cutlip v. Deutsche Bank Nat'l Tr. Co. for the Harborview Mortgage Loan Trust Pass-Through Certificates 2007-7*, No. 15-cv-01345, 2015 WL 5964034, at *1 (N.D. Cal. Oct. 13, 2015). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation,* 331 F.3d 1041, 1046 (9th Cir. 2003).

## IV. ARGUMENT

### A. Leave Should Be Denied Because the *Salcido* Plaintiffs' Assertion that *Calhoun* Undermines this Court's Class Certification Decision in *Brown* Is Incorrect

The *Salcido* Plaintiffs' only argument is that *Calhoun* constitutes a "post-order change of law" (Mot. at 3) that somehow undermines the Court's decision to deny a Rule 23(b)(3) damages class in this case. This argument is clearly wrong and serves only to further confirm that the *Salcido* Plaintiffs' counsel is unfamiliar with the key issues in this case.

*Calhoun* is not remotely relevant to the Court's class certification decision in *Brown*. *Calhoun* pertains to the issue of *express* consent. The Ninth Circuit held that the governing standard with respect to express consent is what a "reasonable user of a service would understand they were consenting to" when reviewing Google's account holder agreements and disclosures. Case No. 22-16993, Dkt. 123-1 at 18. The Ninth Circuit held that this was a material issue of disputed fact. *Id.* at 22.

By contrast, the Court based its decision to deny a Rule 23(b)(3) damages class in this case on *implied* consent, which does not turn on the objective "reasonable user" standard but is instead a subjective standard that depends on what the individual class members "knew, read, saw, or encountered." Dkt. 803 at 32; *accord Hart*, 2023 WL 3568078 at \*10 ("[I]in determining whether Class members impliedly consented, [a fact-finder] would have to evaluate to which of the various sources each individual user had been exposed and whether each individual knew about and consented to the interception based on the sources….") (quoting *In re Google Inc. Gmail Litig.*, No. 13-MD-02430, 2014 WL 1102660, at \*16 (N.D. Cal. Mar. 18, 2014)); *Backhaut v. Apple Inc.*, No. 14-CV-02285, 2015 WL 4776427, at \*14516- (N.D. Cal. Aug. 13, 2015), *aff'd*, 723 F. App'x 405 (9th Cir. 2018) (noting that "the predominance problems posed by [the] implied consent defense are distinct from the express consent defense" because implied consent would be established by "a panoply of sources from which a proposed individual class member…could have been put on notice" of the alleged wrongdoing); *In re Google*, 2014 WL 1102660 at \*16 (N.D. Cal. Mar. 18, 2014) ("[C]ourts have consistently held that implied consent is a question of fact that requires

looking at all of the circumstances surrounding the interceptions to determine whether an individual knew that her communications were being intercepted.").

The Court found that the evidence shows variation between what "users knew or did not know" and that a factfinder "would have to determine the sources of information to which each class member was exposed" to determine whether they impliedly consented to the alleged conduct. Dkt. 803 at 32. On that basis, the Court correctly held that individual issues of implied consent are likely to predominate over any common issue. Dkt. 803 at 32.; *accord In re Google, 2014 WL 1102660*, at *17 ("Individual issues regarding [implied] consent are likely to overwhelmingly predominate" where, as here, "there is a panoply of sources from which [] users could have learned of Google's interceptions" including "Google disclosures, third-party disclosures, and news articles."); *Campbell v. Facebook Inc*., 315 F.R.D. 250, 266 (N.D. Cal. 2016) ("individual issues of implied consent do predominate…due to the media reports on the practice" because "as long as users heard about it from somewhere and continued to use the relevant features, that can be enough to establish implied consent"); *Backhaut*, 2015 WL 4776427 at *14 (implied consent defeats predominance where "numerous sources of information…could have put some proposed class members…on notice of the [] interceptions.").

Because express and implied consent turn on different standards, and *Calhoun* addresses only the former, the decision is irrelevant to the implied consent defense on which the Court based its class certification decision here.[1]

    **B.    Leave Should Be Denied Because the *Salcido* Plaintiffs Fail to Explain How *Calhoun* Provides a Basis for Reconsidering the Multiple Independent Bases on Which the Court Denied Their Motion for Intervention**

The Court denied the Motion to Intervene on three independent grounds: (1) the motion was untimely, (2) the *Salcido* Plaintiffs failed to articulate a specific interest they sought to preserve or

---

[1] The *Salcido* Plaintiffs' assertion that "[t]he *Calhoun* decision clarifies that Google must establish consent based on the lay meaning of the language *in its disclosures*, not on any extraneous information available to expert users" (Mot. at 2) misses the mark. Under *Calhoun*, that standard applies only to the defense of express consent. Implied consent need not be based on disclosures at all, but may instead be based on what an individual knows, sees, reads, encounters based on the sources of information to which she is exposed. *See* Dkt. 803 at 32; *Hart*, 2023 WL 3568078 at *10.

defend by intervening, and (3) the Court found no indication that class counsel have acted in any manner incompatible with movants' interests.  Dkt. 1130 at 2-3; *see also Citizens for Balanced Use v. Montana Wilderness Ass'n*., 647 F.3d 893, 897 (9th Cir. 2011) (outlining the requirements for intervention under Federal Rule of Civil Procedure 24).  The *Salcido* Plaintiffs incorrectly claim that *Calhoun* "casts doubt" on the Court's reasons for denying the Motion to Intervene.  Mot. at 5.  Even if *Calhoun* had some relevance to Google's implied consent defense in this case, the decision provides no basis for reconsidering any of the grounds on which the Court denied intervention.

> 1. *Calhoun Does Not Change the Fact that the Salcido Plaintiffs' Motion to Intervene was Untimely*

The Court denied the Motion to Intervene as untimely because it "was filed on the eve of the hearing for final approval of the class settlement, [] well over a year since the Court denied certification of a damages class in this case[,]" and three months after Class Members' voluntary relinquishment of their rights to appeal through the proposed settlement.  Dkt. 1130 at 2.

The *Salcido* Plaintiffs' contention that *Calhoun* "resets the clock" for intervention (Mot. at 7) is incorrect.  None of the cases cited in the Motion support that proposition.[2]  *Calhoun* does not provide any excuse for the *Salcido* Plaintiffs' 18-month delay in seeking to intervene for purposes of appealing the Court's class certification decision.

Moreover, the *Salcido* Plaintiffs were on notice that the Court's summary judgment decision in *Calhoun* was on appeal as of December 20, 2022, when the plaintiffs in that case filed a notice of appeal.  *See* Dkt. 941.  If they genuinely believed that the issue on appeal in *Calhoun* was relevant to the Court's class certification decision in *Brown*, they could have raised that concern at any time—including in their most recent Motion to Intervene.  But they did not seek to intervene until

---

Thus, the assertion that, in light of *Calhoun*, "a damages class is clearly viable against Google" is incorrect.

[2]  The *Salcido* Plaintiffs cite two cases (Mot. at 7), each of which stands for the unremarkable proposition that a would-be intervenor's delay is measured from the time his interests are no longer adequately protected by the parties.  *See Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 934 F.2d 1092, 1095–96 (9th Cir. 1991); *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 880–81 (7th Cir. 2000).  Neither case supports the argument that an appellate decision which allegedly improves the prospects of a favorable appeal is grounds for excusing a long delay.

18 months after the Court's class certification decision, on the eve of the final approval hearing—and even then they did not raise the prospect that the pending *Calhoun* decision might provide a basis for them to appeal the class certification decision in *Brown*.[3]

    2.    *Calhoun Does Not Change the Fact that the Salcido Plaintiffs Failed to Articulate Any Specific Class Member Interest to Protect by Intervention*

In denying intervention, the Court correctly noted that the proposed settlement in this case relates to injunctive relief only and the *Salcido* Plaintiffs can—and indeed have—asserted their damages claims individually. Dkt. 1130 at 2. During the August 7 hearing, the *Salcido* Plaintiffs' counsel was unable to identify a single interest that *Salcido* Plaintiffs seek to preserve or defend through intervention, nor could he explain any basis upon which he would seek an appeal of the Court's class certification decision:

> THE COURT: Okay. So how is the interest of the class -- individual class members -- impacted if they're bringing their own individual claims for damages?
> MR. WALKER: Because there's – there's otherwise two methods to do that. One is to appeal the denial. And the other one is to seek damages on an individual basis. And the settlement basically wipes out one of those methods…
> THE COURT: So you're left with one avenue but not two.
> THE COURT: And why do you think you even have grounds to appeal?
> MR. WALKER: Well --
>
> THE COURT: As you stand there, you've done a lot of analysis. So you tell me, what would your appeal look like?
> MR. WALKER: I can't tell you as I sit here today. THE COURT: Well, have you not done any analysis?
> MR. WALKER: Some, yes.
> THE COURT: Okay. Well, what's your analysis?
> MR. WALKER: Well, I think that the damages claims – well, I can't really say, Your Honor.

---

[3] The *Salcido* Plaintiffs cite *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (Mot. at 7) for the proposition that the timeliness requirement is "not a tool of retribution to punish the tardy would-be intervenor," but they conveniently leave out a key part of quote. "The requirement of timeliness is…rather a guard against prejudicing the original parties by the failure to apply sooner." *Sierra Club*, 18 F.3d 1202 at 1205. Indeed, as Google demonstrated in its opposition to the Motion to Intervene, the parties would be greatly prejudiced by the *Salcido* Plaintiffs' undue delay here. *See* Dkt. 1118 at 5.

August 7, 2024 Hearing Tr. 12:5-16, 14:8-18.

Having had no idea what they would argue on appeal at the hearing on their Motion to Intervene, the *Salcido* Plaintiffs apparently had a epiphany when the Ninth Circuit issued *Calhoun*. But even if they were correct that *Calhoun* somehow undermines the Court's decision denying a Rule 23(b)(3) class in this case—and they are not for the reasons explained above—the *Salcido* Plaintiffs cannot intervene for purposes of appealing that decision because it would be futile. As their counsel conceded during oral argument, the Ninth Circuit would not have jurisdiction to rule on such an appeal because the *Brown* Plaintiffs' claims are being voluntarily dismissed. August 7, 2024 Hearing Tr. 12:23-24 (MR. WALKER: "[I]f there's a voluntary dismissal, there will be no jurisdiction to appeal. That's my understanding."); *see also Microsoft Corp. v. Baker*, 582 U.S. 23, 27 (2017) (voluntary dismissal of claims does not constitute a final judgment and thus a court of appeal would not have jurisdiction to hear an appeal of class certification denial after voluntary dismissal by named plaintiffs); *Bobbitt v. Milberg LLP*, 723 F. App'x 413, 414–15 (9th Cir. 2018) (holding that the Ninth Circuit has no "jurisdiction over an appeal from a denial of class certification where the named plaintiffs have stipulated to the dismissal with prejudice of their individual claims"); *Martinez v. Flowers Foods, Inc*, 720 F. App'x 415, 416 (9th Cir. 2018) (same).

The Ninth Circuit's issuance of *Calhoun* does not affect the jurisdictional analysis. Thus, the Ninth Circuit still would not have jurisdiction over an appeal by the *Salcido* Plaintiffs unless they were prepared (and the Court were inclined to permit them) to step into the shoes of the *Brown* Plaintiffs and try their case to verdict. That would upend the entire settlement, for the reasons Google explained on the record at the August 7 Hearing.[4]

---

[4] At the August 7, 2024 hearing, Google's counsel explained, and the Court agreed, that "a material term of [the] settlement … is that we're buying peace and this case goes away. We … never intended to settle the injunctive portion, pay plaintiffs whatever fees your Honor decides to award them, and then continue on with this case and maybe have an appeal." August 7, 2024 Hearing Tr. 9:17-10:3.

3. *Calhoun Does Not Change the Fact that the Salcido Plaintiffs Provide No Evidence That Class Counsel has Acted Contrary to Class Members' Interests*

As the Court recognized, and the *Salcido* Plaintiffs agreed, "[t]his case has been heavily litigated for over four years" by competent counsel and there is no basis for concluding that Class Counsel inadequately represented their rights. Dkt. 1130 at 3; August 7, 2024 Hearing Tr. 11:14-24. Accordingly, the Court correctly found that, in entering the settlement, there was "no indication that class counsel have acted in any manner incompatible with movants' interests." Dkt. 1130 at 2.

Moreover, Class Counsel obviously was aware of the *Calhoun* Plaintiffs' appeal and the issues it raised. Had they believed that those issues were relevant to the Court's determination that implied consent precluded certification of a damages class, they would have taken steps to preserve the rights of the Class and *Brown* Plaintiffs. They did not, because *Calhoun* concerns a different issue—express consent—that is irrelevant to the Court's class certification decision.

## CONCLUSION

The Motion should be denied.

DATED: September 17, 2024

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Andrew H. Schapiro*
Andrew H. Schapiro

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

-8-   Case No. 4:20-cv-03664-YGR-SVK
GOOGLE'S OPPOSITION TO *SALCIDO* PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice)*
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*