**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BROWN, ET AL.,** | Case No. 4:20-03664-YGR |
| Plaintiffs, | **ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| v. | |
| **GOOGLE, LLC,** | Re: Dkt. Nos. 1133, 1135. |
| Defendant. | |

Movants, 185 plaintiffs in state court actions stemming from similar facts giving rise to this case, move this Court for leave to file a motion for reconsideration of this Court's denial of their prior request to intervene.[1] Having carefully considered the papers submitted, and for the reasons set forth below, the Court hereby **DENIES** the Motion.

Movants claim that the Ninth Circuit's recent opinion in *Calhoun v. Google, LLC* warrants reconsideration of this Court's prior order denying certification of a damages class in this action. They allege that their motion is timely, since the appellate order "resets the clock for intervention." (Dkt. No. 1133 at 7.)

"Motions for reconsideration are disfavored and 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Day v. GEICO Cas. Co.,* 2023 WL 6851705 at *2 (N.D. Cal. 2023) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam)).

---

[1] The parties to this action jointly filed a request to move the date on which this motion could be heard. (Dkt. No. 1135.) As the Court finds the motion appropriate for resolution without oral argument, the parties' request is **DENIED AS MOOT.**

The Court is not convinced that *Calhoun* demands reconsideration of its prior order in this case. As defendant notes in opposition, at-issue here is an implied consent defense, whereas *Calhoun* concerned Google's defense of express consent.

Nor do movants present any information to alleviate the concerns expressed by the Court at argument on the motion to intervene. (*See* Dkt. No. 1131 at 7-11 (Expressing concern that movants seek to "piggyback an appeal on work [they] never did and on a subject matter of which [they] have very little substantive information . . . to the order of multiple millions of dollars of time.").) The instant motion makes no attempt to argue plaintiffs' current counsel is inadequate or to justify movants' failure to attempt intervention in the nearly two years following class certification before the eve of settlement.

For the reasons stated herein, the motion for leave to file a motion for reconsideration is **DENIED.**

This terminates Docket Nos. 1133, 1135.

**IT IS SO ORDERED**.

Date: September 18, 2024

**YVONNE GONZALEZ-ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**