**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (CA Bar No 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al*., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**DEFENDANT GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO STAY**<br><br>Hon. Yvonne Gonzalez Rogers<br>Courtroom: 1 – 4th Floor<br>Date: November 19, 2024<br>Time: 2:00 p.m. |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on November 19, 2024, at 2:00 p.m., before the Honorable Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California at the Oakland Courthouse, Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, CA 94612, Defendant Google LLC ("Google") will and hereby does move the Court to stay (1) Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 1096), and (2) Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards (Dkt. 1106), pending the *Salcido* Plaintiffs' appeal of the Court's August 12, 2024 order denying their Motion to Intervene and to Continue the Final Approval Hearing (Dkt. 1130). Google's Motion is based on this notice of motion and supporting memorandum, the evidence cited therein, and such other written or oral argument as may be presented at or before the time this Motion is taken under submission by the Court.

**RELIEF REQUESTED**

Google requests the Court defer its ruling on Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 1096) and Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards (Dkt. 1106) until the Ninth Circuit rules on the *Salcido* Plaintiffs' appeal of the Intervention Order.

DATED: September 25, 2024

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Andrew H. Schapiro*
         Andrew H. Schapiro

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400

Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice)*
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

**I.   INTRODUCTION**

The proposed *Salcido* intervenors have now noticed an appeal of this Court's order denying their attempt to intervene and challenge the Settlement Agreement between the *Brown* Plaintiffs and Google. (Dkt. 1130). Among other things, the *Salcido* Plaintiffs contend the Settlement Agreement unfairly advantages the *Brown* Plaintiffs over class members in terms of the ability to pursue damages claims, and improperly relinquishes the right to pursue certification of a damages class. The Court correctly rejected these arguments, but because the appeal directly challenges approval of the Settlement Agreement—and by extension the *Brown* Plaintiffs' fee application—it deprives the Court of jurisdiction to rule on those motions (the "Approval Motions").  Accordingly, the Court should stay the Motions pending resolution of the *Salcido* Plaintiffs' appeal.

**II.   BACKGROUND**

On December 12, 2022, the Court denied the *Brown* Plaintiffs' motion to certify damages classes pursuant to Rule 23(b)(3) and certified two injunctive relief classes pursuant to Rule 23(b)(2). Dkt. 803 at 27-34. On March 11, 2024, the parties executed the Settlement Agreement (Dkt. 1103-3).

The *Brown* Plaintiffs filed a Motion for Final Approval of Class Action Settlement on April 1, 2024. Dkt. 1096. On April 23, 2024, *Brown* Plaintiffs moved for an Award of Attorneys' Fees, Costs, and Service Awards (Dkt. 1106), pursuant to the Settlement (*see id.* at 1).

One month before the hearing on the Approval Motions, the *Salcido* Plaintiffs filed a Motion to Intervene and to Continue the Final Approval Hearing. Dkt. 1116. Both Google and the *Brown* Plaintiffs opposed the motion. Dkts. 1118; 1119.

On August 7, 2024, the Court heard oral argument on the Approval Motions and the Motion to Intervene. On August 12, 2024, the Court denied the *Salcido* Plaintiffs' Motion to Intervene (the "Intervention Order"). Dkt. 1130. The Court has not yet issued an order on the Approval Motions.

On September 3, 2024, the *Salcido* Plaintiffs filed a Motion for Leave to File a Motion for Reconsideration of the Intervention Order. Dkt. 1133. On September 18, 2024, the Court denied that motion. Dkt. 1142.

On September 10, 2024, the *Salcido* Plaintiffs filed a Notice of Appeal of the Intervention Order, while their reconsideration motion was pending. Dkt. 1134. Their appeal is currently docketed before the Ninth Circuit. Case No. 24-5692 (the "Appeal").

## III.   LEGAL STANDARD

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("[T]he filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal."). "[T]he background *Griggs* principle [] requires an automatic stay of district court proceedings that relate to any aspect of the case involved in the appeal." *Coinbase, Inc. v. Bielski,* 599 U.S. 736, 744 (2023). Therefore, once an interlocutory appeal is filed, the district court only has jurisdiction to "address aspects of the case that are not the subject of the appeal." *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002). Moreover, where "[t]he issues on appeal are intertwined with the merits of the[] case and the result of the appeal could permanently affect the rights of the parties," courts do not have jurisdiction "to rule on issues that will certainly be raised in the next phase of [] litigation." *SolarCity Corp. v. Salt River Project Agric. Improvement & Power Dist.*, 2016 WL 5109887, at *2 (D. Ariz. Sept. 20, 2016); *Harris v. Muhammad*, No. 21-CV-00283, 2024 WL 3872912, at *1 (N.D. Cal. Aug. 19, 2024) ("Plaintiff's interlocutory appeal concerns the merits of this case and therefore divests this court of jurisdiction over the case while the appeal is pending.").

## IV.   ARGUMENT

### A.   The Court Lacks Jurisdiction to Rule on the Approval Motions While the Appeal is Pending

The *Salcido* Plaintiffs moved to intervene on the basis that the Settlement Agreement is unfair to absent class members and that they purportedly cannot rely on class counsel to protect their interests. They contend, for example, that "the named class representatives[] have approved a settlement agreement that treats [absent class members] different from themselves" insofar as

"Plaintiffs enjoy favorable treatment, such that they can simply submit their damages claims to binding arbitration without filing a separate state action or otherwise proving liability." Dkt. 1116 at 10-11. They further argue that, in the Settlement Agreement, the named plaintiffs improperly relinquished the right to appeal the Court's order denying certification of a Rule 23(b)(3) damages class. *Id.* at 13; Dkt. 1121 at 1 ("The settlement agreement will extinguish the right to appeal the denial of the damages class in exchange for an arbitration procedure for the class members that have separately worked out an agreement with class counsel."), *see also* Case No. 24-5692, Dkt. 3.1 (*Salcido* Plaintiffs' Ninth Circuit Mediation Questionnaire) at 2. In the Intervention Order now on appeal, the Court correctly found that these arguments are meritless. Dkt. 1130. But because the Appeal directly challenges the Settlement Agreement, it deprives the Court of jurisdiction to rule on Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 1096) while the Appeal is pending. *See, e.g.*, *Maine v. Norton*, 148 F. Supp. 2d 81, 82–83 (D. Me. 2001) (holding that court had no jurisdiction to proceed with the case while proposed intervenors were appealing the denial of their motion to intervene). Further, because Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards (Dkt. 1106) is premised on the Court's approval of the Settlement Agreement, the Court should not rule on that motion either. *See Peck v. Cnty. of Orange*, 528 F. Supp. 3d 1100, 1104–05 (C.D. Cal. 2021) ("[E]ven if the Court has determined it retains jurisdiction over certain aspects of the case, a stay pending appeal may nevertheless be warranted."); *see also May v. Sheahan*, 226 F.3d 876, 880 n.2 (7th Cir. 2000) (Even where the "district court has authority to proceed forward with portions of the case not related to the claims on appeal…[it] might find it best to stay an entire case pending the resolution of an appeal.").

Indeed, it would make little sense to rule on the Approval Motions while the Appeal is pending. If the *Salcido* Plaintiffs succeed in their Appeal, material provisions of the Settlement Agreement may change or be frustrated. The Court should not approve a Settlement Agreement that is potentially in flux. Instead, the Court should stay the Approval Motions until the Appeal is resolved.

## V. CONCLUSION

For the foregoing reasons, the Court should grant this Motion and stay proceedings until the Ninth Circuit rules on the *Salcido* Plaintiff's appeal of the Intervention Order.

DATED: September 25, 2024

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Andrew H. Schapiro*
    Andrew H. Schapiro

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice)*
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*