**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East
Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION TO STAY (DKT. 1148)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

**INTRODUCTION**

Google's motion for a stay is premised on complete fiction—that the Intervenors' appeal "directly challenges approval of the Settlement Agreement." *See* Mot. at 3 (arguing that "*because* the Appeal directly challenges approval of the Settlement Agreement," it "deprives the Court of jurisdiction" to rule on Plaintiffs' pending motions for final settlement approval and payment of attorneys' fees, costs, and service awards (emphasis added)). This argument is nonsense. The Intervenors are not challenging the Settlement Agreement, nor are they challenging fees, costs, or service awards. Instead, they merely seek to appeal the denial of Rule 23(b)(3) certification, an endeavor that does not conflict with the Settlement Agreement in any way.

Grasping at straws to manufacture a conflict, Google twists the plain text of the Settlement Agreement, claiming that if the Intervenors succeed in their appeal, "material provisions" may "change or be frustrated." Mot. at 5. Tellingly, Google does not cite a single provision in the Settlement Agreement to support this assertion. Nor could Google. Both counsel for Google and the Intervenors have conceded that only the named Plaintiffs waived the right to appeal the Rule 23(b)(3) denial. The Settlement Agreement makes this limited waiver clear. *See* Dkt. 1097-4 at 6 § II.8 (providing that "Plaintiffs"—defined on page 1 to mean only the five named Plaintiffs—"waive any right to appeal the Court's order denying the Plaintiffs' motion to certify a Rule 23(b)(3) class"). Given this Court's certification ruling, the named Plaintiffs did not (and could not) waive that right for any other individual. Google has likewise acknowledged that the "proposed settlement in this case relates to *injunctive relief only*." Dkt. 1136 at 6 (emphasis added). Because the Intervenors' damages-focused appeal does not challenge the Settlement Agreement, this Court retains jurisdiction to approve the settlement.

While this Court has discretion to issue a stay, no discretionary stay is warranted. Google's motion omits the standard for seeking a discretionary stay pending an appeal, likely because Google knows it cannot meet the standard. To do so, Google would need to demonstrate the Ninth Circuit will likely reverse this Court's denial of intervention, a position which Google has never taken (and is unlikely to take). Google would also need to establish that it would suffer

1  irreparable harm were the settlement approved, and were Google required to implement the
2  agreed injunctive relief—another position which Google has not taken. Google would also need
3  to explain why millions of settlement class members should wait even longer for Google to delete
4  and remediate billions of records reflecting their private browsing data.

The motion for a stay should be denied and, when the Court is ready, it should rule on Plaintiffs' pending settlement-related motions, regardless of the status of the Intervenors' appeal.

**ARGUMENT**

**A.    This Court Has Jurisdiction to Rule on Plaintiffs' Pending Motions.**

"[D]uring an interlocutory appeal, the district court retains jurisdiction to address aspects of the case that are not the subject of the appeal." *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002); *see* Mot. at 4 (Google citing *Pitner*). The Settlement Agreement is not the subject of the Intervenors' appeal. Nor is Plaintiffs' motion for attorneys' fees, costs, and service awards. No one has objected to the Settlement Agreement, and therefore no one even has standing to appeal the Court's final orders on the settlement-related motions.

Google's motion for a stay is premised on a mischaracterization of both the Intervenors' appeal as well as the Settlement Agreement itself. For example, Google distorts the Intervenors' appeal by relying on an outdated citation to the Intervenors' district court briefing. Google writes: "[t]he *Salcido* Plaintiffs moved to intervene on the basis that the Settlement Agreement is unfair to absent class members and that they purportedly cannot rely on class counsel to protect their interests." Mot. at 4 (citing Dkt. 1116 at 10–11). Google's citation is to the Intervenors' opening district court brief, in which the Intervenors sought a copy of a tolling agreement to decide *whether to object* to the Settlement Agreement. *See* Dkt. 1116 at 11 ("The ability to obtain and review the agreement, as well as other important case documents, will assist the Moving Parties' ability to determine the fairness of the settlement agreement in sufficient time to properly object or support it . . . ."). The Intervenors received that tolling agreement before filing their reply brief, and upon reviewing the tolling agreement, they chose not to object to the Settlement Agreement. They did not even use the word "object" in their reply brief. *See generally* Dkt 1121. Google's

motion omits this key context. Google also overlooks its prior concession that the Intervenors sought "to intervene *for purposes of appealing the Court's class certification order*." Dkt. 1136 at 5-6 (emphasis added); *see also* Lee Decl. Ex. 1 (Google's counsel writing on September 19, 2024 that the Intervenors seek to "appeal the denial of a Rule 23(b)(3) damages class").

Even the Intervenors agree. They admit that only "the *named plaintiffs* waived their right to appeal" the Rule 23(b)(3) denial. Dkt. 1121 at 4 (emphasis added). They have also clarified that they are "NOT [] seeking to blow up the settlement agreement," Dkt. 1121 at 1 (emphasis in the original); instead, they merely seek "to appeal the Court's denial of Rule 23(b)(3) certification," *id.* at 2. As further proof, after Google filed its motion to stay, the Intervenors reiterated by email that they are not objecting to the settlement. *See* Lee Decl. Ex. 2 (September 24, 2024 email from Intervenors' counsel, stating: "I looked into this and cannot think of anything that would give Google any basis to argue we have communicated in any way that we are objecting [to] your class settlement of the injunctive relief claims.").

The Settlement Agreement likewise provides no support for Google's motion to stay. It places no restrictions on the ability of any of the tens of millions of individuals benefiting from the agreed-to injunctive relief who were not named as plaintiffs (including all of the Intervenors) to seek leave from this Court to appeal the denial of Rule 23(b)(3) certification (or to appeal any denial of the request for intervention to pursue such an appeal, as the Intervenors have done here). The named Plaintiffs lacked authority to waive that right (and never waived that right) for anyone else because this Court denied their request to represent a damages class and because, as Google has recognized, the parties negotiated an "injunctive relief only" settlement. Dkt. 1136 at 6.

Seeking to evade this reality, Google offers knowingly false statements about the Settlement Agreement that border on bad faith. According to Google, if the Intervenors succeed in appealing the Rule 23(b)(3) denial, "material provisions of the Settlement Agreement may change or be frustrated." Mot. at 5. In another recent filing, Google similarly argued that, as part of the Settlement Agreement, "Class Members[] voluntar[ily] relinquish[ed] their rights to appeal" the (b)(3) denial. Dkt. 1136 at 5. Tellingly, Google's Motion cites no provision in the

Settlement Agreement in support of these assertions, much less explains how any provision could be "changed or frustrated" by the Intervenors' appeal.

Google's assertions are demonstrably false. Apart from the named Plaintiffs, not a single individual "relinquish[ed] the[] rights to appeal" the Rule 23(b)(3) order. Section II.8 of the agreement provides that "Plaintiffs" (defined on page 1 to only include the five named Plaintiffs[1]) agree to "waive any right to appeal the Court's order denying the Plaintiffs' motion to certify a Rule 23(b)(3) class." Dkt. 1097-4 at 6 § II.8. The same section further provides: "upon the Effective Date for Class Claims, *Plaintiffs'* right to appeal the Court's order denying certification of a Rule 23(b)(3) class (ECF 803) is extinguished." *Id.* (emphasis added). The Settlement Agreement also defines "Individual Claims" to mean the claims that "Plaintiffs have asserted," including "the right to appeal the denial of a Rule 23(b)(3) class." *Id.* at 4 § I.10. By contrast, the "Released Class Claims" are limited to the "*certified* claims asserted on behalf of the *certified* classes for *injunctive, declaratory, or any other equitable non-monetary relief*." *Id.* at 4 § I.12 (emphases added). The Settlement Agreement includes no waiver by any individuals other than the named Plaintiffs of any ability to appeal the Rule 23(b)(3) denial.

To be sure, Google could have agreed to a monetary settlement for a Rule 23(b)(3) class, at which point the parties would have sought to certify a settlement class that would have eliminated any further Rule 23(b)(3) exposure for Google. That process would have required notice to the proposed settlement class and an opportunity to opt out. If approved by the Court, such a settlement would have extinguished all monetary claims and any Google exposure to a Rule 23(b)(3) appeal. But that is not what happened, and apparently not what Google wanted. Google negotiated and agreed to an injunctive relief settlement for the certified Rule 23(b)(2) classes without any classwide release of any monetary claims. Under its terms, that settlement can and should be approved regardless of what happens with the Intervenors' appeal.

Google knows all this. During a September 23 meet and confer, **Google's counsel**

---

[1] "Plaintiffs" are defined on page 1 of the Settlement Agreement as "Chasom Brown, William Byatt, Jeremy Davis, Christopher Castillo, and Monique Trujillo." Dkt. 1097-4 at 1.

*conceded that Plaintiffs' interpretation of the Settlement Agreement is correct.* Lee Decl. ¶ 3. Google's counsel also conceded that the named Plaintiffs lacked any authority to waive an individual's ability to appeal the Rule 23(b)(3) denial, since this Court declined to certify a damages class. *Id.* When asked, both in writing and at the meet and confer, what specific provision in the Settlement Agreement could be impacted by an intervenor's appeal of the Rule 23(b)(3) denial, Google's counsel could not identify any. *Id*. Notably, Google's Motion does not even address Plaintiffs' September 24 filing, which summarized this meet and confer and the concessions offered by Google's counsel. *See* Dkt. 1147 at 1 ("At that meet and confer, counsel for Google acknowledged that no provision in the Settlement Agreement releases or waives class members' ability to appeal the Court's 23(b)(3) decision; only the named Plaintiffs waived that right. Google's counsel also agreed that the only class-wide relief reflected in the Settlement Agreement relates to 23(b)(2) relief."). Google knows it lacks any basis to secure a stay, and yet filed its motion anyway.

**B.    A Discretionary Stay Is Unwarranted.**

This Court has discretion to stay its ruling on the pending settlement-related motions, but any stay would be unwarranted. Google's motion does not even mention the standard for issuing a discretionary stay pending an appeal, much less argue that Google meets the standard. That alone is grounds for denying the motion. In any event, Google cannot meet the standard.

"A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right." *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 769 (9th Cir. 2018) (denying motion for a stay pending the outcome of an appeal); *see also Chalian v. CVS Pharmacy, Inc*, 2020 WL 6821316, at *1 (C.D. Cal. Nov. 10, 2020) (applying this standard and denying motion for a stay pending an appeal of a denial of an intervention motion). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion, and our analysis is guided by four factors": (1) whether the appellant "is likely to succeed on the merits"; (2) "whether the applicant will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure other the parties

interested in the proceeding; and (4) where the public interest lies." *E. Bay*, 932 F.3d at 770. "The first two factors are the most critical, and the mere possibility of success or irreparable injury is insufficient to satisfy them." *Id.* Google addresses *none* of these factors, because it knows that it cannot meet the test.

For the first factor, Google would need to prove that the Intervenors are likely to succeed on the merits of their appeal. For example, in *Chalian*, after the court preliminarily approved a class action settlement, the plaintiffs in a competing class action moved to intervene, and later appealed the denial of intervention. 2020 WL 6821316, at *2. Those intervenors sought a stay of further proceedings, including final approval of the class settlement, pending the outcome of their intervention appeal. The court applied the above factors and denied the request for a stay, including because the court was "not persuaded" that its denial of intervention was "erroneous or likely to be reversed." *Id.* Here, Google has not even argued that reversal is likely. Indeed, in opposing the Intervenor's motion for reconsideration, Google argued that this Court correctly denied intervention as untimely and because "there is no basis for concluding that Class Counsel inadequately represented [the Class]." Dkt. 1136 at 5–6, 8. Google will never suggest the Intervenors' appeal is likely to succeed; therefore, the motion to stay can be denied on that basis alone.

For factor two, Google would need to prove that denying a stay and approving the settlement would irreparably harm Google. But Google has never taken the position that implementing the agreed-to injunctive relief would cause irreparable harm. Indeed, when opposing Plaintiffs' motion for attorneys' fees, costs and service awards, Google went to great lengths to downplay the injunctive relief secured by Plaintiffs' counsel. As for factors three and four, Plaintiffs and settlement class members will be further harmed if Google continues storing and exploiting their private browsing data, instead of deleting and remediating that data, as required by the settlement agreement. *See Chalian*, 2020 WL 6821316, at *2 (denying motion for a stay because any stay would "work damage" to others by "delay[ing]" the settling class plaintiffs' request for "final review of the settlement").

1   Google's cases are easily distinguished. In *Maine v. Norton*, the only case which addressed an intervention appeal, the court granted the intervenors' request for a stay, but only because that case was in the early stages. 148 F. Supp. 2d 81, 83 (D. Me. 2001). A stay in that circumstance preserved the intervenors' ability, if successful on appeal, to "participate to the full extent . . . in pleading, discovery, motion practice, [and] advocacy on any of the issues that might arise in the course of pretrial preparation of the case." *Id.* That reasoning does not apply here, where (1) the Intervenors are not the party seeking the stay, and (2) the Intervenors moved to intervene at the end of the case. Google's only other discretionary stay cases are even further afield because those cases addressed appeals of a qualified immunity defense, which had the potential to "moot" all claims. *Peck v. Cnty. of Orange*, 528 F. Supp. 3d 1100, 1103 (C.D. Cal. 2021); *see also May v. Sheahan*, 226 F.3d 876, 880 (7th Cir. 2000). By contrast, for the reasons explained above, the Intervenors' appeal will not impact the validity and enforceability of the injunctive relief settlement to which Google has agreed to be bound.

## CONCLUSION

Having already settled the case, Google should not be allowed to impose additional burdens on this Court and Class Counsel by further obstructing a settlement that Google agreed to in the first place. Plaintiffs respectfully ask the Court to deny Google's motion to stay and, when ready, issue its orders on the pending settlement-related motions (Dkts. 1096 & 1106).

Dated: October 9, 2024

By */s/ Mark Mao*
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com

Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (*pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Alison Anderson (CA Bar No. 275334)
aanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East
Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
Ryan Sila (*pro hac vice*)
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)

8

jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
mram@forthepeople.com
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiffs*