**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel: (213) 629-9040
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**DECLARATION OF JAMES LEE ISO PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION TO STAY (DKT. 1148)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

Lee Declaration ISO Opposition to Google's Motion to Stay (Dkt. 1148)
4:20-cv-03664-YGR-SVK

**DECLARATION OF JAMES LEE**

I, James Lee, declare as follows.

1. I am a partner with the law firm of Boies Schiller Flexner LLP ("BSF"), counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of Florida and admitted *pro hac vice* for this case. Dkt. 9. I have personal knowledge of the matters set forth herein and am competent to testify.

2. On September 19, 2024, Google's counsel emailed me regarding Google's plan to file a motion to stay. In this email, Google explained that the Intervenors are appealing this Court's denial of intervention because the Intervenors seek to "appeal the denial of a Rule 23(b)(3) damages class." Google then stated that if the Intervenors "were permitted to intervene for that purpose, and prevailed in their appeal, that would undermine the primary purposes of the Settlement Agreement." I responded to that email by requesting a meet and confer and noting that Google had not identified "the provisions in the settlement agreement you rely on to even bring such a motion." In response, counsel for Google did not identify any provision in the settlement agreement supporting Google's assertions and instead stated Google would file a notice to the Court that it intended to file a motion to stay. A copy of this email exchange is attached hereto as **Exhibit 1.**

3. On September 23, 2024, I met and conferred with Google's counsel. During this meet and confer, Google agreed with Plaintiffs' interpretation of the settlement agreement—specifically, that only the named Plaintiffs waived their right to appeal the denial of Rule 23(b)(3) certification. Google also agreed that the named Plaintiffs and class counsel for the Rule 23(b)(2) class lacked any authority to waive anyone else's ability to appeal the denial of Rule 23(b)(3) class certification, since this Court declined to certify a damages class, the parties negotiated a settlement on behalf of a Rule 23(b)(2) class, and this negotiated settlement expressly excludes any release for any monetary claims of any individuals other than the named Plaintiffs.

4. During this meet and confer, I also reiterated my request, first raised in my email, for Google's counsel to identify a specific provision in the settlement agreement that could be

1  impacted by the Intervenors' appeal. Google did not identify any provision, either on the call or in any other communications leading up to its filing of the motion to stay. I memorialized the substance of this meet and confer in Plaintiffs' response to Google's September 20, 2024 notice of its motion to stay. Dkt 1147.

5. Attached hereto as **Exhibit 2** is a true and correct copy of a September 24, 2024 email sent by counsel for the Intervenors to my law partner, Mark Mao, who is also counsel for Plaintiffs and the Rule 23(b)(2) class. This email was sent four days after Google filed its September 20, 2024 notice of its "plan[] to file a motion to stay proceedings." Dkt. 1144.

6. In this email, counsel for the Intervenors stated: "I looked into this and cannot think of anything that would give Google any basis to argue we have communicated in any way that we are objecting [to] your class settlement of the injunctive relief claims."

7. I declare under penalty of perjury that the foregoing is true and correct. Executed on October 9, 2024, at Miami, Florida.

*/s/ James Lee*
James Lee

Lee Declaration ISO Opposition to Google's Motion to Stay (Dkt. 1148)
4:20-cv-03664-YGR-SVK