**BOIES SCHILLER FLEXNER LLP**

David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**

Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**

John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>GOOGLE LLC,<br><br>     Defendant. | Case No.: 4:20-cv-03664-YGR-SVK<br><br>**[PROPOSED] ORDER DENYING GOOGLE'S MOTION TO STAY (DKT. 1148)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

Before the Court is Google's Motion to stay proceedings in this case until after the Ninth Circuit rules on the *Salcido* Intervenors' appeal of this Court's denial of intervention. *See* Dkt. 1148 ("Motion to Stay"). The Court has considered all papers, evidence, and argument submitted in support of and in opposition to the Motion to Stay. For the reasons explained below, Google's Motion to Stay is **DENIED.**

Google argues that, because of the Intervenors' appeal, this Court lacks jurisdiction to decide (1) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Dkt. 1096) and (2) Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards (Dkt. 1106). Google claims jurisdiction is lacking because the Intervenors' appeal "directly challenges approval of the Settlement Agreement." Dkt. 1148 at 3.

The Court disagrees. The Intervenors are not challenging the settlement agreement; they instead seek to appeal the denial of Rule 23(b)(3) certification. Google has elsewhere admitted that the "proposed settlement in this case related to injunctive relief only" and that the Intervenors seek to intervene "for purposes of appealing the Court's class certification order." Dkt. 1136 at 5-6. The Intervenors have likewise confirmed they are not "objecting [to the] class settlement of the injunctive relief claims." Ex. 2 to Lee Decl.

Nor is there any merit to Google's argument that, if the Intervenors succeed, "material provisions of the Settlement Agreement may change or be frustrated." Dkt. 1148 at 5. Google cites no provision in the settlement agreement to support that argument. Nor could Google; under the settlement, only the named Plaintiffs waived the right to appeal this Court's Rule 23(b)(3) class certification decision. Dkt. 1097-4 at 6 § II.8.

Because the Intervenors' appeal does not challenge the settlement agreement, this Court retains jurisdiction to decide Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Dkt. 1096) and Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards (Dkt. 1106). *See United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002) ("[D]uring an interlocutory appeal, the district court retains jurisdiction to address aspects of the case that are not the subject of the appeal.").

1    This Court has discretion to issue a stay, but declines to do so. Google's Motion to Stay

2  does not cite the standard for granting a discretionary stay pending an appeal. In any event,

3  Google does not meet the standard, including because (1) Google has not argued this Court's

4  intervention decision is likely to be reversed, and (2) Google has not explained how denying the

5  stay and ruling on the pending settlement-related motions would subject Google to irreparable

6  harm. *See E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 769-70 (9th Cir. 2018) ("The

7  party requesting a stay bears the burden of showing that the circumstances justify an exercise of

8  that discretion, and our analysis is guided by four factors": (1) whether the appellant "is likely to

9  succeed on the merits"; (2) "whether the applicant will be irreparably injured absent a stay"; (3)

10  "whether issuance of the stay will substantially injure the other parties interested in the

11  proceeding; and (4) where the public interest lies."); *see also Chalian v. CVS Pharmacy, Inc*,

12  2020 WL 6821316, at *1 (C.D. Cal. Nov. 10, 2020) (applying this standard and denying motion

13  for a stay pending an appeal of an intervention denial following a class action settlement,

14  particularly because the court was "not persuaded" that its denial of intervention was "erroneous

15  or likely to be reversed").

16

17    **IT IS SO ORDERED.**

18

19  DATED: _____    _____

20                                                              Honorable Yvonne Gonzalez Rogers
                                                                 United States District Judge

21

22

23

24

25

26

27

28

[Proposed] Order Denying Google's Motion to Stay (Dkt. 1148)
4:20-cv-03664-YGR-SVK