**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (CA Bar No 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-03664-YGR-SVK<br><br>**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF MOTION TO STAY**<br><br>Hon. Yvonne Gonzalez Rogers<br>Courtroom: 1 – 4th Floor<br>Date: November 19, 2024<br>Time: 2:00 p.m. |

## I.  INTRODUCTION

The *Salcido* Plaintiffs' appeal of this Court's order denying their Motion to Intervene to challenge the Settlement Agreement deprives the Court of jurisdiction to rule on that agreement and award fees. The *Brown* Plaintiffs' contention that the Court retains jurisdiction because the *Salcido* Plaintiffs' appeal does *not* seek to challenge the Settlement Agreement is specious. The *Salcido* Plaintiffs are appealing the denial of a Motion to Intervene that expressly challenged the Settlement Agreement. Specifically, they argued that they should be permitted to challenge the *Brown* Plaintiffs' relinquishment—*in the Settlement Agreement*—of their right to appeal the Court's denial of a Rule 23(b)(3) class (the "Class Certification Order"). *See* Mot. 4–5. Contrary to the *Brown* Plaintiffs' assertion, the *Salcido* Plaintiffs did not "drop" this challenge in their reply brief or at oral argument—they doubled down by repeatedly arguing that the *Brown* Plaintiffs' relinquishment of their right to appeal the Class Certification Order "hurts the unnamed, unrepresented class members," is "contrary to [the *Salcido* Plaintiffs'] interests," and improperly affords the *Brown* Plaintiffs a "preferred position *in the settlement.*" Dkt. 1121 at 2; Dkt. 1133 at 7; 8/7/24 Hr'g Tr. 5:6-14 (emphasis added).

The *Brown* Plaintiffs nevertheless disingenuously contend (Opp. 1) that the *Salcido* Plaintiffs' appeal "merely" seeks intervention so that they may appeal the Class Certification Order themselves after the Settlement Agreement is approved and the *Brown* Plaintiffs' claims are dismissed. That is plainly incorrect. The *Salcido* Plaintiffs have never sought such relief; to the contrary, they acknowledged at oral argument that the Ninth Circuit would lack jurisdiction over such an appeal because a voluntary dismissal pursuant to a settlement does not result in an appealable final judgment. *See* 28 USC § 1291. To preserve the ability to appeal the Class Certification Order, the *Salcido* Plaintiffs seek to prevent the *Brown* Plaintiffs from dismissing *their* claims and relinquishing *their* right to appeal—*i.e.*, to prevent the Settlement Agreement from being approved as written. While Google and the *Brown* Plaintiffs may agree that the *Salcido* Plaintiffs' strategy is misguided, there can be no genuine dispute that the appeal challenges the Settlement Agreement itself.

The *Salcido* Plaintiffs' appeal seeking intervention to challenge the Settlement Agreement divested this Court of jurisdiction while the appeal is pending. A stay of the approval and fees motion is therefore necessary.

Further, the *Brown* Plaintiffs' assertion that a stay should be denied because the elements of a *discretionary* stay are not met is misguided. Google's argument is based on jurisdiction, not the Court's discretion. And, even if the Court were to consider a discretionary stay, the relevant *Lockyer* factors favor a stay.

## II.   ARGUMENT

### A.   Because the *Salcido* Plaintiffs' Appeal Challenges the Settlement Agreement, the Court Lacks Jurisdiction to Approve It and Award Fees

The *Salcido* Plaintiffs' appeal divests the Court of jurisdiction to approve the Settlement Agreement (and the related fees motion) because the appeal seeks intervention to challenge the Settlement Agreement. Mot. 5; *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("[T]he filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues *involved in that appeal*." (emphasis added)).[1] The *Brown* Plaintiffs' assertion (Opp. 2) that "[t]he Settlement Agreement is not the subject of the Intervenors' appeal" is belied by the record. The *Salcido* Plaintiffs clearly challenge core terms of the Settlement Agreement whose violation would gut the agreement.

Indeed, every brief the *Salcido* Plaintiffs have filed in this Court, statements their counsel made at the hearing on their intervention motion, and the mediation questionnaire they recently filed

---

[1]   The *Brown* Plaintiffs fail to distinguish Google's cases on this point. In *Maine v. Norton*, the court held it lacked jurisdiction to proceed with the case pending appeal of its denial of a motion to intervene. 148 F. Supp. 2d 81, 82–84 (D. Me. 2001); *see also Peck v. Cnty. of Orange*, 528 F. Supp. 3d 1100, 1103 (C.D. Cal. 2021) (appeal of an order denying qualified immunity defense divested district court of jurisdiction over claims subject to that defense); *May v. Sheahan*, 226 F.3d 876, 880 (7th Cir. 2000) (holding district court lacked jurisdiction to accept amended complaint while appeal of motion to dismiss order is pending, because such decision "plainly implicates 'an aspect of the case involved in the appeal.'"). The *Brown* Plaintiffs' assertion (Opp. 7) that the result should be different here because the parties are at "the end of the case," is incorrect. First, as the court in *Maine* noted, "[j]urisdiction either exists or it does not (here, it clearly does not)." 148 F. Supp. 2d at 82. Second, if the *Salcido* Plaintiffs' appeal is successful, the parties would no longer be at the end of the case—and that is precisely Google's concern.

1   in the Ninth Circuit (which the *Brown* Plaintiffs fail to address), confirm that the *Salcido* Plaintiffs
2   challenge the *Brown* Plaintiffs' relinquishment—in the Settlement Agreement—of their right to
3   appeal the Class Certification Order. *See* Mot. 4–5. The *Salcido* Plaintiffs did not drop this challenge
4   in their reply brief, as the *Brown* Plaintiffs argue. Opp. 2. To the contrary, the *Salcido* Plaintiffs'
5   reply expressly challenges the Settlement Agreement on the basis that it "will extinguish the right
6   to appeal the denial of the damages class in exchange for an arbitration procedure for the class
7   members that have separately worked out an agreement with class counsel." Dkt. 1121 at 1-2; *id,* at
8   2 ("Unless the motion is granted, upon approval of the proposed settlement agreement, there will be
9   no party left to appeal the Court's denial of Rule 23(b)(3) certification."). Their reply further
10  contends: "These are valuable rights that are being abandoned in a way that only *hurts the unnamed,*
11  *unrepresented class members*, who did not sign up with class counsel but are represented by the
12  undersigned." *Id.* (emphasis added).

13          If that were not clear enough, at the hearing on the *Salcido* Plaintiffs' intervention motion,
14  their counsel told this Court "we have class members who *certainly object to the settlement.*" 8/7/24
15  Hr'g Tr. 11:21-24 (emphasis added); *see also id.* 5:6-14 (arguing that "class representatives in a
16  class action are fiduciaries for all parties" and faulting the *Brown* Plaintiffs for failing to "disclaim[]
17  any right to a preferred position *in the settlement*" (emphasis added)). Counsel acknowledged that
18  the *Salcido* Plaintiffs could not intervene to appeal the Class Certification Order *themselves*—
19  because there would be no jurisdiction if the *Brown* Plaintiffs voluntarily dismiss their claims
20  pursuant to the Settlement Agreement—and argued, instead, that the *Salcido* Plaintiffs should be
21  permitted to intervene to "*continue* with a claim that…will be eviscerated *when this settlement is*
22  *ordered* and the dismissal is filed." 8/7/24 Hr'g Tr. 14:5-7 (emphasis added); *id.* 11:18-20 ("once
23  the settlement is in place, there's a voluntary dismissal of all claims, and there's no ability to move
24  forward to try and revive that claim"); *id.* 12:23–24 ("if there's a voluntary dismissal, there will be
25  no jurisdiction to appeal"); *id.* 6:2-5 ("*based on the settlement agreement*, no party would remain in
26  order to file an appeal of that decision denying cert…of the damages" (emphasis added)).[2]

27  ---
28  [2]   *See also id.* 7:21-8:3 (Boies: "If they are intervening simply to appeal the denial of the class certification,...that it's probably not a basis for jurisdiction"); *see also Microsoft Corp. v. Baker*, 582

The *Salcido* Plaintiffs repeated similar arguments in their Motion for Leave to File a Motion for Reconsideration. They argued, for example, that "the proposed settlement agreement in which the named class representatives voluntarily relinquished their right to appeal the Court's refusal to certify a damages class" would not serve the interest of prospective intervenors, particularly after the Ninth Circuit's *Calhoun* decision, when supposedly "it became clear that *the proposed settlement was contrary to movants' interests*, since it relinquished rights that are far more valuable post-*Calhoun* than pre-*Calhoun*." Dkt. 1133 at 4, 7 (emphasis added).

And if there were any doubt that the *Salcido* Plaintiffs intend to make similar challenges to the Settlement Agreement on appeal, it was resolved when they filed their Mediation Questionnaire with the Ninth Circuit, describing "the main issues on appeal" as involving their "attempt[] to intervene to *prevent the named class representatives from voluntarily relinquishing the right* to pursue certification of a damages class against Google." Case No. 24-5692, Dkt. 3.1 at 2 (emphasis added).

The *Salcido* Plaintiffs aver that, to appeal the Class Certification Order, they must first prevent the *Brown* Plaintiffs from voluntarily dismissing their claims and waiving the right to appeal—as the Settlement Agreement requires—and then step into the *Brown* Plaintiffs' shoes, try the individual claims to verdict, and appeal the Class Certification Order after a final judgment is entered. 8/7/24 Hr'g Tr. 12:22-24 ("if there's a voluntary dismissal, there will be no jurisdiction to appeal" which "justifies our motion"); *see also, e.g.*, *Allen v. AT&T Mobility Servs., LLC*, 104 F.4th 212, 217–18 (11th Cir. 2024) ("Like any other putative class representative without an existing final judgment, [intervenor] must litigate her claims on the merits before she can appeal the denial of class certification….Generally speaking, [intervenor] may be correct that a class action intervenor steps into the shoes of the previous putative class representative, continuing the case from wherever

---

U.S. 23, 27 (2017) (voluntary dismissal of claims does not constitute a final judgment and thus a court of appeals would not have jurisdiction to hear an appeal of class certification denial after voluntary dismissal by named plaintiffs); *Bobbitt v. Milberg LLP*, 723 F. App'x 413, 414–15 (9th Cir. 2018) (holding that the Ninth Circuit has no "jurisdiction over an appeal [by intervenors] from a denial of class certification where the named plaintiffs have stipulated to the dismissal with prejudice of their individual claims"); *Martinez v. Flowers Foods, Inc*, 720 F. App'x 415, 416 (9th Cir. 2018) (same).

the original class representative stopped."). And the Court appeared to agree that intervention for that purpose would blow up the settlement.³ That is the correct conclusion, given that the express purpose of the Settlement Agreement is to "avoid the risk, burdens, and expense of continued litigation and trial," and to ensure that "the Action to be fully and finally resolved." Dkt. 1097-4 at 2-3.

On this clear record, the *Brown* Plaintiffs' assertion (Opp. 2) that "[t]he Settlement Agreement is not the subject of the Intervenors' appeal" is simply not credible. And their insistence that the Court should ignore the record on this issue in favor of an unsworn and after-the-fact email between plaintiffs' counsel that purportedly "proves" the *Salcido* Plaintiffs do not seek to challenge the Settlement Agreement is meritless.⁴ The *Salcido* Plaintiffs' statements to this Court and the Ninth Circuit declare their intentions.

### B. The Motion Seeks a Stay Based on the Divestiture of Jurisdiction, Not the Court's Discretion; but a Discretionary Stay Is Also Warranted

Google's motion seeks a stay on the basis that the *Salcido* Plaintiffs' appeal divests the Court of jurisdiction. For this reason, the *Brown* Plaintiffs' argument that the factors for a discretionary stay are not met misses the point. Where there is no jurisdiction, there is no discretion. *Maine*, 148 F. Supp. 2d at 82 ("[j]urisdiction either exists or it does not (here, it clearly does not).").

---

³ *See* 8/7/24 Hr'g Tr. 9:12-10:3 (Broome: "If they were seeking to intervene for the purpose of stepping into the named plaintiffs' shoes…[t]hat really would change and probably blow up the settlement that we've agreed to. Because a material term of that settlement, from Google's perspective, is that we're buying peace and that this case goes away. We…never intended to settle the injunctive portion, pay plaintiffs whatever fees Your Honor decides to award them, and then continue on with this case and maybe have an appeal. And, frankly, I'm not sure how that would work." The Court: "Yeah, I agree."); *see also* Dkt. 1130 (Order) at 3 ("[T]he proposed settlement reflects years of hard work that intervention could very well derail.").

⁴ The one-sentence email states that Mr. Walker "cannot think of anything that would give Google any basis to argue we have communicated in any way that we are objecting [to] your class settlement of the injunctive relief claims." Dkt. 1149-3 (Lee Ex. 2). Either Mr. Walker has forgotten what he argued at the hearing and in his papers, or he is saying only that the *Salcido* Plaintiffs do not intend to challenge the *injunctive relief* aspects of the Settlement Agreement. There is only one Settlement Agreement and it covers *both* the class settlement of the injunctive relief claims *and* the *Brown* Plaintiffs' dismissal of their claims and relinquishment of their rights to appeal the Class Certification Order. The *Salcido* Plaintiffs cannot challenge the latter aspect of the Settlement Agreement without challenging the agreement itself.

The cases the *Brown* Plaintiffs cite (Opp. 5-6) are inapposite because none involved a divestiture of jurisdiction. *See E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 769 (9th Cir. 2018) (determining whether stay of enforcement of a TRO already issued by the district court is appropriate while the TRO is being appealed); *Chalian v. CVS Pharmacy, Inc*, 2020 WL 6821316, at *1 (C.D. Cal. Nov. 10, 2020) (lack of jurisdiction argument not raised or addressed where proposed intervenors in a PAGA action sought stay of proceedings pending their appeal of the district court's denial of motion to intervene).

Even if Google were requesting a discretionary stay, the *Brown* Plaintiffs' argument that Google must show the *Salcido* Plaintiffs' appeal is likely to succeed is incorrect. Likelihood of success on appeal is not a requirement where, as here, a party seeks a stay of the remaining proceedings (as opposed to a stay of an existing order or judgment). *Compare E. Bay Sanctuary Covenant*, 932 F.3d at 769 (outlining factors for discretionary stay of enforcement of order, which include "likelihood of success"), *with Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005) (listing factors for stay of remaining proceedings: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice"); *see also Gonzalez v. City of Alameda*, 2023 WL 6851991, at *5 (N.D. Cal. Oct. 16, 2023) (applying *Lockyer* factors and granting stay of proceeding); *Peck v. Cnty. of Orange*, 528 F. Supp. 3d 1100, 1105 (C.D. Cal. 2021) (same).[5]

If the Court were to consider a discretionary stay, the *Lockyer* factors favor one. Google would face hardship and inequity if the Settlement is approved and Google is ordered to pay millions in attorneys' fees despite not getting what it bargained for in the Settlement Agreement—namely, dismissal of claims, waiver of the right to appeal, and, ultimately, an end to this case. Meanwhile, a stay pending appeal would cause minimal, if any, harm. The disclosures at issue have already been changed in accordance with the Settlement Agreement; the data is ready to be deleted once the *Salcido* Plaintiffs' appeal is resolved and, in any event, is not being (and has never been) used to

---

[5] The court in *Chalian* also applied the incorrect factors for a discretionary stay of proceedings, despite citing *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059 (9th Cir. 2007), which addresses the *Lockyer* factors.

identify class members. And Class Counsel's delay in receiving their fee award cannot override the harm to Google if they are improperly paid for obtaining a settlement that cannot be entered as agreed.

### III.  CONCLUSION

For the foregoing reasons, Google's Motion for a Stay should be granted.

DATED: October 16, 2024                    Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By    */s/ Andrew H. Schapiro*
            Andrew H. Schapiro

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Rachael L. McCracken (Bar No 252660)
rachaelmccracken@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com

1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*