**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BROWN, ET AL.**, <br><br>    Plaintiffs, <br><br>    v. <br><br>**GOOGLE, LLC**, <br><br>    Defendant. | **Case No. 4:20-cv-03664-YGR** <br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY** <br><br>Re: Dkt. No. 1148. |

Defendant Google, LLC seeks to stay proceedings in this Court pending the Ninth Circuit's resolution of this Court's order denying a motion to intervene. Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the motion is **GRANTED.** [1]

### I.    BACKGROUND

The Court recounts only those facts pertinent to the instant motion. Plaintiffs filed this action in June 2020, alleging defendant's surreptitious collection of user data "***no matter what** safeguards consumers undertake to protect their data privacy.*" (Dkt. No. 1 at 2 (emphasis in original).) The Court granted in part plaintiffs' motion for class certification in December 2022, allowing the action to proceed only under Rule 23(b)(2), and denying plaintiffs' motion to certify a Rule 23(b)(3) damages class. (Dkt. No. 803). The parties reached a settlement and moved for final approval and attorneys' fees in April 2024. (*See* Dkt. Nos. 1093, 1096, 1107). That settlement included provisions in which the five named plaintiffs waived their rights to appeal the Court's

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

denial of a damages class and agreed to arbitrate their own damages claims. The settlement was also governed in part by a tolling agreement the parties had jointly executed earlier in the action.

Just over one month before the hearing on the motions for settlement approval and attorneys' fees, would-be intervenors ("the Salcido plaintiffs") filed a motion to intervene. (Dkt. No. 1116, Motion to Intervene.) That group was comprised of 185 state-court plaintiffs currently seeking damages on grounds largely identical to those in this action. The intervention motion took no issue with the substance of the injunctive relief negotiated by the parties, but claimed the settlement was unfair in its disparate treatment of the named class representatives and the Salcido plaintiffs.  More specifically, the Salcido plaintiffs alleged the following:

- First, whereas named class members could arbitrate their damages claims using procedures enumerated in the settlement agreement, the Salcido plaintiffs "must individually file actions in state court, paying costs and fees, prove up their case using evidence either adduced during that litigation or obtained by way of this motion, present liability and damages evidence to the trier of fact, subject to Google's complete line of defenses, which judgment would then be appealable by Google when Moving Parties were found successful at trial." (*Id.* at 11.)
- Second, the Salcido plaintiffs "cannot rely on class counsel or class representatives to adequately protect their individual interests in pursuing damages claims in that they prepared the agreement that benefits Plaintiffs over most absent class members. Moving Parties have no expectation that class counsel will pursue damages remedies on their behalf. Indeed, counsel for Moving Parties sought information regarding the tolling agreement, class counsel refused to provide a copy or any information regarding the negotiations leading to the agreement." (*Id.*)[2]

The Court took argument on the intervention motion and issued a denial, which the Salcido plaintiffs appealed. That appeal is now pending before the Ninth Circuit. Google thus moves for a

---

[2] In opposition to the instant motion, plaintiffs clarify that would-be intervenors received a copy of the tolling agreement in between the filing of their initial motion to intervene and the filing of their reply.

2

stay of proceedings in this Court, arguing that the pending appeal divested this Court of jurisdiction over the case.

## II.   LEGAL STANDARD

Under *Griggs v. Provident Consumer Disc. Co.,* "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*." 459 U.S. 56, 58 (1982) (emphasis supplied).

## III.   ANALYSIS

As per *Griggs,* the operative question thus becomes whether there are "aspects of the case involved in the appeal" intertwined with the Court's consideration of the motions pending before it. (*Id.*) The Court finds there are.

The Salcido plaintiffs identify in their motion several aspects of the proposed settlement that they feel treat named class members preferentially. Success at the Court of Appeals would possibly require redrafting of those provisions. Indeed, both the initial intervention motion and a subsequently filed motion for reconsideration invoke terms found in the agreement itself as a basis for objecting to the Court's approval of the agreement.

Nor do plaintiffs' arguments to the contrary persuade. First, plaintiffs argue that the Salcido plaintiffs do not actually oppose the settlement agreement, but rather ultimately just oppose the Court's class certification ruling. Second, plaintiffs aver that because the text of the proposed settlement "places no restrictions on the ability of any [non-named plaintiff] to seek leave from this Court to appeal the denial of Rule 23(b)(3) certification," the intervention motion currently on appeal does not implicate the Court's analysis of the motion to approve it. (Dkt. No. 1149 at 3.) They also point to an admission from Google's counsel that the agreement did not (because it could not) waive any non-named plaintiff's right to appeal rulings from this Court. Third, plaintiffs support their position by noting that the Salcido plaintiffs agreed they take no issue with the injunctive relief negotiated as part of the settlement.

The arguments are misplaced. The Salcido plaintiffs do ultimately oppose the settlement, as evidenced by the myriad provisions contained within it identified in their moving papers. That their

primary objection to the agreement (concerning damages) is different than the parties' primary purpose in drafting it (injunctive relief) does not mean the disagreement does not implicate the settlement at all. Nor do the statements collected from Google and the Salcido plaintiffs change the fundamental fact that the intervention motion sought to delay this Court's approval of the agreement.

Second, plaintiffs argue that the Court has discretion whether to issue a stay or not, and that a stay is unwarranted. The Court disagrees. *Griggs* is jurisdictional and thus any action taken by the Court during the pendency of this appeal would be null and void. *See Kusay v. United States*, 62 F.3d 192 (7th Cir. 1995).

In sum, this Court is under a duty to faithfully consider whether the appeal currently filed divests it of jurisdiction to proceed with the motions pending before it. Because the Salcido plaintiffs object to the very settlement plaintiffs want the Court to approve, the Court concludes it does.

### IV.   CONCLUSION

For the reasons stated above, the Court finds it is without jurisdiction to resolve the motions pending before it in this matter prior to a mandate from the Court of Appeals. Defendant's motion to stay is **GRANTED.**

This terminates Docket No. 1148.

**IT IS SO ORDERED**.

Date: November 8, 2024

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**