**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHASOM BROWN, ET AL.,**<br><br>　　Plaintiffs,<br><br>　　v.<br><br>**GOOGLE LLC,**<br><br>　　Defendant. | Case No. : 4:20-CV-3664-YGR<br><br>**ORDER RE: SEALING DISPUTES**<br><br>Re: Dkt. Nos. 1097, 1099, 1100, 1107, 1112, 1115, 1117 |

## I. BACKGROUND

Pending before the Court are several administrative motions to seal relating to plaintiffs' motion for final approval of the negotiated class settlement and for attorneys' fees. (Dkt. Nos. 1097, 1099, 1100, 1107, 1112, 1115, 1117.)[1] This includes an Omnibus Sealing Stipulation pertaining to the fees motion, which the parties filed pursuant to the Court's Standing Order in Civil Cases, Civil Local Rules 79-5(c) and (f), and the parties' Joint Stipulation Modifying Sealing Procedures. (Dkt. No. 1117.) That stipulation identifies certain documents which the parties have mutually consented to file under seal and identifies two documents which remain disputed after the parties' attempts to meet and confer.

## II. LEGAL STANDARD

A motion to seal documents that are part of the judicial record is governed by the "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n.*, 605 F.3d 665, 678 (9th Cir. 2010).

---

[1] Would-be intervenors appealed this Court's denial of their intervention motion, and as such, all aspects of the case related to the appeal are currently stayed. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*.") (emphasis supplied). Because the motions to seal do not implicate aspects of the case on appeal, the Court finds it has jurisdiction to consider the sealing requests. *See Parker v. BNSF Ry. Co.*, 2022 WL 11228950 at *1 n.1 (W.D. Wash. 2022) (finding the same).

A "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)).  The trial court must weigh relevant factors including the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* at 679 n.6 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)).  While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Id.* at 679.  Given the importance of the competing interests at stake, any sealing order must be narrowly tailored.  Civ. L.R. 79-5 (a).

**III. ANALYSIS**

**A. Motion to Remove Incorrectly Filed Documents**

Plaintiffs filed their motion for approval of the class action settlement and supporting exhibits at Dkt. Nos. 1096 and 1097. Google LLC identified potentially business proprietary information in those filings, and subsequently re-filed redacted versions at Dkt. Nos. 1098 and 1099, along with a motion to remove the incorrectly filed documents (Dkt. No. 1100). The specific documents to which Google objected were Dkt. Nos. 1096 and 1097-1 (unredacted versions of the approval motion) and Dkt. No. 1097-4 (Exhibit 1 to the Declaration of Mark C. Mao in support thereof).[2]

Upon further briefing from the parties, plaintiffs did not dispute much of Google's sealing requests, and Google agreed to withdraw others, but one dispute remains.[3] Specifically, Google

---

[2] Dkt. No. 1097-3 is a sealed, unredacted version of Dkt. No. 107-4. The request to maintain the unredacted version under seal is **GRANTED.**

[3] Additionally, a small number of documents were filed under seal at Dkt. No. 1097 which plaintiffs intimated would be addressed in a forthcoming omnibus stipulation that was never filed. Some, but not all, of these were referenced in plaintiffs' proposed order accompanying their opposition to defendant's motion to remove incorrectly filed documents. The Court therefore presumes plaintiffs lodged any objections they had with sealing or redacting documents contained within Dkt. No. 1097 when they stated they only opposed sealing documents which "redact information about 1) the value of the settlement, as explained in the approval motion, and (2) the quantity of data that Google is required to delete, as memorialized in the settlement agreement."

seeks to maintain under seal "[p]laintiffs' damages expert Michael Lasinski's purported estimates of Google's revenue loss due to a feature in Incognito mode that blocks third-party cookies by default, which [Google argues] is based on highly confidential and competitively sensitive Google data . . . ." (Dkt. No. 1103 at 1.)

Weighing the public interest in broader access, and in particular, the public's interest in evaluating the terms of the proposed settlement, the Court rules as follows: the topline figure as to how much Google may lose in revenue by blocking third-party cookies by default shall not be sealed. That number bears directly on the public's ability to evaluate the terms of the proposed settlement. However, the portions of the motion for final approval that discuss internal metrics used by plaintiffs' expert to arrive at those numbers may be sealed, as they contain internal metrics Google is entitled to keep confidential. This includes the individual figures which form the basis for Lasinki's calculation.

Google notes that the Court ordered this exact data sealed when it resolved sealing disputes at the class certification stage. (*Id*. at 2.) True; but the Court did not have to weigh the right of the public to evaluate the terms of a settlement that could impact millions and potentially end the litigation at that time. Thus, the considerations before the Court are different now than at the class certification stage.

In the context of the instant motion, this means footnote 7 in plaintiffs' final approval motion may remain redacted, as shall the first four of the five figures currently redacted at page 15, lines 20-22.

The motion to remove improperly filed documents at Dkt. No. 1100 is **DENIED.** The Court will not permanently delete these entries from the docket. However, the request to redact certain portions of these documents is **GRANTED IN PART:** the undisputed portions of the documents shall remain sealed, the topline revenue loss figure that bears on the value of the settlement shall be publicly filed, and internal metrics used to calculate that number shall be redacted.

---

(Dkt. No. 1101 at 1.) Taking plaintiffs at their word, the Court finds no objection to sealing or redacting the following documents, and the request to do so is **GRANTED:** Dkt. No. 1097-7, 1097-8, 1097-9, 1097-10, 1097-11, 1097-12, 1097-13, 1097-16, 1097-17, 1097-19, 1097-20, and 1097-21.

**B. Undisputed Sealing Requests – Motion for Attorneys' Fees**

The parties' omnibus filing clarifies that parties have reached a consensus on the vast majority of remaining sealing disputes. The undisputed requests fall into three categories.

First, the parties have identified documents which they believe should remain under seal or remain partially redacted. Within this category are documents which contain "Google's highly confidential and proprietary information," "[are] not generally known to the public or Google's competitors," and "fall[] within the protected scope of the Protective Order entered in this action." (Dkt. No 1117 at 1-7.) The parties' filing intimates that disclosure of these documents "could affect Google's competitive standing" or "place Google at an increased risk of cybersecurity threat." (*Id*.) Given the parties' agreement, the request to maintain the following documents under seal is **GRANTED**: Dkt. Nos. 1107-9, 1108-3, 1107-10, 1108-4, 1107-14, 1108-5, 1112-11, 1112-15, and 1112-31. Further identified within this category are three documents submitted *in camera* for the Court's review that contain information on billing records in connection with plaintiffs' motion for attorneys' fees. The parties previously agreed that these documents could be submitted for *in camera* review. The request as to those documents is similarly **GRANTED.**

Second, the parties mutually agree to modify the extent of sealing or provisional redactions for certain documents. The rationale provided for these documents is the same as Google's rationale above. Given the parties' agreement, the request to modify the extent of sealing or redactions in the following documents is **GRANTED**: Dkt. Nos. 1112-1, 1112-16, 1112-20, 1115-01, and 1115-02.

Third, the parties have identified certain documents they mutually agree can be unsealed. Those are: Dkt. Nos. 1112-06, 1112-08, 1112-23, 1112-37, 1115-03, 1115-04, 1115-05, 1115-21, and 1115-22. Given the "general history of access and the public policies favoring disclosure," the request to unseal is **GRANTED.** *Pintos*, 605 F.3d at 678.

**C. Disputed Sealing Requests – Motion for Attorneys' Fees**

Two disputes remain which the parties explain rely on the same rationales as the disputes referenced above with regard to the final approval motion. Specifically, these are lines for which

Google seeks redaction contained in Dkt. Nos. 1107-1, 1108-2 and 1112-1. The Court has reviewed these lines and finds the same as it did with regard to the dispute above. The request to redact these figures is **GRANTED IN PART**. The figure at Dkt. No. 1112-1 at 19:7 shall be filed publicly, the others may remain redacted.

## IV. CONCLUSION

For the reasons set forth above, the Court rules as follows:

- The motion to remove improperly filed documents at Dkt. No. 1100 is **DENIED.**
- The motion to seal portions of plaintiffs' settlement approval motion is **GRANTED IN PART**.
- The undisputed requests contained in the parties' omnibus filing at Dkt. No. 1117 are **GRANTED**.
- Google's request to keep the disputed items under seal in the parties' omnibus filing is **GRANTED IN PART**.

The Court reserves the right to unseal portions of previously granted materials in its final order on plaintiffs' motion for final approval and attorneys' fees.

This terminates Docket Nos. 1097, 1099, 1100, 1107, 1112, 1115, 1117.

**IT IS SO ORDERED**.

Date: March 6, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**