|  |  |
|---|---|
| CHASOM BROWN; MARIA NGUYEN; WILLIAM BYATT,<br><br>         *Plaintiffs - Appellees*,<br><br>   v.<br><br>GOOGLE LLC, a Delaware company,<br><br>         *Defendant - Appellee*,<br><br>   v.<br><br>ADAM SALCIDO,<br><br>         *Movant - Appellant*. | No. 24-5692<br><br>D.C. No.<br>4:20-cv-03664-<br>YGR<br><br><br><br>OPINION |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted September 19, 2025
Pasadena, California

Filed April 20, 2026

2                      BROWN V. SALCIDO

Before: Richard R. Clifton, Jay S. Bybee, and Kenneth K.
Lee, Circuit Judges.

Opinion by Judge Lee

## SUMMARY[*]

### Intervention

The panel affirmed the district court's denial, as untimely, of a motion under Federal Rule of Civil Procedure 24 to intervene in a class action against Google LLC.

Plaintiffs alleged that Google improperly collected and misused data of Incognito mode users of the Google Chrome browser.  The district court certified an injunctive relief class but denied a damages class.  On the eve of a class trial on the injunctive claims, the parties agreed to settle: Google would change some policies, the named plaintiffs would arbitrate their individual damages, and the class certification denial of damages would not be appealed.  Three months later, a group of 185 Google Chrome users (the Salcido plaintiffs) moved to intervene to preserve the "appellate rights" of absent class members seeking class damages.

The panel held that the timeliness for an intervention motion is generally governed by three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

length of the delay.  The panel held that this test applied to the Salcido plaintiffs' motion even though they sought to enter the case for the sole purpose of appealing the class certification denial and the time for the named plaintiffs to appeal had not expired.

Applying the three-part test, and assessing prejudice from the time that certification of a damages class was denied, the panel held that the district court did not abuse its discretion in finding that the prejudice factor weighed against intervention because Google and the named plaintiffs would likely have to start from scratch and nix the settlement deal if the Salcido plaintiffs intervened and sought damages.  The panel held that the length and lack of reason for the delay cut against the Salcido plaintiffs.  Finally, the district court did not abuse its discretion in finding that the "stage of the proceedings" factor disfavored intervention.

## COUNSEL

David Boies (argued), Boies Schiller Flexner LLP, Armonk, New York; Mark C. Mao, Sean Rodriguez, and Beko O. Reblitz-Richardson, Boies Schiller Flexner LLP, San Francisco, California; Alison L. Anderson, Boies Schiller Flexner LLP, Los Angeles, California; James Lee and Rossana Baeza, Boies Schiller Flexner LLP, Miami, Florida; John A. Yanchunis and Ryan J. McGee, Morgan & Morgan Complex Litigation Group, Tampa, Florida; Amanda K. Bonn, Susman Godfrey LLP, Los Angeles, California; Amy Gregory, William C. Carmody, and Steven M. Shepard, Susman Godfrey LLP, New York, New York; Jenna G.

4                          BROWN V. SALCIDO

Farleigh, Susman Godfrey LLP, Seattle, Washington; Jean
Sutton Martin, Law Office of Jean Sutton Martin PLLC,
Wilmington, North Carolina; Samuel Issacharof, Samuel
Issacharof, New York, New York; for Plaintiffs-Appellees.

Stephen A. Broome (argued), Viola Trebicka, Rachael L.
McCracken, and Alyssa Olson, Quinn Emanuel Urquhart &
Sullivan LLP, Los Angeles, California; Joseph H.
Margolies, Andrew H. Schapiro, and Teuta Fani, Quinn
Emanuel Urquhart & Sullivan LLP, Chicago, Illinois; Diane
Doolittle, Quinn Emanuel Urquhart & Sullivan LLP,
Redwood Shores, California; Christopher G. Michel, Quinn
Emanuel Urquhart & Sullivan LLP, Washington, D.C.; Aarti
G. Reddy, Cooley LLP, San Francisco, California; for
Defendant-Appellee.

Russell C. Handy (argued) and Barry M. Walker, Potter
Handy LLP, San Francisco, California, Movant-Appellant.

David A. Straite, DiCello Levitt LLP, New York, New York;
Amy E. Keller, DiCello Levitt LLP, Chicago, Illinois;
Lesley E. Weaver, Bleichmar Fonti & Auld LLP, Oakland,
California; Jason Barnes, Simmons Hanly Conroy LLP,
New York, New York; for Amici Curiae Calhoun Plaintiffs.

## OPINION

LEE, Circuit Judge:

This case presents an example of "too little, too late" for would-be class action intervenors. In June 2020, several plaintiffs filed a putative class action lawsuit against Google, alleging that it improperly collected and misused data of Incognito mode users of the Google Chrome browser. The district court certified an injunctive relief class but denied a damages class. On the eve of a class trial on the injunctive claims, the parties agreed to settle: Google would change some policies, the named plaintiffs would arbitrate their individual damages, and the class certification denial of damages would not be appealed. Three months later, a group of 185 Google Chrome users (the Salcido plaintiffs) moved to intervene to preserve the "appellate rights" of absent class members seeking class damages.

We hold that the district court did not abuse its discretion in finding the intervention motion untimely. The Salcido plaintiffs claim that they want to intervene to appeal the denial of a damages class and insist that they will not derail the injunctive relief settlement. But they have offered no reason to believe that such an outcome is likely or even possible. If the Salcido plaintiffs intervene, they will likely unravel the settlement agreement at the midnight hour and thus prejudice the named plaintiffs and Google. And they have not offered any justification for their delay in seeking intervention until just before the final class settlement approval hearing. We thus affirm the denial of the motion to intervene.

## BACKGROUND

### A. Incognito users sue Google for secretly collecting and using their data.

Millions of users rely on Google's Chrome browser to surf the internet. Chrome offers a "private" browsing mode called "Incognito." Google promised its Incognito users that they could control what data Google collected when using Incognito mode and made multiple privacy-related representations such as "Chrome won't store certain information." In reality, Google collected, stored, and used its users' data for years.

In June 2020, five plaintiffs filed a putative class action lawsuit to represent Incognito users whose private browsing data Google had allegedly improperly collected and used. They sought to certify classes under both Rule 23(b)(2) for injunctive relief and Rule 23(b)(3) for damages.

### B. The court certifies an injunctive class but denies a damages class.

After two and a half years of discovery, the district court in December 2022 certified a class under Rule 23(b)(2) for class-wide injunctive relief. But it declined to certify a damages class under Rule 23(b)(3), finding that the named plaintiffs failed to show that common questions of law or fact "predominate over any questions affecting only individual members." The named plaintiffs petitioned our court for interlocutory review of the denial of class certification under Rule 23(f), but we denied the discretionary appeal in March 2023.

### C. Class representatives settle and waive their right to appeal the denial of certification of the damages class.

The named plaintiffs moved forward, seeking injunctive relief for the certified class and individual monetary damages. The district court denied Google's motion for summary judgment, and trial was set for February 2024. Several weeks before trial, the parties reached a settlement in principle. Then, on April 1, 2024, the named plaintiffs moved for approval of the class settlement. The settlement resolved the certified class's injunctive relief claim: Google promised to make changes to its policies, including clarifying how data is used in its disclosures and remediating certain data it retained. The five class representatives could seek damages for themselves in arbitration, but they waived their rights to appeal the denial of the Rule 23(b)(3) damages class.

The settlement agreement, however, contained a provision that none of the absent class members would release damages claims or waive any right to appeal the denial of the damages class. The agreement also referenced an earlier tolling agreement for the named plaintiffs' claims.

### D. The Salcido plaintiffs move to intervene in this case.

The Salcido plaintiffs moved to intervene on July 2, 2024, one month before the final settlement approval hearing. They wanted to intervene to (1) appeal the district court's refusal to certify the damages class, (2) access discovery, and (3) gain a copy of the tolling agreement between Google and the named plaintiffs. Most importantly, they argued that the settlement was unfair to the absent class

members and sought to preserve the absent class members' "appellate rights."

In a short four-page order, the district court denied their motion, finding it (among other defects) untimely. The court noted that the motion was filed "well over a year since the Court denied certification of a damages class in this case." And even crediting Salcido plaintiffs' assertion that it was unaware of the appellate waiver in the settlement agreement until April 2024, the district court found that they "failed to explain the three-month delay in moving to intervene." Finally, the district court found that an intervention would prejudice the parties as it would cause "delay" and "could very well derail" the proposed settlement.

### E. The Salcido plaintiffs face roadblocks in state court.

Days after the named plaintiffs filed the settlement agreement with the district court, the Salcido plaintiffs filed complaints in California state court, seeking individual damages for Google's collection of their private browsing data.

The California Superior Court granted Google's demurrer with leave to amend, finding that a portion of the Salcido plaintiffs' damages claims were time-barred. *Salcido, et al. v. Google LLC*, Docket No. 24CV434093, Order Sustaining in Part and Overruling in Part Defendant's Demurrer, *15 (Santa Clara Superior Court of California, May 1, 2025) (finding alleged California Invasion of Privacy Act (CIPA) violations barred by the statute of limitations). The state trial court gave the Salcido plaintiffs ten days to amend their complaint, but according to the state court docket, they did not file an amended complaint.

## STANDARD OF REVIEW

We review de novo a district court's denial of a motion to intervene as a matter of right, except for a denial based on timeliness, which is reviewed for abuse of discretion. *Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021) (citing *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016)). "'A court abuses its discretion if it fails to apply the correct legal rule or standard' or if its 'application of that rule was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record.'" *Id*. (quoting *Smith*, 830 F.3d at 853–54).

## DISCUSSION

We affirm the district court's denial of the Salcido plaintiffs' motion to intervene because the motion was untimely under our traditional three-part test for assessing Rule 24 intervention motions.

**I.   The district court did not abuse its discretion in determining that the Salcido plaintiffs' motion to intervene was untimely.**

Federal Rule of Civil Procedure 24 provides for intervention both as of right and permissively. FED. R. CIV. P. 24. Intervention as of right is warranted when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id*. 24(a)(2). But we must first determine whether the Salcido plaintiffs' motion was timely. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).

### A. We determine the timeliness of a motion to intervene using a three-part test.

In our circuit, timeliness for an intervention motion is generally governed by three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Kalbers*, 22 F.4th at 822 (citation omitted).

"We assess each of these factors by reference to the 'crucial date' when 'proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties.'" *Id.* (citation omitted). We also must keep in mind the policies underlying intervention: Premature intervention "unnecessarily squanders scarce judicial resources and increases litigation costs" while liberally permitted intervention "serves both efficient resolution of issues and broadened access to the courts." *Id.* at 823 (cleaned up). The timeliness requirement seeks to "prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *Id.* (citation omitted).

The Salcido plaintiffs contend that our circuit's three-part timeliness test does not apply to their motion. According to them, the timeliness inquiry collapses into a bright-line rule if intervenors seek to enter the case for the sole purpose of appealing a class certification denial: An intervention motion is timely if it was filed within the time that the named plaintiffs could have appealed the final judgment. And because the time for the named plaintiffs to appeal has not expired—indeed, it has not even begun—they claim that their intervention motion is timely. In support of this argument, they rely on snippets of language from *State of Alaska v. Suburban Propane Gas Corp.* in which we explained that for "the limited purpose of intervention to

appeal from denial of class certification, the Supreme Court has held that the proper stage of the proceedings to intervene is *after final judgment*." 123 F.3d 1317, 1320 (9th Cir. 1997) (citing *United Airlines v. McDonald*, 432 U.S. 385, 394–95 (1977)) (emphasis added).

But an opinion is not like a statute, and we do not read its words divorced from the facts of the case. *See Upper Skagit Indian Tribe v. Sauk-Suiattle Indian Tribe*, 66 F.4th 766, 770 (9th Cir. 2023) ("[A] court reads the language of [a judicial] decision in the context of the decision as a whole and the entire record."). Both *Suburban Propane* and *United Airlines* involved intervention motions that were filed *after* final judgment had been entered; the intervention motions were treated as timely because they were filed within the thirty-day notice of appeal period after final judgment. 123 F.3d at 1320; 432 U.S. at 396; *see* FED. R. APP. P. 4(a). In contrast, there is no final judgment here—the Salcido plaintiffs seek to intervene *before* final judgment. *Suburban Propane* and *United Airlines* did not create a special intervention rule for class actions; they merely reflected the practical reality that if someone seeks to intervene after final judgment to appeal a class certification denial, that party must do so within the time period to appeal the final judgment. We will thus apply our traditional three-part test for intervention motions here.

**B. The district court did not abuse its discretion in finding the intervention motion untimely under our circuit's three-part test.**

We will now address each factor under our three-part test for deciding Rule 24 intervention motions. *Kalbers*, 22 F.4th at 822.

### a. The district court did not abuse its discretion in finding that the prejudice factor weighs against intervention.

We start with the most important factor in assessing timeliness: Whether the Salcido plaintiffs' delay in moving to intervene prejudiced Google and the named plaintiffs. The relevant prejudice "flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented—and not from the fact that including another party in the case might make resolution more difficult." *Smith,* 830 F.3d at 857 (cleaned up).

The Salcido plaintiffs argue that there was no prejudice because they moved to intervene in July 2024—within three months of learning about the proposed settlement in April 2024. During that three-month delay, they argue that the action was at a standstill, as the parties were merely awaiting the district court's approval of the final settlement. In making this argument, the Salcido plaintiffs assume that we should assess prejudice from the date that the parties announced their proposed settlement in April 2024. They contend that the disclosure of the appellate waiver in the settlement agreement was the first time that they knew (or reasonably should have known) that their interests were not being adequately represented by the named plaintiffs.

But the Salcido plaintiffs' central reason for seeking intervention is to pursue damages. It would therefore not be an abuse of discretion to look at prejudice from the time that the district court denied certification of a damages class in December 2022 (or from perhaps March 2023 when our court rejected the Rule 23(f) request seeking interlocutory appeal of the damages class certification denial). Because

the named plaintiffs could no longer seek class damages at that point, the Salcido plaintiffs "reasonably should have known" that their "interests [in class damages] were not being adequately represented" by the named plaintiffs. *Id.* at 857. Indeed, we have said that a party is put on notice when its "interests *might* be adversely affected by the outcome of the litigation." *United States v. State of Oregon*, 913 F.2d 576, 589 (9th Cir. 1990) (quoting *United States v. City of Chicago*, 870 F.2d 1256, 1263 (7th Cir. 1989)) (emphasis added). Named plaintiffs generally do not owe any legal duties to unnamed class members before class certification or after denial of class certification.[1] *Cf. Moser v. Benefytt*, Inc., 8 F.4th 872, 877 (9th Cir. 2021) (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (explaining that unnamed class members are not parties to the class action before the class is certified)). And despite being put on notice in December 2022 that the named plaintiffs lost their bid to represent unnamed class members seeking damages, the Salcido plaintiffs did nothing until July 2024, when they finally moved to intervene.

---

[1] To be sure, if named plaintiffs seek the court's approval for a class settlement—even before class certification or after a denial of certification (like in this case)— courts must determine that such a settlement is fair, reasonable, and adequate under Rule 23(e)(2). Here, as counsel for the Salcido plaintiffs conceded at oral argument, they could have objected to the proposed settlement as unfair to the unnamed class members. But the Salcido plaintiffs' counsel chose not to object and instead opted to intervene to try to represent a damages class. The district court hinted at the rationale behind this decision when it said that it would not let "intervenors freeload off of class counsel's years of hard work": Lawyers who merely object to a class settlement are less likely to reap large attorneys' fees than those who intervene to represent a class and seek fees based on a percentage of the class settlement fund.

14    BROWN V. SALCIDO

Now, the Salcido plaintiffs effectively want to unravel the settlement agreement that had been negotiated between Google and the named plaintiffs. This is not a case of merely "prolong[ing] the litigation" or "mak[ing] resolution more difficult"—it is a case of upending the resolution. *Smith*, 830 F.3d at 857 (citation and internal quotation marks omitted). We rejected a similar gambit by would-be intervenors in *Orange Cnty. v. Air California*, 799 F.2d 535 (9th Cir. 1986). In that case, Orange County argued that permitting the City of Irvine to intervene after five years of litigation and publicized settlement negotiations would jeopardize the settlement and prejudice the parties involved. *Id.* at 538. We agreed with the district court's finding that "the possibility of this settlement unraveling is so prejudicial that to allow the City of Irvine to intervene at this late date would be tantamount to disaster," and affirmed the district court's denial of the City of Irvine's motion to intervene. *Id.*

True, the Salcido plaintiffs insisted at oral argument that they do not intend to derail the injunctive relief settlement. Oral Argument Video at 4:03, 8:50, *Brown, et al. v. Salcido, et al.,* No. 24-5692 (9th Cir. argued Sept. 19, 2025), https://www.ca9.uscourts.gov/media/video/?20250919/24-5692/ (in response to questions about their strategy for appeal, counsel for the Salcido plaintiffs confirmed that "we're not seeking to unravel the settlement" and "our preference would be for the settlement to go forward as planned"). That may be their preference, but they have been vague and coy about how exactly they could appeal the district court's denial of a Rule 23(b)(3) damages class while still maintaining the injunctive relief settlement.

They may be reticent about their next steps because there is likely no practical or procedural way to appeal the damages class certification denial without undoing the

injunctive relief settlement. The proposed settlement provides that class plaintiffs waive their right to appeal the denial of class certification. On appeal, the Salcido plaintiffs make clear that they seek to appeal the denial of class certification as to damages. It follows that granting the motion to intervene would effectively remove a critical term from the settlement, sending the parties back to the negotiating table. Despite the insistence of the Salcido plaintiffs' counsel at oral argument that they do not desire this outcome, counsel conceded that nothing in the record could tell the court whether the settlement would have been finalized without that particular term.

Even assuming the parties could craft a new settlement agreement that maintains the injunctive relief settlement but allows the appeal of the damages class denial, it is not clear as a procedural matter if the Salcido plaintiffs could thread that needle. The plaintiffs already tried to seek an interlocutory appeal of the denial of damages class certification under Rule 23(f)—and our court refused to grant it. At this point, they need a final judgment to appeal the denial of a damages class certification. *See Microsoft Corp. v. Baker,* 582 U.S. 23, 27 (2017) (holding that a party cannot voluntarily dismiss its individual claims in a bid to appeal the denial of class certification because there is no final judgment for purposes of 28 U.S.C. § 1291). But there is no final judgment here.

The Salcido plaintiffs respond that the Supreme Court's decision in *United Airlines* allows absent class members to intervene to pursue the appeal of a denial of a class certification motion. In *United Airlines*, the Court dealt with a somewhat similar factual scenario as that before us: The named plaintiffs moved for class certification, which was denied, and the court of appeals declined to accept the

interlocutory appeal of that certification order. 432 U.S. at 387–88. The named plaintiffs and the defendant agreed to a mediated individual settlement, and the district court approved it, entering a final judgment of dismissal. *Id.* at 389. A putative class member then tried to intervene to appeal the denial of class certification after final judgment. *Id.* at 390. The *United Airlines* Court held that a putative class member may intervene to appeal the denial of class certification after the named plaintiffs' claims have been resolved and judgment has been entered. *Id.* at 393–94.

But there is a crucial factual distinction between *United Airlines* and *Microsoft* that explains the seemingly divergent analysis. The class representatives in *United Airlines* litigated the merits of their individual claims to final judgment (and thus the intervenors could appeal the class certification denial), while the named plaintiffs in *Microsoft* did not (and thus could not appeal the denial of certification). *Compare United Airlines*, 432 U.S. at 394 ("the entry of final judgment made the adverse class determination appealable"); *id.* at 393 n.14 (explaining how the district court ruled on the merits of the claim and "all that remained to be determined was the computation of backpay") *with Microsoft*, 582 U.S. at 27 (explaining that the respondents did not litigate their individual claims to final judgment "on the merits").

In sum, after *Microsoft*, plaintiffs seeking to appeal a denial of class certification must either (1) have a final judgment on the merits or (2) succeed in their Rule 23(f) petition for interlocutory appeal. But neither option appears to be on the table right now for the Salcido plaintiffs.

Google and the named plaintiffs will likely have to start from scratch and nix the settlement deal if the Salcido

plaintiffs intervene and seek class damages. That is enough to show prejudice to Google and the named plaintiffs. *See Smith*, 830 F.3d at 857 (citing *Air California* for the proposition that prejudice exists if intervention "would threaten the delicate balance reached by existing parties after protracted negotiations").

### b. The length and lack of reason for the delay cuts against the Salcido plaintiffs.

We next consider the Salcido plaintiffs' delay in moving to intervene and their justification (or lack of one) for the delay. "Delay is measured from the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties, *not the date it learned of the litigation.*" *Kalbers*, 22 F.4th at 823 (quoting *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996)). "A party seeking to intervene must act as soon as he 'knows or has reason to know that his interests might be adversely affected by the outcome of the litigation.'" *State of Oregon*, 913 F.2d at 589 (quoting *City of Chicago*, 870 F.2d at 1263).

Here, as explained earlier, the clock to intervene likely began running when the district court denied a damages class in December 2022. Even if we agreed with the Salcido plaintiffs that the time to act was in April 2024 (when they learned of the settlement agreement), it was still too little, too late.

We held in *Kalbers* that we "have little trouble concluding" that a "short delay" of "just a few weeks" (*i.e.*, less than a month in that case) was timely. 22 F.4th at 825. While the time elapsed is not determinative, the court must weigh the "related circumstances" of the period of delay. *Smith*, 830 F.3d at 856 (citation omitted). The Salcido

plaintiffs waited (at the very least) three months before moving to intervene and offered no reason for the delay to the district court.

On appeal, the Salcido plaintiffs offer three reasons for the delay. The purported reasons are: (1) the lack of notice of the settlement agreement to the absent class members; (2) the lack of an unredacted version of the settlement on the public docket; and (3) their difficulty accessing the tolling agreement.

None of these reasons justify the delay. First, the absent class members had notice of the settlement agreement. The Salcido plaintiffs' counsel conceded at the hearing for their motion to intervene that they knew of the settlement right after it was filed. Second, the Salcido plaintiffs had access to the settlement's material contents. The settlement agreement on the district court's docket contained the waiver provision putting the Salcido plaintiffs on notice that the named plaintiffs would be waiving their right to appeal the denial of class certification. Finally, despite their apparent difficulties in obtaining the tolling agreement, there is no evidence that the Salcido plaintiffs believed it applied to their claims. The Salcido plaintiffs knew that they were not parties to the agreement and did not argue that they believed it would also apply to their claims. Even if the Salcido plaintiffs were unsure of how their interests might be affected, the appropriate time to move for intervention would have been when they were on notice that their "interests *might* be adversely affected by the outcome of the litigation'"—not when they could be certain of harm. *State of Oregon*, 913 F.2d at 589 (quoting *City of Chicago*, 870 F.2d at 1263 (emphasis added)).

The Salcido plaintiffs rely heavily on *Smith*, where our court excused delays of 71 and 79 days. 830 F.3d at 859–862. But there were extenuating circumstances in *Smith*—the intervenors were "a consortium of parents of special education students" who needed time to organize and coordinate. *Id.* at 862. We thus warned that "a delay of 71 or 79 days might, under different circumstances, weigh against timeliness." *Id.* There are no such extenuating circumstances here to excuse the delay. In sum, the district court did not abuse its discretion in finding that the three-month delay was unreasonable, especially given the lack of explanation for it.

### c. The district court did not abuse its discretion in finding that "stage of the proceedings" factor disfavors the Salcido plaintiffs.

Finally, we turn to the "stage of the proceedings" factor. We apply a "nuanced, pragmatic approach" to determine whether the intervention occurred at an appropriate stage of the case. *Kalbers*, 22 F. 4th at 826 (citation omitted). The district court found that this factor weighed against intervention because the "motion was filed on the eve of the hearing for final approval of the class settlement, and well over a year since the Court denied certification of a damages class in this case."

The Salcido plaintiffs respond that when the "major reason" for moving to intervene is a "change of circumstance" that "suggests that the litigation is entering a new stage," *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984), we look at when the change of circumstance occurred, "not the commencement of the litigation," *Smith*, 830 F.3d at 854. They claim that the settlement marked a sharp change because the named

plaintiffs waived their right to appeal the denial of class certification for damages.

To be fair, the Salcido plaintiffs may have been genuinely surprised by the named plaintiffs' appellate waiver provision in the proposed settlement. But that does not necessarily mean the "change of circumstance" occurred when the settlement terms were disclosed. As we explained before, the Salcido plaintiffs should have been on high alert that class damages were at risk. When the proposed settlement revealed that the named plaintiffs had waived their appellate rights, the Salcido plaintiffs ought to have moved immediately to intervene, or objected to the proposed settlement, rather than waiting three months before taking any action. We thus hold that the district court did not err in finding that the "stage of the proceeding" factor does not favor intervention.

## CONCLUSION

We **AFFIRM** the denial of the Salcido plaintiffs' motion to intervene.