BOIES SCHILLER FLEXNER LLP
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for the Brown Plaintiffs; additional counsel listed in signature blocks below*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

COOLEY LLP
AARTI REDDY (274889)
(areddy@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

*Attorneys for Defendant; additional counsel listed in signature blocks below*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| CHASOM BROWN, WILLIAM BYATT, JEREMY DAVIS, CHRISTOPHER CASTILLO, and MONIQUE TRUJILLO individually and on behalf of all other similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 5:20-cv-03664-YGR-SVK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br> Judge: Hon. Yvonne Gonzalez Rogers<br>Courtroom 1 – 4th Floor<br>Date: May 1, 2026<br>Time: 2:00 p.m. |

Pursuant to the Court's April 22, 2026 Order (Dkt. 1162), and in advance of the Further Case Management Conference set for May 1, 2026, at 2:00 p.m., the *Brown* Plaintiffs and Defendant Google LLC (the "Parties") submit this Joint Case Management Statement. The previous Joint Case Management Statement is Dkt. 963.

As described in Section 17, in the event it is helpful for the Court, Google also raises certain issues arising out of the recently removed action *Luna, et al. v. Google LLC*, Case No. 5:26-cv-03246 (N.D. Cal.) (the "*Luna* Action"), which Google has moved to relate to this matter, Dkt 1156.

The *Brown* Plaintiffs believe they should provide the Court with information it requested related to *Brown* so that the case can be finalized and closed. Over the *Brown* Plaintiffs' objection, Google insisted on inserting information into this *Brown* Joint Case Management Statement about the *Luna* Action. This Court has not yet ruled on either of the two pending administrative motions regarding the *Luna* Action filed with this Court by Google, including Google's request to relate the *Luna* Action to *Brown*. Google's new counsel in the *Luna* Action (the Cooley law firm) refused the *Brown* Plaintiffs' requests to keep this *Brown* CMC solely about *Brown*. Counsel for the *Luna* Plaintiffs (who do not entirely overlap with class counsel in *Brown*) will work with Google's new counsel in the *Luna* Action on any issues or disputes regarding the *Luna* Action when those matters are ripe or when the Court asks for it.

**1. JURISDICTION AND SERVICE**

Google has been served and the Court has jurisdiction over this matter.

**2. FACTS**

The parties do not have any factual issues to raise.

**3. LEGAL ISSUES**

The parties do not have any legal issues to raise.

**4. MOTIONS**

Pending Motions

There are two related pending motions in *Brown*: (1) Plaintiffs' unopposed motion for final approval of the proposed class action settlement (Dkt. 1096); and (2) Plaintiffs' motion for an award of attorneys' fees, costs, and service awards (Dkt. 1106). These motions are fully briefed, and this Court

1

heard argument on both motions on August 7, 2024. This Court later stayed any ruling on these motions pending the intervention appeal. Dkt. 1151. On April 20, 2026, the Ninth Circuit unanimously affirmed this Court's order denying the intervention motion. Dkt. 1160. The Ninth Circuit has not yet issued its mandate. *See* Fed. R. App. P. 41(b) (mandate issues seven days after expiration of time to seek rehearing, or seven days after denial of any timely petition, whichever is later). The Parties do not know whether the intervenors will seek a rehearing or a hearing *en banc*. *See* Fed. R. App. P. 35, 40(d)(1) (fourteen-day deadline to petition). If no rehearing is sought, the mandate should be issued on May 11, 2026.  The parties do not anticipate filing any additional motions. Once the mandate issues and the two pending motions are decided, the *Brown* Action can be closed.

On April 17, 2026, Google moved to relate the *Luna* Action to this matter, Dkt 1156, and also requested a case management conference to address removal and other issues arising from the *Luna* Action and other related complaints, Dkt. 1157, as discussed in Section 17 below.

**5.   AMENDMENT OF PLEADINGS**

The parties agreed to settle this case, and no further amendment of pleadings is anticipated.

**6.   EVIDENCE PRESERVATION**

There are no further evidence preservation issues to raise with the Court.

**7.   DISCLOSURES**

The parties exchanged initial disclosures and have no further issues to raise.

**8.   DISCOVERY**

Fact discovery closed on March 4, 2022, and expert discovery closed on August 25, 2022.

**9.   CLASS ACTIONS**

The parties have nothing further to raise on this issue.

**10.   RELATED CASES**

The *Luna* Action and other cases that Google seeks to relate to *Brown* are discussed in Section 17 below. The Court has not ruled on Google's administrative motion to relate the *Luna* Action to *Brown*.

**11.    RELIEF**

The parties agreed to settle this case, and Plaintiffs' unopposed motion for final approval of that settlement is pending (Dkt. 1096).

**12.    SETTLEMENT AND ADR**

The parties agreed to settle this case, and Plaintiffs' unopposed motion for final approval of that settlement is pending (Dkt. 1096).

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have not consented to have a magistrate judge conduct all further proceedings.

**14.    OTHER REFERENCES**

The parties do not have any other issues to raise.

**15.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties filed their certificates of interested entities (Dkts. 14, 52) and have no updates.

**16.    PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct of the Northern District of California.

**17.    ADDITIONAL CONSIDERATIONS RELATED TO THE *LUNA* ACTION**

Google submits the following statement in the event the Court wishes to address the issues raised in Google's pending administrative motions stemming from the *Luna* Action, Docket Nos. 1156 and 1157. Google defers to the Court's preference on whether it wishes to address these issues in the upcoming CMC and offers them only in the event that resolving them now would be helpful to the Court.

**Background**

*Google's Position*

The *Luna* Action is the lead complaint in a series of coordinated mass actions consisting of 1,934 near-identical complaints for damages, on behalf of over 96,000 individual plaintiffs, filed by Boies Schiller Flexner LLP and Morgan & Morgan, P.A. ("BSF/MM") in the Superior Court for Santa Clara County (collectively, the "Incognito Mass Action"). BSF/MM initiated the Incognito Mass Action in March 2024 after this Court denied certification of a Rule 23(b)(3) damages class in *Brown*. *See Brown v.*

*Google LLC*, 2022 WL 17961497 (N.D. Cal. Dec. 12, 2022). The *Luna* Complaint and the 1,933 related cases seek individual damages for over 96,000 plaintiffs by copying, near-verbatim, the substantive allegations pled in *Brown* while adding the same allegations for each new Plaintiff such as their name, domicile, and other basic information. *See Luna, et al. v. Google LLC*, Case No. 24CV434093. Until recently, these complaints had one key difference from *Brown* in that they omitted the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.* ("ECPA") claim. As such, there was no basis for federal jurisdiction and the matters initially proceeded in state court for over two years.

On December 23, 2025, BSF/MM sought leave to amend the *Luna* Complaint and all related actions to add an ECPA claim for the first time. Google opposed the amendments and also sought guidance from the Superior Court in crafting a streamlined process for removal to avoid excessive state court and federal filings in connection with the removals to federal court, in the event the Court allowed BSF/MM's proposed amendments to add ECPA claims. Specifically, Google requested that the Superior Court direct Plaintiffs to file "a single consolidated complaint on behalf of all 96,697 Plaintiffs represented by BSF/MM for purposes of removal."[1]  Dkt. 1157-2.

The Superior Court allowed the *Luna* Plaintiffs to add the ECPA claim and denied Google's request for a single consolidated complaint. Instead, the Superior Court directed BSF/MM to "**efile 100 amended complaints each Monday until the amendments are completed for each related case**." Dkt. 1157-3.

On March 30, 2026, the *Luna* Plaintiffs filed a First Amended Complaint incorporating an ECPA claim and served Google with a copy of that pleading on April 6, 2026. This rendered the *Luna* Action removable for the first time under 28 U.S.C. §§ 1441(c) and 1446(b)(3), and Google has timely removed it and sought relation with *Brown*.

To date, BSF/MM has filed 400 amended complaints in Superior Court. Because the deadline for removal is jurisdictional and set to expire as to certain complaints on April 29, 2026, Google began

---

[1] Google requested consolidation solely for the purposes of streamlining the removal process.  Google reserves all rights to move for misjoinder in later challenges to the pleadings.

removing these other amended Complaints and filing motions to relate them to *Brown* on April 21, 2026. Google intends to continue removing forthcoming amended complaints and file motions to relate all of these actions to *Brown*.

### *The Luna Plaintiffs' Position*

The *Luna* Plaintiffs believe, and strongly expressed to Google, that Google's assertions with respect to the *Luna* Action did not relate to, or belong in, this case management statement with the *Brown* case. Google's purported removal of the *Luna* Action raises a number of issues. However, none of those issues are relevant to the closing of the *Brown* action, which is the subject matter of this case management statement.

We will not respond at this time to all of Google assertions. However, we will note our concern that Google seeks procedural modifications in the name of "efficiency" while at the same time intending to argue in a motion for misjoinder that Plaintiff should have filed 97,000 separate complaints in this district.

Google's approach in the *Luna* Action has created a number of procedural issues that will have to be dealt with. However, we respectfully suggest that this is not the time or place to litigate them.

### **Relief Sought**

### *Google's Position*

Relating to *Luna* and the 1,933 other related actions, Google respectfully seeks the Court's guidance on three issues.

***First***, as a threshold matter, Google seeks the Court's guidance on whether the *Luna* Action and the related removed actions are deemed related to *Brown*. On April 17, 2026, Google filed an Administrative Motion to Consider Whether Cases Should Be Related to relate the *Luna* Action to *Brown*. Dkt. 1156. The *Luna* Plaintiffs filed a response on April 19, 2026, indicating that "[t]he *Luna* Plaintiffs have no objection to relating the *Luna* cases to *Brown* and proceeding before Judge Gonzalez Rogers. This Court presided over Google's motion for summary judgment in *Brown*, and the *Brown* pretrial motions, so there is clear efficiency in proceeding before Judge Gonzalez Rogers." Dkt. 1158. On April 20, 2026,

Magistrate Judge Cousins issued a Sua Sponte Judicial Referral for Purpose of Determining Relationship of Case 5:26-cv-03246 NC (the *Luna* Action) with 4:20-cv-03664 (*Brown*). Dkt. 1159.

***Second***, if the cases are related to *Brown* and proceed before this Court, Google seeks the Court's guidance on whether to adopt a streamlined removal process. Based on the Superior Court's Order, Plaintiffs are directed to efile 100 amended complaints every Monday in Superior Court. This process will generate rolling removals of 100 individual complaints to this Court ***each week*** over the next 19+ weeks.[2] In the absence of further guidance from this Court, Google must file approximately 1,934 individually-docketed cases, each requiring separate docket entries, judicial assignments, initial case management conferences, and independent briefing cycles on any motion to remand.

In recognition of the enormous administrative burden this would pose, Google seeks the Court's guidance on how best to proceed. This Court could, for example, order Google to file a batched notice of removal each week encompassing all 100 complaints filed that Monday in a single document, rather than 100 individual notices of removal each week. This approach would reduce the administrative burden on the Court and the Clerk's Office significantly by decreasing the notices of removal from over 1900 to just 20.[3] Google is ready and willing to adopt whatever process the Court deems just and appropriate to effectuate removal and efficient resolution of the Incognito Mass Action.

Plaintiffs do not oppose a streamlined removal proceeding to "reduce the administrative burden on the Court and the Clerk's Office provided that any change in the removal process does not otherwise modify the obligations or rights of the parties in this litigation." Dkt. 1161.

***Third***, if the cases are related, Google requests that the Court extend Google's deadline to respond to the *Luna* complaint until May 12, 2026 and designate *Luna* as the lead action for purposes of briefing

---

[2] This Court has the authority to order consolidation for removal purposes under Federal Rule of Civil Procedure 42, which provides that the Court may "issue any other orders to avoid unnecessary cost or delay" where "actions before the court involve a common question of law or fact," a standard that is clearly met here.

[3] Contrary to Plaintiffs' suggestion, Dkt. 1161, Google does not propose this process in lieu of paying the required filing fees, but only wishes to alleviate the burden the mass filings will impose on this Court and the state court.

6

CASE NO. 4:20-cv-03664-YGR-SVK
**JOINT CASE MANAGEMENT STATEMENT**

Google's response to the Incognito Mass Action complaints, which are substantively identical, such that the parties would prepare a single set of briefs and any orders thereon would apply to each of the Incognito Mass Action complaints. (The Parties have filed an interim Joint Stipulation extending the deadline for Google to respond by May 5, 2026 to the *Luna* complaint and any complaints in the other Superior Court Actions removed by Google on or before April 28, 2026, 5:26-cv-03246 at Dkt. 14). This is similar to the process adopted by the Superior Court, in which the Court designated *Luna* as the lead action for all related cases filed by BSF/MM. *See Luna, et al. v. Google LLC*, Case No. 24CV434093, 2024-11-26 Case Management Order #1 at 1.

Google believes that resolving the initial pleading stage challenges to the Incognito Mass Action complaints in this omnibus manner would be the most efficient path forward, preserve judicial economy, and guard against the risk of inconsistent rulings across materially identical complaints.

### *The Luna Plaintiffs' Position*

For the reasons stated above, the issues regarding the *Luna* Action are not ripe and should not be addressed here. If the Court wishes to address Google's requests at this time, the *Luna* Plaintiffs do not object to extending Google's deadline to respond to the *Luna* complaint until May 12, 2026 and do not object to the Court providing the other guidance that Google seeks. The *Luna* Plaintiffs would be prepared to file a single consolidated complaint to simplify matters if that were acceptable to the Court and if Google stipulated it will not later raise misjoinder arguments. Alternatively, the parties can designate *Luna* as the lead action for purposes of motion practice so that a single set of briefs and any orders thereon may apply to each of the Incognito Mass Action complaints.

DATED: April 24, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice*)

DATED: April 24, 2026

BOIES SCHILLER FLEXNER LLP

By: /s/ *David Boies*
David Boies (*pro hac vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

7   CASE NO. 4:20-cv-03664-YGR-SVK

**JOINT CASE MANAGEMENT STATEMENT**

josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
D. Seth Fortenbery (admitted *pro hac vice*)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice)*
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone:(212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor

8    CASE NO. 4:20-cv-03664-YGR-SVK
**JOINT CASE MANAGEMENT STATEMENT**

COOLEY LLP
AARTI REDDY (274889)
(areddy@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:      +1 415 693 2000
Facsimile:      +1 415 693 2222

*Attorneys for Defendant Google LLC*

Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs*

9                    CASE NO. 4:20-cv-03664-YGR-SVK
**JOINT CASE MANAGEMENT STATEMENT**

**ATTESTATION**

I, Ryan J. McGee, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


DATED:   April 24, 2026                              By:    */s/ Ryan J. McGee*
                                                            Ryan J. McGee

CASE NO. 4:20-cv-03664-YGR-SVK
                                                            **JOINT CASE MANAGEMENT STATEMENT**