UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re Google Assistant Privacy Litigation

Case No. 5:20-cv-03664-BLF

**FILED**

**MAY 19 2026**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

FORMAL OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT; MOTION TO STAY FINAL APPROVAL; AND NOTICE OF PENDENCY OF RELATED INDIVIDUAL FRAUD ACTION

I. STATEMENT OF STANDING AND NOTICE OF RELATED ACTION

1. I, Joshua Keith Kirkley, am a member of the Settlement Class, specifically the Privacy Settlement Class. I have owned and operated Google-made devices and utilized Google Assistant services during the Class Period.

2. NOTICE OF RELATED ACTION:

Objector hereby provides formal notice that on May 11, 2026, he filed an individual complaint against Google LLC in the Northern District of California (Case No. TBA) alleging Fraud on the Court and Deceptive Trade Practices regarding the "September 2026 Roadmap" and the technical inadequacy of the disclosures proposed in this settlement.

This Court should stay final approval of the Google Assistant settlement until the technical fraud alleged in the individual action is resolved.

II. SUMMARY OF OBJECTION

3. The proposed settlement is manifestly inadequate under Rule 23(e). Class Counsel seeks a $68,000,000 fund, of which approximately $22,666,667 is requested for attorneys' fees. In exchange, class members receive a nominal payment estimated between $2.00 and $10.00.

4. This recovery represents a substantial discount on the statutory damages established by federal and state privacy laws. Objector contends the settlement structure prioritizes broad finality for Google LLC and guaranteed compensation for Counsel over the statutory rights of the Settlement Class.

III. GROUNDS FOR OBJECTION

1. Gross Inadequacy Compared to Statutory Floors

5. The claims released by this settlement include allegations arising under the Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2520, and the California Invasion of Privacy Act (CIPA), which provide for statutory damages under certain circumstances.

6. Objector contends that a settlement yielding a $2.00–$10.00 recovery while extinguishing substantially larger statutory claims is structurally unfair. Counsel cannot justify resolving federal wiretapping-related claims for nominal convenience while Google secures a permanent nationwide release of liability.

2. The "September Roadmap" and Illusory Injunctive Relief

7. The settlement relies on business-practice changes regarding disclosures. However, Objector contends these changes do not solve the technical defect of unauthorized "False Accept" recordings.

8. Objector alleges that these disclosures function primarily as a legal shield intended to facilitate Google's global September 2026 Roadmap. Objector further alleges that the revised terms allow Defendant to continue the challenged conduct under a revised consent framework while extinguishing prior liability.

3. Documented Systematic Pattern of Devalued Settlements

9. Objector contends this proceeding reflects a recurring pattern of disclosure-heavy settlements within related privacy litigation.

Taylor v. Google (5:20-cv-07956): Counsel seeks to resolve claims previously associated with an approximate $22.47 per-person valuation, based on the Csupo verdict, for a substantially lower per-person recovery.

In re Google RTB (4:21-cv-02155): Judge Rogers substantially reduced the requested fee award after scrutinizing the valuation assigned to injunctive relief.

4. Disproportionate Fees and Recycled Labor

10. Counsel's request for approximately $22.6 million reflects a settlement structure in which Google does not contest the fee request in exchange for a broad release. Under In re Bluetooth, the Court should scrutinize fee requests that substantially exceed the direct per-capita benefit delivered to the class.

IV. CONCLUSION AND PRAYER FOR RELIEF

11. Objector respectfully requests that the Court:

Deny Final Approval of the settlement;

Stay all proceedings pending the resolution of Objector's individual fraud action regarding the technical reality of the proposed fixes;

Appoint a Technical Auditor to evaluate the corrective disclosures and determine whether they provide actual technical disablement or merely function as a legal liability shield;

Require a detailed audit of the valuation disparity between the proposed class recovery and the underlying statutory claims.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: May 11, 2026

Joshua Keith Kirkley
Rincon, GA 31326

CERTIFICATE OF SERVICE

I, Joshua Keith Kirkley, hereby certify that on May 11, 2026, I served a true and correct copy of the foregoing FORMAL OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT; MOTION TO STAY FINAL APPROVAL; AND NOTICE OF PENDENCY OF RELATED INDIVIDUAL FRAUD ACTION upon the following parties via United States Certified Mail, Return Receipt Requested:

CLERK OF THE COURT
United States District Court, Northern District of California
280 South 1st Street, Room 2112
San Jose, CA 95113

CLASS COUNSEL
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601

COUNSEL FOR GOOGLE LLC
John Nadolenco, Mayer Brown LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: May 11, 2026

Joshua Keith Kirkley
Rincon, GA 31326
912 660 3789
JKKSR5@gmail.com