United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE GOOGLE INCOGNITO CASES.

Related to:

*Gilbert Luna v. Google LLC*, No. 4:26-cv-03246-YGR.

**Case No.: 4:20-CV-03664-YGR**

**ORDER RE CONSOLIDATION OF RELATED MATTERS**

The Court has reviewed and considered the parties' submissions regarding the related cases (Dkt. Nos. 1173, 1177) and their suggestions for consolidation (Dkt. No. 1175). Accordingly, the Court orders as follows.

## I. RELATED CASES

The Court related all cases listed by the parties in their submission on May 15, 2026 (Dkt. No. 1173). (Dkt. No. 1181.) Having reviewed an updated list filed on May 20, 2026 (Dkt. No. 1177), the Court finds that the cases on the supplemental list are also related. The Clerk of the Court is **ORDERED** to relate these cases pursuant to the consolidation instructions below.

## II. CONSOLIDATION

The Court hereby **ORDERS** that the related cases listed in Docket Number 1177 be consolidated, including for discovery and all motions, as follows:

1. The consolidated cases shall all proceed with the same discovery and motion schedule, through and including summary judgment.

United States District Court
Northern District of California

2. Written discovery exchanged and depositions taken in any case shall be made available across all cases and shall be treated as if the discovery or deposition had been exchanged or taken originally in each case.
3. Given her history with the original proceedings, all discovery motions are hereby referred to Magistrate Judge van Keulen.
4. All submissions filed by any party in any Related Incognito (personal damages) Case shall be filed ONLY in the earliest-filed lead case, *Gilbert Luna v. Google LLC*, No. 26-cv-03246-YGR, commencing from the date of this Order, except for any trial specific filings which would be appropriately filed in the action to be tried. Further, all pending motions relating to any such case are deemed withdrawn and terminated without prejudice to refiling in *Luna.*
5. All Incognito (personal damages) Cases shall remain open on the Court's docket as member cases. Regardless, the Court reiterates that all parties' submissions shall be filed exclusively in *Gilbert Luna v. Google LLC*, No. 26-cv-03246-YGR.
6. The parties shall meet and confer to outline a process for moving these actions forward. The Court sets a case management conference for July 13, 2026 at 1:00 P.M. Five business days prior, the parties shall file a joint case management statement which shall address, at a minimum, the issues set forth below:
   a. The process to ensure that all appearing counsel and all pro se parties are added to the service list for the Lead Case, *Gilbert Luna v. Google LLC*, No. 26-cv-03246-YGR; and
   b. All anticipated motions involving similar legal, factual, or discovery issues so that there can be coordination, including with respect to a mutually agreeable same hearing date and consolidated briefing/joinders to avoid redundancy;
   c. As to cross-motions for summary judgment, the parties must comply with this Court's standing order and shall meet and confer in advance to identify core issues to be addressed in a coordinated manner. In general, only one

United States District Court
Northern District of California

motion is allowed per side. Additionally, the Court allows only four briefs for any cross-motion (opening, opposition/cross-motion opening, reply/cross-motion opposition, and reply on cross motion); and

d. Joint proposal for fact sheets.

7. No substantive motion may be filed without Court approval to ensure coordination and efficiency.

## III. PLEADING PROCESS

The parties disagree on the process and legal requirements for pleadings in this action. As discussed more fully on the record at the May 1, 2026 conference, the Court will not entertain 12(b)(6) motions on any of the issues disposed of in *Brown v. Google*, No. 20-CV-03664-YGR. Google has agreed not file any such motion. (Dkt. No. 1175 at 6:20-23.)

However, Google is correct that while "absent class members do not plead claims in class action complaints," here, plaintiffs cannot be held to that lower standard because no class has been certified. Therefore, plaintiffs must provide notice to Google such that it can assess plaintiffs' claims, including the scope of injury and nature of damages to meet the pleading requirements for each of their claims.

***SHORT FORM COMPLAINT***

The parties agree that each short form complaint for each individual plaintiff with claims pending in federal court should incorporate the claims from *Brown* and plead basic demographic and Google account information. (Dkt. No. 1175.) The parties disagree on whether the following two categories should also be included: (1) website examples and (2) awareness of a marketplace. The parties' proposals also differ on whether to include each plaintiff's age at the time of filing, city and state where Incognito was primarily used, dates of use, and type of injuries caused.

The Court finds Google's argument with respect to the website examples more persuasive. Without knowledge of at least the type of website visited by each plaintiff, neither Google nor the Court will have the information needed to determine the nature of appropriate damages. Therefore, the Court finds that a general description of the types of websites each plaintiff visited is necessary at this stage.

On the second issue, plaintiffs persuade. Google argues that each plaintiff must plead awareness of a marketplace to sell personal data, because it "is a key issue for determining economic injury for purposes of statutory standing and whether Plaintiffs have sufficiently alleged contract damages." (*Id.* at 8:2-4.) The Court disagrees and notes that the standing issue was raised in Google's Motion to Dismiss, but only as to the UCL claims. Neither party suggests that this issue would arise as to plaintiff's other claims. Further, Judge Koh discussed this issue in the *Brown* case in her Order Denying Google's Motion to Dismiss (Dkt. No. 363). The order explains that "the California Supreme Court has held that there are innumerable ways in which economic injury from unfair competition may be shown" and that the *Brown* allegations (which will be incorporated in these consolidated cases) "establish at least two cognizable theories of economic injury." (*Id.* at 25-26) (cleaned up).

Although the named plaintiffs in *Brown* did specifically allege awareness of a marketplace, there is no legal requirement that plaintiffs make such an allegation to survive a motion to dismiss. In *Calhoun v. Google LLC*, Judge Koh explained that the "Ninth Circuit and a number of district courts, including this Court, have concluded that plaintiffs who suffered a loss of their personal information suffered economic injury and had standing." 526 F. Supp. 3d 605 (N.D. Cal. 2021); *see also In re Marriott Int'l, Inc., Cust. Data Sec. Breach Litig.*, 440 F. Supp. 3d 447, 461 (D. Md. 2020) ("[T]he growing trend across courts that have considered this issue is to recognize the lost property value of this information."); *In re Yahoo! Inc. Cust. Data Sec. Breach Litig.*, 2017 WL 3727318, at *13 (N.D. Cal. Aug. 30, 2017) (holding that plaintiffs had adequately alleged injury in fact based on the loss of value of their personal information); *In re Anthem Inc. Data Breach Litig.*, 2016 WL 3029783, at *14 (N.D. Cal. May 17, 2016) (concluding that the plaintiffs had plausibly alleged injury from the loss of value of their personal information).

As to the remaining disagreements, the Court finds as follows:

1. Each plaintiff shall disclose whether the plaintiff was a minor when their injury occurred and at what point the plaintiff reached the age of majority;
2. Each plaintiff shall identify the state where each plaintiff's injury occurred as it is relevant both for selecting bellwethers and determining whether California law applies;

3. As discussed above, each plaintiff shall provide sufficient allegations to put Google on notice of the nature of the injury and potential damages.

The Court provides in Attachment A to this Order a revised short form complaint that incorporates the information required, as discussed above. Plaintiffs are **ORDERED** to file short form complaints for each plaintiff in the related cases referenced above (listed in Dkt. No. 1177), and in the manner described above for consolidated cases, by no later than September 8, 2026.[1]

**IT IS SO ORDERED.**

This Order terminates Dkt. Nos. 1156 & 1157[2].

Date: June 22, 2026

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

[1] Defendant has informed the Court that it does not intend to remove any additional cases. However, if any new cases are filed after August 5, 2026, plaintiffs' counsel may file a short form complaint up to 14 days after notice of removal.

[2] Docket Number 1157 is terminated as moot.